UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
_____)
This Document Relates To: )
)
FAITH GORDON v. BRANCH BANKING )
& TRUST CO., ) CASE 1:09-CV-23067-JLK
)
_____)

FILED by _____ D.C.
OCT 16 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## BB&T'S MOTION TO RECONSIDER

1.

Branch Banking and Trust Company ("BB&T) hereby moves this Court to reconsider the Order entered in this case on October 2, 2009 ("the Order"), to compel arbitration of all Plaintiff's claims, and to dismiss Plaintiff's claims. In support of this Motion, BB&T relies upon the arguments and supporting authorities set forth in its contemporaneously-filed Memorandum of Law in Support of Motion to Reconsider, its S.D. Fla. Local Rule 7.1(F) Affidavit, and the Declarations of Lorie Shinault and Jennifer Corn.[1]

---

[1] BB&T also intends to file a notice of appeal from the Order, and to pursue that appeal if the relief requested in this Motion to Reconsider is denied.

2.

This case is currently before the Court as a result of the order, dated October 7, 2009, of the Judicial Panel on Multi-District Litigation. Prior to transfer to this Court, this case was pending in the Northern District of Georgia.

3.

Prior to transfer, BB&T moved the transferror Court to enforce the arbitration provision of BB&T and Plaintiff's Bank Services Agreement, pursuant to Sections 3 and 4 of the Federal Arbitration Act 9 U.S.C. §§ 3, 4 (2000). That motion requested dismissal of Plaintiff's complaint, pursuant to Rule 12(b)6, because all of the claims were arbitrable. The transferor Court denied BB&T's request for a hearing on that motion.

4.

The transferor Court, in the Order, denied that motion on the grounds that the arbitration clause was substantively unconscionable and therefore unenforceable. For the reasons set forth in the attached Memorandum of Law, that Order was in error. Those reasons include disregard of controlling Georgia authority, misapplication of Eleventh Circuit case law, misallocation of the burden of proof of unconscionability, and factual findings unsupported by the record. Additionally, the Court did not have before it evidence that bears on the unconscionability of that is included for review with this Motion. Because arbitrability is a threshold issue, and because of additional

evidence submitted in support of this Motion, it is especially important for this Court to reconsider the Order.

5.

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1.A(3)

Defendant has contacted counsel for Plaintiff Mr. Adam Webb, and Mr. Webb has stated that he opposes the relief requested.

Respectfully submitted this 15th day of October, 2009.

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: _____
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No. 042575
David B. Darden
Georgia Bar No. 250341
Eric Jon Taylor
Georgia Bar No. 699966

1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
(404) 523-5300
wholley@phrd.com
nbaughan@phrd.com
ddarden@phrd.com
mewing@phrd.com

Attorneys for Branch Banking and and Trust Company

3