UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

_____

THIS DOCUMENT RELATES TO:

*Mike Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 09-21681-JLK
N.D. Cal. Case No. 08-05101

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO RENEWED,
INDEPENDENT MOTION OF DEFENDANT CITIBANK, N.A. TO DISMISS
<u>PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)</u>**

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | CITIBANK'S STANDING ARGUMENT IS PREDICATED ENTIRELY ON EXHIBIT A TO THE MEDICI DECLARATION, WHICH SHOULD BE STRICKEN | 1 |
| III. | MR. AMRHEIN ADEQUATELY ALLEGES ARTICLE III STANDING | 2 |
| IV. | SHOULD THE COURT FIND THAT MR. AMHREIN LACKS STANDING, LEAVE TO SUBSTITUTE A CLASS REPRESENTATIVE WITH STANDING SHOULD BE GRANTED | 3 |
| V. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

Page

## CASES

*Birmingham Steel Corp. v. Tennessee Valley Authority*,
   353 F.3d 1331 (11th Cir. 2003) .................................................................................... 4

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*,
   116 F.3d 1364 (11th Cir. 1997) ............................................................................... 1, 3

*Cabrera v. 27 of Miami Corp.*,
   2009 U.S. Dist. LEXIS 64278 (S.D. Fla. July 13, 2009) ........................................... 1

*Lewis v. Asplundh Tree Expert Co.*,
   305 Fed. Appx. 623 (11th Cir. 2008) ...................................................................... 1, 2

## RULES

Federal Rules of Civil Procedure
   Rule 12(b)(1) ............................................................................................................... 1
   Rule 12(b)(6) ............................................................................................................... 1

## TREATISES

1 *Newberg on Class Actions*
   § 3:19 (4th ed.) .......................................................................................................... 4

3 *Newberg on Class Actions*
   § 7.47 (4th ed.) ........................................................................................................... 4

*Manual for Complex Litigation, Fourth*
   § 21.36 (Federal Judicial Center 2004) ..................................................................... 4

I. INTRODUCTION

Plaintiff opposes the supplemental motion to dismiss and supporting memorandum of law to dismiss filed by Citibank, N.A. ("Citibank"). [DE 228]. For the reasons set forth below, Citibank's motion should be denied.[1]

II. **CITIBANK'S STANDING ARGUMENT IS PREDICATED ENTIRELY ON EXHIBIT A TO THE MEDICI DECLARATION, WHICH SHOULD BE STRICKEN**

"As a general rule, the district court must 'limit[] its consideration to the pleadings and exhibits attached thereto' when deciding a Rule 12(b)(6) motion to dismiss." *Lewis v. Asplundh Tree Expert Co.*, 305 Fed. Appx. 623, 627 (11th Cir. 2008) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)). *See also Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (*per curiam*). Indeed, when deciding a motion to dismiss, "the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits." *Cabrera v. 27 of Miami Corp.*, 2009 U.S. Dist. LEXIS 64278 (S.D. Fla. July 13, 2009).

Citibank's standing argument is predicated entirely on the contents of Exhibit A (Dkt. No. 228-2) to the Declaration of Luiz Medici ("Medici Decl.," Dkt. No. 228-1). *See* Citibank Mem. at 3-4, 6-7. These documents are not attached to or incorporated by reference in Mr. Amrhein's complaint.[2] In fact, Exhibit A did not even *exist* until Citibank created it

---

[1] For the sake of brevity, we incorporate by reference plaintiffs' memorandum in opposition to defendants' omnibus motion to dismiss and/or for judgment on the pleadings, being filed contemporaneously herewith.

[2] We refer to this action and the operative complaint consistent with the terminology used in plaintiffs' memorandum in opposition to the omnibus motion, namely, *Amrhein*, TAC.

especially for the purpose of supporting the instant motion. As Ms. Medici explains in her declaration:

> To prepare Exhibit A, I accessed and reviewed copies of the account statements that were made available to Amrhein, and then reviewed electronic account records for Amrhein's account to locate the challenged transactions and trace the overdraft activity. This was a manual, account-specific process, which included matching the transactions to merchant information retrieved by Citibank's technology personnel from historical account records, as was the preparation of Exhibit A itself, which was performed at my direction by another Citibank employee, Oana Garcia.

Medici Decl., ¶ 4.

This "document," which did not even exist until multiple Citibank personnel – some of them as yet unidentified – created it for use with this motion to dismiss, using an unexplained "manual, account specific process," may not be considered on a motion to dismiss. *Lewis*, 305 Fed. Appx. at 627. As Citibank's supplemental motion is based entirely on this document, it should be denied on this ground alone.

### III.   MR. AMRHEIN ADEQUATELY ALLEGES ARTICLE III STANDING

Citibank argues that Mr. Amrhein lacks Article III standing because his injury is not traceable to Citibank. Citibank Mot. at 6. The complaint plainly alleges, however, that "Citibank charged Mr. Amrhein multiple overdraft fees. For example, based on information and belief, Plaintiff was charged two overdraft fees on September 27, 2008, in the amount of $30 each, for a total of $60 . . . If Citibank had not manipulated and reordered Mr. Amrhein's transactions from highest to lowest, he would have incurred only one overdraft fee instead of two overdraft fees." *Amrhein*, TAC ¶¶ 66-67. Therefore, under the pleading standard contended for by Citibank, Mr. Amrhein adequately alleges Article III standing by asserting "general factual allegations of injury resulting from the defendant's conduct." *See* Citibank Mot. at 4 ("In order

to establish standing, a plaintiff must state at least 'general factual allegations of injury resulting from the defendant's conduct.'").

Citibank contends that Mr. Amrhein's injury is not traceable to it because the injury is attributable to the merchants' practices, not Citibank's. *Id*. at 5. More specifically, Citibank argues that "[t]he full amounts of Amrhein's gasoline transactions posted to his account on February 26, 2008, after the merchants submitted them." *Id*. at 7 (emphasis in original). The question of whether Mr. Amrhein's damages are attributable to the merchants' practices or Citibank's is a disputed issue of fact that cannot be decided on a motion to dismiss. Rather, plaintiff should be permitted to conduct discovery regarding this issue.[3]

Taking plaintiff's allegations as true and in the light most favorable to plaintiff, Citibank's motion must be denied. *See e.g., Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[F]or the purposes of the motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true.")

### IV. SHOULD THE COURT FIND THAT MR. AMHREIN LACKS STANDING, LEAVE TO SUBSTITUTE A CLASS REPRESENTATIVE WITH STANDING SHOULD BE GRANTED

Should the Court find Mr. Amrhein lacks standing despite his clear allegations against Citibank, based on Ms. Medici's improperly submitted declaration and the newly-created

---

[3] Citibank also argues that the Bank does not cloak available balance information because "[t]he $1.00 'holds' processed in connection with the gasoline purchases were available to Amrhein for electronic viewing after the transactions occurred." *Id*. at 7. This argument either misconstrues or misunderstands Plaintiff's allegations. Plaintiff alleges that "Citibank provides inaccurate balance information to its customers though its electronic network. In certain cases, Citibank informs its customers that they have a positive balance when, in reality, they have a negative balance, despite Citibank's actual knowledge of outstanding debits and transactions." *Amrhein* Complaint, ¶ 48. Plaintiff also alleges that despite Citibank's knowledge of outstanding transactions which have created a negative balance, the Bank approves—rather than declines— subsequent debit card transactions and other purchases. *Id*. at ¶ 49.

documents it contains, leave should be granted to substitute Mr. Amrhein with a new class representative.

Indeed, the leading treatise, *Newberg on Class Actions,* notes that if a class representative is found to lack standing to represent a proposed class, courts should permit additional class representatives to be added in order to cure the lack of standing. 3 *Newberg on Class Actions*, § 7.47 (4th ed.). *See also* 1 Newberg § 3:19 ("an alternative representative may be appointed for the issues on which the plaintiff lacks standing."). As the authoritative *Manual for Complex Litigation, Fourth* (Federal Judicial Center, 2004) states, "courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements." *Id.* § 21.36.

The case of *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331 (11th Cir. 2003), is instructive. There, the Eleventh Circuit reversed and remanded the district court's decertification of a class of plaintiffs where the named plaintiff had lost standing by filing for bankruptcy because the class definition specifically excluded entities that had filed for bankruptcy. *Id.* The court found that "while a loss of standing might justify dismissal of the named plaintiff as a representative, it did not necessarily call for the simultaneous dismissal of the class action. Rather . . . under the circumstances before it, the district court erred in dismissing the case without first giving an opportunity for intervention of a newly named plaintiff who would have standing to pursue.

A suitable, substitute class representative whose transactions do not present the issues raised by Citibank in its motion to dismiss has already contacted counsel for plaintiffs. Accordingly, should the Court find that Mr. Amrhein lacks standing, the proper approach is to permit the substitution of Mr. Amrhein by a member of the proposed Citibank class.

## V.     CONCLUSION

Citibank's motion should be denied because Citibank's motion is predicated entirely on improperly submitted documents that did not previously exist; because Mr. Amrhein has adequately alleged that Citibank caused him injury; and because the proper course is not to dismiss the action, but permit the substitution of Mr. Amrhein by a member of the proposed Citibank class if the Court finds that Mr. Amrhein lacks standing.

Dated: February 5, 2010

                                                    Respectfully submitted,

                                                    /s/ *Bruce S. Rogow*
                                                    Bruce S. Rogow, Esquire
                                                    Florida Bar No. 067999
                                                    bruce@abbrclaw.com
                                                    Robert C. Gilbert, Esquire
                                                    Florida Bar No. 561861
                                                    bobby@abbrclaw.com
                                                    ALTERS BOLDT BROWN  RASH &
                                                    CULMO, P.A.
                                                    4141 N.E. 2nd Avenue
                                                    Miami, Florida 33137
                                                    Tel:  (305) 571-8550
                                                    Fax:  (305) 571-8558

                                                    *Lead Counsel for Plaintiff*

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382


/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
adam@webllc.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
flemond@webbllc.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ *Ruben Honik*
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
GOLUMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ *Barry R. Himmelstein*
Barry R. Himmelstein, Esquire
California Bar No. 157736
bhimmelstein@lchb.com
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
Mikaela Bernstein, Esquire
California Bar No. 261301
mbernstein@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 39th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000
Fax: 415-956-1008


/s/ *Ted E. Trief*
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946


*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
bobby@abbrclaw.com