UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:09-md-02036-JLK

| | |
|---|---|
| In Re:<br><br>CHECKING ACCOUNT OVERDRAFT<br>LITIGATION<br><br>MDL No. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Mike Amrhein v. Citibank, N.A.*<br>S.D. Fla. Case No. 09-21681-JLK<br>N.D. Cal. Case No. 08-05101 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF RENEWED, INDEPENDENT MOTION OF
DEFENDANT CITIBANK, N.A. TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

I.      INTRODUCTION

The Opposition only confirms that Amrhein cannot establish causation or standing on the instant claims against Citibank and that this action must be dismissed against Citibank.[1]  Indeed, Exhibit A to the Medici Declaration is properly before the Court, and Amrhein has no response to the conclusion that must be drawn from it -- i.e., Amrhein's overdraft fees were caused by the conduct of third-party gasoline merchants, not Citibank.  Therefore, Amrhein cannot trace any purported harm to Citibank, and his claims fail for lack of causation and standing.

Moreover, the Court should be skeptical of Amrhein's contention that some unidentified individual stands ready to serve as a substitute named plaintiff.  This action has been pending against Citibank since November 7, 2008, and Citibank first filed this motion on July 7, 2009.  This Court denied the motion without prejudice on August 10, 2009, following transfer, and Citibank merely re-files it now in accord with the Scheduling Order (the "Order").  Further, this Court previously permitted the filing of the Amended Complaint, pursuant to the Order, on October 16, 2009.  Because Amrhein has known of Citibank's challenge to causation and standing for more than seven months, and enjoyed an opportunity to amend, he already should have named a substitute plaintiff.  Having failed to do so, the action simply cannot go forward against Citibank.

II.     ARGUMENT

   A.      **The Court Properly May Consider Exhibit A To Dispose Of Amrhein's Claims.**

The Court need not credit Amrhein's challenge to Exhibit A for a straightforward reason: He does not (and could not) dispute the contents.  In fact, Exhibit A merely reflects what is true about Amrhein's central allegations in the Amended Complaint.  Third-party gasoline merchants

- 1 -

imposed $1.00 "hold" amounts on his transactions, which caused him to overdraft his account. See, e.g., Horsley v. Feldt, 304 F. 3d 1125, 1134 (11th Cir. 2002) (stating that a document attached to a motion to dismiss may be considered if it is central to the plaintiff's claim and its authenticity is not challenged); Harris v. Ivax Corp., 182 F. 3d 799, 802 n.3 (11th Cir. 1999) (stating that a "document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

Furthermore, Citibank moves to dismiss not only under Rule 12(b)(6) for failure to state a claim, but also under Rule 12(b)(1) for lack of standing and, thus, lack of subject matter jurisdiction. The Court therefore may consider Exhibit A as extrinsic evidence. See, e.g., Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) ("Factual attacks" under Rule 12(b)(1) "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'") (citation omitted); Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999) (stating that, "in a factual attack," "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims") (quoting Lawrence, 919 F.2d at 1529); Morrison v. Amway Corp., 323 F.3d 920, 924-25 & n.5 (11th Cir. 2003) (under Rule 12(b)(1), the court "is free to independently weigh facts" and "consider extrinsic evidence"); see also Ord v. Dist. of Columbia, 587 F.3d 1136, 1140 (D.C. Cir. 2009) (affirming district court's consideration of affidavits on motion to dismiss under 12(b)(1) for lack of Article III standing).[2]

---

[1] All terms are used herein as defined in the Motion, unless otherwise noted.
[2] If the Court determines that the standing challenge implicates the merits of Amrhein's claims, it also may treat the motion as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d); Lawrence, 919 F.2d at 1530.

- 2 -

LA 51236008

Here, whether viewed in the context of causation or standing, Exhibit A defeats Amrhein's claims. Amrhein refers in the Amended Complaint to specific transactions that allegedly posted to his account on February 26, 2008. According to Amrhein, Citibank delayed posting those transactions when they occurred, instead posting them all on one day and in the order of highest-to-lowest dollar amount. (Amended Complaint ¶ 43.) Amrhein therefore supposedly was deceived about the "true" balance in his account -- i.e., because Citibank did not post the transactions when they occurred. (Id.) Exhibit A reflects, however, that: (1) Citibank did not delay posting the transactions; (2) the merchants processed initial $1.00 hold amounts and then processed the full amounts several days later; and (3) the transactions, reflecting the $1.00 hold amounts processed by the merchants, were displayed and available for Amrhein to view through Citibank's website.

Again, Amrhein does not contest whatsoever the accuracy of the facts depicted in Exhibit A, which are dispositive on the issues of causation and standing. Hence, Amrhein's claims against Citibank are defeated.

### B. The Court Should Not Grant Leave To Locate A Substitute Class Representative.

As explained above, if a substitute named plaintiff had been found, the amendment already would have been made, and the Court should not now grant further leave. Notably, this is not a situation where an intervening circumstance has made Amrhein an unsuitable class representative. Amrhein had no viable claim to pursue for himself when this action was filed in 2008. Thus, as a matter of law, Amrhein is not entitled to keep this action alive for the purpose of locating a substitute plaintiff. See, e.g., Grant ex rel. Family Eldercare v. Gilbert, 324 F. 3d 383, 390 (5th Cir. 2003) ("A plaintiff who never had standing to pursue the full claims of the class lacks a personal stake in litigating certification; therefore, the class claims are moot.");

- 3 -

Labora v. MCI Telecommc'ns, No. 98-1073-CIV, 1998 WL 1572719, at *3 (S.D. Fla. Jul. 20, 1998) ("If the claim of the class action plaintiff is moot, the action must be dismissed under Fed. R. Civ. P. 12(b)(1)."); see also Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1339 n.6 (11th Cir. 2000) (stating that the "fact that this suit was brought as a class action does not affect the plaintiffs' burden of showing that they individually satisfy the constitutional requirements of standing"); Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987) ("It is well settled that at the time a plaintiff brings suit he must have standing to prosecute his claim.")

### III.   CONCLUSION

For the foregoing reasons and those set forth in the Motion, Citibank respectfully requests that the Court grant the Motion and enter an order dismissing the Amended Complaint with prejudice and without leave to amend.

Dated:  February 19, 2010                             Respectfully submitted,


                                        */s/ Lisa M. Simonetti*
JULIA B. STRICKLAND
(*pro hac vice*)
jstrickland@stroock.com
LISA M. SIMONETTI
(*pro hac vice*)
lsimonetti@strook.com
A. R. KACHADOORIAN
(*pro hac vice*)
akachadoorian@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
Tel:  (310) 556-5800
Fax:  (310) 556-5959

Attorneys for Defendant
   CITIBANK, N.A.

LA 51236008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and any pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

          ___/s/_Lisa M. Simonetti_____
          Stroock & Stroock & Lavan LLP