UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF MOTION TO CLARIFY COURT'S MARCH 11, 2010 ORDER RULING ON OMNIBUS MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS**

|  |  |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>*Tornes, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK<br><br>*Yourke, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21963-JKL<br>N.D. Cal. Case No. 3:09-cv-2186<br><br>*Amrhein v. Citibank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21681-JLK<br>N.D. Cal. Case No. 4:08-cv-05101-SBA<br><br>*Gulley v. Huntington Bancshares, Inc.*<br>S.D. Fla. Case No. 1:09-cv-23514-JLK<br>W.D. Mi. Case No. 1:09-cv-00880-JTN<br><br>*Lopez, et al. v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK<br><br>*Luquetta v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| *Speers v. U.S. Bank, N.A.* <br> S.D. Fla. Case No. 1:09-23126-JLK | ) <br> ) <br> ) <br> ) |
| *Waters, et al. v. U.S. Bank, N.A.* <br> S.D. Fla. Case No. 1:09-23034-JLK <br> N.D. Cal. Case No. 3:09-cv-2071 | ) <br> ) <br> ) <br> ) |
| *Larsen v. Union Bank, N.A.* <br> S.D. Fla. Case No. 1:09-cv-23235-JLK <br> N.D. Cal. Case No. 4:09-cv-3250 | ) <br> ) <br> ) <br> ) |
| *Garcia, et al. v. Wachovia Bank, N.A.* <br> S.D. Fla. Case No. 1:08-cv-22463-JLK | ) <br> ) <br> ) |
| *Spears-Haymond v. Wachovia Bank, N.A.* <br> S.D. Fla. Case No. 1:09-cv-21680-JLK <br> N.D. Cal. Case No. 3:08-cv-4610 | ) <br> ) <br> ) <br> ) |
| *Dolores Gutierrez v. Wells Fargo Bank, N.A.* <br> S.D. Fla. Case No. 1:09-cv-23685-JLK <br> D. Or. Case No. 3:09-cv-01239-ST | ) <br> ) <br> ) <br> ) |
| *Martinez v. Wells Fargo Bank, N.A.* <br> S.D. Fla. Case No. 1:09-cv-23834 <br> D.N.M. Case No. 6:09-cv-01072-GBW-ACT | ) <br> ) <br> ) <br> ) |
| *Zankich, et al. v. Wells Fargo Bank, N.A.* <br> S.D. Fla. Case No. 1:09-cv-23186-JLK <br> W.D. Wash. Case No. C-08-1476-RSM | ) <br> ) <br> ) <br> ) |

## TABLE OF CONTENTS

Page

REPLY IN SUPPORT OF MOTION FOR CLARIFICATION ....................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.     INTRODUCTION ................................................................................................... 1

    II.    DEFENDANTS' MOTION FOR CLARIFICATION IS WELL-TAKEN ................... 2

    III.   PLAINTIFFS ARE UNABLE TO POINT TO ANY LINK IN THE COMPLAINTS BETWEEN THE OTHER BUSINESS PRACTICES AND THESE NAMED PLAINTIFFS ........................................................................... 3

CONCLUSION ............................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .....................................................................................................3, 4

**STATUTES AND RULES**

Fed. R. Civ. P. 8(a) .................................................................................................................4

**REPLY IN SUPPORT OF**
**MOTION FOR CLARIFICATION**

Defendants Bank of America, N.A., Citibank, N.A., The Huntington National Bank, Huntington Bancshares Incorporated, JPMorgan Chase Bank, N.A., Union Bank, N.A., U.S. Bank, N.A., Wachovia Bank, N.A., and Wells Fargo Bank, N.A. (collectively "Defendants") respectfully submit this Reply Brief in support of their Motion for Clarification of the Court's March 11, 2010 Order ("Order") on Defendants' Omnibus Motion to Dismiss ("Omnibus Motion").

**ARGUMENT**

**I.    INTRODUCTION**

Plaintiffs make two basic arguments in opposition to the instant Motion for Clarification. Neither argument has any merit.

First, Plaintiffs argue that the Motion for Clarification is actually a motion for reconsideration. They are wrong. The fact is that the Order on the Omnibus Motion did *not* clearly or directly address the issue Defendants had raised of the sufficiency of the Plaintiffs' allegations regarding business practices other than posting order and related overdraft fees. And Plaintiffs are unable in their opposition to cite any place in the order where the Court did squarely rule on that. Hence, a motion for clarification is a proper vehicle to secure a clear ruling on the sufficiency of those allegations.

Second, Plaintiffs contend that the operative complaints contain adequate allegations with respect to business practices other than posting order and overdraft fees. Yet Plaintiffs' manifest inability in their opposition to cite *any* specific allegations linking such other business practices to any particular named plaintiff, or any particular transactions they engaged in, or any particular

- 1 -

harm they suffered, proves Defendants' point. Before Defendants and the Court should have to address the case-expanding allegations regarding business practices other than posting order and resulting overdraft fees, Plaintiffs must allege specific facts showing that named plaintiffs in these cases were actually harmed by such practices, just as Plaintiffs do already with respect to their posting order allegations. The motion is meritorious and should therefore be granted.

## II.     DEFENDANTS' MOTION FOR CLARIFICATION IS WELL-TAKEN

Defendants properly bring this motion because the Court did not squarely or explicitly rule on the arguments they presented in their Omnibus Motion. Defendants included a separate section in their Omnibus Motion dealing with the sufficiency of the other business practices allegations in the complaints. That was the only section without any counterpart in Plaintiffs' opposition to the Omnibus Motion, and the only section the Court did not directly rule on in the Order.

Plaintiffs do not seriously contend otherwise, despite quarreling with the title of the present motion. Plaintiffs cite pages 5-8 of the Order (Opp. at 20), but in those pages of the Order the Court was reciting Plaintiffs' assertions in the pleadings, not ruling on their sufficiency. Plaintiffs likewise refer to pages 10, 16, 22, 23, 25, 29, and 40 of the Order (*id.*), but those pages either are silent on non-posting business practices (*e.g.* Order at 40); or refer to allegations in other cases, not part of this MDL (*e.g. id.* at 22-23, discussing *Gutierrez* and *White*); or simply repeat Plaintiffs' conclusory allegations without discussing their sufficiency (*e.g. id.* at 10, 16, 25, 29). Plaintiffs are thus demonstrably unable to cite any place in the Order at which the Court squarely determined the sufficiency of the allegations regarding any business practice other than posting order and resulting overdraft fees.

The issue of whether and what other business practices, if any, are part of these suits is one of great significance, because it determines the scope of this litigation and, derivatively, the

scope of discovery, motions, and other proceedings. However the motion is denominated, Defendants are correct that the Order does not clearly decide the issue or directly address the parties' arguments concerning the issue. Hence, Defendants (and the parties generally) are entitled to clarification.

### III.   PLAINTIFFS ARE UNABLE TO POINT TO ANY LINK IN THE COMPLAINTS BETWEEN THE OTHER BUSINESS PRACTICES AND THESE NAMED PLAINTIFFS

In fact, Plaintiffs have nowhere alleged facts showing that the named plaintiffs, or any of them, were victims of, or injured by, any business practice other than posting order and resulting overdraft fees and, therefore, that they have standing to challenge any such business practices. Moreover, in the absence of an explicitly alleged link between specific named plaintiffs and injury resulting from the other purported business practices, Plaintiffs have failed to satisfy the pleading requirements articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), as this Court itself previously recognized in ruling on Chase's separate motion to dismiss with respect to WAMU. (*See* Order at 46-47.) Faced with such contentions, Plaintiffs bore the burden of pointing to concrete averments in the operative pleadings satisfying these criteria.

They cannot do so. Instead, Plaintiffs play a numbers game. As they did at the hearing on the Omnibus Motion, Plaintiffs purport to cite numerous paragraphs in the complaints that supposedly contain such allegations. However, a review of the cited paragraphs reveals that they either describe the other business practices in abstract terms or assert in conclusory fashion that plaintiffs were harmed; they do not even begin to properly supply the missing factual link between particular named plaintiffs and injury they allegedly suffered from those practices. These conclusory averments concerning other business practices stand in stark contrast to the detailed allegations in the very same pleadings relating to posting order.

The fact that there may be a dozen or more paragraphs containing purely conclusory allegations does not create or supply the needed specificity or satisfy the mandatory pleading requirements of Rule 8(a).  *See Iqbal,* 129 S. Ct. at 1949 (a complaint that merely "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' will not do" (quoting *Twombly*, 550 U.S. at 555).  Plaintiffs cannot cure this deficiency by aggregating any number of conclusory averments:  the sum total of multiple conclusory allegations is still a set of conclusory allegations.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in the moving papers, the Court should grant Defendants' Motion for Clarification and rule that the complaints should be dismissed to the extent they purport to assert claims based upon any business practice other than posting order and resulting overdraft fees.

| | |
|---|---|
| Dated:  May 3, 2010 | Respectfully submitted, |
| | |
| J. RANDOLPH LIEBLER | s/ Laurence J. Hutt |
| Florida Bar No. 0507954 | LAURENCE J. HUTT (*pro hac vice*) |
| jrl@lgplaw.com | Lawrence.Hutt@aporter.com |
| LIEBLER GONZALEZ & | CHRISTOPHER S. TARBELL (*pro hac vice*) |
| PORTUANDO, P.A. | Christopher.Tarbell@aporter.com |
| 2500 Courthouse Tower | ARNOLD & PORTER LLP |
| 44 West Flagler Street | 777 S. Figueroa Street, 44th Floor |
| Miami, Florida 33130 | Los Angeles, California  90017-5844 |
| Tel:  (305) 379-0400 | Tel:  (213) 243-4000 |
| Fax:  (305) 379-9626 | Fax:  (213) 243-4199 |
| | |
| Attorneys for Defendant | Attorneys for Defendant |
| BANK OF AMERICA, N.A. | BANK OF AMERICA, N.A. |
| | |
| JULIA B. STRICKLAND (*pro hac vice*) | s/ Rebecca J. Williams |
| jstrickland@stroock.com | REBECCA J. WILLIAMS |
| LISA M. SIMONETTI (*pro hac vice*) | Florida Bar No. 403733 |
| lsimonetti@strook.com | rwilliams@strook.com |
| A.R. KACHADOORIAN (*pro hac vice*) | STROOCK & STROOCK & LAVIN LLP |
| akachadoorian@stroock.com | 200 South Biscayne Boulevard, Suite 3100 |
| STROOCK & STROOCK & LAVIN LLP | Miami, Florida  33131 |
| 2029 Century Park East, Suite 1800 | Tel:  (305) 358-9900 |
| Los Angeles, California  90067-3086 | Fax:  (305) 789-9302 |
| Tel:  (310) 556-5800 | |
| Fax:  (310) 556-5959 | |
| | |
| Attorneys for Defendant | Attorneys for Defendant |
| CITIBANK, N.A., for itself and as successor to CITIBANK (WEST), FSB, and CITIBANK F.S.B. | CITIBANK, N.A., for itself and as successor to CITIBANK (WEST), FSB, and CITIBANK F.S.B. |

A. STEPHEN HUT, JR. (*pro hac vice*)
steve.hut@wilmerhale.com
MICHELLE OGNIBENE (*pro hac vice*)
michelle.ognibebe@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C.  20006
Tel:  (202) 663-6000
Fax:  (212) 663-6363

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

s/ Christopher R. Lipsett
CHRISTOPHER R. LIPSETT (*pro hac vice*)
chris.lipsett@wilmerhale.com
DAVID S. LESSER (*pro hac vice*)
david.lesser@wilmerhale.com
ALAN E. SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, New York  10022
Tel:  (212) 230-8851
Fax:  (212) 230-8888

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

s/ John B. Sullivan
JOHN B. SULLIVAN (*pro hac vice*)
jbs@severson.com
JAN T. CHILTON (*pro hac vice*)
jtc@severson.com
MARK D. LONERGAN (*pro hac vice*)
mdl@severson.com
PETER H. BALES (*pro hac vice*)
phb@severson.com
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California  94111
Tel:  (415) 398-3344
Fax:  (415) 956-0439

Attorneys for Defendant
UNION BANK, N.A.

s/ Martin C. Bryce, Jr.
ALAN S. KAPLINSKY
kaplinsky@ballardspahr.com
MARTIN C. BRYCE, JR.
bryce@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel:  (215) 665-8500
Fax:  (215) 864-8999


Attorneys for Defendants
HUNTINGTON BANCSHARES
INCORPORATED and THE HUNTINGTON
NATIONAL BANK

- 6 -

| | |
|---|---|
| s/ Barry R. Davison | s/ James R. McGuire |
| BARRY R. DAVIDSON | JAMES R. McGUIRE (*pro hac vice*) |
| Florida Bar No. 107678 | jmcguire@mofo.com |
| bdavidson@hunton.com | MORRISON FOERSTER LLP |
| JAMIE ZYSK ISANI | 425 Market Street |
| Florida Bar No. 728861 | San Francisco, California  94105 |
| jisani@hunton.com | Tel:  (415) 268-7013 |
| HUNTON & WILLIAMS LLP | Fax:  (415) 268-7255 |
| 1111 Brickell Avenue, Suite 2500 | |
| Miami, Florida  33131 | SYLVIA RIVERA (*pro hac vice*) |
| Tel: (305) 810-2500 | srivera@mofo.com |
| Fax: (305) 810-2460 | MORRISON & FOERSTER LLP |
| | 555 West Fifth Street, Ste. 3500 |
| Attorneys for Defendant | Los Angeles, California 90013-1024 |
| WACHOVIA BANK, NATIONAL ASSOCIATION | Tel. (213) 892-5200 |
| | Fax (213) 892-5454 |

Attorneys for Defendants
U.S. BANK, N.A. and
WACHOVIA BANK, NATIONAL ASSOCIATION

| | |
|---|---|
| | s/ Sonya D. Winner |
| AMY S. RUBIN | SONYA D. WINNER (*pro hac vice*) |
| Florida Bar No. 476048 | SWinner@cov.com |
| arubin@foxrothschild.com | DAVID M. JOLLEY (*pro hac vice)* |
| DORI K. STIBOLT | DJolley@cov.com |
| Florida Bar No. 183611 | COVINGTON & BURLING LLP |
| dstibolt@foxrothschild.com | One Front Street |
| FOX ROTHSCHILD LLP | San Francisco, California  94111 |
| 222 Lakeview Avenue, Suite 700 | Tel:  (415) 591-6000 |
| West Palm Beach, Florida  33401 | Fax:  (415) 591-6091 |
| Tel: (561) 835-9600 | |
| Fax:  (561) 835-9602 | EMILY JOHNSON HENN (*pro hac vice*) |
| | EHenn@cov.com |
| Attorneys for Defendant | COVINGTON & BURLING LLP |
| WELLS FARGO BANK, N.A. | 1201 Pennsylvania Avenue, NW |
| | Washington, D.C.  20004-2401 |
| | Tel:  (202) 662-6000 |
| | Fax:  (202) 662-6291 |

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION** | ) ) ) |
| **MDL No. 2036** | ) ) |
| **THIS DOCUMENT RELATES TO:** | ) ) |
| *Tornes, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK | ) ) ) |
| *Yourke, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21963-JKL<br>N.D. Cal. Case No. 3:09-cv-2186 | ) ) ) ) |
| *Amrhein v. Citibank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21681-JLK<br>N.D. Cal. Case No. 4:08-cv-05101-SBA | ) ) ) ) |
| *Gulley v. Huntington Bancshares, Inc.*<br>S.D. Fla. Case No. 1:09-cv-23514-JLK<br>W.D. Mi. Case No. 1:09-cv-00880-JTN | ) ) ) ) |
| *Lopez, et al. v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK | ) ) ) |
| *Luquetta v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | ) ) ) ) |
| *Speers v. U.S. Bank, N.A.*<br>S.D. Fla. Case No. 1:09-23126-JLK | ) ) ) |
| *Waters, et al. v. U.S. Bank, N.A.*<br>S.D. Fla. Case No. 1:09-23034-JLK<br>N.D. Cal. Case No. 3:09-cv-2071 | ) ) ) ) |

| | |
|---|---|
| *Larsen v. Union Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23235-JLK | ) |
| N.D. Cal. Case No. 4:09-cv-3250 | ) |
| | ) |
| *Garcia, et al. v. Wachovia Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:08-cv-22463-JLK | ) |
| | ) |
| *Spears-Haymond v. Wachovia Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-21680-JLK | ) |
| N.D. Cal. Case No. 3:08-cv-4610 | ) |
| | ) |
| *Dolores Gutierrez v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23685-JLK | ) |
| D. Or. Case No. 3:09-cv-01239-ST | ) |
| | ) |
| *Martinez v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23834 | ) |
| D.N.M. Case No. 6:09-cv-01072-GBW-ACT | ) |
| | ) |
| *Zankich, et al. v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23186-JLK | ) |
| W.D. Wash. Case No. C-08-1476-RSM | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Laurence J. Hutt
LAURENCE J. HUTT (California Bar No. 066269)
Laurence.Hutt@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
Attorneys for Defendant Bank of America, N.A.