**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR**
**CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

**THIS DOCUMENT RELATES TO:**

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JKL
N.D. Cal. Case No. 3:09-2186

*Gulley v. Huntington Bancshares, Inc.*
S.D. Fla. Case No. 1:09-cv-23514-JLK
W.D. Mi. Case No. 1:09-cv-00880-JTN

*Lopez, et al. v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23137-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

*Speers v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-23126-JLK

*Waters, et al. v. U.S. Bank, N.A.*
S.D. Fla. Case No. 23034-JLK
N.D. Cal. Case No. 09-2071

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-3250

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv- 23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## TABLE OF CONTENTS

<u>Page</u>

I.      INTRODUCTION ............................................................................................. 1

II.    ARGUMENT .................................................................................................... 2

     A.    Plaintiffs Cannot Refute That Preemption Is a Controlling Question of
          Law. .................................................................................................... 2

     B.    Plaintiffs Fail in Their Attempt to Obscure the Substantial Grounds for
          Difference of Opinion Regarding the Preemption Question in This Case ............. 5

          1.    This Court's Approach to Preemption of Laws of General
                  Application Differs from the Approach Taken by Other Courts. ............... 5

          2.    This Court's Method of Applying the OCC's Regulations Differs
                  from the Methodology Used by Other Courts. ......................................... 8

     C.    An Interlocutory Appeal Addressing Preemption of Plaintiffs' Claims
          Would Materially Advance Ultimate Termination of This Litigation. ................. 10

III.   CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Abbey v. United States*,
89 Fed. Cl. 425 (2009) ...........................................................................................1

*Abundiz v. Explorer Pipeline Co.*,
2002 WL 2030876 (N.D. Tex. Sept. 2, 2002)......................................................4

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004).............................................................................................7

*Aguayo v. US Bank*,
658 F. Supp. 2d 1226 (S.D. Cal. 2009)............................................................3, 8

*Augustine v. FIA Card Services*,
485 F. Supp. 2d 1172 (E.D. Cal. 2007)................................................................3

*Boomer v. AT&T Corp.*,
309 F.3d 404 (7th Cir. 2002) ...............................................................................3

*Boston Children's Heart Found., Inc. v. Nadal-Ginard*,
73 F.3d 429 (1st Cir. 1996)..................................................................................7

*In re Countrywide Fin. Corp. Mortgage Marketing & Sales Practices Litig.*,
601 F. Supp. 2d 1201 (S.D. Cal. 2009)..........................................................3, 8, 9

*Dehoyos v. Allstate Corp.*,
345 F.3d 290 (5th Cir. 2003) ...............................................................................3

*Dial v. Healthspring*,
541 F.3d 1044 (11th Cir. 2008) ...........................................................................2

*Drake v. Laboratory Corp. of Am.*,
458 F.3d 48 (2d Cir. 2006)...................................................................................3

*Dubose v. Merchs. & Farmers Bank*,
2006 WL 568714 (S.D. Miss. Mar. 6, 2006) ......................................................4

*Fabricant v. Sears Roebuck & Co.*,
2001 WL 883303 (S.D. Fla. Jan. 29, 2001) ........................................................1

*Fultz v. World Sav. & Loan Ass'n*,
2008 WL 4131512 (W.D. Wash. Aug. 18, 2008)..........................................3, 8, 9

*Gilbert v. Alta Health & Life Ins. Co.*,
    276 F.3d 1292 (11th Cir. 2001) ....................................................................2

*Gutierrez v. Wells Fargo Bank, N.A.*,
    2008 WL 4279550 (N.D. Cal. Sept. 11, 2008) ..................................................5

*Jones v. LMR Int'l, Inc.*,
    457 F.3d 1174 (11th Cir. 2006) ....................................................................2

*Kemp v. IBM, Corp.*,
    109 F.3d 708 (11th Cir. 1997) ....................................................................2

*Knipe v. SmithKline Beecham*,
    583 F. Supp. 2d 553 (E.D. Pa. 2008) ............................................................3

*Lopez v. Youngblood*,
    2009 WL 2062883 (E.D. Cal. July 15, 2009) ..................................................1

*Martinez v. Wells Fargo Home Mortgage, Inc.*,
    598 F.3d 549 (9th Cir. 2010) ..................................................................3, 6

*Monroe Retail, Inc. v. RBS Citizens, N.A.*,
    589 F.3d 274 (6th Cir. 2009) ..................................................................3, 7

*Montgomery v. Bank of Am. Corp.*,
    515 F. Supp. 2d 1106 (C.D. Cal. 2007) ........................................................3

*Moore v. Liberty Nat'l Life Ins., Co.*,
    267 F.3d 1209 (11th Cir. 2001) ....................................................................2

*Morton College Bd. Of Trustees v. Town of Cicero*,
    25 F. Supp. 2d 882 (N.D. Ill. 1998) ............................................................1

*Norfolk S. Ry. Co. v. Shanklin*,
    529 U.S. 344 (2000)....................................................................................3

*O'Donnell v. Bank of Am.*,
    2010 WL 934153 (N.D. Cal. Mar. 15, 2010)............................................3, 8, 9

*Oxygenated Fuels Ass'n v. Pataki*,
    304 F. Supp. 2d 337 (N.D.N.Y. 2002)..........................................................4

*Richardson Elecs., Ltd. v. Panache Broadcasting*,
    202 F.3d 957 (7th Cir. 2000) ....................................................................1

*Rose v. Chase Bank USA, N.A.*,
    513 F.3d 1032 (9th Cir. 2008) ..................................................................3, 6

*Shots v. CSX Transp., Inc.*,
    38 F.3d 304 (7th Cir. 1994) ....................................................................................3

*Silvas v. E\*Trade Mortgage Corp.*,
    514 F.3d 1001 (9th Cir. 2008) ..............................................................................3, 9

*Smith v. Jefferson Pilot Life Ins. Co.*,
    14 F.3d 562 (11th Cir. 1994) ...................................................................................2

*Stone v. Frontier Airlines, Inc.*,
    256 F. Supp. 2d 28 (D. Mass. 2002) ......................................................................4

*Taylor v. PPG Indus., Inc.*,
    256 F.3d 1315 (Fed. Cir. 2001)...............................................................................3

*Total TV v. Palmer Comms., Inc.*,
    69 F.3d 298 (9th Cir. 1995) .....................................................................................3

*Triggs v. John Crump Toyota, Inc.*,
    154 F.3d 1284 (11th Cir. 1998) ...............................................................................1

*United States v. R.I. Insurers' Insolvency Fund*,
    80 F.3d 616 (1st Cir. 1996).....................................................................................3

*United States v. Tenet Healthcare Corp.*,
    2004 WL 3030121 (C.D. Cal. Dec. 27, 2004) ........................................................4

*Weiss v. Wells Fargo*,
    2008 WL 2620886 (W.D. Mo. July 1, 2008)...........................................................3

*White v. Wachovia Bank, N.A.*,
    563 F. Supp. 2d 1358 (N.D. Ga. 2008)...................................................................5

*Wilmington Shipping Co. v. New England Life Ins. Co.*,
    496 F.3d 326 (4th Cir. 2007) ...................................................................................7

*Zikis v. Pfizer, Inc.*,
    2005 WL 3274107 (N.D. Ill. Aug. 8, 2005) ............................................................4

*Zlotnik v. U.S. Bancorp*,
    2009 WL 5178030 (N.D. Cal. Dec. 22, 2009).......................................................3

## STATUTES AND RULES

12 C.F.R. § 7.4002 .......................................................................................................6, 7

12 C.F.R. § 7.4007 .......................................................................................................8, 9

12 C.F.R. § 7.4007(b) .................................................................................................8, 9

12 C.F.R. § 7.4007(b)(2) ..................................................................................................9

12 C.F.R. § 7.4007(b)(2)(ii)-(iv) ......................................................................................9

12 C.F.R. § 7.4007(c) .......................................................................................................9

12 C.F.R. § 7.4008(d) .......................................................................................................8

12 C.F.R. § 7.4008(e) .......................................................................................................8

12 C.F.R. § 34.4 ...............................................................................................................6

12 C.F.R. § 34.4(a) ...........................................................................................................8

12 C.F.R. § 34.4(b) ...........................................................................................................8

28 U.S.C. § 1292(b) ...........................................................................................1, 2, 5, 10

Cal. Bus. & Prof. Code § 17200 *et seq.* ..........................................................................6

Defendants Bank of America, N.A., The Huntington National Bank, JPMorgan Chase

Bank, N.A., Union Bank, N.A., U.S. Bank, N.A., Wachovia Bank, N.A., and Wells Fargo Bank,

N.A. (collectively, "Defendants"), respectfully submit this Reply in further support of their

Motion for Certification under 28 U.S.C. § 1292(b) ("Section 1292(b)").

## I.    INTRODUCTION

Defendants moved this Court to certify its order of March 11, 2010 ("the Order") under

Section 1292(b) because an immediate appeal would serve the interests of justice, promote

judicial economy, and ensure uniformity of a decision of law.  Through such an appeal, a

controlling, threshold question of law central to the litigation and potentially dispositive of it for

national bank defendants could be resolved now by the Eleventh Circuit, saving this Court and

the parties innumerable hours and potentially millions of dollars in unnecessary pretrial and trial

proceedings.

In opposition, Plaintiffs primarily argue that the Court should deny the motion on the

ground that the Order is consistent with two other district court decisions which declined to

dismiss posting-order cases on grounds of preemption.[1]  According to Plaintiffs, the existence of

those other two decisions necessarily precludes a substantial ground for difference of opinion on

---

[1]    Plaintiffs also weakly suggest that Defendants' motion was untimely.  (Opp. at 3.)  Plaintiffs
cite two cases, neither of which indicates that there was undue delay here in the filing of
Defendants' motion.  *See Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV, 2001 WL
883303, at *1 (S.D. Fla. Jan. 29, 2001) (46-day delay); *Morton College Bd. Of Trustees v. Town
of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (30-day delay).  Defendants filed their
motion for certification only *25 days* after this Court filed its Order, *i.e.*, "days, not months" after
this Court issued the Order.  *Fabricant*, 2001 WL 883303, at *1.  It is well-established that
"there is no time limit for requesting an interlocutory appeal in the statute."  *Lopez v.
Youngblood*, No. 1:07cv0474, 2009 WL 2062883, at *3 (E.D. Cal. July 15, 2009); *see also
Richardson Elecs., Ltd. v. Panache Broadcasting*, 202 F.3d 957, 958 (7th Cir. 2000) (Posner, J.)
(same); *cf. Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 n.9 (11th Cir. 1998).  To the
extent courts have established guidelines on when a motion for certification is reasonably timely,
"[d]elays shorter than three months have generally been found to be timely."  *Abbey v. United
States*, 89 Fed. Cl. 425, 430 (2009).  Furthermore, Plaintiffs do not and could not demonstrate
that they were prejudiced by the timing of Defendants filing.

federal preemption, because it is unreasonable to think that another court could reach a different conclusion in a posting-order case.  That contention is not only implausible on its face, but also inapposite.  Plaintiffs wholly ignore that there are substantial grounds for disagreement over the correct analytical *methodology* for applying preemption in the context of the National Bank Act ("NBA") and the regulations of the Office of the Comptroller of the Currency ("OCC"), which methodology, in turn, materially impacts the end result of the preemption analysis.

Plaintiffs never address the relevant preemption question in their opposition.  Plaintiffs never consider the substantial body of case law recognizing federal preemption as a pure question of law that can be addressed at the pleading stage of litigation.  They also offer no reasonable grounds to conclude that early resolution of this threshold, controlling issue of law would not materially advance the ultimate termination of the litigation.  In fact, the Order meets all three of the requirements for certification under Section 1292(b).

## II.    ARGUMENT

### A.    Plaintiffs Cannot Refute That Preemption Is a Controlling Question of Law.

Plaintiffs implicitly concede that preemption is a controlling question; they argue, however, that it is not a "question of law" appropriate for certification under Section 1292(b) because the preemption analysis is too "involved" and requires a "dependence on facts and evidence."  (Opp. at 4-5.)  Plaintiffs are incorrect.  As plainly demonstrated by the Eleventh Circuit cases Defendants cited in their motion, preemption *is* a question of law and treated as such.[2]  Plaintiffs simply ignore those cases.  Indeed, far from being "[w]ithout support" (Opp. at

---

[2]    (*See* Defs.' Mot. at 3 (citing *Dial v. Healthspring*, 541 F.3d 1044, 1047 (11th Cir. 2008); *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006); *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 564 (11th Cir. 1994)).)  *See also Moore v. Liberty Nat'l Life Ins., Co.*, 267 F.3d 1209 (11th Cir. 2001); *Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292 (11th Cir. 2001); *Kemp v. IBM, Corp.*, 109 F.3d 708 (11th Cir. 1997).

3), the understanding that preemption is a controlling legal issue appropriately certified for interlocutory appeal is well-established across the Circuits.[3]  As one court explained in rejecting the very argument Plaintiffs proffer here, "preemption, by its very nature, lends itself to interlocutory appeals."  *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).  And at least one circuit court has squarely and explicitly recognized that no amount of discovery will affect a preemption defense in the banking context.  *See Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1038 n.4 (9th Cir. 2008) ("[N]o amount of discovery would change the central holding that Congress intended for the NBA to preempt state restrictions on national banks such as [those sought to be applied] here.").

Furthermore, Plaintiffs are wrong that an order denying a motion to dismiss on preemption grounds is inappropriate to be certified for interlocutory appeal.  A finding of preemption on a threshold motion has resulted in the termination of litigation time and again, including in many (if not most) of the preemption cases involving federally chartered banks.[4]  The purportedly contrary decisions Plaintiffs cite (Opp. at 4-5) may have denied certification, but

---

[3]    *See, e.g., Drake v. Laboratory Corp. of Am.*, 458 F.3d 48 (2d Cir. 2006); *Dehoyos v. Allstate Corp.*, 345 F.3d 290 (5th Cir. 2003); *Taylor v. PPG Indus., Inc.*, 256 F.3d 1315 (Fed. Cir. 2001); *Total TV v. Palmer Comms., Inc.*, 69 F.3d 298, 300-01 (9th Cir. 1995); *Shots v. CSX Transp., Inc.*, 38 F.3d 304, 305 (7th Cir. 1994), *abrogated on other grounds by Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344 (2000); *see also Boomer v. AT&T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002); *United States v. R.I. Insurers' Insolvency Fund*, 80 F.3d 616, 619 (1st Cir. 1996).

[4]    *See, e.g., Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549 (9th Cir. 2010); *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 285 (6th Cir. 2009); *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1006-08 (9th Cir. 2008); *Rose*, 513 F.3d at 1036-38; *O'Donnell v. Bank of Am.*, No. C-07-04500 RMW, 2010 WL 934153 (N.D. Cal. Mar. 15, 2010); *Aguayo v. U.S. Bank*, 658 F. Supp. 2d 1226 (S.D. Cal. 2009); *In re Countrywide Fin. Corp. Mortgage Marketing & Sales Practices Litig.*, 601 F. Supp. 2d 1201, 1223-24 (S.D. Cal. 2009); *Zlotnik v. U.S. Bancorp*, No. C 09-3855 PJH, 2009 WL 5178030 (N.D. Cal. Dec. 22, 2009); *Weiss v. Wells Fargo*, No. 07-5037-CV-SW-WAK, 2008 WL 2620886 (W.D. Mo. July 1, 2008); *Fultz v. World Sav. & Loan Ass'n*, No. C08-0343RSL, 2008 WL 4131512 (W.D. Wash. Aug. 18, 2008); *Augustine v. FIA Card Servs.*, 485 F. Supp. 2d 1172 (E.D. Cal. 2007); *Montgomery v. Bank of Am. Corp.*, 515 F. Supp. 2d 1106, 1114 (C.D. Cal. 2007).

those decisions were not in banking cases and they turned on grounds *other than* that preemption

is dependent upon "facts adduced through discovery."[5]   That may well be the reason Plaintiffs

never discuss any of those cited cases in detail.

Across the broad spectrum of published preemption cases under the NBA and OCC

regulations, no court, to Defendants' knowledge, has held that an evidentiary record is *necessary*

to decide if federal banking law preempts the application of state law to a national bank.  The

Supreme Court, circuit courts, and district courts have all found preemption in numerous cases

involving federally chartered financial institutions without discussing, much less relying upon,

any evidentiary showing whatsoever.  Plaintiffs certainly mention no cases to the contrary.  In

short, treating federal preemption as a controlling question of law, far from being the novelty or

outlier Plaintiffs try to suggest, would be entirely consistent with the overwhelming weight of

precedent.  No evidentiary record needs be developed to frame the question of whether federal

preemption under the NBA and OCC regulations precludes Plaintiffs' use of state law to restrict

national banks from exercising their discretion on a nationally uniform basis to post transactions

in a certain order.  The legal issue of preemption in this case is well-framed and ripe for

interlocutory appellate review.

---

[5]     In every one of the cases Plaintiffs cite for their erroneous contention that preemption
rulings require an evidentiary record, interlocutory appeal was denied because the *law* provided
no substantial grounds for disagreement on the question of preemption (or in one case, the
question of jurisdiction), and several *explicitly* contradict Plaintiffs' argument.  *See Dubose v.
Merchs. & Farmers Bank*, No. 3:01-CV-201WS, 2006 WL 568714, at *2 (S.D. Miss. Mar. 6,
2006); *Zikis v. Pfizer, Inc.*, No. 04 C 8104, 2005 WL 3274107, at *2 (N.D. Ill. Aug. 8, 2005)
("the question of whether the state claims set forth in Zikis' complaint are preempted by federal law
is a 'question of law' for purposes of a Section 1292 (b) appeal [and] . . . is 'indeed a controlling
issue' "); *United States v. Tenet Healthcare Corp.*, No. CV04-857 GAF(JTLX), 2004 WL 3030121,
at *1-2 (C.D. Cal. Dec. 27, 2004); *Oxygenated Fuels Ass'n v. Pataki*, 304 F. Supp. 2d 337, 342
(N.D.N.Y. 2002) (denying motion for certification of a question of judicial jurisdiction to construe an
agency's authority, not a question of preemption); *Stone v. Frontier Airlines, Inc.*, 256 F. Supp. 2d
28, 47 (D. Mass. 2002); *Abundiz v. Explorer Pipeline Co.*, 2002 WL 2030876, at *2 (N.D. Tex. Sept.
2, 2002) (holding that whether federal statute and regulations preempted the plaintiffs' state law
products liability claims was "clearly the controlling question of law").

**B.      Plaintiffs Fail in Their Attempt to Obscure the Substantial Grounds for Difference of Opinion Regarding the Preemption Question in This Case.**

According to Plaintiffs, Defendants "fail to point to any case disagreeing with any aspect of this Court's preemption ruling" and, thus, there is no substantial ground for difference of opinion regarding the Order.  (Opp. at 5.)  Plaintiffs base their entire argument to this effect on an incorrect, myopic view of the threshold question of law at issue.  By choosing to look only at the other two posting-order decisions addressing preemption,[6] Plaintiffs cast much too narrow of a net.  The legal question meriting immediate appellate resolution is not simply whether the Order and those two decisions are consistent but, rather, whether the preemption principles articulated and the mode of analysis applied in the three decisions are subject to substantial difference of opinion.  Plaintiffs never address the issue at this level, and there clearly *are* substantial differences of opinion about the correct principles and manner of analysis.  The numerous cases Defendants have cited in the moving papers amply attest that many courts around the country have taken a different analytical approach to preemption, and particularly to the application of the OCC's regulations.  This material difference among the cases satisfies the second prong of the Section 1292(b) analysis.  The Eleventh Circuit should have an opportunity to rule now on which approach is correct.

**1.      This Court's Approach to Preemption of Laws of General Application Differs from the Approach Taken by Other Courts.**

Plaintiffs posit there can be no dispute that, as "upheld by this Court, the NBA does not preempt state laws imposing generalized duties on all businesses."  (Opp. at 10.)  Indeed, Defendants have never contended the NBA preempts *all* state laws of general application in all instances.  Plaintiffs' citation to cases in which courts have found *certain* claims based on

---

[6]      *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358 (N.D. Ga. 2008), and *Gutierrez v. Wells Fargo Bank, N.A.*, 2008 WL 4279550 (N.D. Cal. Sept. 11, 2008),

contract, tort, or state consumer protection laws not to be preempted (*see* Opp. at 10-11) is therefore entirely beside the point.  The crucial question here is whether a particular *application* to national banks of a generally applicable state law may *in certain circumstances* be preempted. That question, seemingly answered in the negative by this Court (see Order at 16 ("state laws of general application . . . do not vitiate the purposes of the NBA")), has been answered in the affirmative by numerous other courts.  Plaintiffs cannot refute that.

In both *Martinez* and *Rose*, for example, the Ninth Circuit held that the NBA and OCC regulations preempted certain intended *applications* of California's broadly applicable Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  While recognizing that such generally applicable laws "do not *necessarily* impair a bank's ability to exercise its [federally granted banking] powers," the Ninth Circuit confirmed that, where the intended *application* of such laws is targeted at a national bank's activities in an area reserved by Congress or the OCC for exclusive *federal* regulation, such application is *necessarily* and *categorically* preempted. *Martinez*, 598 F.3d at 555 (emphasis added).

Thus, the Ninth Circuit in *Martinez* held that the plaintiffs' claims of "unfair" conduct under the UCL were preempted by the OCC's regulation governing non-interest fees, 12 C.F.R. § 7.4002 ("Section 7.4002"), as well as by the OCC's preemption regulation governing real estate lending, 12 C.F.R. § 34.4 ("Section 34.4"), because the claims were *targeted* at conduct covered by those federal regulations.  *See Martinez,* 598 F.3d at 556-57 (holding that the UCL claim for "unfair" conduct was preempted under Section 7.4002 because it targeted a national bank's charges of non-interest fees, and by Section 34.4's categories of expressly preempted state laws ("[p]rocessing origination, servicing, sale or purchase of, or investment or participation in, mortgages;" and "[d]isclosure and advertising")).  *See also Rose*, 513 F.3d at

1038, (affirming dismissal of UCL "unfair" and "deceptive" claims because "[r]egardless of the nature of the state law claim alleged, . . . the proper inquiry is whether the legal duty that is the predicate of Plaintiffs' state law claim falls within the preemptive power of the NBA or regulations promulgated thereunder.") (quotation marks and citation omitted).

The Sixth Circuit reached the same conclusion with respect to preemption under the NBA and OCC regulations in connection with a claim of conversion. *See Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 281 (6th Cir. 2009) ("We find that the NBA does not preempt general state laws governing the rights of all entities, not just Banks, to collect debts; but we conclude that the [plaintiffs]' specific conversion claim pursuant to the Ohio garnishment statute is nevertheless preempted by the NBA's grant of authority to the Banks to charge and collect fees."); *see also id*. at 284 (holding that Section 7.4002 preempts any state law relief that "mandates the order in which . . . [national] banks carry out their daily account-balancing and account-management functions").

Numerous courts have thus recognized that preemption depends, not upon the label ascribed to a state law, but upon how that law is sought to be applied in a given instance. *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004) ("distinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance") (internal quotations omitted); *Boston Children's Heart Found., Inc. v. Nadal-Ginard*, 73 F.3d 429, 439 (1st Cir. 1996) ("A court cannot conclude that a state law is one of general applicability, and as such is not preempted . . . , based on the form or label of the law . . . ."); *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir. 2007) ("Nor may parties avoid [a federal law]'s preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims.").

7

Substantial grounds for disagreement plainly exist with respect to the question whether, despite invoking state laws of "general application," claims that target national banks' core banking activities, such as managing and operating checking accounts, are preempted because, on their face, they seek relief that would impair or condition the exercise of federally granted banking powers on state-law limitations.

> **2.      This Court's Method of Applying the OCC's Regulations Differs from the Methodology Used by Other Courts.**

Plaintiffs not only fail to refute, but indeed completely ignore, the further inconsistency between the Order and the many other decisions that have applied the OCC's express preemption regulations, including 12 C.F.R. § 7.4007 ("Section 7.4007"), to preempt state laws of "general application" in particular circumstances.  Plaintiffs make absolutely no mention of Defendants' *central* argument − *i.e.*, that substantial grounds for disagreement exist concerning the proper method for applying these regulations' two key subsections: (1) a subsection listing types of national bank activities as to which state laws *categorically* are preempted; and (2) a subsection listing types of state laws that *generally* are not preempted as applied to national banks *unless* they more than "incidentally affect the exercise of national banks' [banking] powers."  12 C.F.R. § 7.4007(b) & (c); *id.* § 7.4008(d) & (e); *id.* § 34.4(a) & (b).  (*See* Defs.' Mot. at 10-12.)

Nowhere do Plaintiffs even attempt to argue that this Court's *method of applying* these two subsections of Section 7.4007 in the Order was consistent with the analytical approach taken by the courts in such cases as *Aguayo*, *O'Donnell*, *Fultz*, and *In re Countrywide*.  In each of those cases, the courts determined that if a particular *application* of a state law falls within the categorical preemption subsection of the regulation, the preemption inquiry is *over* and *application* of the state law is preempted, *even if* the state law is of a *type* listed in the subsection generally preserving certain state laws from preemption.  *See, e.g.*, *Aguayo*, 658 F. Supp. 2d at

1235; *O'Donnell v. Bank of Am.*, No. C-07-04500, 2010 WL 934153, at *5 (N.D. Cal. Mar. 15, 2010); *Fultz*, 2008 WL 4131512, at *1-2; *In re Countrywide*, 601 F. Supp. 2d at 1222 (citing *Silvas*, 514 F.3d at 1006).

In contrast, this Court, upon observing that "[t]he state law claims before this Court are contracts and tort claims," held that the preemption "inquiry is limited to whether Plaintiffs' claims, as alleged, more than 'incidentally affect the exercise of national banks' deposit taking powers,' " (*i.e.*, the analysis under the general preservation subsection, 7.4007(c)).  (Order at 15 (quoting 12 C.F.R. § 7.4007(c)).)  This Court apparently reasoned that because the *labels* of the laws plaintiffs invoke ("contract" and "tort") are included in the second subsection, the first subsection is inapplicable and should be ignored.  That the courts in the other, above-listed cases have reasoned to the contrary itself bespeaks the existence of a substantial difference of opinion.

Plaintiffs effectively concede by their silence that there are substantial grounds for disagreement on this pure and controlling question of law:  how Section 7.4007 is to be applied in a case such as this, where state law claims are purportedly based on state laws of the type listed in the second, "more than incidentally effects" preemption subsection of Section 7.4007 but the intended *application* of those laws will affect a national bank's conduct in one of the categorically preempted areas listed in the first subsection.[7]

---

[7]   Plaintiffs' contention that "[t]his litigation implicates none of the categories of state laws that Section 7.4007(b) preempts" (Opp. at 13) is utterly untenable and finds no support in any reasonable reading of the regulation.  If a state-law challenge to the order in which a national bank posts debits in a checking account does not constitute an intended "state law limitation[] on . . . [c]hecking accounts" and on deposit-account "[f]unds availability," 12 C.F.R. § 7.4007(b)(2), it is virtually impossible to conceive what type of state-law limitation would.  And Plaintiffs underscore the point by casting their state-law claims as a "challenge [to] Defendants' systematic efforts to count and post transactions in the least favorable way to their customers while, in certain cases, hiding relevant and available information."  (Opp. at 13.)  Such a challenge aims directly not only at "checking accounts" and "funds availability" but also at "[d]isclosure requirements," and is, thus, expressly preempted by several subsections of Section 7.4007(b).  12 C.F.R. § 7.4007(b)(2)(ii)-(iv).

9

C.     **An Interlocutory Appeal Addressing Preemption of Plaintiffs' Claims Would Materially Advance Ultimate Termination of This Litigation.**

Far from being a "recipe for delay," as Plaintiffs' contend (Opp. at 17), allowing an interlocutory appeal may resolve a significant portion of this litigation, saving the Court and parties substantial time and resources; indeed, it may *end* the litigation for the national bank defendants altogether.  Given the scope of this litigation, Plaintiffs' assertion that the parties will be in a position to conclude pretrial proceedings before the Eleventh Circuit rules on an appeal, *i.e.*, within eight months (*see* Opp. at 17), is highly implausible.  And, if the Eleventh Circuit were to accept review, Defendants (and/or Plaintiffs) could seek to expedite the appeal.

Certification for immediate appeal would also facilitate a fundamental purpose of MDL proceedings – ensuring uniformity of legal decisions.  Once pretrial proceedings are concluded and the various cases are remanded to their transferor courts, national bank defendants will be subject to the appellate jurisdiction of at least three different circuit courts.  Therefore, this may well be the only opportunity for all of these Defendants to have this controlling issue of law heard and determined by the *same* appellate court in one proceeding, rather than by different appellate courts in multiple proceedings.

Given these circumstances, an Eleventh Circuit ruling on preemption now would materially advance the ultimate termination of the litigation.  It would spare Defendants and Plaintiffs the massive time, expense, and burdens otherwise entailed in discovery, motion practice, and pretrial proceedings, all of which would be entirely unnecessary if Defendants' federal preemption defense is meritorious.

**III.     CONCLUSION**

For all of the foregoing reasons, the Court should certify its Order of March 11, 2010 for immediate appeal under 28 U.S.C. § 1292(b).

Dated:  May 3, 2010

Respectfully submitted,

/s/ Laurence J. Hutt

J. RANDOLPH LIEBLER
Florida Bar No. 0507954
jrl@lgplaw.com
LIEBLER GONZALEZ &
PORTUANDO, P.A.
2500 Courthouse Tower
44 West Flagler Street
Miami, Florida 33130
Tel:  (305) 379-0400
Fax:  (305) 379-9626

Attorneys for Defendant
BANK OF AMERICA, N.A.

LAURENCE J. HUTT (*pro hac vice*)
Lawrence.Hutt@aporter.com
CHRISTOPHER S. TARBELL (*pro hac vice*)
Christopher.Tarbell@aporter.com
ARNOLD & PORTER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Tel:  (213) 243-4000
Fax:  (213) 243-4199

Attorneys for Defendant
BANK OF AMERICA, N.A.

A. STEPHEN HUT, JR. (*pro hac vice*)
steve.hut@wilmerhale.com
MICHELLE OGNIBENE (*pro hac vice*)
michelle.ognibebe@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C.  20006
Tel:  (202) 663-6000
Fax:  (212) 663-6363

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

/s/ Christopher R. Lipsett

CHRISTOPHER R. LIPSETT (*pro hac vice*)
chris.lipsett@wilmerhale.com
DAVID S. LESSER (*pro hac vice*)
david.lesser@wilmerhale.com
ALAN E. SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, New York  10022
Tel:  (212) 230-8851
Fax:  (212) 230-8888

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

s/ John B. Sullivan

JOHN B. SULLIVAN (*pro hac vice*)
jbs@severson.com
JAN T. CHILTON (*pro hac vice*)
jtc@severson.com
MARK D. LONERGAN (*pro hac vice*)
mdl@severson.com
PETER H. BALES (*pro hac vice*)
phb@severson.com
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California  94111
Tel:  (415) 398-3344
Fax:  (415) 956-0439

Attorneys for Defendant
UNION BANK, N.A.

/s/ Barry R. Davison

BARRY R. DAVIDSON
Florida Bar No. 107678
bdavidson@hunton.com
JAMIE ZYSK ISANI
Florida Bar No. 728861
jisani@hunton.com
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Tel:  (305) 810-2500
Fax:  (305) 810-2460

Attorneys for Defendant
WACHOVIA BANK, NATIONAL
ASSOCIATION

/s/ Martin C. Bryce, Jr.

ALAN S. KAPLINSKY
kaplinsky@ballardspahr.com
MARTIN C. BRYCE, JR.
bryce@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel:  (215) 665-8500
Fax:  (215) 864-8999

Attorneys for Defendants
HUNTINGTON BANCSHARES
INCORPORATED and THE HUNTINGTON
NATIONAL BANK

/s/ James R. McGuire

JAMES R. McGUIRE (*pro hac vice*)
jmcguire@mofo.com
MORRISON FOERSTER LLP
425 Market Street
San Francisco, California  94105
Tel:  (415) 268-7013
Fax:  (415) 268-7255

SYLVIA RIVERA (*pro hac vice*)
srivera@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Ste. 3500
Los Angeles, California 90013-1024
Tel. (213) 892-5200
Fax (213) 892-5454

Attorneys for Defendants
U.S. BANK, N.A. and
WACHOVIA BANK, NATIONAL ASSOCIATION

AMY S. RUBIN
Florida Bar No. 476048
arubin@foxrothschild.com
DORI K. STIBOLT
Florida Bar No. 183611
dstibolt@foxrothschild.com
FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, Florida  33401
Tel:  (561) 835-9600
Fax:  (561) 835-9602

Attorneys for Defendant
WELLS FARGO BANK, N.A.

/s/ Sonya D. Winner
SONYA D. WINNER (*pro hac vice*)
SWinner@cov.com
DAVID M. JOLLEY (*pro hac vice*)
DJolley@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California  94111
Tel:  (415) 591-6000
Fax:  (415) 591-6091

EMILY JOHNSON HENN (*pro hac vice*)
EHenn@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, D.C.  20004-2401
Tel:  (202) 662-6000
Fax:  (202) 662-6291

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| **IN RE: CHECKING ACCOUNT** | ) |
| **OVERDRAFT LITIGATION** | ) |
| | ) |
| **MDL No. 2036** | ) |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) |
| | ) |
| *Tornes, et al. v. Bank of America, N.A.* | ) |
| S.D. Fla. Case No. 1:08-cv-23323-JLK | ) |
| | ) |
| *Yourke, et al. v. Bank of America, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-21963-JKL | ) |
| N.D. Cal. Case No. 3:09-cv-2186 | ) |
| | ) |
| *Gulley v. Huntington Bancshares, Inc.* | ) |
| S.D. Fla. Case No. 1:09-cv-23514-JLK | ) |
| W.D. Mi. Case No. 1:09-cv-00880-JTN | ) |
| | ) |
| *Lopez, et al. v. JPMorgan Chase Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23127-JLK | ) |
| | ) |
| *Luquetta v. JPMorgan Chase Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23432-JLK | ) |
| C.D. Cal. Case No. CV09-6967-GHK | ) |
| | ) |
| *Speers v. U.S. Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-23126-JLK | ) |
| | ) |
| *Waters, et al. v. U.S. Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-23034-JLK | ) |
| N.D. Cal. Case No. 3:09-cv-2071 | ) |
| | ) |

| | |
|---|---|
| *Larsen v. Union Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23235-JLK | ) |
| N.D. Cal. Case No. 4:09-cv-3250 | ) |
| | ) |
| *Garcia, et al. v. Wachovia Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:08-cv-22463-JLK | ) |
| | ) |
| *Spears-Haymond v. Wachovia Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-21680-JLK | ) |
| N.D. Cal. Case No. 3:08-cv-4610 | ) |
| | ) |
| *Dolores Gutierrez v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23685-JLK | ) |
| D. Or. Case No. 3:09-cv-01239-ST | ) |
| | ) |
| *Martinez v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23834 | ) |
| D.N.M. Case No. 6:09-cv-01072-GBW-ACT | ) |
| | ) |
| *Zankich, et al. v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23186-JLK | ) |
| W.D. Wash. Case No. C-08-1476-RSM | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   s/ Laurence J. Hutt
LAURENCE J. HUTT (California Bar No. 066269)
Laurence.Hutt@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel:  (213) 243-4000
Fax:  (213) 243-4199
Attorneys for Defendant Bank of America, N.A.