**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:09-MD-02036-JLK

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:**

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

**AMENDMENT BY INTERLINEATION OF PARAGRAPH 221
OF THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiffs, through undersigned counsel, on behalf of themselves and all persons similarly situated, pursuant to the Order Granting Plaintiffs Unopposed Motion to Amend Third Amended Consolidated Class Action Complaint **[DE #450]**, allege the following:

221.   Bank of America engages in unfair and unconscionable business practices relating to the imposition of overdraft fees on consumers, in violation of the New Mexico Unfair Practices Act, N.M. Stat. §§ 57-12-1, *et seq.* ("UPA") in the following respects:

   *a.*   Bank of America provides checking account, ATM or debit card, and "overdraft protection" services to Plaintiff(s) and the members of the New Mexico Subclass. This conduct constitutes "trade" or "commerce" within the meaning of N.M. Stat. § 57-12-2(C).

   *b.*   Bank of America is a "person" within the meaning of N. M. Stat. § 57-12-2(A).

 *c.* Bank of America has engaged in an "unfair or deceptive trade practice" as set forth in N.M. Stat. § 57-12-2(D) because it knowingly made false or misleading statements in connection with the sale, lease, rental or loan of services in the regular course of trade or commerce that tended to deceive or mislead, and these acts included the following specific violations of the UPA:

  *i.* Bank of America represented that the services offered by it had characteristics, uses, or benefits that they do not have, in that Bank of America claims that monies used to fund electronic debit card transactions are "automatically" or "immediately" withdrawn from the account-holder's funds or that using an electronic debit card is like using cash when, in fact, Bank of America subsequently re-sequences the electronic debits after the transactions occur to their benefit.  *See* N. M. Stat. § 57-12-2(D)(5);

  *ii.* Bank of America makes false or misleading statements concerning the price of goods or services in that Plaintiff(s) and the New Mexico Subclass reasonably believe they will be charged a single overdraft fee when there are insufficient funds in their account to cover a transaction at the time of purchase, but, in fact, Bank of America re-sequences transactions to its own benefit resulting in Plaintiff(s)' and the New Mexico Subclass' paying several overdraft fees as a result of a single transaction.  *See* N. M. Stat. § 57-12-2(d)(11);

  *iii.* Bank of America uses innuendo and ambiguity as to a material fact or fails to state a material fact in that it does not specifically disclose or inform Plaintiff(s) and the New Mexico Subclass that transactions will be posted

from largest to smallest, thereby resulting in repetitive overdraft fees based on transactions already made. *See* N. M. Stat. § 57-12-2(D)(14);

iv. Bank of America states that a transaction involves rights, remedies, or obligations that it does not involve, in that Bank of America claims transactions with electronic debit cards are "automatic" or "immediate," as if the individual is using cash when, in fact, the transactions are subsequently rearranged and withdrawn in the method most beneficial to Bank of America and, in fact, using electronic debit cards is quite different than using cash. *See* N. M. Stat. § 57-12-2(D)(15);

v. Bank of America engages in an "unconscionable trade practice" as set forth in N. M. Stat. § 57-12-2(E) because it engages in a practice in connection with the sale, lease, rental, or loan of a service and in collection of debts to Plaintiff(s)' and the New Mexico Subclass members' detriment. Bank of America's practice of re-sequencing transactions from largest to smallest takes advantage of Plaintiffs' and New Mexico Subclass members' lack of knowledge, ability, experience or capacity and is grossly unfair. *See* N. M. Stat. § 57-12-2(E)(1). Additionally, Bank of America practice of re-sequencing results in a gross disparity between the value received by a person and the price paid in that Bank of America claims to offer overdraft "protection" and customers believe they will be charged only one overdraft fee when they conduct a transaction but do not have sufficient funds in their account to fund the transaction at the time of purchase but, instead, Bank of America re-sequences transactions and is able to charge customers multiple

        overdraft fees, resulting in excessive fees that surpass the value Plaintiff(s) and New Mexico Subclass members receive through Bank of America's purported overdraft protection. *See* N. M. Stat. § 57-12-2(E)(2);

*d.* As described above, Bank of America employs "unfair or deceptive trade practices" in connection with the imposition of overdraft fees, in violation of N. M. Stat. § 57-12-3, by making false or misleading statements and/or representations in connection with its services, the extension of credit, and/or the collection of debts; including making false or misleading statements of fact concerning the price of its services; representing that its services have characteristics or benefits they do not have; using exaggeration, innuendo or ambiguity as to a material fact; and/or or failing to state a material fact.

*e.* As described above, Bank of America employs "unconscionable trade practices" in connection with the imposition of overdraft fees, in violation of N. M. Stat. § 57-12-3, by taking advantage of consumers' lack of knowledge, ability, experience, or capacity to a grossly unfair degree, and/or providing a gross disparity between the value received by consumers and the price paid.

*f.* Bank of America's violations of the UPA were willful.

*g.* As a result of Bank of America's unlawful trade practices, Plaintiff(s) and the members of the New Mexico Subclass have each been assessed an ascertainable loss, and are entitled to recover the greater of three times their actual damages or $300, pursuant to N.M. Stat. § 57-12-10(B).

*h.* Plaintiff(s) and the members of the New Mexico Subclass seek punitive damages in an amount to be determined by the jury.

      i.      Plaintiff(s) and the members of the New Mexico Subclass are entitled to recover their reasonable attorneys' fees, pursuant to N. M. Stat. § 57-12-10(C).

Dated:    May 11, 2010.

        /s/ Bruce S. Rogow
        Bruce S. Rogow, Esquire
        Florida Bar No. 067999
        bruce@abbrclaw.com
        Robert C. Gilbert, Esquire
        Florida Bar No. 561861
        bobby@abbrclaw.com
        ALTERS BOLDT BROWN
          RASH & CULMO, P.A.
        4141 N.E. 2nd Avenue
        Miami, Florida 33137
        Tel:  (305) 571-8550
        Fax:  (305) 571-8558

        *Lead Counsel for Plaintiffs*

| | |
|---|---|
| /s/ Russell W. Budd | /s/ Barry R. Himmelstein |
| Russell W. Budd, Esquire | Barry R. Himmelstein, Esquire |
| Texas Bar No. 03312400 | California Bar No. 157736 |
| rbudd@baronbudd.com | bhimmelstein@lchb.com |
| /s/ Bruce W. Steckler | Michael W. Sobol, Esquire |
| Bruce W. Steckler, Esquire | California Bar No. 194857 |
| Texas Bar No. 00785039 | msobol@lchb.com |
| bsteckler@baronbudd.com | Jordan Elias, Esquire |
| /s/ Melissa K. Hutts | California Bar No. 228731 |
| Melissa K. Hutts, Esquire | jelias@lchb.com |
| Texas Bar No. 0188015 | Mikaela Bernstein, Esquire |
| mhutts@baronbudd.com | California Bar No. 261301 |
| BARON & BUDD, P.C. | mbernstein@lchb.com |
| 3102 Oak Lawn Avenue | LIEFF CABRASER HEIMANN & |
| Suite 1100 |   BERNSTEIN LLP |
| Dallas, TX 75219 | Embarcadero Center West |
| Tel: 214-521-3605 | 275 Battery Street, 30th Floor |
| Fax: 214-520-1181 | San Francisco, CA 94111-3339 |
| | Tel: 415-956-1000 / Fax: 415-956-1008 |

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
adam@webllc.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
flemond@webllc.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325 / Fax: 770-444-0271

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th street - 34th Floor
New York, NY 10155
Tel: 212-486-6060 / Fax: 212-317-2946

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street - Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800 / Fax: 305-358-2382

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
GOLUMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

.

/s/ Robert C. Gilbert
Florida Bar No. 561861
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
bobby@abbrclaw.com