# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:**

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 1:09-cv-21681-JLK
N.D. Cal. Case No. 4:08-cv-05101-SBA

*Lopez, et al. v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

*Speers v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-23126-JLK

*Waters, et al. v. U.S. Bank, N.A.*
S.D. Fla Case No. 1:09-23034-JLK
N.D. Cal. Case No. 3:09-cv-2071

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:-cv-08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## ORDER ESTABLISHING A SCHEDULE FOR THE DISCOVERY, MOTION PRACTICE, FINAL PRETRIAL CONFERENCE AND TRIAL FOR SELECTED CASES

### PROCEDURAL BACKGROUND

The procedural history of this case as outlined by the Plaintiffs in their filing on May 3, 2010 [DE 427] fairly and accurately recites the procedural situation of this date and is adopted by the Court in part. It reads:

"In June 2009, the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel") created this multidistrict litigation proceeding,

known as *In re Checking Account Overdraft Litigation*, MDL 2036, to preside over transferred actions brought against a number of banks challenging their practices relating to the imposition of overdraft fees.

At the time of the initial Status Conference held on August 22, 2009, actions against Bank of America, Citibank and Wachovia Bank had been transferred to this Court.  By the time of the October 22, 2009 Status Conference, actions against JPMorgan Chase Bank, Union Bank, U.S. Bank and Wells Fargo Bank had also been transferred to this Court.  The actions brought against these seven  Defendants have been litigated in tandem since October 2009.[1]

In mid-October 2009, Plaintiffs originally filed their proposed Scheduling Order No. 3, setting forth dates and deadlines for the transferred actions brought against five of these Defendants.  **[DE # 98].** That proposed Scheduling Order included a comprehensive schedule of dates and deadlines for the litigation of the transferred actions, including a projected trial date of January 2011.  **[DE # 98-1].**  At the time of the October 22, 2009 Status

---

[1] Transferred actions brought against the second group of defendants, Branch Banking & Trust, SunTrust Bank, Regions Bank and Huntington National Bank, have proceeded in tandem. Those defendants previously filed motions to compel arbitration, which were argued before the Court on April 20, 2010 **[DE # 360]** and are pending decision. Transferred actions brought against the third group of defendants, Citizens' Financial Group, KeyBank, PNC Bank and TD Bank, are also expected to proceed in tandem.  On April 21, 2010, the parties filed a Joint Motion for Entry of Interim Scheduling Order re Citizens Financial Group, KeyBank, PNC Bank and TD Bank **[DE # 399]**, which was entered on May 7, 2010 **[DE #444]**.

Conference, however, the Court declined to enter a comprehensive scheduling order, indicating that it would be more appropriate to do so after the pleadings were settled.  **[Transcript of October 22, 2009 Status Conference, pp. 4 - 10].**

On November 13, 2009, the Court granted the Defendants' motion to stay all discovery pending disposition of the Defendants' anticipated motions to dismiss. **[DE # 148].**  Thus, no discovery has been conducted to date.

In December 2009, Defendants filed their Omnibus Motion to Dismiss and/or for Judgment on the Pleadings, and one of these Defendants also filed Supplemental Motions to Dismiss.  **[DE # 217, 222 & 225].**  Extensive briefing and oral argument ensued.  On March 11, 2010, this Court entered an Order on Omnibus Motion to Dismiss.  **[DE # 305].**

On March 26, 2011, Plaintiffs delivered an updated version of their proposed Scheduling Order No. 3 to these Defendants.  On April 22, 2010, Defendants delivered their proposed schedule of dates and deadlines to Plaintiffs' Lead Counsel, and counsel for both sides conferred again on April 23, 2010."

A thorough discussion of the views, opinions and recommendations of all counsel, in the above-styled cases, was presented during oral argument on May 6, 2010.

## FINDINGS AND CONCLUSIONS

The Court has carefully considered the proposed schedules and briefs the respective parties filed prior to the scheduling hearing of May 6, 2010. Competent counsel had thoroughly researched other MDL cases and the well-articulated arguments demonstrated the careful thought, drawing on their experience and research, that had been given to advising the Court on the procedures, deadlines, and trial management the Court should order.

It was very important to the Court to get a complete discussion from all counsel for the respective parties on their analysis and recommendations, on this very important issue of scheduling. A complete and thorough dialogue followed in which, not only was the requested input from the attorneys thoroughly and completely presented and received, but the Court shared with counsel its own management philosophy that has been developed over these forty years of the Court's experience in presiding over trials as a Southern District Judge.

Based upon all of this, it is the best judgment of this Court that the pattern that has been developed over these years of establishing firm and reasonable deadlines within which the respective parties will complete discovery and motion practice, should be followed.

### CLASS CERTIFICATION DISCOVERY AND MOTION DEADLINE

Counsel has suggested that the issue concerning class certification should be first dealt with to be followed by the establishment of the traditional, general and usual

deadlines for the completion of discovery and motion practice toward the end of the case preceding the final pre-trial conference. This sensible solution, the Court believes, will provide for the smooth and efficient operation of the discovery, motion practice and legal resolution of class certification issues through the establishment of a date for the filing of Plaintiffs' motions for class certification. After consideration of the respective positions of the parties, the Court concludes that this date should be **September 20, 2010** with discovery commencing immediately. Plaintiffs are not required to wait until **September 20, 2010** within to file whatever motion they may wish to file regarding class certification. They should be motivated by the general procedures for case management in this division of court, to file that motion at the time that Plaintiffs feel they have the requisite and necessary discovery to sustain whatever position they may be taking on class certification. The date of **September 20, 2010** is established as the <u>deadline</u> for the filing of such motion.

The Defendant banking institutions, who will be proceeding with discovery on this same issue commencing as soon as they may be advised, given the status of the document discovery between the respective Plaintiff and Defendant groups, should be prepared to develop the factual discovery they believe is necessary in order to meet a responsive deadline of thirty (30) days after Plaintiffs' motion for class certification. This will be followed by a 10-day period for the Plaintiffs to reply, if they be so advised.

As indicated in the 2 ½ hour thorough discussion on discovery held on May 6, 2010, the Court will make itself available for such weekly or other hearings and conferences requiring the timing and progress of the document delivery and deposition scheduling to resolve any issues upon which counsel may not be able to agree.

In all probability, it may be well to build into this schedule a Rule 16 Scheduling Conference on any unresolved discovery issues pertaining to class certification, about thirty (30) days hence or **June 16, 2010**, if requested by the parties.

It is eminently sensible, as Defendants argue, that it will be important to get this discovery of documents analyzed and furnished by the banks to Plaintiffs (and corresponding discovery from Plaintiffs to Defendants if required) within the first 30 or 45 days from the date of this Order, for the reason that the discovery will be necessary when the depositions are taken of Plaintiffs and such other parties as counsel may believe is necessary for resolution of the class certification issue.

Adherence to this schedule should permit the parties and the Court to hear oral argument on a fully briefed motion for class certification no later than **Monday, November 1, 2010**.[2] Oral argument therefore on the anticipated motion for class certification is hereby set for hearing **Monday, November 1, 2010 at 9:30 a.m.** at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, FL.

---

[2] This presumes that the Plaintiffs shall utilize all the time set forth above until the deadline of September 20, 2010, before filing their motion for class certification. Should Plaintiffs file their motions sooner than that, this time would be shortened.

## MERIT DISCOVERY AND MOTION DEADLINE

The parties have requested, consistent with the usual and general procedures of conducting Multidistrict litigation for the Court to proceed to set deadlines for motion practice and discovery, beyond the Court's decision regarding class certification, and up to and including a trial date.  By exceeding to this joint request in the following portions of this Order, the Court should not be misunderstood as indicating any prejudgment (or tentative) decision on the granting or denial of an anticipated motion for class certification.

After careful consideration of all of the various suggestions by counsel including, among other things, breaking down into discreet and separate time periods for liability discovery, damages discovery, expert discovery, *Daubert* hearings, *in limine* motions, and dispositive summary judgment motions, the Court has concluded to follow its usual practice and set absolute deadlines for completion of all discovery and motion practice.[3]

**Discovery on all issues commences May 13, 2010.**

10 days after the Court enters its ruling on class certification, counsel for the parties shall confer and exchange lists of the names and addresses of all lay persons (non-expert) they anticipate calling at the trial of this case as a witness.  These lists shall contain the names of persons who are expected to

---

[3]  The Court's general philosophy of the administration of justice, utilized by this judge for the past 45 years, was discussed with counsel attending the May 6, 2010 scheduling conference hearing and may be found in a transcript of that proceeding by any lawyers hereafter coming into this Multidistrict litigation.  The Court fully recognizes that a fair and reasonable schedule that considers the need for prompt and efficient resolution of the issues of the case has to be balanced with the legitimate needs of both sides to conduct appropriate and adequate discovery.  The Court believes that the deadline for discovery and motion practice set forth in the above order fairly and reasonably accomplishes this objective.

testify, both as to liability and damages, given the fact that there will be overlap in these issues that can be resolved without the necessity of repeated depositions of the same individual.

**90** days thereafter, the parties shall confer, exchange and file lists designating all experts they intend to call as witnesses at the trial of their case.  In addition to the names and addresses of such expert witnesses, any and all reports by said experts shall be exchanged at this time.  If a designated expert has not completely his or her research and report, a tentative report shall be forthcoming with an indication of the estimated date the final report will be completed and the reasons for the delay between the tentative and final reports.

**30** days thereafter, counsel shall file any objections they may have to experts designated by another party and any request for an evidentiary hearing under the guidance of the United States Supreme Court and *Daubert*.  Briefs should be filed with any motions directed to the objections to the opponent's expert focusing (1) the qualifications of the expert, and (2) the need or necessity for the testimony of the expert.  For example, it is reasonable to expect testimony from a damage expert, whereas the necessity for having someone come in to testify with opinion evidence regarding the "high to low" procedure Plaintiffs complain violates the law, is more speculative and many not be needed.

**APRIL 11 - MAY 30, 2011: DAUBERT HEARINGS.**
To be set as may be needed to consider expert testimony.

**JUNE 13, 2011: DEADLINE FOR COMPLETION OF DISCOVERY.**
No discovery will be permitted after this date, in order that the parties and the court have all facts of record prior to the deadline for filing motions and at pre-trial conference.

**JUNE 28, 2011: MEDIATION COMPLETED AND REPORT FILED.**

**JULY 13, 2011: DEADLINE FOR FILING ALL MOTIONS.**  Pleading practice ends on this date except for a response by opposing party and reply to response by moving party.  **ALL MOTIONS, INCLUDING MOTIONS IN LIMINE, SHALL BE FILED PRIOR TO THIS DATE.**
Motions for extension of time for replies and responses cannot be granted due to the limited (60-day) time limit for the Court's consideration of

motions and responses filed on the last day. All unresolved motions will be considered and ruled upon at the pre-trial conference.

**TEN** days prior to PTC: One attorney from each party having authority to enter into stipulations and make admissions, shall meet to prepare and file the final pre-trial stipulation.

The attorneys must stipulate to a "Statement of the Case," as required by the local rules of court. It will be unacceptable, and the pre-trial stipulation is subject to rejection by the court for the attorneys to draft separate Statements of the Case (i.e., one for the plaintiff, one for the defendant). A unilateral statement of the case by one party is not a stipulation of facts as contemplated by the Rules. This is not the place for counsel to make opening statements or closing arguments for their clients. It is a joint stipulation of what the case is about.

**SEPTEMBER 23, 2011: DEADLINE FOR FILING PRE-TRIAL STIPULATION.** The pre-trial stipulation must be filed with the Clerk of Court. A courtesy copy of the pre-trial stipulation shall be provided to chambers and chambers notified at (305) 523-5105 of any settlement between the parties by 4:30 p.m. on this date.

**SEPTEMBER 30, 2011 AT 9:30 A.M.: PRE-TRIAL CONFERENCE.** The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented party. If there are any unresolved pending motions, counsel must be fully prepared to present argument to the court and may expect the court to rule on said motions at the final pre-trial conference. It is the purpose of the court in setting this schedule to have all issues resolved, with nothing for the attorneys to do between final pre-trial conference and trial, except to summon and prepare their witness for trial. It eliminates last-minute motion and discovery practice requiring lawyers to frantically respond to notices of deposition and motions.

**OCTOBER 31, 2011: TRIAL.**

The parties may stipulate to extend the time to answer interrogatories, produce documents and respond to requests for admissions. The parties shall not file notices or motions memorializing such stipulations unless the stipulation interferes with the

10

deadlines set forth above.  Stipulations that interfere with the above deadlines may be made only with the Court's approval.  In addition to the documents enumerated in Local Rule 26.1.B., the parties shall not file notices of deposition with the Court, unless attached to motions as exhibits.

Discovery motions (which must contain the Local Rule 7.1 A.3 certification) shall be handled on an expedited briefing schedule to prevent interruption and delay to the above pre-trial schedule.  The parties shall file responses to discovery motions no later than the fifth business day after a motion is filed.  Reply memoranda shall be filed no later than the third business day after oppositions to discovery motions are filed.  Any contrary deadlines that appear on the Court's docket or the attorneys' deadline report, generated by CM/ECF, cannot serve to modify this Order.  No additional days for "mailing" provided by CM/ECF or any other rules, will extend the briefing schedule for discovery motions.

This order, establishing the deadlines for completion of motion practice, discovery, and filing of Pretrial Stipulation shall be strictly followed by counsel, notwithstanding any  Local Rule of Court or private agreement between counsel, any filed (or unfiled) proposed Local Rule 16 scheduling deadlines, or any other order of the court by other Judges in unrelated cases.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, dated this 13th day of May,

2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record