# EXHIBIT A

Case 1:09-md-02036-JLK   Document 493-1   Entered on FLSD Docket 05/20/2010   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
)
MDL No. 2036 )
)
_____ )

_____
)
THIS DOCUMENT RELATES TO: )
)
Johnson v. KeyBank National Association )
S.D. Fla. Case No. 1:10-cv-21176-JLK )
)
_____ )

## DECLARATION OF DAVID M. JOHNSON

Pursuant to 28 U.S.C. § 1746, I, DAVID JOHNSON, declare as follows:

1.      I am the Plaintiff in this matter, and a customer of KeyBank. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      I opened a checking account with KeyBank on November 27, 1991 at the Andover Park branch that is located at 275 Andover Park West, Seattle, WA 98188. I am a current customer with KeyBank. In the past 19 years, I frequented the branch banks in Washington on a regular basis, which at times has been both weekly and monthly.

3.      When I opened my checking account with KeyBank, I do not recall ever receiving a deposit agreement. If I did, it would have been after I already opened my account. I never recall a notice telling me KeyBank was adding an arbitration provision to my agreement. If they did, it must have been hidden in fine print, and it must have been on a "take it or leave it basis."

I also do not recall ever agreeing to an arbitration provision of any dispute that would arise out of my deposit agreement.

4. When I discovered my overdraft charges, I went in person to the downtown Kent, Washington branch to discuss them with a customer representative. At that time, the customer representative never raised the issue that I had to arbitrate the dispute, or that there was an opt out provision in the arbitration provision. I simply had no idea I was expected to arbitrate the dispute until I received KeyBank's motion to compel arbitration.

5. I have never used any of the KeyBank branches in Ohio. I have only banked with KeyBank in Washington state.

6. My checks and all of my bank statements and other notices and communications from KeyBank have been sent to my addresses over the past 19 years, all of which have been in Washington.

7. If I am forced to take this matter through arbitration, it will present an enormous financial hardship. I do not have the disposable income to pay for a lawyer and arbitration fees and costs.

8. I would have not been able to have brought this case individually. I would not be able to find legal representation or afford to pay for the fees and costs of the action.

9. I received noticed in my September 30, 2009 Key Express Checking Statement that the arbitration provision was amended. Attached here to as Exhibit A is my September 30, 2009 Key Express Checking Statement.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

DATED this 18th day of May, 2010, at Kent, Washington.

Respectfully submitted,

By _____
DAVID M. JOHNSON

# Exhibit A

*Key Express Checking*
*Statement*

*September 30, 2009*

### KeyNotes (continued)

In Section 10, the eighth paragraph will be replaced with the following bolded paragraph to reflect changes in the number of days for you to review your Account statement and report any errors or other irregularities to us.

**You must notify us as soon as possible after receiving your Account statement if you believe there is an error or irregularity of any kind, including any unauthorized transaction or signature, lack of signature or alteration. You agree that thirty (30) days after we mailed a statement (or otherwise made it available to you) is a reasonable amount of time for you to review your Account statement and report any errors or other irregularities. In addition, by law we may be relieved of any potential liability for multiple unauthorized signatures or alterations by the same wrongdoer if you do not notify us in writing within thirty (30) days after your statement containing the first such irregularity was mailed or otherwise made available to you. Similarly, by law we may be relieved of any potential liability for losses arising due to your negligence. You agree that failure to report any error or irregularity in writing within thirty (30) days after we mailed your statement (or otherwise made it available to you) shall preclude you from recovering any amounts from us. No legal proceeding or action shall be brought by you against us to recover any amount alleged to have been improperly paid out of the Account (as well as related losses) due to an unauthorized transaction or signature, alteration or other defect unless (1) you have given the written notice provided above, and (2) such action shall have been commenced within the time required by applicable law. Transactions involving electronic funds transfers may be governed by the Electronic Fund Transfer Act and may be subject to KeyBank's Terms and Conditions for Electronic Fund Transfer Transactions.**

In Section 10, the following new paragraph pertaining to remotely created checks will follow the eighth paragraph in this section and the current last paragraph of this section remains unchanged.

You may not deposit remotely created checks (items not bearing the maker's signature, but purporting to be authorized by the maker) to an account with us without our prior, express written consent. If you deposit remotely created checks with us, you agree that we may withhold a portion of the proceeds of such drafts or other funds in your Accounts in a reserve account, in an amount that we reasonably believe may be needed to cover future chargebacks, returned items, and/or claims that such drafts were unauthorized. You grant us a security interest in the reserve account. Unless we agree otherwise in writing with you, reserve funds shall not bear interest. Our rights to charge your Account for returned remotely created checks will not be limited by the balance or existence of any reserve. Our rights with respect to the reserve, as well as the security interest granted to us, shall survive the termination of this Agreement. We may discontinue accepting remotely created checks at any time without cause or prior notice.

Revisions to **Section 25. Arbitration Provision** are effective immediately.
In **Section 25. Arbitration Provision** in the first sentence of the fourth paragraph the National Arbitration Forum is being replaced with the American Arbitration Association. Under the last paragraph of the section, **Contacting Arbitration Administrators** the contact information for the National Arbitration Forum is being deleted and the contact information for the American Arbitration Association is being added as follows:  **American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019, www.adr.org.** (800) 778-7879, Commercial or Consumer Rules.

Please read and retain this important information with all of your Account opening Agreements and Disclosures. A complete copy of the revised *Deposit Account Agreement* and *Funds Availability Policy* is available at any KeyBank branch.

