# EXHIBIT J

# CHASE

### Important Customer Information

Your Chase Deposit Account Agreements and Disclosures are hereby amended as follows:

1. General Rules and Regulations, Part III(C): General Contractual Rules, Paragraph 11 ("Waiver of Jury Trial") is hereby deleted.

2. General Rules and Regulations, Part III(C): General Contractual Rules, Paragraph 17 ("Jurisdiction and Venue") is hereby deleted in its entirety and the following is substituted in its place:

   "**17. Arbitration.**

   PLEASE READ THIS PROVISION CAREFULLY. IT PROVIDES, WITH THE SPECIFIC EXCEPTION STATED BELOW, THAT ANY DISPUTE MUST BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR TO BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MIGHT OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS). EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS THE RIGHT TO APPEAL AND TO CERTAIN TYPES OF DISCOVERY, MAY BE MORE LIMITED OR MAY ALSO BE WAIVED.

Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy raised by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, heirs, agents or assigns of the other, arising from or relating in any way to this Agreement, any prior account agreement between us, or the advertising, the application for, or the approval of your Account (the "Claim" or "Claims"). All Claims originating from or relating to this Agreement are subject to arbitration, no matter what theory they are based on or what remedy they seek, whether legal or equitable. This includes Claims based on contract, tort (including intentional tort), fraud, agency, negligence, statutory or regulatory provisions, or any other sources of law, or any request for equitable relief.

Claims subject to arbitration include Claims that are made as counterclaims, cross claims, third party claims, interpleaders or otherwise, and any party to a proceeding in court may elect arbitration with respect to any Claims advanced in the lawsuit by any party or parties.

As an exception to this arbitration provision, you retain the right to pursue in a small claims court, any Claim that is within that court's jurisdiction and proceeds on an individual basis.

If you or we elect to arbitrate a Claim, the arbitration will be conducted as an individual action. Neither you nor we consent or agree to any arbitration on a class or representative basis, and the arbitrator shall have no authority to proceed with any arbitration on a class or representative basis. This arbitration provision applies to and includes any Claims made and remedies sought as part of any class action, private attorney general or other representative action, which Claims hereby are made subject to arbitration on an individual (non-class, non-representative) basis. This means that even if a class action lawsuit or other representative action, such as that in the form of a private attorney general action, is filed, any Claim between us related to this Agreement raised in such lawsuits will be subject to an individual arbitration Claim if either you or we so elect.

The party filing a Claim in arbitration must select either one of two national arbitration administrators: the National Arbitration Forum ("NAF") or the American Arbitration Association ("AAA"). The arbitration organization that is selected will apply its code or procedures in effect at the time the arbitration claim is filed, unless any portion of that code or those procedures is inconsistent with any specific terms of this arbitration provision and/or this Agreement, in which case this arbitration provision and this Agreement shall prevail. The arbitration will be conducted before a single arbitrator. The arbitrator will apply applicable substantive law, including but not limited to the applicable Uniform Commercial Code, consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and the applicable statute of limitations or condition precedent to suit, and will honor claims of privilege recognized at law. The arbitrator will have the power to award to a party any damages or other relief provided for under applicable law, and will not have the power to award relief to, against, or for the benefit of any person who is not a party to the proceeding. The arbitrator's authority is limited solely to the Claim(s) between you and us alone. The arbitration may not be consolidated with any other arbitration proceeding. You and we do not agree to any arbitration on any basis to which any party other than you and we, the parties related to us enumerated above such as heirs, successors and assigns, or any other person obligated on the Account, is involved.

Any decision rendered in such arbitration proceeding will be final and binding on the parties, unless a party appeals in writing to the arbitration organization within 30 days of issuance of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration organization. The panel will reconsider all factual and legal issues anew, follow the same rules and laws that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. An award in arbitration will be enforceable as provided by the FAA or other applicable law by any court having jurisdiction.

We will reimburse you for the initial arbitration filing fee paid by you up to the amount of $500. If there is a hearing, we will pay any fees of the arbitrator and arbitration administrator for the first two days of that hearing. If you prevail in the arbitration of any Claim against us, we will reimburse you for any fees you paid to the arbitration organization in connection with the arbitration. All other fees, including attorneys' fees, will be allocated in keeping with the rules of the arbitration administrator. Rules and forms may be obtained from, and Claims may be filed with, either of the two organizations, as follows: the NAF at P.O. Box 50191, Minneapolis, Minnesota 55405, web site at www.arb-forum.com; or the AAA at 335 Madison Avenue, Floor 10, New York, New York 10017, web site at www.adr.org. Any arbitration hearing at which you wish to appear will take place at a location within the federal judicial district that includes your address at the time the Claim is filed.

This arbitration provision is part of and constitutes a transaction involving interstate commerce, and shall be governed by the FAA.

This arbitration provision applies to all Claims relating to your Account that arose in the past, which may presently be in existence, or which may arise in the future. This arbitration provision shall survive termination of this Agreement. If we assign your Account to any unaffiliated third party, this arbitration provision will apply to any Claim between you and that third party, or to any Claim between you and us which occurred prior to such assignment or arises from such assignment."

Member FDIC
©2005 JPMorgan Chase Bank, N.A.                    EOSI0406