UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

Powell-Perry, et al. v. Branch Banking & Trust Co.
S.D. Fla. Case No. 1:10-cv-20820-JLK

Barras v. Branch Banking & Trust Co.
S.D. Fla. Case No. 1:10-cv-20813-JLK

Given v. M&T Bank Corporation
S.D. Fla. Case No. 1:10-cv-20478-JLK

Hough, et al. v. Regions Financial Corporation, et al.
S.D. Fla. Case No. 1:10-cv-20476-JLK

Buffington, et al. v. SunTrust Banks, Inc.
S.D. Fla. Case No. 1:09-cv-23632-JLK

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT
MOTION TO STAY LITIGATION PENDING APPEAL**

Plaintiffs oppose the Joint Motion to Stay Litigation Pending Appeal filed by defendants Branch Banking & Trust Co., M&T Bank Corporation, Regions Financial Corporation and SunTrust Banks, Inc. **[DE # 491]**.[1] A stay of the above-styled actions, as sought by these defendants, will undermine the efficiencies the MDL process is designed to foster and delay all

---

[1] Unless otherwise noted, all docket entries relate to Case No. 1:09-MD-02036-JLK.

further proceedings in this MDL against four large banks for an extended period of time. While these banks offer lip-service to the notion that they do not favor delay, their refusal to request expedited appeals demonstrates otherwise. Contrary to their suggestion, an expedited appeal is certainly appropriate here given the fact that these cases are included in an MDL. As such, the Court should not accept these banks' half-hearted effort to show that their appeals may be successful.

Plaintiffs acknowledge the Eleventh Circuit's recent order in *Gordon v. Branch Banking & Trust Co.*, No. 09-15399-AA, which stayed that case pending appeal. In this instance, however, considering the impact of staying proceedings against four large banks and those banks' refusal to agree to expedite their own appeals, a stay should be denied.

**I.      Procedural History.**

These defendants' opposition to inclusion in MDL No. 2036 has been apparent from the outset. Indeed, each of the movants opposed transfer to the Southern District of Florida as part of this proceeding. *See generally* SunTrust's Motion to Vacate **[DE # 51 in MDL No. 2036]**; BB&T's Motion to Vacate in *Barras* **[DE # 99 in MDL No. 2036]**; BB&T's Motion to Vacate in *Powell-Perry* **[DE # 92 in MDL No. 2036]**; Regions' Motion to Vacate **[DE # 100 in MDL No. 2036]**; M&T's Motion to Vacate **[DE # 90 in MDL No. 2036]**.[2] After the JPML disposed of each bank's frivolous motion to vacate, the actions were transferred to this Court. *See* Dec. 1, 2009 Transfer Order **[DE # 111]**; Feb. 3, 2010 Transfer Order **[DE # 133]**.

On April 20, 2010, this Court heard oral argument and thereafter denied the motions to compel arbitration filed by BB&T, M&T, Regions and SunTrust. *See* May 10, 2010 Order **[DE # 447]**. A few days later, the banks notified plaintiffs they intended to appeal the May 10th

---

[2] BB&T even continued to fight the inclusion of *Barras* and *Powell-Perry* in MDL No. 2036 after the JPML had denied its Motion to Vacate in *Gordon*.

Order, and requested that plaintiffs stipulate to a stay of all proceedings pending review. Plaintiffs indicated they would agree to the stay request provided the banks agreed: (i) to petition the Eleventh Circuit to expedite the appeals; and (ii) not to seek any significant extensions of the briefing deadlines. The banks refused. On May 19, 2010, each bank filed a notice of appeal. **[DE # 485, 486, 488, 489]**. Simultaneously, they filed their joint motion seeking a stay pending appeal. **[DE # 491]**.

**II.    Argument.**

As the Eleventh Circuit established in *Blinco v. Green Tree Servicing, LLC*, upon filing of a motion to stay "either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case." 366 F.3d 1249, 1252 (11th Cir. 2004) (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). Defendants' appeals are without merit and this Court's well-reasoned May 10th Order will be affirmed on appeal. Therefore, a stay is appropriate.

Although the Eleventh Circuit's recent order in *Gordon* resulted in the issuance of a stay pending appeal, the "jurisprudential concerns" that exist here further militate against a stay. Indeed, such jurisprudential concerns, *i.e.* the efficiencies gained by the MDL process, appear to be completely lost on the banks, which refuse even to speed their return to the MDL.

**A.    Defendants' Appeals Are Frivolous.**

The MDL proceedings related to BB&T, Regions, M&T Bank and SunTrust need not be stayed if this Court deems their appeals of the arbitration ruling to be frivolous. *Blinco*, 336 F.3d at 1252. While courts have used somewhat varied language in making this determination, the basic idea is that an appeal can be found frivolous if it lacks colorable support or is contrary to recent controlling case law. *See, e.g.*, *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993); *In re*

3

*Britton*, 950 F.2d 602, 607 (9th Cir. 1991); *Amwest Mortage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991); *Bahena v. American Voyager Indem. Ins. Co.*, 2008 WL 874851, at *1 (M.D. Fla. Mar. 27, 2008) ("the existing case law does not support [the appellant's] position"); *Kirleis v. Dickie, McCamey & Chicolte, PC*, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007) (denying motion to stay because appeal lacked "colorable support"); *also Hill v. Peoplesoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004) (finding that recent appellate court ruling "renders the Defendant's appeal questionable, if not frivolous"); *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 1835642, at *1 (D. Minn. Aug. 5, 2002). Applying this standard, it is clear that the appeals filed by the banks are frivolous because their positions are directly contrary to the controlling authority relied upon by this Court in its order denying the motions to compel arbitration.

      **B.**      **Defendants' Conduct Undermines The Benefits Of The MDL Process.**

As counsel for plaintiffs noted in *Gordon*, when considering whether a district court must stay all proceedings pending an interlocutory appeal of a district court's denial of a motion to compel arbitration, a number of courts have held that an inquiry should be made into whether the stay is warranted based on jurisprudential concerns. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2nd Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). The jurisprudential concerns at play here appear to be totally lost on these banks. The *raison d'être* of the MDL process is to consolidate and/or coordinate cases so that they may proceed, to the extent possible, on a single track, and thereby create efficiencies that inure to the benefit of the parties and the courts. Carving these four banks out of the instant proceedings while they pursue an appeal that is unlikely to succeed is anathema to the central goal of the MDL process because doing so will frustrate the very efficiencies the MDL is designed to produce.

4

Here, where numerous actions against many of the major U.S. banks have been transferred for pre-trial purposes under the MDL Rules, the majority of the defendants – with the exception of BB&T, Regions, M&T Bank and SunTrust – stand ready and willing to take advantage of the efficiencies gained by the MDL process. As this Court is aware, discovery is already underway in the actions brought against the first group of banks, and will likely begin shortly against a second group of bank defendants which did not seek to compel arbitration. These four banks' insistence upon a stay while they pursue appeals that are unlikely to be successful will seriously undermine the benefits to the parties and the Court envisioned by the creation of MDL 2036.

### C. Expedited Appeals Are Appropriate In This Instance.

Defendants' commentary regarding plaintiffs' request that these banks seek expedited appeals further illustrates their reluctance to embrace the MDL process. Contrary to what the banks would have this Court believe, expedited appeals are not reserved exclusively for *habeas corpus* cases and appeals dealing with injunctions. Indeed, nowhere in the Eleventh Circuit's rules are such strict limits established. Federal Rule of Appellate Procedure 2 establishes that "[o]n its own or a party's motion, a court of appeals may – to expedite its decision or for other good cause – suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)." Consistent with this rule, 11th Circuit Rule 27-1(d)(9) provides:

> Under FRAP 27(c), a single judge may, subject to review by the court, act upon any request for relief that may be sought by motion, except to dismiss or otherwise determine an appeal or other proceeding. Without limiting this authority, a single judge is authorized to act, subject to review by the court, on the following motions:
>
> . . .
>
> (9) to expedite appeals.

5

Furthermore, Internal Operating Procedure 3 to 11th Circuit Rule 27-1 provides that "[a]n appeal may be expedited only by the court upon motion and for good cause shown. Unless the court otherwise specifies, the clerk will fix an appropriate briefing schedule which will permit the appeal to be heard at an early date." Finally, 11th Circuit Rule 34-4(e) provides that "[t]he court may, on its own motion or for good cause shown on motion of a party, advance an appeal for hearing and prescribe an abbreviated briefing schedule." Nowhere in any of these rules does it state that expedited appeals are limited to certain categories of cases.

Moreover, there is absolutely no merit to these banks' "concern" that an expedited appeal would result in their not being afforded "full and informed briefing" before the Eleventh Circuit. *See* Joint Motion, p. 11 **[DE # 491]**. Rather, the result that will inure from an expedited appeal would be an abbreviated briefing schedule and advanced hearing date. *See* 11th Cir. R. 34-4(e). Any suggestion that the Eleventh Circuit would not afford the banks full consideration is spurious. Given that the efficiencies of the MDL process will be diminished by a stay, at the very least an expedited appeal is appropriate to mitigate this negative consequence.

## CONCLUSION

A stay pending appeal in this instance is inappropriate. Given this Court's well reasoned Order denying the motions to compel arbitration, it is clear that the appeals lack colorable support. Moreover, these banks' prior efforts to prevent their entry into the MDL process, and their refusal to fast-track their appeals, emphasizes the jurisprudential importance of advancing the litigation against these four banks. Plaintiffs respectfully submit that the stay should be denied.

Dated: May 25, 2010.

Respectfully submitted,

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
bruce@abbrclaw.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@abbrclaw.com
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Barry R. Himmelstein
Barry R. Himmelstein, Esquire
California Bar No. 157736
bhimmelstein@lchb.com
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
Mikaela Bernstein, Esquire
California Bar No. 261301
mbernstein@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000 / Fax: 415-956-1008

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street - Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177 / Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E 58th street - 34th Floor
New york, NY 10155
Tel: 212-486-6060 / Fax: 212-317-2946

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
adam@webllc.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
flemond@webllc.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Melissa K. Hutts, Esquire
Texas Bar No.  0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Ave. – Suite 1100
Dallas, TX 75219
Tel: 214-521-3605/ Fax: 214-520-1181

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
bobby@abbrclaw.com