A CERTIFIED TRUE COPY
ATTEST
By Dana Stewart on Jun 03, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Jun 03, 2010

FILED
CLERK'S OFFICE

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

Robert Townsend v. Wells Fargo Bank & Co., et al., )
 C.D. California, C.A. No. 2:10-550 )   MDL No. 2036

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in an action pending in the Central District of California (*Townsend*) has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate that portion of our order conditionally transferring the action to the Southern District of Florida for inclusion in MDL No. 2036. Responding defendants Wells Fargo Bank, N.A., Wells Fargo & Co., JPMorgan Chase Bank, N.A., and JPMorgan Chase & Co. oppose the motion to vacate.

After considering all argument, we find that this action involves common questions of fact with actions in this litigation previously transferred to the Southern District of Florida, and that transfer of the action to the Southern District of Florida for inclusion in MDL No. 2036 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of Florida was a proper Section 1407 forum for actions involving claims relating to the alleged improper imposition of bank checking account overdraft fees. *See In re Checking Account Overdraft Litigation*, 626 F.Supp.2d 1333 (J.P.M.L. 2009). The *Townsend* action clearly falls within the scope of MDL No. 2036.

In his motion, plaintiff, a California resident who is proceeding *pro se*, argues, *inter alia*, that transfer of his action to a distant forum would impose significant costs on him, and a California judge should decide his claims for violation of California law. We respectfully disagree with these arguments. In deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation. *See, e.g., In re ClassicStar Mare Lease Litigation*, 528 F.Supp.2d 1345, 1347 (J.P.M.L. 2007). Because such transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c). With respect to plaintiff's state law argument, we note that it is hardly unusual that the circumstances of

---

[*] Judge Heyburn took no part in the disposition of this matter.

- 2 -

an MDL require a transferee judge to apply the laws of one or more states. *See, e.g., In re Data General Corp. Antitrust Litigation*, 510 F.Supp. 1220, 1227 (J.P.M.L.1979).

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

      PANEL ON MULTIDISTRICT LITIGATION

Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |