IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Luquetta v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. 2:09-cv-06967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JPMORGAN CHASE BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS RELATING TO CLAIMS OF PLAINTIFFS WILLIAMS, BISS, RUIZ, RUIZ, KIRKLAND, AND MILLER**

Plaintiffs generally make the same arguments in opposition to the instant motion as they do in their opposition to Chase's similar motion to stay the *Lopez* case in favor of arbitration. Accordingly, as noted below, Chase largely incorporates its *Lopez* reply brief here.

As in the *Lopez* case, Chase has moved the Court to stay proceedings, in favor of arbitration, only as to the individual claims of the six New Plaintiffs added to this case for the first time on April 12, 2010. Chase is *not* asking this court to stay proceedings as to the individual claims of the Original Plaintiff (Luquetta), and the case will presumably go forward as to her.[1]

---

[1] The complaint filed by Kirkland in the Southern District of California was transferred to this Court on November 18, 2009. [Dkt. No. 152.] Chase never answered or moved against that complaint, and the complaint was voluntarily dismissed by Kirkland on May 17, 2010. [Dkt. No. 473.]

## ARGUMENT

**I.     Chase Has Not Foresworn Enforcement Of Its Arbitration Agreements**

Chase incorporates by reference argument Part I in the *Lopez* reply brief.

**II.    Chase Has Not Waived Its Right To Arbitrate The Claims Of Plaintiffs Williams, Biss, Ruiz, Ruiz, Kirkland And Miller**

Chase incorporates by reference argument Part II in the *Lopez* reply brief.

**III.   The New Plaintiffs' Arbitration Agreements Are Not Unenforceable On Unconscionability Grounds**

    **A.    Enforcement Of The Arbitration Contracts Would Not Be Unconscionable Under California Law**

Chase incorporates by reference argument section III.A. in the *Lopez* reply brief, addressing general procedural and substantive unconscionability principles and Chase's Agreements. In addition, Chase states as follows. Plaintiffs rightly acknowledge that they have the burden to establish both the procedural and substantive unconscionability. Opp. at 12. They can show neither.

As to procedural unconscionability, plaintiffs claim that their contract was made on a "take it or leave it" basis, and that the text was "buried on pages 19 and 20," and "at no point prior to page 19 of the document is the fact that an arbitration provision is included in the document ever mentioned." Opp. at 13. Their procedural unconscionability argument is incorrect and contrary to the uncontested documentary and declaration evidence Chase submitted. First, as the Pettit Declaration states in paragraph 28, the Agreement states up-front, on page 4, that an arbitration provision is included, and explicitly directs the accountholder to

page 32 to review it.[2]  There, the accountholder finds, highlighted by an appropriate heading and in all capital letters, the arbitration provision.  None of the New Plaintiffs has submitted any affidavit or other evidence indicating that they bothered to look at their agreement, or cared what it said, and were unable to see and understand the arbitration provision.  Second, as Chase noted in its opening brief, any Chase customer uncomfortable with the bank's terms could choose to bank with one of the many other banks in California.[3]  The New Plaintiffs have submitted no affidavit or other evidence that they found the arbitration terms undesirable at the time, much less that they sought and were unable to find another bank with different terms.

As in *Lopez*, the New Plaintiffs in this case also fail to substantiate any claim of substantive unconscionability.  They do not contend that the arbitration terms were substantively unacceptable to them when their agreements were formed.  Accordingly, it is impossible to say that the customer agreements are in practice "so one-sided as to 'shock the conscience,'" as California law would require.  *Arguelles-Romero v. Superior Court*, No. B219178, 2010 WL

---

[2]  Plaintiffs' opposition bases its argument about procedural unconscionability in part on a description of a document it wrongly asserts to be the account disclosures they received from Chase when their account terms transitioned from WaMu terms.  Opp. at 13.  The document their brief refers to was not what Chase sent to them to establish their new account terms, and their assertions about the document are not an accurate description of the disclosures they did receive. Unsurprisingly, plaintiffs do not provide any affidavit or other evidence to attempt to authenticate the document they wrongly refer to.  The correct document is attached as Exh. B to the Pettit Declaration, and is accurately described in Chase's opening brief at page 4.

[3]  The contract at issue in *Aral v. EarthLink, Inc.*, 36 Cal. Rptr. 3d 229 (Cal. Ct. App. 2d Dist. 2005), on which plaintiffs rely, contained the element of unfair surprise that the California Supreme Court disapproved of in *Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005). Customers consented to the terms of the EarthLink contract "through installation of the software or through materials included in the package mailed with the software." *Aral*, 36 Cal. Rptr. 3d at 238.  By contrast, plaintiffs were provided with account rules and regulations well in advance of the time when their accounts were transitioned from WaMu to Chase, giving them the opportunity to move to a different bank if they were uncomfortable with Chase's policies.  *See* Pettit Decl. ¶ 25 (new rules and regulations were mailed on or about July 24, 2009, and became effective October 23, 2009); Pettit Decl., Ex. B at 4 (noting the effective date of the new rules and regulations was October 23, 2009).

1915957, at *11 (Cal. Ct. App. 2d Dist. May 13, 2010) (internal citation omitted).  Moreover, the New Plaintiffs have not submitted any affidavit indicating that they are unable to obtain complete vindication of their claims through the arbitration process provided for.  They have not submitted evidence that financial considerations would preclude resort to arbitration.  Indeed, they do not even press such a point as a matter of abstract argument, doubtless because it is undisputed that Chase will be paying for the arbitration process.  The situation presented here is thus like the one addressed in the Court's Order enforcing the arbitration contracts of Huntington Bank.  Here, as there, "[u]nder the facts in this case, the Court finds that the potential costs of arbitrating a claim would not deter potential plaintiffs from seeking to vindicate their rights in an arbitral forum."  Order Granting Motion to Compel Arbitration, *Gulley v. Huntington Bancshares Incorp., et al.* [Dkt. No. 514] at 7.

### B. The FAA Precludes Invalidation On Unconscionability Grounds Here

Chase incorporates by reference argument section III.B. in the *Lopez* reply brief.

### C. There Is Nothing Wrong With The AAA

Chase incorporates by reference argument section III.C. in the *Lopez* reply brief.

### CONCLUSION

The claims of the New Plaintiffs should be stayed in favor of arbitration.

Dated:  June 14, 2010

        WILMER CUTLER PICKERING HALE
         AND DORR LLP


        s/ Christopher R. Lipsett
        Christopher R. Lipsett
        (chris.lipsett@wilmerhale.com)

David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendant JPMorgan Chase Bank, N.A.*