UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Powell-Perry, et al. v. Branch Banking & Trust Company*
S.D. Fla. Case No. 10-cv-20820-JLK
M.D. N.C. Case No. 09-cv-00619

*Barras v. Branch Banking & Trust Company*
S.D. Fla. Case No. 1:10-cv-20813-JLK
M.D. N.C. Case No. 09-00678

*Given v. M&T Bank Corporation*
S.D. Fla. Case No. 10-cv-20478-JLK
Md. Case No. 09-cv-02207

*Hough, et al. v. Regions Financial Corporation, et al.*
S.D. Fla. Case No. 1:10-cv-02476-JLK
N.D. Ga. Case No. 09-02545

*Buffington, et al. v. SunTrust Banks, Inc.*
S.D. Fla. Case No. 09-cv-23632-JLK
N.D. Ga. Case No. 09-01558

**ORDER GRANTING STAY PENDING INTERLOCUTORY APPEAL
UPON POSTING OF SUPERSEDEAS BOND**

Defendants' Joint Motion to Stay for an indefinite period of time, while they pursue a rarely granted interlocutory appeal will stop all participation in five of the presently-pending 41 cases consolidated in this substantial multi-district litigation. Traditionally, the filing of appeals from orders of trial judges entered at preliminary stages prior to trial, denying motions to dismiss, motions for summary judgment, motions for regulating the conduct of discovery, limiting witnesses and issues to be tried, etc., have not been permitted. This traditional practice has been followed when the cases involve the general categories of negligence, contract, admiralty, securities, patent and other general areas of the law.

An exception, however, applies to contracts of arbitration and orders denying their enforcement when determined to be unconscionable. This circuit, in a case at first impression in *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004), carefully articulated the reasons for declining to follow the split of circuit decisions on the issue of the Ninth and Second Circuits (denying stays) and following the *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997) as limited to a finding the appeal is non-frivolous.

Determining the issue of whether or not five appeals directed to this Court's Order Denying Arbitration dated May 10, 2010 (D.E. #447) are frivolous, motivated by a defense choice to take tactical advantage resulting from halting all proceedings against the five-

named defendant banks while discovery proceeds with the 37 other cases in this substantial litigation, as contended by Plaintiffs, is the first priority decision.[1]

The Defendant Banks assert the appeals and requests for stay are not frivolous and that they are entitled to rely upon law of this circuit as established in *Blinco* and *Gordon v. Branch Banking and Trust*, No. 09-15399-AA (11th Cir. March 17, 2010) (order granting stay). Defendants assert "*Blinco* imposes two requirements on Defendants seeking a stay pending appeal: 1) The appeal must be from an Order Denying a Motion to Compel Arbitration; and 2) The appeal must not be frivolous."

This Court finds the foregoing requirements for stay pending an interlocutory appeal, have been met. Clearly, the appeals are from an order denying motions to compel contracts of arbitration. That the 23-page opinion, analyzing the statutory enactments of the laws of North Carolina, South Carolina, Maryland, and Georgia, involve intensive analysis and thorough consideration of complex legal issues involving arbitration, is beyond dispute. While firmly believing in the correctness of the May 10, 2010 Order (D.E. #447) and the legal interpretations stated therein, appellate review of these issues is certainly warranted and welcomed.

---

[1] As stated in *Blinco*:
"Accordingly, the proper course of obtaining a stay in this context follows. When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous. If the district court denies the motion to stay, then the appellant may file a motion to stay in this Court. If this Court determines that the appeal is non-frivolous, then this Court should stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration."

It is the Plaintiffs' position that the analysis also requires an inquiry as to whether or not a stay is warranted based upon "jurisprudential concerns." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2nd Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990). Plaintiffs' argument, suggesting that MDL trial litigation may be an exception to *Blinco* and *Gordon* has merit and makes this issue a close legal question. Plaintiffs argue: "The *raison d'être* of the MDL process is to consolidate and/or coordinate cases so that they may proceed, to the extent possible, on a single track, and thereby create efficiencies that inure to the benefit of the parties and the courts. Carving these four banks out of the instant proceedings while they pursue an appeal that unlikely to succeed os anathema to the central goal of the MDL process because doing so will frustrate the very efficiencies the MDL is designed to produce."

Discovery has already commenced and motion practice is proceeding with respect to all of the 41 presently-pending consolidated cases under this MDL assignment. The Order establishing requirements for the accomplishment of this consolidated pre-trial work was carefully determined after full consultation with all counsel, briefing and oral argument in this Court's Order of May 13, 2010 (D.E. #463).[2] Entry of the requested stay will have the

---

[2]   Briefly summarizes the Court's 12-page order sets the following deadlines:

| May 13, 2010 | Discovery on all issues commences |
|---|---|
| September 20, 2010 | Deadline for the filing of Plaintiffs' motions for class certification. |

4

practical effect of removing these five cases[3] (and four defendants) from all participation in the massive ongoing discovery in the other 37 cases and from any necessity to attend, what the Court anticipates will be a substantial number of depositions, hearings on motions relating to discovery issues, *Daubert* motions, summary judgment motions, pre-trial conferences, status conferences and court attendance. All of this work, should the Court's

| | |
|---|---|
| November 1, 2010 @ 9:30 a.m. | Oral argument on anticipated motion for class certification |
| April 11- May 30, 2011 | *Daubert Hearings* (to be set as may be needed to consider expert testimony |
| June 13, 2011 | Deadline for completion of discovery |
| June 28, 2011 | Mediation completed and report filed |
| July 13, 2011 | Deadline for filing all motions |
| September 23, 2011 | Deadline for filing pre-trial stipulation |
| September 30, 2011 @ 9:30 a.m. | Pre-Trial Conference |
| October 31, 2011 | Trial |

---

[3] There are currently three other ripe, pending Motions to Compel Arbitration before this Court filed in *Johnson v. KeyBank National Association*, Case No. 10-cv-21176-JLK, *Luquetta v. JPMorgan Chase Bank, N.A.*, Case No. 09-cv-23432-JLK, and *Lopez v. JPMorgan Chase Bank, N.A.*, Case No. 09-cv-23127-JLK which could, depending on the ruling, raise the same issues herein raised.

On May 25, 2010, this Court entered an Order Granting Defendant Huntington Bancshares Incorporated's Motion to Compel Arbitration (D.E. #413) filed in *Gulley v. Huntington Bancshares, Inc.*, et al., Case No. 10-cv-23514-JLK.

Order herein appealed be affirmed, will have to be duplicated at substantial cost to the Plaintiffs and these four Defendants.

It is the obvious objective of the trial court charged with the responsibility of managing a substantial number of consolidated cases to have them proceed on the same procedural track, following the same deadlines for completion of the taking of voluminous discovery, as well as timely resolution of all pre-trial legal issues in order to bring the litigation to conclusion. For the parties, whether they be plaintiffs or defendants, to be separated into discreet groups where they may be starting and stopping the discovery process at different times and for different intervals impacts substantially on the management of the multi-district litigation.[4]

Supersedeas[5]

Here again, a unique problem arises when dealing with MDL litigation and a stay of trial proceedings pending resolution of an interlocutory appeal.

---

[4] Management of MDL scheduling might be compared with scheduling involved with the arrival of many trains on multiple tracks at different times to be followed by differing departures on differing tracks for different destinations occurring everyday in every major metropolitan train station in the world. The principle difference being that it is the goal, in MDL litigation, to keep the trains on the same track with "arrivals and departures at the same time." Cases, unlike trains, should be carefully scheduled so that all of the cases are on the same schedule and not arriving at the courthouse on different schedules, for different hearings and resolution of pre-trial, discovery and legal issues, as contrasted with one resolution in a combined single hearing on a given specific issue.

[5] Federal Rule of Civil Procedure 62(c) provides: "Injunction Pending an Appeal. While an appeal is pending from an interlocutory order . . . that denies an injunction, the court may suspend, . . . on terms for bond or other terms that secure the opposing party's rights."

Plaintiffs argue that if the Court grants Defendants' five Motions to Stay, that the the four Banks should be required to post a supersedeas bond conditioned on payment of the substantial cost to Plaintiffs of the disruption of their MDL litigation. Plaintiffs submit that a stay will cause duplicative, third party discovery of individuals such as consultants to the banking industry and governmental officials. Plaintiffs contend that taking that discovery on a repetitive basis will cause expense and inconvenience to both Plaintiffs and the third parties involved. Plaintiffs submit that each Defendant bank should therefore be ordered to post withe the Clerk of the Court a supersedeas bond of $100,000 ($400,000 in total) to pay for future duplicative, discovery costs.

Stays granted in general (i.e., non-MDL) litigation, between two (or a few) parties bring to a halt all proceedings in the trial court. The resulting cost in delay of entry of a final judgment can be adjusted with the imposition of pre-judgment interest for the delay. In this MDL case, entry of the stay only affects (at this time) a stay of four defendants in five cases. The other 37 cases involving the other defendants is ongoing and a stay effectively removes these four defendants from the ongoing litigation. This (if the orders appealed from are affirmed) results in a costly duplication of all of the ongoing discovery work that will have been concluded during pendency of the appeal.[6]

---

[6] Under *Blinco*, a district court must generally stay a trial court proceeding when an appeal is pending on the failure to compel arbitration. Nevertheless, when dealing with matters of a complex nature, courts have looked to the imposition of a bond to insure that the prevailing party is not harmed by the appeal. *See Oakwood Homes Corp. v. Woodall*, 348 Ark. 575, 576 (Ark. 2002). The purpose of a bond is "to preserve the status quo

7

This potential cost for the duplication of the depositions and other discovery will be greater than merely the award of pre-judgment interest. For these reasons, the Court will require the posting of a supersedeas bond generally required in all cases upon the granting of motions to stay orders of the trial court.

For these reasons, although the Court has concluded that under the law of this Circuit, a finding of non-frivolousness is proper, and will grant the stay, the matter may warrant further consideration. It is therefore,

ORDERED, ADJUDGED and DECREED that all litigation in Multi-District Litigation No. 09-MD-02036-JLK, as it affects and with respect to Defendants Branch Banking and Trust Company, M&T Bank Corporation, Regions Financial Corp., SunTrust Banks, Inc. In the above-named five separate cases be, and the same is hereby STAYED pending issuance and filing of opinions by the United States Court of Appeals for the Eleventh Circuit on their respective appeals from this Court's Order Denying Motions to Compel Arbitration, conditioned upon the posting of a Supersedeas bond as herein set.

---

while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979) (*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981)). Under Federal Rule of Civil Procedure 62, a court has the authority to impose a bond while an appeal is pending from an interlocutory order. *Hebert v. Exxon Corp.*, 953 F2d 936 (5th Cir. 1992).

It is further ORDERED, ADJUDGED and DECREED that this stay shall become effective, for the purposes stated in this Order, upon the posting of a supersedeas bond in the amount of $50,000.00 each (a total of $200,000.00) with the Clerk of the United States Court for the Southern District of Florida, conditioned upon payment of all costs, including court reporting transcripts, witness attendance, and attorney's fees, the direct cost of which are determined by the Court to have been caused by necessary duplication of discovery (including depositions, interrogatories and all duplicative discovery) that Plaintiffs in these specific five cases have had to repeat in the cases of these five Defendant Banks, upon affirmance of the five orders appealed herein; OR if reversed, to be reimbursed to said Defendant Banks.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 15th day of June, 2010.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **Counsel for Plaintiffs:**
Bruce S. Rogow, Esq.
Robert Cecil Gilbert, Esq.
ALTERS BOLDT BROWN RASH & CULMO, P.A.
4141 NE 2nd Avenue, Suite 201
Miami, FL 33137

Robert C. Josefsberg, Esq.
Victor M. Diaz, Jr., Esq.
John Gravante, III, Esq.
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street, Suite 800
Miami, FL 33130-1780

Barry R. Himmelstein, Esq.
Michael W. Sobol, Esq.
Jordan Elias, Esq.
Mikaela Bernstein, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Ruben Honik, Esq.
Kenneth J. Grunfeld, Esq.
GOLOMB & HONIK, P.C.
1515 Market Street - Suite 1100
Philadelphia, PA 19102

Edward Adam Webb, Esq.
G. Franklin Lemond, Jr., Esq.
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339

Ted E. Trief, Esq.
Barbara E. Olk, Esq.
TRIEF & OLK
150 E. 58th Street, 34th Floor
New York, NY 10155

Russell W. Budd, Esq.
Bruce W. Steckler, Esq.
Melissa K. Hutts, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 7521

***Counsel for Defendant Branch Banking and Trust Company,
Regions Financial Corporation and Regions Bank:***
William J. Holley, II, Esq.
Nancy H. Baughan, Esq.
David B. Darden, Esq.
1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303

***Counsel for Defendant SunTrust Banks, Inc.:***
William N. Withrow, Jr., Esq.
Lynette Eaddy Smith, Esq.
Lindsey E. Bowen, Esq.
Troutman Sanders, LLP
600 Peachtree Street, NE
Atlanta, GA 30308

***Counsel for Defendants Manufacturers and Traders Trust Company a/k/a M&T:***
James A. Dunbar, Esq.
Matthew R. Alsip, Esq.
Veneable, LLP
210 West Pennsylvania Avenue
Suite 500
Townson, MD 21204

John T. Prisbe, Esq.
Veneable, LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21201