

FILING FEE
PAID $175
Pro hac $2312
Vice
Steven M. Larimore, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:09-MD-02036

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
_____ )
)
)
THIS DOCUMENT RELATES TO: )
)
LACY BARRAS, on behalf of herself and )
all others similarly situated, )
)
v. )
)
BRANCH BANKING AND TRUST )
COMPANY, a federally chartered thrift )
institution. )
)
M.D.N.C. Case No. 1:09-cv-678 )
_____ )

FILED by ___ D.C.

JUN 15 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## MOTION FOR LIMITED APPEARANCE OF AND
## CM/ECF FILING PRIVILEGES FOR CHARLES D. MARSHALL

Pursuant to Rule 4.B of the Special Rules Governing the Admission and Practice of

Attorneys in the United States District Court for the Southern District of Florida ("Special Rule

4B") Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation ("MDL

Rule 1.4"), the undersigned respectfully moves for the admission of Charles D. Marshall, of

Green Welling, P.C., who is counsel of record for Lacy Barras in an action originating in the

United States District Court Middle District of North Carolina and transferred to this MDL

proceeding, for limited appearance as counsel on behalf of Lacy Barras, in the above-entitled

case only, and in support thereof, states as follows:

1.      Charles D. Marshall, an attorney at Green Welling, P.C., 595 Market Street, Suite 2750, San Francisco, California 94105, is counsel of record for Lacy Barras in the case that originated in the United States District Court Middle District of North Carolina and transferred to this MDL proceeding pursuant to 28 U.S.C. § 1407, is not admitted to practice in the Southern District of Florida, and is a member of good standing of the bar of his jurisdiction.

2.      MDL Rule 1.4 states, "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United State to which such action is transferred.  Parties to any action under Section 1407 are not required to obtain local counsel in the district to which such action is transferred.

3.      The undersigned hereby requests the Court provide Notice of Electronic Filings to Charles D. Marshall at the following email address: ncmd@classcounsel.com.

4.      The undersigned hereby requests the Court allow Charles D. Marshall to file and receive documents electronically through this Court's CM/ECF system.

5.      Pursuant to MDL Rule 1.4, the undersigned hereby requests that the Court waive the filing fee of $75.00 for the limited admission for attorney named in paragraph 1.

WHEREFORE, the undersigned respectfully moves this Court to enter an Order (1) permitting Charles D. Marshall to appear before this Court on behalf of his client for purposes relating to these proceedings in the above style matter, (2) waiving the requirement that these attorneys designate a member of the local bar to receive service of and file papers on their behalf , (3) directing the Clerk to provide these attorney notice of electronic filings and directing the Clerk to assign CM/ECF usernames and passwords, and (4) directing the Clerk to waive the

This the _14_ day of _June 2010_.

Respectfully submitted,

_(signature)_

Charles D. Marshall (CA State Bar No.236444)
GREEN WELLING P.C.
595 Market St., Ste. 2750
San Francisco, CA 94105
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email: ncmd@classcounsel.com
*Attorneys for Plaintiff, Lacy Barras*

**CERTIFICATE OF SERVICE**

1256.  Thus, there is an actual conflict between Washington and Ohio law.

Regarding the second inquiry, the Court must determine whether the parties' contractual

choice of law is effective.  Washington follows the Restatement (Second) of Conflict of Laws.

*Id.*  Thus, under Washington law, a contractual choice of law provision is binding unless:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflicts of Laws § 187(2).

The exception outlined in Section (a) does not apply.  Ohio has a substantial connection

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**
**MDL NO. 2036**

PANEL SERVICE LIST

would violate a fundamental public policy of Washington; and (iii) whether Washington has a

materially greater interest in adjudicating the dispute than the other possible forum.

The first inquiry under section (b) is whether Washington law would apply absent the

provision. *Coneff*, 620 F.Supp.2d at 1253.  Washington courts have considered various factors

| Harold M. Hewell | Jeffrey Saul Kravitz |
|---|---|
| HEWELL LAW FIRM | KRAVITZ LAW FIRM |
| 105 West F Street | 2310 J. Street |
| Suite 213 | Suite A |
| San Diego, CA 92101 | Sacramento, CA 95816 |

(Def.'s Reply at 7 (quoting *Coneff*, 620 F.Supp.2d at 1254).)  Here, Defendant asserts that the

the only relationship currently at issue in this case, took place in the state of Washington. The Agreement outlining the overdraft fees at issue was signed in Washington, Plaintiff made the alleged overdrafts in Washington, and he was charged all overdraft fees in Washington. Although Defendant urges the Court to view the issue in terms of many, as yet, non-existent class members, the Court currently has only one named Plaintiff before it. Thus, the Court finds that Washington has the most significant relationship to this case and that Washington law applies absent the contractual provision.

The Court must next determine whether the arbitration provision (and its class action