**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

)
**THIS DOCUMENT RELATES TO:**       )
                                     )
*Lopez v. JPMorgan Chase Bank, N.A.* )
S.D. Fla. Case No. 1:09-cv-23127-JLK )
                                     )
*Luquetta v. JPMorgan Chase Bank, N.A.* )
S.D. Fla. Case No. 1:09-cv-23432-JLK )
C.D. Cal. Case No. CV09-6967-GHK    )
                                     )

**MOTION OF JPMORGAN CHASE BANK, N.A. TO STAY PROCEEDINGS
RELATING TO CLAIMS OF CERTAIN NAMED PLAINTIFFS PENDING APPEAL
AND INCORPORATED MEMORANDUM OF LAW**

On June 16, 2010, this Court denied the motions of defendant JPMorgan Chase Bank, N.A. ("Chase") to stay the litigation herein of the claims of eleven individuals who added themselves as plaintiffs by amendment of the above-captioned complaints on April 12, 2010 (the "New Plaintiffs"), under section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3.[1]  [Dkt. No. 594.]  On June 17, Chase filed a notice of appeal of the Court's Order [Dkt. No. 599], initiating an appeal to the Eleventh Circuit as authorized by section 16(a)(1)(A) of the FAA, 9 U.S.C. § 16(a)(1)(A).  Respectfully, Chase hereby moves to stay these proceedings with respect to the claims of the New Plaintiffs pending Chase's appeal.  Chase does not, in this motion, seek a stay as to the claims of the five original plaintiffs named in the *Lopez* and *Luquetta* complaints.

---

[1] The New Plaintiffs are Larsen, Lowe, Palacios, Palacios, and Walsh-Duffy, in the *Lopez* complaint, and Biss, Ruiz, Ruiz, Kirkland, and Miller, in the *Luquetta* complaint.

## BACKGROUND

The New Plaintiffs added themselves as parties to this litigation for the first time on April 12, 2010, when they included themselves as named plaintiffs in amended complaints in *Lopez* and *Luquetta*. [Dkt. Nos. 347, 348.] On May 21, when an answer to the amended complaints would have otherwise been due, Chase moved to stay the New Plaintiffs' claims in favor of arbitration, pursuant to section 3 of the FAA. [Dkt. Nos. 505, 508.]

Each of the New Plaintiffs has a written deposit agreement with Chase that includes an arbitration provision permitting either party to elect arbitration of "'any claim, dispute or controversy . . . arising from or relating in any way to this Agreement, any prior account agreement between you and the Bank, or the advertising, the application for, or the approval of your Account.'" *Lopez* Opening Br. [Dkt. No. 508] at 2 (quoting agreement). The New Plaintiffs' claims herein fall within the broad scope of the arbitration provision, and Chase invoked its contractual right to arbitrate, rather than litigate, the New Plaintiffs' claims.

The New Plaintiffs acknowledged the existence of their arbitration contracts, and that the arbitration contracts by their terms were applicable here, but they opposed enforcement of the arbitration terms. *See Lopez* Opp. [Dkt. No. 557]; *Luquetta* Opp. [Dkt. No. 556].

After briefing was completed, the Court denied Chase's motions by Order dated June 16, 2010 (the "Chase Arbitration Order"). [Dkt. No. 594.] The Order determined that "Chase's Motions to Stay Proceedings in the *Lopez* and *Luquetta* Cases (DE # 505 and 508) be, and the same, are hereby DENIED without prejudice to reassert after completion of discovery." Chase Arbitration Order at 2.

Chase filed a notice of appeal from the Chase Arbitration Order on June 17, 2010. [Dkt. No. 599.] After the appeal is docketed by the Eleventh Circuit, Chase expects to move the appellate court to expedite the appeal.

**ARGUMENT**

I.  **The Court Should Stay These Proceedings As To The New Plaintiffs, Because It Lacks Jurisdiction To Proceed With The New Plaintiffs' Claims While Chase's Non-Frivolous Appeal Is Pending**

In the Eleventh Circuit, "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004). Such a stay is not discretionary, because the filing of a notice of a non-frivolous appeal divests the district court of jurisdiction. *Id.* at 1251 ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

This Court so recognized in its June 15, 2010, Order Granting Stay Pending Interlocutory Appeal Upon Posting Of Supersedeas Bond (the "*Powell-Perry* Order") [Dkt. No. 590], involving stays pending interlocutory appeals of arbitration motions of other defendants in this same MDL proceeding. In that Order, while reaffirming its "firm[] belie[f]" that its decision denying the four defendant banks' motions to compel arbitration was correct, the Court followed *Blinco* and stayed the litigation as to those four banks because the appeals were "from an order denying motions to compel contracts of arbitration" and "a finding of non-frivolousness is proper." *Id.* at 3, 8. *See also* Order, *Gordon v. Branch Banking & Trust*, No. 09-15399-AA (11th Cir. Mar. 17, 2010) (applying *Blinco*, and granting BB&T's motion for a stay pending appeal).

### II. Chase's Appeal Is Not Frivolous

As the Court recognized, under *Blinco*, there are two requirements for a stay pending appeal: (1) the appeal must be from an order denying a motion to compel arbitration; and (2) the appeal must not be frivolous. *Powell-Perry* Order at 3. Chase's burden is a limited one: It need not convince this Court that its order was in error, only that its grounds for appeal are not frivolous. *See, e.g.*, *TGB Marine v. Midnight Exp. Boats*, No. 08-60940, 2008 WL 4649009, at *1 (S.D. Fla. Oct. 20, 2008) ("While this Court believes its decision on the motion to compel arbitration remains correct, Defendant has met its limited burden to stay this action pending resolution of its appeal of this Court's order denying in part its motion to compel arbitration.").

Both *Blinco* requirements are met here. There is no dispute that this Court denied Chase's motions to stay the New Plaintiffs' claims in favor of arbitration. And, as we show more fully below, Chase's grounds for appeal are not frivolous.

#### A. Chase's Grounds For Seeking Enforcement Of Its Arbitration Agreements, And Contesting The New Plaintiffs' Arguments For Avoidance Of Their Arbitration Agreements, Are Not Frivolous

The New Plaintiffs have not disputed the existence of their arbitration agreements with Chase, nor that the agreements cover the claims they make in this litigation. These are the material facts that determine that the New Plaintiffs' claims are subject to arbitration. *See, e.g.*, *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 294 (2d Cir. 1999) ("In determining whether a particular dispute is arbitrable, a court must engage in a two-part inquiry: it must decide (1) whether the parties agreed to arbitrate, and if so, (2) whether the scope of that agreement encompasses the asserted claims.").

The New Plaintiffs advanced certain *different* arguments against enforcement of their arbitration agreements, however, in briefs filed June 7, 2010. [Dkt. Nos. 556, 557.] Chase dealt

with those arguments in its opening motion-briefs and in its reply briefs filed June 14, 2010. [Dkt. Nos. 505, 508, 586, 588.] In summary, the arguments were as follows:

First, the New Plaintiffs argued that a sister bank that is in the credit-card business—not the Chase bank that is involved in these cases—had determined that it would no longer seek to enforce *its* arbitration agreements covering disputes with *its credit-card customers*; and the New Plaintiffs argued that it would not be "fair and honorable" for the defendant here to seek to take a different position. No claim was made that the sister bank is a party to this case or that its arbitration agreements are involved in this case. No legal authority was cited in support of the New Plaintiffs' position. *See Lopez* Opp. at 3-6; *Luquetta* Opp. at 3-6. Chase replied, as the Court is aware, that the credit-card bank is a separate entity, not involved here; that the credit-card bank's policies do not govern the arbitration contract between the defendant here and the New Plaintiffs; and that the New Plaintiffs were bound as a matter of law to arbitrate under their contracts with the Chase defendant here. *See, e.g.*, *Lopez* Reply at 3.

Second, the New Plaintiffs argued that Chase had waived its right to enforce its arbitration agreements with the New Plaintiffs, principally because Chase did not seek to arbitrate the claims of the original plaintiffs in these cases. The New Plaintiffs' argument was based on the undisputed judicial record in this case. No legal authority was cited in support of their position. *See Lopez* Opp. at 6-9; *Luquetta* Opp. at 7-10. Chase replied that it had timely acted to invoke the New Plaintiffs' arbitration agreements, when it was required to first respond to the complaints they filed. Chase also cited extensive authority establishing that a party such as Chase may properly choose to invoke arbitration with respect to some customers, even if it has not done so with respect to other customers, and that as a matter of law there was no waiver of Chase's right to invoke arbitration as to the New Plaintiffs. *See, e.g.*, *Lopez* Reply at 4-7.

Third, the New Plaintiffs argued that Chase's arbitration contracts with them were unenforceable on the ground that the contracts were unconscionable under the State law of California, Illinois, New York, and Washington. The arguments were based on the terms of the agreements, and the New Plaintiffs neither submitted nor sought leave to submit or discover any other evidence. *See Lopez* Opp. at 9-19; *Luquetta* Opp. at 10-14. Chase argued, relying on legal authority, that as a matter of law its agreements were not unconscionable under the laws of California, Illinois, New York, and Washington. *Lopez* Reply at 7-9; *Luquetta* Reply at 2-4. Citing additional legal authority, Chase also showed that the laws of California, Illinois, New York, and Washington did not control the matter under the FAA, and were preempted by the FAA to the extent they would otherwise purport to preclude arbitration here. *See, e.g.*, *Lopez* Reply at 9-10; *see also Lopez* Opening Br. at 18-19.

Fourth, the New Plaintiffs argued that the American Arbitration Association ("AAA") could not operate here as an arbitrator, principally because it had adopted a moratorium on consumer arbitrations in a public statement it made. *Lopez* Opp. at 20-21; *Luquetta* Opp. at 16-19. Chase showed that the AAA's public statement referred to by the New Plaintiffs, on its own terms, did not indicate that the AAA was unavailable or unable to arbitrate the matter; and Chase marshaled legal authority establishing that, even if the AAA were unavailable, as a matter of law there was no basis to avoid arbitration under the FAA. *See, e.g.*, *Lopez* Reply at 10.

The Court's Order denying Chase's motions did not adopt any of the New Plaintiffs' arguments, and it did not reject any of the arguments advanced by Chase. Chase submits that its arguments in favor of enforcement of the New Plaintiffs' arbitration obligations were sound and correct, not frivolous, and that its appeal is accordingly not frivolous. Chase incorporates by reference the arguments and authorities set forth in its motion-briefs and reply briefs.

### B. Chase's Grounds For Appealing This Court's Stated Grounds For Denying Arbitration Are Not Frivolous

Although the Court did not adopt any of the New Plaintiffs' arguments, and did not reject any of Chase's, the Court's Order nevertheless denied Chase's motions, allowing them to be reasserted only "after completion of discovery." Chase Arbitration Order at 2. The sole grounds stated in the Court's Order were that "[t]he Court finds that these Motions present factual issues that must be subjected to discovery and cannot be ruled on as a matter of law." *Id.* at 1. The Court's Order did not identify any matter on which it believed discovery was appropriate, and did not state any reason why discovery was required before ruling on the motions.

Respectfully, it is Chase's position that the Court erred in denying Chase's motions, and that Chase's appeal from the Court's Order is not frivolous in challenging the Court's action and stated reason. Chase submits that there was no proper reason to deny its motions on account of any absence of discovery. Both sides were allowed the normal time permitted under applicable rules to submit their evidence and arguments for and against the motions. Neither side requested additional time, and neither side requested any opportunity for submission of additional matter or to conduct discovery. Neither side identified any matter on which it wished to conduct discovery in order to support or substantiate any contention it wished to make regarding the motions. The Court itself, as noted, did not identify any matter on which discovery was called for.

The New Plaintiffs had the burden to establish the basis for avoiding enforcement of the admitted terms of their arbitration agreements, whether on grounds of unconscionability, waiver,

or anything else.[2]  If the absence of discovery was a problem, the New Plaintiffs themselves, in not conducting (or even asking for) such discovery, failed to meet their burden—and Chase's motion should have been granted, rather than denied.  *See PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 78 (D.D.C. 2008) (FAA requires "stay[ing] discovery related to the merits of this litigation pending a resolution of the threshold arbitrability issue").[3]  Moreover, Chase's briefs on its motions advanced argument and authorities demonstrating that, taking into account all of the evidentiary matter presented, the arbitration agreements were required, as a matter of law, to be enforced.  The Court's denial of Chase's motions constitutes a rejection of that non-frivolous legal position.

> **C.      A Stay Of The New Plaintiffs' Claims Is Proper, Notwithstanding That Litigation Continues As To The Claims Of The Original Plaintiffs Against Chase**

Chase anticipates that the New Plaintiffs may contend that this Court ought not stay the proceedings as to the New Plaintiffs pending appeal, because litigation of the claims of the

---

[2]      *See, e.g., Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) ("[A]ny party arguing waiver of arbitration bears a heavy burden of proof."); *In re Managed Care Litig.*, No. 00 MD 1334, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable.").

[3]      Furthermore, the Court's Order did not deny Chase's motion temporarily, for the purpose of allowing specified discovery with respect to any contested factual issue raised about the arbitration agreements.  On the contrary, no arbitration-related matter for discovery was identified, and the Court denied enforcement of the arbitration contracts as a general matter until "after completion of discovery"—currently set for June 13, 2011—a period during which extensive other judicial action, such as class certification, is to be taken.  *See* Order Establishing a Schedule for the Discovery, Motion Practice, Final Pretrial Conference and Trial for Selected Cases [Dkt. No. 463].  Denying enforcement of the arbitration contracts and requiring that general discovery proceed in the judicial forum is contrary to the FAA.  Even if some specific discovery addressed to the narrow issue of the arbitration agreement's enforceability were required, broader discovery and litigation activity is improper.  *See PCH*, 569 F. Supp. 2d at 78.

original plaintiffs on the *Lopez* and *Luquetta* complaints is going forward in any event. If they do so contend, Chase submits that the Court should reject the argument.

As *Blinco* held, so long as Chase's appeal is non-frivolous, this Court is required to stay pending appeal because it no longer has jurisdiction over the New Plaintiffs' claims. Chase's appeal under the FAA has divested this Court of jurisdiction over those claims, and accordingly this Court lacks authority to proceed with respect to them. *See Blinco*, 366 F.3d at 1251.

Although this divestiture of judicial jurisdiction may in this instance result in a limited amount of piecemeal litigation, that consequence does not allow an exception to the FAA. As both the Supreme Court and the Eleventh Circuit have recognized, "proper enforcement of FAA might yield 'piecemeal' litigation." *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983)); *see also Spiegel v. Siegel*, No. 06-61848-CIV, 2007 WL 2051005, at *4 n.2 (S.D. Fla. July 17, 2007) (FAA "actually requires such piecemeal litigation when necessary to give effect to an arbitration agreement"). Plaintiffs have never disputed Chase's demonstration that, under the FAA, Chase may elect arbitration as to some individuals, while litigating against others. *See Lopez* Reply at 4-5. Accordingly, this Court must stay the litigation as to the New Plaintiffs, as the FAA requires, even as the litigation proceeds regarding the claims of the original named plaintiffs. *See Klay*, 389 F.3d at 1204 ("[T]he language of Section 3 indicates that the stay is mandatory."); *see also AXA Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1330, 1332 (S.D. Fla. 2009) (staying litigation pending arbitration of claims against certain defendants, while permitting litigation to proceed against other defendants).

### III.  This Court Should Not Require Chase To Post A Supersedeas Bond

In its *Powell-Perry* Order, this Court determined to require the defendants who had appealed denial of their arbitration motions to post a supersedeas bond "conditioned on payment of the substantial cost to Plaintiffs of the disruption of their MDL litigation." *Powell-Perry* Order at 7.  The Court was concerned that the removal of the four affected defendant banks from the MDL litigation, during the stay period pending resolution of their appeal, could ultimately require *duplication* of third-party discovery that was going forward in the first instance with respect to other cases in the MDL, and would then have to be repeated in the stayed cases in the event that the Court of Appeals affirms denial of the arbitration motion and the moving defendants' cases were returned to this MDL proceeding.  *Id.*[4]

No similar concern appears here, because both the *Lopez* and *Luquetta* cases will go forward with respect to Chase and the original named plaintiffs even though the claims of the New Plaintiffs are stayed.  Thus, for example, if a deposition is taken of a third party, Chase will be participating in the deposition because of the claims of the original plaintiffs, and it will not be necessary to re-take the deposition of the third party on the same matters, on account of the New Plaintiffs (even assuming arbitration is ultimately denied by the Eleventh Circuit).

### CONCLUSION

For the foregoing reasons, the proceedings as to the New Plaintiffs should be stayed pending resolution of Chase's appeal to the Eleventh Circuit from the denial of Chase's motions to stay the claims of the New Plaintiffs in favor of arbitration.

---

[4]  Discovery directed at the plaintiff and defendant parties—as contrasted with third parties—does not pose this concern about duplication.  The discovery directed at the plaintiff and defendant parties may be delayed, but would not be duplicated.

**CERTIFICATE OF GOOD FAITH COMPLIANCE**

Chase certifies that it conferred with Lead Plaintiffs' Counsel in a good-faith effort to resolve this issue, but the parties were unable to do so. Lead Plaintiffs' Counsel indicated that it intends to file an opposition to this motion.

Dated:  June 18, 2010

                                                WILMER CUTLER PICKERING HALE
                                                  AND DORR LLP

                                                  s/ Christopher R. Lipsett
                                                  Christopher R. Lipsett
                                                  (chris.lipsett@wilmerhale.com)
                                                  David S. Lesser
                                                  (david.lesser@wilmerhale.com)
                                                  Alan E. Schoenfeld
                                                  (alan.schoenfeld@wilmerhale.com)
                                                  399 Park Avenue
                                                  New York, New York 10022
                                                  tel: (212) 230-8851
                                                  fax: (212) 230-8888

                                                  A. Stephen Hut, Jr.
                                                  (stephen.hut@wilmerhale.com)
                                                  1875 Pennsylvania Avenue NW
                                                  Washington, DC  20006
                                                  Tel: (202) 663-6000
                                                  Fax: (202) 663-6363

                                                  *Attorneys for defendant JPMorgan Chase Bank, N.A.*