## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 09-MD-02036. JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL NO. 2036 | ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Keys v. Fifth Third Bank,* S.D. Fla. Case No. 1:10 -cv- 21283. JLK | ) ) ) |

## DEFENDANT FIFTH THIRD BANK'S ANSWER AND
## AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

For its Answer to the Class Action Complaint of Plaintiff of Michelle Keyes (the "Complaint"), Defendant Fifth Third Bank ("Fifth Third") states as follows:

To the extent the headings, preamble, or prayer for relief in the Complaint require a responses, Fifth Third denies the allegations contained therein. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. All allegations contained in the Complaint are generally denied, unless expressly admitted herein.

1.      Fifth Third admits that the Complaint purports to seek damages, restitution, and injunctive relief. Fifth Third denies all remaining allegations set forth in paragraph 1 of the Complaint.

2.      Fifth Third denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of an unspecified group of "many United States banks" and on that basis denies such allegations. To the extent that paragraph 2

purports to summarize the contents of a "recent FDIC report," a "2008 FDIC study," and a report from the Consumer Federation of America, Fifth Third respectfully refers the Court to the language of those documents for a complete and accurate recitation of their contents.  Fifth Third denies all remaining allegations set forth in paragraph 2 of the Complaint.

3.      Fifth Third denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks" and on that basis denies such allegations.  Fifth Third denies all remaining allegations set forth in paragraph 3 of the Complaint.

4.      To the extent that paragraph 4 purports to summarize the contents of a study by Moebs Services, Fifth Third respectfully refers the Court to the language of that document for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 4 of the Complaint.

5.      Fifth Third denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks" and on that basis denies such allegations.  Fifth Third denies all remaining allegations set forth in paragraph 5 of the Complaint.

6.      Fifth Third denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks" and on that basis denies such allegations.  Fifth Third denies all remaining allegations set forth in paragraph 6 of the Complaint.

7.      Fifth Third denies the allegations set forth in paragraph 7 of the Complaint.

8.      Fifth Third denies the allegations set forth in paragraph 8 of the Complaint.

9.      Fifth Third denies the allegations set forth in paragraph 9 of the Complaint.

17064017.1

10.     Fifth Third admits that, based solely on the allegations in the Complaint, federal jurisdiction exists pursuant to the Class Action Fairness Act of 2005.  Fifth Third denies that Plaintiff and the proposed class are entitled to recover the amount of $5 million, or any other amount, on the asserted claims.

11.     Fifth Third states that insofar as Plaintiff's allegations in paragraph 11 state conclusions of law, no response thereto is required.  Further answering, Fifth Third admits that it conducts business in the Southern District of Florida.  Except as expressly admitted, Fifth Third denies the remaining allegations set forth in paragraph 11 of the Complaint.

12.     Fifth Third denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the allegations set forth in paragraph 12 of the Complaint.

13.     Fifth Third admits that: (a) it is a commercial bank headquartered in Cincinnati, Ohio; (b) it transacts business in Florida; (c) it has full service banking centers and operates ATMs in 13 states throughout the United States; (d) it has numerous customers; and (e) some of its customers that maintain checking accounts with Fifth Third choose to use debit cards with those accounts.  Except as expressly admitted, Fifth Third denies the remaining allegations set forth in paragraph 13 of the Complaint.

14.     Fifth Third states that insofar as Plaintiff's allegations in paragraph 14 state conclusions of law, no response thereto is required.  Further answering, Fifth Third admits that Fifth Third Bank, N.A. was a national bank and that the National and Michigan chartered banks merged into the Ohio chartered bank.

15.     Fifth Third admits that Plaintiff purports to bring this case on behalf of herself and others.  The remaining allegations are conclusions of law as to which no response is required.

- 3 -

To the extent a response is required, Fifth Third denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations set forth in paragraph 15 of the Complaint.

16.     Fifth Third admits that Plaintiff proposes a class as described in paragraph 16 of the Complaint.  Fifth Third denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations set forth in paragraph 16 of the Complaint.

17.     The allegations set forth in paragraph 17 of the Complaint are conclusions of law as to which no response is required.  To the extent a response is required, Fifth Third denies the allegations set forth in paragraph 17 of the Complaint.

18.     Fifth Third admits that Plaintiff proposes to exclude from the purported class certain persons and entities as set forth in paragraph 18.  Fifth Third denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies all remaining allegations set forth in paragraph 18 of the Complaint.

19.     Fifth Third denies the allegations set forth in paragraph 19 of the Complaint.

20.     Fifth Third denies the allegations set forth in paragraph 20 of the Complaint.

21.     Fifth Third denies the allegations set forth in paragraph 21 of the Complaint.

22.     Fifth Third denies the allegations set forth in paragraph 22 of the Complaint.

23.     Fifth Third denies the allegations set forth in paragraph 23 of the Complaint.

24.     Fifth Third denies the allegations set forth in paragraph 24 of the Complaint.

25.     Fifth Third denies sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 25 and on that basis denies such allegations.  Fifth Third denies all remaining allegations set forth in paragraph 25 of the Complaint.

26.     Fifth Third denies the allegations set forth in paragraph 26 of the Complaint.

27.     Fifth Third denies the allegations set forth in paragraph 27 of the Complaint.

28.     Fifth Third admits that is has a website.  Fifth Third further states that the website to which paragraph 28 refers speaks for itself.  Except as expressly admitted, Fifth Third denies the allegations set forth in paragraph 28 of the Complaint.

29.     Fifth Third admits that it provides its customers with a variety of banking services, that those services may include the use of a check, debit or ATM card which can be used at various locations including ATMs, and that such services can be and were provided electronically.  Except as expressly admitted, Fifth Third denies the allegations set forth in paragraph 29 of the Complaint.

30.     Fifth Third admits that it uses software in connection with the management of its deposit accounts.  Except as expressly admitted, Fifth Third denies the allegations set forth in paragraph 30 of the Complaint.

31.     Fifth Third denies the allegations set forth in paragraph 31 of the Complaint.

32.     Fifth Third admits that Plaintiff maintained a checking account with Fifth Third and that it has a copy of its standard deposit agreement in its possession.  Fifth Third denies the remaining allegations set forth in paragraph 32 of the Complaint.

33.     Fifth Third admits that it publishes other documents that are available to customers that list a schedule of fees.  Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Complaint and on that basis denies those allegations.

34.     Fifth Third denies the allegations set forth in paragraph 34 of the Complaint.

35.     Fifth Third denies the allegations set forth in paragraph 35 of the Complaint.

17064017.1

36.     Fifth Third denies the allegations set forth in paragraph 36 of the Complaint.

37.     Fifth Third admits that debit card transactions are processed electronically. Except as expressly admitted, Fifth Third denies the remaining allegations set forth in paragraph 37 of the Complaint.

38.     Fifth Third denies the allegations set forth in paragraph 38 of the Complaint.

39.     Fifth Third denies the allegations set forth in paragraph 39 of the Complaint.

40.     Fifth Third denies the allegations set forth in paragraph 40 of the Complaint.

41.     Fifth Third denies the allegations set forth in paragraph 41 of the Complaint.

42.     Fifth Third denies the allegations set forth in paragraph 42 of the Complaint.

43.     Fifth Third denies the allegations set forth in paragraph 43 of the Complaint.

44.     Fifth Third denies the allegations set forth in paragraph 44 of the Complaint.

45.     Fifth Third denies the allegations set forth in paragraph 45 of the Complaint.

46.     Fifth Third denies the allegations set forth in paragraph 46 of the Complaint.

47.     Fifth Third denies the allegations set forth in paragraph 47 of the Complaint.

48.     Fifth Third denies the allegations set forth in paragraph 48 of the Complaint.

49.     Fifth Third denies the allegations set forth in paragraph 49 of the Complaint.

50.     Fifth Third denies the allegations set forth in paragraph 50 of the Complaint.

51.     Fifth Third states that a document purporting to be the "Joint Guidance on Overdraft Protection Programs" is attached to the Complaint as Exhibit A.  To the extent paragraph 51 purports to summarize or characterize the contents of, or quote from, Exhibit A to the Complaint, Fifth Third respectfully refers the Court to Exhibit A to the Complaint for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 51 of the Complaint.

17064017.1

52.     To the extent paragraph 52 purports to summarize or characterize the contents of, or quote from, Exhibit A to the Complaint, Fifth Third respectfully refers the Court to Exhibit A to the Complaint for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 52 of the Complaint.

53.     To the extent paragraph 53 purports to summarize or characterize the contents of, or quote from, Exhibit A to the Complaint, Fifth Third respectfully refers the Court to Exhibit A to the Complaint for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 53 of the Complaint.

54.     Fifth Third states that a document purporting to be the "Overdraft Protection: A Guide for Bankers" is attached to the Complaint as Exhibit B.  To the extent paragraph 54 purports to summarize or characterize the contents of, or quote from, Exhibit B to the Complaint, Fifth Third respectfully refers the Court to Exhibit B to the Complaint for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 54 of the Complaint.

55.     To the extent paragraph 55 purports to summarize or characterize the contents of, or quote from, Exhibit A to the Complaint, Fifth Third respectfully refers the Court to Exhibit A to the Complaint for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 55 of the Complaint.

56.     Fifth Third states that a document purporting to be a copy of "Overdraft Explosion: Bank Fees for Overdrafts Increase 35% in Two Years" is attached to the Complaint as Exhibit C.  To the extent paragraph 56 purports to summarize or characterize the contents of, or quote from, Exhibit C to the Complaint, Fifth Third respectfully refers the Court to Exhibit C

to the Complaint for a complete and accurate recitation of its contents.  Fifth Third denies all remaining allegations set forth in paragraph 56 of the Complaint.

57.     To the extent paragraph 57 purports to summarize or characterize the contents of the chart contained in paragraph 57, Fifth Third respectfully refers the Court to the chart for a complete and accurate recitation of its contents.  Fifth Third denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint and on that basis denies such allegations.

58.     Fifth Third denies the allegations set forth in paragraph 58 of the Complaint.

59.     Fifth Third denies the allegations set forth in paragraph 59 of the Complaint.

60.     Fifth Third admits that Plaintiff Michelle Keyes is a checking account customer of Fifth Third.  Except as expressly admitted, Fifth Third denies the remaining allegations set forth in paragraph 60 of the Complaint.

61.     Fifth Third admits that it issued a debit card to Plaintiff in connection with her checking account and that a debit card may be used to conduct certain transactions involving account funds.  Except as expressly admitted, Fifth Third denies the remaining allegations set forth in paragraph 61 of the Complaint.

62.     Fifth Third admits that Plaintiff incurred overdraft fees on March 19, 2010, March 22, 2010, and March 23, 2010.  Except as expressly admitted, Fifth Third denies the remaining allegations set forth in paragraph 62 of the Complaint.

63.     Fifth Third denies the allegations set forth in paragraph 63 of the Complaint.

64.     Fifth Third denies the allegations set forth in paragraph 64 of the Complaint.

65.     Fifth Third denies the allegations set forth in paragraph 65 of the Complaint.

66.     Fifth Third denies the allegations set forth in paragraph 66 of the Complaint.

67.     Fifth Third denies the allegations set forth in paragraph 67 of the Complaint.

68.     To the extent paragraph 68 of the Complaint purports to summarize or characterize the contents of, or quote from, Exhibits A, B, or C to the Complaint, Fifth Third respectfully refers the Court to Exhibits A, B, and C to the Complaint for a complete and accurate recitation of their contents.  Fifth Third denies all remaining allegations set forth in paragraph 68 of the Complaint.

69.     To the extent paragraph 69 of the Complaint purports to summarize or characterize the contents of, or quote from, Exhibits A, B, or C to the Complaint, Fifth Third respectfully refers the Court to Exhibits A, B, and C to the Complaint for a complete and accurate recitation of their contents.  Fifth Third denies all remaining allegations set forth in paragraph 69 of the Complaint.

70.     Fifth Third denies the allegations set forth in paragraph 70 of the Complaint.

71.     Fifth Third denies the allegations set forth in paragraph 71 of the Complaint.

72.     Fifth Third denies the allegations set forth in paragraph 72 of the Complaint.

73.     Fifth Third denies the allegations set forth in paragraph 73 of the Complaint.

74.     Fifth Third incorporates by reference each response to the preceding paragraphs, as if fully set forth herein.

75.     Fifth Third admits that Plaintiff was a customer of Fifth Third.  Fifth Third states that the "Deposit Agreement" speaks for itself.  Insofar as the remaining allegations state conclusions of law, no response thereto is required.  Except as expressly admitted, Fifth Third denies the allegations set forth in paragraph 75 of the Complaint.

76.     Fifth Third states that insofar as the allegations in paragraph 76 of the Complaint state conclusions of law, no response thereto is required.  To the extent a response is required, Fifth Third denies the allegations set forth in paragraph 76 of the Complaint.

77.     Fifth Third states that insofar as the allegations in paragraph 77 of the Complaint state conclusions of law, no response thereto is required.  To the extent a response is required, Fifth Third denies the allegations set forth in paragraph 77 of the Complaint.

78.     Fifth Third denies the allegations set forth in paragraph 78 of the Complaint.

79.     Fifth Third denies the allegations set forth in paragraph 79 of the Complaint.

80.     Fifth Third denies the allegations set forth in paragraph 80 of the Complaint.

81.     Fifth Third incorporates by reference each response to the preceding paragraphs, as if fully set forth herein.

82.     Fifth Third denies the allegations set forth in paragraph 82 of the Complaint.

83.     Fifth Third denies the allegations set forth in paragraph 83 of the Complaint.

84.     Fifth Third denies the allegations set forth in paragraph 84 of the Complaint.

85.     Fifth Third denies the allegations set forth in paragraph 85 of the Complaint.

86.     Fifth Third incorporates by reference each response to the preceding paragraphs, as if fully set forth herein.

87.     Fifth Third states that insofar as the allegations in paragraph 87 of the Complaint state conclusions of law, no response thereto is required.  To the extent a response is required, Fifth Third denies the allegations set forth in paragraph 87 of the Complaint.

88.     Fifth Third denies the allegations set forth in paragraph 88 of the Complaint.

89.     Fifth Third denies the allegations set forth in paragraph 89 of the Complaint.

90.     Fifth Third denies the allegations set forth in paragraph 90 of the Complaint.

17064017.1

91.     Fifth Third denies the allegations set forth in paragraph 91 of the Complaint.

92.     Fifth Third denies the allegations set forth in paragraph 92 of the Complaint.

93.     Fifth Third denies the allegations set forth in paragraph 93 of the Complaint.

94.     Fifth Third denies the allegations set forth in paragraph 94 of the Complaint.

95.     Fifth Third denies the allegations set forth in paragraph 95 of the Complaint.

96.     Fifth Third denies the allegations set forth in paragraph 96 of the Complaint.

97.     Fifth Third denies the allegations set forth in paragraph 97 of the Complaint.

98.     Fifth Third incorporates by reference each response to the preceding paragraphs, as if fully set forth herein.

99.     Fifth Third admits that Plaintiff purports to bring a claim for unjust enrichment for herself and the alleged class.  Except as expressly admitted, Fifth Third denies the allegations set forth in paragraph 99 of the Complaint.

100.    Fifth Third denies the allegations set forth in paragraph 100 of the Complaint.

101.    Fifth Third denies the allegations set forth in paragraph 101 of the Complaint.

102.    Fifth Third denies the allegations set forth in paragraph 102 of the Complaint.

103.    Fifth Third denies the allegations set forth in paragraph 103 of the Complaint.

104.    Fifth Third denies the allegations set forth in paragraph 104 of the Complaint.

105.    Fifth Third denies the allegations set forth in paragraph 105 of the Complaint.

106.    Fifth Third denies the allegations set forth in paragraph 106 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Fifth Third bears any burden of proof as to any of them, Fifth Third asserts the following defenses:

17064017.1

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert any of the alleged claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, laches, and/or other time bars.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's agreement to the terms and provisions of contracts with Fifth Third.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from challenging Fifth Third's interpretation, application and implementation of the terms and provisions of the contracts governing her account (including whether Fifth Third's interpretation, application, and implementation, was in accordance with any obligation of good faith and fair dealing) because Plaintiff acquiesced in Fifth Third's interpretation, application and implementation of the contractual terms and provisions as a course of dealing, and benefited from Fifth Third's interpretation, application and implementation of the contractual terms and provisions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine and/or other legal grounds in that the obligations and fees about which Plaintiff complains were paid voluntarily.

17064017.1

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to notify Fifth Third of any allegedly unauthorized debits in a timely manner following the distribution of account statements.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from challenging consequences of Fifth Third's honoring of debits to her account that Plaintiff herself initiated or authorized to be initiated.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own voluntary actions in incurring debits when Plaintiff knew or should have known she had entered into a contract, the terms of which provided for Fifth Third to post debits in the order followed by Fifth Third.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she exploited the benefit of Fifth Third's policies and practices regarding acceptance and posting of debits, and is precluded or estopped from repudiating the charges associated with the operation of those policies and practices.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused, in whole or in part, by her voluntary actions in incurring debits to her account that would overdraw her account.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by doctrines of acquiescence and equitable estoppel.

17064017.1

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

For the foregoing reasons and others, Plaintiff's claims are barred by assumption of risk, consent, estoppel, license, notification, ratification, acceptance, waiver, release, accord, satisfaction, and/or by virtue of the parties' course of dealing.  Any equitable claim asserted by Plaintiff is furthermore barred by unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Even if not applicable to Plaintiff, some or all of the affirmative defenses above may be applicable to one or more of the putative class members whom Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, Fifth Third reserves the right to identify and advance any further affirmative defenses that may apply to persons other than the named Plaintiff herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Fifth Third reserves the right to identify and assert any further affirmative defenses that may arise, or be identified, in the course of further investigation, discovery, or litigation of this action.

Dated: June 24, 2010

s/ *Thomas Meeks* _____
Thomas Meeks (Fla. Bar No. 314323)
e-mail: tmeeks@carltonfields.com
Aaron Weiss (Fla. Bar No. 48813)
e-mail: aweiss@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, FL 33131
Tel: 305-350-0050
Fax: 305-350-0055

*---and---*

17064017.1

Patrick F. Fischer (Admitted Pro Hac Vice)
Drew M. Hicks (Admitted Pro Hac Vice)
**KEATING MUETHING & KLEKAMP PLL**
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: 513-579-6400
Fax: 513-579-6457

*Attorneys for Defendant, Fifth Third Bank*

17064017.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


*s/      Aaron Weiss*
Aaron Weiss

## SERVICE LIST

*Keyes v. Fifth Third Bank*
Case No. Case No. 10-cv-21283-KING
United States District Court, Southern District of Florida

David Lawrence Ferguson
Email: ferguson@kolawyers.com
Jeffrey Miles Ostrow
Email: ostrow@kolawyers.com
**THE KOPELOWITZ & OSTROW FIRM P.A.**
200 S.W. 1st Avenue. 12th Floor
Fort Lauderdale, FL  33301-4216
Tele:   (954) 525-4100
Fax:   (954) 525-4300
*Attorneys for Michelle Keyes*
*(via electronic filing)*

17064017.1