### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Lopez v. JPMorgan Chase Bank, N.A.*
**S.D. Fla. Case No. 1:09-cv-23127-JLK**

*Luquetta v. JPMorgan Chase Bank, N.A.*
**S.D. Fla. Case No. 1:09-cv-23432-JLK**
**C.D. Cal. Case No. 2:09-cv-06967-GHK**

### PLAINTIFFS' OPPOSITION TO JPMORGAN CHASE BANK'S
### MOTION TO STAY LITIGATION PENDING APPEAL

Plaintiffs oppose JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Stay Proceedings

Relating to Claims of Certain Named Plaintiffs Pending Appeal.  **[DE # 601]**.  On June 16, 2010,

this Court denied Chase's motions, without prejudice to its right to re-file these motions

following discovery. **[DE # 594]**.   Chase has appealed this non-merits order to the Eleventh

Circuit and now asks this Court to stay the actions relating to certain named plaintiffs in *Luquetta*

*and Lopez*.  Chase's recent filings are improper and evidence an attempt to "game" the system.

The stay sought by Chase will undermine the very efficiencies the MDL process is designed to

foster, by disrupting the orderly progress of the existing litigation against Chase in which

discovery is now underway pursuant to this Court's May 13, 2010 Scheduling Order.  As such,

the Court should deny Chase's latest procedural maneuver.

While plaintiffs' acknowledge this Court's recent order granting stay a stay pending appeal to BB&T, SunTrust, M&T Bank and Regions **[DE # 590]**, and the Eleventh Circuit's recent order in *Gordon v. Branch Banking & Trust Co.*, No. 09-15399-AA, which stayed that case pending appeal, Chase's motion to stay falls into a category unto its own. Chase's appeal is clearly frivolous – and thus not deserving of a stay even if conditioned on the posting of a supersedeas bond – where Chase publicly renounced arbitration, waived the right to pursue arbitration by missing multiple deadlines, and misled plaintiffs and the Court. Therefore, Chase's motion for a stay pending appeal should be denied.

## I.      Procedural History.

On September 24, 2009, plaintiff Andrea Luquetta filed her class action complaint. **[DE # 1 in Case No. 1:09-cv-23432-JLK]**. On November 2, 2009, the *Luquetta* action formally became a part of MDL No. 2036. **[DE # 16 in Case No. 1:09-cv-23432-JLK]**. Subsequently, pursuant to this Court's scheduling order, plaintiff Luquetta filed an amended complaint. **[DE # 140]**. The *Luquetta* amended complaint asserted claims on behalf of a proposed class of California customers of Chase. *Id.*

Chase moved to dismiss the *Luquetta* amended complaint pursuant to defendants' omnibus motion to dismiss and/or for judgment on the pleadings. **[DE # 217]**. Chase also filed a supplemental motion to dismiss the *Luquetta* amended complaint based on additional grounds not raised in the omnibus motion. **[DE # 222]**. On March 11, 2010, this Court denied Chase's motions with respect to the *Luquetta* amended complaint. **[DE # 305]**. The order also authorized the filing of a second amended complaint. *Id.*

On April 12, 2010, plaintiffs filed the *Luquetta* second amended class action complaint. **[DE # 347]**. The *Luquetta* second amended complaint did ***not*** add any additional claims or

causes of action against Chase that were not previously asserted.  *Id.*  Rather, it merely added six additional named plaintiffs, Valerie Williams, Megan Biss, Billy Martin Ruiz, Deborah Ruiz, John Kirkland and Jacqueline Miller, all California residents who are (or were) Chase customers and who allege the same claims against Chase as Ms. Luquetta.  *Id.*  In fact, one of the plaintiffs named in the *Luquetta* second amended class action complaint, John Kirkland, previously sued Chase in an action which was transferred to this Court and made part of MDL 2036.  **[Case No. 1:09-cv-23527-JLK ].**  Thus, the addition of plaintiff Kirkland to the *Luquetta* second amended complaint merely merged his existing claims against Chase into a consolidated pleading, and his separate transferred action brought against Chase was voluntarily dismissed.  **[DE # 564].**

The second case against Chase, the *Lopez* action, covers non-California residents.  On October 19, 2009, plaintiffs Kevin Pratt, Estella Lopez, John Stone, Charles Reed, Jr. and Linda McDaniel filed a class action complaint.  **[DE # 1 in Case No. 1:09-cv-23127-JLK]**.  On October 21, 2009, the case was transferred into MDL 2036 pursuant to Local Rule 3.8.  **[DE # 4 in Case No. 1:09-cv-23127-JLK]**.  In their complaint, these plaintiffs sought to represent a nationwide class and proposed subclasses of Chase customers from several states, including Illinois, New York and Washington.  *See, e.g.*, Complaint, ¶¶ 21, 167-75.

Chase moved to dismiss the *Lopez* complaint pursuant to defendants' omnibus motion to dismiss and/or for judgment on the pleadings.  **[DE # 217].**  Chase also filed a supplemental motion to dismiss *Lopez* based on additional grounds not raised in the omnibus motion.  **[DE # 225].**  On March 11, 2010, this Court denied in large part Chase's motions with respect to the *Lopez* complaint.  **[DE # 305]**.  The Court did find that the claims brought under the consumer protection statutes of Connecticut, Illinois, New Jersey, New York, Ohio, Oregon, Washington,

West Virginia and Wisconsin, all of which were contained in the original complaint, required named plaintiffs from those states in order to assert those claims.   *Id.*

On April 12, 2010, plaintiffs filed the *Lopez* amended class action complaint.   **[DE # 347].**  The *Lopez* amended complaint did ***not*** add any additional claims or causes of actions against Chase that were not previously asserted.   *Id.*  Rather, the *Lopez* amended complaint merely added five additional named plaintiffs, Thomas Larsen, Jennifer Palacios and Martin Palacios from the State of Washington, Brett Lowe from the State of Illinois, and Angela Walsh-Duffy from the State of New York, who are (or were) Chase customers and who allege the same claims against Chase as Ms. Lopez.   *Id.*  In fact, one of the new plaintiffs named in the *Lopez* amended complaint, Angela Walsh-Duffy, previously sued Chase in an action which was transferred to this Court and made part of MDL 2036.   **[Case No. 1:10-cv-20331-JLK].**  Thus, the addition of plaintiff Walsh-Duffy to the *Lopez* amended class action complaint merely merged her existing claims against Chase into a consolidated pleading, and her separate transferred action was voluntarily dismissed.   **[DE # 472].**

On May 11, 2010, Chase filed an unopposed motion for extension of time to ***answer*** the *Lopez* and *Luquetta* amended class action complaints.   **[DE # 451].**  In that motion, Chase did not preserve its rights to respond to the amended complaints in any manner other than through answers.   *Id.*  Yet, on May 21, 2010, contrary to its express representations to plaintiffs and the Court, Chase filed its motion to stay the claims asserted by plaintiffs Williams, Biss, Ruiz, Ruiz, Kirkland and Miller in *Luquetta* **[DE # 505],** and by plaintiffs Larsen, Lowe, Palacios, Palacios and Walsh-Duffy in *Lopez* **[DE # 508]**.

The new named plaintiffs in *Luquetta* and *Lopez* filed responses in opposition to Chase's motions to stay.   **[DE # 556 & 557]**.  Their responses pointed out that a stay would be improper

for at least four reasons: (1) Chase has publicly disavowed enforcement of its arbitration provisions; (2) Chase affirmatively waived its right to arbitrate these claims by missing multiple deadlines established by the Court; (3) arbitration cannot not be compelled because such provisions would be unconscionable; and (4) a fair arbitration is not be possible for the reasons publicly acknowledged by Chase. *Id.* Chase subsequently filed its replies. **[DE # 586 & 588]**. On June 16, 2010, the Court denied Chase's motions, without prejudice, and afforded Chase the opportunity to re-file these motions following discovery. *See* Order, p. 2 **[DE # 594]**.

## II.    Argument.

Chase, through its notice of appeal and stay motion, has the temerity to suggest that it is in the same status as several other banks that have been recently afforded arbitration-related stays by this Court.  Chase's position is frivolous and merits prompt rejection for a number of reasons.  First, unlike Chase, the other banks that have been afforded stays did not waive their rights to seek arbitration by consciously failing to meet Court-established deadlines.  Second, unlike Chase, the other banks did not propound discovery to other plaintiffs, many of whom are from the same states as the new plaintiffs who Chase belatedly seeks to force into arbitration.  Third, unlike Chase, the other banks did not publicly disavow their arbitration provisions as Chase did as part of the *Ross* litigation.  Lastly, unlike Chase, the other banks appealed from orders rejecting their attempts to compel arbitration, not denials with leave to re-file after discovery.  For these reasons, plaintiffs believe that the Eleventh Circuit should summarily dismiss or ultimately deny Chase's appeal.  The appeal is most certainly frivolous.  As such, a stay should not be issued.  Chase should not be allowed to undermine the progress of the MDL by dividing the litigation against it into two tracks.

The Eleventh Circuit made clear in *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004), that this Court has the power to deny Chase's motion to stay pending appeal and, indeed, the obligation to do so under these circumstances. *Blinco*, of course, did not involve the denial of a motion to stay without prejudice pending discovery. It dealt with an appeal following the denial of a motion to compel arbitration and stay proceedings. At the most basic level, the current situation is not analogous to *Blinco*. *Blinco* also did not deal with voluntary waiver of the right to demand arbitration which, as discussed below, is a well-established concept in the Eleventh Circuit. Thus, *Blinco* is inapplicable here.

Alternatively, even if *Blinco* applies, upon filing of a motion to stay "either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case." 366 F.3d at 1252 (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). A stay is inappropriate here because the factors present in *Blinco* are not present. Under the unique circumstances of this case, Chase's appeal is truly frivolous   Therefore, a stay is inappropriate.

The facts of this case are readily distinguishable from *Blinco*, demonstrating why Chase's motion to stay should be promptly denied. Moreover, the "jurisprudential concerns" this Court emphasized in its June 15th order addressing several other banks further militate against a stay.

A.    ***Blinco* Is Not Applicable Under These Circumstances.**

The result in *Blinco* would no doubt have been different if the appeal challenged the denial of a stay, without prejudice, pending discovery. Discovery related to arbitration questions has often been allowed. *E.g.*, *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10 (3d Cir. 2002); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 294-96 (S.D.N.Y. 2002).

Here, based on the Court's recent order permitting Chase to re-file this motion following discovery, plaintiffs intend to promptly propound discovery to Chase relating to the arbitration issues. Most notably, of course, are Chase's several pronouncements from 2009 which certainly appeared to be a renunciation of arbitration in the consumer setting. Chase, through its own conduct, raised these factual issues which may be relevant to the Court's considerations. As this Court recognized in its order, discovery on the issue of whether Chase renounced and/or waived its arbitration rights is warranted, which is precisely why the order is not appealable at this time. The need for additional discovery was certainly not at issue in *Blinco*.

Moreover, had the defendant in *Blinco* voluntarily waived its right to demand arbitration, as Chase plainly did here, the result would also have been different. As the Eleventh Circuit held in *Ivax Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002), an agreement to arbitrate may be waived:

> In determining whether a party has waived its right to arbitrate, we have established a two-part test. First, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.'"

(quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)).

In *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity*, 62 F.3d 1356, 1366 (11th Cir. 1995), the court held:

> Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party. *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1158 (5th Cir. 1986). Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate.

Because Chase missed the Court's repeated deadlines, *see* Section B(2) *infra*, and now threatens to prejudice plaintiffs by requiring them to conduct litigation against Chase on two tracks, Chase

has waived arbitration.

In determining whether a stay pending review of an order denying a motion to compel arbitration was appropriate, the Eleventh Circuit in *Blinco* focused on the prejudice to the party seeking review of the order denying arbitration.  366 F.3d at 1252-53.  According to the Eleventh Circuit, if an appeal is dealing with a motion to compel arbitration, "it makes little sense for the litigation to continue in the district court while the appeal is pending."  *Id.* at 1253.

In reaching this conclusion, the Court focused on the goal of Congress in granting a party the right to an interlocutory appeal under the Federal Arbitration Act.  According to the court:

> By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, *avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums*.  If the court of appeals reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration. As explained by the Seventh Circuit, these considerations favor granting a motion to stay the proceedings in the district court pending the resolution of an interlocutory appeal from the denial of a motion to compel arbitration. *See Bradford-Scott Data Corp.*, 128 F.3d at 506 ("Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending."). Thus, the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings.

*Blinco*, 336 F.3d at 1251-52.  Thus, a key factor in the Eleventh Circuit's conclusion that a stay was appropriate in *Blinco* was the desire to spare the parties the expense of litigation before the district court while a decision regarding the appeal was under consideration.

Yet, here, by Chase's own admission, this concern does ***not*** exist because the litigation against Chase will continue with respect to the original five plaintiffs named in *Luquetta* and *Lopez*.  *See* Motion to Stay, pp. 8-9 **[DE # 601]**.  Therefore, there will be no wasted resources on the part of Chase by allowing discovery to proceed as directed by this Court's recent Scheduling

Order.  *See* Scheduling Order **[DE # 463]**.  Given that Chase is fully participating in the proceedings within MDL No. 2036, including active participation in the discovery process, the concerns that prompted the Eleventh Circuit to require a stay in *Blinco* are not present.

Furthermore, the authorities cited by Chase in attempting to preemptively address this argument are not persuasive.  Chase's suggestion that plaintiffs have not disputed Chase's contention that it can elect to arbitrate as to certain plaintiffs and not others is specious.  First, Chase's sole support for that premise is an argument raised in its reply brief, a document that plaintiffs had no opportunity to respond to under the local rules of this court.  *See* Motion to Stay, p. 9 (citing reply brief as support of this premise).  Second, plaintiffs have indeed taken exception to Chase's attempt to assert arbitration with respect to some plaintiffs and not others, by demonstrating that Chase waived the ability to do so.  *See Luquetta* Resp. to Motion to Stay, pp. 3-10 **[DE # 556];** *Lopez* Resp. to Motion to Stay, pp. 3-9 **[DE # 557]**.  Furthermore, Chase's reliance upon the inapposite *Axa Equitable Life Insurance Co., v. Infinity Financial Group*, 608 F. Supp. 2d 1330 (S.D. Fla. 2009), is of no avail.  There, the issue was whether the litigation against defendants who did not assert arbitration should be stayed pending an appeal by those who sought and were denied arbitration.  *Id.* at 1332.  The question of whether to stay the claims of certain plaintiffs against the same defendant was ***not*** before the court.  As the bases for the Eleventh Circuit's decision in *Blinco* are absent here, a stay is unwarranted.

### B.    Defendant's Appeals Are Frivolous.

As this Court is well aware, the action against Chase with respect to the new plaintiffs need not be stayed if this Court deems that the appeal of the arbitration ruling is frivolous. *Blinco*, 336 F.3d at 1252.  While courts have used somewhat varied language in making this determination, the basic idea is that an appeal can be found frivolous if it lacks colorable support

or is contrary to recent controlling case law.  *See, e.g.*, *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993); *In re Britton*, 950 F.2d 602, 607 (9th Cir. 1991); *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991); *Bahena v. American Voyager Indem. Ins. Co.*, 2008 WL 874851, at *1 (M.D. Fla. Mar. 27, 2008) ("the existing case law does not support [the appellant's] position"); *Kirleis v. Dickie, McCamey & Chicolte, PC*, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007) (denying motion to stay because appeal lacked "colorable support"); *also Hill v. Peoplesoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004) (finding that recent appellate court ruling "renders the Defendant's appeal questionable, if not frivolous"); *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 1835642, at *1 (D. Minn. Aug. 5, 2002).  Applying this standard, it is clear that the appeals filed by Chase are frivolous.

> **1.     Chase's Background and Pronouncements with Respect to Arbitration Render Its Appeal Frivolous.**

As plaintiffs noted previously, Chase entered into a settlement agreement in a case styled *Ross v. Bank of America, N.A., et al.*, No. 05-cv-7116 (S.D.N.Y.), which accused Chase and several other banks of unlawfully conspiring to require their credit cardholders to arbitrate disputes.  Chase agreed that it would ***immediately*** cease enforcing its existing arbitration clauses against its cardholders and would not include arbitration provisions in its card agreements for three and one-half years beginning in 2010.  *See* Jay Miller, "J.P. Morgan Drops Card-Dispute Arbitration Rule," *The Wall Street Journal*, Nov. 22, 2009.  Chase further agreed not to "contract, combine or conspire" with any other credit card company concerning arbitration.  *Id. Ross* accused Chase and other banks of having secretly met or consulted on some 30 occasions for the purpose of requiring their cardholders to arbitrate all disputes with their credit card companies in violation of the antitrust laws.  In June 2009, the National Arbitration Forum, one

of the two entities that Chase's Rules and Regulations would require plaintiffs to use as an arbitration service, was also added as a defendant in the action.[1]

The National Arbitration Forum has become infamous over the past year for its systemic abuses of fundamental fairness in the arbitration realm. As discussed at pages 16 through 18 of plaintiffs' response to the initial stay motion **[DE # 556]**, the National Arbitration Forum agreed in July 2009 to cease all arbitrations of consumer disputes after the Minnesota Attorney General alleged that it had extensive financial ties to those companies pursuing arbitration cases before it. The inclusion of the National Arbitration Forum as an entity with which Chase would have each of the new plaintiffs in *Luquetta* and *Lopez* arbitrate their claims further demonstrates the lack of legitimacy of Chase's appeal.

Against the backdrop of *Ross* and the National Arbitration Forum consent decree, Chase agreed that it would ***immediately*** cease enforcing its existing arbitration clauses against its cardholders. *See* Maria Aspan, "JPMorgan Chase to Scrap Arbitration," *American Banker*, Nov. 23, 2009. In doing so, Chase made pronouncements to the courts and general public about how it had stopped sending cases to arbitration and subsequently decided to remove the arbitration clauses from its card agreements altogether. *See* March 18, 2010 Preliminary Settlement Order in *Ross v. Bank of America, N.A., et al.*, No. 05-cv-7116 (S.D.N.Y.) (Exhibit A to **DE # 557**).

As part of this announcement, Chase spokesman Paul Hartwick stated, "[w]e believe our decision is the right thing for our customers and our business, and it reflects our commitment to clearer and simpler communication with our customers." *See* Maria Aspan, "JPMorgan Chase to

---

[1] While Chase would have this Court believe these pronouncements were made by a related entity not a party to this case, such an argument is simply untrue given that JPMorgan Chase and Chase Bank USA were both named defendants in *Ross*. *See Ross v. Bank of America, N.A., et al.*, No. 05-cv-7116 (S.D.N.Y.). Likewise, on page 30 of its Rules and Regulations, Chase states that the policies contained therein apply to its entire "family of companies" including Chase Bank USA and ***JP Morgan Chase Bank***.

Scrap Arbitration," *American Banker*, Nov. 23, 2009.  Hartwick further said that Chase made this decision "after [it spent] the past few months looking 'closely at this issue' and hearing 'views from consumers and other interested parties.'" *Id.*  Most critically, Mr. Hartwick stated that with respect to customer-initiated complaints and lawsuits in the future, "customers have a number of options for pursuing disputes with us," including lawsuits.  *Id.*

Despite having abandoned its attempts to force customers to participate in unfair arbitrations, Chase now asks this Court to allow it to backtrack on these commitments so that it can subject plaintiffs to the same unjust procedures.  *Compare* Chase Account Rules and Regulations, (Exhibit A to **DE # 347**), *with* Chase Card Agreement, pp. 7-9 (containing substantially similar language) (Exhibit B to **DE # 557**).  For example, the class action waiver language at issue in each agreement is substantially similar.  *Compare* Rules and Regulations, p. 19, *with* Card Agreement, p. 8.  Likewise, both agreements provide that an arbitrator must be selected from either AAA or the NAF and contain substantially the same provisions with respect to what costs Chase will cover in arbitration.  *Compare* Rules and Regulations, p. 20, *with* Card Agreement, pp. 8-9.

Moreover, the Rules and Regulations plainly extend arbitration to all of Chase's "employees, parents, subsidiaries, affiliates, beneficiaries, heirs, agents or assigns" and specifically covers the "JPMorgan Chase & Co. family of companies" a partial list of which is included on page 30 of the Rules and Regulations:

> ***JPMorgan Chase Bank, NA***
> JPMorgan Insurance Agency, Inc.
> J.P. Morgan Securities Inc.
> ***Chase Bank USA, NA***
> Chase Auto Finance Corp.
> Chase Home Finance LLC
> Chase Investment Services Corp.
> Chase Insurance Agency

> Banc One Acceptance Corp.
> Bank One Education Finance Corporation
> Chase Student Loan Services, Inc.
> CSL Servicing LLC
> Chase Paymentech Solutions, LLC
> Chase Bankcard Services, Inc.
> WaMu Insurance Services, Inc.
> WaMu Investments, Inc.
> WMFA Insurance Services, Inc.

The Chase Card Agreement specifically states it is being issued on behalf Chase Bank USA, NA, the same entity included in the Rules and Regulations. Thus, whether or not Chase banking customers have accepted the many offers to open a credit card account with Chase, they are covered by essentially the same contractual provisions that Chase has determined in good conscience and with "integrity and respect for our customers" it can no longer enforce.

As discussed above, discovery as to these issues is warranted. The Court's legal analysis will be narrowed if Chase is legally precluded from even asserting these arguments. Chase should not be able to ignore the import of its own very public policy pronouncements as to arbitration. Thus, Chase's appeal is frivolous.

### 2.    Chase's Waiver of Arbitration Renders Its Appeal Frivolous.

As previously explained, Chase waived its right to seek arbitration by failing to timely move for arbitration in accordance with the deadlines of this Court. Since none of the new plaintiffs alleged any new facts or causes of action against Chase but, rather, adopted the factual allegations initially pleaded by the *Luquetta* and *Lopez* plaintiffs, Chase's motion to stay with respect to the new plaintiffs is a frivolous attempt to get "a second (or third) bite at the apple" with respect to arbitration. The November 6, 2009 Order entered by this Court established that seven bank defendants, including Chase, had until December 8, 2009 to file motions for arbitration with respect to the operative complaints filed by plaintiffs.  **[DE # 134].**

Paragraph 11 of the November 6th Order specifically stated:

> On or before December 8, 2009, Defendants Wachovia Bank, National Association, Bank of America, N.A., Citibank, N.A., U.S. Bank National Association, **JPMorgan Chase Bank, N.A.**, Wells Fargo and Union Bank **shall file** their merits **and non-merits motions** directed to the operative complaints on file . . . The Court holds that the **simultaneous filing** of these merits and **non-merits motions** shall not be deemed a waiver of any Defendant's rights to move to compel arbitration. (emphasis added).

The November 6th Order specifically envisioned the **simultaneous filing** of arbitration-related motions with all other merits and non-merits motions directed to the operative complaints. This intention was reflected during the October 22, 2009 Status Conference. *See* Oct. 22, 2009 Status Conference Transcript, pp. 39-40 **[DE #124]**. Chase's failure to move to compel arbitration simultaneous with the December 22, 2009 filing of the omnibus motion constituted a knowing, intentional, and voluntary waiver.[2]

This fact can further be seen through footnote 2 of the omnibus motion, where the banks noted that "[t]here are a few individualized issues, such as arbitration rights, that certain individual banks will be presenting to the Court in separate motions." *See* Omnibus Motion, p. 6, n.2. While certain banks moved to compel arbitration, Chase did not file motions to compel arbitration **simultaneously** with the filing of the omnibus motion, thereby waiving its right to do so.

Most significantly of all, Chase missed the second opportunity to move for arbitration provided under this Court's **April 14, 2010 Order**. **[DE # 360, pp. 2-3]**. The April 14th Order established that "[a]ny other Defendant presently a party in this consolidated litigation that wishes to join in and be heard on the motions to compel arbitration . . . may do so by filing a short (non-repetitive if possible) statement that they either (a) elect to join in the pending

---

[2] The deadline for filing non-merits and merits motions was subsequently extended to December 22, 2009. **[DE # 164].**

motions for arbitration already filed by the four Defendants listed above, or (b) filing such additional case authorities or memorandum as they may be advised." *Id.* Even after the Court denied plaintiffs' motion for clarification regarding this point, Chase failed to assert arbitration against the operative allegations and claims included within the *Luquetta* and *Lopez* amended class action complaints. Chase's waiver here is most significant because it occurred ***after*** the amended complaints adding the new plaintiffs in *Luquetta* and *Luquetta* had been filed.

Finally, Chase waived any remaining right to seek arbitration when it filed its unopposed motion for extension of time to ***answer*** the *Luquetta* and *Lopez* amended class action complaints. **[DE # 451]**. Chase did not seek an enlargement of time to move to stay based on its arbitration provision; its unopposed motion sought an extension of time to ***answer*** *Luquetta* and *Lopez* amended class action complaints. *Id.* Plaintiffs relied on Chase's representations that it would answer the amended class action complaints in agreeing not to oppose Chase's motion, and this Court entered an order granting that unopposed motion based on Chase's representations. This further underscores the specious nature of Chase's request to stay the proceedings pending its frivolous appeal to the Eleventh Circuit.

### 3.    Chase's Appeal Will Clearly Fail on the Merits.

As plaintiffs demonstrated in their previous brief, Chase's request for stays with respect to the claims asserted by the new plaintiffs in *Luquetta* and *Lopez* are without merit under the applicable state laws at issue. *See Luquetta* Resp. to Motion to Stay, pp. 10-14 **[DE # 556]**; *Lopez* Resp. to Motion to Stay, pp. 9-19 **[DE # 557]**. Under the standards established by the courts in California, Illinois, New York and Washington, Chase's arbitration clause will be found unconscionable. *E.g.*, *Cohen v. DirecTV, Inc.*, 48 Cal. Rptr. 3d 813 (Cal. App. 2 Dist. 2006); *Aral v. EarthLink, Inc.*, 36 Cal. Rptr. 3d 229 (Cal. App. 2 Dist. 2005); *Discover Bank v. Superior*

*Court*, 113 P.3d 1100, 1112 (Cal. 2005); *Scott v. Cingular Wireless,* 161 P.3d 1000, 1006 n.4 (Wash. 2007); *Adler v. Fred Lind Manor,* 103 P.3d 773, 782 (Wash. 2004); *Keefe v. Allied Home Mortg. Corp.*, 912 N.E.2d 310, 318 (Ill. Ct. App. 2009); *Wigginton v. Dell, Inc.*, 890 N.E.2d 541, 548-49 (Ill. Ct. App. 2008); *Kinkel v. Cingular Wireless*, 857 N.E.2d 250 (Ill. 2006); *Rosenfeld v. Port Auth. of N.Y. & N.J.*, 108 F. Supp. 2d 156, 164 (E.D.N.Y. 2000); *Forbes v. A.G. Edwards & Sons, Inc.*, 2009 WL 424146, at *5 (S.D.N.Y. Feb. 18, 2009).   Plaintiffs incorporate these arguments by reference, rather than repeating them here.   A stay pending appeal is also unwarranted because Chase cannot prevail on the substantive unconscionaility analysis.

###   C.   Chase's Conduct Undermines The Benefits Of The MDL Process.

As counsel for plaintiffs noted in *Gordon*, when considering whether a district court must stay proceedings pending an interlocutory appeal of a district court's denial of an arbitration motion, other circuit courts have held that an inquiry should be made into whether the stay is warranted based on jurisprudential concerns.  *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). Indeed, this Court placed great emphasis on these jurisprudential concerns it is recent June 15th Order with respect to the stay sought by BB&T, SunTrust, Regions and M&T Bank.  *See* June 15th Order, pp. 4-6.  The jurisprudential concerns at play here, particularly with respect to Chase, which is already subject to the Court's May 13th Scheduling Order, appear to be completely lost on this defendant.  The *raison d'être* of the MDL process is to coordinate and/or consolidate cases against each defendant so they may proceed on a single track, thereby creating efficiencies that inure to the benefit of the parties and the judicial system.  Indeed this Court has already placed Chase on a track that has discovery ongoing and motions for class certification due in September 2010.  Staying discovery with respect to some plaintiffs will create an untenable

situation where counsel will have to move for class certification with respect to certain plaintiffs, and then file a separate motion once Chase's frivolous appeal is rejected by the Eleventh Circuit. Such a result is anathema to the central goal of the MDL process. The stay should be denied for this reason as well.

**D.     If A Stay Is Granted, A Substantial Supersedeas Bond Is Especially Appropriate Here.**

Contrary to what Chase suggests, should this Court grant a stay, it should still be conditioned on the posting of a substantial supersedeas bond by Chase. Given Chase's status as one of the seven bank defendants actively engaged in discovery, and the fact that plaintiffs have a motion for class certification due in late September, a stay pending the outcome of Chase's appeal will be even more detrimental than the stay recently granted to BB&T, SunTrust, Regions and M&T Bank.

Granting Chase a stay with respect to the new plaintiffs added in the *Luquetta* and *Lopez* complaints while it pursues its appeal will fracture the ongoing litigation against Chase. As Chase concedes, the proceedings will continue in this Court on behalf of the original plaintiffs, but will be stayed pending the outcome of the interlocutory appeal for all the new plaintiffs. Thus, for example, the parties will proceed toward class certification pursuant to the Court's current Scheduling Order, without the new plaintiffs, and will have to repeat this process in its entirety with respect to the new plaintiffs once the Eleventh Circuit dismisses or denies Chase's appeal. That is nonsensical. Such duplicative efforts are clearly contrary to the goals of the MDL process. As such, should this Court decide to grant a stay while Chase appeals, Chase should be required to post a substantial bond sufficient to compensate plaintiffs for all duplicative discovery that will clearly result. The $50,000.00 supersedeas bond required of other defendants while they appeal this Court's other interlocutory orders denying motions to compel

arbitration is clearly *insufficient* under these circumstances.  Any other result will encourage the filing of frivolous appeals by other defendants in MDL No. 2036.

## **CONCLUSION**

Under the circumstances, a stay pending Chase's appeal is clearly not appropriate. *Blinco* does not apply given the indisputable fact that Chase will continue to participate in MDL No. 2036 as it pursues its appeal.  *Blinco* is inapposite on other grounds, since voluntary waiver was not at issue, nor discovery of arbitration-related facts.  Chase's right to a stay is further undermined by its public pronouncements in the *Ross* litigation and its conduct in this case, which has resulted in a waiver of the rights it now attempts to preserve.  Finally, granting Chase a stay will result in the litigation against Chase being fractured and plaintiffs having to seek class certification on a piecemeal basis.  Therefore, the stay should be DENIED.

Dated:  June 28, 2010.

Respectfully submitted,

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@alterslaw.com
ALTERS BOLDT BROWN
RASH & CULMO, PA
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel:  (305) 571-8550
Fax:  (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Barry R. Himmelstein
Barry R. Himmelstein, Esquire
California Bar No. 157736
bhimmelstein@lchb.com
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
Mikaela Bernstein, Esquire
California Bar No. 261301
mbernstein@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E 58th street
34th Floor
New york, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Melissa K. Hutts, Esquire
Texas Bar No.  0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

*Plaintiffs' Executive Committee*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
bobby@alterslaw.com