# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:09-MD-02036-JLK

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

**THIS DOCUMENT RELATES TO:**

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 1:09-cv-21681-JLK
N.D. Cal. Case No. 4:08-cv-05101-SBA

*Lopez, et al. v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

*Speers v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-23126-JLK

*Waters, et al. v. U.S. Bank, N.A.*
S.D. Fla Case No. 1:09-23034-JLK
N.D. Cal. Case No. 3:09-cv-2071

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:-cv-08-4610

### DECLARATION OF ROBERT C. GILBERT
### IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS

I, Robert C. Gilbert, declare as follows:

1.     I am an attorney and member in good standing of The Florida Bar and the trial bar of this Court.  Together with Bruce S. Rogow, I serve as plaintiffs' lead counsel this action.  I make this Declaration in Support of Plaintiffs' Omnibus Motion to Compel Production of Documents and Responses to Plaintiffs' Discovery Requests.  I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

2.     On May 13, 2010, the day discovery opened, plaintiffs separately served on Bank of America, N.A., Citibank, N.A., Wachovia Bank, N.A., Union Bank, N.A., U.S. Bank, N.A., and JPMorgan Chase Bank, N.A. (collectively, "Defendants" or the "Banks") a First Request for Production of Documents ("RFPs"), First Set of Requests for Admissions ("RFAs") and First Set of Interrogatories ("Rogs").  The RFPs, RFAs and Rogs served on the Banks were identical, other than the names of the respective Banks.

3.     On or about June 17, 2010, Defendants served their Objections and Responses to the RFPs, RFA and Rogs.  (By agreement, Bank of America responded to the RFAs on July 7, 2010.)  Attached hereto as Exhibits A, B and C are consolidated documents listing each discovery request and each Bank's objections and responses to each request.  Exhibit A contains Plaintiffs' RFPs and Defendants' Objections and Responses; Exhibit B contains Plaintiffs' RFAs and Defendants' Objections and Responses; and Exhibit C contains Plaintiffs' Rogs and

2

Defendants' Objections and Responses.  These documents are intended to assist the Court by avoiding the necessity of reviewing separate discovery papers for each Bank.  The three documents fully transcribe the discovery requests and responses and, as such, comply with Local Rule 26.1(c).

      4.     In connection with the prosecution of these actions, Mr. Rogow and I designated certain plaintiffs' counsel to serve as co-leaders of the following actions, under the supervision and direction of plaintiffs' lead counsel and plaintiffs' executive committee:

Barry Himmelstein & Nicholas Carlin – Bank of America, N.A.

Ted Trief & Richard McCune – Citibank, N.A.

Ruben Honik & Bruce Steckler – JPMorgan Chase Bank, N.A.

Michael Sobol & Elaine Ryan – Union Bank, N.A.

Bonny Sweeney & Joseph Sauder – U.S. Bank, N.A.

Adam Webb & Ari Brown – Wachovia Bank, N.A.

Michael Sobol & Richard McCune – Wells Fargo Bank, N.A.

      5.     As part of their assigned responsibilities, the above-named co-leaders (or attorneys within their firms) conferred with their respective defense counsel regarding each Bank's Objections and Responses to Plaintiffs' RFPs, RFAs and Rogs.  The declarations of plaintiffs' counsel Nicholas Carlin (Bank of America), Richard McCune (Citibank), Kenneth Grunfeld (JPMorgan Chase Bank), Todd Carpenter (Union Bank), Rachel Jensen (U.S. Bank), Ari Brown (Wachovia Bank) and Richard McCune (Wells Fargo Bank), attached as exhibits to the Omnibus Motion to Compel, reflect the specific matters addressed during the discovery conferences conducted by the co-leaders (or attorneys within their firms) with their respective defense counsel.[1]

---

[1] Plaintiffs do not seek relief against Citibank at this time.  *See* Omnibus Motion to Compel, p.6, n.5.

6.     Plaintiffs' discovery requests address one (or more) of seven relevant topics, to which Defendants have generally responded as follows:

a. <u>Internal Policies</u>.  Plaintiffs requested materials relating to each Bank's policies and procedures about debit transactions or overdraft fees that were not disseminated to customers or the public (RFP Nos. 9, 13, 14, 15, 18, 19, 20, 21, 22, 24, 46, 47, 63, 72 and 73; RFA Nos. 1, 7, 10, 11, 20, 21 and 22; and Rog Nos. 4, 5 and 6).     Although these materials are indisputably discoverable, none of the Banks has produced them to date.  As set forth in the accompanying declarations from plaintiffs' counsel, the majority of Defendants are unable to say when, or even whether, they will produce these materials.   Defendants cannot reasonably withhold documents showing their internal policies and procedures for overdraft fees, given that this litigation arises from injuries sustained as a result of those very policies and procedures.  Each Bank's policies and procedures will also be central to the upcoming class certification inquiry and will demonstrate the common nature of the evidence supporting Plaintiffs' claims.

b. <u>Disclosure of Practices and Polices</u>.  Plaintiffs sought documents and information relating to each Bank's policies and procedures about debit transactions or overdraft fees that were disseminated to customers and/or others, including communications with customers, deposit account agreements, fee schedules, advertisements and other disclosures such as information displayed on ATMs or on the internet (RFP Nos. 4, 5, 6, 11, 12, 17, 26, 27, 44, 48, 55, 56, 57, 58, 62, 72 and 75; RFA Nos. 3, 4, 6, 8, 9

and 14; and Rog Nos. 7 and 8). As set forth in the accompanying declarations, to date most of these documents and information have not been provided to Plaintiffs and the majority of the Defendants have not promised they will ever be. Disclosures to customers are directly pertinent to the claims and defenses here.

c. Approval of Debit Card Transactions "Into Overdraft." Plaintiffs' requested documents showing when and how each Bank began approving, rather than rejecting, insufficient funds transactions attempted with debit cards, and when and how each Bank adopted the reordering scheme described in the complaints (RFPs Nos. 37, 49 and 71). Two areas of overriding significance in these actions will be when and how each Bank began to assess overdraft fees for debit card transactions, and when and how each began to hold debit card transactions and reorder them to assess the highest possible number of individual overdraft fee charges against consumers. To date, Defendants have not produced any responsive documents in these areas.

d. The Decision to Approve Debit Card Transactions "Into Overdraft." Plaintiffs sought information relating to each Bank's decisions to approve, rather than decline, insufficient funds transactions, to bypass obtaining consent from consumers, and to process debit transactions out of chronological order in batches, sometimes days after the transactions themselves (RFP Nos. 23, 25, 28, 29, 30, 34, 35, 36, 38, 39, 40, 41, 42, 43, 53, 54, 59, 64, 65 and 67; RFA Nos. 12, 15, 16, 17, 18 and 19; and Rog

Nos. 11, 12 and 14). Plaintiffs allege that Defendants acted out of an "inequitable motive to generate obscene profits" at the expense of consumers. Tornes Compl. ¶ 7 [**DE #344**], and the requested documents are probative of each Bank's bad faith in that regard. Defendants have not complied with these requests.

e. <u>The Banks' Transactional Databases</u>. Plaintiffs requested information showing how the nature and structure of each Bank's databases for processing and recording debit transactions (RFA Nos. 2, 5 and 13; Rog Nos. 9, 10 and 13). In connection with class certification, plaintiffs will present a common methodology that calculates classwide damages using each Bank's own records of debit transactions and overdraft fees. Defendants have not provided this information.

f. <u>Named Plaintiffs' Records</u>. While the details of the named Plaintiffs' transactional histories are undeniably relevant, Defendants have not produced documents in response to Plaintiffs' requests for detailed records of their account histories (RFP Nos. 1, 2, 3, 7 and 8; and Rog Nos. 2 and 3). Their is no excuse or justification for not producing such materials, immediately.

g. Plaintiffs seek documents and information in a handful of other areas which are clearly relevant to this litigation (RFP Nos. 10, 16, 31, 32, 33, 45, 50, 51, 52, 60, 61, 66, 68, 69, 70, 74, 76, 77 and 78; RFA Nos. 23, 24, 25, 26 and 27; and Rog No. 1). These include records of customers' grievances and communications with each Bank relating to overdraft fees (RFP Nos.

6

16 and 45).   Defendants have not produced and/or have objected to producing the requested materials in these areas.  All of the materials are relevant because they bear "on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."

7.   Plaintiffs' RFPs included specific requests seeking, *inter alia*, all documents and information, ***including those created <u>prior to</u> January 1, 2002***, regarding or reflecting: (i) estimates or projections of what  revenue derived from overdraft fees would have been, or would be, if each Bank were to change any aspect of its policies, practices or procedures involved in assessing overdraft fees (RFP No. 43); (ii) policies, practices or procedures pertaining to the manner in which each Bank calculate or assess overdraft fees, including any documents that reflect its practice of posting electronic debit transactions in the order of highest to lowest dollar amount (RFP No. 20); and (iii) communications between or among any of each Bank's directors, officers or employees regarding the purpose and/or practice of posting of transactions in an order different from the order in which the customer initiated transactions (RFP No. 14).  *See also*, RFP Nos. 9, 11, 13 - 24, 28 - 30, 38 - 54, and 63 - 67.  (These requests were expressly excepted from the general time limitation applicable to other requests seeking information dating from January 1, 2002 forward.).   Documents and information dating earlier than 2002 is plainly relevant, as demonstrated during the recent *Gutierrez v. Wells Fargo* trial where evidence established that Wells Fargo implemented its re-ordering scheme in California in a series of steps in 2001 and 2002, and even earlier for the rest of the country.  *See* Declaration of Richard D. McCune, ¶ 9, Exhibit 2 to the Omnibus Motion to Compel.

8.   I have personally been engaged in ongoing dialogue and negotiations with representatives of the Defendants concerning (i) a stipulated protective order, (ii) stipulated

7

protocols regarding the assertion of privilege, and (iii) a stipulated discovery plan for electronically stored information ("ESI").

9.      The dialogue and negotiations over a stipulated protective order began in March 2010.  There were many issues of disagreement which were the subject of several, lengthy in-person and conference call meetings, which resulted in numerous revised drafts being exchanged between the parties.   Ultimately, with the assistance of Messrs. Hutt and Davidson, the Defendants' designated negotiators, we successfully resolved our differences and disputes and, on July 15, 2010, filed a Proposed Joint Stipulated Protective Order.  **[DE # 687]**.

10.     Discussions and negotiations over stipulated protocols regarding the assertion of privilege, and a stipulated discovery plan for ESI have not been successful.  On April 20, 2010, Defendants provided a draft ESI discovery plan to us, which contained innumerable issues with plaintiffs were unable to agree. On May 4, 2010, we provided Defendants with our revised draft of the stipulated discovery plan for ESI.  On June 2, 2010, Defendants sent us their response to our May 4th proposal, a copy of which is attached hereto as Exhibit D.   In their response, Defendants provided their "joint position" on a number of issues, but indicated that "there are many areas of the plan that each Defendant will want to discuss with you separately, as each Defendant's position will be unique." *See* June 2nd letter, p. 1.  The response continued: "Each Defendant will separately correspond with Plaintiffs regarding its custodians and sources of data from which it is collecting data and documents." *See* June 2nd letter, p. 2.  The letter went on to state that "… because each collection for each Defendant is unique and involves different considerations regarding the volume of data, data sources and other issues, each Defendant may provide you further information on this issue in separate correspondence to you." *See* June 2nd letter, p. 3.  On the issue of search terms and the date range for the collection of ESI, the letter

8

clearly stated: "Each defendant will correspond with you separately regarding the search terms it proposes. . . Each defendant will contact you separately with the beginning date proposed for their collection." *See* June 2nd letter, p. 3.  Finally, the response indicated that "[t]he Defendants will separately correspond with you regarding privilege log issues." *See* June 2nd letter, p. 4.

11.     On June 15, 2010, Bank of America sent me a detailed letter addressing its specific issues, including the initial number of custodians from which it is seeking ESI, a list of search terms being employed, and the estimated time for completing the collection and production of responsive ESI.

12.     Between June 2, 2010 and July 15, 2010, none of the other Defendants corresponded or communicated with me separately on ESI-related issues.

13.     On July 5, 2010, I sent Defendants another revised draft of the stipulated discovery plan for ESI.  As of July 15, 2010, Defendants had not responded to our revised ESI discovery plan.

14.     The parties have also not reached an agreement on stipulated protocols regarding the assertion of privilege.  On May 24, 2010, Defendants provided us with a draft for stipulated protocols regarding the assertion of privilege.  On July 5, 2010, we sent Defendants our revised draft of the stipulated protocols regarding the assertion of privilege.  As of July 15, 2010, Defendants had not responded to our revised draft of the stipulated protocols regarding the assertion of privilege.

15.     For the reasons discussed above, plaintiffs need the responsive documents now in order to effectively prosecute these actions in accordance with the Court's scheduling order, which requires Plaintiffs to file their motion for class certification by September 20, 2010.  We urgently need these documents and information so we can understand each Bank's motives and

conduct, and so we can take fully informed depositions of each Bank's witnesses for purposes of preparing our class certification motions.  Without the responsive documents and information, and without deposition testimony elicited based on such documents and information, we will be operating at a marked disadvantage in moving for class certification.  For that reason, we respectfully ask that the Court order Defendants to immediately produce responsive documents and information within the scope of the seven categories of relevant materials plaintiffs seek, and to substantially complete all such production by August 13, 2010 – 90 days after receiving plaintiffs' written discovery

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this *16* day of July, 2010 at Miami, Florida.

Robert C. Gilbert

# EXHIBIT A

**Compiled Responses of Defendants to**
**<u>Plaintiffs' First Request for Production of Documents</u>**

**<u>Request for Production No. 1</u>**

   **Produce all account statements and other documents regarding the account activity in the named Plaintiffs' checking account(s) and any other account(s) the named Plaintiffs have had with you.**

   **<u>BofA (Tornes)</u>**

   BANA objects to the portion of this request that seeks documents regarding not only the named Plaintiffs' checking accounts, but also "any other account(s) the named Plaintiffs have had with [BANA]." This portion of the request seeks documents regarding accounts other than those that can be accessed through debit cards and therefore exceeds the scope of the putative class and the claims alleged in this lawsuit and is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this specific objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request related to accounts that can be accessed by debit cards, and it will produce all responsive, non-privileged documents identified by that search.

   **<u>BofA (Yourke)</u>**

   BANA objects to the portion of this request that seeks documents regarding not only the named Plaintiffs' checking accounts, but also "any other account(s) the named Plaintiffs have had with [BANA]." This portion of the request seeks documents regarding accounts other than those that can be accessed through debit cards and therefore exceeds the scope of the putative class and the claims alleged in this lawsuit and is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this specific objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request related to accounts that can be accessed by debit cards, and it will produce all responsive, non-privileged documents identified by that search.

   **<u>JP Morgan Chase</u>**

   Chase objects to Request No. 1 on the grounds it is vague and ambiguous, including the phrases "account statements" and "other documents," and that its reference to "other accounts(s)" seeks the production of documents that are irrelevant to any claims or defenses in the action. Chase further objects to the Request on the ground that it has appealed the Court's denial of its motion to compel arbitration, and will seek to stay proceedings pending that appeal, as to certain of the named Plaintiffs such that no discovery as to these named Plaintiffs is appropriate at this time. See supra note 1.

   Subject to and without waiving the foregoing general and specific objections, Chase states that it has already produced documents responsive to this Request for those

named Plaintiffs as to whom Chase has not moved to compel arbitration, and will search files reasonably accessible and reasonably believed to contain responsive documents and produce non-privileged account statements in its possession, if any, as to those named Plaintiffs concerning any account(s) held by them that may be accessed using an electronic debit card and/or on which overdraft fees may be charged. For the purposes of these responses, Chase interprets the term "account statements" to mean periodic statements as defined in 12 U.S.C. § 230.2(q).

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the terms "other documents," "account activity" and "other accounts"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: On March 31,2010, Citibank produced copies of Amrhein's account statements from January 30,2006 through November 26, 2009, and Citibank will periodically update its production of account statements.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Union Bank declines to provide documents relating to overdraft fees assessed prior to that date.

With respect to the request for "other documents regarding the account activity," Union Bank objects that the request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information concerning "any other account(s)" on the ground that it is overly broad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "any other documents regarding the account activity" renders it vague, ambiguous, and unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, to the extent such documents have not already been produced.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information concerning "any other account(s)" on the ground that it is overly broad and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "any other documents regarding the account activity" renders it vague, ambiguous, and unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request to the extent it calls for the production of documents that are not related to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all plaintiffs' account statements from January 1, 2002, to May 31, 2010, for the consumer checking accounts for which account numbers have been provided.

### Request for Production No. 2

**Produce the Deposit Agreement and all related documents which you contend govern any aspect of the named Plaintiffs' relationship with you.**

### BofA (Tornes)

BANA objects to the portion of this request that seeks documents regarding "any aspect of the named Plaintiffs' relationship with [BANA]." This portion of the request seeks documents regarding accounts other than those that can be accessed through debit cards and therefore exceeds the scope of the putative class and claims alleged in this lawsuit and is thus overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this specific

objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search.

**BofA (Yourke)**

BANA objects to the portion of this request that seeks documents regarding "any aspect of the named Plaintiffs' relationship with [BANA]." This portion of the request seeks documents regarding accounts other than those that can be accessed through debit cards and therefore exceeds the scope of the putative class and claims alleged in this lawsuit and is thus overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this specific objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search.

**JP Morgan Chase**

Chase objects to Request No. 2 on the ground that it is vague and ambiguous, including the phrases "any aspect of the named Plaintiffs' relationship with you" and "related documents." Chase further objects to the Request on the ground that it has appealed the Court's denial of its motion to compel arbitration, and will seek to stay proceedings pending that appeal, as to certain of the named Plaintiffs such that no discovery as to these named Plaintiffs is appropriate at this time. See supra note 1.

Subject to and without waiving the foregoing general and specific objections, Chase states that it has already produced documents responsive to this Request for those named Plaintiffs as to whom Chase has not moved to compel arbitration, and will search files reasonably accessible and reasonably believed to contain responsive documents and produce documents in its possession, if any, that set forth the terms and conditions applicable to the customer account(s) held by those named Plaintiffs as to whom Chase has not moved to compel arbitration and that may be accessed using an electronic debit card and/or on which overdraft fees may be levied.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to "all related documents." Without waiving, and subject to, its objections, Citibank responds to this Request as follows: See documents Bates numbered MDL-CB-OOOOOOOI through MDL-CB-00000162, produced January 20, 2010.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this

request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

With respect to the request for "all related documents which [Union Bank] contend[s] govern[s] any aspect of the named Plaintiffs" relationship with [Union Bank]," Union Bank objects that the request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "documents which you contend govern any aspect" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, to the extent such documents have not already been produced.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "documents which you contend govern any aspect" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in

its use of the term "related." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, the documents from January 1, 2002, to December 31, 2009, that govern the relationship between Wells Fargo and plaintiffs affecting their consumer checking accounts for which account numbers have been provided.

## Request for Production No. 3

**Produce all documents reflecting communications between you and any of the named Plaintiffs.**

### BofA (Tornes)

BANA objects to this request on the ground that it seeks documents related to communications regarding accounts that cannot be accessed through debit cards or to other issues not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search.

### BofA (Yourke)

BANA objects to this request on the ground that it seeks documents related to communications regarding accounts that cannot be accessed through debit cards or to other issues not relevant to this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search.

### JP Morgan Chase

Chase objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it has appealed the Court's denial of its motion to compel arbitration, and will seek to stay proceedings pending that appeal,

as to certain of the named Plaintiffs such that no discovery as to these named Plaintiffs is appropriate at this time.  See supra note 1.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce non-privileged documents in its possession, if any, for those named Plaintiffs as to whom Chase has not moved to compel arbitration.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the terms "communications" and "any of the named Plaintiffs"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it is unintelligible to the extent that it seeks documents that relate to anyone other than Amrhein; and (v) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of those non-privileged documents that are within its possession, custody or control and responsive to this Request to the extent that they relate to the debit card transactions at issue in this action.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Union Bank declines to provide documents relating to overdraft fees assessed prior to that date.

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search.

### US Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information concerning "all documents reflecting communications" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, to the extent such

documents have not already been produced.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information concerning "all documents reflecting communications" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to require the production of communications between the Bank and plaintiffs unrelated to any claim or defense in this matter, or communications not specifically directed to or received from plaintiffs. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "reflecting."

Subject to and not waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that contain communications between the Bank and plaintiffs concerning plaintiffs' consumer checking accounts for which account numbers have been provided.

### Request for Production No. 4

**Produce all versions of any Deposit Agreement provided to your customers, and all documents regarding, referring to or relating to the Deposit Agreement, including all notices or messages sent to your customers reflecting any revision or modification of that/those document(s).**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class and claims alleged in this lawsuit. Furthermore. BANA objects to this request to the extent is seeks "notices or messages" unrelated to the relevant issues

in the lawsuit. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request and will produce all responsive, non-privileged documents identified by that search.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class and claims alleged in this lawsuit. Furthermore. BANA objects to this request to the extent is seeks "notices or messages" unrelated to the relevant issues in the lawsuit. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request and will produce all responsive, non-privileged documents identified by that search.

### JP Morgan Chase

Chase objects to Request No. 4, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 4 on the grounds that it is vague and ambiguous, including the phrase "notices or messages."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce any exemplars of final Deposit Agreements provided to customers by Chase that govern accounts that may be accessed using an electronic debit card and/or on which overdraft fees may be levied.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the terms "notices or messages" and "revision or modification"; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: See Response to Request No. 2. On January 20,2010, and January 29,2010, Citibank produced Client Manuals for the following dates: January 1, 2004, May 24,2004, June 28,2004, December 6,2004, July 22,2005, January

13,2006, October 1, 2006, January 1, 2007, April 27, 2007, May 26,2007, July 15, 2007, July 1,2008, February 15, 2009 and January 1, 2010. In addition, on January 20, and January 29,2010, Citibank produced addenda to the Client Manuals for California, Connecticut, Florida, Illinois, Maryland, Nevada, New Jersey, New York, Virginia, Washington D.C., and any other states in which online accounts might be opened, effective the following dates: January 1, 2004, March 1,2004, April 11, 2004, May 1, 2004, June 1,2004, August 1, 2004, October 1,2004 and December 1,2004. Citibank also produced Marketplace Addenda for California and Nevada markets bearing the following dates: May 26,2007, February 15, 2009 and January 1, 2010. Citibank will produce Client Manuals for the following additional dates: October 11, 2004 and July 1, 2006. Citibank will produce Marketplace Addenda bearing dates from 2004 through the present that have not previously been produced.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to the claims of plaintiff.  Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount. Union Bank objects to the request to the extent it seeks "notices or messages" which are not relevant to the claims and defenses of the parties. Union Bank further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "regarding, referring to or relating to," "Deposit Agreement," "notices or messages," and "reflecting" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all versions," "all documents regarding," or "all notices or messages" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-

privileged documents in its possession, custody, or control, if any, to the extent such documents have not already been produced.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "regarding, referring to or relating to," "Deposit Agreement," "notices or messages," and "reflecting" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all versions," "all documents regarding" or "all notices or messages" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the phrase "referring to or relating to." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this request to the extent it purports to require the production of every single notice or message sent to every single customer (such as account statements to customers containing statement messages), as such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all non-identical Consumer Account Agreements and addenda or any other revision or modification to the Consumer Account Agreements provided to customers with consumer checking accounts from January 1, 2002, to December 31, 2009. For information communicated to customers through statement messages or other individual formats that are nonidentical in respects other than the content of the material responsive to this request, Wells Fargo will produce

documents from January 1, 2002, to December 31, 2009, sufficient to provide the responsive material for consumer checking accounts.

## Request for Production No. 5

Produce all documents that you have provided to your customers reflecting a schedule of fees for services including, but not limited to, overdraft fees, including all notices or messages sent to your customers regarding any revision(s) or modification(s) of that/those document(s).

### BofA (Tornes)

BANA objects to this request to the extent it seeks documents regarding accounts other than those that can be accessed through debit cards as such documents exceed the scope of the putative class and claims alleged in this lawsuit. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, BANA objects to this request to the extent is seeks "notices or messages" unrelated to overdraft fees or the posting of transactions from highest to lowest dollar amount, as it exceeds the scope of the putative class and claims alleged in the lawsuit and is therefore not reasonably calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search dated from January 1, 2003 to December 31, 2009.

### BofA (Yourke)

BANA objects to this request to the extent it seeks documents regarding accounts other than those that can be accessed through debit cards as such documents exceed the scope of the putative class and claims alleged in this lawsuit. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, BANA objects to this request to the extent is seeks "notices or messages" unrelated to overdraft fees or the posting of transactions from highest to lowest dollar amount, as it exceeds the scope of the putative class and claims alleged in the lawsuit and is therefore not reasonably calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search dated from January 1, 2003 to December 31, 2009.

### JP Morgan Chase

Chase objects to Request No. 5, on the grounds that it is overly broad and unduly

burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 5 on the grounds that it is vague and ambiguous, including the phrase "notices or messages."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce any exemplars of final schedules of fees that include overdraft fees.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the terms "notices or messages" and "revision or modification"; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: The Response to Request No. 4 is incorporated herein by reference.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to the claims of plaintiffs. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's schedule of fees for overdraft charges related to its practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to the request to the extent it seeks documents "reflecting a schedule of fees for services" which are not relevant to the claims and defenses of the parties. Union Bank further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search.

### US Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "reflecting," "schedule of fees for services," and "notices or messages" render it vague, ambiguous, and unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, to the extent such documents have not already been produced

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "reflecting," "schedule of fees for services," and "notices or messages" render it vague, ambiguous, and unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "reflecting." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.  Wells Fargo further objects to this request to the extent it purports to require the production of every single notice or message sent to every single customer (such as account statements to customers containing statement messages), as such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all non-identical Consumer Account Fee and Information Schedules and addenda or any other revision or modification provided to customers with consumer checking accounts from January 1, 2002, to December 31, 2009. For information communicated to customers through statement messages or other individual formats that are nonidentical in respects other than the content of the material responsive to this request, Wells Fargo will produce documents from January 1, 2002, to December 31, 2009, sufficient to provide the responsive material for consumer checking accounts.

### Request for Production No. 6

**Produce exemplar copies of all documents which pertain to contracts or agreements between you and your customers, including all notices or messages sent to your customers regarding any revision or modification of such contracts or**

**agreements.**

**BofA (Tornes)**

BANA objects to this request to the extent it seeks documents regarding accounts other than those that can be accessed through debit cards as such documents exceed the scope of the putative class and claims alleged in this lawsuit. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, BANA objects to this request to the extent is seeks "notices or messages" unrelated to overdraft fees or the posting of transactions from highest to lowest dollar amount, as it exceeds the scope of the putative class and claims alleged in the lawsuit and is therefore not reasonably calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search dated from January 1, 2003 to December 31. 2009.

**BofA (Yourke)**

BANA objects to this request to the extent it seeks documents regarding accounts other than those that can be accessed through debit cards as such documents exceed the scope of the putative class and claims alleged in this lawsuit. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, BANA objects to this request to the extent is seeks "notices or messages" unrelated to overdraft fees or the posting of transactions from highest to lowest dollar amount, as it exceeds the scope of the putative class and claims alleged in the lawsuit and is therefore not reasonably calculated to lead to the discovery of admissible evidence and is overbroad and unduly burdensome. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, and it will produce all responsive, non-privileged documents identified by that search dated from January 1, 2003 to December 31. 2009.

**JP Morgan Chase**

Chase objects to Request No. 6, on the grounds that it is duplicative, overly broad, and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 6 on the grounds that it is vague and ambiguous, including the phrase "notices or messages."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce exemplars of final notices and communications

sent to customers by Chase regarding overdraft fees or posting order, if any, for accounts that may be accessed using an electronic debit card and/or on which overdraft fees may be levied. See also Response to Request No. 5, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the terms "contracts or agreements," "notices or messages" and "revision or modification"; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it is duplicative of Requests 2, 4 and 5.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous. Union Bank further objects to this request on the grounds that it is not relevant to the claims and defenses of the parties. Union Bank further objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "exemplar copies" and "all documents which pertain to contracts" render it vague, ambiguous, and unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, to the extent such

documents have not already been produced.

**Wachovia**

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "exemplar copies" and "all documents which pertain to contracts" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the terms "pertain" and "contracts and agreements." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence, including but not limited to the extent it seeks individualized contracts and agreements between the Bank and particular customers. Wells Fargo further objects to this request to the extent it purports to require the production of every single notice or message sent to every single customer (such as account statements to customers containing statement messages), as such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, exemplars of any generalized contracts between the Bank and its customers in connection with consumer checking accounts from January 1, 2002, to December 31, 2009.

**Request for Production No. 7**

For each transaction that was the basis for an overdraft fee you assessed against an account held by each named Plaintiff in this action, produce all documents reflecting:

(a) the date and time the transaction was initiated;

(b) the date and time the transaction was authorized;

(c) the date and time you first received notice of the dollar amount of the transaction;

(d) the amount of available funds in the account being debited at the time the transaction was initiated;

(e) the amount of available funds in the account being debited at the time you first received notice of the dollar amount of the transaction;

(f) the amount of available funds in the account being debited at the time the transaction was authorized; and

(g) the date and/or time an overdraft fee was charged to the account based on the transaction.

**BofA (Tornes)**

BANA objects to this request to the extent such information is not available or reasonably accessible. in addition, BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 2 and 3. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents or data responsive to this request and will produce responsive data, to the extent it is available and reasonably accessible.

**BofA (Yourke)**

BANA objects to this request to the extent such information is not available or reasonably accessible. in addition, BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 2 and 3. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents or data responsive to this request and will produce responsive data, to the extent it is available and reasonably accessible.

**JP Morgan Chase**

Chase objects to Request No. 7, on the grounds that it is overly broad and unduly burdensome. Chase further objects to Request No. 7 on the grounds that it is vague and ambiguous, including the terms "transaction," "initiated," "authorized," "received

notice," and "available funds," and the phrases "transaction that was the basis of an overdraft fee," "basis for an overdraft fee," "received notice of the dollar amount of the transaction," "the amount of available funds being debited at the time the transaction was authorized," and "the amount of the available funds in the account being debited at the time the transaction was authorized." Chase further objects to the Request on the ground that it has appealed the Court's denial of its motion to compel arbitration, and will seek to stay proceedings pending that appeal, as to certain of the named Plaintiffs such that no discovery as to these named Plaintiffs is appropriate at this time.  See supra note 1.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to conduct a reasonable search and produce documents sufficient to show the requested information in Chase's possession regarding the transaction history of named Plaintiffs as to whom Chase has not moved to compel arbitration.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to Citibank; (iii) it is unintelligible to the extent that it seeks documents that relate to anyone other than Amrhein; and (iv) it is unduly burdensome and oppressive for the reasons set forth in the Declaration of Luiz Medici filed on December 22, 2009 in connection with Citibank's renewed, Independent Motion to Dismiss the Third Amended Complaint. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: See Exhibit A to the Declaration of Luiz Medici filed on December 22, 2009, and the unredacted copy of Exhibit A provided to Lead Counsel in MDL 2036 on December 30, 2009. Citibank will produce other responsive documents that may be in its possession, custody or control, to the extent not encompassed in Exhibit A to the Medici Declaration.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Union Bank declines to provide documents relating to overdraft fees assessed prior to that date.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the

entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "initiated," "authorized," and "received notice" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents reflecting" or "an account" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents sufficient to show (a) - (c) and (g) to the extent such documents are available and have not already been produced. U.S. Bank has no responsive, non-privileged documents reflecting the information Requested in categories (d), (e), and (f).

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "initiated," "authorized," and "received notice" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents reflecting" or "an account" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production

protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to subpart (a) of this request insofar as it seeks the production of documents that are not within the Bank's possession, custody, or control. Wells Fargo also objects to plaintiffs' use of the undefined term "authorized" as vague, ambiguous, and overbroad insofar as plaintiffs do not specify whose "authorization" they refer to, or what aspect of a transaction the "authorization" in question relates to. Insofar as the request seeks the production of documents concerning "authorization" by Wells Fargo, it is unintelligible with respect to some of the types of transactions to which this Request refers. Wells Fargo further objects to this request as vague, ambiguous, and overbroad to the extent it calls for "all documents" and in its use of the term "reflecting." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, and to the extent that such data is available and can be found through a reasonable search, Wells Fargo will produce documents from January 1, 2002, to May 31, 2010, sufficient to show the date and time the Bank authorized any transaction for which it provided authorization, the date on which the Bank posted each transaction to plaintiffs' checking account, and the date on which an overdraft fee was charged to the account for plaintiffs' consumer checking accounts for which account numbers have been provided. The Bank does not routinely maintain records containing the remaining categories of information listed in this request, although in some instances, some of it can be inferred from records that are maintained for other purposes; such records from January 1, 2002, to May 31, 2010, to the extent they exist, will also be produced for plaintiffs' consumer checking accounts for which account numbers have been provided.

### Request for Production No. 8

**For each named Plaintiff in this action, produce all documents reflecting the specific criteria and dollar amounts upon which you determined whether or not transactions would be approved where such approval would cause an overdraft, including but not limited to: the amount available in the account, the historical frequency of overdrafts, the historical total of overdrafts and overdraft fees, the dollar amount of the particular charge, the dollar amount per day, the consistency of deposits, the existence of other accounts at your bank, and the existence of overdraft protection.**

### BofA (Tornes)

BANA objects to this request to the extent such information is not available or

reasonably accessible. In addition, BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 2 and 3. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents or data responsive to this request and will produce responsive data, to the extent it is available and reasonably accessible. In addition, see BANA's response to Request No. 34.

**BofA (Yourke)**

BANA objects to this request to the extent such information is not available or reasonably accessible. In addition, BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 2 and 3. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents or data responsive to this request and will produce responsive data, to the extent it is available and reasonably accessible. In addition, see BANA's response to Request No. 34.

**JP Morgan Chase**

Chase objects to Request No. 8, on the grounds that it is duplicative, overly broad, and unduly burdensome. Chase further objects to Request No. 8 on the grounds that it is vague and ambiguous, including the terms "approval," "transactions," and "amount available," and the phrases "consistency of deposits" and "specific criteria and dollar amounts upon which you determined whether or not transactions would be approved where such approval would cause an overdraft," and because the intended relationship of the text before the ":" and the text after the ":" is ambiguous. Chase further objects on the ground that certain "specific criteria" are highly confidential and risk-sensitive and because providing specific details is onerous. Chase further objects to the Request on the ground that it has appealed the Court's denial of its motion to compel arbitration, and will seek to stay proceedings pending that appeal,, as to certain of the named Plaintiffs such that no discovery as to these named Plaintiffs is appropriate at this time. *See supra* note 1.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce non-privileged documents in its possession, if any, sufficient to show the factor(s) used to determine whether to approve an electronic debit card transaction into overdraft for those named Plaintiffs as to whom Chase has not moved to compel arbitration.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague

and ambiguous, including with respect to the terms "each named Plaintiff in this action," "specific criteria," "dollar amount," "consistency of deposits," "historical total of overdrafts" and "historical frequency of overdrafts"; (ii) it is unintelligible to the extent that it seeks documents that relate to anyone other than <u>Amrhein</u>; (iii) it seeks confidential, proprietary business documents that belong to Citibank; and (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: See Exhibit A to the Declaration of Luiz Medici filed on December 22,2009, and the unredacted copy of Exhibit A provided to Lead Counsel in MDL 2036 on December 30,2009. Citibank will produce other responsive documents that may be in its possession, custody or control, to the extent not encompassed in Exhibit A to the Medici Declaration.

## Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this

Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "specific criteria," "determined," "cause," "historical frequency," "historical total," and "consistency of deposits" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents reflecting" or "an account" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "specific criteria," "determined," "cause," "historical frequency," "historical total," and "consistency of deposits" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents reflecting" or "an account" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request to the extent it calls for the production of documents concerning details of the authorization process that are not relevant to any claim or defense and is therefore not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this request insofar as it purports to seek documents constituting proprietary trade secrets for which plaintiffs have no legitimate need, particularly at this stage of the litigation.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo responds that it does not maintain historical documentation of its determination on whether to authorize any specific debit-card transaction beyond what is already being produced in response to plaintiffs' other requests for production. With regard to documents setting out the "specific criteria" used by the bank in a more general sense, such documents contain proprietary trade secrets for which plaintiffs have no legitimate need. Therefore, no additional documents will be produced in response to this request.

## Request for Production No. 9

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, reflecting your policies, practices or procedures regarding the posting of all transactions to customer accounts, including but not limited to the order in which such transactions are posted.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA further objects to this request to the extent it seeks documents regarding accounts other than those that can be accessed through debit cards as such documents exceed the scope of the putative class and claims alleged in this lawsuit. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, pursuant to its ESI proposal to Plaintiffs, BANA will review documents contained within the electronic files, including c-mails, of the custodians listed in Exhibit B (the "Custodians") that are retrieved by the search terms proposed to Plaintiffs and attached as Exhibit C (the "Search Terms"). BANA will then produce non-privileged responsive documents contained within the collection of documents retrieved by the Search Terms (the "Search Results") dated between January 1, 2003 and December 31, 2009 and will produce reasonably accessible documents related to BANA's practice of posting electronic debit transactions in the order of highest to lowest dollar amount prior to January 1, 2003. In addition, it will conduct a reasonable investigation of documents that may exist outside of the Custodians' files (including documents contained on shared electronic locations) that may be responsive to this request and will produce all responsive, non-privileged documents identified by that search.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA further objects to this request to the extent it seeks documents regarding accounts other than those that can be accessed through debit cards as such documents exceed the scope of the putative class and claims alleged in this lawsuit. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, pursuant to its ESI proposal to Plaintiffs, BANA will review documents contained within the electronic files, including e-mails, of the custodians listed in Exhibit B (the "Custodians") that are retrieved by the search terms proposed to Plaintiffs and attached as Exhibit C (the "Search Terms"). BANA will then produce non-privileged responsive documents contained within the collection of documents retrieved by the Search Terms (the "Search Results") dated between January 1, 2003 and December 31, 2009 and will produce reasonably accessible documents related to BANA's practice of posting electronic debit transactions in the order of highest to lowest dollar amount prior to January 1, 2003. In addition, it will conduct a reasonable investigation of documents that may exist outside of the Custodians' files (including documents contained on shared electronic locations) that may be responsive to this request and will produce all responsive, non-privileged documents identified by that search.

**JP Morgan Chase**

Chase objects to Request No. 9, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects on the grounds that it is vague and ambiguous, including the term "transactions," and the phrase "posting of all transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

**Citibank**

884969.1                                   -26-

Citibank objects to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks confidential, proprietary business documents that belong to Citibank; and (iii) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures and summary documents that exist, are within its possession, custody or control and relate to the debit card transactions at issue.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.

Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "customer accounts" and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" or "all transactions to

customer accounts" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "customer accounts" and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time," or "all transactions to customer accounts" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "reflecting." Such a request, if interpreted literally, would call for production of millions of irrelevant documents. For example, every customer account statement "reflects" the Bank's posting order. Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that describe or discuss in general terms the order in which Wells Fargo posts transactions or assesses

overdraft fees to the extent such description or discussion addresses or includes debit-card transactions.

**Request for Production No. 10**

Produce all documents pertaining to Federal Reserve Rule E set to take effect July 1, 2010, the Study of Bank Overdraft Programs issued in November 2008 by the Federal Deposit Insurance Corporation (FDIC), and the Joint Guidance on Overdraft Protection Programs issued in February 2005 by the FDIC, the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency and the National Credit Union Administration.

**BofA (Tornes)**

BANA objects to this request to the extent it seeks documents protected by the Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine and to the extent it seeks documents that are publicly available. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

**BofA (Yourke)**

BANA objects to this request to the extent it seeks documents protected by the Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine and to the extent it seeks documents that are publicly available. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

**JP Morgan Chase**

Chase objects to Request No. 10, on the grounds that it is overly broad and unduly burdensome and to the extent it seeks documents that are publicly available.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks confidential, proprietary business documents that belong to Citibank; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Union Bank**

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege.· Union Bank objects to the request to the extent it seeks documents that are publicly available. Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**US Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information concerning "all documents pertaining to" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information concerning "all documents pertaining to" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request to the extent it calls for the production of publicly available documents that are equally available to plaintiffs. Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the practices, policies, accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, addressing Federal Reserve Rule E set to take effect July 1, 2010, the Study of Bank Overdraft Programs issued in November 2008 by the Federal Deposit Insurance Corporation (FDIC), and the Joint Guidance on Overdraft Protection Programs issued in February 2005 by the FDIC, the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency and the National Credit Union Administration, to the extent such documents discuss Wells Fargo's posting and overdraft assessment practices that address or include debit-card transactions.

## Request for Production No. 11

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, reflecting any communications between you and your customers regarding your policies, practices or procedures of levying overdraft fees and/or the sequence or manner in which you post debits to your customers' accounts.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, and 7. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, and 7. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 11, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of

overdraft fees imposed.

Chase further objects to Request No. 11 on the ground that it is duplicative. Chase further objects to Request No. 11 on the grounds that it is vague and ambiguous, including its reference to the "manner in which you post debits to your customers' accounts," and the terms "manner" and "sequence." Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

## Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it seeks documents in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce those nonprivileged documents within its possession, custody or control that are responsive to this Request, and relate to the debit card transactions at issue, to the extent that they do not reflect customer-specific information.

## Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide 'electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will

conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### US Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "reflecting," "communications," "policies, practices or procedures," and "customers' accounts" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "reflecting," "communications," "policies, practices or procedures," and "customers' accounts" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "reflecting." Such a request, if interpreted literally, would call for production of millions of irrelevant documents. For example, every customer account statement "reflects" the Bank's posting order. Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this

request to the extent it calls for the production of documents that are irrelevant to any claim or defense and not reasonably calculated to the discovery of admissible evidence, including but not limited to the extent it seeks communications between the Bank and individual customers concerning particularized issues affecting their accounts.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any general communications from January 1, 2002, to December 31, 2009, from Wells Fargo to its customers with consumer checking accounts that discuss the Bank's policies on assessing overdraft fees and/or the sequence in which the Bank posts transactions to the extent such policies address or include debit-card transactions.

### Request for Production No. 12

Produce all documents in which you define, describe or otherwise use the terms "Overdraft" and/or "Overdraft Fees."

#### BofA (Tornes)

BANA objects to this request as overbroad and unduly burdensome. Due to the size of the DANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. In addition, BANA objects to this request on the ground that it is overbroad and unduly burdensome as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. DANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 8. DANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Furthermore, BANA has agreed to produce non-privileged documents relating to overdraft fees and that are responsive to a number of other document requests, including Request Nos. 18, 20, and 24. The production of all documents that simply use the term "overdraft" and are not responsive to any other request would be unduly burdensome and thus the request is overbroad.

#### BofA (Yourke)

BANA objects to this request as overbroad and unduly burdensome. Due to the size of the DANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. In addition, BANA objects to this request on the ground that it is overbroad and unduly burdensome as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents

created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. DANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 8. DANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Furthermore, BANA has agreed to produce non-privileged documents relating to overdraft fees and that are responsive to a number of other document requests, including Request Nos. 18, 20, and 24. The production of all documents that simply use the term "overdraft" and are not responsive to any other request would be unduly burdensome and thus the request is overbroad.

### JP Morgan Chase

Chase objects to Request No. 12, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents that define or describe "overdraft," if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business documents that belong to Citibank; and (vi) it is duplicative of Request Nos. 4, 5, 6, 9 and 11. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures and summary documents that exist and are within its possession, custody or control.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this

request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks information concerning "all documents in which you define, describe or otherwise use" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks information concerning "all documents in which you define, describe or otherwise use" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents that define or describe the terms "overdraft" and/or "overdraft fees" in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks "all documents" that "use" the terms "overdrafts" and "overdraft fees." Such a request, if interpreted literally, would call for production of millions of irrelevant documents. Wells Fargo further objects to this request to the extent it purports to require the production of every single communication using the terms "overdraft" or "overdraft fee" sent to every single customer (such as account statements or overdraft notices), as such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any general documents made available to customers that define or describe the terms "overdraft" and/or "overdraft fees" from January 1, 2002, to December 31, 2009. Wells Fargo has agreed to produce non-privileged documents relating to its relevant overdraft practices in response to plaintiffs' other document requests. Wells Fargo will not produce all documents that simply use the terms "overdraft" or "overdraft fees" that are not otherwise being produced in response to plaintiffs' other document requests.

### Request for Production No. 13.

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, in which you state or describe the process by which, or the time at which, items will be debited from, or credited to, a customer's account.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is overbroad and unduly burdensome. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named

Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA further objects to the term "debited from" as vague and ambiguous, and BANA does not understand what is meant by it. In responding to this request, and for no other purpose, BANA construes "debited from" to mean "posted to." BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, and 7. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is overbroad and unduly burdensome. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA further objects to the term "debited from" as vague and ambiguous, and BANA does not understand what is meant by it. In responding to this request, and for no other purpose, BANA construes "debited from" to mean "posted to." BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, and 7. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 13, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 13 on the grounds that it is vague and ambiguous, including the phrase "process by which."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents concerning deposit accounts that can be accessed by an electronic debit card, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13,

884969.1                                                    -39-

supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it is duplicative of Request Nos. 4, 5, 6, 9 and 11; and (vi) it seeks documents in which nonparties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "process," "items," and "customer's account" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information

concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "process," "items," and "customer's account" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request to the extent it calls for the production of "all documents," including individualized communications with non-party customers. Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to the extent the request calls for documents that are not relevant to the posting of the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any

general documents from January 1, 2002, to December 31, 2009, made available to customers describing the process used by Wells Fargo to post transactions to its customers' consumer checking accounts to the extent such process addresses or includes debit-card transactions.

## Request for Production No. 14

Produce all documents created, received or sent at any time, including **prior to** January 1, 2002, reflecting communications between or among any of your directors, officers or employees regarding the purpose and/or practice of posting of transactions in an order different from the order in which the customer initiated transactions.

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers

other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 14, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative. Chase further objects to Request No. 14 on the grounds that it is vague, ambiguous, and inaccurate, including the phrase "purpose and/or practice of sequencing the posting of transactions in an order different from the order in which the customer initiated transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it is argumentative.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. Union Bank further objects to this request on the grounds that it is overbroad, unduly

burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that ,are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the EST protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "reflecting," "communications," "purpose and/or practice" and "initiated" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "reflecting," "communications," "purpose and/or practice" and "initiated" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any

time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to the extent the request calls for documents that are not relevant to the posting of the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, containing communications between Wells Fargo employees concerning the purpose or practice of its posting order for transactions in connection with consumer checking accounts to the extent such purpose or practice addresses or includes debit-card transactions.

### Request for Production No. 15

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, reflecting communications between or among any of your directors, officers or employees, regarding the assessment of overdraft fees for any transaction(s) that was/were initiated by a customer at a time when there were sufficient funds in the customer's account to cover the transaction(s).**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and

other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results dated from January 1, 2003 to December 31, 2009.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results dated from January 1, 2003 to December 31, 2009.

### JP Morgan Chase

Chase objects to Request No. 15, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's practices for, among other things, setting the amount of overdraft fees imposed. Chase further objects to the Request on the ground that it is duplicative. Chase further objects to Request No. 15 on the grounds that it is vague, ambiguous, and rests on inaccurate assumptions, including its premise that Chase assessed overdraft fees "initiated by a customer at a time when there were sufficient funds in the customer's account to cover the transaction(s)."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it is argumentative.

## Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "reflecting communications," "initiated," and "sufficient funds in the customer's account to cover the transaction(s)" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in

this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "reflecting communications," "initiated," and "sufficient funds in the customer's account to cover the transaction(s)" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "sufficient funds." Wells Fargo further objects to the argumentative nature of this request. Wells Fargo further objects to the extent the request calls for documents that are not relevant to the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, containing communications between Wells Fargo employees concerning the Bank's practices affecting the assessment of overdraft fees on consumer checking accounts to the extent such practices address or include debit-card transactions

## Request for Production No. 16

884969.1                                          -48-

Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any questions, complaints or grievances received from your customers pertaining to the method or manner in which you assess overdraft fees including, but not limited to, legal complaints, complaints to customer service and/or complaints to or from regulatory agencies, your responses thereto, and internal documents regarding any such questions, complaints or grievances.

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Furthermore, BANA objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results dated from January 1, 2003 to December 31, 2009. In addition, BANA will produce non-privileged responsive data from two Access databases it maintains and from its Commit database that may contain information responsive to this request.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Furthermore, BANA objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers,

customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results dated from January 1, 2003 to December 31, 2009. In addition, BANA will produce non-privileged responsive data from two Access databases it maintains and from its Commit database that may contain information responsive to this request.

### JP Morgan Chase

Chase objects to Request No. 16, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 16 on the grounds that it is vague and ambiguous, including the term "received" and the phrase "method or manner in which you assess overdraft fees."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (v) it seeks documents in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce non-privileged summary documents within its possession, custody or control to the extent that they do not reflect customer-specific information.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or .the Federal Bank Regulator Privilege. Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated after July 16,2005 that relate

to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "questions, complaints or grievances" and "method or manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-

client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "questions, complaints or grievances" and "method or manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the terms "questions" and "grievances." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any practices, policies, transactions, or fees, or other claims or defenses at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all documents from January 1, 2002, to December 31, 2009, that constitute complaints or inquiries from customers about overdraft fees on consumer checking accounts.

### Request for Production No. 17

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding the manner by which you disclose, state, or otherwise describe the time at which items will be debited from a customer's account including but not limited to the sequence in which you post electronic debits for purposes of assessing overdraft fees, and documents pertaining to how employees are to respond to questions or complaints concerning overdraft fees or your practice of posting electronic debit transactions in a particular order.**

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to

the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA further objects to the term "debited from" as vague and ambiguous, and BANA does not understand what is meant by it. In responding to this request, and for no other purpose, BANA construes "debited from" to mean "posted to." BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 7, 8, and 9.  Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA further objects to the term "debited from" as vague and ambiguous, and BANA does not understand what is meant by it. In responding to this request, and for no other purpose, BANA construes "debited from" to mean "posted to." BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 7, 8, and 9. Subject to and

without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 17, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative. Chase further objects to Request No. 17 on the grounds that it is vague and ambiguous, including the terms "electronic debits" and "sequence," and the phrases "at the time at which items will be debited," "how employees are to respond," and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it is duplicative of Request Nos. 11 and 13. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies, procedures and training materials that relate to the debit card transactions at issue.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As

drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "items," "customer's account," "for the purposes of," "concerning," and "practice" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "items," "customer's account," "for the purposes of," "concerning," and "practice" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

884969.1

Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, overbroad, confusing, and rests on an inaccurate premise, rendering it argumentative. Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any disclosures from January 1, 2002, to December 31, 2009, to its customers concerning the posting of debit card transactions to consumer checking accounts, and any general communications from January 21 1, 2002, to December 31, 2009, to employees on how to respond to customer inquiries about how debit-card transactions are posted to consumer checking accounts.

### Request for Production No. 18

**Produce all documents you created, received or utilized at any time, including prior to January 1, 2002, regarding the manner by which you determine when and whether to assess an overdraft fee.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.

BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 9, 12, and 13. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 9, 12, and 13. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 18, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative. Chase further objects to Request No. 18 on the grounds that it is vague and ambiguous.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol. Chase will further search other files reasonably accessible and reasonably believed to contain responsive documents. See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory

privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it is duplicative of Request No. 15; and (vi) it seeks documents in which nonparties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures, and summary documents related to those policies and procedures, that relate to the debit card transactions at issue.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**US Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms "determine" and "manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents you created, received or utilized at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and

proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

**<u>Wachovia</u>**

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms "determine" and "manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents you created, received or utilized at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**<u>Wells Fargo</u>**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "utilized." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the process by which Wells Fargo assesses overdraft fees on consumer checking accounts to the extent such process addresses or includes debit-card transactions.

**<u>Request for Production No. 19</u>**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any changes, adjustments, reductions, reversals or write-offs of any overdraft fees you made in response to any questions or complaints about your overdraft fees, including your policies for doing so (ie., in what circumstance and why), and any questions or complaints pertaining to your practice of posting electronic debit transactions in the order of highest to lowest dollar amount.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 19, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to the Request on the ground that it is duplicative.  Chase further objects to Request No. 19 on the grounds that it is compound, vague and ambiguous, including the phrases "your practice of posting electronic debit transactions in the order of highest to lowest dollar amounts" and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ES1; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business documents that belong to Citibank; and (vi) it seeks documents in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures, and summary documents related to those policies and procedures, that relate to the debit card transactions at issue.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Union Bank declines to provide documents relating to overdraft fees assessed prior to that date.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need

not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### **U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "policies," "questions or complaints," and "practice" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### **Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "policies," "questions or complaints," and "practice" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has

not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative and confusing. Wells Fargo further objects to this request to the extent it calls for the production of documents that are irrelevant to any practice or type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this request to the extent it purports to require the production of all documents created, received, or sent in connection with every individual change, adjustment, reduction, reversal, or write-off of an overdraft fee. Such a request would call for production of millions of irrelevant documents, and would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, nonprivileged documents from January 1, 2002, to December 31, 2009, sufficient to show the Bank's policies concerning reversals of overdraft fees in response to complaints or inquiries from consumer checking account customers about the order in which Wells Fargo posts debit-card transactions.

### Request for Production No. 20

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, regarding your policies, practices or procedures pertaining to the manner in which you calculate or assess overdraft fees, including any documents that reflect your practice of posting electronic debit transactions in the order of highest to lowest dollar amount.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to

the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

## BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthemlore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

## JP Morgan Chase

Chase objects to Request No. 20, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed.  Chase further objects to the Request on the ground that it is duplicative and on the grounds that it is vague and ambiguous, including the phrases "your practice of posting electronic debit transactions in the order of highest to lowest

dollar amounts" and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ES1; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business documents that belong to Citibank; (vi) it is duplicative of Request Nos. 14 and 15; and (vii) it seeks documents in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ.P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "policies, practices or procedures," "manner," and "practice" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "policies, practices or procedures," "manner," and "practice" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, overbroad, and

rests on an inaccurate premise, rendering it argumentative and confusing. Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "reflect." Such a request, if interpreted literally, would call for production of millions of irrelevant documents. For example, every customer account statement "reflects" the Bank's posting order. Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, describing in general terms the manner in which Wells Fargo posts transactions to consumer checking accounts and calculates the resulting balances and any overdrafts to the extent such description addresses or includes debit-card transactions.

### Request for Production No. 21:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1,2002, reflecting communications between or among any of your directors, officers or employees, regarding the way in which you order the posting of electronic debit transactions, including all documents pertaining to the effect on revenues derived from overdraft fees by such ordering of debits.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5.

Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5.

Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

**JP Morgan Chase**

Chase objects to Request No. 21, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to the Request on the ground that it is duplicative.  Chase further objects to the Request on the ground that it is vague and ambiguous, including the phrases "effect on revenue" and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or

immunity; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "reflecting communications," "the way" and "derived" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production

protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "reflecting communications," "the way" and "derived" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that the request is overbroad and burdensome to the extent that it is duplicative of Plaintiffs' Request for Production No. 9.  Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the terms "reflecting," "pertaining to," "effect on revenues," and "derived from."

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that discuss revenue impacts associated with the order in which Wells Fargo posts debit-card transactions to consumer checking accounts.

## Request for Production No. 22:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January l, 2002, regarding your reasons or justifications for posting electronic debit transactions in the order of highest to lowest dollar amount.**

## BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 22, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative. Chase further objects to the Request on the ground that it is vague and ambiguous, including the phrases "your practice of posting electronic debit transactions in the order of highest to lowest dollar amounts" and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  See General Response and Objection 13, supra.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to Citibank.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrase "reasons or justifications" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly

burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case. Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "reasons or justifications" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative and confusing.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the reasons for implementing or maintaining the order in which Wells Fargo posts debit-card transactions to consumer checking accounts.

### Request for Production No. 23:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, reflecting all contracts, agreements and communications between you and any third party, including Carreker Corp., Sheshunoff or other industry consultants, regarding the creation, implementation, management or administration of any part of your business operations pertaining to the**

determination and assessment of overdraft fees.

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 14. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees, as that information is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, BANA objects to this request to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. Subject to, and without waiving these specific objections and the general objections above, after entry of a Protective Order, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 14. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees, as that information is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, BANA objects to this request to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. Subject to, and without waiving these specific objections and the general objections above, after entry of a Protective Order, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 23, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed.   Chase further objects on the grounds that it is vague and ambiguous, including the phrase "other industry consultants."   Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to Citibank and/or third parties. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank is not aware at this time of the existence of documents responsive to this Request. Investigation is ongoing.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of

any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant  further  objects  to  this  Request  as  overbroad  and  unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "industry consultants," "business operations," and "determination" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" or "all contracts, agreements and communications between you and any third party" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry  of  an  appropriate  protective  order  and  agreement  on  document  production protocols,  U.S.  Bank  will  produce  responsive,  non-privileged  documents  in  its possession, custody, or control, if any.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "industry consultants," "business operations," and "determination" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" or "all contracts, agreements and communications between you and any third party" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, overbroad in its use of the terms "the creation, implementation, management or administration" and "any part of your business operations." Wells Fargo further objects to this request as overbroad and unduly burdensome to the extent it seeks "all communications" with third parties concerning administration of its operations pertaining to the assessment of overdraft fees. Such a request, taken literally, would require the production of individualized communications with non-party customers about their overdraft fees (such as overdraft notices), which would implicate millions of irrelevant documents and be invasive of the privacy of non-party customers. Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction or any claim, defense, or challenged practice at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all contracts and agreements between the Bank and any third-party from January 1, 2002, to December 31, 2009, that discuss the Bank's practices pertaining to the assessment of overdraft fees in consumer checking accounts to the extent such practices address or include debit-card transactions.

**Request for Production No. 24:**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any changes or proposed changes in your policies, practices or procedures pertaining to the determination or assessment of overdraft fees and/or the reason( s) for such changes or proposed changes.**

**BofA (Tornes)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January I, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the

ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees, as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, and 6. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

**BofA (Yourke)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January I, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees, as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, and 6. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

**JP Morgan Chase**

Chase objects to Request No. 24, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed. Chase further objects to the Request on the ground that it is duplicative and on the grounds that it is vague and ambiguous, including the phrases "changes or proposed changes" and "determination or assessment of overdraft fees."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol. Chase will further search other files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures, and summary documents related to those policies and procedures, that relate to the debit card transactions at issue.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As

drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the request that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects to this Request on the ground that the phrases "policies, practices or procedures" and "determination or assessment" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects to this request on the ground that the phrases "policies, practices or procedures" and "determination or assessment" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to

entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, discussing changes or proposed changes to the method or manner in which customers with consumer checking accounts may incur overdraft fees to the extent that such changes address or include the incurring of overdraft fees on debit-card transactions.

### Request for Production No. 25:

**Produce all documents regarding any pilot program that you have initiated or considered initiating, whether nationwide or in a limited geographic area, pertaining to the chronological posting of electronic debits or otherwise pertaining to your policy, practice or procedure for posting electronic debit transactions.**

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA also objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the

extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA also objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 25, on the grounds that it is vague and ambiguous, including the phrases "pilot program," "initiated or considered initiating," "chronological posting," "electronic debits," and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary

business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank is not aware of the existence of documents pertaining to a "pilot program."

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining , to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "pilot program," "initiated or considered initiating," "chronological posting," and "policy, practice or procedure" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to

entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "pilot program," "initiated or considered initiating," "chronological posting" and "policy, practice or procedure" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects the request is vague, ambiguous, and overbroad in its use of the term "chronological posting."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents concerning any pilot program from January 1, 2002, to December 31, 2009, affecting the posting of debit-card transactions to consumer checking accounts.

### Request for Production No. 26:

**Produce exemplars of all promotional, advertising and/or marketing materials sent to your customers regarding debit card accounts.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects on the ground that it is overbroad and unduly burdensome, as it seeks advertisements and marketing materials that are unrelated to any of the relevant issues in this lawsuit. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No.7. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request that contain information that may be relevant to the issues in this lawsuit, and it will produce all responsive, non-privileged documents identified by that search.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects on the ground that it is overbroad and unduly burdensome, as it seeks advertisements and marketing materials that are unrelated to any of the relevant issues in this lawsuit. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No.7. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request that contain information that may be relevant to the issues in this lawsuit, and it will produce all responsive, non-privileged documents identified by that search.

**JP Morgan Chase**

Chase objects to Request No. 26, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 26 on the grounds that it is vague and ambiguous, including the phrase "debit card accounts."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to produce any exemplars of promotional materials concerning debit cards that address overdraft fees, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing, including because it calls for the production   of ESI; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iii) it seeks confidential, proprietary business documents that belong to Citibank. Citibank further objects to this Request on the grounds that advertising claims have been abandoned as a potential basis for recovery in Amrhein. Amrhein was preceded by a putative nationwide class action filed in January 2005, entitled Mike Margullis v. Citigroup Inc., et al., Case No. CGC 05437759 (San Francisco Cty. Super. Ct.). Margullis challenged Citibank's posting order and its advertising and disclosure of its posting order. On October 27,2005, the court found that a state-law challenge to the posting order would be preempted by federal law, and only advertising and disclosure claims remained. On or about October 29,2008, Citibank moved to join or substitute Amrhein as a plaintiff in Margullis. On November 7, 2008, counsel representing both Amrhein and Mike Margullis ("Margullis") filed Amrhein. On or about December 10, 2008, Margullis filed a request for dismissal of Margullis. At a January 5,2009, hearing in Margullis, Margullis's and Amrhein's counsel conceded to the court that Amrhein could not represent the Margullis class because he "did not and is not claiming he saw any advertisements that he relied upon" and that "Mr. Amrhein could not adequately represent this class because he doesn't have a claim under this class. . . . Mr. Amrhein is not alleging that he saw any advertisements. He could not say that, and he could not say that he relied on it." The Margullis court confirmed Amrhein's counsel statements that Amrhein lacked standing to allege or represent a class as to advertising claims: "It was counsel's representation that Mr. Amrhein didn't see advertising and can't claim he relied on advertising." Amrhein cannot now revive the abandoned advertising claims.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed.R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents·

identified by that search, to the extent the documents are available and reasonably accessible.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent it seeks information concerning "all promotional, advertising and/or marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent it seeks information concerning "all promotional, advertising and/or marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks communications between the Bank and individual customers concerning particularized issues affecting their accounts and to the extent it calls for the production of documents that are irrelevant to any claim or defense in this litigation.  The Bank further objects that the request is vague, ambiguous, overbroad, and unintelligible in its reference to "debit card accounts."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all advertisements or marketing materials from January 1, 2002, to December 31, 2009, discussing debit cards that Wells Fargo made generally available to its consumer checking account customers.

**Request for Production No. 27:**

Produce documents summarizing, or from which Plaintiffs can determine for each year: (a) your total gross revenues from consumer banking operations; (b) your gross revenues from overdraft fees levied against those customers' accounts; ( c) the total number of overdraft fees assessed against those customers' accounts; (d) the total amount of overdraft fees assessed against those customers' accounts that you have forgiven, waived, reversed or not collected; (e) the total number of overdraft fees assessed against those customers' accounts that you have forgiven, waived, reversed or not collected; (f) the number of your customers' accounts that have been assessed one or more overdraft fees; (g) the percentage of your customers' accounts that have been assessed one or more overdraft fees; (h) the number of your customers' accounts that have been assessed more than one overdraft fee on a single day; and (i) the percentage of your customers' accounts that have been assessed more than one overdraft fee on a single day.

**BofA (Tornes)**

BANA objects to this request on the ground that it is unduly burdensome and overbroad and premature, since the putative class has not yet been certified. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 11. Subject to and without waiving these specific objections and the general objections above, BANA incorporates herein by this reference its response to Plaintiffs' Interrogatory No. 11.

**BofA (Yourke)**

BANA objects to this request on the ground that it is unduly burdensome and overbroad and premature, since the putative class has not yet been certified. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other

customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 11. Subject to and without waiving these specific objections and the general objections above, BANA incorporates herein by this reference its response to Plaintiffs' Interrogatory No. 11.

**JP Morgan Chase**

Chase objects to Request No. 27, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 27 on the grounds that it is vague and ambiguous, including the phrases "or from which Plaintiffs can determine" and "those consumers."

Subject to and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents reflecting the requested data for consumer Deposit Accounts, if any, that it locates through a search of files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*. Chase further agrees to meet and confer with Plaintiffs in an effort to resolve its objections.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production 'of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it purports to seek documents regarding damage amounts supposedly at issue prior to certification of any class.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Union Bank declines to provide documents relating to overdraft fees assessed prior to that date.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have 'entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "determine," "consumer banking operations," "customers' accounts," "forgiven, waived or not collected," and "single day" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "determine," "consumer banking operations," "customers' accounts," "forgiven, waived or not collected," and "single day" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this is an interrogatory disguised as a document request.  Wells Fargo further objects that the request seeks information (such as "total gross revenues from consumer banking operations") that is not relevant to any claim or defense in these cases, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.   Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "forgiven."  Wells Fargo further objects to the extent this request, if taken literally, could be read to require the Bank to produce all of its customers' individualized consumer transaction data.  Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.  Wells Fargo further objects to the extent such data exists only on searchable databases or in database archives.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, documents from January 1, 2002, to December 31, 2009, that summarize the requested

categories of information.  Wells Fargo will not produce "databases" nor will it create new documents or reports to respond to this request.

### Request for Production No. 28:

Produce all documents created, received or sent at any time, including **prior to** January 1, 2002, regarding any financial analysis, budgeting, forecasting, planning or reporting revenue from actual or projected overdraft fees charged or to be charged to your customers.

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 11. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 11.

**JP Morgan Chase**

Chase objects to Request No. 28, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to the Request on the ground that it is duplicative, vague, and ambiguous.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it purports to seek documents regarding damage amounts supposedly at issue prior to certification of any class; and (vi) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity.

**Union Bank**

Union Bank objects to this requests to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank-will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous "and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable" search for documents responsive to this request and it will, upon

the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "financial analysis, budgeting, forecasting, planning or reporting" and "actual or projected overdraft fees" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case. Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "financial analysis, budgeting, forecasting, planning or reporting" and "actual or projected overdraft fees" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its

possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the terms "charged" and "to be charged." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss actual or projected overdraft fee revenues from consumer checking accounts.

### Request for Production No. 29:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any actual costs incurred by you in connection with overdrafts, as well as all documents regarding projected costs anticipated to be incurred by you in connection with overdrafts.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to

producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 29, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 29 on the grounds that it is vague and ambiguous, including the phrase "actual costs incurred by you in connection with overdraft fees."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16; 2005, where such documents· are not· relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope,

burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "actual costs in connection with overdrafts" and "projected costs anticipated in to be incurred" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "actual costs in connection with overdrafts" and "projected costs anticipated in to be incurred" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the terms "actual costs," "projected costs," "incurred," and "in connection with" Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, discussing actual or projected costs associated with overdrafts in consumer checking accounts.

**Request for Production No. 30:**

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1,2002, regarding budgeted, forecasted or planned overdraft fees expected to be charged to your customers in each coming quarter, year or other calendar period.**

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 30, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies and procedures for, among other things, setting the amount of overdraft fees imposed. Chase further objects to Request No. 30 on the grounds that it is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it purports to seek documents regarding damage amounts supposedly at issue prior to certification of any class; and (vi) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.

Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P; 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "budgeted, forecasted or planned" and "expected to be charged" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or

evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "budgeted, forecasted or planned" and "expected to be charged" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the terms "planned," "expected," and "charged."  Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, containing forecasts or projections of overdraft fee revenues from consumer checking accounts.

### Request for Production No. 31:

**Produce all documents regarding any communications between you and any state, federal or local government agency or private entity regarding: (a) your policy, practice or procedure of posting electronic debit transactions in the order of highest to lowest dollar amount; (b) the amount you charge a customer for a single overdraft; or ( c) the total revenue collected by you from overdraft fees.**

### BofA (Tornes)

BANA objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to

BANA's adoption of the practice of posting electronic debit transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as such information is not reasonably calculated to lead to the discovery of admissible evidence. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, 6, and 11. Subject to and without waiving these specific objections and the general objections above, BANA will produce all non-privileged documents contained within the Search Results that are responsive to subparts (a) and (c) of this request, subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting electronic debit transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as such information is not reasonably calculated to lead to the discovery of admissible evidence. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4, 5, 6, and 11. Subject to and without waiving these specific objections and the general objections above, BANA will produce all non-privileged documents contained within the Search Results that are responsive to subparts (a) and (c) of this request, subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 31 on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative.  Chase further objects to the Request on the grounds that it is it is vague and ambiguous, including the phrases policy, practice or procedure of posting electronic debit transactions in the order of highest to lowest dollar amount," "total revenue collected by you from overdraft fees," and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it purports to seek documents regarding damage amounts supposedly at issue prior to certification of any class.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege. Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "policy, practice or procedure" and "collected" render

it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents regarding any communication" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "policy, practice or procedure" and "collected" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents regarding any communication" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative and confusing.  Wells Fargo further objects that the request is vague, ambiguous, and overbroad in its use of the term "private entity."  Wells Fargo further objects to this request to the extent it calls for the production of documents addressing subjects that are not at issue in these cases, such as the pricing of a single overdraft fee or the total revenue collected from all overdraft fees, regardless of source or reason.  Such documents are not relevant to any claim or defense in these cases and this request, to the extent it calls for the production of such documents, is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that constitute communications between the Bank and government agencies or private entities (other

than customers) concerning the order in which Wells Fargo posts debit-card transactions to consumer checking accounts.

**Request for Production No. 32:**

　　　**Produce all organizational charts reflecting the names, titles and positions of all persons, departments, entities, divisions, subdivisions, affiliates, subsidiaries, agents and other persons and entities that provide banking products or services to your customers, including but not limited to all persons and entities involved in determining or assessing overdraft fees, in operating your Hogan or RTS (or equivalent) system, in operating any <u>debit card transaction processing systems</u>, and all persons and entities with responsibilities pertaining to the storage and retention of written and electronic records.**

### BofA (Tornes)

　　　BANA objects to this request on the grounds that it is overbroad and unduly burdensome and seeks documents that exceed the scope of the claims and/or class alleged in this lawsuit as arguably nearly every single person employed by BANA "provide[s] banking products or services to [BANA's] customers" and has "responsibilities pertaining to the storage and retention of written and electronic records." Due to the size of the BANA organization, the number of employees and the frequent number of changes in the organizational structure and the employees' position within that structure and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results that relate to individuals with knowledge relevant to the issues in this case and that are dated between January 1, 2003 and December 31,2009. BANA will also conduct a reasonable search for documents responsive to this request that involve associates within BANA who are involved or were involved in core subject matter areas relevant to the issues in this lawsuit and will produce all responsive, non- privileged documents found in that search.

### BofA (Yourke)

　　　BANA objects to this request on the grounds that it is overbroad and unduly burdensome and seeks documents that exceed the scope of the claims and/or class alleged in this lawsuit as arguably nearly every single person employed by BANA "provide[s] banking products or services to [BANA's] customers" and has "responsibilities pertaining to the storage and retention of written and electronic records." Due to the size

of the BANA organization, the number of employees and the frequent number of changes in the organizational structure and the employees' position within that structure and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results that relate to individuals with knowledge relevant to the issues in this case and that are dated between January 1, 2003 and December 31,2009. BANA will also conduct a reasonable search for documents responsive to this request that involve associates within BANA who are involved or were involved in core subject matter areas relevant to the issues in this lawsuit and will produce all responsive, non- privileged documents found in that search.

### JP Morgan Chase

Chase objects to Request No. 32 on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 32 on the grounds that it is vague and ambiguous, including the term "equivalent."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to produce non-privileged organizational charts reflecting persons who can be reasonably determined to have responsibility for policies or practices with respect to overdraft fees, if any, that it locates through a search of files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents in which non-parties have a legitimate expectation or right to privacy pursuant to constitution, statute or case law; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not

relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions· in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity" because arguably nearly every single person or entity employed by Union Bank "provide[s] banking products or services to [Union Bank's] customers." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request that involve those persons or entities that are involved or were involved in the subject matters relevant to the issues in this lawsuit and it will produce all responsive, non-privileged documents identified by that search.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "organizational charts," "banking products or services," "determining," "operating," and "debit card transaction processing systems" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all persons . . . that provide banking products or services to your customers" or "all persons and entities with responsibilities pertaining to the storage and retention of written and electronic records" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly

burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "organizational charts," "banking products or services," "determining," "operating," and "debit card transaction processing systems" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all persons . . . that provide banking products or services to your customers" or "all persons and entities with responsibilities pertaining to the storage and retention of written and electronic records" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that the request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information on Bank employees or departments unconnected to consumer checking accounts or seeks the names of low-level employees (such as branch employees) who have no role in decision-making on the matters at issue in this case.  Wells Fargo further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning overdraft fees or record retention policies that are unrelated to any policies, practices, transactions, fess, or other claims or defenses at issue in these cases.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, organization charts or similar nonprivileged documents from January 1, 2002, to December 31, 2009, sufficient to show the key representatives within Wells Fargo who are involved or were involved in core subject matter areas relevant to the issues in these cases.

### Request for Production No. 33:

**Produce all documents regarding your electronic and written records retention policies pertaining to any and all records of your consumer banking operations.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly

burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks records retention policies for all records of BAN A's consumer banking operations whether or not the retention policies apply to potentially responsive sources of information. In addition, the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited by date and therefore exceeds the scope of the putative class. Further, BANA's consumer banking operations encompass a large number of employees and systems and there is no evidence that BANA has not retained documents responsive to the discovery requests, thus the burden to obtain this information far outweighs any benefit. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request that relate to systems that may have responsive documents and will produce all responsive, non-privileged documents found in that search.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks records retention policies for all records of BAN A's consumer banking operations whether or not the retention policies apply to potentially responsive sources of information. In addition, the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited by date and therefore exceeds the scope of the putative class. Further, BANA's consumer banking operations encompass a large number of employees and systems and there is no evidence that BANA has not retained documents responsive to the discovery requests, thus the burden to obtain this information far outweighs any benefit. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request that relate to systems that may have responsive documents and will produce all responsive, non-privileged documents found in that search.

### JP Morgan Chase

Chase objects to Request No. 33, on the ground that it requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce a copy of the retention policies within its possession, custody or control to the extent that they relate to the debit card transactions at issue.

## Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties because its seeks retention policies for all records of Union Bank's "consumer banking operations" whether or not the retention policies apply to potentially responsive sources of information. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will , conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrase "electronic and written records retention policies" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all persons regarding" or "any and all records of your consumer banking operations " on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its

possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "electronic and written records retention policies" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all persons regarding" or "any and all records of your consumer banking operations " on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents concerning record retention policies pertaining to "consumer banking operations" that are unrelated to any policies, practices, transactions, fess, or other claims or defenses at issue in these cases.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, nonprivileged documents sufficient to show the Bank's current record retention policies for of the Bank's Consumer Deposit and Debit Card groups.

### Request for Production No. 34:

**Produce all documents regarding any algorithm or automated procedure that you use, or have used, to determine whether or not to approve a point of sale or A TM electronic debit transaction if there are insufficient funds in a customer's account to cover the item at the time you receive the request for approval.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 12 and 13. BANA objects to this request to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. Subject to, and without waiving these specific objections and the general objections above, after entry of a Protective Order, BANA will produce all responsive non-privileged documents contained within the Search Results dated between January 1, 2003 and December 31,2009.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 12 and 13. BANA objects to this request to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. Subject to, and without waiving these specific objections and the general objections above, after entry of a Protective Order, BANA will produce all responsive non-privileged documents contained within the Search Results dated between January 1, 2003 and December 31,2009.

### JP Morgan Chase

Chase objects to Request No. 34, on the grounds that it is overly broad and unduly burdensome, including because certain algorithms and automated procedures are highly confidential and risk-sensitive and therefore onerous.  Chase further objects on the grounds that it is vague and ambiguous, including the phrases "electronic debit transaction," "automated procedure," and "insufficient funds in a customer's account to cover the item at the time you receive the request for approval," and on the ground that it is duplicative.

Subject to and without waiving the foregoing general and specific objections,

Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce non-privileged documents in its possession, if any, sufficient to show the factor(s) used to determine whether to approve an electronic debit card transaction.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is argumentative.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16; 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "algorithm or automated procedure," "determine," "customer's account," "cover," and "receive the Request for approval" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents regarding" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "algorithm or automated procedure," "determine," "customer's account," "cover," and "receive the request for approval" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents regarding" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that the request is vague, ambiguous, and overbroad in its use of the undefined term "algorithm or automated procedure." Wells Fargo further objects that the request is argumentative and so confusing as to be unintelligible. Wells Fargo further objects to this request to the extent it calls for the production of documents concerning details of the authorization process that are not relevant to any claim or defense and is therefore not reasonably calculated to the discovery of admissible

-113-

evidence.  Wells Fargo further objects to this request insofar as it purports to seek documents constituting proprietary trade secrets for which plaintiffs have no legitimate need, particularly at this stage of the litigation.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that discuss in general terms the use of an algorithm or automated procedure used to determine whether or not to approve a point of sale or ATM withdrawal transaction.  *See also* Response to Request No. 8.

### **Request for Production No. 35:**

**Produce all documents regarding any algorithm or automated procedure that you use, or have used, to determine the amount (whether referred to by you as the "overdraft tolerance", "shadow line" or any other terminology) you will advance customers on transactions which exceed the customer's account balance or whether you will approve a transaction that will exceed the customer's available balance.**

### **BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1,2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 12 and 13. BANA objects to this request to the extent it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. Subject to, and without waiving these specific objections and the general objections above, after entry of a Protective Order, BANA will produce all responsive non- privileged documents contained within the Search Results dated between January 1, 2003 and December 3 1, 2009.

### **BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1,2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 12 and 13. BANA

objects to this request to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. Subject to, and without waiving these specific objections and the general objections above, after entry of a Protective Order, BANA will produce all responsive non- privileged documents contained within the Search Results dated between January 1, 2003 and December 3 1, 2009.

### JP Morgan Chase

Chase objects to Request No. 35, on the grounds that it is overly broad and unduly burdensome, including because certain algorithms and automated procedures are highly confidential and risk-sensitive and therefore onerous.  Chase further objects on the grounds that the Request is vague and ambiguous, including the term "transactions," and the phrases "exceed the customer's account balance," "exceed the customer's available balance," and "automated procedure," and on the ground that it is duplicative.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce non-privileged documents in its possession, if any, sufficient to show the factor(s) used to determine whether to approve an electronic debit card transaction

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is argumentative.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in-this request only after plaintiffs have entered

into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ: P. 26(b)(2)(B). Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "algorithm or automated procedure," "determine," overdraft tolerance," and "shadow line," "advance," and "customer's account" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents regarding" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "algorithm or automated procedure," "determine," "overdraft tolerance," and "shadow line," "advance," and "customer's account" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks

information concerning "all documents regarding" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case. Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that the request is vague, ambiguous, and overbroad in its use of the undefined term "algorithm or automated procedure." Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise in its use of the term "advance," rendering it argumentative and so confusing as to be unintelligible. Wells Fargo further objects to this request to the extent it calls for the production of documents concerning details of the authorization process that are not relevant to any claim or defense and is therefore not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this request insofar as it purports to seek documents constituting proprietary trade secrets for which plaintiffs have no legitimate need, particularly at this stage of the litigation.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that discuss in general terms the use of an algorithm or automated procedure used to determine whether or not to approve a point of sale or ATM withdrawal transaction. *See also* Response to Request No. 8.

### Request for Production No. 36:

**Produce all documents sent to or received from persons who developed, operated, installed, revised or maintained the software and/or algorithms by which overdrafts, overdraft fees and maximum amounts advanced are determined.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 12 and 13. BANA objects to this request to the extent that it calls for the production of trade secret,

proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. It also is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks all documents sent or received from certain employees, whether or not the issues discussed in the e-mails are relevant to the issues in the lawsuit. BANA will thus not produce documents responsive to this request.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 12 and 13. BANA objects to this request to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information. It also is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks all documents sent or received from certain employees, whether or not the issues discussed in the e-mails are relevant to the issues in the lawsuit. BANA will thus not produce documents responsive to this request.

### JP Morgan Chase

Chase objects to Request No. 36, on the grounds that it is overly broad and unduly burdensome, including because certain software and/or algorithms are highly confidential and risk-sensitive, and therefore onerous, and on the grounds that it requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 36 on the grounds that it is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and

(iv) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have entered into a protective order which is acceptable to Union Bank: and which would limit the use and dissemination of the documents sought in this request. Union Bank: objects to this request for production as overbroad in scope, burdensome and oppressive because this request seeks all documents sent or received from certain employees, whether or not the issues discussed in the communications are relevant to the issues in the lawsuit. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B). Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will not produce documents responsive to this request.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "software and/or algorithms," "maximum amounts," and "determined" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents sent or received from persons who developed, operated, installed, revised or maintained the software and/or algorithms" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence.  Defendant further objects to this request on the ground that the terms and phrases "software and/or algorithms," "maximum amounts advanced," and "determined" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents sent or received from persons who developed, operated, installed, revised or maintained the software and/or algorithms" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek "all documents" sent to or received from certain persons.  Such a request is absurdly overbroad in its demand for the production of every document that these persons sent or received.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise in its use of the term "advanced," rendering it argumentative and so confusing as to be unintelligible.  Wells Fargo further objects to this request to the extent it calls for the production of documents concerning details of the authorization process that are not relevant to any claim or defense and is therefore not reasonably calculated to the discovery of admissible evidence.  Wells Fargo further objects to this request insofar as it purports to seek documents constituting proprietary trade secrets for which plaintiffs have no legitimate need, particularly at this stage of the litigation.

To the extent the intended focus of this request is duplicative of Request for Production Nos. 8, 34, and 35 (which on its face it appears to be), Wells Fargo incorporates by reference its responses to those requests.

### Request for Production No. 37:

**Produce all documents regarding any internal analysis of potential liability or other risks associated with your policies, practices or procedures of assessing overdraft fees.**

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting

electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA also objects to producing any documents created before January 1,2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of this request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA also objects to producing any documents created before January 1,2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of this request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 37, on the grounds that it requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed.  Chase further objects to the Request to the extent it seeks documents covered by the attorney-client privilege, work-product immunity, or any other applicable exemption from disclosure.  Chase further objects on the grounds that it is vague and ambiguous, including the phrase "other risks."

Subject to, and without waiving the foregoing general and specific objections, and

following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.   See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank: Regulator Privilege. Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.· Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-

client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "any internal analysis," "potential liability or other risks," "associated," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### **Wachovia**

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "any internal analysis," "potential liability or other risks," "associated," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### **Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that the request is vague, ambiguous, and overbroad in its use of the terms "potential liability" and "other risks." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant

to any type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, containing projections of losses or non- payment of funds associated with overdrafts consumer checking accounts and/or discussing in general terms the risks associated with the Bank's policies, practices, and procedures that affect the assessment of overdraft fees in consumer checking accounts.

**Request for Production No. 38:**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any analysis of the advantages, drawbacks and/or risks of your policies, practices or procedures of assessing overdraft fees.**

**BofA (Tornes)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of this request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.

Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

**BofA (Yourke)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it seeks documents protected by the attorney-

client privilege or the work product doctrine. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of this request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 38, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed. Chase further objects to the Request on the grounds that it is vague and ambiguous. Chase further objects to the Request to the extent it seeks documents covered by the attorney-client privilege, work- product immunity, or any other applicable exemption from disclosure.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol. *See* General Response and Objection 13, *supra.*

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business documents that belong to Citibank; and (vi) it is duplicative of Request No. 37.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by

the attorney client privilege, work product doctrine; or the Federal Bank Regulator Privilege. Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "any analysis," "advantages, drawbacks and/or risks," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "any analysis," "advantages, drawbacks and/or risks," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that the request is vague, ambiguous, and overbroad in its use of the terms "advantages," "drawbacks," and "risks."  Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, containing analyses of the costs and benefits associated with the Bank's overdraft practices in consumer checking accounts.

**Request for Production No. 39:**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding your reason, purpose, rationale or justification for posting electronic debit transactions in the order of highest to lowest dollar amount.**

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the

request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 39, on the grounds that it is overly broad and unduly burdensome.  Chase further objects to Request No. 39 on the grounds that it is vague and ambiguous, including the phrase "electronic debit transactions."  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney- client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of

Request No. 22.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.   Defendant further objects to this Request on the ground that the phrase "reason, purpose, rationale or justification" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its

possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "reason, purpose, rationale or justification" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to the use of the term "justification" as argumentative.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the Bank's reasons, purposes, and/or rationale for implementing and maintaining its posting order for debit-card transactions in consumer checking accounts.

### Request for Production No. 40:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, regarding the advantages, disadvantages or ramifications of posting electronic debit transactions in the order of highest to lowest dollar amount, as compared with any other order or method of posting electronic debit transactions.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

**JP Morgan Chase**

Chase objects to Request No. 40, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 40 on the grounds that it is vague and ambiguous, including the term "ramifications," and the phrases "other order or method" and "electronic debit transactions."  Chase further objects to the Request on the ground that it is duplicative.   Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because

it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney- client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of Request Nos. 22 and 39.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining _ to overdraft fees assessed-plaintiffs prior to July 16,2005, _where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "advantages, disadvantages or ramifications" and "order or method" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a

protective order has not been entered in this case. Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "advantages, disadvantages or ramifications" and "order or method" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that the request is vague, ambiguous, and overbroad in its use of the terms "advantages," "disadvantages," and "ramifications."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, containing any comparative analyses of posting debit-card transactions in the order of highest to lowest dollar amount versus other posting orders.

## Request for Production No. 41:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, showing the manner by which you posted and batched each type of transaction (including but not limited to deposits, cash withdrawals, checks, automatic payments, electronic debit card transactions), whether high to low, low to high, chronological or any other method, prior to your adoption of the high to low posting order for electronic debit card transactions at issue in this case.**

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Also, to the extent that this seeks individual customer account data beyond the named Plaintiffs' accounts, the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential customer information and BANA will not provide this information. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Also, to the extent that this seeks individual customer account data beyond the named Plaintiffs' accounts, the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential customer information and BANA will not provide this information. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

**JP Morgan Chase**

Chase objects to Request No. 41, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 41 on the grounds that it is vague and ambiguous, including the terms "method," "transaction," "automatic payments," and "chronological," and the phrase "manner in which you posted and batched."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol. *See* General Response and Objection 13, *supra*.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague

and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds as follows: Citibank has not used a posting order other than high-to-low and, thus, is not aware of the existence of the requested documents.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents. Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B). Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "manner," "posted and batched," "automatic payments," and "method" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so

great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case. Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "manner," "posted and batched," "automatic payments," and "method" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its descriptions of various alternative posting orders and in its use of the term "showing."  Such a request, if interpreted literally, would call for production of millions of irrelevant documents.  For example, every customer account statement "shows" the Bank's posting order.  Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that discuss in general terms the Bank's transaction posting order for consumer checking accounts to the extent such discussion addresses or includes debit-card transactions.

884969.1                                           -136-

**Request for Production No. 42:**

Produce all documents created, received or sent at any time, including **prior to** January 1,2002, regarding the actual or potential effect on revenues of any alternative orders or methods in which electronic debit transactions were, are or could be posted.

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

**JP Morgan Chase**

Chase objects to Request No. 42, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 42 on the grounds that it is vague and ambiguous, including the phrases "alternative orders or methods" and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and

following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney- client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of Request Nos. 39 and 40.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount. . Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrase

"alternative orders or methods" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case. Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "alternative orders or methods" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss any actual or potential effect on revenues from consumer checking accounts resulting from any alternative orders or methods in which debit-card transactions could be posted.

### Request for Production No. 43:

Produce all documents created, received or sent at any time, including **prior to** January 1, 2002, regarding estimates or projections of what your revenue derived

from overdraft fees would have been, or would be, if you were to change any aspect of your polices, practices or procedures involved in assessing overdraft fees.

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees as such information is not reasonably calculated to lead to the discovery of admissible evidence. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BAN A's overdraft fees as such information is not reasonably calculated to lead to the discovery of admissible evidence. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to

posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 43, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed.  Chase further objects to Request No. 43 on the grounds that it is vague and ambiguous, including the phrase "involved in assessing overdraft fees."  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney- client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of Request Nos. 39 and 42.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar - amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of

any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "estimates or projections," "derived," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "estimates or projections," "derived," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to any type of transaction at issue in these cases and is

therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss revenue projections resulting from potential changes to the Bank's policies in assessing overdraft fees in consumer checking accounts.

**Request for Production No. 44:**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding the adequacy or sufficiency (or inadequacy or insufficiency) of your communications to customers pertaining to your policies, practices or procedures of posting electronic debit transactions in the order of highest to lowest dollar amount.**

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or the work product doctrine. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all non- privileged responsive documents contained within the Search Results subject to the date limitation previously stated.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or the work product doctrine. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will

produce all non- privileged responsive documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 44, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 44 on the grounds that it is vague and ambiguous, including the term "electronic debit transactions." Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other privilege or immunity; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege. Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16,2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank: objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of

any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "adequacy or sufficiency (or inadequacy or insufficiency)," "communications," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects that this Request calls for a legal conclusion.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U.S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "adequacy or sufficiency (or inadequacy or insufficiency)," "communications," and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant objects that this request calls for a legal conclusion.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative. Wells Fargo further objects to this request to the extent it calls for the production of documents regarding communications between the Bank and individual customers concerning particularized issues affecting their accounts.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss Wells Fargo's general communications to customers with consumer checking accounts about the order in which Wells Fargo posts debit- card transactions.

### Request for Production No. 45:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, regarding customer inquiries or confusion about your policies, practices or procedures of posting electronic debit transactions in the order of highest to lowest dollar amount.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results. In addition, BANA will produce responsive, non-privileged data from two Access databases it maintains and from its Commit database that may contain information responsive to this request.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.  In addition, BANA will produce responsive, non-privileged data from two Access databases it maintains and from its Commit database that may contain information responsive to this request.

### JP Morgan Chase

Chase objects to Request No. 45, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 45 on the grounds that it is vague and ambiguous, including the phrase "electronic debit transactions."  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (ii) it seeks documents in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; (v) it is an improper request for documents prior to class certification; and (vi) it is duplicative of Request No. 17.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.

Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "inquiries or confusion" and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "inquiries or confusion" and "policies, practices or procedures" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "confusion."  Wells Fargo further objects that this request is vague, ambiguous, overbroad and rests on an inaccurate premise, rendering it argumentative.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, that constitute or discuss complaints or inquiries from customers with consumer checking accounts about posting practices for debit-card transactions in consumer checking accounts.

## Request for Production No. 46:

**Produce examples of all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, regarding your customers' understanding or expectations about the order in which electronic debit transactions are or will be posted, including but not limited to documents relating to customers' expectation that electronic debits will be posted in the order in which transactions are executed, and documents relating to your customers' expectation that electronic debits will be posted on a FIFO (first in–first out) basis.**

## BofA (Tornes)

BANA objects to this request on the ground that it is vague and ambiguous and seeks subjective information about "customers' understanding or expectations" and seeks

"examples" but then seeks "all documents." In addition, BANA objects on the ground that is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 7. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is vague and ambiguous and seeks subjective information about "customers' understanding or expectations" and seeks "examples" but then seeks "all documents." In addition, BANA objects on the ground that is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 7. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 46, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 46 on the grounds that it is vague and ambiguous, including the phrases "customers' expectation

that electronic debits will be posted in the order in which transactions are executed," "customers' expectation that electronic debits will be posted on a FIFO (first in-first out) basis," and "electronic debit transactions."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce examples of non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of EST; (iii) it seeks documents not within Citibank's possession, custody or control; (iv) it is duplicative of Request Nos. 11 and 44; and (v) it seeks documents in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

884969.1

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "customers' understanding or expectation," "customers' expectation," "order in which transactions are conducted," and "FIFO (first in–first out)" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "customers' understanding or expectation," "customers' expectation," "order in which transactions are conducted," and "FIFO (first in-first-out)" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

884969.1

-152-

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the terms "expectations," "executed," and "FIFO (first in-first out)."

Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on multiple inaccurate premises, rendering it argumentative.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss customer perception about the order in which debit-card transactions are posted to consumer checking accounts.

### Request for Production No. 47:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, regarding any efforts or initiatives taken or discussed to increase, improve or change disclosure or transparency to your customers about the order or manner in which electronic debits are posted.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the

request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks documents that are protected by the attorney-client privilege or the work product doctrine.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated.

### JP Morgan Chase

Chase objects to Request No. 47, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 47 on the grounds that it is vague and ambiguous, including the phrases "manner in which electronic debits are posted," "increase, improve or change," "efforts or initiatives," and "electronic debits."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it is duplicative of Request Nos. 44 and 46.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege.  Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.  Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties.

As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "efforts or initiatives," "disclosure or transparency," and "manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant objects that this Request calls for a legal conclusion. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "efforts or initiatives," "disclosure or transparency," and "manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any

time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant objects that this request calls for a legal conclusion. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "transparency to your customers" such that the request is, in some aspects, incomprehensible.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss potential or actual changes to Wells Fargo's general communications to customers about the order in which the Bank posts debit-card transactions to consumer checking accounts.

### Request for Production No. 48:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, in which you informed your customers that your policies, practices or procedures was/were to post electronic debits in the order of highest to lowest dollar amount.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees, as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 7. Subject to and without waiving these specific objections and the

general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.  In addition, BANA will conduct a reasonable search for documents responsive to this request outside the Search Results and will produce all responsive, non-privileged documents identified by that search.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees, as that information is not reasonably calculated to lead to the discovery of admissible evidence.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.   BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 7.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.  In addition, BANA will conduct a reasonable search for documents responsive to this request outside the Search Results and will produce all responsive, non-privileged documents identified by that search.

**JP Morgan Chase**

Chase objects to Request No. 48, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 48 on the grounds that it is vague and ambiguous, including the phrase "electronic debits."  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.  Chase further states that it has already produced documents responsive to this Request.

**Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks

confidential, proprietary business documents that belong to Citibank; (iv) it seeks documents in which nonparties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law; and (v) it is duplicative of Request No. 11.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "policies, practices or procedures" renders it vague, ambiguous, and unduly burdensome.

Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, to the extent such documents have not already been produced.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "policies, practices or procedures" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, and overbroad and rests on an inaccurate premise, rendering it argumentative. Wells Fargo further objects to this request to the extent it seeks communications between the Bank and individual customers concerning particularized issues affecting their accounts.

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all documents from January 1, 2002, to December 31, 2009, that contain general communications to customers about the order in which Wells Fargo posts debit-card transactions to consumer checking accounts.

### Request for Production No. 49:

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, regarding the timing, content of, or motivation for, as well as all other details pertaining to your initial decision to post electronic debits in the order of highest to lowest dollar amount.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results. In addition, BANA will conduct a reasonable search outside of the Search Results,

including shared electronic locations, for documents responsive to this request and will produce all responsive, non-privileged documents identified by that search.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results. In addition, BANA will conduct a reasonable search outside of the Search Results, including shared electronic locations, for documents responsive to this request and will produce all responsive, non-privileged documents identified by that search.

### JP Morgan Chase

Chase objects to Request No. 49, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 49 on the grounds that it is vague and ambiguous, including the phrases "all other details," "electronic debit," and "your initial decision to post electronic debits in the order of highest to lowest."  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of Request Nos. 22 and 39.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "content of, motivation for, as well as all other details" and "initial decision" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "content of, motivation for, as well as all other details" and "initial decision" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the Bank's decision-making process in initiating or maintaining its order for posting debit-card transactions to consumer checking accounts and the factors considered.

**Request for Production No. 50:**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any decision making process you employed in adopting a high to low posting order for electronic debit card transactions, including but not limited to documents regarding consideration of any of the following:  (i) the cost incurred in providing the service; (ii) the deterrence of misuse of such service by customers; (iii) the enhancement of the competitive position of the bank in accordance with the bank's business plan and marketing strategy; and (iv) the maintenance of the safety and soundness of the institution**.

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence, as it is not limited to a reasonable and relevant time period.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request on the ground that the phrases "any decision making process you employed", "the deterrence of misuse of such service by customers" and "the maintenance of the safety and soundness of the institution" are vague and ambiguous.  BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request on the ground that the phrases "any decision making process you employed", "the deterrence of misuse of such service by customers" and "the maintenance of the safety and soundness of the institution" are vague and ambiguous.  BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 50, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 50 on the grounds that it is vague and ambiguous, including the phrase "decision making process."  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even

proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of Request Nos. 22 and 39.

**Union Bank**

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege.  Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.  Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that the phrases "the deterrence of misuse of such service by customers" and "the maintenance of the safety and soundness of the institution" are vague and ambiguous.  To the extent the request seeks documents related to the dollar amount of Union Bank's overdraft fees, Union Bank objects that the request seeks documents not relevant to the claims and defenses of the parties because the amount of the charge is not at issue in this lawsuit.  As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "decision making process," "consideration," "cost incurred in providing the

service," "deterrence of misuse," "enhancement of competitive position," and "the maintenance of the safety and soundness of the institution" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "decision making process," "consideration," "cost incurred in providing the service," "deterrence of misuse," "enhancement of competitive position," and "the maintenance of the safety and soundness of the institution" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any

nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the Bank's decision-making process in initiating or maintaining its order for posting debit-card transactions to consumer checking accounts and the factors considered.

### Request for Production No. 51:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any decision-making process you employed in instituting a practice of charging overdraft fees for electronic debit card transactions, and regarding each subsequent occasion on which you changed the method by which you charged such fees, including but not limited to documents regarding consideration of any of the following: (i) the cost incurred in providing the service; (ii) the deterrence of misuse of such service by customers; (iii) the enhancement of the competitive position of the bank in accordance with the bank's business plan and marketing strategy; and (iv) the maintenance of the safety and soundness of the institution**.

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request on the ground that the phrases "any decision-making process you employed", "the deterrence of misuse of such service by customers" and "the maintenance of the safety and soundness of the institution" are vague and ambiguous. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to

the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request on the ground that the phrases "any decision-making process you employed", "the deterrence of misuse of such service by customers" and "the maintenance of the safety and soundness of the institution" are vague and ambiguous. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 51, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's practices for, among other things, setting the amount of overdraft fees imposed. Chase further objects to Request No. 51 on the grounds that it is vague and ambiguous, including the phrases "method by which you charged such fees" and "decision-making process." Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable

regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is duplicative of Request No. 43.

**Union Bank**

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege. Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that the phrases "the deterrence of misuse of such service by customers" and "the maintenance of the safety and soundness of the institution" are vague and ambiguous. To the extent the request seeks documents related to the dollar amount of Union Bank's overdraft fees, Union Bank objects that the request seeks documents not relevant to the claims and defenses of the parties because the amount of the charge is not at issue in this lawsuit. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ, P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "decision making process," "changed the method," "consideration," "cost incurred in providing the service," "deterrence of misuse," "enhancement of competitive position," and "the maintenance of the safety and soundness of the institution" render it

vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the terms and phrases "decision making process," "changed the method," "consideration," "cost incurred in providing the service," "deterrence of misuse," "enhancement of competitive position," and "the maintenance of the safety and soundness of the institution" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to this request in that it calls for the production of documents that are not relevant to the practices, policies, accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the

Bank's decision-making process in initiating or practices affecting the calculation of overdraft fees on debit-card transactions that post into overdraft in consumer checking accounts.

**Request for Production No. 52:**

**Produce all documents created, received or sent at any time, including <u>prior to</u> January 1, 2002, including documents to or from federal regulatory agencies, regarding your compliance or non-compliance with 12 CFR 7.4002, in connection with your policies or practices of charging overdraft fees on electronic debit card transactions.**

**BofA (Tornes)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA objects to this request to the extent that it seeks documents protected by the Federal Bank Regulator Privilege and will not produce documents protected by that privilege.  BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class.  BANA also objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying

information, and BANA will not produce such information.  BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 52, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies or practices for, among other things, setting the amount of overdraft fees imposed.  Chase further objects to the Request to the extent it seeks documents covered by the attorney-client privilege, work-product immunity, or any other applicable exemption from disclosure.  Chase further objects on the grounds that the Request is vague and ambiguous.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra.*

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (ii) it seeks confidential, proprietary business documents that belong to Citibank; (iii) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it is duplicative of Request No. 10.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney client privilege, work product doctrine, or the Federal Bank Regulator Privilege.

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope,

burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity."  Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.  Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.  Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrase "policies or practices" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrases "prefer to have or benefit" and "otherwise prefer or benefit" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a

protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "policies or practices" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is vague, ambiguous, overbroad, and rests on an inaccurate premise, rendering it argumentative. Wells Fargo further objects to this request in that it calls for the production of documents that are not relevant to the practices, policies, accounts, transactions, or fees at issue – this request certainly has nothing to do with order of posting – and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the Bank's decision-making process in initiating or maintaining practices affecting the calculation of overdraft fees on debit-card transactions in consumer checking accounts.

### Request for Production No. 53:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, including documents to or from federal regulatory agencies, the American Bankers Association, or other third parties, regarding your contention that customers prefer to have or benefit from having debits posted in high to low order, or otherwise prefer or benefit from having larger debits processed first.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period and exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks documents protected by Federal Bank Regulator Privilege, the attorney-client privilege or the work product doctrine. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 53, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome, and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead

to the discovery of admissible evidence.  Chase further objects to the Request on the grounds that it is vague and ambiguous, including the terms "debits" and "processed," and the phrase "your contention."  Chase further objects to the Request to the extent it seeks documents covered by the attorney-client privilege, work-product immunity, or any other applicable exemption from disclosure.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents to or from the American Bankers Association, if any, that it locates through a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

## Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it is duplicative of Request No. 10. Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank will produce copies of those non-privileged documents that exist, are within its possession, custody or control and are responsive to this Request.

## Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity."  Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.  Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and

reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "prefer to have or benefit" and "otherwise prefer or benefit" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "prefer to have or benefit" and "otherwise prefer or benefit" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is overbroad and unduly burdensome to the extent it seeks "all documents created, received or sent at any time ...  from ...  third parties."   Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "processed."

Subject to and without waiving these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all nonprivileged documents from January 1, 2002, to December 31, 2009, that discuss the potential benefits to customers from having higher dollar value transactions post to their consumer checking accounts before lower dollar value transactions.

### Request for Production No. 54:

**Produce all documents sent or received at any time, including <u>prior to January 1, 2002</u>, to or from other financial institutions or the American Bankers Association regarding overdraft fees, overdraft fee revenue, or the practice of posting of debits in high to low order.**

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the

putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 4. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 54, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through a reasonable custodial and search term protocol. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (ii) it seeks confidential, proprietary business documents that belong to Citibank; (iii) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it is duplicative of Request Nos. 10 and 53. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of those non-privileged documents that exist, are within its possession, custody or control and are responsive to this Request.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "financial institutions" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents sent or received at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "financial institutions" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents sent or received at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent that it calls for the production of documents that are not relevant to the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, containing communications between Wells Fargo and the American Bankers Association or other financial institutions about overdraft fees or overdraft fee revenue from consumer checking accounts, or about posting transactions in "high to low order."

### Request for Production No. 55:

**Produce exemplar copies of all materials you provided to your customers at the time the customer opened a checking account.**

### BofA (Tornes)

BANA objects to this request on the ground that it is not limited to the relevant date period and thus exceeds the scope of the putative class.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of

admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request on the ground that it is overbroad and seeks documents beyond the scope of the putative class and not reasonably calculated to lead to admissible evidence, as it seeks all documents provided to customers when opening a checking account whether or not the documents relate to overdraft fees and the order of posting debit card transactions. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving this specific objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request that relate to overdraft fees and the posting order of debit transactions dated between January 1, 2003 and December 31, 2009, and it will produce all responsive, non-privileged documents identified by that search.

### BofA (Yourke)

BANA objects to this request on the ground that it is not limited to the relevant date period and thus exceeds the scope of the putative class. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request on the ground that it is overbroad and seeks documents beyond the scope of the putative class and not reasonably calculated to lead to admissible evidence, as it seeks all documents provided to customers when opening a checking account whether or not the documents relate to overdraft fees and the order of posting debit card transactions. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving this specific objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request that relate to overdraft fees and the posting order of debit transactions dated between January 1, 2003 and December 31, 2009, and it will produce all responsive, non-privileged documents identified by that search.

### JP Morgan Chase

Chase objects to Request No. 55, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce any exemplars of final documents provided to customers that concern posting order and/or overdraft fees.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iv) it is duplicative of Request Nos. 2, 4 and 5. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank incorporates its Responses to Request Nos. 2, 4 and 5.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "all materials" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "all materials" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "all materials you provided."  Wells Fargo understands this request to be limited to those materials that are routinely provided to customers as a matter of practice.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, exemplar copies of all materials from January 1, 2002, to December 31, 2009, that the Bank routinely provided to its consumer checking account customers at account opening.

### Request for Production No. 56:

**Produce exemplar copies of all advertisements and other marketing materials you have used to promote the use of debit cards.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents , except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  BANA also objects to this request on the ground that that it is overbroad, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence, as it seeks all advertisements and other marketing materials BANA has used to promote the use of its debit cards regardless whether such advertisement relate to overdraft fees and the order of posting debit card transactions.  Subject to and without waiving this specific objection and the

general objections above, BANA will conduct a reasonable search for documents responsive to this request, that relate to overdraft fees and the posting order of debit transactions, dated between January 1, 2003 and December 31, 2009, and it will produce responsive, non-privileged documents identified by that search.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents , except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request on the ground that that it is overbroad, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence, as it seeks all advertisements and other marketing materials BANA has used to promote the use of its debit cards regardless whether such advertisement relate to overdraft fees and the order of posting debit card transactions. Subject to and without waiving this specific objection and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, that relate to overdraft fees and the posting order of debit transactions, dated between January 1, 2003 and December 31, 2009, and it will produce responsive, non-privileged documents identified by that search.

### JP Morgan Chase

Chase objects to Request No. 56, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce any exemplars of final advertising and marketing materials that concern posting order and/or overdraft fees.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it is duplicative of Request No. 26.  Citibank also incorporates herein its Response to Request No. 26.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining

to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated after July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "promote the use of debit cards" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all advertisements or other marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "promote the use of debit cards" renders it vague, ambiguous, and unduly burdensome.

Defendant further objects to this request to the extent it seeks information concerning "all advertisements or other marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request

unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent that it calls for the production of documents that are not relevant to the overdraft and/or order-of-posting practices that are at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, exemplar copies of any advertisements and marketing materials from January 1, 2002, to December 31, 2009, discussing debit cards that Wells Fargo made generally available to its consumer checking account customers.

### Request for Production No. 57:

**Produce exemplar copies of all advertisements and other marketing materials you have used to promote use of your online banking services.**

### BofA (Tornes)

BANA objects to this request on the ground that it seeks documents regarding accounts other than those that can be accessed through debit cards and therefore exceeds the scope of the claims and/or class alleged in this lawsuit and is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks all documents BANA used to promote use of its online banking services and is not limited to advertising related to overdraft fees and posting order.  BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, that relate to overdraft fees and the posting order of debit transactions, dated between January 1, 2003 and December 31, 2009, and it will produce all responsive, non-privileged documents identified by that search.

**BofA (Yourke)**

BANA objects to this request on the ground that it seeks documents regarding accounts other than those that can be accessed through debit cards and therefore exceeds the scope of the claims and/or class alleged in this lawsuit and is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks all documents BANA used to promote use of its online banking services and is not limited to advertising related to overdraft fees and posting order.  BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, that relate to overdraft fees and the posting order of debit transactions, dated between January 1, 2003 and December 31, 2009, and it will produce all responsive, non-privileged documents identified by that search.

**JP Morgan Chase**

Chase objects to Request No. 57, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce any exemplars of final advertising and marketing materials that concern posting order and/or overdraft fees.

**Citibank**

Citibank objects to this Request on the grounds, among others, that; (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it is duplicative of Request No. 26.  Citibank also incorporates its Response to Request No. 26.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not Notwithstanding these objections, Union Bank will produce documents responsive to this

request with respect to documents dated after July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "promote the use of your online banking services" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all advertisements or other marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "promote the use of your online banking services" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all advertisements or other marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-

privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent that it calls for the production of documents that are not relevant to the order-of-posting practices that are at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, exemplar copies of any advertisements and marketing materials from January 1, 2002, to December 31, 2009, responsive to this request that discuss overdraft fees and/or posting order that Wells Fargo made generally available to its consumer checking account customers to the extent such advertisements addressed or included debit cards.

### Request for Production No. 58:

**Produce exemplar copies of all advertisements and other marketing materials you used to promote your checking accounts.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as it seeks all documents BANA used to promote use of its checking accounts and is not limited to advertising related to debit cards, overdraft fees and posting order.  BANA further objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, that relate to overdraft fees and the posting order of debit transactions, dated between January 1, 2003 and December 31, 2009, and it will produce all responsive, non-privileged documents identified by that search.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as it seeks all documents BANA used to promote use of its checking accounts and is not limited to advertising related to debit cards, overdraft fees and posting order.  BANA

further objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Subject to and without waiving these specific objections and the general objections above, BANA will conduct a reasonable search for documents responsive to this request, that relate to overdraft fees and the posting order of debit transactions, dated between January 1, 2003 and December 31, 2009, and it will produce all responsive, non-privileged documents identified by that search.

### JP Morgan Chase

Chase objects to Request No. 58, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the Request on the ground that it is duplicative.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to search files reasonably accessible and reasonably believed to contain responsive documents and to produce any exemplars of final advertising and marketing materials that concern posting order and/or overdraft fees.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it is duplicative of Request Nos. 26 and 56. Citibank also incorporates its Response to Request No. 26.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated after July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need

not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.  Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrase "promote your checking accounts" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all advertisements or other marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "promote your checking accounts" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all advertisements or other marketing materials" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is impermissibly overbroad, and unduly burdensome in that it purports to require the production of every advertisement or other marketing material used by the Bank to promote its checking accounts, which

would encompass hundreds of irrelevant documents. This request is not targeted to the claims at issue in these cases, and as such is not reasonably calculated to lead to the discovery of admissible evidence. Any arguably relevant documents called for by this request are also sought by other requests and will be produced in response to those requests. Wells Fargo will not produce additional documents in response to this ridiculously overbroad request.

**Request for Production No. 59:**

**Produce all documents regarding research you have conducted or that has been conducted on your behalf pertaining to customer awareness or knowledge of overdraft fees or the order in which items are posted to accounts.**

**BofA (Tornes)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving the general objections above, BANA will produce all responsive, non-privilege documents contained within the Search Results dated between January 1, 2003 and December 31, 2009. In addition, BANA will produce non-privileged responsive data from two Access databases it maintains and from its Commit database that may contain information responsive to this request.

**BofA (Yourke)**

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the

request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving the general objections above, BANA will produce all responsive, non-privilege documents contained within the Search Results dated between January 1, 2003 and December 31, 2009.  In addition, BANA will produce non-privileged responsive data from two Access databases it maintains and from its Commit database that may contain information responsive to this request.

### JP Morgan Chase

Chase objects to Request No. 59, on the grounds that it is overly broad and unduly burdensome.  Chase further objects to the Request on the ground that it is duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a custodial and search term protocol.  Chase will further search other files reasonably accessible and reasonably believed to contain responsive documents.  See General Response and Objection 13, supra.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) it seeks confidential, proprietary business documents that belong to Citibank; and (iv) it is duplicative of Request Nos. 44 and 46.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.  Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties.  As drafted this request fails to describe the documents requested with "reasonable

particularity." Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.  Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "research" and "customer awareness or knowledge" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "research" and "customer awareness or knowledge" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent that it calls for the production of documents that are not relevant to the types of transactions at issue in these cases and is therefore not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the terms "awareness" and "knowledge."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, all documents from January 1, 2002, to December 31, 2009, concerning research performed by the Bank or on the Bank's behalf on customer understanding of overdraft fee or posting order practices.

### Request for Production No. 60:

**Produce all documents produced by any party or non-party in any other litigation (outside of this multi-district litigation) brought by any current or former customer(s) challenging your overdraft fee policies and/or practices.**

### BofA (Tornes)

BANA objects to this request on the ground that documents produced in other litigation are not necessarily relevant to this case.  Thus, this request seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is overbroad. In addition, BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Subject to, and without waiving these objections, BANA will conduct a reasonable search for documents responsive to this request and will produce such documents that do not specifically pertain to particular named plaintiffs in the litigation referenced in the request and that are responsive to Plaintiffs other document requests herein in response to which BANA has agreed to produce documents.

**BofA (Yourke)**

BANA objects to this request on the ground that documents produced in other litigation are not necessarily relevant to this case.  Thus, this request seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is overbroad. In addition, BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Subject to, and without waiving these objections, BANA will conduct a reasonable search for documents responsive to this request and will produce such documents that do not specifically pertain to particular named plaintiffs in the litigation referenced in the request and that are responsive to Plaintiffs other document requests herein in response to which BANA has agreed to produce documents.

**JP Morgan Chase**

Chase objects to Request No. 60, on the grounds that it requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to the Request on the grounds that it is vague, ambiguous, and duplicative.

Subject to and without waiving the foregoing general and specific objections, Chase states that it is unaware of the existence of any documents responsive to this request.

**Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents in the possession of Amrhein's counsel; and (v) it is duplicative of Request No. 16.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest

dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties.  If documents responsive to this request exist, the fact that a document was produced in another case does not make it relevant to this case.  As drafted this request fails to describe the documents requested with "reasonable particularity."  Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.  Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, U.S.  Bank has no responsive, non-privileged documents.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further

objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the production of documents unrelated to any claim or defense in the present case. The fact that a document was produced in another case does not make it relevant to these cases. Wells Fargo further objects that this request is vague, ambiguous, overbroad, and unduly burdensome in that it seeks the production of "all documents ... in any other litigation." Any arguably relevant documents called for by this request are also sought by other requests and will be produced in response to those requests. Wells Fargo will not produce any additional documents in response to this request.

### Request for Production No. 61:

**Produce all documents upon which you intend to rely in opposing a request that this action be certified as a class under Fed. R. Civ. P. 23.**

### BofA (Tornes)

BANA objects to this request on the ground that it is premature as Plaintiffs have not yet filed any motion that this action be certified as a class action and, therefore, BANA does not know what arguments and evidence it will have to "oppos[e]." BANA also objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA will produce non-privileged documents supporting its opposition to class certification pursuant to the deadlines set by the Court.

### BofA (Yourke)

BANA objects to this request on the ground that it is premature as Plaintiffs have not yet filed any motion that this action be certified as a class action and, therefore, BANA does not know what arguments and evidence it will have to "oppos[e]." BANA also objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. BANA will produce non-privileged documents supporting its opposition to class certification pursuant to the deadlines set by the Court.

**JP Morgan Chase**

Chase objects to Request No. 61, on the grounds that it is premature.  Chase further objects to the Request to the extent it seeks documents or compilations of documents that would be covered by the attorney-client privilege, work-product immunity, or any other applicable exemption from disclosure.

Subject to and without waiving the foregoing general and specific objections, Chase states that numerous non-privileged documents responsive to this Request will be produced in response to other Requests.

**Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it seeks confidential, proprietary business documents that belong to Citibank; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it is premature.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank will produce copies of those non-privileged documents that exist, are within its possession, custody or control, are responsive to this Request and of which Citibank is aware at this time.

**Union Bank**

Union Bank objects to the request on the ground that it is premature because Plaintiffs have not yet filed any motion to request that this action be certified.  Union Bank further objects to the request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  Union Bank will produce non-privilege documents supporting its opposition to any motion to request that this action be certified pursuant to the deadlines set by the Court.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.  To date, Plaintiffs have not filed motion for certification in this action, and as such, Defendant objects to this Request on the grounds that Defendant cannot reasonably determine which, if any, documents might be responsive, thus this Request is premature.

Subject to and without waiving its general and specific objections, and subject to agreement on document production protocols, U.S. Bank will produce responsive, non-

privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.  To date, Plaintiffs have not filed motion for certification in this action and as such Defendant objects to this request on the grounds that Defendants cannot reasonably determine which, if any, documents might be responsive, thus this request is premature.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is premature, in that Wells Fargo has not seen plaintiffs' request for class certification, has received no discovery from plaintiffs, and therefore cannot be expected to identify "all documents" upon which it will rely in opposing such request.  Wells Fargo anticipates that the documents it will rely on in opposing any request for class certification will be produced in response to plaintiffs' other document requests, although Wells Fargo reserves the right to rely on additional documents if necessary.  Wells Fargo further objects to the extent this request seeks to discover attorney work product.  Wells Fargo will not produce additional documents in response to this request.

### Request for Production No. 62:

**Produce all documents regarding any differences between account information displayed to consumers online or at an ATM, and account information not displayed to consumers to which you have access.**

### BofA (Tornes)

BANA objects to this request on the ground that "information" is a broad and ambiguous term and could refer to information about the account that is unrelated to overdraft fees or posting order, and thus the request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice

of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs and BANA will not produce such information. Subject to, and without waiving these objections, BANA will produce all responsive, non-privileged documents contained within the Search Results dated between January 1, 2003 and December 31, 2009.

### BofA (Yourke)

BANA objects to this request on the ground that "information" is a broad and ambiguous term and could refer to information about the account that is unrelated to overdraft fees or posting order, and thus the request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs and BANA will not produce such information. Subject to, and without waiving these objections, BANA will produce all responsive, non-privileged documents contained within the Search Results dated between January 1, 2003 and December 31, 2009.

### JP Morgan Chase

Chase objects to Request No. 62, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 62 on the grounds that it is vague and ambiguous, including the phrases "information displayed" and "account information not displayed to customers to which you have access."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and

(iv) it seeks confidential, proprietary business documents that belong to Citibank.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "account information" and "online" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "account information" and "online" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "account information."  Wells Fargo further objects to this request as a whole is as vague, ambiguous, overbroad, confusing, and argumentative.  Wells Fargo cannot respond further to this request because the request is unintelligible and Wells Fargo has no idea what documents are sought.

## Request for Production No. 63:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding the determination of the manner in which you post customer withdrawals, deposits and overdraft charges.**

## BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4

and 5.   Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory Nos. 4 and 5.   Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results.

### JP Morgan Chase

Chase objects to Request No. 63, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed.  Chase further objects to the Request on the ground that it is duplicative and on the grounds that it is vague and ambiguous, including the phrase "the determination of the manner in which you post consumer withdrawals, deposits and overdraft charges."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad; (iii) it seeks confidential, proprietary business documents that belong to Citibank; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory

privileges or any other privilege or immunity; and (v) it is duplicative of Request No. 20.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms "determination" and "manner" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its

possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms "determination" and "manner" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the practices, policies, accounts, or transactions at issue and is therefore not reasonably calculated to the discovery of admissible evidence.  Wells Fargo further objects to this request insofar as it appears to be wholly duplicative of other requests and, to the extent intended to add anything, is too vague, ambiguous, overbroad, and confusing to be understood.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo states that it believes that any relevant documents responsive to this request, to the extent that Wells Fargo can understand it, are separately sought in, and will be produced in response to, other requests.  Wells Fargo will not produce additional documents in response to this request.

### Request for Production No. 64:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding or constituting any consumer and/or customer surveys, focus groups, or other studies pertaining to any preference by the customer or consumer for one posting order over another.**

884969.1                                             -206-

### BofA (Tornes)

BANA objects to this request to the extent it seeks documents relating to "consumers" who are not customers of BANA and therefore the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results dated from January 1, 2003 to December 31, 2009.

### BofA (Yourke)

BANA objects to this request to the extent it seeks documents relating to "consumers" who are not customers of BANA and therefore the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results dated from January 1, 2003 to December 31, 2009.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague

and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (v) it seeks confidential, proprietary business documents that belong to Citibank; and (vi) it is duplicative of Request No. 53.

### JP Morgan Chase

Chase objects to Request No. 64, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 64 on the grounds that it is vague, ambiguous, and duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(13).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents. are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "regarding or constituting," "consumer and/or customer surveys, focus groups, or other studies," and "preference" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "regarding or constituting," "consumer and/or customer surveys, focus groups, or other studies," and "preference" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, containing the results of any consumer surveys, focus groups, or other research studies about consumer preferences on posting orders.

### Request for Production No. 65:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding or constituting any consumer and/or customer surveys, focus groups, or other studies pertaining to the relationship between the number of, or amount of overdraft fees assessed against the customer and the likelihood of the customer closing his/her/its account.**

### BofA (Tornes)

BANA objects to this request to the extent it seeks documents relating to "consumers" who are not customers of BANA and therefore the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, BANA objects on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation stated and to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request to the extent it seeks documents relating to "consumers" who are not customers of BANA and therefore the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, BANA objects on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation stated and to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 65, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence, including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed.  Chase further objects to Request No. 65 on the grounds that it is vague, ambiguous, and duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague

and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "regarding or constituting," "consumer and/or customer surveys, focus groups, or

other studies," "relationship," and "the likelihood of the customer closing his/her/its account" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "regarding or constituting," "consumer and/or customer surveys, focus groups, or other studies," "relationship," and "the likelihood of the customer closing his/her/its account" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "his/her/its."  Wells Fargo further objects to the extent this request seeks documents relating to "consumers" who are not customers of Wells Fargo (or even of any similarly situated financial institution) and therefore is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, reflecting the results of any consumer surveys, focus groups, or other research studies about the relationship between overdraft fee levels and customer retention.

**Request for Production No. 66:**

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, regarding any expressed concern that customers who had been incurring overdraft fees had been, or were projected to be closing their accounts, or were otherwise incurring fewer overdraft fees than expected or projected.**

**BofA (Tornes)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated and to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

**BofA (Yourke)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the

practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information.  Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation previously stated and to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 66, including the timeframe specified, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects to Request No. 66 on the grounds that it is vague and ambiguous.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iv) it seeks confidential, proprietary business information that belongs to Citibank.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.  Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "any expressed concern" and "expected or projected" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly

burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrases "any expressed concern" and "expected or projected" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and argumentative in its use of the terms "customers who had been incurring overdraft fees," "concern," and "expected."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, containing discussions about consumer checking account customers incurring fewer overdraft fees than projected (as a result of closing their accounts or otherwise).

### Request for Production No. 67:

**Produce all documents created, received or sent at any time, including prior to January 1, 2002, referring to or regarding the analysis of the potential impact and/or effect of overdraft fees on different demographic groups of customers.**

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence

as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged responsive documents contained within the Search Results subject to the date limitation stated and to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA also objects to this request to the extent it seeks confidential customer information relating to customers other than the named Plaintiffs, such as social security numbers, customer addresses and other customer-identifying information, and BANA will not produce such information. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged responsive documents contained within the Search Results subject to the date limitation stated and to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 67, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence including the timeframe specified and because the Request potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed. Chase further objects to Request No. 67 on the grounds that it is vague and ambiguous, including the term "analysis" and the phrase "demographic groups of customers."

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks confidential, proprietary business documents that belong to Citibank; and (v) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the phrase "referring to or regarding the analysis of potential impact and/or effect" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "referring to or regarding the analysis of potential impact and/or effect" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents created, received or sent at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the terms "potential impact," "effect," and "demographic groups."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that discuss any varying impact of overdraft fees on different demographic groups of customers, as Wells Fargo understands that term.

**Request for Production No. 68:**

**Produce all documents referring to or regarding Google Analytics or other internet traffic tracking data documenting internet traffic to all of your web pages (including any financial education or literacy websites maintained by you or any of your affiliates) that discuss overdraft fees, debit cards and/or the timing by which debit transactions are posted to accounts.**

**BofA (Tornes)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.   Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results subject to the date limitation stated and to the extent such documents relate to overdraft fees and the timing by which debit transactions are posted to accounts.

**BofA (Yourke)**

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA also objects to this request on the ground that it is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad.  Subject to and without waiving these specific objections and the general objections above, BANA will produce non-privileged responsive documents contained within the Search Results subject to the date limitation stated and to the extent such documents relate to overdraft fees and the timing by which debit transactions are posted to accounts.

### JP Morgan Chase

Chase objects to Request No. 68, on the grounds that it is overly broad and unduly burdensome.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents reflecting internet traffic to web pages that discuss overdraft fees and/or posting order, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents.  *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (ii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iii) it seeks confidential, proprietary business documents that belong to Citibank; and (iv) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated after July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request to the extent that it seeks confidential

individual customer information relating to customers other than the named plaintiff and Union Bank will not produce such documents.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive.  Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties.  As drafted this request fails to describe the documents requested with "reasonable particularity."  Fed. R. Civ. P. 34(b).  Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost.  Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "internet traffic tracking data documenting internet traffic," "financial education or literacy websites," "maintained," and "discuss" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents" or "all of your web pages" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "internet traffic tracking data documenting internet traffic,"  "financial education or literacy websites," "maintained," and "discuss" render it vague, ambiguous, and

unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents" or "all of your web pages" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the term "timing by which debit transactions are posted to accounts."  Wells Fargo further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks detailed data tracking analysis to be performed on all of its web pages that discuss overdraft fees, debit cards, or posting practices.  Wells Fargo further objects to the extent this request seeks the production of documents from entities other than Wells Fargo Bank, N.A.  Wells Fargo further objects that this request is an interrogatory disguised as a document demand.  Wells Fargo will not produce databases or create new reports or other documents in response to this request.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, already in existence that summarize the internet traffic to Wells Fargo web pages that discuss the assessment of overdraft fees, the use of debit cards, or the Bank's posting practices for consumer checking accounts.

### Request for Production No. 69:

**Produce all documents sufficient to identify all entities involved in the process of authorizing electronic debit card transactions, not including the point of sale merchant, including but not limited to VISA, and to show the nature of each entity's involvement in such process, and for each such entity, all documents sufficient to show your ownership interest or control, if any, in such entity held at any time by you or by any of your officers or directors.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class.  Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the

request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 9. Subject to and without waiving these specific objections and the general objections above, BANA will produce responsive, non-privileged documents contained within the Search Results subject to the date limitation stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 9. Subject to and without waiving these specific objections and the general objections above, BANA will produce responsive, non-privileged documents contained within the Search Results subject to the date limitation stated.

### JP Morgan Chase

Chase objects to Request No. 69, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 69 on the grounds that it requests documents that are publicly available and/or more appropriately sought from other entities and on the grounds that it is vague and ambiguous, including the phrase "all documents sufficient to identify."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iv) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not

relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols arc agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrases "process of authorizing electronic debit card transactions," "the nature of each entity's involvement in such process," and "ownership interest or control" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents" or "all entities" or "at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this

request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrases "process of authorizing electronic debit card transactions," "the nature of each entity's involvement in such process," and "ownership interest or control" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents" or "all entities" or "at any time" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is an interrogatory disguised as a document demand. This request is tailored to require a narrative response and is not subject to a reasonable response through the production of documents. Wells Fargo will produce no documents in response to this request.

### Request for Production No. 70:

**Produce all documents referring to or regarding all codes which you are able to send (whether or not you actually do so) electronically to processors such as VISA which relate in any way to the approval of debit card transactions, including but not limited to VISA's ISO manual.**

### BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request on the ground that the VISA ISO manual and the codes used to approve debit card transactions are unrelated to the posting of debit card transactions from highest

to lowest; therefore, this request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Visa's ISO manual is highly proprietary and confidential, and BANA will not produce it. Subject to and without waiving these specific objections and the general objections above, BANA will produce responsive, non-privileged documents contained within the Search Results subject to the date limitation stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. BANA also objects to this request on the ground that the VISA ISO manual and the codes used to approve debit card transactions are unrelated to the posting of debit card transactions from highest to lowest; therefore, this request is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Visa's ISO manual is highly proprietary and confidential, and BANA will not produce it. Subject to and without waiving these specific objections and the general objections above, BANA will produce responsive, non-privileged documents contained within the Search Results subject to the date limitation stated.

### JP Morgan Chase

Chase objects to Request No. 70, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects on the grounds that it is vague and ambiguous, including the phrases "approval of debit card transactions" and "processors such as VISA."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iv) it seeks confidential, proprietary business documents that belong to Citibank and/or third parties.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date.

Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate WI Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request on the grounds that it seeks documents which are highly confidential, proprietary and constitute a protected trade secret. Union Bank is willing to provide the documents sought in this request only after plaintiffs have entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of the documents sought in this request.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable - particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "relate in any way to the approval of debit card transactions" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the grounds that it seeks publicly available documents. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any, sufficient to show what information U. S. Bank is able to send electronically to third-party processors in connection with the authorization or non-authorization of a customer's debit card transaction.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the phrase "relate in any way to the approval of debit card transactions" renders it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the grounds that it seeks publicly available documents.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, and overbroad in its use of the terms "codes" and "processors."  Wells Fargo further objects to this request as overbroad and unduly burdensome in its demand for "all documents."

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, documents from January 1, 2002, to December 31, 2009, sufficient to show what information Wells Fargo is able to send electronically to third-party processors in connection with the authorization or non-authorization of a customer's debit-card transaction.

## Request for Production No. 71:

**Produce all documents referring to or regarding the technological capability and/or desirability of providing information to the customer at the point of purchase that a proposed debit card transaction would result in the assessment of an overdraft fee.**

## BofA (Tornes)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period.  BANA objects to producing any documents created before January 1, 2003, except for documents related to

BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 9. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation stated.

### BofA (Yourke)

BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not likely to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, due to the size of the BANA organization, the number of employees and the breadth of the request, the burden of retrieving all documents responsive to this request outweighs any benefit and thus the request is unduly burdensome and overbroad. BANA incorporates herein by reference its objections to Plaintiffs' Interrogatory No. 9. Subject to and without waiving these specific objections and the general objections above, BANA will produce all responsive, non-privileged documents contained within the Search Results subject to the date limitation stated.

### JP Morgan Chase

Chase objects to Request No. 71, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 71 on the grounds that it is vague and ambiguous, including the phrases "capability and/or desirability" and "providing information to the customer at the point of purchase that a proposed debit card transaction would result in the assessment of an overdraft fee."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iii) it seeks confidential, proprietary business documents that belong to Citibank.

**Union Bank**

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties. As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 4(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the terms and phrases "technological capability and/or desirability," "providing information," and "result" render it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "technological capability and/or desirability," "providing information," and "result" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, and argumentative in its use of the term "desirability."  Wells Fargo further objects that this request is vague, ambiguous, overbroad, confusing, and rests on an inaccurate premise, rendering it argumentative.  Wells Fargo further objects to the extent this request is seeking the production of documents concerning the "technological capability" of technology belonging to third parties.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any nonprivileged documents from January 1, 2002, to December 31, 2009, in its possession, custody, or control discussing the technological capability of informing a customer at the point of sale that a debit-card transaction would result in the customer having a negative available balance or incurring an overdraft fee.

### Request for Production No. 72:

**Produce all documents referring to or regarding any internal ethical standards to which you hold your company and/or its employees.**

### BofA (Tornes)

BANA objects to this request on the ground that internal ethical standards are not

relevant to any of the issues in the lawsuit, thus it is not reasonably calculated to lead to the discovery of admissible evidence. Further the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA will not produce documents responsive to this request.

### BofA (Yorke)

BANA objects to this request on the ground that internal ethical standards are not relevant to any of the issues in the lawsuit, thus it is not reasonably calculated to lead to the discovery of admissible evidence. Further the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA will not produce documents responsive to this request.

### JP Morgan Chase

Chase objects to Request No. 72, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 72 on the grounds that it is vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (ii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (v) it seeks confidential, proprietary business documents that belong to Citibank.

### Union Bank

Union Bank objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties because internal ethical standards are not relevant to any of issues in this action. Union Bank will not produce documents responses to this request.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-

client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "ethical standards" and "hold" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.   Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "ethical standards" and "hold" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the term "hold."  Wells Fargo further objects to this request as overbroad and unduly burdensome in its demand for "all documents" concerning Wells Fargo's ethical standards.   Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the policies, practices, accounts, transactions, or fees at issue or any of the claims and defenses raised in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will produce the following documents:  (1) Wells Fargo's Vision and Values

Statement and (2) Wells Fargo's Code of Ethics and Business Conduct.  Wells Fargo will not produce any additional documents in response to this request beyond those listed.

### Request for Production No. 73:

**Produce all documents referring to or regarding any consideration given by you of the application of your ethical standards to your overdraft fee policies and practices, including but not limited to your practice of posting electronic debit card transactions high to low.**

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA objects to this request on the ground that whether or not BANA complied with internal obligations is not relevant to the claims in the lawsuit and thus is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount.  BANA objects to this request on the ground that whether or not BANA complied with internal obligations is not relevant to the claims in the lawsuit and thus is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 73, on the grounds that it requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence.  Chase further objects on the grounds that it is vague and ambiguous, including the phrase "your practice of posting electronic debit card transactions high to low."

Subject to and without waiving the foregoing general and specific objections, Chase agrees to meet and confer with Plaintiffs in an effort to resolve these objections.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it seeks confidential, proprietary business documents that belong to Citibank; and (vi) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity.

### Union Bank

Union Bank objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties because internal ethical standards are not relevant to any of issues in this action.  Union Bank will not produce documents responses to this request.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.   Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that the terms and phrases "consideration," "application," "ethical standards," "policies and practices," and "practice" render it vague, ambiguous, and unduly burdensome.  Defendant further objects to this Request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that the terms and phrases "consideration," "application," "ethical standards," "policies and practices," and "practice" render it vague, ambiguous, and unduly burdensome.  Defendant further

objects to this request to the extent it seeks information concerning "all documents" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the policies, practices, accounts, transactions, or fees at issue or any of the claims and defenses raised in these cases and is therefore not reasonably calculated to the discovery of admissible evidence.  Wells Fargo further objects that this request is vague, ambiguous, overbroad, confusing, and rests on an inaccurate premise, rendering it argumentative.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, discussing the Bank's consideration of its internal ethical standards to its overdraft fee policies and practices.

**Request for Production No. 74:**

**To the extent not produced in response to other requests, produce all documents identified in your Fed. R. Civ. P. 26 Initial Disclosures.**

**BofA (Tornes)**

Subject to and without waiving the General Objections above, BANA will produce all non-privileged documents responsive to this request.

**BofA (Yourke)**

Subject to and without waiving the General Objections above, BANA will produce all non-privileged documents responsive to this request.

**JP Morgan Chase**

Chase states that it has already produced documents responsive to this Request. Subject to and without waiving its general objections, Chase will produce additional documents, if any, responsive to Request No. 74.

**Citibank**

Citibank produced the documents responsive to this Request on January 20, 2010, January 29, 2010, and March 31, 2010, Bates labeled MDL-CB-00000001 through MDL-CB00002929.

## Union Bank

Subject to its general objections stated above, and without waiver of any of those objections, Union Bank will produce all non-privileged documents responsive to this request.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

## Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

## Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to the extent this request could be read as calling for the production of documents that are not relevant to the accounts, transactions, or fees of the named plaintiffs, but instead relate to the individualized transaction activity of non-party customers.  Such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo states that it believes that any relevant documents responsive to this request are separately sought in, and will be produced in response to, other requests.  Wells Fargo

will not produce additional documents in response to this request.

**Request for Production No. 75:**

Produce all documents regarding your policies or practices of assessing overdraft fees created by, sent to, or received by any individuals or entities identified in your Fed. R. Civ. P. 26 Initial Disclosures.

### BofA (Tornes)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not reasonably calculated to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, the request is overbroad and unduly burdensome as it seeks duplicates of documents produced in response to other document requests if they were created by, sent to, or received by certain individuals or entities. Such information could be obtained in a less burdensome manner. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### BofA (Yourke)

BANA objects to this request on the ground that it exceeds the scope of the putative class and is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents unrelated to posting electronic debit transactions in the order of highest to lowest dollar amount. BANA objects to this request on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, as it is not limited to a reasonable and relevant time period. BANA objects to producing any documents created before January 1, 2003, except for documents related to BANA's adoption of the practice of posting transactions in the order of highest to lowest dollar amount, on the ground that such information is not reasonably calculated to lead to the discovery of admissible evidence as it exceeds the scope of the putative class. Furthermore, the request is overbroad and unduly burdensome as it seeks duplicates of documents produced in response to other document requests if they were created by, sent to, or

received by certain individuals or entities. Such information could be obtained in a less burdensome manner. BANA also objects to this request to the extent it seeks documents related to the dollar amounts of BANA's overdraft fees as that information is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections, the general objections above, and the date limitation previously stated, BANA will produce all responsive, non-privileged documents contained within the Search Results to the extent that they relate to posting electronic debit transactions in the order of highest to lowest dollar amount.

### JP Morgan Chase

Chase objects to Request No. 75, on the grounds that it is overly broad and unduly burdensome and requests documents that are irrelevant to any claims or defenses in the action and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to Request No. 75 on the grounds that it is vague, ambiguous, and duplicative.

Subject to, and without waiving the foregoing general and specific objections, and following the entry of an appropriate protective order, Chase agrees to produce non-privileged documents, if any, that it locates through application of a reasonable custodial and search term protocol and through a search of other files reasonably accessible and reasonably believed to contain responsive documents. *See* General Response and Objection 13, *supra*.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; and (iii) it seeks confidential, proprietary business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures, and summary documents, responsive to this Request.

### Union Bank

Union Bank objects to this request to the extent that it seeks documents pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such documents are not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will produce documents responsive to this request with respect to documents dated prior to July 16, 2005 that relate to Union Bank's practice of posting electronic debit card transactions in the order of highest to lowest dollar amount.

Union Bank objects to this request for production as overbroad in scope, burdensome and oppressive. Union Bank further objects that this request is vague and ambiguous and seeks documents not relevant to the claims and defenses of the parties.

As drafted this request fails to describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34(b). Union Bank further objects to the extent that it need not provide electronically stored information from sources that are not reasonably accessible because of undue burden and cost. Fed. R. Civ. P. 26(b)(2)(B).

Subject to its specific and general objections stated above, and without waiver of any of those objections, and after the ESI protocols are agreed upon, Union Bank will conduct a reasonable search for documents responsive to this request and it will, upon the entry of an acceptable protective order herein, produce all responsive, non-privileged documents identified by that search, to the extent the documents are available and reasonably accessible.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request as overbroad and unduly burdensome. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that the phrase "policies or practices" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Request to the extent it seeks information concerning "all documents... created by sent to or received by" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Request unduly burdensome. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request as overbroad and unduly burdensome. Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "policies or practices" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this request to the extent it seeks information concerning "all documents... created by sent to, or received by" on the ground that it is overly broad and the effort required to respond to it is so great as to render the request unduly burdensome.

Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request as vague, ambiguous, and overbroad in its use of the phrase "policies and practices of assessing overdraft fees."  Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue, or any of the claims or defenses of any party in this litigation, and is therefore not reasonably calculated to the discovery of admissible evidence.  Wells Fargo further objects to the extent this request calls for documents in the possession, custody, or control of the named plaintiffs, or for documents that are equally available to the named plaintiffs as to the Bank.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo states that it believes that any relevant documents responsive to this request are separately sought in, and will be produced in response to, other requests.  Wells Fargo will not produce additional documents in response to this request.

### Request for Production No. 76:

**Produce all documents that support or otherwise pertain to the basis for your denial of each request for admission propounded in Plaintiffs' First Set of Requests for Admission that you denied in whole or in part.**

### BofA (Tornes)

BANA objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.  Subject to, and without waiving this specific objection and the general objections above, BANA will produce all responsive, non-privileged documents found upon a reasonable search.

### BofA (Yourke)

BANA objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.  Subject to, and without waiving this specific objection and the general objections above, BANA will produce all responsive, non-privileged documents found upon a reasonable search.

### JP Morgan Chase

Chase objects to Request No. 76 on the grounds that it seeks documents protected by the attorney-client privilege, work product immunity, and/or other applicable exemptions from disclosure. Chase further objects to the Request on the grounds that it is duplicative.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; and (iii) it seeks confidential, proprietary business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures, and summary documents, responsive to this Request.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Union Bank further objects on the grounds that this request is overbroad, burdensome and oppressive. Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will produce all responsive, non-privileged documents.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects that this request is overbroad and unduly burdensome in that it asks for all documents that "support" or "pertain" to the Bank's denials of plaintiffs' requests for admission. Such a request, if interpreted literally, would call for production of millions of irrelevant documents, as some of Wells Fargo's denials are supported in part by individual consumer transaction records and account statements. This request is therefore overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence. Wells Fargo further objects that this request is an interrogatory disguised as a document demand.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo states that it believes that any relevant documents responsive to this request are separately sought in, and will be produced in response to, other requests. Wells Fargo will not produce additional documents in response to this request.

### Request for Production No. 77:

**To the extent not produced in response to other requests, produce all documents identified in or relied on in your answers to Plaintiffs' First Set of Interrogatories**.

### BofA (Tornes)

BANA objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to and without waiving this specific objection and the general objections above, BANA will produce all responsive non-privileged responsive documents once an appropriate Protective Order is entered in this case.

### BofA (Yourke)

BANA objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to and without waiving this specific objection and the general objections above, BANA will produce all responsive non-privileged responsive documents once an appropriate Protective Order is entered in this case.

### JP Morgan Chase

Chase objects to Request No. 77 on the grounds that it seeks documents protected by the attorney-client privilege, work product immunity, and/or other applicable exemptions from disclosure.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; and (iii) it seeks confidential, proprietary business documents that belong to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank will produce copies of policies and procedures, and summary documents, responsive to this Request.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. Union Bank further objects on the grounds that this request is overbroad, burdensome and oppressive. Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will produce all responsive; non-privileged documents.

### U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle. Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as this request purports to seek production of any databases from which the Bank derived information provided in its interrogatory responses.  Wells Fargo objects to the production of such databases on the ground that they contain the private personal financial data of millions of Wells Fargo customers, as well as extremely sensitive information that is proprietary to the Bank, and production of such databases would be overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  No such databases will be produced.

Subject to and without waiving any of these objections and limitations, Wells Fargo will produce, to the extent found, any nonprivileged documents identified in or relied on in its responses to plaintiffs' interrogatories.

### Request for Production No. 78:

**To the extent not produced in response to other requests, produce all documents which support the factual bases of all affirmative defenses you assert in response to the Complaint(s).**

### BofA (Tornes)

Subject to and without waiving the general objections above, BANA will produce all responsive, non-privileged documents found upon a reasonable search.

### BofA (Yourke)

Subject to and without waiving the general objections above, BANA will produce all responsive, non-privileged documents found upon a reasonable search.

### JP Morgan Chase

Chase objects to Request No. 78 on the grounds that it seeks documents protected by the attorney-client privilege, work product immunity, and/or other applicable exemptions from disclosure.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it seeks

documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (ii) it is overbroad, unduly burdensome and harassing, including because it calls for the production of ESI; and (iii) it seeks confidential, proprietary business documents that belong to Citibank.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank will produce copies of policies and procedures, and summary documents, responsive to this Request.

### Union Bank

Union Bank objects to the request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  Union Bank further objects on the grounds that this request is overbroad, burdensome and oppressive.  Subject to its specific and general objections stated above, and without waiver of any of those objections, Union Bank will produce all responsive, non-privileged documents.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of an appropriate protective order and agreement on document production protocols, U. S. Bank will produce responsive, non-privileged documents in its possession, custody, or control, if any.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine or any other applicable privilege or evidentiary principle.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, and subject to entry of' an appropriate protective order and agreement on document production protocols, Wachovia will produce responsive, non-privileged documents in its possession, custody, or control, if any, other than those withheld on the basis of the foregoing objections.

### Wells Fargo

Wells Fargo incorporates each of its General Objections as if set forth verbatim

herein.

Subject to and without waiving any of the preceding objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, any documents from January 1, 2002, to December 31, 2009, that support the factual bases of all affirmative defenses set out in its Answers to the Complaints, to the extent they have not been produced already and to the extent they do not contain the private personal financial data of Wells Fargo's non-party customers.

# EXHIBIT B

**Compiled Responses of Defendants to**
**Plaintiffs' First Set of Requests for Admission**

**Request for Admission No. 1.**

      **Admit that you have followed a policy, practice or procedure of consistently sequencing the electronic debit transactions of your customers from highest to lowest dollar amount at the time that you post those transactions.**

      **Bank of America**

      Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above. Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant") and Definition No. 11 ("Customer"), set forth above. Bank of America further objects to this request for admission on the grounds that the term(s) "consistently," and "policy, practice, or procedure" are vague and ambiguous and Bank of America does not know what is intended by them. Bank of America further objects to the phrase "electronic debit transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

      Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "electronic debit transactions" as referring to "electronic debit transactions;" and "consistently" as meaning "at all times between January 1, 2003 to the present."

      Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

      Bank of America admits that for consumer deposit accounts, it posts credits before debits and that within discrete categories of transactions the Bank posts items in high-to-low order, except in Nevada where it posts items in low-to-high order.  Except as admitted, Bank of America denies this request.

      **Chase**

      Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "sequencing," "consistently," and "electronic debit transactions."

      Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and states that it followed the posting order set forth in a customer's governing Deposit Agreement, which, for certain customers during the period from approximately May 2003 to March 29, 2010, provided:

> Generally, deposits will be credited to your account first and then we'll pay your items (e.g. checks, debit card transactions, ATM transactions and other debits to your account) from highest to lowest dollar amount each business day.  Certain transactions such as wire transfers may post before others.
>
> * * *
>
> Items will be posted to your Account in highest to lowest dollar amount each business day (Monday through Friday, federal holidays not included).  However, certain transactions like wire transfers may be posted before others.

*See, e.g.*, *Lopez* Am. Compl. Ex. A; *Luquetta* Am. Compl. Ex. A.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including with respect to the meaning of "sequencing" and "at the time that you post." Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank admits that it posts, and always has posted, debit card transactions during overnight, batch processing in the order of high-to-low dollar amount.

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible in its reference to the bank "sequencing the electronic debit transactions of [its] customers." Union Bank does not "sequence" the electronic debit transactions (or any other transactions) entered into by its customers.  Customers enter into electronic debit and other transactions in whatever sequence they choose.  As explained elsewhere in Union Bank's discovery responses, Union Bank processes items only once per banking day, after the close of business.  At that time, Union Bank processes all items which have been presented for payment and posts transactions to the customer's account.  When it does so, Union Bank pays items and posts transactions beginning with the highest dollar amount and continuing until the lowest dollar amount.  It does so without regard to the order or "sequence" in which the customer entered into the various transactions which resulted in the presentment of items for payment on that particular day.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied, as drafted.  Union Bank admits that, since July of 2005, it has followed a policy, practice or procedure of consistently paying those items which have been presented for payment on a particular day from highest to lowest dollar amount at the

time transactions are posted, irrespective of the sequence in which the customer may have entered info electronic debit or other transactions.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrases "policy, practice or procedure" and "consistently sequencing" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrases "policy, practice or procedure" and "consistently sequencing" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 2.

**Admit that for each electronic debit transaction you post to your customers' accounts, you have a record of the date and time that you first received notice of the dollar amount of that electronic debit transaction.**

## Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "received," "notice," and "dollar amount of," including in the phrase "time that you first received notice of the dollar amount of," are vague and ambiguous and Bank of America does not know what is intended by them. Bank of America may not receive "notice" of the final transaction amount for all debit card transactions prior to the time at which the transaction is presented to the Bank for settlement and posting.  Bank of America further objects to the phrase "have a record" and as overbroad, vague and ambiguous and Bank of America does not understand what is intended by them.  Bank of America further objects to the phrase "electronic debit transaction" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "electronic debit transaction" as referring to "electronic debit card transaction."

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that for electronic debit card transactions for which an initial authorization from the Bank is sought, Bank of America maintains some records, for certain time periods, reflecting the date and time the Bank authorized such transactions, and that such data may be accessible for some, but not necessarily all, electronic debit card transactions.  Except as admitted, Bank of America denies this request.

## Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "electronic debit transaction," "received," and "notice," and the phrase "notice of the dollar amount of that electronic debit transaction," and in that it is ambiguous as to whether it pertains to the present or the past tense.  Chase further objects on the ground that no relevant timeframe is specified in the Request, and, to the extent the Request purports to require Chase to verify the existence of a record for each customer transaction during the purported class period or other period of similar length, such Request is unreasonable and unduly burdensome.

Subject to the foregoing general and specific objections, Chase denies the Request, and states that it has certain date and time records of certain debit items.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including with respect to the meaning of "notice." Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank admits that its Transaction Processing System records most electronic debit transactions throughout the day.

### Union Bank

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Union Bank admits that it has a record of the date and time that first received notice of the dollar amount of debit card transactions.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrase "date and time that you first received notice of the dollar amount" renders it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrase "date and time that you first received notice of the dollar amount" renders it vague and ambiguous.  Defendant further

objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague, ambiguous, and confusing, including, *inter alia*, in its use of the undefined term "received."

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 3.

**Admit that you have never provided any written disclosure to your customers that they will be assessed overdraft fees for electronic debit transactions that are initiated and authorized at a time when the available balance in the customer's account is sufficient to cover the transaction.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "never," "written disclosure," "assessed overdraft fees for," "initiated," "authorized," "available balance," and "sufficient to cover" are overbroad, vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the phrase "electronic debit transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . .  " *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "electronic debit transactions" as referring to "electronic debit card transactions;" the term "never" as referring to "at no time between January 1,2003 and the present;" and the terms "initiated" and "authorized" as referring to the process by which, in connection with some electronic debit card transactions, prior to the time a transaction is sent to

Bank of America for settlement and posting, certain transaction-and/or customer-related information is transmitted to Bank of America, and to which the Bank may respond with a communication indicating whether the noticed transaction may proceed.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "electronic debit transactions," "initiated," "available balance," and "sufficient."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; and (ii) it is argumentative.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank:  denies that it assesses "overdraft fees for electronic debit transactions that are initiated and authorized at a time when the available balance in the customer's account is sufficient to cover the transaction."

### Union Bank

Union Bank objects to this request on the grounds that it is vague and ambiguous. Union Bank further objects to this request on the grounds that it is unintelligible and nonsensical, given the bank's actual practices with respect to the payment of items.  As explained elsewhere in Union Bank's discovery responses, funds are not withdrawn from accounts at the time electronic debit transactions are initiated by the customer.  Nor is a determination made at that time as to whether the transaction will cause an overdraft.  Rather, that determination is made only once per banking day, after the close of banking hours, when Union Bank batch processes all items which are pending at that time, including deposits and other credits to the customer's account, and also including debits which are the result of electronic debit transactions initiated by the customer.

Union Bank also objects to this request on the grounds that it is vague and ambiguous as to what is meant by "available balance" in the context of this request.  It is the customer's responsibility to make sure that there will be sufficient funds' available in the account to pay an electronic debit transaction at the time that transaction is posted to the account, taking into consideration all items that will be posted to the account as a result of other customer-initiated transactions.  It is unclear what "available balance" plaintiffs are intending to refer to in this request.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied, as drafted.  Union Bank admits that it has never provided customers with a written disclosure containing the language set forth in this request for admission, or containing words to the same effect.  However, Union Bank denies that its written disclosures fail to inform customers that they will be assessed an overdraft fee if their account balance is insufficient to pay all items presented for payment, if the account balance was sufficient to pay a single item at the time the electronic debit transaction was initiated and authorized.  Put another way, Union Bank contends that its written disclosures to customers adequately disclose that whether there are sufficient funds to pay an item and whether an overdraft fee will be assessed is determined at the time that item is presented for payment, and the sum total of all items being presented for payment on the same day can be compared to the customer's available balance at the end of the banking day.

## **U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects to this Request on the ground that the phrase "initiated and authorized" renders it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

## **Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects to this request on the ground that the phrase "initiated and authorized" renders it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

## Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague, ambiguous, confusing, and argumentative.  Wells Fargo further objects to this Request for Admission as vague, ambiguous, confusing, and misleading insofar as it implicitly relies upon an incomplete hypothetical.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

## Request for Admission No. 4.

**Admit that you have never provided electronic disclosure to your customers at the point of sale or at an ATM that notifies the customers that they will be assessed an overdraft fee based on an electronic debit transaction that was initiated and authorized at a time when the available balance in the customer's account is sufficient to cover the transaction.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "never," "electronic disclosure," "notifies," "will be assessed," "initiated," "authorized," "available balance," and "sufficient to cover" are vague and ambiguous and Bank of America does not know what is intended by them. Bank of America further objects to the phrase "electronic debit transaction" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "electronic debit transaction" as referring to "electronic debit card transaction;" the term "never" as referring to "at no time between January 1, 2003 and the present;" and the terms "initiated" and "authorized" as referring to the process by which, in connection with some electronic debit card transactions, prior to the time a transaction is sent to Bank of America for settlement and posting, certain transaction-and/or customer-related information is transmitted to Bank of America, and to which the Bank may respond with a communication indicating whether the noticed transaction may proceed.  The authorization transaction amount transmitted to the Bank for some such transactions,

however, may be different than that final transaction amount later presented to the Bank for settlement and posting.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that it cannot provide electronic notice to customers at the point of sale or at an ATM that they will be assessed an overdraft fee on a debit card transaction for which the customer had sufficiently available funds in his or her account at the time the transaction was initiated and authorized to cover the transaction because at a minimum the Bank does not know what the customer's balance will be on the day that debit card transaction is finally presented to the bank for settlement and posting, what the final dollar amount of the debit card transaction will be on the day of settlement and posting, and/or what other transactions initiated by the customer may be presented on the same day to the Bank for final settlement and posting.  Except as admitted, Bank of America denies this request.

**Chase**

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "approve," "electronic disclosure," "electronic debit transaction," "available balance," "initiated," and "sufficient," and the phrase "sufficient to cover the transaction," and in that it is unclear whether the "that notifies" clause is intended to modify "electronic disclosure" or "ATM."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, denies that it assessed overdraft fees based on a customer's debit card transaction at a point of sale or ATM if a customer had adequate funds to cover the transaction, and refers to its Deposit Agreement (see Lopez Am. Compl. Ex. A; Luquetta Am. Compl. Ex. A), which states, among other things:  "Like writing a check, using your debit card can generate Overdraft fees.  You should have money in your account before you make a purchase and record it in your register right away regardless of when the purchase is actually subtracted from your account," and "Any time you review your available balance, the amount may not include recent checks you've written or purchases you've made, because they can take time to reach us.  So record every transaction in your register."

**Citibank**

Citibank incorporates herein its Response to request for Admission No. 3 as if fully set forth.

**Union Bank**

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible.  In particular, the term "electronic debit transaction," which is not defined in this request or set of requests, renders this request vague and ambiguous.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

If plaintiffs intend the term "electronic debit transaction" to include withdrawals from an ATM using an electronic debit card, then Union Bank denies the request.

If plaintiffs intend to limit the term "electronic debit transaction" to point of sale or other transactions which the customer enters into with third parties using his electronic debit card, then Union Bank admits that it has never provided an electronic disclosure to its customers at the point of sale that they will be assessed an overdraft fee based on an electronic debit transaction.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects to this Request on the ground that the phrases "notifies the customers" and "initiated and authorized" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects to this request on the ground that the phrases "notifies the customers" and "initiated and authorized" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague, ambiguous, and confusing, including, *inter alia*, in its use of the undefined term "electronic disclosure."  Wells Fargo further objects to this Request for Admission as

vague, ambiguous, confusing, and misleading as it implicitly relies upon an incomplete hypothetical.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

## Request for Admission No. 5.

**Admit that you use a computer algorithm and an automated procedure to determine whether to approve a point of sale or ATM electronic debit transaction if a given customer's account lacks sufficient funds to cover the item at the time you receive it.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), Definition No. 13 ("Item"), and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "computer algorithm," "automated procedure," "determine whether to approve," "sufficient funds to cover," and "receive" are vague and ambiguous and Bank of America does not know what is intended by them. Bank of America further objects to the phrase "electronic debit transaction" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . .  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "electronic debit transaction" as referring to "electronic debit card transaction;" and the term "received" as referring to the process by which, in connection with some electronic debit card transactions, prior to the time a transaction is sent to Bank of America for settlement and posting, certain transaction-and/or customer-related information is transmitted to Bank of America, and to which the Bank may respond with a communication indicating whether the noticed transaction may proceed.  The authorization transaction amount transmitted to the Bank for some such transactions, however, may be different than that final transaction amount later presented to the Bank for settlement and posting.  Additionally, Bank of America may not receive for all debit card transactions notice of the final transaction amount prior to the time at which the final transaction is presented to the Bank for settlement and posting.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that in responding to electronic debit card transaction authorization requests, the Bank uses various computer systems that employ pre-programmed and automated decision-making calculi in determining how to respond to such requests on an individual basis, utilizing a number of factors.  Except as admitted, Bank of America denies this request.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "electronic debit transaction" and "receive," and the phrase "lacks sufficient funds to cover the item at the time you receive it."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and admits that it uses computer systems and automated procedures in determining whether to authorize certain debit card transactions.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including with respect to the term "receive." Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank denies that it approves "point of sale or ATM electronic debit transactions if a given customer's account lacks sufficient funds to cover the item" at the time that the customer makes the transaction.

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible, particular in its reference to the time when an item is "received" by Union Bank.  It is unclear whether this request is intended to refer to the time when Union Bank receives electronic notification that a customer is attempting to enter into an electronic debit transaction, or whether it is intended to refer to the time when the item is presented for payment by Union Bank.  Union Bank will respond to this request based on the assumption that it is intended to refer to the time when the bank receives electronic notification that the customer is initiating a transactions.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Union Bank admits that it uses an algorithm to determine whether to authorize an electronic debit transaction if there are insufficient-funds in the customer's account to pay the item at the time Union Bank receives electronic notification that the customer is attempting to enter into the transaction.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrases "automated procedure" and "at the time you receive it" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrases "automated procedure" and "at the time you receive it" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections and Limitations as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague, ambiguous, and confusing, including, *inter alia*, in its use of the undefined term "receive."

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 6.

**Admit that the online transaction detail you make available to customers shows transactions in an order that is changed prior to posting.**

882833.2

-14-

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant") and Definition No. 11 ("Customer"), set forth above.  Bank of America further objects to the term "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl.  [Dkt. # 345] ¶ 34.  Bank of America further objects to the phrases "online transaction detail," "make available," and "shows transactions in an order that is changed prior to posting" as vague and ambiguous and Bank of America does not know what is intended by them.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the term "transactions," and the phrases "online transaction detail," "make available to customers," "order that is changed prior to posting," "in an order," "that is changed," and "prior to posting."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including as to the meaning of "changed prior to posting." Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank admits that it provides various types of transaction information to customers through its online source during the banking day.  Citibank denies that it changes this information "prior to posting" transactions to customers' accounts.

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible, particularly with respect to its reference to "online transaction detail" and the transaction order having been "changed prior to posting."

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its

objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied as drafted.  Union Bank:  does not know the order in which all transactions were initiated by customers.  Union Bank:  admits that it provides customers with information about transactions on their accounts, both online and by other means, which shows transactions in the order in which they were posted to the customer's account after the bank's daily posting.  Union Bank:  further admits that the order in which transactions are posted to an account sometimes varies from the order in which the customer initiated the transactions.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrases "online transaction detail" and "order that is changed prior to posting" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrases "online transaction detail" and "order that is changed prior to posting" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this Request for Admission as vague, ambiguous, confusing, and misleading insofar as it implicitly relies upon an incomplete

hypothetical. Wells Fargo further objects to this Request for Admission as argumentative and based upon inaccurate assumptions.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

## Request for Admission No. 7.

Admit that you follow a policy in which customer transactions with third-party payees that result in deductions of funds from customers' accounts are posted to customers' accounts in a different order from the order in which you receive notice of such charges from the payees.

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above. Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above. Bank of America further objects to this request for admission on the grounds that the terms and phrases "policy," "third party payees," "result in deductions of funds from customers' accounts," "different order," receive," and "notice from the payee" are overbroad, vague and ambiguous and Bank of America does not know what is intended by them. Bank of America further objects to the term "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes the term "receive" as referring to the process by which, in connection with some electronic debit card transactions, prior to the time a transaction is sent to Bank of America for settlement and posting, certain transaction-and/or customer-related information is transmitted to Bank of America, and to which the Bank may respond with a communication indicating whether the noticed transaction may proceed. The authorization transaction amount transmitted to the Bank: for some such transactions, however, may be different than that final transaction amount later presented to the Bank: for settlement and posting. Additionally, Bank: of America may not receive for all debit card transactions notice of the final transaction amount prior to the time at which the final transaction is presented to the Bank: for settlement and posting.

Subject to and without waiving any of these objections, Bank: of America responds to this request for admission as follows:

Bank of America admits that it posts electronic debit card transactions to its

customers' consumer deposit accounts once per day, at night, in batch mode, and that the order in which transactions for any particular consumer deposit account are posted may depend upon the type of transaction and the dollar amount of the transaction, as determined by the posting-related policies, practices, and procedures governing that account.  Except as admitted, Bank of America denies this request.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "transactions," "third-party payees," "receive," "notice," and "the order," and the phrases "receive notice of such charges from the payees," "customer transactions with third-party payees . . . are posted to customers' accounts," and "such charges."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and states that it posts transactions as specified in the customer's Deposit Agreement.  *See also* Chase's Response to Request for Admission No. 1.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including with respect to the phrase "order in which you receive notice."

### Union Bank

Union Bank:  objects to this request on the grounds that it is vague, ambiguous and unintelligible, particularly with respect to its reference to Union Bank's "receive[ing] notice" of charges from payees. It is unclear whether plaintiffs are referring to Union Bank's receipt of electronic notification of a debit card transaction which the customer is initiating, or its receipt of an item which is being presented for payment by the bank, or something else. Union Bank will respond to this request based upon the assumption that plaintiffs are intending to refer to Union Bank's receipt of electronic requests from third-party payees for authorization of debit card transactions by customers.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.  The order in which Union Bank posts transactions to customers' accounts is described elsewhere in its discovery responses (see, e.g., its Response to Interrogatory No. 4.) This order may be different from or the same as the order in which Union Bank receives electronic notifications from third-party payees that the customer has initiated a transaction.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the Request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrase "order in which you receive notice of such charges" renders it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrase "order in which you receive notice of such charges" renders it vague and ambiguous.   Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague, ambiguous, and confusing, including, inter alia, in its use of the undefined terms "policy," "receive," and "notice."  Wells Fargo further objects to this Request for Admission as argumentative and based upon inaccurate assumptions.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

**Request for Admission No. 8.**

**Admit that you made statements to your customers or to the general public that would reasonably lead a person to expect that a debit that is initiated using an**

**electronic debit card will be debited from their account at the time the transaction is initiated.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above. Bank: of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above. Bank of America further objects to this request for admission on the grounds that the terms and phrases "statements," "reasonably," "lead a person to expect," "initiated," and "debited" are vague and ambiguous and Bank of America does not know what is intended by them.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes the term "initiated" as referring to the process by which, in connection with some electronic debit card transactions, prior to the time a transaction is sent to Bank of America for settlement and posting, certain transaction- and/or customer-related information is transmitted to Bank of America, and to which the Bank may respond with a communication indicating whether the noticed transaction may proceed. Specifically, Bank of America construes "initiated" to refer to the authorization transmission of information relating to an electronic debit card transaction to Bank of America for approval or rejection, and as not including Bank of America's response to that authorization transmission.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that it has made statements to customers that for authorized debit card transactions the Bank may reduce the customer's available balance by the authorized dollar amount of that transaction, but any such reduction is not the same as, nor does it amount to, a final settlement and posting of that transaction to the customer's account. Except as admitted, Bank of America denies this request.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "transactions," "third-party payees," "receive," "notice," and "the order," and the phrases "receive notice of such charges from the payees," "customer transactions with third-party payees . . . are posted to customers' accounts," and "such charges."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and states that it posts transactions as specified in the customer's Deposit Agreement. See also Chase's Response to Request for Admission No. 1.

## **Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iii) it is argumentative.

Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

## **Union Bank**

Union Bank objects to this request on the ground that it calls for speculation as to what customers or the general public expected or would reasonably have expected based upon disclosures (or "statements") made by Union Bank.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied. Union Bank discloses to customers that funds are withdrawn from the customer's account when the item is presented for payment and the transaction is posted to the customer's account, not when the transaction is initiated.

## **U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects to this Request on the ground that the phrases "initiated" and "reasonably lead a person to expect" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

## **Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects to this request on the ground that the term

"initiated" and the phrase "reasonably lead a person to expect" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

**Request for Admission No. 9.**

**Admit that you advise customers that they can avoid being assessed overdraft fees by ensuring that they have sufficient funds in their account to cover withdrawals from their account when they make a transaction.**

**Bank of America**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "advise," "ensuring that they have sufficient funds in their account to cover withdrawals," and "when they make a transaction" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the terms and phrases "transaction" and "overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . .  "*See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes the term "transaction" as referring to "electronic debit card transaction."

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

## Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the term "transaction," and the phrases "sufficient funds," "covers withdrawals," and "when they make a transaction."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and admits that it has advised customers to ensure that they have adequate funds in their accounts to cover a transaction.  See also Chase's Response to Request for Admission No. 4.

## Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank admits that it advises customers to have sufficient funds on hand at all times to cover all transactions made on their accounts; only a customer will know the number and amounts of all transactions outstanding at any point in time.  In addition, Citibank admits that it provides this information in various ways.  For instance, Citibank provides its deposit account customers with disclosures explaining Citibank's overdraft policies and procedures at the time of account opening.  Citibank representatives also explain Citibank's policies and procedures regarding overdrafts to customers both in person and by telephone in response to customers' questions.

## Union Bank

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied as drafted.  Union Bank admits that the current version of its account agreement with customers (what Union Bank calls its "All About") contains the following statement:

> To avoid overdrafts and fees for transactions presented against non-sufficient funds and non-sufficient available funds in your account, and the possibility of returned checks and other rejected transactions, you must make sure that your account contains sufficient available funds at the time a check is presented to payment; at the time you use an A TM Card or a Debit Card at an ATM or a business; and when any other transaction is posted to your account or received by us, for example, automatic payments or electronic fund transfers.

However, Union Bank denies that this disclosure advises customers that they can avoid being assessed overdraft fees if their account has sufficient funds to pay the item at

the time the transaction is initiated, even if there are insufficient funds in the account to pay the item at the time it is presented for payment and processed.  The above-quoted language from the All About advises customers of the importance of determining whether they have sufficient available funds before entering into a transaction.  However, the All About and other disclosures to customers fairly convey that (1) items may be presented to the bank electronically; (2) the item is paid at the time it is presented to Union Bank, not when the transaction is initiated; (3) it is the customer's responsibility to make sure that his account has sufficient available funds to pay the item at the time it is presented; (4) it is the customer's responsibility to make sure that he has sufficient available funds to pay all items which may be presented for payment at a given time, not just each item considered individually; and, (5) the customer will be assessed an overdraft fee if he does not have sufficient funds in his account to cover all items which are being presented for payment at the time those transactions are processed and posted to the customer's account.  (See, e.g., the section of the All About entitled "Nonsufficient Funds (NSF)," which explains that Union Bank may return or reject an item and assess a nonsufficient funds charge if the customer does not have sufficient funds on deposit in his account at the time a check is presented for payment or any other transaction is posted to the account.)

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad and unduly burdensome.  Defendant further objects to this Request on the ground that the phrases "advise customers" and "cover withdrawals" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad and unduly burdensome.  Defendant further objects to this request on the ground that the phrases "advise customers" and "cover withdrawals" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

## Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo states that it advises customers that they can avoid overdrafts and resulting fees by ensuring that they maintain sufficient funds in their accounts at all times to cover all debit transactions that they have initiated.  In all other respects, Wells Fargo responds:  DENIED.

## Request for Admission No. 10.

**Admit that it is your practice to assess overdraft fees based on transactions that are initiated by a customer at a time when the customer has sufficient funds in their account to cover the transaction.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 11 ("Customer"), and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "practice," "initiated," "sufficient funds," and "cover the transaction" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the terms and phrases "overdraft fees" and "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "practice" as referring to repeated or customary action; "transaction" as referring to "electronic debit card transaction;" and the term "initiated" as referring to the process by which, in connection with some electronic debit card transactions, prior to the time a transaction is sent to Bank of America for settlement and posting, certain transaction- and/or customer-related information is transmitted to Bank of America, and to which the Bank may respond with a communication indicating whether the noticed transaction may proceed.  The authorization transaction amount transmitted to the Bank for some such transactions, however, may be different than that final transaction amount later presented to the Bank for settlement and posting.  Additionally, Bank of America may not receive for all debit card transactions notice of the final transaction amount prior to the time at which the final transaction is presented to the Bank for settlement and posting.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "transactions" and "sufficient funds."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request. *See also* Chase's Response to Request for Admission No. 4.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including with respect to the term "initiated." Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Citibank denies that it assesses overdraft fees "when the customer has sufficient funds in their account to cover the transaction."

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous, unintelligible and nonsensical in the context of Union Bank's actual banking practices. As Union Bank has repeatedly explained in its discovery responses, whether a customer has sufficient funds to pay an item and whether an overdraft fee will be assessed is only determined when items are batch processed after the end of the banking day, not at the time an individual transaction is initiated by the customer.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied as drafted. There are circumstances in which (1) the customer initiates a transaction at a time when he has sufficient funds in his account to cover that single item but (2), when that item is subsequently presented for payment by the bank, there are not sufficient funds in the account to pay that item and all other items being presented for payment. Union Bank admits that, in these circumstances, it is Union Bank's practice to assess an overdraft fee even if the customer's account had sufficient funds to cover the single item at the time the transaction was initiated by the customer. As Union Bank has repeatedly explained in its discovery responses, whether a customer has sufficient funds to pay an item and whether an overdraft fee will be assessed is only determined when items are processed after the end of the banking day, not at the time an individual transaction is initiated by the customer.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the terms "practice" and "initiated" and the phrase "at a time when the customer has sufficient funds" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  U.S. Bank admits that it assesses an overdraft fee based on whether there are sufficient available funds in the customer's account to cover the transaction at the time the transaction is posted after being presented for payment.  Except as expressly admitted, U.S. Bank denies the Request for Admission.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the terms "practice" and "initiated" and the phrase "at a time with the customer has sufficient funds" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague, ambiguous, and confusing.

Subject to and without waiving those objections, Wells Fargo responds that its practice, consistent with the terms of its Consumer Account Agreement, is to assess an overdraft fee when an account is overdrawn as of the time a transaction is paid or covered.  In all other respects, Wells Fargo responds:  DENIED.

**Request for Admission No. 11.**

     **Admit that you have recognized that customers expect transactions to be processed by banks on a FIFO (first in first out) basis.**

     **Bank of America**

     Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant") and Definition No. 11 ("Customer"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "recognized," "expect," "processed," and "FIFO (first in first out) basis," are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the term "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl.  [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl.  [Dkt. # 345] ¶ 34.

     Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "transactions" as referring to "electronic debit card transactions;" and the term "processed" as meaning "posted."

     Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

     Bank of America admits that consumer deposit account customers may have various expectations as to how electronic debit card transactions are or should be posted to consumer deposit accounts.  Except as admitted, Bank of America denies this request.

     **Chase**

     Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "recognized," "processed," and "FIFO (first in first out)," and the phrase "processed by banks on a FIFO (first in first out) basis."

     Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

     **Citibank**

     Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including with respect to the terms "recognized" and "FIFO"; and (ii) it is overbroad; (iii) it seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence in this action.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

**Union Bank**

Union Bank objects to this request on the grounds that it is vague, ambiguous, unintelligible and calls for speculation.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the terms "recognized," "expect," and "FIFO (first in first out) basis" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the terms "recognized," "expect," and "FIFO" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague,

ambiguous, and confusing in its use of the undefined terms "processed" and "FIFO (first in first out)."

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

## Request for Admission No. 12.

**Admit that you have instructed employees not to try to explain the complete method by which items are posted to an account.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above. Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), Definition No. 13 ("Item"), and Definition No. 14 ("Account"), set forth above. Bank of America further objects to this request for admission on the grounds that the terms and phrases "instructed," "not to try to explain," and "complete method by which items are posted to an account" are vague and ambiguous and Bank of America does not know what is intended by them.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the phrases "try to explain" and "the complete method."

Subject to and without waiving the foregoing general and specific objections, Chase states that it has made a reasonable inquiry and that the information it knows or can readily obtain regarding instructions to employees is insufficient at this time to enable it to admit or deny, and that Chase will supplement this Response if appropriate based on additional information it may obtain through a further inquiry.

### Citibank

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including as to the term "complete method." Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

**Union Bank**

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the term "instructed" and the phrases "not to try to explain" and "complete method by which items are posted" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the term "instructed" and the phrases "not to try to explain" and "complete method by which items are posted" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

**Request for Admission No. 13.**

**Admit that bank representatives that have access to research screens or other similar records regarding customers' accounts have the ability to recreate how transactions are posted to customers' accounts on a given day.**

**Bank of America**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 11 ("Customer") and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the phrases "bank representatives," "access to," "research screens or other similar records," "recreate how transactions are posted, " and "on a given day" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the term "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl.  [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes "transactions" as referring to "electronic debit card transactions."

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that customer-facing representatives of the Bank may have access to records reflecting the transactions posted to a customer's account, subject to the Bank's practices, policies, and procedures.  Except as admitted, Bank of America denies this request.

**Chase**

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "how" and "research screens," and the phrases "on a given day,"

"other similar records," and "recreate how transactions are posted." Chase further objects on the ground that no relevant timeframe is specified for the Request.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and admits that for certain of its customers, certain employees are able to access or generate information showing the order in which Chase posted certain transactions to the customer's account for certain time periods.

## Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; and (ii) it is overbroad. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: As addressed in the July 6, 2009 Declaration of Luiz Medici submitted on December 22, 2009 in connection with Citibank's Renewed, Independent Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the posting of transactions on a given day can be reconstructed through a manual, account-specific process, which includes matching the particular customer's transactions to merchant information retrieved by Citibank's technology personnel from historical account records. A Citibank employee must access and review copies of the account statements that were made available to the customer, and then review electronic account records for that customer's account to locate the transactions and trace the overdraft activity.

## Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible, particularly with respect to its reference to recreating "how transactions are posted to customers' accounts."

To the extent that this request is intended to address information other than the order in which transactions were posted to an account, Union Bank is unable to respond further to this request because it is unclear what information plaintiffs are seeking.

## U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as overbroad. Defendant further objects to this Request on the ground that the phrases "research screens or other similar records" and "recreate how transactions are posted" render it vague and ambiguous. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

-33-

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrases "research screens or other similar records" and "recreate how transactions are posted" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is so vague and ambiguous in its use of the undefined terms "research screens" and "recreate how transactions are posted" as to be all but unintelligible.

Subject to and without waiving those objections, Wells Fargo responds that the order in which a customer's transactions were posted on a given day can typically be determined in multiple ways, including through records (such as online account activity information) that are equally available to certain Bank employees and to the customer, as well as through additional internal reports available to certain Bank employees.  In all other respects, Wells Fargo responds:  DENIED.

### Request for Admission No. 14.

**Admit that you have recognized that the information you convey to customers on periodic statements and on online sessions provide insufficient information to understand why overdraft fees are assessed.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant") and Definition No. 11 ("Customer"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases

"recognized," "information you convey," "online sessions," and "provide insufficient information to understand why" are overbroad, vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the phrase "overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl.  [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Without waiving its objections to this request, and for the purpose of responding to the instant request for admission and for no other purpose, Bank of America construes the phrase "information to understand why overdraft fees are assessed" as referring to the reason why an overdraft fee was assessed against a particular transaction -- *i.e.*, because there were not enough funds in the account at the time the transaction was posted to cover that transaction.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

## Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "recognized" and "online sessions."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

## Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; and (ii) it is argumentative.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

## Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous, unintelligible and calls for speculation.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the term "recognized" and the phrases "online sessions" and "insufficient information" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

Denied.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the term "recognized" and the phrases "online sessions" and "insufficient information" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

**Request for Admission No. 15.**

**Admit that, at one or more times on or after 1988, you, or someone acting on your behalf, performed an analysis to project the revenue you could expect to derive from overdraft fees.**

**Bank of America**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above. Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), set forth above. Bank of America further objects to this request for admission on the grounds that the terms and phrase "analysis," "project," "derive," "someone acting on your behalf" is vague and ambiguous and Bank of America does not know what is intended by it. Bank of America further objects to the phrase "overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Bank of America further objects to the this request for admission to the extent that it calls for Bank of America to be aware of the complete basis for, and the identity of all persons, information, or documents relating to, any allegation or contention set forth therein, as overbroad, premature, and unduly burdensome on the ground that this case is in the early stages of discovery. Bank of America's response herein is based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its response to this request for admission to the extent that Bank of America learns additional information during the course of discovery in this case. Bank of America gives the following response without waiving its right to produce evidence at trial, or in any other proceeding in this action, of any subsequently obtained facts.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that the projected revenue to be derived from overdraft fees is one of among many revenue streams that the Bank analyzes consistent with its efforts to be a responsible financial institution and to support the policies set forth by the OCC relating to the national banking system. Except as admitted, Bank of America denies this request.

**Chase**

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "an analysis" and "project." Chase further objects to this Request on the grounds that it is overbroad and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Chase admits that, since January 2003, on one or more occasions it has attempted to estimate its revenue from multiple sources and that overdraft fee revenue has formed a part of those estimates.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it seeks the admission of confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, it objections, Citibank responds to this Request as follows: Admit.

**Union Bank**

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Admitted.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as overbroad. Defendant further objects to this Request on the ground that the terms "project" and "expect" render it vague and ambiguous. Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Admitted.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the terms "project" and "expect" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Admitted.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is so incredibly overbroad as to be meaningless and irrelevant.  Wells Fargo further objects that this Request for Admission is vague and ambiguous in its use of the undefined term "could expect to derive."

Subject to and without waiving those objections, Wells Fargo responds that on at least one occasion since 1988, projections have been performed of revenues that Wells Fargo might receive from overdraft fees.  In all other respects, Wells Fargo responds: DENIED.

### Request for Admission No. 16.

**Admit that, at one or more times on or after 1988, you, or someone acting on your behalf, performed an analysis to project the increase in revenue you could expect to derive from overdraft fees by resequencing transactions from largest to smallest dollar amount.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "analysis," "increase," "expect to derive," "resequencing" and "someone acting on your behalf" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the terms and phrases "overdraft fees" and "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which

plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34. Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows: 38

Bank of America admits that as part of its efforts to be a responsible financial institution and to support the policies set forth by the OCC relating to the national banking system, the Bank has considered the projected revenues to be derived from overdraft fees using high-to-low and other alternative posting order practices. Except as admitted, Bank of America denies this request.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "an analysis," "project," "the increase," "transactions," and "resequencing," and the phrase "resequencing transactions from largest to smallest dollar amount." Chase further objects to this Request on the grounds that it is overbroad and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, and states that at one or more times since January 2003, Chase or someone acting on Chase's behalf has attempted to assess the effect on revenue of various posting orders.

### Citibank

Citibank objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "resequencing"; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it seeks confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Deny.

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible in its reference to "resequencing" transactions. Union Bank does not "resequence" transactions. As explained elsewhere in Union Bank's discovery responses, Union Bank posts transactions from largest to smallest dollar amount when it batch

processes multiple items on a single day, irrespective of the sequence in which the customer initiated the various transactions.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Union Bank admits that, at one or more times on or after 1988, Union Bank or someone acting on its behalf performed an analysis to project the increase in revenue it could expect to derive from overdraft fees by posting debit transactions from largest to smallest dollar amount.

## U.S. Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as overbroad. Defendant further objects to this Request on the ground that the terms "project," "expect," and "resequencing" render it vague and ambiguous. Defendant further objects to this Request on the ground that the term "resequencing" is argumentative. Defendant further objects to this Request on the ground that it seeks confidential and proprietary is case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  U.S. Bank admits that it has analyzed the effect on revenues of the order in which items are posted.  Except as expressly admitted, U.S. Bank denies the Request for Admission.

## Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is so incredibly overbroad as to be meaningless and irrelevant.  Wells Fargo further objects that this Request for Admission is vague and ambiguous in its use of the undefined term "transactions."

Wells Fargo further objects to this Request for Admission as argumentative and based upon inaccurate assumptions.

Subject to and without waiving those objections, Wells Fargo responds that on at least one occasion since 1988, projections have been performed addressing the revenues that might be associated with posting certain categories of debit transactions from largest dollar amount to smallest.  In all other respects, Wells Fargo responds:  DENIED.

**Request for Admission No. 17.**

Admit that a projected increase in revenue to be derived from overdraft fees was among the factors that caused you to institute a practice of resequencing transactions from largest to smallest dollar amount.

**Bank of America**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms "increase", "derived," "institute," "practice," and "resequencing" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the terms and phrases "overdraft fees" and "transactions" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . .  "*See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt.'# 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that as part of its efforts to be a responsible financial institution and to support the policies set forth by the OCC relating to the national banking system, the Bank has considered a number of factors, including the projected revenue to be derived from overdraft fees using high-to-low and other alternative posting order practices, in determining whether to use a practice of posting transactions in highest to lowest dollar amount.  Except as admitted, Bank of America denies this request.

**Chase**

Chase objects to this Request on the grounds that it is vague and ambiguous, including the terms "caused," "transactions," and "resequencing," and the phrases "a projected increase," "resequencing transactions from largest to smallest dollar amount," and "caused you to institute a practice of resequencing transactions from largest to smallest dollar amount."  Chase further objects to the Request on the ground that no timeframe is specified.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

**Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including as to the term "resequencing"; and (ii) it seeks confidential,

proprietary business information that belongs to Citibank.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible in its reference to "resequencing" transactions.  Union Bank does not "resequence" transactions.  As explained elsewhere in Union Bank's discovery responses, Union Bank posts transactions from largest to smallest dollar amount when it batch processes multiple items on a single day, irrespective of the sequence in which the customer initiated the various transactions.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Union Bank admits that a projected increase in revenue to be derived from overdraft fees was a factor that caused Union Bank to institute a practice of posting debit transactions from largest to smallest dollar amount.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the term "projected" and the phrases "among the factors that caused you" and "practice of resequencing transactions" render it vague and ambiguous.  Defendant further objects to this Request on the ground that the term "resequencing" is argumentative.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  U.S. Bank admits that, in implementing its policy of posting transactions presented for payment on a given day, U.S. Bank analyzed the effect on revenues of the order in which items are posted.  Except as expressly admitted, U.S. Bank denies the Request for Admission.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks

-43-

information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the term "projected" and the phrases "among the factors that caused you" and "practice of resequencing transactions" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects to this Request for Admission as argumentative and based upon inaccurate assumptions.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 18.

**Admit that you maintain records showing the amount of overdraft fees that are collected from accounts maintained at each branch.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant") and Definition No. 14 ("Account"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "maintain records" and "showing" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the phrase "overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ."  *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

**Chase**

Chase objects to this Request on the grounds that it is vague and ambiguous, including the phrase "maintain records."  Chase further objects to the Request on the ground that no timeframe is specified.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request, denies that the records it has kept in the ordinary course of business show the amount of overdraft fees that Chase collected from accounts maintained at some or all of its branches, and states that it may be able to calculate the amount of overdraft fees collected from some or all of its branches for certain timeframes.

**Citibank**

Citibank objects to this Request on the grounds, among others, that it is vague and ambiguous, including as to the meaning of "at each branch." Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Citibank denies that it maintains records at each branch of the amount of overdraft fees related to debit card transactions.

**Union Bank**

Union Bank objects to this request on the grounds that it is vague and ambiguous, particularly in its reference to records "maintained" by the bank, and on the grounds that it is unduly burdensome and oppressive.  Depending upon what plaintiffs intend by their use of the term "maintain," this request could be construed as requiring Union Bank to review all of the bank's records, including ESI, to determine whether the amount of overdraft fees collected from accounts maintained in each branch can be derived from or extracted from these electronic records.  Union Bank declines to engage in this exercise for the purpose of responding to this request, because it is only obligated to make a reasonable inquiry to respond to the request and to provide a response based upon the information that is readily obtainable to the bank.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.  Union Bank admits that, for a portion but not all of the relevant period defined in the request (January 1, 2002 to the present), Union Bank maintains records showing the amount of overdraft fees that were assessed accounts maintained at each branch.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-

client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrase "maintain records showing" renders it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  U.S. Bank admits that it maintains a general ledger on which one could perform queries that would allow one to determine the amount of overdraft fees collected from accounts assigned to a particular branch.  Except as expressly admitted, U.S. Bank denies the Request for Admission.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrase "maintain records showing" renders it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 19.

**Admit that the amounts of overdraft fees that are collected from accounts maintained at each branch are a factor that is included in calculating the periodic profitability of a branch.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 14 ("Account"), set forth above.  Bank of America further objects to the terms and phrases "factor," "included in

calculating," and "periodic profitability" as vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the phrase "overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl.  [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the phrases "periodic profitability" and "is included in calculating periodic profitability of a branch."  Chase further objects to the Request on the ground that no timeframe is specified.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.  *See also* Response to Request for Admission No. 18.

### Citibank

Citibank incorporates herein its Response to Request for Admission No. 18 as if fully set forth.

### Union Bank

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied, as drafted.  As explained in Union Bank's responses to Request No. 18, it maintains some records of the overdraft fees which were assessed (but not collected) by individual branches on accounts maintained at each branch (but not for the entire relevant period defined in the request).  Union Bank admits that the amount of fees collected from accounts maintained at each branch, including both overdraft fees and other fees, but without separately analyzing the amount of overdraft fees collected, is a factor that is used in calculating the profitability of the branch.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-

client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the phrases "factor" and "calculating the periodic profitability of a branch" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrase "periodic profitability" renders it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague and ambiguous in its use of the undefined term "periodic profitability."

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 20.

**Admit that you have a policy or general directive that a branch not refund or otherwise reverse more than 10% of a branch office's total monthly overdraft fees.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or

"defendant"), set forth above.  Bank of America also objects to the phrases "policy or general directive," "otherwise reverse," and "total monthly overdraft fees" as vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the phrase "overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . . *See, e.g., Tornes* Third Am. Consolidated Class Action Compl.  [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl.  [Dkt. # 345] ¶ 34.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

**Chase**

Chase objects to this Request on the grounds that it is vague and ambiguous, including the term "general directive," and the phrases "that a branch not refund or otherwise reverse" and "a branch office's total monthly overdraft fees."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

**Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iii) it seeks confidential, proprietary business information that belongs to Citibank.

**Union Bank**

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant

further objects to this Request on the ground that the phrases "policy or general directive," "refund or otherwise reverse," and "total monthly overdraft fees" render it vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the phrases "policy or general directive," "refund or otherwise reverse," and "total monthly overdraft fees" render it vague and ambiguous.  Defendant further objects to this request on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds:  DENIED.

### Request for Admission No. 21.

**Admit that you discourage your bankers or other representatives from reversing overdraft fees.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), set forth above.  Bank of America further objects to the terms "discourage," "bankers," and "other representatives" as vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the phrase

"overdraft fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344]. ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ,-¶ 34.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Bank of America admits that if an overdraft fee has been assessed against a transaction in accordance with the Bank's governing and applicable policies, practices, and procedures, and there is no fair, equitable, or justified purpose for refunding the overdraft fee, then the Bank's employees are generally guided not to refund that overdraft fee, so as to create a unified, fair, and equitable customer experience across all of Bank of America's banking centers.  Except as admitted, Bank of America denies this request.

## Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the term "discourage."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

## Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

## Union Bank

Union Bank objects to this request as vague and ambiguous.  Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

## U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks

information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant further objects to this Request on the ground that the term "discourage" renders it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the term "discourage" renders it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 22.

**Admit that you encourage your bankers or other representatives to retain as many fees as possible or to build a fee retention culture.**

### Bank of America

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Requests, set forth above.  Bank of America further incorporates its objections to Definition No. 7 ("You," "your," and/or "defendant"), set forth above.  Bank of America further objects to this request for admission on the grounds that the terms and phrases "encourage," "bankers", "other representatives," "retain as many fees as possible," and "build a fee retention culture" are vague and ambiguous and Bank of America does not know what is intended by them.  Bank of America further objects to the term "fees" as overbroad, vague and ambiguous, and outside the scope of discoverable matter in this action, which plaintiffs describe as a class action of those who "incurred an overdraft fee as a result of Bank of America's

practice of re-sequencing debit card transactions from highest to lowest. . . ." *See, e.g., Tornes* Third Am. Consolidated Class Action Compl.  [Dkt. # 344].  ¶ 38; *Yourke* Am. Class Action Compl.  [Dkt. # 345] ¶ 34.

Subject to and without waiving any of these objections, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the grounds that it is vague and ambiguous, including the term "encourage," and the phrase "fee retention culture."

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including as to the term "fee retention culture"; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

### Union Bank

Union Bank objects to this request on the grounds that it is vague, ambiguous and unintelligible.  Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.  Union Bank encourages bank employees to reverse or waive fees in some circumstances, including where the fee was erroneously assessed, where the customer incurred the fee as the result of a one-time or infrequent error by the customer, and/or where the bank chooses to waive the fee as an accommodation to the customer. Union Bank admits that it expects its employees will not ordinarily waive or reverse fees which are earned by the bank in other circumstances.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the ground that the Request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request as overbroad.  Defendant

further objects to this Request on the ground that the terms "encourage" and "retain" and the phrase "build a fee retention culture" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects on the grounds that the request seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request as overbroad.  Defendant further objects to this request on the ground that the terms "encourage" and "retain" and the phrase "build a fee retention culture" render it vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission is vague and ambiguous in its use of the undefined term "fee retention culture."

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

## Request for Admission No. 23.

**Admit that the proposed Class(es) defined in the Complaint(s) satisfies Rule 23(a)(1).**

### Bank of America

Bank of America objects to this request for admission as premature and unduly burdensome, on the ground that this case is in the early stages of discovery.  Additionally, Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion, including with respect to how Plaintiffs maintain the proposed Class(es) satisfy Fed. R. Civ. P. 23(a)(1).  Bank of America's response herein is based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its response to this request for admission to the extent that Bank of

-54-

America learns additional information during the course of discovery in this case.  Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving any of these objections, and without prejudice to Bank of America's rights to make or not make arguments in opposition to any motion for certification of this action as a class action, Bank of America responds to this request for admission as follows:

Bank of America admits -- assuming that class membership is objectively ascertainable, which Bank of America does not concede or otherwise admit and which Bank of America specifically denies -- that the proposed classes are sufficiently numerous that joinder of all members is impracticable, within the meaning of Fed. R. Civ. P. 23(a)(1).  Except as admitted, Bank of America denies this request.

### Chase

Chase objects to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it seeks a legal conclusion; (ii) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) it is argumentative; and (iv) it is premature prior to class certification.

Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

### Union Bank

Union Bank objects to this request on the grounds that it is vague and ambiguous, as it is not clear which customers would comprise the class described in the complaint in this matter.  Union Bank objects to this request on the ground that it is premature. Plaintiff has not yet filed a motion for class certification, and Union Bank is therefore unable to discern the arguments that plaintiffs will present in support of their contention that the class satisfies Rule 23.  Union Bank objects to this request on the ground that it calls for a conclusion of law.  At this point in the lawsuit, Union Bank lacks sufficient knowledge or information to respond to this request.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wachovia**

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission improperly seeks a pure legal conclusion rather than an admission of a fact and is hence not a proper request for admission.

Subject to and without waiving those objections, Wells Fargo responds that, although it believes class certification is inappropriate in these cases, it does not expect to resist certification of the classes defined in the Complaints on the specific ground of absence of numerosity within the meaning of Rule 23(a)(1).  This response is without prejudice to Wells Fargo's right to object to the ascertainability, adequacy of definition, or other characteristics of the proposed classes or the extent to which they satisfy any of the other requirements of Rule 23.  In all other aspects, Wells Fargo responds:  DENIED.

**Request for Admission No. 24.**

Admit that the proposed Class(es) defined in the Complaint(s) satisfies Rule 23(a)(2).

**Bank of America**

Bank of America objects to this request for admission as premature and unduly burdensome, on the ground that this case is in the early stages of discovery. Additionally, Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion, including with respect to how Plaintiffs maintain the proposed Class(es) satisfy Fed. R. Civ. P. 23(a)(2). Bank of America's response herein is based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its response to this request for admission to the extent that Bank of America learns additional information during the course of discovery in this case. Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving any of these objections, and without prejudice to Bank of America's rights to make or not make arguments in opposition to any motion for certification of this action as a class action, Bank of America responds to this request for admission as follows:

Bank of America admits -- assuming that class membership is objectively ascertainable, which Bank of America does not concede or otherwise admit and which Bank of America specifically denies -- that there may be one or more questions of law or fact common to the proposed classes, within the meaning of Fed. R. Civ. P. 23(a)(2). As plaintiffs, however, have not in their Requests for Admission identified any such assertedly common issues, the information available to Bank of America is insufficient to allow it to further admit or deny this request as stated.

**Chase**

Chase objects to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

**Citibank**

Citibank objects to this Request on the grounds, among others, that: (i) it seeks a legal conclusion; (ii) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) it is argumentative; and (iv) it is premature prior to class certification. Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Deny.

**Union Bank**

Union Bank objects to this request on the grounds that it is vague and ambiguous, as it is not clear which customers would comprise the class described in the complaint in this matter. Union Bank objects to this request on the ground that it is premature. Plaintiff has not yet filed a motion for class certification, and Union Bank is therefore unable to discern the arguments that plaintiffs will present in support of their contention that the class satisfies Rule 23. Union Bank objects to this request on the ground that it calls for a conclusion of law. At this point in the lawsuit, Union Bank lacks sufficient knowledge or information to respond to this request.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

**U.S. Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this Request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Denied.

**Wachovia**

Defendant hereby incorporates its General Objections. Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Denied.

**Wells Fargo**

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission improperly seeks a pure legal conclusion rather than an admission of a fact and is hence not a proper request for admission.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

**Request for Admission No. 25.**

**Admit that the proposed Class(es) defined in the Complaint(s) satisfies Rule 23(a)(3).**

**Bank of America**

Bank of America objects to this request for admission as premature and unduly burdensome, on the ground that this case is in the early stages of discovery.  Additionally, Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion, including with respect to how Plaintiffs maintain the proposed Class(es) satisfy Fed. R. Civ. P. 23(a)(3).  Bank of America's response herein is based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its response to this request for admission to the extent that Bank of America learns additional information during the course of discovery in this case.  Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving any of these objections, and without prejudice to Bank of America's rights to make or not make arguments in opposition to any motion for certification of this action as a class action, Bank of America responds to this request for admission as follows:

Denied.

**Chase**

Chase objects to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it seeks a legal conclusion; (ii) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) it is argumentative; and (iv) it is premature prior to class certification.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

### Union Bank

Union Bank objects to this request on the grounds that it is vague and ambiguous, as it is not clear which customers would comprise the class described in the complaint in this matter.  Union Bank objects to this request on the ground that it is premature. Plaintiff has not yet filed a motion for class certification, and Union Bank is therefore unable to discern the arguments that plaintiffs will present in support of their contention that the class satisfies Rule 23.  Union Bank objects to this request on the ground that it calls for a conclusion of law.  At this point in the lawsuit, Union Bank lacks sufficient knowledge or information to respond to this request.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission improperly seeks a pure legal conclusion rather than an admission of a fact and is hence not a proper request for admission.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

### Request for Admission No. 26.

**Admit that the proposed Class(es) defined in the Complaint(s) satisfies Rule 23(a)(4).**

### Bank of America

Bank of America objects to this request for admission as premature and unduly burdensome, on the ground that this case is in the early stages of discovery, and Bank of America's investigation i.  Additionally, Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion, including with respect to how Plaintiffs maintain the proposed Class(es) satisfy Fed. R. Civ. P. 23(a)(4).  Bank of America's response herein is based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its response to this request for admission to the extent that Bank of America learns additional information during the course of discovery in this case.  Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving any of these objections, and without prejudice to Bank of America's rights to make or not make arguments in opposition to any motion for certification of this action as a class action, Bank of America responds to this request for admission as follows:

Denied.

**Chase**

Chase objects to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

**Citibank**

Citibank objects to this Request on the grounds, among others, that:  (i) it seeks a legal conclusion; (ii) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; (iii) it is argumentative; and (iv) it is premature prior to class certification.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows:  Deny.

**Union Bank**

Union Bank objects to this request on the grounds that it is vague and ambiguous, as it is not clear which customers would comprise the class described in the complaint in this matter.  Union Bank objects to this request on the ground that it is premature. Plaintiff has not yet filed a motion for class certification, and Union Bank is therefore unable to discern the arguments that plaintiffs will present in support of their contention that the class satisfies Rule 23.  Union Bank objects to this request on the ground that it calls for a conclusion of law.  At this point in the lawsuit, Union Bank lacks sufficient knowledge or information to respond to this request.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

**U.S. Bank**

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wachovia

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### Wells Fargo

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission improperly seeks a pure legal conclusion rather than an admission of a fact and is hence not a proper request for admission.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.


### Request for Admission No. 27.

**Admit that the proposed Class(es) defined in the Complaint(s) satisfies Rule 23(b)(3).**

### Bank of America

Bank of America objects to this request for admission as premature and unduly burdensome, on the ground that this case is in the early stages of discovery.  Additionally, Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion, including with respect to how Plaintiffs maintain the proposed Class(es) satisfy Fed. R. Civ. P. 23 (b)(3).  Bank of America's response herein is based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its response to this request for admission to the extent that Bank of America learns additional information during the course of discovery in this case.  Bank of America further objects to this request for admission to the extent that it purports to impose obligations on Bank of America that are different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, including any obligation to search for information not within the Bank's knowledge or not readily obtainable by the Bank within the meaning of Fed. R. Civ. P. 36(a)(4).

Subject to and without waiving any of these objections, and without prejudice to Bank of America's rights to make or not make arguments in opposition to any motion for certification of this action as a class action, Bank of America responds to this request for admission as follows:

Denied.

### Chase

Chase objects to this Request on the ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Chase denies the Request.

### Citibank

Citibank objects to this Request on the grounds, among others, that:  (i) it seeks a legal conclusion; (ii) ,it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges or any other privilege or immunity; and (iii) it is argumentative.  Without waiving, and subject to, its objections, Citibank responds to this Request as follows: Deny.

### Union Bank

Union Bank objects to this request on the grounds that it is vague and ambiguous, as it is not clear which customers would comprise the class described in the complaint in this matter.  Union Bank objects to this request on the ground that it is premature. Plaintiff has not yet filed a motion for class certification, and Union Bank is therefore unable to discern the arguments that plaintiffs will present in support of their contention that the class satisfies Rule 23.  Union Bank objects to this request on the ground that it calls for a conclusion of law.  At this point in the lawsuit, Union Bank lacks sufficient knowledge or information to respond to this request.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this request for admission as follows:

Denied.

### U.S. Bank

Defendant hereby incorporates its General Objections.  Defendant objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this Request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### <u>Wachovia</u>

Defendant hereby incorporates its General Objections.  Defendant objects to this request to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle.  Defendant further objects to this request to the extent it seeks a legal conclusion.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Denied.

### <u>Wells Fargo</u>

Wells Fargo hereby incorporates each of its General Objections as if set forth verbatim herein.  Wells Fargo further objects that this Request for Admission improperly seeks a pure legal conclusion rather than an admission of a fact and is hence not a proper request for admission.

Subject to and without waiving those objections, Wells Fargo responds: DENIED.

# EXHIBIT C

**Compiled Responses of Defendants to
<u>Plaintiffs' First Set of Interrogatories</u>**

## <u>INTERROGATORY NO. 1</u>:

**Identify all persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit and, for each such person, describe the facts known to that person and identify all documents relating to those facts. Such persons should include but not be limited to all persons who have knowledge of facts you will use in opposing a motion for class certification; who have knowledge of the policies, practices and procedures you employed regarding the manner or sequence in which your customers' transactions are posted to their accounts; and who were employed and/or retained by you in connection with the development, operation, revision and/or maintenance of software used to determine overdrafts and overdraft fees.**

## <u>RESPONSE TO INTERROGATORY NO. 1</u>:

### <u>BofA (Tornes)</u>

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 11 ("Documents"), Definition No. 16 ("Customer"), and Definition No. 19 ("Account"), set forth above. Bank of America also objects to the phrase "development, operation, revision and/or maintenance of software used to determine overdrafts and overdraft fees" as vague and ambiguous and Bank of America does not know what is intended by it.

Bank of America further objects to this interrogatory to the extent that it asks Bank of America to "[i]dentify all persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit and, for each such person, describe the facts known to that person and identify all documents relating to those facts," on the grounds that this request is vague, ambiguous, overbroad, oppressive, unreasonably cumulative and duplicative, unduly burdensome, and purports to impose obligations on Bank of America different than, inconsistent with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, particularly in light of the fact that Bank of America employs thousands of employees, spread out over a wide geographic area.

Bank of America further objects to this interrogatory to the extent it seeks information regarding "all persons who have knowledge of facts [Bank of America] will use in opposing a motion for class certification" on the ground that this request is premature. Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion.

Bank of America further objects to this interrogatory to the extent that it calls for Bank of America to state the complete basis for, and the identity of all persons, information, or

882860.2

documents relating to, any particular allegation or contention, as overbroad, premature, and unduly burdensome on the ground that this case is in the early stages of discovery. Bank of America's responses herein are based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

The following persons, which the Bank has presently identified as part of its ongoing investigation, may have knowledge regarding the claims and/or defenses at issue in this action, including the following relevant types of facts:

A.      The nature and basis for plaintiffs' claims against Bank of America:  Richard Blair; David Brull; Jonathan Bylin; Marco Chelo; Robert Conroy; Joshua Di Frances; Carolyn Gipson; David Hanny; Haneef Haqq; Joi Holloway; Esther James; Stephen James; John Kopp; Anya (Williams) Kopp; Deborah Marshall; Therese Marshall; Jason Molitor; Laura Morland; Bruce Mosley; Maria Mosley; Nelson Norman; Dawyn Palmer; Ronald Palmer; William W. Powell; Jr.; Kristin Richards; Alvin Richardson; Caroline Sherman; Ralph Tomes; Elona Wagner; Kelly Weatherspoon; William Werking; Steve Yourke.

B.      Plaintiffs' deposit account histories with Bank of America, and incidents of overdraft fees from debit card transactions:  Jonathan Kaplan, Mark McCue.

C.      Debit card operations and processes:  Brian Borders, Ricardo Davila, Brenda Sniyth, Stacy Maschhoff.

D.      Overdraft transaction policies and strategy:  Brian Borders, Jeffrey Detlefsen, Mark McCue, Michael Bowman, Nancy Rodriguez-Bell, Holly Hastings.

E.      Policies and data relating to overdraft fees:  Jeffrey P. Detlefsen, Mark McCue.

F.      Ordering and organization of items posted to consumer deposit accounts:  Ricardo Davila, Michelle Calarco Moore, Michael Bowman, Mark McCue.

G.      Procedures, processes, and systems design used in implementing Bank of America's posting order:  Ricardo Davila, Doris Garrett, Brian Borders.

H.      Calculation and display of "available balance" information for deposit account customers:  Ricardo Davila, Jennifer Anthony.

I.      Disclosures, notifications, communications, and other materials relating to posting order, debit card and ATM transactions, authorizations and processing, overdraft transactions,

available account balance, and the assessment and amount of overdraft and other account fees: Joan Eckert, Stacy Maschhoff, Nanelle Napp.

J.     Compliance with and implementation of "best practices" recommendations relating to overdraft protection programs:  Brian Borders, Paige Tucker.

K.     Uncollected or charge-off consumer deposit accounts and collection of unpaid fees:  Deborah L. McQuaid.

L.     Bank of America's software used to determine overdrafts and overdraft fees: Mark McCue, Nancy Rodriguez-Bell.

M.     Bank of America's corporate structure and core business records, general business practices and activities, and general banking operations:  Todd Hammond.

To the extent this interrogatory requests that Bank of America identify all individuals with knowledge regarding the subject matter of this lawsuit and describe each and every fact known by the these individuals, Bank of America will not respond to that part of this interrogatory, pursuant to the Bank's objections set forth above.

Bank of America will also not separately respond to that part of this interrogatory which asks that Bank of America identify persons who have knowledge of facts the Bank will use in opposing a motion for class certification, pursuant to the Bank's objections set forth above.

Finally, Bank of America will not separately respond to that part of this interrogatory which asks that Bank of America identify all documents regarding the subject matter of this lawsuit, pursuant to the Bank's objections to this part of the interrogatory set forth above. Instead, Bank of America would refer plaintiffs to the Bank's responses to plaintiffs' discovery requests for which the Bank will provide documents in response. To the extent plaintiffs ask Bank of America to separately list all such documents in response to this interrogatory, such request is unreasonably cumulative and duplicative, unduly burdensome, and oppressive.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 11 ("Documents"), Definition No. 16 ("Customer"), and Definition No. 19 ("Account"), set forth above.  Bank of America also objects to the phrase "development, operation, revision and/or maintenance of software used to determine overdrafts and overdraft fees" as vague and ambiguous and Bank of America does not know what is intended by it.

Bank of America further objects to this interrogatory to the extent that it asks Bank of America to "[i]dentify all persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit and, for each such person, describe the facts known to that person and identify all documents relating to those facts," on the grounds that this request is vague, ambiguous, overbroad, oppressive, unreasonably cumulative and duplicative, unduly burdensome, and purports to impose obligations on Bank of America different than, inconsistent

- 3 -

with, or in addition to those imposed by the Federal Rules of Civil Procedure or applicable Local Rules, particularly in light of the fact that Bank of America employs thousands of employees, spread out over a wide geographic area.

Bank of America further objects to this interrogatory to the extent it seeks information regarding "all persons who have knowledge of facts [Bank of America] will use in opposing a motion for class certification" on the ground that this request is premature.  Plaintiffs have not filed a motion for certification of this action as a class action, and, thus, have not yet defined or identified the precise scope of the purported class Plaintiffs will seek to have certified, divulged the bases for bringing such a motion, or presented the evidence that supports such a motion.

Bank of America further objects to this interrogatory to the extent that it calls for Bank of America to state the complete basis for, and the identity of all persons, information, or documents relating to, any particular allegation or contention, as overbroad, premature, and unduly burdensome on the ground that this case is in the early stages of discovery.  Bank of America's responses herein are based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

The following persons, which the Bank has presently identified as part of its ongoing investigation, may have knowledge regarding the claims and/or defenses at issue in this action, including the following relevant types of facts:

A.      The nature and basis for plaintiffs' claims against Bank of America:  Richard Blair; David Brull; Jonathan Bylin; Marco Chelo; Robert Conroy; Joshua Di Frances; Carolyn Gipson; David Hanny; Haneef Haqq; Joi Holloway; Esther James; Stephen James; John Kopp; Anya (Williams) Kopp; Deborah Marshall; Therese Marshall; Jason Molitor; Laura Morland; Bruce Mosley; Maria Mosley; Nelson Norman; Dawyn Palmer; Ronald Palmer; William W. Powell; Jr.; Kristin Richards; Alvin Richardson; Caroline Sherman; Ralph Tomes; Elona Wagner; Kelly Weatherspoon; William Werking; Steve Yourke.

B.      Plaintiffs' deposit account histories with Bank of America, and incidents of overdraft fees from debit card transactions:  Jonathan Kaplan, Mark McCue.

C.      Debit card operations and processes:  Brian Borders, Ricardo Davila, Brenda Sniyth, Stacy Maschhoff.

D.      Overdraft transaction policies and strategy:  Brian Borders, Jeffrey Detlefsen, Mark McCue, Michael Bowman, Nancy Rodriguez-Bell, Holly Hastings.

E.     Policies and data relating to overdraft fees:  Jeffrey P. Detlefsen, Mark McCue.

F.     Ordering and organization of items posted to consumer deposit accounts:  Ricardo Davila, Michelle Calarco Moore, Michael Bowman, Mark McCue.

G.     Procedures, processes, and systems design used in implementing Bank of America's posting order:  Ricardo Davila, Doris Garrett, Brian Borders.

H.     Calculation and display of "available balance" information for deposit account customers:  Ricardo Davila, Jennifer Anthony.

I.     Disclosures, notifications, communications, and other materials relating to posting order, debit card and ATM transactions, authorizations and processing, overdraft transactions, available account balance, and the assessment and amount of overdraft and other account fees:  Joan Eckert, Stacy Maschhoff, Nanelle Napp.

J.     Compliance with and implementation of "best practices" recommendations relating to overdraft protection programs:  Brian Borders, Paige Tucker.

K.     Uncollected or charge-off consumer deposit accounts and collection of unpaid fees:  Deborah L. McQuaid.

L.     Bank of America's software used to determine overdrafts and overdraft fees:  Mark McCue, Nancy Rodriguez-Bell.

M.     Bank of America's corporate structure and core business records, general business practices and activities, and general banking operations: Todd Hammond.

To the extent this interrogatory requests that Bank of America identify all individuals with knowledge regarding the subject matter of this lawsuit and describe each and every fact known by the these individuals, Bank of America will not respond to that part of this interrogatory, pursuant to the Bank's objections set forth above.

Bank of America will also not separately respond to that part of this interrogatory which asks that Bank of America identify persons who have knowledge of facts the Bank will use in opposing a motion for class certification, pursuant to the Bank's objections set forth above.

Finally, Bank of America will not separately respond to that part of this interrogatory which asks that Bank of America identify all documents regarding the subject matter of this lawsuit, pursuant to the Bank's objections to this part of the interrogatory set forth above. Instead, Bank of America would refer plaintiffs to the Bank's responses to plaintiffs' discovery requests for which the Bank will provide documents in response.  To the extent plaintiffs ask Bank of America to separately list all such documents in response to this interrogatory, such request is unreasonably cumulative and duplicative, unduly burdensome, and oppressive.

**JP Morgan Chase**

Chase objects to this Interrogatory on the grounds that it is premature, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing general and specific objections, Chase refers Plaintiffs to its Initial Disclosures, served on March 31, 2010. Chase further states that it continues to investigate in good faith the subjects identified in this Interrogatory, and that Chase will identify additional relevant persons, if any, at an appropriate future time.

**Citibank**

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; (iv) it seeks information in which non-parties have a legitimate expectation or right of privacy pursuant to constitution, statute or case law; and (v) it is premature to identify all witnesses in this complex action.  Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows:  Susan Bridge, Luiz Medici, Jay Murthy, John Kirrane, Wayne Malone and Christine Durner have knowledge of the debit card practices at issue in the Complaint.

Many other current and former employees of Citibank also would have knowledge of such practices, which could be duplicative in some respects of the knowledge held by the listed persons.  Citibank reserves the right to identify additional persons in the future.

**Union Bank**

Union Bank objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad, particularly with respect to its request for identification of persons who have knowledge of any facts or circumstances regarding "the subject matter" of this lawsuit. Depending upon how broadly or narrowly the phrase "subject matter" is intended, the interrogatory could be construed as calling for the identification of every Union Bank customer who has ever incurred an overdraft fee; every bank employee who has ever discussed, had involvement with, or been aware of overdraft fees; etc. Union Bank has no practical means of ascertaining how broadly or narrowly plaintiffs intend the term "subject matter" to be construed.

Union Bank objects to that portion of this interrogatory which asks it to describe the facts known to each person identified in this response, or the facts known to each such person which relate to "the subject matter of this lawsuit." Such a request is unduly burdensome and oppressive as it would require Union Bank to describe all facts known by each such person which relate in any way to "overdrafts" or whatever other subject matter( s) plaintiffs intend to fall within the "subject matter" of this lawsuit.

Notwithstanding its objections, Union Bank will generally describe, for each person identified in its response, the area or areas in which that person has knowledge which appears relevant to the parties' claims and defenses in this lawsuit.

Union Bank further objects to the portion of this interrogatory which requests that it identify all documents "relating to" the facts known to these persons on the grounds that such a request is vague, ambiguous, unduly burdensome and oppressive. Responding to this portion of the interrogatory would essentially require Union Bank to identify, in its response, every

- 6 -

882860.2

document created or maintained by the Bank on or after January 1,2002, which could be construed as "relating to" overdrafts or the "subject matter" of this lawsuit.  Union Bank declines to do so. However, documents and information which are responsive to more narrowly-drafted requests, and which relate to the parties' claims and defenses in this lawsuit, will be produced by Union Bank.

Union Bank objects to this interrogatory to the extent that it requests identification of persons with knowledge of facts Union Bank "will use" in opposing a motion for class certification. No such motion has been filed as of the date of this response. Union Bank does not know what facts or arguments plaintiffs will present in support of a motion for class certification: therefore, it cannot reasonably determine what facts might be presented in opposition to such a motion. Union Bank objects to this portion of the interrogatory on the ground that disclosure of this information would violate the work product doctrine.  Union Bank will not respond to this portion of the interrogatory.

Union Bank objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive in seeking the identification of all persons who were employed or retained in connection with the "development, operation, revision and/or maintenance" of software which is "used to determine" overdrafts and overdraft fees. This aspect of the interrogatory is exceptionally and unreasonably broad; it could be construed to require the identification of all persons who have ever used and had any involvement with the bank's systems which maintain and process data relating to customer accounts and the overdraft fees assessed on some accounts. Few such individuals would appear to have any relevant information pertaining to the manner and timing by which debits or transactions are authorized, items are posted, or overdraft fees are assessed, which issues appear to be the focus of plaintiffs' claims in this lawsuit.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

Tom Coleman. Mr. Coleman is a current employee of Union Bank and may be contacted through Union Bank's counsel. Mr. Coleman is a bank officer (Senior Vice President/e-Commerce Retail Technology Group Manager). Mr. Coleman has knowledge of Union Bank's policies and procedures regarding deposit account transactions including, but not limited to, the authorization, sorting and posting of deposit account transactions and the systems used within Union Bank with respect to the same.

Joann Fristo. Ms. Fristo is a current employee of Union Bank and may be contacted through counsel for Union Bank. Ms. Fristo has knowledge of Union Bank's current posting of deposit account transactions.

Richard Hartnack. Mr. Hartnack was the Vice Chairman of the Retail Bank Group for Union Bank. Mr. Hartnack is believed to reside in Minnesota, address and telephone number unknown. Mr. Hartnack is a bank officer and is believed to be currently employed by U.S. Bancorp located in Minnesota. Mr. Hartnack has knowledge of Union Bank's decision in 2004 to

882860.2

begin posting items from highest to lowest dollar amount. Mr. Hartnack also has knowledge of various other actual and contemplated changes to Union Bank's overdraft policies.

Gretta Ryan. Ms. Ryan is a current employee of Union Bank and may be contacted through counsel for Union Bank. Ms. Ryan has knowledge of Union Bank's decision in 2004 to begin posting items from highest to lowest amount.

Harsh Sangani. Mr. Sangani is a current employee of Union Bank and may be contacted through Union Bank's counsel. Mr. Sangani is a bank officer (Senior Vice President/Financial Manager-Business Intelligence Analytics). Mr. Sangani has knowledge of the management and retention of deposit account banking data, and the systems within Union Bank which are used for the same.

Rawa Shamroukh is a current employee of Union Bank and may be contacted through counsel for Union Bank. Ms. Shamroukh has knowledge of the procedures followed by Union Bank in authorizing debit card and/or A TM transactions initiated by bank customers.

Robert Weber. Mr. Weber is a bank officer (Senior Vice President of Union Bank). Mr. Weber is a current employee of Union Bank and may be contacted through counsel for Union Bank. Mr. Weber has knowledge of Union Bank's decision in 2004 to begin posting items from highest to lowest dollar amount. Mr. Weber also has knowledge of various other actual and contemplated changes to Union Bank's overdraft policies. Mr. Weber also has knowledge of Union Bank's policies and procedures for deposit account transactions, its disclosures regarding deposit account transactions, and its notifications to customers and communications with customers regarding deposit account transactions.

In addition, the following individuals are all current or former employees of Union Bank who have knowledge of either Union Bank's decision in 2003 to begin posting items in demand account transactions from highest to lowest amount, and/or Union Bank's current practices regarding posting items in customers' demand deposit accounts and/or the charging of NSF fees: Jessica Anderson, Darcy Bass, Rosemary Braun, Bill Christensen, Judy Corwin, Steve Glaser, Charles HaegeL Julie Kohanamoku, Robin Lambert, Ralph Lindsay, David Matson, Dave Mattox, Mark Migliaccio, Evelyn Miller, Linda Odenath, Charles Pederson, Kevin Vorwerk, Mary Walden, Laura Walsh and Mark Woods.

George Braunegg, Brian Shniderman, Glenn Teshirogi, Jack Leach, J Black are or were employees of CAST Management Consultants, Inc., who provided consulting services to Union Bank regarding its decision to begin posting items from highest to lowest dollar amount. Brad Nickum, Mark Clayback are employees of Earnings Performance Group.

In addition to the individuals listed above, there are numerous Union Bank current and former employees who have worked on various aspects of posting items to customers' demand deposit accounts, charging and/or waiving NSF fees, and the computer systems used in posting these transactions. Pursuant to Federal Rule of Civil Procedure 33(d), upon agreement by the parties of an ESI protocol for this action and the entry by the court of an adequate protective order, Union Bank will produce business records and e-discovery to plaintiffs which will contain the names of additional bank employees involved in this area.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that the phrases "all persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory to the extent it seeks information concerning "all persons who have knowledge" or the identification of "all documents relating to those facts" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Interrogatory unduly burdensome. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its objections, Defendant responds that the principal persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit are:

- Donna Fletcher, U.S. Bank, has information regarding U.S. Bank's systems architecture in connection with posting of transactions to deposit accounts.

- Todd Loudenslager, U.S. Bank, has information regarding U.S. Bank policies and procedures in connection with deposit accounts.

- Eric Stables, a former employee of U.S. Bank, has information regarding U.S. Bank policies and procedures in connection with deposit accounts.

- Brent Farka, U.S. Bank, has information regarding U.S. Bank policies and procedures in connection with deposit accounts.

- Betsy Wellenstein, U.S. Bank, has information regarding U.S. Bank's systems for storing and analyzing individual account information.

- Named plaintiff April Speers has information regarding the subject matter of this lawsuit.

- Named plaintiffs Willyum Waters and Frank Smith have information regarding the subject matter of this lawsuit.

- Named plaintiffs Shane Parkins and Kara Parkins have information regarding the subject matter of this lawsuit.

- Named plaintiffs Steven Barnes and Carolyn Barnes have information regarding the subject matter of this lawsuit.

- 9 -

- Named plaintiff Glenda Lawrence has information regarding the subject matter of this lawsuit.

- Named plaintiff Susan Ledbetter has information regarding the subject matter of this lawsuit.

- Named plaintiff Donald Kimenker has information regarding the subject matter of this lawsuit.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this interrogatory as overbroad and unduly  burdensome. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the ground that the phrases "all persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit" renders it vague, ambiguous, and unduly burdensome. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory to the extent it seeks information concerning "all persons who have knowledge" or the identification of "all documents relating to those facts" on the ground that it is overly broad and the effort required to respond to it is so great as to render the interrogatory unduly burdensome. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds that the principal persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit are:

- Brad Arrowood has information regarding Wachovia policies and procedures in connection with the posting of transactions and overdraft fee charges to deposit accounts.

- Bill Carey has information regarding Wachovia policies and procedures in connection with the posting of transactions and overdraft fee charges to deposit accounts.

- Tommy Greenway has information regarding Wachovia's automated procedures in connection with the posting of transactions.

- Bob Grignon has information regarding Wachovia policies and procedures in connection with overdraft tolerance and overdraft fee charges to deposit accounts.

- Mark Lentz has information regarding Wachovia policies and procedures in connection with systems and data analysis related to deposit accounts.

- Karen Moore has information regarding Wachovia policies and procedures in connection with the posting of transactions.

- Laura Sturmer has information regarding retrieval of electronic data showing customer account activity.

- Jeanine Tabaczynski has information regarding Wachovia policies and procedures in connection with the posting of debit card transactions and overdraft fee charges to deposit accounts.

- Ken Zimmerman has information regarding Wachovia policies and procedures in connection with the posting with the posting of transactions.

- Named plaintiff Celia Spears-Haymond has information regarding the subject matter of this lawsuit.

- Named plaintiff Melanie Garcia has information regarding the subject matter of this lawsuit.

- Named plaintiff Anthony Scott Poulin has information regarding the subject matter of this lawsuit.

- Named plaintiff Treshala L. Rose has information regarding the subject matter of this lawsuit.

- Named plaintiff Frances Knight Triggs Pinckney has information regarding the subject matter of this lawsuit.

- Named plaintiff Charles Jones has information regarding the subject matter of this lawsuit.

- Named plaintiff Betty Jones has information regarding the subject matter of this lawsuit.

- Named plaintiff Angela Gonzalez has information regarding the subject matter of this lawsuit.

- Named plaintiff Robert Thornton has information regarding the subject matter of this lawsuit.

**<u>Wells Fargo</u>**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. The Bank further objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it is not limited to persons with material knowledge of relevant facts or circumstances and insofar as it purports to require a description of all "facts" known by each person. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and

- 11 -

882860.2

logically independent questions. Wells Fargo further objects that this interrogatory is extremely overbroad, unduly burdensome, and hopelessly compound to the extent that it further requests identification of all documents relating to all facts known to all persons with knowledge of the subject matter of this case – a completely unbounded request for "identification" of thousands of documents. Wells Fargo will not identify documents in response to this interrogatory but instead refers plaintiffs to the documents it has produced, and will produce, in response to plaintiffs Request for Production of Documents.

Subject to and without waiving the foregoing objections, Wells Fargo responds that the following persons may have material knowledge of the subject matters identified:

1. **John Ahrendt**, Senior Vice President – Marketing Database Decision Support Strategies Manager – Internet Services. Subject: Consumer online banking data management and retention.

2. **Leslie Altick**, former Executive Vice President – Consumer Deposit Group. Subject: Policies and practices associated with deposit accounts.

3. **Dawn Avrech**, Technology Manager – Information Services. Subject: Systems architecture in connection with authorization of deposit account transactions.

4. **Les Biller**, former Chief Operating Officer. Subject: Policies and practices associated with deposit accounts.

5. **Debra Chacon**, Systems Architect – Information Services. Subject: Systems architecture in connection with authorization, sorting, and posting of deposit account transactions.

6. **Steven DesMarteau**, Chief Systems Architect – Information Services. Subject: Systems architecture in connection with authorization, sorting, and posting of deposit account transactions.

7. **Steven Gilbert**, Vice President, Consumer Deposits Group. Subject: Policies and practices associated with the posting of transactions to deposit accounts.

8. **Julie Gray**, Senior Vice President – Manager of Corporate Compliance – Consumer Deposits Group. Subject: Customer complaints in connection with deposit accounts; Wells Fargo's corporate structure; regulatory compliance issues.

9. **Mary Ann Hall**, Associate Vice President, Print and Electronic Media – Consumer Deposit Group. Subject: Disclosures and other customer communications in connection with deposit accounts.

10. **Scott Hedberg**, Enterprise Management Strategies Group. Subject: Policies and practices associated with the posting of transactions to deposit accounts.

- 12 -

11.     **Edward M. Kadletz**, Executive Vice President – Debit Card Services. Subjects: Debit-card policies and procedures; data management associated with debit-card account transaction activity; debit-card risk management.

12.     **Mark D. Lentz**, Senior Vice President, Strategic Analysis and Tracking – Consumer Deposit Group. Subject: Systems and data analysis relating to deposit accounts.

13.     **Karen Moore**, Senior Vice President – Marketing Manager, Consumer Deposit Group. Subject: Policies and practices associated with the posting of transactions to deposit accounts.

14.     **Gary Pearcy**, Senior Vice President, Debit Card Operations Manager –Debit Card. Subject: Authorization and settlement procedures for debit-card transactions.

15.     **Robin Raber-Luna**, Senior Vice President, Customer Experience Management – Consumer Deposit Group. Subject: Disclosures and other customer communications in connection with deposit accounts.

16.     **Rich Routh**, Technology Area Manager – Information Services. Subject: Systems architecture in connection with authorization, sorting, and posting of deposit account transactions.

17.     **Karl Willard**, Information Services. Subject: Systems architecture in connection with authorization, sorting, and posting of deposit account transactions.

18.     **Paul Williamson**, Technology Manager – Information Services. Subject: Systems architecture in connection with settlement of deposit account transactions.

19.     **Brenda Yost**, Senior Vice President, Debit Card Marketing – Debit Card. Subject: Marketing communications in connection with debit cards.

20.     **Ken Zimmerman**, Executive Vice President – Consumer Deposit Group. Subject: Policies and practices associated with the posting of transactions to deposit accounts.

21.     **Dolores Gutierrez**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

22.     **Karen Wickman**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

23.     **Edward Wickman**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

24.     **Michael Dehn**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

25.     **Marc Martinez**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

- 13 -

26.     **Ivy Graham**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

27.     **Alex Zankich**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

28.     **William Rucker**, Plaintiff. Subject: Issues relating to plaintiffs' consumer checking account and transactions on that account.

Each of the individuals identified in Nos. 1-19 above can be contacted through counsel for Wells Fargo.


**INTERROGATORY NO. 2:**

**Identify each overdraft fee you assessed against an account held by each Plaintiff named in the Complaint(s) and, for each such fee, identify each item that was the basis for the overdraft fee and state all facts that show the basis on which the account was deemed to have been subject to an overdraft fee.**

**RESPONSE TO INTERROGATORY NO. 2:**

**BofA (Tornes)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"). Definition No. 18 ("Item"), Definition No. 19 ("Account"), and Definition No. 23 ("Plaintiffs' account") set forth above. Bank of America further objects to the phrase "state all the facts that show the basis on which the account was deemed to have been subject to an overdraft fee" as vague and ambiguous and Bank of America does not know what is intended by it.

Bank of America objects to this interrogatory to the extent that it asks Bank of America to state the complete basis for, and "all the facts that show the basis on which," all overdraft fees assessed against each and every named plaintiff in this action, as overbroad, unduly burdensome, and oppressive on the grounds that this case is in the early stages of discovery, that the discovery requested is beyond the scope of the claims and defenses in this action and is unlikely to lead to discovery of information relevant to this action, which plaintiffs describe as a class action of Bank of America customers in the United States who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest" (*see, e.g.*, *Tornes* Third Am. Consolidated Class Action Compl. [Dkt. # 344] ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34), and that the discovery requested will require searching through archived and not readily accessible ESI records, resulting in substantial expenditures of time and expense. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has compiled summaries from existing and reasonably accessible business records and data stored within its electronic data warehouse, known as "the W", that identify overdraft fees assessed against each named Plaintiff in the Complaint(s), and the transactions and other information that led to the assessment of such fees, to the extent this information exists and is available, for the time period 2008 to 2010. These summaries also contain additional account specific and/or transaction level information relevant to each named Plaintiff. Bank of America is diligently preparing these summaries, and, in light of the breath of this interrogatory, the number of plaintiffs named in the Complaint(s), and the additional burdens and delays involved in investigation and accessing archived historical account data, Bank of America intends to produce them on or around July 1, 2010.  Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summaries if needed, as its investigation continues, and consistent with applicable rules.

### BofA (Yourke)

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant").  Definition No. 18 ("Item"), Definition No. 19 ("Account"), and Definition No. 23 ("Plaintiffs' account") set forth above. Bank of America further objects to the phrase "state all the facts that show the basis on which the account was deemed to have been subject to an overdraft fee" as vague and ambiguous and Bank of America does not know what is intended by it.

Bank of America objects to this interrogatory to the extent that it asks Bank of America to state the complete basis for, and "all the facts that show the basis on which," all overdraft fees assessed against each and every named plaintiff in this action, as overbroad, unduly burdensome, and oppressive on the grounds that this case is in the early stages of discovery, that the discovery requested is beyond the scope of the claims and defenses in this action and is unlikely to lead to discovery of information relevant to this action, which plaintiffs describe as a class action of Bank of America customers in the United States who "incurred an overdraft fee as a result of Bank of America's practice of re-sequencing debit card transactions from highest to lowest" (*see, e.g.*, *Tomes* Third Am. Consolidated Class Action Compl. [Dkt. # 344] ¶ 38; *Yourke* Am. Class Action Compl. [Dkt. # 345] ¶ 34), and that the discovery requested will require searching through archived and not readily accessible ESI records, resulting in substantial expenditures of time and expense.  Discovery and investigation are ongoing and Bank of America reserves the

- 15 -

right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has compiled summaries from existing and reasonably accessible business records and data stored within its electronic data warehouse, known as "the W", that identify overdraft fees assessed against each named Plaintiff in the Complaint(s), and the transactions and other information that led to the assessment of such fees, to the extent this information exists and is available, for the time period 2008 to 2010. These summaries also contain additional account specific and/or transaction level information relevant to each named Plaintiff. Bank of America is diligently preparing these summaries, and, in light of the breath of this interrogatory, the number of plaintiffs named in the Complaint(s), and the additional burdens and delays involved in investigation and accessing archived historical account data, Bank of America intends to produce them on or around July 1, 2010.  Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summaries if needed, as its investigation continues, and consistent with applicable rules.

### JP Morgan Chase

Chase objects to this Interrogatory on the grounds that it is vague and ambiguous, including to the phrases "basis for the overdraft fee" and "basis on which the account was deemed to have been subject to an overdraft fee."

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to periodic account statements that Chase has already produced [MDL_CH_1838 to MDL_CH_2910] for those named Plaintiffs with respect to whom Chase has not moved to compel arbitration (see note 1, supra), which identify each overdraft fee assessed and the items on which the fees were based. Chase further refers to additional responsive documents that it agrees to produce reflecting reasonably available information concerning the transactional history of each of the named Plaintiffs against whom Chase has answered. See also Chase's Responses to RFPs 7, 8. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it purports to require Citibank to prepare compilations, abstracts or

summaries of documents that Citibank has produced or will produce in this action; and (iii) it is unintelligible to the extent that it seeks information that relates to anyone other than Amrhein.

Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows:  Citibank produced Amrhein's account statements on March 31, 2010, Bates numbered MDL-CB-00002664 and MDL-CB-00002667.  *See also* Exhibit A to the July 6,2009 Declaration of Luiz Medici submitted on December 22,2009, in support of Citibank's Renewed, Independent Motion to Dismiss the Third Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(I) and 12(b)(6), and the unredacted copy of Exhibit A provided to Lead Counsel on December 30, 2009.

**<u>Union Bank</u>**

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous, particularly with respect to its request for identification of each item "that was the basis for the overdraft fee" and its request for facts showing "the basis on which" the account was deemed to have been subject to such a fee. In all cases "the basis on which" the account was  charged an overdraft fee was that the customer's account had insufficient funds to pay an item when that item was processed.

Union Bank objects to this interrogatory to the extent that it seeks information pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, and Union Bank declines to provide information relating to overdraft fees assessed plaintiffs prior to that date.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows: Union Bank responds that pursuant to Federal Rule of Civil Procedure 33( d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information or "ESI") of both Union Bank and plaintiff: and that the burden of deriving or ascertaining the answer will be substantially the same for either party. Some of the information required to answer this interrogatory may be compiled from plaintiffs' account statements which plaintiffs previously received from Union Bank outside this litigation in the normal course of business and which Union Bank has produced for the relevant time period in response to plaintiffs' requests for production of documents. To the extent the answer to this interrogatory may be compiled from other sources including electronically stored information, Union Bank objects to producing information which must be extracted from ESI which is not reasonably accessible because of undue burden or cost. (FRCP, Rule 26(b)(2)(B).) Union Bank is meeting and conferring with plaintiffs to discuss and agree upon appropriate protocols for searching and production of ESI, as specifically contemplated and required under the Federal Rules of Civil Procedure. Only after ESI protocols are agreed upon will Union Bank be able to amend this response to identify further documents from which the answer to this interrogatory may be derived.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this Interrogatory as compound. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks information concerning "all facts" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Interrogatory unduly burdensome. Defendant further objects on the ground that the phrase "each item that was the basis for the overdraft" renders the Interrogatory vague and ambiguous. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Overdraft fees were assessed because Plaintiffs overdrew their accounts by withdrawing more funds than they had in their accounts and available to be withdrawn on those days. Pursuant to Federal Rule of Civil Procedure Rule 33(d), U.S. Bank refers Plaintiffs to documents previously produced (MDL-USB-00001 to MDL-USB-00525) and documents that will be produced in this litigation after agreement on document production protocols (Bates numbers to be provided following production).

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects to this interrogatory as compound. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory to the extent it seeks information concerning "all facts" on the ground that it is overly broad and the effort required to respond to it is so great as to render the interrogatory unduly burdensome. Defendant further objects on the ground that the phrase "each item that was the basis for the overdraft" renders the interrogatory vague and ambiguous. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Overdraft fees were assessed because plaintiffs overdrew their accounts by withdrawing more total funds than they had in their accounts on those days. Pursuant to Federal Rule of Civil Procedure Rule 33(d), Wachovia refers plaintiffs to documents previously produced (MDL-

882860.2

WAC-00174 to MDL-WAC-01749) and documents that will be produced in this litigation (Bates numbers to be provided following production).

**Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it purports to require a statement of all "facts" at issue. Wells Fargo further objects to the extent this request seeks individualized information about plaintiff Ivy Graham, who has not been sufficiently identified by plaintiffs (through account numbers or otherwise) so as to allow Wells Fargo to identify her. Subject to and without waiving those objections, and to the extent that data is available, Wells Fargo responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Wells Fargo refers plaintiffs to the following documents:

Dolores Gutierrez: Bates Nos. MDL-WF-000001-360; MDL-WF-004026-4130 ; MDL-WF-004619-4628.

Karen and Edward Wickman: Bates Nos. MDL-WF-000001-360; MDL-WF-004190-4615; MDL-WF-004631-4958.

Michael Dehn: MDL-WF-000001-360; Bates Nos. MDL-WF-004959-5399.

Marc Martinez: Bates Nos. MDL-WF-000001-360; MDL-WF-004131-4189 ; MDL-WF-005403-5424.

Alex Zankich: Bates Nos. MDL-WF-000001-360; MDL-WF-003119-3633; MDL-WF-005425-5510.

William Rucker: Bates Nos. MDL-WF-000001-360; MDL-WF-003119-4025; MDL-WF-005425-5524.

This response will be supplemented to identify the remaining pertinent documents as they are produced in these cases.

**INTERROGATORY NO. 3:**

**For each item identified in response to Interrogatory No. 2 as the basis for an overdraft fee, state:  (a) the date and time you authorized the item; (b) the date and time you received the item; and (c) the date and time the item was debited from the account.**

882860.2

**RESPONSE TO INTERROGATORY NO. 3:**

    **BofA (Tornes)**

    Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 18 ("Item"), Definition No. 19 ("Account"), Definition No. 20 ("Authorized"), Definition No. 21 ("Received"), and Definition No. 23 ("Plaintiffs' account") as well as its objections to Interrogatory No. 2, set forth above.  Bank of America further objects to the term "debited from" as vague and ambiguous, and Bank of America does not understand what is meant by it.  In responding to subpart (c) of this interrogatory and for no other purpose, Bank of America construes "debited from" to mean "posted to."

    Bank of America objects to this interrogatory to the extent that it asks Bank of America to state "all the facts that show the basis on which" all overdraft fees were assessed against each and every named plaintiff in this action, as overbroad, unduly burdensome, and oppressive on the grounds that this case is in the early stages of discovery, and that the discovery requested will require searching through archived and not readily accessible ESI records, resulting in substantial expenditures of time and expense.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

    Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

    Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

    Pursuant to Fed. R. Civ. P. 33(d), Bank of America has compiled summaries from existing and reasonably accessible business records and data stored within its electronic data warehouse, known as "the W", that indicate the date and time the debit card transactions identified in Interrogatory No. 2 were authorized, and the date such transactions were posted to the Plaintiffs' accounts, to the extent this information exists and is available, for the period 2008 to 2010. These summaries also contain additional account specific and/or transaction level information relevant to each named Plaintiff.

    Bank of America is diligently preparing these summaries, and, in light of the breath of this interrogatory, the number of plaintiffs named in the Complaint(s), and the additional burdens and delays involved in investigation and accessing archived historical account data, Bank of America intends to produce them on or around July 1, 2010.  Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional

882860.2

information responsive to this interrogatory, and will supplement its summaries if needed, as its investigation continues, and consistent with applicable rules.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 18 ("Item"), Definition No. 19 ("Account"), Definition No. 20 ("Authorized"), Definition No. 21 ("Received"), and Definition No. 23 ("Plaintiffs' account") as well as its objections to Interrogatory No. 2, set forth above.

Bank of America further objects to the term "debited from" as vague and ambiguous, and Bank of America does not understand what is meant by it. In responding to subpart (c) of this interrogatory and for no other purpose, Bank of America construes "debited from" to mean "posted to."

Bank of America objects to this interrogatory to the extent that it asks Bank of America to state "all the facts that show the basis on which" all overdraft fees were assessed against each and every named plaintiff in this action, as overbroad, unduly burdensome, and oppressive on the grounds that this case is in the early stages of discovery, and that the discovery requested will require searching through archived and not readily accessible ESI records, resulting in substantial expenditures of time and expense. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has compiled summaries from existing and reasonably accessible business records and data stored within its electronic data warehouse, known as "the W", that indicate the date and time the debit card transactions identified in Interrogatory No. 2 were authorized, and the date such transactions were posted to the Plaintiffs' accounts, to the extent this information exists and is available, for the period 2008 to 2010. These summaries also contain additional account specific and/or transaction level information relevant to each named Plaintiff.

Bank of America is diligently preparing these summaries, and, in light of the breath of this interrogatory, the number of plaintiffs named in the Complaint(s), and the additional burdens and delays involved in investigation and accessing archived historical account data, Bank of America intends to produce them on or around July 1, 2010. Further, Bank of America is

882860.2

diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summaries if needed, as its investigation continues, and consistent with applicable rules.

### JP Morgan Chase

Chase objects to this Interrogatory on the grounds that it is vague and ambiguous, including the phrase "the basis for an overdraft fee."

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to documents that it agrees to produce reflecting reasonably available information concerning the transactional history of each of the named Plaintiffs against whom Chase has answered. See also Chase's Response to RFP 7. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; (iv) it purports to require Citibank to prepare compilations, abstracts or summaries of documents that Citibank has produced or will produce in this action; and (v) it is unintelligible to the extent that it seeks information that relates to anyone other than Amrhein. Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows: Citibank produced Amrhein's account statements on March 31, 2010, Bates numbered MDL-CB-00002664 and MDL-CB-00002667. *See also* Exhibit A to the Declaration of Luiz Medici in support of Citibank's Renewed, Independent Motion to Dismiss the Third Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), executed on July 6, 2009, and the unredacted copy of Exhibit A provided to Lead Counsel on December 30,2009. These documents reflect the time that the transactions at issue were authorized and the corresponding balance hold placed on Amrhein's account, as well as the dates that the full transaction amounts were debited from Amrhein's account.

### Union Bank

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous, particularly with respect to its request for information concerning the date and time when items were "authorized," "received" and "debited from the account." Information concerning transactions initiated by the customer is received by Union Bank at various times and in various manners, depending upon the nature of the transaction and the actions of the merchant, among other factors. Regardless of when a transaction is initiated by the customer or an item is "authorized" by Union Bank, Union Bank only processes and pays items when they are presented to the bank for payment. Further, Union Bank only processes and pays items once per day, after the close of banking hours. It is only at that time that Union Bank posts an item to the customer's account and withdraws funds from that account ("debits" the account to pay the item) and only at that time that the account becomes overdrawn and an overdraft fee is assessed.

Certain of the information which plaintiffs seem to be seeking in this interrogatory cannot be provided for some of the items which were requested in Interrogatory No. 2.

Union Bank objects to this interrogatory to the extent that it seeks information pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, and Union Bank declines to provide information relating to overdraft fees assessed prior to that date.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank: responds to this interrogatory as follows: Union Bank responds that pursuant to Federal Rule of Civil Procedure 33( d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the business records (including electronically stored information or "ESI") of both Union Bank and plaintiff, and that the burden of deriving or ascertaining the answer will be substantially the same for either party. Some of the information required to answer this interrogatory may be compiled from plaintiffs' account statements which plaintiffs previously received from Union Bank: outside this litigation in the normal course of business and which Union Bank has produced for the relevant time period in response to plaintiffs' requests for production of documents. To the extent the answer to this interrogatory may be compiled from other sources including electronically stored information, Union Bank objects to producing information which must be extracted from ESI which is not reasonably accessible because of undue burden or cost. (FRCP, Rule 26(b)(2)(B ).) Union Bank is meeting and conferring with plaintiffs to discuss and agree upon appropriate protocols for searching and production of ESI, as specifically contemplated and required under the Federal Rules of Civil Procedure. Only after ESI protocols are agreed upon will Union Bank be able to amend this response to identify further documents from which the answer to this interrogatory may be derived.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the term "received" renders the Interrogatory vague and ambiguous. Defendant further objects that the term "authorized" is inapplicable to many transactions and therefore renders the Interrogatory vague and ambiguous in respect to such transactions.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), U.S. Bank refers Plaintiffs to documents that will be produced in this litigation after agreement on document production protocols (Bates numbers to be provided following production).

- 23 -

882860.2

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the terms "authorized" and "received" render the interrogatory vague and ambiguous.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), Wachovia refers plaintiffs to documents that will be produced in this litigation (Bates numbers to be provided following production).

### Wells Fargo

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo objects to this interrogatory on the ground that the "date and time you authorized the item" incorrectly assumes that all debit-card transactions are authorized. Wells Fargo further objects to plaintiffs' misleading use of the term "received," which plaintiffs have defined as part of the authorization process, but which is defined in the Consumer Account Agreement as part of the settlement process. Wells Fargo further objects in that the interrogatory is unintelligible with respect to transactions that are not "authorized." Wells Fargo further objects to the extent this request seeks individualized information about plaintiff Ivy Graham, who has not been sufficiently identified by plaintiffs (through account numbers or otherwise) so as to allow Wells Fargo to identify her. Subject to and without waiving those objections, and to the extent that data is available, Wells Fargo responds as follows:

**A.     *Date and Time the Transactions Were "Authorized"***

Pursuant to Fed. R. Civ. P. 33(d), Wells Fargo refers plaintiffs to the following documents:

Dolores Gutierrez: Bates Nos. MDL-WF-004026-4130 ; MDL-WF-004619-4628.

Karen and Edward Wickman: Bates Nos. MDL-WF-004190-4615; MDL-WF-004631-4958.

Michael Dehn: Bates Nos. MDL-WF-004959-5399.

Marc Martinez: Bates Nos. MDL-WF-004131-4189 ; MDL-WF-005403-5424.

Alex Zankich: Bates Nos. MDL-WF-003119-3633; MDL-WF-005425-5510.

- 24 -

William Rucker: Bates Nos. MDL-WF-003119-4025; MDL-WF-005425-5524.

This response will be supplemented to identify the remaining pertinent documents as they are produced in these cases.

**B.**      *Date and Time the Transactions Were Received and Debited*

During the course of each business day, the Bank receives dozens of batch settlement files from multiple sources, including third-party processors, POS and ATM networks, other banks that are paying (or requesting payment of) checks, and entities submitting ACH payment requests and payments. Each batch file contains the full settlement files for an accumulated collection of transactions from that source for Wells Fargo customers. Wells Fargo does not maintain records of the specific time that a settlement file for any particular transaction is received.

Wells Fargo typically posts the transactions contained in these batch files to its customers' accounts on the same business day that it receives them during batch processing, but the Bank does not maintain records of the specific time that a particular transaction posts. Batch processing involves the matching and posting of the various transactions in the multiple batch files to customer accounts, which generally occurs during the late night or early morning hours after the batch files are received.

Wells Fargo debited the transactions at issue from plaintiffs' accounts during the batch posting session that began on the day each transaction posted, as shown by the documents identified in Wells Fargo's Responses to Interrogatory Nos. 2 and 3. Because the late-night batch processing sessions often carry over into the early morning hours, the actual posting of a particular transaction would have occurred either late in the evening on the post date or early in the morning of the day following the post date.

**INTERROGATORY NO. 4:**

**For the period 1998 to the present, describe with particularity all policies, practices and procedures you used to determine the sequence in which items are posted to customers' accounts, including the dates any policies, practices or procedures were changed and the reason for such changes, and identify all persons with knowledge of the creation, implementation, modification, of such policies, practices and procedures.**

**RESPONSE TO INTERROGATORY NO. 4:**

**BofA (Tornes)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 18 ("Item"), and Definition No. 19 ("Account"), as well as its objections to Interrogatory No. 1, set forth above.  Bank of America further objects to the phrase

882860.2

"describe with particularity" on the grounds that it is unduly burdensome, vague, and ambiguous and Bank of America does not know what is intended by it.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory as cumulative of other interrogatories. to the extent that it asks Bank of America to restate its posting order and/or overdraft fee related policies, practices, and procedures.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a compilation and summary from its business records, for the time period January 1998 to the present, identifying the Bank's posting order policies applicable to consumer deposit accounts for which a debit card was issued, and the changes to such policies, if any.  Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This summary and compilation, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.  Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

In response to that part of the interrogatory asking Bank of America to identify all persons with knowledge relating to the Bank's posting order policies, practices, and procedures from 1998 to the present, the Bank refers plaintiffs to its response to Interrogatory No. 1.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 18 ("Item"), and Definition No. 19 ("Account"), as well as its

- 26 -

objections to Interrogatory No. 1, set forth above. Bank of America further objects to the phrase "describe with particularity" on the grounds that it is unduly burdensome, vague, and ambiguous and Bank of America does not know what is intended by it.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory as cumulative of other interrogatories. to the extent that it asks Bank of America to restate its posting order and/or overdraft fee related policies, practices, and procedures.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a compilation and summary from its business records, for the time period January 1998 to the present, identifying the Bank's posting order policies applicable to consumer deposit accounts for which a debit card was issued, and the changes to such policies, if any. Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This summary and compilation, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

In response to that part of the interrogatory asking Bank of America to identify all persons with knowledge relating to the Bank's posting order policies, practices, and procedures from 1998 to the present, the Bank refers plaintiffs to its response to Interrogatory No. 1.

**JP Morgan Chase**

Chase objects to the timeframe of the Interrogatory in that the request for information dating to 1998 is overly broad, unduly burdensome, and seeks information that is irrelevant to

any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence, and falls outside of applicable statutes of limitations.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the posting of electronic debit card transactions to customer accounts. See also Chase's Responses to RRPs 9, 10, 11, 13, 22, 24, 38, 39, 40, 41, 49, 50, 51, 53, 54. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; (iv) it purports to require Citibank to prepare compilations, abstracts or summaries of documents that Citibank has produced or will produce in this action; and (v) it seeks confidential, proprietary business information that belongs to Citibank.  Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows: See Citibank's Responses to Interrogatories Nos. 9 and 10, below.

### Union Bank

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous. unduly burdensome and oppressive, particularly with respect to its request that policies. practices and procedures be described "with particularity" and its request for identification of persons with knowledge of the "creation, implementation [and] modification" of such policies, practices and procedures.

As drafted, this could be construed as requiring Union Bank to identify all persons with knowledge of the processing of items on every customer's account on any day. Persons who were involved in considering the posting order and implementing the procedures described in this response are identified elsewhere in these interrogatory responses.

Union Bank objects to this interrogatory to the extent that it seeks information pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such information is not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections. Union Bank will respond to this interrogatory with respect to information prior to July 16,2005.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted. Union Bank responds to this interrogatory as follows:

Currently, and since early 2004, Union Bank posts items to its customers' accounts only on banking days, as defined in Regulation CC enacted by the Federal Reserve Board, 12 C.P.R. §229.2(g). On those banking days when it posts items, Union Bank processes items only once per day. after the close of banking hours (typically between 10:00 p.m. and 1 :00 a.m. the

following morning). At that time, Union Bank processes all items which have been presented for payment by the Bank and all other pending items; this process is referred to in the banking industry as "batch processing."

In batch processing items, Union Bank first applies any credits to the customer's account including, for example, deposits made to the customer's account during banking hours. Union Bank applies such credits first irrespective of whether the deposit was made or other credit transaction occurred before or after other transactions which will result in debits to the customer's account.

After applying any credits to the customer's account, Union Bank then processes debits to the account. Union Bank first processes "legal items," which includes fees charged to the account, garnishments, returned deposited items, and other non-customer initiated debits. Union Bank next processes debits which are the result of transactions initiated by the customer. These include such items as electronic debit card transactions, A TM withdrawals, checks drawn on the customer's account, ACH transactions, loan payments, and bill payments. Union Bank first processes the pending item with the highest dollar amount. Union Bank then processes the item with the next highest dollar amount and continues until all items have been posted to the account If there is not sufficient funds to cover all of the items, Union Bank then determines which items it is willing to pay and which items it is not willing to pay. The items Union Bank is not willing to pay are returned and a credit for the amount is posted to the account the following business day.

Union Bank then assesses the customer an overdraft fee up to a certain daily limit, for each item it paid for which there were insufficient funds in the account. Union Bank also assesses the customer a returned item fee for each item which was not paid because there were insufficient funds in the account.

Union Bank and its customers agreed in their account agreements ("All Abouts") that Union Bank could pay checks and other items presented to the bank in any order it chose. Union Bank began paying larger (higher dollar value) items before other items based upon its understanding that such items tend to be more important from the customer's standpoint, such as mortgage or car payments, and that customers would prefer that such items be paid before or in lieu of payment of smaller items which are of less importance to the customer. In addition, payment of larger items first tends to increase the fee income earned by the bank for the payment of overdraft items, which would more fairly compensate Union Bank for providing this service to its customers and also deter customers from misusing the overdraft service offered by the bank.

The persons who have knowledge of the modification of Union Bank's overdraft policies, practices and procedures are identified in response to Interrogatory No. 1.

Prior to posting items in the manner described above, Union Bank followed the same procedures outlined above, with the following exceptions: non-check transactions were posted low to high dollar amount within the same transaction code and check transactions were posted in low to high check number.

**US Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrase "policies, practices and procedures" renders it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory to the extent it seeks information concerning "all persons with knowledge" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Interrogatory unduly burdensome. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:

U.S. Bank's general practice has been as follows: With the exception of online banking transfers, items presented for payment to U.S. Bank are posted at the end of that day if it is a business day. If an item is presented for payment on a non-business day, those items are posted at the end of the next business day. Credits are posted before debits. Debits are posted from highest to lowest, without regard to transaction type.

Pursuant to Federal Rule of Civil Procedure Rule 33(d), U.S. Bank refers Plaintiffs to documents previously produced (MDL-USB-00001 to MDL-USB-000094) and documents that will be produced in this litigation after entry of an appropriate protective order and agreement on document production protocols (Bates numbers to be provided following production).

Brent Farka, Todd Loudenslager, Donna Fletcher, and Betsy Wellenstein of U.S. Bank, and Eric Stables, formerly of U.S. Bank, have knowledge of changes to and implementation of U.S. Bank policies, practices, and procedures regarding the order in which items have been posted to customers' accounts.

**Wachovia**

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrase "policies, practices and procedures" renders it vague and ambiguous. Defendant further objects to this interrogatory as

- 30 -

compound. Defendant further objects to this interrogatory to the extent it seeks information concerning "all persons with knowledge" on the ground that it is overly broad and the effort required to respond to it is so great as to render the interrogatory unduly burdensome. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), Wachovia refers plaintiffs to documents previously produced (MDL-WAC-00001 to MDL-WAC-00174) and documents that will be produced in this litigation (Bates numbers to be provided following production).

### **Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is vague, ambiguous, overbroad, and unduly burdensome in its use of the term "all policies, practices and procedures." Wells Fargo further objects that this interrogatory is overbroad and unduly burdensome in that it specifies a time period beyond what is reasonably calculated to lead to the discovery of admissible evidence in this litigation. Wells Fargo's response is therefore limited to the period from 2002 to the present. Wells Fargo further objects that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information concerning practices and procedures that are unrelated to any claim or defense in this case. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Subject to and without waiving those objections and limitations, the Bank responds as follows:

Wells Fargo posts transactions to customers' accounts during the late night or early morning hours after every business day (typically Monday through Friday, excluding holidays). The Bank cannot post a transaction until full settlement information is received as required under federal regulations. The Bank receives the full settlement information needed to post some Point-of-Sale ("POS") debit-card transaction and most ATM transactions in time to post such transactions in its batch posting the same business day. The Bank usually (but not always) receives the settlement information needed to post other debit-card transactions within one to three business days.

During the course of each business day, the Bank receives dozens of batch settlement files from multiple sources, including third-party processors, POS and ATM networks, other banks that are paying (or requesting payment of) checks, and entities submitting ACH payment requests and payments. Each batch file contains the full settlement files for an accumulated collection of transactions from that source for Wells Fargo customers. All of these batch files are then analyzed and matched to customer accounts during batch processing.

Since at least January 1, 2002 (except for Nevada, and Washington and New Mexico since October 1, 2005), this process has proceeded as follows:

- 31 -

Wells Fargo sorts to customer accounts the files of all credits and debits received by the Bank before the cut-off time for that day. The transactions are then posted to each account. The Bank posts deposits and other credits before debits, regardless of the order in which the transactions were actually initiated by the customer. When posting debits to an account, the Bank prioritizes some debits (including ATM transactions, cash withdrawals, and online transfers), which are combined and sorted from highest amount to lowest and posted after deposits but before other debits. Then the remaining debit transactions (including checks, debit-card purchase transactions, and ACH transactions) are combined and sorted together from highest to lowest and posted.

As of October 1, 2005, the Bank has employed a different sort order in Washington and New Mexico. In those two states, the Bank begins by posting those transactions received for settlement that business day that the Bank's electronic records show actually occurred on previous days. These include deposits made on a previous day (e.g., over the weekend at an ATM) and debit-card transactions initiated on earlier days but not previously submitted for settlement and payment. After these earlier transactions are posted, the Bank proceeds to post transactions that, for posting purposes, it treats as being dated that business day. (This subject is addressed in more detail in Wells Fargo's response to Interrogatory No. 9 and footnote 2.) These include deposits and debit-card transactions that are both initiated and submitted for settlement that same day, as well as checks, ACH transactions, Bill Pay transactions, and other debits that the Bank receives for settlement that day. Thus on each business day the Bank posts transactions in two general groups: "previous-day" transactions first, followed by "same-day" transactions." In posting transactions within each of the groups (previous-day transactions and then same-day transactions), the Bank posts deposits and other credits before debits, regardless of the order in which the transactions within that group were actually initiated by the customer. When posting debits to an account within either the previous day group or the same-day group, the Bank prioritizes some debits (including ATM transactions, cash withdrawals, and online transfers), which are combined and sorted from highest amount to lowest and posted after deposits in that group but before other debits. Then the remaining debit transactions in that group (including checks, debit-card purchase transactions, and ACH transactions) are combined and sorted together from highest to lowest and posted.

In Nevada, from at least January 1, 2002 until January 2006, the Bank posted deposits and other credits before debits, as it did (and does) in its other geographic regions. This was true regardless of the order in which the transactions were actually initiated by the customer. Then, when posting debits, the Bank prioritized some debits (including ATM transactions, cash withdrawals, and online transfers), which were combined and sorted from lowest amount to highest and posted after deposits but before other debits. Then, the remaining debit transactions other than checks and checks that had been converted into ACH transactions were combined and sorted together from lowest to highest and posted. This group included debit-card transactions and non-converted ACH transactions. At that point, checks and ACH transactions converted from checks were posted to customers' accounts in serial order. In January 2006, Wells Fargo changed its sort process in Nevada so that those groups of debit transactions that had previously been sorted from lowest amount to highest amount were now sorted from highest amount to lowest amount. In March 2007, Wells Fargo changed its sort process in Nevada so that checks and ACH transactions converted from checks are now posted immediately after the priority group and before the debit transaction group that includes debit-card transactions.

- 32 -

Persons with knowledge of the implementation and maintenance of Wells Fargo's posting order for consumer checking accounts during the relevant period include Ken Zimmerman, Karen Moore, Steven Gilbert, and Scott Hedberg.

## INTERROGATORY NO. 5:

**Describe with particularity how the policies, practices and procedures identified in Interrogatory No. 4 varied or vary from state to state, if at all.**

## RESPONSE TO INTERROGATORY NO. 5:

### BofA (Tornes)

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 18 ("Item"), and Definition No. 19 ("Account"), as well as its objections to Interrogatory No. 4, set forth above. Bank of America further objects to the phrase "[d]escribe with particularity" on the grounds that it is unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by it.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a compilation and summary from its business records, for the time period January 1998 to the present, identifying the variations by state, if any, in the Bank's posting order policies applicable to consumer deposit accounts for which a debit card was issued. Bank of America will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This summary and compilation, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

882860.2

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 18 ("Item"), and Definition No. 19 ("Account"), as well as its objections to Interrogatory No. 4, set forth above. Bank of America further objects to the phrase "[d]escribe with particularity" on the grounds that it is unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by it.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a compilation and summary from its business records, for the time period January 1998 to the present, identifying the variations by state, if any, in the Bank's posting order policies applicable to consumer deposit accounts for which a debit card was issued. Bank of America will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This summary and compilation, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

**JP Morgan Chase**

Chase incorporates by reference its objections to Interrogatory No. 4.

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the order of posting of electronic debit card transactions to customer accounts. See also Chase's Responses to RFPs 9, 10, 11, 13, 22, 24, 38, 39, 40, 41, 49, 50, 51, 53, 54. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

## Citibank

Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it seeks confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows: Citibank's posting order policies did not vary by state, except that Citibank posts all debit transactions from lowest to highest dollar amount for customers with accounts in Texas.

## Union Bank

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous, particularly with respect to its request that variations be described "with particularity." Union Bank also objects to this interrogatory on the grounds that it is vague and ambiguous in its request for description of how these policies, practices and procedures varied "from state to state." Union Bank will respond based upon the assumption that plaintiffs are inquiring about any variations in these procedures depending upon the state in which the Union Bank customer resides.

Union Bank objects to this interrogatory to the extent that it seeks information pertaining to overdraft fees assessed plaintiffs prior to July 16,2005, where such information is not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will respond to this interrogatory with respect to information prior to July 16,2005.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

The policies, practices and procedures set forth in Union Bank's responses to Interrogatory No. 4 did not vary depending upon the state in which the Union Bank customer resides.

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendants further object on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "describe with particularity" and "policies, practices and procedures" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

- 35 -

Subject to and without waiving its general and specific objections, Defendant responds as follows: For accounts maintained in Nevada, U.S. Bank posts credits before debits, posts paper checks before debit card transactions, and posts transactions from lowest to highest within each transaction type.

**<u>Wachovia</u>**

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendants further object on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "describe with particularity" and "policies, practices and procedures" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Wachovia's polices, practices, and procedures regarding posting order are substantially consistent in all states. Defendant refers Plaintiffs to the documents identified in response to Interrogatory No. 4.

**<u>Wells Fargo</u>**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo objects that this interrogatory is vague, ambiguous, overbroad, and unduly burdensome in its incorporation of the term "all policies, practices and procedures." Wells Fargo further objects that this interrogatory is overbroad and unduly burdensome to the extent it is seeking information from a time period beyond what is reasonably calculated to lead to the discovery of admissible evidence in this litigation. Wells Fargo's response is therefore limited to the period from 2002 to the present. Wells Fargo further objects that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information concerning practices and procedures that are unrelated to any claim or defense in this case. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Subject to and without waiving those objections and limitations, Wells Fargo incorporates by reference its Response to Interrogatory No. 4.

**<u>INTERROGATORY NO. 6</u>:**

**If the policies, practices and procedures regarding overdraft fees you have followed during the 180 days immediately preceding the date on which you answer these**

**interrogatories are materially different than the policies, practices and procedures relating to overdraft fees you followed from 1998 to present, describe in detail all ways in which your current policies, practices and procedures differ, explain when, how and why they changed, and identify all documents that describe, refer or relate to the differences or changes.**

## RESPONSE TO INTERROGATORY NO. 6:

### BofA (Tornes)

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 11 ("Documents"), Definition No. 18 ("Item"). and Definition No. 19 ("Account"), set forth above.  Bank of America further objects to the phrases "materially different," "policies, practices, and procedures relating to overdraft fees," and "describe in detail all ways in which your current policies, practices and procedures differ, explain when, how and why they changed, and identify all documents that describe, refer or relate to the differences or changes" as unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by them.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory to the extent that it calls for Bank of America to "describe in detail all ways in which" the Bank's current overdraft fees related policies, practices, and procedures have changed from 1998 to the present, and/or to identify "all documents that describe, refer or relate to" such changes, as overbroad, premature, and unduly burdensome on the ground that this case is in the early stages of discovery.  Bank of America's responses herein are based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date.  Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct. supplement, and/or clarify its responses to the interrogatories to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a compilation and summary from its business records, for the time period 1998 to the present, identifying changes to the Bank's overdraft fee policies

and pricing applicable to consumer deposit accounts for which a debit card has been issued. Bank of America will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This summary and compilation, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. II ("Documents"), Definition No. 18 ("Item"). and Definition No. 19 ("Account"), set forth above. Bank of America further objects to the phrases "materially different," "policies, practices, and procedures relating to overdraft fees," and "describe in detail all ways in which your current policies, practices and procedures differ, explain when, how and why they changed, and identify all documents that describe, refer or relate to the differences or changes" as unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by them.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory to the extent that it calls for Bank of America to "describe in detail all ways in which" the Bank's current overdraft fees related policies, practices, and procedures have changed from 1998 to the present, and/or to identify "all documents that describe, refer or relate to" such changes, as overbroad, premature, and unduly burdensome on the ground that this case is in the early stages of discovery. Bank of America's responses herein are based upon present knowledge, information, and belief following Bank of America's diligent search and reasonable inquiry to date. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct. supplement, and/or clarify its responses to the interrogatories to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

- 38 -

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. P. 33(d), Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a compilation and summary from its business records, for the time period 1998 to the present, identifying changes to the Bank's overdraft fee policies and pricing applicable to consumer deposit accounts for which a debit card has been issued. Bank of America will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This summary and compilation, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

## JP Morgan Chase

Chase objects to this Interrogatory on the grounds that it potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed, and the Interrogatory is therefore overly broad, unduly burdensome, and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence. Chase further objects to the timeframe of the Interrogatory in that the request for information dating to 1998 is overly broad, unduly burdensome, and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence, and falls outside of applicable statutes of limitations.

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning any changes to the method by which Chase calculated overdraft fees during the 180 days immediately preceding the date of these Answers. See also Chase's Responses to RFPs 9, 10, 11, 13, 22, 24, 38, 39, 40, 41, 49, 50, 51, 53, 54. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

## Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; and (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, its objections, Citibank

- 39 -

responds to this Interrogatory as follows: Citibank has not changed its procedures regarding overdraft fees in the last 180 days.

### Union Bank

Union Bank objects to this interrogatory on the ground that it is vague and ambiguous, particularly with respect to its request that Union Bank identify "materially" different policies, practices and procedures, and its request for a description of such policies, practices and procedures "in detail."

Union Bank objects to this interrogatory to the extent that it seeks information pertaining to overdraft fees assessed plaintiffs prior to July 16, 2005, where such information is not relevant to plaintiffs' claims based upon overdraft fees assessed after that date. Notwithstanding these objections, Union Bank will respond to this interrogatory with respect to information prior to July 16,2005.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

Currently, and since early 2004, Union Bank posts items to its customers' accounts only on banking days, as defined in Regulation CC enacted by the Federal Reserve Board, 12 C.F.R. §229.2(g). On those banking days when it posts items, Union Bank processes items only once per day, after the close of banking hours (typically between 10:00 p.m. and 1 :00 a.m. the following morning). At that time, Union Bank processes all items which have been presented for payment by the Bank and all other pending items; this process is referred to in the banking industry as "batch processing."

In batch processing items, Union Bank first applies any credits to the customer's account including, for example, deposits made to the customer's account during banking hours. Union Bank applies such credits first, irrespective of whether the deposit was made or other credit transaction occurred before or after other transactions which will result in debits to the customer's account.

After applying any credits to the customer's account, Union Bank then processes debits to the account. Union Bank first processes "legal items," which includes fees charged to the account, garnishments, returned deposited items, and other non-customer initiated debits. Union Bank next processes debits which are the result of transactions initiated by the customer. These include such items as electronic debit card transactions, ATM withdrawals, checks drawn on the customer's account, ACH transactions, loan payments, and bill payments. Union Bank first processes the pending item with the highest dollar amount. Union Bank then processes the item with the next highest dollar amount, and continues until all items have been posted to the account. If there is not sufficient funds to cover all of the items, Union Bank then determines which items it is willing to pay and which items it is not willing to pay. The items Union Bank is not willing to pay are returned and a credit for the amount is posted to the account the following business day.

882860.2

Union Bank then assesses the customer an overdraft fee up to a certain daily limit, for each item it paid for which there were insufficient funds in the account. Union Bank also assesses the customer a returned item fee for each item which was not paid because there were insufficient funds in the account.

Union Bank and its customers agreed in their account agreements ("All Abouts") that Union Bank could pay checks and other items presented to the bank in any order it chose. Union Bank began paying larger (higher dollar value) items before other items based upon its understanding that such items tend to be more important from the customer's standpoint, such as mortgage or car payments, and that customers would prefer that such items be paid before or in lieu of payment of smaller items which are of less importance to the customer. In addition, payment of larger items first tends to increase the fee income earned by the bank for the payment of overdraft items; which would more fairly compensate Union Bank for providing this service to its customers and also deter customers from misusing the overdraft service offered by the bank.

The persons who have knowledge of the modification of Union Bank's overdraft policies, practices and procedures are identified in response to Interrogatory No. 1.

Prior to posting items in the manner described above, Union Bank followed the same procedures outlined above, with the following exceptions: non-check transactions were posted low to high dollar amount within the same transaction code and check transactions were posted in low to high check number.

**US Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "policies, practices and procedures," "materially different," and "describe in detail" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory to the extent it seeks information concerning "all documents that describe, refer or relate to the differences or changes" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Interrogatory unduly burdensome. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Defendant hereby incorporates and refers to its response to Interrogatory No. 4.

- 41 -

882860.2

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "policies, practices and procedures," "materially different," and "describe in detail" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory to the extent it seeks information concerning "all documents that describe, refer or relate to the differences or changes" on the ground that it is overly broad and the effort required to respond to it is so great as to render the interrogatory unduly burdensome. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: the policies, practices, and procedures regarding overdraft fees followed by Wachovia during the 180 days preceding the date of these responses is not materially different than the policies, practices, and procedures followed in prior years.

## Wells Fargo

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects to this interrogatory on the ground that the phrase "policies, practices and procedures regarding overdraft fees … are materially different" is vague and ambiguous in multiple respects and renders the interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information concerning changes to the Bank's overdraft practices and procedures that are unrelated to any claim or defense in this case. Wells Fargo further objects that this interrogatory is overbroad and unduly burdensome in that it specifies a time period beyond what is reasonably calculated to lead to the discovery of admissible evidence in this litigation. Wells Fargo's response is therefore limited to the period from 2002 to the present. Wells Fargo further objects to the subpart of this interrogatory that seeks identification of documents on the ground that it is overbroad, unduly burdensome, duplicative, and not reasonably calculated to lead to the discovery of admissible evidence.  Responsive documents have been separately requested in plaintiffs' Request for Production of Documents and will be provided in response thereto. Subject to and without waiving these objections and limitations, Wells Fargo responds as follows:

882860.2

Wells Fargo's policies relating to overdraft fees assessed in connection with consumer checking accounts have not materially changed during the relevant period except in Washington, New Mexico, and Nevada. With respect to the changes in Washington, New Mexico, and Nevada, Wells Fargo incorporates by reference its Response to Interrogatory No. 4.

## INTERROGATORY NO. 7:

**Describe with particularity all actions you have taken to inform your customers of your policies, practices and procedures of posting items in the order of highest to lowest dollar amount, including when, how and by whom each such action was taken.**

## RESPONSE TO INTERROGATORY NO. 7:

### BofA (Tornes)

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 16 ("Customer"), and Definition No. 18 ("Item"), set forth above. Bank of America further objects to the phrases "[d]escribe with particularity" and "all actions you have taken to inform" as unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by them.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has employed a number of different approaches, at various times, to inform customers of its policy for posting debit card transactions presented to the Bank for settlement. In particular, the Bank's policy for posting debit card transactions has been disclosed to customers: (1) n its account materials, including its deposit agreement; (2) in fee education and/or other marketing materials; (3) in messages, including those mailed to customers with their periodic account statements; and (4) on the bank's website (www.bankofamerica.com). Pursuant to Fed. R. Civ. P. 33(d), Bank of America refers plaintiffs to the documents that have been (and will be) produced in response to Plaintiffs' First Request for Production, which do (and will) contain exemplars of many of these materials, and may reflect when and how they were provided or offered to customers. *See, e.g.*, Bates Nos. MDL-BA-0000333 - MDL-BA-0000357, MDL-BA-0000655 - MDL-BA-0000679.

In addition, Bank of America has at various times provided notice and information regarding its posting order policies and practices to individual customers who contacted the Bank regarding, among other topics, the Bank's policies and practices for posting items to their account.

Bank of America will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

### BofA (Yourke)

882860.2

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 16 ("Customer"), and Definition No. 18 ("Item"), set forth above. Bank of America further objects to the phrases "[d]escribe with particularity" and "all actions you have taken to inform" as unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by them.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has employed a number of different approaches, at various times, to inform customers of its policy for posting debit card transactions presented to the Bank for settlement. In particular, the Bank's policy for posting debit card transactions has been disclosed to customers: (1) in its account materials, including its deposit agreement; (2) in fee education and/or other marketing materials; (3) in messages, including those mailed to customers with their periodic account statements; and (4) on the bank's website (www.bankofamerica.com). Pursuant to Fed. R. Civ. P. 33(d), Bank of America refers plaintiffs to the documents that have been (and will be) produced in response to Plaintiffs' First Request for Production, which do (and will) contain exemplars of many of these materials, and may reflect when and how they were provided or offered to customers.  *See, e.g.*, Bates Nos. MDL-BA-0000333 - MDL-BA-0000357, MDL-BA-0000655 - MDL-BA-0000679.

In addition, Bank of America has at various times provided notice and information regarding its posting order policies and practices to individual customers who contacted the Bank regarding, among other topics, the Bank's policies and practices for posting items to their account.

Bank of America will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

**JP Morgan Chase**

Chase objects on the grounds that the Interrogatory is overly broad and unduly burdensome to the extent that it purports to require Chase to identify each and every separate document, oral conversation, communication, or other responsive item concerning the posting of certain items to customer accounts in highest to lowest order.

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning information provided to customers concerning the posting of debit card transactions in order of highest to lowest dollar amount. See also Chase's Response to RFPs 1, 2, 3, 4, 5, 6, 11, 17, 26, 48, 55. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

In addition, Chase refers Plaintiffs to the Account Rules & Regulations, attached as Exhibit A to both the Lopez and Luquetta Amended Complaints, which state, among other things, as follows at pages 4, 10-11:

> Posting Order: Generally, deposits will be credited to your account first and then we'll pay your items (e.g. checks, debit card transactions, ATM transactions and other debits to your account) from highest to lowest dollar amount each business day. Certain transactions such as wire transfers may post before others.

> * * *

> Items will be posted to your Account in highest to lowest dollar amount each business day (Monday through Friday, federal holidays not included). However, certain transactions like wire transfers may be posted before others. We reserve the right to change this posting order without notice. We may assess a fee for any item or withdrawal request, such as a check, in person withdrawal, ATM withdrawal, or other electronic means, when there are insufficient funds in your Account based upon the posting method identified above, whether or not the item is paid or the request honored, or whether or not an overdraft to your account has occurred.

## Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; and (iv) it purports to require Citibank to prepare compilations, abstracts or summaries of documents that Citibank has produced or will produce in this action.  Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows:  Citibank provides its deposit account customers with disclosures explaining Citibank's overdraft policies and procedures at the time of account opening. In the event Citibank modifies its policies and procedures regarding overdrafts, Citibank notifies its customers. Citibank representatives also explain Citibank's policies and procedures regarding overdrafts to customers both in person and by telephone in response to customers' questions.

## Union Bank

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous, particularly with respect to its request that its actions be described "with particularity."

Union Bank objects to this interrogatory on the grounds that it is unduly burdensome and oppressive. As drafted, this interrogatory could be construed as requiring Union Bank to identify and describe any and all oral disclosures made to customers about the order in which items are posted to their accounts, including identification of any such disclosures which were made to individual customers in a branch or over the telephone. Union Bank is unable to identify all such disclosures which did or may have taken place. Subject to its specific and general objections

- 45 -

stated above, and without waiver of any of those objections. but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

Union Bank assumes that this interrogatory's reference to "your policies, practices and procedures of posting items in the order of highest to lowest dollar amount" is intended to refer to Union Bank's current policies, practices and procedures set forth in its response to Interrogatory No. 4 above.

Union Bank provides various disclosures to customers in the disclosures and account agreement which they receive upon the opening of a checking account; this account agreement is referred to within the bank as the "All About." The current version of the "All About" provided to the customer includes a section entitled "Order of Processing Checks and Other Items" which informs customers that Union Bank may pay checks and other items in any order it chooses, and that it "will generally pay larger checks and transactions first," although it is "not obligated to do so."

In addition to these bank-wide disclosures which are provided to all checking account customers, Union Bank believes that many customers who comprise the putative class in this case (as well as other customers who are not part of the putative class) were informed about the bank's posting order through individual communications with bank employees, either in branches or telephonically. Given the number of customers and such communications which may have taken place, and the absence of records documenting all such communications, it is not possible for Union Bank to state "when, how and by whom" each such disclosure may have been given, and requiring Union Bank to attempt to identify such disclosures would be unduly burdensome and oppressive.

**US Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "describe with particularity" and "policies, practices and procedures" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), U.S. Bank refers Plaintiffs to documents previously produced (MDL-USB-00001 to MDL-USB-00525) and documents that will be produced in this litigation after agreement on document production protocols (Bates numbers to be provided following production).

- 46 -

**Wachovia**

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "describe with particularity" and "policies, practices and procedures" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), Wachovia refers plaintiffs to documents previously produced (MDL-WAC-00001 to MDL-WAC-01749) and documents that will be produced in this litigation (Bates numbers to be provided following production).

**Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects that this interrogatory is vague and ambiguous and rests on an inaccurate premise, rendering it argumentative and confusing. Wells Fargo further objects that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in its ambiguous reference to "all actions." Subject to and without waiving these objections, Wells Fargo responds as follows:

Wells Fargo discloses its relevant posting procedures to consumer checking account customers in multiple ways. The subject is addressed in Wells Fargo's Consumer Account Agreement, which is supplied to all customers opening new consumer checking accounts and is separately available in branches and on-line. Wells Fargo has also provided separate notices of changes in the account agreement and account agreement addenda to customers addressing this subject.

In addition, the order in which Wells Fargo has posted a customer's transactions is set out in reports the Bank provides to each customer about that customer's transaction activity, including account activity information that is provided online and in monthly account statements. Customers using a Wells Fargo ATM can also view their last five transactions and see the order in which they posted or may obtain this same information by calling Wells Fargo's phone bank. Customers are also given information about the Bank's posting procedures in response to inquiries made in writing and/or orally at branches or over the phone.

882860.2

**INTERROGATORY NO. 8:**

      **State the manner in which you have defined or otherwise described the term "overdraft" to your customers.**

**RESPONSE TO INTERROGATORY NO. 8:**

      **BofA (Tornes)**

      Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant") and Definition No. 16 ("Customer"), set forth above. Bank of America further objects to the phrase "state the manner in which" as vague and ambiguous and Bank of America does not know what is intended by it.

      Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

      Bank of America has employed a number of different approaches, at various times, to address or describe the term "overdraft" to its customers. In particular, the Bank has described or addressed the term "overdraft":  (1) in its account materials, including its deposit agreement; (2) in fee education and/or other marketing materials; (3) in messages and/or other notices, including those mailed to customers as part of their periodic account statements; and (4) on the bank's website (www.bankofamerica.com).  Pursuant to Fed. R. Civ. P. 33(d), Bank of America refers plaintiffs to the documents that have been (and will be) produced in response to Plaintiffs' First Request for Production, which do (and will) contain exemplars of many of these materials. *See, e.g.*, Bates Nos. MDL-BA 0000333 - MDL-BA-0000357, MDL-BA-0000655 - MDL-BA-0000679.

      In addition, Bank of America has over time addressed and described the term "overdraft" for individual customers who contacted the Bank regarding, among other topics, the Bank's policies and practices for the assessment of overdraft fees.

      Bank of America will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

      **BofA (Yourke)**

      Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant") and Definition No. 16 ("Customer"), set forth above. Bank of America further objects to the phrase "state the manner in which" as vague and ambiguous and Bank of America does not know what is intended by it.

      Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

882860.2

Bank of America has employed a number of different approaches, at various times, to address or describe the term "overdraft" to its customers.  In particular, the Bank has described or addressed the term "overdraft":  (1) in its account materials, including its deposit agreement; (2) in fee education and/or other marketing materials; (3) in messages and/or other notices, including those mailed to customers as part of their periodic account statements; and (4) on the bank's website (www.bankofamerica.com).  Pursuant to Fed. R. Civ. P. 33(d), Bank of America refers plaintiffs to the documents that have been (and will be) produced in response to Plaintiffs' First Request for Production, which do (and will) contain exemplars of many of these materials. *See, e.g.*, Bates Nos. MDL-BA0000333 - MDL-BA-0000357, MDL-BA-0000655 - MDL-BA-0000679.

In addition, Bank of America has over time addressed and described the term "overdraft" for individual customers who contacted the Bank regarding, among other topics, the Bank's policies and practices for the assessment of overdraft fees.

Bank of America will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

**JP Morgan Chase**

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the actions it has taken to inform customers of Chase's policies, practices, and procedures regarding the posting of electronic debit card transactions. See also Chase's Responses to RFPs 1, 2, 3, 4, 5, 6, 11, 17, 26, 55. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

In addition, Chase refers Plaintiffs to the Account Rules & Regulations attached as Exhibit A to both the Lopez and Luquetta Amended Complaints, which state, among other things, as follows at pages 4, 6, 10, 22:

> Posting Order: Generally, deposits will be credited to your account first and then we'll pay your items (e.g. checks, debit card transactions, ATM transactions and other debits to your account) from highest to lowest dollar amount each business day. Certain transactions such as wire transfers may post before others.

> * * *

> Like writing a check, using your debit card can generate Overdraft fees. You should have money in your account before you make a purchase and record it in your register right away regardless of when the purchase is actually subtracted from your account.

> * * *

If you use your Card to access an Account that does not have sufficient funds to complete a transaction or that would exceed the daily authorization limit attached to your Card, we may, at our sole discretion, authorize the transaction. If we authorize a transaction that overdraws your Account, we may assess a fee and/or charge interest for any overdraft against your Account.

* * *

Insufficient Funds. We have no obligation to pay or honor any item or withdrawal request unless it is drawn or requested against available funds credited to your Account at the opening of business on the day the item is presented for payment or the request is received, even if we paid an item or honored a withdrawal request drawn or requested against insufficient funds in the past. If we pay an item or honor your request that overdraws your Account, a deposited item has been returned unpaid, or for any other reason your Account has become overdrawn, you agree to pay the amount of the overdraft together with any fee and accrued interest identified in this Agreement immediately, whether or not you signed or requested the withdrawal or participated in the transaction creating the overdraft.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is overbroad, unduly burdensome and harassing; and (iii) it purports to require Citibank to prepare compilations, abstracts or summaries of documents that Citibank has produced or will produce in this action.  Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows: Citibank has defined or otherwise described the term "overdraft" to its customers in print, in on-line disclosures and verbally.

### Union Bank

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous. It is not clear whether plaintiffs intend this interrogatory to require identification of any oral conversations which took place with a customer about an overdraft or the potential for overdrafting an account, which plaintiffs might construe as the "defining" or "describing" of an overdraft. Union Bank will respond to this interrogatory based upon the assumption that it is directed only at account agreements or bank-wide disclosures of what constitutes an "overdraft," such as the bank's "All Abouts," advertisements or information posted on Union Bank's website or provided to online banking customers.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

882860.2

Union Bank's current "All Abouts" do not define the term "overdraft." However, the current All Abouts do describe the circumstances in which an overdraft will or could occur, and thus might be construed as "describing" the term "overdraft" to customers. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Union Bank exercises its option to produce its All Abouts, as well as other documents provided to customers in both hard copy and electronically, which contain information about overdrafts and from which the answer to this interrogatory may be determined.

Union Bank's website does include a definition of the term "overdraft" which is provided by www.investorwords.com and which defines an "overdraft" as follows: "The amount by which withdrawals exceed deposits, or the extension of credit by a lending institution to allow for such a situation."

In addition, Union Bank's website and online banking system contain information about how overdrafts may occur and what the bank's policies, practices and procedures are when an overdraft is created by the customer. However, those materials do not define or attempt to describe the term "overdraft."

## US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrase "defined or otherwise described the term 'overdraft'" renders it vague and ambiguous. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), U.S. Bank refers Plaintiffs to documents previously produced (MDL-USB-00001 to MDL-USB-00525) and documents that will be produced in this litigation after agreement on document production protocols (Bates numbers to be provided following production).

## Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant

- 51 -

further objects to this interrogatory on the ground that the phrase "defined or otherwise described the term 'overdraft'" renders it vague and ambiguous. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), Wachovia refers plaintiffs to documents previously produced (MDL-WAC-00001 to MDL-WAC-00174) and documents that will be produced in this litigation (Bates numbers to be provided following production).

**Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Subject to and without waiving those objections, Wells Fargo responds as follows:

The term "overdraft" is defined in the Consumer Account Agreement, where the concept is also discussed in detail. The term is also defined in the Checking & Savings Terms Glossary on Wells Fargo's website. In addition, customers can receive an oral explanation in any branch or from Bank representatives over the phone.

## INTERROGATORY NO. 9:

**Describe with particularity each step, including each form of communication, involved in an electronic debit transaction, beginning with the initiation of the transaction, continuing through your receipt of notice of the dollar amount of the transaction and authorization of the transaction, and ending with your posting of the transaction to the customer's account and your assessment of an overdraft fee, if any, based on the transaction.**

## RESPONSE TO INTERROGATORY NO. 9:

**BofA (Tornes)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your,"

and/or "defendant"), Definition No. 12 ("Communication"), Definition No. 16 ("Customer"), Definition No. 18 ("Item"), Definition No. 19 ("Account"), Definition No. 20 ("Authorized"), and Definition No. 21 ("Received"), set forth above. Bank of America further objects to the terms and phrases "[d]escribe with particularity each step, including each form of communication, involved in an electronic debit transaction," "initiation," "receipt of notice," and "based on" as unduly burdensome, vague, and ambiguous and Bank of America does not know what is intended by them.

882860.2

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive.  Any particular electronic debit card transaction is subject to a number of variables that could impact the process plaintiffs ask Bank of America to describe in this interrogatory.  Additionally, there are many different types of "debit card transactions," which may be processed in different ways, and for some of which, Bank of America does not receive information relating to the transaction prior to the time at which the final transaction amount is presented to the Bank for settlement and posting.  Explaining how the debit card payment process might vary from transaction to transaction depending upon each of these variables would require an unreasonably complicated and burdensome response.

Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate its posting order and/or overdraft fee related policies, practices, and procedures.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of the steps involved in authorizing and posting electronic debit card transactions.  Furthermore, Bank of America, pursuant to Fed. R. Civ. P. 33(d). has identified various business records, and has prepared a compilation and summary from its business records, which identify the steps involved in authorizing and posting electronic debit card transactions, and the Bank intends to produce these documents, subject to the conditions set forth herein.  The Bank will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

Bank of America's compilation and summary, and the other aforementioned documents and general description, however, contain trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to or produce any documents responsive to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned narrative description, and the aforementioned compilation and summary and other documents, pursuant to the terms of the protective order.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 12 ("Communication"), Definition No. 16 ("Customer"), Definition No. 18 ("Item"), Definition No. 19 ("Account"), Definition No. 20 ("Authorized"), and Definition No. 21 ("Received"), set forth above. Bank of America further objects to the terms and phrases "[d]escribe with particularity each step, including each form of communication, involved in an electronic debit transaction," "initiation," "receipt of notice," and "based on" as unduly burdensome, vague, and ambiguous and Bank of America does not know what is intended by them.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive. Any particular electronic debit card transaction is subject to a number of variables that could impact the process plaintiffs ask Bank of America to describe in this interrogatory. Additionally, there are many different types of "debit card transactions," which may be processed in different ways, and for some of which, Bank of America does not receive information relating to the transaction prior to the time at which the final transaction amount is presented to the Bank for settlement and posting.  Explaining how the debit card payment process might vary from transaction to transaction depending upon each of these variables would require an unreasonably complicated and burdensome response.

Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate its posting order and/or overdraft fee related policies, practices, and procedures.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of the steps involved in authorizing and posting electronic debit card transactions. Furthermore, Bank of America, pursuant to Fed. R. Civ. P. 33(d). has identified various business records, and has prepared a compilation and summary from its business records, which identify the steps involved in authorizing and posting electronic debit card transactions, and the Bank intends to produce these documents, subject to the conditions set forth herein,. The Bank will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

Bank of America's compilation and summary, and the other aforementioned documents and general description, however, contain trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order

- 54 -

entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to or produce any documents responsive to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned narrative description, and the aforementioned compilation and summary and other documents, pursuant to the terms of the protective order.

## JP Morgan Chase

Chase objects to this Interrogatory on the grounds that it is vague and ambiguous, including the terms "electronic debit transaction," "initiation," "receipt," and "notice." Chase further objects on the grounds that the Interrogatory is overly broad and unduly burdensome (e.g., the steps entailed may differ depending on the type of transaction), and to the extent that it calls for information that is not within the knowledge, custody, or control of Chase. Chase further objects on the ground that the Interrogatory is inaccurate to the extent it states that Chase is presented with information reflecting the final amount of a transaction prior to or at the time of initiation or authorization of the transaction.

Subject to and without waiving the foregoing general and specific objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the steps involved in posting of transactions to customer accounts. Chase also refers Plaintiffs to the Omnibus Motion to Dismiss and/or for Judgment on the Pleadings and Incorporated Memorandum of Law [Dkt. No. 217] at 8-12 (discussing the authorization and settlement process for electronic debit card transactions). See also Chase's Responses to RFPs 34, 35, 36, 41, 69, 70. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

## Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; (iv) it purports to require Citibank to prepare compilations, abstracts or summaries of documents that Citibank has produced or will produce in this action; and (v) it seeks confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows:

A point-of-sale debit card transaction is processed either as a signature-based or PIN-based transaction.  A signature-based transaction refers to situations when customers use their debit cards to purchase goods or services from merchants that accept MasterCard.  These transactions do not require input of the customer's PIN and either the customer or the merchant designates the transaction as a "credit" transaction. Signature-based transactions include, for example, purchases for which the customer signs a receipt. A PIN-based transaction refers to

situations when customers use their debit cards to purchase goods or services; the customer selects "debit," and input of the customer's PIN is required.

ATM withdrawals and PIN-based point-of-sale debit card purchases are processed through Citibank's Transaction Processing System ("TPS"). TPS determines the customer's available balance. As customers execute transactions throughout the day, the available balance is adjusted accordingly. Citibank denies ATM withdrawals, PIN purchases, bill payments or other types of debits if the customer's available balance is insufficient to pay the transaction at the time that the customer attempts the transaction. If the customer has sufficient funds, ATM and PIN purchases are immediately debited from the customer's available balance in real time.  An ATM withdrawal or PIN purchase will not overdraw an account and Citibank will not assess an overdraft fee.

Signature-based purchases require authorization and then settlement. Citibank does not authorize signature-based point-of-sale debit card purchases if the customer's available balance is insufficient to pay the transaction at the time that the customer attempts the transaction. As of September 2008, Citibank stopped charging overdraft fees for previously authorized signature purchases when the settlement amount does not exceed the authorization amount. Overdrafts can still occur on signature purchases if the settlement amount is greater than the authorization amount, and customers can incur overdraft fees. Signature purchase authorizations are applied directly to account balances for up to three days pending the merchant's settlement of the transaction.

TPS routes the transactions systems for overnight processing. External files for transactions processed outside TPS are added to the systems at this time, for example, checks and ACH processing files. During overnight processing, like types of transactions are grouped together, for example, ATM withdrawals, PIN-based purchases, signature-based purchases, checks and ACH transactions. Citibank applies a posting order to transactions within each category from highest-to-lowest amount. Posting order determines whether transactions in a category that post on the same day will incur an overdraft fee, if they re eligible to incur a fee. As noted above, the only electronic debit card transactions that are eligible for overdraft fees are signature purchases for which the settlement amount exceeds the authorization amount.

**Union Bank**

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous. particularly with its request for a description of each step "with particularity."

Union Bank objects to this interrogatory on the grounds it is unduly burdensome and oppressive. There are numerous variables in an electronic debit transaction which could impact the process which plaintiffs ask Union Bank to describe in this interrogatory response. Addressing each of these variables and describing how the process might vary from transaction to transaction, depending upon the circumstances, would require an unreasonably long and complicated response. Nevertheless, Union Bank will respond to this interrogatory by describing, in general, the steps involved in a typical electronic debit transaction.

882860.2

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

The customer uses ("swipes") his electronic debit card to initiate a transaction, presumably after determining that he will have sufficient funds in his account to cover the amount of this transaction and all other items when they are presented to Union Bank for payment out of the customer's account.

The merchant to whom the electronic debit card is submitted for payment often—but not always--electronically submits a request for authorization of the transaction. In some transactions, including those in which the customer keys in his personal identification number or "PIN" at the time of the transaction, the specific dollar amount of the transaction is included in the request for authorization. In other transactions, the merchant submits a request for authorization of the transaction in a particular dollar amount which bears little or no relationship to the amount the customer may ultimately pay. For example, a gas station may submit a request for authorization of $1.00 or a hotel may submit a request for authorization in a dollar amount which is deemed likely to be sufficient to pay for the customer's hotel room and other incidentals, either for a single night or over a multi-day stay at the hotel.

The merchants request for authorization is submitted to MasterCard. MasterCard then sends the request for authorization to Star, which is an interbank network which processes debit transactions. Star then sends the request for authorization to Union Bank.

Union Bank will authorize the debit card transaction if the customer, at the time of the request for the authorization, has sufficient funds in his primary account balance to cover the transaction. This is true even though there may be insufficient funds in the account to pay the item when it is later presented for payment, because of other debits which might be posted to the customer's account at the time of presentment or during the interim. Union Bank may also authorize the transaction even if the customer does not have sufficient funds to cover the item in his primary account balance at the time of the transaction. Specifically, the transaction may be authorized if the customer has sufficient funds available in his savings overdraft account, his cash reserve account, or under an overdraft limit which has been established by Union Bank for that particular customer on that particular day. If the transaction is authorized by Union Bank, Union Bank communicates that authorization to the Star network. which communicates it to MasterCard, which communicates it to the merchant requesting authorization.

After the electronic debit card transaction is authorized by Union Bank, Union Bank memo posts the dollar amount of the transaction on the customer's account, or the dollar amount for which authorization was requested by the merchant. This memo post decreases the balance reflected on the customer's account at that moment in time. Memo posts are sometimes reversed or removed from the customer's account; whether, when and why this occurs depends upon factors too numerous to describe in this interrogatory response.

The amount of time between Union Bank· s authorization of the electronic debit card transaction and the presentment of the item to Union Bank for payment varies substantially. It may take as long as two to nine days for the item to be presented to Union Bank for payment,

- 57 -

depending upon factors such as the speed with which the merchant submits the item for payment or the amount of time it takes MasterCard and/or the Star network to submit the item to Union Bank.

As described elsewhere in these interrogatory responses, Union Bank processes items only once per day, and only on banking days, after the close of business on banking days. Items are processed in the manner described elsewhere in these interrogatory responses, including the "high to low" posting order which plaintiffs challenge in this lawsuit.

If the item is paid, Union Bank remits the funds to Star, which transmits the funds to MasterCard. which pays the merchant. When an item is paid, information regarding payment of the item is submitted to Union Bank's TCS (Transaction Control System) which ensures that all monetary transactions are in balance and accounted for in the bank's General Ledger System. The TCS system consolidates items from various other systems and then submits the card transaction to the bank's DDA (Demand Deposit Accounting) system which. along with the XCP system, determines whether payment of the item created an overdraft, and whether an overdraft fee will be assessed according to the bank's policies and procedures. If the payment of the item resulted in an overdraft, the overdraft fee is posted (debited) to the customer's checking account on the next banking day after the payment of the item.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "describe with particularity," "each form of communication," and "receipt of notice" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure Rule 33(d), U.S. Bank refers Plaintiffs to documents that will be produced in this litigation after entry of an appropriate protective order and agreement on document production protocols (Bates numbers to be provided following production).

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary

principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "describe with particularity," "each form of communication," and "receipt of notice" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:

ATM withdrawals and point-of-sale ("POS") purchases made at a merchant with a Wachovia debit card usually involve an authorization step. Some merchants employ a POS terminal on which the consumer can enter a personal identification number ("PIN") to initiate the transaction (a "PIN-based" transaction). If no PIN is entered on a POS terminal, the transaction will be treated as a "signature-based" transaction.

When a debit-card is presented for payment, Wachovia receives an authorization query from the merchant, typically routed through a POS network and/or other intermediate third party. Authorization queries for signature-based transactions include the card number and the amount for which authorization is sought but typically do not include all of the information necessary to settle the transaction. In many cases, the amount for which authorization is sought is ultimately not the final amount of the transaction. Wachovia receives no notice of the final transaction amount until the transaction is submitted for settlement.

Upon receipt of an authorization query through the applicable network and/or third-party processor, Wachovia conducts a set of initial verification steps and, if those are satisfied, determines if sufficient funds are available in the account given information then known to Wachovia, including the ending balance from the previous posting date plus any information then available about transactions conducted by the customer in the interim, such as pending deposits or debits. In addition to the available balance at the time of the authorization query, Wachovia will also consider available funds from an overdraft protection source(s) or the amount by which the particular account is permitted to go into overdraft should the account balance appear to be insufficient. If sufficient funds appear to be available based on the foregoing factors, Wachovia sends an authorization back to the merchant using the same system that carried the initial authorization query.[1]

---

[1] Wachovia has a process called "partial authorization." If a merchant has the system capability to support "split tender" or multiple forms of payment to complete a customer's transaction, this information is provided with the authorization inquiry. If the customer has sufficient funds to cover a portion of the amount requested — but not the full amount of the purchase — the bank will provide an approval for a "partial authorization" in the amount of funds available. If the

If a POS transaction is authorized, Wachovia usually places a hold on the cardholder's account in the amount of the authorization request to subtract that pending debit from the customer's available balance. The hold is usually in place within a few minutes of the authorization.

If a Wachovia customer uses a debit card to make an ATM withdrawal, Wachovia applies processes and criteria similar to those described above for POS transactions to verify the status of the card and to ascertain whether the transaction should be authorized. Wachovia then sends a response back to the ATM network (if the customer is using a non-Wachovia ATM) or to the customer (at a Wachovia ATM).

If an ATM withdrawal transaction is approved and completed by the customer, Wachovia places a hold on the cardholder's account in the amount of the authorization request to subtract this pending debit from the customer's available balance.

Wachovia posts transactions to customers' accounts at night after each business day. Wachovia cannot post a transaction until full settlement information is received as required under federal regulations. Wachovia usually receives the full settlement information needed to post a PIN-based debit-card transaction or an ATM transaction in time to post the transaction in its batch posting the same business day. Wachovia usually receives the settlement information needed to post a signature-based debit-card transaction within one to three business days. Wachovia sorts to customer accounts the files of all credits and debits received by Wachovia before the cut-off time for that day. Wachovia posts deposits and other credits before debits. Debits are generally sorted from highest to lowest, with some exceptions, and then posted.

An "overdraft" occurs when a debit is posted for which there are insufficient available funds in the account. In most overdraft situations, Wachovia charges fees for overdrafts. The amount by which Wachovia will authorize an account to go into overdraft, or to post items into overdraft, is determined electronically for each individual account through a proprietary algorithm that takes into consideration a variety of factors about the characteristics and history of the account. If Wachovia determines to pay an item for which there are insufficient funds, it will become an overdraft item.

Authorized and completed debit-card transactions and ATM withdrawals cannot be returned for insufficient funds and so will always be posted and paid once submitted for settlement, even if the transaction will cause the account to exceed the overdraft limit. Any such debits that are paid into overdraft are then treated as overdraft items.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects that

customer has an alternative form of payment to complete the full purchase amount, the customer and merchant will approve/accept the transaction.

- 60 -

this interrogatory is vague and ambiguous and rests on inaccurate premises, rendering it argumentative. Wells Fargo further objects that this interrogatory assumes facts and is based on an incomplete hypothetical. Wells Fargo further objects that this interrogatory is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follows:

**A.** ***Initiation and Authorization of Debit Transactions***

The Bank's first knowledge of many electronic debits to a customer's account occurs when it receives the item for settlement and posting. Thus, for example, there is usually no separate "authorization" step for an ACH transaction. Nor (as described below) do all debit-card transactions go through an "authorization" step.

An authorization step usually (but not always) occurs for ATM withdrawals and point-of-sale ("POS") purchases made at a merchant with a Wells Fargo debit card. POS purchases with debit cards may be made through one of two methods: Some merchants employ a POS terminal on which the consumer can enter her personal identification number ("PIN") to initiate the transaction (a "PIN-based" transaction). Alternatively, if no PIN is entered on a POS terminal, the transaction will be treated as a "signature-based" transaction. A customer will often be asked to provide a signature for a signature-based transaction, but a signature is not always required.

When a debit card is presented for payment of a transaction by a customer and the merchant seeks authorization of that debit-card transaction, Wells Fargo will receive an electronic authorization query from the merchant, typically routed through a POS network and/or other intermediate third party. For a signature-based transaction, the query is routed through the VISA network and then to a third-party processor, FDR, for routing to Wells Fargo. Authorization queries for signature-based transactions include the card number and the amount for which authorization is sought but typically do not include all of the information necessary to settle the transaction. Indeed, in many cases, the amount for which authorization is sought is ultimately not the final amount of the transaction. For example, restaurants typically submit authorization requests only for the initial amount of a check, pre-gratuity. Gas stations typically seek authorization only for $1. Other merchants also seek authorizations for amounts that differ from those ultimately submitted for payment. The Bank receives no notice of the final transaction amount until the transaction is submitted for settlement.

Upon receipt of an authorization query through the applicable network and/or third-party processor, the Bank conducts a set of initial verification steps and, if those are satisfied, determines if sufficient funds are available in the account given information then known to the Bank, including the ending balance from the previous posting date plus any information then available about transactions conducted by the customer in the interim, such as pending deposits or debits. In addition to the available balance at the time of the authorization query, the Bank will also consider available funds in a linked overdraft protection source (such as a savings account) and the amount by which the particular account is permitted to go into overdraft should the account balance and overdraft protection funds otherwise appear to be insufficient. If sufficient

882860.2

funds appear to be available based on the foregoing factors, the Bank sends an authorization back to the merchant using the same system that carried the initial authorization query.

There are two circumstances in which POS transactions do not go through the authorization process described above. In some cases, a merchant may not submit the transaction for authorization at all, or its equipment may malfunction, in which case the Bank will have no knowledge of the transaction until it is submitted for settlement. And in rare situations in which one or more of the electronic systems are "down," a stand-in limit will be used until system connectivity is resumed.

If a POS transaction is authorized, the Bank usually places a "memo hold" on the cardholder's account in the amount of the authorization request to subtract that pending debit from the customer's available balance. A memo hold is usually in place within a few minutes of the authorization. If the customer checks his account online while a memo hold is in place, the transaction will appear with the designation "pending."

For PIN-based POS transactions, the Bank places a memo hold on the cardholder's account in the amount of the authorization request. This hold remains in place for one business day, after which the transaction is nearly always posted to the account.[2]  This means that for PIN-based POS transactions conducted during the day (prior to cut-off time), the hold will remain throughout the day and drop prior to the batch posting of transactions that night (on Mondays through Fridays, excluding holidays). For PIN-based POS transactions conducted after cut-off time (and therefore not received for settlement in time for the batch posting session that night), the hold will remain through batch posting and until the next nightly batch posting process. For most signature-based transactions, the Bank's policy is to keep the memo hold in place until the earlier of (1) receipt and posting of the final settlement information for the transaction or (2) three business days. The Bank must limit a memo hold to three business days to comply with VISA rules, which recognize that after three business days there is an increased possibility that either (a) the transaction will never be submitted for settlement or (b) the transaction has already been submitted and posted but has not been "matched" with the memo hold (for example, because of a difference in the final transaction amount).

Unique memo-hold procedures apply to signature-based transactions with certain types of businesses, such as hotels, that regularly obtain authorizations for amounts in excess of the final transaction amounts. For debit-card transactions authorized with merchants in those categories, the Bank only holds the funds in the amount authorized for one business day. The hold will then

---

[2] For purposes of the procedures described here, the Bank's "business day" ends at the daily cut-off time on a day when the Bank performs batch posting to customers' deposit accounts (Monday through Friday, excluding holidays). For a transaction performed after the applicable cut-off time (which will vary depending on the location and type of transaction but is typically in the evening), the first business day will elapse, not with a posting occurring that same night, but rather on the next batch posting occasion. For example, for a transaction performed on a  non-holiday) Tuesday morning, one business day will have elapsed when the account is posted on Tuesday night. For a transaction that occurs at 11:59 p.m. on Tuesday, one business day will elapse on Wednesday night.

drop off the account to prevent excessive holds on customers' funds. Gasoline purchases at automated fuel dispensers also have unique memo-hold procedures. When the authorization query is submitted to activate the pump, the final purchase price is unknown. The gas station typically submits an authorization for $1, and a memo hold of $1 is placed on the account for one business day.

If a Wells Fargo customer uses a debit card to make an ATM withdrawal, the Bank applies processes and criteria similar to those described above for POS transactions to verify the status of the card and to ascertain whether the transaction should be authorized. The Bank then sends a response back to the ATM network (if the customer is using a non-Wells Fargo ATM) or to the customer (at a Wells Fargo ATM).

If an ATM withdrawal transaction is approved and completed by the customer, the Bank places a memo hold on the cardholder's account in the amount of the authorization request to subtract this pending debit from the customer's available balance until the next batch posting, which nearly always occurs within one business day.

### B.   *Receipt of Final Settlement Information and Posting*

The Bank posts transactions to customers' accounts during the late night or early morning hours every business day (typically Monday through Friday, excluding holidays).

The Bank cannot post a transaction until full settlement information is received as required under federal regulations. The Bank usually receives the full settlement information needed to post a PIN-based debit-card transaction or an ATM transaction in time to post the transaction in its batch posting the same business day. The Bank usually (but not always) receives the settlement information needed to post a signature-based debit-card transaction within one to three business days.

During the course of each business day, the Bank receives dozens of batch settlement files from multiple sources, including third-party processors, POS and ATM networks, other banks that are paying (or requesting payment of) checks, and entities submitting ACH payment requests and payments. Each batch file contains the full settlement files for an accumulated collection of transactions from that source for Wells Fargo customers. All of these batch files are then analyzed and matched to customer accounts during batch processing.

Before sending a collection of final settlement files for signature-based debit-card transactions, the Bank's third-party processor, FDR, examines the transactions to identify those for which a memo hold needs to continue in place through at least the following business day. (including those that have not yet been submitted for posting and settlement). At the outset of the batch posting process, Wells Fargo removes all existing memo holds and then reapplies them to those transactions that have been identified by FDR as needing ongoing holds.

Wells Fargo sorts to customer accounts the files of all credits and debits received by the Bank before the cut-off time for that day. The transactions are then posted to each account in the following sort orders:

### i.   *States Other Than Washington, New Mexico, and Nevada*

- 63 -

Except for Nevada, Washington, and New Mexico, the Bank posts deposits and other credits before debits, regardless of the order in which the transactions within that group were actually initiated by the customer. When posting debits to an account, the Bank prioritizes some debits (including cashed checks, ATM transactions, cash withdrawals, and online transfers), which are combined and sorted from highest amount to lowest and posted after deposits but before other debits. Then the remaining debit transactions (including deposited checks, debit-card purchase transactions, and ACH transactions) are combined and sorted together from highest to lowest and posted.

The Bank posts deposits and other credits before debits, regardless of the order in which the customer actually initiated the transactions. This favors the customer, as it provides a window to cover debit transactions that would otherwise create overdrafts. Thus, for example, if a customer initiates a transaction for which there are insufficient funds in the account but makes a covering deposit before the applicable cut-off time on the business day that the transaction is received for posting and settlement (e.g., store cut-off for a deposit or late evening hour for an online transfer), no overdraft will occur under the Bank's current posting practice (absent other debits).

Deposits are generally credited to a customer's account during batch posting on the day received (or, if received on a non-business day, during batch posting on the first business day thereafter), even if the Bank has not received settlement of the funds. For example, if on Tuesday morning a customer deposits into her account a third-party check drawn on Bank A, the Bank will post the deposit to the customer's account Tuesday night, even though Wells Fargo has not yet actually received the funds for that check from Bank A and may not receive the funds for several days. In some (relatively rare) circumstances, the Bank will place a full or partial hold on availability of a deposit for a period of time pending payment. This deposit will be included in the customer's ledger balance, but the hold will reduce the customer's available balance. If Bank A subsequently refuses to pay the check, the posted credit will be reversed.

When posting debits to an account, the Bank prioritizes some debits (including ATM transactions and cash transfers to another account), which are combined and sorted from highest amount to lowest and posted after deposits but before other debits. Then the remaining debit transactions, including personal checks and debit card, Bill Pay, and ACH transactions, are combined and sorted together from highest to lowest and posted. Transactions that exceed the available balance in the account are handled through additional steps, as described below.

### ii.    Washington and New Mexico

In Washington and New Mexico, the Bank begins by posting certain transactions received for settlement that business day that the Bank's electronic records show actually occurred on previous days. These include deposits made on a previous day (e.g., over the weekend at an ATM) and debit-card transactions initiated on earlier days but not previously submitted for settlement and payment. After these earlier transactions are posted, the Bank proceeds to post transactions dated that business day. These include deposits and debit-card transactions that are both initiated and submitted for settlement that same day, as well as checks,

- 64 -

882860.2

ACH transactions, Bill Pay transactions, and other debits that the Bank receives for settlement that day.[3]  Thus, on each business day the bank posts transactions in two general groups: "previous-day" transactions first, followed by "same-day" transactions.[4]  For the transactions within each of these two groups ("previous-day" and "same day"), the posting rules are the same as previously described (i.e., all deposits and credits, followed by certain priority debits, followed by the remaining debit transactions).

### iii.    Nevada

In Nevada, Wells Fargo posts deposits and other credits before debits, as it does in its other geographic regions. This is true regardless of the order in which the transactions are actually initiated by the customer. Then, when posting debits, the Bank prioritizes some debits (including ATM transactions, cash withdrawals, and online transfers), which are combined and sorted from highest amount to lowest and posted after deposits but before other debits. Then, checks and ACH transactions converted from checks are posted to customers' accounts in serial order. At that point, the remaining debit transactions (including debit-card purchase transactions and non-converted ACH transactions) are combined and sorted together from highest to lowest and posted.

### C.    *Determination of Overdrafts and Assessment of Overdraft Fees*

An "overdraft" occurs when a debit is posted for which there are insufficient available funds in the account. Many overdrafts occur in situations over which the Bank has no control; in other instances, the Bank exercises its right under the Account Agreement to post items into overdraft. In most overdraft situations, the bank charges fees for overdrafts. A per-item overdraft fee is assessed for each item that posts into overdraft.

---

[3] Checks, ACH transactions, and Bill Pay transactions are dated for posting purposes as of the business day on which the Bank receives them for settlement and payment, even though most such transactions were actually initiated or authorized earlier by the customer. In most instances, the Bank does not receive authoritative and easily processed information on the actual date of initiation of such transactions. Also, for transactions in some of these categories, the customer may have the ability to cancel the transaction before settlement, so the customer has not firmly committed his account funds at the time of initiation. (Thus, for example, a customer may stop payment on a check or cancel a pre-scheduled monthly payment up until the time of settlement.) In some instances, the Bank may receive a file of checks from another financial institution just before the cut-off time for posting. The file will be dated as received on current-day, yet the Bank is unable to include the file in that night's batch process. On the following business day, this file of checks will post as "previous-day" debits and will be sorted high-to-low with other previous-day debits.

[4] Before October 1, 2005, the Bank did not separate out same-day transactions; instead, it simply posted all transactions received for settlement on a given day without any differentiation as to date of initiation, as it currently does in all other states except Nevada (and as described above in Section B.i.).

882860.2

To determine whether there is an overdraft, the Bank begins by determining the available balance in the account. The Bank then evaluates transactions in the order specified previously. Debit transactions that can be paid with available funds are then posted to the account. When debit transactions exceed the available balance – but can be paid with funds available in a linked overdraft protection source (such as a savings account) – the debit transaction(s) post to the account and a single credit transaction moves funds from the linked overdraft protection account into the deposit account at the end of posting.

If debit transactions exceed both available funds and any linked overdraft protection funds, the transactions are "flagged" as exceeding available funds.[5]  If an item is returnable (such as a check or ACH transaction), the Bank must make a decision either to pay the item or to return it for insufficient funds. The amount by which the Bank will authorize an account to go into overdraft, or to post items into overdraft, is determined electronically for each individual account through a proprietary algorithm that takes into consideration a variety of factors about the characteristics and history of the account. If the Bank determines to pay an item for which there are insufficient funds, it will become an overdraft item. If the Bank determines that the criteria for payment are not met, it will refuse payment and return the item. If the Bank refuses payment for insufficient funds and returns an item, it charges a per-item returned item fee, which is similar in amount to the overdraft item fee.

Authorized and completed debit-card transactions and ATM withdrawals cannot be returned for insufficient funds and so will always be posted and paid once submitted for settlement, even if the transaction will cause the account to exceed the overdraft limit. Any such debits that are paid into overdraft are then treated as overdraft items.

Any debit item paid into overdraft usually results in the assessment of an overdraft item fee. However, no overdraft item fees are assessed if the debit items that put the account into overdraft could have been paid by available funds if the Bank had not adjusted the available balance for pending debit transactions subject to memo holds. As a practical matter, this means that in many instances no overdraft fees are imposed even when a customer spends money that he has already committed elsewhere. Also, overdraft item fees are not assessed on overdraft items that are themselves fee transactions (such as a monthly service fee or an overdraft fee), if the overdrawn balance of the account is less than or equal to $1, or for overdraft items in excess of 10 posting on a business day.

Following the day's posting, if an overdraft or returned item fee is to be assessed on an account, an electronic notice is sent to the branch at which the customer maintains the account, where branch personnel have the ability to review and reverse the fee. If the fee is not reversed, it is then posted to the account, and an overdraft/insufficient funds notice is sent via U.S. or electronic mail to the customer.

---

[5] For accounts in Washington and New Mexico, a previous-day debit will be "flagged" for insufficient available funds, even if a subsequent "current-day" deposit brings the account balance positive.

**INTERROGATORY NO. 10**

      For each step in the process described in your answer to Interrogatory No. 9, identify each computer system or database used to transmit and/or store information and for each such database or system, identify its task and function and describe in detail where and how you retain the information associated with each step and the process by which such records or information can be accessed.

**RESPONSE TO INTERROGATORY NO. 10:**

      **BofA (Tornes)**

      Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 12 ("Communication"), Definition No. 16 ("Customer"), Definition No. 18 ("Item"), Definition No. 19 ("Account"), Definition No. 20 ("Authorized"), and Definition No. 21 ("Received"), as well as its objections to Interrogatory No. 9, set forth above. Bank of America further objects to this interrogatory on the ground that the terms and phrases "task and function," "describe in detail," "information associated with each step," and "process by which such records or information can be accessed" are unduly burdensome, oppressive, vague, and ambiguous and Bank of America does not know what is intended by them.

      Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

      Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate its posting order and/or overdraft fee related policies, practices, and procedures.

      Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

      Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of the computer systems, as well as the relevant information processed and retained by such systems, that are involved in the authorization and posting of electronic debit card transactions.

      Furthermore, Bank of America, pursuant to Fed. R. Civ. P. 33(d), has identified various business records, and has prepared a compilation and summary from its business records, which identify the computer systems, as well as the relevant information processed and retained by such systems, that are involved in the authorization and posting of electronic debit card transactions, and the Bank intends to produce these documents, subject to the conditions set forth

882860.2

herein.  The Bank will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

Bank of America's compilation and summary, and the other aforementioned documents and general description, however, contain trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to or produce any documents responsive to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned narrative description, and the aforementioned compilation and summary and other documents, pursuant to the terms of the protective order.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 12 ("Communication"), Definition No. 16 ("Customer"), Definition No. 18 ("Item"), Definition No. 19 ("Account"), Definition No. 20 ("Authorized"), and Definition No. 21 ("Received"), as well as its objections to Interrogatory No. 9, set forth above. Bank of America further objects to this interrogatory on the ground that the terms and phrases "task and function," "describe in detail," "information associated with each step," and "process by which such records or information can be accessed" are unduly burdensome, oppressive, vague, and ambiguous and Bank of America does not know what is intended by them.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate its posting order and/or overdraft fee related policies, practices, and procedures.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of the computer systems, as well as the relevant information processed and retained by such systems, that are involved in the authorization and posting of electronic debit card transactions.

Furthermore, Bank of America, pursuant to Fed. R. Civ. P. 33(d), has identified various business records, and has prepared a compilation and summary from its business records, which identify the computer systems, as well as the relevant information processed and retained by such systems, that are involved in the authorization and posting of electronic debit card transactions, and the Bank intends to produce these documents, subject to the conditions set forth herein,. The Bank will supplement its response to this interrogatory, if needed, as its investigation continues, and consistent with applicable rules.

Bank of America's compilation and summary, and the other aforementioned documents and general description, however, contain trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to or produce any documents responsive to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned narrative description, and the aforementioned compilation and summary and other documents, pursuant to the terms of the protective order.

### JP Morgan Chase

Chase incorporates by reference its specific objections to Interrogatory No. 9. Chase further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce concerning computer systems and databases concerning electronic debit card transactions. See also Chase's Responses to RFPs 32, 33, 41, 69, 70. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; (iv) it seeks confidential, proprietary business information that belongs to Citibank; and (v) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows:

The computer system referenced in Citibank's Response to Interrogatory No. 9 is TPS. TPS supports real time available balance calculations. TPS records and stores customer-initiated debit card transactions that occur through, among other sources, ATMs and PIN and signature purchases, and updates account balances throughout the day. TPS approves or rejects

882860.2

transactions based on its running calculation of the available balance. TPS does not permit the available balance to become negative, which is what determines whether a transaction will be approved or, in the case of signature purchases, authorized. For ATM transactions and PIN purchases, the customer must have available funds to allow the transaction to be approved, and for signature purchases, to be authorized. Authorized signature purchases come to TPS from third party credit card systems (e.g., MasterCard) and are applied directly to an account. Signature-based authorizations are applied to account balances for up to three days unless replaced by a matching settlement item provided by the credit card system to TPS.

Most transactions are approved or denied based on the TPS available balance. There are limited exceptions in which an account is debited through a manual override. These exceptions could drive the IPS account balance negative. With respect to electronic debit card transactions, such exceptions include settlement of signature-based transactions or where a stand-in process was in place (i.e., when TPS is not working and Citibank uses a third party vendor's processing system to approve transactions). Even in such instances, overdraft fees are not assessed on ATM withdrawals, PIN-based purchases, signature-based purchases where the settlement amount does not exceed the authorization amount, and any other transactions that are currently not subject to overdraft fees.

TPS transactions are not directly tied to the overdraft process. Transactions are grouped by category and a posting order is applied by category during overnight processing on Citibank's back-end systems, as described above in Citibank's Response to Interrogatory No. 9, which is incorporated herein as if fully set forth.

**Union Bank**

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous, particularly with respect to its request for identification of the "task and function" of various databases or "systems" and its request for a description "in detail" of where and how information is maintained.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

The following computer systems or databases are used to transmit and/or store information: The TBA system; TCS system; the teller, "TNA" or "TN3" system; XCP system; and, the DDA system.

Union Bank objects to the remaining portions of this interrogatory which requests that it identify the "task and function" of each database or system, and that it describe in detail "where and how" information is retained and "the process" by which records and information can be accessed from these systems or databases. ,Such requests are vague, ambiguous, unduly burdensome and oppressive. It is not clear what information plaintiffs are seeking, and providing all of the information potentially sought by this interrogatory would be unduly burdensome and oppressive and would require Union Bank to provide extensive amounts of information which is not relevant to the parties' claims and defenses in this lawsuit. Union Bank is willing to meet and

882860.2

confer with plaintiffs and may respond further to this interrogatory if it is narrowed appropriately.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "each computer system or database used to transmit and/or store information," "task and function, "describe in detail," and "process by which such records or information can be assessed" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: U.S. Bank will provide a description of its computer systems and databases involved in an electronic debit transaction after entry of an appropriate protective order.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "each computer system or database used to transmit and/or store information," "task and function, "describe in detail," and "process by which such records or information can be assessed" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Wachovia will supplement its response with a description of its databases after entry of an appropriate protective order and agreement on an ESI protocol.

### Wells Fargo

882860.2

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is overbroad and unduly burdensome in its request for a detailed identification or description of (i) each system and database involved in the processing of debit-card transactions, (ii) each task performed by each such system and database, (iii) each function performed by each such system and database, and (iv) how information associated with each of these multitude of steps is recorded. Wells Fargo further objects to this interrogatory as compound in that it propounds multiple independent questions that should properly count as separate interrogatories.

Subject to and without waiving the foregoing objections, Wells Fargo responds as follows with respects to the internal systems that are primarily involved in the processing of debit-card transactions and/or the storage of customer transaction data:

A.      **The Hogan System**: The Hogan System ("Hogan") is Wells Fargo's system of record. Hogan processes and posts day-to-day transaction activity for the Bank's customers. The Hogan system is not an information archival system. It maintains only recent transaction data from the current and the past two account statement periods (roughly between 61 and 90 days).

B.      **RDS ("The Authorization System"):** RDS receives electronic authorization requests, which it forwards to Hogan for approval or denial. It then relays authorization responses back. Although RDS logs certain transaction information, it is not an information archival system. It retains only recent transaction data from the current business day and the prior business day.

C.      **The Settlement System**: The Settlement System receives information from other systems, including the Bank's third-party processor, indicating which transactions should be settled and posted to customers' accounts. Certain information about these transactions are exported from the Settlement System and stored on the Bank's mainframe for 180 days. The Settlement System also gathers certain transaction information logged by RDS and creates Authorization Logs for each 24-hour period that record certain transaction data in a fixed report.

D.      **The BMG Data Warehouse**: BMG is Wells Fargo's principal analytic database for historic deposit account transaction information. Since 1999, certain transaction data has been loaded onto BMG, but only data from the last 25 months (on a rolling basis) is maintained in an active format. Transaction data from more than 25 months ago is archived.

## INTERROGATORY NO. 11:

**On an annual basis for each year since 2002 and for each State in which you maintain consumer accounts, state (a) the aggregate total dollar amount of overdraft fees you assessed against your customers' accounts; (b) the aggregate total dollar amount of overdraft fees assessed against customer accounts that you have forgiven, waived, reversed or otherwise not collected; and (c) the number of your customers' accounts that have been assessed more than one overdraft fee on a single day.**

- 72 -

882860.2

## RESPONSE TO INTERROGATORY NO. 11:

### BofA (Tornes)

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 16 ("Customer"), and Definition No. 19 ("Account"), set forth above. Bank of America further objects to this interrogatory on the ground that the phrases "on an annual basis for each year since 2002 and for each State in which you maintain consumer accounts" and "aggregate total dollar amount" are overbroad, particularly in light of the fact that this case is limited to purported overdraft fees assessed on debit card and ATM transactions, and are unduly burdensome, vague, and ambiguous and Bank of America does not know what is intended by them.

Bank of America objects to this interrogatory to the extent that it asks Bank of America to compile and state three separate types of figures for each year going back to 2002 and in each state in which Bank of America maintains bank branches, as overbroad, unduly burdensome, and oppressive on the grounds that this case is in the early stages of discovery, and that the discovery requested will require searching through archived and not readily accessible ESI records, resulting in substantial expenditures of time and expense. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only he produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. p. 33(d), Bank of America has prepared a compilation and summary from existing and reasonably available business records and data stored within its electronic data warehouse, known as "the W", which indicates: (1) the total dollar amount of overdraft fees assessed against its consumer deposit account customers on debit card and ATM transactions for the time period January 2007 to April 2010 and (2) the total dollar amount of overdraft fees that have been refunded to its consumer deposit account customers for the time period January 2007 to April 2010. Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summary as needed, as its investigation continues, and consistent with applicable rules.

This compilation and summary, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 16 ("Customer"), and Definition No. 19 ("Account"), set forth above. Bank of America further objects to this interrogatory on the ground that the phrases "on an annual basis for each year since 2002 and for each State in which you maintain consumer accounts" and "aggregate total dollar amount" are overbroad, particularly in light of the fact that this case is limited to purported overdraft fees assessed on debit card and ATM transactions, and are unduly burdensome, vague, and ambiguous and Bank of America does not know what is intended by them.

Bank of America objects to this interrogatory to the extent that it asks Bank of America to compile and state three separate types of figures for each year going back to 2002 and in each state in which Bank of America maintains bank branches, as overbroad, unduly burdensome, and oppressive on the grounds that this case is in the early stages of discovery, and that the discovery requested will require searching through archived and not readily accessible ESI records, resulting in substantial expenditures of time and expense. Discovery and investigation are ongoing and Bank of America reserves the right to amend, correct, supplement, and/or clarify its responses to this interrogatory to the extent that Bank of America learns additional information during the course of discovery in this case.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only he produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Pursuant to Fed. R. Civ. p. 33(d), Bank of America has prepared a compilation and summary from existing and reasonably available business records and data stored within its

882860.2

electronic data warehouse, known as "the W", which indicates: (1) the total dollar amount of overdraft fees assessed against its consumer deposit account customers on debit card and ATM transactions for the time period January 2007 to April 2010 and (2) the total dollar amount of overdraft fees that have been refunded to its consumer deposit account customers for the time period January 2007 to April 2010. Further, Bank of America is diligently investigating and compiling, where it exists and is reasonably accessible, additional information responsive to this interrogatory, and will supplement its summary as needed, as its investigation continues, and consistent with applicable rules.

This compilation and summary, however, contains trade secret, proprietary, competitively sensitive, or other confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any documents in response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned document, pursuant to the terms of the protective order.

### JP Morgan Chase

Chase objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence, and falls outside of applicable statutes of limitations.

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents and/or data that it agrees to produce, subject to the entry of an appropriate protective order, concerning the aggregate amounts requested. See also Chase's Responses to RFPs 27, 28. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it seeks confidential, proprietary business information that belongs to Citibank; and (vi) it is an improper request for information prior to class certification.

### Union Bank

Union Bank objects to this interrogatory on the grounds that it is unduly burdensome and oppressive.

882860.2

Union Bank objects to this interrogatory to the extent that it seeks information pertaining to overdraft fees assessed prior to July 16,2005, and Union Bank declines to provide information relating to overdraft fees assessed prior to that date.

Union Bank objects to this interrogatory on the ground that a complete answer can only be provided by accessing ESI, and it is impossible for Union Bank to perform this task within the amount of time allowed for providing a response to this interrogatory. Union Bank is meeting and conferring with plaintiffs in an effort to reach an agreement concerning ESI protocols, and will agree to a reasonable time line for providing the information requested in this interrogatory which can only be obtained through searching ESI.

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

Union Bank has certain information requested in subparts (a) and (b) of this interrogatory and will provide that information to plaintiffs after the parties have entered into an appropriate protective order which precludes the use or dissemination of this information for purposes other than this lawsuit. Other information sought in this interrogatory, including the information sought in subpart (c), can only be obtained through accessing ESI maintained by Union Bank. As set forth in General Objection No. 10, Union Bank is willing to meet and confer with plaintiffs to agree upon a protocol for producing ESI, including ESI from which some of the information sought in this interrogatory can be ascertained, subject to its position that it will not produce information which is not reasonably accessible because of undue burden or cost, it may require plaintiffs to pay some or all of the costs of developing information from ESI, and it will produce information derived from ESI on a reasonable timeline which is agreed to between the parties.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrase "aggregate total dollar amount of overdraft fees" renders it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary

882860.2

principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrase "aggregate total dollar amount of overdraft fees" renders it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Wachovia will supplement its response after entry of an appropriate protective order.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects that this interrogatory is vague and ambiguous in its use of the term "assessed." Wells Fargo further objects that this interrogatory is vague and ambiguous in its use of the terms "forgiven," "waived," and "reversed." It is unclear whether plaintiffs intend this interrogatory also to include charge-offs, which include overdraft fees that are assessed on an account but are charged off after a period of time if not paid.

Wells Fargo further objects to this interrogatory as overbroad, unduly burdensome, and not relevant to the current claims of the named plaintiffs to the extent it calls for information about overdrafts and overdraft fees in states outside of Washington, New Mexico, and Oregon. At this time, these cases are limited to accounts in Washington, New Mexico, and Oregon, and Wells Fargo will not agree to produce data broken down on a state-by-state basis for states other than those that are at issue in this litigation.

Wells Fargo further objects that this interrogatory is overbroad and unduly burdensome; data from which complete responses going back to 2002 can be calculated for Washington, New Mexico, and Oregon exist only in archived format and can be restored to a searchable format only with considerable time and expense. Wells Fargo is prepared to meet and confer with plaintiffs in good faith concerning their actual information needs and an appropriate mechanism for payment of the costs of retrieving that archived information.

Wells Fargo further objects that the information requested by this interrogatory is commercially sensitive, proprietary, and confidential. No substantive response will be provided until a suitable protective order has been entered in these cases.

**INTERROGATORY NO. 12:**

**Describe in detail how you determine whether to authorize a debit transaction made on a customer's account. In the event an automated algorithm is used, describe in detail each factor considered by the algorithm and the weight ascribed to each such factor.**

**RESPONSE TO INTERROGATORY NO. 12:**

    **BofA (Tornes)**

    Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 16 ("Customer"), Definition No. 19 ("Account"), and Definition No. 20 ("Authorized"), set forth above.  Bank of America further objects to this interrogatory on the ground that the phrase "[d]escribe in detail" is unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by it.

    Bank of America further objects to this interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of relevant and admissible evidence, particularly to the extent that it seeks information relating to the algorithm used, or any specific factors that Bank of America considers with respect to any particular plaintiff or putative class member in determining whether to authorize a debit card transaction initiated by that customer.

    Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

    Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate how it determines whether to "authorize" an electronic debit card transaction.

    Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

    Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

    Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of how Bank of America determines whether to authorize a debit card transaction made on a consumer deposit account.  This general description, however, contains trade secret, proprietary, competitively sensitive, or other highly confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.  Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned general description, pursuant to the terms of the protective order.

    **BofA (Yourke)**

882860.2

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant"), Definition No. 16 ("Customer"), Definition No. 19 ("Account"), and Definition No. 20 ("Authorized"), set forth above. Bank of America further objects to this interrogatory on the ground that the phrase "[d]escribe in detail" is unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by it.

Bank of America further objects to this interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of relevant and admissible evidence, particularly to the extent that it seeks information relating to the algorithm used, or any specific factors that Bank of America considers with respect to any particular plaintiff or putative class member in determining whether to authorize a debit card transaction initiated by that customer.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate how it determines whether to "authorize" an electronic debit card transaction.

Bank of America further objects that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of how Bank of America determines whether to authorize a debit card transaction made on a consumer deposit account. This general description, however, contains trade secret, proprietary, competitively sensitive, or other highly confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information. Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned general description, pursuant to the terms of the protective order.

**JP Morgan Chase**

Chase objects to this Interrogatory on the grounds that it is vague and ambiguous, including the phrase "authorize a debit transaction made on a customer's account." Chase further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks

information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the method by which Chase determines whether or not to authorize an electronic debit card transaction. See also Chase's Responses to RFPs 34, 35, 36. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

### Citibank

Citibank objects to this Interrogatory on the grounds, among others, that:  (i) it ·is vague and ambiguous; (ii) it is compound; (iii) it seeks confidential, proprietary business information that belongs to Citibank; and (iv) it is duplicative of Interrogatory No. 9.

### Union Bank

Union Bank objects to this interrogatory on the grounds that it is vague and ambiguous in its request for a description of this process "in detail."

Union Bank will authorize the debit card transaction if the customer, at the time of the request for the authorization, has sufficient funds in his primary account balance to cover the transaction. This is true even though there may be insufficient funds in the account to pay the item when it is later presented for payment, because of other debits which might be posted to the customer's account at the time of presentment or during the interim. Union Bank may also authorize the transaction even if the customer does not have sufficient funds to cover the item in his primary account balance at the time of the transaction. Specifically, the transaction may be authorized if the customer has sufficient funds available in his savings overdraft account, his cash reserve account, or under an overdraft limit which has been established by Union Bank for that particular customer on that particular day. If the transaction is authorized by Union Bank, Union Bank communicates that authorization to the Star network, which communicates it to MasterCard, which communicates it to the merchant requesting authorization.

Union Bank objects to providing further detail in its response to this interrogatory on the grounds that it seeks information which is highly confidential, proprietary and constitutes a protected trade secret. Union Bank is willing to provide the remaining information sought in this interrogatory only after plaintiffs have entered into a protective order which is acceptable to Union Bank and which would limit the use and dissemination of information sought in this interrogatory.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is

- 80 -

not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrase "describe in detail" and the term "determine" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrase "describe in detail" and the term "determine" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wells Fargo

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects to this interrogatory as vague and ambiguous in its use of the undefined term "automated algorithm." Wells Fargo further objects to this interrogatory insofar as it purports to seek detailed information that constitutes proprietary trade secrets for which plaintiffs have no legitimate need, particularly at this stage of the litigation. This interrogatory is accordingly overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections, Wells Fargo states that its process for determining whether to authorize a customer's debit-card transaction is described in its Response to Interrogatory No. 9, and that response is hereby incorporated by reference.

## INTERROGATORY NO. 13:

**Describe in detail the manner in which your Hogan or RDS (or equivalent) system operates with regard to the processing of items.**

## RESPONSE TO INTERROGATORY NO. 13:

### BofA (Tornes)

882860.2

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above.  Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant") and Definition No. 18 ("Item"), set forth above. Bank of America further objects to this interrogatory on the ground that the terms and phrases "[d]escribe in detail," "operates," "processing of items," and "Hogan or RDS (or equivalent)" are unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by them.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate how any computer systems operate with respect to the processing of electronic debit card transactions or other "items."

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of how its posting systems process debit card transactions.  Bank of America will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.  This general description, however, contains trade secret, proprietary, competitively sensitive, or other highly confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information. Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to this interrogatory at this time.  Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned general description, pursuant to the terms of the protective order.

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant") and Definition No. 18 ("Item"), set forth above. Bank of America further objects to this interrogatory on the ground that the terms and phrases "[d]escribe in detail," "operates," "processing of items," and "Hogan or RDS (or equivalent)" are unduly burdensome, vague, and ambiguous and Bank of America does not understand what is intended by them.

Bank of America further objects to this interrogatory to the extent that it calls for the production of trade secret, proprietary, competitively sensitive, or other confidential information, or financial or other information protected under a right of privacy, which will only be produced

subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information.

Bank of America further objects to this interrogatory as cumulative of other interrogatories, to the extent that it asks Bank of America to restate how any computer systems operate with respect to the processing of electronic debit card transactions or other "items."

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has prepared, and intends to produce, subject to the conditions set forth herein, a general description of how its posting systems process debit card transactions. Bank of America will supplement its summary if needed, as its investigation continues, and consistent with applicable rules.

This general description, however, contains trade secret, proprietary, competitively sensitive, or other highly confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information. Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not respond to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned general description, pursuant to the terms of the protective order.

**JP Morgan Chase**

Chase objects to this Interrogatory on the grounds that it is vague and ambiguous, including the terms "equivalent" and "processing."

Subject to and without waiving the foregoing general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Chase refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the system(s) it employs. See also Chase's Responses to RFPs 41, 69, 70. Chase further agrees to meet and confer with Plaintiffs over whether a further narrative response is required after review of such documents.

**Citibank**

Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad; and (iv) it seeks confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows: With respect to the transaction processing at issue, Citibank's Responses to Interrogatories Nos. 9 and 10 are incorporated herein as if fully set forth.

**Union Bank**

882860.2

Union Bank objects to this interrogatory on the grounds that it is vague, ambiguous, unintelligible, overbroad, unduly burdensome and oppressive. Union Bank has no such system. Union Bank cannot respond to this interrogatory as drafted. Union Bank will meet and confer with plaintiffs in an effort to determine what is sought in this interrogatory and may provide a further response based upon clarification of this interrogatory.

### US Bank

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "describe in detail," "manner in which your . . . system operates," and "processing of items" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

### Wachovia

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "describe in detail," "manner in which your . . . system operates," and "processing of items" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: Wachovia will supplement its response with a description of its databases after entry of an appropriate protective order and agreement on an ESI protocol.

### Wells Fargo

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects that

- 84 -

this interrogatory is vague, ambiguous, overbroad, and unduly burdensome in its use of the undefined and extremely broad terms "operates," "processing," and "items." Wells Fargo further objects that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information concerning operations and transactions that are unrelated to any claim or defense in this case. Subject to and without waiving those objections, Wells Fargo responds that the manner in which its processes transactions is described in detail in its Response to Interrogatory No. 10, and that response is hereby incorporated by reference.

**INTERROGATORY NO. 14:**

Identify all third parties, other than legal counsel or federal agencies, who have provided any documents, advice, assistance, proposals, reports. studies or services of any kind to you in connection with your policies, practices and procedures relating to the determination or assessment of overdraft fees, or the revenue projected to be derived from such fees.

**RESPONSE TO INTERROGATORY NO. 14:**

**BofA (Tornes)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant") and Definition No. 11 ("Documents"), set forth above. Bank of America further objects to this interrogatory on the ground that the terms and phrases "provided", "in connection with," "determination or assessment," and "revenue projected to be derived from" are vague and ambiguous and Bank of America does not know what is intended by them.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has identified, and intends to produce, subject to the conditions set forth herein, the names of one or more third parties that are responsive to this interrogatory. Bank of America will supplement its response if needed, as its investigation continues, and consistent with applicable rules.

The identities of these third parties, however, constitute trade secret, proprietary, competitively sensitive, or other highly confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information. Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned third party names, pursuant to the terms of the protective order.

882860.2

**BofA (Yourke)**

Bank of America incorporates by reference its General Objections, Objections to Instructions, and Objection to the Time Frame for Interrogatories, set forth above. Bank of America further incorporates its objections to Definition No. 10 ("You," "your," and/or "defendant") and Definition No. 11 ("Documents"), set forth above. Bank of America further objects to this interrogatory on the ground that the terms and phrases "provided", "in connection with," "determination or assessment," and "revenue projected to be derived from" are vague and ambiguous and Bank of America does not know what is intended by them.

Subject to and without waiving any of these objections, Bank of America responds to this interrogatory as follows:

Bank of America has identified, and intends to produce, subject to the conditions set forth herein, the names of one or more third parties that are responsive to this interrogatory. Bank of America will supplement its response if needed, as its investigation continues, and consistent with applicable rules.

The identities of these third parties, however, constitute trade secret, proprietary, competitively sensitive, or other highly confidential information and will only be produced subject to a valid protective order entered into with respect to such information that would appropriately and sufficiently limit the use and dissemination of such information. Since no appropriate protective order has been agreed to by the parties and/or approved by the Court as of the date these responses are due, Bank of America will not produce any response to this interrogatory at this time. Once an appropriate protective order is entered, or soon thereafter, Bank of America will produce the aforementioned third party names, pursuant to the terms of the protective order.

**JP Morgan Chase**

Chase objects on the grounds that the Interrogatory potentially reaches Chase's policies, practices, and procedures for, among other things, setting the amount of overdraft fees imposed, and the Interrogatory is therefore overly broad, unduly burdensome, and seeks information that is irrelevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Chase agrees to conduct a reasonable inquiry and identify the requested third parties.

**Citibank**

Citibank objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is compound; (iii) it is overbroad, unduly burdensome and harassing; and (iv) it seeks confidential, proprietary business information that belongs to Citibank. Without waiving, and subject to, its objections, Citibank responds to this Interrogatory as follows: Citibank is not aware at this time of any third parties who have provided any documents or rendered any services regarding ~he matters set forth in this Interrogatory. Investigation is ongoing.

**Union Bank**

Subject to its specific and general objections stated above, and without waiver of any of those objections, but without withholding any information based upon its objections except as specifically noted, Union Bank responds to this interrogatory as follows:

(1) CAST Management Consultants, Inc., 700 S. Flower Street, Suite 1900, Los Angeles, California, 90017; (2) Earnings Performance Group.

**US Bank**

Defendant hereby incorporates its General Objections. Defendant objects to this Interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant further objects to this Interrogatory on the ground that the phrases "documents, advice, assistance, proposals, reports, studies or services of any kind," "policies, practices and procedures," and "relating to" render it vague and ambiguous. Defendant further objects to this Interrogatory as compound. Defendant further objects to this Interrogatory to the extent it seeks information concerning "all third parties" on the ground that it is overly broad and the effort required to respond to it is so great as to render the Interrogatory unduly burdensome. Defendant further objects to this Interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this Interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows: The following third parties have provided proposals or studies in connection with U.S. Bank's policies, practices or procedures regarding overdrafts:  Sheshunoff, Methods Research, Inc. ("MRI"), Fiserv (formerly Carreker), and CAST.

**Wachovia**

Defendant hereby incorporates its General Objections. Defendant objects to this interrogatory to the extent it seeks information protected from disclosure under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or evidentiary principle. Defendant further objects on the grounds that the interrogatory seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as overbroad and unduly burdensome. Defendant further objects to this interrogatory on the ground that the phrases "documents, advice, assistance, proposals, reports, studies or services of any kind," "policies practices and procedures," and "relating to" render it vague and ambiguous. Defendant further objects to this interrogatory as compound. Defendant further objects to this interrogatory to the extent it seeks information concerning "all third parties" on the ground that it is overly broad and the effort required to respond to it is so great as to render the interrogatory unduly burdensome. Defendant

882860.2

further objects to this interrogatory on the ground that it is unduly burdensome to the extent that it is duplicative of other interrogatories propounded by Plaintiffs. Defendant further objects to this interrogatory on the ground that it seeks confidential and proprietary information, and a protective order has not been entered in this case.

Subject to and without waiving its general and specific objections, Defendant responds as follows:  Carreker, Cast Management Consulting, Methods Research, Informa, and Earnings Performance Group.

**Wells Fargo**

Wells Fargo incorporates each of its General Objections into its response as if set forth verbatim herein. Wells Fargo further objects that this interrogatory is compound in that it presents multiple separate and logically independent questions. Wells Fargo further objects that this interrogatory is vague, ambiguous, overbroad, and unduly burdensome in its use of the undefined and extremely broad term "documents, advice, assistance, proposals, reports, studies or services of any kind." Wells Fargo further objects that this interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information concerning policies, practices, or procedures that are unrelated to any claim or defense in this case. Subject to and without waiving those objections, Wells Fargo responds as follows:

1.　American Bankers Association

2.　BAI Research

3.　Carreker-Antinori, Inc.

4.　Carreker Corp.

5.　Celent, LLC

6.　CheckFree Corp.

7.　Earnings Performance Group Inc.

8.　Fiserv, Inc.

9.　Forrester Research, Inc.

10.　Informa Research Services, Inc.

11.　Mercator Advisory Group

12.　Moorthy, Riggs & Associates

13.　The Nillson Report

14.　The Tower Group, Inc.

- 88 -

882860.2

15.    US Datatron, Inc.

882860.2

# EXHIBIT D

McGuireWoods LLP
Bank of America Corporate Center
100 North Tryon Street
Suite 2900
Charlotte, NC 28202-4011
Phone: 704.373.8999
Fax: 704.373.8935
www.mcguirewoods.com

J. Griset
Direct: 704.343.2193

# McGuireWoods

jgriset@mcguirewoods.com
Direct Fax: 704.444-8734

June 2, 2010

Robert C. Gilbert, Esq.
4141 Northeast 2nd Avenue
Suite 201
Miami, Florida 33137

> **Re:** **In Re: Checking Account Overdraft Litigation**
> **MDL Case No. 2036**

Dear Bobby:

We have reviewed the discovery requests served on Defendants on May 13, 2010 and have analyzed Plaintiffs' proposed changes to the ESI Discovery Plan in light of those requests. Defendants Bank of America, N.A. ("BANA"), JPMorgan Chase Bank, N.A. ("Chase"), Union Bank, N.A. ("Union"), U.S. Bank, N.A. ("US Bank"), Wachovia Bank, N.A. ("Wachovia") and Wells Fargo Bank, N.A. ("Wells Fargo")(collectively "Defendants") have also discussed your proposed changes to the plan. This letter summarizes Defendants' joint position on the ESI plan.

In addition, Defendants agree that there are some areas of the plan that each Defendant will want to discuss with you separately, as each Defendant's position will be unique. Those areas are outlined below as well.

**A.      Production Format (Paragraph 2 of Plaintiffs' Proposed Plan)**

You indicated in your cover e-mail to your proposed plan that you would not agree to a non-native production, but your plan proposes an alternative format in an effort to continue dialogue on this issue.

Defendants have reviewed and discussed the format proposed in paragraph 2 and Defendants are willing to agree to that format, with a few proposed changes to the fields you have proposed. For ease of reference, we are attaching to this letter a redlined version of paragraph 2, showing Defendants' proposed changes.[1]

Please let us know whether Plaintiffs will agree to this proposed format with the changes shown.

---

[1] Plaintiffs' counsel are already in possession of Wells Fargo's production from the *Zankich* case, which was produced in a different format. Except as may be separately agreed between the parties, the proposed protocol applies only to future productions and not to those already made.

Robert C. Gilbert, Esq.
June 2, 2010
Page 2


**B.      Hard Copy Data**

       Defendants will agree to the format proposed in paragraph 1(h) of Plaintiffs
Proposed Plan.


**C.      Identification of Custodians and Data Sources (Paragraph 1(a)(i)(1) and (2)
         of Plaintiffs' Proposed Plan)**

       Each Defendant will separately correspond with Plaintiffs regarding its custodians
and sources of data from which it is collecting data and documents.  Defendants note,
however, that Plaintiffs' discovery requests are extremely broad and seek, for example,
all documents in each Defendant's entire organization that use the term "overdraft."
(RFP 12).  Given the breadth of these requests, the number of custodians, data sources
and documents that are potentially "relevant" is extremely voluminous.

       Also, Defendants will not agree to allow Plaintiffs to dictate from which
custodians and sources Defendants will collect data.  The producing party has the right
to define the search process, given its superior knowledge and exclusive access to the
ESI.  *See* Sedona Principles, 2d ed., cmt. 6.a. ("The producing party should determine
the best and most reasonable way to locate and produce relevant information in
discovery"); *Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 427 (D.N.J.
2009)("The producing party responding to a document request has the best knowledge
as to how documents have been preserved and maintained. . . absent an agreement or
timely objection, the choice [of how to collect documents] is clearly within the producing
party's sound discretion").

       Further, the timeline and approach you have outlined will not work within the
current schedule.  Your approach outlines three phases over a period of a number of
weeks and the identification of up to 125 custodians from each defendant.  Your
approach suggests that each Defendant would collect and process data from 75 and
then from 50 more custodians and run search terms across that data and generate hit
reports.  Your process, with the volume of data involved, would take months and would
delay Defendants' efforts to collect, review and produce data from key custodians and
data sources.

       We note that Plaintiffs have a duty to cooperate with Defendants to develop a
solution that is reasonable and proportional, given the relevant issues in the case and
the volume of data involved.  *See Mancia v. Mayflower Textile Servs. Co.*, 2008 U.S.
Dist. LEXIS 83740, *11, *13 (D. Md. 2008)(J. Grimm)(noting that Rule 26(g) imposes
obligation on counsel to avoid excessive discovery and that the discovery rules require
"cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid
seeking discovery the cost and burden of which is disproportionally large to what is at
stake in the litigation"); Manual for Complex Litigation §11.446 (4th ed. 2004) ( "The
requesting parties should identify the information they require as narrowly and precisely
as possible ... to allow formulation of a realistic computer-based discovery plan").  We
do not think that Plaintiffs' broad discovery requests and proposal to arbitrarily choose

Robert C. Gilbert, Esq.
June 2, 2010
Page 3

125 custodians from each defendant is a reasonable or useful way to target the collection of the documents that are most relevant to the case.

Nevertheless, because each collection for each Defendant is unique and involves different considerations regarding the volume of data, data sources and other issues, each Defendant may provide you further information on this issue in separate correspondence to you.

**D.      Search Terms**

Each defendant will correspond with you separately regarding the search terms it proposes.

**E.      Date Range for the Collection**

Defendants do not agree to January 1, 2000 as the beginning date for the collection, although they will all agree to December 31, 2009 for an end date. Each defendant will contact you separately with the beginning date proposed for their collection.

**F.      Back-Up Tapes and Not Reasonably Accessible Sources**

Defendants do not plan on collecting from back-up tapes or other sources not reasonably accessible absent a showing of substantial need and inability to obtain the data from active sources. *See Major Tours, Inc. v. Colorel*, 2009 U.S. Dist. LEXIS 97554 (D.N.J. 2009) (stating that backup tapes are "typically classified as inaccessible"); Seventh Circuit Electronic Discovery Pilot Program, Principle 2.04(d), http://www.ca7.uscourts.gov/7thCircuit_ElectronicDiscovery.pdf (stating that backup data that is substantially duplicative of data that is more accessible elsewhere is not discoverable in most cases).

**G.      File Types Collected (Paragraph 1(d)(i) of Plaintiffs' Proposed Plan)**

Plaintiffs deleted a small number of file types from the list that Defendants had proposed excluding from the collection and review, including avi, bmp, mp3, and other files that do not contain searchable text. Defendants note that if those file types are attached to text documents (such as e-mails) that are retrieved by the search terms used, and can be reviewed, defendants will review and produce them, if responsive. We hope this resolves any outstanding issues in this regard.

**H.      De-duplication**

Your proposal does not allow for global de-duplication for e-mails. Defendants, however, wish to have the ability to globally de-duplicate e-mail data. Although we understand Plaintiffs' wish to discover situations where multiple custodians have the same document, with e-mail data, Plaintiffs will have that information with one copy of the e-mail, as it will show who received copies of that e-mail. Defendants will agree to maintain the duplicates, so if there is ever a question regarding an individual e-mail, Defendants would be able to respond to reasonable requests to produce those duplicates.

Robert C. Gilbert, Esq.
June 2, 2010
Page 4

Regarding non-email data, Defendants will agree to perform custodian-only de-duplication – i.e., where multiple custodians each possess their own copies of an identical document, the documents shall be produced once for each custodian in possession of the document.

Defendants also agree to keep de-duplicated originals of non-e-mail data in case there is a question regarding any individual document, and Defendants may make duplicates of specific documents available for inspection upon reasonable request by Plaintiffs.

I.      **Privilege Log Procedures**

The Defendants will separately correspond with you regarding privilege log procedures.

Please let us know if you can be available for another call with the Defendants' ESI representative to finalize areas of agreement with the Plan. As noted, each Defendant will contact you separately regarding its unique issues.

Very truly yours,

Jill C Griset

Cc:     Lisa Simonetti
        Margaret May
        Cortlin Lannin
        David Jolley
        Bryanne Schmitt
        Emily Henn
        Peter Bales
        Mimi Yang
        David Lesser
        David Darden