IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Lopez v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK<br><br>*Luquetta v. J.P. Morgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION OF JPMORGAN CHASE BANK, N.A. TO COMPEL
PLAINTIFFS ESTELLA LOPEZ, LINDA MCDANIEL,
CHARLES REED, JR., JOHN STONE, AND ANDREA LUQUETTA
TO PRODUCE DOCUMENTS AND TO ANSWER INTERROGATORIES
<u>AND INCORPORATED MEMORANDUM OF LAW</u>

**TABLE OF CONTENTS**

**BACKGROUND** ....................................................................................................................... 1

**ARGUMENT** ............................................................................................................................ 2

I.  **Each Of Chase's Requests For The Production Of Documents To Which This Motion Is Directed Seeks Relevant And Necessary Information And Is Not Burdensome**......................................................................................................................... 2

    A.  Plaintiffs' Alternative Funds And Credit ..................................................... 2

    B.  Communications With Financial Advisors Or Other Third Parties ............... 3

    C.  Engagement Letters And Cost-Sharing And Other Agreements Concerning The Prosecution Of The Litigation........................................................................ 4

    D.  Complaints In Prior Litigation And Other Proceedings.................................. 5

II. **Each Of Chase's Interrogatories To Which This Motion Is Directed Seeks Relevant And Necessary Information About Plaintiffs' Claims And Is Not Burdensome**......................................................................................................................... 6

**CONCLUSION** ......................................................................................................................... 8

**LOCAL RULE 7.1(a)(3) CERTIFICATION OF GOOD FAITH COMPLIANCE** ............... 8

Defendant JPMorgan Chase Bank, N.A. ("Chase") moves, pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure and Local Rules 7 and 26.1, to compel plaintiffs Estella Lopez, Linda McDaniel, Charles Reed, Jr., John Stone, and Andrea Luquetta[1/] (collectively, "Plaintiffs") to produce documents and to answer interrogatories requested and propounded by Chase on May 14, 2010.  Although the parties through negotiation have resolved a large number of discovery differences, Plaintiffs continue to decline to produce documents and information that are plainly relevant to their own claims, Chase's defenses, the suitability of the claims for class-action treatment, and/or Plaintiffs' adequacy to represent the alleged class.[2/]

## BACKGROUND

In their amended complaints, Plaintiffs allege that they incurred overdraft fees on their checking accounts with Chase "as a result of [Chase's] practice of re-sequencing debit card transactions from highest to lowest."  *Lopez* Compl. ¶ 27; *Luquetta* Compl. ¶ 26.[3/]  On May 13, 2010, the Court entered a scheduling order providing that Plaintiffs file any motion to certify a class or classes by September 20, 2010, and that the parties conduct discovery pertaining to such motion and "all issues" in the case.  *See* Scheduling Order [MDL Dkt. No. 463] at 6, 8.  Pursuant to the Court's order and in accordance with the Federal Rules, on May 14, 2010, Chase served

---

[1/]  Chase did not serve discovery with respect to plaintiffs as to whom Chase has invoked its right to arbitrate.

[2/]  Pursuant to Local Rule 26.1(c), Chase's discovery requests and Plaintiffs' responses are attached as Exhibits 1-20 to the Declaration of David S. Lesser in Support of the Motion of JPMorgan Chase Bank, N.A. to Compel Plaintiffs Estella Lopez, Linda McDaniel, Charles Reed, Jr., John Stone, and Andrea Luquetta to Produce Documents and to Answer Interrogatories, submitted herewith.  Pursuant to Local Rule 26.1(h)(2), Chase has attached to this motion and incorporated memorandum of law as "Appendix A" a statement listing "(A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item."

[3/]  "*Lopez* Compl." means the Amended Class Action Complaint filed April 12, 2010.  [MDL Dkt. No. 347.]  "*Luquetta* Compl." means the Second Amended Class Action Complaint filed April 12, 2010.  [MDL Dkt. No. 348.]

requests for the production of documents and interrogatories on Plaintiffs. Plaintiffs served objections and responses by U.S. mail and e-mail on June 14, 15, and 16, 2010. To resolve objections where possible, the undersigned counsel for Chase traveled to Dallas on July 12, 2010, where the parties met and conferred over some four hours at offices for Plaintiffs' counsel; they resumed such discussions again by telephone on July 15 and by e-mail on July 16. This motion addresses those interrogatories and requests served by Chase as to which no resolution of Plaintiffs' objections could be reached.[4]

## ARGUMENT

I. **Each Of Chase's Requests For The Production Of Documents To Which This Motion Is Directed Seeks Relevant And Necessary Information And Is Not Burdensome**

   A. **Plaintiffs' Alternative Funds And Credit**

Chase asserts, as affirmative defenses, that among other things (1) "Plaintiffs acquiesced in Chase's interpretation, application and implementation of the contractual terms," (2) that Plaintiffs "knew or should have known they had entered into a contract the terms of which provided for Chase to post debits in the order followed by Chase," but nevertheless initiated transactions that resulted in overdraft fees, and (3) that Plaintiffs failed to mitigate their damages.[5] To establish these valid affirmative defenses and others, Chase seeks to discover

---

[4] Chase has filed this motion to compel discovery well within the "thirty (30) days of the occurrence of grounds for the motion," Local Rule 26.1(h)(1), given that a party does not have grounds on which to move to compel discovery until it has "conferred with all parties … who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so," Local Rule 7.1(a)(3), and the parties conferred on July 12, 15, and 16, and were unable to resolve the issues presented herein. *See also* Local Rule 7.1(a)(3) Certification, *infra*, at 8. Even if the grounds for this motion occurred on the days that Plaintiffs served their responses to Chase's discovery requests (June 14-15, 2010), however, the motion is still timely. *See* Local Rule 26.1(h)(1); Fed. R. Civ. P. 6(d).

[5] *See* Answer to Amended Class Action Complaint as to Plaintiffs Lopez, Stone, Reed, and McDaniel [MDL Dkt. No. 501] (affirmative defenses); Answer to Second Amended Class Action Complaint as to Plaintiff Luquetta [MDL Dkt. No. 502] (affirmative defenses).

- 2 -

whether, when, and how each Plaintiff learned about overdraft fees charged to his or her account and/or Chase's alleged practice of posting debits from highest-to-lowest dollar amount; whether such Plaintiff continued to use Chase deposit-account services, with or without complaint, after discovering such fees or practices; and whether such Plaintiff could have completed the transactions without overdrawing his or her account (*e.g.*, by using a credit card or by drawing on other funds available to Plaintiff), but instead voluntarily incurred overdraft charges, knowing how they are imposed.  Chase's Document Request Nos. 5, 6, 8, 9, 15, 16-19, and 22 are directly relevant to these affirmative defenses.

Plaintiffs' objection that these requests are unduly burdensome is implausible.  The number of accounts and lines of credit to which each of the individual Plaintiffs had access is surely limited to a manageable number and implicates a small set of documents; no Plaintiff has stated otherwise.[6]

### B.   Communications With Financial Advisors Or Other Third Parties

Plaintiffs' communications with accountants, financial advisors, or other third parties concerning their accounts, Chase debit cards, or overdraft fees would bear on each Plaintiff's understanding of his or her deposit agreement and, accordingly, whether each Plaintiff knowingly incurred overdraft fees.  Plaintiffs' objection that Chase's request for this information (Document Request No. 27) is unduly burdensome is, here again, baseless:  Collecting these documents would require only a simple search of any computer files, and any such files as a Plaintiff may have containing hard-copy correspondence or communications.

---

[6]   On the evening of July 19, 2010, just as Chase was about to file this motion electronically with the Court, counsel for Plaintiffs made a conditional, limited offer to provide documents relating to any "debit accounts" that Plaintiffs maintained with Chase or with other institutions, if Chase would withdraw its request for documents relating to other types of accounts that may serve as alternative sources of funds or credit.  Because Chase believes such other accounts are relevant and discoverable for the reasons explained herein, it could not agree to withdraw the request, and accordingly the parties were unable to narrow this dispute.

### C. Engagement Letters And Cost-Sharing And Other Agreements Concerning The Prosecution Of The Litigation

By seeking appointment as a representative of the class, each Plaintiff has put his or her adequacy to serve in a fiduciary capacity at issue. *See, e.g.*, *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254-55 (11th Cir. 2003) (noting "fiduciary role of class representative" and reversing order certifying a class where relationship between proposed class representative and counsel created a present and potential conflict of interest (internal quotation marks omitted)). "The requirement for a stringent examination of the adequacy of the class representative is especially great when, as in this case, the attorney's fees will far exceed the class representative's recovery." *Id.* at 1254 (internal quotation marks and brackets omitted). Plaintiffs' agreements with counsel, including any engagement letter, agreements as to who will pay fees and costs incurred in connection with this action, and any documents received from any law firm or attorney seeking Plaintiffs' participation in this action (Document Request Nos. 28-31) are directly relevant to facts bearing on this issue, including whether any of the Plaintiffs have a motive for bringing this lawsuit that could undermine, or give the appearance of undermining, sound judgment; a relationship with counsel that could create an appearance that the party is not exercising independent judgment; or a fee arrangement that could put a Plaintiff's interests in conflict with the interests of other Plaintiffs or members of the putative class.

Plaintiffs object only that requested documents are protected by the attorney-client privilege, but they are incorrect. As the Eleventh Circuit has ruled, "the law in this circuit is that matters involving the receipt of fees from a client are not generally privileged." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982); *see also Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 2767664, at *1 (S.D. Fla. Aug. 31, 2009) ("[T]he communication of factual information, such as reports containing a litigation's status, fee agreements, and retainer agreements are generally not protected by the attorney-client privilege."). Plaintiffs have not in

discussions cited any case to the contrary; they have failed to show how any of the documents at issue would involve facts disclosed to counsel to facilitate the rendering of legal advice, or such legal advice; and they have failed to establish that any particular requested document would disclose privileged information, or any other reason to depart from the general rule set forth in the cases. "The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential," *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003), and Plaintiffs cannot carry their burden. Moreover, any legitimately privileged information can be redacted, and the remainder of the document produced.

### D.   Complaints In Prior Litigation And Other Proceedings

Any complaints or petitions filed previously by any Plaintiff in state or federal court lawsuits, bankruptcy proceedings, arbitrations, and administrative proceedings (Document Request No. 35) are also relevant to the adequacy-of-representation issue. Chase seeks to determine whether, among other things, each Plaintiff is a serial litigant, has a history of bad-faith or other improper conduct in litigation that would undermine his or her ability to represent an alleged class of millions, or has an undisclosed motive that could create a conflict or appearance of conflict between Plaintiff and the putative class members.

Plaintiffs' objection that this request is unduly burdensome is untenable. Chase has requested only the "complaints" from all proceedings in which each individual was a plaintiff, petitioner, or claimant (Document Request No. 35).[7] Plaintiffs' objection that producing such documents would disclose sensitive or personal information is not a grounds for objection at all.

---

[7]   Chase initially also sought production of testimonial materials from any such litigations, including trial and deposition transcripts and affidavits (Request No. 36). Chase is not moving for such materials at this time, but if further discovery about Plaintiffs' litigation history suggests that there is a need to probe such materials and they cannot otherwise be easily obtained, Chase reserves the right to pursue such requests later.

The complaints in question are presumptively public documents (though in which court files is unknown to Chase)[8]; and should any confidential material be implicated in the documents as to which discovery is sought, Plaintiffs may seek confidential treatment pursuant to the protective order entered by this Court.

## II. Each Of Chase's Interrogatories To Which This Motion Is Directed Seeks Relevant And Necessary Information About Plaintiffs' Claims And Is Not Burdensome

Chase's interrogatories seek basic information about each Plaintiff's claims. Chase asked Plaintiffs:

- to identify each fee charged that was "improper because of the practice of 're-sequencing debt card transactions from highest to lowest,'" Interrogatory No. 2;

- to identify "each individual fee for which [Plaintiff] seek[s] recovery in this lawsuit for any reason *other than* 're-sequencing debit card transactions from highest to lowest,'" Interrogatory No. 3;

- to state, for each transaction that resulted in a fee, "every material detail of the order or sequence in which Chase was at that time required by law, or by any obligation to [Plaintiff], to post debit and credit transactions to [Plaintiff's] account," Interrogatory No. 5; and

- to identify each document or communication by Chase concerning Plaintiffs' alleged expectations about and/or understanding of Chase's alleged practices, Interrogatory Nos. 6, 9, 12 and 17.

This information plainly relates to the claims and defenses in this case; indeed, without it, Chase cannot adequately prepare its defenses. For instance, although they assert a claim for

---

[8] The requested documents are presumably *not* confidential, because most judicial and administrative proceedings are a matter of public record, but this does not mean that Plaintiffs should not bear the burden of producing them. The burden of searching *all* courts and tribunals for such complaints, if even possible, far outweighs the *de minimis* burden on Plaintiffs of producing this small collection of documents.

- 6 -

breach of contract and the implied covenant of good faith and fair dealing, Plaintiffs refuse to state their interpretation of the deposit agreement or why Chase's conduct amounted to a breach of its implied obligations of good faith, *see* Response to Interrogatory No. 3 (refusing to state whether any basis for their claims other than "re-sequencing" exists); Response to Interrogatory No. 5 (refusing to state the order or sequence in which Chase was required to post debit and credit transactions to Plaintiffs' accounts), let alone explain why any particular interpretation is justified under the deposit agreement.

And consistent with their failure to articulate Chase's obligations, Plaintiffs do not know, or else flatly refuse to say whether, when, or how—through which specific transactions and with precisely what harmful consequences—Chase allegedly breached such obligations. *See* Response to Interrogatory No. 2 (refusing to identify any particular improper fees and stating only that "Chase improperly charged one or more [unlawful fees]"). Though unable or unwilling to say what the deposit agreement requires or allows, Plaintiffs nevertheless allege that Chase should *not* have posted transactions in order from highest-to-lowest dollar amount each business day. *See, e.g.*, *Lopez* Compl. ¶ 50; *Luquetta* Compl. ¶ 49. Plaintiffs further allege that Chase should *not* have authorized certain debit transactions, *see Lopez* Compl. ¶ 62; *Luquetta* Compl. ¶ 60, although they do not say which ones or how or whether the allegation relates to any of their claims.

But Plaintiffs either cannot or refuse to identify any document or communication that supports these allegations. *See* Responses to Interrogatory Nos. 6, 9, 12, 17. It is no answer to say, as Plaintiffs do, that they need documents and records in the possession of Chase before they are able to provide this basic information about their claims and asserted harms. Each Plaintiff is required to have had a basis for the claims of wrongdoing and harm before he or she filed the complaints herein. *See* Fed. R. Civ. P. 11. And if it turns out that they filed claims without this information, they should be required to say that.

- 7 -

## CONCLUSION

For the reasons stated above, Plaintiffs should be compelled to produce documents in response to Chase's Document Request Nos. 5, 6, 8, 9, 15, 16-19, 22, 27, 28-31, and 35, and should be compelled to answer Chase's Interrogatory Nos. 2, 3, 5, 6, 9, 12, and 17.

## LOCAL RULE 7.1(a)(3) CERTIFICATION OF GOOD FAITH COMPLIANCE

Pursuant to Local Rule 7.1(a)(3), Chase certifies that it conferred with Plaintiffs' Counsel in person in Dallas, Texas, on July 12, and again by telephone on July 15 and by e-mail on July 16, in a good-faith effort to resolve or narrow differences over Plaintiffs' objections and responses to Chase's discovery requests. The parties were able to reach agreement on certain issues and thereby avoid the necessity of the Court's involvement. As to alternative sources of funds (Document Request Nos. 5, 6, 8, 9, 15, 16-19, and 22), Plaintiffs agreed to produce all documents related to Plaintiffs' debit/checking account(s) at Chase. Chase accordingly does not move to compel such documents at this time. As to Chase Document Request No. 35, Plaintiffs agreed to produce the complaints, sworn statements, and judgment decrees of any litigations involving bank overdraft fees, and agreed to produce the class certification order, sworn statements, and final decrees or settlements related to their clients' service as lead plaintiffs in other cases. Chase accordingly does not move to compel such documents at this time. As to Chase Document Request No. 39, Plaintiffs clarified that they do not by their objections mean to state that they intend to withhold documents. Chase accordingly does not move to compel as to Document Request No. 39 at this time. The parties were unable to resolve their differences by agreement as to the separate issues raised herein concerning Document Request Nos. 5, 6, 8, 9, 15, 16-19, 22, 27, 28-31, and 35; and Interrogatory Nos. 2, 3, 5, 6, 9, 12, and 17.

Dated: July 19, 2010

                                      Respectfully submitted,

                                      WILMER CUTLER PICKERING
                                         HALE AND DORR LLP

                                    s/ Christopher R. Lipsett
                                    Christopher R. Lipsett
                                    (chris.lipsett@wilmerhale.com)
                                    David S. Lesser
                                    (david.lesser@wilmerhale.com)
                                    Alan E. Schoenfeld
                                    (alan.schoenfeld@wilmerhale.com)
                                    399 Park Avenue
                                    New York, New York 10022
                                    Tel: (212) 230-8851
                                    Fax: (212) 230-8888

                                    A. Stephen Hut, Jr.
                                    (stephen.hut@wilmerhale.com)
                                    1875 Pennsylvania Avenue NW
                                    Washington, DC 20006
                                    Tel: (202) 663-6000
                                    Fax: (202) 663-6363

                                    *Attorneys for defendant JPMorgan Chase Bank, N.A.*