**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK**

|  |  |
|---|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION** <br><br> **MDL NO. 2036** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **THIS DOCUMENT RELATES TO:** <br><br> *Lopez v. JPMorgan Chase Bank, N.A.*<br>**S.D. Fla. Case No. 1:09-cv-23127-JLK** | )<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST SET OF DOCUMENT REQUESTS OF JPMORGAN CHASE BANK, N.A. TO
<u>PLAINTIFF ESTELLA A. LOPEZ</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, JPMorgan Chase Bank, N.A. requests that Plaintiff Estella A. Lopez produce for inspection and copying, or cause to be copied, the documents described below. Plaintiff shall make such production within thirty (30) days after service at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, NY 10022, or at a time and place agreed to by the parties.

**<u>DEFINITIONS</u>**

1. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 34 shall apply to these Requests and are incorporated as if fully set forth herein.

2. "You" and "your" include the person to whom these requests are directed and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

3. "Chase" refers to JPMorgan Chase Bank, N.A., the defendant in this lawsuit.

4. "Your account" refers to each deposit account you used at Chase.

5. "Debit transaction" means any item listed on your monthly account statement as a withdrawal for the period(s) in question.

6. "Deposit transaction" means any item listed on your monthly account statement as a deposit for the period(s) in question.

7. "ATM" means "automated teller machine."

8. "Debit card" refers to an ATM card, check card, debit card, or any other card that may be used to access a deposit account.

9. "Complaint" refers to the Amended Class Action Complaint filed in *Lopez, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 1:09-cv-23127-JLK (S.D. Fla.) on April 12, 2010.

10. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, but not limited to, electronic or computerized data compilations, electronic chats, email communications, other electronically stored information from personal computers, voice recordings, handwritten notes, and hard copy documents.

11. "Communication" refers to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form (*e.g.*, email, letter, notes, telephone conversation), including without limitation all correspondence and advertisements.

12. "Concerning" means referencing, relating to, describing, evidencing, reflecting, constituting, documenting, or recording.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed as outside of their scope.

14. The term "any" includes "all" and "each," and the term "all" includes "any," and the term "each" includes "every."

15. To the extent these requests employ terms used in the Complaint, such use is without prejudice to the rights of Chase.

## INSTRUCTIONS

1. If any document or information responsive to any of the following Interrogatories is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege: (1) identify the date, the author, and all recipients of the document or information; (2) describe the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document or the information withheld; (4) state the privilege upon which you rely and the grounds for the assertion of such privilege; (5) identify all persons who have or have had access to the document or information being withheld; and (6) identify each Interrogatory to which the document relates.

2. The use of the singular herein shall be deemed to encompass the use of the plural and vice versa.

3. You are reminded of your obligation under Federal Rule of Civil Procedure 26(e) to make further or supplemental productions of responsive documents created, discovered, or acquired between the date of initial production and any time thereafter, including the time of trial.

4. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

## REQUESTS

1. All documents constituting or concerning any communication from or involving Chase concerning: your accounts; any transaction involving your accounts; any fee charged to your accounts; or any Chase actions, policies or practices concerning your accounts.

2. All documents constituting or concerning any communications from or involving Chase concerning: debit cards; transactions involving debit cards; or actions, policies or practices involving or concerning debit cards.

3. All documents constituting or concerning debit card use or transactions involving or concerning your accounts.

4. All documents constituting or concerning posting of transactions, including any debit or credit of any kind, on your accounts.

5. All documents constituting or concerning posting of transactions, including any debit or credit of any kind, on any deposit accounts you maintained with any banks or financial institutions other than Chase.

6. All documents constituting or concerning posting of transactions, including any debit or credit of any kind, on Chase deposit accounts other than yours.

7. All documents constituting or concerning overdrafts on your accounts.

8. All documents constituting or concerning overdrafts on any deposit accounts you maintained with any banks or financial institutions other than Chase.

9. All documents constituting or concerning overdrafts on Chase deposit accounts other than yours.

10. All documents concerning any check drawn on your accounts that was not honored by Chase when presented, including all documents concerning the resulting consequences.

11. All documents concerning any instance in which you attempted to pay for a transaction by debit card, but the debit card payment was either not accepted by the merchant or payee, or not authorized by your depository institution, including all documents concerning the resulting consequences.

12. All documents constituting or concerning use of an ATM (whether or not a Chase ATM) for any purpose that involved your Chase debit cards or your accounts.

13. All documents constituting or concerning account-opening documents, contracts, promotional literature, or similar materials concerning your accounts or your Chase debit cards.

14. All documents constituting or concerning monthly or other periodic statements on your accounts.

15. All documents constituting or concerning any deposit account you have had with any institution other than Chase.

16. All documents constituting or concerning any credit card account on which you have been an obligor or authorized user.

17. All documents constituting or concerning monthly or other periodic statements on any credit card account on which you have been an obligor or authorized user.

18. All documents constituting or concerning any line of credit or source of funds you have had that is accessible through a debit or credit card.

19. All documents constituting or concerning any credit report concerning you.

20. All documents constituting or concerning any record of any of your account transactions, including, without limitation, store and merchant receipts, check registers, and computerized records such as Quicken or Microsoft Money records.

21. All documents constituting or concerning any actions, measures, or efforts by you to monitor transactions or balances in your accounts.

22. All documents constituting or concerning any actions, measures, or efforts by you to monitor transactions or balances in any deposit accounts you maintained with any banks or financial institutions other than Chase.

23. All documents constituting or concerning any fee charged to your accounts, including any communications with any person concerning any fee charged to your accounts.

24. All documents constituting or concerning any computerized access to information about your accounts (including balance inquiries), including through Chase websites.

25. All documents constituting or concerning any electronic access to your accounts for transactional purposes, including through ATMs or computers or other devices.

26. All documents constituting or concerning any use of any bill-paying service or program, or account consolidation service or program, whether computerized or not, involving your Chase debit cards or your accounts.

27. All documents constituting or concerning communications with any accountant, financial advisor, or other third party concerning: your accounts, your Chase debit cards; or transactions or fees on your accounts.

28. All documents constituting or concerning your agreements, arrangements, or understandings with your counsel for the handling and prosecution of this action, including, without limitation, any engagement letter for or with your counsel in this action.

29. All documents constituting or concerning any agreement or arrangement to pay or share a fee, including, without limitation, a legal fee, in this action with any person.

30. All documents constituting or concerning any agreement or arrangement with respect to who will advance and who is responsible for payment of the costs and expenses incurred in connection with the prosecution of this action.

31. All documents you received from any law firm or attorney seeking your participation as a plaintiff in the present action or in any action involving the same, or some of the same, subject matter as the present action.

32. All documents constituting or concerning any communications you have had with any members or potential members of the putative class concerning this lawsuit, the subject matter of this lawsuit, or any of the allegations set forth in the Complaint.

33. All documents constituting or concerning any agreements between you and any members or potential members of the putative class concerning this lawsuit or the subject matter of this lawsuit.

34. All documents constituting or concerning communications with any third party concerning this action or the subject matter of this action.

35. All complaints in all state and federal court lawsuits, bankruptcy proceedings, arbitrations, and administrative proceedings in which you were a plaintiff, petitioner, or claimant, regardless of whether the lawsuits, arbitrations, or administrative proceedings included class allegations.

36. All documents, including, without limitation, complaints, legal briefs, memoranda, declarations, and court orders, constituting or concerning any motions for class certification at

any time in any state or federal court lawsuits, bankruptcy proceedings, arbitrations, or administrative proceedings in which you were or requested to be a class representative.

37. All deposition transcripts, interrogatory responses, or other testimony you have given under oath from any state or federal court lawsuits, bankruptcy proceedings, arbitrations, or administrative proceedings in which you have been a named party.

38. All documents constituting or concerning events, communications, transactions, or understandings referred to in your responses to any of the interrogatories served on you by Chase in this action.

39. To the extent not produced in response to other requests, all documents which support the factual bases of all claims for relief you assert in the Complaint.

40. All documents constituting or concerning any injury you claim to have sustained as a result of any act or practice that is a subject of your claims in this action.

41. All documents constituting or concerning any method of computation or quantification of the alleged damages sustained by you as a result of the conduct and omissions alleged in the Complaint.

42. All documents constituting or concerning any method of computation or quantification of the alleged damages sustained by any member of the putative class, or the putative class as a whole, as a result of the conduct and omissions alleged in the Complaint.

- 9 -

Dated:  May 14, 2010

        WILMER CUTLER PICKERING HALE
         AND DORR LLP

        s/ Christopher R. Lipsett
        Christopher R. Lipsett
        (chris.lipsett@wilmerhale.com)
        David S. Lesser
        (david.lesser@wilmerhale.com)
        Alan E. Schoenfeld
        (alan.schoenfeld@wilmerhale.com)
        399 Park Avenue
        New York, New York  10022
        tel: (212) 230-8851
        fax: (212) 230-8888

        *Attorneys for defendant JPMorgan Chase Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK**

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Lopez v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK | )<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2010, copies of foregoing were served by electronic mail and courier upon:

| | |
|---|---|
| Bruce S. Rogow<br>(bruce@abbrclaw.com)<br>Robert C. Gilbert<br>(bobby@abbrclaw.com)<br>ALTERS BOLDT BROWN RASH<br>  & CULMO, P.A.<br>4141 N.E. 2nd Avenue<br>Miami, Florida 33137<br>*Lead Counsel for Plaintiffs*<br><br>Ted E. Trief<br>(ttrief@triefandolk.com)<br>Barbara E. Olk<br>(bolk@triefandolk.com)<br>TRIEFF & OLK<br>150 E. 58th Street, 34th Floor<br>New York, NY 10155 | Barry R. Himmelstein<br>(bhimmelstein@lchb.com)<br>Michael W. Sobol<br>(msobol@lchb.com)<br>Jordan Elias<br>(jelias@lchb.com)<br>Mikaela Bernstein<br>(mbernstein@lchb.com)<br> LIEFF CABRASER HEIMANN &<br>  BERNSTEIN LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br><br>Ruben Honik<br>(rhonik@golombhonik.com)<br>GOLUMB & HONIK, P.C.<br>1515 Market Street, Suite 1100<br>Philadelphia, PA 19102 |

Edward Adam Webb
(adam@webllc.com)
G. Franklin Lemond, Jr.
(flemond@webbllc.com)
WEBB KLASE & LEMOND LLC
1900 The Exchange SE, Suite 480
Atlanta, GA 30339

Robert C. Josefsberg
(rjosefsberg@podhurst.com)
Victor M. Diaz, Jr.
(vdiaz@podhurst.com)
John Gravante, III
(jgravante@podhurst.com)
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780

*Plaintiffs' Executive Committee*

Russell W. Budd
(rbudd@baronbudd.com)
Bruce W. Steckler
(bsteckler@baronbudd.com)
Melissa K. Hutts
(mhutts@baronbudd.com)
Renee M. Melancon
(rmelancon@baronbudd.com)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

/s/ Christopher R. Lipsett
CHRISTOPHER R. LIPSETT
(*pro hac vice*)
christopher.lipsett@wilmerhale.com
WILMER CUTLER PICKERING HALE
 AND DORR LLP
399 Park Avenue
New York, New York  10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendant JPMorgan Chase Bank, N.A.*