UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | )<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Lopez v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127 | )<br>)<br>)<br>)<br>)<br>)<br>) |

**ANDREA LUQUETTA'S RESPONSE TO THE FIRST SET OF
DOCUMENT REQUESTS OF JP MORGAN CHASE BANK, N.A.**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff Andrea Luquetta, responds to Defendant J.P. Morgan Chase Bank N.A.'s First Set of Document Requests.

**GENERAL OBJECTIONS**

The following objections are incorporated by reference into each of Plaintiff's specific responses below.

1. Plaintiff objects to each discovery request to the extent it calls for documents or other information that are protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege. Any inadvertent disclosure of privileged information shall not be deemed a waiver by Plaintiff of any applicable privilege or doctrine.

2. Plaintiff's discovery and investigation with respect to the issues in this case are ongoing. The following responses and objections are provided without prejudice

to Plaintiff's right to revise or supplement these responses or objections based on subsequent discovery or investigation.

3. Plaintiff objects to each discovery request to the extent it seeks confidential or private personal or business information. To the extent that documents and other information requested by Defendant are not protected from discovery based on attorney-client privilege or work product doctrine, and are otherwise discoverable, they will be produced subject to an appropriate protective order.

4. Plaintiff objects to each discovery request to the extent it assumes facts that are not in evidence. By responding to these requests, Plaintiff does not admit, concede or agree with any explicit or implicit assumption made in the requests.

5. Plaintiff's production of documents and other information in response to these requests is not intended and should not be construed as (a) an admission that the produced documents or other information are relevant or admissible; (b) a waiver of any of these General Objections; or (c) a waiver of any specific objections asserted in response to individual discovery requests. Plaintiff reserves all proper objections regarding the competency, relevancy, materiality, privilege, authenticity and/or admissibility as evidence, for any purpose, of any and all documents and other information produced by Plaintiff in this litigation.

6. Plaintiff objects to the "Definitions," "Instructions," and to each discovery request to the extent they purport to impose any requirement or discovery obligation on Plaintiff greater than or different than those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

7. Plaintiff objects to the definition of "you" and "your" to the extent it calls for production of documents protected by the attorney-client privilege or work product doctrine, and to the extent it seeks documents or information relating to accounts held by anyone other than Plaintiff.

8. Plaintiff objects to each discovery request to the extent it asks Plaintiff to provide documents or other information that have already been produced to Defendant.

9. Plaintiff objects to each discovery request to the extent it asks Plaintiff to provide information that only Defendant can know and which Defendant is responsible for knowing.

10. Plaintiff objects to each discovery request to the extent it calls for production of documents or information that are within the possession, custody, or control of Defendant, but not in the possession of Plaintiff. Plaintiff further objects to the production of documents or information not in Plaintiff's possession that are just as easily obtainable by Defendant as Plaintiff.

11. Plaintiff objects to the production of documents relating to any account other than Chase checking and/or debit card accounts held by Plaintiff.

12. Plaintiff objects to requests using expansive terms such as "involving" or "concerning" as overbroad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence.

**SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** All documents constituting or concerning any communication from or involving Chase concerning: your accounts; any transaction

3

involving your accounts; any fee charged to your accounts; or any Chase actions, policies or practices concerning your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 2:** All documents constituting or concerning any communications from or involving Chase concerning: debit cards; transactions involving debit cards; or actions, policies or practices involving or concerning debit cards.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 3:** All documents constituting or concerning debit card use or transactions involving or concerning your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 4:** All documents constituting or concerning posting of transactions, including any debit or credit of any kind, on your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 5:** All documents constituting or concerning posting of transactions, including any debit or credit of any kind, on any deposit accounts you maintained with any banks or financial institutions other than Chase.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

**REQUEST NO. 6:** All documents constituting or concerning posting of transactions, including any debit or credit of any kind, on Chase deposit accounts other than yours.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts held by individuals or entities other than Plaintiff.

**REQUEST NO. 7:** All documents constituting or concerning overdrafts on your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 8:** All documents constituting or concerning overdrafts on any deposit accounts you maintained with any banks or financial institutions other than Chase.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

**REQUEST NO. 9:** All documents constituting or concerning overdrafts on Chase deposit accounts other than yours.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts held by individuals or entities other than Plaintiff.

**REQUEST NO. 10:** All documents concerning any check drawn on your accounts that was not honored by Chase when presented, including all documents concerning the resulting consequences.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents concerning the "consequences" of any check that was not honored by Chase. Subject to and without waving these

objections and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 11:**  All documents concerning any instance in which you attempted to pay for a transaction by debit card, but the debit card payment was either not accepted by the merchant or payee, or not authorized by your depository institution, including all documents concerning the resulting consequences.

**RESPONSE:**  Plaintiff objects to this request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks documents concerning the "consequences" of any transaction that was not accepted or authorized.  Subject to and without waving these objections and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession relating to Plaintiff's Chase checking and/or debit card accounts.

**REQUEST NO. 12:**  All documents constituting or concerning use of an ATM (whether or not a Chase ATM) for any purpose that involved your Chase debit cards or your accounts.

**RESPONSE:**  Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 13:**  All documents constituting or concerning account-opening documents, contracts, promotional literature, or similar materials concerning your accounts or your Chase debit cards.

7

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 14:** All documents constituting or concerning monthly or other periodic statements on your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 15:** All documents constituting or concerning any deposit account you have had with any institution other than Chase.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

**REQUEST NO. 16:** All documents constituting or concerning any credit card account on which you have been an obligor or authorized user.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

8

**REQUEST NO. 17:** All documents constituting or concerning monthly or other periodic statements on any credit card account on which you have been an obligor or authorized user.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

**REQUEST NO. 18:** All documents constituting or concerning any line of credit or source of funds you have had that is accessible through a debit or credit card.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

**REQUEST NO. 19:** All documents constituting or concerning any credit report concerning you.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents unrelated to the issues raised in this litigation.

**REQUEST NO. 20:** All documents constituting or concerning any record of any of your account transactions, including, without limitation, store and merchant receipts, check registers, and computerized records such as Quicken or Microsoft Money records.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 21:** All documents constituting or concerning any actions, measures, or efforts by you to monitor transactions or balances in your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 22:** All documents constituting or concerning any actions, measures, or efforts by you to monitor transactions or balances in any deposit accounts you maintained with any banks or financial institutions other than Chase.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, harassing, not relevant and not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents related to accounts that are not the subject of this litigation.

**REQUEST NO. 23:** All documents constituting or concerning any fee charged to your accounts, including any communications with any person concerning any fee charged to your accounts.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, not relevant, and not likely to lead to the discovery of admissible evidence to the extent it seeks documents relating to fees not imposed by Chase. Subject to and without waving these objections and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 24:** All documents constituting or concerning any computerized access to information about your accounts (including balance inquiries), including through Chase websites.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 25:** All documents constituting or concerning any electronic access to your accounts for transactional purposes, including through ATMs or computers or other devices.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 26:** All documents constituting or concerning any use of any bill-paying service or program, or account consolidation service or program, whether computerized or not, involving your Chase debit cards or your accounts.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

11

**REQUEST NO. 27:** All documents constituting or concerning communications with any accountant, financial advisor, or other third party concerning: your accounts, your Chase debit cards; or transactions or fees on your accounts.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waving these objections and the General Objections, Plaintiff will produce any responsive documents expressly referring to overdraft fees in Plaintiff's possession.

**REQUEST NO. 28:** All documents constituting or concerning your agreements, arrangements, or understandings with your counsel for the handling and prosecution of this action, including, without limitation, any engagement letter for or with your counsel in this action.

**RESPONSE:** Plaintiff objects to this request on the basis of the attorney-client privilege.

**REQUEST NO. 29:** All documents constituting or concerning any agreement or arrangement to pay or share a fee, including, without limitation, a legal fee, in this action with any person.

**RESPONSE:** Plaintiff objects to this request on the basis of the attorney-client privilege.

**REQUEST NO. 30:**  All documents constituting or concerning any agreement or arrangement with respect to who will advance and who is responsible for payment of the costs and expenses incurred in connection with the prosecution of this action.

**RESPONSE:**  Plaintiff objects to this request on the basis of the attorney-client privilege.

**REQUEST NO. 31:**  All documents you received from any law firm or attorney seeking your participation as a plaintiff in the present action or in any action involving the same, or some of the same, subject matter as the present action.

**RESPONSE:**  Plaintiff objects to this request on the basis of the attorney-client privilege.

**REQUEST NO. 32:**  All documents constituting or concerning any communications you have had with any members or potential members of the putative class concerning this lawsuit, the subject matter of this lawsuit, or any of the allegations set forth in the Complaint.

**RESPONSE:**  Plaintiff objects to this request to the extent it calls for disclosure of documents or information protected by the attorney-client privilege.  Subject to and without waving these objections and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 33:**  All documents constituting or concerning any agreements between you and any members or potential members of the putative class concerning this lawsuit or the subject matter of this lawsuit.

**RESPONSE:**  Plaintiff objects to this request to the extent it calls for disclosure of documents or information protected by the attorney-client privilege.  Subject to and without waiving these objections and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 34:**  All documents constituting or concerning communications with any third party concerning this action or the subject matter of this action.

**RESPONSE:**  Subject to and without waiving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 35:**  All complaints in all state and federal court lawsuits, bankruptcy proceedings, arbitrations, and administrative proceedings in which you were a plaintiff, petitioner, or claimant, regardless of whether the lawsuits, arbitrations, or administrative proceedings included class allegations.

**RESPONSE:**   Plaintiff objects to this request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks complaints without limitation as to the issues raised in this litigation.  Plaintiff further objects to the extent that producing such documents would disclose information or circumstances of highly sensitive and/or personal nature.  Subject to and without waiving these objections and the General Objections, Plaintiff will

produce complaints from any action in which she was a plaintiff, petitioner, or claimant in a case involving bank overdraft fees in Plaintiff's possession.

**REQUEST NO. 36:** All documents, including, without limitation, complaints, legal briefs, memoranda, declarations, and court orders, constituting or concerning any motions for class certification at any time in any state or federal court lawsuits, bankruptcy proceedings, arbitrations, or administrative proceedings in which you were or requested to be a class representative.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce class certification orders, Plaintiff's sworn statements or testimony, and any final judgment orders in Plaintiff's possession from any case in which Plaintiff served as a class representative.

**REQUEST NO. 37:** All deposition transcripts, interrogatory responses, or other testimony you have given under oath from any state or federal court lawsuits, bankruptcy proceedings, arbitrations, or administrative proceedings in which you have been a named party.

**RESPONSE:** Plaintiff objects to this request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks all testimony without limitation as to the issues raised in this litigation. Plaintiff further objects to the extent that producing such documents would disclose information or circumstances of highly sensitive and/or personal nature. Subject to and without waving these objections and the General Objections, Plaintiff will

produce responsive documents in Plaintiff's possession for cases in which Plaintiff was a class representative, or in cases involving bank overdraft fees in which she was a plaintiff.

**REQUEST NO. 38:**  All documents constituting or concerning events, communications, transactions, or understandings referred to in your responses to any of the interrogatories served on you by Chase in this action.

**RESPONSE:**  Subject to and without waiving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 39:**  To the extent not produced in response to other requests, all documents which support the factual bases of all claims for relief you assert in the Complaint.

**RESPONSE:**  Plaintiff objects to this request as overly broad and unduly burdensome.  Plaintiff further objects to this request as it violates Fed. R. Civ. P. 34(a)(1), because it fails to "describe with reasonable particularity" the item or category of items to be inspected.  Rather, it is an improper "catch-all" request.  Subject to and without waiving these objections and the General Objections, Plaintiff responds that Plaintiff is not withholding documents in Plaintiff's possession, custody, or control that support Plaintiff's claims.

**REQUEST NO. 40:** All documents constituting or concerning any injury you claim to have sustained as a result of any act or practice that is a subject of your claims in this action.

**RESPONSE:** Subject to and without waving the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 41:** All documents constituting or concerning any method of computation or quantification of the alleged damages sustained by you as a result of the conduct and omissions alleged in the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for the production of work product protected documents or information. Subject to and without waving this objection and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

**REQUEST NO. 42:** All documents constituting or concerning any method of computation or quantification of the alleged damages sustained by any member of the putative class, or the putative class as a whole, as a result of the conduct and omissions alleged in the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for the production of work product protected documents or information. Subject to and without waving this objection and the General Objections, Plaintiff will produce any responsive documents in Plaintiff's possession.

Dated: June 14, 2010.

Respectfully submitted,

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
bruce@abbrclaw.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@abbrclaw.com
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Barry R. Himmelstein
Barry R. Himmelstein, Esquire
California Bar No. 157736
bhimmelstein@lchb.com
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
Mikaela Bernstein, Esquire
California Bar No. 261301
mbernstein@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000 / Fax: 415-956-1008

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street - Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177 / Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E 58th street - 34th Floor
New york, NY 10155
Tel: 212-486-6060 / Fax: 212-317-2946

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
adam@webllc.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
flemond@webbllc.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Melissa K. Hutts, Esquire
Texas Bar No.  0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Ave. – Suite 1100
Dallas, TX 75219
Tel: 214-521-3605/ Fax: 214-520-1181

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

We hereby certify that on June 14, 2010, we served the foregoing document via U.S. Mail to Christopher Lipsett and David Lesser, Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, New York 10022.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
ALTERS BOLDT BROWN
RASH & CULMO, P.A.
4141 N.E. 2nd Avenue, Suite 201
Miami, Florida 33137
bobby@abbrclaw.com