UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE:  CHECKING ACCOUNT | ) |
| OVERDRAFT LITIGATION | ) |
| | ) |
| MDL No. 2036 | ) |

| | |
|---|---|
| THIS DOCUMENT RELATES ONLY TO: | ) |
| | ) |
| *Johnson v. KeyBank National Association* | ) |
| S.D. Fla. Case No. 1:10-CV-21176-JLK | ) |

KEYBANK'S REPLY IN SUPPORT OF ITS AMENDED MOTION FOR
INDICATIVE RULING

Defendant, KEYBANK NATIONAL ASSOCIATION ("KeyBank"), submits this Reply

memorandum in support of KeyBank's Amended Motion for Indicative Ruling that the U.S.

Supreme Court's Holding in *Rent-A-Center v. Jackson* Raises a Substantial Issue Warranting

Further Consideration of Order Denying Motion to Compel Arbitration, [DE 681], (hereinafter

referred to as "Motion for Indicative Ruling").

REPLY MEMORANDUM

I.      *Rent-A-Center v. Jackson* Is An Intervening Change In Controlling Law.

The Plaintiff, David M. Johnson ("Johnson") asserts in his opposition to KeyBank's

Motion for Indicative Ruling (hereinafter "Response in Opposition"), [DE 721], that the recent

U.S. Supreme Court decision in *Rent-A-Center, West, Inc. v. Jackson*, ____ U.S. ____, 2010 WL

2471058 (June 21, 2010) is nothing new, and certainly not an intervening change in controlling

law as to warrant this Court's reconsideration of its Order Denying Motion to Compel

Arbitration [DE 592]. Johnson, as the party opposing the enforcement of the Arbitration Provision, carried the heavy burden of proving that the Arbitration Provision is invalid in some way. Johnson only challenged the validity of the Arbitration Provision as a whole. Johnson claims that it was always the law, and well before *Rent-A-Center*, that as the party opposing the Arbitration provision, unless he challenged the delegation provision specifically, this Court would have to treat it as valid under §2 of the FAA, and must enforce it under §§ 3 and 4, leaving Johnson's unconscionability challenge to the remainder of the Arbitration Provision **to the arbitrator**. Yet, Johnson remained silent and let this Court decide this threshold issue because *KeyBank didn't raise enforcement of the delegation sentence in its motion to compel arbitration*. Rather than acknowledge that *Rent-A-Center* took the *Prima Paint* rule to a whole new level, Johnson instead declares that the *Rent-A-Center* decision "is not new law," and "merely clarified the principle established over 40 years earlier in *Prima Paint* that a general challenge to an arbitration agreement, such as an unconscionability challenge, may be decided by the arbitrator if there is a delegation provision that is not specifically challenged, even where the contract at issue is an arbitration agreement." [Response in Opposition, pp.4-5]. This law was so clear, asserts Johnson, that KeyBank has now waived its right to assert this issue, and this Court's June 16, 2010 Order is now "the law of the case" that must be followed, even though an appeal has not yet affirmed or reversed the Order.[1] Johnson is so anxious to silence any further consideration of *Rent-A-Center* that he asks this Court to not only deny reconsideration, but to declare in its ruling that this issue has not been preserved for appeal. [Response in Opposition, p. 8].

---

[1] The "law of the case" doctrine does not apply at this point. Only if an issue is first decided on appeal must the district court follow that ruling in all subsequent proceedings in that case, subject to certain exceptions. *Westbrook v. Zant*, 743 F.2d 764, 768-69 (11th Cir. 1984).

Prior to *Rent-A-Center*, federal law was quite clear that an arbitration provision was "severable" from the rest of the contract in which it appeared, and that a challenge to the enforceability of the arbitration provision was for the courts to resolve. There were two recognized types of validity challenges under § 2 of the FAA: one type challenged specifically the validity of the agreement to arbitrate, and the other type challenged the contract as a whole. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444-445 (2006). Only the first type of challenge was relevant to a court's determination of whether or not the arbitration agreement was enforceable. *See, Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404 (1967); *Buckeye, supra*, at 444; *Preston v. Ferrer*, 552 U.S. 346, 353-54 (2008). A party's challenge to another provision of the contract, or the contract as a whole, was for the arbitrator to decide because such a challenge left the completely severable arbitration provision intact and unchallenged.

The United States Supreme Court in Rent-A-Center recognized that it's holding was indeed expanding upon this prior law in a way not previously done:

> "To be sure, this case differs from *Prima Paint, Buckeye*, and *Preston*, in that the arbitration provisions sought to be enforced in those cases were contained in contracts unrelated to arbitration – contracts for consulting services, see *Prima Paint, supra*, at 397, check-cashing services, see *Buckeye, supra*, at 442, and "personal management" or "talent agent" services, see *Preston, supra*, at 352. In this case, the underlying contract is itself an arbitration agreement."

*Rent-A-Center, supra*, at page 8. In the instant case, KeyBank's Arbitration Provision containing the delegation language is contained in a contract unrelated to arbitration – a contract for checking account services. Johnson did not attack the contract as a whole in opposing KeyBank's motion to compel arbitration; instead, he challenged the whole of the Arbitration Provision as being procedurally and substantively unconscionable. [DE 493]. Therefore, before the *Rent-A-Center* decision was published, this type of challenge was the type that the courts –

not an arbitrator – would decide.  That the embedded language delegating enforceability issues to the arbitrator could itself be severed from the rest of the challenged Arbitration Provision and be enforced unless those particular sentences were challenged as unconscionable, was not the type of validity challenge under §2 of the FAA previously recognized.

KeyBank did not move to compel arbitration by claiming that the delegation language, embedded as it was within the Arbitration Provision that was being challenged as unconscionable, should itself be "severed out" and treated as its own antecedent agreement. Indeed, relevant precedent prevented KeyBank from raising such an argument: *Jackson v. Rent-A-Center West*, 581 F.3d 912 (9th Cir. 2009).  Johnson's Complaint was filed in the Western District of Washington, which is in the Ninth Circuit.  At the time the motion to compel arbitration was briefed and decided by this Court on June 16, 2010, controlling law in the Ninth Circuit held that even where the clear and unambiguous language of an arbitration agreement assigns the arbitrability determination to the arbitrator, if a party challenges the arbitration agreement as unconscionable the threshold question of unconscionability *is for the court*. *Id.* at 917.  It is not possible that KeyBank had "waived" an argument that the Ninth Circuit itself had rejected recently.  In cases that are transferred pursuant to multi-district litigation, federal law of the transferor court, while not having *stare decisis* effect, nevertheless merit close consideration by the transferee court. *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987). Until the U.S. Supreme Court reversed *Jackson v. Rent-A-Center, West, Inc.*, neither the Ninth Circuit nor any other federal circuit court had held that a claim that an *entire* arbitration agreement is invalid will not to go the court unless the party challenges the *particular sentences* that delegate such claims to the arbitrator, on some contract ground that is particular and unique to those sentences.  Four Supreme Court Justices had this to say about *Rent-A-Center*:

"Before today, however, if respondent instead raised a challenge specific to "the validity of the agreement to arbitrate" – for example, that the agreement to arbitrate was void under state law – the challenge would have gone to the court. That is what *Buckeye* says. See <u>546 U.S., at 444</u>. But the Court now declares that *Prima Paint*'s pleading rule requires more: A party must lodge a challenge with even greater specificity than what would have satisfied the *Prima Paint* Court. A claim that an *entire* arbitration agreement is invalid will not go to the court unless the party challenges the *particular sentences* that delegate such claims to the arbitrator, on some contract ground that is particular and unique to those sentences. See *ante*, at 8-10.

It would seem the Court reads *Prima Paint* to require, as a matter of course, infinite layers of severability: We must always pluck from an arbitration agreement the specific delegation mechanism that would – but for present judicial review – commend the matter to arbitration, even if this delegation clause is but one sentence within one paragraph within a standalone agreement. And, most importantly, the party must identify this one sentence and lodge a specific challenge to its validity. Otherwise, he will be bound to pursue his validity claim in arbitration.

*Rent-A-Center, supra,* at pp. 11-12 (dissent).

If Johnson was aware that the controlling law at the time of the motion to compel arbitration required him to specifically challenge the delegation language of the Arbitration Provision, in order to invalidate it, and he failed to do so, then Johnson silently led this Court into error by not demonstrating the unconscionability of the delegation language and Johnson should be estopped to now assert that KeyBank has *waived* any reconsideration on the basis of the *Rent-A-Center* decision.

## II.    There Is A Clear And Explicit "Delegation" Clause In KeyBank's Arbitration Provision.

As an additional reason why this Court should deny KeyBank's Motion for Indicative Ruling, Johnson argues that even if *Rent-A-Center* is an intervening change in controlling law, it is nevertheless distinguishable because "the KeyBank Deposit Agreement contains no clear and explicit 'delegation clause.'" [Response in Opposition, p. 6]. This argument disregards the plain language of the Arbitration Provision. The delegation sentences of KeyBank's Arbitration

Provision couldn't be any more clear that: (1) "Any Claim shall be resolved, upon the election of you or us, by binding arbitration pursuant to this Arbitration Provision and the applicable [arbitration rules]," and (2) "As used in this Arbitration Provision, the word "Claim" or "Claims" means any claim, dispute, or controversy between you and us arising from or relating to this Agreement or your Account(s), including, without limitation, *the validity, enforceability, or scope of this Arbitration Provision* or this Deposit Account Agreement." [DE 426-1, at ¶ 25 (italicized emphasis added)]. Johnson, in his Opposition, does not address this language or even attempt to assert that these sentences are unclear or ambiguous. All disputes between Johnson and KeyBank relating to the enforceability of the Arbitration Provision shall be resolved, upon the election of either party, by arbitration. In advancing his argument that there is no delegation clause, Johnson directs this Court's attention to, first, a severability clause found at the end of the Arbitration Provision, and, second, a severability paragraph that is found <u>outside</u> of the Arbitration Provision and that refers to the contract, as a whole. First, Johnson points to the "severability clause" at the end of the Arbitration Provision, which provides:

> "If any portion of this Arbitration Provision is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Provision or the Agreement."

[DE 426-1, ¶ 25]. Johnson advances the argument that this severability clause, embedded in the Arbitration Provision, is "silent with regard to who will decide its enforceability." [Response in Opposition, at p. 6]. But the Arbitration Provision is <u>not</u> silent as to who will decide enforceability because a dispute over enforceability is a "Claim" that, by definition provided earlier in the same Arbitration Provision, includes any dispute relating to the enforceability of the Arbitration Provision, and all Claims shall be resolved by binding arbitration.

Next, Johnson attempts to superimpose onto the Arbitration Provision a paragraph 27 of the Contract that appears outside of the Arbitration Provision and relates to the contract as a

whole.  Paragraph 27 of the Contract pertains to the Deposit Account Agreement as a whole, and provides that if any provision of the Deposit Account Agreement is declared by a court to be invalid, the remaining provisions shall be enforced.  This provision makes sense when you consider that the Arbitration Provision had a 60-day opt-out clause, without repercussion to the account holder, and therefore there may be claims and disputes that might never be subjected to arbitration if the Arbitration Provision were timely rejected.  Furthermore, under the Arbitration Provision, the parties could decide not to compel arbitration: "Any Claim shall be resolved, *upon the election of you or us*, by binding Arbitration ..." [DE 426-1, ¶ 25].  In the event no party elected arbitration, there are claims that could be resolved in a judicial forum.  Since KeyBank has moved to compel arbitration, that is clearly not the case here.

**III.    It Is Not Too Late For This Court To Reconsider Its June 16, 2010, Order**.

Rule 62.1, Fed.R.Civ.P., and the Local Appellate Rules for the 11th Circuit, are designed to address the very situation that has arisen here: the district court has issued an Order; the Order was timely appealed; an intervening change in controlling law has occurred; the appellate court will stay the appeal, and remand jurisdiction to the district court, upon receipt of an indicative ruling by the district court that the movant's motion raises a substantial issue that warrants further consideration.  Fed.R.Civ.P. 62.1; 11th Cir. R. 12.1-1(d).  KeyBank has already advised the 11th Circuit that a Motion for Indicative Ruling is pending before this Court, as KeyBank was required to do pursuant to Rule 12.1-1(a), 11th Cir. R.

An "intervening change in controlling law" is good grounds for this Court to reconsider its Order Denying Motion to Compel Arbitration. *Florida Osteopathic v. Dean Witter Reynolds*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998); *Miccosukee Tribe of Indians of Florida v. United States*, 680 F.Supp.2d 1308, 1312 (S.D. Fla. 2010).  Contrary to Johnson's assertions, a motion

for reconsideration *should* raise new arguments, as it is improper to reargue on a motion for reconsideration that which has already been argued. *Id.* By this motion for indicative ruling, KeyBank is simply providing this Court with an opportunity to address whether or not *Rent-A-Center* raises a substantial issue that warrants this Court's reconsideration of its June 16, 2010 Order, and if so, upon remand from the Eleventh Circuit, an opportunity for the parties to brief the FAA's § 2 arguments as they apply only to the delegation sentences embedded within the Arbitration Provision. If this Court does not believe that *Rent-A-Center* warrants further consideration, KeyBank will address this argument on appeal for the first time. *Pugliese v. Pukka Development*, 550 F.3d 1299 (11th Cir. 2008) (new arguments relating to preserved claims may be reviewed on appeal).

**IV.      Conclusion.**

For the reasons stated above, Defendant, KeyBank National Association respectfully requests that this Honorable Court grant it's Amended Motion for Indicative Ruling and enter an order stating that the United States Supreme Court decision in *Rent-A-Center v. Jackson*, __ U.S. ___, 2010 WL 2471058 (June 21, 2010) raises a substantial issue that warrants further consideration by this Court of it's June 16th Order Denying KeyBank's Motion to Compel Arbitration, so that KeyBank may present the order to the 11th Circuit for a relinquishment of jurisdiction allowing the Parties to brief, and this Court to thereafter consider, the impact of this new Supreme Court decision on the Court's prior ruling.

Dated: _____, 2010.

Respectfully submitted,

ARNSTEIN & LEHR LLP
200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida  33301
Telephone:  (954) 713-7600
Facsimile:  (954) 713-7700


By: /s/  John M. Cooney
     Fla. Bar No. 854451
     jmcooney@arnstein.com
     Alan G. Kipnis, Esq.
     Fla. Bar No. 181788
     agkipnis@arnstein.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  John M. Cooney
John M. Cooney

9131433.1

Dated: July 29, 2010.

Respectfully submitted,

ARNSTEIN & LEHR LLP
200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 713-7600
Facsimile: (954) 713-7700


By: /s/ John M. Cooney
    Fla. Bar No. 854451
    jmcooney@arnstein.com
    Alan G. Kipnis, Esq.
    Fla. Bar No. 181788
    agkipnis@arnstein.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John M. Cooney
John M. Cooney

9131433.1

9