UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Jessica Duval v. Citizens Financial Group, Inc.*
N.D. Ill. Case No. 1:10-cv-00533
S.D. Fla. Case No. 1:10-cv-21080-JLK

*Eric Daniels v. Citizens Financial Group, Inc.*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. 1:10-cv-22014-JLK

**REPLY OF DEFENDANT CITIZENS BANK OF PENNSYLVANIA IN SUPPORT OF
ITS MOTION TO DISMISS THE CONSOLIDATED AMENDED
CLASS ACTION COMPLAINT**

Citizens Bank of Pennsylvania ("CBP") respectfully submits this Reply in support of its Motion To Dismiss Plaintiffs' Consolidated Amended Class Action Complaint.[1]

In their Response, Plaintiffs primarily rely on the Court's Order Ruling on the Omnibus Motion To Dismiss to oppose dismissal of their Complaint. But this Court has explicitly recognized that the state laws applicable to claims in the multidistrict litigation differ, and "it may be necessary . . . to apply a particular state's law to a particular Plaintiff." (Order Ruling on Mot. To Dismiss at 17, Dkt. #305.) Here, Pennsylvania law applies to Plaintiffs' claims against CBP and requires their dismissal.[2] Plaintiffs' misconstructions of that law in an attempt to save their claims are unavailing. For the reasons set forth here and in CBP's Motion To Dismiss and accompanying Memorandum of Law, Plaintiffs' claims should be dismissed.

## I.     The Reasoning Of *Hassler* Applies Here.

Just as this Court has looked to the *Gutierrez* and *White* cases, so too should it look to the *Hassler* cases in analyzing the claims at issue in this multidistrict litigation. While none of those cases is binding precedent other than for claims brought under the state laws at issue there, the cases are instructive. The *Hassler* cases, both the District of New Jersey case and the Third Circuit case, are particularly instructive to the Complaint filed against CBP. Plaintiffs' claims against CBP arise out of Pennsylvania law and, should the case be tried in Pennsylvania or New Jersey, where CBP has retail banking operations, the case would be subject to review by the Third Circuit. *Hassler* is certainly indicative of how that court would view such claims in the

---

[1] RBS Citizens, N.A. filed a Joinder in Citizens Bank of Pennsylvania's Motion To Dismiss, (Dkt. #666-67), as well as the Omnibus Motion To Dismiss and/or for Judgment on the Pleadings and Incorporated Memorandum of Law, (Dkt. #217), and the Reply in Support of the Omnibus Motion, (Dkt. #219). (*See* RBS Citizens, N.A. Joinder Motion, Dkt. #668.) Plaintiffs have not separately responded to this motion by RBS Citizens, N.A. RBS Citizens, N.A. further joins in this Reply by CBP.

[2] CBP states that Pennsylvania law applies to Plaintiffs' claims without waiving any argument that such claims are preempted by federal law.

future. Moreover, unlike the California and Georgia laws at issue in *Gutierrez* and *White*, respectively, Pennsylvania law is similar to or stricter than the New Jersey law at issue in *Hassler*. (*See* CBP Mem. of Law 6-7, Dkt. #667.) And with respect to CBP's Personal Deposit Account Agreement, it is the same in all material respects to the Sovereign Bank's agreement in *Hassler*: the Agreement clearly discloses (1) that CBP may honor a transaction when a customer has an insufficient available balance; (2) that CBP may re-order transactions for payment; and (3) that the order CBP uses could increase the overdraft/insufficient available funds fees a customer incurs. (CBP Mem. of Law Ex. A at 20-21.) For these reasons, the Court should consider the *Hassler* cases when ruling on CBP's Motion To Dismiss.

## II.  Plaintiffs Fail To State A Claim For Breach Of Contract For Breach Of The Duty Of Good Faith And Fair Dealing.

The question of *whether* the duty of good faith and fair dealing applies to a contract—and consequently *whether* Plaintiffs can bring a breach of contract claim based on that duty—is a question of law properly before this Court on CBP's Motion To Dismiss. *See Cable & Assocs. Ins. Agency, Inc. v. Commercial Nat'l Bank of Pa.*, 875 A.2d 361, 364 (Pa. Super. 2005); *JHE, Inc. v. Southeastern Pa. Transp. Auth.*, No. 1790, 2002 WL 1018941, at *7 n.9 (Pa. Com. Pl. May 17, 2002). This is a threshold question that Plaintiffs cannot avoid, nor do they dispute it.[3]

### A.  Pennsylvania Law Does Not Imply A Duty Of Good Faith And Fair Dealing In All Contracts.

Plaintiffs incorrectly state that a duty of good faith and fair dealing "is imposed by every contract" under Pennsylvania law. (Pls. Resp. 5, Dkt. #750.) In fact, the Supreme Court of Pennsylvania has not ruled on that question, *see Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 883 n.2

---

[3] Plaintiffs simply state that whether there is a breach of the duty of good faith and fair dealing is a question of fact. (Pls. Resp. 9.) But that does not address the threshold question of whether, as a legal matter, such a duty applies.

(Pa. 2007), and the Third Circuit has held that the duty of good faith and fair dealing is *not* imposed in every contract under Pennsylvania law, *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000); *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 701-02 (3d Cir. 1993), *abrogated on other grounds, United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003). Pennsylvania law clearly limits the application of any duty of good faith and fair dealing to specific situations such as certain franchisor-franchisee and insurer-insured relationships. *See, e.g.*, *Creeger Brick & Bldg. Supply Inc. v. Mid-State Bank & Trust Co.*, 560 A.2d 151, 154 (Pa. Super. 1989); *see also Bishop v. GNC Franchising LLC*, 403 F. Supp. 2d 411, 418 (W.D. Pa. 2005) (declining to extend a duty of good faith and fair dealing, which had been recognized in the context of termination of a franchise agreement, to the performance of a franchise agreement).

Contrary to Plaintiffs' contention, (Pls. Resp. 5 n.5), several recent cases cite *Creeger* as good law, and have reiterated that a duty of good faith and fair dealing applies only in limited situations. *See, e.g., In re Domiano*, 422 B.R. 497, 505 (Bankr. M.D. Pa. 2009); *Bishop*, 403 F. Supp. 2d at 418-19; *Cable & Assocs.*, 875 A.2d at 364; *John B. Conomos, Inc. v. Sun Co., Inc. (R&M)*, 831 A.2d 696, 706 (Pa. Super. 2003).[4] This Court should recognize this limitation under Pennsylvania law, and dismiss Plaintiffs' claim for breach of contract based on a duty of good faith and fair dealing. *See Leder v. Shinfeld*, 609 F. Supp. 2d 386, 400-01 (E.D. Pa. 2009)

---

[4] The cases Plaintiffs cite to suggest that *Creeger*'s holding has been rejected are two unpublished Pennsylvania common pleas court cases from 2002 that are not binding authority. *Phila. Plaza-Phase II v. Bank of Am. Nat'l Trust & Sav. Ass'n*, No. 3745, 2002 WL 1472337, at *5 (Pa. Com. Pl. June 21, 2002); *Acad. Indus., Inc. v. PNC Bank, N.A.*, No. 2383, 2002 WL 1472342, at *8 (Pa. Com. Pl. May 20, 2002). *Martrano*, which Plaintiffs also cite, follows, not rejects, *Creeger*. *Martrano v. Quizno's Franchise Co., LLC*, No. 08-0932, 2009 WL 1704469, at *18 (W.D. Pa. June 15, 2009) (recognizing that the duty of good faith and fair dealing does not always give rise to a cause of action, and this limitation may be "simply a more nuanced, refined and ultimately accurate version of the limitation discussed in cases like *Creeger*").

(dismissing claim for breach of contract for breach of the duty of good faith and fair dealing, recognizing the court was "bound by the Third Circuit's interpretation of Pennsylvania law").

Plaintiffs' reliance on *Gutierrez* and *White* is misplaced.  Each of those cases applies the laws of different states that vary from Pennsylvania law.  *Gutierrez* applies California law. *Gutierrez v. Wells Fargo & Co.*, 622 F. Supp. 2d 946, 951 (N.D. Cal. 2009).  California's legislature has explicitly stated that, with respect to check transactions, a bank may "not properly follow an established practice of maximizing the number of returned checks for the sole purpose of increasing the amount of returned check fees charged to the customer."  *Id*. at 952 (quoting Cal. Com. Code § 4303(b), cmt. 7).  Pennsylvania law contains no similar statement.  *See* 13 Pa. C.S. § 4303.  Similarly, *White* applies Georgia law.  *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1363 (N.D. Ga. 2008).  In Georgia, "the duty of good faith is implied in all contracts, which is the overarching presumption.  The exception to this general rule occurs only if the contract expressly (not impliedly) provides otherwise."  *Id*. at 1365.  This is not the rule in Pennsylvania.  That the *Gutierrez* and *White* courts concluded that plaintiffs could state a claim for breach of the duty of good faith and fair dealing under California and Georgia law is irrelevant to the analysis of Pennsylvania law.  Because Pennsylvania law does not impose this duty in all contracts, and no Pennsylvania court has recognized a duty in the specific context at issue here, Plaintiffs cannot, as a matter of law, state a claim for breach of contract for breach of a duty of good faith and fair dealing.

> **B.   Plaintiffs Cannot State A Claim For Breach Of Contract For Breach Of The Duty Of Good Faith And Fair Dealing Even If CBP Has Discretion In Ordering Transactions.**

Whether CBP has discretion to determine the order in which it posts transactions does not save Plaintiffs' flawed breach of contract claim.  The duty of good faith and fair dealing is an "interpretive tool to determine the parties' justifiable expectations in the context of a breach of

contract action, but that duty is not divorced from the specific clauses of the contract and cannot be used to override an express contractual term." *Northview Motors*, 227 F.3d at 91; *see also Creeger*, 560 A.2d at 154 (holding duty of good faith and fair dealing cannot alter express terms of a contract); *Bishop*, 403 F. Supp. 2d at 418 (same). "[I]mplied covenants and any express terms of a contract are necessarily mutually exclusive—one can invoke 'implied' terms *only* when there are no express terms in the contract relating to the particular issue." *USX Corp. v. Prime Leasing Inc.*, 988 F.2d 433, 438 (3d Cir. 1993) (emphasis added). CBP's Account Agreement contains clear, express terms that it may re-order transactions, and the order in which it pays transactions could increase the overdraft/insufficient available funds fees a customer incurs. (CBP Mem. of Law Ex. A at 20-21.)

Moreover, where one party to a contract has discretion, it must exercise discretion "in a reasonable way," *USX Corp.*, 988 F.2d at 438, and based on the parties' expectations, *Northview Motors*, 227 F.3d at 91. For any breach to occur, the party with discretion would have to use that discretion "for a reason outside the contemplated range—a reason beyond the risks assumed by the party claiming the breach." *Hassler v. Sovereign Bank*, No. 09-2982, 2010 WL 893134, at *4 (3d Cir. Mar. 15, 2010). Here, if CBP exercised its discretion to re-order transactions—as it expressly states it may do in its Account Agreement, and that customers may incur additional overdraft/insufficient available funds fees as a result—that re-ordering cannot be beyond the parties' expectations. Plaintiffs cannot alter the benefit of their bargain through litigation, and their breach of contract claim for breach of a duty of good faith and fair dealing must fail.

### III. Plaintiffs Have Failed To State A Claim Under Pennsylvania's Unfair Trade Practices Law.

Plaintiffs also misstate Pennsylvania law regarding its Unfair Trade Practices Consumer Protection Law ("UTPCPL"). First, contrary to Plaintiffs' assertion, "in order to state a claim

under the UTPCPL, a plaintiff *must* allege one of the 'unfair or deceptive practices' set forth in [the Act]." *Romeo v. Pittsburgh Assocs.*, 787 A.2d 1027, 1033 (Pa. Super. 2001) (emphasis added); *see also Feeney v. Disston Manor Pers. Care Home, Inc.*, 849 A.2d 590, 597 (Pa. Super. 2004) (affirming summary judgment for defendant on UTPCPL claim because complaint failed to set forth any statutory provision entitling plaintiff to relief). Plaintiffs here failed to assert any of the twenty-one enumerated provisions under the UTPCPL, and footnote 7 of their Response, stating that "[a]t a minimum, Plaintiffs' claim falls under the so-called 'catch-all' provision of the UTPCPL," (Pls. Resp. 18), serves only to underscore this pleading deficiency.

Second, Plaintiffs incorrectly state that justifiable reliance is not required for a UTPCPL claim, particularly one brought under the catch-all provision amended in 1996. (Pls. Resp. 18-19 & n.8.) The Pennsylvania Supreme Court has explicitly held that the provision of the UTPCPL that allows private plaintiffs to bring suit under the Act requires that a plaintiff allege and prove justifiable reliance. *Schwartz v. Rockey*, 932 A.2d 885, 897 n.16 (Pa. 2007); *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). In *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008), the Third Circuit specifically noted that the Pennsylvania Supreme Court "has not recognized any exceptions" to this justifiable reliance requirement, even in cases brought under "the post-1996 [UTPCPL] catch-all provision." *See also Morilus v. Countrywide Home Loans, Inc.*, 651 F. Supp. 2d 292, 308-09 (E.D. Pa. 2008) (following *Hunt* and holding that plaintiff must allege justifiable reliance to state a UTPCPL claim).

The cases Plaintiffs cite are either completely irrelevant or demonstrate that justifiable reliance is an element of a private-plaintiff UTPCPL claim. Two of the cases, *Pennsylvania Dep't of Banking v. NCAS of Del., LLC*, 995 A.2d 422 (Pa. Cmwlth. 2010) and *Commonwealth v. Percudani*, 825 A.2d 743 (Pa. Cmwlth. 2003), were brought by the Attorney General, who can

bring suit under a different provision of the UTPCPL that does not contain a justifiable reliance requirement. *Hunt*, 538 F.3d at 222. Moreover, in *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 465 (E.D. Pa. 2009), the court dismissed all but one claim, in part, because plaintiffs failed to allege justifiable reliance. *Id.* at 466 ("[m]ost of plaintiffs' individual claims under the UTPCPL suffer for lack of any sufficient factual allegations or allegations of justifiable reliance and causation").

Finally, Plaintiffs now attempt to alter their Complaint through their Response by claiming, for the first time, that a provision in CBP's Account Agreement is an express warranty, which CBP has breached under a specific section of the UTPCPL. That allegation is nowhere in Plaintiffs' Complaint, and it cannot be raised now in an attempt to save its flawed UTPCPL claim. Moreover, Plaintiffs' argument is based on a misconstruction of CBP's Account Agreement. Plaintiffs claim that Section 6 of the CBP Account Agreement is a promise that CBP would "not permit withdrawals" unless a customer had sufficient available funds. (Pls. Resp. 19.) That Section describes in-person withdrawals; it states that a customer must "provide [CBP] with identification that is in a form satisfactory to [CBP] and with any documentation [CBP] may require from time to time (for example, a check or withdrawal slip)." (CBP Mem. of Law Ex. A at 16.) The plain language of Section 12 of the Account Agreement that, when a customer lacks sufficient available funds, CBP "may honor [a] Transaction and create an overdraft in [the] account and impose an overdraft/insufficient available funds fee for paying the overdraft," (*id.* at 21), undercuts any notion that Section 6 contains an express warranty.[5]

---

[5] Plaintiffs are also not entitled to any presumption of justifiable reliance at this stage of the case based on this provision of CBP's Account Agreement, which Plaintiffs conclusively and incorrectly label a misrepresentation. (Pls. Resp. 19-20.) In *Aronson v. GreenMountain.com*, 809 A.2d 399, 405 (Pa. Super. 2002), cited by Plaintiffs, the court declined to allow such a presumption, particularly where the plaintiff had "failed to articulate why the class is entitled to a

For all of the foregoing reasons, Plaintiffs' UTPCPL claim fails as a matter of law and must be dismissed.

### IV. Plaintiffs' Unjust Enrichment Claim Fails.

Unjust enrichment claims can and are properly dismissed at this stage of litigation. *See, e.g., Boland v. Select Comfort Corp.*, No. 10-0465, 2010 U.S. Dist. LEXIS 79455, at *19 (M.D. Pa. Aug. 6, 2010) (granting motion to dismiss unjust enrichment claim because the court found that a contract of sale existed between the parties); *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 446-48 (3d Cir. 2000) (affirming motion to dismiss unjust enrichment claim because the defendant did not receive a benefit, and even if they had, it would not have been unjust to allow them to retain the benefit); *Estate of Gleiberman v. Hartford Life Ins. Co.*, 94 F. App'x 944, 947 (3d Cir. 2004) (applying New Jersey law and affirming motion to dismiss because, although plaintiff alleged that the contract was one of adhesion, the court found that the contract was valid and enforceable and therefore barred a claim for unjust enrichment). Moreover, although a plaintiff can plead alternative, inconsistent claims, Plaintiffs here rely upon and incorporate the same set of facts, including the Account Agreement, to support both their contract and unjust enrichment claims. (*See* Compl. ¶¶ 96, 120.)  For these reasons, and those

---

(continued…)

presumption of reliance."  The case also addressed whether plaintiff was entitled to a presumption of reliance at the class certification stage, after a hearing was held, and not at the motion to dismiss stage where there has been no actual proof of a misrepresentation.  Similarly, in *In re Estate of Harris*, 245 A.2d 647, 650 (Pa. 1968), the lower court found, after a hearing, that a material misrepresentation was made.  No such finding has been made here.  Plaintiffs' argument for a presumption of justifiable reliance further underscores the need for that element of Plaintiffs' claim to be alleged, which Plaintiffs have failed to do.

set forth in CBP's Memorandum of Law in Support of Its Motion To Dismiss, Plaintiffs' unjust enrichment claim should be dismissed.[6]

## CONCLUSION

For the foregoing reasons and the reasons set forth in CBP's Motion To Dismiss and accompanying Memorandum of Law, Plaintiffs' Complaint against CBP should be dismissed in its entirety with prejudice.

Dated:  August 30, 2010

Respectfully submitted,

 /s/David F. Adler
David F. Adler
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-1344
Facsimile:   (216) 579-0212
dfadler@jonesday.com

Erin L. Shencopp
Gabriel H. Scannapieco
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL   60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585
eshencopp@jonesday.com
gscannapieco@jonesday.com

*Attorneys for Defendant Citizens Bank of Pennsylvania*

---

[6] CBP maintains that Plaintiffs' claims of unconscionability and for conversion also fail as a matter of law, and its arguments are fully stated in its Memorandum of Law in Support of Its Motion To Dismiss.

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record and/or parties in the above-captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF or in some other agreed-upon manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/David F. Adler

*Attorney for Defendant Citizens Bank of Pennsylvania*