UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Dwyer v. TD Bank, N.A.*
S.D. FL Case No. 10-20855-JLK
D.Mass. Case No. 09-cv-12118

*Mascaro v. TD Bank, N.A.*
S.D. FL Case No. 10-21117-JLK
D.D.C. Case No. 10-cv-0040

*Mosser v. TD Bank, N.A.*
S.D. Fl. Case No. 10-21386-JLK
E.D. Pa. Case No. 10-cv-00731

*Mazzadra, et. al v. TD Bank, N.A.*
S.D. Fla. Case No. 10-21870-JLK

DEFENDANT TD BANK, N.A.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ...............................................................................................1

ARGUMENT ....................................................................................................2

I.  The Decisions of the Third Circuit and the District of New Jersey in
    *Hassler* Should Control Plaintiffs' Claims under the Law of New
    Jersey and Pennsylvania. ............................................................................2

II.  *Hassler* Is Not Meaningfully Distinguishable From the Present Case. ............4

    A.  The Terms of the TD Bank Agreement at Issue in the Present
        Case and the Terms of the Sovereign Bank Agreement at Issue
        in *Hassler* Are Materially Identical. ..........................................4

    B.  Plaintiffs' Additional Allegations Do Not Render *Hassler*
        Inapposite. .......................................................................7

    C.  As in *Hassler*, Plaintiffs Have Failed to Adequately Allege a
        Breach of the Duty of Good Faith and Fair Dealing. ...........................7

III.  *Hassler* Should Control Not Only Plaintiffs' Claims of Breach of
     Contract and Breach of Good Faith and Fair Dealing, and Unfair
     Trade Practices Under New Jersey Law, But Also Plaintiffs' Other
     Claims under New Jersey Law and Pennsylvania Law. ................................8

    A.  *Hassler* Should Control Plaintiffs' Unconscionability and
        Conversion Claims under New Jersey Law. ....................................8

    B.  *Hassler* Should Control the Claims Asserted by the
        Pennsylvania Plaintiff. .......................................................9

IV.  Plaintiffs' State Law Claims Are Preempted. ........................................13

V.  Plaintiffs' Allegations Not Relating to Ordering of Debit Transactions
    from High to  Low, by Amount, Should be Stricken. ...............................13

CONCLUSION ...............................................................................14

i

# TABLE OF AUTHORITIES

## Cases

*Adelphia Recovery Trust v. Bank of Am., N.A.*,
    624 F. Supp. 2d 292 (S.D.N.Y. 2009) ................................................................ 3, 10

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................ 14

*Butner v. United States*,
    440 U.S. 48 (1979) ................................................................................................ 3

*Chicago Title Ins. Co. v. Ellis*,
    978 A.2d 281 (N.J. Super. Ct. 2009) .................................................................... 9

*City of Newark, N.J. v. U.S. Dep't of Labor*,
    2 F.3d 31 (3d Cir. 1993) ...................................................................................... 2

*Constar, Inc. v. Nat'l Distrib. Ctrs., Inc.*,
    101 F. Supp. 2d 319 (E.D. Pa. 2000) ................................................................. 11

*Hassler v. Sovereign Bank*,
    644 F. Supp. 2d 509 (D.N.J. 2009) .............................................................. passim

*Hassler v. Sovereign Bank*,
    No. 09-2982, 2010 WL 893134 (3d Cir. Mar. 15, 2010) ............................... passim

*Hunt v. U.S. Tobacco Co.*,
    538 F.3d 217 (3d Cir. 2008) ............................................................................... 12

*In re Checking Account Overdraft Litig.*,
    694 F. Supp. 2d 1302 (S.D. Fla. 2010) ........................................................ passim

*Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*,
    944 F.2d 940 (D.C. Cir. 1991) ............................................................................. 4

*Leder v. Shinfeld*,
    609 F. Supp. 2d 386 (E.D. Pa. 2009) ................................................................. 10

*Masterson v. Fed. Express Corp.*,
    No. 07-2241, 2008 WL 4415700 (M.D. Pa. Sep. 26, 2008) ............................... 11

*Mayer v. Gottheiner*,
    382 F. Supp. 2d 635 (D.N.J. 2005) ...................................................................... 2

*Meimin v. Georgia*,
    2010 WL 2771919 (S.D. Ga. June 10, 2010) ..................................................... 14

*Microsoft Corp. v. Jesse's Computers & Repair, Inc.*,
   211 F.R.D. 681 (M.D. Fla. 2002) ............................................................................. 13

*Mitchell v. Moore*,
   729 A.2d 1200 (Pa. Super. Ct. 1999) ....................................................................... 11

*Northview Motors, Inc. v. Chrysler Motors Corp.*,
   227 F.3d 78 (3d Cir. 2000) ...................................................................................... 10

*Palace Entertainment, Inc. v. Bituminous Cas. Corp.*,
   793 F.2d 842 (7th Cir. 1986) ..................................................................................... 3

*Parkway Garage, Inc. v. City of Philadelphia*,
   5 F.3d 685 (3d Cir. 1993) ........................................................................................ 10

*Peacock v. Retail Credit Co.*,
   429 F.2d 31 (5th Cir. 1970) ....................................................................................... 3

*Penn. Dep't of Banking v. NCAS of Delaware, L.L.C.*,
   995 A.2d 422 (Pa. Comw. Ct. 2010) ....................................................................... 12

*Randall v. Scott*,
   610 F.3d 701 (11th Cir. 2010) ................................................................................. 14

*Rearick v. Penn. State Univ.*,
   2010 WL 2521028 (M.D. Pa. June 17, 2010) ......................................................... 10

*Seldon v. Home Loan Servs., Inc.*,
   647 F. Supp. 2d 451 (E.D. Pa. 2009) ...................................................................... 12

*Solano v. A Navas Party Production, Inc.*,
   ___ F. Supp. 2d ___, 2010 WL 2949606 (S.D. Fla. July 26, 2010) .......................... 3

*Sovereign Bank v. BJ's Wholesale Club, Inc.*,
   427 F. Supp. 2d 526 (M.D. Pa. 2006) ....................................................................... 2

*UA Theatre Circuit v. Twp. of Warrington*,
   316 F.3d 392 (3d Cir. 2003) .................................................................................... 10

*United States v. Torres*,
   268 F. Supp. 2d 455 (E.D. Pa. 2003) ........................................................................ 2

*White v. Wachovia Bank, N.A.*,
   563 F. Supp. 2d 1357 (N.D. Ga. 2008) ...................................................................... 9

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
   854 A.2d 425 (Pa. 2004) .......................................................................................... 12

**Statutes**

73 Pa. Cons. Stat. § 201-9.2(a) ...................................................................................... 12

**Rules**

Fed. R. App. P. 32.1 ...................................................................................................... 2

Defendant TD Bank, N.A. ("TD Bank") hereby submits this reply memorandum in support of its motion to dismiss and/or for judgment on the pleadings.

## INTRODUCTION

The central issue raised by TD Bank's motion is an issue of state law, most particularly the common law of New Jersey.  This Court has previously opined that a bank's reservation of the right to post items in any order the bank chooses creates an obligation of good faith that can be breached by the bank even if it posts in an order expressly allowed for by the contract.  *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1314-17 (S.D. Fla. 2010) (DE # 305).  After this Court so held, the Third Circuit Court of Appeals issued an opinion affirming a decision 180 degrees to the contrary by a district court judge who is very familiar with New Jersey law, reasoning that a bank's reservation of discretion to post in a particular order precludes any liability, including liability for breach of any covenant of good faith, for posting in that order.  *Hassler v. Sovereign Bank*, No. 09-2982, 2010 WL 893134 (3d Cir. Mar. 15, 2010) (dismissing claims because "the Account Agreement clearly explains that Sovereign [Bank] may reorder charges"); *see Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509 (D.N.J. 2009) (same).

Plaintiffs offer two principal arguments in response.  First, they contend that the Third Circuit opinion applying New Jersey law "should be disregarded."  Opp. to Motion to Dismiss, at 4.  Second, they contend that the Sovereign Bank contract at issue in the New Jersey case materially differs from the contract of TD Bank.  *Id.*

In this Reply, TD Bank explains why it is proper for this Court to avail itself of the new information that it has concerning New Jersey law, why the TD Bank contract does not materially differ from the Sovereign Bank contract, and why Plaintiffs' remaining contentions necessarily fail as a result.

1

## ARGUMENT

I.   **The Decisions of the Third Circuit and the District of New Jersey in *Hassler* Should Control Plaintiffs' Claims under the Law of New Jersey and Pennsylvania.**

After this Court issued its ruling on the Omnibus Motion to Dismiss and/or for Judgment on the Pleadings and Incorporated Memorandum of Law ("Omnibus Motion") (DE # 217) filed by the Tranche One banks, the Third Circuit Court of Appeals affirmed the District of New Jersey's holding that where a contract reserves to a bank the discretion to post consumer debit transactions from high to low, by amount, the bank violates no duty by processing consumer transactions in that order.  *See Hassler*, 2010 WL 893134, at *4.  TD Bank freely acknowledges – and, contrary to Plaintiffs' claim, did acknowledge in its initial memorandum in support of its motion to dismiss – that the Third Circuit's decision in *Hassler* was unpublished and, hence, not binding precedent.  *See* TD Bank Mem. at 9.  Nevertheless, while unpublished opinions are not binding, they may be cited as persuasive authority.  *See* Fed. R. App. P. 32.1 ("A court may not prohibit or restrict the citation of federal judicial opinions . . . designated as 'unpublished,' 'not for publication,' 'non-precedential,' . . . or the like."); *see City of Newark, N.J. v. U.S. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 427 F. Supp. 2d 526, 536 (M.D. Pa. 2006) (relying on a nonprecedential Third Circuit opinion because "[a] nonprecedential opinion may nonetheless be persuasive"); *Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 659 n.27 (D.N.J. 2005) (listing Third Circuit cases relying on unpublished, nonprecedential opinions); *United States v. Torres*, 268 F. Supp. 2d 455, 460 n.9 (E.D. Pa. 2003) (noting that "unpublished opinions . . . may serve as persuasive authority" under

the Third Circuit Local Appellate Rules).[1]  Accordingly, Plaintiffs' argument that *Hassler*

"should be disregarded," *see* Opp. to Motion to Dismiss, at 4, is contrary to the Federal Rules of

Appellate Procedure and Third Circuit precedent recognizing that unpublished decisions may be

cited as persuasive authority.  This Court can, and should, consider the Third Circuit's opinion in

*Hassler* when considering claims under the law of states within the Third Circuit.  *See Adelphia*

*Recovery Trust v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 309-10 (S.D.N.Y. 2009) (stating that a

federal district court should "conclusively defer to a federal court of appeals' interpretation of the

law of a state that is within its circuit").

Moreover, the *Hassler* district court opinion authored by Judge Simandle – a respected

judge of nearly twenty years' experience – is a published decision that reflects the considered

judgment of a federal court that has great familiarity with New Jersey law.  As the Fifth Circuit

has previously stated in an opinion binding on this court, "We . . . give great weight to the

determination of state law by the Trial Judge sitting in the state and familiar with local law and

its trends."  *Peacock v. Retail Credit Co.*, 429 F.2d 31, 31 (5th Cir. 1970); *see generally Butner v.*

*United States*, 440 U.S. 48, 58 (1979) ("The federal judges who deal regularly with questions of

state law in their respective districts and circuits are in a better position than we to determine

how local courts would dispose of comparable issues."); *Palace Entertainment, Inc. v.*

*Bituminous Cas. Corp.*, 793 F.2d 842, 846 (7th Cir. 1986) (according "substantial weight" to the

"determinations of state law made by a federal district judge who sits in that state").  Plaintiffs

have failed to put forward any reason why this Court should not accord Judge Simandle's

opinion the weight it should have as a decision, rendered by a court familiar with New Jersey

law, that Plaintiffs' claims under New Jersey law are fatally flawed.

---

[1] This Court has, in the very recent past, also relied on an unpublished, nonprecedential opinion for its persuasiveness.  *See, e.g., Solano v. A Navas Party Production, Inc.*, ___ F. Supp. 2d ___, 2010 WL 2949606, at *6 (S.D. Fla. July 26, 2010) (citing unpublished decision as "persuasive authority").

For the foregoing reasons, this Court cannot disregard *Hassler*.[2]  Doing so would improperly disregard these courts' expertise on the law of the states within their jurisdiction and would encourage the forum shopping that accompanies inter-circuit conflicts.  *See Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 944 F.2d 940, 944-45 (D.C. Cir. 1991) ("The potential for forum-shopping within the federal judicial system caused by intercircuit conflicts over the meaning of state law, and the assumption of expertise on the part of the home circuit, have led us to conclude that a home circuit's view of state law is entitled to deference.").  Further, as discussed below, *Hassler* is directly on-point and its reasoning is sound.

II.     ***Hassler* Is Not Meaningfully Distinguishable From the Present Case.**

    A.     **The Terms of the TD Bank Agreement at Issue in the Present Case and the Terms of the Sovereign Bank Agreement at Issue in *Hassler* Are Materially Identical.**

To see why the *Hassler* decision is not materially distinguishable it is necessary to consider that which Plaintiffs ignore:  the precise language of the respective banks' customer contracts, the rationale for this Court's March 11, 2010 Order denying the Omnibus Motion filed by the Tranche One banks, and the central holding of *Hassler* itself.

The actual language of the Sovereign Bank agreement that the *Hassler* court found determinative stated that the bank

> reserve[d] the right to pay the withdrawals you make from your Account regardless of the method of withdrawal *in any order we determine*. . . . Generally, we post your payment transaction each business day in descending order, starting with the largest payment order that is presented for payment.

*Hassler*, 2010 WL 893134, at *1 (emphasis added).

---

[2] Though the Court did cite the district court's decision in *Hassler* in its ruling on the Omnibus Motion, it did so under the apparent misapprehension that it dealt only with paper checks.  *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1315-16.  The district court's decision in *Hassler*, however, makes clear that the case dealt with electronic debits, not checks.  *See Hassler*, 644 F. Supp. 2d at 511 ("In this putative class action, Plaintiff . . . seeks to challenge a practice of Defendant Sovereign Bank . . . relating to the bank's processing of its customers' electronic debit transactions.").  Further, the present motion, unlike the motion filed by the Tranche One Banks, deals specifically with New Jersey law.

Similarly, the TD Bank agreement provides that

[w]ithin each category, [the bank] may process checks and other items *in any order we choose*.  Methods available to the Bank for processing checks and other items for payment include, but are not limited to, by dollar amount from highest to lowest, by number or by date.

(Deposit Agreement dated September 9, 2009, attached to Plaintiffs' SAC as Exhibit A, at 14-15) (emphasis added).

Accordingly, contrary to Plaintiffs' suggestion, the TD Bank agreement discloses with the same clarity as the Sovereign Bank agreement how the charges may be reordered.  *See* Opp. to Motion to Dismiss, at 4.  In each instance, the respective agreement expressly reserves discretion to post in any order that the bank may decide upon.  The only difference is that the Sovereign Bank agreement, after reserving the discretion to post in any order it chooses, states that it generally will post high to low; while the TD agreement, after also retaining discretion, expressly cites high to low as the only example of how it might post.  Whatever differences in nuance one might argue exist between the respective contracts, the common point is that a customer deemed to have read the contract would clearly know that the bank could post in any order, and could hardly claim to be surprised that posting is done from high to low, in accord with the only order expressly disclosed in either contract.

The reservation of discretion to post in other than a high to low order – a factor common to the TD Bank and Sovereign Bank agreements – provided the lynchpin for this Court's ruling on the Omnibus Motion.  Observed this Court: "There are a number of cases supporting the proposition that when one party is given discretion to act under a contract, such discretion must be exercised in good faith."  *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1315. In short, on an issue of state contract law, this Court relied in its ruling on a reading of various common law cases for the proposition that when a bank retains discretion to post any way it

wants, it can be found liable for posting in a manner expressly allowed by its contract if it fails to "act in good faith" in selecting the method chosen.

If this proposition were a correct statement of New Jersey law, then it would necessarily apply to the Sovereign Bank contract as well because that contract expressly retains for Sovereign Bank the discretion to post in any manner it so decides.  However, as this Court now knows, it was precisely this proposition that the plaintiff advanced in *Hassler* – and it was this proposition that the *Hassler* court flatly and firmly rejected.  *See Hassler*, 644 F. Supp. 2d at 517 ("Finally, Plaintiff draws the Court's attention to the Agreement's use of the term 'may,' arguing that by describing the actions that Sovereign 'may' take  . . . the Agreement implies that customers are entitled to an unexpressed limitation on Sovereign's exercise of discretion.").  The *Hassler* court concluded that "[t]his argument . . . lack[ed] merit" because the permissive language in the Sovereign Bank agreement was "unmistakably plain, making clear that Sovereign 'may' – i.e., is authorized to – process transactions in a non-chronological order."  *Id.*

In sum, whereas this Court relied upon the fact that the contract grants discretion to the bank to post as it chooses as a grounds for creating the potential for liability, the two *Hassler* decisions make clear that under New Jersey law, at least, the fact that the contract gives the bank the discretion on how to post precludes liability.  Since both the Sovereign Bank agreement and the TD Bank agreement are clear in granting such discretion and are equally clear that posting high to low is one of the methods that the bank is entitled to choose, in fact the only one mentioned in each instance, then it follows that the two cases are materially indistinguishable on the central issue at hand; *i.e.*, does the retention of discretion inculpate or exculpate?[3]

---

[3] Plaintiffs also briefly argue that the TD Bank agreement does not provide as clear an indication as the Sovereign Bank agreement does that differences in posting order may result in higher fees.  Opp. to Motion to Dismiss, at 5. Again, Plaintiffs fail to cite the relevant language.  In fact, the TD Bank agreement is even more express than the *Sovereign Bank* agreement on this point, as the TD Bank agreement, unlike the Sovereign Bank agreement,

**B.      Plaintiffs' Additional Allegations Do Not Render *Hassler* Inapposite.**

While Plaintiffs' SAC includes allegations that TD Bank engaged in certain practices with other customers that were not specifically mentioned in the *Hassler* decisions, these allegations are not sufficient to render *Hassler* inapposite.  First, as discussed below, the additional allegations pled by Plaintiffs are insufficient as a matter of law, because Plaintiffs provide no factual allegations of harm resulting from the alleged practices.  Given that these extraneous allegations should be stricken, they do not suffice to distinguish *Hassler*.  Second, the present Plaintiffs and the plaintiffs in *Hassler* both sought recovery for debit transaction practices allegedly engaged in with an intent to maximize profits.  *See* SAC ¶¶ 51, 53, 54; *Hassler*, 644 F. Supp. 2d at 519 ("Plaintiff alleges that . . . Sovereign intended to benefit itself by maximizing the amount of overdraft charges." (internal quotation marks and brackets omitted)).  Accordingly, the court in *Hassler* did consider and squarely reject the theoretical basis for all of Plaintiffs' claims.  Finally, and at the very least, *Hassler* indicates that the New Jersey and Pennsylvania Plaintiffs' claims should be dismissed insofar as they rely on the ordering practices utilized by TD Bank, even if this Court does not find that *Hassler* adequately addresses the practice of placing holds on account funds or batching of charges.

**C.      As in *Hassler*, Plaintiffs Have Failed to Adequately Allege a Breach of the Duty of Good Faith and Fair Dealing.**

Contrary to Plaintiff's assertions, *see* Opp. to Motion to Dismiss, at 8, Plaintiffs' breach of good faith and fair dealing claim under New Jersey law is indistinguishable from the claims asserted in *Hassler*.  In *Hassler*, the breach of good faith and fair dealing theory rested on the assertion that the bank re-ordered the charges, resulting in unfair overdraft fees, based solely on a desire to maximize profit.  *Hassler*, 2010 WL 893134, at *4; *see Hassler*, 644 F. Supp. 2d at

expressly states that "additional fees may result" from certain posting orders.  *See* TD Bank Mem. at 4, 6 (quoting pertinent language); SAC, Exhibit A at 15; *Hassler*, 2010 WL 893134, at *1.

518-19.  Here, Plaintiffs allege the same.   *See* SAC ¶ 53 ("TD's policy and practice of posting

charges . . . is specifically designed to maximize the generation of overdraft fees."); Opp. to

Motion to Dismiss, at 8 ("The result of such misconduct by TD Bank was to significantly

increase its fees at the direct cost of its customers.").  Significantly, *Hassler* expressly rejected

the good faith and fair dealing claim on the basis that "it does not satisfy the improper motive

element of a good faith performance claim for a plaintiff to allege merely that its contractual

partner exercised the discretion expressly afforded to it under the agreement to serve its own

financial interests."  *Hassler*, 644 F. Supp. 2d at 519.  Given the identical nature of these

allegations, it is clear that the *Hassler* court's decision applies with equal force to the New Jersey

Plaintiffs' claim.[4]

III.    ***Hassler* Should Control Not Only Plaintiffs' Claims of Breach of Contract and
         Breach of Good Faith and Fair Dealing, and Unfair Trade Practices Under New
         Jersey Law, But Also Plaintiffs' Other Claims under New Jersey Law and
         Pennsylvania Law.**

        A.      ***Hassler* Should Control Plaintiffs' Unconscionability and Conversion Claims
                 under New Jersey Law.**

        Contrary to Plaintiffs' arguments, *Hassler* does provide guidance regarding Plaintiffs'

unconscionability and conversion claims under New Jersey law.  As to Plaintiffs'

unconscionability claims, it is evident that *Hassler* applies because the court found that

reordering of charges did not amount to "unlawful conduct" under the New Jersey Consumer

Fraud Act, and "unlawful conduct" includes "any unconscionable commercial practice."  *See*

*Hassler*, 2010 WL 893134, at *2-3 (citing N.J. Stat. Ann. § 56:8-2).  As argued above, the

---

[4] Similarly, Plaintiffs also suggest that *Hassler*'s basis for rejecting the New Jersey statutory business practices claim is inapplicable here.  As discussed, the language in the two agreements are indistinguishable.  The mere fact that the Sovereign Bank agreement provides an example of what was clearly permitted under the agreement does not distinguish *Hassler* from this case.  Accordingly, *Hassler* should control the New Jersey Plaintiffs' statutory unfair business practices claim.

factual basis for the claims in *Hassler* were almost identical to the present claims – the language

in Sovereign Bank's agreement regarding reordering of charges are materially indistinguishable

from the language in TD Bank's agreement, and Plaintiffs' claims all revolve around the same

theory of conduct undertaken to maximize profits.  *See Hassler*, 2010 WL 893134, at *4.

Accordingly, in categorically rejecting the claims asserted by the *Hassler* plaintiffs, the Third

Circuit and District of New Jersey of necessity rejected the theory that Plaintiffs assert with

regard to unconscionability.  Further, the mere fact that this Court previously approved of a good

faith and fair dealing claim in the Tranche One proceedings is not determinative.  This claim,

unlike the Tranche One proceedings, implicates New Jersey law – law that, as *Hassler*

demonstrates, does not support Plaintiffs' theory.  *See Hassler*, 644 F. Supp. 2d at 514-17.

       For much the same reason, Plaintiffs' argument that their conversion claims should

survive under New Jersey law is erroneous.  Plaintiffs inexplicably support their argument that

the conversion claim should survive under New Jersey law by citing two opinions that do not

interpret New Jersey law.  *See* Opp. to Motion to Dismiss, at 11 (citing *In re Checking Account*

*Overdraft Litig.*, 694 F. Supp. 2d at 1323 (not considering claims on a state-by-state basis), and

*White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1357, 1371 (N.D. Ga. 2008) (Georgia law)).  The

New Jersey Plaintiffs' conversion claims must fail under the *Hassler* holding because, if the

bank's ordering approach was not impermissible, it was proper for the bank to deduct the fees

from the account balance.  *See Chicago Title Ins. Co. v. Ellis*, 978 A.2d 281, 288 (N.J. Super. Ct.

2009) (requiring "wrongful" exercise of control over property of another).

       **B.     *Hassler* Should Control the Claims Asserted by the Pennsylvania Plaintiff.**

       Plaintiffs also argue that the claims asserted under Pennsylvania law should survive.

Opp. to Motion to Dismiss, at 12.  However, Plaintiffs' argument rests on an erroneous reading

of Pennsylvania law.  Pennsylvania law provides no support for the contention that the Third

Circuit would reach a decision contrary to *Hassler* under Pennsylvania law.

Plaintiffs are simply incorrect that Pennsylvania courts have "recognized the implied

covenant of good faith and fair dealing in every contract."  Opp. to Motion to Dismiss, at 12.  As

the Middle District of Pennsylvania stated just two months ago, "under Pennsylvania law, every

contract does not imply a duty of good faith."  *Rearick v. Penn. State Univ.*, 2010 WL 2521028,

at *8 (M.D. Pa. June 17, 2010) (quoting *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d

685, 700 (3d Cir. 1993), *overruled on other grounds by UA Theatre Circuit v. Twp. of*

*Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)); *see Leder v. Shinfeld*, 609 F. Supp. 2d 386, 400

(E.D. Pa. 2009) (same).  "In practice, . . . [Pennsylvania] courts have recognized an independent

cause of action for breach of a duty of good faith and fair dealing only in very limited

circumstances."  *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir.

2000).  Specifically, the Third Circuit has held that "a party is not entitled to maintain an implied

duty of good faith claim where the allegations of bad faith are identical to a claim for relief under

an established cause of action."  *Id.*; *see also Leder*, 609 F. Supp. 2d at 400 (stating that the Third

Circuit has "predict[ed] that the Pennsylvania Supreme Court would not extend the limited duty

of good faith to a situation . . . in which there already exists an adequate remedy at law."

(quoting *Parkway Garage*, 5 F.3d at 702)).  Accordingly, Plaintiffs' claim for breach of good

faith and fair dealing under Pennsylvania law must necessarily fail.  *See Adelphia Recovery*

*Trust*, 624 F. Supp. 2d at 309-10 (district court should grant determinative weight to circuit court

interpretations of the law of a state within the circuit).  Plaintiffs have adequate remedies at law,

as is evidenced by their other common law and unfair business practices claims.

Similarly, Plaintiffs' argument that the unjust enrichment theory may survive under Pennsylvania law is misplaced. Ignoring the Pennsylvania case law put forward in TD Bank's motion to dismiss, *see* TD Bank Mem. at 11, Plaintiffs rely on a decision by this Court that does not reference Pennsylvania law, and on an unpublished decision by the Middle District of Pennsylvania that explicitly contradicts Plaintiffs' position. *See* Opp. to Motion to Dismiss, at 12 (citing *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1321 (not citing Pennsylvania case law), and *Masterson v. Fed. Express Corp.*, No. 07-2241, 2008 WL 4415700, at *5 (M.D. Pa. Sep. 26, 2008) (stating that "[i]t is true that a party may not seek relief under the quantum meruit doctrine while also admitting that a valid contract established the value of the services rendered," and only allowing for unjust enrichment claim if the contract is "invalid or unenforceable")).[5] It is well settled under Pennsylvania law that an express contract precludes a claim for unjust enrichment and that such a claim may only be pled as an alternative if the validity and enforceability of a contract is at issue. *See Constar, Inc. v. Nat'l Distrib. Ctrs., Inc.*, 101 F. Supp. 2d 319, 324 (E.D. Pa. 2000) (The plaintiff's "claim for unjust enrichment is also defeated by the existence of the contract between the parties. Under Pennsylvania law, the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship is founded on a written agreement or express contract."); *see Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999) ("[W]e may not make a finding of unjust enrichment . . . where a written or express contract between parties exists."); *see also Masterson*, 2008 WL 4415700, at *5 (allowing unjust enrichment claim only if the contract was invalid or unenforceable). Given that Plaintiffs do not contest the validity of the contract, Plaintiffs' unjust enrichment claims must be dismissed under Pennsylvania law.

---

[5] Even if *Masterson* supported Plaintiffs – which it does not – Plaintiffs' reliance on the case would be ironic, given their vociferous arguments that TD Bank's reference to the Third Circuit's unpublished opinion in *Hassler* is inappropriate.

Finally, Plaintiffs' statement that Pennsylvania's unfair business practices statute does not require a showing of justifiable reliance, *see* Opp. to Motion to Dismiss, at 13, is directly contradicted by controlling case law.  While it is true that, under the 1996 amendments to the statute, not all elements of common law fraud must be pled, *see Penn. Dep't of Banking v. NCAS of Delaware, L.L.C.*, 995 A.2d 422, 443 (Pa. Comw. Ct. 2010) (stating that intent to deceive is not an element under the statute), a plaintiff must nevertheless prove justifiable reliance even after the 1996 amendments, *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438-39 (Pa. 2004) (holding that for any UTPCPL claim a plaintiff must show that he (1) "justifiably relied on [a] defendant's wrongful conduct or representation" and (2) "suffered harm as a result of that reliance").  *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) ("[T]he Pennsylvania Supreme Court has effectively answered the question presented in this case. That Court has categorically and repeatedly stated that, due to the causation requirement in the Consumer Protection Law's standing provision, 73 Pa. Cons. Stat. § 201-9.2(a) (permitting suit by private plaintiffs who suffer loss "as a result of" the defendant's deception), a private plaintiff pursuing a claim under the statute must prove justifiable reliance. . . . It has not recognized any exceptions, and has applied this rule in a variety of situations."  Indeed, the very cases cited by Plaintiffs for the proposition that reliance is not a required element, Opp. to Motion to Dismiss, at 13, state the contrary.  *See, e.g.*, *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 469 (E.D. Pa. 2009) ("Because the loss must occur 'as a result of' unlawful conduct under the UTPCPL, a private plaintiff pursuing a claim under the statute must prove justifiable reliance on the unlawful conduct.").  Further, Plaintiffs have put forward no reason why reliance should be presumed here.

The fact that Pennsylvania law is more restrictive than New Jersey law, combined with *Hassler*'s rejection of Plaintiffs' theories, demonstrates that Plaintiffs' claims under Pennsylvania law should be dismissed.

## IV.   Plaintiffs' State Law Claims Are Preempted.

While recognizing that this Court has already addressed preemption in its order relating to the Tranche One banks, *see In re Checking Account Overdraft Litigation*, 694 F. Supp. 2d at 1310-14, TD Bank respectfully notes that Plaintiffs have not yet squarely confronted the central contradiction in their preemption claim – namely, that Plaintiffs have urged this Court to authorize a jury to use state law to achieve a result that state legislatures are prohibited from accomplishing.  Given that state legislatures are not permitted to prohibit national banks from reserving and exercising the discretion to post high to low, by amount, then it should follow that juries should not be permitted to assess damages merely because a national bank has posted debits from high to low, by amount, as expressly allowed under the contract.

## V.   Plaintiffs' Allegations Not Relating to Ordering of Debit Transactions from High to Low, by Amount, Should be Stricken.

This Court has not yet directly addressed the adequacy of Plaintiffs' allegations that do not relate to reordering of debit transactions.  This Court should exercise its "broad discretion in disposing of [a] motion[] to strike under Fed. R. Civ. P. 12(f)," *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002), to strike these extraneous allegations.

The SAC is patently inadequate with regard to allegations that do not relate to the reordering of debit transactions from high to low, by amount, as it does not contain any factual allegations of injury from such practices.  Rather, the complaint asserts mere legal conclusions. This is amply demonstrated by the only two paragraphs in the complaint that Plaintiffs have cited

to support the argument that they adequately allege injury from practices other than reordering. *See* Opp. to Motion to Dismiss, at 19; SAC, ¶¶ 85 (alleging harm from reordering of transactions, but no other practices) and 90 (containing no factual allegations regarding injury). Legal conclusions are not adequate under federal pleading rules. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (requiring sufficient factual matter such that a court could draw reasonable inferences, and rejecting "unadorned, the-defendant-unlawfully-harmed-me accusations"); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Absent factual allegations of injury, Plaintiffs cannot maintain a claim based on practices other than re-ordering. *See, e.g.*, *Meimin v. Georgia*, 2010 WL 2771919, at *2-3 (S.D. Ga. June 10, 2010) (dismissing for failure to adequately plead harm under *Iqbal*). Accordingly, the allegations contained in the complaint regarding practices other than reordering fulfill no function other than prejudicing TD Bank's defense. As such, the allegations that do not address reordering should be stricken.

## CONCLUSION

For all the foregoing reasons, as well as those stated in TD Bank's initial memorandum, the Court should dismiss Plaintiffs' SAC. Alternatively, and at a minimum, the *Hassler* decisions demonstrate that the claims asserted by New Jersey and Pennsylvania Plaintiffs should be dismissed. Finally, and also in the alternative, the Court should strike Plaintiffs' conclusory allegations of alleged improprieties having no alleged effect on Plaintiffs themselves.

Dated:  August 30, 2010

Respectfully Submitted,

/s/ William J. Kayatta, Jr.
William J. Kayatta, Jr.
(*pro hac vice*)
wkayatta@pierceatwood.com
Lucus A. Ritchie
(*pro hac vice*)
lritchie@pierceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
Tel: (207) 791-1100 Fax: (207) 791-1350

*Attorneys for Defendant TD Bank, N.A.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

 

I hereby certify that on August 30, 2010, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

/s/ Lucus A. Ritchie
Lucus A. Ritchie
lritchie@pierceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
Tel: (207) 791-1100 Fax: (207) 791-1350
