# **EXHIBIT 1**

Robert Townsend
P.O. Box 3330
Dana Point, CA 92629
(949)495-0089
Fax (949)495-0580
townsend@runbox.com

Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT TOWNSEND,<br><br>   Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK & COMPANY., WELLS FARGO BANK, NA., J.P MORGAN CHASE, CHASE BANK USA, N.A., AND AS SUCCESSORS IN INTEREST TO WASHINGTON MUTUAL BANK FA., Does 1-10<br><br>   Defendants. | MDL Case **No. 10-2136**<br><br>Southern District of Florida Case No. **10-CV-21834-JLK**<br><br>Central District of California Case No: **CV10-00550 ODW(MLGx)**<br><br>**PLAINTIFF'S OPPOSITION TO MOTIONS TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION, FILED BY DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO BANK & CO., CHASE BANK USA, N.A., J.P. MORGAN CHASE** |

TO LISTED DEFENDANTS AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff Robert Townsend (hereinafter "Townsend"), and hereby files this, his Oppositions to the Motions to Stay Proceedings in favor of Arbitration filed by Defendants Wells Fargo Bank, N.A., Wells Fargo Bank & Co. ("Wells Fargo"), and Chase Bank, N.A., JP Morgan Chase (collectively "Chase"), and in support thereof would show this Honorable Court as follows:

## ARGUMENT & AUTHORITY

1. Before the Court are Chase's and Wells Fargo's motions to stay Townsend's litigation in favor of arbitration, which the banks claim is mandated by the arbitration clauses contained within Townsend's checking account deposit agreements with the banks. On or about September 13, 2010, Townsend filed a motion for partial summary judgment on his claims regarding the procedural and substantive unconscionability of the arbitration clauses within Chase's and Wells Fargo's checking deposit agreements. In opposing the banks' motions for arbitration, Townsend now incorporates by reference the arguments contained within his motion for partial summary judgment. In addition to the arguments presented in his motion for partial summary judgment, Townsend offers the following additional arguments:

6. Each bank who is a party to the MDL litigation before this Court has attempted to compel the various Plaintiffs to arbitration, and had those motions denied in nearly every instance. Townsend is a resident of California and his accounts with the banks were opened in California. As the Court has already seen in Plaintiff *Luquetta*'s Opposition to the bank's Motion to Stay (Dkt. #556), applicable California law makes plain that the banks' arbitration clauses are unconscionable. See, *e.g.*, *Cohen v. DirecTV, Inc.*, 48 Cal. Rptr. 3d 813 (Cal. App. 2 Dist. 2006); *Aral v. EarthLink, Inc.*, 36 Cal. Rptr. 3d 229 (Cal. App. 2 Dist. 2005); *Discover Bank v. Superior Court*, 113 P.3d 1100, 1112 (Cal. 2005). Townsend incorporates by reference these arguments. Indeed, the Court has already ruled against Chase in the *Luquetta* matter (Dkt. #594).

7. The other Plaintiffs have successfully argued – and Townsend argues here and in his motion for partial summary judgment -- that 1) The banks have publicly disavowed enforcement of their arbitration provisions due to evidence that their preferred arbitration forums are rigged against consumers – and/or the arbitration forums themselves acknowledge this; 2) the banks have affirmatively waived their right to arbitrate claims by participating in the MDL litigation, and only belatedly attempting to

compel arbitration; 3) arbitration cannot be compelled because such provisions are unconscionable; and 4) a fair arbitration is not possible for the reasons of bias publicly acknowledged by Chase. Towsend incorporates the *Luquetta* plaintiffs' arguments by reference here, instead of restating them at length, as the Court is by now familiar with the relevant issues.

8. Elaboration on one point – the fairness of the arbitration forums selected by the banks -- is worthwhile, however. As argued by the *Luquetta* plaintiffs' briefs opposing arbitration and stays pending appeal (Dkt. #620, pp. 10-13; Dkt. #556, pp. 16-18), Chase has publicly disavowed the enforcement of its arbitration clauses in other consumer matters because of allegations of bias and corruption in the very forums which the banks would have Townsend's claims heard – the National Arbitration Forum (NAF) and the American Arbitration Forum (AAA). (Wells Fargo's arbitration clauses require arbitration before the AAA.) But even the AAA's *own president* publicly acknowledged during testimony before Congress in 2009 that "a series of important fairness and due process concerns must be addressed and resolved before [AAA] will proceed with the administration of any future … arbitrations." (Townsend's MSJ, p. 7, ¶8). In essence, there is substantial evidence that the NAF and AAA are rigged against consumers – and in response to those concerns, the banks have agreed to stop trying to force consumer disputes into arbitration. Yet here the banks go again, attempting to force Townsend into arbitration, after trying and failing before this Court to force *other* California consumers into arbitration that *both the banks and the arbitration organizations themselves* acknowledge is riddled with fairness and due process concerns. The substantial, publicly acknowledged concerns about the bias and unfairness of the arbitration forums favored by the banks should give this Court pause, and should alone be enough to render the banks' checking account deposit agreement arbitration clauses unenforceable.

PLAINTIFF ROBERT TOWNSEND'S OPPOSITION TO MOTIONS TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION FILED BY DEFENDANTS CHASE and WELLS FARGO
Page 3

9. Lastly, the Court should note that Townsend's MSJ includes a specific challenge to the component of the banks' arbitration clauses which says that even questions of arbitrability must be arbitrated. This sort of fox-guarding-the-henhouse feedback loop is *prima facie* evidence of unconscionability. Townsend incorporates this argument by reference here. Recently, the Supreme Court affirmed that specific challenges to the question of arbitrability (as opposed to global challenges to the entire arbitration agreement) must be decided by a court, not an arbitrator. See *Rent-A-Center, West, Inc., v. Jackson* (U.S., June 21, 2010, No. 09-497) ____U.S. ____ [2010 WL 2471058]. This is just such an instance, and the Court should not allow a biased forum to decide, in essence, whether – among other issues of unconscionability -- the forum itself is biased.

10. For the reasons stated herein; within Townsend's motion for partial summary judgment against the banks; and for the reasons stated in the other MDL plaintiffs' briefs opposing motions for arbitration, Wells Fargo's and Chase's instant motion to stay Townsend's litigation in favor of arbitration should be DENIED.

**PRAYER**

Wherefore, premises considered, Plaintiff Robert Townsend respectfully prays that the Court :

a. DENY Chase's and Wells Fargo's respective Motions to Stay in Favor of Arbitration;

b. ISSUE, forthwith, a scheduling order to govern Townsend's litigation and ensure it moves forward in a timely fashion;

c. Grant Townsend any other relief to which the Court may find him entitled.

| | |
|---|---|
| 1 | |
| 2 | DATED: September 20, 2010 |
| 3 | |
| 4 | Respectfully Submitted: |
| 5 | |
| 6 | Robert Townsend |
| 7 | P.O. Box 3330 |
| 8 | Dana Point, CA 92629 |
| 9 | (949)495-0089 |
| 10 | Fax (949)495-0580 |
|  | townsend@runbox.com |
|  | Plaintiff *Pro Se* |

PLAINTIFF ROBERT TOWNSEND'S OPPOSITION TO MOTIONS TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION FILED BY DEFENDANTS CHASE and WELLS FARGO

Page 5

## CERTIFICATE OF SERVICE

In keeping with Rule 5a of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the forging instrument has been served upon all relevant parties:

**BY U.S. MAIL AND EMAIL**

Respectfully submitted,

By: _____

ROBERT TOWNSEND,

P.O. Box 3330
Dana Point, CA 92629
(949)495-0089
Fax (949)495-0580
townsend@runbox.com
Plaintiff *Pro Se*

DATED: September 20, 2010

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 32545 "B" Golden Lantern, Dana Point, Ca 92629

On September 20, 2010 I served the foregoing document described, **PLAINTIFF'S OPPOSITION TO MOTIONS TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION, FILED BY DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO BANK & CO., CHASE BANK USA, N.A., J.P. MORGAN CHASE, PLAINTIFF'S F.R.C.P. RULE 6(b) MOTION FOR EXTENSION OF TIME TO FILE HIS OPPOSITION TO THE MOTIONS TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION, FILED BY DEFENDANTS WELLS FARGO BANK, N.A., WELLS FARGO BANK & CO., CHASE BANK USA, N.A., J.P. MORGAN CHASE**

**SEE ATTACHED MDL No. 2036 - Panel Service List (CTO-13)**

On all interested parties in this action to and by:
  _X___ BY placing _X_ a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

X___ **BY MAIL OR E-MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Tustin, California, in the ordinary course of business. I am aware that on motion of the party served, service *is* presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

**BY FACSIMILE TRANSMISSION:** From Fax No. 949-495-0580 to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and the machine reported no error.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

LA/632899v1

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

EXECUTED on September 20, 2010 at Dana Point, Ca 92629

_(Mike Lee)_

LA/632899v1