UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Townsend v. Wells Fargo Bank & Co., et al.*
S.D. Fla. Case No. 1:10-cv-21834-JLK
C.D. Cal. Case No. CV 10-550 ODW

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS
WELLS FARGO & CO. AND WELLS FARGO BANK, N.A. TO STAY
PROCEEDINGS IN FAVOR OF ARBITRATION**

Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells Fargo") now file this Reply in support of their motion to stay proceedings in favor of arbitration in the above-captioned case. Wells Fargo filed this motion on September 1, 2010. On September 20, the deadline for filing any opposition, plaintiff Robert Townsend sent Wells Fargo's counsel an email asking the bank to stipulate to a late responsive filing.[1] This request was accompanied by a document plaintiff indicated would be the opposition brief, but to date, plaintiff has still not filed that or any other opposition to Wells Fargo's motion. Nor has plaintiff yet filed a motion for an extension of time to file his response brief.

---

[1] Because plaintiff gave no reason for the extension request, Wells Fargo responded that it would take no position on the request until it had an opportunity to consider whatever reasons plaintiff presented to the Court. Wells Fargo has not received any additional communications from plaintiff on this matter.

1

On September 30, 2010, co-defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. ("Chase") attached the "Opposition" that had been provided with plaintiffs' extension request as an exhibit to its "reply" brief in support of its parallel motion to stay proceedings. *See* Dkt. No. 806-1. Out of an abundance of caution, Wells Fargo hereby replies to plaintiff's "Opposition" that was filed by Chase, even though plaintiff himself has never filed that document. However, as plaintiff has himself filed no opposition to Wells Fargo's motion, the motion can and should be granted on that ground alone. *See* S.D. L.R. 7.1 C (failure to file a memorandum of law in opposition may be deemed sufficient cause for granting the motion by default).

## I. ARGUMENT

It is undisputed that there is a written arbitration agreement between plaintiff and Wells Fargo. It is also undisputed that the scope of the dispute described in plaintiff's complaint falls within the scope of that arbitration agreement. Under such circumstances, as the Supreme Court has made clear, there is a strong presumption of arbitrability of plaintiff's claims. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986). Nothing contained in the "Opposition" ("Opp.") purportedly prepared by plaintiff and filed by Chase with its own Reply provides any basis for overcoming this strong presumption. Therefore, this entire action should be stayed in favor of arbitration.

In his "Opposition," plaintiff identifies four reasons why he claims the parties' arbitration agreement should be invalidated. First, plaintiff claims that Wells Fargo has "publicly disavowed" the arbitration agreement. Second, plaintiff claims that Wells Fargo has waived its right to arbitration by participating in the MDL litigation. Third,

plaintiff claims that the arbitration agreement is unconscionable. And fourth, plaintiff claims that the designated arbitration service is impermissibly biased. Opp. at 2-3. Plaintiff has failed to support any of these arguments with competent evidence or legal authority, and none comes close to overcoming the strong presumption in favor of enforcing arbitration agreements.

> A. **Wells Fargo Has Never "Publicly Disavowed" Enforcement of Its Arbitration Agreements with Its Customers.**

Plaintiff states that Wells Fargo has "publicly disavowed enforcement of [its] arbitration provisions due to evidence that [its] preferred arbitration forums are rigged against consumers." Opp. at 2. This is simply untrue.

Plaintiff certainly does not cite any evidence of such a disavowal. The facts (as set out in Wells Fargo's opening brief) are that (1) Wells Fargo's consumer account agreement contains a clear statement of the arbitration agreement between the bank and its customers covering disputes relating in any way to the customers' checking accounts and (2) that Wells Fargo demanded that plaintiff dismiss this action and initiate arbitration proceedings on July 12, 2010 – just nine days after his case was transferred to this Court. Plaintiff has offered no evidence to dispute either of these facts; nor has he offered any other evidence to support his position.

Plaintiff bears a "heavy burden" in attempting to invalidate the parties' arbitration agreement. *Citibank, N.A. v. Stok & Assocs., P.A.*, 2010 WL 2825491, at *2 (11th Cir. July 20, 2010). Nothing in his unsupported, conclusory assertion that Wells Fargo has "publicly disavowed" the agreement comes close to satisfying this burden.

### B. Wells Fargo Has Not Waived Its Right to Arbitration by Participating in This MDL Litigation.

Citing absolutely no facts or legal authority, plaintiff claims that Wells Fargo has waived its right to arbitration by participating in this MDL litigation. Opp. at 2-3. Again, plaintiff's conclusory assertion does not comport with the facts.

The transfer of plaintiff's case to this Court was completed on July 3, 2010. Up until that point, the only activity in the case (apart from activity relating to the transfer proceedings) had been plaintiff's filing of the complaint. This Court has never entered a scheduling order for this case, and the only activity initiated by Wells Fargo since the transfer has been the filing of this motion.

On July 12, mere days after the case was transferred, Wells Fargo sent plaintiff a letter demanding that he dismiss his case and initiate arbitration proceedings. *See* Jolley Dec. Ex. 2 (Dkt. No. 783-10). On September 1, 2010, Wells Fargo filed this motion. Nothing in Wells Fargo's conduct even remotely establishes that the bank "participated in litigation to a point inconsistent with an intent to arbitrate," such that Wells Fargo's right to arbitrate would be deemed waived. *See Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995).

### C. Enforcement of Wells Fargo's Arbitration Agreement With Plaintiff Would Not Be Unconscionable.

Pointing to this Court's denials of arbitration motions on the basis of unconscionability in other cases in this MDL proceeding, plaintiff "incorporates by reference" the arguments in those motions and asserts that enforcement of Wells Fargo's arbitration agreement in this case would similarly be unconscionable. Opp. at 2-3. Plaintiff's argument is unavailing.

Unlike all the other actions in this MDL proceeding in which arbitration motions have previously been filed, plaintiff's lawsuit is not a putative class action. Rather, his case is brought by a single plaintiff on an individual, non-class basis. Therefore, the concerns about the possible unconscionability of class-action-waiver provisions in arbitration agreements that have been the focus of this Court's prior arbitration orders (and that were also the basis for the decision in every case cited by plaintiff in his "Opposition") are not relevant here.

As shown by Wells Fargo in its opening brief (at 7-10), enforcement of the parties' arbitration agreement in this case would be neither procedurally unconscionable nor substantively unconscionable. Nothing in plaintiff's "Opposition" demonstrates otherwise, and plaintiff has therefore failed to show that the agreement should be invalidated on this ground. *See In re Managed Care Litig.*, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid agreement to demonstrate that the agreement is in fact unconscionable.").

**D.   The American Arbitration Association Is Competent to Arbitrate This Dispute.**

Plaintiff's final contention is that the arbitration agreement is invalid because the American Arbitration Association ("AAA"), which is designated as the arbitration forum in the agreement, is impermissibly biased against consumers. Opp. at 3. This contention has already been rejected by this Court's decision to enforce arbitration before the AAA in another case in this MDL proceeding. *See* Dkt. No. 514 at 8, 12. It has also been rejected by every other court to have considered it. *See, e.g., Estep v. World Fin. Corp. of Ill.*, 2010 WL 3239456, at *5 (C.D. Ill. Aug. 16, 2010); *Phifer v. Mich. Sporting Good*

*Distribs., Inc.*, 2010 WL 3609376, at *8 (W.D. Mich. July 28, 2010); *Jackson v. Payday Loan Store of Ill., Inc.*, 2010 WL 1031590, at *2-3 (N.D. Ill. Mar. 17, 2010).

As discussed more fully in Wells Fargo's opening brief (at 10-11), the AAA would provide a fair and convenient forum to resolve plaintiff's claims.  Plaintiff certainly has not demonstrated any impermissible bias arising out of the designation of the AAA as the parties' arbitration service provider, and his arguments provide no basis why his claims should not be stayed in favor of arbitration.

In any event, even if the AAA were unavailable, Section 5 of the Federal Arbitration Act would require enforcement of the arbitration agreement through the appointment of an alternate arbitration service.  9 U.S.C. § 5; *see also Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) ("Where the chosen forum is unavailable, however, or has failed for some reason, § 5 applies and a substitute arbitrator may be named.").

## II. CONCLUSION

For the reasons stated herein and in its opening brief, Wells Fargo respectfully requests that this Court stay this case in favor of arbitration pursuant to the terms of the parties' arbitration agreement.

DATED:  October 1, 2010                                                         COVINGTON & BURLING LLP

By:     /s/
Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

7

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
333 Twin Dolphin Drive, Ste 700
Redwood Shores, CA, 94065
Telephone: (650) 632-7400
Facsimile: (650) 632-4800

Amy S. Rubin
Florida Bar No. 476048
(arubin@foxrothschild.com)
Dori K. Stibolt
Florida Bar No. 183611
(dstibolt@foxrothschild.com)
FOX ROTHSCHILD, LLP
222 Lakeview Avenue, Ste 700
West Palm Beach, CA, 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

Attorneys for Defendant
WELLS FARGO BANK, N.A.