IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Speers v. U.S. Bank, N.A.*<br>S.D. Fla. Case No. 1:09-23126-JLK<br><br>*Waters, et al. v. U.S. Bank, N.A.*<br>S.D. Fla. Case No. 1:09-23034-JLK<br>N.D. Cal. Case No. 09-2071 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN
SUPPORT OF ITS MOTION FOR AN ORDER COMPELLING
ARBITRATION AND STAYING PROCEEDINGS**

sf-2874309

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    A.    U.S. Bank Properly Asserted Its Right to Arbitration. ............................................ 1

        1.    Plaintiffs' Attempts to Minimize the Impact of the Supreme Court's Grant of Certiorari in *Concepcion* Do Not Help Them. ................. 1

        2.    U.S. Bank Did Not Waive Its Right to Arbitrate. ...................................... 3

    B.    The Arbitration Provision is Not Unconscionable. ................................................ 5

        1.    The FAA Preempts State Law that Prohibit Enforcement Class Action Waivers in Arbitration Agreements. .............................................. 5

        2.    The Arbitration Provision Is Not Procedurally Unconscionable. .............. 6

        3.    The Arbitration Provision Is Not Substantively Unconscionable. ............. 7

    C.    A Stay Pending the Ruling in *Concepcion* Is Appropriate..................................... 8

CONCLUSION ............................................................................................................................. 10

## INTRODUCTION

U.S. Bank respectfully submits this reply in support of its Motion for an Order Compelling Arbitration and Staying Proceedings. Plaintiffs' ability to pursue this case depends entirely on the Supreme Courts' resolution of *AT&T Mobility LLC v. Concepcion*, No. 09-893. If the Federal Arbitration Act ("FAA") requires the enforcement of an agreement to arbitrate on an individual basis — the question at the heart of *Concepcion* — then Plaintiffs should be required to arbitrate their claims and dismiss the present action.

## ARGUMENT

### A.   U.S. Bank Properly Asserted Its Right to Arbitration.

U.S. Bank did not waive its right to arbitrate by declining to make an undisputedly futile motion. Plaintiffs do not challenge this basic point. Plaintiffs' opposition does not dispute that, under binding Eleventh Circuit law, a party does not waive its right to arbitration by declining to bring a motion to compel arbitration that would have been foreclosed under the governing law at that time. *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986) ("this circuit does not require a litigant to engage in futile gestures merely to avoid a claim of waiver"); *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986) (same). Plaintiffs concede that California and Oregon law had foreclosed U.S. Bank from seeking to compel arbitration. (Plaintiffs' Opposition ("Opp.") at 16-17.) Accordingly, it would seem that Plaintiffs must concede that U.S. Bank did not waive its right to arbitrate by not making its motion sooner.

### 1.   Plaintiffs' Attempts to Minimize the Impact of the Supreme Court's Grant of Certiorari in *Concepcion* Do Not Help Them.

Despite conceding that litigants need not make futile motions and that an arbitration motion would have been futile earlier, Plaintiffs urge the Court to find waiver based on the theory that the Supreme Court's grant of certiorari in *Concepcion* did not effectuate a "change in

1

law." (Opp. at 8-11.) That theory is puzzling. Plaintiffs' argument appears to be that U.S. Bank is *still* foreclosed from bringing a motion to compel arbitration. Even if that were true, that hardly supports a finding of "waiver."

In any event, more fundamentally, Plaintiffs' theory is incorrect. Plaintiffs ignore the longstanding principle that a grant of certiorari indicates that an issue is an *open question* — that is, that the law is not settled and thus that an argument is no longer futile. *See McArdle v. AT&T Mobility LLC*, No. 09-1117, 2010 U.S. Dist. LEXIS 73519 , at *9 (N.D. Cal. July 20, 2010) (stayed litigation because the grant of certiorari in *Concepcion* "raised substantial questions regarding whether this case can proceed as a class action, if at all."). The grant of certiorari indicates, for the first time, that it is an open question whether the arbitration provision at issue, which requires arbitration on an individual rather than classwide basis, is enforceable.

Plaintiffs then urge the Court to find waiver on the basis that the arbitration clause in *Concepcion* is not factually identical to the arbitration clause here. (Opp. at 10-11.) Again, that is a puzzling basis for urging waiver. Plaintiffs' position appears to be that U.S. Bank should bring this motion again after *Concepcion* is decided, not that U.S. Bank has waived its rights by declining to bring this motion earlier.

In any event, Plaintiffs' argument conveniently ignores the language of the Supreme Court's grant of certiorari, which indicates that the Court plans to address the enforceability of arbitration clauses (such as the one here) that require the parties to arbitrate on an individual rather than a classwide basis. The Supreme Court will address the question of "[w]hether the Federal Arbitration Act preempts States from conditioning the enforceability of an arbitration agreement on the availability of particular procedures—here, class-wide arbitration—when those procedures are not necessary to the ensure that parties to the arbitration agreement are able to vindicate their claims." *See* Brief for Petitioner ("Petition") at 25-34, *Concepcion* (filed Aug. 2,

2

sf-2874309

2010) (explaining that the Supreme Court has twice rejected California's procedural limitations on contractual arbitration). As the Petition explains, California's policy of conditioning enforcement of arbitration provisions on the availability of the class action device, even when a class action is not necessary to the full vindication of rights, does not square with the FAA or Supreme Court's decisions in *Preston* and *Southland* interpreting the FAA. *Id.*

### 2.     U.S. Bank Did Not Waive Its Right to Arbitrate.

Unable to avoid the impact of *Concepcion*, Plaintiffs then argue that U.S. Bank waived its right to arbitrate by substantially participating in litigation during the time when a motion to compel arbitration would have been foreclosed. (Opp. at 4-5.) According to Plaintiffs, to preserve its rights, U.S. Bank would have had to refuse to participate in the litigation completely, even while it was foreclosed from moving to compel to arbitrate under the governing case law. In other words, by Plaintiffs' logic, U.S. Bank would be foreclosed both from litigating and from arbitrating.

Nothing in the law requires such an illogical result. To the contrary, in *Benoay*, the Eleventh Circuit held that defendants did not waive their right to arbitrate by moving to compel arbitration "two and one-half years after initiation of the civil action" and after "extensive judicial discovery," because it would have been "futile" to move to arbitrate during that time. 805 F.2d at 1440. Similarly, the Eight Circuit held that "To find that the [] defendants waived a right they did not have until after [the Supreme Court decision] is not only illogical, but also would encourage litigants, in order to avoid a finding of waiver, to file motions they knew to be futile." *See Ackerberg v. Johnson,* 892 F.2d 1328, 1332-33 (8th Cir. 1989) (no waiver despite

3

defendants' participation in discovery and entry of *final* judgment).[1]

No case cited by Plaintiffs is to the contrary. None of those cases found waiver where an arbitration motion would have been futile during the time the movant purportedly engaged in litigation conduct. Moreover, even ignoring that fundamental deficiency, none of the cases upon which Plaintiffs rely involved the limited litigation conduct at issue here. Here, U.S. Bank plainly asserted arbitration as a defense in its answers. (ECF No. 498 at 19; ECF No. 499 at 23.) "[O]nce the defendant, by answer, has given notice of insisting on arbitration the burden is heavy on the party seeking to prove waiver." *Trico Marine Assets, Inc. v. Bender Shipbldg. & Repair Co.*, No. 08-0710, 2009 U.S. Dist. LEXIS 55112, at *15 (S.D. Ala. June 29, 2009).[2] U.S. Bank's only voluntary, affirmative participation in discovery — written discovery requests — is insufficient to constitute waiver. *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 421 (5th Cir. 1985) (party's minimal participation in discovery, if materials may also be useful for arbitration, is insufficient to constitute waiver).[3] No case cited by Plaintiffs involved that type of limited conduct. *See e.g., Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990)

---

[1] *See also*, *AZ Holding, L.L.C. v. Frederick*, No. 08-0276, 2010 U.S. Dist. LEXIS 15135, at *17-19 (D. Ariz. Feb. 9, 2010) (no waiver despite 12 depositions, several rounds of written discovery requests, and filing of summary judgment motions); *Nesslage v. York Sec., Inc.*, 823 F.2d 231, 234 (8th Cir. 1987) (no waiver after two years of "actively participating in discovery").

[2] Unless otherwise noted, citations have been omitted from quotations.

[3] *See also*, *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697-98 (9th Cir. 1986) (plaintiffs' expenditure of "time, money, and effort on responding to pretrial motions" was insufficient to show prejudice where defendant filed pre-trial motions, engaged in limited discovery, and did not raise arbitration as affirmative defense in answering complaint); *Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (plaintiff was not sufficiently prejudiced to support waiver where defendant sought to pursue arbitration one year into the case, motion to dismiss had been filed, and defendant already had deposed plaintiff's president); *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 233 (3d Cir. 1997) ("a party waives the right to compel arbitration only in the following circumstances: when the parties have engaged in a lengthy course of litigation, when extensive discovery has occurred, and when prejudice to the party resisting arbitration can be shown.").

(defendant had twice deposed plaintiff).[4]

Furthermore, where a party seeks to show waiver based on litigation conduct, that party bears a heavy burden to demonstrate substantial prejudice. *Stone,* 898 F.2d at 1543 (describing the "heavy burden of proof" required to show waiver). Plaintiffs have submitted no such showing here. *See Citibank*, *N.A. v. Stok & Assocs., P.A.*, No. 09-13556, 2010 U.S. App. LEXIS 14912 (11th Cir. July 20, 2010) (attached as Ex. B to Opp. and relied upon by Plaintiffs) (finding no waiver in part because party "could not point to any portion of the record that reveal[ed] either the amount of money it spent or the number of hours it dedicated to conducting litigation-specific discovery and preparing litigation-specific documents."). Plaintiffs' waiver argument should be rejected.

    **B.    The Arbitration Provision is Not Unconscionable.**

        **1.    The FAA Preempts State Law that Prohibit Enforcement Class Action Waivers in Arbitration Agreements.**

The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under both California and Oregon law, arbitration provisions that include class action waivers in consumer contracts are unenforceable because they prevent consumers from "vindication of substantive rights" under the state's public policy. *Discover Bank v. Super. Ct.*, 113 P.3d 1100, 1109 (Cal. 2005); *Vasquez-Lopez v. Beneficial Or., Inc.*, 152 P.3d 940, 950-51(Or. Ct. App. 2007). The Supreme

---

[4] *See also*, *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) (defendant unsuccessfully litigated the issues in an another court prior to demanding arbitration); *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (prior to demanding arbitration, plaintiff deposed five of defendant's employees); *Miller Brewing Co. v. Ft. Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986) (plaintiff's "first step was to move the parties into court" then plaintiff attempted to "arbitrate 3 1/2 years later, after losing in court.").

Court has expressly rejected the contention that lack of classwide relief in arbitration would preclude a litigant from effectively vindicating his federal statutory rights. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991). There is no reason to believe the Court would rule differently regarding state public policies. *See e.g., Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 892 F.2d 1066, 1070 (D.C. Cir. 1990) ("[A] public policy issue that may preclude enforcement of [an arbitration clause] is not such a ground as exists at law or in equity for the revocation of any contract within the meaning of Section 2.").

Presently, the laws of California and Oregon "stand[] as an obstacle to the accomplishment and execution of the full purposes and objective of Congress" and must be preempted by the FAA. *United States v. Locke*, 529 U.S. 89, 109 (2000). A "prime objective of an agreement to arbitrate is to achieve streamlined proceedings and expeditious results." *Preston v. Ferrer*, 552 U.S. 346, 357 (2008). Any state rule that mandates the availability of class action procedures for arbitration frustrates this objective. "[C]lass arbitration involves the same massive stakes as a judicial class action and is every bit as burdensome, expensive, and time-consuming—if not more so." Petition at 32. Such a state rule would also violate Section 2 of the FAA, which prohibits any special scrutiny of arbitration agreements. *See Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) ("a court [may not] rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable."); *Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC*, 379 F.3d 159, 167 (5th Cir. 2004) (same).

### 2. The Arbitration Provision Is Not Procedurally Unconscionable.

Each Plaintiff accepted the terms and conditions of the Deposit Agreement with U.S. Bank by signing the signature card and using his or her account, thus agreeing to arbitrate their claims. (Farka Decl. Exs. 1-13.) Plaintiffs' allegation that the arbitration provision is "buried in

6

sf-2874309

small-font print in a sea of boilerplate language" is verifiably false. (Opp. at 16.) The arbitration provision is written in plain English in bolded font that is the same size of as the rest of the agreement and highlighted with ARBITRATION in capitalized letters. (*See* Farka Decl. Ex. 14 at MDL-USB-00066.) Where an arbitration agreement is not buried in fine print and gives the user ample opportunity to understand the provision it is not procedurally unconscionable. *In re RealNetworks, Inc. Privacy Litig.*, No. 00-1366, 2000 U.S. Dist. LEXIS 6584, at *15-17 (N.D. Ill. May 11, 2000) (finding the allegation that the arbitration provision was buried in a sea of small print disingenuous where the provision was the same size font as the rest of the agreement.).

### 3. The Arbitration Provision Is Not Substantively Unconscionable.

A contract is substantively unconscionable when it either "shocks the conscience" (*Belton v. Comcast Cable Holding, LLC*, 60 Cal. Rptr. 3d 631, 651 (Cal. Ct. App. 2007)), is one that a person would have to be "under delusion" to accept (*Cal. Grocers Ass'n v. Bank of Am.*, 27 Cal. Rptr. 2d 396, 402 (Cal. Ct. App. 1994)), or is extremely one-sided (*Livingston v. Metro. Pediatrics, LLC*, 227 P.3d 796, 807 (Or. Ct. App. 2010). The U.S. Bank Deposit Agreement is none of these.[5] The U.S. Bank arbitration provision allows individual consumers to recover any alleged losses either in small claims court or in arbitration. Plaintiffs' self-serving boilerplate assertions that "individual arbitration is not a viable option" ring hollow when set against a very real and viable option of small claims court which both the arbitration provision and AAA rules

---

[5] Plaintiffs misunderstand the June 1, 2009 Deposit Agreement. (Opp'n at 14 n.6.) The representative deposit agreement for deposit accounts *at issue here* was attached as Exhibit A to the *Waters* and *Speers* Complaints. It clearly shows in bolded font that U.S. Bank will advance the first $375 of the filing fee. (Ex. A at 26; *see also* Farka Decl. Ex. 14 at MDL-USB-00066.) The produced Deposit Agreements include additional sections for accounts *not at issue here*, specifically safe deposit boxes (Farka Decl. Ex. 14 at MDL-USB-00080-83) and two types of open-end line of credits (*id.* at MDL-USB-00083-94), the latter of which have a $250 advance in their arbitration provisions (*id.* at MDL-USB-00088-93). Neither those accounts nor their arbitration provisions bear upon this case.

allow. (Opp. at 15). There are no attorney fees or arbitration costs to contemplate in order to pursue an action in small claims court. That Plaintiffs' expenses would be covered (and created) by their attorneys in a class action is irrelevant to unconscionability, particularly since class action Plaintiffs seldom receive large recoveries (unlike their attorneys). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (noting the "relatively paltry potential recoveries" for class action plaintiffs).

        **C.**        **A Stay Pending the Ruling in *Concepcion* Is Appropriate.**

Since U.S. Bank filed its opening brief, several more courts have stayed cases pending the outcome of *Concepcion*, including cases in which litigation has progressed further than it has here.[6] *See McArdle,* 2010 U.S. Dist. LEXIS 73519 at *11-12 (stayed proceedings and deferred decision on class certification); *Dahn v. Sprint-Nextel Corp.*, No. 09-14977, 2010 U.S. Dist. LEXIS 72020 (E.D. Mich. July 19, 2010) (stayed proceedings and held in abeyance motions to dismiss and class certification motions). Those courts join the Ninth Circuit, which has stayed cases pending the outcome of *Concepcion*, as noted in U.S. Bank's opening brief. Order, *Coneff v. AT&T Corp.*, (9th Cir. June 2, 2010) (No. 09-35563), ECF No. 35 and Order, *Knudtson v. AT&T Mobility LLC*, (9th Cir. Jun. 2, 2010) (No. 10-35242), ECF No. 9. A stay pending the outcome in *Concepcion* is not "immoderate or of an indefinite duration." (*See* Opp. at 18). The Supreme Court is scheduled to hear *Concepcion* on November 9, 2010 and will

---

[6] *Kaplan v. AT&T Mobility, LLC*, (C.D. Cal. Sept. 27, 2010) (No. 10-3594), ECF No. 42 (Ex. A to Lin Decl.); *Lopez v. Am. Express Bank, FSB*, No. 09-7335, 2010 WL 3637755 (C.D. Cal. Sept. 17, 2010); *Carney v. Verizon Wireless Telecom, Inc.*, No. 09-1854, 2010 U.S. Dist. LEXIS 77636 (S.D. Cal. Aug. 2, 2010); *Cherny v. AT&T, Inc.*, (C.D. Cal. July 26, 2010) (No. 09-3625), ECF No. 84 (Ex. B to Lin Decl.); *Gaspar v. Cellco P'ship*, (C.D. Cal. Jun. 28, 2010) (No. 10-2136), ECF No. 26 (Ex. C to Lin Decl.). In other cases, parties have stipulated to a stay pending the ruling in *Concepcion*. *Burtescu v. AT&T Mobility LLC*, (C.D. Cal. Aug. 25, 2010) (No. 10-58569), ECF No. 13 (stayed pursuant to stipulation) (Ex. D to Lin Decl.); *Hinton v. Alltell Corp.*, (E.D. Mich. July 19, 2010) (No. 09-13676), ECF No. 32 (same) (Ex. E to Lin Decl.).

render its decision no later than then end of the 2010 term; therefore, "the stay of action would conclude within a reasonable period of time." *Lopez*, 2010 WL 3637755 at *4.

Indeed, the very case relied upon by Plaintiffs as reason for denying a stay of proceedings ultimately granted a stay pending *Concepcion*. In the order cited by Plaintiffs, the court denied an emergency motion for a stay and requested briefing on the issues. (Opp. at 19 citing *Kaltwasser v. Cingular Wireless LLC*, No. 07-0411, 2010 U.S. Dist. LEXIS 62897, at *10 (N.D. Cal. June 8, 2010).). Upon receipt of the briefing, the court **deferred** determination of the class certification motion pending the ruling in *Concepcion*. *Kaltwasser v. Cingular Wireless LLC*, No. 07-0411, 2010 U.S. Dist LEXIS 78644, at *8 (N.D. Cal. Jun. 21, 2010). The court noted, "it makes little sense to certify a large class when there is at least a reasonable likelihood that the Supreme Court may hold that certification of such a class would be inappropriate." *Id*. at *8; *see also*, Lin Decl. Ex. C, *Gaspar* Order at 1 ("reasonably high likelihood").

Plaintiffs assert that *Concepcion* presents an unusual fact pattern that will not bear on the issues in most arbitration cases. The numerous grants of stays pending *Concepcion* flatly contradict Plaintiffs' theory. Indeed, in *Dahn*, for example, the arbitration provision did not include the "special incentives" touted by Plaintiffs. (Attached as Ex. F to Lin Decl.) Indeed, the *Dahn* arbitration provision (unlike U.S. Bank's) imposed additional procedural hurdles on potential arbitrants, such as written notification of disputes prior to submission to arbitration. The court granted the stay, apparently concluding that the differences in the arbitration provisions were immaterial to the legal issue at stake in *Concepcion*. "The FAA preemption argument raised by Cingular in *Concepcion* is identical to that rejected [] by the Ninth Circuit." *Kaltwasser,* 2010 U.S. Dist LEXIS 78644, at *3; *see also*, *Lopez*, 2010 WL 3637755 at *4 (*Concepcion* "directly affect[s] the case at hand.").

Apart from the incomplete *Kaltwasser* decision, Plaintiffs cite only inapplicable criminal

9

sf-2874309

cases about stays of execution[7] as the reason to thrust this case into further burden and expense—and ignore the ten cases cited in U.S. Bank's motion supporting a stay pending a Supreme Court decision.[8]  Moreover, Plaintiffs do not—and could not—show what harm would befall them aside from the scant delay.  Rather, U.S. Bank would be irreparably harmed if forced to submit to extensive discovery and class certification proceedings when certification could be held to be improper.  *See Lopez*, 2010 WL 3637755 at *5 ("It would be unjust for the Defendants to have to litigate this case and incur related expenses when the parties have agreed to an enforceable arbitration agreement."); *McArdle,* 2010 U.S. Dist. LEXIS 73519 at *9 ("Because the viability of prosecuting this case as a class action is in question, it is not apparent that Defendants should bear this additional expense" [of litigation].); *Kaltwasser,* 2010 U.S. Dist. LEXIS 62897 at *7.

## CONCLUSION

U.S. Bank respectfully requests that the Court stay this action and order Plaintiffs to arbitrate their disputes with U.S. Bank on an individual basis.  In the alternative, U.S. Bank requests that the Court stay this action pending the Supreme Court's decision in *Concepcion*.

Dated:  October 19, 2010                                              Respectfully submitted,

           /s/ James R. McGuire
James R. McGuire
MORRISON & FOERSTER LLP
425 Market Street, San Francisco, CA
Telephone:  (415) 268-7000

---

[7] The Eleventh Circuit declines to grant stays of execution based on a Supreme Court grant of certiorari in similar case because "any implications to be drawn therefrom may be discerned by application to the Supreme Court."  *Bowden v. Kemp*, 774 F.2d 1494 (11th Cir. 1985).  Upon denial by the court of appeals, criminal defendants may apply for a stay of execution directly from the Supreme Court, which would be a position to state definitively what effect the certiorari grant would bear upon the stay.  Civil litigants at the district court stage are not afforded the same procedure for stays.

[8] *See also, Lewis v. Drouillard*, No. 09-11059, 2009 U.S. Dist. LEXIS 60551, at *2 (E.D. Mich. July 16, 2009) (Stay pending Supreme Court decision "would conserve the resources of counsel and this court, as well as generally serve the interests of justice.").

CERTIFICATE OF SERVICE

CASE NO.: 1:09-MD-02036-JLK

     I HEREBY CERTIFY that on October 19, 2010, I filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

     /s/ James R. McGuire

James R. McGuire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:     415.268.7000
Facsimile:      415.268.7522
jmcguire@mofo.com