# Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3594 (EX) | Date | September 27, 2010 |
|---|---|---|---|
| Title | BEN KAPLAN, ETC. v. AT&T MOBILITY, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Gretchen Carpenter

Archis Parasharami
John Nadolenco
David Walsh
John O'Kane IV

**Proceedings:** **DEFENDANT AT&T MOBILITY, LLC'S MOTION TO COMPEL ARBITRATION AND TO DISMISS CLAIMS OR, IN THE ALTERNATIVE, TO STAY CASE** (filed 07/08/10)

**DEFENDANT ASURION MOBILE APPLICATIONS, INC.'S MOTION TO COMPEL ARBITRATION AND DISMISS ACTION, OR, IN THE ALTERNATIVE, TO STAY ACTION** (filed 07/09/10)

On July 8, 2010, defendant AT&T filed a motion to compel arbitration and dismiss claims or, in the alternative, to stay case. On July 9, 2010, defendant Asurion filed a motion to compel arbitration and dismiss action, or, in the alternative, to stay action. On September 3, 2010, plaintiff filed oppositions to both motions. On September 13, 2010, both defendants filed replies in support of their motions. Defendant AT&T filed a notice of recent authority on September 21, 2010. Plaintiff filed a notice of recent authority on September 22, 2010. Both motions to compel arbitration or in the alternative to stay case are currently before the Court.

The Court finds that it is appropriate to stay the case pending the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, (petition for certiorari granted in AT&T Mobility LLC v. Concepcion, __ U.S. __, 2010 WL 303962 (Mem.)). See Knudtson v. AT&T Mobility LLC, No. 10-35242 (9th Cir. June 10, 2010); Coneff v. AT&T Corp., No. 09-35563 (9th Cir. June 2, 2010); Lopez v. American Express Bank, FSB, No. 09-7335 (C.D. Cal. Sept. 17, 2010); McArdle v. AT&T Mobility LLC, No. 09-1117, 2010

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV CAS 10-3594 (EX) | Date | September 27, 2010 |
|---|---|---|---|
| Title | BEN KAPLAN, ETC. v. AT&T MOBILITY, LLC; ET AL. | | |

WL 2867305 (N.D. Cal. Jul. 20, 2010); Burtescu v. AT&T Mobility LLC, No. 10-58569 (C.D. Cal. Aug. 25, 2010); Litman v. Cellco Partnership d/b/a Verizon Wireless, No. 3-07-04886 (D. N.J. May 21, 2010).[1]

Because, based on existing law, it appears that the arbitration provisions in question are unconscionable and unenforceable, both parties would incur significant attorneys' fees pending a decision in Concepcion. The Supreme Court's decision in Concepcion may render those expenditures unnecessary. While the Court recognizes the potential prejudice to the plaintiffs by delay, it finds that prejudice to be far outweighed by the potential prejudice to defendants that would result from the expense of litigating these claims. The public interest in the preservation of judicial resources also weighs in favor of staying the case. McArdle v. AT&T Mobility, LLC, 2010 WL 2867305 at *4.

The Court therefore GRANTS defendants' motions to the stay the case, and DENIES the motions to compel arbitration without prejudice. The parties are instructed to file a joint status report within 21 days of the decision in Concepcion as to its effect on the current dispute.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer |  | CMJ |  |

---

[1] Plaintiff argues that the case at bar is distinguishable from other cases in which stays have been granted pending the Supreme Court's decision in Concepcion, because the arbitration clause in the Asurion contract creates an express exception for claims for injunctive relief. Therefore, plaintiff argues, his claims for injunctive relief will be unaffected by the Supreme Court's decision in Concepcion. However, as argued by defense counsel at oral argument, this would require plaintiff to proceed against Asurion only, and AT&T is a necessary party in this case. Moreover, plaintiff requests injunctive relief on three of his five claims, and requests monetary damages on those claims as well. Therefore, the Court finds that there is no proper or reasonable way to proceed solely on plaintiff's injunctive relief claims, and therefore finds that it is appropriate to stay the case in its entirety.