# Exhibit B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-3625-GW(AGRx) | Date | July 26, 2010 |
|---|---|---|---|

| Title | *Alex Cherny, et al. v. AT&T, Inc., et al.* |
|---|---|

---

**Present: The Honorable**  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gretchen M. Nelson | John Nadolenco |

**PROCEEDINGS:**  **DEFENDANT AT&T MOBILITY, LLC'S MOTION TO CONTINUE THE STAY (filed 06/23/10);**

**STATUS CONFERENCE**

Court hears oral argument. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendant AT&T Mobility, LLC's Motion to Continue the Stay is **granted.**

The Status Conference is **continued** to **September 30, 2010 at 8:30 a.m.**

 

| | : | 09 |
|---|---|---|

| Initials of Preparer | JG | |
|---|---|---|

***Cherny, et al. v. AT&T Inc., et al.***, Case No. CV-09-3625
Tentative Ruling on Motion to Continue the Stay

Defendant AT&T Mobility LLC ("Defendant") moves to continue the stay put in place in this action as a result of the Court's ruling on February 8, 2010, in light of the Supreme Court's decision to grant certiorari in connection with the Ninth Circuit's decision in *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), *cert. granted sub nom., AT&T Mobility LLC v. Concepcion*, 78 U.S.L.W. 3454 (U.S. May 24, 2010) (No. 09-893), the case that this Court has already concluded governs the question of whether arbitration can be compelled in this matter. Plaintiffs Alex Cherny, Laurie Cherny and Wayne Chang ("Plaintiffs") believe that the request for a continued stay should be denied or at least that the stay should be limited such that they be permitted to conduct discovery into the underlying merits of their case and into the "etiology" of the language used in the arbitration agreement. As to the second form of discovery, there is no need (at least at this time) in light of the Court's earlier ruling *denying* Defendant's motion to compel arbitration. Only if the Supreme Court actually reverses the Ninth Circuit's decision in *Laster* is that issue even potentially germane to any decision the Court will have to make in this case.

As to the former type of discovery, Defendant correctly points out that allowing normal Federal Rules of Civil Procedure-type discovery while the stay is nominally in place would, in effect, make the stay to a large degree worthless. Arbitration is designed as speedy and relatively inexpensive; discovery, under the Federal Rules, is usually not, at least as it is practiced. That being said, the Court would inquire with the parties whether Plaintiffs should be permitted to proceed with discovery that they would be entitled to in both this Court <u>and</u> under whatever arbitration rules would govern an arbitration in this case, if there is one. That would ultimately serve the interest (which, as Defendant argues, is somewhat speculative as currently presented to the Court) of avoiding evidence being lost or becoming "stale" over time, while at the same time not adding any expense to what the parties would ultimately have to incur in any event. Of course, if the parties are to follow this route, Plaintiffs should not be allowed to take

advantage of any of the enforcement procedures that may be available to them only under the Federal Rules.

For the same reasons as addressed in the Court's February 8, 2010, ruling (which have become even more determinative in light of the Supreme Court's decision to grant the petition for certiorari), the Court would grant the motion, though possibly with the limited discovery opportunity available as outlined in the immediately preceding paragraph.