UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION
    Shane Swift v. BancorpSouth, Inc., )
        N.D. Florida, C.A. No. 1:10-90 )    MDL No. 2036
    Jane Emmons v. Webster Bank, N.A., )
        S.D. New York, C.A. No. 1:10-4172 )

**TRANSFER ORDER**

    **Before the entire Panel**: Defendants in actions pending in the Northern District of Florida (*Swift*) and the Southern District of New York (*Emmons*) have moved, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate the portions of the Panel's order conditionally transferring those actions for inclusion in MDL No. 2036.[2] Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee in the MDL oppose both motions to vacate. In addition, plaintiffs in *Swift* and *Emmons* oppose the motion to vacate directed to each of their respective actions.

    After considering all argument of counsel, we find that these two actions involve common questions of fact with the overdraft actions in this litigation previously transferred to the Southern District of Florida, and that transfer of these actions to the Southern District of Florida for inclusion in MDL No. 2036 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for the reasons that we set out in our original order directing centralization in the Southern District of Florida of actions sharing "factual questions relating to the imposition of overdraft fees by various bank defendants on their customer[s'] checking accounts in a manner to maximize those fees." *See In re Checking Account Overdraft Litig.*, 626 F.Supp.2d 1333, 1335 (J.P.M.L. 2009).

    In opposing transfer, BancorpSouth, Inc., argues that transfer of *Swift* should not occur before the resolution of threshold issues of jurisdiction, while Webster Bank, N.A. (Webster Bank) argues that transfer of *Emmons* is inappropriate because it has reached a settlement in what it describes as a "substantially identical" action (*Mathena*) that it recently removed to the District of Connecticut.

---

[1]    Amended Panel Rules became effective on October 4, 2010.

[2]    The moving defendants are BancorpSouth, Inc. (as to *Swift*) and Webster Bank, N.A. (as to *Emmons*).

- 2 -

According to Webster Bank, that settlement, if approved, will fully resolve the claims in *Emmons*. We respectfully disagree with these arguments. The transferee court is fully capable of resolving any jurisdictional issues that these actions present, *see In re ClassicStar Mare Lease Litig.*, 528 F.Supp.2d 1345, 1347 (J.P.M.L. 2007), as well as determining the effect, if any, of the settlement in *Mathena* on *Emmons*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.          Barbara S. Jones