UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION,

MDL No. 2036

_____/

THIS DOCUMENT RELATES TO:

*Speers v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23126-JLK

*Waters, et al. v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23034-JLK

_____/

## ORDER DENYING MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon Defendant U.S. Bank National

Association's ("U.S. Bank") Motion for an Order Compelling Arbitration and Staying

Proceedings (DE # 632) filed July 2, 2010.[1]  After careful review of the pleadings and for

the reasons stated herein, the instant Motion is denied as untimely filed.

Plaintiffs argue, and the Court agrees that Defendant US Bank has waived its

opportunity to file the instant Motion Compel Arbitration.  On October 22, 2009 the

Court held a status conference where among other things scheduling issues were

discussed.  The dates that were set with the input all parties were memorialized in the

_____

[1] Plaintiffs filed a response in opposition to the motion (DE # 723) on July 26,
2010 and Defendant replied (DE # 840) on October 19, 2010.

November 6, 2009 Order on October 22, 2009 Status Conference (DE # 134). The Order

directed Defendant Banks in the first tranche to file any arbitration-related motions before

December 8, 2009.[2]  Specifically, the order stated:

> On or before December 8, 2009, Defendants Wachovia Bank,
> National Association, Bank of America, N.A.,  Citibank, N.A.,
> U.S. Bank National Association, JPMorgan Chase Bank, N.A.,
> Wells Fargo and Union Bank shall file their merits and non-merits
> motions directed to the operative complaints on file . . . . The
> Court holds that the simultaneous filing of these merits and non-
> merits motions shall not be deemed a waiver of any Defendant's
> rights to move to compel arbitration.

Nov. 6, 2009 Order,¶ 11.  DE # 134.  Indeed the Court envisioned the simultaneous filing

of motions to compel arbitration with all other merits and non-merits motions, as

discussed at the October 22, 2009 status conference.  On December 22, 2009, US Bank

moved to dismiss the above-styled action, while waiting until July 2, 2010, more than six-

months after, to file the instant Motion to Compel Arbitration (DE # 632).  U.S. Bank's

failure to move to compel arbitration at the same time it moved to dismiss on December

22, 2009 constituted a knowing waiver of its right to seek arbitration.

US Bank also missed a second opportunity provided by the Court's April 14, 2010

Scheduling Order (DE #360), stating:

> In order to have full consideration of all motions by all parties
> now consolidated in the above-styled MDL case, the Court
> schedules the following hearing to receive oral argument on
> these pending six (6) motions.  Any other Defendant presently

---

[2] The deadline for filing non-merits and merits motions was subsequently extended to
December 22, 2009 (DE #164).

> a party in this consolidated litigation that wishes to join in and be heard on the motions to compel arbitration, is invited to be present at the hearing hereafter scheduled and make such oral statement as they may wish. Any party (Defendant) desiring to avail themselves of the right granted to them in this Court's scheduling order of November 6, 2009, paragraph 11, who has not already filed a motion to compel arbitration may do so by filing a short (non-repetitive if possible) statement that they either (a) elect to join in the pending motions for arbitration already filed by the four Defendants listed above, or (b) filing such additional case authorities or memorandum as they may be advised. These motions to join and/or motions to supplement shall be filed no later than Monday, April 19, 2010 at noon. . . . It is the purpose of this Order to have one hearing for consideration of the several motions to arbitration.

Apr. 14, 2010 Order Scheduling Oral Argument (DE # 360).

In its Motion, US Bank argues that it did not waive its opportunity to file its Motion to Compel Arbitration by waiting until the Supreme Court's recent grant of certiorari in *Concepcion* to file said motion. *AT&T Mobility LLC v. Concepcion*, 2010 U.S. LEXIS 4309 (May 24, 2010). Defendant argue that in Concepcion the Supreme Court is slated to resolve the question of whether the Federal Arbitration Act ("FAA") preempts state laws that refuse to enforce agreements requiring arbitration on an individual basis, rather than a class wide basis. Defendant argues that filing their motion prior to *Concepcion's* resolution would have been futile. Moreover, Defendant cites to several cases in support of its argument that declining to file a motion to compel arbitration where such a motion would have been futile dos not constitute waiver. *See Miller v. Drezel Burnham Lambert Inc.,* 791 F.2d 850, 854 (11th Cir.1986); *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (1th Cir. 1986); *Ackerberg v. Johnson,*

892 F.2d 1328, 1332-33 (8th Cir. 1989).

However, Defendant does not directly address the fact that it contravened explicit orders of the Court setting a time frame to file motions to compel arbitration, which was carefully crafted after a status conference and submission by all parties, or why it failed to do so in April of 2010 when the Court again opened the door for the filing of any motions to compel arbitration to any Defendant that wished to do so. Therefore, after a careful review of the record, and the Court being otherwise fully advised, it is,

**ORDERED, ADJUDGED and DECREED** that U.S. Bank's Motion for an Order Compelling Arbitration and Staying Proceedings (**DE # 632**) be, and the same, is hereby **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 26th day of October, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    All Counsel of Record