**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Speers v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:00-23126-JLK
D. Or. Case No. 3:09-cv-00409

*Waters v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-23034-JLK
N.D. Cal. Case No. 09-2071

**PLAINTIFFS' OPPOSITION TO DEFENDANT U.S. BANK'S**
**MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Plaintiffs oppose defendant U.S. Bank National Association's ("U.S. Bank") motion to stay proceedings pending appeal.

**I.      Introduction**

U.S. Bank's motion is yet another attempt to delay this litigation. Unhappy with this Court's October 26, 2010 Order denying its motion to compel arbitration and stay proceedings, U.S. Bank now seeks a stay pending its interlocutory appeal of the Court's. But, as before, its latest motion fails to "directly address the fact that it contravened explicit orders of the Court setting a time frame to file motions to compel arbitration." *See* Oct. 26th Order, p. 4 **[DE # 855]**. The Court should deny U.S. Bank's motion to stay pending appeal because its appeal is frivolous. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("'[E]ither the court of appeals or the district

court may declare that the appeal is frivolous, and if it is the district court may carry on with the case.'").[1] Further, as U.S. Bank's appeal is an apparent dilatory tactic, U.S. Bank is not entitled to a stay pending its interlocutory appeal. *See Rigdon v. State Bd. of Regents*, 594 F. Supp. 2d 1312, 1315 (S.D. Ga. 2008).

Here, the Court properly exercised its discretion in denying U.S. Bank's motion to compel arbitration as untimely under its case management orders. *See generally* Oct. 26th Order **[DE # 855]**. U.S. Bank's appeal is frivolous because the Eleventh Circuit Court of Appeals is not realistically likely to interfere with this Court's inherent authority to manage this multi-district litigation ("MDL"), including enforcing deadlines for defendants to move to compel arbitration. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[A] district court is entitled to establish proper pre-trial procedures and set an appropriate pre-trial schedule . . . ."). The appeal is also frivolous because U.S. Bank's justification of its delay hinges on the Supreme Court's grant of a writ of certiorari in another case, *AT&T Mobility LLC v. Concepcion*, which constitutes neither a decision on the merits nor a change in law. As such, U.S. Bank has cited no colorable, appealable issue of law. The Court should deny U.S. Bank's motion and allow the case to move forward.

The imposition of a stay will undermine the very efficiencies that coordination of these cases was designed to create. *See* 28 U.S.C. §1407(a). Indeed, if this Court were to grant a stay, plaintiffs' claims against U.S. Bank will be derailed for an indeterminate amount of time and likely fall behind the schedule for the other *First Tranche Defendants*, thus requiring substantial duplication of discovery and motions practice.

Finally, U.S. Bank seeks to evade the supersedeas bond requirement that this Court has imposed on other banks seeking to stay proceedings pending appeal. If this Court were inclined to

---

[1] Here, as elsewhere, emphasis is added and citations are omitted, unless otherwise noted.

stay the proceedings against U.S. Bank pending its interlocutory appeal, plaintiffs respectfully request that the Court impose a supersedeas bond of no less than $1 million to protect plaintiffs from the needless duplication of resources that will certainly occur if U.S. Bank is removed from the *first tranche* for an indeterminate period of time.

U.S. Bank should not be rewarded for its dilatory tactics and failure to comply with explicit deadlines set by the Court. Its motion to stay proceedings pending appeal of the Court's October 26, 2010 Order should be denied.

**II.     Relevant Procedural History**

On November 6, 2009, the Court ordered the parties to file motions concerning arbitration no later than December 8, 2009. **[DE # 134]**. U.S. Bank failed to move for arbitration. *See* Oct. 26th Order, p. 2 **[DE # 855]**. On April 14, 2010, the Court provided a second chance to the Bank Defendants that had not yet filed a motion to compel arbitration to do so on or before April 19, 2010. **[DE # 360]**. Nevertheless, unlike other defendants, U.S. Bank neither filed nor joined in any motions to compel arbitration by the second deadline. *See* Oct. 26th Order, p. 2 **[DE # 855]**.

On July 2, 2010, U.S. Bank moved to compel arbitration and stay proceedings. **[DE # 632]**. Plaintiffs opposed the motion on July 26, 2010. **[DE # 723]**. On October 19, U.S. Bank filed a reply in support of its motion.[2] **[DE # 841]**. The Court denied U.S. Bank's motion on October 26, 2010. **[DE # 855]**. On October 27, U.S. Bank filed a notice of appeal. **[DE # 856]**. On October 29, U.S. Bank filed the instant motion. **[DE # 861]**.

---

[2] Defendant's reply relied on a number of documents attached for the first time as exhibits to the Declaration of Brent Farka submitted therewith. *See* **DE # 841**. Plaintiffs were in the process of preparing a motion to strike the Farka Declaration and attached exhibits on the grounds that U.S. Bank had impermissibly attempted to introduce new evidence on reply in contravention of Local Rule 7.1(c). The Court issued its October 26, 2010 Order denying U.S. Bank's motion prior to plaintiffs' filing of the motion to strike. Plaintiffs respectfully submit that the Farka Declaration and exhibits were improperly submitted, should not be considered by this Court or on appeal.

**III.     Argument**

      **A.     The Court Should Deny U.S. Bank's Motion as Its Appeal Is Frivolous**

Under the Eleventh Circuit's holding in *Blinco*, this Court should deny U.S. Bank's motion to stay pending appeal because its appeal is frivolous. *See* 336 F.3d at 1252. While courts have used different terminology to describe "frivolous" in myriad contexts, an appeal is generally deemed frivolous if its "'result is obvious or when the appellant's argument is wholly without merit.'" *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 1986); *accord Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991); *see, e.g.*, *In re Steffen*, 2010 U.S. Dist. LEXIS 60726, at *2-3 (M.D. Fla. June 7, 2010) (holding that an appeal is frivolous where "'the result is obvious or when the appellant's arguments is wholly without merit'"); *Rigdon*, 594 F. Supp. 2d at 1315 (refusing to grant stay pending the defendants' interlocutory appeal where defendants "lack[ed] a colorable appealable issue of law").

Here, as explained below, the result of U.S. Bank's appeal is obvious – it will fail and the Court's Order will be upheld. Because the Court acted fully within its discretion to deny U.S. Bank's motion to compel arbitration as untimely, the Eleventh Circuit will not disturb its denial. Moreover, U.S. Bank has no colorable arguments to the contrary based on the Supreme Court's grant of certiorari in *Concepcion*. As such, U.S. Bank's motion should be denied.

        **1.     U.S. Bank's Motion to Compel Was Properly Denied as Untimely**

The Court was well within its discretion to deny U.S. Bank's motion to compel as untimely. *See Johnson*, 263 F.3d at 1269 ("[A] district court is entitled to establish proper pre-trial procedures and set an appropriate pre-trial schedule . . . ."). The Eleventh Circuit will not interfere with this

Court's core power to manage these cases in an orderly and efficient manner.³ As such, the outcome of U.S. Bank's appeal is obvious. *See, e.g.*, *Steffen*, 2010 U.S. Dist. LEXIS 60726, at *2-3. Further, as U.S. Bank's appeal is an apparent dilatory tactic, it should not be rewarded with a stay. *See Rigdon*, 594 F. Supp. 2d at 1316 ("A defendant also loses their right to take an interlocutory appeal when the appeal is taken for the purpose of delay.") (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1306-07, n.12 (11th Cir. 2002)).

Here, as the Court found, U.S. Bank failed to timely file or join any motion to compel arbitration by any of the deadlines set by this Court. First, this Court's November 6, 2009 Order explicitly required U.S. Bank to file any arbitration motion before December 8, 2009. *See* Oct. 26th Order, p. 2 (quoting Nov. 6, 2009 Order, ¶11 **[DE # 134]**). Not only did U.S. Bank miss this initial deadline, but it missed a second opportunity provided by the Court in April 2010. *Id.* (quoting Apr. 14, 2010 Order, pp. 2-3 **[DE # 360]**). It was not until July 2, 2010, after both deadlines had run, six months after moving to dismiss this action, and after propounding and responding to discovery, that U.S. Bank first moved to compel plaintiffs to arbitrate.

In denying U.S. Bank's motion to compel, the Court observed defendant failed to address "the fact that it contravened explicit orders of the Court setting a time frame to file motions to compel arbitration" on two separate occasions. *See* Oct. 26th Order, p. 4 **[DE # 855]**. Instead, U.S. Bank chose to engage in motions practice and discovery for months prior to filing its motion to compel and missed the Court's reasonable deadlines that other defendants managed to meet. In

---

³ The issue to be addressed by the Eleventh Circuit – whether this Court erred in finding that U.S. Bank missed two deadlines established by it – will be subject to an abuse of discretion standard of review. *See Nicholson v. City of Daphne*, U.S. Dist. LEXIS 57434, at *19 (S.D. Ala. July 7, 2009) (citing *Mosley v. MeriStar Mgmt. Co.*, 137 Fed. Appx. 248, 250 (11th Cir. 2005)); *see also Lowe's Home Ctrs., Inc. v. Olin Corp.,* 313 F.3d 1307, 1315 (11th Cir. 2002) ("We agree with the district court's conclusion that, in order to ensure the orderly administration of justice, it has the authority and responsibility to set and enforce reasonable deadlines.").

doing so, U.S. Bank waived its right to compel arbitration. *See S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (parties may waive the right to arbitration by "'substantially invok[ing] the litigation machinery' prior to demanding arbitration"). Thus, the Court properly denied its motion to compel.[4]

Despite its failure to comply with this Court's scheduling orders, U.S. Bank tries to fit within the ambit of this Court's prior orders granting stay pending interlocutory appeal. However, none of the other defendants disregarded the Court's deadlines to file their motions to compel and, thus, denial of their motions was not based on untimeliness. *See, generally* June 15, 2010 Order **[DE # 590]**; July 7, 2010 Order **[DE # 664]**; Oct. 14, 2010 Order **[DE # 830]**. Rather, the prior motions to compel presented issues requiring "intensive analysis and thorough consideration of complex legal issues." *See* June 15th Order, p. 3 **[DE # 590]**. Accordingly, in granting those stays, the Court welcomed the Eleventh Circuit's appellate review of the Court's prior analysis and legal interpretations of the statutes at issue. *Id.*

Here, in contrast, the question is simple: did U.S. Bank ignore deadlines set by the Court to file its motion to compel arbitration? The answer is a resounding yes. As such, no complicated issues of fact or law are presented by U.S. Bank's appeal. It is simply frivolous.

---

[4] The Court's October 26 Order did not address several of the additional arguments raised in Plaintiffs' brief opposing U.S. Bank's motion to compel arbitration; namely, that U.S. Bank has also waived its right to move to compel arbitration in light of the substantial litigation and motion practice that has already occurred, that the arbitration clause at issue in *Concepcion* is materially different from the one on which U.S. Bank relies and that U.S. Bank's arbitration clause is unconscionable under both California and Oregon law. *See* Oct. 26th Order **[DE # 723]**. As such, even in the unlikely event that the Eleventh Circuit Court of Appeals were to reverse this Court's October 26 Order, there would nevertheless exist numerous grounds on which U.S. Bank's motion to compel should still be denied.

### 2.     The Supreme Court's Grant of Certiorari in *Concepcion* Does Not Present a Colorable Appealable Issue

Despite the Court's denial of its motion to compel based on untimeliness, U.S. Bank asserts that it was entitled to wait to file its motion because the Supreme Court had not yet granted certiorari in the *Concepcion* case when the Court's deadlines ran.  *See* U.S. Bank's Motion to Stay Proceedings Pending Appeal and Incorporated Memorandum of Law, p. 4 ("U.S. Bank's Mem."). U.S. Bank contends any motion to compel filed prior to the grant of certiorari would have been "futile."  *Id.* at 5.  U.S. Bank's position finds no legal support.

Where, as here, existing dispositive case law does not support defendant's position, the Court may find the appeal frivolous and decline to stay proceedings pending appeal.  *See, e.g.*, *Bahena v. Am. Voyager Indem. Ins. Co.*, 2008 U.S. Dist. LEXIS 24406, at *2 (M.D. Fla. Mar. 27, 2008) (denying motion to stay pending appeal of motion to compel arbitration where existing case law plainly did not support defendant's position); *Rodriguez v. City of Cleveland*, 2009 WL 1661942, at *2-4 (N.D. Ohio June 10, 2009) (denying request for stay pending appeal where appeal was frivolous).

Here, as explained in plaintiffs' opposition to U.S. Bank's motion to compel, defendant's futility argument is baseless because the mere grant of certiorari in a different case with a vastly different arbitration clause in no way constitutes a "change in law" to excuse an untimely motion to compel.  *See* Pltffs' Opp. U.S. Bank's Mtn to Compel, pp. 8-11 **[DE # 723]**.  Thus, if it was futile to file a motion to compel arbitration prior to the deadlines, it still remains a futile exercise now.  U.S. Bank's citation to *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850 (11th Cir. 1986), and *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437 (11th Cir. 1986), do not provide support to the contrary.  *See* U.S. Bank's Mem., p. 5 **[DE # 861]**.  *Benoay* and *Miller* stand only for the proposition that belated arbitration motions may be deemed timely "in light of a change in law affecting the

parties' rights." *See* Pltffs' Opp. Mtn to Compel, p. 9 (citing *Benoay*, 805 F.2d at 1440; *Miller*, 791 F.2d at 853). Here, in stark contrast, there has been no change in the law, much less one that affects the parties' rights. *See id.* (discussing why the grant of certiorari in *Concepcion* did not constitute a change in law and collecting authorities). Thus, U.S. Bank has no legal support.

For these reasons, it is obvious that U.S. Bank's appeal will fail, and the Court's denial of its motion for arbitration will be affirmed. Its interlocutory appeal is frivolous and an obvious delay tactic; thus, this Court should not stay Plaintiffs' claims against U.S. Bank.[5]

### B. Jurisprudential Concerns Militate Against Imposition of a Stay

Even leaving aside the fact that U.S. Bank's appeal is frivolous and provides no basis for a stay under *Blinco*, that case is readily distinguishable from the case at hand. In contrast to *Blinco*, which involved only one defendant, this MDL action involves 54 coordinated nationwide class actions against the country's largest banks for a practice affecting millions of Americans. Under such circumstances, piecemeal litigation should be avoided. Accordingly, this Court found that MDL proceedings may be an exception to *Blinco* and rendered stay issues in this case a "close legal question." *See* June 15, 2010 Order, p. 4 **[DE # 590]**. The Court was rightly concerned about

---

[5] U.S. Bank argues Plaintiffs have not identified any prejudice resulting from its motion. Not true. Plaintiffs emphasized U.S. Bank's motion would prejudice them in "delaying plaintiffs' case for an indeterminable period" of time. *See* Pltffs' Opp. Mtn. to Compel, p. 2 **[DE # 723]**; *Skrtich*, 280 F.3d at 1307 n.12 ("[D]elay may work to the disadvantage of the plaintiff as well. Witnesses may become unavailable, memories may fade, attorneys fees and costs accumulate, and a deserving plaintiff's recovery may be delayed. Delay is also costly to the court system, demanding more time and energy from the court and retarding the disposition of cases."). Were this Court to grant U.S. Bank's motion, it will result in U.S. Bank falling behind the schedule for *First Tranche Defendants*, thus delaying timely prosecution of the case. Further, plaintiffs' agreement to a suspension of deadlines pending *en banc* review of *Cappuccitti v. DirecTV, Inc.*, 611 F.3d 1252 (11th Cir. 2010), does not counsel otherwise. *See* U.S. Bank's Mem., p. 6. The parties had no choice but to agree to suspend deadlines pending the Eleventh Circuit's review in *Cappuccitti*. The fact that *Cappuccitti* has now been reversed, and the litigation is moving forward, counsel is strongly against a stay, not in favor of one.

duplication of discovery efforts, motions practice, pre-trial conferences, status conferences, and court attendances. *Id.* The Court also correctly observed that starting and stopping discovery and pretrial proceedings at different times and intervals "impacts substantially on the management of the multi-district litigation."[6] *Id*. at 6.

Other courts have held it is proper to consider whether a stay is warranted based on such concerns. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (trial court has discretion to determine whether to grant stay pending appeal of arbitration ruling).

The jurisprudential concerns at play here are even stronger than the prior motions to stay as U.S. Bank's appeal may result in derailing the pre-trial schedule for this defendant. The goal of the MDL device is to consolidate cases so that they may proceed on a single track if possible, and thereby create resulting efficiencies that inure to the benefit of the parties and the judicial system. *See* June 15, 2010 Order, p. 4. Permitting U.S. Bank to fall behind the schedule for these MDL proceedings and gain tactical advantage by pursuing a doomed appeal would undermine the very efficiencies that coordinating these cases was intended to produce. *See id.* This Court is well within its bounds to deny U.S. Bank's motion to stay.

---

[6] *United States v. Clipper Shipping Co.*, 1995 U.S. Dist. LEXIS 3732 (E.D. La. Mar. 23, 1995), is readily distinguishable. *See* U.S. Bank's Mem., p. 6. This case, which was brought by the United States, involved a motion to compel arbitration between a third-party defendant and other third-party defendants and third-party plaintiffs. 1995 U.S. Dist. LEXIS 3732, at *1. In compelling arbitration and exercising its discretion to stay litigation proceedings against the party that filed the motion to compel, the district court noted that the United States "does not oppose a stay of proceedings as to [that party]." *Id.* at *8. Here, in contrast, plaintiffs vigorously oppose any stay pending U.S. Bank's frivolous appeal.

### C. Alternatively, U.S. Bank Should Be Required to Post a Supersedeas Bond of at Least $1 Million

If this Court were inclined to grant U.S. Bank's motion to stay, it should condition any such stay on the posting of a supersedeas bond of at least $1 million to pay for future duplicative costs. This Court has required other defendants in this MDL seeking stays pending their interlocutory appeals to post supersedeas bonds. *See* June 15, 2010 Order **[DE # 590]**; July 7, 2010 Order **[DE # 664]**; Oct. 14, 2010 Order **[DE # 830]**. The Court has reasoned there will be "costly duplication of all of the ongoing discovery work that will have been concluded during pendency of the appeal," and "potential cost for the duplication of the depositions and other discovery" that exceed an award of pre-judgment interest. *See* June 15th Order, pp. 7-8.

As with the prior motions for stay, a supersedeas bond is certainly appropriate if the Court is inclined to grant a stay. Moreover, because U.S. Bank is part of an existing scheduling order that is already engaged in full-blown discovery, halting discovery now will remove U.S. Bank from the *first tranche* of cases. These facts counsel in favor of requiring a larger bond to cover the substantial costs of duplicative discovery and motion practice that will inevitably result and burden both plaintiffs and the Court.

Even though the Court has previously ordered other defendant banks to post such bonds, U.S. Bank asserts the novel argument that it is exempt from posting a bond under the National Bank Act ("NBA"). *See* U.S. Bank's Mem., p. 7. However, the NBA was enacted in 1873 for a very different purpose – to prevent national banks from giving preferential treatment to creditors and to assure the orderly and fair liquidation of insolvent banks. *See United States v. Lemaire*, 826 F.2d 387, 390 (5th Cir. 1987). The case relied on by U.S. Bank is not binding on this Court and, in any event, is distinguishable as it concerned a judgment creditor seeking a bond equal to one and a half times the total judgment. *See Glad v. Thomas County Nat'l Bank*, 1991 U.S. Dist. LEXIS 17803, at *1-2 (D.

Kan. Nov. 14, 1991). That holding has no applicability where, as here, the amounts at stake are in the hundreds of millions, and the potential cost to the parties and to the Court resulting from the delay of an indeterminate stay could easily run into the millions. *See BP Prods. N. Am., Inc. v. Super Stop # 701, Inc.*, 2010 U.S. Dist. LEXIS 36951, at *5 (S.D. Fla. Mar. 22, 2010) (finding that a bond was required under Fed. R. Civ. P. 62(d) where defendants wish to stay proceedings).

As such, plaintiffs respectfully submit that, if this Court decides to grant a stay, it does so on the condition that U.S. Bank post a supersedeas bond of no less than $1 million.

**IV.     Conclusion**

Based on the foregoing, U.S. Bank's motion should be denied. Alternatively, if the Court is inclined to grant the stay, plaintiffs request that the Court condition any stay on the posting of a supersedeas bond in the amount of $1 million.

Dated: November 2, 2010.    /s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel:  (305) 571-8550
Fax:  (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street - Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
Mikaela Bernstein, Esquire
California Bar No. 261301
mbernstein@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th street - 34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

- 13 -

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Melissa K. Hutts, Esquire
Texas Bar No.  0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

- 14 -

**IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

**MDL No. 2036**

### CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, Florida 33137
bobby@alterslaw.com