# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**THIS DOCUMENT RELATES TO:**

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 1:09-cv-21681-JLK
N.D. Cal. Case No. 4:08-cv-05101-SBA

*Lopez, et al. v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

*Speers v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:09-23126-JLK

*Waters, et al. v. U.S. Bank, N.A.*
S.D. Fla Case No. 1:09-23034-JLK
N.D. Cal. Case No. 3:09-cv-2071

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:-cv-08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## STIPULATION AND [PROPOSED] ORDER ESTABLISHING
## EXPERT DISCOVERY PROTOCOL FOR *FIRST TRANCHE* CASES

1.      This Stipulation and Order Establishing Expert Discovery Protocol (the "Protocol") is entered into by and among the parties to the above-captioned actions which are part of the multidistrict litigation proceeding entitled In re Checking Account Overdraft Litigation, MDL No. 2036, Case No. 1:09-md-02036-JLK (S.D. Fla.) ("MDL 2036"), through their respective counsel of record.  In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, and in recognition that experts' investigation and development of their opinions can become unnecessarily inhibited and costly if their work product—such as drafts of reports and notes—become the subject of discovery, the parties have agreed to certain limitations and other provisions on the scope of expert-related discovery and testimony in the above-captioned actions, as set forth in this Protocol.  Neither the terms of this Protocol nor the parties' agreement to them implies that any of the information restricted from discovery in this Protocol would otherwise be discoverable.

2.      All matters concerning expert discovery shall be governed by the Federal Rules of

Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida ("Local Rules"), to the extent not inconsistent with this Protocol.

    3.    The following categories of documents and information need not be disclosed by any party or person, are outside the scope of permissible discovery (including deposition questions), and are deemed to be work product and confidential:

    (a)    A non-testifying expert's (hereinafter "Consulting Expert") oral communications, documents, or electronic information made or prepared in connection with the Litigation including, but not limited to, communications sent to or received by counsel for the party retaining the non-testifying expert  and communications sent between the Consulting Expert(s) and his/her assistants and/or clerical or support staff, or other expert witnesses.  A Consulting Expert shall include a Consulting Expert regularly employed or retained by a testifying expert or a party;

    (b)    A testifying expert's (hereinafter "Testifying Expert") drafts of expert reports, expert opinions, expert written testimony, or expert work papers prepared in connection with the Litigation, preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with the Litigation, or other preliminary expert opinions or draft materials prepared by, for, or at the direction of a Consulting Expert, a Testifying Expert or counsel for a party;

    (c)    Notes of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with the Litigation;

    (d)    Any comments, whether oral or written, related to a report of a Testifying Expert prepared in connection with the Litigation by (i) counsel for a party retaining the Testifying

Expert, (ii) a Consulting Expert, (iii) or any person working at the Testifying Expert's direction; and

(e)     Any communications, whether oral or written, to or from a Testifying Expert and (i) counsel for a party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert 's direction.

4.     Subject to the limitations described in paragraph 3 of this Stipulation, any party is free to take discovery of all other documents and information provided for by Federal Rule of Civil Procedure 26(a)(2)(B). Discovery shall include, but not be limited to, the following documents and material, and nothing in paragraph 3 shall be construed to limit discovery into such documents and material:

(a)     The basis of the Testifying Expert's final opinion and the documents, factual material, data, calculations, computations, modeling, data runs, and other information the Testifying Expert relied upon in forming that opinion;

(b)     Assumptions provided by any attorney that the Testifying Expert relied upon in forming opinions; and

(c)     The Testifying Expert's compensation, including, but not limited to, his or her hourly rate and that of any support staff, the total number of hours worked by the Testifying Expert and by each of the Testifying Expert's support staff on the matter, and the total amount billed with respect to the matter.  However, time detail (narrative describing the work performed) is not discoverable and may be withheld.

5.     The parties will make all disclosures required by Rule 26(a)(2)(B), as modified by this Stipulation, at the times provided by this Court for the service of written expert reports. The parties agree that a Testifying Expert need only disclose data or other information relied

upon in forming his or her final opinions, rather than all data or information considered.  All documents, electronic data, and other information required to be produced under Rule 26(a)(2)(B), together with any corresponding computer programs and instructions, shall be delivered to opposing counsel or to a person at the direction of opposing counsel within three (3) business day of service of an expert's report or affidavit.  To the extent the disclosure includes exhibits, information, or data processed or modeled by computer at the direction of a Testifying Expert in the course of forming the Testifying Expert's opinions, machine readable copies of the data along with the appropriate computer programs, instructions, input and output files, field descriptions, and any other matter necessary to access and use the data and replicate the work performed shall be included.  If data employed by Testifying Experts is derived from electronic data and/or documents and/or other discovery matter previously produced by any party to this action, such original data, documents and/or discovery matter need not be produced in connection with the Testifying Expert's report or affidavit provided such electronic data and/or documents and/or other discovery matter are specifically identified in the expert's report or affidavit.  Moreover, no party need produce computer programs that are reasonably and readily commercially available.

6.     The disclosures required by paragraph 5 above shall include a list of all matters which the expert has testified in any deposition, trial, or hearing, or submitted a report, in the last five (5) years.  The disclosures shall identify the case caption, the court in which it was pending, and the party that retained the expert.  In addition, the disclosures shall include a copy of the expert's report or affidavit and any transcripts or recordings of the expert's testimony in the proceeding that are in the expert's or counsel's possession.  If any such materials are claimed to be immune from disclosure by virtue of a protective order or other restriction, the

disclosing party shall identify the materials being withheld.

       7.     Nothing herein shall limit or waive any party's rights to object for any reason to the admissibility of any opposing party's expert submission into evidence or to the qualifications of any person to serve as an expert witness.

       8.     These restrictions apply to discovery directed to a party as well as to the retained expert.

       9.     Nothing in this Protocol is intended to relieve the parties of any obligation or restrict any right established by the protective order in this matter, including, without limitation, with respect to the treatment of discovery matter designated "Confidential" or "Highly Confidential" and produced in any action.

       10.     The provisions of this Protocol may be modified by agreement of the parties, or by motion upon a showing of good cause.

Dated: November 8, 2010.

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel:  (305) 571-8550
Fax:  (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger H. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street - Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
adam@webbllc.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
flemond@webbllc.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street - Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th street - 34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
/s/ Bruce W. Steckler
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
/s/ Melissa K. Hutts
Melissa K. Hutts, Esquire
Texas Bar No.  0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Ave. - Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

AMY S. RUBIN
Florida Bar No. 476048
amy.rubin@ruden.com
DORI K. STIBOLT
Florida Bar No. 183611
dori.stibolt@ruden.com
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
222 Lakeview Avenue, Suite 800
West Palm Beach, Florida  33401
Tel:  (561) 838-4500
Fax:  (561) 514-3447

Attorneys for Defendant
WELLS FARGO BANK, N.A.

/s/ Barry R. Davidson
BARRY R. DAVIDSON
Florida Bar No. 107678
bdavidson@hunton.com
JAMIE ZYSK ISANI
Florida Bar No. 728861
jisani@hunton.com
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Tel:  (305) 810-2500
Fax:  (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

/s/ Sonya D. Winner
SONYA D. WINNER (*pro hac vice*)
SWinner@cov.com
DAVID M. JOLLEY (*pro hac vice*)
DJolley@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, California  94111
Tel:  (415) 591-6000
Fax:  (415) 591-6091

EMILY JOHNSON HENN (*pro hac vice*)
EHenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
Tel. (650) 632-4715
Fax  (650) 632-4815

Attorneys for Defendant
WELLS FARGO BANK, N.A.

/s/ James R. McGuire
JAMES R. McGUIRE (*pro hac vice*)
jmcguire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Tel:  (415) 268-7013
Fax:  (415) 268-7255

SYLVIA RIVERA (*pro hac vice*)
srivera@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Tel:  (213) 892-5200
Fax:  (213) 892-5454

Attorneys for Defendant
U.S. BANK, N.A.

A. STEPHEN HUT, JR. (*pro hac vice*)
stephen.hut@wilmerhale.com
MICHELLE OGNIBENE (*pro hac vice*)
michelle.ognibebe@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C.  20006
Tel:  (202) 663-6000
Fax:  (212) 663-6363

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

/s/ Christopher R. Lipsett
CHRISTOPHER R. LIPSETT (*pro hac vice*)
chris.lipsett@wilmerhale.com
DAVID S. LESSER (*pro hac vice*)
david.lesser@wilmerhale.com
ALAN E. SCHOENFELD (*pro hac vice*)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, New York  10022
Tel:  (212) 230-8851
Fax:  (212) 230-8888

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

- 10 -

JULIA B. STRICKLAND (*pro hac vice*)
jstrickland@stroock.com
LISA M. SIMONETTI (*pro hac vice*)
lsimonetti@strook.com
A.R. KACHADOORIAN (*pro hac vice*)
akachadoorian@stroock.com
STROOCK & STROOCK & LAVIN LLP
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Tel:  (310) 556-5800
Fax:  (310) 556-5959

Attorneys for Defendant
CITIBANK, N.A., for itself and as successor to
CITIBANK (WEST), FSB, and CITIBANK
F.S.B.


/s/ Rebecca J. Williams
REBECCA J. WILLIAMS
Florida Bar No. 403733
rwilliams@stroock.com
STROOCK & STROOCK & LAVIN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida  33131
Tel:  (305) 358-9900
Fax:  (305) 789-9302

Attorneys for Defendant
CITIBANK, N.A., for itself and as successor to
CITIBANK (WEST), FSB, and CITIBANK
F.S.B.


J. RANDOLPH LIEBLER
Florida Bar No. 0507954
jrl@lgplaw.com
LIEBLER GONZALEZ &
PORTUANDO, P.A.
2500 Courthouse Tower
44 West Flagler Street
Miami, Florida 33130
Tel:  (305) 379-0400
Fax:  (305) 379-9626

Attorneys for Defendant
BANK OF AMERICA, N.A.


/s/ Laurence J. Hutt
LAURENCE J. HUTT (*pro hac vice*)
Laurence.Hutt@aporter.com
CHRISTOPHER S. TARBELL (*pro hac vice*)
Christopher.Tarbell@aporter.com
ARNOLD & PORTER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Tel:  (213) 243-4000
Fax:  (213) 243-4199

Attorneys for Defendant
BANK OF AMERICA, N.A.

/s/ John B. Sullivan_____
JOHN B. SULLIVAN
(*pro hac vice*)
jbs@severson.com
JAN T. CHILTON
(*pro hac vice*)
jtc@severson.com
MARK D. LONERGAN
(*pro hac vice*)
mdl@severson.com
PETER H. BALES
(*pro hac vice*)
phb@severson.com
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California  94111
Tel:  (415) 398-3344
Fax:  (415) 956-0439

Attorneys for Defendant
UNION BANK, N.A.

The foregoing Stipulation is approved and adopted as an Order of the Court at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this _____ day of November 2010.

_____
**JAMES LAWRENCE KING**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of Record