UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Robert Townsend v. Wells Fargo Bank &
Company, Wells Fargo Bank, N.A., J.P.
Morgan Chase, Chase Bank USA, N.A. and as
successors in interest to Washington Mutual
Bank FA*
S.D. Fla. Case No. 10-cv-21834-JLK
C.D. Cal. Case No. CV 10-550 ODW

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Robert Townsend filed suit January 26, 2010 against Defendants Wells Fargo Bank & Company, Wells Fargo Bank, N.A., J.P. Morgan Chase, Chase Bank USA, N.A. and as successors in interest to Washington Mutual Bank FA. Six months later on June 4, 2010 (D.E. #16) the Judicial Panel on Multidistrict Litigation transferred the case to the Southern District of Florida for assignment as Case No. 10-cv-21834-JLK for supervision by the undersigned judge as the presiding judge in MDL 09-md-02036-JLK.

Without reading Mr. Townsend's four-page Complaint for Damages (D.E. #1), and without moving to dismiss the Complaint for failure to state anything resembling a legal

cause of action, Defendants filed, instead, motions to stay proceedings in favor of arbitration (D.E.'s #778 and #782). On September 1, 2010, the Bank's motions seeking a stay and to compel arbitration varied from 16 to 18 pages in length and addressed a number of the legal issues that other Defendants (including these Defendants) have generally raised on the arbitration issues throughout this multidistrict litigation proceeding. Why Defendants proceeded with full press legal argument directed against Plaintiff's incomprehensible three-page Complaint is not known to the Court. It may well be that the Defendant Banks have simply picked up some other complaint filed by someone else and addressed their motions to these other complaints. Nevertheless, careful consideration of the status of Defendants' motions regarding arbitration (D.E.'s #778 and 782), together with the Plaintiff's response to the motions filed October 5, 2010 (D.E. #820) and (surprisingly) Defendants' reply thereto filed September 30, 2010 and October 1, 2010, (D.E.'s #806 and #808), the clear impossibility of ruling upon these prematurely filed motions, became apparent to the Court.

Obviously, without a proper complaint, neither the Court nor counsel have an original document comprehensive of understanding to which motions dealing with arbitration can be addressed and determined. The proper motion would have been, and is, a motion to dismiss the three-page incomplete statement of legal theories with no relevance to any factual complaint by Plaintiff. It is therefore,

2

ORDERED, ADJUDGED and DECREED that Case No. 10-cv-21834-JLK filed by Mr. Townsend on January 28, 2010 be, and the same is hereby DISMISSED WITHOUT PREJUDICE to refile, if he should be so advised, an Amended Complaint within 20 days hereof. It is further

ORDERED, ADJUDGED and DECREED that all pending motions directed to the herein dismissed Complaint filed by Mr. Townsend are DENIED as MOOT.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 10th day of November, 2010.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record