IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:09-23034-JLK

|   |   |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036<br><br>THIS DOCUMENT RELATES TO:<br><br>*Tornes v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK<br><br>*Yourke, et al. v. Bank of America, N.A.*,<br>S.D. Fla. Case No. 1:09-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-2186 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BANK OF AMERICA'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL FURTHER RESPONSES FROM PLAINTIFFS TO ITS FIRST SET OF REQUESTS FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. Bank Of America Is Entitled To Discovery Regarding Plaintiffs' Other Bank Accounts, Credit Card Accounts And Related Information And Communications ..................................................................................................2

    B. Plaintiffs' Refusal To Respond To Discovery Concerning Their Involvement In Other Litigation Is Untenable..........................................................4

    C. Plaintiffs Tacitly Acknowledge The Relevance Of Discovery Related To The Purpose Of, And The Use Of Funds From, Plaintiffs' Transactions Resulting In Overdraft Fees................................................................5

    D. Plaintiffs' Withholding of Engagement Letters, Fee Arrangements And Solicitation Letters On Privilege And Relevance Grounds Is Baseless...................7

    E. Plaintiffs Continue To Offer Only Boilerplate Objections To Justify Their Refusal To Respond To, And Improper Limitations On The Scope Of, Various Requests ................................................................................8

III. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armor Screen Corp. v. Storm Catcher, Inc.*,
 2009 WL 2767664 (S.D. Fla. Aug. 31, 2009)..................................................................7

*Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*,
 1995 WL 625962 (D. Kan. Oct. 5, 1995) .........................................................................5

*Donahay v. Palm Beach Tours & Transp., Inc.*,
 242 F.R.D. 685 (S.D. Fla. 2007)......................................................................................9

*Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*,
 206 F.R.D. 518 (S.D. Fla. 2002)......................................................................................3

*In re eBay Seller Antitrust Litigation*,
 2008 WL 5212170 (N.D. Cal. Dec. 11, 2008)..................................................................5

*El Badrawi v. Dep't of Homeland Sec.*,
 258 F.R.D. 198 (D. Conn. 2009)......................................................................................8

*Florer v. Johnson-Bales* and *Apsley v. Boeing Co.*,
 2010 WL 2402895 (W.D. Wash. June 10, 2010)..............................................................5

*Equal Rights Ctr. v. Post Props., Inc.*,
 246 F.R.D. 29 (D.D.C. 2007)...........................................................................................9

*Gutierrez v. Wells Fargo Bank, N.A.*,
 2010 WL 3155934 (N.D. Cal. Aug. 10, 2010) .............................................................3, 6

*Guzman v. Irmadan, Inc.*,
 249 F.R.D. 399 (S.D. Fla. 2008)......................................................................................7

*Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*,
 2007 WL 2298009 (N.D. Fla. Aug. 9, 2007)....................................................................9

*Hendricks v. Mirabilis Ventures, Inc.*,
 2008 WL 423566 (M.D. Fla. Feb. 13, 2008) ..............................................................9, 10

*Huthnance v. Dist. of Columbia*,
 255 F.R.D. 297 (D.D.C. 2008).........................................................................................6

*Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*,
 153 F.R.D. 686 (M.D. Fla. 1994).....................................................................................4

*Kendrick v. Sullivan*,
  125 F.R.D. 1 (D.D.C. 1989) ..................................................................................10

*Meranus v. Gangel*,
  1991 WL 120484 (S.D.N.Y. June 26, 1991) ........................................................6

*Morock v. Chautauqua Airlines, Inc.*,
  2007 WL 4247767 (M.D. Fla. Dec. 3, 2007) ........................................................9

*O'Neal v. United States*,
  258 F.3d 1265 (11th Cir. 2001) .............................................................................7

*Oleson v. Kmart Corp.*,
  175 F.R.D. 560 (D. Kan. 1997) ............................................................................8

*Safeco Ins. Co. of Am. v. Rawstrom*,
  183 F.R.D. 668 (C.D. Cal. 1998) ..........................................................................7

*Schaffer v. Timberland Co.*,
  1996 U.S. Dist. LEXIS 5372 (D.N.H. Mar. 19, 1996) .........................................4

*In re SciMed Life Sec. Litig.*,
  1992 WL 413867 (D. Minn. Nov. 20, 1992) ........................................................4

*Skinner v. O'Mara*,
  2001 WL 821535 (D.N.H. July 18, 2001) ............................................................6

*Stanich v. Travelers Indem. Co.*,
  259 F.R.D. 294 (N.D. Ohio 2009) ........................................................................8

*Titre v. S.W. Bach & Co.*,
  2005 WL 1692508 (S.D. Fla. July 20, 2005) .......................................................9

**STATUTES AND RULES**

Rule 26 ................................................................................................................................10

Local Rule 26.1(g)(3)(A) .....................................................................................................7

**OTHER AUTHORITIES**

8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2039 ...........5

I.      INTRODUCTION

Plaintiffs' Opposition to Bank of America's motion to compel does not refute but, rather, *confirms* that Plaintiffs' objections to the Bank's discovery requests are both formulaic and baseless, and intended only to thwart discovery of relevant, responsive information critical to Bank of America's defense of this action.  Plaintiffs provide no declaration setting forth any *facts* to support their generalized and vague overbreadth and burden objections to many of Bank of America's discovery requests, or their self-serving assertion that the Bank is seeking discovery solely to "harass" Plaintiffs.  Without factual support, these objections cannot be sustained.

Plaintiffs likewise provide no on-point legal support for any of the arguments contained in their Opposition.  For example, Plaintiffs assert repeatedly that they should not be required to provide certain discovery because it is "sensitive" or "personal" in nature, but they fail to cite a single case refuting Bank of America's legal argument that any such concerns are adequately addressed by the protective order already in place in these actions.  As yet another example, Plaintiffs argue -- again without citation to any law supporting their position -- that their fee agreements with counsel are privileged, even though case law clearly is to the contrary.

Plaintiffs also presuppose in their arguments that Bank of America is only entitled to conduct discovery relating to class certification issues, even though the Court has set no such limitation and Plaintiffs themselves have not so limited their own discovery.  Plaintiffs further seem to assume that their allegations and assertions are sacrosanct and not subject to discovery, even though one purpose of discovery is precisely to test the validity and accuracy of a party's averments.  Finally, when all else fails, Plaintiffs resort to refuting "straw man" arguments, completely ignoring the actual reasons for production identified in Bank of America's motion.

Plaintiffs' tactics cannot obscure the clear relevance of the information sought by Bank of America, or Plaintiffs' own failure to identify one legally or factually supported reason for opposing the discovery sought.  Accordingly, Bank of America respectfully requests that this Court compel Plaintiffs to respond fully and adequately to the Bank's discovery requests.

## II. ARGUMENT

### A. Bank Of America Is Entitled To Discovery Regarding Plaintiffs' Other Bank Accounts, Credit Card Accounts And Related Information And Communications

In its Motion, Bank of America set forth several, independent reasons why this Court should order discovery regarding Plaintiffs' other bank accounts, credit card accounts, and third-party communications about their accounts and fees. Plaintiffs' Opposition simply ignores, and thereby concedes, the Bank's actual arguments.

First, Bank of America seeks this discovery because *Plaintiffs* placed their alternative sources of funding *directly* and *expressly* at issue in the complaints by alleging that, had they been notified of a potential overdraft, they could have used another form of payment to proceed with the transaction. *See Tornes* Third Amended Complaint ¶ 6; *Yourke* Am. Compl. ¶ 8; *see also* Mot. 11-12. Plaintiffs ignore their own pleading, arguing instead that the Bank's overdraft and posting policies "mak[e] alternative sources of funding absolutely irrelevant." Opp'n 4-5. Plaintiffs' argument makes no sense in the face of their own explicit averments to the contrary. Since Plaintiffs have chosen to allege that they would have used funding sources other than their Bank of America debit card to complete their intended transactions, the Bank is entitled to explore the basis for or accuracy of that allegation. Whether such information relates to class certification is irrelevant. The Court has never limited discovery to class certification issues.

Second, Bank of America demonstrated in its Motion that information regarding Plaintiffs' non-Bank of America accounts is also relevant to the class certification inquiry, because lack of access to alternative forms of payment may affect the "typicality" of those named Plaintiffs' claims and/or whether those named Plaintiffs are "adequate" representatives of the class. Mot. 12. Bizarrely, Plaintiffs' response to this argument consists entirely of a string cite to cases examining whether named plaintiffs were able to pay class counsel. Opp'n 5. But Plaintiffs' ability to pay class counsel or to finance the prosecution of this action is not the issue here. Nor does it have any bearing on the issue *actually* presented by the complaints and relied upon in the motion -- namely, whether some or all of the named Plaintiffs had access to alternative forms of payment, as they alleged in their complaints. *That* is the material point, and Plaintiffs' studied avoidance of it in their Opposition is a tacit admission of its validity. Bank of America's discovery requests are appropriate.

Third, Plaintiffs assert that information about their other bank accounts has "no probative value" in relation to Bank of America's alleged practices. Opp'n 5. However, as Bank of America argued in its Motion, Plaintiffs' experience with their other bank accounts may show that, based on their having incurred overdraft fees on those accounts, Plaintiffs should have known that other banks, including Bank of America, do or might impose *similar* overdraft fees. Additionally, Plaintiffs' third party communications regarding Bank of America accounts may show that they knew of Bank of America's overdraft and posting policies before overdrafts occurred on their accounts. Plaintiffs have alleged that they did not know about or understand Bank of America's overdraft policies -- Bank of America is entitled to discovery to test that.

Fourth, in response to the Bank's argument that the requested discovery is relevant to establish affirmative defenses such as mitigation, Plaintiffs rely on *Gutierrez v. Wells Fargo Bank, N.A.,* 2010 WL 3155934 (N.D. Cal. Aug. 10, 2010), to argue that they "could not have mitigated the damages even if they had wanted to." Opp'n 6. Plaintiffs' reliance on *Gutierrez* is misplaced. *Gutierrez* contains the court's findings and conclusions after a bench trial -- in other words, *after* the parties had had the benefit of full discovery. Here, the Bank is entitled to discovery regarding Plaintiffs' alleged access to "alternative forms of payment" to determine whether *these* Plaintiffs could have, and should have, mitigated their alleged injuries.

Finally, Plaintiffs claim that the requested discovery would "reveal the most sensitive of personal and family decisions." Opp'n 6. Plaintiffs, however, cannot rely on privacy to justify a failure to produce otherwise responsive documents, as any legitimate concerns regarding confidentiality of private information are covered and ameliorated by the Protective Order. *See Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 521 (S.D. Fla. 2002).[1] Quite tellingly, Plaintiffs ignore the law cited by Bank of America that protective orders obviate any concerns regarding "private" or "sensitive" information.

Plaintiffs' failure to justify their relevance objections to Request Nos. 22-23, 29-40 and Interrogatory Nos. 15-16 only serves to highlight the relevance of the requested information.

---

[1] Plaintiffs attempt to distinguish *Dunkin' Donuts*, 206 F.R.D. 518 (S.D. Fla. 2002), but they do so with respect to an entirely different opinion, 2001 WL 34079319 (S.D. Fla. 2001), than the one actually cited by Bank of America. Opp'n 3 at n.1. Regardless, the court in both *Dunkin' Donuts* opinions ordered the production of responsive but potentially confidential information, based on the availability of a protective order. *Compare* 206 F.R.D. at 521 *with* 2001 WL 34079319, at *4.

Plaintiffs should be ordered to produce all responsive documents and information.

### B. Plaintiffs' Refusal To Respond To Discovery Concerning Their Involvement In Other Litigation Is Untenable

Plaintiffs' Opposition similarly fails to provide any support for their continuing refusal to provide discovery regarding Plaintiffs' involvement in other litigation as a plaintiff, class representative, or other named party. Again, Plaintiffs contend that the purportedly "highly sensitive" nature of such information precludes Bank of America's discovery. Opp'n 7. But all or almost all of the information sought is *public*. And as previously stated, to the extent that any privacy interests legitimately exist, such interests are safeguarded by the Protective Order. *See Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994). Plaintiffs also have not even attempted to establish, by declaration or other factual showing, that any "sensitive information" actually exists and would be responsive to Bank of America's discovery. Nor is it likely that any such showing could be made. The Bank's discovery requests seek information regarding Plaintiffs' involvement in judicial and administrative hearings, which generally are a matter of public record. It is difficult to imagine how public documents from public proceedings invoke any privacy concerns.

Plaintiffs' generalized objection on relevance grounds fares no better. Plaintiffs cite to *Schaffer v. Timberland Co.*, 1996 U.S. Dist. LEXIS 5372 (D.N.H. Mar. 19, 1996), among other cases, for the proposition that courts purportedly reject as irrelevant any inquiry into a named plaintiff's participation in other lawsuits. Opp'n 8. Plaintiffs, however, mischaracterize *Schaffer* by omitting a key phrase necessary to understand the court's holding; more accurately, *Schaffer* provided that "*absent any impact on his ability to vigorously pursue this action*, 'most courts have soundly rejected assertions about the plaintiff's litigiousness or unrelated transactions as irrelevant factors or as representing potential positive factors supporting class status.'" 1996 U.S. Dist LEXIS 5372, at *25 n.10 (emphasis added). Here, the *purpose* of Bank of America's discovery requests *is* to test the named Plaintiffs' "ability to vigorously pursue this action." Thus, even under the cases cited by Plaintiffs, Bank of America's discovery requests are appropriate. Moreover, the *Schaffer* decision concerned a class certification motion, not the proper scope of discovery. At this stage of the proceedings, Bank of America is entitled to test Plaintiffs' "ability to vigorously pursue this action" by inquiring into their prior litigation history without unnecessarily limiting such inquiry to actions involving the identical matter. *See, e.g., In*

*re SciMed Life Sec. Litig.*, No. 3-91-575, 1992 WL 413867, at *4 (D. Minn. Nov. 20, 1992).

In a last-ditch effort to evade their obligations to produce this responsive information, Plaintiffs argue that a deposition is the "superior method" for eliciting the information. Opp'n 8. As the responding parties, however, Plaintiffs have no right to dictate the manner in which the propounding party conducts discovery. *See* 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2039 ("Generally, the party seeking discovery is entitled to choose the method by which it is to be had and the court will not interfere unless sound reasons are shown"); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625962, at *5 (D. Kan. Oct. 5, 1995) (parties may choose their preferred method in which they conduct discovery, and courts will not interfere in such choices absent abuse of discovery).

The information sought in the Bank's Request Nos. 8-10 and Interrogatory No. 21 is highly relevant, as demonstrated in the Motion, and a matter of public record. Accordingly, the Court should order Plaintiffs to produce all information responsive to these requests.

### C. Plaintiffs Tacitly Acknowledge The Relevance Of Discovery Related To The Purpose Of, And The Use Of Funds From, Plaintiffs' Transactions Resulting In Overdraft Fees

Bank of America seeks documents and information regarding the purpose of transactions, and the use of the funds Plaintiffs obtained from the transactions, that resulted in challenged overdraft fees. This information is necessary to enable Bank of America to assess the relative importance of Plaintiffs' transactions, as measured by their purpose or what was acquired. Plaintiffs' Opposition tacitly concedes the relevance of this discovery and provides no real basis for Plaintiffs' refusal to respond to it.

Plaintiffs' first and foremost argument is that discovery regarding the purpose and use of transactions is "premature." Opp'n 9. However, prematurity is *not* a valid basis for Plaintiffs' refusal to respond.[2] Plaintiffs are obliged to respond by setting forth their *current* knowledge

---

[2] Moreover, the case law Plaintiffs cite as support for their argument that the requests are premature is inapposite. Opp'n 9. The requests at issue in *In re eBay Seller Antitrust Litigation*, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008), were contention interrogatories, whereas the Bank's requests here merely ask Plaintiffs to supply the facts *underlying* their own contentions. In both *Florer v. Johnson-Bales*, 2010 WL 2402895, at *5 (W.D. Wash. June 10, 2010), and *Apsley v. Boeing Co.*, 2007 WL 3120712, at *3 (D. Kan. Oct. 24, 2007), the responding party had no knowledge of the information sought, whereas Plaintiffs here have unique knowledge about the purpose of their transactions, an issue about which the Bank can otherwise only

Footnote continued on next page

about the purpose and use of these transactions, subject to their right or obligation to supplement their responses as the cases move forward. *See Huthnance v. Dist. of Columbia*, 255 F.R.D. 297, 299 (D.D.C. 2008). Moreover, by arguing that the discovery is premature, Plaintiffs implicitly acknowledge its relevance -- Plaintiffs simply seek to delay, without basis, the date by which they must provide the requested discovery.

Second, Plaintiffs again attempt to rely on the bench trial decision in *Gutierrez v. Wells Fargo Bank, N.A.,* 2010 WL 3155934 (N.D. Cal. Aug. 10, 2010), to argue that it would be "difficult, if not impossible, to identify which transaction in particular triggered each individual overdraft charge." Opp'n 10. However, as discussed *supra* in Section II.A, that opinion was issued after a bench trial -- that is, after the benefit of discovery -- and thus provides no guidance regarding whether discovery should be allowed in the first place. If anything, the alleged difficulty of determining "which transaction in particular triggered each individual overdraft charge" is a reason to *allow* broad discovery so that the Court will be presented with the best information possible on this factual issue.

Third, Plaintiffs claim that "the purpose of the transaction will be evident on the face of the account statement, or, if not, . . . through a Google search . . . ." Opp'n 10. Plaintiffs' purported assumption is disingenuous. The purpose or reason for *all* transactions is clearly not apparent from an account statement or an Internet search. For instance, a large dollar-amount spent at a Walmart store could be for very different purposes: to purchase an electronics appliance such as a television set, or to purchase sundry household and kitchen items. Information about such purchases is relevant to, *inter alia*, the Bank's defense that high-to-low posting benefits customers by giving settlement priority to more important (*i.e.*, more expensive) transactions and increasing the likelihood such transactions will be paid. Mot. 9-10.

Plaintiffs do not deny that discovery regarding the purpose and use of Plaintiffs'

---

Footnote continued from previous page

speculate. In *Meranus v. Gangel*, 1991 WL 120484, at *3 (S.D.N.Y. June 26, 1991), the court decided that full discovery was premature in light of a pending determination regarding whether to limit discovery to bellwether plaintiffs. No such limitation on the scope of discovery is under consideration here. In *Skinner v. O'Mara*, 2001 WL 821535, at *2 (D.N.H. July 18, 2001), the interrogatory was deemed premature because discovery in that case was limited to class certification issues. Again, these Plaintiffs have not sought, nor has the Court ever ordered, bifurcated discovery.

transactions is relevant. Moreover, the Bank's requests are narrowly tailored and minimally burdensome. Mot. 10. Accordingly, Plaintiffs should be required to produce all information and documents responsive to Request Nos. 18-19 and Interrogatory No. 12.

### D. Plaintiffs' Withholding of Engagement Letters, Fee Arrangements And Solicitation Letters On Privilege And Relevance Grounds Is Baseless

Information regarding fee agreements, retainer agreements, and receipt of attorneys' fees from a client is generally *not* privileged. *O'Neal v. United States*, 258 F.3d 1265, 1276 (11th Cir. 2001); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 2767664, at *1 (S.D. Fla. Aug. 31, 2009). Plaintiffs cite no case to the contrary and, instead, resort to a recitation of general principles governing attorney-client privilege with no application to the specific information sought by Bank of America. Opp'n 11-12. In any event, even if fee arrangements and retainer and solicitation letters were deemed to be privileged, Plaintiffs have waived any such privilege by failing to identify those documents on their privilege logs. Mayo Decl., ¶ 9 & Ex. I (Privilege Logs of Kristen Richards and David Brull from the *Yourke* Action and Alvin Richardson, Dawyn Palmer and Ronald Palmer from the *Tornes* Action); *see Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008).[3]

Prior to filing their Opposition, Plaintiffs' sole objection to the requested discovery was privilege. Mayo Decl., ¶ 3, Ex. E, Resp. to Req. Nos. 1-4. Perhaps because they now realize the futility of that objection, Plaintiffs belatedly attempt to add a relevance objection. Opp'n 12-13. Because Plaintiffs failed to assert a relevance objection in their written responses, however, that objection is waived. *See Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998) ("[I]nterrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause."); Local Rule 26.1(g)(3)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

Notwithstanding their newly found relevance objection, even Plaintiffs recognize that fee and retainer agreements may be relevant to class certification for several limited purposes.

---

[3] Plaintiffs claim that Bank of America did not "make a waiver argument [and t]hus, the privilege shields the communications from production." Opp'n 11. Plaintiffs are either mistaken or disingenuous. In its Motion, the Bank specifically discussed Plaintiffs' waiver of the attorney-client privilege with respect to the document requests at issue here. Mot. 6.

Opp'n 13 (citing *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 322 (N.D. Ohio 2009)). That is, fee and retainer agreements may be germane (1) "where the information contained therein is clearly relevant to potential conflicts with absent class members" or (2) "to determine whether the named plaintiffs and class counsel have the resources to pursue the class action." *Stanich*, 259 F.R.D. at 322. Not surprisingly, Plaintiffs simply declare, without support, that neither circumstance is present here. Opp'n 13 ("There are none [*i.e.*, no conflicts of interest between named Plaintiffs and class counsel].").

Bank of America is entitled to test the veracity of Plaintiffs' conclusory statement by conducting discovery to establish whether potential conflicts exist and whether Plaintiffs and class counsel are able to finance the litigation. *See El Badrawi v. Dep't of Homeland Sec.*, 258 F.R.D. 198, 202 (D. Conn. 2009) ("A party seeking discovery of relevant, nonprivileged documents need not rely on an opposing party's assurance that the documents in question do not contain the information sought. Rather, the party seeking discovery is entitled to obtain the discovery and draw its own conclusions as to the documents' usefulness."). No reason exists why these assertions of plaintiffs should be effectively off-limits to discovery.

Plaintiffs clearly have failed to meet their burden of proving that an attorney-client privilege exists as to any of the requested documents, or that the requested information is not relevant to the issues in this case. Therefore, this Court should order Plaintiffs to produce documents responsive to Request Nos. 1-4.

### E. Plaintiffs Continue To Offer Only Boilerplate Objections To Justify Their Refusal To Respond To, And Improper Limitations On The Scope Of, Various Requests

In response to the Bank's assertion that Plaintiffs have made boilerplate objections to numerous requests, Plaintiffs do nothing but make *further* boilerplate objections. Opp'n 13-15. Their objections cannot stand. As the objecting parties, Plaintiffs have not met their burden to substantiate their objections. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).

- <u>First</u>, Plaintiffs objected to Interrogatory Nos. 2-5, 8-14, 17-18, 20, and 22 on the ground that they are premature. *See* Mot. 15. Plaintiffs merely regurgitate this objection in their Opposition without elaboration and without support. Opp'n 13 ("Many of the Bank's interrogatories are, in fact, premature . . . ."). As stated *supra*, prematurity is not a valid discovery objection. Plaintiffs must respond to this discovery by setting forth the factual bases

*currently* supporting their allegations and then supplement their responses at a later date.  *See Titre v. S.W. Bach & Co.*, No. 05-80077, 2005 WL 1692508, at *1 (S.D. Fla. July 20, 2005).  After all, Plaintiffs are supposed to have had *some* basis for their allegations in the first place.

- Second, Plaintiffs objected to Interrogatory Nos. 1-5, 8, 11-14, and 17-20 on the ground that the information sought is in the Bank's possession, custody, or control.  Plaintiffs also improperly refer the Bank to the Bank's own business records in their responses.  *See* Mot. 16.  Plaintiffs' Opposition merely repeats these unsupported objections and responses. Opp'n 14.  Plaintiffs ignore the fact that they have a duty to respond based on their *current knowledge*.  *See Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008).  Likewise, Plaintiffs ignore their duty actually to specify in their responses the particular documents supposedly containing the responsive information.  *See Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*, 2007 WL 2298009, at *2 (N.D. Fla. Aug. 9, 2007).  Moreover, because these interrogatories seek information that only Plaintiffs can know (*e.g.*, which overdraft fees *they contend* are unlawful and why), *they* have to respond.  *See Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4247767, at *2 (M.D. Fla. Dec. 3, 2007).

- Third, instead of providing verified *factual* responses to Bank of America's Interrogatory Nos. 2-3, 8, 11, 20, Plaintiffs refer the Bank to the unverified *allegations* in their complaints.  *See* Mot. 17-18.  It is hornbook law that an interrogatory response must be complete in and of itself, without incorporating by reference a separate document.  *See Hawn*, 2007 WL 2298009, at *1-2.  And in what can only be a diversionary tactic, Plaintiffs cite a case in which the court found "no fault" with a party's reference to "outside documents and other interrogatory answers."  Opp'n 14 (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 33 (D.D.C. 2007).  That case is inapposite though.  There, the court found proper the party's reference to its earlier *interrogatory* answers with respect to the same or similar issues.  In contrast, Plaintiffs here have incorporated the pleadings -- which are entirely separate and unverified documents -- by reference in their responses.

- Fourth, Plaintiffs object to Interrogatory Nos. 6, 9-10, and 17-19 on the ground that the requests call for legal conclusions.  *See* Mot. 19.  To the contrary, these interrogatories do not assume legal conclusions but, instead, properly ask Plaintiffs to state the *facts* underlying their legal contentions.  *See Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 688 (S.D. Fla. 2007).  Plaintiffs cite no case supporting their refusal to respond to this legitimate

discovery. Indeed, the one case they do cite, *Kendrick v. Sullivan*, 125 F.R.D. 1, 4 (D.D.C. 1989), actually supports Bank of America. Opp'n 14. In *Kendrick*, the responding party was ordered to answer an interrogatory that involved the application of law to fact (as do the Bank's requests at issue here), but was not required to answer an interrogatory that asked only for a legal conclusion (which the Bank's requests do not seek).

- Finally, Plaintiffs object to Interrogatory Nos. 9-10 and 17, which request the identification of documents that support Plaintiffs' allegations and contentions, on the ground that the documents "speak for themselves." *See* Mot. 20. Plaintiffs have not identified *any* documents they contend support their claims, and therefore have failed even to specify *which* documents allegedly "speak for themselves." Plaintiffs also attempt to excuse their abject failure to respond by complaining that certain information that may be relevant to their responses is in the Bank's, not Plaintiffs', possession. Opp'n 14-15. Plaintiffs may well learn more information relevant to their interrogatory responses after review of Bank of America's document production, at which time they should supplement their responses with any such information as required under Rule 26. However, that does not excuse Plaintiffs from providing *now* the responsive information *currently* in their possession or control. *See Hendricks*, 2008 WL 423566, at *2.

## III.   CONCLUSION

For all of the foregoing reasons, the Court should order Plaintiffs to respond further and without objection to Bank of America's First Set of Requests for Production and First Set of Interrogatories as identified in the Bank's Notice of Motion.

DATED:  November 24, 2010                                    Respectfully submitted,

 

Laurence J. Hutt (Pro Hac Vice)
laurence.hutt@aporter.com
ARNOLD & PORTER LLP
777 S Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:  213-243-4000
Facsimile:  213-243-4199

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | )<br>)<br>) |
| MDL No. 2036 | )<br>)<br>) |
| THIS DOCUMENT RELATES TO: | )<br>) |
| *Tornes v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK | )<br>)<br>) |
| *Yourke v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-cv-02186-WHA | )<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2010, the foregoing document was transmitted to the Clerk of the Court for filing and that a copy will be served on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Laurence J. Hutt (Pro Hac Vice)
laurence.hutt@aporter.com
ARNOLD & PORTER LLP
777 S Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:  213-243-4000
Facsimile:  213-243-4199

Attorneys for Defendant
BANK OF AMERICA, N.A.