UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF WELLS FARGO BANK, N.A. TO COMPEL DISCOVERY FROM THE *GARCIA* AND *SPEARS-HAYMOND* PLAINTIFFS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this reply in support of its motion to compel discovery from plaintiffs Melanie Garcia, Anthony Scott Poulin, Treshala L. Rose, Frances Knight Triggs Pinckney, Charles and Betty Jones, Angela S. Gonzalez, Robert L. Thornton, Jr., Murlee Damor, and Celia Spears-Haymond (collectively, "plaintiffs").

## INTRODUCTION

Plaintiffs' opposition to this motion rests primarily on the unsupportable proposition that a plaintiff need not provide discovery of facts and documents in his possession relating to his claim, so long as he has provided allegations in the complaint sufficient to support the notice pleading requirements of the Federal Rules. Plaintiffs do not seriously dispute that the discovery requests at issue satisfy the relevance standard of Rule 26. Nor do they dispute that there are facts responsive to these requests that they have refused to provide. They simply do not wish to provide those facts until they have had a full opportunity to reconsider and perhaps embellish them after reviewing the bank's discovery responses. But when presented with discovery requests seeking disclosure of facts known to him about his own claims, a plaintiff must respond "to the best of [his] ability based on information [he] currently knows." *Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008).

Perhaps the most significant signal of the weakness of plaintiffs' position is their peculiar reliance on an argument – highlighted as the lead argument in their Opposition – that this motion has been brought by the wrong entity, because Wells Fargo is not (they say) the real defendant in these cases, which were brought against "Wachovia Bank, N.A." This argument misapprehends the law governing mergers of national banks, but it is ultimately beside the point.

1

The technical identity of the defendant in this case has nothing to do with the obligation of *plaintiffs* to provide full discovery concerning the facts relating to their claims.[1]

Apart from their argument about the "wrong defendant," plaintiffs' arguments in response to this motion mirror those made by the plaintiffs in response to a parallel motion filed by Wells Fargo in *Martinez v. Wells Fargo Bank, N.A.*, S.D. Fla. Case No. 1:09-cv-234834, D.N.M. Case No. 6:09-cv-01072-GBW-ACT and *Dolores Gutierrez v. Wells Fargo Bank, N.A.*, S.D. Fla. Case No. 1:09-cv-23685, D. Or. Case No. 3:09-cv-01239-ST.  To avoid burdening the Court with repetition, Wells Fargo will incorporate herein the pertinent portions of its reply in the *Martinez/Gutierrez* action rather than repeating those arguments in full here.  The Court may therefore wish to begin with the *Martinez/Gutierrez* reply before considering this one.

## ARGUMENT

### I.     Wells Fargo Properly Filed This Motion.

Plaintiffs' insistence that Wells Fargo should have brought this motion to compel in the name of Wachovia Bank, N.A. ("Wachovia"), an entity that no longer exists, has absolutely no bearing on whether plaintiffs have fully and properly responded to the bank's discovery requests.  The question of who the proper defendant is could theoretically have bearing on the *defendant's* response to discovery (although to date it has had no such impact, as Wells Fargo has stepped up forthrightly to take responsibility for these actions and the discovery obligations attendant to them), but it has no conceivable significance to *plaintiffs'* discovery

---

[1]     Plaintiffs have now represented that as to the document requests to which they did not object, they have now produced all relevant documents in their possession.  Opp. at 5.  Wells Fargo naturally reserves the right to revisit this issue with the Court if this representation is revealed to be inaccurate.

obligations. Indeed, plaintiffs do not actually contend that it does. Plaintiffs' attempt to distract the Court from the genuine disputes raised in this motion to compel should be rejected.

In any event, plaintiffs misapprehend the law that applies here. Wachovia was not a North Carolina corporation; it was (as the complaints in these cases expressly allege) a national bank, chartered by the federal government under the National Bank Act. *Garcia* SAC ¶ 21; *Spears-Haymond* TAC ¶ 14; *see Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 8 (2007) ("Wachovia Bank is a national banking association chartered by OCC."). Wells Fargo is also a national bank. And under the National Bank Act, upon the merger of two national banks, "[t]he corporate existence of each of the merging … banking associations … shall be merged into and continued in the receiving association and such receiving association shall be deemed to be the same corporation as each … banking association participating in the merger." 12 U.S.C. § 215a(e). The receiving association becomes "liable for all liabilities of the association … being merged into the receiving association." *See id.* § 215a(a)(4). Thus, upon the merger of Wells Fargo and Wachovia in January 2009, Wells Fargo "became" Wachovia for the purpose of this litigation. The cases cited by plaintiffs are inapposite, as they involve the liquidation or dissolution of an entity (not its merger into another entity), and/or involve state corporations law (which does not apply to national banks).[2] Because Wachovia has merged into Wells Fargo and no longer exists as a separate entity, it was proper for Wells Fargo to file this motion to compel.

---

2  *See Nat'l Bank v. Ins. Co.*, 104 U.S. 54, 76 (1881) (a bank continues its corporate existence for purposes of liquidation); *Sisk v. Old Hickory Motor Freight*, 24 S.E.2d 488, 489-90 (N.C. 1943) (interpreting repealed version of North Carolina statute involving liquidation of corporations); *Farmers' Nat'l Bank of Owatonna v. Backus*, 77 N.W. 142, 143 (Minn. 1898) (national bank continues to exist for purposes of being sued after liquidation or expiration of its charter).

This issue is in any event a complete red herring. Whether the party bringing this motion is called "Wachovia" or "Wells Fargo," plaintiffs themselves are surely not confused about where they will be looking for recovery should they prevail in these cases. And whatever the defendant in these cases is called, it is entitled to discovery from plaintiffs.[3]

## II. Plaintiffs Cannot Justify Their Refusal to Provide the Materials Wells Fargo Seeks and Should Be Compelled to Respond to the Discovery Requests at Issue.

### A. Plaintiffs Should Be Compelled to Provide Whatever Information They Have About the Representations and Omissions They Contend Are Misleading.

Plaintiffs provided *no* substantive response to Interrogatory Nos. 9-11 (Appendix A to Motion to Compel ("Appendix A") at 4-5), which seek information about the advertisements, statements, and disclosures they contend are misleading. Like the *Martinez/Gutierrez* plaintiffs, plaintiffs here do not contest the relevance of this information, but rather argue that they cannot, and need not, identify specific statements that each of them, as a matter of personal experience, actually saw and relied on or to describe material information that the bank failed to disclose to them. Opp. at 6-8. For the reasons given in Section I of the *Martinez/Gutierrez* reply, each plaintiff has a clear obligation to provide this fundamental factual information, even if the only accurate answer some can give is that they cannot remember a single such representation that personally affected them.

### B. Plaintiffs Should Be Compelled to Provide Any Information They Have About Their Own Attempts to Check Their Account Balances.

Like the *Martinez/Gutierrez* plaintiffs, plaintiffs here do not dispute that Interrogatory No. 4 (Appendix A at 2) seeks relevant information about their efforts to ascertain

---

[3] Wells Fargo is in the process of discussing with plaintiffs' counsel whether any formal actions, such as a substitution of parties, is needed in these cases. It sees no reason why that issue should not be susceptible of amicable resolution.

their account balances. Plaintiffs here also complain that they cannot be expected to remember any specific instances when they checked their own account balances or received allegedly inaccurate balance information, and they speculate that Wells Fargo's own records will provide the information the bank seeks. Opp. at 8. As set forth in Section III of the *Martinez/Gutierrez* reply, Wells Fargo's records are no substitute for these individual plaintiffs' personal knowledge of the facts – including, where applicable, confirmation that a given plaintiff cannot in fact remember a single instance in which he or she checked or received inaccurate information about an account balance.

      **C.**      **Plaintiffs Should Be Required to Produce Concededly Relevant Information About the Challenged Overdraft Fees.**

Like the *Martinez/Gutierrez* plaintiffs, plaintiffs here have not identified any specific overdraft fees they challenge, except those fees identified in their complaints, in their response to Interrogatory Nos. 2 and 3 (Appendix A at 1-2). For the same reasons given in Section IV of the *Martinez/Gutierrez* reply, plaintiffs should be required to amend their responses either to provide full responsive information or to confirm, through verified responses, that they in fact possess no further information.

      **D.**      **Plaintiffs Should Be Required to Provide Information Now in Their Possession About Their Alleged Injuries.**

Plaintiffs misapprehend Wells Fargo's request for information about the damages they allege, which is set forth in Interrogatory No. 12 (Appendix A at 6). Like the *Martinez/Gutierrez* plaintiffs, plaintiffs here assert in their Opposition that the only damages they incurred were the amount of each overdraft fee they contend was wrongfully assessed, and that the only such fees they are aware of are those identified in the complaints. Opp. at 11-12. But this information is nowhere to be found in any plaintiff's response to this interrogatory. *See* Henn Dec. Exs. C at 13-14, D at 13-14. For the reasons set forth in Section V of the

*Martinez/Gutierrez* reply, plaintiffs should be required to amend their responses appropriately to provide full verified answers with all responsive information they now possess.

> **E.    Plaintiffs Should Be Compelled to Identify the Concededly Relevant Facts They Currently Have to Support Their Contention That Wells Fargo Is Required to Use a Different Posting Order.**

Plaintiffs have also failed to provide any substantive response to Interrogatory No. 6 (Appendix A at 3), which requests the facts underlying their contention that Wells Fargo was obligated to use a different posting order. In their Opposition (at 12), plaintiffs argue that the complaints sufficiently set forth these facts, but neither allegations in a complaint nor statements by counsel in a brief can substitute for verified answers to interrogatories. *See Equal Rights Center v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007); *see also Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980). Each plaintiff's response to this interrogatory consists entirely of objections. If not a single plaintiff has any other facts to provide beyond those contained in the complaints, they should at least be required to amend their responses to so state.

Plaintiffs also argue that they are not required to identify an alternative posting method, because "[a]ny explanations beyond those stated in the complaints call for legal conclusions and are therefore inappropriate." Opp. at 12. Again, counsel's statements in a brief cannot substitute for verified responses to interrogatories. Moreover, Wells Fargo is entitled to discover all the facts, whether alleged in the complaints or not, that plaintiffs *currently* have to support their contention. *See Titre v. S.W. Bach & Co.*, 2005 WL 1692508, at *1 (S.D. Fla. July 20, 2005) (granting motion to compel where party should have responded to contention interrogatory to the extent of its current knowledge and supplemented its response as needed, instead of "simply refusing to provide a substantive answer").

The cases plaintiffs cite are distinguishable. *Holmgren v. State Farm Mut. Auto Ins. Co.* held that a claims adjuster's memoranda containing valuations of the plaintiff's claims

6

were work product. 976 F.2d 573, 576 (9th Cir. 1992). The information sought here, in contrast, is not work product; it is rather basic factual information. In *Storie v. United States*, 142 F.R.D. 317, 319 (E.D. Mo. 1991), the court denied a motion to compel where the contention interrogatory at issue had fourteen subparts, finding that "requiring an answer [could] delve into trial strategies of counsel and [could] also be burdensome because of the level of detail sought." Wells Fargo's interrogatory asks for no such level of detail, but merely asks plaintiffs to identify the facts that support their basic claim that the bank should have used another posting order. Plaintiffs should be compelled to provide any and all such facts they currently have.

### F. Plaintiffs Have No Valid Objection to Providing Information and Documents Related to Accounts Maintained at Other Banks.

Plaintiffs refuse to produce any information or documents in response to Interrogatory Nos. 7 and 8 (Appendix A at 3-4) and Document Request Nos. 21-27 (Appendix A at 6-8), which seek materials related to any accounts plaintiffs have held at other banks. Like the *Martinez/Gutierrez* plaintiffs, plaintiffs here contend that information about other accounts is not relevant and cannot be disclosed because it is confidential. Opp. at 13-15. As set forth in Section VI of the *Martinez/Gutierrez* reply, information and documents related to other accounts are of clear relevance, and the existing protective order will safeguard their confidentiality.

## CONCLUSION

Wells Fargo's motion to compel discovery from plaintiffs in the above-captioned actions should be granted in full.

DATED: November 24, 2010                    COVINGTON & BURLING LLP

                                            By:      /s/
                                                Sonya D. Winner (*pro hac vice*)
                                                (swinner@cov.com)

7

        David M. Jolley (*pro hac vice*)
(djolley@cov.com)
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
333 Twin Dolphin Drive, Ste 700
Redwood Shores, CA, 94065
Telephone: (650) 632-7400
Facsimile: (650) 632-4800

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2010, I served the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091