IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036<br><br>FIRST TRANCHE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Lopez v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK<br><br>*Luquetta v. J.P. Morgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPLY IN SUPPORT OF
MOTION OF JPMORGAN CHASE BANK, N.A. TO COMPEL
PLAINTIFFS ESTELLA LOPEZ, LINDA MCDANIEL,
CHARLES REED, JR., JOHN STONE, AND ANDREA LUQUETTA
<u>TO PRODUCE DOCUMENTS AND TO ANSWER INTERROGATORIES</u>

## TABLE OF CONTENTS

**INTRODUCTION** ........................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 1

I. **Plaintiffs Fail To Show Why They Should Not Be Compelled To Answer Chase's Interrogatories** ............................................................................................. 1

   A. Plaintiffs Should Be Compelled To Identify Each Allegedly Improper Fee, And The Basis For Asserting That Such Fee Was Improper .................................................. 1

   B. Plaintiffs Should Be Compelled To Identify Documents Upon Which They Rely As A Basis For Their Claims .................................................................................. 5

II. **Plaintiffs Fail To Show Why They Should Not Be Compelled To Produce Requested Documents** ............................................................................................... 7

   A. Plaintiffs' Alternative Accounts And Credit Sources And Communications About Such Accounts And Sources Are Plainly Discoverable, And Plaintiffs Pointedly Cite No Law Holding Or Suggesting Otherwise .................................................. 7

   B. Engagement Letters And Cost-Sharing And Other Agreements Concerning The Prosecution Of The Litigation Are Not Privileged and Are Discoverable .................... 8

   C. Complaints In Prior Litigation And Other Proceedings Are Directly Relevant To Plaintiffs' Fitness To Serve As Class Representatives .............................................. 9

**CONCLUSION** ....................................................................................................................... 10

# INTRODUCTION

Plaintiffs have the burden of justifying their refusal to provide information in discovery about the transactions and claims at issue in this case. *See, e.g.*, *EchoStar Satellite v. Viewtech, Inc.*, No. 10-60069-MC, 2010 WL 2822109, at *2 (S.D. Fla. July 16, 2010) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)). For all of their overheated rhetoric—beginning on the very first page of Plaintiffs' opposition and repeated at every turn when they want to avoid responding to the substance of Chase's discovery requests—Plaintiffs have not borne their burden of showing why the requested discovery is unnecessary. Quite the contrary, on virtually every page of their opposition brief, Plaintiffs themselves identify disputed facts, declare that their assertions of fact are true, and on this basis leap to the conclusion that Chase's discovery requests are therefore irrelevant and calculated to harass. But this is not a motion to dismiss—rather, it is a motion to compel discovery—and, as this Court put it, "if there is any question about the facts . . . these are matters to be developed through discovery." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1317 (S.D. Fla. 2010). Plaintiffs' disputation only demonstrates that the discovery is necessary.

# ARGUMENT

I.  **Plaintiffs Fail To Show Why They Should Not Be Compelled To Answer Chase's Interrogatories**

    A.  **Plaintiffs Should Be Compelled To Identify Each Allegedly Improper Fee, And The Basis For Asserting That Such Fee Was Improper**

Chase is entitled to discover what Plaintiffs claim to be their actionable injuries, and Plaintiffs' asserted bases for claiming them. The complaints allege that Plaintiffs "were charged overdraft fees by the Bank as a result of its practices of re-sequencing debit card transactions from highest to lowest." *Luquetta* Compl. ¶ 26; *Lopez* Compl. ¶ 27. Plaintiffs have also asserted that the bank engaged in *other* practices that caused injury. *See* Transcript of Oral Argument, Feb. 25, 2010, at 93:17-19 (Mr. Rogow, counsel for Plaintiffs: ". . . this is all not just about

- 1 -

high-to-low. This is about a whole series of actions that the banks do."). Accordingly, Chase asked Plaintiffs to identify alleged improper overdraft fees that resulted from re-sequencing debit card transactions from highest to lowest (Interrogatory No. 2); to identify alleged improper overdraft fees that resulted for some reason *other than* re-sequencing debit card transactions from highest to lowest (Interrogatory No. 3); and to state how Chase should have posted the transactions under the deposit agreement (Interrogatory No. 5).

Plaintiffs refused to respond, without justification.

The facts of Andrea Luquetta's case most dramatically show that she has taken different and irreconcilable positions as to what Chase supposedly failed to do and underscore the importance of this discovery. For example, in her Second Amended Complaint on behalf of the putative class [MDL Dkt. No. 348], Ms. Luquetta first alleges that Chase "reorders debits from highest to lowest each business day." *Luquetta* Compl. ¶ 49. But the Complaint also affirmatively states that Chase did *not* post debit card items to *her* account in order from highest to lowest. *See id.* ¶ 83. For August 17, 2009, the single date on which the Complaint provides transaction detail, it lists all of the debit card transactions posted that day in the order that "Chase processed them"—*which was not high to low*: $28.52; then $107.50; then $87.46; then $32.92; then $100.00; then $10.92; then $90.00.[1] Which is Ms. Luquetta's *true* claim?

To like effect, in her previous assertions of what *she claims Chase should have done*, Ms. Luquetta has also taken inconsistent positions. In her threat-to-sue letter to Chase dated August 19, 2009, Ms. Luquetta asserted that that the debit card transactions posted to her account on August 17, 2009, should have been posted in this order:

---

[1] She makes a similar admission in her opposition brief, when she concedes, with respect to debits posted on December 31, 2008, that "were the transactions to be ordered from highest to lowest in total, there would have been *three* overdrafts, not just two." Plaintiffs' Brief in Opposition to JPMorgan Chase Bank N.A.'s Motion to Compel Discovery ("Opposition Br.") at 6 (emphasis in original). [MDL Dkt. No. 945.]

>    $10.92
>
>    $28.52
>
>    $32.92
>
>    $87.46
>
>    $90.00
>
>    $100.00
>
>    $107.50

Declaration of David S. Lesser in Further Support of Chase's Motion to Compel, Exhibit 1.[2]

But in her Second Amended Complaint, Ms. Luquetta asserted that the debit card transactions posted on August 17, 2009, "should have" been posted in this *entirely different* order:

>    $90.00
>
>    $10.92
>
>    $100.00
>
>    $87.46
>
>    $107.50
>
>    $32.92
>
>    $28.52.

*Luquetta* Compl. ¶ 84.

Which is her *true* claim? Ms. Luquetta is taking directly contradictory positions. Moreover, her brief in opposition to discovery simultaneously asserts both (a) that she is

---

[2]   Ms. Luquetta's brief cites and quotes this letter (Opposition Br. at 4-5), which refers to a "balance sheet" that identifies what she claimed were "the wrongly charged overdraft fees since December 2008"—but she withholds that "balance sheet" from the record. To complete the record, Chase is filing a copy simultaneously with this brief.

unwilling to say what her position is, *see* Opposition Br. at 6-7, and (b) "Of course, the current complaint governs," *id.* at 5.

Chase is seeking, through discovery, to find out what Ms. Luquetta's true claim is. That is what discovery is for, and she should be required to answer. Perhaps at trial Ms. Luquetta will be able to convince the trier of fact that, despite the contradictions, she is asserting a coherent claim for recovery—which appears to be the gist of her hard-to-follow argument at pages 4-7 of her brief. But this is the discovery stage, not trial. In discovery, a party is not entitled to say "This is my story now, just believe it." Instead, the party is required to respond to document requests and interrogatories, even if the party would rather conceal information, or stall, or refuse to answer. Chase is entitled in discovery to require Ms. Luquetta to provide verified answers to legitimate questions such as what transactions are the basis of her claim for recovery in this case, and what is she claiming Chase has done wrong. *See, e.g.*, *Titre v. S.W. Bach & Co.*, No. 05-80077-Civ, 2005 WL 1692508, at *3 (S.D. Fla. July, 20 2005) (parties entitled to discover basis of claims or defenses of adverse party).

Ms. Luquetta is also contending in her brief that it is impossible for her to provide the requested information at this time—but the fact is that Ms. Luquetta has *already provided* the information to Chase, though in unsworn form, and in conflicting versions. What Chase is now seeking—as the discovery process entitles it to do—is to require Ms. Luquetta to state which of her prior positions is the actual claim she is presently asserting in this lawsuit. If it is the position she asserted in her threat-to-sue letter, she can answer Interrogatory Nos. 2 and 3 by serving on Chase a table like the one that she attached to that letter. If she is now disavowing the letter and adhering instead to the assertions in her complaint, she can submit a different table. Or if she now has yet another position, she can say *that*. But in either event, Chase is entitled to know what Ms. Luquetta's claim is, and to have it in a verified response directed to the appropriate interrogatories. *See, e.g.*, *Hendricks v. Mirabilis Ventures, Inc.*, No. 8:07-CV-661-T-17EAJ,

- 4 -

2008 WL 423566, at *1 n.1 (M.D. Fla. Feb. 13, 2008) ("response that answers an interrogatory by reference to an extrinsic matter is ordinarily insufficient"); *Cherenfant v. Nationwide Credit, Inc.*, No. 03-60655-CIV, 2004 WL 5315889, at *1 (S.D. Fla. May 12, 2004) (same).

The other plaintiffs can do just the same. Moreover, in light of the fact that Plaintiffs have already demonstrated that they can answer these Interrogatories, their objection that the Interrogatories are "premature" (Opposition Br. at 17-19) is manifestly without merit. They cite no cases from this Circuit in support of their "prematurity" objections. On the contrary, the law of this Circuit is clearly contrary to their position: Plaintiffs should have responded to Interrogatory Nos. 2, 3, and 5 by identifying, *inter alia*, such allegedly improper overdraft fees as they are able to identify, "rather than simply refusing to provide a substantive answer to the Interrogator[ies]." *Titre v. S.W. Bach & Co.*, 2005 WL 1692508, at *1; *see also Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566, at *2 (same). Plaintiffs' claimed inability to answer *completely* does not discharge their obligation to answer *to the best of their present ability*, within the time specified in the Federal Rules and the orders of this Court, and seasonably to supplement their answers thereafter in accordance with Rule 26(e).[3]

### B. Plaintiffs Should Be Compelled To Identify Documents Upon Which They Rely As A Basis For Their Claims

Plaintiffs' principal claim in this case is that Chase violated the implied covenant of good faith and fair dealing. Accordingly, the contractual expectations of the parties under the deposit agreement are key considerations, as this Court has stated. *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1315 (referencing "objectively reasonable contractual expectations of the parties" (internal quotation marks omitted)).

---

[3] In fact, similar to Interrogatory Nos. 2 and 3 to which Plaintiffs object, the "Standard Form Interrogatories" attached as Appendix B to the Local Rules of this Court ask the plaintiff to "state each item of damage that you claim" and to "identify each document . . . pertaining to each item of damages." Local Rules, Appendix B, at 116-117 (as amended Apr. 15, 2009).

Accordingly, Chase has asked Plaintiffs to identify each document or communication by Chase that formed the basis for their understandings and/or expectations regarding Chase's posting practices (Interrogatory Nos. 6, 9, and 12). These facts are especially important because, as Plaintiffs conceded in their complaints, Chase's deposit agreements (unlike those of other banks) explicitly disclosed that Chase "will" post debit card transactions in high-to-low order.

Plaintiffs, however, have refused to identify *any* documents or communications with Chase that they contend formed the basis for their understandings and expectations. They advance no legitimate ground for their refusal. What Chase is seeking here is straightforward. If there were documents that Plaintiffs relied on, they should say what the documents were. If they did not rely on any documents, they should say that. Plaintiffs are capable of responding; they are just trying to avoid their obligation.

Plaintiffs insinuate that some relied-upon documents may exist only in Chase's hands, not theirs. *See* Opposition Br. at 19. But the fact is that the Plaintiffs have produced their account agreements and other documents in their document productions—so they do, in fact have possession of them. There is no justification for Plaintiffs' refusing to state whether they relied on these documents in forming the very "expectations" that this Court has said are at the core of their claims.

Plaintiffs were able to assert this kind of information in their unsworn complaints—*see Luquetta* Compl. ¶ 57 (alleging that deposit agreement was "deceptive" with respect to posting order); *id.* ¶ 75(f) (alleging that deposit agreements was "deceptive, unfair, and misleading in that it does not unambiguously state that the Bank always reorders debits from high to low over separate days")—so there is no reason they are suddenly incapable when it comes to verified discovery answers. And if Plaintiffs now have a different story than they had when they filed their complaints, Chase is entitled to know it. Moreover, to the extent that Plaintiffs claim that they actually relied on *other* documents or communications, not currently in their possession,

- 6 -

they can answer the interrogatories by describing the documents or communications they claim to have relied on—as parties do all the time in real life and in litigation discovery.

## II. Plaintiffs Fail To Show Why They Should Not Be Compelled To Produce Requested Documents

### A. Plaintiffs' Alternative Accounts And Credit Sources And Communications About Such Accounts And Sources Are Plainly Discoverable, And Plaintiffs Pointedly Cite No Law Holding Or Suggesting Otherwise

Plaintiffs object that Chase's Document Request Nos. 5, 6, 8, 9, 15, 16-19, 22, and 27, which seek documents concerning Plaintiffs' other deposit accounts and lines of credit and communications with third parties about such accounts and credit lines, are irrelevant, overly broad, und unduly burdensome. *See* Opposition Br. at 7-11. They advance nothing to suggest that producing the requested documents would involve any significant burden. All they would need to do is look through their financial records; filing a lawsuit in Federal court imposes the duty on a litigant to provide relevant information of this sort. None of the cases cited by Plaintiffs remotely supports their position on burden. On the contrary, the cases require them to submit an affidavit or other "specific information demonstrating how the request creates an undue burden," *Benfatto v. Wachovia Bank, N.A.*, No. 08-60646, 2008 WL 4938418 (S.D. Fla. Nov. 19, 2008)—and they have not.

Plaintiffs also fail to show that the requested documents are not relevant or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiffs cite no cases that so hold. In fact, documents relating to other deposit accounts, credit lines, and communications about such alternate sources (Document Request Nos. 5, 6, 8, 9, 15, 16-19, 22, and 27) are well calculated to demonstrate that one or more Plaintiffs had (a) experience with terms comparable to those applicable to their Chase deposit accounts, and (b) access to funds that could have been used to mitigate damages. Based on these and other documents, Chase expects to be able to show that Plaintiffs knew or should have known that their deposit agreements

permitted Chase to post items in high-to-low order; that they acquiesced or consented to Chase's posting order, *e.g.*, through course of dealing or other manifestations of assent; or that Plaintiffs could have mitigated their alleged damages by using alternative funds or lines of credit in place of their Chase-issued debit card.  *See* Chase's Motion to Compel at 6-7 [MDL Dkt. No. 930.]

Plaintiffs' *brief* asserts that "[P]laintiffs could not have mitigated the damages even if they had wanted to."  Opposition Br. at 8.  But Chase is not required to accept that assertion as indisputable truth just because it is said in a brief.  Rather, Chase is entitled to discover the actual underlying facts of the matter, with respect to each of the individual plaintiffs.  As Plaintiffs' own brief asserts, in the *Gutierrez* case the trial court found, after a bench trial, "as a matter of fact," that these defenses were not established on the evidence presented in that particular case.  *See id*.  Precisely because these defenses are relevant, triable "matter[s] of fact," Chase is entitled to discovery of the pertinent facts.[4]

### B. Engagement Letters And Cost-Sharing And Other Agreements Concerning The Prosecution Of The Litigation Are Not Privileged and Are Discoverable

Plaintiffs' sole objection to Chase's Document Request Nos. 28-31, which seek engagement agreements, fee agreements, and documents received by Plaintiffs seeking their participation in this action, is that the requested documents are protected by attorney-client privilege.  Contrary to Plaintiffs' objection, these documents are *not* generally privileged, as case law from this Circuit makes clear, *see In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 2767664, at *1 (S.D. Fla.

---

[4] Plaintiffs' objection to communications with accountants based on privilege is limited, at best, to communications with a "certified public accountant or public accountant" for the express purpose of obtaining accounting advice.  Fla. Stat. Ann. § 90.5055; O.C.G.A. § 43-3-32.  The asserted privilege does not protect communications with any *other* third party—which Chase has sought (Document Request No. 27)—or even communications with accountants not relating to accounting advice.  Moreover, Plaintiffs do not argue that any such privilege would extend to the three Plaintiffs who do not live in Georgia or Florida.

- 8 -

Aug. 31, 2009),[5] and any legitimately privileged information may be redacted and identified on a privilege log, *see Finol v. Finol*, 869 So.2d 666 (Fla. App. Ct. 4th Dist. 2004) (noting that privileged information "should be redacted," and dismissing petition for review of "order allowing discovery of . . . fee retainer agreements and billing and payment records").

        **C.**        **Complaints In Prior Litigation And Other Proceedings Are Directly Relevant To Plaintiffs' Fitness To Serve As Class Representatives**

Documents filed in any prior litigation or proceeding in which Plaintiffs participated as plaintiff, petitioner, or claimant (Document Request No. 35) are reasonably calculated to adduce evidence concerning whether, because of a conflict of interest or a history of misconduct in litigation, Plaintiffs can adequately represent the class. *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003) ("The requirement for a stringent examination of the adequacy of the class representative is especially great when, as in this case, the attorney's fees will 'far exceed' the class representative's recovery." (internal brackets omitted)). Plaintiffs' privacy interests are not implicated by this discovery—the documents are presumably public, and if not, they may seek protection from disclosure pursuant to this Court's protective order. At the very least, Plaintiffs should "identify by case caption and citation all litigation to which they were parties." *Bellosa v. Universal Tile Restoration, Inc.*, No. 08-60054-Civ, 2008 WL 2620735, at

---

[5]     Plaintiffs' accusation that Chase violated its duty of candor when it cited Eleventh Circuit precedent on this point and did not cite two non-binding cases from Connecticut and New Jersey, *see* Opposition Br. at 12-13, is as unfounded as it is irresponsible. In any event, neither *In re Front Loading Washing Mach. Class Action Litig.*, 2010 WL 3025141 (D.N.J. 2010), nor *Piazza v. First American Title Ins. Co.*, 2007 WL 4287469 (D. Conn. 2007), held that the documents sought were *privileged*, which was the *only* basis for Plaintiffs' objection. Plaintiffs' relevance arguments are waived. *See* Local Rule 26.1(g)(3)(A).

*6 (S.D. Fla. June 30, 2008).[6]  And the suggestion that this discovery may be burdensome is, once again, unsupported by any sworn factual demonstration, as the law requires.

## CONCLUSION

Chase's motion to compel [MDL Dkt. No. 930] should be granted.

---

[6] Plaintiffs' citation to a handful of decades-old cases from "throughout the country"—but to no case from this Circuit (Opposition Br. at 15-17)—does not meet their burden to establish that complaints from other proceedings in which they were a plaintiff, petitioner, or claimant are irrelevant.  For example, in Plaintiffs' lead case, *Robin v. Doctors Officenters Corp.*, No. 84 C10798, 1986 U.S. Dist. Lexis 24125 (N.D. Ill. June 16, 1986), defendants sought the complete caption for any action in which plaintiff was a plaintiff *or defendant*.  Chase has not (and therefore *has* excluded traffic violations and other infractions from the scope of its request, contrary to Plaintiffs' assertion (Opposition Br. at 15)).  In any event, Plaintiffs cite no case for the proposition that a conflict of interest—which these documents may reveal—is irrelevant to their adequacy to serve as class representative.

Dated:  November 29, 2010

        Respectfully submitted,

        WILMER CUTLER PICKERING
          HALE AND DORR LLP

        /s/ Christopher R. Lipsett
        Christopher R. Lipsett
        (chris.lipsett@wilmerhale.com)
        David S. Lesser
        (david.lesser@wilmerhale.com)
        Alan E. Schoenfeld
        (alan.schoenfeld@wilmerhale.com)
        399 Park Avenue
        New York, New York  10022
        Tel: (212) 230-8851
        Fax: (212) 230-8888

        A. Stephen Hut, Jr.
        (stephen.hut@wilmerhale.com)
        1875 Pennsylvania Avenue NW
        Washington, DC  20006
        Tel: (202) 663-6000
        Fax: (202) 663-6363

        HOMER BONNER, P.A.

        Peter W. Homer
        (phomer@homerbonner.com)
        Gregory J. Trask
        (gtrask@homerbonner.com)
        1411 Brickell Avenue, Suite 1200
        Miami, Florida 33131
        Tel: (305) 350-5139
        Fax: (305) 372-2738

        *Attorneys for defendant JPMorgan Chase Bank, N.A.*