FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 3 2010

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
darrellscott@mac.com
Matthew J. Zuchetto
matthewzuchetto@mac.com
926 West Sprague Avenue, Suite 680
Spokane, WA 99201
Ph: (509) 455-3966

TERRELL MARSHALL & DAUDT PLLC
Beth E. Terrell
bterrell@tmdlegal.com
Toby J. Marshall
tmarshall@tmdlegal.com
3600 Fremont Avenue N.
Seattle, WA 98103
Ph: (206) 816-6603

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORI BROWN and MITCHELL BROWN, individually and on behalf of themselves and all others similarly situated, ) ) ) | NO. **CV-10-356-RMP** |
| Plaintiffs, ) ) | <u>CLASS ACTION</u> |
| v. ) ) | **CLASS ACTION** |
| U.S. BANK, N.A., ) ) | **COMPLAINT AND JURY** |
| Defendant. ) ) ) | **DEMAND** |

CLASS ACTION COMPLAINT AND JURY
DEMAND: 1

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Plaintiffs Lori Brown and Mitchell Brown ("Plaintiffs"), on behalf of themselves and all similarly situated residents of Washington State, allege as follows.

## I. **INTRODUCTION**

1.      This is a civil action seeking monetary damages, restitution, and injunctive relief from Defendant U.S. Bank, N.A. ("U.S. Bank"), stemming from U.S. Bank's unfair, deceptive and unconscionable assessment and collection of excessive overdraft fees from Washington consumers.

2.      In recent years, consumer usage of electronic banking and debit cards has increased considerably.  Many banks, including U.S. Bank, have chosen to allow customers to overdraft their debit accounts—that is, to engage in transactions that result in the withdrawal of more funds than are present in the account.  When this has happened, the banks have charged one or more overdraft fees to the customer.

3.      Overdraft fees make up nearly three-quarters of the total service charges that banks impose on deposit accounts in the United States, according to the 2008 Federal Deposit Insurance Corporation ("FDIC") investigation.  The

CLASS ACTION COMPLAINT AND JURY
DEMAND: 2

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

FDIC's investigation revealed that overdraft fees for debit cards can effectively result in an annual interest rate of more than 3,500 percent.

4.      Overdraft fees are a major source of profits for banks. In 2007, banks collected more than $17 billion in overdraft fees. In 2008, the number grew to $24 billion. In 2009, the number again increased to nearly $39 billion.

5.      Until recently, most banks—including U.S. Bank—automatically enrolled customers in automated overdraft programs. According to the 2008 FDIC investigation, 81 percent of banks operating automated programs allowed overdrafts to take place at automated teller machines (ATMs) as well as point-of-sale/debit transactions. Most banks, however, only informed customers that there were insufficient funds <u>after</u> the transaction had been completed and fees assessed.

6.      Instead of declining debit transactions when insufficient funds existed or warning customers that they would incur an overdraft fee if they proceed, U.S. Bank has routinely processed such transactions. As a result, thousands of Washington consumers have been charged overdraft fees ranging up to $37.50 per transaction, even when the transaction was only for a few dollars.

7.      Furthermore, U.S. Bank has followed a practice of resequencing transactions in such a way—from highest to lowest instead of the order in which the charges were actually made—that the customer's account becomes overdrafted

CLASS ACTION COMPLAINT AND JURY
DEMAND: 3

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

more quickly and frequently.  Thus, U.S. Bank has maximized overdraft penalties

at the expense of Washington consumers through the manipulation of transaction

records.  Indeed, because of U.S. Bank's resequencing of debit transactions for

processing, customers have incurred overdraft fees despite having sufficient funds

in their accounts at the time the transactions were made.

8.     This automatic, fee-based scheme was intentionally designed to create

massive revenues for U.S. Bank.  As part of its inequitable motive to generate large

profits, U.S. Bank either refused to allow their customers to opt out of overdraft

protection or failed to adequately disclose to customers that they could do so.

9.     U.S. Bank's egregious and predatory banking practices have

negatively impacted Washington consumers, especially those who lack economic

resources and often maintain low balances.  Imposing multiple service charges on

an account with a low or negative balance decreases the likelihood the balance will

become positive—resulting in yet more fees.  Moebs Services, a research company

that has conducted studies for the government as well as banks, estimates that 90

percent of overdraft fees are paid by the poorest 10 percent of banking customers.

## II. <u>PARTIES</u>

10.     <u>Plaintiffs Lori and Mitchell Brown</u>:  Plaintiffs Lori Brown and

Mitchell Brown (the "Browns") are mother and son, domiciled in the state of

CLASS ACTION COMPLAINT AND JURY
DEMAND: 4

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Washington, and residents of Lincoln County. Plaintiffs are typical of other U.S. Bank customers in Washington who incurred overdraft fees on debit card transactions as a result of U.S. Bank's practice of resequencing transactions from highest to lowest.

11.     <u>Defendant U.S. Bank, N.A.</u>: Defendant U.S. Bank, N.A. ("U.S. Bank") is a United States bank with its headquarters in Cincinnati, Ohio. U.S. Bank does business throughout the United States, including Washington. U.S. Bank is in the retail banking business and has thousands or tens of thousands of customers in Washington, including Plaintiffs and members of the proposed Class. U.S. Bank issues debit cards for use by customers to access funds in their checking accounts.

### III. <u>JURISDICTION AND VENUE</u>

12.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2). Based on information and belief, the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and is a class action composed of more than 100 members and in which at least one member of the Class is a citizen of a state different from that of the Defendant.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 5

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

13. Defendant has engaged in conduct in violation of chapter 19.86 RCW, which conduct has had an impact in Washington, giving rise to personal jurisdiction pursuant to RCW 19.86.160.

14. Venue is proper pursuant to 28 USC § 1391(b)(2) in that the events that gave rise to claims occurred in substantial part in this federal district.

## IV. CLASS ALLEGATIONS

15. Plaintiffs bring this action on behalf of themselves and all other similarly situated Washington residents pursuant to Fed. R. Civ. P. 23.

16. The proposed class (the "Class") is defined as follows: All U.S. Bank customers in Washington State from October 13, 2006 through the date of final judgment who incurred overdraft fees on debit card transactions as a result of U.S. Bank's practice of resequencing transactions from highest to lowest.

17. Excluded from the Class are U.S. Bank, its parents, subsidiaries, affiliates, officers and directors, any entity in which U.S. Bank has a controlling interest, all customers who make a timely decision to be excluded, governmental entities and all judges assigned to hear any aspect of this litigation as well as their immediate family members.

18. Members of the proposed Class are so numerous that joinder is impracticable. On information and belief, Class members number in the

CLASS ACTION COMPLAINT AND JURY
DEMAND: 6

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

thousands. The identity of Class members can by ascertained through U.S. Bank's records.

19. There are numerous questions of law and fact common to the Class, including those delineated below.

20. The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the Class. Plaintiffs, like all Class members, were charged overdraft fees by U.S. Bank as a result of the bank's practice of resequencing debit card transactions from highest to lowest. Plaintiffs, like all Class members, have been damaged by U.S. Bank's unfair and deceptive misconduct because they incurred unfair and unconscionable overdraft charges. U.S. Bank's unfair and unconscionable conduct is common to all Class members and injured all Class members. Plaintiffs and Class members' claims arise from the same or substantially similar unconscionable provisions of U.S. Bank's overdraft practices and procedures, account agreements and other related documents. Plaintiffs have suffered the harm alleged and have no interests antagonistic to the interests of any other Class member.

21. Named Plaintiffs are members of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiffs are committed to the vigorous prosecution of this matter and have retained competent counsel who are

CLASS ACTION COMPLAINT AND JURY
DEMAND: 7

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1  experienced in the prosecution of class actions, including, in particular, consumer-

2  related class actions.

3

4       22.    Defendant has acted or refused to act on grounds generally applicable

5  to the Class, making final injunctive relief appropriate respecting the Class as a

6  whole and rendering certification appropriate under Fed. R. Civ. P. 23(b)(2).

7

8       23.    Common questions of law and fact central to the claims of the Class

9  predominate over individual questions, rendering certification appropriate under

10  Fed. R. Civ. P. 23(b)(3).  These common questions of law and fact include but are

11

12  not limited to the following:

13         a.  Whether U.S. Bank has a practice of resequencing debit card
          transactions from highest to lowest;

14

15         b.  Whether U.S. Bank imposes overdrafts fees when, but for U.S. Bank's
          resequencing of transactions, there would be sufficient funds in the

16            account;

17         c.  Whether U.S. Bank delays posting of transactions by customers using
          debit cards so that customers are charged overdraft fees on

18            transactions, even though customers had sufficient funds in their
          accounts to cover the transactions;

19

20         d.  Whether U.S. Bank fails to provide customers with accurate balance
          information;

21

22         e.  Whether U.S. Bank has been unjustly enriched by its overdraft
          policies and practices; and

23

24         f.  Whether U.S. Bank has violated the Washington Consumer Protection
          Act through its overdraft policies and practices.

25       24.    Other common questions of law and fact for the Class include:

26

CLASS ACTION COMPLAINT AND JURY
DEMAND: 8

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

a. The proper measure of damages, and

b. The injunctive relief to which the Class is entitled.

25.    The class device is a superior method of adjudicating Class members'
claims as compared to other available methods for fairly and efficiently
adjudicating this controversy.  Class members are unlikely to have any meaningful
recourse against U.S. Bank absent collective pursuit of their claims under Fed. R.
Civ. P. 23.  The value of Class members' claims, taken individually, is such that
their claims cannot, as a practical matter, be pursued on an individual basis.

## V. COMMON FACTUAL ALLEGATIONS

26.    According to its website, U.S. Bank is the fifth largest commercial
bank in the United States, with $283 billion in assets.  In addition to its online
banking services, U.S. Bank operates in 24 states with approximately 3,000 branch
offices and 5,300 ATMs.

27.    U.S. Bank is in the business of providing its customers with a variety
of banking services.  One of the services provided by U.S. Bank for customers who
open a checking account is a debit card, also known as a check card or ATM card.
Through debit cards, customers can use funds directly from their accounts by
engaging in "debit" or "point of sale" ("POS") transactions or may withdraw
money from their accounts at automated teller machines ("ATMs").  These

CLASS ACTION COMPLAINT AND JURY
DEMAND: 9

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

transactions are processed electronically. As a result, U.S. Bank is notified instantaneously when the card is used and has the option to accept or decline the transaction at that time.

28. U.S. Bank has employed computer software to operate its overdraft system. For many years, and perhaps continuing to this day, the bank's program has maximized the number of overdrafts, and thus the amount of overdraft fees, charged per customer. This has been done through the resequencing of debit card transactions so that they are processed by the bank from the highest to lowest amount.

29. As a result of U.S. Bank's manipulation and alteration of transaction records, funds in customer accounts have been depleted more rapidly than the funds would have been had the transactions been processed in a chronological sequence, resulting in more overdraft fees being charged for multiple smaller transactions.

30. Overdraft charges occurred at times when, but for U.S. Bank's manipulation and alteration, there were sufficient funds in the account to cover the transaction. For example, if a customer whose account had a $50 balance made four transactions of $10 and one subsequent transaction of $100 on the same day, the Bank would resequence the debits from largest to smallest, imposing five

CLASS ACTION COMPLAINT AND JURY
DEMAND: 10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

overdraft fees on the customer. Had the transactions been processed in chronological order, so that the $100 transaction was debited last, only one overdraft fee would have been assessed. *See* FDIC Study of Bank Overdraft Programs, November 2008.

31.    U.S. Bank authorized transactions into overdrafts with no warning to Plaintiffs and Class members that overdrafts were in progress. Specifically, U.S Bank did not inform Plaintiffs and Class members that their charges, purchases, withdrawals or transfers had been made against insufficient funds or would result in overdraft fees being assessed. For example, a Class member purchasing a cup of coffee with her debit card could unwittingly incur an overdraft fee of $37.50, more than ten times the price of the underlying transaction.

32.    U.S. Bank failed to adequately inform Plaintiffs and Class members about the bank's overdraft protection program. In particular, U.S. Bank failed to inform Plaintiffs and Class members of the bank's actual resequencing practices, including the order in which debit-card purchases would be posted against their checking accounts. U.S. Bank also failed to inform Plaintiffs and Class members that the posting order could dramatically multiply the number of overdraft penalties a customer could be assessed.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 11

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

33.     The manner in which U.S. Bank published account statements was unfair and deceptive and made it impossible for the average customer to reconstruct how the bank had arrived at the number of overdrafts charged.

34.     U.S. Bank has failed to adequately inform customers that U.S. Bank will always resequence their debit transactions from highest to lowest so that U.S. Bank collects the maximum amount of overdraft fees.  U.S. Bank has also failed to inform customers that U.S. Bank charges overdraft fees even when there are sufficient funds to cover individual charges, and otherwise fails to fully inform customers of U.S. Bank's unconscionable overdraft fees practices and procedures.

### U.S. Bank's Resequencing of Checking Account Transactions.

35.     In an effort to maximize overdraft revenue, U.S. Bank has engaged in a practice of resequencing debit transactions from highest to lowest.  U.S. Bank has resequenced transactions for no reason other than to increase the number of exorbitant overdraft fees it can charge.  This unfair and deceptive practice violates Washington's Consumer Protection Act.

36.     Transactions involving debit cards used by U.S. Bank customers, including the withdrawal of cash from ATM machines and transactions with vendors, are processed electronically.  U.S. Bank is notified instantaneously when

CLASS ACTION COMPLAINT AND JURY
DEMAND: 12

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

the customer's debit card is swiped. U.S. Bank has the option to accept or decline these transactions.

37.     Notwithstanding the instantaneous nature of these electronic debit card transactions, U.S. Bank has failed to post charges in the order in which they are incurred or received. U.S. Bank has developed a policy and has employed a practice whereby account charges and debits are posted to customer accounts out of chronological order for the sole purpose of maximizing the number of overdraft transactions and, therefore, the amount of overdraft fees charged to its customers.

38.     Instead of processing such transactions in chronological order, U.S. Bank has processed them starting with the largest debit and ending with the smallest debit, so as to generate the largest possible number of overdrafts and the greatest possible amount of overdraft fees.

39.     U.S. Bank has refrained from immediately posting charges to a customer's account as it receives them, sometimes for several business days. By holding charges rather than posting them immediately to an account, U.S. Bank has been able to amass a number of charges on the account. Subsequently, U.S. Bank has posted all of the amassed charges on a single date in order of largest to smallest—not in the order in which they were received or in the order in which they were charged. This delayed posting has resulted in the imposition of multiple

CLASS ACTION COMPLAINT AND JURY
DEMAND: 13

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

overdraft fees that would not otherwise be imposed. The delayed posting has also prevented customers from ascertaining the accurate balances in their accounts.

40.    U.S. Bank's policy and practice of posting charges from largest to smallest, rather than chronologically, has been specifically designed to maximize the generation of overdraft fees by triggering overdraft fees for account charges that would not otherwise result in such fees.

41.    U.S. Bank has enforced an unconscionable policy whereby charges incurred have been posted to customer accounts in a non-chronological order, from highest to lowest, and have been held for multiple days and then batched together, to maximize the number of overdraft transactions and fees. U.S. Bank's processing practices have substantially increased the likelihood that customers' smaller charges will result in multiple overdraft fees. The practices provide U.S. Bank with substantially higher service fee revenues than it would otherwise achieve absent these practices.

42.    As a result, Plaintiffs and members of the Class have been assessed overdraft fees for transactions which occurred when they actually had sufficient funds in their accounts to cover those transactions.

43.    U.S. Bank knew or should have known that its resequencing practices would mechanically lead to more overdrafts than other methods of processing.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 14

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

Indeed, U.S. Bank adopted the resequencing practice for the sole purpose of generating more overdraft fees and fee revenue at the expense of account holders, including Plaintiffs and Class members.

### U.S. Bank's Cloaking of Accurate Balance Information.

44.     U.S. Bank has actively promoted the convenience of its debit cards and other electronic debiting but has failed to provide customers with accurate balance information.  When customers execute account transactions, they generally do not have access to an accurate balance register or balance information.

45.     U.S. Bank has provided inaccurate balance information to its customers through its electronic network.  In certain cases, U.S. Bank has informed its customers that they have a positive balance when, in reality, they have a negative balance, despite U.S. Bank's actual knowledge of outstanding debits and transactions.

46.     Even when it has had actual knowledge of outstanding transactions which have already created a negative balance in a customer's account, U.S. Bank has encouraged the customer to incur more overdraft charges by approving—rather than prudently declining—subsequent debit card purchases and other electronic transactions.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 15

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

47. U.S. Bank has also assessed overdraft fees at times when actual funds in the customer's account are sufficient to cover all debits that have been submitted to the bank for payment. In doing so, U.S. Bank has charged overdraft fees where it faced no risk, because the cash balance in the customer's account had not dropped below zero.

**U.S. Bank's Failure to Notify Customers of Overdrafts or Advise Customers of Their Right to Opt Out.**

48. At the time its debit cards are used in transactions or at ATMs, U.S. Bank is able to determine, almost instantaneously, whether there are sufficient funds in a customer's account to cover that particular transaction. U.S. Bank has the technological capability to decline transactions (which it does when a pending transaction would exceed a predetermined, overdraft tolerance limit for the account), or notify customers at that very moment that the particular debit card transaction would result in an overdraft. U.S. Bank could give customers the option to decline the transaction to avoid incurring the overdraft fee, but it does not do so because it seeks to maximize the amount of revenue generated through its assessment of overdraft fees.

49. Notwithstanding its technological capabilities and actual knowledge, U.S. Bank has failed to provide notice to Plaintiffs and the Class that a particular

CLASS ACTION COMPLAINT AND JURY
DEMAND: 16

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

debit card transaction will result in an overdraft and, hence, an overdraft fee. Because U.S. Bank's customers have not been notified of the potential overdraft, and have not been given the option of declining the debit card transaction or providing another form of payment, the customers have incurred monetary damages in the form of overdraft fees.

50.     U.S. Bank has failed to make Plaintiffs and Class members aware that they can opt out of the bank's overdraft scheme upon request, thereby avoiding any overdraft fees from being incurred.

### U.S. Bank's Overdraft Policies and Practices Have Been Contrary to Best Practices.

51.     By engaging in the conduct described herein, U.S. Bank has failed to follow the list of "best practices" for overdraft programs set forth in the "Joint Guidance on Overdraft Protection Programs" ("Joint Guidance") issued by the United States Department of the Treasury, the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, and the National Credit Union Administration (collectively, the "Agencies"). These "best practice" recommendations include: "Provide election or opt-out of service. Obtain affirmative consent of consumers to receive overdraft protection. Alternatively, where overdraft protection is

CLASS ACTION COMPLAINT AND JURY
DEMAND: 17

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

automatically provided, permit consumers to 'opt-out' of the overdraft program and provide a clear consumer disclosure of this option." 70 F.R. 9127-01, 9132.

52. According to rules proposed by the Agencies: "Injury [caused by overdraft charges] is not outweighed by countervailing benefits. . . . This is particularly the case for ATM withdrawals and POS debit card transactions where, but for the overdraft service, the transaction would typically be denied and the consumer would be given the opportunity to provide other forms of payment without incurring any fee." 73 F.R. 28904-01, 28929 (May 19, 2008).

53. The Joint Guidance also advises banks to "[a]lert customers before a transaction triggers any fees. When consumers attempt to withdraw or transfer funds made available through an overdraft protection program, provide a specific consumer notice, where feasible, that completing the withdrawal may trigger the overdraft fees." 70 F.R. 9127, 9132. The Joint Guidance further advises that "[t]his notice should be presented in a manner that permits consumers to cancel the attempted withdrawal or transfer after receiving the notice." *Id.*

54. Similarly, the list of "best practices" recommended in "Overdraft Protection: A Guide for Bankers," issued by the American Bankers Association, includes offering customers the option of "opting out" of any overdraft program,

CLASS ACTION COMPLAINT AND JURY
DEMAND: 18

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

and informing customers, before they access funds, that a particular point of sale or ATM transaction will cause them to incur an overdraft fee.

55.     U.S. Bank's overdraft policies have made it difficult for customers to avoid injury even where they carefully tracked the balance in their account.  In fact, the Agencies have stated that "[i]njury" resulting from such policies "is not reasonably avoidable" by the consumer.  73 F.R. 28904-01, 28929.  "It appears that consumers cannot reasonably avoid this injury if they are automatically enrolled in an institution's overdraft service without having an opportunity to opt out.  Although consumers can reduce the risk of overdrawing their accounts by carefully tracking their credits and debits, consumers often lack sufficient information about key aspects of their account.  For example, a consumer cannot know with any degree of certainty when funds from a deposit or a credit for a returned purchase will be made available."

56.     On October 6, 2009, the Center for Responsible Lending issued a report entitled "Overdraft Explosion: Bank Fees for Overdrafts Increase 35% in Two Years."  The report finds that it is now "standard procedure to automatically enroll checking account customers in their most expensive overdraft loan program."  The report finds that debit card transactions account for more overdraft fees than traditional checks or any other type of transaction, even though "debit

CLASS ACTION COMPLAINT AND JURY
DEMAND: 19

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

card transactions and ATM withdrawals . . . could easily be denied for no fee." The report also finds that overdraft fees increased 35 percent from 2006 to 2008, and that over 50 million Americans overdrew their accounts in a 12 month period, with 27 million accounts incurring five or more overdraft fees.

### U.S. Bank's Overdraft Practices Harmed Plaintiffs.

57.     Plaintiffs Mitchell and Lori Brown held a joint checking account with U.S. Bank from approximately January, 2008 to July, 2010.

58.     In connection with the Browns' joint account, U.S. Bank issued a debit card to Mitchell Brown.  A debit card allows customers to access their checking account funds by using the card to execute a transaction.  The charge is processed electronically, and U.S. Bank has the option to accept or decline the transaction at the point of sale.

59.     U.S. Bank charged the Browns multiple overdraft fees.  For example, the Browns were charged eight overdraft fees on November 2nd and 3rd of 2009, in the amount of $37.50 each, for a total of $300.00.  Based on information and belief, the vast majority of these overdraft fees were the result of U.S. Bank's resequencing of transactions.  If U.S. Bank had not manipulated and resequenced the transactions from highest to lowest, the Plaintiffs would not have incurred $300.00 in overdraft fees.

CLASS ACTION COMPLAINT AND JURY
DEMAND:  20

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

60. For instance, if U.S. Bank had posted the transactions from lowest to highest, the Browns would have incurred only one overdraft fee instead of eight.

61. Likewise, if U.S. Bank had posted the transactions in chronological order, on information and belief, the Browns would have incurred only one overdraft fee instead of eight.

62. U.S. Bank failed to notify Plaintiffs that they could incur overdraft fees on transactions even though there were sufficient funds in the checking account to cover the transaction at the time the transaction was executed. In addition, U.S. Bank never notified Plaintiffs, at the time Plaintiff Mitchell Brown executed the purported insufficient funds transactions described above, that their checking account was overdrawn or that they would be charged an overdraft fee as a result of the transactions. Furthermore, U.S. Bank paid, rather than returned, all of the debit card charges described above, even though Plaintiffs account purportedly lacked sufficient funds to cover the transactions. U.S. Bank charged the Browns overdraft fees even when the account had sufficient funds.

63. Based on information and belief, the overdraft charges incurred by Plaintiffs are representative of millions of dollars of overdraft fees that U.S. Bank wrongfully assessed and deducted from the accounts of Class members. These wrongful takings are especially egregious considering the fact that U.S. Bank

CLASS ACTION COMPLAINT AND JURY
DEMAND: 21

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1   approved each transaction and knew at the time of approval whether there were

2   sufficient funds in the account to cover the transaction.

### The Damages Sustained by Plaintiffs and the Class.

5   64.     As shown by these examples, U.S. Bank's overdraft policies made it

6   difficult for Plaintiffs and Class members to avoid injury even if they had kept

8   close track of the balances in their accounts.  In fact, the Agencies have stated that

9   "injury" resulting from such policies "is not reasonably avoidable" by consumers.

10  73 F.R. 28904-01, 28929.  "It appears that consumers cannot reasonably avoid this

12  injury if they are automatically enrolled in an institution's overdraft service

13  without having an opportunity to opt out.  Although consumers can reduce the risk

14  of overdrawing their accounts by carefully tracking their credits and debits,

16  consumers often lack sufficient information about key aspects of their account.

17  For example, a consumer cannot know with any degree of certainty when funds

18  from a deposit or a credit for a returned purchase will be made available." *Id.*

20  65.     According to rules proposed by the Agencies, "Injury [caused by

21  overdraft charges] is not outweighed by countervailing benefits.... This is

22  particularly the case for ATM withdrawals and POS debit card transactions where,

24  but for the overdraft service, the transaction would typically be denied and the

CLASS ACTION COMPLAINT AND JURY
DEMAND: 22

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

consumer would be given the opportunity to provide other forms of payment without incurring any fee." 73 F.R. 28904-01, 28929 (May 19, 2008).

66.     Thus, as a consequence of U.S. Bank's overdraft policies and practices, Plaintiffs and the Class have been wrongfully forced to pay overdraft fees. U.S. Bank has improperly deprived Plaintiffs and the Class of significant funds, causing ascertainable monetary losses and damages.

67.     As a consequence of U.S. Bank's improper overdraft fees, U.S. Bank has wrongfully deprived Plaintiffs and the Class of funds to which it had no legitimate claim.

68.     Plaintiffs and members of the Class had sufficient funds in their accounts to cover at least some of the transactions for which they were charged overdraft fees. Plaintiffs and members of the Class either had adequate funds to cover the transactions posted to their accounts, or the accounts were allowed to become overdrawn, even by de minimis margins, exclusively so that U.S. Bank could impose these wrongful charges. In many instances, U.S. Bank's manipulation of the process for imposing overdraft fees triggered a cascade of charges that exponentially added to the charges it collected from Plaintiffs and Class members.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 23

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

69.     All conditions precedent to the relief sought herein have either occurred or have been performed or waived.

## VI. CLASS CLAIMS FOR RELIEF

### A.     FIRST CLAIM FOR RELIEF
### Violation of Washington's Consumer Protection Act

70.     Plaintiffs and the Class reallege and incorporate the facts set forth herein as if set forth in their entirety.

71.     U.S. Bank engaged in unfair or deceptive acts or practices with respect to its overdraft policies and practices and the overdraft fees it charged Washington consumers.

72.     U.S. Bank's unfair or deceptive acts or practices occurred in the conduct of trade or commerce.

73.     U.S. Bank's unfair or deceptive acts or practices affected the public interest.

74.     U.S. Bank's unfair or deceptive acts or practices proximately caused harm to the business or property interests of the Plaintiffs and the Class.

### B.     SECOND CLAIM FOR RELIEF
### Conversion

75.     Plaintiffs and the Class reallege and incorporate the facts set forth herein as if set forth in their entirety.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 24

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

76.    U.S. Bank had and continues to have a duty to maintain and preserve customer checking accounts and to prevent the diminishment of those accounts through U.S. Bank's own wrongful acts.

77.    U.S. Bank has wrongfully collected overdraft fees from Plaintiffs and Class members and has taken specific and readily identifiable funds from the accounts of Plaintiffs and Class members in payment of these fees.

78.    U.S. Bank has, without proper authorization, assumed and exercised the right of ownership over these funds, in hostility to the rights of Plaintiffs and the members of the Class, without legal justification.

79.    U.S. Bank continues to retain these funds unlawfully without the consent of Plaintiffs or Class members.

80.    U.S. Bank intends to permanently deprive Plaintiffs and Class members of these funds.

81.    These funds are properly owned by Plaintiffs and Class members, not U.S. Bank, which now claims that it is entitled to ownership of the funds, contrary to the rights of Plaintiffs and Class members.

82.    Plaintiffs and Class members are entitled to the immediate possession of these funds.

CLASS ACTION COMPLAINT AND JURY
DEMAND: 25

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

83.     U.S. Bank has wrongfully converted these specific and readily identifiable funds in violation of law.

84.     U.S. Bank's wrongful conduct is continuing.

### C.     THIRD CLAIM FOR RELIEF
### Unjust Enrichment

85.     Plaintiffs and the Class reallege and incorporate the facts set forth herein as if set forth in their entirety.

86.     U.S. Bank received a benefit in the form of additional overdraft fees from Plaintiffs and Class members because of U.S. Bank's policies and practices.

87.     U.S. Bank received the benefit at the expense of Plaintiffs and Class members.

88.     The circumstances make it unjust for U.S. Bank to retain the benefit without payment.

### VII.   DEMAND FOR RELIEF

THEREFORE, Plaintiffs, individually and as representatives of the proposed Class, pray for relief as follows:

1.     An order certifying Class members' claims pursuant to Fed. R. Civ. P. 23(b)(2) and/or 23(b)(3), appointing named Plaintiffs as representatives of the Class, and appointing undersigned counsel as Class counsel;

CLASS ACTION COMPLAINT AND JURY
DEMAND: 26

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

2.    A final order and/or judgment against U.S. Bank that Class members are entitled to an amount equaling overdraft fees incurred as a result of U.S. Bank's resequencing of charges or such other monetary damages as may be proven at the time of trial;

3.    An award of exemplary damages;

4.    A final injunction prohibiting Defendant from engaging in further business violating chapter 19.86 RCW;

5.    An award of prejudgment interest;

6.    An award of costs of litigation;

7.    An award of attorney fees, including those afforded under chapter 19.86 RCW; and

8.    For such equitable relief as the Court may deem fair and just.

## VIII.   JURY DEMAND

Plaintiffs demand a trial by jury in this matter.

DATED this 13th day of October, 2010.

THE SCOTT LAW GROUP, P.S.

By: _____
Darrell W. Scott, WSBA #20241
darrellscott@mac.com
Matthew J. Zuchetto, WSBA #33404
matthewzuchetto@mac.com

CLASS ACTION COMPLAINT AND JURY
DEMAND: 27

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1

2                    -and-

3          TERRELL MARSHALL & DAUDT PLLC
                Toby J. Marshall, WSBA #32726
4               tmarshall@tmdlegal.com
                Beth E. Terrell, WSBA #26759
5               bterrell@tmdlegal.com

6
           *Attorneys for Plaintiffs*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT AND JURY
DEMAND: 28

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966