UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
THIRD TRANCHE ACTIONS

*Dwyer v. TD Bank, N.A.*
D. Ma. Case No. 1:09-12118
S.D. Fla. Case No. 10-cv-20855-JLK

*Mascaro v. TD Bank, N.A.*
D.D.C. 1:10-cv-0040
S.D. Fla. Case No. 10-cv-21117-JLK

*Mazzadra, et al v. TD Bank, N.A.*
S.D. Fla. Case No. 1:10-cv-21870-JLK

*Mosser v. TD Bank, N.A.*
E.D. Pa. 2:10-cv-00731
S.D. Fla. Case No. 10-cv-21386-JLK

*Daniels v. RBS Citizens, N.A.*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. 1:10-cv-22014-JLK

*Duval v. RBS Citizens, N.A.*
N.D. Ill. Case No. 1:10-cv-00533
S.D. Fla. Case No. 1:10-cv-21080-JLK

*Blankenship v. RBS Citizens, N.A.*
D. RI. Case No. 10-cv-02718
S.D. Fla. Case No. 1:10-cv-22942-JLK

*Chierici v. RBS Citizens, N.A.*
D. NJ. Case No. 10-cv-02718
S.D. Fla. Case No. 1:10-cv-22323-JLK

## STIPULATED PROTECTIVE ORDER
## PERTAINING TO *THIRD TRANCHE* ACTIONS

1.     This Stipulated Protective Order (the "Order") is entered into by and among the parties to the above-captioned actions which are part of third tranche in the multidistrict litigation proceeding entitled In re Checking Account Overdraft Litigation, MDL No. 2036, Case No. 1:09-md-02036-JLK (S.D. Fla.) ("MDL 2036"), through their respective counsel of record. In entering into this Order, the parties acknowledge that, through initial disclosures and/or discovery, the above-named actions are likely to involve the production of confidential, proprietary and/or private matter, for which special protection is warranted. For purposes of this Order, each of the above-captioned actions shall be referred to as an "Action."

### SCOPE

2.     The protections conferred by this Order cover confidential matter designated by the parties and non-parties pursuant to the terms of this Order. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such. The scope of this order does not include the treatment of personal identifying information or individual financial data of consumers other than the named plaintiffs to which privacy protections are mandated by the Gramm-Leach-Bliley Act or other similar laws, which information and data will be the subject of further discussion and order(s), if necessary, to the extent that the production of such data is sought.

### DESIGNATING PROTECTED MATTER

3.     Any party or non-party may designate as "Confidential" any document, response to discovery, or any other information that is not in the public domain and that the producing party or non-party believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security or customer information. The fact that any matter has been designated by a producing party as "Confidential" shall not

2

be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

4. Any party or non-party may designate as "Highly Confidential" any Confidential document, response to discovery, or any other matter, the disclosure of which the party or non-party believes in good faith would create a serious risk of monetary or non-monetary injury, or breach of security or consumer privacy and, therefore, warrants the additional protection afforded under this Order for Highly Confidential matter. The fact that any matter has been designated by a producing party as "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

5. A party or non-party designating matter as "Confidential" or "Highly Confidential" shall make a good faith determination that any matter designated as "Confidential or "Highly Confidential" warrants protection hereunder. Designations of matter as "Confidential" or "Highly Confidential" must be narrowly tailored to include only matter for which there is good cause. A pattern of over-designation may result in an appropriate remedial order. Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive or other medium containing such designated matter; or as otherwise set forth herein. A party or non-party designating matter as "Confidential" or "Highly Confidential" shall furnish an index or log indicating by Bates number which documents, or portions thereof, have been designated "Confidential" or "Highly Confidential" within thirty (30) days following the designation of such matter.

6. A party or non-party that makes original matter available for inspection need not designate it as Confidential or Highly Confidential until after the inspecting party has indicated which matter it would like copied and produced. During the inspection and prior to the designation and copying, all of the matter made available for inspection shall be considered Highly Confidential (except for depositions of the named plaintiffs, which shall be treated as Confidential).

7. Any copies or reproductions, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain or otherwise reveal the substance of (other than in non-confidential general terms) Confidential or Highly Confidential matter shall also be treated by the receiving party as Confidential or Highly Confidential matter pursuant to this Order.

8. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential (except for depositions of the named plaintiffs, which shall be treated as Confidential) for a period of fifteen (15) business days, or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential or Highly Confidential matter. A party or non-party to an Action may designate in writing, within fifteen (15) business days after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as Confidential or Highly Confidential. A party or non-party to an Action may also designate matter disclosed during a deposition as Confidential or Highly Confidential by so indicating on the record during the deposition. Any other party to that Action may, but need not, object to such designation on the record. After any designation made according to the procedure set forth in this paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in paragraph 20 below.

9. A party may designate as Confidential or Highly Confidential matter produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such matter.

10. Inadvertent production of or failure to designate any matter as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such matter, and the producing party or non-party may thereafter

designate such matter as Confidential or Highly Confidential within fifteen (15) business days of the discovery of the inadvertent production or failure to designate.

## ACCESS TO AND USE OF PROTECTED MATTER

11.  All Confidential or Highly Confidential matter produced or exchanged in the course of an Action shall be treated by the parties pursuant to the terms of this Stipulated Protective Order and used *solely* for purposes of the prosecution or defense of that Action or another action made part of this MDL against the same defendant. Under no circumstances shall Confidential and/or Highly Confidential matter be used for any business, commercial, competitive or personal purposes, or for any litigation which is not a part of this MDL or made part of this MDL.

12.  Absent the prior written consent of the parties in an Action, or upon prior Order of this Court obtained following notice to opposing counsel, Confidential matter (including any copies of, notes made from, or information contained in Confidential matter) shall only be disclosed to the following persons:

(a)  The Court, including court personnel;

(b)  Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings and proceedings;

(c)  Any mediator selected by the parties to the Action or the Court to mediate the Action;

(d)  The attorneys of record in the Action, any attorney in a firm appointed by the Court to be Plaintiffs' Lead Counsel or a member of Plaintiffs' Executive Committee in MDL 2036, and any other attorneys and/or law firms specifically designated by Plaintiffs' Lead Counsel in a notice of appearance filed with the Court to participate in the prosecution of the Action, including the respective employees and personnel retained by such attorneys and/or law firms to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Action, such as litigation assistants, paralegals, secretarial and other clerical personnel;

(e)     In-house counsel for a party to the Action, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Action;

(f)     Vendors retained to assist in the Action by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided they sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential matter, and provided further they do not retain any copies of any Confidential matter;

(g)     Authors, originators, or original recipients of the matter, as specifically reflected on the face of the matter;

(h)     Present and former employees, officers and directors of the party or non-party producing the Confidential matter;

(i)     Other party and potential non-party witnesses to whom disclosure is deemed reasonably necessary by counsel for the prosecution or defense of the Action, provided the witness signs the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential matter, and provided the witness does not retain any copies of any Confidential matter. In the event a witness refuses to sign the "Acknowledgement and Agreement to be Bound," he or she may be shown Confidential matter only at a deposition after, on the record of the deposition: stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court."

(j)     Experts or consultants (whether testifying or non-testifying) retained by a party or counsel to the Action who are not, at the time of retention, employed by a financial institution or by an affiliate of a financial institution that is a defendant in MDL 2036, provided the experts or consultants sign the "Acknowledgement and Agreement to be Bound"

attached as Exhibit A to this Order before being shown Confidential matter; and provided further that if the expert or consultant is an employee of a financial institution that is not, at the time of retention, a defendant in MDL 2036, before disclosing any Confidential matter to that expert or consultant, the party retaining the expert or consultant shall obtain the written agreement of the expert or consultant that he or she shall not, in addition to all other restrictions and limitations of this Order: (1) disclose any Confidential matter to his or her employer or co-employees, or (2) retain any Confidential matter following the conclusion of the Action against the party that produced the Confidential matter;

  (k) Insurers of the defendant(s) in the Action; and

  (l) Individual parties to the Action.

The "Acknowledgements and Agreements to be Bound" that are required to be signed as provided in this paragraph and in the succeeding paragraph shall be retained by counsel for the party disclosing the Confidential matter and made available for inspection by the Court *in camera*, upon request by any party and a showing of good cause.

  13. Except with the prior written consent of the other parties to an Action, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential matter shall be treated in the same manner as Confidential matter pursuant to paragraph 14 above, except that it shall only be disclosed to persons described in categories (a) through (k). Notwithstanding the foregoing, if a specific document or deposition testimony designated "Highly Confidential" explicitly mentions a particular named plaintiff in the Action and/or addresses aspects of that named plaintiff's account, account history, account transactions or fees, or similar content, that specific matter may be shown to that particular named plaintiff.

  14. Absent prior order of the Court entered upon notice and a showing of good cause, Confidential and/or Highly Confidential matter produced in one Action may only be disclosed and used in that Action or in another Action against that same defendant.

  15. Any persons receiving Confidential or Highly Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this

Order to receive such matter. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential matter to persons or counsel who are not authorized to use or possess such matter, the party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons sign the Certification. If a party or any of its representatives, including counsel, has actual knowledge that Confidential or Highly Confidential matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the party or its representative shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose matter is being used or possessed.

16. Any disclosure by a party or non-party of Confidential or Highly Confidential matter it produced and designated as such shall be in accordance with the terms and requirements of this Order. Otherwise, the disclosed Confidential or Highly Confidential matter may be deemed by the Court to have lost its confidential status.

### PROTECTED MATTER SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

17. If a court or government agency subpoenas or orders production of Confidential or Highly Confidential matter from a party to an Action, such party shall promptly notify counsel for the party or non-party who produced or designated the matter of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order. Such party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the matter covered by the subpoena or order is subject to this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

18. If a party contends that any matter is not entitled to confidential treatment, the following procedures apply:

(a) <u>Timing of Challenges</u>. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. A party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly, via voice-to-voice dialogue, email, letter or in person, with the designating party. A request by the challenging party to meet and confer must be honored by the designating party within five (5) business days of the request being made. In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the meet and confer between counsel.

(c) <u>Judicial Intervention</u>. A party wishing to challenge a Confidential or Highly Confidential designation may file a motion with the Court within 30 days after receiving the response to the challenged designation, that identifies the challenged matter and sets forth in detail the basis for the challenge. The burden of persuasion on any such motion shall be on the party or non-party that has designated matter as Confidential or Highly Confidential.

19. Notwithstanding any motion challenging the designation of matter as Confidential or Highly Confidential, all matter shall continue to be treated as they were

9

designated and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the matter is Confidential or Highly Confidential withdraws or changes such designation in writing; or

(b) the Court rules the matter is not entitled to protection as Confidential or Highly Confidential matter.

## DURATION

20. All provisions of this Order restricting the communication or use of Confidential or Highly Confidential matter shall continue to be binding after the conclusion of an Action (including any appellate review), until a designating party agrees otherwise in writing or a court order otherwise directs. Upon conclusion of an Action, a party in the possession of Confidential or Highly Confidential matter, other than that which is contained in pleadings, correspondence and deposition transcripts, shall either: (a) return such matter no later than sixty (60) days after conclusion of the Action to counsel for the producing party who provided such matter, or (b) destroy such matter upon consent of the producing party who provided the matter and certify in writing within sixty (60) days that the matter has been destroyed.

## INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATTER

21. Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a party inadvertently produces matter that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that matter will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing party complies with this paragraph. In such circumstances, the producing party must immediately notify in writing all parties to the Action in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other

protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon such notification, the parties shall treat the matter as privileged or protected unless and until the parties agree otherwise or the Court determines the matter is not privileged or protected. Within ten (10) business days of receiving such notification, all receiving parties shall (a) return the matter to the producing party; or (b) confirm in writing to the producing party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the producing party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the latter event only, the receiving party or parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving party.

**FILING PROTECTED MATTER**

22.     Absent written permission from the designating party or a court order secured after appropriate notice to all interested persons, all Confidential or Highly Confidential matter filed with the Court shall be filed under seal in accord with the Local Rules of this Court. The parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the party seeking to file confidential information under seal shall follow the procedures specified by the United States District Court for the Southern District of Florida.

## MISCELLANEOUS

23. The provisions of this Order may be modified with respect to any Action at any time by stipulation of the parties to that Action and approval by order of the Court, or upon noticed motion by a party to an Action for good cause shown.

24. Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

25. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular matter, or to seek modification of this Order upon due notice to all other parties and affected non-parties.

26. Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any matter.

**INTENTIONALLY LEFT BLANK – CONTINUED ON NEXT PAGE**

Dated:   January 12, 2011.

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel:  (305) 571-8550
Fax:  (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David Stellings, Esquire
New York Bar No. DS 5343
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street - Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th street - 34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Melissa K. Hutts, Esquire
Texas Bar No. 0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

*Plaintiffs' Executive Committee*

/s/ William J. Kayatta, Jr.
William J. Kayatta, Jr., Esquire
wkayatta@pierceatwood.com
Lucus A. Ritchie, Esquire
lritchie@pierceatwood.com
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
Tel: (207) 791-1100
Fax: (207) 791-1350

*Attorneys for Defendant*
*T.D. Bank, N.A.*


/s/ David F. Adler
David F. Adler, Esquire
dfadler@jonesday.com
Erin Lind Shencopp, Esquire
eshencopp@jonesday.com
JONES DAY
77 Wacker Drive
Chicago, IL 60601
Tel: (312) 782-3939
Fax: (312) 782-8585

*Attorneys for Defendant*
*RBS Citizens, N.A.*


The foregoing Stipulation is approved and adopted as an Order of the Court at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this _____ day of January 2011.

———————————————
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

16

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued by the United States District Court for the Southern District of Florida on January ____, 2011 in the multidistrict litigation proceeding entitled <u>In re Checking Account Overdraft Litigation</u>, MDL No. 2036, Case No. 1:09-md-02036-JLK (S.D. Fla.). I agree to comply with and to be bound by all the terms of that Order and I understand and acknowledge that my failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any matter or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

For the purpose of enforcing the terms of this Order, I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida, solely with respect to any action to enforce the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of MDL 2036 or the termination of the particular action within MDL 2036 with respect to which I received matter, and even if such action is remanded to its transferor court for trial.

Date: _____

Home Address: _____

_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____