**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:**

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

**OPPOSITION OF WELLS FARGO BANK, N.A TO PLAINTIFFS'**
**CORRECTED MOTION TO ADD WELLS FARGO BANK, N.A. AS A DEFENDANT**

**I.      INTRODUCTION**

Plaintiffs' motion to add Wells Fargo Bank, N.A. ("Wells Fargo") as a separate defendant in these cases is, in a word, baffling.  Wells Fargo's parent company (Wells Fargo & Co.) acquired Wachovia Bank, N.A. ("Wachovia") on December 31, 2008, and Wachovia's banking charter was merged into Wells Fargo's banking charter on March 20, 2010.  Pursuant to the National Bank Act, upon the merger of these charters, Wachovia ceased to exist as a separate entity (leaving only Wells Fargo Bank, N.A. as the existing banking entity).  The parties agree that, as a result, Wells Fargo has assumed responsibility for any liability Wachovia might have had in these actions.  Yet rather than seek to *substitute* Wells Fargo for Wachovia as the

defendant in these actions, plaintiffs move to *add* Wells Fargo as a defendant.  Wells Fargo has offered to stipulate to its substitution for Wachovia, but plaintiffs inexplicably insist on continuing to try to prosecute these actions against a non-existent entity.

It appears that plaintiffs have troubled the Court with this motion only because they want to keep a non-existent entity as a defendant in these cases.  As substitution of Wells Fargo for Wachovia is clearly the proper course here, plaintiffs' motion should be denied.

## II.        FACTUAL BACKGROUND

The first case in MDL No. 2036 brought against Wachovia, *Garcia v. Wachovia Bank, N.A.*, Case No. 1:08-cv-22463-JLK, was filed on September 4, 2008.  Since then, Wachovia has been identified as the defendant in several other complaints, including the operative complaints in these actions.  *See* Dkt. Nos. 352, 353.

As plaintiffs allege, Wachovia was a national bank, chartered by the federal government under the National Bank Act.  *Garcia* Second Amended Complaint ¶ 21; *Spears-Haymond* Third Amended Complaint ¶ 14.  *See Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 8 (2007).  Wells Fargo is also a national bank.  As plaintiffs acknowledge, Wells Fargo acquired Wachovia on January 1, 2009.  *See* Mot. at 1-2.  The merger of Wachovia's federal banking charter into Wells Fargo's charter occurred on March 20, 2010.

Nonetheless, plaintiffs have continued to direct their discovery requests, deposition notices, and other documents to Wachovia, a non-existent entity.  These requests duplicate, virtually verbatim, requests served on Wells Fargo under the captions of other cases in this same MDL proceeding.  Although plaintiffs misleadingly suggest otherwise, Wells Fargo has fully complied with its discovery obligations throughout this litigation, and has never refused to respond to any discovery on the basis that it was directed at "Wachovia" instead of "Wells Fargo."  For example, in their motion, plaintiffs claim that the bank "argued that it could not seat

anyone for its 30(b)(6) deposition." Mot. at 3.  In fact, while plaintiffs' 30(b)(6) deposition

notice was incorrectly directed to Wachovia, Wells Fargo made 30(b)(6) witnesses available who

could, and did, testify at length about the Wachovia systems and policies at issue.  Recognizing

that it is responsible for any liability Wachovia may have had in these actions, Wells Fargo has

chosen to respond to plaintiffs' discovery in its own name instead of resisting on the basis that

plaintiffs have identified the wrong entity.  In short, Wells Fargo has not refused any discovery

on the basis that Wachovia no longer exists; it has only refused to call itself "Wachovia" in

connection with such discovery or to provide duplicative discovery (e.g., producing the same

document twice) based on such a fiction.

## III.  ARGUMENT

### A.  Under the National Bank Act, Wachovia No Longer Exists.

As the complaints in these actions allege, Wachovia Bank, N.A. was a national

bank, chartered by the federal government under the National Bank Act.  *Garcia* Second

Amended Complaint ¶ 21; *Spears-Haymond* Third Amended Complaint ¶ 14.  *See Watters v.*

*Wachovia Bank, N.A.*, 550 U.S. 1, 8 (2007).  Wells Fargo is also a national bank.  The National

Bank Act provides that upon the merging of the banking charters of two national banks, "[t]he

corporate existence of each of the merging … banking associations … shall be merged into and

continued in the receiving association and such receiving association shall be deemed to be the

same corporation as each … banking association participating in the merger."  12 U.S.C.

§ 215a(e).  The receiving association becomes "liable for all liabilities of the association …

being merged into the receiving association."  *See id.* § 215a(a)(4).  Thus, upon the merging of

the Wachovia and Wells Fargo charters in March 20, 2010, Wachovia ceased to exist as an

independent entity.

Plaintiffs offer no serious argument to the contrary.  They agree that Wells Fargo is now responsible for any liability Wachovia may have had in these actions.  *See* Mot. at 1-2. They do not explain how, in light of Section 215a, Wachovia could still exist as a separate entity after the merger of the two bank charters was completed.  Plaintiffs allude to Wells Fargo's post-acquisition use of the Wachovia name in this litigation and elsewhere, but of course Wells Fargo cannot "waive" Wachovia back into existence.  Instead, the National Bank Act conclusively establishes that Wachovia no longer exists.

### B. Substitution of Wells Fargo for Wachovia as Defendant in These Actions is the More Appropriate Course.

Although plaintiffs have moved to add Wells Fargo as an additional defendant under Rule 21, substitution under Rule 25 is instead the proper procedure in this situation.  Rule 25 permits the substitution of parties where, *inter alia*, "an interest is transferred" after the litigation commences.  Fed. R. Civ. P. 25(c).  In particular, Rule 25(c) applies to the merger of two corporate entities.  *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.,* 13 F.3d 69, 71 (3d Cir.1993); *ISI Int'l v. Borden Ladner Gervais, LLP*, 2002 WL 230904, at *1 (N.D. Ill. Feb. 15, 2002); *Kanaji v. Philadelphia Child Guidance Ctr. of Children's Hosp.*, 2001 WL 708898, at *1 (E.D. Pa. June 20, 2001); *see also Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1357-58 (11th Cir. 1994) (corporation substituted as defendant for another corporation under Rule 25(c) after complete transfer of assets).

Because one of the situations enumerated in Rule 25(c) is present here, Rule 21 is inapplicable.  *See Select Creations, Inc. v. Paliafito America, Inc.* 852 F. Supp. 740, 765-66 (E.D. Wis. 1994) ("Rule 25(c) … is the procedural vehicle by which to bring a successor defendant formally before [a court]."); *see also Brown v. Yellow Transp., Inc.*, 2008 WL 1995075, at *3 (D. Kan. May 6, 2008).  Thus, where a transfer of interest has occurred and a corporate entity ceases

to exist, the proper procedure is to substitute the successor entity for the corporation that was originally a party. *See, e.g.*, *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966); *Quinstreet Inc. v. Parallel Networks, LLC*, 2009 WL 1505610, at *1 (D. Del. May 28, 2009); *Kanaji*, 2001 WL 708898 at *1. This is also the proper procedure where the entities at issue are national banks. *See In re GGSI Liquidation Inc.*, 355 B.R. 691, 699 (N.D. Ill. Nov. 27, 2006), *rev'd in part on other grounds by Paloian v. Grupo Serla S.A. de C.V.*, 433 B.R. 19 (N.D. Ill. June 17, 2010). As these decisions recognize, a non-existent entity should not continue as a party when Rule 25(c) substitution is available.

Plaintiffs have not offered any authority to support their contention that Wachovia "remains a proper defendant" in these cases, and the cases they do cite are wholly off point. *See* Mot. at 6. For example, *Holland v. United States* involved the joinder of an additional plaintiff under Rule 17, where the original plaintiffs claimed that the new plaintiff was successor in interest to an entity that had assigned its claims to them. 62 Fed. Cl. 395, 398 (Fed. Ct. Cl. 2004). There was no attempt to join the entity that no longer existed, which was never a party to the lawsuit. In *Kowalski v. Mommy Gina Tuna Resources*, the court joined "*partial* successors in interest" under Rule 25(c) where the original defendant continued to exist. 2008 WL 2971508, at *1 (D. Haw. Aug. 1, 2008). The other two decisions plaintiffs cite are also inapposite, as they considered the substantive rights and liabilities of entities, not the joinder or substitution of parties. *See Nat'l Bank v. Ins. Co.*, 104 U.S. 54, 76 (1881) (a bank continued its corporate existence after liquidation in order to fulfill outstanding liabilities); *Oracle Corp. v. SAP AG*, 2010 WL 3258603, at *3-4 (N.D. Cal. Aug. 17, 2010) (transfer of IP rights gave plaintiff standing to bring claim for copyright infringement).

### C.   Maintaining "Wachovia" as a Separate Party to Increase the Discovery Burden on Wells Fargo Would Be Improper.

It would clearly be an misuse of the procedural rules to permit plaintiffs to maintain a separate non-existent entity (Wachovia) in their cases for the purpose of "doubling up" on Wells Fargo's discovery burden.  The rules place reasonable limits on discovery in lawsuits.  For example, a party may not take more than ten depositions without leave of court.  Fed. R. Civ. P. 30(a)(2)(A)(i).  Nor may a party ask more than 25 interrogatories of another party in a single case unless otherwise ordered by the Court.  Fed. R. Civ. P. 33(a)(1).  Regardless of whether modest adjustments in these limits may ultimately be appropriate for other reasons, plaintiffs may not escape them just by naming Wells Fargo twice as if it were two different parties.  Nor should such procedural maneuvering require Wells Fargo to assume a double burden on other discovery obligations that are not expressly limited by rule.  For example, Wells Fargo should not be forced to respond to two separate sets of document demands, once as itself and again in the separate guise of a non-existent entity.

This concern is simply one additional reason why substituting Wells Fargo for Wachovia under Rule 25 (rather than adding the bank as an additional party under Rule 21) is the proper procedural method in these cases.[1]

### IV.   CONCLUSION

For the foregoing reasons, plaintiffs' motion to add Wells Fargo Bank, N.A. as a separate defendant in the above-captioned actions should be denied.

---

[1]   Should the Court add Wells Fargo as a new defendant instead of merely substituting it for Wachovia, Wells Fargo reserves whatever new rights that procedural choice may give it, including with respect to the applicable statutes of limitations and arbitration rights.

DATED:  January 24, 2010                    COVINGTON & BURLING LLP


By:  _____/s/_____
    Sonya D. Winner (*pro hac vice*)
    (swinner@cov.com)
    David M. Jolley (*pro hac vice*)
    (djolley@cov.com)
    One Front Street, 35th Floor
    San Francisco, CA, 94111
    Telephone: (415) 591-6000
    Facsimile: (415) 591-6091

    Emily Johnson Henn (*pro hac vice*)
    (ehenn@cov.com)
    333 Twin Dolphin Drive, Ste 700
    Redwood Shores, CA, 94065
    Telephone: (650) 632-7400
    Facsimile: (650) 632-4800

    Barry R. Davidson
    (bdavidson@hunton.com)
    Florida Bar No. 107678
    Jamie Zysk Isani
    (jisani@hunton.com)
    Florida Bar No. 728861
    HUNTON & WILLIAMS LLP
    1111 Brickell Avenue, Suite 2500
    Miami, FL 33131
    Telephone: (305) 810-2500
    Facsimile: (305) 810-2460

    Attorneys for
    WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2010, I served the foregoing document with

the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served

this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all

counsel of record entitled to receive service.

_____/s/_____
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091