UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

---

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**

***Larsen v. Union Bank, N.A.***
**S.D. Fla. Case No. 1:09-cv-23235-JLK**
**N.D. Cal. Case No. 4:09-cv-3250**

# DEFENDANT UNION BANK, N.A.'S (A) JOINDER IN MOTION FOR CLARIFICATION OF DEFENDANT WELLS FARGO, N.A. AND (B) UNION BANK'S MOTION FOR CLARIFICATION

Defendant Union Bank, N.A. ("Union Bank") hereby (a) joins in the Motion for Clarification filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (DE # 1036); and (b) makes its own Motion for Clarification, for the reasons set forth in Wells Fargo's Motion, and for the further reasons discussed herein.

## I. INTRODUCTION

Union Bank is also faced with the issue raised by Wells Fargo in its Motion for Clarification. There are inconsistencies between the Court's March 11 and June 1, 2010 Orders on Defendants' Omnibus Motion to Dismiss (DE ## 305, 532) and its December 16, 2010 Opinion Setting Standards for Resolution of Discovery Interrogatories and Production of Documents (the "Discovery Order") (DE # 1016). As the Court will recall, Union Bank, like

Wells Fargo and other "first tranche" defendants, moved pursuant to Rule 12 to dismiss all claims in Plaintiffs' complaints based on business practices *other than* overdraft fees allegedly resulting from high-to-low posting of debit card transactions. Plaintiffs failed to plead those claims with sufficient specificity, and did not identify which of the Plaintiffs (if any) were affected by the challenged practices. At the time, the Court declined to dismiss the claims at issue, stating that the relevant facts could be learned through discovery. Union Bank promptly served written discovery with respect to these other business practices, as well as Plaintiffs' "expectations" concerning posting order, and supposed misleading information Union Bank had provided to Plaintiffs. These were matters that Plaintiffs had squarely placed at issue in their Complaint.

Plaintiffs refused to respond to this discovery and Union Bank moved to compel. During a consolidated hearing on various motions to compel, and in its subsequent Discovery Order regarding the motions, the Court stated that any business practice other than high-to-low posting, and Plaintiffs' "expectations" regarding posting order, were "immaterial" and that the sufficiency of such allegations should have been tested earlier through a Rule 12 motion. However, the Court has already denied Union Bank's Rule 12 motion on these issues.

Union Bank accordingly cannot determine which claims other than high-to-low posting (if any) are at issue. If no other claims are at issue, then Union Bank should have an opportunity to move to dismiss them, and they should be dismissed. If they are in fact at issue, then Union Bank is entitled to discovery on the facts supporting them, or its ability to defend itself will be significantly impaired. Accordingly, Union Bank joins in Wells Fargo's request, and hereby makes its own request, that the Court clarify the status of Plaintiffs' claims set forth in their Second Amended Complaint (DE # 349) (the "Complaint" or "SAC") with respect to the "other

business practices" and the Plaintiffs' "expectations." Union Bank requests that the Court either establish a mechanism to dismiss these claims or rule that Plaintiffs must respond to Union Bank's discovery. Union Bank respectfully requests that the Court rule on this issue promptly, as the discovery sought is likely to have a critical and material impact on Union Bank's ability to respond to Plaintiffs' motion for class certification, due April 25, 2011.

## II. BACKGROUND

In addition to high-to-low posting order allegations, Plaintiffs' Complaint contains a number of vague claims about Union Bank's business practices, for instance, that Union Bank provided inaccurate balance information to Plaintiffs and other customers, causing them to overdraft their accounts,[1] did not allow Plaintiffs access to accurate balance information;[2] and delayed posting charges to their accounts for multiple days.[3] The Complaint does not allege which Plaintiffs (if any) were harmed by any of these alleged practices. Accordingly, Defendants' Omnibus Motion to Dismiss asked that the Court, at a minimum, strike allegations concerning such other business practices from the complaints as immaterial pursuant to Rule 12. Omnibus Motion (DE # 217) at 87-96. The Court did not dismiss Plaintiffs' claims based on the other business practices, holding that "this issue is better addressed after discovery is taken and the facts are more clearly known to all parties." Jun. 1, 2010 Order (DE # 532) at 3.

Accordingly, Union Bank sought discovery on the "other practices." For instance, Union Bank asked that Plaintiffs identify "delay[ed] posting of transactions by [Plaintiffs] using debit cards so that [Plaintiffs] were charged overdraft fees on transactions, even though [Plaintiffs] had

---

1 *See, e.g.*, SAC ¶ 55.

2 *See, e.g.*, SAC ¶¶ 27(g), 54.

3 *See, e.g.*, SAC ¶¶ 27(h), 48.

sufficient funds in [their] accounts to cover the transactions upon execution as [they] allege in paragraphs 27(h) and 48 of the Complaint." (internal quotations omitted.)[4] Because Plaintiffs claim that they received advertisements which misled them as to Union Bank's practices in posting items to their checking accounts, Union Bank asked Plaintiffs to identify advertisements, statements or disclosures by Union Bank that they contended were false or misleading, the reasons therefor, and to identify when they first saw such allegedly misleading disclosures.[5] Union Bank further asked Plaintiffs to identify their reasonable "expectations" about certain bank practices, as Plaintiffs had alleged in their Complaint that Union Bank had not fulfilled these expectations.[6] Union Bank also asked Plaintiffs to identify fees charged to their accounts for which they seek recovery in this lawsuit for any reason *other than* "re-sequencing debit card transactions from highest to lowest" as alleged in paragraph 25 of the Complaint, and details about these fees.[7]

Plaintiffs refused to provide substantive responses, and at oral argument at the consolidated hearing on Defendants' motion to compel, on December 8, 2010, the Court agreed that the moving banks were entitled to know the factual bases of Plaintiffs' claims if those claims were genuinely at issue in this litigation. *See* Dec. 8, 2010 Status Conf. Tr. at 47-48, 69, 73-74 (DE # 1010). But, the Court indicated that not all of the allegations in the Complaint were actually at issue. In fact, the Court characterized Plaintiffs' allegations involving their beyond-the-contract expectations as "nonsense." *Id.* at 76. The Court stated that no discovery would be

---

[4] *See* Affidavit in Support of Motion to Compel Plaintiffs to Answer Interrogatories by Declaration of Peter H. Bales (DE # 898), Ex. A.1, (Interrogatory No 15).

[5] *See Id.* (Interrogatory No 10).

[6] *See Id.* (Interrogatory No 20).

[7] *See Id.* (Interrogatory Nos. 3-4, 6).

needed on these claims, because the evidence regarding these allegations would not be allowed to be introduced at trial. *Id.* (The trial in this matter will, of course, not take place in Florida.) Plaintiffs' counsel did not disagree but agreed that the theory of their case was about high-to-low posting order. *Id.* at 109.

In the Court's Discovery Order (DE # 1016), the Court also agreed that the "alleged common nucleus of specific facts pled" in this litigation is the banks' high-to-low posting practices (Discovery Order at 2), and that "controlling in this litigation is what the parties agreed to in their contracts." *Id.* at 11. Further, the Court held that "discovery requests on facts immaterial to any relevant issue," such as Plaintiffs' expectations and business practices other than posting order, are improper. *Id.* at 4.

Plaintiffs are taking the position that the Court effectively denied Union Bank's Motion to Compel in its entirety.[8] Yet, Plaintiffs are also taking the position that their claims relating to business practices other than high-to-low posting remain at issue in the case *but that Union Bank cannot take discovery on these topics*. Plaintiffs, intent on "having it all," are also continuing to pursue extensive discovery *from* Union Bank relating to these other business practices and to the "expectations" and "motivations" of the parties. For example, Plaintiffs have demanded, and Union Bank is providing, documents relating to: (i) "promotional, advertising and/or marketing materials" sent to Union Bank's customers regarding debit card accounts, (ii) customers' "expectations" about posting order, "including but not limited to documents relating to customers' expectation that electronic debits will be posted in the order in which transactions are

---

[8] The parties are in the process of preparing a proposed order that will set out the requests that the parties agree have been resolved, the requests that give rise to the issues raised in this motion for clarification, and the remaining requests on which a dispute still remains.

executed;" and (iii) "any internal ethical standards to which you hold your company and/or its employees."[9]

## III. ARGUMENT

Union Bank respectfully requests that the Court clarify whether Plaintiffs' claims concerning business practices other than high-to-low posting are material, in which case Union Bank should be permitted discovery on them, or immaterial, in which case a procedural mechanism to dismiss these claims is necessary. The Court has inherent authority to narrow the issues in the cases before it. *Ebrahimi v. City of Huntsville Bd., of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) ("[I]t is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation [to ensure] the orderly, efficient, and economic disposition of disputes."). It also has the authority to clarify an order. *See DiLucia v. Treasure Salvors, Inc.*, 713 F. Supp. 1425, 1426 (S.D. Fla. 1989) (granting motion to clarify to provide certainty on specific portion of summary judgment order).

The issue is clear: if Plaintiffs' claims about "other business practices" and "expectations" are at issue, then Union Bank is entitled to discovery on them. *See* Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."); *see also* Discovery Order at 4 ("Where discovery requests are aimed at obtaining discovery that is material, those discovery requests are proper."). If they are not, they should be dismissed. The Court, however, has declined to dismiss these claims before discovery, but then denied discovery because the claims are supposedly irrelevant.

---

9 *See* Exhibit A (Request Nos. 26, 46, 58, 72) (attached hereto).

If the claims unrelated to high-to-low posting order are in fact at issue in this litigation, it is critical that Union Bank be able to conduct discovery as to them, for the reasons Union Bank set forth in detail in its Motion to Compel (DE # 896). Not only is discovery necessary to allow Union Bank to defend itself from Plaintiffs' claims on the merits, but the answers are essential to determining whether Plaintiffs are typical and adequate class representatives, as they allege in their Complaint. Plaintiffs' motion for class certification is due April 25, 2011 under the revised scheduling order (DE # 878), and Union Bank's opposition to that motion is due 45 days thereafter. Given these time constraints, if the issue is not resolved soon, Union Bank will be prejudiced in its ability to respond to Plaintiffs' class certification motion.

The current situation is simply unfair. Plaintiffs continue to engage in one-sided discovery from Union Bank on issues unrelated to the high-low posting order and the attendant overdraft fees. They have also noticed Rule 30(b)(6) depositions on topics similar to what Union Bank is currently prohibited from pursuing. Union Bank will, accordingly, be forced to spend significant resources engaging in discovery which is, at best, one-sided, and at worst, immaterial.

If the claims unrelated to high-to-low posting order are not at issue, they should not be in the case. Union Bank seconds Wells Fargo's proposal that a reconsideration or clarification of the Omnibus Motion to Dismiss (as it relates to these claims) or an early motion for partial summary judgment would be appropriate procedural mechanisms to remove these claims from the litigation. If the claims are at issue, Union Bank should get access to discovery, not have to fight with hands tied behind its back.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Union Bank's Motion for Clarification. With respect to claims based on practices other than posting order (and resulting overdraft fees), and with respect to "expectations" or purported legal obligations *other than* those expressly set

forth in the parties' contracts, Union Bank requests that the Court either establish a mechanism to dismiss these claims or clarify that Plaintiffs must respond to Union Bank's discovery respecting the "other business practice" claims and claims based upon expectations or obligations outside the language of the parties' agreements.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), Union Bank certifies that it conferred with Plaintiffs' counsel in January 2011, in a good faith effort to resolve the need for filing this motion. The parties were not able to resolve their differences as to the issues raised in this motion. Plaintiffs disagree that any clarification is needed and intend to oppose this motion.

Dated: January 26, 2011

Respectfully submitted,

/s/ Alan G. Greer

Alan G. Greer, Esq.
Florida Bar No. 0123294
agreer@richmangreer.com
John M. Brumbaugh, Esq.
Florida Bar No. 0126350
jbrumbaugh@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131-2305
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/ Alan G. Greer
Alan G. Greer

**SERVICE LIST**

| | |
|---|---|
| Robert C. Gilbert, Esq.<br>Jeremy W. Alters, Esq.<br>Kimberly L. Boldt, Esq.<br>Alters Boldt Brown Rash & Vulmo, P.A.<br>4141 N.W. 2nd Avenue, Suite 201<br>Miami, FL 33137<br>*Attorney for Melanie L. Garcia, Ralph Tornes, William W. Powell, Jr., April Speers, Estella A. Lopez, John C. Stone, Charles Reed, Jr., Linda McDaniel, Andrea Luquetta* | Barry R. Himmelstein, Esq.<br>Jordan Elias, Esq.<br>Michael W. Sobol, Esq.<br>Mikaela Bernstein, Esq.<br>Roger N. Heller, Esq.<br>Lieff Cabraser Heimann & Bernstein LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>*Attorneys for Celia Spears-Haymond, Mike Amrhein, Steve Yourke, Kristen Richards, Frank Smith, Cynthia Larsen* |
| Ruben Honik, Esq.<br>Kenneth J. Grunfeld, Esq.<br>Golomb & Honik, P.C.<br>1515 Market Street, Suite 1100<br>Philadelphia, P.A. 19102 | Robert C. Josefsberg, Esq.<br>Victor M. Diaz, Jr., Esq.<br>John Gravante, III, Esq.<br>Podhurst Orseck, P.A.<br>City National Bank Building<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130-1780 |
| Bruce Rogow, Esq.<br>Jeremy Walters, Esq.<br>Kimberly Boldt, Esq.<br>Robert Cecil Gilbert, Esq.<br>William Charles Hearon, Esq<br>Alters Boldt Brown Roash & Vulmo, P.A.<br>500 East Broward Blvd, Suite 1930<br>Ft. Lauderdale, FL 33394<br>*Attorney for Melanie L. Garcia, Ralph Tornes, William W. Powell, Jr., April Speers, Estella A. Lopez, John C. Stone, Charles Reed, Jr., Linda McDaniel, Andrea Luquetta* | Ted E. Trief, Esq.<br>Barbara E. Olk, Esq.<br>Trief & Olk<br>150 E 58th Street, Suite 34th FL<br>New York, NY 10155 |

Edward Adam Webb, Esq.
G. Franklin Lemond, Jr., Esq.
Webb Klase & Lemond, LLC
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
*Attorneys for William W. Powell, Jr., Faith Gofdon, Jeffrey Buffington, Jeanette Buffington, Lawrence D. Hough, Pamela J. Hough*

Anne P. McHugh, Esq.
Pellettieri Rabstein & Altman
100 Nassau Park Boulevard, Suite 111
Princeton, NJ 08543-5301
*Attorney for Virgilio S. Casayuran, Jr.*

Edward F. Feinstein, Esq.
Ellen M. Doyle, Esq.
Stember Feinstein Doyle & Payne, LLC
Allegheny Building, 17th FL
429 Forbes Avenue
Pittsburgh, PA 15219
*Attorney for Virgilio S. Casayuran, Jr.*

William C. Hearon, Esq.
Stewart Tilghman Fox & Bianchi
One Southeast Third Avenue
Miami, FL 33131
*Attorney for Melanie L. Garcia*

Ari Y. Brown, Esq.
Genessa A. Stout, Esq.
Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
*Attorneys for Alex Zankich, William Ruckter, Marc Martinez, Robert Lowe, Lori Aldana, Shane Parins ,Kara Parins*

Russell W. Budd, Esq.
Bruce W. Steckler, Esq.
Melissa K Hutts, Esq.
Baron & Budd, P.A.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Elizabeth A. Alexander, Esq.
Lieff Cabraser Heimann & Bernstein
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
*Attorney for Steven Yourke*

David M. Given, Esq.
Nicholas A. Carlin, Esq.
R. Scott Erlewine, Esq.
Phillips Erlewine & Given LLP
50 California Street, 35th FL
San Francisco, CA 94111
*Attorneys for Steven Yourke, Kristen Richards, Maxine Aarons Given*

Charles M. Delbaum, Esq.
Stuart T. Rossman, Esq.
National Consumer Law Center
Seven Winthrop Square, 4th FL
Boston, MA 02110
*Attorneys for Steve Yourke, Kristen Richards*

Stephen P. Willison, Esq.
Willison & Hellman PC
44 Grandville Avenue Southwest, Suite 200
Grand Rapids, MI 49503
*Attorneys for Michelle Gulley*

Bonney E. Sweeney, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101
*Attorney for Donald Kimenker*

| | |
|---|---|
| John Matthew Geyman, Esq.<br>John Wentworth Phillips, Esq.<br>Phillips Law Group PLLC<br>315 Fifth Avenue South, Suite 1000<br>Seattle, WA 98104<br>*Attorney for Alex Zankich, William Rucker* | Isam C. Khoury, Esq.<br>James Jason Hill, Esq.<br>Jeffrey James Geraci<br>Michael D. Singer<br>Cohelan Khoury & Singer<br>605 C. Street, Suite 200<br>San Diego, CA 92101<br>*Attorneys for John D. Kikland* |
| Burton H. Finkelstein, Esq.<br>Eugene J. Benick, Esq.<br>Rosemary M. Rivas, Esq.<br>Tracy D. Rezvani, Esq.<br>Finkelstein Thompson LLP<br>1050 Thirtieth Street Northwest<br>Washington, DC 20007<br>*Attorneys for Andrea Luquetta* | Joshua L. Ross, Esq.<br>Steve D. Larson, Esq.<br>Stoll Stoll Berne Lokting & Shlachter<br>209 Southwest Oak Street, 5th Floor<br>Portland, OR 97204<br>*Attorneys for Dolores Gutierrez* |
| Denyse Clancy, Esq.<br>Baron Budd LLP<br>3102 Oak Lawn Avemue, Suite 1100<br>Dallas, TX 75219<br>*Attorney for Vada Mitchell, Daisy Webb* | Chaim S. Setareh, Esq.<br>Law Office of Shaun Setareh<br>9454 Wilshire Boulevard, Penthouse Suite 3<br>Beverly Hills, CA 90212<br>*Attorney for Sandra Quarles* |
| Michael R. Comeau, Esq.<br>Comeau Maldegen Templeman & Indall LLP<br>P.O. Box 669<br>Santa Fe, NM 87504<br>*Attorney for Marc Martinez* | Marcus J. Bradley, Esq.<br>Marlin & Saltzman, Esq.<br>29229 Canwood Street, Suite 208<br>Agoura Hills, CA 91301<br>*Attorney for Sandra Quarles* |
| Miriam E. Zakarin, Esq.<br>TEVA North America<br>1090 Horsham Road<br>P.O. Box 1090<br>North Wales, PA 19450<br>*Attorney for Angela Walsh-Duffy, Brett Freeman* | Patricia N. Syverson, Esq.<br>Todd David Carpenter, Esq.<br>Bonnett Fairbourn Friedman & Balint PC<br>2901 North Central Avenue, Suite 1000<br>Phoenix, AZ 85012<br>*Attorneys for Josh Naehu-Reyes* |
| Norah Hart, Esq.<br>Treuhaft & Zakarin LLP<br>1011 Avenue of the Americas, 4th Floor<br>New York, NY 10000<br>*Attorney for Angela Walsh-Duffy, Brett Freeman* | Charles D. Marshall, Esq.<br>Green Welling PC<br>595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>*Attorney for Lacy Barras* |

| | |
|---|---|
| Alan M. Mansfield, Esq.<br>Consumer Law Group<br>9466 Black Mountain Road, Suite 225<br>San Diego, CA 92126<br>*Attorney for Katherine Anne Williams*<br><br>Howard Rubinstein, Esq.<br>914 Waters Avenue, Suite 20<br>Aspen, CO 81611<br>*Attorney for Katherine Anne Williams*<br><br>Marian S. Rosen, Esq.<br>Marian S. Rosen & Associates<br>5065 Westheimer, Suite 840<br>Houston, TX 77506<br>*Attorney for Katherine Anne Williams*<br><br>Alisha A. Marin, Esq.<br>James R. Patterson, Esq.<br>Harrison Patterson & O'Connor<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>*Attorneys for Josh Naehu-Reyes*<br><br>Brian J. Meenaghan, Esq.<br>Ronald E. Beard, Esq.<br>Randy Albert Englund, Esq.<br>Tara N. Gillespie, Esq.<br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Attorneys for Wells Fargo Bank, N.A.* | Gary Walker Jackson, Esq.<br>Jackson & McGee LLP<br>521 East Boulevard<br>Charlotte, NC 28203<br>*Attorney for Lacy Barras*<br><br>Jeffrey F. Keller, Esq.<br>Keller Grover LLP<br>425 Second Street, Suite 500<br>San Francisco, CA 94107<br>*Attorney for George Burke*<br><br>Lisa Marie Simonetti, Esq.<br>Alexandria Rose Kachadoorian, Esq.<br>Julia B. Strickland, Esq.<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East, Suite 1600<br>Los Angeles, CA 90067<br>*Attorneys for Citibank FSB, Citibank, Inc. Citibank (West), FSB, Citibank, N.A.*<br><br>Barbara J. Dawson, Esq.<br>Robert Matthew Kort, Esq.<br>Snell & Wilmer<br>400 East Van Buren<br>1 Arizona Center<br>Phoenix, AZ 85004<br>*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*<br><br>Ashley F. Cummings, Esq.<br>James M. Beach, Esq.<br>Lawrence J. Bracken, II<br>Hunton & Williams LLP<br>600 Peachtree Street Northeast, Suite 4100<br>Atlanta, GA 30308<br>*Attorneys for Wachovia Bank, N.A.* |

| | |
|---|---|
| Bryanne J. Schmitt, Esq.<br>David M. Jolley, Esq.<br>Emily Johnson Henn, Esq.<br>Margaret G. May, Esq.<br>Sonya Diane Winner, Esq.<br>Steven Duane Sassaman, Esq.<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111<br>*Attorneys for Wells Fargo Bank, N.A., Bank of America, N.A., Citibank, N.A., Wachovia Bank, N.A., J.P. Morgan Chase Bank, N.A., U.S. Bank, N.A., Union Bank, N.A., Wells Fargo & Co.*<br><br>Dori Katrine Stibolt, Esq.<br>Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>*Attorney for Wells Fargo Bank, N.A.*<br><br>Jay Earl Smith, Esq.<br>Smith Larsen & Wixom<br>1935 Village Center Circle<br>Las Vegas, NV 89134<br>*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*<br><br>Tracy L. Ashmore, Esq.<br>Holme Roberts & Owen LLP<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203<br>*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*<br><br>Barbara Viniegra, Esq.<br>James Randolph Liebler, Esq.<br>Liebler Gonzalez & Portuondo<br>Courthouse Tower<br>44 West Flagler Street, Suite 2500<br>Miami, FL 33130<br>*Attorney for Bank of America, N.A.* | James R. McGuire, Esq.<br>Rita Lin, Esq.<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Wachovia Bank, N.A., Wachovia Corp, US Bank, N.A., U.S. Bank, NA, U.S. Bancorp*<br><br>Sylvia Rivera, Esq.<br>Morrison & Foerseter LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013<br>*Attorney for U.S. Bank, NA, U.S. Bancorp*<br><br>Leda Dunn Wettre, Esq.<br>Robinson Wettre & Miller LLC<br>One Newark Center, 19th Floor<br>Newark, NJ 07102<br>*Attorney for Wachovia Bank, N.A.*<br><br>Tracy Thomas Cottingham, III<br>Hunton & Williams LLP<br>Bank of America Plaza<br>101 South Tryon Street, Suite 3500<br>Charlotte, NC 28280<br>*Attorney for Wachovia Bank, N.A., Wachovia Corp.*<br><br>Aaron Schur, Esq.<br>Sharon D. Mayo, Esq.<br>Arnold & Porter LLP<br>275 Battery Street, Suite 2700<br>San Francisco, CA 94111<br>*Attorneys for Bank of America, N.A., Bank of America Corp., Bank of America California* |

| | |
|---|---|
| Christopher Scott Tarbell, Esq.<br>Laurence J. Hutt, Esq.<br>Arnold & Porter LLP<br>777 South Figueroa Street, 44th FL<br>Los Angeles, CA 90017<br>*Attorneys for Bank of America, N.A., Bank of America Corp., Bank of America California*<br><br>Anne Marie Mortimer, Esq.<br>Hunton & Williams LLP<br>550 South Hope Street, Suite 2000<br>Los Angeles, CA 90071<br>*Attorney for Wachovia Corp.*<br><br>Alan G. Kipnis, Esq.<br>John M. Cooney<br>Arnstein & Lehr LLP<br>200 East Las Olas Boulevard, Suite 1700<br>Fort Lauderdale, FL 33301<br>*Attorney for Keybank National Association*<br><br>Jan T. Chilton, Esq.<br>John B. Sullivan, Esq.<br>Mark Douglas Lonergan<br>Peter Higgins Bales<br>Severson & Werson PC<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>*Attorneys for Union Bank, N.A., Unionbancal Corp.*<br><br>Todd D. Carpenter, Esq.<br>Bonnett Fairbourn Friedman & Balint PC<br>600 West Broadway, Suite 900<br>San Diego, CA 92101<br><br>Mark D. Flanagan, Esq.<br>Wilmer Cutler Pickering Hale & Dorr, LLP<br>1117 South California Avenue<br>Palo Alto, CA 94304<br>*Attorney for JP Morgan Chase Bank* | Barry R. Davison, Esq.<br>Hunton & Williams LLP<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 2500<br>Miami, FL 33131<br>*Attorney for Melanie L. Garcia, Celia Spears-Haymond, Mike Amrhein, Steve Yourke, April Speers, Estella A. Lopez, Alex Zankich, Cynthia Larsen, Andrea Luquetta, Wells Fargo Bank, N.A., Wachovia Bank, N.A., Bank of America, N.A., Wachovia Corp., Citibank, N.A. Bank of America California, Wachovia Bank, N.A., J.P. Morgan Chase Bank, N.A., U.S. Bank, NA, U.S. Bancorp, Bank of America Corp. Union Bank, N.A., Unionbancal Corp., Wells Fargo & Co.*<br><br>A. Stephen Hut, Jr., Esq.<br>Michelle Ognibene, Esq.<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1875 Pennsylvania Avenue Northwest<br>Washington, DC 20006<br>*Attorneys for J. P. Morgan Chase Bank, N.A.*<br><br>Alan E. Schoenfeld, Esq.<br>Christopher R. Lipsett, Esq.<br>David Sapir Lesser, Esq.<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>399 Park Avenue<br>New York, NY 1022<br>*Attorneys for J.P. Morgan Chase bank, N.A., JP Morgan Chase & Co.*<br><br>Andrew Bejamin Grossman, Esq.<br>Matthew D. Benedetto, Esq.<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>*Attorneys for J.P. Morgan Chase Bank, N.A.* |

C. Marie Eckert, Esq.
Cody J. Elliott, Esq.
Miller Nash LLP
111 Southwest Fifth Avenue, Suite 3400
Portland, OR 97204
*Attorney for U.S. Bank, N.A.*

Constance Melissa Ewing, Esq.
David B. Darden, Esq.
Eric Jon Taylor, Esq.
Nancy H. Baughan, Esq.
William J. Holley, II, Esq.
Parker Hudson Rainer & Dobbs
Marquis II Tower
285 Peachtree Center Avenue Northeast, Suite 1500
Atlanta, GA 30303
*Attorneys for Branch Banking and Trust Co., Regions Financial Corp., Regions Bank*

Alan S. Kaplinsky, Esq.
Martin C. Bryce, Jr., Esq.
Ballard Spahr Andrews & Ingersoll
1735 Market Street, 51st Floor
Philadelphia, PA 19103
*Attorneys for Huntington Banchsares, Inc., Huntington National Bank*

Michael Ross Tein, Esq.
Lewis Tein, Esq.
3059 Grand Avenue, Suite 340
Coconut Grove, FL 33133
*Attorneys for PNC Bank, National Association*

Geoffrey M. Johnson, Esq.
Scott & Scott
12434 Cedar Road, Suite 12
Cleveland, Ohio 44106

Joseph S. Tusa, Esq.
Whalen & Tusa, P.C.
33 West 19th Street, 4th FL
New York, NY 10011

Bruce W. Neckers, Esq.
John M. Lichtenberg, Esq.
Paul A. McCarthy, Esq.
Rhoades McKee PC
161 Ottawa Avenue Northwest, Suite 600
Grand Rapids, MI 49503
*Attorneys for Huntington Bancshares, Inc.*

Lindsey Elisa Bowen, Esq.
Lynette Eaddy Smith, Esq.
William H. Withrow, Jr., Esq.
Troutman Sanders LLP
600 Peachtree Street Northeast, Suite 5200
Atlanta, GA 30308
*Attorneys for SunTrust Banks, Inc.*

James A. Dunbar, Esq.
Venable LLP
210 West Pennsylvania Avenue, suite 500
Towson, MA 21204
*Attorney for M & T Bank Corp.*

John T. Prisbe, Esq.
Venable Baetjer & Howard
Mercantile Bank & Trust Building
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201
*Attorney for M & T Bank Corp.*

Richard D. McCune, Jr., Esq.
Jae Kook Kim, Esq.
McCune Wright LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
*Attorneys for Celia Spears-Haymond, Mike Amrhein, Frank Smith, Cynthia Larsen, Michelle Gulley*

Jospeh P. Guglielmo, Esq.
Scott & Scott LLP
500 Fifth Avenue, 40th Floor
New York, NY 10110

| | |
|---|---|
| Melissa L. Zujkowski, Esq.<br>Michael N. Ungar, Esq.<br>Ulerm & Berne<br>1100 Skylight Office Tower<br>1660 West Second Street<br>Cleveland, Ohio 44113 | David R. Scott, Esq.<br>Amanda F. Lawrence<br>Scott & Scott LLP<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415 |