**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL NO. 2036**

**FIRST TRANCHE**

**THIS DOCUMENT RELATES TO:**

***Lopez v. JPMorgan Chase Bank, N.A.***
**S.D. Fla. Case No. 1:09-cv-23127-JLK**

***Luquetta v. J.P. Morgan Chase Bank, N.A.***
**S.D. Fla. Case No. 1:09-cv-23432-JLK**
**C.D. Cal. Case No. CV09-6967-GHK**

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S JOINDER IN MOTIONS FOR CLARIFICATION OF DEFENDANTS WELLS FARGO, N.A., BANK OF AMERICA, N.A., AND UNION BANK, AND ALTERNATIVE REQUEST FOR LEAVE TO FILE MOTION FOR A MORE DEFINITE STATEMENT OUT-OF-TIME**

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby respectfully joins the motions for clarification of the Court's December 16, 2010 Discovery Order [Dkt. 1016] filed by defendants Wells Fargo, N.A. [Dkt. 1036], Bank of America, N.A. [Dkt. 1070], and Union Bank, N.A. [Dkt. 1103]. Chase seeks clarification for substantially the same reasons as are set forth in these other Defendants' motions, and hereby incorporates those motions by reference.

*In the alternative*, Chase respectfully requests leave to file a motion for a more definite statement. *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). Ordinarily such a motion must be made "before filing a responsive pleading." *Id.* In light of the Court's Discovery Order, Chase respectfully requests leave to file such a motion out-of-time in order to respond to the current difficulty in which Plaintiffs are unwilling to provide discovery concerning ambiguous claims.

As the Court recognized in its Discovery Order, the focus of Plaintiffs' two cases against Chase is a claim that it was wrongful for Chase to post debit card transactions, during certain periods, in largest-to-smallest order. The Court held that this is the "alleged common nucleus of specific facts pled," and that "controlling in this litigation is what the parties agreed to in their contracts." Discovery Order [Dkt. 1016] at 2, 10-11. As discussed at the hearing on discovery motions, leading to the Discovery Order, the complaints also include, however, ambiguous claims that the bank engaged in *other* conduct, distinct from debit posting order, that was also allegedly improper. The complaints do not plead any specifics about these *other* claims, nor do

the complaints allege that any of the Plaintiffs actually suffered injury as a result.[1/] Chase (and other Defendants) previously moved to dismiss these ambiguous claims under Rule 12, which motion the Court denied. [Dkt. 217, 222, 305, 325, 532.] In its June 1, 2010 ruling, the Court said that "this issue is better addressed after discovery is taken and the facts are more clearly known to all parties." Order [Dkt. 532] at 3. The Court made its ruling expressly without prejudice to renewal at the end of discovery. *Id.*

Chase accordingly propounded discovery concerning these *other* claims.[2/] Plaintiffs refused to produce requested information, and Chase moved to compel. [Dkt. 693.] However, after a hearing on Chase's motion to compel, based on further consideration about the nature of the claims, the Court has denied the discovery in its Discovery Order. [Dkt. 1016.]

The case is left in this position: On the one hand, the Court has ruled that Plaintiffs' claims *other* than about posting should not be dismissed at this time even though they are very ambiguous, and on the other hand discovery does not seem to be working to identify what plaintiffs are claiming.

At the hearing on the motions to compel, the Court observed as follows:

> THE COURT: And isn't that tested by motion to dismiss, *motion for more definite statement*? You deal with that, you see, at the pleading stage, which we've already gone through, and we've had that.

---

[1/] For example, Plaintiffs appear to allege that Chase improperly did not obtain affirmative consent from a customer before approving transactions that might overdraw the account, misled Plaintiffs by failing to provide accurate balance information, delayed posting of transactions to increase fees, charged exorbitant overdraft fee amounts, and assessed overdraft fees when customers had sufficient funds in their accounts. Lopez Am. Compl. [Dkt. 347] ¶ 29; Luquetta Am. Compl. [Dkt. 348] ¶ 28.

[2/] For example, Chase asked Plaintiffs to identify any fees they claim to be improper for reasons *other* than highest-to-lowest posting and to identify communications with Chase in which Plaintiffs claim to have been misled about alleged practices. *See* Chase Mot. to Compel [Dkt. 693] at 6.

> And once you get the pleadings fixed, then you go to the discovery stage where you discover and seek evidentiary material.

Tr. of Hr'g, Dec. 8, 2010, at 24-25 (emphasis added).

The Court's statement would seem to recognize a motion for a more definite statement as a potentially useful tool here. Ordinarily such a motion would be filed before an answer, and here an answer has already been filed. But discovery does not appear to be working to clarify the matters at issue, and a motion for a more definite statement can serve the litigation process by requiring Plaintiffs to identify with specificity what they are claiming *other than largest-to-smallest debit posting order*, including any alleged injury to themselves—so that the Court and Defendants can then proceed through normal pretrial process to focus appropriately on the issues and relevant facts.

## CONCLUSION

Chase joins the motions for clarification filed by other Defendants, and in the alternative requests leave to file a motion for a more definite statement.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Chase certifies that it conferred with Plaintiffs' counsel on January 12, 2011 and January 27, 2011, in a good faith effort to resolve the need for filing this motion. The parties were not able to resolve their differences as to the issues raised herein.

Dated: January 28, 2011

HOMER BONNER, P.A.

/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING
HALE AND DORR LLP
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

A. Stephen Hut, Jr.
(stephen.hut@wilmerhale.com)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and/or parties in the above-captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer