**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

**THIS DOCUMENT RELATES TO:**

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF WELLS FARGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING WELLS FARGO'S RETENTION OF TRANSACTION DATA**

I, David M. Jolley, declare as follows:

1. I am an attorney at the law firm of Covington & Burling LLP. I represent Wells Fargo Bank, N.A. ("Wells Fargo") in the above-entitled actions. I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2. I previously represented Wells Fargo in *Veronica Gutierrez v. Wells Fargo & Co.*, Case No. 07-5923 WHA (N.D. Cal.) ("*Veronica Gutierrez* litigation"), in which several of

the same plaintiffs' counsel as represent plaintiffs in this litigation (including members of the Plaintiffs' Executive Committee) tried a case against Wells Fargo on behalf of a class of California customers on claims similar to those presented here. Plaintiffs tried their case using the exact same types and sources of consumer transaction information that are currently available to them now.

3. As a result of the *Veronica Gutierrez* litigation, plaintiffs' counsel have known about the details of Wells Fargo's data retention policies at issue in this motion since at least July 2008 when Wells Fargo described their retention policies in a declaration filed with the district court in connection with the plaintiffs' motion for class certification in that case.

4. In late 2009, in conjunction with this MDL litigation, the parties participated in the preliminary discussions required by Rule 26, which specifically instruct the parties to discuss any issues about preserving discoverable information, including "issues about disclosure or discovery of electronically stored information." Plaintiffs did not raise preservation of data showing available balance at the time of debit-card authorization as a concern at that time.

5. Since that time, plaintiffs have served over 70 document requests in this litigation, met and conferred with Wells Fargo repeatedly about those requests, and even filed motions to compel regarding production of certain documents. At no point during this process did plaintiffs suggest that Wells Fargo's data retention practices were deficient.

6. In a letter written on December 23, 2010, plaintiffs for the first time raised concerns about Wells Fargo's retention practices concerning debit-card timestamps and available balance information. Plaintiffs have attached this letter as Exhibit I to the Declaration of Roger N. Heller (DE #1089-1). Shortly thereafter, plaintiffs filed this motion.

7. Attached as **Exhibit A** is a true and correct copy of selected portions of the Responses of Defendant Wells Fargo Bank, N.A. to Plaintiffs' First Set of Interrogatories.

8. Attached as **Exhibit B** is a true and correct copy of selected portions of Dawn Avrech's March 4, 2010 trial testimony during the *Veronica Gutierrez* litigation.

9. Attached as **Exhibit C** is a true and correct copy of selected portions of the Responses of Wells Fargo Bank, N.A. to Plaintiffs' First Request for Production.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 31, 2011, in San Francisco, California.

By: s/David M. Jolley