# EXHIBIT B

**DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF WELLS FARGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING WELLS FARGO'S RETENTION OF TRANSACTION DATA**

Volume 6

Pages 1037 - 1264

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

VERONICA GUTIERREZ, ERIN WALKER, and WILLIAM SMITH, as individuals and on behalf of all others similarly situated,

Plaintiffs,

vs.

WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; and DOES 1 through 125,

Defendants.

NO. C 07-05923-WHA

San Francisco, California
Tuesday
May 4, 2010
7:30 a.m.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiffs**

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
(415) 956-1000

**BY: RICHARD M. HEIMANN**
**ROGER HELLER**
**BARRY R. HIMMELSTEIN**
**MICHAEL W. SOBOL**

(Appearances continued on next page)

**Reported by Lydia Zinn CSR #9223, RPR, FCRR**
**Belle Ball, CSR #8785, RMR, CRR**
Official Reporters - U. S. District Court

(Trial Exhibit 223 marked for identification)

**THE COURT:** All right. Any questions over there, Ms. May?

**MS. MAY:** Yes.

**REDIRECT EXAMINATION**

**BY MS. MAY**

**Q.** You testified that RDS transforms Hogan's declined codes into codes required by Visa or FDR?

**A.** Correct.

**Q.** What are possible codes that RDS may send to Visa to then go to the merchant?

**A.** They would have the general authorization or general decline. I'm just trying -- you know, exceeding, perhaps, a daily dollar limit. And I'm not sure of all of them. And again, I'm not really specific. I don't know really all of the codes that go back between Visa and the merchant.

**Q.** Can RDS send information that a transaction is approved into insufficient funds to the merchant?

**A.** Well, it would go back to Visa.

**Q.** Can it send that message to Visa?

**A.** Well, we send it to Visa. I'm not sure if they truly send it to the merchant or not, again, because I don't have the interface to that merchant processor.

**Q.** Is it possible to send a message that the transaction is approved into insufficient funds?

**A.** Do you mean, like, a text description or --

**Q.** Yes.

**A.** Not at this time. I don't believe any of the devices could be set out. Right now, they're not -- it's basically, you send a response back, back to the merchant.

**Q.** And the -- what rules or regulations, if any, determine with a responses can be sent back?

**A.** It's governed by the network processor that you go through. And that would be in, again, like a Visa or an FDR. They have a standard message format. And then they have kind of their rules and regulations on how the transactions are processed.

**MS. MAY:** That's all I have. Thank you.

**THE COURT:** Well, can I ask a clarifying question on what you just covered? I want to make sure that -- that -- I think what Counsel was asking you is the following, but let me make a different type of question.

You testified that Hogan can give you two different approval possibilities. One is approved, and there's sufficient funds. Second is approved, not sufficient funds, so it goes into overdraft, right?

Let's make sure. I want to stop there. Is that part correct?

**THE WITNESS:** Well, you could have insufficient funds. And then, if Hogan authorizes against using overdraft.