# EXHIBIT C

**DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF WELLS FARGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING WELLS FARGO'S RETENTION OF TRANSACTION DATA**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

**THIS DOCUMENT RELATES TO:**

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186
W.D. Wash. Case No. C-08-1476-RSM

**RESPONSES OF DEFENDANT WELLS FARGO BANK, N.A. TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "the Bank") hereby responds to the First Request for Production by plaintiffs Dolores Gutierrez, Karen and Edward Wickman, Michael Dehn, Marc Martinez, Ivy Graham, Alex Zankich, and William Rucker as follows.

## I. GENERAL OBJECTIONS TO ALL DOCUMENT REQUESTS

1. Wells Fargo objects to these requests and accompanying definitions insofar as they seek to impose obligations beyond those established by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Florida.

objects to this request to the extent it purports to require the production of every single notice or message sent to every single customer (such as account statements to customers containing statement messages), as such a request would be overbroad, unduly burdensome, invasive of the privacy of non-party customers, and not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of these objections and limitations, Wells Fargo will perform a reasonable search and produce, to the extent found, exemplars of any generalized contracts between the Bank and its customers in connection with consumer checking accounts from January 1, 2002, to December 31, 2009.

**REQUEST FOR PRODUCTION NO. 7:** For each transaction that was the basis for an overdraft fee you assessed against an account held by each named Plaintiff in this action, produce all documents reflecting: (a) the date and time the transaction was initiated; (b) the date and time the transaction was authorized; (c) the date and time you first received notice of the dollar amount of the transaction; (d) the amount of available funds in the account being debited at the time the transaction was initiated; (e) the amount of available funds in the account being debited at the time you first received notice of the dollar amount of the transaction; (f) the amount of available funds in the account being debited at the time the transaction was authorized; and (g) the date and/or time an overdraft fee was charged to the account based on the transaction.

**RESPONSE:** Wells Fargo incorporates each of its General Objections as if set forth verbatim herein. Wells Fargo further objects to subpart (a) of this request insofar as it seeks the production of documents that are not within the Bank's possession, custody, or control. Wells Fargo also objects to plaintiffs' use of the undefined term "authorized" as vague,

ambiguous, and overbroad insofar as plaintiffs do not specify whose "authorization" they refer to, or what aspect of a transaction the "authorization" in question relates to. Insofar as the request seeks the production of documents concerning "authorization" by Wells Fargo, it is unintelligible with respect to some of the types of transactions to which this Request refers. Wells Fargo further objects to this request as vague, ambiguous, and overbroad to the extent it calls for "all documents" and in its use of the term "reflecting." Wells Fargo further objects to this request to the extent it calls for the production of documents that are not relevant to the accounts, transactions, or fees at issue and is therefore not reasonably calculated to the discovery of admissible evidence.

Subject to and without waiving any of the preceding objections and limitations, and to the extent that such data is available and can be found through a reasonable search, Wells Fargo will produce documents from January 1, 2002, to May 31, 2010, sufficient to show the date and time the Bank authorized any transaction for which it provided authorization, the date on which the Bank posted each transaction to plaintiffs' checking account, and the date on which an overdraft fee was charged to the account for plaintiffs' consumer checking accounts for which account numbers have been provided. The Bank does not routinely maintain records containing the remaining categories of information listed in this request, although in some instances, some of it can be inferred from records that are maintained for other purposes; such records from January 1, 2002, to May 31, 2010, to the extent they exist, will also be produced for plaintiffs' consumer checking accounts for which account numbers have been provided.

**REQUEST FOR PRODUCTION NO. 8:** For each named Plaintiff in this action, produce all documents reflecting the specific criteria and dollar amounts upon which you determined whether or not transactions would be approved where such approval would cause an