**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

**THIS DOCUMENT RELATES TO:**

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**DECLARATION OF PAUL WILLIAMSON IN SUPPORT OF WELLS FARGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS REGARDING WELLS FARGO'S RETENTION OF TRANSACTION DATA**

I, Paul Williamson, declare as follows:

1. I am a Technology Manager at Wells Fargo Bank, N.A. ("Wells Fargo") knowledgeable about Wells Fargo's systems architecture and data retention in connection with settlement of debit-card transactions, including the Settlement System. I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2. Electronic authorization requests for debit-card transactions are initially received at Wells Fargo by the RDS system. Information associated with each authorization

request is then transmitted between RDS and Hogan as needed to complete the debit card authorization process.

3. Wells Fargo does not store debit-card transaction authorization data long-term on these computer processing systems. Rather, this information is gathered by the Settlement System, which compiles authorization data for long-term storage into "authorization reports." The debit card authorization timestamp information in these authorization reports is the same real-time timestamp information received by RDS during the authorization process. It is no different or less complete than the debit card real-time authorization timestamp information that passes through any of Wells Fargo's other processing systems.

4. Wells Fargo has been preserving debit card authorization timestamps in these authorization reports since at least January 1, 2002. It is my understanding that these authorization reports have been preserved for litigation purposes since before this litigation began.

5. The timestamp for every debit card authorization request received by Wells Fargo is recorded in the authorization reports. Obviously, the authorization reports cannot contain authorization timestamps for debit-card transactions that were never submitted to the bank for authorization in the first place.

6. It is my understanding that if Wells Fargo were forced to store the data in the authorization reports on the authorization system itself, the system would quickly become overwhelmed, affecting its ability to function.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 31, 2011, in Chandler, Arizona.

By: ______________________
Paul Williamson