**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:**

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

**REPLY MEMORANDUM OF DEFENDANT WELLS FARGO BANK, N.A.**
**IN SUPPORT OF MOTION FOR CLARIFICATION**

**I.     INTRODUCTION**

In moving for clarification of the Court's prior rulings, Wells Fargo respectfully requests that the Court resolve two basic questions: (1) whether or not practices other than the bank's high-to-low debit-card posting order are properly at issue in this litigation; and (2) whether or not facts concerning the parties' expectations and motivations are relevant. If these things are relevant and at issue, Wells Fargo is clearly entitled to discovery on them. If they are *not* relevant, then *neither* side should be taking discovery on them and a mechanism should be found to eliminate them formally from the case.

Plaintiffs' opposition attempts to muddy the waters by discussing irrelevant issues not raised in Wells Fargo's motion and accusing the bank of trying to re-litigate issues already decided by the Court. Nothing could be further from the truth. Wells Fargo is not, for example, seeking reconsideration of the Court's holding with respect to the timing of contention interrogatories. Opp. at 5-7. Wells Fargo seeks only to understand what claims the Court regards as properly at issue in this case and to clarify its entitlement to discovery on the *facts* relating to those claims.

The Court has given conflicting guidance on these issues. When Wells Fargo moved to dismiss the complaints' generic, nonspecific claims about bank practices other than posting order on the ground that plaintiffs had not pled those claims with sufficient specificity, the Court held that the relevant facts could be learned through discovery. But when Wells Fargo moved to compel responses to discovery requests seeking those very facts, the Court appeared to hold that such facts are not relevant. Similarly, although plaintiffs' complaints allege that Wells Fargo did not fulfill their "expectations" about certain bank practices, the Court has rejected on relevance grounds Wells Fargo's discovery requests asking what each individual plaintiff's expectations actually were and where those expectations came from.

1

Thus, on the one hand, the Court has left vague claims about other bank practices and "expectations" in the case, leaving it to discovery to develop the facts; yet on the other hand, the Court has seemingly concluded that Wells Fargo is not entitled to discovery of those facts because these issues are not relevant after all.

These are not mere abstract concerns. Plaintiffs clearly believe these issues are still integral to their claims and are aggressively pursuing discovery from Wells Fargo about them. Either the other bank practices and the parties' "expectations" are relevant and *both* Wells Fargo and plaintiffs are entitled to discovery about them or these things are not relevant and *neither* side is entitled to discovery about them. Wells Fargo does not believe the Court intended to impose an unfair result or a double standard here. It has accordingly sought clarification from the Court to resolve this apparent conundrum.

## II.   ARGUMENT

Notwithstanding plaintiffs' attempt to create confusion by arguing about issues that were not raised in Wells Fargo's motion (such as contention interrogatories or requests for documents in the possession of both parties, Opp. at 4-5), this motion focuses exclusively on two fundamental inconsistencies in the Court's prior rulings as to which the bank has requested clarification.

### 1.   Practices Other Than Posting Order

First, there is a seeming inconsistency in the Court's rulings involving whether bank practices other than posting order are at issue here and subject to discovery.

In its June 1, 2010 Order (DE # 532), the Court deferred ruling on defendants' argument under Rule 12 that either (i) the litigation should be confined to claims challenging the bank's posting order, which were the only ones as to which the named plaintiffs had pled any supporting facts or (ii) plaintiffs should be required to amend their Complaints to alleged specific

2

facts demonstrating their standing to assert claims related to practices other than posting order.[1] The Court held that "this issue is better addressed after discovery is taken and the facts are more clearly known to all parties." DE # 532 at 3. Yet when Wells Fargo sought discovery of those facts, plaintiffs refused to provide any substantive response. They refused even to identify which specific plaintiffs in these multi-plaintiff cases claim to have been harmed by which other practices.[2] When Wells Fargo moved to compel, the Court agreed at oral argument that the bank is entitled to know which practices each individual plaintiff challenges.[3] Yet the ensuing Discovery Order appeared to hold that the information the bank sought was not relevant. *See* DE # 1016 at 10. And plaintiffs have made it clear that they will not provide this discovery unless ordered to do so.

Thus, the Court declined to dismiss vaguely pled claims about these practices pending development in discovery of the facts about plaintiffs' experiences with those practices; yet Wells Fargo has been denied discovery on those very facts.

Plaintiffs erroneously contend that there is no conflict here because the Court denied Wells Fargo's motions to compel only on the basis that "the disputed interrogatories are premature and improper," not on the basis that the interrogatories seek irrelevant information. *See* Opp. at 12. But the only interrogatories that the Court held to be premature were contention interrogatories. *See* DE #1016 at 5-7. An interrogatory asking a plaintiff to identify the practices he or she challenges and the facts underlying his claims is *not* a contention interrogatory. *See,*

---

[1] DE # 532; *see also* Defendants' Motion to Clarify (DE # 325) at 6.

[2] *See, e.g.*, Motion to Compel Discovery from the *Martinez* and *D. Gutierrez* Plaintiffs Ex. C (DE # 910-3) at 9-10, 14-15 (plaintiff Marc Martinez's response to Interrogatory Nos. 5 and 11 propounded by Wells Fargo).

[3] *See* Dec. 8, 2010 Status Conf. Tr. ("Dec. 8, 2010 Tr.") (DE # 1010) at 69, 73-74.

3

*e.g.*, *United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, 2005 WL 1971885, at *1-2 (E.D. Pa. Aug. 15, 2005) (holding that interrogatories that sought "information that formed the basis of" the complaint's allegations, as opposed to facts supporting a particular legal position, were not contention interrogatories).[4]  The Court has never held that defendants cannot pursue discovery now about the facts underlying the plaintiffs' claims in these cases.

Plaintiffs argue that "it is clear from the operative complaints that each named Plaintiff alleges he or she was subjected to, and harmed by, *all* of the unfair practices alleged." Opp. at 8.  With respect, this is simply not true.  The operative complaints offer no facts tying any particular plaintiff to any experience whatsoever with any banking practice other than high-to-low posting order.  Plaintiffs' Opposition cites paragraphs of the complaints that make sweeping conclusory allegations about various practices (Opp. at 8), but those paragraphs do not mention a single plaintiff by name, much less allege that any plaintiff was injured by any of those practices.  For example, the complaints allege that Wells Fargo provides misleading information on its website, *e.g.*, *D. Gutierrez* SAC ¶ 56-58 (DE #354), but nowhere is it alleged that any specific plaintiff actually saw or relied on any such communications.  Similarly, the complaints allege that "Wells Fargo provides inaccurate balance information to its customers through its electronic network," *e.g., id.* ¶ 59, but nowhere is it alleged that any specific plaintiff actually received such inaccurate information from the bank.

Nor is this gap filled by counsel's generalized representation in their Opposition that every plaintiff was, in some unidentified fashion, affected by every practice mentioned.  A

---

[4] *See also Salter v. I.C. Sys., Inc.*, 2005 WL 3941662, at *1 (D. Conn. May 3, 2005) (contention interrogatories serve "to permit the propounding party to discover the theory of the responding party's case").

4

statement by counsel in a brief is no substitute for factual allegations in a complaint or verified interrogatory responses. *See* Fed. R. Civ. P. 33(b)(3), (5) (requiring interrogatory responses to be signed under oath); *Estrada v. Palm Beach Metro Transp., LLC*, 2008 WL 1995097, at *1 (S.D. Fla. May 7, 2008) (same). If it were truly the case that every plaintiff was harmed by every practice (which is highly unlikely), then it should not be difficult for each plaintiff to identify the facts known to him about his own encounter with each such challenged bank practice. But plaintiffs have refused to do so – even as they continue aggressively to seek discovery from Wells Fargo on all of those same bank practices. *See* Mot. Exs. B, C; Plaintiffs' Motion to Compel Discovery (DE # 1033) at 3, 7, 12 (seeking information and documents relating to practices other than posting order); *see also, e.g.*, DE # 1033-1 at 30, 35-38, 47 (Request for Production Nos. 23, 37-38, 43).

Either this litigation includes claims about bank practices other than posting order, in which case Wells Fargo is entitled to discovery of the pertinent facts as to each plaintiff, or the litigation does not involve such claims, in which case they are not a proper subject of discovery for anyone. This is the key question on which Wells Fargo seeks clarification.

### 2. Claims and Discovery about "Expectations"

Second, there is a conflict involving whether the parties' "expectations" are relevant. At the December 8 hearing, the Court expressed the view that plaintiffs' allegations about their expectations are "nonsense" and indicated that discovery about parties' expectations was not necessary because such evidence could not be introduced at trial. Dec. 8, 2010 Tr. at 76. In its ensuing Discovery Order, the Court held that "[c]ontrolling in this litigation is what the parties agreed to in their contracts" and that anything outside that subject area was "immaterial" and not a proper subject of discovery. *See* DE #1016 at 4, 11. Yet plaintiffs' complaints allege that the bank is liable to them because their "expectations" were not satisfied. *See D. Gutierrez*

5

SAC ¶ 47; *Martinez* SAC ¶ 46; *Garcia* SAC ¶ 48; *Spears-Haymond* Third Amended Complaint ¶ 41.  If "'expectations' are entirely immaterial," and "[c]ontrolling in this litigation is what the parties agreed to in their contracts," DE #1016 at 11, then any claims that involve "expectations" should be dismissed to narrow the scope of litigation and ongoing discovery efforts on *both* sides.

Plaintiffs cannot make up their minds about whether they accept the Court's conclusions on the irrelevance of "expectations."  On the one hand, they agree that they should not be required to answer interrogatories about their personal expectations.  Opp. at 10.  Yet they have certainly not agreed that these claims in their complaints are no longer operative.  And they have moved to compel discovery from Wells Fargo about the bank's own "motives" and its understanding of customer "expectations."  *See* DE # 1033 at 3, 8.  In short, plaintiffs want to have their cake and eat it too.

Plaintiffs misleadingly claim that the Court has held that "their objectively reasonable and justified expectations" are relevant – citing one of their own briefs and the Court's opinion in a *different case*.  Opp. at 10-11.  Leaving aside this mis-citation, if plaintiffs actually believe that their "objectively reasonable and justified expectations" are relevant, each of them clearly has an obligation to tell Wells Fargo what his or her expectations actually were and the specific sources of those expectations.

Plaintiff Marc Martinez, for example, cannot claim that Wells Fargo violated his "expectations" based on what his *lawyers* contend his expectations "objectively" would have been based on an advertisement he never saw.  Similarly, plaintiff Celia Spears-Haymond cannot represent a class purporting to challenge the bank's fulfillment of "objectively reasonable" expectations that might hypothetically be derived from statements by the bank that were never

6

made to her. These cases are brought by real people with real experiences in the world, and if they are claiming injury from those experiences Wells Fargo is entitled to know the facts of what those experiences were.

Once again, plaintiffs cannot have it both ways. If "expectations" are relevant, Wells Fargo is entitled to the pertinent facts concerning those expectations. If they are *not* relevant, then plaintiffs' claims and allegations based on such expectations should be dismissed and plaintiffs should also be precluded from seeking discovery from the bank on that topic.

Clarification of these issues is essential to Wells Fargo's ability to mount a defense in this litigation. As long as the scope of the claims at issue remains unclear, Wells Fargo is in the untenable position of defending itself against vague, amorphous claims without the ability to obtain crucial discovery about them. Wells Fargo accordingly asks that the Court clarify its own views on these issues and provide appropriate guidance on how they are to be addressed going forward.

## III.   CONCLUSION

Wells Fargo requests that the Court either (a) establish a procedure to remove claims from the litigation involving "expectations" and bank practices other than posting order, either through a renewed motion for judgment on the pleadings or a partial motion for summary judgment, or (b) to confirm that Wells Fargo is entitled to the discovery it seeks on these subjects.


DATED: February 3, 2011

COVINGTON & BURLING LLP

By:   s/Sonya D. Winner

Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-7400
Facsimile: (650) 632-4800

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
HUNTON & WILLIAMS
Florida Bar No. 728861
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

s/David M. Jolley
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091