IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Townsend v. Wells Fargo Bank & Co., et al.*<br>S.D. Fla. Case No. 1:10-cv-21834-JLK<br>C.D. Cal. Case No. CV 10-550 ODW | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF
JPMORGAN CHASE BANK, N.A. AND JPMORGAN CHASE & CO.
TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION**

This is Chase's reply brief in support of its motion seeking a stay of the above-captioned case brought by *pro se* plaintiff Robert Townsend, which Chase filed on January 25, 2011.[1] Townsend filed his opposition ("Opp.") on February 7. [Dkt. No. 1141.]

## INTRODUCTION

Chase's opening brief showed that Townsend entered into binding arbitration agreements, *see* Mem. 4-5; that the arbitration agreements cover Townsend's claims, *id.* at 5; that the agreements require Townsend to arbitrate his claims against the parent company as well as the bank, *id.* at 6-7; and that Townsend's claims against Chase should be stayed regardless of whether his claims against Wells Fargo proceed to litigation, *id.* at 7-8.

---

[1] Motion of JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. to Stay Proceedings in Favor of Arbitration and Incorporated Memorandum of Law ("Mem.") [Dkt. No. 1094].

Townsend does not dispute any of this. He concedes the existence of his agreements to arbitrate with Chase. He does not advance any evidence or argument that he was unaware of, or unable to understand, the arbitration provisions in his Chase agreements. He does not advance any evidence or argument that he would be unable to vindicate his claims through arbitration. Nor does he claim that enforcement of his arbitration agreements would disadvantage him in any other way. Townsend is suing *pro se* and on an individual basis, *not as part of any class action*, and he does not contend that enforcement of arbitration in his case would disadvantage any *other* Chase customer, either.

Accordingly, Townsend's arbitration agreement with Chase should be enforced as the FAA requires. Townsend's brief seeks to piggy-back on arguments advanced in separate class-action cases proceeding against Chase in this MDL, where it is contended that Chase had waived arbitration of those class actions, and that arbitration terms should not be enforced in the class-action context. But those contentions, even if they had merit in the other cases, are inapplicable to Townsend because his case is not a class action. The FAA prescribes that Townsend bears the burden to establish that arbitration is improper in *his* case if he is to avoid his admitted arbitration agreements. Townsend has not made any such showing.

## ARGUMENT

I.  **Chase Did Not Waive Arbitration**

Townsend contends that Chase "affirmatively waived [its] right to arbitrate claims." Opp. 2-3. But Townsend's waiver argument is unsupported by any showing that Chase has engaged in any conduct ("affirmative" or otherwise) that constitutes waiver of arbitration in this case, much less any such conduct that has prejudiced him.

### A. Townsend Bears A "Heavy Burden" In Resisting Arbitration

Townsend bears a "heavy burden" if he seeks to establish an arbitration waiver. *Citibank, N.A. v. Stok & Assocs., P.A.*, No. 09-13556, 2010 WL 2825491, at *2 (11th Cir. July 20, 2010) (unpublished) ("Because federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.") (citation omitted). He must show both (a) waiver conduct by Chase regarding his case, and (b) that he was prejudiced. As the Eleventh Circuit has said, this requires evidence that, "first, . . . under the totality of the circumstances, [Chase] has acted inconsistently with the arbitration right, and, second, . . . [Chase] has in some way prejudiced the other party." *Id.* (citing *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-1316 (11th Cir. 2002) and *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)); *see also Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) (waiver only occurs "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party"). Arguments about waiver are particular to the case; Townsend must show that Chase waived its arbitration right *with respect to him*, and that *he himself* was prejudiced by Chase's conduct. He has not shown any of this.

### B. Chase Did Not Waive Arbitration In This Litigation

#### 1. Chase Did Not Delay Invoking Arbitration Against Townsend And Did Not Participate In Litigation Activity Constituting A Waiver

Townsend does not claim that Chase delayed invoking arbitration in this case, or that Chase has engaged in any litigation activities inconsistent with invocation of arbitration in this case, or that Chase has engaged any other conduct vis-à-vis his claims that could constitute of waiver of arbitration. On the contrary, Chase notified Townsend by letter on June 11, 2010, just eight days after his case was transferred to this Court, that it was invoking arbitration as to his

claims. Mem., Ex. 1. Chase's original motion to enforce Townsend's arbitration obligations was the very first filing by Chase in this case since it arrived in this Court. (The only action Chase took in the transferor court was to stipulate to a stay of proceedings pending the JPML process.) Finally, Chase filed the instant motion to stay only six days after this Court reinstated Townsend's complaint upon Townsend's motion for reconsideration. *See* Dkt. No. 1059.

Townsend claims that Chase "only belatedly attempt[ed] to compel arbitration" in the *Luquetta* class action case. Opp. 3. But *his* lawsuit is a separate suit, between separate parties, raising separate claims, and has never been on the same timetable as *Luquetta*.[2] When Chase moved to dismiss the *Luquetta* case as it stood in 2009, Townsend had not even filed his lawsuit yet; and every other event claimed to constitute a waiver of arbitration in *Luquetta* occurred before Townsend's lawsuit was even transferred to this Court on June 3, 2010. Actions taken by Chase in a different case, involving different parties, before Townsend's case was even here, cannot constitute "act[ing] inconsistently with the arbitration right" *in this case*. *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1113 (C.D. Cal. 2002) ("[T]o hold that defendant can no longer assert its right to compel arbitration simply because it did not assert that right in another case is absurd. . . ."); *see also Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 132 (2d Cir. 1997); *In re Onstar Contract Litig.*, MDL No. 1867, 2009 WL 3270577, at *5 (E.D. Mich. Oct. 2, 2009) (waiver of arbitration in one case does not constitute waiver in separate case); *McGinnis v. T-Mobile USA, Inc.*, No. C08-106Z, 2009 WL 4824002, at *3 (W.D. Wash. Dec. 9, 2009) (same); *Lawrence v. HouseholdBank (SB), N.A.*, 343 F. Supp. 2d 1101, 1113 (M.D. Ala. 2004) (same).

---

[2] The scheduling order issued by the Court on May 13, 2010, governing the *Luquetta* case does not apply to the *Townsend* case (which had not then been transferred to this Court). [Dkt. No. 463.] No scheduling order has been issued for the *Townsend* case.

### 2. Townsend Was Not Prejudiced

Even if Chase had "participated in litigation to a point inconsistent with an intent to arbitrate" with Townsend, Townsend would have the burden to show that Chase's action had "result[ed] in prejudice" to him. *Morewitz*, 62 F.3d at 1366. But Townsend does not claim any such prejudice. He does not contend he took any step in this litigation in reliance on an understanding that Chase would not seek to require arbitration. Indeed, there have been no proceedings herein *other than* about arbitration. Nor does Townsend claim that any action by Chase in *Luquetta* has prejudiced him in this case, which is, as already noted, a separate lawsuit, involving separate parties, on a separate track.

### C. Chase Did Not Forswear Arbitration With Townsend

Although his brief is not clear, Townsend may also be attempting to argue that Chase waived its right to arbitrate on a theory that it "publicly disavowed enforcement" of its arbitration agreements. Opp. 2. If Townsend does mean to advance such an argument, it should be rejected as well. Townsend concedes that his Chase deposit account agreements call for arbitration, and he advances no evidence that Chase has ever disavowed arbitration of disputes under such agreements. And, as above, Townsend does not claim that he relied on any such purported disavowal or otherwise suffered prejudice.

First, Chase has shown through the uncontested declaration of its employee, Rhonda Pettit, filed with its motion herein, that Townsend's account agreements have an explicit, written arbitration provision, *and* "[t]he arbitration provision . . . has not been amended." Pettit Decl. [Dkt. No 1095] ¶ 19. Townsend does not disagree. Townsend does not advance any evidence or contention that Chase has ever withdrawn from or disavowed the arbitration provision in his deposit account agreements, or that Chase has ever communicated to him in any way that it intended to do so. An *affiliate*, whose business is limited to credit cards, has stated that *it* will

- 5 -

stop seeking enforcement of *its* arbitration agreements in most *credit-card* disputes. But Townsend does not contend this relates to deposit accounts (which is what his claims are about) or to him in any way; his brief expressly acknowledges it relates to "*other* consumer matters." Opp. 3 (emphasis added). Moreover, Townsend has not alleged that he is a customer of the credit-card bank. Nor does anything in Townsend's deposit account agreements provide that the actions of the credit-card bank relieve Townsend from his obligations to arbitrate deposit-account claims. Indeed, the settlement agreement is *explicit that it does not cover debit cards*.[3]

Second, Townsend does not contend he has suffered any prejudice. He does not claim that he has relied on any "disavowal" of arbitration by the credit-card affiliate, or anyone else, or that any other action by any Chase entity has prejudiced in any way the progress of this case. Absent proof of prejudice, which is Townsend's burden, the arbitration agreements are due to be enforced, even if Chase herein *had* "acted inconsistently with the arbitration right." *Stok*, 2010 WL 2825491, at *2; *see also Ivax*, 286 F.3d at 1315-16; *Morewitz*, 62 F.3d at 1366; *S & H Contractors*, 906 F.2d at 1514.

## II.     Townsend, Who Bears The Burden, Has Advanced No Basis To Avoid His Arbitration Agreements As Unconscionable

To avoid arbitration on grounds of unconscionability, Townsend has the burden of proof, and under California law he must establish both procedural unconscionability and substantive

---

[3]     This affiliate's decision is set forth in a settlement agreement in a lawsuit, which has been publicly disclosed as part of class litigation settlement proceedings. It can be accessed at http://www.arbitration.ccfsettlement.com/documents/files/2010-02-23-stip-and-agreement-with-chase.pdf. By its terms, it explicitly "does not include debit cards [or] ATM cards," *id.* § 2(m), and is limited to credit-card accounts, *see id.* § 3.

unconscionability.[4]  Chase showed in its opening brief that its arbitration agreements with Townsend were *neither* procedurally nor substantively unconscionable under California law. Mem. 8-13.  In response, Townsend states that it is his position that "the banks' arbitration clauses are unconscionable," but he does not advance any evidence or reason to support that position.  Opp. 2.[5]

First, Townsend advances no evidence of *procedural* unconscionability.  He does not deny the completeness, clarity, and orderliness of his arbitration agreements, and he does contend that anything about arbitration was obscure or inadequately disclosed to him.  He does not contend that he lacked any information or understanding about the arbitration terms, that he was under any compulsion to accept them, that he was misled or tricked, or that he had his eyes closed instead of open.  He does not contend that he would rather *not* have had arbitration terms in his contract when he entered into it.  He does not dispute that, if he preferred to avoid arbitration, he could have found an alternative California bank that did not require arbitration terms (just as he presumably would have done if he was dissatisfied with Chase's fee schedule or other terms and wanted to shop for better pricing with another bank).

Second, Townsend does not establish *substantive* unconscionability, either.  California law deems contractual provisions substantively unconscionable only when they "are so one-sided

---

[4]  *See* Mem. 7-8 (citing *Bess v. Check Express*, 294 F.3d 1298, 1307 (11th Cir. 2002) (placing burden on party asserting unconscionability); *In re Managed Care Litig.*, No. 00-1334-MD, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable.").

[5]  Townsend claims that his arbitration agreements with Chase are unconscionable also because they contain "clauses which say[] that even questions of arbitrability must be arbitrated." Opp. 4.  As Chase showed in its opening brief, Chase's arbitration agreements contain no such provision.  Even if they did, the Supreme Court has explicitly approved such provisions.  *See* Mem. 14 n.10.

as to 'shock the conscience,' or [they] impose harsh or oppressive terms," *Arguelles-Romero v. Superior Court*, 184 Cal. App. 4th 825, 843-44 (2010) (internal citation omitted), or if a person would have to be "under delusion" to accept the terms, *California Grocers Ass'n v. Bank of America*, 22 Cal. App. 4th 205, 214-15 (1994). Townsend does not advance any showing that the arbitration terms are unfair to him. Nor does he does show that they are one-sided—indeed, they equally enable him to require Chase to arbitrate (rather than litigate in court) in any instance in which he finds that advantageous.

The only line of argument Townsend advances for substantive unconscionability is based on California cases that have invalidated arbitration provisions in some (not all) instances in which a customer had sued on a class-action basis, but the agreement provided that arbitration had to be pursued on an individual, non-class basis. Townsend refers to this argument as it was advanced in the *Luquetta* class action against Chase in this MDL.[6] But that line of argument has nothing to do with Townsend and his case, which is an individual action, not a class action. The theory of the cases Townsend cites is that the unavailability of class procedures would preclude the class plaintiff from being able to vindicate his *class claims* fully in an arbitration. But here, Townsend does not contend (much less advance any evidence to show) that proceeding on an individual basis would interfere in any way with the vindication of his claims; on the contrary, proceeding on an individual basis was his own choice even in court. Accordingly, the *Luquetta* argument, and the cases Townsend cites, do not support any determination of substantive unconscionability in Townsend's case.

---

[6] To the extent Townsend seeks to incorporate the arguments advanced by plaintiffs in the *Luquetta* case, on waiver or arbitration or any other point, Chase hereby incorporates by reference the authorities and arguments it marshaled in its briefing on arbitration in the *Luquetta* and *Lopez* cases, Dkt. Nos. 505, 508, 586, & 588.

Even if Townsend were right that some California State law decisions would hold Chase's arbitration agreements unconscionable on the ground they do not provide for class arbitration procedures, and even if Townsend could somehow apply such a theory to this non-class case, State law requiring that parties to an arbitration agreement adopt class action procedures is preempted by the FAA. Chase showed this in its opening brief, Mem. 16-18, and Townsend's opposition advances no contrary argument whatsoever.

### III.   The AAA Is Competent To Hear This Dispute

Townsend's final contention is that his arbitration agreements are invalid because the American Arbitration Association, which is designated in the agreements, is incompetent to arbitrate consumer matters. Opp. 3. That contention has already been rejected by this Court's decision to enforce arbitration before the AAA in another case in this MDL. *See* Order, *Gulley v. Huntington Bancshares Inc*. [Dkt. No. 514] at 8, 12. It has also been rejected by every other court to have considered it, each of which has enforced arbitration. *See, e.g.*, *Estep v. World Fin. Corp. of Ill.*, No. 09-3199, 2010 WL 3239456, at *5 (C.D. Ill. Aug. 16, 2010); *Phifer v. Mich. Sporting Goods Distribs., Inc.*, No. 09-cv-927, 2010 WL 3609376, at *8 (W.D. Mich. July 28, 2010); *Jackson v. Payday Loan Store of Ill., Inc*., No. 09 C 4189, 2010 WL 1031590, at *2-*3 (N.D. Ill Mar. 17, 2010); *Clerk v. ACE Cash Express, Inc.*, No. 09-5117, 2010 WL 364450, at *10 (E.D. Pa. Jan. 29, 2010).[7]

Townsend may have lost confidence in the capability of the AAA, but he has not advanced any evidence that the organization is biased or unfair in its handling of disputes like

---

[7]   Townsend does not contend that the AAA would be unwilling or unable to arbitrate his claims. AAA has recently decided not to hear certain types of actions initiated by businesses to collect debts from consumers, but Townsend's claim against Chase is not such a case and he does not contend that it is. *See* cases cited in text *supra*. The AAA has publicly stated that it continues to "administer all demands for arbitration filed by consumers against businesses." Mem. 14.

this one, and no governmental agency or court has held that it is. Even if Townsend did have evidence of such bias, it is well-settled that review "of an arbitrator's qualifications or alleged bias . . . are confined under the [FAA] to judicial decisions to confirm, modify, or vacate an arbitration award *after* a final arbitration decision has been made." *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 203 F.R.D. 677, 687 (S.D. Fla. 2001), *appeal dismissed in relevant part*, 312 F.3d 1349 (11th Cir. 2002); *see also* Mem. 15 n.12. And, further, even if the AAA were unavailable, Section 5 of the FAA requires enforcement of the arbitration agreement and appointment of an alternate arbitrator. *See* Mem. 15.

## CONCLUSION

Townsend's claims against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. should be stayed in favor of arbitration.

Dated: February 9, 2011

HOMER BONNER, P.A.

/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING HALE
 AND DORR LLP
s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022

tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 9, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer