IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Townsend v. Wells Fargo Bank & Co., et al.*<br>S.D. Fla. Case No. 1:10-cv-21834-JLK<br>C.D. Cal. Case No. CV 10-550 ODW | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF JPMORGAN CHASE BANK, N.A. AND JPMORGAN
CHASE & CO. TO PLAINTIFF ROBERT TOWNSEND'S RENEWED
F.R.C.P. RULE 55(a) REQUEST FOR CLERK'S ENTRY OF DEFAULT**

*Pro se* plaintiff Robert Townsend has filed a motion for entry of default against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "Chase") under Federal Rule of Civil Procedure 55(a). *See* Plaintiff Robert Townsend's Renewed F.R.C.P. Rule 55(a) Request for Clerk's Entry of Default Against Defendants Wells Fargo Bank, N.A., Wells Fargo Bank & Co., Chase Bank USA, N.A., J.P. Morgan Chase ("Motion") [Dkt. No. 1140.] He claims that, "despite having been served with a summons and complaint, [Chase has not] filed an answer or defended this lawsuit." Motion 1-2. The motion appears to be virtually identical to a prior motion Mr. Townsend filed in this action on October 1, 2010. [Dkt. No. 810.][1]

---

[1] Chase opposed that prior motion. [Dkt. No. 822]. The motion was denied as moot by the Court's Order of November 10, 2010. [Dkt. No. 892.]

Townsend's motion should be denied because Chase has not defaulted. Rule 55(a) provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Eleventh Circuit views default judgments with disfavor. *See Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc.*, 740 F.2d 1499, 1510-11 (11th Cir. 1984).

*First*, Chase has not bypassed any deadline for responding to Townsend's complaint. As Townsend himself acknowledges, after he originally filed suit against Chase in this matter in the Central District of California, he and Chase entered into "agreed stipulations for extensions of time to file their original answers." Motion 2. That stipulation provided that Chase's time to respond to Townsend's complaint

> is extended until such deadline as the Honorable James L. King establishes in the MDL proceeding styled *In Re: Checking Account Overdraft Litigation*, Master Docket No. 1:09-md-2036; or, in the event that the JPML does not finally transfer the action to the MDL, until 21 days following entry of a final judgment or order by the JPML denying transfer[.]

Stipulation to Stay Action and Extend Time to Respond to Initial Complaint, *Townsend v. Wells Fargo Bank & Company, et al.*, No. CV 10-550 (C.D. Cal.) [Dkt. No. 13]. That stipulation was "so ordered" by Judge Otis D. Wright II of the United States District Court for the Central District of California, to whom this action was assigned before it was transferred by the JPML to this Court. *See* Order Granting Stipulation to Stay Action and to Extend Time to Respond to the Initial Complaint, *Townsend v. Wells Fargo Bank & Company, et al.*, No. CV 10-550 (C.D. Cal.) [Dkt. No. 14]. Since the transfer of Townsend's case to this Court, no deadline has been put in place for Chase's time to answer or otherwise respond to Townsend's complaint, and therefore Chase has not bypassed any such deadline.

*Second*, Chase has in fact timely responded to Townsend's complaint. The Court dismissed Townsend's original filed complaint without prejudice by order dated November 10,

- 2 -

2010. [Dkt. No. 892]. In response to Townsend's motion for reconsideration, [Dkt. No. 913], the Court entered an Order deeming the complaint (as attached to Townsend's motion) reinstated on January 19, 2011. [Dkt. No. 1059]. Six days later, on January 25, 2011, Chase filed its motion seeking to stay Townsend's claims under section 3 of the Federal Arbitration Act. [Dkt. No. 1094.] Townsend has no basis to argue that Chase has "failed to plead or otherwise defend" against his action. Fed. R. Civ. P. 55(a).

## CONCLUSION

Townsend's motion for entry of default against JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. should be denied.

Dated: February 9, 2011

HOMER BONNER, P.A.

/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING HALE
 AND DORR LLP
s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

- 4 -

*Attorneys for defendants JPMorgan Chase
Bank, N.A. and JPMorgan Chase & Co.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 9, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer