UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

# UNION BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Union Bank, N.A. ("Union Bank"), by and through undersigned counsel, hereby files this Response in Opposition to Plaintiffs' Motion for Leave to File Amended Class Action Complaint [DE 1110-1113 filed under seal] (Plaintiffs' "Motion") and Incorporated Memorandum of Law, and requests that the Court deny Plaintiffs' Motion for the reasons discussed herein.

## INTRODUCTION

It is time to move this case forward, not backward. Less than three months before the deadline to file motions for class certification, Plaintiffs seek leave to file a Third Amended Class Action Complaint against Union Bank for the purpose of adding an additional claim for relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)

("RICO"). Plaintiffs' proposed amendment would add entirely new claims and issues unique to Union Bank, and interject third parties into the complexity of this multi-district litigation on the eve of the impending class certification deadline. The Federal Rules of Civil Procedure vest this Court with the discretion to deny Plaintiffs' Motion. This Court should exercise its discretion and deny Plaintiffs' Motion because the proposed amendment would unfairly prejudice Union Bank, unduly delay the proceedings, and because the proposed amendment would be futile.

## MEMORANDUM OF LAW

While Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires," "trial courts have broad discretion in permitting or refusing to grant leave to amend." Broberg v. Gerrard, 2010 W.L. 2869539 *4 (S.D. Fla. July 20, 2010) citing Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006). This Court may deny a motion for leave to amend so long as a "justifying reason" exists. Beeher v. ASAP Installations, LLC, 2010 W.L. 2431922 *1 (M.D. Fla. June 16, 2010) citing Forman v. Davis, 371 U.S. 178, 182 (1962). Such justifying reasons include: (1) undue prejudice to the opposing party by allowing the proposed amendment; (2) where the privilege to amend has been abused; and (3) where the proposed amendment would be futile. Fla. Evergreen Foliage v. E.I. Dupont Nemours & Co., 470 F.3d 1036, 1041 (11th Cir. 2006). In this case, each of these justifying reasons provides a basis for denial of Plaintiffs' Motion.

**I. Union Bank Would Suffer Undue Prejudice By Allowing Plaintiffs to File their Proposed Third Amended Class Action Complaint on the Eve of the Impending Deadline to File Motions for Class Certification And A November, 2011 Discovery Cutoff.**

Prejudice to the opposing party is the most important factor when determining whether to allow a party leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321,

330-31 (1971) (a trial court is "required" to take potential prejudice into account in deciding Rule 15(a) motion). Undue prejudice exists when a proposed amendment "adds a new legal issue" into the proceedings. Beeher, 2010 WL 2431922 at *2 citing Pilkington v. United Airlines, Inc., 158 F.R.D. 508, 510 (M.D. Fla. 1994) (denying motion for leave to amend because "adding new claims and new plaintiffs at this late date will unduly prejudice the defendants by prolonging discovery and make it unlikely that discovery could be completed by the discovery cut off [sic] date.") Here, as well, the proposed Third Amended Class Action Complaint adds new legal issues into this case on the eve of the critical stage of class certification, and will severely prejudice Union Bank's ability to complete discovery before the Court imposed cutoff date -- April 25, 2011. [DE 878 at 2]. The addition of a RICO claim against Union Bank would unfairly prejudice its ability to defend against a complex class certification motion which will be filed in less than three months. The purported RICO claim advances different legal theories and requires proof of different facts than the existing claims against Union Bank in this action. See Jackson v. Bank of Hawaii, 901 F.2d 1385, 1387-88 (9th Cir. 1990) (setting forth elements of RICO claims against a bank).

First, Plaintiffs' proposed amendment injects an entirely new issue into this case: Union Bank's alleged "unlawful association with CAST Management," a non-party previously uninvolved with this multi-district litigation. [Pltf's Mot. at 2]. This proposed claim is unique to Union Bank among the "first tranche" defendants. Allowing Plaintiffs to file a RICO claim would also necessitate, pursuant to Southern District of Florida Local Rule 12.1, the filing and determination of a complex RICO case statement. S.D. Fla. L.R. 12.1. See Palm Beach County Envtl. Coal. v. Fla., 651 F. Supp. 2d 1328, 1347-48 (S.D. Fla. 2009) ("[Local Rule] 12.1 requires that plaintiffs who plead a claim under civil RICO, under both the state and federal statutes, to

-3-

file a case statement."); Pierce v. Ritter, Chusid, Bivonia & Cohen, 133 F. Supp. 2d 1344, 1346 (S.D. Fla. 2001) ("The RICO Case Statement must be a detailed, organized, and specific document that is designed to assist the Court with the processing of a RICO claim."). Litigation concerning the RICO statement would have absolutely no bearing on any of the other defendant banks. In this light, Plaintiffs should not be allowed to add new and unique claims against Union Bank with class certification deadlines looming.

Additionally, Plaintiffs' addition of the proposed RICO claim would re-open the pleadings and cause the case against Union Bank to no longer be at issue. Union Bank would be entitled to file a responsive pleading to Plaintiffs' RICO claim, including the filing of a motion to dismiss against all causes of action in the proposed Third Amended Class Action Complaint. A months-consuming round of briefing and a potential hearing on the motion to dismiss would ensue. It is practically impossible to resolve these issues prior to the deadline for filing motions for class certification. It would be entirely improper to certify Union Bank as a class action defendant with these issues outstanding and its case not at issue. The practical effect of Plaintiffs' Motion is that Union Bank will be removed from the first tranche of defendant banks.

Furthermore, allowing Plaintiffs leave to file their proposed amendment may well result in extensive third party practice. The crux of the amendment arises out of Union Bank's alleged business dealings with third party CAST Management Consultants, Inc. ("CAST"). [See Pltf's Mot. 1-3]. Plaintiffs allege that "CAST Management worked hand-in-hand with [Union] Bank to implement the [re-ordering] scheme and to ensure the Bank and CAST derived the maximum possible benefit from it." Id. at 2. Thus, CAST may in fact be an indispensable party to this action, or at the very least, will need to participate in substantial non-party discovery. CAST may accordingly become the only non-bank defendant in these proceedings, and will likely raise

-4-

issues and assert defenses that are entirely unrelated to those asserted by the defendant banks. Accordingly, CAST would be entitled to fully participate in the opposition to class certification or, if added after any class certification, to seek to reopen that issue. As such, Plaintiffs' injection of CAST into this multi-district class action litigation is inappropriate at this stage of the proceedings, and is an additional reason warranting denial of Plaintiffs' Motion.

Finally, when considering whether a motion for leave will cause the defendant undue prejudice, the Court should consider "the extent of discovery already conducted and the risk of extensive additional discovery if the amendments are allowed."  Beeher, 2010 WL 2431922 at *2 citing Ultratech Int'l, Inc. v. Swimways Corp., 2009 U.S. Dist. LEXIS 80997, *10 (M.D. Fla. Mar. 3, 2009).  A defendant will suffer undue prejudice if a party requests to add a new claim that effectively "prolong[s] discovery and make[s] it unlikely that discovery could be completed by the discovery cut off date."  Pilkington, 158 F.R.D. at 510 ; see also Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir.1989) ("Putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'")

Here, Union Bank would be severely prejudiced if it were forced to complete discovery needed to defend the proposed RICO claim in addition to the claims pending against it in the face of the Court's imminent discovery deadline.  The deadline to complete all discovery in this case is November 10, 2011. [DE 878 at 2].  Inclusion of the proposed RICO claim would cause Union Bank to engage in further extensive discovery, in addition to the vast amount of currently scheduled and proposed discovery. Such additional discovery would include depositions and document discovery concerning CAST's role (and CAST will likely want to conduct its own discovery).  All of this must be completed concurrently with the other critical deadlines in this

case, which deadlines were not set with CAST's and the RICO claims' additions in mind. It would be fundamentally unfair for Plaintiffs to inject new issues, new facts, and new claims concerning current non-party CAST with the imminent class certification and fact discovery deadlines. As such, denial of Plaintiffs' Motion would protect everyone's interest, would avoid further delay of this Court's deadlines, and would move this case forward, not backward. See Avera v. United Air Lines, 2010 W.L. 3812344 *1 (N.D. Fla. Aug. 18, 2010).[1]

### II. Plaintiffs Abuse the Privilege of Leave to Amend by Seeking to Add New Claims Against Union Bank on the Eve of the Deadline for Class Certification.

A second factor the trial court should consider when ruling on a motion for leave to amend is the undue delay associated in filing the motion. See Parker v. Joe Lujan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988) (affirming district court's denial of motion to amend on ground of undue delay). A trial court has the discretion to deny a motion for leave to amend where "a case has progressed to a point that liberality ordinarily to be indulged has diminished." Hickman v. Barclay's Realty, Inc., 5 So. 3d 804 (Fla. 4th DCA 2009). This liberality "gradually diminishes" as the case progresses, and is "balanced by the court's equally compelling duty to see that each litigation eventually reaches an end." Brown v. Montgomery Ward & Co., 252 So. 2d 817 (Fla. 1st DCA 1971).

Here, Union Bank understands that, despite seeking to amend to add an additional claim against Union Bank, Plaintiffs insist that Union Bank remain in the first tranche. As such,

---

[1] Denial of Plaintiffs' Motion would be consistent with this Court's decision in Cabarrocas v. Resolution Trust Corp., 840 F. Supp. 888 (S.D. Fla. 1993), where this Court allowed leave to amend when the parties were afforded additional time to conduct discovery. Here, the discovery deadlines for Union Bank are the same as for all other banks in the first tranche. Union Bank would be unduly prejudiced if it were required to complete discovery for a newly filed RICO claim by the current discovery deadlines on the same schedule as those Banks not facing RICO claims.

Plaintiffs clearly abuse the privilege of leave to amend by seeking class certification in a case that, if amended, will cause anticipated extensive third party practice which will substantially affect the certification issues, and result in the action no longer being at issue against Union Bank. Plaintiffs' Motion would therefore derail deadlines set forth in the Revised Scheduling Order [DE 878] or force Union Bank out of the first tranche.

### III. Plaintiffs' Motion should be Denied Because the Proposed Amendment Would Be Futile.

The third factor is whether the proposed amendment of the complaint would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." Broberg, 2010 W.L. 2869539 at *4; see also Sibley v. Lando, 473 F.3d 1067, 1073 (11th Cir. 2005)("[We have] found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."). In order to survive a motion to dismiss, the plaintiff must allege that a defendant bank "had fraudulent intent when committing the banking transactions outlined in the complaint or, at minimum, knew that the money involved in these transaction derived from unlawful activity." Coquina Invs. v. Rothstein, 2011 WL 197241 *4 (S.D. Fla. Jan. 20, 2011) quoting Republic of Panama. V. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1991). In this case, the proposed amendment would be futile because Plaintiffs cannot establish the fraudulent intent necessary to state a claim for a federal RICO violation, and their proposed RICO claim would otherwise be preempted by federal regulatory banking law.

First, Plaintiffs' RICO claim seeks to apply notions of criminal intent to challenge the banking practices of Union Bank that are squarely authorized by the National Bank Act, 12

U.S.C. § 21 *et. seq.* ("NBA") and the Office of the Comptroller of the Currency ("OCC"), the regulatory agency charged with implementing the NBA. Specifically, Plaintiffs' RICO claim is based on the alleged business dealings between Union Bank and CAST concerning "the banks capabilities of ordering debit transactions from high to low, and to estimate the potential revenue that would result from a high-to-low posting order, *i.e.* to 'determine the increased number of NSF items/fees.'" [Pltf's Mot. at 3]. Yet, the OCC specifically established, by regulation, that the legal incidental powers of national banks, such as Union Bank, include the power to "charge its customers non-interest charges and fees." [DE 217 at 51] citing 12 C.F.R. § 7.4002(a). Furthermore, the OCC Interpretation Letter 997, 2002 WL 3263923 (April 15, 2002) demonstrates that national banks have the discretion to make operational choices affecting the pricing of overdraft fees, "including the authorization to determine the order in which banks may post fees to an account." [DE 217 at 51] citing Monroe Retail v. RBS Citizens, N.A., 2009 W.L. 4749352 (6th Cir. Dec. 14, 2009). Thus, Plaintiffs cannot establish the fraudulent intent necessary to state a claim for a federal RICO violation because federal regulatory banking law provides Union Bank with discretion concerning the order in which it handles the sequencing of overdraft fees.

      Furthermore, the proposed RICO claim is preempted by its direct conflict with the OCC's legally binding regulations authorizing Union Bank's conduct. Plaintiffs previously argued in this proceeding that federal banking law does not preempt the various state law claims alleged in this proceeding. Now, Plaintiffs intend to use those very same alleged state law violations to claim that Union Bank violates federal RICO law by engaging in alleged mail and wire fraud. This effectively argues that state law violations preempt Federal banking regulations. Plaintiffs cannot use preemption as both a sword and a shield. The NBA and the OCC authorize Union

-8-

Bank's alleged business dealings with CAST in connection with the sequencing of overdraft fees. Plaintiffs' RICO claim directly conflicts with the federal banking law contained in the NBA and explained by the OCC because it claims that the bank's authorized conduct violates federal RICO statutes. Plaintiffs cannot play fast and loose with the application of federal law by arguing that it does not preempt their state law claims, but that it permits analogous federal RICO claims. Accordingly, should the Court allow Plaintiffs leave to file their proposed amendment, their RICO claim would undoubtedly fail on a motion to dismiss or at summary judgment. Where, as here, the proposed amendment cannot state a viable claim, this Court should exercise its discretion in denying Plaintiffs' Motion. See Avera, 2010 W.L. 3812344 at *1 ("When an amended complaint still fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend.") citing Smith v. Secretary for Dep't of Corrections, 2007 W.L. 3089531 *2 (11th Cir. Oct. 24, 2007).

## CONCLUSION

For these reasons stated herein, Union Bank respectfully requests this Court deny Plaintiffs' Motion for Leave to File Amended Class Action Complaint.

Dated: February , 2011                     Respectfully submitted,

/s/ Alan G. Greer
Alan G. Greer, Esq.
Florida Bar No. 0123294
agreer@richmangreer.com
John M. Brumbaugh, Esq.
Florida Bar No. 0126350
jbrumbaugh@richmangreer.com
Ethan J. Wall
Florida Bar No. 045158
ewall@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131-2305
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/    Alan Greer
Alan G. Greer

## SERVICE LIST

| | |
|---|---|
| Robert C. Gilbert, Esq.<br>Jeremy W. Alters, Esq.<br>Kimberly L. Boldt, Esq.<br>Alters Boldt Brown Rash & Vulmo, P.A.<br>4141 N.W. 2nd Avenue, Suite 201<br>Miami, FL 33137<br>*Attorney for Melanie L. Garcia, Ralph Tornes, William W. Powell, Jr., April Speers, Estella A. Lopez, John C. Stone, Charles Reed, Jr., Linda McDaniel, Andrea Luquetta* | Barry R. Himmelstein, Esq.<br>Jordan Elias, Esq.<br>Michael W. Sobol, Esq.<br>Mikaela Bernstein, Esq.<br>Roger N. Heller, Esq.<br>Lieff Cabraser Heimann & Bernstein LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>*Attorneys for Celia Spears-Haymond, Mike Amrhein, Steve Yourke, Kristen Richards, Frank Smith, Cynthia Larsen* |
| Ruben Honik, Esq.<br>Kenneth J. Grunfeld, Esq.<br>Golomb & Honik, P.C.<br>1515 Market Street, Suite 1100<br>Philadelphia, P.A. 19102 | Robert C. Josefsberg, Esq.<br>Victor M. Diaz, Jr., Esq.<br>John Gravante, III, Esq.<br>Podhurst Orseck, P.A.<br>City National Bank Building<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130-1780 |
| Bruce Rogow, Esq.<br>Jeremy Walters, Esq.<br>Kimberly Boldt, Esq.<br>Robert Cecil Gilbert, Esq.<br>William Charles Hearon, Esq<br>Alters Boldt Brown Roash & Vulmo, P.A.<br>500 East Broward Blvd, Suite 1930<br>Ft. Lauderdale, FL 33394<br>*Attorney for Melanie L. Garcia, Ralph Tornes, William W. Powell, Jr., April Speers, Estella A. Lopez, John C. Stone, Charles Reed, Jr., Linda McDaniel, Andrea Luquetta* | Ted E. Trief, Esq.<br>Barbara E. Olk, Esq.<br>Trief & Olk<br>150 E 58th Street, Suite 34th FL<br>New York, NY 10155 |

Edward Adam Webb, Esq.
G. Franklin Lemond, Jr., Esq.
Webb Klase & Lemond, LLC
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
*Attorneys for William W. Powell, Jr., Faith Gofdon, Jeffrey Buffington, Jeanette Buffington, Lawrence D. Hough, Pamela J. Hough*

Anne P. McHugh, Esq.
Pellettieri Rabstein & Altman
100 Nassau Park Boulevard, Suite 111
Princeton, NJ 08543-5301
*Attorney for Virgilio S. Casayuran, Jr.*

Edward F. Feinstein, Esq.
Ellen M. Doyle, Esq.
Stember Feinstein Doyle & Payne, LLC
Allegheny Building, 17th FL
429 Forbes Avenue
Pittsburgh, PA 15219
*Attorney for Virgilio S. Casayuran, Jr.*

William C. Hearon, Esq.
Stewart Tilghman Fox & Bianchi
One Southeast Third Avenue
Miami, FL 33131
*Attorney for Melanie L. Garcia*

Ari Y. Brown, Esq.
Genessa A. Stout, Esq.
Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
*Attorneys for Alex Zankich, William Ruckter, Marc Martinez, Robert Lowe, Lori Aldana, Shane Parins ,Kara Parins*

Russell W. Budd, Esq.
Bruce W. Steckler, Esq.
Melissa K Hutts, Esq.
Baron & Budd, P.A.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Elizabeth A. Alexander, Esq.
Lieff Cabraser Heimann & Bernstein
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
*Attorney for Steven Yourke*

David M. Given, Esq.
Nicholas A. Carlin, Esq.
R. Scott Erlewine, Esq.
Phillips Erlewine & Given LLP
50 California Street, 35th FL
San Francisco, CA 94111
*Attorneys for Steven Yourke, Kristen Richards, Maxine Aarons Given*

Charles M. Delbaum, Esq.
Stuart T. Rossman, Esq.
National Consumer Law Center
Seven Winthrop Square, 4th FL
Boston, MA 02110
*Attorneys for Steve Yourke, Kristen Richards*

Stephen P. Willison, Esq.
Willison & Hellman PC
44 Grandville Avenue Southwest, Suite 200
Grand Rapids, MI 49503
*Attorneys for Michelle Gulley*

Bonney E. Sweeney, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101
*Attorney for Donald Kimenker*

-13-

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach

| | |
|---|---|
| John Matthew Geyman, Esq.<br>John Wentworth Phillips, Esq.<br>Phillips Law Group PLLC<br>315 Fifth Avenue South, Suite 1000<br>Seattle, WA 98104<br>*Attorney for Alex Zankich, William Rucker* | Isam C. Khoury, Esq.<br>James Jason Hill, Esq.<br>Jeffrey James Geraci<br>Michael D. Singer<br>Cohelan Khoury & Singer<br>605 C. Street, Suite 200<br>San Diego, CA 92101<br>*Attorneys for John D. Kikland* |
| Burton H. Finkelstein, Esq.<br>Eugene J. Benick, Esq.<br>Rosemary M. Rivas, Esq.<br>Tracy D. Rezvani, Esq.<br>Finkelstein Thompson LLP<br>1050 Thirtieth Street Northwest<br>Washington, DC 20007<br>*Attorneys for Andrea Luquetta* | Joshua L. Ross, Esq.<br>Steve D. Larson, Esq.<br>Stoll Stoll Berne Lokting & Shlachter<br>209 Southwest Oak Street, 5th Floor<br>Portland, OR 97204<br>*Attorneys for Dolores Gutierrez* |
| Denyse Clancy, Esq.<br>Baron Budd LLP<br>3102 Oak Lawn Avemue, Suite 1100<br>Dallas, TX 75219<br>*Attorney for Vada Mitchell, Daisy Webb* | Chaim S. Setareh, Esq.<br>Law Office of Shaun Setareh<br>9454 Wilshire Boulevard, Penthouse Suite 3<br>Beverly Hills, CA 90212<br>*Attorney for Sandra Quarles* |
| Michael R. Comeau, Esq.<br>Comeau Maldegen Templeman & Indall LLP<br>P.O. Box 669<br>Santa Fe, NM 87504<br>*Attorney for Marc Martinez* | Marcus J. Bradley, Esq.<br>Marlin & Saltzman, Esq.<br>29229 Canwood Street, Suite 208<br>Agoura Hills, CA 91301<br>*Attorney for Sandra Quarles* |
| Miriam E. Zakarin, Esq.<br>TEVA North America<br>1090 Horsham Road<br>P.O. Box 1090<br>North Wales, PA 19450<br>*Attorney for Angela Walsh-Duffy, Brett Freeman* | Patricia N. Syverson, Esq.<br>Todd David Carpenter, Esq.<br>Bonnett Fairbourn Friedman & Balint PC<br>2901 North Central Avenue, Suite 1000<br>Phoenix, AZ 85012<br>*Attorneys for Josh Naehu-Reyes* |
| Norah Hart, Esq.<br>Treuhaft & Zakarin LLP<br>1011 Avenue of the Americas, 4th Floor<br>New York, NY 10000<br>*Attorney for Angela Walsh-Duffy, Brett Freeman* | Charles D. Marshall, Esq.<br>Green Welling PC<br>595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>*Attorney for Lacy Barras* |

**RICHMAN GREER, P.A.**

**Miami ● West Palm Beach**

| | |
|---|---|
| Alan M. Mansfield, Esq.<br>Consumer Law Group<br>9466 Black Mountain Road, Suite 225<br>San Diego, CA 92126<br>*Attorney for Katherine Anne Williams*<br><br>Howard Rubinstein, Esq.<br>914 Waters Avenue, Suite 20<br>Aspen, CO 81611<br>*Attorney for Katherine Anne Williams*<br><br>Marian S. Rosen, Esq.<br>Marian S. Rosen & Associates<br>5065 Westheimer, Suite 840<br>Houston, TX 77506<br>*Attorney for Katherine Anne Williams*<br><br>Alisha A. Marin, Esq.<br>James R. Patterson, Esq.<br>Harrison Patterson & O'Connor<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101<br>*Attorneys for Josh Naehu-Reyes*<br><br>Brian J. Meenaghan, Esq.<br>Ronald E. Beard, Esq.<br>Randy Albert Englund, Esq.<br>Tara N. Gillespie, Esq.<br>Lane Powell PC<br>1420 Fifth Avenue, Suite 4100<br>Seattle, WA 98101<br>*Attorneys for Wells Fargo Bank, N.A.* | Gary Walker Jackson, Esq.<br>Jackson & McGee LLP<br>521 East Boulevard<br>Charlotte, NC 28203<br>*Attorney for Lacy Barras*<br><br>Jeffrey F. Keller, Esq.<br>Keller Grover LLP<br>425 Second Street, Suite 500<br>San Francisco, CA 94107<br>*Attorney for George Burke*<br><br>Lisa Marie Simonetti, Esq.<br>Alexandria Rose Kachadoorian, Esq.<br>Julia B. Strickland, Esq.<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East, Suite 1600<br>Los Angeles, CA 90067<br>*Attorneys for Citibank FSB, Citibank, Inc. Citibank (West), FSB, Citibank, N.A.*<br><br>Barbara J. Dawson, Esq.<br>Robert Matthew Kort, Esq.<br>Snell & Wilmer<br>400 East Van Buren<br>1 Arizona Center<br>Phoenix, AZ 85004<br>*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*<br><br>Ashley F. Cummings, Esq.<br>James M. Beach, Esq.<br>Lawrence J. Bracken, II<br>Hunton & Williams LLP<br>600 Peachtree Street Northeast, Suite 4100<br>Atlanta, GA 30308<br>*Attorneys for Wachovia Bank, N.A.* |

-15-

| | |
|---|---|
| Bryanne J. Schmitt, Esq.<br>David M. Jolley, Esq.<br>Emily Johnson Henn, Esq.<br>Margaret G. May, Esq.<br>Sonya Diane Winner, Esq.<br>Steven Duane Sassaman, Esq.<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111<br>*Attorneys for Wells Fargo Bank, N.A., Bank of America, N.A., Citibank, N.A., Wachovia Bank, N.A., J.P. Morgan Chase Bank, N.A., U.S. Bank, N.A., Union Bank, N.A., Wells Fargo & Co.* | James R. McGuire, Esq.<br>Rita Lin, Esq.<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Wachovia Bank, N.A., Wachovia Corp, US Bank, N.A., U.S. Bank, NA, U.S. Bancorp* |
| Dori Katrine Stibolt, Esq.<br>Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>*Attorney for Wells Fargo Bank, N.A.* | Sylvia Rivera, Esq.<br>Morrison & Foerseter LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013<br>*Attorney for U.S. Bank, NA, U.S. Bancorp* |
| Jay Earl Smith, Esq.<br>Smith Larsen & Wixom<br>1935 Village Center Circle<br>Las Vegas, NV 89134<br>*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.* | Leda Dunn Wettre, Esq.<br>Robinson Wettre & Miller LLC<br>One Newark Center, 19th Floor<br>Newark, NJ 07102<br>*Attorney for Wachovia Bank, N.A.* |
| Tracy L. Ashmore, Esq.<br>Holme Roberts & Owen LLP<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203<br>*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.* | Tracy Thomas Cottingham, III<br>Hunton & Williams LLP<br>Bank of America Plaza<br>101 South Tryon Street, Suite 3500<br>Charlotte, NC 28280<br>*Attorney for Wachovia Bank, N.A., Wachovia Corp.* |
| Barbara Viniegra, Esq.<br>James Randolph Liebler, Esq.<br>Liebler Gonzalez & Portuondo<br>Courthouse Tower<br>44 West Flagler Street, Suite 2500<br>Miami, FL 33130<br>*Attorney for Bank of America, N.A.* | Aaron Schur, Esq.<br>Sharon D. Mayo, Esq.<br>Arnold & Porter LLP<br>275 Battery Street, Suite 2700<br>San Francisco, CA 94111<br>*Attorneys for Bank of America, N.A., Bank of America Corp., Bank of America California* |

-16-

**RICHMAN GREER, P.A.**

**Miami ● West Palm Beach**


Christopher Scott Tarbell, Esq.
Laurence J. Hutt, Esq.
Arnold & Porter LLP
777 South Figueroa Street, 44th FL
Los Angeles, CA 90017
*Attorneys for Bank of America, N.A., Bank of America Corp., Bank of America California*

Anne Marie Mortimer, Esq.
Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
*Attorney for Wachovia Corp.*

Alan G. Kipnis, Esq.
John M. Cooney
Arnstein & Lehr LLP
200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
*Attorney for Keybank National Association*

Jan T. Chilton, Esq.
John B. Sullivan, Esq.
Mark Douglas Lonergan
Peter Higgins Bales
Severson & Werson PC
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
*Attorneys for Union Bank, N.A., Unionbancal Corp.*

Todd D. Carpenter, Esq.
Bonnett Fairbourn Friedman & Balint PC
600 West Broadway, Suite 900
San Diego, CA 92101

Mark D. Flanagan, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
1117 South California Avenue
Palo Alto, CA 94304
*Attorney for JP Morgan Chase Bank*

Barry R. Davison, Esq.
Hunton & Williams LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
*Attorney for Melanie L. Garcia, Celia Spears-Haymond, Mike Amrhein, Steve Yourke, April Speers, Estella A. Lopez, Alex Zankich, Cynthia Larsen, Andrea Luquetta, Wells Fargo Bank, N.A., Wachovia Bank, N.A., Bank of America, N.A., Wachovia Corp., Citibank, N.A. Bank of America California, Wachovia Bank, N.A., J.P. Morgan Chase Bank, N.A.,*
*U.S. Bank, NA, U.S. Bancorp, Bank of America Corp. Union Bank, N.A., Unionbancal Corp., Wells Fargo & Co.*

A. Stephen Hut, Jr., Esq.
Michelle Ognibene, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue Northwest
Washington, DC 20006
*Attorneys for J. P. Morgan Chase Bank, N.A.*

Alan E. Schoenfeld, Esq.
Christopher R. Lipsett, Esq.
David Sapir Lesser, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 1022
*Attorneys for J.P. Morgan Chase bank, N.A., JP Morgan Chase & Co.*

Andrew Bejamin Grossman, Esq.
Matthew D. Benedetto, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
*Attorneys for J.P. Morgan Chase Bank, N.A.*

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach

| | |
|---|---|
| C. Marie Eckert, Esq.<br>Cody J. Elliott, Esq.<br>Miller Nash LLP<br>111 Southwest Fifth Avenue, Suite 3400<br>Portland, OR 97204<br>*Attorney for U.S. Bank, N.A.* | Bruce W. Neckers, Esq.<br>John M. Lichtenberg, Esq.<br>Paul A. McCarthy, Esq.<br>Rhoades McKee PC<br>161 Ottawa Avenue Northwest, Suite 600<br>Grand Rapids, MI 49503<br>*Attorneys for Huntington Bancshares, Inc.* |
| Constance Melissa Ewing, Esq.<br>David B. Darden, Esq.<br>Eric Jon Taylor, Esq.<br>Nancy H. Baughan, Esq.<br>William J. Holley, II, Esq.<br>Parker Hudson Rainer & Dobbs<br>Marquis II Tower<br>285 Peachtree Center Avenue Northeast, Suite 1500<br>Atlanta, GA 30303<br>*Attorneys for Branch Banking and Trust Co., Regions Financial Corp., Regions Bank* | Lindsey Elisa Bowen, Esq.<br>Lynette Eaddy Smith, Esq.<br>William H. Withrow, Jr., Esq.<br>Troutman Sanders LLP<br>600 Peachtree Street Northeast, Suite 5200<br>Atlanta, GA 30308<br>*Attorneys for SunTrust Banks, Inc.*<br><br>James A. Dunbar, Esq.<br>Venable LLP<br>210 West Pennsylvania Avenue, suite 500<br>Towson, MA 21204<br>*Attorney for M & T Bank Corp.* |
| Alan S. Kaplinsky, Esq.<br>Martin C. Bryce, Jr., Esq.<br>Ballard Spahr Andrews & Ingersoll<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>*Attorneys for Huntington Banchsares, Inc., Huntington National Bank* | John T. Prisbe, Esq.<br>Venable Baetjer & Howard<br>Mercantile Bank & Trust Building<br>Two Hopkins Plaza, Suite 1800<br>Baltimore, MD 21201<br>*Attorney for M & T Bank Corp.* |
| Michael Ross Tein, Esq.<br>Lewis Tein, Esq.<br>3059 Grand Avenue, Suite 340<br>Coconut Grove, FL 33133<br>*Attorneys for PNC Bank, National Association* | Richard D. McCune, Jr., Esq.<br>Jae Kook Kim, Esq.<br>McCune Wright LLP<br>2068 Orange Tree Lane, Suite 216<br>Redlands, CA 92374<br>*Attorneys for Celia Spears-Haymond, Mike Amrhein, Frank Smith, Cynthia Larsen, Michelle Gulley* |
| Geoffrey M. Johnson, Esq.<br>Scott & Scott<br>12434 Cedar Road, Suite 12<br>Cleveland, Ohio 44106<br><br>Joseph S. Tusa, Esq. | Jospeh P. Guglielmo, Esq.<br>Scott & Scott LLP |

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach

| | |
|---|---|
| Whalen & Tusa, P.C.<br>33 West 19th Street, 4th FL<br>New York, NY 10011 | 500 Fifth Avenue, 40th Floor<br>New York, NY 10110 |
| Melissa L. Zujkowski, Esq.<br>Michael N. Ungar, Esq.<br>Ulerm & Berne<br>1100 Skylight Office Tower<br>1660 West Second Street<br>Cleveland, Ohio 44113 | David R. Scott, Esq.<br>Amanda F. Lawrence<br>Scott & Scott LLP<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415 |

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach