UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Townsend v. Wells Fargo Bank & Co., et al.*
S.D. Fla. Case No. 1:10-cv-21834-JLK
C.D. Cal. Case No. CV 10-550 ODW

REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS
WELLS FARGO & CO. AND WELLS FARGO BANK, N.A. TO STAY
PROCEEDINGS IN FAVOR OF ARBITRATION

Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells Fargo") now file this Reply in support of their motion to stay proceedings in favor of arbitration in the above-captioned case.

I. ARGUMENT

It is undisputed that there is a written arbitration agreement between plaintiff and Wells Fargo. It is also undisputed that the scope of the dispute described in plaintiff's complaint falls within the scope of that arbitration agreement. Under such circumstances, as the Supreme Court has made clear, there is a strong presumption of arbitrability of plaintiff's claims. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986). Nothing contained in plaintiff's Opposition provides

1

any basis for overcoming this strong presumption. Therefore, this entire action should be stayed in favor of arbitration.

In his Opposition, plaintiff identifies four reasons why he claims the parties' arbitration agreement should be invalidated.[1] First, plaintiff claims that Wells Fargo has "publicly disavowed" the arbitration agreement. Second, plaintiff claims that Wells Fargo has waived its right to arbitration by participating in the MDL litigation. Third, plaintiff claims that the arbitration agreement is unconscionable. And fourth, plaintiff claims that the designated arbitration service is impermissibly biased. Opp. at 2-3. Plaintiff has failed to support any of these arguments with competent evidence or legal authority, and none comes close to overcoming the strong presumption in favor of enforcing arbitration agreements.

### A. Wells Fargo Has Never "Publicly Disavowed" Enforcement of Its Arbitration Agreements with Its Customers.

Plaintiff states that Wells Fargo has "publicly disavowed enforcement of [its] arbitration provisions due to evidence that [its] preferred arbitration forums are rigged against consumers." Opp. at 2. This is simply untrue.

Plaintiff certainly does not cite any evidence of such a disavowal. The facts (as set out in Wells Fargo's opening brief) are that (1) Wells Fargo's consumer account agreement contains a clear statement of the arbitration agreement between the bank and its customers covering disputes relating in any way to the customers' checking accounts and (2) that Wells Fargo demanded that plaintiff dismiss this action and initiate

---

[1] Plaintiff also discusses whether it is appropriate for an arbitration agreement to provide that the scope of arbitrability shall be determined by an arbitrator instead of a court (Opp. at 4). This discussion is moot, however, as it is undisputed that the scope of the dispute described in plaintiff's complaint falls within the scope of the parties' arbitration agreement.

2

arbitration proceedings on July 12, 2010 – just nine days after his case was transferred to this Court. Plaintiff has offered no evidence to dispute either of these facts; nor has he offered any other evidence to support his position.

Plaintiff bears a "heavy burden" in attempting to invalidate the parties' arbitration agreement. *Citibank, N.A. v. Stok & Assocs., P.A.*, 2010 WL 2825491, at *2 (11th Cir. July 20, 2010). Nothing in his unsupported, conclusory assertion that Wells Fargo has "publicly disavowed" the agreement comes close to satisfying this burden.

### B. Wells Fargo Has Not Waived Its Right to Arbitration by Participating in This MDL Litigation.

Citing absolutely no facts or legal authority, plaintiff claims that Wells Fargo has waived its right to arbitration by participating in this MDL litigation. Opp. at 2-3. Again, plaintiff's conclusory assertion does not comport with the facts.

The transfer of plaintiff's case to this Court was completed on July 3, 2010. Up until that point, the only activity in the case (apart from activity relating to the transfer proceedings) had been plaintiff's filing of the complaint. This Court has never entered a scheduling order for this case, and the only activity initiated by Wells Fargo since the transfer has been the filing arbitration motions.

On July 12, mere days after the case was transferred, Wells Fargo sent plaintiff a letter demanding that he dismiss his case and initiate arbitration proceedings. *See* Jolley Dec. Ex. 2 (DE # 1098-5). On September 1, 2010, Wells Fargo filed its original arbitration motion (DE # 782). Wells Fargo recently re-filed its arbitration motion after plaintiff's case had been dismissed and then reinstated by the Court due to a defect in the filing of plaintiff's complaint. Nothing in Wells Fargo's conduct even remotely establishes that the bank "participated in litigation to a point inconsistent with

3

an intent to arbitrate," such that Wells Fargo's right to arbitrate would be deemed waived. *See Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995).

      **C.**      **Enforcement of Wells Fargo's Arbitration Agreement With Plaintiff Would Not Be Unconscionable.**

Pointing to this Court's denials of arbitration motions on the basis of unconscionability in other cases in this MDL proceeding, plaintiff "incorporates by reference" the arguments in those motions and asserts that enforcement of Wells Fargo's arbitration agreement in this case would similarly be unconscionable. Opp. at 2-3. Plaintiff's argument is unavailing.

Unlike all the other actions in this MDL proceeding in which arbitration motions have previously been filed, plaintiff's lawsuit is not a putative class action. Rather, his case is brought by a single plaintiff on an individual, non-class basis. Therefore, the concerns about the possible unconscionability of class-action-waiver provisions in arbitration agreements that have been the focus of this Court's prior arbitration orders (and that were also the basis for the decision in every case cited by plaintiff in his Opposition) are not relevant here.

As shown by Wells Fargo in its opening brief, enforcement of the parties' arbitration agreement in this case would be neither procedurally unconscionable nor substantively unconscionable. Nothing in plaintiff's Opposition demonstrates otherwise, and plaintiff has therefore failed to show that the agreement should be invalidated on this ground. *See In re Managed Care Litig.*, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid agreement to demonstrate that the agreement is in fact unconscionable.").

4

      **D.**      **The American Arbitration Association Is Competent to Arbitrate This Dispute.**

Plaintiff's final contention is that the arbitration agreement is invalid because the American Arbitration Association ("AAA"), which is designated as the arbitration forum in the agreement, is impermissibly biased against consumers. Opp. at 3. This contention has already been rejected by this Court's decision to enforce arbitration before the AAA in another case in this MDL proceeding. *See* DE # 514 at 8, 12. It has also been rejected by every other court to have considered it. *See, e.g., Estep v. World Fin. Corp. of Ill.*, 2010 WL 3239456, at *5 (C.D. Ill. Aug. 16, 2010); *Phifer v. Mich. Sporting Good Distribs., Inc.*, 2010 WL 3609376, at *8 (W.D. Mich. July 28, 2010); *Jackson v. Payday Loan Store of Ill., Inc.*, 2010 WL 1031590, at *2-3 (N.D. Ill. Mar. 17, 2010).

As discussed more fully in Wells Fargo's opening brief, the AAA would provide a fair and convenient forum to resolve plaintiff's claims. Plaintiff certainly has not demonstrated any impermissible bias arising out of the designation of the AAA as the parties' arbitration service provider, and his arguments provide no basis why his claims should not be stayed in favor of arbitration.

In any event, even if the AAA were unavailable, Section 5 of the Federal Arbitration Act would require enforcement of the arbitration agreement through the appointment of an alternate arbitration service. 9 U.S.C. § 5; *see also Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) ("Where the chosen forum is unavailable, however, or has failed for some reason, § 5 applies and a substitute arbitrator may be named.").

**II.     CONCLUSION**

    For the reasons stated herein and in its opening brief, Wells Fargo respectfully requests that this Court stay this case in favor of arbitration pursuant to the terms of the parties' arbitration agreement.

DATED:  February 10, 2011       COVINGTON & BURLING LLP

                  By:  s/David M. Jolley
                     Sonya D. Winner (*pro hac vice*)
                     (swinner@cov.com)
                     David M. Jolley (*pro hac vice*)
                     (djolley@cov.com)
                     One Front Street, 35th Floor
                     San Francisco, CA, 94111
                     Telephone: (415) 591-6000
                     Facsimile: (415) 591-6091

                     Emily Johnson Henn (*pro hac vice*)
                     (ehenn@cov.com)
                     333 Twin Dolphin Drive, Ste 700
                     Redwood Shores, CA, 94065
                     Telephone: (650) 632-7400
                     Facsimile: (650) 632-4800

                      Barry R. Davidson
                     (bdavidson@hunton.com)
                     Florida Bar No. 107678
                     Jamie Zysk Isani
                     (jisani@hunton.com)
                     Florida Bar No. 728861
                     HUNTON & WILLIAMS LLP
                     1111 Brickell Avenue, Suite 2500
                     Miami, FL 33131
                     Telephone: (305) 810-2500
                     Facsimile: (305) 810-2460

                     Attorneys for Defendants
                     WELLS FARGO BANK, N.A. and
                     WELLS FARGO & CO.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that these documents are being served this day on plaintiff Robert Townsend by First Class Mail and electronic mail at the following addresses:

Robert Townsend
P.O. Box 3330
Dana Point, California  92629
Townsend@runbox.com

s/David M. Jolley
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091