# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Lopez, et al. v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF FIRST TRANCHE DEFENDANTS PURSUANT TO FED. R. CIV. P. 30(B)(6)

PLEASE TAKE NOTICE that the depositions of Defendants Bank of America, N.A., JPMorgan Chase Bank, N.A., Union Bank, N.A., Wachovia Bank, N.A., and Wells Fargo Bank, N.A. (individually, the "Defendant Bank" or the "Bank", and collectively, the "Defendants") will be taken on mutually-agreed upon dates and locations in February 2011, before a certified court reporter. Pursuant to Federal Rule of Civil Procedure 30(b)(6), each Defendant Bank shall designate one or more officers, directors, managing agents, employees, representatives or other persons to testify on its behalf on each topic listed below. The person or persons so designated shall testify as to all information known or reasonably available to each Defendant Bank on each topic listed below.

### DEFINITIONS

In additions to the terms specifically defined in Plaintiffs' First Interrogatories and Requests for Production, the following definitions apply for purposes of this notice:

"Authorized" (or "Authorization") refers to the Bank's communication indicating that the initiated transaction has been approved thereby giving a vendor reason to conclude that the Bank will pay the amount of the transaction.

"Account" refers to any bank account you have held for any customer, to which the customer could make withdrawals using an electronic debit card.

"Posting" refers to the Bank's act of crediting or debiting items to or from an account such that the item is reflected in the account's actual balance.

"You" or "your" means the Defendant Bank, and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, directors, employees, representatives, or agents, including attorneys and accountants.

## TOPICS

1. All electronic databases or programs used by you during the proposed class period, as set forth in the Stipulation between the parties as "Amended Topic 1" attached hereto.

2. Your policies, practices, and procedures from 1998 to the present with respect to all posting orders utilized in posting transactions to your customers accounts.

3. Your policies, practices, and procedures in effect from 1998 to the present with respect to the circumstances under which you assesses overdraft fees, including but not limited to your company-wide policies, practices, or procedures relating to "reversals" (*i.e.*, the waiver or forgiveness of overdraft fees), discretion afforded branch managers or officers to exercise reversals and related dollar limits, if any, overdraft protection programs (*e.g.*, use and extent of linked accounts), courtesy threshold amounts (*i.e.*, a minimum amount accounts must be overdrawn prior to the imposition of an overdraft fee), circumstances where no overdraft fee is assessed despite accounts being overdrawn, maximum overdraft fee assessments permitted per day, the formula and criteria for determining the negative balance upon which an overdraft fee may be assessed (*e.g.*, whether the balance used is calculated at the end of the day of the transaction or at authorization of debit card transaction).

4. Information sufficient to discern, from the documents you identified in response to Plaintiffs' Interrogatories 2 and 3, the facts and circumstances surrounding any and all overdraft charges placed on accounts held by each named Plaintiff.

5. Topic 5 below is withdrawn in light of each Defendant Bank's agreement to: (1) produce a chart by February 15, 2011, identifying the information requested in this Topic as set forth below; (2) attach and identify by Bate-stamp numbers each account agreement in which relevant information appears; (3) stipulate to the authenticity and admissibility of the charts and underlying documents for use in this litigation; and (4) identify and make available for deposition witnesses (in their individual, rather than Rule 30(b)(6) capacity) with knowledge regarding the reasons for the particular changes to the account agreements that are identified in the charts:

From 1998 to the present, any addenda, revisions, or modifications to the Defendant Bank's Customer Account Agreements, the reasons and process for making such changes, the persons responsible for considering and for implementing such changes, documents describing and referencing the consideration or implementation of such changes, as such changes relate to the following practices:

    (a)    posting order of transactions, including how transactions are grouped for posting, and the sequencing of transactions within a group;

    (b)    authorization of electronic transactions;

    (c)    assessment of overdraft or NSF fees on electronic transactions;

    (d)    reversal of overdraft or NSF fees for electronic transactions; and

    (e)    obligation of a customer to pay assessed overdraft or NSF fees.

6. Topic 6 below is temporarily withdrawn without prejudice to Plaintiffs' rights to re-notice it in the future:

The factual basis for any of the affirmative defenses set forth in each Defendant Bank's Answer to Plaintiffs' Complaint(s) including any of the following defenses:

(a) Plaintiffs' lack standing to assert the claims.

(b) Some or all of the Plaintiffs' claims are barred by the statute of limitations.

(c) Plaintiffs' claims are barred by the existence of consent, notification, ratification, acquiescence, authorization, and/or acceptance.

(d) Plaintiffs' claims are barred by the fact that the obligations and fees about which plaintiffs complain were paid voluntarily.

(e) Plaintiffs' claims are barred by virtue of the terms and provisions of contractual agreements.

7. Topic 7 below is temporarily withdrawn based on each Defendant Bank's agreement to identify by Bates-stamp numbers, no later than February 15, 2011, all known relevant studies, professional opinions, surveys, or focus group results responsive to this topic, without prejudice to Plaintiffs' right to re-notice this topic in the future:

All studies, professional opinions, surveys, or focus group results, whether conducted by Defendant or commissioned from third parties, performed from 1998 to the present regarding Defendant's overdraft practices or overdraft fee revenue, including without limitation, the impact of the following factors, circumstances or effect on overdraft fee revenue:

(a) alternative posting orders;

(b)   allowing debit card and ATM withdrawal transactions to be paid into overdraft status;

(c)   the commingling or batching of different types of transactions (such as checks ordered together with debit card transactions);

(d)   the determination of the amount which a customer may overdraw an account with any particular transaction; and

(e)   actual or likely customer reaction to posting items in a particular order.

8.   (a)   All efforts to track overdraft revenue by region, state, branch, or individual employee, including without limitation, the efforts to track overdraft revenue derived from overdraft fees assessed upon customers who were charged more than one overdraft fee on any given day; and

(b)   All alternative policies, practices and procedures considered by you regarding assessment of overdraft fees, whether adopted or not, and any projections of the expected effects of such policies, practices and procedures and policies on overdraft revenues.

9.   Topic 9 below is temporarily withdrawn without prejudice to Plaintiffs' rights to re-notice it in the future:

The identity and location of all documents requested to be produced in response to Plaintiffs' Requests for Production and the efforts undertaken to respond to those requests.

10.   The reasons and motivation for adopting each posting order utilized from 1998 to the present.

11.   Your policies, practices, and procedures in effect from 1998 to the present with respect to your non-customer specific communications (*e.g.*, standardized letters, bill notices, or public disclosures) regarding your overdraft policies and each posting order utilized from 1998 to the

present, including without limitation, the period during which such communications were in effect or applicable, the channels through which such communications were made, and the process and person(s) involved in the determination of what to include and not include in the content of such communications.

12. Your policies, practices, and procedures in effect from 1998 to the present with respect to your standardized forms, letters, form customer complaint responses, employee scripts, talking points, Q & A's, memoranda, and internal documents relating to communications between You and your customers regarding the assessment, waiver or forgiveness of overdraft fees on consumer accounts.

13. Your policies, practices, and procedures in effect from 1998 to the present with respect to recording, reviewing, and responding to customer complaints relating to overdraft fees, including your policies, practices, and procedures relating to the storage and retention of the information and documents, including the form or method of such storage (*i.e.*, hard copy, electronic, etc.).

This deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) is subject to continuance or rescheduling from time to time or place to place until completed.

Dated: January 19, 2011.

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Robert C. Gilbert, Esquire
Florida Bar No. 561861
bobby@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

*Plaintiffs' Lead Counsel*

/s/ Robert C. Josefsberg
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Victor M. Diaz, Jr., Esquire
Florida Bar No. 503800
vdiaz@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W Flagler Street - Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David Stellings, Esquire
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Edward Adam Webb
Edward Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Melissa K. Hutts, Esquire
Texas Bar No. 0188015
mhutts@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th street - 34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*