**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

**PLAINTIFFS' OPPOSITION TO DEFENDANT UNION BANK'S MOTION FOR A PROTECTIVE ORDER TO VACATE DEPOSITION NOTICES AND PLAINTIFFS' CROSS-MOTION TO COMPEL DEPOSITION TESTIMONY**

### I.    INTRODUCTION

Defendant Union Bank, N.A. ("Union Bank") moves to prevent the depositions of Rule 30(b)(6) witnesses noticed by Plaintiffs over six months ago, subject to protracted negotiations including multiple in-person conferences with counsel, and for which Union Bank *had at one time agreed* to produce responsive witnesses. *See* Motion for a Protective Order to Vacate Deposition Notices (Dk. #1169). Despite the elongated history concerning these depositions of persons knowledgeable at Union Bank about issues central to this litigation (such as the bank's posting order, its disclosures about its posting order, and its overdraft revenue), Union Bank, and Union Bank alone, claims it is "scrambl[ing]" to prepare its witnesses and is concerned that it will not be able to abide by the "tight discovery timeline." To the contrary, the parties have already agreed upon the scope of the Rule 30(b)(6) topics 2-13 depositions (Def. Mot. at Ex. C

1

(Dk.# 1169-3)), and Union Bank has already begun preparing its witnesses on those topics (Def. Mot. at 3). Accordingly, there is no reason these depositions should not go forward immediately.

Union Bank complains that it should not have to prepare these individuals for deposition before the Court rules on whether Plaintiffs may amend their complaint to add a RICO claim because such claim purportedly "adds entirely new issues." However, the practices and conduct that give rise to the RICO claim are the same practices and conduct that gave rise to the initiation of this lawsuit. As alleged in the proposed Third Amended Complaint, the RICO claim arises from the very *same* misrepresentations and omissions that form the basis for the state law claims. Union Bank itself concedes that "Plaintiffs are using Union Bank's alleged state law violations as a basis for their claim that Union Bank has violated RICO." Def. Mot. at 5. Accordingly, Union Bank does not and cannot particularize any injury or harm, as is required to justify the granting of a protective order.

Because any further obstruction by Union Bank in producing its corporate designees for deposition will severely prejudice Plaintiffs, Plaintiffs hereby cross-move to compel those depositions. Plaintiffs are entitled to the noticed deposition testimony to not only gather additional evidence to support their class certification motion, due to be filed on April 25, 2011, but also to authenticate documents that will show that Union Bank uniformly and systematically breached its contractual duties and defrauded class members by, *inter alia*, not telling them Union Bank always reordered debits from high to low and that they had instant access to accurate account balances. Thus, Plaintiffs respectfully request this Court deny Union Bank's motion and compel Union Bank to make available the Rule 30(b)(6) witnesses immediately, and to make available the individual witnesses within 10 days after the Court rules on Plaintiffs' pending motion for leave to amend.

## II.     BACKGROUND

On August 3, 2010, Plaintiffs served a 30(b)(6) deposition notice on Union Bank. *See* Ex. A. On September 15, 2010, the parties met in-person for several hours in San Francisco for the purpose of "meeting and conferring" along with other First Tranche defendants, specifically about the Plaintiffs' pending Rule 30(b)(6) deposition notices. Subsequent to that meeting, the parties exchanged correspondence memorializing some of the progress made during negotiations and identifying areas of continued dispute. (*See, e.g.,* Ex. B (10/5/10 letter from Barry Davidson) and Ex. C (10/12/10 letter from Robert Gilbert)). On November 19, 2010, the parties held another such day-long in-person session to discuss pending discovery issues including the Rule 30(b)(6) depositions of Union Bank.

After months of negotiation with the First Tranche banks, including Union Bank, on January 19, 2011, Plaintiffs served an amended 30(b)(6) deposition notice on Union Bank. (Dk # 1169-1). The amended notice significantly narrowed the thirteen topics Plaintiffs seek to have deponents testimony about. On January 26, 2011, Plaintiffs requested the depositions of six current individual Union Bank employees and notified Union Bank that they intended to subpoena two former employees. (Dk # 1169-2). In early February 2011, Union Bank's counsel raised concerns about going forward with the planned depositions based on the filing of Plaintiffs' motion for leave to add a RICO claim. (Dk # 1169-3). Considering Union Bank's concerns, Plaintiffs proposed that if Union Bank went forward with producing its Rule 30(b)(6) designee(s) on topics 2-13 – which was based on an agreement reached following nearly six months of extensive negotiations with all of the First Tranche banks (except Citibank) – Plaintiffs would agree to temporarily defer taking the depositions of Union Bank's individual witnesses while the motion to amend was pending. (Dk # 1169-3). A few days later, Union

Bank's counsel advised Plaintiffs that their proposal was not acceptable and that Union Bank would have to consider its options. Thereafter, Union Bank filed its motion for protective order.

### III. ARGUMENT

#### A. Union Bank Does Not Meet its Heavy Burden to Demonstrate Good Cause for a Protective Order.

Union Bank seeks a blanket protective order enabling it to avoid producing **any** Rule 30(b)(6) or individual witnesses until the Court rules on the pending motion for leave to amend. And, if the motion to amend is granted, Union Bank wants even more time until after the Court rules on its promised motion to dismiss the proposed Third Amended Complaint. Def. Mot. at 2.[1] In seeking to deny discovery through an open-ended protective order, particularly when Plaintiffs' class certification deadline is around the corner, Union Bank bears a heavy burden. *See DHL Express (USA), Inc. v. Express Save Indus. Inc.*, No. 09-60276-CIV, 2009 WL 3418148, at *1 n.3 (S.D. Fla. Oct. 19, 2009). A protective order can only be issued for "good cause." *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). To show good cause, the party must demonstrate "a clearly defined and very serious injury." *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985). "[C]onclusory or speculative statements about the need for a protective order" are insufficient. *Baratta v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D. Fla. 2007). In particular, protective orders prohibiting depositions are "rarely granted." *Id*. (citations omitted); *see also Baron Fin. Corp. v.*

---

[1] To support its arguments, Union Bank cites *Salter v. Upjohn Co*., 593 F.2d 649 (5th Cir. 1979) and *Scorggins v. Air Cargo, Inc*., 534 F.2d 1124 (5th Cir. 1976). These cases are readily distinguishable. In *Salter*, the court vacated the plaintiff's notice to depose the defendant, required the plaintiff to depose other employees first and then, if needed, the plaintiff could depose the defendant. 593 F.2d at 651. Here, Union Bank refuses to allow Plaintiffs to depose **any** witnesses, including for the Topic 2-13 Rule 30(b)(6) depositions for which the parties have already agreed on the scope. Def. Mot. at 5. In *Scroggins*, the court of appeals affirmed the lower court's decision to limit discovery to issues related to a pending motion for summary judgment but noted that such a stay would be improper "if plaintiff had been denied discovery which related to the summary judgment motion." 534 F.2d at 1133. The court of appeals' observation applies here as the depositions are needed to support Plaintiffs' class certification motion.

*Natanzon*, 240 F.R.D. 200, 201 (D. Md. 2006) (denying protective order staying depositions) (quoting 10 Fed. Proc., L.Ed. § 26:191 (an "order to vacate a notice of taking a deposition is generally regarded by the courts as both unusual and unfavored")). With its conclusory and speculative statements regarding purported harm, Union Bank falls far short of meeting its heavy burden. Union Bank has only itself to blame for any "scrambl[ing]" it may have to do to prepare witnesses at this stage.

The three arguments that Union Bank makes to support its motion all lack merit, and the bank completely fails to demonstrate "good cause" for issuing the protective order it requests.

First, Union Bank argues that it requires a protective order because "the scope of the pleadings against it is unsettled." Def. Mot. at 3. That is largely, if not completely, false. While the Court has not yet ruled on whether Plaintiffs may amend their complaint to add a RICO claim, this Court has already denied Union Bank's motion to dismiss the state law claims. As Plaintiffs seek only to amend their complaint to add a RICO claim and propose ***no*** amendments to their state law claims, those claims plainly remain at issue and there is nothing unsettled about them. Moreover, as set forth below, Plaintiffs' proposed RICO claim is based on the same underlying practices as their state law claim. Importantly, the parties have already reached an agreement on the scope of the Rule 30(b)(6) topics 2-13 depositions and Union Bank has begun preparing its witnesses on those topics. Def. Mot. at 3. Those depositions should go forward regardless of whether Plaintiffs are permitted to pursue their RICO claim at this time. *See, e.g., Feldman v. Flood,* 176 F.R.D. 651,652 (M.D.Fla.1997) (delaying discovery pending resolution of a motion that will not dispose of the entire case is rarely appropriate); *see also Simpson v. Speciality Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (in denying a protective order quashing a deposition and staying discovery, the court held that a protective order "is rarely appropriate where resolution of the [pending] motion will not dispose of the entire case").

Further, the dispute over the timing of the recently noticed individual depositions may be soon resolved as the motion to amend has been fully briefed and the parties are simply waiting for the Court's ruling.

Second, Union Bank argues that it should not be made to prepare its witnesses to testify about a RICO claim that is not yet at issue and that it should not have to "scramble" to defend against an "entirely new substantive claim." Def. Mot. at 3. In making this argument, Union Bank ignores the significant overlap between the RICO and state law claims, all of which arise out of the same "common nucleus of facts" that creates a cohesive class – the "common practice by Defendants, to enter charges debiting Plaintiffs' accounts from the 'largest to the smallest' thus maximizing the overdraft fee revenue for themselves." DE # 1016 at 2. The success of the unlawful scheme carried out by the unlawful enterprise between Union Bank and Cast Management depended on the very misrepresentations and omissions to customers which are also at issue in Plaintiffs' state law claims, including: (1) concealing from customers that the bank always posted debit transactions from high to low; (2) telling customers they had access to accurate account balance information (even though the bank's post hoc reordering meant the information available to customers at any given moment was often inaccurate); and (3) failing to alert customers at the point of sale that a debit transaction would result in a $35 fee. Indeed, Plaintiffs discovered the RICO enterprise in the very documents Union Bank produced in response to written discovery requests Plaintiffs propounded in connection with their state law claims. As Union Bank itself puts it, "Plaintiffs are using Union Bank's alleged state law violations as a basis for their claim that Union Bank has violated RICO." Def. Mot. at 5. Where, as here, significant overlap exists between the pending claims, discovery should proceed even where there are pending motions that may affect some claims. *See, e.g., Smith v. Waverly Partners, LLC*, No. 3:10CV28-RLV-DSC, 2010 WL 3943933, at *1 (W.D.N.C. Oct. 6, 2010) (in

6

denying a Rule 26(c) motion staying Rule 30(b)(6) depositions, the court found that "[b]ecause the actions of [defendant] *are central to all the claims in the case*, including the ones not subject to the motions to dismiss, the deposition will be necessary regardless of the outcome of the motions") (emphasis added)).

Third, Union Bank argues that it may have to produce certain individuals as many as four times. Def. Mot. at 5. That is nonsense. Because the RICO claim is based on the same underlying practices that give rise to Plaintiffs' state law claims, there will not be unnecessary duplicative depositions. Nonetheless, Plaintiffs offered to defer the individual – *i.e.,* Rule 30(b)(1) – depositions until after the Court rules on their motion for leave to amend. Union Bank declined Plaintiffs' offer, demonstrating that this justification for Union Bank requesting a protective order is manufactured. Def. Mot. at Ex. C (Dk. #1169-3). That a witness *may* need to be deposed in both her individual capacity and as a corporate designee, pursuant to Plaintiffs' Rule 30(b)(6) deposition notice, is far from unusual in complex litigation and is by no means grounds for a protective order. *See Rodriguez v. Niagara Cleaning Services, Inc.*, No. 09-22645-CIV, 2010 WL 2573974, at *8 (S.D. Fla. June 24, 2010) (denied protective order seeking to disallow a second deposition of the same deponent because the depositions were distinct as one was an individual deposition and the other was in the witness' capacity as a corporate designee).

Not only do the arguments Union Bank makes in support of its motion fall short of the necessary "good cause" showing, they ignore the prejudice to Plaintiffs of further delaying these depositions. The prejudice is real and substantiated and cannot be ignored. "When evaluating whether a movant has satisfied his burden of establishing good cause for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." *Baratta*, 242 F.R.D. at 645. Plaintiffs' class certification motion is due

7

April 25, 2011 – less than two months from now. Plaintiffs require the depositions not just to gather additional evidence to support their class certification motion, but also to authenticate and otherwise establish the admissibility of documents that will show Union Bank uniformly and systematically breached its contractual duties and defrauded class members by, *inter alia*, not telling them Union Bank always reorders debits from high to low and that they had instant access to accurate account balance information. Thus, unless the noticed depositions – in particular, the long ago noticed Rule 30(b)(6) topics 2-13 depositions – go forward soon, Plaintiffs will be denied a full opportunity to properly brief class certification.

### B. Union Bank Should Be Compelled To Produce All Individual and Rule 30(b)(6) Deposition Witnesses.

Because Union Bank's blanket refusal to produce any individual or Rule 30(b)(6) topics 2-13 witnesses is extremely prejudicial to Plaintiffs in light of the fast approaching April 25, 2011 class certification deadline, Plaintiffs request the Court compel Union Bank to produce the Rule 30(b)(6) topics 2-13 witnesses immediately, and the Rule 30(b)(1) deponents no later than 10 days after the Court rules on the pending motion for leave to amend.

A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). To defeat a motion to compel, the burden is on the party resisting the discovery to specifically show "how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden." *Belaire at Boca, LLC v. Ass'ns Ins. Agency, Inc.*, No. 06-80887-CIV, 2007 WL 1830873, at *1 (S.D. Fla. Jun. 22, 2007). Union Bank cannot meet its burden with respect to the Rule 30(b)(6) depositions, particularly as the parties have already reached an agreement as to their scope. As set forth above, Plaintiffs are willing to delay the 30(b)(1) depositions until after the Court rules on Plaintiffs' motion to amend.

8

## IV. LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Plaintiffs certify that they conferred with Union Bank's counsel in a good faith effort to resolve the need for filing their cross-motion. The parties were not able to resolve their differences as to the issues raised in this motion.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court deny Union Bank's motion for protective order in its entirety. Further, Plaintiffs respectfully request that the Court enter an order under Fed. R. Civ. P. 26(c) and 37(a) compelling Union Bank to immediately produce Rule 30(b)(6) topics 2-13 witnesses and produce the individual 30(b)(1) deponents within 10 days after the Court rules on Plaintiffs' pending motion for leave to amend.

Dated: February 23, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
bruce@alterslaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb | /s/ Michael W. Sobol |
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | David S. Stellings, Esquire |
| Georgia Bar No. 141903 | New York Bar No. 2635282 |
| Matt@WebbLLC.com | dstellings@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141315 | California Bar No. 215348 |
| FLemond@WebbLLC.com | rheller@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | Jordan Elias, Esquire |
| 1900 The Exchange, S.E. | California Bar No. 228731 |
| Suite 480 | jelias@lchb.com |
| Atlanta, GA 30339 | LIEFF CABRASER HEIMANN & |
| Tel: 770-444-9325 |   BERNSTEIN L.L.P. |
| Fax: 770-444-0271 | Embarcadero Center West |
| | 275 Battery Street, 30th Floor |
| | San Francisco, CA 94111 |
| | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596