# EXHIBIT B

Bobby,

Thank you for sending plaintiffs' Restated Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). While there remain some material issues (e.g., issues of time period and some other matters) that each bank will need to take up through its own counsel, I have collected comments from the first tranche defendants on your revisions to Topics 2-13. The first tranche defendants who received these notices ("defendants") reserve their objections to the Topics as originally promulgated but remain willing to continue to discuss these issues with you, Rich, Michael, and Bonny in an effort to resolve our disagreements.

Several of these comments set out below stem from the breadth of the deposition notice, in that several topics purport to require a witness to memorize potentially vast amounts of information about large, generalized categories of documents. We do not believe this is a proper use of Rule 30(b)(6).

Topic 4: We see that you made no revisions to this topic despite our lengthy discussions during our meeting in San Francisco. As you know, defendants have objected to this topic as overbroad: some plaintiffs incurred hundreds of overdrafts and one bank has been sued by 32 plaintiffs. There is no way a witness could possibly be expected to prepare to testify to the full scope of this topic as originally formulated. As a compromise, defendants proposed that each bank instead simply designate a witness or witnesses who can explain in general terms how to read and understand the various documents identified by the bank in response to Interrogatories Nos. 2 and 3 so as to enable plaintiffs to use those documents to understand the circumstances of any overdraft fee that might be of interest. We again ask that you consider this proposal. If plaintiffs are of the view that more is needed, defendants will need much greater specificity and a more reasonable and limited scope.

Topic 5: We were surprised to see that plaintiffs' revisions to this topic do not reflect the parties' discussions, and the revised topic is, if anything, even more unacceptable to defendants than the original version. Defendants objected to this topic as originally drafted because it is overbroad and appears on its face (a) to call for legal conclusions not appropriately the subject of lay witness testimony and (b) to intrude directly upon areas of privilege. Far from addressing these concerns, plaintiffs' revisions would expand this topic's already overbroad scope.
We understood at our meeting that plaintiffs were amenable to an alternative under which individual banks would provide stipulations in lieu of deposition testimony that would set forth the provisions that address the specific subtopics identified in Topic 5 in their customer account agreements and related documents, and state how and when those provisions changed, if at all. We believe this approach presents a much more reasonable approach for this topic.

Topics 6 and 9: Defendants agree that Topics 6 and 9 must be withdrawn at this time. We do not agree that Plaintiffs may properly re-notice them in the future, but that issue is not ripe for resolution now.

Topic 7: As with Topic 5, rather than revising this topic as discussed at the meeting (so that it focuses on "financial analyses"), the revisions make the topic even more overbroad by seeking testimony about a wide range of documents concerning a much expanded list of topics.

Defendants object to this topic both as originally formulated and as revised because it is overbroad and not reasonably particular.  As noted above, it is not feasible to prepare a witness or witnesses to answer, on behalf of a corporation, detailed questions about such wide ranging documents.  Defendants object to this topic both as originally formulated and as revised because it is vague, ambiguous, and confusing.  We remain open to considering a narrower and more precisely stated topic along the lines discussed at our meeting.

Topic 8:  We appreciate that plaintiffs removed the references to "actual revenue" in Topic 8 after our discussions in San Francisco.  Defendants continue to object to Topic 8 as ambiguous and overbroad to the extent it requests testimony not only about efforts to "track" overdraft revenue but also to "enhance" such revenue.  These are not logically related topics, and we are not sure what it is plaintiffs are interested in.  Are "efforts to . . . enhance overdraft revenue" intended to cover decisions about the level of overdraft fees, or something different?  Defendants will need greater specificity and a more reasonable and limited scope for this topic if it is intended to extend beyond efforts to track overdraft revenues.

Topic 11:  Defendants cannot agree to the revisions plaintiffs have proposed to this Topic, which once again exacerbate rather than resolve the problems identified in defendants' objections to the topic as originally propounded.  It is overbroad and unduly burdensome as to scope, requesting detailed testimony about a wide range of documents, and thus raises concerns similar to those described above for Topic 7.  It may be possible to address this topic by identifying straightforward facts in a stipulation from each defendant, similar to that discussed above as a possible approach for Topic 5.  Even there, some significant narrowing of scope and greater specificity on the information sought would still be needed.

Topic 12:  This topic seeks testimony about an extraordinarily broad category of documents and does not even provide specificity as to the information sought about those documents.  We suggest that the parties discuss whether stipulations in lieu of deposition testimony – similar to the proposal as to Topic 5 – might be a more efficient way for plaintiffs to get the information they are seeking.

Finally, we observe that in most cases the topics have not been revised to reflect the confirmation you provided orally at our meeting that all of these topics are intended to focus solely on consumer accounts.  We assume that this was either simply an oversight or something you intended to clarify in some other way in the actual notice sent to each defendant.  If not, this remains an outstanding issue as well.

We look forward to continuing this dialog in hopes that these issues can be resolved.

Regards,
Barry