# EXHIBIT C



Jeremy W. Alters
David C. Rash
Robert C. Gilbert
Justin D. Grosz
Matthew T. Moore
Bruce Rogow, Special Counsel

October 12, 2010

<u>*Via Electronic Mail Only*</u>

Barry R. Davidson, Esquire
Hunton & Williams LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida  33131

Re:   Response to your letter of October 5, 2010

Dear Barry:

Thank you for your letter on behalf of the defendants present at our September 15th meeting regarding our proposed revisions to Topics 2-13.  We reviewed and discussed your comments and provide the following response, and remain willing to continue discussing these issues.

Before addressing the specific topics identified in your October 5th letter, I note that there is no reference at all to our revised Topics 2, 3, 10 and 13.  Therefore, we presume that the defendants present at the September 15th meeting agree to promptly produce 30(b)(6) designee(s) responsive to revised Topics 2, 3, 10 and 13 promptly after the Eleventh Circuit accepts *en banc* review or quashes the current panel opinion in *Cappuccitti*.  Please confirm that our presumption is accurate.

We now turn to the specific topics addressed in your October 5th letter.

Topic 4:  We are generally willing to consider defendants' proposal, as outlined in your letter, as long as it is understood that plaintiffs will have the opportunity to ask the witness(es) about the named plaintiffs' bank statements and other documents and matters affecting the overdraft charges placed on accounts held by each named plaintiff.

www.alterslaw.com

Miami Design District, 4141 Northeast 2nd Avenue • Suite 201 • Miami, Florida 33137 • Telephone: 305-571-8550 • Fax: 305-571-8558

Barry R. Davidson, Esquire
October 12, 2010
Page 2 of 3

Topic 5: We are willing to consider accepting a written stipulation from each bank in lieu of certain deposition testimony identifying by bates-stamp number each and every non-identical provision in their respective customer agreements and related documents addressing the specific subtopics identified in revised Topic 5, applicable during the class period, togther with the date(s) for each such documents were in effect (and where) and stating how and when those provisions changed over time, if at all. Any such stipulation must also stipulate to the authenticity of such documents for future proceedings in the litigation. Subsequent to providing the stipulation, each bank will produce a designee(s) competent to testify concerning modifications or variations in these documents as will be identified by Plaintiffs, including the "reasons and process for making such changes, [and] the persons responsible for considering and for implementing such changes" relating to specific subtopics identified in revised Topic 5. If this proposed framework is acceptable, please prepare and forward a proposed stipulation for our review and consideration.

Topic 6 and 9: We are surprised and disappointed at the banks' response to our offer to temporarily withdraw these topics. We are unwilling to temporarily withdraw these topics absent an agreement from the banks that they may be re-noticed for 30(b)(6) deposition in the future.

Topic 7: We worked hard to reframe this topic following our meeting in San Francisco and believe the topic, as reframed, is much clearer and completely appropriate for a 30(b)(6) deposition. We are disappointed by your continuing objection and failure to even offer constructive suggestions aimed at narrowing or modifying this topic. Therefore, we stand on Topic 7, as revised.

Topic 8: While you may not believe that testimony about efforts to "track" and/or "enhance" overdraft fee revenue are logically related topics, we believe they are related and that the topic, as revised, is perfectly appropriate for 30(b)(6) deposition. Therefore, we stand on this topic, as revised.

Topic 11: We are willing to consider a stipulation like the one described above in Topic 5 which identifies all non-customer specific communications between each bank and its customers providing each posting order utilized from 1998 to the present, coupled with our right to take testimony from each banks' designee(s) following receipt of the stipulation concerning the channels through which such communications were made, the circumstances or reasons that prompted such communications, and the process and persons involved in determining what to include or not include in such communications. Again, if you are interested in pursuing this framework, please prepare and send us a draft stipulation for review and consideration.



Barry R. Davidson, Esquire
October 12, 2010
Page 3 of 3

<u>Topic 12</u>:  We are willing to consider entering into a stipulation identifying by bates-stamp number all standardized forms, letters, form customer complaint responses, employee scripts, talking points, Q & A's, memoranda and internal documents relating to this topic, and stipulating to the authenticity and admissibility of these documents for further purposes in the litigation. As with our proposal with regard to Topics 5 and 11, we would thereafter be able to take testimony of each bank's designee(s) concerning how and when such policies, practices and procedures were implemented, as well as how these policies, practices and procedures were communicated to and/or enforced against each bank's customers.  Once again, if your side is interested in such a framework, please prepare and send us a draft stipulation for review and consideration.

Finally, as discussed during our San Francisco meeting, this reconfirms that the focus of these topics is directed solely at "consumer accounts."

We look forward to hearing back from you promptly regarding these issues and to resolving as many of them as possible.

Cordially,

Robert C. Gilbert

cc: Michael Sobol
    Richard McCune
    Bonny Sweeney



alters
LAW FIRM