UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

| |
|---|
| IN RE:  CHECKING ACCOUNT OVERDRAFT LITIGATION <br><br> MDL No. 2036 |

| |
|---|
| THIS DOCUMENT RELATES TO: <br><br> *Larsen v. Union Bank, N.A.* <br> **S.D. Fla. Case No. 1:09-cv-23235-JLK** <br> **N.D. Cal. Case No. 4:09-cv-3250** |

**DEFENDANT UNION BANK, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMOVE THE "CONFIDENTIAL" DESIGNATION FROM DISCOVERY DOCUMENTS OR, IN THE ALTERNATIVE, TO UNSEAL PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant Union Bank, N.A. ("Union Bank") hereby respectfully submits this

Opposition to Plaintiffs' Motion to Remove the "Confidential" Designation From Discovery

Documents or, In the Alternative, to Unseal Plaintiffs' Third Amended Class Action Complaint

(the "Motion").

I.     INTRODUCTION

Plaintiffs have chosen to burden the Court with a matter that the parties were – so Union

Bank thought -- in the process of resolving amicably.  Plaintiffs are simply wrong that Union

Bank failed to conduct the good faith review required by the Stipulated Protective Order [DE

688](the "Protective Order") before production, and that it merely designated the documents as

"Confidential" *post facto*. In fact, Union Bank conducted a good faith review of the hundreds of thousands of pages that it has produced, but inadvertently did not designate as "Confidential" everything that it intended to so designate. After discovering this, Union Bank's counsel timely alerted Plaintiffs of the inadvertent failure to designate. When Plaintiffs disagreed with the designations, Union Bank not only agreed to re-review the documents it had designated as "Confidential" but invited Plaintiffs' counsel to bring any specific documents as to which Plaintiffs had issue to its attention. It did so out of courtesy, so that Union Bank could prioritize any specific issues that Plaintiffs raised over the re-review of a vast and voluminous production. However, on the very day that Union Bank de-designated a number of documents, Plaintiffs filed this Motion. Notably, they did so without certifying compliance with Local Rule 7.1.A.3 meet and confer requirement. A meet and confer would certainly have clarified Plaintiffs' apparent misunderstanding with respect to the good faith review Union Bank conducted.

The documents that Union Bank designated as "Confidential" fall squarely into the Protective Order's definition of confidential materials. Plaintiffs' Motion seeks to redefine "Confidential" impermissibly narrowly, disregarding the Protective Order and the applicable law. Further, given that Union Bank has already agreed to conduct a reasonable re-review of its production, Plaintiffs' arguments about "blanket designations" are inapposite. Plaintiffs request drastic relief, without any basis – that Union Bank's entire production should be denied the "Confidential" designation. In the alternative, they seek much narrower relief – the unsealing of the proposed Third Amended Class Action Complaint (which is not yet a judicial document and entitled to a strong presumption of openness). In seeking to unseal, Plaintiffs ignore or dismiss Union Bank's well-founded assertion of confidentiality but want to, as they themselves put it, engage in "embarrassing revelations." Plaintiffs' Motion should be denied.

Alternatively, The Court can also resolve this motion by ordering Plaintiffs to complete the meet and confer which should have been conducted before this motion was filed, and then, if necessary, the parties can ask the Court to consider the designations of any particular categories of documents that still remain at issue.

## II.    BACKGROUND

Union Bank produced nearly three hundred thousand pages of documents, and reviewed all of them, in good faith, before production, with respect to whether they qualified for the "Confidential" designation under the Protective Order, as set forth in detail in the declaration of Peter H. Bales (Exhibit "A" "Bales Decl."), filed concurrently herewith.  After receiving Plaintiffs' document requests, Union Bank worked diligently to collect reasonably accessible electronically stored data from identified custodians, and used a list of search terms to filter the data.  (Ex. "A" Bales Decl. ¶ 4.)  As of November 2010, the amount of documents collected from reasonably accessible email-data numbered almost 700,000, after applying the search terms, which meant an estimated two million pages of documents to review.  (Ex. "A" Bales Decl. ¶ 4.)

Contrary to Plaintiffs' allegation in the motion at issue, Union Bank did conduct a good faith review of these documents to determine whether they should be designated as "Confidential" under the Protective Order.  (Ex. "A" Bales Decl. ¶ 6.)  Prior to reviewing a single electronic document, counsel for Union Bank, both in-house counsel and attorneys from Severson & Werson, met with the review team to introduce them to the case and to the review process.  (Ex. "A" Bales Decl. ¶ 5.)  As of the date of that meeting, there was no finalized Stipulated Protective Order between the parties.  (*Id*.) Nevertheless, counsel for Union Bank, specifically instructed the review team to review the electronically stored documents to

determine whether the documents should be designated as "Confidential." (*Id.*) The description of what materials should be designated as "Confidential" provided at that time was similar to the definition eventually later set forth in the Protective Order. (*Id.*) Subsequently, after it was entered by the Court, a copy of the Protective Order was provided to the review team for their guidance. (*Id.*)

Prior to producing its first electronic production, Union Bank attorneys, separate and apart from the review team attorneys, performed random sampling reviews of documents that had been reviewed to ensure that the review team was designating documents correctly, among other things, with respect to the "Confidential" designation. (Ex. "A" Bales Decl. ¶ 7.) On October 29, 2010, Union Bank produced almost 300,000 pages of email-data and attachments. (Ex. "A" Bales Decl. ¶ 8.) Then, on January 7, 2011, Plaintiffs sent a proposed Third Amended Complaint to counsel for Union Bank, along with thirteen proposed Exhibits. (Ex. "A" Bales Decl. ¶ 9.) Several of the Exhibits were taken from the October 2010 production. (*Id.*) After reviewing the Exhibits, Union Bank determined that eight out of the thirteen Exhibits were Confidential but had not been designated as such. (*Id.*) After investigating the matter further, Union Bank discovered that, inadvertently, and despite the review with respect to "Confidential" designations, no documents had been marked as "Confidential" in the October production although they had been identified as such by this review. (*Id.*)

On January 14, 2011, in a letter, Union Bank's counsel designated certain documents as "Confidential" that were inadvertently not designated as such before. (Ex. "A" Bales Decl. ¶ 9.) Pursuant to the Protective Order, the letter was a timely designation of Union Bank's claim of confidentiality after discovery of an inadvertent failure to designate. (*See* Motion, Exs. A at ¶ 12

& B. [DE 1183])  On January 19, 2011, Plaintiffs' counsel wrote to Union Bank's counsel, challenging Union Bank's confidentiality designations, both more broadly, and with respect to several specific documents that included exhibits "E" through "L" of the proposed Third Amended Complaint.  (*See* Motion, Ex. C. [DE 1183])  Among other things, Plaintiffs complained about the "Confidential" designation of a document that was not so designated, and took issue with the fact that Union Bank's production protocol designated entire documents the same way.  (*Id.*)

On January 27, 2011, Union Bank responded in detail as to each of the challenged documents, and set forth Union Bank's good faith basis for the "Confidential" designations.  (*See* Motion, Ex. D (the "January 27 Letter"[DE 1183]).  Mindful of the concerns raised by Plaintiffs, Union Bank agreed to "undertake a reasonable review of the documents [it] … designated as "Confidential" and to let Plaintiffs know if any of them warranted de-designation.  (*Id.* at 4.) The January 27 Letter does not state, as Plaintiffs presume, that Union Bank undertook this review for the first time.  It clearly states that confidential documents were inadvertently not so designated before, which implies prior review,[1] which had, in fact, occurred.  The letter also invited Plaintiffs' counsel to raise any further specific issues that it had with respect to Union Bank's confidentiality designations, so that Union Bank could immediately address them.  (*Id.* at 4.)

Union Bank promptly embarked on a time-consuming re-review of the confidentiality designations of the extremely voluminous October production to correct any mistakes.  Union Bank attempted to identify groups of documents which may have been improperly designated as

---

[1] Instead of torturously parsing the January 27 Letter, Plaintiffs' counsel could have simply picked up the phone and called Union Bank's counsel to ask for clarification.

Confidential. (Ex. "A" Bales Decl. ¶ 12.) Union Bank identified a few such categories. These included (1) blank attachments and small image files; (2) short emails which did not contain strategic business discussion or proprietary information; (3) publicly filed documents such as filings with the Securities and Exchange Commission and other agencies; and (4) final versions of advertisements that were distributed to the public. (Ex. "A" Bales Decl. ¶ 13.)

On February 22, 2011, Union Bank's counsel sent a letter to Plaintiffs' counsel, de-designating hundreds of pages of documents and stating that Union Bank would continue the re-review and de-designate additional documents, if warranted. (*See* Bales Decl., Ex. A.) On the same day, Plaintiffs filed this Motion.

## III.   ARGUMENT

### A.   The Motion Should Be Denied for Failure to Comply With Local Rule 7.1.A.3

Plaintiffs have not certified that they complied with Local Rule 7.1.A.3, which requires that counsel meet and confer. As such, the Court can and should deny this motion for failure to provide the appropriate certification. "Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Local Rule 7.1.A.3. While the parties' counsel exchanged three letters with respect to the "Confidentiality" designation issues, Plaintiffs never reached out to Union Bank's counsel to discuss their concerns. This is apparent from the Motion, which purposefully or accidentally mischaracterizes the correspondence, and is based in a large part on the mistaken presumption that Union Bank failed to review documents for the "Confidential" designation before production. Furthermore, in the January 27 Letter, Union Bank's counsel explicitly stated that it would undertake a reasonable review of its

production and de-designate as appropriate, in direct response to Plaintiffs' concerns.  Union

Bank has now de-designated numerous documents and intends to continue to de-designate any

mistakenly designated documents.  As such, Plaintiffs did not meet their meet-and-confer

requirements and have instead improperly burdened this Court with this matter.

The Court can resolve this motion by ordering Plaintiffs to complete the meet and confer

which should have been conducted before this motion was filed.  After such meet-and-confer, if

necessary, the parties can ask the Court to consider the designations of any particular categories

of documents that still remain at issue.

### B. Plaintiffs Show No Basis For Either Blanket De-Designations or Unsealing

Plaintiffs make two arguments: (1) Union Bank did not undertake a good faith review

before designating materials in its production as "Confidential," and therefore the "Confidential"

designations should be removed from *all* of its discovery documents, and (2) certain specific

Exhibits to the proposed Third Amended Complaint should be *unsealed* because of the

compelling public interest in them, and because they are not properly confidential.  Because the

issues of designating discovery materials as "Confidential" and unsealing filed documents are

governed by different legal standards and logically separate, Union Bank addresses each in turn.

### 1. Union Bank Designated Documents in Its Production In Good Faith as "Confidential" and Plaintiffs Have Set Forth No Basis to De-Designate the Entire Production

Plaintiffs' demand that all documents in Union Bank's production that were designated as

"Confidential" be de-designated is based on their presumption that Union Bank did not

undertake a good faith review for the purposes of the "Confidential" designations before

production.  As set forth in the Declaration of Peter Bales, Union Bank did in fact undertake a

good faith review, and analyzed each document as to whether it should be designated as

"Confidential."  Plaintiffs claim that they have not received any indication that Union Bank ever

reviewed the documents designated as Confidential for that purpose, and that the "present tense" used in the January 27 Letter suggests that Union Bank did not.  (Motion, p. 13. [DE 1183]) Plaintiffs willfully misread the parties' correspondence, as the January 27 Letter states in the second paragraph that Union Bank conducted a good faith review.  Further, Plaintiffs are wrong in stating that "Union Bank's counsel [has not] expressed an intent to de-designate any of the documents."  (*Id.*)  In fact, the January 27 Letter states that Union Bank's counsel will reasonably review the production and de-designate any documents that warrant de-designation. (See Motion, Ex. D, p. 4).  Union Bank's counsel de-designated a number of documents on the very day that Plaintiffs filed this Motion. (*See* Ex. A).  As such, Plaintiffs' arguments about the lack of good faith review and the impropriety of blanket designations are inapposite.

Once Union Bank discovered that it inadvertently had not stamped as "Confidential" the documents it had determined were Confidential, its counsel immediately sent a letter to Plaintiffs informing them of the error.  Pursuant to the Protective Order, the letter was a timely designation of Union Bank's claim of confidentiality after discovery of an inadvertent failure to so designate in the first place.[2]  (*See* Motion, Ex. A ¶ 12.[DE 1183])  In its January 27 Letter, Union Bank's counsel explained that "[t]he documents that Union Bank designated as "Confidential" fall squarely into the Protective Order's definition of confidential materials.  The documents were produced as the result of searches, pursuant to terms to which Plaintiffs have not objected to, of internal Union Bank e-mails.  (*See* Bales Decl., Ex. "A")  The documents include "internal business, financial, strategic planning, confidential product development, security or customer

---

[2] "Inadvertent production of or failure to designate any matter as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's … claim of confidentiality as to such matter…"  (*See* Motion, Ex. A ¶ 12.[DE 1183])

information." (*See* Motion, Ex. D, pp. 1-2). As such, Union Bank's "Confidential" designations are in good faith and justified. *See also Kamyr AB v. Kamyr, Inc.,* 91-CV-0453, 1992 WL 317529, at *5 (N.D.N.Y. Oct. 30, 1992) ("Once the court has determined that the nature of the action is such that commercially sensitive material will be produced, the producing party is in the best position to determine the sensitivity of the material produced. ... [An *ex parte* review] would require the court to acquaint itself with every intricacy of the parties' businesses to allow it to make informed decisions. And even then ... the realistic alternative would be that the court would accept the producing party's assurance that the material, if produced, would be injurious to them.")

Plaintiffs, however, want all discovery to be conducted in open and seek to undo the purpose of the Protective Order entirely with respect to Union Bank. They do so despite the fact that whether or not a document is marked "Confidential" will not prejudice them the least, as they have access to all discovery. Plaintiffs purposefully conflate the standard for unsealing judicial documents with the standard that applies to conducting discovery, where secrecy is expected. Pretrial discovery is not a public component of a civil trial. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.... But those documents ... that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."). The Supreme Court explained that "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id.* at 33.

The Eleventh Circuit has also specifically held that private "documents collected during discovery are not 'judicial records.' " *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir.1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987) ("The discovery process, as a 'matter of legislative grace,' is a statutorily created forum not traditionally open to the public"); see also *Union Oil Co. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000) ("Portions of discovery may be conducted in private to expedite disclosure.... Much of what passes between the parties remains out of public sight because discovery materials are not filed with the court."); *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir.1999) (same); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 621 F.Supp.2d 55, 63 (S.D.N.Y.2007) (holding that unfiled documents do not qualify as judicial).

Plaintiffs cite no authority that would support the radical step of removing the "Confidential" designation from all of Union Bank's documents.[3]  This would amount to sanctions, and compromise Union Bank's ability to do business, for Plaintiffs could share any document with respect to Union Bank's budgets, high-level strategy or sensitive financial information with the public.[4]  *See Kamyr AB,* 1992 WL 317529 at *5 (where the plaintiffs' allegations necessarily involve an in-depth investigation of the defendants' business structure, operations and policies, such business information should be protected in the discovery stage).

---

[3] The only authority Plaintiffs rely on, *Pettrey v. Enterprise Title Angency, Inc.*, 470 F. Supp. 2d 790 (N.D. Ohio 2006), relates to unsealing judicial documents, not de-designating discovery documents. (*See* Motion, p. 7.)

[4] In fact, what Plaintiffs propose will clearly slow down the pace of Union Bank's document production and will surely lead to increased motion practice over production issues.

Given that Union Bank has already been re-reviewing its production with respect to de-designation, in an effort to reach an amicable resolution which would obviate the need for this Court's intervention, it is also completely unwarranted.

In fact, Plaintiffs' demand to de-designate all documents Union Bank designated as "Confidential" will undo the entire reason for the Protective Order, which the parties spent months negotiating. The Protective Order encapsulates the parties' agreed-upon procedure, and allows them to designate documents as "Confidential" documents that do not just satisfy the technical definition of "trade secret." Recognizing that many of the documents in these "overdraft" cases would include confidential, high-level communications and financial analyses, the parties agreed upon a procedure that would eliminate unnecessary disputes about relevance, the withholding of sensitive documents, and motion practice. This procedure allowed Union Bank and other defendants to produce voluminous documents, culled from electronic data, using very broad search terms which were designed to extract any potentially relevant documents, without slowing down this process for disputes over designation. Union Bank has accordingly produced more than three hundred thousand documents, and is continuing to review and produce. The Protective Order well balances Plaintiffs' right to discovery of relevant information with the defendant banks' right to prevent unfettered disclosure of sensitive information. Plaintiffs should not be allowed to change the rules under which documents were gathered and produced, after the fact. As such, Plaintiffs' Motion to remove all "Confidential" designations from Union Bank's production should be denied.

### 2. The Documents Attached to Plaintiffs' Proposed Third Amended Complaint Should Remain Under Seal

Plaintiffs claim that their proposed Third Amended Complaint, and the attached exhibits which were designated as "Confidential" by Union Bank, should be unsealed because (1) there is

a presumption of public access to judicial documents, in particular, with respect to class actions, and (2) Union Bank did not properly designate the documents attached to the proposed Third Amended Complaint as "Confidential."

First, this action has not yet been certified as a class action, and the cases Plaintiffs cite are inapposite, as they involve disputes with respect to class action plaintiffs' attorneys, who are arguably in the position of representing the "public."[5]  Second, the proposed Third Amended Complaint is not yet a judicial document, as Plaintiffs have not even been granted leave to file it. *See, e.g. United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.1995) ("the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access... In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process.) (internal quotations omitted); *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C.Cir.1985) (where a district court denied summary judgment motion, essentially postponing a final determination of substantive legal rights,' the public interest in access to documents attached thereto 'is not as pressing.'); *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 n. 7 (7th Cir.1980) (no presumption of openness under the common law to filed discovery materials until entered into evidence).  As such, the documents attached to the proposed Third Amended Complaint are not at this point, and may never be, entitled to the strong presumption of openness

---

[5] For instance, *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 53d 220 (5th Cir. 2008) concerns sealing documents in a fee dispute among plaintiffs' attorneys in a class action, in which the public obviously has great interest, as it has an impact on potential recovery. *In Re Cendant Corp.*, 260 F.3d 183 (3rd Cir. 2001) involves the sealing of bids for lead counsel position in a class action.  The other cases simply state the policy reasons for having class actions.

accorded to judicial documents, but Union Bank has a current and significant interest in preventing them from coming to the public domain.

Plaintiffs claim that the exhibits to the proposed Third Amended Complaint reflect "mundane" matters, and were, as such, not properly designated as "Confidential," and suggest that only trade secrets or "formulas, equations or procedures" qualify for the protected designation. (Motion, p. 15.[DE1183])   As such, they impermissibly seek to narrow the scope of the Protective Order, which specifically protects documents containing confidential and proprietary information other than just trade secrets, such as product development, business and financial information.  *Id.* Plaintiffs' interpretation also runs counter to applicable law, which does not mandate such a narrow interpretation of "Confidential."  *See* Fed.R.Civ.P. 26(c)(7) (permitting protective orders that seal "trade secret or other confidential information."); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.,* 806-CV-571-T-33TBM, 2008 WL 5341140 (M.D. Fla. Dec. 19, 2008) (sealing training manual and customer list); *Cooper Tire and Rubber Co. v. Farese,* Civil Act. No. 3:02CV210-SA-JAD, 2009 WL 514071, at *1 (N.D.Miss. Feb. 27, 2009) (sealing "sensitive financial documents"); *Vesta Corset Co. v. Carmen Foundations, Inc.*, 1999 WL 13257, at *2 (S.D.N.Y.1999) ("Pricing and marketing information are widely held to be confidential business information"); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.,* CIV. A. 97-3012, 1998 WL 186728 (E.D. La. Apr. 17, 1998) (finding a "sales and profit recap" of Chrysler product dealers contained sensitive and proprietary financial information and sealing it).

As set forth in detail in the January 27 Letter, the proposed exhibits include sensitive financial information, such as internal strategies as to Union Bank's bottom line, a clearly confidential issue, as well as competitive information about budget issues and internal strategic planning, financial and business information, and technical specifications, which are all clearly

confidential.  Plaintiffs argue that these documents should be de-designated because they are "old" – from the 2002-2004 time period.  (*See* Motion, p. 15 [DE 1183]).  However, documents do not just lose their protected status just because time passes, and Plaintiffs have pointed to no authority in the Protective Order or controlling law to that effect.  Further, "[t]he producing party is in the best position to determine the sensitivity of the material produced." *Kamyr,* 1992 WL 317529, at *5.  Finally, Plaintiffs only purpose in seeking to unseal the proposed Third Amended Complaint appears to be the hope of causing "embarrassing revelations" about Union Bank.  (*See* Motion, p. 15. [DE 1183])  This is not appropriate.  *See Accenture Global Services GMBH v. Guidewire Software Inc.*, 631 F.Supp.2d 504 (D. Del. 2009) (denying motion to unseal when answer and counterclaims recited "hearsay out of context from documents designated as confidential that may not otherwise ever be exposed to public scrutiny at trial," and noted that such materials were used not merely for purposes of its litigation strategy, but (were the pleading to be unsealed) in a larger public relations fight.)

## IV.  CONCLUSION

For the reasons set forth above, Union Bank respectfully requests that the Court deny Plaintiffs' Motion in its entirety.

Dated: March 1, 2011                        Respectfully submitted,

/s/ Alan G. Greer_____
Alan G. Greer, Esq.
Florida Bar No. 0123294
agreer@richmangreer.com
John M. Brumbaugh, Esq.
Florida Bar No. 0126350
jbrumbaugh@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard

Miami, Florida 33131-2305
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

John B. Sullivan
Jan T. Chilton
Mark D. Lonergan
Piret Loone
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415-677-5603
Fax: 415-956-0439
E-mail: phb@severson.com

Attorneys for Defendant
UNION BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/ Alan G. Greer
Alan G. Greer

## SERVICE LIST

| | |
|---|---|
| Robert C. Gilbert, Esq.<br>Jeremy W. Alters, Esq.<br>Kimberly L. Boldt, Esq.<br>Alters Boldt Brown Rash & Vulmo, P.A.<br>4141 N.W. 2nd Avenue, Suite 201<br>Miami, FL 33137<br>*Attorney for Melanie L. Garcia, Ralph Tornes,*<br>*William W. Powell, Jr., April Speers, Estella A.*<br>*Lopez, John C. Stone, Charles Reed, Jr., Linda*<br>*McDaniel, Andrea Luquetta* | Barry R. Himmelstein, Esq.<br>Jordan Elias, Esq.<br>Michael W. Sobol, Esq.<br>Mikaela Bernstein, Esq.<br>Roger N. Heller, Esq.<br>Lieff Cabraser Heimann & Bernstein LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>*Attorneys for Celia Spears-Haymond, Mike*<br>*Amrhein, Steve Yourke, Kristen Richards,*<br>*Frank Smith, Cynthia Larsen* |
| Ruben Honik, Esq.<br>Kenneth J. Grunfeld, Esq.<br>Golomb & Honik, P.C.<br>1515 Market Street, Suite 1100<br>Philadelphia, P.A. 19102 | Robert C. Josefsberg, Esq.<br>Victor M. Diaz, Jr., Esq.<br>John Gravante, III, Esq.<br>Podhurst Orseck, P.A.<br>City National Bank Building<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130-1780 |
| Bruce Rogow, Esq.<br>Jeremy Walters, Esq.<br>Kimberly Boldt, Esq.<br>Robert Cecil Gilbert, Esq.<br>William Charles Hearon, Esq<br>Alters Boldt Brown Roash & Vulmo, P.A.<br>500 East Broward Blvd, Suite 1930<br>Ft. Lauderdale, FL 33394<br>*Attorney for Melanie L. Garcia, Ralph Tornes,*<br>*William W. Powell, Jr., April Speers, Estella A.*<br>*Lopez, John C. Stone, Charles Reed, Jr., Linda*<br>*McDaniel, Andrea Luquetta* | Ted E. Trief, Esq.<br>Barbara E. Olk, Esq.<br>Trief & Olk<br>150 E 58th Street, Suite 34th FL<br>New York, NY 10155 |

Edward Adam Webb, Esq.
G. Franklin Lemond, Jr., Esq.
Webb Klase & Lemond, LLC
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
*Attorneys for William W. Powell, Jr., Faith Gofdon, Jeffrey Buffington, Jeanette Buffington, Lawrence D. Hough, Pamela J. Hough*

Anne P. McHugh, Esq.
Pellettieri Rabstein & Altman
100 Nassau Park Boulevard, Suite 111
Princeton, NJ 08543-5301
*Attorney for Virgilio S. Casayuran, Jr.*

Edward F. Feinstein, Esq.
Ellen M. Doyle, Esq.
Stember Feinstein Doyle & Payne, LLC
Allegheny Building, 17th FL
429 Forbes Avenue
Pittsburgh, PA 15219
*Attorney for Virgilio S. Casayuran, Jr.*

William C. Hearon, Esq.
Stewart Tilghman Fox & Bianchi
One Southeast Third Avenue
Miami, FL 33131
*Attorney for Melanie L. Garcia*

Ari Y. Brown, Esq.
Genessa A. Stout, Esq.
Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
*Attorneys for Alex Zankich, William Ruckter, Marc Martinez, Robert Lowe, Lori Aldana, Shane Parins ,Kara Parins*

John Matthew Geyman, Esq.
John Wentworth Phillips, Esq.
Phillips Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
*Attorney for Alex Zankich, William Rucker*

Russell W. Budd, Esq.
Bruce W. Steckler, Esq.
Melissa K Hutts, Esq.
Baron & Budd, P.A.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

Elizabeth A. Alexander, Esq.
Lieff Cabraser Heimann & Bernstein
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
*Attorney for Steven Yourke*

David M. Given, Esq.
Nicholas A. Carlin, Esq.
R. Scott Erlewine, Esq.
Phillips Erlewine & Given LLP
50 California Street, 35th FL
San Francisco, CA 94111
*Attorneys for Steven Yourke, Kristen Richards, Maxine Aarons Given*

Charles M. Delbaum, Esq.
Stuart T. Rossman, Esq.
National Consumer Law Center
Seven Winthrop Square, 4th FL
Boston, MA 02110
*Attorneys for Steve Yourke, Kristen Richards*

Stephen P. Willison, Esq.
Willison & Hellman PC
44 Grandville Avenue Southwest, Suite 200
Grand Rapids, MI 49503
*Attorneys for Michelle Gulley*

Bonney E. Sweeney, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101
*Attorney for Donald Kimenker*

Isam C. Khoury, Esq.
James Jason Hill, Esq.
Jeffrey James Geraci
Michael D. Singer
Cohelan Khoury & Singer
605 C. Street, Suite 200
San Diego, CA 92101
*Attorneys for John D. Kikland*

Burton H. Finkelstein, Esq.
Eugene J. Benick, Esq.
Rosemary M. Rivas, Esq.
Tracy D. Rezvani, Esq.
Finkelstein Thompson LLP
1050 Thirtieth Street Northwest
Washington, DC 20007
*Attorneys for Andrea Luquetta*

Denyse Clancy, Esq.
Baron Budd LLP
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
*Attorney for Vada Mitchell, Daisy Webb*

Michael R. Comeau, Esq.
Comeau Maldegen Templeman & Indall LLP
P.O. Box 669
Santa Fe, NM 87504
*Attorney for Marc Martinez*

Miriam E. Zakarin, Esq.
TEVA North America
1090 Horsham Road
P.O. Box 1090
North Wales, PA 19450
*Attorney for Angela Walsh-Duffy, Brett Freeman*

Norah Hart, Esq.
Treuhaft & Zakarin LLP
1011 Avenue of the Americas, 4th Floor
New York, NY 10000
*Attorney for Angela Walsh-Duffy, Brett Freeman*

Alan M. Mansfield, Esq.
Consumer Law Group
9466 Black Mountain Road, Suite 225
San Diego, CA 92126
*Attorney for Katherine Anne Williams*

Howard Rubinstein, Esq.
914 Waters Avenue, Suite 20
Aspen, CO 81611
*Attorney for Katherine Anne Williams*

Marian S. Rosen, Esq.
Marian S. Rosen & Associates
5065 Westheimer, Suite 840
Houston, TX 77506
*Attorney for Katherine Anne Williams*

Joshua L. Ross, Esq.
Steve D. Larson, Esq.
Stoll Stoll Berne Lokting & Shlachter
209 Southwest Oak Street, 5th Floor
Portland, OR 97204
*Attorneys for Dolores Gutierrez*

Chaim S. Setareh, Esq.
Law Office of Shaun Setareh
9454 Wilshire Boulevard, Penthouse Suite 3
Beverly Hills, CA 90212
*Attorney for Sandra Quarles*

Marcus J. Bradley, Esq.
Marlin & Saltzman, Esq.
29229 Canwood Street, Suite 208
Agoura Hills, CA 91301
*Attorney for Sandra Quarles*

Patricia N. Syverson, Esq.
Todd David Carpenter, Esq.
Bonnett Fairbourn Friedman & Balint PC
2901 North Central Avenue, Suite 1000
Phoenix, AZ 85012
*Attorneys for Josh Naehu-Reyes*

Charles D. Marshall, Esq.
Green Welling PC
595 Market Street, Suite 2750
San Francisco, CA 94105
*Attorney for Lacy Barras*

Gary Walker Jackson, Esq.
Jackson & McGee LLP
521 East Boulevard
Charlotte, NC 28203
*Attorney for Lacy Barras*

Jeffrey F. Keller, Esq.
Keller Grover LLP
425 Second Street, Suite 500
San Francisco, CA 94107
*Attorney for George Burke*

Lisa Marie Simonetti, Esq.
Alexandria Rose Kachadoorian, Esq.
Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
*Attorneys for Citibank FSB, Citibank, Inc.*
*Citibank (West), FSB, Citibank, N.A.*

Alisha A. Marin, Esq.
James R. Patterson, Esq.
Harrison Patterson & O'Connor
402 West Broadway, 29th Floor
San Diego, CA 92101
*Attorneys for Josh Naehu-Reyes*

Brian J. Meenaghan, Esq.
Ronald E. Beard, Esq.
Randy Albert Englund, Esq.
Tara N. Gillespie, Esq.
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
*Attorneys for Wells Fargo Bank, N.A.*

Bryanne J. Schmitt, Esq.
David M. Jolley, Esq.
Emily Johnson Henn, Esq.
Margaret G. May, Esq.
Sonya Diane Winner, Esq.
Steven Duane Sassaman, Esq.
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
*Attorneys for Wells Fargo Bank, N.A., Bank of America, N.A., Citibank, N.A., Wachovia Bank, N.A., J.P. Morgan Chase Bank, N.A., U.S. Bank, N.A., Union Bank, N.A., Wells Fargo & Co.*

Dori Katrine Stibolt, Esq.
Fox Rothschild LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
*Attorney for Wells Fargo Bank, N.A.*

Jay Earl Smith, Esq.
Smith Larsen & Wixom
1935 Village Center Circle
Las Vegas, NV 89134
*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*

Tracy L. Ashmore, Esq.
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*

Barbara J. Dawson, Esq.
Robert Matthew Kort, Esq.
Snell & Wilmer
400 East Van Buren
1 Arizona Center
Phoenix, AZ 85004
*Attorney for Wells Fargo Bank, N.A., Wells Fargo & Co.*

Ashley F. Cummings, Esq.
James M. Beach, Esq.
Lawrence J. Bracken, II
Hunton & Williams LLP
600 Peachtree Street Northeast, Suite 4100
Atlanta, GA 30308
*Attorneys for Wachovia Bank, N.A.*

James R. McGuire, Esq.
Rita Lin, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
*Attorneys for Wachovia Bank, N.A., Wachovia Corp, US Bank, N.A., U.S. Bank, NA, U.S. Bancorp*

Sylvia Rivera, Esq.
Morrison & Foerseter LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
*Attorney for U.S. Bank, NA, U.S. Bancorp*

Leda Dunn Wettre, Esq.
Robinson Wettre & Miller LLC
One Newark Center, 19th Floor
Newark, NJ 07102
*Attorney for Wachovia Bank, N.A.*

Tracy Thomas Cottingham, III
Hunton & Williams LLP
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
*Attorney for Wachovia Bank, N.A., Wachovia Corp.*

Aaron Schur, Esq.
Sharon D. Mayo, Esq.
Arnold & Porter LLP
275 Battery Street, Suite 2700
San Francisco, CA 94111
*Attorneys for Bank of America, N.A., Bank of America Corp., Bank of America California*

Barbara Viniegra, Esq.
James Randolph Liebler, Esq.
Liebler Gonzalez & Portuondo
Courthouse Tower
44 West Flagler Street, Suite 2500
Miami, FL 33130
*Attorney for Bank of America, N.A.*

Christopher Scott Tarbell, Esq.
Laurence J. Hutt, Esq.
Arnold & Porter LLP
777 South Figueroa Street, 44th FL
Los Angeles, CA 90017
*Attorneys for Bank of America, N.A., Bank of America Corp., Bank of America California*

Anne Marie Mortimer, Esq.
Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
*Attorney for Wachovia Corp.*

Alan G. Kipnis, Esq.
John M. Cooney
Arnstein & Lehr LLP
200 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
*Attorney for Keybank National Association*

Jan T. Chilton, Esq.
John B. Sullivan, Esq.
Mark Douglas Lonergan
Peter Higgins Bales
Severson & Werson PC
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
*Attorneys for Union Bank, N.A., Unionbancal Corp.*

Todd D. Carpenter, Esq.
Bonnett Fairbourn Friedman & Balint PC
600 West Broadway, Suite 900
San Diego, CA 92101

Mark D. Flanagan, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
1117 South California Avenue
Palo Alto, CA 94304
*Attorney for JP Morgan Chase Bank*

Barry R. Davison, Esq.
Hunton & Williams LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
*Attorney for Melanie L. Garcia, Celia Spears-Haymond, Mike Amrhein, Steve Yourke, April Speers, Estella A. Lopez, Alex Zankich, Cynthia Larsen, Andrea Luquetta, Wells Fargo Bank, N.A., Wachovia Bank, N.A., Bank of America, N.A., Wachovia Corp., Citibank, N.A. Bank of America California, Wachovia Bank, N.A., J.P. Morgan Chase Bank, N.A., U.S. Bank, NA, U.S. Bancorp, Bank of America Corp. Union Bank, N.A., Unionbancal Corp., Wells Fargo & Co.*

A. Stephen Hut, Jr., Esq.
Michelle Ognibene, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue Northwest
Washington, DC 20006
*Attorneys for J. P. Morgan Chase Bank, N.A.*

Alan E. Schoenfeld, Esq.
Christopher R. Lipsett, Esq.
David Sapir Lesser, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
399 Park Avenue
New York, NY 1022
*Attorneys for J.P. Morgan Chase bank, N.A., JP Morgan Chase & Co.*

Andrew Bejamin Grossman, Esq.
Matthew D. Benedetto, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
*Attorneys for J.P. Morgan Chase Bank, N.A.*

Bruce W. Neckers, Esq.
John M. Lichtenberg, Esq.
Paul A. McCarthy, Esq.
Rhoades McKee PC
161 Ottawa Avenue Northwest, Suite 600
Grand Rapids, MI 49503
*Attorneys for Huntington Bancshares, Inc.*

| | |
|---|---|
| C. Marie Eckert, Esq.<br>Cody J. Elliott, Esq.<br>Miller Nash LLP<br>111 Southwest Fifth Avenue, Suite 3400<br>Portland, OR 97204<br>*Attorney for U.S. Bank, N.A.* | Lindsey Elisa Bowen, Esq.<br>Lynette Eaddy Smith, Esq.<br>William H. Withrow, Jr., Esq.<br>Troutman Sanders LLP<br>600 Peachtree Street Northeast, Suite 5200<br>Atlanta, GA 30308<br>*Attorneys for SunTrust Banks, Inc.* |
| Constance Melissa Ewing, Esq.<br>David B. Darden, Esq.<br>Eric Jon Taylor, Esq.<br>Nancy H. Baughan, Esq.<br>William J. Holley, II, Esq.<br>Parker Hudson Rainer & Dobbs<br>Marquis II Tower<br>285 Peachtree Center Avenue Northeast, Suite 1500<br>Atlanta, GA 30303<br>*Attorneys for Branch Banking and Trust Co., Regions Financial Corp., Regions Bank* | James A. Dunbar, Esq.<br>Venable LLP<br>210 West Pennsylvania Avenue, suite 500<br>Towson, MA 21204<br>*Attorney for M & T Bank Corp.* |
| | John T. Prisbe, Esq.<br>Venable Baetjer & Howard<br>Mercantile Bank & Trust Building<br>Two Hopkins Plaza, Suite 1800<br>Baltimore, MD 21201<br>*Attorney for M & T Bank Corp.* |
| Alan S. Kaplinsky, Esq.<br>Martin C. Bryce, Jr., Esq.<br>Ballard Spahr Andrews & Ingersoll<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>*Attorneys for Huntington Banchsares, Inc., Huntington National Bank* | Richard D. McCune, Jr., Esq.<br>Jae Kook Kim, Esq.<br>McCune Wright LLP<br>2068 Orange Tree Lane, Suite 216<br>Redlands, CA 92374<br>*Attorneys for Celia Spears-Haymond, Mike Amrhein, Frank Smith, Cynthia Larsen, Michelle Gulley* |
| Michael Ross Tein, Esq.<br>Lewis Tein, Esq.<br>3059 Grand Avenue, Suite 340<br>Coconut Grove, FL 33133<br>*Attorneys for PNC Bank, National Association* | Jospeh P. Guglielmo, Esq.<br>Scott & Scott LLP<br>500 Fifth Avenue, 40th Floor<br>New York, NY 10110 |
| Geoffrey M. Johnson, Esq.<br>Scott & Scott<br>12434 Cedar Road, Suite 12<br>Cleveland, Ohio 44106 | David R. Scott, Esq.<br>Amanda F. Lawrence<br>Scott & Scott LLP<br>156 South Main Street<br>P.O. Box 192<br>Colchester, CT 06415 |
| Joseph S. Tusa, Esq.<br>Whalen & Tusa, P.C.<br>33 West 19th Street, 4th FL<br>New York, NY 10011 | |
| Melissa L. Zujkowski, Esq.<br>Michael N. Ungar, Esq.<br>Ulerm & Berne<br>1100 Skylight Office Tower<br>1660 West Second Street<br>Cleveland, Ohio 44113 | |