UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:09-md-02036-JLK

| | |
|---|---|
| In Re: | ) |
| | ) |
| CHECKING ACCOUNT OVERDRAFT | ) |
| LITIGATION | ) |
| | ) |
| MDL No. 2036 | ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| *Mike Amrhein v. Citibank, N.A.* | ) |
| S.D. Fla. Case No. 09-21681-JLK | ) |
| N.D. Cal. Case No. 08-05101 | ) |

## MOTION OF DEFENDANT CITIBANK, N.A., TO STAY DISCOVERY

Defendant Citibank, N.A. ("Citibank"), by and through its undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 26(c) for a mutual stay of discovery pending resolution of plaintiff's Motion for Leave to File a Fifth Amended Complaint (the "Motion for Leave") and, if the Motion for Leave is granted, resolution of any pleading challenge Citibank may file.

### I.   INTRODUCTION

By his Motion for Leave, filed on February 15, 2011, Amrhein would purport to assert an entirely new and completely unique theory of liability against Citibank. In the proposed Fifth Amended Class Action Complaint (the "Fifth Complaint"), Amrhein contends that, based on the

LA 51377829

terms of the governing account agreements, Citibank was permitted to assess overdraft fees only on check transactions.  According to Amrhein, Citibank improperly assessed such fees on other transactions, including debit card transactions (and no other defendant in this MDL proceeding faces a challenge to the fundamental right to assess overdraft fees on debit card transactions).  What is more, though, Amrhein would seek in the Fifth Complaint to vastly expand the class by adding both several years to the class period and a much broader set of putative members.

Plainly, before discovery on this proposed new theory may proceed, Amrhein's right to file the Fifth Complaint at all, which Citibank opposes, must be resolved, along with any pleading challenge that Citibank may then pursue.  If the instant Motion is not granted, Citibank will be unduly burdened with locating and producing documents and witnesses for deposition in response to Amrhein's most recent discovery requests, which squarely implicate his new theory and expanded class, while the Fifth Complaint has not even been filed, much less tested by a motion to dismiss and/or to strike.

In connection with pleading challenges brought by the various other defendants in these MDL proceedings, including in the first tranche, the Court has stayed discovery pending the rulings.  There is no reason for the Court to depart from that approach now, which is in accord with well-established precedent.  Accordingly, Citibank respectfully requests that the Court grant the Motion.[1]

## II.   FACTUAL BACKGROUND

Amrhein filed his original complaint in this action on November 7, 2008.  Since that time, Amrhein has amended the complaint several times, most recently on April 12, 2010.

---

[1] Citibank expressly preserves all of its general and specific objections to Amrhein's individual discovery requests, and Citibank will serve those objections on March 7, 2011.

(Declaration of Lisa M. Simonetti (the "Simonetti Decl."), ¶ 2.)  In each of the previous versions of his complaint, Amrhein has challenged only Citibank's specific practice of posting debit card transactions from highest to lowest dollar amount and has always alleged that the putative class period begins in 2004.  For example, Amrhein's proposed class definition in the Fourth Complaint is as follows:

> All Citibank customers in the United States who, from <u>November 7, 2004, to the date of class certification</u>, incurred overdraft fees on debit card transactions <u>as a result of Citibank's practice of re-sequencing transactions from highest to lowest</u> (the "National Class").[2]

(Fourth Complaint, ¶ 5 (emphasis added).)  In the proposed Fifth Complaint, Amrhein vastly expands the class by time and additional members:

> All Citibank customers in the United States who, from <u>January 14, 2001, to the date of class certification</u> (the "Class Period"), <u>incurred overdraft fees on debit card transactions</u> (the "'National Class").[3]

 (Fifth Complaint, ¶ 15 (emphasis added.)[4]  Citibank has opposed Amrhein's Motion for Leave and, in the event that it is granted, Citibank may file a pleading challenge to the Fifth Complaint based on, among other things, federal preemption and certain, improper "relation back" allegations.

Meanwhile, on February 2, 2011 -- just prior to filing the Motion for Leave -- Amrhein served his Second Set of Requests for Production (the "Second RFPs") and a Rule 30(b)(6) deposition notice (the "Deposition Notice").[5]  (<u>See</u> Simonetti Decl., ¶ 5.)  Amrhein propounds

---

[2]   Amrhein alleges a separate California sub-class on the same basis.

[3]   Again, Amrhein alleges a separate California sub-class on the same basis.

[4]   The Motion for Leave to Amend and the Fifth Complaint appear at Docket Entry 1170-1.

[5]   Unlike the other defendants, who have negotiated their Rule 30(b)(6) notices with Amrhein's class counsel for the last several months, and who in some cases already have completed some of their depositions, this is the first Rule 30(b)(6) notice that Amrhein has served on Citibank.

these as if the Fifth Complaint already is operative, which, of course, it is not. For instance, Request No. 79 explicitly is based on the class period in the Fifth Complaint:

> Produce in native format, all electronic information that refers and/or relates to all items, authorizations, holds, and balance for the account of each named plaintiff from January 14, 2001.

(Id., Ex. A.) Similarly, the Deposition Notice seeks testimony regarding, among other things, "[a]ll electronic databases or programs used by you during the proposed class period . . . ." (Id., ¶ 6, Ex. B.)

Further, on March 3, 2011, Amrhein filed a Motion to Compel,[6] seeking supplemental responses to his first set of written discovery requests served on Citibank on May 13, 2010. (See Simonetti Decl., ¶¶ 3, 8.) Citibank responded to each of these requests on June 17, 2010. (Id., ¶ 3.) Citibank also produced Susan Bridge, Executive Vice President for Decision Management, for deposition on August 2, 2010. (Id., ¶ 4.) Following the deposition, Amrhein did nothing to further pursue discovery against Citibank. (Id., ¶ 5.) Instead, the parties agreed to participate in mediation, which, based on differences that arose, did not occur. (Id.) Citibank heard nothing from Amrhein on discovery until February 2, 2011, when he forwarded a meet and confer letter on his first requests. (Id.)

### III.    ARGUMENT

**The Court Should Stay All Discovery Until The Scope Of The Pleadings Is Settled.**

A stay of discovery is a fair and appropriate judicial strategy for minimizing the risk and burden of premature discovery, and particularly in complex class actions, where discovery is very burdensome and expensive. Here, at a minimum, a stay is justified because Amrhein seeks

---

[6] The Motion to Compel appears at Docket Entry 1219.

to file the Fifth Complaint, which Citibank would be entitled to challenge through motion practice.  See In Re Managed Care Litig., No. 1334, 00-1334-MD, 2001 WL 664391, at *2-3 (S.D. Fla. Jun. 12, 2001) (ordering stay of discovery in multidistrict, putative class action pending resolution of defendants' motion to dismiss and motion to compel arbitration, observing that "[d]iscovery in this case has the potential to consume vast resources from all litigants" and should not proceed until "'any legally unsupported claim that would unduly enlarge the scope of discovery [has been] eliminated'" (citation omitted)); Schoenfisch v. Gen. Elec. Co., No: 8:00-CV-337-T-23B, 2000 WL 34248412, at *2 (M.D. Fla. July 14, 2000) (staying discovery in a putative class action alleging fraud and violation of Florida's consumer protection statutes pending resolution of motion to dismiss under Rule 9(b) and 12(b)).

In fact, the Eleventh Circuit has instructed that, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).  As explained by the Eleventh Circuit:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.  Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Id.; see also Cheshire v. Bank of Am., NA,  351 Fed. Appx. 386, 388, 2009 WL 3497732, at *1 (11th Cir. Oct. 30, 2009) ("[a] plaintiff has no right to discovery upon the filing of a motion to dismiss that raises a purely legal question"); Moore v. Potter, 141 Fed. Appx. 803, 807, 2005 WL 1600194 (11th Cir. July 8, 2005) (finding no error in the district court's imposition of a stay pending resolution of a motion to dismiss based on challenge to the complaint).

-5-

Staying discovery now will avoid potentially unnecessary expense and burden that both the Court and Citibank would shoulder. Again, the Eleventh Circuit has noted these concerns:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Chudasama, 123 F.3d at 1367 n.36, 1368. Significantly, based on these sound principles, this Court already has stayed discovery in the prior proceedings, stating that:

> This [C]ourt . . . finds that discovery should be stayed pending the resolution of Defendants' anticipated motions to dismiss. It is the normal practice in complex litigation to resolve the pleadings before commencing broad discovery. The [C]ourt finds that this is a good practice to follow.

(Order Granting Defendants' Motion to Stay Discovery, Docket No. 148 (emphasis added).)

Moreover, a stay particularly is justified by the timing at work here. Amrhein is moving to compel now, after many months of doing nothing, in an obvious effort to harass Citibank. Indeed, based on his Motion to Compel, Amrhein would have Citibank undertake the burden and expense of producing extensive documents and witnesses for deposition on his high-to-low theory, only to perform those tasks all over again if the Motion is granted. Put simply, Citibank should be required to respond to discovery when the pleadings are settled, like every other defendant in this MDL has done, and not in an abusive, piecemeal fashion.

LA 51377829

## IV.	CONCLUSION

For the foregoing reasons, Citibank requests that the Court stay all discovery in this action pending a ruling on the Motion for Leave and a ruling on any pleading challenge that Citibank might bring if the Motion for Leave is granted.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Citibank certifies that it conferred with Amrhein's counsel in a good faith effort to resolve the need for filing this Motion. The parties were not able to resolve their differences as to the issues raised in this Motion. Amrhein intends to oppose.

Dated:  March 4, 2011

/s/ Brian C. Frontino
JULIA B. STRICKLAND
(*pro hac vice*)
jstrickland@stroock.com
LISA M. SIMONETTI
(*pro hac vice*)
lsimonetti@stroock.com
BRIAN C. FRONTINO
(*pro hac vice*)
bfrontino@stroock.com
JOSEPH A. ESCAREZ
(*pro hac vice*)
jescarez@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
Tel:  (310) 556-5800
Fax:  (310) 556-5959

Attorneys for Defendant
  CITIBANK, N.A.

LA 51377829

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No.: 1:09-md-02036-JLK**

| | |
|---|---|
| In Re: | ) |
| | ) |
| CHECKING ACCOUNT OVERDRAFT | ) |
| LITIGATION | ) |
| | ) |
| MDL No. 2036 | ) |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2011, I electronically filed the foregoing document with the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: March 4, 2011

/s/ Brian C. Frontino
BRIAN C. FRONTINO
(pro hac vice)
bfrontino@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
Tel:  (310) 556-5800
Fax:  (310) 556-5959

Attorneys for Defendant
  CITIBANK, N.A.

-8-

LA 51377829