# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 1:09-cv-21681-JLK;
N.D. Cal. Case No. 4:08-cv-05101-SBA

## PLAINTIFF'S RESTATED NOTICE OF DEPOSITION OF DEFENDANT PURSUANT TO FED. R. CIV. P. 30(B)(6)

PLEASE TAKE NOTICE that the depositions of Defendant Citibank, N.A. ("Defendant Bank" or the "Bank") witnesses will be taken in this action on **March 22, 2011,** commencing at **9:30 a.m.**, before a certified court reporter at the offices of Trief & Olk, located at 150 East 58th Street, 34th Floor, New York, NY. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Bank shall designate one or more officers, directors, managing agents, employees, representatives or other persons to testify on its behalf on each topic listed below. The person or persons so designated shall testify as to all information known or reasonably available to Defendant Bank on each topic listed below.

## DEFINITIONS

In additions to the terms specifically defined in Plaintiffs' First Interrogatories and Requests for Production, the following definitions apply for purposes of this notice:

"Authorized" (or "Authorization") refers to the Bank's communication indicating that the initiated transaction has been approved thereby giving a vendor reason to conclude that the Bank will pay the amount of the transaction.

"Account" refers to any bank account you have held for any customer, to which the customer could make withdrawals using an electronic debit card.

"Posting" refers to the Bank's act of crediting or debiting items to or from an account such that the item is reflected in the account's actual balance.

"You" or "your" means the Defendant Bank, and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, directors, employees, representatives, or agents, including attorneys and accountants.

"Relevant Time Period" means one year before Citibank's introduction of the debit card that could be used for point-of-sale purchases to the present.

## TOPICS

1.      All electronic databases or programs used by You during the class period that record or store:

(a)      Plaintiffs online history including time and date account information was accessed and web pages viewed including the existence, location, retention, and use of and any material changes to all such databases or programs with respect to the recording storage and continued accessibility of that information;

(b)      existence of consumer data during the class period for the specific items below:

(1)      All transaction posted on any date where transactions were paid into overdraft, and were the subject of an overdraft fee;

- 3 -

(2)     All overdraft or NSF fees assessed resulting from transactions being paid into overdraft.

(3)     Reversals of overdraft fees within 30 days of an assessed overdraft fee.

(4)     All write off or uncollectible entries in the account following the assessment of an overdraft fee.

(5)     Group priority posting positions at the time of the overdraft fee assessment.

(6)     Sort order priority posting positions at the time of the overdraft fee assessment.

(7)     Transaction code or description, sufficient to be able to ascertain which group each transaction belongs.

(8)     For transactions posted on any date where transactions were paid into overdraft, and were the subject of an overdraft fee, the electronic information/fields, including but not limited to the following information for each unique transaction on the date transactions were paid into overdraft:

(a)  hard post date;

(b)  payee;

(c)  narrative description of the transaction;

(d)  unique identification number or code of the transaction;

(e)  authorization date and time;

(f)  posting order for all the transactions on that date;

(g)  transaction amount;

(h)  transaction amount authorized;

(i)  transaction code identifying the group type of transaction;

(j)  the day's beginning ledger balance;

(k)  the day's beginning collected ledger balance;

(l)  the day's ending ledger balance (or beginning balance the following day);

(m)  the day's ending collected ledger balance (or beginning balance the following day);

(n)  any available balance or running balance associated with each transaction;

(o)  any identification or code indicating that the available balance was in the negative at the time of authorization; and

(p)  any identification or code indicating that the available balance was in the negative at the time of posting of the specific transaction.

(9)    For all overdraft fee transactions resulting from transactions being paid into overdraft, the electronic information/fields for the resulting overdraft fees to include:

(a)  the number and/or amount of overdraft fees assessed; and

(b)  any identification information tying the overdraft fees to specific transactions.

(10)    For the next 30 days after overdraft fees were assessed:

(a)  any reversal transactions of overdraft fees;

(b)  the amount of reversal; and

(c)  any identification information tying the reversal to any specific transactions or overdraft fees.

(11)  For any time after the overdraft was assessed:

(a)  any write off or uncollectible entry closing the account with a negative balance.

2.     Your policies, practices, and procedures from the Relevant Time Period to the present with respect to the circumstances under which you assesses overdraft fees, including but not limited to your company-wide policies, practices, or procedures relating to "reversals" *(i.e.,* the waiver or forgiveness of overdraft fees), discretion afforded branch managers or officers to exercise reversals and related dollar limits, if any, overdraft protection programs *(e.g.,* use and extent of linked accounts), courtesy threshold amounts *(i.e.,* a minimum amount accounts must be overdrawn prior to the imposition of an overdraft fee), circumstances where no overdraft fee is assessed despite accounts being overdrawn, and the maximum overdraft fee assessments permitted per day.

3.     From the Relevant Time Period to the present, any addenda, revisions, or modifications to the Defendant Bank's Defendant Bank's Customer Manual Agreements "Electronic Banking" section and "withdrawals" sub-section found in the "Account Transactions" section and "Service Fees and Charges for All Accounts" section of the Marketplace Addendum, the reasons and process for making such changes, the persons responsible for considering and for implementing such changes, documents describing and referencing the consideration or implementation of such changes.

4.      All studies, professional opinions, surveys, or focus group results, whether conducted by Defendant or commissioned from third parties, performed from the Relevant Time Period to the present regarding Defendant's overdraft practices of assessing overdraft fees on point-of-sale debit card transactions.

5.      (a)      All efforts to track overdraft revenue by region, state, branch, or individual employee; and

(b)      All alternative policies, practices and procedures considered by you regarding assessment of overdraft fees, whether adopted or not, and any projections of the expected effects of such policies, practices and procedures and policies on overdraft revenues.

6.      The reasons and motivation for adopting each posting order utilized from the Relevant Time Period to the present.

7.      Your policies, practices, and procedures in effect from Relevant Time Period to the present with respect to your non-customer specific communications (*e.g.*, standardized letters, bill notices, or public disclosures) regarding your overdraft policies and each posting order utilized from 1998 to the present, including without limitation, the period during which such communications were in effect or applicable, the channels through which such communications were made, and the process and person(s) involved in the determination of what to include and not include in the content of such communications.

8.      Your policies, practices, and procedures in effect from Relevant Time Period to the present with respect to your standardized forms, letters, form customer complaint responses, employee scripts, talking points, Q & A's, memoranda, and internal documents relating to communications between You and your customers regarding the assessment, waiver or forgiveness of overdraft fees on consumer accounts.

9.     Your policies, practices, and procedures in effect from the Relevant Time Period to the present with respect to recording, reviewing, and responding to customer complaints relating to overdraft fees, including your policies, practices, and procedures relating to the storage and retention of the information and documents, including the form or method of such storage (*i.e.,* hard copy, electronic, etc.).

This deposition is taken pursuant to Federal Rule of Civil Procedure 30(b)(6), and is subject to continuance or rescheduling from time to time or place to place until completed.

DATED:  February 25, 2011.                    Respectfully submitted,

/s/ Richard D. McCune
Richard D. McCune, (CA #132124)
rdm@mccunewright.com
MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA  92374
Telephone: 909.557.1250
Facsimile:  909.557.1275

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 East 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2011, I caused to be served the foregoing, via Federal Express/Overnight delivery on Counsel for Citibank,N.A.

/s/ Richard D. McCune
Richard D. McCune, (CA #132124)
rdm@mccunewright.com
MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA  92374
Telephone:  909.557.1250
Facsimile:  909.557.1275