# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:09-MD-02036-JLK

| |
|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION** <br><br> **MDL No. 2036** |

| |
|---|
| **THIS DOCUMENT RELATES TO:** <br><br> *Larsen v. Union Bank, N.A.* <br> S.D. Fla. Case No. 1:09-cv-23235-JLK <br> N.D. Cal. Case No. 4:09-cv-3250 |

## PLAINTIFFS' REPLY IN SUPPORT OF
## CROSS-MOTION TO COMPEL DEPOSITION TESTIMONY

Plaintiffs respectfully submit this Reply in Support of their Cross-Motion to Compel Deposition Testimony [**DE # 1199**].

### Introduction

It is now clear that Defendant Union Bank, N.A.'s ("Union Bank" or the "Bank") purpose in refusing to make its witnesses available for deposition at this juncture is to prejudice Plaintiffs and the putative class by either: (a) forcing Plaintiffs to move for class certification without having an opportunity to take *any* depositions; or (b) significantly delaying class certification and the progress of this litigation by seeking to force its way out of the "first tranche." The Court should not indulge Union Bank's gamesmanship. Instead, the Court should order Union Bank to make its witnesses – including its Rule 30(b)(6) designees and individual witnesses – available for deposition in a timely manner, as Plaintiffs requested.

Moreover, if the Court grants Plaintiffs leave to amend their complaint to add a RICO claim against the Bank, there is no reason to delay proceedings against Union Bank by shifting it

from the "first tranche" to the "fourth tranche," as the Bank suggests.  In fact, there is more than enough time for Union Bank to challenge Plaintiffs' RICO claim through a motion to dismiss and, if unsuccessful, to answer the claim well in advance of its current deadline for opposing class certification, which is currently three months away.

Rather than countenance Union Bank's attempt at delay, the Court should prevent prejudice to the putative class by adopting a schedule that folds Union Bank's challenge to Plaintiffs' RICO claim into the existing schedule for "first tranche" Banks, as set forth below.

## Argument

### A.    Union Bank Fails to Articulate a Valid Reason for Delaying the Depositions.

Union Bank does not dispute that the parties agreed to the scope of the Rule 30(b)(6) depositions after months of negotiations, nor does it dispute that the Rule 30(b)(6) deposition notice that Plaintiffs served is entirely consistent in scope with the parties' agreement.  The Bank nevertheless refuses to make its corporate designee(s) available to be deposed on these agreed subjects, arguing that Plaintiffs' pending motion for leave to amend their complaint means the Bank cannot prepare its witnesses for deposition now.  This argument fails.

Contrary to Union Bank's suggestion, Plaintiffs do not seek to expand the scope of these depositions beyond that which the parties already agreed to.  Plaintiffs are simply asking Union Bank to live up to its promise with respect to these depositions; the Bank fails to articulate any undue prejudice that will result from having to do so.  Union Bank asserts that "Plaintiffs can use the information gleaned during the depositions to try their RICO claims."  Opp. at 3 [**DE # 1227**].  But, given that Plaintiffs' RICO claim arises out of the exact same Union Bank practices and omissions as Plaintiffs' other claims, it is hardly surprising that deposition testimony relevant to these other claims will be relevant to Plaintiffs' RICO claim as well.

That provides no reason to delay the Rule 30(b)(6) depositions. First of all, Plaintiffs' other claims, all of which have already survived Union Bank's motion to dismiss, will be covered in Plaintiffs' upcoming class certification motion. Second, there can be no doubt that the topics included in Plaintiffs' Rule 30(b)(6) deposition notice are proper subjects for deposition at this time regardless of whether Plaintiffs are permitted to pursue a related RICO claim. While the information obtained during these Rule 30(b)(6) depositions could support the merits of Plaintiffs' RICO claim, that is simply a function of the RICO and other claims being based on identical conduct. Union Bank offers no explanation for why the depositions would be "unfair" to the Bank. They would not be, and there is no reason to delay depositions that the Bank concedes will happen regardless of the fate of Plaintiffs' RICO claim.[1]

The same is true of the Rule 30(b)(1) depositions that Plaintiffs noticed. Union Bank claims it would be unfair to have to "prepare their witnesses with respect to the RICO claim before it is even added." Opp. at3 [DE # 1227]. That is incorrect. The Bank again ignores the fact that Plaintiffs' RICO claim arises out of precisely the same practices, misrepresentations, and omissions as Plaintiffs' other claims. Briefly, Plaintiffs' RICO claim is based on allegations that the Bank's unfair debit re-sequencing and other unfair practices were carried out through an unlawful enterprise between the Bank and CAST Management. The evidence that Plaintiffs will use to prove their RICO claim overlaps considerably, if not entirely, with the evidence they will

---

[1] The Bank's position becomes all the more untenable when one recalls that courts routinely permit amendments to conform to the evidence prior to trial, when all depositions have already occurred and often have provided the impetus for the amendment. Just as parties are permitted to take discovery and amend their complaint on the eve of trial based on that very discovery, so too may a party depose witnesses after having moved to amend the complaint at an earlier juncture, where the depositions will concern issues within the scope of the presently operative complaint. Indeed, the latter situation (the situation here) presents fewer concerns than the former.

use to prove their claims that the Bank's practices themselves were unlawful.  Although there are certain unique elements that Plaintiffs must ultimately prove in order to prevail on a RICO claim, the topics that Union Bank witnesses should be prepared to address at deposition *will not materially change* based on the presence or absence of a RICO claim.  Thus, the Bank fails to articulate any legitimate basis for delaying the noticed depositions.

On the other hand, if Plaintiffs are unable to take any depositions before moving for class certification, they will be significantly prejudiced.  Plaintiffs do not seek to improperly "rush" these depositions, as Union Bank contends.  Plaintiffs need to take these depositions in a timely fashion to gather additional evidence for their upcoming class certification motion and to authenticate and otherwise establish the admissibility of documents that will show why class certification here is appropriate and warranted.  The Court should order Union Bank to promptly make its Rule 30(b)(6) and Rule 30(b)(1) witnesses available for deposition.

**B.      The Court Should Adopt a Schedule That Allows Union Bank a Full Opportunity to Challenge Plaintiffs' RICO Claim Without Delaying Class Certification or the Remainder of the Litigation Against Union Bank.**

Implicitly recognizing the prejudice to Plaintiffs from its continuing refusal to make its witnesses available for deposition, Union Bank suggests the "alternative" relief of removing Union Bank from the "first tranche" altogether.  The Bank suggests that it could instead be moved to the "fourth tranche," which is approximately *one year behind* the "first tranche" in terms of the status of proceedings.[2]  No doubt, such an extreme step would severely prejudice the putative class here by significantly delaying (by up to a year or more) class certification of their claims and, ultimately, their recovery of injunctive relief and restitution/damages.  Fortunately, such an extreme step is wholly unnecessary, as the Bank's current deadline for opposing class

---

[2] The parties are only now briefing the "fourth tranche" Banks' Rule 12(b)(6) motions to dismiss.  By contrast, Union Bank and the other "first tranche" Banks filed their Rule 12(b)(6) motions more than 14 months ago, in December 2009 **[DE # 217]**.

certification is some three months away, leaving the parties more than enough time to resolve, in the interim, any challenge by Union Bank to the sufficiency of Plaintiffs' RICO allegations.

Therefore, if the Court grants Plaintiffs' motion for leave to add their RICO claim, the Court should issue a scheduling order that would allow Union Bank a full and fair opportunity to move to dismiss Plaintiffs' RICO claim without removing Union Bank from the "first tranche" or otherwise delaying proceedings against Union Bank. Specifically, Plaintiffs propose that the Court adopt the following schedule:

- <u>March 15, 2011</u>:  Scheduled hearing on Plaintiffs' motion for leave to amend their complaint to add RICO claim.  If the Court grants Plaintiffs' motion for leave to amend, then:[3]

  - <u>April 8, 2011</u>:  Union Bank to file any motion to dismiss Plaintiffs' RICO claim or, alternatively, to file its Answer to such claim.

  - <u>April 22, 2011</u>:  If Union Bank moves to dismiss the RICO claim, Plaintiffs to file their opposition to such motion.

  - <u>April 29, 2011</u>:  If Union Bank moves to dismiss the RICO claim, Union Bank to file its reply in support of such motion.

  - <u>May 13, 2011</u>:  Hearing on Union Bank's motion to dismiss the RICO claim, if any.  If the Court denies Union Bank's motion to dismiss, then:

  - <u>May 23, 2011 (or 10 days after Court denies motion to dismiss)</u>:  Union Bank to file its Answer to the RICO claim.

- <u>June 9, 2011</u>:  Existing deadline for Union Bank to file its opposition to class certification  [*See* **DE # 878**].

---

[3] The remainder of Plaintiffs' proposed schedule assumes that the Court grants Plaintiffs' motion for leave to add their RICO claim.  Plaintiffs' motion for leave is now fully briefed, and is scheduled to be heard by the Court on March 15, 2011.  [**DE # 1205**].

The above proposed schedule provides more than sufficient time for Union Bank to challenge a single RICO claim.  The schedule also would ensure that that the putative class is not prejudiced by the unnecessary delay of proceedings against Union Bank, and would not unduly prejudice the Bank.  In addition, the scope of the pleadings – including both Plaintiffs' claims and Union Bank's affirmative defenses – would be clear to the Bank well in advance of its deadline for opposing class certification.  Finally, as discussed above, the presence or absence of the RICO claim would not alter the substance of the noticed Rule 30(b)(6) depositions, the scope of which the parties have already agreed to, and would not materially change the issues that would be addressed in the noticed Rule 30(b)(1) depositions, given that Plaintiffs' RICO and other claims arise from the same misconduct.

## Conclusion

For the foregoing reasons and the reasons set forth in their cross-motion **[DE # 1199]**, Plaintiffs respectfully request that the Court order Union Bank to produce its Rule 30(b)(6) witnesses for deposition immediately, and produce its Rule 30(b)(1) witnesses for deposition within 10 days of the Court's order on Plaintiffs' pending motion for leave to amend their complaint.  Moreover, should the Court grant Plaintiffs' motion for leave to amend, Plaintiffs respectfully request that the Court issue a scheduling order regarding Plaintiffs' RICO claim that permits Union Bank to challenge the sufficiency of Plaintiffs' RICO allegations without delaying class certification as to Union Bank, without removing Union Bank from the "first tranche," and without unnecessarily delaying the progress of this litigation.

Dated:  March 7, 2011

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
bruce@alterslaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596
rcg@grossmanroth.com