**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Zankich v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186
W.D. Wash. Case No. C08-1467-RSM

*Preston & Associates Intn'l, P.C. v. Wells
Fargo & Company et al.*
S.D. Fla. Case No. 1:10-cv-20913
D. Col. Case No. 1:09-2940

*Williams v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:10-cv-20359
N.D. Cal. Case No. 3:09-cv-5622

**DISCOVERY MOTION**

**WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF
MOTION FOR ORDER CONFIRMING OBLIGATION OF
PLAINTIFFS' LEAD COUNSEL TO COORDINATE DISCOVERY**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby files this reply memorandum in support of its motion for an order confirming the obligation of plaintiffs' Lead and Coordinating Counsel to coordinate discovery such that all discovery, including depositions, conducted in any of the above-styled cases will be treated as if it were conducted in all of the cases against Wells Fargo in this multi-district litigation ("MDL").

**I.      INTRODUCTION**

Wells Fargo welcomes the fact that plaintiffs have finally agreed that the discovery taken in this MDL may not be repeated in any tag-along case against Wells Fargo that is now pending or may in the future be transferred to this MDL.  Had plaintiffs' counsel been willing to confirm this understanding when Wells Fargo inquired on multiple occasions prior to filing the motion, this might have obviated the need for Wells Fargo to file this motion.  Plaintiffs in their response have now raised issues that are beyond the scope of Wells Fargo's motion, however, and plaintiffs' proposed order differs in material respects from Wells Fargo's proposed order, necessitating the filing of this reply.

Specifically, plaintiffs object to Wells Fargo's proposed order: (1) to the extent Wells Fargo seeks to avoid repetition of discovery done or depositions taken in actions that are now part of this MDL that were not done or taken by counsel at the direction of Co-Lead Counsel; and (2) to the extent Wells Fargo seeks to be treated as a single entity for discovery purposes, rather than allowing plaintiffs to obtain multiple bites at the apple by, for instance, deposing Wells Fargo's employees once in one set of cases and then a second time in a different set of cases, purportedly because the first cases are against "Wells Fargo" while the others are against

2

"Wachovia."[1]  Though these issues were not the focus of Wells Fargo's motion, plaintiffs are correct that Wells Fargo is seeking to avoid needless duplication of discovery, which is one of the primary purposes underlying the concept of MDL proceedings as contemplated by Congress under 28 U.S.C. § 1407.

*First*, plaintiffs should not be permitted to duplicate discovery taken in any actions that are included in this MDL except upon good cause shown.  For example, Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure establishes a standard rule that either a stipulation or leave of court is required for a witness to be subject to a second deposition.  Plaintiffs offer no justification for their assertion that it would be unreasonable to impose this general rule, which is routinely respected in MDL proceedings, and there is none.  The good cause standard provides plaintiffs ample protection in the event that additional discovery is needed on a particular issue.

*Second*, and in particular, there is no basis for plaintiffs to be given free reign to depose Wells Fargo employees multiple times simply by noticing the depositions in different cases originally brought against "Wells Fargo" and "Wachovia."  This Court has indicated that it will allow plaintiffs to "add" Wells Fargo to certain of the above-styled cases that were initially brought against Wachovia.[2]  The inclusion of Wells Fargo in the cases styled against Wachovia, however, does not change the fact that Wachovia no longer exists.  Any current employee whom

---

[1]   As noted in Wells Fargo's motion, Wachovia Bank, N.A. merged into Wells Fargo Bank, N.A. as of March 20, 2010.

[2]  Plaintiffs' motion to add Wells Fargo as a defendant pertained only to the *Garcia* and *Spears-Haymond* cases; it did not purport to cover the *Williams* case.  This is further evidence that Plaintiffs' Co-Lead Counsel are not treating all cases against each bank as consolidated, as provided in this Court's Pretrial Order No. 1.  The Court indicated at a February 8, 2011 hearing that Plaintiffs' Motion for Leave to Add Wells Fargo Bank, N.A. as a Defendant would be granted.  Wells Fargo does not understand how a party that is a successor-in-interest can be "added" to a case involving a non-existent predecessor-interest.  To date, the Court has not entered an order on Plaintiffs' motion to add Wells Fargo.

3

plaintiffs seek to depose is an employee of Wells Fargo, and it would defeat the purpose of this MDL to allow plaintiffs to subject the bank's employees to multiple depositions absent good cause shown in a particular situation.

II.     ARGUMENT

    A.     **Depositions Taken in Any Case Transferred to this MDL Should Not Be Repeated Absent Good Cause.**

As an initial matter, plaintiffs agree with Wells Fargo that discovery taken in this MDL shall not be repeated, except upon good cause shown. *See* Response, DE 1243 at 2; Plaintiffs' Proposed Order ¶ 4. Thus, it is a mystery why plaintiffs' proposed order purports to *deny* Wells Fargo's motion "except as follows." *See* Plaintiffs' Proposed Order ¶ 1. Wells Fargo requests that the Court enter its proposed order, which protects both parties' interests and promotes the goal of avoiding duplicative discovery.

        1.     **Co-Lead Counsel Have the Responsibility To Coordinate All Discovery in the Above Styled Cases.**

Plaintiffs' proposed order would provide that "[n]o discovery may be done or depositions taken of Wells Fargo, Wachovia or their employees in this MDL except by Co-Lead Counsel or their designees." *See* Plaintiffs' Proposed Order ¶ 5. As noted above, and as Wells Fargo has explained to plaintiffs' Coordinating and Co-Lead Counsel on numerous occasions, Wachovia no longer exists and does not have any employees who possibly could be deposed. Leaving that issue aside (to be discussed further in point II.B below), Wells Fargo does not object to an order limiting the discovery done and depositions taken of Wells Fargo and its employees to that which is taken by Co-Lead Counsel or their designees.

Wells Fargo's proposed order is preferable, however, because it makes clear that Co-Lead Counsel are affirmatively responsible for coordinating discovery in *all* of the above-styled cases, not just those in which a member of the plaintiffs' Executive Committee is counsel of

4

record. In their response, Co-Lead Counsel refer to *Preston* and *Williams* as "tag-along actions" that are "subsumed" under the *Garcia, Spears-Haymond, Martinez, Gutierrez,* and *Zankich* cases, which plaintiffs describe as "the complaints pending against Wells Fargo and Wachovia in this MDL." DE 1243 at 3. Wells Fargo is at a loss to understand what Co-Lead intends by this statement, as obviously the *Preston* and *Williams* cases also have complaints pending in this Court as part of this MDL. Wells Fargo agrees that "Plaintiffs' Co-Lead Counsel are empowered by this Court's orders to address these cases as they deem appropriate" (DE 1243 at 3) – but only up to a point. As the Court has made clear, Co-Lead Counsel are responsible for exercising the discretion the Court has granted them so as to ensure proper coordination of all discovery in those cases.

On page 3 of their response, plaintiffs suggest that the structure of the MDL imposes certain obligations on Wells Fargo and posit that Wells Fargo may not "attempt to engage in discovery or advance any litigation that is part of this MDL without the participation of Co-Lead Counsel or their designees, or seek rulings in a tag-along action and then seek to enforce those rulings in this MDL." Response, DE 1243 at 3. Frankly, Wells Fargo has no idea what plaintiffs are talking about, as the whole point of this motion is to ensure that discovery is coordinated by plaintiffs' Co-Lead and Coordinating Counsel. Wells Fargo assures the Court that it has taken (and contemplates) no action inconsistent with this goal.

> **2. Discovery Conducted in Any of the Above-Styled Cases Should Be Treated as if It Were Conducted in All of the Cases Against Wells Fargo in the MDL.**

Plaintiffs' response is also perplexing at page 4, where plaintiffs state:

> Plaintiffs are not aware of any depositions taken or discovery done of Wells Fargo or its employees with regard to the subject matter of this MDL as of the date of this response, and there may well not be any. However, if such discovery or depositions have been

5

>taken, it has been done in tag-along actions, and thus without the coordination of Co-Lead Counsel.

DE 1243 at 4. This statement is simply untrue. As Co-Lead Counsel are well aware, they and their designees have propounded extensive written discovery and have taken multiple depositions, including three depositions of employees in their personal capacity and thirteen 30(b)(6) deposition sessions of eleven Wells Fargo designees. No discovery has been conducted in the cases that plaintiffs refer to as the "tag-along" actions, *Preston* and *Williams*. This motion seeks the Court's confirmation that any discovery that is required for those actions must be coordinated by Co-Lead Counsel with that taken in the actions for which they are counsel of record, and it appears from their response to this motion that they do not seriously dispute that they have such an obligation.

To the extent that plaintiffs assert that discovery taken in cases prior to their transfer to the MDL may be repeated simply because it was not taken by Co-Lead Counsel or their designees (Response, DE 1243 at 4), they have not demonstrated why the ordinary rules of discovery should not apply to this situation as well. The only pre-transfer discovery that occurred in any of these still pending cases was taken in the *Zankich* action, which plaintiffs do not characterize as a "tag-along" case but have instead treated as one of the lead cases against Wells Fargo. They have made ongoing use of the discovery provided in that case before its transfer, and the original counsel for plaintiffs in that action have been among Co-Lead Counsel's chief designees for ongoing discovery against Wells Fargo. Plaintiffs have identified no reason why that discovery would not appropriately "count" for purposes of this MDL.

   **B.    Wells Fargo Should Be Treated as a Single Entity for Purposes of Discovery.**

Plaintiffs take the position that they may require Wells Fargo to produce individual witnesses for multiple depositions and 30(b)(6) designees twice on identical topics – once in the

6

cases brought against "Wells Fargo" and then a second time in those brought originally against "Wachovia." Plaintiffs' position is flawed in numerous respects. Most importantly, as Wells Fargo has reiterated on numerous occasions, Wachovia has merged with and into Wells Fargo and no longer exists. Thus, there are no "Wachovia" employees, and it is impossible for "Wachovia" to produce witnesses. Wells Fargo has made clear to plaintiffs that it will produce witnesses and other evidence as needed to permit appropriate discovery about the operations of the former Wachovia – indeed, it has already produced many thousand of pages of documents that were originally generated by Wachovia and provided many hours of testimony by Wells Fargo employees addressing Wachovia's operations. Wells Fargo has also indicated that it will cooperate with plaintiffs regarding the length and number of depositions. In the face of Wells Fargo's ready cooperation on all these points, plaintiffs' refusal to streamline the depositions in these consolidated cases can only be viewed as an attempt to harass Wells Fargo by unnecessarily distracting its employees from their daily duties and requiring the bank to bear the cost of multiple depositions of the same individuals.

In addition, plaintiffs' position that Wells Fargo employees may be deposed on multiple occasions ignores Pretrial Order No. 1, in which this Court consolidated all cases against each bank in the MDL for pretrial purposes. *See* DE 60 ¶ 3 ("All Transferred and all Related Actions brought against each named Defendant are hereby consolidated for pretrial purposes against the named Defendant only."). Irrespective of whether Wells Fargo is "added" as a defendant to the *Garcia* and *Spears-Haymond* cases, there is no dispute that Wells Fargo is the successor-in-interest to Wachovia. By "adding" Wells Fargo as a party in the *Garcia* and *Spears-Haymond* cases, plaintiffs have made it even clearer that those cases which originally named "Wachovia"

7

as a defendant are consolidated, for purposes of pre-trial discovery, with the cases in which Wells Fargo was the originally-named defendant pursuant to Pretrial Order No. 1.

To adopt a default rule under which plaintiffs may take a witness's deposition twice – once in the cases that originally named Wachovia and again in the cases that originally named Wells Fargo, or vice versa – would defeat the purpose of the MDL in streamlining discovery. If and to the extent plaintiffs assert the need to conduct a second deposition on a particular topic or of a particular employee, those issues are best left to the parties to work out under the "good cause" standard on a case-by-case basis, and to be addressed by the Court if the parties are unable to resolve them among themselves in the first instance. As noted, Wells Fargo's proposed order contemplates that the Court may permit a second deposition of Wells Fargo or its employees with good cause shown. *See* Wells Fargo's Proposed Order ¶ 4. Plaintiffs have not shown and cannot show that Wells Fargo's proposed order does not protect both parties' interests.

### III.   CONCLUSION

Wherefore, Wells Fargo requests that the Court grant its motion and enter the proposed order attached to Wells Fargo's motion.

DATED:  March 9, 2011

HUNTON & WILLIAMS LLP

By:   s/Barry R. Davidson
    Barry R. Davidson
    (bdavidson@hunton.com)
    Florida Bar No. 107678
    Jamie Zysk Isani
    (jisani@hunton.com)
    Florida Bar No. 728861
    1111 Brickell Avenue, Suite 2500
    Miami, FL 33131
    Telephone: (305) 810-2500
    Facsimile: (305) 810-2460

    Sonya D. Winner (*pro hac vice*)
    (swinner@cov.com)
    David M. Jolley (*pro hac vice*)
    (djolley@cov.com)
    COVINGTON & BURLING LLP
    One Front Street, 35th Floor
    San Francisco, CA 94111
    Telephone: (415) 591-6000
    Facsimile: (415) 591-6091

    Emily Johnson Henn (*pro hac vice*)
    (ehenn@cov.com)
    COVINGTON & BURLING LLP
    333 Twin Dolphin Drive, Suite 700
    Redwood Shores, CA 94065
    Telephone: (650) 632-7400
    Facsimile: (650) 632-4800

    Attorneys for Defendant
    WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

    s/Barry R. Davidson
    Barry R. Davidson

42575.002094 EMF_US 34706221v4