**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**

*Townsend v. Wells Fargo Bank & Co., et al.*
S.D. Fla. Case No. 1:10-cv-21834-JLK
C.D. Cal. Case No. CV 10-550 ODW

---

**RESPONSE OF DEFENDANTS WELLS FARGO & CO. AND WELLS FARGO
BANK, N.A. TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Wells

Fargo") hereby respond to plaintiff Robert Townsend's Request for Judicial Notice

[DE # 1234] as follows:

**I.      THE CONGRESSIONAL TESTIMONY AT ISSUE CONTRADICTS
         PLAINTIFF'S ARGUMENT.**

Plaintiff has requested that this Court take judicial notice of certain

Congressional testimony of Richard W. Naimark ("Naimark Testimony") on behalf of the

American Arbitration Association ("AAA"), given on July 22, 2009.  Plaintiff's filing is

clearly improper, as it is simply an attempt to further argue issues that have already been

fully briefed in connection with Wells Fargo's motion to stay this case in favor of

arbitration.  *See* DE # 1097 at 10-11; DE # 1141 at 3; DE # 1154 at 5.  In any event, this

procedural point is moot as the Naimark Testimony does not, as plaintiff suggests,

1

support his argument that "the AAA believes its own consumer arbitration process is

substantially flawed and biased against consumers and in favor of banks such as Wells

Fargo." DE # 1234 at 3. To the contrary, the testimony shows the exact opposite is true.

In the proffered testimony, far from criticizing the AAA's consumer

arbitration process, Mr. Naimark lavishly *praises* the Consumer Protocol applied in all

such matters. As Mr. Naimark states, "The Consumer Protocol provides for common

sense 'fair play' requirements, such as reasonable fees for the consumer, reasonably

accessible local, no limitation of any remedy that would be accessible in court, and access

to small claims court." Naimark Testimony at 2-3. Mr. Naimark sets out the following

findings that were reflected in a study of a sample of recent AAA consumer arbitrations:

- **The upfront cost of arbitration for consumer claimants in cases administered by the AAA appears to be quite low.** In cases with claims seeking less than $10,000, consumer claimants paid an average of $96.

- **AAA consumer arbitration seems to be an expedious way to resolve disputes.** The average time from filing to final award for the consumer arbitrations studied was 6.9 months.

- **No statistically significant repeat-player effect was identified using a traditional definition of repeat-player business.** Consumer claimants won some relief in 51.8% of cases against repeat business and 55.3% against non-repeat business.

- **Arbitrators awarded attorneys' fees to prevailing customer claimants in 63.1% of cases in which the consumer sought such an award.**

*Id.* at 3 (emphasis in original).

As discussed more fully in Wells Fargo's motion papers [DE # 1097 at 10-

11; DE # 1154 at 5], the only concerns expressed by the AAA about its current arbitration

procedures arise in connection with "debt collection" matters filed by companies to

recover money owed by a customer. *See* DE # 1098 ¶¶ 5-9 & Ex. 5.  These concerns have absolutely no relevance to plaintiff's claim against Wells Fargo, which is a customer-initiated claim against a company (and is therefore not a debt-collection matter).  *See id.* Ex. 5 (the AAA has stated that it has instituted an arbitration moratorium on "debt collections ... in which the company is the filing party.  …  The AAA will continue to administer all demands for arbitration filed by consumers against businesses.")

Therefore, rather than supporting plaintiff's position, the Naimark Testimony in fact contradicts the premise of his argument against allowing the AAA to administer the arbitration of his claim.

## II.      CONCLUSION

For the reasons stated herein and in Wells Fargo's previously filed papers [DE #1097, DE # 1154], Wells Fargo respectfully requests that the Court grant Wells Fargo's motion to stay this proceeding in favor of arbitration.


DATED:  March 11, 2011                      COVINGTON & BURLING LLP


                                            By:  _____s/David M. Jolley_____
                                                 Sonya D. Winner (*pro hac vice*)
                                                 (swinner@cov.com)
                                                 David M. Jolley (*pro hac vice*)
                                                 (djolley@cov.com)
                                                 One Front Street, 35th Floor
                                                 San Francisco, CA, 94111
                                                 Telephone: (415) 591-6000
                                                 Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
333 Twin Dolphin Drive, Ste 700
Redwood Shores, CA, 94065
Telephone: (650) 632-7400
Facsimile: (650) 632-4800

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendants
WELLS FARGO BANK, N.A. and
WELLS FARGO & CO.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2011, I served the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that these documents are being

served this day on plaintiff Robert Townsend by First Class Mail and electronic mail at

the following addresses:

Robert Townsend
P.O. Box 3330
Dana Point, California  92629
Townsend@runbox.com

s/David M. Jolley
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091