UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT        )
OVERDRAFT LITIGATION           )
                               )
MDL No. 2036                   )
*Fourth Tranche*               )
                               )
_____)
                               )
THIS DOCUMENT RELATES TO:      )
                               )
*Shane Swift v. BancorpSouth, Inc.*, )
S.D. Fla. Case No. 1:10-cv-23872-JLK )
_____)

**DEFENDANT BANCORPSOUTH BANK'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS**

BancorpSouth Bank ("BancorpSouth") hereby submits this reply brief in support of its motion to dismiss Plaintiff Shane Swift's ("Plaintiff") Second Amended Complaint (the "Complaint").

I.    INTRODUCTION

Plaintiff's Complaint asserts five claims against BancorpSouth, all under Arkansas law: breach of contract; unconscionability; conversion; unjust enrichment; and violation of the Arkansas Deceptive Trade Practice Act (the "ADTPA").

As BancorpSouth demonstrated in its Motion to Dismiss Plaintiff's Second Amended Complaint and supporting memorandum (collectively, the "Motion to Dismiss") (Docs. 1067, 1068) Plaintiff's Complaint fails to state a claim under any of these theories, as a matter of law, and should be dismissed. First, Plaintiff's breach of contract claim fails because Plaintiff admittedly has not alleged a breach by BancorpSouth of any express contract term, and Arkansas law does not

recognize an independent cause of action for a breach of the covenant of good faith and fair dealing when the allegedly breaching party has complied with the express terms of the contract. Second, Plaintiff's unconscionability claim fails because, under Arkansas law, unconscionability can only be a defense to a contract claim, not an affirmative cause of action. Third, Plaintiff's conversion claim fails because Plaintiff's allegations make clear that BancorpSouth never converted any property owned by Plaintiff. Fourth, Plaintiff's unjust enrichment claim fails because Arkansas law does not recognize an unjust enrichment cause of action by or against the parties to a written contract. Finally, Plaintiff's ADTPA claim fails because Plaintiff has not alleged any actionable fraud or deception, and because Plaintiff has not pleaded any ADTPA violation with the Rule 9(b)-like particularity required by Arkansas law.[1]

Plaintiff's Memorandum in Opposition to Defendant BancorpSouth's Motion to Dismiss (the "Opposition") (Doc. 1192) does nothing to undermine these well-founded reasons for dismissing Plaintiff's Complaint. Throughout the Opposition, Plaintiff relies on this Court's rulings in separate and distinct cases: cases with different plaintiffs, different defendants, different contracts governing the parties' relationships, and most importantly, governed by different states' laws. The present dispute, between Plaintiff Shane Swift and Defendant BancorpSouth, is governed by Arkansas law. And Arkansas law is clear: the facts alleged by Plaintiff, even taken as true, do not entitle Plaintiff to recover under any of his theories. Because Plaintiff's Complaint fails to state any actionable claim, as a matter of Arkansas law, the Court should dismiss Plaintiff's lawsuit in its entirety.

---

[1] BancorpSouth's Motion to Dismiss sets forth additional reasons why each of Plaintiff's claims should be dismissed. For the sake of brevity, BancorpSouth has not duplicated each of those arguments herein. BancorpSouth hereby incorporates each of those arguments as if fully set forth herein.

2

## II. ARGUMENT AND CITATION OF AUTHORITIES

### a. Plaintiff's Complaint does not plead any actionable breach of contract.

Plaintiff admits that BancorpSouth has not breached any express term of the documents governing the parties' relationship: the Deposit Agreement and the Account Information Statement. (*See* Opposition 3). Plaintiff's breach of contract claim is premised solely on Plaintiff's allegation that BancorpSouth's actions have somehow violated the implied covenant of good faith and fair dealing.

Plaintiff's claim fails, however, because Arkansas has not recognized an affirmative claim for a breach of the implied covenant of good faith and fair dealing where the parties have adhered to the plain language of the contract. It is undisputed that Arkansas courts have rejected a tort claim for an alleged violation of the covenant of good faith and fair dealing. *Preston v. Stoops*, 285 S.W.3d 606, 609-10 (Ark. 2008); (*see also* Opposition 4-5). Further, when the Arkansas Supreme Court rejected plaintiff's tort claim in *Preston*, it also stated that "we need not reach Preston's issue of whether a cause of action could be state in contract," for violation of the implied covenant. *Id.* at 610. Thus, Arkansas courts have not recognized a breach of contract claim arising out of the implied covenant where no provision of the contract has been violated.

Because the Arkansas courts have left this issue open, the best authority on this issue is a recent federal district court decision. *See Williams v. State Farm Mut. Auto Ins. Co.*, 2010 U.S. Dist LEXIS 61613, *12-14 (E.D. Ark. June 22, 2010). In *Williams*, the Court acknowledged that, "[t]he Supreme Court of Arkansas has not yet ruled whether Arkansas law recognizes a claim for breach of contract for failure to act in good faith where no provision of the contract is violated." *Id.* at *13. The Williams court cited to three other Arkansas federal decisions that "predicted that Arkansas will not

3

recognize such a claim," then cogently described why creating a breach of contract cause of action would be inconsistent with Arkansas law:

> [h]aving carefully circumscribed the parameters of the tort of bad faith so as to require dishonest, malicious, or oppressive conduct, the Supreme Court of Arkansas would not (in this Court's view) erase those parameters by permitting a separate breach of contract claim based solely on the implied covenant of good faith and fair dealing.

*Id.* at *14. As neither Arkansas state courts nor federal courts in Arkansas have been willing to allow a breach of contract claim arising out of a breach of the implied covenant when no breach of the express terms of the contract has occurred, this Court should not be the first to create such a cause of action. Plaintiff's breach of contract claim should be dismissed for failure to state a claim because the claim he is pursuing does not exist under Arkansas law.[2]

### b. Plaintiff has no affirmative cause of action for unconscionability under Arkansas law.

Under Arkansas law, although "unconscionability" is a defense to a contract action, it has never been recognized as a separate, offensive cause of action. *See, e.g., Parker v. Frazer's, Inc.*, 1998 Ark. App. LEXIS 795, *5 (Nov. 18, 1998) (recognizing that the "defense of unconscionability is in nature of confession and avoidance and is therefore an affirmative defense under Ark. R. Civ. P. 8(c)"); *Hughes v. Wet Seal Retail, Inc.*, 2010 U.S. Dist. LEXIS 121710, *5 (W.D. Ark. Nov. 16, 2010) (unconscionability is a defense to a contract claim); *Casteel v. Clear Channel Broad, Inc.*, 254 F. Supp.2d 1081, 1089-90 (W.D. Ark. 2003) (recognizing that unconscionability is a defense and nullifying arbitration agreement because such agreement was unconscionable); *Easter v.*

---

[2] Although Plaintiff cites to both *Preston* and *Williams* in his Opposition, he then states that "Arkansas law inarguably recognizes a claim for violation of the implied convent . . ." (Opposition 5). This statement is not correct. Under the best possible reading for Plaintiff, the issue is undecided under Arkansas law. Plaintiff subsequently spends several pages describing the circumstances under which other states allow a breach of contract claim for an alleged breach of the implied covenant; the law of other states is not relevant to Arkansas law on this point.

4

*Compucredit Corp.*, 2009 U.S. Dist. LEXIS 16354, *10 (W.D. Ark. Feb. 27, 2009) (holding that arbitration agreement is enforceable "unless a recognized state law contract defense, such as unconscionability exists to invalidate it").

Plaintiff does not address Arkansas law regarding unconscionability in his Opposition; he simply attempts to rely on this Court's decisions which were based in the law of other states. Plaintiff's entire strategy appears to be to urge the Court to ignore the particulars of this case – especially the governing law – by urging that "this case is exactly the same." (Opposition 10). This Court has been clear, however, that each plaintiff's claims "are defined and construed by the courts of" the governing state's laws, and that this court will "apply a particular state's law to a particular Plaintiff." *In re: Checking Account Overdraft Litigation*, 694 F. Supp. 2d 1302, 1314 (S.D. Fla. 2010). Further, this Court has been willing on multiple occasions to dismiss state statutory claims in these MDL proceedings when a plaintiff fails to state a claim under the relevant state statute. *Id.* at 1326-1328 (dismissing claims asserted under state statutes of Massachusetts, New Mexico, Minnesota, Montana, Wisconsin, and West Virginia, and Oregon).

Despite Plaintiff's misdirection, because Arkansas law is clear that no independent cause of action exists for "unconscionability," Count 2 of Plaintiff's Complaint should be dismissed for failure to state a claim.[3]

### c. Plaintiff has not pleaded any facts amounting to conversion.

Plaintiff's conversion claim fails because Plaintiff's allegations make clear that BancorpSouth never converted any property owned by Plaintiff. In its Motion to Dismiss, BancorpSouth pointed to the axiomatic precept of banking law that, when funds are deposited with a bank, the depositor cedes

---

[3] Even if a cause of action existed for "unconscionability" under Arkansas law, the actions Plaintiff alleges that BancorpSouth committed are neither procedurally nor substantively unconscionable. (Motion to Dismiss 15-18).

ownership over those funds and becomes instead a general creditor of the bank pursuant to the deposit contract. *See J.W. Reynolds Lumber Co. v. Smackover State Bank*, 836 S.W.2d 853, 855 (Ark. 1992) (holding that there was no conversion claim arising from deposit of money in an account).[4] Because the funds in Plaintiff's account were not owned by him after deposit, he cannot state a conversion claim against BancorpSouth.

Plaintiff attempts to confuse this issue by arguing that Plaintiff had the right to possession of the account funds, and thus ownership is irrelevant. (Opposition 16-17). The error in Plaintiff's logic is shown, however, by the very language quoted in Plaintiff's opposition. Plaintiff quotes *Buck v. Gillham* for the proposition that "[t]he property interest may be shown by a possession or a present right to possession when the defendant cannot show a better right, since possession carries with it a presumption of ownership." 98 S.W.3d 750, 753 (Ark. Ct. App. 2003). Because BancorpSouth **can** "show a better right," to the account proceeds, according to the black letter concept of banking law set out above, Plaintiff's "possession or . . . present right to possession" of the property is not an ownership sufficient to assert a conversion claim. Plaintiff is simply attempting to create a cause of action where well-established law makes clear that none exists. Plaintiff's conversion allegations fail to state a claim; Count 3 of Plaintiff's Complaint should be dismissed.

---

[4] *See also Gutierrez v. Wells Fargo & Co.*, 622 F.Supp. 2d 946, 956 (N.D. Cal. 2009) ("[t]he relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A Bank may not be sued for conversion of funds deposited with the Bank"); *In re Liquidation of Canal Bank & Trust Co.*, 160 So. 609, 611 (La. 1935) ("there is no principle of the law of banking more firmly established than that relating to the title of money deposited generally in a bank. Such a deposit passes title to the banker immediately...."); *Lawrence v. Bank of Am.*, 163 Cal. App. 3d 431, 437 n.2 (1985) ("[i]t is well settled ... that money on deposit with a bank may not be the subject of conversion") (citation omitted); *Transamerica Ins. Co. v. United States Nat'l Bank*, 558 P.2d 328, 335 n.11 (Or. 1976) (conversion is not a tenable theory where plaintiff is seeking to enforce its right as a creditor to repayment of its deposits by the bank); *Upper Valley Aviation, Inc. v. Mercantile Nat'l Bank*, 656 S.W.2d 952, 955 (Tex. Ct. App. 1983) (holding that a "depositor may not sue in conversion to recover his deposit").

### d. Plaintiff cannot assert unjust enrichment as a separate cause of action.

Plaintiff's unjust enrichment claim fails because Arkansas law does not recognize an unjust enrichment cause of action by or against the parties to a written contract. As BancorpSouth demonstrated in the Motion to Dismiss, Arkansas law is clear that "unjust enrichment has no application when an express written contract exists." *Adkinson v. Kilgore*, 970 S.W.2d 327, 331 (Ark. Ct. App. 1998).[5]

Plaintiff argues in the Opposition that his unjust enrichment claim should be allowed to proceed, despite the undisputed existence of a written contract between the parties, because he may plead inconsistent theories in the alternative. (Opposition 21). This case does not present the situation, however, where Plaintiff has pleaded inconsistent facts and thus has pleaded inconsistent legal theories to comply with his multiple factual theories. Plaintiff does not plead, for example, that a contract existed between himself and BancorpSouth and that BancorpSouth breached the contract, or in the alternative, that there was no contract and that Plaintiff can recover under an unjust enrichment theory. Here, Plaintiff consistently pleads throughout that an express written contract existed between himself and BancorpSouth. (Complaint §§ 31-33; *see also* § 104 (incorporating Plaintiff's allegations regarding the existence of the written contract between the parties *into* his unjust enrichment count)). Under the facts as alleged by Plaintiff, because an express written agreement governs the relationship between Plaintiff and BancorpSouth, Plaintiff's unjust enrichment claim fails as a matter of law. *Adkinson, supra.*

### e. Plaintiff has not pleaded any violation of the Arkansas Deceptive Trade Practices Act.

Plaintiff's ADTPA claim fails because Plaintiff has not alleged any actionable fraud or

---

[5] This is a universal concept of contract law. (Motion to Dismiss 21, n. 12).

deception under Arkansas law, and because Plaintiff has not pleaded any ADTPA violation with the Rule 9(b)-like particularity required by Arkansas law.

First, Plaintiff has not pleaded anything amounting to actionable fraud or deception under the ADTPA. BancorpSouth's challenged practices were fully disclosed and expressly authorized in the Deposit Agreement and related disclosures, and Plaintiff entered into these agreements willingly. On the one hand, the challenged policies simply do not arise to the level of conduct prohibited by the ADTPA. *See Baptist Health v. Murphy*, 226 S.W.3d 800, 811 (Ark. Sup. Ct. 2006). On the other hand, when the specific contractual provisions about which a plaintiff complains were disclosed in the written agreement between the parties, Plaintiff cannot later claim to have been defrauded by those terms. *Carmichael v. Nationwide Life Ins. Co.*, 305 Ark. 549, 552, 810 S.W.2d 39, 41 (Ark. 1991) ("[i]t is well established in Arkansas that one is bound under the law to know of the contents of a paper signed by him and he cannot excuse himself by saying he did not know what it contained"); *Belew v. Griffis*, 249 Ark. 589, 460 S.W.2d 80 (1970) (a "person is ordinarily bound to know the contents of a contract which he signs"); *Baskin v. Collins*, 305 Ark. 137, 143, 806 S.W.2d 3, 5 (1991) (no duty of disclosure exists where "both parties have equal access to the knowledge"); *Yoes v. Marine Midland Bank*, 1991 Ark. App. LEXIS 359, No. CA90-235, *9-10 (Ark. Ct. App. June 12, 1991) (denying fraudulent inducement defense, court held that "[b]ecause the record conclusively shows that the appellants were aware that the written agreement contained terms which contradicted the alleged representations, we hold that, under these circumstances, the appellants could not reasonably [rely] on the alleged representations of [the appellees]") (citations omitted)).

Plaintiff's only response to BancorpSouth's argument on this point is that this Court has allowed similar allegations to go forward under "*other* states' deceptive trade practices acts at issue in *other* complaints in this MDL," and that similar allegations have been held sufficient "under a

8

consumer protection statute *like* the ADTPA." (Opposition 23, 24) (emphasis added). Again, Plaintiff is urging this Court to ignore the particulars of this case, as well as the particulars of Arkansas law, and summarily dismiss BancorpSouth's arguments. Plaintiff has pointed to no authority under Arkansas law that supports his contention that his allegations state a claim under the ADTPA. In contrast, as shown herein, Plaintiff's allegations fail to state a claim under the ADTPA, as a matter of law, and should be dismissed.

Second, Plaintiff's ADTPA claim fails to comply with the statute's Rule 9(b)-like particularity requirement. The ADTPA requires pleading with particularity. *Whatley v. Reconstrust Co. N.A.*, 2010 U.S. Dist. LEXIS 125122, *18 (E.D. Ark. Nov. 23, 2010) ("The pleading must discuss 'the time, place[,] and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby'") (*quoting Schaller Tel. Co. v. Golden Sky Sys.*, 298 F.3d 736, 746 (8th Cir. 2002).[6] Despite his protests in the Opposition, Plaintiff has simply not satisfied this heightened pleading requirement. The very allegations that Plaintiff argues satisfy the ADTPA's heightened pleading requirements in fact demonstrate the deficiencies in this claim: to satisfy the "where" element, Plaintiff simply says "at the bank;" for the "when" element, Plaintiff simply says "May 5, 2010," years after he opened his account and after he had seen countless account statements indicating the transactions he now challenges; and for the "what" element, Plaintiff points to alleged wrongs at issue, not any specific misrepresentations ("did not disclose opt out; did not obtain consent prior to processing; did not alert customers that transaction will trigger overdraft fee; did not provide opportunity to cancel transactions; manipulated and reordered transactions to increase number of overdrafts, etc."). (Opposition 24).

Because Plaintiff has neither alleged any actionable fraud or deception, nor pleaded a

---

[6] Plaintiff does not dispute that the ADTPA's heightened pleading requirements control; he cites to *Whatley* for the governing standard. (Opposition 24).

9

violation of the ADTPA with the required particularity, his ADTPA claim fails as a matter of law and should be dismissed.

## III. CONCLUSION

Plaintiff's Complaint has not articulated a single actionable claim under Arkansas law. Plaintiff's invocation of rulings in cases decided under other state's laws do not change this fact. Plaintiff has failed to allege any breach of his contract with BancorpSouth, and Arkansas law does not allow him to invoke the doctrines of unconscionability, unjust enrichment, or good faith and fair dealing to create a quasi-contract claim where BancorpSouth has complied with every term of the contract governing their relationship. Further, Plaintiff's conversion claim fails because he has not alleged that any conversion has taken place, and Plaintiff's ADTPA claim fails because he has not complied with that statute's heightened pleading requirements. For all of these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it should be dismissed in its entirety, with prejudice.

Respectfully submitted this 14th day of March, 2011.

**PARKER, HUDSON, RAINER & DOBBS, LLP**

/s/ *Eric Jon Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Eric Jon Taylor*
Eric Jon Taylor

1838979_1