IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Townsend v. Wells Fargo Bank & Co., et al.*<br>S.D. Fla. Case No. 1:10-cv-21834-JLK<br>C.D. Cal. Case No. CV 10-550 ODW | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RESPONSE OF JPMORGAN CHASE BANK, N.A. AND JPMORGAN CHASE & CO. TO PLAINTIFF ROBERT TOWNSEND'S REQUEST FOR JUDICIAL NOTICE

Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "Chase") submit this response to plaintiff Robert Townsend's Request for Judicial Notice in Support of His Opposition to Defendants' Motions to Stay Proceedings in Favor of Arbitration, and in Support of Plaintiff's Motion for Partial Summary Judgment Against Defendants. [Dkt. No. 1234.]

### PRIOR FILINGS

On January 25, 2011, Chase moved to stay the proceedings in Townsend's case in favor of arbitration. [Dkt. No. 1094.] Townsend opposed that motion [Dkt. No. 1141], in part on the ground that one of the arbitration organizations designated in his written arbitration agreement, the American Arbitration Association ("AAA"), is unfit to hear this dispute. *Id.* at 3. In support, he cited 2009 testimony given by the president of the AAA, which he said supported his claim

that AAA arbitration is unfair. *Id.* Chase submitted a reply in further support of its motion to stay on February 9, and addressed Townsend's argument about the AAA's alleged unfitness. Dkt. No. 1151 at 9-10. Chase's motion is now fully briefed and pending before this Court.

Townsend also moved for partial summary judgment with respect to arbitration, arguing that Chase's arbitration agreement is unenforceable. [Dkt. No. 1143.] In that motion, Townsend again cited the AAA president's testimony, and again argued that arbitration before the AAA is unfair. *Id.* at 5-6. Chase opposed Townsend's motion for partial summary judgment [Dkt. No. 1150], and referred this Court to the discussion of Townsend's arguments against arbitration, as set forth in Chase's opening and reply briefs in support of its arbitration motion. Townsend never submitted a reply brief; his motion for partial summary judgment is fully briefed and pending before this Court.

## DISCUSSION

Townsend's request for judicial notice should be denied. The request is an attempt to file another brief, without justification, on matters that are already fully briefed and submitted. Moreover, it just repeats matters already covered. Townsend previously cited the identical document to this Court, both in his opposition to Chase's arbitration motion and in his motion for partial summary judgment, and it is wasteful of the Court's time to bring the same testimony to this Court's attention once again.

Further, the material Townsend is proffering (for the third time) is irrelevant to the issues before this Court. While it is correct that the AAA has said that it will stop hearing "any consumer debt collection arbitration," Dkt. No. 1234, Exh. A at 2, this is *not* a consumer *debt collection* arbitration. Townsend improperly and misleadingly elides the highlighted language in his request for judicial notice, and asserts instead that the AAA will refuse to hear "any future … arbitrations." Dkt. No. 1234 at 2 (ellipses in original). In addition, as Chase showed in its brief

(Dkt. No. 1151 at 9), every court that has considered the matter has *rejected* the argument that the AAA's moratorium on consumer *debt collection* arbitrations invalidates arbitration agreements providing for AAA arbitration of other types of disputes.

## CONCLUSION

This Court should deny Townsend's request for judicial notice, deny his motion for partial summary judgment and grant Chase's fully briefed motion to stay these proceedings in favor of arbitration.

Dated:  March 15, 2011

HOMER BONNER, P.A.

/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING HALE
 AND DORR LLP
s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer