UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 1:09-cv-21681-JLK;
N.D. Cal. Case No. 4:08-cv-05101-SBA

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff submits this reply in support of his motion to compel discovery from Citibank, N.A. ("Citibank").

### I. INTRODUCTION

While conceding its obligation to produce long-overdue, responsive discovery, Citibank claims it is not practical to comply with these obligations in the remaining time before the class certification deadline of April 25, 2011. Citibank's document production to date is leaps and bounds behind the other first tranche banks. It has only produced approximately 7,000 pages of documents, while most other first tranche banks have each produced hundreds of thousands of documents responsive to identical document requests.

While it is easy to blame each other for the discovery delays to date, attaching blame will not solve the obvious.[1] Both sides find themselves facing an impractical situation. Assuming

---

[1] Citibank's detailed discussions about the scheduled mediations and settlement discussions are improper and substantially inaccurate. Plaintiff, however, will refrain from committing the same

this Court grants plaintiff's motion to compel, Citibank's belated production of clearly relevant discovery will not afford plaintiff a reasonable opportunity to review documents and conduct necessary depositions in time to meet the April 25 class certification deadline. Thus, at this juncture, plaintiff's ability to complete a reasonable document review, conduct necessary 30(b)(6) depositions, and prepare a motion for class certification by April 25, 2011 is impractical, if not impossible.

Consequently, and reluctantly, plaintiff agrees with Citibank that this action should be moved to the fourth tranche. Doing so will permit both parties to pursue their claims and defenses, and conduct discovery without prejudice to their respective rights in this action.

Should the Court decline to move this action to the fourth tranche, Citibank cannot be permitted to continue its refusal to comply with discovery obligations. Citibank's failure to comply with its discovery obligations to date is evident from the small number of documents it has produced and its refusal, until this week, to begin scheduling the depositions of its rule 30(b)(6) designees. Compliance with discovery requests is not achieved by producing certain of the requested documents, but omitting others. All responsive documents must be produced.

Citibank's position is that it will only produce previously promised records if the Court orders it to do so. Plaintiff respectfully urges this Court to order Citibank to immediately begin producing all documents it previously agreed to produce. In addition, plaintiff urges this Court to overrule Citibank's objections to the remaining discovery requests, and direct it to immediately begin producing responsive documents and supplemental responses so plaintiff can move forward without further delays.

---

improper use of pre-mediation settlement discussions. *Allstate Ins. Co. v. Winnemore*, (1968) 413 F.2d 858, 863.

## II. ARGUMENT

### A. Citibank's Objections to the Disputed Discovery Should Be Overruled and Documents Ordered Produced Forthwith

Citibank concedes the obvious; to date, it has only produced approximately 7,000 pages of documents and there are an unspecified number of additional responsive documents which have yet to be produced. Most other first tranche banks have produced hundreds of thousands of pages of documents. Nevertheless, Citibank's position on the disputed discovery requests is as follows:

- Citibank states that it will produce responsive documents, if the Court orders it to do so, to Request for Production Nos. **7, 16, 33,** and **54**.

- Citibank indicates there are *additional* responsive documents to Request for Production Nos. **9** (admitting it only produced "summary documents"), **19** (admitting it has produced no responsive documents), and **78** (admitting there are additional responsive documents. Plaintiff requests that the Court overrule Citibank's boilerplate objections.

- Citibank remains vague as to whether there are additional responsive documents that can be produced in response to other requests. Citibank lists the documents it previously produced that it claims are most responsive, yet maintains certain of its objections and does not state whether there are any additional responsive documents. For example, *see* Request for Production Nos. **3, 17** (stating that Citibank "has produced the Client Manuals," but the request asks for all documents wherein Citibank discloses how items will be debited from a customer's account), **18, 24, 38, 43, 51** and **75**. Plaintiff requests that the Court order Citibank to immediately produce all additional responsive documents, or provide a supplemental response stating that there are no additional responsive documents.

- Citibank maintains its objections to the following outstanding discovery: Request for Production Nos. **12, 27, 28, 29, 32, 37, 52, 56, 59, 60, 61, 65-68, 75 and 77** (despite previously agreeing to produce responsive documents); Interrogatory No. **11**, and Request for Admissions Nos. **2, 10, 18-20** (Citibank now states that its original response is sufficient without any argument). Plaintiff requests that the Court overrule Citibank's objections to these requests and order it to immediately produce responsive documents and supplemental responses forthwith.

- Based on Citibank's position that it is not in possession of any responsive documents, plaintiff withdraws his motion with respect to Request for Production Nos. **8, 11, 23** and **55**.

### B. Documents Relating to Citibank's Implementation of High-to-Low Posting and Other Challenged Practices Should Be Produced Irrespective of Their Date of Creation

With respect to the disputed production of documents created prior to January 1, 2002, Citibank suggests the Court should adhere to Citibank's unilaterally imposed "temporal limits" (Opp'n. at p. 9), and claims that it "always has used the high-to-low posting order on all transactions" (Opp'n. at p. 10). Citibank, however, made various changes to how and when it charged overdraft fees. Plaintiff is entitled to documents showing the decision-making chain to implement high-to-low posting, even if that pre-dated 2002, as well as documents showing the changes implemented over the years in how Citibank assessed overdraft fees.

While courts have used a reasonable standard to place varying temporal restrictions on the scope of discovery requests, the timeframe Citibank has unilaterally imposed here is not reasonable because it results in the wholesale exclusion from production of some of the most pertinent and responsive documents.

As the implementation of the reordering practices and the reasons behind them are at the heart of plaintiff's claims, such documents are discoverable irrespective of their date. *E.g., Phillip M. Adams & Associates, LLC v. Dell, Inc.*, 2008 WL 201136, at *4 (D. Utah Jan. 22, 2008) ("holding that [i]n discovery, Winbond must produce documents and provide information related to the subject matter of Adams' claim ***regardless of time frame***") (emphasis added). Citibank's argument as to why documents from prior to 2002 should not be produced ignores the critical nature of the documents sought and their pertinence to the issues in this action.

### C. Plaintiff Is Entitled to Citibank's Complete Overdraft Fee Information

Citibank argues that responding to Request for Production Nos. 27 and 28 and Interrogatory No. 11, concerning its total overdraft fees revenue, should not be produced because such information is not necessary for class certification. Plaintiff disagrees. This Court's original scheduling order specifically envisioned unlimited discovery before class certification. It is telling that no other first tranche bank raised this issue in an effort to avoid identical discovery requests or, more importantly, refused to produce documents based on a bifurcation of discovery theory.

Documents and information responsive to these discovery requests are clearly relevant to class certification, and will provide evidence upon which plaintiff can meet his burden under rule 23. Citibank should be required to produce this information.

### D. Citibank Cannot Be Excused From Producing Documents Concerning "All Electronic Transactions"

In his motion, plaintiff set forth each response where Citibank refused to produce documents other than those related to "debit card transactions." In its opposition, Citibank merely states that plaintiff's requests are "vague, overbroad, [and] wrong" because "the posting

5

order for ACH or any other transactions besides debit cards have absolutely nothing to do with this case." (Opp'n. at p. 11.)

As plaintiff demonstrated in the motion, Citibank's unilateral decision to limit its production to information regarding debit card transactions is insufficient given that Citibank's policy of re-sequencing transactions from highest to lowest is done not only to debit card transactions, but to all items that post to customers' accounts. Such items include transactions initiated online, through the ACH system, and potentially other methods. The decisions to post high-to-low with debit cards are intertwined and related to the high-to-low posting of other transactions and, therefore, are relevant and material.

In denying the first tranche banks' omnibus motion, the Court described factual allegations other than those concerning the reordering of debit transactions, and observed that plaintiffs allege injury on the grounds that they were "forced to pay overdraft fees as a consequence of the Banks' wrongful overdraft ***policies and procedures***..." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1309-10 (S.D. Fla. 2010) (emphasis added). Plaintiff's claims relate to more than just re-sequencing. Plaintiff is, therefore, entitled to full discovery into these practices.

### E. Plaintiff is Entitled to Discovery of Relevant Advertising and Marketing Materials

Citibank contends that in a California state case filed in 2005, counsel for that plaintiff, Mike Margullis, stated that plaintiff Amrhein did not rely on any Citibank advertisements and, therefore, that plaintiff Amrhein is not entitled to production of any advertising or marketing materials. Citibank is mistaken.

The discovery at issue seeks "exemplar copies of all advertisement and other marketing materials you have used to promote the use of debit cards." (RFP. No. 56). These documents

are not sought to support a negligent misrepresentation theory. They are relevant to Citibank's practice of concealing its high-to-low re-sequencing practice from its customers. Responsive documents are also relevant to show how Citibank expected its customers to use and understand debit cards, and whether that intent was consistent with Citibank's high-to-low practices. Further, such documents may contain admissions regarding Citibank's ordering policies and practices or bases for impeaching the credibility of witnesses regarding those policies and practices. The documents are relevant and should be produced.

### F. If the Court Declines to Move This Action to the Fourth Tranche, Plaintiff Requests Immediate Production of a Limited Set of Documents and Rule 30(b)(6) Depositions to Prepare for Class Certification

Given the enormous burden on both parties of an anticipated large production of documents in a short amount of time, and an equally short period of time to review such documents and conduct 30(b)(6) depositions, plaintiff reluctantly agrees that this action should be moved to the fourth tranche to allow the parties to pursue their claims and defenses, complete class discovery and properly prepare for class certification.

However, should the Court decline to do so, and keep this action in the first tranche, plaintiff requests that the Court order Citibank to immediately produce its rule 30(b)(6) designees on class certification-specific topics by April 1, 2011. Plaintiffs in the other first tranche actions have already and are still taking depositions of other defendants' rule 30(b)(6) designees on the very same topics. There is no reason Citibank cannot produce its designees as well.

Additionally, should the Court decline to move this action to the fourth tranche, plaintiff requests that it order Citibank to immediately produce the following documents needed for class certification:

- Request for Production ("RFP") No. 3 – limited to documents reflecting communications between Citibank and plaintiff regarding overdrafts and Citibank's overdraft policies and procedures;

- RFP No. 7 – all responsive documents (seeking all documents concerning plaintiff's overdraft fees);

- RFP No. 9 – limited to documents containing policies and procedures and summary documents other than those already produced regarding posting of transactions to customer accounts, as well as posting order;

- RFP No. 11 – all responsive documents (seeking documents concerning Citibank's communications with its customers regarding overdraft fees and/or the manner in which items post to a customer's accounts);[2]

- RFP No. 17 – limited to documents pertaining to how employees are to respond to questions or complaints concerning overdraft fees and/or posting practices;

- RFP No. 19 – limited to documents concerning policies and procedures regarding changes, adjustments, reductions, reversals, or write-offs of overdraft fees;

- RFP No. 24 – limited to documents regarding the reason(s) for changes or proposed changes in policies, practices, or procedures pertaining to the determination or assessment of overdraft fees;

- RFP No. 51 – all responsive documents (seeking decision-making processes regarding debit card transactions, including considerations of cost, deterrence of misuse, etc.);

---

[2] Citibank indicated in its opposition that it has not identified "other, responsive communications" other than those already produced. Plaintiff will withdraw this request if Citibank provides written assurances that it has made a reasonable inquiry and search for any additional responsive documents.

8

- RFP No. 55 – all responsive documents (seeking exemplar copies of all materials provided to customers when the checking account is opened);

- Interrogatory No. 11 – seeking aggregate overdraft fee information;

- Request for Admission No. 2 – seeking an admission that Citibank records the date and time of customers' transactions; and

- Request for Admission No. 18 – seeking an admission that Citibank maintains records showing the amount of overdraft fees that are collected from accounts maintained at each branch.

### III. CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Court (a) move this action to the fourth tranche, (b) overrule Citibank's objections to plaintiff's outstanding written discovery, and (3) order Citibank to begin the immediate production of all responsive documents and produce 30(b)(6) designees for the purposes of class certification.

Dated: March 15, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596