UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Preston & Associates Intn'l, P.C. v. Wells Fargo & Company et al.*
S.D. Fla. Case No. 1:10-cv-20913
D. Col. Case No. 1:09-2940

DISCOVERY MOTION

**WELLS FARGO BANK, N.A.'S REPLY TO RESPONSE OF TAG-ALONG PLAINTIFF PRESTON & ASSOCIATES INTN'L, PC TO MOTION FOR ORDER CONFIRMING OBLIGATION OF  PLAINTIFFS' LEAD COUNSEL TO COORDINATE DISCOVERY**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby files this reply to the Response of tag-along plaintiff Preston & Associates Intn'l, PC ("Preston") to the Motion of Wells Fargo Bank, N.A. for Order Confirming Obligation of Plaintiffs' Lead Counsel to Coordinate Discovery.[1]

The Response of tag-along plaintiff Preston confirms that clarification from the Court is needed because plaintiffs' Co-Lead and Coordinating Counsel have not taken steps to coordinate

---

[1] Plaintiffs' Co-Lead Counsel filed a response (DE 1243) to Wells Fargo's motion on March 4, 2011, and Wells Fargo filed a reply (DE 1256) on March 9, 2011, within the 3-business-day timeframe for replies in support of discovery motions established by the Court for this MDL.  Tag-along plaintiff Preston filed a response to Wells Fargo's motion one day later, on March 10, 2011.  This reply solely addresses the new issues raised in Preston's response.

discovery in all cases pending against Wells Fargo in this MDL.[2] Preston does not object to the basic premise of Wells Fargo's motion, upon which plaintiffs' Co-Lead Counsel also agreed in principle in their response – that plaintiffs' Co-Lead Counsel must be responsible for coordinating discovery on behalf of all plaintiffs in this MDL and that discovery against Wells Fargo may not be duplicated. Preston expresses concern, however, that tag-along plaintiffs will be prejudiced if they are not provided notice and disclosure of discovery materials. Preston proposes that discovery materials be made available on a password-protected website, to be maintained either by Preston or by plaintiffs' Co-Lead Counsel and defense counsel. *See* DE 1257 at 5.

The procedures through which discovery materials may be made available to tag-along plaintiffs need not be resolved in the context of the instant motion, but Wells Fargo submits this reply to address the importance of the confidentiality of discovery materials at issue in this MDL, an issue which must inform the development of any such procedures in the future.

Wells Fargo does not object generally to the concept that tag-along plaintiffs may be provided notice and access to discovery materials. However, given the amount of highly confidential, proprietary, and other sensitive matters being disclosed by the parties in discovery in this MDL, it is critical that any sharing of materials take place within the strictures of the Stipulated Protective Order entered by the Court and applicable to cases against Wells Fargo (DE 688). It is the responsibility of plaintiffs' Co-Lead and Coordinating Counsel to ensure that

---

[2] Preston states that "Wells Fargo has made no effort to contact Plaintiff" and has not filed a response to Preston's complaint. Under the terms of this Court's Scheduling Order No. 1 (DE 59), however, when an action is transferred to this MDL, it is the responsibility of plaintiffs' Lead Counsel to contact defendants and propose a scheduling order to the Court. Plaintiffs' Lead Counsel have never contacted Wells Fargo regarding a schedule for the *Preston* case. As Preston has now confirmed that it is not pursuing any class action claims, Wells Fargo anticipates that it will move to compel arbitration of Preston's individual claims against the bank.

discovery is coordinated in compliance with the Stipulated Protective Order, and this responsibility includes the oversight of any access to discovery materials by plaintiffs' counsel in any action in this MDL.

The Stipulated Protective Order allows the parties to designate as "Confidential" or "Highly Confidential" any document, response to discovery, or any other information that is not in the public domain and meets the criteria set forth in the Order. DE 688 ¶¶ 5, 6. The Order provides, among other things, that Confidential or Highly Confidential matter produced or exchanged in an action in the MDL against Wells Fargo shall be used solely for purposes of the prosecution or defense of an action in the MDL against Wells Fargo. *Id.* ¶ 13. It also limits the persons to whom confidential matter may be disclosed; provides that any persons receiving confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under the Order to receive such matter; and requires that any persons receiving Confidential or Highly Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Order to receive such matter. *Id.* ¶¶ 14-17.

Plaintiffs' Co-Lead Counsel, by their own acknowledgement, are responsible for ensuring that if there is any dissemination of any confidential information within and among plaintiffs' counsel, it must be accompanied by strict warnings and notifications to make sure that the recipients of any confidential information are on notice and aware of the restrictions on dissemination and use placed by the Order. Accordingly, Wells Fargo submits that if discovery materials are to be shared, plaintiffs' Co-Lead Counsel should bear the responsibility of setting up appropriate measures for information-sharing that comply with the protective order and properly safeguard confidentiality for all affected parties.

DATED:  March 15, 2011

HUNTON & WILLIAMS LLP

By:   s/Barry R. Davidson
 Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-7400
Facsimile: (650) 632-4800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

    s/Barry R. Davidson
    Barry R. Davidson

42575.002094 EMF_US 34762530v2