UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION,

MDL No. 2036

_____/

THIS DOCUMENT RELATES TO:

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case. No. 4:09-cv-3250

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS ACTION COMPLAINT

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Leave to file Amended Class Action Complaint (DE # 1113) filed January 27, 2011.[1]

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs seek to file an Amended Class Action Complaint to add an additional claim against Defendant Union Bank ("Union Bank") under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c) ("RICO"), as well as factual allegations supporting this claim.

As its grounds for denial, Union Bank's opposition focuses on the undue prejudice

---

[1] Defendant's response in opposition (DE # 1153) was filed on February 9, 2011 to which Plaintiffs Replied (DE # 1173) on February 16, 2011. The Court held oral argument on said Motion on March 15, 2011.

1

the amendment would cause Defendant, as well as the proposed amendment's futility. Union Bank argues that by adding a new claim on the eve of the impending deadline to file motions for class certification and the discovery cut-off in November, 2011, it would impose on Defendant an undue burden to address the new claim while at the same time addressing the issue of class certification.

The Court starts with the proposition that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Court may also deny a motion to amend when justice so requires, including: (1) [where it would cause] undue prejudice to the opposing party by allowing the proposed amendment; (2) where the privilege to amend has been abused; and (3) where the proposed amendment would be futile. *Fla. Evergreen Foliage v. E.I. Dupont Nemours & Co.*, 1041 (11th Cir. 2006). *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (2006) (citations omitted) (federal rules of civil procedure mandate a consideration of the following factors when considering the possibility of amendment: (1) whether there is undue delay, bad faith or a dilatory motive on the part of the movant; (2) whether there was a repeated failure to cure deficiencies by amendments previously allowed; and (3) whether amendment would result in undue prejudice to the opposing party.

After careful consideration of the parties' briefs and oral argument and for the reasons stated below, the Court finds that Defendant has not carried its burden of proving undue prejudice.

As to the first element, there is no showing that Plaintiff moved to amend in bad faith or to delay these proceedings. Plaintiff timely filed its motion when it learned of the a third party's alleged role in crafting a resequencing scheme– the central issue in this litigation. Defendant argues that granting the amendment would unfairly impose new discovery obligations on Union Bank that other Defendant banks do not have to deal with at this stage, in light of the impending deadline for class certification. While the new RICO claim would indeed impose new discovery obligations, the nature of the discovery necessary is not entirely distinct from ongoing discovery, *i.e.*, Union Bank's implementation of their reordering procedures. The composition of the class itself is not changing. The new claim is the same factual conduct alleged since the beginning of this litigation, and should not affect the class certification issues. The Third Amended Complaint does not suggest the need to add any new parties, either Defendant or Plaintiff. It does not seek declaration of a new class of Plaintiff's.

At oral argument, Defendant raised two collateral issues: (1) the National Banking Act gives Defendant Banks permission to establish the sort of program they did, and therefore Union Bank does not possess the requisite criminal intent to establish a RICO count; and (2) possible additional motion practice if Union Bank decides to join Cast Management as a new party. These issues can be considered if the need arises or with a motion to dismiss or motion for summary judgment.

Turning to the second element, this is not a case where there has been a repeated failure to cure deficiencies. Here, except for the Court's dismissal without prejudice of

certain statutory claims, Plaintiffs have not sought to cure deficiencies. This claim is based on newly discovered evidence and Plaintiff is not abusing its right to seek to amend.

Third and finally, the Court considers whether the Motion to Amend would be futile. Rule 15 motions should be granted on futility grounds "only if proposed amendment is 'clearly insufficient or frivolous on its face.'" *Bartronics, Inc., v. Power-One, Inc.*, 245 F.R.D. 532,535 (S.D. Ala. 2007) (citation omitted). The Court has already sustained the currently operative complaint. The addition of the RICO claim cannot be plainly frivolous since it does not depart from the central issue being litigated. The proposed Third Amended Complaint alleges discussions between Union Bank and third party (Cast Management) relevant to the Defendant Bank's decision to implement its reordering procedure. While the Court will address the merits of the RICO claim in a 12(b)(6) motion, for the purpose of a Motion to Amend, the Court considers whether the claim would have any probability of success. The Plaintiffs have met this burden and meets the requirements of Fed. R. Civ. P. 15(a). Therefore,

It is **ORDERED, ADJUDGED, and DECREED** that Plaintiff Larsen's Motion for Leave to file Amended Class Action Complaint (DE # 1113) be, and the same is hereby, **GRANTED**. The Defendant therefore shall file a responsive pleading to Plaintiffs' Third Amended Complaint within twenty (20) days.

It is further **ORDERED, ADJUDGED, and DECREED** that Defendant Union

Bank's Motion for a Protective Order (DE # 1169) be, and the same is hereby denied as **MOOT.**

It is further **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion to File Third Amended Complaint and Exhibits Under Seal (DE # 1112) be, and the same is hereby denied as **MOOT.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 21st day of March, 2011.

                                                          JAMES LAWRENCE KING
                                                          UNITED STATES DISTRICT JUDGE
                                                          SOUTHERN DISTRICT OF FLORIDA

cc:    All Counsel of Record