UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Wolfgeher v. Commerce Bank, N.A.*
S.D. Fla. Case No. 1:10-cv-22017-JLK
W.D. Fla. Case No. 4:10-cv-00328-ODS

*Simmons v. Comerica Incorporated*
S.D. Fla. Case No. 1:10-cv-22958-JLK
N.D. Tex. Case No. 10-cv-326

*Steen v. Capital One, N.A.*
S.D. Fla. Case No. 1:10-cv-22058-JLK
E.D. La. Case No. 2:10-cv-01505

_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon the individual Motions to Dismiss filed by Defendants Commerce Bank N.A., (DE # 1072),[1] Comerica Incorporated (DE # 1084),[2] and Capital One (DE # 1161).[3] Coordinated oral argument on all Motions to Dismiss was held on Wednesday, March 16, 2010.

The Court's March 11, 2010 Omnibus Order Denying Motions to Dismiss (DE # 305) is

---

[1] Plaintiff filed its Second Amended Complaint (DE #996) on December 6, 2010, and filed its Opposition (DE #1190) to Defendant Commerce Bank's Motion to Dismiss on February 22, 2011. Defendant filed a Reply (DE #1287) on March 14, 2011.

[2] Plaintiff filed its Amended Complaint (DE #990) on December 6, 2010, and filed its Opposition (DE #1195) to Defendant Comerica's Motion to Dismiss on February 22, 2011. Defendant filed a Reply (DE #1289) on March 14, 2011.

[3] Plaintiff filed its Second Amended Complaint (DE #1043-1) on January 13, 2011, and filed its Opposition (DE #1246) to Defendant Capital One's Motion to Dismiss on March 7, 2011. Defendants filed a Reply (DE #1282) on March 14, 2011.

incorporated into this Order by reference and the Court will restate neither the factual background nor legal basis for those opinions. After careful consideration of the parties' legal arguments and for the reasons set forth below, the Court determines that Defendants' Motions must be denied on the merits except as to the limited exceptions to be discussed below. The Court notes that, for the most part, neither Commerce Bank, nor Comerica, nor Capital One have provided this Court with any basis for variance from its earlier rulings on prior motions to dismiss filed in this ongoing multi-district litigation ("MDL"). The Court will discuss each Motion in turn.

## II.  Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

The complex background of this MDL has been noted by this Court on more than one occasion. On June 10, 2009, the United States Judicial Panel on Multidistrict Litigation transferred five actions to this Court for coordinated pre-trial proceedings. So began the MDL now known as *In re Checking Account Overdraft Litigation*, MDL No. 2036. This MDL is predicated on the alleged practice of certain banking institutions to resequence incoming transactions so as to maximize the number of overdraft fees.

As with the other MDL Complaints before this Court, Plaintiffs allege that their banks are liable for improper and unconscionable practices. Specifically, the Complaint alleges the following:

For an indeterminate period of time, Defendants have provided their customers banking customers with debit cards.[4] With these debit cards, customers are able to utilize funds from their own accounts in several ways: either by withdrawing money from automated teller machines ("ATMs"), or by engaging in point of sale ("POS") transactions with individual retailers. Under either function, however, debit cards permit money to be electronically withdrawn from the customers' account. Moreover, Defendants are notified instantaneously of either type of transaction.

At that time, Defendants can determine, through their own records regarding their customers' funds and any pending charges, whether there are sufficient funds within the account to cover the attempted transaction. Defendants may take one of several actions when there are insufficient funds in an account: decline the transaction and/or notify the customer of the insufficiency of funds, or permit the transaction. The Complaint alleges that Defendants never follow the first course of action, instead permitting each transaction regardless of the

---

[4] For purposes of convenience, the term "debit card" herein refers to ATM cards as well as check cards.

insufficiency of funds. What is actionable, according to Plaintiffs, is not Defendants' determination to permit a transaction which exceeds the customer's funds, but instead Defendants' adoption of an automatic, fee-based overdraft system that charges a customer's account an exorbitant fee unrelated to the size of the permitted transaction. Plaintiffs further allege that Defendants' overdraft system is exacerbated by their practice of "holding charges" and resequencing them so as to charge the greatest number of overdraft fees possible.

### A. Commerce Bank's Motion in *Wolfgeher* under Missouri Law

As referred to above, this Court has already adjudicated certain Motions to Dismiss filed by other Defendants. Most particularly, the Court entered a 50-page Omnibus Order (DE #305), in which it ruled on fifteen then-pending motions. As to the common law claims, the Court finds that Commerce Bank's Motion does not raise any new grounds which would lead the Court to deviate from its ruling. Therefore, the Court denies dismissal of Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing, unconscionability, conversion, and unjust enrichment.

As to Plaintiff's statutory claim brought under the Missouri Merchandising Protection Act ("MMPA"), the Court finds that Defendant's Motion to Dismiss must be granted. In the Court's Omnibus Order (DE #305 at 43), the Court dismissed Plaintiffs' statutory claims brought under California and Oregon law finding that those statutes only addressed goods or services, whereas the facts then before the Court dealt with transactions involving money. *Cf. Berry v. Am. Express Publ'g, Inc.*, 147 Cal. App. 4th 224 (2007) (holding California statute does not cover to activities solely dealing with provision of financial services or credit).

The Second Amended Complaint filed against Commerce Bank makes similar allegations to those previously made. Upon independent review of Missouri's law, the Court finds that, like

the Court's earlier findings regarding California and Oregon law, only transactions involving merchandise are encompassed by the MMPA. See Mo. Rev. Stat. § 407.020.1. While the Missouri statute defines merchandise in such a fashion as to include services, *id.* at § 407.010(4), the Court has previously held that the alleged actions taken by Commerce Bank fallen under neither rubric.[5] As such, Plaintiff's claim under the MMPA must be dismissed.

### B. Comerica Incorporated's Motion in *Simmons* under Michigan and Texas Law

As to Defendant Comerica's Motion to Dismiss (DE #1084), the Court finds that it must be denied as to Plaintiffs' common law claims of unconscionability, conversion and unjust enrichment. Notwithstanding its argument to the contrary, Defendant Comerica has raised insufficient grounds for this Court to vary from its earlier ruling in the Omnibus Order on the same issues. Therefore, the Court denies dismissal of those claims.

However, the Court finds that it must grant dismissal of Plaintiffs' claims for breach of contract based on the covenant of good faith and fair dealing brought under Texas and Michigan law. The Court provided extensive analysis as to Texas law in its Omnibus Order (DE # 305 at 23-25). Therein, the Court found that Texas law is generally unfavorable towards claims for breach of the implied covenant of good faith and fair dealing. *Id.* (citing *Wil-Roe Invest. Co. II v. Wash. Mut. Bank, F.A.*, 142 S.W. 3d 393, 410 n.4 (Tex. Ct. App. 2004) (holding no special relationship between bank and customer sufficient to support a claim for breach of implied covenant)). Similarly, upon consideration of Plaintiff Mattlage's arguments here, the Court finds no reason to alter its earlier ruling and therefore finds Plaintiff's claims for breach of the implied covenant under Texas law must be dismissed.

Moreover, the Court also finds that Plaintiff Simmons' claim for breach of the implied

---

[5] While Plaintiff urges the Court to reach a different conclusion here (DE #1190 at 30-32), the Court is not persuaded that a bank's decision to extend funds to cover a client's overdraft is a service, as contemplated by the MMPA. For that reason, the Court dismisses Plaintiff's statutory claim under Missouri law.

covenant under Michigan law must be denied. This Court has not previously considered Michigan's law regarding the covenant of good faith or fair dealing. Upon consideration of Michigan law, the Court finds that Michigan law accords with that of Texas vis-à-vis the treatment of the implied covenant of good faith and fair dealing, Plaintiff's claim must likewise be dismissed. *See, e.g., Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476 (2003) ("Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing."); *Ulrich v. Fed. Land Bank*, 192 Mich App. 194, 197 (1991) (same).[6]

### C. Capital One's Motion in *Steen* under Louisiana, Maryland and Texas Law

As to the common law claims of unconscionability, conversion and unjust enrichment, the Court finds that Capital One's Motion does not raise any new grounds which would lead the Court to deviate from its ruling. Therefore, the Court denies dismissal of those claims. For the reasons outlined in the Omnibus Order, the Court grants dismissal of Plaintiff's claims for breach of contract based on the covenant of good faith and fair dealing brought under Texas law. (DE #305 pp. 23–25).

Consistent with the prior ruling on state statutory claims, the Court denies dismissal of Plaintiffs' claims under Maryland's Consumer Protection Act, Md. Code Ann. Com. Law §§ 13-101, *et seq.* ("MCPA") and California's Unfair Practices Act, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("CUPA"). The MCPA prohibits "unfair or deceptive trade practices." Md. Code Ann. Com. Law § 13-301. The CUPA prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

In a thorough analysis of state statutes requiring "deceptive practices" and "unfair acts,"

---

[6] The Court notes that it considered the case law cited by Plaintiffs in their Response (DE #1195), but finds it unpersuasive. Rather than citing Michigan case law, Plaintiffs merely cited other authority from other jurisdictions interpreting Michigan case law. *See, e.g., Hubbard Chevrolet Co. v. Gen. Motors Corp.*, 873 F.2d 873, 876-77 (5th Cir. 1989) (interpreting Michigan law as of 1989). Perhaps more importantly, none of the case law cited by Plaintiff post-dates that cited by Defendants. As such, the Court finds Plaintiffs' legal arguments in this regard unpersuasive.

the Court found in its Omnibus Order that claims virtually identical to Plaintiffs' claims here sufficiently alleged deceptive and unfair practices. (DE #305 pp. 41–42). Furthermore, the Court rejected arguments identical to those of Defendant Capital One here: that its actions could not be deceptive or unfair because they complied with the terms of their contracts with customers. *Id.* In the Omnibus Order, the Court found: "Plaintiffs are alleging that the actions of Defendant banks, in manipulating and reordering Plaintiffs' debit transactions, are deceptive and do *not* comply with the terms of the contract. Plaintiffs therefore sufficiently allege a 'deceptive practice.'" *Id.* at 41. With respect to unfair practices, the Court stated:

> At this stage, the Court must take as true Plaintiffs' allegations that the Defendants' *application* of the contract was unfair. Since Plaintiffs could not have known that the terms of the contract would be applied unfairly at the time they opened a checking account, they would have been unaware of the need to reject the contract and take their business elsewhere.

(DE #305 p. 42).

Defendant Capital One has simply reiterated arguments already presented and carefully considered by the Court. It has not provided the Court with any basis for finding the Maryland and California statutes differ in any relevant respect from those statutes already considered, and the Court therefore finds that there is no basis for reaching a different result. Defendant's motion to dismiss these claims is denied.

IV. **Conclusion**

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant Commerce Bank's Motion to Dismiss (DE #1072) be, and the same is hereby, **GRANTED in part**. Count V of Plaintiff's Second Amended Class Action Complaint is **DISMISSED**. In all other regards, Defendant Commerce

Bank's Motion to Dismiss is **DENIED**. Defendant shall **ANSWER** Plaintiff's Second Amended Class Action Complaint **within twenty days** of the date of this Order.

2. Defendant Comerica's Motion to Dismiss (DE #1084) be, and the same is, hereby **GRANTED in part**. Plaintiffs' claim for breach of the covenant of good faith and fair dealing under Count I of the Amended Class Action Complaint (DE #990) is **DISMISSED**. In all other regards, Defendant Comerica's Motion to Dismiss is **DENIED**. Defendant shall **ANSWER** Plaintiff's Amended Class Action Complaint **within twenty days** of the date of this Order.

3. Defendant Capital One's Motion to Dismiss (DE #1161) be, and the same is hereby, **GRANTED in part**. Plaintiffs' claim for breach of the covenant of good faith and fair dealing under Count I of the Second Consolidated Amended Class Action Complaint (DE #1043-1) is **DISMISSED**. In all other regards, Defendant Capital One's Motion to Dismiss is **DENIED**. Defendant shall **ANSWER** Plaintiff's Second Consolidated Amended Class Action Complaint **within twenty days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 21st day of March, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:   **All counsel of record**