IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Townsend v. Wells Fargo Bank & Co., et al.*<br>S.D. Fla. Case No. 1:10-cv-21834-JLK<br>C.D. Cal. Case No. CV 10-550 ODW | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RESPONSE OF JPMORGAN CHASE BANK, N.A. AND JPMORGAN CHASE & CO. TO PLAINTIFF ROBERT TOWNSEND'S SECOND REQUEST FOR JUDICIAL NOTICE

Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "Chase") submit this response to plaintiff Robert Townsend's Second Request for Judicial Notice in Support of His Opposition to Defendants' Motions to Stay Proceedings in Favor of Arbitration, and in Support of Plaintiff's Motion for Partial Summary Judgment Against Defendants ("2d Request"). [Dkt. No. 1281.]

### PRIOR FILINGS

On January 25, 2011, Chase moved to stay the proceedings in Townsend's case in favor of arbitration. [Dkt. No. 1094.] Townsend opposed that motion [Dkt. No. 1141], in part on the ground that one of the arbitration organizations designated in his written arbitration agreement, the American Arbitration Association ("AAA"), is assertedly unfit to hear this dispute. *Id.* at 3. Chase submitted a reply in further support of its motion to stay on February 9, and addressed

Townsend's argument about the AAA's alleged unfitness.  Dkt. No. 1151 at 9-10.  Chase's motion is now fully briefed and pending before this Court.

Townsend also moved for partial summary judgment with respect to arbitration, arguing that Chase's arbitration agreement is unenforceable.  [Dkt. No. 1143.]  In that motion, Townsend again argued that arbitration before the AAA is unfair.  *Id.* at 5-6.  Chase opposed Townsend's motion for partial summary judgment [Dkt. No. 1150], and referred this Court to the discussion of Townsend's arguments against arbitration, as set forth in Chase's opening and reply briefs in support of its arbitration motion.  Townsend never submitted a reply brief; his motion for partial summary judgment is fully briefed and pending before this Court.

On March 4, 2011, Townsend submitted a request for judicial notice, asking this Court to take notice of testimony given by the president of the AAA before the House of Representatives.  [Dkt. No. 1234.]  Chase responded to Townsend's motion on March 15, arguing that the request for judicial notice should be denied, both because Townsend had already cited the testimony, and because his arguments about the AAA are meritless.  [Dkt. No. 1251.]

On March 14, 2011, Townsend submitted a *second* request for judicial notice—to which this response is directed.  [Dkt. No. 1281.]

## DISCUSSION

Townsend's second request for judicial notice should be denied.  As with his first request for judicial notice, Townsend is improperly seeking to supplement the record on matters that are already fully briefed and submitted, with information that is entirely redundant to arguments he already made.  His duplicative submissions are unnecessary and wasteful of the Court's time.

In his second request for judicial notice, Townsend cites (1) the AAA website, which Townsend says indicates that the AAA will no longer hear disputes like his, and (2) *Carr v.*

*Gateway, Inc.*, No. 109485, 2011 WL 329115 (Ill. Feb. 3, 2011), a recent decision of the Illinois Supreme Court.  2d Request 3.  Neither citation supports Townsend's arguments.

*First*, the AAA website indicates that it has imposed a moratorium on "consumer *debt collection* programs."  2d Request, Exh. A (italics added).  As an initial matter, this is not, of course, a consumer debt collection case.

Townsend argues that the moratorium applies to this dispute because, he argues, the moratorium applies to "individual case filings in which the company is the filing party and the consumer has not agreed to arbitrate[.]"  *Id.*  But Townsend misunderstands both the moratorium and this case:  Chase has no claim against Townsend, and has not initiated any proceedings against him.  Rather, Townsend has sued Chase, and Chase has requested that these proceedings be stayed *so that Townsend shall bring his claims in arbitration, as his contract with Chase requires*.  *See, e.g.*, *Jackson v. Payday Loan Store of Ill., Inc.*, No. 09 C 4189, 2010 WL 1031590, at *2 (N.D. Ill. Mar. 17, 2010) ("Here, the individual Plaintiffs are the filing parties of the underlying suit, and the suit will proceed to arbitration only if Plaintiffs chose to file a claim there.  Because any such claim for arbitration of this dispute would be filed not by Payday Loans but by the individual Plaintiffs, the AAA's moratorium will not apply.").  The AAA website explicitly states that the "AAA will continue to administer all demands for arbitration *filed by consumers against businesses*[.]"  2d Request, Exh. A.  Should Townsend choose to pursue his claims in arbitration—as his contract with Chase requires—the AAA is available to hear this dispute.

*Second*, the question before the court in *Carr* was whether the trial court could appoint a substitute arbitrator under section 5 of the Federal Arbitration Act.  The parties' sole designated arbitral forum, the National Arbitration Forum ("NAF"), was no longer accepting consumer

arbitrations.  The court held that the particular arbitration agreement in that case made designation of NAF—and NAF alone—"integral to the agreement."  2011 WL 329115, at *5 (internal quotation marks omitted).  On that basis, the court found that it could not appoint an alternative arbitrator.

*Carr* is inapplicable here.  The arbitration agreement here provides for *either* the AAA or the NAF to be the arbitral forum.  *See* Pettit Decl. [Dkt. No. 779], Exh. A at 31-32.  The AAA remains available to hear Townsend's dispute with Chase.  Accordingly, there is no reason even to consider whether an alternative arbitrator needs to be appointed pursuant to section 5 of the FAA.  Even if this Court did have to consider the question, it is clear that the Court *could* appoint an alternative arbitrator under section 5 of the FAA.  Indeed, it is evident that neither the NAF nor the AAA was an exclusive choice:  "Where, as here, the arbitration agreement offers a choice of arbitrators, the selection of a single particular arbitrator cannot logically be so central to the agreement as to merit voiding it."  *Jackson*, 2010 WL 1031590, at *2-3.

## CONCLUSION

This Court should deny Townsend's second request for judicial notice, deny his motion for partial summary judgment and grant Chase's fully briefed motion to stay these proceedings in favor of arbitration.

Dated:  March 22, 2011

HOMER BONNER, P.A.

/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

- 5 -

                                WILMER CUTLER PICKERING HALE
                                  AND DORR LLP
                                s/ Christopher R. Lipsett
                                Christopher R. Lipsett
                                (chris.lipsett@wilmerhale.com)
                                David S. Lesser
                                (david.lesser@wilmerhale.com)
                                Alan E. Schoenfeld
                                (alan.schoenfeld@wilmerhale.com)
                                399 Park Avenue
                                New York, New York 10022
                                tel: (212) 230-8851
                                fax: (212) 230-8888

*Attorneys for defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer