UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834-JLK
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D Wash. Case No. C-08-1476-RSM

**ORDER ON MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, FOR CLARIFICATION OF THE FEBRUARY 16, 2011
ORDER RULING ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

The Court convened oral argument in this multidistrict proceeding on March 18, 2011 pursuant to the Order Setting Oral Argument [DE # 1272], to consider the Motion of Defendant Wells Fargo Bank, N.A. for Reconsideration or, in the Alternative, for Clarification of the February 16, 2011 Order Ruling on Plaintiffs' Motion to Compel Discovery [DE # 1220],

Plaintiffs' Opposition to Motion for Reconsideration of Defendants Wells Fargo Bank and Wachovia Bank [DE # 1247], and Reply in Support of Motion of Defendant Wells Fargo Bank, N.A. for Reconsideration or, in the Alternative, for Clarification of the February 16, 2011 Order Ruling on Plaintiffs' Motion to Compel Discovery [DE # 1268]. Based on the Court's review of the motion and opposition thereto, and the arguments of counsel, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. The Motion of Defendant Wells Fargo Bank, N.A. for Reconsideration or, in the Alternative, for Clarification of the February 16, 2011 Order Ruling on Plaintiffs' Motion to Compel Discovery [DE # 1220] is granted in part and denied in part as set forth herein.

2. This Court's Order Ruling on Plaintiffs' Motion to Compel Discovery dated February 16, 2011 [DE # 1171] is modified as specifically set forth herein. In all other respects, the Court's prior rulings on specific requests and objections set forth in the Order Ruling on Plaintiffs' Motion to Compel Discovery [DE # 1171] remain unchanged and are incorporated herein by reference.[1]

3. The Court does not, at this time, overrule any objections based on the assertion of privilege or the personal privacy of the bank's customers or other third parties. Objections based on the assertion of privilege are covered by this Court's Stipulation and Order Establishing Protocol Regarding Assertions of Privilege for *First Tranche* Cases entered November 10, 2010 [DE # 891]. Defendants' deadlines for providing privilege logs pursuant to that Order shall be extended by 30 days in each instance.

---

[1] The February 16 Order sustained Defendants' objections to Plaintiffs' request for production nos. 12 (in part), 31 (in part), 39-40, 44, 46-47, 49, 53 (in part), 58-61, 63, 67, 69, and 76-77, and overruled every other objection not specifically listed as sustained.

2

4. By April 1, 2011, Defendants shall complete their production of all responsive documents to Plaintiffs' request for production nos. 1-6, limited to consumer accounts which involve the use of debit-cards, in accord with their responses to Plaintiffs' requests for production.

5. By April 1, 2011, Defendants shall complete their production of all responsive documents to Plaintiffs' request for production nos. 7-8 and 10 in accord with their prior responses to Plaintiffs' requests for production covering the period through December 31, 2009. By May 10, 2011, Defendants shall complete their production of all responsive documents for the period January 1 – May 15, 2010.

6. Defendants' objections to Plaintiffs' request for production nos. 9, 11, 13, 14-24, 28-30, 38, 41-43, 45, 48, 50-54 and 64-66 based on time limitations are overruled. Defendants shall produce all documents responsive to these requests covering the period 1998 through December 31, 2010, except that no additional documents need be produced in the categories of customer complaints and advertising and marketing materials for the period May 15, 2010 through December 31, 2010. The production of pre-2002 responsive documents will be completed by May 10, 2011. The production of all responsive documents covering the period January 1, 2002 to December 31, 2009 shall be completed by April 1, 2011. The production of all responsive documents covering the period January 1, 2010 to May 15, 2010 shall be completed by May 10, 2011. The production of all responsive documents covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011. Pursuant to the agreement of the parties subsequent to the March 18 hearing, in the event Defendants become aware of any documents pre-dating 1998 referring to Wachovia Bank's adoption of posting

policies for debit-card transactions or any changes to same, such documents shall also be produced by May 10, 2011.

7. Defendants' objections to Plaintiffs' request for production no. 15 are sustained to the extent the request covers accounts other than consumer accounts which involve the use of debit-cards; the objections are otherwise overruled. The production of all such documents shall covering the period through December 31, 2009 shall be completed by April 1, 2011. By May 10, 2011, Defendants shall complete their production of all responsive documents for the period January 1 – May 15, 2010. The production of all responsive documents covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011.

8. Defendants' objections to Plaintiffs' request for production no. 18 are sustained in part and overruled in part, and the word "utilized" shall be changed to "use." The production of all such documents shall covering the period through December 31, 2009 shall be completed by April 1, 2011. By May 10, 2011, Defendants shall complete their production of all responsive documents for the period January 1 – May 15, 2010. The production of all responsive documents covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011.

9. Defendants' objections to Plaintiffs' request for production no. 19 are sustained in part and overruled in part; Defendants shall produce "summary documents" responsive to this request. The production of all such documents shall covering the period through December 31, 2009 shall be completed by April 1, 2011. By May 10, 2011, Defendants shall complete their production of all responsive documents for the period January 1 – May 15, 2010. The production of all responsive documents covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011.

10. Defendants' objections to Plaintiffs' request for production no. 20 are sustained in part and overruled in part, and the word "reflect" shall be changed to "state." The production of all such documents shall covering the period through December 31, 2009 shall be completed by April 1, 2011. By May 10, 2011, Defendants shall complete their production of all responsive documents for the period January 1 – May 15, 2010. The production of all responsive documents covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011.

11. Defendants' objections to Plaintiffs' request for production no. 21 are sustained in part and overruled in part, and the words "pertaining to" shall be changed to "stating in writing." The production of all such documents shall covering the period through December 31, 2009 shall be completed by April 1, 2011. By May 10, 2011, Defendants shall complete their production of all responsive documents for the period January 1 – May 15, 2010. The production of all responsive documents covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011.

12. Except as otherwise set forth in this Order, Defendants shall produce all documents responsive to Plaintiffs' request for production nos. 23-78 in accord with their prior responses to Plaintiffs' requests for production. The production of all responsive documents covering the period January 1, 2002 to December 31, 2009 (or any later date stated in defendant's original written response to any particular request in plaintiffs' requests for production) shall be completed by April 1, 2011. The production of all responsive documents prior to 2002 and from January 1, 2010 through May 15, 2010 shall be completed by May 10, 2011. The production of all responsive documents covered by paragraph 6 above and covering the period May 16, 2010 through December 31, 2010 shall be completed by June 30, 2011.

13. The parties are directed to promptly confer in good faith in an effort to resolve Defendants' objection to interrogatory no. 11. In the event the parties fail to reach agreement on a supplemental response to interrogatory no. 11 by March 25, 2011, Plaintiffs may notify the Court, and the Court will issue a ruling on Defendants' objection to interrogatory no. 11.

DONE AND ORDERED at the James Lawrence King Federal Building and United States' Courthouse in Miami, Florida this ____ day of March, 2011.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record