UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Amrhein v. Citibank, N.A.*
S.D. Fla. Case No. 1:09-cv-21681-JLK;
N.D. Cal. Case No. 4:08-cv-05101-SBA

## ORDER ON PLAINTIFF'S CORRECTED MOTION TO COMPEL DISCOVERY AND REASSIGNING CASE TO FOURTH TRANCHE

The Court previously scheduled oral argument in this multidistrict proceeding for March 29, 2011 pursuant to the Order Granting Motion of Defendant Citibank, N.A. to Reschedule Oral Argument **[DE # 1299]**, to consider Plaintiff's Corrected Motion to Compel Discovery **[DE # 1230]**, Defendant's Opposition to Plaintiff's Motion to Compel **[DE # 1271]**, and Plaintiff's Reply in Support of Motion to Compel Discovery **[DE # 1293]**. On March 23, 2011, the Court issued an Order in connection with the first tranche actions brought against Wachovia Bank and Wells Fargo Bank, modifying certain of its rulings in the Order Ruling on Plaintiffs' Motion to Compel Discovery dated February 16, 2011 **[DE # 1308, 1171]**. Thereafter, the Court issued an Order Requesting Counsels' Advice As To Hearing Presently Set For March 29, 2011 **[DE # 1310]**. The Court has now been advised that counsel for Plaintiff and Defendant have met and conferred and, as a result of such discussions, have agreed to the entry of this Order to alleviate the need for the hearing scheduled for March 29, 2011. Accordingly, based on the Court's

independent review of the motion and opposition thereto, the Orders dated February 16, 2011 and March 23, 2011 [DE # 1171, 1308], it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. Plaintiff's Corrected Motion to Compel Discovery [DE # 1230] is granted in part and denied in part as set forth herein.

2. Except as otherwise specifically set forth herein, the Court sustains Defendant's objections to Plaintiff's request for production nos. 12 (in part, as determined in the Court's order of February 16, 2011 [DE # 1171]), 59-61, 67, and 76-77, and overrules every other objection not specifically listed as sustained.

3. The Court does not, at this time, overrule any objections based on the assertion of privilege or the personal privacy of the bank's customers or other third parties. Objections based on the assertion of privilege are covered by this Court's Stipulation and Order Establishing Protocol Regarding Assertions of Privilege for *First Tranche* Cases entered November 10, 2010 [DE # 891].

4. Defendant shall produce all responsive documents to Plaintiff's request for production nos. 1-6, limited to consumer accounts which involve the use of debit-cards.

5. Defendant shall produce all responsive documents to Plaintiff's request for production nos. 7-8 and 10 covering the period through December 31, 2010.

6. Defendant's objections to Plaintiff's request for production and interrogatories based on time limitations are overruled. Defendant shall produce all documents responsive to these requests covering the period 1998 through December 31, 2010.

7. Defendant's objections to Plaintiff's request for production no. 18 are sustained in part and overruled in part, and the word "utilized" shall be changed to "use" and responsive documents shall be produced.

8. Defendant's objections to Plaintiff's request for production no. 19 are sustained in part and overruled in part; Defendant shall produce "summary documents" responsive to this request.

9. Except as otherwise set forth in this Order, Defendant shall produce all documents responsive to Plaintiff's request for production in accord with the Court's prior Order Ruling on Plaintiffs' Motion to Compel Discovery **[DE # 1171]**.

10. The production of all responsive documents by Defendant to Plaintiff shall be completed by June 15, 2011.

11. The parties are directed to promptly confer in good faith in an effort to resolve Defendant's objections to Plaintiff's interrogatories and requests for admissions. In the event the parties fail to reach agreement on supplemental responses to interrogatories and/or requests for admission by April 8, 2011, Plaintiff may notify the Court, and the Court will issue a ruling on Defendant's objections to specific interrogatories and/or requests for admissions.

12. Based on the foregoing, the parties have further agreed to postpone the planned depositions of Defendant's Rule 30(b)(6) designee(s) until after the foregoing documents have been produced and Plaintiff's counsel has had a reasonable opportunity to review them. Defendant shall cooperate in producing its Rule 30(b)(6) designee(s) on the topics identified within thirty (30) days after receiving notice from Plaintiff of its readiness to conduct such depositions.

13. In view of the substantial production necessitated by this Order prior to the commencement of depositions, and the parties' agreement, this case is hereby removed from the first tranche and all dates and deadlines applicable to this action in the first tranche are hereby suspended. This case is reassigned to the fourth tranche, and shall be subject to all deadlines and dates under the forthcoming scheduling order for the fourth tranche to be entered by the Court.

DONE AND ORDERED at the James Lawrence King Federal Building and United States' Courthouse in Miami, Florida this 28 day of March, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record