UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

_____

THIS DOCUMENT RELATES TO:

*Harris v. Associated Bank, N.A.*
S.D. Fla. Case No. 1:10-cv-22948-JLK
W.D. WI. Case No. 3:10-cv-00812
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon the individual Motion to Dismiss filed by Defendant Associated Bank N.A., (DE # 1080).[1] Coordinated oral argument on all Motions to Dismiss was held on Wednesday, March 16, 2010.[2]

The Court's March 11, 2010 Omnibus Order Denying Motions to Dismiss (DE # 305) is incorporated into this Order by reference and the Court will restate neither the factual background nor legal basis for those opinions. After careful consideration of the parties' legal arguments and for the reasons set forth below, the Court determines that Defendant's Motion must be denied on the merits. The Court notes that, for the most part, Associated Bank has not provided this Court with any basis for variance from its earlier rulings on prior motions to dismiss filed in this ongoing multi-district litigation ("MDL").

---

[1] Plaintiff filed its Amended Complaint (DE #988) on December 6, 2010, and filed its Opposition (DE #1197) to Associated Bank's Motion to Dismiss on February 22, 2011. Defendant filed its Replies (DE #1284, 1288) on March 14, 2011.

[2] Oral argument was however not heard in the above-styled case that day. The Court took Defendant's Motion on the briefs due to lack of time.

II. **Legal Standard**

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

III. **Discussion**

The complex background of this MDL has been noted by this Court on more than one occasion. On June 10, 2009, the United States Judicial Panel on Multidistict Litigation transferred five actions to this Court for coordinated pre-trial proceedings. So began the MDL now known as *In re Checking Account Overdraft Litigation*, MDL No. 2036. This MDL is predicated on the alleged practice of certain banking institutions to resequence incoming transactions so as to maximize the number of overdraft fees.

As with the other MDL Complaints before this Court, Plaintiffs allege that their banks are

liable for improper and unconscionable practices. Specifically, the Complaint generally alleges the following:

For an indeterminate period of time, Defendant has provided their customers banking customers with debit cards.[3] With these debit cards, customers are able to utilize funds from their own accounts in several ways: either by withdrawing money from automated teller machines ("ATMs"), or by engaging in point of sale ("POS") transactions with individual retailers. Under either function, however, debit cards permit money to be electronically withdrawn from the customers' account. Moreover, Defendants are notified instantaneously of either type of transaction.

At that time, Defendant can determine, through their own records regarding their customers' funds and any pending charges, whether there are sufficient funds within the account to cover the attempted transaction. Defendant may take one of several actions when there are insufficient funds in an account: decline the transaction and/or notify the customer of the insufficiency of funds, or permit the transaction. The Complaint alleges that Defendant never follow the first course of action, instead permitting each transaction regardless of the insufficiency of funds. What is actionable, according to Plaintiffs, is not Defendant's determination to permit a transaction which exceeds the customer's funds, but instead Defendant's adoption of an automatic, fee-based overdraft system that charges a customer's account an exorbitant fee unrelated to the size of the permitted transaction. Plaintiffs further allege that Defendant's overdraft system is exacerbated by their practice of "holding charges" and resequencing them so as to charge the greatest number of overdraft fees possible.

---

[3] For purposes of convenience, the term "debit card" herein refers to ATM cards as well as check cards.

### A. Associated Bank N.A.'s Motion in *Harris* under Wisconsin, Illinois and Minnesota

#### a. Common Law Claims

As referred to above, this Court has already adjudicated certain Motions to Dismiss filed by other Defendants. Most particularly, the Court entered a 50-page Omnibus Order (DE #305), in which it ruled on fifteen then-pending motions. As to the common law claims, the Court finds that Associated Bank's Motion does not raise any new grounds which would lead the Court to deviate from its ruling. Therefore, the Court denies dismissal of Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing, unconscionability, conversion, and unjust enrichment. Moreover, the Court finds, as it previously found in the Omnibus Order (DE # 305) that Plaintiff properly alleged a violation of the state consumer protection Acts of Illinois and Minnesota. As to the statutory claim brought under the Wisconsin Unfair Trade Practices Act ("WUTPA"), Plaintiffs stipulate to its dismissal since claims against national banks are not permitted under that statute. Therefore, the Court finds that Defendant's Motion to Dismiss Plaintiff's WUTPA count only, must be granted.

#### b. Mandatory Home-State Exception Under 28 U.S.C. § 1332(d)(4)(B)

Next the Court turns to an issue which it has not previously had before it, that is Defendant's grounds for dismissal based on what is commonly referred to as the mandatory home-state exception. Pursuant to 28 U.S.C. § 1332 (d)(4)(B), "[a] district court shall decline jurisdiction" over a class action when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants, are citizens of the state in which the action was originally filed." Defendant argues that the facts of this case meet the mandatory home-sate exception because: (a) the case was filed in Wisconsin federal court; (b) the Defendant is a citizen of Wisconsin; and (c) "a careful review of Associated's customer records

4

reveal that at least 70% of the proposed class members are Wisconsin residents." Saccol Aff. ¶4. Plaintiffs dispute the third argument. They counter that the only affidavit presented by Defendant, that of the IT Business Solutions Manager Ronald E. Saccol, is insufficient evidence to establish prima facie that the requisite percentage of Wisconsin citizens implicates the home state exception.

The provisions of this statute require the Defendant Associated Bank, N.A. to carry the burden of proving its factual assertion that more than 70% of proposed plaintiff class members in this specific case, against this Defendant Bank, are residents of Wisconsin. To support its position and the only evidence relevant to this basic factual dispute is the Affidavit of Mr. Saccol, expressing his opinion that the Bank has met its burden of proof in this regard. Pursuant to 28 U.S.C. § 1332 (d)(3), a district court has the discretion to decline jurisdiction when "greater than one-third but less than two-thirds of the members of all propped plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." Assuming the requisite percentage exists and the primary defendant is a citizen of the sate in which the case was filed, the Court is to consider the factors set forth in 28 U.S.C. § 1332 (d)(3).[4] The Court is of the view that it would be inappropriate to resolve this serious factual dispute upon the basis of the single Affidavit furnished by Defendant. Additional information may well be developed during discovery that will supplement the Saccol Affidavit in such a manner that this issue may be revisited at either the (a) determination of class action status; or (b)

---

[4] (A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other person have been filed.

summary judgment. In consideration of the Defendant's Motion to Dismiss, the Court finds that it has, at this juncture, failed to sustain its burden of proof under the discretionary home state exception.

### IV.  Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Associated Bank's Motion to Dismiss (DE # 1080) be, and the same is hereby **GRANTED in part**. The cause of action brought under the Wisconsin Deceptive Trade Practices Act in Count V of Plaintiff's Amended Class Action Complaint is DISMISSED. In all other regards, Defendant Associated Bank's Motion to Dismiss is **DENIED**.

Defendant shall **ANSWER** Plaintiff's Second Amended Class Action Complaint **within twenty days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 1st day of April, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:   **All counsel of record**