UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION,

MDL No. 2036
_____/

THIS DOCUMENT RELATES TO:

*Eno v. M&I Marshall & Ilsley Bank*;
S.D. Fla. Case No. 1:10-cv-22730-JLK
M.D. Fla. Case No. 2:10-376
_____/

## ORDER DENYING MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon Defendant M&I Marshall & Isley Bank's ("M&I") Motion to Compel Arbitration and Stay all Proceedings (DE # 917) filed on November 15, 2010.[1]

Currently the Court has ruled on eight (8) previously filed Motions to Compel Arbitration. Seven were denied (DE # 447 & 592 & 763) and one was granted (DE # 514). This Court's May 10th Order Denying Motions to Compel Arbitration, June 16th Order Denying KeyBank's Motion to Compel Arbitration, May 25th Order Granting Huntington Bank's Motion to Compel Arbitration are incorporated, and August 23, 2010 Order Denying RBC Bank's

---

[1] On December 2, 2010, Plaintiffs Responded (DE # 983) and on December 9, 2010 Defendant Replied (DE # 1006).

1

Motion to Compel are incorporated into this Order by reference and the Court will not restate the factual background or legal basis for those Opinions. In this Order, the Court addresses whether M&I's Arbitration Provision ("Arbitration Provision") and Delegation Clause ("Delegation Clause") are valid and enforceable.[2]

## I.   Background

Defendant petitions this Court under Section 4 of the Federal Arbitration Act ("FAA") for an order compelling Plaintiffs to move these proceedings to arbitration in the manner provided for in the parties' Deposit Agreement ("Deposit Agreement"). 9 U.S.C. § 4. Plaintiffs concede that the Deposit Agreement contains a mandatory Arbitration Provision and Delegation Clause but contend that the deficiencies in both, when read as a whole, make them unenforceable.

## II.  Discussion

The FAA embodies a strong policy in favor of enforcing valid arbitration agreements. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000). Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S.

---

[2] Plaintiffs contend that an evidentiary hearing is necessary in order to determine the Arbitration Provision's validity under Wisconsin law. However, as the *Wisconsin Auto* court held, "facts may, under certain circumstances, be determined without an evidentiary hearing. For example, facts deemed agreed upon when they are not denied by answer. Parties may stipulate to facts. A court may take judicial notice of certain fact. A circuit court may make reasonable inferences from facts of record. Thus, an evidentiary hearing is not required so long as the record contains facts of record and reasonable inferences therefrom sufficient to support a circuit court's findings of fact from which a court may reach a decision about procedural unconscionability." *Wisconsin Auto Title Loans, Inc. v. Jones*, 714 N.W. 2d 155 (Wis. 2006). Here the Court finds that there are sufficient facts pled and therefore an evidentiary hearing is not necessary.

681, 686-87 (1996). State law may be applied to determine the validity of an arbitration agreement if the law at issue governs contracts generally and not arbitration agreements specifically. *Id.* at 687.

The parties agree that the applicable state law is that of Wisconsin. Plaintiffs generally assert that, under Wisconsin law, the Arbitration Provisions in their Deposit Agreements are both procedurally and substantively unconscionable.[3] They contend that Defendant's motion should be denied for two reasons: (1) the Delegation Provision which purports to submit determination of the arbitration provision's validity to an arbitrator (instead of a judge) is unconscionable because it deprives consumers of a judicial determination as to whether the agreement to arbitrate is itself valid; and (2) the arbitration provision itself is likewise substantively and procedurally unconscionable. Defendant argues that unlike the deposit agreements in the other cases in this MDL, Plaintiffs' Agreement here specifically delegates to the arbitrator the determination of all questions relating to "the validly, enforceability or scope" of the arbitration clause itself.

After careful review, the Court notes that Wisconsin law is similar to other states' laws which the Court has previously analyzed in the context of motions to compel. However, the Court has not been presented with a Delegation Clause which purports to send determination of the Arbitration Provisions's validity to an arbitrator, as is before the Court on this Motion. In support of the Delegation Clause, Defendant relies on *Rent-A-Center, West, Inc. V. Jackson*, __ U.S. __ 130 S. Ct. 2772 (2010), for the proposition that a district court lacks authority to adjudicate on the validity of the arbitration agreement itself where the agreement explicitly

---

[3] Plaintiffs make numerous other arguments, such as the unavailability of an arbitral forum and that the arbitration clause impairs a litigant's right to a jury. Because the Court finds the Arbitration Provision unconscionable, the Court does not address Plaintiffs' other contentions.

3

assigns that decision to the arbitrator. In *Rent-A-Center*, because none of the Plaintiffs' substantive unconscionability challenges were specific to the delegation provision itself, the court honored the contractual intent of the parties to delegate determination of the enforceability of the arbitration clause as a whole to the arbitrator. *Id.* at 2778. On these facts, unlike the *Rent-A-Center* Plaintiffs, Plaintiffs are challenging both the Arbitration Provision and the Delegation Clause as unconscionable. To that end, the *Rent-A-Center* Court stated:

> But that agreements to arbitrate are severable does not mean that they are unassailable. If a party challenges the validity under § 2 [of the Federal Arbitration Act] of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4. In *Prima Paint* [*Prima Paint Corp. V. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)] for example, if the claim had been "fraud in the inducement of the arbitration clause itself," then the court would have considered it. 388 U.S. 403-404. "To immunize an arbitration agreement from judicial challenge on the ground of fraud in the inducement would be to elevate it over other forms of contract," *id.*, at 404, n. 12.

*Rent-A-Center*, 130 S. Ct. At 2778. Indeed, *the Rent-A-Center* Court made clear that a properly raised challenge to the Delegation Clause should still be heard by the Court. Similarly, Wisconsin law is in accord. "The challenge to the validity of the arbitration provision is to be decided by the Courts, even though the arbitration provision in the instant contract provides that the validity of the arbitration provision is to be decided in arbitration." *Wisconsin Auto*, 714 N.W. 2d at 159.

The Court finds that although Defendant's Deposit Agreement delegates determination of the validity of the Arbitration Provision to the Arbitrator, it does not shield the Arbitration Provision from judicial review when challenged, as Plaintiffs have, as procedurally and

substantively unconscionable. This Court has already addressed the below-mentioned factors in its prior rulings and determined them indicative of substantive and procedural unconscionability. Therefore, for similar reasons cited below addressing the Arbitration Provision itself (and likewise finding it unconscionable), the Court finds the Delegation Clause unconscionable and therefore unenforceable. As such, the Court next reviews the Arbitration Provision itself.

Plaintiffs assert that the class action waiver contained in the Arbitration Provisions[4] at issue make them substantively unconscionable. If forced to abide by the class action waiver, Plaintiffs must proceed on an individual basis. Plaintiffs allege that they would not be able to find legal representation and would be unable to bear all the costs and fees associated with the action themselves. As none of these class action waivers can be severed from the arbitration clauses, Plaintiffs argue that the arbitration provisions in their entirety are rendered unenforceable.

Both federal law and the law of Wisconsin are to be considered in determining whether M&I Bank's Arbitration Provision is unenforceable. *Wisconsin Auto Title Loans, Inc. V. Jones*, 696 N.W. 2d 214, 218 (Wis. Ct. App. 2005) ("we consider both federal and state law to assess whether an arbitration clause is unconscionable or otherwise unenforceable"), *aff'd*, 714 N.W. 2d 155 (Wis. 2006). In Wisconsin, both procedural and substantive factors must be present for a court to find contractual terms to be unconscionable. *Cottonwood Fin., Ltd. V. Estes*, 784 N.W. 2d 726, 730 (Wis. Ct. App. 2010). With this principle in mind, the Court addresses procedural unconscionability first, followed by substantive unconscionability.

---

[4] For example, M&I's class action waiver states: "There shall be no authority for any Claims to be arbitrated on a class action basis. Further, an arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims." (DE # 963 at 9).

Determining whether procedural unconscionability exists requires examining factors that bear upon the formation of the contract, and include, but are not limited to, relative bargaining power and an absence of meaningful choice. *Cottonwood Fin.*, 784 N.W. 2d at 730. Substantive unconscionability on the other hand, addresses the fairness and reasonableness of the contract provisions and refers to whether the terms of a contract are "commercially reasonable" or "one-sided." *Wisconsin Auto*, 714 N.W. 2d at 166.

Here, as in previous cases, all of the factors analyzed weigh in favor of finding that the Arbitration Provisions are procedurally unconscionable. First, there was no mention of arbitration at the time of signing. The only section that addressed lawsuits did not contain the word arbitration even though it bound the signing party to waive "any and all right to trial by jury in any lawsuit relating to your account or to these rules." M&I Bank subsequently modified the Deposit Agreement to include an Arbitration Provision and mailed a notice of this change to its customers, but it was not added until years *after* Plaintiffs opened their account. Second, as the Arbitration Provision was not in the original Deposit Agreement and the notice of arbitration provision did not provide Plaintiffs with the option to opt out, the Deposit Agreement was presented on a take-it-or-leave-it basis and Plaintiffs had no opportunity to negotiate its terms. Third, there is an obvious disparity in bargaining power and sophistication between Plaintiffs and M&I Bank: This Agreement did not involve two corporations negotiating the terms of a deal; rather, Plaintiffs had neither the knowledge nor the power to understand that he was waiving his right to a judicial forum or to articulate an objection to such a waiver. Finally, the Agreements and subsequent Arbitration Provisions were drafted by M&I Bank and found in the twenty-eighth or twenty-ninth paragraph of an of a single spaced,, boilerplate document written using

approximately a six point font. Moreover, the Arbitration Provision was not highlighted in the Deposit Agreement in anyway. Taking all of these factors together, the Court determines that Plaintiffs have sufficiently demonstrated procedural unconscionability.

Turning to Substantive unconscionability, an analysis of the facts yields the conclusion that the Arbitration Provision is likewise substantively unconscionable. First, there is a class action waiver in the Deposit Agreement, which the Court has found under similar facts as unconscionable. In determining so the Court looked at the costs of arbitration as compared with any potential recovery to determine the deterrent effect the arbitration provision has on a plaintiff bringing a claim, or the plaintiffs ability to retain an attorney to represent them individually in this matter. Here, Plaintiffs' potential recovery is small, Plaintiffs only allege $155 in overdraft fees. The high costs of hiring a lawyer and engaging in arbitration would inevitably deter Plaintiffs from bringing a claim to recover only $155 in damages, nor is that amount large enough to convince an attorney to take this complicated case on a contingency fee basis. Furthermore, even though M&I states that they would advance up to the first $250 of the filing fees for any claim, that leaves Plaintiffs with the burden of paying the rest of the filing fees, and her attorneys', exerts' and witness fees (regardless of who prevails). Finally, nothing in the contract allows for the arbitrator to award attorney's fees. In sum, the arbitration provision has the effect of deterring Plaintiffs from bringing their claims and vindicating their rights.

The Arbitration Provision therefore significantly minimizes the scope of the Bank's potential financial responsibility to account holders and thereby favors the bank. This general one-sidedness contributes to the overall conclusion that the provision is substantively unconscionable.

7

## II. CONCLUSION

In sum, after a careful weighing of all the relevant factors, the Court determines that M&I's Arbitration Provision is both procedurally and substantively unconscionable, and therefore unenforceable.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that Defendant M&I's Motion to Compel Arbitration (DE # 917) be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 7th day of April, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record