UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION
   Timothy Command, et al. v. Bank of America,   )
      W.D. Michigan, C.A. No. 1:10-1117   )   MDL No. 2036

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in an action pending in the Western District of Michigan (*Command*) have moved, pursuant to Rule 7.1, to vacate our order conditionally transferring the action for inclusion in MDL No. 2036. Defendant Bank of America, N.A. (BoA) opposes the motion.

After considering all argument, we find that *Command* involves common questions of fact with the overdraft actions in this litigation previously transferred to the Southern District of Florida, and that transfer of the action to that district for inclusion in MDL No. 2036 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of *Command* is appropriate for the reasons that we set out in our original order directing centralization in the Southern District of Florida of actions sharing "factual questions relating to the imposition of overdraft fees by various bank defendants on their customer[s'] checking accounts in a manner to maximize those fees." *See In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). Similar to virtually all plaintiffs already in the MDL, the *Command* plaintiffs allege that the defendant bank (in this case, BoA) re-sequences the order in which debits are posted to a customer's account from largest to smallest, and thereby maximizes the number of overdraft fees that it charges. There is no doubt that this action falls within the scope of this MDL.[1]

In their motion, the *Command* plaintiffs, who are proceeding *pro se*, argue, *inter alia*, that transfer of their action to a distant forum would cause them undue hardship, and would deny them

---

[1] The complaint in *Command* also contains unique allegations concerning mortgage and foreclosure issues revolving around certain property that plaintiffs owned in Michigan. No doubt the transferee judge will review the complaint to determine whether those issues should be separately remanded to the transferor court in advance of the remainder of the action. Alternatively, he may conclude that the presence of those issues renders inclusion of the entire action in the MDL inadvisable. In either circumstance, procedures are available whereby remand to the transferor court can be effected with minimal delay. *See* Rule 10.1(b).

-2-

their right to a jury trial under the Seventh Amendment. We respectfully disagree with these arguments. In deciding issues of transfer under 28 U.S.C. § 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation. *See, e.g., In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007). Moreover, because Section 1407 transfer is for pretrial proceedings only, there usually is no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c)(3)(A)(ii). For the same reason, such transfer has no effect on plaintiff's Seventh Amendment rights.

In a supplemental pleading to the Panel, BoA has suggested that plaintiffs' appeal of a ruling of the transferor court, to the Court of Appeals for the Sixth Circuit, may pose an impediment to transfer of the action to an MDL venued in the Southern District of Florida (which, of course, is located in the Eleventh Circuit). Given the nondispositive nature of the ruling on appeal,[2] its pendency presents no obstacle to Section 1407 transfer. *See Marrese v. American Academy of Orthopaedic Surgeons* 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). Furthermore, there is no indication that the appeal should affect the progress of those aspects of the action that are not on appeal.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |

---

[2] Plaintiffs have appealed the Western District of Michigan court's denial of their motion to stay expiration of the redemption period, stay eviction, and bar state court enforcement of the writ of restitution.