**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:09-MD-02036-JLK**

| | |
|---|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**<br><br>**MDL NO. 2036** | )<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>*Steen v. Capital One, N.A.*<br>E.D. La. Case No. 2:10-cv-01505-JCZ-KWR<br>S.D. Fla. Case No. 1:10-cv-22058-JLK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CAPITAL ONE, N.A.'S MOTION FOR PARTIAL
RECONSIDERATION AND INCORPORATED MEMORANDUM OF LAW**

sf-2976117

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Capital One, N.A. ("Capital One") respectfully moves this Court to reconsider in part its March 21, 2011 Order Granting in Part Defendants' Motions to Dismiss ("Order") as to the claims against Capital One. (ECF No. 1306.) Capital One asks the Court to reconsider its March 21 Order on matters unique to Capital One for the following reasons:

*First*, the Order does not address Capital One's arguments regarding Plaintiffs' breach of contract claims based on the implied covenant of good faith and fair dealing under Maryland and Louisiana law. These claims fail because language in Capital One's deposit agreements — language not found in deposit agreements the Court has analyzed to date — afforded Capital One ***no*** discretion to adopt a general practice of posting debits other than in descending order within each category of transaction. (ECF No. 1161, Capital One's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement, and Incorporated Memorandum of Law ("Motion") at 4-6.)

*Second*, the Order does not address Capital One's argument that Plaintiffs' unconscionability, conversion, unjust enrichment, and Maryland Consumer Protection Act claims should be dismissed because each is predicated on the assertion that Capital One wrongfully exercised discretion under its deposit agreements. (Motion at 6-7.) The Order restates the Court's prior analysis regarding state statutory claims, but those findings do not address this argument.[1] (March 21 Order at 6-7.) Capital One had no discretion to adopt a general practice of posting from low-to-high or chronologically. (*Id.* at 6.) Capital One believes this ***is*** a "new ground[] which would lead the court to deviate from its [prior] ruling." (*See* Order at 6.) Accordingly, Capital One respectfully submits that the Court should have dismissed Plaintiffs' unconscionability, conversion, unjust enrichment, and Maryland Consumer Protection Act claims.

*Third*, the Order does not address Capital One's argument that Plaintiffs' claims are preempted by the National Bank Act. (Motion at 7-10.) The Court's prior ruling regarding

---

[1] The Order analyzes both Maryland and California state statutory claims. (Order at 6-7.) Plaintiffs, however, do not bring claims against Capital One under the California Unfair Practices Act and, for that reason, Capital One's motion did not address such a claim.

preemption does not apply to Capital One in light of the nondiscretionary language in its deposit agreements. Accordingly, Capital One respectfully submits that the Court should have dismissed all of Plaintiffs' claims based on their preemption by the National Bank Act.

*Finally*, the Order does not address Capital One's arguments that Plaintiff Tim Peterson's ("Peterson") claims should be dismissed because (1) Peterson fails to plead any factual allegations that he was harmed by Capital One's high-to-low posting order; and (2) Peterson lacks standing to bring any claim because he fails to plead any injury-in-fact. (Motion at 15-17; 19-20.) Accordingly, Capital One respectfully submits that the Court should have dismissed all of Peterson's claims, including Plaintiffs' claim under the Maryland Consumer Protection Act, for these reasons.

On reconsideration, the Court should dismiss Plaintiffs' complaint for these reasons, as more fully addressed below and detailed in Capital One's Motion to Dismiss.

## STATEMENT OF THE CASE

Plaintiffs filed their Second Consolidated Amended Class Action Complaint ("SAC") on January 13, 2011. (ECF No. 1043-1.) On February 11, 2011, Capital One moved to dismiss the SAC on multiple grounds, including those described above, and briefing on the motions was completed by March 14, 2011. (ECF Nos. 1161, 1246, 1282.) Capital One's Motion was taken under advisement after oral argument on March 16, 2011. (ECF No. 1296.)

The Court partially granted and partially denied Capital One's Motion on March 21, 2011. (ECF No. 1306.) The Order "grant[ed] dismissal of Plaintiff's claims for breach of contract based on the covenant of good faith and fair dealing brought under Texas law." (Order at 6.) The Order denied Capital One's Motion "[i]n all other regards" (*id.* at 8) but did not rule upon — or address — the arguments or issues described above.

## ARGUMENT

A motion for reconsideration is properly granted "to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). The moving party must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Reconsideration is properly granted where

a court "has patently misunderstood a party, [] has made a decision outside of the adversarial issues presented to the [court] by the parties, or has made an error not of reasoning, but of apprehension." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal citation omitted).

I. **THE COURT'S ORDER DID NOT ADDRESS THE PLAIN AND DISTINCTIVE LANGUAGE OF CAPITAL ONE'S CUSTOMER AGREEMENT.**

  A. **Plaintiffs' Claims for Breach of Contract Based on the Implied Covenant of Good Faith and Fair Dealing Under Maryland and Louisiana Law Fail as a Matter of Law Because of Capital One's Nondiscretionary Contract Language.**

Plaintiffs' principal claim — the SAC's first claim for relief — is for breach of contract based on the implied covenant of good faith and fair dealing. (SAC ¶¶ 88-94.) The Order dismissed Plaintiffs' first claim for relief under Texas law based on the Court's prior ruling that Texas law "is generally unfavorable towards claims for breach of the implied covenant of good faith and fair dealing." (Order at 5, 6.) The Order does not, however, appear to address Capital One's arguments regarding Plaintiffs' breach of contract claims based on the implied covenant of good faith and fair dealing under Maryland and Louisiana law. (Motion at 4-6.)

In its prior ruling, the Court did not dismiss similar claims against banks other than Capital One because the deposit agreements at issue allowed those banks to exercise discretion in carrying out the contractual terms. (ECF No. 305 at 18-19 ("There are a number of cases supporting the proposition that when one party is given discretion to act under a contract, said discretion must be exercised in good faith.").) As detailed in Capital One's motion to dismiss, Capital One's deposit agreements are fundamentally different from those the Court previously analyzed. (Motion at 4-6.) Capital One's deposit agreements clearly represent that debits "*will* generally be posted" in high-to-low order:

> **Processing Order of Debits.** Checks presented at a branch for encashment and electronic debits consisting of wire transfers, ATM withdrawals and on-line transfers conducted on any given day *will* generally be posted to your account first, followed by all other checks, ACH payments, automated loan payments, and point of sale (debit card) transactions conducted that day.

sf-2976117                                3

> Multiple items within the same posting priority presented for payment on any given day *will* generally be posted to your account in descending order (i.e., from highest dollar amount to lowest dollar amount).

(*See* Motion at 5, Exs. A-E (emphasis added)). Under Capital One's deposit agreements, there can be no breach of the implied covenant of good faith and fair dealing as a matter of law because Capital One did not exercise discretion in posting debits in descending order — it simply did what the deposit agreement required. *See Barnes v. Diamond Aircraft Indus., Inc.*, 499 F. Supp. 2d 1311, 1317 (S.D. Fla. 2007) (King, J.); *Renslow v. Capital One bank (USA), N.A.*, No. 08-60964, 2009 U.S. Dist. LEXIS 93109, at *13-14 (S.D. Fla. Jan. 7, 2009), *aff'd* 343 F. App'x. 457, 459 (11th Cir. 2009) (explaining that implied covenant of good faith and fair dealing is not implicated where credit card agreement conferred no discretion).

Plaintiffs' claims that Capital One breached the implied covenant of good faith and fair dealing by doing exactly what the deposit agreements mandated do not make sense. Courts have consistently rejected similar claims. *See, e.g.*, *Davis v. McDonald's Corp.*, 44 F. Supp. 2d 1251, 1259, (N.D. Fla. 1998) ("This Court will not apply the covenant of good faith and fair dealing to impose a condition on [defendant] which contradicts the express terms of the contracts."); *see also Enfield Equip. Co. v. John Deere Co.*, 64 F. Supp. 2d 483, 486 (D. Md. 1999) ("[T]he implied duty of good faith and fair dealing in Maryland is of limited scope and only operates where it would not contradict a contract's express terms."), *aff'd*, 217 F.3d 838 (4th Cir. 2000); *Clark v. Am.'s Favorite Chicken Co.*, 916 F. Supp. 586, 590-91 (E.D. La. 1996) (rejecting plaintiffs' argument that defendant breached implied obligation of "good faith performance" where defendant did not breach express terms of agreement at issue), *aff'd*, 110 F.3d 295 (5th Cir. 1997). Capital One respectfully requests that the Court reconsider these arguments in light of the deposit agreements' distinctive, nondiscretionary language and dismiss Plaintiffs' claims for breach of contract based on the implied covenant of good faith and fair dealing under Maryland and Louisiana law.

B.  **Plaintiffs' Unconscionability, Conversion, Unjust Enrichment, and Maryland Consumer Protection Act Claims Fail as a Matter of Law Because of Capital One's Distinctive Nondiscretionary Contract Language.**

The Order denied dismissal of Plaintiffs' claims for unconscionability, conversion, and unjust enrichment based on high-to-low posting order because it found that Capital One "[did] not raise any new grounds which would lead the Court to deviate from its [prior] ruling." (Order at 6.) The Order also denied dismissal of Plaintiffs' claims under Maryland's Consumer Protection Act for similar reasons. (*Id.* at 7.) While the Court held that the Maryland statute does not "differ in any relevant respect from those statutes already considered," there is a "basis for reaching a different result" because of Capital One's distinctive nondiscretionary contract language. (*Id.*)

The Order does not address Capital One's arguments that these claims should be dismissed because each relies on an assertion that Capital One wrongfully exercised discretion under its deposit agreements. (Motion at 6-7; *see also* SAC ¶ 96 (alleging unconscionability based on the allegation that the contract does not "unambiguously" require a high-to-low posting order); *id.* ¶ 103 (alleging conversion based on the allegation that "Capital One has, without proper authorization," charged the disputed fees); *id.* ¶ 116 (alleging unjust enrichment based on the notion that Capital one "received and retained wrongful benefits" not authorized); *id.* ¶ 124 (alleging that Capital One violated state unfair trade practice laws by acting "unfairly" and "deceptive[ly]").)

As explained above and in Capital One's motion to dismiss, Capital One did not have discretion to adopt a general practice of posting from low-to-high or chronologically because its deposit agreements *required* that the Bank generally post debits in descending order. A party does not act in bad faith, deceptively, or unfairly by doing what it is plainly required to do by contract. *See Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp.*, 179 S.W.3d 589, 615 (Tex. Ct. App. 2005) ("[A] party does not act in bad faith if its actions are permitted under the contract."); *Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc.*, 180 F.3d 664, 669-70 (5th Cir. 1999) (rejecting plaintiff's argument that defendant acted in bad faith

sf-2976117                                     5

under Louisiana law because "none of [plaintiff's] allegations establishes any conduct by [defendant] that was not permitted by its contractual rights under the [agreement]"); *Woodrow v. Vericrest Fin., Inc.*, No. AW-09-1612, 2009 U.S. Dist. LEXIS 110709, at *10-12 (D. Md. Nov. 30, 2009) (rejecting plaintiff's argument that defendant acted in bad faith where defendant refused to modify terms of contract where negotiation was not required by contract).

Capital One's distinctive deposit agreement language, not specifically analyzed by the Court, is a new ground which should lead the court to deviate from its prior ruling.  (Order at 6; *see also* DE # 305 at 25-32 (unconscionability); 34-37 (conversion); 32-34 (unjust enrichment); 41-42 (state statutory claims).)  Capital One respectfully requests that the Court reconsider these arguments in light of the deposit agreements' nondiscretionary language and dismiss Plaintiffs' claims for unconscionability, conversion, and unjust enrichment, as well as Plaintiffs' claims under Maryland's Consumer Protection Act.

**C.     Plaintiffs' Claims are Preempted by the National Bank Act Because of Capital One's Distinctive Nondiscretionary Contract Language.**

The Order also does not address Capital One's argument that Plaintiffs' claims are preempted by the National Bank Act.  As detailed in Capital One's motion to dismiss, even if Plaintiffs could state a claim against Capital One for its compliance with posting debits as required by the deposit agreements, federal law would preempt that claim. (Motion at 7-10.)  In its prior ruling, the Court rejected a similar preemption argument on the ground that Plaintiffs' "claims are not that banks lack the right to charge overdraft fees as part of their deposit-taking powers."  (DE # 305 at 16.)  Instead, the Court ruled that Plaintiffs' "are merely asking the banks to [charge overdraft fees] in good faith." (*Id.* at 10.)

The Court's analysis in its prior ruling was based on deposit agreement language materially different from Capital One's.  The Court's prior ruling relies on the existence of an implied covenant of good faith and fair dealing in holding that Plaintiffs adequately alleged that the defendant banks *impliedly* agreed to post either from low-to-high or chronologically. (*Id.* at 15-16.)  As discussed above, Capital One's deposit agreement contains an ***express*** agreement ***not* to generally post** from

sf-2976117                                        6

low-to-high or chronologically: "Multiple items within the same posting priority presented for payment on any given day *will* generally be posted to your account in descending order (i.e., from highest dollar amount to lowest dollar amount).". The implied covenant of good faith and fair dealing cannot be used to require a party to do precisely the opposite of what the agreement expressly requires that party to do. *See Barnes*, 499 F. Supp. 2d at 1317. The terms of Capital One's deposit agreements expressly barred the Bank from adopting as a general matter any posting order other than high-to-low. There is thus no reason to forestall a preemption determination as to Capital One.

In their opposition to Capital One's motion to dismiss, Plaintiffs failed to identify any authority that allows states to restrict the substantive banking terms on which a national bank like Capital One and its customers have expressly agreed to by contract. (ECF No. 1246, at 13-15.) Capital One respectfully requests that the Court reconsider these arguments and dismiss Plaintiffs' claims because they are preempted by the National Bank Act.

## II.     THE COURT'S ORDER DOES NOT ADDRESS ANY OF CAPITAL ONE'S ARGUMENTS REGARDING PLAINTIFF TIM PETERSON.

The Order does not address Capital One's arguments that all of Plaintiff Peterson's claims should be dismissed because he fails to state a plausible entitlement to relief and lacks standing. First, as detailed in Capital One's motion to dismiss, Peterson fails to make any factual allegations that he was harmed by Capital One's high-to-low posting order. (Motion at 15-17.) The *only* allegations pertaining to Peterson are that "Capital One wrongfully charged [him] overdraft fees on multiple occasions" and that "[t]hese wrongful overdraft fees occurred as a result of Capital One's manipulation and re-ordering of [his] debit card transaction[s]." (SAC ¶ 78.) Peterson alleges no facts as to his injury or how he was harmed by the practice. Peterson's conclusory and threadbare allegations fall exceptionally short of meeting Rule 8's pleading standards and must be dismissed for failure to state a claim under Rule 12(b)(6). *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (explaining that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation" and that plaintiffs cannot rest on "labels and conclusions," but

must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (internal quotations and citations omitted).

Second, as explained in Capital One's motion to dismiss, Peterson lacks standing to bring claims against Capital One because of his failure to plead any factual allegations that he was harmed by high-to-low posting order. (Motion at 19-20.) To establish standing, a plaintiff must allege an "injury in fact" — a harm suffered that is "concrete and . . . actual or imminent, not conjectural or hypothetical." *Young v. West Publ'g Corp.*, 724 F. Supp. 2d 1268, 1280 (S.D. Fla. 2010); *see also Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("party invoking federal jurisdiction bears the burden of establishing" injury in fact, causation, and redressability). While Peterson pleads conclusory allegations regarding posting order, he failed to plead any injury in fact. In a class action, each named plaintiff must establish that they "personally have been injured" and have standing to bring the cause of action. *Blum v. Yaretsky*, 457 U.S. 991, 1001 n.13 (1982); *see also Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) ("[A] plaintiff must allege and show that he personally suffered injury.").

Capital One respectfully requests that the Court reconsider these arguments and dismiss all claims brought by Peterson — the only Maryland resident — because they do not state a plausible entitlement to relief or establish his standing to bring any claims against Capital One, including Plaintiffs' claim under the Maryland Consumer Protection Act.[2] *See also In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010) (dismissing "all state statutory claims where no named plaintiffs reside in the state from which the claim is asserted"); *Consumer Protection Div. v. Outdoor World Corp.*, 603 A.2d 1376, 1383 (Md. Ct. App. 1992) (Maryland Consumer Protection Act does not reach "sales practices that occur entirely within other States").

---

[2] The Order restated the Court's prior analysis regarding state statutory claims, but those findings did not address arguments regarding a named plaintiff's standing to actually bring the claims when that named plaintiff has not alleged an injury in fact. (Order at 6-7.)

sf-2976117                                          8

## CONCLUSION

For the foregoing reasons, Capital One respectfully requests that the Court partially reconsider its Order and grant Capital One's motion to dismiss.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel for Capital One has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this motion, but the parties were unable to do so.

Dated:  April 18, 2011

Respectfully submitted by,

MORRISON & FOERSTER LLP

By:     /s/ James R. McGuire
       JAMES R. McGUIRE

JAMES R. McGUIRE (*pro hac vice*)
RITA F. LIN (*pro hac vice*)
MIMI YANG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

*Attorneys for Defendant*
CAPITAL ONE, N.A.

CERTIFICATE OF SERVICE

CASE NO.: 1:09-MD-02036-JLK

      I HEREBY CERTIFY that on April 18, 2011, I filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

        /s/ James R. McGuire
JAMES R. MCGUIRE
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522
JMcGuire@mofo.com