**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

[DISCOVERY MOTION]

**THIS DOCUMENT RELATES TO:**
**FIRST TRANCHE ACTIONS**

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**PLAINTIFFS' MOTION FOR SANCTIONS BASED ON CANCELLATION OF**
**DEPOSITIONS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs in the above-captioned actions request entry of an order imposing sanctions against defendant Wells Fargo Bank, N.A. ("Wells Fargo") based on its last minute, unjustified cancellation of the depositions of certain named Plaintiffs scheduled for April 28 and 29, 2011.

**INTRODUCTION**

In its latest abuse of the discovery process, Wells Fargo scheduled the depositions of two named Plaintiffs in Albuquerque, New Mexico, and then cancelled the depositions the evening before they were set to begin. Plaintiffs Marc Martinez and Ivy Graham each took time off of work and adjusted their personal schedules to prepare for and attend depositions that Wells Fargo

demanded. Plaintiffs' counsel traveled from Seattle, Washington to Albuquerque, New Mexico to defend these depositions. Wells Fargo first informed Plaintiffs counsel of its intent to cancel the depositions the evening before the deposition of Mr. Martinez was scheduled to begin, after Plaintiffs' counsel had already arrived in Albuquerque. Wells Fargo's sole justification was its claim that the Supreme Court's April 27, 2010 decision in *AT&T v. Concepcion* somehow gives it the right to now seek to compel arbitration.

Despite this Court's discovery guidelines, Wells Fargo has continued to seize any opportunity to delay and obstruct every aspect of the discovery process. This is just the latest tactic. As Plaintiffs were forced to point out in response to Wells Fargo's recent motion for reconsideration, no defendant in this multidistrict litigation proceeding has proven nearly as obstreperous as Wells Fargo (and its subsidiary, co-defendant Wachovia Bank). Plaintiffs respectfully request that the Court impose monetary and non-monetary sanctions against Wells Fargo to deter it from continuing to engage in its obstructive discovery tactics under Fed. R. Civ. P. 30 and S.D. Fla. L.R. 30.1.

**FACTUAL BACKGROUND**

On April 15, 2011 Wells Fargo served notices scheduling the depositions of Plaintiffs Marc Martinez and Ivy Graham for April 28 and April 29 respectively, in Albuquerque New Mexico. Copies of the deposition notices are attached as Exhibits A and B. These dates were agreed to by both sides.

Mr. Martinez and Ms. Graham both agreed to make themselves available on the scheduled dates. Genessa Stout, one of the attorneys representing the Plaintiffs, flew from Seattle to Albuquerque on April 27 and met with Mr. Martinez and with Ms. Graham separately in advance of their depositions. *See* Declaration of Genessa Stout, ¶¶ 2-3 attached as Exhibit C (hereafter, "Stout Decl, ¶ __"). Mr. Martinez arranged to take the day off from work to attend

his deposition and made arrangements for child-care, both for his deposition and to meet with his attorney, as he is a single father caring for two young children. *Id*. ¶ 4. Ms. Graham, who is a teacher, arranged for a substitute to cover her afternoon classes so she could attend her deposition. *Id*. ¶ 5.

On April 27 at 5:00 pm EDT, Wells Fargo notified Plaintiffs that Wells Fargo believed the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion* gave it the right to seek to compel arbitration, and that it would proceed with the scheduled depositions *only* if Plaintiffs agreed not to assert that, by doing so, Wells Fargo waived any potential right to seek arbitration against these Plaintiffs. Plaintiffs did not agree to this unreasonable condition. Plaintiffs informed Wells Fargo that Mr. Martinez intended to appear for his deposition the following day, and that Plaintiffs expected Wells Fargo to proceed with this deposition. A copy of this communication is attached at Exhibit D. Later that evening, Wells Fargo formally notified Plaintiffs that it would not proceed with Mr. Martinez' deposition the following morning. Mr. Martinez and counsel appeared at the court reporter's office the following morning, but no attorney representing Wells Fargo was present to conduct Mr. Martinez' deposition. Stout Decl. ¶ 6.

This is the latest in Wells Fargo's efforts to make discovery in these proceedings as slow and difficult as possible. As the Court will recall, Plaintiffs were forced to file a motion to compel against Wells Fargo, respond to Wells Fargo's motion for reconsideration of this Court's Order ruling on those discovery matters, and then appear for a lengthy hearing on Wells Fargo's motion for reconsideration, before being provided with most of the pertinent documents in these cases. [**DE # 1171, 1220, 1247, 1268, 1308**]. Wells Fargo also refused to preserve the putative Class members' transactional data in the format recorded in its actual transaction processing

3

systems. It then incorrectly claimed that its archived data is "duplicative" of the data in its systems when, in fact, the archived data is missing "linking" information that allows Plaintiffs to more easily identify authorization times for more transactions. Plaintiffs were ultimately required to file a motion and obtain a Court Order directing Wells Fargo to preserve this important data. **[DE # 1089, 1137, 1264].**

Scheduling depositions has been no easier. Plaintiffs served a notice of deposition under Rule 30(b)(6) in August, 2010. Wells Fargo did not produce any designee until November 2010 and, even then, did not produce designees in response to most topics until March 2011. Stout Dec. ¶ 9.

In stark contrast, Wells Fargo (and Wachovia) has repeatedly demanded that Plaintiffs make themselves available for depositions on short notice – often in locations that require the Plaintiffs to travel out of state. In many cases, they unilaterally noticed depositions without consultation as to particular Plaintiffs' availability. Plaintiffs have done their best to comply with these demands. Wells Fargo (and Wachovia) has already completed the depositions of five named Plaintiffs. Stout Decl. ¶ 7. Prior to this latest maneuver, the parties had agreed on dates and locations to conduct the depositions of six other Plaintiffs – though Wells Fargo now claims it will not proceed with any of them. *Id*. ¶¶ 7-8. Several of these Plaintiffs made significant efforts to accommodate Wells Fargo's demands. Celia Spears Haymond, for example, extended her time to return to work from pregnancy leave for one week in order to accommodate Wells Fargo unilateral scheduling. *Id*. ¶ 7.

**ARGUMENT**

**A.     Wells Fargo's Late Cancellation of Depositions it Scheduled is Improper**

Under the Federal Rules, a party that has scheduled a deposition is obligated to follow through. "A party who, expecting a deposition to be taken, attends in person or by an attorney

may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition …." Fed. R. Civ P. R. 30(g). Sanctions are warranted under Rule 30(g), where a deposition is cancelled on short notice – particularly when counsel had to fly in from out of state. *Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 109509, *6-7 (S.D. Fla. May 20, 2008) (imposing sanctions on a lawyer who cancelled a deposition 36 hours before it was scheduled to start); *see also Edmonds v. Seavey,* 2009 U.S. Dist. LEXIS 42714, *7 (S.D.N.Y. May 5, 2009) (observing that "[c]ourts allow the award of attorney's fees and expenses where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other."). Sanctions may be appropriate even if the party believes the deposition is not warranted. "It is not up to an individual party to decide which discovery is appropriate and when." *Miller,* 2008 U.S. Dist. LEXIS 109509 at *6-7 (quoting *Kilby v. Ilgen (In re Kilby)*, 196 B.R. 627, 631 (Bankr. M.D. Fla. 1996)); *see also Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 913 (11th Cir. 2010) ("The district court's inaction on a party's motion for a protective order to postpone the taking of his deposition does not relieve the party of the duty to appear for the deposition.").

Here, Wells Fargo scheduled depositions of Plaintiffs Marc Martinez and Ivy Graham for April 28 and 29 in New Mexico. These depositions required each Plaintiff to arrange for time off from work and substitute coverage at work, to arrange for appropriate child care, and to otherwise make arrangements to fulfill their obligations to appear at depositions Wells Fargo demanded. Plaintiffs' counsel, in turn, left Seattle on April 27 at 5:00 AM to travel to Albuquerque to defend the depositions. Wells Fargo was simply not at liberty to cancel these depositions the night before they were set to begin.

Wells Fargo's justification for cancelling at the last minute is without merit. Its sole excuse is that it believes that the Supreme Court's recent decision in *Concepcion* somehow gives it the right to seek to compel arbitration against these Plaintiffs that it has not previously exercised in the 18 months of this litigation. Nine months ago, U.S. Bank, another defendant in the First Tranche, filed a motion to compel arbitration based on the Supreme Court's grant of *certiorari* in *Concepcion*. [**DE # 632**]. This Court denied U.S. Bank's motion as untimely, finding that U.S. Bank waived its opportunity to compel arbitration. [**DE #855**]. The Court found that U.S. Bank had at least two opportunities to file any arbitration related motions, but chose not to do so. *Id*. at pp. 2-4. The Court specifically rejected the argument that a decision in *Concepcion* would resuscitate U.S. Bank's right to move to compel arbitration.

> Defendant does not directly address the fact that it contravened explicit orders of the court setting a time frame to file motions to compel arbitration, which was carefully crafted after a status conference and submission by all parties, or why it failed to do so in April of 2010 when the Court again opened the door for the filing of any motions to compel arbitration to any Defendant that wished to do so.

*Id*. at p. 4.

Wells Fargo had the same opportunity as U.S. Bank and, likewise, chose not to file motions to compel arbitration. Indeed, it continued to litigate, filing multiple motions, producing and requesting voluminous written discovery, and conducting and defending a number of depositions in the months since this Court denied U.S. Bank's motion.[1] Simply put, Wells Fargo had no well-founded justification to cancel these depositions at the last moment.

---

[1] Wells Fargo's waiver of its right to now seek arbitration against these Plaintiffs in these actions is highlighted by the fact that it previously moved to compel arbitration against individual Plaintiff Robert Townsend. [**DE # 1097**]. In that motion, Wells Fargo specifically contrasted its decision to move to compel arbitration against Mr. Townsend with all other actions pending against it in this MDL. Id. at pp. 1, 8 n.3.

6

### B. The Court Should Impose Monetary and Non-Monetary Sanctions to Address the Harm and Deter Similar Conduct

Appropriate sanctions for an attorney's failure to attend a duly noticed deposition include "attorney's fees and costs in preparing for, traveling to, and attending [the] depositions, as well as "attorneys fees for the time spent preparing and filing the [motion for sanctions]." *Miller,* 2008 U.S. Dist. LEXIS 109509 at *6-7. An award of the expenses and attorney's fees incurred as a result of Wells Fargo's last minute cancellation is not only appropriate because it is mandated by rule, sanctions are warranted and necessary to put an end to Wells Fargo's incessant discovery abuses. The Eleventh Circuit has recognized this Court's inherent power to order sanctions for failure to appear at a deposition. *Byrne v. Nezhat*, 261 F.3d 1075, 1132, n. 110 (11th Cir. 2001).

An award of discovery sanctions should serve three purposes: "(1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general," *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). A district court is not required to impose the least drastic sanction for a discovery violation, but should impose a sanction that is proportionate to the party's violation. *See, e.g.*, *Johnson v. J.B. Hunt Transport, Inc*., 280 F.3d 1125, 1132 (7th Cir. 2002); *Melendez v. Illinois Bell Telephone Co*., 79 F.3d 661, 673 (7th Cir. 1996).

Plaintiffs believe an award of fees and costs *alone* will be insufficient to deter Wells Fargo from continuing to foster delay and frustrate discovery wherever possible. An additional, more severe, sanction is necessary. Therefore, Plaintiffs respectfully suggest that, in addition to

monetary sanctions, Wells Fargo also be deemed to have waived its right to take the depositions of Mr. Martinez and Ms. Graham in the future.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court award sanctions in an amount to be determined and preclude Wells Fargo from re-scheduling the depositions of Plaintiffs Ivy Graham and Marc Martinez.

Dated: April 29, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

---

[2] Wells Fargo already deposed Mr. Martinez before this action was transferred to this Court as part of MDL 2036.

8

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb<br>E. Adam Webb, Esquire<br>Georgia Bar No. 743910<br>Adam@WebbLLC.com<br>Matthew C. Klase, Esquire<br>Georgia Bar No. 141903<br>Matt@WebbLLC.com<br>G. Franklin Lemond, Jr., Esquire<br>Georgia Bar No. 141315<br>FLemond@WebbLLC.com<br>WEBB, KLASE & LEMOND, L.L.C.<br>1900 The Exchange, S.E.<br>Suite 480<br>Atlanta, GA 30339<br>Tel: 770-444-9325<br>Fax: 770-444-0271 | /s/ Michael W. Sobol<br>Michael W. Sobol, Esquire<br>California Bar No. 194857<br>msobol@lchb.com<br>David S. Stellings, Esquire<br>New York Bar No. 2635282<br>dstellings@lchb.com<br>Roger N. Heller, Esquire<br>California Bar No. 215348<br>rheller@lchb.com<br>Jordan Elias, Esquire<br>California Bar No. 228731<br>jelias@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Tel: 415-956-1000<br>Fax: 415-956-1008 |

<div style="columns:2">

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181


/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

</div>

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596