UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Duval v. Citizens Financial Group, Inc.*
N.D. Ill. Case No. 1:10-cv-00533
S.D. Fla. Case No. 1:10-cv-21080-JLK

*Daniels v. Citizen Financial Group, Inc.*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. 1:10-cv-22014-JLK

*Blankenship v. RBS Citizens, N.A.*
D. RI. Case No. 10-cv-02718
S.D. Fla. Case No. 1:10-cv-22942-JLK

STIPULATED DISCOVERY PLAN AND [PROPOSED] ORDER
FOR ELECTRONICALLY STORED INFORMATION

This Stipulated Discovery Plan for Electronically Stored Information (the "Order") is entered into by and among the parties to the above-captioned actions (the "parties") which are part of the multidistrict litigation proceeding entitled In re Checking Account Overdraft Litigation, MDL No. 2036, Case No. 1:09-md-02036JLK (S.D. Fla.) ("MDL 2036"), through their respective counsel of record:

1.  Electronic Discovery: The Collection and Culling of ESI:  The parties stipulate to

the following involving the handling and production of electronically stored information ("ESI"):

(a). Counsel for Defendants and Plaintiffs will correspond regarding custodians and sources of documents from which they are collecting ESI for production in the above-captioned consolidated actions (the "Actions"). The parties will work in good faith to identify, discuss, agree upon and revise, if necessary, the custodians and sources of documents, including search terms, to avoid an unduly burdensome production or retrieving a large quantity of non-responsive ESI.

(b). In the event of a dispute or disagreement, the parties will meet and confer in a good faith effort to resolve such dispute or disagreement. In the event of a failure to resolve such dispute or disagreement, either party may file a motion seeking judicial intervention to resolve the dispute or disagreement. By entering into this stipulation, no party waives its right to seek assistance from the Court on any matter relating to the handling and production of ESI not specifically addressed herein.

(c). The parties agree that ESI dated after Regulation E went into effect will not be produced. Nothing herein shall preclude the parties from making specific requests for ESI dated after Regulation E went into effect, and the parties' agreement creates no presumption that ESI dated after Regulation E went into effect should or should not be produced.

(d). Each party shall make a reasonable and diligent effort to search for and collect reasonably accessible and responsive ESI from each of its designated custodian's e-mail systems utilized during the relevant time period, ESI stored on each such custodian's computer hard-drive, ESI on shared drives and repositories utilized during the relevant period, and other locations used by each such custodian to store potentially

responsive ESI. Defendants will filter the ESI it collects using search terms and each Defendant will provide a list of its search terms to Plaintiffs if it has not done so already. Plaintiffs will provide Defendants an explanation of how they are collecting the data, whether through the use of search terms or another method. If a party identifies ESI from its designated custodians that may contain responsive data and is not reasonably accessible, it will provide the other party a description of the ESI that it claims is not reasonably accessible.

(e). In addition, the parties will collect reasonably accessible and responsive ESI from their servers, electronic document repositories, or any other electronic file storage media, relevant shared network folders or repositories not attributed to any specific custodian, as applicable, which they identify following a reasonable and diligent investigation as likely to contain responsive ESI. Defendants will run search terms against the ESI collected from the servers or devices, electronic document repositories, or any other electronic file storage media. If a Defendant identifies a shared repository from which it cannot collect data due to the nature of its organization in a database or its voluminous nature, that Defendant will identify this shared repository and propose to Plaintiffs a method for collection of that database, and the parties will meet and confer in good faith about the most reasonable method to collect and review the data.

(f). The parties agree to conduct a reasonable search for and collect reasonably accessible, non-duplicative responsive hard copy data and produce it in single-page TIFF format with the OCR text linked to the TIFF file. Plaintiffs and Defendants will also provide the following fields in a load file with each hard copy production:

(i). Custodian (Name of Custodian from which the file is being produced);

   (ii). Bates Begin (Beginning Production Number);

   (iii). Bates End (Ending Production Number);

   (iv). Attach Begin (Beginning Attachment Range Number), where available; and

   (v). Attach End (Ending Attachment Range Number, i.e., parentage is maintained), where available.

Each party shall bear the cost of converting its hard-copy paper documents to TIFF format and for providing the load file. Production of redacted documents are subject to the same criteria along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with redactions.

   (g). The parties may exclude from collection, review and production the following categories of electronic files:

   (i). System or executable files (.exe, .dll, etc.);

   (ii). Electronically stored information or data with the following file extensions, as they typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; img; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp. Alternatively, the parties may collect documents by including, rather than excluding, file types for collection. Each party agrees to provide a list of file types collected to the other party, and to meet and confer in good faith if there are any file types excluded that the other party reasonably believes

contains responsive information. The parties will work together to determine reasonable methods of production for these file types.

    (h). For non-e-mail data, where multiple custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document. In order to reduce the volume of documents reviewed and produced, each party can, if it wishes, globally de-duplicate e-mail data using the MD5 hash value. De-duplicated originals shall be securely retained and made available for inspection and copying upon reasonable request.

2.    Electronic Discovery: Production Format: The parties stipulate to the following regarding the production of documents that were originally maintained as ESI:

    (a). The native format of all non-e-mail, unredacted ESI will be maintained by each party and non-e-mail, unredacted ESI productions shall be produced in single-page TIFF format and corresponding document-level extracted text format with the following metadata fields provided in a Summation standard load file for Plaintiffs and in Concordance format for Defendants:

        (i). Custodian (Name of Custodian from which file is being produced);

        (ii). Author (Author of file from properties);

        (iii). Doc Title (Title of file from properties);

        (iv). Doc Subject (Subject of file from properties);

        (v). Created Date (Date the file was created);

        (vi). Last Modified Date (Date the file was last modified);

        (vii). Last Saved By (Name of user who last saved the file);

        (viii). Doc Type (Email, Attachment or Loose File);

  (ix). File Type (Microsoft Word, Microsoft Excel, etc.);

  (x). File Name (Name of the file);

  (xi). Full Path (Full path location to where the file resided);

  (xii). File Ext (Extension for the file);

  (xiii). MD5 Hash (or equivalent);

  (xiv). Bates Begin (Beginning Production Number);

  (xv). Bates End (Ending Production Number);

  (xvi). Attach Begin (Beginning Attachment Range Number);

  (xvii). Attach End (Ending Attachment Range Number, i.e., parentage is maintained);

  (xviii). Page count (for documents that are TIFFed); and

  (xix). For Excel spreadsheets only, Nativelink (path to the nativefile as included in the production e.g., d:\PROD001\natives\ABC00015.xls).

Production of redacted, non-e-mail ESI will be subject to the same criteria along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with redactions. The metadata field "Body Text" will not be produced for Plaintiffs and need not be produced for Defendants provided that the document-level extracted text format is an external link to the text of the document. The native documents for Excel spreadsheets (which are the only types of documents provided in native) will not be provided. In addition, Doc Title and Doc Subject will not be provided when production of such information could, in the good faith view of the parties' counsel, reveal privileged information. All date fields will be produced in either YYYYMMDD or MM/DD/YYYY format. The time will not be included in the date fields.

(b). The native format of all unredacted electronic mail shall be maintained by the parties and unredacted electronic mail shall be produced in single-page TIFF format and corresponding document-level extracted text with the following metadata fields provided in a Summation standard load file for Plaintiffs and in Concordance format for Defendants:

(i). Custodian (name of custodian from which file is being produced);

(ii). Author (FROM field);

(iii). CC;

(iv). BCC;

(v). Recipient (TO field);

(vi). MD5 Hash Value or Equivalent;

(vii). Date Sent (date the email was sent);

(viii). Email Folder (The folder within the mailbox where the message resided in);

(ix). Bates Begin (beginning production number);

(x). Bates End (ending production number);

(xi). Attach Begin (beginning attachment range number);

(xii). Attach End (ending attachment range number, i.e., parentage is maintained);

(xiii). Page count (for documents that are TIFFed); and

(xiv). Subject.

Production of redacted, e-mail ESI will be subject to the same criteria along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with

redactions. The metadata field "Body Text" will not be provided for Plaintiffs and need not be produced for Defendants provided that the document-level extracted text format is an external link to the text of the document. OCR text files will be provided. All date fields will be produced in either YYYYMMDD or MM/DD/YYYY format. The time will not be included in the date fields.

Electronic mail shall be produced along with attachments in sequential order as part of a family, maintaining the parent-child relationship, if any part of the message or any attachment is responsive, relevant and not privileged. As a general matter, subject to specific review, a message and its attachments shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant or non-responsive. To the extent the message or one or more attachments is privileged, irrelevant, or non-responsive, the responsive, non-privileged documents shall be produced and the privileged, irrelevant, or non-responsive documents shall, at the producing party's option, either: (A) be redacted and shown on a log with corresponding Bates numbers; or (B) be removed and replaced with a placeholder indicating the documents were withheld and the removed documents shown on a log with control numbers assigned by the producing party.

(c). The parties acknowledge that Excel spreadsheets shall be produced both in native and TIFF formats or, if the party wishes, in native with a TIFF placeholder. To the extent possible a native version of all ESI will be maintained by the parties, and each party will consider reasonable requests to make available the native versions of any produced document, subject to any redactions.

(d). All compressed or zipped ESI shall be unzipped or decompressed before production. To the extent an electronic file contains embedded files, or links to other files, such files shall be produced as attachments in sequential order as part of a family, maintaining the parent-child relationship. Should this requirement present a problem for any particular file types, the parties agree to meet and confer in good faith regarding the production of such file types.

(e). The parties agree to meet and confer in good faith if there are any other file types that encounter difficulties in the TIFFing process and will discuss native production of such files if necessary.

(f). For the production of ESI in Concordance format for Defendants, three load files must be provided for all document productions to that party: (i) Standard Concordance load file (.dat) containing the fields specified in paragraph 2(a) and (b) above, with Field Names in first row. The .dat file should be provided with the following hierarchy of delimiters: field - | (ASCII 124), quote - ^ (ASCII 094), multi-entry delimiter - ; (ASCII 059), return value in data - ~ (ASCII 126); (ii) Standard Opticon load file (.opt) linked to Concordance load file via "BATESBEGIN" field positioned in the first field. The "Path": field should contain the relative path to the appropriate TIFF file (.tif); and (iii) .lfp load file.

(g). For the production of ESI in Summation format for Plaintiffs, the following loadfiles will be produced:

(i). DII file complaint with Summation Enterprise to load the images;

(ii). LST file for loading the extracted text/ocr; and

(iii). TXT file containing the fields specified in paragraph 2(a) and (b) above, with Field Names in first row. The .txt file should be provided with the following hierarchy of delimiters: field – (ASCII 124), quote - ^ (ASCII 094), multi-entry delimiter - ; (ASCII 059), return value in data - ~ (ASCII 126).

(h). Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source documents. No other legend or stamp will be placed on the document image other than a confidentiality legend or redactions (where applicable). The confidential legend shall be "burned" onto the image at a location that does not obliterate or obscure any information from the source document.

(i). Each page image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension ",TIF." Document level text files should be named after the beginning Bates numbers of each document.

(j). The parties will honor reasonable and specific requests for the production of color images to the extent such requests are not unduly burdensome.

(k). The parties will, upon reasonable request, make originals of any produced document available for inspection and copying, subject to appropriate redactions.

3. This stipulation relates solely to the general protocol of identifying and producing ESI. Any party may bring a motion to modify or clarify the application of this Order to particular ESI or otherwise.

Dated:  May 2, 2011

Respectfully submitted,

| | |
|---|---|
| /s/ Bruce S. Rogow<br>Bruce S. Rogow, Esquire<br>Florida Bar No. 067999<br>brogow@rogowlaw.com<br>Jeremy W. Alters, Esquire<br>Florida Bar No. 0111790<br>jeremy@alterslaw.com<br>ALTERS LAW FIRM, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Tel: 305-571-8550<br>Fax: 305-571-8558<br><br>/s/ Aaron S. Podhurst<br>Aaron S. Podhurst, Esquire<br>Florida Bar No. 063606<br>apodhurst@podhurst.com<br>Robert C. Josefsberg, Esquire<br>Florida Bar No. 40856<br>rjosefsberg@podhurst.com<br>Peter Prieto, Esquire<br>Florida Bar No. 501492<br>pprieto@podhurst.com<br>John Gravante, III, Esquire<br>Florida Bar No. 617113<br>jgravante@podhurst.com<br>PODHURST ORSECK, P.A.<br>City National Bank Building<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Tel: 305-358-2800<br>Fax: 305-358-2382<br><br>*Co-Lead Counsel for Plaintiffs* | /s/ Erin L. Shencopp<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Tel: (312) 782-3939<br>Fax: (312) 782-8585<br>eshencopp@jonesday.com<br><br>/s/ David F. Adler<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH  44114<br>Tel: (216) 586-1344<br>Fax: (216) 579-0212<br>dfadler@jonesday.com<br><br>*Attorneys for Defendants* |

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

-14-

The foregoing Stipulation is approved and adopted as an Order of the Court at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this _____ day of May 2011.

_____
**JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record