UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

**PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO DEFENDANT CAPITAL ONE'S
MOTION FOR PARTIAL RECONSIDERATIONS**

**I.     INTRODUCTION**

Plaintiffs submit their opposition to the motion for reconsideration [**DE # 1350**] filed by Defendant Capital One, N.A. ("Capital One"). Capital One's motion, which takes aim at every one of Plaintiffs' claims not dismissed, merely asks this Court to relitigate issues already decided by multiple previous orders. Accordingly, Capital One's frivolous motion should be denied.

**II.    BACKGROUND**

On January 13, 2011, Plaintiffs filed their Second Consolidated Amended Class Action Complaint ("SAC") [**DE # 1043-1**], asserting claims under Louisiana, Maryland, and/or Texas law to recover for themselves and others similarly situated excess overdraft fees generated and retained through the unlawful practices of Capital One. On February 11, 2011, Capital One moved to dismiss Plaintiffs' SAC [**DE # 1161**], largely repeating arguments previously rejected by this Court in its Order Denying Omnibus Motion to Dismiss. *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302 (S.D. Fla. 2010) (the "Omnibus Order") [**DE # 305**]. Plaintiffs filed their Opposition ("Opposition Brief") [**DE # 1246**] to which Capital One replied [**DE # 1282**].

On March 21, 2011, this Court granted in part Capital One's Motion to Dismiss, dismissing Plaintiffs' claims for breach of contract under Texas law (the "Steen Order") [**DE # 1306**]. In all other regards, the Court rejected Capital One's Motion to Dismiss, noting "that, for the most part, neither Commerce Bank, nor Comerica, nor Capital One have provided this Court with any basis for variance from its earlier rulings on prior motions to dismiss filed in this ongoing multi-district litigation ("MDL")." *Id.* at 2.

On April 18, 2011, Capital One moved this Court to reconsider its order ("Reconsideration Motion") [**DE # 1350**]. Capital One seeks reconsideration of all issues on

1

which Capital One did not prevail. Specifically, Capital One contends that the Steen Order failed to address the Capital One's arguments that:

(1) Plaintiffs' good faith and fair dealing claims under Maryland and Louisiana law fail because Capital One's deposit agreements afforded Capital One no discretion (Reconsideration Motion, p. 1);

(2) Plaintiffs' unconscionability, conversion, unjust enrichment, and Maryland Consumer Protection Act claims fail because Capital One "had no discretion to adopt a general practice of posting from low-to-high or chronologically." (*Id.*);

(3) Plaintiffs' claims are preempted by the National Bank Act because of the nondiscretionary contract language (*Id.* at 1, 6); and

(4) Plaintiff Peterson failed to plead actual harm and lacks standing. (*Id.* at 2).

Respectfully, none of Capital One's arguments have any merit.

## III. ARGUMENT

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *S.E.C. v. Huff*, 2010 WL 541634 at *1 (S.D. Fla. Feb. 9, 2010). "The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to *controlling decisions or data* that the court overlooked." *United States v. Zarabozo*, 2008 WL 5062463 at *1 (S.D. Fla. Nov. 26, 2008) (emphasis in original). A motion for reconsideration must be denied unless the movant clearly establishes: (1) a material intervening change in controlling law; (2) the availability of new evidence justifying reversal of the court's previous decision; or (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); *also 1550 Brickell Assocs. v. QBE Ins. Co.*, 597 F. Supp. 2d 1334, 1335-36 (S.D. Fla. 2009); *Sanzone v. Hartford*

*Life and Acc. Ins. Co.*, 519 F. Supp. 2d 1250, 1255-56 (S.D. Fla. 2007); *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1311-12 (S.D. Fla. 2007). Motions for reconsideration are inappropriate when "a party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Sanzone*, 519 F. Supp. 2d at 1255. Instead, reconsideration "is appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1255-56; *also Burger King*, 181 F. Supp. 2d at 1369 ("A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments"); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 491 (M.D. Fla. 1999) (finding it "improper for parties to use a motion to reconsider to make the points they could have and should have made in their earlier pleadings"); *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

Capital One cannot satisfy any of these standards. Rather, they seek to run afoul of the longstanding rule that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected." *Busby v. JRHBW Realty, Inc.*, 642 F. Supp. 2d 1283, 1288 (N.D. Ala. 2009) (citation omitted). It is well-settled that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Michael*

3

*Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *accord, American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (motion for reconsideration must not afford a litigant "two bites at the apple"); *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) ("[n]or may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order.").

      A.    **Capital One Had Discretion as to How its Overdraft Scheme Would Be Implemented.**

Defendant argues that Plaintiffs' implied covenant, unconscionability, conversion, and unjust enrichment claims, as well as Plaintiffs' Maryland Consumer Protection Act claims, fail because Capital One's deposit agreement afforded it no discretion. (Reconsideration Motion, pp. 1, 3-6). Capital One further argues that such non-discretionary language acts to preempt Plaintiffs' claims under the National Bank Act. (*Id.* at 1, 6-7). Capital One makes this argument despite the clear language of the deposit agreement affording it discretion. As noted in Plaintiffs' Opposition:

> The Deposit Agreement specifically provides that Capital One "may in [its] ***sole discretion, and without obligation,*** elect to pay checks and items drawn on your deposit account or to permit automatic bill payments and withdraws against your account for an amount in excess of your available balance (an "Overdraft")." [**DE # 1161-2**, p. 10] (emphasis added). Further, in the section regarding the order of debits, the agreement merely states that payments will "***generally*** be posted to your account in descending order[.]" *Id.* at 9 (emphasis added). And further, the agreement even states that "[y]ou understand and agree that you have no right to overdraw your account at any time, for any reason, and our decision to pay Overdraft items is solely within our discretion." *Id.* at 10.

Opposition Brief, pp. 4-5 (emphasis added in original).

The Omnibus Order already evaluated deposit agreement that, like Capital One, used the term "generally" to describe policies on the processing of transactions. *See* Opposition Brief, p.

4

5 ("*See* Feb. 2008 Wachovia Deposit Agreement, § 12 ('Although we generally pay larger items first, we are not obligated to do so'); Jan. 2009 Union Bank Deposit Agreement, p. 42 ('We will generally pay larger checks and transactions first.  However, we are not obligated to do so'); Feb. 2009 Citibank Client Manual, pp. 32-33 ('we generally will utilize the following payment hierarchy'"). Capital One's frivolous motion for reconsideration simply asks this Court to relitigate issues that were decided in the Omnibus Order and should be denied.

      **B.**      **The Court's Order Addressed Capital One's Arguments on Preemption.**

As Capital One concedes in its motion for reconsideration, this Court rejected the preemption argument advanced in the Omnibus Motion to Dismiss filed in the actions against the First Tranche banks.  *See* Reconsideration Motion, p. 6.  At the outset of the Court's Order pertaining to Capital One's motion to dismiss, the Court explicitly stated:

> The Court's March 11, 2010 Omnibus Order Denying Motions to Dismiss (DE # 305) is incorporated into this Order by reference and the Court will restate neither the factual background nor legal basis for those opinions.  After careful consideration of the parties' legal arguments and for the reasons set forth below, the Court determines that Defendants' Motions must be denied on the merits except as to the limited exceptions to be discussed below.  The Court notes that, for the most part, neither Commerce Bank, nor Comerica, nor Capital One have provided this Court with any basis for variance from its earlier rulings on prior motions to dismiss filed in this ongoing multi-district litigation ("MDL").

*See* Steen Order, pp. 1-2.  Thus, this Court made it clear that none of the arguments advanced by Capital One with respect to preemption or the purported lack of discretion in the language of its Deposit Agreement, had provided it with any basis for changing its earlier ruling and that the only departure from that ruling would be as outlined in the March 21st Order.  *Id.*

Clearly, this Court considered and rejected Capital One's arguments regarding preemption.  Capital One's attempt to suggest that this Court did not address these issues is belied by the plain language of this Court's order.  Capital One's attempt to rehash arguments

5

that were considered and rejected in the Court's underlying order is improper and should be rejected.

### C. Plaintiff Peterson Has Standing and Alleged Sufficient Facts Regarding Capital One's Reordering Scheme.

Capital One rehashes its Motion to Dismiss arguments that Plaintiff Peterson "fails to state a plausible entitle to relief and lacks standing." (Reconsideration Motion at 7-8). Plaintiffs previously addressed this argument:

> Plaintiff Peterson has properly alleged injury and causation relating to the reordering scheme, and thus has standing to pursue such claims. After laying out in painstaking detail how Defendants' reordering scheme (and related business practices) affected *all* the Plaintiffs, including Mr. Peterson, Plaintiffs pled that Mr. Peterson, like Ms. Steen and Mr. Menyweather, was also "wrongfully charged….overdraft fees on multiple occasions [which] occurred as a result of Capital One's manipulation and re-ordering of Mr. Peterson's debit card transactions." (SAC ¶ 78). The result of Capital One's scheme "deprived Plaintiffs and the Classes of significant funds, causing ascertainable monetary losses and damages." (SAC ¶ 84). Capital One's assertion that Peterson "does not allege anywhere in the Complaint that he incurred multiple overdraft fees in a single day" ignores the first seventeen pages of the SAC, which lays these allegations out in great detail. Plaintiff Peterson details the scheme employed by Defendants, properly alleges causation and injury in fact as a result of that scheme, and thus has satisfied Rule 12(b)(6) and has standing to pursue the pled claims. *See, e.g., Overdraft Order*, 694 F. Supp. 2d at 1325 (finding other overdraft plaintiffs met standing requirements with allegations "that the actions of Defendant banks, in manipulating and reordering Plaintiffs' debit transactions, are deceptive and do *not* comply with the terms of the contract").

Opposition Brief at 17-18.

Capital One's arguments on this point were previously considered and rejected by the Court, and Capital One's Motion for Reconsideration is nothing but an attempt to relitigate issued decided by this Court on numerous occasions.

**IV.     CONCLUSION**

For the reasons set forth above, Capital One's motion for reconsideration should be denied. Should the Court determine that any of Plaintiffs' claims are subject to dismissal, Plaintiffs respectfully request leave to replead such claims pursuant to Rule 15.

Dated: May 5, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

8

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596