**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS
BASED ON CANCELLATION OF DEPOSITIONS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") scheduled depositions of two Plaintiffs in Albuquerque, New Mexico to take place on April 28 and 29. Plaintiffs Marc Martinez and Ivy Graham had to take time off of work, secure substitute coverage at work, arrange for child-care, and take time to meet with their counsel so they could attend the depositions Wells Fargo noticed. One of Plaintiffs' attorneys took a 5:00 AM flight from Seattle to Albuquerque on the morning of April 28 to meet with these Plaintiffs in advance of the depositions. Wells Fargo then cancelled the depositions the night before the first was set to begin. These facts are not in dispute.

Rule 30(g) and the cases applying it are clear. When a party schedules a deposition and then cancels it on short notice, sanctions are warranted. Wells Fargo's claim that its conduct was in good faith and excusable based on the Supreme Court's ruling in *AT&T Mobility v. Concepcion* ignores this Court's previous ruling. Moreover, case law is clear that a party's opinion as to whether a deposition is still warranted is no basis to unilaterally cancel a deposition at the last minute. In a desperate attempt to turn the spotlight away from its own conduct, Wells Fargo offers a litany of complaints regarding efforts to schedule other depositions. Wells Fargo's recitations are not only irrelevant and largely inaccurate, the correspondence Wells Fargo attached to its opposition merely highlights Wells Fargo's counsel's heavy-handed tactics and attempts to inconvenience named Plaintiffs wherever possible.

### A. Wells Fargo's Last Minute Cancellations Warrant Sanctions

Courts imposing sanctions under Federal Rule 30(g) based on a party's failure to attend a deposition it noticed focus on the burden placed on the opposing party, and whether the notice the cancelling party provided was reasonable. *See Miller v. Dyadic Int'l, Inc*., 2008 U.S. Dist LEXIS 109509, *6-8 (S.D. Fla. May 20, 2008). *Miller* specifically found last minute notice of cancellation to be unreasonable and sanctionable. *Id*. Other courts have also held this kind of last minute notification to be unreasonable. *See Root Bros. Farms v. Mak*, 2007 U.S. Dist. LEXIS 71260, *8 (S.D.N.Y. Sept. 25, 2007) (holding that a voicemail to plaintiff's counsel over the weekend to cancel a deposition scheduled for Monday was insufficient notice).

Here, Wells Fargo cancelled the night before – after Plaintiffs' counsel had flown in from out of state, met with the Plaintiffs, and after each Plaintiff had made significant personal efforts to attend.

Wells Fargo argues that it acted in good faith and was nevertheless justified in cancelling these depositions based on the Supreme Court's decision in *Concepcion* issued earlier that day. Yet, Wells Fargo knew that this Court had previously made clear that any decision in *Concepcion* would not resuscitate rights to pursue arbitration if a party had already waived those rights. [**DE #855**]. At the time the Court issued that Order, Wells Fargo had been litigating this case for over 16 months. It has now litigated these proceedings for 22 months. During this time, the parties have engaged in extensive motion practice, participated in multiple depositions – many that Wells Fargo scheduled, conducted extensive document discovery, engaged experts, and have been fully engaged in litigation in this Court. If a first tranche defendant waived its right to compel arbitration six months ago, the passage of six more months has not made its position better.

Even if this Court had not previously ruled that first tranche defendants waived their right to compel arbitration, any purported change in the law caused by *Concepcion* still did not give Wells Fargo the right to unilaterally cancel depositions at the last minute. "It is not up to an individual party to decide which discovery is appropriate and when." Miller at *6, quoting *Kilby v. Ilgen (In re Kilby)*, 196 B.R. 627, 631 (Bankr. M.D. Fla. 1996). If Wells Fargo wanted to cancel depositions it noticed, the proper course of action would be to file a motion with the Court. *Id*.

Nor was it reasonable, or in good faith, for Wells Fargo to try to impose a condition under which it would agree to conduct the depositions it noticed. As the correspondence attached to its opposition shows, Wells Fargo attempted to exact legal concessions as a condition to proceeding with the named Plaintiffs' depositions it had previously scheduled. *See* Declaration of David Jolley Ex. B [**DE # 1405-2**].

### B. Wells Fargo's Litany Regarding other Depositions is Irrelevant and Misleading

Recognizing that it cannot justify its conduct regarding the last-minute cancellation of the depositions of Plaintiffs Marc Martinez and Ivy Graham, Wells Fargo offers a litany of complaints regarding other depositions. Aside from being marginally relevant at best, Wells Fargo's attempts to cast aspersions on Plaintiffs' conduct and to portray this as a bilateral discovery dispute is inaccurate. The record Wells Fargo attached to its opposition shows the extent to which Plaintiffs have tried to accommodate Wells Fargo's demands and the lack of collegiality and basic decency Wells Fargo has exhibited in ever-increasing measures.

In contrast with the months it took Wells Fargo to produce witnesses in response to a 30(b)(6) deposition notice (*see* Declaration of Genessa Stout, ¶ 9 [**DE # 1382 Ex. C**]), Wells Fargo has demanded that each of the named Plaintiffs make themselves available for deposition in short order. *See* Jolley Decl. Exs. E, I [**DE #1405-5, 9**]. Plaintiffs have done their best to comply with Wells Fargo's demands, and the depositions of five named Plaintiffs have already been completed.[1]

Two depositions had to be cancelled for reasons beyond Plaintiffs' control. Melanie Garcia arrived in Miami on the afternoon of March 18 for her deposition the following day.[2] Upon her arrival, Ms. Garcia returned a call from the law firm with which she is scheduled to begin a clerkship this summer. Upon returning the call, Ms. Garcia was informed for the first time that the firm represents Wachovia/Wells Fargo, and that she would need to immediately

---

[1] Wells Fargo has already deposed Plaintiffs' Alex Zankich, William Rucker, Michael Dehn, Murlee Damour, and Anthony Poulin. Each of these Plaintiffs appeared at the location selected by Wells Fargo. Mr. Zankich travelled from Austin, Texas to Seattle, Washington to comply with Wells Fargo's demand. Murlee Damour and Anthony Poulin each travelled from New Jersey to Miami at Wells Fargo's insistence.

[2] Ms. Garcia is a law student at Georgetown University and travelled from Washington D.C. to Miami, at Wells Fargo's insistence, for her deposition.

withdraw as a named Plaintiff in this litigation if she desired to keep her clerkship. *See* Jolley Decl. Ex. F [**DE # 1405-6**]. Contrary to Wells Fargo's mischaracterization, Ms. Garcia's sole reasons for not going forward with her deposition the following day was because one of the law firms representing Wachovia/Wells Fargo presented her with the ultimatum; continuing with this case and forfeit her clerkship, or withdraw as a named Plaintiff and retain the clerkship. Ms. Garcia reluctantly chose to withdraw as a named Plaintiff to protect her future legal career. [**DE # 1363**]. Under these circumstances, Ms. Garcia had a legitimate concern that proceeding with her deposition the next day also could have resulted in the loss of her clerkship. While Plaintiffs have no evidence at this time that Wells Fargo had a direct hand in presenting this ultimatum to Ms. Garcia on the eve of her deposition, Wells Fargo's assertion that it could have – but did not – seek sanctions based on the last-minute deposition cancellation by Ms. Garcia rises to the height of effrontery under these circumstances.

Wells Fargo mischaracterizes the events resulting in the postponement of Plaintiff Frances Pinckney's deposition. Ms. Pinckney was in the Atlanta airport on March 25, awaiting her departure for Miami to meet with counsel in preparation for her deposition the following day, when her flight was cancelled due to the outbreak of a large fire at Miami International Airport. *See* Jolley Decl. Exs. G, H [**DE # 1405-7, 8**]. Wells Fargo states that Ms. Pinckney "refused to look into taking a later flight." Opposition at 7. This is not supported by the record, especially where virtually all incoming flights to Miami were cancelled that day and the following day. *See* Exhibit A (attached hereto). Even if Ms. Pinckney could have found a flight on Saturday, she was unable to sit for a deposition on Sunday; she is a minister and needed to be in attendance at church services in Atlanta the following day. Moreover, since the forced postponement of her original deposition due to circumstances clearly beyond her control, Ms. Pinckney has offered to

make herself to be deposed on no fewer than 25 different dates between April 18 and May 26. *See* Jolley Decl. Ex. J [**DE # 1405-10**].

No matter how hard it tries, Wells Fargo cannot avoid the fact that it was the party which scheduled, and then cancelled, the depositions at issue in this motion. On April 1, Wells Fargo requested that Plaintiffs provide dates for depositions of eight Plaintiffs beginning on April 11. Wells Fargo asked that six of these Plaintiffs travel to Miami to be deposed. *Id*. at Ex. I [**DE # 1405-9**]. Days later, Wells Fargo demanded dates for three additional Plaintiffs' depositions on short notice. The parties ultimately agreed on dates and locations for six of the depositions.[3] Some Plaintiffs were unable to arrange their schedules on short notice to accommodate Wells Fargo's demands. Rather than attempting to accommodate, Wells Fargo simply served deposition notices on dates of its own choosing, demanding that each Plaintiff appear on the appointed date and location of Wells Fargo's choosing or withdraw as a class representative. *Id*. at Exs. N, O [**DE # 1405-13, 14**].

### C. Sanctions Sufficient to Deter Wells Fargo's Conduct are Warranted

In fostering obstruction and delay of this litigation, Wells Fargo stands without equal. The question is not whether Wells Fargo's last minute cancellation of these depositions warrants sanctions – that is a straightforward matter of applying Rule 30(g). The issue is what sanction is appropriate to finally cause Wells Fargo to consistently abide by this Court's rulings, the rules of civil procedure, and the mores of common decency. Plaintiffs submit that more than monetary

---

[3] These included the depositions of Marc Martinez and Ivy Graham on April 28 and 29 in Albuquerque, New Mexico; Celia Spears-Haymond on May 2 in San Francisco, California; Edward Wickman and Karen Wickman on May 12 and 13 in Sacramento, California; and Dolores Guttierrez on May 16 in Portland, Oregon.

sanctions is in order, and that the appropriate sanction in this instance is to preclude Wells Fargo from re-scheduling the depositions of Marc Martinez and Ivy Graham.

Dated: May 5, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596