# **EXHIBIT 1**

# WILMERHALE

**Christopher R. Lipsett**

+1 212 230 8880(t)
+1 212 230 8888(f)
chris.lipsett@wilmerhale.com

May 5, 2011

**VIA E-MAIL AND FIRST CLASS MAIL**

Robert C. Gilbert, Esq.
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, Eleventh Floor
Coral Gables, Florida 33134

Re:   Claims of Estella A. Lopez set forth in *Lopez v. JPMorgan Chase Bank, N.A.*,
      S.D. Fla. Case No. 1:09-cv-23127-JLK

Dear Bobby:

As you know, this firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-mentioned action. I am writing to you respecting the claims of your client Estella A. Lopez, identified as a named plaintiff in the operative complaint in the action. As you know, and as the complaint alleges, the relationship between Chase and Ms. Lopez is subject to a written contract that contains an agreement, on election by either party, to settle by arbitration the kinds of claims advanced by your client in the complaint.

Chase elects to invoke the arbitration agreement. Chase demands that, if your client seeks to pursue her claims advanced in the complaint, she shall do so by initiating an arbitration proceeding as specified in the parties' agreement rather than litigation in court. Unless your client dismisses her claims in the court litigation, or stipulates to a stay of the court litigation in favor of arbitration, Chase intends to file a motion in the district court requesting such a stay pursuant to the Federal Arbitration Act.

If your client chooses to initiate an arbitration, the individual nature of the proceeding and the applicable procedures are set forth in the agreement and (to the extent not inconsistent) the applicable published rules of the arbitration administrators agreed to in the agreement. In addition to costs specifically provided for according to those terms, if your client requests it Chase will agree to pay all of the arbitration administrator's customary fees and charges incurred in arbitration of the claims advanced by your client in this matter.

If we are unable to resolve the parties' dispute informally, arbitration appears to hold open the best opportunity for a prompt, fair, and efficient resolution of your client's dispute. Chase is committed to making the arbitration process work as well as possible. If you anticipate any difficulties or potential roadblocks to the arbitration process for your client, please contact me to see if Chase can agree to any accommodations to facilitate the process, speed it up, or resolve any cost or burden concerns.

WILMERHALE

Robert C. Gilbert, Esq.
May 5, 2011
Page 2

Best regards,

Christopher R. Lipsett

Case 1:09-md-02036-JLK   Document 1444-1   Entered on FLSD Docket 05/06/2011   Page 3 of 9

# WILMERHALE

**Christopher R. Lipsett**

+1 212 230 8880 (t)
+1 212 230 8888 (f)
chris.lipsett@wilmerhale.com

May 5, 2011

**VIA E-MAIL AND FIRST CLASS MAIL**

Robert C. Gilbert, Esq.
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, Eleventh Floor
Coral Gables, Florida 33134

Re:   Claims of Linda McDaniel set forth in *Lopez v. JPMorgan Chase Bank, N.A.*, S.D. Fla. Case No. 1:09-cv-23127-JLK

Dear Bobby:

As you know, this firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-mentioned action. I am writing to you respecting the claims of your client Linda McDaniel, identified as a named plaintiff in the operative complaint in the action. As you know, and as the complaint alleges, the relationship between Chase and Ms. McDaniel is subject to a written contract that contains an agreement, on election by either party, to settle by arbitration the kinds of claims advanced by your client in the complaint.

Chase elects to invoke the arbitration agreement. Chase demands that, if your client seeks to pursue her claims advanced in the complaint, she shall do so by initiating an arbitration proceeding as specified in the parties' agreement rather than litigation in court. Unless your client dismisses her claims in the court litigation, or stipulates to a stay of the court litigation in favor of arbitration, Chase intends to file a motion in the district court requesting such a stay pursuant to the Federal Arbitration Act.

If your client chooses to initiate an arbitration, the individual nature of the proceeding and the applicable procedures are set forth in the agreement and (to the extent not inconsistent) the applicable published rules of the arbitration administrators agreed to in the agreement. In addition to costs specifically provided for according to those terms, if your client requests it Chase will agree to pay all of the arbitration administrator's customary fees and charges incurred in arbitration of the claims advanced by your client in this matter.

If we are unable to resolve the parties' dispute informally, arbitration appears to hold open the best opportunity for a prompt, fair, and efficient resolution of your client's dispute. Chase is committed to making the arbitration process work as well as possible. If you anticipate any difficulties or potential roadblocks to the arbitration process for your client, please contact me to see if Chase can agree to any accommodations to facilitate the process, speed it up, or resolve any cost or burden concerns.

WILMERHALE

Robert C. Gilbert, Esq.
May 5, 2011
Page 2

Best regards,

Christopher R. Lipsett

# WILMERHALE

**Christopher R. Lipsett**

+1 212 230 8880(t)
+1 212 230 8888(f)
chris.lipsett@wilmerhale.com

May 5, 2011

### VIA E-MAIL AND FIRST CLASS MAIL

Robert C. Gilbert, Esq.
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, Eleventh Floor
Coral Gables, Florida 33134

Re:   Claims of Charles Reed, Jr. set forth in *Lopez v. JPMorgan Chase Bank, N.A.*,
S.D. Fla. Case No. 1:09-cv-23127-JLK

Dear Bobby:

      As you know, this firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-mentioned action. I am writing to you respecting the claims of your client Charles Reed, Jr., identified as a named plaintiff in the operative complaint in the action. As you know, and as the complaint alleges, the relationship between Chase and Mr. Reed is subject to a written contract that contains an agreement, on election by either party, to settle by arbitration the kinds of claims advanced by your client in the complaint.

      Chase elects to invoke the arbitration agreement. Chase demands that, if your client seeks to pursue his claims advanced in the complaint, he shall do so by initiating an arbitration proceeding as specified in the parties' agreement rather than litigation in court. Unless your client dismisses his claims in the court litigation, or stipulates to a stay of the court litigation in favor of arbitration, Chase intends to file a motion in the district court requesting such a stay pursuant to the Federal Arbitration Act.

      If your client chooses to initiate an arbitration, the individual nature of the proceeding and the applicable procedures are set forth in the agreement and (to the extent not inconsistent) the applicable published rules of the arbitration administrators agreed to in the agreement. In addition to costs specifically provided for according to those terms, if your client requests it Chase will agree to pay all of the arbitration administrator's customary fees and charges incurred in arbitration of the claims advanced by your client in this matter.

      If we are unable to resolve the parties' dispute informally, arbitration appears to hold open the best opportunity for a prompt, fair, and efficient resolution of your client's dispute. Chase is committed to making the arbitration process work as well as possible. If you anticipate any difficulties or potential roadblocks to the arbitration process for your client, please contact me to see if Chase can agree to any accommodations to facilitate the process, speed it up, or resolve any cost or burden concerns.

WILMERHALE

Robert C. Gilbert, Esq.
May 5, 2011
Page 2

Best regards,

*[signature]*

Christopher R. Lipsett

**WILMERHALE**

**Christopher R. Lipsett**

+1 212 230 8880(t)
+1 212 230 8888(f)
chris.lipsett@wilmerhale.com

May 5, 2011

**VIA E-MAIL AND FIRST CLASS MAIL**

Robert C. Gilbert, Esq.
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, Eleventh Floor
Coral Gables, Florida 33134

Re:   Claims of John C. Stone set forth in *Lopez v. JPMorgan Chase Bank, N.A.*,
      S.D. Fla. Case No. 1:09-cv-23127-JLK

Dear Bobby:

      As you know, this firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-mentioned action. I am writing to you respecting the claims of your client John C. Stone, identified as a named plaintiff in the operative complaint in the action. As you know, and as the complaint alleges, the relationship between Chase and Mr. Stone is subject to a written contract that contains an agreement, on election by either party, to settle by arbitration the kinds of claims advanced by your client in the complaint.

      Chase elects to invoke the arbitration agreement. Chase demands that, if your client seeks to pursue his claims advanced in the complaint, he shall do so by initiating an arbitration proceeding as specified in the parties' agreement rather than litigation in court. Unless your client dismisses his claims in the court litigation, or stipulates to a stay of the court litigation in favor of arbitration, Chase intends to file a motion in the district court requesting such a stay pursuant to the Federal Arbitration Act.

      If your client chooses to initiate an arbitration, the individual nature of the proceeding and the applicable procedures are set forth in the agreement and (to the extent not inconsistent) the applicable published rules of the arbitration administrators agreed to in the agreement. In addition to costs specifically provided for according to those terms, if your client requests it Chase will agree to pay all of the arbitration administrator's customary fees and charges incurred in arbitration of the claims advanced by your client in this matter.

      If we are unable to resolve the parties' dispute informally, arbitration appears to hold open the best opportunity for a prompt, fair, and efficient resolution of your client's dispute. Chase is committed to making the arbitration process work as well as possible. If you anticipate any difficulties or potential roadblocks to the arbitration process for your client, please contact me to see if Chase can agree to any accommodations to facilitate the process, speed it up, or resolve any cost or burden concerns.

WILMERHALE

Robert C. Gilbert, Esq.
May 5, 2011
Page 2

Best regards,

Christopher R. Lipsett