UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**MOTION TO EXTEND TIME FOR
COURT-ORDERED PRODUCTION OF DOCUMENTS**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for temporary relief from this

Court's Order on Motion for Reconsideration or, in the Alternative, for Clarification of the

February 26, 2011 Order Ruling on Plaintiffs' Motion to Compel Discovery (D.E. 1308),

requiring a supplemental production of documents by Wells Fargo on May 10, 2011.

This request is based on issues arising from the recent Supreme Court decision of *AT&T Mobility v. Concepcion*, 562 U.S. ___, 2011 WL 1561956 (Apr. 27, 2011) ("*AT&T Mobility*"). As this Court is aware, the Supreme Court's decision has prompted an emergency motion to stay (D.E. 1383) and a motion for immediate status conference (D.E. 1421) from Wells Fargo; an emergency motion to stay and to extend time to respond to class certification motions (which will be joined in by Wells Fargo), from co-first tranche defendant JP Morgan Chase (D.E. 1444, 1450); a motion to compel arbitration and stay proceedings by U.S. Bank, in a case not yet assigned to any tranche (D.E. 1406), and remands from the Eleventh Circuit Court of Appeals in five second-tranche cases (*Buffington v. SunTrust Banks, Inc.*, No. 10-12373 (11th Cir. Apr. 28, 2011); *Powell-Perry v. Branch Banking and Trust Co.*, No. 10-12374, 2011 WL 1659559 (11th Cir. Apr. 28, 2011); *Barras v. Branch Banking and Trust Co.*, No. 10-12377, 2011 WL 1659562 (11th Cir. Apr. 28, 2011); *Given v. M&T Bank Corp.*, No. 10-12375 (11th Cir. Apr. 29, 2011); *Hough v. Regions Fin. Corp.*, No. 10-12376 (11th Cir. Apr. 29, 2011)).

Wells Fargo and plaintiffs are at complete odds in regard to the effect of *AT&T Mobility* on future proceedings in this litigation. Unfortunately, although plaintiffs assert that *AT&T Mobility* does not require arbitration of their claims and that Wells Fargo long ago waived its arbitration rights (*see* DE 1410), they also simultaneously insist that any action taken by Wells Fargo in this litigation, including participation in ongoing discovery activities, would constitute a new waiver of those rights. Because there is case law in the Eleventh Circuit indicating that participation in discovery activities after the Supreme Court issues a precedent-changing decision can constitute a waiver, *see Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1544 (11th Cir. 1990), Wells Fargo can therefore proceed with discovery pending the Court's decision on the

arbitration issue only with plaintiffs' agreement – which they refuse to give – that such action would not constitute a new waiver.

Accordingly, to avoid such waiver, Wells Fargo asks this Court to extend the time for the document production in question until whenever the Court is available to hold a status conference, at which time discussion of the future progress of the case against Wells Fargo and others will certainly be reviewed.   The requested extension of time is supported by Eleventh Circuit precedent recognizing that discovery and other litigation activities are appropriately stayed pending resolution of a non-frivolous request for arbitration.  *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004).

Plaintiffs would suffer no prejudice from the short extension sought in this motion, as they have no upcoming obligations for which this production is required.   Plaintiffs have filed their motions for class certification, and the Court's schedule contemplates that the primary activity now underway in these cases is discovery *from plaintiffs* in preparation for defendants' oppositions to class certification.  Thus, the only party likely to be prejudiced by the recent and ongoing delays in discovery is Wells Fargo itself.  Nonetheless, to avoid any possible question about Wells Fargo seeking to avoid its obligations in this proceeding, except as is proper to protect itself against a waiver argument, Wells Fargo will be prepared, if the Court wishes, to lodge with the Court a CD containing the supplemental production.

As shown in the certificate below, notwithstanding the dilemma faced by Wells Fargo and the lack of any demonstrable prejudice to plaintiffs by agreeing either to a short stay in these proceedings or to a stipulation that continuing discovery in the interim will not constitute a waiver, plaintiffs have refused to agree.

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3), Wells Fargo certifies that it conferred through counsel with plaintiffs in a good faith effort to resolve the scheduling of the status conference addressed in this motion. Plaintiffs oppose this motion.

Respectfully submitted,

DATED:  May 9, 2011                              HUNTON & WILLIAMS LLP

By:  /s/ Barry R. Davidson

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

    /s/ Barry R. Davidson

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

1