IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:09-MD-2036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Jessica Duval v. Citizens Financial Group, Inc.*
N.D. Ill. Case No. 10-cv-00533
S.D. Fla. Case No. 1:10-cv-21080-JLK

*Eric Daniels v. Citizens Financial Group, Inc.*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. 1:10-cv-22014-JLK

*Michael L. Blankenship v. RBS Citizens, N.A.*
D.R.I. Case No. 10-163S
S.D. Fla. Case No. 1:10-cv-22942-JLK

REPLY BRIEF IN SUPPORT OF MOTION OF
RBS CITIZENS, N.A. AND CITIZENS BANK OF PENNSYLVANIA
TO COMPEL PRODUCTION OF DOCUMENTS BY PLAINTIFFS

The scope of discovery is defined by Federal Rule of Civil Procedure 26, not by Plaintiffs' incorrect interpretation of the law or their unproven theories of the case. Defendants are entitled to discover information that is relevant to the case or that is calculated to lead to the discovery of admissible evidence, and that includes information that would tend to refute Plaintiffs' legal theories and class certification arguments. According to Plaintiffs, however, they say they win, so therefore, they must. But that is not how litigation works. Plaintiffs' arguments as to why the documents Defendants seek are irrelevant must be rejected. And they must be seen for what they are – arguments about the weight or persuasiveness of the information rather than the discoverability of that information. Defendants seek the discovery at issue not to harass or intimidate Plaintiffs, but because they need the discovery to have a full and fair opportunity to oppose class certification and to defend themselves on the merits.

With respect to reliance and causation, Plaintiffs misstate the applicable case law for some jurisdictions and completely ignore Defendants' case support for others. The case law demonstrates that reliance and/or causation are necessary elements of Plaintiffs' unfair trade practice claims, thus making discovery going to those issues critical to the ability of Defendants to refute those claims. With respect to class certification, Plaintiffs seem to expect this Court and Defendants to take their word for it that they are adequate representatives and that the requirements of typicality and predominance are met. But Defendants get to discover and present evidence in opposing class certification, and the Court has to make findings so that the requirements of Federal Rule of Civil Procedure 23 are met. Defendants have presented case authority holding that the types of documents requested are relevant to these class certification questions and should be produced.

Plaintiffs' assertions of undue burden are also wholly unsupported. Plaintiffs have not disclosed the volume of responsive documents, nor have they made any attempt to work with Defendants to narrow the scope of their requests. For all of these reasons, Defendants' Motion To Compel should be granted.

I.     **THE ISSUES RAISED HERE HAVE NOT BEEN FULLY DECIDED.**

Plaintiffs incorrectly claim that the issues raised by Defendants' Motion have already been decided by the Court in its ruling on Defendants' earlier motion to dismiss. (Pl. Opp. at 2-4.) But Defendants have raised additional arguments that were not previously before the Court (*see, e.g.*, pages 8-9, *supra*), and all of the arguments are more fully developed, including a discussion of case law and other supporting material. A simple comparison of the briefs would show that.

II.    **INFORMATION ABOUT OVERDRAFT POLICIES APPLICABLE TO PLAINTIFFS' ACCOUNTS AT OTHER FINANCIAL INSTITUTIONS AND ASSOCIATED FEES IS RELEVANT AND MATERIAL.**

Plaintiffs assert that documents reflecting overdraft policies applicable to Plaintiffs' accounts at other financial institutions and overdraft fees incurred at those institutions are not relevant. First, they argue that, contrary to Defendants' position, reliance is not an element of Plaintiffs' claims under various state unfair trade practices acts. Second, they suggest that, even if reliance is at issue, information about Plaintiffs' prior experiences with, knowledge about or decision-making regarding overdrafts at other banks is irrelevant. Plaintiffs are wrong on both counts.

    A.     **Reliance And Causation Are At Issue In This Case.**

Reliance and causation are at issue in this case, and Plaintiffs have not proven otherwise. And contrary to Plaintiffs' contention, the issue of reliance under Pennsylvania law has not already been decided in this case (and even if it had been, Plaintiffs assert claims under

2

numerous state laws, not just Pennsylvania's).  Defendants' Motion To Dismiss did address the failure of Plaintiffs to plead reliance, but Plaintiffs' counsel acknowledged pleading deficiencies during oral argument and agreed to correct them.  (Hrg. Tr. 34, Nov. 4, 2010.)  The Court never ruled, as a matter of law, that Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") did not require reliance.  (*See* Order on Nov. 4, 2010 Status Conf.)

Plaintiffs also misstate the law regarding reliance under the UTPCPL.  "[T]he Supreme Court of Pennsylvania has announced and applied a broad rule that private plaintiffs must allege justifiable reliance under the Consumer Protection Law."  *Hunt v. United States Tobacco Co.,* 538 F.3d 217, 226 (3d Cir. 2008).  "That Court has categorically and repeatedly stated that, due to the causation requirement in the Consumer Protection Law's standing provision, . . . a private plaintiff pursuing a claim under the statute must prove justifiable reliance."  *Id.* at 221 (citing *Schwartz v. Rockey,* 932 A.2d 885, 897 n.16 (Pa. 2007); *Yocca v. Pittsburgh Steelers Sports, Inc.,* 854 A.2d 425, 438 (Pa. 2004)).

Contrary to Plaintiffs' unsupported assertion, this Pennsylvania Supreme Court rule requires proof of reliance to sustain Plaintiffs' purported claims under UTPCPL Section 201-2(4)(v), Section 201-2(4)(xiv) and the "catchall" provision of Section 201-2(4)(xxi).  *See Hunt,* 538 F.3d at 225-26 (reliance required under all sections of UTPCPL, including Sections 201-2(4)(xiv) and xxi); *Tran v. Metro Life Ins. Co.*, 408 F.3d 130, 139-41 (3d Cir. 2005) (Section 201-2(4)(xiv) requires reliance); *Christopher v. First Mutual Corp.*, Civ. Action Nos. 05-0115, 05-1149, 2008 WL 1815300, at **9-11 (E.D. Pa. Apr. 22, 2008) (Section 201-2(4)(v) requires reliance).  Plaintiffs' authorities do not provide otherwise.  To the contrary, they support a finding that reliance is a necessary element here.  For example, in *Seldon v. Home Loan Services, Inc.,* 647 F. Supp. 2d 451 (E.D. Pa. 2009), the court, in setting forth the required elements for a

3

claim of deceptive conduct under the catchall provision of UTPCPL, stated: "the plaintiff must allege justifiable reliance, in other words 'that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the [defendants'] misrepresentation' or deceptive conduct." *Id.* at 470 (citing *Hunt,* 538 F.3d at 223 n.14).[1]  Clearly, Plaintiffs' must prove reliance under the UTPCPL.

As to Vermont law, Plaintiffs artificially attempt to limit Defendants' ability to get discovery by ignoring how they have pleaded their claims.  Plaintiffs purport to state a claim under "Vermont Stat. Ann. Tit. 9, §§2451 *et seq*." (Sec. Am. Compl. ¶ 139.)  Plaintiffs do not state what specific provision of the Vermont statute they invoke, nor do they state any theory of liability.  Nevertheless, Plaintiffs want to deny discovery to Defendants because, while they would have to prove reliance under one theory, they might not have to under another. (Pl. Opp. at 8.)  Unless Plaintiffs want to amend their pleading or agree to limit their theories of liability, they cannot unilaterally limit Defendants' discovery in this manner.

In addition, Plaintiffs incorrectly state that reliance is not relevant under the Vermont Consumer Fraud Act because such claims are decided under an "objective standard." (*Id.*)  But, in fact, lack of actual reliance can be dispositive of a claim under the Act. *Lang McLaughry Spera Real Estate, LLC v. Hinsdale*, 2011 Vt. 29 (2011) (Affirming summary judgment for the defendant on Consumer Fraud Act claim and stating "[a]lthough [the plaintiff] testified that he

---

[1] Although the opinion in *Lorah v. SunTrust Mortgage, Inc.,* No. 08-0703, 2010 U.S. Dist. LEXIS 134325 (E.D. Pa. Dec. 17, 2010), is silent on the precise issue of reliance, that court cites *Hunt* and *Seldon* with approval and notes that "to sufficiently plead 'deceptive' conduct, Plaintiffs' must allege a deliberately deceptive act and **resulting harm**." *Id*. at *19 (emphasis added) (citing *Seldon,* 647 F. Supp. 2d at 470).  The other two cases cited by Plaintiffs are not on point because they are actions brought by the Pennsylvania Attorney General – not by private plaintiffs. *See Pa. Dep't of Banking v. NCAS of Del., L.L.C.,* 995 A.2d 422 (Pa. Commw. Ct. 2010) (cited at Pl. Opp. at 7); *Commonwealth v. Percudani,* 825 A.2d 743 (Pa. Commw. Ct. 2003) (cited at Pl. Opp. at 7).

was upset with the commission split, there is no indication that the commission split affected the [plaintiff's] decision to retain [the defendant].") (*Id*. at ¶ 35.) Thus, Defendants are entitled to discover evidence going to Plaintiffs' lack of actual reliance in this case.

Finally, Plaintiffs do not even attempt to address Defendants' arguments on causation. Although Defendants cite cases under New York and Massachusetts law holding that causation is an element of Plaintiffs' claim under those states' unfair trade practices laws, Plaintiffs make no mention whatsoever of those states' laws. And Plaintiffs' argument that Vermont law does not require causation is plainly wrong. *Lang*, 2011 Vt. 29, at ¶ 32 (plaintiff must prove "injury as a result of any false or fraudulent representations or practices" of defendant) (quotation and citation omitted).

**B.     Plaintiffs' Experience With Overdraft Policies And Overdraft Fees On Other Accounts Is Relevant To Reliance, Causation And Class Certification Issues.**

To prove reliance and causation, Plaintiffs must show that Defendants' disclosures somehow impacted Plaintiffs' decision to make the purchases that resulted in the overdraft fees for which they are seeking damages. (*See* Mot. To Compel at 6-7 and cased cited.) Defendants seek discovery regarding Plaintiffs' past experience with overdraft policies, practices, and fees because it could reveal insights into Plaintiffs' decision-making that led to transactions resulting in overdrafts. Plaintiffs' prior decision-making in this regard – especially as it may or may not have been impacted by bank disclosures – is relevant and material to the reliance and causation issues.

In an attempt to refute the obvious relevance of this information, Plaintiffs resort to mischaracterizing Defendants' position. They say that Defendants are "imputing knowledge of Citizens' overdraft scheme on Plaintiffs if they have debit card accounts at other financial institutions." (Pl. Opp. at 10.) They then complain that the argument "assumes that all of the

5

banks' policies, practices, and language in their deposit agreements are identical, which is not the case."[2] (*Id.*) But this is a straw man: Defendants have not argued either of these points. By misstating the argument, Plaintiffs seek to avoid addressing the real reason Defendants want these documents: to learn what circumstances generally gave rise to Plaintiffs' prior over-drafting decision-making and behavior, and what specific impact, if any, other banks' disclosures had on that decision-making and behavior. If some Plaintiffs incurred overdrafts at other banks whose disclosures were allegedly clearer or despite knowing how the other banks' posted transactions to their accounts, that would be probative evidence that Plaintiffs' knowledge of posting order did not affect their decisions. And if that is the case, it is highly unlikely that any different disclosures by Defendants would have affected Plaintiffs' conduct in incurring overdrafts. The discovery is therefore relevant and material to how Defendants' disclosures "impacted [P]laintiffs' decision to enter into the [] transaction[s]" that resulted in the overdraft fees for which they are seeking damages. *Jones v. Aames Funding Corp.,* No. 04-CV-4799, 2006 WL 2845689, at *11 (E.D. Pa. Mar. 7, 2006).

      The requested discovery also is relevant and material to class certification, as Defendants previously demonstrated. (Mot. To Compel at 7-10.) Plaintiffs decline to address Defendants' arguments and cases; instead, they toss out conclusory assertions without any analysis or supporting authority. For example, with respect to typicality, Plaintiffs ignore the entire issue of unique defenses and baldly state, "Documents regarding Other Bank Accounts have no probative value on typicality." (Pl. Opp. at 11.) Similarly, with respect to the antagonistic interests present when a particular plaintiff's conduct gives rise to unique defenses, Plaintiffs simply assert that

---

[2] Plaintiffs seem to suggest that Plaintiffs' knowledge of other banks' policies, practices and disclosures could be relevant assuming sufficient similarity with Defendants'.

6

they "all have strong interests in proving Citizens' wrongdoing and obtaining redress. There is no conflict in their interests." (*Id.*) If defendants had to take such statements by plaintiffs as true in litigation, there would be no point to discovery, summary judgment motions, or trial. Plaintiffs' feeble arguments on these points must be rejected.

For these reasons, the requested documents regarding Plaintiffs' other accounts should be produced.

### III. DOCUMENTS REFLECTING PLAINTIFFS' FINANCIAL ASSETS AND SOURCES OF FUNDS AND CREDIT ARE RELEVANT AND MATERIAL TO THE MERITS AND TO CLASS CERTIFICATION.

Defendants previously showed that documents reflecting Plaintiffs' financial assets and alternative sources of funds and credit would provide key insights into the decision-making and behavior of certain "serial overdrafters," which would be relevant and material to reliance, causation, breach of contract, and mitigation of damages, as well as to class certification. (Mot. To Compel at 10-14.) In support, Defendants cited scholarly economic articles that explain that certain types of serial overdrafters deliberately and strategically use a debit card to access funds even when an overdraft will result, and others incur overdrafts even though such fees could have been avoided by using a credit card or some other source of funds. (*Id.*) Discovery regarding Plaintiffs' financial assets and sources of funds and credit could provide probative evidence as to whether any Plaintiff is one of these types of serial overdrafter.

Notably, Plaintiffs seem tacitly to concede that the availability of alternative funds and credit is generally relevant to understanding consumers' overdrafting decision-making and behavior.[3] Nevertheless, Plaintiffs assert that the discovery should not be allowed based on the

---

[3] *See* Pl. Opp. at 13 ("Since the complained of overdraft fees are incurred as the result of the bank's subsequent, behind the scene practices and are unavoidable by the consumer, alternative forms of payment are irrelevant.")

7

particular circumstances that they allege happened here. Their theory of irrelevance is that, because of the alleged opaqueness of Defendants' posting order, no Plaintiff could have known enough to strategically exploit the overdraft benefits of the account, and no Plaintiff could have known enough to avoid the overdrafting transaction by using other funds or credit. (Pl. Opp. at 12-13.) The fatal flaw in Plaintiffs' argument is that it is based not on evidence, facts, or any reasonable assessment of the proper scope of discovery under Rule 26, but on Plaintiffs' unproven allegations in the case. Again, Plaintiffs apparently believe that their allegations can be taken as true without any need for adjudication, and that the scope of discovery should be defined accordingly. But that is not the way it works. Defendants are entitled to test Plaintiffs' assertions and are entitled to discovery that bears on reliance and causation; that includes information about Plaintiffs' alternative sources of funds and credit.

Aside from Plaintiffs' irrelevancy argument based on their unproven allegation of accountholder ignorance, Plaintiffs offer little to rebut Defendants' arguments that the requested discovery would be relevant. Plaintiffs rely primarily on the notion that this Court has already decided the issue. (See Pl. Opp. at 2-4.) But as Defendants previously demonstrated, there are new, different, and better-developed arguments now before the Court.

For example, the Court did not previously issue an order on whether information about the alternative funds and credit was relevant to the contract claim. As previously discussed, it would be difficult for a Plaintiff who is a strategic serial overdrafter to prove any lost benefit of the bargain, given that he or she would have received and exploited precisely the funds availability benefit that he or she contemplated. (Mot. To Compel at 12-13.) Plaintiffs do not meaningfully analyze or respond to this argument; they simply conclude that "Citizens is the only party that has benefited from the bargain by manipulating transactions after they were made

in order to maximize overdraft fees." (Pl. Opp. at 13-14.) Saying it does not make it so. Defendants are entitled to explore whether any Plaintiffs were strategic serial overdrafters who received the exact benefit that was bargained for.

Plaintiffs also miss the mark in their attempt to refute the relevance of these documents to class certification issues. As their only argument, Plaintiffs cite *Barry B. Roseman, D.M.D., M.D., Profit Sharing Plan v. Sports & Recreation,* 165 F.R.D. 108, 113 (M.D. Fla. 1996), for the notion that personal finances of proposed class representatives have no relevance to class certification. (Pl. Opp. at 13.) But in *Roseman*, personal finance information was sought for the purpose of ascertaining the plaintiffs' ability to pay the costs of the litigation. *Roseman,* 165 F.R.D. at 113. Here, by contrast, information about Plaintiffs' sources of funds and credit is being sought because it relates to the merits and also to unique defenses that bear on class certification issues – not because it relates to Plaintiffs' ability to pay for the litigation. (Mot. To Compel at 13-14.) *Roseman* is thus inapposite on this issue. For the reasons previously provided, the alternative funds and credit discovery is plainly relevant to class certification and should be produced. (*Id.*)

## IV.     PLAINTIFFS' OTHER REASONS FOR NONPRODUCTION ARE NOT COMPELLING.

Plaintiffs assert that, even if the requested documents are relevant, they should not have to produce them because the discovery is burdensome and designed to harass, intimidate, and intrude into private matters. But, as demonstrated in their Motion To Compel and above, Defendants need these documents to defend themselves in this action. A protective order has been entered, and there is absolutely no basis for Plaintiffs' assertion that the requests are designed to harass, intimidate, or intrude.

Moreover, Plaintiffs' assertion of burden is unsupported. Plaintiffs have offered no evidence or argument that would suggest that the requested documents are voluminous or difficult to collect. Indeed, Defendants do not know whether there are a lot of documents or only a few. Plaintiffs' counsel have not made any attempt to limit the scope to reduce any so-called burden, and Defendants would certainly be willing to negotiate in good faith the scope of what is produced should Plaintiffs explain how the request is unduly burdensome.

## CONCLUSION

For these reasons and those set forth in Defendants' Motion To Compel and supporting memorandum, this Court should grant the motion and issue an order that the requested documents be produced.

Dated: May 11, 2011                                    Respectfully submitted,


                                                       /s/ David F. Adler
                                                       David F. Adler
                                                       Lisa B. Gates
                                                       JONES DAY
                                                       901 Lakeside Avenue
                                                       Cleveland, Ohio  44114
                                                       Telephone:  (216) 586-1344
                                                       Facsimile:  (216) 579-0212
                                                       dfadler@jonesday.com

                                                       Erin L. Shencopp
                                                       Gabriel H. Scannapieco
                                                       JONES DAY
                                                       77 Wacker Drive, Suite 3500
                                                       Chicago, Illinois  60601-1692
                                                       Telephone:  (312) 782-3939
                                                       Facsimile:  (312) 782-8585
                                                       eshencopp@jonesday.com
                                                       gscannapieco@jonesday.com

                                                       *Attorneys for Defendants*
                                                       *RBS Citizens, N.A. and*
                                                       *Citizens Bank of Pennsylvania*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and/or of parties in the above-captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF or in some other agreed-upon manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David F. Adler
David F. Adler

*Attorney for Defendants*
*RBS Citizens, N.A. and*
*Citizens Bank of Pennsylvania*