UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Lopez, et al. v. JP Morgan Chase Bank, N.A.*
S.D. Fla. 1:09-cv-23127

*Garcia, et al. v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**PLAINTIFFS' RESPONSE TO JPMORGAN CHASE BANK'S
EMERGENCY MOTION FOR RELIEF FROM THIS COURT'S
NOVEMBER 4, 2010 SCHEDULING ORDER, AND OPPOSITION
<u>TO JOINDER OF WELLS FARGO BANK AND WACHOVIA BANK</u>**

Plaintiffs oppose Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Emergency Motion for Relief from this Court's November 4, 2010 Scheduling Order (the "Chase Emergency Motion"), and the Joinder of Defendants' Wells Fargo Bank, N.A. and Wachovia Bank, N.A. in the Chase Emergency Motion (the "Wells Fargo Joinder").[1] [**DE # 1450, 1461**].

**INTRODUCTION**

On Friday evening May 6th, Chase filed its Motion to Dismiss or, in the Alternative, to Stay in Favor or Arbitration (the "Chase Arbitration Motion"). [**DE # 1444**]. Simultaneously therewith, Chase filed the Chase Emergency Motion seeking to defer its June 9th deadline for filing its opposition to Plaintiffs' Motion for Class Certification pending this Court's ruling on the Chase Arbitration Motion. [**DE # 1450**].

One week earlier, on Friday evening April 29th, Defendants Wells Fargo Bank, N.A. and Wachovia Bank, N.A. (collectively, "Wells Fargo") filed their own Motion to Dismiss or, in the Alternative, to Stay Proceedings in Favor of Arbitration (the "Wells Fargo Arbitration Motion"). [**DE # 1384**]. Simultaneously therewith, Wells Fargo filed their own Emergency Motion for Temporary Stay of Proceedings and for Order Requiring Expedited Briefing on Defendants' Motion to Dismiss or, in the Alternative, to Stay Proceedings in Favor or Arbitration (the "Wells Fargo Stay Motion"). [**DE # 1383**]. Plaintiffs filed their opposition to the Wells Fargo Stay Motion on May 2, 2011.[2] [**DE # 1410**].

Having been early participants in this MDL proceeding, having argued that all related matters across the country pending against them should be litigated in this Court, and having

---

[1] Plaintiffs have expedited the filing of their opposition to the Chase Emergency Motion and Wells Fargo Joinder so the Court is aware of our position before issuing any orders relating to these motions.

[2] Over the past ten days, Wells Fargo has filed a litany of similar motions. [**DE # 1383, 1421, 1454**]. Plaintiffs previously filed oppositions to these motions. [**DE # 1410, 1432, 1460**].

purposely availed themselves of the jurisdiction of this Court for nearly two years, Chase and Wells Fargo now have the temerity to ask the Court to put an halt to this litigation so they can argue that these proceedings should no longer proceed in federal court and, therefore, have been entirely for naught.

Chase and Wells Fargo long ago waived their right to pursue arbitration against Plaintiffs. Throughout the nearly two years this MDL proceeding has been pending, Chase and Wells Fargo have:

- Never moved for arbitration against the Plaintiffs and, instead, purposely availed themselves of this MDL forum;

- Litigated these cases as class actions and never before signaled any intent to seek arbitration against the Plaintiffs;

- Propounded written discovery on Plaintiffs, including numerous requests for production and interrogatories on each of the Plaintiffs;

- Filed motions to compel the production of extensive documents from Plaintiffs claiming, *inter alia*, that the basis for seeking such broad-based discovery was due, in part, to the fact that the Plaintiffs would be class-representatives;

- Opposed Plaintiffs' motions to compel production of documents, and then produced hundreds of thousands of pages of documents after the Court ordered them to do so;

- Produced a number of their employees for depositions on multiple dates, at various locations across the country; and

- Conducted and/or scheduled the depositions of many of the Plaintiffs, and then cancelled the remaining depositions at the last minute despite the readiness of the Plaintiffs and their counsel who made travel and work-related arrangements for these depositions.

Chase's and Wells Fargo's use of the Supreme Court's recent decision in *AT&T Mobility LLC v. Concepcion*, 562 U.S. ___, 2011 WL 1561956 (Apr. 27, 2011), is nothing more than transparent and blatant attempt at forum shopping. Chase and Wells Fargo simply made the

conscious decision to have these disputes decided by the federal court system, but now midstream seek to start anew, undoing two years' worth of progress in this litigation and rendering useless the Court's and the parties' expenditure of time and resources. Given Chase and Wells Fargo's voluntarily consent to the jurisdiction of this Court, and the corresponding voluntarily waiver any right to arbitrate these disputes, the current "emergency" request to defer the June 9th deadline for filing their oppositions to Plaintiffs' Motions for Class Certification is so spurious it can only be seen as an attempt to delay these proceedings. Therefore, Plaintiffs urge the Court to *deny* the Chase Emergency Motion and the Wells Fargo Joinder, and order these banks to (i) resume discovery and (ii) file their oppositions to Plaintiffs' Motions for Class Certification on or before June 9th.

## FACTUAL BACKGROUND

The Chase Emergency Motion and the Wells Fargo's Joinder represent these banks' latest attempt to derail or obstruct this MDL litigation.

Both Chase and Wells Fargo have been *actively* availing themselves of the jurisdiction of this Court since soon after the creation of this multidistrict proceeding. As this Court is aware, prior to October 2009, a number of actions brought against Chase and Wells Fargo were filed in and/or transferred to this Court. At the urging of Chase, Wells Fargo and other banks, this Court entered an Order on October 22, 2009 Status Conference, requiring Plaintiffs to file consolidated, amended complaints. [**DE # 134**]. That Order specifically provided that Chase, Wells Fargo and other banks could respond to the amended pleadings by simultaneously filing merits and non-merits motions, including motions to compel arbitration. [**DE # 134**]. Nevertheless, Chase and Wells Fargo did *not* invoke their arbitration rights, even though they could have done so on the same substantive grounds both banks now raise. Instead, Chase and Wells Fargo (along with

4

other banks) filed the Omnibus Motion to Dismiss [**DE #217**], which this Court denied on March 11, 2010. [**DE # 305**].

In April 2010, this Court afforded Chase and Wells Fargo yet another opportunity to invoke their arbitration rights. [**DE # 360**]. The Court directed Chase, Wells Fargo, and any other Defendant which wished to do so, to move to compel arbitration no later than April 19, 2010. [**DE # 360**]. Neither Chase nor Wells Fargo timely filed motions to compel arbitration against Plaintiffs in accord with that Order.[3] Instead, Chase and Wells Fargo filed answers and affirmative defenses. [**DE # 501, 548, 549**].

Soon thereafter, the Court opened discovery and established deadlines for Plaintiffs to file Motions for Class Certification and for the parties to complete all discovery. [**DE # 463, 891**]. For the past 12 months, Chase and Wells Fargo have been fully engaged in litigating these cases as class actions. They have both fully participated in the discovery process by:

1. Propounding written discovery on Plaintiffs, including numerous requests for production and interrogatories on each of the Plaintiffs;

2. Filing motions to compel the production of extensive documents from Plaintiffs claiming, *inter alia*, that the basis for seeking such broad-based discovery was due, in part, to the fact that the Plaintiffs would be class-representatives;

3. Opposing Plaintiffs' motions to compel production of documents, and then producing hundreds of thousands of pages of documents after the Court ordered them to do so;

4. Producing a number of their employees for depositions on multiple dates, at various locations across the country; and

---

[3] Chase did move for arbitration against 12 "new" plaintiffs named in the April 12, 2010 Amended Consolidated Complaints, but specifically declined to do so against the original Plaintiffs. The arbitration clause Chase now seeks to belatedly enforce against the original Plaintiffs is materially identical to the arbitration clause in the account agreements of the New Plaintiffs, against whom Chase previously moved to compel arbitration.

5. Conducting and/or scheduling the depositions of many of the Plaintiffs, and then cancelling the remaining depositions at the last minute despite the readiness of the Plaintiffs and their counsel who made travel and work-related arrangements for these depositions.

In short, these cases are and have always been treated by Chase and Wells Fargo as class actions. In the 22 months since this multidistrict litigation proceeding began, Chase and Wells Fargo *never* sought to invoke their right to compel arbitration against the Plaintiffs, despite no less than three specific invitations and opportunities to do so, and actively participated in all aspects of this class action litigation after voluntarily waiving their right to seek to compel arbitration. Now, Chase and Wells Fargo have changed course, and want to fight each case individually.

## ARGUMENT

**A. There Is No Emergency Warranting Deferral of the June 9th Deadline for Defendants' Oppositions to Plaintiffs' Motions for Class Certification**

There is no emergency warranting deferral of the June 9th deadline for Defendants' to file their oppositions to Plaintiffs' Motions for Class Certification. The Supreme Court's recent decision in *Concepcion* does not resuscitate Chase's and Wells Fargo's ability to seek arbitration after having repeatedly waived it over the history of this multidistrict litigation.

Moreover, Chase and Wells Fargo will not suffer any harm or prejudice by the denial of the Chase Emergency Motion and the Wells Fargo Joinder. Without a deferral, Chase and Wells Fargo will proceed with the previously noticed depositions of the Plaintiffs whose depositions have not yet been taken. And these Defendants will prepare and file their oppositions to Plaintiffs' Motions for Class Certification by the June 9 deadline established by this Court. [**DE # 878**].

None of the foregoing will expose Chase and Wells Fargo to the type of harm or prejudice which warrants deferring the June 9th deadline for filing their oppositions to Plaintiffs' Motions for Class Certification pending a ruling on the Chase and Wells Fargo Arbitration Motions. In reality, Chase and Wells Fargo are merely trying to shut down litigation which is substantially similar to the *Gutierrez* case which, following a non-jury trial, resulted in a $203 million judgment against Wells Fargo in the Northern District of California.

The absence of circumstances warranting a deferral is underscored by Chase's and Wells Fargo's prior waivers – on repeated occasions – of their right to seek to compel arbitration against the Plaintiffs. Contrary to Defendants' protestations, the Supreme Court's recent decision in *Concepcion* did not result in a change in the law which first gave rise to Chase's and Wells Fargo's right to now invoke arbitration. Defendants' arguments are fatally undermined by the simple fact that numerous banks, including SunTrust, BB&T, Regions Bank, M&T Bank, Huntington Bank, KeyBank, RBC Bank and M&I Bank, accepted this Court's invitation to *timely* move to compel arbitration. Their motions were fully briefed and decided by this Court, and those banks timely appealed this Court's Orders denying their arbitration motions.

Moreover, nine months ago, U.S. Bank, another defendant in the first tranche, filed a motion to compel arbitration based on the Supreme Court's grant of *certiorari* in *Concepcion*. [**DE # 632**]. This Court denied U.S. Bank's motion as untimely, finding that U.S. Bank waived its opportunity to compel arbitration. [**DE # 855**]. The Court found that U.S. Bank had at least two opportunities to file any arbitration related motions, but chose not to do so. *Id*. at 2-4. The Court specifically rejected the argument that a decision in *Concepcion* could resuscitate U.S. Bank's right to move to compel arbitration:

> Defendant does not directly address the fact that it contravened explicit orders of the court setting a time frame to file motions to compel arbitration,

> which was carefully crafted after a status conference and submission by all parties, or why it failed to do so in April of 2010 when the Court again opened the door for the filing of any motions to compel arbitration to any Defendant that wished to do so.

*Id.* at 4.

Chase and Wells Fargo had the same opportunity as U.S. Bank, but chose not to file motions to compel arbitration. Indeed, both banks continued to litigate, filed multiple motions, produced and requested voluminous written discovery, and conducted and defended a number of depositions in the months since this Court denied U.S. Bank's motion. Simply put, Chase and Wells Fargo consciously chose not to invoke their arbitration provisions against Plaintiffs on multiple occasions, and should not now be afforded a reprieve – temporary or otherwise – based on their failure to do so in the past.

Moreover, Chase's and Wells Fargo's Arbitration Motions are improper on their face because this Court's deadlines for filing such motions has passed. The appropriate motion would have first sought, under Rule 16, to enlarge the time for filing such motions, which this Court would have the discretion to allow upon "good cause" shown. *See L & W Innovations, LLC v. Linli Constr., Inc.*, No. 07-cv-00563, 2009 U.S. Dist. LEXIS 68519, *10-13 (D. Colo., Aug. 5, 2009) (denying motion to compel arbitration past deadline because "L&W has not demonstrated that it could not have made its arguments before the deadline [and] L&W has not argued that its request to modify the Scheduling Order is based on new facts that were developed during discovery or on new developments in the law").

It is well established that a "party may, by its conduct, waive its right to arbitration." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (internal citations omitted). A defendant can waive its right to arbitration where, for example, it "'substantially invok[es] the litigation machinery' prior to demanding arbitration . . . ." *Id.*

(quoting *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir. 1977)).[4] The right to move to compel arbitration is waived "if, 'under the totality of the circumstances, the . . . party has acted inconsistently with the arbitration right,' and, in so acting, has in some way prejudiced the other party." *Id.* (internal citations omitted). As the Eleventh Circuit explained:

> In determining whether a party has waived its right to arbitrate, we have established a two-part test. First, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.'

*S & H Contractors*, 906 F.2d at 1514. In *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity*, 62 F.3d 1356, 1366 (11th Cir. 1995), the Court reversed an order dismissing the case in favor of arbitration, explaining that:

> Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party. Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate.

(internal citation omitted).

In *S&H Contractors*, the plaintiff filed a lawsuit in a district court, waited eight months, and then moved to compel arbitration. 906 F.2d at 1514. In the interim, the parties engaged in motion practice and conducted discovery. *Id.* The Eleventh Circuit found that the plaintiff waived its right to compel arbitration, noting that "as a matter of law, [defendant] was prejudiced by [plaintiff's] delay in demanding arbitration and by its invocation of the litigation process. Furthermore, we find that [plaintiff] acted inconsistently with its arbitration right [and] therefore, has waived its right to arbitrate . . . ." *Id*; *see also Stone v. E.F. Hutton & Co.*, 898 F.2d 1542,

---

[4] Indeed, waiver of a right to compel arbitration through delay is consistent with "Congress' clear intent, in the Federal Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as ***quickly and easily*** as possible . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (emphasis supplied).

9

1544 (11th Cir. 1990) ("Hutton delayed over one year and eight months before seeking to enforce its arbitration agreement. The Court concludes that a one year and eight month delay renders Hutton's motion untimely. During this period of time, Hutton engaged in discovery typical of a party preparing for trial. Significant prejudice to Plaintiff's legal position may be inferred from the extent of discovery conducted in this case. Since the Defendant's request for arbitration was untimely, the Defendant will be deemed to have waived its right to compel arbitration of the Plaintiff's claims pursuant to the arbitration provision in the customer's agreement."). *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2nd Cir. 1998) (movant waived the right to compel arbitration by failing to plead arbitration defense, and by actively participating in litigation for 15 months before seeking to invoke right to arbitrate – e.g., "depositions, 19 detailed interrogatories, and the production of more than 2100 pages in documents. . . conferences … and motions to dismiss on the merits[.]"); *Miller Brewing Co. v. Fort Worth Dist., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986) (finding waiver where the party seeking to invoke arbitration did not "announce its intention" to do so until almost eight months after the case was filed); *See also Davidson v. PDS Tech. Servs.*, 2010 U.S. Dist. LEXIS 123178 *13 (M.D. Fla., Nov. 8, 2010) (finding waiver when party moved "two years after initiation of the West action to demand arbitration, [and] acted inconsistently with an intent to arbitrate and prejudiced PDS by causing PDS to incur the type of litigation expenses that arbitration seeks to eliminate"); *L & W Innovations, LLC v. Linli Constr., Inc.*, No. 07-cv-00563, 2009 U.S. Dist. LEXIS 68519, *10-13 (D. Colo., Aug. 5, 2009) (finding waiver because year had passed, movant "actively participated in litigation" and moved on "eve" of critical matters to be decided in the case, thus much of "benefits of pursuing the case in arbitration have been lost by" the delay); *See Eagle Traffic Control, Inc. v. James Julian, Inc.*, 945 F. Supp. 834, 835-36 (E.D. Pa. 1996) (by

actively litigating action for seven months, defendants waived their alleged contractual right to compel arbitration where parties had engaged in extensive discovery, defendants vigorously contested merits of plaintiff's claims in motion to dismiss, defendants assented to the court's pretrial orders, and defendants gave no notice prior to filing the motion to compel arbitration that they intended to seek arbitration). *Cf. Strickland v. Chase Bank USA*, N.A., 2009 U.S. Dist. LEXIS 127879, *15-16 (N.D. Ga., Dec. 31, 2009) (noting that "since Chase refused to pay the arbitration fee and has now litigated with plaintiff for over a year without moving to compel arbitration, Chase 'has acted inconsistently with the arbitration right,' and arguably has waived any right to require that the dispute be resolved through arbitration").

Here, Chase and Wells Fargo have, for nearly two years, repeatedly signaled their intent to litigate these cases as part of this MDL proceeding and, in doing so, have prejudiced Plaintiffs by:

- Invoking the MDL and federal court machinery since first being named in actions made part of the multidistrict litigation;
- Filing, briefing and arguing motions to dismiss and for other relief;
- Serving extensive written discovery, including numerous requests for production and interrogatories on *each* of the Plaintiffs;
- Moving to compel discovery against the Plaintiffs on the grounds that they are serving class representatives;
- Producing hundreds of thousands of pages of documents in response to Plaintiffs' discovery requests, many of which were clearly designed to be class-related discovery;

- Producing 30(b)(6) designees for lengthy depositions on class action-related topics; and

- Producing fact witnesses for deposition on class action-related issues.

Chase and Wells Fargo have always behaved as if they were litigating a class action – something which they would not have done if they were participating in arbitration. Thus, Chase and Wells Fargo have acted "inconsistently with its arbitration right." To allow these banks to now obtain a deferral of the June 9th deadline for filing their oppositions to Plaintiffs' Motions for Class Certification, pending this Court's ruling on the Chase and Wells Fargo Arbitration Motions, will make a mockery of this Court's prior Orders establishing deadlines to file arbitration motions and cause incalculable harm and prejudice to the Plaintiffs and the proposed Classes who have actively litigated these claims since 2009.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully urge this Court to deny the Chase Emergency Motion and the Wells Fargo Joinder, and to order Chase and Wells Fargo to (i) immediately resume discovery and (ii) file their oppositions to Plaintiffs' Motions for Class Certification on or before June 9, 2011 in accordance with this Court's November 4, 2010 Scheduling Order.

Dated: May 11, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596