IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**<br><br>**MDL NO. 2036**<br><br>**FIRST TRANCHE** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>*Lopez v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK | )<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF CHASE'S EMERGENCY MOTION FOR RELIEF FROM THIS COURT'S NOVEMBER 4, 2010 SCHEDULING ORDER, PENDING RESOLUTION OF ITS MOTION TO STAY OR DISMISS, IN FAVOR OF ARBITRATION, THE PROCEEDINGS RELATING TO CLAIMS OF PLAINTIFFS LOPEZ, MCDANIEL, REED, AND STONE**

Chase submits this reply in support of its request that the Court defer the pending deadline for its opposition to the pending class-certification motion in *Lopez v. JPMorgan Chase Bank, N.A.* (but not *Luquetta v. JPMorgan Chase Bank, N.A.*).[1]

1. Chase acknowledges, <u>as it has always done</u>, that it did not seek to invoke arbitration with respect to the Original Plaintiffs in the *Lopez* case[2] at the outset, or at any other time, until after *Concepcion* was decided by the Supreme Court on April 27, 2011. *AT&T*

---

[1] *See* "Emergency Motion of JPMorgan Chase Bank, N.A. for Relief from this Court's November 4, 2010 Scheduling Order, Pending Resolution of Chase's Motion to Stay or Dismiss, in Favor of Arbitration, the Proceedings Relating to Claims of Plaintiffs Lopez, McDaniel, Reed, and Stone. [MDL Dkt. No. 1450].

[2] The Original Plaintiffs in the *Lopez* case are Estella A. Lopez, Linda McDaniel, Charles Reed, Jr. and John C. Stone.

*Mobility LLC v. Concepcion*, No. 09-893, 2011 WL 1561956 (U.S. Apr. 27, 2011).  Until *Concepcion* was decided, Chase had no intention to invoke arbitration with respect to the Original Plaintiffs, because Chase believed it would have been futile.  That futility was due to established precedent in the Eleventh Circuit regarding enforcement of consumer arbitration agreements considered subject to the State law of the States where the Original Plaintiffs were resident.

2.      Plaintiffs apparently believe that Chase should have wasted this Court's time and attention, and filed futile arbitration motions.  Chase disagrees.  Chase is aware that this Court rejected such arbitration motions governed by State-law doctrines in the States where its Original Plaintiffs banked, and other States with similar law.  Chase did not believe it would have served the Court's or the parties' interest to make futile motions.  But *Concepcion* has now swept away the Eleventh Circuit doctrine that underlay this Court's earlier rulings on arbitration motions.  Such motions are no longer futile; Chase believes they should carry the day.

3.      The law of the Eleventh Circuit regarding arbitration waiver and futile motions is directly against Plaintiffs' position, and it supports Chase in raising arbitration now in the wake of *Concepcion*.  In *Benoay v. Prudential-Bache Secs., Inc.*, 805 F.2d 1437 (11th Cir. 1986), the Eleventh Circuit expressly held that a two-year delay—during which litigation went vigorously forward—does not in any way preclude or inhibit raising an arbitration motion that would have been futile under prior Eleventh Circuit law, but is no longer futile because of a change in doctrine dictated by a new Supreme Court decision about arbitration.  That is exactly this case.

4.      Plaintiffs do not disagree that it would have been futile for Chase to previously raise arbitration with respect to the Original Plaintiffs.  On the contrary, they cite all the adverse rulings that this Court made with respect to other banks' arbitration motions under then-

prevailing Eleventh Circuit law—proving that it would have been futile and wasteful for Chase to have raised arbitration with respect to the Original Plaintiffs until *Concepcion* was decided. One need only look at Plaintiffs' pre-*Concepcion* briefs against such bank motions, in which they contended that such motions were "frivolous" and irresponsible to assert. *See, e.g.*, Plaintiffs' Opposition to Defendant U.S. Bank's Motion to Stay Proceedings Pending Appeal 1, 2, 4, 6 [MDL Dkt. No. 868.]

5. Plaintiffs' brief also does not dispute that *Concepcion* swept away the prior Eleventh Circuit doctrine on which this Court's prior rulings were based, and that *Concepcion* will now require enforcement of the Original Plaintiffs' arbitration agreements with Chase.

6. Finally, Plaintiffs do not disagree with the binding rule laid down in *Benoay* that honors—rather than denigrates—Chase's decision not to raise futile motions, and authorizes an arbitration motion to be made now it the wake of new Supreme Court law. *See Benoay*, 805 F.2d at 1439-40. Plaintiffs cite no principle or case that contradicts *Benoay*. Plaintiffs do not argue that *Benoay* is inapplicable to this case for any reason. Their silence concedes the point.

7. Chase's handling of arbitration issues has not caused any prejudice or inconvenience that is cognizable here. *See Benoay*, 805 F.2d at 1440 (rejecting plaintiffs' claim that they were prejudiced). The problem for Plaintiffs is that the law of arbitration has been changed by the Supreme Court. Now Plaintiffs will lose arbitration motions that they would previously have won under prevailing Eleventh Circuit law. But that is a problem for Plaintiffs because of what the Supreme Court has decided—not because of anything Chase has done. Indeed, if Chase *had* made the futile motions that Plaintiffs assert it should have made, and they had been duly rejected (as other banks' motions were), we would be in no substantially different situation now. And Chase would be returning to this Court today, after *Concepcion*, to revisit

the arbitration issues and to seek relief from the prior rulings based on changed law. Nothing would be different about the substantive arbitration matters that Chase would now be presenting, and that this Court would be deciding under *Concepcion*.

8.  There is a further reason why no prejudice is involved for Plaintiffs with respect to the litigation against Chase. Chase is not seeking arbitration of the claims of Andrea Luquetta, the original plaintiff in the *Luquetta* case (because Ms. Luquetta did not have a Chase arbitration agreement for her checking account). So virtually all of the discovery and motions practice that Plaintiffs cite as evidence of "prejudice" would still have happened anyway—because of the *Luquetta* case—regardless of whether the *Lopez* case ends up in arbitration.[3] Indeed, Chase is *not* seeking any delay on arbitration grounds with respect to the *Luquetta* class-certification motion. Chase is seeking relief only with respect to *Lopez*.[4]

9.  In these circumstances, it is appropriate for the Court to grant the requested relief, with respect to the timing of class-certification briefing in the *Lopez* case. Chase timely filed its *Concepcion*-based arbitration motion regarding the *Lopez* Original Plaintiffs. While that good-faith arbitration motion is pending, it would be inappropriate to require Chase to engage in litigation activities with respect to the *Lopez* case. In addition, it would be unfair to require Chase to respond to the class-certification motion in *Lopez* without an opportunity to take the depositions of the proposed class representatives—which Chase cannot very well do while

---

[3] To be clear: Chase believes that the *Luquetta* case lacks any substantive merit, and that there is no basis for certification of that case as a class action—for reasons having nothing to do with arbitration. These issues will be developed in other aspects of the litigation as it goes forward with *Luquetta*.

[4] Plaintiffs repeatedly say that Chase has "[l]itigated these cases as class actions," but that is not correct. *See* Plaintiffs' Response 3, 5, 6 [MDL Dkt. No. 1469]. No class *has been* certified in either *Lopez* or *Luquetta,* and it is Chase's position that no class properly *could be* certified. *See, e.g.*, Answer to Amended Class Action Complaint as to Plaintiffs Lopez, McDaniel, Reed, and Stone ¶ 22 ("Chase denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23[.]").

Plaintiffs are asserting that the taking of such depositions would constitute a post-*Concepcion* waiver of arbitration rights.

## CONCLUSION

For the foregoing reasons, Chase requests that the Court defer Chase's date for responding to Plaintiffs' class-certification motion in the *Lopez* case (but not the *Luquetta* case).

Dated: May 12, 2011

          HOMER BONNER, P.A.
          /s/ Peter W. Homer
          Peter W. Homer
          (phomer@homerbonner.com)
          Gregory J. Trask
          (gtrask@homerbonner.com)
          1411 Brickell Avenue, Suite 1200
          Miami, Florida 33131
          tel.: (305) 350-5139
          fax: (305) 372-2738

          WILMER CUTLER PICKERING HALE
           AND DORR LLP
          s/ Christopher R. Lipsett
          Christopher R. Lipsett
          (chris.lipsett@wilmerhale.com)
          David S. Lesser
          (david.lesser@wilmerhale.com)
          Alan E. Schoenfeld
          (alan.schoenfeld@wilmerhale.com)
          399 Park Avenue
          New York, New York 10022
          tel: (212) 230-8851
          fax: (212) 230-8888

          *Attorneys for defendants JPMorgan Chase Bank, N.A..*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer