IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:09-MD-2036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

_____

THIS DOCUMENT RELATES TO:

*Jessica Duval v. Citizens Financial Group, Inc.*
N.D. Ill. Case No. 10-cv-00533
S.D. Fla. Case No. 1:10-cv-21080-JLK

*Eric Daniels v. Citizens Financial Group, Inc.*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. 1:10-cv-22014-JLK

*Michael L. Blankenship v. RBS Citizens, N.A.*
D.R.I. Case No. 10-163S
S.D. Fla. Case No. 1:10-cv-22942-JLK

**RBS CITIZENS, N.A.'S JOINDER IN JPMORGAN CHASE BANK, N.A.'S MOTION, BASED ON RECENTLY DECIDED ELEVENTH CIRCUIT AUTHORITY, TO DISMISS ON GROUNDS OF PREEMPTION PURSUANT TO RULE 12(c) AND ON FURTHER RECONSIDERATION OF ITS EARLIER MOTION PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant RBS Citizens, N.A. ("RBS Citizens") respectfully adopts and joins in

JPMorgan Chase Bank, N.A.'s ("Chase") Motion, Based on Recently Decided Eleventh Circuit

Authority, to Dismiss on Grounds of Preemption Pursuant to Rule 12(c) and on Further

Reconsideration of Its Earlier Motion pursuant to Rule 12(b)(6), or, in the Alternative, for

Certification Pursuant to 28 U.S.C. § 1292(b) (the "Chase Bank Motion"). (Dkt. #1484.)

1

In support of its Joinder, RBS Citizens states as follows:

On July 9, 2010, RBS Citizens filed its Motion to Dismiss, (Dkt. #668), which adopted, in relevant part, the Omnibus Motion To Dismiss and/or for Judgment on the Pleadings and Incorporated Memorandum of Law (Dkt. #217) and the Reply in Support of the Omnibus Motion (Dkt. #291). Among the arguments adopted by RBS Citizens' Motion to Dismiss was the Omnibus Motion's federal preemption argument. (*See* Dkt. #217 at 19-34; Dkt. #291 at 6-19.)

On November 4, 2010, the Court denied RBS Citizens' Motion to Dismiss, stating, in relevant part, that the points and authorities identified in the motion, "do not alter this Court's original Order [granting in part and denying in part the] Omnibus Motions to Dismiss and/or for Judgment on the Pleadings." (Dkt. #934 (citing *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302 (S.D. Fla. 2010)).) In its original Order, the Court denied the Omnibus Motion's request for dismissal of the various plaintiffs' claims based on federal preemption by the National Banking Act.

On May 11, 2011, the Eleventh Circuit issued its decision in *Baptista v. JPMorgan Chase Bank, N.A.,* __ F.3d __, 2011 WL 1772657 (11th Cir. May 11, 2011), finding that the National Bank Act regulation, 12 C.F.R. § 7.4002, preempts state law claims under laws of general applicability and not just state banking laws, and that the regulation preempts state law regarding the manner in which banks impose fees. The Eleventh Circuit held such state law claims preempted as a matter of law on a motion to dismiss. *Id.* at *1-2.

Shortly thereafter, on May 17, 2011, Chase filed the Chase Bank Motion. (Dkt. #1484.) The Chase Bank Motion requests that this Court dismiss the complaint against Chase pursuant to Rule 12(c), and on further reconsideration of the Court's Order denying the Omnibus Motion to Dismiss on preemption grounds. *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d

1302 (S.D. Fla. 2010) (Dkt. #305).

The claims asserted against RBS Citizens in Plaintiffs' Corrected Second Consolidated Class Action Complaint (Dkt. #1022) are virtually identical to the claims asserted against Chase Bank in the Second Amended Class Action Complaint in *Luquetta v. JPMorgan Case Bank, N.A.*, S.D. Fla. Case No. 1:09-cv-23432-JLK (Dkt. #348).  Both complaints allege causes of action for breach of contract, unconscionability, conversion, unjust enrichment, and violation of state unfair trade practices acts.  (*Compare* Dkt. #348 and #1022.)

RBS Citizens incorporates by reference as if fully set forth herein the arguments presented, authorities citied, and relief sought by Chase in its motion.  RBS Citizens submits that for the reasons set forth in the Chase Bank Motion, dismissal of all claims in the Corrected Second Consolidated Class Action Complaint against RBS Citizens with prejudice is warranted pursuant to Federal Rule of Civil Procedure 12(c) and on further reconsideration of the Court's Order denying RBS Citizens' Motion to Dismiss.

Dated:  May 24, 2011    Respectfully submitted,

/s/ Gabriel H. Scannapieco

David F. Adler
Lisa B. Gates
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-1344
Facsimile:  (216) 579-0212
dfadler@jonesday.com
lgates@jonesday.com

Erin L. Shencopp
Gabriel H. Scannapieco
JONES DAY
77 Wacker Drive, Suite 3500
Chicago, Illinois  60601-1692
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
eshencopp@jonesday.com
gscannapieco@jonesday.com

*Attorneys for Defendant*
*RBS Citizens, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record and/or of parties in the above-captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF or in some other agreed-upon manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco

*Attorney for Defendants*
*RBS Citizens, N.A.*