UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

## REQUEST FOR EXPEDITED RULING ON UNION BANK, N.A.'S MOTION TO RELEASE UNION BANK FROM THE FIRST TRANCHE

Defendant Union Bank, N.A. ("Union Bank"), by and through its undersigned counsel, hereby respectfully requests an expedited ruling as to its Motion to Release Union Bank from the First Tranche ("Motion to Release"), and in support states:

1. Union Bank's response in opposition to Plaintiffs' Motion for Class Certification is due on or before June 9, 2011 pursuant to the Court's Revised Scheduling Order Pertaining to "First Tranche" Cases [DE 878].

2. Union Bank is the <u>only</u> bank in the first tranche that is subject to the impending deadline for class certification on June 9. As set forth in the Motion to Release, consideration of the pending Motions for Class Certification for all claims against all other first tranche banks <u>except</u> Union Bank are now stayed in favor of arbitration in light of the U.S. Supreme Court decision *AT&T Mobility LLC v. Concepcion*, 562 U.S. __, 2011 WL 1561956 (Apr. 27, 2011),

15240/0008/924758.1

while the existing and impending deadlines for class certification continues to loom over Union Bank alone.

3. Union Bank's Motion to Release seeks an Order transferring Union Bank into the fourth tranche where, as is the case in Larsen v. Union Bank, some of the cases are not at issue, or alternatively seeks to stay class certification proceedings on the same schedule for all remaining banks in the first tranche.

4. Plaintiffs will not be prejudiced by an expedited ruling. If the Court grants the Motion to Release and removes Union Bank from the first tranche, Union Bank will remain subject to all deadlines set forth in the scheduling order applicable to a subsequent tranche, or pursuant to a separate scheduling order to be entered by the Court. Alternatively, Plaintiffs will not be prejudiced if the Court stays consideration of the Motion for Class Certification because Union Bank will still be subject to the very same schedule for class certification applicable to the other banks in the first tranche.

5. If the Motion to Remove is denied, Union Bank will be prejudicially and unduly burdened in that the only defendant required to defend against class certification will be the only bank in the first tranche against whom the pleadings are not yet closed. Plaintiffs have recently added an additional claim for relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c) ("RICO") against Union Bank pursuant to this Court's March 21, 2011 Order Granting Plaintiffs' Motion for Leave to File Third Amended Complaint [DE 1304]. Union Bank has filed a motion to dismiss directed to the RICO claim and against all causes of action in the Third Amended Complaint that incorporate the new allegations concerning Union Bank's association with CAST Management Consultants, Inc. [DE 1355]. Union Bank will be

unfairly prejudiced by defending against the Motion for Class Certification while the claims against Union Bank remain unsettled.

6. Granting the relief sought herein will alleviate this unfair burden on Union Bank, and will provide a reasonable and rationale timeframe that allows the Court adequate time to address the issues alleged in Plaintiffs' Third Amended Complaint in which a RICO claim is alleged against Union Bank, and Union Bank's Motion to Dismiss.

6. Accordingly, an expedited ruling on the Motion to Release prior to the June 9, 2011 deadline for Union Bank to respond to Plaintiffs' Motion for Class Certification will alleviate the undue burden on Union Bank and facilitate the efficient use of the Court's resources.

WHEREFORE, Union Bank, N.A. respectfully requests an expedited ruling as to its Motion to Release Union Bank from the First Tranche prior to June 9, 2011, and for such further relief as the Court deems proper.

Dated: May 26, 2011                     Respectfully submitted,

/s/ Peter H. Bales
John B. Sullivan
jbs@severson.com
Jan T. Chilton
jtc@severson.com
Mark D. Lonergan
mdl@severson.com
Peter H. Bales
phb@severson.com
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: 415-677-5603
Fax: 415-956-0439

15240/0008/924758.1

        Alan G. Greer, Esq.
Florida Bar No. 0123294
agreer@richmangreer.com
John M. Brumbaugh, Esq.
Florida Bar No. 0126350
jbrumbaugh@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131-2305
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Attorneys for Defendant
UNION BANK, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/ Peter H. Bales
Peter H. Bales

15240/0008/924758.1