UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Brown v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:10-24147-JLK
E.D. Wash. Case No. 2:10-356-RMP

**PLAINTIFFS' MOTION TO STRIKE PORTIONS OF U.S. BANK
NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs move to strike portions of Defendant U.S. Bank, National Association's Reply in Support of Its Motion to Compel Arbitration and Stay Proceedings (the "Reply") [**DE # 1537-1538**] because U.S. Bank raised new argument and submitted new evidentiary materials it failed to raise in its original Motion to Compel Arbitration and Stay Proceedings (the "Arbitration Motion"). [**DE # 1406**]. The Court should not consider matters raised for the first time in the Reply, which were not raised in the Arbitration Motion, because it would be prejudicial to Plaintiffs.

**I.     INTRODUCTION**

Though U.S. Bank acknowledged in the Arbitration Motion that the Court has authority to determine whether the parties entered into a valid arbitration agreement, and argued that its arbitration provision was *not* unconscionable [**DE # 1406, pp. 8, 10-13**], it now contradicts itself

by asserting in the Reply – for the *very first time* – that its adhesionary arbitration clause actually delegated those determinations, including the existence, scope, or validity of its arbitration clause, to an arbitrator appointed by the American Arbitration Association ("AAA"). **[DE # 1537, p. 5]**.

Further, U.S. Bank submits new evidentiary materials in the form of an untimely affidavit of its Vice President in the Consumer Deposit Product Management division, Brent Farka ("Farka Reply Declaration"), and purported customer account statements of Plaintiffs in support of its Reply. **[DE # 1538]**. Here, too, U.S. Bank could have – but did not – submitted these materials with its Arbitration Motion.

U.S. Bank's untimely argument in the Reply and the untimely Farka Reply Declaration are nothing more than a thinly-disguised attempt to "sandbag" Plaintiffs and gain an unfair advantage. Because U.S. Bank has improperly attempted to present new argument and materials not strictly limited to rebuttal of matters raised in Plaintiffs' opposition, this Court should strike Section II.A of the Reply Brief, the Farka Reply Declaration and accompanying exhibits, and all references thereto, pursuant to Local Rule 7.1(C).

Alternatively, if this Court is not inclined to strike U.S. Bank's untimely argument and evidentiary submissions as exceeding Local Rule 7.1(C), Plaintiffs request leave to file a sur-reply in order to address the issues raised by U.S. Bank for the first time in its Reply.

II. **RELEVANT PROCEDURAL HISTORY**

On May 2, 2011, U.S. Bank filed the Arbitration Motion, the declarations of its Vice President of Consumer Deposit Product Management, Brent Farka, its counsel Rita F. Lin, and accompanying exhibits. **[DE # 1406-1409, 1411-12]**. On May 17, 2011, Plaintiffs filed their Opposition to the Arbitration Motion, the accompanying declarations of Lori and Mitchell

Brown and related exhibits, and a motion requesting that the Court defer ruling on the Arbitration Motion pending limited arbitration-related discovery. **[DE # 1491-1493]**. On May 27, 2011, U.S. Bank filed its Reply, along with the Farka Reply Declaration, and additional exhibits. **[DE # 1537-1538, 1540]**. U.S. Bank's Reply clearly contains new and novel arguments and evidentiary materials which were not raised in the Arbitration Motion.

### III.  ARGUMENT

#### A.  The Court Should Strike Submissions Raised for the First Time on Reply

U.S. Bank has once again attempted to "sandbag" Plaintiffs by withholding submissions in support of its Arbitration Motion until the Reply.[1] Under Local Rule 7.1(C), a "movant may serve a reply memorandum with affidavits, declarations, or other materials provided that *all such materials are strictly limited to rebuttal of matters raised in the opposing memorandum.*" See S.D. Fla. L.R. 7.1(C) (emphasis added). Thus, "[p]ursuant to Local Rule 7.1.C., a party may ***not*** raise a new argument in a reply brief." *Thompkins v. Lil' Joe Records*, 2008 U.S. Dist. LEXIS 29423, at *32-*33 (S.D. Fla. Mar. 4, 2008) (emphasis added).

Indeed, courts in this district routinely refuse to consider arguments or evidence raised for the first time by a movant on reply. *See, e.g.*, *id.*; *TCC Air Servs. v. Schlesinger*, 2009 U.S. Dist. LEXIS 21010, at *19-*20 (S.D. Fla. Mar. 5, 2009) (refusing to consider new evidence submitted for first time on reply); *Capece v. Depository Trust & Clearing Corp.*, 2005 U.S. Dist. LEXIS 42039, at *21 (S.D. Fla. Oct. 11, 2005) (refusing to consider new argument raised on reply);

---

[1] This is not the first time U.S. Bank has used such tactics. U.S. Bank previously submitted new non-rebuttal evidence in violation of Local Rule 7.1(C) in conjunction with its motion to compel arbitration in the *Speers* and *Waters* matters. *See* Plaintiffs' Notice of Filing **[DE # 869]** and Ex. A thereto (noticing Plaintiffs' intent to file a motion to strike the Declaration of Brent Farka and accompanying exhibits submitted by U.S. Bank in support of its reply papers). Plaintiffs had prepared a motion to strike; however, their motion was rendered moot by the Court's October 26, 2010 Order denying U.S. Bank's motion to compel. *See id.* **[DE # 855]**.

3

*Flamenbaum v. Orient Lines, Inc.*, 2004 U.S. Dist. LEXIS 14718, at *46 (S.D. Fla. July 28, 2004) (same); *Martinez v. Weyerhaeuser Mortgage Co.*, 959 F. Supp. 1511, 1515-16 (S.D. Fla. 1996) (striking portion of reply brief that raised new arguments); *see also Diaz v. Jenne*, 2007 U.S. Dist. LEXIS 4049, at *12 n.2 (S.D. Fla. Jan. 19, 2007) (attempt to introduce new evidence at reply stage is "alarming" as "it could be used to garner an unfair advantage and flouts the purpose of the reply brief which is to rebut the materials contained within the opposition and not to assert new arguments and/or present new evidence").

Excluding new materials introduced for the first time with a party's reply brief is also consistent with the decisions of the Eleventh Circuit and its sister courts. *See, e.g.*, *United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006) (per curiam) (refusing to consider issues raised for the first time on reply in a criminal appeal); *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (finding the district court abused its discretion in relying on new evidence presented on reply); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997) (arguments raised for the first time in an appellate reply brief are waived); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court erred in refusing to strike new evidence raised on reply without considering plaintiffs' response); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985) (same).

Ignoring Local Rule 7.1(C), U.S. Bank submits a new leading argument in its Reply that it could have – but did not – submit with its Arbitration Motion. Specifically, U.S. Bank argues for the first time in its Reply – contradicting what it argued in its Arbitration Motion – that this Court lacks authority to determine whether the parties entered into a valid arbitration agreement or whether such agreement is unconscionable. *Compare* Arbitration Motion, pp. 8, 10-13, *with* Reply, p. 5. Entirely out of the blue, U.S. Bank now contends that its adhesionary arbitration

4

clause incorporates the AAA rules by reference and thereby requires that an AAA arbitrator, rather than the Court, rule on "'his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.'"  *Id.* at 5 (quoting AAA Commercial Arbitration Rule R-7(a)).  U.S. Bank's contention is at odds with its litigation position throughout these MDL proceedings and should not be countenanced by this Court at this late juncture.

Further, U.S. Bank's novel argument that this Court lacks authority to decide the validity of its arbitration agreement is not tailored to the rebuttal of any new issues raised by Plaintiffs' Opposition.  Indeed, U.S. Bank acknowledged in its Arbitration Motion that the Court ***does*** have authority to determine whether a valid written agreement to arbitrate exists, *see* Arbitration Motion, p. 8, and made the corresponding argument that Plaintiffs could not show its arbitration clause was unconscionable.  *Id.* at 10-13.  By intentionally delaying the submission of its new theory that this Court has no say in determining whether its adhesionary arbitration clause is unconscionable, U.S. Bank has sought to limit Plaintiffs' ability to respond.  U.S. Bank's "sandbagging" is improper and, thus, its argument that it delegated authority to an AAA arbitrator to decide the arbitrability of Plaintiffs' dispute, rather than this Court, should be stricken.

U.S. Bank also submits new evidentiary materials in the form of the untimely Farka Reply Declaration, along with copies of Plaintiffs' purported customer account statements.  U.S. Bank includes these materials as alleged proof that Plaintiffs could have searched for, and found, its arbitration clause buried in a sea of fine print in a separate document had they gone looking for it.  *See* Reply, p. 2-3.  However, U.S. Bank could, and should, have submitted these materials with its Arbitration Motion where it argued that Plaintiffs had access, and consented to, the terms

of its Deposit Account Agreement.  *See, e.g.*, Arbitration Motion, p. 11.  U.S. Bank's attempt to use documents not yet produced in this action as a sword, while attempting to shield itself from retort by presenting them in its Reply and refusing Plaintiffs an opportunity to take discovery concerning same, is patently unfair and prejudicial.

Because U.S. Bank has used its Reply as a vehicle to introduce new argument and evidence, Section II.A of its Reply, the Farka Reply Declaration, accompanying exhibits, and all references thereto, should be stricken pursuant to Local Rule 7.1(C).

**B.     In the Alternative, the Court Should Permit Plaintiffs to File a Sur-Reply**

If this Court does not strike U.S. Bank's improper submissions, Plaintiffs request a reasonable opportunity to file a sur-reply.

In the Eleventh Circuit, district courts have discretion to permit a sur-reply when a party has a valid reason for such briefing, including "where the movant raises new arguments in its reply brief."  *First Spec. Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008) (citation and internal quotation marks omitted).  Indeed, some courts hold it is an abuse of discretion not "to give the opposing party a chance to respond to materials presented for the first time in a reply brief . . . ."  *Id.*  Thus, courts permit the filing of a sur-reply by opposing parties when a moving party raises new issues in a reply submission.  *See, e.g.*, *Webb v. Astrue*, 525 F. Supp. 2d 1329, 1334 (N.D. Ga. 2007); *see also, e.g.*, *In re Jolly Roger Cruises & Tours v. Jolly Roger Cruises & Tours*, 2011 U.S. Dist. LEXIS 44143, at *6 n.1 (S.D. Fla. Apr. 18, 2011).

Here, Plaintiffs will be prejudiced if they are denied a reasonable opportunity to respond to the novel arguments and evidentiary submissions presented by U.S. Bank for the first time in its Reply.  As such, should this Court decline to strike U.S. Bank's new contentions and

6

evidentiary submissions, Plaintiffs request a reasonable opportunity to file a sur-reply addressing the new arguments and submissions raised by U.S. Bank for the first time in its Reply.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court strike Section II.A of U.S. Bank's Reply Brief **[DE #1537]**, the Farka Reply Declaration and accompanying exhibits **[DE # 1538]**, and all references thereto, as impermissible new argument and evidentiary submissions in direct contravention of Local Rule 7.1(C).  In the alternative, Plaintiffs request leave to file a sur-reply.

### LOCAL RULE 7.1 CERTIFICATE

Undersigned counsel certifies that they made a good faith effort to confer with counsel for U.S. Bank regarding matters addressed in this motion, but that the parties have been unable to resolve their differences.

Dated: May 31, 2011.

                Respectfully submitted,

/s/ Aaron S. Podhurst            /s/ Bruce S. Rogow
Aaron S. Podhurst, Esquire        Bruce S. Rogow, Esquire
Florida Bar No. 063606          Florida Bar No. 067999
apodhurst@podhurst.com         brogow@rogowlaw.com
Robert C. Josefsberg, Esquire        Jeremy W. Alters, Esquire
Florida Bar No. 40856           Florida Bar No. 0111790
rjosefsberg@podhurst.com         jeremy@alterslaw.com
Peter Prieto, Esquire            ALTERS LAW FIRM, P.A.
Florida Bar No. 501492          4141 N.E. 2nd Avenue
pprieto@podhurst.com           Suite 201
Stephen F. Rosenthal, Esquire        Miami, FL 33137
Florida Bar No. 0131458          Tel: 305-571-8550
srosenthal@podhurst.com          Fax: 305-571-8558
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

               *Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

In re CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Brown v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:10-24147-JLK
E.D. Wash. Case No. 2:10-356-RMP

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596