UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Shane Swift v. BancorpSouth, Inc.,*
*S.D. Fla. Case No. 1:10-cv-23872-JLK*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff files this reply in support of the motion to strike Defendant BancorpSouth, Inc.'s ("BancorpSouth") affirmative defenses to the Second Amended Complaint [**DE # 1390, 1498**].

I. **Introduction**

Rather than addressing the substance of Plaintiff's challenge to the legal sufficiency of its affirmative defenses, BancorpSouth instead focuses on the pre-filing conference it claims should have taken place prior to filing the Motion to Strike Affirmative Defenses ("Motion"). BancorpSouth also argues that it has no obligation to offer facts supporting the bare legal conclusions raised in its Answer. The Motion exposes the legal insufficiency of BancorpSouth's defenses, and Plaintiff urges the Court to order BancorpSouth to support its true affirmative defenses with legally sufficient factual allegations.

II. **A Pre-Filing Conference Was Not Required and the Failure to Conduct One Does Not Mandate Denial of the Motion**

S.D. Fla. Local Rule 7.1(a)(3) requires a pre-filing conference for all motions except

those enumerated, including motions to dismiss for failure to state a claim. While a motion to strike affirmative defenses is not explicitly identified among the exceptions under Local Rule 7.1(a)(3), such a motion is analogous to a Rule 12 motion challenging the legal sufficiency of a complaint. For this reason, when filing the Motion, Plaintiff did not believe a pre-filing meet and confer was required because Plaintiff was challenging the legal sufficiency of BancorpSouth's pleading.

Federal Rule of Civil Procedure 12(f) addresses the sufficiency of defenses asserted by a defendant. Rule 12(f) provides: "The court may strike from a pleading an ***insufficient defense*** or any redundant, immaterial, or scandalous matter." (emphasis added.) As with the deadline for moving to dismiss under Rule 12(b), a plaintiff seeking to strike affirmative defenses under Rule 12(f) must act within 21 days or be foreclosed of the opportunity.

This issue was first raised in BancorpSouth's Response in Opposition to Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Response").[1] Immediately thereafter, Plaintiff's counsel communicated with BancorpSouth's counsel in an effort to resolve the Motion. Plaintiff sought BancorpSouth's agreement to amend its Answer to re-plead the true affirmatives defenses with the requisite supporting factual basis, and to clearly separate the affirmative defenses from the specific denials. The parties have not reached an agreement. Thus, judicial resolution is necessary.

None of the cases on which BancorpSouth relies addresses a motion to strike affirmative defenses. In *Sachi v. Labor Ready Southeast, Inc.*, No. 09-82388-CIV, 2010 WL 3259916, at *3, n.11 (S.D. Fla. Aug. 18, 2010), a defendant sought to have a motion to strike affirmative defenses denied for failure to conduct a pre-filing conference. While this Court cautioned

---

[1] Certainly, BancorpSouth, on receipt of the Motion, could have contacted Plaintiffs' counsel in an effort to narrow or eliminate the issues. It chose not to do so, and instead filed the Response.

plaintiff's counsel, it ultimately addressed the merits of the motion to strike. Certain defenses were stricken for failure to sufficiently plead the defenses, with leave to amend being granted to the defendant. *Id.* The same result should occur here.[2]

### III. BancorpSouth Ignores the Pleading Standards Applicable to Its Affirmative Defenses

BancorpSouth incorrectly argues that its affirmative defenses need not contain **any** underlying factual statement. Contrary to BancorpSouth's assertion, *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, No. 10–22990–CIV, 2011 WL 1134989, at *1 (S.D. Fla. March 28, 2011) (slip opinion), and *Castillo v. Roche Laboratories, Inc.*, No. 10-cv-20876, 2010 WL 3027726, at *1 (S.D. Fla. Aug. 2, 2010), clearly demonstrate that when affirmative defenses are being asserted, a defendants is obligated to do more than just state a legal conclusion. *See also White v. De La Osa*, No. 07-23381-CIV, 2011 WL 1559826, at *2 (S.D. Fla. Apr. 25, 2011) (concluding affirmative defenses must comply with Rule 8(a) and include facts supporting each affirmative defense); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) (concluding defenses are insufficient and should be stricken when they fail to recite more than bare-bones conclusory allegations). This was the law before *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See also Grovenor House, L.L.C. v. E.I. DuPont De Nemours & Co.*, No. 09-21698-Civ, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010) ("[T]he defendant must plead enough facts to state a claim to relief that is plausible on its face.") (emphasis added) (citing *Twombly*, 550 U.S. at 570);

---

[2] Federal Rule of Civil Procedure 8(c)(1) does not include an exhaustive list of affirmative defenses. BancorpSouth concedes that the First, Ninth, Tenth, Eleventh, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, and Twenty-Fifth defenses are mere denials, rather than true affirmative defenses. [**DE # 1498 at p. 7-8**] However, this is no way made clear in its pleading because BancorpSouth interspersed its denials with true affirmative defenses, and refused to identify which defenses were true affirmative defenses for which it bears the burden of proof.

3

*Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, *1 (S.D. Fla. Sept. 9, 2008 (unpublished opinion) (also citing *Twombly* for proposition that defense must provide fair notice of nature of defense and the grounds upon which it rests).[3]  As demonstrated by *Pujals* and *White,* this Court continues to grant motions to strike affirmative defenses, holding that the *Twombly/Iqbal* pleading standard applies.  Even if *Twombly* and *Iqbal* do not apply, the bare legal conclusions offered by BancorpSouth are still insufficient under prior precedent.

BancorpSouth's reliance on decisions of other district courts **[DE #1498 at p. 9-11]** represents an attempt to avoid giving the Court and Plaintiff reasonable notice of the grounds for its defenses.  Doing so advances two improper motives: (1) to make it more time consuming for the Plaintiff to uncover even the basic grounds for the affirmative defense to determine if it could legally apply, or (2) to conceal the fact that BancorpSouth currently has no idea whether there are facts to support the defense.  Yet, litigants are not permitted to plead matters for which they have no basis in law or fact to assert the claim or defense. *See* Federal Rule of Civil Procedure 11(b).

BancorpSouth's discussion in its footnote 5 of *Mid-Continental Casualty Co. v. Active Drywall South, Inc.*, 2011 WL 679850, *1 (S.D. Fla. Feb. 25, 2011), ignores the fact that courts often cannot decide whether an affirmative defense is available as a matter of law because there are simply no facts pled.  That is why the standard has long been to strike affirmative defenses that are merely bare bones legal conclusions. *Morrison*, 434 F. Supp. 2d at 1318.  Plaintiff here has rightfully attacked such improper pleading.  In arguing that *Twombly/Iqbal* do not apply,

---

[3] BancorpSouth's affirmative defenses exhibit the kind of "shotgun answer" that has been disfavored in this circuit well before *Twombly* and *Iqbal*.  Such shotgun answers are improper because they are often asserted *en masse* and without serious consideration of the applicable defenses.  Accordingly, courts are encouraged to dismiss them. *See Byrne v. Nezhat*, 261 F.3d 1075, 1132-33 (11th Cir. 2005).

BancorpSouth is asking this Court to ignore the clear requirements to plead facts in support of an affirmative defense in this case.

BancorpSouth's suggestion that it should not be required to plead any factual basis for its defenses because discovery has not commenced is nonsensical. [**DE #1498 at p. 11, n.6.**] Even at this point, BancorpSouth is equally, if not more knowledgeable, than Plaintiff regarding the applications of its overdraft policies to Plaintiff's accounts and debit transactions. If there are no facts currently known, the affirmative defense should not be pleaded at this stage. Federal Rule of Civil Procedure 15(a)(2) contains a liberal standard for pleading amendments. A plaintiff is prejudiced when forced to waste time litigating a laundry list of factually and legally inapplicable affirmative defenses which have merely been thrown in because the defendant fears leaving them out even though the defendant admittedly possesses no facts supporting them at the time. Such shotgun defenses are insufficient as a matter of law pursuant to Rule 12(f). *See Byrne*, 261 F.3d at 1132-33.

Additionally, BancorpSouth should not be heard to argue that discovery is required because this is a class action. [**DE #1498 at p. 13.**] The verbiage used by BancorpSouth indicates that the bank has only pled its affirmative defenses and defenses as being applicable to the Plaintiff.[4] There is no disclosure of intent to apply the denials or affirmative defenses to the other class members. Thus, limited to the Plaintiff, BancorpSouth has information in its own records on which it could determine the factual basis for its defenses, or it can seek to amend its pleading by adding an additional affirmative defense in the future if it comes to light factually.

---

[4] The Twenty-First, Twenty-Second, Twenty-Third, and Twenty-Fourth Defenses address the Federal Rule of Civil Procedure 23 class action requirements. Those defenses provide no factual notice as to why any of those requirements cannot be met. BancorpSouth indicates in its Response that those defenses are merely denials. [**DE #1498 at p. 8.**]

5

### IV. Even the Specific Denials Should Include a Stated Factual Basis for the Denial

There is no requirement that a defendant provide specific denials to the allegations in a complaint in a separate section from the paragraph by paragraph answer. However, what good does it do the Court or the plaintiff for conclusory specific denials to be pled in a separate section, as was done by BancorpSouth? If BancorpSouth desires to point out matters that it believes are not apparent from its denial of the allegations in its answer, some detail should be provided to facilitate meaningful and narrowly tailored discovery. Further, it is certainly beneficial for a defendant to take an affirmative stand on whether something is a denial or an affirmative defense in the answer so a plaintiff and the Court will know what the defendant understands to be its burden of proof. In doing so, "defenses" should be separated in the pleading from "affirmative defenses." BancorpSouth should be ordered to do so. A specific denial should clearly indicate which allegations are being negated, *5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1266* (3d Edition), but BancorpSouth does not link its specific denials to particular counts or even allegations.

### V. BancorpSouth Does Not Attempt to Negate Plaintiff's Substantive Arguments Regarding its Affirmative Defenses

With the exception of its Third and Thirteenth Defenses, BancorpSouth makes no effort to address Plaintiff's substantive arguments that address the insufficiency of the defenses as currently pled. Those valid arguments should be accepted as unrebutted. BancorpSouth's arguments regarding the Third and Thirteenth Defenses are limited to the concept that it needs to take discovery to determine whether those defenses will apply.

The Third Defense is a bare-bones conclusion that some unidentified statutes of limitations and repose, as well as laches, bar Plaintiff's claims, in whole or in part. Defendant

knows Arkansas law applies to the Plaintiff's claims, but has not even included a statutory reference for the statute of limitations or repose. Even if the defense is intended to apply to all class members, BancorpSouth certainly can determine the other statutes of limitations and repose that exist and cite them, and then needs to allege basic facts supporting the defense. If the bank's concern is that it lacks knowledge of facts, BancorpSouth has prematurely alleged the statute of limitations or statute of repose. This Court previously struck an almost identical statute of limitations defense in *Castillo*, 2010 WL 3027726, at *4, as being insufficiently pled. BancorpSouth ignores *Castillo*.

The argument regarding the Thirteenth Defense is equally unavailing. BancorpSouth ignores Plaintiff's argument that assumption of the risk is not recognized in Arkansas anymore as a result of the comparative negligence standard. As to consent, BancorpSouth essentially states that Plaintiff is on notice of an argument previously denied in the context of a motion to dismiss, but does not address whether consent is synonymous with assumption of the risk. If it is, then it must be stricken because there is no negligence claim to which comparative negligence could apply. If it is not, Plaintiff's position is that consent to the overdraft fees by virtue of the terms of a contract would merely amount to a denial.

BancorpSouth's Response does not list the Thirteenth Defense in its statement of which defenses were merely intended to be specific denials. Thus, if it is intended to be an affirmative defense, more facts should be alleged to allow the Court to evaluate whether BancorpSouth is attempting to plead an avoidance. Finally, BancorpSouth does not address Plaintiff's argument regarding the bank's use of the word "contracts" as opposed to "contract." The Thirteenth Defense in its current form should be stricken.

## VI. Conclusion

The Court should require BancorpSouth to promptly amend its Answer to separate affirmative defenses from specific denials, and BancorpSouth should be permitted an opportunity to amend its affirmative defenses to meet the applicable pleading standards. For the reasons raised in the Motion, the Court should strike the following defenses which, as a matter of law, have no applicability to Plaintiff's claims: (a) Fifth Defense—Res Judicata and Judicial Estoppel; (b) Sixth Defense—Contributory Negligence, Comparative Negligence, and Lack of Diligence; (c) Twelfth Defense—Mitigation of Damages; and (d) Thirteenth Defense—Consent or Assumption of Risk.

Dated: June 6, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

9

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596