IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Steen v. Capital One, N.A.*<br>E.D. La. Case No. 2:10-cv-01505-JCZ-KWR<br>S.D. Fla. Case No. 1:10-cv-22058-JLK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CAPITAL ONE, N.A.'S MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(b); JOINDER IN
JPMORGAN CHASE BANK, N.A.'S MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, MOTION FOR CERTIFICATION;
AND INCORPORATED MEMORANDUM OF LAW**

sf-2999067

Capital One Bank, N.A. respectfully moves, in the alternative to its pending motion to reconsider (ECF No. 1350), for an order certifying the Court's March 21 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Capital One incorporates by this reference the arguments advanced in support of that motion. Capital One also adopts and joins in JPMorgan Chase Bank, N.A.'s Motion, Based on Recently Decided Eleventh Circuit Authority, to Dismiss on Grounds of Preemption Pursuant to Rule 12(c) and on Further Reconsideration of Its Earlier Motion Pursuant to Rule 12(b)(6), or, in the Alternative for Certification Pursuant to 28 U.S.C. § 1292(b) (ECF No. 1484).

Under 28 U.S.C. § 1292(b), a district court may allow appeal of a non-final order when it certifies in writing that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1255 (11th Cir. 2004) (quoting 28 U.S.C. § 1292(b)). Immediate interlocutory appeals pursuant to § 1292(b) are particularly appropriate where threshold legal issues are in dispute. *See* 16 Charles Alan Wright, et al., *Federal Practice and Procedure, Jurisdiction* § 3930, at 422 (2d ed. 1996) (noting that certification is justified in cases involving "an initial question of jurisdiction, limitations, or the like," even without a great showing that there is a substantial ground for difference of opinion). These criteria are consistent with the Supreme Court's recent admonition that when a complaint fails to state a claim, such a "basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966 (internal quotation marks omitted); *see also Movsesian v. Victoria Vericherung AG*, 578 F. 3d 1052, 1055-1056 (9th Cir. 2009) (reviewing the denial of 12(b)(6) motion under section 1292(b) and applying *Twombly*).

The preemption issue presented by the pending motions for certification is one of great significance and readily meets the 1292(b) criteria. Virtually every large national

bank in the nation is a defendant in one or more cases pending before this Court. As evidenced by this Court's recent preliminary approval of a $410,000,000 settlement in the Bank of America cases, the stakes in the cases involving national banks are very high and could involve millions of putative class members if classes were to be certified. (ECF No. 1520.) In such circumstances—as also evidenced by the Bank of America settlement—the inability to resolve threshold legal issues may cause such issues to escape appellate review altogther, whether due to the crushing burden of discovery, *see Twombly* at 559 ("the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching [summary judgment or trial]"), or the "blackmail effect" of class certification, *see In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1299 (7th Cir. 1995) ("[C]ertification of a class action, even one lacking merit, forces defendants to stake their companies on the outcome of a single jury trial, or be forced by fear of the risk of bankruptcy to settle even if they have no legal liability . . . . [Defendants] may not wish to roll these dice. That is putting it mildly. They will be under intense pressure to settle.").

       The preemption determination in the Court's March 21 Order (based on the Court's March 11, 2010 Omnibus Order) is, at a minimum, open to significant question. Moreover, since the March 21 Order issued, *Baptista v. JPMorgan Chase Bank, N.A.*, No. 10-13105, 2011 U.S. App. LEXIS 9568 (11th Cir. May 11, 2011), has further undercut its foundation. In *Baptista*, the Eleventh Circuit affirmed the dismissal of a putative class action that challenged, under Florida law, certain fees charged by a national bank. *Baptista* held that: (1) Section 7.4002 not only preempts state laws that limit the right of banks to charge fees, but also preempts state laws that limit the *manner* in which overdraft fees are calculated or triggered; (2) if application of state law significantly reduces a national bank's "fee options," such state law stands as a "substantial conflict with federal authorization to charge such fees"; (3) its preemption analysis applies equally to statutory claims as well as common law claims; and (4) the preemption

question can readily be resolved on a motion to dismiss. 2011 U.S. App. LEXIS 9568, at *2-3, 7-8 n.2.

For the foregoing reasons, as well as those set forth in the incorporated memoranda, Capital One respectfully requests that the Court certify its March 21 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: June 7, 2011

Respectfully submitted by,

MORRISON & FOERSTER LLP

By: /s/ James R. McGuire
JAMES R. McGUIRE

JAMES R. McGUIRE (*pro hac vice*)
RITA F. LIN (*pro hac vice*)
MIMI YANG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:   (415) 268-7522

*Attorneys for Defendant*
CAPITAL ONE, N.A.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel for Capital One has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this motion, but the parties were unable to do so.

Dated:  June 7, 2011 　　　　　　　　　　Respectfully submitted by,

MORRISON & FOERSTER LLP

By:  /s/ James R. McGuire
　　　　JAMES R. McGUIRE

JAMES R. McGUIRE (*pro hac vice*)
RITA F. LIN (*pro hac vice*)
MIMI YANG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

*Attorneys for Defendant*
CAPITAL ONE, N.A.

CERTIFICATE OF SERVICE

CASE NO.: 1:09-MD-02036-JLK

I HEREBY CERTIFY that on June 7, 2011, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

   /s/ James R. McGuire
James R. McGuire
JMcGuire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

sf-2999067