**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

C<small>ASE</small> N<small>O</small>. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Brown. v. U.S. Bank, N.A.*
S.D. Fla. Case No. 1:10-24147-JLK
E.D. Wash. Case No. 2:10-00356-RMP

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF U.S.
BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Plaintiffs Lori and Mitchell Brown respectfully submit this reply in support of their motion to strike portions of Defendant U.S. Bank, National Association's Reply in Support of Its Motion to Compel Arbitration and Stay Proceedings (the "Reply"). **[DE # 1545, 1537]**

**I.     INTRODUCTION**

U.S. Bank's opposition illustrates Plaintiffs' point – it is clear Defendant withheld its argument concerning the delegation of gateway arbitrability issues in order to "sandbag" Plaintiffs and prevent them from responding. This is precisely what Local Rule 7.1(C) forbids and why courts in this district strike new arguments and evidence proffered by a movant on reply. By failing to assert in its motion that it delegated the determination of its arbitration clause's validity to an arbitrator, U.S. Bank waived such an assertion which was its burden to raise and to prove. Such tactics should not be tolerated and Plaintiffs urge the Court to grant their motion to strike portions of

- 1 -

the Reply. Alternatively, Plaintiffs request an opportunity to file a sur-reply to address U.S. Bank's new argument and evidence raised for the first time in the Reply.

## II. ARGUMENT

### A. U.S. Bank Waived Its Untimely Argument that An Arbitrator Should Decide the Validity of Its Arbitration Clause

First, the Court should strike U.S. Bank's untimely argument that it delegated the determination of whether its arbitration clause is valid to an American Arbitration Association ("AAA") arbitrator rather than this Court. U.S. Bank waived this novel contention by arguing to the contrary in its motion and waiting to raise the issue for the first time in the Reply.

As previously observed, the courts in this district routinely hold that arguments and evidence raised for the first time on reply are procedurally barred. *See, e.g.*, *Thompkins v. Lil' Joe Records*, 2008 U.S. Dist. LEXIS 29423, at *32-*33 (S.D. Fla. Mar. 4, 2008) (citing Local Rule 7.1.C); *TCC Air Servs. v. Schlesinger*, 2009 U.S. Dist. LEXIS 21010, at *19-*20 (S.D. Fla. Mar. 5, 2009) (refusing to consider new evidence submitted in reply brief). U.S. Bank not only failed to argue in its opening brief that an arbitrator, rather than this Court, should decide the validity and enforceability of its arbitration clause, it specifically argued that this Court's role included such determinations. *Compare* Motion to Compel, pp. 8, 10-13 **[DE # 1406]**, *with* Reply, p. 5 **[DE # 1537]**.

In opposing Plaintiffs' motion to strike, U.S. Bank concedes – as it must – that it failed to argue in its opening papers that it delegated the validity determination to an arbitrator. However, U.S. Bank now claims it need not have done so until it had a chance to see whether Plaintiffs would challenge that provision. Implicitly, U.S. Bank admits it attempted to sandbag Plaintiffs by waiting to see if they would bring a direct challenge to its purported delegation and, as they did not (for reasons explained below), U.S. Bank has now attempted to seize on this to argue Plaintiffs waived

- 3 -

their rights to have threshold issues of arbitrability decided by this Court. However, U.S. Bank's sandbagging attempts are fatal to its untimely claim.

Indeed, "courts assume that the parties intended courts, not arbitrators, to decide . . . certain gateway matters, such as whether the parties have a valid arbitration agreement at all . . . ." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). "The Courts of Appeals are unanimous in recognizing that an unconscionability challenge to the provisions of an arbitration agreement is a question of arbitrability that is presumptively for the court, not the arbitrator, to decide." *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 180 (3d Cir. 2010) (citations omitted). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options v. Kaplan*, 514 U.S. 938, 944 (1995), quoted in *Rent-A-Center, W., Inc. v. Jackson*, __ U.S. __, 130 S. Ct. 2772, 2778 n.1 (2010). "[T]he law treats silence or ambiguity about the question '*who* (primarily) should decide arbitrability' differently from the way it treats silence or ambiguity about the question '*whether* a particular merits-related dispute is arbitrable . . . for in respect to this latter question the law reverses the presumption" in favor of the Court resolving such questions. *First Options*, 514 U.S. at 944-45 (emphasis in original). As such, the party seeking to have the arbitrator decide gateway arbitrability issues carries an "onerous burden" to prove with "clear and unmistakable evidence that the parties intended for the arbitrator to decide" these issues. *Puleo*, 605 F.3d at 187-88 (internal quotation marks and citation omitted).

Given the well-established presumption that the Court decides the gateway issue of the validity of U.S. Bank's arbitration clause before ruling on its motion to compel, Plaintiffs need not have anticipated U.S. Bank's radical departure in the Reply from its prior position. It was U.S. Bank's burden – not Plaintiffs' – to convince this Court it had no say on such matters normally

reserved for the Court. *See id.* By failing to raise the issue in its motion, U.S. Bank waived any such argument.

In any event, Plaintiffs had no reason to challenge a purported delegation provision that does not appear within U.S. Bank's arbitration clause, or indeed, anywhere within its Deposit Agreement ("Deposit Agreement"). This is particularly true where, as here, U.S. Bank has never referenced any such delegation in any of its dealings with Plaintiffs or its briefing throughout these MDL proceedings. In fact, as U.S. Bank concedes, there is no such delegation provision in its arbitration clause or Deposit Agreement. It only now points to the AAA website where it contends one may seek out and download the AAA rules to find buried in the 40-page document a vague provision that an AAA arbitrator also has some authority to make validity determinations concerning an arbitration agreement. *See* Response in Opposition, p. 4 **[DE # 1552]**. Such a tortured argument was not Plaintiffs' burden to concoct and then deconstruct in their opposition.

Moreover, U.S. Bank's contention that it could not anticipate Plaintiffs' unconscionability challenge is flatly contradicted by the record. In fact, U.S. Bank anticipated in its motion that Plaintiffs would argue that the arbitration clause was unconscionable and, thus, alternatively argued why it was not. *See* Motion to Compel, p. 10 **[DE # 1407]**. If, in fact, U.S. Bank believed that an arbitrator, not this Court, should make the unconscionability determination, it should have said so in its motion instead of arguing the merits of the unconscionability determination. Its failure to do so waived its untimely argument in the Reply. *See Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (arguments raised on reply are waived), cited in *Flamenbaum v. Orient Lines, Inc.*, 2004 U.S. Dist. LEXIS 14718, at *46 (S.D. Fla. July 28, 2004).

The two cases cited by U.S. Bank are readily distinguishable. In *Clotfelter v. Cabot Inv. Props., LLC*, 2011 U.S. Dist. LEXIS 33777 (M.D. Fla. Mar. 29, 2011), the Court found the

defendant had not waived its argument concerning the delegation of gateway arbitration issues to the arbitrator because it had quoted the delegation clause (which appeared within its arbitration provision) throughout the briefing, and its argument on reply was *not* "inconsistent or contradictory" to its opening brief. *Id.* *19 n.5.

Here, in contrast, U.S. Bank's argument in the Reply that it delegated the validity determination to an arbitrator represents a 180-degree shift from its argument in the motion that this Court should find its arbitration clause to be valid and not unconscionable. *Compare* Motion to Compel, pp. 8, 10-13 **[DE # 1406]**, *with* Reply, p. 5 **[DE # 1537]**. Further, there is no delegation provision in its arbitration clause, much less one that U.S. Bank quoted or referenced in its opening brief, or for that matter, at any time during these MDL proceedings. Unlike *Clotfelter*, the contradiction and strained credibility of U.S. Bank's position reveals precisely why Plaintiffs' motion to strike should be granted.

*Rent-A-Center* is equally inapplicable. There, the Court specifically found the defendant argued in its opening brief that the arbitrator, not the Court, should decide the validity of the arbitration clause, yet the plaintiff had failed to address defendant's argument in his opposition brief. *See* 130 S. Ct. at 2779. In fact, it was not until plaintiff's brief before the Supreme Court that he finally contested the delegation provision. *See id.* at 2781. This was "too late," and the Supreme Court refused to consider it. *See id.*

Here, unlike *Rent-A-Center*, U.S. Bank failed to argue that an arbitrator should decide gateway arbitration issues prior to its Reply. Quite unlike the defendant in *Rent-A-Center*, U.S. Bank has never taken the position in these MDL proceedings that its arbitration clause delegated gateway arbitrability issues to an arbitrator. Thus, as the Court found in *Rent-A-Center*, U.S. Bank's arguments are too little, too late, and should be disregarded. *See id.*

There was no rational reason for Plaintiffs to challenge a purported delegation provision which does *not* exist within U.S. Bank's arbitration clause. It is preposterous for U.S. Bank to now assert it "could not have argued that the arbitrator should decide ***all*** questions of validity" until and unless Plaintiffs challenged its alleged delegation provision. *See* Response in Opposition, p. 2 **[DE # 1552]**. Particularly so, given that U.S. Bank argued precisely the opposite – that this Court should decide questions of validity, including unconscionability – in its opening brief.

Attempting to outmaneuver Plaintiffs, U.S. Bank has set its own trap. By arguing in its opening brief that this Court will decide the validity of its arbitration agreement, and waiting to argue the contrary until the Reply, U.S. Bank waived its contradictory position that it somehow delegated the gateway arbitrability issues to an arbitrator.

  **B.**  **U.S. Bank's Opposition Further Reinforces that the Farka Declaration and Accompanying Exhibits Are Untimely**

U.S. Bank contends that it could not anticipate the need to make the argument that its Deposit Agreement was available to Plaintiffs. However, its argument is once again contradicted by its opening submissions. Plaintiffs' motion to strike should be granted.

Tellingly, though U.S. Bank now says that it needed to counter Plaintiffs' argument that they did not receive copies of the Deposit Agreement, it also concedes that its opening brief contained the same information that it now seeks to submit regarding the availability of its agreements at branches, online or by phone request. *See* Response in Opposition, p. 4 **[DE # 1552]**; *Compare* Response in Opposition, p. 4 **[DE # 1552]**, with Motion to Compel, p. 2 **[DE # 1407]**. Thus, it is not accurate for U.S. Bank to claim it was responding to Plaintiffs' opposition. U.S. Bank could – and should – have submitted the untimely affidavit of its Vice President in the Consumer Deposit Product Management division, Brent Farka ("Farka Reply Declaration") **[DE # 1538]** and the purported customer account statements of Plaintiffs with its opening brief. U.S. Bank's need to prove that it complied with the

statement that it made copies of its form agreements available to customers did not arise from Plaintiffs' opposition brief, it arose from its opening brief; however, it failed to support its assertions. But, on reply, it is too late. This Court should disregard these untimely materials. *See TCC Air Servs.*, 2009 U.S. Dist. LEXIS 21010, at *19-*20.

Because U.S. Bank has improperly attempted to present new argument and materials not strictly limited to rebuttal of matters raised in Plaintiffs' opposition, this Court should strike Section II.A of the Reply Brief, the Farka Reply Declaration and accompanying exhibits, and all references thereto, pursuant to Local Rule 7.1(C).

### C. If this Court Does Not Strike U.S. Bank's Untimely Submissions, Plaintiffs Should Be Afforded a Sur-Reply

Adding insult to injury, U.S. Bank argues that Plaintiffs should not be permitted a sur-reply. Such a position only further highlights U.S. Bank's gamesmanship.

In its opposition, U.S. Bank does not challenge this Court's discretion to grant a sur-reply but, instead, argues that its untimely submissions should not "have been any surprise to Plaintiffs." *See* Response in Opposition, p. 3 **[DE # 1552]**. However, not only is this assertion inaccurate, but "surprise" is not the applicable standard under Rule 7.1(C). Indeed, Rule 7.1(C) mandates that reply briefs "***shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law***." S.D. Fla. Local Rule 7.1(C) (emphasis added).

Here, U.S. Bank's novel argument in the Reply that it delegated validity determinations to an arbitrator did not rebut any matter raised in Plaintiffs' opposition. Indeed, Plaintiffs *agreed* with the position taken in U.S. Bank's opening brief that this Court decides the validity of its arbitration clause. Moreover, it was not Plaintiffs' burden to raise such an issue; as previously noted, it is U.S. Bank, not Plaintiffs, that bore the burden of rebutting the presumption that this Court – rather than

the arbitrator – decides gateway issues such as the validity of the arbitration clause. *See supra* at 3-4. Thus, U.S. Bank cannot plausibly argue that its contradictory argument in Section II.A of the Reply complies with Local Rule 7.1(C).

Similarly, U.S. Bank's untimely evidence in the form of the Farka Reply Declaration and accompanying exhibits did not strictly rebut matters raised by Plaintiffs in their opposition. Plaintiffs never argued that they had tried to seek out, yet were unable, to get copies of the Deposit Account Agreements. Plaintiffs' argument is it was unconscionable for U.S. Bank to bootstrap them into an arbitration agreement which Defendant did not provide to them or disclose in a conspicuous manner. *E.g.*, Plaintiffs' Response in Opposition, pp. 13-14 **[DE # 1491]**. Thus, U.S. Bank's argument that Plaintiffs could have tracked down a copy if they had tried harder does not rebut their arguments in the least. Nevertheless, given that U.S. Bank now seeks to submit evidentiary materials on this issue, Plaintiffs should at least be afforded an opportunity to respond and submit evidence as to same.

U.S. Bank's final argument is that, even if this Court were to permit Plaintiffs an opportunity to respond, any sur-reply should be limited to two pages or less because it chose to devote that amount of space to these issues in the Reply. There is no authority for U.S. Bank's arbitrary restriction. Nothing restrains this Court from permitting as much space as is reasonably needed for Plaintiffs to adequately respond. In any event, U.S. Bank ignores the fact that it not only included several pages of argument as to these untimely issues, but also submitted a 2-page declaration, 12 pages of exhibits, and injected the equivalent of a 40-page document by way of the AAA Rules that it now asserts, for the first time, were incorporated by reference into its arbitration clause. *See* Reply, pp. 1, 2-3, 5-6 **[DE # 1537];** Farka Reply Declaration **[DE # 1538]**. As such, it is unreasonable for U.S. Bank to attempt to limit Plaintiffs to a two-page sur-reply.

Plaintiffs will be prejudiced if denied a reasonable opportunity to respond to the novel arguments and evidentiary submissions presented by U.S. Bank for the first time in its Reply. As such, should this Court decline to strike U.S. Bank's untimely contentions and evidentiary submissions, Plaintiffs request a reasonable opportunity to file a sur-reply to address new arguments and submissions raised by U.S. Bank for the first time in the Reply.

### III. CONCLUSION

Plaintiffs respectfully request that this Court strike Section II.A of U.S. Bank's Reply **[DE # 1537]**, the Farka Reply Declaration and accompanying exhibits **[DE # 1538]**, and all references thereto, as impermissible new argument and evidentiary submissions in contravention of Local Rule 7.1(C). In the alternative, Plaintiffs request leave to file a sur-reply to address the new arguments and evidentiary submissions raised by U.S. Bank for the first time in its Reply.

Dated: June 8, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb | /s/ Michael W. Sobol |
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | David S. Stellings, Esquire |
| Georgia Bar No. 141903 | New York Bar No. 2635282 |
| Matt@WebbLLC.com | dstellings@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141315 | California Bar No. 215348 |
| FLemond@WebbLLC.com | rheller@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | Jordan Elias, Esquire |
| 1900 The Exchange, S.E. | California Bar No. 228731 |
| Suite 480 | jelias@lchb.com |
| Atlanta, GA 30339 | LIEFF CABRASER HEIMANN & |
| Tel: 770-444-9325 |   BERNSTEIN L.L.P. |
| Fax: 770-444-0271 | Embarcadero Center West |
| | 275 Battery Street, 30th Floor |
| | San Francisco, CA 94111 |
| | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          /s/ Robert C. Gilbert
                          Robert C. Gilbert, Esquire
                          Florida Bar No. 561861
                          GROSSMAN ROTH, P.A.
                          2525 Ponce de Leon Boulevard
                          Eleventh Floor
                          Coral Gables, FL 33134
                          Tel: 305-442-8666
                          Fax: 305-779-9596