**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-KING**

_____
:
**IN RE: CHECKING ACCOUNT**               :
**OVERDRAFT LITIGATION**                  :
:
**MDL No. 2036**                          :
_____:
_____
:
**THIS DOCUMENT RELATES TO:**             :
:
:
*Casayuran, et al. v. PNC Bank, National*  :
*Association.*                             :
S.D. FL. Case No. 10-cv-20496-JLK        :
:
:
*Cowen, et al. v. PNC Bank, National*      :
*Association*.                             :
S.D. FL. Case No. 10-cv-21869-JLK        :
:
:
*Hernandez, et al. v. PNC Bank, N.A.*      :
S.D. FL. Case No. 10-cv-21868-JLK        :
:
:
*Matos v. National City Bank*             :
S.D. FL. Case No. 10-cv-21771-JLK        :
:
_____:

**JOINDER OF DEFENDANTS PNC BANK, N.A. AND**
**NATIONAL CITY BANK IN JP MORGAN CHASE BANK, N.A.'S**
**MOTION, BASED ON RECENTLY DECIDED ELEVENTH CIRCUIT**
**AUTHORITY, TO DISMISS ON GROUNDS OF PREEMPTION PURSUANT**
**TO RULE 12(c) AND ON FURTHER RECONSIDERATION OF ITS**
**EARLIER MOTION PURSUANT TO RULE 12(b)(6), OR, IN THE**
**ALTERNATIVE, FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Defendants, PNC Bank, N.A. ("PNC") and National City Bank ("National City"),[1] hereby join in the Motion, Based On Recently Decided Eleventh Circuit Authority, To Dismiss On Grounds of Preemption Pursuant To Rule 12(c) And On Further Reconsideration Of its Earlier Motion Pursuant To Rule 12(b)(6), Or, In The Alternative, For Certification Pursuant To 28 U.S.C. § 1292(b) (the "Chase Motion"), filed by JPMorgan Chase Bank, N.A. ("Chase")(DE #1484).  In support of this Joinder, PNC states the following.

On December 6, 2010, Plaintiffs filed a Consolidated Amended Class Action Complaint ("CAC") against PNC (DE #991).  On January 20, 2011, PNC filed a Motion to Dismiss the CAC (DE #1071).  In its Motion to Dismiss, PNC set forth numerous reasons why the CAC failed to state a claim, including that the claims in the CAC were preempted by federal law.

> The issue of federal preemption has been extensively briefed and argued by defendants in earlier tranches.  While PNC submits that the claims against it and National City, as national banks regulated by the Office of the Comptroller of the Currency, are preempted, it will not re-argue these points to the Court.  It instead incorporates by reference as if set forth in full the arguments made in the Omnibus Motion to Dismiss and/or For Judgment on the Pleadings and Incorporated Memorandum of Law [DE 217], pp. 19-34; Defendant T.D. Bank, N.A.'s Motion to Dismiss and/or For Judgment on the Pleadings [DE 665], pp. 12-16.  Accordingly, PNC respectfully requests that all claims be dismissed by reason of federal preemption.

*Motion of Defendants PNC Bank, N.A. and National City Bank to Dismiss Consolidated Amended Class Action Complaint*, at 18-19 (DE #1071).

---

[1]    In connection with the acquisition of National City's parent corporation by PNC's parent, National City has been merged into PNC.  This brief will therefore generally refer to the moving defendants collectively as "PNC."

On March 21, 2011, this Court rejected PNC's preemption argument, and all other

arguments and denied PNC's Motion to Dismiss the CAC.

> After careful consideration of the parties' legal briefs and extensive oral argument on March 16, 2011 (DE#1296), the Court has determined that Defendants in the above styled cases have failed to state any new grounds for this Court to vary from its earlier Order Ruling on Omnibus Motions (DE#305). At that time, the Court adjudicated fifteen previously-pending Motions to Dismiss, all of which addressed the same legal issues as those presented here. While Defendants have submitted additional argument regarding Plaintiffs' underlying causes of action, the Court's earlier ruling encompassed and disposed of those same defenses. As such, the Court finds that Defendant's Motions to Dismiss must be denied in their entirety.

*March 21, 2011 Order*, at 2 (DE # 1305).

In its prior rulings on preemption the Court had noted that the Eleventh Circuit

had not spoken to the preemption issues at hand. *In re Checking Account Overdraft Litig.*, 2010

WL 3377592, at * 3 (S.D. Fla. July 1, 2010). On May 11, 2011, however, the Eleventh Circuit

squarely spoke to these preemption issues in its precedential decision in *Baptista v. JPMorgan*

*Chase Bank, N.A.*, __ F.3d__, 2011 WL 1772657 (11th Cir. May 11, 2011). In *Baptista*, the

court of appeals considered a claim that the defendant bank, Chase, had imposed a bank fee in a

manner that was alleged to be in violation of Florida statutory law and contrary to the common

law of unjust enrichment. 2011 WL 1772657, at *1. *Baptista* held that these claims were

preempted, and in doing so applied preemption to a law of general applicability – unjust

enrichment. *Id*. at *2. It also held that state law restrictions on the manner in which a bank

determines whether to charge a fee are preempted, explaining that "allowing the banks the option

of *how* to charge fees was a significant objective of the NBA and regulations promulgated

thereunder." *Id.* at *2 n.2 (emphasis in original). Finally, *Baptista* applied these preemption

principles as a matter of law at the motion to dismiss stage, concluding that even though it was

possible for the bank to comply with both the OCC regulation and the State law, the state law was preempted because it "reduce[d] the bank's fee options." *Id*. at *2.

Shortly thereafter, on May 17, 2011, Chase filed the Chase Motion (DE #1484), requesting dismissal on preemption grounds, pursuant to Rule 12(c), and on further reconsideration of the Court's Order denying the Omnibus Motion to Dismiss.  In the alternative, Chase requested that the Court certify the issue as a "controlling question of law" for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The claims asserted against PNC in the CAC are for purposes of this preemption motion materially indistinguishable from the claims asserted against Chase in the Second Amended Class Action Complaint in *Luquetta v. JPMorgan Chase Bank, N.A.*, S.D. Fla. Case No. 1:09-cv-23432-JLK (DE #348).  PNC hereby joins in the Chase Motion and adopts and incorporates by reference the arguments presented, authorities cited and relief sought by Chase. Therefore, for the reasons set forth in the Motion, PNC respectfully requests that the CAC be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(c) or in reconsideration of this Court's March 21, 2011 Order denying PNC's Motion to Dismiss the CAC.  If the Court denies the Motion, PNC requests that it certify its order as interlocutory pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,


/s/   Michael R. Tein                              /s/   Darryl J. May
Michael R. Tein                                    Darryl J. May
Florida Bar No.: 993522                            BALLARD SPAHR LLP
tein@lewistein.com                                 1735 Market Street, 51st Floor
Guy A. Lewis                                       Philadelphia, PA  19103
Florida Bar No.: 623740                            Tel.:  (215) 665-8500
lewis@lewistein.com                                Fax:  (215) 864-8999
Kathryn A. Meyers                                  may@ballardspahr.com
Florida Bar No.: 0711152                                   and
kmeyers@lewistein.com                              Mariah Murphy
LEWIS TEIN, P.L.                                   BALLARD SPAHR LLP
3059 Grand Avenue, Suite 340                       A Pennsylvania Limited Liability Partnership
Coconut Grove, Florida 33133                       210 Lake Drive East
Tel:  (305) 442-1101                               Cherry Hill, NJ 08002-1163
Fax: (305) 442-6744                                Tel :  (856) 761-3400
                                                   Fax:  (856) 761-1020
                                                   murphym@ballardspahr.com

*Attorneys for Defendants PNC Bank, N. A. and National City Bank*

Dated:  June 8, 2011

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-KING**

---------------------------------------------------------------

                       :

**IN RE: CHECKING ACCOUNT**    :
**OVERDRAFT LITIGATION**       :

                       :

**MDL No. 2036**                :

-------------------------------------------------------------:

       I hereby certify that on June 8, 2011, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.


                    /s/   Mariah Murphy
                    Mariah Murphy
                    BALLARD SPAHR LLP
                    A Pennsylvania Limited Liability Partnership
                    210 Lake Drive East
                    Cherry Hill, NJ 08002-1163
                    Tel.:  (856) 761-3400
                    Fax:  (856) 761-1020
                    murphym@ballardspahr.com

                    *Attorneys for Defendants PNC Bank, N. A.
                    and National City Bank*