IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>FIRST TRANCHE ACTION<br><br>*Luquetta v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JPMORGAN CHASE BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION, BASED ON RECENTLY DECIDED ELEVENTH CIRCUIT AUTHORITY,
TO DISMISS ON GROUNDS OF PREEMPTION PURSUANT TO RULE 12(c)
AND ON FURTHER RECONSIDERATION OF ITS EARLIER MOTION
PURSUANT TO RULE 12(b)(6), OR, IN THE ALTERNATIVE,
<u>FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)</u>**

The issue before the Court on this motion is straightforward.  The Eleventh Circuit's recent controlling decision in *Baptista v. JPMorgan Chase Bank, N.A.*, — F.3d —, 2011 WL 1772657 (11th Cir. May 11, 2011), requires dismissal of this case on preemption grounds.  When the Court previously ruled otherwise, it was forced to resolve conflicting non-binding decisions from other circuits because, as Chase acknowledged at the time, there was no Eleventh Circuit authority directly on point.  But the Eleventh Circuit now has spoken and, respectfully, *Baptista* clearly rejects each of the three grounds on which the Court based its prior decision.  *Baptista* makes clear that all of the claims against Chase here are preempted under the law of this Circuit.  Ms. Luquetta's opposition brief has no answer to this.

**I.  *BAPTISTA* DEFINITIVELY ESTABLISHES THAT PLAINTIFF'S CLAIMS ARE PREEMPTED AND MUST BE DISMISSED**

*Baptista* conclusively establishes three points of law that together dispose of this case entirely on the pleadings:

- NBA preemption applies to claims arising under State laws of ***general applicability***, such as the common-law and statutory claims here—and not just to laws expressly governing banks;

- such claims are preempted if they significantly interfere with the ***manner*** in which bank fees will be imposed—and not just with whether a bank can charge a fee at all; and

- such claims are preempted ***as a matter of law***.

*Baptista* is legally indistinguishable from this case; indeed, the plaintiff in *Baptista* insisted that "[t]he issue in *Overdraft Litigation* is the issue here."  Pl.'s Mem. in Opp'n to Def.'s Mot. to Stay Discovery, *Baptista v. JPMorgan Chase Bank, N.A.*, 6:10-cv-00139 (M.D. Fla. May 13, 2010), at 5 [Dkt. No. 32].

Unable to distinguish *Baptista*, Ms. Luquetta instead asks the Court to ignore it.  In her brief she cites the same handful of non-precedential *cases from other jurisdictions* that she cited

- 1 -

in opposing dismissal more than a year before *Baptista* was decided. But Ms. Luquetta knows that those cases are not controlling and that *Baptista* is. And a straightforward application of its holding compels dismissal.

### A. *Baptista* Holds That The NBA And Section 7.4002 Preempt Laws Of General Applicability

When this Court previously rejected Chase's motion to dismiss, it had to rely on non-precedential cases decided outside this jurisdiction, and on that basis noted that "State laws of general applicability have been found not to be preempted." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1311 (S.D. Fla. 2010) (citing *Baldanzi v. WFC Holdings Corp.*, No. 07 Civ. 9551, 2008 WL 4924987 (S.D.N.Y. Nov. 14, 2008)). In rejecting Chase's earlier reconsideration motion, this Court specifically observed that "the Eleventh Circuit has not yet had the opportunity to decide whether or not federal law preempts the state law claims brought" under such laws in this case. *In re Checking Account Overdraft Litig.*, No. 09-MD-2036-JLK, 2010 WL 3377592, at *3 (S.D. Fla. July 1, 2010).

In *Baptista*, the Eleventh Circuit now has decided the issue in Chase's favor. *Baptista* held that the NBA, and 12 C.F.R. § 7.4002 promulgated thereunder, preempted *both State statutory and common-law claims* challenging the manner in which Chase had imposed a fee on a customer. Just as Ms. Luquetta does now, the *Baptista* plaintiff had insisted that claims asserted under State laws of general applicability, such as her unjust-enrichment claim, were not preempted because they did not concern laws specifically directed at banks. The Eleventh Circuit rejected that argument and held that the claims *were* preempted. 2011 WL 1772657, at *2. *Baptista* commands the same result here as to Ms. Luquetta's unjust-enrichment and other claims arising under State laws of general applicability.

- 2 -

Ms. Luquetta has no serious response. Her brief simply asks the Court to ignore *Baptista*, citing the same cases she previously relied on from New York, Iowa, California, West Virginia, Ohio, Pennsylvania, and Hawaii, as though they trumped the Eleventh Circuit's ruling. *See* Pl.'s Opp'n at 8-9. Even if those cases stood for the sweeping proposition for which Ms. Luquetta cites them, which they do not, they are now irrelevant. *Baptista* has announced the law of this Circuit. State-law claims that interfere with a bank's exercise of the discretion conferred on it by 12 C.F.R. § 7.4002 are preempted, and this applies equally to State laws directed specifically at banks as well as laws of general applicability such as Ms. Luquetta sues under here.[1]

### B. *Baptista* Holds That State Law Is Equally Preempted Under The NBA When It Interferes With The *Manner* In Which A National Bank Imposes Fees

In its initial ruling, again made without any guidance from the Eleventh Circuit on this point, this Court also rejected Chase's motion to dismiss on the ground that Ms. Luquetta's claims were not preempted because she had attacked only the "allegedly unlawful *manner*" in which Chase imposed fees, rather than challenging Chase's right to impose fees at all. *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1313 (emphasis added). *Baptista* now commands the opposite result on this issue too.

As *Baptista* expressly holds, the NBA and Section 7.4002 do not merely authorize national banks to impose fees; they also afford national banks "latitude to decide *how* to charge"

---

[1] Ms. Luquetta says that the Eleventh Circuit's decision on this issue was not an actual holding (*see* Pl.'s Opp'n at 7), but she is dead wrong. The text of the Eleventh Circuit's decision expressly states that the plaintiff's common-law claim was preempted. 2011 WL 1772657, at *2. In a footnote, *Baptista* observed that if it had not found Ms. Baptista's unjust-enrichment claim preempted under the NBA, it "would *also* conclude" that Ms. Baptista had failed to state a claim as a matter of law. 2011 WL L1772657, at *2 n.3 (emphasis added). *Baptista*'s straightforward holding was that the claim is preempted, and it *also* held in the alternative a failure to state a claim. In any event, it makes no difference, because whichever ground was the main holding versus an alternative basis, both are equally binding on this Court, and neither may be disregarded. *See, e.g.*, *Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008).

such fees. 2011 WL 1772657, at *2 n.2 (emphasis added). Flatly contrary to plaintiff's assertion that federal law "condemns" the banking practices she challenges here (Pl.'s. Opp'n at 3), *Baptista* states that "'the establishment of non-interest charges and fees, their amounts, *and the method of calculating them* are business decisions to be made by each bank, in its discretion . . . .'" *Baptista*, 2011 WL 1772657, at *2 n.2 (quoting 12 C.F.R. § 7.4002(b)(2)) (emphasis added). *Baptista* holds that a State law that presents a "significant conflict" with *either* the decision to impose fees, or the decision *how* to impose them, is preempted. *Id.* at *2 (holding State law preempted where it would "reduce[] the bank's fee options").

Again, rather than even trying to address *Baptista* head-on, Ms. Luquetta asks the Court to disregard it, relying on the same decisions *from other jurisdictions* without dealing with the fact that *Baptista* rejected them. *See* Pl.'s Opp'n 12-13. But, again, those decisions, including *Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080 (N.D. Cal. 2010), are now irrelevant. The Eleventh Circuit has spoken, and reached the opposite result.

The closest that Ms. Luquetta's brief comes to dealing with the merits of *Baptista* is to argue that *Baptista* need not be followed here because plaintiff Baptista in that case was not a "customer" of the bank. *See* Pl.'s Opp'n at 2, 3, 6, 14, 15. That argument could not be more wrong. The *Baptista* decision expressly and specifically held that the plaintiff Ms. Baptista *was* a "customer" as part of its holding that the NBA preempted her State-law claims. *See* 2011 WL 1772657 at *2. Ms. Luquetta simply has the decision backwards.

Ms. Luquetta also nonsensically argues that preemption depends on "whether the bank treated [its decision about posting order] as a pricing decision," which "in turn," she submits, depends on whether the bank reached that decision by considering four factors as enumerated in and required by the regulation. Pl.'s Opp'n at 9. That is also wrong. *Baptista* engaged in no

- 4 -

such analysis. It stands for the exact opposite of the proposition Ms. Luquetta asserts, because it found no such consideration necessary. That is why Ms. Luquetta cites no authority for her position.[2]

This Court need only look to *Baptista* itself. In holding the plaintiff's State-law claims preempted, the Eleventh Circuit determined that Ms. Baptista sought to invoke State law to restrict the manner in which Chase imposed a fee on a customer. That is what Ms. Luquetta acknowledges her claim to be against Chase in this case. *Baptista* did not consider whether Chase's decision to impose a fee was a "pricing decision" or examine whether Chase had set fee policy based on a four-factor calculus aimed at safety and soundness. Rather, *Baptista* determined, straightforwardly, that the fee was imposed on a Chase "customer" and that the customer's claim sought to restrict the manner in which Chase could impose the fee. *See* 2011 WL 1772657, at *2. The same result follows here, mandating dismissal.

### C. *Baptista* Holds That Preemption Under Section 7.4002 Is A Question Of Law

Finally, although this Court believed when it previously addressed these issues a year ago that it should require development of a factual record rather than deciding the preemption issue as a matter of law, the *Baptista* decision has changed that as well.[3] *Baptista* makes clear that the

---

[2]     In addition, *Baptista* holds that, in making preemption decisions, courts in the Eleventh Circuit must defer to the interpretation of the relevant regulatory requirements as stated by the OCC. 2011 WL 1772657, at *1-2. In this case, multiple OCC letters specifically hold that national banks are authorized by 12 C.F.R. § 7.4002 to post items in high-to-low order. To the extent Ms. Luquetta attempts to suggest that the OCC's letters interpreting the regulation applicable here indicate that national banks' discretion with respect to fees is circumscribed by State-law standards (*see* Pl.'s Opp'n at 11), she errs. *See* OCC Interp. Letter No. 997, 2002 WL 32639293 (Apr. 15, 2002) ("[T]his letter does not address the applicability of state law to the Banks . . . ."); OCC Interp. Letter No. 916, 2001 WL 1285359 (May 22, 2001) ("[T]his letter does not address the applicability to the Bank of the California Commercial Code check-posting provision or the standard articulated in the Commentary . . . .").

[3]     *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d at 1313-14; *In re Checking Account Overdraft Litig.*, 2010 WL 3377592, at *2.

preemption issue presented here is a *matter of law* to be decided on the pleadings.  That was the posture in which the Eleventh Circuit concluded that preemption applied in *Baptista*.  No facts beyond those alleged in the complaint were considered or required.

Once again, unable to overcome the plain meaning of *Baptista*, plaintiff changes the subject, offering citations to decisions that would not control the outcome here even if they were on point, which they are not.  Plaintiff cites only one decision of a court within the Eleventh Circuit, *White v. Wachovia Bank*, 563 F. Supp. 2d 1358, 1369 (N.D. Ga. 2008), in which a Georgia district court declined to dismiss on preemption grounds—not because doing so at the Rule 12(b)(6) stage would have been *improper*, but because the court found no significant conflict existed with respect to the particular allegations in that case.  But whatever the district court's rationale in *White*, the Eleventh Circuit's decision in *Baptista* supersedes it.  *Baptista* holds that a State law—including one of general applicability—that restricts the manner in which a national bank imposes fees, is preempted **as a matter of law**.  Under *Baptista* it makes no difference whether Chase *could* comply with both federal and State requirements if it sought to: What *Baptista* holds is specifically that the national bank is not required to comply with the State requirements if they would restrict the manner in which the bank exercises its federally-granted right to determine the manner in which to provide and price its national banking services.  *See* 2011 WL 1772657, at *2.  The Eleventh Circuit in *Baptista* treated the preemption issue as a

- 6 -

pure question of law, to be decided on the pleadings, and the same approach inescapably applies equally here.[4]

## II. ANY UNCERTAINTY THIS COURT HAS REGARDING THE APPLICATION OF *BAPTISTA* TO THIS CASE SHOULD BE RESOLVED PROMPTLY BY THE ELEVENTH CIRCUIT IN AN INTERLOCUTORY APPEAL

Chase respectfully submits that the *Baptista* decision straightforwardly requires dismissal of Ms. Luquetta's claims on preemption grounds, and that Ms. Luquetta's opposition brief simply asks the Court to disregard the Eleventh Circuit's binding precedent. However, to the extent the Court has any uncertainty about the impact of *Baptista* on this case, it should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Ms. Luquetta does not dispute that preemption is a controlling question of law that would dispose of the entire case. Ms. Luquetta accuses Chase of trying to delay discovery and trial (Pl.'s Mem. at 12 & 16 n.5), but Chase does not at this time ask to stay either discovery or trial while an interlocutory appeal is pending. Chase does submit, however, that the very purpose of § 1292(b) is to hasten the resolution of a controlling legal question such as preemption, so that it may be resolved to spare all parties and the Court from needless litigation in a case that will eventually be dismissed on legal grounds.

---

[4] Ms. Luquetta's other cited cases (*see* Pl.'s Opp'n at 10 n.2) have nothing to do with the issue at hand. Those cases concerned a factual inquiry into whether a preemptive federal provision *applied at all*, whereas here Ms. Luquetta does not—and could not—dispute that Chase is a national bank governed by 12 C.F.R. § 7.4002. *See, e.g.*, *Cellphone Fee Termination Cases*, 193 Cal. App. 4th 298, 316 (Cal. Ct. App. 2011) (question whether early termination fees were "rates charged" within meaning of federal law); *Harvey's Casino v. Isenhour*, 724 N.W.2d 705, 708-09 (Iowa 2006) (question whether riverboat casino employees were "seamen" within meaning of federal law); *Hughes v. Blue Cross of N. Cal.*, 215 Cal. App. 3d 832, 859 (Cal. Ct. App. 1989) (question whether benefit scheme was "welfare benefit plan" within meaning of federal law).

## CONCLUSION

For the reasons explained above, Chase respectfully seeks a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and on further reconsideration of this Court's order denying Chase's earlier motion pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated:  June 13, 2011

                                                      Respectfully submitted,

HOMER BONNER, P.A.
/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING
 HALE AND DORR LLP
/s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                      /s/ Peter W. Homer