**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA; MIAMI DIVISION**

**CASE NO. 1:09-MD-2036-JKL**

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 | ) ) |
| THIS DOCUMENT RELATED TO: | ) ) ) |
| *Stephen T. Anderson v. Compass Bank*<br>N.D. Fla. Case No. 1:10-cv-00208<br>S. D. Fla. Case No. 1:11-cv-20436-JLK | ) ) ) |

**COMPASS BANK'S OPPOSITION TO PLAINTIFF ANDERSON'S MOTION TO DEFER RULING ON COMPASS BANK'S
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

The posture of Compass Bank's case is fundamentally different – and stronger – than the JP Morgan Chase and Wells Fargo actions where this Court granted a motion to defer. (D.E. #1576). First, Compass Bank's arbitration agreement includes a clause delegating all of plaintiff's arguments to the arbitrator. In other words, <u>if</u> any discovery is necessary on the issues raised by plaintiff – it is discovery that should occur in the arbitration and not here. *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010).

Second, Compass Bank made its arbitration motions over six months ago and plaintiff made its reply and evidentiary submissions five months ago. Evidentiary submissions were <u>complete</u> almost half a year ago. Plaintiff can provide no possible reason to open discovery (much less evidentiary submissions) almost half a year after he submitted his reply and evidence. Anderson did not need – or ask for -- discovery six months ago. Why has this changed? It certainly can't be the law. Even Anderson must admit that the law available for attacking arbitration clauses has <u>narrowed</u> – not expanded – with the Supreme Court's opinion in *AT&T*

*Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1751 (2011). Nor does Anderson even attempt to explain why he now needs discovery that he didn't ask for six months ago. However, as discussed below, Compass has no objection to allowing Anderson to file a supplemental brief (reasonably promptly) related to *Concepcion*.

Third, unlike Chase and Wells Fargo – there is no discovery on waiver – since Compass made its motion to compel arbitration immediately.

Fourth, the discovery issued to Compass does not come close to meeting the requirements of the case law which only rarely allows discovery on arbitration issues. Even that case law only allows very narrowly tailored discovery on arbitration issues. Plaintiff has issued overly broad - boilerplate discovery - that is not tailored to the issues before the Court on the instant Arbitration Motion. In fact, requests virtually <u>identical</u> to those served on Compass Bank have been served on every defendant with an arbitration motion pending before this Court. Plaintiff cannot credibly argue that the requests are narrowly tailored to the issues in this case when identical requests – which bear no resemblance or relationship to the arguments advanced by this Plaintiff - were served on every defendant in a massive multi-district litigation proceeding. *See Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317-18 (11th Cir. 2005) (affirming district court's denial of Rule 56(f) discovery into whether employer required all employees to sign arbitration agreements because the plaintiff had "failed to show how the discovery would have any impact on the enforceability of the arbitration clause"); *see also Chen-Oster v. Goldman, Sachs & Co.*, No. 10-6950, 2011 WL 803101, at *1, *4 (S.D.N.Y. Mar. 1, 2011) (denying request for "irrelevant" discovery about defendant's general "custom and practice regarding arbitration" where the arbitration agreement at issue laid out plaintiff's "rights and obligations with respect to arbitration of her individual claims")

The fact is that plaintiff has no idea what argument they are going to make against Compass' arbitration clause in light of *Concepcion.* This discovery is merely a fishing expedition. "Machine gun" discovery is not appropriate and is contrary to the fundamental purpose of arbitration. The entire point of arbitration is to avoid just this type of expensive fishing expedition. *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("[O]ne of the principal benefits of arbitration" is "avoiding the high costs and time involved in judicial dispute resolution."); *see also Concepcion*, 131 S. Ct. 1740, 1751 (2011) (explaining that arbitration allows parties to benefit from lower costs, greater efficiency and speed, informality, confidentiality, and procedural simplicity).

Fifth, Anderson has not identified any relevant issue upon which to conduct discovery. For instance, the issue of preemption is a question of law.

Finally, unlike Chase and Wells Fargo – Compass has already won this arbitration argument – <u>twice</u> – before two different federal judges – based upon essentially the identical putative class action complaint before this Court -- in the last year (that is, Compass won its arbitration motion <u>before</u> *Concepcion* moved the law further in favor of Compass). In other words, this fishing expedition is not going to catch anything. *Jeremy M. Pawlak v. BBVA USA Bancshares, Inc.; BBVA Compass f/k/a/ Compass Bank; Compass Bancshares, Inc. d/b/a Compass Bank; Banco Bilbao Vizcaya Argentaria, S.A.* CVH-09-3277 (S.D. Tex. 2010) (D.E. #51); *Fat Butter, Ltd. v. BBVA USA Bancshares, Inc.; BBVA Compass f/k/a/ Compass Bank; Compass Bancshares, Inc. d/b/a Compass Bank; Banco BilbaoVizcaya Argentaria, S.A.* CVH-09-3053 (S.D. Tex. 2010) (D.E. #48, #53)

## BACKGROUND

Plaintiff originally filed an action with this Court on May 4, 2010. Compass Bank responded by filing a motion to compel arbitration and to dismiss for improper venue on June 21,

2010 (CV-21556-JLK – D.E. #13, #14).  Plaintiff acknowledged the venue issues and dismissed without prejudice on July 12, 2010 (D.E. #17).  Plaintiff filed this action on October 22, 2010.

Compass Bank filed its arbitration motion more than six months ago, on December 2, 2010.  (D.E. #6, #7).  Plaintiff responded on January 10, 2011, opposing the motion with a brief and evidence.  (D.E. #10, #11).  Compass filed its reply in support of arbitration on February 2, 2011. (D.E. #16).[1]  The Arbitration motion has been pending since February 2, 2011.  As plaintiff states in its Motion to Defer: "Compass Bank's arbitration motion is ripe for a decision." (D.E. #1541).

## ARGUMENT AND AUTHORITY

**I. DISCOVERY MUST PROCEED BEFORE AN ARBITRATOR, BECAUSE THE QUESTION OF ENFORCEABILITY AND ANY DISCOVERY RELATING THERETO GOES TO AN ARBITRATOR.**

The arbitration agreement is clear that the issue of unconscionability (or virtually any other theory to defeat enforceability) is for the arbitrator to decide.

> By opening or maintaining the account, you agree that if **a dispute of any kind arises under this Agreement or relates to your account** or any transactions involving your account, either you or we can choose to have that **dispute resolved by binding arbitration**.
>
> …You and we agree, upon written demand made by you or us, **to submit to binding arbitration all disputes**, controversies, and claims, whether based on contract, fraud, tort, intentional tort, statute, regulation, constitution, common law, equity, or any other legal basis or theory, and whether pre-existing, present, or future, **that arise from or relate to this Agreement**, the account, any transaction involving the account, or any advertisements, promotions, or oral or written statements related to this Agreement or the account, the relationships that result from this Agreement (including, to the fullest extent permitted by applicable law, relationships with third parties who are not parties to this Agreement or this arbitration provision), **or the scope or enforceability of this Agreement** (collectively, a "Claim")….

---

[1] The docket entry numbers in this paragraph refer to the case number assigned in the Southern District to this specific action against Compass - Case No. 1:11-cv-20436-JLK.

> **Any dispute as to whether any statute of limitations, estoppel, waiver; laches or other doctrine bars the arbitration of any Claim shall be decided by arbitration** in accordance with the provisions of this Agreement.

Deposit Agreement at 13 – 15 (D.E. #7-6 at p. 9) (2008 Deposit Agreement, Exhibit D to Shane Franklin Aff.) (emphasis added).[2]

The arbitration agreement could not be more clear – all questions as to the "scope or enforceability" of the agreement are for the arbitrator.

In addition, Plaintiff's complaint actually pleads that this 2008 Deposit Agreement is the applicable contract and even <u>attaches to the complaint and quotes this same Deposit Agreement</u>. (D.E. #1 (Exhibit A)); *id.* at pp. 11 – 15 (complaint and quoting 2008 Deposit Agreement), pp. 26 - 28 (pleading breach of contract based upon this same 2008 Deposit Agreement).

  A. **Because *Rent-A-Center* Assigns The Question Of Enforceability To An Arbitrator, There Is No Legal Basis Upon Which To Defer Decision On Compass Bank's Motion To Compel Arbitration.**

The parties delegated the issue of arbitrability and unconscionability to an arbitrator and not the Court. This agreement is binding and vests an arbitrator with the exclusive authority to determine the threshold issue of validity and unconscionability (and any discovery related to those issues). *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010).

---

[2] In addition, the arbitration agreement is even more specific (if that is possible) that questions as to the enforceability of the class action bar are for the arbitrator ("**Any dispute regarding the prohibitions in the prior sentence shall be resolved by the arbitrator(s) in accordance with this agreement.**...").

<u>Further</u>, the arbitration agreement incorporates the AAA rules which likewise have an express delegation to the arbitrator of the enforceability of the arbitration clause. *E.g. Terminix Int'l Co., LP v. Palmer Ranch Ltd.*, 432 F.3d 1327, 1332 (11th Cir. 2005) (so holding); AAA Commercial Arbitration Rule R-7(a) (A*vailable at* http://www.adr.org/sp.asp?id=22440#R7); *Fallo v. High-Tech Institute*, 559 F.3d 874, 878 (8th Cir. 2009) (arbitration provision incorporating AAA Commercial Rules, including Rule R-7(a), "constitute[d] a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator"); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005) (holding the same); *Visa USA, Inc. v. Maritz, Inc.*, No. 07-5585, 2008 U.S. Dist. LEXIS 89124, at *15 (N.D. Cal. Mar. 18, 2008) (holding the same); *Madrigal v. New Cingular Wireless Servs. Inc.*, No. 09- 0033, 2009 U.S. Dist. LEXIS 72416, at *13 (E.D. Cal. Aug. 17, 2009) (noting that "[n]umerous courts have examined the language in Rule 7 and concluded that, when incorporated into an arbitration agreement, it clearly and unmistakabl[y] evidences the parties' intent to arbitrate the scope of the arbitration agreement, i.e., to arbitrate whether a claim or claims fall(s) within the scope of the arbitration agreement").

The United States Supreme Court recently made clear that delegation clauses are enforceable and that any unconscionability attack on the arbitration agreement must be decided by the arbitrator. *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777-79, 2781 (2010). Delegation clauses also have been routinely honored by Florida and other federal courts. *See, e.g., Id.; ATP Flight School, LLC v. Sax*, 44 So. 3d 248 (Fl. 4th DCA 2010) (acknowledging that delegation clauses are valid under the FAA); *Mercedes Homes, Inc. v. Colon*, 966 So. 2d 10 (Fla. 5th DCA 2007) (enforcing delegation clause).

Anderson makes <u>no argument</u> that discovery is necessary to determine whether the Delegation Clauses are themselves somehow unenforceable.[3]

In any event, the arbitration agreement expressly delegates any unconscionability determination to an arbitrator. *See Terminix Int'l. Co., L.P. v. Palmer Ranch Ltd.*, 432 F.3d 1327, 1332 (11th Cir. 2005). To allow discovery amounts to a *de facto* denial of that arbitration agreement, which is in direction violation of the FAA. Such a result also defeats the central purpose of a delegation clause, which is to avoid precisely the type of discovery Anderson seeks. *Cf. Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("[O]ne of the principal benefits of arbitration" is "avoiding the high costs and time involved in judicial dispute resolution."); *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1751 (2011) (explaining that arbitration allows parties to benefit from lower costs, greater efficiency and speed, informality, confidentiality, and procedural simplicity).

---

[3] In his opposition to Compass Bank's Arbitration Motion, Anderson made a very brief argument that the Delegation Clauses were themselves unconscionable. Anderson did not argue (and has never argued) that he needed discovery on whether the Delegation Clauses were unconscionable.

As to the question of the alleged unconscionability of the Delegation Clause, Compass Bank stands on its original reply brief (D.E. # 16). In short, there is no evidence (none at all) for the need for "experts " or "witnesses" in order to challenge to the Delegation Clauses. Further, the Supreme Court has made clear that an unconscionability challenge to a delegation clause would be a very high hurdle – something the plaintiff here has failed to even try to demonstrate. *Rent-A-Center*, 130 S.Ct. at 2780 ("much more difficult argument").

**B.  The Arbitration Agreement Limits Discovery And Delegates The Question Of Whether To Allow Discovery To The Arbitrator And Not The Court.**

The arbitration agreement goes even further and expressly limits discovery – far narrower than sought here – and delegates the issue of discovery to the arbitrator. It states (among other things):

> **You and we agree that the Arbitrator(s): shall limit discovery to matters directly relevant to the arbitrated dispute**;

Deposit Agreement at 15 (D.E. #7-6 at 9) (emphasis added).

As discussed below, the discovery sought here is far beyond that which is "directly relevant" to the arbitrated dispute and therefore cannot go forward.

**C.  Because Plaintiff's Attack On The Arbitration Provision Goes To The Entire Contract, *Prima Paint* Demands The Issue Of Unconscionability Be Heard By An Arbitrator; Therefore, There Is No Reason To Defer Decision On The Motion To Compel Arbitration.**

In addition, Plaintiff's arguments against the Motion to Compel Arbitration are the same arguments that are expressly advanced in his Complaint – that Compass' Deposit Agreement is unconscionable. In other words, plaintiff's attack goes to the entire contract and therefore must go to the arbitrator. For instance, the Complaint expressly pleads (at paragraph 94) (emphasis added):

> d.   The Deposit Agreement and related documents, including the Fee Schedule and Card Agreement, are **contracts of adhesion** in that they are standardized forms, imposed and drafted by Compass, which is a party of vastly superior bargaining strength, and provides the customer with the opportunity to adhere to them or reject the agreement in its entirety.
>
> * * *
>
> g.   **The Deposit Agreement in its entirety is unconscionable**, and thus unenforceable. Furthermore, several provisions including without limitation **the arbitration provision, class-action waiver** and the waiver of jury trial, were written into the Deposit Agreement by Compass solely for Compass' benefit and each provision individually **is thus unconscionable** and unenforceable. The

Deposit Agreement and several of its provisions attempt to avoid judicial review of Compass' unfair, deceptive and unconscionable practices.

* * *

95. Considering the business acumen and experience of Compass Bank in relation to the Plaintiff and the Class, the great disparity in the parties' relative bargaining power, the inconspicuousness and incomprehensibility of the contract language at issue, the oppressiveness of the terms, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, **these provisions are unconscionable and, therefore, unenforceable** as a matter of law.

Anderson makes these identical arguments against arbitration in his Opposition to Compass' Motion to Compel (D.E. #10, #11).

Because Plaintiff's unconscionability arguments target the entire Deposit Agreement, these issues must be resolved by an arbitrator. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395 (1967); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006); *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 877 (11th Cir. 2005); *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1441 (11th Cir. 1986); *ATP Flight School, LLC v. Sax*, 44 So. 3d 248, 250-53 (Fla. 4th DCA 2010). Because the unconscionability argument must be resolved by an arbitrator, discovery related to the unconscionability argument (if any) also must be sought in arbitration.

II. **PLAINTIFF HAS PRESENTED NO REASON FOR DELAYING ALMOST SIX MONTHS AFTER HIS OPPOSITION SUBMISSION TO SEEK DISCOVERY.**

The procedural history is undisputed. Compass made its motion to compel arbitration in December, 2010 and Anderson filed his reply (in which he included evidence) in January, 2011. Further, Anderson knew this motion to compel was coming because Compass had filed it in the earlier action by Anderson in June, 2010. Anderson made no request for discovery in December, 2010. Anderson simply sat mute for almost seven months. Anderson has no excuse for now

asking for discovery – almost seven months after Compass' motion – and almost six months after the end of submissions (much less asking for leave to submit more evidence).

Counsel for Anderson (in filings for other actions within this MDL) have repeatedly criticized counsel for other defendants for waiver and failure to timely raise issues. *E.g.,* (D.E. #1469, #1514). Likewise, in those filings, Counsel for Anderson have repeatedly argued that the deadlines in this Court's orders should be enforced. *Id.*

Here, Anderson is <u>seeking discovery – months beyond even the submission deadline</u> in both the Northern District and Southern District rules and therefore it must be denied. S.D. Fla. L.R. 7.1; N.D.Fla. L.R. 7.1; *Rosado v. City of Hialeah*, 2010 WL 3395191 at *3 (S.D. Fla. Aug. 27, 2010) (King, J.) ("Procedural deadlines are not advisory. Instead, they are mandatory.").

Plaintiff is asking this Court to reopen the period to take discovery and make submissions after the defendant's submission is complete. *Andreus v. Lan Cargo, S.A.*, 2009 WL 909420 at n.2 (S.D. Fla. April 3, 2009) (King, J.) (noting that the Court had refused to reopen discovery after defendant had filed motion for summary judgment).

Nor has Anderson provided any excuse (nor could he) for delaying almost seven months after the filing of Compass' motion to compel arbitration. Certainly the decision in *Concepcion* cannot possibly provide an excuse for this extended delay. *Concepcion* <u>narrowed</u> the arguments that plaintiff could make – rather than expanded them. Moreover, *Concepcion* announced a <u>legal rule</u> on preemption. Discovery is completely irrelevant to the determination on such a legal rule.

With all of this said, Compass Bank does not oppose the opportunity for plaintiff to submit a supplemental brief on the effect of *Concepcion*, provided that the briefing is reasonably prompt and that Compass is provided an opportunity to reply. Compass suggests 14 days for either party – in accordance with the local rules of the Southern District. Compass further notes

that it has made this same offered repeatedly to plaintiff counsel. *See* (D.E. #1549) (Compass' motion for hearing; making same offer and attaching emails to plaintiff counsel making same offer on May 5 and May 27).

III. **THE DISCOVERY ISSUED BY ANDERSON DOES NOT SATISFY THE REQUIREMENTS OF THE CASE LAW WHICH ONLY RARELY ALLOWS DISCOVERY – VERY NARROWLY TAILORED DISCOVERY ON RELEVANT ARBITRATION ISSUES.**

  A. **Discovery Is Neither Routine Nor Necessary In The Context Of A Motion To Compel Arbitration, And It Should Not Be Permitted.**

Contrary to Plaintiff's argument, courts do ***not*** routinely permit arbitration-related discovery, particularly where the plaintiff fails to show how discovery will impact the question of enforceability. *See e.g.*, *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317-18 (11th Cir. 2005) (affirming denial of arbitration-related discovery where plaintiff "failed to show how the discovery would have any impact on the enforceability of the arbitration clause"); *Gates v. Veravest Investments, Inc.*, No. 04-146, 2004 U.S. Dist LEXIS 10104, at *29-30 (D. Or. May 25, 2004) (rejecting request for arbitration-related discovery that was not relevant to determination of motion to compel); *Bank One, N.A. v. Coates*, 125 F.Supp.2d at 819, 828-29 (S.D. Miss. 2001) (same)).

The skepticism with which courts approach requests for pre-arbitration discovery is not without good reason. Pre-arbitration discovery is inconsistent with the "simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005). Even if such discovery is permitted, it must be narrowly tailored to the specific question related to the individual claims. *See, e.g., Livingston v. Assocs. Fin., Inc.*, No. 01-1659, 2001 WL 709465, at

*2 (N.D. Ill. June 25, 2011) (permitting "strictly limited" discovery relating to specific plaintiffs and warning against a "fishing expedition").

Anderson has not connected the dots. Instead, he makes a blanket assertion that discovery will assist in developing a record, but has not and cannot show how those discovery requests bear on the actual arguments he advanced in his <u>already filed</u> opposition to the Arbitration Motion and his <u>already filed</u> affidavit in opposition to arbitration.

> **B.** **<u>The Discovery Sought By Plaintiff Either Bears No Relationship To The Arguments Made By Plaintiff In His Opposition To Compass Bank's Motion, Or The Documents Or Information Are In His Exclusive Control.</u>**

Anderson bears the burden of showing that the arbitration-related discovery is narrowly tailored to the specific issues dispute. *See Livingston,* 2001 WL 709465, at *2. Anderson's requests are devoid of any relationship whatsoever to the arguments he made in opposition to the arbitration motion. *See Jackson*, 425 F.3d at 1318 (affirming district court's denial of Rule 56(f) discovery into whether employer required all employees to sign arbitration agreements because the plaintiff had "failed to show how the discovery would have any impact on the enforceability of the arbitration clause"). Fishing expeditions of this sort are simply not permitted under the law. Plaintiff cannot meet this burden because (among many other things):

> **1.** **Anderson's Discovery Is Not Narrowly Tailored – Or Tailored At All.**

Plaintiff has issued overly broad - boilerplate discovery - that are not tailored to the issues before the Court on the instant Arbitration Motion. In fact, requests <u>identical</u> to those served on Compass Bank have been served on every defendant with an arbitration motion pending before this Court.

### 2. As A Matter Of Law, Plaintiff Is Estopped From Arguing Unconscionability Because He Admits He Failed To Read The Agreement At Issue.

No useful purpose is served by permitting discovery because Plaintiff is barred from arguing unconscionability. More specifically, Anderson already acknowledged that he failed to read the contract. (Anderson Affidavit at ¶¶ 6-8) (acknowledging that he received a folder of papers but admitting he never read the account agreement until he began "investigating" Compass' overdraft policies in 2010, shortly before he filed suit).

It is well-established that "[i]n Florida, a party to a contract is not 'permitted to avoid the consequences of a contract freely entered into because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be disadvantageous.'" *Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1331, 1334 (Fla. 3d DCA 2006) (refusing to consider plaintiff's argument that an arbitration provision was procedurally unconscionable in light of the fact that plaintiff failed to read the contract); *see also Frantz v. Shedden*, 974 So. 2d 1193 (Fla. 2d DCA 2008) (same); *Lopez v. Ernie Haire Ford, Inc.*, 974 So. 2d 517 (Fla. 2d DCA 2008) (holding party cannot establish procedural unconscionability to defeat terms of an arbitration provision when plaintiff had the opportunity but simply failed to read the agreement). "To sanction such a result would be to render contracts worthless as a tool of commerce." *Id*. (quoting *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 288 (Fla. 1st DCA 2003) (quotations omitted). Because Anderson admits he failed to read the contract, Anderson is barred from advancing an unconscionability argument and should similarly be barred from advancing discovery on an argument he cannot advance as a matter of law.

### 3. Questions Of Contract Formation Are Irrelevant Because Plaintiff Affirmatively Pleads And Attaches (rather than denies) The Deposit Agreement In The Complaint.

Anderson pled the existence of the Deposit Agreement and even attached it to his Complaint. He even pled a breach of contract count based upon the Deposit Agreement. No amount of discovery will permit Plaintiff to disclaim the existence of the agreement on which his is based. *Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1177 (11th Cir. 2009) ("A party is bound by the admissions in his pleadings."); *Rampersad v. Primeco Pers. Commc'ns., L.P.*, No. 01-6640, 2011 U.S. Dist. LEXIS 26037, at *4 (S.D. Fla. Oct. 16, 2001) (plaintiff "cannot claim that the contract was not formed to avoid arbitration and concurrently sue for breach of that contract"); *see also International Paper Co. v. Schwabedissen Machinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000); *Hughes Masonry Co., Inc. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d 836, 838-39 (7th Cir. 1981); *Avila Group, Inc. v. Norma J. of Cal.,* 426 F. Supp. 537, 542 (S.D.N.Y. 1977).

### 4. *Concepcion* Bars Plaintiff's Unconscionability Argument And Therefore The Discovery Is Irrelevant.

Anderson's brief in opposition to arbitration argues that Compass' arbitration clause is unconscionable because of the class action bar. *E.g.,* (D.E. #12 at pp. 3, 20). Specifically, Anderson argues that the value of the purported class members' respective claims are too low value to be pursued individually and therefore must be pursued as a class action. This argument is now barred in light of the holding in *Concepcion*, in which the Supreme Court made clear an arbitration agreement cannot be invalidated on the theory that an individual claim is insufficient incentive to arbitration and therefore (allegedly) a class action waiver is unconscionable. *Concepcion*, 2011 U.S. LEXIS 3367, at *23 ("The dissent claims that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system.

But States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons."); *see also Bellows v. Midland Credit Mgmt.*, No. 09-1951, 2011 U.S. Dist. LEXIS 48237, *at 3 (S.D. Cal. May 4, 2011) (*Concepcion* "mak[es] clear the agreement to arbitrate is not substantively unconscionable merely because it includes a class action waiver."); *Day v. Persels & Assocs. LLC*, 2011 WL 1770300, at *7 (M.D. Fla. May 9, 2011) (reiterating the holding in Concepcion and reinforcing that "states cannot refuse to enforce arbitration agreements based on public policy.") In fact, the Act prohibits states from applying traditional contract defenses that are "normally thought to be generally applicable, such as duress or, as relevant here, unconscionability, . . . in a fashion that disfavors arbitration." *Id. At 1747.* Therefore, discovery will not improve Plaintiff's position or argument.

### 5. Discovery On Costs Is Irrelevant And Plaintiff Has Access To Such Information.

Moreover, even if the pre-*Concepcion* case law applied, Plaintiff's prohibitive costs argument turns on information that he already possesses or has ready access to without discovery. For instance, (1) plaintiff's ability to pay; and (2) the costs to be incurred in arbitration. *See Bess v. Check Express*, 294 F.3d 1298, 1303 (11th Cir. 2002). Neither of those is a proper basis for discovery here. Where a plaintiff "already possesses information as to the AAA filing fees and costs, and she has sole custody of the information regarding her ability to pay, *e.g.*, her current income, expenses, etc., . . . discovery is not needed." *Gillespie v. Colonial Life & Accident Ins. Co.*, No. 08-689, 2009 U.S. Dist. LEXIS 26310, at *21-22 (W.D. Pa. Mar. 30, 2009) (denying discovery request and compelling arbitration where plaintiff failed to submit evidence concerning financial ability to pay).

Plaintiff's financial ability to pay is information that is entirely and solely within his control, as evidenced by the "evidence" (however insufficient) Plaintiff presented with his

opposition. As explained in Compass Bank's reply in support of its Arbitration Motion (incorporated by reference – (D.E. #6, #7, #16)), this evidence and the law was insufficient to support Anderson's opposition. For those same reasons, that evidence is insufficient to justify a deferral of this action. Plaintiff is foreclosed from asserting his prohibitive costs argument, regardless of any "discovery" they may seek to obtain. *See Bess*, 294 F.3d at 1303 (rejecting plaintiffs' challenge to arbitration because the costs and fees would be prohibitive where plaintiffs did not support allegations concerning plaintiffs' ability to pay costs); *Hamerslough v. Hipple*, No. 10-3056, 2010 U.S. Dist. LEXIS 119694, at *10-11 (S.D.N.Y. Nov. 4, 2010) (same).

The costs to be incurred in arbitration are also not a subject on which discovery is needed. Under the AAA Rules, fees paid by consumers are capped at a *maximum* of $125 for claims not exceeding $10,000 and a *maximum* of $375 for claims not exceeding $75,000. Courts have repeatedly upheld this arrangement as a model of fairness, and held, as a matter of law, that it is not cost-prohibitive. *See Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 95 (2000) (Ginsburg, J., concurring in part and dissenting in part) (describing AAA's fee structure as a "model[] for fair cost and fee allocation" for consumers in "small-claims arbitration"); *Anders v. Hometown Mortg. Servs. Inc.,* 346 F.3d 1024, 1028-29 (11th Cir. 2003) (AAA rules providing for the hardship reduction of arbitration costs or assessment of arbitration costs against a specified business and the business's offer to cover costs "preclude[] a finding that arbitration would be prohibitively expensive"); *Seibert v. Amateur Athletic Union of U.S., Inc.*, 422 F.Supp.2d 1033, 1043 n.11 (D. Minn. 2006) ("The fee structure under [the AAA Supplementary Procedure for Consumer-Related Disputes] virtually ensures that arbitration will not be cost-prohibitive."); *Jones v. Genus Credit Mgmt Corp.*, 353 F.Supp.2d 598, 602 (D. Md. 2005) ("[U]nder the [AAA] Supplementary Procedures a consumer's maximum cost is $125. Thus, the cost of arbitration

here cannot be said to be prohibitive.") (internal citation omitted).  Further, such cost information is publicly available.[4]

Moreover, Compass has expressly agreed (1) to pay any filing fee for Anderson, (2) to pay any costs of arbitration for Anderson and Compass has agreed not to seek any costs of arbitration from Anderson.  (D.E. #7-2 at ¶ 17) (Franklin affidavit) ("Compass agrees to pay any filing fee necessary for the arbitration claims of Anderson personally. Compass further agrees to pay for any costs assessed by the arbitration association for the arbitration of the claims of Anderson and agrees not to seek recovery of such costs from Anderson").

Moreover, the Eleventh Circuit has squarely held that the possibility of having to pay the other party's fees upon losing is too speculative to justify discovery.  *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003) (refusing to remand the additional fact-finding because "there [was] no record that could be made" on the issue until after arbitration had occurred and an award had been made, at which point the plaintiff could seek judicial review of the award).

---

[4] *Smith v. Steinkamp,* 2002 WL 1364161, at *6 (S.D. Ind. May 22, 2002) (rejecting discovery on arbitration costs where arbitration organization made fee schedule "readily accessible"); *Stephens v. Wachovia Corp.*, 2008 WL 686214, at *8 (W.D.N.C. March 7, 2008) (denying request for discovery on costs where "ample evidence" already established anticipated fees).

### 6. Discovery About Persons Other Than The Plaintiff Is Not Relevant.

Plaintiff's discovery mostly seeks information that relates to persons other than himself.[5] These other persons are not parties to this case. Even the putative class members are not parties to this case yet. Discovery about other persons is not relevant to whether the arbitration clause is enforceable against Anderson – and Anderson fails to even provide an argument for why such discovery about other persons would be relevant to his personal claim. *See Livingston,* 2001 WL 709465, at *2 (warning plaintiffs not to propound "requests for general statistical information" in their arbitration discovery, "because such information is irrelevant as to Plaintiffs' costs in this specific case"). *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-6950, 2011 WL 803101, at *1, *4 (S.D.N.Y. Mar. 1, 2011) (denying request for "irrelevant" discovery about defendant's general "custom and practice regarding arbitration" where the arbitration agreement at issue laid out plaintiff's "rights and obligations with respect to arbitration of her individual claims").

### CONCLUSION

The Federal Arbitration Act enunciates a strong "federal policy favoring arbitration," *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983), which requires courts to rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470

---

[5] Anderson has issued two sets of written discovery to Compass - one set of interrogatories (D.E. #1541-2) and one set of requests for production (D.E. #1541-1). Not one item -- in either set of requests - requests discovery that directly relates to the plaintiff. Instead, they seek information concerning the entire set of customers at Compass -- including: details on all arbitrations in the last 10 years; details on all communications with arbitration associations; details on all internal meetings on arbitrations, etc. This information is not relevant to whether Anderson's own claims are subject to arbitration. Compass notes that plaintiff counsel has indicated they anticipate issuing new, revised, discovery (which they have now issued to Chase and Wells Fargo). Plaintiff counsel sent Compass a copy of the Chase and Wells Fargo discovery but has not issued it to Compass. Assuming plaintiff counsel serves the identical discovery as the revised Chase and Wells Fargo discovery, the same problems arise. Again, virtually none of the revised discovery goes to the particular dispute between Anderson and Compass. Plaintiff counsel have further stated that they intend to send Compass even more discovery beyond the Chase and Wells Fargo discovery. The description by plaintiff counsel of this additional discovery (unissued and not even drafted) would, at least in part, appear directed to the plaintiff - but directed to issues that are irrelevant (such as whether a contract exists - something pled in the complaint). If this discovery is issued, Compass will respond at the appropriate time. For present purposes, Compass simply notes that plaintiff has not met their burden of showing why this evidence is relevant; have not met their burden of overcoming *Rent-A-Center* and have not met their burden of showing why they delayed almost seven months in issuing the discovery.

U.S. 213, 221 (1985). The purpose of the Act is to "overcome courts' refusal to enforce agreements to arbitrate" and "to put arbitration provisions on the 'same footing' as contract's other terms." *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995). The Act "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.*, 470 U.S. at 218, 105; *see also Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-27; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991), aff'g, 895 F.2d 195 (4th Cir. 1990).

The bottom line is that an enforceable agreement under the Act was created between Plaintiff and Compass Bank, and the contract is admitted. *Bank One, N.A. Coates*, 125 F. Supp. 2d 819, 828-29 (S.D. Miss. 2001) (rejecting plaintiff's request for discovery into whether there was "an agreement to arbitrate" where "[t]he terms of the original agreement … can be gleaned from the documents themselves"), *Caley v. Gulfstream Aerospace Corp.*, 482 F.3d 1359 (11th Cir. 2005); *Integrated Securities Services v. Skidata, Inc.*, 609 F. Supp. 2d 1323 (S.D,. Fla. 2009) (King, J.); *Santos v. General Dynamics Aviation Services Corp.*, 948 So. 2d 658 (Fla. App. 4th Dist. 2008). Therefore, no discovery is necessary.

Anderson's Motion to Defer is due to be denied and Compass' Motion to Compel Arbitration is due to be granted.

Dated this 13th day of June, 2011.

          */s/ Gregory C. Cook*
Gregory C. Cook
A. Kelly Brennan
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203-2015
Telephone:  205-226-3426
Facsimile:  205-488-5870
Email:  gcook@balch.com
       kbrennan@balch.com

Gerry S. Gibson
C. Bryce Albu
REEDER & REEDER P.A.
250 South Central Blvd., Suite 200
Jupiter, Florida  33458
Telephone:  561-575-9871
Facsimile:  561-575-9765
E-mail:  gerry@ederandreeder.com
       bryce@reederandreeder.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2011, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the persons whose addresses are listed below, and/or via first-class United States mail, postage prepaid, as indicated by the Court's notice:

Lawrence Dean Goodman
DEVINE GOODMAN RASCO & WELLS
777 Brickell Avenue
Suite 850
Miami, Florida 33131
Telephone: 305-374-8200
Facsimile: 305-374-8308
E-mail: lgoodman@devinegoodman.com

*/s/ Gregory C. Cook*
Of Counsel