**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME FOR
DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES AND/OR
OBJECTIONS TO ARBITRATION-RELATED DISCOVERY
<u>AND TO COMPLETE PRODUCTION OF DOCUMENTS</u>**

## INTRODUCTION

Plaintiffs have failed to show good cause for this Court to depart from the Federal Rules of Civil Procedure and to accelerate greatly the deadline by which Wells Fargo must respond to their newly-served arbitration-related discovery. Indeed, plaintiffs' cursory submission offers no cause at all for such extraordinary relief, other than the 90-day window for arbitration-related discovery *that plaintiffs themselves proposed.* Wells Fargo needs the full time allotted under the Rules to fully investigate, and then cull from, the far-flung sources of information that must be consulted to respond to these discovery requests. After Wells Fargo responds on the schedule contemplated by the Rules, plaintiffs will still have two months in which to conduct whatever additional arbitration-related discovery may be necessary – surely more than sufficient time for discovery the Court has directed to be "limited."

## ARGUMENT

Plaintiffs must show "good cause" to justify their request to shorten the discovery response times prescribed by the Federal Rules of Civil Procedure. *See The Williams Island Synagogue, Inc. v. City of Aventura*, 2004 WL 2677164, at *1 (S.D. Fla. Nov. 17, 2004); *Mount Vernon Fire Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008). Their cursory motion makes no such showing.

I.  **Plaintiffs Fail to Show Why a Departure From the Schedule They Requested Is Already Necessary.**

Plaintiffs' conclusory assertion that good cause "clearly exists" to shorten Wells Fargo's discovery response deadlines is unsubstantiated by any explanation for why the deadlines prescribed by the Federal Rules are not adequate in the circumstances presented here. Plaintiffs merely speculate that they *may* need to address issues with Wells Fargo or the Court, and that they wish only to "keep these cases moving forward" (Mot. at 3). Such cursory and

1

conclusory arguments are insufficient to establish good cause for shortening time. *See, e.g., United Phosphorus Ltd. v. Fox*, 2003 WL 22844164, at *1 (D. Kan. Oct. 14, 2003) (denying motion to shorten time where plaintiff merely claimed to want to "'get things moving'"); *Kennedy v. Full Tilt Poker*, 2010 WL 1709842, at *1 (C.D. Cal. Apr. 26, 2010) (denying motion to shorten time where plaintiff offered only "speculation").

Plaintiffs themselves proposed the 90-day window the Court established for arbitration-related discovery. *See* Transcript of June 1, 2011 Hearing on Motion to Stay or Dismiss, at 29-30 ("…what we're asking the Court to do, [] is to defer ruling on these motions and allow a limited time for limited discovery; and the discovery should be limited in scope and it should be limited in duration. I would be suggesting a 90-day limitation….").[1] Not once, either in their motion papers or in the hearing on June 1, did plaintiffs even hint that their proposal was conditioned on dramatically shortened discovery response times. If plaintiffs believed that the discovery timeframes provided for in the Federal Rules would be insufficient to enable them to complete discovery within 90 days, then they should have requested a longer discovery period.

In fact, there is no current reason to believe that 90 days will not be more than sufficient to complete the discovery authorized by the Court, even taking account of the normal response times provided under the Federal Rules. The Court has directed that the discovery to be taken at this stage is to be "limited" to four specific topics. Plaintiffs have not identified any time-consuming discovery they need on any of those topics that can be started only after they

---

[1] *See also id.* at 38 ("And, so, what we request the Court to do is to defer ruling on the pending motions; issue an order that gives the parties 90 days to complete discovery on the limited issues…").

receive responses to the voluminous discovery they have already served. If for some currently unanticipated reason, the 90-day period plaintiffs requested proves to be insufficient after all, the proper course will be for them to ask the Court for more time when and if that proves to be the case. There is no justification for plaintiffs' effort to impose substantial prejudice on Wells Fargo by drastically accelerating the deadlines established by the Federal Rules simply to give plaintiffs a comfortable cushion in the 90-day discovery period they themselves requested.

II.   **Wells Fargo Needs the Full Time Allotted Under the Rules to Prepare Its Responses to Plaintiffs' New Requests.**

Plaintiffs propose a deadline for the service of written responses to their 45 new discovery requests that is only six business days after plaintiffs first informed Wells Fargo that they would be seeking to shorten the response time and only seven business days after the requests were served. (The requests were emailed to counsel on June 8; plaintiffs first gave notice of their intent to seek a shortened response time the night of June 9; and they ask the Court to order a response by June 19 – a Sunday.) This request is manifestly unreasonable.

Plaintiffs suggest that there should be no problem with this request because their newly-served discovery requests merely "narrow" discovery requests they served on May 11 and have now withdrawn. Plaintiffs' characterization of their new discovery as "narrower" is remarkable, given that their new discovery consists of 45 separate requests, as compared to only 27 requests in the set served in May. And while Wells Fargo appreciates plaintiffs' representation that their new requests should be interpreted narrowly, the discovery is nevertheless substantially different than what was served previously, and much of it is completely new. For example, their new discovery includes seventeen Requests for Admission, none of which were propounded earlier, and each of which requires significant investigation to permit a good-faith response. *See* DE # 1596-6; 1596-9.

There is accordingly no merit to plaintiffs' suggestion that Wells Fargo would not be prejudiced by a shortening of its time to respond because it somehow had a "head start" with the prior (now withdrawn) requests. Moreover, given that arbitration discovery is generally disfavored and, where permitted, is always limited (*see* DE # 1536 at 20), Wells Fargo reasonably anticipated that, even if discovery were permitted, the Court would specify limited topics on which it could be pursued. And that is exactly what the Court did. *See* DE # 1576. Until the Court issued its Order, Wells Fargo did not have "notice" of whether or what discovery would be permitted at all.

In any event, Wells Fargo genuinely needs the full 30 days allotted under the Federal Rules to adequately respond to these requests. Plaintiffs' motion seems to rest on the assumption that the information they seek is easily available – probably because plaintiffs assume that the bank has been involved in no more than a tiny handful of consumer arbitrations. Both assumptions are misplaced. While the investigation necessary to craft responses to plaintiffs' requests is ongoing, it is already clear that Wells Fargo may have been a party to hundreds (at least) of potentially relevant arbitrations in recent years, and that the pertinent details of each are buried in files spread across the country, including those of numerous outside law firms. Pulling this information together even within the period established by the Federal Rules presents a considerable challenge.

This complex ongoing investigation will inform Wells Fargo's written responses to plaintiffs' requests, including many of its objections. For example, at least some requests on their face seem to be outside the scope of the limited discovery the Court has authorized, but Wells Fargo may in some instances not press valid objections to such requests if the information is readily available. Wells Fargo needs the time allotted under the Federal Rules to investigate

these and similar questions. Plaintiffs' suggested short deadline for providing written responses to the requests is therefore counterproductive as well as unworkable.

As for plaintiffs' request that the Court order Wells Fargo to complete its production in response to their new document requests within 30 days, Wells Fargo will certainly produce any documents that can be gathered and made ready for production by that time, which hopefully will be the bulk of its production – although, again, it is still unclear what responsive documents even exist. If there is a significant and prejudicial delay in production, that is, again, an issue that should be dealt with when and if it arises.

## **CONCLUSION**

For the reasons set forth herein, Wells Fargo respectfully requests that the Court deny plaintiffs' motion to shorten time for Wells Fargo to respond to plaintiffs' newly-served arbitration discovery.

DATED: June 14, 2011                                         COVINGTON & BURLING LLP


By:   /s/ David M. Jolley

Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

5

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/ David M. Jolley

David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

1