IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

| | )|
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL NO. 2036 | ) ) ) |

| | )|
|---|---|
| THIS DOCUMENT RELATES TO: | ) ) ) |
| FIRST TRANCHE ACTION | ) ) ) |
| *Lopez v. JPMorgan Chase Bank, N.A.* S.D. Fla. Case No. 1:09-cv-23127-JLK | ) ) ) |

**JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFFS'
MOTION TO SHORTEN TIME FOR DEFENDANTS'
RESPONSES AND/OR OBJECTIONS TO ARBITRATION-RELATED
DISCOVERY AND TO COMPLETE PRODUCTION OF DOCUMENTS**

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby responds to Plaintiffs' June 6, 2011 motion [MDL DE #1596] (the "Motion") asking the Court to shorten the timeframe normally afforded under the Federal Rules for Chase to serve objections and/or responses and produce documents in response to Plaintiffs' three sets of arbitration-related discovery served on June 8, 2011.

On June 3, 2011, at Plaintiffs' request, this Court entered an Order [MDL DE # 1576] deferring ruling on Chase's pending arbitration-related motion, and providing Plaintiffs with 90 days in which to conduct limited arbitration-related discovery. Prior to the Court's June 3 Order,

Plaintiffs had served arbitration-related interrogatories and document requests on May 6, 2011.[1] Following the Court's June 3 Order, Plaintiffs withdrew their May 6 discovery, and served the new discovery requests that are the subject of their Motion—now including 21 document requests, 7 interrogatories (not including subparts), and 17 requests for admission. Plaintiffs state in their Motion that they have "revised and narrowed their previously served arbitration-related discovery," Mot. at 2, and ask the Court to issue an order (1) directing Chase to "serve [its] responses and/or objections to Plaintiffs' arbitration-related discovery by June 19, 2011," or in only 10 calendar days (6 business days), rather than the 30 days permitted under the Federal Rules of Civil Procedure; and (2) "directing Defendants to complete the production of all documents in response thereto by July 8, 2011." Mot. at 4.

Chase disagrees that Plaintiffs have demonstrated good cause to shorten the discovery timeframes provided for in the Federal Rules. Plaintiffs themselves proposed the present 90-day arbitration discovery schedule to the Court during oral argument on June 1.[2] At no point when they sought this special discovery from the Court did Plaintiffs request the Court to shorten the time for discovery responses. Nor did they indicate to the Court or counsel that any shortening

---

[1] Plaintiffs also served a set of arbitration-related discovery nearly a year ago, in July 2010, but did not pursue that discovery after receiving Chase's responses and objections.

[2] *See* Tr. of June 1, 2011 Hr'g at 30 ("[Mr. Rogow:] I would be suggesting a 90-day limitation, and the scope would simply be in terms of the issues that are relevant to these arbitration matters. . . ."); *id.* at 39 ("[Mr. Rogow:] And, so, what we request the Court to do is to defer ruling on the pending motions; issue an order that gives the parties 90 days to complete discovery on the limited issues of waiver and enforceability of the arbitration provisions; and then when that is done, the Court will have a fully completed record in which to make a decision with regard to these motions."). Indeed, in their motion to defer, Plaintiffs had asked the Court for a *more modest* arbitration-related discovery period, again without suggesting any need to shorten the discovery timeframes provided for under the Federal Rules. *See* Pls.' Mot. to Defer [MDL DE #1489] at 5 (requesting only that the Court order "Defendants to timely and fully respond to this arbitration discovery" and "allow Plaintiffs to file a supplemental response to the Arbitration Motion within 30 days" of completing requested arbitration-related depositions).

of time was necessary, when they submitted the 90 day schedule for action by the Court. Plaintiffs are now in substance asking for reconsideration of their own proposed relief, to Chase's prejudice, after the Court has already implemented Plaintiffs' own proposal. Their request in this Motion is a change in their position, following the Court's entry of an order based on their prior representations about the amount of time they needed.

Plaintiffs' demand for Chase's "responses and/or objections" to their new requests in only 10 days (or only 6 business days), rather than the 30 days provided under the Federal Rules, is unreasonable. Preparation of such responses will be time-consuming—especially as to the new interrogatories and requests for admission—as the normal timeframe allotted in the Federal Rules contemplates. Moreover, under the schedule that *Plaintiffs themselves proposed*, Plaintiffs will have given themselves 60 days in which to consider, dispute, and/or use the responses as they see fit. If Plaintiffs believed that 60 days would be insufficient for this purpose or otherwise to enable them to complete discovery within 90 days, then they should have requested a longer discovery period when they went to the Court—but not try to pinch additional time at Chase's expense after obtaining the schedule they requested.

As to Plaintiffs' demand for production of documents by July 8, 2011, Chase also disagrees that any such accelerated discovery is appropriate or needed, and complying with such a schedule would be overly burdensome. Nonetheless, based on Plaintiffs' representation that their new discovery should be interpreted as "narrower" than previous discovery Chase has received, in light of the Court's June 3 Order, Chase does agree to produce on July 8, 2011, as proposed in the Motion, any non-privileged responsive documents it has been able to locate pursuant to a reasonable search as of that date, and to produce additional documents, if any, as quickly as possible on a rolling basis (without thereby conceding that any such documents are

relevant or discoverable). Accordingly, it is unclear whether any actual dispute exists as to this issue, and Chase submits that no issue is ripe for the Court's consideration at this time.

Dated: June 14, 2011

Respectfully submitted,

HOMER BONNER, P.A.
/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING HALE
  AND DORR LLP
s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendants JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer