UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Stephen T. Anderson v. Compass Bank*
*N.D. Fla. Case No. 1:10-cv-00208*
*S.D. Fla. Case No. 1:11-cv-20436-JLK*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEFER RULING ON COMPASS
BANK'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

As this Court noted in its June 3, 2011 Order [**DE # 1576**][1], the decision on arbitration will have a "critical impact…on the future course of this litigation [and, thus] **a fully developed, complete record is essential**." (emphasis supplied). Compass Bank previously acknowledged as much by attaching evidence to its Motion to Compel Arbitration. *See* DE # 7 in Case No. 11-cv-20436-JLK. Further, Compass Bank recently acknowledged the potential import of the Supreme Court's ruling in *AT&T Mobility, LLC v. Concepcion,* 2011 WL 1561956 (U.S. April 27, 2011), by filing a Notice of Supplemental Authority. [**DE # 1442**]. Nevertheless, Compass Bank now tries to avoid any discovery, so that it can make its argument without any rebuttal from the actual evidence of its conduct and policies. And, in its desperate zeal to elude even a short and narrowly focused evidentiary inquiry into the legitimacy and fairness of its arbitration procedures, Compass Bank

---

[1] Unless otherwise noted, all docket entries are from Case No. 1:09-md-02036-JLK.

glosses over critical precedent from this Court and this Circuit, while simultaneously misrepresenting other case law and even the pleadings in this case.

What makes this attempt at avoidance even more surprising is, as noted in Plaintiff's Motion to Defer Ruling on Compass Bank's Motion to Stay Proceedings and Compel Arbitration [**DE # 1541**], but tellingly ignored by Compass Bank, the Eleventh Circuit recently remanded five arbitration-related appeals for an unlimited remand in light of *AT&T Mobility, LLC v. Concepcion*, 2011 WL 1561956 (U.S. April 27, 2011). *E.g., Barras v. BB&T*, 10-12377 (11th Cir. Apr. 28, 2011); *Buffington v. SunTrust Banks*, 10-12373 (11th Cir. Apr. 28, 2011); *Powell-Perry v. BB&T*, 10-12374 (11th Cir. Apr. 28, 2011); *Given v. M&T Bank*, 10-12375 (11th Cir. Apr. 28, 2011); and *Hough v. Regions Financial Corp.*, 10-12376 (11th Cir. Apr. 29, 2011). In so doing, particularly with an unlimited remand, the Eleventh Circuit clearly indicated its desire for the factual record relating to arbitration in light of *AT&T Mobility v. Concepcion*, 2011 WL 1561956 (U.S. April 27, 2011), to be more developed in the District Court. And, this Court appropriately responded, on June 3, 2011, entering its Order Deferring Ruling on Motions to Compel Arbitration, Granting Time to Conduct Limited Arbitration-Related Discovery. *See* Order [**DE # 1576**]. In that Order, this Court gave the parties ninety (90) days in cases involving Defendants JP Morgan Chase Bank, N.A, Wachovia Bank, N.A., and Wells Fargo Bank, N.A. to conduct limited discovery in four enumerated areas.[2] *Id.* at 2. In light of that clear precedent, one would think the matter would end there.

Nevertheless, Compass Bank presses on, attempting to avoid this limited discovery, based upon six grounds, arguing that: (1) this Court has no authority to determine arbitrability because that

---

[2] Specifically, this Court permitted inquiry into: (1) the availability of lawyers to litigate these low value claims individually due to the complex nature and potentially small recovery; (2) the number of overdraft-related complaints; (3) the number of and result of arbitrations; and (4) waiver and futility of filing motions to compel. *See* Order, p. 2 [**DE # 1576**].

inquiry is left to the arbitrator; (2) arbitration discovery is closed; (3) there is no waiver issue; (4) the discovery propounded thus far is overbroad; (5) Plaintiff has not identified a relevant issue for discovery; and (6) Compass Bank won this issue previously before courts in Texas.  *See* Response in Opposition, pp. 1-3 [**DE # 1607**].  Each argument is unavailing and will be addressed in turn.

1. **This Court Does Have Authority to Determine Arbitrability**

Compass Bank argues that, based upon the language in its deposit agreement, the arbitrator has exclusive authority to determine, in the first instance, whether or not this case is arbitrable. Compass Bank bases this argument largely on *Rent-A-Center, West Inc. v. Jackson,* 130 S. Ct. 2772 (2010).  In *Rent-A-Center*, the Court held that Rent-A-Center's arbitration clause clearly granted the arbitrator exclusive authority to rule on arbitrability and, because the plaintiff (Jackson) challenged only the validity of the agreement as whole rather than the arbitration clause itself, the district court could not decide the claim.  *See id.* at 2780-81.  Unfortunately for Compass Bank, because its arbitration clause does not clearly and unequivocally vest exclusive authority in the arbitrator to determine arbitrability and because Plaintiff specifically challenged the enforceability of any purported delegation clause (in addition to challenging the arbitration agreement as a whole), *Rent-A-Center* is not the get-out-of-discovery-free card Compass Bank seeks.

A. **Compass Bank's Arbitration Clause Does Not Clearly and Unmistakably Evidence an Intent to Arbitrate Arbitrability.**

As noted in *Rent-A-Center,* "[c]ourts should not assume that the parties agreed to arbitrate arbitrability **unless there is 'clea[r] and unmistakabl[e] evidence that they did so**." *Id.* at 2777 n.1 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)) (emphasis supplied).   In *Rent-A-Center*, the arbitration provision stated that "[t]he Arbitrator…shall have **exclusive authority** to resolve any dispute relating to the…enforceability…of this Agreement including, but not limited to **any claim that all or any part of this Agreement is void or**

3

**voidable**." *Id.* at 2777 (emphasis supplied).  Based upon that language, the Court (understandably) found that the "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Id.*  The arbitration provisions in other cases cited by Compass Bank (not surprisingly for other arguments) have similarly clear language.  *See e.g. Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1250 (11th Cir. 2004) (stating that arbitrator will determine "the validity of this arbitration clause") [**DE # 1607, p. 3**]; *Livingston v. Associates Finance, Inc.*, 2001 WL 709465, at *1 (N.D. Ill. June 25, 2001) (stating that arbitrator shall determine "whether the claim or dispute must be arbitrated; the validity of this arbitration agreement") [**DE # 1607, pp. 10, 11**].

Contrarily, Compass's agreement is far from "clear and unmistakable evidence" of an agreement to arbitrate arbitrability.  Rather, the language that Compass argues as the basis for some purported delegation clause is anything but clear:

> (1) By opening or maintaining the account, you agree that if a dispute of any kind arises under this Agreement or relates to your account or any transactions involving your account, either you or we can choose to have that dispute resolved by binding arbitration;
>
> (2) You and we agree, upon written demand made by you or us, to submit to binding arbitration all disputes, controversies, and claims, whether based on contract, fraud, tort, intentional tort, statute, regulation, constitution, common law, equity, or any other legal basis or theory, and whether pre-existing, present, or future, that arise from or relate to this Agreement, the account, any transaction involving the account, or any advertisements, promotions, or oral or written statements related to this Agreement or the account, the relationships that result from this Agreement (including, to the fullest extent permitted by applicable law, relationships with third parties who are not parties to this Agreement or this arbitration provision), or the scope or enforceability of this Agreement (collectively, a "Claim")
>
> (3) Any dispute as to whether any statute of limitations, estoppel, waiver; laches or other doctrine bars the arbitration of any Claim shall be decided by arbitration in accordance with the provisions of this Agreement.

(Compass's Opposition to Plaintiff's Motion to Defer Ruling, D.E. 1607 at 4-5).

From these statements Compass somehow asserts that "[t]he arbitration agreement is clear that the issue of unconscionability [ ] is for the arbitrator to decide." *See* Response in Opposition, p. 4. This is a particularly specious claim in that neither the word "unconscionability", nor any derivation of that word, appears anywhere in the agreement. And Compass's purported delegation language – consisting of nearly 200 hundred words scattered in three different sections of Compass's *1,300-word* arbitration provision – is a far cry from the clear delegation of threshold issues found in cases enforcing delegation clauses.

Unlike in *Rent-A-Center*, or any of the other cases cited by Compass Bank, this arbitration clause's language: (1) never states, in any way, that the validity of the arbitration clause of the Agreement will be determined solely by an arbitrator[3]; (2) never precludes, in any way, the Court from making that threshold determination; (3) mentions solely doctrines, such as statute of limitations, estoppel, waiver, and laches, that would more likely apply to the enforceability of the Agreement as a whole than the enforceability of the arbitration provision; and (4) never once mentions the doctrine of unconscionability, the very basis for Plaintiff's claim here. Instead, what Compass touts as "delegation" language is practically indecipherable. Seasoned attorneys would have difficulty ascertaining Compass's suggested meaning. Even tenured English professors would struggle to map sentence structures that at one point *run-on for over 120 words*. This is far from the

---

[3] Compass Bank's claim is not saved by *Terminix Int'l Co. v. Palmer Ranch Ltd.*, 432 F.3d 1327 (11th Cir. 2005). In *Terminix*, the arbitration clause provided that "arbitration **shall be conducted** in accordance with the **Commercial Arbitration Rules** then in force of the American Arbitration Association." *Id.* at 1332 (emphasis supplied). Rule 8(a) of those specified rules then gave the arbitrator the power to rule on his or her own jurisdiction. *Id.* Contrarily, Compass Bank's arbitration clause merely states that "any arbitration under this Agreement shall be conducted in accordance with the applicable rules of the arbitrator or arbitration organization." It thus, not only leaves open whose rules apply, but what specific rules will be used. For instance, are the applicable rules the Commercial Arbitration Rules from AAA, as specifically noted in *Terminix*, or different rules from AAA or rules from the National Arbitration Forum which is also a possible arbitrator under Compass Bank's clause?

5

"clear and unmistakable" delegation required. Rather, it is an attempt by Compass to bury an anti-consumer provision in dense, complicated, and ambiguous language. It is far from the clear and unmistakable delegation required.

> **B.    Plaintiff Specifically Attacks the Enforceability of Compass Bank's Arbitration Clause, and also Specifically Attacks any Purported Delegation Clause.**

The *Rent-A-Center* Court clearly and unequivocally reaffirmed that, "[i]f a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4." 130 S. Ct. at 2778.  Put another way, "had [plaintiff] challenged the delegation provision by arguing that these common procedures **as applied** to the delegation provision rendered **that provision** unconscionable, the challenge should have been considered by the court." *Id.* at 2780.  *See also Morocho v. Carnival Corp.*, 2011 WL 147750, at *1 (S.D. Fla. Jan. 18, 2011) (Martinez, J.) (finding that because Plaintiff's claims were directed "to the validity of the arbitration delegation clause itself", they were for the Court to resolve").[4]  That is precisely what Plaintiff did here.  Specifically, in his Complaint, Anderson alleged that "the Deposit Agreement's arbitration provision [ ] including any express or implied delegation provision or other agreement to arbitrate the enforceability of the Deposit Agreement, is also unconscionable and thus unenforceable" and sought a determination of same. *See* Complaint, ¶¶ 68, 94(g) [**DE # 1 in Case No. 11-cv-20436-JLK**].  And in his Response in Opposition to Compass's Motion to Compel Arbitration, Anderson also specifically argued that any purported delegation clause in Compass's arbitration provision was unconscionable, in addition to arguing that the arbitration provision as a whole was unconscionable. (*Id.*, D.E. 12, pp. 14-17). Accordingly, Compass's claim that "plaintiff's attack goes to the entire contract and therefore must

---

[4] This is consistent with the Supreme Court's prior ruling in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967), holding that if the claim "goes to the 'making' of the agreement to arbitrate-the federal court may proceed to adjudicate it."

6

go to the arbitrator" simply misrepresents what Anderson has argued consistently throughout this case.

Clearly then, for two independently sufficient reasons, this case falls outside the rubric of *Rent-A-Center*.

**2.      Arbitration Discovery is Not Closed.**

Post-*Concepcion,* a case Compass Bank clearly thought applicable[5], the Eleventh Circuit has issued several unlimited remands in appeals from arbitration rulings from this MDL. Clearly, these remands are unlimited so that the factual record pertaining to arbitration may be supplemented in the District Court.  Recognizing this, this Court has already held that "a fully developed, complete record is essential."  *See* Order, p. 2 [**DE # 1576**].

**3.      Waiver is Not the Sole Basis for this Court's Ordering Discovery**

The fact that Compass Bank claims that waiver is not an issue in its case is of no moment. This Court ordered limited discovery into multiple areas (availability of lawyers, number of overdraft-related complaints, number of and result of arbitrations) that have nothing to do with waiver.

**4.      New, Tailored Discovery Has Been Propounded**

Compass Bank spends several pages of its Response arguing that the discovery propounded by Anderson is overbroad.  *See* Response in Opposition, pp. 10-17 [**DE # 1607**].  Oddly though, Compass Bank then admits, in a footnote, that Plaintiff's counsel has already advised Compass Bank that revised discovery, in keeping with this Court's Order [**DE # 1576**], is being prepared to

---

[5]  In fact, Compass Bank goes so far as to claim that *Concepcion* eliminated Anderson's main argument in his brief in opposition to arbitration.  *See* Response in Opposition, p. 13 [**DE # 1607**].  Assuming *arguendo* that this is true, and *Concepcion* is the change in the law that Compass Bank claims it is, it would be patently unfair to foreclose Anderson from arbitration discovery now.

replace the prior discovery. That discovery was served on June 20, 2011. Compass Bank's complaints about earlier discovery requests are moot.

5.   **Both Plaintiff, and, More Importantly this Court, Have Identified Relevant Issues for Discovery.**

In this Court's June 3, 2011 Order Deferring Ruling on Motions to Compel Arbitration, Granting Time to Conduct Limited Arbitration-Related Discovery [**DE # 1576**], this Court delineated the relevant issues for discovery.[6] Much of the initial discovery propounded by Anderson matches these limited areas; all of the amended discovery does.[7]

6.   **The Rulings by the Southern District of Texas are Inapposite and Do Not Bind This Court.**

Compass Bank cites two Orders from the Southern District of Texas for the proposition that discovery is pointless and will bear no fruit. *See* Response in Opposition, p. 3. This is an odd assertion as it appears from the Orders in those two cases that little or no discovery was taken or even sought. *See* Comp. Ex. A (Texas Orders). And, Compass's Motions to Strike the factual affidavits in both of the Texas cases illustrate the importance that Compass places on developing –

---

[6] Compass Bank's reliance upon *Jackson v. Cintas Corp.*, 425 F.3d 1313 (11th Cir. 2005), misses the mark. *See* Response in Opposition, p. 10 [**DE # 1607**]. In *Jackson*, the plaintiff sought discovery into "whether [defendant] selectively required employees to sign the employment agreement that contained the arbitration clause." *Jackson*, 425 F.3d at 1318. Because this discovery was irrelevant to prove lack of consideration under Georgia law, the district court properly denied it. *Id.* In this case, this Court already delineated specific areas of discovery that are relevant and go directly to the unconscionability of this arbitration clause. *See* [**DE # 1576**].

[7] Compass Bank simply misreads or misrepresents Florida law in its argument that Anderson is estopped from arguing unconscionability because of his alleged failure to read the agreement. *See* Response in Opposition, p. 12. In fact, the cases Compass Bank cites, starting with *Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1131 (Fla. 3d DCA 2006), merely find that a plaintiff "cannot avoid her contractual responsibility **simply** because she chose not to review the terms of her agreement." *Id.* at 1135 (emphasis supplied). Anderson, however, raises numerous other bases for unconscionability. Interestingly, the *Murphy* opinion also makes clear the significant amount of discovery plaintiffs contesting arbitration provisions are entitled to under Florida law.

or more appropriately, *limiting* – the factual record related to arbitration at the District Court level. Finally, it goes without saying that those cases, which rested on Texas law, are not, in any way, binding upon this Court.

## Conclusion

As this Court noted in its June 3, 2011 Order [**DE # 1576**], the decision on arbitration will have a "critical impact…on the future course of this litigation [and, thus] a fully developed, complete record is essential." This holds every bit as true for Compass Bank today as it did for JP Morgan Chase Bank, N.A., Wachovia Bank, N.A., and Wells Fargo Bank, N.A. less than two weeks ago. The discovery this Court granted in those cases is short, narrow, and limited, as even Compass Bank impliedly admits through its failure to argue prejudice. As such, Anderson's Motion to Defer Ruling on Compass Bank's Motion to Stay Proceedings and Compel Arbitration should be granted.

Dated: June 22, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

<table>
<tr><td>

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

</td><td>

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

</td></tr>
</table>

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596