UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

_____

THIS DOCUMENT RELATES TO:

*Steen v. Capital One, N.A.*
S.D. Fla. Case No. 1:10-cv-22058-JLK
E.D. La. Case No. 2:10-cv-01505
_____/

## ORDER DENYING MOTION FOR RECONSIERATION

**THIS CAUSE** comes before the Court upon Defendant Capital One, N.A.'s ("Capital One") Motion for Reconsideration (DE # 1350) filed April 18, 2011. Plaintiffs filed their Response (DE # 1440) on May 5, 2011 and Defendants their Reply (DE # 1482).

Plaintiffs filed their Second Consolidated Amended Class Action Complaint ("SAC") on January 13, 2011 (DE # 1043). On February 11, 2011, Capital One moved to dismiss the SAC (DE # 1161) and oral argument was held on March 16, 2011. On March 21, 2011, the Court partially granted and partially denied Capital One's Motion (DE # 1306) ("Order on the SAC"). Defendant now moves the Court to reconsider its March 21st ruling arguing that the Court failed to consider certain issues raised by Capital One's Motion to Dismiss.

After careful analysis, and for the reasons stated herein, the Court denies Defendant Capital One's Motion for reconsideration. The issues raised in Defendant's Motion for reconsideration center entirely on arguments that the Court has already considered and rejected, either in its Order Denying Defendants' Motion to Dismiss the SAC (DE # 1306) or in the

Court's Omnibus Order Denying Motions to Dismiss (DE # 305) which was incorporated therein. As the Court stated in its Order Denying Motions to Dismiss the SAC (DE # 1306), "for the most part, neither Commerce Bank, nor Comerica, nor Capital One have provided this Court with any basis for variance from its earlier rulings on prior motions to dismiss filed in this ongoing multi-district litigation ("MDL").".

A motion for reconsideration pursuant to Rule 60(b) is "an extraordinary remedy to be employed sparingly." *S.E.C. v. Huff*, 2010 WL 541634, at *1 (S.D. Fla. Feb. 9, 2010). "The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to *controlling decisions or data* that the court overlooked." *U.S. v. Zarabozo*, 2008 WL 5062463, at *1 (S.D. Fla. Nov. 26, 2008) (emphasis in original). Such a motion must be denied unless the movant clearly establishes (1) a material intervening change in controlling law, (2) the availability of new evidence justifying reversal of the court's previous decision, or (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). It is well-settled that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 200); *accord, Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.* 763 F.2d 1237, 1239 (11th Cir. 1985) (motion for reconsideration must not afford a litigant "two bites at the apple"); *Gibson v. Mattox,* 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order.")

Applying the foregoing standards to the arguments advanced by the parties, the Court

finds that Capital One has failed to establish any of the elements required for reconsideration. Capital One's primary ground for seeking reconsideration is that it could not have breached the contractual covenant of good faith and fair dealing because its account agreement, unlike the other Defendant Banks' agreements, specifically states that items will be posted in a high-to-low posting order. The Court has previously addressed this argument on numerous occasions. The Court does not find merit in this argument and finds that Chase retains discretion under its account agreement. The fact that Capital One uses the word "will" instead of "may" in the first sentence of its account agreement does not extinguish its discretion. Moreover, "will" is followed by the word "generally", further implying the banks discretion to deviate from the general practice. This Court's Order in the related action against M&T Bank underscores the lack of merit in Capital One's argument. *See* Order of April 15, 2010 [DE # 36, Case No. 1:10-cv-20478-JLK]. Like M&T Bank, Capital One's contract similarly confers discretion, despite using partial mandatory language to describe posting order. With such discretion comes the obligation to exercise it in good faith.

Next, Capital One argues that Plaintiffs' unconscionability, conversion, unjust enrichment and Maryland Consumer Protection Act Claims fail as a matter of law also because of Capital One's specific and nondiscretionary contract language. Having already found that Capital One retained discretion in its consumer account agreement, Capital One's argument is without merit. In that same vein, the Court rejects Defendant Capital One's preemption arguments on the basis of their nondiscretionary agreement.

Finally, Defendant argues that Plaintiff Peterson's claims should be dismissed because he fails to state a plausible entitlement to relief and lack standing. This argument is equally without merit. Defendant does not make any substantial argument on which the Court should reconsider

its prior ruling. Restating arguments previously made is a waste of judicial resources and effort. As the Court previously stated in its SAC Order, "[d]efendant Capital One has simply reiterated arguments already presented and carefully considered by the Court. It has not provided the Court with any basis for finding the Maryland and California statutes differ in any relevant respect from those statutes already considered, and the Court therefore finds that there is no basis for reaching a different result.". Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that: Motion for Reconsideration (DE # 1350) be, and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 23rd day of June, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:   **All counsel of record**