IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>FIRST TRANCHE ACTION<br><br>*Luquetta v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION
TO PLAINTIFFS' EXPEDITED MOTION TO SUSPEND
CLASS CERTIFICATION PROCEEDINGS IN *LUQUETTA* ACTION**

There are two distinct pending suits against JPMorgan Chase Bank, N.A. ("Chase") in this MDL: The *Luquetta* case pleads a California-only class,[1] and the *Lopez* case pleads a class covering all other States.[2] In *Lopez*, Chase filed arbitration motions concerning all named plaintiffs, and on May 16, the Court suspended class-certification proceedings pending resolution of arbitration issues concerning the named plaintiffs in that case. By contrast, in *Luquetta*—which is the sole subject of the instant motion—there is no arbitration motion concerning the named plaintiff, Andrea Luquetta ("Plaintiff"), and no other reason for further delay. The motion for class certification has been filed in *Luquetta*, and by Order of June 3—and expressly

---

[1] 2d Am. Class Action Cplt. ¶ 22, *Luquetta v. JPMorgan Chase Bank, N.A.* [MDL Dkt. No. 348].

[2] Am. Class Action Cplt. ¶ 23, *Lopez v. JPMorgan Chase Bank, N.A.* [MDL Dkt. No. 347].

reiterated in another Order on June 9—the Court ordered that class-certification proceedings go forward as previously scheduled in *Luquetta*. [MDL Dkt. Nos. 1580, 1593.] Accordingly, on June 16, Chase filed its opposition to class certification as ordered by the Court. Chase having filed its opposition, Plaintiff now wants to avoid having to go through with the remainder of the briefing on her own class-certification motion, and to avoid facing a ruling by this Court on the merits of her motion. On Friday afternoon, June 24, she filed a motion asking the Court to reconsider, for the fourth time, its determination to get her class-certification motion decided on the Court's schedule.[3] Chase hereby opposes Plaintiff's motion to suspend the *Luquetta* schedule. There is no arbitration motion pending with respect to Ms. Luquetta, and there is no reason to wrench this case off schedule at this time.

## THE COURT'S PRIOR ACTIONS ON THIS SUBJECT

On November 4, 2010, the Court entered a revised overall scheduling Order, specifying that class-certification motions should be filed in First Tranche cases on April 25, 2011. [MDL Dkt. No. 878.]

On April 25, 2011, plaintiffs filed their motion for class certification against Chase in both the *Luquetta* (California) and *Lopez* (all other States) cases, based on the Court's scheduling Order.[4]

On May 13, 2011, the Court entered an Order suspending further class-certification briefing in *Lopez*—but not in *Luquetta*. The reason for suspending class certification

---

[3] Plaintiffs' Expedited Motion to Suspend Class Certification Proceedings Pending Resolution of Chase's June 16, 2011 Motion to Compel Arbitration or, in the Alternative, for an Enlargement of Time to File Reply Brief in Support ("Pls.' Mot. to Suspend") [MDL Dkt. No. 1655].

[4] The class-certification motion in *Luquetta* and *Lopez* was filed under seal, and docketed by the Clerk on or about May 2, 2011; it has not been assigned a docket number.

proceedings in *Lopez* was that following the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), Chase filed an arbitration motion with respect to the original named plaintiffs in *Lopez* (but not in *Luquetta*) (the "*Lopez* Arbitration Motion"). [MDL Dkt. No. 1444.] In that motion, Chase stated that it was *not* seeking arbitration with respect to Ms. Luquetta—the sole operative named plaintiff in *Luquetta*—because she does not have an applicable arbitration agreement with Chase. *See Lopez* Arbitration Motion at 7 n.4 ("Chase is not seeking to stay or dismiss, in favor of arbitration, the claims brought by Andrea Luquetta, the sole original plaintiff in the *Luquetta* action.").

The parties at first thought that the May 13 Order was intended to apply to *Luquetta* also, and submitted a clarification request to the Court [MDL Dkt. No. 1518], and the Court courteously obliged the parties with an Order so stating [MDL Dkt. No. 1524].

On June 3, 2011, the Court entered a *sua sponte* Order, after considering the matter further, specifying that class certification proceedings should go forward in *Luquetta*. [MDL Dkt. No. 1584.]

The Court's Order of June 3, 2011, ordering class certification to go forward in *Luquetta*, was obviously not an error by the Court, but rather was part of the Court's plan to move things according to schedule. *First*, the Order directing that class-certification briefing in *Luquetta* should go forward was itself part of an order also requiring class certification to go forward in Union Bank's case—that is, the Court was ordering that class-certification proceedings should go forward in each of the First Tranche cases in which there was no pending motion for arbitration with the named plaintiffs. *Second*, the Order was issued on the same day that the Court entered an Order allowing a 90-day discovery period for arbitration matters in the cases in

which arbitration motions had recently been filed against the named plaintiffs—expressly and notably including *Lopez* but not *Luquetta*. [MDL Dkt. No. 1576.]

Subsequently, the parties submitted two motions to the Court that sought to postpone consideration of the *Luquetta* class-certification motion. The first of these, filed jointly by the parties on June 6, 2011, requested that the *Luquetta* class-certification motion be deferred until the *Lopez* motion was considered. [MDL Dkt. No. 1584.] This motion specifically stated that "Chase intends to oppose class certification in the *Luquetta v. Chase* Action based, among other reasons, on the arbitration obligations of the absent putative class members." *Id*. ¶ 6. The second motion simply requested at two-week extension because of the shortness of time. [MDL Dkt. No. 1590.]

On June 9, 2011, the Court entered an Order again denying suspension of class-certification proceedings in *Luquetta*. [MDL Dkt. No. 1593.] The Court correctly recognized the joint motion as a motion for reconsideration of the June 3 scheduling Order, and the Court definitively determined not to change the date. The Court's Order explained that the parties' request for reconsideration failed to identify any "new grounds for extension ... that [had been] either overlooked or not considered by the Court" already. As a courtesy, however, the Court allowed Chase one week's extension in light of the timing crunch.

On June 16, 2011, Chase filed its opposition to class certification in *Luquetta*.[5] As the Court had envisioned, Chase was able to respond to the motion for class certification specifically with respect to *Luquetta* without having to address *Lopez*. In fact, because the brief addressed solely *Luquetta*, it was more focused, and addressed the arguments that Chase relies upon specifically with respect to *Luquetta*.

---

[5] Chase's opposition to class certification was filed under seal on June 16, 2011, and docketed by the Clerk on June 21, 2011; it has not been assigned a docket number.

Luquetta's reply brief in support of her motion for class certification in her case is due on July 14. Under the Court's November 4, 2010 scheduling Order, Plaintiff was entitled to 25 days for her reply (plus 3 days for service by mail in accordance with the applicable rules).

## ARGUMENT

Plaintiff has ample time to prepare her reply brief. Chase would not object to a week or 10-day extension if requested on the ground that the time is too short to respond on schedule, as Chase has previously advised counsel. But that is not the nature of the request here. Plaintiff does not argue that she does not have enough time to write a reply brief by July 14. Rather, she simply does not want the Court to go forward on the Court's schedule for deciding class certification in her case. Chase does not agree with *that* request.

The Court has made clear, in its Orders dated June 3 and June 9, 2011, that it wants the *Luquetta* class-certification motion to go forward. In accordance with the Court's Orders so directing, Chase was required to file *its* brief. Chase believes it is appropriate for Plaintiff to do the same, and to file her reply brief.

Chase has not sought arbitration with Ms. Luquetta. She does not have an applicable arbitration agreement with Chase. There is no reason why she is unable to go forward on schedule.

There is no need for this Court to reconsider yet another time. When the Court ruled in its June 9 Order that Chase would have to comply with the existing schedule, it specifically stated that no new or overlooked ground had been advanced that called for the Court to change direction on the longstanding class-certification timetable. Plaintiff advances no new ground now. The main point that Plaintiff advances is that Chase has moved the Court to stay

proceedings *as to other people* on arbitration grounds—not as to her.[6] But the parties had jointly made that point to the Court in their June 6 motion, which specifically pointed out that Chase had invoked arbitration in *Lopez* and would ask the Court to stay the claims of absent putative class members in *Luquetta*. And even then it was already old news to the Court—the same point had been identified for the Court *a year previously* in Chase's Answer in *Luquetta*. [MDL Dkt. No. 502.] Accordingly, the Court's Order of June 9, 2011, specifically stated that there were no "new grounds" for suspension of class certification briefing, and nothing had been "either overlooked or not considered by the Court." The same is true now.

It makes sense for this Court to keep the class-certification briefing in *Luquetta* on schedule, so that it is ready for presentation along with the other First Tranche class-certification case (involving Union Bank). Plaintiff has not identified any reason why this would not make sense nor any reason to abandon the longstanding schedule for class-certification proceedings in her case. It is of course true, as Plaintiff points out, that Chase is seeking this Court to stay its hand with respect to absent putative class members in the *Luquetta* case. But that is only one of the many grounds on which Chase opposes class certification in her case. And, of course, the Court has not ruled that it will agree with Chase's position. If Plaintiff is ready to concede that

---

[6] The first sentence of plaintiffs' motion asserts that Chase "filed a motion to compel arbitration in the *Luquetta v. Chase* action" on June 16, 2011. Pls.' Mot. to Suspend at 1. With great respect for counsel, this is (uncharacteristically) a notably incorrect representation of the record. Chase has not filed a motion to *compel arbitration* with anybody—and it has not filed any kind of arbitration motion with respect to Ms. Luquetta. What Chase has filed, is a motion under § 3 of the Federal Arbitration Act requesting the Court to *stay judicial proceedings* only as to absent putative class members, on account of *their* arbitration obligations. [MDL Dkt. No. 1616.] This is not a motion to compel arbitration under § 4 of the FAA. And it is not anything new—Chase said this in its Answer, filed more than a year ago. Moreover, the motion has nothing to do with the claims of Ms. Luquetta herself, who has no operative arbitration agreement with Chase. Indeed, Chase has been explicit that it is not seeking to arbitrate anything with Ms. Luquetta, which is the reason that the Court has distinguished the *Lopez* and *Luquetta* cases for purposes of class-certification scheduling.

Chase should win, and no class can be certified on that ground, then indeed class certification can come to a stop. But she has not conceded that point, and she presumably will fight that point in her reply.

Indeed, Plaintiff is not even herself abstaining from continuing to pursue the merits of the *Luquetta* litigation at this time. On the same day she filed the instant motion, Plaintiff served a deposition notice on Chase, to take a deposition on the merits. It is difficult to justify why Ms. Luquetta is asking the Court to suspend everything in her case other than but arbitration, when she herself is pointedly going forward on the merits in the *Luquetta* case at the same time.[7]

The true reason for Ms. Luquetta's motion may be this: As the Court can see from even a cursory review of Chase's opposition to class certification in the *Luquetta* case, Plaintiff has a terrible case for class certification. She is not a proper class representative—she is not even a member of the class she purports to represent. The particular kind of claim she wants to bring is not properly subject to class treatment; and she has no way to deal with the fact that applicable law varies from State to State. Her expert has *expressly declined* to endorse any class-wide damages approach as a "proper damage analysis for the Chase litigation"; and she is proposing a extra-judicial "administrative proceeding" outside the court process as part of her damages case because she cannot handle it in Court on a class-wide basis, as she must. In these circumstances it is natural that she wants to put off this Court's scrutiny of her class-certification motion. But that is not a legitimate reason for stalling this Court's proceedings.

For all these reasons, there is no arbitration motion pending as to Ms. Luquetta, and she has no basis to invoke arbitration as a way to evade having to go forward on schedule with

---

[7] A copy of the deposition notice is attached hereto as Exhibit 1. The subject of the deposition notice, Jamie Dimon, is the President and CEO of Chase. Counsel has made clear to Chase in discussions concerning the deposition, that it will concern the full merits of the case.

respect to class certification in her case.  But in the event this Court grants Plaintiff's motion, Chase respectfully requests that the Court order that Plaintiff must suspend all other non-arbitration matters in the case as well.  Plaintiff Luquetta should not be permitted to avoid class certification proceedings in her case on the asserted ground that only arbitration should go forward, and at the same time to proceed to take discovery against Chase on the merits.

## CONCLUSION

The motion to suspend class certification in *Luquetta* should be denied.  If the motion is granted, the Court should order that Plaintiff must suspend all other non-arbitration proceedings in the case as well.

Dated:  June 27, 2011

HOMER BONNER, P.A.
/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738
WILMER CUTLER PICKERING HALE
 AND DORR LLP

s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022

tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 27, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Peter W. Homer