# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-MD-02036-JLK

---

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO: FIRST TRANCHE ACTIONS**

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. 2:09-cv-06967-GHK

---

## ORDER DENYING PLAINTIFFS' MOTION TO SUSPEND CLASS-CERTIFICATION PROCEEDINGS PENDING RESOLUTION OF CHASE'S JUNE 16, 2011 MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court on the Plaintiffs' Motion to Suspend Class Certification Proceedings Pending Resolution of Chase's June 16, 2011 Motion to Compel Arbitration (DE # 1655), filed June 24, 2011. Defendant JPMorgan Chase Bank, N.A. filed its Response in opposition (DE # 1657) on June 27, 2011.

There are two distinct suits against JPMorgan Chase Bank, N.A. ("Chase") in this MDL: The *Luquetta* case and the *Lopez* case. In Lopez, Chase filed its arbitration motion concerning all named plaintiffs, and on May 16, the Court suspended class-certification proceedings pending resolution of arbitration issues concerning the named Plaintiffs in that case. *See* (DE # 1479). By contrast, in the *Luquetta* action, there was no arbitration motion concerning the named Plaintiff, Andrea Luquetta. Chase asserted to the Court

that it would not be seeking arbitration as to Ms. Luequetta in the *Luquetta* action because she did not have an applicable arbitration agreement with Chase. *See* (DE # 1444  at 7 n. 4) ("Chase is not seeking to stay or dismiss, in favor of arbitration, the claims brought by Andrea Luquetta, the sole original plaintiff in the *Luquetta* action."). Thus, seeing no need to halt activity in the *Luquetta* action, on June 3, and expressly reiterated in another Order on June 9, the Court ordered that class certification proceedings go forward as previously scheduled in *Luquetta*. *See* (DE # 1580 & 1593). In accordance with the Court's Order, on June 16, Chase filed its opposition to Plaintiffs' Motion for Class Certification to which Plaintiffs' Reply is due on July 11.  Now, Plaintiffs move to suspend class briefing in *Luquetta* until the Court rules on Chase's newly filed Motion to Compel Arbitration as to Absent Putative Class Members (DE # 1617).

This is the third Order the Court enters addressing suspension of the class certification determination in *Luquetta*.  Chase did not seek arbitration with Plaintiff Luquetta because she did not have an applicable arbitration agreement with Chase. Therefore, resolution of Chase's Motion to Compel Arbitration as to Absent Putative Class members should not be affected by the Court's consideration of class certification in *Luquetta.*  Despite repeated attempts, the Court finds no reason to delay the class certification determination in *Luquetta*.  Accordingly, after being fully advised on the merits it is,

**ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion to Suspend Class Certification Proceedings Pending Resolution of Chase's June 16, 2011 Motion to Compel Arbitration (DE # 1655) be, and the same is hereby **DENIED.**  Plaintiffs' Reply

to Defendant's Response in Opposition is due on **July 11, 2011**.  **No extensions will be granted.**

     **DONE AND ORDERED** at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 27th day of June, 2011.

**JAMES LAWRENCE KING**<br>
**UNITED STATES DISTRICT JUDGE**<br>
**SOUTHERN DISTRICT OF FLORIDA**

Copies furnished to:
Counsel of Record