# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION                                                  MDL No. 2036

## ORDER VACATING CONDITIONAL TRANSFER ORDERS

      **Before the Panel:**[*] The following parties in the four actions listed on the attached Schedule A have moved, pursuant to Rule 7.1, to vacate the respective portions of the Panel's orders conditionally transferring their actions to MDL No. 2036:   plaintiff Kelly Mathena and defendant Webster Bank, N.A. (as to District of Connecticut *Mathena*), plaintiffs Thomas Griner, *et al*., and defendant Synovus Bank, N.A. (as to Northern District of Georgia *Griner*), plaintiff Morr Solomon (as to Northern District of Illinois *Solomon*), and defendant TCF National Bank (as to District of Minnesota *Pellett*).  The motions as to *Mathena*, *Griner*, and *Solomon* are unopposed.  Plaintiffs in *Pellett* oppose the motion as to their action.

      After considering all argument of counsel, we will grant the motions to vacate.  With respect to *Mathena*, the moving parties have informed the Panel that they have reached a settlement that the District of Connecticut court has preliminarily approved.  Consistent with our past practice in this docket, we conclude that transfer of *Mathena* to the MDL is not presently warranted.

      In *Solomon*, the plaintiff has amended her complaint so that, in her words, it "contains no averments that question [defendant Bank of America N.A.'s] overdraft fee-generating practices or the related allegations at issue in [the MDL]."  In light of that amended pleading, the defendant bank states that it does not oppose plaintiff's motion to vacate the conditional transfer order.  On this record, we agree that transfer of *Solomon* is also not warranted.

      The *Griner* action differs from most, if not all, the actions in the MDL, in that the *Griner* plaintiffs make no re-sequencing allegations (*i.e.,* allegations that Synovus Bank maximizes overdraft fees by posting debits to customer accounts in a non-chronological and/or largest to smallest order).  Rather, they allege that the overdraft fees charged by the bank constitute interest, and that the amount of this interest violates Georgia's laws prohibiting usury.  Because *Griner* lacks

---

[*]     Judge Kathryn H. Vratil took no part in the disposition of this matter.

- 2 -

allegations at the core of this MDL, we conclude that its transfer would not serve the purposes of 28 U.S.C. § 1407.[1]

Finally, with respect to *Pellett*, we note that after the action was placed on the conditional transfer order, the District of Minnesota court granted defendant TCF National Bank's motion to compel arbitration and stayed the action. Opposing plaintiffs have not identified a single instance in which the Panel has transferred an action under these circumstances.

IT IS THEREFORE ORDERED that the Panel's conditional transfer orders designated as "CTO-27" and "CTO-28" in MDL No. 2036 are vacated insofar as they relate to these actions.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.    Barbara S. Jones
Paul J. Barbadoro

---

[1] Although another Northern District of Georgia action (*Hough*) already in the MDL involves usury allegations, that action is not against Synovus Bank, and, also unlike *Griner*, it does involve re-sequencing allegations. *Hough* has been stayed while on appeal of the transferee judge's ruling denying a motion to compel arbitration, and the *Griner* movants contend that once the stay is lifted (and assuming the ruling is affirmed), the *Hough* complaint will be amended to drop the usury allegations – as has already occurred in a few other actions that initially also contained such allegations. Even if no such amendment is made, however, the judge could suggest early remand of the usury claim or claims in *Hough*, while retaining the remainder of the action, if he believes that retention of such claims in the centralized proceedings is inconsistent with Section 1407 or otherwise inappropriate. *See* Rule 10.1(b).

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**  MDL No. 2036

## SCHEDULE A

<u>District of Connecticut</u>

Kelly Mathena[1] v. Webster Bank N.A., C.A. No. 3:10-1448

<u>Northern District of Georgia</u>

Thomas Griner, et al. v. Synovus Bank, C.A. No. 1:10-2747

<u>Northern District of Illinois</u>

Morr Solomon v. Bank of America, N.A., C.A. No. 1:10-5961

<u>District of Minnesota</u>

Kimberly Pellett, et al. v. TCF Bank, N.A., et al., C.A. No. 0:10-3943

---

[1] The Panel's Hearing Order mistakenly reverses the plaintiff's first and last names.