IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:09-MD-02036-JLK

|  |  |
|---|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**<br><br>**MDL NO. 2036** | )<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>*Steen v. Capital One, N.A.*<br>E.D. La. Case No. 2:10-cv-01505-JCZ-KWR<br>S.D. Fla. Case No. 1:10-cv-22058-JLK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CAPITAL ONE, N.A.'S REPLY IN SUPPORT OF ITS MOTION
FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b); JOINDER IN
JPMORGAN CHASE BANK, N.A.'S MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, MOTION FOR CERTIFICATION**

sf-3010504

The Eleventh Circuit's decision in *Baptista v. JPMorgan Chase Bank, N.A.*, No. 10-13105, 2011 U.S. App. LEXIS 9568 (11th Cir. May 11, 2011) mandates dismissal of this action on preemption grounds. *Baptista* critically undercuts this Court's reasoning in its prior decision on National Bank Act preemption. To avoid this obvious conclusion, Plaintiffs mischaracterize *Baptista* in two significant ways.

First, while the Eleventh Circuit actually held that federal law preempts state-law challenges to the manner in which national bank's charge fees, Plaintiffs contend that "[t]he various ways . . . a fee could be charged were not at issue" in *Baptista*. This is plainly wrong. The Appellant in *Baptista* explicitly challenged the "manner" in which the fee at issue was charged.

Second, the Eleventh Circuit also held that federal law preempted the common law unjust enrichment claim in that case. Plaintiffs seek to avoid dismissal of the unjust enrichment and other common law claims here by representing to the Court that the unjust enrichment claim in *Baptista* was wholly dependent on the statutory cause of action. Plaintiffs misstate the record in *Baptista*. The plaintiff in *Baptista* repeatedly asserted that her unjust enrichment claim was independent of her statutory claim and argued that because it was a claim under a "law of general applicability," it was immune from preemption. The Eleventh Circuit found that the claim was preempted, not because it was somehow dependent upon the preempted state statute, but because it "relie[d] on identical facts." As such, it too was in "substantial conflict with federal authorization to charge" the fees at issue.

Controlling Eleventh Circuit precedent now prohibits the application of state laws to limit a bank's latitude in deciding how to charge fees or to reduce a bank's fee options. This action should be dismissed or, alternatively, certified for interlocutory review.

I.     **STATE LAWS THAT PROSCRIBE THE MANNER IN WHICH A BANK ASSESSES FEES ARE PREEMPTED UNDER *BAPTISTA*.**

Plaintiffs argue that *Baptista* narrowly focused on "whether a state statute could prohibit the imposition of a check-cashing fee" and that "the various ways such a fee could be imposed were not at issue." (ECF No. 1628 at 3-4.) Plaintiffs are wrong. The plaintiff in *Baptista* clearly presented the issue in her Statement of the Issues: "Whether Florida's par value statute is preempted from application to national banks, where it only prohibits banks from charging a check-cashing fee, **in a certain manner**." (*Baptista*, Appellant's Br. at 1 (11th Cir. Aug. 12,

2010) (emphasis added).)[1]  The *Baptista* plaintiff repeatedly and explicitly argued that her challenge was to the "manner" in which the challenged fee was assessed: "[b]ecause Florida's par value statute only prohibits banks from charging the fee **in a certain manner**, it does not **significantly** interfere with federal law." (*Id.* at 17 (emphasis in original); *see also id.* at 2 ("Florida's par value statute does not significantly interfere with any federal law because it only prohibits banks from charging a check-cashing fee in a certain manner . . . .  Banks may charge the fee in other ways.").)  Indeed, she expressly disclaimed the argument that plaintiffs here attribute to her: "Section 655.85 does not challenge [the bank's] 'right to charge' fees, *'just the manner' in which it does so*." (*Baptista*, Appellant's Reply at 7 (11th Cir. Oct. 6, 2010) (emphasis added).)

Not surprisingly, the Eleventh Circuit clearly addressed the issue presented, holding that Section 7.4002 not only preempts state laws that limit the right of banks *to charge* fees, but also preempts state laws that limit the *manner in which bank fees are calculated or triggered*. *Baptista*, 2011 U.S. App. LEXIS 9568, at *2, *8 n.2.  "The significant objective of 12 C.F.R. § 7.4002 is to allow national banks to charge fees **and to allow banks latitude to decide how to charge them**." *Id.* at *8 n.2 (emphasis added).  Certainly, the Eleventh Circuit, charged with reviewing the district court's decision, is a better authority than Plaintiffs' counsel on what was or was not at issue in *Baptista*.[2]

Since the issue of the manner in which a fee was assessed was squarely before the Eleventh Circuit, Plaintiffs' assertion that the court dealt with only the prohibition of the par value statute is wrong.  (ECF No. 1628 at 4 n.3.)  Thus, the Eleventh Circuit's reasoning — that because the state law reduced the bank's fee options by 50%, the state law was in substantial

---

[1] For ease of reference the Appellant's Brief and Appellant's Reply in *Baptista* are appended hereto as Exhibits A and B.  Capital One respectfully requests that the Court take judicial notice of these Exhibits. *See Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents. . . which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (citation omitted); *see also, Mathis v. Washington*, No. 08-405, 2009 U.S. Dist. LEXIS 62196 (M.D. Ga. July 21, 2009) ("The Court takes judicial notice of the records of the Eleventh Circuit Court of Appeals . . .").

[2] The fact that the "manner in which" fees are assessed was plainly at issue before the Eleventh Circuit disposes of Plaintiffs' contention that the Eleventh Circuit's statements were "dicta" as Plaintiffs' authority confirms.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010) (explaining that the difference between precedent and dicta turns on whether the statements at issue in the opinion are fitted to the facts of the case before the court).

conflict with federal authorization to charge such fees — applies equally to Plaintiffs' claims here. *Baptista*, 2011 U.S. App. LEXIS 9568, at *7. Here, Plaintiffs concede that Capital One is federally authorized to charge overdraft fees. (*See* ECF No. 1578 at 3.) Plaintiffs claim only that the manner in which Capital One calculates and assesses the overdraft fees — despite Plaintiffs' express agreement to the posting order — violates state law. (Second Am. Compl., ECF No. 1043-1 at ¶ 119 ("[I]t is inequitable for Capital One to be permitted to retain the benefits it received . . . from the imposition of overdraft fees on Plaintiffs and members of the National Class in an unfair, unconscionable, and oppressive **manner**.") (emphasis added); *see also* ¶¶ 40, 62, 66, 73-74.) In other words, state law takes the high-to-low posting order off the table. There can be no dispute that the effect of state law, if applied the way Plaintiffs suggest, would reduce the bank's fee options. This effect is expressly prohibited under *Baptista*. 2011 U.S. App. LEXIS 9568, at *7.

Additionally, *Baptista* undermines Plaintiffs' continued reliance on *Gutierrez v. Wells Fargo Bank, N.A.* (*See* ECF No. 1578 at 12-14.) As here, the *Baptista* plaintiff argued that *Gutierrez* supported a finding that state law was not preempted. (*See Baptista*, Appellant's Br. at 26 (noting that the *Gutierrez* "court rejected a preemption challenged to a state law that regulated [the bank's] **method of calculating** overdraft fees") (emphasis in original).) The Eleventh Circuit necessarily rejected this argument. *See Baptista*, 2011 U.S. App. LEXIS 9568, at *2, *8 n.2. This Court should reject it too. Instead, this Court should follow the Eleventh Circuit's holding that as a matter of law the NBA preempts state laws that significantly interfere with a national bank's choice of *how* to charge fees. *Id.*

II. *BAPTISTA* DID NOT BASE ITS PREEMPTION OF THE UNJUST ENRICHMENT CLAIM ON ITS RELATIONSHIP TO THE STATUTORY CLAIM.

Plaintiffs argue that the Eleventh Circuit held that *Baptista*'s unjust enrichment claim was preempted solely because "the fee itself was not unjust because the [Florida par value statute] prohibiting it . . .was preempted." (ECF No. 1628 at 3.) Plaintiffs then argue that because their claims here are not explicitly tied to a state statute, *Baptista* does not require their dismissal. Again, Plaintiffs are wrong about *Baptista*'s reasoning and holding. The *Baptista* briefing and the Eleventh Circuit's opinion show that Baptista did not link her unjust enrichment claim to the state statute, and that the court's holding that the claim was preempted did not depend on any such relationship.

The unjust enrichment issue presented to the Eleventh Circuit in the Appellant's opening brief did not, in any way, suggest that the claim was dependent upon the statutory claim. To the contrary, the plaintiff framed the question as wholly independent: "Whether Florida's unjust enrichment law is preempted from application to national banks, where it only prohibits banks from charging a check-cashing fee, in a certain manner." (*Baptista*, Appellant's Br. at 1.) The *Baptista* plaintiff argued that "Florida's unjust enrichment law is a law of 'general applicability'" and that "Florida's unjust enrichment law . . . only prohibited [the bank] from charging the fee, **in a certain manner**, i.e., an inequitable manner. [The bank] could have charged the fee in an equitable manner." (*Id.* at 28 (emphasis in original).) The plaintiff thus sought to distinguish the *equitable* unjust enrichment claim from any claim *at law*, such as a *statutory* claim. The plaintiff further argued "Florida's unjust enrichment law is reconcilable with federal law because [the bank] can comply with Florida's unjust enrichment law and at the same time, it can exercise its federal authority to charge a fee." (*Baptista*, Appellant's Reply at 8-9.) She reiterated that "a Florida law that prohibits national banks from charging fees in unjust ways does not **significantly** interfere with federal law, because national banks are still free to charge fees in just ways." (*Id*. at 9 (emphasis in original).) Like the *Baptista* opinions, the briefing did not suggest that the unjust enrichment claim was contingent on the statutory claim. To the contrary, it repeatedly characterized the claim as one in equity.

Focusing on the facts underlying the unjust enrichment claim, the Eleventh Circuit held that federal law preempted the plaintiff's unjust enrichment claim, not because it was somehow "dependent" upon the statutory claim, but because it arose from the same set of facts as the statutory claim. *Baptista*, 2011 U.S. App. LEXIS 9568 at *8. Thus, without regard to the statutory claim, it too would "significantly interfere" with the national bank's attempt to charge the federally authorized fee in the manner at issue. At no point did the Eleventh Circuit state or suggest, as Plaintiffs claim, that "the fee itself was not unjust because the [Florida par value statute] prohibiting it . . . was preempted." (ECF No. 1628 at 3.) Indeed, there is no discussion at all of the relationship between the preempted statute and the unjust enrichment claim. *See generally*, *Baptista*, 2011 U.S. App. LEXIS 9568. Nor was there discussion in the district court's decision. *Baptista v. JPMorgan Chase Bank, N.A.*, No. 10-139, 2010 U.S. Dist. LEXIS 55488, at *21 (M.D. Fla. June 4, 2010). Rather, the district court stated that the unjust enrichment claim sought "damages from Defendant based on its exercise of a power granted national banks under the NBA and OCC regulations. . . . [and] thus [stood] in irreconcilable

conflict with federal law and is preempted." *Id*. So, where a state law — whether statutory or of general applicability — interferes with a national bank's federally-granted power to charge fees, including how it decides to charge those fees, such state law is preempted. *Id*.; 2011 U.S. App. LEXIS 9568, at *8.[3] This is entirely consistent with the way other federal appellate courts have treated the issue. *See Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1038 (9th Cir. 2008) (affirming dismissal of unfair practices claims because the legal duties of disclosure alleged on the face of the complaint were preempted by the NBA and OCC regulations).

### III. CERTIFICATION OF AN INTERLOCUTORY APPEAL IS PROPER AND WARRANTED.

Plaintiffs do not dispute that preemption is a controlling question of law or that an immediate appeal would materially advance the ultimate termination of this litigation. (*See generally*, ECF No. 1628 at 4-5.) Plaintiffs merely — and incorrectly — assert "there is a consensus that the NBA does not preempt claims based upon the conduct alleged here." (*Id*. at 5.) The few courts that have addressed the preemption of state law claims in connection with overdraft fees are in disagreement. *Compare Montgomery v. Bank of Am. Corp*, 515 F. Supp. 2d 1106, 1113 (C.D. Cal. 2007) (state unfair business practices claims regarding overdraft fees preempted by 12 C.F.R. § 7.4002) *with White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1368 (N.D. Ga. 2008) ("This court clearly understands that it has no role in deciding for any bank the order in which to post transactions in a checking account on a given day."). Thus, certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is proper and warranted.

### CONCLUSION

For the foregoing reasons, as well as those set forth in the incorporated memoranda, Capital One respectfully requests that the Court certify its March 21 Order for interlocutory appeal under 28 U.S.C. § 1292(b).

---

[3] Although the Court noted that it would have also concluded that the unjust enrichment claim failed as a matter of law, 2011 U.S. App. LEXIS 9568, at 9 n.3, the preemption ruling is still binding. *Bravo v. United States*, 532 F.3d 1154, 1162-63 (11th Cir. 2008) ("[I]n this circuit additional or alternative holdings are not dicta, but instead are as binding as solitary holdings.").

|  |  |
|---|---|
| Dated: June 27, 2011 | Respectfully submitted by, |
|  | MORRISON & FOERSTER LLP |
|  | By: /s/ James R. McGuire |
|  | JAMES R. McGUIRE |
|  |  |
|  | JAMES R. McGUIRE (*pro hac vice*) |
|  | RITA F. LIN (*pro hac vice*) |
|  | MIMI YANG (*pro hac vice*) |
|  | MORRISON & FOERSTER LLP |
|  | 425 Market Street |
|  | San Francisco, CA 94105 |
|  | Telephone:   (415) 268-7000 |
|  | Facsimile:    (415) 268-7522 |
|  |  |
|  | *Attorneys for Defendant* |
|  | CAPITAL ONE, N.A. |

CERTIFICATE OF SERVICE

CASE NO.:  1:09-MD-02036-JLK

I HEREBY CERTIFY that on June 27, 2011, I filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

   /s/ James R. McGuire
James R. McGuire
JMcGuire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:     (415) 268-7000
Facsimile:      (415) 268-7522

sf-3010504