UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | Case No. 1:09-02036-JLK |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Wolfgeher v. Commerce Bank, N.A.*<br>S.D. Fla. Case No. 1:10-cv-22017-JLK<br>W.D. Mo. Case No. 4:10-cv-00328-ODS | |

## AMENDED ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Commerce Bank, N.A. ("Commerce"), submits its Amended Answer to Plaintiff's Second Amended Class Action Complaint as follows:

To the extent that the headings, preamble, footnotes, or prayer for relief in the Second Amended Complaint require a response, Commerce denies the allegations contained therein. With respect to the numbered paragraphs in the Second Amended Complaint, Commerce states as follows:

1.      Commerce admits that Plaintiff Leslie J. Wolfgeher purports to seek damages, restitution, and declaratory relief. Commerce denies that it engaged in any "unfair and unconscionable" conduct, denies that Plaintiff is entitled to any redress, and denies all remaining allegations contained in paragraph 1.

2.      Commerce denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of an unspecified group of

"many United States banks." To the extent that paragraph 2 purports to summarize the contents of a "recent FDIC report," a "2008 FDIC study," and a report from the Consumer Federation of America, Commerce respectfully refers the Court to the language of those documents for a complete and accurate recitation of their contents. Commerce denies all remaining allegations contained in paragraph 2.

3.      Commerce denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks." Commerce denies all remaining allegations contained in paragraph 3.

4.      To the extent that paragraph 4 purports to summarize the contents of a study by Moebs Services, Commerce respectfully refers the Court to the language of that document for a complete and accurate recitation of the contents. Commerce denies all remaining allegations contained in paragraph 4.

5.      Commerce denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks." Commerce denies all remaining allegations contained in paragraph 5.

6.      Commerce denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks." Commerce denies all remaining allegations contained in paragraph 6.

7.      Commerce denies the allegations contained in paragraph 7.

8.      Commerce denies the allegations contained in paragraph 8.

9.      Commerce denies the allegations contained in paragraph 9.

10.     Commerce denies the allegations contained in paragraph 10.

11.     Commerce denies the allegations contained in paragraph 11.

12.     Commerce denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies those allegations.

13.     Commerce admits that it is a national bank with its principal place of business in Kansas City, Missouri, and that it provides retail banking services, including checking account and debit card services, in its branch locations in multiple states.  Commerce denies the remaining allegations contained in paragraph 13.

14.     Commerce admits the allegations contained in paragraph 14.

15.     Commerce admits that plaintiff purports to bring this action on behalf of herself and others.  The remaining allegations are conclusions of law as to which no response is required.  To the extent a response is required, Commerce denies the remaining allegations contained in paragraph 15.

16.     Commerce admits that plaintiff proposes a class and subclass as described in paragraph 16.  Commerce denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies the remaining allegations contained in paragraph 16.

17.     Commerce denies the allegations contained in paragraph 17.

18.     Commerce admits that plaintiff proposes to exclude from the purported class and subclass certain persons and entities as set forth in paragraph 18.  Commerce denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies the remaining allegations contained in paragraph 18.

19.     Commerce denies the allegations contained in paragraph 19.

20.     Commerce denies the allegations contained in paragraph 20.

21.     Commerce denies the allegations contained in paragraph 21.

22.     Commerce denies the allegations contained in paragraph 22.

23.     Commerce denies the allegations contained in paragraph 23.

24.     Commerce denies the allegations contained in paragraph 24.

25.     Commerce is without sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 25.  Commerce denies all remaining allegations contained in paragraph 25.

26.     Commerce denies the allegations contained in paragraph 26.

27.     Commerce denies the allegations contained in paragraph 27.

28.     Commerce admits that it has branch locations in Colorado, Illinois, Kansas, Missouri, and Oklahoma.  Commerce denies the remaining allegations contained in paragraph 28.

29.     Commerce admits the allegations in the first sentence of paragraph 29, and admits that some checking account customers have debit cards.  Commerce denies the remaining allegations contained in paragraph 29.

30.     Commerce admits that it employs computer software to automate, in part, its overdraft systems.  Commerce denies the remaining allegations contained in paragraph 30.

31.     Commerce denies the allegations contained in paragraph 31.

32.     Commerce admits that plaintiff did or does maintain a checking account with Commerce.  Commerce further admits that Exhibit A to the Second Amended Complaint is a copy of a version of the "Commerce Bank Deposit Agreement and Disclosures."  Commerce denies the remaining allegations contained in paragraph 32.

33.     To the extent paragraph 33 purports to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second

Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 33.

34.     To the extent paragraph 34 purports to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 34.

35.     To the extent paragraph 35 purports to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 35.

36.     To the extent paragraph 36 purports to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 36.

37.     To the extent paragraph 37 purports to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 37.

38.     To the extent paragraph 38 purports to summarize, characterize, or to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 38.

39.     Commerce denies the allegations contained in paragraph 39.

40.     To the extent paragraph 40 purports to summarize, characterize, or to quote from Exhibit A to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit A to the Second Amended Complaint for a complete and accurate recitation of its contents. Commerce denies the remaining allegations contained in paragraph 40.

41.     To the extent that paragraph 41 purports to summarize, characterize or quote from Commerce's website, Commerce respectfully refers the Court to its website for a complete and accurate recitation of its contents. Commerce denies the remaining allegations contained in paragraph 41.

42.     Commerce admits that aspects of its customers' debit card transactions are processed electronically. Commerce denies the remaining allegations contained in paragraph 42.

43.     Commerce denies the allegations contained in paragraph 43.

44.     Commerce denies the allegations contained in paragraph 44.

45.     Commerce denies the allegations contained in paragraph 45.

46.     Commerce denies the allegations contained in paragraph 46.

47.     Commerce denies the allegations contained in paragraph 47.

48.     Commerce denies the allegations contained in paragraph 48.

49.     Commerce denies the allegations contained in paragraph 49.

50.     To the extent that paragraph 50 purports to summarize, characterize or quote from Commerce's website, Commerce respectfully refers the Court to its website for a complete and accurate recitation of its contents. Commerce denies the remaining allegations contained in paragraph 50.

51.     Commerce denies the allegations contained in paragraph 51.

52.     Commerce denies the allegations contained in paragraph 52.

53.     Commerce denies the allegations contained in paragraph 53.

54.     Commerce denies the allegations contained in paragraph 54.

55.     Commerce denies the allegations contained in paragraph 55.

56.     Commerce denies the allegations contained in paragraph 56.

57.     Commerce denies the allegations contained in paragraph 57.

58.     Commerce denies the allegations contained in paragraph 58.

59.     Commerce denies the allegations contained in paragraph 59.

60.     Commerce denies the allegations contained in paragraph 60.

61.     Commerce states that a document purporting to be Joint Guidance on Overdraft Protection Programs is attached to the Second Amended Complaint as Exhibit B.  To the extent that paragraph 61 purports to summarize or characterize the contents of, or to quote from, Exhibit B to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit B to the Second Amended Complaint for a complete and accurate recitation of its contents.  Commerce denies the remaining allegations contained in paragraph 61.

62.     To the extent that paragraph 62 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, Commerce respectfully refers the Court to Exhibit B to the Second Amended Complaint for a complete and accurate recitation of their contents.  Commerce denies the remaining allegations contained in paragraph 62.

63.     To the extent that paragraph 63 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, Commerce respectfully refers the Court to Exhibit B to the Second Amended

4530524 v1

Complaint for a complete and accurate recitation of its contents.   Commerce denies the remaining allegations contained in paragraph 63.

64.     Commerce states that a document purporting to be a copy of "Overdraft Protection: A Guide for Bankers" is attached to the Second Amended Complaint as Exhibit C. To the extent that paragraph 64 purports to summarize or characterize the contents of, or to quote from, Exhibit C to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit C to the Second Amended Complaint for a complete and accurate recitation of its contents. Commerce denies the remaining allegations contained in paragraph 64.

65.     To the extent that paragraph 65 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, Commerce respectfully refers the Court to Exhibit B to the Second Amended Complaint for a complete and accurate recitation of their contents.   Commerce denies the remaining allegations contained in paragraph 65.

66.     Commerce states that a document purporting to be a copy of "Overdraft Explosion" is attached to the Second Amended Complaint as Exhibit D.   To the extent that paragraph 66 purports to summarize or characterize the contents of, or to quote from, Exhibit D to the Second Amended Complaint, Commerce respectfully refers the Court to Exhibit D to the Second Amended Complaint for a complete and accurate recitation of its contents. Commerce denies the remaining allegations contained in paragraph 66.

67.     To the extent that paragraph 67 purports to summarize or characterize the contents of the chart contained in paragraph 67, Commerce respectfully refers the Court to the chart for a complete and accurate recitation of its contents.   Commerce denies the remaining allegations contained in paragraph 67.

68.     Commerce denies the allegations contained in paragraph 68.

69.     Commerce denies the allegations contained in paragraph 69.

70.     Commerce admits that plaintiff is or was a checking account customer of Commerce.  Commerce denies the remaining allegations contained in paragraph 70.

71.     Commerce admits that it issued a debit card to plaintiff and that a debit card may be used to conduct certain transactions involving checking account funds.  Commerce denies the remaining allegations contained in paragraph 71.

72.     Commerce is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 72 and therefore it denies those allegations.

73.     Commerce is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 73 and therefore it denies those allegations.

74.     Commerce is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 74 and therefore it denies those allegations.

75.     Commerce is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 75 and therefore it denies those allegations.

76.     Commerce is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 76 and therefore it denies those allegations.

77.     Commerce denies the allegations contained in paragraph 77.

78.     To the extent that paragraph 78 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, Commerce respectfully refers the Court to Exhibit B to the Second Amended Complaint for a complete and accurate recitation of their contents.  Commerce denies the remaining allegations contained in paragraph 78.

79.     To the extent that paragraph 79 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, Commerce respectfully refers the Court to Exhibit B to the Second Amended Complaint for a complete and accurate recitation of their contents.   Commerce denies the remaining allegations contained in paragraph 79.

80.     Commerce denies the allegations contained in paragraph 80.

81.     Commerce denies the allegations contained in paragraph 81.

82.     Commerce denies the allegations contained in paragraph 82.

83.     Commerce denies the allegations contained in paragraph 83.

## FIRST CLAIM FOR RELIEF
### Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

84.     Commerce repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-83 as if fully set forth here.

85.     The allegations in paragraph 85 are legal conclusions to which no response is required.   To the extent a response is required, Commerce denies the allegations contained in paragraph 85.

86.     The allegations in paragraph 86 are legal argument and conclusions to which no response is required.   To the extent that a response is required, Commerce denies the allegations contained in paragraph 86.

87.     The allegations in paragraph 87 are legal argument and conclusions to which no response is required.   To the extent that a response is required, Commerce denies the allegations contained in paragraph 87.

88.     Commerce denies the allegations contained in paragraph 88.

89.     Commerce denies the allegations contained in paragraph 89.

4530524 v1

90.     Commerce denies the allegations contained in paragraph 90.

## SECOND CLAIM FOR RELIEF
### Unconscionability

91.     Commerce repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-83 as if fully set forth here.

92.     Commerce denies the allegations contained in paragraph 92.

93.     Commerce denies the allegations contained in paragraph 93.

94.     Commerce denies the allegations contained in paragraph 94.

95.     Commerce denies the allegations contained in paragraph 95.

## THIRD CLAIM FOR RELIEF
### Conversion

96.     Commerce repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-83 as if fully set forth here.

97.     The allegations in paragraph 97 are conclusions of law as to which no response is required.  To the extent a response is required, Commerce denies the allegations contained in paragraph 97.

98.     Commerce denies the allegations contained in paragraph 98.

99.     Commerce denies the allegations contained in paragraph 99.

100.     Commerce denies the allegations contained in paragraph 100.

101.     Commerce denies the allegations contained in paragraph 101.

102.     The allegations in paragraph 102 are conclusions of law as to which no response is required.  To the extent a response is required, Commerce denies the allegations contained in paragraph 102.

103.     Commerce denies the allegations contained in paragraph 103.

104.     Commerce denies the allegations contained in paragraph 104.

4530524 v1

105.    Commerce denies the allegations contained in paragraph 105.

106.    Commerce denies the allegations contained in paragraph 106.

107.    Commerce denies the allegations contained in paragraph 107.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

108.    Commerce repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-83 as if fully set forth here.

109.    Commerce admits that plaintiff purports to assert a common law claim for unjust enrichment on her own behalf and on behalf of a purported nationwide class. Commerce denies that the purported class may be properly certified and denies that Plaintiff or the purported class are entitled to any redress on this claim. Commerce denies the remaining allegations contained in paragraph 109.

110.    Commerce denies the allegations contained in paragraph 110.

111.    Commerce denies the allegations contained in paragraph 111.

112.    Commerce denies the allegations contained in paragraph 112.

113.    Commerce denies the allegations contained in paragraph 113.

114.    The allegations in paragraph 114 are conclusions of law as to which no response is required. To the extent a response is required, Commerce denies the allegations contained in paragraph 114.

115.    Commerce denies the allegations contained in paragraph 115.

116.    The allegations in paragraph 116 are conclusions of law as to which no response is required. To the extent a response is required, Commerce denies the allegations contained in paragraph 116.

4530524 v1

### FIFTH CLAIM FOR RELIEF
### Violations of Missouri Merchandising Practices Act

This claim was dismissed by the Court's Order dated March 21, 2011 [Doc. 1306], and therefore no responsive pleading is required.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Commerce asserts the following affirmative defenses and specific denials. Commerce reserves the right to assert further defenses as they may arise or be identified in the course of further investigation, discovery, or litigation of this action, including, in the event a class is certified, the right to advance additional defenses pertinent to class members.

1.     The Court lacks subject matter jurisdiction over this action pursuant to the "home state exception" clauses of the Class Action Fairness Act of 2005, sections 4(a)(3) and/or (4).

2.     As argued more fully in Commerce's January 20, 2011 Motion to Dismiss and Memorandum in Support, which are incorporated herein, Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation, the National Bank Act, 12 U.S.C. § 21 *et seq.* and regulations promulgated thereunder.  Commerce incorporates by reference the motions to dismiss filed by the other defendants in MDL No. 2036, to the extent those arguments relate to or are based on preemption.

3.     To the extent that Plaintiff seeks recovery of overdraft charges, or any other alleged damages, related to any alleged injuries that occurred more than the number of years prior to the filing date of the original Complaint than is authorized under the applicable law for the specific cause of action relied on, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, and/or other time bars.

4530524 v1

4.      Plaintiff's claims are barred by Plaintiff's voluntary consent to, acquiescence in, ratification of, acceptance of and/or agreement to the terms and provisions of the Deposit Agreement(s) applicable to her account with Commerce.   More specifically, Plaintiff's injuries, if any, were caused, in whole or in part, by her voluntary actions in incurring debits to her account that would and did overdraw her account.   Plaintiff is barred from challenging the consequences of Commerce's honoring of debits to her account that Plaintiff herself initiated or authorized to be initiated.   Similarly Plaintiff's claims are barred by her own voluntary actions in incurring debits when Plaintiff knew or should have known the terms of the Deposit Agreement which provided for Commerce to post debits in the order followed by Commerce.   Plaintiff's claims are further barred because she accepted the benefit of Commerce's policies and practices regarding acceptance and posting of debits, and is precluded from repudiating the charges associated with the operation of those policies and practices.   Plaintiff is also barred from challenging Commerce's interpretation, application and implementation of the terms and provisions of the Deposit Agreements governing her account (including whether Commerce's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiff acquiesced in Commerce's interpretation, application and implementation of the terms and provisions as a course of dealing, and benefited from Commerce's interpretation, application and implementation of the terms and provisions.

5.      Plaintiff's claims are barred by the voluntary payment doctrine and/or other related legal grounds in that the obligations and fees about which Plaintiff complains were paid voluntarily.   Plaintiff repeatedly deposited money into her account to cover the overdraft fees she incurred, and she expressly authorized Commerce to deduct any fees and service

14

charges from her accounts. Plaintiff's monthly statements and NSF notices informed her of the overdraft transactions and the fees she was incurring because of her overdrafts.

6.     Plaintiff's claims are barred by unclean hands, estoppel, license, notification, acquiescence, waiver, release, accord and satisfaction, and/or by virtue of the parties' course of dealing. Plaintiff is barred from obtaining any of the relief demanded because she seeks to challenge Commerce's payment and posting of debit card and other transactions that she initiated, requested, authorized, and consented to through her conduct. Plaintiff incurred numerous overdrafts when she knew, or was reckless in not knowing, that she had insufficient funds in her account to cover the transactions in question. Plaintiff's monthly statements and NSF notices informed her of the overdraft transactions and the fees she was incurring because of her overdrafts.  Further, plaintiff unreasonably delayed providing notice of her claims to Commerce and/or the filing of this action to the harm and prejudice of Commerce.

7.     Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages. Plaintiff has failed to mitigate her alleged losses, if any, and therefore, if she was otherwise entitled to any recovery or other relief in this action, any such recovery or relief by her must be limited or barred to the extent of such failure. Plaintiff incurred numerous overdrafts when she knew, or was reckless in not knowing, that she had insufficient funds in her account to cover the transactions in question. Plaintiff continued to overdraw her accounts on a regular basis and never reported any alleged unauthorized transactions or errors to Commerce. Examples of how Plaintiff could have mitigated her damages include but are not limited to following: (1) Plaintiff could have maintained adequate finds in her checking account so as not to incur overdraft charges; (2) once Plaintiff became aware that she was being assessed overdraft charges, she could have contacted Commerce, and/or read her Deposit Agreement and periodic

statements to avoid further overdraft charges; and (3) if Plaintiff believed that any of the overdraft charges assessed against her account were improper or unfair, she could have contacted Commerce and discussed ways to avoid future overdraft charges. Plaintiff had the ability to control the number of overdraft charges assessed against her account, and to eliminate overdraft charges entirely.

8.     Plaintiff's claims for breach of contract and unjust enrichment are based on inconsistent theories. Plaintiff must choose her remedy and is not entitled to seek duplicative recovery for the same alleged injury.

9.     Any monetary recovery or relief to which the trier of fact may determine Plaintiff is entitled from Commerce must be offset and reduced by any amounts Plaintiff has owed or presently owes to Commerce, including, without limitation any amounts owing on any of her past or present Commerce accounts.

10.     Commerce at all times acted in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff. The Office of the Comptroller of the Currency and the Federal Reserve Board permitted and approved the practices challenged in this action, which were commonplace in the banking industry.

11.     Plaintiff is barred from obtaining any of the relief demanded in this action based on the express terms and provisions of the applicable deposit agreements and related documents governing her Commerce accounts and debit cards, which terms and provisions she agreed and consented to, and accepted and ratified, by opening and using her checking accounts and debit cards with Commerce.

12.     Even if not applicable to some or all of the putative class members, some or all of the affirmative defenses asserted above may be applicable to one or more of the putative

16

class members whom the named Plaintiff may seek to represent.  In the event that any attempt is made to certify a class in this action, Commerce reserves the right to identify and advance any further affirmative defenses that may apply to persons other than the named Plaintiff herein.

### OTHER DEFENSES OR DENIALS

1.      Plaintiff's Second Amended Class Action Complaint fails to state a claim for which relief may be granted for all the reasons set forth in Commerce's Motion to Dismiss and Memorandum in Support, filed January 20, 2011.  The Court's denial of Commerce's Motion on certain grounds was explicitly without prejudice to being reasserted after discovery is conducted, on summary judgment, and/or at trial.

2.      Plaintiff's claims are barred by Plaintiffs' failure to notify Commerce in writing of any allegedly unauthorized debits or fees in a timely manner following the distribution of account statements as required by the Customer Notification section of the Deposit Agreement, Section III.A.1.

3.      Plaintiff lacks standing to assert any of the claims alleged in that she failed to comply with the written notice requirements of the Deposit Agreement applicable to her account (Section III.A.1.), and in that her claims are not representative of those of the other putative class members.

Dated:  July 7, 2011                              SHOOK, HARDY & BACON L.L.P.


                                                  By: /s/ Todd W. Ruskamp
                                                      Todd W. Ruskamp, MO Bar #38625
                                                      James P. Muehlberger, MO Bar #51346
                                                      Andrew D. Carpenter, MO Bar #47454
                                                      Kay C. Whittaker, MO Bar #44328

4530524 v1

2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547

ATTORNEYS FOR DEFENDANT
COMMERCE BANK, N.A.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 7, 2011, I electronically filed the foregoing with the

Court by using the CM/ECF system which sent notification of such filing to all counsel of

record.

  /s/  Todd W. Ruskamp
Attorney for Defendant Commerce Bank, N.A.

4530524 v1