UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | Case No. 1:09-02036-JLK |
| THIS DOCUMENT RELATES TO:<br><br>*McKinley v. Great Western Bank*<br>S.D. Fla. Case No. 1:10-cv-22770-JLK<br>W.D. Mo. Case No. 4:10-cv-595 | |

## AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant Great Western Bank ("GWB"), submits its Amended Answer to Plaintiff's Amended Class Action Complaint as follows:

To the extent that the headings, preamble, or prayer for relief in the Amended Complaint require a response, GWB denies the allegations contained therein. With respect to the numbered paragraphs in the Amended Complaint, GWB states as follows:

1. GWB admits that Plaintiff Michael McKinley purports to seek damages, restitution, and declaratory relief. GWB denies that it engaged in any "unfair and unconscionable" conduct, denies that Plaintiff is entitled to any redress, and denies all remaining allegations contained in paragraph 1.

2. GWB denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of an unspecified group of "many United States banks." To the extent that paragraph 2 purports to summarize the contents of a

4570073 v1

"recent FDIC report," a "2008 FDIC study," and a report from the Consumer Federation of America, GWB respectfully refers the Court to the language of those documents for a complete and accurate recitation of their contents. GWB denies all remaining allegations contained in paragraph 2.

3. GWB denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks." GWB denies all remaining allegations contained in paragraph 3.

4. To the extent that paragraph 4 purports to summarize the contents of a study by Moebs Services, GWB respectfully refers the Court to the language of that document for a complete and accurate recitation of the contents. GWB denies all remaining allegations contained in paragraph 4.

5. GWB denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks." GWB denies all remaining allegations contained in paragraph 5.

6. GWB denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize the conduct of unspecified "banks." GWB denies all remaining allegations contained in paragraph 6.

7. GWB denies the allegations contained in paragraph 7.

8. GWB denies the allegations contained in paragraph 8.

9. GWB denies the allegations contained in paragraph 9.

10. GWB denies the allegations contained in paragraph 10.

11. GWB denies the allegations contained in paragraph 11.

12.     GWB denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies those allegations.

13.     GWB admits that it is a state chartered bank with its headquarters in Watertown, South Dakota and executive offices in Sioux Falls, South Dakota, and that it provides retail banking services, including checking account and debit card services, at its branch locations in multiple states. GWB denies the remaining allegations contained in paragraph 13.

14.     GWB admits that plaintiff purports to bring this action on behalf of himself and others. The remaining allegations are conclusions of law as to which no response is required. To the extent a response is required, GWB denies the remaining allegations contained in paragraph 14.

15.     GWB admits that plaintiff proposes a class and subclass as described in paragraph 15. GWB denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies the remaining allegations contained in paragraph 15.

16.     GWB denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23 and the allegations contained in paragraph 16.

17.     GWB admits that plaintiff proposes to exclude from the purported class and subclass certain persons and entities as set forth in paragraph 17. GWB denies that this case may be properly certified as a class action pursuant to Federal Rule of Civil Procedure 23, and denies the remaining allegations contained in paragraph 17.

18.     GWB denies the allegations contained in paragraph 18.

19.     GWB denies the allegations contained in paragraph 19.

20.     GWB denies the allegations contained in paragraph 20.

4570073 v1

21. GWB denies the allegations contained in paragraph 21.

22. GWB denies the allegations contained in paragraph 22.

23. GWB denies the allegations contained in paragraph 23.

24. GWB is without sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 24. GWB denies all remaining allegations contained in paragraph 24.

25. GWB denies the allegations contained in paragraph 25.

26. GWB denies the allegations contained in paragraph 26.

27. GWB admits the allegations contained in paragraph 27.

28. GWB admits the allegations in the first sentence of paragraph 28 and admits that some checking account customers have debit cards. GWB denies the remaining allegations contained in paragraph 28.

29. GWB admits that it employs computer software to automate, in part, its overdraft systems. GWB denies the remaining allegations contained in paragraph 29.

30. GWB denies the allegations contained in paragraph 30.

31. GWB admits that plaintiff did or does maintain a checking account with GWB. GWB also admits that Exhibit A to the Amended Complaint is a copy of a version of the Terms and Conditions of Your Account. GWB denies the remaining allegations contained in paragraph 31.

32. To the extent paragraph 32 purports to quote from Exhibit A to the Amended Complaint, GWB respectfully refers the Court to Exhibit A to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 32.

33. To the extent paragraph 33 purports to summarize, characterize or to quote from Exhibit A to the Amended Complaint, GWB respectfully refers the Court to Exhibit A to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 33.

34. To the extent paragraph 34 purports to quote from Exhibit A to the Amended Complaint, GWB respectfully refers the Court to Exhibit A to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 34.

35. GWB admits that a version of the Fee Schedule is attached to the Amended Complaint as Exhibit B. Great Western Bank denies the remaining allegations contained in paragraph 35.

36. To the extent paragraph 36 purports to summarize, characterize, or to quote from Exhibits A or B to the Amended Complaint, GWB respectfully refers the Court to Exhibits A and B to the Amended Complaint for a complete and accurate recitation of their contents. GWB denies the remaining allegations contained in paragraph 36.

37. GWB denies the allegations contained in paragraph 37.

38. To the extent paragraph 38 purports to summarize, characterize, or to quote from Exhibits A or B to the Amended Complaint, GWB respectfully refers the Court to Exhibits A and B to the Amended Complaint for a complete and accurate recitation of their contents. GWB denies the remaining allegations contained in paragraph 38.

39. To the extent that paragraph 39 purports to summarize, characterize or quote from GWB's website, GWB respectfully refers the Court to its website for a complete and

accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 39.

40. GWB denies the allegations contained in paragraph 40.

41. GWB admits that aspects of its customers' debit card transactions are processed electronically. GWB denies the remaining allegations contained in paragraph 41.

42. GWB denies the allegations contained in paragraph 42.

43. GWB denies the allegations contained in paragraph 43.

44. GWB denies the allegations contained in paragraph 44.

45. GWB denies the allegations contained in paragraph 45.

46. GWB denies the allegations contained in paragraph 46.

47. GWB denies the allegations contained in paragraph 47.

48. GWB denies the allegations contained in paragraph 48.

49. GWB denies the allegations contained in paragraph 49.

50. GWB denies the allegations contained in paragraph 50.

51. GWB denies the allegations contained in paragraph 51.

52. GWB denies the allegations contained in paragraph 52.

53. GWB denies the allegations contained in paragraph 53.

54. GWB denies the allegations contained in paragraph 54.

55. GWB denies the allegations contained in paragraph 55.

56. GWB denies the allegations contained in paragraph 56.

57. GWB denies the allegations contained in paragraph 57.

58. GWB denies the allegations contained in paragraph 58.

59. GWB denies the allegations contained in paragraph 59.

4570073 v1

60. GWB states that a document purporting to be Joint Guidance on Overdraft Protection Programs is attached to the Amended Complaint as Exhibit C. To the extent that paragraph 60 purports to summarize or characterize the contents of, or to quote from, Exhibit C to the Amended Complaint, GWB respectfully refers the Court to Exhibit C to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 60.

61. To the extent that paragraph 61 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, GWB respectfully refers the Court to Exhibit C to the Amended Complaint for a complete and accurate recitation of their contents. GWB denies the remaining allegations contained in paragraph 61.

62. To the extent that paragraph 62 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, GWB respectfully refers the Court to Exhibit C to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 62.

63. GWB states that a document purporting to be a copy of "Overdraft Protection: A Guide for Bankers" is attached to the Amended Complaint as Exhibit D. To the extent that paragraph 63 purports to summarize or characterize the contents of, or to quote from, Exhibit D to the Amended Complaint, GWB respectfully refers the Court to Exhibit D to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 63.

4570073 v1

64. To the extent that paragraph 64 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, GWB respectfully refers the Court to Exhibit C to the Amended Complaint for a complete and accurate recitation of their contents. GWB denies the remaining allegations contained in paragraph 64.

65. GWB states that a document purporting to be a copy of "Overdraft Explosion" is attached to the Amended Complaint as Exhibit E. To the extent that paragraph 65 purports to summarize or characterize the contents of, or to quote from, Exhibit E to the Amended Complaint, GWB respectfully refers the Court to Exhibit E to the Amended Complaint for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 65.

66. To the extent that paragraph 66 purports to summarize or characterize the contents of the chart contained in paragraph 66, GWB respectfully refers the Court to the chart for a complete and accurate recitation of its contents. GWB denies the remaining allegations contained in paragraph 66.

67. GWB denies the allegations contained in paragraph 67.

68. GWB denies the allegations contained in paragraph 68.

69. GWB admits that plaintiff is or was a checking account customer of GWB. GWB denies the remaining allegations contained in paragraph 69.

70. GWB admits that it issued a debit card to plaintiff and that the debit card could be used to conduct certain transactions involving checking account funds. GWB denies the remaining allegations contained in paragraph 70.

4570073 v1

71. GWB is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 71 and therefore it denies those allegations.

72. GWB is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 72 and therefore it denies those allegations.

73. GWB is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 73 and therefore it denies those allegations.

74. GWB is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 74 and therefore it denies those allegations.

75. GWB is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 75 and therefore it denies those allegations.

76. GWB denies the allegations contained in paragraph 76.

77. To the extent that paragraph 77 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, GWB respectfully refers the Court to Exhibit C to the Amended Complaint for a complete and accurate recitation of their contents. GWB denies the remaining allegations contained in paragraph 77.

78. To the extent that paragraph 78 purports to summarize or characterize the contents of, or to quote from the document entitled Joint Guidance on Overdraft Protection Programs, GWB respectfully refers the Court to Exhibit C to the Amended Complaint for a complete and accurate recitation of their contents. GWB denies the remaining allegations contained in paragraph 78.

79. GWB denies the allegations contained in paragraph 79.

80. GWB denies the allegations contained in paragraph 80.

4570073 v1

81. GWB denies the allegations contained in paragraph 81.

82. GWB denies the allegations contained in paragraph 82.

## FIRST CLAIM FOR RELIEF
### Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

83. GWB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-82 as if fully set forth here.

84. The allegations in paragraph 84 are legal conclusions to which no response is required. To the extent a response is required, GWB denies the allegations contained in paragraph 84.

85. The allegations in paragraph 85 are legal arguments and conclusions to which no response is required. To the extent that a response is required, GWB denies the allegations contained in paragraph 85.

86. The allegations in paragraph 86 are legal arguments and conclusions to which no response is required. To the extent that a response is required, GWB denies the allegations contained in paragraph 86.

87. GWB denies the allegations contained in paragraph 87.

88. GWB denies the allegations contained in paragraph 88.

89. GWB denies the allegations contained in paragraph 89.

## SECOND CLAIM FOR RELIEF
### Unconscionability

90. GWB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-82 as if fully set forth here.

91. GWB denies the allegations contained in paragraph 91.

92. GWB denies the allegations contained in paragraph 92.

4570073 v1

93. GWB denies the allegations contained in paragraph 93.

94. GWB denies the allegations contained in paragraph 94.

### THIRD CLAIM FOR RELIEF
### Conversion

95. GWB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-82 as if fully set forth here.

96. The allegations in paragraph 96 are legal conclusions to which no response is required. To the extent that a response is required, GWB denies the allegations contained in paragraph 96.

97. GWB denies the allegations contained in paragraph 97.

98. GWB denies the allegations contained in paragraph 98.

99. GWB denies the allegations contained in paragraph 99.

100. GWB denies the allegations contained in paragraph 100.

101. The allegations in paragraph 101 are legal conclusions to which no response is required. To the extent that a response is required, GWB denies the allegations contained in paragraph 101.

102. GWB denies the allegations contained in paragraph 102.

103. GWB denies the allegations contained in paragraph 103.

104. GWB denies the allegations contained in paragraph 104.

105. GWB denies the allegations contained in paragraph 105.

106. GWB denies the allegations contained in paragraph 106.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

4570073 v1

107. GWB repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs 1-82 as if fully set forth here.

108. GWB admits that plaintiff purports to assert a common law claim for unjust enrichment on his own behalf and on behalf of a purported nationwide class. GWB denies that the purported class may be properly certified and denies that Plaintiff or the purported class are entitled to any redress on this claim. GWB denies the remaining allegations contained in paragraph 108.

109. GWB denies the allegations contained in paragraph 109.

110. GWB denies the allegations contained in paragraph 110.

111. GWB denies the allegations contained in paragraph 111.

112. GWB denies the allegations contained in paragraph 112.

113. GWB denies the allegations contained in paragraph 113.

114. GWB denies the allegations contained in paragraph 114.

115. GWB denies the allegations contained in paragraph 115.

### FIFTH CLAIM FOR RELIEF
### Violations of A.R.S. § 44-1521, *et seq.*

This claim was dismissed by the Court's Civil Minutes entry dated March 16, 2011 [Doc. 1296], and therefore no responsive pleading is required.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, GWB asserts the following affirmative defenses. GWB reserves the right to assert further defenses as they may arise or be identified in the course of further investigation, discovery, or litigation of this action, including, in the event a class is certified, the right to advance additional defenses pertinent to class members.

4570073 v1

1.  The Court lacks subject matter jurisdiction over this action pursuant to the "home state exception" clauses of the Class Action Fairness Act of 2005, sections 4(a)(3) and/or (4).

2.  To the extent that Plaintiff seeks recovery of overdraft charges, or any other alleged damages, related to any alleged injuries that occurred more than the number of years prior to the filing date of the original Complaint than is authorized under the applicable law for the specific cause of action relied on, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, and/or other time bars.

3.  Plaintiff's claims are barred by Plaintiff's voluntary consent to, acquiescence in, ratification of, acceptance of and/or agreement to the terms and provisions of the Deposit Agreement(s) applicable to his account with GWB. More specifically, Plaintiff's injuries, if any, were caused, in whole or in part, by his voluntary actions in incurring debits to his account that would and did overdraw his account. Plaintiff is barred from challenging the consequences of GWB's honoring of debits to his account that Plaintiff himself initiated or authorized to be initiated. Similarly Plaintiff's claims are barred by his own voluntary actions in incurring debits when Plaintiff knew or should have known the terms of the Deposit Agreement which provided for GWB to post debits in the order followed by GWB. Plaintiff's claims are further barred because he accepted the benefit of GWB's policies and practices regarding acceptance and posting of debits, and is precluded from repudiating the charges associated with the operation of those policies and practices. Plaintiff is also barred from challenging GWB's interpretation, application and implementation of the terms and provisions of the Deposit Agreements governing his account (including whether GWB's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because

4570073 v1

Plaintiff acquiesced in GWB's interpretation, application and implementation of the terms and provisions as a course of dealing, and benefited from GWB's interpretation, application and implementation of the terms and provisions.

4. Plaintiff's claims are barred by the voluntary payment doctrine and/or other related legal grounds in that the obligations and fees about which Plaintiff complains were paid voluntarily. Plaintiff repeatedly deposited money into his account to cover the overdraft fees he incurred, and he expressly authorized GWB to deduct any fees and service charges from his accounts. Plaintiff's monthly statements and NSF notices informed him of the overdraft transactions and the fees he was incurring because of his overdrafts.

5. Plaintiff's claims are barred by unclean hands, estoppel, license, notification, acquiescence, waiver, release, accord and satisfaction, and/or by virtue of the parties' course of dealing. Plaintiff is barred from obtaining any of the relief demanded because he seeks to challenge GWB's payment and posting of debit card and other transactions that he initiated, requested, authorized, and consented to through his conduct. Plaintiff incurred numerous overdrafts when he knew, or was reckless in not knowing, that he had insufficient funds in his account to cover the transactions in question. Plaintiff's monthly statements and NSF notices informed him of the overdraft transactions and the fees he was incurring because of his overdrafts. Further, plaintiff unreasonably delayed providing notice of his claims to GWB and/or the filing of this action to the harm and prejudice of GWB.

6. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages. Plaintiff has failed to mitigate his alleged losses, if any, and therefore, if he was otherwise entitled to any recovery or other relief in this action, any such recovery or relief by him must be limited or barred to the extent of such failure. Plaintiff incurred numerous

4570073 v1

overdrafts when he knew, or was reckless in not knowing, that he had insufficient funds in his account to cover the transactions in question. Plaintiff continued to overdraw his accounts on a regular basis and never reported any alleged unauthorized transactions or errors to GWB. Examples of how Plaintiff could have mitigated his damages include but are not limited to following: (1) Plaintiff could have maintained adequate finds in his checking account so as not to incur overdraft charges; (2) once Plaintiff became aware that he was being assessed overdraft charges, he could have contacted GWB, and/or read his Deposit Agreement and periodic statements to avoid further overdraft charges; and (3) if Plaintiff believed that any of the overdraft charges assessed against his account were improper or unfair, he could have contacted GWB and discussed ways to avoid future overdraft charges. Plaintiff had the ability to control the number of overdraft charges assessed against his account, and to eliminate overdraft charges entirely.

       7.     Plaintiff's claims for breach of contract and unjust enrichment are based on inconsistent theories. Plaintiff must choose his remedy and is not entitled to seek duplicative recovery for the same alleged injury.

       8.     Any monetary recovery or relief to which the trier of fact may determine Plaintiff is entitled from GWB must be offset and reduced by any amounts Plaintiff has owed or presently owes to GWB, including, without limitation any amounts owing on any of his past or present GWB accounts.

       9.     GWB at all times acted in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff. The Office of the Comptroller of the Currency and the Federal Reserve Board permitted and approved the practices challenged in this action, which were commonplace in the banking industry.

4570073 v1

10. Plaintiff is barred from obtaining any of the relief demanded in this action based on the express terms and provisions of the applicable deposit agreements and related documents governing his GWB accounts and debit cards, which terms and provisions he agreed and consented to, and accepted and ratified, by opening and using his checking accounts and debit cards with GWB.

11. Even if not applicable to some or all of the putative class members, some or all of the affirmative defenses asserted above may be applicable to one or more of the putative class members whom the named Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, GWB reserves the right to identify and advance any further affirmative defenses that may apply to persons other than the named Plaintiff herein.

## OTHER DEFENSES OR DENIALS

1. Plaintiff's Amended Class Action Complaint fails to state a claim for which relief may be granted for all the reasons set forth in GWB's Motion to Dismiss and Memorandum in Support, filed January 20, 2011. The Court's denial of GWB's Motion on certain grounds was explicitly without prejudice to being reasserted after discovery is conducted, on summary judgment, and/or at trial.

2. Plaintiff's claims are barred by Plaintiffs' failure to notify GWB of any allegedly unauthorized debits or fees in a timely manner following the distribution of account statements as required by the section of the Deposit Agreement entitled Statements on page 2.

3. Plaintiff lacks standing to assert any of the claims alleged in that he failed to comply with the notice requirements of the Deposit Agreement applicable to his account (under the heading Statements), and in that his claims are not representative of those of the other putative class members.

4570073 v1

Dated: July 7, 2011 SHOOK, HARDY & BACON L.L.P.

By: /s/ Todd Ruskamp
Todd W. Ruskamp, MO Bar #38625
James P. Muehlberger, MO Bar #51346
Andrew D. Carpenter, MO Bar #47454
Kay C. Whittaker, MO Bar #44328

2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

ATTORNEYS FOR DEFENDANT
GREAT WESTERN BANK

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2011, I electronically filed the foregoing with the Court by using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Todd Ruskamp
Attorney for Defendant Great Western Bank

4570073 v1