**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK**

| | |
|---|---|
| **IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION** **MDL NO. 2036** | ) ) ) ) ) ) |

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:** **FIRST TRANCHE ACTION** ***Luquetta v. JPMorgan Chase Bank, N.A.*** **S.D. Fla. Case No. 1:09-cv-23432-JLK** **C.D. Cal. Case No. CV09-6967-GHK** | ) ) ) ) ) ) ) ) ) |

**RESPONSE OF JP MORGAN CHASE BANK, N.A. TO PLAINTIFF'S
NOTICE OF WITHDRAWAL OF MOTION FOR CLASS CERTIFICATION**

Plaintiff Andrea Luquetta has now moved to withdraw the class-certification motion that she should never have filed.[1]  After previously trying to stall, she  seeks to avoid a ruling on her class certification motion, knowing it lacks any litigable merit.  Plaintiffs (including Luquetta herself, an experienced litigator), have known since before the filing of her complaint that she had no case.  Her initial complaint, and each amended version filed thereafter, specifically

---

[1]     Plaintiffs' Notice of Withdrawal of Motion for Class Certification ("Notice of Withdrawal) [MDL Dkt. No. 1706].

alleged that the transactions Luquetta complained about were posted in the proper order.[2]  There is no legitimate justification for Luquetta having wasted the resources of this Court, and the time and expense of Chase, in pursuing her baseless claims.

Notwithstanding the facts pleaded in Luquetta's own complaint, Plaintiffs now seek to excuse themselves on the ground that they could not correctly figure out her case until nearly two years after filing it, and even after filing the motion for class certification—because of the individualized facts relating to her account.  Notice of Withdrawal 1.  *They themselves acknowledge* that after their own pre-filing investigation, motions practice, and more than 13 months of discovery, they went forward and filed a motion for class certification without understanding Luquetta's own account.[3]  It is disturbing that Plaintiffs would file the class-certification motion when they themselves acknowledge lacking the ability to back it up at the time they filed it.

Plaintiffs' filing of the motion for class certification, and now their admission that they need to withdraw it, point up an undeniable fact:  Her skilled counsel needed two years to figure out the claims of a single person—and then got it so wrong that they now have to withdraw the motion rather than allow the Court to rule on it.  It is untenable, then, to believe that this is a case that could be handled on a class-wide basis on a supposition that the facts of all the alleged *millions* of *other* individual customers—every customer *except Ms. Luquetta*, who they

---

[2]      Class Action Complaint, *Luquetta v. JPMorgan Chase Bank, N.A.*, Dkt. No. 1, No. 09CV6967 (C.D. Cal.) ¶¶ 31, 32 (listing Luquetta's August 17, 2009 debit-card transactions in actual order, and in the chronological order in which they "should" have been posted—which were the same); First Amended Class Action Complaint, *Luquetta v. JPMorgan Chase Bank, N.A.* [MDL Dkt. No. 140] ¶¶ 94, 95 (same); Second Amended Class Action Complaint, *Luquetta v. JPMorgan Chase Bank, N.A.* [MDL Dkt. No. 348] ¶¶ 83, 84 (same)

[3]      It is of course untrue that they lacked any necessary *facts*, after 13 months of discovery The pertinent facts pertaining to Luquetta's individual account, long known to Plaintiffs, are set forth in JPMorgan Chase Bank, N.A.'s Memorandum Of Law In Opposition To Class Certification In The *Luquetta* Action, filed under seal on June 16, 2011, at 10-14, 19-30.

specifically chose as class "representative"—are uniform and simple as would be required for class certification. On the contrary, Plaintiffs' actions confirm what Chase demonstrated in its opposition to the class-certification motion: Any claims as to each individual customer depend on individualized facts, relating to individualized transactions and applicable fees, and customers' individualized knowledge, and they require individualized preparation and consideration. Plaintiffs asserted that every Chase customer's claim is a cookie-cutter matter, but now they admit that even Luquetta's own claim does not fit the cookie-cutter. Just as Luquetta now recognizes that she has no claim, it is equally true that other customers have no claim, *even if one were to believe everything Plaintiffs assert about the applicable law*. And, even if one believed all of Plaintiffs' legal theories, parsing through each individual's claims takes time and individualized attention by counsel, individualized discovery, and individualized consideration by the trier of fact at trial. That is the opposite of a class action.

Chase does not oppose dismissal of Luquetta's motion for class certification. Chase does not agree, however, that such dismissal is in any sense "without prejudice" as she purports to assert. The sole plaintiff on the class certification motion in the *Luquetta* case was Andrea Luquetta. That motion should now be dismissed. Luquetta has no right to come back to try again: If she wants her class-certification motion to be heard, it should be heard now, on the July 15 date that the Court has scheduled. Whether any *other person* proceeds on any similar claim in this Court against Chase (rather than in arbitration), and whether any such person seeks to have such a case certified as a class action, is no legal concern to *Ms. Luquetta*, and *she* has no legal right or basis for trying to reserve any opening for others. Indeed, she has specifically disclaimed, in her filing to withdraw her class certification motion, that she has any basis to speak for anyone else.

Dated:  July 11, 2011

Respectfully submitted,

HOMER BONNER, P.A.
/s/ Peter W. Homer
Peter W. Homer
(phomer@homerbonner.com)
Gregory J. Trask
(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738
WILMER CUTLER PICKERING HALE
  AND DORR LLP


s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendant JPMorgan Chase
Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 11, 2011, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is

being served this day on all parties or counsel of record via transmission of Notices of Electronic

Filing generated by CM/ECF.

/s/ Peter W. Homer