UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-md-02036-JLK

IN RE CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
MDL No. 2036 )
)
_____ )
)
THIS DOCUMENT RELATES TO: )
)
*Brown v. U.S. Bank, N.A.* )
S.D. Fla. Case No. 1:10-24147-JLK )
E.D. Wash. Case No. 2:10-00356-RMP )
)

**PLAINTIFFS' OPPOSITION TO DEFENDANT U.S. BANK'S
MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Plaintiffs Lori and Mitchell Brown oppose Defendant U.S. Bank, N.A.'s frivolous and improper Motion to Stay Proceedings Pending Appeal. [DE # 1682].

I. **INTRODUCTION**

U.S. Bank is again improperly seeking to delay this litigation. This time, it seeks a stay while pursuing a frivolous appeal of this Court's *non-appealable* order allowing limited arbitration-related discovery prior to deciding U.S. Bank's motion to compel arbitration. U.S. Bank's transparent, dilatory tactics should not be countenanced.

On June 29, 2011, after "[c]areful consideration of the briefs," the Court found certain limited arbitration-related discovery "necessary" for a fully developed record prior to ruling on the merits of U.S. Bank's Motion to Compel Arbitration and Stay Proceedings (the "Arbitration Motion"). [DE # 1673] (the "June 29th Order"). As the Court held: "Given the complexity of the legal and factual issues; the astronomical size of the potential class; and the critical impact the decision of Defendant's Motion to Dismiss will have on the future course of this litigation; the Court

finds a fully developed, complete record is essential." *Id.* at 1-2. Accordingly, the Court set a 90-day period for discovery on five discrete arbitration-related topics prior to deciding U.S. Bank's Arbitration Motion. *Id.* at 2.

In the face of the well-reasoned June 29th Order, U.S. Bank filed a frivolous appeal and the instant motion to stay on the basis that the Court "effectively" denied its Arbitration Motion. However, this Court clearly did ***not*** make any decision on the merits of the Arbitration Motion, nor has it held the Motion in abeyance indefinitely while unrelated litigation proceeds. Moreover, U.S. Bank's motion to stay is improper as it consists of rehashed arguments from the Arbitration Motion and its opposition to Plaintiffs' motion to defer ruling pending arbitration-related discovery. Such arguments provide no basis to stay the limited arbitration-related discovery the Court found necessary to a fair resolution of the merits of the Arbitration Motion.

Because the Court's June 29th Order allowing arbitration-related discovery does ***not*** constitute a denial of the Arbitration Motion, the June 29th Order is not appealable under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 16(a) (enumerating appealable orders). As U.S. Bank's appeal is clearly not reviewable under the FAA, it is frivolous and, thus, not an appropriate basis for a stay. *See Blinco v. Green Tree Serv'g, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("'either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case'");[1] *see also, Rigdon v. State Bd. of Regents*, 594 F. Supp. 2d 1312, 1315 (S.D. Ga. 2008). The Court should deny U.S. Bank's motion to stay.

---

[1] Here, as elsewhere, emphasis is added and citations are omitted, unless otherwise noted.

II.     **Relevant Procedural History**

On October 13, 2010, Plaintiffs filed their class action complaint in the Eastern District of Washington, alleging that U.S. Bank engaged in unfair, deceptive, and unconscionable practices by re-sequencing transactions from highest to lowest in order to maximize its earnings from overdraft charges at the expense of Plaintiffs and those similarly situated. **[DE # 1041]**. On November 15, 2010, the Judicial Panel on Multidistrict Litigation transferred Plaintiffs' action to this Court as part of MDL No. 2036.

On May 2, 2011, U.S. Bank filed its Arbitration Motion. **[DE # 1406]**. On May 12, 2011, Plaintiffs propounded interrogatories and requests for production of documents and served a notice of Rule 30(b)(6) deposition concerning arbitration-related issues. **[DE # 1491-3 to -5]**. On May 13, 2011, Plaintiffs also served a notice of deposition directed at U.S. Bank employee Brent Farka, who authored a declaration submitted in support of the Arbitration Motion. **[DE # 1491-6]**.[2]

On May 16, 2011, the Court set a briefing schedule for pending motions to compel arbitration, including U.S. Bank's Arbitration Motion. **[DE # 1479]**. On May 17, 2011, Plaintiffs filed their opposition to U.S. Bank's Arbitration Motion as well as a motion requesting that the Court defer ruling on the Arbitration Motion so that critical arbitration-related discovery could be completed. **[DE # 1491-1493]**.

On June 29, 2011, the Court deferred ruling on the Arbitration Motion and granted the parties 90 days to conduct limited arbitration-related discovery in the following five areas:

(1)     steps taken by Defendant U.S. Bank to inform customers of their arbitration agreements and any unilateral changes implemented;

---

[2] Plaintiffs also propounded discovery as to the topics allowed in the June 29th Order. **[DE # 1491-3 to 1491-6]**.

 (2) the availability of lawyers to litigate these low value claims individually due to the complex nature and potentially small recovery;

 (3) the number of overdraft-related complaints;

 (4) the number of and result of arbitrations;

 (5) waiver and futility of filing motions to compel.

[DE # 1673 at 2].

On June 30, 2011, U.S. Bank filed a notice of appeal. [DE # 1676]. On July 5, 2011, U.S. Bank filed the instant motion to stay proceedings pending appeal. [DE # 1682].

### III. ARGUMENT

#### A. The Court's June 29th Order Is Not an Appealable Order

U.S. Bank argues that its appeal of the Court's June 29th Order is proper because the Court "effectively denied [its] motion to compel arbitration under 9 U.S.C. § 4 and stay litigation pending arbitration under 9 U.S.C. § 3." [DE # 1682 at 1]. The Court did no such thing. The FAA clearly spells out the circumstances under which an appeal may be taken:

An appeal may be taken from -

(1) an order -

 (A) refusing a stay of any action under section 3 of this title [9 U.S.C. § 3],

 (B) denying a petition under section 4 of this title [9 U.S.C. § 4] to order arbitration to proceed,

 (C) denying an application under section 206 of this title [9 U.S.C. § 206] to compel arbitration,

 (D) confirming or denying confirmation of an award or partial award, or

 (E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

Here, the June 29th Order which purportedly provides the basis for U.S. Bank's appeal and the motion to stay pending appeal does not fit within any of the categories of appealable orders set forth above under 9 U.S.C. § 16(a). In fact, the June 29th Order is neither a denial of U.S. Bank's Arbitration Motion nor of its motion to stay proceedings, as this Court's May 16th Order clearly stayed all other proceedings, including class certification motions and non-arbitration related discovery, pending the outcome of the Arbitration Motion. [DE # 1479]. The June 29th Order explicitly states that it only dispensed with Plaintiff's Motion to Defer Ruling and reserved ruling on the Arbitration Motion. [DE # 1406 at 1-2]. Indeed, U.S. Bank's Arbitration Motion remains pending during this so-called "appeal." *Id.* U.S. Bank does not attempt to argue otherwise. The best it can muster is that the order "effectively denied its request" for arbitration. [DE # 1682 at 3]. Not so. The June 29th Order merely defers the Court's ruling on the Arbitration Motion for a short period to ensure that the Court benefits from a completely developed record prior to ruling. [DE # 1673].

Courts have held that the FAA does *not* permit appeal of interlocutory orders that fall outside the ambit of the enumerated orders under 9 U.S.C. § 16(a). "Since section 16(a) clearly enumerates the types of orders covered by the FAA's various jurisdictional shelters, we decline to treat that provision as a general mechanism permitting the immediate appeal of *any* order hostile to arbitration." *Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 551 (1st Cir. 2005) (emphasis in original); *accord Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 254 (D.C. Cir. 2003) (plain language of the statute precludes interlocutory appeal of motion to dismiss order since such an order not enumerated in list of appealable orders).

Further, orders postponing a ruling on a motion to compel arbitration are *not* appealable. *See, e.g., Khorrami v. Rolince*, 539 F.3d 782, 786 (7th Cir. 2008) ("Unless the district court delays so long in ruling that the delay becomes a *de facto* denial, a decision not to rule on a motion is just that: inaction."); *Continental Cas. Co. v. Staffing Concepts*, Inc., 538 F.3d 577, 580-81 (7th Cir. 2008) (appeal does not lie where district court postponed ruling on motion to compel arbitration); *Middleby Corp. v. Hussmann Corp.*, 962 F.2d 614, 616 (7th Cir. 1992); *also Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 209-11 (5th Cir. 2004).

In *Continental Casualty*, the Seventh Circuit dealt with the issue of whether a party could appeal an order striking without prejudice a motion to compel arbitration. 538 F.3d at 579. There, the district court had pending before it questions relating to personal jurisdiction and venue as well as a motion to compel arbitration. The district court decided to "strike without prejudice the motion to compel arbitration pending resolution of those questions, but it indicated at the same time that it would welcome a re-filing after the questions were sorted out." *Id.* According to the Seventh Circuit, this temporary rejection of the motion to compel constituted a "delay incident to an orderly process," and thus found that it lacked jurisdiction to hear the interlocutory appeal. *Id.*

In reaching this conclusion, the Seventh Circuit relied upon previous decisions like *Middleby* and *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 526-27 (7th Cir. 1996). 538 F.3d at 580. In *IDS*, the district court's order was ambiguous as to whether it had granted or denied the motion to stay proceedings pending arbitration while it considered a preliminary injunction. 103 F.3d at 526-27. However, the court invited a re-filing of the arbitration motion after the preliminary injunction was decided. *Id.* The appellate court in *IDS* concluded the district court's deferral of consideration of the stay until after the preliminary injunction hearing did not give rise to an appealable order. *Id.*

The Seventh Circuit applied these same principles to dismiss an improper appeal in *Khorrami*. There, the government sought an appeal from the district court's refusal to reach a decision on its qualified immunity argument. 539 F.3d at 786. The court in *Khorrami* found that it did not have interlocutory jurisdiction to hear this appeal because the trial court had not rejected the qualified immunity defense, but rather decided not to rule on that issue at that time. *Id.* According to the Seventh Circuit:

> Unless the district court delays so long in ruling that the delay becomes a *de facto* denial, a decision not to rule on a motion is just that: inaction. This follows from the general rule the Supreme Court has acknowledged forbidding interlocutory appeals in situations where "unresolved issues of fact" remain or the district court has not even "tentatively decide[d] anything about the merits of the claim." *Switzerland Chesse Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.E.2d 23 (1966).

*Khorrami*, 539 F.3d at 786. Moreover, the court, relying on *IDS* and *Continental Casualty*, noted: "We held that deferral cannot be treated as the equivalent of an appealable denial unless the party wishing to appeal can show 'unjustifiable delay coupled with irreparable injury if an immediate appeal is not allowed.'" *Id.* at 787.

Applying the logic of *Khorrami*, it is clear U.S. Bank's appeal is frivolous and cannot provide grounds to stay the arbitration-related discovery ordered by this Court. The Court has ***not*** denied U.S. Bank's Arbitration Motion. To the contrary, the Court specifically reserved ruling until the conclusion of limited arbitration-related discovery. The decision not to rule until the conclusion of discovery is not an appealable order. In fact, the Court's June 29th Order explicitly states ***that the motion is not being denied***, but rather deferred until limited, arbitration-related discovery can be completed. Moreover, there is no threat of unjustifiable or open-ended delay because the Court

established a brief 90-day window for the parties to conduct discovery after which the Court will take up the Arbitration Motion.[3] **[DE # 1673 at 2]**.

The decisions cited by U.S. Bank are inapposite. For example, U.S. Bank cites Chase's Notice of Action by the Eleventh Circuit following this Court's denial of Chase's arbitration motion. **[DE # 1682 at 3]** (citing **DE # 866**). There, however, this Court actually denied defendant's motion. **[DE # 594]** (denying without prejudice Chase's motion to stay proceedings in the *Lopez* and *Luquetta* cases). Additionally, this Court's Order with respect to Chase seemingly allowed all discovery and litigation to proceed against Chase in the interim. *Id.* Here, in stark contrast, the Court specifically deferred ruling on U.S. Bank's Arbitration Motion and only permitted limited, arbitration-related discovery to be conducted for 90 days. *See* June 29th Order, pp. 1-2 **[DE # 1673]**. Indeed, U.S. Bank tacitly acknowledges this fact in its own motion by stating merely that the Court "effectively" denied its Arbitration Motion. **[DE # 1682 at 1]**.

U.S. Bank also relies on *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 363 (7th Cir. 1999). That case provides no support for U.S. Bank's position because, there, the Seventh Circuit had "no doubt from the record that the district court denied the defendant's motion and clearly meant to foreclose arbitration." *Id.* Here, in stark contrast, the Court did not deny U.S. Bank's motion but rather found that prior to ruling on such a motion, "a fully developed, complete record is essential."

---

[3] As U.S. Bank has filed a frivolous appeal and stay request and, to date, has refused to cooperate with Plaintiffs to conduct the limited, arbitration-related discovery ordered by this Court, Plaintiffs reserve their right to seek additional time should the bank's obfuscation prevent them from completing the discovery within the 90-day period originally allotted.

*See* June 29th Order, pp. 1-2.[4]

Thus, the Court merely allowed a limited time for narrowly-tailored arbitration-related discovery to ensure it decided the merits of U.S. Bank's Arbitration Motion correctly. This does not necessarily mean that the Court will deny U.S. Bank's Arbitration Motion. After allowing the limited arbitration-related discovery and weighing the evidence and legal arguments, the Court may grant or deny U.S. Bank's Arbitration Motion. The Court's June 29th Order granting limited, arbitration-related discovery is thus clearly not appealable as a denial of the Arbitration Motion.

### B.   U.S. Bank's Appeal Is Frivolous and Provides No Basis for a Stay

Pursuant to the Eleventh Circuit's decision in *Blinco*, this Court should deny U.S. Bank's motion to stay because its appeal is frivolous. *See* 336 F.3d at 1252. While courts have used different terminology to describe "frivolous" in myriad contexts, an appeal is generally deemed frivolous if its "'result is obvious or when the appellant's argument is wholly without merit.'"

---

[4] U.S. Bank's other citations are similarly unavailing. In *Klepper v. SLI, Inc.*, 45 Fed. Appx. 136, 138 (3d Cir. 2002), the district court had "issued an order requiring the parties to complete discovery 'on all pending issues, including the stock option issue[]'" prior to ruling on the defendant's arbitration motion. *Id.* In so doing, it appeared that the district court had permitted merits discovery to be completed prior to a decision on the outstanding arbitration motion. *Id.*

*Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 636 (4th Cir. 2002), is inapt. In that case, the Fourth Circuit expressly found that "the record unequivocally reflects that the district court entered an order denying Elite's Motion to Compel Arbitration/Stay Proceedings." Similarly, *Boomer v AT&T Corp.*, 309 F.3d 404, 412 (7th Cir. 2002), and *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1355 (Fed. Cir. 2004), unremarkably found that an express denial of a motion to compel arbitration is appealable. The Court did not enter such an order here.

In *McLaughlin Gormley King Co. v. Terminex Int'l Co., L.P.*, 105 F.3d 1192, 1193 (8th Cir. 1997), the district court granted a preliminary injunction prohibiting Terminex from asserting its demand to arbitrate, denied the motion to compel arbitration, and concluded it needed further discovery on the issue of arbitrability prior to deciding the motion for partial summary judgment requesting a declaration that the dispute was non-arbitrable. *Id.* at 1193. In that case, the district court's order granting the injunction and denying the motion to compel arbitration was explicitly appealable under 9 U.S.C. §16(a)(1)(C) and (a)(2). *Id.* The court's musings about the defendant's arguments as to the delay caused by discovery into the arbitrability issues to be decided by the arbitrator was dicta. *Id.*

*Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 1986); *accord Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991); *see, e.g.*, *In re Steffen*, 2010 U.S. Dist. LEXIS 60726, at *2 (M.D. Fla. June 7, 2010) (holding that an appeal is frivolous where "'the result is obvious or when the appellant's argument is wholly without merit'"); *Rigdon*, 594 F. Supp. 2d at 1315 (refusing to grant stay pending defendants' interlocutory appeal where defendants "lack[ed] a colorable appealable issue of law").

Here, as explained above, U.S. Bank's appeal is frivolous because the Court's June 29th Order granting 90 days for limited, arbitration-related discovery is *not* an appealable order under 9 U.S.C. § 16(a). Because the order being appealed is not properly before the Eleventh Circuit, this Court should refuse to stay the arbitration-related proceedings that are ongoing on the grounds that U.S. Bank's notice of appeal is frivolous. *Blinco*, 336 F.3d at 1252.

U.S. Bank's appeal is also frivolous because the Eleventh Circuit is not realistically likely to interfere with this Court's orderly management of this multi-district litigation ("MDL"), including its decision to order limited arbitration-related discovery prior to rendering a decision on U.S. Bank's Arbitration Motion. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("A district court is entitled to establish proper pre-trial procedures and set an appropriate pre-trial schedule"). This is especially true because courts routinely allow discovery of arbitration-related issues in light of the Supreme Court's ruling in *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000), which held that the plaintiffs bear the burden of demonstrating their defenses to a motion to compel arbitration. *See, e.g.*, *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10 (3d Cir. 2002); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 294-96 (S.D.N.Y. 2002); *see also Alzaidi v. U-Haul Co. of Kan., Inc.*, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009); *R&F, LLC v. Brooke Corp.*, 2007 WL 2809845, at *2-3 (D. Kan. Sept. 24, 2007); *Coneff v. AT&T*

*Corp.*, 2007 WL 738612, at *1 (W.D. Wash. Mar. 9, 2007); *Wilson v. Yellow Transp., Inc.*, 2007 WL 445197, at *1 (D. Kan. Jan. 29, 2007); *Livingston v. Associates Fin., Inc.*, 2001 WL 709465, at *2-4 (N.D. Ill. June 25, 2001). Given that Plaintiffs must come forward with evidence to prove their defenses to U.S. Bank's Arbitration Motion, it would be prejudicial and unfair to deny them an opportunity to conduct discovery on such issues prior to a decision on the merits.

Finally, the Court's June 29th Order ensures that important issues regarding this MDL will be fully vetted prior to adjudication on the merits. This Court recognized in its June 29th Order the "complexity" and "astronomical size of the potential class" in this case, as well as the "critical impact" the Court's ruling on U.S. Bank's Arbitration Motion will have on the potential class. [DE # 1673 at 2]. As such, the Court emphasized the importance of a fully-developed record prior to deciding the Arbitration Motion. The Eleventh Circuit is unlikely to disturb this Court's decision to permit a short window for discovery to ensure that its decision on the Arbitration Motion is correctly decided.

For all these reasons, U.S. Bank's appeal is frivolous and provides no basis for a stay.

C. **U.S. Bank's Rehashing of Prior Arguments Should Be Disregarded**

Going far beyond the scope of its motion to stay, U.S. Bank rehashes arguments from its Arbitration Motion, including its untimely and contradictory argument concerning its purported delegation provision that is subject to Plaintiffs' pending motion to strike. *Compare* [DE # 1682 at 4-5], *with* [DE # 1545]. Such arguments should be rejected out of hand.

For example, U.S. Bank again argues that the parties entered into a valid, binding agreement to arbitrate and thus should not be subject to discovery. [DE # 1682 at 1-2]. However, whether the parties entered into such an agreement is itself a matter for the parties to explore in the course of the limited arbitration-related discovery as permitted under the Court's June 29th Order. [DE # 1611 at

7-8]; [DE # 1673 at 2]. Such arguments cannot provide a non-frivolous basis for either U.S. Bank's appeal or its motion to stay because the Court has not yet decided the merits of U.S. Bank's Arbitration Motion or Plaintiffs' motion to strike portions of same.

Additionally, U.S. Bank rehashes arguments in its opposition to Plaintiffs' motion to defer ruling pending arbitration-related discovery. [DE # 1581]. For example, U.S. Bank attempts to re-assert its waived argument about the purported delegation provision as a basis for why discovery on unconscionability issues should not be allowed.[5] [DE # 1682 at 4-5]. This is a red herring.

Indeed, "whether the parties have a valid arbitration agreement at all" is for the Court, not the arbitrator, to decide. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). As Plaintiffs have challenged U.S. Bank's assertion that the parties entered into a valid arbitration agreement, including U.S. Bank's untimely assertion of its purported delegation clause, contract formation issues are properly before this Court. [DE # 1611 at 6-8]. U.S. Bank's claim that the Court's order permitting discovery overrides the parties' alleged agreement to arbitrate in the face of Plaintiffs' claims that they did not receive the very agreement at issue is frivolous. *See* DE # 1682 at 2. Rather, as the Court rightly found, such matters will be decided in a timely fashion upon a fully-developed record following limited arbitration-related discovery. [DE # 1673]. Thus, such an argument cannot provide an independent basis for U.S. Bank's appeal or its motion to stay.

Finally, U.S. Bank rehashes its argument that *Concepcion v. AT&T Mobility*, __ U.S. __, 131 S. Ct. 1740 (2011), forecloses the need for the arbitration-related discovery ordered by the Court. [DE # 1682 at 5]. Notably, this argument is lifted nearly *verbatim* from its opposition to Plaintiffs' motion to defer. [DE # 1581 at 5]. The Court has already considered and rejected this argument in

---

[5] As U.S. Bank's delegation argument is subject to a motion to strike, the portion of its motion to stay referencing any such delegation provision should also be stricken. [DE # 1682 at 4-5].

granting Plaintiffs' motion to defer ruling. **[DE # 1673]**. Further, as this Court's order granting arbitration discovery is not an appealable order for the reasons discussed above, its arguments cannot provide a basis for its appeal or motion to stay.

In any event, as Plaintiffs observed in their reply in support of the motion to defer ruling, *Concepcion* merely held that a *per se* rule against class action bans was preempted, not that Plaintiffs cannot ever show unconscionability if case-specific evidence demonstrates their claims would realistically be foreclosed. **[DE # 1611 at 8]**. Further, contrary to U.S. Bank's bald argument, the topics on which the Court ordered discovery do not all concern whether the purported arbitration agreement sufficiently incentivizes the bringing of individual claims. In fact, the topics of discovery permitted by the Court relate to contract formation, as well as substantive and procedural unconscionability defenses permitted under Washington law. **[DE # 1491 at 5-10; DE # 1611]**. These matters remain relevant to a decision on U.S. Bank's Arbitration Motion even after *Concepcion*.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny U.S. Bank's motion to stay in its entirety.

Dated: July 15, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY 10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-MD-02036-JLK

IN RE CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596