IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Brown v. U.S. Bank, N.A.*<br>S.D. Fla. Case No. 1:10-24147-JLK<br>E.D. Wash. Case No. 2:10-00356-RMP | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN
SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING
APPEAL**

sf-3019620

## INTRODUCTION

An order denying a request to compel arbitration and to stay litigation is, without question, appealable under section 16 of the Federal Arbitration Act. Plaintiffs' principal argument in response to U.S. Bank's motion to stay is that the Court's June 30 Order (ECF No. 1673 ("Order")) was not such an order and, therefore, U.S. Bank's appeal is "frivolous." Plaintiffs are plainly incorrect.

Pursuant to a written agreement between the parties—the existence and applicability of which plaintiffs *expressly allege in their complaint*—U.S. Bank moved to compel arbitration of this dispute and to stay this litigation pending that arbitration. At plaintiffs' request, the Court ordered U.S. Bank, instead, to engage in court-supervised discovery on issues that the parties had agreed would be decided by the arbitrator. Being forced to engage in discovery—*i.e.*, to litigate the case—is a denial of U.S. Bank's motion, regardless of what the Court intended or what plaintiffs choose to call it.

This Court, of course, cannot decide whether its Order is appealable. That question is reserved for the Eleventh Circuit, where plaintiffs can, and surely will, file a motion to dismiss. Here, the Court's role is limited to determining whether U.S. Bank's pending appeal is "frivolous." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004). Anticipating plaintiffs' position, U.S. Bank cited overwhelming federal appellate authority in its opening brief explaining why orders such as the Court's June 30 Order are, in fact, appealable. While plaintiffs attempt to distinguish some of those cases, and mischaracterize some of their own, their brief does not come close to meeting the *Blinco* standard. U.S. Bank, at a minimum, has reasonable, non-frivolous arguments in support of its position and, therefore, this litigation must be stayed in favor of the Eleventh Circuit's exercise of jurisdiction over U.S. Bank's entirely proper appeal.

Before turning to the merits of plaintiffs' arguments, U.S. Bank must respond briefly to their baseless attack, in the opening line of their brief, that U.S. Bank is "again improperly seeking to delay this litigation." (ECF No. 1737 at 1.) Although it is not entirely clear what plaintiffs mean—they don't substantiate this cheap shot—U.S. Bank can only hazard a guess that plaintiffs refer to U.S. Bank's earlier appeal in the two other cases against U.S. Bank in this MDL, which plaintiffs also asserted to be frivolous. What plaintiffs seem to have forgotten— and what they certainly have forgotten to tell the Court—is that the Eleventh Circuit disagreed with them and ordered those cases stayed. (*See* ECF No. 1019, Ex. 1, *Speers v. U.S. Bank, N.A.*

1

*and Waters v. U.S. Bank, N.A.*, No. 10-15040-D (11th Cir. Dec. 17, 2010).)

## ARGUMENT

"When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Blinco* 366 F.3d at 1253. To demonstrate that its appeal is non-frivolous, U.S. Bank need only show that "***there is some possible validity***" to its appeal. *Jenkins v. First Am. Cash Advance of Ga., LLC*, 313 F. Supp. 2d 1370, 1378 (S.D. Ga. 2004) (granting stay) (citing *Baron v. Best Buy Co., Inc.*, 79 F. Supp. 2d 1350, 1353 (S.D. Fla. 1999)) (emphasis added).

### A.   U.S. Bank Has, at the Very Least, a Non-Frivolous Argument That the Court's June 30th Order Is Immediately Appealable.

"The arbitrability of a dispute [] gives the party moving to enforce an arbitration provision ***a right not to litigate the dispute in a court and bear the associated burdens***." *Blinco*, 366 F.3d at 1252 (emphasis added). The Order denies U.S. Bank this right. A court must compel arbitration if it determines that (1) a valid written agreement to arbitrate exists and (2) the dispute between the parties is within the scope of the agreement. *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 626-28 (1985). Rather than compel arbitration and stay proceedings as required by the parties' agreement, the Order requires litigation by imposing upon U.S. Bank the expense and burden of discovery. As such, the Order is plainly appealable.

#### 1.   The June 30th Order Declines to Enforce the Parties' Agreement to Arbitrate the Issue of Arbitrability.

The parties' agreement, alleged in paragraph 20 of the complaint, expressly delegates the issue of arbitrability to the arbitrator, not the Court. *See Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005); *see also Rent-A-Center W., Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010). By requiring the parties to instead litigate the issue of arbitrability, including conducting discovery on such issues, the Order declines to enforce the parties' agreement to arbitrate the issue of arbitrability. As such, the Order is a refusal to stay litigation pending arbitration and a refusal to compel arbitration of the issue of arbitrability.

*McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P.*, 105 F.3d 1192 (8th Cir. 1997), is instructive. There, like here, the district court had "entered an order freezing resolution of the parties' dispute pending discovery pertinent to the issue of arbitrability." *Id*. at 1193. The

moving party appealed to the Eleventh Circuit, who had to determine whether the order was appealable under § 16 of the FAA.  *Id*.  The court noted that if "the arbitrator, not the court, must initially decide arbitrability . . . . the order being appealed will have improperly and unnecessarily delayed the arbitration process."  *Id*.  The court determined that "although temporary in nature, [the district court's order] is an order that favors litigation over arbitration and is immediately appealable under § 16(a)."  *Id*. (quotations and citations omitted).  The same logic applies here:  the parties agreed to arbitrate arbitrability; the Order deprives U.S. Bank of that right; the Order is therefore immediately appealable.

Plaintiffs try to dodge this problem by suggesting that discovery is necessary to determine if they entered into the arbitration agreement containing the delegation provision.  U.S. Bank has, at the very least, a non-frivolous argument that plaintiffs are legally foreclosed from asserting that they did not agree to arbitrate (or agree to arbitrate issues of arbitrability).  Specifically, plaintiffs and their counsel, in a complaint signed and filed in federal court that presumably was in conformance with Rule 11, have already alleged that their claims arise from those very same agreements.  (Compl. ¶ 20, ECF No. 1041.)  No amount of discovery will permit a plaintiff to disclaim the existence of the very agreement on which his or her suit is based.  *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) ("A party is bound by the admissions in his pleadings."); *Rampersad v. Primeco Pers. Commc'ns., L.P.*, No. 01-6640, 2001 U.S. Dist. LEXIS 26037, at *4 (S.D. Fla. Oct. 16, 2001) (plaintiff "cannot claim that the contract was not formed to avoid arbitration and concurrently sue for breach of that contract").  Moreover, plaintiffs admit signing the signature cards acknowledging receipt of the terms governing the account and agreeing to be bound by those terms—including the arbitration agreement.  (ECF No. 1682 at 4.)  As such, they are bound regardless of whether they in fact received a copy.  *See Tjart v. Smith Barney, Inc.*, 28 P.3d 823, 829 (Wash. Ct. App. 2001) cert. denied 537 U.S. 954 (2002).

Plaintiffs then suggest that U.S. Bank somehow waived its argument regarding the delegation of arbitrability.  Again, U.S. Bank has, at the very least, a non-frivolous argument that no such waiver occurred.  It is plaintiffs' burden to show that their claims are not subject to arbitration.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).  As such, until plaintiffs challenged arbitrability in their opposition to U.S. Bank's motion to compel arbitration, U.S. Bank could not be obligated to come forward with an argument that such a challenge would be delegated to the arbitrator.  *See Clotfelter v. Cabot Inv. Props., LLC*, 2011 U.S. Dist. LEXIS

3

sf-3019620

33777, at *19-20 (M.D. Fla. Mar. 29, 2011) (the defendant did not waive an argument regarding delegation of the validity of the arbitration agreement to the arbitrator, where the argument was made for the first time in a "supplemental reply").[1]

In the end, plaintiffs cannot escape that U.S. Bank has a legitimate, non-frivolous argument that the June 30 Order is appealable because it requires U.S. Bank to proceed with litigating the question of arbitrability despite the parties' agreement to arbitrate such issues.

### 2. Even Ignoring the Delegation Provision, Courts Have Repeatedly Held That Orders Requiring Discovery on Issues of Arbitrability Are Immediately Appealable.

Plaintiffs' challenge also fails for a second reason: even absent a delegation provision, courts have repeatedly held that an order deferring arbitration in order to conduct discovery concerning arbitrability is immediately appealable. Plaintiffs' attempt to avoid this result by mischaracterizing the cases cited in U.S. Bank's opening brief. (ECF No. 1737 at 8-9.) Those cases, however, squarely establish the appealability of the June 30 Order here. As explained above, *McLaughlin Gormley King Co.*, which is on all fours with this case, determined that even a temporary order that favors litigation over arbitration is immediately appealable. 105 F.3d at 1193. In *Klepper v. SLI, Inc.*, the "defendant appeal[ed] a discovery order on the grounds that it was the equivalent of a refusal to enforce an arbitration clause in violation of the" FAA. 45 Fed. App'x 136, 137 (3d Cir. 2002). The Third Circuit noted that the district court "may have simply wanted the parties to develop a record on the arbitrability of the stock option claims" but that the "District Court's Order 'in essence' constituted a declination to stay litigation pending arbitration under FAA 9 U.S.C. § 3. Therefore, [it had] jurisdiction to hear defendant's appeal from the Order." *Id*. at 138. Clearly, *Klepper* parallels this action.

In *Koveleskie v. SBC Capital Markets, Inc.*, the Seventh Circuit held that it had jurisdiction over an appeal because "there [was] no doubt *from the record*" that requested arbitration order was denied. 167 F.3d 361, 363 (7th Cir. 1999) (emphasis added). Rather than

---

[1] Moreover, as of the time it filed its opening brief, U.S. Bank could not have known whether it could make a valid delegation argument. As explained in the Supreme Court's recent decision in *Rent-A-Center v. Jackson*, a challenge specifically targeted at the delegation provision alone would need to be heard by the Court, not the arbitrator. 130 S. Ct at 2779-80. Accordingly, until U.S. Bank had seen plaintiffs' opposition brief, which challenges the arbitration agreement as a whole and makes no specific challenge to the delegation provision, U.S. Bank could not have known whether the arbitrator should indeed decide *all* questions of validity.

4

sf-3019620

an order explicitly denying the motion to compel arbitration, the district court had entered a minute order stating that discovery was needed "before a decision can be reached on the arbitration issue." *Id*. *Snowden* and *Microchip Tech. Inc.* permitted appeals from orders postponing the determination of arbitrability. *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635-36 (4th Cir. 2002) (postponing until class certification); *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1355 (Fed. Cir. 2004) (postponing pending successorship determination). Each of these cases stands for the principle that an order favoring litigation over arbitration is immediately appealable.

Plaintiffs rely heavily on cases from the Seventh Circuit and yet they fail to bring to the Court's attention the case that directly answers the question of appealability. (*See* ECF No. 1737 at 6-7.) The Seventh Circuit has specifically determined that an order deferring a ruling on arbitration pending discovery into arbitrability is immediately appealable:

> Although 9 U.S.C. § 16(a)(1) allows an interlocutory appeal from a decision denying a party the benefit of arbitration, it might be doubted whether an order putting off decision on the validity of an arbitration clause qualifies. But *Boomer v. AT&T Corp.*, 309 F.3d 404 (7th Cir. 2002), holds that an order continuing the litigation, and refusing to direct arbitration, during discovery into issues that the district judge believes will affect arbitrability, is immediately appealable.

*Oblix, Inc. v. Winiecki*, 374 F.3d 488, 489 (7th Cir. 2004) (remanding with orders to refer parties to arbitration). The Third, Fourth, Eight, Tenth, and Federal Circuits agree. *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 103-04 (3d Cir. 2000) ("The more natural reading [of Section 16] would therefore be to treat all orders declining to compel arbitration as reviewable."); *Snowden*, 290 F.3d at 635-36; *Madol v. Dan Nelson Automotive Group*, 372 F. 3d 997 (8th Cir. 2004) ("While the district court's order did not purport to determine conclusively whether the dispute should be referred to an arbitrator, it 'reject[ed] the conclusion of the magistrate judge's Order' compelling arbitration and staying proceedings, and reopened discovery in the district court so that the parties could further develop the evidentiary record. Despite the order's temporary nature, it was an order 'refusing a stay' and directing that the litigation proceed, and was thus appealable under § 16(a)."); *Ansari v. Qwest Communs. Corp.*, 414 F.3d 1214, 1217 (10th Cir. 2005) ("other courts have held, contrary to plaintiffs' assertion, that § 16(a)(1)(B) does not require a final determination of the merits of a petition to compel arbitration."); *Microchip*

5

sf-3019620

*Tech. Inc.*, 367 F.3d at 1355.

Plaintiffs' reliance on *Khorrami v. Roliance*, a Seventh Circuit case concerning qualified immunity, as support for a finding that this appeal is frivolous, stretches the imagination. (ECF No. 1737 at 7 citing *Khorrami v. Roliance*, 539 F.3d 782 (7th Cir. 2008).) The very holding cited by plaintiffs shows that this appeal is not frivolous: "'We held that deferral cannot be treated as the equivalent of an appealable denial unless the party wishing to appeal can show 'unjustifiable delay coupled with ***irreparable injury*** if an immediate appeal is not allowed.'" (ECF No. 1737 at 7 (citing *Khorrami*, 539 F.3d at 787) (emphasis added).) Three other cases cited by plaintiffs similarly conclude that "[a] showing of unjustifiable delay coupled with irreparable injury if an immediate appeal is not allowed is enough to make a constructive denial appealable, if a formal denial would be." *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 526-27 (7th Cir. 1996); *Middleby Corp. v. Hussmann Corp.*, 962 F.2d 614, 616 (7th Cir. 1992) (same); *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, 538 F.3d 577 (7th Cir. 2008) (same).[2] Undoubtedly, the deferral of arbitration and the order of discovery will irreparably harm U.S. Bank by forcing it to incur the costs of unwarranted discovery. *See e.g.*, *Hunt v. Check Recovery Sys.*, No. 05-4993, 2008 U.S. Dist. LEXIS 119717, at *8-9 (N.D. Cal. June 17, 2008) (granting stay pending appeal noting "[t]he costs of litigation will generally constitute irreparable harm").

### B. U.S. Bank Has Numerous Other Non-Frivolous Grounds for Appeal.

Plaintiffs also argue that U.S. Bank's appeal is substantively frivolous because of this Court's discretion to manage the MDL. That misses the point. U.S. Bank has a non-frivolous argument that the discovery sought by plaintiffs either (a) involves facts that are irrelevant as a matter of law under the FAA or (b) goes to issues delegated to the arbitrator rather than the Court. As such, the FAA requires that that U.S. Bank's motion to compel arbitration and stay litigation be granted without further discovery. *See Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (affirming district court's denial of discovery into whether employer required all employees to sign arbitration agreements because the plaintiff had "failed to show how the discovery would have any impact on the enforceability of the arbitration clause"); *see*

---

[2] Plaintiffs' reliance to *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207 (5th Cir. 2004), is similarly unwarranted. There, the court held that it lacked jurisdiction over the appeal of the denial of an arbitration motion because the district court, who had simultaneously remanded the case to state court for lack of subject matter jurisdiction, lacked jurisdiction to deny the arbitration motion. *Id.* at 210-11.

6

sf-3019620

*also Livingston v. Assocs. Fin., Inc.*, No. 01-1659, 2001 U.S. Dist LEXIS 8678, at *2 (N.D. Ill. June 25, 2001); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-6950, 2011 U.S. Dist LEXIS 46994, at *1, *6 (S.D.N.Y. Mar. 1, 2011) (denying request for "irrelevant" discovery about defendant's general "custom and practice regarding arbitration" where the arbitration agreement at issue laid out plaintiff's "rights and obligations with respect to arbitration of her individual claims").

Plaintiffs attempt to divert the Court from substantive consideration of those issues by asserting that the Court has already rejected U.S. Bank's arguments against discovery.  That misstates the legal standard.  Though it is true that this Court has effectively denied U.S. Bank's arbitration motion and thus rejected the argument that the motion should be granted without further discovery, that does not mean that U.S. Bank's appeal is frivolous.  *See TGB Marine LLC v. Midnight Express Power Boat*s, *Inc.*, No. 08-60940, 2008 U.S. Dist. LEXIS 90001, at *4 (S.D. Fla. Oct. 20, 2008) ("While this Court believes its decision on the motion to compel arbitration remains correct, Defendant has met its limited burden to stay this action pending resolution of its appeal of this Court's order denying in part its motion to compel arbitration.").

## CONCLUSION

For the reasons set forth above and in U.S. Bank's opening memorandum, the proceedings this case should be stayed pending the resolution of U.S. Bank's appeal to the Eleventh Circuit of the denial of U.S. Bank's motion to compel arbitration and stay proceedings.


Dated:  July 17, 2011                                          Respectfully submitted,

                                                                   /s/ James R. McGuire
                                              James R. McGuire
                                              JMcGuire@mofo.com
                                              MORRISON & FOERSTER LLP
                                              425 Market Street
                                              San Francisco, CA 94105
                                              Telephone:  (415) 268-7000
                                              Facsimile:  (415) 268-7522

## CERTIFICATE OF SERVICE

## CASE NO.: 1:09-MD-02036-JLK

      I HEREBY CERTIFY that on July 17, 2011, I filed the foregoing documents with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

        /s/ James R. McGuire
James R. McGuire
JMcGuire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

sf-3019620