**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION MDL NO. 2036 _____ *Second Tranche* _____ THIS DOCUMENT RELATES TO: *Powell-Perry et al. v. Branch Banking & Trust Company* S.D. Fla. Case No. 10-cv-20820-JLK *Barras v. Branch Banking & Trust Company* S.D. Fla. Case No. 1:10-CV-20813-JLK *Hough, et al. v. Regions Financial Corp., et al.* S.D. Fla. Case No. 1:09-cv-23632-JLK | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**BB&T'S AND REGIONS' MOTION FOR PROTECTIVE ORDER**
**AND SUPPORTING MEMORANDUM OF LAW**

On Saturday, July 16, 2011, Plaintiffs emailed Notices of Taking Videotaped Depositions Pursuant to Rule 30(b)(6) to counsel for Branch Banking and Trust Company ("BB&T") and Regions Financial Corporation and Regions Bank ("Regions") (collectively "Defendants") and on Monday, July 18, 2011 Plaintiffs emailed additional Notices of Deposition for Regions' employees Kimberly Burkhalter Townsend, Lee Ann Petty, and A. Lee Hardegree, III and BB&T employee Brian Pridgen. (True and correct copies of the referenced Notices are attached hereto as Exhibit A and referred to hereafter as the "Notices.") The Notices are improper in that discovery has not been authorized by this Court and is not authorized by any federal rule of civil

procedure or any local rule of practice.  As such, the Notices are void *ab initio*.  Discovery is not necessary for the Court to conduct its August 12 remand analysis and discovery, if at all, should occur in arbitration.  Finally, the 30(b)(6) categories are otherwise objectionable and unlimited depositions of Mr. Hardegree, a counsel in Regions' legal department, and Ms. Petty, a paralegal in Regions' legal department, are improper violations of the Regions' attorney client privilege and the attorney work product doctrine.  For the reasons set forth below and in the previously filed BB&T's and Regions' Opposition to Plaintiffs' 7/5/11 Request for an Advisory Opinion Regarding Unauthorized Discovery [**DE # 1748**], the Court should enter an Order protecting Regions and BB&T from the Notices and any other unauthorized discovery served by Plaintiffs.[1]

## I. PLAINTIFFS' DEPOSITION NOTICES ARE UNAUTHORIZED.

Prior to filing this Motion for a Protective Order, Defendants' counsel asked Plaintiffs' counsel to identify any federal rule, local rule or order of this Court that permitted Plaintiffs' discovery.  They could not because Plaintiffs' discovery is not conducted pursuant to any legal authority.  Twice Plaintiffs sought to have this Court authorize a discovery period but this Court has not done so. [DE # **1566**, **1633**].  To the contrary, instead of ordering discovery, this Court ordered Plaintiffs' to file their responses to Defendants' renewed motions to compel arbitration. [DE # **1649**].  Subsequently, the Court allowed arbitration-related discovery in cases involving other differently-situated banks and specifically noted that the discovery schedule did not apply to the Second Tranche cases.  [DE # **1673**].

Plaintiffs have no authority to conduct discovery under the auspices of the federal rules.  No civil discovery period has commenced, nor has any other order permitting depositions outside

---

[1] By agreement of counsel, Plaintiffs have postponed the depositions referenced in the Notices pending resolution of this motion.

of the discovery period been entered.[2] Plaintiffs have made no showing of good cause nor obtained an order from this Court allowing discovery outside of normal federal rules practice. *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-CV-310-T-27MAP, 2008 WL 927558 (M.D. Fla. Apr. 4, 2008) (denying plaintiff's motion to conduct limited discovery prior to Rule 26(f) conference); *see also Nassau Terminals, Inc. v. M/V Bering Sea,* No. 99-104-CIV-J-20C, 1999 WL 1293476, at *2 (M.D. Fla. July 1, 1999) ("The moving party ... must show good cause for departing from the usual discovery procedures."); *Qwest Communications Int'l., Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures.").

In sum, neither this Court, nor the federal rules, nor the local rules authorize Plaintiffs' Notices. Plaintiffs and Defendants conceded as much when, on June 2, 2011, they asked the Court to "convene a status conference to address the parties' respective positions regarding arbitration-related discovery." [DE # **1566**]. Plaintiffs further conceded this in their Motion to Require Timely and Substantive Responses to Limited Arbitration-Related Discovery in Advance of August 12, 2011 Hearing on Second Tranche Defendants' Renewed Motions to Compel Arbitration ("Plaintiffs' Motion") [DE # **1683**], in which, among other things, Plaintiffs requested leave from this Court to depose Defendants' Rule 30(b)(6) designees and any persons who authored declarations in support of Defendants' Renewed Motions to Compel Arbitration. Rather than wait for the Court's response to their request, Plaintiffs noticed 30(b)(6) depositions

---

[2] At the very least, a Rule 26(f) conference is a prerequisite to discovery under the federal rules yet no such conference has occurred. *See* Fed.R.Civ.P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.").

and shortly thereafter, noticed depositions for Regions' employees Ms. Townsend, Ms. Petty, and Mr. Hardegree, and BB&T employee Mr. Pridgen. This Court has declined to authorize a discovery period and the rules forbid such discovery.

## II.   ANY DISCOVERY SHOULD OCCUR IN ARBITRATION, NOT COURT.

The parties' respective arbitration agreements make clear that Plaintiffs' challenges to the validity of their arbitration agreements are to be determined by arbitrators, not in litigation. BB&T's Bank Services Agreement delegates for resolution by the arbitrator ". . . Claims regarding the applicability of this provision or the validity of this or any prior agreement." [1:10-cv-20813-JLK Doc. # **17-10** at 4; BSA § B; 1:10-cv-20820-JLK Doc. # **31-22** at 4; BSA § B.]  Regions Deposit Agreement delegates for resolution by the arbitrator "[a]ny dispute whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the scope or validity of this agreement to arbitrate . . . ." [1:10-cv-20476 Doc. # **9-6** at 26; Dep. Agmnt. § 34.]

The parties' delegation of threshold arbitration challenges to an arbitrator is enforceable and Plaintiffs' unconscionability challenges should be decided by an arbitrator. *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2777-79, 2781 (2010).  Plaintiffs' proposed discovery amounts to a *de facto* denial of their arbitration agreements in violation of the FAA and defeats the central purpose of delegating threshold issue resolution, and whatever discovery may be allowed for that purpose, to arbitration rather than litigation. *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("[O]ne of the principal benefits of arbitration" is "avoiding the high costs and time involved in judicial dispute resolution."); *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1751 (2011) (explaining that arbitration allows parties to benefit from lower costs, greater efficiency and speed, informality, confidentiality, and

procedural simplicity). Simply put, discovery to support Plaintiffs' attack on their arbitration agreements should occur, if at all, in arbitration, not litigation.

Moreover, Plaintiffs' Notices run afoul of the Federal Arbitration Act's ("FAA") mandate for speedy disposition of motions to enforce arbitration agreements. The FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 29 (1983). "[C]ongress' clear intent[] [in enacting the FAA was] to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id*. at 22. Accordingly, the party opposing arbitration must provide a compelling reason to subject the other side to the expense and delay of arbitration-related discovery. *See Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828-29 (S.D. Miss. 2001) (prohibiting defendant from conducting discovery before the court ruled on the motion to compel arbitration without compelling justification for discovery) (citing *Moses H. Cone*, 460 U.S. at 22)); *see also Kulpa, et al. v. OM Fin. Life Ins. Co., et al*, No. 1:07cv1136HSO, 2008 WL 351689, at * 1 (S.D. Miss. Feb. 6, 2008) (finding plaintiffs failed to make the necessary showing to justify permitting discovery prior to the court's consideration of the pending arbitration motions); *Bell v. Koch Foods of Mississippi, LLC*, No. CIVA308CV697WHBLRA, 2009 WL 1259054, at *3-4 (S.D. Miss. May 5, 2009) *aff'd*, 358 F. App'x. 498 (5th Cir. 2009) (noting that courts have generally denied arbitration-related discovery absent a compelling showing that such discovery is required).

Plaintiffs cannot provide any compelling reason for discovery for the simple reason that *Concepcion* has rendered the legal theories upon which they seek discovery invalid. In *Concepcion*, the Supreme Court made clear that an arbitration agreement cannot be invalidated on the theory that an individual claim is insufficient incentive to arbitration and therefore a class

action waiver renders the agreement unconscionable.  *Concepcion*, 131 S. Ct. at 1753 ("The dissent claims that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system.  But States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons."); *see also Bellows v. Midland Credit Mgmt., Inc.,* No. 09CV1951-LAB WMC, 2011 WL 1691323, at *3 (S.D. Cal. May 4, 2011)  (*Concepcion* "mak[es] clear the agreement to arbitrate is not substantively unconscionable merely because it includes a class action waiver."); *Day v. Persels & Assocs. LLC*, 2011 WL 1770300, at *7 (M.D. Fla. May 9, 2011) (granting motion to compel arbitration pursuant to a consumer agreement containing an arbitration clause, finding that *Concepcion* foreclosed a substantive unconscionability challenge to the clause's class waiver).  The Federal Arbitration Act prohibits states from applying traditional contract defenses that are "normally thought to be generally applicable, such as duress or, as relevant here, unconscionability, . . . in a fashion that disfavors arbitration." *Concepcion*, 131 S. Ct. at  1747.  There is no testimony that Plaintiffs could receive on any of their proposed 30(b)6 topics that would change a proper analysis of their unconscionability challenge under *Concepcion*.  Neither discovery nor record supplementation will improve Plaintiffs' position or argument and the Court should apply to *Concepcion* to compel arbitration on the existing record.

### III.   PLAINTIFFS' NOTICES ARE FUNDAMENTALLY FLAWED

Even if depositions were permissible at this juncture and were permissible in this forum – which they are not – Plaintiffs' Notices are overbroad, unduly burdensome and invade attorney work product and attorney client privilege.  Defendants reserve the right to assert all objections to the Notices when and if discovery is authorized in this dispute, and the Notices are properly served on Defendants.

While the lack of a discovery period renders the Notices a nullity, in an abundance of caution, Defendants object to the Notices and the specific 30(b)(6) topics as irrelevant in light of the holding in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). Defendants further object to the 30(b)(6) topics as being overly broad and unduly burdensome. For example, as described more specifically in BB&T's and Regions' Objections to Plaintiffs' Interrogatory No. 6, BB&T and Regions anticipate that it would take each of them thousands of hours to compile the information necessary to identify the number of overdraft-fee-related complaints pertaining to consumer accounts.[3] Similarly, as described in BB&T's and Regions' Objections to Plaintiffs' Interrogatory No. 2, BB&T and Regions anticipate that it would take thousands of hours to compile the information necessary to identify the number of and results of arbitrations involving overdraft fees. These lengthy and burdensome reviews would be necessary before Defendants could prepare 30(b)(6) designees for deposition. Such burdens are far beyond those contemplated under the Federal Rules of Civil Procedure. Defendants further object to the 30(b)(6) deposition topics as being inappropriate for 30(b)(6) depositions, which are vehicles for fact discovery, not avenues through which Plaintiffs can assert legal theories and contentions.

Defendant Regions also objects to Plaintiffs' Notices directed to A. Lee Hardegree, III, a counsel in Regions' legal department, and Lee Ann Petty, a paralegal in Regions' legal department, as improper violations of Regions' attorney client privilege and the attorney work product doctrine. In *West Peninsular Title Co. v. Palm Beach Cnty.,* this Court recognized that

---

[3] Defendants hereby expressly incorporate all applicable objections set forth in their respective objections to Plaintiffs' interrogatories, requests for production and requests for admission, collectively attached hereto as Exhibit B.

"[c]ourts should exercise great care before permitting the deposition of an attorney." 132 F.R.D. 301, 302 (S.D. Fla.1990) (granting defendant's motion for a protective order) (internal citation omitted). Such care is necessary because "innocent inquiries at deposition often implicate work product or attorney-client privileges." *Id.* at 303. Thus, in seeking the deposition of an attorney, Plaintiffs must "show the propriety and need for the deposition by demonstrating that the deposition is the only practical means of obtaining the information and that other methods of discovery, such as written interrogatories, cannot be employed." *Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2007 WL 4414803, at *3-4 (S.D. Fla. Dec. 14, 2007) (citing *West Peninsular Title Co.*, 132 F.R.D. at 302). The same rationale applies to attorney support staff, such as paralegals. *See Montana Land & Mineral Owners Ass'n, Inc. v. Devon Energy Corp.*, No. CV 05-30-H-DWM, 2006 WL 1876859, at *5 (D. Mont. June 2, 2006) (depositions of paralegals, if allowed, must be limited to avoid inquiring into counsels' instructions or counsels' strategies); *see also Kallas v. Carnival Corp.*, No. 06-20115-CIV, 2008 WL 2222152, at *6 (S.D. Fla. May 27, 2008) (same in the context of motion to compel documents).

As Plaintiffs' Notices are both unauthorized and unnecessary, Defendants have not attempted to provide an exhaustive list of objections to the Notices here. Defendants specifically reserve their right to assert all objections to the Notices, when and if discovery is authorized in this case and Notices are properly served.

### IV.   DEFENDANTS HAVE GOOD CAUSE TO REQUEST THAT A PROTECTIVE ORDER BE ISSUED

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may protect a party from undue burden or expense upon a showing of "good cause." "Good cause" has been defined as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co.*

*Litigation,* 820 F.2d 352, 356 (11th Cir. 1987); *see also Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008). In deciding whether good cause exists, the court must balance the competing factors involved: the harm to the party seeking the protective order and the importance of the disclosure. *See New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916 CIV, 2007 WL 1068124, *1 (S.D. Fla. Apr. 6, 2007); *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). When motions are pending, "the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (internal citations omitted). In this regard, the law is well-established that "[a] court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Id.* at 652. Good cause exists here because Plaintiffs' Notices and other discovery are unauthorized, no Rule 26(f) conference has occurred, the parties' agreements dictate that any discovery to support Plaintiffs' attack on their arbitration agreements should occur, if at all, in arbitration, not litigation, discovery is not necessary for the Court's August 12 remand hearing and the Notices are overly broad, unduly burdensome and invade attorney client privilege and attorney work product.

Plaintiffs have been on notice since the outset of this litigation that Defendants intended to pursue their arbitration rights to the full extent permitted under the governing law. In fact, BB&T filed its original motions to compel arbitration on September 30, 2009 (Powell-Perry) [1:10-cv-20820-JLK Doc. # **31-16**] and October 5, 2009 (Barras) [1:10-cv-20813-JLK at Doc. # **17-6**] and Regions filed it original motion to compel arbitration on October 15, 2009. [1:10-cv-

20476 at Doc. # **6**] (A complete listing of the docket entries relating to the original motions is contained in Master Docket DE # 313, Schedule A.) Now, over a year after the question of arbitrability was first ruled on by this Court, after that decision was reviewed by the Eleventh Circuit Court of Appeals, and after the Eleventh Circuit vacated this Court's initial decision and remanded the case to this Court for reconsideration in light of *Concepcion*, Plaintiffs seek depositions on arbitration-related issues. That they chose to proceed to ruling in 2010 without discovery demonstrates that there are no contested issues relating to arbitration on which discovery is truly needed.

Here, Defendants will be significantly harmed if they participate in discovery as Plaintiffs will then argue that Defendants' participation in discovery waived either Defendants' right to compel arbitration or Defendants' right to have an arbitrator determine all arbitration threshold issues. Defendants will lose the benefit of the decreased costs and streamlined individual dispute resolution contained in their deposit agreements. Defendants will incur unnecessary expense and undue burden associated with engaging in discovery that was not necessary when the Court first addressed arbitrability issues.

On the other hand, Plaintiffs will not be prejudiced if this Court grants Defendants' Motion for Protective Order. Plaintiffs did not believe discovery was important enough to delay resolution of Defendants' motions to compel arbitration more than one year ago and no arbitration related facts have changed in the interim. Granting Defendants' requested protective order will save the Plaintiffs, the Defendants and the Court effort and expense. The protective order will preserve the status quo until Plaintiffs are compelled to comply with their contractual agreements to resolve disputes in accordance with the dispute resolution procedures included in their deposit agreements. Finally, the protective order will allow this Court to determine whether

and to what extent discovery is allowable or helpful to reevaluate Defendants' motions to compel arbitration in light of *Concepcion*. In balancing the competing interests, this Court should find that issuing a protective order does not unduly prejudice Plaintiffs and protects Defendants from undue burden, and the possibility of waiving their right to arbitration.

## V. DISCOVERY WILL DELAY THE AUGUST 12 REMAND HEARING.

The Court has scheduled a hearing on August 12, 2011 to address the remand of five cases, including three of the cases for which this response is filed. [DE # **1656**] Plaintiffs seek to link their unauthorized one-sided discovery to this remand hearing. The discovery is not so linked but, if it did become necessary for the Court to allow discovery to address remand, such discovery could not practically or fairly be completed by August 12, 2011.

The Eleventh Circuit did not direct this Court to allow discovery or to expand the factual record in the remanded cases. To the contrary, the Eleventh Circuit simply directed the Court to reconsider Plaintiffs' unconscionability challenges in light of seminal new authority in the United States Supreme Court's *Concepcion* decision *In re Checking Account Overdraft Litig.*, No. 10-12374, 2011 WL 1659559 (11th Cir. Apr. 28, 2011) (Powell-Perry); *In re Checking Account Overdraft Litig.*, No. 10-12377, 2011 WL 1659562 (11th Cir. Apr. 28, 2011) (Barras); *In re Checking Account Overdraft Litig.*, No. 10-12376, 2011 WL 1663989 (11th Cir. Apr. 29, 2011) (Hough). That the Eleventh Circuit indicated in a footnote that "[t]his is an unlimited remand" lends no support to Plaintiffs' discovery position. The phrase "unlimited remand" is a procedural designation rather than a substantive one, which simply dictates that future appeals

are not directed to the same panel. *See Tilton v. Playboy Entm't Group, Inc.*, 554 F.3d 1371, 1379 (11th Cir. 2009) (interpreting the meaning of an "unlimited" remand).[4]

Should the Court determine in the future that a period of discovery is required for its remand-related decisions, that discovery could not fairly be completed before the August 12 hearing. While Defendants' maintain that discovery must occur in arbitration, if at all, should the Court overrule Defendants' objections, discovery rights must be defined, limited, mutual and provide sufficient time for meaningful completion. For all parties to conduct written discovery and then use the results of that discovery to depose even a limited number of witnesses would be impossible to complete prior to August 12, 2011. In those instances when the Court has allowed limited arbitration-related discovery, it has set a 90-day period for the parties to conduct limited discovery on limited topics. [DE # **1576**, **1673**]. Less than twenty days remain to the August 12 remand hearing.

## VI.     CONCLUSION

Plaintiffs' Notices are unauthorized and unnecessary. There is no pending discovery period so there is no legal basis for Plaintiffs to propound or compel discovery. Any grant of discovery at this point would run afoul of the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida and the FAA. Discovery was not necessary for the Plaintiffs to oppose arbitration when Defendants originally moved to compel arbitration and *Concepcion* makes Plaintiffs' discovery irrelevant now. Defendants respectfully request that this Court grant

---

[4] In *Tilton*, the Court remanded for further proceedings related to a particular issue, namely, the non-award of attorneys' fees. Judge Pryor's explanation for what "unlimited" means is illuminating: "[t]his remand is unlimited; that is, we do not retain jurisdiction over this case." *Id.* at 1379. Likewise, the Eleventh Circuit's remand here is properly interpreted as limited in scope to a "reconsideration in light of [*Concepcion*]," but "unlimited" in the sense that the Court of Appeals is not retaining jurisdiction and new appeals may be directed to new panels.

their Motion for a Protective Order to avoid any uncertainty regarding the propriety of discovery at this stage of the litigation.

Respectfully submitted this 25th day of July, 2011.

          **PARKER, HUDSON, RAINER & DOBBS LLP**

By:    /s/ William J. Holley
        William J. Holley, II
        Georgia Bar No. 362310
        *wjh@phrd.com*
        Nancy H. Baughan
        Georgia Bar No. 042575
        *nhb@phrd.com*
        David B. Darden
        Georgia Bar No. 250341
        *dbd@phrd.com*

        1500 Marquis Two Tower
        285 Peachtree Center Avenue
        Atlanta, Georgia  30303
        (404) 523-5300 (telephone)
        (404) 522-8409 (facsimile)

*Counsel for Branch Banking and Trust Company, Regions Financial Corporation and Regions Bank*

## **CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)(A)**

In accordance with Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this motion but that such efforts have not resolved the issues raised.

This 25th day of July, 2011.

By: /s/ William J. Holley
William J. Holley, II
PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
(404) 523-5300 (telephone)
(404) 522-8409 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 25th day of July, 2011.

                By:    /s/ William J. Holley
                         William J. Holley, II
                         PARKER, HUDSON, RAINER & DOBBS LLP
                         1500 Marquis Two Tower
                         285 Peachtree Center Avenue
                         Atlanta, Georgia  30303
                         (404) 523-5300 (telephone)
                         (404) 522-8409 (facsimile)

2005926_2