IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-md-02036-JLK CIV

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Larsen v. Union Bank, N.A.*<br>S. D. Fla. Case No. 1:09-MD-02036-JLK<br>N.D. Cal. Case No. 4:09-cv-03250-PJH | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' NOTICE OF FILING AFFIDAVIT OF SERVICE OF SUBPOENA**

Plaintiffs, by and through undersigned counsel, notices the filing of the Affidavit of Service of a Subpoena for Deposition served upon Richard C. Hartnack on July 6, 2011.

Dated: August 1, 2011.                          Respectfully submitted,

/s/Steven C. Marks
Steven C. Marks, Esq.
Florida Bar No. 516414
smarks@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

<sub>
</sub>
<sup>
</sup>

<sub>
</sub>

<sup>
</sup>

<sub>

</sub>

<sub>

</sub>

<sup>
</sup>

<sub>
</sub>

<sub>
</sub>

<sub>
</sub>

<sub>

</sub>

<sup>
</sup>

<sub>
</sub>

<sub>

</sub>

<sub>
</sub>

<sub>
</sub>

<sub>

</sub>

<sub>
</sub>

<sub>
</sub>

<sup>
</sup>

<sup>
</sup>

<sub>
</sub>

<sub>
</sub>

<sup>
</sup>

<sub>
</sub>

<sup>
</sup>

<sub>

</sub>

<sub>
</sub>

<sup>
</sup>

<sub>
</sub>

<sup>
</sup>

<sub>
</sub>

<sub>
</sub>

<sub>
</sub>

<sub>
</sub>

<sup>
</sup>

<sub>

</sub>

<sub>
</sub>

<sub>
</sub>

<sub>
</sub>

<sup>
</sup>

<sup>
</sup>

<sub>
</sub>

<sub>

</sub>

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

## AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## District of Minnesota

Case Number: MDL-02036

Plaintiff:
**IN RE: CHECKING ACCOUNT OVERDRAFT LIT.**

vs.

Defendant:
**LARSEN v. UNION BANK, N.A.**

For:
Steven C. Marks, Esq.
PODHURST ORSECK, P.A.
25 W. Flagler St.
Suite 800
Miami, FL 33130

Received by AMS Process Service, Inc. on the 27th day of June, 2011 at 2:30 pm to be served on **RICHARD C. HARTNACK, VICE CHAIRMAN OF CONSUMER & SMALL BUSINESS BANKING, US BANCORP CENTER, MINNEAPOLIS, MN 55402.**

I, Jeremy Fuchs, being duly sworn, depose and say that on the **6th day of July, 2011 at 12:00 pm, I:**

**Substitute Served** by leaving a true copy of this **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION and A WITNESS FEE CHECK IN THE AMOUNT OF $50.00** with the date and hour of service endorsed thereon by me, at the within named person's usual place of business, to a person employed therein to wit: AMY WISNIEWSKI as PARALEGAL FOR US BANK who stated he/she is AUTHORIZED TO ACCEPT SERVICE OF PROCESS and informing said person of the contents thereof.

**Additional Information pertaining to this Service:**
MR. HARTNACK WORKS IN A LOCKED AREA AT GIVEN ADDRESS. AFTER GAINING ACCESS ON TWO SERVICE ATTEMPTS, TWO DIFFERENT ASSISTANTS TO MR. HARTNACK ADVISED THAT MR. HARTNACK WOULD NOT NOW OR EVER COME OUT TO PERSONALLY ACCEPT SERVICE AND THAT I SHOULD SERVE THE SUBPOENA THROUGH THE BANK'S LEGAL DEPARTMENT. SERVICE WAS ACCEPTED BY AMY WISNIEWKI, US BANK PARALEGAL AT 800 NICOLLET MALL, #2100 MINNEAPOLIS, MN 55402.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Jeremy Fuchs
Process Server

Subscribed and Sworn to before me on the 12th day of July, 2011 by the affiant who is personally known to me.

NOTARY PUBLIC

DAVID HALLDORSON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

AMS Process Service, Inc.
5881 S.W. 49 Street
Miami, FL 33155
(305) 662-4440

Our Job Serial Number: 2011001464

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5i

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| IN RE: CHECKING ACCOUNT OVERDRAFT LIT. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   MDL-02036 |
| LARSEN v. UNION BANK, N.A. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | S.D. FLA. CASE # 09-CV-23235JLK   ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: RICHARD C. HARTNACK, Vice Chairman of Consumer & Small Business Banking, US Bancop Center, Minneapolis, Minnesota 55402

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: BENCHMARK REPORTING, 222 S. 9th Street #450, Minneapolis, MN 55402 | Date and Time:<br>08/04/2011 9:30 am |
|---|---|

The deposition will be recorded by this method:   Video taped/Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/21/2011

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff, Orlando Lanza
_____ , who issues or requests this subpoena, are:

Steven C. Marks, Esq., Podhurst Orseck, P.A.
25 West Flagler Street, Suite 800, Miami, FL 33130
Telephone: (305) 358-2800

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL-02036

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).