**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

_____
                                          )
IN RE: CHECKING ACCOUNT                   )
OVERDRAFT LITIGATION                      )
                                          )
MDL No. 2036                              )
*Second Tranche*                          )
_____ )

_____
                                          )
THIS DOCUMENT RELATES TO:                 )
                                          )
*Gordon v. Branch Banking and Trust Company* )
S.D. Fla. Case No. 1:09-CV-23067-JLK      )
_____ )

**BRANCH BANKING AND TRUST COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE RENEWED MOTION TO COMPEL ARBITRATION**

**I.    INTRODUCTION**

This Court should deny Plaintiff's Motion to Strike Branch Banking and Trust Company's ("BB&T") Renewed Motion to Compel Arbitration ("Motion to Strike").  Intervening binding precedent, most notably *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011), has removed all support for Plaintiff's unconscionability challenge such that this Court's prior interlocutory orders no longer rest on sound law and this Court should now compel arbitration.  Plaintiff's request for this Court to strike BB&T's motion is not permitted by the Federal Rules of Civil Procedure and, contrary to Plaintiff's argument, neither res judicata, law of the case doctrine nor waiver principles have any applicability to the procedural and factual posture of this case.  The Eleventh Circuit's remand of all other Second Tranche cases, including BB&T's sister cases in this MDL, *Barras v. Branch Banking & Trust Co.*, 2011 U.S. App. LEXIS 8800, *1 (11th Cir. Apr. 28, 2011) and *Powell-Perry v. Branch Banking & Trust Co.*, 2011 U.S. App. LEXIS 8803, *1 (11th Cir. Apr. 28, 2011), demonstrates that arbitration law has changed and this Court should apply the law as it currently exists to the identical arbitration agreement at issue in all three BB&T

cases. No merits litigation has occurred in an MDL case against BB&T and each case is ripe for application of *Concepcion*, *Rent-A-Center*, and *Cappuccitti*. The Court should deny Plaintiff's Motion to Strike and compel arbitration in strict accordance with the parties' agreement.

## II.     BACKGROUND

Despite Plaintiff's express arbitration and class action waiver agreement with BB&T, on May 22, 2009, Plaintiff filed a putative class action lawsuit against BB&T in the Superior Court of Fulton County, Georgia challenging overdraft charges assessed by BB&T on Plaintiff's checking account. (Doc. 1-2 at 3.)[1] BB&T removed Plaintiff's complaint to the United States District Court for the Northern District of Georgia on June 29, 2009. (Doc. 1 at 2–3.) On July 7, 2009, BB&T filed BB&T's Motion to Enforce Arbitration Agreement and Dismiss the Complaint ("Original Arbitration Motion") invoking the Federal Arbitration Act ("FAA") to compel individual arbitration pursuant to the parties' arbitration agreement. (Doc. 6 at 1; Doc. 7 at 1.) Plaintiff opposed that motion on the ground that the class action waiver rendered the arbitration agreement unconscionable under *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007). (Doc. 8 at 4.)

On October 2, 2009, the transferor District Court entered an interlocutory order denying BB&T's Original Arbitration Motion. (Doc. 18 at 1.) On October 7, 2009, this case was transferred to the MDL before this Court. (Doc. 19 at 1.) On October 15, 2009, BB&T filed BB&T's Motion to Reconsider ("Reconsideration Motion"), which asked this Court to reconsider the October 2, 2009 order denying BB&T's Original Arbitration Motion. (Doc. 23; Doc. 24.) One of BB&T's reconsideration grounds was that the transferor court disregarded the provision delegating threshold arbitration challenges to the arbitrator. (Doc. 24 at 17.) On November 6, 2009, this Court entered an interlocutory order denying BB&T's Reconsideration Motion. (Doc. 44 at 1.) BB&T timely appealed both decisions.

At issue in BB&T's appeal was whether the parties' arbitration agreement is substantively unconscionable under the law of Georgia because it contains a class action waiver. As recognized by the *Gordon* panel, no Georgia court has passed on this question. *Gordon v. Branch Banking & Trust*, 2011 U.S. App. LEXIS 6275, *5 (11th Cir. Mar. 28, 2011). On February 12, 2010, BB&T closed appellate briefing with the timely filing of its Appellant's Reply Brief ("Reply Brief"). More than four months after BB&T filed its Reply Brief, the Supreme Court of the United States issued its

---

[1] Unless otherwise indicated, all document numbers refer to the individual docket for this case, S.D. Fla. Case No. 1:09-CV-23067-JLK.

2

opinion in *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010), which established a threshold unconscionability analysis for arbitration agreements containing provisions delegating the determination of the validity of the agreement to the arbitrator, such as the arbitration agreement at issue in this case. *Id.* at 413. Almost four months later, and more than eight months after BB&T filed its Reply Brief in the Eleventh Circuit, the Eleventh Circuit issued its reported opinion in *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010), which held that the plaintiff's ability to assert a Georgia FBPA claim negates her unconscionability argument based on unavailability of attorneys' fees because such a potential claim was available at the time of contract formation. *Cappuccitti*, 623 F.3d at 1126–27.

A panel of the Eleventh Circuit (the "*Gordon* panel") heard oral argument on March 8, 2010 and issued its unpublished opinion on March 28, 2011. The *Gordon* panel declined to take *Cappuccitti* into consideration because the district court had not first considered it but noted that *Cappuccitti* raised a "serious and substantial" argument. *Gordon*, 2011 U.S. App. LEXIS 6275 at *11, 14. The *Gordon* panel did not address or acknowledge the Supreme Court's decision in *Rent-A-Center*. Thus, the *Gordon* decision did not apply *Rent-A-Center* or *Cappuccitti* to BB&T's arbitration agreement. On April 18, 2011, BB&T asked the *Gordon* panel for either panel or *en banc* rehearing. On June 3, 2011, the panel denied BB&T's request without explanation.

Obviously the *Gordon* panel's March 28, 2011 opinion did not consider the later-issued April 27, 2011 decision of the United States Supreme Court in *Concepcion*, holding that the FAA prohibits states from conditioning the enforceability of arbitration agreements on the availability of class wide arbitration procedures. Most important, the Supreme Court considered and rejected the substantively identical challenge to arbitration raised by Plaintiff: "The dissent claims that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system. But States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons." *Id.* at 1753.

Reacting to *Concepcion*, on April 28, 2011, the Eleventh Circuit vacated the order denying the various motions to compel arbitration filed by all Second Tranche banks, including BB&T's motions to compel arbitration in the *Barras* and *Powell-Perry* cases based on the exact same arbitration agreement at issue in *Gordon*. The Eleventh Circuit directed this Court to reconsider those cases in light of *Concepcion*. On July 11, 2011, the *Gordon* case was remanded from

interlocutory appeal. This Court is now presented its first opportunity to review *Gordon* in light of *Concepcion*, *Rent-A-Center*, and *Cappuccitti*.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

**A.   <u>A motion to strike a motion is not permitted under the Federal Rules</u>.**

No relief is available to Plaintiff under her Rule 12(f) Motion to Strike. First, and most important, a motion to strike applies only to pleadings, which <u>does not include motions</u>. *See Santana v. RCSH Operations, LLC*, 2011 U.S. Dist. LEXIS 21814, *2–4 (S.D. Fla. Feb. 18, 2011); *see also Croom v. Balkwill*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("To object to the substance contained in a motion, the opposing party should raise such objections in the material it submits in opposition to the motion, rather than in a motion to strike."); *Mann v. Darden*, 2009 U.S. Dist. LEXIS 63044, *2 (M.D. Ala. July 6, 2009); *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 203 (D.N.M. 2005) ("There is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda."); *Phinney v. Paulshock*, 181 F.R.D. 185, 207 (D.N.H. 1998); *Weiss v. PPG Indus., Inc.*, 148 F.R.D. 289, 292 (M.D. Fla. 1993); 2-12 *Moore's Federal Practice*, Civil § 12.37 (2011) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions . . . may not be attacked by the motion to strike."). Plaintiff cites no authority to the contrary. Thus, Plaintiff's Motion to Strike BB&T's Renewed Motion is not permitted and the Court should deny the Motion to Strike for this reason alone.

Second, when, unlike here, a motion to strike is available, such a motion is to be "granted sparingly and generally disfavored by courts. As this Circuit has held, a motion to strike a pleading is a drastic remedy to be resorted to only when required for the purposes of justice. A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. " *TracFone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (citations and quotations omitted). Plaintiff fails to meet this high standard or any other cognizable standard for granting a motion to strike under Rule 12(f) and the Court should deny the Motion to Strike.

**B.   <u>BB&T has not waived its right to ask this Court to apply intervening binding authority</u>.**

    **1.   Neither this Court nor the Eleventh Circuit has reviewed the parties' arbitration provision under *Concepcion*, *Rent-A-Center*, or *Cappuccitti*.**

This Court did not and could not apply the 2010 and 2011 *Concepcion*, *Rent-A-Center*, and *Cappuccitti* decisions in its November 2009 interlocutory consideration of BB&T's Reconsideration

Motion. Until the Second Tranche August 12, 2011 hearing, this Court will not consider the application of these authorities to BB&T's arbitration agreement (the same agreement is at issue in *Powell-Perry*, *Barras* and *Gordon*). In its very first opportunity to do so with the *Gordon* case, BB&T asked this Court to compel arbitration pursuant to the authority announced in *Concepcion*, *Rent-A-Center*, and *Cappuccitti*.

Likewise, the Eleventh Circuit has not reviewed BB&T's arbitration agreement under *Concepcion*, *Rent-A-Center*, or *Cappuccitti*. Indeed, until this Court considers and applies the legal holdings of these cases, the Eleventh Circuit will have no decision to review.

> 2. **This Court may and should consider *Concepcion*, *Rent-A-Center*, and *Cappuccitti* on remand from interlocutory appeal.**

Interlocutory appellate review differs from final judgment appellate review. *See, e.g.*, 28 U.S.C. §§ 1291, 1292. Because the doctrine of res judicata -- and its supporting principles of closure and finality -- only apply to cases in which there has been a final judgment, res judicata is not applicable to interlocutory orders. *See Israel Discount Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992). Most important, once a case has returned to the district court from interlocutory appeal "the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal." *Aldridge v. Lily-Tulip, Inc.*, 40 F.3d 1202, 1208 (11th Cir. 1994) (citing *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985)); *accord*, *Ruehman v. Village of Palos Park*, 842 F. Supp. 1043, 1065 (N.D. Ill. 1994) (A party argued that an "issue should not be considered on reconsideration [after an interlocutory appeal] because it was not raised previously. No final judgment has been entered in this case. It is well within this court's discretion to consider new arguments on reconsideration of an interlocutory order.").

No district court has had the opportunity to apply the legal principles set forth in *Concepcion*, *Rent-A-Center*, and *Cappuccitti* to this case. The Eleventh Circuit made clear that the application of these new cases should be evaluated at the district court level so that the appellate court is not the court of first impression. Thus, Branch Banking and Trust Company's Renewed Motion to Compel Arbitration and Stay or Dismiss Litigation and Incorporated Memorandum of Law (the "Renewed Motion") represents the most expeditious vehicle for this Court's review and application of seminal new law.

Plaintiff's argument that the Eleventh Circuit's denial of BB&T's motion for rehearing somehow was a decision on the merits of *Concepcion* has no factual or legal support.[2] (Mtn. to Strike at 6.) The one sentence order makes no reference to *Concepcion*. (Doc. 1749-1 at 4.) And, clear precedent holds that such decisions are of <u>no</u> significance. An *en banc* denial has no bearing on the merits of the case and has no precedential value. *See, e.g.*, *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 889 (11th Cir. 2010) (Edmonson, J., concurring) ("Decisions on whether or not to grant en banc rehearing are not decisions on the merits of the appeal."); *Luckey v. Miller*, 929 F.2d 618, 622 (11th Cir. 1991) ("The dearth of stated reasons for the denial of en banc review underscores the risk of attributing any meaning to that decision within the context of the law of the case. We are convinced that such a practice would be untenable in light of the extraordinary nature of en banc review by this court."). Indeed, it is highly likely that the Eleventh Circuit denied *en banc* appeal to allow this Court to apply *Concepcion*, *Rent-A-Center*, and *Cappuccitti* on first impression.

Likewise and as explained in the Renewed Motion, "law of the case" does not preclude application of *Concepcion*, *Rent-A-Center*, or *Cappuccitti*. First, the law of the case doctrine "does not bar consideration of matters that could have been, but were not, resolved in earlier proceedings." *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). Second, the law of the case doctrine does <u>not</u> apply where controlling authority has been rendered that is contrary to the previous decision. *Culpepper v. Irwin Mortg. Corp.*, 491 F.3d 1260, 1271 (11th Cir. 2007). *Concepcion*, *Rent-A-Center*, and *Cappuccitti* are controlling authorities contrary to the previous decision of this Court denying enforcement of the parties' arbitration agreement.

### 3.    Plaintiff's waiver theory is misplaced.

The Eleventh Circuit waiver doctrine argued by Plaintiff is inapplicable to a district court. The Eleventh Circuit's rule of practice governing what issues it will hear on appeal is neither jurisdictional nor applicable outside the Circuit Court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).[3] Moreover, the waiver doctrine only applies to appellate

---

[2] This argument is illogical for the additional reason that the Eleventh Circuit explicitly remanded numerous cases -- including BB&T cases with virtually identical arbitration clauses -- for reconsideration in light of *Concepcion*. These remands directly contradict Plaintiff's theory that the Eleventh Circuit has found *Concepcion* inapplicable here. (*See* Mtn. to Strike at 3.)

[3] In contrast, the U.S. Supreme Court takes a different and more liberal view of the waiver doctrine. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly

courts -- not trial courts. *See id.* at 1331 ("An issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (emphasis added).

The reason for the Eleventh Circuit waiver principles is clear: a court of appeals is a court of review. If a district court did not decide something, there is nothing for the appellate court to review. *See id.* at 1331 (appellate courts "review claims of judicial error in the trial courts."). This is, in part, because the district court is well-suited to make fact-bound determinations, while an appellate court is not. *See id.* at 1331 (" If [appellate courts] were to regularly address questions -- particularly fact-bound issues -- that districts court never had a chance to examine, [appellate courts] would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court."). Plaintiff has not cited the Court to any legal authority applying the Eleventh Circuit's waiver rule to district courts because none exists.

Contrary to Plaintiff's misplaced view, the Eleventh Circuit waiver rule illustrates exactly why this Court must apply *Concepcion*, *Rent-A-Center*, and *Cappuccitti* to *Gordon*. This Court should be the court of first impression in applying the new law to the arbitration agreement at issue in *Gordon*, *Barras* and *Powell-Perry*. BB&T has timely and efficiently presented critical legal issues to this Court at the earliest opportunity and the most efficient resolution is for the Court to review application of the same law to the same agreement at the same time.

Plaintiff's waiver arguments are easily rebutted. First, Plaintiff cites three cases that are completely dissimilar to the procedural posture of this case. *Strategic Def. Int'l v. United States*, 745 F. Supp. 2d 1214 (M.D. Fla. 2010); *In re Seroquel Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 115652 (M.D. Fla. Nov. 6, 2009); *Lee Mem. Health Sys. v. Medical Sav. Ins. Co.*, 2007 U.S. Dist. LEXIS 49207 (M.D. Fla. July 9, 2007). The decisive reasoning of these cases is based on factors that simply are not present here. None of Plaintiff's cited cases address dispositive intervening case law and none of Plaintiff's cited cases address a case remanded to the district court after an interlocutory appeal.

The first case cited by Plaintiff, *Strategic Defense*, does not apply because the filings at issue attempted to re-litigate a criminal conviction after a trial and final judgment. 745 F. Supp. 2d at 1220 n.2. There has been no trial or final judgment in this case. In addition, unlike any party here, the defendant in *Strategic Defense* had previously been enjoined from filing any further pleadings.

---

presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below.").

*Id.* And, again, there is no suggestion in *Strategic Defense* that intervening case law changed the outcome of the case. *Id.* at 1222.

The second case cited by Plaintiff, *In re Seroquel*, likewise does not apply. In that case, the party making a renewed motion waited 10 months to file its renewed motion after its first opportunity to do so. 2009 U.S. Dist. LEXIS 115652 at *157–58. Here, BB&T filed its Renewed Motion immediately upon this case's return to this Court. In addition, the *In re Seroquel* court found that the party making the renewed motion filed the motion for a reason wholly unrelated to the merits of the motion. *Id.* Unlike *In re Seroquel*, BB&T is seeking the same relief it has always sought in this case -- the enforcement of the parties' binding arbitration agreement. And, again, there is no suggestion in *In re Seroquel* that intervening case law changed the outcome of the case. *Id.*

The last case cited by Plaintiff, *Lee Memorial*, has no application. The defendant filed two post-verdict "renewed" motions. 2007 U.S. Dist. LEXIS 49207 at *1–2. The court denied the first motion because "nothing has changed." *Id.* Here, of course, the entire framework for analyzing unconscionability challenges to arbitration agreements has been changed by *Concepcion*, *Rent-A-Center*, and *Cappuccitti*. The second motion was entertained by the court, but ultimately denied because the court found that the evidence to uphold the verdict was sufficient. *Id.* at *2–6. There has been no verdict here (or merits litigation) -- the Court is free to apply new case law to the threshold issue whether the FAA mandates application of the parties' dispute resolution provision in its entirety.

Plaintiff's only other argument for why this Court should ignore *Concepcion* is her incorrect allegation that BB&T's prior filings in this Court and the Eleventh Circuit never raised FAA preemption of Georgia unconscionability law. (Mtn. to Strike at 6.) BB&T explicitly invoked § 2 of the FAA in its Original Arbitration Motion. (Doc. 7-2 at 5, 6.) This section of the FAA compels preemption of state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives. *See, e.g.*, *Concepcion*, 131 S. Ct. at 1746, 1748. Moreover, Plaintiff does not explain <u>how</u> or under what <u>legal theory</u> failure to raise FAA preemption would bar the Court from applying *Concepcion* now. The only case cited by Plaintiff, *Ferrill v. Parker Group, Inc.*, 168 F.3d 468 (11th Cir. 1999) is wholly inapplicable. The Eleventh Circuit declined to review an issue not presented to the district court and raised the first time on appeal. *Id.* at 475. To avoid this very problem, BB&T has raised *Concepcion*, *Rent-A-Center*, and *Cappuccitti* for this Court's application at BB&T's first opportunity to do so.

8

Plaintiff's *Rent-A-Center* waiver argument is specious. (Mtn. to Strike at 5–6.) First, it is unsupported by any legal authority. Second, BB&T did argue to this Court before appellate review that an arbitrator, not the Court should resolve Plaintiff's unconscionability challenge. (Doc. 24 at 17.) Third, while *Rent-A-Center* sets forth a new framework for analyzing the delegation clause within BB&T's arbitration agreement, BB&T has consistently asked that its arbitration agreement be enforced in its entirety.[4] Addressing a similar waiver argument, the court in *Clotfelter v. Cabot Inv. Props., LLC*, 2011 U.S. Dist. LEXIS 33777 (M.D. Fla. Mar. 29, 2011), stated:

> The Court is not persuaded by the Plaintiffs' argument that the Defendants waived any reliance on Rent-A-Center and related cases because the Defendants did not raise this issue until its supplemental reply brief. The Defendants at all times quoted the entire arbitration provision, including the sentence relating to the scope and applicability of the arbitration provision. . . . The Defendants also have consistently argued that the Plaintiffs are required to arbitrate and that all of the Plaintiffs' claims are arbitrable. The Court does not find that the Defendants' arguments in their supplemental reply brief (which rely on a sentence the Plaintiffs repeatedly omitted from all submissions to this Court) are inconsistent or contradictory.

2011 U.S. Dist. LEXIS 33777, *19–20 n.5. BB&T quoted the entire arbitration agreement -- including the delegation provision -- in its Original Arbitration Motion before the transferor district court. (Doc. 7-2 at 2–5.) Plaintiff's *Rent-A-Center* waiver argument has no merit.[5]

Plaintiff's *Cappuccitti* waiver argument erroneously attempts to apply the Eleventh Circuit waiver rule to the district court. (Mtn. to Strike at 5.) To be clear, *Concepcion* likely negates any further application of *Cappuccitti*'s substantive unconscionability analysis, but the change in the law announced in *Cappuccitti* negated Plaintiff's unconscionability theory even before the *Concepcion* decision. In any event and as discussed above, the fact that the *Gordon* panel would not review *Cappuccitti* because it had not been reviewed by the trial court below, explains why the district court

---

[4] Plaintiff's suggestion that the holding of *Rent-A-Center* was not new law and was always contained in *Prima Paint* and its progeny is belied by the 5-4 nature of the *Rent-A-Center* decision and the dissent, the commentary regarding *Rent-A-Center* noting that the holding was new, and by Plaintiff's own decision not to argue against delegation in response to the Original Arbitration Motion and Reconsideration Motion. *See, e.g.*, *Rent-A-Center*, 130 S. Ct. at 2781, 2786 (Stevens, J., dissenting) ("The Court's decision today goes beyond Prima Paint."); *Sajay Rai v. Ernst & Young, LLP*, 2010 U.S. Dist. LEXIS 93196, *10–11 (E.D. Mich. Sep. 8, 2010) (describing the "new system" set forth in *Rent-A-Center*); Russell, Kevin, "New rule for deciding validity of agreements to arbitrate arbitration," SCOTUSblog (http://www.scotusblog.com/?p=21931) (June 21, 2010).

[5] Notably, the *Gordon* panel never addressed *Rent-A-Center*, which allows this Court the first opportunity to apply *Rent-A-Center* to this case. *See, generally*, *Gordon*, 2011 U.S. App. LEXIS 6275.

9


should now apply *Cappuccitti* to Plaintiff's unconscionability challenge for final resolution of that challenge.[6] Moreover, nothing in the *Gordon* panel's decision purports to constrain this Court from applying *Cappuccitti*, or *Concepcion*, or *Rent-A-Center* for that matter.[7] Indeed, as the *Gordon* panel neither applied the issues raised by these intervening cases nor constrained this Court from doing so, the issues raised by *Concepcion*, *Rent-A-Center*, and *Cappuccitti* are properly before this Court and ripe for adjudication.

Judge Pannell from the Northern District of Georgia, the transferor district court judge, granted a renewed motion to compel arbitration in a similarly-postured case based on the intervening precedent of *Cappuccitti*. In *Jones v. DirecTV, Inc.*, Civil Action No. 1:09-CV-01036-CAP, Order (N.D. Ga. Feb. 24, 2011) (attached to the Renewed Motion as <u>Exhibit G</u>), the defendant filed a renewed motion to compel arbitration in the transferor district court after the defendant's original motion to compel arbitration was denied by the transferor district court and the denial was upheld by a panel of the Eleventh Circuit. The defendant's renewed motion to compel arbitration was based on *Cappuccitti* as intervening precedent. The transferor district court applied *Cappuccitti* and compelled arbitration, despite the unpublished Eleventh Circuit opinion to the contrary in that very case. *Id.* at 2. Here BB&T renewed its motion to compel arbitration based on *Concepcion*, *Rent-A-Center*, and *Cappuccitti* and should obtain the same outcome -- the Court should compel arbitration and stay or

---

[6] Plaintiff cites two unanalogous cases as support. Neither *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366 (S.D. Fla. 2002), nor *Lamar Adver., Inc. v. City of Lakeland*, 189 F.R.D. 480 (M.D. Fla. 1999), address the circumstances present in this case. Both of those cases dealt with motions for reconsideration under Federal Rule 60(b). *Burger King*, 181 F. Supp. 2d at 1369; *Lamar Adver.*, 189 F.R.D. at 489. The Renewed Motion is not a motion for reconsideration under Federal Rule 60(b).

[7] Importantly, prior to *Cappuccitti*, BB&T had no reason to argue against the general Eleventh Circuit rule recognizing the plaintiff as the master of her complaint. The *Gordon* panel cited the district court opinion in *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1369 (N.D. Ga. 2008), to recognize that a Georgia FBPA claim is among the legal claims available to a plaintiff like Plaintiff here challenging overdraft fees in a checking account. The *White* case, however, did not address arbitration or the alleged unconscionability thereof. *Id.* And, unlike Plaintiff, the plaintiffs in *White* included a FBPA claim in their complaint. *Id.* Indeed, shortly before *Cappuccitti*, a panel including Judges Marcus and Anderson issued an unpublished opinion rejecting the theory embraced in *Cappuccitti*. *Jones v. Direct TV, Inc.*, 381 Fed. Appx. 895, 897 (11th Cir. 2010) (unpublished). As discussed below, after *Cappuccitti* was issued as binding precedent for all courts in the Circuit, the district court granted a renewed motion despite the unpublished Eleventh Circuit opinion to the contrary in that very case.

10

dismiss the pending litigation. Although this precedent was cited in the Renewed Motion, Plaintiff completely failed to address it in her Motion to Strike.

C. **The most efficient manner to proceed is for the Court to consider BB&T's renewed motions in *Gordon*, *Barras* and *Powell-Perry* at the same time.**

BB&T's Renewed Motion is entirely consistent with the Eleventh Circuit's recent directive for this Court to apply *Concepcion* to the virtually identical arbitration challenges against BB&T in the two other cases in this MDL filed against BB&T. *Barras v. Branch Banking & Trust Co.*, No. 10-12377, 2011 U.S. App. LEXIS 8800, *1 (11th Cir. Apr. 28, 2011); *Powell-Perry v. Branch Banking & Trust Co.*, No. 10-12374, 2011 U.S. App. LEXIS 8803, *1 (11th Cir. Apr. 28, 2011). Likewise, BB&T's Renewed Motion allows the Court to address all Second Tranche cases at the same time and keep them on the same procedural schedule. Divergent application of relevant law to these cases could lead to inconsistent results that would be unfair to all parties. Equally important, judicial efficiency compels review of *Gordon*, *Barras* and *Powell-Perry* -- the only cases against BB&T -- at the same time. This Court should analyze the challenges to BB&T's arbitration agreements consistently and apply the same binding precedent consistently.

## IV.     CONCLUSION

Plaintiff has cited no applicable legal authority that supports its extraordinary request for this Court to strike BB&T's renewed motion to compel arbitration. The Federal Rules do not permit Plaintiff's request. Neither res judicata, nor "law of the case" nor any other doctrine bars this Court from applying intervening precedent to BB&T's interlocutory motion. Indeed, now that the case has returned from interlocutory appeal "the trial court is free to address, as a matter of first impression, those issues not disposed of on appeal." *Aldridge v. Lily-Tulip, Inc.*, 40 F.3d 1202, 1208 (11th Cir. 1994) (citing *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985)). With the recent mandate of this case, three MDL cases against BB&T are before the Court. The Court already has set a hearing on August 12, 2011 to address application of intervening case law to two of those cases (*Powell-Perry* and *Barras*). To treat this case consistently, the Court should apply the intervening authority in *Concepcion*, *Rent-A-Center* and *Cappuccitti* to compel arbitration in strict compliance with the parties' arbitration agreement.

11

This 5th day of August, 2011.

                    Respectfully submitted,

                    **PARKER, HUDSON, RAINER & DOBBS LLP**

                    */s/ William J. Holley, II*
                    William J. Holley, II
                    Georgia Bar No. 362310
                    Nancy H. Baughan
                    Georgia Bar No. 042575
                    David B. Darden
                    Georgia Bar No. 250341

                    1500 Marquis Two Tower
                    285 Peachtree Center Avenue
                    Atlanta, Georgia 30303
                    Telephone: (404) 523-5300
                    E-mail: wholley@phrd.com
                    E-mail: nbaughan@phrd.com
                    E-mail: ddarden@phrd.com

                    *Attorneys for Defendant Branch Banking and Trust Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing Branch Banking and Trust Company's Opposition to Plaintiff's Motion to Strike Renewed Motion to Compel Arbitration to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 5th day of August, 2011.

                                               */s/ William J. Holley, II*
                                               William J. Holley, II