UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Faith Gordon v. Branch Banking & Trust Co.*
No. 1:09-CV-23067-JLK

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER MOTION TO STRIKE
DEFENDANT'S RENEWED MOTION TO COMPEL ARBITRATION**

Plaintiff Faith Gordon offers this Reply in further support of the Motion to Strike Branch Banking & Trust Co.'s ("BB&T") improper Renewed Motion to Compel Arbitration and Stay Action (the "Renewed Motion") [**DE # 1721**]. BB&T has provided this Court with no legitimate basis upon which a party can "renew" a motion that has been previously denied by the District Court and the Court of Appeals. As such, this Court is well within its authority to strike the Renewed Motion.

**I.     Argument**

    **A.     This Court Has the Inherent Authority to Strike BB&T's Submissions.**

Defendant's first argument as to why Ms. Gordon's motion to strike should be denied is that motions to strike under Rule 12(f) only apply to pleadings, not motions. *See* Response, p. 4 [**DE # 1792**]. Defendant's argument is unfounded for several reasons. First, Plaintiff never cited Rule 12(f) as a basis upon which this Court could strike BB&T's improper Renewed Motion. *See Generally* Motion to Strike [**DE # 1749**]. Instead, Plaintiff requested that the Court strike the motion on the basis that it was an improper filing. *Id.* Based on the authority relied upon by BB&T in its own motion, such an approach is entirely proper. *E.g.*, *Croom v. Balkwill*, 672 F.

Supp. 2d 1280, 1285 (M.D. Fla. 2009).  Thus, BB&T's attempt to invoke Rule 12(f) as a basis to deny Ms. Gordon's motion is without merit.

The second reason BB&T's reliance upon Rule 12(f) is improper is because it fails to recognize that this Court has the inherent authority to strike a party's submissions other than pleadings.  *E.g.*, *Webster Capital Fin., Inc. v. Milt's Eagle, LLC*, 2011 WL 1155440 (D. Nev. Mar. 28, 2011); *Mazzeo v. Gibbons*, 2010 WL 3910072, at *3 (D. Nev. Sept. 30, 2010); *also Metzger v. Hussman,* 682 F. Supp. 1109, 1110 (D. Nev. 1988); *Calkins v. Shapiro & Anderson, LLP,* 2005 WL 3434718, at *3 (D. Ariz. Dec. 13, 2005); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991).  As the District Court in *Mazzeo* recognized, an alternative basis for striking improper filings "is the district court's 'inherent power over the administration of its business.  It has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation.'"  2010 WL 3910072, at *3 (quoting *Spurlock v. F.B.I.,* 69 F.3d 1010, 1016 (9th Cir. 1995)).

Indeed, judges within this District have recognized their inherent authority to strike improper submissions from the record.  *E.g.*, *White v. Satz*, 2007 WL 879715, at *1 (S.D. Fla. Mar. 21, 2007) ("Plaintiff is cautioned that any further improper filings shall be stricken from the Court record").  Clearly this Court has the authority and power to strike BB&T's baseless and improper Renewed Motion, which flies in the face of the Court's previous decisions as to the original motion to compel arbitration and the Eleventh Circuit's wholesale rejection of all of the bank's arguments.

Lastly, it should be noted that BB&T lacks any credibility in its attempt to invoke the Federal Rules as a basis for denying Ms. Gordon's motion to strike in light of the fact that BB&T filed motions to strike non-pleadings in the *Powell-Perry* and *Barras* cases.  *See* **DE # 1752, 1753** (moving to strike declarations).  The bank's motion to strike was not based on any federal rule.  Rule 56 certainly presents a vehicle to attack improper affidavits submitted in connection with summary judgment motions, but says nothing of arbitration motions.  However, BB&T did not hesitate to request that this Court strike such submissions.  Surely Defendant would not seek to deny Ms. Gordon the ability to invoke this Court's inherent authority to strike improper submissions, having just availed itself of the same power.

### B.     BB&T's Suggestion that it Has Not Waived These Arguments Defies Logic.

In support of its argument that BB&T did not waive certain arguments by failing to raise them previously, Defendant has the audacity to claim that "no district court has had the opportunity to apply the legal principles set forth in *Concepcion, Rent-A-Center*, and *Cappuccitti* to this case." *See* Response, p. 5.  Putting aside for a moment the fact that this statement is completely inaccurate, even if it were true, the only reason why this Court, or the Northern District of Georgia before it, did not have an opportunity to apply these legal principles is because BB&T failed to raise these issues when it moved to compel arbitration in the first instance.  This reality is apparently lost on BB&T, which would have this Court believe that it can fail to raise certain arguments that other defendants made using existing case law, and then attempt to brief them in a "renewed" motion under the theory that a party has no obligation to bring forth all arguments in support of a motion to compel arbitration.  Unfortunately for BB&T, common sense, and the Eleventh Circuit, have found otherwise.

Amazingly, after claiming that no District Court has had an opportunity to apply the legal principles set forth in *Rent-A-Center*, BB&T admits that it brought the *Rent-A-Center* decision to this Court's attention, albeit in the form of an untimely motion for reconsideration.  *See* Response, p. 9.  This Court properly rejected this belated attempt to raise such an argument. [**DE # 24** in Case No. 1:09-cv-23067-JLK].  As Ms. Gordon noted in her prior briefing, long before *Rent-A-Center*, the Supreme Court and the Eleventh Circuit recognized that parties may choose to have an arbitrator decide questions of arbitrability.  *E.g.*, *AT&T Techs., Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986); *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1011 (11th Cir. 1998).  BB&T had every opportunity to argue before this Court that, under existing law, the issue of arbitrability should be determined by an arbitrator.  It chose not to do so.  *See generally* Motion to Compel [**DE # 7** in Case No. 1:09-cv-23067-JLK]; BB&T's Reply [**DE # 13** in Case No. 1:09-cv-23067-JLK].  Quite to the contrary, BB&T expressly asked the courts to rule on arbitrability.  *E.g.*, Motion to Compel, p. 1 ("the court should compel arbitration").

This Court's recent ruling in the *Brown v. U.S. Bank* case is particularly instructive here.  In *Brown*, this Court granted the plaintiffs' motion to strike U.S. Bank's attempt to argue for the first time in its reply brief that the question of arbitrability was delegated to the arbitrator rather than the Court.  *See* **DE # 1769**.  Given that U.S. Bank's failure to raise this issue in its opening

motion to compel arbitration in *Brown* resulted in this Court finding the bank had waived any such argument, BB&T's failure to raise the delegation issue in its original arbitration motion or in its briefing to the Eleventh Circuit undoubtedly constitutes waiver.

Equally as unpersuasive is BB&T's attempt to argue that it did not waive its ability to rely upon *Cappuccitti*. The Eleventh Circuit's holding in this case confirms as much in *Gordon v. BB&T*, 419 Fed. Appx. 920 (11th Cir. 2011). There, the court explicitly found that BB&T waived any ability to rely upon *Cappuccitti*. *Id.* at 925. While BB&T argues that the Eleventh Circuit's holding only speaks to what arguments it may present ***on appeal***, such an argument was rejected by the Court of Appeals:

> BB&T never gave the district court the opportunity to consider whether Gordon had a palpable claim arising under the FBPA. Moreover, BB&T ***was on notice about the possibility of raising the issue well before we decided Cappuccitti***. Indeed, a district court in the Northern District of Georgia had held in *White v. Wachovia Bank, N.A.,* 563 F. Supp. 2d 1358, 1369 (N.D. Ga. 2008), that consumer checking account holders making substantially similar claims to those alleged by Gordon here sufficiently stated a claim under the FBPA for purposes of surviving a motion to dismiss.
>
> But even if BB&T had properly raised its argument in the district court, it would have abandoned the argument by failing to brief it on appeal.

*Id.* at 925-26. The Eleventh Circuit makes it clear that BB&T failed to give this Court an opportunity to reach the question springing from *Cappuccitti* even though it was on notice of such a possibility. This scenario is the epitome of waiver regardless of how BB&T tries to "spin" its past litigation strategy.

BB&T's failure to present any argument regarding the availability of attorney's fees and costs in any of its submissions here – *see generally* Motion to Compel [**DE # 7** in Case No. 1:09-cv-23067-JLK]; BB&T's Reply [**DE # 13** in Case No. 1:09-cv-23067-JLK] – deprives it of any ability to rely upon the decision on a renewed motion to compel arbitration in *Jones v. DirecTV, Inc.*, No. 1:09-cv-01036-CAP (N.D. Ga.). In both *Jones* and *Cappuccitti* DirecTV consistently made the argument – before the District Court and Court of Appeals – that the plaintiffs in each case would be automatically entitled to attorney's fees if they prevailed because they have valid claims under the FBPA. According to DirecTV, therefore, the holding of *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 (11th Cir. 2007), did not apply. In *Jones*, a three-judge panel rejected this argument and, in an unpublished decision, affirmed the District Court's finding that

the arbitration provision was unconscionable under Georgia law. *See generally Jones*, 381 Fed. Appx. 895 (11th Cir. 2010). A few months later, in a published decision, a different three-judge panel of the Eleventh Circuit agreed with DirecTV's argument and concluded that a court must consider unpled claims when determining whether a plaintiff can automatically recover attorney's fees. *See Cappuccitti*, 623 F.3d 1118 (11th Cir. 2010).

Given that two different panels of the Eleventh Circuit reached divergent conclusions on the same fact scenario and one decision was published, and another was not, the District Court in *Jones* apparently felt constrained to harmonize the two decisions by granting DirecTV's renewed arbitration motion. *See* Exh. G to **DE # 1721**.[1] The unique factual scenario presented in *Jones* is obviously not present here, as there is only one decision from the Eleventh Circuit regarding the BB&T arbitration clause, and that decision rejected BB&T's current arguments. *Generally Gordon*, 419 Fed. Appx. 920 (11th Cir. 2011). BB&T is bound by that decision and the ensuing mandate issued by the Eleventh Circuit.

Not surprisingly, BB&T makes absolutely no attempt to refute Ms. Gordon's showing that the Eleventh Circuit had ample opportunity to adequately consider the Supreme Court's decision in *Concepcion*. Instead, BB&T merely ignores this showing in hopes of avoiding reality. However, as Ms. Gordon demonstrated previously, BB&T filed no less than three notices of subsequent authority under Appellate Rule 28(j) regarding *Concepcion* with the Eleventh Circuit. *See* Exh. C to **DE # 1749**. Despite the Eleventh Circuit's awareness of *Concepcion*, not a single judge voted in favor of the petition for rehearing, including the same Eleventh Circuit judges who previously found it appropriate to remand the other appeals involving BB&T based on *Concepcion*. The Eleventh Circuit's rejection of BB&T's *Concepcion* arguments should not be disregarded by this Court.

Finally, rather than dispute Ms. Gordon's showing that the bank's prior submissions to this Court and to the Eleventh Circuit were devoid of any argument that the FAA preempts the application of Georgia law on unconscionability, BB&T attempts to excuse its failure to argue preemption in its previous submissions by suggesting that merely mentioning Section 2 of the FAA was sufficient. *See* Response, p. 8. As Plaintiff noted before, however, simply invoking

---

[1] It should be noted that BB&T failed to inform this Court that the District Court's subsequent decision in *Jones* was appealed to the Eleventh Circuit, where the appeal is pending. *See* 11th Cir. Appeal No. 11-10887.

Section 2 of the FAA is not sufficient to preserve the preemption argument the bank now relies upon because, as the Supreme Court noted in *Concepcion*, Section 2 of the FAA explicitly recognizes that arbitration clauses can be invalidated based on state law grounds such as unconscionability. 131 S. Ct. at 1746. Thus, BB&T's inclusion of Section 2 in its brief does not excuse its failure to argue preemption previously.

Clearly BB&T waived its ability to raise any argument in its Renewed Motion that it had failed to assert in its original motion.

**II.     Conclusion**

Based upon the foregoing, Plaintiff respectfully requests that this Court strike BB&T's improper Renewed Motion.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street
Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb | /s/ Michael W. Sobol |
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141903 | California Bar No. 215348 |
| Matt@WebbLLC.com | rheller@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Jordan Elias, Esquire |
| Georgia Bar No. 141315 | California Bar No. 228731 |
| FLemond@WebbLLC.com | jelias@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | LIEFF CABRASER HEIMANN & |
| 1900 The Exchange, S.E. |   BERNSTEIN L.L.P. |
| Suite 480 | Embarcadero Center West |
| Atlanta, GA 30339 | 275 Battery Street, 30th Floor |
| Tel: 770-444-9325 | San Francisco, CA 94111 |
| Fax: 770-444-0271 | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

7

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Faith Gordon v. Branch Banking & Trust Co.*
No. 1:09-CV-23067-JLK

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596