# EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CV-00208

Stephen T. Anderson, on behalf of himself )
and others so situated, )
)
Plaintiff, )
)
vs. )
)
Compass Bank, an Alabama corporation, )
)
Defendant. )

### DECLARATION OF STEPHEN T. ANDERSON

1. My name is Stephen T. Anderson. I am the class plaintiff in this case.

2. I am over the age of 18 and have personal knowledge of the facts and matters contained herein.

3. Sometime in 2002 or 2003, while I was a student at the University of Florida in Gainesville, Florida, I opened a checking account, which is the subject of this litigation at one of Compass Bank's Gainesville locations.

4. I consider a checking account a necessity in order to manage my personal finances.

5. My checks, bank statements (with the exception of those sent electronically) and other notices and communications from Compass were sent to my addresses in Gainesville and later to Fort Lauderdale, Florida.

6. When I opened the account in Gainesville, I signed some papers and was handed a large folder that contained a package of papers. The Compass Bank employee who assisted me in opening the account told me that the package contained papers relating to my account, but did not go over them with me in detail, and said I could review them later on my own time. The Compass bank employee

Case No. 10-CV-00208

never mentioned the word arbitration. Essentially, I had to sign the documents if I wanted to open the account.

7. In 2010, while investigating Compass Bank's overdraft fee practices, I obtained a copy of the 2008 Consumer Deposit Account Agreement ("Deposit Booklet") that is attached to the Complaint by contacting Compass via telephone and requesting the document.

8. From the time I opened my account until I learned that Compass wanted my case to be arbitrated as an individual case (not a class action), I do not recall seeing, reading about, or being advised by a Compass employee at any time, that arbitration would be the means of dispute resolution regarding my account and relationship with Compass. Although I am not denying that the word "arbitration" may have been in some of the papers contained in the Deposit Booklet, my review of the Deposit Booklet reveals that it was never presented in a clear and obvious way. Thus, I was very surprised when I later learned that Compass Bank contends that I must arbitrate this matter on an individual basis as opposed to going to court and representing a class of similarly situated Compass account holders.

9. I do not recall receiving any notices at any time from Compass Bank regarding amendments to the terms and conditions for my accounts with Compass Bank. Nor do I recall receiving a copy of any actual documents reflecting amendments to the terms and conditions of my account with Compass Bank.

10. I will not be able to afford to litigate this matter if it had to be arbitrated an individual, non-class basis. I am not aware of any attorneys willing to take my case on an individual basis to go through an arbitration proceeding to contest the overdraft fees I have incurred based on batching and reordering of my point of service purchases. Thus, if forced to arbitrate this matter on an individual, I believe I would not be able to pursue my claims against Compass Bank. I also would probably not pursue this matter the expense of pursuing my claims against Compass would exceed my potential recovery.

-2-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of January, 2011 in Fort Lauderdale, Florida.

*Stephen Anderson* (signature)
Stephen T. Anderson