# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:09-md-02036-JLK

In re CHECKING ACCOUNT OVERDRAFT )
LITIGATION )
MDL No. 2036 )
)
_____ )
This Document Relates To: )
)
*Stephen T. Anderson v. Compass Bank* )
N.D. Fla. Case No. 1:10-cv-00208 )
S.D. Fla. Case No. 1:11-cv-20436-JLK )
)
_____ )

## SUPPLEMENTAL DECLARATION OF TOD ARONOVITZ

Pursuant to 28 U.S.C. § 1746, I, Tod Aronovitz, declare as follows:

1. I am duly admitted to practice law in the State of Florida and for more than thirty-seven (37) years have practiced in this Court as well as Florida state trial courts, appellate courts and federal district courts across the country. Declarant is the senior shareholder of ARONOVITZ LAW. Declarant submits the curriculum vitae of Tod Aronovitz attached hereto as Exhibit "1" and further states that this Declaration is submitted based upon a review of the Class Action Complaint with exhibits filed in the above-captioned case, Motion to Stay Proceedings and Compel Arbitration, supporting documents and banking records of Stephen Anderson, as well as other exhibits.

2. The attorneys of ARONOVITZ LAW take pride in handling complex civil litigation matters and in representing classes of consumers in class action cases. Our class action cases have been certified in federal court and state court litigated matters involving fraud, false and deceptive trade practices and noteworthy cases of corporate discrimination against individuals. ARONOVITZ LAW continues to serve class clients in medical monitoring of unsafe

and hazardous products, privacy rights, unlawful consumer charges and assessments, and other consumer debt and consumer fraud class action cases.

3. In my practice, I evaluate potential litigation matters and make decisions with respect to which cases that my firm will accept. When reviewing prospective cases, my duty to my potential client and my firm's business model requires me to consider not just the merits of the action, but also the potential cost of filing the case versus the potential recovery if successful. It is my experience that most attorneys evaluate a prospective litigation matter in the same manner.

4. Before considering bringing any consumer class action case, it is my practice to meet with the prospective client(s) and then perform due diligence, including conducting an investigation of the issues, legal research and evaluation of the work required before I can accept representation. This is especially true in the context of consumer class action cases where the individual claims may be relatively small but involve thousands or millions of claims. It is customary that the named defendant is a sophisticated corporation that will retain experienced and capable counsel to defend vigorously any claim brought.

5. I have been asked to review the Class Action Complaint and the Motion to Compel Arbitration in the above-styled action, and have also reviewed the materials referenced in paragraph 1, *supra*. I am not charging a legal fee and have not been offered any fee or other form of compensation in connection with this matter.

6. Based upon my review of the claims in this case, Mr. Anderson alleges that he was improperly charged overdraft fees as the result of undisclosed re-sequencing of his debit transactions. According to the Plaintiff, this re-sequencing would not be readily apparent from Plaintiff's account statements. Plaintiff's records indicate that he was charged over $1,000 in

overdraft fees. According to Plaintiff's theory of the case, expert witness analysis and testimony would be required to determine which overdraft charges resulted from the alleged re-sequencing, among other issues in this case.

7. It is my opinion that I would not accept Mr. Stephen Anderson's case on an individual basis under a contingency fee or other legal fee arrangement because the amount in controversy on an individual basis is so small. To litigate such a case on an individual basis in any court or arbitration proceeding would not make sense financially, nor would it be an efficient resolution to such a matter. This is particularly true in this case, where the subject arbitration provision does not provide for prevailing party's attorney's fees, and where the defendant Compass Bank likely has substantial resources at its disposal to defend such a matter. The claims here and potential damages are not large enough to justify handling the case on a contingency fee basis nor would it make sense for the client to pay a legal fee on an hourly basis.

8. It is also my opinion that this type of case, if filed as an individual case, would take a significant commitment in attorney time to investigate, research, litigate pre-trial, prepare for trial and then try in court or prosecute as an arbitration. There would also be a significant commitment in court costs that would be required to prosecute this case, including deposition costs, expert witness fees, trial preparation costs, and travel for needed depositions.

9. In particular, I would not agree to represent Plaintiff in an individual lawsuit or arbitration of this claim for several reasons. First, at the outset of the case, I would need to research the legal and factual elements of the claim, confer with the client, and review all available documents. Also, if the case was in arbitration, I would have to spend additional time preparing an arbitration statement or brief in order to familiarize the arbitrator with the legal theories, and I would have to review the arbitration rules and law. For purposes of a court case, I

would need to prepare a complaint and conduct pre-trial discovery. These tasks alone would consume significant time. In light of the relatively small potential monetary recovery in the case, it would not make economic sense for Plaintiff to pay my firm on an hourly basis to perform these tasks. The cost of retaining me, even to perform these initial tasks, would exceed the potential recovery. It would not be economically feasible for the client or me to prosecute this case on an hourly fee or contingent fee basis.

10.    Even if I was inclined to file an individual lawsuit in court or via arbitration (which I am not based on the reasons set forth herein), would need to seek discovery from the bank to determine the re-sequencing order utilized by it. I would also need to perform discovery on other relevant issues, including the bank's internal rules, policies and procedures, the nature of its hardcopy and electronic documents that exist, and any defenses raised by it. In court, it would be uncertain how quickly and fully the bank would cooperate with discovery. Also, I would need to handle any discovery promulgated by the bank on the plaintiff. Discovery matters can be very time-consuming. The significant time that would very likely be necessary to perform these functions, and the inherent uncertainties, would further preclude me from accepting this case on an individual basis, in court proceedings or in arbitration.

11.    Thereafter, I would need to retain an expert witness to assist in reviewing this information and any electronic data produced by the Defendant in order to evaluate the overcharges. Qualified expert witnesses charge a significant amount per hour and this cost would typically be advanced by my firm under a contingent fee arrangement, or by the client under an hourly billable fee arrangement. The attorney time and costs in the case would be substantial and far in excess of the potential recovery Plaintiff could receive in light of the damages which are based on only certain overdraft charges that resulted from Defendant's unlawful re-

sequencing of transactions. These are additional reasons why I would not accept Plaintiff's case on a contingency fee basis.

12. Nor could I ethically and in good practice, counsel an individual consumer client to retain me on an hourly fee arrangement to litigate such a claim on an individual basis in court or in arbitration, given the modest individual damages.

13. These are the basic reasons that underlie my opinion that as a practical matter the terms of the arbitration clause preclude the individual consumer's ability to effectively vindicate his or her rights in a legal forum, be it in court or in arbitration.

14. It is my opinion that other capable attorneys would also not seriously consider investing the enormous time and resources in pursing claims like this case against Compass Bank on an individual basis in any court or arbitration forum due to the small amount of money in controversy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __15__ day of August, 2011 in Miami, Florida.

_____
Tod Aronovitz

**Tod Aronovitz**
**ARONOVITZ LAW**
777 Brickell Avenue, Suite 850
Miami, Florida 33131
305-372-2772 (telephone)
305-397-1886 (fax)
ta@aronovitzlaw.com
www.aronovitzlaw.com

**TOD ARONOVITZ:** Mr. Aronovitz is a nationally recognized trial lawyer specializing in consumer class action cases and catastrophic injury and wrongful death cases. He, and his dedicated associates concentrate exclusively on complex civil jury trial matters. Over the past thirty-five (35) years, his cases have been recognized nationally, he has lectured for The Florida Bar and law schools, and has authored publications on the subject of trial preparation, trial strategy, jury trial techniques, consumer class actions, and complex personal injury law issues in Florida. He is recognized in Florida as a leading consumer advocate obtaining significant jury verdicts in complex personal injury litigation and important consumer class action cases. He has handled cases for his clients which have set legal precedents in the State of Florida including consumer class action issues, and privacy rights, as well as premises liability, defective product cases, and aviation negligence. Law firm case results have been reported in the Wall Street Journal, New York Times, Miami Herald, St. Petersburg Times, Chicago Tribune, NBC Today Show, CBS Nightly News, CNN, MSNBC, and Bloomberg's Business News.

As President of The Florida Bar, Aronovitz served the state's citizens and legal community through his impassioned leadership and dedication. His "Dignity in Law" Program improved public education and perception of lawyers and remains a part of the Bar's communications efforts.

In 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009, Mr. Aronovitz was honored as one of Florida's leading trial attorneys in the civil trial and class action categories as selected by the South Florida Legal Guide and Miami Magazine, and selected as 2010 and 2011 "Top Lawyer" by the South Florida Legal Guide. He was selected by his peers to be included in Florida Trend Magazine's 2004, 2005, 2006, 2007, 2008 and 2009 "Legal Elite" distinction and 2010 "Hall of Fame" distinction, and 2007, 2008, 2009, 2010 and 2011 SuperLawyers. Mr. Aronovitz is listed in Best Lawyers of America as one of the leading attorneys in America.

**Nationally Recognized Class Action Cases Prosecuted by ARONOVITZ LAW:** The attorneys of ARONOVITZ LAW take pride in representing classes of consumers in cases that have been certified in federal court and state court litigated matters involving fraud, false and deceptive trade practices and noteworthy cases of corporate discrimination against individuals. The continues to serve class clients in medical monitoring of unsafe and hazardous products, privacy rights, federal labor violations, unlawful consumer charges and assessments, and other consumer debt and consumer fraud class action cases. Mr. Aronovitz's securities fraud class action cases have been nationally reported and recognized.

**Education:** University of Georgia, A.B. '71; University of Miami School of Law, J.D. '74; admitted to: The Florida Bar, 1974; U.S. District Courts (Southern, Middle & Northern Districts), 1976; U.S. Court of Appeals Eleventh Circuit, 1976.

**Professional Associations:** Mr. Aronovitz served as President of The Florida Bar (2002-2003) and formerly served on the Board of Governors of The Florida Bar. He served as a member of the House of Delegates of the American Bar Association and also proudly serves as a member of the American Board of Trial Advocates, American Association for Justice, Florida Justice Association, and Dade County Bar Association (Board of Directors 1976-1979, 1986). Mr. Aronovitz has served on the Board of Directors of The Florida Bar Foundation and the Florida Supreme Court Historical Society.

**Florida Bar Related Activities:** President of The Florida Bar (2002-2003), member of Board of Governors (1996 to 2001); Florida Supreme Court Historical Society (member of Board of Trustees); The Florida Bar Foundation (Board of Directors) (2001-2004); All Bar Conference Committee (1996-1997, 1998-1999); Budget Committee (1997-1998); Certification Plan Appeals Committee (1996-1997); Communications Committee (1997-2001); Executive Committee (1998-2001); Program Evaluation Committee (1997-2001); Long Range Planning Committee (1999-2000); Florida Bar Journal/News Editorial Board (Liaison 2000-2001); Florida Lawyers Assistance, Inc. (Liaison 1996-1997); Florida Bar Speakers Bureau, Founding Chairman (1997, member – 2001); Aviation Law Certification Committee (Liaison 1999-2000); Eleventh Judicial Circuit Grievance Committee.

**Civic Activities:** Past President of the University of Miami School of Law Alumni Association; Member of Iron Arrow Honorary Society, University of Miami School of Law; Member of Bar and Gavel Honorary Society, University of Miami School of Law; Member of Florida Supreme Court Commission on Professionalism; Member of Alliance for Ethical Government; Member of Dade County Put Something Back Program; Volunteer for ABOTA Guardian Ad Litem Program; Charter Member Coalition for Family Safety; Member of Board of Directors of Miami Jewish Home and Hospital for the Aged.

**EXHIBIT "1"**