IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-2036-JKL

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 | ) ) |
| THIS DOCUMENT RELATED TO: | ) ) ) |
| Stephen T. Anderson v. Compass Bank, N.D. Fla. Case No. 1:10-cv-00208 S. D. Fla. Case No. 1:11-cv-20436-JLK | ) ) ) |

**COMPASS BANK'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF PAGE LIMIT FOR ITS REPLY IN SUPPORT OF ITS RENEWED MOTION TO COMPEL ARBITRATION AND STAY**

Defendant Compass Bank, doing business as BBVA Compass, hereby files this Reply in Support of its Motion for an Extension of the Page Limit for its Reply in Support of its Renewed Motion to Compel Arbitration and Stay, stating as follows:

1. Anderson's vigorous opposition to Compass Bank's modest request for five (5) pages is unfounded. First, Anderson provides no explanation for why Plaintiffs' Executive Committee has repeatedly consented to page extensions for numerous other banks, which are double (or triple) the number of pages that Compass Bank is now requesting—regarding the same type of motion (motions to compel arbitration).

2. Second, Anderson argues that Compass Bank should have anticipated his arguments in its original brief and that somehow Compass Bank waived its arguments on unconscionability. In other words, Anderson appears to be making a motion to strike before Compass Bank has even filed its reply brief.

3. Anderson is mistaken for many reasons. Compass Bank certainly mentioned unconscionability in its original motion—but did not know all of the reasons for which Anderson would claim Compass Bank's arbitration agreement was unconscionable. Several of the arguments Anderson now makes regarding unconscionability are new.[1] Further, unconscionability is an affirmative defense (and one that Anderson bears the burden on) and therefore Compass Bank could not waive its response to an affirmative defense that had not been raised yet.

4. Anderson is also mistaken in citing Compass Bank's reply brief in the Northern District of Florida as somehow evidence of improper activity. Anderson never moved to strike that brief; that brief was not a violation of the rules of that Court and the Northern District of Florida granted Compass Bank's motion to allow a reply brief. Anderson's attempt to somehow taint Compass Bank's action in filing an earlier brief in an earlier court are unavailing.

5. Third, Anderson never disputes that this is a putative class action which could include hundreds of thousands of customers and potential millions of dollars. Full exploration of the issues (certainly five additional pages) is appropriate in such a case.

6. If Anderson intends to file a motion to strike Compass' reply brief, Anderson should wait to see what it says. Five pages is certainly a small request and risks nothing.

WHEREFORE, Compass Bank respectfully requests that the Court grant its Motion and extend the page limit for Compass Bank's Reply in Support of its Renewed Motion to Compel Arbitration and Stay by five (5) additional pages for a total of no more than fifteen (15) pages.

---

[1] For example, Anderson raises for the first time ever the fact that Compass Bank changed the name of the Consumer Deposit Account Agreement as a reason that the arbitration agreement contained therein is unconscionable. (*See* DE # 1798, at 4.) Anderson also raises for the first time the effective date of the 2004 Consumer Deposit Account Agreement as a reason that the arbitration agreement contained therein is unconscionable. (See DE # 1798, at 4.) Compass should be allowed adequate space within which to respond to these new arguments.

Respectfully submitted,

*/s Gregory C. Cook*
Gregory C. Cook
A. Kelly Brennan
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203-2015
Telephone:  205-226-3426
Facsimile:  205-488-5870
Email:  gcook@balch.com
            kbrennan@balch.com

Gerry S. Gibson
C. Bryce Albu
REEDER & REEDER P.A.
250 South Central Blvd.
Suite 200
Jupiter, Florida  33458
Telephone:  561-575-9871
Facsimile:  561-575-9765
E-mail: gerry@ederandreeder.com
            bryce@reederandreeder.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 18th day of August, 2011.

*/s/ Gregory C. Cook*
Gregory C. Cook
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203-2015
Telephone:  205-226-3426
Facsimile:  205-488-5870
Email:  gcook@balch.com