**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| **IN RE: CHECKING ACCOUNT** | ) |
| **OVERDRAFT LITIGATION** | ) |
| **MDL No. 2036** | ) |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) |
| **FIRST TRANCHE ACTIONS** | ) |
| | ) |
| *Lopez v. JPMorgan Chase Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23127-JLK | ) |
| | ) |
| *Luquetta v. JPMorgan Chase Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-cv-23432-JLK | ) |
| C.D. Cal. Case No. CV09-6967-GHK | ) |
| | ) |
| *Garcia, et al. v. Wachovia Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:08-CV-22463-JLK | ) |
| | ) |
| *Spears-Haymond v. Wachovia Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-CV-21680-JLK | ) |
| N.D. Cal. Case No. 3:08-CV-4610 | ) |
| | ) |
| *Dolores Gutierrez v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-CV-23685-JLK | ) |
| D. Or. Case No. 3:09-CV-01239-ST | ) |
| | ) |
| *Martinez v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-CV-23834-JLK | ) |
| D.N.M. Case No. 6:09-CV-01072-GBW-ACT | ) |
| | ) |
| *Zankich, et al. v. Wells Fargo Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-CV-23186-JLK | ) |
| W.D. Wash. Case No. C-08-1476-RSM | ) |
| | ) |
| *Speers v. U.S. Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-23126-JLK | ) |
| | ) |
| *Waters, et al. v. U.S. Bank, N.A.* | ) |
| S.D. Fla. Case No. 1:09-23034-JLK | ) |
| N.D. Cal. Case No. 3:09-cv-2071 | ) |
| _____ | ) |

### PLAINTIFFS' RESPONSE TO NON-PARTY AMERICAN ARBITRATION ASSOCIATION'S MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER CONCERNING CORPORATE REPRESENTATIVE DEPOSITIONS

Plaintiffs hereby respond to the motion of the American Arbitration Association ("AAA") to quash and/or for a protective order [**DE # 1809**] concerning Plaintiffs' subpoenas for the deposition of one or more AAA representatives knowledgeable of the specific subjects on which the Court has permitted arbitration-related discovery in the above-captioned cases. The AAA's claim of undue burden is completely unsubstantiated. Its failure to make the necessary evidentiary showing (indeed *any* evidentiary showing) for such relief dooms this motion. And on its face, the request to produce a corporate representative familiar with the documents the AAA has already produced, at its New York offices for a single day's deposition, to answer questions concerning the very topics the Court has authorized discovery into, is not unduly burdensome.

Most of the banks involved in this arbitration dispute, including Wells Fargo, Wachovia and JPMorgan Chase, argue that the AAA is an adequate substitute for the jurisdiction of this Court, and that is offers sufficient procedural and substantive protections for individual consumers attempting the prosecute claims against large national banks. Yet, AAA, the supposed neutral arbiter of these claims with the duty to ensure that they are arbitrated fairly, resists even a single deposition aimed at learning more about how this arbitration procedure functions in practice and what mechanisms and safeguards exist to ensure it is fair to the consumer and not just to the national bank repeat customers regularly paying the AAA's fees. This very reticence is troubling and highlights the need for this deposition. Moreover, time is of the essence, as Plaintiffs only have until September 1 under the Court's discovery order [**DE # 1576, 1673**], to conduct these depositions, which were noticed, after amendment, for August 26.

## BACKGROUND

The Court authorized limited arbitration-related discovery in these cases in its June 3, 2011 Order [**DE # 1576**] and separately in its June 30, 2011 Order [**DE # 1673**] after concluding that "a fully developed, complete record is essential" to the Court's consideration of the pending motions to compel arbitration. *Id.* at 2. In furtherance of that Order, Plaintiffs served subpoenas for the production of documents and corporate-representative depositions to the AAA. *See* DE ## 1816-1, 1816-2, 1816-3. As recounted in the AAA's motion (albeit without evidentiary support), counsel for the Plaintiffs and the AAA's in-house counsel worked collaboratively to narrow the scope of the document requests. The AAA produced 1,200 pages of documents, the vast majority of which are spreadsheets listing individual arbitrations of all kinds (most having nothing to do with overdraft fees), but providing few salient details.

The AAA's litigation counsel asserts that the AAA devoted over 150 hours of time to reviewing the documents and culling responsive ones (*e.g.*, those relating to disputes involving consumer accounts with the defendant banks ). AAA Motion at 4-5.[1] He also asserts that this ultimate winnowing work was performed by only two staff attorneys aided by a paralegal. *Id.* at 5.

Notwithstanding that the AAA has already performed this work in responding to the subpoenas, and has even concentrated the review process in the hands of two staff attorneys, it

---

[1] It is difficult to credit AAA's statement, given what AAA has actually produced. The original production of roughly 1,100 pages consisted mostly if not entirely of spreadsheets of arbitrations from what appears to be an AAA database (suggesting that it took little time to print out and produce). The second production, consisting of roughly 60 pages, is made up primarily of a copy of a JP Morgan Chase account rules and regulations document, a single complaint (heavily redacted) and a single sheet of paper that appears to have been a notice of intent to arbitrate. It is hard to see how anyone from AAA spent 150 hours gathering this, and thus equally hard to credit

now claims – just days before the depositions were scheduled to take place – that making one or more corporate representatives available for deposition concerning the AAA's records would impose a "significant burden" on them.[2] This belated assertion of burden, unsupported by even a single declaration from an AAA employee, is inadequate to prevent Plaintiffs from taking the final step necessary to interpret and understand the information the AAA has already produced.

## DISCUSSION

### A.     The AAA Has Failed to Satisfy Its Evidentiary Burden As Movant

The AAA has failed to introduce any substantive evidence that Plaintiffs' request to depose its corporate representative at its own New York City headquarters would impose an undue burden on the AAA under either Fed. R. Civ. P. 26(c), which governs protective orders, or Fed. R. Civ. P. 45(c)(3), which governs motions to quash. Accordingly, the motion should be denied.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), a court "must quash or modify" a subpoena that "subjects a person to undue burden." This Rule is meant to track the provisions of Rule 26(c). Fed. R. Civ. P. 45 advisory committee's note (1991). In turn, Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In applying Rule 26(c), federal courts employ a balancing-of-interests test to determine whether the undue hardship suffered by the movant outweighs the opposing party's need for the evidence requested.

---

their burden argument.
[2] There is no dispute that deposition topics, as refined by counsel, are limited to the subjects about which the Court has authorized arbitration-related discovery, plus testimony about the documents the AAA has produced. *See* AAA Motion at 7.

*Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

The burden is on the movant to make a specific evidentiary showing that the discovery sought will constitute an undue burden and expense to the movant. *Kilpatrick v. Breg, Inc.*, No. 08-10052-CIV, 2009 WL 64358, at *1 (S.D. Fla. Jan. 9, 2009); *see also Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698-99 (S.D. Fla. 2008) ("courts should only limit discovery 'based on evidence of the burden involved, not on a mere recitation that the discovery request is unduly burdensome.'"). Further, the court must be especially mindful of the requesting party's interests in obtaining evidence. *Farnsworth*, 758 F.2d at 1547. Here, the Court has already found that discovery related to the subjects set forth in its June 3, 2011 Order are "essential" to its ability to adjudicate the pending motions to compel arbitration. **DE # 1576** at 2; **DE # 1673** at 2.

Courts are rightfully hesitant to limit a plaintiff's access to relevant evidence, issuing protective orders only where extenuating circumstances warranted them.[3] In *Kilpatrick v. Breg, Inc.*, the court denied a defendant's motion to quash plaintiff's deposition notice despite defendant's protestations – similar to the AAA's here -- that it had already produced over 2,000 pages of relevant documents; that all information which plaintiffs sought to acquire from the

---

[3] Each of the cases the AAA cites involved some exceptional circumstance not present here. *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985) (affirming grant of a protective order denying discovery of nonparty test subjects' highly private medical information from the Center for Disease Control where the court found that granting discovery would inhibit the Center's future ability to conduct scientific research because the general population would be less inclined to trust the Center with confidential information); *E.E.O.C. v. Jack Marshall Foods, Inc.*, No. 09-0160, 2010 WL 55635, at *3-5 (S.D. Ala. Jan. 4, 2010) (granting motion to quash where defendant sought extensive discovery of intervenor plaintiffs' prior employment history which the court found wholly irrelevant to the current proceedings); *Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.*, No. 6:07-cv-326, 2008 WL 2695637, at *2 (M.D. Fla. July 3, 2008) (granting protective order where plaintiff sought to depose defendants' *own trial counsel* and

deposition was already contained in the document production; and that, because plaintiff had failed to argue that defendant possessed relevant material which it did not disclose, deposing the defendant's corporate representative would be both unnecessarily repetitive and unduly burdensome. 2009 WL 64358, at *1. In denying the defendant's motion, the court noted that the defendant had failed to carry its burden of presenting substantive evidence that the deposition would be unduly burdensome. *Id.* at *3. Similarly, in *Diamond State Ins. Co. v. His House Inc.*, No. 10-20039-CIV, 2011 WL 147008, at *4 (S.D. Fla. Jan. 18, 2011), the court denied a non-party's motion to quash the plaintiff's subpoena for a corporate representative's deposition, noting that the non-party failed to demonstrate that permitting the deposition would result in undue hardship that outweighed the plaintiff's interest in discovering relevant evidence. *See also Int'l Ass'n of Machinists and Aerospace Workers v. P&B Transp.*, No. 3:05-cv-1083, 2007 WL 4145974, at *1-2 (M.D. Fla. Nov. 19, 2007) (denying non-party's motion to quash plaintiff's subpoena for deposition where non-party failed to make a substantive showing of undue burden); *In re Pilgrim's Pride Corp.*, Nos. 08-45664, 10-609, 10-610, 2010 WL 6444583 (Bankr. N.D. Ga. Oct. 22, 2010) (movant failed to satisfy Rule 26(c) burden of proving that party's subpoena imposed an undue burden or that party could more conveniently obtain the information from other sources where movant failed to introduce any evidence to that effect).

The AAA has failed to make *any* evidentiary showing whatsoever that complying with Plaintiffs' subpoenas for a corporate representative deposition would impose an undue burden. Nowhere in its moving papers, or its later-filed exhibits, is there a declaration or affidavit attesting to the many assertions of burden that its litigation counsel mouths. Given that the AAA

---

court determined that information sought was readily available from other sources).

apparently has several staff attorneys and corporate vice-presidents who were intimately involved in the document production undertaken to respond to Plaintiffs' document requests, and who would presumably be competent to speak to this issue, the evidentiary shortcoming is all the more conspicuous. On this ground alone, the Court may and should deny the AAA's motion. But even taking the AAA's protestations of burden at face value, they still fall well short of demonstrating undue hardship sufficient to deny Plaintiffs the opportunity to question a New York-based AAA representative for less than eight hours on a single day in his own office.

B.  **The AAA's Specific Assertions of Burden Are Unpersuasive**

Even if the AAA's unsupported assertions could be credited, they still would fail to carry the day. They consist of little more than the second-hand speculation that "a corporate representative knowledgeable about those documents [the AAA has produced] could not likely provide any additional material information about their contents." AAA Motion at 6-7; *id.* at 8 (asserting that "there is nothing further a deponent could add").

The AAA may think all of its documents are self-explanatory, but that is not the case to an outsider to the organization. Unquestionably, an AAA employee intimately familiar with the documents from his or her recent review of them, and knowledgeable of the organization's record-keeping practices, is well positioned to respond to Plaintiffs' questions about the AAA's records. Moreover, there are lines of inquiry that Plaintiffs are entitled to explore – within the limited bounds of arbitration-related discovery the Court has authorized – that go beyond that which may be apparent from the face of the documents. For instance, what is the AAA representative's impression – based on his or her familiarity with the AAA's records of consumer arbitrations – of the availability of lawyers to arbitrate complex, low-value claims? To what

7

extent is discovery of the type required by the Plaintiffs in these overdraft cases made available in AAA arbitrations? Is the AAA aware of a case where a plaintiff had the means and ability to engage an expert to prove their case?

The AAA also asserts that the information Plaintiffs seek would be more readily available from the defendant banks. Even if true, this would not be a sufficient reason to deny Plaintiffs the opportunity to obtain the evidence from another source in order to insure the completeness of their records and to obtain the perspective of another party. Moreover, it happens to have proven false, since the banks have produced only piecemeal records of past consumer arbitration files. Further, the AAA is uniquely positioned to explain its own record-keeping practices and arbitration procedures.

Finally, the AAA's claim that requiring its corporate representative to sit for a single deposition at its corporate headquarters would impose a significant cost burden simply rings hollow. The AAA touts its compliance with Plaintiffs' document subpoenas. In light of that effort, however limited, and its recent familiarization of a number of employees with these documents, it would appear that the AAA has a stable of already-prepared employees it could draw upon to serve as its corporate representative for purposes of the deposition. *See* AAA Motion at 4 (referencing six "senior management level" employees and nineteen Vice Presidents and Assistant Vice Presidents" who were involved in the document review); *id.* at 4-5 (referencing two in-house attorneys who conducted further review). Thus, based on nothing more than the AAA's own motion, it seems safe to conclude that the AAA has numerous people from among whom to choose to sit for the deposition. It is not as though the subpoena requires a particular, critical employee to be away from her regular job duties for a day. As a result, the

bald assertion that the subpoena for deposition creates an undue burden is wholly unconvincing. The fact that this assertion is, again, completely unsupported by any evidence whatsoever, or even so much as an affidavit, requires its rejection.

## **CONCLUSION**

The AAA has failed to meet its burden of proving undue hardship pursuant to Rules 45(c)(3) and 26(c). Accordingly, Plaintiffs respectfully request that this Court deny the AAA's motion to quash and/or for a protective order so that Plaintiffs can take the arbitration-related discovery the Court has previously determined is "essential" to the creation of "a fully developed, complete record" on the pending motions to compel arbitration. DE # 1576 at 2; DE # 1673 at 2.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

11

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596