# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS:

*Matos v. National City Bank*
S.D. Fla. Case No. 10-cv-21771

*Casayuran v. PNC Bank, N.A.*
D.N.J. Case No. 2:09-5155
S.D. Fla. Case No. 10-cv-20496-JLK

*Cowen v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-21869-JLK

*Hernandez v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-21868-JLK

## STIPULATED DISCOVERY PLAN AND [PROPOSED] ORDER
## FOR ELECTRONICALLY STORED INFORMATION

This Stipulated Discovery Plan for Electronically Stored Information (the "Order") is

entered into by and among Plaintiffs and Defendants PNC Bank, N.A. and National City Bank

(collectively "PNC"), the parties to the above-captioned actions (the "parties") which are part of

the multidistrict litigation proceeding entitled *In re Checking Account Overdraft Litigation*, MDL

No. 2036, Case No. 1:09-md-02036JLK (S.D. Fla.) ("MDL 2036"), through their respective

counsel of record:

1.      <u>Electronic Discovery: The Collection and Culling of ESI</u>:  The parties stipulate to the following involving the handling and production of electronically stored information ("ESI"):

(a).      Counsel for PNC and Plaintiffs will correspond regarding custodians and sources of documents from which they are collecting ESI for production in the above-captioned consolidated actions (the "Actions").  The parties will work in good faith to identify, discuss, agree upon and revise, if necessary, the custodians and sources of documents, including search terms, to avoid an unduly burdensome production or retrieving a large quantity of non-responsive ESI.

(b).      In the event of a dispute or disagreement, the parties will meet and confer in a good faith effort to resolve such dispute or disagreement.  In the event of a failure to resolve such dispute or disagreement, either party may file a motion seeking judicial intervention to resolve the dispute or disagreement.  By entering into this stipulation, no party waives its right to seek assistance from the Court on any matter relating to the handling and production of ESI not specifically addressed herein.

(c).      The parties agree that ESI dated after Regulation E went into effect will not be produced.  Nothing herein shall preclude the parties from making specific requests for ESI dated after Regulation E went into effect, and the parties' agreement creates no presumption that ESI dated after Regulation E went into effect should or should not be produced.  For the purposes of this litigation, the date of an email shall be "Date Sent" and for word processing documents "Date Last Modified."

(d).      Each party shall make a reasonable and diligent effort to search for and collect reasonably accessible and responsive ESI from each of its designated custodian's e-mail systems utilized during the relevant time period, ESI stored on each such

custodian's computer hard-drive, ESI on shared drives and repositories utilized during the relevant period, and other locations used by each such custodian to store potentially responsive ESI. PNC will filter the ESI it collects using search terms and will provide a list of its search terms to Plaintiffs if it has not done so already. Plaintiffs will provide PNC with an explanation of how they are collecting and/or filtering the data, whether through the use of search terms or another method, and provide PNC with its list of search terms, where applicable. If either party seeks modification of the other party's list of search terms, the party shall make a written request for modification of the search term list within thirty (30) days of receiving the list. The parties will meet and confer in good faith to address any requested modification thereafter. If a party identifies ESI from its designated custodians or other sources that may contain responsive data that is not reasonably accessible, it will provide the other party a description of the ESI that it claims is not reasonably accessible.

(e).   In addition, the parties will collect reasonably accessible, non-objectionable and responsive ESI from their servers, electronic document repositories, or any other electronic file storage media, relevant shared network folders or repositories not attributed to any specific custodian, as applicable, which they identify following a reasonable and diligent investigation as likely to contain responsive ESI. PNC will run search terms against the ESI collected from the servers or devices, electronic document repositories, or any other electronic file storage media. If PNC identifies a shared repository from which it cannot collect data due to the nature of its organization in a database or its voluminous nature, PNC will identify this shared repository and propose

to Plaintiffs a method for collection of that database, and the parties will meet and confer in good faith about the most reasonable method to collect and review the data.

(f).    The parties agree to conduct a reasonable search for and collect reasonably accessible, non-objectionable, non-duplicative responsive hard copy data and produce it in Group IV, single-page TIFF format (Group IV, 300 DPI resolution) with corresponding multi-page OCR text files along with Summation standard load files or Concordance standard load files as described below.  Plaintiffs and PNC will also provide the following fields in a load file with each hard copy production:

(i).    Custodian (Name of Custodian from which the file is being produced);

(ii)    Bates Begin (Beginning Production Number);

(iii).    Bates End (Ending Production Number);

(iv)    Attach Begin (Beginning Attachment Range Number), where available; and

(v)    Attach End (Ending Attachment Range Number) where available.

(vi)    Doc Properties (populated with the confidentiality status and/or redacted if the document was subjected to redaction).

(vii)    Page Count

Each party shall bear the cost of converting its hard-copy paper documents to TIFF format and for providing the load file.  Production of redacted documents are subject to the same criteria as above.

(g).    The parties may exclude from collection, review and production the following categories of electronic files:

(i).    Parties may exclude system, executable, and other non-content files from electronically stored information or data by applying the current standard NIST list   Alternatively, the parties may collect documents by including, rather than excluding, file types for collection.   Each party agrees to provide a list of file types collected to the other party, and to meet and confer in good faith if there are any file types excluded that the other party reasonably believes contains responsive information.   The parties will work together to determine reasonable methods of production for these file types.

(h).    For non-e-mail data, where multiple custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document.  In order to reduce the volume of documents reviewed and produced, each party can, if it wishes, globally de-duplicate e-mail data using the MD5 hash value.  De-duplicated originals shall be securely retained and made available for inspection and copying upon reasonable request.

2.    <u>Electronic Discovery: Production Format</u>:   The parties stipulate to the following regarding the production of documents that were originally maintained as ESI:

(a).    The native format of all non-e-mail, unredacted ESI will be maintained by each party and non-e-mail, unredacted ESI productions shall be produced in single-page TIFF (Group IV, 300 DPI resolution) format and corresponding document-level extracted text format with the following metadata fields, to they extent they exist, provided in a Summation standard load file for Plaintiffs and in Concordance format for PNC:

(i).    Custodian (Name of Custodian from which file is being produced);

(ii).    Author (Author of file from properties);

(iii).   Doc Title (Title of the document from document properties)

(iv).   Doc Subject (Subject of file from properties);

(v).    Created Date (Date the file was created);

(vi).   Last Modified Date (Date the file was last modified);

(vii).   Last Saved By (Name of user who last saved the file);

(viii).  Doc Type (Email, Attachment or Loose File);

(ix).   File Description (the description or comment associated with the file in a

file management system)

(x).    File Name (Name of the file);

(xi).   Full Path (Full path location to where the file resided);

(xii).   File Ext (Extension for the file);

(xiii).  MD5 Hash (or equivalent);

(xiv).  Bates Begin (Beginning Production Number);

(xv).   Bates End (Ending Production Number);

(xvi).  Attach Begin (Beginning Attachment Range Number);

(xvii).  Attach End (Ending Attachment Range Number, i.e., parentage is

maintained);

(xviii). Page count (for documents that are TIFFed); and

(xix).  For Excel spreadsheets and other native files, a Native link (path to the

native file as included in the production e.g. d:\PROD001\natives\ABC00015.xls).

(xx)   Created Time (time the file was created)

(xxi)   Last Modified time (time the file was last modified)

(xxii)   Attachment name (original file name of all attachments to a parent document)

(xxiii) Doc Properties (populated with the confidentiality status and/or redacted if the document was subjected to redaction).

(xxiv) Duplicate Source (Field with data showing all other custodians who had a copy of the document that is not produced pursuant to the global de-duplication done as provided for by paragraph 1(h) above)

(b)      Production of redacted, non-e-mail ESI will be subject to the same criteria as above along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with redactions.  The metadata field "Body Text" will not be produced for Plaintiffs and need not be produced for PNC provided that the document-level extracted text format is linked to the document.  In addition, native files shall be produced for any file with a file extension indicating it is a spreadsheet (e.g., .xls, .xlsx). or a slideshow presentation (e.g., .pps, ppt., .pages) or a media or photo file (e.g., .wav, wmv., .jpg., .psd). In addition, Doc Title and Doc Subject will not be provided when production of such information could, in the good faith view of the parties' counsel, reveal privileged information.  All date fields will be produced in MM/DD/YYYY format.  The time will not be included in the date fields.

(c).      The native format of all unredacted electronic mail shall be maintained by the parties and unredacted electronic mail shall be produced in single-page TIFF (Group IV, 300 DPI resolution)  format and corresponding document-level extracted text with the following metadata fields provided in a Summation standard load file for Plaintiffs and in Concordance format for PNC:

(i).      Custodian (name of custodian from which file is being produced);

(ii).    Author (FROM field);

(iii).   CC; (copy)

(iv).   BCC;

(v).    Recipient (TO field);

(vi).   MD5 Hash Value or Equivalent;

(vii).  Date Sent (date the email was sent);

(viii). Email Folder (The folder within the mailbox where the message resided);

(ix).   Bates Begin (beginning production number);

(x).    Bates End (ending production number);

(xi).   Attach Begin (beginning attachment range number);

(xii).  Attach End (ending attachment range number);

(xiii). Page count (for documents that are TIFFed); and

(xiv).  Subject.

(xv)   Time sent (time the e-mail was sent)

(xvi)  Date Received (Date the e-mail was received)

(xvii) Time Received (time the e-mail was received)

(xiii) Attachment name (original file name of all attachments to a parent

document)

(xix)  Doc Properties (populated with the confidentiality status and/or redacted if

the document was subjected to redaction).

(xx)   File Ext (extension for the file).

(xxi) Duplicate Source (Field with data showing all other custodians who had a copy of the document that is not produced pursuant to the global de-duplication done as provided for by paragraph 1(h) above)

Production of redacted, e-mail ESI will be subject to the same criteria along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with redactions. The metadata field "Body Text" will not be provided for Plaintiffs and need not be produced for PNC provided that the document-level extracted text format is linked to the document. Multi-page OCR text files will be provided. All date fields will be produced in MM/DD/YYYY format. The time will not be included in the date fields.

Electronic mail shall be produced along with attachments in sequential order as part of a family, maintaining the parent-child relationship, if any part of the message or any attachment is responsive, relevant and not privileged. As a general matter, subject to specific review, a message and its attachments shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant or non-responsive. To the extent the message or one or more attachments is privileged, irrelevant, or non-responsive, the responsive, non-privileged documents shall be produced and the privileged, irrelevant, or non-responsive documents shall, at the producing party's option, either: (A) be redacted and shown on a log with corresponding Bates numbers; or (B) be removed and replaced with a placeholder indicating the documents were withheld and the removed documents shown on a log with control numbers assigned by the producing party.

(c).    The parties acknowledge that Excel spreadsheets shall be produced both in native and TIFF formats or, if the party wishes, in native with a TIFF placeholder.  To the extent possible a native version of all ESI will be maintained by the parties, and each party will consider reasonable requests to make available the native versions of any produced document, subject to any redactions.

(d).    All compressed or zipped ESI shall be unzipped or decompressed before production.  To the extent an electronic file contains embedded files, or links to other files, such files shall be produced as attachments in sequential order as part of a family, maintaining the parent-child relationship.  Should this requirement present a problem for any particular file types, the parties agree to meet and confer in good faith regarding the production of such file types.

(e).    The parties agree to meet and confer in good faith if there are any other file types that encounter difficulties in the TIFFing process and will discuss native production of such files if necessary.

(f).    For the production of ESI in Concordance format for PNC, three load files must be provided for all document productions to that party: (i) Standard Concordance load file (.dat) containing the fields specified in paragraph 2(a) and (b) above, with Field Names in first row.  The .dat file should be provided with the following hierarchy of delimiters: field - | (ASCII 124), quote - ^ (ASCII 094), multi-entry delimiter - ; (ASCII 059), return value in data - ~ (ASCII 126); (ii) Standard Opticon load file (.opt) linked to Concordance load file via "BATESBEGIN" field positioned in the first field.  The "Path": field should contain the relative path to the appropriate TIFF file (.tif); and (iii) .lfp load file.

(g).    For the production of ESI in Summation format for Plaintiffs, the following load files (examples attached) will be produced:

(i).    DII file complaint with Summation to load the images.  DII files contain unitization information about where a document begins and ends.

(ii).    LST file for loading the extracted text/ocr; and

(iii).    DAT file containing the fields specified in paragraph 1(f), 2(a) and 2(c) above, with Field Names in first row. The .txt file should be provided with the following hierarchy of delimiters: field – (ASCII 124), quote - ^ (ASCII 094), multi-entry delimiter - ; (ASCII 059), return value in data - ~ (ASCII  126).

(iv)    A document level text file (.TXT) will be provided containing the extracted text (or OCR as applicable). The file will be named after the Beginning Bates number. Where a document contains redactions, OCR text will be provided.


(h).    Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" (stamped) onto the image at a location that does not obliterate, conceal, or interfere with any information from the source documents.  No other legend or stamp will be placed on the document image other than a confidentiality legend or redactions (where applicable).  The confidential legend shall be "burned" (stamped) onto the image at a location that does not obliterate or obscure any information from the source document.

(i).    Each page image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension ".TIF."

Document level text files should be named after the beginning Bates numbers of each document.

(j).     The parties will honor reasonable and specific requests for the production of color images to the extent such requests are not unduly burdensome.

(k).     The parties will, upon reasonable request, make originals of any produced document available for inspection and copying, subject to appropriate redactions.

3.     This stipulation relates solely to the general protocol of identifying and producing ESI. Any party may bring a motion to modify or clarify the application of this Order to particular ESI or otherwise.

4.     To the extent it would be impractical to produce ESI as it is kept in the normal course of business because of complexities associated with certain scheduling programs (such as Primavera), accounting systems, audio or video files, mapping systems, and/or data-bases (such as MS Access, Oracle and Microsoft SQL server), the parties will so notify the propounding party and will inform the propounding party whether the parties have generated reports in the normal course of business using those programs or systems.  In any such instance, the parties will meet and confer concerning the manner of production of those reports

Dated: August 25, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

/s/   Philip N. Yannella
Darryl J. May
may@ballardspahr.com
Philip N. Yannella
yannellap@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Tel.:  (215) 665-8500
Fax:  (215) 864-8999

*Counsel for PNC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

-16-

<u>ORDER</u>

The foregoing Stipulation is approved and adopted as an Order of the Court at the James

Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this

_____ day of August, 2011.


_____
**JAMES LAWRENCE KING**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**


Copies furnished to:

Counsel of Record