**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:09-MD-2036-JKL**

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 | ) ) |
| THIS DOCUMENT RELATED TO: | ) ) ) |
| Stephen T. Anderson v. Compass Bank, N.D. Fla. Case No. 1:10-cv-00208 S. D. Fla. Case No. 1:11-cv-20436-JLK | ) ) ) |

**COMPASS BANK'S MOTION TO STRIKE DECLARATIONS OF TOD ARONOVITZ AND ARTHUR OLSEN; TO STRIKE A PORTION OF THE DECLARATION OF STEPHEN T. ANDERSON AND TO STRIKE POLITICAL ADVOCACY INTERNET CITATIONS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Compass Bank, doing business as BBVA Compass, respectfully requests that this Court strike (1) one paragraph of the Declaration of Plaintiff Stephen T. Anderson ("Anderson") and (2) the Declaration and Supplemental Declaration of Tod Aronovitz ("Aronovitz"), attached to Anderson's Response to Compass Bank's Renewed Motion to Compel Arbitration and Stay. **[DE # 1798.]** Compass Bank also moves to strike any reference in Anderson's Response to the Declaration of Arthur Olsen ("Olsen").[1] These declarations are collectively referred to as the "Opposition Declarations." Finally, Compass moves to strike the

---

[1] Although Anderson does not attach Olsen's Declaration to his Response to Compass Bank's Renewed Motion to Compel Arbitration and Stay, he nevertheless references it several times. Because Olsen's testimony has no probative value, as shown below, any reference to it in Anderson's Response is inappropriate and should be stricken.

references to an internet website of a political advocacy group in two footnotes of Anderson's Response.

The Opposition Declarations are not relevant given the Supreme Court's landmark decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) (and the Eleventh Circuit's decision in *Cruz v. Cingular Wireless*, 2011 WL 3505016 at *7-8 (11th Cir. Aug. 11, 2011) (**which rejected an essentially identical declaration from the same witness as here**). Additionally, the Opposition Declarations contain inadmissible statements and self-serving personal and legal conclusions or beliefs presented by persons with bias and personal interest in the outcome of Compass Bank's Motion and offer opinion, outright argument, or both. For these reasons, the Court should strike the Opposition Declarations.

## ARGUMENT AND AUTHORITY

**I.   The Court Should Strike the Opposition Declarations Because They Are Irrelevant to the Court's Analysis Post-*Concepcion*.**

Compass Bank consistently has asserted that all of Anderson's claims are subject to a binding arbitration agreement. Anderson has tried to avoid enforcement of the parties' arbitration agreement by claiming that the arbitration agreement is unconscionable under Florida law. The Supreme Court's landmark decision in *Concepcion*, however, completely and adversely resolves Anderson's unconscionability challenge.

*Concepcion* held that the Federal Arbitration Act ("FAA") prohibits states from conditioning enforceability of arbitration agreements on the availability of class wide arbitration procedures. Most important, the Supreme Court squarely rejected Anderson's unconscionability argument that class actions are necessary to compel attorneys to prosecute small-dollar claims, by holding that such concerns are not enough to overcome the FAA, holding such arguments preempted. *Id.* at 1750. To the extent Anderson still challenges arbitration on grounds of

unconscionability, the parties clearly delegated such issues to the arbitrator, and this Court should enforce that agreement, too. *Rent-A-Center West. Inc. v. Jackson*, 130 S. Ct. 2772 (2010).

Despite *Concepcion*, Anderson challenges the parties' arbitration agreement on unconscionability grounds and cites the Opposition Declarations. Anderson relies heavily on statements from Tod Aronovitz (an experienced class action plaintiff's attorney) and Arthur Olsen (a purported database expert) to support arguments for procedural and substantive unconscionability. Because these arguments are no longer relevant to the Court's post-*Concepcion* analysis of Compass Bank's motion, the Court should disregard them. *See, e.g., Day v. Persels & Assoc., LLC*, No. 8:10-CV-2463-T-33TGW, 2011 U.S. Dist. LEXIS 49231, *15-17 (M.D. Fla. May 9, 2011) (granting motion compel consumer arbitration and finding *Concepcion* foreclosed substantive unconscionability challenge to class waiver).

The Eleventh Circuit has **already considered** essentially the same testimony – from the **very same witness** (Mr. Aronovitz) and determined that the testimony was irrelevant. Here is what the Eleventh Circuit wrote – immediately after noting the testimony from the "three" attorneys (which included Mr. Aronovitz):

> However, at least as applied to the facts of this case, we believe that faithful adherence to *Concepcion* requires the rejection of the Plaintiffs' argument. **The Plaintiffs' evidence goes only to substantiating the very public policy arguments that were expressly rejected by the Supreme Court in Concepcion—namely, that the class action waiver will be exculpatory, because most of these small-value claims will go undetected and unprosecuted.**

*Cruz v. Cingular Wireless*, 2011 WL 3505016 at *7-8 (11th Cir. Aug. 11, 2011). Mr. Aronovitz's declaration in both cases are essentially identical. *See* Case 2:07-cv-00714-JES-DNF (M.D.Fla) [D.E. # 43-3].

As noted in Compass Bank's Reply in Support of its Renewed Motion to Compel Arbitration and Stay, filed simultaneously herewith, the overwhelming weight of authority addressing *Concepcion* has applied it broadly, upholding arbitration provisions despite conflicting state or federal law. The Court should strike the Opposition Declarations as irrelevant.

## II. The Court Should Strike the Opposition Declarations Because They Contain Inadmissible Statements and Self-Serving Beliefs or Conclusions.

To the extent this Court performs an unconscionability analysis, it is Anderson's burden to establish unenforceability, with all doubts resolved in favor of arbitration. *Green Tree Fin. Corp.- Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (l1th Cir. 2002); *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543 (l1th Cir. 1990) (party opposing enforcement of arbitration agreement "bears a heavy burden of proof" based on federal policy favoring arbitration).

Declarations used in connection with dispositive motions must "be made on personal knowledge, and shall set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e).

If the Declarations do not meet the standards of evidentiary admissibility, they must be stricken. *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1281 (M.D. Fla. 2000) (concluding affidavit filed in opposition to a dispositive motion "must be stricken if it is a conclusory argument rather than a statement of fact, or when the affidavit is not based on personal knowledge" or contains inadmissible statements); *see also Bensadoun v. Jobe-Riat*, 316 F.3d 171,175 (2d Cir. 2003) (stating motions to compel arbitration should be decided under Rule 56 summary-judgment evidentiary standard); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636

F.2d 51, 54 n.9 (3d Cir. 1980) (same); *Aliron Int'l, Inc. v. Cherokee Nation Indus.*, 531 F.3d 863, 865 (D.C. Cir. 2008) (same).

Statements of a declarant's belief or personal conclusions, rather than statements based on personal knowledge, are not competent evidence. *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (l1th Cir. 2002); *Northbrook Indem. Co. v. First Auto. Serv. Corp.*, 2008 U.S. Dist. LEXIS 61424 (M.D. Fla. Aug. 1, 2008) (considering, on a motion to compel arbitration followed by motion to strike affidavit, only "those portions of the affidavit stating facts of which [plaintiff] has personal knowledge"); *see also* Fed. R. Evid. 602 (lack of personal knowledge).  As demonstrated below, the Opposition Declarations are not only irrelevant to the Court's determination in light of *Concepcion* but also contain self-serving, speculative, and conclusory statements of facts and law and statements unsupported by personal knowledge or are motivated in whole or in part by bias and interest in the outcome of Compass Bank's Motion.

Declarants may not reach beyond their personal knowledge and speculate or draw inferences about the actions or thoughts of others, including what other attorneys or experts might think or do, or what type of attorney or expert an individual plaintiff might need to pursue individual arbitration; this form of speculation essentially answers a hypothetical question and is inadmissible opinion testimony.  Fed. R. Evid. 701; *Corey Airport Svcs, Inc. v. City of Atlanta*, 632 F. Supp.2d 1246, 1268-69 (N.D. Ga. 2008) (striking parts of declaration that were not based on the declarant's particularized knowledge and that essentially answered a hypothetical question), *rev'd on other grounds*, *Corey Airport Svcs., Inc. v. DeCosta*, 2009 U.S. Dist. LEXIS 25048 (11th Cir. Nov. 16, 2009); *see also United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (noting ability to answer hypothetical questions is essential difference between

5

expert and lay witnesses). For all of these reasons, the Court should strike the Opposition Declarations.

### A.     Declaration of Stephen T. Anderson (Strike paragraph 10 only)

This Court should strike all of paragraph 10 of Anderson's Declaration because it is speculative and not based on personal knowledge.  In paragraph 10 of his Declaration, Anderson claims that he "would probably not pursue this matter the expense of pursuing my claims against Compass would exceed my potential recovery."  **[DE # 1798-1 ¶ 10.]** Paragraph 10, however, is due to be stricken because Anderson is speculating about (1) the "expense" (2) the "potential recovery," (3) whether other lawyers would take his case and (4) whether he would be able to continue (and that he "would probably not") his case on an individual basis or in arbitration.  All of this testimony is inadmissible opinion.

First, Anderson has no basis for providing an opinion on his "potential recovery."  In fact, he avoids entirely providing any testimony on the amount of damages he seeks.  Because Anderson provides no such damages testimony, the Court (or an arbitrator) cannot meaningfully engage in the analysis necessary to accept Anderson's argument that the costs and fees would exceed any potential recovery because an essential part of the equation is missing entirely – the recovery he actually seeks.  Anderson's claim that the costs of bringing this case as an individual would exceed his potential recovery is pure speculation.  Therefore, paragraph 10 of Anderson's Declaration, the only paragraph that addresses the issue of damages versus recovery and the availability of an attorney is due to be stricken.

Additionally, Anderson is speculating about the estimated costs and expenses.  While Anderson concludes that he would not be able to afford to litigate the matter if it had to be arbitrated on an individual, non-class basis (which does not at all explain how he would be able

6

to afford to litigate the matter on a *class* basis) and surmises that he would not recover the expense of pursuing any claim on an individual basis, he provides absolutely no facts (or evidence) regarding the expense (something that he clearly is not qualified to testify about) or his ability to pay of pursuing this action individually as opposed to on behalf of a class.  Such testimony is highly speculative and entirely baseless.  For this additional reason paragraph 10 of Anderson's Declaration is due to be stricken.

Finally, while Anderson states that he is "not aware of any attorneys willing to take my case on an individual basis," **[DE # 1798-1 ¶ 10]** Anderson's Declaration is devoid of any suggestion that Anderson actually **looked** for an attorney to handle the case on an individual basis - in small claims court or in arbitration - and that he was unable to retain an attorney. Anderson's testimony amounts to sheer guesswork, which is essentially a statement that he "doesn't know" if an attorney would be willing to represent him on an individual basis. Anderson's lack of knowledge has absolutely no evidentiary value to the matters before this Court, and his testimony should be stricken from the record.

  **B.**  **Declarations of Tod Aronovitz (Speculation; Not Relevant; Includes Inadmissible Legal Opinion; Wrong Venue;  Different Expertise)**

Mr. Aronovitz is an experienced and well regarded class action plaintiff's attorney, who "takes pride in handling complex civil litigation matters and in representing classes of consumers in class action cases."  **[DE #1798-2, ¶ 2.]**  Mr. Aronovitz thus has an interest in overcoming the consequences of *Concepcion*, in increasing the availability of class actions, and in the outcome of Compass Bank's Renewed Motion to Compel Arbitration and Stay.[2]

---

[2] Mr. Aronovitz is fighting this same arbitration battle in *Caban v. J.P. Morgan Chase & Co.*, No. 08-cv-60910 (S.D. Fla.) and a result in Anderson's favor would assist his dispute in that case.  Moreover, he has provided an essentially identical declaration in at least one other arbitration related dispute that again, would (have) assisted his position in litigating a motion to

7

As this Court has recognized, testimony from lawyers about whether they would or would not take a case is unhelpful. (Tr. Of Hearing on Mot. to Stay or Dismiss, Case No. 09-2036-MD-JLK, June 1, 2011 at pp. 40-41.)

Even if this Court considers Mr. Aronovitz's testimony, it is fatally deficient because it overlooks entirely that Anderson had the option to file his claim in small claims court.

Similarly, Mr. Aronovitz (1) fails to demonstrate that he has any personal knowledge regarding the likely fees, costs or other expenses of arbitration or of pursuing this case in small claims court; (2) fails to provide any factual basis, supporting documentation or other evidence for his statements as to the likely cost or fees of arbitration or of pursuing the claim in small claims court; and (3) draws a bold, unsupported conclusion that expert fees, witness fees, discovery costs, trial preparation cost, trial exhibits and travel for depositions (depositions which would not be available in arbitration in any event) would exceed, in an unspecified amount, the amount recoverable in arbitration or small claims court.  It is clear Mr. Aronovitz's statements are no more than generalized assumptions backed by absolutely no concrete facts and do not shed light on the actual costs likely to be incurred.

In his Supplemental Declaration, Mr. Aronovitz attempts to remedy these deficiencies, which Compass Bank highlighted in its previous Motion to Strike, by simply listing different tasks that an attorney might undertake in the prosecution of an action such as this on an individual basis.  **[*See* DE # 1798-2 ¶¶ 9-11.]**  This list of tasks, however, does nothing to shed light on the actual costs Anderson, or any other individual plaintiff, would incur in the prosecution of an action such as this in small claims court or in individual arbitration.  Mr.

---

compel arbitration.  *E.g.*, *Cruz v. Cingular Wireless, LLC*, Appellant Brief (2011 WL 3505016) at n.5.

Aronovitz's Supplemental Declaration, like his original Declaration, is based on speculation and supposition backed by absolutely no concrete facts.

Mr. Aronovitz argues that it would not "make sense financially, nor would it be an efficient resolution" to undertake Anderson's case. **[DE # 1798-2 ¶ 7, DE # 1798-3 ¶ 5.]** Mr. Aronovitz argues that this is true because "the subject arbitration provision excludes any entitlement to pay a prevailing party's attorney's fees."[3] **[DE # 1798-3 ¶ 5.]** This type of testimony is inadmissible because it sets forth no facts, only legal opinions. Mr. Aronovitz is attempting to invade the province of the Court by forming legal conclusions based on his own assumptions; assumptions that are incorrect under Florida law.

This testimony should also be stricken because (1) the issue is not for the court but the arbitrator,[4] (2) the issue is not ripe for review given that fees have not been determined nor allocated to Anderson, and (3) the testimony is not relevant because it is legally insufficient as a matter of law to evidence that the arbitration provision is somehow unconscionable. *See, e.g., Green Tree Financial*, 531 U.S. at 90 (refusing to invalidate arbitration provision and finding evidence that agreement was silent with respect to costs and fees was insufficient to evidence a 'risk' that plaintiff would be required to bear prohibitive arbitration costs if she pursued her

---

[3] Notably, in his Supplemental Declaration, Mr. Aronovitz backpedals from his previous statement that Compass Bank's "arbitration provision **excludes** any entitlement to pay a prevailing party's attorney's fees," **[DE # 1798-3 ¶ 5]** (emphasis added), stating instead that the arbitration agreement "**does not provide** for prevailing party's attorney's fees." **[DE # 1798-2 ¶ 7]** (emphasis added). As even Mr. Aronovitz recognizes, nothing in arbitration provision found in Compass Bank's deposit agreement limits the ability of the arbitrator to award attorney fees provided for under law at the conclusion of the arbitration. Also of note, Mr. Aronovitz's Declaration is contrary to the complaint filed by Anderson which expressly demands attorney fees.

[4] *PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401 (2003); *Hawkins v. Aid Ass'n for Luthers*, 338 F.3d 801, 807 (7th Cir. 2003); *cf. Anders v. Hometown Mortgage Services, Inc.*, 346 F.3d 1024 (11th Cir. 2003).

9

claims in arbitration and stating that plaintiff "bears the burden of showing the likelihood of incurring such costs"); *see also Musnick v. King Motor Co.*, 325 F.3d 1255, 1257, 1259-62 (11th Cir. 2003) (ruling that the issue was not ripe for consideration because there was no evidence, at the outset of the case, that a plaintiff could offer that would establish the amount of costs he is likely to bear in arbitration.").

Further, Mr. Aronovitz's "opinion" that "other capable attorneys would also not seriously consider" taking Anderson's case is pure speculation, constitutes inadmissible opinion testimony and is due to be stricken. It is also simply incorrect. The jurisdictional amount for the small claims court in Gainesville, Florida is up to $5,000. A cursory review of the small claims court docket for a two year period reflects that at least sixty-seven (67) plaintiffs who had claims under $5,000 were represented by counsel. **[DE # 1771-16]**. Not only does the evidence show that attorneys in the Gainesville area (the proper venue for any small claims action) are willing to represent clients with cases that are valued at less than $5,000, logic dictates that such attorneys would be willing to represent a client in arbitration where the process is arguably more simplified and expeditious than a small claims court proceeding.

Finally, Mr. Aronovitz does not have the appropriate base of information to provide an expert opinion. He is a Miami based lawyer. The appropriate venue is Gainesville. Anderson conceded this point when he dismissed his earlier action before this Court and refiled in Gainesville after Compass Bank filed a venue motion. He does not know whether the legal market in or near the Gainesville area has attorneys who would file these types of individual cases in small claims court or arbitration. Further, Mr. Aronovitz is an experienced, successful class action plaintiff counsel. He provided no testimony to show that he regularly takes any

smaller cases. His practice is fundamentally different from the practices of the lawyers who would consider taking an individual consumer case in small claims or arbitration.

Because Mr. Aronovitz's testimony is inadmissible and inappropriate for inclusion in a declaration in support of a dispositive motion, such as Compass Bank's Renewed Motion to Compel Arbitration and Stay, this Court should strike the original and Supplemental Declarations of Tod Aronovitz.

**C.     Declaration of Arthur Olsen (Not filed in this Action; Not Based upon Facts in this Action; Not relevant; Contrary to Chart in Complaint)**

As noted above, Anderson does not attach Olsen's Declaration to his Response to Compass Bank's Renewed Motion to Compel Arbitration and Stay. **[DE # 1798.]** Instead, he merely cites to Olsen's Declaration filed in the *Hough v. Regions Bank* action. Any reference to that Declaration in Anderson's Response, however, must be striken. First, it has not been filed in this Action.

Second, Olsen's Declaration has absolutely no relevance or probative value in this case because it is not based on Olsen's personal knowledge or even a review of any records relating to Anderson or his claims against **Compass Bank**. Indeed, in the Declaration that Anderson repeatedly cites **[DE # 1687-5]** Olsen specifically states that he was "asked to review an account statement of **Plaintiff Pamela Hough** on which **Regions Bank** charged overdraft fees . . ." **[DE # 1687-5]** (emphasis added). Olsen's Declaration clearly reveals that the testimony contained within it is based solely on a review of records generated by a different bank pertaining to a different plaintiff. Olsen's opinion on whether the overdraft fees reflected on Hough's Regions Bank statements were the result of resequencing and, if so, the total amount of overdraft fees charged to Hough as a result of any such resequencing has no evidentiary value to the claims asserted by Anderson in this action against Compass Bank. Simply put, Olsen's testimony about

11

the actions of another bank does not make any action or inaction by Compass Bank more or less likely to have occurred. Olsen has not reviewed any records relating to Anderson or Compass Bank and therefore any reference to his testimony is unhelpful at best and misleading at worst. Accordingly, any reference to Olsen's Declaration should be stricken from Anderson's Response to Compass Bank's Renewed Motion to Compel Arbitration and Stay. **[DE # 1798.]**

Additionally, assuming Olsen's Declaration, which, as established above, was filed in a completely separate lawsuit between completely different parties, could be construed as having any evidentiary value whatsoever to the issues presented by Compass Bank's Renewed Motion to Compel Arbitration and Stay, which it does not, that shred of evidentiary value is completely destroyed by a cursory review of the substance of Olsen's testimony. Olsen is a database expert who was initially hired as a damages expert in a California class action overdraft case against Wells Fargo. He has also presented virtually identical declaration testimony for several other plaintiffs in this MDL. **[*See, e.g.*, DE # 1684-7, DE # 1685-6, DE # 1686-2, DE # 1687-5, DE # 1688-7, DE # 1689-1.]** Olsen clearly has an interest in testifying as an expert in other overdraft class actions. He thus has an interest in increasing the use of experts in overdraft class actions and an interest in the outcome of Compass Bank's Renewed Motion to Compel Arbitration and Stay.

In the Declaration cited by Anderson, Olsen testifies about those methods suitable for a **<u>class action</u>** where class attorneys have no direct contact with claimants and must consequently rely on expert analysis of aggregate data to allegedly calculate statistical rates of causation of overdrafts. *See ChemFree Corp. v. J. Walter, Inc.*, 2009 U.S. Dist. LEXIS 131043 (N.D. Ga. Apr. 9, 2009) (stating the standard by which witness declarations are deemed to be expert testimony and striking portions of declarations of lay witnesses that constituted expert opinion).

Olsen's opinion is fundamentally flawed because it has no applicability in an individual case – where an individual claimant can easily offer direct testimony as to what order he engaged in transactions and which charges he contends to be improper (in other words, Anderson knows what transactions he entered; Anderson received receipts; Anderson received bank statements – and only a discrete number of days with multiple overdrafts are involved for Anderson). Because Olsen's testimony cited by Anderson relates to a method that is irrelevant to the ability of an individual to assert claims in arbitration, it is probative of nothing and any reference to such testimony must be stricken. In fact, Anderson's complaint includes a chart that reorders transactions and demonstrates this very point. *Stephen T. Anderson v. Compass Bank*, S.D. Fla., 1:10-cv-21556-JLK **[DE # 1, pp. 21-24].**

**Paragraph 2:** In his Declaration in the Hough case, Olsen concludes that "the information provided on the account statements alone is insufficient to determine (i) whether the overdraft fees reflected on Ms. Hough's statement were the result of Regions' resequencing of debit card transactions and (ii) the total amount of overdraft fees resulting from Regions' re-sequencing of debit card transactions . . . . [W]ithout access to internal Regions' documents and databases and the assistance of an expert, Plaintiff, her counsel, and even an expert like myself, would not be able to conclusively prove that the overdraft fees reflected on Ms. Hough's statement were the result of Regions' re-sequencing of debit card transactions, and the total amount of overdraft fees resulting from Regions' re-sequencing of debit card transactions." **[DE # 1687-5 ¶ 2.]** Olsen's statements are not only are irrelevant to the Court's post-*Concepcion* analysis, but they also are conclusions and assumptions based on personal opinions, beliefs, and speculation as to what might be necessary for Hough to prove her case. He assumes that the only way for Hough to show damages in her case is to use records from Regions. This testimony has

no relevance here because it fails to take into account the information in **Anderson's** possession. Anderson has already provided a chart in his complaint on resequencing and Anderson knows the order and amount of his transactions and has the bank statements.

**Paragraph 9:** Olsen also testified in the Hough Declaration that, "it would not be possible for Plaintiff, her counsel, or even for me as an expert to conclusively determine whether the overdraft fees reflected on Plaintiffs account statements resulted from debit resequencing. It would also not be possible, based on the limited information available on Plaintiff's account statements, for Plaintiff, her counsel, or even for me as an expert to determine the total amount of overdraft fees charged to Plaintiff that resulted from debit resequencing. And, even with access to the information in the internal Regions' database(s), only someone with expertise similar to mine could calculate the amount of overdraft fees charged as a result of debit re-sequencing." **[DE # 1687-5 ¶ 9.]** Olsen's statements are not only irrelevant to the Court's post-*Concepcion* analysis, but they also are conclusions and assumptions based on personal opinions, beliefs, and speculation as to what might be necessary for Hough to prove her case. He assumes that the proper way for Hough to show damages in her case is to use records from Regions. This testimony has no relevance here because it fails to take into account the information in **Anderson's** possession.

**Paragraphs 13-14:** In the Hough Declaration, Olsen concludes that the process of analyzing damages is "straightforward" but that "it requires access to Regions' data processing systems and historical transactional data," and "[a]bsent both expertise in database engineering and full access to Regions' data systems and historical transactional data, Plaintiff would not be able to prove" her allegations. **[DE # 1687-5 ¶¶ 13-14.]** Olsen's statements are not only irrelevant to the Court's post-*Concepcion* analysis, but they are also conclusions and

14

assumptions based on personal opinions, beliefs, and speculation as to what might be necessary for Hough to prove her case. As with the prior paragraphs, this testimony attempts to apply methods useful only in class proceedings to an individual case. This is simply irrelevant, and should be excluded. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993) (holding expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue"); *DIJO, Inc. v. Hilton Hotels Corp*, 351 F.3d 679 (5th Cir. 2003) (holding that district court abused its discretion in permitting a financial consultant, who was never employed by a business, to offer a lay opinion as to the value of the business because the financial consultant did not "have the type of first-hand knowledge necessary to provide reliable forecasts of future lost profits").

**Paragraph 16:** Finally, in his Hough Declaration, Olsen concludes that the work he performed in the overdraft case against Wells Fargo is "an example of the amount of work and type of expertise required to prove an individual plaintiffs damages from debit re-sequencing." **[DE # 1687-5 ¶ 16.]** Olsen's statement not only is irrelevant to the Court's post-*Concepcion* analysis, but it also is a conclusion and an assumption based on personal opinions, beliefs, and speculation as to what might be necessary for Hough to prove her case. Because this testimony attempts to apply methods useful only in class proceedings to an individual case it is irrelevant and should be excluded. *See Daubert*, 509 U.S. at 591 (holding expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue").

Simply put, the Declaration executed by Olsen based on the facts of a case filed by a different plaintiff against a different bank have no probative value whatsoever to any of the issues raised by Compass Bank's Renewed Motion to Compel Arbitration and Stay.

15

Accordingly, this Court should strike any reference to Olsen's Declaration in Anderson's Response to Compass Bank's Renewed Motion to Compel Arbitration and Stay. **[DE # 1798.]**

### III. The Court Should Strike Footnote 15 and a portion of Footnote 16 of Anderson's Reply Which Cite to An Internet Websites of a Political Advocacy Group.

Footnotes 15 and 16 of Anderson's Response **[DE # 1798]** cite to the website of a political advocacy group (www.publicjustice.net). This is hearsay and unauthenticated and simply irrelevant. These references should be struck. Compass Bank does not seek to strike the remainder of footnote 16 – although it disagrees with the characterization of the AAA materials cited therein.

### CONCLUSION

Because the Opposition Declarations are based on speculation, impermissible opinion and legal conclusion, evidence a lack of personal knowledge regarding the matters testified to and are completely irrelevant to the issues raised by Compass Bank's Renewed Motion to Compel Arbitration and Stay, this Court should strike the Aronovitz and Olsen Declarations and strike paragraph 10 of Anderson's Declaration and strike the cited portions of footnotes 15 and 16 of his reply.

Respectfully submitted,

/s Gregory C. Cook
Gregory C. Cook
A. Kelly Brennan-Bolvig
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203-2015
Telephone:  205-226-3426
Facsimile:  205-488-5870
Email:  gcook@balch.com
          kbrennanbolvig@balch.com

        Gerry S. Gibson
        C. Bryce Albu
        REEDER & REEDER P.A.
        250 South Central Blvd.
        Suite 200
        Jupiter, Florida  33458
        Telephone:  561-575-9871
        Facsimile:  561-575-9765
        E-mail: gerry@reederandreeder.com
          bryce@reederandreeder.com

17

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 25th day of August, 2011.

/s/ Gregory C. Cook
Gregory C. Cook
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203-2015
Telephone:  205-226-3426
Facsimile:  205-488-5870
Email:  gcook@balch.com