## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:09-MDL-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) ) |
| MDL No. 2036 | ) ) ) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Rider, et al. v. Regions Financial Corp, et al.* S.D. Fla. Case No. - *Not Yet Assigned* E. D. of Ark. Case No. 4:11-CV-0375-JLH | ) ) ) ) ) ) |

## REGIONS FINANCIAL CORPORATION'S AND REGIONS BANK'S REPLY TO RESPONSE IN OPPOSITION TO DEFENDANTS' FILING AND SUBMISSION OF MOTION TO COMPEL ARBITRATION, RESPONSE, AND REPLY THERETO

Plaintiffs' opposition **[DE # 1852]** to Regions' filing and submission of Motion to Compel Arbitration, Response, and Reply Thereto ("Submission") **[DE # 1832]**, is both frustrating and counterproductive to the efficient management of cases in MDL 2036. The opposition is frustrating because all parties in the *Rider* action, not just Regions, should be working to meet the Court's directive to expeditiously bring resolution to fully briefed matters. The opposition is counterproductive in that it

proposes to delay resolution of critical issues just so that Plaintiffs may have an improper second bite at responding to them. The Court should accept and rule upon the fully briefed arbitration positions of the parties in the *Rider* matter as it has considered and ruled upon similar motions brought before it.

The *Rider* action was pending for some time in the transferor court before being transferred to this MDL. During that time, the parties had the opportunity to fully brief a motion to compel arbitration, a response thereto, and a reply in support thereof. Indeed, the transferor court scheduled a hearing to resolve the motion but the hearing was postponed at the *Rider* plaintiffs' request on the ground that the case was being transferred to MDL 2036. In light of the Court's oft-expressed desire to move cases along as efficiently as possible, Regions expeditiously brought the completed briefing of the motion to compel arbitration to the attention of the Court.

Plaintiffs now contend that, despite the completion of briefing on arbitration issues in the transferor court, Regions should move anew to compel arbitration, Plaintiffs should file a new response, and Regions should file another reply. **[DE # 1852, p. 2]**   This obviously wasteful re-briefing of a motion that has been fully briefed already is not required by any rule of civil procedures or by any order of this Court. As with all cases in the Second Tranche (including the other MDL action against Regions) there is no scheduling order governing this case, so no scheduling

order has precluded Regions' actions. Regions has not taken any "action" in this matter other than to demand arbitration. Plaintiffs' footnoted reference to the filings of M&I Marshall & Ilsley Bank is inapposite, as M&I's motion for arbitration had not been made, much less fully briefed, at the time that that case was transferred into the MDL.

No legitimate interest would be furthered by requiring the duplicative efforts that Plaintiffs seek, and the Court should consider the briefs already submitted. Instead, and as Plaintiffs well know, the new round of briefing that Plaintiffs propose will allow them to have another shot at responding to a fully briefed arbitration motion. Neither the Federal Rules of Civil Procedure nor the rulings of this Court support multiple responses to arbitration motions. For the reasons set forth above, the Court should disregard Plaintiffs' procedural opposition and rule on the fully briefed motion to compel arbitration before it.

Respectfully submitted this 9th day of September, 2011.

**PARKER, HUDSON, RAINER & DOBBS, LLP**

*/s/ William J. Holley*
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No. 042575
David B. Darden
Georgia Bar No. 250341
285 Peachtree Center Avenue, NE
1500 Marquis Two Tower
Atlanta, Georgia 30303
Tel: 404-523-5300        Fax:  404-522-8409
wjh@phrd.com; nhb@phrd.com; dbd@phrd.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 9th day of September, 2011.

/s/ William J. Holley
William J. Holley, II

2076144_1