UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

## PLAINTIFFS' MOTION TO COMPEL AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs file this Motion to Compel pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Southern District of Florida Local Rules 7.1 and 26.1. Plaintiffs seek an Order compelling Defendant Capital One, N.A. ("Capital One") to immediately produce documents in response to Plaintiffs' First Request for Production of Documents, which Plaintiffs served on May 23, 2011. Over three and a half months later, Defendant has yet to produce a single document, and has otherwise refused to act in good faith in relation to its discovery obligations.

## FACTUAL BACKGROUND

Following the Court's Scheduling Order Pertaining to "Fourth Tranche" Cases [Dkt # 1340], discovery opened on May 20, 2011. Plaintiffs served written discovery immediately, on May 23, 2011. *See* Plaintiffs' First Request for Production, Exhibit A. Plaintiffs gave Capital One multiple extensions, and on July 6, 2011, Capital One served a response to the written

1

discovery. *See* Defendant Capital One N.A.'s Response to First Request for Production, Exhibit B. At that time, Capital One did not produce any responsive documents.

On the next day, July 7, 2011, Plaintiffs' counsel asked to meet and confer with Capital One on discovery issues, including document production. *See* 7/13/2011 email chain, Exhibit C. The next week, Capital One responded, and a meet and confer was scheduled that eventually took place on July 19, 2011. *Id.* The parties agreed to transparency in the document production process and while they made no promises, counsel for Capital One said that production may start as early as mid-August. Plaintiffs memorialized the conversation via letter dated July 28, 2011 and asked for the promised materials (including proposed search terms and a custodian list by August 5, 2011. *See* 7/28/2011 email and letter, Exhibit D.

Plaintiffs followed up on August 5 and again on August 15. *See* 8/16/2011 email chain, Exhibit E. Counsel for Capital One claimed that vacation schedules were causing delay and missed deadlines but assured us that they would be more responsive and attentive to the case. We finally received a response to the July 28 letter on August 16, promising to send proposed search terms and a custodian list. *See* 8/16/2011 Capital One letter, Exhibit F. Capital One assured us that outstanding issues, like the lack of an agreed-upon ESI production protocol and the fact that there is no signed Protective Order from the Court <u>would not</u> prevent them from producing documents responsive to the Requests. Still, Capital One produced no documents and provided no date-certain for when the production would begin. *Id.*

Counsel for Capital One said all the right things, but continued to disappear for long stretches and duck our repeated requests for information about the overdue document production. *See* 8/26/2011 email chain between counsel, Exhibit G. Finally, on August 26, 2011, we were provided the proposed search terms and a custodian list, but still, no documents and no date-

certain for when the production would begin. *Id.* Plaintiffs considered moving to compel at that point, but in the interest of civility and efficiency, and in light of alleged August vacation schedules, we agreed to give Capital One another opportunity to make good and provide the overdue information. Plaintiffs were then shocked to receive a Petition for Writ of Mandamus from Capital One to the 11th Circuit dated August 26, 2011. *See* Petition for Writ of Mandamus, Exhibit H. So at the same time counsel for Capital One was blaming discovery delays on August vacations, Capital One was drafting and filing a twenty plus page appellate brief with hundreds of pages of exhibits. *See id.* (Writ signed by the same counsel alleging vacation delays).

Undeterred in reaching an agreement with Capital One on production issues, Plaintiffs plowed forward with a second meet and confer call on August 31, 2011. Among other things, counsel for Capital One promised that by Wednesday, September 7, 2011, they would amend the custodian list to include locations (as they had earlier promised) and tell us, in writing, exactly when production would begin. Wednesday came and went; we received nothing. On Friday, September 9, counsel for Capital One amended the custodian list, but provided no information about the document production. *See* 9/9/2011 email chain, Exhibit I.

Plaintiffs filed the Request for Production in May and still not received a single document from Capital One. After two meet and confer calls and over two months of patient negotiations that have resulted in nothing but delays, deficiencies and undelivered promises, the discovery infractions continue to pile up. Plaintiffs have lost faith in Capital One's ability and/or desire to move forward in discovery and produce responsive documents.

Regretfully, we feel we have no choice but to seek judicial intervention from this Court. Counsel for Capital One has been informed that Plaintiffs are filing this motion. We seek an Order compelling Capital One to produce all documents responsive to Plaintiffs' May 23, 2011

3

Request for Production. Capital One's unjustified delays now threaten to prejudice Plaintiffs' ability to meet the Court's December 20, 2011 deadline for filing for class certification. *See* Scheduling Order, Dkt #1340. Without responsive documents, and without deposition testimony elicited based on such documents, Plaintiffs are at a marked disadvantage in moving for class certification. Plaintiffs bring this motion now in order to keep this litigation on track, and respectfully request this Court order Chase to complete its production immediately, by October 15, 2011 at the latest. It is too late to remedy the waste of time and resources expended to date as a result of Capital One's delays. However, an Order such as the one requested herein may limit the prejudice of such delays and bring this matter back under control.

## MEMORANDUM OF LAW

As this Court has recognized, the Federal Rules are "aimed at the broad and liberal discovery of all relevant facts to bring everything to light before the trier of fact." *Ward v. EstaleiroItajai S/A*, 541 F. Supp. 2d 1344, 1355 (S.D. Fla. 2008); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("[T]he overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.").

Plaintiffs are attempting to meet this Court's December 20, 2011 deadline for filing a motion for class certification. In order to do that, however, Plaintiffs must have discovery in the form of document production and depositions based on those documents well in advance of that deadline. Defendant's inexplicable delays and general refusal to communicate are severely prejudicing Plaintiffs' ability to obtain the information necessary to prepare the crucial motion for class certification.

Rule 34 requires parties to respond to documents requests within 30 days. While Plaintiffs did not expect Capital One to complete what is likely to be a massive production within that first 30 days, the fact that Defendants have yet to produce a single document after 112 days is simply unacceptable. The potential for prejudice is significant.

Further frustrating Plaintiffs' efforts to obtain necessary information are Defendant's counsel's "unavailability" and unwillingness to even respond to Plaintiffs in a timely fashion. Moreover, as detailed above, counsel for Defendant has on numerous occasions promised to provide information to Plaintiffs – such as proposed search terms, comments to the proposed ESI plan, custodian locations, the anticipated size of production, and even when that production will begin – and simply failed to live up to those promises.

This conduct appears intended to delay compliance with Defendant's discovery obligations, and should not be countenanced. *See, e.g., ISO Claims Services, Inc. v. Appraisal.com, Inc.*, No. 3:06-cv-100-J-25MCR, 2007 WL 678014, at *8 n.6 (M.D. Fla. Mar. 5, 2007) (noting that "both parties should participate in discovery in a cooperative manner and in good faith"); *see also Metropolitan Opera Ass'n, Inc. v. Local 100*, 212 F.R.D. 178, 190 (S.D.N.Y. 2003) ("cat-and-mouse" discovery conduct "is not consistent with counsel's obligation to engage in discovery in good faith").

Accordingly, Plaintiffs reluctantly feel they have no choice at this time but to seek an Order from the Court compelling Capital One to complete its yet-to-begin, long-overdue document production by October 15, 2011 at the latest. While not ideal, this would at least arguably give Plaintiffs enough time to review the production, prepare for and take depositions, and draft their motion for class certification by the Court's deadline. There is ample precedent for imposing such a deadline to avoid last minute or late tender of documents. As the court in *N.*

*Am. Watch Corp. v. Princess Ermine Jewels* held, a "last-minute tender of documents does not cure the prejudice to opponents" who have otherwise been waiting for them." 786 F.2d 1447, 1451 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order compelling Capital One to complete its production of documents immediately, or by October 15, 2011 at the latest.

## RULE 7.1 CERTIFICATION

Plaintiffs' counsel hereby certify that they have conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the motion, but have been unable to do so.

Dated: September 12, 2011

/s/ Aaron Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                    /s/ John Gravante
                                                    John Gravante
                                                    Fla. Bar No. 617113
                                                    jgravante@podhurst.com
                                                    PODHURST ORSECK, P.A.
                                                    City National Bank Building
                                                    25 W. Flagler Street, Suite 800
                                                    Miami, FL 33130-1780
                                                    Tel: 305-358-2800
                                                    Fax: 305-358-2382