## Grunfeld, Kenneth J.

| | |
|---|---|
| **From:** | Grunfeld, Kenneth J. |
| **Sent:** | Thursday, July 28, 2011 12:45 PM |
| **To:** | 'McGuire, James R.'; Yang, Mimi; chris.forstner@mmlawus.com |
| **Cc:** | Honik, Ruben; pprieto@podhurst.com; John Gravante III |
| **Subject:** | RE: Steen v. Capital One, N.A., MDL No. 09-2036 |
| **Attachments:** | Ltr to Defs, 7-28-2011.pdf |

A letter following up on our meet and confer from last week is attached. I look forward to hearing from you. Ken.


Kenneth J. Grunfeld, Esquire
GOLOMB & HONIK
1515 Market Street, Suite 1100
Philadelphia, PA 19102
215.985.9177
KGrunfeld@golombhonik.com

The information contained in this electronic message is intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by responding to this e-mail.

## GOLOMB & HONIK
A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
1515 MARKET STREET
SUITE 1100
PHILADELPHIA, PENNSYLVANIA 19102

215-985-9177
FAX: 215-985-4169

Ken Grunfeld
kgrunfeld@golombhonik.com

July 28, 2011

**Via E-mail (JMcGuire@mofo.com)**
James R. McGuire
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105

Re:   Steen v. Capital One, N.A., MDL No. 09-2036

Dear James:

This letter serves as Plaintiffs' follow up to the parties' initial meet and confer which took place on July 19, 2011.

### Pre-Document Production Materials from Defendants

We are waiting to receive from you a list of the Defendants' proposed search terms and a custodian list. We understand the custodian list will include detailed information about each custodian. HR files on each custodian (with confidential information redacted) are preferable, along with current organization charts. Please provide these materials by August 5, 2011.

### Document Production Protocols

Defendants anticipated that actual document production would start around mid-August, 2011. Prior to that date, Defendants agreed to transparency as to how the documents were being compiled, reviewed and produced. The order of the anticipated rolling production is particularly important to us. As is the date range of documents reviewed. We hope to be able to come to an understanding on the following issues so that protocols can be put into place prior to production:

- Company record retention policies;
- ESI production protocols; and
- Estimates of the total number of reviewers working for Defendants' production;
- Estimates of the total number of documents and pages that will be produced; and
- A proposed schedule on the calendar for anticipated waves of production.

Page 2
July 28, 2011

### Defendant-Designated Depositions

Plaintiffs seek to take Defendants' 30(b)(6) deposition(s) on a number of topics, including topics untethered to the document production. This includes, but is not necessarily limited to, what has been referred to as the "Topic 1" deposition. Please let us know before August 5, 2011 whether Defendants object to this deposition, and provide us with the name and location of the witness or witnesses that can testify on Topic 1, as well as three alternative dates and times for the witnesses' depositions in August, 2011.

### Written Discovery Defendants Refused to Answer or Produce

Based on our review of Defendants' Responses to Plaintiffs' Requests for Documents, Defendants' refused to produce any documents responsive to the following requests. For each, please confirm that you refuse to produce any documents responsive to these requests.

- IR #27
- IR # 34-36
- IR # 53 - Defendants claim they "will not produce documents involving other third parties." Please confirm that Defendants will refuse to produce documents in their possession responsive to this request that reference in any way "other third parties."
- IR # 56-58 - Defendants responses are limited to only producing "written" documents. Plaintiffs' requests for "advertisements and other marketing materials" seek "written" materials as well as other medium, including video and audio files. Please confirm that Defendants will refuse to produce materials other than written documents.
- IR # 60
- IR # 62
- IR # 63
- IR # 68
- IR # 69-70

In addition, Defendants' refused to respond to Plaintiffs' Interrogatory #12, at least in part because it allegedly "seeks confidential and proprietary information." Please let us know whether you intend to respond to this interrogatory in any form or fashion, or how we can revise or modify the request to your satisfaction.

Page 3
July 28, 2011

Finally, Defendants' Responses to Plaintiffs' Requests for Admissions includes General Objection # 6, which states that Defendants object to the definition of the term "documents" to the extent it includes "databases and emails." We do not interpret this as an objection to producing databases and emails. Please confirm, and clarify what you mean by this objection, and whether another term other than "documents" would satisfy you in this regard.

Thank you for your attention to these matters. We are available between now and August 5th to discuss any of these issues with you.

Sincerely,

**Golomb & Honik, P.C.**

Kenneth Grunfeld

cc (via email): Mimi Yang
Chris Forstner
John Gravante III
Ruben Honik
Peter Prieto