UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Anderson v. Compass Bank*
S.D. Fla. Case No. 1:11-cv-20436-JLK
N.D. Fla. Case No. 10-CV-00208

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DEFER RULING ON COMPASS BANK'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

Plaintiff, through his undersigned counsel, files this Reply in Support of his Motion to Defer Ruling on Arbitration [**DE # 1800**].

**I.   Introduction**

While Compass argues that arbitration-specific discovery is not warranted in this case, the Eleventh Circuit's recent decision in *Larsen v. J.P. Morgan Chase*, Appeal Nos. 10-12936 & 10-12937 (11th Cir. Aug. 26, 2011), belies such an argument and is instructive on several levels. First, it shows that the Eleventh Circuit agrees that "a fully developed, complete record is essential" to determine the arbitration issue in overdraft cases [**DE # 1576, 1673**]. Second and significantly, the nature of the decision in *Larsen* echoes loudly here: the Eleventh Circuit is aware of – and more importantly, *approves* of – arbitration related discovery. Compass makes no argument against arbitration discovery that justifies deviating from this Court's and the Eleventh Circuit's directive on this issue. Indeed, much of what Compass argues in its opposition has already been rejected by this Court. *Compare* Compass's Opposition to Motion to Defer [**DE # 1857**] *with* U.S. Bank Opposition to Motion to Defer [**DE # 1581**], *see also* Order Granting Limited Discovery [**DE # 1673**].

First, Compass's argument that case law rarely permits arbitration related discovery is one already rejected by this Court. Compass's suggestion that arbitration related discovery undermines the "simplicity" of arbitration obscures the real reason Compass opposes discovery here – to avoid inquiry into its inherently unfair, and unconscionable, arbitration provision. Second, Compass's argument – that the Eleventh Circuit's recent decision in *Cruz v. Cingular Wireless* renders the number of arbitrations irrelevant – conflates the preemption analysis in *Cruz* (and *Concepcion v. AT&T Mobility*) with Anderson's unconscionability attack on Compass's arbitration provision. The number of arbitrations or the lack of them illustrates the practical effect of the contract provision at issue and bears directly on that provision's ultimate fairness and substantive unconscionability.

Next, Compass mischaracterizes Anderson's Declaration testimony as making certain admissions as a platform for arguing that discovery of contract formation and change in terms regarding its frequently amended Deposit Booklet[1] is unnecessary. Yet, even if Compass's mischaracterizations were true (which they aren't), Compass's argument ignores a host of procedural unconscionability factors[2] related to contract formation and change in terms of the Deposit Booklet. Moreover, the Court already rejected this same contract formation argument.

Compass's remaining arguments are similarly without merit, namely that (i) Anderson lacks standing to obtain discovery for the class; (ii) Rule 26 bars discovery; (iii) *Anderson* has been treated as a "Second Tranche Case" therefore discovery should be denied (even though no hearing on arbitration has been set); and (iv) discovery is delegated to the arbitrator (again). We address each of these arguments and show why this Court should reject them summarily.

**II.     Compass Seeks to Avoid Inquiry Into its Onerous Arbitration Provision**

Compass's arguments that discovery is rarely granted and improper here based on the cases it cites has already been considered, and rejected by this Court. *See* Orders Deferring Ruling [**DE # 1576 and 1673**]; *see also* Opposition to Motion to Defer by U.S. Bank, at 1 (arguing, just like Compass, that *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317-18 (11th Cir. 2005) limits the availability of arbitration related discovery). That the Eleventh Circuit has communicated its

---

[1]  Anderson adopts the terms defined in his Response Opposing Arbitration [**DE # 1798**].

[2]  For example, how a contract was entered and a party's ability and opportunity to understand the contract all may establish procedural unconscionability. *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999). Also, whether Compass complied with its own notice provisions when amending the arbitration provision is relevant to procedural unconscionability. *Id.* at 575.

approval with this procedure removes any doubt about whether ruling on arbitration should be deferred to permit arbitration related discovery.

### III. Neither *Concepcion* nor *Cruz* Foreclose Inquiry Into the Number of Arbitrations

*Cruz* and *Concepcion* both held that the number of arbitrations were not relevant to the Court's determination that the FAA preempted state public policy or rules that inherently invalidated arbitration provisions. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011); *Cruz v. Cingular Wireless, LLC*, 2011 WL 3505016 (11th Cir. Aug. 11, 2011). Despite Compass's arguments that these cases foreclose unconscionability as a challenge to arbitration, this Court recognizes that

> *Concepcion* [and *Cruz*] ha[ve] changed nothing in that a thorough case-by-case analysis of the applicable state law doctrine of unconscionability, applied to the specific terms of an arbitration agreement is still required. In sum, *Concepcion* has not relieved courts from their obligation to scrutinize arbitration agreements for enforceability on a case-by-case basis . . . .

Order Denying Renewed Motions to Compel Arbitration at 10 [**DE # 1823**]. This distinction highlights the limitation of *Cruz's* and *Concepcion's* applicability here. Arguments that are irrelevant to state law policy or rules that are preempted by the FAA may still be relevant to other defenses, such as unconscionability applied according to its traditional doctrine. For example, a state law rule or public policy that *per se* required "all arbitration agreements that resulted from fraud to be unenforceable as a matter of public policy" would be preempted under *Cruz* and *Concepcion* because unenforceability would be conditioned on the agreement being one to arbitrate. Arguments tending to show fraud would be irrelevant to that preemption determination. However, those same arguments relating to fraud as a *contract defense* to enforcement of the arbitration provision would be permitted because *Concepcion and Cruz* both expressly permit arbitration agreements to be declared unenforceable based upon generally applicable contract defenses, such as fraud, duress, or unconscionability. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011); *Cruz*, 2011 WL 3505016 at *4. The same is true for unconscionability here.

The practical effect of *any* contractual provision that is challenged as unconscionable is highly relevant to its ultimate fairness, and whether it is substantively unconscionable. The number of arbitrations conducted – while irrelevant to a determination that state public policies or rules that inherently invalidating arbitration agreements – demonstrates the practical effect of

3

Compass's arbitration provision, and thus bears on its ultimate fairness and substantive unconscionability. If no arbitrations are ever conducted this evidences a sign of substantive unconscionability, which is exactly what Anderson is arguing, and should be allowed to prove.

IV. **Anderson Does Not "Concede" Contract Formation, and Although Each Relevant Version of the Deposit Booklet Contained an Arbitration Provision, Compass Amended the Provision Twice During the Relevant Period**

Compass's argument regarding contract formation is constructed on several false premises. First, it mischaracterizes Anderson's Declaration Testimony to admit contract formation of the Deposit Booklet. [**DE # 1857** at 2]. Anderson's Declaration actually says: "[w]hen I opened the account in Gainesville, I signed some papers and was handed a large folder that contained a package of papers." [**DE 1798-1**]. Furthermore, Anderson has expressly argued that Compass's signature card fails to sufficiently incorporate any Deposit Booklet by reference. Response to Renewed Arbitration Motion], at 9-10 [**DE # 1798**]. This hardly concedes contract formation, or serves as sufficient grounds to distinguish the circumstances where arbitration related discovery was permitted in *U.S. Bank*.

Compass's claim that Anderson "admitted" that he never read any version of the Deposit Booklet is another blatant mischaracterization. *See* Compass Opposition to Motion to Defer, at 2 [**DE # 1857**] *citing to* Anderson Declaration, ¶¶ 6-8. Anderson never "acknowledge[es]" that he did not read the Deposit Booklet. Anderson Declaration, ¶¶ 6-8 [**DE # 1798-1**]. Rather, Anderson stated that he never **understood** that the Compass Deposit Booklet contained an arbitration provision that stripped him of his rights to sue Compass in court (*id.*) which is actually a factor of procedural unconscionability. *Powertel*, 743 So. 2d at 574 (a meaningful opportunity and ability to understand a given provision is an element of procedural unconscionability). **Based on this mischaracterization**, Compass goes on to improperly conclude that *Murphy v. Courtesy Ford* automatically precludes a finding of procedural unconscionability where a party fails to read a contract. Compass Opposition, at 2 [**DE # 1857**]. This simply misstates the holding in that case and the law in Florida. Failure to read a document does not automatically foreclose a finding of procedural unconscionability. *Courtesy Ford*, 944 So. 2d at 1134 (stating *Powertel* factors for procedural unconscionability).[3]

---

[3] In *Courtesy Ford*, the party compelled to arbitrate her claims actually *signed a document* that contained the arbitration provision, and included three warnings directing the customer to read

4

Next, Compass wrongly concludes that attaching the 2008 Booklet to the Complaint moots the need for discovery concerning contract formation and change in terms relating to arbitration because Anderson cannot simultaneously sue for breach of contract while arguing that a contract was not formed to avoid arbitration. However, discovery into contract formation clearly bears on the issue of procedural unconscionability of the arbitration provision itself. If the Court concludes the provision is unconscionable, then it's unenforceable under Florida law.

Third, Compass also claims discovery of "change in terms" is unnecessary because each version of its Deposit Booklet included an arbitration provision. Yet, that provision itself was amended three times during the relevant time period. *Compare* 2002 Booklet at 15-18, 2004 Booklet at 13-16, and 2008 Booklet at 13-16 [**DE # 1771-4 – 1771-6**]. For example, the 2004 Booklet's arbitration provision includes at least eight revisions from the 2008 Booklets arbitration provision. *Id.* While most of these changes were formatting changes (which actually made the 2004 Booklet *more difficult* to decipher than the 2002 Booklet) the 2004 Booklet at 15 includes a "blow-up" provision that expressly renders the entire arbitration provision unenforceable in the event the class-waiver was invalidated. [**DE # 1771-5**]. This is in sharp contrast to the generic severability provision in the 2002 Booklet at 18. [**DE # 1771-4**]. More importantly, Anderson does not recall ever receiving any notices of amendments or actual copies of amended Deposit Booklets; he received the 2008 Booklet attached to the Complaint after specifically requesting a copy from Compass during pre-suit investigations. *See* Anderson Declaration, ¶ 9 [**DE # 1798 – 1**]. Absent discovery, it will remain unknown whether any amended versions of the Deposit Booklet were sent to Anderson,[4] or whether Compass complied with its own notice provisions as set forth in its deposit booklet, which are both factors relevant to procedural unconscionability. *Powertel*, 743 So. 2d at 575.

Indeed the most glaring weakness of Compass's arguments is its blind refusal to recognize that these areas of inquiry are highly relevant to factors that evidence procedural

---

the section that included the arbitration provision. 944 So. 2d at 1133. Furthermore, the *Courtesy Ford* court noted that Florida courts had found an arbitration provision to be procedurally unconscionable where – ***just like Compass*** – the party seeking arbitration included its arbitration provision in an inconspicuous location, and it was not that company's practice to inform customers of the arbitration provision. *Id.* at 1134-35 (citing *Palm Beach Motor Cars Ltd., Inc. v. Jeffries,* 885 So.2d 990 (Fla. 4th DCA 2004)).

[4] Despite Compass's framing, Anderson has ***not*** admitted receiving amended versions of the Deposit Booklet. *See* Anderson Declaration [**DE # 1798-1**].

unconscionability under Florida law. *See Powertel*, 743 So. 2d at 574. Arbitration related discovery will provide more information about the manner in which Compass's arbitration agreement was entered into, and the ability and opportunity of Anderson to understand the arbitration provision – both of which being factors that show procedural unconscionability. *Id.*

Finally, these same arguments presuming contract formation based on executed signature cards was already considered, and rejected by this Court. *See* U.S. Bank Opposition to Motion to Defer [**DE # 1581**] and Order Granting Limited Discovery [**DE # 1673**].

V.      **Compass's Remaining Arguments Are Unpersuasive**

   A.      **Anderson Has Standing**

Compass argues that this is presently a single plaintiff case that has not yet progressed to class certification, and it is therefore *premature* for Anderson to obtain arbitration discovery. At the same time, however, Compass also notes that Anderson has the burden of proving unconscionability. *See* Reply in Support of Renewed Arb. Motion, at 2 [**DE # 1822**]. Under Compass's view, Anderson must prove unconscionability without the ability to submit any facts – *see* Compass Motion to Strike [**DE # 1823**] – or the ability to discovery any facts, as it argues here. This falls in line with Compass's one-sided notion of fairness, as further evidenced in its unilaterally applicable arbitration provision, **and which allows Compass to sue customers in court while requiring its customers to arbitrate claims.**[5] If that weren't enough, this argument was also already rejected by this Court. *See* U.S. Bank Opposition, at 7 [**DE # 1581**], Order Granting Limited Discovery [**DE # 1673**].

---

[5] In *Hialeah Auto., LLC v. Basulto*, a similarly unilateral arbitration provision was found to be unconscionable and unenforceable. 22 So.3d 586, 590 (Fla. 3d DCA 2009). The Court in *Hialeah Auto* found an agreement permitting an auto dealer "to obtain a deficiency judgment after repossession" to mean "the dealer has reserved the right to seek certain money damages in court" for "monetary relief against the customer in excess of the $5,000 small claims limit." *Id.* at 590. Because the customer has no corresponding right to go to court to obtain monetary relief over $5000, and instead was limited to small claims court or arbitration, the provision was substantively unconscionable. *Id.* The *Hialeah Auto* also found that the severability provision did not cure this deficiency, and further noted: "[w]here one party is bound to arbitration of its claims but the other is not, there can be substantive unconscionability" *Id.* quoting *Palm Beach Motor Cars Ltd. v. Jeffries,* 885 So.2d 990, 992 (Fla. 4th DCA 2004). Like the dealer in *Hialeah Auto*, Compass's Deposit Booklet permits Compass to recover "attorney's fees and court costs" from its customers, while limiting its customers to only small claims court and arbitration, and barring the recovery of attorney's fees, unless inconsistent with applicable law. *See* 2002 Booklet at 9, 17; 2004 Booklet at 8, 15; 2008 Booklet at 8 and 15 **[DE # 1771-4 – 1771-6]**.

### B.     Compass's Rule 26 Argument is a Red Herring Argument

Compass argues that it is improper to obtain discovery under Rule 26 without stipulation or obtaining a court order. However, the very purpose of the instant Motion is to *obtain* an order from this Court permitting arbitration related discovery, which obviously comports with Rule 26. Anderson submitted his actual discovery requests to show Compass and this Court exactly what information is being sought. Thus, it appears that Compass's real argument is that Anderson should have *titled* this Motion differently, and labeled the significant grounds warranting arbitration related discovery as "good cause." There is no magic or talismanic words for good cause. Plaintiff asks this Court for leave to conduct arbitration related discovery so the Court can be fully informed on whether Compass's arbitration provision is unconscionable. The argument is a complete red herring.

### C.     No Hearing Date Exists To Warrant Excluding Arbitration Related Discovery

Compass argues that *Anderson's* treatment as a Second Tranche case warrants denial of arbitration discovery because the Court denied Second Tranche Plaintiffs' request for arbitration related discovery in other cases. However by its own acknowledgment, the "primary" reason the Court denied discovery in those Second Tranche cases was because "if granted, the discovery sought would delay the presently scheduled hearing on the applicability of *AT&T Mobility v. Concepcion* … to the Court's prior adjudication denying arbitration, which is presently scheduled for Friday, August 12, 2011. [**DE # 1767**]." No hearing is scheduled in this case on arbitration.

Finally, Compass again relies on its mischaracterization of Anderson's Declaration in an attempt to distinguish the cases where arbitration discovery was granted. Yet, just as in those cases, there is certainly a dispute here about whether a binding contract to arbitrate was ever formed between Anderson and Compass. *See* Response to Renewed Arbitration Motion at 9 – 10 [**DE # 1798**] (arguing that Compass's signature card fails to adequately incorporate the 2002 Booklet by reference). Despite Compass attempt to distinguish the circumstances here, the Court *granted* arbitration related discovery in the U.S. Bank case, where U.S. Bank argued that execution of a signature card should bar contract formation related discovery. *See* U.S. Bank Opposition [**DE # 1581**], Order Granting Limited Discovery [**DE # 1673**].

7

### D. Compass's Delegation (Re)Argument Has Already Been Addressed and Fails Given the Carve-Out in Compass's Arbitration Provision's for Equitable Relief

Compass claims that because the Deposit Booklet includes delegation language, the issue of arbitration related discovery should be before the arbitrator. In response, Anderson adopts his previous arguments on this issue[6] where he demonstrated that Compass's purported delegation language is not even close to evidencing the parties' "clear and unmistakable" to arbitrate arbitrability. In the event the Court disagreed with that analysis, Anderson alternatively argued that any purported Delegation Clause is unconscionable. Compass overlooks this alternative argument, which the Supreme Court has held as properly before a court. *Rent-A-Cener, W. v. Jackson*, 130 S. Ct. 2772, 2779 (2010) (so long as a plaintiff makes a pinpoint unconscionability attack, enforceability of a delegation provision is properly before a court). Thus discovery into the unconscionability of Compass's purported delegation language is properly before this Court.

Anderson also notes that Compass's arbitration provision includes a carve-out for equitable relief:

> Nothing in this arbitration provision shall limit the right of you or us, whether before, during, or after the pendency of any arbitration proceeding … *to obtain provisional or ancillary remedies or injunctive or other traditionally equitable relief* …

2002 Booklet at 17; 2004 Booklet at 14-15; 2008 Booklet at 14 [**DE # 1771-4 – 1771-6**] (emphasis added). Because Anderson seeks injunctive relief here (*see* Complaint, Case No. 11-cv-20436 [**DE # 1**]), this case falls outside the express scope of Compass's arbitration provision or any purported delegation language, and this issue is properly before this Court. Importantly, a differently worded exception in M&T Bank's deposit booklet rendered that case outside the scope of M&T's arbitration provision. *See* Order Denying Renewed Motions to Compel Arbitration at 23 [**DE # 1853**].

---

[6] *See* Reply in support of Anderson's initial Motion to Defer, pp. 3-7 [**DE # 1650**] and Anderson's Response to Compass's Renewed Arbitration Motion, pp. 16-19 [**DE # 1798**]. In those briefs, Anderson challenged all of Compass's purported delegation language as failing to evidence a "clear and unmistakable" intent to delegate, and focused on how all of Compass's purported delegation language was either indecipherable or simply did not delegate attacks on arbitrability to an arbitrator.

8

## VI. Conclusion

In short, this Court has discretion to determine the propriety and scope of arbitration related discovery, and Compass provides no persuasive grounds for deviating from this Court's prior decisions granting arbitration related discovery. The Eleventh Circuit's endorsement of arbitration related discovery further supports Anderson's motion. As such, Anderson's Motion to Defer Ruling on Compass Bank's Renewed Motion to Stay Proceedings and Compel Arbitration should be granted.

Dated: September 12, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard, 11th Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb<br>E. Adam Webb, Esquire<br>Georgia Bar No. 743910<br>Adam@WebbLLC.com<br>Matthew C. Klase, Esquire<br>Georgia Bar No. 141903<br>Matt@WebbLLC.com<br>G. Franklin Lemond, Jr., Esquire<br>Georgia Bar No. 141315<br>FLemond@WebbLLC.com<br>WEBB, KLASE & LEMOND, L.L.C.<br>1900 The Exchange, S.E.<br>Suite 480<br>Atlanta, GA 30339<br>Tel: 770-444-9325<br>Fax: 770-444-0271 | /s/ Michael W. Sobol<br>Michael W. Sobol, Esquire<br>California Bar No. 194857<br>msobol@lchb.com<br>Roger N. Heller, Esquire<br>California Bar No. 215348<br>rheller@lchb.com<br>Jordan Elias, Esquire<br>California Bar No. 228731<br>jelias@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Tel: 415-956-1000<br>Fax: 415-956-1008 |
| /s/ Russell W. Budd<br>Russell W. Budd, Esquire<br>Texas Bar No. 03312400<br>rbudd@baronbudd.com<br>Bruce W. Steckler, Esquire<br>Texas Bar No. 00785039<br>bsteckler@baronbudd.com<br>Mazin A. Sbaiti, Esquire<br>Texas Bar No. 24058096<br>msbaiti@baronbudd.com<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX 75219<br>Tel: 214-521-3605<br>Fax: 214-520-1181 | /s/ David S. Stellings<br>David S. Stellings, Esquire<br>New York Bar No. 2635282<br>dstellings@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>250 Hudson Street<br>8th Floor<br>New York, NY  10013<br>Tel: 212-355-9500<br>Fax: 212-355-9592 |

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

C<small>ASE</small> N<small>O</small>. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596