**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

MDL No. 2036

**THIS DOCUMENT RELATES TO:**

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

**DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

sf-3044775

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................................ ii
I.    INTRODUCTION ........................................................................................................... 1
II.    RELEVANT BACKGROUND ...................................................................................... 3
    A.    Capital One's Efforts to Respond to Plaintiffs' Discovery .................................... 3
    B.    Capital One's Ongoing Cooperation in the Discovery Process ............................ 4
III.    ARGUMENT .................................................................................................................. 8
    A.    Plaintiffs' Motion to Compel Should Be Denied Because There Is No Basis for Judicial Intervention. ............................................................................. 8
    B.    Plaintiffs' Motion Violates Local Rules 7.1 and 26.1. .......................................... 9
IV.    CONCLUSION ............................................................................................................. 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Gay v. AirTran Airways, Inc.*,
   No. 10-12211, 2011 U.S. App. LEXIS 10502 (11th Cir. May 24, 2011) ................................. 9

*King v. CVS/Caremark, Corp.*,
   No. 07-21824, 2007 U.S. Dist. LEXIS 99023 (S.D. Fla. Dec. 12, 2007) ................................ 9

*Medsker v. Feingold*,
   No. 04-81025, 2009 U.S. Dist. LEXIS 34403 (S.D. Fla. Apr. 6, 2009) .................................. 9

*Pendlebury v. Starbucks Coffee Co.*,
   No. 04-80521, 2005 U.S. Dist. LEXIS 36748 (S. D. Fla. Aug. 29, 2005) ............................ 11

*Trinos v. Quality Staffing Servs. Corp.*,
   250 F.R.D. 696 (S.D. Fla. 2008) ........................................................................................... 10

**OTHER AUTHORITIES**

Southern District Local Rules
   Local Rule 7.1 ............................................................................................................. 2, 9, 10
   Local Rule 26.1 ...................................................................................................... 2, 9, 10, 11

Defendant Capital One, N.A. ("Capital One" or "Defendant") respectfully submits this memorandum in opposition to Plaintiffs' Motion to Compel the production of documents.

## I. INTRODUCTION

Plaintiffs' motion was filed prematurely and without good cause. The parties agreed, on August 31, 2011 that Capital One would commence production on September 15. Plaintiffs nonetheless elected to file this motion three days before that agreed-upon production date. Capital One has since fully and timely met that agreed-upon production date.

The continued pursuit of the motion, moreover, is itself an abuse of the discovery process. As plaintiffs' counsel well know, production in this and virtually all of the Fourth Tranche cases was delayed by the parties' good-faith efforts to reach a global agreement that would recognize all of the parties' interest in protecting the confidentiality of certain information during the discovery process. The parties did not reach agreement on that issue until September 15, *after* the plaintiffs herein filed their motion. That agreement was conveyed to all counsel in the Fourth Tranche—plaintiffs and defendants—under cover of the following e-mail from Robert C. Gilbert, Plaintiffs' Coordinating Counsel, as follows:

> Attached is the Confidentiality Agreement Pertaining to *Fourth Tranche* Actions signed by me [Robert C. Gilbert] as Plaintiffs' Coordinating Counsel. Based on our delivery of the attached, we expect all Fourth Tranche defendants to immediately produce all documents which have heretofore been withheld based on the Court's failure to enter the Stipulated Protective Order. In the event any Fourth Tranche Defendant continues to delay its production on this basis, we will consider such refusal to be in bad faith and will file a motion to compel without further delay. Please confirm to the corresponding Plaintiffs' counsel with whom you are working on a day-to-day basis when he or she can expect to receive your previously withheld documents.

(Declaration of Mimi Yang ("Yang Decl."), Ex. D (emphasis in original).) Mr. Gilbert's message thus expressly recognized that all parties—Capital One, plaintiffs, and all other Fourth Tranche defendants—understood that certain documents were being withheld pending this

1

sf-3044775

agreement, which was imminent, and simply asked, now that the agreement had been reached, that those documents be promptly produced.

Capital One has thus behaved <u>exactly</u> as have the other Fourth Tranche defendants to whom Mr. Gilbert's message was addressed, and since its receipt has done <u>exactly</u> as Mr. Gilbert requested. The day after plaintiffs' counsel sent this message, Capital One's counsel met and conferred at length with him. Capital One advised plaintiffs' counsel that Capital One would produce a substantial number of documents on Monday, September 19. Capital One did exactly that: earlier today, it produced to plaintiffs over 17,000 pages.

In short, it is hard to understand why plaintiffs' counsel insist on taking the Court's time with this matter. Capital One has consistently acted with diligence, transparency, and good faith during this very complex and labor-intensive discovery process. It intends to continue to work productively with counsel for plaintiffs. Nonetheless, even after Mr. Gilbert's message, above, counsel for plaintiffs in this particular case have refused to withdraw their motion.

In addition, plaintiffs' counsel violated two Local Rules in filing this motion. Plaintiffs' counsel did not comply with this Court's pre-filing conference requirement set forth in Local Rule 7.1(a)(3). Had this sensible rule been followed, plaintiffs' motion likely would have been unnecessary. Plaintiffs' motion should also be denied for the independent reason that it fails to identify any specific obligation with which Capital One has failed to comply, as required by Local Rule 26.1(h)(2). Plaintiffs' failure to follow this rule makes it impossible for Capital One to assess or respond to their motion as to specific discovery requests.

For these reasons, as set forth in greater detail below, plaintiffs' motion should be denied.

## II.     RELEVANT BACKGROUND

### A.     Capital One's Efforts to Respond to Plaintiffs' Discovery

On July 6, 2011, Capital One timely served written responses to plaintiffs' First Set of Interrogatories, First Requests for Admissions, and First Requests for Production. (Ex. B to Plaintiffs' Motion to Compel ("Plaintiffs' Mot.") at 1.) Well before the receipt of plaintiffs' First Set of Interrogatories, First Requests for Admissions, and First Requests for Production on May 23, 2011, Capital One began the process of locating relevant documents. A huge amount of electronically stored information ("ESI")—e-mails, text documents, spreadsheets and other computer files—was potentially responsive to that discovery. As plaintiffs' counsels know, where discovery covering an extended period of time is directed to a company with thousands of employees who rely extensively on electronic communications, complete discovery responses cannot always be provided and questions cannot always be answered accurately on short notice. The responding party must first undertake to identify those employees who might have generated or received potentially responsive documents.

In an effort to do so, Capital One's outside counsel has, over the past six months, interviewed over 50 different employees working in several different states, many of whom were interviewed multiple times, in addition to those employees interviewed by in-house counsel. (Yang Decl. ¶ 2.) Capital One has collected potentially responsive documents from multiple network servers and shared drives, from 46 different document custodians, and from other locations. (Declaration of Chris Forstner ("Forstner Decl.") ¶ 3.) To date, over 7 million documents—over a terabyte of data, the equivalent of 30,000 banker's boxes of paper—have been collected in order to be subjected to review. (*Id*. ¶ 4.) Capital One has hired an outside vendor to process and load ESI into an electronic database for review, and identified search terms to be used against the set of documents collected to narrow the number of documents that

3

need to be manually reviewed.  (*Id*. ¶ 5.)  Over 3,700 person-hours have been spent reviewing these documents for responsiveness and privilege.  (*Id*. ¶ 6.)  On September 15, 2011, Capital One produced a first wave of documents, representing over 3,000 pages, to plaintiffs.  (*Id*. ¶ 7.)

    **B.**  **Capital One's Ongoing Cooperation in the Discovery Process**

    On July 19, 2011, the parties met and conferred at plaintiffs' request regarding several elements of the production process, as well as several specific document requests.  (Plaintiffs' Mot., Exs. C and D.)  As plaintiffs acknowledge, given the size and complexity of the anticipated production, the parties agreed not to set any firm deadlines at this meeting.  (Plaintiffs' Mot. at 2.)  Capital One's counsel also informed plaintiffs at this meeting that, due to August vacation and work travel schedules, it would be difficult for Capital One's counsel to respond to any communications or requests on short notice.  (Plaintiffs' Mot., Ex. E at p. 2 & Ex. G at p. 2.)

    Apparently disregarding this information, on July 28, 2011, plaintiffs unilaterally demanded that Capital One provide *within eight days* a massive amount of information, including: "search terms," a "custodian list [with] detailed information about each custodian," "the name and location" of witnesses for 30(b)(6) depositions, "dates and times for the witness' depositions in August, 2011," several types of information about production protocols, and information about more than a dozen individual document requests.  (Plaintiffs' Mot., Ex. D.)  Capital One's counsel reminded plaintiffs about the August travel schedule, and on August 16, 2011, provided plaintiffs with a detailed, four-page letter addressing each of plaintiffs' outstanding questions and requests.  (Plaintiffs' Mot., Ex. E at pp. 1-2 & Ex. F.)  The next week, Capital One gave plaintiffs a detailed status report, stating that:

- Capital One had "a custodian list prepared," but was "delayed because of the need to add [at plaintiffs' request] the precise title of each custodian";

- Capital One was in the process of identifying 30(b)(6) deponents, which was time consuming due to the need to interview multiple potential witnesses across three states to locate the correct deponents; and

- The Court had not yet entered the parties' stipulated protective order, and Capital One was considering a proposal for an alternative arrangement that would speed up production while also protecting confidentiality, such as a confidentiality agreement.

(Plaintiffs' Mot., Ex. G at p. 2.)  Plaintiffs acknowledged that: "We do understand the issues you face and the fact that your team has been away." (*Id.*)  Two days later, Capital One provided, as agreed, the custodian and keyword listing. (*Id.* at p. 1.)

On August 31, 2011, the parties once again met and conferred. (Declaration of James R. McGuire ("McGuire Decl.") ¶ 2; Yang Decl. ¶ 3; and Forstner Decl. ¶ 9.)  Capital One agreed to provide an updated custodian list that included each custodian's location by September 7, 2011. (McGuire Decl. ¶ 3; Yang Decl. ¶ 4; and Forstner Decl. ¶ 10.)  Capital One also informed plaintiffs that while it intended to produce documents without a protective order, it nonetheless needed some assurance that its confidential documents would be protected, such as a signed confidentiality agreement. (McGuire Decl. ¶ 4; Yang Decl. ¶ 5; and Forstner Decl. ¶ 11.)  Capital One also informed plaintiffs that, due to issues with its third-party vendor in charge of hosting its ESI, it would instead aim to produce a first round of documents by September 15, 2011, pending resolution of the confidentiality agreement issue. (McGuire Decl. ¶ 5; Yang Decl. ¶ 6; and Forstner Decl. ¶ 12.)  Plaintiffs stated that they understood, and never indicated on this call that they otherwise had problems with the September 15 date. (McGuire Decl. ¶ 5; Yang Decl. ¶ 6; and Forstner Decl. ¶ 12.)  Plaintiffs also specifically agreed to meet and confer regarding a confidentiality agreement. (McGuire Decl. ¶ 4; Yang Decl. ¶ 5; and Forstner Decl. ¶ 11.)

After the August 31 meet-and-confer call, Capital One spoke to other "Fourth Tranche" defendants and understood that the confidentiality agreement issue was being negotiated on the plaintiffs' side by members of the Plaintiffs' Executive Committee ("PEC ") at Baron & Budd

and on the defendants' side by counsel for Comerica Bank. (Yang Decl., Ex. B at p. 2.) Indeed, the day after plaintiffs filed their motion to compel in this case, plaintiffs' counsel indicated that "[o]f course [they] were aware that negotiations are ongoing to reach [a confidentiality] agreement for all 4th Tranche banks, including Capital One" (*id.* at p. 1), even though this arrangement was subsequently denied on the same day by Mr. Gilbert, co-lead counsel of the PEC. (Yang Decl., Ex. C ("I understand you may have been laboring under the belief that Mazin was negotiating on behalf of all fourth tranche actions. I've spoken to Mazin, who assured me that he did not intend to convey that understanding to you.").) Regardless of what different plaintiffs' counsel may have believed or indicated, it is undisputed based on written e-mail communications that both parties in *this* case understood that a confidentiality agreement was being negotiated for the purpose of producing confidential documents. Indeed, a confidentiality agreement was finally reached amongst the Fourth Tranche parties on September 15, 2011. (Yang Decl., Ex. E.)

On September 9, 2011, two days later than agreed, Capital One provided plaintiffs the updated custodian list. (Plaintiffs' Mot., Ex. I.) On September 12, 2011—*three days before* document production was set to begin—plaintiffs filed this motion to compel. Plaintiffs did not tell Capital One about their plan to file this motion to compel until *one hour* before the motion was filed. (Yang Decl., Ex. A.) On September 15, 2011—*the very day Capital One said it would begin document production*—Capital One produced over 3,000 pages of documents responsive to plaintiffs' requests.[1]

On September 15, 2011, Mr. Gilbert sent an e-mail to the Fourth Tranche defendants, indicating that plaintiffs would not file motions to compel if defendants produced

---

[1] On September 15, 2011, Capital One also answered plaintiffs' outstanding questions regarding dates and locations of 30(b)(6) depositions.

previously-withheld documents due to the lack of a confidentiality order. (Yang Decl., Ex. D.) Relying on this e-mail and the fact that Capital One had produced documents on September 15 and would be further producing previously-withheld documents on September 19, Capital One held conference calls with plaintiffs' counsel, requesting plaintiffs to withdraw their motion. (McGuire Decl. ¶ 6; Yang Decl. ¶ 9; and Forstner Decl. ¶ 13.) Plaintiffs refused, stating that they would not withdraw their motion unless Capital One completed *all* document production responsive to their discovery requests by November 15, 2011, as indicated in their Motion to Compel. (*See* Plaintiffs' Mot. at 3-4 ("We seek an Order compelling Capital One to produce *all documents responsive* to plaintiffs' May 23, 2011 Request for Production.") (emphasis added).) In an effort to provide plaintiffs with relevant documents in a reasonable amount of time, Capital One suggested that plaintiffs provide Capital One with categories of documents that they will need for class certification, so that those documents can be prioritized for the November 15 deadline. (McGuire Decl. ¶ 7; Yang Decl. ¶ 10; and Forstner Decl. ¶ 14.) However, despite the fact that plaintiffs acknowledged that certain document requests were not relevant to class certification (McGuire Decl. ¶ 7; Yang Decl. ¶ 10; and Forstner Decl. ¶ 14), plaintiffs refused the offer, stating that they want *all* responsive documents by November 15, whether or not they were relevant to class certification. (McGuire Decl. ¶ 7; Yang Decl. ¶ 10; and Forstner Decl. ¶ 14.)

On September 19, 2011, Capital One produced over 17,000 additional pages of documents, reflecting the finalization of the parties' confidentiality agreement. To date, Capital One has produced over 20,000 pages of documents. Plaintiffs, however, have still refused to withdraw their motion.

sf-3044775

### III.  ARGUMENT

    **A.  Plaintiffs' Motion to Compel Should Be Denied Because There Is No Basis for Judicial Intervention.**

The facts here simply do not support plaintiffs' Motion to Compel.  As described, discovery in a complex case like this, involving a large financial institution like Capital One, is a complicated, time-consuming, and labor-intensive process.  Plaintiffs' only response to this point has been their "argument" regarding the Petition for a Writ of Mandamus that Capital One filed.  That argument is an obvious ploy to prejudice the Court against Capital One for respectfully disagreeing, in a manner permitted by law, with one of the Court's rulings.  Moreover, plaintiffs' suggestion that the drafting of the writ somehow interfered with the discovery process in this case is without foundation.  The attorney on Capital One's defense team with principal responsibility for drafting the writ was a member of the appellate practice group in defense counsel's offices in Washington, D.C.  (Yang Decl. ¶ 11.)  That attorney had no involvement whatsoever in discovery matters in this case.  (*Id.*)

As shown by plaintiffs' own exhibits, Capital One has made extensive efforts to respond to each and every one of plaintiffs' discovery requests, and has consistently worked with plaintiffs in good faith to resolve the many issues surrounding the production process.  Capital One has not refused any of plaintiffs' many requests.  The ***only*** instance plaintiffs can identify in which Capital One did not meet an agreed-upon deadline (as opposed to a deadline imposed unilaterally by plaintiffs at unreasonably short notice) was Capital One's delay of two days in providing to plaintiffs an updated custodian list.  This brief and quickly remedied delay in responding to one of plaintiffs' numerous requests does not warrant judicial intervention at all, let alone the complete judicial overhaul of the discovery process that plaintiffs seek.

Moreover, plaintiffs' motion simply jumped the gun.  As explained, plaintiffs filed their motion three days before the agreed-upon production would commence, and Capital One

thereafter fully complied with its agreement. *See Gay v. AirTran Airways, Inc.*, No. 10-12211, 2011 U.S. App. LEXIS 10502, at *4 (11th Cir. May 24, 2011) (upholding denial of motion to compel where motion was filed "before discovery was due").

In addition, since plaintiffs filed their motion, Capital One has, like the rest of the Fourth Tranche, entered into a confidentiality agreement with plaintiffs; and has, consistent with Mr. Gilbert's written request, produced the confidential documents it had been holding, and has discussed with plaintiffs' counsel a schedule for production through November 15.

Finally, plaintiffs' demand for "*all*" responsive documents, whether related to class certification or not, simply is not reasonable. While plaintiffs' deadline to file their motion for class certification is December 20, 2011, the discovery cutoff in this case is not until June 22, 2012. Capital One has offered to work with plaintiffs to prioritize production of the documents they need for class certification, but as of this date plaintiffs have refused.

Thus, the circumstances underlying plaintiffs' Motion to Compel make plain that the motion is without merit. This Court should reject plaintiffs' improper attempt to override the parties' many weeks of careful, good-faith negotiations by judicial mandate.

**B.   Plaintiffs' Motion Violates Local Rules 7.1 and 26.1.**

Plaintiffs' Motion to Compel should also be denied outright because plaintiffs failed to comply with the Court's Local Rules in two material and important ways. *Medsker v. Feingold*, No. 04-81025, 2009 U.S. Dist. LEXIS 34403, at *3 (S.D. Fla. Apr. 6, 2009) (denying motions to compel for failure to comply with Local Rules). These violations are particularly problematic given the nature of the case: class actions and multi-district litigations are procedurally complex and inherently involve more filings than other types of cases. This Court has recognized that, for the sake of judicial efficiency and to conserve judicial and party resources, counsel in such cases should be careful not to involve the Court unless absolutely necessary. *See King v.*

9

*CVS/Caremark, Corp.,* No. 07-21824, 2007 U.S. Dist. LEXIS 99023, at *15-16 n.11 (S.D. Fla. Dec. 12, 2007) (cautioning parties in class action that Court "expects strict adherence to all applicable rules [when filing motions] and will not tolerate violations as part of crafty tactics that are typical of complex litigation").

*First*, plaintiffs failed to contact Capital One's counsel to meet and confer regarding the subject matter of this motion before filing. As such, the motion violates this Court's pre-filing conference requirement in Local Rule 7.1(a)(3). Plaintiffs' counsel did not raise the possibility of a motion to compel with Capital One's counsel until *one hour before* plaintiffs filed the motion. (Yang Decl., Ex. A.) If plaintiffs' counsel had contacted Capital One's counsel earlier, this motion likely could have been avoided. Because plaintiffs burdened the Court with this motion without making any attempt to first confer with Capital One in good faith, plaintiffs' motion should be summarily denied. *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (court may deny motion based on failure to meet and confer); S.D. Fla. L.R. 7.1(a)(3) (court may deny motion for failure to comply with this Rule).

*Second*, plaintiffs make the remarkably broad and undiscriminating demand that Capital One "complete its production immediately" in order to "keep this litigation on track." (Plaintiffs' Mot. at 4.) The motion does not identify any "specific item[s] to be compelled," any "specific objections," or any "reasons . . . supporting the motion as it relates to [each] specific item." S.D. Fla. L.R. 26.1(h)(2). As such, the motion violates this Court's specificity requirement in Local Rule 26.1(h)(2). As described above, Capital One has: (1) provided written responses to plaintiffs' Interrogatories, Requests for Admission, and Requests for Production; (2) engaged in intensive efforts to identify, collect, review, and produce responsive documents; (3) interviewed numerous Capital One employees in an effort to identify appropriate 30(b)(6) designees; (4) provided plaintiffs information regarding search terms used by Capital One in the

10

sf-3044775

document collection process; (5) provided plaintiffs with information regarding 46 different custodians, including their locations and official titles; (6) provided plaintiffs substantial information about the production process; (7) kept plaintiffs apprised of the status of production efforts, including producing over 20,000 pages of documents; and (8) worked closely with plaintiffs to come to agreement on several aspects of production protocol.  Capital One has not refused *any* of plaintiffs' many requests.  Because plaintiffs fail to identify any specific item that Capital One has failed to provide, or any actual obligation with which Capital One has failed to comply, plaintiffs make it impossible for this Court to assess their motion.  Instead, plaintiffs' approach appears designed to frustrate careful inquiry into the specifics, rather than to aid the parties in actually resolving any issues.  This approach is contrary to the Rules.  The right course is to require plaintiffs to file a proper motion, with the proper specific information, if they want to go forward.  *See Pendlebury v. Starbucks Coffee Co.*, No. 04-80521, 2005 U.S. Dist. LEXIS 36748, at *2 n.1 (S. D. Fla. Aug. 29, 2005) (denying motion to compel where plaintiff "violated Local Rule 26.1.H.2 by failing to 'quote verbatim each . . . request for production and the response . . . followed by (a) the specific objections, (b) the grounds assigned for the objection . . . and (c) the reasons assigned as supporting the motion.'").

IV. **CONCLUSION**

For the foregoing reasons, plaintiffs' Motion to Compel should be denied.

Dated: September 19, 2011

Respectfully submitted by,

MORRISON & FOERSTER LLP

By: /s/ James R. McGuire
JAMES R. McGUIRE

JAMES R. McGUIRE (*pro hac vice*)
RITA F. LIN (*pro hac vice*)
MIMI YANG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:   415.268.7000
Facsimile:   415.268.7522

*Attorneys for Defendant*
CAPITAL ONE, N.A.

CERTIFICATE OF SERVICE

CASE NO.: 1:09-MD-02036-JLK

I HEREBY CERTIFY that on September 19, 2011, I filed the following documents with the Clerk of the Court using ECF:

- **DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

- **DECLARATION OF JAMES R. MCGUIRE IN SUPPORT OF DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

- **DECLARATION OF MIMI YANG IN SUPPORT OF DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

- **DECLARATION OF CHRIS FORSTNER IN SUPPORT OF DEFENDANT CAPITAL ONE, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

    /s/ James R. McGuire
James R. McGuire
JMcGuire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:     (415) 268-7000
Facsimile:      (415) 268-7522

1

sf-3044775