UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTION

*Anderson v. Compass Bank, N.A.*
S.D. Fla. Case No. 1:11-cv-20436-JLK
N.D. Fla. Case No. 10-CV-00208

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

**THIS CAUSE** comes before the Court upon Defendant Compass Bank's Motion to Strike declarations and citations (DE # 1823) contained in Plaintiff's Opposition to Compass Bank's Renewed Motion to Compel Arbitration and Stay (DE # 1798), filed August 25, 2011. The Court has been fully briefed on the matter.[1]

After careful consideration of Defendant's Motion, it appears there is no basis to strike the declarations or citations submitted by Plaintiff in opposition to the Renewed Motion to Compel Arbitration. Fed. R. Civ. P. 12(f) provides that, upon motion, the court may order stricken from a pleading an insufficient defense or an immaterial matter. However, motions to strike are generally disfavored unless the allegations have "no possible relation to the controversy and may cause prejudice to one of the parties." *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla. 1978). Defendant's area of attack with respect to Plaintiff's

---

[1] Plaintiff filed a Response in Opposition on September 12, 2011, (DE # 1888), to which Defendant replied on September 20, 2011. (DE # 1893).

declarations and citations here seem to go to weight, rather than admissibility. These are issues which the Court will properly consider in ruling on Defendant's Renewed Motion to Compel Arbitration and Stay, but does not form a proper basis for a motion to strike. *See Galactic Towing, Inc. v. City of Miami Beach*, 341 F.3d 1249, 1252 (11th Cir. 2003) (no abuse of discretion in denying motion to strike affidavits where party moving to strike argued that affidavits consisted of nothing more than "opinions, mere speculation, and fabricated claims").[2]

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Strike (DE # 1823) be, and the same is, hereby **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of September, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record

---

[2] *See also Munnings v. Fedex Ground Package Systems, Inc.*, 2008 WL 1849003, at *19, n.15 (M.D. Fla. 2008) (argument that a statement is "conclusory goes to the weight, rather than the admissibility").