UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
)
MDL No. 2036 )
*Second Tranche* )
)

THIS DOCUMENT RELATES TO: )
)
*Gordon v. Branch Banking and Trust Company* )
S.D. Fla. Case No. 1:09-CV-23067-JLK )
N.D. Ga. Case No. 1:09-CV-01744-CAP )
)

**BRANCH BANKING AND TRUST COMPANY'S
MOTION TO STAY LITIGATION PENDING APPEAL**

I.  INTRODUCTION

Defendant Branch Banking and Trust Company ("BB&T") hereby moves the Court to stay the litigation in this case pending the appeal of the denial of BB&T's Renewed Motion to Compel Arbitration and Stay or Dismiss Litigation (S.D. Fla. 1:09-MD-02036-JLK, Doc. 1721)(the "Renewed Arbitration Motion") to the United States Court of Appeals for the Eleventh Circuit. Eleventh Circuit precedent establishes that, when a party files a motion to stay litigation pending the outcome of an appeal from a denial of a motion to compel arbitration, the court should stay the litigation. On September 14, 2011, BB&T filed an appeal (S.D. Fla. 1:09-MD-02036-JLK, Doc. 1873) from this Court's September 8, 2011 denial of BB&T's Renewed Arbitration Motion. (S.D.

Fla. 1:09-MD-02036-JLK, Doc. 1859.) Therefore, the Court should stay all litigation against BB&T pending resolution of its arbitration denial appeal.

## II.     BACKGROUND

Despite Plaintiff's express arbitration agreement with BB&T, on May 22, 2009, Plaintiff filed a putative class action lawsuit against BB&T in the Superior Court of Fulton County, Georgia challenging overdraft charges assessed by BB&T on Plaintiff's checking account. (Doc. 1-2 at 3.)[1] BB&T removed Plaintiff's complaint to the United States District Court for the Northern District of Georgia on June 29, 2009, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). (Doc. 1 at 2–3.) On July 7, 2009, BB&T filed an interlocutory motion seeking to compel individual arbitration under the FAA pursuant to the parties' arbitration agreement. (Doc. 6 at 1; Doc. 7 at 1.) Plaintiff opposed that motion on the ground that the arbitration agreement's class action waiver rendered it unconscionable under *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007). (Doc. 8 at 4.)

On October 2, 2009, the transferor District Court denied BB&T's original motion to compel arbitration. (Doc. 18 at 1.) On October 7, 2009, this case was transferred to the MDL before this Court. (Doc. 19 at 1.) On October 15, 2009, BB&T filed a motion asking this Court to reconsider the October 2, 2009 order. (Doc. 23; Doc. 24.) On November 6, 2009, this Court entered an order denying BB&T's motion to reconsider the original decision denying BB&T's motion to compel arbitration. (Doc. 44 at 1.) BB&T timely appealed both decisions.

A panel of the Eleventh Circuit (the "*Gordon* panel") affirmed the denial of BB&T's original arbitration motion on March 28, 2011. The *Gordon* panel did not consider how two important

---

[1] Unless otherwise indicated, all docket references in this motion refer to S.D. Fla. Case No. 1:09-CV-23067-JLK.

2

arbitration cases decided subsequent to BB&T's notice of appeal, *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010),[2] and *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010), affected the case. *See Gordon v. Branch Banking & Trust*, 419 Fed. Appx. 920 (11th Cir. 2011). The seminal arbitration decision in the case *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011), had not been issued at the time of the *Gordon* panel's opinion. *See id.*

BB&T filed its interlocutory Renewed Arbitration Motion to allow the Court to consider and apply the 2010 decisions in *Rent-A-Center* and *Cappuccitti* and the 2011 decision in *Concepcion* to compel arbitration. (S.D. Fla. 1:09-MD-02036-JLK, Doc. 1721.) On September 1, 2011, the Court, addressing and denying similar renewed motions to compel arbitration filed by each of the defendants in the Second Tranche including BB&T, nonetheless held that *Concepcion* "changed everything, in that class action waivers have historically been a major factor in the unconscionability analysis under state law, and now, they can no longer be considered." (S.D. Fla. 1:09-MD-02036-JLK, Doc. 1853 p. 10.) On September 8, 2011, the Court denied BB&T's Renewed Arbitration Motion. (S.D. Fla. 1:09-MD-02036-JLK, Doc. 1859.) On September 14, 2011, BB&T timely noticed its intent to appeal the denial of BB&T's Renewed Arbitration Motion under 9 U.S.C. § 16. (S.D. Fla. 1:09-MD-02036-JLK, Doc. 1873.)

### III.   ARGUMENT AND CITATION OF AUTHORITIES

This litigation should be stayed until BB&T's appeal of the district court's interlocutory order denying its Renewed Arbitration Motion is decided. The Eleventh Circuit has held that "[w]hen a

---

[2] The *Gordon* panel did not rule that BB&T had permanently waived the arguments made available by *Cappuccitti*; it merely stated that the district court had not previously ruled on those arguments, and thus they were not suitable for appellate review. *Gordon v. Branch Banking & Trust*, 419 Fed. Appx. 920, 925 (11th Cir. 2011).

litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district should stay the litigation so long as the appeal is non-frivolous." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004). In *Blinco*, defendant Green Tree moved to compel arbitration under an arbitration clause in a note executed by the plaintiff. *Id.* at 1250. The district court denied the motion to compel arbitration, and Green Tree appealed under 9 U.S.C. § 16(a)(1)(A). The district court refused to stay the litigation pending appeal, and Green Tree sought relief at the Eleventh Circuit. *Id.* The Eleventh Circuit set the clear precedent that litigation in this context should be stayed. The Eleventh Circuit reasoned that "[t]he only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court." *Id.* at 1251. The Eleventh Circuit further found that Congress, in enacting Section 16 of the Federal Arbitration Act, which grants a party the right to swift access to appellate review, "acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Id.* Thus, the Eleventh Circuit concluded that "the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court, and a non-frivolous appeal warrants a stay of those proceedings." *Id.* at 1252.

In this case the Eleventh Circuit issued a stay pending the appeal of BB&T's pre-*Concepcion* motion to compel arbitration. *Gordon v. Branch Banking & Trust*, Appeal No. 09-15399-AA, Order (11th Cir. Mar. 17, 2010). In doing so, the Circuit Court specifically found that BB&T's appeal was not frivolous. *Id.* Now BB&T has two seminal Supreme Court decisions, *Concepcion* and *Rent-A-Center*, to support its appellate positions. Just as its original appeal was not frivolous, BB&T's

appeal with new supporting Supreme Court authority cannot be found to be frivolous. This court should follow the lead of the Eleventh Circuit and stay litigation pending BB&T's appeal of the Court's arbitration motion denial.

Appellate review of this Court's interpretation of the Supreme Court's recent decision in *Concepcion* is warranted because the Court's interpretation of *Concepcion* is more narrow than that of another district court in the Eleventh Circuit. *See Day v. Persels & Assocs., LLC*, 2011 U.S. Dist. LEXIS 49231 (M.D. Fla. May 9, 2011). Likewise, appellate review of this Court's ruling that the *Gordon* panel addressed *Concepcion* (*see* Order at 1 n. 2) is warranted given that *Concepcion* was decided after the *Gordon* panel's opinion and that denial of an *en banc* petition is not a merits decision. *See, e.g., Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 603 F.3d 888, 889 (11th Cir. 2010) (Edmonson, J., concurring) ("Decisions on whether or not to grant en banc rehearing are not decisions on the merits of the appeal."); *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991) ("[A] summary denial of rehearing en banc is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case.") (emphasis added). BB&T's pursuit of its right to have the Eleventh Circuit review these issues cannot be considered frivolous.

The Eleventh Circuit has held that an arbitration denial appeal is not frivolous if "there is some possible validity to it." *Jenkins v. First Am. Cash Advance of Ga., LLC*, 313 F. Supp. 2d 1370, 1378 (S.D. Ga. 2004) (internal quotations removed). In *Jenkins*, the district court denied defendant's motion to compel arbitration, finding that the arbitration clause was unenforceable based on the substantive and procedural elements of unconscionability. *Id.* at 1376. The defendant filed an appeal of that decision, and filed a motion to stay the proceedings pending that appeal. The district court, in granting the motion to stay, determined that the appeal was not frivolous because there was some

5

possible validity to it. *Id.* at 1378. This sets a very low threshold that is easily met here. Indeed, the facts in this case provide a more meritorious basis for appeal than did those in *Jenkins*.

Finally, the Court should stay pending litigation to ensure consistent application of the law in the MDL cases proceeding against BB&T. Each of the three cases pending against BB&T (*Powell-Perry v. BB&T*, S.D. Fla. 1:10-CV-20820-JLK; *Barras v. BB&T*, S.D. Fla. 1:10-CV-20813-JLK; and *Gordon*) are in the same procedural posture - the denial of renewed motions to compel arbitration were appealed on September 14, 2011. BB&T has filed a motion for a litigation stay pending appeal in *Powell-Perry* and *Barras*. (*See* S.D. Fla. 1:09-MD-02036-JLK, Doc. 1874.) All litigation should be stayed against BB&T while the propriety of its arbitration agreement is reviewed on appeal. To do otherwise would completely undercut the principles of efficiency and consistency underlying the MDL mechanism. Accordingly, the Court should issue a stay of litigation pending BB&T's appeal.

## IV.   CONCLUSION

For the reasons stated above, BB&T requests that the Court grant BB&T's Motion to Stay Litigation Pending Appeal to the Eleventh Circuit from the denial of BB&T's Renewed Arbitration Motion.[3]

---

[3] While BB&T contends that a *Blinco* stay is not properly the subject of a bond requirement, BB&T notes that it already posted a bond to stay litigation pending appeal with respect to the other BB&T cases in the MDL, *Powell-Perry v. BB&T*, S.D. Fla. 1:10-CV-20820-JLK, and *Barras v. BB&T*, S.D. Fla. 1:10-CV-20813-JLK. (*See* S.D. Fla. 1:09-MD-02036-JLK, Doc. 690.)

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that the undersigned counsel for the movant conferred with Plaintiff's counsel in a good faith effort to resolve the stay request presented in this motion but was informed that Plaintiff will not consent to BB&T's stay request.

This 23rd day of September, 2011.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

/s/ *William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No. 042575
David B. Darden
Georgia Bar No. 250341

1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
Telephone: (404) 523-5300
E-mail: wholley@phrd.com
E-mail: nbaughan@phrd.com
E-mail: ddarden@phrd.com

*Attorneys for Defendant Branch Banking and Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing **BRANCH BANKING AND TRUST COMPANY'S MOTION TO STAY LITIGATION PENDING APPEAL** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 23rd day of September, 2011.

/s/ *William J. Holley, II*
William J. Holley, II