UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

SECOND TRANCHE ACTION

*Jason R. Moore v. SunTrust Bank*
S.D. Fla. Case No. 1:11-cv-22454

## DECLARATION OF JASON R. MOORE

I, Jason R. Moore, declare and state as follows:

1.

I am over the age of 18 and I am competent to testify as to the matters contained herein. I am a resident of Hillsborough County, Florida.

2.

I am the named Plaintiff in this lawsuit.

3.

I became a customer of Huntington Bank in approximately March of 2001 when I opened a checking account with the bank.

4.

I remained a customer of Huntington Bank until my account was transferred to SunTrust in February of 2002.

5.

At the time my account was transferred from Huntington to SunTrust, SunTrust did not notify me that the bank would require me to arbitrate any disputes that I might have with the bank. I was not shown anything nor did I sign anything pertaining to arbitration.

6.

The vast majority of the debit card transactions in my SunTrust checking account occurred in the State of Florida.

7.

As part of preparing this declaration, I reviewed the Rules and Regulations for Deposit Accounts that SunTrust contends were in effect when I became a customer of SunTrust. In doing so I noticed that the bank did not even have an arbitration requirement at that time, but rather a mediation requirement. The bank has never asked me to mediate this dispute.

8.

I have also reviewed the Rules and Regulations for Deposit Accounts which SunTrust submitted to the Court as Exhibit F to Rick Scott's Affidavit. Notably, this version of the Rules and Regulations was not published until December 1, 2008, several years after I became a SunTrust customer and after most of the improper overdraft fees had occurred. I was not informed about arbitration by SunTrust at any time, including at any time prior to or during the period when the relevant overdraft fees occurred.

9.

The Rules and Regulations are clearly a form document, which was prepared by the bank, not something negotiated by each customer. At no time during my relationship with SunTrust was I or allowed to negotiate any terms of the Rules and Regulations with the bank. The Rules

and Regulations, which contain the arbitration clause SunTrust now seeks to enforce, was a take-it-or-leave-it proposition. In fact, I was with the bank for years before the bank claims I was even sent the agreement.

10.

As part of my preparations for making this declaration, I read portions of the December 2008 Rules and Regulations that SunTrust claims governs this dispute. The document is written in very small type and includes a substantial amount of "legalese" that I have difficulty understanding.

11.

The arbitration clause within the December 2008 version of the Rules and Regulations begins on page 22 of the 40-page document. It would have taken me hours to read to this point in the document and I would not have understood much of the text. Needless to say, I have never seen the arbitration language until reading it for purposes of this declaration.

12.

In reviewing the arbitration provision, I note that not only does SunTrust dictate that I am liable for its legal fees and costs for failing to willingly proceed to arbitration, but that I am also liable for SunTrust's legal fees and costs if the bank prevails in arbitration. I certainly do not have the ability to pay SunTrust's attorney's fees and costs in connection with my challenge to the bank's improper assessment of overdraft fees.

13.

I also do not have the financial ability to pay the arbitration costs and legal fees and costs that would be necessary to pursue this matter as an individual arbitration. The total amount of overdraft fees imposed on my account is about $525.00, but I am only challenging some of these

fees as improper. Pursuant to the Standard Fee Schedule of the Rules of the American Arbitration Association, I would be required to pay at least $3350 to file my claims in arbitration because I have sought injunctive relief as one of the counts in my complaint. The Rules say: "This fee is applicable when a claim or counterclaim is not for a monetary amount." Even if I had the money, which I do not, it would not be economically feasible for me to pursue this matter in arbitration because the arbitration filing fee would far exceed any potential recovery.

14.

I am aware that legal fees and costs for my own attorneys would be even higher than the filing fee. I also cannot afford to pay attorneys to pursue this matter. My attorneys are currently working on a contingency fee basis but I have been informed that they will not represent me on such a basis in arbitration. Since I cannot and will not pursue arbitration without counsel, I cannot pursue my claims in arbitration.

15.

I would not be able to prove my damages without more information from the bank and technical help. I have reviewed my bank statements and it is simply not possible for me to determine all of the overdraft fees that were improper. I also cannot afford to hire any such technical expert to assist with the determination of which overdraft fees were improperly charged. So even if I could afford to arbitrate, I would not be able to prove my damages in arbitration.

16.

I would be greatly harmed if my lawsuit was sent to arbitration. I would be forced to drop my claims against SunTrust, despite the bank's improper conduct in imposing certain overdraft fees on me and my wife.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28TH day of September, 2011.

_____
Jason R. Moore