UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al., v. Bank of America, N.A.*
*S.D. Fla. Case No. 1:08-cv-23323-JLK*

*Yourke, et al. v. Bank of America, N.A.*
*S.D. Fla.Case No.1:09-cv-21963-JLK*
*N.D. Cal. Case No. 3:09-2186*

## OBJECTIONS TO CLASS ACTION SETTLEMENT AND CLASS COUNSELS' APPLICATION FOR ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

COME NOW Daniel Repa, Todd M. Spann, and Karen Palting, by and through counsel, and for their Objections to Settlement and Class Counsels' Application for Attorneys' Fees state as follows:

**I.   Information Pursuant to the Court's Order Preliminarily Approving Class Settlement and Certifying Settlement Class**

(A) Pursuant to paragraph 30 of the Court's Order Preliminarily Approving Class Settlement and Certifying Settlement Class, Objectors state as follows:

(i) This matter involves objections to the settlement in the following case: *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK;

(ii) The full name, address and telephone number of each objector is as follows:

Mr. Daniel G. Repa
4237 Juniata Street
St. Louis, Missouri 63116-1907
(314) 773-7567

Mr. Todd M. Spann
1905 St. Louis Street
Florissant, Missouri   63033
(314) 456-1005

Karen Palting
3221-A Unahe Street
Lihue, Hawaii   96768
(310) 245-9526

(iii) Each of the objectors states that he or she is a member of the class by virtue of being charged overdraft fees improperly as set forth in the Third Amended Consolidated Class Action Complaint and in the Stipulation of Settlement. In addition, each of the objectors received notification via postcard mailed to them by the settlement administrator indicating they were members of the class and copies of said postcards and copies of same are attached as Exhibit 1.

(iv) The legal grounds for these objections are set forth in the following sections of this document.

(v) None of the Objectors have previously objected to any class action settlements.

(vi) Mr. Daniel G. Repa is represented by Mr. John C. Kress and by local counsel Mr. Paul M. Kade and Mr. Matt Weinstein. Mr. Todd M. Spann is represented by Jonathan E. Fortman and by local counsel Mr. Paul M. Kade and Mr. Matt Weinstein;  Ms. Karen Palting is represented By Mr. Scott Kessinger and by local counsel Mr. Paul M. Kade and Mr. Matt Weinstein.

(vii) Objectors object to the information sought in Paragraph 30(vii) in that the number of times Objectors' counsel have objected to any prior class action settlement is irrelevant and prejudicial to Objectors in that it seeks to place an improper burden on Objectors' counsel potentially limiting the ability of the Objectors to retain the attorney of their choice in violation of

the Fifth Amendment's guaranty of due process to those who may be deprived of a property right. Without waiving said objection, Objectors state the Attorneys John C. Kress, Scott Kessinger and Jonathan E. Fortman represented objectors in the case *In Re: Lawnmower Engine Horsepower Marketing and Sales Practices Litigation,* Case No. 2:08-md-01999, United States District Court for the Eastern District of Wisconsin. In that case, Class Counsel sought fees of $34,666,667.00 in a case with a common fund of $65,000,000.00 and extended warranty benefits. After the fairness hearing in which counsel for objectors appeared and argued, the district court awarded a fee of $27,675,000.00 or 25% of the value of the common fund and the non-economic benefit to the class. The case was settled while on appeal. The decision of the District Court in that case is attached hereto as Exhibit 2 and is relevant to this objection with respect to the Application for Attorneys' Fees in this case. Interestingly, the District Court in that case relied upon a study of fees conducted by Theodore Eisenberg and Geoffrey Miller in reducing the fee award. The same Geoffrey Miller has been retained by Class Counsel in the instant case to act as an expert witness on their behalf.[Doc. 1885, Ex. H]. Mr. Miller's affidavit filed in support of Class Counsel's fee appears to contradict his own study. See *infra*. That issue will be more fully addressed below

Attorneys John C. Kress, Scott Kessinger, and Jonathan Fortman, along with local Counsel Paul M. Kade and Matt Weinsten, also represented objectors in the case *Kardonic v. JP Morgan Chase & Co., et al.,* Case No. 10-cv-23235/Hoeveler in, United States District Court for the Southern District of Florida. In that case, decided September 16, 2011, Class Counsel sought $5 million in fees. However, after the fairness hearing the Court awarded fees of $3.5 million. A copy of that Judgment is attached hereto as Exhibit 3. Between the Lawnmower case and the Chase Bank case, Counsel for Objectors have succeeded in having $8.5 million in additional

benefits given to the class.

Attorneys John C. Kress, Scott Kessinger, and Jonathan E. Fortman, have previously been appointed as Class Counsel in a case that went through a certification hearing and trial in the Circuit Court of St. Louis County, Missouri. *Swartzenberg v. Individual Taxes, Inc.*, Case No. 08SL-CC04923. These attorneys assisted a class of employees by having the non-compete agreements they signed declared invalid thereby allowing them to obtain employment in the same field and in the same town. The Court awarded attorneys' fees in that case which ultimately settled while on appeal in the Missouri Court of Appeals. The relevant Orders and Judgments from that case are attached hereto as Exhibit 4.

Finally, attorneys John C. Kress, Scott Kessinger, and Jonathan E. Fortman represent the putative class in a taxpayer class action currently pending in the Circuit Court of the City of St. Louis, State of Missouri, entitled *Greg Wiley v. City of St. Louis, et al.* Counsel expect that matter to reach the certification hearing before the end of the calendar year. These attorneys also have other matters in various stages of preparation which may be filed seeking class action status.

(viii)  Objectors object to the request contained in paragraph 30(viii) as it seeks information that is not relevant and seeks information that is subject to attorney/client privilege.

(ix) Objectors shall be represented at the fairness hearing by Paul M. Kade and Matt Weinstein.

(x) Objectors do not intend on calling any witnesses at the Fairness Hearing;

(xi) The Objectors do not intend on appearing or testifying personally at the Fairness Hearing.

(xii)  Each of the Objectors has affixed their signature at the end of this document.

II. **Class Counsels' application for thirty percent (30%) of the common fund of $410,000,000 is unreasonable in that it exceeds the percentages awarded in other similar mega fund cases. This Court should reduce the percentage to Twenty Percent (20%) or less and should refrain from entering any fee award until information concerning the benefits actually provided to the class is produced. Without such information, it is impossible to determine the true value of this settlement to this class.**

Class Counsel is seeking a fee of thirty percent (30%) of the fund as attorneys' fees. [Doc # 1885]. That fee would amount to One Hundred Twenty Three Million Dollars ($123,000,000.00). In a common fund case of this size, that fee is excessive based upon the data of Class Counsel's own expert.

While it is established in the Eleventh Circuit that class counsel fee in common fund cases are based primarily upon a percentage of the fund instead of utilizing the lodestar approach, such percentage must be tested for reasonability according to various factors in each case, the first one of which is the "time and effort" standard commonly referred to as Lodestar. In *Camden I Condominium Assn. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991), the 11th Circuit reviewed the 10th Circuit's holding in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, *cert den.* 488 U.S. 822 (1988) requiring that percentage awards in common fund cases be reasonable, and the Fifth Circuit's holding in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974), adopting a twelve factor standard of determining reasonability.[1]   Said the Court at page 773:

> We agree with the 10th Circuit that the Johnson factors continue to be appropriately used in evaluating, setting, and reviewing percentage percentage fee awards in common fund cases. Brown 838 F.2d at 454.

---

[1] The twelve factors are: (1) time and labor required; (2) The novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

See also, *Waters v. International Precious Metals Corp.,* 190 F.3d 1291 (11th Cir. 1999)

Another gauge as to reasonableness is what courts have done in cases with common funds in the range existing in this case. Class Counsel retained Geoffrey P. Miller as an expert concerning the fee application. Mr. Miller, along with Theodore Eisenberg, studied the percentages used in these types of cases over a 15 year period.

However, in Mr. Miller's affidavit [Doc #1885, Ex. H] he fails to refer to specific percentages found in his own study concerning the percentage that is typically awarded until later in his affidavit. Instead, he points the Court to securities cases. Tables 1, 2, and 3 in his affidavit each refer to securities cases. Not until Table 5 in his affidavit do we get to see the reason for not discussing consumer cases like the one we have in this case. Table 5 reveals that in consumer cases, the mean for fees is 24.3% and the median is 25%. The case before this Court is a consumer case and not a securities case. In order to have an accurate comparison, the Court needs to compare apples to apples.

Table 5 is taken from the study of Eisenberg and Miller. There is no breakdown by size of settlement but Mr. Miller states that "[a]s a general matter the attorneys' fees as a percentage of the settlement amount tends to decrease as settlements become very large." [Doc. 1885, Ex. H, Par. 60]. Mr. Miller includes another table in his affidavit which sets forth the percentage of fee awarded in cases settled in the range of $100 to $500 million. The chart is very interesting in that it does not support a 30% fee in a case in the $400 million range. [Doc. 1885, Ex. H, Par. 61]. In the *"Adelphia"* case (as referenced in Miller's chart), the fee was 21.4% of a total settlement of $460 million; in *"BankAmerica Corp,"*(as referenced in Miller's chart)., a $490 million settlement out of the Eastern District of Missouri, the percentage was 18%; in *"Dynegy, Inc.*

*Securities Litigation,*" (as referenced in Miller's chart) the fee was 8.73% of a total fund of $473 million; in "*Qwest Communications International,*" (as referenced in Miller's chart) Class Counsel was awarded a fee of 15% of a common fund of $400 million; in "*Raytheon,*" (as referenced in Miller's chart) the fee was 9% of the total $460 million settlement; and finally, in "*Waste Management Inc. II,*" (as referenced in Miller's chart) Class Counsel's fee was 8.11% of a total settlement of $457 million. All of these cases, contained in a chart in the affidavit of Class Counsel's own expert, make it clear that 30% of the total fund is unreasonable and needs to be reduced. The average percentage used in cases in that chart which are in the $400 million range is just under 14%. Therefore, a fee of 20% of the fund should more than compensate Class Counsel for all the risks incurred and sacrifices made in this case. That fee would be $82,000,000.00.

Another issue concerning the award of fees is the lack of information concerning the true benefit to the class. The affidavit of Class Counsel's expert, Roberto Martinez, [Doc. 1885, Ex. I] states that the $410 million represents only a portion of the overdraft fees collected illegally. A review of documents by the Objectors gives no clear indication as to the true loss to the class. This matter does not require a claim form to be filed. However, that should mean that the parties have a much clearer understanding as to the total loss. Without that information, the extent of the benefit provided to the class as a result of the efforts of Class Counsel cannot be determined. There can be no dispute that a settlement of 75% of the total loss is worth more in fees that a settlement of 10% of such loss. Until the Court has that information, any decision concerning fees should be stayed.

It is proper for courts to review the actual claims made and the amount paid before calculating an attorney's fee award. *Schwartz,.Dallas Cowboys Football Club, Ltd., 157 F. Supp.*

*2d 561 (E.D. Pa. 2001); accord, Sylvester v. CIGNA Corp.,* 369 F.Supp.2d 34, 50-53 (D. Me. 2005). Here, absolutely no information is provided to the class members concerning any anticipated amount they will each receive under the settlement. The notice received by Objectors and other class members fails to mention any specific dollar amount. This Court should require disclosure of the anticipated benefits to the class before awarding fees.

### III. The Settlement is unfair as it fails to provide injunctive relief eliminating the practice which resulted in this litigation and leaving open the possibility that Defendant Bank of America could engage in future similar conduct harmful to the class members.

Here, the Plaintiffs' are not protected from Defendant's unlawful conduct- the tiering, or sequencing of payments on their accounts as they are presented in order to maximize the most profit from charging overdraft fees. Incredibly, with this settlement, it is likely that class members will receive a credit to their account(s) or a refund, only to find later that the Defendant has gone back to their improper practices, and victimized the class again.

In *Managing Class Action Litigation: A Pocket Guide for Judges,* Third Edition, Federal Judicial Center (2010) the authors warn that this Court should "[q]uestion whether injunctive relief will truly benefit class members in the case at hand."*Pocket Guide, p. 21., 2010 ed.* Injunctive relief would benefit this class, by prohibiting the Defendant from staggering, or sequencing the credits and debits in the class members' bank accounts resulting in less overdraft fees. Given the likelihood of a small refund or credit to each class member, injunctive relief is of paramount importance to the class:

> In many cases, by putting an end to illegal practices, an injunction will benefit more class members than a small award. It will also avoid clogging the judicial system with the administration of small awards to thousands of class members.

*Pocket Guide, p. 21-22, 2010 ed.* And here, the class members number over 59 Million consumers (Amended Complaint, paragraph 50).Preventing the Defendant from engaging in the very same scheme that led to the filing of this action is worth far more to each class member than what is likely only a few dollars refunded, or credited to their account. Absent injunctive relief, the credit or refund given will merely be recollected when the illicit practice is reinstated after settlement.

**IV.   The proposed settlement is unfair to class members who receive no distribution but release all claims against Defendant.**

Under the proposed settlement agreement, Defendant still maintains the opportunity "to recover any past, present or future amounts that may be owed by the plaintiffs." (Settlement  p. 37 par. 101). Meanwhile, any class member that has a closed account, or a negative balance after being written off by Defendant as "uncollectible" receives no relief.  (Settlement, p. 27-28).  The same goes for those class members who essentially owe more money to Defendant than the credit or refund would provide, leaving a balance owed to Defendant that under the terms of the settlement agreement Defendant is permitted to collect.  As it appears that these class members will not receive a full credit for amounts due them, it is unfair and unreasonable to even leave open the possibility that Defendant could take action against these individuals for any past due amounts. That is especially true in this case because the Defendant potentially caused the problems by its wrongful conduct.

## V. Conclusion

WHEREFORE, Objectors hereby pray that this Court deny the Motion to Approve the Settlement and deny the Class Counsels' Application for Attorneys' Fees and grant such other relief the court deems just and proper.

Dated: October 3, 2011

> *S/ Matt Weinstein*
> MATT WEINSTEIN, fbn 113320
> Co-Counsel for Objectors
> Daniel Repa, Todd M. Spann
> and Karen Palting
> 9200 South Dadeland Blvd., Suite 400
> Miami, FL 33156
> Tel: 305-670-5200
>
> *S/ Paul M. Kade*
> PAUL M. KADE, fbn
> Co-Counsel for Objectors
> Daniel Repa, Todd M. Spann
> and Karen Palting
> 9200 South Dadeland Blvd., Suite 400
> Miami, FL 33156
> Tel: 305-670-6929

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | )<br>)<br>)<br>)<br>) |

| | |
|---|---|
| THIS DOCUMENT RELATES TO<br>FIRST TRANCHE ACTIONS<br>Tornes, et al. v. Bank of America, N.A.<br>S.D. Fla. Case No. 1:08-cv-23323-JLK<br><br>Yourke, et al. v. Bank of America, N.A.<br>S.D. Fla. Case No. 1:09-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-2186 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OBJECTION OF CLASS MEMBER KAREN PALTING

My name is Karen Palting. I am a member of the class in the above-referenced matter, and received individual mailed notice. I object to the proposed settlement for the reasons set forth in the foregoing document. I do not intend to appear at the fairness hearing; however, my attorney shall appear and argue on my behalf.

_Karen Palting_ (signature)
Karen Palting

10.1.11
Date

3221-A Unahe Street, Lihue, HI 96761
Address

(310) 245.9526
Phone

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

Tornes, et al. v. Bank of America, N.A.
S.D. Fla. Case No. 1:08-cv-23323-JLK

Yourke, et al. v. Bank of America, N.A.
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

## CLASS MEMBER, TODD SPANN'S, OBJECTION TO SETTLEMENT

My name is Todd Spann and I am a member of the class in the above-referenced matter. I hereby object to the settlement for the reasons set forth in the foregoing document. I do not intend on appearing at the fairness hearing but my attorney shall appear on my behalf.

Todd M. Spann

September 29, 2011
Date

1905 St. Louis St. Florissant MO 63033
Address

(314) 456-1005
Phone

TO:
Judge
James Lawrence King Federal
Justice Building
99 Northeast Fourth Street
Miami, FL 33132

FROM:
Mr. Daniel G. Repa
4237 Juniata Street
St. Louis, MO 63116-1907
Phone: (314) 773-7567

**Concerning- Bank of America Settlement Account Overdraft Litigation**
**-In Re: Checking Account Overdraft Litigation, 1:09-MD-02036-JLK**

I am a member of this class action, and I received my notification in the mail, and have attached it to this letter. I am objecting to this settlement and the attorney's fees requested, for the reasons set forth by my attorneys in the Objection that is filed with my letter. I have never objected to a class action settlement previously.

I also intend to appear through my counsel of record at the hearing, Mr. Paul Kade and Mr. Matt Weinstein, who may also be accompanied at such hearing by my other attorney, Mr. John Kress.

Sincerely,

*[signature]*

DANIEL G. REPA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al., v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No.1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

**Certificate of service**

I hereby certify that on October 3, 2011 , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner shown below for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

*S/ Matt Weinstein*
MATT WEINSTEIN, fbn 113320
attorney for Objectors
Daniel Repa, Todd M. Spann
and Karen Palting

Checking Account Overdraft Litigation
P.O. Box 2505
Faribault, MN 55021-9505

Michael Sobo
LieffCabraserHeimann& Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

David Stellings
Lieff, Cabraser, Heimann& Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

Bobby Gilbert
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, Suite 1150
Miami, Florida 33134

Laurence Hutt
44th Floor
77 South Figueroa Street
Los Angeles, CA 90017-5844