IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION <br><br> MDL NO. 2036 | ) ) ) ) ) ) <br> Case No. 1:09-02036-JLK |
| THIS DOCUMENT RELATES TO: <br><br> *Wolfegeher v. Commerce Bank, N.A.* <br> W.D. MO Case No. 10-cv-00328 <br> S.D. FL Case No. 1:10-cv-22017-JLK | ) ) ) ) ) ) ) |

### COMMERCE BANK'S UNOPPOSED MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW

Commerce Bank, N.A. ("Commerce") respectfully moves under Fed. R. Civ. P. 6(b) and 7(b) for leave to file its memorandum in opposition to Plaintiffs' Motion to Compel Production of Documents. As a result of an error by its counsel, Commerce's memorandum will be filed out of time. However, the parties are working cooperatively and Commerce seeks an extension through October 17, 2011 to allow the parties additional time to resolve all or as many issues as possible before responding. Plaintiffs do not oppose Commerce's request.

Plaintiffs filed their Motion to Compel Production of Documents on September 20, 2011 (Doc. 1894) (the "Motion"). Under the Scheduling Order Pertaining to "Fourth Tranche" Cases (Doc. 1340) (the "Scheduling Order"), Commerce's response to the Motion was due September 27, 2011. Commerce's counsel miscalculated the response date to be October 7, 2011 by referring to the Local Rules, instead of the Order. Realizing the error, Commerce moves for leave to file its opposition to the Motion out of time.

4724734 v1

Federal Rule of Civil Procedure 6(b)(1) provides that when the deadline for a party to act has expired a Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The Supreme Court has clarified that "excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Rather, it "extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness." *Id.* And the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The relevant factors to consider include the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 2009) (reversing for failing to find excusable neglect for delayed filing); *See also Kirkland v. Guardian Life Ins. Co. of America*, 352 Fed. Appx. 293, 297 (11th Cir. 2009) (affirming no abuse of discretion for permitting late filing due to counsel's excusable neglect).

Here, Commerce's delay in filing its opposition to Plaintiffs' Motion to Compel is entirely the responsibility of its counsel and is not the result of bad faith or any dilatory motive. Rather, it was a mistake. Commerce's counsel calendared the due date incorrectly. Counsel did not review the Scheduling Order in calculating the response date. Instead, counsel consulted only the Local Rules. Counsel recognizes that the Court specifically directed in the Scheduling Order that the Local Rule deadlines would not govern. Counsel apologizes to the Court and opposing counsel for the error.

4724734 v1

Commerce does not believe that plaintiffs will not be prejudiced by the filing of the opposition out of time. Prior to and since the filing of the Motion, the parties have worked cooperatively to complete discovery. Commerce has made substantial progress in locating and preparing a substantial production of information to plaintiffs. Commerce expects to produce that information no later than October 7, 2011. Commerce believes that the production is responsive to many of the outstanding requests and that it will greatly limit the extent of any remaining discovery issues between the parties.

Commerce requests that the Court grant it an extension through October 17, 2011 to respond to the Motion. In the interim, plaintiffs will have an opportunity to review the production to be made by Commerce and the parties will confer about any remaining discovery issues. If further proceedings before the Court are needed, Commerce will file its opposition on a more limited scope of issues and the Court will be in a position to address only those issues accordingly.

For the reasons stated above, Commerce respectfully requests that the Court grant it leave to file its opposition to Plaintiffs' Motion to Compel Documents, if at all, by October 17, 2011.

**Certificate of Good Faith Conference**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. I certify that Jeff Ostrow, counsel for plaintiff, confirmed on October 6, 2011 that plaintiff has no opposition to the relief requested in this motion.

4724734 v1

Dated:  October 6, 2011                                SHOOK, HARDY & BACON L.L.P.


By: /s/ Todd W. Ruskamp
    Todd W. Ruskamp, MO Bar #38625
    James P. Muehlberger, MO Bar #51346
    Andrew D. Carpenter, MO Bar #47454
    Kay C. Whittaker, MO Bar #44328

2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547

ATTORNEYS FOR DEFENDANT
COMMERCE BANK, N.A.


## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


    /s/ Todd W. Ruskamp
    Attorney for Defendant Commerce Bank, N.A.

4724734 v1