# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 09-MD-02036-JLK

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**
**FOURTH TRANCHE ACTIONS**

*Steen v. Capital One Financial Corp., et al.*
E.D. La. Case No. 10-cv-01505
S.D. Fla. Case No. 1:09-cv-22931-JLK

---

### STIPULATED DISCOVERY PLAN AND [PROPOSED] ORDER
### FOR ELECTRONICALLY STORED INFORMATION

This Stipulated Discovery Plan for Electronically Stored Information (the "Order") is entered into by and among the parties to the above-captioned actions (the "parties") which are part of the multidistrict litigation proceeding entitled In re Checking Account Overdraft Litigation, MDL No. 2036, Case No. 1:09-md-02036-JLK (S.D. Fla.) ("MDL 2036"), through their respective counsel of record:

1.    Electronic Discovery:  The Collection and Culling of ESI:  In a joint effort to balance the volume, relevance and costs of the production and review process, the parties stipulate to the following involving the handling and production of electronically stored information ("ESI").

(a)    Counsel for Defendants and Plaintiffs will correspond regarding custodians and sources of documents from which they are collecting ESI for production

in the above-captioned consolidated actions (the "Actions").  The parties will work in good faith to identify, discuss, agree upon and revise, if necessary, the custodians and sources of documents from which ESI is collected and reviewed for possible production in the matter to avoid an unduly burdensome production or retrieving a large quantity of non-responsive ESI.  The parties agree that search terms and other techniques to identify potentially responsive ESI for review and possible production may be useful to allow document production to complete in a reasonable amount of time.  To the extent that a party plans to use search terms to identify potentially responsive ESI, the parties agree to share those terms and work in good faith to determine if certain terms will assist in identifying potentially responsive ESI.

(b)     In the event of a dispute or disagreement, the parties will meet and confer in a good faith effort to resolve such dispute or disagreement which includes the production and review of a limited sampling of the information sought.  In the event of a failure to resolve such dispute or disagreement, either party may file a motion seeking judicial intervention to resolve the dispute or disagreement.  By entering into this stipulation, no party waives its right to seek assistance from the Court on any matter relating to the handling and production of ESI not specifically addressed herein.

(c)     The parties agree that, with the exception of ESI (i) specifically identifying or relating to the named plaintiffs in the Action and (ii) necessary to calculate damages through the date of class certification (if applicable), ESI dated after December 31, 2009 will not be produced.

(d)      Plaintiffs are not precluded from subsequently requesting limited ESI from specific sources or custodians including, but not limited to, ESI dated after December 31, 2009 based on Plaintiffs' completed discovery.

(e)      Each party shall make a reasonable and diligent effort to search for and collect reasonably accessible and responsive ESI from each of its designated custodian's e-mail systems utilized during the relevant time period and/or the relevant time period for the respective custodian, ESI stored on each such custodian's computer hard-drive, ESI on shared drives and repositories utilized during the relevant period, and other locations used by each such custodian to store potentially responsive ESI. The Parties will filter the ESI it collects using search terms agreed upon by the parties. If a party identifies ESI from its designated custodians that is likely to contain responsive ESI but is not reasonably accessible, it will provide to the other party a description of the ESI that it claims is not reasonably accessible.

(f)      In addition, Defendant will collect reasonably accessible and responsive ESI from Defendant's servers, electronic document repositories, or any other electronic file storage media, relevant shared network folders or repositories not attributed to any specific custodian, which it identifies following a reasonable and diligent investigation as likely to contain responsive ESI.  The search terms will be run against the ESI collected from the servers or devices, electronic document repositories, or any other electronic file storage media.  If Defendant identifies a shared repository from which it cannot collect data due to the nature of its organization in a database or its voluminous nature, that Defendant will identify this shared repository and propose to Plaintiffs a method for collection of that database, and the parties will meet and confer in good faith about the most reasonable method to collect and review the data.

(g)      HARD COPY DOCUMENTS: The parties agree to conduct a reasonable search for and collect reasonably accessible, non-duplicative responsive hard copy data and produce it in single-page TIFF format along with document level

3

OCR text files and the following fields in a Summation load file as described in section 2 (f ) below:

      (i)     Custodian (Name of Custodian from which the file is being produced);

      (ii)    Bates Begin (Beginning Production Number);

      (iii)   Bates End (Ending Production Number);

      (iv)   Begattach# (field contains the Beginning Docid for the first document in the family group (usually an email) and is populated for all attachments within the family group);

      (v)    Endattach# (Enddoc# for the last document in the family group);

      (vi)   Page count (for documents that are TIFFed)

Each party shall bear the cost of converting the hard-copy paper documents it requested to TIFF format and for providing the load file.

(h)     Defendants may exclude from collection, review and production ESI or data with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including those file types contained on the list established by the National Institute of Standards in Technology ("NIST"), including but not limited to:  ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

Each party agrees to provide a list of file types collected (other than those described above) and to meet and confer in good faith if there are any file types excluded that the other party reasonably believes contain responsive information.  The parties will work together to determine reasonable methods of production for these file types.  To the extent responsive, audio, video, photo and other media files such as stand-alone audio, video, graphic shall be produced in their native format. To the extent it would be impractical to produce responsive ESI as it is kept in the normal course of business because of complexities associated with certain scheduling programs (such as

Primavera), accounting systems, mapping systems, and/or databases (such as MS Access, Oracle and Microsoft SQL server), the parties will so notify the propounding party and will inform the propounding party whether the parties have generated reports containing responsive ESI in the normal course of business using those programs or systems.  In any such instance, the parties will meet and confer concerning the collection and production of those reports.

(i)     In order to reduce the volume of documents reviewed and produced, each party shall de-duplicate ESI using the SHA1 or MD5 hash value.  Such de-duplication will be done across the universe of all ESIs produced.  De-duplicated originals and metadata shall be securely retained and made available for inspection and copying upon reasonable request.

2.     ESI:  Production Format:  The parties stipulate to the following regarding the production of documents that were originally maintained as ESI:

(a)     NON E-MAIL ESI: The native format of all non-email, un-redacted ESI will be maintained by each party, and non-email, un-redacted ESI productions will be produced in single-page TIFF format and corresponding document-level extracted text format with the following metadata fields, to the extent available, in a Summation load file as described in section 2 (f)  below:

(i)     Custodian (Name of Custodian from which file is being produced);
(ii)    Author (Author of file from properties);
(iii)   Doc Title (Title of file from properties);
(iv)    Doc Subject (Subject of file from properties);
(v)     Created Date (Date the file was created);
(vi)    Last Modified Date (Date the file was last modified);
(vii)   Last Author (Name of user who last saved the file);
(viii)  Doc Type (Email, Attachment or Loose File);
(ix)    File Type (Microsoft Word, Microsoft Excel, etc.);
(x)     File Name (Name of the file);

(xi)     Full Path (Full path location to where the file resided);

(xii)    File Ext (Extension for the file);

(xiii)   SHA1 hash value (or equivalent);

(xiv)    Bates Begin (Beginning Production Number);

(xv)     Bates End (Ending Production Number);

(xvi)    ParentID (field contains the Beginning Docid for the parent document (usually an email) and is populated for all attachments within the family group);

(xvii)   AttachID (field contains the Beginning Docids for each attachment within the family group and is populated for the parent document within a family group);

(xviii)  Page count (for documents that are TIFFed)

(xix)    For Excel spreadsheets only, a Native link (path to the native file as included in the production e.g., d:\PROD001\natives\ABC00015.xls or d:\PROD001\natives\ABC00025.ppt). A TIFF placeholder with a link to the Native files is acceptable.

Production of redacted, non-email ESI will be subject to the same criteria along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with redactions.  The metadata field "Body Text" will not be produced for Plaintiffs and need not be produced for Defendants provided that the document-level extracted text format is an external link to the text of the document.  In addition, Doc Title and Doc Subject will not be provided when production of such information could, in the good faith view of the parties' counsel, reveal privileged information.   All date fields will be produced in either YYYYMMDD or MM/DD/YYYY format.  The time will not be included in the date fields.

(b)      E-MAILS: The native format of all un-redacted electronic mail shall be maintained by the Parties, and un-redacted electronic mail shall be produced in single-page TIFF format and corresponding document-level extracted text with the following metadata fields, to the extent available, in a Summation load file as described in section 2 (f)  below:

(i)      Custodian (name of custodian from which file is being produced);

(ii)    Author (FROM field);

(iii)   CC;

(iv)    BCC;

(v)     Recipient (TO field);

(vi)    SHA1 hash value or Equivalent;

(vii)   Date Sent (date the email was sent);

(viii)  File Ext (extension for the file);

(ix)    Email Folder (The folder within the mailbox where the message resided in)

(x)     Bates Begin (beginning production number);

(xi)    Bates End (ending production number);

(xii)   ParentID (field contains the Beginning Docid for the parent document (usually an email) and is populated for all attachments within the family group);

(xiii)  AttachID (field contains the Beginning Docids for each attachment within the family group and is populated for the parent document within a family group);

(xiv)   Page count (for documents that are TIFFed)

(xv)    Subject

Production of redacted, email ESI will be subject to the same criteria along with the inclusion of the field Redacted which will contain the value "Yes" for all documents with redactions. The metadata field "Body Text" will not be provided for Plaintiffs and need not be produced for Defendants provided that the "document-level extracted text format is an external link to the text of the document. OCR text files will be provided.

All date fields will be produced in either YYYYMMDD or MM/DD/YYYY format.  The time will not be included in the date fields.

Electronic mail shall be produced along with attachments in sequential order as part of a family, maintaining the parent-child relationship, to the extent the message or any attachment is responsive, relevant and not privileged.  As a general matter, subject to specific review, a message and its attachments shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant or non-responsive.  To the extent the message or one or more attachments is privileged, irrelevant, or non-responsive, the responsive, non-privileged documents shall be

produced and the privileged, irrelevant, or non-responsive documents shall, at the producing party's option, either: (A) be Bates numbered in order in sequence with the attachments and the redacted privileged documents shown on a privilege log with corresponding Bates numbers; or (B) include placeholders indicating the privileged, irrelevant, or non-responsive documents were withheld, and describe the removed privileged documents on a privilege log with corresponding control numbers assigned by the producing party.

(c)     In all circumstances, Excel spreadsheets shall be produced in native format with a TIFF placeholder. This shall apply to all such ESI irrespective of whether they are standalone files or attachments to e-mails or other files.  A native version of all ESI will be maintained by the parties and, upon reasonable request, the parties will make the native versions of any produced document available, subject to any redactions.

(d)     All compressed or zipped ESI shall be unzipped or decompressed before production.  To the extent a responsive, non-privileged electronic file contains embedded files, or links to other files, such embedded files or links to other files do not need to be produced initially, but upon reasonable request, the parties will make available the native version of any produced document containing such files or links, subject to any redactions.

(e)     The parties agree to meet and confer in good faith if there are any other file types that encounter difficulties in the TIFFing process and will discuss native production of such files if necessary.

(f)     The production of all documents shall be in Summation format and the following load files will be produced. (i) DII file complaint with Summation Enterprise to

load the images, (ii) LST file for loading the extracted text/ocr (iii) TXT file containing the fields specified in paragraph 2(a) and (b) above, with Field Names in first row. The .txt file should be provided with the following hierarchy of delimiters: field - | (ASCII 124), quote - ^ (ASCII 094), multi-entry delimiter - ; (ASCII 059), return value in data - ~ (ASCII 126)

(g)    Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image.  The confidential legend shall be "burned" into the documents image.  No other legend or stamp will be placed on the document image other than a confidentiality legend or redactions (where applicable).  If the page identifier or legend inadvertently obliterates, conceals, or interferes with any information from the source document, the receiving party will request a legible copy

(h)    Each page image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension ",TIF."

(i)    The parties will honor reasonable and specific requests for the production of color images to the extent such requests are not unduly burdensome.

(j)    The parties will, upon reasonable request, make originals of any produced document available for inspection and copying, subject to appropriate redactions.

(k)    The parties reserve the right to seek and to object to the costs arising from any discovery or from any improper conduct or bad faith of the litigants.

3.    This stipulation relates to the general protocol of identifying and producing ESI and Hard Copy Documents.   Any party may bring a motion to modify or clarify the application of this Order to particular ESI or otherwise.

Dated:  October 7, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ John Gravante, III
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P. A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Kenneth Grunfeld
Kenneth Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Attorneys for Plaintiffs*

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Chris Forstner_____
Chris Forstner, Esquire (*pro hac vice*)
Virginia Bar No. 45375
Email: chris.forstner@mmlawus.com
MURPHY & McGONIGLE PC
4870 Sadler Road, Suite 301
Glen Allen, VA 23060
Tel: 804-762-5320
Fax: 804-762-5356

*Attorneys for Defendant Capital One
Financial Corp.*

The foregoing Stipulation is approved and adopted as an Order of the Court at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this _____ day of _____ 2011.


_____

**JAMES LAWRENCE KING**
**UNITED STATES DISTRICT JUDGE**


Copies furnished to:
Counsel of Record