### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTION

*Lopez v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

---

### PLAINTIFFS' MOTION TO DEFER RULING ON JPMORGAN CHASE BANK N.A.'S MOTIONS TO STAY OR DISMISS, IN FAVOR OF ARBITRATION

Plaintiffs respectfully request that the Court defer ruling on Defendant JPMorgan Chase

Bank, N.A.'s ("Chase") Successor Motion for a Stay of Judicial Proceedings in Favor of

Arbitration [**DE # 1905**] (the "Successor Arbitration Motion"),[1] as it has with Chase's Motion to

Stay or Dismiss, in Favor of Arbitration, the Proceedings Relating to Claims of Plaintiffs Lopez,

McDaniel, Reed and Stone[2] [**DE # 1444**] (the "Arbitration Motion") and Motion to Stay the

---

[1] In the Successor Arbitration Motion, Chase sought a stay in favor of arbitration as to all named Plaintiffs and all absent class members, in what is clearly a belt-and-suspenders incorporation of its previous motions. While is it far too late in the day for Chase to seek arbitration, given this Court's December 8, 2009, deadline to invoke arbitration [**DE # 134**], which deadline Plaintiffs will discuss in their ultimate response, it makes sense for Plaintiffs to respond in a unified fashion now that Chase has filed a unified motion.

[2] As Chase admits [**DE # 1444** at 8], it did not previously seek to compel arbitration as to Plaintiffs Estella A. Lopez, Linda McDaniel, Charles Reed, Jr., and John C. Stone. They are hereafter referred to as the Original Plaintiffs.

Proceedings, in Favor of Arbitration, as to Putative Absent Class Members in the *Luquetta* case. [**DE # 1616**] (the "Absent Class Member Arbitration Motion") (collectively the "Motions"), pending completion of limited arbitration-related discovery pursuant to the Eleventh Circuit's Order of August 26, 2011 (the "Remand"). Chase, to our surprise, is refusing to follow the dictates of this Court and the mandate of the Eleventh Circuit by refusing to agree to allow us time to take the discovery both courts have permitted.[3] Such gamesmanship should not be countenanced by this Court. Further, Plaintiffs wish to avoid piecemeal consideration of Chase's several motions to compel arbitration, particularly given that Plaintiffs believe that Chase long ago waived any right it had to seek to force arbitration of these claims.

At present, arbitration-related discovery has been completed as to the Original Plaintiffs, who were not part of the appeal that resulted in the Remand. The Court has not yet set a deadline for Plaintiffs to file their supplement to their Response to Chase's original Arbitration Motion which will discuss the discovery taken with regard to the Original Plaintiffs. Some additional discovery is required with regard to the Plaintiffs and issues that were part of the Remand. No discovery has yet been taken as to the Remand Plaintiffs, as Chase's appeal put them before the Eleventh Circuit and prevented further proceedings in this Court.[4] Plaintiffs simply want to complete their discovery as to all Plaintiffs.

Theoretically, Plaintiffs could file their supplemental pleading addressing the arbitration-related discovery to date, file a separate response to Chase's Successor Arbitration Motion, and file yet another supplement discussing the discovery with regard to the Remand Plaintiffs. That strikes us, however, as incredibly inefficient, and a significant burden on the Court. Instead,

---

[3] The discovery is attached as Exhibit A.

[4] The Remand Plaintiffs are Thomas Larsen, Brent Lowe, Jennifer Palacios, Martin Palacios, Angela Walsh-Duffy, Valerie Williams, Megan Biss, Billy Martin Ruiz, Deborah Ruiz, John Kirkland and Jacqueline Miller.

Plaintiffs propose to complete the discovery with regard to the Remand Plaintiffs in an expedited fashion, and to then present the Court with a single unified response to all of Chase's arbitration-related pleadings, so that the Court can consider the issues at one time, which is most efficient and avoids burdening the Court with multiple large pleadings, which the Court has made clear it wishes to avoid.  Accordingly, as set forth below, Plaintiffs respectfully request that the Court (1) stay consideration of the Arbitration Motion, Absent Class Member Arbitration Motion and Successor Arbitration Motion for 45 days to allow the completion of arbitration-related discovery as to the Remand Plaintiffs; (2) allow Plaintiffs to file a single, 35-page response to all of Chase's arbitration-related pleadings; and (3) permit Chase a single reply.

## INTRODUCTION

On November 6, 2009, the Court ordered that all defendants, including Chase, file any arbitration motion before December 8, 2009. [**DE # 134**].  Chase did not do so.  On April 14, 2010, the Court gave the defendants another chance to invoke arbitration by April 19, 2010. [**DE # 360**].  Once again Chase failed to act.  On May 21, 2010, Chase for the first time sought to invoke arbitration as to certain Plaintiffs (the Remand Plaintiffs) but not others (the Original Plaintiffs). [**DE # 508**].

The current round of arbitration-related briefing began on May 6, 2011, when Chase filed its Arbitration Motion, claiming the Supreme Court's 5-4 opinion in *AT&T Mobility, LLC v. Concepcion*, 2001 WL 1561956 (U.S. Apr. 27, 2011), somehow resuscitates its long-since waived right to demand arbitration of Plaintiffs' claims in this case.  [**DE # 1444**].  On the same day, Chase filed an Emergency Motion for Relief from this Court's November 4, 2010 Scheduling Order Pending Resolution of its Arbitration Motion.  [**DE # 1450**].  On May 16, this Court entered an Order Granting Relief From November 4, 2010 Scheduling Order &

Establishing Briefing Schedule for Pending Motions to Compel Arbitration. [**DE # 1479**]. On May 17, 2011, the Original Plaintiffs filed their Response in Opposition to JPMorgan Chase Bank, N.A.'s Motion to Stay or Dismiss in Favor of Arbitration [**DE # 1506**], but did so without the benefit of arbitration-related discovery. On June 1, 2011, the Court held a hearing on Chase's Arbitration Motion . [**DE # 1555**]. On June 3, 2011, the Court granted the Original Plaintiffs' request to conduct limited arbitration-related discovery. [**DE # 1576**]. On August 26, 2011, the Eleventh Circuit handed down its decision on Chase's appeal of this Court's order denying Chase's motion to stay as to Remanded Plaintiffs. Order of August 26, 2011 (attached as Exhibit B). On June 16, 2011, Chase filed its Motion to Stay the Proceedings, in Favor of Arbitration, as to Putative Absent Class Members in the *Luquetta* case. [**DE # 1616**]. Plaintiffs responded to this motion on July 5, 2011. [**DE # 1689**], but also moved to defer ruling pending the completion of arbitration-related discovery, consistent with Plaintiffs' efforts to consolidate these issues for resolution. [**DE # 1692**]. On September 29, 2011, Chase filed its Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration. [**DE # 1905**]. In it, Chase sought to stay these proceedings in favor of arbitration as to (1) the Original Plaintiffs; (2) the Remand Plaintiffs; and (3) all of the absent class members who, according to Chase, reside in 23 states across the country which, again according to Chase, requires that Plaintiffs address the unconscionability of Chase's arbitration clause under the laws of each of those 23 states. *See* Successor Arbitration Motion at 5. To date, Plaintiffs in their various response arbitration-related pleadings have only addressed the unconscionability law of roughly 7 or 8 states.

While Plaintiffs have had the opportunity to complete arbitration-related discovery as to certain Plaintiffs and states, the record is incomplete as to the Remand Plaintiffs. Consistent with the view that a complete record is necessary before this matter makes its inevitable trip back

to the appellate court, the Eleventh Circuit ordered in the Remand that "discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided."  Order (Aug. 26, 2011) at 3.  There can be little doubt that Chase will seek to exploit any lack of completeness in the record to argue that Plaintiffs failed to meet their evidentiary burden, because Chase has done this before.

This motion seeks to prevent Chase from taking unfair advantage by seeking a ruling on the Successor Arbitration Motion without the benefit of a complete evidentiary record, and later by claiming error on appeal based on the lack of evidence presented below.  This Court can, and should, prevent Chase from gaming the system, by deferring ruling on the Successor Arbitration Motion, Arbitration Motion and Absent Class Member Arbitration Motion pending the completion of the last piece of limited arbitration-related discovery.  This motion also seeks to prevent the Court from having to consider these issues piecemeal.  Instead, should the Court adopt Plaintiffs' approach, all arbitration-related issues with regard to Chase will be dealt with in a single, omnibus responsive pleading by Plaintiffs, allowing the Court to resolve all of these issues at one time in a single order, which until this point has been impossible because of the pending appeal.

## ARGUMENT

As demonstrated in Plaintiffs' various responses in opposition to Chase's Arbitration Motion and Absent Class Member Arbitration Motion, there are at least two independent bases upon which this Court can deny Chase's demand for a stay in favor of arbitration.  First, the Court can deny the Motions on the basis of waiver, finding that *Concepcion* does not excuse Chase's repeated and voluntary waiver of its right to demand arbitration through its knowing, active and full participation in this litigation for 18 months to the detriment of both Plaintiffs and

this Court's efforts to manage this complex litigation.  Second, if the Court finds that waiver alone is insufficient, the Court can deny the Motions by finding that the arbitration agreement itself is unenforceable for one or more reasons.  In order to deny the Motions on this second basis, Plaintiffs bear the burden of rebutting the presumption of arbitrability.  Plaintiffs, however, cannot fully and completely present the necessary evidence to rebut the presumption of arbitrability without the aid of limited arbitration-related discovery.

Chase has repeatedly expressed a preference that this Court rule on the enforceability of their arbitration provisions without the benefit of a fully developed factual record, by opposing Plaintiffs' efforts to obtain discovery.  That is what Chase did in May 2010, when it moved to stay and arbitrate the claims of other Plaintiffs.  This Court denied Chase's motion, finding that factual disputes required discovery.  Instead of permitting such discovery to proceed, however, Chase immediately appealed this Court's order and argued on appeal that it is entitled to reversal because Plaintiffs failed to satisfy their evidentiary burden here.

The Eleventh Circuit has endorsed this Court's decision to allow limited arbitration-related discovery, and Plaintiffs respectfully request that they be allowed to complete that effort, consistent with the Order on Remand.  Other courts have held that, given the fact-intensive nature of the arbitrability inquiry, the enforceability of arbitration provisions should not be resolved on the pleadings alone.  *See Granite Rock Co. v. International Brotherhood of Teamsters*, __ U.S. __, 130 S. Ct. 2847, 2856 (2010) ("A court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce"); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1124 (11th Cir. 2010) (finding

arbitration enforceability is fact-intensive question under Georgia law); *Gordon v. Branch Banking & Trust*, No. 09-15399, 2011 WL 1111718, at *2 (11th Cir. Mar. 28, 2011) ("'the enforceability of a particular class action waiver provision in an arbitration agreement must be determined on a case-by-case basis, considering the totality of the facts and circumstances'") (quoting *Dale v. Comcast Corp.*, 498 F.3d 1216, 1224 (11th Cir. 2007)).

Here, the evidentiary record is not yet complete with respect to arbitration, given that Chase has raised this issue piecemeal beginning on May 6, 2011, and the Remand Plaintiffs are only now back before this Court.  In fact, Chase previously represented exactly the contrary to this Court (and the Eleventh Circuit), by stating that it did ***not*** intend to seek arbitration as to the Original Plaintiffs.  *See* **DE # 367** (Chase representing that it "did not move to seek arbitration under any agreement with these individuals, and *will not seek in the future to arbitrate the claims of these individuals* advanced in this proceeding") (emphasis added).

Issues like contract formation and unilateral change in terms by Chase go to the very heart of whether or not the parties even agreed to arbitrate.  Chase's production of documents and interrogatory responses regarding its arbitration policies and practices in general, and the deposition of its Rule 30(b)(6) designee on such issues, will enable Plaintiffs to demonstrate the infirmities in the enforceability of Chase's arbitration "agreement."

As we have noted previously, discovery relating to arbitration-related issues is routinely granted.  *E.g.*, *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10 (3d Cir. 2002); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 294-96 (S.D.N.Y. 2002); *also Alzaidi v. U-Haul Co. of Kan., Inc.*, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009); *R&F, LLC v. Brooke Corp.*, 2007 WL 2809845, at *2-3 (D. Kan. Sept. 24, 2007); *Coneff v. AT&T Corp.*, 2007 WL 738612, at *1

(W.D. Wash. Mar. 9, 2007); *Wilson v. Yellow Transp., Inc.*, 2007 WL 445197, at *1 (D. Kan. Jan. 29, 2007); *Livingston v. Associates Fin., Inc.*, 2001 WL 709465, at *2-4 (N.D. Ill. June 25, 2001).

As the Third Circuit noted in *Blair*, "[a]lthough discovery is ordinarily not undertaken at such an early stage of a proceeding that is governed by an arbitration agreement, there is language in the Supreme Court's opinion [in *Green Tree*] faulting the claimant for not presenting evidence 'during discovery.'"  283 F.3d at 609.  In both *Blair* and *Green Tree*, the plaintiff challenged that validity of the arbitration agreement on the grounds that it was cost prohibitive. *Blair*, 283 F.3d at 609; *Green Tree*, 531 U.S. at 91-92.  The Supreme Court's decision affirming an order compelling arbitration in *Green Tree* was based, in part, on the fact that the claimant failed to meet her burden of showing the likelihood that she had to bear prohibitive costs.  531 U.S. at 91-92.  In light of that factor, the Third Circuit in *Blair* concluded:

> Without some discovery, albeit limited to the narrow issue of the estimated costs of arbitration and the claimant's ability to pay, it is not clear how a claimant could present information on the costs of arbitration as required by Green Tree and how the defendant could meet its burden to rebut the claimant's allegation that she cannot afford to share the cost.

283 F.3d at 609.  Furthermore, the Third Circuit noted that:

> [T]he appropriate inquiry is one that evaluates whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, i.e., a case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether that cost differential is so substantial as to deter the bringing of claims.

*Id.* (relying upon *Bradford,* 238 F.3d at 556).  Furthermore, as the district court noted in *Livingston*, "it seems axiomatic that, if the Supreme Court places a burden of proof [to show an arbitration agreement is invalid] on a party, then that party must be given an opportunity to pursue discovery related to the issue that it has the burden to prove."  2001 WL 709465, at *2.

8

Plaintiffs intend to serve very limited additional arbitration-related discovery on Chase, consistent with the Order on Remand.  *See* Exhibits B and C attached hereto.  Chase's responses to these discovery requests, coupled with limited follow-up deposition discovery and/or requests for admission, will establish certain evidence for the Court's consideration.  Chase's responses to this discovery are directly relevant to factors to be considered by the Court on the issues of arbitrability.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court defer ruling on the Motions for 45 days to allow the completion of arbitration-related discovery as to the Remand Plaintiffs, order Chase to timely and fully respond to the recently-served written arbitration discovery as to the Remand Plaintiffs, permit Plaintiffs to conduct arbitration-related depositions if necessary, allow Plaintiffs to file a single, 35-page response to all of Chase's arbitration-related pleadings, and permit Chase a single reply.  Alternatively, if the Court is inclined to deny the motion to defer ruling, Plaintiffs respectfully request a 30 day extension of time in which to file their response to the Successor Arbitration Motion, given its considerable breadth and the number of issues that Plaintiffs must address, and an enlargement of that response's page limit to 35 pages to allow them to address all of the issues contained therein.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I hereby certify that counsel for Plaintiffs has conferred with counsel for Defendant Chase, and Chase wishes the opportunity to respond to this Motion.

Dated:  October 11, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record or *pro se* parties identified on the attached Service List in

the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596