# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

---

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**
**FIRST TRANCHE ACTIONS**

*Lopez v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. 2:09-cv-06967-GHK

---

**PLAINTIFFS' SECOND ARBITRATION-RELATED INTERROGATORIES[1]**

Plaintiffs, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the

Eleventh Circuit's Order of August 26, 2011, request that Defendant JPMorgan Chase Bank,

N.A. respond to the following written interrogatories under oath within the time prescribed by

law. The following interrogatories are to be considered continuing in nature and must be

supplemented or amended to the extent required by Rule 26(e) of the Federal Rules of Civil

Procedure.

**DEFINITIONS**

1.      "All" means "any and all" and "any" means "any and all."

2.      The word "including," means "including, but not limited to."

---

[1]These arbitration-related interrogatories supersede the interrogatories served on May 6, 2011.

3.      "You," and/or "Your" means and refers to JPMorgan Chase Bank, N.A., including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities, predecessors, successors, and contractors (including debt collection agencies), including, but not limited to, JPMorgan Chase & Co., JPMorgan Insurance Agency, Inc., J.P. Morgan Securities Inc., Chase Bank USA, NA, Chase Auto Finance Corp., Chase Home Finance LLC, Chase Investment Services Corp., Chase Insurance Agency, Banc One Acceptance Corp., Bank One Education Finance Corporation, Chase Student Loan Services, Inc., CSL Servicing LLC, Chase Paymentech Solutions, LLC, Chase Bankcard Services, Inc., WaMu Insurance Services, Inc., WaMu Investments, Inc. and WMFA Insurance Services, Inc., and their current and former officers, directors, employees, attorneys, agents and representatives.

4.      "Documents" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and includes any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in Your possession, custody or control, including without limitation, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications,

press releases, video or audio tapes, and shall mean originals or a copy where the original is not in Your possession, custody or control, and every copy of every Document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

5.      "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, and every written Document or other mode of intentionally conveyed meaning.

6.      To "identify" a person or entity means to state the person or entity's name, current or last-known address and telephone number and, for a person, his or her occupation.

7.      To "identify" a Document means to state (a) the date of the Document; (b) the title of the Document; (c) the author(s) of the Document; (d) the recipient(s) of the Document, including any cc: or bcc: recipient(s); (e) the title or she subject matter of the Document; and (f) the current custodian of the Document.

8.      "Consumer" means any natural person(s) (and in particular not a business) who maintained an account with You or any of Your affiliated entities during the relevant time period.

9.      "Consumer Account" means any Consumer checking, savings or demand deposit account maintained with You or any of Your affiliated entities during the relevant time period.

10.     As used herein, the words "pertaining to," "relate to," "regarding," "discuss," or "reflect" shall mean in any way relating to, referring to, containing, concerning, describing, mentioning, discussing, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

11.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or."  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## **INSTRUCTIONS**

12.     These interrogatories are to be answered separately and fully, in writing, within thirty (30) days of the date of service, or such shorter time as the Court may order.

13.     You are to answer each interrogatory by providing all responsive information.  If You object to any interrogatory, specify the part to which You object, state Your objections, state all factual and legal justifications that You believe support Your objections, and respond to the remainder to which You do not object.

14.     If You cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for Your inability to provide a full and complete answer.

15.     To the extent that any information called for by any interrogatory is unknown to You, so state and set forth such information as is known to You.  If any estimate can reasonably be made in place of unknown information, set forth Your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

16.     Each interrogatory shall be construed to include information and Documents within Your knowledge, possession or control as of the date You answer to these interrogatories, and any supplemental information, knowledge, data, Documents or Communications responsive to these interrogatories that is generated, obtained or discovered after the date of Your answers.

17.     If You contend that any Documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a

list of each Document and, as to each, state (a) the type of Document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the Document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the Document relates.

18.     You are required to promptly supplement Your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

19.     All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

## TIME FRAME OF INTERROGATORIES

20.     Unless otherwise stated, the time period covered by these interrogatories is May 1, 1999 to the present.

## INTERROGATORIES

<u>INTERROGATORY NO. 1</u>:  Identify each and every type and version of document that has been made available to customers, consumers, or to the public in general in which You state or otherwise describe any of Your arbitration policies from January 1, 2004 to the date of Your response.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 2</u>:  Describe with particularity all steps and actions You or Your affiliates have taken to inform customers and consumers of the arbitration policies of You,

or any of Your affiliates, since the settlement in *Ross v. Bank of America, N.A., et al.*, No. 05-cv-7116 (S.D.N.Y.).

ANSWER:


INTERROGATORY NO. 3:  Describe with particularity all changes in Your or Your affiliates' policies or practices regarding arbitration of disputes with customers and consumers since January 1, 2008.

ANSWER:


INTERROGATORY NO. 4:  Identify the date on which You first included mandatory arbitration language in Your customer agreement(s) for individual (non-business) accounts in each of the states discussed in Your Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration (D.E. 1905).

ANSWER:


INTERROGATORY NO. 5:  Identify all meetings or conference calls that occurred at any time since two years prior to the date identified in Your response to Interrogatory No. 4 between You or any of Your affiliates, on the one hand, and the National Arbitration Forum or the American Arbitration Association, on the other hand, including all persons taking part in such meetings or conference calls and the topics discussed.

ANSWER:

<u>INTERROGATORY NO. 6</u>:  Describe how Plaintiffs would have been provided the rules of the American Arbitration Association, National Arbitration Forum, or any other arbitration service listed in Your account agreements with customers.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 7</u>:  Describe each change in the contractual terms applicable to any account of Plaintiffs and the members of the proposed class residing in each of the states discussed in Your Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration (D.E. 1905).

<u>ANSWER</u>:

<u>INTERROGATORY NO. 8</u>:  Describe each account agreement entered between You and an individual consumer customer since January 1, 2004 in which the text was the result of negotiations and included language proposed by the customer, by providing the date of such agreement and the final text thereof.

<u>ANSWER</u>:

INTERROGATORY NO. 9:  For each change in the account terms described in response to Interrogatory No. 8 above, please provide the contractual text which You contend entitled You to impose such a change.

ANSWER:

Dated: October 11, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb | /s/ Michael W. Sobol |
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141903 | California Bar No. 215348 |
| Matt@WebbLLC.com | rheller@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Jordan Elias, Esquire |
| Georgia Bar No. 141315 | California Bar No. 228731 |
| FLemond@WebbLLC.com | jelias@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | LIEFF CABRASER HEIMANN & |
| 1900 The Exchange, S.E. | BERNSTEIN L.L.P. |
| Suite 480 | Embarcadero Center West |
| Atlanta, GA 30339 | 275 Battery Street, 30th Floor |
| Tel: 770-444-9325 | San Francisco, CA 94111 |
| Fax: 770-444-0271 | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181


/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592


/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

**MDL No. 2036**

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I served the foregoing on counsel of record for

the named defendant in the above-referenced action(s) by electronic mail and FedEx.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Lopez, et al. v. JPMorgan Chase Bank, N.A.*
**S.D. Fla. Case No. 1:09-cv-23127-JLK**

*Luquetta v. JPMorgan Chase Bank, N.A.*
**S.D. Fla. Case No. 1:09-cv-23432-JLK**
**C.D. Cal. Case No. CV09-6967-GHK**

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

Plaintiffs, on behalf of themselves and all others similarly situated, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Eleventh Circuit's Order of August 26, 2011, request that Defendant produce the documents and things described herein for inspection and copying in accordance with Rules 26 and 34.

## INSTRUCTIONS

1.      These requests are to be responded to separately and fully, in writing, within thirty (30) days of the date of service.

2.      You are to produce all requested documents and things in your possession, custody or control.  If you object to any request, specify the part to which you object, state your objection(s), state all factual and legal justifications which support your objection(s), and respond to the remainder of the request to which you do not object.

3.      If any document(s) requested was, but is no longer, in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so, to whom;   or (d) otherwise disposed of and, in each such instance, explain the circumstances surrounding an authorization for such disposition and the approximate date thereof.

4.      Each request for production shall be construed to include information and documents within your knowledge, possession or control as of the date of your responses to these requests for production and any supplemental information and documents responsive to these requests generated, obtained or discovered after the date of your original responses.

5.      You are required to promptly supplement your responses to these requests throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

6.      Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), please organize and label the documents you produce so as to indicate the request or requests to which they respond.

7.      If you contend that any requested documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, provide a list showing each document withheld and, as to each, state (a) the type of document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the document request or requests to which the document relates.

8.      All definitions set forth below are incorporated by reference into the following requests as if fully set forth therein.

2

## **TIME FRAME OF REQUESTS**

9.       Unless otherwise stated, the time period covered by these requests is January 1, 2004 to the present.

## **DEFINITIONS**

10.       "You," "your" and/or "defendant" means and refers to JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities including, but not limited to, JPMorgan Chase & Co., JPMorgan Insurance Agency, Inc., J.P. Morgan Securities Inc., Chase Bank USA, NA, Chase Auto Finance Corp., Chase Home Finance LLC, Chase Investment Services Corp., Chase Insurance Agency, Banc One Acceptance Corp., Bank One Education Finance Corporation, Chase Student Loan Services, Inc., CSL Servicing LLC, Chase Paymentech Solutions, LLC, Chase Bankcard Services, Inc., WaMu Insurance Services, Inc., WaMu Investments, Inc. and WMFA Insurance Services, Inc.

11.       "Documents" means any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in your possession, custody or control, including without limitation, electronically stored information as defined by Fed.R.Civ.P. 26 and 34, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements,

annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in your possession, custody or control, and every copy of every document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

12.     "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, as well as every written document and every other mode of intentionally conveyed meaning.

13.     "Customer" and "consumer" refers to any natural person who maintains or maintained an account with you or any of your affiliated entities during the relevant time period.

14.     As used herein, the words "pertaining to," "regarding," or "reflecting" shall mean: relating to, referring to, containing, concerning, describing, mentioning, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

15.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or."  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:  Produce all documents relating to Your or any affiliates' changes in policies or practices regarding arbitration since January 1, 2008.

RESPONSE:

REQUEST NO. 2:  Produce all documents provided to Plaintiffs, and exemplars of all documents provided to members of the proposes class from each of the states discussed in Your Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration (D.E. 1905), which mentioned or related to Your or any affiliates' or predecessor's policies or practices regarding arbitration.

RESPONSE:


REQUEST NO. 3:  Produce all rules of the American Arbitration Association, National Arbitration Forum, or any other arbitration service listed in Your account agreements provided to Plaintiffs and members of the proposes class from each of the states discussed in Your Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration (D.E. 1905).

RESPONSE:


REQUEST NO. 4:  Produce the arbitration rules which You contend would apply to any arbitration between You and Plaintiffs and between you and members of the proposes class from each of the states discussed in Your Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration (D.E. 1905),.

RESPONSE:


REQUEST NO. 5:  Produce all of Your or any affiliates' or predecessor's account opening procedures or protocols mentioning arbitration.

RESPONSE:

REQUEST NO. 6:  Produce all documents relied upon in responding to Plaintiffs'

Second Arbitration-Related Interrogatories.

RESPONSE:

Dated: October 11, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I served the foregoing on counsel of record for

the named defendant in the above-referenced action(s) by electronic mail and FedEx.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596