UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036<br><br><br>THIS DOCUMENT RELATES TO:<br><br>SECOND TRANCHE ACTION<br><br>*Gordon v. Branch Banking & Trust Company*<br>S.D. Fla. Case No. 1:09-cv-23067-JLK<br>N.D. Ga. Case No. 1:09-cv-01744-CAP | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY LITIGATION PENDING APPEAL**

Plaintiff Faith Gordon hereby files her Response in Opposition to Defendant Branch Banking & Trust Company's ("BB&T") Motion to Stay Litigation Pending Appeal. [**DE # 1899**]. Far from being worthy of a stay, BB&T's position is baseless and nearly sanctionable.

**I.      Introduction**

Despite having its previous motion to compel arbitration in this matter denied, having its motion to reconsider denied, losing its appeal to the Eleventh Circuit, having its petition for rehearing and/or rehearing *en banc* denied, and having its motion to stay the mandate denied, BB&T saw fit to file a "renewed" motion to compel arbitration that did not advance any new legal theories or case law than that previously raised before this Court and the Eleventh Circuit. This Court was correct to reject BB&T's implicit suggestion that it can ignore the mandate from the Eleventh Circuit and simply renew arguments that have already been rejected.  Now, by taking an appeal from this Court's denial of its renewed motion, BB&T seeks yet another stay to preclude this case from moving forward.  While Plaintiff's counsel has stipulated to a stay with regard to the appeals taken from this Court's September 1, 2011 Order denying renewed motions

to compel in the *Barras*, *Powell-Perry*, *Buffington*, *Hough*, and *Given* cases, BB&T is not entitled to a stay in this matter because not only was its renewed motion frivolous, but its second appeal to the Eleventh Circuit on the same issue is also frivolous and will surely fail.

## II.   Relevant Procedural History

On May 22, 2009, Ms. Gordon filed her complaint in the Superior Court of Fulton County, Georgia alleging that BB&T improperly assessed overdraft fees. *See* Exh. A to **DE # 1** in Case No. 1:09-CV-23067-JLK.[1]  On June 29, 2009, BB&T removed the case to the District Court for the Northern District of Georgia. [**DE # 1**].  On July 7, 2009, BB&T filed its motion to compel arbitration along with its answer. [**DE # 5, 7**].

On October 2, 2009, U.S. District Judge Charles Pannell entered an order denying BB&T's motion to compel arbitration. [**DE # 18**]; *see also* 666 F. Supp. 2d 1347 (N.D. Ga. 2009).  Relying largely on the Eleventh Circuit's decision in *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007), the district court found BB&T's arbitration clause to be substantively unconscionable and unenforceable. [**DE # 18** at 11-13].

On July 16, 2009, the JPML conditionally transferred *Gordon* to MDL No. 2036.  On August 14, 2009, BB&T objected to transfer.  On October 13, 2009, the MDL panel denied BB&T's motion to vacate and ordered that *Gordon* be included in MDL No. 2036.

Following the transfer of *Gordon* to this Court, on October 16, 2009, BB&T moved for reconsideration of Judge Pannell's order as to arbitration. [**DE # 23, 24**].  In support of reconsideration, BB&T filed additional declarations and new evidence. [**DE # 25**].  BB&T also attempted to argue for the first time that the question of arbitrability should be determined by the arbitrator, not the Court.  *Id.*  On November 5, 2009, Ms. Gordon filed her response to reconsideration. [**DE # 125** in Case No. 1:09-md-2036-JLK].  Ms. Gordon took issue with BB&T's attempt to introduce new evidence in support of reconsideration because the evidence in question was previously available to BB&T.  *Id.* at 3-6.  On November 6, 2009, this Court denied reconsideration. [**DE # 44**].  BB&T appealed the initial order and the order denying reconsideration. [**DE # 38, 49**].

Before the Eleventh Circuit, briefing was completed in February of 2010.  Following the conclusion of briefing, the parties filed numerous notices of supplemental authority pursuant to

---

[1] Unless otherwise noted, all docket entry citations refer to filings in Case No. 1:09-cv-23067-JLK, as the majority of the previous filings in this case were entered in this underlying case number prior to the Court's instructions to file all items under Case No. 1:09-cv-2036-JLK.

Federal Rule of Appellate Procedure 28(j). Among the notices filed by BB&T was a notice of the Supreme Court's decision in *Rent-A-Center West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010), and the Eleventh Circuit's decision in *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010). Each notice summarized the decision and argued its application to the *Gordon* appeal. Following oral argument, the Eleventh Circuit issued an order affirming the denial of arbitration. *Gordon v. Branch Banking & Trust Co.*, 2011 WL 1111718 (11th Cir. March 28, 2011).

In *Gordon*, the Eleventh Circuit held the arbitration clause unconscionable under Georgia law. 2011 WL 1111718 at *3. In reaching this conclusion, the Eleventh Circuit reaffirmed its ruling in *Dale*, stating that under Georgia law, "the enforceability of a particular class action waiver in an arbitration agreement must be determined on a case-by-case basis, considering the totality of the facts and circumstances." *Id.* at *2 (also noting that in "addressing the enforceability of a class action waiver" under Georgia law the courts have "not adopted a bright-line rule").

BB&T petitioned for rehearing. While the petition was pending, the Supreme Court issued its decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). Thereafter, BB&T filed several notices of supplemental authority arguing that *Concepcion* precludes a finding that the arbitration clause was unconscionable and unenforceable and invited the court to vacate its decision. However, the Eleventh Circuit rejected the bank's argument and, on June 3, 2011, denied rehearing. *See* June 3, 2011 Order (Exh. A to **DE # 1749**). Not a single judge requested a poll of the Court. *Id.* Subsequently, BB&T sought to stay the issuance of the mandate by filing a motion to stay that relied almost exclusively on *Concepcion*. This motion was also denied by the Eleventh Circuit. *See* July 1, 2011 Order (Exh. B to **DE # 1749**).

Remarkably, despite all of this procedural history, on July 12, 2011, BB&T took the position that it can ignore all of the previous decisions and simply file a renewed motion to compel arbitration. [**DE # 1721**]. In response to BB&T's renewed motion, Plaintiff filed a motion to strike this improper submission and a conditional response in opposition. [**DE # 1749**]. BB&T subsequently filed a reply in further support of its renewed motion to compel and a response in opposition to Ms. Gordon's motion to strike. *See* **DE # 1789, 1792**. On August 15, 2011, Plaintiff filed a reply in further support of her motion to strike. [**DE # 1797**]. On September 8, 2011, this Court denied BB&T's renewed motion. [**DE # 1859**] ("September 8th Order"). In denying BB&T's renewed motion, this Court concluded that "Defendant has shown

3

no basis for reconsideration of its Renewed Motion, which was ruled upon and denied by U.S. District Judge Charles Pannell, this Court (DE # 135), and the Eleventh Circuit." *Id.* at 1.

At the same time BB&T was pursuing a renewed arbitration motion before this Court, BB&T filed a Petition for Writ of Certiorari in the Supreme Court of the United States in this matter. *See* Exhibit A to **DE # 1856**. BB&T's pursuit of a writ from the Supreme Court, while simultaneously attempting to re-litigate the same issues that are the subject of its Petition before this Court, further illustrates the frivolous nature of BB&T's renewed arbitration motion and its second appeal.

### III.   Argument

As the Eleventh Circuit established in *Blinco v. Green Tree Servicing, LLC*, upon filing of a motion to stay, "either the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case." 366 F.3d 1249, 1252 (11th Cir. 2004) (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). Defendant's appeal here is completely without merit and this Court's well-reasoned September 8th Order will be affirmed on appeal. Therefore, a stay is inappropriate.

Ms. Gordon's case against BB&T need not be stayed if this Court deems that the appeal of the arbitration ruling is frivolous. *Blinco*, 336 F.3d at 1252. While courts have used somewhat varied language in making this determination, the basic idea is that an appeal can be found frivolous if it lacks colorable support or is contrary to recent controlling case law. *See, e.g.*, *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993); *In re Britton*, 950 F.2d 602, 607 (9th Cir. 1991); *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991); *Bahena v. American Voyager Indem. Ins. Co.*, 2008 WL 874851, at *1 (M.D. Fla. March 27, 2008) ("the existing case law does not support [the appellant's] position"); *Kirleis v. Dickie, McCamey & Chicolte, PC*, 2007 WL 3023950, at *3 (W.D. Pa. Oct. 12, 2007) (denying motion to stay because appeal lacked "colorable support"); *also Hill v. Peoplesoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004) (finding that recent appellate court ruling "renders the Defendant's appeal questionable, if not frivolous"); *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 1835642, at *1 (D. Minn. Aug. 5, 2002). Applying this standard here, it is clear that the appeal filed by BB&T is frivolous because the arguments raised by the bank have already been considered and rejected by this Court and the

Eleventh Circuit. Moreover, BB&T's simultaneous pursuit of a writ of certiorari from the Supreme Court further reveals the impropriety of the renewed motion and second appeal.

Just as it did in its renewed motion, BB&T's justification for its request for a stay is its contention that it has two seminal Supreme Court decisions to support its appeal, namely *Rent-A-Center West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010), and *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). *See* Motion to Stay, p. 4. However, as Ms. Gordon pointed out previously, and this Court noted in its Order, BB&T's attempt to rely on these decisions is merely a ruse because it had every opportunity to raise these issues in support of its initial motion to compel arbitration and either failed to do so, or had such arguments rejected by the Eleventh Circuit. *See* Motion to Strike, pp. 4-7 [**DE # 1749**]; Sept. 8th Order, pp. 1-2.

BB&T's final argument in support of a stay – that all of the cases against BB&T are in the same procedural posture and should remain so to promote efficiency – is an unfortunate misrepresentation to this Court. This case is not in the same procedural posture as *Barras* and *Powell-Perry* as neither of those cases have a decision from the Eleventh Circuit affirming the denial of arbitration and subsequent orders from the Eleventh Circuit denying a petition for rehearing and the bank's motion to stay the mandate. Ms. Gordon's case has been pending for two-and-a-half years. The bank's continued delay tactics are unfortunate and bordering on sanctionable. It is high time that Ms. Gordon be allowed to proceed to develop her case.

**IV.   Conclusion**

Therefore, BB&T's motion to stay should be promptly DENIED and this case added to the Court's next scheduling order.

Dated: October 11, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

6

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596