IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>FIRST TRANCHE ACTIONS<br><br>*Lopez v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23127-JLK<br><br>*Luquetta v. JPMorgan Chase Bank, N.A.*<br>S.D. Fla. Case No. 1:09-cv-23432-JLK<br>C.D. Cal. Case No. CV09-6967-GHK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF OF DEFENDANT JPMORGAN CHASE BANK, N.A.
IN OPPOSITION TO PLAINTIFFS' MOTION TO DEFER [MDL DKT. NO. 1969]**

On September 29, 2011, defendant JPMorgan Chase Bank, N.A. ("Chase"), moved to stay these proceedings, pursuant to Section 3 of the Federal Arbitration Act, in favor of arbitration. Chase's motion addressed all arbitration matters concerning Chase that remain pending before this Court. Chase sought to move those matters along, and to put them on the same schedule as the other pending First Tranche arbitration issues.

Plaintiffs have now moved for an adjournment of the briefing schedule and requested an *additional* 45 days for yet more arbitration-related discovery. [MDL Dkt. No. 1969.] That request should be denied. Plaintiffs have been conducting arbitration-specific discovery in these matters for over 15 months (since July 2010), including a 90-day period for arbitration-related

discovery recently ordered by this Court. The proposed discovery that accompanies plaintiffs' motion is largely literally word-for-word identical to arbitration discovery plaintiffs previously served on Chase. There is no basis for plaintiffs' continued stalling.

Chase has no objection to allowing plaintiffs a few extra days or pages, if necessary, if a commensurate accommodation is extended to Chase. But nothing more is required.

## BACKGROUND

The relevant procedural background of Chase's arbitration motions is set forth in its September 29, 2011 motion (the "Successor Arbitration Motion"). [MDL Dkt. Nos. 1905, 1906]. That motion is a successor to prior arbitration filings, and covers all the named plaintiffs and class members. It is intended to bring *all* the arbitration issues to the Court at the same time, which plaintiffs now say they favor.

Plaintiffs have already engaged in more than 15 months of arbitration-specific discovery against Chase. In addition to general discovery of all of the communications between Chase and its customers, plaintiffs served written discovery on Chase, specifically focused on arbitration, on July 1, 2010; May 6, 2011; and June 8, 2011. Plaintiffs requested, and were permitted by the Court in its June 3, 2011 Order [MDL Dkt. No. 1576], a further 90-day extension for arbitration-related discovery. Chase has also provided declarations identifying all arbitration terms with the named plaintiffs and absent class members. In addition, plaintiffs have taken the depositions of Chase personnel on arbitration issues—including the individual responsible for identifying the terms of each customer's arbitration terms; Chase's corporate representative concerning Chase's dispute-resolution records; and Chase's CEO. Plaintiffs have also taken third-party arbitration discovery, including written discovery and a deposition of the American Arbitration Association.

Chase first invoked arbitration in these proceedings after plaintiffs amended their complaints on April 12, 2010, to add a number of new individuals as named plaintiffs (the "New Plaintiffs").[1]  In the Court's scheduling Order dated November 6, 2009, plaintiffs' counsel had been required by the Court to identify all named plaintiffs by November 9, 2009, and Chase was required, by December 22, 2009, to file its motions directed to the "operative complaints on file." [MDL Dkt. No. 134.]  Chase did not invoke arbitration at that time as to the named plaintiffs then filing complaints.  (For example, Chase could not have invoked arbitration as to *Luquetta*  because Andrea Luquetta was the sole named plaintiff and had no applicable arbitration agreement.)

But when the New Plaintiffs were added by amended complaints four months later [MDL Dkt. Nos. 347, 348], Chase immediately advised the Court that it might invoke arbitration as to them [MDL Dkt. No. 367], and Chase thereafter promptly moved under section 3 of the Federal Arbitration Act as to the New Plaintiffs, in both the *Luquetta* and *Lopez* cases, on its Court-ordered answer date, May 21, 2010 [MDL Dkt. Nos. 505, 508].  The Court ultimately determined that it could not resolve the arbitration issues as to the New Plaintiffs without discovery, and issued an Order to that effect on June 16, 2010.  [MDL Dkt. No. 594.]  Chase appealed, and the Court of Appeals ultimately vacated this Court's Order and remanded, on August 26, 2011.  In the meantime, plaintiffs began arbitration-specific discovery as to the New Plaintiffs, *during the pendency of the appeal*.  Plaintiffs specifically advised the Court of Appeals that they were doing so.  *See, e.g.*, Appellees' Motion to Dismiss 10, Nos. 10-12936 & 10-12937 (11th Cir. July 1, 2010) (plaintiffs' motion to dismiss Chase's appeals on the ground that

---

[1]   These individuals have been referred to as the "New Plaintiffs" in the parties' briefs since May 21, 2010, but plaintiffs' instant motion now calls them the "Remand Plaintiffs."  They are identified in footnote 4 of plaintiffs' motion.

- 3 -

"Plaintiffs have now propounded discovery requests to elicit the needed documents and information to confirm that Chase is foreclosed from demanding that its customers arbitrate their claims" and attaching the discovery that plaintiffs served on Chase on July 1, 2010). A copy of plaintiffs' submission to the Court of Appeals is attached as Exhibit 1.

In its Answers to the complaints on May 21, 2010, Chase also invoked arbitration with respect to the putative class, which was Chase's first opportunity to do so [MDL Dkt. Nos. 501, 502]; and then (as stated in its Answers) Chase filed a separate arbitration motion after plaintiffs moved to certify a class [MDL Dkt. No. 1616]. On May 5, 2011, after the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), Chase, relying on the Eleventh Circuit's decisions in *Benoay v. Prudential-Bache Sec., Inc*., 805 F.2d 1437 (11th Cir. 1986), and *Miller v. Drexel Burnham Lambert, Inc*., 791 F.2d 850 (11th Cir. 1986), also invoked arbitration as to the original plaintiffs. Plaintiffs followed with *more* arbitration-specific discovery as to all named plaintiffs and all class members, and requested an extension of time in which to conduct it. This Court granted plaintiffs 90 days, which expired in September 2011. [MDL Dkt. No. 1576.] On July 6, 2011, the last time plaintiffs moved this Court to defer considering Chase's arbitration motions (with respect to the class), they said the 90-day discovery period would enable them to gather a "complete evidentiary record." [MDL Dkt. No. 1692 at 2.]

In the present arbitration motion, Chase has consolidated all of the arbitration issues in a single motion for resolution by the Court, because the relevant arbitration terms and facts are the same as to all customers. Plaintiffs agree to that. They also concede, as they must in consequence of their previous representations to the Court, that they do not need any more arbitration discovery with respect to the class. They contend, however, that they now need an

*additional* 45 days of discovery specifically with respect to the New Plaintiffs, even though these individuals were the subject of plaintiffs' very first arbitration discovery, as early as July 2010.

Plaintiffs append to their motion the discovery that they propose to serve on Chase. [MDL Dkt. Nos. 1969 Exs. A &B.]  That discovery is general in character, and framed in terms of *all* "Plaintiffs"—not the New Plaintiffs.  Much of it is *word-for-word identical* to discovery that plaintiffs served on Chase on July 1, 2010 (and in some instances *again* on May 6, 2011).  Appendix A to this brief is a chart showing how these discovery requests repeat plaintiffs' prior requests verbatim.

## ARGUMENT

Plaintiffs have had plenty of time to conduct all the arbitration-specific discovery they cared to take, and there is no basis for additional delay now.

**I.    Plaintiffs concede they have already conducted all necessary discovery regarding arbitration generally and with respect to the entire class.**

Just 3 months ago, on July 6, 2011, plaintiffs told the Court that the then-pending 90-day extension of arbitration-related discovery would enable them to put together "a complete evidentiary record" for this Court's consideration.  [MDL Dkt. No. 1692 at 2-3.]  Plaintiffs took voluminous arbitration discovery during that period, which ended in September.  That is enough.

Plaintiffs have not identified any discovery that they did not have the opportunity to take. The only specific point plaintiffs argue in their motion is that, while Chase has branches in 23 States, "[t]o date, Plaintiffs in their various response arbitration-related pleadings have only addressed the unconscionability law of roughly 7 or 8 states….  While Plaintiffs have had the opportunity to complete arbitration-related discovery as to certain Plaintiffs and states, the record is incomplete as to the [New] Plaintiffs."  Pl. Mot. 4.  This may be an admission that plaintiffs made a mistake in their earlier briefing about arbitration as to the class members generally, by

- 5 -

failing to make any argument under the laws of many States where absent class members reside. *But it has nothing to do with the New Plaintiffs*. On the contrary, plaintiffs extensively briefed the arbitration issues relating to the New Plaintiffs and their States in their briefs to this Court filed on June 7, 2010. The New Plaintiffs' States are the very States that plaintiffs admit they *have* briefed extensively. [MDL Dkt. Nos. 556, 557.] Whatever plaintiffs may mean in the quoted passage, it does not justify what they are asking for now.

Plaintiffs have not identified any other respect in which the comprehensive arbitration-related discovery they have already been allowed as to the entire class falls short of what they need. Nothing in plaintiffs' brief identifies any respect in which the New Plaintiffs are different from the class they propose to represent. Indeed, it would be hard to understand how they could be advanced as class representatives if they *were* different from the class. Rather, the proposed discovery is completely generic, applies to the entire class, and *does not address the New Plaintiffs in any respect*. For example, the first interrogatory is as follows:

> Identify each and every type and version of document that has been made available to customer, consumers, or to the public in general in which You state or otherwise describe any of Your arbitration policies from January 1, 2004 to the date of Your response.

This is discovery about *the class*, and not about the *New Plaintiffs*. All of the other interrogatories and document request are the same way.

**II.     Plaintiffs have had ample opportunity to conduct all necessary discovery.**

Even if there were something unique about arbitration discovery relating to the New Plaintiffs, plaintiffs' request should be denied, because plaintiffs have had more than ample opportunity to complete it.

To begin with, plaintiffs *did* conduct arbitration-related discovery specific to these individuals. This commenced with the discovery they served on Chase on July 1, 2010,

following this Court's June 16, 2010 Order initially denying Chase's motions under Section 3 of the FAA as to the New Plaintiffs. Plaintiffs themselves brought this discovery to the Court of Appeals' attention *twice*. In addition to the appellate brief already cited above, plaintiffs addressed the discovery in their principal appeal brief, filed September 17, 2010: "Shortly after the district court's order finding that discovery was necessary as to the factual issues raised in the briefing on Chase's motion to stay, Appellees promptly served targeted discovery on Chase." Brief of Appellees, Nos. 10-12936 & 10-12937 (11th Cir. Sept. 17, 2010) (attached hereto as Exhibit 2). It is puzzling why plaintiffs are now telling this Court (Pl. Mot. 2), that they never initiated any such discovery.[2]

Moreover, the majority of discovery that plaintiffs' current motion would seek to impose on Chase is essentially identical to that prior discovery. *See* App'x A (detailing similarities). And the handful of interrogatories and requests that are not word-for-word identical are just redundant requests for information already in plaintiffs' hands. For example: Interrogatory 6[3] inquires how customers would obtain the arbitration rules of the American Arbitration Association. But the arbitration agreement itself, which plaintiffs themselves attached to their Complaints, explicitly states the answer, providing customers with the physical and internet

---

[2] Chase served its responses to that discovery on August 5, 2010, identifying its objections and stating its willingness to meet and confer. Plaintiffs mentioned to the Court of Appeals that they believed Chase's responses were inadequate. Brief for Appellees 7. But plaintiffs evidently lost interest and never responded to Chase's proposal to meet and confer. Their time to object or move to compel expired on September 4, 2010, according to Southern District of Florida Local Rule 26.1(h)(1). Four months after that, on January 3, 2011, this Court entered an order staying *further* discovery during the remaining pendency of Chase's appeal. [MDL Dkt. No. 1026.] Plaintiffs cannot contend that their own failure to follow up Chase's invitation to meet and confer means that they were denied the opportunity to conduct any discovery they considered necessary.

[3] Interrogatories 1 through 5 are identical to the discovery plaintiffs originally served on Chase in July 2010. *See* App'x A.

addresses for the AAA. (Plaintiffs have also deposed the AAA.) All the rest of the requests are in a similar vein.

### III. Chase does not object to a modest, reciprocal extension of time or extra pages, if plaintiffs need it.

As a fall-back, plaintiffs have asked for a 30-day extension of the time in which to file their brief. Chase does not object to a modest extension, as the Court may allow. In Chase's view, however, the 30 days requested is excessive given the fact that plaintiffs have *already* filed full briefs in this court as to all their objections to Chase's arbitration agreement. [MDL Dkt. Nos. 556, 557, 1506, 1689.] And plaintiffs have briefed the same legal issues a multitude of times with other banks. If the Court grants plaintiffs an extension, Chase requests that the Court similarly allow Chase a commensurate extension for its reply brief.

Plaintiffs' request for 35 pages is also excessive. Plaintiffs have already submitted exhaustive briefs (totaling 96 pages) concerning Chase's arbitration agreements. Now it is time for plaintiffs to boil down their points to essentials, as Chase did in its 20-page opening brief. If the Court allows plaintiffs extra pages, Chase respectfully request an allowance of the same number of extra pages in its reply.

### CONCLUSION

Plaintiffs' motion for yet another discovery extension should be denied. Chase does not object to a modest extension of time or enlargement of pages for plaintiffs' opposition brief, if Chase is granted a commensurate accommodation.

Dated: October 12, 2011

> HOMER BONNER, P.A.
> /s/ Peter W. Homer
> Peter W. Homer
> (phomer@homerbonner.com)
> Gregory J. Trask

(gtrask@homerbonner.com)
1411 Brickell Avenue, Suite 1200
Miami, Florida 33131
tel.: (305) 350-5139
fax: (305) 372-2738

WILMER CUTLER PICKERING HALE
  AND DORR LLP
s/ Christopher R. Lipsett
Christopher R. Lipsett
(chris.lipsett@wilmerhale.com)
David S. Lesser
(david.lesser@wilmerhale.com)
Alan E. Schoenfeld
(alan.schoenfeld@wilmerhale.com)
399 Park Avenue
New York, New York 10022
tel: (212) 230-8851
fax: (212) 230-8888

*Attorneys for defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                   /s/ Peter W. Homer