UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Lopez v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23127-JLK

*Luquetta v. JPMorgan Chase Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23432-JLK
C.D. Cal. Case No. CV09-6967-GHK

**PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO DEFER RULING
ON JPMORGAN CHASE BANK N.A.'S MOTIONS TO STAY OR DISMISS,
IN FAVOR OF ARBITRATION**

Plaintiffs file their Reply in Further Support of their Motion to Defer Ruling on Defendant's Successor Motion to Stay Litigation in Favor of Arbitration. [**DE # 1969**].

The Eleventh Circuit's Remand Order of August 26, 2011 (the "Remand") expressly permits Plaintiffs to take arbitration-related discovery of Defendant JPMorgan Chase Bank, N.A. ("Chase"): "In the district court, discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided." *Id.* at 2. In defiance of the Eleventh's Circuit's clear mandate, Chase has refused to respond to Plaintiffs' narrow discovery requests, and instead is insisting that this Court make its arbitration determination without the benefit of a full factual record. Chase has failed to show how it would be prejudiced by responding to Plaintiffs' few discovery requests during the short 45-day

discovery period proposed by Plaintiffs, at which point the parties would be prepared to complete the omnibus briefing on all of Chase's multiple motions to compel arbitration.

Chase complains that the 45 days Plaintiffs request for the discovery period is too long. But Chase's complaints about delay ring hollow, especially given Chase's history in this litigation of repeatedly waiving its right to arbitrate, engaging in extensive discovery and motion practice that caused the parties to litigate for thousands of hours and consume hundreds of hours of the Court's valuable time, and then changing its mind and seeking to undo its arbitration waivers. The Court should not countenance such behavior. Consistent with the Eleventh Circuit's Remand, the Court should permit Plaintiffs to obtain narrow and tailored arbitration-related discovery, and set the briefing schedule to continue immediately after the 45-day discovery period concludes.

I.  **Argument.**

Predictably, Chase opposes Plaintiffs' Motion to Defer because it interferes with Chase's plan to overwhelm Plaintiffs and the Court with pleadings purporting to compel arbitration while depriving both of the complete record that will expose the fallacy of its argument that Plaintiffs' rights can be adequately redressed through arbitration, a process that Chase has repeatedly waived. Chase comes before this Court, after ignoring several deadlines for seeking to compel arbitration, and repeatedly representing to Plaintiffs and the Court that it will not seek to compel arbitration as to some or all of the Plaintiffs, and then reverses itself under the fig leaf that *Concepcion* changed everything.[1] It continues to make excuses for ignoring the Court's deadlines even as it seeks to impose them rigorously on Plaintiffs.[2]

---

[1] Clearly we have struck a nerve with Chase, given its furious but ultimately unsatisfactory efforts to explain away its abject failure to invoke arbitration at the appropriate time in these cases. We will address that substantive point more thoroughly in our response to Chase's

Chase makes several misrepresentations in response to Plaintiffs' Motion to Defer. In only the second paragraph of its Opposition [**DE # 1974**], Chase states that "Plaintiffs have been conducting arbitration-specific discovery in these matter for over 15 months." Opp. at 1. That is untrue, and of course Chase offers absolutely no support for that assertion. In reality, Plaintiffs attempted to conduct limited, arbitration-specific discovery in July **2010** following this Court's June 16, **2010** Order, which found that Chase's motion could not be resolved without discovery. As Chase admits, however, Plaintiffs' attempts were rebuffed through Chase's appeal to the Eleventh Circuit and through "responses" to Plaintiffs' discovery that were replete with boilerplate objections and a refusal to substantively respond. Now that the Eleventh Circuit has remanded certain Plaintiffs' claims with an endorsement of arbitration-specific discovery, it is not unreasonable for Plaintiffs' to request that Chase comply with the Eleventh Circuit's Remand.

Chase's misrepresentation regarding the "15 months" of discovery also does not reflect the fact that Chase's arguments have evolved along with its position on arbitration. Chase has untimely moved, in the Successor Motion for a Stay of Judicial Proceedings in Favor of Arbitration [**DE # 1905**] (the "Successor Arbitration Motion"), to stay all of the lawsuits against it in favor of arbitration, and takes the position for the first time that Plaintiffs must analyze the unconscionability of Chase's arbitration clause in the context of the laws of 23 states, but that Plaintiffs must do so with no further discovery on factual issues pertinent to these states' jurisprudence, within the confines of a 20 page response, and in ten days from the date that Chase filed the Successor Arbitration Motion. Chase concedes that a consolidated briefing

---

various motions, and will not engage in a point by point refutation here, other than to say, Chase is wrong, and its contortions of the record cannot save it from its own choices.

[2] Chase admits [**DE # 1444** at 8], it did not previously seek to compel arbitration as to Plaintiffs Estella A. Lopez, Linda McDaniel, Charles Reed, Jr., and John C. Stone.

regimen is appropriate, but attempts to use it offensively to prevent a full airing of these issue, its disingenuous and inadequate offer of a few extra pages and a few extra days notwithstanding.

Given the Eleventh Circuit's clear endorsement of arbitration-specific discovery following Chase's appeal, Defendant should not be permitted to claim victory in defeat by evading the very discovery it appealed to avoid, having lost on that issue. As Chase points out, Plaintiffs made the Eleventh Circuit aware of their efforts to obtain discovery while Chase's appeal was pending, Opp. at 3-4, and the Eleventh Circuit nonetheless *still* mandated discovery with respect to the remanded Plaintiffs. Chase's point argues for, not against, Plaintiffs' position. Chase claims that Plaintiffs received "voluminous" discovery, Opp. at 5, but that overstates its response. Chase implies that Plaintiffs never met and conferred with Chase regarding discovery, Opp. at 7 n.2, but that too is untrue. Plaintiffs conferred with Chase telephonically regarding arbitration-related discovery on several occasions since the beginning of July, with Chase repeatedly representing that their records were incomplete at best.

Chase's motives are transparent – it wishes to force Plaintiffs to litigate on an incomplete record with inadequate space and time, to try to gain an advantage that it has so clearly waived in ignoring this Court's repeated mandates to choose arbitration or litigation. Chase chose litigation and, perceiving that things are not going as it hoped, now wishes a do-over. Plaintiffs' requests for limited additional time for discovery of a small number of new issues, and additional briefing pages in a single, unified responsive brief to address them, are eminently reasonable, and consistent with the Eleventh Circuit's Remand. "In the district court, discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided." *Id.* at 2. Chase has articulated no prejudice that will result from this request, nor can it, given that unfair advantage is not a cognizable form of prejudice in this Court.

4

Plaintiffs have tried to work with Chase to devise a mutually-agreeable procedure for the resolution of these issues, but Chase refuses to reciprocate, and thus Plaintiffs respectfully request that the Court adopt Plaintiffs' proposal.

**II.    Conclusion.**

Plaintiffs respectfully request that the Court defer ruling on the Successor Arbitration Motion and all other pending arbitration motions previously filed by Chase for 45 days to allow the completion of additional arbitration-related discovery as to the Remand Plaintiffs, allow Plaintiffs to file a single, 35-page response to all of Chase's arbitration-related motions, and permit Chase a single reply.  Alternatively, given the importance of this issue, and the fact that, if the Court grants Chase's Successor Arbitration Motion, the Class will effectively be deprived of all relief for the hundreds of millions of dollars of unlawful overdraft fees extracted from it by Chase, Plaintiffs respectfully request a meaningful opportunity to respond to Chase's Successor Arbitration Motion.  That is, Plaintiffs respectfully request a brief extension of time of 30 days in which to respond to the Successor Arbitration Motion, and an enlargement of their brief to 35 pages to allow a proper and complete discussion of the various issues raised by Chase.  Chase can point to no prejudice to it from this request, nor is it really in a position to make such an argument, having litigated this case for over 18 months in this Court before first invoking arbitration.

Dated: October 13, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

6

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596