IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

| | |
|---|---|
| IN RE : § § | |
| CHECKING ACCOUNT § OVERDRAFT LITIGATION. § § | CASE NO. 09-MD-02036-JLK |
| MDL No. 2036 § | |
| § | |
| THIS DOCUMENT RELATES § TO FIRST TRANCHE TRANSACTIONS § § | |
| *Tornes, et al. v. Bank of America N.A.* § S.D. Fla. Case No. 1:08-cv-23323-JLK § § | |
| *Yourke, et al. v. Bank of America, N.A.* § S.D. Fla. Case No. 1:09-cv21963-JLK § N.D. Cal. Case No. 3:09-2186 § | |

EMERGENCY MOTION
TO SHORTEN AND EXPEDITE DISCOVERY DEADLINES IN CONNECTION
WITH MOTION TO APPROVE FINAL SETTLEMENT
[Refers to Dk. No. 1885]

Marvelus Sattiewhite III, Johnson W. Sattiewhite, Kirk A. Kennedy, Fay Robinson, and Anthony McMahan, class members of the above referenced Plaintiffs' class (the "Objectors" or "Objecting Class Members"), by and through counsel hereby file their Emergency Motion to Shorten and Expedite Discovery Deadlines in Connection with Motion to Approve Final Settlement for use in the November 7, 2011 hearing on final approval of the settlement in the above captioned matter (the "Fairness Hearing"). In support hereof, Objecting Class Members submit the following for the Court's consideration:

1

## I.  Overview of the Motion and Relief Requested

This is the first settlement to be proposed in a *series* of class actions pending in this litigation. The Objectors challenge whether 42.5% of the entire $410 million class settlement should go to lawyers and non-profit organizations. The lawyers should be rewarded for their efforts but not at the expense of class members who are reportedly receiving less than ten cents on the dollar in settlement.

The Objecting Class Members seek discovery of *basic* information regarding the basis for Class Counsel's request for 30% fees, or $123 million as compensation for litigation barely spanning a two year period resulting in a pre-certification settlement reached in January 2011. Thus, the Objectors seek discovery to gain *some* visibility and insight into the settlement process. Indeed, discovery may show that the objections and concerns raised by the Objectors are not well founded and should be withdrawn.

It is in the best interest of the class members and the judicial system that expedited discovery be granted. There are three basic areas of discovery addressed in this motion: (1) documents relevant to the proposed *cy pres* award; and (2) time records showing time and labor devoted by Class Counsel to this case; and (3) documents relating to damages, mediation and other issues that will provide information relating to the reasonableness of the overall settlement. Class Counsel have refused to provide any discovery or documents in response to informal document requests on these issues.

  A. <u>Discovery of Reasons for *Cy Pres* Award.</u>

The Objecting Class Members request the Court grant discovery of information regarding the decision to agree to *cy pres* provisions that devote up to 12.5% (an amount that may exceed $30 million) of the settlement to class members whose precise injuries

cannot be calculated due to the apparent technological problems in analyzing the data maintained by defendant Bank of America N.A. during the 2001 to 2003 time-period.

Objectors seek *basic* discovery regarding the negotiation of the *cy pres* provision to determine the intent and reasons for Class Counsel's agreement to a provision that diverts settlement funds from class members whose financial injuries can be quantified and the subject of compensation.

### B. Time and Labor Required to Achieve Settlement

In their request for a 30% fee award, Class Counsel failed to satisfy an essential element of establishing a right to compensation under *Camden I*. They did not provide sufficient information showing the "time and labor required" in prosecuting this class action such that a reviewing court, other stakeholders, or their clients could evaluate the reasonableness of the $123 million fee request. Ironically, Class Counsel oppose discovery that would presumably support their request for a 30% attorney fee. As it stands, Class Counsel ask the Court to rely on unsupported factual statements regarding the time and labor required to prosecute this action. Objectors have no basis to determine how many lawyers devoted how much time at what stage of the litigation and settlement process. Simply stated, neither the Court nor the Objectors have any way to evaluate this factor, nor will the Court have any framework for comparison with the time and labor devoted in comparable cases. As set out below, the law is intended to promote consistency and proportionality in awarding fees. It may well be that a 25%, or even 30% award is justified, but without more information, it simply cannot yet be determined.

The Eleventh Circuit, in *Camden I*, held that: (1) district courts must consider all the so-called *Johnson* factors in determining a percentage fee award to Class Counsel;

3

and (2) articulate specific reasons as to how the "time and labor" devoted by Class Counsel supports a specific percentage of fees from the class settlement.[1]  Without such analysis, the Court's fee award may be set aside on appeal.[2]  In the face of established principles on analyzing class fee awards in the Eleventh Circuit, however, Class Counsel refused to provide discovery of time records that may actually support their request.[3]

  C. <u>Overall Reasonableness of the Settlement</u>

Counsel for Objectors tentatively conclude that the overall $410 million settlement is fair, adequate and reasonable, but need additional information, such as mediation briefs and communications with Class Representatives, to determine *inter alia* the reasonableness of the *cy pres* distribution and Class Counsel's attorney fee request.

  D. <u>Requests Can Be Narrowed if Shown to Be Burdensome.</u>

The Objectors invited Class Counsel to narrow the requests if they deemed the requests burdensome or overly broad.  However, Class Counsel flatly refused to provide <u>any</u> discovery to the Objecting Class Members.  Other than the one-sided declarations of the lawyers and witnesses, there is no means to obtain information that tests the fairness, adequacy and reasonableness of the Settlement without *some* discovery from Class Counsel.

---

[1] *Camden I Condominium Association, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991).

[2] Plaintiffs' own experts acknowledge that time and labor devoted to the matter is a factor that should be evaluated by the Court. However, the experts apparently were not provided time records. See e.g. Declaration of Hon. Thomas Scott, ¶10, Doc. 1885-10; Declaration of Brian Fitzpatrick, ¶ 12, Doc 1885-11.

[3] The type of fee records that should be made available are described in Local Rule 7.3(a), which requires that attorneys fees must be supported by: (a) the identity, experience, and qualifications for each timekeeper for whom fees are sought, (b) the number of hours reasonably expended by each timekeeper; (c) a description of the tasks done during those hours; and (d) the hourly rate(s) claimed by each timekeeper

## II. Factual Overview of Motion

A Motion for Final Approval of Settlement, Application for Service Awards and Class Counsel's Application for Attorney's Fees was filed with the Court on September 16, 2011 seeking, in pertinent part, final approval of a class settlement of $410 million, including an award of attorneys fees of $123 million and up to 12.5% of the award to be distributed as *cy pres* for class members covering the period 2001 through most of 2003.

Pursuant to the Preliminary Approval by this Court, a deadline of October 3, 2011 was set for filing of objections by class members, who were notified by post card of the settlement. The Preliminary Approval did not specifically provide for disclosure of documents relevant to objections made by Class Members, nor did it provide a procedure by which document requests could be made.

A hearing on final approval of the settlement (the "Fairness Hearing") was set by the Court for November 7, 2011.

The Objecting Class Members timely filed their objections seeking, *inter alia,* a reduction in the amount of attorneys' fees sought by Class Counsel, and requesting that this Court reject the *cy pres* award on the basis that Class Members who can establish injury reportedly being compensated at a rate of nine cents on the dollar. Objecting Class Members objected on the basis that *cy pres* is not appropriate where, as here, the funds that cannot be distributed to class members unable to quantify damages should be re-distributed to class members whose injuries can be quantified.

On October 9, 2011, counsel for the Objecting Class Members contacted Class Counsel through correspondence seeking limited discovery of issues that will enable the

Objecting Class Members to focus on these two issues at the November 7, 2011 fairness hearing. A copy of the October 9, 2011 letter is attached hereto as Exhibit A.

On October 11, 2011, a two hour conference call was conducted with Class Counsel, including Robert Gilbert, David Stellings, David Buckner and Peter Prieto. Class Counsel declined to provide any discovery, thus necessitating this motion.

Counsel for the Objecting Class Members seek the following documents:

> a. All hourly time records, billings and fee statements from all participating counsel and firms that reflect the number of hours devoted to representation of the class in the Bank of America case including but not limited to each attorney/paralegal, tasks performed by each attorney/paralegal, the date of service, and the standard billing rate (or contract rate charged to Class Counsel) for each individual lawyer or paralegal.
>
> b. Emails, correspondence or other documents relating to the decision to provide up to 14% of the entire $410 settlement amount to charity under *cy pres*.[4]
>
> c. All damages analyses used by Class Counsel during the mediations and documents exchanged between Settlement Counsel prior to and/or during mediation.
>
> d. All communications between Class Counsel and class representatives regarding the litigation and settlement issues.
>
> e. All documents (*e.g.* correspondence, emails, memoranda, *etc.*) relating to the settlement including, for example, mediation statements or briefs submitted to the Mediator, whether submitted in "private" or submitted to Bank of America.
>
> f. Memoranda or other documents circulated to Class Counsel and/or the Executive Committee regarding the advisability of any settlement offers or acceptance of settlement offers made to or made by Bank of America.
>
> g. An electronic copy of the data base of discovery provided by Bank of America and any memoranda or other documents analyzing the documents produced by Bank of America.

---

[4] Counsel is informed that the actual number to be requested is 12.5%, not up to 14%.

### III. Discovery for Class Members who Have Filed Objections Should be Allowed on an Expedited Basis

Federal Rule 16 grants trial courts broad discretion to order discovery and shorten the deadlines to meet the deadlines set by the Court. *See* FED. R. CIV. P. 16. The deadlines set by the Court were proposed by Class Counsel and defendant Bank of America with little consideration to the need for discovery by potential objectors. Despite the short time frame for conducting discovery, the Objectors believe that expedited discovery can potentially be completed in a way that allows sufficient time to prepare for the Fairness Hearing on November 7, 2011. Objectors are committed to reviewing and analyzing the materials received prior to the November 7, 2011 hearing provided the documents are produced ten days in advance of the hearing date.

The threshold issue is the extent, timing and scope of discovery to be allowed by the Court. Discovery is a basic due process right afforded under the Rules of Civil Procedure. Discovery also serves the purpose of allowing counsel for the Objectors to evaluate claims that may not be viable and withdraw them prior to hearing, thus promoting judicial economy.

Class Counsel have stated that they object to and will not provide documents based on relevance and need.[5] In the instant case, the inability to reach agreement on production of documents supports expedited consideration of this motion and an order shortening the time for production. Indeed, Objectors request the Court require Class

---

[5] The scope of discovery under Rule 26(b) is broad. Parties may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1); *see also Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

Counsel to produce relevant documents within three (3) business days of an Order of the Court. Objectors have a right and need to a limited review of the files of Class Counsel. Counsel for Objectors are prepared to maintain the privilege and work closely with Class Counsel to address any issues regarding privilege to avoid any compromise of their clients' position.

### IV. Discovery on *Cy Pres* Is Appropriate

It is difficult to understand how Class Counsel could propose that a *cy pres* award be granted in an amount that may exceed $30 million of the net settlement amount. If a class member or, in this case, a large group of class members cannot quantify injury as a result of overdraft charges, the amounts devoted to this part of the class should be distributed to the class members after proving notice and opportunity to this group of class members to establish damages.

If the Court is inclined to entertain the notion of *cy pres* based on the inability of Class Counsel (through no fault of their own) to establish damages, discovery should be conducted to determine the reasons for paying damages that should have been awarded to class members to charities (non-profit groups). Distribution of settlement funds to charities based on the inability to identify overcharges for a group of class members appears unprecedented, and must be fully understood before action to approve this portion of the award.[6]

---

[6] The funds can and should be redistributed to class members injured during the time period 2004 to 2010.

## V. Time Records Must Be Disclosed to Evaluate the Reasonableness of the $123 Million in Attorneys' Fees

Objecting Class Members anticipate that Class Counsel will argue that their time records are irrelevant to a determination of a percentage fee award based on the Eleventh Circuit's decisions in *Camden I Condominium Association, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991) (hereafter "Camden I") and *Waters v Precious Metals,* 190 F.3d 1291 (11th Cir. 1999). This argument ignores the plain language of both decisions and unhinges fee awards on the time component expressed as an essential factor in both *Camden I* and *Waters*.[7]

### A. The Relevance of Time Records in the Wake of *Camden I* and *Waters*

In *Camden I*, the Court held that, in class actions, district courts should award attorneys fees based on a percentage of the overall recovery taking into account various factors such as time and labor required, novelty and difficulty of questions presented and the customary fee. However, the *Camden I* decision made it abundantly clear that the twelve so-called *Johnson* factors[8] "continue to be appropriately used in evaluating, setting and reviewing percentage fee awards in common fund cases, in addition to factors such as the time required to reach a settlement, whether there are any substantial objections by class members to the settlement terms or the fees requested by counsel, any

---

[7] The resisting party must demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See* FED. R. CIV. P. 33(b)(4); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). An objection must specifically show how the question is overbroad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Weber v. Finker*, No. 3:07-mc-27-J-32MCR, 2008 WL 1771822, at *5 (M.D. Fla. Apr. 15, 2008), aff'd, 2008 WL 2157034 (M.D. Fla. May 20, 2008).

[8] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

9

non-monetary benefits conferred upon the lass by the settlement and the economics involved in prosecuting a class action." *Camden I,* 946 F.2d at 775. In 1999, the Eleventh Circuit, in *Waters*, reaffirmed that the percentage fee award must be adjusted utilizing the *Johnson* factors. Disclosure of time records to support a finding that "the time and labor required" justifies more than a minimal percentage fee award is required *as a matter of law.*

*Camden I* requires this Court to articulate specific reasons for selecting a percentage upon which attorney fees are based, and the court's decision should identify all factors upon which it relied and explain how each factor affected its selection of the fund awarded as fees. *Camden I,* at 774-775.

B.  The Percentage Fee Awards in *Camden I , Waters, and Allapattah*

Without time records, or some objective measure to determine the time and labor spent by Class Counsel, Objecting Class Members dispute whether the appropriate percentage fee award should be 30% in a case where the litigation lasted barely two years, only five months of active discovery,[9] motions practice, three days of mediation, participation in the *Closson* appeal, and where the ultimate award to class members is reportedly nine (9) cents on the dollar.[10]

In stark contrast, *Camden I* was a case tried on the merits followed by an appeal. Similarly, *Waters* settled "after seven years of contentious litigation," five months of jury

---

[9] Class Counsel note that one million pages of documents were disclosed and reviewed. However, this number of documents in a class action involving thirteen million class members does not appear excessive. In an age of electronic "mining" of documents, the number of pages (without regard to content) is relatively small for a case of this magnitude.

[10] Counsel recognizes that Class Counsel reportedly participated in an appeal in the *Closson* case, but without time records, it is impossible to determine the full benefit of their participation in this case.

trial but prior to closing argument. The percentage and amount was well earned in *Waters.*

In *Allapattah*, Judge Gold decided a case against Exxon that lasted fifteen years, resulted in two trials, extensive appeals including before the United States Supreme Court, a hotly contested Claims Administration Process, and a settlement whereby Class Members will receive their full compensatory damages and nearly all of their prejudgment interest. The percentage and amount in Allapattah was appropriately awarded.

The courts in *Camden I, Waters,* and *Allapattah* all considered the *Johnson* factors, including "the time and labor required" to prosecute the case. There are numerous subjective factors which the Court can and should evaluate in determining the percentage of the fee. However, time records are the best, most objective indicator of the time and labor required. Otherwise, the Court is left without objective measures to consider the time and labor required. In *Alapattah,* Judge Gold had the benefit of time records, which objectively showed that thousands of hours were spent in litigation of *Allapattah. Camden I, Waters* and *Allapattah* all stand for the proposition that this Court cannot, as a matter of law, approve a fee award without full consideration of the *Johnson* factors. Time records must be produced to support any factual findings on "time and labor required."

VI.     **Discovery is Necessary on the Reasonableness of the Settlement as a Whole**

The remaining requests for damages analyses, mediation briefs, communications regarding settlement with class representatives is to allow the Objectors insight into the throught process and positions taken by Class Counsel during settlement discussions. The

11

size of the attorney fee request, in light of the length of the litigation, as well as the *cy pres* award, need to be viewed in light of the totality of circumstances leading up to the settlement.

## VII.   Confidentiality and Privilege

Objectors recognize that the discovery requested may be privileged. However, Objectors are Class Counsel's clients. Counsel for Objectors seek information that may assist both Class Counsel and the Court in making judgments about the size of the attorneys' fees to be awarded in this particular case. Further steps can be taken to ensure that use of the materials is appropriately limited to issues squarely before the Court, and which do not compromise privileged or confidential communications.

## VIII.   Conclusion

Counsel for Objecting Class Members recognize that class action settlements should not be attacked or set aside without evidentiary support. Class Counsel are in the unusual position of having to publicly account for their work effort and defending their request for fees from attorneys representing their own clients. As a matter of preserving the integrity of the class action process, however, Objecting Class Members cannot make informed, effective arguments at the Fairness Hearing without the benefit of discovery.

WHEREFORE, Objecting Class Members request that this Court enter an Order Granting Shortened and Expedited Discovery and order that the requested documents be produced to Counsel for Objecting Class Members within three days of the date of an Order.

**Certificate of Good Faith Conference**

Pursuant to S.D. Fla. L.R. 7.1.A. 3., undersigned counsel for the movant certifies that they conferred with the Plaintiffs' Class counsel in a good faith effort to resolve the issue raised in this motion, but the parties have been unable to resolve the issue.

Dated:  October 14, 2011

Respectfully submitted,

**ALDERMAN & KODSI**

By: /S  *Neil D. Kodsi*
   Neil D. Kodsi
   Florida Bar No. 0011255
   Shoreview Center
   9999 N.E. 2nd Ave.
   Suite 211
   Miami Shores, Florida 33138
   Tel: (305) 200-5473
   Fax: (305) 200-5474


**AND**

**THE COCHELL LAW FIRM**

By: /S  *Stephen R. Cochell*
   Stephen R. Cochell
   Texas Bar No. 24044255
   Fed. Bar No. 0032453
   7026 Katy Road, Suite 259
   Houston, Texas 77024
   Tel: (713) 980.8796
   Fax: (713) 980.1179
   srcochell@cochellfirm.com

*Attorneys for Class Members and Objecting Parties Prentiss Jenkins, Kirk A. Kennedy, Marvelus Sattiewhite III, Johnson W. Sattiewhite, Fay Robinson, and Anthony McMahon*

## **CERTIFICATE OF SERVICE**

      I certify that on October 14, 2011 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of filing to all parties in this adversary proceeding.

                                                    /S/ *Neil Kodsi*
                                                       Neil Kodsi