UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

PLAINTIFFS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO
SHORTEN AND EXPEDITE DISCOVERY DEADLINES IN CONNECTION
WITH MOTION FOR FINAL APPROVAL OF SETTLEMENT

Objectors Marvelus Sattiewhite III, Johnson W. Sattiewhite, Kirk A. Kennedy, Fay Robinson, and Anthony McMahan ("Objectors") after the close of business on Friday, October 14, 2011, filed their Emergency Motion to Shorten and Expedite Discovery Deadlines in Connection with Motion to Approve Final Settlement ("Emergency Motion") [**DE # 1993**]. Any "emergency" here is entirely of Objectors' creation. Plaintiffs' Motion for Preliminary Approval [**DE # 1471**] was filed on May 13, 2011, and was granted on May 24, 2011 [**DE # 1520**]. The Settlement Agreement with Bank of America and this Court's Preliminary Approval Order were posted on the settlement administrator's website on July 1, 2011, and mailed to all Class members on

936283.1

July 8, 2011.  *See* Decl. of Joel Botzet [DE # 1185-4] ¶ 8.  Plaintiffs' Motion for Final Approval of Settlement was filed on September 16, 2011 [**DE # 1885**], and posted on the settlement administrator's website on September 20, 2011.  The deadline for filing objections to the Settlement was October 3, 2011.  Objectors waited until that very day to file theirs.  *See* Objection to Motion for Final Approval of Settlement [**DE # 1920**] ("Objection").  Objectors have been on notice regarding all of the details of the Settlement, the proposed *cy pres*, and the requested attorneys' fees, for over three months, and they waited until now to file the Emergency Motion.  The Emergency Motion should be denied on this basis alone.

Moreover, Objectors should not be permitted to reduce Plaintiffs' time to respond to the Emergency Motion by gamesmanship, and the ordinary response times should adhere.  In direct contravention of the Local Rules, Objectors failed to provide any basis, much less "good cause," for the allegedly "emergency" nature of their Emergency Motion.  L.R. 7.1(e) ("The motion *shall* set forth in detail the necessity for such expedited procedure.") (emphasis supplied).  If the Court is inclined to consider granting the Emergency Motion, Plaintiffs respectfully request a brief time to respond more fully, including to the specific requests lodged by Objectors.  Moreover, we expect that Bank of America's counsel will wish to be heard on this issue as well, given that some of the information sought by Objectors could be subject to the protective order governing this case.  In addition, there is no practical way to provide the information sought by Objectors in the time that they have demanded.  Instead, compliance with Objectors' requests will necessitate a postponement of the November 7 hearing on final approval set

by this Court many months ago. Such a postponement is completely unwarranted given the Objectors' dilatory approach to these issues.

In addition, counsel for Objectors did not comply with this Court's Order approving the notice sent to Class members. That notice required that Objectors include in their objection "[i]nformation about other objections you *or your lawyer* have made in other class action cases." Notice [Ex. A] at 5 (emphasis supplied). Counsel for Objectors did not supply this information with respect to their lawyers, despite this Court's clear direction that they do so. *See* Objection [**DE # 1920**]. Their Objection is therefore facially deficient.

### A. The Request for Discovery Regarding the Settlement Terms and Settlement Negotiations is Burdensome, Unnecessary and Unwarranted.

Nor does the Emergency Motion have merit. Class members who object to a class action settlement do not have an absolute right to discovery. Instead, the Court may, in its discretion, allow limited discovery or presentation of evidence which may assist it in determining the fairness and adequacy of the settlement. *See, e.g.*, *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D.Ga.1992); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 26 (D.D.C.2001); *In re Ford Motor Co. Bronco II Prods. Liability Litig.*, Civ. A. No. MDL-991, 1994 WL 593998, 1994 U.S. Dist. LEXIS 15867 (E.D.La. Oct. 28, 1994); *Glicken v. Bradford*, 35 F.R.D. 144, 148 (S.D.N.Y.1964); *see generally* A. Conte and H. Newberg, Newberg on Class Actions § 11:57 at 184 (4th ed.2002). "While objectors are entitled to 'meaningful participation' in the settlement proceedings, *Girsh v. Jepson*, 521 F.2d 153, 158 (3rd Cir. 1975) and 'leave to be heard,' *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977),

they are not automatically entitled to discovery or 'to question and debate every provision of the proposed compromise.'" *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n. 6 (6th Cir.1984).

Objectors should be allowed "meaningful participation in the fairness hearing without unduly burdening the parties or causing an unnecessary delay." *Domestic Air*, 144 F.R.D. at 424. The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement. *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d at 1084 n. 6 (citing *Detroit v. Grinnell*, 495 F.2d 448, 463-68 (2d Cir.1974)). However, "[t]he temptation to convert a settlement hearing into a full trial on the merits must be resisted." *Mars Steel Corp. v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987); *see also In re Lupron Marketing and Sales Practices Litig.*, MDL No. 1430, 2005 WL 613492, at *4 (D. Mass. Mar. 16, 2005) (quashing subpoenas by intervenors). In this case, the record is both complete and more than adequate to inform the Court and Objectors with regard to the issues raised by the latter.

The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are "the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Domestic Air*, 144 F.R.D. at 424 (quoting Newberg § 11.56 at 476 (2d ed.1985)). Where the evidence submitted in support of the settlement is the result of truly adversarial proceedings and where the "comprehensiveness" of the records developed by the proponents of the settlement increases, the objector has a greater burden to show the necessity of additional evidence. *Id.* § 11:57 at 185; *see also Lorazepam*, 205 F.R.D. at 27 n. 5; *City of Detroit*

*v. Grinnell Corp.*, 356 F. Supp. 1380 (S.D.N.Y.1972), *judgment aff'd in part, rev'd in part on other grounds*, 495 F.2d 448 (2d Cir.1974) (objector's request for discovery denied where answers could be found in record of proceedings).  In addition, where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members.  Newberg § 11:57 at 186; *see also Lorazepam*, 205 F.R.D. at 27 n. 5 (fact that objectors represented only a small number of thousands of class members "does not aid the movants' request").

In this case, the evidence is incontrovertible that the Settlement was reached after extensive litigation, that there is no collusion, and that it is the result of arms-length negotiation.  *See* Order on Preliminary Approval [**DE # 1520**].  Moreover, there are only 52 objectors out of approximately 13,280,225 Settlement Class members, representing only .0003% of the Class.  The near "unanimous approval of the proposed settlements by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlements."  *In re Art Materials Antitrust Litig.*, MDL No. 436, 100 F.R.D. 367, 372 (N.D. Ohio 1983).  Objectors' request for discovery fails this test.

Finally, discovery of evidence pertaining to settlement negotiations is rarely appropriate. Because "settlement negotiations involve sensitive matters," the courts have consistently applied the principle that "'discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.'" *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir.2000), quoting *Mars Steel Corp. v. Continental Illinois Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir.1987); *accord*

*Domestic Air*, 144 F.R.D. at 424; *Thornton v. Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2d Cir.1992);*Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 146 (S.D.Ohio 1992).

### B. The Request for Discovery Regarding Class Counsel's Requested Fees Seeks Information Irrelevant as a Matter of Law.

The law in the Eleventh Circuit is clear that the percentage of the fund approach to awarding class counsels' fees is the exclusive standard in this Circuit for common fund cases.

> [T]he percentage of the fund approach [as compared with the lodestar approach] is the *better reasoned* in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund *shall be* based upon a reasonable percentage of the fund established for the benefit of the class.

*Camden*, 946 F.2d at 774 (emphasis added). The lodestar approach should *not* be imposed through the back door via a "cross-check." The Eleventh Circuit "mandate[s] the *exclusive* use of the percentage approach in common fund cases, reasoning that it more closely aligns the interests of client and attorney, and more faithfully adheres to market practice." *Goldberger v. Integrated Resources, Inc*., 209 F.3d 43, 50 (2d Cir. 2000) (emphasis added); *see also* Alba Conte, *Attorney Fee Awards* § 2.7, at 91 fn. 41 ("The Eleventh . . . Circuit[] repudiated the use of the lodestar method in common-fund cases"). Consequently, courts in this District regularly award fees to class counsel based on a percentage of the recovery, without discussing lodestar at all. *See, e.g*., *Sands Point Partners, L.P. v. Pediatrix Med. Group, Inc*., 2002 WL 34343944 (S.D. Fla. May 3, 2002); *In re Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003); *Fabricant v. Sears Roebuck & Co*., 2002 WL 34477904 (S.D. Fla. Sept. 18, 2002). Thus, Objectors' requests for Class Counsel's time and task records seeks information that is completely irrelevant to the issues before the Court.

Moreover, Class Counsel's fee request is supported by several national experts on class action law, including experts cited by Objectors in their pleadings. *See* Objection [DE # 1920] at 11-12 (citing Prof. Jeffrey Miller). Objectors, on the other hand, submitted *no* expert affidavit, nor did they provide any evidence that undermines the conclusion reached by all of Plaintiffs' experts that the Settlement achieves an exceptional result for the Settlement Class or that the fees requested by Class Counsel are appropriate. Indeed, the evidence Plaintiffs have presented in support of the fairness of the Settlement and the reasonableness of the attorneys' fee request is *unrebutted*. As one of the country's leading experts on class action settlements has opined: "Class Counsel over-achieved. They took a novel case with difficult legal merits of a type that other lawyers had previously settled for moderate amounts and turned it into a landmark recovery. In my opinion, that is precisely when lawyers deserve to be well compensated." Expert Report of Professor Charles Silver [**DE # 1885-12**], at 3. *See also* **DE # 1885-9, DE # 1885-10, DE # 1885-11**. Objectors are clearly on a fishing expedition which threatens to up-end this Court's carefully planned schedule.

## CONCLUSION

For the reasons set forth above, the Emergency Motion should be denied. If the Court is inclined to grant the motion, Plaintiffs respectfully request that they, and counsel for Bank of America, be given a brief time to respond more fully to the Emergency Motion and to the specific request for discovery lodged by Objectors.

Dated: October 17, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

- 10 -

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New  York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Blvd.
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596