IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

| | |
|---|---|
| IN RE : § § | |
| CHECKING ACCOUNT § OVERDRAFT LITIGATION. § § | CASE NO. 09-MD-02036-JLK |
| MDL No. 2036 § | |
| § THIS DOCUMENT RELATES § TO FIRST TRANCHE TRANSACTIONS § § *Tornes, et al. v. Bank of America N.A.* § S.D. Fla. Case No. 1:08-cv-23323-JLK § § *Yourke, et al. v. Bank of America, N.A.* § S.D. Fla. Case No. 1:09-cv21963-JLK § N.D. Cal. Case No. 3:09-2186 § | |

**OBJECTORS REPLY IN SUPPORT OF EMERGENCY MOTION FOR
SHORTENED AND EXPEDITED DISCOVERY**

Marvelus Sattiewhite III, Johnson W. Sattiewhite, Kirk A. Kennedy, Fay Robinson, and Anthony McMahan, class members of the above referenced Plaintiffs' class (the "Objectors" or "Objecting Class Members"), by and through counsel hereby submit the following points for the Court's consideration:

Objectors, who had limited time to retain counsel after notice of the hearing was received and to file objections, timely served and filed their objections, and made informal discovery requests to class counsel. Class Counsel rejected the informal requests, and the fast approaching November 7, 2011 hearing on the settlement agreement necessitated more formal requests coupled with the present motion to expedite responses to those requests. Class Counsel have suggested that allowing for this discovery would inevitably result in a continuance of the November 7th hearing. Without

1

knowing the volume of documents, it is difficult to determine if a continuance would be necessary. To avoid that, however, Objectors Counsel are prepared to devote the necessary resources for document review ahead of the November 7th hearing.

Class Counsel have alleged without articulation that disclosure of time records is burdensome. Yet, Class Counsel's time records may well support their request for fees and help this Court fully evaluate and assess the time and labor devoted to this case.[1]

Class Counsel have asserted that Objectors have not set out grounds for an emergency under Local Rule 7.1. While Rule 7.1 was not specifically cited, Objectors' motion clearly sets out the fact that key documents have not been disclosed and that the hearing is set for November 7, 2011 – barely three weeks from the date of this submission. These facts establish good cause for an order requiring expedited discovery of the requested documents.

Objectors, seeking to avoid disrupting the November 7th hearing have requested limited discovery of documents that can be easily produced with little effort. Indeed, Class Counsel have had *months* to prepare their fee request to the Court, which certainly would have included a consideration of their contemporaneously prepared time records. And it appears from a review of the controlling case law that no court within the Eleventh Circuit has awarded fees above 25% without some *consideration* of actual time records. To the contrary, courts have not hesitated to reduce fees where, as here, fee records are not available. *See Brown v. Phillips Petroleum Company*, 838 F.3d 451 (10th Cir. 1988)

---

[1] Class counsel's claim that their requested fees are "reasonable" ignores the fact that no time records were disclosed. The declarations do not reveal the number of lawyers, time expended, or tasks pursued by the attorneys. A review of pleadings, while some evidence of time and labor, requires the Court and the Objectors to speculate as to the amount of time and labor required.

(reducing 26% fee request to 21% in case spanning 25 years where fees not consistently maintained). Additionally, in contrast to the cries by Class Counsel that production will be burdensome, if produced, Objectors are prepared to do whatever is necessary to review the records in preparation for the hearing.

Contrary to Class Counsel's view, Objectors do not suggest or advocate that the Court evaluate or set the percentage fee based on a lodestar method. However, time and labor required is a factor under *Johnson;* therefore, time records are relevant to awarding percentage fees, particularly where, as here, Plaintiffs seek 30% percentage of a settlement achieved within a *relatively* short time period. Broad generalizations of time spent on issues in this case may well be valid, but objective evidence dramatically affects this Court's ability to weigh the evidence under the *Johnson* factors.

Class Counsel have overlooked this Court's decision in *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988) (J. King). In *Behrens*, this Court held that 17%, instead of 19% of a total settlement constituted an appropriate attorneys fee, recognizing that courts should focus on the total percentage of total class recovery in calculating a lodestar amount. 118 F.R.D at 548. Although *Behrens* was decided prior to *Camden I,* this Court recognized that percentage fees were awarded in class action cases, holding that "the award of attorneys fees amounting to 17% of the settlement compares favorably to the percentages awarded in similar cases." *Id.* at 549 (*citing In re Warner,* 618 F.Supp. 735, 749 (S.D.N.Y. 1985) (recognizing that "[t]raditionally, courts… have awarded fees in the 20% to 50% in class actions"), *aff'd,* 798 F.2d 35 (1986).

This Court in *Behrens* further held that *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), placed the mechanics of applying the twelve

factors in perspective.  "The district court was not to make the prevailing counsel 'rich.' The award of fees should only 'enable an attorney to serve his client effectively and to preserve the integrity and independence of the profession." *Behrens,* 118 F.R.D. at 547 (*citing Johnson*, 448 F.2d at 719-20).  The Court's holding in *Behrens* is as valid today as it was then.  The purpose of awarding fees in class actions is not to make the attorneys rich – it is to maximize the recovery available for class members.  Time records are an indispensable part of evaluating the proportionality of the percentage fee being requested in relationship to the time and labor expended.  This discovery will assist the Court in weighing the evidence relating under *Johnson*.[2]

Accordingly, Objectors request the Court order the requested documents be produced within three days of the date of an Order issued by the Court.

Dated:  October 17, 2011

>Respectfully submitted,
>
>**ALDERMAN & KODSI**
>
>By: /S *Neil Kodsi*
>Neil Kodsi
>Florida Bar No. 0011255
>Shoreview Center
>9999 N.E. 2nd Ave.
>Suite 211
>Miami Shores, Florida 33138
>Tel: (305) 200-5473
>Fax: (305) 200-5474
>nkodsi@aldermankodsi.com

---

[2] Class Counsel have cited to the Declaration of Professor Silver, who concluded that fees are reasonable due to the novelty of the case.  Although Professor Silver observed that the Eleventh Circuit required trial judges to analyze the *Johnson* factors, he did not analyze the "time and labor required" factor in *Johnson*, nor did he indicate that he had any knowledge of Class Counsel's time and labor.  Doc. 1885-12 at 8.  Accordingly, Professor Silver's opinion should be accorded little, if any weight.

AND

**THE COCHELL LAW FIRM**

By: /S *Stephen R. Cochell*
      Stephen R. Cochell
      Texas Bar No. 24044255
      Fed. Bar No. 0032453
      7026 Katy Road, Suite 259
      Houston, Texas 77024
      Tel: (713) 980.8796
      Fax: (713) 980.1179
      srcochell@cochellfirm.com

AND

**KULA & SAMSON, LLP**

By: /S *Elliot B. Kula*
      Elliot B. Kula
      Florida Bar No. 003794
      Daniel M. Samson
      Florida Bar No. 866911
      17501 Biscayne Blvd., Suite 430
      Aventura, Florida 33160
      Tel:  (305) 354-3858
      Fax:  (305) 354-3822
      elliot@kulaandsamson.com
      dan@kulaandsamson.com

*Attorneys for Class Members and Objecting Parties Prentiss Jenkins, Kirk A. Kennedy, Marvelus Sattiewhite III, Johnson W. Sattiewhite, Fay Robinson, and Anthony McMahon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2011, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system. I also hereby certify that the foregoing document is being served this day on all counselor record identified on the Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____/S/ *Elliot B. Kula*_____
Elliot B. Kula