UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036<br><br>THIS DOCUMENT RELATES TO:<br>FIRST TRANCHE ACTIONS<br><br>*Tornes, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK<br><br>*Yourke, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-2186 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EMERGENCY MOTION TO COMPEL ATTENDANCE OF
ARTHUR OLSEN AT NOVEMBER 7, 2011 FAIRNESS HEARING**

I.  **INTRODUCTION AND SUMMARY OF ARGUMENT**

With barely more than a week remaining before the November 7, 2011 fairness hearing on the proposed $410 million settlement with Bank of America, the record remains devoid of any evidence concerning the total damages sustained by the Settlement Class. Without this evidence, the Court cannot make a finding of fairness, regardless of the merit of pending objections.

Plaintiffs' damages expert, Arthur Olsen, is the only person who has had access to the account data necessary to calculate the damages sustained by the Settlement Class. Although Mr. Olsen has calculated those damages, the resulting figure(s) have been withheld from the Court, Objectors, and the Settlement Class. Indeed, the only damages estimate in the record is *Objectors'*, cobbled together from unsupported statements in Class Counsel's declaration.

Without Mr. Olsen's testimony at the fairness hearing, the record will remain insufficient. In conformity with the Class Notice, Objectors duly noticed their intention to call Mr. Olsen to testify at the fairness hearing. Yet Class Counsel refuse to make Mr. Olsen, a California resident, available to testify. Mr. Olsen should be made available to testify the fairness hearing, so that a sufficient record can be made as to the amount of damages sustained by the Settlement Class.

II.  **THE RECORD IS INSUFFICIENT TO SUPPORT A FINDING OF FAIRNESS, EVEN IN THE ABSENCE OF OBJECTIONS**

    A.  **The Court Should Ensure That There Is An Adequate Record As to the Potential Class Recovery**

The "official guide" for federal judges conducting fairness hearings on class action settlements is the Federal Judicial Center's *Manual For Complex Litigation, Fourth* (2004). The Manual cautions that:

> At the fairness hearing, the proponents of the settlement must show that the proposed settlement is "'fair, reasonable, and

1

> adequate.'" The parties may present witnesses, experts, and affidavits or declarations. . . .
>
> Even if there are no or few objections or adverse appearances before or at the fairness hearing, *the judge must ensure that there is a sufficient record as to the basis and justification for the settlement*. Rule 23 and good practice both require *specific findings as to how the settlement meets or fails to meet the statutory requirements*. The record and findings must demonstrate to a reviewing court that the judge has made the requisite inquiry and has considered the diverse interests and the requisite factors in determining the settlement's fairness, reasonableness, and adequacy.

*Id.,* §§ 21.634-35 (emphasis added).

Invoking this principle, the Plaintiffs' Executive Committee has objected to two settlements of overlapping claims on the ground that class counsel had not presented sufficient evidence of the total damages sustained by the class. (*See* Objections of Richard Hastings and Janel Buycks to Final Approval of Proposed Class Action Settlement (Dkt. No. 1916, "Hastings Objections") at 3-6, 12-13.) Accepting these criticisms, the *Fifth Third* Court explained that "the district court should begin by 'quantify[ing] the net expected value of continued litigation to the class,'" and "caution[ed] the parties that it cannot grant final approval unless the parties present evidence that would enable the Court to determine the potential value of Class Members' claims." Opinion and Order (Exh. E to Hastings Objections), at 4-5 (citations omitted).

In compliance with the Court's directive, *Fifth Third* class counsel submitted the report of their damages expert, who "estimate[d] $97.7 million in Excess OD [Overdraft] Fees over the Class Period." (Expert Report of Thomas Tarter (Exh. 1 hereto), at 15.) Defendant Fifth Third submitted "its own damage calculation that estimates that 'the impact of high-to-low posting on debit and ATM transactions during the Class Period was $16,752,210 annually.' Extrapolated out over the entire class period, that figure amounts to approximately $95,281,038."

2

Memorandum Opinion and Order (Exh. K to Hastings Objections), at 12-13 (quoting Affidavit of Senior Vice President). Based on this *evidence*, the Court found "that around $96.5 million (the average of parties' top-end damage calculations) is the most that the class could hope to recover," and approved the settlement. *Id*. at 26.

> In *National City Bank*, the Court likewise
>
> caution[ed] the parties that they must offer evidence that enables the Court to calculate the potential trial recovery in this case in order to obtain final approval of the settlement. . . . At the Final Fairness Hearing, the parties should provide the Court with an independent analysis for reaching the agreed settlement amount and explain and defend their methodology to demonstrate that it is a fair, adequate, and reasonable settlement.

*Trombley v. National City Bank*, 759 F. Supp. 2d 20, *25 (D.D.C. 2011).

Complying with the Court's directive, class counsel submitted the report of their expert, who "estimate[d] the total excess overdraft fees during the Class Period" at $116.5 million using a "[l]ow-to-high re-ordering scenario," and $46.0 million using a "[s]imulated chronological re-ordering scenario." (Expert Report of Edgeworth Economics (Exh. 2 hereto), at 12.) Relying on this *evidence*, class counsel argued that "[t]he $12 million settlement represents a recovery of between 10% and 26% of these two damage calculations." (Motion for Final Approval (Exh. 3 hereto), at 20.) The *National City Bank* Court has yet to rule on the Executive Committee's objections to the sufficiency of the proposed settlement (Exh. O to Hastings Objections), which remain pending.[1]

   **B.**  **There Is No Evidence of Class Damages Before the Court**

The leading authorities, Class Counsel, and the two other courts to consider class action settlements of "overdraft" claims are all in accord that final approval may not be granted without sufficient evidence in the record of the damages sustained by the Settlement Class. *There is no such evidence in the record in this case.*

---

[1] On September 28, 2011, the Executive Committee voluntarily dismissed the MDL objectors' appeal from the judgment approving the *Fifth Third* settlement, without explanation. (*See* Exhs. 4, 5 hereto.)

3

As previously pointed out by Objectors, Mr. Olsen's declaration establishes that he carried out his assigned task of "identify[ing] the accounts that were harmed, as well as the corresponding amount of that harm," and that he "identified 13.8 million accounts demonstrating the 'harm' resulting from BOA's debit card re-sequencing." (Declaration of Arthur Olsen (Dkt. No. 1885-6), ¶¶ 3, 35.) Although Mr. Olsen calculated the total damages sustained by the Settlement Class, *that critical information is not contained anywhere in his declaration.* (*See id.*, ¶ 29 ("I was able to identify the customers who were 'harmed' (*i.e.*, would have had fewer overdrafts under the alternative posting order) and the amount they were harmed during the class period.").) Nor is a damages estimate contained anywhere else in the pending motion for final approval, or in any supporting declaration.

As previously pointed out by Objectors, the only "evidence" of the damages sustained by the Settlement Class is a statement in the declaration of Class Counsel that the settlement amount of $410 million "represents between 45% and 9% of their anticipated total recovery, depending on how the *Closson* appeal was resolved (and presuming it would affect 80% of the aggregate value of the litigation)." (Joint Declaration (Dkt. No. 1885-3), ¶ 68.) (*See* Hastings Objections, at 7-8, 13.) Class counsel cite nothing in support of any of these figures. This is not "evidence" at all—and certainly not a "damages analysis" worthy of a $410 million settlement. Indeed, the *only* damages estimate before the Court is *Objectors'* attempt to "reverse engineer" a damages figure from the foregoing, insufficient information. (*See* Hastings Objections, at 8.)

Plaintiffs' responses to objections (Dkt. No. 2030) confirm that "Plaintiffs' expert Art Olsen performed the detailed work necessary to determine the exact amount of each Settlement Class Member's damages based on high to low Debit Re-sequencing," but continues to withhold this vital information from the Settlement Class, Objectors, and the Court. (*Id.* at 11.) Bank of

4

America's responses to objections (Dkt. No. 2029) contains no information on class damages, but contends that the Settlement Class has 13.2 million members, instead of the 13.8 million figure contained in Mr. Olsen's declaration, without offering any explanation for the discrepancy.  (*Id*. at 3, 6, 7.)

In sum, with the filings in support of the settlement complete, and with barely more than a week left before the final fairness hearing, the record contains no evidence of class members' damages from which the Court may fashion a finding of fairness.

### III.     MR. OLSEN SHOULD BE MADE AVAILABLE TO TESTIFY AT THE FAIRNESS HEARING

Plaintiffs argue that "[n]ot a single Objector submitted an expert affidavit or provided any evidence that undermines the conclusion . . . that the Settlement achieves an exceptional result for the Settlement Class."  (Dkt. No. 2030, at 3.)  The only person with access to the account data necessary to make a reliable damages calculation is Mr. Olsen, who has already done so.  (*See* Olsen Declaration (Dkt. No. 1885-6), ¶¶ 20-35.)  The Settlement Class, Objectors, and the Court are entitled to this information.

The Class Notice (Dkt. No. 1885-4, Exh. B) directs class members to paragraph 62 of the Settlement Agreement for "[a] complete list of the requirements to object to the Settlement . . . ."  (*Id*. at 5.)  That paragraph requires that all objections set forth "a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection."  (Settlement Agreement, ¶ 62(j).)

In conformity with this requirement, Objectors stated that they "intend to call Plaintiffs' damages expert, Arthur Olsen, to testify at the fairness hearing in support of their objections."  (Hastings Objections, at 20.)  After receiving Plaintiffs' responses to objections, which contained no additional information on the damages sustained by the Settlement Class, Objectors asked

5

Class Counsel to confirm that Mr. Olsen would be made available to testify at the November 7-8 fairness hearing.  (*See* Exh. 6 hereto.)  Yesterday, Class Counsel responded that "Mr. Olsen will not be at the November 7 hearing." (*Id*.)

Absent Mr. Olsen's testimony at the fairness hearing, the record will remain devoid of sufficient evidence to support a finding of fairness, *regardless* of the merit of the objections. Accordingly, Mr. Olsen should be made available to testify at the fairness hearing.

### CERTIFICATION OF PRE-FILING CONFERENCE

Counsel for the movant has conferred with Settlement Class Counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.  Class Counsel refuse to make Mr. Olsen available to testify at the fairness hearing.

Dated:  October 28, 2011                                  Respectfully submitted,


s/Barry Himmelstein
Barry Himmelstein (Cal. Bar No. 157736)
(*pro hac vice*)
barry@himmellaw.com
HIMMELSTEIN LAW NETWORK
2000 Powell St., Suite 1605
Emeryville, CA 94608-1861
Telephone:  (510) 450-0782
Facsimile:  (510) 380-6147


s/Philip Freidin
Philip Freidin (Florida Bar Number 118519)
pfreidin@fdlaw.net
FREIDIN DOBRINSKY
One Biscayne Tower
2 South Biscayne Blvd., Suite 3100
Miami, FL 33131
Telephone:  (305) 371-3666
Facsimile:  (305) 371-6725

*Attorneys for Class Members and Objectors*
*Richard Hastings and Janel Buycks*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 28, 2011 on all counsel or parties of record in this proceeding.

**s/Philip Freidin**
Philip Freidin (Florida Bar No. 118519)
pfreidin@fdlaw.net
FREIDIN DOBRINSKY
One Biscayne Tower
2 South Biscayne Blvd., Suite 3100
Miami, FL 33131
Telephone:  (305) 371-3666
Facsimile:  (305) 371-6725