UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTION

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

### PLAINTIFFS' OPPOSITION TO MOTION TO MODIFY REVISED SCHEDULING ORDER

Plaintiffs oppose Union Bank's motion to modify the Court's revised scheduling order [**DE # 2039, 878**]. Union's motion would multiply the proceedings unnecessarily and result in an unwarranted delay. The existing schedule is both adequate and doable. It allows for experts to be deposed any time before December 2, 2011 – the deadline for objecting to expert reports and filing any *Daubert* motions – which is a full 30 days after service of expert reports on November 2, 2011. Rebuttal expert reports are not provided for by the Court's scheduling Order and should not be allowed at this late juncture, despite Union's plea. Nothing in the rules requires such rebuttal reports, and they would serve no purpose here. Finally, the Court should ignore Union's premature argument for remand to California.

**I.     PROCEDURAL BACKGROUND**

On November 4, 2010, this Court entered a Revised Scheduling Order governing the First Tranche actions. [**DE # 878**]. Union Bank stipulated to the revised schedule, which established a deadline of November 10, 2011 to complete all fact discovery, and a deadline of 130 days after the Court's entry of a Class Certification Order for filing any motion to exclude expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). [**DE # 878** at 3].

On November 10, 2010, the Court entered an Order approving the parties' stipulated expert discovery protocol governing the First Tranche actions, including this action. [**DE # 890**]. The expert discovery protocol makes no mention of rebuttal reports. Instead, the protocol contemplates a single final report from each expert, referring to "the Testifying Expert's final opinion . . ." [**DE # 890** at 4].

The Court's original Scheduling Order, entered on May 13, 2010, similarly said nothing about rebuttal expert reports but, rather, contemplated a single "final report" from each expert. [**DE # 463** at 9 ("If a designated expert has not complete[d] his or her research and *report*, a tentative report shall be forthcoming with an indication of the estimated date the final *report* will be completed") (emphasis added)].

**II.    ARGUMENT**

Union Bank waited until two weeks before the fact discovery cut-off to ask the Court to extend the discovery schedule. The Court should not countenance Union's tardy request. Other than a vague reference to arbitration at the beginning of its motion, Union Bank provides no basis for this Court to alter or amend the schedule it established long ago. The fact that Union Bank is the only First Tranche defendant not to have sought a stay hardly justifies a delay. Likewise, neither Thanksgiving nor Christmas will prevent the parties from filing any *Daubert* motions on December 2, 2011, pursuant to the Court's schedule, as opposed to Union's proposed

date of January 16, 2012. The Court should not permit these delay tactics, but should require the parties to complete all discovery in accordance with the stipulated schedule.

### A. Rather Than Change the Pretrial Schedule, the Court Should Clarify That Expert Depositions May Proceed in November or Thereafter.

Union's argument is premised on a misunderstanding of the Court's prior scheduling Orders. The Revised Scheduling Order [**DE # 878**] does not prevent expert depositions from being taken after November 10, 2011. While that deadline applies to fact discovery, it does not prohibit any subsequent expert discovery the parties deem necessary and appropriate. This is the only reasonable interpretation of the Revised Scheduling Order, because otherwise, given the timing of the Court's Class Certification Order [**DE # 1763**], the Revised Scheduling Order would require the parties to complete any expert depositions within eight days after service of expert reports. Therefore, the Court should absolve Union Bank of its misunderstanding by clarifying that the parties may depose experts at any time prior to the filing of any *Daubert* motions on December 2, 2011, or, at the parties' election, at any time thereafter prior to trial.

### B. Rebuttal Expert Reports Are Not Needed.

Union's argument assumes that the Court would benefit from rebuttal expert reports. Union does not explain the basis for this assumption. In fact, rebuttal reports would be gratuitous and unnecessary. This Court has already expressed its doubts as to whether certain expert testimony would reasonably assist the fact-finder: "For example, it is reasonable to expect testimony from a damage expert, whereas the necessity for having someone come in to testify with opinion regarding the 'high to low' procedure Plaintiffs complain violates the law, is more speculative and ma[y] not be needed." [**DE # 463** at 9].

Indeed, given that the questions in this action train on the bank's own conduct and account agreement, it is difficult to understand how any liability expert could add anything to the

3

fact-finder's analysis. Yet, not only does Union Bank apparently plan to use one or more liability experts, it also wants to produce multiple reports from each of those experts. That would be wasteful, and pointless.

The rules that Union cites do not stand for the proposition for which they are cited, that rebuttal expert reports are mandated. To the contrary, the language in both the Federal Rules and the Local Rules is permissive. It clearly contemplates the *possibility*, not the requirement, of rebuttal reports. Federal Rule of Civil Procedure 26(a)(2) provides:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by *a written report* – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. ***The report*** must contain . . .
>
> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) *if* the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(B), (D) (emphasis added). The Local Rules in this area track the Federal Rules, providing that:

> *if* the expert opinion evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party's expert, then the expert summary or report for such evidence shall be served no later than thirty (30) days after the expert summary or report is served by the other party.

Southern District of Florida Local Rule 16.1(k) (emphasis added).

4

Union itself tacitly acknowledges the permissive nature of these Rules, stating that they "allow[] for" (but do *not* require) expert rebuttal reports. [**DE # 2039** at 3]. And Union also must concede that the Court's own Revised Scheduling Order, like the original Scheduling Order [**DE # 463**], "is silent" regarding the possibility of rebuttal reports. *Id*. at 4. Since the Court has not previously contemplated such rebuttal reports, and there is no reason to invite such reports, the Court should not allow them now.

Although Union suggests it may need an expert opinion to support the *Daubert* motion it is already (prematurely) contemplating, such a "battle of the experts" is properly resolved by the fact-finder, not by the Court prior to trial. *See, e.g.*, *Isola Condo. Ass'n v. QBE Ins. Corp.*, 2009 U.S. Dist. LEXIS 130752, at *11 (S.D. Fla. June 19, 2009) ("This may be best described as a battle of the experts whose opinion should be considered by a trier of fact.").

    **C.**    **Union Bank's Remand Argument Is Premature.**

Union Bank also tries to convince the Court that it should send this case back to California for trial. [**DE # 2039** at 6–7]. But in its eagerness to wrest this case away from the Court's control, Union jumps the gun. The remand argument, even if valid, comes far too early.

The Judicial Panel for Multidistrict Litigation "has repeatedly expressed its reluctance or even unwillingness to remand a case before pretrial proceedings are concluded." David F. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation*, § 10:7, at 296 (2010). Its decisions, instead, express a clear "preference for actions to remain in the transferee court until they are resolved or to be remanded as a group when all common pretrial proceedings are complete." *Id*.

Here, where all common pretrial proceedings have not concluded, Union's remand argument is fundamentally misplaced and should be disregarded. *See In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972) (requiring "a showing of good cause" for

5

an early remand "prior to the completion of pretrial proceedings," and declining to remand action to transferor court where "[d]efendants have not persuaded us that remand at this time would promote the just and efficient conduct of the litigation.").

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Union Bank's motion to modify the existing pretrial schedule.

Dated: October 31, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No.  516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Blvd.
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596