UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Simmons v. Comerica, Inc.*
N.D. TX Case No. 3:10-cv-326-O
S.D. FL Case No. 10-cv-22958-JLK

PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs, pursuant to Rules 26, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure and Rules 7 and 26.1 of the Local Rules of the United States District Court for the Southern District of Florida, file this motion to compel against Defendant Comerica Bank ("Comerica" or "Defendant"). Plaintiffs seek the production of documents and information responsive to Plaintiffs' discovery requests.

I.     INTRODUCTION

Despite the continued good-faith efforts of Plaintiffs' counsel, Comerica has failed to comply with even the most basic of discovery obligations. Comerica has failed to commit to scheduling matters such as critical depositions within a reasonable time-period, and has failed to comply with its promised document production deadlines. The limited discovery it has provided is wholly inadequate and incomplete.

Comerica should be ordered to comply with its discovery obligations. Its approach to

discovery in this case has been cavalier at best. Remarkably, as of October 25, 2011, Comerica has produced only 16, 208 pages of documents in response to Plaintiffs' document requests.[1] Many of these documents are publicly available advertisements and deposit agreements, as well as the Plaintiffs' own account statements. There are only a handful of Comerica internal emails and documents, and those were not produced until the day before the first 30(b)(6) deposition of a Comerica designee. By way of comparison, the two Comerica plaintiffs have produced 1,275 pages of documents to Comerica, and the other Fourth Tranche banks have produced exponentially more documents than Comerica.

As the Court is aware, Plaintiffs' opening motions for class certification for the Fourth Tranche banks are due on December 20, 2011. Comerica should not be permitted to "run out the clock" in this manner—whether intentionally or not. With this deadline fast approaching, Plaintiffs are, regrettably, left with no option besides requesting Court intervention for the purpose of requiring Comerica to comply with its discovery obligations and imposing a deadline that provides enough time for Plaintiffs to review the discovery, and take depositions prior to briefing their motion for class certification. Accordingly, Plaintiffs respectfully request that the Court enter an Order commanding Comerica to produce all of its documents on or before October 31, 2011, and to provide deposition dates for its remaining FED. R. CIV. P. 30(b)(6) and fact witnesses (who have heretofore been noted to counsel as part of a meet and confer).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiffs' Discovery Requests

---

[1] Late last Friday evening (October 28, 2011) Plaintiffs received just over 13,000 pages of documents from Comerica. Because of the late arrival of these documents, we have not yet had a chance to review them. However, we understand from Comerica's counsel that its production is still far from complete. Thus, given the impending class certification deadline and the delay occasioned by Comerica's failure to expeditiously produce documents, we have no choice but to file this Motion to Compel.

In mid-June 2011, Plaintiffs served Comerica with Interrogatories, Requests for Admission, and Requests for Production of Documents. Each request is specific and narrowly tailored to produce documents and information material to Plaintiffs' claims. The requests fall into six general categories:

(1) Comerica's internal records of policies and procedures concerning processing[2] and posting of checking account transactions and overdraft fee assessments;

(2) Comerica's public disseminations of information concerning policies and procedures relating to checking account transactions and overdraft fees;[3]

(3) Comerica's decision-making processes concerning overdraft fees and checking account posting practices;[4]

(4) Comerica's motives for adopting the practices alleged to be wrongful;[5]

(5) Information from which Plaintiffs can identify each transaction that was the basis for an overdraft fee, and the databases Comerica used to process and record transactions;[6] and

(6) Information relating to the named Plaintiffs' checking accounts and transactions.[7]

B. **Comerica's Responses to Plaintiffs' Discovery Requests**

On July 14, 2011, the parties conducted their initial meet and confer regarding the discovery process. *See* Declaration of Mazin A. Sbaiti, October 24, 2011, ("Sbaiti Decl.") at ¶ 2. There, plaintiffs were told that document production would commence once a list of search terms was worked out, and once a protective order was entered. *Id.* On July 22, 2011, Plaintiffs provided Comerica with a list of acceptable search terms for preliminary collection. *Id.* at ¶ 3.

The parties then filed a joint motion for a protective order on July 27. *Id.* at ¶ 4.

---

[2] *See* RFP Nos. 9, 13, 14, 15, 18, 19, 20, 21, 22, 24, 46, 47, 63, 72, 73.
[3] *See* RFP Nos. 4, 5, 6, 11, 12, 17, 26, 27, 44, 48, 55-58, 62, 72, 75.
[4] *See* RFP Nos. 37, 49, 71.
[5] *See* RFP Nos. 23, 25, 28, 29, 30, 34, 35, 36, 38-43, 53, 54, 59, 64, 65, 67.
[6] *See* RFP Nos. 7, 18, 19, 20, 41, 63; Int. Nos. 2, 3.
[7] *See* RFP Nos. 1, 2, 3, 7, 8.

Notwithstanding Plaintiffs' commitment to treat all documents as "Attorneys' Eyes Only," Comerica told Plaintiffs' counsel that it could not produce documents absent a protective order. *Id.* When the Court did not enter the protective order, the parties eventually agreed to a confidentiality stipulation on September 15. *Id.* In light of this resolution to Comerica's purported confidentiality concerns, Plaintiffs then asked for documents to be produced promptly, and sought Rule 30(b)(6) deposition dates. *Id.*

On September 1st, the parties agreed on a preliminary list of custodians. *Id.* at ¶ 6. Finally, on September 22, Comerica provided its initial responses – albeit incomplete ones – to Plaintiffs' requests for production of documents and interrogatories. This initial production consisted of 1,744 documents and contained no e-mails,[8] no internal memoranda, no reports, — in short, nothing similar to what every other bank has produced thus far. *See id..* [9]

Plaintiffs conferred with Comerica's counsel repeatedly in an attempt to resolve objections and ambiguities, and to obtain Comerica's commitment to make a full production. *See* Sbaiti Decl. ¶ 7-14. In early October, Plaintiffs even agreed to accept a production of documents responsive to the search terms that had been electronically culled for privilege, even if they had not been reviewed otherwise to remove patently irrelevant documents, but that it would have to be produced in ensuing couple of weeks. *Id.* at ¶ 7. Plaintiffs viewed this as a compromise since they could use their own search protocols to identify relevant documents for class certification. Comerica appeared to accept this proposition, but the documents never came. That production was never made.

---

[8] Comerica objects to Plaintiffs' definition of the phrase "documents" on the grounds that it "encompasses all electronically stored data, including but not limited to databases and electronic mail…" That material is indisputably discoverable.

[9] The only limited correspondence that was contained in this initial production includes letters sent by or on behalf of Comerica to the Board of Governors of the Federal Reserve.

Then, during an October 17, 2011 meet and confer, it appeared that Comerica's counsel had finally agreed to provide complete and timely responses. Sbaiti Decl. ¶ 12. Among other things, they agreed to make a "substantial production of documents" including "all emails" by Friday October 21st, and to provide dates and locations of 30(b)(6) and fact witnesses. *Id.* Plaintiffs' counsel even sent an email confirming this. *Id.* (and Exhibit attached thereto, *Email from Mazin Sbaiti to James Greer, et al.*). Friday October 21st came and went with no production. *See id*. at 13. Even now, Comerica informs Plaintiffs that it will not meet its October 31 deadline for completing production.

On October 24, Comerica produced 1,017 pages. Sbaiti Decl. ¶ 14. From Plaintiffs' counsel's immediate review of this production, it became apparent that Comerica's untimely production was far short of "substantial." *Id.* Comerica had represented that the document production would include six to eight *gigabytes* of information. In fact, it included only 110 megabytes of information—less than 2% of the amount promised. *Id.* When Plaintiffs inquired about this insufficient production, they were told that it was related to technical difficulties, but that there was still a massive amount of documents to be produced on a "rolling production." *See Id.* Yet, there was no phone call or explanation accompanying the delay or precipitant to it. *Id*.

### III.    ARGUMENT

The principal issue before this Court is Comerica's failure to adhere to committed discovery benchmarks, and Plaintiffs' justified fear that its continued failure to do so—whether due to intentional malingering or further technical difficulties—will irremediably prejudice Plaintiffs or cause the Court to change the schedule. Consistent with the Court's local rules, Plaintiffs have repeatedly tried to meet and confer to get some comfort that discovery deadlines

5

will be met. The recent October 21 deadline lapse without explanation was the last straw.

Accordingly, Plaintiffs file this Motion to both ensure that (1) Plaintiffs will not be hindered by Comerica's continual delays which may come up again in the future; and (2) that the effects of such a delay will not prejudice Plaintiffs but will rather be held against Comerica.

### A.     Legal Standard Applicable to Plaintiffs' Discovery Requests.

Rule 26 establishes a broad scope for civil discovery. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Coker v. Duke & Co.,* 177 F.R.D. 682, 685 (M.D. Ala. 1998) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

#### *1.     Comerica Should Be Ordered to Immediately and Fully Produce All Responsive Documents and Information.*

Plaintiffs' and Comerica's dispute does not relate to the discoverability of the information—a dispute that has been resolved for quite some time—but rather Comerica's persistent delay in producing documents. Plaintiffs' Motion to Compel is set for December 20, 2011.

Plaintiffs are entitled to full discovery before the Court can fairly rule on their motion for class certification. *See Fernandez v. Bankers Nat'l Life Ins.,* 906 F.2d 559, 570-71 (11th Cir. 1990). This Court has already compelled production of documents on similar requests. *See generally* Docket No. 1171, *Order on Motion to Compel Against Wells Fargo and Wachovia*, 2/16/2011 ("Wells Order"). Plaintiffs here have restricted their motion to those requests that were ordered produced in full or in part by the Court in the Wells Order. This Court's prior order is thus in large measure the law of the case.

And the document speak to the very same issues that animated this Court's grant of class certification in *Larsen v. Union Bank, N.A. (In re Checking Account Overdraft Litig*., MDL No. 2036, 2011 U.S. Dist. LEXIS 83273 (S.D. Fla., July 25, 2011). Plaintiffs seek documents and correspondence reflecting and related to Comerica's internal policies and procedures and decision-making processes that led to the adoption of its high to low posting protocols and any amendments thereto.  For example:

- Why Comerica decided to adopt high to low;
- How it determined the appropriate "overdraft limit" for customers;
- Why it chose among alternative methods of posting;
- Which policies it adopted for customer communications;
- Which elements of customer behavior to focus on for overdrafts;
- What the impact on customers was;

This Court has already determined that similar documents and information are relevant and discoverable in advance of class certification. *See* Wells' Order, supra; *Larsen*, 2011 U.S. Dist. LEXIS 83273, at *25-29, *34 (discussing Union Bank's internal procedures and rationales for adopting the high to low posting); *see also Broadway v. Am. Nat'l Red Cross,* 132 F.R.D. 78, 79 (ND. Ga. 1990) (compelling production of "business records that reveal internal, non-public Red Cross policies and procedures"); *United States v. Stenzel,* 2006 WL 3196500, at * 1 (M.D. Fla. Sept. 15, 2006); *Parker v. Kroger Co., Inc.,* 1977 WL 90, at *3 (N.D. Ga. Mar. 18, 1977) (compelling production of "historical information as to defendant's internal employment policies and practices").

Plaintiffs also seek Comerica's internally discussed technical and logical methodology for posting high to low and otherwise debiting customers' accounts. *See Union Bank,* 2011 U.S.

Dist. LEXIS 83273, at *31-32 (citing, in a class certification opinion, a bank's internal standardized technical and automated processes). Plaintiffs expect that Comerica's class-wide policies will demonstrate the common nature of the evidence that supports Plaintiffs' claims. Given the looming class certification deadline, the Court should order the ***immediate*** production (*i.e.*, responsive items produced no later than October 31, 2011) of all responsive internal documents in Comerica's possession.

Plaintiffs must have these documents as soon as possible so they can adequately prepare for depositions and briefing class certification. Without both responsive documents and fully informed deposition testimony, Plaintiffs will be prejudiced in their efforts to present the Court with an adequate evidentiary record.

In light of the December 20th deadline, Plaintiffs need the responsive documents, and they need them *now*. These documents are ***exclusively in Comerica's possession and cannot be obtained from any other source.*** Documents such as those showing Comerica's internal deliberations and decisions (specifically including all emails) on reordering debit transactions and maximizing overdraft fees constitute relevant evidence that will be used to support the proposition of a centralized intentional scheme that injured Plaintiffs, which is necessary for certification of the proposed class.

Plaintiffs thus respectfully request an Order requiring Comerica to complete its production no later than October 31, 2011, and to produce all requested witnesses between November 15, 2011 and December 4, 2011, by providing Plaintiffs with at least two viable dates for each witness during that time period.

### IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court order Comerica to

promptly produce all responsive documents and information as set forth herein.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I hereby certify that counsel for Plaintiffs has conferred with counsel for Defendant – to the extent that Comerica was responsive – regarding the issues raised in this motion, but the parties have been unable to resolve the matters in dispute.

Dated: October 31, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb<br>E. Adam Webb, Esquire<br>Georgia Bar No. 743910<br>Adam@WebbLLC.com<br>Matthew C. Klase, Esquire<br>Georgia Bar No. 141903<br>Matt@WebbLLC.com<br>G. Franklin Lemond, Jr., Esquire<br>Georgia Bar No. 141315<br>FLemond@WebbLLC.com<br>WEBB, KLASE & LEMOND, L.L.C.<br>1900 The Exchange, S.E.<br>Suite 480<br>Atlanta, GA 30339<br>Tel: 770-444-9325<br>Fax: 770-444-0271 | /s/ Michael W. Sobol<br>Michael W. Sobol, Esquire<br>California Bar No. 194857<br>msobol@lchb.com<br>Roger N. Heller, Esquire<br>California Bar No. 215348<br>rheller@lchb.com<br>Jordan Elias, Esquire<br>California Bar No. 228731<br>jelias@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Tel: 415-956-1000<br>Fax: 415-956-1008 |

| | |
|---|---|
| /s/ Russell W. Budd | /s/ David S. Stellings |
| Russell W. Budd, Esquire | David S. Stellings, Esquire |
| Texas Bar No. 03312400 | New York Bar No. 2635282 |
| rbudd@baronbudd.com | dstellings@lchb.com |
| Bruce W. Steckler, Esquire | LIEFF CABRASER HEIMANN & |
| Texas Bar No. 00785039 |   BERNSTEIN L.L.P. |
| bsteckler@baronbudd.com | 250 Hudson Street |
| Mazin A. Sbaiti, Esquire | 8th Floor |
| Texas Bar No. 24058096 | New York, NY  10013 |
| msbaiti@baronbudd.com | Tel: 212-355-9500 |
| BARON & BUDD, P.C. | Fax: 212-355-9592 |
| 3102 Oak Lawn Avenue | |
| Suite 1100 | |
| Dallas, TX 75219 | |
| Tel: 214-521-3605 | |
| Fax: 214-520-1181 | |
| | |
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New  York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596