**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

---

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION**

*Simmons v. Comerica, Inc.*
N.D. TX Case No. 3:10-cv-326-O
S.D. FL Case No. 10-cv-22958-JLK

---

**DECLARATION OF MAZIN SBAITI**

**1.** I, Mazin A. Sbaiti, Esq., submit this declaration in support of Plaintiffs' Motion to Compel Discovery and Motion for Sanctions. I am an attorney at the law firm of Baron & Budd, P.C., and am one of the counsel of record for the Plaintiffs. I have personal knowledge of the subject matters described herein, and if called as a witness I could testify competently thereto.

**2.** Along with my co-counsel, I have participated in several meet and confer sessions with counsel for Comerica Bank ("Comerica"). The initial meet and confer occurred on July 14, 2011, at the offices of Baron & Budd, P.C. in Dallas, Texas, at which time we discussed the parameters we anticipated discovery could proceed under. There, we were told that Comerica would produce documents to us under the protective order, once entered, and we committed to providing a list of acceptable preliminary search terms.

**3.** On July 22, 2011, we provided Comerica with a list of acceptable search terms for

preliminary collection and the parties discussed potential custodians' roles.

4. The parties filed a joint motion for protective order for the Fourth Tranche on July 27, 2011, but which the Court did not enter. Notwithstanding our commitment to treat all Comerica documents as "attorneys' eyes only," while the protective order issue was sorted out, we were told that Comerica would not produce any documents absent the protective order. We finally agreed to a confidentiality stipulation on September 15, 2011, wherein we would treat documents as "confidential" or "attorneys eyes only."  In light of this resolution to Comerica's purported confidentiality concerns, we then asked for documents to be produced promptly, and sent our proposed Rule 30(b)(6) topics and asked for deposition dates, with Topic 1 to be as early as possible as it did not rest on the overall document production.

5. On September 1, 2011 we agreed with counsel for Comerica on a preliminary list of approximately thirty custodians from whom potentially responsive documents would be collected and produced. These were in addition to the other drives, directories, or repositories where documents were stored.

6. Finally, around September 22, 2011, Comerica provided responses - albeit incomplete ones - to Plaintiffs' requests for production of documents and interrogatories.  This initial production consisted of 1,744 documents and contained no e-mails, and no internal correspondence. We immediately began requesting documents, a timeline therefore, and deposition dates.

7. We conferred with Comerica counsel several times thereafter in an attempt to resolve these objections and ambiguities, and to obtain Comerica's commitment to make a full production as soon as production because of the looming December 20, 2011 deadline for Plaintiffs to file their motion for class certification.  On October 6, 2011, I met in person with

Comerica's counsel and asked for documents to be produced in the next few weeks and that we would accept non-privileged documents, even if not culled for irrelevant documents captured by the search terms. The next day I received an email informing me that we would be receiving documents by October 31st, with trailing production the following week, and that we would have deposition dates by the following Tuesday.

8. That Tuesday, October 11, 2011, I called counsel for Comerica to express our dissatisfaction with an October 31, 2011 date and that we wanted a good deal of them before then. I was told that they would be able to tell me by the next day via a "client update."

9. On Wednesday, October 12, 2011, I sent an email with a list of "open issues" including the document production, whether objections had been completely resolved by our agreement on search terms, and deposition dates. I requested dates for fact witnesses in addition to the 30(b)(6) witnesses. That afternoon we had yet another conversation wherein we discussed the state of the production and we were told that due to circumstances we could not have an answer but they would get back to us the next day.

10. On October 13, 2011, I received an email telling me that we would hear more the next day due to their inability to meet with their clients at Comerica that day.

11. On October 14th, we did not get a definitive answer, and we began seeking a time to discuss on the phone or else we'd have to file a motion to compel.

12. On Monday, October 17, 2011 we held a telephonic meet and confer with Comerica via its counsel. Comerica agreed to make a "substantial production of documents" by October 21 "including all emails," with the rest to come by October 31, 2011. They specifically represented to us that the October 21st production would be between 6 and 8 gigabits in size. They also represented that Comerica would provide dates for the other 30(b)(6) topics (other

than Topic 1) by Friday as well, and that those dates would be in the middle of November. Later that night after the teleconference, I sent an email to Comerica's counsel to confirm that our understanding of these deadlines was consistent with theirs. My email told them to respond to me if my understanding was incorrect in any way. I never received any correction.

13. We did not receive the promised document production on Friday, October 21st.

14. On October 24, 2011, Comerica hand delivered a compact disc that contained only 1,017 pages to my office. We immediately reviewed these documents. It quickly became apparent that Comerica's untimely production was far short of "substantial" and certainly did not contain all of the emails and correspondence that were told would arrive by Friday, October 21, 2011. Instead of the promised 6-8 gigabits of documents, this CD contained only 110 megabytes of information, or less than 2% of the amount promised, and far less than 1% of the anticipated total production.

15. I saw counsel for Comerica in person on October 25, 2011 during a Rule 30(b)(6) deposition for Topic 1 (out of 13 topics). When I inquired about this insufficient production, I was told by Comerica's counsel that it was related to technical difficulties, and that there was still an abundance of documents to be produced. I requested an email letting me know when we would be receiving those but I have yet to receive it.

16. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: /s/ Mazin A. Sbaiti
Mazin Sbaiti

**Dalia M. Morales**

| | |
|---|---|
| **From:** | Mazin Sbaiti <msbaiti@baronbudd.com> |
| **Sent:** | Monday, October 17, 2011 9:33 PM |
| **To:** | James B. Greer; Kenneth Johnston; Laura Aaron |
| **Cc:** | Benjamin F. Johns; Joseph G. Sauder; Cory S. Fein; Bruce Steckler; Matthew D. Schelkopf; Mazin Sbaiti; Linda Weaver |
| **Subject:** | Confirmation Of Call Resolution |

James and Laura,

Thank you for your time earlier today, we believe based upon that discussion that the issues appear to be resolved. I am writing to follow-up on our conversation.

With regards to the document production, you told us that no documents were being withheld on the basis of objections, and that by this Friday, Comerica would make a substantial production of documents, which you estimated to be between six and eight gigabits and would include all emails. You reiterated Comerica's commitment to completing production by October 31, 2011. And any further production that would be necessary if not complete by that date would be minimal and would be fully complete no later than the first week of November.

You told us we get a privilege log once production is complete.

With regards to the 30(b)(6) Topic designees, were are confirmed for October 25, 2011 in Detroit for Topic 1. You also committed to have designees' names, and deposition dates for the other topics by Tomorrow or Wednesday at the latest. We offered to accept a chart in lieu of a deposition on Topic 5 which you represented we would either get a chart, (we should add that it would need to be properly authenticated) or else you would include Topic 5 in the deposition designee/date list.

With regards to the Interrogatories wherein Comerica suggested it would produce documents in complete or partial response, you represented that we would be receiving documents in lieu thereof.

If you believe these do not accurately set forth yours and Comerica's position, please let us know immediately.

In addition, we promised to give you the names of Comerica fact witnesses whom we would like to get deposition locations and dates (between November 15 and December 4) for: Matt Wind, Dawn Aranoff, Mike Aust, Ann Marie Coulter, Linda Hanson, Pitton, and Carl Spardlin. Also, can you please provide us with deposition dates for the following former employees (or let us know who we should contact): Vincent Szymborksi, Brandi Jones, Connie Beck, Vance Borngesser, Jerry Loeser, and Michael Tierney. (Naturally, we would prefer as many of these in Dallas as possible).

As always, please let us know if you'd like to discuss any of these issues.

Mazin Sbaiti