UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036<br><br>THIS DOCUMENT RELATES TO:<br>FIRST TRANCHE ACTIONS<br><br>*Tornes, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK<br><br>*Yourke, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-2186 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF EMERGENCY MOTION TO COMPEL ATTENDANCE OF
ARTHUR OLSEN AT NOVEMBER 7, 2011 FAIRNESS HEARING**

I. **WITHOUT MR. OLSEN'S TESTIMONY, THE RECORD WILL REMAIN INSUFFICIENT, REGARDLESS OF THE MERIT OF THE OBJECTIONS**

As the Federal Judicial Center's *Manual on Complex Litigation, Fourth* (2004) explains, "[c]ounsel for the class and the other settling parties bear the burden of persuasion that the proposed settlement is fair, reasonable, and adequate." *Id*. § 21.631. If the record remains insufficient because Mr. Olsen does not testify, the problem comes to rest with the settling parties, not Objectors. Without a sufficient record, the settlement cannot survive scrutiny, regardless of the merit of the objections. *Id*. § 21.635. Objectors share the parties' interest in making a sufficient record.

Plaintiffs confirm that the only damages number in the record is in the Hastings Objections: "The $4.5 billion damages number to which Objectors refer in their objection is the class damages information that they claim is missing from the record." (Plaintiffs' Response to Emergency Motion to Compel Attendance of Arthur Olsen (Dkt. No. 2052), at 3. This statement by Hastings Objectors is not evidence, as it is made without personal knowledge.

Plaintiffs confirm that Mr. "Olsen calculated the maximum possible damages that the Settlement Class could have recovered,"[1] not Class Counsel. (*Id*. at 4.) Class Counsel have no more personal knowledge of the amount of damages sustained by the Settlement Class than Objectors. Class Counsel undoubtedly have knowledge of the damages calculated by Mr. Olsen—which they continue to withhold from the Court, Objectors, and the Settlement Class. While *experts* such as Mr. Olsen may offer opinions based upon hearsay "[i]f of a type reasonably relied upon by experts in the particular field" (Fed. R. Evid. 703), Class Counsel are

---

[1] Plaintiffs follow this statement with a representation that "he put that information into the record through his declaration." (*Id*.) As Hastings Objectors have repeatedly pointed out, while Mr. Olsen's declaration establishes that he *calculated* the damages, it omits to *state* them.

1

not testifying experts, and their 9% calculation—upon which Hastings Objectors based their $4.55 billion calculation—remains without sufficient foundation.

Plaintiffs contend that "Mr. Olsen is scheduled to be at a hearing in California on November 7, 2011 . . . ." (Plaintiffs' Response to Emergency Motion, at 1.)  Objectors find it very troubling that with nearly six months of lead time to prepare for the November 7 evidentiary hearing, Class Counsel did not ask their only declarant on factual matters (aside from the procedural history of the litigation) to make himself available to testify.  This failure is especially troubling, in light of Class Counsel's objections to the *Fifth Third* and *National City Bank* settlements.  If Mr. Olsen is merely "scheduled to *be*" at a hearing in California on November 7," and is not being required to *testify* at one, Class Counsel should be strongly encouraged by the Court to procure his attendance at the fairness hearing, so that the Court is not forced to rule upon the matter with an insufficient record.

Dated: November 1, 2011                     Respectfully submitted,


                                            **s/Barry Himmelstein**
                                            Barry Himmelstein (Cal. Bar No. 157736)
                                            (*pro hac vice*)
                                            barry@himmellaw.com
                                            HIMMELSTEIN LAW NETWORK
                                            2000 Powell St., Suite 1605
                                            Emeryville, CA 94608-1861
                                            Telephone:  (510) 450-0782
                                            Facsimile:  (510) 380-6147


                                            **s/Philip Freidin**
                                            Philip Freidin (Florida Bar Number 118519)
                                            pfreidin@fdlaw.net
                                            FREIDIN DOBRINSKY
                                            One Biscayne Tower
                                            2 South Biscayne Blvd., Suite 3100
                                            Miami, FL 33131
                                            Telephone:  (305) 371-3666
                                            Facsimile:  (305) 371-6725

                                            *Attorneys for Class Members and Objectors*
                                            *Richard Hastings and Janel Buycks*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 1, 2011 on all counsel or parties of record in this proceeding.

**s/Philip Freidin**
Philip Freidin (Florida Bar No. 118519)
pfreidin@fdlaw.net
FREIDIN DOBRINSKY
One Biscayne Tower
2 South Biscayne Blvd., Suite 3100
Miami, FL 33131
Telephone:  (305) 371-3666
Facsimile:  (305) 371-6725
