UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION,

MDL No. 2036
_____/

THIS DOCUMENT RELATES TO:

*Sachar, et al. v. IBERIABANK Corporation, et al.*
S.D. Fla. Case No. 1:11-CV-22844-JLK
_____/

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

The Parties to the above-captioned action currently pending against IBERIABANK and IBERIABANK Corporation (collectively "IBERIABANK") as part of this multidistrict litigation have agreed to a settlement, the terms and conditions of which are set forth in an executed Revised Settlement Agreement and Release (the "Settlement"). The Parties reached the Settlement through arms'-length negotiations with the assistance of Gary McGowan, an experienced and well-respected mediator. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge and release their claims in exchange for IBERIABANK's total payment of Two Million Five Hundred Thousand and 00/100 Dollars ($2,500,000.00), inclusive of all attorneys' fees and costs, Service Awards to Plaintiffs, and costs of settlement administration, to create a common fund to benefit the Settlement Class, and IBERIABANK's modification of the order in

which IBERIABANK Debit Card Transactions are posted to Settlement Class Members' Accounts.[1]

The Settlement has been filed with the Court, and the Parties have filed a Joint Motion for Preliminary Approval of Class Settlement and for Certification of the Settlement Class. Upon considering the Parties' motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel, was reached with the assistance of an experienced, highly-qualified mediator, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, and their rights to opt out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee

---

[1] All capitalized terms in this Order have the same meaning as defined in the Settlement.

Application and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

<u>Provisional Class Certification and Appointment of Class Representatives and Class Counsel</u>

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class —*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied — except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Settlement Class:

> All persons who maintained an IBERIABANK, IBERIABANK*fsb*, Acadiana Bancshares, LBA Savings Bank, Alliance Bank of Baton Rouge, American Horizons Bank of Monroe, Pulaski Investment Corporation, Pulaski Bank and Trust, Pochahontas Bancorp, Inc., First Community Bank, Omni Bank, or Cameron State Bank Account, within the applicable limitations period in the state in which the account incurred fees, or an ANB Financial, Capital South

Bank, Century Bank, Orion Bank, or Sterling Bank Account after the date IBERIABANK assumed certain assets of those banks after each failed and the Federal Deposit Insurance Corporation was appointed as receiver, and within the applicable limitations period in the state in which the account incurred fees, who incurred one or more Overdraft Fees as a result of Debit Re-sequencing. Excluded from the Class are all current IBERIABANK employees, officers and directors, and the judge presiding over this Action.

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action, thousands of individuals, spread out across several different states, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b) <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on IBERIABANK's class-wide policies and practices and are common to the Settlement Class.

(c) <u>Typicality</u>: The Plaintiffs' claims are typical of the Settlement Class because they concern the same alleged IBERIABANK policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are

based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

    (d)    <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

    (e)    <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied, as well, because the common legal and factual issues here predominate over individualized issues, and resolution of the common issues for thousands of Settlement Class Members in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Based on the record currently before the Court, the predominance requirement is satisfied here because common questions

- 5 -

present a significant aspect of the case and can be resolved for all Settlement Class Members in a single adjudication. In a liability determination, common issues would predominate over issues that are unique to individual Settlement Class Members. For example, each Settlement Class Member's claims arise from the same or similar alleged IBERIABANK policies and practices and the same legal theories. Moreover, the relationship between Settlement Class Members and IBERIABANK is governed by substantially uniform or similar account agreements. *See Sacred Heart Health Sys.*, 601 F.3d at 1171 ("It is the form contract, executed under like conditions by all class members, that best facilitates class treatment.").

7. The Court appoints the following persons as class representatives: David J. Sachar and Christine M. Sachar.

8. Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following persons and entities as Class Counsel:

> WAGONER LAW FIRM
> Jack Wagoner, Esq.
> 1320 Brookwood, Suite E
> Little Rock, Arkansas 72202
>
> CARTER WALKER, PLLC
> Brent Walker, Esq.
> Post Office Box 629
> Cabot, Arkansas 72023
>
> OWINGS LAW FIRM
> Steven A. Owings
> 1400 Brookwood
> Little Rock, Arkansas 72202

9. The Court directs that Damasco and Associates act as the Tax Administrator to perform all tax-related services as set forth in the Settlement.

### Preliminary Approval of the Settlement

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Gary McGowan. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

### Approval of Notice and Notice Program and Direction to Effectuate Notice

12. The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms attached as Exhibits 3, 4, 5 and 6 to the joint motion

for preliminary approval. The Court further finds that the Notice Program, described in section IX of the Settlement and in the Notice Plan, attached as Exhibit 2 to the joint motion for preliminary approval, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's Fee Application and request for Service Awards for Plaintiffs, and their rights to opt out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

13. The Court directs that Epiq Class Actions act as the Settlement Administrator.

14. The Court directs that Hilsoft Notifications act as the Notice Administrator.

15. The Notice Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice attached as Exhibits 3, 4, 5 and 6 to the joint motion for preliminary approval and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in section IX of the Settlement and approved by this Order. The Notice Program shall include Mailed Notice, Published Notice, and Long-form Notice on the Settlement Website, as set forth in the Settlement and below.

*Mailed Notice Program*

16. The Notice Administrator shall administer the Mailed Notice Program. Within 28 days from the date that the Notice Administrator receives from Class Counsel and IBERIABANK the data files that identify the names and last known addresses of the readily identifiable Settlement Class Members, as set forth in paragraphs 65 and 74 of the Settlement, the Notice

Administrator shall run such addresses through the National Change of Address Database, and shall mail to all such Settlement Class Members either statement inserts or postcards that contain the Mailed Notice (the "Initial Mailed Notice").

17. The Notice Administrator shall perform reasonable address traces for all Initial Mailed Notice statement inserts or postcards that are returned as undeliverable. No later than 35 days from the Initial Mailed Notice date, the Notice Administrator shall complete the re-mailing of Mailed Notice statement inserts or postcards to those Settlement Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

18. The Mailed Notice Program (both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed by no later than March 1, 2012. Within seven days after the date the Notice Administrator completes the Notice Re-mailing Process, the Notice Administrator shall provide Class Counsel and IBERIABANK's counsel an affidavit that confirms that the Mailed Notice Program was completed in a timely manner. Class Counsel and IBERIABANK's counsel shall file such affidavit with the Court in conjunction with the Parties' motion for final approval of the Settlement.

19. All costs associated with the Mailed Notice Program shall be paid solely out of the Settlement Fund, as set forth in the Settlement.

*Published Notice Program*

20. The Notice Administrator shall administer the Published Notice Program, which shall be comprised exclusively of the following components: an approximate one-fifth page Summary Publication Notice (approximately 5" x 9") appearing once on a weekday in the major daily newspaper in eighteen selected media markets, which include the primary city locations of each of the banks acquired by IBERIABANK for which the Parties acknowledge that certain of IBERIABANK's records of customer accounts are not readily accessible, and the media markets

with the highest number of IBERIABANK branches. The Published Notice Program shall be completed no later than March 1, 2012.

21. Within seven days after the date the Notice Administrator completes the Published Notice Program, the Notice Administrator shall provide Class Counsel and counsel for IBERIABANK with one or more affidavits that confirm that Published Notice was given in accordance with the Published Notice Program. Class Counsel and IBERIABANK's counsel shall promptly file such affidavit(s) with the Court in conjunction with the Parties' Motion for Final Approval of the Settlement.

22. All costs associated with the Published Notice Program shall be paid solely out of the Settlement Fund, as set forth in the Settlement.

*Settlement Website and Toll-Free Settlement Line*

23. The Notice Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than January 1, 2012. The Settlement Website shall include hyperlinks to the Settlement, the Long-form Notice, this Order, and such other documents as Class Counsel and counsel for IBERIABANK agree to post or that the Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until Final Approval.

24. The Notice Administrator shall establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

25. Epiq Class Actions is directed to perform all other responsibilities under the Notice Program assigned to the Settlement Administrator in the Settlement.

26. Hilsoft Notifications is directed to perform all other responsibilities under the Notice Program assigned to the Notice Administrator in the Settlement.

### Final Approval Hearing, Opt-Outs, and Objections

27. The Court directs that a Final Approval Hearing shall be scheduled for April 16, 2011, at 9:30 a.m., to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted.

28. The Court directs that any persons within the Settlement Class definition who wish to be excluded from the Settlement Class may exercise their rights to opt out of the Settlement Class by following the opt out procedures set forth in the Long-form Notice at any time during the Opt Out Period. To be valid and timely, opt out requests must be postmarked on or before the last day of the Opt Out Period (the "Opt Out Deadline"), which is March 16, 2012, and mailed to the address indicated in the Long-form Notice, and must include:

(a) the full name, telephone number and address of the person seeking to be excluded from the Settlement Class;

(b) a statement that such person wishes to be excluded from the IBERIABANK Settlement in *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK; and

(c) the signature of the person seeking to be excluded from the Settlement Class.

The Opt Out Deadline shall be March 16, 2012, and shall be specified in the Mailed Notice, Published Notice, and Long-form Notice.

29. All persons within the Settlement Class definition who do not timely and validly opt out of the Settlement Class shall be bound by all determinations and judgments in the Action

concerning the Settlement, including but not limited to the Releases set forth in section XV of the Settlement.

30. The Court further directs that any person in the Settlement Class who does not timely and validly opt out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for Service Awards for Plaintiffs. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and counsel for IBERIABANK, at the addresses indicated in the Long-form Notice. For an objection to be considered by the Court, the objection must be received by the Clerk of the Court, Class Counsel, and counsel for IBERIABANK no later than the Opt-Out Deadline of March 16, 2012, and must include the following information:

(a) the case name, *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK;

(b) the objector's full name, address, and telephone number;

(c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

(e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

    (g) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

    (h) any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity;

    (i) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    (j) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

    (k) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    (l) the objector's signature (the objector's counsel's signature is not sufficient).

### Further Papers in Support of Settlement and Fee Application

31. The Parties shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Service Awards for Plaintiffs, no later than March 1, 2012.

32. Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than April 2, 2012. If IBERIABANK chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than April 2, 2012.

## Effect of Failure to Approve the Settlement or Termination

33. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and IBERIABANK's right to oppose class certification;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against IBERIABANK or Plaintiffs on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

## Stay/Bar of Other Proceedings

34. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

35. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(a) The Notice Administrator shall establish the Settlement Website and automated toll-free telephone line no later than **January 1, 2012**;

(b) The Notice Administrator shall complete the Mailed Notice Program no later than **March 1, 2012**;

(c) The Notice Administrator shall complete the Published Notice Program no later than **March 1, 2012**;

(d) The Notice Administrator shall complete the Notice Program (which includes both the Mailed Notice Program and the Published Notice Program) no later than **March 1, 2012**;

(e) The Parties shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Service Awards for Plaintiffs no later than **March 1, 2012**;

(f) Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Service Awards no later than **March 16, 2012**;

(g) Settlement Class Members must file requests for exclusion from the Settlement by no later than **March 16, 2012**;

(h) Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee Application no later than **April 2, 2012**;

(i) If IBERIABANK chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than **April 2, 2012**; and

(j)     The Final Approval Hearing will be held on **April 16, 2012**, at **9:30 a.m.**, in at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of November, 2011.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record