UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

_____

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO BANK'S MOTION
<u>FOR LEAVE TO FILE ADDITIONAL BRIEF</u>**

Plaintiffs oppose the Motion for Leave to File Reply Addressing New Evidence (the "Motion for Leave") filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wachovia Bank, N.A.'s ("Wachovia"). [**DE # 2061**]. The banks have offered no good reason to further expand the briefing in this matter.

I.   **Argument.**

Having already filed three briefs spanning more than 50 pages, Defendants now ask to file yet another. However, there is no basis to allow Defendants to file the requested reply. As Wells Fargo and Wachovia made factual assertions in their Supplemental Memorandum (**DE # 1972**) that were demonstrably false or misleading, Plaintiffs, in turn, had every right to respond to those factual statements with evidence in direct response to claims Wells Fargo made in its brief. As such, Defendants' Motion for Leave should be denied.

Submitting evidence to rebut false factual assertions in Wells Fargo's Supplemental Response is entirely in keeping with the Court's Order governing further proceedings on arbitration motions. Nothing in that Order limited the parties to particular topics. *See* **DE # 1896**, at ¶ 5. Moreover, the materials about which Defendants now complain have been known to the banks and their attorneys for years. As the Eleventh Circuit noted – in a case on which Defendants rely – a surreply is inappropriate under such circumstances. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008) (upholding trial court's denial of an appellant's request to file a surreply when testimony in a reply responded to assertions in appellant's preceding brief and when counsel for the appellant was aware of the evidence). Plaintiffs submitted the evidence about which Defendants now complain in response to assertions that Wells Fargo and Wachovia raised for the first time in their Supplemental Memorandum. Unlike the cases Defendants cite in their Motion for Leave, Plaintiffs submitted their rebuttal evidence at the first opportunity.

Plaintiffs submitted their evidence to rebut two assertions in Defendants' Supplemental Memorandum. The first is that Defendants provide all customers with a copy of the account agreement at the time they open their accounts. *See* **DE # 1972**, p. 3 n.4 (claiming that Plaintiffs only supplied evidence that they did not "recall" receiving a copy of the agreement); p. 5 (arguing that parties "clearly and unmistakably" agreed to arbitration clauses); p. 7. The second assertion that Plaintiffs submitted evidence to rebut is the notion that the banks refunded the vast majority of overdraft fees to any customers who simply asked that the fees be reversed. *See* **DE**

1

**# 1972**, p. 15; **DE # 1972-5**; **DE # 1972-6**.  Interestingly, Defendants do not take issue with Plaintiffs' introduction of evidence to rebut this second assertion.  This inconsistency reveals the spurious nature of Defendants' Motion for Leave.

Defendants' assertion regarding Plaintiffs' purported receipt of account agreements is clearly an assertion they should no longer be making.  While it may be advantageous for Defendants to claim that they provide copies of account agreements to each customer when they open an account in order to portray the arbitration clause as having been "clearly and unmistakably" agreed to, substantial evidence has long since come to light showing that many customers do not actually receive a copy of the agreement when they open their accounts.  Defendants have been long aware of testimony from individual plaintiffs, testimony from its current and former employees, documents corroborating this testimony, and even a contemporaneous recording – all showing that Wells Fargo bankers often do not provide customers with a copy of the account agreement.

Given the evidence, Plaintiffs were frankly surprised to see that Defendants would claim that all customers receive an agreement, and that all the named Plaintiffs in this case received one.  Wells Fargo knows that this is not true, and should not continue to make the assertion to this Court.  "All attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly."  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993); *also Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1278 (S.D. Fla. 2010).

Because its attorneys will apparently not police themselves, Plaintiffs submitted some of the evidence that Wells Fargo ignored showing that Wells Fargo customers do not receive the Account Agreement that contains the arbitration clause Wells Fargo is trying to invoke.  This direct rebuttal evidence includes testimony that Wells Fargo has known about for over two years.  Melissa Lopez, a longtime employee who worked at multiple Wells Fargo branches and who was in charge of stocking branches with copies of the Agreement, testifies that Wells Fargo branches did not even keep enough copies of the agreement on hand to provide to customers who opened new accounts.  See **DE # 2036-4**, pp. 4-7.  Much of the testimony in Ms. Lopez's declaration was included in her previous declaration that was submitted on May 17, 2011 with Plaintiff's original

opposition to Defendants' Motion to Dismiss or Compel Arbitration.  *See* **DE # 1487-19**.[1]  As such, it provides no basis to give Defendants leave to file a reply brief.

Plaintiffs' rebuttal evidence also included direct testimony from three Plaintiffs stating that they did not get copies of the agreements even when they specifically asked for them.  This evidence is not new evidence raised improperly, but evidence that directly rebuts an assertion Defendants made in their brief.  Specifically, Defendants stated that "[s]ome (but not all) of the plaintiffs supplied declarations asserting that they did not 'recall' having received the account agreement, but none of them affirmatively denied having done so."  **DE # 1972,** p. 3 n.4.  This statement is false.  Plaintiffs had the right and the responsibility to rebut this inaccuracy and the Court should be able to view the evidence.  In short, Defendants were caught misrepresenting facts.  They are now merely trying to fight their way out of the corner in which they placed themselves by crying foul when Plaintiffs submitted proper rebuttal evidence.  Respectfully, there is no basis for additional briefing.

The submission of the declaration of Melissa Lopez [**DE # 2036-4**] was also appropriate because it serves to rebut Defendants' assertion that customers can resolve overdraft fee disputes simply by asking that fees be waived.  *See* **DE # 1972**, p. 15 (statement by Karen Moore that "the vast majority of the time, 90 plus percent or more" customers can have their fees waived merely by coming in and asking); **DE # 1972-5** (declaration of Mark Lentz describing data he examined); **DE # 1972-6** (declaration of Alan Cox describing review of 247 written complaints and concluding that refunds were given over 84% of the time).  Here, Defendants were actually the sandbagging party.  In discovery, Plaintiffs specifically asked that Defendants produce data regarding the number of overdraft related complaints the Banks had received, and all documents that discuss or reflect those complaints and their ultimate resolution.  *See* Arb. Interrog. 6 (Exh. A hereto); Arb. RFP 13 (Exh. B hereto).  Both Wachovia and Wells Fargo claimed not to be able to produce this data when requested in discovery.  *See* Amd. Response to Arb. Interrog. 6A.  [**DE # 1971-1**].  In deposition, the respective corporate designee for each bank as to the issue of customer complaints claimed not to know how many overdraft fee refund requests the bank had

---

[1] The first declaration of Melissa Lopez [**DE # 1487-19**] was initially submitted over two years ago in the predecessor case of *McMillan v. Wells Fargo* before it was transferred to this MDL.  Wells Fargo has never deposed Ms. Lopez and has no basis to gainsay her testimony.  Moreover, her testimony was corroborated by deposition testimony from several Wells Fargo bankers.  *See* **DE # 96, 97** in *McMillan v. Wells Fargo*, Case No. 08-cv-05739WHA.

received and conceded that the banks failed to supply the requested discovery to Plaintiffs. *See* Dep. Davis, p. 86:4-21 (customer refund requests not captured in bank's discovery responses); Dep. Moore, pp. 115:9-14, 115:21-23, 116:20 – 117:9.

After hearing this testimony from corporate designees, it was surprising to see the banks submit declarations claiming that an analysis of records revealed a specific overdraft fee reversal rate and that the rate was as high as 90%. Plaintiffs showed that the banks' contention was abjectly false during the relevant class period. The vast majority of overdrafts were, in fact, not refunded even when customers complained. *See* Pl. Response, pp. 3-7 [**DE # 2036**]. Paragraphs 8-14 of the Declaration of Melissa Lopez are in direct rebuttal to assertions that Wells Fargo made for the first time in its Supplemental Memorandum. That Defendants did not take issue with the evidence submitted by Plaintiffs to rebut Defendants' refund argument further illustrates the lack of merit of its Motion for Leave.

**II.     Conclusion.**

Based on the foregoing, Plaintiffs respectfully urge this Court to deny Defendants' Motion for Leave.

Dated: November 3, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Robert C. Gilbert
      Robert C. Gilbert, Esquire
      Florida Bar No. 561861
      GROSSMAN ROTH, P.A.
      2525 Ponce de Leon Boulevard
      Eleventh Floor
      Coral Gables, FL 33134
      Tel: 305-442-8666
      Fax: 305-779-9596