# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

---

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**
**FIRST TRANCHE ACTIONS**

*Garcia, et al v. Wachovia Bank, N.A.*
*and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 08-22463-JLK

*Spears-Haymond, et al. v. Wachovia Bank, N.A.*
*and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 09-21680-JLK;
N.D. Cal. Case No. 08-4610

---

## PLAINTIFFS' ARBITRATION-RELATED INTERROGATORIES[1]

Plaintiffs, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, request that Defendant Wachovia Bank, N.A. n/k/a Wells Fargo Bank, N.A. respond to the following written interrogatories under oath within the time prescribed by law. The following interrogatories are to be considered continuing in nature and must be supplemented or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

### DEFINITIONS

1. "All" means "any and all" and "any" means "any and all."

2. The word "including," means "including, but not limited to."

---

[1] These arbitration-related interrogatories supersede the interrogatories served on May 11, 2011.

3. "You," and/or "Your" means and refers to Wachovia Bank N.A. n/k/a Wells Fargo Bank, N.A., including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities, predecessors, successors, and contractors (including debt collection agencies), and their current and former officers, directors, employees, attorneys, agents and representatives.

4. "Documents" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and includes any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in Your possession, custody or control, including without limitation, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in Your possession, custody or control, and every copy of every Document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

5. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, and every written Document or other mode of intentionally conveyed meaning.

6. To "identify" a person or entity means to state the person or entity's name, current or last-known address and telephone number and, for a person, his or her occupation.

7. To "identify" a Document means to state (a) the date of the Document; (b) the title of the Document; (c) the author(s) of the Document; (d) the recipient(s) of the Document, including any cc: or bcc: recipient(s); (e) the title or she subject matter of the Document; and (f) the current custodian of the Document.

8. "Consumer" means any natural person(s) (and in particular not a business) who maintained an account with You or any of Your affiliated entities during the relevant time period.

9. "Consumer Account" means any Consumer checking, savings or demand deposit account maintained with You or any of Your affiliated entities during the relevant time period.

10. As used herein, the words "pertaining to," "relate to," "regarding," "discuss," or "reflect" shall mean in any way relating to, referring to, containing, concerning, describing, mentioning, discussing, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

11. Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## INSTRUCTIONS

12. These interrogatories are to be answered separately and fully, in writing, within thirty (30) days of the date of service, or such shorter time as the Court may order.

13. You are to answer each interrogatory by providing all responsive information. If You object to any interrogatory, specify the part to which You object, state Your objections, state all factual and legal justifications that You believe support Your objections, and respond to the remainder to which You do not object.

14. If You cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for Your inability to provide a full and complete answer.

15. To the extent that any information called for by any interrogatory is unknown to You, so state and set forth such information as is known to You. If any estimate can reasonably be made in place of unknown information, set forth Your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

16. Each interrogatory shall be construed to include information and Documents within Your knowledge, possession or control as of the date You answer to these interrogatories, and any supplemental information, knowledge, data, Documents or Communications responsive to these interrogatories that is generated, obtained or discovered after the date of Your answers.

17. If You contend that any Documents required to be identified herein are protected by attorney-client privilege, the attorney work product doctrine or any other privilege, provide a list of each Document and, as to each, state (a) the type of Document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s),

including all cc: and bcc: recipient(s), (d) the date of the Document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the interrogatory to which the Document relates.

18. You are required to promptly supplement Your responses to these interrogatories throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

19. All definitions and instruction set forth herein are expressly incorporated by reference into the following interrogatories as if fully set forth therein.

## TIME FRAME OF INTERROGATORIES

20. Unless otherwise stated, the time period covered by these interrogatories is May 1, 1999 to the present.

## INTERROGATORIES

INTERROGATORY NO. 1: For each year from 1999 to the present, state on an annual basis the number of disputes involving Consumers Accounts where the amount in controversy was less than $15,000 that were instituted and resolved in state or federal court.

ANSWER:

INTERROGATORY NO. 2: For each year from 1999 to the present, state on an annual basis:

(a) the number of disputes involving Consumers Accounts submitted to or decided by arbitration;

(b) the number of arbitrations in subpart (a) initiated by You;

(c)	the number of arbitrations in subpart (b) that involved overdraft fees;

(d)	the number of arbitrations in subpart (b) where the Consumer prevailed, and the number where You prevailed;

(e)	the number of arbitrations in subpart (a) initiated by Consumers;

(f)	the number of arbitrations in subpart (e) that involved overdraft fees;

(g)	the number of arbitrations in subpart (e) where the Consumer prevailed, and the number where You prevailed;

(h)	the amount of arbitration filing fees and arbitrators' fees and costs paid by You; and

(i)	the amount of arbitration filing fees and arbitrators' fees and costs paid by Consumers.

ANSWER:

INTERROGATORY NO. 3:   For each arbitration included in Your response to Interrogatory No. 2 that resulted in a decision in Your favor, please state the amount of attorneys' fees and costs that You sought from the Consumer(s), the amount of attorneys' fees and costs that You were awarded, the steps you took to enforce the award of attorneys' fees and costs in a court of competent jurisdiction, and the amount of attorneys' fees and costs that You waived.

ANSWER:

INTERROGATORY NO. 4: For each arbitration included in Your response to Interrogatory No. 2 that resulted in a decision in favor of the Consumer, please state the total amount money that You paid or refunded to the Consumer(s).

ANSWER:

INTERROGATORY NO. 5: For each arbitration identified in Your response to Interrogatory No. 1(c) and 1(f), please state whether the Consumer had an attorney or an expert participate in the arbitration.

ANSWER:

INTERROGATORY NO. 6: For each year from 1999 to the present, state on an annual basis the number of overdraft-fee-related complaints pertaining to Consumer Accounts recorded by You.

ANSWER:

INTERROGATORY NO. 7: Please identify by case name, case number, judicial or administrative body, and proceeding, each and every instance where someone, including Consumers, argued or asserted that You had waived the arbitration clause pertaining to a Consumer Account, and the disposition or resolution of that issue.

ANSWER:

Dated: June 8, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Jeremy W. Alters, Esquire
Florida Bar No. 0111790
jeremy@alterslaw.com
ALTERS LAW FIRM, P.A.
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Tel: 305-571-8550
Fax: 305-571-8558

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2011, I served the foregoing on counsel of record for the named defendant in the above-referenced action(s) by electronic mail and U.S. Mail and Federal Express.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire