UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**REPLY OF DEFENDANT WELLS FARGO BANK, N.A. IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE REPLY BRIEF ADDRESSING
NEW EVIDENCE PRESENTED FOR THE FIRST TIME IN
<u>PLAINTIFFS' RESPONSIVE BRIEF ON ARBITRATION ISSUES</u>**

Bluster aside, plaintiffs oppose Wells Fargo's request for leave to file a reply brief addressing the new evidence submitted for the first time in plaintiffs' Responsive Brief on arbitration issues for two reasons:

- First, plaintiffs claim the new evidence they submitted has "been known to the banks and their attorneys for years."  DE # 2074 at 1.

- Second, plaintiffs claim that they submitted this new evidence "at the first opportunity."  *Id.*

Both of these statements are simply untrue.

The remainder of plaintiffs' arguments do not address Wells Fargo's motion for leave to file a reply brief, but instead constitute an effort to present a surreply responding to that brief.  This is improper, and any effort to respond to those arguments here would be equally so.  Accordingly, this reply addresses only the arguments that are pertinent to the motion for leave.

**I.     Wells Fargo Was Not On Notice of Plaintiffs' New Evidence.**

The new evidence that plaintiffs submitted included declarations from two of the named plaintiffs and a supplemental declaration from a disgruntled former Wells Fargo employee who is working closely with plaintiffs' counsel in these and other cases.  Not only did these declarations set out new allegations that had *never* before been made in connection with Wells Fargo's arbitration motion in this Court, they expressly *contradicted* other sworn statements and testimony previously provided by plaintiffs.

For example, when plaintiff Dolores Gutierrez opened her checking account in March 2008, she signed a document certifying that she had received a copy of the Wells Fargo account agreement.  *See* DE # 1536-5 at 12.  In March 2009, she swore in a declaration that she had received the account agreement when she opened her account.  DE # 2061-1, Ex. 1 ¶5.  In July 2009, she again swore under oath at deposition that this statement in her declaration was accurate.  *Id.*, Ex. 2 at 60.  Her newly submitted declaration  flatly contradicts these multiple

1

prior statements, instead now claiming that the bank never gave her the agreement after all. *See* DE # 2036-2 at ¶¶ 1, 4. Wells Fargo deserves an opportunity to respond to this "sham" declaration. *See Innovative Health & Wellness, LLC v. Geico Gen. Ins. Co.*, 2008 WL 3910979, at *1 n.1 (S.D. Fla. 2008).

As for plaintiffs' other new evidence, the only item that Wells Fargo previously had in its possession at all is the deposition testimony from plaintiff Marc Martinez given over two years ago in a different case. Plaintiffs suggest that it is permissible for them to sandbag Wells Fargo with new evidence in their final brief so long as it was previously "available." That is not, and cannot be, the rule, particularly in this context. There have been dozens of depositions and close to a million pages of documents produced in these cases. Wells Fargo had no way of knowing that plaintiffs would suddenly seek to introduce with their final responsive brief testimony from a deposition taken in a different case over two years ago (testimony that is, as Wells Fargo's proffered reply brief shows, not even on point). Wells Fargo is entitled to an opportunity to respond. *See Federal Ins. Co. v. Surujon*, 2008 WL 2949438, at *6 n.6 (S.D. Fla. July 29, 2008) (a party is entitled to an opportunity to respond to evidence presented for the first time in a reply brief).

## II.     Plaintiffs Did Not Present The New Evidence at the First Opportunity.

Plaintiffs' argument that they presented the new evidence at their "first opportunity" is demonstrably untrue.

In its initial arbitration brief, filed on April 29, 2011, Wells Fargo specifically asserted that each plaintiff – including Martinez, Gutierrez, and Zankich – entered into a valid arbitration agreement with the bank. DE # 1384 at 8. Wells Fargo further noted that plaintiffs attached the account agreements themselves to their complaints, and that "it is the alleged breach of those very agreements that constitutes plaintiffs' primary claim in these actions." *Id*.

2

Therefore, if plaintiffs disputed the bank's assertions about the existence of an account agreement, their first (and proper) opportunity to do so was in their opposition brief filed on May 20, 2011. Plaintiffs were well aware of this, as shown by the fact that they did submit at that time declarations from seven *other* plaintiffs (one of whom admitted he "may" have received the agreement, four of whom said they did not "recall" having received it, and two of whom did not address the subject). *See* DE # 1536 at 15.

When the Court subsequently allowed the parties supplemental briefing following the conclusion of arbitration-related discovery, plaintiffs had a *second* opportunity to dispute Wells Fargo's showing that they had each received the account agreement. But in their initial Supplemental Brief, plaintiffs once again submitted no evidence on this issue. *See* DE # 1971. For its part, in its own Supplemental Brief, Wells Fargo simply summarized the parties' previous arguments on this issue from the original round of briefing, offering no new arguments or evidence on the subject. *See* DE # 1972 at 3.

It was not until plaintiffs' *third and final* brief, with no scheduled response available for the bank, that plaintiffs finally submitted the new evidence to which Wells Fargo now seeks an opportunity to respond. This delayed submission of evidence violates the "[r]ules of advocacy and the Local Rules of the Southern District of Florida." *Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1280 n.9 (S.D. Fla. 2010). Wells Fargo is entitled to an opportunity "to respond to materials presented for the first time" in plaintiffs' final Responsive Brief, *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008), and its request for leave to file a reply addressing the new evidence should be granted.

3

**III.     Plaintiffs' Attack on Wells Fargo's Counsel Is Inappropriate.**

In opposing Wells Fargo's request for leave to an opportunity to address plaintiffs' new contradictory evidence, plaintiffs sink into personal attacks on Wells Fargo's counsel.  DE # 2074 at 2.  Such a base level of discourse is offensive, and it should not be tolerated.  This Court has made clear from the outset of this multi-district litigation that it "places a premium on professionalism and requires counsel to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court."  DE # 60 ¶6 (Pretrial Order No. 1).  Wells Fargo's counsel are fully aware of their duties of complete candor to this Court and of their responsibility to our system of justice.  So, too, should plaintiffs' counsel be aware that insinuations about breaches of those duties and responsibilities should not be offered lightly.  *See Autrey v. United States*, 889 F.2d 973, 986 n.20 (11th Cir. 1989) ("The rules governing the ethical conduct of lawyers are far too important to be trivialized and used in baseless mud-slinging ….").

DATED:  November 4, 2011                                    HUNTON & WILLIAMS LLP

                                                                                By:   /s/Barry R. Davidson

                                                                                Barry R. Davidson
                                                                                (bdavidson@hunton.com)
                                                                                Florida Bar No. 107678
                                                                                Jamie Zysk Isani
                                                                                (jisani@hunton.com)
                                                                                Florida Bar No. 728861
                                                                                1111 Brickell Avenue, Suite 2500
                                                                                Miami, FL 33131
                                                                                Telephone: (305) 810-2500
                                                                                Facsimile: (305) 810-2460

Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

   /s/Barry R. Davidson

Barry R. Davidson
HUNTON & WILLIAMS LLP
Florida Bar No. 107678
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460