# EXHIBIT 1

**JOINT OPPOSITION OF DEFENDANTS WELLS FARGO BANK, N.A.
AND JPMORGAN CHASE BANK, N.A. TO MOTION OF
NON-PARTY JEFF HORWITZ TO UNSEAL RECORDS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## DECLARATION OF EMILY JOHNSON HENN

I, Emily Johnson Henn, declare as follows:

1. I am an attorney with the law firm of Covington & Burling LLP. I am one of the attorneys representing Wells Fargo Bank, N.A. ("Wells Fargo") in the above-entitled actions.

I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2. Recognizing (a) that discovery in the above captioned actions would involve requests for the production of documents with private financial and other information about bank customers, as well as confidential and/or proprietary information about the banks, and (b) that presenting for individual decision all issues relating to the weighing of relevance and confidentiality consideration for every such item for which production was sought would impose an undue burden on the Court, the parties entered into a Stipulated Protective Order on July 15, 2010 (DE # 687). The Court approved this stipulation and entered it as an order of the court on July 16, 2010 (DE # 688).

3. Over more than fifteen months of discovery in this case, Wells Fargo has produced to plaintiffs nearly one million pages of documents. Pursuant to the Protective Order, Wells Fargo has acted in good faith to designate as "Confidential" only those documents, responses to discovery, and deposition testimony that contain information not in the public domain that Wells Fargo believed to contain trade secrets or confidential product development, business, financial, strategic planning, security or customer information. Wells Fargo designated as "Highly Confidential" only material that Wells Fargo believed would create a serious risk of monetary or non-monetary injury, or breach of security or consumer privacy and therefore warranted additional protection.

4. When confidential documents produced in discovery by plaintiffs or Wells Fargo have been attached to or quoted in motions papers, the parties in most instances met and conferred to determine whether the documents could be publicly filed. Through this process, the

parties agreed to file publicly, sometimes with modest redactions, all motions, memoranda in support, and opposition and reply briefs, and the vast majority of documents attached thereto.

      5. For example, when plaintiffs prepared to file their Supplemental Brief in Opposition to Wells Fargo Bank's Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (DE # 1971), they notified Wells Fargo that they intended to attach to their brief eleven documents that had been designated by the bank as confidential. Wells Fargo reviewed the documents and concluded that only five of the documents needed to be filed under seal. Wells Fargo so notified plaintiffs, and plaintiffs then filed the other six attachments on the public docket (DE # 1980). The Court granted plaintiffs' unopposed motion to file the five confidential attachments under seal. Order Granting Plaintiffs' Unopposed Motion to File Certain Exhibits Under Seal (October 17, 2011).

      6. As another example, when plaintiffs prepared to file their Response to Supplemental Brief Regarding Arbitration by Wells Fargo Bank (DE # 2036), they notified Wells Fargo that they intended to attach to their brief fourteen documents that had been designated by the bank as confidential. Wells Fargo reviewed the documents and concluded that only four of the documents needed to be filed under seal. Wells Fargo so notified plaintiffs, and plaintiffs then filed the other ten attachments on the public docket (DE # 2055). The Court granted plaintiffs' unopposed motion to file the confidential attachments under seal.[1] Order

---

[1] Plaintiffs additionally filed under seal the Supplemental Response of Defendant Wells Fargo Bank, N.A. to Plaintiffs' Interrogatory No. 11. This response, which was not among the confidential documents plaintiffs notified Wells Fargo that they intended to attach to their brief, contains detailed information about the bank's financial performance that is substantially similar to the information in Exhibit 2 to the Plaintiffs' Unopposed Motion to File Certain Exhibits Under Seal filed on October 13, 2011. For the reasons stated in paragraph 11 of the declaration of Karen Moore, public disclosure of that information would provide Wells Fargo's competitors with detailed information about Wells Fargo's financial performance and would thereby commercially harm the bank.

Granting Plaintiffs' Unopposed Motion to File Certain Exhibits Under Seal (November 2, 2011) (DE # 2064).

7. As a further example, on April 25, 2011, the plaintiffs filed two class certification motions and briefs, including extensive textual appendices, in the above-captioned cases. One motion was filed in the *Martinez*, *D. Gutierrez*, and *Zankich* cases by plaintiffs who originally opened their accounts with Wells Fargo Bank (the "Wells Fargo motion"). The other was filed in the *Garcia* and *Spears-Haymond* cases by plaintiffs who originally opened their accounts with the former Wachovia Bank (the "Wachovia motion"). Plaintiffs attached to both class certification motions, briefs, and appendices a large number of exhibits and deposition excerpts, many of which had been designated confidential. These motions, briefs, textual appendices, and supporting exhibits were accordingly filed under seal.

8. After the class certification motions were filed, plaintiffs invoked the challenge procedures outlined in the Protective Order, asserting that many portions of their filing that contained information and documents originally designated as confidential should be filed in the public record. After meeting and conferring, the parties agreed that the plaintiffs could publicly file the motions and briefs (including the additional briefing contained in the lengthy appendices to the briefs) with only one minor redaction.[2] Plaintiffs also filed 140 exhibits in support of their two class certification motions in these cases. Wells Fargo had designated 22 of those exhibits as confidential because they contained plaintiffs' personal financial information,

---

[2] The redaction is in the first paragraph on page 11 of the plaintiffs' class certification motion filed in the *Garcia* and *Spears-Haymond* cases (DE # 1414). This paragraph contains information from Exhibit 21 of Appendix III to that motion. I understand that, for the reasons stated in paragraph 7 of the declaration of Karen Moore, public disclosure of that information would present a serious risk of fraud. I also understand that plaintiffs agreed to redact the sensitive information when they file the public version of their class certification motions.

social security numbers, and other sensitive personal information. Plaintiffs agreed to redact that information so that those 22 exhibits could be filed publicly. Plaintiffs also agreed to redact confidential portions of deposition transcripts that they were not relying on in their motion. As for the remaining exhibits, Wells Fargo agreed that only one exhibit (out of 71) to the Wells Fargo motion and only three exhibits (out of 69) to the Wachovia motion needed to be maintained under seal, for the reasons explained in paragraphs 5-8 of the Moore declaration. In sum, of the 140 exhibits in support of plaintiffs' motions for class certification in these cases, it was concluded at the end of the meet-and-confer process that only four needed to be maintained fully under seal. It was agreed that the remainder of the exhibits could be filed in the public record, redacting only certain portions that were not relevant to the issues presented.[3]

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed this 4th day of November, 2011, in Redwood Shores, California.

By: _____
Emily Johnson Henn

---

[3] I am not aware of the current status of plaintiffs' process for filing the public versions of these materials.

5