# EXHIBIT 3

**JOINT OPPOSITION OF DEFENDANTS WELLS FARGO BANK, N.A.
AND JPMORGAN CHASE BANK, N.A. TO MOTION OF
NON-PARTY JEFF HORWITZ TO UNSEAL RECORDS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## DECLARATION OF KAREN MOORE

1. I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2. I am a Senior Vice President in the Consumer and Small Business Deposits Group of Wells Fargo Bank, N.A. ("Wells Fargo"). As part of my job responsibilities, I manage

the team within the Deposits Group with responsibility for consumer deposit products and process changes within Wells Fargo.  I have reviewed the confidential and highly confidential Wells Fargo documents that the plaintiffs have filed with the Court under seal in this litigation to determine whether they could be filed publicly without harming Wells Fargo or its customers.

3.   After reviewing the Wells Fargo documents that have been filed under seal in this litigation, I determined that many of them could be publicly filed, either because the information they contained was no longer sensitive or because the sensitive information could be redacted.  However, there are a small number of documents that remain sufficiently sensitive that their disclosure would cause or risk causing commercial injury to Wells Fargo.

4.   The following Wells Fargo documents, all of which have been filed by the plaintiffs under seal, contain sensitive and confidential information that, if released publicly, would create a serious risk of harm to Wells Fargo or its customers.  The confidential information contained in the documents listed below pervades the documents such that it cannot be redacted.

5.   Exhibit 53 to Appendix III of the plaintiffs' class certification motion filed in the *Martinez*, *D. Gutierrez*, and *Zankich* cases is a document numbered WF_0079482 through WF_0079498.  This document contains detailed information about the statistical techniques that Wells Fargo uses to analyze its portfolio of deposit accounts and how it segments its customer base, as well as detailed characteristics about its customer base.  Wells Fargo keeps this information confidential and considers it to be extremely competitively sensitive.  If this information were to be disclosed publicly, Wells Fargo would be commercially harmed because Wells Fargo's competitors would have access to extremely sensitive and commercially valuable

information about the core characteristics of the bank's consumer deposit accounts and its customers.

6. Exhibit 10 to Appendix III of the plaintiffs' class certification motion filed in the *Garcia* and *Spears-Haymond* cases is a document numbered WFNC_0061915 through WFNC_0116679. This document contains comprehensive, detailed technical information about the authorization system that Wells Fargo uses to process debit card authorizations and deposit and debit holds for accounts that remain on the legacy Wachovia system. Many other banks, including Wells Fargo, use similar systems to process authorizations, deposits, and debit holds. Wells Fargo keeps this information confidential and considers it to be extremely sensitive for both competitive and security reasons. If this information were released publicly, it would create a serious security and fraud risk for Wells Fargo by allowing manipulation of the bank's transaction authorization systems.

7. Exhibit 21 to Appendix III of the plaintiffs' class certification motion filed in the *Garcia* and *Spears-Haymond* cases is a document numbered WACH000108 through WACH000128. This document details the algorithm used to authorize transactions into an account with insufficient funds on accounts that remain on the legacy Wachovia system. Wells Fargo keeps this information confidential and considers it extremely sensitive for both competitive and security reasons. Like Exhibit 10, if this exhibit were publicly disclosed, it would create a serious security and fraud risk by allowing manipulation of the bank's transaction approval systems for accounts that remain on the legacy Wachovia system. During the 2009 trial of *Gutierrez v. Wells Fargo* in northern California, the court room was sealed when testimony about a similar algorithm was given and an exhibit containing similar information was maintained under seal.

8. Exhibit 57 to Appendix III of the plaintiffs' class certification motion filed in *Garcia* and *Spears-Haymond* is a document numbered WFNC_0049534 through WFNC_0049633.  This document contains a detailed analysis of Wachovia's comprehensive business strategy prior to its merger with Wells Fargo.  This document was submitted to Wells Fargo during the due diligence phase prior to Wells Fargo's acquisition of Wachovia.  It contains specific information about Wachovia's commercial practices and business lines, and analyses of Wachovia's strengths and weaknesses.  Wells Fargo has kept it confidential and considers it to be extremely competitively sensitive.  Although Wachovia no longer exists as a separate entity, the business described in this document is now part of Wells Fargo, and the information contained in Exhibit 57 is still current and competitively sensitive.  If the document were publicly available, Wells Fargo's competitors would have access to highly confidential commercial information about large segments of Wells Fargo's business, and Wells Fargo would be commercially harmed.

9. Five of the exhibits filed in connection with the plaintiffs' supplemental brief in opposition to Wells Fargo's Motion to Dismiss, or, in the Alternative, to Stay in Favor of Arbitration, were filed under seal.  These documents were attached as exhibits to the Plaintiffs' Unopposed Motion to File Certain Exhibits Under Seal filed on October 13, 2011 ("October 13 Unopposed Motion").

10. Exhibit 1 to the October 13 Unopposed Motion is a document numbered WFNC_0121221 through WFNC_0121239.  This document provides a detailed report on research into customer preferences conducted by Wachovia in 2007.  The information contained within this document was costly to obtain, and is commercially valuable and competitively sensitive.  Wells Fargo keeps this information confidential.  If it were publicly released, Wells

Fargo's competitors could realize the benefits of using the information without having shared in the costs of producing it and would obtain access to confidential information about the preferences of Wells Fargo's current customer base, which would commercially harm Wells Fargo.

   11. Exhibit 2 to the October 13 Unopposed Motion is Wells Fargo's further supplemental response to plaintiffs' interrogatory number 11.  This interrogatory requested aggregate total dollar amounts of overdraft fees assessed against the bank's customers, the aggregate total dollar amount of overdraft fees that have been forgiven or otherwise reversed, and the number of customers whose accounts have been assessed more than one overdraft fee on a single day.  The answers to this interrogatory contain detailed and specific, state-by-state and month-by-month information about Wells Fargo's financial performance.  Wells Fargo keeps this information confidential and considers it to be extremely competitively sensitive.  Its public release would provide Wells Fargo's competitors with detailed information about Wells Fargo's financial performance and consumer deposit portfolio, which would commercially harm Wells Fargo.

   12. Exhibit 3 to the October 13 Unopposed Motion is excerpts of a document produced to the plaintiffs with bates numbers WF-M_0005677, WF-M_0005683, and WF-M_0005689, containing three tables providing specific information about the bank's overdraft fee refunds by region on a monthly basis for three months in 2010.  Wells Fargo keeps this information confidential because it reveals the bank's financial performance and is considered extremely competitively sensitive.  Its public release would allow Wells Fargo's competitors to have access to details of Wells Fargo's financial performance, which would commercially harm Wells Fargo.

13. Exhibit 4 to the October 13 Unopposed Motion is a document numbered WF-M_0005758 through WF-M_0005760. This document contains details about an arbitration between Wells Fargo and one of its customers. Wells Fargo is required to keep information about the arbitration confidential under the rules of the arbitration. If the document were released publicly, it would disclose private details about a consumer's dispute with Wells Fargo.

14. Exhibit 5 to the October 13 Unopposed Motion is a Compliance Activity Report numbered WFNC_0427572 through WFNC_0427575. As a matter of practice, these types of documents are prepared for regulatory compliance management purposes. This particular document summarizes information gathered by Wells Fargo to assist the bank's regulator, the Office of the Comptroller of the Currency ("OCC") in monitoring regulatory risk arising out of various aspects of the bank's deposit-taking activities. The OCC instructs banks to keep information gathered for the agency's examinations strictly confidential.

15. The plaintiffs also filed four confidential documents under seal in support of their Response to Supplemental Brief Regarding Arbitration. These included the following documents.

16. A document numbered WF_0036044 through WF_0036059. This document provides details of a pilot program used to assist Wells Fargo bankers in making decisions about customer requests for fee reversals. Elements of this pilot program were later adopted throughout Wells Fargo. This document includes detailed information about how bankers process fee reversals and the criteria used to decide whether a customer's fee would be reversed. Wells Fargo considers this internal procedural information to be competitively sensitive. If this information were publicly available, it would provide Wells Fargo's competitors with access to

internal decision-making processes on this aspect of its business, thereby commercially harming Wells Fargo.

17. A document numbered WF_0344979 through WF_0345004.  This document also contains detailed information about Wells Fargo's process for handling requests for fee refunds and detailed information about Wells Fargo's customer base.  Wells Fargo maintains the confidentiality of this information.  For the reasons stated in the prior paragraph, this information is competitively sensitive and would commercially harm Wells Fargo if it were publicly available.

18. A document numbered WF_0159705 through WF_0159728.  This document contains detailed financial results and analysis of the bank's overdraft fee reversal policies and profile information about accounts that incur overdraft fees.  This information is kept confidential and is considered extremely competitively sensitive.  If this information were publicly available, Wells Fargo's competitors would have access to information about Wells Fargo's account profiles and other financial information, which would commercially harm Wells Fargo.

19. A document numbered WF_0263449 through WF_0263498.  This document contains a detailed analysis of Wells Fargo's customer research conducted in 2008 concerning Wells Fargo's resolution of customer problems.  The information in this document provides details about Wells Fargo's customer base and was costly to develop.  Wells Fargo maintains the confidentiality of this information and considers it to be competitively sensitive.  If it were released publicly, Wells Fargo's competitors would have access to the information without having contributed to the cost of developing it and Wells Fargo would be commercially harmed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of November, 2011, in Vacaville, CA.

*[Signature]*

Karen Moore