UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

_____

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

_____

**CAMPOS' PETITION TO INTERVENE FOR THE LIMITED PURPOSE OF
RECEIVING NOTICE REGARDING THE ALLOCATION AND DISTRIBUTION OF
ATTORNEYS' FEES PENDING FINAL APPROVAL OF SETTLEMENT**

Applicants, Campos Y Asociados a/k/a Adrian Campos, P.A. (hereinafter Campos' firm) and Adrian Campos (hereinafter "Mr. Campos")(collectively referenced as "Campos"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 24, petition this Court (the "District Court") for intervention in the above-captioned proceedings for the limited purpose of receiving notice regarding the allocation and distribution of attorneys' fees, costs and expenses in actions naming Alters Law Firm, P.A. (hereinafter "ALF") as Class Counsel including any actions currently pending against Bank of America, N.A. ("BofA") to provide Campos with the opportunity to protect its interests relating to any attorneys' fees which may be distributed, the most immediate and pertinent of which relate to the class action lawsuits styled *Tornes, et al. v. Bank of America*, N.A. S.D. Fla. Case No. 1:08-cv-23323-JKL and *Yourke, et al. v. Bank of America, N.A.*, S.D. Fla. Case No. 1:09-cv-21963-JLK ND Cal. Case No. 3:09-2186 resulting in the Settlement Fund pending final approval of settlement and Class Counsel's request for attorneys' fees, costs, expenses and service award. Campos submits that intervention of right is proper under Fed. R. Civ. P. 24(a); however, Campos requests that permissive intervention pursuant to Fed. R. Civ. P. 24(b) be granted in the alternative. In support of Campos' Petition to Intervene for the limited purpose of receiving notice regarding the allocation and distribution of attorneys' fees pending final approval of the settlement, Campos states as follows:

1

TABLE OF CONTENTS

I. PRELIMINARY STATEMENT……………………………………………..….3

II. JURISDICTION………………………………………………………………......4

    a. Campos Expressly Preserves Any and All Jurisdictional Objections…………..…4

    b. Ancillary Jurisdiction…………………………………………………………......5

III. INTRODUCTION……………………………………………………………….…5

    a. Campos' Pending State Court Action………………...…..……………….......5

IV. ARGUMENT………………………………………………………………….......7

    a. Campos Has a Right To Intervene; Therefore, the District Court Should Allow Campos' Intervention………………………………………………………....7

        i. Campos' Petition Is Timely Under the Circumstances……..…………......9

        ii. Campos Has an Interest Relating to Disbursements from the Settlement Fund, which is now the Subject of this Action…………………………..10

        iii. Disposing of the Action Without Allowing Campos To Petition the District Court for Relief in Connection with Actions Taken by Plaintiffs' Settlement Class Counsel May Impair or Impede Campos' Ability To Protect Its Interests………………………………………………………….11

            *Potential Prejudice Through Campos' Inability To Intervene Following Adjudication*……………………………………………….12

        iv. No Other Parties Adequately Represent Campos' Interests……………..14

            *Present Circumstances Suggest Campos' Interest are Not Represented by Other Parties*……………………………………….14

            *Inadequate Information Is Available Regarding the Proposed Fee Allocation by Settlement Class Counsel*…………………………15

    b. At a Minimum, The Court Should find that Campos May Permissively Intervene……………………………………………………………………......16

        i. Campos' Petition To Intervene Is Timely Under the Circumstances……16

        ii. Campos' Claims Share Common Questions of Fact and Law with the Main Action…………………………………………………………….....16

V. CONCLUSION…………………………………………………………….....17

I.      **PRELIMINARY STATEMENT**

Campos contributed to the class action lawsuits now forming the basis for the multidistrict litigation in association with former Lead Counsel, ALF (serving as Class Counsel and identified in the BofA Settlement Agreement[1]) as a joint venture partner and requests intervention for the limited purpose of receiving notice from Plaintiffs' Settlement Class Counsel to the BofA settlement regarding its plan of allocation of attorneys' fees, costs or expenses as may be approved by the District Court and paid from the Bank of America Settlement Fund. Appropriate notice to Campos is necessary to evaluate the potential impact any allocation and distribution may have on Campos' right to attorneys' fees accumulated in this action and to protect the integrity of Campos' separate action against Alters Law Firm, P.A. and Jeremy Alters, currently pending in The Circuit Court for the Eleventh Judicial Circuit in and for Mimi-Dade County, Florida styled *Campos Y Asociados a/k/a Adrian Campos, P.A. and Adrian Campos v. Alters Law Firm, P.A. f/k/a Alters, Boldt, Brown, Rash, Culmo, P.A. and Jeremy M. Alters,* Case No.: 11-7564CA03 (hereinafter "state court action"). Campos' interests, as evidenced by the state court action relate to a substantial portion of fees recovered through ALF from the Settlement Fund. Campos' state court action is a separate and distinct action; however, Campos' is situated so that any disposition of this action may, as a practical matter, impair Campos' interests, which are both contingent and direct in nature as they relate to the attorneys' fees awarded to Class Counsel through the Settlement Fund. Campos is not seeking affirmative relief from the District Court on the basis of any direct interests; rather, Campos only seeks to preserve such interests in the future to the extent Settlement Class Counsel's ultimate plan for allocation of fees, costs or expenses as finally approved by the District Court (which is not available at this time) is unfair or unreasonable.

Intervention of right is appropriate to avoid potential impairment of Campos' ability to protect such interests through post-judgment relief. Campos moves for intervention only to

---

1. The BofA Settlement Agreement states, "Settlement Class Counsel" means Bruce Rogow and Jeremy Alters of Alters Law Firm, P.A. . . . responsible for handling all Settlement-related matters on behalf of Plaintiffs." [D.E. #1885-1, ¶42]; *see also* Order Preliminarily Approving Class Settlement and Certifying Settlement Class stating, "subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following persons and entities as Class Counsel: ALTERS LAW FIRM, P.A., Jeremy Alters, Esq. Bruce Rogow, Esq." [D.E. #1520, ¶8]. The Order further provides, "[t]he Court appoints the following persons as Settlement Class Counsel: Bruce Rogow and Jeremy Alters of Alters Law Firm, P.A. . . . Settlement Class Counsel, a subset of Class Counsel, shall be responsible for handling all Settlement-related matters on behalf of Plaintiffs and the Settlement Class" [D.E. #1520, ¶9].

preserve future remedies through the District Court including, but not limited to, the imposition of an equitable lien on a portion of the Settlement Funds. The ultimate evaluation of related interests will not mature unless or until final settlement is approved by the District Court. At that time Campos should be afforded the opportunity to determine whether and to what extent allocation and/or distribution of fees, costs and expenses will adversely affect Campos' legitimate and protected rights.

The only means by which Campos' interests will be adequately protected is through the receipt of notice of Settlement Class Counsels' plan for allocation of fees, costs and expenses within a reasonable time after such an agreement is consummated.

Under the circumstances, it is necessary and appropriate to allow Campos to intervene for this limited purpose as Campos' interests are not adequately or appropriately represented by existing parties and any plans for the allocation and disposition of attorneys' fees may impair or impede Campos' legitimate and protectable interests.

## II.    JURISDICTION

### a. Campos Expressly Preserves Any and All Jurisdictional Objections

By virtue of seeking intervention for the limited purpose expressed herein, Campos expressly preserves any and all jurisdictional objections at this time and does not seek affirmative relief from the District Court. Campos has filed a related action pending in circuit court and, through this Petition, does not consent to the District Court's exercise of personal or subject matter jurisdiction relating to the claims pending in state court.[2] Campos does not invite the District Court to take any substantive action regarding its claims against ALF or Jeremy Alters in the state court action as it is Campos' position that the circuit court should continue to resolve the matter; instead, Campos files this Petition only in so much as is necessary to preserve a claim if in fact the filing of a claim is legally necessary.

---

2. A party has consented to personal jurisdiction when the party undertakes an affirmative act that fairly invites the court to resolve the dispute between the parties. By contrast, where a party has filed a timely and unambiguous objection to the court's jurisdiction, the party has not consented to jurisdiction even if the party has preserved its own options by simultaneously asserting whatever claims or defenses it has against the plaintiff. *United States v. Bradley*, 2008 U.S. Dist. LEXIS 26114 (S.D. Ga. Apr. 1, 2008)(citing *S.E.C. v. Ross*, 504 F.3d 1130,1148-50 (9th Cir. 2007)(to intervene is not to consent to personal jurisdiction where one must intervene to preserve claims or defenses but otherwise stands on one's non-consent to jurisdiction).

### b. Ancillary Jurisdiction

The District Court's exercise of ancillary jurisdiction over Campos' Petition for Intervention pursuant to Fed. R. Civ. P. 24(a) is proper. Ancillary jurisdiction allows the court to hear claims bearing "a logical relationship to the aggregate core of operative facts which constitute the main claim over which the court has an independent basis for federal jurisdiction." *Sweeney v. Athens Regional Medical Center*, 917 F. 2d 1560 (11th Cir. 1990)(quoting *Warren G. Klaban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 802 (5th Cir. 1974)). Such a nexus allows for ancillary jurisdiction over claims of intervenors of right. Under Fed. R. Civ. P. 24(a), an intervenor of right is one who claims an interest in the disputed property or transaction when the dispute puts at risk the intervenor's ability to protect that interest. *Id.* In the context of attorney fee disputes, the exercise of ancillary jurisdiction is particularly appropriate where the court invokes equitable jurisdiction over the proceeds of a settlement. *See e.g., Cappel v. Adams*, 434 F.2d 1278, 1280-81 (5th Cir. 1970). Mr. Campos, as explained below, provided invaluable service in the furtherance of the overdraft litigation resulting in ALF's position as Lead Counsel for Plaintiffs in the instant proceedings where such litigation efforts produced the actual Settlement Fund from which Mr. Campos was to receive his compensation.

## III.   INTRODUCTION

### c. Campos' Pending State Court Action

Campos has initiated the above referenced state court action based on a joint venture agreement existing between Campos and ALF entitling Campos to 25% of the fees recovered by ALF in cases originated by Campos including *In Re: Checking Account Overdraft Litigation*; MDL No. 2036. (S*ee* Campos' Complaint attached as ***Exhibit "1"***). In connection therewith, Campos has asserted a breach of contract claim against ALF and a claim for declaratory relief under the written Agreement executed by the parties and is attached to Campos' Complaint. The state court action is in its final stages of litigation; the Honorable Jennifer D. Bailey has set the state court action for jury trial during the two week period commencing January 17, 2012.

The relevant facts, which are more fully set forth in Campos' Complaint, involve Mr. Campos, who is a lawyer in good standing in Argentina and principal of the law firm, Campos Y Asociados. Mr. Campos is well respected in his country and has established business relationships and connections with many firms, government officials, and other high-level corporate figures in South America. In addition, Campos has worked with several law firms based in the United States in the past decade on a number of high exposure cases in the United States (including various product liability, mass action cases and, notably, multidistrict litigation). Campos and ALF started working together in the summer of 2008 in what culminated as a joint venture to pursue large scale litigation on a multi-national basis. Campos and ALF executed a written agreement in late July/early August of 2008 whereby Campos agreed to work exclusively with ALF and maintain an office on behalf of ALF/the joint venture. ALF agreed to make monthly payments to Campos and to pay twenty five percent of any fees recovered in cases originated by Campos for the joint venture. The overdraft litigation was originated by Campos and pursued by the joint venture following the introduction Campos coordinated with Osvaldo Raponi and Jaime Hunter prior to ALF's filing of the first proposed class action complaints in the Southern District of Florida against Wachovia Bank and Bank of America. ALF subsequently breached its contract with Campos, breached its fiduciary duty owed to Campos and prevented Campos from any future involvement in the overdraft litigation thereafter.

Notwithstanding ALF's material breach, Mr. Campos and his firm (together with Salpeter Gitkin, LLP, a Florida law firm) provided valuable services in furtherance of the overdraft litigation through skill, experience and reputation but for which ALF/Bruce S. Rogow, P.A. would not have been retained by, instituted an action on behalf of, served as Lead Counsel for, or obtained any recovery on behalf of the class action Plaintiffs in the instant proceedings. Campos has substantially contributed to the overdraft litigation in association with ALF as a joint venture partner and provided formal notice to the Plaintiffs' Executive Committee ("PEC") on October 10, 2011 (many of who were previously aware) of such contribution and related interest. According to Bruce Rogow, "[ALF] was the catalyst for the whole case."

Campos has always been entitled to receive compensation for efforts related to the overdraft litigation and Campos deserves the ability to protect his interests based on vital contributions which result in a recovery for Plaintiffs through ALF. Preservation of Campos'

right to protect this interest through the District Court to the extent necessary is consistent with what Fed. R. Civ. P. 24(a)(2) endeavors to accomplish.

## IV. ARGUMENT

The right to intervene in a civil action pending in a United States District Court is governed by Rule 24 and not by state law. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). Under Rule 24(a)(2), a party seeking to intervene as a matter of right must meet the following requirements:

> (1) the application must be timely;
>
> (2) the interest asserted must relate to the property or transaction that is the subject of the action;
>
> (3) the applicant must be situated such that disposition of the action may impede or impair the applicant's ability to protect that interest; and
>
> (4) the interest asserted must be represented inadequately by the existing parties to the lawsuit.

*Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989). If these four requirements are all met, intervention must be granted. *Id.* at 1213; *see also ManaSota-88, Inc. v. Tidwell,* 896 F.2d 1318, 1321 (11th Cir.1990); *United States v. State of Ga.,* 19 F.3d 1388, 1393 (11th Cir. 1994)(holding "once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion").

### a. Campos Has a Right To Intervene; Therefore, the District Court Should Allow Campos' Intervention

Campos' interest is of a direct and immediate character as it relates to the BofA Settlement Fund that is now the subject matter of this action and pursuit of the interest may be precluded to the extent Settlement Class Counsel does not allocate such fees, costs and expenses in a fair and reasonable manner.

Legal fees earned by a law firm permit the firm to intervene on the ground that the earned fees provide such a firm with an identifiable interest in the funds which are the subject of litigation. *Tydings & Rosenberg, LLP v. Zorzit*, 2011 Md. LEXIS 652 (Md. Oct. 25, 2011)(citing

7

*Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970)(Where the plaintiff attempted to substitute his counsel after signing the contingent fee agreement with the law firm, the law firm intervened in plaintiff's continued action against the defendant and claimed an interest in any legal fees which may be collected upon the resolution of that action.  The Fifth Circuit held that the law firm claimed an identifiable interest in the subject of the action against the defendant and was so situated that the final disposition of the action may as a practical matter impair or impede its ability to protect the law firm's interest.  The Circuit Court also noted that neither the plaintiff's nor the defendant's counsel involved in the suit were concerned with protecting the law firm's interest.  Therefore, there was a res in the legal fees which must be allocated as law and justice require between plaintiff's former and present counsel.).

The existence of a fee division agreement is an interest which is sufficient to support an intervention of right under Fed. R. Civ. P. 24(a). *See State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, 2003 U.S. Dist. LEXIS 22549 (E.D. La. Dec. 10, 2003)(citing *Scurto v. Siegrist*, 598 So. 2d 507 (La. App. 1st Cir. 1992) for the proposition that "[i]n the situation where a retained attorney associates, employs or procures the employment of another attorney to assist him in handling a case involving a contingency fee, the agreement regarding division of the fee is a joint venture which gives the parties to the contract the right to participate in the fund resulting from the payment of the fee by the client.") Certain courts have held that an agreement regarding division of attorneys' fees is a joint venture giving the parties to the contract the right to participate in the fund resulting from the eventual payment of such attorneys' fees.  *Sonnier, Jr. v. Tako Towing, Inc.*, 1992 U.S. Dist. LEXIS 16996, at *17 (E.D. La. 1992)("The suit by an attorney to recover pursuant to that agreement is a suit to recover for breach of the agreement to share in the fund resulting from payment of the fee.  It is not a suit for recovery of attorney's fees.").  Moreover, the existence of a contract right is an appropriate basis for intervention as a matter of right.  For example, a party seeking to recover settlement amounts allegedly owed pursuant to a contractual assignment and/or subrogation agreement may do so through intervention as of right under Fed. R. Civ. P. 24(a)(2). *See In re Lease Oil Antitrust Litig.*, 570 F.3d at 251-52 (State of Texas had right to intervene based on its claim to settlement funds); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366-67, 33 V.I. 311 (3d Cir. 1995) (contractual right as basis for intervention to recover Hurricane Hugo insurance proceeds).

Campos' interests directly relate to the Settlement Fund, now the subject of this action. Campos deserves and is entitled to compensation for the vital contributions made to the overdraft litigation through ALF and is entitled to protect its interest accordingly. To this effect, Campos is seeking affirmative relief though its state court action, where its claims are in the final stages of litigation with trial scheduled in January of 2012. Campos' most immediate interests relate to the class action lawsuits against BofA, the BofA Settlement Fund. Accordingly, Campos is entitled to intervene as a matter of right in order to protect such interests as is necessary.

Campos has a direct, substantial and legally protectable interest relating to the proceedings evidenced by the pending state court action based on its joint venture with ALF and the origination of the overdraft litigation; therefore, intervention of right is appropriate as a matter of law.

### i. Campos' Petition Is Timely Under the Circumstances

Campos' Petition to Intervene for the limited purpose expressed will not result in prejudice to the existing parties as it does not seek to alter the total award of attorneys fees. Campos' Petition is timely in light of the circumstances as it is being sought at this juncture due to events that have recently transpired. On October 3, 2011 ALF was removed/withdrew from its position on the Plaintiff's Executive Committee [D.E. #1912] giving rise to the suggestion that Campos' ability to protect its interests may be prejudiced. Further, it is widely known that Jeremy Alters is now the subject of a bar investigation and Campos has no way of knowing how such events will affect the allocation and distribution of attorneys' fees from the Settlement Fund. Campos has requested, but has not been provided with any information relating to the plan for allocation of fees, costs and expenses among Class Counsel with respect to the BofA or any other settlement and therefore cannot evaluate whether and to what extent such actions may impair or impede Mr. Campos' ability to protect his interests.

In this context and at this juncture Campos' Petition to Intervene is timely. *See Jones v. R.R. Donnelley & Sons*, 2005 U.S. Dist. LEXIS 1316 (N.D. Ill. Jan 3., 2005)(following settlement agreement, former counsel was entitled to intervene pursuant to Fed. R. Civ. P. 24(a) where although counsel waited until day of settlement approval hearing to file her attorney fee petition and failed to bring her clam to the attention of the court at hearing, class members would not have been unfairly prejudiced because class counsel did not claim that they would or could have obtained a larger allocation of attorneys fees).

There are four factors that must, at a minimum, be considered in passing upon the timeliness of a petition to intervene. These factors are: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Piambino v. Bailey*, 610 F.2d 1306 (5th Cir. Fla. 1980).

Until recently, Campos believed that its interests relating to the overdraft litigation would be adequately protected through ALF. However, upon learning of recent events, seeking assurances and being unable to confirm whether such interests continue to be adequately represented through ALF or otherwise, Campos is seeking intervention within a reasonable time. As such, the existing parties have not been prejudiced especially in light of the notice provided to the PEC on October 10, 2011 to confirm the parties knowledge of Campos' interest and requesting assurances; however, further explanation of the circumstances has not been provided to Campos hitherto. On the other hand, Campos would be severely prejudiced to the extent failure to allow intervention here, and in such limited capacity, causes Campos to suffer the inability to protect his rights since the adequacy of existing parties to protect such interest is not evident.

Suffice to say, the unexpected voluntary withdrawal of ALF from its position on the PEC and the ambiguity surrounding ALF's current involvement in the overdraft litigation renders Campos petition timely and appropriate. Refusal to provide transparency by the PEC/Plaintiffs' Settlement Counsel has prevented Campos from fairly and appropriately evaluating the necessity for interposing its interests in the District Court. Accordingly, Campos has established that this petition is timely.

### ii. Campos Has an Interest Relating to Disbursements from the Settlement Fund, which is the Subject of this Action

The interest requirement of Fed. R. Civ. P. 24(a)(2) is a practical guide designed to dispose of lawsuits by involving as many apparently concerned persons as compatible with efficiency and due process. In order to intervene in a lawsuit, Rule 24 does not require that the petitioner claim an interest in the property that is the subject of the suit, but only an **interest relating to that property**. *Tydings & Rosenberg, LLP v. Zorzit*, 2011 Md. LEXIS 652 (Md. Oct. 25, 2011)(emphasis added). "In determining the sufficiency of interest, this circuit requires that the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. This interest has also been described as a direct, substantial and legally protectable interest in the proceedings." *Purcell v. Bankatlantic Financial Corp.*, 85 F.3d 1508 (11th Cir. 1996)(quoting *Worlds v. Dept. of Health & Rehabilitative Serv.*, 929 F.2d 591, 594 (11th Cir 1991). Intervention for the limited purpose of resolving fee disputes over attorneys fees is proper under Rule 24(a)(2) on the basis that such intervention "comports with a commonsense view of the overall litigation". *See Inmates of the R.I. Training Sch. V. Martinez*, 465 F. Supp. 2d 131 (2006 DC RI); *see also Eastern Potato Dealers, Inc. v. Dibble & Miller*, P.C., 363 Fed. Appx 819 (2d Cir. 2010)(reversing order of district court which held motion to intervene asserting a charging lien on proceeds was not timely).

Campos' state court action directly relates to the Settlement Fund and the allocation and distribution of attorneys' fees therefrom. As set forth therein, Campos' is contractually and equitably entitled to twenty five percent of the attorneys' fees allocated to ALF in its representation of overdraft plaintiffs pursuant to the joint venture agreement existing between Campos and ALF and evidenced by the contract attached to Campos' Complaint filed in state court action (*see* Campos Complaint attached hereto as *Exhibit "1"*).

### iii. Disposing of the Action Without Allowing Campos To Petition the District Court for Relief in Connection with Actions Taken by Plaintiffs' Settlement Class Counsel may Impair or Impede Campos' Ability To Protects Its Interests

With regard to the third requirement under Fed. R. Civ. P. 24(a), it is generally agreed that in determining whether disposition of the action will impede or impair the applicant's ability to protect his interest the question must be put in practical terms rather than in strictly legal terms. *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, 2003 U.S. Dist. LEXIS 22549 (E.D. La. Dec. 10, 2003) )(citing Charles A. Wright, Arthur R.Miller & Mary Kane, *Federal Practice*

11

*and Procedure* § 1914 at 418 (2d ed. 1986)(explaining that with respect to an application to intervene, "the general rules on testing a pleading are applicable here. The pleading is construed liberally in favor of the pleader and the court will accept as true the well pleaded allegations in the pleading. […] The central purpose of the 1966 amendment was to allow intervention by those who might be practically disadvantaged by the disposition of the action and to repudiate the view, expressed in authoritative cases under the former rule, that intervention must be limited to those who would be legally bound as a matter of res judicata.")).

Campos is situated such that the disposition of this case may impair or impede his/its ability to protect such interests. *See e.g., Gaines v. Dixie*, 434 F. 2d 52 (5th Cir. 1970)(reversing district court's refusal to allow law firm to intervene to protect its interest in attorney fees determining that neither of the existing parties were concerned with protecting the firm's interest).

Practically, it is undeniable that disposing of class actions such as BofA may impair or impede Campos' ability to protect its interests to the extent that attorneys' fees are not allocated to ALF and Campos is thereafter precluded from otherwise seeking to protect his interest in same. In this instance, the disbursement of settlement funds in a manner inconsistent with Campos' interests would deprive Campos of a legitimate and legally protected right. While Campos has not attempted and does not seek to impose a right to attorney fees directly against any Settlement Fund at this time, the existence of its protectable right and the prejudice that may be suffered should Campos not be provided with an adequate opportunity to determine whether direct and further intervention is necessary is paramount. Accordingly, Campos satisfies the third requirement under Fed. R. Civ. P. 24(a)(2).

Notwithstanding the aforementioned basis for meeting the impairment requirement, additional grounds exist that suggest Campos' ability to protect its interests may be prejudiced upon disposition of this action.

*Potential Prejudice Through Campos' Inability To Intervene Following Adjudication*

An existing suit within the court's jurisdiction is a prerequisite for intervention. *Kendrick v. Kendrick*, 16 F.2d 744 (5th Cir. 1926). It is axiomatic that "[s]ettlement of a plaintiffs claim moots an action." *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).

12

An example of the potential prejudice which may result from Campos' inability to intervene prior to the disposition of this action is the interference of Campos' right to assert a future lien for attorney fees. Federal courts, although recognizing no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held. *Gottlieb v. GC Financial Corp.*, 97 F. Supp. 2d 1310, 1311 (S.D. Fla. 1999). Florida recognizes a charging lien as an equitable right to have costs and fees due an attorney for services in a suit secured to him in the judgment or recovery in that particular suit. *Sinclair, Louis, Siegel, Health, Nussbaum & Zavertnik v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983). To perfect a charging lien, the lienor-attorney need only demonstrate that he or she provided the parties to the litigation with timely notice of the interest. *Id.* at 1384. In order to be "timely," some courts have held that notice of an attorney's charging lien must be filed with the Court before the lawsuit has been reduced to judgment or dismissed pursuant to settlement. *See Heller v. Held*, 817 So. 2d 1023 (Fla. 4th DCA 2002). Other courts have suggested that a charging lien filed after entry of the final judgment is appropriate if the court has reserved jurisdiction for that purpose. *See Baker v. Hostetler*, LLP, 998 So 2d 1158 (Fla. 5th DCA 2009).

Without knowing the specific basis on which this Court intends to retain jurisdiction over attorney fee issues, it would undoubtedly be an inequitable result if Campos was to be precluded from protecting his/its interests in the future to the extent it is necessary and appropriate to do so.

Campos does not seek to impose a lien on any basis at this point albeit, in an abundance of caution, Campos did provide written notice to the PEC on October 10, 2011 of its intent to do so. Instead, Campos specifically requests the opportunity to seek appropriate relief such as a lien to the extent necessary to protect Campos' legitimate and legally protected interests. While Settlement Class Counsel has requested that this Court retain jurisdiction over the Parties to the BofA Settlement Agreement, it may not account for the interest of non-parties such as Campos.[3]

---

3. The BofA Settlement Agreement state that the Final Order shall "[r]eserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including BofA, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms. [D.E. #1885-1,¶72]. Additionally, the Settlement Agreement provides,"[t]he Court shall retain jurisdiction over the implementation, enforcement, and performance of [the] Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to [the] Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The court shall retain jurisdiction for the purpose of enforcing all terms of the Agreement…" [D.E. #1885-1, ¶126]. This basis, if adopted by the Court does not specifically address jurisdiction over Campos as a non-party with an interest in the eventual allocation and distribution of attorneys' fees.

Depending on the specific basis under which the District Court retains jurisdiction over fee/cost issues, disposition of the BofA action may prejudice Campos' ability to protect such interests in the event a final Order is entered following the November 7, 2011 approval hearing[4] and there will be no existing suit before this Court where such claims can be raised.

### iv. No Other Parties Adequately Represent Campos' Interest

*Present Circumstances Suggest Campos' Interests Are Not
Represented by Other Parties*

In a class action settlement, the District Court has an independent duty under Fed. R. Civ. P. 23 to the class and the public to ensure that attorneys' fees awards are reasonable and divided up fairly among plaintiffs' counsel. The court's duty to review attorneys' fees is no less compelling in common fund cases where a separate fund to pay attorney fees is created as part of the class action settlement. *In re: High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008). On a broad public level, fee disputes, like other litigation with millions at state, ought to be litigated openly. Attorneys' fees, after all, are not public secrets that will jeopardize national security if they are released to the public. *Id.* While the duty of lead counsel responsible for fee allocation is to apply a universally fair standard of allocation of funds to all participants, including itself, Lead Counsel/PEC has declined to disclose any information of their intentions regarding the allocation and distribution of attorney fees, which is in-and-of-itself an adverse position with respect to Campos; therefore, intervention of right for Campos is warranted.

As previously stated, Campos until recently believed that its interest relating to the overdraft litigation were adequately protected; however, the October 3, 2011 Order modifying the composition of the PEC entered at the behest of the PEC has presented unexpected circumstances giving rise to the presumption that Campos' interest are not protected. The basis for ALF's withdrawal has not been disclosed; ALF's intent to claim any fees has not been confirmed and the voluntary or involuntary forefeiture of some portion of fees that Campos' is

---

4. *See* Order Preliminarily Approving Class Settlement and Certifying Settlement Class ("the Court directs that a Final Approval Hearing shall be scheduled for November 7, 2011 at 9:30 a.m. to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted. [D.E. 1520, ¶28].

entitled to will unquestionably impair Campos' ultimate ability to protect his interest in such fees.

Moreover, it is apparent that the interests of other Class Counsel are not aligned with those of Campos as any benefit to ALF, and therefrom to Campos, will reduce the recovery pool for remaining Class Counsel.[5] Significantly, it is impossible for Campos to reach any conclusion regarding the foregoing because absolutely no information has been provided with respect to the plan of allocation or the extent to which recent events have impacted same.

To the extent Plaintiffs' Settlement Counsel/PEC/Lead Counsel requests, recommends or implements division and/or disbursement of fees, costs or expenses without applying standards that are fair and reasonable, disposal of the issues may impair or impede Campos' ability to protect his interests though legal or equitable claims.

Campos will be prejudiced to the extent such actions cause Campos to lose the opportunity to impress a lien upon the settlement proceeds should such protection be necessary in the event division and/or distribution proves to be adverse to Campos' legitimate and protectable interests.

*Inadequate Information Is Available Regarding the Proposed Fee Allocation by Settlement Class Counsel*

Despite the representation in the BofA Settlement Agreement that the Proposed "Final Approval Order"[6] will be attached to the motion for final approval of the Settlement..." [D.E. #1885-1, ¶25], no such Order has been made available to Campos and a Proposed Final Approval Order was not filed as an exhibit to Plaintiff's Motion for Final Approval of Settlement, Application for Service Awards, Class Counsel's Application for Attorneys' Fees, And Incorporated Memorandum of Law [D.E. #1885].

Despite a diligent search of the record documents filed with this Court through the Southern District's online CM/ECF filing system, no proposed Final Approval Order has been

---

5. *See e.g., Gaines v. Dixie*, 434 F. 2d 52 (5th Cir. 1970)(reversing district court's refusal to allow law firm to intervene to protect its interest in attorney fees determining that neither of the existing parties were concerned with protecting the firm's interest).

6. The "Final Approval Order" is defined in the BofA Settlement Agreement as the order and judgment that the Court enters upon finally approving the Settlement [D.E. 1885-1, ¶26].

found and therefore no evaluation can be made to determine whether the final relief sought by Class Counsel will adversely affect Campos' rights and interests. In the event the Court adopts Class Counsel's recommendations regarding the allocation or distribution of attorneys' fees in a form or format which is prejudicial to Campos, Campos may be unable to assert his claims or seek appropriate relief.

At this time Campos is unable to discern with any certainty:
1) The planned allocation of attorneys' fees the Plaintiff's Settlement Committee and/or Lead Counsel intend to request, suggest and/or implement in the BofA action;
2) Whether entitlement or amount of each firm's attorneys' fees will be approved or overseen by the District Court; and
3) Whether the Final Approval Order will reserve jurisdiction to consider all appropriate parties' entitlement to fees and process for allocation thereof.

Campos' ability to protect his interests may be impaired as a result of how post-judgment attorney fee issues are handled. Campos requests only to be provided with an opportunity to fairly evaluate this issue.

### b. At a minimum, the District Court should find that Campos may permissively intervene

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b). Pursuant to Rule 24(b) "[a] party seeking to intervene . . . must show that: (1)[the] application to intervene is timely; and (2) [the party's] claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989).

#### i. Campos' Petition To Intervene Is Timely Under the Circumstances

Campos' Petition to Intervene is timely under the circumstances as any potential claim to attorneys fees does not stand as justification for awarding additional fees, expenses or costs, but would be limited to determining what, if any, amount should be separated for ALF/Campos from the division of whatever fees, expenses and costs the Court finally awards to Plaintiffs.

To the extent Campos' interests are not adequately protected by the Settlement Class Counsel, judicial economy directs that all outstanding fee disputes should be resolved in one Court with jurisdiction and knowledge of the issues involved herein.

### ii. Campos' Claim Shares Common Questions of Fact and Law with the Main Action

The decision to grant or deny a motion for permissive intervention under Fed. R. Civ. P. 24(b)(2) falls within the sound discretion of the district court. Although the rule speaks in terms of a claim or defense, this is not interpreted strictly so as to preclude permissive intervention. *Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967); *see also W. States Mach. Co. v. S. S. Hepworth Co.*, 2 F.R.D. 145 (D.N.Y. 1941)("Fed. R. Civ. P. 24(b)(2) should be construed with great liberality"). In analyzing Rule 24(b)(2), the words "claim" or "defense" are not to be read in a technical sense, but only require some interest on the part of the applicant. *Sackman v. Liggett Group*, 167 F.R.D. 6 (E.D.N.Y. 1996). The principal consideration set forth in the rule is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Id.* Other relevant factors include the nature and extent of the intervenors interest, whether their interests are adequately represented and whether the applicants for intervention will contribute to a full development of the issues presented for adjudication. *Id*.

Additionally, the degree of commonality required may depend on the nature of the requested intervention[7] and a less stringent standard may be applied if an applicant seeks intervention for a limited purpose rather than full participation in the litigation. *See e.g., Charlie H. v. Whitman*, 213 F.R.D. 240 (D.N.J. 2003)(permitting permissive intervention finding Fed. R. Civ. P. 24(b)'s requirement of a "question of law or fact in common" with the main action were satisfied when a litigant who was not an original party to an action sought intervention for a the limited purpose of modifying a confidentiality order finding there is was no reason to require such a strong nexus of fact or law).

---

7. Note that some courts have adopted more flexible standards when intervention is conditioned in some way. *See e.g., Carroll v. American Federation of Musicians*, 33 F.R.D. 353 (S.D.N.Y. 1963)(Motion for permissive intervention coming some two years after notes of issue have been filed and virtually on eve of trial, was granted providing that proposed intervenors consented to have no further discovery except that presently outstanding upon which court had to rule, that proposed intervenors be promptly made available to defendants for examination, and that intervenors' complaint be limited to those issues raised in original pleading.)

The present case involves special circumstances that warrant permissive intervention and Campos' submits that the requisite nexus is satisfied by virtue of the limited relief sought and is therefore properly predicated on Campos' existing and potential claims relating to the settlement fund, the contents of which constitute a res subject to legal and equitable claims for attorneys' fees. As previously discussed, no prejudice will be sustained by existing parties as a result of Campos' intervention; therefore, permissive intervention is appropriate.

## V.     CONCLUSION

Based on the above and foregoing, Campos has established all the prerequisites to intervention. Campos' Petition is timely. Campos has demonstrated the existence of a direct, substantial and legally protectable interest relating to these proceedings. It is evident that the disposition of this action would as a practical matter impair Campos' ability to protect its interests. And no other parties adequately represent Campos' interest. Accordingly, intervention of right is appropriate as a matter of law. Campos respectfully requests the following relief along with any and all other relief this Court deems just and proper under the circumstances:

1. That the Court Order Plaintiffs' Settlement Class Counsel to provide notice of its plan of allocation and distribution of attorneys fees, costs and expenses to Campos within five (5) days after such plan has been approved by Settlement Class Counsel and Campos will thereafter have ten (10) days to assert legal or equitable claims in response thereto to the extent necessary and appropriate;

2. That this Court retain jurisdiction over all attorney fee issues including the allocation and distribution of same to the extent said allocation may adversely affect Campos' interests.

Dated: November 5, 2011              Respectfully Submitted,

                                     */s/ Jon D. Derrevere*
                                     _____
                                     Jon D. Derrevere (330132)
                                     jdd@derreverelaw.com
                                     Peri Rose Huston-Miller (67940)
                                     prh@derreverelaw.com
                                     DERREVERE, HAWKES, BLACK & COZAD

          2005 Vista Parkway, Suite 210
          West Palm Beach, FL 33411
          Telephone: (561) 684-3222
          Facsimile:  (561) 640-3050
          *Attorneys for Campos Y Asociados and Adrian Campos*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 5, 2011 on all parties of record on the Service List below.

          */s/ Jon D. Derrevere*
          _____
          Jon D. Derrevere (330132)