IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY

CAMPOS Y ASOCIADOS a/k/a                           Case No.:
ADRIAN CAMPOS, P.A., a Foreign
Corporation and ADRIAN CAMPOS,
Individually,

     Plaintiffs,

v.

ALTERS LAW FIRM, P.A. f/k/a ALTERS,
BOLDT, BROWN, RASH, CULMO, P.A.,
a Florida Corporation and
JEREMY M. ALTERS, individually,

     Defendants.

_____/

## **COMPLAINT**

COME NOW, Plaintiffs, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A.,

and ADRIAN CAMPOS, individually (hereinafter jointly referred to as "CAMPOS") by and

through the undersigned counsel and pursuant to The Florida Rules of Civil Procedure and the

additional legal authorities cited herein, sues Defendants, ALTERS LAW FIRM, P.A. f/k/a

ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. ("ALTERS LAW FIRM") a Florida

Corporation and JEREMY M. ALTERS ("ALTERS"), individually, and so states:

## **JURISDICTION AND VENUE**

1.     This is a civil cause of action for damages exceeding $15,000.00, exclusive of

prejudgment interest, attorney's fees and taxable costs.

2.      Venue is proper in Miami Dade County, Florida pursuant to §47.011, Fla. Stat. as the Defendants either reside in Miami Dade County or maintain their principal place of business in Miami Dade County.

## PARTIES

3.      Plaintiff, ADRIAN CAMPOS is a citizen of Argentina.

4.      Plaintiff, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. is a foreign company organized in the Argentine Republic with its principal place of business located at Paraguay 1233, Piso 6 Buenos Aires, Argentina.

5.      Defendant, ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. is a Florida corporation with its principal place of business at 4141 NE 2nd Avenue, Suite 201, in Miami-Dade County, Florida.

6.      Defendant, JEREMY M. ALTERS, is a resident of Miami-Dade County, Florida, is over the age of eighteen, and is otherwise sui juris.

## GENERAL ALLEGATIONS

7.      On or about July of 2008 CAMPOS entered into an Agreement (hereinafter the "Agreement") with the ALTERS LAW FIRM through ALTERS wherein CAMPOS agreed to work exclusively for the ALTERS LAW FIRM for a period of two (2) years on all potential new cases, maintain an office in Buenos Aires and open such other offices that may be necessary to promote the ALTERS LAW FIRM globally. A true copy of the Agreement is attached hereto as *Exhibit "A"*.

8.      At all times material ALTERS was acting on behalf of the ALTERS LAW FIRM and the ALTERS LAW FIRM directed, approved or ratified ALTERS' acts; therefore ALTERS LAW FIRM is fully responsible for ALTERS' actions.

9.      Pursuant to the Agreement the ALTERS LAW FIRM agreed to pay CAMPOS $30,000.00 per month for a period of two (2) years totaling twenty four (24) payments as a contribution to research and in furtherance of their relationship.  Additionally, the ALTERS LAW FIRM agreed to pay CAMPOS 25% of any case originated by CAMPOS for the ALTERS LAW FIRM.

10.     CAMPOS maintained an office in Argentina and promoted business for the ALTERS LAW FIRM in Latin America pursuant to the Agreement.

11.     CAMPOS generated significant relationships for the ALTERS LAW FIRM in Latin America and originated a number of cases for the ALTERS LAW FIRM pursuant to the Agreement including, but not limited to, a matter which is pending in the United States District Court, Southern District of Florida, Miami Division styled *In Re: Checking Account Overdraft Litigation*, MDL No. 2036.

12.     The ALTERS LAW FIRM has failed and refused to perform under the Agreement making only two (2) of the twenty four (24) payments and refusing to honor the 25% origination fee obligation.

13.     Attorney's fees and costs are recoverable under paragraph four (4) of the Agreement; CAMPOS has retained the undersigned counsel to enforce the terms of the Agreement and is obligated to pay said counsel reasonable attorneys' fees and costs for the services rendered in this action and in conjunction with the claims brought in this Complaint.

14.     All conditions precedent to this action have been satisfied, have occurred, or have otherwise been waived.

## COUNT I – BREACH OF CONTRACT
## AGAINST ALTERS LAW FIRM

15.     CAMPOS realleges and incorporates by reference paragraphs one (1) through

fourteen (14) as if fully alleged herein.

16.     In or about July of 2008, the ALTERS LAW FIRM entered into an Agreement with CAMPOS wherein CAMPOS agreed to work exclusively for the ALTERS LAW FIRM for a period of two (2) years on all potential new cases, maintain an office in Buenos Aires, and open such other offices that may be necessary to promote the ALTERS LAW FIRM globally. (*See Exhibit "A"*).

17.     Pursuant to the Agreement the ALTERS LAW FIRM agreed to pay CAMPOS $30,000.00 per month for a period of two (2) years totaling twenty four (24) payments as a contribution to research and in furtherance of a consultancy relationship.   Additionally, the ALTERS LAW FIRM agreed to pay CAMPOS 25% of any case originated for the ALTERS LAW FIRM. (Agreement ¶2).

18.     Under the Agreement, the ALTERS LAW FIRM's failure to make two (2) of the twenty four (24) payments constitutes a "material breach of [the] Agreement" and upon the second failed payment, the entirety of the remaining payments were due to CAMPOS within thirty (30) days.  (Agreement ¶3).

19.     Pursuant to the Agreement, CAMPOS agreed to work exclusively with the ALTERS LAW FIRM on all potential new cases including "mass, complex, and serious cases and cases involving serious injury, governments, aviation accidents, pesticides, tobacco, product liability, environmental accidents, maritime, defective drugs and medical devices, commercial and business disputes and other such cases." (Agreement ¶2).

20.     Because CAMPOS' referral of the aforementioned cases to other law firms would constitute a material breach of the Agreement, CAMPOS was not permitted to pursue remuneration regarding the aforementioned cases with any other firm.

21.     CAMPOS performed all of its obligations under the Agreement except as otherwise agreed and/or waived or excused by acts of the ALTERS LAW FIRM.   In furtherance of the relationship as memorialized in the Agreement, CAMPOS actively investigated, coordinated, developed and originated several potential cases for the ALTERS LAW FIRM.

22.     In furtherance of the Agreement, CAMPOS brokered significant relationships between the ALTERS LAW FIRM and various persons or "contacts" in Latin America such as top members of the government, law firms, attorneys and other noteworthy persons who were instrumental in the origination of cases pursued by the ALTERS LAW FIRM as a result of the Agreement with CAMPOS.

23.     In accordance with the Agreement, CAMPOS originated several cases for the ALTERS LAW FIRM including, but not limited to, a class action case pending in the United States District Court, Southern District of Florida, Miami Division styled *In Re: Checking Account Overdraft Litigation*, MDL No. 2036.

24.     ALTERS has acknowledged the above referenced class action case as one of several projects that originated through CAMPOS in his correspondence with James Gitkin on or about August 21, 2008.

25.     The ALTERS LAW FIRM materially breached the Agreement by making only two (2) of the twenty four (24) agreed upon $30,000.00 payments to CAMPOS and failing to pay the additional twenty two (22) payments in accordance with the terms of the Agreement; as a direct and proximate result of this breach, CAMPOS has been damaged in the amount of $660,000.00 exclusive of interest on that sum.

26.     The ALTERS LAW FIRM failed to make any of the remaining payments because it was drastically overextended and did not have the financial wherewithal to make the remaining

payments. Since its inception, the ALTERS LAW FIRM has had significant financial troubles and has been forced to borrow money from several lawyers and law firms in exchange for percentages on its cases. ALTERS' ultra extravagant lifestyle has continually depleted firm funds and impacted the financial stability of the firm.

27.     Additionally, one of the many defendants in the *In Re: Checking Account Overdraft Litigation* recently settled and the ALTERS LAW FIRM has failed and refused to pay CAMPOS the 25% CAMPOS is entitled to under the Agreement.  As a direct and proximate result of this material breach, CAMPOS has been damaged in the amount of the 25% origination fee recovered through the *In Re: Checking Account Overdraft Litigation* that CAMPOS would have otherwise received.

28.     But for the breach of contract by the ALTERS LAW FIRM, CAMPOS would have recovered the 25% fee; alternatively, CAMPOS could have received this fee from another law firm with whom he would have partnered but for the prohibition therefrom contained in the Agreement.

29.     Additionally, the ALTERS LAW FIRM's material breach of the agreement has resulted in the loss of business relationships and opportunities because ALTERS prevented CAMPOS from further involvement therein.  As a foreseeable result thereof CAMPOS has been deprived of opportunities to obtain payments, compensation and/or profit from the relationships that were damaged as a result of the ALTERS LAW FIRM's material breach.

WHEREFORE, Plaintiffs, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS,  individually respectfully demand judgment against the Defendant, ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. for damages in the amount of $660,000.00 plus 25% of the fees that the ALTERS LAW FIRM, P.A.

receives from the *In Re: Checking Account Overdraft Litigation* settlements plus damages for lost opportunity together with pre-judgment interest, taxable attorneys fees and costs and any other relief this Honorable Court deems just and equitable.

<u>**COUNT II – BREACH OF JOINT VENTURE AGREEMENT**</u>
<u>**AGAINST ALTERS LAW FIRM**</u>

30.      CAMPOS realleges and incorporates by reference paragraphs one (1) through fourteen (14) as if fully alleged herein.

31.      In or around July of 2008, CAMPOS and the ALTERS LAW FIRM entered into a joint venture agreement endeavoring to investigate, coordinate, develop and pursue new mass, complex, and serious cases in Latin America. *(See Exhibit "A")*.

32.      Prior to the commencement of the joint venture, the ALTERS LAW FIRM had no international presence and had not yet established its practice in Argentina.

33.      CAMPOS and the ALTERS LAW FIRM acted together with a joint interest in pursuing prosecution and settlement of mass, complex, and serious cases and cases involving serious injury, governments, aviation accidents, pesticides, tobacco, product liability, environmental accidents, maritime, defective drugs and medical devices, commercial and business disputes and other such cases.

34.      Pursuant to the Agreement CAMPOS agreed to maintain an office in Buenos Aires and to open such other offices necessary to promote the ALTERS LAW FIRM globally performing the joint ventures business activities from that location.

35.      CAMPOS did maintain an office location and promote the joint ventures business activities in Latin America pursuant to the Agreement.

36.      CAMPOS and the ALTERS LAW FIRM promoted their joint venture as "ABBRC Global".

37.     Pursuant to the Agreement, the ALTERS LAW FIRM agreed to pay CAMPOS $30,000.00 per month for a total of twenty four (24) months as a contribution to research and the ALTERS LAW FIRM also agreed to pay CAMPOS 25% of any fees generated on the cases CAMPOS originated for the Joint Venture (ABBRC Global) and prosecuted by the ALTERS LAW FIRM.

38.     In furtherance of the common purpose of the joint venture, it was the parties' intent that CAMPOS would work together with the ALTERS LAW FIRM to establish, develop and broker critical relationships with persons in Latin America in order to advance their common interest in the ultimate recovery on cases to be ultimately pursued by the ALTERS LAW FIRM.

39.     Pursuant to the agreement, the joint venture was limited to mass, complex and serious cases and did not include cases that CAMPOS normally pursues in Argentina in its general practice; the joint venture was also limited to a duration of two (2) years.

40.     Pursuant to the agreement, CAMPOS and the ALTERS LAW FIRM had joint control over the manner in which cases were investigated, developed and ultimately acquired. CAMPOS actively sought new cases as an agent of the joint venture ("ABBRC Global") and not as a separate entity.

41.     CAMPOS and the ALTERS LAW FIRM shared a proprietary interest in the successful recovery in cases pursued and likewise shared in the loss of time and effort expended in the event that said cases did not result in recovery.  CAMPOS risked losing the value of his services and therefore participated in and was subject to losses of the joint venture.

42.     In furtherance of the Agreement, CAMPOS brokered significant relationships on behalf of ABBRC Global between the ALTERS LAW FIRM and various persons or "contacts" in Latin America such as top members of the government, law firms, attorneys and other

noteworthy persons who were instrumental in the origination of cases pursued by the ALTERS LAW FIRM as a result of its Agreement with CAMPOS.

43.     Additionally, CAMPOS originated several cases on behalf of ABBRC Global for the ALTERS LAW FIRM pursuant to the Agreement including, but not limited to, the class action case pending in the United States District Court, Southern District of Florida, Miami Division styled *In Re: Checking Account Overdraft Litigation*, MDL No. 2036.

44.     The ALTERS LAW FIRM materially breached the joint venture Agreement by failing to pay CAMPOS twenty two (22) of the twenty four (24) $30,000.00 payments in accordance with the terms of the Agreement and as a direct and proximate result thereof, CAMPOS has been damaged in the amount of $660,000.00 exclusive of interest on that sum.

45.     Further, one of the many defendants in the *In Re: Checking Account Overdraft Litigation* recently settled and the ALTERS LAW FIRM has failed and refused to pay CAMPOS the 25% CAMPOS is entitled to under the Agreement.

46.     As a direct and proximate result of this material breach by the ALTERS LAW FIRM, CAMPOS has been damaged in the amount of 25% of the fee recovered in *In Re: Checking Account Overdraft Litigation* that CAMPOS would have otherwise received.

47.     But for the ALTERS LAW FIRM's breach, CAMPOS would have recovered a 25% fee from the ALTERS LAW FIRM; alternatively, CAMPOS could have recovered the 25% fee from another law firm with whom CAMPOS would have partnered but for the prohibition therefrom contained in the Agreement.

48.     Additionally, the ALTERS LAW FIRM's material breach of the agreement resulted in the loss of business relationships and opportunities when the ALTERS LAW FIRM prevented CAMPOS from further involvement therein.   As a foreseeable result thereof

CAMPOS has been deprived of opportunities to gain payment, compensation, and/or profit from the relationships that were damaged as a result of the ALTERS LAW FIRM's material breach.

WHEREFORE, Plaintiffs, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS, individually respectfully demand judgment against the Defendant, ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. for damages in the amount of $660,000.00 plus 25% of the fees that the ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. receives from the *In Re: Checking Account Overdraft Litigation* settlements plus damages for lost opportunity together with pre-judgment interest, taxable attorneys fees and costs and any other relief this Honorable Court deems just and equitable.

## COUNT III – BREACH OF FIDUCIARY DUTY AGAINST ALTERS/ALTERS LAW FIRM

49.     CAMPOS realleges and incorporates by reference paragraphs one (1) through fourteen (14) as if fully alleged herein.

50.     ALTERS, acting in his capacity as an agent of the ALTERS LAW FIRM and the ALTERS LAW FIRM, which is a party to the joint venture Agreement with CAMPOS, owed a fiduciary duty to CAMPOS to act in good faith and deal with CAMPOS fairly.

51.     ALTERS/ALTERS LAW FIRM willfully and intentionally breached the foregoing fiduciary duties to CAMPOS, and ALTERS derived an improper personal benefit in connection therewith.

52.     ALTERS acted in bad faith with a fraudulent purpose based on any or all of the following actions:

a.  Inducing CAMPOS to enter the Agreement and failing to take reasonable steps to compel the ALTERS LAW FIRM to pay CAMPOS the remaining $660,000.00

and the 25% origination fee owed under the Agreement in order to create a financial benefit for ALTERS individually.

b. Excluding CAMPOS from the business and financial advantages that were gained by ALTERS as a result of CAMPOS in connection with existing/ongoing cases and relationships maintained and/or generated by CAMPOS.

c. Pursuing cases that originated through CAMPOS and later deriving substantial personal financial benefit therefrom by effectively preventing CAMPOS from involvement in or recovery from those cases.

53. As a result of ALTERS/ALTERS LAW FIRM's willful and intentional breach of their fiduciary duties, CAMPOS has sustained damages and will continue to sustain damages including, but not limited to the loss of business opportunities and loss of origination fees that would have been received but for said breach.

WHEREFORE, the Plaintiffs, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS individually respectfully demand judgment against the Defendants, JEREMY M. ALTERS and ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. for damages including, but not limited to the $660,000.00 owed, lost opportunity costs, loss of origination fees, interest, and other such relief in law or in equity that this Court deems just and proper.

## COUNT IV – DECLARATORY RELIEF

54. CAMPOS realleges and incorporates by reference paragraphs one (1) through seven (7), ten (10), eleven (11), twelve (12) and fourteen (14) as if fully alleged herein.

55.     This is an action for Declaratory Relief pursuant to Chapter 86, Florida Statutes. In accordance therewith, CAMPOS seeks a declaration of its rights and obligations under the Agreement (*Exhibit "A"*) between CAMPOS and the ALTERS LAW FIRM.

56.     This Court has jurisdiction in this case pursuant to Chapter 86, Florida Statutes.

57.     There is a bona fide dispute between the parties regarding the 25% fee provision in the Agreement.

58.     CAMPOS has an actual present adverse and antagonist interest in the rights and responsibilities of the parties under the Agreement and there are doubts among the parties as to the rights and responsibilities under the agreement; CAMPOS is therefore entitled to have these doubts resolved by a declaration from this Court.

59.     There are doubts as to the amounts CAMPOS is entitled to receive from the ALTERS LAW FIRM in connection with settlement proceeds obtained from cases originated by CAMPOS for the ALTERS LAW FIRM pursuant to the Agreement.  Specifically, there is doubt as to whether CAMPOS is entitled to receive 25% of any case it originated for the ALTERS LAW FIRM under the Agreement.

WHEREFORE, Plaintiffs, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS individually request that this Court take jurisdictions over the subject matter and the parties, grant appropriate relief under the allegations presented, and enter a judgment declaring that CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. is entitled to receive 25% of the fee as specified in paragraph three of the Agreement attached to the Complaint as *Exhibit "A"* received by ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. from the settlement proceeds of any case originated by

CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. or ADRIAN CAMPOS as a result of the Agreement.

## COUNT V – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS AGAINST ALTERS/ALTERS LAW FIRM

60.   CAMPOS realleges and incorporates by reference paragraphs one (1) through eleven (11) and fourteen (14) as if fully alleged herein.

61.   Before meeting ALTERS in 2008, CAMPOS generated ongoing business relationships with multiple "contacts" in Latin America including senior government officials, law firms, attorneys and other noteworthy persons having mass, complex and other serious cases at their disposal (e.g. pesticide, government and overdraft bank cases), which he generated over a number of years by doing business with these individuals.

62.   At all times material, CAMPOS had advantageous business relationships with Roberto Porcel, Jaime Hunter, Osvaldo Raponi and other individuals.  ALTERS had knowledge of CAMPOS' advantageous business relationships with the foregoing.

63.   ALTERS intentionally and unjustifiably interfered with CAMPOS' business relationships by gaining influence over CAMPOS in order to obtain information, knowledge and an introduction to CAMPOS' "contacts" in connection with several projects and after inducing CAMPOS to enter into an Agreement under which CAMPOS would develop and foster relationships for the benefit of ALTERS, ALTERS negotiated with these persons directly intending to exclude CAMPOS from such business dealings.

64.   ALTERS knowingly and intentionally induced CAMPOS' "contacts" to sever their existing business relationships with CAMPOS so that ALTERS would have future business advantages with CAMPOS' "contacts".

65.     ALTERS had no prior relationship with CAMPOS' "contacts" independent from the relationships ALTERS wrongfully obtained through CAMPOS.

66.     As a direct and proximate result of ALTERS interference, CAMPOS has suffered damages including loss of future profits and opportunities that would otherwise have been realized through CAMPOS' "contacts" but for ALTERS' interference.

WHEREFORE, Plaintiffs, CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS, individually respectfully demand judgment against the Defendants, JEREMY M ALTERS and ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. and for damages including, but not limited to, lost opportunity, costs, interest, and such other relief in law or in equity that this Court deems just and proper.

## COUNT VI - FRAUD IN THE INDUCEMENT
## AGAINST ALTERS/ALTERS LAW FIRM

67.     CAMPOS realleges and incorporates by reference paragraphs one (1) through eleven (11) and fourteen (14) as if fully alleged herein.

68.     In or around July of 2008 CAMPOS and the ALTERS LAW FIRM entered into an agreement whereby ALTERS/ALTERS LAW FIRM agreed to pay CAMPOS $30,000.00 per month and 25% of fees on all cases originated by CAMPOS.

69.     Prior to the time that CAMPOS entered into the Agreement with the ALTERS LAW FIRM through ALTERS, ALTERS represented to CAMPOS that in the event CAMPOS originated cases for ALTERS/ALTERS LAW FIRM pursuant to the Agreement, CAMPOS would be entitled to receive 25% of the fee recovered by the ALTERS LAW FIRM/ALTERS for those cases.

70.     ALTERS induced CAMPOS to enter into and perform under the Agreement by making statements such as, "don't worry we have a deal. I'm not going to screw you. You have a

deal with me beyond any deal you have ever requested with anyone and [I] will honor it." (One of the countless statements made to CAMPOS in order to induce CAMPOS to enter into the Agreement).

71.     At the time ALTERS induced CAMPOS to enter into the Agreement, ALTERS knew that ALTERS/ALTERS LAW FIRM would not pay the 25% origination fee to CAMPOS in accordance with the terms of the Agreement and/or that the Agreement could not be enforced as written.

72.     Additionally, at the time ALTERS induced CAMPOS to enter into the Agreement, ALTERS knew that ALTERS/ALTERS LAW FIRM would not pay $30,000.00 per month for twenty four (24) months because ALTERS/ALTERS LAW FIRM did not have the financial wherewithal to make the agreed upon payments.

73.     ALTERS misrepresented the ALTERS LAW FIRM's financial status to CAMPOS in order to induce CAMPOS to enter into the Agreement.

74.     ALTERS knew or should have known that the ALTERS LAW FIRM was insolvent or otherwise significantly overextended at that time and therefore would be unable to honor the agreement as drafted.

75.     At all times material, ALTERS knew and intended that CAMPOS would rely on the false representation that CAMPOS would be paid $30,000.00 per month and/or would be paid the 25% fee for cases originated by CAMPOS pursuant to the Agreement.

76.     ALTERS represented to CAMPOS that CAMPOS would be entitled to $30,000.00 per month and the 25% origination fee for the specific purpose of inducing CAMPOS to enter into the Agreement and generate cases for ALTERS/ALTERS LAW FIRM's financial benefit.

77.     ALTERS knew and intended that CAMPOS would rely on the representation and would enter into the Agreement under which CAMPOS is prohibited from referring cases to any other law firm.

78.     In justifiable reliance on ALTERS' misrepresentation, CAMPOS entered into the Agreement and generated significant cases for the ALTERS LAW FIRM including, but not limited to, a class action case pending in the United States District Court, Southern District of Florida, Miami Division styled *In Re: Checking Account Overdraft Litigation*, MDL No. 2036.

79.     ALTERS/ALTERS LAW FIRM paid only two (2) of the twenty four (24) $30,000.00 payments under the Agreement and failed and refused to pay the remaining $660,000.00 to CAMPOS as promised.

80.     Additionally, one of the many defendants in the *In Re: Checking Account Overdraft Litigation* recently settled and ALTERS/ALTERS LAW FIRM has failed and refused to pay CAMPOS the 25% CAMPOS was promised by ALTERS/ALTERS LAW FIRM under the Agreement.

81.     CAMPOS justifiably relied on ALTERS' representation and was damaged as a result thereof.

82.     CAMPOS hired new personnel and was responsible for paying salaries, rent, bills, contracts, etc. that were organized around the $30,000.00 payment that CAMPOS expected to receive from ALTERS/ALTERS LAW FIRM.

83.     Campos has been damaged in the amount of all origination fees that could have been properly recovered by CAMPOS if CAMPOS had partnered with other law firms and originated cases in connection therewith. CAMPOS has also sustained damages for the loss of business opportunities and other losses resulting from ALTERS misrepresentations.

WEREFORE, Plaintiffs CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS, individually respectfully demand judgment against the Defendants, JEREMY M. ALTERS and ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. damages including but not limited to 25% of the fees received from the *In Re: Checking Account Overdraft Litigation* settlements plus damages for lost opportunity together with pre-judgment interest and such other relief in law or in equity that this Court deems just and proper.

## COUNT VII – NEGLIGENT MISREPRESENTATION AGAINST ALTERS/ALTERS LAW FIRM

84.     CAMPOS realleges and incorporates by reference paragraphs one (1) through eleven (11) and fourteen (14) as if fully alleged herein.

85.     In or around July of 2008 CAMPOS and the ALTERS LAW FIRM entered into an agreement whereby ALTERS/ALTERS LAW FIRM agreed to pay CAMPOS $30,000.00 per month and 25% of the fee on all cases originated by CAMPOS.

86.     Prior to the time that CAMPOS entered into the Agreement with the ALTERS LAW FIRM through ALTERS, ALTERS represented to CAMPOS that in the event CAMPOS originated cases for ALTERS/ALTERS LAW FIRM pursuant to the Agreement, CAMPOS would be entitled to receive 25% of the fee recovered by the ALTERS LAW FIRM/ALTERS for those cases.

87.     ALTERS made several representations to CAMPOS that ALTERS/ALTERS LAW FIRM would fully perform under the agreement. For example, ALTERS reassured CAMPOS that ALTERS/ALTERS LAW FIRM would perform by stating, "don't worry we have a deal. I'm not going to screw you. You have a deal with me beyond any deal you have ever

requested with anyone and [I] will honor it." (One of the countless statements made to CAMPOS in order to induce CAMPOS to enter into the Agreement).

88.     ALTERS was negligent in making said representation because ALTERS knew or should have known that ALTERS/ALTERS LAW FIRM could not fully perform under the Agreement and pay CAMPOS all sums due or alternatively that the agreement as drafted was unenforceable and would not be honored.

89.     At the time CAMPOS entered into the Agreement with the ALTERS LAW FIRM through ALTERS, ALTERS knew or should have known that the ALTERS LAW FIRM was financially unstable and overextended and thus unable to meet its obligations to pay CAMPOS under the terms of the Agreement.

90.     ALTERS knew or should have known that CAMPOS would rely on ALTERS' representations and based on thereon would enter into the Agreement with ALTERS/ALTERS LAW FIRM and generate cases for ALTERS/ALTERS LAW FIRM.

91.     ALTERS knew or should have known that CAMPOS would be damaged as a result of said reliance because CAMPOS was prohibited from referring cases to any other law firms under the terms of the Agreement.

92.     ALTERS knew or should have known that CAMPOS' reliance on ALTERS representations would result in ALTERS financial benefit and detrimental prejudice to CAMPOS.

93.     In justifiable reliance on ALTERS' misrepresentations, CAMPOS entered into the Agreement with the ALTERS LAW FIRM and pursuant thereto promoted and originated cases for the ALTERS LAW FIRM including, but not limited to, a class action case pending in the

United States District Court, Southern District of Florida, Miami Division styled *In Re: Checking Account Overdraft Litigation*, MDL No. 2036.

94.     One of the many defendants in the *In Re: Checking Account Overdraft Litigation* recently settled and the ALTERS LAW FIRM has failed and refused to pay CAMPOS the 25% fee CAMPOS was promised by ALTERS/ALTERS LAW FIRM under the Agreement.

95.     CAMPOS' has been damaged as a result of ALTERS' misrepresentations in the amount of all origination fees that could have been properly recovered by CAMPOS if CAMPOS had partnered with other law firms and originated cases in connection therewith.

WEREFORE, Plaintiff CAMPOS Y ASOCIADOS a/k/a ADRIAN CAMPOS, P.A. and ADRIAN CAMPOS, individually respectfully demand judgment against the Defendants, JEREMY M. ALTERS and ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. for damages including but not limited to 25% of the fees that ALTERS LAW FIRM, P.A. f/k/a ALTERS, BOLDT, BROWN, RASH, CULMO, P.A. receives from the *In Re: Checking Account Overdraft Litigation* settlements plus damages for lost opportunity together with pre-judgment interest and such other relief in law or in equity that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a trial by jury of any issue triable of right by a jury.

DATED this _____ 9 ᵗʰ _____ day of March, 2011.

DERREVERE, HAWKES, BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL  33411
Telephone:  (561) 684-3222
Facsimile:  (561) 640-3050
e-mail:  jdd@derreverelaw.com
e-mail:  prh@derreverelaw.com

By: _____
JON D. DERREVERE, ESQ.
FBN: 330132
PERI ROSE HUSTON-MILLER, ESQ.
FBN:  67940

## AGREEMENT

**THIS AGREEMENT** (the "Agreement") is made this _____ day of July, 2008 by and between Alters, Boldt, Brown, Rash, Culmo, P.A. ("ABBRC"), a Florida Professional Association. with its principal place of business located at 4141 NE 2nd Avenue, Suite 201, Miami, Florida 33137 and Adrian Campos P.A ("Campos Firm") with its principal place of business located at Arenales 1999, 6th Floor, Office "B", Ciudad Autonoma de Buenos Aires, (1124) Argentina, and both parties agree as follows:

Campos Firm and its principle, Adrian Campos, agree to work exclusively with ABBRC for a period of two (2) years on all potential new cases including but not limited to mass, complex, and serious cases, and cases involving serious injury, governments, aviation accidents, pesticides, tobacco, product liability, environmental accidents, maritime, defective drugs and medical devices, commercial and business disputes, and all other such cases (only excluding shareholder derivative, stock monitoring, and patent infringement cases, and cases that Campos Firm normally pursues in Argentina in its general practice). Campos Firm referring cases to other law firms shall be deemed a material breach of this Agreement (other than excluded cases referenced in the previous sentence); upon Campos Firm referring such cases, all monies paid to the firm shall be returned to ABBRC within thirty (30) days. Campos Firm further agrees to maintain an office in Buenos Aires and to open such other offices that may be necessary to promote ABBRC globally. Campos Firm shall put its best efforts towards promoting ABBRC globally, including in Latin America and throughout the world.

ABBRC shall pay Campos Firm $30,000.00 per month as a contribution to research and in furtherance of a consultancy relationship. Said funds shall be wired to Campos Firm on or before the 21th of each month for a period of two (2) years (24 payments). Wiring instructions are as follows: Adrian Campos: Bank of America - Florida – checking # 00367576830, Swift # 063100277. ABBRC failing to make two (2) payments will be deemed a material breach of this Agreement; upon the second failed payment, the entirety of the remaining payments will be due to Campos Firm within thirty (30) days. ABBRC shall provide bilingual (Spanish/English) brochures to Campos Firm within sixty (60) days of July 21, 2008, and shall ensure that Campos Firm has enough brochures to supply to potential clients. ABBRC shall pay or coordinate the payment for all expenses associated with active cases and the investigation of potential cases that have been opened as a case and deemed worthy of pursuing by ABBRC. Campos Firm shall typically receive 25% of any case it refers to ABBRC (with Salpeter Gitkin, LLP receiving 5 of Campos Firm's 25 percentage points).

This Agreement shall be interpreted and construed in accordance with the laws of the State of Florida without regard to its conflict of laws principles. Any suit, action or proceeding with respect to this Agreement, or any judgment entered by any court in respect to this Agreement shall be brought exclusively in the courts of the State of

**EXHIBIT "A"**

Florida or the United States District Court for the Southern District of Florida in Miami-Dade County, Florida, and the parties hereby accept the exclusive personal jurisdiction of those Courts for the purpose of any suit, action or proceeding.  Except as otherwise specifically provided for in this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees, and costs, including at trial and at all appellate levels.   The existence of this written Agreement and its terms shall be confidential (excluding Salpeter Gitkin, LLP).  No party may divulge the existence of this written Agreement or any of its terms to any non-party without prior written consent from the other party.  The parties may divulge that they are working together to other persons.

        **IN WITNESS WHEREOF** the parties have caused this Agreement to be executed in the day and year first above written.

ALTERS, BOLDT, BROWN, RASH, CULMO, P.A.

By: _____

Its: _____

ADRIAN CAMPOS LAW FIRM

By: _____

Its: _____