UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### THE R&H APPLICANTS' PETITION FOR INTERVENTION AS TO ALLOCATION OF ATTORNEY'S FEES

Applicants, RAPONI & HUNTER ABOGADOS ("R&H"), OSVALDO A. RAPONI ("Raponi"), and JAIME E. HUNTER ("Hunter") (collectively "the R&H Applicants"), through their counsel and pursuant to Fed. R. Civ. P. 24, petition this Court for intervention in the above-captioned proceedings for the purpose of receiving notice and participating regarding the allocation and distribution of attorneys' fees, costs and expenses in actions naming Alters Law Firm, P.A. (hereinafter "ALF") as Class Counsel including any actions currently pending against Bank of America, N.A. ("BofA") to provide the R&H Applicants with the opportunity to protect their interests relating to any attorneys' fees which may be distributed, including fees relating to the class action lawsuits styled *Tornes, et al. v. Bank of America*, N.A. S.D. Fla. Case No. 1:08-cv-23323-JKL and *Yourke, et al. v. Bank of America, N.A.*, S.D. Fla. Case No. 1:09-cv-21963-JLK ND Cal. Case No. 3:09-2186 resulting in the Settlement Fund pending final approval of settlement and Class Counsel's request for attorneys' fees, costs, expenses and service award. The R&H Applicants submit that intervention of right is proper under Fed. R. Civ. P. 24(a); however, they also request that permissive intervention pursuant to Fed. R. Civ. P. 24(b) be granted in the alternative.

RUSSOMANNO & BORRELLO, P.A.

On October 4, 2011, the R&H Applicants filed a Notice of Attorney's Fee Lien, Application for Attorney's Fee, and Request for Special Master. [DE 1951 and attached hereto] As explained in the Application, Mr. Raponi and Mr. Hunter are citizens of Argentina, lawyers licensed to practice law in Argentina, and members of the law firm of R&H. They were the architects, progenitors and originators of the litigation initiated by the Alters Law Firm ("ALF"), which resulted in this Multi-District Litigation and the successful settlement with Bank of America ("BofA"). They also provided significant contributions to ALF and its attorneys in pursuing these claims.

On October 5, 2011, the R&H Applicants appeared at the hearing on the Court's Order Setting Hearing to Consider Appointment of a Master. At that hearing, Plaintiff's co-lead counsel and the R&H Applicants' counsel advised the Court that they would make efforts to resolve the R&H Applicants' attorney's fee lien. This was confirmed by the PEC in its Agreed Notice Regarding Raponi & Hunter's Application filed on October 19, 2011. [DE 2010]

On October 27, 2011, the R&H Applicants' counsel and Plaintiff's co-lead counsel met to discuss resolution of the R&H Applicants' Application for Attorney's Fee and have had additional telephonic discussions. To date, however, the matter of the R&H fee has not been resolved. However, the parties have agreed to continue discussions following the hearing on November 7, 2011. Should these further efforts fail to resolve the R&H fee claim, R&H will need the Court to resolve their Application.

The R&H Applicants believe that their right to participate in the allocation of attorney's fees in this case is perfected by their Notice of Lien and Application for Attorney's Fees. That is because a court has ancillary jurisdiction over the resolution of disputes between a party to a federal lawsuit and that party's attorneys over the proper amount of fees due the attorneys for

work performed in the lawsuit. *See Ross v. Carnival Corp.,* 2011 WL 4527425 (S.D. Fla. 2011) (Mag. J. Torres) and *Hogben v. Wyndham Intern., Inc.* 2007 WL 2225970 (S.D. Fla. 2007) (Mag. J. Torres) both cases citing to *Gottlieb v. GC Financial Corp.,* 97 F.Supp.2d 1310 (S.D.Fla.1999) and *Zaklama v. Mount Sinai Medical Center,* 906 F.2d 650 (11th Cir.1990) (both adjudicating post-judgment attorney's fees disputes under Florida law charging liens).

Nevertheless, the R&H Applicants file this Petition for Intervention in an abundance of caution to ensure that their rights are protected in this proceeding. In support of this Petition for Intervention, the R&H Applicants incorporate by reference their Notice of Lien and Application for Attorney's Fees [DE 1951]. In addition, the R&H Applicants incorporate the points and authorities referenced by Campos Y Asociados a/k/a Adrian Campos, P.A. and Adrian Campos in their Petition for Intervention filed on November 5, 2011. [DE 2083]

The R&H Applicants are entitled to intervention as a matter of right. Their application is timely. Their interest relates to the property that is the subject of this action. They are situated such that disposition of this action may impede or impair ability to protect their interest. Their interest is not adequately represented by the existing parties to the lawsuit. *See* Fed. R. Civ. P. 24(a)(2); *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989); *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989).

Alternatively, the R&H Applicants are entitled to permissive intervention under Federal Rule of Civil Procedure 24(b) as their application to intervene is timely and their claim has a question of law and fact in common to the fee allocation claim before this Court. *See Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989).

Based on the foregoing, the R&H Applicants respectfully request the following relief along with any and all other relief this Court deems just and proper under the circumstances:

CASE NO. 09-MD-02036-JLK

1. That the Court Order Plaintiffs' Settlement Class Counsel to provide notice of its plan of allocation and distribution of attorneys fees, costs and expenses to the R&H Applicants within five (5) days after such plan has been approved by Settlement Class Counsel and the R&H Applicants will thereafter have ten (10) days to assert legal or equitable claims in response thereto to the extent necessary and appropriate;

2. That this Court retain jurisdiction over all attorney fee issues including the allocation and distribution of same to the extent said allocation may adversely affect the R&H Applicants' interests.

Dated: November 6, 2011           Respectfully submitted,

/s/ Herman J. Russomanno
Herman J. Russomanno (Fla. Bar No. 240346)
Robert J. Borrello (Fla. Bar No. 764485)
Herman J. Russomanno III (Fla. Bar No. 021249)
RUSSOMANNO & BORRELLO, P.A.
Attorneys for Plaintiff
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile:  (305) 373-2103

Stuart N. Ratzan (Fla. Bar No. 911445)
RATZAN LAW GROUP, P.A.
1450 Brickell Avenue
Suite 2600
Miami, Florida 33131-3456
(305) 374-6366
(305) 374-6755 (Fax)

Richard J. Diaz -(Fla. Bar No. 0767697)
RICHARD J. DIAZ, P.A.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178

CASE NO. 09-MD-02036-JLK

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Herman J. Russomanno III