UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:09-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036
_____/

THIS DOCUMENT RELATES TO:

*Dasher v. RBC Bank (USA)*,
S.D. Fla. Case No.  1:10-CV-22190-JLK

*Avery v. RBC Bank*,
E.D. N.C. Case No. 5:10-cv-329

_____/

**DEFENDANT RBC BANK (USA)'S REPLY TO
"PLAINTIFFS' RESPONSE TO DEFENDANT RBC BANK (USA)'S
NOTICE OF SUPPLEMENTAL AUTHORITY" [DE 2101]**

Although a "reply" to a response to a notice of supplemental authority is unusual, defendant RBC Bank (USA) ("RBC") must submit this reply given the even more unusual tactic taken by Plaintiffs' counsel in *Plaintiffs' Response to Defendant RBC Bank (USA)'s Notice of Supplemental Authority* ["*Plaintiff's Response*"; DE 2101].

*Plaintiffs' Response* does not just address the legal import of the November 7, 2011, decision by the United States Supreme Court styled *KPMG LLC v. Cocchi*, No. 10-1521, *slip op.* (Nov. 7, 2011), which RBC filed as supplemental authority in support of its *Renewed Motion to Compel Arbitration*. *See Notice of Supplemental Authority* [*etc.*] [DE 2094]. Were *Plaintiffs' Response* properly so limited, no reply would be filed. However, Plaintiffs' counsel seek through *Plaintiffs' Response* to supplement their arguments against arbitration in this case with deposition discovery taken in another case, one in which RBC is not even involved. That wholly

improper tactic – one especially improper in the context of a "response" to a notice of supplemental authority – necessitates this reply.

On November 7, 2011, RBC filed its *Reply in Support of Defendant RBC Bank (USA)'s Renewed Motion to Compel Arbitration and Dismiss or Stay Cases* [DE 2092], which completed the briefing on RBC's *Renewed Motion to Compel Arbitration* [DE 1929]. Coincidentally, on the same day, the Supreme Court issued the *KPMG* decision, which RBC filed as supplemental authority on November 8. Plaintiffs, in the course of arguing that a Supreme Court opinion beginning with the statement, "Agreements to arbitrate that fall within the scope and coverage of the Federal Arbitration Act (Act), 9 U. S. C. §1 *et seq.*, must be enforced in state and federal courts," *KPMG*, *slip op*. at 1, "has no relevance to the case at bar," refer the Court to a deposition of an American Arbitration Association ("AAA") representative taken in certain <u>Wells Fargo actions</u> in these MDL proceedings, *see Plaintiffs' Opposition* at 1-2. Obviously, reference to a deposition taken those actions is not properly part of a "response" to a notice of supplemental authority filed in this action against RBC.

The Court should not only disregard Plaintiffs reference to the AAA deposition, the reference should be stricken from the record of this action. The Court is familiar with the disputed nature of the AAA testimony; indeed, the AAA moved to file an *amicus* brief addressing what it perceived to be Plaintiffs' counsel's misrepresentations regarding that testimony in Plaintiffs' counsel's briefing in the *Wells Fargo* actions. *See Non-Party American Arbitration Association's Motion for Leave to File Amicus Curiae Memorandum to Address Misrepresentations Concerning the AAA's Deposition Testimony* [DE 2042]. Plaintiffs' counsel filed an objection to the AAA's motion. *See Plaintiffs' Response to Non-Party American Arbitration Association's Motion for Leave to File Amicus Curiae Memorandum Concerning Arbitration Motions* [DE 2049]. The Court denied the AAA's motion just last week. *See Order*

*Denying Non-Party American Arbitration Association's Motion for Leave to File Amicus Curiae Memorandum* [DE 2070].

Apparently now that they are armed with that ruling, Plaintiffs' counsel feel free to inject the AAA representative's deposition testimony into any of these MDL proceedings as they deem fit. That is improper. The deposition was not taken in <u>this</u> action, as shown by the fact that the briefing of the AAA's motion and the Court's ruling were filed under the styles of certain *Wells Fargo* actions. *See* DEs 2042, 2049, and 2070, all at 1. Moreover, <u>RBC's counsel was not even notified of the AAA deposition nor did RBC's counsel have the opportunity to attend (much less actually attend) the deposition.</u> As shown by the appearance listing, the only counsel at the deposition were the AAA's counsel, a member of Plaintiffs' counsel's team, counsel for Wells Fargo, and counsel for JPMorgan Chase. *See* DE 2049-1 (transcript) at Pages 1-3 of 164.[1] Therefore, the deposition cannot properly be used against RBC. *See* Fed. R. Civ. P. 32(a)(1)(A) (conditioning use of a deposition on, *inter alia*, that "the party was present or represented at the taking of the deposition or had reasonable notice of it").

Thus, Plaintiffs are attempting to use a deposition transcript in a different case where RBC was not represented to argue against RBC's *Renewed Motion to Compel Arbitration* in this case. The Court should not countenance that tactic, and especially not in the circumstances of this case, which is on remand from the Eleventh Circuit.

As the Court is well aware, the Court is considering RBC's *Renewed Motion to Compel Arbitration* under the auspices of the Eleventh Circuit's vacating and remanding of the Court's denial of arbitration to RBC for reconsideration in light of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The Court has already been through this process with the other Second Tranche banks, which is the tranche to which RBC was first assigned. *See* J*oint Report re List of*

---

[1] For ease of reference, a copy of these pages is attached as Exhibit **A**.

3

*Cases in Second Tranche* [DE 1494]. Plaintiffs themselves recognize that "[g]iven that Mr. Dasher and RBC agreed to have the Eleventh Circuit remand this Court's Order denying the prior arbitration motion to allow for consideration of *Concepcion*, <u>the Court's review should be so limited</u>." *Plaintiffs' Response in Opposition to Defendant's Renewed Motion to Compel Arbitration and Dismiss or Stay Cases* [DE 2020] at 2 (emphasis added). Thus, even aside from the impropriety of attempting to use the transcript of a deposition taken without notice to RBC in an action in which RBC is not involved, Plaintiffs attempt to insert the transcript into this case through the vehicle of their "response" to RBC's *Notice of Supplemental Authority* violates the terms of the Eleventh Circuit's remand to this Court – which Plaintiffs themselves expressly recognize is "limited" to *Concepcion*'s impact on the Court's prior ruling.

Therefore, RBC respectfully submits that the Court should reject Plaintiffs' invitation to consider the AAA deposition transcript and should strike reference to it from the record of <u>this</u> action, as that transcript cannot properly be considered in this action under the Federal Rules or the terms of the Eleventh Circuit's remand to this Court – or, for that matter, the law governing consideration of motions to compel arbitration, as the deposition transcript is wholly irrelevant to the issues raised by RBC's *Renewed Motion to Compel Arbitration*.

                                        Respectfully submitted,

Date: November 10, 2011        **AKERMAN SENTERFITT**
                                        One S.E. Third Avenue — 25th Floor
                                        Miami, FL 33131-1714
                                        Tel.: 305-374-5600
                                        Fax: 305-374-5095

                                        By: <u>s/ Christopher S. Carver</u>
                                           CHRISTOPHER S. CARVER, ESQ.
                                           Florida Bar No. 993580
                                           E-mail: christopher.carver@akerman.com
                                           STACY J. HARRISON, ESQ.
                                           Florida Bar No. 44109
                                           E-mail: stacy.harrison@akerman.com

**AKERMAN SENTERFITT**

420 South Orange Avenue
Post Office Box 231
Orlando, FL  32802-0231
Tel.:  407-423-4000
Fax:  407-843-6610

By: <u>s/ Virginia B. Townes            </u>
    VIRGINIA B. TOWNES, ESQ.
    Florida Bar No.  361879
    E-mail: <u>virginia.townes@akerman.com</u>

*Attorneys for Defendant RBC Bank (USA)*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that true and correct copies of *Defendant RBC Bank (USA)'s Reply to "Plaintiffs' Response to Defendant RBC Bank (USA)'s Notice of Supplemental Authority" [DE 2101]* were served via transmission of Notices of Electronic Filing generated by CM/ECF on November 10, 2011, on all counsel or parties of record on the Service List below, as well as on all other counsel who have entered appearances in MDL 2036.

<u>s/Christopher S. Carver            </u>

## SERVICE LIST

*In re: Checking Account Overdraft Litigation*, Case No. 1:09-md-02036-JLK
Relating to: *Dasher v. RBC Bank (USA)*, Case No. 1:10-cv-22190-JLK
*Avery v. RBC Bank*, E.D. N.C. Case No. 5:10-cv-329

### United States District Court, Southern District of Florida

*Counsel for Plaintiff Michael Dasher*
(service by CM/ECF)

Jeffrey M. Ostrow, Esq.
David L. Ferguson, Esq.
**KOPELOWITZ OSTROW FERGUSON
  WEISELBERG KEECHL**
200 S.W. First Avenue, 12th Floor
Ft. Lauderdale, FL 33301
Tel.: 954-525-4100
Fax: 954-525-4300
E-mail: ostrow@kolawyers.com
E-mail: ferguson@kolawyers.com

Darren T. Kaplan, Esq.
**CHITWOOD HARLEY HARNES, LLP**
1230 Peachtree Street, N.E.
2300 Promenade II
Atlanta, GA 30309
Tel.: 404-873-3900
Fax: 404-876-4476
E-mail: dkaplan@chitwoodlaw.com

*Plaintiffs' Coordinating Counsel*
(service by CM/ECF)

Robert C. Gilbert, Esq.
**GROSSMAN ROTH, P.A.**
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel.: 305-442-8666
Fax: 305-779-9596
E-mail: rcg@grossmanroth.com

*Counsel for Defendant RBC Bank (USA)*
(service by CM/ECF)

Virginia B. Townes, Esq.
Carrie Ann Wozniak, Esq.
**AKERMAN SENTERFITT**
420 South Orange Avenue
Post Office Box 231
Orlando, FL 32802-0231
Tel.: 407-423-4000
Fax: 407-843-6610
E-mail: virginia.townes@akerman.com
E-mail: carrieann.wozniak@akerman.com

Christopher S. Carver, Esq.
Stacy J. Harrison, Esq.
**AKERMAN SENTERFITT**
One S.E. Third Avenue – Suite 2500
Miami, FL 33131-1714
Tel.: 305-374-5600
Fax: 305-374-5095
E-mail: christopher.carver@akerman.com
E-mail: stacy.harrison@akerman.com

*Counsel for Plaintiff Stephanie Avery*
(service by CM/ECF)

Inez de Ondarza Simmons, Esq.
5 West Hargett Street – Suite 808
Raleigh, NC 27603
E-mail: inezsimmons@inezlaw.com