UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
THIRD TRANCHE ACTIONS

*Duval v. Citizens Financial Group, Inc.*
N.D. Ill. Case No. 1:10-cv-00533
S.D. Fla. Case No. 1:10-cv-21080-JLK

*Daniels v. Citizen Financial Group, Inc.*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. 1:10-cv-22014-JLK

*Blankenship v. RBS Citizens, N.A.*
D. RI. Case No. 10-cv-02718
S.D. Fla. Case No. 1:10-cv-22942-JLK

DECLARATION OF JOHN GRAVANTE III IN SUPPORT OF
RESPONSE TO PRO SE CORRESPONDENCE FILED BY
GREGORY MURPHY AND MOTION TO WITHDRAW

I, John Gravante, declare as follows:

1. I am an attorney at the law firm of Podhurst Orseck, P.A. The firm is co-lead counsel for Plaintiffs and a member of the Plaintiffs' Executive Committee ("PEC"). I have personal knowledge of the facts stated herein and, if called upon, could competently testify thereto.

1

2. On October 12, 2011, Lisa Gates, Esq., an attorney with Jones Day, counsel for Defendants, communicated her concern to me about deposing Mr. Murphy. She revealed that her firm had conducted a background search on Mr. Murphy that had revealed both his criminal history and certain mental health issues to which Mr. Murphy allegedly had admitted during his court proceedings.

3. Later that day, I engaged in communications with Hassan Zavareei, Andrea Gold, and attorneys from other firms on the PEC regarding additional information that had been discovered by Tycko & Zavareei L.L.P. ("TZ") regarding Mr. Murphy. We decided that we could not, in good faith, represent to the Court that Mr. Murphy was an adequate representative of the putative class. As such, we decided to cancel Mr. Murphy's deposition. We also decided to seek Mr. Murphy's permission to voluntarily dismiss his complaint without prejudice.

4. I did not inform counsel for Defendants that Mr. Murphy's deposition was cancelled or that he had agreed to voluntarily dismiss his claims until after being informed that Mr. Murphy had provided his consent to Mr. Zavareei and Ms. Gold. Thereafter, at approximately 11 a.m. on October 13, I spoke to Lisa Gates, Esq. and informed her that Mr. Murphy's deposition was being cancelled and that he would be voluntarily dismissing his claims. Shortly thereafter, I sent an e-mail to her confirming the same.

5. Subsequently, TZ and I began to receive false and threatening emails from Mr. Murphy. As a result, we determined that telephone calls with Mr. Murphy should occur with at least two attorneys present on the calls— one from TZ and one lawyer from the PEC. On at least three occasions, Ms. Gold, Mr. Zavareei and/or I attempted to schedule a

2

telephone call with Mr. Murphy in order to discuss his concerns. Mr. Murphy declined these requests.

6. Mr. Murphy continued to send a number of emails to TZ and to me in which he repeated his false, confused, and angry allegations.

7. The PEC has determined that it cannot, in good faith, represent to this Court that Mr. Murphy would be an adequate representative of the class for the reasons detailed in the Response to his Pro-se Correspondence and in his correspondence. The PEC believes that it would be imprudent to have Mr. Murphy act as a class representative and is in fundamental disagreement with him on that basis.

8. Moreover, and as evidenced by Mr. Murphy's Pro-se Correspondence, the trust required for an attorney-client relationship has been destroyed.

9. Consequently, the PEC has decided that it cannot properly continue to represent Mr. Murphy and that it should seek permission from this Court to withdraw as counsel.

10. The PEC has sent a letter to Mr. Murphy advising him of the PEC's intention to withdraw as counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November /4 2011.

_____
John Gravante