UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:09-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036
_____/

THIS DOCUMENT RELATES TO:

*Dasher v. RBC Bank (USA)*,
S.D. Fla. Case No.  1:10-CV-22190-JLK

*Avery v. RBC Bank*,
E.D. N.C. Case No. 5:10-cv-329
_____/

DEFENDANT RBC BANK (USA)'S OPPOSITION TO
"PLAINTIFFS' MOTION TO DEFER RULING ON RBC BANK (USA)'S RENEWED
MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY CASES AND
INCORPORATED MEMORANDUM OF LAW" [DE 2021]

Defendant RBC Bank (USA) ("RBC") opposes *Plaintiffs' Motion to Defer Ruling on RBC Bank (USA)'s Motion to Compel Arbitration and Dismiss or Stay Proceedings and Incorporated Memorandum of Law* ["*Motion to Defer Ruling*"; DE 2021], which seeks to delay a ruling on RBC's now fully-briefed *Renewed Motion to Compel Arbitration* [DE 1929] pending Plaintiffs' engaging in "arbitration-related discovery." Plaintiffs' *Motion to Defer Ruling* should be denied for four independent reasons:

- First, allowing discovery would violate (i) the scope of the remand to this Court by the Eleventh Circuit, which Plaintiffs expressly recognize is limited to the effect of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), on the Court's prior denial of arbitration, and (ii) the law of the case doctrine.

- Second, the Court has addressed and denied the exact same request by Plaintiffs' counsel with respect to all of the other banks in RBC's position – *i.e.*, all of the other "Second Tranche" banks which appealed denials of arbitration and which rulings were remanded back to this Court for reconsideration in light of *Concepcion*.

- Third, even if discovery were warranted (and it is not), Plaintiffs' <u>un</u>warranted delay in raising the issue of post-remand discovery until the very day they filed *Plaintiffs' Response in Opposition to Defendant's Renewed Motion to Compel Arbitration and Dismiss or Stay Cases* ["*Plaintiffs' Opposition to RBC's Renewed Motion*"; DE 2020] mandates that the Court deny Plaintiffs' request.

- Fourth, no "arbitration-related discovery" could possibly assist the Court in ruling on RBC's motion to compel arbitration, especially in view of the **<u>7,646</u>** pages of exhibits appended to *Plaintiffs' Opposition to RBC's Renewed Motion*.

Accordingly, for each of these reasons – and for all of them – the *Motion to Defer Ruling* should be denied and the Court should proceed to rule on RBC's *Renewed Motion to Compel Arbitration* [DE 1929] without permitting any such unwarranted and unnecessary discovery.

In further opposition, RBC states as follows:

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs' counsel's practice with respect to discovery in this MDL proceeding can be amusing. When in the various cases they are litigating Plaintiffs' counsel seek discovery, the world must be opened to them; however, when discovery is sought from them, Plaintiffs' counsel strenuously seek to avoid it, often using arguments directly contradictory to the arguments made when they are seeking discovery. However, the law – and, one hopes, this Court's practice – does not allow such gross inconsistency. Indeed, the truth is, as Plaintiffs' counsel has stated to this Court, that "[t]he contract claim here will be decided <u>upon the language of the contracts and disclosures themselves</u>—not the interpretation of those contracts by non-parties." *Motion to Quash Citizen Bank's Subpoenas of Non-Party Family Members and for a Protective Order and Incorporated Memorandum of Law* [DE 2040] at 8 (emphasis added). That is especially true in the Second Tranche cases in this proceeding against RBC.[1]

---

[1] Technically, the *Avery* Action is in the Fifth Tranche. *See Interim Scheduling Order Re Fifth Tranche Actions* [DE 1861]. The *Dasher* Action is in the Second Tranche. *See Joint Report re List of Cases in Second Tranche* [DE 1494]. However, the *Dasher* Action has been the only

Here, both legal and practical arguments militate against allowing such discovery. Legally, the *Motion to Defer Ruling* must be denied because Plaintiffs' are not entitled to take discovery because it would violate the scope of the remand to this Court by the Eleventh Circuit as well as the law of the case doctrine; furthermore, no discovery is proper on the issues raised by RBC's *Renewed Motion to Compel Arbitration*. Practically, discovery should not permitted because there is no basis to put RBC into a "tranche of one" and, moreover, Plaintiffs' wholly-unwarranted delay in even raising the issue of discovery militates strongly against allowing such discovery now. Accordingly, for the reasons set forth more fully below, the *Motion to Defer Ruling* should be denied.

## II.   ARGUMENT

### A.  Plaintiffs Not Only Recognize that the Court's Review Is "Limited," But the Law of the Case Doctrine Bars Plaintiffs from Seeking Such Discovery at This Post-Appeal Stage of the Litigation

Plaintiffs themselves recognize that "[g]iven that Mr. Dasher and RBC agreed to have the Eleventh Circuit remand this Court's Order denying the prior arbitration motion to allow for consideration of *Concepcion*, the Court's review should be so limited." *Plaintiffs' Opposition to RBC's Renewed Motion* at 2 (emphasis added). Thus, given the "limited" nature of the remand, the Court should not – and, indeed, is not permitted to – go beyond the record as it existed prior to the appeal. *See, e.g., United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1562 (11th Cir. 1992) ("A vacation which merely requires further consideration in light of a new Supreme Court decision, however, is of a much more limited nature."); *Wm. G. Roe & Co. v. Armour & Co.*, 414

---

action litigated in these proceedings, while the *Avery* Action remained completely dormant until RBC's counsel included it – by agreement with Plaintiffs' counsel – in the *Renewed Motion to Compel Arbitration*. *See id.* at 6. Indeed, Plaintiffs' counsel never bothered to filed a response to RBC's motion to compel arbitration, *see Avery* DE 16, which was filed in the *Avery* Action prior to transfer to this Court. Counsel submits that *Avery* should be assigned to the Second Tranche also, as the issues are literally identical to and are encompassed by those raised in the *Dasher* Action. *See Renewed Motion to Compel Arbitration* at 4-5.

3

F.2d 862, 865 (5th Cir. 1969) ("Upon remand from an appellate court, the lower court is limited to carrying out the directions of the mandate; it has no power of authority to deviate from the mandate and is without jurisdiction to vary or extend it." (internal citations and quotation omitted)). Accordingly, as no discovery was previously permitted – as Plaintiffs' recognize, the Court ruled on RBC's initial motion to compel arbitration without permitting discovery, *see Motion to Defer Ruling* at 2 – it would be improper to allow discovery now, given the "limited" scope of the Court's review of the *Renewed Motion*.

The limited permissible review aside, Plaintiffs are barred from seeking such discovery at this stage of this case by the law of the case doctrine. Plaintiffs' counsel raised the issue of conducting discovery in *Plaintiff's Response in Opposition to Defendant RBC Bank's Motion to Compel Arbitration and Stay All Proceedings* [DE 751], *see id*. at, *e.g.*,1-2; however, the Court rejected this request in ruling on RBC's original motion without discovery, *see Order Denying [RBC's] Motion to Compel Arbitration* [DE 763]. Plaintiffs' counsel did not cross-appeal that ruling; therefore, they cannot properly demand discovery now:

> Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16, 108 S.Ct. 2166, 2177-78, 100 L.Ed.2d 811 (1988). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 788 (1981).

> While the law-of-the-case doctrine has several arms, *see* 18 Wright et al., supra, § 4478, the only one relevant here deals with lower court rulings that have not been challenged on a first appeal. As one court explained:

>> Under the law of the case doctrine, <u>a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time</u>.

> *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C. Cir. 1987); *see also United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (criminal defendant failed to raise an issue on the defendant's first appeal,

4

> and when defendant tried to raise the issue in a subsequent appeal, the court refused to consider the issue, stating that the defendant would not be given "two bites at the appellate apple") (quotation omitted); *Silverberg v. Paine, Webber, Jackson & Curtis*, 724 F.2d 1456, 1457 (11th Cir. 1983); *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) ( "It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who has argued and lost."); 18 Wright et al., supra, § 4478 at 801 ("If the matter is omitted from one appeal, ... it may be held foreclosed on a later appeal to the same court as a matter of law of the case.").

*United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (emphasis added; footnote omitted). This Court made just such a "legal decision" in denying Plaintiffs' prior request to conduct discovery; therefore, the discovery may not be conducted now.

In fact, not only did Plaintiffs' counsel <u>not</u> appeal the Court's denial of discovery, in the *Brief of Appellee* (copy attached as Exhibit **A**), Plaintiffs' counsel strenuously argued to the Eleventh Circuit that there was sufficient evidence in the record to uphold the Court's denial of arbitration. Indeed, one whole section of the brief is entitled, "Dasher Provided Sufficient Evidentiary Support for His Arguments that the Arbitration Provision Was Unconscionable and Therefore Unenforceable." *See id*. at 13 (Section II). Consequently, having failed to appeal the Court's denial of "arbitration-related discovery" and having argued to the Eleventh Circuit that such discovery is <u>not</u> necessary, Plaintiffs' counsel cannot properly seek discovery in this "limited" review of whether *Concepcion* affects the Court's prior denial of arbitration to RBC.[2]

---

[2] Plaintiffs' counsel should not be allowed to use the fact that Avery's case lay dormant – at <u>their</u> choice – while the *Dasher* Action was litigated as an avenue to avoid the consequences of their prior choices. Plaintiffs' counsel have correctly bound the two actions together procedurally through their recognition that the issue before the Court is the effect of *Concepcion* on the Court's prior ruling denying arbitration to RBC. In addition, the Court should note that the the "Declaration of Michael Dasher"[DE 751-1], the "Amended Declaration of Michael Dasher" [DE 2020-2], and the "Declaration of Stephanie Avery" [DE 2020-1] are functionally identical, and none avers that additional discovery would be necessary. Significantly, none avers that either Avery or Dasher did not receive notice of the change in terms in RBC's Personal Accounts Service Agreement. In fact, both Avery's *Amended Complaint* [*Avery* DE 8] and Dasher's *Class Action Complaint* [*Dasher* DE 1] are properly read as acknowledging receipt of the version of the Personal Accounts Service Agreement containing the arbitration provision. *See Avery Amended Complaint* at ¶ 9; *Dasher Class Action Complaint* at ¶¶ 62-63. And, of course, that

**B.  Allowing Plaintiffs the Discovery Requested Would Treat RBC Differently Than the Other Second Tranche Banks, and No Reason Exists to Put RBC into a Tranche by Itself**

The Court should recognize that allowing discovery to Plaintiffs would put RBC in a "tranche of one." All of the banks in the Second Tranche are ones which moved to compel arbitration, had those motions denied, and then noticed appeals to the Eleventh Circuit. *See Joint Report re List of Cases in Second Tranche* at 1-2 (¶ 1). Three of those appeals are presently pending in the Eleventh Circuit.[3] The other six appeals, including RBC's appeal, had the denials of arbitration vacated and remanded to this Court for reconsideration in light of *Concepcion*. The Court has conducted that reconsideration and again denied arbitration in five of those cases. *See Order Denying Renewed Motions to Compel Arbitration* [DE 1853]. The banks in those five cases have again appealed the Court's denial of arbitration. *See* DEs 1868-1872. Thus, all of the Second Tranche banks except for RBC are now in the Eleventh Circuit.

<u>Plaintiffs made exactly the same request for "arbitration-related discovery" with respect to the other Second Tranche banks whose cases were remanded by the Eleventh Circuit and the Court denied that request</u>. *See Order Denying Arbitration Related Discovery* [DE 1767]. This substantially differentiates Plaintiffs' current request from the requests granted by the Court – on which Plaintiffs' rely – in cases against JPMorgan Chase, Wells Fargo, U.S. Bank, and Compass Bank. *See Motion to Defer Ruling* at 2, 4. None of those banks is a Second Tranche bank, none

---

Personal Accounts Service Agreement is the version on which both plaintiffs have filed suit. Therefore, the technically-independent *Avery* Action is irrelevant to the question of allowing Plaintiffs to take additional discovery.

[3] The appeals in *Johnson v. KeyBank N.A.*, Case No. 1:10-cv-21176-JLK, and *Eno v. M&I Marshall and Ilsley Bank*, Case No. 1:10-cv-22730-JLK, have been pending in the Eleventh Circuit since the Court's ruling was appealed. The third, *Gordon v. Branch Banking & Trust*, Case No. 1:09-cv-23067-JLK, resulted in an affirmance by the Eleventh Circuit and then, the same day as this filing, a vacatur and remand by the Supreme Court for reconsideration in light of *Concepcion*. *See Second Notice of Supplemental Authority in Support of Defendant RBC Bank (USA)'s Renewed Motion to Compel Arbitration [DE 1929]* [DE 2112] at 1.

of those banks has had the Court adjudicate a demand for arbitration, and none of those banks is on remand from the Eleventh Circuit for a "review [that] should be so limited" to the effect of *Concepcion* on the Court's prior denial of arbitration. *See Plaintiffs' Opposition to RBC's Renewed Motion* to at 2.[4]

Therefore, the Court should treat Plaintiffs' *Motion to Defer Ruling* exactly as it did the identical requests Plaintiffs' counsel filed with respect to the other Second Tranche banks, and deny the motion.

### C. Plaintiffs' Inexplicable Delay in Seeking Discovery Warrants Denial of Their Last-Minute Request for Permission to Take Discovery

Even aside from the above, Plaintiffs cannot justify their delay in seeking discovery from RBC, "limited" or otherwise. The *Dasher* Action was filed in June 2010. *See Dasher* DE 1. The case was remanded to this Court by the Eleventh Circuit at the end of June 2011. *See* DE 1670. Plaintiffs' counsel did not even raise the issue of discovery with RBC's counsel until three months later. *See* n. 4, *supra*. Plaintiffs did not raise the issue of discovery with the Court until the October 20, 2011, when they filed the *Motion to Defer Ruling* –a filing that was filed <u>after</u> *Plaintiffs' Opposition to RBC's Renewed Motion*. Thus, Plaintiffs obviously believe that their arguments are sufficient to defeat RBC's request for arbitration in the post-*Concepcion* context without discovery – otherwise, they would have filed the *Motion to Defer* immediately after RBC filed its *Renewed Motion to Compel Arbitration* and sought leave to postpone filing their opposition until the Court had addressed that request. And, of course, Plaintiffs' counsel never

---

[4] In an example of an "only the Court's latest ruling is important" philosophy, the very issue of Plaintiffs' seeking discovery from RBC was discussed with Plaintiffs' counsel approximately one month before RBC filed the *Renewed Motion*. At that time – *i.e.*, before the Court's recent rulings allowing arbitration-related discovery to banks newly raising arbitration – undersigned counsel thought he had an agreement that RBC and Plaintiffs were going to stipulate that Plaintiffs would have served discovery but for the Court's denial of arbitration-related discovery to the other Second Tranche banks. Plaintiffs counsel's tack has changed, but so be it.

served such discovery on RBC prior to the Court's denial of arbitration to RBC in the order leading to the Eleventh Circuit's "limited" remand.

Clearly, Plaintiffs made a strategic decision to "not previously engage[] in discovery with RBC." *Motion to Defer Ruling* at 1. They are now bound by that decision as a matter of law – by virtue of the "limited" nature of the remand and the law of this case, as discussed above – as well as prudential considerations.

Indeed, Plaintiffs have not propounded any discovery, they have only sought leave to do so. If the Court grants such leave, Plaintiffs will serve the discovery, RBC will be entitled to assert its objections, and the Court will have to rule on those issues. The delay inherent in that process – for which RBC can in no way be blamed – will dramatically delay adjudication of RBC's *Renewed Motion* and will place RBC's arbitration demand much, much further behind the other Second Tranche banks. That is unfair and unwarranted.

Allowing discovery to Plaintiffs, especially now, after this action has already been to the Eleventh Circuit and back, contravenes a recognized premise of the strong federal preference for enforcing arbitration agreements. "[O]ne of the principal benefits of arbitration" is "avoiding the high costs and time involved in judicial dispute resolution." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004). Indeed, the Supreme Court recognized in *Concepcion* that arbitration should allow parties to benefit from lower costs, efficiency, speed, and simplicity. *See id*., 131 S. Ct. at 1751. Those principles will be thwarted if the Court allows Plaintiffs' counsel to change tacks at the last minute and seek discovery that they have foregone in the sixteen months since Dasher filed his *Class Action Complaint* in June 2010. Therefore, for this reason also, the *Motion to Defer Ruling* should be denied.

### D.  There Is No Issue on Which to Take Discovery, Because the Discovery Sought Is Irrelevant to Any Legally-Viable Argument Plaintiffs Conceivably Could Have

Aside from the other reasons, Plaintiffs request should be denied for one simple reason: No discovery is possibly relevant to the arbitration issue before the Court. RBC is not going to rehash or amplify its arguments in support of arbitration in this opposition, and very much hopes that Plaintiffs' avoid the temptation to get the "last word" on the now-fully-briefed arbitration issues through the facial vehicle of their "reply" supporting their *Motion to Defer Ruling*.[5] But, the law is clear that whether arbitration is required is a "narrow inquiry," and getting bogged down in discovery defeats the very purpose of arbitration. *See*, *e.g.*, *Blinco*, 366 F.3d a 1251. Here, Plaintiffs have presented to the Court everything they should be allowed to present on this issue, and then some. No additional discovery is proper.

As noted above, Plaintiffs' counsel know full well that "[t]he contract claim here will be decided upon the language of the contracts and disclosures themselves—not the interpretation of those contracts by non-parties." *Motion to Quash Citizen Bank's Subpoenas* [*etc.*] at 8 (emphasis added). Both Avery and Dasher submitted declarations with *Plaintiffs' Opposition to RBC's Renewed Motion*, which declarations address the only issues properly before the Court: whether they agreed to arbitration and whether their claims are within the scope of the arbitration agreement. *See*, *e.g.*, *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003) ("A court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided.").

Plaintiffs do not argue that their claims are not encompassed by the arbitration provision; obviously, they are. Plaintiffs try to dispute that they agreed to arbitration, but their attempts are

---

[5] If Plaintiffs are not able to resist the temptation, RBC will move for leave to file a sur-reply to address any arbitration arguments asserted in Plaintiffs' reply.

half-hearted. Dasher and Avery each avers, "I do not recall ever signing an account application or receiving an account agreement from [RBC]." *See* Dasher Amd.Decl. at ¶ 5; Avery Decl. at ¶ 3 (emphasis added). In response, RBC's representatives aver that both Dasher and Avery were mailed the notice that the Personal Accounts Service Agreement terms had been modified. *See* "Affidavit of Sonia C. Bauer in Support of Defendant's Motion to Compel Arbitration and Stay All Proceedings," filed as *Dasher* DE 5-1, "Affidavit of Crystal J. Jones," filed as *Avery* DE 16-1; and, "Affidavit of Sonia C. Bauer," filed as Avery DE 16-2. And, the pleadings and these affidavits show that both Dasher and Avery used their accounts repeatedly after the effective date of the Personal Accounts Service Agreement containing the arbitration provision.

Significantly, despite the fact that Plaintiffs' counsel was well aware of the import of that issue – since the RBC declarations were part of the record prior to the appeal – neither Dasher nor Avery avers that s/he did not receive the notice. Moreover, neither Dasher nor Avery avers that s/he did not receive the operative Personal Accounts Service Agreement. And, of course, both of their pleadings demonstrate that they were well aware of the operative Personal Accounts Service Agreement, which included the arbitration provision. In fact, Dasher attaches that very agreement to his *Class Action Complaint. See id*. [*Dasher* DE 1], Ex. A.

No discovery can change Plaintiffs' "I do not recall" positions. Therefore, as the two issues properly before the Court are fully addressed by (i) Plaintiffs' acceptance that the arbitration provision encompasses their claims and (ii) their half-hearted "I do not recall" assertions as to whether they agreed to arbitration, no further discovery is proper or warranted.

Furthermore, the discovery Plaintiffs seek could do show no more than is purportedly shown in the 7,6,32 page "Exhibit C" which Plaintiffs attached to *Plaintiffs' Opposition to RBC's Renewed Motion*. Plaintiffs contend this document constitutes "six years" of "AAA consumer arbitration statistics" which Plaintiffs claim shows "there has not been a single

arbitration filed with the AAA against RBC Bank" during that period. *See id*. at 12. Setting aside the impropriety of the Court's even considering this exhibit, which was not generated in discovery in this case (and RBC objects to the Court doing so), the question remains: So what?

*Concepcion* forecloses any relevance that massive exhibit may have, and forecloses the entire thrust of Plaintiffs' proposed discovery. Whether or not RBC arbitrated with any other customer, whether or not claims such as Dasher's and Avery's would be pursued outside of litigation, whether or not Plaintiffs' counsel would refuse to represent Dasher and Avery – which, the Court should note, is a fascinating admission as to Plaintiffs' counsel's actual motivation in their purported "defense" of bank customer's rights – in the event arbitration is required, and all similar such inquiries are completely irrelevant to the issue before the Court.

*Concpcion* slams the door to such inquiry vis-à-vis whether the strong federal policy favoring arbitration should be fulfilled in the face of such arguments, because it specifically rejects the argument "that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system." *See id.*, 131 S. Ct. at 1753. Moreover, the Eleventh Circuit recognized that truth in *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011), when it stated, "[F]aithful adherence to *Concepcion* requires the rejection of the Plaintiffs' argument . . . that the [unavailability of a class action] will be exculpatory, because most of these small-value claims will go undetected and unprosecuted." *Id*. at 1214. Thus, *Concepcion* and *Cruz* establish that no such discovery is proper in this case.

Therefore, even if the discovery requested were otherwise permissible – and it is not – it should be denied on grounds of irrelevancy.

### E.  Plaintiffs' Arguments Contravene Their Representations to the Eleventh Circuit and Misrepresent the <u>Joint</u> Motion to Remand

Finally, Plaintiffs' supposition and argument – without a shred of support – that "[t]he fact that RBC sought the benefit of remand of the arbitration to this Court after RBC's Eleventh

Circuit appeal was fully briefed and oral argument had been scheduled is material," *Motion to Defer Ruling* at 6, is not only specious, it is emblematic of Plaintiffs' whole meritless position. When the Eleventh Circuit summarily vacated and remanded the Court's denials of arbitration to the other Second Tranche banks for reconsideration in light of *Concepcion*, RBC's counsel immediately recognized that vacatur and remand of an order that this Court expressly incorporated into the order denying arbitration to RBC, *see Order Denying [RBC's Initial] Motion to Compel Arbitration* [DE 763] at 1-2, meant that the only possible result for RBC's appeal was the same treatment.[6] However, RBC's agreement that the case had to be remanded can in no way be stretched to encompass an agreement by RBC that any discovery – limited or otherwise – would be appropriate on remand.

In fact, the *Joint Motion to Vacate and Remand to District Court* (copy attached as Exhibit **B**) filed with the Eleventh Circuit contradicts Plaintiffs' position in the *Motion to Defer Ruling*. The final two substantive paragraphs of the joint motion, which was filed by Plaintiffs' appellate counsel, states:

> 4.   In light of this Court's [*i.e.*, the Eleventh Circuit] recent Orders vacating and remanding similar District Court orders in related appeals, which orders were expressly incorporated into the order on appeal, the parties jointly stipulate to entry of an order in this appeal vacating and remanding **for reconsideration in light of *Concepcion***.

> 5.   Accordingly, pursuant to Rule 27[, Fed. R. App. P.], the parties jointly request that this Court enter an Order vacating the order under review [*i.e.*, the initial order denying arbitration to RBC] in the same manner as the Court's recent Orders and remanding this matter to the District Court **for reconsideration in light of *Concepcion***.

---

[6]   Undersigned counsel contacted Plaintiffs' Coordinating Counsel right after the summary rulings to suggest that remand should be sought because the parties would be wasting the Eleventh Circuit's and their time on an appeal with an inevitable result. However, it took Plaintiffs approximately one month to conclude that a joint motion to remand was appropriate. Now Plaintiffs seek to use RBC's agreement to seek remand jointly as a club against RBC. Apparently, Plaintiffs are of the belief that no good defense counsel deed should go unpunished.

*Id*. at 2 (all emphasis added). Thus, the Court should do what <u>Plaintiffs</u> asked the Eleventh Circuit to allow this Court to do, and no more: Reconsider its prior ruling "in light of *Concepcion*." No additional discovery is necessary for that task.

### III.  CONCLUSION

Therefore, defendant RBC Bank (USA) respectfully submits that the Court should deny *Plaintiffs' Motion to Defer Ruling on RBC Bank (USA)'s Motion to Compel Arbitration and Dismiss or Stay Proceedings and Incorporated Memorandum of Law*, just as it did with respect to Plaintiffs' attempt to seek such discovery from the other Second Tranche banks and in accordance with the Eleventh Circuit's "limited" remand to this Court of the Court's prior ruling.

Respectfully submitted,

Date:  November 14, 2011

**AKERMAN SENTERFITT**
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Tel.: 305-374-5600
Fax: 305-374-5095

By: <u>s/ Christopher S. Carver</u>
    CHRISTOPHER S. CARVER, ESQ.
    Florida Bar No. 993580
    E-mail: christopher.carver@akerman.com
    STACY J. HARRISON, ESQ.
    Florida Bar No. 44109
    E-mail: stacy.harrison@akerman.com

**AKERMAN SENTERFITT**
420 South Orange Avenue
Post Office Box 231
Orlando, FL  32802-0231
Tel.:  407-423-4000
Fax:  407-843-6610

By: <u>s/ Virginia B. Townes</u>
    VIRGINIA B. TOWNES, ESQ.
    Florida Bar No.  361879
    E-mail: virginia.townes@akerman.com

*Attorneys for Defendant RBC Bank (USA)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of *Defendant RBC Bank (USA)'s Opposition to "Plaintiffs' Motion to Defer Ruling on RBC Bank (USA)'s Renewed Motion to Compel Arbitration and Dismiss or Stay Cases and Incorporated Memorandum of Law" [DE 2021]* were served via transmission of Notices of Electronic Filing generated by CM/ECF on November 14, 2011, on all counsel or parties of record on the Service List below, as well as on all other counsel who have entered appearances in MDL 2036.

s/Christopher S. Carver

<u>**SERVICE LIST**</u>

*In re: Checking Account Overdraft Litigation*, **Case No. 1:09-md-02036-JLK**
**Relating to:** *Dasher v. RBC Bank (USA)*, **Case No. 1:10-cv-22190-JLK**
*Avery v. RBC Bank*, **E.D. N.C. Case No. 5:10-cv-329**

<u>**United States District Court, Southern District of Florida**</u>

| | |
|---|---|
| ***Counsel for Plaintiff Michael Dasher***<br>(service by CM/ECF)<br><br>Jeffrey M. Ostrow, Esq.<br>David L. Ferguson, Esq.<br>**KOPELOWITZ OSTROW FERGUSON**<br>   **WEISELBERG KEECHL**<br>200 S.W. First Avenue, 12th Floor<br>Ft. Lauderdale, FL 33301<br>Tel.: 954-525-4100<br>Fax: 954-525-4300<br>E-mail: ostrow@kolawyers.com<br>E-mail: ferguson@kolawyers.com | ***Counsel for Defendant RBC Bank (USA)***<br>(service by CM/ECF)<br><br>Virginia B. Townes, Esq.<br>Carrie Ann Wozniak, Esq.<br>**AKERMAN SENTERFITT**<br>420 South Orange Avenue<br>Post Office Box 231<br>Orlando, FL  32802-0231<br>Tel.:  407-423-4000<br>Fax:  407-843-6610<br>E-mail: virginia.townes@akerman.com<br>E-mail: carrieann.wozniak@akerman.com |
| Darren T. Kaplan, Esq.<br>**CHITWOOD HARLEY HARNES, LLP**<br>1230 Peachtree Street, N.E.<br>2300 Promenade II<br>Atlanta, GA 30309<br>Tel.: 404-873-3900<br>Fax:  404-876-4476<br>E-mail: dkaplan@chitwoodlaw.com | Christopher S. Carver, Esq.<br>Stacy J. Harrison, Esq.<br>**AKERMAN SENTERFITT**<br>One S.E. Third Avenue – Suite 2500<br>Miami, FL 33131-1714<br>Tel.:  305-374-5600<br>Fax:  305-374-5095<br>E-mail: christopher.carver@akerman.com<br>E-mail: stacy.harrison@akerman.com |
| ***Plaintiffs' Coordinating Counsel***<br>(service by CM/ECF)<br><br>Robert C. Gilbert, Esq.<br>**GROSSMAN ROTH, P.A.**<br>2525 Ponce de Leon Boulevard<br>Eleventh Floor<br>Coral Gables, FL 33134<br>Tel.: 305-442-8666<br>Fax: 305-779-9596<br>E-mail: rcg@grossmanroth.com | ***Counsel for Plaintiff Stephanie Avery***<br>(service by CM/ECF)<br><br>Inez de Ondarza Simmons, Esq.<br>5 West Hargett Street – Suite 808<br>Raleigh, NC 27603<br>E-mail: inezsimmons@inezlaw.com |