UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Mello v. Susquehanna Bank*
D. MD Case No.1:11-cv-02104-WDQ
S.D. FL Case No. 1:11-cv-2325-JLK

**PLAINTIFFS' OPPOSITION TO DEFENDANT
SUSQUEHANNA BANK'S MOTION FOR ENTRY OF A SUGGESTION
OF REMAND AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Bryan J. Mello and Denise E. Mello respectfully submit this Response in Opposition to Defendant's, Susquehanna Bank's ("Susquehanna"), Motion for Entry of a Suggestion of Remand (the "Motion for Remand") (DE # 2126), and in support state:

**INTRODUCTION**

Susquehanna's Motion for Remand represents a classic case of forum shopping. Susquehanna's counsel, who is also counsel for M&T Bank in this multidistrict litigation, has seen the efficiency with which the Court has handled numerous cases in the MDL over the past two years. Susquehanna's counsel has also seen this Court's analysis of *Hassler* and its subsequent denial of other banks' motions to dismiss. Undoubtedly, Susquehanna seeks to avoid what it believes to be a foregone conclusion with its recently filed *Hassler*-based motion to dismiss. The Court should reject Susquehanna's forum-shopping litigation strategy.

Almost two months after the Panel finalized CTO-40 transferring this action for inclusion in MDL No. 2036, Susquehanna seeks to have this action remanded. The arguments made by Susquehanna in the Motion to Remand are the arguments it should have made when this action was conditionally transferred to the MDL. Susquehanna either dropped the ball by missing the filing deadline or was not concerned about inclusion of this action in the MDL given that it did not oppose transfer or file a motion to vacate CTO-40. Notwithstanding, even if Susquehanna had filed a motion to vacate CTO-40 raising the arguments that it now asserts for the first time, the motion to vacate would have been futile because they are the same arguments that have been made by others in opposing transfer and which have been rejected by the Panel.

At the time this action was transferred to the MDL, the Panel was perfectly comfortable with the inclusion of this additional action. Since entry of the Panel's transfer order, nothing has changed that would indicate that consolidation and coordination of *this* action with those currently pending in the MDL would not promote the just and efficient and consistent resolution of the bank overdraft cases. To the contrary, the recent settlements that have been announced in the MDL are evidence that the reasons for the Panel's transfer of this action still hold true. Remanding this action would defeat the purpose of 28 U.S.C. § 1407, and encourage the very type of forum shopping in which Susquehanna now engages. Accordingly, the Court should deny Susquehanna's Motion for Remand.

## FACTUAL BACKGROUND

On June 10, 2009, the Panel created *In re Checking Account Overdraft Litigation*, MDL No. 2036, based on a finding that five actions against Wachovia Bank, Bank of America, and Citibank shared common factual and legal issues relating to the imposition of overdraft fees. 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009).Since the initial transfer, the Panel has transferred

numerous additional related cases, against other banks, to MDL No. 2036, including cases where a certain party has filed a motion to vacate. *E.g.*, *In re Checking Account Overdraft Litigation*, 2009 WL 3460951 (J.P.M.L. Oct. 13, 2009) (order transferring case against BB&T to MDL No. 2036 over bank's objections and transferring case against Bank of America to MDL over the plaintiff's objections); *In re: Checking Account Overdraft Litigation*, 2009 WL 3254021, at *1-2 (J.P.M.L. Oct. 7, 2009) (transferring five actions against Wells Fargo to MDL No. 2036 over objection of plaintiffs and rejecting request to create a Wells Fargo-only MDL); *In re: Checking Account Overdraft Litigation*, 659 F. Supp. 2d 1363, (J.P.M.L. 2009) (order transferring cases against SunTrust to MDL No. 2036); *also In re: Checking Account Overdraft Litigation*, MDL-2036 Pleading No. 133 (J.P.M.L. Feb. 3, 2010) (order transferring cases against Regions Bank, M&T Bank, PNC Bank and BB&T to MDL No. 2036 over banks' objections); *In re: Checking Account Overdraft Litigation,* 2010 U.S. Dist. LEXIS 85494(J.P.M.L Aug. 9, 2010) (order transferring cases against Comerica and Associated Banc-Corp to MDL No. 2036 over banks' objections); *In re: Checking Account Overdraft Litigation,* (J.P.M.L. Oct. 18, 2010, Doc. 5 Case NYS/1:110-cv-04172) (order transferring cases against BancorpSouth and Webster Bank to MDL No. 2036 over banks' objections); *In re: Checking Account Overdraft Litigation,* (J.P.M.L. Nov. 30, 2010, Doc. 11 Case OKW/5:10-cv-00901) (order transferring cases against Bank of Oklahoma (and two other bank defendants) to MDL No. 2036 over Bank of Oklahoma's objection); and *In re: Checking Account Overdraft Litigation,* (J.P.M.L. Feb. 3, 2011, Doc. 4601 Case MDL No. 2036) (order transferring cases against Compass Bank to MDL No. 2036 over the bank's objection).

On July 29, 2011, Plaintiffs' Class Action Complaint was filed in the United States District Court for the District of Maryland. Nearly identical to the claims brought in all other

bank overdraft cases already pending in MDL No. 2036, Plaintiffs allege, *inter alia,* that Susquehanna improperly assesses and collects excessive overdraft charges stemming from debit card transactions.

On August 2, 2011, the PEC and the PLC in MDL No. 2036 filed a Notice of Potential Tag-Along Action to MDL 2036, leading to the issuance of CTO-40. Unlike certain other banks, Susquehanna did ***not*** file an opposition to CTO-40 and, thus, acquiesced to its inclusion in MDL No. 2036. On August 16, 2011, the Panel finalized CTO-40 and transferred this action to this Court, stating that this action "involve[s] questions of fact that are common to the actions previously transferred to the Southern District of Florida and assigned to Judge King." [DE # 604 in MDL No. 2036.] On August 26, 2011, the Order finalizing CTO-40 was filed with this Court. [DE # 1828.]

On September 12, 2011, this Court entered its Interim Scheduling Order re Fifth Tranche Actions ("Scheduling Order"), and this case against Susquehanna was assigned to the Fifth Tranche. [DE # 1861.]

On October 19, 2011, pursuant to the Scheduling Order, Plaintiffs filed their Amended Class Action Complaint ("Amended Complaint"). On November 17, 2011, Susquehanna filed its Motion for Remand [DE # 2126] and, the following day, filed its Motion to Dismiss the Amended Complaint [DE # 2136].

## ARGUMENT

### I.   STANDARD FOR ENTRY OF SUGGESTION OF REMAND

The Panel has exclusive authority to remand an action to the transferor court. *See* 28 U.S.C. § 1407(a). Under Rule 7.6(c)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a transferee district court may make a suggestion of remand to the MDL

Panel. However, this "typically occurs when the transferee court has reached the completion of consolidated pretrial proceedings." *In re National Century Financial Enterprises, Inc. Financial Investment Litigation*, No. 2:03-MC-1565, 2004 WL 882456, at *2 (S.D. Ohio Nov. 18, 2004). *See also In re Integrated Resources, Inc.*, No. 92 Civ. 4555, 1995 WL 234975, at *4 (S.D.N.Y. April 21, 1995) ("Remand is appropriate when the discreet function performed by the transferee court has been completed."). The MDL Panel "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause." *In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F.Supp. 388, 390 (J.P.M.L. 1978) (emphasis added).

"[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Securities Litigation*, 851 F.Supp. 556, 562 (S.D.N.Y. 1994) (*citing In re Holiday Magic Secs. & Antitrust Litig.*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1997). Given that the power to remand a case lies solely with the Panel, "in determining whether to issue a suggestion for remand to the Panel [the transferee court is] guided by the standards for remand employed by the Panel." *In re Bridgestone/Firestone, Inc.*, 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001). "The exercise of that discretion generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *Id.* (*citing In re Air Crash Disaster*, 461 F.Supp. 671, 672-73 (J.P.M.L. 1978). Accordingly, "remand is inappropriate when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and converse the resources of the parties, their counsel and the judiciary.'" *In re Heritage Bonds Litigation*, 217 F.Supp.2d 1369, 1370 (J.P.M.L. 2002) (*citing* 28 U.S.C. § 1407) (emphasis added).

In the instant case, common questions remain with the other cases previously transferred by the MDL Panel for inclusion in MDL No. 2036. Susquehanna has not demonstrated that the very purpose and goals embodied by both the JPML statute and the JPML's transfer of this case to this Court have been fulfilled. It was not until almost two months after this case was included in the MDL that the Panel reported its decision to cap the number of cases in the MDL after consultation with Judge King. This action fell within the cap and was not viewed by the Panel or Judge King to impede the progress of the MDL. Considering the fact that pretrial proceedings have only just begun with the filing of the Motion to Dismiss, the Court should decline Susquehanna's premature and unsupported invitation to remand this case at this time.

## II.     THIS COURT SHOULD NOT ENTER A SUGGESTION OF REMAND

### A.     The Panel's Decision to Vacate the Conditional Transfer Order in *Creative Homes Accents, LLC v. Fifth Third Bancorp* Is Inapposite to This Court's Remand Analysis.

The Court should reject Susquehanna's contention that the Panel's Order vacating CTO-38 as it relates to *Creative Homes Accents, LLC v. Fifth Third Bancorp*, Case No. 3:11-CV-01421-JGC (N.D. Ohio 2011) renders consolidation of the instant case inappropriate.

Susquehanna fails to acknowledge that the conditional transfer of this action was finalized almost two months ***before*** the Panel issued its October 11, 2011 order suspending JPML Rule 7.1, while the motions to vacate *Creative Homes* were still pending at that time. In addition, Susquehanna fails to acknowledge that the transfer of *Creative Homes* to MDL No. 2036 was contested, unlike this action where Susquehanna did ***not*** oppose transfer. Further, Susquehanna fails to acknowledge that the principle argument to vacate CTO-38 was that *Creative Homes* primarily related to whether Fifth Third Bank violated the terms of settlement agreement in *Shulte v. Fifth Third Bank*, No. 09-cv-6655 (N.D. Ill.), a case which the Panel

previously decided *not* to transfer to MDL No. 2036. [DE 640 in MDL No. 2036]. Accordingly, this instant action is ***not*** "almost identically" situated to *Creative Homes* as Susquehanna suggests.

Additionally, although the transferor court would be guided by the rulings made by this Court, Susquehanna will undoubtedly do anything it can to persuade the transferor judge to disagree with the many useful rulings that have been such an integral part of the efficiency of the MDL. Further, the continued inclusion of this action in the MDL will not overly burden this Court, as Susquehanna suggests. As this Court is aware, settlements of actions in the MDL are being approved, the effect of which is to remove some of the burden of the Court.

> **B. A Suggestion Of Remand Is Not Warranted Given The Significant Similarities In The Conduct Of Susquehanna Bank And The Other Banks In The MDL.**

The Panel established from the outset of MDL No. 2036 that centralization was warranted because "[a]ll actions share factual questions relating to the imposition of overdraft fees by various bank defendants on their customer's checking accounts in a manner to maximize these fees." 626 F. Supp. 2d at 1335. Furthermore, the Panel noted "[w]hile there will be some unique questions of fact from bank-to-bank, these actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket." *Id.* Ultimately, the Panel concluded:

> Transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-piece Rim Products Liability Litigation*, 464 F. Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

626 F. Supp. 2d at 1335.  Thus, Susquehanna's decision to advance the argument that this case should be excluded because it is the first case against it tagged for inclusion in MDL No. 2036 is spurious.  Susquehanna has nothing truly unique and material to offer to support granting the Motion.  Susquehanna did not even see fit to attempt to be excluded when CTO-40 was issued.  The arguments it now makes have been regularly rejected by the JPML in motions to vacate CTOs in the past.

The central factual question emphasized by the Panel in its initial Transfer Order – the imposition of overdraft fees by banks in a manner to maximize these fees – lies at the heart of Plaintiffs' complaint against Susquehanna.  *See, e.g.*, *Mello* Amended Complaint, ¶ 9 ("Thus, it is through manipulation and alteration of customers' transaction records that Susquehanna Bank maximizes overdraft penalties imposed on customers.").  Therefore, the benefits of centralization emphasized by the Panel are certainly applicable to this case.

In cases such as this one, where there is a central factual question at the heart of all the subject cases, the existence of *some* unique questions of fact between defendants has been insufficient to prevent centralization.  *E.g.*, *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1366-67 (J.P.M.L. 2007) (finding that the 12 actions and 21 potential tag-along actions against over 100 oil companies, distributors, and retailers all shared factual allegations relating to the sale of motor fuel at temperatures greater than 60 degrees Fahrenheit despite allegation of lack of identity between defendants); *In re Ephedra Products Liab. Litig.*, 314 F. Supp. 2d 1373, 1374-75 (J.P.M.L. 2004) (rejecting claims from 20-plus defendants regarding the existence of unique factual differences as to alleged side effects of ephedra-containing products); *In re Silicone Gel Breast Implants Products Liab. Litig.*, 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (rejecting various parties' requests for exclusion of certain claims or

for creation of a separate multidistrict litigations). Under the facts and circumstances of this case, the inclusion of this case in MDL No. 2036 is appropriate.

### C.      Susquehanna's Arguments Regarding Inefficiency Are Unpersuasive.

Susquehanna's argument that efficiencies will be lost if the case is included in MDL No. 2036 is belied by the experience and efficiency with which the transferee court has handled the same issues that Susquehanna has raised in its Motion to Dismiss. Even assuming another court could benefit from this Court's rulings, it is this Court that is most adept in addressing the complex issues in this action with efficiency because it has heard the arguments that Susquehanna has made and will likely make on multiple occasions. As stated by the United States District Court for the Southern District of New York when dealing with a similar argument for remand:

> [A] key principle of the multi-district scheme involves the accrual of judicial expertise. It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and occurrences which have given rise to many competing legal claims serves the goal of judicial economy.

*In re Integrated Resources, Inc.*, No. 92 Civ. 4555 (RWS), 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995) (*citing In re Holiday Magic Securities and Antitrust Litig.*, 433 F.Supp. 1125, 12226 (J.P.M.L. 1977). The numerous cases in MDL No. 2036 have indeed presented a complex set of facts and theories that forms the backdrop, if not the very substance, of Plaintiffs' claims against Susquehanna. "To remand them at this point would require another court to make its own way up this same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid." *In re Integrated Resources, Inc.*, 1995 WL 234975, at *4.

This is especially so given that Susquehanna, in arguing for dismissal of Plaintiffs' claims, relies primarily on the Third Circuit's *unpublished* decision in *Hassler v. Sovereign Bank*, 374 Fed. Appx. 341 (3d Cir. March 15, 2010), which affirmed the New Jersey federal district court's order dismissing a complaint, *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509 (D. N.J. 2009). This Court has already analyzed *Hassler* in certain actions included in the MDL in the context of prior motions to dismiss, rejecting that decision as a basis for dismissal. [DE # 934 and # 1305.] Accordingly, it would, in fact, be efficient for the Court to decide Susquehanna's Motion to Dismiss, which parrots many of the arguments previously rejected in prior motions. In addition, Susquehanna will no doubt raise the same issues as to the appropriate scope of discovery for and resolution of class certification and dispositive motions as the other defendant banks have in this MDL. Thus, the Court should reject Susquehanna's argument that this action is likely to be resolved more quickly if it is remanded.

Since the Panel has recognized a central factual question regarding the overdraft practices of the defendant banks and the industry as a whole, the risk of conflicting rulings on the motion to dismiss, the scope of discovery, class certification and dispositive motions should be avoided. The fact that case is the only action in the MDL in which Susquehanna is named as a defendant is insufficient to suggest that Plaintiffs' claims will be inefficiently addressed. If this argument was in any way convincing, the Panel would have granted numerous other motions seeking to vacate conditional transfer orders in MDL No. 2036. Instead, as represented by the Panel's May 20, 2011 denial of Renasant Bank's and Sovereign Bank's motions to vacate conditional transfer orders, it is the litigants job to persuade the transferee judge that circumstances dictate a different outcome on substantive issues pertaining to the claims against the newly joined defendant banks.

[DE# 530 at p.2 in MDL No. 2036.] Again, Susquehanna did not even seek to be excluded when CTO-40 was issued.

### D. Mere Inconvenience Of Defendant Is Not A Valid Reason For Remand.

Susquehanna Bank is, in essence, making a venue argument – precisely the type of argument that is inappropriate in the MDL context. *See In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue."); *In re Aviation Products Liability Litig.*, 347 F. Supp. 1401, 1404 (J.P.M.L. 1972) (stating succinctly, that "venue is not a criterion in deciding the propriety of transfer under Section 1407"); *In re Private Securities Actions Involving Revenue Properties Co.*, 309 F. Supp. 1002, 1004 (J.P.M.L. 1972) (holding that "venue is not particularly relevant to the selection of a transferee forum under section 1407").

Ultimately, Susquehanna is no doubt seeking to be excluded, as other banks before it, in an effort to avoid appearing before this Court which has made rulings supportive of Plaintiffs' claims and of class certification. This Court should reject Susquehanna's attempt to forum shop, especially since it failed to challenge the initial transfer when this case was tagged for inclusion.

As the Panel held previously:

> [t]he MDL No. 2036 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. Opponents' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge.

626 F. Supp. 2d at 1335. Any concerns about efficiency can be raised by Susquehanna before this Court.

Moreover, there are mechanisms in place to alleviate any potential inconvenience to Susquehanna. As the Panel noted in *In re Investors Funding Corp. of New York Securities Litigation*, 437 F. Supp. 1199, 1203 (J.P.M.L. 1977):

> [W]e note that transfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. For example, depositions of witnesses may still occur where they reside, see Fed.R.Civ.P. 45(d)(2), and of course any party may request an order from the transferee court that its documents be inspected at its offices or at another convenient location in or near the city in which it is located, *see* Manual for Complex Litigation, Part I, § 2.50 (rev. ed. 1973).

*See also In re Stirling Homex Corp. Securities Litigation*, 442 F. Supp. 547, 549 (J.P.M.L. 1977) (same). Thus, any concerns regarding the convenience of witnesses and the location of documents provide no basis for excluding this case from MDL No. 2036.

The Panel was well aware when ordering centralization, and continuing to transfer cases over other banks' objections, that this MDL may involve cases without overlapping defendants and that some banks were not sued by multiple plaintiffs. The purpose behind the MDL was to centralize cases with similar issues. The MDL continues to work well under the watchful eye of this Court and there is no need to depart from protocol for this case.

Even if there was some allegation of inconvenience, it would fail under the present facts. With electronic discovery; the ease of filing documents into the MDL; the fact that third party witnesses and parties will likely be deposed in the forum state; and the presence of two international airports located close to this Court, the inconvenience argument for any party is unpersuasive. The firm representing Susquehanna is well experienced with activities in MDL No. 2036 and this Court's procedures through its representation of another MDL defendant, M&T Bank, which is one of the larger banks participating in MDL No. 2036.

There are dozens of banks headquartered and with other offices throughout the United States that are currently defending cases in the MDL based on the Panel's rejection of inconvenience arguments. Some of the other banks operate regionally and others nationally, and few, if any, of them are headquartered in the Southern District of Florida. It would be inconsistent for the Court to exclude this case given the precedent set in the MDL, as Susquehanna Bank has offered nothing that factually suggests a different outcome. Counsel for Susquehanna is in the Baltimore, Maryland area, a short flight to South Florida.

Plaintiffs and third party witnesses residing out-of-state will not be inconvenienced by the discovery process. If depositions are to be taken, they will likely be done in Susquehanna's home state. If Susquehanna is required to answer written discovery, it need not travel to the Southern District of Florida to complete that discovery.

### E. Remand Would Be Inappropriate At This Stage Of The Proceedings Because Pretrial Proceedings Have Not Been Completed.

28 U.S.C. § 1407(a) expressly provides that transferred actions "shall be remanded by the panel *at or before the conclusion of such proceedings* to the district from which it was transferred unless it shall have been previously terminated." The legislative history of § 1407(a) also confirms Congress's intent to have "transferred cases [] remanded to the originating district at the close of coordinated pretrial proceedings." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39-40 (1998) (*quoting* H.R. Rep. No. 1130, 90th Cong., 2d Sess. (1968) at 3-4).

The primary purpose behind the Panel's initial transfer of the *In re Checking Account Overdraft Litigation* cases, including this case, to this Court for coordinated or consolidated pretrial proceedings was to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." [DE # 20 at p. 2 in MDL No. 2036]. As stated by

the Panel, "[c]entralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judicial." *Id.* "Pretrial proceedings" include motions to dismiss, motions for class certification, and discovery, and "pretrial proceedings" are not concluded until at least an MDL transferee court has ruled upon or oversee such events. *In re Joann Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000) (*quoting* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper*, Federal Practice and Procedure* § 3866 ("'Interpreted literally, the transferee court appears to have control over all proceedings prior to trial,' including discovery motions, motions to amend, to dismiss, for summary judgment, and to determine class certification.").

As Susquehanna readily concedes, Susquehanna only recently filed its Motion to Dismiss, no class certification motion has been filed, and no discovery specific to this case has taken place. "A transferee judge under Section 1407 has the responsibility for all pretrial proceedings in litigation assigned to him." *In re CBS Color Tube Patent Litigation*, 342 F.Supp. 1403, 1404 (J.P.M.L. 1972). Thus, the Panel "remand[s] an action prior to the completion of pretrial proceedings only upon a showing of good cause." *Id.* at 1405. Susquehanna has failed to make such a showing, especially in light of its pending motion to dismiss, which as argued above, is not unique to this action, and instead requires the expertise and familiarity that has been gained by this Court in handling the other cases in the MDL for its resolution. Further, given the striking similarities between this action and the others pending in the MDL, Susquehanna has failed to demonstrate how the discovery in this action will be "case-specific" as opposed to common "core" discovery.

### III.     CONCLUSION

Susquehanna has failed to provide this Court with good cause to enter a Suggestion of Remand. Accordingly, Plaintiffs respectfully request that the Motion for Remand be denied.

Dated: November 28, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiff*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiff's Executive Committee*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596