UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CAMPOS' REPLY TO PLAINTIFF EXECUTIVE COMMITTEE'S CONSOLIDATED RESPONSE TO ARGENTINEAN LAW FIRMS' PETITIONS TO INTERVENE

Applicants, Campos Y Asociados a/k/a Adrian Campos, P.A. ("Campos' Firm") and Adrian Campos ("Mr. Campos") (collectively "Campos"), by and through undersigned counsel, pursuant to Local Rule 7.1 and the additional legal authorities cited herein, respectfully file this reply to Plaintiff Executive Committee's (hereinafter "PEC") Consolidated Response To The Argentinean Law Firms' Petitions To Intervene[1] (hereinafter "PEC's Response") [D.E. #2157] and in support thereof state as follows:

The PEC' Response opposes the relief sought by Campos' and Applicants, Raponi & Hunter Abogados ("R&H"), Osvaldo A. Raponi ("Raponi"), Jaime E. Hunter ("Hunter") (collectively "the R&H Applicants")[2] characterizing their interest as "theoretical" and "derivative" referring to the Argentinean Firms' as "strangers" and mere "creditors" with

---

1. The PEC consolidated one response for purposes of addressing both Campos' Petition to intervene For the Limited Purpose of Receiving Notice Regarding the Allocation and Distribution of Attorneys' Fees [D.E. #2083] and the R&H Applicants' Petition for Intervention as to Allocation of Attorneys' Fees (hereinafter "R&H's Petition")[D.E. #2084].
2. The R&H Applicants' Petition For Intervention As To Allocation of Attorney's Fees [D.E. #2084](incorporating by reference the R&H Applicants Notice of Lien and Application for Attorney's Fees [D.E. #1951]).

1

"speculative" interests akin to (most amusingly) a "Russian nesting doll", asserting that such interests fail to satisfy the requirements for Intervention of Right under Fed. R. Civ. P. 24(a)(2).

The PEC asserts that it is aware of no precedent in Florida or within this Circuit that would allow intervention under analogous facts;[3] however, the PEC fails to cite any authority that would provide a legal justification for denial of intervention under the facts and circumstances of this case.  The PEC's Response attempts to draw parallels to the Eleventh Circuit's decision in *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308 (11th Cir. 2005), where the Court addressed the right of a third-party claimant to intervene in a declaratory judgment action between an insurer and an insured where the court determined the interest was insufficiently related, purely economic and speculative. *See Id.*  The PEC's attempt falls short as *Mt. Hawley* has no factual parallels to this case.  *Mt. Hawley* involved a specific, narrow application of Rules 24(a)(2) where the proposed intervenor's interest was based on the need to have a "pool or fund from which to recover damages." *Id*. at 1311.  Notably, the Court stated that the issue of insurance coverage is clearly unrelated to the issue of fault in a wrongful death action. *Id.* at 1312.  The case is inapposite and entirely distinguishable because, 1) Campos' interests are undeniably related and inextricably tied to the subject matter of the underlying litigation;[4] 2) the interests are actual, not speculative; 3) *Mt. Hawley* did not involve attorneys fees; 4) Campos' state court action is not a wrongful death case; and 5) in *Mt. Hawley,* the underlying case in which intervention was sought was a declaratory judgment action

---

3.  PEC's Response at 8.
4.  Campos' interests are not only related based on both expressed and implied contractual obligations, but also in that the attorneys fees obtained result from efforts undertaken by Campos' in connection with the overdraft litigation, which is by no means unrelated.  *See* Campos' Petition [D.E. #2083](setting forth factual basis to support Campos contribution) together with the facts outlined in R&H Applicants' Petition [D.E. #2084] and R&H Applicants Reply filed on December 2, 2011, which further support the positions asserted by Campos.

regarding a policy of insurance unrelated to the issue of fault in a wrongful death case.[5]  By contrast, this is a dispute over attorneys' fees which is neither hypothetical nor contingent; despite the fact Campos' has not pursued that claim herein, a direct interest in the attorney fee award and its allocation exists and is worthy of protection.  Because the facts alleged by Campos should be taken as true,[6] Campos' interests are undeniable and must be protected as a matter of right.[7]

In its response, the PEC admits that a charging lien would constitute a "legally protected interest" for purposes of Rule 24(a)(2), but then proceeds to argue against Campos' entitlement to a lien under Florida law.  The merits of Campos' potential charging lien, which has not yet been imposed or requested, are not before the Court at this time.  While the issue is not wholly unrelated insofar as it is necessary to evaluate Campos' right to intervention, assessing such claims on a substantive basis is not appropriate at this juncture.  *See Chiles,* 865 F.2d at 1202 (holding that for procedural purposes just as the Court must accept the validity of factual assertions, the court must also accept the validity of plaintiff's theory of a cause of action).  Campos has not sought to impose a charging lien at this time, but only seeks to protect the right to relief such as this in the future.

The PEC's position that Campos has not shown that a valid charging lien can be asserted where there is no agreement with a "client" overlooks factual and legal arguments Campos has asserted and should be subject to specific argument if and when such interests are pursued

---

5.  Alters Law Firm, P.A.'s (hereinafter "ALF") fault is not the basis of intervention, but ALF' ability and/or willingness to protect Campos' interest.
6.  *Chiles v. Thornburgh*, 865 F.2d 1197, 1202 (11th Cir. 1989)(holding the Court must accept the validity of factual assertions).
7.  *See United States v. State of Ga.,* 19 F.3d 1388, 1393 (11th Cir. 1994)(holding that "once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion").

(should adequate protection not be provided). However, because Campos is not seeking affirmative relief on a charging lien or otherwise at this point, the denial of intervention in light of the specific facts and circumstances present here would be improper.

### *Campos Right to Attorneys' Fees Constitutes a Direct Interest and Imposition of a Charging Lien Is Not a Pre-Requisite for Intervention of Right*

The contention that Campos should be precluded from intervention, especially when sought on such a limited basis, because a direct claim has not been imposed completely ignores the purpose of Fed. R. Civ. P. 24(a)(2), which does not require that the interest be identical in nature. Inquiry on this issue is a flexible one and focuses on the particular facts and circumstances surrounding each motion for intervention. *Chiles*, 865 F. 2d at 1214.

Campos' Petition identified a charging lien as a potential mechanism for protecting interests that may otherwise be impaired, but did not identify this as the exclusive relief available or intended to be sought in the future. Campos' vehemently opposes the PEC's attempt to deny Campos' access to such relief where, if Campos' interests are adequately protected as the PEC represents they will be, such relief will not be necessary.[8]

Campos' Petition was filed in good faith as to adequately preserve its rights and not for any other purpose. Campos does not seek to disturb attorneys' fees otherwise earned by

---

8. Campos' further submits that the District Court is the proper venue to pursue relief in the form of a charging lien. As the Florida Supreme Court explained the policy underlying the granting and enforcement of charging liens was clearly expressed in their earlier development and while the courts hold members of the bar to strict accountability and fidelity to their clients, they should afford them protection and every facility in securing remuneration for their services. ***An attorney has a right to be remunerated from the results of his industry; a lien on these fruits is founded in equity and justice***. Richman Greer Weil Brumbaugh Mirabito & Christenson, P.A. v. Chernak, 991 So. 2d 875 (Fla. 2008)(*citing Sinclair, Louis, Siegel, Heath Nussbaum & Zavertnik, P.A., v Baucom*, 428 So. 2d 1383, 1385(Fla. 1983)(emphasis added).

4

qualified and highly skilled attorneys acting on behalf of the class. Campos only requests that its interests and ability to protect same in the future should be maintained.

In the context of seeking to protect Campos' interests, the potential for pursuing future remedies including, but not limited to, the imposition of an equitable lien on a portion of settlement funds to the extent necessary was raised in order to support Campos' position with respect to intervention for a limited purpose. Campos did not intend to invite a debate over the sufficiency of an interest that has not been imposed and hopefully will never be imposed; granting Campos' Petition to Intervene would not in any way adjudicate that interest (favorably or otherwise). The PEC correctly points out that affirmative and substantive relief are not sought by Campos at this time.

Notwithstanding the foregoing, Campos believes a valid basis exists to impose a charging lien by virtue of its joint venture relationship with ALF.[9] Under Florida law, a joint venture is quite similar to a partnership and is governed by the principles which constitute and control the law of partnership. *See e.g. State Contr. & Engg Corp. v. Condotte Am., Inc.*, 2004 U.S. Dist. LEXIS 28600 *47, *82 (S.D. Fla. Oct. 25, 2004)(the basic principles controlling joint venture relationships are often applied in the attorney joint venture context). This joint venture relationship gives the parties to a contract the right to participate in the fund resulting from the payment of fees by the client. *See e.g., Sonnier v. Tako Towing, Inc., et al*., 1992 U.S. Dist LEXIS 16996 (E.D. La. Nov. 2, 1992); *State Farm Fire and Casualty Co. v. Black & Decker, Inc.*, 2003 U.S. Dist. LEXIS 22549 (E.D. La. Dec. 11 2003)(both granting intervention based on

---

9. *See* Campos' Complaint attached to Campos' Petition [D.E. #2083] as Exhibit "A" (setting forth facts to support joint venture relationship).

fee sharing agreements applying joint venture principals).[10]  Campos asserts that ALF's fee agreements were generated on behalf of the joint venture; therefore, the existence of an attorney/client contract sufficient to satisfy Campos' basis for a charging lien has been properly asserted.  That said, it would be unjust and inappropriate to force Campos to defend the merits of a position it does not presently assert, but merely seeks to preserve.  The basis for such opposition is also somewhat disingenuous as such a defense may be available to a "client" (who will not be prejudiced in any event), but does not defeat a claim in equity applied against other attorneys or the attorneys fee fund.  While protection of a client's interests is always paramount, the "client" in a class action consists of numerous unnamed members as well as class representatives and the unique nature of the attorney-client relationship, under these circumstances, deserves appropriate consideration.  *See e.g., Kincade v. General Tire and Rubber Co.*, 635 F.2d 501, 508 (5th Cir. 1981) *rev'd on other grounds* (discussing the unique nature of the attorney-client relationship in a class action in the context of entering into a settlement without client authorization).

### *Campos' State Court Action Is Not Inconsistent With Limited Intervention*

The PEC argues that the state court action is Campos' "exclusive remedy" for attorneys' fees. (PEC's Response at 9)  Campos' is admittedly seeking relief against ALF in its state court action; however, this is neither exclusive, inconsistent nor otherwise preclusive of Campos' right to pursue all other available legal and equitable claims.  Stated another way, Campos' breach of contract action in state court does not disqualify Campos from direct recovery of attorneys fees through a specifically identified fund once in the possession and control of the PEC.  If contractual remedies are inconsistent or mutually exclusive (so that one implies negotiation of

---

10.  The PEC's Response argues that to the extent these cases permit a lien without approval by the client they are inconsistent with Florida law, but cites no authority to support this position.

the underlying facts necessary for the other) then the mere choice of one remedy and, certainly, the pursuit of one remedy to judgment operates as an election. However, if the remedies are concurrent or cumulative, and even logically can coexist on the same facts, the doctrine of election does not apply until an injured party has received full satisfaction of his or her injuries. *Heller v. Held*, 817 So. 2d 1023 (Fla. 4th DCA 2002)(holding that there is nothing inconstant in an attorneys pursuit of a charging lien and a separate action against the settling defendants jointly liable for fees due to actions that caused the attorney to lose the opportunity to impress a lien upon settlement proceeds). Additionally, if contractual remedies address distinct rights or redress different wrongs, the doctrine of election does not apply; where contractual remedies are several and constant, the election of one does not operate to waive the others. *Id.* at 1027. Breach of contract claims will often share some resemblance with in rem proceedings, but they are distinct claims with distinct elements. *See Burr & Foreman v. Blair*, 470 F.3d 1019, 1031-33 (11th Cir. 2006) (distinguishing an attorney's breach of contract action seeking damages from a claim on funds deposited in the court as a result of a class action settlement in the context of determining whether the Federal Court had power to enjoin a state court proceeding under the Anti Injunction Act and noting that entitlement to attorney fees from the settlement fund is a wholly separate issue where one of the proceedings closely resembled an in rem dispute over a res and the other did not). The basis for Campos' intervention relates to the issue of whether Campos' interests will be adequately protected whereas the subject matter of its state court action is whether damages were caused by and recoverable against ALF.

### *Inadequate Protection of Campos' Interest*

The PEC asserts that Campos' interests remain adequately protected[11] in the state court action, which assumes no direct interest exists and provides no basis for a fair evaluation of whether Campos' state court action will merely be an exercise in futility given evidence suggesting otherwise such as ALF's voluntarily relinquishment of its position on the PEC (and may therefore not be entitled to additional and future fees on that basis). There is sufficient evidence to suggest that Campos' confusion and concern regarding the protection of its interest are well founded. The PEC seemingly concedes that Campos' interest may not be protected through the blanket (and ambiguous) statement that it is "unlikely [Campos'] interests would not be fully protected by whatever portion of the fee ALF receives."[12] The Supreme Court has held that the inadequate representation requirement "is satisfied if the [proposed intervenor] shows that representation of his interest '***may be***' inadequate" and that "the burden of making that showing should be treated as minimal." *Chiles,* 865 F.2d at 1213 (*Citing Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972))(emphasis added). Thus, Campos should be allowed to intervene unless it is clear that ALF/PEC will provide adequate representation. *See Id. (citing* 7C C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1909, at 319 (2d ed. 1986)). Also noted by the Court in *Chiles* is the fact that the interests are similar does not mean that the approach to all litigation will be the same. *Id*. at 1214

---

11. Albeit stating damages may be limited to recovery in quantum meruit overlooking equally persuasive authority applied in equity providing that a Courts refusal to enforce an attorneys charging lien for the full contractual amount contravenes the public policy underlying this equitable remedy, early expressed by Florida's Supreme Court. *See Kozich v. Kozich*, 501 So. 2d 1386, 1387-88 (Fla. 4th DCA 1987); *see also Jay v. Trazenfeld*, 952 So. 2d 635, 636, 638 (2007)(holding the division of fees between attorneys is governed by the written fee contract reversing the trial court's decision to dissolve the charging lien based on deficiency in written contract recognizing the business decision made in structuring a fee agreement).
12. PEC's Response, n.6.

(*citing Trbovich*, 404 U.S. at 539, 92).  The statements and actions of ALF/PEC do not suggest that it is clear that adequate representation of Campos' interest exists.

Campos further incorporates the arguments (both factual and legal) raised in The R&H Applicants' Reply In Support of Petition For Intervention As To Allocation of Attorney's Fees filed on December 2, 2011 to the extent the basis asserted therein are applicable hereto.[13]

As the PEC's Response fails to provide adequate authority to deny Campos' intervention, Campos respectfully requests that this Court grant Campos' Petition To Intervene For the Limited Purpose of Receiving Notice Regarding the Allocation and Distribution of Attorneys' Fees [D.E. #2083].

Dated: December 2, 2011                                Respectfully Submitted,

                                                       */s/ Jon D. Derrevere*
                                                       _____
                                                       Jon D. Derrevere (330132)
                                                       jdd@derreverelaw.com
                                                       Peri Rose Huston-Miller (67940)
                                                       prh@derreverelaw.com
                                                       DERREVERE, HAWKES, BLACK & COZAD
                                                       2005 Vista Parkway, Suite 210
                                                       West Palm Beach, FL 33411
                                                       Telephone: (561) 684-3222
                                                       Facsimile:  (561) 640-3050
                                                       *Attorneys for Campos Y Asociados and Adrian Campos*

---

13. Campos submits that the majority of facts and representations asserted by R&H Applicants serve to bolster the stated basis for Campos' limited intervention.

## Certificate of Service

      I hereby certify that on December 2, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notice of filing to all counsel of record by operation of the Court's electronic filing system and all parties may access this filing through that system.

                                    */s/ Jon D. Derrevere*
                                    _____
                                    Jon D. Derrevere (330132)