## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

---

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**

**THIRD TRANCHE ACTIONS**

*Dwyer v. TD Bank, N.A.*
S.D. Fla. Case No. 10-20855-JLK
D.Mass. Case No. 09-cv-12118

*Mascaro v. TD Bank, N.A.*
S.D. Fla. Case No. 10-21117-JLK
D.D.C. Case No. 10-cv-0040

*Mosser v. TD Bank, N.A.*
S.D. Fla. Case No. 10-21386-JLK
E.D. Pa. Case No. 10-cv-00731

*Mazzadra, et. al v. TD Bank, N.A.*
S.D. Fla. Case No. 10-21870-JLK

---

## DEFENDANT TD BANK N.A.'S MOTION TO FILE AN AMENDED ANSWER
## PURSUANT TO RULE 15(a)(2), WITH AMENDED ANSWER

Defendant TD Bank, N.A. hereby moves, pursuant to Fed. R. Civ. P. 15(a)(2), to file an

amended answer by leave of court.  On November 10, 2011, TD Bank sought the consent of

Plaintiffs to the filing of the amended answer, but Plaintiffs have neither consented nor objected

to the amendment.  Accordingly, having allowed  ample time for Plaintiffs to consent, TD Bank

now seeks leave of this Court to file the amended pleading.  A copy of the amended answer is attached hereto as Exhibit A.

Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir.2006) (internal quotation marks omitted).  In short, "[t]here must be a substantial reason to deny a motion to amend." *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).  *See Spanish Broadcasting Sys., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial.").

TD Bank seeks to amend its answer solely to provide a more detailed pleading of its asserted defenses because of a split of authority among U.S. District Courts in the Eleventh Circuit as to whether affirmative defenses must meet the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *Compare Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (applying *Twombly* standard to affirmative defenses), and *Castillo v. Roche Labs., Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (same), *with Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-4 (M.D. Fla. July 21, 2011) (noting split in authority and concluding that the better rule was that *Twombly* was inapplicable to affirmative defenses because *Twombly* was based on Rule 8(a) rather than Rule 8(b) and (c)), and *Jackson v. City of Centreville*, 269

2

F.R.D. 661, 662 (N.D. Ala. 2010) (same).  Relying on cases that have applied *Twombly* to the pleading of affirmative defenses, the plaintiffs in the first tranche action against Union Bank, N.A. argued that "affirmative defenses that merely offer labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  (Dkt. No. 1387, at 39 (internal quotation marks omitted)).  Asserting that Union Bank, N.A., failed to plead in accord with *Twombly*, those plaintiffs criticized Union Bank, N.A.'s pleadings as "thoughtless, shotgun pleadings."  (*Id.* at 40).  Accordingly, out of an abundance of caution, and in order to moot any question regarding the degree of specificity required in the pleading of defenses, TD Bank hereby submits an amended answer to include detailed factual averments supporting its asserted defenses without conceding that *Twombly* applies to its pleading.

Plaintiffs will suffer no prejudice by, nor was there any undue delay in the filing of, the amended answer.  The amended answer contains no changes to the responses to Plaintiffs' allegations in the Consolidated Third Amended Class Action Complaint.  The amendment adds no new defenses.  Rather, the amended answer simply describes in the detail demanded by Plaintiffs' counsel in the tranche one actions many of the specific facts that support the various defenses against the claims of each individual plaintiff, as developed through the deposition testimony of the named plaintiffs since the original answer was filed.  The pleading is lengthy only because the plaintiffs are numerous, and the facts pertaining to each of them and to the respective defenses are varied.

Accordingly, amendment of TD Bank's answer is appropriate under Fed. R. Civ. P. 15(a)(2).

Dated:  December 5, 2011

Respectfully Submitted,

/s/ William J. Kayatta, Jr.
William J. Kayatta, Jr.
(*pro hac vice*)
wkayatta@pierceatwood.com
Lucus A. Ritchie
(*pro hac vice*)
lritchie@pierceatwood.com
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel: (207) 791-1100 Fax: (207) 791-1350

*Attorneys for Defendant TD Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**

**MDL No. 2036**

I hereby certify that on December 5, 2011, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Lucus A. Ritchie</u>
Lucus A. Ritchie
lritchie@pierceatwood.com
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel: (207) 791-1100 Fax: (207) 791-1350