UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## PLAINTIFFS' RESPONSE REGARDING PROPOSED ORDER

Plaintiffs hereby briefly reply to the contention of Defendants Wells Fargo and Wachovia that Plaintiffs' proposed order on the arbitration issue is not in keeping with the Court's directives at hearing on November 22, 2011.  *See* **DE # 2194**.

Following extensive briefing and argument, the Court stated that it agreed with Plaintiffs' position, that Wells Fargo and Wachovia had each waived their right to demand arbitration based on their two-year delay in seeking same. The Court instructed counsel for Plaintiffs as follows:

> Now, I am going to ask counsel for the plaintiffs, Mr. Rogow and his colleagues, whoever works on these, to draft an order discussing the relative cases that the parties have discussed, and draft something for me to do some editing or work on, that puts into place this decision.

Hearing Tr. at 80:9-13. The Court went on to state that:

> But I am not looking for, I don't expect, in fact, I don't really have the time to go and have a big rebuttal and parceling of the words and the language. I am going to undertake that myself.

*Id.* at 80:15-18.

In response, Plaintiffs drafted the proposed order to memorialize the Court's ruling in a legally sound and defensible fashion. The order followed this basic outline:

| Pages | Topic | Reason Included |
|---|---|---|
| 1-2 | Factual background | Basic context needed |
| 3-6 | Procedural background | Essential to finding of untimeliness |
| 7 | Court's authority to establish deadlines | Basis for untimeliness finding |
| 8 | Waiver standard | Summary of applicable legal standard |
| 9-15 | Futility / *Benoay* decision | Banks' sole defense to waiver was that *Benoay* and *Concepcion* excused waiver |

In short, Plaintiffs drafted a basic order "discussing the relative cases . . . that puts into place [the Court's] decision." *See* Hearing Tr. at 80:9-13.

In defiance of the Court's instruction, Defendants took this as an "opportunity to reargue their cases and to pick apart and parcel the language and the wording" of the order. Hearing Tr. at 73:11-13. The banks have requested a wholesale rewriting of the proposed order. *See* **DE # 2194-2** (purporting to strike half the proposed order). Such revisions are intended to undermine

the Court's ruling on appeal and to lay the groundwork for even more arbitration-related motions and delays in the future. Plaintiffs respectfully request that the Court reject Defendants' attempt to re-litigate these issues.

The banks ask the Court to remove any discussion of futility from its order. *See* **DE # 2194**, pp. 2-3. Defendants are fully aware that, without a discussion of futility, the Court's order may be vulnerable on appeal because it does not address *Benoay v. Prudential-Bache Securities, Inc.*, 805 F.2d 1437 (11th Cir. 1986), and other similar decisions. However, the Court specifically addressed *Benoay* at the hearing:

> **I find that *Concepcion* does not excuse the waiver, does not bar this ruling. I have read carefully the *Benoay* cases** and revisited my own decision in the U.S. Bank case where I found that the bank had waived its opportunity to compel arbitration. That was docket number 855, the U.S. Bank case. I find that those substantiate, I believe, and sustain this decision that waiver here bars the raising of this issue.

Hearing Tr. at 79:13-19 (emphasis added). Plaintiffs faithfully drafted an order "discussing the relative cases . . . that puts into place [the Court's] decision." *Id.* at 80:9-13. It is Defendants who are trying to rewrite history.

Defendants also attempt to set up later arbitration fights by excluding mention of "the putative classes" from this proposed order. *See* **DE # 2194**, p. 3. The Court was clear that Defendants' waiver finding was applicable to this case as a whole:

> I think, under these circumstances, that the time has come, the rules and the orders of the Court that we have laid out setting these deadlines, the multiple orders that are all recited in all of your briefs, I am not going to go over it again, impelled the conclusion that somebody had to make a motion to say, Judge, this arbitration issue that is exploding all around me, we are in a battle field here. We have got 314 or something lawyers all arguing about this. The battle is raging. The cannons are going off. They are firing at each other. Explosions are all around us. Everybody knows a war is going on, but we elect not to load the cannon, and fire it right now. We are going to wait to see how things turned out.
>
> It was such a big issue that it was something that a simple thing saying, Judge, we would like permission to raise this and do this later, but unilaterally just yourself

> out and saying we are going to do this later, even though I think it was innocently motivated. I don't think there was any improper intent at all. I think it bars raising it at this point.
>
> I am sorry. I want to make quite clear why this matter has caused me a great concern about the how we find ourselves in this predicament. I have to conclude that this matter has been waived, and I do conclude that this matter has been waived. The various numerous orders were not followed for almost a two-year period, multiple deadlines set and scheduled, and those were not followed. I don't like to say ignored or flaunted, because I don't think there was any bad intent. I am giving everybody the benefit of that. They were ignored. I can't run this litigation, or any litigation, if we permit that to happen. I have got to enforce the orders. During that period of time, the banks, these two banks and others, participated extensively in the case over this period. The total involvement, all the way through, highly qualified professional lawyers on both sides, and all of this activity, which was certainly entirely their right to do, and I am glad they did, we have got the benefit of all of their thinking and making these rulings. This caused, maybe indirectly, maybe not, but, in fact, a tremendous prejudice to the plaintiffs involving a huge time, cost, et cetera . . . .

Hearing Tr. at 77:11 – 78:23. Nonetheless, Defendants apparently want to re-litigate these issues at a later stage of the case, even though the Court's logic forecloses such a plan. Their attempt at a filibuster should be rejected. After more than two years, it is time for the parties to move this litigation toward a conclusion.[1]

Plaintiffs' proposed order hews faithfully to the Court's announced decision. Defendants' modifications, by contrast, are a transparent attempt to undermine the Court's ruling. Plaintiffs respectfully request that those changes be rejected.

---

[1] Notably, these Defendants have repeatedly sought to re-litigate issues by implicitly or explicitly seeking reconsideration of the Court's orders, which is in essence what they are doing here. *E.g.*, Motion for Clarification (seeking "clarification" regarding certain rulings in Court's order denying in large part Defendants' Motion to Dismiss) [**DE # 325**]; Motion for Clarification (seeking "clarification" over "inconsistencies" between Court's ruling on Motion to Dismiss and ruling on Defendants' Motion to Compel Discovery) [**DE # 1036**]; Motion for Reconsideration (seeking reconsideration of Court's order compelling discovery) [**DE # 1220**]; *see Sierra Equity Group, Inc. v. White Oak Equity Partners*, LLC, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (motion for reconsideration should not be used to reiterate arguments already made or to ask court to "rethink what the Court . . . already thought through") (citation omitted).

Dated: December 6, 2011.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

6

<div style="display: flex;">

<div>

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

</div>

<div>

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

</div>

</div>

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596