# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Phillips, et al. v. Bank of America, N.A.*,
S.D. Fla. Case No. 1:10-cv-24316-JLK
W.D. Okla. Case No. 5:10-cv-01185-R

## FINAL JUDGMENT

The Court, having entered the Order Granting Plaintiffs' Motion for Final Approval of Settlement, Application for Service Awards, and Class Counsel's Application for Attorneys' Fees and Costs dated November 22, 2011 [**DE # 2150**], hereby **ORDERS AND ADJUDGES** as follows:

1. The Court incorporates herein by reference the Order Granting Plaintiffs' Motion for Final Approval of Settlement, Application for Service Awards, and Class Counsel's Application for Attorneys' Fees and Costs dated November 22, 2011 (the "Final Approval Order"). [**DE # 2150**].

2. Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement between the Parties [DE # 1471-1].

3. This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement and to afford them an opportunity to present their objections or to request exclusion from the Settlement. The Court also has jurisdiction over Bank of America, N.A. ("BofA"), and over the Plaintiffs, all of whom have personally appeared in the Action pending before this Court. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2), 1407 and, in the case of a removed Action, § 1441(a).

4. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All holders of a BofA Account who, from January 1, 2001 through Preliminary Approval, incurred one or more Overdraft Fees as a result of Debit Re-sequencing. Excluded from the Class are all current BofA employees, officers and directors, and the judge presiding over this Action.

The date of Preliminary Approval, and thus the closing of the Class Period, is May 24, 2011 [DE # 1520].

5. The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order. The "Action," as defined in the Settlement Agreement, includes the following cases in this MDL proceeding which are hereby dismissed with prejudice: *Tornes, et al. v. Bank of America, N.A.*, S.D. Fla. Case No. 1:08-cv-

23323-JLK; *Yourke, et al. v. Bank of America, N.A.*, S.D. Fla. Case No. 1:09-cv-21963-JLK, N.D. Cal. Case No. 3:09-2186; and *Phillips, et al. v. Bank of America, N.A.*, S.D. Fla. Case No. 1:10-cv-24316-JLK, W.D. Okla. Case No. 5:10-cv-01185-R.

6. Without limiting the scope of Section XV of the Settlement Agreement, as of the Effective Date, Plaintiffs and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged BofA and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters between January 1, 2001 and Preliminary Approval that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the assessment of one or multiple Overdraft Fees on a BofA Account or the amount of one or more Overdraft Fees assessed on an Account, or (b) Debit Re-sequencing or posting order. The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for Overdraft Fees or Debit Re-sequencing or posting order: (1) the authorization, approval or handling of any

3

Debit Card Transaction, (2) any failure to notify or to obtain advance approval when a Debit Card Transaction would or might cause a BofA Account to become overdrawn or further overdrawn or an Overdraft Fee to be assessed, (3) any failure to allow the holder of any BofA Account to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any BofA Account to opt-out of overdrafts, (4) any failure adequately or clearly to disclose, in one or more agreements, posting order, Debit Re-sequencing, overdrafts, Overdraft Fees, or the manner in which Debit Card Transactions are or would be approved, processed, or posted to BofA Accounts; (5) any conduct or statements encouraging the use of BofA Debit Cards, and (6) any advertisements relating to any of the foregoing. As of the Effective Date, Plaintiffs and each Settlement Class Member shall further automatically be deemed to have waived and released any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code or similar laws of any other state or jurisdiction. Section 1542 of the California Civil Code reads: "§1542. Certain claims not affected by general release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

7. Those persons identified on the List of Exclusions attached hereto as Exhibit A are hereby excluded from the Settlement, shall not receive any distribution from the Settlement and are not bound by this Judgment.

8. The Parties to the Settlement Agreement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including BofA, Plaintiffs, and all Settlement Class Members including all Objectors, as set forth in Section IX and paragraph 126 of the Settlement Agreement, to administer, implement, supervise, construe,

4

enforce and perform the Settlement Agreement in accordance with its terms, and to enforce the Final Approval Order. Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to: (i) address, determine and approve the *cy pres* recipients which will receive the *cy pres* monies provided for in paragraphs 81, 82, 90, 91 and 93 of the Settlement Agreement; (ii) allocate the award of attorneys' fees, costs and expenses of Class Counsel, in the absence of a joint agreement by Settlement Class Counsel, as set forth in Section XVI of the Settlement Agreement; and (iii) adjudicate any suit, action, proceeding or dispute arising out of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program, Settlement Administrator, the Notice Administrator and the Tax Administrator.

9. Nothing in the Settlement Agreement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by BofA or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

10. The Protective Order entered in this Action [DE # 688] shall survive the termination of this Action and continue in full force and effect after the entry of the Final Approval Order and this Judgment.

11. In accordance with paragraph 72 of the Settlement Agreement, Plaintiffs and all Settlement Class Members including all Objectors are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Final Approval Order and this Judgment.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 22d day of November, 2011.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

Plaintiffs' Coordinating Counsel is directed to promptly mail a copy of this Final Judgment to all *pro se* Objectors