IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-md-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Mello v. Susquehanna Bank*
S.D. Fla. Case No. 1:11-CV-23250-JLK
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REMAND

THIS CAUSE comes before the Court upon Defendant Susquehanna Bank's Motion for Remand (DE #2126), filed November 17, 2011.[1] Therein, Defendant relies upon 28 U.S.C. § 1407(s) and JPML Rule 10.1[2] as the basis for seeking a suggestion from this Court to the Judicial Panel on Multidistrict Litigation (the "Panel") to remand the action to the United States District Court of the District of Maryland, where the action originated.

Defendant's Motion for Remand seeks to overturn the Panel's August 16, 2011 transfer of the action and inclusion in MDL No. 2036.[3] At no time during before inclusion in the MDL did

---

[1] Plaintiff filed a Response (DE #2170) on November 28, 2011 to which Defendant replied on December 1, 2011. (DE #2126). The matter is thus ripe for adjudication.

[2] Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation provides in pertinent part: "Initiation of Remand. Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel..."

[3] The Panel finalized CTO-40 and transferred this action for inclusion in MDL No. 2036 on August 16, 2011, finding this action "involve[s] questions of fact that are common to the actions previously transferred to the Southern District of Florida and assigned to Judge King." (*See* DE #604 in MDL No. 2036). On August 26, 2011, the Order finalizing CTO-40 was filed with this Court. (DE # 1828).

Defendant oppose transfer or file a motion to vacate CTO-40. The Motion to Remand thus raises arguments Defendant now asserts for the first time.

Since entry of the Panel's transfer order, nothing has changed that would indicate that consolidation and coordination of this action with those currently pending in the MDL would not promote the just and efficient and consistent resolution of this and other assigned bank overdraft cases.

Accordingly, being fully advised and having considered the parties' legal briefs, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Entry of a Suggestion of Remand (DE #2126) be, and the same is, hereby **DENIED.**

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 9th day of December, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record