UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## NOTICE OF APPEAL

Notice is hereby given that RAPONI & HUNTER ABOGADOS, OSVALDO A. RAPONI, and JAIME E. HUNTER (collectively "the R&H Applicants"), hereby appeal to the United States Court of Appeals for the Eleventh Circuit this Court's attached December 8, 2011 Order Denying Petitions for Intervention [DE 2206], which denied the R&H Applicants' Petition for Intervention as to Allocation of Attorney's Fees [DE 2084].

Dated:  December 13, 2011

Respectfully submitted,

Stuart N. Ratzan (Fla. Bar No. 911445)
RATZAN LAW GROUP, P.A.
1450 Brickell Avenue
Suite 2600
Miami, Florida 33131-3456
(305) 374-6366
(305) 374-6755 (Fax)

/s/ Herman J. Russomanno
Herman J. Russomanno (Fla. Bar No. 240346)
Robert J. Borrello (Fla. Bar No. 764485)
Herman J. Russomanno III (Fla. Bar No. 021249)
RUSSOMANNO & BORRELLO, P.A.
Attorneys for Plaintiff
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile:  (305) 373-2103

Richard J. Diaz (Fla. Bar No. 0767697)
RICHARD J. DIAZ, P.A.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178

CASE NO. 09-MD-02036-JLK

## CERTIFICATE OF SERVICE

  I hereby certify that on December 13, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Herman J. Russomanno III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### ORDER DENYING PETITIONS FOR INTERVENTION

On November 5th and 6th, 2011, two separate law firms, and several individual attorneys filed, as citizens of Argentina licensed to practice law in Argentina, motions to intervene in the above-styled case pending in this court. (*See* D.E. #2083, 2084). The motions and supporting memoranda rely upon Fed. R. Civ. P. 24[1] as the basis for intervention for the purpose of receiving notice and participating in the allocation and distribution of attorneys' fees, costs and expenses of the Settlement Fund established by this Court in its Order of November 22, 2011 approving the settlement between Bank of America, N.A. and Plaintiff Class and creating a 30% award to Class Counsel for attorneys' fees and costs. (D.E. #2150).[2]

Rule 24 requires a showing that (1) the petition is timely, (2) the petitioner has an interest relating to the transaction which is the subject of the action, (3) the petitioner "is so situated that disposition of the action, as a practical matter, may impede or impair his

---

[1] *See* Fed. R. Civ. P. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.").

[2] *See* Order of Final Approval of Settlement, ¶ 6 (D.E. #2150, at 58) ("[A]ward[ing] Class Counsel attorneys' fees and costs in the amount of 30% of the Settlement Fund net of the expenses in paragraph 82(a-c),(e-h) of the Agreement.").

ability to protect that interest," and (4) the petitioner's "interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). To intervene as a matter of right, the proposed intervenor must demonstrate that it has a "direct, substantial and legally protectable" interest in the subject matter of the action. *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quotations marks and citation omitted). This Court has held that "a legally protectable interest is an interest that derives from a legal right;" it must be "something more than an economic interest." *Id.* (quotation marks and citation omitted).

Claimants' petitions for intervention, filed prior to the November 7, 2011 Final Approval Hearing, assert that a contractual dispute has arisen between Claimants and certain counsel of record for Plaintiff Class regarding the distribution of whatever fund the Court ultimately resolved as being just and fair compensation to be paid by Bank of America to Plaintiffs' Executive Committee and those lawyers representing the Plaintiff Class. Claimants appeared through counsel at hearings held on October 5, 2011 for consideration of a special master to assist the Court in resolving the attorneys' fee fund award and on November 7, 2011 to hear from all Plaintiff Class Member objectors opposing the settlement between Bank of America and Plaintiff Class. Several of those objectors to the settlement raised the issue of how the fund, once ultimately determined by the Court, would be distributed among Plaintiff Class lawyers. The transcript reflects that the Court declined to become involved with what it perceived to be a collateral issue unrelated to the Court's responsibility of (a) determining the fairness of the settlement, and (b) fixing a Fund to be utilized for the payment of fees, costs and expenses. *See* Hearing Tr., at 53:15-17 (D.E. #2134).

The Court does not perceive its responsibility to oversee this massive overall litigation to include adjudication and determination of private, contractual disputes between non-parties and non-attorneys of record over the division of fees from the overall Fund created for the benefit of Plaintiff Class. Class Counsel has represented the Plaintiff Class since the actions were initiated in 2008 and 2009[3] and upon reaching the Settlement Agreement and Release Agreement for their benefit. The Settlement Agreement explicitly provides that an award can only be disbursed by the settlement escrow agent if (1) that order is not appealed by an objector, and (2) Settlement Class Counsel have jointly agreed upon a plan of allocation of fees, costs and expenses among all Class Counsel. *See* Settlement Agreement and Release, ¶ 104 (D.E. #1471-1).

Claimants concede that they have never represented any member of Plaintiff Class and do not assert any agreement with any party to this *Bank of America* case.[4] Indeed, the merits of Claimants' asserted fee-sharing agreements are currently being litigated in two pending state court actions. *See Campos* Complaint (D.E. # 2083-1, at 6-7); *see also Alters Law Firm, P.A. v. Raponi & Hunter, Abogados*, No. 2011-32861-CA-30 (Fla. Jud. Cir. Miami-Dade County). Claimants' interests are thus entirely contingent upon the outcome of those lawsuits. Moreover, if Claimants wish to obtain information concerning the eventual fee allocation from the *Bank of America* settlement, assuming it does not otherwise become public in this Court, they can seek it through discovery in the

---

[3] *See Tornes, et al. v. Bank of America, NA.*, S.D. Fla. Case No. 1;08-cv-23323-JLK, *Yourke, et al. v. Bank of America, N.A.*, S.D. Fla. Case No. 1:09-cv-21963-JLK, *Phillips, et al. v. Bank of America, NA.*, S.D. Fla. Case No. 1:10-cv-24316-JLK.

[4] *See* Campos Petition at 3 ("Campos' interests ... relate to ... fees recovered through ALF") (D.E. #2083); *see also* R&H Petition, Exhibit 1 at 3 (D.E. # 2084-1).

state court actions. Likewise, if Claimants are successful in state court, they have all the remedies available in state court to enforce that judgment.

In sum, Claimants have no dispute with any with any party to this case (i.e., either any defendant bank or any class or individual plaintiff); their dispute arises out of alleged conduct by attorneys or law firms *who are not parties in this case*. Without a dispute with any Plaintiff or Defendant in this case, Claimants do not have a right to intervene and participate in the allocation of attorneys' fees in this case.

The Court's primary responsibility under the mandate from the Multi-District Litigation Panel is to supervise the discovery and motion practice phases of the Plaintiffs' alleged class as they have been pled in the various Complaints and Amended Complaints and Answers involving over 30 separate banking institutions to the point where they can be resolved at trial. The issue is whether or not these banking institutions have violated any laws pertaining to re-sequencing of their customers' debit card transactions. Attorney disputes over the division of fees to which they may or may not be entitled as a result of this litigation, whether it be between a defendant bank and its attorneys or individual attorneys representing Class Members, is not within the purview of this judge's responsibility. Those types of disputes can, and in the opinion of this Court, should be resolved in a separate lawsuit (assuming it cannot be amicably resolved) in a competent jurisdiction authorized to resolve this separate and distinct dispute. It is therefore,

**ORDERED, ADJUDGED and DECREED** the petitions for intervention filed by Campos Y Asociados a/k/a Adrian Campos, P.A. and Adrian Campos, (**D.E. # 2083**),

and Raponi & Hunter Abogados, Osvaldo A. Raponi and Jaime E. Hunter, (**D.E. # 2084**), be, and the same are hereby **DENIED**. It is further,

**ORDERED, ADJUDGED and DECREED** that the subsequently filed Motion to File Under Seal, dated December 2, 2011, and seeking leave to file various contracts between Claimants and other attorneys allegedly being material to the issues raised by the foregoing denied Motions for Intervention be, and the same is hereby **DENIED AS MOOT**. The Clerk of the Court be and is hereby directed to return to counsel all documents furnished by the parties submitting them under seal on December 2, 2011. It is further,

**ORDERED, ADJUDGED and DECREED** that the Motions for Oral Argument submitted by Claimants (**D.E. #2164, 2187**) on November 23, 2011 and December 2, 2011 be, and the same are hereby **DENIED AS MOOT**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of December, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record