UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## ORDER DENYING MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, STAY IN FAVOR OF ARBITRATION

**THIS CAUSE** comes before the Court upon Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Wachovia Bank, N.A.'s ("Wachovia") Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (DE # 1384), filed April 29, 2011. The Court is fully briefed in the matter

and proceeds having had the benefit of oral argument.[1] For the reasons stated below, the Court denies the motion as untimely and finds that Defendants waived their right to demand arbitration in these matters.

## I. RELEVANT FACTUAL BACKGROUND

Wells Fargo and Wachovia adopted arbitration clauses which are included in their customer agreements. Each of the provisions is permissive rather than mandatory, allowing either party to request arbitration. *See* Wells Fargo Account Agreement, p. 5 ("Either of us may submit a dispute to binding arbitration at any reasonable time notwithstanding that a lawsuit or other proceeding has been commenced") (DE # 1972-1); Wachovia Deposit Agreement, p. 12 ("if either you or we request any dispute or claim concerning your account or your relationship to us will be decided by binding arbitration") (DE # 1972-2).

Pursuant to such permissive arbitration clauses, if one party files to litigate in court and a second party desires to arbitrate, the second party must promptly demand to arbitrate. The earliest cases against these Defendants that were transferred to this MDL were filed in October 2008 for Wells Fargo and September 2008 for Wachovia. *See, e.g.*, Original Complaint in *Zankich v. Wells Fargo Bank, N.A.*, Case No. 08-cv-1476-RSM (W.D. Wa.); Original Complaint in *Garcia v. Wachovia Bank, N.A.*, Case No. 08-cv-22468-JLK (S.D. Fla.). Defendant banks have conceded that they did not request arbitration as to any of the Plaintiffs until April 27, 2011.

## II. RELEVANT PROCEDURAL BACKGROUND

This MDL was created in June 2009, with the active support of Wachovia and ultimately Wells Fargo as well. *See In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1334

---

[1] The Court heard oral argument on Defendants' motion (DE #1384), Plaintiffs' response (DE # 1971) and Defendants' supplemental briefs (DE # 1972, 2105, 2118) on November 22, 2011. The Court first heard argument on the Arbitration Motion on June 1, 2011. (DE # 1555). On June 3, 2011, the Court deferred ruling pending limited arbitration-related discovery to be completed within 90 days. (DE # 1576). Following the 90-day discovery period, the parties stipulated, with Court approval, to file simultaneous supplemental briefs. (*See* DE # 1896, 1964).

(J.P.M.L. 2009) ("Wachovia supports centralization of all actions in the Southern District of Florida"); Wells Fargo Response to Motion to Vacate, pp. 2-3 (advocating all Wells Fargo actions should be centralized) (JPML DE # 40). Defendant banks argued that having an MDL court handle these matters would "promote judicial efficiency and prevent the possibility of conflicting rulings." *E.g.*, Wachovia Response to Motion to Transfer, p. 5 (JPML DE # 7).

At a status conference before this Court in October 2009, counsel for Wachovia and Wells Fargo began expressing concerns about litigating multiple cases in this MDL proceeding. *See* Oct. 22, 2009 Status Conf. Transcript, pp. 19-20 (DE # 124). The parties and the Court agreed to streamline the proceedings by consolidating arbitration motions with all other motions to dismiss. Defendants' counsel and the Court had the following colloquy:

> MR. DAVIDSON: Of course, we would have non-merits motions, which would be things like venue, arbitration clauses, etc. And then next we would have another tranche of motions which would be 12(b)6 motions. We are willing to collapse and put these motions together so that all motions connected to the final complaint against each bank to be filed by December 1, with one small caveat, Judge. There may be banks that wish to pursue arbitration motions. Your Honor is well aware that if you file an arbitration motion and a merits motion simultaneously, you bear the risk of a waiver argument. We believe Your Honor can resolve that by conditioning the December 1st response and preserving, in effect, negating the waiver argument by Your Honor's order.
>
> THE COURT: In all fairness, that would be the reasonable – in all fairness, I would not wish someone who in attempting to cooperate with the Court to move this matter forward efficiently had innocently or accidentally stumbled into a waiver of some substantial right. And I would go to any reasonable length to prevent that with any ruling. In other words, we could articulate into the record that is without any prejudice to that movant to raise this matter appropriately in the appellate court. But it's wise to look forward to that and to formalize that in a written order, I suppose, so that the parties would be protected. I do this frequently in criminal cases. We ask people to move forward and submit the Rule 29 at the conclusion of the Government's case. And call the rest of the witnesses, but to protect them. And that's always been accepted by the 11th Court. But we consider it, it's timely made, it's verbally made, and there's no waiver. So I have no difficulty with that. And I certainly would prefer, I think, I believe, it all depends on the plethora of legal theories that are going to be advanced, but I certainly would prefer to deal with this in one motion to dismiss rather than in serial form, you know. So I agree with you,

and if we can formalize that in writing, if that's agreeable to you all, the December 1st deadlines seems reasonable to me.

See Oct. 22, 2009 Status Conf. Transcript, pp. 39-40.

Following the status conference, the Court issued an Order specifically requiring that Wachovia and Wells Fargo simultaneously file any arbitration motions with all other merits and non-merits-based motions to dismiss:

> On or before December 8, 2009, Defendants **Wachovia Bank, National Association,** Bank of America, N.A., Citibank, N.A., U.S. Bank National Association, JPMorgan Chase Bank, N.A., **Wells Fargo** and Union Bank **shall file** their merits **and non-merits motions** directed to the operative complaints on file . . . The Court holds that the **simultaneous filing** of these merits and **non-merits motions** shall not be deemed a waiver of any Defendant's rights to move to compel arbitration.

See Nov. 6, 2009 Order, ¶ 11 (emphasis added) (DE # 134).

In response, neither Wells Fargo nor Wachovia invoked arbitration. Instead, they joined several other banks to file their Omnibus Motion to Dismiss, which not only sought adjudication of these claims on their merits, but also specifically noted that these banks were *not* among those seeking arbitration. (*See* DE # 217, p. 6 n.2) (noting that certain banks would file arbitration motions separately). This Court denied the motion to dismiss on March 11, 2010 (DE # 305).

Even though the Court gave clear direction in the November 6, 2009 Order that any arbitration demands were to be made by December of 2009, the Court afforded Wells Fargo and Wachovia a second formal opportunity to demand arbitration after ruling on dismissal:

> Any other Defendant presently a party in this consolidated litigation that wishes to join in and be heard on the motions to compel arbitration, is invited to be present at the hearing hereafter scheduled and make such oral statement as they may wish. Any party (Defendant) desiring to avail themselves of the right granted to them in this Court's scheduling order of November 6, 2009, paragraph 11, who has not already filed a motion to compel arbitration may do so by filing a short (non-repetitive if possible) statement that they either (a) elect to join the pending motions for arbitration already filed by the four Defendants listed above, or (b) filing such additional case authorities or memorandum as they may be advised.

4

*See* April 14, 2010 Order, pp. 2-3 (DE # 360). Wells Fargo and Wachovia again chose not to invoke their arbitration rights against Plaintiffs. Instead, they elected to file answers and affirmative defenses to the amended and consolidated complaints. (*See* DE # 503, 504, 548, 549).

At the November 22, 2011 hearing on the present motions, Defendants argued that they had preserved their right to move for arbitration by filing two notices (DE # 387, 390) with the Court in April of 2010, which sought to reserve the right to request arbitration as to any newly added plaintiffs by the deadline to respond to the amended complaints. *See* Nov. 22, 2011 Motion to Dismiss Transcript, p. 12 (DE # 2189). (*See also* DE # 387, p. 2; DE # 390, p. 2). Neither bank moved for arbitration when answering. (*See* DE # 503, 504, 548, 549). Thus, both banks affirmatively decided not to assert arbitration by the deadlines established by the Court. In essence, Defendants contend that they unilaterally exempted themselves from the Court's directives without first seeking leave to do so.[2]

It is undisputed that, since April of 2010, the parties have spent thousands of hours litigating the cases against Wells Fargo and Wachovia. *See* Decl. of R. Gilbert, ¶¶ 3-15 (DE # 1487-5). They have reviewed hundreds of thousands of documents. *Id.* at ¶ 13. They have taken numerous depositions from coast-to-coast. *Id.* at ¶¶ 14-15. Several motions have been briefed and argued to the Court. (*E.g.*, DE # 907, 909, 1044, 1089). The Court has reviewed numerous briefs, held hearings, and written orders. If Wells Fargo and Wachovia had timely filed arbitration motions, very little of this judicial effort would have been expended.[3]

---

[2] Other Defendant banks that adhered to the Court's deadlines for moving to compel arbitration had their motions promptly heard and ruled upon. (*See, e.g.*, DE # 514) (granting motion to compel arbitration by Huntington Bank); (DE # 447, 1853) (denying arbitration motions by four banks). In other cases that have more recently been transferred to this MDL, banks have also had no difficultly in meeting the Court's deadlines. *E.g.*, M&I Motion to Compel Arb. (DE # 917) (filing motion by Fourth Tranche deadline); Regions Motion to Compel Arb. (DE # 1932) (filing motion by Fifth Tranche deadline).

[3] For example, SunTrust moved to arbitrate in 2009 and no substantive litigation has occurred since then. *E.g.*, SunTrust Notice of Appeal (recent appeal filed; arbitration sought in July of 2009) (DE # 1869).

5

## III. DISCUSSION

Plaintiffs argue, and the Court agrees, that Wells Fargo and Wachovia waived their opportunity to file the instant Motion to Compel Arbitration. Defendants' response – that they had no right to seek arbitration until *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), was published – does not excuse their failure to meet the Court's deadlines.

The Court's inherent authority to adopt deadlines and require adherence thereto is heightened in the MDL context. As the Judicial Panel on Multidistrict Litigation noted:

> Transfer to a single district under Section 1407 has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F. Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

*In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d at 1335. The goals of efficiency and expeditiousness have long been stated reasons behind the creation of multidistrict litigation, including this MDL. *See id.* (centralizing overdraft fee cases before this Court to "promote the just and efficient conduct of the litigation," and entrusting the Court "to efficiently manage this litigation").

In light of this Court's mandate, and with the full agreement of all parties at hearing in October of 2009, this Court adopted an unambiguous deadline by which any party desiring to assert arbitration had to do so.[4] Wells Fargo and Wachovia failed to so move.

Then, in April of 2010, the Court again opened the window for such filings. If Wells Fargo and Wachovia desired to arbitrate these matters, they were obligated to notify the Court at that

---

[4] In this MDL, at least nine banks moved to compel arbitration in a timely manner. *E.g.*, DE # 33 in Case No. 1:09-cv-23632-JLK (SunTrust), DE # 31-16 in Case No. 1:10-cv-20820-JLK (BB&T), DE # 202 (Huntington), DE # 5 in Case No. 1:10-cv-20476-JLK (Regions), DE # 11 in Case No. 1:10-cv-20478-JLK (M&T), DE # 425 (KeyBank), DE # 1771 (Compass), DE # 917 (M&I), DE # 5 in Case No. 09-cv-22190 (RBC).

time. Instead, they filed notices that did not make any attempt to move to compel arbitration. Defendants therefore affirmatively waived any attempt to arbitrate in April 2010. Litigants cannot unilaterally exempt themselves from the Court's deadlines.

It is well established that a "party may, by its conduct, waive its right to arbitration." *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (internal cites omitted). A defendant can waive its right to arbitrate where, for example, it "'substantially invok[es] the litigation machinery' prior to demanding arbitration . . . ." *Id.* (quoting *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir. 1977)). The Eleventh Circuit has established a two-part test: the right to move to compel arbitration is waived "if, 'under the totality of the circumstances, the . . . party has acted inconsistently with the arbitration right,' and, in so acting, has in some way prejudiced the other party." *Id.* (internal cites omitted); *see also Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002). Waiver of a right to compel arbitration through delay is consistent with "Congress' clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

Defendants seek to exempt themselves from a finding of waiver by arguing that "parties do not waive their right to arbitration by declining to file a motion to compel arbitration where such a motion would have been futile." *See* Motion to Compel, p. 10 (DE # 1384); Reply, p. 3 (DE # 1536). Defendants rely on *Benoay v. Prudential-Bache Securities, Inc.*, 805 F.2d 1437 (11th Cir. 1986), and similar cases, for the proposition that a party can move to compel arbitration at an advanced stage of litigation, without a finding of waiver, where filing such a motion would have been futile earlier.

The Court finds that the circumstances of this case are materially different from those which led the Eleventh Circuit to declare the invocation of arbitration to have been futile in *Benoay*. In

7

that case, the defendant was excused from failing to have invoked arbitration because binding Circuit law "prohibited arbitration of otherwise arbitrable state claims when arbitrable and non-arbitrable claims were 'inextricably intertwined.'" *Benoay*, 805 F. 2d at 1440 (quotation marks omitted). Under those circumstances, it was not until the Supreme Court reversed the Circuit precedent that stood as a clear and certain obstacle to the invocation of arbitration that the right became feasible to exercise. *See id.* Here, Wells Fargo and Wachovia faced no comparable obstacle.

Parties seeking relief under the "quite restricted" futility doctrine "must show that it is *certain* that their claim will be denied." *Communications Workers of Am. v. American Tel. & Tel. Co.*, 40 F.3d 426, 432-33 (D.C. Cir. 1994) (citations omitted). Defendants have failed to make such a showing. As detailed above, under the terms of the parties' own permissive arbitration clauses, Defendants cannot fall back on futility unless they have at least timely demanded that the other party submit to arbitration. Moreover, *Concepcion* does not excuse Defendants' voluntary waiver of their right to demand arbitration as it was not the first case where a party asserted that the Federal Arbitration Act ("FAA") preempted state laws that undermined arbitration.[5] Finally, although the law of other states may not have been as favorable to the banks,[6] an arbitration motion

---

[5] *See e.g., Perry v. Thomas*, 482 U.S. 483, 490-92 (1987) (holding that "the Federal Arbitration Act preempts § 229 of the California Labor Code"); *Haluska v. RAF Fin. Corp.*, 875 F. Supp. 825, 829 (N.D. Ga. 1994); *Securities Indus. Ass'n v. Lewis*, 751 F. Supp. 205, 208 (S.D. Fla. 1990) (holding that laws that single out arbitration agreements are preempted by the FAA).

[6] The parties agree that the laws of the following states apply to Defendants' arbitration motion: California, Florida, Georgia, New Jersey, New Mexico, Oregon, Texas, Virginia, and Washington. Wells Fargo and Wachovia argue that they had no right to arbitrate under the laws of these states because the presence of class action waivers in their arbitration clauses made them unenforceable under the laws of these states until *Concepcion*. However, in Texas, arbitration clauses with class waivers are routinely enforced, even in small-value consumer cases. *See Johnson v. AT&T Mobility, LLC*, 2010 WL 5342825, at *4-7 (S.D. Tex. Dec. 21, 2010); *Fat Butter, Ltd. v. BBVA USA Bancshares, Inc.*, Case No. 4:09-cv-03053 (S.D. Tex. Apr. 29, 2010) (granting motion to compel arbitration under Texas law in overdraft fee case). The same is true in Virginia. *See Freeman v. Capital One Bank*, 2008 WL 2661990, at *2-3 (E.D. Va. July 3, 2008); *March v. Tysinger Motor Co., Inc.*, 2007 WL 4358339, at *4 (E.D. Va. Dec. 12, 2007). In Florida and Georgia, the decisions have been mixed. *Compare Dale v. Comcast*, 498 F.3d 1216, 1224 (11th Cir. 2007), *with Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1124-27 (11th Cir. 2010) (Georgia law); *also compare Powertel, Inc. v. Bexley*, 743 So.2d 570, 574 (Fla. 1st DCA 1999), *with Sanders v. Comcast Cable Holdings, LLC*, 2008 WL 150479, at *7-9 (M.D. Fla. Jan. 14, 2008) (Florida law). Even in California, courts ordered arbitration and enforced class waiver provisions in

by Defendants would most certainly not have been futile (*i.e.*, certain to fail) in 2009 because it has long been clear that a party can move to arbitrate some parts of a case even if others are not subject to arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).[7]

Based on the foregoing, the Court finds that Defendants' arbitration motion is untimely, and Wells Fargo and Wachovia knowingly and voluntarily waived their right to demand arbitration.[8] Therefore, after a careful review of the record, and the Court being otherwise fully advised, it is,

**ORDERED, ADJUDGED and DECREED** that the Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration (DE # 1384) filed by Defendants Wells Fargo and Wachovia be, and the same is hereby, **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 15th day of December, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

---

consumer cases. *E.g.*, *Omstead v. Dell, Inc.*, 533 F. Supp. 2d 1012, 1036 (N.D. Cal. 2008) (determining that "the class action waiver in this case didn't violate California public policy"); *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, *3 (N.D. Cal. Oct. 25, 2007).

[7] Defendants' arguments based on severability, for example, could have rendered their arbitration motion non-futile in all of the relevant states. *See* Defs' Supp. re Arb., pp. 9-10 (DE # 1972). This same argument – that the class action waiver and other defects could be severed from Defendants' arbitration clauses – has succeeded even in states that disfavored enforcement of arbitration clauses. *See Gentry v. Superior Ct.*, 165 P.3d 556, 570 (Cal. 2007) ("severance is particularly appropriate in the case of class arbitration waivers"); *Jones v. Deja Vu, Inc.*, 419 F. Supp. 2d 1146, 1150 (N.D. Cal. 2005) (severing class waiver provision which ran afoul of *Discover Bank* rule and enforcing arbitration clause); *Muhammad v. County Bank of Rehoboth Beach*, 912 A.2d 88, 93, 103 (N.J. 2006) (severing unconscionable class action waiver provision based on savings provision and enforcing arbitration). Thus, severance was a viable way around state laws invalidating arbitration clauses with class action waiver provisions, even before *Concepcion*.

[8] The Court expressly does not reach the issue of the potential unconscionability of the Wells Fargo and Wachovia provisions at this juncture because such analysis is unnecessary given that the banks waived their right to arbitrate, as detailed herein.

9