UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

**DEFENDANT CAPITAL ONE, N.A.'S RESPONSE TO
PLAINTIFF TIM PETERSON'S MOTION FOR VOLUNTARY DISMISSAL**

Defendant Capital One, N.A., does not oppose Plaintiff Tim Peterson's Motion for Voluntary Dismissal Pursuant to Federal Rule 41(a)(1), [ECF No. 2219]. Capital One nonetheless submits this brief response to clarify the record as to the basis for his request, and to state its position on Peterson's request that the Court issue an advisory opinion as to the impact of his dismissal from the case.

First, Peterson seeks dismissal from this litigation because his counsel have finally realized that he never had a factual basis to file this action. Peterson never incurred an overdraft fee in connection with a Capital One or Chevy Chase Bank consumer checking account.[1] Although the absence of a factual basis for his claims should have been apparent before Peterson

---

[1] For this reason, counsel noticeably fail to request that Peterson remain an absent class member, as they did in connection with a similar request filed on December 9, 2011 in connection with TD Bank.  [ECF No. 2209.]

1

sf-3083505

filed suit,[2] his counsel nonetheless filed a nationwide class action on his behalf and defended those claims in written and oral statements to the court on a motion to dismiss and motion for reconsideration. For example, in opposing Capital One's motion to dismiss Peterson from the litigation for lack of standing, plaintiffs' counsel argued that Peterson was "wrongfully charged . . . overdraft fees on multiple occasions" as a result of Capital One's ordering of his transactions. [ECF No. 1246 at 17-18.] Plaintiffs' counsel again asserted that Capital One charged Peterson multiple overdraft fees in opposing reconsideration of the Court's denial of Capital One's motion to dismiss Peterson's claims. [ECF No. 1440 at 6.]

Second, contrary to the contention of Peterson's counsel, Capital One has suffered substantial prejudice as a result of this frivolous filing. In the year-and-a-half since the Complaint was filed, Capital One has investigated Peterson's claims, moved to dismiss those claims on grounds independent of the other plaintiffs, propounded discovery directed specifically to Peterson,[3] and met and conferred repeatedly with Peterson's counsel about his claims. Class certification briefing is imminent and, until now, so was Peterson's deposition. Peterson's counsel's suggestion that there is no prejudice because the case is "still in relatively early stages" is disingenuous. [ECF No. 2219 at 2.]

Finally, plaintiffs' counsel ask the Court to declare that Peterson's dismissal will have no effect on the remaining claims in the litigation. Although Capital One does not oppose Peterson's dismissal, Capital One requests that the Court decline counsel's invitation to issue a blanket advisory opinion on the consequences—if any—of that dismissal on the claims of the remaining parties. *See Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006) (federal court shall not issue "impermissible advisory opinions . . . through review of potential or abstract

---

[2] In the Complaint [ECF No. 1043-1], for example, Peterson is the only plaintiff who did not allege facts showing a particular transaction resulting in an overdraft fee. (*Compare* ¶¶ 58-75 *with* ¶¶ 76-78.)

[3] Peterson simply failed to respond to the written discovery.

disputes") (citations omitted).  Neither the Court nor Capital One currently knows what positions the remaining putative class representatives will take.  Without that information, counsel's request is truly one for a blank check.  The Court should decline that request.  If and when the parties have an actual, concrete dispute—the standard requirement to invoke the decision-making process of the federal courts—they can present it to the Court.  Until then, counsel's request is premature.

In conclusion, Capital One does not object to dismissal of Plaintiff Peterson's claims, but respectfully requests that this Court reserve for a more appropriate time the question of the effect of such dismissal on the claims of the remaining plaintiffs.

Dated: December 15, 2011

Respectfully submitted by,

MORRISON & FOERSTER LLP

By:   /s/ James R. McGuire
        JAMES R. McGUIRE

JAMES R. McGUIRE (*pro hac vice*)
RITA F. LIN (*pro hac vice*)
MIMI YANG (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:    415.268.7000
Facsimile:     415.268.7522

*Attorneys for Defendant*
CAPITAL ONE, N.A.

CERTIFICATE OF SERVICE

CASE NO.:  1:09-MD-02036-JLK

I HEREBY CERTIFY that on December 15, 2011, I filed the following document with the Clerk of the Court using ECF:

- **DEFENDANT CAPITAL ONE, N.A.'S STATEMENT IN RESPONSE TO PLAINTIFF TIM PETERSON'S MOTION FOR VOLUNTARY DISMISSAL**

I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/ James R. McGuire
James R. McGuire
JMcGuire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:     (415) 268-7000
Facsimile:      (415) 268-7522

1

sf-3083505