UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

**MOTION OF DEFENDANT WELLS FARGO BANK, N.A.
FOR STAY PENDING APPEAL**

I.  **INTRODUCTION**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully moves for a stay of all activity in this case while it pursues its appeal of this Court's December 15 Order ("Arbitration Order"), which denied Wells Fargo's Motion to Dismiss or, in the Alternative, to Stay in Favor of Arbitration.  DE # 1384.  Under *Blinco v. Green Tree Servicing, LLC*, when a litigant files a non-frivolous appeal from an order denying a motion to enforce an arbitration agreement, the district court no longer has jurisdiction over the proceedings, and a stay must be issued.  366 F.3d 1249, 1251-53 (11th Cir. 2004).  Wells Fargo's appeal of the Court's Arbitration Order is plainly non-frivolous.  Under *Blinco*, this Court is therefore required to stay further proceedings while Wells Fargo pursues its appeal.

II.  **BACKGROUND**

This Motion will not belabor the background of these cases or the details of the issues presented in Wells Fargo's arbitration motion, as those matters are familiar to the Court.[1]  As set forth in the arbitration motion, the agreements governing each plaintiff's account with the bank contain broadly-worded arbitration clauses that require plaintiffs to arbitrate, on an individual basis, any disputes arising out of or relating to their checking accounts.  *See* DE # 1384 at 2-3.  At the time this litigation was commenced, courts applying the state laws governing these plaintiffs' account agreements refused to enforce similar arbitration clauses because they found their class action waivers to be unconscionable or in violation of public policy.  Indeed, plaintiffs' counsel had carefully selected named plaintiffs for these cases who were from states

---

[1] Wells Fargo instead incorporates by reference the discussion of those issues presented in its extensive briefing on the arbitration motion.  *See* DE #s 1384, 1536, 1972, 2035, 2105, 2118, 2194.

1

whose laws would not enforce the bank's arbitration agreement.[2] Faced with the weight of this adverse law, Wells Fargo did not file arbitration motions with respect to these particular plaintiffs, because any such motion would have been futile.[3]

On April 27, 2011, the Supreme Court decided *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), which held that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, preempted the state law rules that refused to enforce arbitration clauses with class action waivers. *Id.* at 1748. Two days after *Concepcion* issued, Wells Fargo filed a motion in this Court requesting that plaintiffs' complaints be dismissed in favor of arbitration or, in the alternative, that the Court enter a stay under 9 U.S.C. § 3 while the parties arbitrated their disputes.

Following full briefing and a period of arbitration-related discovery, the Court heard Wells Fargo's arbitration motion on November 22, 2011. At the conclusion of the hearing, the Court announced its intention to deny the motion based on a finding of waiver, but recognized that Wells Fargo was entitled to appeal that ruling. *See* Tr. 81 (DE # 2189).[4] On the question of a stay pending this appeal, the Court indicated that such a stay "is probably in the category of the proper appealable interlocutory stay." Tr. 82. Although the Court stated that "I don't see any problem with [a stay]," the Court reserved ordering such a stay until after seeing "whatever [plaintiffs] may wish to file" on the subject. *Id.*

---

[2] *See, e.g. Fiser v. Dell Computer Corp.*, 188 P.3d 1215 (N.M. 2008); *Discover Bank v. Superior Court*, 113 P.3d 1100 (2005).

[3] Wells Fargo did file arbitration motions against plaintiffs from Colorado, where its agreement was enforceable. However, plaintiffs then amended their complaints to drop those individuals as named plaintiffs.

[4] The Court issued the final Arbitration Order denying the arbitration motion on December 15, 2011. DE # 2224.

In light of the Court's remarks – as well as the consistent record in this MDL in which this Court or the Eleventh Circuit has granted a *Blinco* stay in every single case involving an appeal of the denial of an arbitration motion (including on the ground of waiver) – Wells Fargo had hoped that plaintiffs would simply consent to a stay here and so relieve the Court and the parties of the burden of a separate motion on the subject. Unfortunately, plaintiffs' counsel have informed Wells Fargo that they intend to oppose this Motion, although they have not explained the basis of their opposition or identified any authority that would support treating these cases any differently than every other case in the MDL in which the issue has arisen.

### III.   ARGUMENT

#### A.   The Eleventh Circuit Requires District Courts to Issue a Stay Pending Any Non-Frivolous Appeal from the Denial of a Motion to Compel Arbitration.

The Eleventh Circuit has unequivocally stated that "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Blinco*, 366 F.3d at 1253; *see also Baron v. Best Buy Co., Inc.*, 79 F. Supp. 2d 1350, 1353-54 (S.D. Fla. 1999). The court noted that Congress has recognized "one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco*, 366 F.3d at 1251. That benefit is lost if the case proceeds in the district court while the Court of Appeals considers whether the arbitration clause should be enforced. *See id.* at 1252. Therefore, "[w]hen a non-frivolous appeal involves the denial of a motion to compel arbitration, it makes little sense for the litigation to continue in the district court while the appeal is pending." *Id*. at 1253. This rule, which is broadly accepted in other circuits as well, applies without regard to the ground for denial. *See Marriott v. Opes Group*, 2006 WL 452431, at *1 (E.D. Wis. Feb. 22, 2006) (stay

3

issued following denial of arbitration motion based on "waiver"); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (same); *American Heart Disease Prevention Foundation, Inc. v. Hughley*, 106 F.3d 389, 1997 WL 42714, at *2 (4th Cir. Feb. 4, 1997) (same); *see also McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1163 (10th Cir. 2005); *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997).

Accordingly, in every instance in which defendants in other cases in this MDL have appealed this Court's rulings denying arbitration motions, a stay has issued from either this Court or the Eleventh Circuit pending those appeals.  *See* DE # 590; DE # 664; DE # 830; DE # 1026; DE # 1433; DE # 1902; *see also* Order (DE # 491-1), *Gordon v. Branch Banking & Trust*, No. 09-15399 (11th Cir. Mar. 17, 2010) ("While we express no opinion on the merits of [BB&T's] appeal, the appeal is not frivolous.") (granting stay under *Blinco*); Order, *Speers v. U.S. Bank Nat'l Ass'n*, No. 10-15040 (11th Cir. Dec. 17, 2010) ("[U.S. Bank]'s motion for a stay pending appeal is GRANTED.") (citing *Blinco*).  Other district courts in the Eleventh Circuit have also routinely followed the *Blinco* rule.  *See, e.g.*, *Lawson v. Life of S. Ins. Co.*, 738 F. Supp. 2d 1376, 1380-83 (M.D. Ga. 2010); *TGB Marine, LLC v. Midnight Express Power Boats, Inc.*, 2008 WL 4649009 (S.D. Fla. Oct. 20, 2008).

### B.    Wells Fargo Is Entitled to a *Blinco* Stay in These Cases.

A *Blinco* stay must be granted so long as two conditions are met:  (1) the appeal must be from an order denying a motion to enforce an arbitration contract, and (2) the appeal must not be frivolous.  *Blinco*, 366 F.3d at 1251.  Both requirements are met in this case.

1.   **Wells Fargo's Appeal Is from an Order Denying an Arbitration Motion.**

On December 15, 2011, this Court issued its Order denying Wells Fargo's arbitration motion. On the following day, the bank filed a notice of appeal of that decision under 9 U.S.C. § 16(a)(1)(A). DE # 2232. The first element of *Blinco* is thereby squarely satisfied, and the only remaining question is whether Wells Fargo's appeal is non-frivolous. *See Blinco*, 366 F.3d at 1251.

2.   **Wells Fargo's Appeal Is Not Frivolous.**

A frivolous appeal is one that is "entirely without merit," *Dawes-Ordonez v. Forman*, 2011 WL 914307, at *2 (11th Cir. Mar. 17, 2011), while a non-frivolous appeal must be "colorable" or have "some possible validity to it." *Baron*, 79 F. Supp. 2d at 1354 (citation and emphasis omitted).[5] This standard imposes only a "limited burden" on the party seeking a stay. *TGB Marine*, 2008 WL 4649009, at *1 (granting stay under *Blinco*). This standard is easily met here.

The Court denied Wells Fargo's arbitration motion based on its finding that the bank waived its right to arbitrate by not bringing a motion to compel arbitration under the deadlines set by the Scheduling Orders in the litigation. *See* Arbitration Order at 6-7. In reaching this decision, the Court primarily found that the existence of such deadlines resulted in a waiver of the bank's right to bring an arbitration motion against these plaintiffs regardless of

---

[5] *See also Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993) (noting that an appeal is frivolous for purposes of imposing sanctions under FED. R. APP. P. 38 if it is "utterly devoid of merit"); *B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 914 (11th Cir. 2006) (abrogated on other grounds as recognized by *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322-24 (11th Cir. 2010)) (defining "frivolous" for purposes of Rule 38 sanctions in appeal of decision confirming arbitration award to mean an appeal that "has no sound basis in the law applicable to arbitration awards").

whether such a motion brought prior to *Concepcion* would have been futile. In addition, the Court also found the futility doctrine inapplicable, because – unlike the circumstances in *Benoay v. Prudential-Bache Secs., Inc.*, 805 F.2d 1437, 1439-40 (11th Cir. 1986) – the Supreme Court's decision in *Concepcion* did not change the law to remove a "clear and certain obstacle to the invocation of arbitration." Arbitration Order at 8.

There can be no question that Wells Fargo's appeal of the Arbitration Order is non-frivolous. Indeed, in ruling against Wells Fargo, the Court expressly noted that the matter had "caused me great concern" because the bank's position "has a sympathetic ring to it." Tr. at 74, 78. The Court's primary holding rested on an implied exception to the rule of *Benoay* – applying waiver even in the face of prior futility where a motion is not filed by a deadline established in a scheduling order. Wells Fargo's position – which will be tested on appeal – is that no such exception exists, and that under governing Eleventh Circuit precedent no waiver of arbitration rights can occur where, as here, the bank moved to compel arbitration as soon as the right to arbitrate accrued. *Benoay*, 805 F.2d at 1439-40; *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986); *see also* DE # 1384 at 10-12. The Court's further holding that the issuance of the Supreme Court's decision in *Concepcion* does not implicate the futility doctrine in the same way as did the Supreme Court decision at issue in *Benoay* appears to be in conflict with the decisions of a number of other district court cases from across the country.[6] As the Court has itself observed, this is an issue on which "guidance" from the Eleventh Circuit is needed. Tr. at 25-26.

---

[6] *See, e.g., Sakalowski v. Metron Servs., Inc.*, 2011 WL 4007982, at *3 (E.D. Mo. Sept. 8, 2011) (no waiver despite litigation pending over seven months because arbitration motion would have been futile prior to *Concepcion*); *Swift v. Zynga Game Network, Inc.*, 2011 WL 3419499 (N.D. Cal. Aug. 4, 2011) (no waiver despite litigation pending over 18 months because arbitration (continued…)

It is worthy of note that the Eleventh Circuit's pending consideration of the appeal by U.S. Bank of the Court's waiver holding with respect to that bank (DE # 855 in *Speers v. U.S. Bank*) will not decide this issue, even if the Eleventh Circuit affirms this Court's holding in that case. The circumstances here are distinctly different from those presented in the U.S. Bank case. In *Speers*, U.S. Bank filed a clearly futile motion to compel arbitration **before** *Concepcion* was decided. *See* DE # 632-1 at 15-17. Although this Court's holding on the merits of that motion was a foregone conclusion given the state of the law at that time, U.S. Bank apparently hoped to create or benefit from a future change in the law at the appellate level. But U.S. Bank's motion was filed after the deadline established in this Court's scheduling orders for filing arbitration motions **and nothing in the law had changed in the interim.** There was accordingly no change in circumstances, occurring between the expiration of the Court's deadline and the filing of U.S. Bank's motion, that justified the bank's delay in filing. Here, in contrast, Wells Fargo elected not to file a futile motion, reasonably relying on existing Eleventh Circuit holdings that "[t]his circuit does not require a litigant to engage in futile gestures merely to avoid a claim of waiver." *See Miller*, 791 F.2d at 854; *Benoay*, 805 F.2d at 1439-40.[7] Wells Fargo's arbitration motion was filed only after there was a dramatic change in the law. Whether the change in the law effectuated by the issuance of the *Concepcion* decision changes the waiver analysis in *this*

---

motion would have been futile prior to *Concepcion*); *In re California Title Ins. Antitrust Litig.*, 2011 WL 2559633 (N.D. Cal. June 27, 2011) (no waiver despite litigation pending over three years because arbitration motion would have been futile prior to *Concepcion*).

[7] This is not just an Eleventh Circuit rule, but one that has been consistently applied across the country. *See Ackerberg v. Johnson*, 892 F.2d 1328, 1333 (8th Cir. 1989); *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 466 (10th Cir. 1988); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986). In the months since *Concepcion* was decided, numerous courts nationwide have confirmed this rule by enforcing newly accrued arbitration rights on the basis of this futility doctrine. *See* DE # 1972 at 6 n.8 (citing cases).

circumstance is an issue of first impression in the Eleventh Circuit that will be the subject of Wells Fargo's appeal.

This Court need not, of course, conclude that its decision was in error in order to grant a stay here. To the contrary, a stay pending appeal is required so long as the issues raised on are not frivolous. *Blinco*, 366 F.3d at 1251-53; *Baron*, 79 F. Supp. 2d at 1353-54. It cannot be reasonably disputed that Wells Fargo's appeal meets this "limited burden." *TGB Marine, LLC*, 2008 WL 4649009, at *1. Under *Blinco*, therefore, a stay pending Wells Fargo's appeal to the Eleventh Circuit is mandatory.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo respectfully requests that the Court grant this motion for a stay pending appeal of the Court's denial of the bank's arbitration motion.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), Wells Fargo certifies that it conferred with plaintiffs' counsel in a good faith effort to resolve the need for filing this motion. Plaintiffs indicated that they intend to oppose this motion.

DATED: December 16, 2011                                    COVINGTON & BURLING LLP

By:   /s/ David M. Jolley

    Sonya D. Winner (*pro hac vice*)
    (swinner@cov.com)
    David M. Jolley (*pro hac vice*)
    (djolley@cov.com)
  COVINGTON & BURLING LLP
  One Front Street, 35th Floor
  San Francisco, CA 94111
  Telephone: (415) 591-6000
  Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2011, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

   /s/  David M. Jolley

David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091