**Shane Swift v. BancorpSouth, Inc.**

**MDL No. 2036**

**Motion for Class Certification**

# Plaintiff's Exhibit No. 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 *Fourth Tranche* | ) ) ) |
| _____ | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Shane Swift v. BancorpSouth, Inc.,* S.D. Fla. Case No. 1:10-cv-23872-JLK | ) ) ) ) |

## DEFENDANT BANCORPSOUTH BANK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant BancorpSouth Bank ("BancorpSouth")[1] hereby submits its answers and objections to Plaintiff's First Set of Interrogatories ("Interrogatories").

## GENERAL ANSWERS AND OBJECTIONS

BancorpSouth hereby incorporates each of these general answers and objections into its specific answers and objections to each of Plaintiff's Interrogatories, whether or not BancorpSouth

---

[1] In the definitions section of his interrogatories, Plaintiff defines "You" to refer to, "the above-named Defendant." The only defendant named in the interrogatories, however, is "BancorpSouth, Inc.," which is listed in the case style at the top of Plaintiff's Interrogatories. BancorpSouth, Inc., is not a proper defendant in this matter. Counsel for Plaintiff and Defendant discussed the proper BancorpSouth entity to name in this matter in 2010, and Plaintiff properly identified the defendant herein as BancorpSouth Bank in his Second Amended Complaint (**DE # 994**). BancorpSouth Bank, as the only defendant in this matter, is the entity responding to Plaintiff's interrogatories, and BancorpSouth Bank interprets any references to "Defendant" in Plaintiff's interrogatories to refer to BancorpSouth Bank.

refers to such general answers or objection in its specific answer to a specific Interrogatory.

1.      BancorpSouth objects to the Interrogatories to the extent that they purport to seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other privilege, immunity, or exemption from disclosure.

2.      BancorpSouth objects to the Interrogatories to the extent they call for the disclosure of information prohibited or otherwise protected from disclosure by any laws or regulations of any State or the United States.

3.      BancorpSouth objects to the Interrogatories to the extent that they seek information outside of BancorpSouth's possession, custody, or control, and/or information that is also within Plaintiff's possession, custody or control. Nevertheless, as described in BancorpSouth's Responses to Plaintiff's First Request For Production, BancorpSouth will produce Swift's monthly statements and other documents related to Swift's BancorpSouth account that BancorpSouth regularly distributes to Plaintiff, to the extent that BancorpSouth has such documents within its possession, custody, or control.

4.      BancorpSouth objects to the Interrogatories to the extent that they purport to impose upon BancorpSouth any duty or obligation that is in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, or any other applicable law or rule.  In particular, BancorpSouth objects to the Interrogatories to the extent that they purport to call for information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, and/or purport to impose a duty on BancorpSouth beyond undertaking a reasonably diligent search for requested information.

5.      BancorpSouth objects to the timeframe of the Interrogatories as set forth in paragraph nine

(9) of the Interrogatories on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  BancorpSouth further objects to the timeframe of the Interrogatories to the extent that the timeframe includes claims or damages that are barred by statutes of limitations, statutes of repose, or laches. The longest limitations period applicable to Plaintiff Swift's claims in his lawsuit is the five-year limitations period on his contract and ADTPA claims under Arkansas law. Plaintiff filed his original complaint in this matter on May 18, 2010. Therefore, any claims seeking compensation for overdraft fees assessed before May 18, 2005 are time-barred. Thus, for purposes of these answers, unless otherwise stated, BancorpSouth shall respond only for the period of January, 2005, to present (i.e., the date of these Interrogatories) in response to any requests regarding transactions which Plaintiff contends triggered compensable overdraft fees.

This limitation on BancorpSouth's responses shall not apply to responses related to information concerning the decisions regarding the order for posting electronic debit card transactions or other policies which were in effect during the alleged class period related to the posting of electronic debit card transactions. For responses related to policies or procedures related to posting order or paying debit card transactions into overdraft, or the decisions to adopt such policies, BancorpSouth shall produce documents only for the period of January, 2002 until the present (i.e., the date of these Interrogatories).  The basis for this limitation is that BancorpSouth first adopted a policy of posting all transactions from highest dollar amount to lowest dollar amount in 2003, as first applied its "overdraft payment service" (as described in BancorpSouth's Responses to Plaintiff's First Set of Interrogatories) to debit card transactions in 2003.

6.      BancorpSouth objects to the definition of " 'you,' 'your' and/or 'defendant' " to the extent it

purports to encompass "any affiliated entities" of BancorpSouth. BancorpSouth responds with respect to the entity named as defendant herein, BancorpSouth Bank.

7.    BancorpSouth objects to the Interrogatories' definition of the term "Complaint" to the extent it purports to define that term to include any complaint pending in MDL 2036 other than the operative complaint *Swift v. BancorpSouth, Inc.*, S.D. Fla. Case No. 1:10-cv-23872-JLK.

8.    BancorpSouth objects to the Interrogatories' definition of the term "Deposit Agreement" on the grounds that its reference to "all related documents which incorporate the Deposit Agreement" is vague and ambiguous. For purposes of these answers, BancorpSouth interprets the term "Deposit Agreement" to mean the "Deposit Account Terms and Conditions" attached as Exhibit A to Plaintiff's Second Amended Complaint and the "Account Information Statement" attached as part of Exhibit B to Plaintiff's Second Amended Complaint, and any earlier versions of these documents that applied to Swift's BancorpSouth account.

9.    BancorpSouth objects to the Interrogatories' definition of the term "Item" on the grounds that its reference to "any debit or transaction processed through an account" is vague and ambiguous. BancorpSouth defines the term "Transaction" in the Account Information Statement. When BancorpSouth uses the term "Transaction" in these answers, BancorpSouth interprets and uses the term as it is defined in the Account Information Statement.

10.    BancorpSouth objects to the Interrogatories' definition of the term "Account" to the extent that it purports to include accounts that cannot be accessed by an electronic debit card and/or on which overdraft fees cannot be incurred.

11.    BancorpSouth further objects to the definition of the term "Account" on the grounds that the phrase "your institution" is vague and ambiguous. BancorpSouth responds with respect to the entity named as a defendant herein, BancorpSouth Bank.

12.     BancorpSouth further objects to use of the phrase "other members of the proposed Class(es)" in the definition of the term "Account" on the grounds that no motion to certify any proposed class has been filed, that no Class has been or properly can be certified, and that members of the proposed Class(es) cannot readily be ascertained.

13.     BancorpSouth objects to the Interrogatories' definition of the term "authorized" on the grounds that it is vague and ambiguous, and to the extent that it relies on the definition of "item" in the interrogatories (*see* objection number 9, above).  With respect to use of the term "authorized" in connection with items initiated by use of an electronic debit card, BancorpSouth objects to any definition different from the process of authorization as specified by the rules and regulations of Visa, MasterCard, and similar networks with respect to debit cards accepted on their networks.  For purposes of these answers, BancorpSouth will interpret the term "authorized" in this manner.

14.     BancorpSouth objects to the Interrogatories' definition of the term "received" on the grounds that it is vague and ambiguous, and it is based on the definition of the term "authorized" (*see* objections number  13, above).   BancorpSouth further objects to the definition of the term "received" to the extent that it depends on the formulation of "the date and time … a dollar amount for the item is made available to you" because that formulation is vague and ambiguous. BancorpSouth further objects to the definition because it is inconsistent with banking practice and the operation of electronic debit card networks, and improperly conflates authorization of an electronic debit card transaction with receipt of an electronic debit card debit item for settlement of a definitive dollar amount.

15.     BancorpSouth objects to the Interrogatories' definition of "overdraft fees" which includes a reference to the undefined phrase "sustained overdraft fees."  BancorpSouth further objects to this definition because it does not make any distinction between charges assessed but not paid and

charges assessed and paid. For purposes of these Responses, BancorpSouth interprets the term "overdraft fees" to mean only overdraft fees incurred on consumer deposit accounts, which charges are both assessed and paid.

16.      BancorpSouth objects to the Interrogatories to the extent they call for information related to any individual other than Swift, the only Plaintiff specifically named in the operative case *Shane Swift v. BancorpSouth, Inc.*, S.D. Fla. Case No. 1:10-cv-23872-JLK.  BancorpSouth also objects to the definition of "Plaintiffs' account" to refer to "any bank account opened and maintained at your institution by any of the named Plaintiffs" to the extent it seeks to reach any account information related to any customer other than Swift.

17.      Certain of the information sought in these Interrogatories can only be obtained and produced, as a practical matter by searching electronically stored information ("ESI") in the possession, custody, or control of BancorpSouth.  A manual search for and production of such information would be unduly burdensome and oppressive, and requiring BancorpSouth manually to search for and produce the information sought in these Interrogatories would exceed the scope of its obligations under the Federal Rules of Civil Procedure.  BancorpSouth is prepared to meet and confer with Plaintiff to discuss and agree upon appropriate protocols for searching and production of ESI, as specifically contemplated and required under the Federal Rules of Civil Procedure.  BancorpSouth anticipates that the agreed-upon protocols will include, at a minimum, identification of custodians whose electronic records will be searched and agreed upon search terms that are reasonably designed to obtain ESI that is relevant to the parties' claims and defenses in this action.  BancorpSouth provides its written responses to these Interrogatories with the understanding that it may need to supplement its responses to these Interrogatories after ESI protocols are agreed upon and the information is obtained from the ESI within BancorpSouth.

18.     BancorpSouth has answered certain Interrogatories pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, referring Plaintiff to documents that BancorpSouth will produce that contain information responsive to one or more of the Interrogatories.  BancorpSouth states that certain of these documents may only be obtained through the  ESI protocol described above, in paragraph 17 of these General Responses and Objections.

19.     Certain information called for in these Interrogatories is confidential and proprietary. BancorpSouth will produce such information only pursuant to an appropriate protective order entered by the Court.  BancorpSouth is prepared to meet and confer with Plaintiff to discuss and agree upon an appropriate protective order.  Further, to the extent any Interrogatory seeks customer-identifying information related to customers other than the named Plaintiff, or other customer confidential information that BancorpSouth is under an obligation to keep confidential, BancorpSouth will not produce that information.

20.     BancorpSouth is continuing to compile information and documents responsive to the non-objectionable portion of the Interrogatories.  All objections and answers are based on information presently known to BancorpSouth after reasonable inquiry performed to date.  BancorpSouth's objections and answers as set forth herein are made without prejudice to BancorpSouth's right to assert additional or supplemental objections or responses. Accordingly, BancorpSouth reserves the right to supplement these answers and objections, and will do so as responsive, non-privileged information is located and compiled, pursuant to Fed. R. Civ. P. 26.

21.     BancorpSouth objects to the general instruction in paragraph number five (5) of the Interrogatories which refers to documents that are "generated … after the date of your answers" to the extent it is intended to reach documents that are prepared in anticipation of litigation in accordance with Fed. R. Civ. P. 26(b)(3).

22.    BancorpSouth objects to the general instruction in paragraph number six (6) of the Interrogatories as there has been no agreement as to the production or format of a privilege log. Subject to this objection, with regard to the identification and protection of privileged documents and information, BancorpSouth will comply with the Fed. R. Civ. P. 26(b)(5).

23.    BancorpSouth has made reasonable efforts to answer the Interrogatories, subject to its general and specific objections, as BancorpSouth understands and interprets each Interrogatory. If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from BancorpSouth's interpretation of the Interrogatory, BancorpSouth reserves the right to supplement and amend its objections and answers.

24.    Nothing contained herein is an admission of the relevance or admissibility of any answer.

25.    BancorpSouth is prepared to meet and confer with Plaintiff in an effort to resolve any questions or concerns regarding its general and specific objections.

## RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:   Identify all persons who have knowledge of the facts or circumstances regarding the subject matter of this lawsuit and, for each such person, describe the facts known to that person and identify all documents relating to those facts. Such persons should include but not be limited to all persons who have knowledge of facts you will use in opposing a motion for class certification; who have knowledge of the policies, practices and procedures you employed regarding the manner or sequence in which your customers' transactions are posted to their accounts; and who were employed and/or retained by you in connection with the development, operation, revision and/or maintenance of software used to determine overdrafts and overdraft fees.**

**ANSWER TO INTERROGATORY NO. 1:** BancorpSouth objects to Interrogatory No. 1 on the grounds that it is premature, overly broad, and unduly burdensome. As phrased, Interrogatory No. 1, particularly the request for disclosure of all persons "who have knowledge of the policies, practices and procedures you employed regarding the manner or sequence in which your customers' transactions are posted to their accounts," would require disclosure of every current or former

BancorpSouth employee (since 2003) in Bank operations or at a BancorpSouth branch. BancorpSouth further objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous, especially as it relates to the undefined terms and phrases "subject matter of this lawsuit" and "employed regarding the manner or sequence in which your customers' transactions are posted to their accounts." Subject to its general and specific objections, and using its best efforts to comprehend Plaintiff's vague terms, BancorpSouth states that the following individuals have substantial knowledge of facts or circumstances relevant to BancorpSouth's policies and procedures related to the assessment, collection, and refunding of overdraft fees: Michael Lindsey and Jeff Jaggers. Subject to and without waiving the foregoing general and specific objections, BancorpSouth states that it continues to investigate in good faith the subjects identified in this Interrogatory.

**INTERROGATORY NO. 2: Identify each overdraft fee you assessed against an account held by each Plaintiff named in the Complaint(s) and, for each such fee, identify each item that was the basis for the overdraft fee and state all facts that show the basis on which the account was deemed to have been subject to an overdraft fee.**

  **ANSWER TO INTERROGATORY NO. 2:** BancorpSouth objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous, especially as it relates to the undefined terms and phrases "basis for the overdraft fee" and "basis on which the account was deemed to have been subject to an overdraft fee." BancorpSouth also objects to the use of the term "assessed" with regard to overdraft fees, because Plaintiff does not clarify whether this Interrogatory requests information regarding fees triggered by a transaction, fees actually charged, or fees collected, and does not clarify whether fees that were later refunded should be included. Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, pursuant to Fed. R. Civ. P. 33(d), related to Swift's accounts with BancorpSouth, which reflect reasonably available information concerning the transactional history of such accounts, for the time period of January, 2005, through the date of the

Interrogatories. *See also* BancorpSouth's Responses to RFP Nos. 7 and 8. BancorpSouth generally states that, with regard to debit card transactions before the effective date of Reg E in 2010, it charged an overdraft fee against a customer's account when a customer authorized a transaction that his account did not have sufficient funds to cover, as determined when the debit card transaction posted to the account. BancorpSouth also states that, even if a BancorpSouth customer authorizes a transaction at a time when, to the best BancorpSouth can determine, insufficient funds are in the account to cover the transaction, the transaction may not cause an overdraft (and an attendant overdraft fee) if the customer makes a deposit that posts the same banking day and which would cover the debit card transaction, because BancorpSouth posts all deposits for a given banking day before posting any debits. BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information, and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 3:** **For each item identified in response to Interrogatory No. 2 as the basis for an overdraft fee, state: (a) the date and time you authorized the item; (b) the date and time you received the item; and (c) the date and time the item was debited from the account.**

    **ANSWER TO INTERROGATORY NO. 3:** BancorpSouth objects to this Interrogatory on the grounds that it is vague and ambiguous including the phrase "the basis for an overdraft fee." Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiff to reasonably available documents or ESI that it agrees to produce related to Swift's accounts with BancorpSouth (subject to agreed-upon appropriate protocols for searching and production of ESI, as discussed in General Objection No. 17 herein), which reflect reasonably available information concerning the transactional history of such accounts, for the time period of

January, 2005, through the date of the Interrogatories. *See also* BancorpSouth's Response to RFP No. 7. BancorpSouth further agrees to meet and confer with Plaintiff concerning whether a further narrative response is required after review of such documents.

**INTERROGATORY NO. 4:** **For the period 1998 to the present, describe with particularity all policies, practices and procedures you used to determine the sequence in which items are posted to customers' accounts, including the dates any policies, practices or procedures were changed and the reason for such changes, and identify all persons with knowledge of the creation, implementation, modification, of such policies, practices and procedures.**

**ANSWER TO INTERROGATORY NO. 4:** BancorpSouth objects to the timeframe of Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and requests information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. BancorpSouth further objects to Interrogatory No. 4 because it seeks information which falls outside of the applicable statutes of limitations. Subject to and without waiving the foregoing objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the posting of electronic debit card transactions to customer accounts. *See also* BancorpSouth's Responses to RFP Nos. 9-11, 13, 22, 24, 38-41, 49-51, 53-54. BancorpSouth further states that, beginning in 2003, it posted the debits on checking accounts for a given day from highest dollar amount to lowest dollar amount. No debits for a given day are posted, however, until after all deposits for that day are posted to the customer's account. Prior to 2003, BancorpSouth's posted transactions in an order dictated by the type of transaction, and to post high-to-low within each type of transaction if there was more than one transaction of a particular type. Earnings Performance Group ("EPG") and other consulting firms approached BancorpSouth in the early 2000s offering consulting services that they represented would increase BancorpSouth's revenue. BancorpSouth engaged EPG in 2002. EPG proposed numerous policies for increasing bank profitability, including

adopting a high-to-low posting order for debits. BancorpSouth did not adopt all of EPG's recommendations, but BancorpSouth did adopt a high-to-low posting order. BancorpSouth adopted the high-to-low posting order for debits to, among other reasons, increase non-interest revenue and streamline the posting process by eliminating the distinctions between types of transactions.

**INTERROGATORY NO. 5**:  **Describe with particularity how the policies, practices and procedures identified in Interrogatory No. 4 varied or vary from state to state, if at all.**

> **ANSWER TO INTERROGATORY NO. 5**:  BancorpSouth incorporates by reference its objections to Interrogatory No. 4.  Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the order of posting of electronic debit card transactions to customer accounts.  *See also* BancorpSouth's Responses to RFP Nos. 9-11, 13, 22, 24, 38-41, 49-51, 53-54.  BancorpSouth further states that practices described in BancorpSouth's response to Interrogatory 4 do not vary from state to state.  BancorpSouth further states that when it acquired a bank that used a different posting order, the acquired bank's posting order was used for its account holders until the acquired bank and its account holders could be converted to BancorpSouth's systems. For the time period relevant to this lawsuit, BancorpSouth states that it acquired American State Bank in 2005. Between November 30, 2005 and April 21, 2006, the account posting order for former account holders at American State Bank differed from the posting order on preexisting BancorpSouth accounts.

**INTERROGATORY NO. 6**:  **If the policies, practices and procedures regarding overdraft fees you have followed during the 180 days immediately preceding the date on which you answer these interrogatories are materially different than the policies, practices and procedures relating to overdraft fees you followed from 1998 to present, describe in detail all ways in which your current policies, practices and procedures differ, explain when, how and why they changed, and identify all documents that describe, refer or relate to the differences or changes.**

> **ANSWER TO INTERROGATORY NO. 6**: BancorpSouth objects to Interrogatory No. 6

on the ground that it potentially reaches BancorpSouth's policies, practices, and procedures for setting the amount of an individual overdraft fee, and the Interrogatory is, therefore, overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. BancorpSouth also objects to the vague term "policies and procedures regarding overdraft fees." BancorpSouth further objects to the timeframe of this Interrogatory in that the request for information dating to 1998 is overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, and because it falls outside of applicable statutes of limitations. Subject to and without waiving the foregoing general and specific objections, BancorpSouth states that in anticipation of the effective date of "Reg E," and in order to comply with Reg E, BancorpSouth changed its policies in 2010 with regard to enrollment of customers in its overdraft payments service (as described in response to Interrogatory No. 12 herein). BancorpSouth now requires all customers to affirmatively opt in to the overdraft payment service in connection with transactions governed by Reg E. For more information regarding BancorpSouth's overdraft payment service, see response to Interrogatory No. 12 herein. BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information, and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 7:** **Describe with particularity all actions you have taken to inform your customers of your policies, practices and procedures of posting items in the order of highest to lowest dollar amount, including when, how and by whom each such action was taken.**

      **ANSWER TO INTERROGATORY NO. 7:** BancorpSouth objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, and to the extent that it purports to

require BancorpSouth to identify each and every separate document, oral conversation, communication, or other responsive item concerning the posting of certain items to customer accounts in highest to lowest order. Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiffs to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning information provided to customers concerning the posting of debit card transactions in order of highest to lowest dollar amount, for the time period of 2003 through the date of these Interrogatories. *See also* BancorpSouth's Response to RFP Nos. 1-6, 11, 17, 26, 48 and 55.

BancorpSouth further states that it has fully and regularly disclosed its policy of posting debit card transactions in order of highest to lowest dollar amount since it began following this policy in 2003. These disclosures were made, among other methods of disclosing BancorpSouth's posting policies, in the Deposit Account Terms and Conditions and Account Information Statements, revised from time to time, which have governed BancorpSouth accounts during all periods since 2003. BancorpSouth also refers Plaintiff to the Deposit Account Terms and Conditions, attached as Exhibit A to Swift's Second Amended Complaint, which states, in part:

> ORDER OF PAYMENT  - Unless otherwise provided in the Account Information Statement (see OTHER TERMS section below), if more than one item or order is presented for payment against the account on the same day and the available balance of the account is insufficient to pay them all, we may pay any of them in any order we choose, even if the order we choose results in greater insufficient funds fees than if we had chosen to pay them in some other order. Our payment of any item or order in overdraft does not create any obligation for us to pay any other item or order in overdraft in the future, and you agree that no course of dealing regarding the payment of items or orders in overdraft will be created between us . . .

and refers Plaintiff to the Account Information Statement, attached as Exhibit B to Swift's Second Amended Complaint. BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information,

and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 8:** **State the manner in which you have defined or otherwise described the term "overdraft" to your customers.**

  **ANSWER TO INTERROGATORY NO. 8:** Subject to and without waiving the foregoing general objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, pursuant to Fed. R. Civ. P. 33(d) and subject to the entry of an appropriate protective order, concerning the actions it has taken to inform customers of BancorpSouth's policies, practices and procedures regarding the posting of electronic debit card transactions, for the time period of 2003 through the date of the Interrogatories, including exemplars of its Deposit Account Terms and Conditions and Account Information. *See also* BancorpSouth's Responses to RFP Nos. 1-6, 11, 17, 26 and 55. BancorpSouth further agrees to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

  In addition, BancorpSouth refers Plaintiff to the Deposit Account Terms and Conditions attached as Exhibit A to Swift's Second Amended Complaint, which states, among other things, as follows:

> LIABILITY: ... Each of you also agrees to be jointly and severally (solitarily) liable for any account deficit resulting from charges or overdrafts, whether caused by you or another authorized to withdraw from the account, and the costs we incur to collect the deficit including our reasonable attorneys.
>
> * * *
>
> ORDER OF PAYMENT  - Unless otherwise provided in the Account Information Statement (*see* OTHER TERMS section below), if more than one item or order is presented for payment against the account on the same day and the available balance of the account is insufficient to pay them all, we may pay any of them in any order

we choose, even if the order we choose results in greater insufficient funds fees than if we had chosen to pay them in some other order. Our payment of any item or order in overdraft does not create any obligation for us to pay any other item or order in overdraft in the future, and you agree that no course of dealing regarding the payment of items or orders in overdraft will be created between us.

BancorpSouth also refers Plaintiff to the "About Overdrafts" section of the Account Information Statement, attached as Exhibit B to Swift's Second Amended Complaint, which states in part:

An "overdraft" occurs any time a check, ACH, ATM, debit card, bank fee (including overdraft-related fee) or any other transaction (collectively, a "Transaction") is presented for payment against an account and the available balance of the account is insufficient to pay the Transaction. When an overdraft occurs, we may, at our discretion, refuse the Transaction, or alternatively, we may choose to pay the Transaction, in which case a negative account balance will result.

**INTERROGATORY NO. 9**: **Describe with particularity each step, including each form of communication, involved in an electronic debit transaction, beginning with the initiation of the transaction, continuing through your receipt of notice of the dollar amount of the transaction and authorization of the transaction, and ending with your posting of the transaction to the customer's account and your assessment of overdraft fee, if any, based on the transaction.**

**ANSWER TO INTERROGATORY NO. 9**: BancorpSouth objects to Interrogatory No. 9 on the grounds that it is vague and ambiguous, especially as to its use of the undefined terms and phrases "electronic debit transaction," "initiation," "receipt," and "notice." BancorpSouth further objects on the grounds that this Interrogatory is overly broad and unduly burdensome (e.g., the steps entailed may differ depending on the type of transaction), and to the extent that it calls for information that is not within the knowledge, custody, or control of BancorpSouth. BancorpSouth further objects on the ground that Interrogatory No. 9 is inaccurate to the extent it states that BancorpSouth is presented with information reflecting the final amount of a transaction prior to or at the time of initiation or authorization of the transaction.

Subject to and without waiving the foregoing general and specific objections, BancorpSouth

refers Plaintiff to reasonably available documents that it agrees to produce, pursuant to Fed. R. Civ.

P. 33(d) and subject to the entry of an appropriate protective order, concerning the steps involved in

posting of transactions to customer accounts, for the period of 2003 through the date of the

Interrogatories. BancorpSouth also refers Plaintiff to the Omnibus Motion to Dismiss and/or for

Judgment on the Pleadings and Incorporated Memorandum of Law [DE # 217] at 8-12 (discussing

the authorization and settlement process for electronic debit card transactions), and to

BancorpSouth's Motion to Dismiss Plaintiff's Second Amended Complaint [DE# 1068] in this

matter. *See also* BancorpSouth's Responses to RFPs 34-36, 41, 69-70. BancorpSouth further states

as follows:

BancorpSouth's processing of debit card transaction (whether a "PIN" or a "signature"

transaction) begins when BancorpSouth's systems receive an inquiry from a credit card processor.

For a signature transaction, the transaction is routed to BancorpSouth via a third-party card

processing vendor ("FDR"). The FDR system determines whether the transaction is or is not

authorized.  Authorization is based on whether the requested transaction exceeds the total of what

the FDR system calculates the customer's account balance to be. FDR initiates a balance inquiry to

BancorpSouth' Stratus system, and subtracts any signature transactions authorized from up to three

prior days that have not "settled." If the requested transaction exceeds the total of the account

balance (as calculated by FDR), the transaction will not be authorized. A signature transaction does

not post to a customer's account, and does not reduce the customer's balance, until the merchant

clears the transaction, which can be several days later. A signature transaction posts to the customer's

account only after that the merchant clears the transaction. Signature transactions post at the end of

the day when all other transactions for that day post, in order from highest dollar amount to lowest

dollar amount. The posting of the transaction occurs on BancorpSouth's account demand deposit

account system ("DDA" or "mainframe"). If the transaction at issue causes the customer's account to be overdrawn or causes an overdrawn account to be further overdrawn, an overdraft fee will be assessed against the customer's account. The overdraft fee will be charged against the customer's account on the day following the transaction that triggered the fee.

For debit card "PIN" transactions, the process is similar, but not identical. PIN transactions are authorized or denied by BancorpSouth's "Stratus" system. Authorization is based on whether the requested transaction exceeds the total of what the Stratus system calculates the customer's account balance to be. The Stratus system will include the overdraft limit for that customer if the customer is enrolled in the overdraft payment service. The Stratus system's balance information is regularly updated by communication with BancorpSouth's DDA system. If the requested transaction exceeds the total of the account balance (as calculated by Stratus) the transaction will not be authorized. A PIN transaction posts to the customer's account, on the DDA, at the end of the day when all other transactions for that day post, in order from highest dollar amount to lowest dollar amount. If the transaction at issue causes the customer's account to be overdrawn or causes an overdrawn account to be further overdrawn, an overdraft fee will be assessed against the customer's account. The overdraft fee will be charged against the customer's account on the day following the transaction that triggered the fee.

BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information, and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 10:  For each step in the process described in your answer to Interrogatory No. 9, identify each computer system or database used to transmit and/or store information and for each such database or system, identify its task and function and describe in detail where and how you retain the information associated with each step and the process**

by which such records or information can be accessed.

**ANSWER TO INTERROGATORY NO. 10:** In Response to Interrogatory No. 10, BancorpSouth incorporates by reference its specific objections to Interrogatory No. 9. BancorpSouth further objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, pursuant to Fed. R. Civ. P. 33(d) and subject to the entry of an appropriate protective order, concerning computer systems and databases concerning electronic debit card transactions, for the time period of 2003 through the date of the Interrogatories. *See also* BancorpSouth's Responses to RFP Nos. 32-33, 41 and 69-70. BancorpSouth further states that this Interrogatory overlaps with Interrogatory No. 9 to a substantial extent; therefore, BancorpSouth refers Plaintiff to the portions of BancorpSouth's response to Interrogatory No. 9 that are responsive to this Interrogatory.

BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information, and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 11:** On an annual basis for each year since 2002 and for each State in which you maintain customer accounts, state (a) the aggregate total dollar amount of overdraft fees based on debit card and/or ATM transactions you assessed against your customers' accounts; (b) the aggregate total dollar amount of overdraft fees based on debit card and/or ATM transactions assessed against customers accounts that you have forgiven, waived, reversed or otherwise not collected; and (c) the number of your customers' accounts that have been assessed more than one overdraft fee based on debit card and/or ATM transactions on a single day.

**ANSWER TO INTERROGATORY NO. 11:** BancorpSouth objects to Interrogatory No.

11 on the grounds that it is overly broad, unduly burdensome, seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence, and falls outside of applicable statutes of limitations. BancorpSouth also objects to the use of the vague and undefined phrase "overdraft fees based on debit card and/or ATM transactions." Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiff to reasonably available documents and/or data that it agrees to produce, pursuant to Fed. R. Civ. P. 33(d) and subject to the entry of an appropriate protective order, concerning the aggregate amounts and number of customer accounts requested, for the time period of 2003 through the date of the Interrogatories. *See also* BancorpSouth's Responses to RFP Nos. 27 and 28. BancorpSouth further agrees to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 12**: **Describe in detail how you determine whether to authorize a debit transaction made on a customer's account. In the event an automated algorithm is used, describe in detail each factor considered by the algorithm and the weight ascribed to each such factor.**

**ANSWER TO INTERROGATORY NO. 12**: BancorpSouth objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous, especially as it relates to the phrase "authorize a debit transaction made on a customer's account." BancorpSouth further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, subject to the entry of an appropriate protective order, concerning the method by which BancorpSouth determines whether or

not to authorize an electronic debit card transaction, for the time period of 2003 through the date of the Interrogatories. *See also* BancorpSouth's Response to RFP Nos. 34-36. BancorpSouth further states that, since 2003, BancorpSouth has provided an "overdraft payment service" with a varying overdraft limit. A customer can both have an overdraft protection product (such as a linked savings account, credit card, or line of credit to cover transactions that would overdraw the customer's checking account) and be enrolled in the overdraft payment service. Under the overdraft payment service, BancorpSouth provides  an amount over and above the customer's available balance for which BancorpSouth will authorize payment of debit card transactions initiated by the customer. Under the overdraft payment service, each enrolled account holder has an overdraft limit. The bank may also, at its discretion, pay an item into overdraft above the overdraft limit. The amount of the overdraft limit may vary for each customer, and may vary for an individual customer, from statement period to statement period.  The amount of the overdraft limit is affected by such factors as the length of time the customer's account has been open, the average balance in the account over the previous 90 days, and the number of times the customer has overdrawn his account in the previous 12 months. For an account enrolled in the overdraft payment service, whether a particular debit card transaction is authorized or not is determined by comparing the amount of the requested debit card transaction with the amount in the customer's account (as best BancorpSouth can determine in light of the uncertainties of what other transactions will be requested or will arrive before all of the transactions post at the end of the banking day) plus the amount of the customer's currently effective overdraft limit for the account. If the apparently available balance plus the overdraft limit exceeds the amount of the requested debit card transaction, the debit card transaction will be authorized; if the amount of the requested debit card transaction exceeds the apparently available balance plus the overdraft limit, the transaction will not be authorized.

Since its inception, the existence of the overdraft payment service has been disclosed to customers in BancorpSouth's Account Information Statement, among other methods of disclosure. At all times, a BancorpSouth customer has had the option to remove the overdraft payment service from his account on request. Although the default rule from 2003 until the effective date of Reg E in 2010 was for an account holder to be enrolled in the overdraft payment service unless he opted out, BancorpSouth changed its policies in 2010 to comply with Reg E. BancorpSouth now requires all customers to affirmatively opt in to the overdraft payment service for debit card and ATM card transactions in order to use the service for those transactions.

BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information, and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 13: Describe in detail the manner in which your Hogan or RDS (or equivalent) system operates with regard to the processing of items.**

**ANSWER TO INTERROGATORY NO. 13:** BancorpSouth objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous, especially as it relates to the undefined terms "equivalent" and "processing." BancorpSouth also objects to the use of the undefined and vague term "Hogan or RDS (or equivalent) system." Subject to and without waiving the foregoing general and specific objections, BancorpSouth refers Plaintiff to reasonably available documents that it agrees to produce, pursuant to Fed. R. Civ. P. 33(d) and subject to the entry of an appropriate protective order, concerning the system(s) it employs, for the time period of 2003 through the date of the Interrogatories. *See also* BancorpSouth's Responses to RFP Nos. 41, 69 and 70. BancorpSouth further states that this Interrogatory overlaps with Interrogatory No. 9 to a substantial extent; therefore, BancorpSouth refers Plaintiff to the portions of BancorpSouth's

response to Interrogatory No. 9 that are responsive to this Interrogatory.

BancorpSouth further agrees to produce, pursuant to Fed. R. Civ. P. 33(d), responsive, reasonably available, and non-privileged documents further detailing this information, and to meet and confer with Plaintiff after Plaintiff reviews such documents regarding whether a further narrative response is required and/or whether deposition testimony is appropriate on these topics.

**INTERROGATORY NO. 14: Identify all third parties, other than legal counsel or federal agencies, who have provided any documents, advice, assistance, proposals, reports, studies or services of any kind to you in connection with your policies, practices and procedures relating to the determination or assessment of overdraft fees, or the revenue projected to be derived from such fees.**

**ANSWER TO INTERROGATORY NO. 14:** BancorpSouth objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to any claim or defense in this action and/or not reasonably calculated to lead to the discovery of admissible evidence. BancorpSouth further objects to Interrogatory No. 14 because it potentially reaches BancorpSouth's policies, practices, and procedures for, among other things, setting the amount of an overdraft fee. Subject to and without waiving the foregoing general and specific objections, BancorpSouth agrees to conduct a reasonable inquiry and identify the requested third parties.

******

Respectfully submitted this 27th day of June, 2011.

**PARKER, HUDSON, RAINER & DOBBS LLP**

Eric Jon Taylor
Georgia Bar No. 699966
William J. Holley, II
Georgia Bar No. 362310
David B. Darden
Georgia Bar No.  250341
Darren E. Gaynor
Georgia Bar No. 288210

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone:  (404) 523-5000
Facsimile:  (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

## VERIFICATION

I, Jeff Jaggers, being duly sworn, depose and say that I am Senior Vice President for BancorpSouth Bank ("BancorpSouth"). I have reviewed the foregoing Defendant BancorpSouth's Responses to Plaintiff's First Set of Interrogatories, which I understand have been compiled from a number of sources within BancorpSouth with the assistance of BancorpSouth's counsel. To the best of my knowledge, information, and belief, the factual information contained in Defendant BancorpSouth's Objections and Responses to Plaintiff's First Set of Interrogatories is true and accurate.

This 27th day of June, 2011.

Name: Jeff Jaggers

Position: Senior Vice President

Sworn to and subscribed

before me this ____ day

of _____, 2011.

Notary Public

My Commission Expires:

(AFFIX COMMISSION SEAL)

STATE OF MISSISSIPPI
CYNDI EDWARDS
NOTARY PUBLIC
ID No 22071
Comm Expires
May 31, 2014
LEE COUNTY

1986302_1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT BANCORPSOUTH BANK'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

> Robert C. Gilbert, Esq.
> Alters Law Firm, P.A.
> 4141 N.E. 2nd Avenue, Suite 201
> Miami, Florida 33137
>
> Jeffrey M. Ostrow, Esq.
> Jonathan Streisfeld, Esq.
> Kopelowitz Ostrow Ferguson Weiselberg Keechl
> 200 S.W. First Avenue, 12th Floor
> Fort Lauderdale, Florida 33301
>
> Darren T. Kaplan, Esq.
> Chitwood Harley Harnes, LLP
> 2300 Promenade II
> 1230 Peachtree Street, NE
> Atlanta, Georgia 30309

This 27th day of J——, 2011.

Eric Jon Taylor