# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**THIS DOCUMENT RELATES TO:**

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## REPLY IN SUPPORT OF MOTION OF
## DEFENDANT WELLS FARGO BANK, N.A. FOR STAY PENDING APPEAL

## I.    INTRODUCTION

Plaintiffs argue that Wells Fargo's appeal of this Court's Arbitration Order (DE # 2224) is "frivolous," and therefore not entitled to the mandatory stay required under *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004).  The only thing frivolous here is plaintiffs' opposition to this stay motion.  As shown by this Court's remarks at the hearing on Wells Fargo's arbitration motion and by the consistent record of *Blinco* stays granted in this MDL, Wells Fargo is plainly entitled to a *Blinco* stay pending its appeal of the Court's ruling on its arbitration motion.  Nothing in plaintiffs' opposition supports a different conclusion.

## II.   ARGUMENT

Under *Blinco*, 366 F.3d at 1251-53, when a litigant files a non-frivolous appeal from an order denying a motion to enforce an arbitration agreement, the district court no longer has jurisdiction over the proceedings, and a stay must be issued.  Wells Fargo's appeal of the Court's Arbitration Order is plainly non-frivolous, and a *Blinco* stay is mandatory.

### A.    Wells Fargo's Appeal Is Plainly Non-Frivolous.

When the United States Supreme Court issued its decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct, 1740 (2011), it changed the law across the country by holding that the Federal Arbitration Act preempted state laws that had invalidated arbitration clauses containing class action waivers.  Since that time, courts have compelled arbitration in numerous cases nationwide that had been pending for months, or even years, relying on the rule – followed in the Eleventh Circuit and elsewhere[1] – that arbitration rights that accrue as the result of a change in

---

[1]  *Benoay v. Prudential-Bache Secs., Inc.*, 805 F.2d 1437, 1439-40 (11th Cir. 1986); *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir. 1986); *Ackerberg v. Johnson*, 892 F.2d 1328, 1333 (8th Cir. 1989); *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 466 (10th Cir. 1988); *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986).

the law cannot have been waived by the failure to bring an earlier futile motion to compel arbitration.[2]

Similarly here, Wells Fargo elected not to file a futile arbitration motion at the outset of this litigation, relying on existing Eleventh Circuit holdings that "[t]his circuit does not require a litigant to engage in futile gestures merely to avoid a claim of waiver." *Miller*, 791 F.2d at 854. The Court nonetheless ruled that Wells Fargo had waived its right to arbitrate by not bringing a motion to compel arbitration under the deadlines set by the scheduling orders in the litigation. *See* Arbitration Order at 6-7. This holding rested primarily on an implied exception to the Eleventh Circuit's futility doctrine, applying waiver even in the face of prior futility where a motion was not filed by a deadline established in a scheduling order. *Id.* The question of whether arbitration deadlines in a scheduling order change the waiver analysis of *Benoay* and *Miller* is an issue of first impression in the Eleventh Circuit. Wells Fargo's appeal on the issue is certainly not frivolous.

The Court also held, in the alternative, that an earlier arbitration motion brought against at least some of the plaintiffs here would not have been futile. In so concluding, the Court applied a definition of "futility" (Arbitration Order at 8) that is at odds with that applied in this context by most courts (including, Wells Fargo believes, the Eleventh Circuit).[3] This is

---

[2]  *See, e.g., Sakalowski v. Metron Servs., Inc.*, 2011 WL 4007982, at *3 (E.D. Mo. Sept. 8, 2011) (no waiver despite litigation pending over seven months because arbitration motion would have been futile prior to *Concepcion*); *Estrella v. Freedom Fin.*, 2011 WL 2633643 (N.D. Cal. July 5, 2011) (no waiver despite litigation pending over two years and class having been certified because arbitration motion would have been futile prior to *Concepcion*); *Villegas v. US Bancorp*, 2011 WL 2679610 (N.D. Cal. June 20, 2011) (no waiver despite litigation pending over one year because arbitration motion would have been futile prior to *Concepcion*).

[3]  *See, e.g., Ackerberg,* 892 F.2d at 1332-33 ("[I]n cases in which any delay in making a motion to compel arbitration is based on unfavorable or uncertain law, waiver should not be found.") (relying on *Benoay*, 805 F.2d at 1440, and *Miller*, 791 F.2d at 854).

another issue that the Eleventh Circuit has not yet had occasion to address since *Concepcion*, either with respect to this MDL or otherwise.

Given the important and novel issues to be addressed in this appeal, it is plain that Wells Fargo's position is not frivolous, and that a stay under *Blinco* is therefore required.

The Court's comments at the arbitration hearing further confirm that waiver is a close question that deserves appellate consideration. The Court expressed some "reluctan[ce]" and "hesitat[ion]" about denying the motion based on waiver (noting that the matter had caused "great concern"), because Wells Fargo's position "has a sympathetic ring to it." Tr. at 74-75 (DE # 2189). The Court further remarked that the impact of *Concepcion* on arbitration rights and on the cases in this MDL "is a big issue" on which this Court "would like some guidance from the Court of Appeals." *Id*. at 25. At the conclusion of the hearing, the Court indicated that "I don't see any problem with [a stay]" pending Wells Fargo's appeal of its ruling, noting that such a stay "is probably in the category of the proper appealable interlocutory stay." *Id*. at 82.

Plaintiffs' opposition to this stay motion effectively rebuts none of this. Instead, plaintiffs essentially argue only that the Court's ruling on the arbitration motion "got it right." In making this argument, plaintiffs simply re-state the same points they made in opposing the arbitration motion on the merits. *See* Opp. at 5-8 (DE # 2329). But in determining whether a stay is proper under *Blinco*, the question is not whether the order on appeal was or was not correct. The question is instead only whether the issues are so crystal clear that the appeal is *frivolous*, i.e., "entirely without merit." *Dawes-Ordonez v. Forman*, 2011 WL 914307, at *2 (11th Cir. Mar. 17, 2011). Wells Fargo easily meets its "limited burden" to make such a showing. *See TGB Marine, LLC v. Midnight Express Power Boats, Inc.*, 2008 WL 4649009, at *1 (S.D. Fla. Oct. 20, 2008).

**B.     The Prior Decisions of This Court and the Eleventh Circuit Support a Stay.**

As Wells Fargo noted in its opening brief (at page 4), in every instance in which defendant banks in other cases in this MDL have appealed this Court's rulings denying arbitration motions, a *Blinco* stay has issued from either this Court or the Eleventh Circuit pending those appeals.[4]  Despite plaintiffs' assertions to the contrary, Wells Fargo's appeal here does not present any unique circumstances that would render a similar stay inappropriate.

Plaintiffs' primary argument as to why a *Blinco* stay would be improper here is that Wells Fargo's appeal revolves around the "simple question" of whether – notwithstanding the futility doctrine espoused in *Benoay* and *Miller* – a waiver of arbitration rights can result from a failure to meet arbitration deadlines set out in scheduling orders.  The Court's ability to enforce its own scheduling orders, plaintiffs argue, is beyond dispute, and therefore the bank's appeal is necessarily frivolous.

Plaintiffs cite no authority for the proposition that *Blinco* does not require a stay in these circumstances, and Wells Fargo is aware of none.  To the contrary, plaintiffs' argument is belied by the fact that the Eleventh Circuit ordered a *Blinco* stay in *Speers v. U.S. Bank National Association*, No. 10-15040 (11th Cir. Dec. 17, 2010), in which the issue also revolved around whether the defendant bank's failure to meet arbitration deadlines set out in the Court's scheduling orders resulted in a waiver of arbitration rights.  If anything, the circumstances supporting Wells Fargo's appeal here are *stronger* than those in the U.S. Bank case, as U.S. Bank (unlike Wells Fargo) could point to no change in the law that preceded its otherwise

---

[4]  *See* DE # 590; DE # 664; DE # 830; DE # 1026; DE # 1433; DE # 1902; *see also* Order (DE # 491-1), *Gordon v. Branch Banking & Trust*, No. 09-15399 (11th Cir. Mar. 17, 2010) ("While we express no opinion on the merits of [BB&T's] appeal, the appeal is not frivolous.") (granting stay under *Blinco*); Order, *Speers v. U.S. Bank Nat'l Ass'n*, No. 10-15040 (11th Cir. Dec. 17, 2010) ("[U.S. Bank]'s motion for a stay pending appeal is GRANTED.") (citing *Blinco*).

untimely arbitration motion and hence did not fall so clearly within the exception to waiver recognized in *Benoay* and *Miller*. Although the details underlying the appeal here are for this reason distinctly different from those presented in *Speers*, the Eleventh Circuit's action in that case made clear that an appeal involving a finding of waiver based on deadlines in a scheduling order is not immune from the mandatory stay required under *Blinco*.

## III.    CONCLUSION

Wells Fargo respectfully requests that the Court grant this motion for a stay pending appeal of the Court's denial of the bank's arbitration motion.

DATED:  December 27, 2011                    COVINGTON & BURLING LLP

By:    /s/ David M. Jolley

Sonya D. Winner (*pro hac vice*)
(swinner@cov.com)
David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Barry R. Davidson
(bdavidson@hunton.com)
Florida Bar No. 107678
Jamie Zysk Isani
(jisani@hunton.com)
Florida Bar No. 728861
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 27, 2011, I served the foregoing document with

the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served

this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all

counsel of record entitled to receive service.

_/s/  David M. Jolley_____

David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091