IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) |

|  |  |
|---|---|
| THIS DOCUMENT RELATES TO:<br>*Childs v. Synovus Bank,*<br>N.D. Ga. Case No. 1:10-CV-03027-ODE | )<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS IN LIEU OF ANSWER**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT AND CITATIONS OF AUTHORITY ...................................................... 1

    A. Plaintiffs' Claims Against Synovus Are Governed By The Substantive Law Of The Original Forum ................................................................................ 1

    B. Plaintiffs' Unconscionability Claim Should Be Dismissed ................................... 3

        1. Plaintiffs' Unconscionability Claim Based on Synovus' Alleged Order Of Posting Fails Under *White* ............................................................ 3

        2. Plaintiffs' Unconscionability Claim Based On Synovus' Other Policies And Practices Also Fails ...................................................................5

    C. Plaintiffs' Unjust Enrichment Claim Is Internally Inconsistent And Not Proper Pleading In The Alternative ....................................................................... 6

    D. Plaintiffs' Claim for Breach Of The Implied Covenant Cannot Survive To The Extent It Is Based On The Other Alleged Policies and Procedures ................ 7

        1. Plaintiffs Cannot Tie The Policy and Practices Allegations To Any Provision In The Deposit Account Agreement ..........................................8

        2. Alleging That The Policies and Practices Are Unconscionable Cannot Support An Implied Covenant Claim .............................................8

    E. Plaintiffs Have Failed To Sufficiently Allege That CB&T And Synovus Financial Corp. Are Proper Defendants ................................................................. 9

III. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES
Page(s)

**CASES**

*Am. Cas. Dining, L.P. v. Moe's SW. Grill, LLC*,
    426 F.Supp.2d 1356 (N.D. Ga. 2006) ...................................................................6, 7, 8

*Buffington et al. v. SunTrust Banks, Inc.*,
    S.D. Fla. Case No. 1:09-cv-23632-JLK ..........................................................................3

*Driggers v. Campbell*,
    543 S.E.2d 787 (Ga. Ct. App. 2000) ................................................................................5

*In re Air Crash Disaster at John F. Kennedy Int'l. Airport on June 24, 1975*,
    407 F. Supp. 244 (Jud. Pan. Mult. Lit. 1976) ..................................................................2

*In re Managed Care Lit.*,
    298 F. Supp. 2d 1259 (S.D. Fla. 2003) ............................................................................1

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 925 (C.D. Cal. 2011) .............................................................................1

*Matson v. Noble Inv. Group, LLC*,
    655 S.E.2d 275 (Ga. App. 2007) ......................................................................................9

*Reeves v. Mohawk Factoring, Inc.*,
    583 S.E.2d 487 (Ga. App. 2003) ......................................................................................9

*Tidikis v. Network for Med. Commc'n & Research LLC*,
    619 S.E.2d 481 (2005) ................................................................................................6, 7

*Trevino v. Lockheed Martin Corp.*,
    2011 WL 5451235 (N.D. Ga. 2011) .................................................................................9

*U.S. v. Fid. Capital Corp.*,
    920 F.2d 827 (11th Cir. 1991) ........................................................................................10

*White v. Wachovia Bank, N.A.*,
    563 F. Supp. 2d 1358 (N.D. Ga. 2008) .................................................................. passim

**STATUTES**

O.C.G.A. § 11-2-302 ................................................................................................................5

O.C.G.A. § 11-4-303 ............................................................................................................4, 5

I.      INTRODUCTION

This Court should follow the decision by the Northern District of Georgia in *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358 (N.D. Ga. 2008) – a case that Plaintiffs acknowledge "evaluated nearly identical claims regarding overdraft fees" – and dismiss Plaintiffs' unconscionability and unjust enrichment claims. Plaintiffs (Georgia residents) filed suit against Synovus (a Georgia state-chartered bank) in the Northern District of Georgia, and but for the transfer of this case to the MDL, Synovus' motion to dismiss would have been decided by the district court that dismissed these "nearly identical claims."

This Court should similarly dismiss Plaintiffs' breach of the implied covenant claim to the extent the claim is based on policies or practices other than the posting order of transactions. Georgia law requires Plaintiffs to tie the allegations regarding such other policies or practices to a specific provision in the Deposit Account Agreement, and Plaintiffs have failed to do so.

II.     ARGUMENT AND CITATIONS OF AUTHORITY

A.  **Plaintiffs' Claims Against Synovus Are Governed By The Substantive Law Of The Original Forum**

It is well settled in multidistrict litigation that cases are individual actions that remain separate and distinct even after being consolidated for pretrial proceedings. *See, e.g., In re Toyota Motor Corp.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011) ("MDL courts cannot lose sight of the separate and distinct nature of those actions."). Accordingly, when considering issues of state law, the MDL court must apply the substantive law that would have applied to individual cases had they not been transferred for consolidation. *In re Managed Care Lit.*, 298 F. Supp. 2d 1259, 1297 (S.D. Fla. 2003). As the Judicial Panel on Multidistrict Litigation has explained:

> [I]t is within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state. Thus, [all parties] can be assured that [the law of the transferor forum], as well as any other state's law, if appropriate, will be duly applied by the transferee judge.

*In re Air Crash Disaster at John F. Kennedy Int'l. Airport on June 24, 1975*, 407 F. Supp. 244, 246 -27 (Jud. Pan. Mult. Lit. 1976). Indeed, this Court itself has recognized that "it may be necessary… to apply a particular state's law to a particular Plaintiff" in the MDL proceeding. Order Ruling on Omnibus Motion to Dismiss [Dkt. 305] at p. 17.

Plaintiffs are Georgia residents who sued a Georgia state-chartered bank in the Northern District of Georgia. FAC at ¶¶ 12-13. Plaintiffs do not dispute that Georgia law therefore governs their claims. *See, e.g.,* Pls. Op. Brief, pp. 5, 11. Under Georgia law, several of Plaintiffs' claims are defective and should be dismissed.

The application of Georgia law and precedent of the Northern District of Georgia to this case is particularly relevant with respect to the *White v. Wachovia Bank, N.A.* decision from former district judge (now circuit judge) Beverly Martin of the Northern District of Georgia. Although this Court has previously declined to apply *White* to non-Georgia defendants, this Court has not yet considered the impact of *White* on claims between Georgia parties that were originally filed in the Northern District of Georgia – the same court that decided *White*. Indeed, but for the creation of this MDL and the transfer of this case to the MDL, Plaintiffs' claims against Synovus would have been decided by a judge in the Northern District of Georgia and *White* would be applicable precedent to this case. Moreover, Plaintiffs acknowledge the applicability of *White* to this case by stating that "[i]n *White v. Wachovia Bank*, the district court evaluated ***nearly identical claims*** regarding overdraft fees against Wachovia Bank." Pls. Op.

Brief, p. 7 (emphasis added).[1]  Therefore, consistent with the guidance from the JPML and well settled federal law, this Court should apply *White* to this case.

**B.     Plaintiffs' Unconscionability Claim Should Be Dismissed**

Plaintiffs' unconscionability claim is based on Synovus' order of posting transactions, as well as other alleged "policies or practices," including allegations that Synovus (a) did not make certain disclosures to customers, (b) did not obtain affirmative consent from customers prior to processing overdraft transactions, (c) did not alert customers to transactions that would trigger an overdraft, (d) delayed or held the posting of transactions, and (e) charged overdraft fees that were too high.  FAC at ¶¶ 58(a)-(c), 83, 85.  This claim fails in its entirety.

> **1.    Plaintiffs' Unconscionability Claim Based on Synovus' Alleged Order Of Posting Fails Under *White***

In *White*, Judge Martin granted the bank's motion to dismiss the plaintiffs' unconscionability claim because a deposit account agreement that permits a bank to post items in any order is consistent with O.C.G.A. § 11-4-303(b).  *White*, 563 F. Supp. 2d at 1370-71.  This Court should follow *White* and dismiss Plaintiffs' unconscionability claim for the same reason.

Plaintiffs urge this Court to ignore *White* because this Court has allowed unconscionability claims against other banks in this MDL.  None of the other cases in the MDL, however, involved Georgia parties and an application of Georgia law.[2]

---

[1]     Notwithstanding this acknowledgement, Plaintiffs then selectively apply *White* to their claims.

[2]     In *Buffington et al. v. SunTrust Banks, Inc.*, S.D. Fla. Case No. 1:09-cv-23632-JLK, which was pending in the Northern District of Georgia before being transferred to this MDL, SunTrust (a Georgia state-chartered bank) argued that either Florida or Georgia law applied to plaintiffs' claims because they were Florida residents who opened their accounts in Florida.  *See* Memorandum of Law in Support of Motion for Judgment on the Pleadings and Joinder in

- 3 -

>Synovus' Deposit Account Agreement permits Synovus to post items in any order:
>
>Checks or other items and charges drawn on or made to your account ***may be paid in any order we determine***. We may do so ***even if it results in an insufficient balance in your account or more service charges*** by paying a particular item before others that otherwise could have been paid. However, our ***customary practice is to pay transactions presented at the same time in descending order of amount***. An overdraft fee applies to overdrafts created by check, in-person withdrawal or other electronic means.

Deposit Account Agreement, attached within Ex. 1 to the Declaration of Robert M. Moody, attached as Ex. A to Opening Brief at pp. 2 & 4 (emphasis added).[3]  Pursuant to O.C.G.A. § 11-4-303(b), as interpreted in *White*, Synovus' posting provision is permissible as a matter of law. Whether Synovus' practice is "commercially reasonable" (*see* Pls. Op. Brief, p. 11) is irrelevant in the face of this express statutory provision authorizing Synovus to pay "items...in ***any*** order." O.C.G.A. § 11-4-303(b) (emphasis added).  Therefore, like the unconscionability claim in *White*, Plaintiffs' unconscionability claim against Synovus should be dismissed.

Plaintiffs' attempt to distinguish *White* on the grounds that "the *White* case did not focus ***exclusively*** on debit card transactions" as do Plaintiffs' claims. Pls. Op. Brief, p. 10 (emphasis added).  This is a red herring as *White* plainly involved debit card transactions, even if it may not

---

Omnibus Motion to Dismiss and/or for Judgment on the Pleadings by SunTrust Banks, Inc. [Dkt. 253] at p. 3.  Here, there is no dispute that Georgia law governs Plaintiffs' claims.

[3]  The Deposit Account Agreement attached to Synovus' Opening Brief consists of, *inter alia*, (i) the two signed deposit account agreements for the relevant account (*i.e.*, the account linked to the charges alleged in the Complaint), dated August 24, 2000, and June 4, 2009; and (ii) the schedule of fees and charges in effect at the time of the relevant charges (*i.e.*, the charges specifically alleged in the Complaint).  Plaintiffs argue that "the bank has failed to present evidence of the contractual language for much of the relevant period" because "[u]doubtedly, there are other versions of the agreement that were in effect between those two dates." Pls. Op. Brief, p. 4 n. 1.  Plaintiffs, however, fail to establish that there was any substantive difference between the relevant contract language in the period between August 2000 and June 2009 and the relevant language in the Deposit Account Agreement attached to Synovus' Opening Brief and in force at the time of the charges alleged in the Complaint.

- 4 -

have focused "exclusively" on debit card transactions. Indeed, at least three of the six charges specifically alleged in the *White* complaint were identified as debit card transactions. Dkt. No. 1 in *White v. Wachovia,* Case No. 1:08-cv-1007-BBM (N.D. Ga.) at ¶¶ 11-12. Therefore, Plaintiffs' attempt to distinguish *White* on this ground fails.

Further, Plaintiffs argue that Judge Martin in *White* was not made aware of the definition of "item" as used in O.C.G.A. § 11-4-303(b). Pls. Op. Brief, p. 10. This argument also fails. First, Plaintiffs cite no law to support their argument that a "credit or debit card slip" in the definition of "item" constitutes the debit card transactions at issue in this case. Second, it is flawed reasoning to assume that the court in *White* was unaware of this provision simply because it was not cited in the opinion. Rather, it is reasonable to assume that the court in *White* did not address the definition of "item" because there was no law to support the argument that a "credit or debit card slip" in the definition applied to the debit card transactions at issue in *White*.[4]

### 2.     Plaintiffs' Unconscionability Claim Based On Synovus' Other Policies And Practices Also Fails

Plaintiffs argue that their unconscionability claim should survive at least with respect to the other alleged policies and practices not covered by O.C.G.A. § 11-4-303(b). Pls. Op. Brief, p. 11. As set forth in detail in Synovus' Opening Brief, an unconscionability claim can only attack the terms of a contract. *See, e.g., Driggers v. Campbell*, 543 S.E.2d 787, 790-91 (Ga. Ct. App. 2000) (discussing power of Georgia courts to "shield contracting parties from ***unconscionable contractual provisions***") (emphasis added); *see also* O.C.G.A. § 11-2-302, cmt. 1 (stated purpose of Georgia's unconscionability law, as codified in its commercial code, is to

---

[4]     Plaintiffs cite no authority for their nonsensical argument that O.C.G.A. § 11-4-303 cannot be applied to debit card transactions because debit cards were not in widespread use at the time the statute was last revised in 1996. Pls. Op. Brief, p. 11.

- 5 -

"make it possible for the courts to police explicitly against the ***contracts or clauses*** which they find to be unconscionable") (emphasis added). There is simply no legal basis for liability based on an allegation that a policy or practice of Synovus – ***not*** a term of the Deposit Account Agreement – is unconscionable. Indeed, Plaintiffs do not address this point, much less cite any legal authority supporting an unconscionability claim that does not attack a contract provision.[5]

### C.   Plaintiffs' Unjust Enrichment Claim Is Internally Inconsistent And Not Proper Pleading In The Alternative

Plaintiffs argue that their unjust enrichment claim should proceed because they are merely "pleading in the alternative" when they allege that Synovus was unjustly enriched through the Deposit Account Agreement. Pls. Op. Brief, p. 12. However, several courts in Georgia, including *White*, have held that it is not proper "pleading in the alternative" to allege ***within a single count*** that a party was unjustly enriched by benefits received through a contract. *White*, 563 F. Supp. 2d at 1371; *Tidikis v. Network for Med. Commc'n & Research LLC,* 619 S.E.2d 481 (2005); *Am. Cas. Dining, L.P. v. Moe's SW. Grill, LLC*, 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006). Rather, doing so is internally inconsistent and cannot support an alternative claim. *See, e.g., White*, 563 F. Supp. 2d at 1371.

For example, in *American Casual Dining*, the court dismissed an unjust enrichment claim by a plaintiff-franchisee alleging that it had conveyed unjust benefits upon the defendant-franchisor under their franchise agreement. 426 F. Supp. 2d at 1372. "Based on this allegation,"

---

[5]   Plaintiffs argue that they should be permitted to plead their unconscionability claim in the alternative to their breach of contract claim. Pls. Op. Brief, pp 11-12. The court in *White* specifically held that the plaintiff could not plead unconscionability and breach of contract in the alternative. *White*, 563 F. Supp. 2d at 1370. Although this Court has previously found that plaintiffs may plead equitable and contract-based theories in the alternative, Synovus respectfully submits that it should follow the reasoning of the Northern District of Georgia in *White* and dismiss Plaintiffs' claim for unconscionability in the face of a governing contract.

- 6 -

the court held, "it is evident that any benefit conferred upon [defendant] was triggered by provisions of a contract…Although [plaintiff] argues that it is permissible to assert alternative and inconsistent claims, it cannot claim within a single count that there was an agreement and that the [defendant] was unjustly enriched." *Id.*

Here, Plaintiffs allege that they paid certain fees that Synovus should not be permitted to retain.  FAC at ¶ 102.  As in *American Casual Dining*, Plaintiffs admit that they paid these fees to Synovus pursuant to the terms of a contract – the Deposit Account Agreement.  *Id.* at 100.  The Deposit Account Agreement and all of its provisions are valid and enforceable (*see supra* at pp. 3-6).  Accordingly, Plaintiffs' claim that Synovus received an unjust benefit by virtue of fees paid under the contract is fatally flawed and should be dismissed.  *White*, 563 F. Supp. 2d at 1371; *Tidikis*, 619 S.E.2d 481; *Am. Casual Dining*, 426 F. Supp. 2d at 1372.

### D. Plaintiffs' Claim for Breach Of The Implied Covenant Cannot Survive To The Extent It Is Based On The Other Alleged Policies and Practices

Plaintiffs base their implied covenant claim on Synovus' alleged posting practices and the same other alleged "policies or practices" that form the basis of the unconscionability claim.  FAC at ¶¶ 23, 76; Pls. Op. Brief, p. 8.  Although the *White* court allowed an implied covenant claim based on alleged posting order practices, it did not confront allegations based on the types of policies and practices that Plaintiffs allege here.  In order to survive a narrowing of their implied covenant claim, Plaintiffs must either (i) tie these policy and practice allegations to a specific provision in the Deposit Account Agreement, or (ii) cite authority to establish that such allegations can form the basis of an implied covenant claim.  *See Am. Casual Dining*, 426 F. Supp. 2d at 1370.  Plaintiffs have failed to do so, and the Court should dismiss the implied covenant claim to the extent it is based on any of these policy and practice allegations.

### 1. Plaintiffs Cannot Tie The Policy and Practices Allegations To Any Provision In The Deposit Account Agreement

As set forth in Synovus' Opening Brief, Plaintiffs' claim for breach of the implied covenant fails as a matter of law to the extent it is based on the non-posting policy and practice allegations described above *supra* at p. 3. These alleged policies and practices have **no** connection to any provision in the Deposit Account Agreement. *Am. Casual Dining*, 426 F. Supp. 2d at 1370 ("General allegations of breach of the implied duty of good faith and fair dealing not tied to a specific contract provision are not actionable."). Rather, without citing any contract provision or applicable law, Plaintiffs simply state that "[n]othing is further from the truth" and that Synovus' argument is "unpersuasive." Pls. Op. Brief, pp. 7- 8.

Plaintiffs unsuccessfully attempt to tie Synovus' alleged practice of holding or delaying transactions to the posting provision in the contract. *Id.* at p. 8. The posting provision, however, governs the **order** of posting and does not govern **when** transactions are posted. Therefore, Plaintiffs' allegations regarding the alleged practice of holding or delaying transactions cannot support an implied covenant claim. *Am. Casual Dining,* 426 F. Supp. 2d at 1370.

### 2. Alleging That The Policies and Practices Are Unconscionable Cannot Support An Implied Covenant Claim

Plaintiffs also make the legally irrelevant statement that the other policies and practices, including the allegations regarding the amount of the overdraft fee, "are part of Plaintiffs' unconscionability claim." Pls. Op. Brief, p. 8. Plaintiffs, however, fail to explain any legal significance, much less cite any legal authority, for why their implied covenant claim based on these challenged allegations survives simply because the allegations are also part of their unconscionability claim. There is no legal significance for this irrelevant point. Moreover, as

discussed *supra* at pp. 3-6, Plaintiffs' claim that these alleged practices are unconscionable fails as a matter of law and should be dismissed.

**E.     Plaintiffs Have Failed To Sufficiently Allege That CB&T And Synovus Financial Corp. Are Proper Defendants**

CB&T, as "a locally branded division of Synovus Bank (FAC ¶¶ 14, 31), is not a separate legal entity capable of being sued. *Trevino v. Lockheed Martin Corp.*, No. 1:10-cv-2031-RWS, 2011 WL 5451235, at *1, n.1 (N.D. Ga. 2011) (holding that unincorporated division of Lockheed Martin Corporation was not a separate legal entity and thus could not be sued). Plaintiffs have cited no contrary legal authority or alleged sufficient facts to establish that CB&T is currently anything other than a division of Synovus Bank and not a separate legal entity. Alleging that CB&T *was* the entity responsible for assessing and collecting overdraft fees, without alleging facts sufficient to show that CB&T *is* a separate legal entity, cannot support a claim against CB&T. Pls. Op. Brief, p. 16.

Similarly, Plaintiffs argue that they have alleged facts sufficient to establish that "Synovus Financial Corporation is the parent company and financial beneficiary of the [alleged] wrongful practices at issue in this matter." Pls. Op. Brief, p. 17. The ***only*** allegation in the FAC regarding Synovus Financial Corp., however, is that it is a "financial services company" and the "holding company for Synovus Bank." FAC at ¶ 15. The mere fact that Plaintiffs have alleged that Synovus Financial Corp. is the parent company of Synovus Bank is not sufficient to make Synovus Financial Corp. a proper defendant in this case. *Reeves v. Mohawk Factoring, Inc.*, 583 S.E.2d 487, 488 (Ga. App. 2003) (A parent and its subsidiary are separate legal entities); *Matson v. Noble Inv. Group, LLC*, 655 S.E.2d 275, 282 (Ga. App. 2007) (subsidiary relationship is insufficient to establish parent company's liability); *U.S. v. Fid. Capital Corp.*, 920 F.2d 827, 839

- 9 -

(11th Cir. 1991) (that parent benefited from act of subsidiary did not make parent liable under Georgia law).

### III.     CONCLUSION

For the foregoing reasons, Synovus respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted, this 11th day of January, 2012.

/s/ Steven M. Collins
Steven M. Collins
Georgia Bar No. 178825
Christopher A. Riley
Georgia Bar No. 605634

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424

Phone: (404) 881-7000
Fax: (404) 881-7777
steve.collins@alston.com
chris.riley@alston.com

William L. Tucker
Georgia Bar No. 718050
PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, Georgia 31901
Phone: (706) 243-5604
Fax:    (706) 596-9992
wlt@psstf.com

Stephen M. Colangelo
(admitted pro hac vice)
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, D.C.  20006-1888

- 11 -

Phone: (202) 887-1500
Fax: (202) 887-0763
scolangelo@mofo.com

Attorneys for Defendants

- 12 -

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the within and foregoing **Defendants' Reply in Support of Their Motion to Dismiss in Lieu of Answer** with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all parties or counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

This 11th day of January, 2012.

/s/ Steven M. Collins