UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| THIS DOCUMENT RELATES TO: FIRST TRANCHE ACTIONS | ) ) ) ) |
| *Tornes, et al. v. Bank of America, N.A.,* S.D. Fla. Case No. 108-cv-23323-JLK | ) ) ) |
| *Yourke, et al. v. Bank of America, N.A.,* S.D.Fla. Case No. 1:09-cv-21963-JLK N.D.Cal. Case No. 3:09-2186 | ) ) ) ) ) |

**OBJECTORS MARTIN CARAPIA AND FATIMA DOREGO'S OPPOSITION TO PLAINTIFFS' MOTION TO REQUIRE POSTING OF APPEAL BONDS**

COME NOW, class members MARTIN CARAPIA and FATIMA DOREGO ("Objectors") in this action, responding in opposition to the Motion for Appeal Bond (Doc. 2335). Objectors respectfully request that the Court either deny the request in its entirety, based on the factors discussed below, or reduce the amount of the requested bond to a reasonable, and provable, amount. In short, Objectors request that if the Court deems imposition of a bond appropriate, that the bond be in the amount of $5,000.00, the amount that Class Counsel has estimated it will spend on the costs approved under Rule 39. Further, as there are twenty named appellant objectors, the bond amount imposed, if any, should be shared pro rata.

Additionally, the bond motion levels personal attacks at the objectors and their attorneys and these Objectors request that the Court disregard any disparaging statements as irrelevant and impermissible character evidence under the Federal Rules of Evidence. Further, any statements about the perceived merits of the appeal are a function of the appellate panel. The only decision before the Court at this time is whether a bond should be imposed at all, and if so, in what amount.

1

## I. THE IMPOSITION OF APPELLATE BONDS, AND THE AMOUNT, ARE DISCRETIONARY

Rule 7 of the Federal Rules of Appellate Procedure provides for an appellate bond "to ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal." The purpose of the rule is to "protect . . . an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.,* 2007 WL 2741033, *4 (S.D.N.Y. Sept. 20, 2007). Advisory Committee Notes to Rule 7 indicate that the question of the need, if any, for a bond, and its amount, are left to the discretion of the trial court. Notably, imposition of a bond is not mandatory under the Rules, but left to the discretion of the trial court.

### A. An appeal bond cannot be designed to punish or chill the right to appeal.

A district court may not impose a bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal. *Lindsey v. Normet,* 405 U.S. 56, 77-79 (1972)(holding that a statute conditioning appeal on posting of double bond was unconstitutional under Fourteenth Amendment Equal Protection Clause). Nor may a bond be imposed for the purpose of discouraging exercise of the right to appeal. *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir. 1974)(stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated."). Rule 7 was not intended to be used as a means of discouraging appeals, even if the appeal may be perceived as frivolous. *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.D.C. 1985)(denying bond request because it failed as legitimate means of protecting appellee against possibility that appeal might be frivolous).

### B. The Actual Recoverable costs under Rule 39 Have Been Confirmed by Class Counsel.

Class Counsel confirms that under Rule 39, it may be entitled to projected costs of $5,000. Motion for Bond (MFB) at 8. This would not be an unreasonable amount, if the Court determines that a bond is necessary. In a recent case in the Southern District of California, the Court rejected a request for a $7,500 bond, and instead ordered objectors'

counsel to deposit $3,000 with Class Counsel in trust for any appellate costs they might be entitled to recover, with any residue reverting to objectors' counsel. *Hartless v. Clorox Company,* 06-cv-2705-CAB (S.D.Ca. 2011)(Doc. 131, May 6, 2011)(copy of order attached hereto as Exhibit A). Such a scenario may be appropriate in this case as well. If $5,000 is Class Counsel's estimate, each appealing party could deposit his pro rata amount in trust with Class Counsel, in the amount of $250 each (twenty appealing parties divided into $5,000). This eliminates the need for court intervention in favor of a simple financial exchange.

    **C. Preserving the status quo.**

The bulk of the bond request is for alleged "lost interest income" on approximately $280 million. Class Counsel is requesting the federal interest rate on this fund for "two years," in the amount of approximately $616 million. Having objector-appellants foot the bill for this alleged income, for two years, however, does not square with reality or necessity, or even preserve the status quo.

If Class Counsel is truly interested in preserving the status quo and thereby protecting the class' interest in the fund, all Class Counsel needs to do is have the funds put in an interest-bearing escrow account. In fact, if this were such a concern, this reasonable solution could have, and should have, been a part of the settlement agreement. This eliminates the need to saddle twenty objectors with the responsibility of creating interest. Class Counsel has not described why this is not a feasible option, and one that eliminates the chilling aspect of a bond so sizeable.

Second, while Class Counsel provides some non-binding, dicta regarding an award of a high appeal bond (*Allapattah Services, Inc. v. Exxon Corp.,* 2006 WL 1132371, *19 (S.D.Fla. 2006)(MFB at 15), there is simply no case or statutory law that permits an appeal bond to include the interest "lost" during an appeal. Furthermore, even if there were authority, Judge Gold determined there is only a one-year duration of the appeal. MFB at 15. Class Counsel even admits that "the appeals can be expected to last … a year." MFB at 15.

To request two years of interest on this amount of money, then, is overreaching and unsupportable.

### D. The Appeal's Merit is to be Determined by the Appellate Court.

If an appeal is truly frivolous, the Appellate panel has remedies available to it such as dismissing the appeal or imposing sanctions. Whether an appeal is frivolous is solely a question for the appellate court. *Vaughn v. American Honda Motor Co., Inc.,* 507 F.3d 295, 299 (5th Cir. 2007). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *Azizian v. Federated Department Stores, Inc.,* 499 F.3d 950, 960 (9th Cir. 2007). . The weighing of an appeal before any briefs are on file is to put the cart before the horse, and is beyond the scope of the trial court's discretion.

The fallacy of this argument is manifest: "The Objector-Appellants will only be able to make arguments on appeal that were raised before the Court." MFB at 9. This is a truism. Only arguments raised at the trial court level are appealable. *Azizian* 499 F.3d at 960. An appeal is frivolous only if "the result is obvious or if the claims of error are wholly without merit." *De Witt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983). Without the appellate briefs in hand, the trial court is incapable of determining whether the appeals are wholly without merit, or whether one may be meritorious and another may not. Given that there will be approximately 20 appellate briefs, with varying viewpoints, it makes little sense at this time to assume that they are all "wholly without merit," and impose appellate bonds in amounts which chill the right to appeal. The fact that Class Counsel asserts that the appeals *as a whole* are without merit is just evidence of Class Counsel's desire to cash in on a windfall fee award.

The court in *Azizian* concluded that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. 499 F.3d at 961. The instant motion improperly seeks an excessive bond as a back-door way to prevent the appeal, rather than

confronting it as a motion to dismiss at the appellate level. If any one of these appeals is truly frivolous, it will be dismissed and the bond question will be moot.

Objectors Carapia and Dorego filed meritorious, detailed, and supported arguments in their objection. The fact that the Trial Court disagreed does not mean that the appeal is frivolous. The fact that case law support Objectors' position for the issues presented indicates that reasonable minds may differ. Regardless, this is truly an issue reserved for the appellate court.

### E. The Objection Was Made in Good Faith.

The objection filed raised several important points, none of which were raised in bad faith: there was no information provided regarding the value of the settlement, the fee requested is unreasonable in a megafund settlement, the *cy pres* provision was inadequately developed, there is no injunctive relief for the alleged harm, and the objection component undermined the right to make objections. These tenets were supported with case law, treatises, and Rule 23 itself. This should dispose of the bad faith argument.

The types of harms alleged in the objection were not boilerplate, but were specifically tailored to this settlement, as is evident in the specific provisions and deficiencies detailed in the objection. The fact that the Court overruled the objections does not mean that they were frivolous; only that the Court disagreed with them.

Class Counsel's centerpiece of the Motion for Appeal Bond is that Mr. Palmer and Mr. Cope have been involved in the objection process before. These Objectors have found no authority which prohibits the filing of multiple objections, either in statutes or case law. Fed. R. Civ. Proc. 23(e) provides the authority for a class member to state his objection – as many times as he wants.

The Motion's clear implication is that Objectors should not be permitted to appeal – at least not without being able to afford an inordinately large bond – merely because their attorney has appeared in unrelated cases for unrelated reasons. These base tactics are irrelevant, immaterial, inappropriate, and violate the Federal Rules of Evidence. Despite

Class Counsel's disparaging remarks, the fact remains that Mr. Palmer's objection work has benefitted several million class members to the tune of several hundred million dollars, in cash payouts. These personal attacks are simply a transparent attempt to chill an objector's right to appeal, regardless of the merits of the argument.

Every objection should be judged on its own merits, rather than on choice of counsel. If an appeal is frivolous or unmeritorious, class counsel may file a motion to dismiss and the appellate court can address the propriety of the appeal.

## II. CLASS COUNSEL IS NOT ENTITLED TO ASK FOR A BOND COVERING TWO YEARS' WORTH OF INTEREST.

Class Counsel states requests two years' of interest on the entire fund to preserve the status quo. Both case and statutory law and the provisions of the settlement itself eliminate the ability to request this penalty.

The Fifth Circuit Court of Appeals review and rejected a similar request in *Vaughn, supra,* 507 F.3d at 299. The requested appellate bond was $150,000 for a "frivolous appeal" filed by objectors. Part of the request included bond money to account for delay in disbursement of the settlement amount and attorneys' fees, as Class Counsel has requested here, to "preserve the status quo." The court pointed out that a bond is not appropriate to protect the class when "the settlement does not become effective, by its terms, until any appeals are concluded. The parties to the settlement thus **agreed** that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs." *Id.*

This settlement took the same risk as in *Vaughn* by agreeing, "the Settlement does not permit distributions to Settlement Class Members until after resolution of any appeals." *See,* DE #1471-1 ¶83 (distributions to take place within 30 days of the Effective Date, ¶22 defining Effective Date as the fifth business day after all appeals have been concluded.)" MFB at 15. Thus, Class Counsel took on the risk of delay in payment on both the fund and their fees. This burden cannot now be shifted to Objectors because of Class Counsel's negative opinion of them. The *Exxon* case relied upon by Class Counsel is not good authority for two reasons: one, it is not binding precedent, and second, the *Exxon* settlement apparently

6

did not have the provision in which the settlement proceeds are delayed until all appeals are resolved.

The *Vaughn* case, therefore, is more instructive for the Court here: because the settlement, by its terms, is delayed until the resolution of all appeals. Accordingly, requesting the Court award prejudgment interest is not allowed. Without the prejudgment interest, Class Counsel is left with its $5,000 estimate of recoverable costs under Rule 39.

### III.   CONCLUSION

This transparent attempt to chill an objector's right to appeal should be condemned, and no appeal bond should issue in any amount, as attempts to chill the right to appeal are improper.

If the Court determines that some appeal bond is appropriate, Objectors respectfully request that the Court conform strictly to the amounts recoverable under Rule 39: in Class Counsel's estimation, $5,000. This amount should be spread out pro rata among the twenty appealing objectors.

For the foregoing reasons, these Objectors request that the Court deny the Motion for Appeal Bond.

DATED: January 13, 2012                    By: _/s/ Patrick Sweeney_____
                                                Patrick Sweeney
                                           Florida Bar No. 593486
                                           Sweeney & Sweeney, S.C.
                                           440 Science Drive, Ste. 101
                                           Madison, WI 53711
                                           Phone: 608-238-4444
                                           Fax: 608-238-8262
                                           Email: Patrick@sweenlaw.com
                                           Attorney for Objectors Martin Carapia
                                           and Fatima Dorego

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 13, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of Florida Division by using the USDC CM/ECF system.

  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

            By: /s/ Patrick Sweeney
               Patrick Sweeney