# EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 1:09-MD-02036-JLK**

|  |  |
|---|---|
| **IN RE:  CHECKING ACCOUNT OVERDRAFT LITIGATION** | ) ) ) ) |
| **MDL No. 2036** | ) |
|  | ) |
| **THIS DOCUMENT RELATES TO: FIRST TRANCHE ACTIONS** | ) ) ) |
| *Tornes, et al. v. Bank of America, N.A.* S.D. Fla. Case No. 1:08-cv-23323-JLK | ) ) ) |
| *Yourke, et al. v. Bank of America, N.A.* S.D. Fla. Case No. 1:09-cv-21963-JLK N.D. Cal. Case No. 3:09-2186 | ) ) ) ) |
| *Phillips, et al. v. Bank of America, N.A.* S.D. Fla. Case No. 1:10-cv-24316-JLK W.D. Okla. Case No. 5:10-cv-01185-R | ) ) ) ) |

**DECLARATION OF BARRY HIMMELSTEIN IN OPPOSITION
TO PLAINTIFFS' MOTION TO REQUIRE POSTING OF
APPEAL BONDS BY OBJECTOR-APPELLANTS**

I, BARRY HIMMELSTEIN, declare and state:

1.      I am counsel for Settlement Class Members Richard Hastings and Janel Buycks ("Appellants"), and a former member of the Plaintiffs' Executive Committee in this multidistrict litigation proceeding.  I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2.      On January 4, 2012, I telephoned Bruce Rogow, Co-Lead Counsel for Plaintiffs, to offer Plaintiffs an opportunity to withdraw the instant motion, in light of the fact that the Settlement Fund was (apparently) already earning interest, as required by the Settlement Agreement, and the Settlement Class was not entitled to a "double recovery" of interest from Appellants.  I read Mr. Rogow the provisions of the Settlement Agreement requiring Class Counsel to invest the Settlement Fund in interest-bearing, short-term instruments.  Mr. Rogow stated that he understood the issue, and would look into the matter.

3.      On January 5, 2012, Mr. Rogow left me a voicemail message, stating that "[m]y understanding is it [the Settlement Fund] is not in an interest-bearing account, and in order to be fully-insured, it can't be."  Shortly thereafter, Mr. Rogow reached me at a different telephone number, and conveyed the same information.  I once again confronted Mr. Rogow with the provisions of the Settlement Agreement requiring that the Settlement Funds be invested in interest-bearing, short-term instruments.  At Mr. Rogow's request, I then emailed him the relevant portions of the Settlement Agreement.  I have received no further communications from Mr. Rogow or any Class Counsel concerning the Settlement Fund.

4.      The cost of the reporter's transcript of the November 7, 2011 Fairness Hearing, which I have already paid, was $186.00.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 13th day of January, 2012 at Oakland, California.

**s/Barry Himmelstein**
BARRY HIMMELSTEIN

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

January 13, 2012 on all counsel or parties of record in this proceeding.

**s/Philip Freidin**
Philip Freidin (Florida Bar No. 118519)
pfreidin@fdlaw.net
FREIDIN DOBRINSKY
One Biscayne Tower
2 South Biscayne Blvd., Suite 3100
Miami, FL 33131
Telephone:  (305) 371-3666
Facsimile:  (305) 371-6725

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:09-MD-02036-JLK**

| | |
|---|---|
| **IN RE:  CHECKING ACCOUNT OVERDRAFT LITIGATION**<br><br>**MDL No. 2036** | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **THIS DOCUMENT RELATES TO:**<br>**FIRST TRANCHE ACTIONS** | ) <br> ) <br> ) <br> ) |
| *Tornes, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK | ) <br> ) <br> ) |
| *Yourke, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-2186 | ) <br> ) <br> ) <br> ) |
| *Phillips, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:10-cv-24316-JLK<br>W.D. Okla. Case No. 5:10-cv-01185-R | ) <br> ) <br> ) <br> ) |

**DECLARATION OF RICHARD HASTINGS IN OPPOSITION**
**TO PLAINTIFFS' MOTION TO REQUIRE POSTING OF**
**APPEAL BONDS BY OBJECTOR-APPELLANTS**

I, RICHARD HASTINGS, declare and state:

1.      I am a resident of Sarasota, Florida.  I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2.      I was charged thousands of dollars in overdraft fees on debit card charges by Bank of America from 2006 through 2010.

3.      I am elderly, retired, and living on a fixed and limited income.  I do not have the personal financial resources to post a bond of $5,000.

I declare under penalty of perjury of the laws of the United States and the State of Florida that the foregoing is true and correct.  Executed this 13th day of January, 2012 at Sarasota, Florida.

**s/Richard Hastings**
RICHARD HASTINGS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

January 13, 2012 on all counsel or parties of record in this proceeding.

**s/Philip Freidin**
Philip Freidin (Florida Bar No. 118519)
pfreidin@fdlaw.net
FREIDIN DOBRINSKY
One Biscayne Tower
2 South Biscayne Blvd., Suite 3100
Miami, FL 33131
Telephone:  (305) 371-3666
Facsimile:  (305) 371-6725

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:09-MD-02036-JLK**

|  |  |
|---|---|
| **IN RE:  CHECKING ACCOUNT OVERDRAFT LITIGATION**<br><br>**MDL No. 2036** | ) ) ) ) ) ) |
| **THIS DOCUMENT RELATES TO:**<br>**FIRST TRANCHE ACTIONS** | ) ) ) ) |
| *Tornes, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:08-cv-23323-JLK | ) ) ) |
| *Yourke, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:09-cv-21963-JLK<br>N.D. Cal. Case No. 3:09-2186 | ) ) ) ) |
| *Phillips, et al. v. Bank of America, N.A.*<br>S.D. Fla. Case No. 1:10-cv-24316-JLK<br>W.D. Okla. Case No. 5:10-cv-01185-R | ) ) ) ) |

**DECLARATION OF JANEL BUYCKS IN OPPOSITION**
**TO PLAINTIFFS' MOTION TO REQUIRE POSTING OF**
**APPEAL BONDS BY OBJECTOR-APPELLANTS**

I, JANEL BUYCKS, declare and state:

1.      I am a resident of Los Angeles, California.  I have personal knowledge of the matters set forth herein, and could and would testify competently thereto if called upon to do so.

2.      I was charged thousands of dollars in overdraft fees on debit card charges by Bank of America from 2008 through 2010.

3.      I do not have the personal financial resources to post a bond of $5,000.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 13th day of January, 2012 at Los Angeles, California.

**s/Janel Buycks**_____
JANEL BUYCKS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

January 13, 2012 on all counsel or parties of record in this proceeding.

> **s/Philip Freidin**
> Philip Freidin (Florida Bar No. 118519)
> pfreidin@fdlaw.net
> FREIDIN DOBRINSKY
> One Biscayne Tower
> 2 South Biscayne Blvd., Suite 3100
> Miami, FL 33131
> Telephone:  (305) 371-3666
> Facsimile:  (305) 371-6725

# EXHIBIT D

# AMERICAN BANKER.

# Overdraft Settlement Proves Costly to Union Bank

**By** Jeff Horwitz

NOV 7, 2011 12:20pm ET

**The price of settling overdraft fee litigation may be going up. That's the message in Union Bank's agreement last week to settle a related class action suit for $35 million. The settlement will enable the California bank to extricate itself from a massive case in U.S. District Court for the Southern District of Florida.**

That litigation alleges that about 30 bank-defendants manipulated the order in which customers' debit card payments were processed in order to maximize the fees it charged.

The settlement's dollar value is a fraction of the $400 million that Bank of America has agreed to pay to settle similar allegations. However, it amounts to a far higher percentage of the alleged damages to customers.

Plaintiffs gave the court notice of the agreement to settle the case last Wednesday. The existence of the filing was reported by Bloomberg on Friday.

"I'm glad that Union and the plaintiffs' executive committee could come together and settle this case," says Aaron Podhurst, an attorney leading the plaintiffs executive committee. "It's a good thing for the class to get this behind it and good for the overall litigation. Courts appreciate it when you settle these matters when you can."

Union Bank declined to discuss the proposed deal.

Emails unsealed in the case suggested that some of bank's own employees and executives were "philosophically" opposed to manipulating the order the bank processed customer payments and believed that the practice fell hardest on "poor but honest" customers. Despite those concerns, the bank instituted a re-sequencing program after determining that doing so would earn it millions of dollars in fee revenue.

The precise terms of the settlement won't be available for several weeks, but the face value appears to be around 40% of alleged damages. The company expected to earn about $17 million

a year in extra fees by re-sequencing customer payments, according to Union Bank documents unsealed last month. The suit covers a time span of five years.

Under the proposed settlement of the Bank of America case, plaintiffs will recover less than 10% of alleged damages. Circumstances unique to B of A — including the existence of a prior settlement that the plaintiffs attorneys would need to overturn — likely contributed to the smaller proportionate recovery. A former member of the plaintiff attorneys' executive committee has challenged the settlement as inadequate, however.

The Union Bank case may have been simpler. Plaintiffs had already received class certification and defeated a subsequent appeal on the matter.

"We believe with the court rulings that are coming down, we're going to try to convince the banks to pay 60% or 70%, give or take," Podhurst says. "But every case is separate."

---


© 2012 American Banker and SourceMedia, Inc. All Rights Reserved. SourceMedia is an Investcorp company. Use, duplication, or sale of this service, or data contained herein, except as described in the Subscription Agreement, is strictly prohibited.