**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**
**FIRST TRANCHE ACTIONS**

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

*Phillips, et al. v. Bank of America, N.A.*,
S.D. Fla. Case No. 1:10-cv-24316-JLK
W.D. Okla. Case No. 5:10-cv-01185-R

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REQUIRE POSTING**
**OF APPEAL BONDS BY OBJECTOR-APPELLANTS AND**
**INCORPORATED MEMORANDUM OF LAW**

Objector-Appellants raise several arguments against the imposition of appeal bonds, none of which are persuasive.[1] The Court should require the posting of such bonds if Objector-Appellants wish to persist in their appeals and hold up the distribution of funds to the Settlement Class.[2] At a minimum, the Court should require each of the Objector-Appellants to post a bond

---

[1] This reply incorporates the definitions of the terms used in the Settlement Agreement and Release of May 6, 2011 ("Agreement").

[2] Plaintiffs no longer seek to require the posting of appeal bonds by Objector-Appellants Daniel G. Repa, Todd M. Spann and Karen Palting.

to secure payment of the Settlement Class' anticipated appellate costs of $5,000 and, as set forth below, should impose a bond requirement of a significantly larger amount.[3]  Despite their groundless aspersions, it is the Objector-Appellants who are acting solely for themselves, in contrast to Settlement Class Counsel who have upheld their obligations to the Settlement Class. If the Objector-Appellants' appeals are really as well-intentioned and meritorious as they claim, they should not have reservations about posting appeal bonds, as they will be returned in due course if they prevail.

### A.    The Fact That The Settlement Fund Is Not In An Interest-Bearing Account Has No Bearing On The Issue Of The Bond.

Some Objector-Appellants argue that because Settlement Class Counsel did not place the Settlement Fund in an interest-bearing account, Objector-Appellants should not be required to post a bond.  *See* Hasting and Buycks Opp. [**DE # 2396**] at 1; Sarro and Marek Opp. [**DE # 2392**] at 5-6; Finn Opp. [**DE # 2385**] at 1; Locke, Vilece, Taylor and Hughes Opp. [**DE # 2370**] at 2; *see also* Robin Hood Opp. [**DE # 2368**] at 3.  Others argue that the problem can be remedied if Settlement Class Counsel simply put $410 million in an interest-bearing account during the pendency of the appeals.  *See* Carapia and Dorego Opp. [**DE # 2394**] at 3.  These arguments miss the mark on several accounts.

Settlement Class Counsel placed the entirety of the Settlement Fund in a non-interest bearing account backed by the full faith and credit of the United States.  *See* Declaration of

---

[3] Objector-Appellants do not contest the applicability of an appeal bond for costs, and only some of them contest the amount.  *See, e.g.*, Hasting and Buycks Opp. [**DE # 2396**] at 11-12; Sarro and Marek Opp. [**DE # 2392**] at 3; *see also* Carapia and Dorego Opp. [**DE # 2394**] at 1 (conceding that $5,000 amount is appropriate if Court decides to impose a bond).  Rule 39(e) provides that "[t]he following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."  Objector-Appellants have presented no proof that Plaintiffs' calculations are incorrect.

Settlement Class Counsel, ¶ 3 attached as Exhibit A (hereafter, "Decl. ¶ ___").  Settlement Class Counsel did so because, at the time the Settlement Fund was established in June 2011, there were considerable risks and uncertainties in the financial markets, and we did not want to place the Settlement Fund at risk of any losses.  *Decl.* ¶ 5.  Unlimited, fully insured coverage required a non-interest bearing account.  Decl. ¶ 3.  Facing the Hobson's choice of sacrificing interest or security, Settlement Class Counsel did the prudent thing – giving up the former for the latter.  Id. The bottom line is that this decision was made to protect the Settlement Fund for the benefit of Settlement Class Members, not to force Objector-Appellants into posting a bond.  Decl. ¶ 6.

Moreover, Objector-Appellants should not avoid the consequences of their actions because Settlement Class Counsel protected the Settlement Fund.  The fact is that, but for the Objector-Appellants pursuit of their appeals, these funds could have been distributed to the Settlement Class Members in mid-December 2011, and the Settlement Class Members could have used those funds as they chose, including earning interest on them.  Thus, contrary to their arguments, Objector-Appellants are the *sole* cause of the Settlement Class Members' losses in not timely receiving their *pro rata* distributions of the Net Settlement Fund.  Objector-Appellants are not only depriving Settlement Class Members of their right to this recovery, but are imposing costs on the Settlement Class Members – all to pursue their narrow interests of obtaining a fee for themselves.  They should be required to compensate the Settlement Class Members for the profit opportunity they are seeking at the rate allowed by law.[4]

---

[4] The fact that the amount sought for these appeal bonds is relatively small compared to the total number of Settlement Class Members is not an argument against the bonds.  Rather, it speaks to their reasonableness.

**B.      An Appeal Bond Is the Appropriate Vehicle For Compensating The Settlement Class Members.**

Objector-Appellants assert that the law does not permit the assessment of a bond to compensate the Settlement Class Members for the lost time-value of their money.   They incorrectly argue that such losses are not a "cost" taxable under FRAP 7.   *See* Hasting and Buycks Opp. [**DE # 2396**] at 2.   In fact, a number of courts have held that damages to a class resulting from the delay in settlement administration caused by a baseless appeal may be included in a FRAP 7 bond.   *See In re Wal-Mart Wage and Hour Employment Practices Litig.*, 2010 WL 786513 (D. Nev. March 8, 2010) (imposing appeal bond of $500,000 per objector under FRAP 7 to compensate the class for administrative costs and lost interest resulting from the appeal); *Allapattah Serv., Inc. v. Exxon Corp.*, 2006 WL 1132371, at *18 (S.D. Fla. April 7, 2006) (imposing bond under FRAP 7 "to cover the damages, costs and interest that the entire class will lose as a result of the appeal."); *Barnes v. FleetBoston Fin. Corp.*, No. 1:0 l-cv-10395-NG, slip op. at 2 (D. Mass. Aug. 22, 2006) (attached) (ordering imposition of appeal bond under FRAP 7 and noting that "[r]epeat Objector-Appellants to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements."); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252 (D. Me. Oct. 7, 2003); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y. 1999) (ordering objector to post bond under FRAP 7 to cover attorney's fees, costs, and "damages resulting from the delay and/or disruption of settlement administration caused by his appeal"); *see also In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817 (6th  Cir. 2004) (FRAP 7 "does not define 'costs' at all; rather, it merely lists which costs of appeal can be 'taxed' by the district court if it chooses to order one party to pay costs to the other"); *In re Pharmaceutical Industry Average Wholesale Price Litig.*, 520 F. Supp. 2d 274 (D. Mass. 2007)

(imposing appeal bond under FRAP 7 for "administrative costs attributable to delay in distribution" of the settlement).[5]

Objector-Appellants cite cases in which courts declined to require a bond under FRAP 7 to cover lost interest. *See* Hasting and Buycks Opp. [**DE # 2396**] at 8 n.4; Sarro and Marek Opp. [**DE # 2392**] at 7. Some of these cases rely on the law of other circuits that is not applicable here. *See, e.g., In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253741 at \*3 (S.D.N.Y. March 5, 2010) (relying, without separate analysis, on *In re AOL Time Warner, Inc., Securities and ERISA Litig.*, 2007 WL 2741033 at \*4 n. 4 (S.D.N.Y. Sept. 20, 2007), which in turn was "reluctant" to impose an appeal bond compensating for costs caused by delays in administration in light of Second Circuit precedent). This proves only that there is a circuit split on this issue. The Eleventh Circuit has not resolved this issue one way or the other, and none of the cases cited by Objector-Appellants control this Court's decision. Notably, however, at least one court in this District has exercised its discretion to impose such a bond. *See Allapattah Serv., Inc.*, 2006 WL 1132371.[6]

Here, the Settlement Class sought the imposition of the appeal bonds under both FRAP 7 and 8. While Rule 7 permits courts to impose appeal bonds to cover the costs of appeal

---

[5] It is <u>not</u> true, *see* Sarro and Marek Opp. [**DE # 2392**] at 2, that these cases are contrary to the Eleventh Circuit's opinion in *Pedraza v. United Guar. Corp.*, 313 F. 3d 1323 (11th Cir. 2002). The Eleventh Circuit did not have the opportunity to consider on appeal the propriety of a bond compensating the class for lost interest because that part of the plaintiffs' request was denied in the court below and apparently not appealed. *Id.* at 1327 n. 6.

[6] Some Objector-Appellants assert that Judges Gold and Scott reached the wrong conclusion in *Allapattah* because they relied on an older Fifth Circuit case, *Poplar Gove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979), allegedly invalidated by a more recent Fifth Circuit case, *Vaughn v. American Honda Motor Co., Ltd.*, 507 F.3d 295 (5th Cir. 2007). *See* Locke, Vilece, Taylor and Hughes Opp. [**DE # 2370**] at 2 n.1. What these Objector-Appellants forget is that the older case is binding precedent in this Circuit, while the newer case is the law of another circuit and thus not binding. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (adopting body of pre-1982 Fifth Circuit law as precedent).

5

(including, under appropriate circumstances, attorneys' fees), *see Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002), Rule 8 provides for supersedeas bonds to cover sums related to the merits of the underlying judgment. *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998). Objector-Appellants insist that they cannot be required to post a supersedeas bond under FRAP 8 because they have not sought a stay. *See* Hasting and Buycks Opp. [**DE # 2396**] at 2. However, because their appeal has the effect of staying the distribution of the Settlement proceeds, it should be treated as such. *See In re Broadcom Securities Litig.*, SACV 01-275 (C.D. Cal. Dec. 5, 2005) (attached). As the *Broadcom* court found:

> Objector's appeal is tantamount to a stay of the judgment approving the class settlement. While Objector did not formally move to stay the Judgment, its appeal effectively imposes a stay, forcing the Class to bear the same risks. Because there is no supersedeas bond to protect the Class from these risks, this Court finds it proper to impose a Rule 7 bond to serve the same purpose. Indeed, Objector's appeal effectively postpones distribution of the entire judgment for well over a year.

*Id.* at 7-8 (requiring bond including costs of delay equaling $517,700).[7]

## C.     The Appeals Lack Merit.

Objector-Appellants have offered nothing to establish that their appeals are anything other than frivolous efforts to delay implementation of the Settlement and extract monetary concessions from the Settlement Class. They have not, and cannot, demonstrate that this Court abused its considerable discretion in approving the Settlement. Having failed to meet their

---

[7] Several Objector-Appellants claim that they lack the funds to post a bond, and argue that this should excuse them from having to do so. *See* Hasting and Buycks Opp. [**DE # 2396**] Ex. B, C; Sarro and Marek Opp. [**DE # 2392**] Ex. A, B. To the contrary, this is an argument for the imposition of a bond, if for nothing more than insuring that, after these groundless appeals are denied, the Class has a means of collecting the costs owed. As the Eleventh Circuit has noted, a Rule 7 bond should be imposed where necessary to protect class members "from the burdens that stem from being forced to defend frivolous lawsuits". *See Pedraza* 313 F.3d at 1333. In any event, the remaining Objector-Appellants, having presented no evidence of an inability to post a bond, concede this issue. *In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253741, at *1 (S.D.N.Y. March 5, 2010).

burden, they instead attack Settlement Class Counsel.  They note that Settlement Class Counsel objected to Settlements in other matters, but fail to note a critical distinction – there, Settlement Class Counsel were attempting to preserve the integrity of this MDL by preventing other banks from settling claims and obtaining releases that destroyed the actions pending against them in this and other Courts.  Asserting the mere fact that Settlement Class Counsel objected in other cases, without an understanding of the purpose for those objections, is not persuasive.

Nor is it true that this Court failed to conduct an appropriate or sufficient analysis of the Settlement, or that the record lacks evidence supporting the approval.  In approving the Settlement as "fair, reasonable, and adequate," the Court considered testimony relating to BofA's maximum exposure, analyzed the strength of Plaintiffs' case, and calculated the value of the Settlement to the Settlement Class.  *See* Order at 19-24.  The Objector-Appellants' responses to the bond motion again include no specific analysis refuting the facts of BofA's maximum exposure, Settlement Class Counsels' assessment of the strengths and weaknesses of Plaintiffs' case, or the value of the Settlement to the Settlement Class.

For all of these reasons, and those stated in Plaintiffs' motion, all of the Objector-Appellants other than Objector-Appellants Daniel G. Repa, Todd M. Spann and Karen Palting should be required to post appeal bonds.  *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189 (5th Cir. 1979).

Dated:  February 2, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No.  516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY 10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

11