UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

## JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL

Aaron S. Podhurst, Bruce S. Rogow, Michael W. Sobol and Robert C. Gilbert, declare as follows:

1. We are Settlement Class Counsel under the Settlement Agreement with Bank of America, N.A. dated May 6, 2011.[1] In that capacity, we have responsibility for, *inter alia*, monitoring the Settlement Fund created for the benefit of the Settlement Class under the Agreement.

2. Paragraph 48 of the Agreement provides that the Settlement Funds shall be invested in "interest-bearing short term instruments – to be agreed upon by Settlement Class

---

[1] This declaration incorporates the definitions of the terms used in the Settlement Agreement and Release of May 6, 2011 ("Agreement").

Counsel and BofA – that are backed by the full faith and credit of the United States Government or that are fully insured by the United States Government or an agency thereof (the "Instruments")."

3. In the process of establishing the Escrow Account, we were advised that the Escrow Account would have to be non-interest bearing to be fully insured for the full amount of the $410 million Settlement Fund. Thus, to provide maximum protection for the Settlement Fund, consistent with our fiduciary duties to the Settlement Class, the Escrow Account was established as a non-interest bearing account.

4. On or about June 6, 2011, BofA transferred the Settlement Fund of $410 million to Northern Trust Bank, where it was deposited into the Escrow Account.

5. Shortly after the proceeds were deposited into the Escrow Account, we consulted with representatives of Northern Trust Bank regarding investment of the Settlement Fund in the Instruments. At the time, there was significant turmoil in the financial markets created by uncertainties as a result of the recent financial meltdown and congressional brinksmanship over the budget and debt ceiling. The published yields on the Instruments was extraordinarily low; the published return on three-month Instruments was 0.0460%, which would have yielded approximately $25,929.00 in interest, after payment of fees. This seemed to us to be inadequate compensation for the potential risks to principal in the Instruments, however small those risks might have been.

6. Given the uncertainties in the financial markets, coupled with the fact that the Escrow Account was fully insured for the full amount of the $410 million Settlement Fund, and following consultation with BofA's counsel, we elected not to invest the Settlement Fund in

interest-bearing short term Instruments in order to ensure as much protection to the Settlement Fund as appropriate under the circumstances.

Further affiants sayeth naught.

****

I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Miami, Florida on February 2, 2012.

*/s/ Aaron S. Podhurst*
Aaron S. Podhurst

I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Fort Lauderdale, Florida on February 2, 2012.

*/s/ Bruce S. Rogow*
Bruce S. Rogow

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Francisco, California on February 2, 2012.

*/s/ Michael W. Sobol*
Michael W. Sobol

I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Coral Gables, Florida on February 2, 2012.

*/s/ Robert C. Gilbert*
Robert C. Gilbert