UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEBORAH J. BARNES )
    Plaintiff, )
     )
    v. )
     )
FLEETBOSTON FINANCIAL CORP., )  C.A. No. 01-10395-NG
and FLEET NATIONAL BANK, N.A., )
    Defendants. )

GERTNER, D.J.:

**AMENDED**

**MEMORANDUM AND ORDER RE: MOTION TO REQUIRE OBJECTOR FELDMAN TO POST APPEAL BOND**
August 22, 2006

(This Memorandum replaces the one issued yesterday in that typographical errors have been corrected.)

Plaintiffs have filed a motion for bond pursuant to Fed. R. App. P. 7, which states "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." First Circuit case law indicates that "costs," as contemplated in Rule 7, include the costs attendant to the delay associated with an appeal, and attorneys' fees, as well as double costs under Fed. R. App. 38, and other costs as delineated in Fed. R. App. P. 39. See Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987); In re Compact Disc Minimum Advertised Price Antitrust Litig., 2003 WL 22417252, at *3 (D. Me. 2003). Here plaintiffs seek a bond of $675,111.60 alleging that the appeal of

objector Nancy Feldman is frivolous and vexatious, and further, that the delay occasioned by this appeal will harm class members.

Plaintiffs note that part of the difficulty in arriving at and executing this settlement was the difficulty in obtaining addresses for potential class members. The longer the settlement distribution was delayed, the more likely it was that a substantial number of class members would change residences during the appeal. Thus, delay means more than simply loss of use, or the devaluation of the settlement fund, which are compensable by interest. Here, delay means that certain class members would lose the benefit to which they are entitled under the settlement, even if the appeal fails. Plaintiffs further note that Ms. Feldman and her counsel are professional objectors, bringing this appeal not in the interests of the class, but in their own interest.

These concerns are well taken. Repeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing

is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.

Under these circumstances, Fed. R. App. P. 7 makes perfect sense: by requiring objectors to post a bond that would cover the costs of losing the appeal, the burden of litigating frivolous appeals shifts to them instead of to the class. Posting a bond sufficient to ensure that the class can recoup the costs of appeal provides the class with an appropriate incentive to litigate the appeals and establish their lack of merit. And if the appeal turns out not to be frivolous despite initially appearing so, the objectors will get almost the entirety of their bond back.

Feldman and her attorney, John Pentz (who is also her son-in-law) are professional objectors, not unlike the plaintiff in Sckolnick, whom the First Circuit described as a "litigious pro se who has filed numerous lawsuits in state court." Sckolnick, 820 F.2d at 15. In In Re Compact Disc Minimum Advertised Price Antitrust Litig., No. MDL 1361, 2003 WL 22417252, at *3 (D. Me. Oct. 7, 2003), the court required Hannah Feldman,[1] also represented by Mr. Pentz, to post a bond because that appeal "might be frivolous," and because imposition of sanctions on appeal pursuant to Rule 38 was "a real probability." The court

---

[1] Hannah Feldman is John Pentz's wife.

noted that a bond for "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond." Id.  Ms. Feldman voluntarily dismissed her appeal several days later.

Two questions remain: First, are Feldman's grounds for appeal frivolous?  Second, is the amount of the bond requested too high?  With respect to the latter question, the bond could presumably be set at such a high point that objectors would be totally precluded from raising an appeal, thereby raising due process concerns.  However, objectors have made no arguments about their inability to pay the proposed bond thus far.  In any event, if the bond were beyond their ability to pay, they could well move for reconsideration.

On the frivolousness of the appeal: Feldman challenges the computation of attorneys' fees on a "percentage-of-fund" method of settlement rather than a lodestar approach.  Feldman and her counsel made the same objection in In re Relafen, case no. 01-12239 (D. Mass 2006), appeal docketed and dismissed May 5, 2006, *sub nom* Direct Radiography Purchaser v. Smithkline, appeal no. 05-2846 (1st Cir.).  The court in Relafen stated "in a common fund case the district court, in the exercise of its informed discretion, may calculate counsel fees either on a percentage of the fund basis or by fashioning a lodestar." In re Relafen Antitrust Litig., 231 F.R.D. 52, 77 (D. Mass. 2005).  Indeed,

-4-

Relafen dramatizes the point made above: The objectors settled the appeal relating to excessive attorneys' fees for $500.00 for each of the five objectors and $97,500.00 in attorneys' fees. The settlement otherwise remained unchanged and the class received no additional benefit of any kind. Plaintiffs represent that the settlement was entered into by class counsel in Relafen to "short-circuit the potential damage to the class that an appeal would cause." Pl. Reply at 5.

Feldman next challenges whether "a court must first make a threshold finding that it is impracticable to distribute settlement funds to the class members before a *cy pres* distribution may be made." Feldman did not raise this issue in her objection papers; therefore, the issue has been waived.

Finally, Feldman suggests that the Court should redistribute the *cy pres* award to the class members based on an interpretation of a decision rendered by the Massachusetts Supreme Judicial Court after the settlement in the instant case had been executed. In Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790 (2006), the court held that a "plaintiff seeking a remedy under G.L. c. 93A § 9, must demonstrate that even a *per se* deception caused a loss." 445 Mass. at 799. Since no class member is entitled to statutory damages, Feldman argues, "payment of any amounts to class members must be regarded as a distribution of cy pres funds." Obj. Reply at 6. The argument

is extraordinary: First, there is no precedent for restructuring a settlement agreement based on legal developments that happened later. Second, if a later case could be used to restructure a settlement, Hershenow could provide the basis for defendants' repudiation of the existing agreement. Paragraph 15 of the Agreement provides that if any portion of the settlement (other than attorney's fees) is invalidated, the parties may repudiate the settlement in its entirety. Under Hershenow, the defendants might well have argued that the hundreds of thousands of class members should split $500,000.00 under the Truth in Savings Act, 12 U.S.C. § 4301, et seq., rather than the $12.5 million they obtained in the settlement.

With respect to the amount of the bond: The bond the plaintiffs seek is calculated as follows: 5.15% interest on a settlement of $12.5 million, dating from June 14, 2006, the date of judgment for one year (assuming the case takes only one year to go through the appellate process). That amount would be $643,750.00. Plaintiffs assert that the appeal would likely result in attorneys' fees of $30,000.00. The costs for the earlier appeal in the case amounted to $680.80. Double costs, or $1,361.60, plaintiffs contend, would be appropriate under Fed. R. App. 38, if the Court of Appeals agrees that this appeal was frivolous.

I agree with this computation with one exception: the $30,000.00. attorneys' fees amount. Counsel has provided an evidentiary basis for all components of the bond, with the sole exception of the attorneys' fees.

Accordingly, I order that objector Nancy Feldman post a bond in the amount of Six Hundred Forty-Five Thousand, One Hundred Eleven and 60/100 ($645,111.60) Dollars.

**SO ORDERED.**

**Dated: August 22, 2006**          **/s/ NANCY GERTNER U.S.D.J.**