UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.
and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank,
N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

## ORDER DENYING MOTION FOR STAY PENDING APPEAL

**THIS CAUSE** comes before the Court upon Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Stay Pending Appeal (DE #2237), filed December 16, 2011. Therein, Wells Fargo moves for a stay of all activity in the above-captioned cases to appeal

the Court's December 15, 2011 Order Denying its Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Stay in Favor of Arbitration (the "Motion to Compel Arbitration") (DE #2224). Plaintiffs oppose the relief requested in the instant motion (DE #2329), and the Court agrees. The Court finds Wells Fargo's appeal from the Motion denied as untimely filed is frivolous.

As set forth in *Blinco*, a request to stay pending interlocutory appeal of an order denying arbitration should be denied if the appeal is frivolous. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004). Here, Defendant's Motion to Compel Arbitration was not denied on substantive grounds, but rather based on waiver as untimely filed. Defendant contravened orders of the Court on two (2) separate occasions granting it an opportunity to file a motion to compel arbitration. It is well settled that a district court is accorded wide latitude in setting deadlines and briefing schedules. *See Johnson v. Bd. Of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). This holds especially true in a multi-district litigation as wide-ranging in scope and parties as this one.[1] The Court therefore finds that taking an appeal from a denial of an untimely-filed motion—as Defendant's Motion to Compel Arbitration was—is frivolous.

Accordingly, upon careful review of the record and being otherwise fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant Wells Fargo, N.A.'s Motion for Stay Pending Appeal (**DE #2237**) be, and the same is hereby, **DENIED**. The above-captioned cases will proceed to trial during the two-week trial

---

[1] The primary purpose of consolidating these cases in an MDL is to promote efficiency and avoid delay. Pursuant to the Court's Scheduling Order Pertaining to "First Tranche" Cases (DE #878), and following notices of settlement from Bank of America, Union Bank and JPMorgan Chase, Wells Fargo is the only remaining bank on the Court's March 26, 2012 trial calendar. It is well within a district court's discretion to hold litigants to its scheduling order and deadlines. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292 (11th Cir. 2011).

calendar of March 26, 2012 as set forth in the Court's Scheduling Order Pertaining to "First Tranche" Cases (DE #878).

**DONE AND ORDERED** in Chambers at Key West, Florida, this 6th day of February, 2012.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record