UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Tornes, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:08-cv-23323-JLK

*Yourke, et al. v. Bank of America, N.A.*
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186

## ORDER MANDATING APPEAL BOND

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Require Posting of Appeal Bonds by Objector-Appellants [DE #2335], filed December 27, 2011. Therein, Plaintiffs move for entry of an order requiring those objectors appealing the Settlement finally approved by this Court on November 22, 2011[DE # 2150] to post appeal bonds.[1] The Court is fully briefed on the matter.[2] For the reasons set forth below, the Court finds the requested appeal bonds are appropriate pursuant to Rules 7 and 8 of the Federal Rules of Appellate Procedure.

---

[1] *See* Notices of Appeal by John Finn [DE #2263], Richard Hastings and Janel Buycks [DE #2262], Martin Carapia and Fatima Dorego [DE #2251], Brooklyn Sarro and Megan Marek [DE #2249], Elizabeth M. Locke, Michelle W. Locke, Michael V. Vilece, Frank J. Vilece, Todd Taylor and Taylor Hughes [DE # 2244], Tevis R. Ignacio a/k/a Robin Hood [DE #2216], Kirk A. Kennedy and Marvelus Sattiewhite III [DE #2208], and Fred R. Fletcher, Esq. [DE #2177] (collectively, "Objector-Appellants"). Plaintiffs no longer seek to require the posting of appeal bonds by Daniel G. Repa, Todd M. Spann and Karen Palting [DE # 2297].

[2] Objector-Appellants filed individual Responses in Opposition to the Motion between January 10 and 13, 2011. [*See* DE #2368, 2370, 2385, 2392, 2394, 2396]. Plaintiffs filed a Reply [DE #2444] on February 2, 2011.

## I.  BACKGROUND

Plaintiffs filed their Motion [DE #1885] seeking final approval of the $410 million Settlement with Bank of America on September 16, 2011. In support, Plaintiffs filed affidavits from local and national experts in class action law, as well as affidavits supplementing the factual record, to enable the Court to evaluate the fairness and adequacy of this Settlement. Of the approximate 13 million Settlement Class Members, only 49 timely filed objections to the Settlement.

The Court carefully reviewed all of the filings related to the Settlement, including the Motion, the Objections, and responses to the Objections. Extensive nationwide publication of notice to the class (and all Defendants) of the November 7, 2011 final settlement hearing was ordered and accomplished. On November 7, 2011, the Court held a Final Approval Hearing, at which all Parties and objectors were given the opportunity to appear and address the Court. Several objectors appeared in person or through counsel to present argument in support of their positions. After full consideration of the filings and the oral presentations at the Final Approval Hearing, the Court concluded that the Settlement was fair, reasonable and adequate, represented an acceptable compromise of the Settlement Class' claims, and complied with Fed. R. Civ. P. 23(e). The Court overruled the objections, announcing its decision in open court at the conclusion of the full day hearing.

On November 22, 2011, the Court entered its written Order of Final Approval of Settlement, Authorizing Service Awards, Granting Application for Attorneys' Fees, and Overruling Objections to Settlement (the "Order"). [DE #2150]. On the same date, the Court entered a Final Judgment dismissing the Action with prejudice. [DE #2151].

In December 2011, nine (9) groups of Objector-Appellants appealed the Order. Given the high likelihood the Order will be affirmed and that such appeal bonds will provide the

protections typically afforded appellees during the pendency of an appeal, particularly in the context of class actions, attorneys for non-objecting class Plaintiff now urge the Court to impose substantial appeal bonds.

## I.     ANALYSIS

Plaintiffs rely upon Rule 7 and 8 of the Federal Rules of Appellate Procedure in seeking the imposition of substantial appeal bonds by each of the Objector-Appellants. Specifically, Plaintiffs request that the amount of the bonds in this instance total $621,338, representing (i) security for expected appellate costs, and (ii) the (at least partial) preservation of the status quo on behalf of the more than 13 million non-objecting Settlement Class Members to account for the delay in distribution of the benefits of the Settlement to them.

Rule 39(e)[3] provides for costs to be routinely included in appeal bonds. The costs that can be included in a Rule 7 bond are not, however, limited to costs defined by Rule 39. *See Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1323 (11th Cir. 2002). The district court has substantial discretion to determine the amount of a bond necessary to ensure the payment of costs on appeal. *Id.* at 1327; *Sckolnick v. Harlow*, 820 F.2d 12, 15 (1st Cir. 1987).

Federal Rule of Appellate Procedure 7 provides that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." As noted by the Eleventh Circuit in *Pedraza*, "an appellant is less likely to bring a frivolous appeal if he is required to post a sizable bond . . . prior to filing the appeal." *Pedraza*, 313 F.3d at 1333. Courts therefore commonly impose Rule 7

---

[3] Rule 39(e) provides in pertinent part: "The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."

appeal bonds in the class action context where necessary to protect class members "from the burdens that stem from being forced to defend frivolous lawsuits." *Id.*

When determining if an appeal bond is appropriate, courts consider: (i) the appellant's financial ability to post a bond; (ii) the merits of the appeal; (iii) whether the appellant has shown any bad faith or vexatious conduct; (iv) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful (*Schied v. Davis*, No. 08-CV-10005, 2008 WL 3852264, at *1 (E.D. Mich. Aug. 18, 2008) (citations omitted)); and (v) the appellant's attorney's prior actions. *See In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92 (SAS), 2010 WL 2505677, at *2 (S.D.N.Y. June 17, 2010). Consideration of these factors supports imposing sizeable appeal bonds here.

While Rule 7 permits courts to impose appeal bonds to cover the costs of appeal (including, under appropriate circumstances, attorneys' fees), *see Pedraza*, 313 F.3d at 1333, Rule 8 provides for supersedeas bonds to cover sums related to the merits of the underlying judgment. *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998).

Objector-Appellants insist that they cannot be required to post a supersedeas bond under FRAP 8 because they have not sought a stay. *See* Hasting and Buycks Opp. [DE # 2396] at 2. However, because the filing of this appeal prevents distribution of the Settlement proceeds as ordered by this Court's Final Judgment, it is an actual stay of Judgment and bond is appropriate. *See In re Broadcom Securities Litig.*, SACV 01-275 (C.D. Cal. Dec. 5, 2005) (requiring bond including costs of delay equaling $517,700).[4]

---

[4] *Cf. also, e.g., In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 816-17 (6th Cir. 2004) (endorsing the trial court's imposition of a $50,000 appeal bond); *Barnes v. FleetBoston Fin. Corp.*, No. 1:01-cv-1039, slip op. at 2 (D. Mass. Aug. 22, 2006) (ordering imposition of $645,111 appeal bond); *Conroy v. 3M Corp.*, 00cv-2810, Order Granting Plaintiffs Motion For Appellate Bond (N.D. Cal. Aug. 10, 2006) (ordering class action objectors to post an appeal bond of $431,167); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *3 (D. Me. Oct. 7, 2003) (granting a motion requiring an objector/appellant to post an appeal bond of $35,000). Objector-Appellants cite cases in which courts in other circuits declined to require a bond under FRAP 7 to cover lost interest. *See, e.g.*, Hastings and Buycks Opp. [DE #2396] at 8 n. 4; Sarro and Marek Opp. [DE #2392] at 7. The Eleventh Circuit has not resolved this issue one way or another and at least one court in this District has

- 4 -

This Court specifically contemplated this issue and commented on the possibility of requiring the Objector-Appellants to post appeal bonds at pp. 47-48, footnote 30 in its November 22 Order:

> As Plaintiffs noted both in their pleadings, . . . and at the Final Approval Hearing, most if not all of the Objections are motivated by things other than a concern for the welfare of the Settlement Class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto. The Court agrees with the court in *Barnes v. Fleet Boston Fin. Corp.*, 2006 U.S. Dist. LEXIS 71072, at *3-4 (D. Mass. Aug. 22, 2006), that, "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing." . . . The Court has nonetheless considered their objections on the merits, and rejects them for the reasons set forth herein. **Should these or any other Objectors choose to persist in their objections in order to tie up the execution of this Settlement and further delay payment to the members of the Settlement Class, the Court will consider additional measures to make sure that the members of the Settlement Class are not further harmed as a result.** *See* Supplemental Decl. of Prof. Brian T. Fitzpatrick [DE # 1885-7], ¶¶ 11–13 (discussing "objector blackmail" and observing that courts have fought back by sanctioning professional objectors and requiring hefty appeal bonds). And, as Judge Gold noted in the *Allapattah* case, an Objector seeking a fee "for simply filing a claim when Class Counsel has done all the work" will "[a]t the end of the day . . . have to appear before this Court to justify his fees." *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1191 (S.D. Fla. 2006). (Emphasis added).

The Court continues to find that the highly detrimental impact of an appeal as to the entire class renders it appropriate for the Court to require any and all Objector-Appellants to post an appeal bond.

Accordingly, upon careful review of the record and being otherwise fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion to Require Posting of Appeal Bonds [**DE #2335**] by Objector-Appellants John Finn [DE #2263], Richard Hastings and Janel Buycks [DE #2262], Martin Carapia and Fatima Dorego [DE #2251], Brooklyn Sarro and Megan Marek [DE #2249], Elizabeth M. Locke, Michelle W. Locke,

---

exercised its discretion to impose such a bond. *See Allapattah Services, Inc. v. Exxon Corporation*, 2006 WL 1132371 (S.D. Fla. 2006).

- 6 -

Michael V. Vilece, Frank J. Vilece, Todd Taylor and Taylor Hughes [DE # 2244], Tevis R. Ignacio a/k/a Robin Hood [DE #2216],[5] Kirk A. Kennedy and Marvelus Sattiewhite III [DE #2208], and Fred R. Fletcher, Esq. [DE #2177] be, and the same is hereby, **GRANTED**.

It is further **ORDERED, ADJUDGED and DECREED** that the Objector-Appellants set forth above shall within 15 days hereof post a bond in the amount of $616,338.00 to ensure payment of costs to the class plaintiffs for defending the appeal and the resulting delay of distribution of funds to the class.[6]

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 14th day of February, 2012.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[5] Tevis R. Ignacio a/k/a Robin Hood's Motion to Proceed in Forma Pauperis [DE #2216] is hereby denied as MOOT.

[6] This amount represents two years' compounded interest on $280 million, or $616,338, which is the amount of the Settlement minus attorneys' fees, in addition to the $5,000 cost bond under Rule 7.