**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:**

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

---

**RESPONSE OF DEFENDANT WELLS FARGO BANK, N.A.
TO PLAINTIFFS' PROPOSED SCHEDULE**

Wells Fargo Bank, N.A. ("Wells Fargo") hereby responds to plaintiffs' submission of this date, DE #2476, which presents a proposed schedule for further proceedings in these cases. For the benefit of the Court to identify the issues that may need to be discussed at the hearing on February 17, 2012, Wells Fargo submits here its own proposed schedule, with a brief explanation of the few points on which it differs from plaintiffs' proposal.

The parties' recent discussions have been constructive and have resulted in substantial agreement on most aspects of the schedule, including class certification briefing and related discovery. However, two important points of difference remain. Specifically:

1. Plaintiffs ask the Court to order Wells Fargo to produce by March 17, "all damage data needed by Plaintiffs to calculate damages for their proposed classes." There are multiple problems with this proposal. *First*, plaintiffs do not tell the Court what "damage data" they are asking it to order produced. Nor have they served a discovery request on Wells Fargo for such data, although the parties have had informal discussions on the subject. *Second*, there is no motion before the Court addressing any ripe discovery dispute on this subject. Plaintiffs have not filed a motion to compel in compliance with the Local Rules and this Court's directives – nor could they do so in advance of having served any requests or identified any dispute that needs to be resolved. In short, it is premature to establish any "deadline" for Wells Fargo to produce unspecified "data."[1]

---

[1] It is worth noting that any such discovery would be premature until and unless the Court actually certifies a class. *See, e.g., Bradford v. WR Starkey Mortg., LLP*, No. CIV A 206-CV-86-WCO, 2007 WL 2302514, at *2 (N.D. Ga. Aug. 2, 2007) (denying as premature pre-certification discovery of "highly confidential personal and financial information of borrowers who are not parties to this case"); *Robbins v. NCO Financial Sys. , Inc.*, No. 2:06 cv 116, 2006 WL 3833352, *5 (N.D. Ind. 2006) (same). Notwithstanding this fact, and recognizing the Court's desire to move this case along expeditiously, Wells Fargo has been discussing these issues actively with plaintiffs in advance and has even begun some preparatory work. Those efforts will continue, but this provides another reason why any order from the Court directing Wells Fargo to begin (continued...)

It is important to recognize, moreover, that the data at issue here consists of intensely private information of millions of customers who plaintiffs do not, and will not, represent until and unless a class is certified. Bank secrecy laws forbid the production of this information without (among other things) extensive security measures. The parties have been actively discussing these issues even in advance of certification so as to avoid any undue delays at a later stage. Those discussions are ongoing, but they are not far enough along to permit any deadline to be established. Among other things, the parties have yet to identify a location in which this vast quantity of extremely confidential data can be securely housed so that plaintiffs' expert can conveniently work with it.

Finally, Wells Fargo observes that, based on its preliminary understanding of what plaintiffs intend to request, it would be physically impossible to complete production by the date plaintiffs propose. The volume at issue is the equivalent of more than 25 **billion** single-spaced pages – a quantity that would fill the entire courthouse many, many times over. Even with advances in modern technology, this amount of material will take more time to gather and transfer securely.

The schedule below adopts plaintiffs' proposed deadline for expert reports. However, in the interests of fairness, we note our understanding that this deadline might not be workable for plaintiffs in light of the fact that the data cannot be provided by the deadline they have proposed.

2. At a status conference on May 6, 2010, the Court set out its requirements for the spacing of final motions, the pretrial conference, and the trial date. Plaintiffs' proposed

---

(not to mention complete) production of data even before class certification is decided would be premature.

schedule does not take this guidance into account. Among other things, it would afford the Court almost no time to consider dispositive motions before moving directly to the pretrial conference and trial. Wells Fargo's proposed schedule spaces those events in a manner that is more consistent with the Court's guidance, based on the Court's prior schedule for this case.

| | |
|---|---|
| February 27, 2012 | Deadline for Defendant to deliver all outstanding discovery previously stayed following the filing of arbitration motions |
| March 17, 2012 | Deadline by which proposed class representative Plaintiffs shall be made available for deposition |
| March 26, 2012 | Defendant files oppositions to class certification |
| April 2 – 13, 2012 | Defendant makes class certification experts available for deposition |
| April 19, 2012 | Plaintiffs file reply on class certification and opposition to any other motions directed to class certification (i.e. *Daubert*) |
| TBD | Class notice to be provided to Class beginning no later than 90 days after Court's ruling on class certification |
| June 4, 2012 | Deadline for parties to designate experts and serve expert disclosures/reports |
| June 29, 2012 | Deadline to complete fact discovery |
| July 6, 2012 | Deadline to complete expert depositions |
| July 23, 2012 | Deadline to complete mediation and for filing of mediator's report |
| July 23, 2012 | Deadline to file summary judgment and other pretrial motions |
| August 17, 2012 | Deadline to file oppositions to pretrial motions |
| September 7, 2012 | Deadline to file replies to pretrial motions |
| September 19, 2012 | Deadline for parties to meet and confer regarding pre-trial stipulation |
| October 10, 2012 | Deadline to file pre-trial stipulation |
| October 17, 2012 | Pre-Trial Conference (for cases to be tried in Miami) |
| November 17, 2012 | Trial in *Garcia et al. v. Wachovia Bank, N.A., et al.* in Miami (dates and locations for trials of other cases TBD) |

3

DATED:  February 15, 2012                    Respectfully submitted,

                                                          HUNTON & WILLIAMS LLP

                                     By:   /s/ Barry R. Davidson

                                          Barry R. Davidson
                                         (bdavidson@hunton.com)
                                         Florida Bar No. 107678
                                         Jamie Zysk Isani
                                         (jisani@hunton.com)
                                         Florida Bar No. 728861
                                       1111 Brickell Avenue, Suite 2500
                                       Miami, FL 33131
                                       Telephone: (305) 810-2500
                                       Facsimile: (305) 810-2460

                                       Sonya D. Winner (*pro hac vice*)
                                       (swinner@cov.com)
                                       David M. Jolley (*pro hac vice*)
                                       (djolley@cov.com)
                                       COVINGTON & BURLING LLP
                                       One Front Street, 35th Floor
                                       San Francisco, CA 94111
                                       Telephone: (415) 591-6000
                                       Facsimile: (415) 591-6091

                                       Emily Johnson Henn (*pro hac vice*)
                                       (ehenn@cov.com)
                                       COVINGTON & BURLING LLP
                                       333 Twin Dolphin Drive, Suite 700
                                       Redwood Shores, CA 94065
                                       Telephone: (650) 632-4700
                                       Facsimile: (650) 632-4800

                                       Attorneys for Defendant
                                       WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2012, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

/s/ Barry R. Davidson

Barry R. Davidson
(bdavidson@hunton.com)
HUNTON & WILLIAMS LLP
Florida Bar No. 107678
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460