UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

Tornes, et al. v. Bank of America, N.A., S.D.
FLA. Case No. 108-cv-23323-JLK

Yourke, et al. v. Bank of America, N.A.
S.D. Fla. Case No. 1:09-cv-21963-JLK
N.D. Cal. Case No. 3:09-2186



FILED by _____ D.C.
FEB 23 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## MOTION OF APPELLANT FRED R. FLETCHER FOR RELIEF FROM ORDER MANDATING APPEAL BOND OR

## ALTERNATIVE MOTION TO STAY ORDER MANDATING APPEAL BOND FRAP 8(a)(1) PENDING APPEAL

On February 16, 2012, I served a notice of appeal, scheduled to be filed on February 21, 2012, in regards the Court's [DE 2473] Order mandating appeal bond. For the reasons explained below, I request the Court relieve me from the Order pursuant to FRCP 60(b), or in the alternative stay its Order pending my appeal pursuant to FRAP 8(a)(1).

**A) The Order should be Lifted due to Mistake and/or Inadvertence**

On January 7, 2012, I served an objection for failure of service to Plaintiffs' Motion to require posting of appeal bonds by objector-appellants, and a supporting

1

declaration ("Objection"). (Attached as Exhibit "A" to the Declaration of Fred R. Fletcher filed concurrently.) The Objection was delivered to the clerk of the Court by Fed Ex on January 10, 2012 at 10:04am local time, and the package was signed by "S. Diaz." (See, proof of Fed Ex delivery confirmation attached to the Declaration of Fred R. Fletcher as Exhibit "B".) I have searched the Court's docket and I cannot find proof that my Objection was filed on January 10, 2012, or anytime thereafter. It appears several documents were filed under seal on January 12, 2012, but I am uncertain if one of these sealed documents is my Objection because I did not request the Objection be filed under seal. Attached as Exhibit "C" to my Declaration is a copy of the Court's docket entries dating from January 4, 2012 until February 15, 2012. If this Court can identify the docket number of my Objection please provide me written notice of the docket number.

No mention of my Objection was made in the Court's Order **[DE 2473]**, or in Plaintiff's Reply **[DE 2444]**. This leads me to believe the Court never had the opportunity to review my Objection, as I explained ordering bond in the amount of $616,338.00 would pose a financial impossibility and result in my appeal being improperly dismissed.

I request the Court review my Objection attached hereto and relieve me from the Order pursuant to FRCP 60(b)(1), as my Objection must have inadvertently or

mistakenly not been filed by the Clerk and/or not reviewed by the Court.[1] (Attached as Exhibit "A" to the Declaration of Fred R. Fletcher.)

### B) My Appeal has Merit.

The crux of my appeal speaks to the very terms of the Settlement wherein I take offense to Bank of America Corporation ("BofA") purchasing insurance, in the form of res judicata protection, for fraud upon the court. I understand the Court disagrees with me regarding whether BofA actually committed fraud upon the court, but my objection to the Settlement holds merit nonetheless.

It is the very language of the Settlement that I find repugnant. The insurance for fraud upon the court purchased by BofA in the Settlement is an assault upon the integrity of the California court system. On November 23, 2005, I took an oath to defend the integrity of the California court system. When this Court adjudicated my rights, it did so as a California court. *See, generally, United Mine Workers v.*

---

[1] I have an unblemished history of serving documents in this matter early to guarantee timely filing. I served my Notice of Appeal in regards to Settlement approval on November 17, 2011. [Dkt. No. 2177] The District Court entered its Final Judgment and Order on November 22, 2011. [Dkt. No. 2150, 2050] My Notice of Appeal was filed by the clerk on November 29, 2011, or twenty-three days early. [Dkt. No. 2177] My Appellant Brief was filed on January 9, 2012, or seven days early. My objection to the Settlement was filed on September 29, 2011, or five days early.

*Gibbs*, 383 U.S. 715 (1966) and *Butner v. United States*, 440 U.S. 48 (1979). (The *Erie* doctrine applies when the federal court decides a state law issue vis-a-vis diversity jurisdiction.) I cannot permit my rights to be adjudicated in this matter, while BofA purchases res judicata protection for fraud upon a Court I have sworn to defend.

I understand this Court and all courts favor settlement. However, if settlements are to vindicate the real victims on any level the Court should shun any requests for orders which would embrace a Defendant hiding and concealing claims while discovery is ongoing. A Defendant should fear reprisal indefinitely if it hides and conceals claims from a court of law.

As this Court is assuredly aware, the issue of corporate financial fraud and deception arises daily in the news, political speeches, and in the protests of the disenfranchised camped outside of Wall Street. Corporate financial fraud has resulted in millions of people losing their homes and livelihoods. If people begin to believe that not even the courts are immune to corporate fraud then the very validity of our court system is placed at risk, a risk I cannot afford to permit as a young lawyer.

I understand my grave concerns may seem naïve in this fast paced litigious society, but the idea that a court cannot lend assistance to an illegal act significantly predates the building in which this Court sits. *See, McMullen v.*

4

*Hoffman*, 174 U.S. 639 (1899) ("[T]he court will not lend its assistance in any way towards carrying out the terms of an illegal contract, nor will it or any court enforce any alleged rights directly springing from such a contract.")

I have attached a copy of my Appellant Brief as Exhibit "D" for this Court to review, and consider my objections more fully. As the Court is aware, I object to the unprecedented *cy pres* hybrid written into the very terms of the Settlement. I request the Court review my Appellant Brief for consideration of this issue.

### C) New Evidence Exists Regarding Financial Impossibility posed by the Order which the Court did not consider before the Order.

Since I served my Objection, new evidence exists which establishes my inability to post bond in the amount of $616,338.00. On February 10, 2012, my 2011 taxes were done and my reportable income for the year was $69,609. (See, Exhibit "E" attached to the Declaration of Fred R. Fletcher.) In 2011, I incurred medical bills of $35, 382 as a result of a brain hemorrhage[2] I suffered on December

---

[2] As I was being wheeled into the operating room I made a bargain with God, that I would leave this world a better place than I found it. I have not mentioned my motives previously as doing so unsolicited may appear I am preaching or self righteous. But the truth is the truth, and I need to defend my motives if my Appeal is to be heard. My Appeal is nothing less than a fulfillment of my oath to the California Courts taken on November 23, 2005, and my promise to God in the early hours of December 14, 2009.

5

14, 2009, during a gap in health insurance. (See, the Declaration of Fred R. Fletcher.) My wife is an unemployed teacher due to budget cuts in California. (See, the Declaration of Fred R. Fletcher.) I currently owe approximately $85,000 in student loans. (See, the Declaration of Fred R. Fletcher.) The only collateral I own is a 1997 Honda Civic, valued at approximately $1,800, a couch valued at approximately $1,000, and my wife's engagement ring which I purchased in April of 2011 for $2000. (See, the Declaration of Fred R. Fletcher.) Any savings I have is reserved for payment of taxes as my income is in the form of 1099's. (See, the Declaration of Fred R. Fletcher.) Although I am more fortunate than most, if this Court upholds its Order there is no feasible means by which I can post the bond.

Contrary to Plaintiffs' claims, appeals possessing merit are a matter of right. *Coppedge v. United States,* 369 U.S. 438, 441-442 (1962)). ("Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right.") *Id.* (citing *North Carolina v. Pearce,* 395 U.S. 711, 724 (1969) ("[a] court is without right to ... put a price on an appeal. A [party's] exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *See, Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir.1998) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir.1974).

*See also, Accord Vaughn*, 507 F.3d at 300; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993); Azizian, 499 F.3d at 961 ("the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38.")

Pursuant to FRCP (b)(2), I request the Court to relieve me from the Order based upon the newly discovered evidence of my financial status.

### D) I have Only attempted to Expedite my Appeal and have not acted to Delay Matters as Argued by Plaintiffs.

I filed my Notice of Appeal several days early, I did not attach a hearing transcript, and I objected to a Motion filed by Appellees designed to delay matters. Every action I have taken indicates I want my appeal heard sooner and not later as argued in the bond motion. The bond motion was heard while I was producing my Appellate Brief which I wanted to file on time, and was a higher priority than directly opposing the bond motion. I felt my best defense to the bond motion would be filing my meritorious Appellate Brief on time.

### E) This Motion and Supporting Papers are <u>Not</u> to be Filed under Seal.

I am uncertain if my Objection was filed under seal because I speak about my financial status in my Declaration, and the Court may have been attempting to protect my privacy. Everything I have said in all papers submitted to this Court are

to be filed and docketed, and <u>not</u> under seal. Filing my papers under seal prejudices my ability to draft an appellate brief as I cannot cite to my papers. There is nothing I have said or attached to any of my papers which I am ashamed of or believe should not be made public. If the Court seals any of my documents filed in this matter this would constitute a violation of the First Amendment, and I would be forced to seek an appellate order that my papers be properly docketed, filed, and disclosed to the public via Pacer. **<u>This document will be sent Fed Ex and delivered by February 21, 2012, and I will retain proof of confirmation of delivery.</u>**

## Conclusion

For all the reasons set forth herein, I request the Court to relieve me from the Order, or alternatively stay its Order pending my appeal.

February 17, 2012.

By: _____
Fred R. Fletcher, pro se
34188 Pacific Coast Highway
Dana Point, California 92629
Fletcher@lawyer.com
(714) 388-6085

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, true and correct copies of the foregoing with first class postage, its equivalent or faster, paid has been deposited in the U.S. Mail, or United Parcel Service, or Federal Express and properly addressed to the persons whose names and addresses are listed below:

Aron S. Podhurst
Podhurst Orseck, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, Florida 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

Bruce S. Rogow
500 East Broward Boulevard, Suite 1930
Fort Lauderdale, Florida 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead for Plaintiffs*

Laurence Hutt
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

*Counsel for Bank of America Corporation*

Clerk of the Court
U.S. District Court for the Southern District of Florida
James Lawrence King Federal Justice Building
99 Northeast Fourth Street
Miami, FL 33132

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2012, at Dana Point, California.

Fred R. Fletcher