UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Faith Gordon v. Branch Banking & Trust Co.*
No. 1:09-CV-23067-JLK

**PLAINTIFF'S MOTION TO DEFER RULING ON BB&T'S
SECOND RENEWED MOTION TO COMPEL ARBITRATION**

Plaintiff Faith Gordon respectfully requests that the Court defer ruling on Defendant Branch Banking & Trust Company's ("BB&T") Second Renewed Motion to Compel Arbitration and to Dismiss the Complaint [**DE # 2499**] ("Renewed Motion") so Plaintiff may develop an evidentiary record to further support her position that this Court should deny arbitration.

## INTRODUCTION

Plaintiff Faith Gordon seeks limited, arbitration-related discovery before the Court rules on the Second Renewed Motion. The circumstances here are similar to those in the other cases where this Court has allowed plaintiffs limited, arbitration-only discovery. *See* Orders Deferring Arbitration Ruling and Granting Limited Arbitration Related Discovery. [**DE # 1576, 1673, 1950, 1985, 2191**]. The Eleventh Circuit has specifically approved of such discovery in this MDL. The limited scope of this discovery is reasonable and useful in building a complete record in opposition to the Renewed Motion, given the Georgia standard for determining unconscionability which is directly at issue. *See generally NEC Technologies, Inc. v. Nelson*, 478 S.E.2d 769, 771-72 (Ga. 1996).

**PROCEDURAL BACKGROUND**

On May 22, 2009, Ms. Gordon filed her Complaint in state court alleging that BB&T improperly assessed overdraft fees. On June 29, 2009, BB&T removed the case to the District Court for the Northern District of Georgia. [**DE # 1, S.D. Fla.**].[1] On July 7, 2009, BB&T filed its motion to compel arbitration along with its answer. [**DE # 5, 7, S.D. Fla.**].

On October 2, 2009, District Judge Charles Pannell entered an order denying arbitration. [**DE # 18, S.D. Fla.**]; *also* 666 F. Supp. 2d 1347 (N.D. Ga. 2009). Relying largely on *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007), Judge Pannell found BB&T's arbitration clause to be substantively unconscionable and unenforceable. *See* **DE # 18, S.D. Fla.**, pp. 11-13.

On October 13, 2009, the Judicial Panel on Multidistrict Litigation transferred *Gordon* to MDL No. 2036, *In re Checking Account Overdraft Litigation*. Following transfer, BB&T moved for reconsideration of Judge Pannell's order denying arbitration. [**DE # 23-24, S.D. Fla.**]. In support of reconsideration, BB&T filed additional declarations and new evidence. [**DE # 25, S.D. Fla.**]. BB&T also attempted to argue for the first time that the question of arbitrability should be determined by the arbitrator, not the Court. *Id.* Ms. Gordon took issue with BB&T's attempt to introduce new evidence because the evidence in question was previously available to BB&T. *See* **DE # 125,** pp. 3-6. On November 6, 2009, this Court denied reconsideration. [**DE # 44, S.D. Fla.**]. BB&T appealed. [**DE # 38, 49, S.D. Fla.**].

The Eleventh Circuit affirmed the denial of arbitration. 419 Fed. Appx. 920. In *Gordon*, the court held the arbitration clause unconscionable under Georgia law. *Id.* at 923. In reaching this conclusion, the Eleventh Circuit reaffirmed its ruling in *Dale*, stating that under Georgia law, "the enforceability of a particular class action waiver in an arbitration agreement must be determined on a case-by-case basis, considering the totality of the facts and circumstances." *Id.* at 922. In addition, the court held that BB&T had waived certain arguments by not raising them below, and that notices of supplemental authority under Rule 28(j) were not the appropriate vehicle for raising new arguments. *Id.* at 924-26.

BB&T filed a petition for writ of certiorari in the Supreme Court on August 31, 2011. [**DE # 1856-1**]. At the same time it was pursuing its petition to the Supreme Court, BB&T filed

---

[1] Citations to the docket below in Secondary Case No. 1:09-CV-23067-JLK are referenced as "**DE # __, S.D. Fla.**" Citations to the docket below in the MDL (No. 1:09-MD-02036-JLK) are referenced as "**DE # __.**"

a renewed motion to compel arbitration before this Court. [**DE # 1721**]. On September 8, 2011, this Court denied the renewed motion. [**DE # 1859**]. BB&T then filed a second appeal. [**DE # 1873**].

On November 14, 2011, the Supreme Court granted BB&T's petition, vacated the Eleventh Circuit's decision in *Gordon*, and remanded the case for further consideration in light of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). *See* 132 S. Ct. 577 (2011). Following remand, the Eleventh Circuit vacated the initial order denying BB&T's motion to compel and remanded the case for reconsideration. *See* January 31, 2012 Order (Exhibit A hereto). In doing so, the Eleventh Circuit stated: "without implying any view about the resolution of the case, we vacate the judgment of the district court denying BB&T's motion to compel arbitration and motion for reconsideration, and remand this case to the district court for reconsideration in light of *Concepcion* and subsequent decisions of this Court." *Id.* at 2-3. Thereafter, the Eleventh Circuit entered an order vacating this Court's denial of BB&T's renewed motion and remanding the case for further consideration. *See* February 15, 2012 Order, pp. 1-2 (Exhibit B hereto).

Before BB&T filed its latest arbitration motion, this Court granted limited, arbitration-only discovery in cases against Chase, Wachovia, Wells Fargo, U.S. Bank, Compass, and RBC. [**DE # 1576, 1673, 1950, 1985, 2191**]. Although Plaintiff has advised BB&T that she is requesting the same type of discovery as was permitted by the Court in those cases, BB&T has advised Plaintiff that it opposes any discovery. Attached hereto as Exhibits C through F are Plaintiff's proposed written discovery requests and a 30(b)(6) deposition notice.

## ARGUMENT AND CITATION OF AUTHORITY

As this Court is aware, it may deny BB&T's arbitration motion by finding that BB&T's arbitration agreement is unenforceable under Georgia law. Under established precedent, Plaintiff bears the burden of rebutting the presumption of arbitrability under the agreement. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *see also, e.g., Livingston v. Assocs. Fin., Inc.*, No. 01-C-1659, 2001 U.S. Dist. LEXIS 8678, at *10 (N.D. Ill. June 22, 2001) ("[I]t seems axiomatic that, if the Supreme Court places a burden of proof [to show an arbitration agreement is invalid] on a party, then that party must be given an opportunity to pursue discovery related to the issue that it has the burden to prove."), *adopted*, 2002 U.S. Dist. LEXIS 12047 (N.D. Ill. March 4, 2002). As the Supreme Court explained recently:

> A court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce.

*Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S. Ct. 2847, 2856 (2010); *see also Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1124 (11th Cir. 2010); *Dale v. Comcast Corp.*, 498 F.3d 1216, 1224 (11th Cir. 2007); *see also Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1124 (11th Cir. 2010) (finding arbitration enforceability is a fact-intensive question).

Discovery relating to arbitration issues is routinely granted.[2] As the Third Circuit noted in *Blair*, "[a]lthough discovery is ordinarily not undertaken at such an early stage of a proceeding that is governed by an arbitration agreement, there is language in the Supreme Court's opinion [in *Green Tree*] faulting the claimant for not presenting evidence 'during discovery.'" 283 F.3d at 609. In both *Blair* and *Green Tree*, the plaintiff challenged the validity of the arbitration agreement on the grounds that it was cost prohibitive. *Blair*, 283 F.3d at 609; *Green Tree*, 531 U.S. at 91-92. The Supreme Court's decision affirming an order compelling arbitration in *Green Tree* was based, in part, on the fact that the claimant failed to meet her burden of showing the likelihood that she had to bear prohibitive costs. 531 U.S. at 91-92.

Indeed the Eleventh Circuit recently found discovery of arbitration issues appropriate in *Larsen v. J.P. Morgan Chase Bank, N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. Aug. 26, 2011). There, the court held that "discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided." *Id.* This Court allowed arbitration-only discovery in *Larsen* and in several other cases. Although this Court did not allow arbitration-related discovery in a few prior instances – including against BB&T – those orders were issued prior to *Larsen*.

---

[2] *E.g.*, *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10 (3d Cir. 2002); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 294-96 (S.D.N.Y. 2002); *also Alzaidi v. U-Haul Co. of Kan., Inc.*, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009); *R&F, LLC v. Brooke Corp.*, 2007 WL 2809845, at *2-3 (D. Kan. Sept. 24, 2007); *Coneff v. AT&T Corp.*, 2007 WL 738612, at *1 (W.D. Wash. Mar. 9, 2007); *Wilson v. Yellow Transp., Inc.*, 2007 WL 445197, at *1 (D. Kan. Jan. 29, 2007); *Livingston v. Associates Fin., Inc.*, 2001 WL 709465, at *2-4 (N.D. Ill. June 25, 2001).

To fully develop the record to rebut the presumption of arbitrability, Plaintiff seeks limited arbitration-related discovery. *See* Exhibits C-F. The discovery sought here is identical in most respects to the limited arbitration-related discovery permitted under this Court's Orders in related cases. [**DE # 1576, 1673, 1950, 1985, 2191**]. The discovery consists of document requests, interrogatories, and requests for admissions regarding specific arbitration-related issues, and will be followed by a Rule 30(b)(6) deposition on the same topics and depositions of any of the bank's other declarants.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court enter an Order deferring for 90 days any ruling on the Second Renewed Motion and directing BB&T to respond to written discovery and sit for deposition.

## **Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff asked counsel for BB&T to consent to this motion. BB&T has stated that it opposes this motion.

Dated: February 27, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596