[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15399

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2012
JOHN LEY
CLERK

D. C. Docket No. 09-23067-CV-JLK

FAITH GORDON,
on behalf of herself and all
others similarly situated,

                                              Plaintiff-Appellee,

versus

BRANCH BANKING AND TRUST,

                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 31, 2012)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before MARCUS and ANDERSON, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:

On March 28, 2011, in an unpublished opinion, we affirmed the judgment of the district court denying Branch Banking and Trust's ("BB&T") motion to compel arbitration and motion for reconsideration, holding that the class action waiver in the arbitration agreement at issue was substantively unconscionable under Georgia law. See Gordon v. Branch Banking and Trust, 419 F. App'x 920. After our opinion issued, the Supreme Court rendered a decision in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011), which held that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., preempted California's state law rule "classifying most collective-arbitration waivers in consumer contracts as unconscionable." Concepcion, 131 S. Ct. at 1746. The Supreme Court has vacated this Court's judgment in Gordon and remanded for further consideration in light of Concepcion. See Branch Banking and Trust v. Gordon, --- S. Ct. ----, 2011 WL 3876982 (Nov. 14, 2011) (table).

Accordingly, without implying any view about the resolution of the case, we vacate the judgment of the district court denying BB&T's motion to compel arbitration and motion for reconsideration, and remand this case to the district

---

[*] Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

court for reconsideration in light of Concepcion and subsequent decisions of this Court.  See, e.g., Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

**VACATED AND REMANDED.**