UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Faith Gordon v. Branch Banking & Trust Co.*
No. 1:09-CV-23067-JLK

PLAINTIFF'S ARBITRATION-RELATED REQUEST
FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Defendant Branch Banking & Trust Company ("BB&T") produce the Documents and things described herein for inspection and copying in accordance with Rules 26 and 34.

**DEFINITIONS**

1.  "All" means "any and all" and "any" means "any and all."

2.  The word "including," means "including, but not limited to."

3.  "You," and/or "Your" means and refers to BB&T, including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities, predecessors, successors, and contractors (including debt collection agencies), and their current and former officers, directors, employees, attorneys, agents and representatives.

4.  "Documents" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and includes any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in Your possession, custody or control,

including without limitation, electronically stored information as defined by Federal Rules 26 and 34, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars, minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in Your possession, custody or control, and every copy of every Document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

5. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, and every written Document or other mode of intentionally conveying meaning.

6. "Consumer" means any natural person(s) (and in particular not a business) who maintained an account with You or any of Your affiliated entities during the relevant time period.

7. "Consumer Account" means any Consumer checking, savings or demand deposit account maintained with You or any of Your affiliated entities during the relevant time period.

8.     As used herein, the words "pertaining to," "relate to," "regarding," "discuss," or "reflect" shall mean in any way relating to, referring to, containing, concerning, describing, mentioning, discussing, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

9.     Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or." The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

## INSTRUCTIONS

10.    These requests are to be responded to separately and fully, in writing, within thirty (30) days of the date of service, or such shorter time as the Court may order.

11.    You are to produce all requested Documents and things in Your possession, custody or control. If You object to any request, specify the part to which You object, state Your objection(s), state all factual and legal justifications which support Your objection(s), and respond to the remainder of the request to which You do not object.

12.    If any Document(s) requested was, but is no longer, in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so, to whom; or (d) otherwise disposed of and, in each such instance, explain the circumstances surrounding an authorization for such disposition and the approximate date thereof.

13.    Each request for production shall be construed to include information and Documents within Your knowledge, possession or control as of the date of Your responses to these requests for production and any supplemental information and Documents responsive to these requests generated, obtained or discovered after the date of Your original responses.

14. If a Document or other information is stored electronically, the Document or other information shall be produced in native electronic format. In conjunction with the production of any electronically stored information, all metadata and other bibliographic or historical data relating to such electronically stored information shall also be produced.

15. You are required to promptly supplement Your responses to these requests throughout the duration of this action pursuant to Federal Rule of Civil Procedure 26(e).

16. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), please organize and label the Documents You produce so as to indicate the request or requests to which they respond.

17. If You contend that any requested Documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, provide a list showing each Document withheld and, as to each, state (a) the type of Document (*e.g.*, letter, memo, e-mail), (b) name and title or position of the author(s), (c) name and title or position of the recipient(s), including all cc: and bcc: recipient(s), (d) the date of the Document, (e) the title or subject matter, (f) the privilege or privileges claimed, and (g) the Document request or requests to which the Document relates.

18. All definitions set forth below are incorporated by reference into the following requests as if fully set forth therein.

**TIME FRAME OF REQUESTS**

19. Unless otherwise stated, the time period covered by these requests is May 1, 1999 to the present.

**REQUESTS FOR PRODUCTION**

REQUEST NO. 1: Produce all Documents that discuss or reflect the number of disputes involving Consumer Accounts submitted to or decided by arbitration.

REQUEST NO. 2:  Produce Documents sufficient to show the initial demands made in all disputes involving Consumer Accounts submitted to or decided by arbitration.

REQUEST NO. 3:  Produce Documents sufficient to show the results of all disputes involving Consumer Accounts submitted to or decided by arbitration.

REQUEST NO. 4:  Produce all Documents that discuss or reflect the number of disputes involving Consumer Accounts that relate to overdraft fees submitted to or decided by arbitration, the results of any arbitration proceedings, and/or whether the Consumer had a lawyer or an expert participate in the arbitration proceeding.

REQUEST NO. 5:  Produce all Documents regarding any analysis or evaluation of the arbitration of disputes involving Consumer Accounts.

REQUEST NO. 6:  Produce all Documents that reflect or discuss the actual involvement of or likelihood of appearances by lawyers retained by Consumers in arbitrations involving Consumer Accounts.

REQUEST NO. 7:  Produce all Documents that reflect or discuss the actual involvement of or likelihood of appearances by expert witnesses retained by Consumers in arbitrations involving Consumer Accounts.

REQUEST NO. 8:  Produce all requests for discovery propounded upon You in any arbitration proceeding involving a Consumer Account(s) and Your response(s) thereto.

REQUEST NO. 9:  Produce all Documents and Communications from You seeking attorneys' fees and/or costs from Consumers as a result of or after arbitration involving a Consumer Account(s).

REQUEST NO. 10:  Produce Documents sufficient to show the total amount of overdraft fees refunded to Consumers by You as a result of or after arbitration involving a Consumer Account(s).

REQUEST NO. 11:  Produce all Documents pertaining to the one hundred (100) most recent arbitrations involving a Consumer Account(s), including all pleadings, Communications, notices, awards, orders and judgments.

REQUEST NO. 12:  Produce all Documents that contain any public statements or Communications by You (excluding account agreements) regarding the arbitration of disputes involving Consumer Accounts.

REQUEST NO. 13:  Produce all Documents that discuss or reflect the number of overdraft-fee-related complaints that You have received relating to a Consumer Account(s) and the resolution or disposition of those complaints.

REQUEST NO. 14:  Produce all Documents that You have either sent to or received from the American Arbitration Association ("AAA") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by AAA, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

REQUEST NO. 15:  Produce all Documents that You have either sent to or received from the National Arbitration Forum ("NAF") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by NAF, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

REQUEST NO. 16:  Produce all Documents that You have either sent to or received from Judicial Arbitration and Mediation Services, Inc. ("JAMS") that discuss the number of or

result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by JAMS, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

REQUEST NO. 17: Produce all Documents and Communications that discuss the settlement agreement(s) resulting from the litigation styled *Ross v. Bank of America, N.A., et al.*, No. 05-cv-7116 (S.D.N.Y.).

REQUEST NO. 18: Produce all Documents regarding any meetings, Communications, or discussions You or Your affiliates have had with any other financial institution(s) regarding consumer arbitration, including any agreements or understandings that resulted from such meetings, Communications, or discussions.

REQUEST NO. 19: Produce all manuals, policies, training or practice materials, and other Documents, including electronic Documents and computer hosted protocols (such as "status-mart," "teamworks," or any equivalent programs) that summarize, describe, or otherwise relate to the procedures that were used (or were supposed to be used) in connection with the opening of Consumer Accounts.

REQUEST NO. 20: Produce all Documents You relied upon in responding to Plaintiff's Arbitration-Related Interrogatories dated February 27, 2012.

REQUEST NO. 21: Produce all Documents You relied upon in denying any of Plaintiff's Arbitration-Related Requests for Admission dated February 27, 2012.

REQUEST NO. 22: Produce all Documents You contend were provided to Plaintiff at the time she signed up for an account with the Bank.

REQUEST NO. 23: Produce all account statements or other forms of written communications between You and the named Plaintiff in this matter.

REQUEST NO. 24:   Produce all Documents that You contend constituted your customer agreements or account agreements since 2003.

REQUEST NO. 25:   Produce all Documents You contend were provided to Plaintiff regarding any changes in terms to your customer agreement, whether in the form or mailers, notices, or otherwise, since 2003.

REQUEST NO. 26:   Produce all Documents You rely upon in support of Your motion to compel arbitration and in support of any declarations filed in support of that motion.

Dated: February 27, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY 10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596