**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Casayuran, et al. v. PNC Bank, N.A.*
D.N.J. Case No. 2:09-5155
S.D. Fla. Case No. 10-cv-20496-JLK

*Cowen, et al. v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-cv-21869-JLK

*Hernandez, et al. v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-cv-21868-JLK

**PLAINTIFFS' MOTION TO STRIKE DOCKET ENTRY 2474**

In an implicit admission that its Response to Plaintiffs' Motion for Class Certification is thin on any factual support (albeit strong on irrelevant *ad hominem* attacks), and thus insufficient to overcome Plaintiffs' showing on class certification, PNC files this desperate Motion to Strike the Declaration of Arthur Olsen (D.E. 2474). Unfortunately for PNC, the Motion to Strike is not only too little (that will be addressed in Plaintiffs' Opposition), but also too late. Due to its lateness and impropriety, Defendant's Motion to Strike the Declaration of Arthur Olsen itself should be stricken.

**Background**

Back on April 13, 2011, this Court entered its Scheduling Order Pertaining to "Fourth Tranche" Cases (D.E. 1340). Pursuant to that Order, Plaintiffs were required to file their Motions for Class Certification by December 20, 2011. Defendants, including Defendant PNC, had 45 days thereafter to file their Oppositions to Class Certification Motions. Thus, Defendant PNC's opposition was due on or before February 3, 2012.

On that very day, Defendant PNC filed its opposition. The opposition ran 70 pages. It did not include any Motion to Strike the Declaration of Arthur Olsen. Other banks, however, did timely file motions to strike Mr. Olsen's declaration. *See generally* (D.E. 2448, 2454). Only on February 14, 2012, eleven days later, did Defendant PNC file its Motion to Strike.

**Analysis**

Defendant PNC's tardy Motion to Strike violates this Court's carefully considered Scheduling Order and the Local Rules of this Court. Accordingly, it should be stricken.

The Court's Scheduling Orders must be adhered to and respected. Trial courts are given broad discretion to strike untimely filings. For instance, in *Mosley v. Waste Management Co.*, 137 Fed. Appx. 248, 250 (11th Cir. 2005), the Eleventh Circuit upheld the district court's striking of a plaintiff's opposition to a motion for summary judgment and accompanying affidavits that were filed only four days late. Similarly, in *Chacon v. El Milagro Child Care Center*, No. 07cv22836, 2009 WL 1920151, at *2 (S.D. Fla. July 2, 2009), a defendant's motion for summary judgment that was filed ten days late was stricken. These orders were entered into in singular cases involving individual litigants. In this case, the Court is managing well over 30 significant litigations from across the country involving dozens of parties. Thus, the need to adhere to this Court's scheduling orders is even further heightened.

In addition to being untimely, Defendant PNC's Motion to Strike also violates the Local Rules of this Court.  Pursuant to Local Rule 7.1(c)(3)(B), "the opposing party must serve with the opposing memorandum all such materials in opposition to the motion."  Every other bank in the Fourth Tranche followed this Local Rule by filing their motions to strike simultaneously with their oppositions to class certification.  Defendant PNC did not.  Failure to follow the Local Rules alone warrants striking a brief.  *See Habersham Plantation Corp. v. Molyneaux*, No. 10cv61526, 2011 WL 1832782, at * 3, 4 (S.D. Fla. May 5, 2011) (striking motion to compel for violations of Local Rules, including deadlines).  Accordingly, for this basis as well, Defendant PNC's Motion to Strike the Declaration of Arthur Olsen (D.E. 2474) should be stricken.

## Conclusion

Thus, based on two separate and independent grounds, Defendant PNC's Motion to Strike the Declaration of Arthur Olsen (D.E. 2474) should itself be stricken.

Dated: February 27, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Seth E. Miles
Seth E. Miles, Esquire
Florida Bar No. 385530
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596