**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Stillion, et al. v. United Bank, Inc. and United
Bankshares, Inc.*
S.D. Fla. Case No. 11-cv-21472-JLK
S.D. W. Va. Case No. 11-cv-0237

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR REMAND**

Plaintiffs Christopher and Heather Stillion respectfully submit this Opposition to the

Motion for Suggestion of Remand (the "Motion for Remand") [**DE # 2471**] filed by Defendants

United Bank, Inc. and United Bankshares, Inc. (collectively "United Bank"), and in support

state:

**INTRODUCTION**

Nearly 10 months after the Judicial Panel on Multidistrict Litigation ("Panel") finalized

CTO-36 transferring this action for inclusion in MDL No. 2036, United Bank seeks to have this

action remanded.  United Banks' Motion for Remand represents its latest attempt at forum

shopping in order to avoid the efficiency with which this Court has handled numerous cases in

the MDL since 2009.  Defendants have failed to meet the applicable standard for remand and,

therefore, the Court should not support remand of this case.

Apparently, United Bank predicts defeat of its previously filed Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the Class Action Fairness Act (the "Rule 12(b)(1) Motion") and is launching its "PLAN B" to exit the MDL.  A simple comparison of United Bank's Rule 12(b)(1) Motion and its Motion for Remand exemplifies this change in forum-shopping litigation strategy.  Just a few months ago, United Bank stated:

> Second, to the extent the three-year requirement is meant to facilitate the consolidation of overlapping or parallel class actions, the purpose underlying this requirement cannot be realized here because the second class action is pending in a West Virginia state court and it is not removable.  *See* S. Rep. No. 109-14, at *32, *35 (2005).  Given that the second class action is pending in a state court, advances in efficiency or fairness simply cannot be achieved through consolidation of the actions.  Moreover, because significant motions practice and discovery have already occurred in the second class action, any benefits that might be obtained through consolidation or coordination are limited at best.

*See* Rule 12(b)(1) Motion, p. 16 [**DE # 2162**].  In contrast, United Bank now states:

> As explained below, the development of *Stillion* following its transfer to this Court and the simultaneous progression of an overlapping putative class action pending in a West Virginia state court indicate compelling advantages in terms of convenience, justice, and efficiency can be realized through a remand to the West Virginia transferor court.  Consequently, the statutory prerequisites applicable to MDL transfers no longer apply with respect to *Stillion*.

*See* Motion for Remand, p. 1.  While United Bank's arguments are inconsistent, its preference to adjudicate its misdoings in state court is clear.  As such, the Motion for Remand appears to be nothing more than a thinly veiled pretext for forum shopping.

Furthermore, the arguments made by United Bank in the Motion for Remand could have been made when this action was conditionally transferred to the MDL.  At the time this action was transferred to the MDL, the state court matter styled *Jones v. United Bank, et al*. (which was filed 6 days after this action on April 14, 2011) was already pending.  Since entry of the Panel's transfer order, nothing has changed that would indicate that consolidation and coordination of

2

*this* action with those currently pending in the MDL would not promote the just, efficient, and consistent resolution of the bank overdraft cases. *See* Order dated December 9, 2011 (denying Susquehanna Bank's motion for remand) [**DE # 2210**]. To the contrary, the recent settlements that have been announced in the MDL are evidence that the reasons for the Panel's transfer of this action still hold true. Remanding this action would defeat the purposes of 28 U.S.C. § 1407, and encourage the very type of forum shopping in which United Bank now engages.

## FACTUAL BACKGROUND

On June 10, 2009, the Panel created *In re Checking Account Overdraft Litigation*, MDL No. 2036, based on a finding that five actions against Wachovia Bank, Bank of America, and Citibank shared common factual and legal issues relating to the imposition of overdraft fees. 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). Since the initial transfer, the Panel has transferred numerous additional related cases, against other banks, to MDL No. 2036, including cases where a certain party has filed a motion to vacate. *E.g.*, *In re Checking Account Overdraft Litig.*, 659 F. Supp. 2d 1363 (J.P.M.L. 2009) (order transferring cases against SunTrust to MDL No. 2036); *In re Checking Account Overdraft Litig.*, 2009 WL 3460951 (J.P.M.L. Oct. 13, 2009) (order transferring case against BB&T over bank's objections and transferring case against Bank of America over the plaintiff's objections); *In re Checking Account Overdraft Litig.*, 2009 WL 3254021 (J.P.M.L. Oct. 7, 2009) (transferring five actions against Wells Fargo over objection of plaintiffs and rejecting request to create a Wells Fargo-only MDL); *also* **DE # 133** (J.P.M.L. order of Feb. 3, 2010 transferring cases against Regions Bank, M&T Bank, PNC Bank, and BB&T over banks' objections).

On April 8, 2011, Plaintiffs' Class Action Complaint was filed in the United States District Court for the Southern District of West Virginia. In similar fashion to the claims

brought in other bank overdraft cases already pending in MDL No. 2036, Plaintiffs allege, *inter alia,* that United Bank improperly assesses and collects excessive overdraft charges stemming from debit card transactions.  *See generally* **DE # 2031**.  In their Amended Complaint, Plaintiffs assert their claims on behalf of a national class against various United Bank entities including the parent United Bankshares, Inc, ("UBSI")[1] and allege:

> 10.    This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative Class members exceed $5 million, exclusive of interest and costs, and members of the putative class are residents of a different state than United Bank, notably residents of Virginia, Washington, DC, Maryland and Ohio, where United Bank has several branch offices, will be class members.

 [**DE # 2031**, ¶ 10].

On April 12, 2011, the Plaintiffs' Executive Committee in MDL No. 2036 filed a Notice of Potential Tag-Along Action, leading to the issuance of CTO-36.  *See* J.P.M.L. DE # 508.  On April 13, 2011, the Panel finalized CTO-36 and transferred this action to this Court, stating that this action "involve[s] questions of fact that are common to the actions previously transferred to

---

[1] UBSI is a named and key Defendant in this action.  According to UBSI's December 31, 2010 Form 10-K filed with the Securities Exchange Commission ("SEC"), USBI "operates one hundred and twelve (112) full service offices – fifty-three (53) offices located throughout West Virginia, fifty-six (56) offices in the Shenandoah Valley region of Virginia and the Northern Virginia, Maryland and Washington, D.C. metropolitan area and three (3) offices in southeastern Ohio."  *See* Causey Decl. ¶ 3; *also* Ex. A, p. 17 [**DE # 2330-1**].  UBSI further reports that it owns most of the office facilities where these banking operations are located, in addition to an operations center facility in Charleston, West Virginia, which apparently services all of these offices.   *Id.*   Indeed, according to its own website, "United Bankshares, Inc., with dual headquarters in Washington, DC and Charleston, WV, is a bank holding company with full service banking offices in West Virginia, Virginia, Washington, DC, Maryland, Ohio and Pennsylvania. United Bankshares stock is traded on the NASDAQ National Market System under the quotation symbol 'UBSI.'"  *See* http://usbi-inc.com.   The customers of these banking offices appear to be subject to nearly identical overdraft policies with the only exception being that Virginia, Maryland, and D.C. customers are charged a $37.50 overdraft fee and West Virginia and Ohio customers are charged a $36.00 fee. *See* Causey Decl. ¶ 7; *also* Exs. G and H [**DE # 2330-1**].

the Southern District of Florida and assigned to Judge King."  *See* J.P.M.L. DE # 509.  On April

21, 2011, the Order finalizing CTO-36 was filed with this Court.  *See* J.P.M.L. DE # 517.  Unlike

many other banks, United Bank did ***not*** file an opposition to transfer and, thus, acquiesced to its

inclusion in MDL No. 2036.

On September 12, 2011, this Court entered its Interim Scheduling Order re Fifth Tranche

Actions ("Scheduling Order") [**DE # 1861**], and this case against United Bank was assigned to

the Fifth Tranche.

On October 24, 2011, pursuant to the Scheduling Order, Plaintiffs filed their Amended

Class Action Complaint ("Amended Complaint").  On November 23, 2011, United Bank filed its

Rule 12(b)(1) Motion to Dismiss [**DE # 2162**] and in doing so purported to ignore more than half

of its banking operations by asserting that more than two-thirds of the putative class members

resided in West Virginia.  Plaintiffs thoroughly refuted Defendants' bases for dismissal.  [**DE #

2330**].  Now, more than a month after briefing concluded on that motion, United Bank has filed

its Motion for Remand on February 13, 2012 [**DE # 2471**].

## ARGUMENT

## I.   STANDARD FOR ENTRY OF SUGGESTION OF REMAND

The Panel has exclusive authority to remand an action to the transferor court.  *See* 28

U.S.C. § 1407(a).  Under Rule 7.6(c)(ii) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, a transferee district court may make a suggestion of remand to the MDL

Panel.  However, this "typically occurs when the transferee court has reached the completion of

consolidated pretrial proceedings."  *In re National Century Fin. Enters., Inc. Fin. Inv. Litig.*,

2004 WL 882456, at *2 (S.D. Ohio Nov. 18, 2004); *see also In re Integrated Resources, Inc.*,

1995 WL 234975, at *4 (S.D.N.Y. April 21, 1995) ("Remand is appropriate when the discreet

function performed by the transferee court has been completed.").  The MDL Panel "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings *only upon a showing of good cause*."  *In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978) (emphasis added).

"[A] party seeking remand to the transferor court has the burden of establishing that such remand is warranted."  *In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (citing *In re Holiday Magic Secs. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1997)).  Given that the power to remand a case lies solely with the Panel, "in determining whether to issue a suggestion for remand to the Panel [the transferee court is] guided by the standards for remand employed by the Panel."  *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001).  "The exercise of that discretion generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL."  *Id.* (citing *In re Air Crash Disaster*, 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)).  Accordingly, "remand is *inappropriate* when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and converse the resources of the parties, their counsel and the judiciary.'"  *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (citing 28 U.S.C. § 1407) (emphasis added).

In the instant case, common questions remain that tie this case with the other cases that have been transferred by the MDL Panel for inclusion in MDL No. 2036.  United Bank has not demonstrated that the very purpose and goals embodied by both the JPML statute and the JPML's transfer of this case to this Court have been fulfilled.  Considering the fact that pretrial proceedings have only just begun with the filing of the Rule 12(b)(1) Motion to Dismiss, the

Court should decline United Bank's premature and unsupported invitation to remand this case at this time.

## II.     THIS COURT SHOULD NOT ENTER A SUGGESTION OF REMAND

### A.     A Suggestion of Remand Is Not Warranted Given the Significant Similarities in the Conduct of United Bank and the Other Banks in the MDL.

The Panel established from the outset of MDL No. 2036 that centralization was warranted because "[a]ll actions share factual questions relating to the imposition of overdraft fees by various bank defendants on their customer's checking accounts in a manner to maximize these fees." 626 F. Supp. 2d at 1335. Furthermore, the Panel noted "[w]hile there will be some unique questions of fact from bank-to-bank, these actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket." *Id*. Ultimately, the Panel concluded:

> Transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-piece Rim Products Liability Litigation*, 464 F. Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

626 F. Supp. 2d at 1335. Thus, United Bank's argument that this case should be excluded because it is the first case against it tagged for inclusion in MDL No. 2036 is spurious. Under such a theory, nearly every bank in the MDL (which joined the MDL based on the transfer of one case against it), would have been subject to remand. Thus, United Bank has nothing unique to offer to support granting the Motion. Indeed, United Bank did not even see fit to attempt to be excluded when CTO-36 was issued.

The central factual question emphasized by the Panel in its initial Transfer Order – the imposition of overdraft fees by banks in a manner to maximize these fees – lies at the heart of Plaintiffs' complaint against United Bank.  *E.g.*, *Stillion* Amended Complaint, ¶ 9 ("Thus, it is through manipulation and alteration of customers' transaction records that United Bank maximizes overdraft penalties imposed on customers.").  Therefore, the benefits of centralization emphasized by the Panel are certainly applicable to this case.

In cases such as this one, where there is a central factual question at the heart of all the subject cases, the existence of ***some*** unique questions of fact between defendants has been insufficient to prevent centralization.  *E.g.*, *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1366-67 (J.P.M.L. 2007) (finding that the 12 actions and 21 potential tag-along actions against over 100 oil companies, distributors, and retailers all shared factual allegations relating to the sale of motor fuel at temperatures greater than 60 degrees Fahrenheit despite allegation of lack of identity between defendants); *In re Ephedra Products Liab. Litig.*, 314 F. Supp. 2d 1373, 1374-75 (J.P.M.L. 2004) (rejecting claims from 20-plus defendants regarding the existence of unique factual differences as to alleged side effects of ephedra-containing products); *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (rejecting various parties' requests for exclusion of certain claims or for creation of a separate multidistrict litigations).  Under the facts and circumstances of this case, the continued inclusion of this case in the MDL is appropriate.

This Court has previously denied the same motion by Susquehanna Bank, which was filed under nearly identical circumstances.  The Court held:

> At no time during or before inclusion in the MDL did Defendant oppose transfer or file a motion to vacate CT0-40.  The Motion to Remand thus raises arguments Defendant now asserts for the first time.  Since entry of the Panel's transfer order, nothing has changed that would indicate that consolidation and coordination of

this action with those currently pending in the MDL would not promote the just and efficient and consistent resolution of this and other assigned bnnk overdraft cases.

See Order dated December 9, 2011, pp. 1-2 [**DE # 2210**].   The Court should reach the same conclusion again.

> **B.    United Bank's Arguments Regarding the Efficiencies of Coordination with the Later-Filed State Court Action Are Specious Given Its Prior Position to the Contrary.**

United Bank states that there are at least two reasons why "*Stillion* [is] well-suited for remand to the West Virginia transferor court."  Motion for Remand, p. 8 [**DE # 2471**].  First, it says "remand would permit the West Virginia district court to coordinate the litigation of *Stillion* with the closely-related *Jones* action, which is pending in a West Virginia state court . . . ."  *Id.* at 8-9.  It is worth repeating that United Bank just a few months ago took the opposite position and in doing so identified the most glaring problem with its new argument.

> Second, to the extent the three-year requirement is meant to facilitate the consolidation of overlapping or parallel class actions, the purpose underlying this requirement cannot be realized here because the second class action is pending in a West Virginia state court and it is not removable.  *See* S. Rep. No. 109-14, at *32, *35 (2005).  Given that the second class action is pending in a state court, advances in efficiency or fairness simply cannot be achieved through consolidation of the actions. Moreover, because significant motions practice and discovery have already occurred in the second class action, any benefits that might be obtained through consolidation or coordination are limited at best.

See Rule 12(b)(1) Motion, p. 16.

United Bank's prior position is correct that "any benefits that might be obtained through consolidation or coordination [of these actions] are limited at best" and it should be estopped from contending otherwise.  Furthermore, United Bank fails to demonstrate that a West Virginia district court would be more successful than this Court in coordinating this action with the later-filed state court action.  Any such coordination could likely only be accomplished through an

agreement of all parties, and thus would not be based on judicial intervention.   If judicial understanding of overdraft cases and the efficiencies that can be gained in such litigation are the criteria for locating this case, then certainly there is no court in the land more appropriate than this Court.   There is simply no reason to suspect that educating a West Virginia federal court about the intricacies of MDL No. 2036 is advisable, when the wealth of knowledge already exists in Miami.

Moreover, be it federal or state court, *Stillion* is the first filed case against United Bank and is the only case asserting claims on behalf of a national class of customers.   The national class is comprised of not only those customers who are serviced by United Bank's 53 West Virginia branches but also the 59 branches located in Maryland, D.C., Virginia, and Ohio.   As such, this case is like many other cases involving regional banks in the MDL, some of which also have parallel state court actions pending.[2]

United Bank's argument that efficiencies will be lost if the case is included in MDL No. 2036 is further belied by the experience and efficiency with which the transferee court has handled the same issues that United Bank is likely to raise in the future.   Even assuming another court could benefit from this Court's rulings, it is this Court that is most adept in addressing the complex issues in this action with efficiency because it has likely heard similar arguments to those United Bank has made and will continue to make.   As stated by the United States District Court for the Southern District of New York when dealing with a similar argument for remand:

> [A] key principle of the multi-district scheme involves the accrual of judicial expertise.   It is a fundamental assumption of the multidistrict system that having only one court sort out the facts of complex and multi-faceted transactions and

---

[2] This Court is no stranger to dealing with subsequently filed state court actions and is uniquely positioned to protect the interests of the nationwide class.   *See* June 17, 2011 Order Setting Hearing on Motion to Enjoin Copy Cat Case (putative Arkansas class attempting to settle with Iberiabank on behalf of account holders nationwide) [**DE # 1635**].

occurrences which have given rise to many competing legal claims serves the goal of judicial economy.

*In re Integrated Resources, Inc.*, 1995 WL 234975, at *4 (S.D.N.Y. April 21, 1995) (citing *In re Holiday Magic Sec. and Antitrust Litig.*, 433 F. Supp. 1125, 1226 (J.P.M.L. 1977)).   The numerous cases in MDL No. 2036 have provided a roadmap for handling Plaintiffs' claims against United Bank.   "To remand them at this point would require another court to make its own way up this same learning curve, resulting in just that duplication of efforts that the multidistrict system is designed to avoid."   *In re Integrated Resources*, 1995 WL 234975, at *4.

Since the Panel has recognized a central factual question regarding the overdraft practices of the defendant banks and the industry as a whole, the risk of conflicting rulings on the motion to dismiss, the scope of discovery, class certification, and dispositive motions should be avoided. This is best done in the MDL setting.   As represented by the Panel's May 20, 2011 denial of Renasant Bank's and Sovereign Bank's motions to vacate conditional transfer orders, it is the litigants job to persuade the transferee judge that circumstances dictate a different outcome on substantive issues pertaining to the claims against the newly joined defendant banks.   *See* J.P.M.L. DE # 530, p. 2.   The mere fact that there is potential for conflicting rulings in a subsequently filed state court action is insufficient to differentiate this case, as such risk remains regardless of any amount of coordination by this Court or any other federal court.[3]

---

[3] Defendants cite *In re Air Crash Disaster at Florida Everglades*, 360 F. Supp. 1394 (J.P.M.L. 1973), and other local disaster cases from the 1970s in which cases were transferred to the federal court nearest an accident site.   This case bears no resemblance to a group of cases that stem from a single, local disaster.   *Stillion* is one of many cases filed to address a national banking practice that was copied by many banks and used to bilk millions of consumers, particularly disadvantaged consumers, out of substantial sums.   Since these are not disaster cases or other cases with a central forum, there is no better epicenter for the overdraft litigation than the Southern District of Florida.

**C.** **United Bank Is Not Entitled to an Order Limiting Discovery to Jurisdictional Issues and, Even If It Were, a Transfer Would Not Be Warranted.**

The second reason United Bank gives for remand is the notion that this Court should order limited jurisdictional discovery and that the transferring district court is somehow better suited to manage such jurisdictional discovery.

Plaintiffs submit that piecemeal discovery as proposed by the Defendants is unnecessary, inefficient, and likely to result in duplicative effort by the parties and the Court. In fact, this Court has previously denied an unopposed request of a plaintiff in this MDL to pursue limited jurisdictional discovery for these reasons. *See* February 28, 2011 Order (denying similar unopposed motion) [**DE # 1214**]. Furthermore, as signaled by this remand motion, Defendants have failed to meet their burden of proving that an exception to CAFA jurisdiction applies and there is no indication in the record that they will be able to do so when United Bank's customers, including those in Maryland, D.C., Virginia, and Ohio, are identified and counted. Accordingly, the Court should deny the request for limited jurisdictional discovery and simply revisit the issue at either the class certification or summary judgment stage. *See* April 1, 2011 Order, pp. 5-6 (denying Associated Bank's Rule 12(b)(1) motion to dismiss but allowing it to re-raise the issue at a later stage) [**DE # 1323**].

The remainder of United Bank's brief is, in essence, a venue argument – precisely the type of argument that is inappropriate in the MDL context. *See In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue."); *In re Aviation Prods. Liab. Litig.*, 347 F. Supp. 1401, 1404 (J.P.M.L. 1972) (stating succinctly, that "venue is not a criterion in deciding the propriety of transfer under Section 1407"); *In re Private Sec. Actions*

*Involving Revenue Props. Co.*, 309 F. Supp. 1002, 1004 (J.P.M.L. 1972) (holding that "venue is not particularly relevant to the selection of a transferee forum under section 1407").

Ultimately, United Bank is no doubt seeking to be excluded, as other banks before it, based on its desire to relitigate rulings of this Court which it deems supportive of Plaintiffs' claims.  This Court should reject United Bank's attempt to forum shop, especially since it failed to challenge the initial transfer when this case was tagged for inclusion.

As the Panel held previously:

> [t]he MDL No. 2036 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation.  Opponents' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge.

626 F. Supp. 2d at 1335.  Any concerns about efficiency can be raised by United Bank before this Court.

Moreover, there are mechanisms in place to alleviate any potential inconvenience to United Bank.  As the Panel noted in *In re Investors Funding Corp. of New York Securities Litigation*, 437 F. Supp. 1199, 1203 (J.P.M.L. 1977):

> [W]e note that transfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. For example, depositions of witnesses may still occur where they reside, *see* Fed.R.Civ.P. 45(d)(2), and of course any party may request an order from the transferee court that its documents be inspected at its offices or at another convenient location in or near the city in which it is located, *see* Manual for Complex Litigation, Part I, § 2.50 (rev. ed. 1973).

*See also In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 549 (J.P.M.L. 1977) (same).  Thus, any concerns regarding the convenience of witnesses and the location of documents provide no basis for excluding this case from MDL No. 2036.

The Panel was well aware when ordering centralization, and continuing to transfer cases over other banks' objections, that this MDL would involve cases without overlapping defendants and that some banks were not sued by multiple plaintiffs or were sued but in state court. The purpose behind the MDL was to centralize cases with similar issues. The MDL continues to work well under the watchful eye of this Court and there is no need to depart from protocol for this case.

Even if there was some allegation of inconvenience, it would fail under the present facts. With electronic discovery; the ease of filing documents into the MDL; the fact that third party witnesses and parties will likely be deposed at convenient locales; and the presence of two international airports located close to this Court, the inconvenience argument for any party is unpersuasive.

Dozens of banks in this MDL are headquartered throughout the United States that are currently defending their cases in Miami based on the Panel's rejection of inconvenience arguments. It would be inconsistent for the Court to exclude this case given the precedent set in the MDL, as United Bank has offered nothing that factually suggests a different outcome. Counsel for United Bank is in Charleston, West Virginia, the capital of West Virginia, which can be reached on multiple airlines each day from South Florida.

Witnesses will not be inconvenienced by the discovery process. If depositions are to be taken, they will likely be done in one of the states where United Bank does business or D.C. If United Bank is required to answer written discovery, it need not travel to the Southern District of Florida to complete that discovery.

**D.      Remand Would Be Inappropriate at This Stage of the Proceedings Because Pretrial Proceedings Have Not Been Completed.**

28 U.S.C. § 1407(a) expressly provides that transferred actions "shall be remanded by the panel *at or before the conclusion of such proceedings* to the district from which it was transferred unless it shall have been previously terminated."  The legislative history of § 1407(a) also confirms Congress's intent to have "transferred cases [] remanded to the originating district at the close of coordinated pretrial proceedings."  *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39-40 (1998) (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess. (1968) at 3-4).

The primary purpose behind the Panel's initial transfer of the *In re Checking Account Overdraft Litigation* cases to this Court for coordinated or consolidated pretrial proceedings was to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  *See* J.P.M.L. DE # 20, p. 2.  As stated by the Panel, "[c]entralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judicial."  *Id.*  "Pretrial proceedings" include motions to dismiss, motions for class certification, and discovery, and "pretrial proceedings" are not concluded until at least an MDL transferee court has ruled upon or overseen such events.  *In re Joann Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000) (quoting Charles Alan Wright, Arthur R. Miller, Edward H. Cooper*, Federal Practice and Proc.* § 3866 to state "'Interpreted literally, the transferee court appears to have control over all proceedings prior to trial,' including discovery motions, motions to amend, to dismiss, for summary judgment, and to determine class certification.").

As United Bank readily concedes, it only recently filed its Motion to Dismiss, no class certification motion has been filed, and no discovery specific to this case has taken place.  "A

transferee judge under Section 1407 has the responsibility for all pretrial proceedings in litigation assigned to him." *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1404 (J.P.M.L. 1972). Thus, the Panel "remand[s] an action prior to the completion of pretrial proceedings only upon a showing of good cause." *Id.* at 1405. United Bank has failed to make such a showing, especially in light of its pending motion to dismiss which, as argued above, contradicts this Motion for Remand. Further, given the striking similarities between this action and the others pending in the MDL, United Bank has failed to demonstrate how the discovery in this action will be "case-specific" as opposed to common "core" discovery.

Finally, United Bank, citing *Creative Homes Accents, LLC v. Fifth Third Bancorp*, Case No. 3:11-CV-01421-JGC (N.D. Ohio 2011), notes the transferor court would be guided by the rulings made by this Court and that the advantages and efficiencies of this Court's efforts may be enjoyed indirectly. Nevertheless, United Bank will undoubtedly do anything it can to persuade the transferor judge to disagree with the many useful rulings that have been such an integral part of the efficiency of the MDL. Further, the continued inclusion of this action in the MDL will not overly burden this Court, as United Bank suggests. As this Court is well aware, several settlements of actions in the MDL have recently been announced and numerous other cases are on appeal, the effect of which is to remove some of the burden from the Court.

## III.   CONCLUSION

United Bank has failed to provide this Court with good cause to suggest remand to the Panel. Accordingly, Plaintiffs respectfully request that the Motion for Remand be denied.

DATED:  February 29, 2011.

Respectfully Submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**

**MDL No. 2036**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 29, 2012, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel:  305-442-8666
Fax:  305-779-9596