# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Dasher v. RBC Bank (USA)*
S.D. Fla. Case No. 1:10-cv-22190-JLK

*Avery v. RBC Bank (USA)*
E.D.N.C., Case No. 5:10-329

**PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION OF RBC BANK (USA)
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE pursuant to Federal Rules 26 and 30(b)(6), Michael Dasher and Stephanie Avery ("Plaintiffs") on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, will take the depositions upon oral examination of Defendant RBC Bank (USA) ("RBC Bank" or "Defendant") on **Monday, March 5, 2012 beginning at 9:00 a.m.** and continuing thereafter from hour to hour and from day to day until complete. The location of the deposition shall be at the offices of Defendant's counsel, **Ackerman Senterfitt, One S.E. Third Avenue, Suite 2500, Miami, Florida 33131**. The depositions will be taken for the purposes of discovery relating to arbitration to be used as evidence in connection with Plaintiff's response to Defendant's Motion to Compel Arbitration, the preservation of testimony, and all other purposes authorized by law and will be recorded by a certified court reporter, who will record the deposition by means of stenographic, audio, and/or video recordings.

10849-014/00108086_1

Defendant is hereby notified of its duty to designate and produce for deposition one or more (if necessary) of its officers, directors, managing agents, representatives, employees, or other persons who are most knowledgeable about and who consent to testify as a corporate designee on its behalf as to all matters known or reasonably available to Defendant on each topic listed below.

PLEASE TAKE FURTHER NOTICE that each designee produced to so testify has an affirmative duty to have first reviewed all documents, reports, and other matters known or reasonably available to RBC Bank, along with familiarizing themselves with all potential witnesses known or reasonably available (not just current employees) to provide informed, binding answers at the depositions. Plaintiffs request that RBC Bank provide notice of the names of the individuals to be produced for deposition *at least by 5:00 p.m. on Thursday, March 1, 2012*, and set forth the matters on which each person will testify.

PLEASE TAKE FURTHER NOTICE that, the depositions will be taken in accordance with, and for all purposes permissible under, the Federal Rules of Civil Procedure.

**I.      RELEVANT TIME PERIOD**

Unless otherwise stated, the relevant time period is January 1, 2003 to the present ("Relevant Time Period") and shall include all documents and information that relate to such a period even though prepared or published outside of the Relevant Time Period.

**II.     DEFINITIONS**

In addition to the terms specifically defined in Plaintiff's First Set of Interrogatories and First Requests for Production, the following definitions apply for purposes of this notice:

A. "You" or "your" means Defendant and any of its parents, subsidiaries, divisions, subdivisions, affiliates, and predecessors, as well as current or former officers, directors, employees, representatives, or agents, including attorneys and accountants.

B. "Arbitration Provision" means an arbitration provision where RBC Bank may unilaterally require its customer to arbitrate disputes relating to that customer's RBC Bank account.

C. "Account Documents" means all versions of any documents that Defendant claims or claimed to have governed or related to any arbitration provision for its non-business customer deposit accounts.

D. "Predecessor Bank" means any bank that RBC Bank acquired during the relevant time frame.

## III. TOPICS

1. Your policies, practices, and procedures with respect to arbitration of disputes with non-business customers, including without limitation, modifications or changes thereto during the relevant time frame; and your efforts to notify customers of any such changes.

2. Documents provided to, and communications with, your non-business customers – including Plaintiffs and other putative class members – concerning your policies, practices, and procedures regarding arbitration and any modifications thereto.

3. Your decision to adopt an Arbitration Provision in your customer Account Documents, and your efforts to enforce same.

4. Your decision to amend any Predecessor Bank documents to include an Arbitration Provision for disputes with non-business customers.

5. Your efforts to notify existing customers of any Predecessor Bank about your amending any customer agreements, as they existed at the Predecessor Bank prior to your acquisition, to include an Arbitration Provision for disputes with non-business customers.

6. All documents or agreements between a Predecessor Bank and its customers that pre-dated your acquisition of the Predecessor Bank.

7. All Account Documents with customers that RBC Bank implemented at any Predecessor Bank after RBC Bank acquired the Predecessor Bank.

8. Any analysis or evaluation, whether undertaken by you or a third party, relating to:

    (a) The financial benefits of arbitration of non-business customer disputes; and

    (b) The circumstances in which arbitration was preferable to other methods of resolving disputes relating to non-business customer accounts.

9. Any studies or other analysis undertaken by you or a third party, concerning the readability of your Arbitration Provision for non-business customers, and non-business customers' ability to understand such an Arbitration Provision.

10. Any analysis or evaluation performed by you or a third party, regarding inconsistencies or variations relating to arbitration contained in any of your Account Documents in effect at a given time, and your efforts to revise all Account Documents so they included a uniform Arbitration Provision.

11. The persons involved in your decision to include an Arbitration Provision in any version of your Account Documents, and their detailed roles in same.

12. Your public statements regarding your arbitration policies and changes to same.

13. All meetings, conference calls, documents, and written or verbal communications with any other bank or issuer of credit cards regarding the arbitration of customer disputes.

14. Your methods of tracking legal expenses for actions where you have used outside counsel to represent RBC Bank in actions in which the dispute between you and a customer is less than $10,000.

15. All instances in which you sought to collect attorney's fees from a non-business customer – either in arbitration or civil court proceedings.

16. The nine actions involving consumer accounts instituted since 2008 referenced in response to interrogatory 1 of the arbitration-related interrogatories served in this lawsuit.

17. Complaints made to RBC Bank by non-business customers concerning overdraft fee related issues.

18. RBC Bank's policies and procedures for logging non-business customer complaints in a call log or otherwise.

19. The matters addressed in the two affidavits of Sonia C. Bauer filed as exhibits to RBC's Reply in Support of Defendant RBC Bank (USA)'s Renewed Motion to Compel Arbitration and Dismiss or Stay Cases [DE 2092].

This deposition pursuant to Fed. R. Civ. P. 30(b)(6) is subject to continuance or rescheduling from time to time or place to place until completed.

Dated:  February 27, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

C ASE N O. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2012, I served the Second Amended Notice of Deposition of Defendant RBC Bank (USA) pursuant to Fed. R. Civ. P. 36(b)(6), by electronic mail on the following:

Christopher S. Carver, Esq.
Stacy J. Harrison, Esq.
AKERMAN SENTERFITT
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Tel.: 305-374-5600
Fax: 305-374-5095

Virginia B. Townes
AKERMAN SENTERFITT
420 South Orange Avenue
Post Office Box 231
Orlando, FL 32802-0231
Tel.: 407-423-4000
Fax: 407-843-6610

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596