# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION**

**MDL No. 2036**

**THIS DOCUMENT RELATES TO:**
**FOURTH TRANCHE ACTION**

*Shane Swift v. BancorpSouth, Inc.,*
N.D. Fla. Case No. 1:10-cv-00090-SPM
S.D. Fla. Case No. 1:10-cv-23872-JLK

## DECLARATION OF PLAINTIFF'S COUNSEL JEFFREY M. OSTROW

1. I, Jeffrey M. Ostrow, am counsel for Plaintiff, Shane Swift, in the above-captioned action pending in MDL 2036 ("*Swift*").

2. I filed the *Swift* action on May 19, 2010 in the Northern District of Florida. The case has been litigated before this Court since it was transferred to MDL 2036 on October 20, 2010.

3. This case has been continuously litigated for the past 18 months. BancorpSouth filed multiple motions, including a motion to vacate the Judicial Panel on Multidistrict Litigation's Conditional Transfer Order, multiple motions to dismiss, including a motion for lack of subject matter based upon *Cappuccitti v. Direct TV*, No. 09-14107 (11th Cir. October 15, 2010), and, among other court filings. BancorpSouth has also taken and defended depositions, answered written discovery, produced over 100,000 pages of documents, opposed Plaintiff's motion for class certification (which is fully briefed as of March 20, 2012), and recently moved to strike the declaration of Plaintiff's expert.

4. My law firm and the other plaintiffs' firms working on this case have collectively devoted thousands of hours of time, and advanced tens of thousands of dollars in litigation costs, to the prosecution of this case.

5. On March 27, 2012, at approximately 3:00 p.m. EDT, BancorpSouth's counsel, Eric J. Taylor and William J. Holley, called me to advise that they had negotiated a class action settlement in a case pending in the Western District of Arkansas that purportedly subsumes the claims asserted on behalf of the proposed class in *Swift*.

6. Messrs. Taylor and Holley further advised that, on March 26, 2012, the settlement had been preliminarily approved by the Honorable Robert T. Dawson in the Western District of Arkansas, in *Thomas, et al. v. Bancorpsouth Bank, et al.*, Case No. 1:12-cv-1016-RTD ("*Thomas*").

7. Messrs. Taylor and Holley further advised that they would be filing a Motion to Stay with this Court pending final approval of the *Thomas* settlement.

8. In response, I requested that they provide copies of the settlement documents and preliminary approval papers filed in *Thomas*. Mr. Holley declined, responding that "they are in the public record."

9. Prior to this March 27 call, Plaintiff's counsel were unaware of any other overdraft-fee-related class action suits pending against BancorpSouth, and had no reason to suspect that any such suits existed.

10. Moreover, just two days earlier, on March 25, 2012, in e-mail communications concerning ongoing discovery matters, BancorpSouth's counsel failed to disclose any other pending litigation, let alone a settlement, and instead requested to schedule certain depositions in this case for late April 2012, because of purported scheduling conflicts. BancorpSouth's counsel

indicated that he wanted to delay the depositions in order to focus attention on preparing and filing a reply in support of a *Daubert* motion challenging Plaintiff's expert.

11. Following the filing of BancorpSouth's Motion to Stay, my review of PACER and Arkansas public records revealed that on August 2, 2011 – nearly 18 months after *Swift* was filed – one of the named plaintiffs in *Thomas*, Billy Lawson, Jr., filed a state court action in Arkansas state court styled *Billy D. Lawson, Jr. v. Bancorpsouth, Inc., et al.*; Case No.: CV-11-426I (21st Judicial District, Crawford County, Ark.) ("*Lawson*"), alleging nearly identical claims to those asserted in *Swift*. On September 9, 2011 – approximately six months ago – *Lawson* was voluntarily dismissed.

12. In *Swift*, on May 23, 2011, Plaintiff propounded discovery on BancorpSouth, including a Request for Production of Documents, Interrogatories, and Request for Admissions. Request for Production No. 60 asked BancorpSouth to: "Produce all documents by any party or non-party in any other litigation (outside of this multi-district litigation) brought by any current or former customer(s) challenging your overdraft fee policies and/or practices" ("RFP 60"). On June 27, 2011, in its response, BancorpSouth denied the existence of any such litigation. Thereafter, pursuant to Federal Rules of Civil Procedure 26(e), BancorpSouth had a continuing obligation to supplement its responses to all discovery, including its response to RFP 60. Nevertheless, until the telephone call informing me of the *Thomas* preliminary approval, BancorpSouth never told me, or any other lawyer working on this case, of the existence of *Lawson*, or that it had been filed in state court, voluntarily dismissed, and then re-filed as *Thomas* in the Western District of Arkansas.

13. Over the past few months, when BancorpSouth was supposed to be reviewing documents and sending rolling productions of documents to Plaintiff's counsel for review,

3

BancorpSouth's counsel represented to Plaintiff's counsel that it was becoming too expensive for Bancorpsouth to have its counsel review the documents prior to production. Bancorpsouth's counsel asked Plaintiff's counsel to first review documents on a shared electronic database and tag the documents of interest, after which BancorpSouth's counsel would then review those documents in order to determine whether they should be produced. As an accommodation to BancorpSouth and its counsel, and because BancorpSouth's prior delays in delivering documents were compromising Plaintiff's ability to properly and timely prepare its Motion for Class Certification, Plaintiff's counsel dedicated several coders for many weeks, spending hundreds of hours and tens of thousands of dollars to review BancorpSouth's documents.

14. Based on the foregoing, I believe that BancorpSouth intentionally concealed the existence of *Lawson* and *Thomas* from the Court and Plaintiff's Counsel in this Case, delayed discovery in *Swift*, and shifted the financial burden of this litigation onto the Plaintiff and Plaintiff' counsel so that it could settle the *Thomas* action without having to incur any further expenses in *Swift*.

15. On March 29, 2012, at 2:30pm EDT, I, along with Robert C. Gilbert, met and conferred by telephone with Messrs. Taylor and Holley, in connection with our response to Bancorpsouth's Motion to Stay and our Motion to Enjoin Copycat Case Under the All Writs Act. During the conference, Mr. Gilbert specifically asked Messrs. Taylor and Holley three things: (1) whether they would tell us anything about the background and provide details surrounding the negotiation of the *Thomas* settlement; (2) whether they would agree to transfer *Thomas* to this Court for further proceedings; and (3) whether they would agree to enjoin any further prosecution of *Thomas* in the Western District of Arkansas. In response, Mr. Gilbert and I were told that they would not share any details in connection with the settlement, other than what was

filed in the Western District of Arkansas and in this Court; that they would not agree and in fact would oppose transfer of *Thomas* to this Court on the grounds that the court in Arkansas has jurisdiction; and that they would not agree to enjoin further proceedings of *Thomas* in the Western District of Arkansas, and would oppose a motion on the grounds this Court has no jurisdiction to do so.

    I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Fort Lauderdale, Florida on March 29, 2012.

                                          /s/   Jeffrey M. Ostrow
                                         JEFFREY M. OSTROW