# EXHIBIT G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 26 2012
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

MELVIN L. THOMAS III, and BILLY )
D. LAWSON, JR. on Behalf of )
Themselves and All Others Similarly )
Situated, )
)
    Plaintiff, )
) Case No. 1:12-CV-1016
)
v. )
)
BANCORPSOUTH BANK and )
BANCORPSOUTH, INC., )
)
    Defendant. )
_____)

## ORDER GRANTING THE UNOPPOSED MOTION AND ORDERING CLASS CERTIFICATION, PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE NOTICE PLAN, AND SCHEDULING A DATE FOR A FINAL FAIRNESS HEARING

This matter coming to be heard on the Unopposed Motion and Request for Hearing and the Brief in Support of Unopposed Motion and Request for Hearing and Requesting Class Certification, Preliminary Approval of the Class Action Settlement, Approval of the Notice Plan and Scheduling a Date for a Final Fairness Hearing filed by Melvin L. Thomas III and Billy D. Lawson, Jr. as representatives of a defined class of persons ("Settlement Class Members") requesting that the Court enter an Order: (1) finding that the Settlement Agreement and Release (the "Settlement Agreement"), which was filed with the Court on 23rd March, 2012, is within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class Members; (2) approving the Notice Plan; (3) appointing Hilsoft Notifications as the Notice Administrator; (4) appointing Epiq Systems, Inc. as Claims Administrator; (5) certifying, pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Settlement Class for settlement purposes only; (6) appointing Scott E. Poynter, Christopher D. Jennings, William T.

Crowder, Corey D. McGaha, Emerson Poynter LLP, 500 President Clinton Ave., Suite 305, Little Rock, Arkansas 72201 and John G. Emerson, Emerson Poynter LLP, 830 Apollo Lane, Houston, Texas 77058 as Class Counsel; and (7) scheduling a Final Fairness Hearing to consider final approval of the Settlement not more than 100 days from the date of this Order.

Having reviewed and considered the Settlement Agreement, the motion and memorandum in support of preliminary approval of the Settlement, and having heard and considered the arguments of counsel for the parties to this civil action, the Court makes the findings and grants the relief set forth below, certifying the class, preliminarily approving the Settlement Agreement, and approving the Notice Plan upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

## NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Having made the findings set forth below, the Court hereby certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The certified Settlement Class is defined as:

> All Persons in the United States who currently have or in the past had a BancorpSouth Account on which at least one NSF Fee or OD Fee was charged and collected during the Class Period.

> Excluded from the Settlement Class are: (1) the trial judge and his or her spouse, parents, siblings, or children; (2) any Person with an interest in a BancorpSouth Account that is the subject of an active lawsuit against BancorpSouth or any parent, subsidiary, affiliate, or sister company of BancorpSouth, or any officers or directors of BancorpSouth, in any court that makes allegations that are included or similar to the allegations made in the Action; and (3) any Person deemed by the Court to have properly requested to be excluded from the Settlement.

The Court has been made aware of pending multi-district litigation against BancorpSouth that appears to include at least one Person excluded from the Settlement Class as defined above.

The case is styled: *Shane Swift on behalf of himself and all other persons similarly situated v. BancorpSouth Inc.*, S.D. Fl. Case No. 1:10-cv-23872-JLK. The Court understands that no class has been certified to date in the Swift litigation.

As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issues of claims, defenses, class certification or any other issue.

2. The Settlement Class is so numerous that joinder of all members is impracticable.

3. The Court finds, based on the terms of the Settlement described in the Settlement Agreement, that:

    a. There are questions of law and fact common to the Settlement Class Members;

    b. The claims of Plaintiffs are typical of the claims of members of the Settlement Class Members;

    c. Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between Plaintiffs and members of the Settlement Class;

    d. Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

e. Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

4. Accordingly, the Court hereby certifies the Settlement Class, for Settlement purposes only, pursuant to Fed. R. Civ. P. 23.

5. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of fair, reasonable, and adequate, within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

6. The Court appoints Scott E. Poynter, Christopher D. Jennings, William T. Crowder, and Corey D. McGaha, Emerson Poynter LLP, 500 President Clinton Ave., Suite 305, Little Rock, Arkansas 72201 and John G. Emerson, Emerson Poynter LLP, 830 Apollo Lane, Houston, Texas 77058 as Class Counsel.

7. Melvin L. Thomas III and Billy D. Lawson, Jr. are appointed as Representative Plaintiffs.

8. A hearing (the "Final Fairness Hearing") shall be held before this Court on _July 30th 2012 at 10:00am_ in Courtroom _____ of the United States District Court for the Western District of Arkansas, El Dorado Division to determine: (a) whether the Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment, as provided for in the Settlement Agreement, should be entered granting final approval of the Settlement; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiffs' incentive awards should be paid. The Court may postpone, adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

9. The Court approves as to form and content the Notice Plan.

10. The Court approves and appoints Hilsoft Notifications as Notice Administrator and Epiq Systems, Inc. as Claims Administrator, as set forth in the Settlement Agreement.

11. Hilsoft Notifications, Epiq Systems, Inc., and Class Counsel specifically shall proceed as soon as practicable, as ordered to take all steps required to provide notice consistent with the Notice Plan and the Settlement Agreement.

13. The Court finds that compliance with the Notice Plan is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

14. Prior to the Final Fairness Hearing, the Settling Parties shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with the Notice Plan.

15. To be excluded from the Settlement, a Settlement Class Member must individually sign and timely submit written notice of such intent to the designated Post Office Box established for such purpose. The written notice must refer to *Thomas and Lawson, et. al. v. BancorpSouth Bank* and must list the account number(s) of the Settlement Class Member's BancorpSouth Account(s) for which he or she is opting out. In addition, the written notice must include, for each account listed: (1) the full names and current addresses of everyone whose name is on the account; (2) a statement that each Person whose name is on the account satisfies the criteria set forth in Paragraph C(1) of the Settlement Agreement to be a Class Member; (3) a statement of intention to exclude each Person whose name is on, or otherwise has an interest in, the account from the Settlement Class; and (4) the signature of each Person whose name is on, or otherwise has an interest in, the account. To be effective, written notice must be postmarked at

least twenty-one (21) days prior to the date as set by the Court in the Notice for the Final Fairness Hearing.

16. All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment entered thereon, and all Orders entered by the Court in connection with the Settlement set forth in the Settlement Agreement. All persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

17. Settlement Class Members who qualify for and wish to submit a claim for any benefit under the Settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement. Any Settlement Class Member who qualifies for any benefit under the Settlement as to which a Claim Form must be submitted but who fails to submit a timely Claim Form in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, and the releases contained therein.

18. To object to the Settlement, a Settlement Class Member must timely file a written statement of objection with the Court. The written statement of objection must set forth:

    a. The title of the Action;

    b. The objector's full name, address, telephone number and BancorpSouth Account number;

    c. An explanation of the basis upon which the objector claims to be a Settlement Class Member;

  d. All grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

  e. The identity of all counsel representing the objector, if any;

  f. The identity of all counsel representing the objector, if any, who will appear at the Final Fairness Hearing;

  g. A list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection;

  h. A statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing;

  i. The objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representations).

19. The Parties may take the deposition of any person filing an objection to the Settlement before the Final Fairness Hearing pursuant to the Federal Rules of Civil Procedure and this Order. To be timely, a written statement of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Western District of Arkansas, El Dorado Division, twenty-one (21) days prior to the date set in the Notice for Final Fairness Hearing, and also served on Class Counsel, Scott Poynter, Esq., 500 President Clinton Avenue, Suite 305, Little Rock, AR 72201 and counsel for Defendant, Eric Jon Taylor, Esq., Parker, Hudson, Rainer & Dobbs, LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, N.E., Atlanta, GA 30303. All discovery and pretrial proceedings in this litigation, other than confirmatory discovery as specifically provided for in the Settlement Agreement, are stayed and suspended until further order of the Court.

20. Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

21. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of BancorpSouth; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of BancorpSouth, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

22. In the event the Court does not grant final approval of the Settlement Agreement or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, the Settling Parties shall be restored to their respective positions in the litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

23. The Parties and their counsel are directed to immediately take such steps necessary to comply with the terms of this Order.

SO ORDERED this 26th day of March, 2012.

_____
Honorable Robert T. Dawson
United States District Court Judge
Western District of Arkansas