UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL NO. 2036
*Fourth Tranche*

THIS DOCUMENT RELATES TO:

*Simmons v. Comerica Bank*
N.D. Tex. Case No. 10-cv-326
S.D. Fla. Case No. 1:10-cv-22958

REPLY IN SUPPORT OF COMERICA BANK'S MOTION TO DEFER
CONSIDERATION OF CLASS CERTIFICATION PENDING RESOLUTION
OF COMERICA BANK'S MOTION FOR SUMMARY JUDGMENT

**Kenneth C. Johnston**
Texas Bar No. 00792608
**James B. Greer**
Texas Bar No. 24014739

**KANE RUSSELL COLEMAN & LOGAN PC**

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200
(214) 777-4299 (Facsimile)

**ATTORNEYS FOR COMERICA BANK**

# I.
## PRELIMINARY STATEMENT

This Court should rule on Comerica Bank's Motion for Summary Judgment (the "Motion") before considering Plaintiffs' Motion for Class Certification for three reasons.

First, the "law of the case" doctrine does not bind the Court on summary judgment.

Second, Federal circuit courts of appeal increasingly endorse scrutiny of the merits of disputes in determining the propriety of class certification. This approach complies with the Supreme Court's directives in *Wal-Mart Stores, Inc. v. Dukes.* Under *Dukes*, this Court must probe behind the pleadings and conduct a "rigorous analysis" of the class certification issues in each Fourth Tranche case. Accordingly, due consideration of Comerica Bank's Motion will not unnecessarily disrupt the efficient management of this Court's Fourth Tranche Scheduling Order.

Third, in light of the developed evidentiary record, consideration of Comerica Bank's Motion before class certification promotes judicial economy and will preserve time and resources for both the Court and the parties.

# II.
## ARGUMENT

### A.  THE "LAW OF THE CASE" DOCTRINE DOES NOT BIND THE COURT ON SUMMARY JUDGMENT

In their Opposition to Comerica Bank's Motion for Summary Judgment (the "Opposition"), the Plaintiffs contend that the "law of the case" doctrine bars re-litigation of the issues raised in the Motion or assessment of the inconvenient "new" facts that Comerica Bank developed in discovery.[1] However, federal courts uniformly hold that a ruling on a motion to dismiss "is not binding as law of the case on summary judgment."[2] Courts uphold this principle because the legally relevant factors

---

[1] *See* Opposition at 8.

[2] *See, e.g., Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288–89 (11th Cir. 2000). *See also See McKenzie v. BellSouth Telecommunications, Inc.,* 219 F.3d 508, 512, n. 3 (6th Cir. 2000) (recognizing new or "different" evidence as a reason not to apply the "law of the case" doctrine); *Perez-Ruiz v. Crespo-Guillen,* 25 F. 3d 40, 42 (1st Cir. 1994) (noting that interlocutory orders, such as the denial of a motion to dismiss, do not necessarily establish the "law of the case"); *Tse v. Ventana Medical Systems, Inc.,* 123 F. Supp. 2d 213, 222 (D. Del. 2000) (recognizing that the "law of the case" doctrine does not preclude a grant of summary judgment in favor of a defendant whose motion to dismiss has previously been denied); *McIntyre v. Philadelphia Suburban Corp.,* 90 F. Supp. 2d 596, 603, n. 5 (E.D. Pa. 2000) (same); *Conopco, Inc. v. McCreadie,* 826 F. Supp. 855, 867, n. 5 (D.N.J. 1993) (observing that

COMERICA BANK'S REPLY IN SUPPORT OF MOTION TO
DEFER CONSIDERATION OF CLASS CERTIFICATION PENDING
RESOLUTION OF COMERICA BANK'S MOTION FOR SUMMARY JUDGMENT
1716597.2

Page 2

for deciding an issue of law are different at summary judgment versus the motion to dismiss stage. For instance, the "legally relevant principles" at a motion to dismiss stage involve consideration of a defendant's conduct alleged in a complaint.[3] At summary judgment the court must look to the *evidence* presented by the parties.

The "law of the case" doctrine merely guides the Court's exercise of discretion. "This is especially true for a motion for summary judgment, which is filed on the basis of a developed record, and serves a different function than a motion to dismiss, which is filed before the commencement of discovery."[4] Therefore, where the parties present evidence or amend pleadings after a motion to dismiss, reconsideration of issues previously addressed on a motion to dismiss will not establish the "law of the case."[5]

By Plaintiffs' own admission, Comerica Bank's Motion presents new facts not before the Court in the context of its prior motion to dismiss.[6] Therefore, the "law of the case" doctrine in no way constrains this Court's authority to determine Comerica Bank's entitlement to summary judgment.

B. **THIS COURT SHOULD FIRST SCRUTINIZE THE MERITS OF THE PARTIES' DISPUTE IN DETERMINING THE PROPRIETY OF CLASS CERTIFICATION**

1. **Scrutiny of the Merits is Appropriate Under Applicable Law**

In most cases, district courts appropriately determine the propriety of class certification prior to ruling on the merits. In fact, Rule 23 expressly states: "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it

---

the "law of the case" doctrine is inapplicable where evidence that was not available at the time of the denial of a motion to dismiss becomes available at the summary judgment stage).

[3] *See id.* ("At that earlier [motion to dismiss] stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings and the court looks to the evidence before it . . .").

[4] *Behrens v. Pelletier,* 516 U.S. 299, 305–313 (1996).

[5] *See Oladeinde*, 230 F.3d at 1288 (holding that "because the complaint did not contain all of the relevant facts that were introduced both at summary judgment and at trial, this court's first opinion affirming the denial of qualified immunity did not establish the law of the case"); *see also Behrens*, 516 U.S. at 309.

[6] *See*, *e.g.*, Opposition at 1 ("The new 'facts' presented by Comerica do not change this conclusion.").

is to be so maintained."[7] However, case law recognizes that if "as soon as practicable" occurs after a case is already "ripe for summary judgment" the district court may consider a motion for summary judgment prior to a motion for class certification.[8]

The Supreme Court expanded this concept in *Dukes*. There the Court held that a district court's "rigorous analysis" of class certification issues may include scrutiny of the merits where these issues overlap:

> "Sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied . . . .'"[9] "Frequently, that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."[10]

Even before *Dukes*, numerous federal circuit courts of appeal endorsed scrutiny of the merits of disputes at the class certification stage.[11] This authority accords with the Supreme Court's trilogy of summary judgment cases[12] and with the Supreme Court's more recent pleading decisions in *Twombly*[13] and *Iqbal*.[14] In fact, Rule 56 of the Federal Rules of Civil Procedure expressly states: "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."[15] Although this language does not define the timeframe within which the trial court must *rule* on such a motion for

---

[7] *Chavez v. Illinois State Police*, 251 F.3d 612, 629–30 (7th Cir. 2001).

[8] *See id.*

[9] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011), citing *Gen. Tele. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

[10] *See id.*

[11] *See In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 26 (2d Cir. 2006); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004); *Oscar Private Equity Inv. v. Allegiance Telecom., Inc.*, 487 F.3d 261, 265 (5th Cir. 2007); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008)(clarifying the requirements of the "rigorous analysis" standard for class certification; requiring that class proponents prove class certification requirements by a preponderance of the evidence, and that courts resolve all disputed issues of fact in order to certify a class).

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[15] Fed.R.Civ.P. 56(b).

summary judgment, the words "at any time" allow a party to bring such a motion prior to class certification. Therefore, this Court should scrutinize the merits of the parties' dispute in determining class certification.

Because the Court must consider the merits and conduct a "rigorous analysis" of class certification issues, considering Comerica Bank's Motion will not unnecessarily disturb the Court's Fourth Tranche Scheduling Order. The Court must nevertheless conduct "a rigorous [Rule 23(a)] analysis" in each Fourth Tranche case.

2.  **Scrutiny of the Merits is Especially Appropriate as Discovery is Substantially Complete**

Scrutiny of the merits is especially appropriate in cases where, as in this litigation, the parties have substantially completed discovery. By all accounts, discovery in this phase of the case has become cumulative.

To date, the parties have conducted eleven (11) depositions and Comerica Bank has produced approximately 75,000 documents. In fact, the Plaintiffs cancelled the scheduled deposition of Mike Aust, Comerica Bank's Executive Vice President—National Retail Banking in December of 2011, citing the cumulative nature of ongoing discovery. Plaintiffs cannot suggest otherwise.[16]

3.  **Comerica Bank Seeks No Special Treatment in Requesting a Pre-Certification Ruling on its Motion for Summary Judgment**

Comerica Bank does not seek special treatment in requesting consideration of its motion for summary judgment prior to class certification. Significant pre-*Dukes* case law rejects the notion that Rule 23 imposes an invariable rule that the determination of class certification must precede

---

[16] Plaintiffs' reference to limited additional interrogatories and requests for production served on March 9, 2012 is unavailing. Plaintiffs' recently-served discovery only explores Comerica Bank's entitlement to enforce the contractual limitations provisions of its Deposit Agreement. This in no way supports Plaintiffs' argument that class certification issues should be determined first in this case.

consideration of the merits.[17] To the contrary, the vast majority of courts considering the issue hold that courts may consider dispositive motions before ruling on a motion for class certification.[18]

### C. CONSIDERING COMERICA BANK'S MOTION FOR SUMMARY JUDGMENT FIRST WILL PROMOTE JUDICIAL ECONOMY

Considering Comerica Bank's Motion first, in light of the developed evidentiary record, will promote judicial economy and preserve both the court's and the parties' time and resources by narrowing and focusing the issues and claims presented at class certification.

The Plaintiffs bear no prejudice by consideration of Comerica Bank's Motion before class certification. The named Plaintiffs' claims must survive a motion for summary judgment regardless of whether the Court certifies this case as a class action, and if the Court grants Comerica Bank's Motion, the judgment will not bind absent class members because no class was ever certified.[19] If

---

[17] *Thompson v. County of Medina, Ohio*, 29 F.3d 238 (6th Cir. 1994); *Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998) ("'There is nothing in Rule 23 which precludes the court from examining the merits of the plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification."); *Kehoe v. Fidelity Federal Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005).

[18] *See, e.g. Thorton v. Mercantile Stores Co., Inc.*, 813 F.Supp.2d 1282 (M.D. Ala. 1998); *Floyd v. Bowen,* 833 F.2d 529, 534–35 (5th Cir. 1987) (noting that the rule in several circuits is that class action litigation may be halted by a Rule 12 motion to dismiss or a Rule 56 motion for summary judgment); *see also Canaday v. Kelley,* 37 F.3d 1498 (6th Cir. 1994); *Thompson v. County of Medina, Ohio,* 29 F.3d 238, 241 (6th Cir.1994); *Lusardi v. Xerox Corp.,* 975 F.2d 964, 983 n. 33 (3d Cir. 1992); *Player v. Maher Terminals, Inc.,* 841 F.2d 1123 (4th Cir.1988); *Christensen v. Kiewit-Murdock Inv. Corp.,* 815 F.2d 206, 214 (2nd Cir.1987); *Wright v. Schock,* 742 F.2d 541, 543–44 (9th Cir. 1984); *Vervaecke v. Chiles, Heider & Co.,* 578 F.2d 713, 719–20 (8th Cir. 1978); *Crowley v. Montgomery Ward & Co.,* 570 F.2d 877, 879 (10th Cir. 1978); *Mitchell v. Industrial Credit Corp.,* 898 F. Supp. 1518, 1537 (M.D. Ala. 1995); *Tapken v. Brown,* 1992 WL 178984 (S.D. Fla. 1992). *But see Rutan v. Republican Party,* 868 F.2d 943, 947 (7th Cir.1989) (en banc) (district court's dismissal of plaintiffs' complaint for failure to state a claim without considering the issue of class certification violated Rule 23(c)(1); court considered the motion to dismiss with respect to the named plaintiffs only), *aff'd in part, rev'd in part,* 497 U.S. 62 (1990); *Nance v. Union Carbide Corp.,* 540 F.2d 718, 723 n. 9 (4th Cir.1976) (quoting *Peritz v. Liberty Loan Corp.,* 523 F.2d 349, 354 (7th Cir.1975)), *vacated,* 431 U.S. 952 (1977); *Hutchinson v. Wickes Cos.,* 726 F. Supp. 1315, 1321–22 (N.D. Ga. 1989) (noting that class certification is required prior to any determination of the merits).

[19] *Chevron USA Inc. v. School Bd. Vermilion Parish,* 294 F.3d 716, 720 (5th Cir. 2002) (holding that district court's order granting partial summary judgment for defendant did not bind members of putative class because no class action had been certified); *Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1013 n. 1 (9th Cir.2000) (summary judgment against an uncertified class bound only the named class members, with no res judicata effect on the claims of unnamed members of the purported class); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 n. 2 (6th Cir.1998) (plaintiff was

COMERICA BANK'S REPLY IN SUPPORT OF MOTION TO
DEFER CONSIDERATION OF CLASS CERTIFICATION PENDING
RESOLUTION OF COMERICA BANK'S MOTION FOR SUMMARY JUDGMENT
1716597.2

Page 6

anything, early consideration of summary judgment would serve the interests of the putative class members by requiring the named Plaintiffs to demonstrate the validity of their individual claims. If the named Plaintiffs cannot create a genuine issue of material fact with respect to their claims—which they already failed to do--then they cannot serve as adequate class representatives as required by Rule 23(a)(4).

Addressing summary judgment first will also save money and judicial resources.  For instance, the court could certify the class and only later dismiss Plaintiffs' claims on summary judgment.  Under that scenario, the Court would de-certify the case after expending significant time in conducting its rigorous analysis of certification issues and after both parties expend substantial additional expenses.

In fact, the Plaintiffs freely acknowledge that this Court must "fully delv[e] into the merits of [each case]."[20] Yet, in their Motion for Class Certification, the Plaintiffs contend any factual variances in the claims or defenses applicable to the Plaintiffs "can be dealt with, if need be, during the claims administration process."[21] In response, Comerica Bank contends both *Dukes* and the interests of judicial economy justify determination of the merits of Plaintiffs' claims before to certification.

**WHEREFORE, PREMISES CONSIDERED**, Comerica Bank requests the Court to grant the Motion to Defer Consideration of Class Certification Pending Resolution of Comerica Bank's Motion for Summary Judgment and for such other and further relief to which it is justly entitled.

---

not a party to putative class action and therefore was not directly bound by adverse judgment entered in that action); *Helms v. Consumerinfo.com, Inc.,* 436 F. Supp.2d 1220, 1227 n. 7 (N.D. Ala. 2005) ("Because this court has yet to rule on class certification in this case, a summary judgment ruling against Plaintiff will not bind the as yet unnamed class members").

[20] *See* Plaintiffs' Opposition to Comerica Bank's Motion for Ruling on Summary Judgment Before Considering Plaintiffs' Motion for Class Certification at 4.

[21] *See* Plaintiffs' Motion for Class Certification at 51.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/ Kenneth C. Johnston
Kenneth C. Johnston
Texas Bar No. 00792608
James B. Greer
Texas Bar No. 24014739

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200 (telephone)
(214) 777-4299 (facsimile)

**ATTORNEYS FOR COMERICA BANK**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2012, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. Mail on all counsel of record entitled to receive service.

/s/ Kenneth C. Johnston
Kenneth C. Johnston

**COMERICA BANK'S REPLY IN SUPPORT OF MOTION TO DEFER CONSIDERATION OF CLASS CERTIFICATION PENDING RESOLUTION OF COMERICA BANK'S MOTION FOR SUMMARY JUDGMENT**
1716597.2

Page 9