UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Simmons v. Comerica Bank*
N.D. TX Case No. 3:10-cv-326
S.D. FL Case No. 1:10-cv-22958-JLK

ORDER DENYING DEFENDANT'S MOTION TO DEFER RULING ON
CLASS CERTIFICATION AND MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendant Comerica Bank's Motion for Summary Judgment (DE #2488) and Motion to Defer Consideration of Class Certification Pending Resolution of Summary Judgment (DE #2604), filed February 22 and 24, 2012, respectively. Therein, Defendant asks the Court to deviate from the sequence set forth in its Scheduling Order Pertaining to all "Fourth Tranche" Actions and decide its summary judgment motion before Plaintiffs' motion for class certification. Plaintiffs urge against any ruling on the merits prior to determining the propriety of class certification. *See* Plaintiffs' Oppositions (DE #2584, 2585). As explained more fully below, the Court and will adhere to its original and revised scheduling orders and hereby denies Defendant's motions accordingly.

The relevant Scheduling Order (DE #1340) sets a December 20, 2011 deadline for Plaintiffs to file motions for class certification and a July 13, 2012 deadline for either party to file motions for summary judgment. As contemplated by Rule 23 of the Federal Rules of Civil

Procedure, the Court crafted the Scheduling Order to enable it to rule on the propriety of class certification well in advance of any merits determinations.[1] Defendant's Motion asks the Court to deviate from this framework. The Court, however, sees situations where it would be counterproductive to make the requested change. For example, if Defendant is successful in asserting its Motion for Summary Judgment, the judgment would be preclusive only as to the Named Plaintiffs; another merits determination as to the unnamed members of the purported class would be necessary if a class is later certified. *Cf., e.g., Helms v. Consumerinfo.com, Inc.*, 436 F.Supp.2d 1220, 1227 n. 7 (N.D. Ala. 2005) (reasoning that "[b]ecause this court has yet to rule on class certification in this case, a summary judgment ruling against Plaintiff will not bind the as yet unnamed class members."). The Court will thus adhere to its original Scheduling Order and resolve class certification prior to delving into the merits of the Fourth Tranche cases.

It is therefore ORDERED, ADJUDGED and DECREED that Defendant's Motion for Summary Judgment (DE #2488) is DENIED without prejudice. It is further ORDERED, ADJUDGED and DECREED that Defendant's Motion to Defer (DE #2506) is DENIED.[2]

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 3rd day of April, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

---

[1] *See* Fed. R. Civ. P. 23(c)(1), which requires that "[a]t an early practicable time after a person sues or is sued as a class representative. . . the court must determine by order whether to certify the action as a class action." The Eleventh Circuit has said that the [class certification decision itself should come early in the litigation." *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1389 (11th Cir.1998) (superseded by Fed.R.Civ.P. 23(f) on other grounds).

[2] The Clerk is directed to further deny Comerica Bank's Request for Non-Testimonial Hearing on Motion for Summary Judgment (DE #2525) as moot.