<u>Exhibit J</u>

[*attached hereto*]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

Shane Swift v. BancorpSouth, Inc.
N.D. Fla. Case No. 1:10-cv-00090-SPM
S.D. Fla. Case No. 1:10-cv-23872-JLK

## DECLARATION OF FRANK S. HAMLIN

1. I, Frank S. Hamlin, am the founding principal of Hamlin Dispute Resolution, LLC, located at 823 W. Markham Street, Suite 100, Little Rock, Arkansas.

2. I am Arkansas' longest serving and most experienced mediator, dating back to 1992. I have mediated more than 3,000 cases in my career, and have served as an arbitrator in over 300 cases.

3. In October of 2011, Hamlin Dispute Resolution, L.L.C. was retained to provide mediation services by the parties in the currently styled action, *Thomas, et al. v. BancorpSouth Bank, et al.*, United States District Court, Western District of Arkansas, El Dorado Division, Case No. 1:12-CV-1016 (hereafter, "Thomas Action").

4. On November 22, 2011, I conducted a full-day mediation with the parties' counsel in the Thomas Action. The mediation was conducted confidentially, and counsel

for the parties signed a mediation and a confidentiality agreement. I also signed the same agreements.

5. I have read Plaintiff's Opposition to Notice of Settlement and Motion to Stay and Suspend Scheduling Order Pertaining to Fourth Tranche Cases as to BancorpSouth, Inc. and BancorpSouth Bank, and Plaintiff's Emergency Motion to Enjoin Copycat Case Under the All Writs Act and Incorporated Memorandum of Law, which was filed in the above-styled action on March 29, 2012 and has a Docket Number of 2603 (hereafter, "Plaintiff's Opposition").

6. Plaintiff's Opposition alleges that the Thomas Action was settled in a collusive fashion. I provide the declarations herein in response to those allegations.

7. In my long career as a mediator I have only observed collusive negotiations in my presence on probably only two occasions. The mediation between the parties in the Arkansas class action against BanccorpSouth, Inc. was certainly not one of those cases involving collusive or corrupt negotiations.

8. Both sides to the mediation here in Arkansas was truly arms-length negotiating. During those negotiations, the parties debated various issues. In spite of differences of opinions on issues, the parties were able to make reasonable progress on this first day of mediation, which was the mediation I conducted. About 2 months later, my collegue, Chris Gomlicker, conducted the 2nd day of mediation in that case because of my unavailability. A settlement of the class-action claims was reached at the 2nd day of mediation.

9. I am not aware of any oppressive, collusive, illegal or unethical conduct on the part of any of the attorneys or parties to the first day of mediation of the class-action case that I mediated.

10. I declare under penalty of perjury of the laws of Florida and the United States that the foregoing is true and correct, and that this declaration was executed in Little Rock, Arkansas on April 3, 2012.

FRANK S. HAMLIN