UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 *Fourth Tranche* | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Shane Swift v. BancorpSouth, Inc.,*[1] S.D. Fla. Case No. 1:10-cv-23872-JLK | ) ) ) |

**BANCORPSOUTH BANK'S SUPPLEMENTAL RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**PARKER, HUDSON, RAINER & DOBBS LLP**

Eric Jon Taylor
William J. Holley, II
David B. Darden
Darren E. Gaynor
1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

---

[1] BancorpSouth, Inc. is not a proper defendant in this matter. Counsel for Swift and BancorpSouth Bank discussed the proper BancorpSouth entity to name in this matter in 2010, and Swift properly identified the defendant herein as BancorpSouth Bank in his Second Amended Complaint [DE# 994].

## I.     Introduction

BancorpSouth Bank ("BancorpSouth" or "Defendant") files this Supplemental Response and Opposition to Plaintiff's Motion for Class Certification to address new facts and arguments asserted by Plaintiff Shane Swift ("Swift" or "Plaintiff") in two recent filings, both of which were filed after the briefing on Plaintiff's Motion for Class Certification closed: (1) "Plaintiff's Opposition to Notice of Settlement and Motion to Stay and Suspend Scheduling Order Pertaining to Fourth Tranche Cases As to BancorpSouth, Inc. and BancorpSouth Bank, and Plaintiff's Emergency Motion to Enjoin Copycat Case Under the All Writs Act and Incorporated Memorandum of Law" [DE# 2603] (the "Opposition"); and (2) Plaintiff's "Reply in Support of Plaintiff's Emergency Motion to Enjoin Copycat Case Under the All Writs Act" **[DE# 2626]** (the "Reply").  Plaintiff's arguments in the Opposition and the Reply further demonstrate that the Court should deny Swift's Motion for Class Certification because Swift is not an adequate class representative, *see* Fed. R. Civ. P. 23(a)(4), and because individual issues predominate over class issues, *see* Fed. R. Civ. P. 23(b)(3).

As BancorpSouth previously informed the Court, in the case styled *Thomas, et al v. BancorpSouth Bank, et al*, 1:12-cv-1016-RTD (W.D. Ark.) ("*Thomas/Lawson*"), the Honorable Robert T. Dawson of the United States District Court for the Western District of Arkansas certified a nationwide class of BancorpSouth customers that includes the former putative class members that Plaintiff Swift seeks to represent here.  (*See* BancorpSouth Bank's Notice of Settlement and Motion to Stay and Suspend Scheduling Order Pertaining to Fourth Tranche Cases as to Defendant BancorpSouth Bank [DE# 2602]).  Judge Dawson preliminarily approved the *Thomas/Lawson* settlement, determining that it is "within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class Members[.]" (*See* Order Granting Unopposed Motion and Ordering Class Certification, Preliminary Approval of the Class Action Settlement, Approval of the Notice Plan and Scheduling a Date for a Final Fairness Hearing (the "Class Order") [DE # 2602, Exhibit A, at p.1]).  In his Class Order, Judge Dawson appointed class counsel to represent the class, and he also ordered notice to proceed.  (*Id.* at pp. 1-2, 5.) Indeed, notice already has been sent pursuant to the Class Order.  (*See* Notice of Filing of Affidavit of Jenny Penning  Regarding the Provision of Settlement Class Action Notification to Members of the Settlement Class [DE# 2634] ¶¶ 7-14 ("Penning Aff.").)

1

The approved settlement class in *Thomas/Lawson* is broader than the former putative class Swift seeks to represent in this case and includes:

> All Persons in the United States who currently have or in the past had a BancorpSouth Account on which at least one NSF Fee or OD Fee was charged and collected during the Class Period.
>
> Excluded from the Settlement Class are: (1) the trial judge and his or her spouse, parents, siblings, or children; (2) any Person with an interest in a BancorpSouth Account that is the subject of an active lawsuit against BancorpSouth or any parent, subsidiary, affiliate, or sister company of BancorpSouth, or any officers or directors of BancorpSouth, in any court that makes allegations that are included or similar to the allegations made in the Action; and (3) any Person deemed by the Court to have properly requested to be excluded from the Settlement.

(*See* BancorpSouth Bank's Notice of Settlement and Motion to Stay and Suspend Scheduling Order Pertaining to Fourth Tranche Cases as to Defendant BancorpSouth Bank [DE# 2602].) The Class Period is defined as "the period between May 1, 2004 through and including December 31, 2011." (*Id.*)

Even though BancorpSouth provided notice of the Class Order to Swift, he continues to argue in this case that he should represent a portion of the *Thomas/Lawson* certified class, defined to include:

> All BancorpSouth Bank customers in the United States who, within the applicable statutes of limitation preceding the filing of this action on August 13, 2010 (the "Class Period"), maintained a non-commercial account, and incurred an overdraft fee as a result of BancorpSouth's practices of re-sequencing debit card transactions from highest to lowest dollar amount.

(*See* Plaintiff's Motion for Class Certification [DE# 2271, p.1]). The class Swift proposes to represent plainly has been subsumed by the certified settlement class in *Thomas/Lawson*.[2] Because Plaintiff attempts to thwart a settlement that resolves claims by the very individuals he purports to represent, he is not an adequate class representative and his individual issues predominate over class issues. This is an additional reason why the Court should not certify the former putative class Swift seeks to represent.

---

[2] Because Swift has "an interest in a BancorpSouth Account that is the subject of an active lawsuit against BancorpSouth," he is not within the settlement class in Thomas/Lawson.  (*Id.*)

## II.     Argument and Citation to Authority

**A.     The Class Cannot Be Certified Because Swift Is Not an Adequate Class Representative.**

Swift cannot fairly and adequately represent the class he seeks to represent because, in addition to the reasons set forth in BancorpSouth's Response and Opposition to Plaintiff's Motion for Class Certification ("Class Certification Opposition") [DE# 2446], Swift has taken positions in his Opposition and Reply that clearly conflict with, and are antagonistic to, the interests of the former putative class he sought to represent.  A representative plaintiff in any class action must "fairly and adequately protect the interests of the class."  Fed. R. Civ. Proc. 23(a)(4).  To determine the adequacy of representation the Court must look at whether "any substantial conflicts of interest exist between the representatives and the class[.]"  *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (class certification is precluded where the economic interests and objectives of the named representative differ significantly from the economic interests and objectives of unnamed class members).  If class members and the purported class representative have conflicting or antagonistic claims, then the class is not fairly and adequately represented and no class action can be maintained. *See id; see also In re: AT&T Mobility Wireless Data Services Sales Litigation*, 270 F.R.D. 330, 343 (N. D. Ill. 2010) (discussing the adequacy-of-representation requirement and stating that the district court must ensure that there is no inconsistency between the named parties and the class); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Proc. § 1768, at 326 (2d ed. 1986) ("It is axiomatic that a putative representative cannot adequately protect the class if his interests are antagonistic to or in conflict with the objectives of those he purports to represent.").

Here, Swift's interests clearly conflict with the interests of the class of individuals he seeks to represent.  In favor of his (or his attorneys') own interests, Swift attacks a settlement that will provide significant monetary and equitable relief to the class of individuals Swift asks this Court to allow him to represent, a class that has been certified with a settlement that has been preliminarily approved by United States District Court Judge Robert Dawson as "within the range of a fair, reasonable, and adequate, and in the best interests of the Settlement Class Members" (*See* MDL DE# 2602, Ex. A at 1.)  Moreover, notice of the settlement already has

been sent to class members pursuant to Judge Dawson's Class Order.  (*See generally* Penning Aff.)  Swift would rob these class members of the choice to receive settlement benefits, opt out, or object to the settlement, and opposes the settlement and attempts to block the significant relief provided for in the settlement that will go to class members whom he seeks to represent.  In doing so Swift's "economic interests and objectives . . . differ significantly from the economic interests and objectives of unnamed class members" he seeks to represent and therefore he is an inadequate class representative.  *Valley Drug Co.*, 350 F.3d at 1190.  For this reason, in addition to the reasons outlined in BancorpSouth's Class Certification Opposition, the Court should deny Swift's Motion for Class Certification.

**B.     The Class Cannot Be Certified Because Swift's Individual Issues Predominate.**

Swift's Motion for Class Certification also fails because now Swift's individual issues even more clearly predominate over issues common to the class Swift seeks to represent.  Under the "predominance requirement" of Fed. R. Civ. P. 23(b)(3), "questions of law or fact common to class members" must "predominate over any questions affecting only individual members," and Swift must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[3]  Fed. R. Civ. Proc. 23(b)(3).  Predominance is "perhaps the central and overriding prerequisite for a Rule 23(b)(3) class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1278 (11th Cir. 2009).  The predominance requirement tests whether "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  The existence of the certified class in *Thomas/Lawson*, as compared to the former putative class Swift seeks to represent, as well as the approved *Thomas/Lawson* settlement, prevents Swift from meeting any of the four criteria for predominance in Rule 23(b)(3)(A) through (D).  Accordingly, this Court cannot certify a class in this case under Rule 23(b)(3).

1. <u>A *Swift* class would not be manageable because another, broader class already exists.</u>

A class represented by Swift would be completely unmanageable and cause enormous difficulty and confusion to that class because another class – broader than the class Swift seeks to represent – already exists, has been certified, and notice has been sent to that class pursuant

---

[3] As set forth below, each of the predominance factors outlined in Fed. R. Civ. P. 23(b)(3)(A) through (D) weigh against certifying a class in this case.

Judge Dawson's Order. When examining whether the predominance requirement has been satisfied, this Court must look at "the likely difficulties in managing a class action." Fed. R. Civ. Proc. 23(b)(3)(D). "The court in determining manageability should consider the potential difficulties in notifying class members of the suit, calculation of damages and distribution of damages." *Mills v. Foremost Ins. Co.*, 269 F.R.D. 663, 680 (M.D. Fla. 2010). As previously discussed, the former putative class Swift proposes to represent overlaps significantly with the certified *Thomas/Lawson* class. Therefore, if notice were to go out for a class represented by Swift, thousands of BancorpSouth customers would receive two notices – one for a settlement reached in the Western District of Arkansas in *Thomas/Lawson* (with an opportunity for relief), and one for a certified litigated class in the Southern District of Florida in *Swift* (with no announced relief). The confusion that undoubtedly would arise from multiple notices provides another reason for this Court to deny Plaintiff's Motion for Class Certification. *See, e.g., Riddle v. National Security Agency, Inc.*, Case No. 05-5880, 2007 U.S. Dist. LEXIS 95807 (N.D. Ill. June 22, 2007) (concluding that a Rule 23 class action was not proper where potential confusion of putative class members from multiple notices would increase the difficulty of management of a class action); *see also In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 145 (3d Cir. 1998) (affirming denial of All Writs Act injunction against second-filed class action and noting that "there can be no confusion by class members, for only one set of notices has been sent out. . . ."); *Perez v. Comcast*, Case No. 10-1127, 2011 U.S. Dist. LEXIS 136953, *12 (N.D. Ill. Nov. 29, 2011) (noting that "[r]eceiving two different notices about the exact same issue will likely be confusing. . . "). Two federal court judges from two federal courts entering competing orders impacting the same parties would further compound manageability issues. Therefore, Swift may maintain his individual claims against BancorpSouth, but he should not represent the former putative class he seeks to represent.

    2.    <u>The case brought by class members already exists and is far more developed than the proposed *Swift* action.</u>

Plaintiff's efforts to certify a class here also fail because the *Thomas/Lawson* action is near conclusion while this action has significant litigation remaining. *See* Fed. Rule Civ. Proc. 23(b)(3)(B) (requiring courts to consider "the extent and nature of any litigation concerning the controversy already begun by or against class members"). In *Thomas/Lawson*, Judge Dawson already has certified a settlement class in a lawsuit against BancorpSouth that is broader – in

5

numbers, in time, and in theories of recovery – than that lawsuit brought by Swift. The *Thomas/Lawson* settlement resolves potential claims of more BancorpSouth customers, involves more types of transactions and types of fees, and provides broader relief than is requested by the narrower putative class proposed by Swift. The *Thomas/Lawson* action has been fully briefed, the *Thomas/Lawson* class has been certified, the *Thomas/Lawson* settlement has been preliminary approved by Judge Dawson, and notice has gone out to the class in mailed, e-mailed and publication form.[4]

On the other hand, no class has been certified in the *Swift* action and no hearing has been held on the parties' *Daubert* motions, which must be resolved before class certification can occur. *See, e.g., Sher v. Raytheon*, 419 Fed. Appx. 887, 890 (11th Cir. 2011) (stating that "when an expert's report or testimony is critical to class certification, [] a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion"); *see also Williams v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 20930, *8 (Feb. 21, 2010) ("before certifying a class action, a district court must sufficiently evaluate and weigh expert testimony on the issue of class certification"). Thus, not only does separate litigation brought by members of the former putative class Swift seeks to represent exist, it is substantially farther along and more developed than this action and promises to provide tangible and substantial relief to the class members. *See, e.g., Buford v. H.R. Block*, 168 F.R.D. 340, 362-63 (S.D. Ga. 1996) (stating in his ruling on class certification that of six total pending putative class actions, that Judge Moore in the Southern District of Georgia was in the best position to decide the propriety of class certification because no certification rulings had been issued elsewhere).

   3. <u>The Western District of Arkansas, not the Northern District of Florida or this Court, is the desirable forum for these claims to be litigated.</u>

Plaintiff also cannot demonstrate any reason why the Northern District of Florida or this Court (which has jurisdiction over this case only for pretrial purposes) is more desirable than the Western District of Arkansas to resolve the claims brought by the *Thomas/Lawson* certified

---

[4] In the *Thomas/Lawson* action to date, 354,572 Postcard Notices have been mailed and 67,664 Summary Notices have been e-mailed to *Thomas/Lawson* Settlement Class Members. (Penning Aff. ¶¶ 7-10.) In addition, notice has been published in sixteen newspapers, and an information website was established relating to the settlement. (*Id.* ¶¶ 11, 13.)

class.[5]  *See* Fed. Rule. Civ. Proc. 23(b)(3)(C) (requiring courts to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum").  Instead, the evidence demonstrates that the Western District of Arkansas is the far more proper and natural venue for this action to proceed and where the settlement is near completion.[6]  Swift himself resides in Pocahontas, Arkansas.  (*See* BancorpSouth's Opposition to the Opposition [DE# 2605] at p. 1.)  Any connection Florida may have to the issues raised in this lawsuit pales in comparison to the connections of Arkansas.  (*Id.* at p. 1.)  There are two branches of BancorpSouth in the entire Northern District of Florida, and no branches whatsoever in the Southern District of Florida.  In contrast, there are 55 BancorpSouth branches in Arkansas.  (*Id.*)  Additionally, BancorpSouth records show that there are substantially more *Thomas/Lawson* settlement class members in the Western District of Arkansas, El Dorado Division (approximately 11,681) than in the entire state of Florida (1,342).  (*Id.* at p. 2.)  Therefore it is much more desirable to litigate these claims to conclusion in the Western District of Arkansas, where BancorpSouth has a far greater presence and where there are substantially more class members.

       4.      <u>Swift seeks to take away the *Thomas/Lawson* class members' opportunity to prosecute their claims.</u>

Finally, by attempting to disrupt the settlement reached in *Thomas/Lawson* – a settlement in which notice already has been provided to the settlement class members – Swift effectively attempts to take away the class members' opportunity to determine the manner in which they will "individually control[] the prosecution or defense of [their] separate actions." Fed. R. Civ. Proc. 23(b)(3)(A).  Because notice already has been sent to the *Thomas/Lawson* settlement class members, the class members, themselves, are in the best position to determine whether they will opt out of the *Thomas/Lawson* settlement class or whether they will choose to remain in it and receive any benefits to which they are entitled under the settlement.  Swift's (and his attorneys')

---

[5] As this Court is aware, the *Swift* action originally was filed on May 20, 2010 in the Northern District of Florida and later transferred to MDL 2036 in the Southern District of Florida by the Judicial Panel on Multidistrict Litigation (*In re: Checking Account Overdraft Litigation*, MDL No. 2036, No. 1:09-MD-02036-JLK (S.D. Fla).

[6] In fact, the *Thomas/Lawson* case is only one step from completion – the July 30, 2012 Final Fairness Hearing.

7

efforts to disrupt the decisions that rightfully belong to the *Thomas/Lawson* settlement class further weigh against class certification in this case.

### III.   CONCLUSION

For the reasons stated above and in BancorpSouth's Response and Opposition to Plaintiff's Motion for Class Certification, the Court should deny Plaintiff's Motion for Class Certification. In the alternative, the Court should defer any ruling on class certification in this case until after the final fairness hearing in the *Thomas/Lawson* action.

Respectfully submitted this 16th day of April, 2012.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric Jon Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 16th day of April, 2012.

*/s/ Eric Jon Taylor*
Eric Jon Taylor

2340633_1