UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTIONS

*Case v. Bank of Oklahoma, N.A.*
W.D. Okla. Case No. 5:10-cv-00901
S.D. FL Case No. 1:11-cv-20815-JLK

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASS,
AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

The parties to the above-captioned action, as well as other actions currently pending in Oklahoma state court, *Susan Eaton v. Bank of Oklahoma, N.A., et al.*, Case No. CJ-2010-5209; and *Bryan Ramer v. Bank of Oklahoma*, N.A., Case No. CJ-2010-05841 (collectively referred to herein as the "Actions"), have agreed to settle the Actions (the "Settlement") pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release (the "Settlement Agreement"). The parties reached the Settlement through arms-length negotiations with the assistance of United States District Judge Layn Phillips (Ret.), an experienced and well-respected mediator. Under the Settlement Agreement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge and release their claims in exchange for Defendant Bank of Oklahoma's ("BOK") payment of $19,000,000, inclusive of all attorneys' fees and costs, to

1

create a common fund to benefit the Settlement Class. In addition, BOK will separately pay all costs and fees associated with providing Notice to the Settlement Class and the costs and fees of Settlement Administration.

Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement, and for Certification of the Settlement Class (DE #2631) on April 13, 2012. Upon considering Plaintiffs' Motion, the Settlement Agreement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, was reached with the assistance of an experienced, highly-qualified mediator, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Actions, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment, and whether to

grant Class Counsel's Fee Application and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.  As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.

2.  The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.  Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representatives and Class Counsel

4.  It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation mark omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.  The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Settlement Class:

> All Bank of Oklahoma customers in the United States who had one or more consumer accounts and who, during the Class Period (January 1, 2005 through and including

3

August 31, 2011), incurred an Overdraft Fee as a result of Bank of Oklahoma's High-to-low Debit Card Transaction Sequencing.

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following subdivisions of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In this Action, at least tens of thousands of individuals, spread out across the country, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b) <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. There are multiple questions of law and fact, centering on BOK's class-wide policies and practices, that are common to the Settlement Class, that are alleged to have injured all Settlement Class Members in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) <u>Typicality</u>: The Plaintiffs' claims also are typical of the Settlement Class because they concern the same BOK policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the

same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)     Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Robuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Actions, and have dedicated substantial resources to the prosecution of these Actions. Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in these Actions. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)     Predominance and Superiority: Rule 23(b)(3) is satisfied as well because the common legal and factual issues here predominate over individualized issues, and resolution of the common issues for the Settlement Class Members in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With regard to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). The predominance requirement is satisfied

here because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual Settlement Class Members. For example, the relationship between each Settlement Class Member and BOK is governed by a substantially uniform account agreement. *See Sacred Heart Health Sys.*, 601 F.3d at 1171 ("It is the form contract, executed under like conditions by all class members, that best facilitates class treatment."). Moreover, each Settlement Class Member's claims arise from the same BOK policies and practices as well as the same legal theories.

7. The Court appoints the following persons as class representatives: Terry Case, Susan Eaton and Bryan Ramer.

8. Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following firms as Class Counsel:

> BRUCE S. ROGOW, P.A.
> Bruce S. Rogow, Esq.
> Broward Financial Center
> 500 East Broward Blvd., Ste. 1930
> Fort Lauderdale, FL 33394
> Telephone: (954) 767-8909
>
> PODHURST ORSECK, P.A.
> Aaron S. Podhurst, Esq.
> City National Bank Building
> 25 W. Flagler Street, Suite 800
> Miami, FL 33130
> Telephone: (305) 358-2800
>
> GROSSMAN ROTH, P.A.
> Robert C. Gilbert, Esq.
> 2525 Ponce de Leon, Suite 1150
> Miami, FL 33133
> Telephone: (305) 442-8666
>
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> Michael W. Sobol, Esq.

Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

BARON & BUDD, P.C.
Russell Budd, Esq.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
Telephone (214) 521-3605

GOLOMB & HONIK, P.C.
Ruben Honik, Esq.
1515 Market Street, Ste. 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177

TRIEF & OLK
Ted. E. Trief, Esq.
150 East 58th Street, 34th Floor
New York, NY 10155
Telephone (212) 486-6060

WEBB, KLASE & LEMOND, L.L.C.
Edward Adam Webb, Esq.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Telephone: (770) 444-9325

KOPELOWITZ OSTROW P.A.
Jeffrey M. Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

CHITWOOD HARLEY HARNESS LLP
Darren T. Kaplan, Esq.
1230 Peachtree Street NE
2300 Promenade II
Atlanta, GA 30309
Telephone: (404) 873-3900

TYCKO & ZAVAREEI LLP
Hassan A. Zavareei, Esq.
2000 L Street NW, Suite 808

Washington, DC 20036
Telephone: (202) 973-0900

STUEVE SIEGEL HANSON LLP
Patrick J. Stueve, Esq.
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 298-9847

GRAY, RITTER & GRAHAM, P.C.
Robert Ritter, Esq.
701 Market Street, Suite 800
St. Louis, MO 63101
Telephone: (314) 732-0728

SNEED LANG HERROLD, P.C
Mark A. Waller, Esq.
1700 Williams Center Tower I
One West Third Street
Tulsa, OK 74103
Telephone: (918) 588-1313

FINKELSTEIN THOMPSON LLP
Burton H. Finkelstein, Esq.
James Place
1077 30th Street NW, Suite 150
Washington, DC 20007
Telephone: (202) 337-8000

SILL LAW GROUP PLLC
James D. Sill, Esq.
14005 N. Eastern Avenue
Edmond, OK 73013
Telephone: (405) 509-6300

JEFF MARTIN & ASSOCIATES, P.C.
Jeff Martin, Esq.
4815 S. Harvard, Suite #380
Tulsa, OK 74135
Telephone: (918) 728-8888

Preliminary Approval of the Settlement

9.   At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg § 11.26. "Preliminary approval is

8

appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator. The Court further finds that the Settlement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of Preliminary Approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement Agreement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

Approval of Notice and Notice Program and Direction to Effectuate Notice

11.    The Court approves the form and content of Notice, substantially in the forms attached as Exhibits 1, 2, and 3 to the Settlement Agreement. The Court further finds that the Notice Program, described in section VIII of the Settlement Agreement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances

to apprise the Settlement Class of the pendency of the Actions, class certification, the terms of the Settlement, Class Counsel's Fee Application and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

12. The Court directs that Epiq Class Actions & Claims Solutions, Inc. acts as the Settlement Administrator.

13. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement Agreement, using substantially the forms of Notice attached as Exhibits 1, 2, and 3 to the Settlement Agreement and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in section VIII of the Settlement Agreement and approved by this Order. The Notice Program shall include Mailed Notice, Published Notice, and Long-form Notice on the Settlement Website and upon request, as set forth in the Settlement Agreement and below.

*Mailed Notice Program*

14. The Settlement Administrator shall administer the Mailed Notice Program. Within 28 days after the date on which the Settlement Administrator receives from Settlement Class Counsel and BOK the data files that identify the names and last known addresses of the identifiable Settlement Class Members, as set forth in the Settlement Agreement, the Settlement Administrator shall run such addresses through the National Change of Address Database, and shall mail to all such Settlement Class Members postcards that contain the Mailed Notice (the "Initial Mailed Notice").

15. The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. No later than 35 days from the Initial Mailed Notice date, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those Settlement Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

16. The Mailed Notice Program (both the Initial Mailed Notice and the Notice Remailing Process) shall be completed by no later than 60 days from the date of Preliminary Approval. Within seven days after the date the Settlement Administrator completes the Notice Re-mailing Process, the Settlement Administrator shall provide Class Counsel and BOK's counsel an affidavit that confirms that the Mailed Notice Program was completed in a timely manner. Class Counsel shall file such affidavit with the Court in conjunction with Plaintiffs' Motion for Final Approval of the Settlement.

17. All costs associated with the Mailed Notice Program shall be paid solely by BOK, as set forth in the Settlement Agreement.

*Published Notice Program*

18. The Notice Administrator shall administer the Published Notice Program, which shall be comprised exclusively of the following components: one quarter-page advertisements in each of the following publications: *Albuquerque Journal, Dallas Morning News, Denver Post/Boulder Daily Camera Combo, Fort Smith Times Record, Houston Chronicle, Kansas City Star, Oklahoma City Oklahoman, Arizona Republic,* and *Tulsa World.*

19. The Published Notice Program shall be completed no later than 30 days after the Court's Order of Preliminary Approval.

20. All costs associated with the Published Notice Program will be paid solely by BOK, as set forth in the Settlement Agreement.

*Settlement Website and Toll-Free Settlement Line*

21. The Settlement Administrator will establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website will be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Program. The Settlement Website will include hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and such other documents as Class Counsel and counsel for BOK agree to post or that the Court orders posted on the Settlement Website. These documents will remain on the Settlement Website at least until Final Approval.

22. The Settlement Administrator will establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries or requests for Settlement documents. The Settlement Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Program, as set forth in the Settlement Agreement.

Final Approval Hearing, Opt-Outs, and Objections

23. The Court directs that a Final Approval Hearing shall be scheduled for **August 29, 2012, at 9:30 am** to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted.

24. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long-form Notice at any time during the Opt-Out-Period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline") and mailed to the address indicated in the Long-form Notice, and must include:

(i) the full name, telephone number and address of the person seeking to be excluded from the Settlement Class;

(ii) a statement that such person wishes to be excluded from the Bank of Oklahoma Settlement in *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036- JLK; and

(iii) the signature of the person seeking to be excluded from the Settlement Class. The Opt-Out Deadline shall be set no later than 30 days before the Final Approval Hearing, and shall be specified in the Mailed Notice, Published Notice, and Longform Notice. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by the terms of the Settlement.

25. The Court further directs that any person in the Settlement Class who does not timely and validly opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for Service Awards for Plaintiffs. Any such objections must be mailed to the Clerk of the Court, Settlement Class Counsel, and counsel for BOK, at the addresses indicated in the Long-form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than the Opt-Out Deadline, and must include the following information:

(i) the case name;

(ii) the objector's full name, address, and telephone number;

(iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

(v) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(vi) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(vii) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders or opinions related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(viii) any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity;

(ix) the identity of all counsel representing the objector who will appear at the Final

Approval Hearing;

(x) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

(xi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(xii) the objector's signature (the objector's counsel's signature is not sufficient).

Further Papers In Support Of Settlement and Fee Application

26.     Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Service Awards for Plaintiffs, no later than 45 days prior to the Final Approval Hearing.

27.     Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 15 days prior to the Final Approval Hearing. If BOK chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 15 days prior to the Final Approval Hearing.

Effect of Failure to Approve the Settlement

28.     In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing contained in this Order is, or may be construed as, any admission or concession by or against BOK or Plaintiffs on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar Of Other Proceedings

29. All proceedings in the Actions are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.

30. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(a) The Settlement Administrator shall establish the Settlement Website and automated toll-free telephone line no later than **May 21, 2012**;

(b) The Settlement Administrator shall complete the Mailed Notice Program no later than **June 19, 2012**;

(c) The Settlement Administrator shall complete the Published Notice Program no later than **May 21, 2012**;

(d) The Settlement Administrator shall complete the Notice Program (which includes both the Mailed Notice Program and the Published Notice Program) no later than **June 19, 2012**;

(e) Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Service Awards for Plaintiffs no later than **July 16, 2012**;

(f) Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Service Awards no later than **July 30, 2012**;

(g) Settlement Class Members must file requests for exclusion from the Settlement no later than means the period that begins the day after the earliest date on which the Notice is first mailed or published, and that ends no later than **July 30, 2012**;

(h) Plaintiffs and Class Counsel shall file their responses to timely filed objections the Motion for Final Approval of the Settlement and Fee Application no later than **August 14, 2012**;

(i) If BOK chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than **August 14, 2012**; and

(j) The Final Approval Hearing will be held on **August 29, 2012, at 9:30 a.m.**, in Courtroom 2, 11th Floor of the James Lawrence King Federal Building and United States Courthouse, in Miami, Florida.

DONE AND ORDERED at the James Lawrence King Federal Building and United States Courthouse in Miami, Florida this 20th day of April 2012.

_____
**JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA**

cc: All Counsel of Record