UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036<br>*Fourth Tranche*<br><br>THIS DOCUMENT RELATES TO:<br><br>*Shane Swift v. BancorpSouth, Inc.,*<br>S.D. Fla. Case No. 1:10-cv-23872-JLK | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### EMERGENCY MOTION FOR PERMISSION TO PROTECT BANCORPSOUTH'S JPML PROCEDURAL RIGHTS AND INCORPORATED MEMORANDUM IN SUPPORT

On April 18, 2012, this Court enjoined BancorpSouth Bank, BancorpSouth, Inc. and its counsel from proceeding in any litigation in the matter *Thomas, et al. v. BancorpSouth Bank, et al.*, civil case no. 1:12-1016 in the United States District Court for the Western District of Arkansas (DE 2642, minute order). One day after that ruling, the Judicial Panel on Multi-District Litigation ("JPML") issued CTO-44, conditionally transferring the *Thomas* action to MDL 2036 and providing seven days (through April 26, 2012) for any affected parties to file a notice of opposition. (A copy of CTO-44 is attached as Exhibit A.)

BancorpSouth Bank and BancorpSouth, Inc. (collectively "BancorpSouth") wish to exercise the procedural rights provided in JPML Rule 7.1 to oppose and move to vacate CTO-44. After conferring with opposing counsel (Messrs. Ostrow and Gilbert), BancorpSouth respectfully moves the Court for an order allowing BancorpSouth and its counsel to exercise JPML rights regarding CTO-44. Opposing counsel oppose the relief requested and have stated

their intent to file a response. If BancorpSouth is not allowed to exercise its JPML opposition rights on or before April 26, 2012, it risks defaulting on its opportunity to raise important jurisdictional issues regarding the *Thomas* action. Absent emergency treatment and resolution of this motion, BancorpSouth will be significantly prejudiced. Consequently, pursuant to Local Rule 7.1(c) BancorpSouth asks the Court to enter, on an emergency basis, an order permitting it and its counsel to act under JPML rules in response to CTO-44. A proposed order is attached as Exhibit B.

Respectfully submitted this 23rd day of April, 2012.

**PARKER, HUDSON, RAINER & DOBBS LLP**

/s/ Eric J. Taylor
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404) 522-8409

*Counsel for Defendant BancorpSouth Bank*

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with Plaintiff's counsel in a good faith effort to resolve the issue raised by the emergency motion and counsel for plaintiff opposes the relief requested and intends to file a response to the motion.

Respectfully submitted this 23rd day of April, 2012.

PARKER, HUDSON, RAINER & DOBBS LLP

/s/ Eric J. Taylor
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHECKING ACCOUNT OVERDRAFT
LITIGATION  
MDL No. 2036

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO−44)**

On June 10, 2009, the Panel transferred 3 civil action(s) to the United States District Court for the Southern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 626 F.Supp.2d 1333 (J.P.M.L. 2009). Since that time, 78 additional action(s) have been transferred to the Southern District of Florida. With the consent of that court, all such actions have been assigned to the Honorable James Lawrence King.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of Florida and assigned to Judge King.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Southern District of Florida for the reasons stated in the order of June 10, 2009, and, with the consent of that court, assigned to the Honorable James Lawrence King.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of Florida. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi  
Clerk of the Panel

IN RE: CHECKING ACCOUNT OVERDRAFT
LITIGATION

MDL No. 2036

### SCHEDULE CTO−44 − TAG−ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| ARKANSAS WESTERN | | | |
| ARW | 1 | 12−01016 | Thomas et al v. BancorpSouth Bank et al |
| GEORGIA MIDDLE | | | |
| GAM | 4 | 12−00027 | Green v. SYNOVUS BANK |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 *Fourth Tranche* | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| *Shane Swift v. BancorpSouth, Inc.,* S.D. Fla. Case No. 1:10-cv-23872-JLK | ) ) ) |

## ORDER GRANTING BANCORPSOUTH'S EMERGENCY MOTION TO PURSUE JPML RIGHTS

Upon consideration of the Emergency Motion for Permission to Protect BancorpSouth's JPML Procedural Rights and Incorporated Memorandum in Support (DE ___), and recognizing that the short time period allowed for BancorpSouth to respond to CTO-44 requires emergency treatment of said motion to preserve federal procedural rights, the Court GRANTS BancorpSouth's motion. BancorpSouth and its counsel may act in response to CTO-44 as allowed by the JPML rules but in all other respects the Court's April 18, 2012 injunction remains in effect.

**DONE and ORDERED** at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this ___ day of April 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

2354896_1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 23rd day of April, 2012.

/s/ Eric J. Taylor
Eric J. Taylor

2354880_1