UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Shane Swift v. BancorpSouth Bank*
S.D. Fla. Case No. 1:10-cv-23872-JLK

*Casayuran, et al. v. PNC Bank, N.A.*
S.D. FL. Case No. 10-cv-20496-JLK

*Cowen, et al. v. PNC Bank, N.A.*
S.D. FL. Case No. 10-cv-21869-JLK

*Hernandez, et al. v. PNC Bank, N.A.*
S.D. FL. Case No. 10-cv-21868-JLK

## ORDER DENYING DEFENDANTS BANCORPSOUTH BANK AND PNC BANK, N.A.'S MOTIONS TO STRIKE THE DECLARATION OF ARTHUR OLSEN

THIS CAUSE comes before the Court on Defendants BancorpSouth Bank ("BancorpSouth") and PNC Bank, N.A.'s ("PNC") (collectively, "Defendants") Motions to Strike the Declaration of Arthur Olsen in Support of Plaintiffs' Motions for Class Certification **[DE #2448, 2474]**, filed February 3 and February 14, 2012. The motions have been fully briefed by the parties. **[DE #2578, 2608, 2574 & 2606]**. The Court heard oral argument on a substantially identical *Daubert* challenge to Mr. Olsen's declaration on March 20, 2012. (*See* Tr. pp. 1–69) **[DE #2628]**. As announced at the conclusion of the March 20 hearing and as discussed below, the Court denies Defendants' Motions to Strike Mr. Olsen's testimony.

Plaintiffs offer Mr. Olsen's testimony in support of their respective Motions for Class Certification **[DE #2271 & 2346]** because his technical expertise in extracting and analyzing data from the defendant banks' computer databases will assist the trier of fact in calculating the amount of damages that should be awarded pursuant to Plaintiffs' legal theory of damages. Defendants do not challenge Mr. Olsen's expertise in the database computation he performs, but rather argue that Mr. Olsen is not qualified to offer an opinion because he has no experience in banking or economics and thus cannot opine on a "proper" alternate posting order. *See* BancorpSouth Mot. at 3 & PNC Mot. at 1–2. Plaintiffs, however, do not offer Mr. Olsen as an expert in banking or economics and he offers no opinion on which alternative posting order the Court should adopt. As such, Defendants' motions amount to a request that the Court weigh the value of Mr. Olsen's testimony, rather than determine its admissibility under *Daubert* standards.

The Court recently rejected this same argument by defendant TD Bank, finding that the challenge really goes to the weight to be given Olsen's testimony by the finder of fact, and denied TD Bank's motion. **[DE #2569]**.[1] Earlier in these MDL proceedings, the Court similarly rejected Union Bank's challenge to Mr. Olsen's testimony because the bank failed to offer evidence or expert testimony to "dispute Mr. Olsen's ability to calculate damages on an account-by-account basis . . ." *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 666, 673 (S.D. Fla. 2011) (certifying a class based in part on expert report provided by Olsen). Defendants' arguments are also nearly identical to those raised by defendant Wells Fargo in its *Daubert* challenge to Olsen and rejected by United States District Judge William Alsup in *Gutierrez*. *See Gutierrez v. Wells Fargo & Co.*, No. C 07-05923, 2010 U.S. Dist. LEXIS 29117, at *11–37 (N.D. Cal. Mar. 26, 2010). As Judge Alsup correctly determined, Olsen's analysis is relevant and will assist the Court in deciding Plaintiffs'

---

[1] At the conclusion of the March 20 hearing on TD Bank's Daubert Motion to Exclude the Declaration of Mr. Olsen, the Court explained that TD Bank's challenge goes to "the weight of Mr. Olsen's testimony, and does not offend the considerations of *Daubert* as to reliability so as to preclude his testimony." (Oral Arg. Tr. pp. 61:15–20) **[DE #2628]**.

Motion for Class Certification because it demonstrates that Plaintiffs are able, on a class-wide basis using the bank's own data, to identify class members (i.e., those who have incurred overdraft fees due to the bank's re-sequencing of debit card transactions from highest-to lowest) and to calculate damages overdraft fees charged as a result of the re-sequencing. *Id.* at *36–37. Defendants offer no sound basis as to why this Court should come to a different conclusion here.

Accordingly, upon careful review of the record and being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that Defendants' Motions to Strike the Declaration of Arthur Olsen **[DE #2448 & 2474]** are hereby **DENIED**.

DONE and ORDERED in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 23rd day of April, 2012.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record