UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 *Fourth Tranche* | ) ) ) |
| _____ | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Shane Swift v. BancorpSouth, Inc.,* S.D. Fla. Case No. 1:10-cv-23872-JLK | ) ) |
| _____ | ) |

BANCORPSOUTH'S REPLY TO PLAINTIFF'S RESPONSE TO
EMERGENCY MOTION FOR PERMISSION TO PROTECT
BANCORPSOUTH'S JPML PROCEDURAL RIGHTS

BancorpSouth Bank and BancorpSouth Inc. ("BancorpSouth") should not be barred from exercising a federal procedural right to participate in the determination whether the *Thomas* action is transferred to MDL 2036.  Instead and in accordance with the controlling federal statute, the JPML should weigh the jurisdictional issues presented and make a determination that will guide the further actions of this Court, Judge Dawson in the Western District of Arkansas, the parties and counsel.

Congress vested the JPML with specific authority to determine whether civil actions are transferred to a multi-district litigation and, in so doing, specifically contemplated notice to and participation by parties in the proceedings, including hearings, to make such determinations.  *See* 28 U.S.C. § 1407. "28 U.S.C. § 1407 requires that any motion to consolidate must be filed with the Judicial Panel on Multidistrict Litigation. Section 1407 also states that '[s]uch transfers shall be made by the judicial panel on multidistrict litigation. . . .' Given that this decision is

committed to the panel, rather than this Court, the Court is bound to deny the motion without prejudice as it lacks the jurisdiction to consider it." *Taitz v. Obama*, 707 F. Supp. 2d 1, 7 (D.D.C. 2010).

And, contrary to Plaintiff Swift's position, the JPML has specific rules and a process in place to ensure that parties are able to exercise procedural rights in making their positions known before a conditional transfer order becomes effective. *See* JPML Rule 7.1. The issuance of CTO-44 triggered a process that entitles any "party opposing transfer" to raise its objections so that such objections may be considered and weighed by the JPML. *Id.* If BancorpSouth is barred from making its transfer objection known to the JPML by this Thursday, it may irretrievably lose a federal right to participate in a critical process, the outcome of which may determine other issues before this Court.

BancorpSouth simply asks that it not be restrained from exercising the rights granted by Congress and articulated in JPML Rule 7.1. To do so, would deprive it of due process of law.

Respectfully submitted this 23rd  day of April, 2012.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric J. Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with Plaintiff's counsel in a good faith effort to resolve the issue raised by the emergency motion and counsel for plaintiff opposes the relief requested and intends to file a response to the motion.

Respectfully submitted this 23rd day of April, 2012.

PARKER, HUDSON, RAINER & DOBBS LLP


*/s/ Eric J. Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 23rd day of April, 2012.

*/s/ Eric J. Taylor*
Eric J. Taylor

2355688_1