UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Given v. Manufacturers and Traders Trust Company a/k/a/ M&T Bank*
No. 1:10-CV-20478-JLK

**PLAINTIFF'S MOTION TO DEFER RULING ON DEFENDANT'S
SECOND RENEWED MOTION TO COMPEL ARBITRATION**

Plaintiff Maxine Given respectfully requests that the Court defer ruling on Defendant Manufacturers and Traders Trust Company a/k/a/ M&T Bank's ("M&T") Second Renewed Motion to Compel Arbitration [**DE # 2645**] ("Renewed Motion") so Plaintiff may develop an evidentiary record to support her position that this Court should deny arbitration. Given the importance of these factual issues in the post-*Concepcion* era, and in light of the Eleventh Circuit's recent decision in *Larsen v. J.P. Morgan Chase Bank, N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. Aug. 26, 2011), the Court should allow limited arbitration-related discovery.

## INTRODUCTION

Plaintiff Maxine Given seeks limited, arbitration-related discovery before the Court rules on the Second Renewed Motion. The circumstances here are similar to those in the other cases where this Court has allowed plaintiffs limited, arbitration-only discovery. *See* Orders Deferring Arbitration Ruling and Granting Limited Discovery [**DE # 1576, 1673, 1950, 1985, 2191**]. The Eleventh Circuit has specifically approved of such discovery in this MDL. The limited scope of this discovery is reasonable and useful in building a complete record in opposition to the Renewed Motion, given the Maryland standard for determining unconscionability which is directly at issue. *See generally Walther v. Sovereign Bank*, 872 A.2d 735, 743-45 (Md. 2005).

## PROCEDURAL BACKGROUND

On August 21, 2009, Maxine Given, on behalf of herself and all others similarly situated, filed a putative class action complaint against M&T in the United States District Court for the District of Maryland, alleging that M&T improperly assessed its customers millions of dollars of overdraft fees. On October 28, 2009, M&T filed its motion to compel arbitration and also its motion to dismiss on other grounds. On November 16, 2009, Plaintiff filed her opposition.

In February 2010, the United States Judicial Panel on Multidistrict Litigation transferred this action to this MDL. [**DE # 31, 33** in Case No. 1:10-CV-20478-JLK]. On April 14, 2010, the Court denied M&T's motion to dismiss. *See* **DE # 361**. On April 20, 2010, the Court heard argument on the motion to compel arbitration [**DE # 393**] and, on May 10, 2010, issued an order denying that motion. *See* **DE # 447**, pp. 13-15.

M&T appealed on May 19, 2010. [**DE # 39** in Case No. 1:10-CV-20478-JLK]. After the appeal was fully briefed and argued, on April 29, 2011, the Eleventh Circuit issued an order remanding the case for reconsideration in light of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). *See In re Checking Account Overdraft Litig.*, 425 Fed. Appx. 857 (11th Cir. 2011).

On June 2, 2011, M&T renewed its motion to compel arbitration. [**DE # 1563**]. On July 5, 2011, Ms. Given filed a response in opposition. [**DE # 1686**]. On July 15, 2011, M&T filed its reply. [**DE # 1738**]. On September 1, 2011, this Court issued an order denying M&T's renewed motion. [**DE # 1853**]. This Court did not determine whether M&T's arbitration clause was unconscionable under Maryland law, but instead found that Ms. Given's claims were outside the scope of the arbitration provision. *Id.* at 23-24. M&T timely appealed. [**DE # 52** in Case No. 1:10-CV-20478-JLK].

On March 21, 2012, the Eleventh Circuit reversed this Court's September 1, 2011 decision. *See In re Checking Account Overdraft Litig.*, 2012 WL 934054 (11th Cir. Mar. 21, 2012). The Eleventh Circuit remanded for a determination of whether the arbitration clause is unconscionable under Maryland law and found that, if it is not unconscionable, an arbitrator must determine whether Ms. Given's claims are within the scope of the arbitration clause. *Id.* at *4.

On April 20, 2012, M&T filed its latest Renewed Motion. [**DE # 2645**]. Prior to M&T filing its latest motion, this Court granted limited, arbitration-only discovery in cases against Chase, Wachovia, Wells Fargo, U.S. Bank, Compass, and RBC, and the Eleventh Circuit has

specifically approved of this practice. [**DE # 1576, 1673, 1950, 1985, 2191**]. Although Plaintiff has advised M&T that she is requesting the same type of discovery as was permitted by the Court in those cases, M&T has advised Plaintiff that it opposes any discovery. Attached hereto as Exhibits A through D are Plaintiff's drafts of the types of written discovery requests and 30(b)(6) deposition notice she proposes to serve on M&T if allowed by the Court.

### ARGUMENT AND CITATION OF AUTHORITY

As this Court is aware, it may deny M&T's arbitration motion by finding that M&T's arbitration clause is unenforceable under Maryland law. Under established precedent, Plaintiff bears the burden of rebutting the presumption of arbitrability. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *see also, e.g., Livingston v. Assocs. Fin., Inc.*, No. 01-C-1659, 2001 U.S. Dist. LEXIS 8678, at *10 (N.D. Ill. June 22, 2001) ("[I]t seems axiomatic that, if the Supreme Court places a burden of proof [to show an arbitration agreement is invalid] on a party, then that party must be given an opportunity to pursue discovery related to the issue that it has the burden to prove."), *adopted*, 2002 U.S. Dist. LEXIS 12047 (N.D. Ill. March 4, 2002). As the Supreme Court explained recently:

> A court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce.

*Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S. Ct. 2847, 2856 (2010); *see also Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1124 (11th Cir. 2010); *Dale v. Comcast Corp.*, 498 F.3d 1216, 1224 (11th Cir. 2007).

Discovery relating to arbitration issues is routinely granted.[1] Indeed, post-*Concepcion* a growing number of courts have found it appropriate to permit limited arbitration-specific discovery prior to ruling on a motion to compel arbitration. *See, e.g., Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164-65 (S.D. Cal. 2011) (permitting limited pre-arbitration

---

[1] *E.g., Green Tree*, 531 U.S. at 91-92; *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10 (3d Cir. 2002); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 294-96 (S.D.N.Y. 2002); *also Alzaidi v. U-Haul Co. of Kan., Inc.*, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009); *R&F, LLC v. Brooke Corp.*, 2007 WL 2809845, at *2-3 (D. Kan. Sept. 24, 2007); *Coneff v. AT&T Corp.*, 2007 WL 738612, at *1 (W.D. Wash. Mar. 9, 2007); *Wilson v. Yellow Transp., Inc.*, 2007 WL 445197, at *1 (D. Kan. Jan. 29, 2007); *Livingston v. Assocs. Fin., Inc.*, 2001 WL 709465, at *2-4 (N.D. Ill. June 25, 2001).

discovery on issue of unconscionability); *Clemins v. GE Money Bank*, 2011 WL 6148676, at *1-2 (E.D. Wis. Dec. 8, 2011); *Newton v. Clearwire Corp.*, 2011 WL 4458971, at *6-*8 (E.D. Cal. Sept. 23, 2011) (permitting limited pre-arbitration discovery regarding unconscionability); *Plows v. Rockwell Collins, Inc.*, 2011 WL 3501872, at *5 (C.D. Cal. Aug. 9, 2011) (permitting four months to conduct discovery on the enforceability of the arbitration agreement); *Laguna v. Coverall N. Am., Inc.*, 2011 WL 3176469, at *3 (S.D. Cal. July 26, 2011) (permitting limited discovery, narrowly tailored to determining whether arbitration clause is enforceable under state law).

As the Third Circuit noted in *Blair v. Scott Specialty Gases*, 283 F.3d 595 (3d Cir. 2002), "[a]lthough discovery is ordinarily not undertaken at such an early stage of a proceeding that is governed by an arbitration agreement, there is language in the Supreme Court's opinion [in *Green Tree*] faulting the claimant for not presenting evidence 'during discovery.'" *Id.* at 609. In both *Blair* and *Green Tree*, the plaintiff challenged the validity of the arbitration agreement on the grounds that it was cost prohibitive. *Blair*, 283 F.3d at 609; *Green Tree*, 531 U.S. at 91-92. The Supreme Court's decision affirming an order compelling arbitration in *Green Tree* was based, in part, on the fact that the claimant failed to meet her burden of showing the likelihood that she had to bear prohibitive costs. 531 U.S. at 91-92.

The Eleventh Circuit recently found discovery of arbitration issues appropriate in *Larsen v. J.P. Morgan Chase Bank, N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. Aug. 26, 2011). There, the court held that "discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided." *Id.* This Court allowed arbitration-only discovery in *Larsen* and in several other cases. Although this Court did not allow arbitration-related discovery in a few prior instances – including against M&T – those orders were issued prior to *Larsen*.

To fully develop the record to rebut the presumption of arbitrability, Plaintiff seeks limited arbitration-related discovery. *See* Exhibits A-D. The discovery sought here is very similar to the limited arbitration-related discovery permitted under this Court's orders in related cases. [**DE # 1576, 1673, 1950, 1985, 2191**]. The discovery consists of document requests, interrogatories, and requests for admissions regarding specific arbitration-related issues, and will be followed by a Rule 30(b)(6) deposition and depositions of any of the bank's other declarants.

4

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court allow 90 days of limited discovery only as to arbitration-related matters.

## **Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff asked counsel for M&T to consent to this motion.  M&T has stated that it opposes this motion.

Dated: April 25, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596