UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Given v. Manufacturers and Traders Trust Company a/k/a/ M&T Bank*
No. 1:10-CV-20478-JLK

**PLAINTIFF'S ARBITRATION-RELATED REQUESTS FOR ADMISSIONS**

Plaintiff, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that Defendant Manufacturers and Traders Trust Company a/k/a/ M&T Bank ("M&T") respond to the following requests for admissions under oath within the time prescribed by law. The following requests for admissions are to be considered continuing in nature and must be supplemented or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1.  Rule 36(a) provides that each matter requested to be admitted is conclusively established and admitted for the purposes of this action unless, within 30 days after service of this request, you serve upon the party making these requests either: (a) a written statement signed by you or your attorney admitting the request, specifically denying the request, or stating in detail why you cannot truthfully admit or deny the request; or (b) a written objection signed by your attorney setting forth the grounds for such objection.

2. Lack of information or knowledge is an insufficient basis for failing to admit or deny a request unless you include in your response a certification that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request. Your inquiry is "reasonable" only when: (a) you examine any and all documents or tangible things in your possession, custody or control that refer or relate to the matter requested to be admitted in any way, and (b) you make inquiry of your principals, agents, employees, attorneys, representatives, any persons acting or purporting to act on your behalf and any other persons in active concert or participation with you, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated.

3. Rule 36(a) requires that any denial by you of a request must fairly meet the substance of the requested admission and that, when good faith requires that an answer be qualified or a part of the request be denied, such qualification or denial must be specific and admit the part of the requested admission that is true. It is not a sufficient answer that a request presents a genuine issue for trial. If you deny any request and the truth of the request is eventually proved at trial, Rule 37(c) provides that you may be ordered to pay to the requesting party the reasonable expenses incurred in proving the matters requested to be admitted, including reasonable attorney's fees.

4. Pursuant to Rule 36(a), to the extent that you do not entirely dispute the authenticity of a copy of a document, but dispute specific aspects of the copy, such as differences in format or the presence, absence or difference of notations or signatures from a copy that you would be willing to admit as genuine, please set forth what aspect or aspects of the copy are not admitted as genuine.

5. Each matter for which an admission is requested will be deemed admitted, and conclusively established for purposes of this action, if you do not serve a written, signed answer or objection addressed to the matter specified within thirty (30) days after service of these requests for admission, or such other time as the Court may allow.

## TIME FRAME OF REQUESTS

6. Unless otherwise stated, the time period covered by these requests is May 1, 1999 to the present.

## DEFINITIONS

7. "All" means "any and all" and "any" means "any and all."

8. The word "including," means "including, but not limited to."

9. "You," and/or "Your" means and refers to M&T, including its current and former officers, directors, employees, attorneys, agents and representatives, and any affiliated entities, predecessors, successors, and contractors (including debt collection agencies), and their current and former officers, directors, employees, attorneys, agents and representatives.

10. "Documents" shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and includes any tangible thing, writing, recording or reproduction in any manner, any visual or auditory data in Your possession, custody or control, including without limitation, computer data bases, hard drives, storage tapes or disks, all e-mail data (including attachments thereto), any digital version of any requested information, and any papers or other format on which words have been written, printed, typed, digitally embedded or otherwise affixed, correspondence, memoranda, transcripts, stenographic or handwritten notes, telegrams, telexes, facsimiles, letters, reports, budgets, forecasts, presentations, analyses, training or instructional handbooks or manuals, graphs or charts, ledgers, invoices, diaries or calendars,

3

minute books, meeting minutes, computer print-outs, prospectuses, financial statements, checks, bank statements, annual, quarterly or other filings with any governmental agency or department, annual reports (including schedules thereto), statistical studies, articles appearing in publications, press releases, video or audio tapes, and shall mean originals or a copy where the original is not in Your possession, custody or control, and every copy of every Document where such copy is not an identical copy of an original (whether different from the original by reason of any notation made on such copy or for any other reason).

11. "Communication" means any oral utterance made, heard or overheard to another person or persons, whether in person or by telephone or otherwise, and every written Document or other mode of intentionally conveyed meaning.

12. "Consumer" means any natural person(s) (and in particular not a business) who maintained an account with You or any of Your affiliated entities during the relevant time period.

13. "Consumer Account" means any Consumer checking, savings or demand deposit account maintained with You or any of Your affiliated entities during the relevant time period.

14. As used herein, the words "pertaining to," "relate to," "regarding," "discuss," or "reflect" shall mean in any way relating to, referring to, containing, concerning, describing, mentioning, discussing, constituting, supporting, corroborating, demonstrating, proving, evidencing, refuting, disputing, rebutting, controverting and/or contradicting.

15. Words in the singular include the plural, and vice versa, and the words "and" and "or" include "and/or."  The past tense includes the present tense when the clear meaning is not distorted by the change of tense.

4

**REQUESTS FOR ADMISSION**

REQUEST FOR ADMISSION NO. 1:    Admit that less than one percent (1%) of all Consumers whose overdraft-fee-related complaints You recorded initiated arbitration proceedings to recover overdraft fees.

RESPONSE:


REQUEST FOR ADMISSION NO. 2:    Admit that no lawyers appeared on behalf of any of the Consumers who initiated arbitration proceedings seeking to recover overdraft fees assessed against their Consumer Account(s).

RESPONSE:


REQUEST FOR ADMISSION NO. 3:    Admit that lawyers appeared on behalf of fewer than one percent (1%) of the Consumers who initiated arbitration proceedings seeking to recover overdraft fees assessed against their Consumer Account(s).

RESPONSE:


REQUEST FOR ADMISSION NO. 4:    Admit that lawyers appeared on Your behalf in the arbitration proceedings initiated by Consumers that related to overdraft fees assessed against their Consumer Account(s).

RESPONSE:

REQUEST FOR ADMISSION NO. 5:   Admit that no experts testified on behalf of the Consumers who initiated arbitration proceedings that related to overdraft fees assessed against their Consumer Account(s).

RESPONSE:


REQUEST FOR ADMISSION NO. 6:   Admit that an expert(s) testified on Your behalf in one or more of the arbitration proceedings initiated by Consumers that related to overdraft fees assessed against their Consumer Account(s).

RESPONSE:


REQUEST FOR ADMISSION NO. 7:   Admit that no Consumers recovered any overdraft fees assessed against their Consumer Account(s) in arbitration proceedings initiated by Consumers.

RESPONSE:


REQUEST FOR ADMISSION NO. 8:   Admit that You produced no discovery other than account agreements and monthly bank statements to a Consumer(s) who initiated arbitration proceedings seeking to recover overdraft fees assessed against their Consumer Account(s).

RESPONSE:


REQUEST FOR ADMISSION NO. 9:   Admit that You have never produced Your internal posting order to a Consumer in an arbitration proceeding.

RESPONSE:

6

REQUEST FOR ADMISSION NO. 10: Admit that You have never made Your internal historical transactional data, transaction processing systems, databases and data archives regarding a Consumer Account(s) available to a Consumer(s) in an arbitration proceeding.

RESPONSE:

REQUEST FOR ADMISSION NO. 11: Admit that a Consumer is not able to prove that You re-sequenced his/her debit-card transactions in his/her Consumer Account(s) solely from monthly account statements.

RESPONSE:

REQUEST FOR ADMISSION NO. 12: Admit that a Consumer is not able to prove the full amount of damages he/she suffered based on Your re-sequencing of debit-card transactions in their Consumer Account(s) solely from the account statements that You provided to Consumers.

RESPONSE:

REQUEST FOR ADMISSION NO. 13: Admit that You have either sent to or received Communications from the American Arbitration Association ("AAA") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by AAA, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

RESPONSE:

REQUEST FOR ADMISSION NO. 14: Admit that You have either sent to or received Communications from the National Arbitration Forum ("NAF") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by NAF, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

RESPONSE:

REQUEST FOR ADMISSION NO. 15: Admit that You have either sent to or received Communications from the Judicial Arbitration and Mediation Services, Inc. ("JAMS") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by AAA, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

RESPONSE:

REQUEST FOR ADMISSION NO. 16: Admit that You maintain Documents discussing the settlement agreement(s) resulting from the litigation styled *Ross v. Bank of America, N.A., et al.*, No. 05-cv-7116 (S.D.N.Y.).

RESPONSE:

REQUEST FOR ADMISSION NO. 17: Admit that You maintain Documents regarding meetings, Communications, or discussions that You or Your affiliates have had with other financial institution(s) regarding consumer arbitration.

RESPONSE:

Dated: April 25, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

9

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

 I hereby certify that on April 25, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ Robert C. Gilbert
    Robert C. Gilbert, Esquire
    Florida Bar No. 561861
    GROSSMAN ROTH, P.A.
    2525 Ponce de Leon Boulevard
    Eleventh Floor
    Coral Gables, FL 33134
    Tel: 305-442-8666
    Fax: 305-779-9596