UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Sachar, et al. v. IBERIABANK Corporation, et. al.*
S.D. Fla. Case No. 1:11-CV-22844-JLK

# FINAL JUDGMENT

The Court, having entered the Order Granting Plaintiffs' Motion for Final Approval of Settlement [DE #2534] and Application for Service Awards and Class Counsel's Application for Attorneys' Fees [DE #2536] dated April 26, 2012 [DE #2657], hereby **ORDERS AND ADJUDGES** as follows:

1. The Court incorporates herein by reference the Order Granting Plaintiffs' Motion for Final Approval of Settlement, Application for Service Awards, and Class Counsel's Application for Attorneys' Fees and Costs dated April 26, 2012 (the "Final Approval Order") [DE #2657].

2. Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement between the Parties [DE #2534-1].

3. This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement and to afford them an opportunity to present their objections or to request exclusion from the Settlement. The Court also has jurisdiction over IBERIABANK and IBERIABANK Corporation (collectively, "IBERIABANK"), and over the Plaintiffs, all of whom have personally appeared in the Action pending before this Court. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1407 and, in the case of a removed Action, § 1441(a).

4. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All persons who maintained an IBERIABANK, IBERIABANK*fsb*, Acadiana Bancshares, LBA Savings Bank, Alliance Bank of Baton Rouge, American Horizons Bank of Monroe, Pulaski Investment Corporation, Pulaski Bank and Trust, Pochahontas Bancorp, Inc., First Community Bank, Omni Bank, or Cameron State Bank Account, within the applicable limitations period in the state in which the account incurred fees, or an ANB Financial, Capital South Bank, Century Bank, Orion Bank, or Sterling Bank Account after the date IBERIABANK assumed certain assets of those banks after each failed and the Federal Deposit Insurance Corporation was appointed as receiver, and within the applicable limitations period in the state in which the account incurred fees, who incurred one or more Overdraft Fees as a result of Debit Re-sequencing. Excluded from the Class are all current IBERIABANK employees, officers and directors, and the judge presiding over this Action.

The date of Preliminary Approval, and thus the closing of the Class Period, is November 1, 2011 [DE #2060].

2

5. The Action, *Sachar, et al. v. IBERIABANK Corporation, et al.*, S.D. Fla. Case No. 1:11-CV-22844-JLK, is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order.

6. Without limiting the scope of Section XV of the Settlement Agreement, as of the Effective Date, Plaintiffs and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged IBERIABANK and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters between October 20, 2000 and Preliminary Approval that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the assessment of one or multiple Overdraft Fees on an IBERIABANK Account or the amount of one or more Overdraft Fees assessed on an Account, or (b) Debit Re-sequencing or posting order. The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for Overdraft Fees or Debit Re-sequencing or posting order: (1) the

authorization, approval or handling of any Debit Card Transaction; (2) any failure to notify or to obtain advance approval when a Debit Card Transaction would or might cause an IBERIABANK Account to become overdrawn or further overdrawn or an Overdraft Fee to be assessed; (3) any failure to allow the holder of any IBERIABANK Account to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any IBERIABANK Account to opt-out of overdrafts; (4) any failure adequately or clearly to disclose, in one or more agreements, posting order, Debit Re-sequencing, overdrafts, Overdraft Fees, or the manner in which Debit Card Transactions are or would be approved, processed, or posted to IBERIABANK Accounts; (5) any conduct or statements encouraging the use of IBERIABANK Debit Cards; and (6) any advertisements relating to any of the foregoing.

7. Cynthia F. Dalton is hereby excluded from the Settlement, shall not receive any distribution from the Settlement, and is not bound by this Judgment.

8. The Parties to the Settlement Agreement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including IBERIABANK, Plaintiffs, and all Settlement Class Members including all Objectors, as set forth in Section XIX and paragraph 120 of the Settlement Agreement, to administer, implement, supervise, construe, enforce and perform the Settlement Agreement in accordance with its terms, and to enforce the Final Approval Order. The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program, Settlement Administrator, the Notice Administrator and the Tax Administrator.

9. Nothing in the Settlement Agreement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by

IBERIABANK or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

10. In accordance with paragraph 72 of the Settlement Agreement, Plaintiffs and all Settlement Class Members including all Objectors are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Final Approval Order and this Judgment.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 26th day of April, 2012.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record[1]

---

[1] Class Counsel is directed to promptly mail a copy of this Final Judgment to all *pro se* Objectors.