# EXHIBIT 4

# TO

# COMPASS BANK'S POST-DISCOVERY SUPPLEMENTAL BRIEF IN SUPPORT OF RENEWED MOTION TO COMPEL ARBITRATION AND STAY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-2036-JKL

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
MDL No. 2036 )
)
_____)
)
THIS DOCUMENT RELATED TO: )
)
Stephen T. Anderson v. Compass Bank, )
N.D. Fla. Case No. 1:10-cv-00208 )
S.D. Fla. Case No. 1:11-cv-20436-JLK )

### DECLARATION OF NICKI CHAMBERS

1. My name is Nicki Chambers. I currently reside in Jefferson County, Alabama and am over 19 years of age. This declaration is based upon my own personal knowledge and upon my review of documents kept in the normal course of business by Compass Bank.

2. I am currently employed as a Compliance Manager by Compass Bank in Birmingham, Alabama. I have been employed as a Compliance Manager by Compass Bank since January 12, 2004.

3. As Compliance Manager I am responsible for managing the consumer deposit compliance program, which includes managing revisions to the Consumer Deposit Account Agreement and ensuring that any change in terms notices required by the Consumer Deposit Account Agreement are timely sent to existing customers.

4. Beginning on November 6, 2004 and continuing through November 30, 2004, Compass Bank's mail rooms enclosed in all of its existing customers' monthly statements a

1205008.2

change in terms notice outlining changes in the Consumer Deposit Account Agreement that would, and did, take effect on January 1, 2005.

5. A copy of that November 2004 change in terms notice is attached as Exhibit 1 and I understand that it has also been previously filed in this litigation.

I declare under penalty of the perjury laws of the United States of America that the foregoing is true and correct.

Date: 4/27/2010

*Nicki Chambers*
NICKI CHAMBERS

# Exhibit 1

# Important Notice of Changes to Account Terms

This notice describes changes and clarifications to the terms of your Consumer Deposit Account Agreement. Please read this notice carefully and keep it with your Agreement. The "Effective Date" for the changed terms is January 1, 2005. If you maintain your deposit account after that date, you will be considered to have accepted the changed terms described in this notice.

**Changes in terminology** – The Agreement has been revised to reflect the difference between the "available balance" in your account and the "ledger balance" for your account. It is important that you understand the difference between these two new terms:

- The term "available balance" refers to the balance of funds in your account that is available for immediate withdrawal. If your available balance is insufficient to pay the total amount of checks and other items presented against your account, we may, at our option, return any of the items unpaid or pay any or all of the items (even though payment will cause an overdraft of your account) and assess any applicable service charges. Unlike the ledger balance, the available balance reflects any holds placed on your account, including the restrictions described in the Funds Availability Disclosure included with your Agreement.
- The term "ledger balance" refers to the balance of funds in your account based solely on items that have been posted as credits or debits to your account. Unlike the available balance, the ledger balance does not reflect any holds placed on your account.

Your available balance may be more or less than the amount of your ledger balance, but does not include any credit available under any Compass Bank Overdraft Protection Line of Credit you may have.

**Changes in the procedures for resolving disputes** – The Agreement has been revised to provide that:

- If you or we are seeking to bring a joined, consolidated, or class action and if the portion of this arbitration provision that prohibits the arbitration of joined, consolidated, or class actions is deemed invalid or unenforceable, then the entire arbitration provision shall be void and unenforceable.
- If (i) neither you nor we seek to compel arbitration of any dispute we have related to this Agreement, your account, or any transactions involving your account, or (ii) some or all of the arbitration clause is unenforceable and we are in a

Compass-Arbitration 000977

dispute in a court of law, then each of us agrees to waive any right we may have to a jury trial to the extent allowable under the laws of the state that govern this Agreement. This provision limits your right to a jury trial. You should review this section carefully.

**Changes to our right of setoff** – The Agreement has been revised to provide that, to the extent allowed by law, we may set off any indebtedness or other obligations which you owe us under this Agreement against any other account or property in which you have an ownership interest that is in our possession or control.

**Changes to the FUNDS AVAILABILITY DISCLOSURE** – This disclosure has been revised to reflect that:
- If we maintain your account in Texas, checks drawn on financial institutions whose routing number begins with 1122, 1123, or 1163 will be available for cash withdrawal on the second business day after the day of deposit.
- Checks drawn on financial institutions whose routing numbers begins with 1214 will be available for cash withdrawal on the third business day after the day of your deposit.

**Clarifications regarding illegal transactions** – The Agreement has been revised to clarify that you will not use your account for any transaction that is illegal in the jurisdiction where you live, in the jurisdiction where the transaction is consummated, or in any other jurisdiction affected by the transaction. You agree that it is your responsibility to determine the legality of each of your transactions in all applicable jurisdictions before entering into the transaction. You acknowledge and agree that we have no obligation to monitor, to review or to evaluate the legality of transactions on your account. You also agree that you will not use your account in connection with any Internet or on-line gambling transaction, whether or not gambling is legal in any applicable jurisdiction. We reserve the right to return any item that we believe is related to an illegal transaction, an Internet or on-line gambling transaction or a high-risk transaction. To the fullest extent permitted by law, you agree to pay for any item that you authorized, even if the transaction related to that item is determined to be illegal.

**Clarification about items we accept for collection only** – The Agreement has been revised to clarify that, in situations where we accept an item for collection only, we will not give you cash or an official check for the items until the items have been paid.


Compass Bank

Compass-Arbitration 000978