UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) |
| MDL No. 2036 Fourth Tranche | ) ) ) |
| _____ | ) ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *Shane Swift v. BancorpSouth, Inc.*,[1] S.D. Fla. Case No. 1:10-cv-23872-JLK _____ | ) ) ) |

### EMERGENCY MOTION TO STAY INJUNCTION PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

**PARKER, HUDSON, RAINER & DOBBS LLP**

Eric Jon Taylor
William J. Holley, II
David B. Darden
Darren E. Gaynor
1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404) 522-8409

*Counsel for Defendant BancorpSouth Bank*

---

[1] BancorpSouth, Inc. is not a proper defendant in this matter. Counsel for Swift and BancorpSouth Bank discussed the proper BancorpSouth entity to name in this matter in 2010, and Swift properly identified the defendant herein as BancorpSouth Bank in his Second Amended Complaint (Doc. 994).

## INTRODUCTION

Defendant BancorpSouth is subject to conflicting orders from separate United States District Courts; BancorpSouth cannot comply with one order without violating the other. To make matters worse, the appealed-from order interferes with BancorpSouth's rights to protect its interests—indeed from *any further participation*—in an action in another district court and threatens to irreversibly harm the interests of a certified settlement class.

On March 26, 2012, Judge Robert T. Dawson of the United States District Court for the Western District of Arkansas preliminarily approved a class action settlement and affirmatively ordered BancorpSouth to take certain actions in furtherance of the settlement (the "Class Certification Order"). (W.D. Ark. DE # 22.)[2] On April 18, 2012, this Court orally enjoined BancorpSouth and its counsel from further participation in the litigation pending in the Western District of Arkansas; it entered a written order to that effect on April 30, 2012 (the "Injunction Order"). Thus, this Court's Injunction Order prevents BancorpSouth from complying with Judge Dawson's Class Certification Order. BancorpSouth respectfully moves to stay the Injunction Order pending its appeal to the Eleventh Circuit Court of Appeals.

## BACKGROUND

On May 18, 2010, Plaintiff Shane Swift, an Arkansas resident, filed his putative class action in the Northern District of Florida. The Judicial Panel on Multidistrict Litigation ("JPML") transferred the *Swift* action on October 26, 2010 to this MDL. No class has been certified in the *Swift* action.

---

[2] Documents filed in the *Swift* MDL docket 1:09-md-02036-JLK (S.D. Fla.) are referred to herein as "S.D. Fla. DE # __". Documents filed in the *Thomas/Lawson* docket 1:12-cv-01016-RTD (W.D. Ark.) are referred to herein as "W.D. Ark. DE # __".

In a series of orders beginning October 11, 2011, the JPML declined to transfer cases against various banks to MDL 2036, including at least one bank that was *already* a defendant in MDL 2036. The JPML also suspended the requirement that litigants notify the JPML of new overdraft cases on October 11, 2011. *See In re: Checking Account Overdraft Litigation*, MDL No. 2036, DE # 639 (JPML Oct. 11, 2011). Since that time, the JPML has transferred *no* new cases to MDL 2036.[3] Even before October 11, 2011, the JPML declined to transfer class action cases to MDL 2036 if the parties indicated that the action had settled or was about to settle. *Id.* at DE # 233, 289, 459.

On February 28, 2012, more than four months after JPML Rule 7.1(a)'s notice requirement was suspended, Arkansas residents Thomas and Lawson filed a putative overdraft class action against BancorpSouth in the Western District of Arkansas on behalf of a class that overlaps and is significantly larger than the putative *Swift* class. The case was assigned to Judge Robert T. Dawson. On February 29, 2012, the *Thomas/Lawson* parties executed a settlement agreement.[4] Judge Dawson held a hearing on the *Thomas/Lawson* plaintiffs' motion for class certification and preliminary approval of the settlement. Judge Dawson determined that the settlement in the Western District of Arkansas was appropriate, fair, and adequate, and specifically acknowledged the *Swift* action and MDL 2036 in his March 26, 2012 order. Additionally, Judge Dawson's order directed the parties to proceed with effectuating the settlement and complying with the Class Certification Order "immediately." (Class Certification

---

[3] Although the PEC tagged several cases after the JPML suspended the "tagging" rule, to date none have been transferred to the MDL. *See In re: Checking Account Overdraft Litigation*, MDL No. 2036, DE # 649, 656-57, 660 (JPML). **No cases have been transferred to MDL 2036 since August 16, 2011.** There is one contested CTO on the JPML's May 31, 2012 hearing docket. *See id.* at DE # 670 (CTO opposed by TD Bank).

[4] BancorpSouth's counsel and counsel for the *Thomas/Lawson* parties negotiated the settlement for more than six months, including two full day mediation sessions. (S.D. Fla. DE # 2605-1 ¶¶ 15–17.)

Order ¶ 23.) Judge Dawson also set a final fairness hearing for July 30, 2012. (*Id.* ¶ 8.) As directed by Judge Dawson's Order and the approved notice plan, notice was provided to class members, BancorpSouth's regulators, and others starting March 27, 2012.

The day after Judge Dawson preliminarily approved the settlement agreement and issued his Class Certification Order, BancorpSouth filed a Notice of Settlement and Motion to Stay the *Swift* Action, notifying this Court of the settlement covering the entire putative *Swift* class and seeking a stay of the class-related proceedings in the *Swift* action. (S.D. Fla. DE # 2602.) Swift opposed BancorpSouth's motion and filed a motion seeking an injunction against BancorpSouth's participation in the *Thomas/Lawson* action under the All Writs Act. (S.D. Fla. DE # 2603.) This Court held a hearing on April 18, 2012, denied BancorpSouth's motion, and granted Swift's motion, issuing an injunction prohibiting BancorpSouth and its counsel from further participation in the *Thomas/Lawson* litigation. (S.D. Fla. DE ## 2642, 2666.) BancorpSouth filed a notice of appeal from this Court's Injunction Order on April 30, 2012.[5] (S.D. Fla. DE # 2667).

Because the Injunction Order conflicts with Judge Dawson's Class Certification Order, prohibits BancorpSouth from protecting its interests in the *Thomas/Lawson* action, and threatens to strip the *Thomas/Lawson* class of its rights under the settlement agreement, BancorpSouth seeks a stay of the Injunction Order pending its appeal.

## ARGUMENT AND CITIATION OF AUTHORITIES

**I.   BancorpSouth's due process rights are jeopardized and it cannot comply with conflicting orders.**

The Injunction Order violates a fundamental tenet of constitutional due process: it prevents BancorpSouth from further participation in the *Thomas/Lawson* case. *See, e.g.*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974); *Mullane v. Cent. Hanover Bank & Trust Co.*,

---

[5] BancorpSouth has an appeal right pursuant to 28 U.S.C. § 1292(a)(1).

3

339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 331 (3d Cir. 2007) ("[T]here is simply no support for the proposition that a court may enjoin parties from participating in or reaching a bona fide settlement in another federal court that may dispose of claims before it . . ."). BancorpSouth has been stripped of its opportunity to be heard in the *Thomas/Lawson* case and, thus, has been deprived of its due process rights.[6]

Of broader public concern, the Injunction Order tramples the rights of the certified class members in *Thomas/Lawson*. The *Thomas/Lawson* class is larger than the putative *Swift* class—there are many BancorpSouth customers who are slated to receive relief under the *Lawson/Thomas* settlement, but who are not even part of the putative *Swift* class. These individuals will receive no relief as a result of the *Swift* proceedings, even if Swift's proposed class is certified, and if Swift himself prevails on his claims. The certain *Thomas/Lawson* relief is in jeopardy due to the Injunction Order. Moreover, Swift has no guarantee of success, whereas the *Thomas/Lawson* settlement provides definite monetary relief that is imperiled by the Injunction Order. Thus, not only are BancorpSouth's legal rights in jeopardy, the rights of the entire *Thomas/Lawson* class are impacted as well

BancorpSouth, moreover, is subject to conflicting orders from two United States District Courts—it cannot comply with one order without violating the other. The Injunction Order is sweeping: it enjoins "BancorpSouth, its counsel, and any parties acting in concert with them . . .

---

[6] Unlike a more typical All Writs Act injunction used to bar a plaintiff from *prosecuting* a case, *see In Re: Ford Motor Co.*, 471 F.3d at 1236, *Faught v. Edelson*, 660 F.3d 1289, 1290 (11th Cir. 2001), the Injunction Order barred BancorpSouth from participation of any sort in the *Thomas/Lawson* action.

from engaging in further proceedings in the later-filed *Thomas* action . . ." (DE # 2666 at 17.)[7] The Injunction Order prevents BancorpSouth from complying with Judge Dawson's Class Certification Order. Judge Dawson specifically ordered BancorpSouth to "immediately take such steps necessary to comply with the terms" of its Class Certification Order. Thus, BancorpSouth is obligated to effectuate the terms of the *Thomas/Lawson* settlement by, among other things:

- making available at no cost to Settlement Class Members account statements for up to eighteen (18) monthly statement periods within the Class Period from the date of a request by the Settlement Class Member. (Settlement Agreement ¶ C.11.d.)

- providing confirmatory discovery to the *Thomas/Lawson* counsel. (Settlement Agreement ¶ C.6.)

- participating in the deposition of any objector to the *Thomas/Lawson* settlement. (Class Certification Order ¶ 19.)

- participating in the final fairness hearing before Judge Dawson on July 30, 2012. (Class Certification Order ¶ 8.)

- filing with the Western District of Arkansas declarations regarding compliance with the Notice Plan. (Class Certification Order ¶ 14.)

Thus, BancorpSouth is forced either to violate the Class Certification Order or violate the Injunction Order. This is an untenable position for any litigant.

## II.   The Court should grant a stay of the Injunction Order.

This Court should consider four factors when determining whether to issue a stay: (1) whether there is a strong showing of likelihood of success on the merits; (2) whether there will be irreparable injury absent a stay; (3) whether a stay would substantially injure other interested

---

[7] On BancorpSouth's motion, the Court modified the injunction to allow BancorpSouth to pursue its rights in the JPML. (S.D. Fla. DE # 2653.)

parties; and (4) the public interest. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 733 (1987). The requested stay easily meets these requirements.

First, there is a strong likelihood BancorpSouth will succeed on the merits of its appeal. As detailed in BancorpSouth's earlier briefing (S.D. Fla. DE # 2605), the Injunction Order does not comport with the requirements of the All Writs Act, which authorizes courts to protect their <u>existing</u> jurisdiction. The Injunction Order, however, only protects this Court's <u>potential</u> jurisdiction over the proposed *Swift* class; this Court's actual jurisdiction was not threatened or diminished in any way. In contrast, once Judge Dawson certified the *Thomas/Lawson* class, he asserted jurisdiction over the members of the *Thomas/Lawson* class, which subsumes any potential *Swift* class; this Court, however, does not have jurisdiction over the merely putative and currently-uncertified *Swift* class.[8]

"The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under [the All Writs Act]." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102–03 (11th Cir. 2004). Indeed, "the pendency of a parallel or overlapping class action does not preclude certification and adjudication of a subsequent class action." *See Hall v. Midland Group, et al.*, No. 99-3108, 2000 U.S. Dist. LEXIS 16751, *6 (E.D. Penn. Nov. 20, 2000) (settlement class certified despite a previously-filed putative class action involving similar issues); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560 (N.D. Ill. 2011) (settlement class certified despite pending similar action in the same MDL at issue in this appeal).

---

[8] *See Bayer Corp.*, 131 S. Ct at 2380 ("Neither a proposed class action nor a rejected class action may bind nonparties."); *In re Ford Motor Co.*, 471 F.3d at 1245 ("The granting of class certification . . . authorizes a district court to exercise personal jurisdiction over unnamed class members who otherwise might be immune to the court's power. . . . The denial of class certification limited the court's in personam jurisdiction solely to the parties appearing before it.").

Absent a pending settlement agreement in the enjoining court, All Writs Act injunctions are inappropriate. *See, e.g.*, *Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1099 (9th Cir. 2008); *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322 (3d Cir. 2007); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 138–39, 146 (3d Cir. 1998); *Vallier v. Am. Fid. Assur. Co.*, No. 08-2267, 2008 U.S. Dist. LEXIS 70672, *11–12 (D. Kan. Sep. 16, 2008).[9] An injunction against all participation in a class settlement issued by a court that had neither certified a class nor been presented with a settlement of its own literally is unprecedented.

Finally, the Injunction Order did not analyze the Rule 65 requirements before issuing an All Writs Act injunction. *Florida Med. Ass'n v. U.S. Dep't of Health, Educ. & Welfare*, 601 F.2d 199, 202 (5th Cir. 1979) ("[T]he All Writs Act does not free a district court from the restraints of Rule 65."); *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005) ("An injunction under the All Writs Act invokes the equitable power of the court; thus, as is similarly the case for traditional injunctions, a court may not issue an injunction under the All Writs Act if adequate remedies at law are available.").[10]

Second, absent a stay of the Injunction Order, there will be irreparable injury. BancorpSouth presently is enjoined from participation in and protecting its rights in the *Thomas/Lawson* action, even though the Class Certification Order requires certain actions from

---

[9] Swift's counsel suggest that this case is like *In re Managed Care Litigation*, 236 F. Supp. 2d 1336 (S.D. Fla. 2002), but the *Managed Care* facts do not bear any resemblance to this case. The *Managed Care* decision was predicated upon the defendant's violation of the JPML "tag" rule, *id.* at 1342., the *Managed Care* settlement class order conflicted with an existing MDL class certification order, *id.* at 1339, 1343, and the defendant in *Managed Care* did not inform the court in the settled action of the existing class and the MDL, *id.* None of these facts are present here.

[10] *But see Klay*, 376 F.3d at 1100 ("The requirements for a traditional injunction do not apply to injunctions under the All Writs Act."). However, under the prior precedent rule, *Florida Med. Ass'n, Inc.* remains binding precedent "unless and until it is overruled by [the Eleventh Circuit] *en banc* or by the Supreme Court." *See U.S. v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

BancorpSouth. Moreover, Judge Dawson's Order directed the *Thomas/Lawson* Class Counsel, the Notice Administrator and the Claims Administrator to "proceed as soon as practicable, as ordered to take all steps required to provide notice consistent with the Notice Plan and the Settlement Agreement." (Class Certification Order ¶ 11.)  Consequently, and beginning on March 27, 2012, notice of the settlement was sent to state and federal regulators, more than 350,000 class members, and notice was published in 16 newspapers. BancorpSouth notified its regulators of the settlement.  As a result of the settlement announcement made to this Court on March 27, 2012, national press publications have reported the terms of the *Thomas/Lawson* settlement. The Injunction Order will cause great confusion, delay and imperil relief to class members, and cause hundreds of thousands of dollars of additional expense in settlement notice and administration. On the other hand, Swift has shown no reason that the absence of an injunction will cause <u>him</u> harm.[11]

Third, a stay of the Injunction Order would not substantially injure other interested parties. Judge Dawson specifically provided Swift a remedy by preserving his current individual action against BancorpSouth. (Class Certification Order ¶ 1.) And, Federal Rule of Civil Procedure 23(e) establishes an objection procedure that has been incorporated into the *Thomas/Lawson* settlement approved by Judge Dawson to air and fairly evaluate any objections to the fairness of the *Thomas/Lawson* settlement.  Judge Dawson will hear objections at the July

---

[11] Swift does not "own" the class he wishes to represent; a class action is merely a procedural device. *See, e.g.*, *Diaz-Ramos v. Hyundai Motor Corp.*, 501 F.3d 12, 15 (1st Cir. 2007) ("Both state and federal class action provisions have been construed to confer no substantive rights.") (citations omitted); *see also Blaz v. Belfer*, 368 F.3d 501, 505 (5th Cir. 2004) ("[T]here is no substantive right to a class remedy; a class action is a procedural device."); *In re Baldwin-United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985) (Rule 23 "is a rule of procedure and creates no substantive rights or remedies enforceable in federal court"). Nor does the All Writs Act authorize the Court to protect the expectation of putative class counsel to contingency fees derived from a class settlement.

30, 2012 fairness hearing in El Dorado, Arkansas. (Class Certification Order ¶ 8.)  Finally, because Swift has not made and cannot make a case that money damages will not satisfy him, an injunction should not have issued. *Alabama*, 424 F.3d at 1127; *Women's Emergency Network v. Bush*, 191 F. Supp. 2d 1356, 1361 (S.D. Fla. 2002).

Fourth, a stay of the Injunction Order serves the public interest. At best, if Swift can derail the *Thomas/Lawson* settlement to require BancorpSouth to litigate through class certification, further merits discovery, summary judgment adjudication, pretrial practice and then trial in the Northern District of Florida, <u>and</u> he recovers damages, <u>and</u> he withstands appeal, this activity will greatly delay potential class members' recovery for overdraft charges. Under a proper legal analysis, *Swift's* claims will fail and BancorpSouth customers will lose all value from the preliminarily approved *Thomas/Lawson* settlement. Either way, the public interest is disserved by the injunction, and it is further disserved by the injunction's disregard of comity due another federal district court.  In contrast, a stay of the Injunction Order would benefit the public and members of the *Thomas/Lawson* class.

Because this motion easily meets this Court's requirements for a stay, BancorpSouth respectfully requests a stay of the Injunction Order pending the outcome of its appeal.

## **CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)(A)**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with Plaintiff's counsel in a good faith effort to resolve the issues but has been unable to resolve the issues.

This 1st day of May, 2012.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric Jon Taylor*
Eric Jon Taylor
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing **MOTION TO STAY INJUNCTION PENDING APPEAL** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 1st day of May, 2012.

                                                        /s/ *Eric Jon Taylor*
                                                        Eric Jon Taylor