IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-2036-JLK

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
MDL No. 2036 )
)
_____)
)
THIS DOCUMENT RELATED TO: )
FIFTH TRANCHE ACTION )
)
*Anderson v. Compass Bank*, ) **ORDER SETTING**
N.D. Fla. Case No. 1:10-cv-00208 ) **EVIDENTIARY HEARING: July 9, 2012**
S.D. Fla. Case No. 1:11-cv-20436-JLK ) **CALENDAR CALL: July 5, 2012**
_____/

THIS CAUSE comes before the Court on the Post-Discovery Supplemental Briefing pertaining to Compass Bank's Renewed Motion to Compel Arbitration filed by Defendant Compass Bank **[DE #2663]** and Plaintiff Stephen T. Anderson **[DE #2665]** on April 27, 2012. Therein, the parties supplemented their briefing on Defendant's pending Renewed Motion to Compel Arbitration **[DE #1771, 1798, 1822]**[1] with the limited, arbitration-related discovery granted by this Court on October 4, 2011 **[DE #1950]**. The Court, having considered the supplemental briefing and the exhibits attached thereto, finds that there is a factual conflict regarding the existence of an agreement to arbitrate Plaintiff's debit card claims.[2] Accordingly,

---

[1] Defendant filed its first Motion to Compel Arbitration in the transferor court (Northern District of Florida) on December 2, 2010. Pursuant to this Court's Order requiring Motions pending in the transferor Court to be re-filed in the MDL **[DE # 1640]**, Defendant filed its Renewed Motion **[DE #1771]** on July 27, 2011.

[2] Although the parties provide certain deposition testimony and declarations, a factual conflict remains as to whether there is an arbitration agreement. Defendant argues the Arbitration Provision contained in Defendant's Deposit Booklets **[DE #1771-4–7]** governs Plaintiff's claims and that Plaintiff received adequate notice of the agreement and the amendment to the Arbitration Provision that first took effect November 15, 2004. Plaintiff counters with evidence of a previously unavailable Debit Card Agreement **[DE #2555-1]**, which contains no arbitration agreement and requires Defendant to provide written notice of any amendments via mail 90 days before any amendment could take effect. Plaintiff also argues that the amendment notices that Defendant sent to Anderson relate only to the Deposit Booklet and were either exemplars or hidden in promotional offers.

IT IS ORDERED and ADJUDGED that this matter is hereby set for **evidentiary hearing** on the trial calendar commencing **July 9, 2012** at **9:30 a.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida.

The parties are directed to subpoena such witnesses as they deem necessary to give sworn testimony during the evidentiary hearing. Compass Bank may also bring the physical copy of Exhibit 2 to its Supplemental Brief on Arbitration to the evidentiary hearing or attach it to the pre-hearing stipulation.[3]

## CALENDAR CALL

In order to make sure that all matters which might be a cause of delay of the evidentiary hearing have been ruled upon, the court hereby schedules a **calendar call** for **July 5, 2012**, at **2:00 p.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida.

> **FIFTEEN** days prior to Calendar Call: One attorney from each party having authority to enter into stipulations and make admissions shall meet to prepare and file a pre-hearing stipulation.
>
> The attorneys shall stipulate to a "Statement of the Case," as required by the local rules of court. It will be unacceptable, and the pre-hearing stipulation is subject to rejection by the court for the attorneys to draft separate Statements of the Case (i.e., one for the plaintiff, one for the defendant). A unilateral statement of the case by one party is not a stipulation of facts as contemplated by the Rules. This is not the place for counsel to make opening statements or closing arguments for their clients. It is a joint stipulation of what the case is about.
>
> **JUNE 28, 2012 DEADLINE FOR FILING PRE-HEARING STIPULATION AND PROPOSED ORDERS.** The pre-hearing stipulation, together with any proposed orders on the Renewed Motion to Compel Arbitration, must be filed with the Clerk of Court (night box filing is not acceptable). A courtesy copy of the stipulation shall be provided to chambers and chambers notified at (305) 523-5105 of any settlement between the parties by 4:30 p.m. on this date.

---

[3] If filed as an attachment to the pre-hearing stipulation, the Clerk shall accept for filing, and maintain as a part of the record, the entirety of the physical copy of Exhibit 2. Accordingly, Compass Bank's Motion for Limited Physical Filing **[DE #2664]** is hereby denied as moot.

This order shall be strictly followed by counsel, notwithstanding any Local Rule of Court or private agreement between counsel, any filed (or unfiled) proposed Local Rule 16 scheduling deadlines or any other order of the court by other Judges.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 1st day of May, 2012.

                                                    JAMES LAWRENCE KING  
                                                    UNITED STATES DISTRICT JUDGE  
                                                    SOUTHERN DISTRICT OF FLORIDA

Copies furnished to:  
Counsel of Record