IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-md-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Command v. Bank of America*
S.D. Fla. Case No. 1:11-cv-21270-JLK
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR REMAND

**THIS CAUSE** comes before the Court upon Defendant Bank of America's unopposed Motion for Entry of a Suggestion of Remand (DE #2213), which seeks a suggestion of remand to advise the JPML that the above-styled case should be remanded to its transferor court, the United States District Court for the Western District of Michigan, pursuant to Rule 10.1(b)(i) of the Rules of Procedure of the JPML.[1]

This individual *pro se* action is the only remaining case pending in these MDL proceedings against Bank of America, N.A. following the class action settlement finally approved by the Court on November 22, 2011. (DE #2150, 2151). The action was originally filed by the Command *pro se* plaintiffs in state court in Michigan, (Command DE #7, Ex. 5), and was subsequently removed by Bank of America to federal court under federal question jurisdiction. (Command DE #1). The allegations in Plaintiffs' First Amended Complaint ("FAC") focus on the allegedly wrongful foreclosure of a rental property formerly owned by the Commands in northern Michigan. (*See* FAC

---

[1] Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation provides in pertinent part: "Initiation of Remand. Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel..."

¶¶29-30).[2] After removal of the action to federal court, the Commands filed a motion in district court in Michigan to stay the expiration of the period during which, under Michigan law, they could redeem their property from foreclosure, which was denied. (*See* Command DE #20). The Commands' appeal of the order is presently pending before the Sixth Circuit Court of Appeals. (Command DE #24).

On April 11, 2011, the JPML transferred the case for pretrial purposes to the MDL in April 11, 2011. (*See* Command DE #26). The Commands opposed the transfer of their action to the MDL and filed a motion to vacate the Conditional Transfer Order, which was denied. Since the transfer of the case to this Court, the Commands have not actively participated in any of the MDL proceedings.

Since this action contains individual state law foreclosure issues unique to the Command plaintiffs and in light of the settlement of the other Bank of America cases, the Court finds that this action no longer benefits from continued coordination with the cases currently pending against various other banks in this MDL litigation. The case can be more economically, efficiently and conveniently handled by the transferor court in Michigan.

Accordingly, being fully advised and having considered the parties' legal briefs, it is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Entry of a Suggestion of Remand (DE #2213) be, and the same is, hereby **GRANTED.**

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 8th day of May, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[2] In addition to their foreclosure claims, the Commands also allege that the sequence in which the Bank posted debit card transactions and the additional overdraft fees that the Bank allegedly assessed against the Commands resulted in their default and foreclosure. (FAC ¶28).