UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
SECOND TRANCHE ACTION

*Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank*
S.D. Fla Case No. a-10-CV-20478-JLK

**OPPOSITION TO M&T BANK'S MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER [DE # 2661] DEFERRING RULING ON M&T BANK'S
SECONDRENEWED MOTION TO COMPEL ARBITRATION AND GRANTING
TIME TO CONDUCT ARBITRATION-RELATED DISCOVERY**

Plaintiff Maxine Given ("Plaintiff" or "Plaintiff Given") opposes the Motion for Reconsideration [**DE # 2670**] filed by Defendant M&T Bank ("M&T" or "the Bank").

**I.    INTRODUCTION.**

This Court has previously granted arbitration-specific discovery in cases against Chase, Wachovia, Wells Fargo, U.S. Bank, Compass and RBC. *See* **DE # 1576, 1673, 1950, 1985, 2191.** Moreover, the Eleventh Circuit has specifically approved this practice in *Larson v. JPMorgan Chase Bank, N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. 2011). As in these prior cases, Plaintiff Given moved to defer ruling on M&T's renewed motion to compel arbitration to permit her to conduct similar arbitration-only discovery [**DE # 2655**]. This Court did not hesitate in granting this straightforward motion [**DE # 2661**].

M&T's motion for reconsideration should be denied. The Bank has not met the requirements for reconsideration. Even if it had, M&T's claim that no discovery should be permitted is wrong. This Court, and the Eleventh Circuit in *Larsen*, have already recognized the need for discovery on unconscionability issues in order to present a developed factual record for the determination of a motion to compel arbitration. The Bank's alternative argument that the discovery is overbroad misses the mark. The proposed discovery served on M&T is similar to that served on other banks with some customization for this case. Finally, the Court should deny M&T's request for a hearing on this routine request to conduct limited discovery.

II.    ARGUMENT

   A.    M**&T Fails to Meet The Standards Governing Reconsideration.**

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *S.E.C. v. Huff*, 2010 WL 541634, at *1 (S.D. Fla. Feb. 9, 2010). "The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to *controlling decisions or data* that the court overlooked." *United States v. Zarabozo*, 2008 WL 5062463, at *1 (S.D. Fla. Nov. 26, 2008) (emphasis in original). Such a motion must be denied unless the movant clearly establishes: (1) a material intervening change in controlling law; (2) the availability of new evidence justifying reversal of the court's previous decision; or (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

M&T cannot satisfy any of these standards. The Court's Order granting plaintiff's motion to defer was consistent with its previous Orders granting similar relief on multiple occasions in other cases in this MDL. M&T has shown no intervening change in controlling law,

no newly-discovered evidence and no clear error or manifest injustice which would warrant granting a motion for reconsideration.

### B. *Concepcion* Does Not Limit The Scope of Discovery

Assuming, *arguendo*, the Court entertains this motion, it should be denied. The Eleventh Circuit remanded this case for a determination of whether the arbitration clause is unconscionable under Maryland law. *Concepcion* recognizes that unconscionability is a matter of state law. The circumstances here are similar to those in the other cases where this Court has allowed plaintiffs limited, arbitration-only discovery. See Orders Deferring Arbitration Ruling and Granting Limited Discovery **[DE#1576, 1673, 1950, 1985, 2191]**.

In her motion to defer **[DE # 2655, at p. 3]**, Plaintiff cited numerous post-*Concepcion* case authorities recognizing the need for, and granting, arbitration-related discovery. Most recently, *O'Brien v. American Express Company*, No. 11-CV—1822-BTM (BGS) 2012 WL 1609957, *1 (S.D. Cal. May 8, 2012), and cases cited therein, likewise granted arbitration discovery on unconscionability issues post-*Concepcion*. In *Larsen*, the Eleventh Circuit approved limited arbitration-related discovery in another bank overdraft fee case. M&T's claim that "the primary issue [in *Larsen*] was an alleged waiver of arbitration which was almost certainly the focus of the Court's discovery comment" (Motion, at p. 12) is unfounded speculation and wrong. The plaintiff in *Larsen* raised an unconscionability defense. *See* **DE # 1506**, pp. 6-9, 23-31 (requesting arbitration discovery to bolster opposition which included claims of unconscionability under the laws of Florida, Georgia, Louisiana, and Texas).

The few cases cited by M&T denying arbitration-related discovery are inapposite. *E.g.*, *Meyer v. T-Mobile USA, Inc.* ___ F.Supp.2d ___, 2011 WL 4434810 (N.D. Cal. Sept. 23, 2011) (no discovery permitted principally because contract contained an opt-out provision

demonstrating no procedural unconscionability); *Giles v. GE Money Bank*, 2011 WL 4501099 (D. Nev. Sept. 27, 2011) (same, plus no attorneys' fee clause, no fine print and arbitration provision colored differently); *Valle v. Lowe's HIW, Inc.*, 2011 WL 3667441 (N.D. Cal. Aug. 22, 2011) (no discovery permitted because plaintiff did not seek discovery directed to procedural unconscionabilty). Here, the arbitration agreement does not have an opt-out provision and has attorneys' fees-shifting provisions. Moreover, Plaintiff Given seeks discovery directed to procedural and substantive unconscionability.[1]

## C. Discovery Directed to the Non-Monetary Relief Clause.

The Account Agreement (at pp. 18-19) provides that any claims seeking injunctive or other non-monetary relief are **not** subject to arbitration ("Non-Monetary Relief Clause") **[DE # 2645, Ex. 1]**. M&T urges that discovery related to the Non-Monetary Relief Clause is foreclosed because the Eleventh Circuit has held that application of such clause is for the arbitrator to decide. (Motion, at pp. 5-6.)

The Bank misapprehends the relevance of this discovery. Discovery directed to the drafting, interpretation and historical application of the Non-Monetary Relief Clause is relevant to demonstrate that the arbitration agreement lacks mutuality or is otherwise one-sided, and is therefore substantively unconscionable. Specifically, this clause favors the Bank, because in practical effect only the bank depositor, not the Bank, will be seeking injunctive or other non-monetary relief and the bank desires to have those claims decided by a court, not an arbitrator.

---

[1] M&T's note that the Court first decided the issue of unconscionability in this case without discovery (Motion, at p. 12) is of no consequence. This does not preclude Plaintiff from conducting discovery at this juncture. In addition, according to the Bank, *Concepcion* divested Plaintiff of one of its arguments (class action waivers) favoring unconscionability. Without accepting that premise, Plaintiff now seeks to further develop a full factual record for its other arguments.

C.f., *Walther v. Sovereign Bank*, 872 A.2d 735 (Md. 2005) (clause in mortgage loan contract providing carve-out from arbitration for foreclosure and related injunctive relief not unconscionable for lack of mutuality because foreclosure proceedings provide protections for both sides); *O'Brien v. American Express Company*, *supra*, *3 (topic areas relevant to whether arbitration agreement at issue is one-sided).

   D.   **Discovery Directed to Agreements and Communications with Depositors and Arbitration Proceedings.**

M&T seeks to cut off discovery directed to customer agreements and account agreements, communications with Plaintiff and other customers regarding changes to those agreements, and communications with Plaintiff during the class period (2003 to present).[2] (Motion at pp. 6-8). This myopic view is misconceived.

This discovery is relevant to the issue of procedural unconscionability. Documents provided to Plaintiff at the time she signed up for the account, all account statements or other forms of written communications between the Bank and Plaintiff and all documents provided to Plaintiff regarding any changes to the terms of the customer agreements are relevant, for example, to whether the Bank had overwhelming bargaining strength, to whether the terms were explained to the weaker party and to whether alterations in the printed terms would have been permitted by the drafting party. *Doyle v. Finance Am. LLC*, 918 A2d 1266, 1274 (Md. Ct. Spc. App. 2007) (identifying foregoing as factors in procedural unconscionability analysis under Maryland law). This discovery is also relevant to whether the Bank reserves the right to unilaterally alter, amend, modify or revoke the arbitration agreement, which bears on substantive

---

[2] Specifically, this discovery is directed to all versions of the account agreements and customer agreements, all notices and mailers regarding any changes to the account agreements sent to Plaintiff and other customers, all documents provided to Plaintiff at the time she signed up, and all account communications with Plaintiff.

unconscionability. *Walther v. Sovereign Bank*, 872 A.2d 735, 747 (Md. 2005). The Bank admits that the Court has previously allowed discovery related to "unilateral changes implemented" to an arbitration agreement. (Motion, p. 8.) The same rationale logically applies to the entire Account Agreement, since the right to unilaterally modify applies to both the arbitration provisions and all other provisions in the Account Agreement.

Further, and for the same reasons, discovery directed to other customers and versions of Plaintiff's account agreement and other agreements is likewise relevant, since it will likely adduce evidence about how the Bank treated agreements with Plaintiff and other customers. For example, the Bank's communications regarding all agreements, not just the account agreement attached to the complaint, will tend to evidence whether the Bank would have permitted alterations to the printed terms. Such discovery may also reveal whether there are other agreements that cover debit cards issued to customers and whether they contain arbitration provisions.[3]

M&T's reliance upon M*eyer v. T-Mobile USA, Inc.*, (Motion, at p. 6) is misplaced. *Meyer* concluded that the arbitration provision there was not procedurally unconscionable principally because it contained an "opt-out" provision (not present in the M&T agreement). In addition, the *Meyer* court, applying California law, did not consider whether the telephone company would have permitted amendments or modifications to the printed language or whether the terms were explained to plaintiff or other customers, which is relevant under Maryland law.

---

[3] For example, plaintiff in the Compass Bank case recently discovered the existence of a separate debit card agreement which had been issued to plaintiff and other customers which did not contain an arbitration clause. **[DE # 2690, pp. 1-3]**. If discovery reveals that M&T issued a similar agreement, this would bolster Plaintiff Given's argument that the arbitration provision in the account agreement attached to the complaint was a surprise and that Plaintiff and other customers lacked knowledge of it, or that it was superceded by another agreement and no longer applicable.

While acknowledging that the Court has permitted discovery related to the number and results of arbitrations, M&T nevertheless also seeks to cut off discovery directed to NAF and JAMS, arguing that such discovery should be limited to the AAA which is the designated arbitration body in Plaintiff's account agreement.[4] (Motion, at p. 8.) Again, M&T takes an overly constrictive view. It is in part the Bank's overall approach to and handling of arbitrations (whether it be AAA, NAF or JAMS) that bears on whether their customer agreements are unconscionable. In addition, discovery directed to cases where the consumer has asserted unconscionability as a defense will disclose what type of evidence has been proffered by both the consumer and the Bank on the issue and how the Bank has fared on that subject – which is germane regardless of the administrative body. *Clemins v. GE Money Bank*, 2011 WL 6148676 (E.D. Wis. Dec. 8, 2011), cited by M&T (Motion, at p. 8), is inapposite since the discovery there related only to the issue of costs, not results in other arbitrations.[5]

### D. Contract Formation Remains Viable.

The Bank next asserts that the Account Agreement governs Plaintiff's relationship with it, that the Agreement contains an "unambiguous agreement to arbitrate," and therefore the issue of the formation and existence of the arbitration agreement is "off the table." (Motion, at pp. 8-9.) To the contrary, Plaintiff has previously raised formation issues in this litigation. Plaintiff argued at the hearing on M&T's first Eleventh Circuit appeal that the Account Agreement lacked consideration and was therefore unenforceable because the Bank could unilaterally change its

---

[4] This discovery is directed to communications with and payments made to those arbitration bodies, the number/results of arbitration, the circumstances under which the Bank will or will not arbitrate a dispute, and cases where a consumer has asserted that the Bank has waived the arbitration clause.

[5] There is also no burden on the Bank to state that none of their agreements designate NAF or JAMS as the administrative bodies if that is the case.

7

terms, citing *Cheek v. United Healthcare of Mid-Atlantic, Inc.,* 835 A.2d 656, 667 (Md. 2003). *Cheek* involves a substantive unconscionability analysis premised upon lack of mutuality and an illusory contract. *See Walther v. Sovereign Bank*, 872 A.2d 735, 747 (Md. 2005). Plaintiff again raised *Cheek* in response to M&T's renewed motion to compel arbitration following the Eleventh Circuit's first remand. *See* **DE # 1686, at pp. 19-20**. In addition, formation-directed discovery is equally relevant to the issue of procedural unconscionability discussed above.

M&T's argument that Plaintiff is estopped to assert a formation or waiver defense (Motion, at p. 8) is wrong. Not only has Plaintiff previously raised this issue, but the Bank demonstrates no prejudice. The Bank's cited authorities (Motion, at p. 9) are inapposite. In *Richardson v. V.I. Port Auth.*, 2010 WL 1641154 at *10 (D.V.I. Apr. 21, 2010), the issue was whether plaintiff had read the contract or understood it, which the court found was insufficient to vitiate the contract; by contrast, Plaintiff Given here raises other unconscionability factors which this Court has previously recognized warrant discovery. *Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 203 (3d Cir. 2004) also has no application, since Plaintiff here *did* raise *Cheek* on multiple prior occasions in this action.

**E. Discovery Is Necessary To Develop A Complete Record As to Whether the Arbitration Agreement is Unconscionable.**

M&T argues that, unlike the other five bank cases where this Court granted arbitration-related discovery, it should be denied here. (Motion, at pp. 10-15.) Specifically, the Bank asserts that the presence of class action waivers is *ipso facto* irrelevant post-*Concepcion,* that discovery on the attorneys' fees shift provision is foreclosed under *Musnick v. King Motor Co. Of Fort Lauderdale*, 325 F.3d 1255, 1260-62 (11th Cir. 2003) and that unconscionability "can be determined as a matter of law from the face of the agreement." None of these arguments has merit.

**1.     M&T Misstates The Bases for Unconscionability.**

For starters, the Bank incorrectly claims that the class action waiver and prevailing party fee provisions are the only bases asserted by Plaintiff for unconscionability. As Plaintiff argued in Appeal II, other terms and conditions also evidence unconscionability. They include that: 1) M&T maintains the unlimited right to seize funds pursuant to its self-granted security interest and to "restrict deposits in and withdrawals from" a customer's account once that customer initiates a proceeding against the Bank (Account Agreement, p. 20); 2) the agreement requires the customer to pay all of the Bank's attorneys' fees *regardless* of the outcome of the proceeding (Account Agreement, p. 9); and 3) M&T purports to restrict a customer's recovery to her direct monetary losses (Account Agreement, p. 19).

**2.     *Concepcion* Did Not Immunize Exculpatory Arbitration Clauses from Consideration.**

M&T's assertion that post-*Concepcion* class action waivers can play no role in the unconscionability analysis (Motion, at pp. 12-13) is misguided. *Concepcion* does not preclude class action waivers from being considered in determining the unconscionability of other terms. Here, for example, the *in terrorem* effect of the attorneys' fees-shifting provision is dramatically greater when considered on a single claimant – as opposed to class – basis.

M&T further asserts that *Concepcion* precludes, on preemption grounds, *any* argument that an agreement to arbitrate is unenforceable because it operates to unfairly insulate a party from liability. (Motion, at p. 13.) M&T is wrong to suggest that this is no longer a relevant inquiry. In *Concepcion*, Justice Scalia, writing for the majority, found that a customer could be forced via an adhesive contract to pursue small claims on an individualized basis in arbitration, forfeiting the right to "team up" with others similarly situated; yet also acknowledged the terms

of the arbitration clause must still otherwise be fair to the customer so as not to deter the customer from pursuing those or any claims. *Concepcion*, 131 S. Ct. at 1746.

Accordingly, Justice Scalia's analysis focused on the nature and scope of the AT&T arbitration clause. His opinion emphasized five salient features of that clause: (1) perhaps most significantly, AT&T could never seek any payment of attorneys' fees or costs from the complaining customer; (2) the customer paid no costs of arbitration; (3) the customer was guaranteed $7,500 if the arbitration result was better than AT&T's last offer; (4) the customer was reimbursed for double her legal fees; and (5) the customer's expert fees and costs were paid. *Id*. at 1753. In stark contrast, M&T's Arbitration Clause contains none of these features:

- If M&T prevails, it is entitled to recover its attorneys' fees and the arbitration fees and costs from the customer; and another provision requires the customer to pay M&T's attorneys' fees *regardless* of who prevails;

- The customer is required to pay an upfront share of the arbitration costs;

- There is no added monetary incentive for the customer beyond his or her small claim; indeed, the agreement restricts a customer's recovery to her direct monetary losses;

- The Arbitration Clause likewise provides no added fee incentive for an attorney to pursue an individual claim against M&T; and

- M&T maintains the unlimited right to seize funds pursuant to its self-granted security interest and to "restrict deposits in and withdrawals from" a customer's account once that customer initiates a proceeding against it. In other words, M&T has conferred upon itself the right to empty a customer's bank account or hold it hostage in the event that customer seeks to recover damages from the Bank.

*Concepcion* did *not* hold that factors like these cannot make an arbitration clause like the one here unconscionable under state law. The combined effect of M&T's provisions is to unfairly exculpate M&T for its misconduct, by preventing any individual customer from seeking redress for small value damages. Unlike the situation in *Concepcion*, the terms and conditions of the Arbitration Clause are patently overreaching and unfair.

### 3. Discovery Related to the Attorneys' Fees-Shifting Provisions Is Relevant.

Finally, M&T asserts that prevailing-party fee shifting provisions are "routinely enforced" under Maryland law and, therefore, do not render the contract substantively unconscionable. (Motion, at pp. 13-15.) This is a *non-sequitur*. The contractual fee-shifting cases cited by M&T do not involve consumer contracts or unconscionability challenges. In addition, and especially because an M&T customer would be required to proceed as to her individual claim only, several elements of the clause – including the fee-shifting provision and the provision purporting to allow M&T to unilaterally seize consumer funds – operate together to deter the bank customer from ever pursuing low value claims. In consequence, these provisions unfairly insulate M&T from liability. *Dale v. Comcast Corp*, 498 F.3d 1216, 1222-23 (11th Cri. 2007) (parties should not be permitted to use arbitration agreements to immunize themselves from liability for wrongdoing). Simply put, no reasonable consumer would ever bring an arbitration claim against the Bank seeking to recover a couple of hundred dollars in improperly-imposed overdraft fees if there were *any* chance she could lose and thereby have to pay the Bank's attorneys' fees.

M&T also argues, citing *Concepcion*, that the FAA preempts any state law doctrine that invalidates an arbitration agreement because it contains a prevailing party attorneys' fees provision on the precept that arbitration agreements must be placed "on an equal footing with other contracts." (Motion, at pp. 12-13.) To the contrary, the vice of the attorneys' fees shifting provision here is its *in terrorem* deterrent effect on bringing claims *at all* – whether in arbitration or in court. Because this provision is not arbitration-specific, preemption does not apply. Further, as M&T acknowledges (Motion, at fn. 5), the Account Agreement provides a second

11

attorneys' fees clause that affords M&T the ability to recover its legal fees from her *regardless* of whether it prevails.

Finally, contrary to M&T's assertions, *Musnick v. King Motor Co. Of Fort Lauderdale*, does not foreclose discovery on the fee-shifting clauses. In *Musnick*, the plaintiff brought a Title VII discrimination claim and, premised upon *Green Tree Fin.Corp-Ala. v. Randolph*, 531 U.S. 79 (2000), sought to avoid an arbitration clause in her employment agreement contending that the prevailing party attorneys fees shift provision, standing alone and without any evidentiary showing, would effectively preclude plaintiff from pursuing her statutory claim. 325 F.3d at 1260-62. *Musnick* held that that the plaintiff failed to make any evidentiary showing as to what her exposure to fees and costs would be (as required by *Green Tree*), and in any event, it was too speculative to decide whether the employee would not prevail and therefore be subject to the "loser pays" provision until the arbitration was decided. *Id.*

*Musnick* has no application here. *First*, this Court has previously permitted the very type of discovery on unconscionability in all of the other cases. *Second*, *Musnick* did not involve an unconscionability defense or analysis. Plaintiff here argues that the *in terrorem* effect of a prevailing party attorneys' fees provision in low value claims would deter her and other similarly situated consumers from bringing their arbitration claims *at all*. Plaintiff seeks to develop a record of what those fees and costs have been to date and will likely be going forward. *Musnick*, by contrast, did not consider or analyze the deterrent effect; it merely held that plaintiff had an available remedy to contest any fee award after the fact in the event she loses the arbitration. *Third*, even if *Musnick* otherwise applied here, the Account Agreement here contains a provision that, unlike *Musnick*, obligates Plaintiff Given to pay the Bank's fees, *regardless* of whether or not she prevails, and the likelihood of imposition of fees is therefore not speculative.

### III.     CONCLUSION

M&T has failed to meet the standard necessary to bring a motion for reconsideration. Additionally, the Bank seeks to deny Plaintiff Given discovery substantially similar to that which has been permitted by this Court in multiple other cases. For the foregoing reasons, Plaintiff respectfully requests that the motion for reconsideration be denied.

Dated: May 17, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst                                    /s/ Bruce S. Rogow
Aaron S. Podhurst, Esquire                        Bruce S. Rogow, Esquire
Florida Bar No. 063606                               Florida Bar No. 067999
apodhurst@podhurst.com                         brogow@rogowlaw.com
Robert C. Josefsberg, Esquire                    BRUCE S. ROGOW, P.A.
Florida Bar No. 40856                                 Broward Financial Center
rjosefsberg@podhurst.com                       500 E. Broward Boulevard
Steven C. Marks, Esquire                           Suite 1930
Florida Bar No.  516414                             Fort Lauderdale, FL  33394
smarks@podhurst.com                              Tel: 954-767-8909
Peter Prieto, Esquire                                  Fax: 954-764-1530
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596