BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Checking Account Overdraft Litigation | MDL Docket No. 2036 |
| *Command v. Bank of America*,<br>  S.D. Fla. Case No. 1:11-cv-21270-JLK<br>  W.D. Mich. Case No. 1:10-cv-01117-RLJ | |

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1407(a), Defendant Bank of America, N.A. ("Bank of America" or the "Bank") respectfully requests that the Judicial Panel on Multidistrict Litigation ("JPML") remand this action to the United States District Court for the Western District of Michigan from which it was originally transferred to MDL 2036.[1] The transferee court here, the United States District Court for the Southern District of Florida, previously granted Bank of America's Motion for Entry of a Suggestion of Remand. (MDL DE # 2677 (attached as Exhibit 2).)[2]

This individual, *pro se* action is the only remaining case pending in the MDL 2036 proceedings against Bank of America in the aftermath of the nationwide class action settlement of the other Bank of America cases which was finally approved by the MDL transferee Court on November 7, 2011 (MDL DE # 2089), and on which the Court entered its final order and judgment on November 22, 2011 (MDL DE ## 2150, 2151). The only two plaintiffs in the

---

[1] The present Motion is now directed toward the JPML, which is expressly empowered under § 1407 to remand previously transferred and consolidated cases; the Motion is also filed in the transferee court pursuant to Panel Rule 10.3(b). Bank of America has also attached as Exhibit 1, an affidavit pursuant to Panel Rule 10.3(a).

[2] Citations herein are either to the JPML's docket for the *In re Checking Account Overdraft Litigation*, No. 2036, ("JPML DE # [Num.]"), the district court docket for the *In re Checking Account Overdraft Litigation*, No. 2036, ("MDL DE # [Num.]"), or to the district court docket for the Command action in the Southern District of Florida, No. 11-21270 ("COM DE # [Num.]").

*Command* case timely excluded themselves from the Bank of America class action settlement. (*See* MDL DE # 2151, Ex. 1.)

This action no longer benefits from continued coordination with the cases currently pending against various other banks in the MDL litigation, since the major focus in *this* action is and will be on individual state law *foreclosure* issues unique to the *Command* plaintiffs, and since this case can now be more economically and efficiently handled in Michigan, where it was originally commenced, where the district court is already familiar with and has ruled on some of the substantive foreclosure issues, where the *pro se* plaintiffs reside, and where the real property that is at the center of the case is located.[3]

## BACKGROUND

The Commands, as *pro se* plaintiffs, commenced this action in October 2010, in state court in Michigan. (COM DE # 7, Ex. 5 (First Amended Complaint "FAC").) The action was subsequently removed by the Bank to federal court under federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (*See* COM DE # 1 (Def.'s Not. of Removal).) The FAC centrally focuses on the allegedly wrongful foreclosure of a rental property formerly owned by the Commands in northern Michigan. (FAC ¶¶ 29-30.) The Commands specifically allege, although wrongly, that as a result of numerous mergers, Bank of America ultimately assumed ownership of their mortgage and breached its contract with the Commands, and other legal requirements, in wrongfully foreclosing on the property. (*Id.* ¶¶ 8-12, 29-30, 45-46, 53.)

---

[3] The *Command* action expressly raises posting order and overdraft fee issues in common with other cases in the MDL proceedings, but the central focus in *Command* is on real property foreclosure issues. Moreover, in light of the Bank of America settlement of the other cases in this MDL, there will be no further development of the posting order and overdraft fee issues *as to Bank of America* in the MDL 2036 proceedings.

2

In connection with the foreclosure, the Commands allege "Bank of America" committed and engaged in a number of wrongful acts in breach of its supposed fiduciary duty. (COM DE # 19 ¶¶ 25, 27 (Br. in Supp. of Mot. to Stay Redemption Period).) In addition to their foreclosure claims, the Commands also include in their FAC allegations concerning the sequence in which the Bank posted debit card transactions to customer accounts, and the additional overdraft fees that the Bank allegedly assessed the Commands as a result.[4] (FAC ¶¶ 13-22.)

Based on these (and other) allegations, the Commands assert several purported causes of action, the majority of which are state common law claims, including breach of contract, fraud/intentional misrepresentation, breach of warranty, tortious interference with contract, conversion, and civil extortion, all focused on the allegedly wrongful foreclosure. (*See id.* ¶¶ 36-98.) In addition, the Commands also include in the FAC two purported federal claims for supposed violation of the Hobbs Act, 18 U.S.C. § 1951, and civil RICO, 18 U.S.C. § 1964, which are the basis for federal subject matter jurisdiction over the case. (*Id.* ¶¶ 89-95, 99-109; *see also* Not. of Removal ¶ 2.) The Commands apparently want to recover the real property, or the value of that property, among other relief.

After the commencement and removal of this action to federal court, the Commands filed a motion in district court in Michigan to stay the expiration of the period during which, under Michigan law, they could redeem their property from foreclosure. (COM DE # 1, Ex. 3 (Mot. to Stay Expiration of Redemption Period).) Following full briefing and hearing, the transferor district court ultimately denied the Commands' motion. (*See* COM DE # 20 (Ct. Order).) The

---

[4] Bank of America provides this summary of the *allegations* in the *Command* case for informational purposes only; the Bank vigorously denies all of the substantive allegations in the FAC and in the other pleadings in *Command*. In fact, the amount of the overdraft fees the Commands were assessed due to the posting order used for their account does not begin to explain their failure to make their mortgage payments on the property -- the incremental overdraft fees were a small percentage of their default amount on the mortgage.

3

Commands, in turn, appealed the district court's ruling, and the Sixth Circuit Court of Appeals affirmed the denial of the injunction.[5]  (*See* COM DE # 22 (Not. of Appeal).)

Since the transfer of the case to the Southern District of Florida, the Commands have not attempted to participate actively in the proceedings.  The Commands did timely opt out of Bank of America's MDL settlement.  Thus, after the Court's November 22, 2011 formal order approving the Bank of America settlement and the final judgment dismissing the settled Bank of America MDL cases, (MDL DE ## 2150, 2151), the *Command* case is the only case against Bank of America that remains in the MDL.

### REMAND IS APPROPRIATE AS THE INSTANT ACTION WILL NO LONGER BENEFIT FROM COORDINATED PROCEEDINGS AND THE TRANSFEREE COURT AGREES

The JPML has the exclusive authority to remand a case transferred under 28 U.S.C. § 1407.  The decision to remand is based upon the totality of the circumstances, as determined on a case-by-case basis.  *See In re Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008); *In re Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006).  The decision to remand turns on "whether the case will benefit from further coordinated proceedings as part of the MDL."  *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001) (citing *In re Air Crash Disaster*, 461 F. Supp. 671-73 (J.P.M.L. 1978)).  *See also* 28 U.S.C. § 1407 (stating that transfer of cases is appropriate "for the convenience of parties and witnesses and [to] promote the just and efficient conduct of such actions").

---

[5] The Commands opposed the transfer of their action to the MDL and filed a motion to vacate the JPML's Conditional Transfer Order, which motion the JPML ultimately denied.  As part of the briefing in connection with that motion, the Bank specifically advised the JPML of the then pendency of the Sixth Circuit appeal.  (JPML DE # 487.)

4

A transferee court's suggestion of remand to the Panel under Rule 10.1(b)(i) of the Rules of Procedure of the JPML is a clear indication that a case no longer benefits from coordination as such a suggestion is intended to "insure the maximum efficiency for all parties and the judiciary." *Hockey v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007) (quoting *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976)). Such a suggestion is given considerable weight by the JPML. *See In re Asbestos Prods. Liab. Litig.*, 545 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008) ("[T]he Panel has consistently given great weight to the transferee judge's determination that remand … is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."); *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977) ("[I]n considering remand of this action, the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate.); *In re IBM Peripheral*, 407 F. Supp. at 256 ("[W]e have in the past stated that we would place great weight on the transferee judge's determination that remand of a particular action at a particular time was proper.").

In the present instance, the transferee court *has* suggested remand, noting that "this action no longer benefits from continued coordination with the cases currently pending against various other banks in th[e] MDL litigation."[6] (MDL DE # 2677.) With the final approval of the nationwide class settlement involving Bank of America, this action is the only remaining case against the Bank in the MDL, and it does not even focus on the same key issues that drive any of the other actions transferred to the MDL. Although the *Command* case does raise common issues of posting order and overdraft fees with the settled actions against the Bank, those issues

---

[6] Plaintiffs did not file any response to Bank of America's Motion for Entry of a Suggestion of Remand. That is quite understandable, as the end result of the JPML's granting the Motion to Remand is that this case will be returned to the court in which the *Command* plaintiffs originally initiated the action and the district in which they allegedly reside.

5

are only a relatively small and discrete part of the Commands' overall allegations. Indeed, the Commands' FAC principally relates to and focuses on real property foreclosure issues that are not common to any other cases in the MDL. Any discovery on these issues will be distinct and specific to the Commands individually and to property located in Michigan; thus, further coordination of discovery will not "eliminate duplicative discovery, prevent inconsistent pretrial rulings, [or] conserve the resources of the parties, their counsel and the judiciary." *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (citing 28 U.S.C. § 1407). Moreover, with the other cases against Bank of America having settled, there will be no further development in these proceedings of the posting order and overdraft fee issues as to Bank of America that could conceivably benefit the parties.

Furthermore, remand is warranted here to "best serve the expeditious disposition of the litigation." *Manual for Complex Litigation*, Fourth § 20.133. The Commands are *pro se* plaintiffs residing in Michigan, and, under current circumstances, it will be significantly less burdensome for them to litigate this case in a district court in their home state. Additionally, the transferor court in Michigan has held hearings and already made rulings on foreclosure-related issues in the case, one of which was previously appealed to and decided by the Sixth Circuit. Other proceedings relating to the foreclosure of Plaintiffs' property are or were pending in state courts in Michigan. At this stage, therefore, the transferor court is more familiar with the central issues in *Command* and with the foreclosure laws of Michigan, and can best deal with the individual issues present in the *Command* case on a going-forward basis and coordinate with any related foreclosure proceedings in Michigan, if necessary and appropriate.

Under these circumstances, the *Command* action will not benefit from continued coordination in the MDL, "[s]ince this action contains individual state law foreclosure issues

6

unique to the Command plaintiffs," and "[t]he case can be more economically, efficiently and conveniently handled by the transferor court in Michigan." (MDL DE # 2677.)

## CONCLUSION

For all of the reasons set forth above, and because of the transferee court's suggestion of remand and the lack of opposition to remand, Bank of America respectfully requests the JPML remand the *Command* case to its transferor court, the United States District Court for the Western District of Michigan.

By: s/ Laurence J. Hutt
LAURENCE J. HUTT (California Bar No. 066269)
Laurence.Hutt@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
Attorney for Defendant Bank of America, N.A.

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Checking Account Overdraft Litigation<br><br>*Command v. Bank of America*,<br>        S.D. Fla. Case No. 1:11-cv-21270-JLK<br>        W.D. Mich. Case No. 1:10-cv-01117-RLJ | MDL Docket No. 2036 |

CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.  I further certify that I mailed the foregoing document by First Class Mail, postage prepaid, to the following individuals:

>Timothy and Marci Command
>
>3636 4 Mile Road NE,
>
>Grand Rapids, Michigan 49525.

>By: s/ Laurence J. Hutt
>LAURENCE J. HUTT (California Bar No. 066269)
>Laurence.Hutt@aporter.com
>ARNOLD & PORTER LLP
>777 South Figueroa Street, 44th Floor
>Los Angeles, California 90017-5844
>Tel: (213) 243-4000
>Fax: (213) 243-4199
>Attorney for Defendant Bank of America, N.A.