# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:**

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-CV-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

---

## RESPONSE OF WELLS FARGO BANK, N.A. IN OPPOSITION TO INTERVENOR
## JEFF HORWITZ'S "REQUEST FOR ASSISTANCE"

## I.      INTRODUCTION

Wells Fargo Bank N.A. ("Wells Fargo") respectfully requests that the Court deny Mr. Horwitz's "Request for Assistance."  Mr. Horwitz's filing is not a proper motion under this Court's Local Rules.  It lacks an explanation of what "assistance" he is seeking from the Court; nor does it provide any supporting legal authorities or a certificate of service.[1]  Even if Mr. Horwitz's filing were a proper motion, this Court would not have jurisdiction to consider it because the Eleventh Circuit has stayed all proceedings in the above-captioned cases pending disposition of Wells Fargo's appeal.  *See* DE # 2485.  In any event, Mr. Horwitz's submission is premature and likely unnecessary.

## II.     BACKGROUND

On February 21, 2012, the Eleventh Circuit granted Wells Fargo's motion to stay all proceedings in the above-captioned cases (which are the cases in this MDL to which Mr. Horwitz's "request" appears to relate)[2] pending Wells Fargo's appeal of the Court's denial of its arbitration motion.  (DE # 2485).  Because the Eleventh Circuit stayed all proceedings, Wells Fargo declined to consent to plaintiffs' filing of redacted motions for class certification at this time.  Mr. Horwitz has petitioned the court for unspecified "assistance," leaving this Court and Wells Fargo to guess as to what relief he may be seeking.

On December 12, 2011, the Court granted Mr. Horwitz intervenor status in this MDL "for the sole and limited purpose of permitting Mr. Horwitz to raise challenges to the few

---

[1] Mr. Horwitz (who has been granted ECF filing privileges (DE #2376) but did not file electronically) also failed to serve Wells Fargo by first class mail at the time of filing.  Although Mr. Horwitz shared a draft of his "request" during the meet and confer process, Wells Fargo did not receive the actual filing until the clerk filed it electronically on the ECF system.

[2] In addition to its numerous other defects, Mr. Horowitz's submission violates this Court's explicit order (DE # 60) that any filings made in this MDL specify in the caption the specific cases to which the filing pertains.

instances where documents have been filed under seal." DE # 2212 at 2.  The Court explicitly

directed Mr. Horwitz "to abide by the Local Rules of this Court" in any future motion.  *Id.*  The

Court further denied Mr. Horwitz's motion to unseal, finding that the parties' Stipulated

Protective Order "established an appropriate process" to address material "for which special

protection is warranted."  *Id.* at 3.

Mr. Horwitz's current "request" concerns the two class certification motions that

plaintiffs previously filed under seal in these cases on April 24, 2011.  Plaintiffs included in

those submissions a large amount of material that had been designated confidential in discovery

and therefore had to be filed under seal pursuant to the Stipulated Protective Order entered into

by the parties on July 15, 2010, and approved by this Court on July 16, 2010.  *See* DE ## 687,

688.  These included account documents of the named plaintiffs containing account numbers and

other private personal information, business records of the bank the public disclosure of which

could expose it to fraud, and other confidential information.

Shortly after plaintiffs filed the class certification motions under seal, plaintiffs

challenged certain of Wells Fargo's confidentiality designations, invoking procedures outlined in

the Protective Order.  Declaration of Emily Johnson Henn ¶ 2.  After good-faith negotiations, the

parties agreed that plaintiffs would redact sensitive information from several items and that

Wells Fargo would remove the confidentiality designations entirely from others, leaving only 4

out of 140 exhibits that would have to remain entirely under seal.  *See id.* Ex. A.  From May 24,

2011 to February 2012, nothing stood in the way of plaintiffs' filing of new public versions of

the two class certification motions with the agreed upon redactions.

Then, on February 21, 2012, the Eleventh Circuit entered a stay of all district

court proceedings in these cases, pending the bank's appeal of this Court's order denying Wells

Fargo's arbitration motion.  DE # 2485.  Jurisdiction in these cases thus lies exclusively in the Court of Appeals until that appeal is decided.

Mr. Horwitz has periodically contacted counsel for Wells Fargo and asked when the class certification motions would be filed on the public docket.  Henn Dec. ¶ 3.  Wells Fargo responded that Mr. Horwitz should talk to plaintiffs' counsel, that the ball was in plaintiffs' court, and that Wells Fargo had long since concluded its negotiations with plaintiffs over appropriate redactions.  *Id.*[3]  On April 19, 2012, two months after the stay was entered (and apparently in response to further prompting from Mr. Horwitz), plaintiffs sent Wells Fargo redacted copies of their motions.  *Id.* ¶ 5.[4]  Plaintiffs asked Wells Fargo to confirm that those revised motions accurately implemented the redactions agreed upon by the parties a year ago.  *Id.*  Plaintiffs also asked Wells Fargo to "confirm" that, notwithstanding the intervening entry of the stay, the motions could be filed even while the stay was pending and that such a filing would not violate the stay.  *Id.*  Wells Fargo responded that it did not agree that such a filing would be appropriate during the pendency of the stay.  *Id.* ¶ 6.  Plaintiffs informed Mr. Horwitz of Wells Fargo's position, and Mr. Horwitz then filed his "Request for Assistance" with the Court.

---

[3] Contrary to what Mr. Horwitz says in his "request" (at 1-2) Wells Fargo did not agree that any filing could occur during the pendency of the stay; rather, its discussions with Mr. Horwitz focused on the process of getting the material ready to file when the appropriate time came. Henn Dec. ¶ 4.

[4] Wells Fargo has found some errors in the redactions in these documents, which it has brought to plaintiffs' attention.

### III.    ARGUMENT

#### A.    Mr. Horwitz Has Failed To Comply With the Local Rules of This Court, As He Has Been Directed To Do.

Despite the Court's direction that Mr. Horwitz "abide by the Local Rules of this Court," (DE # 2212), Mr. Horwitz's filing fails to comply with Local Rules 7.1 and 5.2.[5]

First, Mr. Horwitz makes a plea for "assistance" without describing any concrete action he asks the Court to take as required by Rule 7.1(a)(2), leaving Wells Fargo and the Court to guess what Mr. Horwitz wants the Court to do.  This alone is sufficient ground to deny his "request."

Compounding the confusion, Mr. Horwitz offers no legal authority in support of whatever relief he is seeking.  Local Rule 7.1(a)(1) requires that motions filed in the district court "incorporate a memorandum of law citing supporting authorities."  S.D. Fla. Local Rule 7.1(a)(1).  Mr. Horwitz fails to refer to any legal authority whatever in support of his "Request for Assistance."  He simply argues that he does not "believe" that the Court is unable to accept motions when a stay has been imposed by the Eleventh Circuit.  Request at 2.  (During meet and confer discussions, Mr. Horwitz commented that he did not intend to research the issue.  Henn Dec. ¶ 7.)  He suggests that "[j]oint filings can occur in stayed cases" (Request at 2) – which is a non-sequitur given that there is no joint motion at issue here.  He points to not a single example in which a court accepted a filing of this kind – whether joint or otherwise – while a case was stayed.

Courts in this district may deny motions "on the basis that they lack[] legal memoranda or citations to supporting authorities," *Harbaugh v. Greslin*, 436 F. Supp. 2d 1315,

---

[5]  Mr. Horwitz failed to "include a certificate of service" as required by Local Rule 5.2(a) and did not in fact serve his submission.  S.D. Fla. Local Rule 5.2(a).

1322 (S.D. Fla. 2006), and Wells Fargo submits that it would be appropriate for the Court to do so here.  When this Court granted Mr. Horwitz intervenor status for the limited purpose of raising challenges to documents filed seal, the Court reiterated that "Mr. Horwitz is directed to abide by the Local Rules of this Court."  DE # 2212 at 2; *see also* DE #2376.  Mr. Horwitz (who is a reporter) is plainly capable of reading and following the rules, which are publicly available on the Court's website.  He is also capable of seeking legal assistance if he has a question about the local rules or the applicable law.  Mr. Horwitz's failure to take these simple steps has burdened the Court and the parties with an improper and hopelessly vague filing, and this Court should deny Mr. Horwitz's submission on this basis alone.

### B.   This Court Does Not Have Jurisdiction To Entertain Motions in These Cases Because the Eleventh Circuit Has Stayed All Proceedings.

Even if Mr. Horwitz had filed a proper motion, this Court lacks jurisdiction to entertain motions during the pendency of the Eleventh Circuit's stay of all proceedings.  *See* DE # 2485 (Eleventh Circuit order to "stay the district court proceedings pending disposition of this appeal").  In *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004), the Eleventh Circuit addressed the nature of a "*Blinco*" stay that is entered during the pendency of an appeal from the denial of an arbitration motion.  In considering the question of "[w]hether a party is entitled to a stay of all proceedings in the district court until resolution of an appeal from a denial of arbitration," the appellate court held that when a litigant files a non-frivolous appeal from an order denying a motion to enforce an arbitration agreement, a complete stay of all district court proceedings is appropriate.  *Id*. at 1251.  The appeal is "an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  Furthermore, "[t]he issue of continued

litigation in the district court is not collateral to the question presented by an appeal . . . it is the mirror image of the question presented on appeal." *Id.* at 1251-53 (quoting *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir.1997) (internal quotations omitted)).  Thus, the Eleventh Circuit held that the district court "should not exercise control" over the litigation during the appeal.  *Id.* at 1251.

This is consistent with the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal, which "acts to freeze all proceedings in the district court pending resolution of the appeal." *Shewchun v. United States of America*, 797 F.2d 941, 942 (11th Cir. 1986) (per curiam).  The Eleventh Circuit has noted that there are narrow and limited exceptions to this rule that do not apply here:  the district court "retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n. Inc.*, 895 F.2d 711, 713 (11th Cir. 1990).  Mr. Horwitz's Request for Assistance does not remotely fit into any of the limited and narrow exceptions:  it has nothing to do with Wells Fargo's appeal, it does not concern any clerical mistakes, and there is no judgment to be executed.  *See also Lawson v. Life of the South Ins. Co.*, 738 F. Supp. 2d 1376, 1381-82 (M.D. Ga. 2010) (holding that the court lacked jurisdiction to rule on a motion for an order to preserve evidence during an appeal of the denial of an arbitration motion).

This Court therefore lacks jurisdiction to act on Mr. Horwitz's request at this time.  Any activity in this Court while the appeal remains pending would be inconsistent with the Eleventh Circuit's stay of all proceedings and with that court's holding in *Blinco* that the district court lacks jurisdiction to entertain motions or to "exercise control" over continued litigation

while a *Blinco* stay is in effect.  *Blinco*, 366 F.3d at 1251.  Wells Fargo therefore respectfully requests that the Court deny Mr. Horwitz's request for lack of jurisdiction.

### C.    Mr. Horwitz's "Request" is Premature and Likely Unnecessary.

Mr. Horwitz's Request for Assistance improperly imposes on the resources of Wells Fargo and this Court with a premature submission.  No matter what the Eleventh Circuit decides – be it an affirmance of this Court's Order or a reversal – there will be a remand to this Court with instructions to proceed in accordance with the appellate court's decision.  Depending on the circumstances then prevailing, it is quite possible that the revised motion papers will simply be filed at that time without further ado.  In any event, at that point this Court will again have "control" over these cases with jurisdiction to consider any relief that Mr. Horwitz might properly seek.[6]

## IV.    CONCLUSION

Wells Fargo respectfully requests that the Court deny Mr. Horwitz's "request for assistance" for failure to comply with the local rules and lack of jurisdiction during the pendency of the stay of proceedings ordered by the Eleventh Circuit.

---

[6] It is worthy of note that until information and documents obtained in discovery are filed "in connection with pretrial motions that require judicial resolution of the merits" that material is not subject to any constitutional or common-law right of access.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310, 1312 (11th Cir. 2001).  Accordingly, unless and until proceedings in this Court resume and plaintiffs have live class certification motions that actually "require judicial resolution of the merits," those motions and accompanying exhibits are not covered by the constitutional or common-law right of access.  *Id.*  There is, however, no need for the Court to address this issue at this stage.

May 25, 2012                                    COVINGTON & BURLING LLP

                                               By:  /s/ Emily Johnson Henn
                                               _____

                                                     Sonya D. Winner (*pro hac vice*)
                                                     (swinner@cov.com)
                                                     David M. Jolley (*pro hac vice*)
                                                     (djolley@cov.com)
                                                     COVINGTON & BURLING LLP
                                                     One Front Street, 35th Floor
                                                     San Francisco, CA 94111
                                                     Telephone: (415) 591-6000
                                                     Facsimile: (415) 591-6091

                                                     Emily Johnson Henn (*pro hac vice*)
                                                     (ehenn@cov.com)
                                                     COVINGTON & BURLING LLP
                                                     333 Twin Dolphin Drive, Suite 700
                                                     Redwood Shores, CA 94065
                                                     Telephone: (650) 632-4700
                                                     Facsimile: (650) 632-4800

                                                     Barry R. Davidson
                                                     (bdavidson@hunton.com)
                                                     Florida Bar No. 107678
                                                     Jamie Zysk Isani
                                                     (jisani@hunton.com)
                                                     Florida Bar No. 728861
                                                     HUNTON & WILLIAMS LLP
                                                     1111 Brickell Avenue, Suite 2500
                                                     Miami, FL 33131
                                                     Telephone: (305) 810-2500
                                                     Facsimile: (305) 810-2460

                                                     Attorneys for Defendant
                                                     WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2012, I served the foregoing document with the

Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this

day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of

record entitled to receive service.  I also hereby certify that a copy of the foregoing was served

via First Class Mail to:

Jeff Horwitz (*pro se*)
1 State St. 26th Floor
New York, NY 10004

   /s/ Emily Johnson Henn

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800