UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Casayuran, et al. v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-cv-20496-JLK

*Cowen, et al. v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-cv-21869-JLK

*Hernandez, et al. v. PNC Bank, N.A.*
S.D. Fla. Case No. 10-cv-21868-JLK

**PLAINTIFFS' RESPONSE TO DEFENDANT PNC BANK, N.A.'S MOTION FOR
RECONSIDERATION OF MAY 16, 2012 ORDER**

Plaintiffs and the certified class and subclasses ("Plaintiffs") submit their response to Defendant PNC Bank, N.A.'s ("PNC") Motion for Reconsideration of the Court's May 16, 2012 Order Granting Class Certification ("motion") [**DE # 2721**]. As explained herein, most of PNC's arguments improperly seek another bite at the class certification apple and should be summarily rejected. The only portion of the motion that does not constitute re-argument and warrants consideration relates to PNC's suggestion that the Court amend a few citations in the May 16, 2012 Order Granting Class Certification ("May 16 Order") [**DE # 2697**] that refer to certain pleadings and motions that were superseded by later filings. Plaintiffs do not oppose this limited request because PNC's suggestion will not change the substance of the May 16 Order and will

only serve to clarify the record supporting the Court's findings and conclusions on class certification.

## BACKGROUND

In their original Motion for Class Certification filed on December 20, 2011 [**DE # 2276**], Plaintiffs mistakenly referenced PNC's original Answer [**DE # 1362**].  *See* **DE # 2276**, pp. 40-42.  PNC thereafter reminded Plaintiffs that it had filed an Amended Answer [**DE # 1701**] and asked Plaintiffs to amend their Motion for Class Certification to refer to the Amended Answer. Plaintiffs obliged and filed their "Corrected Motion for Class Certification." [**DE # 2337**].  The substance of the two motions was exactly the same, except that Plaintiffs removed a few paragraphs from the original motion that argued that certain of PNC's affirmative defenses were improperly pled.  *Compare* **DE # 2276** *with* **DE # 2337**.

In its May 16 Order, the Court apparently overlooked the Corrected Motion for Class Certification and, instead, analyzed the original version of the motion for class certification.  *See* **DE # 2697** at p. 1.  This oversight was certainly understandable given that there are more than 2,700 docket entries in this case.  It is also without any substantive consequence because the substance of the two motions, save for the argument that PNC failed to properly plead certain affirmative defenses, is precisely the same.

## ARGUMENT AND CITATION OF AUTHORITY

A motion for reconsideration "'should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.'"  *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986)); *also Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (holding that motions for reconsideration are disfavored).  It is impermissible to use a motion for

2

reconsideration "to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly . . . ." *ABB Power T & D Co., Inc. v. Gothaer Versicherungsbank VVAG*, 939 F. Supp. 1568, 1572 (S.D. Fla. 1996).

In its motion, PNC does exactly what this Court has admonished parties time and time again not to do – it seeks a "do over." *See* PNC motion, pp. 7-11 (arguing that the May 16 Order (i) wrongfully applies Eleventh Circuit precedent and (ii) is insufficient because it does not specifically address every argument PNC raised in its class certification briefing). The claim that the Court failed to consider and/or comprehend PNC's arguments is presumptuous and quite obviously wrong. Because this aspect of PNC's motion for reconsideration is wholly improper, it should be rejected out of hand.[1]

The *only* portion of PNC's motion which has any merit is its contention that this Court's May 16 Order mistakenly cites to pleadings and motions that were subsequently superseded. *See* PNC motion, p. 2 (noting that the May 16 Order refers to Plaintiffs' Motion for Class Certification, rather than their "Corrected Motion for Class Certification," as well as PNC's Answer, rather than its "Amended Answer"). This is essentially a scrivener's error that can be easily remedied. Indeed, all the Court need do to cure these mistaken citations to the record is:

- change the reference to "Plaintiffs' Motion for Class Certification and Incorporated Memorandum of Law (DE #2276)" on page 1 of the May 16 Order to "Plaintiffs' Corrected Motion for Class Certification and Incorporated Memorandum of Law (DE #2337)";

- replace the reference to "Defendant's Answer and Affirmative Defenses (DE #1362), filed April 21, 2011" in footnote 4 on page 2 of the May 16 Order with "Defendant's Amended Answer and Affirmative Defenses (DE #1701), filed July 7, 2011";

- change the reference to "Plaintiffs' Motion for Class Certification (DE #2276), filed December 20, 2011" in footnote 7 on page 4 of the May 16 Order to

---

[1] Plaintiffs previously addressed all of the arguments that PNC has re-argued in its motion and will not re-argue them again here. See Pls.' Class Certification Reply, pp. 4-35 [**DE # 2589**].

- "Plaintiffs' Corrected Motion for Class Certification (DE #2337), filed December 28, 2011";

- delete the second through fourth sentences of the first full paragraph on page 18 of the May 16 Order and change the beginning of the fifth sentence from "Likewise, PNC's boilerplate . . ." to "PNC's boilerplate . . .";

- delete the references to PNC's original Answer in the first paragraph on page 19 of the May 16 Order; and

- change the reference to "Plaintiffs' Motion for Class Certification (DE #2276)" on page 23 of the May 16 Order to "Plaintiffs' Corrected Motion for Class Certification (DE #2337)".

By making these minor changes to the May 16 Order, the error complained of by PNC will be fixed and the substance of the Court's May 16 Order will remain the same.

## **CONCLUSION**

To clarify the record, the Court should amend its May 16 Order as proposed herein. The remainder of PNC's motion requesting a "do over" flies in the face of precedent and should be summarily denied.

DATED: June 1, 2012.

Respectfully submitted,

| | |
|---|---|
| /s/ Aaron S. Podhurst | /s/ Bruce S. Rogow |
| Aaron S. Podhurst, Esquire | Bruce S. Rogow, Esquire |
| Florida Bar No. 063606 | Florida Bar No. 067999 |
| apodhurst@podhurst.com | brogow@rogowlaw.com |
| Robert C. Josefsberg, Esquire | BRUCE S. ROGOW, P.A. |
| Florida Bar No. 40856 | Broward Financial Center |
| rjosefsberg@podhurst.com | 500 E. Broward Boulevard |
| Peter Prieto, Esquire | Suite 1930 |
| Florida Bar No. 501492 | Fort Lauderdale, FL  33394 |
| pprieto@podhurst.com | Tel: 954-767-8909 |
| John Gravante, III, Esquire | Fax: 954-764-1530 |
| Florida Bar No. 617113 | |
| jgravante@podhurst.com | |
| PODHURST ORSECK, P.A. | |
| City National Bank Building | |
| 25 W. Flagler Street, Suite 800 | |
| Miami, FL 33130 | |
| Tel: 305-358-2800 | |
| Fax: 305-358-2382 | |

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

5

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596