# EXHIBIT A

**United States District Court**
**Southern District of Florida**
**Miami Division**
**Case No. 1:09-MD-02036-JLK**

| | )
|---|---|
| IN RE: CHECKING ACCOUNT | ) |
| OVERDRAFT LITIGATION | ) |
| | ) |
| MDL No. 2036 | ) |
| | ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| SECOND TRANCHE ACTION | ) |
| | ) |
| *Given v. Manufacturers and Traders Trust* | ) |
| *Company a/k/a M&T Bank* | ) |
| S.D. Fla. Case No.: 1-10-CV-20478-JLK | ) |
| | ) |

**M&T BANK'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S ARBITRATION-RELATED INTERROGATORIES**

Defendant Manufacturers and Traders Trust Company a/k/a M&T Bank ("M&T Bank"),

pursuant to Fed. R. Civ. P. 33 and Local Rule 26.1, answers and objects to Plaintiff's

Arbitration-Related Interrogatories, as follows.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

A.      M&T Bank objects to these interrogatories based on the narrow scope of the mandate and

remand from the United States Court of Appeals for the Eleventh Circuit.  That Court's

mandate directed a reconsideration of the trial court's finding of unconscionability under

AT&T Mobility v. Concepcion, only.  The mandate does not permit or require discovery,

and no discovery is necessary to determine the dispositive application of Concepcion to

this action.  Furthermore, most (or all) of Plaintiff's proposed discovery seeks

information that has no legal relevance to the narrow issue of unconscionability posed by

the mandate and, therefore, would be improper even if the mandate permitted discovery, which it does not.

B.   The answers and objections herein are made expressly without waiver of and with preservation of:

1.   All questions as to competency, relevancy, materiality, privilege, and admissibility of each answer, and the subject matter thereof, as evidence for any purpose in any further proceedings in this action, in the arbitration that should be compelled, and in any other action;

2.   The right to object to the use of any answer, or the subject matter thereof, on any ground in any further proceedings in this action, in the arbitration that should be compelled, and in any other action;

3.   The right to object on any ground at any time to a demand or request for a further answer to these or any other interrogatories or other discovery proceedings involving or relating to the subject matter of the interrogatories herein responded to; and

4.   The right at any time to revise, correct, add to, supplement, or clarify any of the answers or objections contained herein.

C.   The following answers and objections (and any further answers or objections to these interrogatories or their subject matter) are made expressly without acknowledgment of the materiality or relevance of the answers or interrogatories, or that the interrogatories are in any way reasonably calculated to lead to the discovery of admissible evidence.

D.   M&T Bank generally objects to the interrogatories on the grounds that they are overly broad, repetitive, ambiguous, and vague. M&T Bank also objects on the grounds that the

2

interrogatories seek information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. M&T Bank further objects on the grounds that these interrogatories seek information that has been gathered or prepared in the course of litigation, or is otherwise protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

E.  M&T Bank objects to Plaintiff's interrogatories to the extent they seek discovery of information that, pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules, or any scheduling order, is to be provided on some future date or in some manner other than as anticipated by Plaintiff's interrogatories.

F.  M&T Bank objects to Plaintiff's requested time frame of May 1, 1999, to the present. This time frame is overly broad, seeks to place an undue burden on M&T Bank, is not reasonably calculated to lead to the discovery of admissible evidence, and pre-dates all applicable statute(s) of limitations by many years.

G.  M&T Bank objects pursuant to Fed. R. Civ. P. 26(d) and Local Rule 26.1(f)(1). Plaintiff propounded these interrogatories prior to seeking or participating in a discovery conference under Fed. R. Civ. P. 26(f), and no such conference has occurred to date.

H.  M&T Bank objects to definition no. 9. This action (and this MDL) involves consumer checking accounts, only. Plaintiff's definition extends to savings accounts.

I.  M&T Bank objects to all requests for information related to its "affiliated entities," "predecessors," "successors," and "contractors" as set forth in Plaintiff's definition no. 3. Plaintiff has not sued or made allegations against any such entities. Thus, any request for information about these entities is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. For the same reason, M&T Bank objects to the definitions of "consumer" and "consumer accounts" as set forth in definition nos. 8 & 9.

J.  M&T Bank objects to these interrogatories based on Plaintiff's waiver of arbitration-related discovery. Plaintiff failed to serve any discovery before M&T Bank appealed for the first time. That failure precludes Plaintiff from seeking discovery now, particularly in light of the narrow scope of the mandate and remand.

K.  M&T Bank objects to these interrogatories to the extent they seek electronically stored information ("ESI"), including but not limited to any request for ESI that is not active and stored in readily accessible locations, and any request for metadata. The unduly burdensome costs attendant to seeking, reviewing, and producing ESI are not justified here, where M&T Bank has moved to compel arbitration and Plaintiff has propounded discovery that is not relevant to that motion and is otherwise improper. See Local Rule 26.1(g)(5).

L.  M&T Bank objects to the definitions suggested by Plaintiff. These definitions are overly broad, vague, and often inconsistent with the normal usage of such words, seek to place an undue burden on M&T Bank, and constitute an unreasonable expansion of the interrogatories. As a result, M&T Bank is not bound by those definitions and responds to the interrogatories consistent with the normal understanding of the language and terms used by Plaintiff.

M.  M&T Bank objects to Plaintiff's instruction no. 17. For any information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, M&T Bank will follow the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules.

N.    Plaintiff has not defined "arbitration" for purposes of these interrogatories.  M&T Bank assumes that it refers to formal arbitration proceedings before the AAA, NAF, or JAMS.

O.    M&T Bank objects to these interrogatories to the extent they seek information that is proprietary and/or constitutes a trade secret, or protected from disclosure by any applicable privacy or banking regulation or law.

P.    M&T Bank reserves the right to amend and/or supplement these answers and objections as appropriate.

Q.    M&T Bank incorporates by reference herein its Motion for Reconsideration of the Court's Order Deferring Ruling on M&T Bank's Second Renewed Motion to Compel Arbitration and Granting Time to Conduct Arbitration-Related Discovery (ECF No. 2670), and its reply in support thereof.

R.    Unless otherwise noted, M&T Bank adopts and incorporates by reference this Preliminary Statement and General Objections into each answer or objection set forth below, as if the same were fully reprinted therein, and further incorporates this Preliminary Statement and General Objections into any further or supplemental answers or objections made in response to any interrogatories propounded by Plaintiff.  M&T Bank answers or objects to Plaintiff's interrogatories below without waiving its Preliminary Statement and General Objections.

## ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 1:**  For each year from 1999 to the present, state on an annual basis the number of disputes involving Consumers Accounts where the amount in controversy was less than $15,000 that were instituted and resolved in state or federal court.

**ANSWER:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case.

5

Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion.  The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question.  Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 2:**  For each year from 1999 to the present, state on an annual basis:

    (a)    the number of disputes involving Consumers Accounts submitted to or decided by arbitration;

    (b)    the number of arbitrations in subpart (a) initiated by You;

    (c)    the number of arbitrations in subpart (b) that involved overdraft fees;

    (d)    the number of arbitrations in subpart (b) where the Consumer prevailed, and the number where you prevailed;

    (e)    the number of arbitrations in subpart (a) initiated by Consumers;

    (f)    the number of arbitrations in subpart (e) that involved overdraft fees;

    (g)    the number of arbitrations in subpart (e) where the Consumer prevailed, and the number where you prevailed;

(h)     the amount of arbitration filing fees and arbitrators' fees and costs paid by You; and

(i)     the amount of arbitration filing fees and arbitrators' fees and costs paid by Consumers.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, M&T Bank objects to the nine subparts contained within this interrogatory. Each subpart is a separate interrogatory. See Local Rule 26.1(g)(1) ("The presumptive limitation on the number of interrogatories (twenty-five (25) questions including all discrete subparts) . . . shall apply to actions in this Court."); Local Discovery Practices Handbook, § IV(A)(2) ("Interrogatories should be brief, simple, particularized and capable of being understood by jurors when read in conjunction with the answer.").

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

7

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 3:** For each arbitration included in Your response to Interrogatory No. 2 that resulted in a decision in Your favor, please state the amount of attorneys' fees and costs that You sought from the Consumer(s), the amount of attorneys' fees and costs that You were awarded, the steps you took to enforce the award of attorneys' fees and costs in a court of competent jurisdiction, and the amount of attorneys' fees and costs that You waived.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, M&T Bank objects to the multiple subparts contained within this interrogatory. Each subpart is a separate interrogatory. See Local Rule 26.1(g)(1) ("The presumptive limitation on the number of interrogatories (twenty-five (25) questions including all discrete subparts) . . . shall apply to actions in this Court."); Local Discovery Practices Handbook, § IV(A)(2) ("Interrogatories should be brief, simple, particularized and capable of being understood by jurors when read in conjunction with the answer.").

Further, M&T Bank does not at this time have information to suggest that any customer

8

was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.


**INTERROGATORY NO. 4:** For each arbitration included in Your response to Interrogatory No. 2 that resulted in a decision in favor of the Consumer, please state the total amount of money that You paid or refunded to the Consumer(s).

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 5:** For each arbitration identified in Your response to Interrogatory No. 1(c) [sic] and 1(f) [sic], please state whether the Consumer had an attorney or an expert participate in the arbitration.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts has no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Further, this interrogatory is vague and ambiguous because Plaintiff has not defined the term "participate."

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.


**INTERROGATORY NO. 6:** For each year from 1999 to the present, state on an annual basis the number of overdraft-fee-related complaints pertaining to Consumer Accounts recorded by You.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case.

Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>. The information sought in this interrogatory concerning prior "complaints" involving other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this interrogatory is vague and ambiguous because Plaintiff fails to define or explain the meaning of "complaints" and "recorded."

Further, this interrogatory seeks to impose an undue burden on M&T Bank. In order to determine the number of overdraft-fee-related "complaints" since 1999, if any, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 7:** Please identify by case name, case number, judicial or administrative body, and proceeding, each and every instance where someone, including Consumers, argued or asserted that You had waived the arbitration clause pertaining to a Consumer Account, and the disposition or resolution of that issue.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case.

11

Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, Plaintiff has already conceded and the Eleventh Circuit has held that M&T Bank has not waived any arbitration-related rights.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 8:** For each year from 2003 to the present, identify all versions of Your account agreement(s) with Your customers, including any riders, addendums or additions thereto.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory has no relevance to that question.

Further, Plaintiff has admitted that her account relationship with M&T Bank is governed

by an April 2007 account agreement that she attached to her Complaint. Information about other account-related documents (agreements, riders, addenda, etc.) applicable to her or other customers and other accounts is irrelevant. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks all account agreements and related documents since 2003 regardless of the type of account, and regardless of the subject matter of the "riders, addendums, or additions" to the account agreements. The allegations of the Complaint involve NSF fees charged to a consumer checking account, only, and the only relevant questions presently at issue involve arbitration.

Further, this interrogatory is objectionable under the Local Discovery Practices Handbook. Section IV(A)(9) of the Handbook provides that interrogatories must be "reasonably particularized," and that an interrogatory requesting a party to "list all documents" is overly broad and improper in many cases. This interrogatory is overly broad for the reasons set forth above.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.


**INTERROGATORY NO. 9:** For each year from 2003 to the present, identify all documents, including but not limited to notices and mailers, You contend were provided to Your customers regarding any changes to their account agreement(s).

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case.

Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory has no relevance to that question.

Further, Plaintiff has admitted that her account relationship with M&T Bank is governed by an April 2007 account agreement that she attached to her Complaint. Information about "notices and mailers" that M&T Bank provided to her or its other customers in relation to other accounts is irrelevant. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Moreover, this interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents since 2003 regardless of the type of account, and regardless of the type of change made to the account agreement. The allegations of the Complaint involve NSF fees charged to a consumer checking account, only, and the only relevant questions presently at issue involve arbitration.

Further, this interrogatory is objectionable under the Local Discovery Practices Handbook. Section IV(A)(9) of the Handbook provides that interrogatories must be "reasonably particularized," and that an interrogatory requesting a party to "list all documents" is overly broad and improper in many cases. This interrogatory is overly broad for the reasons set forth above.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 10:**  Identify each occasion in which You attempted to, or did, invoke the non-monetary relief clause (defined as the following phrase in the arbitration clause: "If any part of the relief request is not expressly stated not expressly stated [sic] as a dollar amount, the dispute or controversy will not be a Claim that is subject to arbitration") to avoid arbitration of a Consumer dispute.

**ANSWER:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion.  The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question.  Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, in accordance with the Eleventh Circuit's opinion and mandate, the interpretation and application of this clause is left for an arbitrator, not a court.

Further, Plaintiff has waived any argument that this clause is unconscionable, and/or is estopped from asserting the argument.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

15

**INTERROGATORY NO. 11:** Identify each occasion in which a Consumer attempted to, or did, invoke the non-monetary relief clause to avoid arbitration of a Consumer dispute.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, in accordance with the Eleventh Circuit's opinion and mandate, the interpretation and application of this clause is left for an arbitrator, not a court.

Further, Plaintiff has waived any argument that this clause is unconscionable, and/or is estopped from asserting the argument.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.


**INTERROGATORY NO. 12:** State the date the non-monetary relief clause was first introduced in Your deposit account agreement.

16

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>. The information sought in this interrogatory has no relevance to that question. Plaintiff has admitted that her account relationship with M&T Bank is governed by an April 2007 account agreement that she attached to her Complaint. Information about when the non-monetary clause was introduced into that, or any other account agreement, is irrelevant.

Further, in accordance with the Eleventh Circuit's opinion and mandate, the interpretation and application of this clause is left for an arbitrator, not a court.

Further, Plaintiff has waived any argument that this clause is unconscionable and/or is estopped from asserting the argument.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.


**INTERROGATORY NO. 13:** State the number of claims (whether by way of arbitration or civil lawsuit) brought by You against a Consumer in which You sought non-monetary relief, since the date the non-monetary clause was first introduced in Your deposit account agreement.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only

relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of whether the subject matter of the dispute relates to checking account overdrafts, has no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, in accordance with the Eleventh Circuit's opinion and mandate, the interpretation and application of this clause is left for an arbitrator, not a court.

Further, Plaintiff has waived any argument that this clause is unconscionable, and/or is estopped from asserting the argument.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this interrogatory.

**INTERROGATORY NO. 14:** State the number of claims (whether by way of arbitration or civil lawsuit) brought by a Consumer against You in which the Consumer sought non-monetary relief, since the date the non-monetary relief clause was first introduced in Your deposit account agreement.

**ANSWER:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this interrogatory seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The information sought in this interrogatory concerning prior disputes with other customers and other accounts, regardless of

whether the subject matter of the dispute relates to checking account overdrafts, has no relevance

to that question. *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011).

Further, in accordance with the Eleventh Circuit's opinion and mandate, the

interpretation and application of this clause is left for an arbitrator, not a court.

Further, Plaintiff has waived any argument that this clause is unconscionable, and/or is

estopped from asserting the argument.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections

herein by reference.

For these reasons, M&T Bank objects to this interrogatory.


Date:   May 29, 2012                          Signed as to objections only,

                                               */s/ James A. Dunbar*

                                              _____

                                              James A. Dunbar (admitted *pro hac vice*)
                                              Matthew R. Alsip (admitted *pro hac vice*)
                                              Venable LLP
                                              210 West Pennsylvania Avenue, Suite 500
                                              Towson, Maryland 21204
                                              410-494-6200 (telephone)
                                              410-821-0147 (facsimile)
                                              jadunbar@venable.com
                                              mralsip@venable.com

                                              John T. Prisbe (admitted *pro hac vice*)
                                              Venable LLP
                                              750 East Pratt Street, Suite 900
                                              Baltimore, Maryland 21202
                                              410-244-7400 (telephone)
                                              410-244-7742 (facsimile)
                                              jtprisbe@venable.com

                                              *Counsel for Manufacturers and Traders*
                                              *Trust Company a/k/a M&T Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2012, I served M&T Bank's

foregoing Answers and Objections to Plaintiff's Arbitration-Related Interrogatories, by email

and U.P.S. overnight delivery, on:

Robert C. Gilbert, Esquire
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, Florida 33134
rcg@grossmanroth.com

E. Adam Webb, Esquire
G. Franklin Lemond, Jr., Esquire
Webb, Klase & Lemond, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
adam@webbllc.com
flemond@webbllc.com

Nicholas A. Carlin, Esquire
Phillips, Erlewine & Given LLP
50 California Street – 35th Floor
San Francisco, California 94111
nac@phillaw.com

*/s/ John T. Prisbe*

_____
John T. Prisbe

311964/3

20