# EXHIBIT B

**United States District Court**
**Southern District of Florida**
**Miami Division**
**Case No. 1:09-MD-02036-JLK**

|  |  |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION | ) ) ) ) |
| MDL No. 2036 | ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: SECOND TRANCHE ACTION | ) ) ) ) |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank* S.D. Fla. Case No.: 1-10-CV-20478-JLK | ) ) ) ) |

### M&T BANK'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S ARBITRATION-RELATED REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Manufacturers and Traders Trust Company a/k/a/ M&T Bank ("M&T Bank"),

pursuant to Fed. R. Civ. P. 34 and Local Rule 26.1, responds and objects to Plaintiff's

Arbitration-Related Request for Production of Documents, as follows.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.   M&T Bank objects to these document requests based on the narrow scope of the mandate

and remand from the United States Court of Appeals for the Eleventh Circuit.  That

Court's mandate directed a reconsideration of the trial court's finding of

unconscionability in light of AT&T Mobility v. Concepcion, only  The mandate does not

permit or require discovery, and no discovery is necessary to determine the dispositive

application of Concepcion to this action.  Furthermore, most (or all) of Plaintiff's

proposed discovery seeks information that has no legal relevance to the narrow issue of

unconscionability posed by the mandate and, therefore, would be improper even if the mandate permitted discovery, which it does not.

B. The responses and objections herein are made expressly without waiver of and with preservation of:

1. All questions as to competency, relevancy, materiality, privilege, and admissibility of each response or requested document, and the subject matter thereof, as evidence for any purpose in any further proceedings in this action, in the arbitration that should be compelled, and in any other action;

2. The right to object to the use of any response or document, or the subject matter thereof, on any ground in any further proceedings in this action, in the arbitration that should be compelled, and in any other action;

3. The right to object on any ground at any time to a demand or request for a further response to these or any other document requests or other discovery proceedings involving or relating to the subject matter of the document requests herein responded to; and

4. The right at any time to revise, correct, add to, supplement, or clarify any of the responses or objections contained herein.

C. The following responses and objections (and any further responses or objections to these document requests or their subject matter) are made expressly without acknowledgment of the materiality or relevancy of the document requests or the requested documents, or that the requests are in any way reasonably calculated to lead to the discovery of admissible evidence.

D.   M&T Bank generally objects to the document requests on the grounds that they are overly broad, repetitive, ambiguous, and vague. M&T Bank also objects on the grounds that the document requests seek information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. M&T Bank further objects on the grounds that these document requests seek information and documents that have been gathered or prepared in the course of litigation, or are otherwise protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.

E.   M&T Bank objects to Plaintiff's document requests to the extent they seek discovery of information or documents that, pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules, or any scheduling order, are to be provided on some future date or in some manner other than as anticipated by Plaintiff's requests.

F.   M&T Bank objects to Plaintiff's requested time frame of May 1, 1999, to the present. This time frame is overly broad, seeks to place an undue burden on M&T Bank, is not reasonably calculated to lead to the discovery of admissible evidence, and pre-dates all applicable statute(s) of limitations by many years.

G.   M&T Bank objects pursuant to Fed. R. Civ. P. 26(d) and Local Rule 26.1(f)(1). Plaintiff propounded these document requests prior to seeking or participating in a discovery conference under Fed. R. Civ. P. 26(f), and no such conference has occurred to date.

H.   M&T Bank objects to definition no. 7. This action (and this MDL) involves consumer checking accounts, only. Plaintiff's definition extends to savings accounts.

I.   M&T Bank objects to all requests for information or documents related to its "affiliated entities," "successors," "predecessors," and "contractors" as set forth in Plaintiff's

3

definition no. 3.  Plaintiff has not sued or made allegations against any such entities. Thus, any request for information or documents about these entities is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  For the same reason, M&T Bank objects to the definitions of "consumer" and "consumer accounts" as set forth in definition nos. 6 & 7.

J.      M&T Bank objects to these document requests based on Plaintiff's waiver of arbitration-related discovery.  Plaintiff failed to serve any discovery before M&T Bank appealed for the first time.  That failure precludes Plaintiff from seeking discovery now, particularly in light of the narrow scope of the remand.

K.      M&T Bank objects to the definitions suggested by Plaintiff.  These definitions are overly broad, vague, and often inconsistent with the normal usage of such words, seek to place an undue burden on M&T Bank, and constitute an unreasonable expansion of the document requests.  As a result, M&T Bank is not bound by those definitions and responds to the document requests consistent with the normal understanding of the language and terms used by Plaintiff.

L.      M&T Bank objects to Plaintiff's instruction no. 14.  M&T Bank objects to the production of electronically stored information ("ESI") at this stage of the action, including but not limited to any request for ESI that is not active and stored in readily accessible locations, and any request for metadata. The unduly burdensome costs attendant to seeking, reviewing, and producing ESI are not justified here, where M&T Bank has moved to compel arbitration and Plaintiff has propounded discovery that is not relevant to that motion and is otherwise improper.  See Local Rule 26.1(g)(5).

4

M.     M&T Bank objects to Plaintiff's instruction no. 16, which requests that any produced documents be organized and labeled to correspond with the document requests. Any documents produced by M&T Bank in this action will be done in any manner permitted under Fed. R. Civ. P. 34(b).

N.     M&T Bank objects to Plaintiff's instruction no. 17. For any information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, M&T Bank will follow the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules.

O.     Plaintiff has not defined "arbitration" for purposes of these document requests. M&T Bank assumes that it refers to formal arbitration proceedings before the AAA, NAF, or JAMS.

P.     M&T Bank objects to these document requests to the extent they seek information or documents that are proprietary and/or constitute or contain a trade secret, or protected from disclosure by any applicable privacy or banking regulation or law.

Q.     M&T Bank reserves the right to amend and/or supplement these responses and objections as appropriate.

R.     M&T Bank incorporates by reference herein its Motion for Reconsideration of the Court's Order Deferring Ruling on M&T Bank's Second Renewed Motion to Compel Arbitration and Granting Time to Conduct Arbitration-Related Discovery (ECF No. 2670), and its reply in support thereof.

S.     Unless otherwise noted, M&T Bank adopts and incorporates by reference this Preliminary Statement and General Objections into each response or objection set forth below, as if the same were fully reprinted therein, and further incorporates this

Preliminary Statement and General Objections into any further or supplemental responses or objections made in response to any document requests propounded by Plaintiff. M&T Bank responds or objects to Plaintiff's document requests below without waiving this Preliminary Statement and General Objections.

## RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** Produce all Documents that discuss or reflect the number of disputes involving Consumer Accounts submitted to or decided by arbitration.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior arbitration proceedings have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's checking account. This request, however, seeks all documents and ESI that "reflect" the number of prior arbitration proceedings involving any type of dispute with respect to any type of consumer account. See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.


**REQUEST NO. 2:**  Produce Documents sufficient to show the initial demands made in all disputes involving Consumer Accounts submitted to or decided by arbitration.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>.  The documents sought in this request

concerning prior arbitration proceedings have no relevance to that question. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because: (a) Plaintiff has not specified whether she seeks documents reflecting the "initial demands" made by M&T Bank or the opposing party(ies); and (b) Plaintiff has failed to define or explain the meaning of the phrase "sufficient to show" as used in this request.

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that "show the initial demands" made in prior arbitration proceedings involving <u>any</u> type of dispute with respect to <u>any</u> type of consumer account. <u>See</u> Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 3:** Produce Documents sufficient to show the results of all disputes involving Consumer Accounts submitted to or decided by arbitration.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior arbitration proceedings have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff has not defined or explained the meaning of "results" or "sufficient to show" as used in this request.

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that "show the results" of prior arbitration proceedings involving any type of dispute with respect to any type of consumer account. See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For

9

example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 4:**  Produce all Documents that discuss or reflect the number of disputes involving Consumer Accounts that relate to overdraft fees submitted to or decided by arbitration, the results of any arbitration proceedings, and/or whether the Consumer had a lawyer or an expert participate in the arbitration proceeding.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior arbitration proceedings have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff has not defined or explained the meaning of "results" or "participate" as used in this request.

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 5:**  Produce all Documents regarding any analysis or evaluation of the arbitration of disputes involving Consumer Accounts.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion.  The documents sought in this request concerning prior arbitration proceedings have no relevance to that question.  Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff has not defined or explained the meaning of "analysis or evaluation" as used in this request.

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that concern any "analysis or evaluation" of any prior arbitration proceedings involving any type of consumer account.  See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized.  For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper

12

records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 6:** Produce all Documents that reflect or discuss the actual involvement of or likelihood of appearances by lawyers retained by Consumers in arbitrations involving Consumer Accounts.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request

13

concerning prior arbitration proceedings have no relevance to that question. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that "reflect or discuss" the involvement of attorneys in prior arbitration proceedings involving <u>any</u> type of dispute with respect to <u>any</u> type of consumer account. <u>See</u> Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 7:** Produce all Documents that reflect or discuss the actual involvement of or likelihood of appearances by expert witnesses retained by Consumers in arbitrations involving Consumer Accounts.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior arbitration proceedings have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that "reflect or discuss" the involvement of expert witnesses in prior arbitration proceedings involving any type of dispute with respect to any type of consumer account. See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

15

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 8:**  Produce all requests for discovery propounded upon You in any arbitration proceeding involving a Consumer Account(s) and Your response(s) thereto.

**RESPONSE:**  Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request

16

concerning prior arbitration proceedings have no relevance to that question. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks discovery-related documents from prior arbitration proceedings involving <u>any</u> type of dispute with respect to <u>any</u> type of consumer account. <u>See</u> Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 9:**  Produce all Documents and Communications from You seeking attorneys' fees and/or costs from Consumers as a result of or after arbitration involving a Consumer Account(s).

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion.  The documents sought in this request concerning prior arbitration proceedings have no relevance to that question.  Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents related to requests for attorneys' fees or costs in connection with prior arbitration proceedings involving any type of dispute with respect to any type of consumer account.  See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized.  For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records.  These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege, and therefore not subject to discovery in this action.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 10:** Produce Documents sufficient to show the total amount of overdraft fees refunded to Consumers by You as a result of or after arbitration involving a Consumer Account(s).

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior arbitration proceedings have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff has failed to define or explain the meaning of "sufficient to show" as used in this request.

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.


**REQUEST NO. 11:**  Produce all Documents pertaining to the one hundred (100) most recent arbitrations involving a Consumer Account(s), including all pleadings, Communications, notices, awards, orders and judgments.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably

20

calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior arbitration proceedings have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents of any type generated in the course of prior arbitration proceedings involving any type of dispute with respect to any type of consumer account. See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

21

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 12:**  Produce all Documents that contain any public statements or Communications by You (excluding account agreements) regarding the arbitration of disputes involving Consumer Accounts.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion.  Documents containing public statements or communications about arbitration have no relevance to that question.  Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents containing public statements or communications involving any type of dispute or arbitration with respect to any type of consumer account. See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized.  For

22

example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 13:**  Produce all Documents that discuss or reflect the number of overdraft-fee-related complaints that You have received relating to a Consumer Account(s) and the resolution or disposition of those complaints.

**RESPONSE:**  Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>. Documents about prior overdraft fee

"complaints," if any, have no relevance to that question. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff has failed to define or explain the meaning of "complaints" as used in this request.

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 14:** Produce all Documents that You have either sent to or received from the American Arbitration Association ("AAA") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by AAA, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior correspondence with AAA, if any, have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that relate to correspondence with AAA on any one of several discrete topics concerning arbitration proceedings involving any type of dispute with respect to any type of consumer account. Plaintiff even seeks correspondence with AAA that does not necessarily relate to arbitrations involving M&T Bank ("the number of overdraft-fee-related arbitrations conducted by AAA"). See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 15:** Produce all Documents that You have either sent to or received from the National Arbitration Forum ("NAF") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by NAF, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request concerning prior correspondence with NAF, if any, have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that relate to correspondence with NAF on any one of several discrete topics concerning arbitration proceedings involving any type of

dispute with respect to any type of consumer account. Plaintiff even seeks correspondence with NAF that does not necessarily relate to arbitrations involving M&T Bank ("the number of overdraft-fee-related arbitrations conducted by NAF"). See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information about NAF. The arbitration agreement between M&T Bank and Plaintiff -- which Plaintiff alleged in and attached to her Complaint -- contemplates arbitration before AAA, not NAF.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 16:**  Produce all Documents that You have either sent to or received from Judicial Arbitration and Mediation Services, Inc. ("JAMS") that discuss the number of or result(s) of arbitrations involving Consumer Accounts, the number of overdraft-fee-related arbitrations conducted by JAMS, or the circumstances under which You will or will not arbitrate a dispute with a Consumer.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion.  The documents sought in this request concerning prior correspondence with JAMS, if any, have no relevance to that question.  Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that relate to correspondence with JAMS on any one of several discrete topics concerning arbitration proceedings involving any type of dispute with respect to any type of consumer account.  Plaintiff even seeks correspondence with JAMS that does not necessarily relate to arbitrations involving M&T Bank ("the number of overdraft-fee-related arbitrations conducted by JAMS").  See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized.  For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

28

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information about JAMS. The arbitration agreement between M&T Bank and Plaintiff -- which Plaintiff alleged in and attached to her Complaint -- contemplates arbitration before AAA, not JAMS.

Further, this request may seek documents that are protected from disclosure by a rule, order, or agreement applicable to a prior arbitration proceeding requiring confidentiality.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 17:** Produce all Documents and Communications that discuss the settlement agreement(s) resulting from the litigation styled <u>Ross v. Bank of America, N.A., et al.</u>, No. 05-cv-7116 (S.D.N.Y.).

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. The only relevant question at this

stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. The documents sought in this request related to the referenced lawsuit, if any, have no relevance to that question. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review years of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request is over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because M&T Bank was not a party to (or otherwise involved in) the referenced litigation, was not alleged in that lawsuit to have committed any wrongdoing, and has not been otherwise accused of having committed any wrongdoing of the nature alleged in that lawsuit.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.


**REQUEST NO. 18:**  Produce all Documents regarding any meetings, Communications, or discussions You or Your affiliates have had with any other financial institution(s) regarding

consumer arbitration, including any agreements or understandings that resulted from such meetings, Communications, or discussions.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>.  Documents related to meetings or correspondence with other "financial institution(s) regarding consumer arbitration," if any, have no relevance to that question.  <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff fails to define or explain the meaning of "financial institutions" as used in this request.

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper records.  These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

31

**REQUEST NO. 19:**  Produce all manuals, policies, training or practice materials, and other Documents, including electronic Documents and computer hosted protocols (such as "status-mart," "teamworks," or any equivalent programs) that summarize, describe, or otherwise relate to the procedures that were used (or were supposed to be used) in connection with the opening of Consumer Accounts.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>.  Documents concerning the opening of consumer accounts have no relevance to that question, particularly here where Plaintiff has alleged that her account in question is governed by the April 2007 account agreement that she attached to her Complaint.  <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is overly broad and seeks to impose an undue burden on M&T Bank. This case involves a dispute about NSF fees related to Plaintiff's consumer checking account. This request, however, seeks all documents and ESI that relate to opening a consumer account, without regard to whether they relate to NSF fees, checking accounts, or arbitration.  <u>See</u> Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized.  For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review more than a decade of electronic and/or paper

records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 20:** Produce all Documents You relied upon in responding to Plaintiffs' Arbitration-Related Interrogatories dated February 27, 2012.

**RESPONSE:** Objection. Plaintiff did not propound any "Arbitration-Related Interrogatories" dated February 27, 2012. Further, with respect to Plaintiff's interrogatories dated April 25, 2012, M&T Bank incorporates by reference herein both its Preliminary Statement and General Objections and the objections set forth in M&T Bank's answers to those interrogatories.

**REQUEST NO. 21:** Produce all Documents You relied upon in denying any of Plaintiffs' Arbitration-Related Requests for Admission dated February 27, 2012.

**RESPONSE:** Objection. Plaintiff did not propound any "Arbitration-Related Requests for Admission" dated February 27, 2012. Further, with respect to Plaintiff's requests dated April 25, 2012, M&T Bank incorporates by reference herein both its Preliminary Statement and General Objections and the objections set forth in M&T Bank's answers to those requests for admission.

33

**REQUEST NO. 22:** Produce all Documents You contend were provided to Plaintiff at the time she signed up for an account with the Bank.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>. Plaintiff has alleged that her account relationship with M&T Bank is governed by the April 2007 account agreement that she attached to her Complaint. As a result, the documents provided to her at the time she "signed up for" her account(s) are irrelevant. <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because Plaintiff has failed to specify the account(s) to which she is referring.

Further, this request seeks documents that predate even Plaintiff's requested time period beginning on May 1, 1999.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 23:** Produce all account statements or other forms of written communications between You and the named Plaintiff in this matter.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only

34

relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. Account statements have no relevance to that question. Moreover, as Plaintiff has alleged that her account relationship with M&T Bank is governed by an April 2007 account agreement that she attached to her Complaint, any other "written communications" between Plaintiff and M&T Bank are equally irrelevant. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 24:** Produce all Documents that You contend constituted your customer agreements or account agreements since 2003.

**RESPONSE:** Objection. The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad. The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of Concepcion. Plaintiff has alleged that her account relationship with M&T Bank is governed by an April 2007 account agreement that she attached to her Complaint. Agreements with other customers since 2003, related to other accounts and other types of accounts, are irrelevant. Cruz v. Cingular Wireless, LLC, 648 F.3d 1205 (11th Cir. 2011).

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

35

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 25:**  Produce all Documents You contend were provided to Plaintiff regarding any changes in terms to your customer agreement, whether in the form or mailers, notices, or otherwise, since 2003.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>.  Plaintiff has alleged that her account relationship with M&T Bank is governed by an April 2007 account agreement that she attached to her Complaint.  As a result, any "mailers, notices" or other correspondence with Plaintiff concerning changes to her customer agreement are irrelevant.  <u>Cruz v. Cingular Wireless, LLC,</u> 648 F.3d 1205 (11th Cir. 2011).

Further, this request is vague and ambiguous because "customer agreement" is not defined.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

**REQUEST NO. 26:**  Produce all Documents You rely upon in support of Your motion to compel arbitration and in support of any declarations filed in support of that motion.

36

**RESPONSE:**  Objection.  This request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

Further, M&T Bank filed no declarations in support of its motions to compel arbitration.

Further, M&T Bank relied only on the account agreement attached to the Complaint in support of its motions to compel arbitration.

**REQUEST NO. 27:**  Produce all documents referring or relating to the following phrase in the arbitration clause: "If any part of the relief request is not expressly stated not expressly stated [sic] as a dollar amount, the dispute or controversy will not be a Claim that is subject to arbitration" (hereinafter, the "non-monetary relief clause"), including but not limited to the following:

a.       All Documents relating to the adoption and inclusion of such clause in the arbitration agreement;

b.       All memos or other Documents discussing the pros and cons of such clause at the time it was being considered, and at any time thereafter;

c.       All Documents showing how the Bank interpreted the non-monetary relief clause, whether internally or to third parties;

d.       All Documents regarding occasions where a Consumer has sought non-monetary relief through arbitration and the Bank either considered invoking or did invoke the non-

monetary relief clause to avoid arbitration, including but not limited to any pleadings or related documents analyzing that issue;

e.     All Documents regarding occasions where the Bank has sought non-monetary relief from a consumer in court or in arbitration since Your adoption of the non-monetary relief clause;

f.     All memos, studies, reports and other documents regarding the effectiveness of the non-monetary relief clause in achieving its goals; [and]

g.     All Documents showing any changes in the non-monetary relief clause since its initial adoption.

**RESPONSE:**  Objection.  The Eleventh Circuit's remand does not permit discovery in this case. Even if it did permit discovery, this request seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad.  The only relevant question at this stage of the action is whether the arbitration agreement between Plaintiff and M&T Bank is unconscionable in light of <u>Concepcion</u>.  Plaintiff has alleged that her account relationship with M&T Bank is governed by an April 2007 account agreement that she attached to her Complaint.  As a result, the requested documents concerning the adoption, effectiveness, analyses, etc. of the non-monetary relief clause, or the use of that clause in other disputes involving other customers, are irrelevant.  <u>Cruz v. Cingular Wireless, LLC</u>, 648 F.3d 1205 (11th Cir. 2011).

Further, in accordance with the Eleventh Circuit's opinion and mandate, the interpretation and application of this clause is left for an arbitrator, not a court.

Further, Plaintiff has waived any argument that this clause is unconscionable, and/or is estopped from asserting the argument.

38

Further, M&T Bank objects to the overly broad and unduly burdensome nature of this request. Plaintiff has asserted a claim for NSF fees charged to her consumer checking account. This request, however, purports to seek documents having nothing to do with such disputes, and nothing to do with Plaintiff. See Local Discovery Practices Handbook, § III(A)(1) ("A request for documents, electronically stored information or things . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases.").

Further, in order to determine whether it possesses any responsive documents, M&T Bank may be required to search for and review years of electronic and/or paper records. These actions would be unreasonably time consuming and expensive given the irrelevance of the information sought.

Further, this request may seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege.

Further, M&T Bank does not at this time have information to suggest that any customer was ever dissatisfied in such a way as to cause him or her to initiate arbitration proceedings concerning overdraft fees.

Finally, M&T Bank incorporates its Preliminary Statement and General Objections herein by reference.

For these reasons, M&T Bank objects to this document request.

Date:  May 29, 2012                    Signed as to objections only,

                                       */s/ James A. Dunbar*

                                       _____
                                       James A. Dunbar (admitted *pro hac vice*)
                                       Matthew R. Alsip (admitted *pro hac vice*)
                                       Venable LLP
                                       210 West Pennsylvania Avenue, Suite 500
                                       Towson, Maryland 21204
                                       410-494-6200 (telephone)
                                       410-821-0147 (facsimile)
                                       jadunbar@venable.com
                                       mralsip@venable.com


                                       John T. Prisbe (admitted *pro hac vice*)
                                       Venable LLP
                                       750 East Pratt Street, Suite 900
                                       Baltimore, Maryland 21202
                                       410-244-7400 (telephone)
                                       410-244-7742 (facsimile)
                                       jtprisbe@venable.com

                                       *Counsel for Manufacturers and Traders*
                                       *Trust Company a/k/a M&T Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2012, I served M&T Bank's

foregoing Responses and Objections to Plaintiff's Arbitration-Related Request for Production of

Documents, by email and U.P.S. overnight delivery on:

Robert C. Gilbert, Esquire
Grossman Roth, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, Florida 33134
rcg@grossmanroth.com

E. Adam Webb, Esquire
G. Franklin Lemond, Jr., Esquire
Webb, Klase & Lemond, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
adam@webbllc.com
flemond@webbllc.com

Nicholas A. Carlin, Esquire
Phillips, Erlewine & Given LLP
50 California Street – 35th Floor
San Francisco, California 94111
nac@phillaw.com


/s/ John T. Prisbe

John T. Prisbe

311971/2

41