UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
SECOND TRANCHE ACTION

*Given v. Manufacturers and Traders Trust Company a/k/a/ M&T Bank*
S.D. Fla. Case No. 1:10-CV-20478-JLK

## ORDER DENYING M&T BANK'S MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Defendant Manufacturers and Traders Trust Company a/k/a M&T Bank's Motion for Reconsideration (DE #2670), filed May 3, 2012. Therein, Defendant asks the Court to reconsider its April 26, 2012 Order (DE #2661) deferring ruling on Defendant's Second Renewed Motion to Compel Arbitration and granting Plaintiff ninety (90) days to conduct limited, arbitration-related discovery. The Court is fully briefed on the matter and proceeds with the benefit of oral argument.[1]

After careful consideration of the issues presented, and for the reasons stated herein, the Court concludes that Defendant has not presented anything that would change the Court's original determination on arbitration-related discovery. The motion center on arguments that the Court considered and rejected in its April 26, 2012 Order (DE #2661), which followed previous grants of arbitration-specific discovery under similar circumstances in several other cases in this

---

[1] Plaintiff filed her Opposition (DE #2700) on May 17, 2012 and Defendant replied on May 29, 2012 (DE #2722). The Court heard oral argument on June 11, 2012. (*See* DE #2749).

MDL. (*See* DE #1576, 1673, 1950, 1985, 2191). As the Court stated in its Order, "[t]he limited scope of the discovery is useful in building a complete record essential for determining whether M&T's arbitration provision is unconscionable under Maryland law." (DE #2661, at 1). The Eleventh Circuit specifically approved this practice in *Larsen v. J.P. Morgan Chase Bank N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. 2011), which remanded with direction to conduct "discovery [] limited to issues bearing significantly on the arbitrability of this dispute . . ."

A motion for reconsideration pursuant to Rule 60(b) is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to *controlling decisions or data* that the court overlooked." *U.S. v. Zarabozo*, 2008 WL 5062463, at *1 (S.D. Fla. Nov. 26, 2008) (emphasis in original). It is well-settled that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F. 3d 1335, 1343 (11th Cir. 2007); *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F. 3d 757, 763 (11th Cir. 200); *accord, Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.* 763 F. 2d 1237, 1239 (11th Cir. 1985) (motion for reconsideration must not afford a litigant "two bites at the apple"); *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."). Such a motion must be denied unless the movant clearly establishes (1) a material intervening change in controlling law, (2) the availability of new evidence justifying reversal of the court's previous decision, or (3) the

need to correct clear error or prevent manifest injustice. *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Applying the foregoing standards to the arguments advanced by the parties, the Court finds that Defendant has failed to establish any of the elements required for reconsideration. Defendant attempts to distinguish this case from other cases in this MDL, including *Larsen*, by arguing that the "scope of the Eleventh Circuit's remand is very narrow." (Motion, at 1). Defendant argues, for example, that while remand in this case is limited to unconsionability, "the primary issue [in *Larsen*] was an alleged waiver of arbitration by failure to request it, and that issue was almost certainly the focus of the Court's discovery comment." (Motion, at 12). Defendant, however, ignores the fact that the plaintiff in *Larsen* likewise raised an unconscionability defense. (*See* DE #1506, at 6–9, 23–31). Moreover, contrary to Defendant's argument that *Concepcion* ultimately eliminates the need for discovery in determining unconscionability, *Concepcion* itself recognizes that unconsionability remains a matter of state law. See *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1747 (2011). Indeed, numerous post-*Concepcion* cases have recognized the need for, and have granted, arbitration-related discovery for making such determinations. *See, e.g., O'Brien v. American Express Company*, No. 11-CV-1822-BTM (BGS), 2012 WL 1609957, *1 (S.D. Cal. May 8, 2012) (compelling discovery relating to formation and unconsionability of arbitration agreement); *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164-65 (S.D. Cal. 2011) (permitting limited pre-arbitration discovery on issue of unconscionability); *Clemins v. GE Money Bank*, No. 11–CV–00210, 2011 WL 6148676, at *1–2 (E.D. Wis. Dec. 8, 2011); *Newton v. Clearwire Corp.*, No. 2:11–CV–00783–WBS–DAD, 2011 WL 4458971, at *6–*8 (E.D. Cal. Sept. 23, 2011) (permitting limited pre-arbitration discovery regarding unconsciability); *Plows v. Rockwell*

*Collins, Inc.*, No. SACV 10–01936 DOC (MANx), 2011 WL 3501872, at *5 (C.D. Cal. Aug. 9, 2011) (permitting four months to conduct discovery on the enforceability of the arbitration agreement); *Laguna v. Coverall N. Am., Inc.*, No. 09cv2131-JM (BGS), 2011 WL 3176469, at *3 (S.D. Cal. July 26, 2011) (permitting limited discovery, narrowly tailored to determining whether arbitration clause is enforceable under state law). Defendant has shown no intervening change in controlling law, newly-discovered evidence, clear error or manifest injustice which would warrant reconsideration of these cases or issues.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that the Motion for Reconsideration (DE #2670) be, and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 13th day of June, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:   **All counsel of record**