UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

## ORDER DENYING CAPITAL ONE, N.A.'S MOTION TO EXCLUDE TESTIMONY FROM PLAINTIFFS' EXPERT WITNESS ARTHUR OLSEN

**THIS CAUSE** comes before the Court on Defendant Capital One, N.A.'s Motion to Exclude Testimony from Plaintiffs' Expert Witness Arthur Olsen (the "*Daubert* Motion") (DE #2454), filed February 3, 2012. Plaintiffs responded on May 29, 2012 (DE #2724) and Defendant replied on June 11, 2102 (DE #2751). The Court heard oral argument on a substantially identical *Daubert* challenge to Mr. Olsen's declaration on March 20, 2012, (Tr., at 1–69) (DE #2628), and subsequently denied motions to exclude by TD Bank, BancorpSouth, and PNC Bank, finding that the challenge really goes to the weight to be given Olsen's testimony by the finder of fact, rather than admissibility under *Daubert*. (*See* DE #2569, 2650).[1] Earlier in these MDL proceedings, the Court similarly rejected Union Bank's challenge to Mr. Olsen's testimony

---

[1] At the conclusion of the hearing on TD Bank's *Daubert* Motion to Exclude the Declaration of Mr. Olsen, the Court explained that TD Bank's challenge goes to "the weight of Mr. Olsen's testimony, and does not offend the considerations of *Daubert* as to reliability so as to preclude his testimony." (Tr., at 61:15–20) (DE #2628).

because the bank failed to offer evidence or expert testimony to "dispute Mr. Olsen's ability to calculate damages on an account-by- account basis . . ." *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 666, 673 (S.D. Fla. 2011) (certifying a class based in part on expert report provided by Olsen). Defendant provides no sound basis as to why this Court should come to a different conclusion here.

Plaintiffs offer Mr. Olsen's testimony in support of their Motion for Class Certification (DE #2313) because his technical expertise in extracting and analyzing data from Defendant's computer databases will identify class members and will assist the trier of fact by calculating the amount of damages under whichever alternative posting the trier of fact selects. Defendant does not challenge Mr. Olsen's qualifications or expertise to mine and analyze the data from Defendant's databases, which is the only task Plaintiffs ask him to perform. Rather, Defendant seeks to exclude Mr. Olsen's declaration because (1) the Bank's own customer transactional data prior to December 11, 2008 would "take an enormous amount of time and resources to complete," and (2) is "based on an incorrect assumption that, in the alternative world Olsen propose to recreate, all factors would remain exactly the same *except* the order in which the transactions were posted and the number of overdraft fees that Capital One would charge." (*Daubert* Motion, at 5–7) (DE #2454).[2] These arguments are similar to those raised by Wells Fargo in its *Daubert* challenge to Olsen's testimony considered and rejected by Judge Alsup in *Gutierrez v. Wells Fargo & Co.*, No. C-07-05923, 2010 LEXIS 29117 (N.D. Cal. Mar. 26, 2010), which correctly determined that Olsen's analysis will assist the Court in deciding Plaintiffs'

---

[2] Defendant also seeks to exclude Olsen's methodology because it relies too heavily on *Gutierrez* and "boils down to a request that the Court take him at his word that a workable methodology could be developed." (*Daubert* Motion, at 7). The Court will not address this argument at length since Olsen's declaration speaks for itself in describing in detail a methodology that was approved in *Gutierrez* and specifically (1) examines customer and transactional data; (2) programs database code to calculate "differentials" comparing Defendants' posting orders; and (3) adjusts for reversals. (*See* Olsen Decl. ¶¶ 9, 15–29, 43–47). Defendant's challenge to this methodology goes to weight and is thus wholly irrelevant to the question of whether Olsen's testimony is admissible under *Daubert*.

Motion for Class Certification because it demonstrates that Plaintiffs are able, on a class-wide basis using the bank's own data, to identify class members and to calculate damages overdraft fees charged as a result of the re-sequencing. *Id.* at *36–37.

Olsen's declaration not only describes in great detail the methodology he developed and used in *Gutierrez*, but uses this same methodology to calculate the amount of excess overdraft fees charged to Plaintiffs using one alternative posting scenario. (*See* Olsen Decl. ¶¶ 9, 15–29, 43–47). Olsen's exemplar calculations of Plaintiffs' damages based on his thorough review of Defendant's own data, (*id.* at 39–41, 43), show that Olsen will be able to perform such calculations class-wide, which is the only damages question before the Court at this class certification stage of the proceedings. Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Exclude Testimony from Plaintiffs' Expert Witness Arthur Olsen **(DE #2454)**, is hereby **DENIED**. It is further **ORDERED** that Defendant's Renewed Request for Non-Testimonial Hearing on its Motion to Exclude **(DE #2754) is DENIED as moot**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 15th day of June, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record