**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

**DEFENDANT CAPITAL ONE, N.A.'S MOTION TO STRIKE PORTIONS OF**
**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS**
**CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW**

Capital One, N.A. ("Capital One") hereby moves to strike portions of Plaintiffs' Reply in support of their Motion for Class Certification (the "Reply") because Plaintiffs raise new arguments that they failed to raise in their Motion for Class Certification (the "Motion") and indeed contradict positions taken in that motion.  In over 110 pages of opening briefing on class certification, Plaintiffs *never* sought certification of a class for express breach of contract.  Plaintiffs also *never* argued that class membership would be based on the low-to-high posting order scenario.  Instead, Plaintiffs withheld these arguments and raised them for the *very first time* in their Reply.  Such tactics are clear violations of Local Rule 7.1(c) of the Southern District of Florida Local Rules and should be stricken as such.  (*See* ECF No. 1768 (granting motion strike portions of reply pursuant to Local Rule 7.1(c).)  By sandbagging Capital One with new arguments, Plaintiffs have robbed Capital One of the opportunity to address these arguments in its opposition to class certification.  This Court should strike these arguments improperly raised for the first time in Plaintiffs' reply.  Alternatively, Capital One respectfully requests leave to file a surreply in order to address the new arguments in the Reply.

## STATEMENT OF THE CASE

Plaintiffs Leanne Steen, a resident of Louisiana, Terrance Menyweather, a resident of Texas, and Tim Peterson, a resident of Maryland, filed this putative class action against Capital One in the Eastern District of Louisiana, asserting that they had paid additional overdraft fees due to the bank's practice of posting debit card and ATM transactions from highest to lowest. (*See generally* ECF No. 1043-1, Second Am. Compl. ("SAC").)  The SAC alleges four state common-law claims:  breach of the covenant of good faith and fair dealing; unconscionability; conversion; and unjust enrichment.  (*Id*. ¶¶ 88-125.)  Specifically, the SAC asserts that "Capital One has breached the covenant of good faith and fair dealing in the Deposit Agreement" and that Plaintiffs "have sustained damages as a result of Capital One's breach of the covenant of good faith and fair dealing."  (*Id*. ¶¶ 92, 94.)

Capital One moved dismiss the SAC arguing, inter alia, that Plaintiffs failed to state a claim for breach of implied covenant of good faith and fair dealing under the laws of Louisiana, Maryland and Texas. (ECF No. 1161 at 4-6, 10-13; *see also* ECF No. 1306 at 6.)  This Court dismissed the claim for breach of implied covenant of good faith and fair dealing under Texas law. (ECF No. 1306 at 6.)  Subsequently, Plaintiffs voluntarily dismissed all claims brought on behalf of Peterson, who had never incurred an overdraft fee on a consumer account.  (ECF No.

2233.) As such, the only claim remaining for breach of implied covenant of good faith and fair dealing is pleaded under Louisiana law.

On December 21, 2011, Plaintiffs filed their Motion and the accompanying "Trial Plan," which was incorporated by reference into their Motion. (*See generally* Mot. and Tr. Plan.) Plaintiffs also filed voluminous supporting documents, including declarations, exhibits, and expert testimony. Plaintiffs argued "for certification of their claims for breach of the covenant of good faith and fair dealing, unjust enrichment and unconscionability." (Mot. at 2.) Plaintiffs alleged that they "seek redress via common legal claims for breach of the duty of good faith and fair dealing, unjust enrichment and unconscionability." (*Id*. at 30.) As support for certification of a "Good Faith and Fair Dealing Breach Subclass" under Louisiana law, Plaintiffs described "the elements needed to establish a claim for breach of the duty of good faith and fair dealing." (Tr. Plan at 10 (noting the subclass is limited to Louisiana.) Their Motion asserted that a common question of law and fact was "whether Capital One… [b]reached its covenant of good faith and fair dealing with Plaintiffs and the Class." (Mot. at 29.) Plaintiffs asserted that they "will prove with common evidence that Capital One breached the covenant of good faith and fair dealing." (Tr. Plan at 3.) The Motion anticipated Capital One's statute of limitations argument against certification (Mot. at 42-43); however, the Plaintiffs did not invoke any tolling exception. (*See also generally* SAC (no allegation of tolling of statute of limitations).)

Further, Plaintiffs argued that "common evidence will be used to . . . identify the Capital One customers who were assessed additional overdraft fees due to the bank's high-to-low posting order as compared with an alternative posting order in which, for example, debit card transactions are posted in chronological order based on authorization date and time." (Tr. Plan at 7; Mot. at 18, 40 ("Capital One's posting practices will be compared to alternative posting models, such as chronological posting.").) Plaintiffs asserted that their "expert will formulate calculations that can identify members of the Class" after a trial in which the jury has selected the proper posting order. (*See* Mot. at 39; Olsen Decl. ¶ 46.) As such, class membership would be determined in the "post-judgment administrative proceeding." (Tr. Plan at 2.) As support for their proposal, Plaintiffs asserted that their expert "ha[d] already calculated each of the named Plaintiff's damages" using "Scenario 2A," which orders debit transactions with time information in chronological order. (Mot. at 18; Olsen Decl. ¶¶ 49-53, 10.)

On February 3, 2012, Capital One filed its Opposition to Plaintiffs' Motion and

accompanying declarations and exhibits. Capital One also moved to exclude Plaintiffs' expert testimony. (ECF No. 2454.)

On May 29, 2012, Plaintiffs filed their Reply, along with exhibits. In their Reply, Plaintiffs raised new arguments concerning the class definition and class notice, which contradict those in their Motion. (Reply at 2-8, 21-25.) In contrast to "good faith and fair dealing breach subclass" defined in the Motion, the Reply asserted a class defined by a "breach of the deposit agreement." (*Id*. at 3.) Further, Plaintiffs argued for the first time that the statute of limitations was tolled by "the Louisiana doctrines of 'continuing tort' and '*contra non valentem*.'" (*Id*. at 5 n.2.)

In addition, in contrast to the Motion, the Reply asserted new proposal for determining "class membership." (*Id.* at 21, 24.) First, their expert will compare "the overdraft fees suffered by Capital One customers to the fees [customers] would have suffered if low-to-high posting order were instead used." (*Id*. at 21, 24.) Then, after a jury chooses a "preferred posting order," their expert will determine which customers remain in the class. (*Id*. at 21, 24).

## I. THE COURT SHOULD STRIKE SUBMISSIONS RAISED FOR THE FIRST TIME ON REPLY.

Local Rule 7.1(c) unequivocally mandates that "a party may *not* raise a new argument in a reply brief." *Thompkins v. Lil' Joe Records*, No. 02-61161, 2008 U.S. Dist. LEXIS 29423, at *32-33 (S.D. Fla. Mar. 4, 2008) (emphasis added) (rejecting argument raised for first time in reply as procedurally barred). "[R]eply memorandum shall be *strictly* limited to rebuttal of matters raised in the memorandum in opposition." S.D. Fla. L.R. 7.1(c)) (emphasis added). As such, judges in this district have consistently rejected attempts by parties to raise new arguments in reply memoranda. *Willis v. DHL Global Customer Solutions (USA)*, No. 10-62464, 2011 U.S. Dist. LEXIS 116516, at *9 (S.D. Fla. Oct. 7, 2011).

### A. For the First Time, Plaintiffs Argue For an Express Breach of Contract Subclass.

Plaintiffs' argument that they seek to certify a class for express breach of contract is procedurally improper for multiple reasons. First, it violates Local Rule 7.1(c), and thus has deprived Capital One of the ability to contest this "claim" on the merits of class certification. Second, the argument contradicts the opening brief, which governs the motion. Third, because Plaintiffs in fact have not pleaded such a claim, the Reply is an improper, and belated, attempt to

amend the operative complaint without complying with Rule 15 of the Federal Rules of Civil Procedure.

### 1. Plaintiffs' Argument Violates Local Rule 7.1(c).

By their opening brief, Plaintiffs sought certification of a subclass for breach of the covenant of good faith and fair dealing.  (Mot. at 2.) (seeking only "certification of [Plaintiffs'] claims for breach of the covenant of good faith and fair dealing, unjust enrichment and unconscionability.")  Plaintiffs listed as a common question of law and fact "whether Capital One . . .[b]reached its covenant of good faith and fair dealing with Plaintiffs and the Class." (*Id*. at 29.)  Plaintiffs purportedly "seek redress via common legal claims for breach of the duty of good faith and fair dealing, unjust enrichment and unconscionability." (*Id*. at 30.)  Plaintiffs asserted that they "will prove with common evidence that Capital One breached the covenant of good faith and fair dealing." (Tr. Plan at 3.)  Plaintiffs explicitly defined a "Good Faith and Fair Dealing Breach Subclass" and described "the elements that must be proven to establish a claim for a breach of the duty of good faith and fair dealing." (*See id*. at 10.)  The only reference to "breach of contract" in their opening briefing was an explanation that *some* states include breach of good faith and fair dealing under the umbrella of breach of contract and not as a separate claim.  (*See id.* at 3 n.3, 9.)  This explanation is irrelevant here as Plaintiffs seek to certify the claim for breach of covenant of good faith and fair dealing only under Louisiana law, and as Plaintiffs acknowledge, Louisiana treats breach of convenant as a separate claim from that of breach of contract.  (*Id*. at 10 (listing elements of breach of covenant under Louisiana law).)

Confronted with Capital One's explanation of the consequences of their actual claim—a one-year statute of limitations and time-barred claims—Plaintiffs have improperly switched theories in their Reply.  Plaintiffs' "strategy" has deprived Capital One of the opportunity to make substantive legal arguments in response to their new claim, the consequence Rule 7.1 is designed to avoid.  *See Capece v. Depository Trust & Clearing Corp*., No. 05-80498, 2005 U.S. Dist. LEXIS 42039, at *21 (S.D. Fla. Oct. 11, 2005) (refusing to consider new argument raised on reply); *Flamenbaum v. Orient Lines, Inc*., No. 03-22549, 2004 U.S. Dist. LEXIS 14718, *14 (S.D. Fla. July 28, 2004) (same, noting that the defendant had not had opportunity to respond); *Martinez v. Weyerhaeuser Mort. Co*., 959 F. Supp. 1511, 1515-16 (S.D. Fla. 1996) (striking portion of reply memorandum that raised new issues pursuant to Local Rule 7.1 (c)); *DaSilva v. Lamberti*, No. 08-62106, 2009 U.S. Dist. LEXIS 108388, at *7-9 (S.D. Fla. Oct. 29, 2009)

(refusing to consider issue raised by defendants "for the first time" in reply memorandum in support of motion to compel under Local Rule 7.1(c)).

If Plaintiffs had advanced their new "breach of express contract" argument in their Motion, Capital One would have had an opportunity to explain in its Opposition why Plaintiffs' new argument is fatally flawed. *See Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 730 (9th Cir. 2007) (reversing certification of class "pursuant to a theory that was neither pled, nor properly considered by the district court when granting class certification."). They did not. Because the Reply contains new arguments regarding a class for claims of breach of an express term in a contract, in violation of Local Rule 7.1(c), this Court should strike the portions of the Reply containing these arguments.

### 2. Plaintiffs' New Argument Contradicts Their Class Certification Motion.

Plaintiffs' violation of Local Rule 7.1 is exacerbated by the fact that it occurs on a class certification motion. A motion for class certification serves to identify for the claims in the complaint for which a plaintiff seeks to certify a class. Where a plaintiff moves for partial class certification, the claims for which certification is not sought are deemed abandoned. *Bieneman v. City of Chicago*, 864 F.2d 463, 466 (7th Cir. 1988) (motion for partial class certification treated as abandonment of class). Here, Plaintiffs' class certification drastically narrowed the claims to be certified by abandoning 17 out of the 35 claims that they originally pled on behalf of the putative class. (Mot. at 1 n.1 ("Plaintiffs also request that the Court certify subclasses for specific claims as set forth in Plaintiffs' Proposed Trial Plan . . ."); *id.* at 2 n.2; Tr. Plan at 10 n. 15, 16.) Consequently, even if the SAC had contained a claim for express breach of contract, Plaintiffs' explicit request only "for certification of their claims for breach of the covenant of good faith and fair dealing" governs their Motion. (Mot. at 2.)[1]

The impetus for Plaintiffs' new theory is obviously to avoid the bar of the statute of limitations. As part of this strategy, Plaintiffs have also advanced, for the first time, various

---

[1] Moreover, Capital One performed exactly as required by the express terms of the contract, posting Plaintiffs' transactions to their account exactly as stated in the contract. Plaintiffs' claims therefore cannot be grounded in any breach of express contractual terms. *See Clark v. Am.'s Favorite Chicken Co.*, 916 F. Supp. 586, 590-91 (E.D. La. 1996) (rejecting plaintiffs' argument that defendant breached implied obligation of "good faith performance" where defendant did not breach express terms of agreement at issue).

theories by which they claim the statute has been tolled. (Reply at 5 n.2.) These arguments, like their new cause of action, are similarly improperly raised for the first time on reply. Plaintiffs "bear[] the burden of establishing every element of Rule 23," including establishing that their claims are not time-barred. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (internal citation omitted); *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321-22 (4th Cir. 2006) (rejecting argument that defendant had the burden of proof on its statute of limitations defense at the class certification stage). Courts have routinely held that a "plaintiff's claim of a breach of the implied duty of good faith and fair dealing is subject to the one-year prescriptive period set forth by Article 3492 of the Louisiana Civil Code." *White v. State Farm Mutual*, 2010 U.S. Dist. LEXIS 112578, at *8-10 (M.D. La. Oct. 21, 2010); *Kroger Co. v. L.G. Barcus & Sons*, 13 So. 3d 1232, 1235 (La. App. 2009) (one-year statute of limitations under 3492 governed breach of contract claim because petition "does not allege that a specific contract provision was breached, but that [defendant's] services were ineffective"). Plaintiffs cited no case that holds otherwise. Moreover, Plaintiffs, who failed to plead tolling in their complaint, cannot argue for tolling of the statute of limitations via a footnote in their Reply. In any event, having received actual notice of her claims (Steen Dep. 30:14-25; 42:4-19; 143:30-144:12), Steen is barred from relying on any tolling doctrine. *See Carriere v. Jackson Hewitt Tax Serv. Inc*, 750 F. Supp. 2d 694, 708-09 (E.D. La 2010); *see also Eastin v. Entergy Corp.*, 865 So. 2d 49, 53 n.2, 57 (La. 2004) (no tolling for plaintiff who knew perceived she was wronged and discussed lawsuit with attorney).

Plaintiffs' attempt to advance a different theory in their Reply than they advanced in their Motion violates Local Rule 7.1(c) and, for that reason, the argument should be stricken.

### 3. Plaintiffs Have Never Asserted a Cause of Action for Express Breach of Contract.

Plaintiffs' attempted reliance on the SAC does not help them. (Reply at 3-4.) The SAC does not allege the breach of any express terms in any contract. Instead, the SAC contains a heading: "Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing (on Behalf of the National Class)." (SAC at 25 (parentheses in original).) The footnote to that heading clarifies that "breach of contract" was included only solely on the premise that some states include breach of the covenant under the umbrella of breach of contract. (*Id*. at 25 n.3; *see also* Tr. Plan at 9 ("Some states treat the implied covenant of good faith and fair dealing as a

separate cause of action.").)[2]  As Plaintiffs have acknowledged that Louisiana is not such a state, that footnote is inapplicable.  (Tr. Plan at 10.)  The footnote makes it clear that Plaintiffs have not been pursuing a claim for breach of an express term in a contract separate from their claim for breach of the implied covenant of good faith and fair dealing.  (*Id*. at 9; SAC at 25 n.3.)

It is black letter law that a plaintiff cannot amend her complaint through argument in a brief.  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("a plaintiff may not amend her complaint through argument in a brief . . ."); *see also Retired Chicago Police Ass'n. v. The City of Chi.*, No. 90-0507, 1992 U.S. Dist. LEXIS 1418, *15 (N.D. Ill. Feb. 6, 1992) ("[Plaintiffs'] apparent attempt to amend the pleadings de facto through its motion for class certification is inappropriate.").  Rather, "the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)."  *Gilmour*, 382 F.3d at 1315; *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1310 (11th Cir. 2007) (Plaintiff "should have sought to amend his complaint in accordance with Federal Rule of Civil Procedure 15(a) if he wished to add a claim.").  Here, however, the time for amendment of the complaint has long passed.  *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) (affirming denial of motion to amend complaint where the "amendment would have required the parties and the court to backtrack and redo work that had already been completed, including the work concerning class certification"); *Roberts v. Az. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (affirming district court's order denying motion for leave to amend when a party wanted to add a new claim "at the eleventh hour, after discovery was virtually complete").

Plaintiffs attempt to circumvent Rule 15 is wholly improper and, for this additional reason, their argument should be stricken.

### B. For the First Time, Plaintiffs Propose Applying a Low-to-High Posting Order to Determine Class Membership.

In their Motion, Plaintiffs propose that the "class" be identified as follows:  First, a lay jury will re-write the terms of the deposit agreement that governs the relationship between

---

[2] The footnote reads:  "Florida and certain other states recognize a claim for breach of the covenant of good faith and fair dealing as a separate and independent claim from breach of contract.  Other states treat breach of the covenant of good faith and fair dealing as a species of breach of contract.  For the sake of convenience in this multi-district litigation, the Complaint pleads these two types of claims, which are substantively identical, in a single count."  (SAC at 25 n.3.)

Capital One and its customers, selecting the posting order that the jury deems appropriate. (Mot. at 39; Tr. Plan at 2; *but see* OCC Interp. Ltr. No. 997, 2002 WL 32639293 (April 15, 2002) (explaining that 12 C.F.R. § 7.4002 authorizes national banks to use a high-to-low order of posting debits to a customer's account).) Once the jury selects the "proper" posting order, Plaintiffs' "expert" will identify the class members. (*See* Mot. at 39 ("Plaintiffs' expert will formulate calculations that can identify members of the Class . . ."); Olsen Decl. ¶ 46.) According to Plaintiffs, their "expert" would "identify the specific class members who were 'harmed' by Capital One's posting practice during the class period, as compared to an alternative posting order where debit card transactions are posted *in chronological order*." (Olsen Decl. ¶ 46; (emphasis added).) Capital One objected to this proposal in its opposition to class certification. (Opp'n at 41-43.)

Plaintiffs now advance a new proposal for determining "class membership." First, their expert will compare "the overdraft fees suffered by Capital One customers to the fees [customers] would have suffered *if low-to-high posting order were instead used*." (Reply at 21; (emphasis added).) Then, after a jury chooses a "preferred posting order," their expert will determine which customers remain in the class. (*Id*.) Plaintiffs' new proposal violates Local Rule 7.1(c), and this Court should strike it.

Plaintiffs' new argument, moreover, is flawed on multiple levels.

First, Plaintiffs have presented *no* evidence that a class of those who would have fared differently under a low-to-high posting order could be ascertained. Plaintiffs' expert analyzed the named Plaintiffs' transactions with reference only to "Scenario 2A," which orders debit transactions with time information in *chronological order*. (Olsen Decl. ¶¶ 49-53, 10.) Plaintiffs' expert's declaration does not contain any analysis for determining class membership by reference to the low-to-high posting order. (*See generally* Olsen Decl.)

Second, Plaintiffs' new proposal fails to answer essential Rule 23 questions: (1) who will receive class notice, and (2) who will be bound by this action. *See In re Monumental Life Ins. Co.*, 365 F. 3d 408 (5th Cir. 2004) ("A precise class definition is necessary to identify properly those entitled to relief, those bound by the judgment, and those entitled to notice.") (citations quotations omitted). For example, if Plaintiffs' expert determines that a customer is in the pre-trial class but not in the post-trial class, is that customer bound by the judgment? Further, pre- and post-trial classes may not overlap, potentially leaving members of the post-trial class without

sf-3090452                                     8

Case 1:09-md-02036-JLK   Document 2769   Entered on FLSD Docket 06/15/2012   Page 10 of 14

class notice. (*See* Olsen Decl. Ex. B at 947:21-23 (class membership would vary with the posting order).) If a customer cannot determine if he or she is in or out, how is that person going to be able to exercise a meaningful right of opt-out?

Third, under Plaintiffs' newly proposed definition, class membership would likely encompass customers who never suffered actual harm and thus do not have standing. Plaintiffs offer no basis to conclude that everyone who would have had a different outcome under a low-to-high postings order was "harmed" by Capital One's posting order. (*Compare* Mot. at 40 *with* Reply at 21.) Indeed, the *Gutierrez* court expressly rejected the idea that class membership would be determined by reference to the low-to-high posting order scenario. *Gutierrez v. Wells Fargo & Co.*, No-07-5923, 2010 U.S. Dist LEXIS 29117, *23-25 (N.D. Cal. Mar. 26, 2010). The court determined that the low-to-high posting order was "untethered from *any* of the legal claims brought by the 're-sequencing' class" because it "ha[d] nothing to do with chronological posting" which was the basis of the plaintiffs' claims. *Id*. at *23 (emphasis original). Plaintiffs here, like the *Gutierrez* plaintiffs, have consistently tethered their "resequencing" allegations to an expectation of chronological posting. (*See, e.g.*, SAC ¶ 38 ("Instead of processing such transactions in chronological order, Capital One processes them starting with the largest debit and ending with the smallest debit."); *see also id.* at ¶¶ 37, 40, 41; Mot. at 18 ("[E]ach Plaintiff would have been assessed fewer overdraft fees had Capital One posted their debit card transactions in chronological order."); *id.* at 40; Steen Dep. 172:8-11 (expecting her "electronic transactions to be in the order that I do them"); Menyweather Dep. 52:7-9 (expecting posting order to be "the order that I bought things").)

It is axiomatic that "no class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-64 (2d Cir. 2006); *see also Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) (Any putative class "must therefore be defined in such a way that anyone within it would have standing.") (citations and quotation marks omitted); *Conigliaro v. Norwegian Cruise Line, Ltd.*, No. 05-21584, 2006 U.S. Dist. LEXIS 95576, at *14-15 (S.D. Fla. Aug. 31, 2006) ("The proposed class description must not be so broad as to include individuals who are without standing."). As such, any proposed class definition "must not be so broad as to include individuals who are without standing to maintain the action on their own behalf." *Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 580 (N.D. Ill. 2005) (refusing to certify class because "the proposed class definition is overly inclusive and

encompasses millions of potential members without any identifiable basis for standing"), *aff'd* 472 F.3d 506 (7th Cir. 2006). Accordingly, courts routinely refuse to certify a class where some of the proposed class members suffered no injury. *Id.*; *In re Light Cigarettes Mktg. Sales Practices Litig.*, 271 F.R.D. 402, 420 (D. Me. 2010) ("if the definition is so broad that it sweeps within it persons who could not have been injured by the defendant's conduct, it is too broad") (citations and quotations omitted). Here, Plaintiffs now propose a massive putative class with the expectation that the class will be narrowed significantly after trial. For example, in *Gutierrez*, plaintiffs' expert predicted that the low-to-high posting comparison included, on average, 325,000 more overdrafts than the "Scenario 2A." *See* Supp. Expert Report of Arthur Olsen, ECF No. 391, *Gutierrez v. Wells Fargo & Co.*, No. 07-5923 (N.D. Cal. April 20, 2010). In seeking to temporarily define "class membership" with reference to a low-to-high posting order, Plaintiffs essentially ask this court to certify a conditional class that would include tens of thousands of more putative class members than the actual class to later be based upon the "proper" posting order. This proposal, seeking certification of a conditional class, violates Rule 23. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 319-20 (3rd Cir. 2009) (2003 amendments eliminated conditional classes). Neither of Plaintiffs' proposals satisfies the stringent requirements of Rule 23.

## II.      ALTERNATIVELY, THE COURT SHOULD ALLOW SURREPLY.

"[W]here the movant raises new arguments in its reply brief," the court should allow a surreply because "a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief." *First Specialty Ins. Co. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008). If this Court decides not to strike Plaintiffs' improper arguments, Capital One will be prejudiced if it is denied an opportunity to respond to arguments presented by Plaintiffs for the first time in their Reply. Thus, in the event this Court declines to strike Plaintiffs' improper arguments, Capital One respectfully requests an opportunity to file a surreply addressing Plaintiffs' new arguments.

## CONCLUSION

For the foregoing reasons, Capital One respectfully requests that this Court strike Sections I.A.1-2 and II of Plaintiffs' Reply in Support of Motion for Class Certification (filed under seal).

## CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 7.1

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so.

Dated: June 15, 2012

Respectfully submitted by,

MORRISON & FOERSTER LLP

By: /s/ James R. McGuire
JAMES R. McGUIRE

JAMES R. McGUIRE (*pro hac vice*)
RITA F. LIN (*pro hac vice*)
KAY FITZ-PATRICK (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:    415.268.7000
Facsimile:    415.268.7522

*Attorneys for Defendant*
CAPITAL ONE, N.A.

## CERTIFICATE OF SERVICE

CASE NO.: 1:09-MD-02036-JLK

I HEREBY CERTIFY that on June 15, 2012, I filed the foregoing document with the Clerk of the Court using CM/ECF No., which will send notification of such filing to all counsel of record entitled to receive service.

Dated: June 15, 2012

/s/ James R. McGuire
James R. McGuire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:    415.268.7000
Facsimile:     415.268.7522
jmcguire@mofo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

**[PROPOSED] ORDER GRANTING DEFENDANT CAPITAL ONE, N.A.'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**

This cause is before the Court upon Defendant' Capital One, N.A.'s Motion to Strike Portions of Plaintiffs' Reply In Support Of Their Motion for Class Certification. The Court has carefully considered the motion, the related responses and replies and the relevant record. Because Plaintiffs raised new arguments in their Reply In Support Of Their Motion for Class Certification in violation of Local Rule 7.1(c), it is hereby ORDERED that the Motion is GRANTED. Sections I.A.1-2 and II of Plaintiffs' Reply in Support of Motion for Class Certification (filed under seal), are hereby STRICKEN.

DONE and ORDERED in Chambers at the James Lawrence King Federal Justice Building and United State Courthouse in Miami, Florida this _____ day of _____, 2012.

_____
Honorable James Lawrence King
United States District Judge

Copies furnished to Counsel of Record

1

sf-3157647