**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Shane Swift v. BancorpSouth, Inc.,*
N.D. Fla. Case No. 1:10-cv-00090-SPM
S.D. Fla. Case No. 1:10-cv-23872-JLK

**MOTION FOR SANCTIONS AGAINST DEFENDANT BANCORPSOUTH BANK
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Shane Swift, on behalf of himself and the certified class ("Plaintiff"), and Plaintiffs' Co-Lead Counsel, Plaintiffs' Coordinating Counsel and Plaintiffs' Executive Committee in MDL 2036 (collectively, the "PEC"), pursuant to its inherent authority and 28 U.S.C. § 1927, respectfully request entry of an order imposing sanctions against Defendant BancorpSouth Bank ("BancorpSouth" or the "Bank") and its counsel of record based on their attempt to undermine this Court's authority and the multi-district litigation process. BancorpSouth and its counsel demonstrated a lack of respect for and wasted the resources of this Court, the United States Court of Appeals for the Eleventh Circuit, the Judicial Panel on Multidistrict Litigation ("JPML"), and the United States District Court for the Western District of Arkansas, all of which expended considerable time and resources addressing matters occasioned by the conduct of BancorpSouth and its counsel in connection with the *Thomas/Lawson* settlement and copycat action. To dissuade the Bank and its counsel from

engaging in similar conduct again, and to compensate the PEC and Plaintiff's counsel for the time incurred attendant to this conduct, this Court should impose sanctions, requiring BancorpSouth and its counsel to pay the fees expended by the PEC and Plaintiffs' counsel in responding to the Bank's actions in connection with the *Thomas/Lawson* settlement and copycat action.[1]

## SUPPLEMENTAL FACTS AND PROCEDURAL HISTORY

The detailed facts and procedural history of events prior to April 30, 2012 are set forth in this Court's Order Denying BancorpSouth Bank's Motion to Stay and Granting Plaintiff's Emergency Motion to Enjoin Copycat Case under the All Writs Act (the "Injunction Order"). [**DE # 2666**]. For the sake of brevity, the facts and procedural history set forth in the Injunction Order are incorporated herein by reference.[2] The supplemental facts and procedural history below, recounting events since this Court's entry of the Injunction Order, further demonstrate why this Court should impose sanctions on BancorpSouth and its counsel.

BancorpSouth appealed the Injunction Order on April 30, 2012, and shortly thereafter filed an Emergency Motion to Stay Injunction Pending Appeal. [**DE # 2667 & 2668**]. Without even awaiting a ruling from this Court on its emergency motion to stay, BancorpSouth filed a "Time-Sensitive Motion for Immediate Stay of Injunction and to Expedite Appeal" with the Eleventh Circuit (Case No. 12-12386-EE). On May 17, 2012, the Eleventh Circuit denied the

---

[1] The PEC originally sought sanctions in the Emergency Motion to Enjoin Copycat Case Under All Writs Acts. [**DE # 2603 at pp. 14-15**]. During the April 18 hearing, the Court indicated that if the PEC wished to proceed with a motion for sanctions, it should be filed separately in order to give the Bank and its counsel an opportunity to respond. [**DE # 2642 at p. 2; DE # 2647 at p. 94**].

[2] The Court's factual findings in the Injunction Order are based on matters of record filed in *Swift* and *Thomas/Lawson*, including the sworn declarations filed in *Swift* by counsel for Plaintiff (**DE # 2603-1 & 2626-2**) and counsel for BancorpSouth (**DE # 2605-1, 2605-2 & 2635**), as well as the pleadings filed in *Thomas/Lawson* (**DE # 2605-3-24**). [*See* **DE # 2666 at n.1**]. These filings are also incorporated herein by reference.

2

Bank's "time-sensitive" stay motion without prejudice to renewal after this Court ruled on the emergency stay motion. The Bank then filed a supplement to its emergency stay motion. [**DE # 2713**]. Each of these filings necessitated responses by Plaintiff and the PEC and wasted the resources of this Court and the Eleventh Circuit. [**DE # 2680 & 2717**]. On May 11, 2012, the Bank filed its Opening Brief with the Eleventh Circuit, seeking reversal of the Injunction Order. BancorpSouth argued, *inter alia*, that the Injunction Order was riddled with errors, that this Court improperly applied the All Writs Act, and that the first-to-file rule did not provide a legal basis for entry of the Injunction Order.

On May 4, 2012, this Court entered an Order Granting Class Certification in this action. [**DE #2673**]. This Order was based on Plaintiff's motion for class certification filed on December 20, 2011 (**DE # 2271**) – three months *before* BancorpSouth entered into the *Thomas/Lawson* settlement and cooperated in the filing of that copycat action in the Western District of Arkansas that led to the preliminary approval of that settlement before U.S. District Judge Robert T. Dawson.[3]

On May 9, 2012, BancorpSouth filed a Motion to Vacate Conditional Transfer Order (CTO-44) with the JPML. [**JPML DE # 712**]. Plaintiff and the PEC filed their Opposition to the Bank's Motion to Vacate CTO-44 on May 21, 2012, and the Bank filed its Reply in Support of the Motion to Vacate CTO-44 on June 7, 2012. [**JPML DE # 726 & 737**]. Here too, the Bank's filings necessitated a response by Plaintiff and the PEC and wasted the judicial resources of the JPML.

On June 8, 2012, Judge Dawson *sua sponte* entered an Order in *Thomas/Lawson*, finding that the "interests of justice" required that the action be transferred to this Court where a virtually

---

[3] BancorpSouth filed a Petition for Permission to Appeal this Court's Order Granting Class Certification before the Eleventh Circuit (Case No. 12-90024-E), which is pending.

3

identical action had been pending for nearly 18 months (the "Transfer Order").  [**DE # 40 in Case No. 1:12-cv-01016-RTD**].  The Transfer Order decertified the *Thomas/Lawson* settlement class, vacated the preliminary approval of the *Thomas/Lawson* class action settlement, canceled the July 30 final fairness hearing, transferred the *Thomas/Lawson* action to this Court, and terminated all further proceedings in the Western District of Arkansas. *Id.*

On June 11, as a result of Judge Dawson's Transfer Order, BancorpSouth filed a Notice of Withdrawal of Motion to stay Injunctive Relief Pending Appeal. [**DE # 2752**].  Nevertheless, the Bank continued to pursue its appeal of the Injunction Order.

The *Thomas/Lawson* action was docketed in the Southern District of Florida on June 11 and formally made part of MDL 2036 on June 13, 2012. [**DE # 2758**].  On June 13, 2012, the JPML issued its Order Vacating Conditional Transfer Order (CTO-44) based on Judge Dawson's Transfer Order. [**JPML DE # 739**].

On June 15, 2012, BancorpSouth formally terminated the *Thomas/Lawson* settlement based on Judge Dawson's Transfer Order.[4]

On June 18, 2012, the PEC and BancorpSouth filed a Joint Status Report with the Court describing the foregoing events, and stated that if the *Thomas/Lawson* action were dismissed, BancorpSouth would dismiss its appeal of the Injunction Order. [**DE # 2770**].  The Joint Status Report also advised the Court that the parties were conferring on the appropriate notice that should be sent to the former *Thomas/Lawson* settlement class members in light of the Transfer Order and BancorpSouth's termination of the *Thomas/Lawson* settlement. *Id.*  Finally, the Joint

---

[4] Plaintiffs' Coordinating Counsel has already begun discussions with counsel for the Bank regarding the need to provide notice to all recipients of the prior notice issued in connection with the *Thomas/Lawson* settlement, advising them that preliminary approval of that settlement has been vacated and that settlement has been terminated.  Should counsel be unable to reach agreement on this issue, Plaintiff will bring this matter to the Court in a separate motion.

Status Report attached an agreed [Proposed] Revised Scheduling Order. *Id.*

On June 21, 2012, after BancorpSouth declined to voluntarily dismiss its appeal of the Injunction Order, notwithstanding the events described above, Plaintiff and the PEC filed their Answer Brief in the Eleventh Circuit. Here again, the PEC and Plaintiffs' counsel expended substantial efforts that would have been unnecessary if the Bank and its counsel had not engaged in the actions resulting in entry of the Injunction Order.

On June 22, 2012, Plaintiffs Thomas and Lawson filed a Notice of Voluntary Dismissal of the *Thomas/Lawson* action, effectively bringing an end to the copycat action. [**DE # 2782 & 2783**]. Despite notice of dismissal of the *Thomas/Lawson* action, BancorpSouth has still not voluntarily dismissed its appeal of the Injunction Order.

Four months after setting the events in motion which led to multiple filings before this Court, the United States District Court for the Western District of Arkansas, the JPML, and the Eleventh Circuit (where the appeal of the Injunction Order is still pending), the unnecessary imposition on these Courts and waste of judicial resources occasioned by the actions of BancorpSouth and its counsel have nearly, though not yet, come to an end.

## **ARGUMENT**

The multiple proceedings resulting from the actions of BancorpSouth and its counsel in connection with the *Thomas/Lawson* settlement and copycat action were unnecessarily disruptive to the ongoing litigation before this Court, the United States District Court for the Western District of Arkansas, the JPML and the Eleventh Circuit. The conduct of BancorpSouth and its counsel departed from recognized standards of professional conduct and were undertaken in bad faith. Therefore, this Court should impose sanctions on BancorpSouth and its counsel to deter such conduct in the future which, left undeterred, threatens to undermine the multidistrict litigation process.

5

Even as it was defending against the claims brought in this action for nearly 18 months, BancorpSouth and its counsel were plotting to reach a collusive, patently inadequate settlement with willing plaintiffs' counsel outside the purview of this MDL Court. The behavior of BancorpSouth and its counsel evidenced disrespect for this Court, for Judge Dawson, for the JPML, and for the Eleventh Circuit, and a willingness to waste the time and resources of the judicial system. Despite the transparency expected in this Court, BancorpSouth and its counsel intentionally failed to disclose the existence of a competing copycat case so they could covertly hold settlement talks. *Compare* **DE # 60** at ¶ 6 ("This Court places a premium on professionalism and requires counsel to fulfill their obligation as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court. The Court expects that professionalism and courteous cooperation permeate this proceeding from now until this litigation is concluded.").

Contrary to this Court's expectations, after they knew they had reached the *Thomas/Lawson* settlement and colluded to have that case re-filed in federal court in Arkansas on February 28, 2012, BancorpSouth and its counsel failed to provide this Court or the PEC with notice that it had reached a proposed settlement that would wipe out the proposed class claims pending in this action, and that the parties in *Thomas/Lawson* would be moving for preliminary approval of that settlement before Judge Dawson. Indeed, even before the *Thomas/Lawson* settlement was filed on March 16, 2012, the Bank was required to notify the JPML of the *Thomas/Lawson* action, which it failed to do. JPML Rule 7.1(a) expressly applies to *any* party to

an MDL action who learns of a *potential* tag-along case.[5] Additionally, BancorpSouth's counsel failed to comply with the clear dictates of S.D. Fla. Local Rule 3.8, which provides:

> It shall be the continuing *duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel* the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures, *as well as the existence of any similar actions or proceedings then pending before another court* or administrative agency. Such notice shall be given by filing with the Court and serving on counsel a "Notice of Pending, Refiled, Related or Similar Actions," containing a list and description thereof sufficient for identification. (emphasis added).

Clearly, BancorpSouth and its counsel were trying to avoid this Court's oversight. They did so in an attempt to deprive this Court of the jurisdiction vested in it by the JPML.

The actions of BancorpSouth and its counsel over the past four months warrant the imposition of sanctions. "[A] court has 'inherent authority to control and preserve the integrity of its judicial proceedings.'" *Smith v. Armour Pharmaceutical Co.*, 838 F. Supp. 1573, 1578 (S.D. Fla. 1993) (quoting *In re Shell Oil Refinery,* 143 F.R.D. 105, 109 (E.D. La. 1992)). "Deeply rooted in the common law tradition is the power of any court to 'manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1545 (11th Cir. 1993) (quoting *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1447 (11th Cir. 1985)). "A court may appropriately sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Id.* at 1545-46 (quoting *Hutto v. Finney,* 437 U.S. 678, 689 n.14 (1978)). It is well settled that this Court has the inherent authority to punish bad faith conduct by a party, and may in its discretion impose attorneys' fees and related expenses paid by the party's opponent. *Chambers v. NASCO, Inc.*,

---

[5] JPML Rule 7.1(a) states: "*Any party or counsel* in actions previously transferred under Section 1407 *shall promptly notify* the Clerk of the Panel of any *potential* tag-along actions *in which that party is also named* or in which that counsel appears." (emphasis added.)

501 U.S. 32, 35 (1991) (affirming sanction of entire amount of attorneys' fees and expenses paid by opponent where party sought to deprive the district court of jurisdiction over the property at issue in the litigation, finding no abuse of discretion by the district court).

MDL 2036 was established to promote the just and efficient conduct of overdraft fee cases pending in federal courts around this country. *See In re: Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). In a desperate attempt to avoid further proceedings before the court chosen by the JPML to preside over these actions, and thereby face exposure in excess of $42 million based on its wrongful debit card re-sequencing practices, BancorpSouth attempted to covertly settle these claims in another jurisdiction for a fraction of its real exposure. Quite obviously, it did so to advance its own narrow interest, not the efficient administration of justice. Based on the conduct of the *Thomas/Lawson* parties and the proposed settlement agreement in that copycat action, it is evident that BancorpSouth and the *Thomas* plaintiffs were improperly attempting to push through a defective settlement outside the purview of this Court. While this in itself should constitute bad faith conduct, the way the Bank and its counsel went about trying to achieve their ends clearly demonstrated bad faith conduct. BancorpSouth intentionally failed to *promptly* inform this Court, the JPML, and the PEC about the Arkansas litigation until *after* it obtained preliminary approval of the *Thomas/Lawson* settlement; misled Judge Dawson about this Court's practice with regard to settlements in order to assuage his concerns about interfering with this Court's conduct of this litigation; carefully parsed their disclosures before Judge Dawson concerning the status of this action and the considerable time and effort this Court and the parties had invested in moving this action forward; and misled Plaintiffs' counsel in this action in order to delay in discovery while they moved toward preliminary approval of the collusive *Thomas/Lawson* settlement.

BancorpSouth's counsel bears responsibility for the Bank's conduct as well. They were obligated to advise their client of the requirements and obligations of this Court, and they either failed to do so or hatched the very scheme at issue, multiplying this litigation and its attendant costs and burden. *See* 28 U.S.C. § 1927; *Lee v. First Lenders Ins. Serv., Inc.*, 236 F. 3d 443, 445 (8th Cir. 2001) ("Sanctions are proper under § 1927 when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.") (internal quotations omitted); *Malautea,* 987 F.2d at 1544. The attorneys for BancorpSouth were duty-bound to conduct themselves in a manner consistent with the ethical standards with which all attorneys practicing before the Court must comply. Despite multiple opportunities to do so, BancorpSouth's counsel have failed to acknowledge or accept responsibility for the unnecessary proceedings occasioned by their actions involving the *Thomas/Lawson* settlement and copycat action. Based on their prior actions and their failure to acknowledge and accept responsibility for their actions, this Court should impose sanctions BancorpSouth's counsel based on their failure to conduct themselves in a manner consistent with the ethical standards with which all attorneys practicing before this Court must comply.

## CONCLUSION

Based on the foregoing, Plaintiff and the PEC respectfully request that this Court impose sanctions on BancorpSouth and its counsel under its inherent authority and 28 U.S.C. § 1927 by requiring BancorpSouth and its counsel to pay the fees representing the time expended by the PEC and Plaintiff's counsel in responding to the Bank's actions in connection with *Thomas/Lawson*, and such other sanctions as the Court deems appropriate.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I hereby certify that undersigned counsel conferred with

counsel for BancorpSouth regarding the relief south in the foregoing motion. BancorpSouth plans to oppose the relief sought herein.

Dated: June 26, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ David M. Buckner
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

| | |
|---|---|
| /s/ E. Adam Webb<br>E. Adam Webb, Esquire<br>Georgia Bar No. 743910<br>Adam@WebbLLC.com<br>Matthew C. Klase, Esquire<br>Georgia Bar No. 141903<br>Matt@WebbLLC.com<br>G. Franklin Lemond, Jr., Esquire<br>Georgia Bar No. 141315<br>FLemond@WebbLLC.com<br>WEBB, KLASE & LEMOND, L.L.C.<br>1900 The Exchange, S.E.<br>Suite 480<br>Atlanta, GA 30339<br>Tel: 770-444-9325<br>Fax: 770-444-0271 | /s/ Michael W. Sobol<br>Michael W. Sobol, Esquire<br>California Bar No. 194857<br>msobol@lchb.com<br>Roger N. Heller, Esquire<br>California Bar No. 215348<br>rheller@lchb.com<br>Jordan Elias, Esquire<br>California Bar No. 228731<br>jelias@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Tel: 415-956-1000<br>Fax: 415-956-1008 |
| /s/ Russell W. Budd<br>Russell W. Budd, Esquire<br>Texas Bar No. 03312400<br>rbudd@baronbudd.com<br>Bruce W. Steckler, Esquire<br>Texas Bar No. 00785039<br>bsteckler@baronbudd.com<br>Mazin A. Sbaiti, Esquire<br>Texas Bar No. 24058096<br>msbaiti@baronbudd.com<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX 75219<br>Tel: 214-521-3605<br>Fax: 214-520-1181 | /s/ David S. Stellings<br>David S. Stellings, Esquire<br>New York Bar No. 2635282<br>dstellings@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>250 Hudson Street<br>8th Floor<br>New York, NY  10013<br>Tel: 212-355-9500<br>Fax: 212-355-9592 |

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

---

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Suite 1150
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596