UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Simmons v. Comerica Bank*
N.D. Tex. Case No. 3:10-cv-326-0
S.D. Fla. Case No. 1:10-cv-22958

## ORDER DENYING DEFENDANT COMERICA BANK'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT ARTHUR OLSEN

**THIS CAUSE** comes before the Court upon Defendant Comerica Bank's Motion to Exclude the Testimony of Plaintiffs' Expert Arthur Olsen (the "*Daubert* Motion") (DE #2523), filed March 2, 2012.[1] Therein, Defendant seeks to exclude the declaration testimony of Plaintiffs' expert, Arthur Olsen ("Olsen"), submitted in support of Plaintiffs' Motion for Class Certification (DE #2384), at Appendix IV (DE #2391). The Court is fully briefed on the matter.[2] For the following reasons, the Court finds it must deny Defendant's *Daubert* Motion.

The crux of Comerica Bank's argument is that Olsen's testimony does not "fit" the case because Olsen refuses to identify the "proper" posting method, i.e., chronological, and does not

---

[1] The Court notes Plaintiffs' objection to the timeliness of Defendant's Motion pursuant to Local Rule 7.1, but finds that neither the parties' Joint Motion to Revise Class Certification Briefing (DE #2472), nor the Revised Briefing Schedule (DE #1340), impose a deadline for Defendants to file *Daubert* motions. *See* Joint Motion, at ¶ 3; Revised Briefing Schedule, at ¶ 2. Moreover, the Court finds that the offer of the arguably belated *Daubert* motion does not create undue prejudice.

[2] Plaintiffs filed their Response on March 21, 2012 (DE #2586), and Defendant filed its Reply on April 2, 2012 (DE #2757).

account for predicted changes in bank practices and customer behavior. *See* Motion (DE #2523), at 7–10. The Court heard oral argument on a substantially identical *Daubert* challenge to Olsen's declaration by TD Bank on March 20, 2012 and found the motion went to the weight of Mr. Olsen's testimony, rather than its admissibility under *Daubert*. *See* Minute Entry (DE #2569). The Court subsequently denied motions to exclude Olsen's testimony on similar grounds brought by Defendants BancorpSouth, PNC, and Capital One. *See* Orders Denying Motions to Strike Olsen's Testimony (DE #2650, 2768). The Court finds no basis for why it should reach a different conclusion here.

Olsen's declaration not only describes in great detail the methodology he developed and used in *Gutierrez*, but uses this same methodology to calculate the amount of excess overdraft fees charged to Plaintiffs using one alternative posting scenario. *See* Olsen Decl. (DE #2391), at ¶¶ 9–33, 43–52. Olsen's exemplar calculations of Plaintiffs' damages based on his thorough review of Defendant's own data show that Olsen will be able to perform such calculations class-wide, which is the only damages question before the Court at this class certification stage of the proceedings. Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Exclude Testimony from Plaintiffs' Expert Witness Arthur Olsen **(DE #2523)**, is hereby **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 29th day of June, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record