UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Given v. Manufacturers and Traders Trust Company a/k/a/ M&T Bank*
No. 1:10-CV-20478-JLK

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

As evidenced by Defendant's Supplemental Responses to Plaintiff's discovery requests – served 15 days after the filing of the motion to compel – many of the issues which Ms. Given raised in her motion to compel are now moot. However, Defendant's supplemental responses to two of Ms. Given's interrogatories and six of her requests for production are still unsatisfactory. Thus, Ms. Given continues to seek relief from the Court compelling Defendant's responses in full. Should Defendant fully respond to Ms. Given's discovery requests before the Court rules on her motion to compel, Ms. Given will gladly notify the Court.

### OUTSTANDING RESPONSES REMAINING AT ISSUE

On or about June 22, 2012, Defendant provided Ms. Given with its First Supplemental Answers and Objections to Plaintiff's Arbitration-Related Interrogatories (Exhibit A hereto) and First Supplemental Responses and Objections to Plaintiff's Arbitration-Related Request for Production of Documents (Exhibit B hereto). In addition, Defendant provided 1,462 pages of documents and a privilege log detailing what had been withheld from production. Defendant provided a few additional responsive documents on June 28 and June 29, 2012. Further, Defendant has indicated that additional documents may be produced, but has not stated which documents, or when they will be made available. Supp. Resp. to Interrogs., p. 6, n.1.

Ms. Given originally propounded discovery on Defendant on or about April 25, 2012. Defendant's substantive responses were due in late May. Defendant responded with uniform and boilerplate objections which, as federal law makes clear, are equivalent to non-answers. Fed. R. Civ. P. 37(a)(4); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Only now, a month after Defendant's substantive responses were due and only after facing a motion to compel discovery, is Defendant finally providing Ms. Given substantive responses to most, but not all, of her requests. *See generally* Supp. Resp. to Interrogs.; Supp. Resp. to Req. for Prod. The following discovery requests are still at issue:

**Interrogatory No. 1:**

In this interrogatory, Ms. Given asked Defendant that "[f]or each year from 1999 to the present, state on an annual basis the number of disputes involving Consumers Accounts where the amount in controversy was less than $15,000 that were instituted and resolved in state or federal court." Supp. Resp. to Int. No. 1. Defendant, after incorporating by reference prior objections as well as stating new objections, responded in its supplemental responses by stating:

> Without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), M&T Bank states that it will produce non-privileged documents related to prior State court lawsuits involving consumer checking account overdraft-fee disputes, and Plaintiff is referred to those documents for information responsive to this interrogatory.
>
> Further, M&T Bank states that after conducting a reasonable inquiry, it presently has no knowledge of being a party to any federal court lawsuit involving consumer checking account overdraft fees, other than this lawsuit.

Supp. Resp. to Interrog. No. 1.

Defendant's supplemental response, which includes some, but not all, of the responsive litigation documents, is still insufficient. A party may respond to an interrogatory by producing business records from which the answer may be gleaned, but only if the burden of searching for, compiling, or summarizing the information based upon a review of the documents is substantially the same for either party. Fed. R. Civ. P. 33(d). Further, Defendant is unilaterally limiting its response to disputes involving overdraft fees for consumer checking accounts without having sought a protective order, instead of providing all disputes where the amount in controversy was $15,000 or less as requested by Ms. Given. However, the arbitration clause on its own terms applies to all disputes, not just disputes related to overdraft fees. In this instance, where Ms. Given asks for the number of disputes or complaints filed on an annual basis against

2

the bank, M&T must compile the information, and it must be complete.

The District Court in *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675 (E.D. Ca. 2006), was asked to rule on a similar interrogatory. *Id.* at 679. In *Englund*, the plaintiff requested that the defendant disclose the amount of funds received on an annual basis from various state and federal sources. *Id.* The defendant responded, in part, by offering its business records for the plaintiff's review. *Id.* at 679-80. The court noted that, while the plaintiff could answer the interrogatory by searching through documents produced by the defendant,

> the information will derive from many different places, i.e. audits, later adjustments, etc. Accordingly, this court finds it would be less burdensome for defendant to provide the compilation required than for plaintiff to attempt to ferret the information from various documents and risk challenge by defendant that her calculations were incorrect.

*Id.* at 681. Similar logic applies to the number of complaints and disputes filed against M&T on an annual basis since 1999. Lawsuits in state courts were filed across the country. Some of these suits may have been handled internally by Defendant's legal department. Other disputes may have been outsourced to or handled by local counsel. M&T should not be able to escape responding based on the provision of incomplete records.

Even if this request could be appropriately answered by having Ms. Given's attorneys review Defendant's business records, Defendant has failed to meet the prerequisite requirements. Defendant must "specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). As one federal court explained, the rule requires that:

> The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. Document dumps or vague references to documents do not suffice. Depending on the number of documents and the number of interrogatories, indices may be required.

*U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002) (numerous internal citations omitted). Here, Defendant has not shown that a review of any documents it promises to produce will reveal the complete information requested. Defendant has merely stated that it will

3

produce "non-privileged documents related to prior State court lawsuits…" and that it will provide "applicable Bates numbers upon request." Supp. Resp. to Int. No. 1. If Defendant wishes to produce documents in response, it should still answer the interrogatory and, at the very least, must verify that the documents provided constitute all of the relevant lawsuits.

For this reason, Defendant's response to this interrogatory must be compelled. Defendant should be required to provide the number of disputes instituted on an annual basis since 1999.[1]

**Interrogatory No. 6:**

In this interrogatory, Ms. Given asked Defendant that "[f]or each year from 1999 to the present, state on an annual basis the number of overdraft-fee-related complaints pertaining to Consumer Accounts recorded by You." Supp. Resp. to Interrog. No. 6. In response and after reiterating previous objections as well as raising new objections, Defendant stated in its supplemental responses that:

> Without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), M&T Bank states that it will produce non-privileged, reasonably accessible documents reflecting the number of consumer checking account overdraft-fee "complaints," and Plaintiff is referred to those documents for information responsive to this interrogatory.

Supp. Resp. to Interrog. No. 6. No records have yet been produced in response but, even if they had, it is likely they would be inadequate for the same reasons as Defendant's supplemental response to Ms. Given's First Interrogatory. *See supra*. The burden is not "substantially the same" for either party, and even if it were, Defendant has not confirmed that it will provide all of the relevant documents.

**Request for Production No. 13:**

In this request, Ms. Given asked Defendant to "[p]roduce all Documents that discuss or reflect the number of overdraft-fee-related complaints that You have received relating to a Consumer Account(s) and the resolution or disposition of those complaints." Supp. Resp. to Req. for Prod. 13. In its supplement, Defendant repeated its prior objections and responded:

> Further, this request is vague and ambiguous because Plaintiff fails to define or explain the meaning of "complaints." M&T Bank interprets "complaints" to refer to: (a) formal lawsuits and/or arbitration proceedings filed by consumers against the bank related to consumer checking account overdraft fees; and (b) informal complaints made by consumers to the bank related to consumer checking account overdraft fees that were not resolved at a preliminary level (e.g. at the branch or

---

[1] M&T has acknowledged that no federal lawsuits other than the this litigation have been filed.

>   telephone center level), but were instead escalated for resolution by M&T Bank's Customer Care department.
>
>   Without waiving these objections, M&T Bank states that it will produce non-privileged, reasonably accessible documents reflecting the number and/or resolution of consumer checking account overdraft-fee "complaints."

Supp. Resp. to Req. for Prod. 13. Defendant simultaneously produced a few responsive documents and a few days later produced several additional documents.

Defendant's response and conduct is wholly inadequate. First, Defendant is not agreeing to produce all responsive documents as required, but merely "non-privileged, reasonably accessible documents." *Id.*; *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006) ("party may not unilaterally withhold information or documents that are responsive to a discovery request by stating that 'all relevant, non-privileged' responsive information or documents have been, or will be, produced). All of these documents were related to various small claims court actions brought by customers within Defendant's geographic footprint. No documents related to consumer complaints made directly to Defendant have been produced to date, whether at an escalated level as promised by Defendant or at any level as requested by Ms. Given. The paucity of documents produced to date shows that not all responsive documents have been produced as required.

**Request for Production No. 19:**

>   In this request, Ms. Given asked that Defendant:
>
>   Produce all manuals, policies, training or practice materials, and other Documents, including electronic Documents and computer hosted protocols (such as 'status-mart,' 'teamworks,' or any equivalent programs) that summarize, describe, or otherwise relate to the procedures that were used (or were supposed to be used) in connection with the opening of Consumer Accounts.

Supp. Resp. to Req. for Prod. 19. After incorporating its prior objections to the request by reference, Defendant promised to Ms. Given that "[w]ithout waiving these objections, M&T Bank states that it will produce manuals, policies, and/or training materials concerning the opening of consumer checking accounts." Supp. Resp. to Req. for Prod. 19. As of the date of this brief, Defendant has not yet provided any documents responsive to this request.

**Request for Production No. 20:**

In this request, Ms. Given asked that Defendant "[p]roduce all documents You relied upon in responding to Plaintiff's Arbitration-Related Interrogatories dated February 27, 2012." Supp. Resp. to Req. for Prod. 20. After incorporating its prior objections to the request, Defendant stated that "[w]ithout waiving these objections, M&T states that it will produce documents responsive to this request with respect to the Arbitration-Related Interrogatories dated April 25, 2012." Supp. Resp. to Req. for Prod. 20. As of the date of this brief, Defendant has not yet provided documents responsive to this Request as required.

**Request for Production No. 21:**

In this request, Ms. Given asked that Defendant "[p]roduce all documents You relied upon in denying any of Plaintiffs's Arbitration-Related Requests for Admission dated February 27, 2012." Supp. Resp. to Req. for Prod. 21. After incorporating its previous objections to the request, Defendant stated that "[w]ithout waiving these objections, M&T Bank states that it will produce the documents responsive to this request with respect to the Arbitration-Related Requests for Admission dated April 25, 2012." Supp. Resp. to Req. for Prod. 21. As of the date of this brief, Defendant has not yet provided any responsive documents.

**Request for Production No. 23:**

In this request, Ms. Given asked that Defendant "[p]roduce all account statements or other forms of written communications between You and the named Plaintiff in this matter.." Supp. Resp. to Req. for Prod. 23. Defendant objected and responded that "it will produce documents responsive to this request." Supp. Resp. to Req. for Prod. 23. This crafty response is inadequate. Defendant cannot promise merely to produce documents; it must produce all responsive documents. *See Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006) ("party may not unilaterally withhold information or documents that are responsive to a discovery request by stating that 'all relevant, non-privileged' responsive information or documents have been, or will be, produced). In light of Defendant's response, Ms. Given has no way of knowing if Defendant is withholding documents.

**Request for Production No. 25:**

In this request, Ms. Given asked that Defendant "[p]roduce all Documents You contend were provided to Plaintiff regarding any changes in terms to your customer agreement, whether in the form of mailers, notices, or otherwise, since 2003." Supp. Resp. to Req. for Prod. 25.

6

Defendant promised in response that "it will produce documents provided to its customers concerning or constituting changes to its consumer checking account agreements and consumer line of credit/overdraft protection agreements since 2003." This response is inadequate because Defendant is unilaterally deciding to produce less than what was requested. *See Johnson*, 236 F.R.D. at 541. Ms. Given asked for any changes in terms to her customer agreement that were provided to her. Defendant agreed to produce only changes related to Ms. Given's checking account agreement or line of credit/overdraft fee agreement. If Defendant wishes to produce less than what Ms. Given requested, Defendant must seek a protective order. Fed. R. Civ. P. 26(c). Defendant does not get to decide on its own accord what it will and will not produce.

### ARGUMENT AND CITATION TO AUTHORITY

Defendant addresses three points at length in its response brief opposing Ms. Given's motion to compel discovery. First, the Court should not compel any discovery; second, that Defendant has not waived the attorney-client privilege; and, third, that sanctions of any kind against Defendant are unwarranted. Defendant's three points are unpersuasive.

**I.  Discovery Should Be Compelled Because Defendant Has Not Complied in Full With Its Discovery Obligations to Date.**

While Ms. Given agrees that Defendant has now, after the fact, complied with its discovery obligations regarding most of her discovery requests, Defendant's partial compliance to date does not absolve Defendant from full compliance with discovery. Specifically, Defendant has not, as of the date of this brief, responded in full to Interrogatory 1 or Interrogatory 6, nor has Defendant adequately responded to Requests for Production 13, 19, 20, 21, 23, and 25. *Supra* at pp. 2-7. The Court should compel production in response to these remaining requests.

**II.  Defendant Waived the Attorney Client Privilege Because It Failed to Assert It.**

Defendant blatantly misstates Ms. Given's privilege argument. Contrary to Defendant's assertion, Ms. Given did not advocate that a failure to provide a privilege log constitutes a *per se* waiver of the attorney-client privilege, but that Defendant had not asserted any privilege at all. *Compare* Motion to Compel, p.12 *with* Resp. in Opp., pp. 5-8. Defendant's almost uniform and boilerplate response was that Ms. Given's request "***may*** seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or some other applicable privilege." Motion to Compel, p.12 (emphasis added). It is well-settled that

boilerplate answers are in fact no answer at all. Fed. R. Civ. P. 37(a)(4); *Burlington N. & Santa Fe*, 408 F.3d at 1149 ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege"). Further, it should be common sense that asserting that a document may be protected by the attorney-client privilege or some other unnamed privileged is, in fact, not an actual assertion of any privilege at all. Defendant's failure to provide a privilege log when required is merely further evidence indicating that Defendant had not asserted any claims to privilege in a timely fashion.

Ironically, the case law that Defendant cites in support of its position is actually more beneficial to Ms. Given than to Defendant. For example, in *Knights Armament Co. v. Optical Systems Tech., Inc.*, 2009 WL 331608, *7 (M.D. Fla. 2009), the court actually compelled production, in part, of allegedly attorney-client privileged documents. In *Pensacola Beach Community United Church, Inc. v. National Union Fire Ins. Co. of Pittsburgh,* 2007 WL 737499, *2 (N.D. Fla. 2007), the court specifically stated that "[g]eneral or blanket claims of privilege are insufficient for a party to withhold materials under a claim of privilege." Boilerplate assertions that documents might be privileged certainly do not qualify. In *Desoto Health & Rehab, LLC v. Philadelphia Indem. Ins. Co.*, 2010 WL 4853891, *2 (M.D. Fla. 2010), the key issue that "saved" the attorney-client privilege was not the lack of a *per se* rule, but that defendant filed a motion to compel discovery after the parties had agreed not to exchange privilege logs. Here, neither party is reneging on a previous discovery agreement. In *Mitsui Sumitomo Ins. Co. v. Carbel, LLC*, 2011 WL 2682958, *3 (S.D. Fla. 2011), the privilege waiver argument was based on the theory of "subject matter waiver," where "a party injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Mitsui* is obviously inapplicable because Ms. Given's waiver argument is predicated on a failure to assert the attorney-client privilege at all. Finally, in *U.S. v. Gericare Medical Supply, Inc.*, 2000 WL 33156442, *6 (S.D. Ala. 2000), the court expressly stated that "the Advisory Committee Notes to Rule 26(b)(5) mention waiver of the privilege or protection as a sanction only for failure to expressly assert the privilege, not for failure to produce a privilege log." That, of course, is the crux of Ms. Given's argument – Defendant did not expressly assert the privilege and therefore any claims of privilege were waived.

**III.     Ms. Given Is Entitled to Her Fees for Bringing This Motion.**

Defendant argues that Ms. Given should not be awarded fees for moving to compel because her motion was unnecessary and is now moot. However, Defendant failed to provide substantive responses as required on or before May 29, 2012. Instead, Defendant provided boilerplate responses. *See* Motion to Compel, pp. 4-10. Further, Defendant failed to supplement as Ms. Given's counsel requested at a lengthy meet-and-confer conference on June 4, 2012. It was only after Ms. Given filed her motion on June 7, 2012, that Defendant finally supplemented its responses on June 22, 2012. As is obvious from the timeline, Ms. Given's motion was necessary. Further, even after supplementation, Defendant still has not provided adequate answers to Interrogatories 1 and 6 as well as Requests for Production 13, 19, 20, 21, 23, and 25. *Supra*. at pp. 2-7. Hence Ms. Given's motion is certainly not yet moot.

## CONCLUSION

For the foregoing reasons, Ms. Given's motion to compel discovery should be granted as to the remaining discovery requests at issue. Further, Defendant should be barred from belatedly asserting claims of privilege after the fact to shield production of currently unidentified and undisclosed documents. In addition, Ms. Given should be awarded her attorneys fees for bringing her motion as it was not only necessary, but remains ripe.

Dated:  July 2, 2012

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181


/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY 10013
Tel: 212-355-9500
Fax: 212-355-9592


/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596