UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Simmons v. Comerica Bank*
N.D. Tex. Case No. 3:10-cv-326-0
S.D. Fla. Case No. 1:10-cv-22958

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE DECLARATIONS AND TESTIMONY OF COMERICA BANK EXPERTS ARTHUR P. BAINES AND J. MICHAEL DUMOND

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Strike the Declarations and Testimony of Comerica Bank Experts Arthur P. Baines and J. Michael DuMond (the "*Daubert* Motion") (DE #2587), filed March 21, 2012. The Court is fully briefed on the matter.[1] For the following reasons, the Court finds it must deny Plaintiffs' *Daubert* Motion.

Defendant Comerica Bank offers the declarations of two experts, Arthur P. Baines ("Baines") and Jon Michael DuMond ("DuMond"), in Opposition to Class Certification (DE #2490) and in support of Defendant's Motion to Exclude the Testimony of Plaintiffs' Expert Arthur Olsen (DE #2523). *See* App. (DE #2491), at Ex. N & F, respectively. Defendant proffers Baines and DuMond as experts in economics, financial institutions, and electronic database management. *See*

---

[1] Defendant filed a Response on June 5, 2012 (DE #2742) and Plaintiffs replied on June 13, 2012 (DE #2757).

Baines Decl. (DE #2491-44), at 1–2; DuMond Decl. (DE#2491-22), at ¶¶ 1–5.[2] Plaintiffs do not challenge Baines or DuMond's qualifications in their respective fields, but rather urge the Court to strike their testimony as improper legal opinion, which is outside of their areas of expertise, without factual basis, and irrelevant to the Court's Rule 23 analysis. Specifically, Plaintiffs move to strike: (1) Baines' testimony on the regulatory context of Comerica Bank's overdraft policies and his opinion that Plaintiffs' class definition is indeterminate as nothing more than "a veiled legal opinion" that invades the province of the Court, (*Daubert* Motion, at 5–22); and (2) DuMond's testimony on the reliability and methodology employed by Plaintiffs' expert, Mr. Olsen, as irrelevant and lacking a proper foundation. *Id.* at 22–31. Defendant asks the Court to overrule these objections as merits-based and irrelevant to admissibility under Rule 702, and argues that the testimony will assist the trier of fact in evaluating the weight of Mr. Olsen's damage model by providing a regulatory context for Comerica Bank's alleged wrongdoing and an expert understanding of the SQL programming employed by Mr. Olsen.[3] *See* Response (DE #2742), at 2–7, 10–12.

As it did with Defendant's Motion to Strike Mr. Olsen's testimony, the Court rejects attempts to have the Court weigh the value of expert testimony at this class certification stage of the proceedings. *See* Order Denying Motion to Strike (DE #2801). Defendant submits the expert declarations in rebuttal to Mr. Olsen's testimony, which the Court has already determined to be

---

[2] Baines is an economist with over twenty (20) years of financial and management consulting experience, who currently serves as Vice President in the Financial Economic practice at the economic consulting firm Charles River Associates ("CRA"), advising banks, financial institutions, and government regulatory agencies on consumer banking programs, regulatory compliance, and market analysis. Similarly, DuMond is a former economic consultant for CRA with experience preparing statistical analyses of electronic data, and holds a Ph.D., M.S. and B.S. in Economics from Florida State University, where he serves as an adjunct professor with the Department of Economics.

[3] In his Declaration, DuMond testifies that he regularly uses SAS analytical software, which incorporates the same SQL programming language used by Plaintiffs' expert, Mr. Olsen. *See* DuMond Decl., at 2–3.

admissible in consideration of whether Plaintiffs are able, on a class-wide basis, to identify class members and to calculate overdraft fees charged as a result of the re-sequencing, which is the only question before the Court at this time. As such, the Court will consider Defendant's contra-experts without prejudice to Plaintiffs to raise their *Daubert* objections at trial.

Accordingly, upon careful review of the record and being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** that Plaintiffs' Motion to Strike the Declarations and Testimony of Comerica Bank's Experts Arthur P. Baines and J. Michael DuMond **(DE #2587)**, are hereby **DENIED**.

DONE and ORDERED in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 2nd day of July, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record