UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL NO.: 2036

_____/

NOTICE OF FILING SCHLESINGER LAW OFFICES, P.A.'S EQUITABLE OR
CHARGING LIEN FOR ATTORNEYS' FEES IN *TORNES v. BANK OF AMERICA*

Undersigned counsel, by and on behalf of Schlesinger Law Offices, P.A., hereby files this Equitable or Charging Lien against a portion of the attorney fees awarded in the Bank of America Settlement, and in support thereof states:

1. On April 20, 2010, through the efforts of and at the request of lead counsel Bruce Rogow, Esq., the undersigned, a partner in Schlesinger Law Offices, P.A. (collectively, "Schlesinger") became involved in the MDL Bank Overdraft action[1]. In May 2010, pursuant to oral agreements, the undersigned began providing financial support, legal consultation and other professional services to the Alters Law Firm, P.A., and Jeremy Alters (collectively, "Alters"), and thereby to the benefit of Alters' client, Ralph Tornes, relating to the MDL Bank Overdraft Actions. Despite the fact that the efforts in 2010 for all interested parties to execute a written Agreement were not finalized, a written Agreement was executed by Alters in 2010. Essential terms of the earlier oral agreements, as well as additional terms, were incorporated in an Agreement dated February 9, 2011 (Exhibit A). Since May 10, 2012, Schlesinger has provided financial support in the amount of $2,140,355.00 for the benefit of the Alters Law Firm, P.A.

---

[1] Mr. Rogow is now co-lead counsel.

2. In the Agreement of February 9, 2011, Schlesinger and Alters re-confirmed and refined their prior agreement and co-counsel relationship. The Agreement (acknowledged by Bruce Rogow, co-lead counsel in the overdraft litigation) confirmed that Schlesinger had provided and would continue to provide funding and professional consultation, advice and assistance to Alters in exchange for 20% of any fees that Alters would receive in *Tornes v. Bank of America*, S.D. FL Case No.: 08-23323-CIV-KING/BANDSTRA, MDL No. 1:09-MD-02036-JLK. Specifically, the agreement provides:

> **Alters and the Alters Law Firm hereby agree to make Schlesinger co-counsel to the Alters Law Firm as to the Law Suits and Schlesinger shall be entitled to receive from the Alters Law Firm the following percentages of all gross monies awarded to, or received by, Alters or the Alters Law Firm (including, without limitation, fees from/for common benefit funds and executive committee fees), prior to any deduction for amounts that Alters and/or the Alters Law Firm are required to pay third parties under separate fee sharing arrangements, in the following Law Suits (the "Schlesinger Percentage"):**
>
> **Bank Overdraft Multidistrict Litigation Case     20.00%"**

3. Bruce Rogow, Esq., also executed the February 9, 2011 Agreement in his capacity as "special counsel to the Alters Law Firm, P.A. and lead counsel in the Bank Overdraft Multidistrict Litigation case" as follows:

> Bruce Rogow hereby acknowledges that he has read this Agreement. In his role as special counsel to the Alters Law Firm and lead counsel in the Bank Overdraft Multidistrict Litigation case, Bruce Rogow *will not take any action which would violate the spirit of this Agreement and he will support the application of the Alters Law Firm to the common benefit fund in the Bank Overdraft Multidistrict Litigation case for the fee division as contemplated herein* [emphasis added].

Bruce Rogow's acknowledgement, as well as other statements made by Mr. Rogow, acted as a material inducement for Schlesinger to refrain from filing a Notice of Appearance or Notice of

Charging Lien at the time.

4. On February 4, 2011, plaintiff, Ralph Tornes confirmed Schlesinger's co-counsel relationship with Alters and agreed that Schlesinger would receive a contingency fee equal to 20% of any fee that Alters would receive in the bank overdraft actions (Exhibit B). In accordance with the oral agreements with Alters in April and May 2010, as well as with the written agreements of February 4, 2011, and February 9, 2011, Schlesinger undertook a co-counsel relationship to Tornes with Alters, and has devoted a significant amount of resources and effort on Tornes' and Alters' behalf toward the successful resolution of *Tornes v. Bank of America*.

5. The Alters Law Firm, P.A. filed this action on behalf of Tornes and was instrumental in effectuating the transfer of this Multidistrict litigation to the United States District Court for the Southern District of Florida.  In addition, the Alters Law Firm, P.A. (through Alters, Robert Gilbert, Esq., and others) has expended substantial time, resources, and effort leading up to and in the effectuation of the Settlement of the MDL Bank Overdraft litigation[2].

6. If permitted to present evidence, the undersigned intends to fully demonstrate that Alters' proper share of the $123 million attorneys' fee fund in *Tornes v. Bank of America*, to which Alters is equitably entitled, and Schlesinger's share of this fee, or of Schlesinger's share of the fee, to which Schlesinger is legally and equitably entitled, are being unfairly and unreasonably jeopardized.

7. The imposition of an equitable or charging lien on the attorneys' fee portion in the Bank of America Settlement is necessary to secure full compensation to Schlesinger for funding and services provided in *Tornes v. Bank of America*.

---

[2]  Robert Gilbert, Esq. was employed by the Alters Law Firm, P.A. until approximately January 28, 2011, less than a week before the Notice of Settlement.

8. Schlesinger has not been paid for any of the funding, services, or consultation he has provided.

9. In the Conclusion of the Final Order Approving Settlement, this Court, among other provisions, retained "continuing jurisdiction over Plaintiffs, the Settlement class, and BofA to implement, administer, consummate and enforce the Settlement Agreement and this Order of Final Approval of Settlement".

10. The relief requested herein is independent of and is not intended to delay or prevent the full distribution of all Settlement money to all eligible Settlement class members.

**WHEREFORE**, Schlesinger Law Offices, P.A. respectfully requests that this Court adjudicate Schlesinger's right to an equitable or charging lien and the amount thereof. Respectfully submitted this 5th day of July, 2012.

**SCHLESINGER LAW OFFICES, P.A.**

/s/Scott P. Schlesinger_____
Scott P. Schlesinger
Florida Bar No.: 444952
1212 Southeast Third Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 320-9507
Fax: (954) 320-9509
Scott@schlesingerlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the below stated Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

**SCHLESINGER LAW OFFICES, P.A.**

/s/Scott P. Schlesinger_____
Scott P. Schlesinger
Florida Bar No.: 444952
1212 Southeast Third Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 320-9507
Fax: (954) 320-9509
Scott@schlesingerlaw.com