## AGREEMENT

This Agreement dated February 9, 2011 (the "Agreement") is by and among Schlesinger Law Offices, P.A. ("Schlesinger"), Jeremy W. Alters ("Alters") and Alters Law Firm P.A., a Florida corporation (f/k/a Alters, Boldt, Brown, Rash and Culmo, P.A.) (the "Alters Law Firm").

A. As of the date hereof, Schlesinger has previously funded the Alters Law Firm an amount equal to $1,340,355.00 (the "Initial Schlesinger Funds"). Alters and the Alters Law Firm acknowledge and agree that Schlesinger has, at all times, been working on the Law Suits (as defined below) with Alters and the Alters Law Firm, been available for consultation on all Law Suits, been in consistent communication with Alters and the Alters Law Firm, and has fully participated in the Law Suits and provided consultation and advice on the Law Suits. Schlesinger has provided to the Alters Law Firm the financial support which has, in large part, allowed the Alters Law Firm to continue to work on the Law Suits.

B. Alters and the Alters Law Firm have asked Schlesinger to provide additional financial support of $1,660,000.00, as well as continuing manpower and resources to support the Law Suits. The terms "Law Suit" or "Law Suits" mean any class or category of claims or cases described in Paragraph G. of this Agreement, as well as any individual claim or case within any such class or category.

C. In reliance on certain covenants, agreements and promises set forth herein, Schlesinger has agreed to do so and to fund to the Alters Law Firm in an amount equal to $1,660,000.00 (the "Additional Schlesinger Funds") to support the continuing work of the Alters Law Firm in connection with the Law Suits, including, without limitation, *In Re: Checking Account Overdraft Litigation*, MDL No. 2036, Case No. 1:09-MD-02036-JLK (S.D. Fla.) (the "Bank Overdraft Multidistrict Litigation Case").

D. Schlesinger will fund to the Alters Law Firm the Additional Schlesinger Funds as follows: (i) on or before noon on February 9, 2011, the sum of $800,000.00, (ii) on or before the close of business on February 11, 2011, the sum of $860,000.00*. The Initial Schlesinger Funds, the Additional Schlesinger Funds and any and all further funds that Schlesinger may, in his discretion fund to the Alters Law Firm from time to time are, collectively, referred to herein as the "Schlesinger Funds".

E. Alters and the Alters Law Firm represent and warrant that in consideration of Schlesinger advancing the Additional Schlesinger Funds and providing continuing manpower and resources to support the Law Suits, Alters and the Alters Law Firm have agreed to enter into this Agreement and to take certain actions contemplated by this Agreement.

F. Alters and the Alters Law Firm acknowledge and agree that they shall repay the Schlesinger Funds from any "Net Cash Flow" (as hereinafter defined) or from the LOC, in addition to the Schlesinger Percentage (as defined in Paragraph G. below). "Net Cash Flow" shall mean the balance remaining of all income received by the Alters Law Firm from all cases (including, without limitation, the Law Suits) and from sources other than the Schlesinger Funds,

*$860,000 is reduced by the dollar amount Schlesinger shall pay directly to bank for note

2/9/11

(including, without limitation, the Law Suits) and from sources other than the Schlesinger Funds, after payment of the Firm's current obligations and normal attorney salaries in effect as of the date of this Agreement and the Alters Law Firm's operating costs.

      G.    Alters and the Alters Law Firm hereby agree to make Schlesinger co-counsel to the Alters Law Firm as to the Law Suits and Schlesinger shall be entitled to receive from the Alters Law Firm the following percentages of all gross monies awarded to, or received by, Alters or the Alters Law Firm (including, without limitation, fees from/for common benefit funds and executive committee fees), prior to any deduction for amounts that Alters and/or the Alters Law Firm are required to pay third parties under separate fee sharing arrangements, in the following Law Suits (the "Schlesinger Percentage"):

| | |
|---|---|
| Bank Overdraft Multidistrict Litigation Case | 20.00% |
| BP Oil Claims | 16.667% |
| Chinese Dry Wall | up to 16.667% |
| Stanley Kaplan | 16.667% |
| Cuba Collection | 16.667% |

Alters and the Alters Law Firm represent that the referral fees that Alters and/or the Alters Law Firm are obligated to pay with respect to the Law Suits are as follows and that no other referral fees are payable or shall be payable as to the Law Suits:

| | |
|---|---|
| Bank Overdraft Multidistrict Litigation Case | 18.00% (Osvaldo Raponi) |
| BP Oil Claims | 25.00% (various parties) |
| Stanley Kaplan | 25.00% (Bill Hearon) |
| Cuba Collection | 25.00% (Joseph Furst) |

With the exception of the Chinese Dry Wall Law Suits only, the Schlesinger Percentage shall be computed based upon the gross monies Alters or the Alters Law Firm, or both, are or will be entitled to receive upon the occurrence of the contingency, less any referral fees.

With respect to the Chinese Dry Wall Law Suits only, Schlesinger shall be paid the full amount of all funds advanced by him to Alters and the Alters Law Firm as of the date that Chinese Dry Wall funds are distributed to Schlesinger up to a maximum of 16.667% of the Chinese Dry Wall fee total if any funds remain unpaid at that time. In calculating the fee total, the Alters Law Firm shall be entitled to first deduct from the gross attorney's fee its actual case specific expenses and referral fees. The Alters Law Firm agrees to detail all such expenses and costs for Schlesinger without request or demand for same.

In addition to the Schlesinger Percentage, Schlesinger shall be entitled to receive from any award sufficient funds to cover all court costs and litigation expenses incurred by Schlesinger with respect to such Law Suit.

Schlesinger is entitled, as a matter of right, for his contributions to the Alters Law Firm to support its work on the Law Suits to a share in the common benefit fund of all Law Suits (as applicable) in the percentages set forth above. Alters and the Alters Law Firm agree that they

shall apply on behalf of themselves for any fees payable from, or with respect to, any common benefit fund in the Law Suits, including, without limitation, any common benefit fund in the Bank Overdraft Multidistrict Litigation Case.

Alters and the Alters Law Firm acknowledge and agree that (i) Schlesinger is a beneficiary of Alters' and the Alters Law Firm's application(s) with respect to any common benefit fund of each Law Suit and that Schlesinger is entitled to payment from the common benefit fund in an amount equal to the Schlesinger Percentage for each such Law Suit, (ii) Schlesinger is not responsible for making any application with respect to any common benefit fund, (iii) Schlesinger is relying on Alters and the Alters Law Firm in making the application(s) with respect to each common benefit fund for each Law Suit and Schlesinger being a beneficiary of any such application for the Schlesinger Percentage, and (iv) Schlesinger's Percentage due with respect to such award shall be paid from Alters' and/or Alters Law Firm's share of the common benefit fund. Also, Alters shall not take any action which would dilute Schlesinger's share of any of the fee awards in the Law Suits.

For purposes of illustration only, assuming the Alters Law Firm is awarded $30,000,000.00 in fees from the Bank Overdraft Multidistrict Litigation Case, the Alters Law Firm is obligated to pay a referral fee equal to eighteen percent (18%) of the award, the amount of the Schlesinger Funds which the Alters Law Firm has not yet repaid equals $3,140,355.00, and Alters and/or the Alters Law Firm entered into a fee sharing arrangement with a third party in which such third party is entitled to ten percent (10%) of any award, then the amount of the award which is subject to the repayment and fee sharing provisions set forth herein equals $24,600,000.00 ($30,000,000.00 x 0.18), of which amount Schlesinger shall be paid in the following order: (i) $3,140,355.00 of the award shall be used to repay the outstanding Schlesinger Funds, and then (ii) $4,920,000.00 (20% of $24,600,000.00) of the award shall be used to pay the Schlesinger Percentage. Schlesinger's Percentage shall not be discounted for such third party fee or for any other amounts that may be payable by Alters and/or the Alters Law Firm with respect to such award. The award shall be discounted by the referral fee only.

H.  Alters and the Alters Law Firm agree to use best efforts to obtain a line of credit (the "LOC") from a third party lender. The proceeds of the LOC shall solely be used to repay Schlesinger the Schlesinger Funds unless Alters, the Alters Law Firm and Schlesinger agree otherwise at the time. In the event that Alters and the Alters Law Firm do not secure the LOC and repay Schlesinger the Schlesinger Funds within one hundred eighty (180) days from the date of this Agreement, the Schlesinger Percentage for the Bank Overdraft Multidistrict Litigation Case shall increase to twenty-two and one-half of one percent (22.5%).

I.  Alters and the Alters Law Firm will expeditiously obtain the written consent of each of their lead clients in the Law Suits (including, without limitation, Ralph Tornes, the lead plaintiff on the Bank Overdraft Multidistrict Litigation Case) to make Schlesinger co-counsel with Alters and the Alters Law Firm in the Law Suits and share the fees in the Law Suits. The form of the written consent, which Schlesinger reserves the right to approve, must reflect the contingency fee terms of this Agreement and must comply with the contingency fee and fee-sharing provisions of R. Regulating Fla. Bar 4-1.5.

If the Alters Law Firm has already been engaged by a client through an employment agreement that does not contain the fee-sharing disclosures and written consents described above, the Alters Law Firm agrees to have that client sign a new written consent that conforms to the terms described above.

All subsequent substantive or significant decisions and strategies in any Law Suit may only be implemented following the joint consultation and agreement of the parties to this Agreement or as the parties otherwise divide their responsibilities in conformity with the contingency-fee and fee-sharing provisions of R. Regulating Fla. Bar 4-1.5.

J. Alters and the Alters Law Firm further acknowledge and agree that Schlesinger may, as co-counsel of the Alters Law Firm, file notice(s) of appearance with respect to any Law Suit, including without limitation, the Bank Overdraft Multidistrict Litigation Case.

K. So long as any of the Schlesinger Funds are outstanding and have not been repaid by the Alters Law Firm to Schlesinger, Scott Schlesinger shall, as a principal of Schlesinger, have the option to become a ten percent (10%) equity shareholder in the Alters Law Firm (the "Equity Interest") in the Alters Law Firm, on terms and conditions mutually acceptable to the parties. If Schlesinger elects to exercise such option, Alters and the Alters Law Firm shall execute any assignments, assurances or other documents requested by Schlesinger for the purposes of effectuating the transactions contemplated by this Paragraph K. to convey the Equity Interest (free and clear of any liens) to Schlesinger. Schlesinger shall be entitled to the Schlesinger Percentage set forth in Paragraph G. irrespective of any future ownership by Schlesinger of the Equity Interest in the Alters Law Firm.

L. Except as disclosed in writing to Schlesinger, Alters and the Alters Law Firm hereby represent and warrant to Schlesinger that they have not otherwise assigned or pledged any interest or rights with respect to any of the Law Suits and any monies that be awarded in connection therewith to any third party. Alters and the Alters Law Firm further agree not to further assign any of their rights in or derived from any Law Suit in a manner that would dilute, diminish or affect the rights of Schlesinger to the agreed-upon percentages of fees from the Law Suit.

M. Concurrently with the execution of this Agreement, Alters and the Alters Law Firm shall provide to Schlesinger copies of any termination or separation agreement(s) that Alters and/or the Alters Law Firm may have signed with any former employee, officer, partner, or attorney of the Alters Law Firm within the past twenty-four (24) months.

N. Schlesinger has the right to audit the books and records of the Alters Law Firm upon reasonable notice for the duration of this Agreement.

O. Alters and the Alters Law Firm hereby represent, warrant and covenant to Schlesinger that they are authorized to enter into this Agreement, and that they have fully disclosed in writing to Schlesinger all referral fees, of-counsel fees, or similar fees and obligations payable to other law firms, or any other third parties, in connection with the Law Suits.

P.  This Agreement shall be governed by the laws of the State of Florida.

Q.  The parties agree that the exclusive venue for any disputes hereunder shall be in a court of competent jurisdiction situated in Broward County, Florida.

R.  If Schlesinger takes legal action to enforce its rights under this Agreement against Alters or the Alter Law Firm, it shall be entitled to reimbursement of its attorneys' fees and costs in connection therewith.

S.  The Agreement sets forth the entire agreement between Schlesinger, Alters and the Alters Law Firm relating to subject matter set forth herein and supersedes all prior and contemporaneous negotiations, understandings and agreements, written or oral, between the parties. This Agreement binds, applies to and inures to the benefit of the heirs, personal representatives, successors and assigns of the parties.

T.  If any provision or portion of this Agreement is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken and severed from this Agreement, and the remaining provisions and portions thereof shall continue in full force and effect.

U.  This Agreement may be executed in any number of counterparts, each of which, when executed and delivered, shall constitute an original, but all counterparts shall together constitute one and the same instrument. Facsimile signatures shall constitute originals for purposes of this Agreement.

[Executions on Following Page]

REVIEWED AND AGREED TO:

SCHLESINGER LAW OFFICES, P.A., a Florida corporation

By: _____
Scott P. Schlesinger, President

ALTERS LAW FIRM P.A., Florida corporation (f/k/a Alters, Boldt, Brown, Rash and Culmo, P.A.)

By: _____
Jeremy W. Alters, President

_____
Jeremy W. Alters, individually

BRUCE ROGOW HEREBY ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT. IN HIS ROLE AS SPECIAL COUNSEL TO THE ALTERS LAW FIRM AND LEAD COUNSEL IN THE BANK OVERDRAFT MULTIDISTRICT LITIGATION CASE, BRUCE ROGOW WILL NOT TAKE ANY ACTION WHICH WOULD VIOLATE THE SPIRIT OF THIS AGREEMENT AND HE WILL SUPPORT THE APPLICATION OF THE ALTERS LAW FIRM TO THE COMMON BENEFIT FUND IN THE BANK OVERDRAFT MULTIDISTRICT LITIGATION CASE FOR THE FEE DIVISION AS CONTEMPLATED HEREIN.

_____
Bruce Rogow