UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Lewis v. Sovereign Bank*
S.D. FL Case No. 1:11-cv-22022-JLK

RESPONSE OF DEFENDANT SOVEREIGN BANK
TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

I.   INTRODUCTION

It is supremely ironic that in a case in which Plaintiff asks this Court to disregard a federal appellate decision involving this very defendant, published in the Federal Appendix and appropriately cited for its persuasive force, which if followed would result in dismissal of Plaintiff's claims, Plaintiff comes belatedly before the Court urging it to follow three unpublished state trial court decisions flouting federal law.

As is by now well-known, the federal appellate decision that Plaintiff seeks to disregard is that of the United States Court of Appeals for the Third Circuit in *Hassler v. Sovereign Bank*, 374 F. App'x 341 (3d Cir. 2010). There, the Third Circuit affirmed the dismissal for failure to state a claim of the same claims against the same bank based on the same account documents at issue here. The decision that the Third Circuit affirmed was itself a published decision, 644 F. Supp. 2d 509 (D.N.J. 2009), issued by Chief Judge Simandle of the District of New Jersey.

Contrary to Plaintiff's arguments, a non-precedential Third Circuit decision not only can, but should, be cited when it is the most on-point appellate authority. Among district courts of the Third Circuit that have discussed this issue, *see, e.g.*, *Marracco v. Kuder*, No. 08-713, 2009 U.S. Dist. LEXIS 6757, at *8-10 (D.N.J. Jan. 30, 2009) (stating that non-precedential opinions ("NPOs") are "widely used" and that, although an NPO does not have precedential authority, it is still "a Third Circuit opinion and, therefore, carries considerable persuasive authority"); *Allen v. Mineral Fiber Specialists, Inc.,* No. 02-7213, 2004 WL 231293, at *12 (E.D. Pa. Jan. 30, 2004) ("While not precedential, the Third Circuit's facts and findings in [a non-precedential opinion] present a persuasive parallel."). A simple search for cases yields a great number of decisions relying on non-precedential Third Circuit opinions published in the Federal Appendix.

Plainly stated, a court of appeals does not render a non-precedential decision to be careless or cavalier with the disposition of the matter before it. Frequently the decision is non-precedential simply because it requires only the application of well-settled legal principles to a given set of facts. Thus, in addressing why most of its decisions on a particular issue were non-precedential, the Third Circuit explained that this was "because our law in this area is settled, not because it is underdeveloped." *United States v. Minutoli*, 374 F.3d 236, 240 n.4 (3d Cir. 2004). The Third Circuit itself relies on non-precedential decisions as persuasive authority, such as in *City of Newark v. U.S. Dep't of Labor*, 2 F.3d 31, 33 n.3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case[.]").

By stark contrast to her position on federal appellate decisions, Plaintiff now belatedly submits previously unknown, unpublished "supplemental authority" from state trial courts – on a *federal* preemption issue. Only one of these decisions could even be characterized as an opinion containing any analysis (albeit clearly erroneous analysis). These decisions should be disregarded – were they of any persuasive value, Plaintiff's counsel would have located, briefed and argued them to the Court well before now – but Sovereign will nonetheless briefly explain below why they are counter to federal law.

## II. THE NEWLY-DISCOVERED UNPUBLISHED STATE TRIAL COURT DECISIONS ARE CONTRARY TO FEDERAL LAW AND HAVE NO PERSUASIVE VALUE WHATSOEVER

### A. Standards For Evaluating The State Trial Court Decisions Submitted By Plaintiffs As Supplemental Authority

Preemption is a matter of federal law that should be applied uniformly by the federal courts. Only a few weeks ago the United States Supreme Court reiterated the sweeping scope of field preemption. Where field preemption applies, as it expressly does here, the federal regulation "displace[s] state law altogether … ." *Arizona v. United States*, --- S. Ct. ----, 2012 WL 2368661, *7 (June 25, 2012).

"[F]ederal courts owe no deference to a state court's interpretation of a federal statute[.]" *United States v. Miami Univ.*, 294 F.3d 797, 811 (6th Cir. 2002). State court decisions on federal law should be "'relied upon only to the extent that they are compatible with federal law and policy.'" *Ward v. Nierlich*, No. 99-14227-CIV, 2008 WL 511909, at *2 (S.D. Fla. Feb. 22, 2008) (Garber, M.J.) (quoting *Grievance Comm. For Southern District of New York v. Simels*, 48 F.3d 640, 645 (2d Cir. 1994)). State court decisions that run counter to the text of federal regulations "are unpersuasive." *Himman v. M and M Rental Center*, 596 F. Supp. 2d 1152, 1159 (N.D. Ill. 2009).

Even on matters of state law that federal courts must ascertain under *Erie*, state *trial court* decisions are accorded little if any weight. *See Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1131 n.8 (11th Cir. 2009). Certainly that would apply even more forcefully to state trial court decisions applying federal law.

### B. Federal Law Uniformly Holds That Claims Of The Nature Asserted Here Are Preempted

At argument, Plaintiff did not contest that a uniform body of federal law compels preemption of the claims against Sovereign because of the controlling field-preemption regulations promulgated by the Office of Thrift Supervision ("OTS"). Rather, Plaintiff argued that the Court should not follow this law because it does not make sense (to Plaintiff) to treat customers of OTS-regulated banks differently than banks regulated by the Office of the Comptroller of the Currency ("OCC") under the National Bank Act.

In asking the Court to disregard a duly-promulgated federal regulation that has the force of statute, *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1983),

3

Plaintiff acknowledged that, if followed (as it must be), the *field* preemption claimed by the OTS preempts any claims relating to checking accounts, fees and disclosures *regardless* of any conflict analysis that might otherwise be engaged in under a conflict preemption regime.  This lawsuit plainly relates to checking accounts, fees and disclosures, so it is preempted.  *See, e.g.*, In re Washington Mutual Overdraft Protection Litig.*, 539 F. Supp. 2d 1136 (C.D. Cal. 2008) (dismissing on preemption grounds claims that, as the name of the litigation conveys, complained of overdraft practices, just as Plaintiff does here).

That Plaintiff acknowledged the uniformity of federal law compelling preemption, and seeks instead to escape dismissal by disregarding a duly-promulgated federal regulation, is made manifestly clear by her argument:

> MR. ROGOW:  May it please the Court.  One thing that was said that I think was critical here is that the regulation has never been challenged.  We are challenging it.
>
> The regulations that we are talking about here deal with something very similar in terms of the National Banking Act and the Homeowners OTS scheme.  7.4007(c) which the Court addressed in the National Banking Act preemption cases, talks about state laws on the following subjects are not inconsistent with the deposit-taking powers of national banks and applied to national banks to the extent that they only incidentally affect the exercise of national banks deposit taking powers, the areas are contracts, torts, criminal history.
>
> Going to the regulations that have been presented to the Court this morning at 12 CFR 557.13(a) the OTS -- and this is from that provision -- the OTS has not preempted the following types of state law to the extent that the law only incidentally affects your deposit-related activities, contract and commercial law, tort law and criminal law.  I know what 557.12 says.  It says you don't have to look beyond that if it falls into the areas described, but there is a conflict between these two provisions of the regulations.  This conflict, I think, is critical to the analysis to be used in this case.
>
> Indeed, one has to ask, does it make any sense that under the National Banking Act -- and that is conflict preemption.  This, they are arguing is field preemption, something different from what Your Honor addressed in the omnibus order -- but does it make any sense that these two regulatory provisions would yield such different results and permit such different outcomes in situations that are basically the same.  Our position is that they do not.

> I am not going to parse all of the cases. I don't disagree with some of the analysis that was made of the cases. But the argument that we are positing is a broader argument and an argument that I think is worthy of very careful consideration on the motion to dismiss.

(Transcript of June 12, 2012 oral argument ("Tr.") at 39:10-40:19) (copy of Sovereign portion attached as Exh. A).

From the foregoing we know that: (i) Plaintiff acknowledges that the OTS regulation does not permit a conflict analysis, as was made by this Court in its *Omnibus Order* under the OCC regulation, so under the plain language of the OTS regulation Plaintiff's claims are preempted; (ii) this result is further compelled by all of the federal case law, which Plaintiff declines to "parse"; but (iii) Plaintiff thinks it does not "make any sense" for a customer of an OTS-chartered bank to receive different treatment than a customer of an OCC-chartered bank, so (iv) Plaintiff is "challenging" the OTS regulation, albeit in an casual manner made for the first time during argument.

Certainly, Plaintiff's attempt to overturn this regulation must fail.[1] But the very fact that Plaintiff had to resort to such an argument demonstrates the uniformity of federal law

---

[1] It should go without saying that a federal regulation may not be overturned so cavalierly on the basis of an informal request made for the first time at oral argument. To show that a federal regulation is invalid, a plaintiff must show, pursuant to the Administrative Procedure Act ("APA"), that the regulation is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This is a "highly deferential" standard of review, and a regulation that is "rational, based on consideration of relevant factors, and within the scope of the authority delegated to the agency by the statute" will be upheld as valid. *Alabama-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1254 (11th Cir. 2007). Plaintiff's unadorned assertion that the regulation does not "make sense" – unbriefed and unsupported by case law – does not even begin to approach the caliber of challenge necessary to invalidate the OTS preemption regulations that, as Plaintiff herself noted, have never been challenged. Plaintiff, then, does not so much ask the Court to invalidate the regulation as she asks it to simply disregard it. That is an inappropriate thing to urge this Court to do.

compelling preemption,[2] and by extension establishes that the newly-submitted state trial court unpublished decisions contradict, rather than explain, federal law.

        **C.**     **The Unreported State Trial Court Decisions Are Of No Persuasive Value**

With that background, the newly-found unpublished state trial court decisions are flatly contrary to the federal law relied upon by Sovereign and have no persuasive value.

        i.     *White v. Midfirst Bank*, Case No. CJ-2010-6250 (Dist. Ct. Tulsa, Okla). This is an order containing about one page of text that is obviously meant for use only in that case to docket the court's decision. But even that overstates the significance of the order to this case, because some claims (unjust enrichment, Oklahoma Consumer Protection Act) ***were dismissed*** on ***preemption grounds***. Thus, this case actually runs counter to Plaintiff's position. In any event, since the order was obviously not intended to be used as any sort of precedent containing any sort of analysis, it cannot be discerned why the court dismissed certain claims and not others.

        ii.     *Vandeveer v. American Savings*, Case No. 11-1-0458 (Cir. Ct. Haw.). This is a transcript of oral argument with a brief oral ruling at the end. It is remarkable that Plaintiff asks this Court to issue a decision conflicting with a uniform body of federal law – ***including two courts of appeals*** – on the basis of an oral ruling of a state trial judge.

One point will demonstrate the degree to which that judge's informal remarks were off base. The state judge stated that he was relying on *In re Ocwen Loan Servicing, LLC Mortgage Servicing Litig.*, 491 F.3d 638 (7th Cir. 2007), but – as Sovereign explained in its Reply Brief and at oral argument – ***Ocwen compels preemption of Plaintiff's claims***. The Seventh Circuit went through each claim in *Ocwen* and found that all of the claims that alleged unreasonable or excessive fees, inadequate account disclosures, and other practices alleged to be "unfair" or unconscionable under laws and principles of general application were preempted. *See id.* at 646-48. Those are the very types of claims at issue here. Thus, as Sovereign has established – without response by Plaintiff – *Ocwen* compels dismissal. And because the same

---

[2]    At argument Plaintiff did discuss the Seventh Circuit's *Ocwen* decision, Tr. at 41, but as discussed in Sovereign's Reply [DE No. 2371] at 7-8, and in the text here *infra*, *Ocwen* does not support her argument. It instead compels dismissal of the claims asserted here.

types of claims were asserted in *Vandeveer*, it is clear that the trial judge, in his oral ruling, misconstrued *Ocwen*.

   iii. *Farb v. People's United Bank*, Case No. CV11-6009779-S (Conn. Super. Ct.). *Farb* is an unpublished Connecticut trial court opinion that does contain some analysis, but that analysis is completely contrary to federal law. Three points will highlight this:

   ***First***, the court disregards the OTS's admonition, made in the clearest terms, that if the subject matter of the suit pertains to one of the items listed in § 557.12 – which includes checking accounts, disclosures and fees – then the claims are preempted and no further "conflict" inquiry is permitted. (There is no dispute that this lawsuit relates entirely to the enumerated items, and at argument Plaintiff did not contend otherwise.) But the state court in *Farb* performed the very conflict analysis that the regulation prohibits. *See slip op.* at 10-11.

   ***Second***, the court cited *Gutierrez* in support of its position. Not only is *Gutierrez* a national bank case rather than one involving an OTS-regulated thrift institution, but, as discussed at argument and in Sovereign's briefing – again, with no response from Plaintiff – Judge Alsup contrasted the OTS's "proper preemption test" with the OCC's more narrow conflict preemption standard. The discussion made clear that, had the OTS regulation been at issue, the claims would have been preempted. *See* 2008 WL 4279550 at * 12 (N.D. Cal. Sept. 11, 2008).

   ***Finally***, the state court's purported distinction of a directly on-point decision, *In re Washington Mutual*, *supra*, completely misstated the federal decision. The state court said it would ignore *Washington Mutual* because the laws at issue there were specifically directed at banking practices rather than laws of general application. *Slip op*. at 10. That is simply not so. Exactly like here, plaintiffs in *Washington Mutual* challenged overdraft practices using state common law and general consumer protection statutes. Indeed, the court expressly noted that "***all three of Plaintiffs' state law causes of action are pled under laws of general application***." 539 F. Supp. 2d at 1154 (emphasis added). Those claims were all preempted because they related to the bank's checking account, fee and disclosure practices. Indeed, it is remarkable how similar the preempted claims in *Washington Mutual* were to the claims here. To take just one example, the court found preempted a claim that the bank engaged in unfair practices by

> "intentionally fail[ing] to disclose to Plaintiffs … that their withdrawals or debit card purchases would result in the overdraft of their accounts … ." (SAC ¶ 34.)

*Id*. (alterations in original).  Here, Plaintiff alleges:

> Sovereign Bank failed to provide notice to Plaintiff and the Classes that a particular debit card transaction would result in an overdraft and, hence, an overdraft fee … .

(Am. Compl. [DE No. 2027] ¶ 51).  There can be no question that, for preemption purposes, *Washington Mutual* is indistinguishable – once again, Plaintiff has never attempted to distinguish it – and the Connecticut trial court's purported distinction is flatly erroneous.

### III.   CONCLUSION

At argument Sovereign's counsel represented that the uniform body of federal law compels preemption, and Plaintiff offered no response other than to invite the Court to disregard a binding federal regulation.  What Plaintiff offers now is an invitation to this Court to follow three newly-uncovered unpublished state trial court decisions – one a transcribed oral decision and another an order with no analysis that actually ***finds preemption*** on some claims – that are plainly contrary to federal law.  This Court should emphatically decline both of Plaintiff's invitations and dismiss this lawsuit.

/s/  Darryl J. May
Alan S. Kaplinsky
kaplinsky@ballardspahr.com
Darryl J. May
may@ballardspahr.com
Nathan W. Catchpole
catchpolen@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.:  (215) 665-8500
Fax:  (215) 864-8999

*Attorneys for Defendant Sovereign Bank*

Dated: June 9, 2012

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

**MDL No. 2036**

---

**THIS DOCUMENT RELATES TO:**

*Lewis v. Sovereign Bank*
S.D. FL Case No. 1:11-cv-22022-JLK

---

      I hereby certify that, on June 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that it is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

      */s/ Nathan W. Catchpole*
      Nathan W. Catchpole
      catchpolen@ballardspahr.com
      BALLARD SPAHR LLP
      1735 Market Street, 51st Floor
      Philadelphia, PA 19103
      Tel.: (215) 665-8500
      Fax: (215) 864-8999

      *Attorneys for Defendant Sovereign Bank*