UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Orallo v. Bank of the West*
C.D. Cal. Case No. 2:10-cv-2469
S.D. Fla. Case No. 1:10-cv-22931-JLK

*Dee v. Bank of the West*
N.D. Cal. Case No. 4:10-cv-02736
S.D. Fla. Case No. 1:10-cv-22985-JLK

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS, AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS

The parties to the above-captioned actions (the "Actions"), which are currently pending against Bank of the West ("BOW") as part of this multi-district litigation, have agreed to settle the Actions pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release (the "Settlement"). The parties reached the Settlement through arms'-length negotiations with the assistance of Judge Edward A. Infante (ret.), an experienced and well-respected mediator. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge and release their claims in exchange for BOW's payment of $18,000,000, inclusive of all attorneys' fees and any Service Awards to Plaintiffs, to create a

common fund to benefit the Settlement Class. BOW shall also pay the costs of notice and administration of the Settlement.[1]

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Settlement with Defendant Bank of the West, and for Certification of the Settlement Class. Upon considering Plaintiffs' motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified; (3) the persons and entities identified below should be appointed class representatives and Settlement Class Counsel; (4) the Settlement is the result of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel, was reached with the assistance of an experienced, highly-qualified mediator, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Actions, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing,

---

[1] All capitalized terms in this Order have the same meaning as defined in the Settlement, unless otherwise defined herein.

pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee Application and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representatives and Class Counsel

3. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Settlement Class:

> All Bank of the West customers in the United States who had one or more Accounts and who, during the Class Period, incurred an Overdraft Fee as a result of Bank of the West's Debit Re-sequencing.

5.  Specifically, the Court finds, for settlement purposes only, that the Settlement Class satisfies the following subdivisions of Federal Rule of Civil Procedure 23:

(a) Numerosity: In these Actions, at least thousands of individuals, citizens and residents of various states, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b) Commonality: "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. There are questions of law and fact, centering on BOW's class-wide policies and practices, that are common to the Settlement Class, that are alleged to have injured all Settlement Class Members in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) Typicality: The Plaintiffs' claims also are typical of those held by persons in the Settlement Class because they concern the same BOW policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)     Adequacy:   Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314.  Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class.  Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Actions, and have dedicated substantial resources to the prosecution of these Actions.  Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the interests of the Settlement Class in these Actions.  *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)     Predominance and Superiority:   Rule 23(b)(3) is satisfied as well because the common legal and factual issues here predominate over individualized issues, and resolution of the common issues for the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues.  With regard to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted).  The predominance requirement is satisfied here because common questions present a significant aspect of the case and can be resolved for the Settlement Class in a single adjudication.  In a liability determination, those common issues would predominate over any issues that are unique to individual Settlement Class Members.  For example, the relationship between each Settlement Class Member and BOW is governed by a

substantially uniform account agreement. *See Sacred Heart Health Sys.*, 601 F.3d at 1171 ("It is the form contract, executed under like conditions by all class members, that best facilitates class treatment."). Moreover, each Settlement Class Member's claims arise from the same BOW policies and practices as well as the same legal theories.

6. The Court appoints the following persons as class representatives: Betty Orallo, Saynyonoh Dee, and Michele Draper.

7. Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following firms as Class Counsel:

>BRUCE S. ROGOW, P.A.
>Bruce S. Rogow, Esq.
>Broward Financial Center
>500 East Broward Blvd., Ste. 1930
>Fort Lauderdale, FL 33394
>Telephone: (954) 767-8909
>
>
>PODHURST ORSECK, P.A.
>Aaron S. Podhurst, Esq.
>City National Bank Building
>25 W. Flagler Street, Suite 800
>Miami, FL 33130
>Telephone: (305) 358-2800
>
>
>GROSSMAN ROTH, P.A.
>Robert C. Gilbert, Esq.
>2525 Ponce de Leon, Suite 1150
>Miami, FL 33133
>Telephone: (305) 442-8666

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Michael W. Sobol, Esq.
Roger Heller, Esq.
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

BARON & BUDD, P.C.
Russell Budd, Esq.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
Telephone: (214) 521-3605

GOLOMB & HONIK, P.C.
Ruben Honik, Esq.
1515 Market Street, Ste. 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177

TRIEF & OLK
Ted. E. Trief, Esq.
150 East 58th Street, 34th Floor
New York, NY 10155
Telephone: (212) 486-6060

WEBB, KLASE & LEMOND, L.L.C.
Edward Adam Webb, Esq.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Telephone: (770) 444-9325

KOPELOWITZ OSTROW P.A.
Jeffrey M. Ostrow, Esq.
Jonathan M. Streisfeld, Esq.
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan, Esq.
Todd D. Carpenter, Esq.
2901 N. Central Avenue, Ste. 1000
Phoenix, AZ 85012
Telephone: (602) 274-1100

>CHITWOOD HARLEY HARNESS LLP
>Darren T. Kaplan, Esq.
>1230 Peachtree Street NE
>2300 Promenade II
>Atlanta, GA 30309
>Telephone: (404) 873-3900
>
>PHILLIPS, ERLEWINE & GIVEN
>Nicholas A. Carlin, Esq.
>50 California Street, 35th Floor
>San Francisco, CA 94111
>Telephone: (415) 398-0900
>
>MCCUNE WRIGHT LLP
>Richard D. McCune, Esq.
>2068 Orange Tree Lane
>Suite 216
>Redlands, CA 92374
>Telephone: (909) 557-1250

8. The Court appoints the following persons and entities as Settlement Class Counsel:

>Bruce S. Rogow, Esq.
>BRUCE S. ROGOW, P.A.
>Broward Financial Center
>500 East Broward Blvd., Ste. 1930
>Fort Lauderdale, FL 33394
>Telephone: (954) 767-8909
>
>Aaron S. Podhurst, Esq.
>PODHURST ORSECK, P.A.
>City National Bank Building
>25 W. Flagler Street, Ste. 800
>Miami, FL 33130
>Telephone: (305) 358-2800
>
>Robert C. Gilbert, Esq.
>GROSSMAN ROTH, P.A.
>2525 Ponce de Leon, Ste. 1150
>Miami, FL 33133
>Telephone: (305) 442-8666

> Michael W. Sobol, Esq.
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> Embarcadero Center West
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111
> Telephone: (415) 956-1000

Preliminary Approval of the Settlement

9.  At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

10.  The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator, Judge Edward A. Infante (ret.). The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist

the Court in determining whether to grant final approval to the Settlement and enter Final Judgment.

Approval of Notice and Notice Program and Direction to Effectuate Notice

11. The Court approves the form and content of Notice, substantially in the forms attached as Exhibits 1, 2, and 3 to the Settlement. The Court further finds that the Notice Program, described in section VIII of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Actions, certification of the Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

12. The Court directs that Rust Consulting, Inc. act as the Settlement Administrator.

13. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice attached as Exhibits 1, 2, and 3 to the Settlement and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in section VIII of the Settlement and approved by this Order. The Notice Program shall include Mailed Notice, Published Notice, and Long-form Notice on the Settlement Website, as set forth in the Settlement and below.

*Mailed Notice Program*

14. The Settlement Administrator shall administer the Mailed Notice. Within 28 days after the date on which the Settlement Administrator receives from Settlement Class Counsel the

data files (to the extent they are available) that identify the names and last known addresses of the persons in the Settlement Class, as set forth in the Settlement Agreement, the Settlement Administrator shall run such addresses through the National Change of Address Database, and shall mail to all such Settlement Class Members postcards that contain the Mailed Notice (the "Initial Mailed Notice"). The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. No later than 35 days from the Initial Mailed Notice date, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those persons in the Settlement Class whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

15. The Mailed Notice Program (both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed as soon as practicable after entry of the Preliminary Approval Order. Within seven days after the date the Settlement Administrator completes the Notice Re-mailing Process, the Settlement Administrator shall provide Settlement Class Counsel and BOW's counsel an affidavit that confirms that the Mailed Notice was completed in a timely manner. Settlement Class Counsel shall file such affidavit with the Court in conjunction with Plaintiffs' motion for final approval of the Settlement.

*Published Notice Program*

16. The Settlement Administrator shall administer the Published Notice, which shall be comprised exclusively of a one-time appropriate sized advertisement in the Los Angeles Times, the San Diego Union Tribune, the San Francisco Chronicle and USA Today. The Published Notice shall be completed no later than 30 days after the Court's entry of the Preliminary Approval Order.

17. Within seven days after the date the Settlement Administrator completes the Published Notice, the Settlement Administrator shall provide Settlement Class Counsel and

- 11 -

counsel for BOW with one or more affidavits that confirm that Published Notice was given in accordance with this Order. Settlement Class Counsel shall file such affidavit(s) with the Court.

*Settlement Website and Toll-Free Settlement Line*

18. The Settlement Administrator shall establish a Settlement Website as a means for persons in the Settlement Class to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Program. The Settlement Website shall include hyperlinks to the Settlement, the Long-form Notice, this Order, and such other documents as Settlement Class Counsel and counsel for BOW agree to post or that the Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until Final Approval.

19. The Settlement Administrator shall establish and maintain an automated toll-free telephone line for persons in the Settlement Class to call with Settlement-related inquiries, and answer the questions of persons in the Settlement Class who call with or otherwise communicate such inquiries (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice).

20. The Settlement Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Program, as set forth in the Settlement Agreement.

Final Approval Hearing, Opt-Outs, and Objections

21. The Court directs that a Final Approval Hearing shall be scheduled for December 6, 2012 at 9:30 a.m., to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted.

22. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise the right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long-form Notice at any time during the Opt-Out-Period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline") and mailed to the address indicated in the Long-form Notice, and must include:

    (i) the full name, telephone number and address of the person seeking to be excluded from the Settlement Class;

    (ii) a statement that such person wishes to be excluded from the Bank of the West Settlement in *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK; and

    (iii) the signature of the person seeking to be excluded from the Settlement Class. The Opt-Out Deadline shall be set no later than 30 days before the Final Approval Hearing, and shall be specified in the Mailed Notice, Published Notice, and Long-form Notice. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by the terms of the Settlement.

23. The Court further directs that any person in the Settlement Class who does not timely and validly opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for Service Awards for Plaintiffs. Objections to the Settlement and/or to the Fee Application and/or the request for service Awards must be mailed to the Clerk of the Court, Settlement Class Counsel and Bank of the West's Counsel. For an objection to be considered by the Court, the objection must be postmarked no later than the last

day of the Opt-Out Period, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

    a.    the name of MDL 2036;

    b.    the objector's full name, address and telephone number;

    c.    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

    e.    the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection and a copy of any orders or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

    f.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

    g.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

    h.    any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity;

    i.    the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

       j.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

       k.     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

       l.     the objector's signature (an attorney's signature is not sufficient).

### Further Papers In Support Of Settlement and Fee Application

24.    Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Service Awards for Plaintiffs, no later than 45 days prior to the Final Approval Hearing.

25.    Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 15 days prior to the Final Approval Hearing. If BOW chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 15 days prior to the Final Approval Hearing.

### Effect of Failure to Approve the Settlement

26.    In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (b)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against BOW or Plaintiffs on any point of fact or law; and

    (c)    The certification of the Settlement Class will be void, and no doctrine of

waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action based on the Settlement and/or certification of the Settlement Class. BOW shall not be precluded from challenging class certification in further proceedings in the Actions or in any other action. No agreements made by or entered into by BOW in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Actions or any other action.

(d)   Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar Of Other Proceedings

27.   All proceedings in these Actions are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

28.   Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i)   The Settlement Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following Preliminary Approval and prior to the commencement of the Notice Program;

(ii) The Notice Administrator shall complete the Published Notice Program no later than 30 days after entry of this Order;

(iii) The Settlement Administrator shall complete the Mailed Notice Program no later than October 12, 2012;

(iv) The Settlement Administrator shall complete the Notice Program (which includes both the Mailed Notice Program and the Published Notice Program) no later than October 12, 2012;

(v) Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Service Awards for Plaintiffs, no later than October 22, 2012;

(vi) Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Service Awards no later than November 6, 2012;

(vii) Settlement Class Members must file requests for exclusion from the Settlement by no later than November 6, 2012;

(viii) Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee Application no later than November 21, 2012;

(ix) If BOW chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than November 21, 2012; and

(x) The Final Approval Hearing will be held on December 6, 2012 at 9:30 a.m. in Courtroom 2 of the James Lawrence King Federal Building and United States Courthouse, in Miami, Florida.

DONE AND ORDERED at the James Lawrence King Federal Building and United States Courthouse in Miami, Florida this 13th day of July 2012.

                                         JAMES LAWRENCE KING  
                                         UNITED STATES DISTRICT JUDGE  
                                         SOUTHERN DISTRICT OF FLORIDA

cc:  All Counsel of Record