**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Lewis v. Sovereign Bank*
S.D. Fla. Case No. 1:11-cv-22022-JLK

**RESPONSE TO DEFENDANT'S POST-HEARING SUPPLEMENTATION**

Plaintiff Diane Lewis hereby responds to Defendant's post-hearing supplementation [**DE # 2785**]. Although titled a "response" to supplemental authority, Sovereign's filing went well beyond responding to the three state court decisions Plaintiff brought to the Court's attention in **DE # 2761**. Sovereign spent the first two pages of its "response" re-arguing whether this Court should be bound by the Third Circuit's unpublished decision in *Hassler v. Sovereign Bank*, 374 Fed. Appx. 341 (3d Cir. 2010). *See* **DE # 2785**, pp. 1-2. Thereafter, the bank spent three pages rehashing the case law it relied on at the July 12th oral argument and quoting from statements made at oral argument. *Id.* at 3-5. Given this Court's previous holdings on the precedential value of *Hassler* – *e.g.*, **DE # 305**, pp. 20-23; **DE # 934** – Plaintiff will not belabor that point. However, Defendant's additional argument on the preemption issue invites a brief response.

Sovereign's continued claim of field preemption is belied by the plain language of the Office of Thrift Supervision ("OTS") regulations. Section 557.12, states that it "preempts state laws that purport to impose requirements governing the following: . . . (b) Checking accounts; (c) Disclosure requirements; (d) Funds availability; (e) Savings account orders of withdrawal." None of the state law claims advanced by Plaintiff purport to impose any requirements on Sovereign, thus preemption is not triggered. Moreover, the OTS regulations make it clear that the "OTS has not preempted the following types of state law, to the extent that the law only incidentally affects your deposit-related activities . . . (1) Contract and commercial law; (2) Tort law; and (3) Criminal Law." *See* 12 C.F.R. § 557.13(a). If the OTS thought state law actions posed an obstacle to its regulatory objectives, it surely would not have expressly declined to preempt these types of state laws.

Field preemption does not apply here given that the OTS regulations themselves do not even occupy the entire field of "deposit-related" activity, much less the much broader field of activity at issue in this case, which includes overdraft fees, debit card transactions, and ATM transactions. Neither HOLA nor the OTS regulations create the "pervasive" federal law necessary to imply field preemption exists here. While Sovereign claimed at oral argument that Section 557.11 establishes field preemption, Section 557.11 itself states that the OTS is authorized only to preempt state law **"when appropriate"** "to ensure the "safe and sound operations of federal savings associations." The sweeping field preemption of generally applicable state tort and contract laws argued for by Sovereign would not meet this objective, and would exceed the OTS's statutory authority under HOLA. In fact, such sweeping preemption would create the implausible outcome of leaving citizens with no recourse against

federal savings associations for illegal conduct in any way tangentially related to checking, savings, or money market accounts.

The decision in *Binetti v. Washington Mutual Bank*, 446 F. Supp. 2d 217 (S.D.N.Y. 2006), further illustrates Plaintiff's point. There, a federal district court denied a savings association's motion to dismiss a borrower's state law challenge to its charging of post-closing interest payments, rejecting the savings association's argument that the plaintiff's claims were preempted by HOLA. *Id.* at 218-19. The *Binetti* court specifically rejected the preemption argument as to claims for breach of contract, unjust enrichment, and violation of the New York consumer protection statute, noting, "the question is whether any impact on lending operations is incidental to *the statute's* primary purpose not whether the impact of the statute on a bank's lending operation is 'incidental' . . . ." *Id.* at 221 (emphasis in original). Here, Plaintiff alleges, *inter alia*, that Sovereign imposes overdraft fees even when an account has not been overdrafted *solely to maximize fee revenue*, and not for any of the safety and soundness reasons the OTS regulations are explicitly designed to ensure. *E.g.*, First Amended Complaint, ¶¶ 47-49. Thus, any impact that Plaintiff's state law claims have on Sovereign are incidental to the federal regulations the bank is subject to.

Plaintiff's state law claims are predicated on the duty of *every business* to enter into and perform contracts in good faith, and to refrain from engaging in unfair and deceptive business practices to unjustly enrich itself. These are laws of general application. *E.g.*, *Gibson v. World Savings & Loan Assn.,* 103 Cal.App.4th 1291, 128 Cal.Rptr.2d 19 (2002). In *Gibson*, the court found that the duties on which plaintiffs' claims were predicated *were not preempted*:

> [N]one . . . are directed to federal savings associations. Instead, the duties on which the plaintiffs' claims are predicated govern, not simply the lending business, but anyone engaged in any business and anyone contracting with anyone else. On their face, they do not purport to regulate federal savings associations

> and are not specifically directed toward them. Nor is there any evidence that they were designed to regulate federal savings associations more than any other type of business, or that in practice they have a disproportionate impact on lending institutions. Any effect they have on the lending activities of a federal savings association is incidental rather than material.

103 Cal. App. 4th at 1301. Similar findings are warranted here.

In sum, Sovereign's post-hearing support for complete field preemption is fatally undermined by the plain language of the OTS regulations at issue and by the supplemental authorities Plaintiff submitted to the Court. Respectfully, this Court should reject Defendant's preemption argument and deny Sovereign's motion to dismiss.

DATED: July 20, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

<table>
<tr><td>

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

</td><td>

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

</td></tr>
<tr><td>

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

</td><td>

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

</td></tr>
</table>

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596