# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION,

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Stillion, et al. v. United Bank, Inc. and
United Bankshares, Inc.,*
S.D. W. Va. Case No. 1:10-CV-00237
S.D. Fla. Case No. 1:11-CV-21472-JLK

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendants United Bank, Inc. and United Bankshares, Inc.'s Motion to Dismiss (DE #2161), filed November 23, 2011. Therein, Defendants move for dismissal of Plaintiffs' Amended Complaint currently pending in this Multi-District Litigation ("MDL") proceeding. The Court is fully briefed on the matter,[1] and proceeds with the benefit of oral argument.[2] After careful consideration and being fully advised by the briefs, memoranda and oral argument of counsel, the Court finds it must deny Defendants' Motion to Dismiss.

---

[1] Plaintiffs filed a Response (DE #2330) on December 22, 2011, to which Defendants replied (DE #2373) on January 11, 2012.

[2] The Court heard oral argument on Defendants' Motion to Dismiss in open court on June 12, 2012. *See* Oral Arg. Tr. (DE #2800), filed July 1, 2012.

## I. BACKGROUND

On June 10, 2009, the United States Judicial Panel on Multidistrict Litigation established this MDL proceeding known as *In re Checking Account Overdraft Litigation*, MDL No. 2036. The above-styled action against United Bank, Inc. and United Bankshares, Inc. ("UBSI") was subsequently made part of this MDL proceeding, transferred to this Court, and assigned to the Fifth Tranche. (DE #1366). The First Amended Class Action Complaint ("CAC"), (DE #2031), filed on October 24, 2011, is now the operative pleading.

In the CAC, Plaintiffs Christopher and Heather Stillion, who reside in West Virginia and maintained checking accounts with United Bank, allege that they and the members of a similarly situated class suffered injuries "as a result of United Bank's use of a non-chronological and/or largest-to-smallest reordering system for the posting of debits to customer accounts and the Bank's practice of assessing overdraft fees when sufficient funds exist in the customer's account." (CAC ¶¶12–13). Plaintiffs seek to recover the alleged excessive overdraft fees levied as a result of the Defendants' alleged manipulation and reordering of debit transactions in order to maximize the overdraft fees they charged their customers. The CAC invokes jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(4).

Defendant United Bank, a federally insured bank, is a West Virginia corporation. Defendant UBSI, also a West Virginia corporation, is a bank holding company consisting of two wholly-owned federally insured subsidiaries, both named United Bank, Inc. – one

organized under the laws of West Virginia and the other Virginia. Before the Court now is Defendants' Motion to Dismiss, which seeks dismissal of Plaintiff's entire Complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

CAFA was enacted in order to "encourage the litigation of certain class actions – 'cases of national importance'– in federal courts, so as to minimize bias against out-of-state defendants and promote the fair application of state law to the multifarious parties in class actions." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1197 (11th Cir. 2007) (internal citation omitted). The statute gives federal district courts subject matter jurisdiction over mass actions, provided that four requirements can be met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 751 (11th Cir. 2010). "These requirements are: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery*, 483 F. 3d at 1202–03. Defendants do not dispute that Plaintiffs have fulfilled all four of these requirements.

Rather, Defendants allege that this action should be dismissed because it falls within the exceptions to subject matter jurisdiction under CAFA. In broad strokes, Defendants argue that jurisdiction under CAFA is both inappropriate and unavailable, because this action is almost entirely centered on West Virginia, as opposed to the type of class actions for which

CAFA was enacted. (Motion, at 8).

Because CAFA is designed to comprise "class actions with interstate implications," it contains three statutory exceptions "designed to keep purely local matters and issues of particular state concern in the state courts." *Lowery,* 483 F.3d at 1193–94. Two exceptions compel dismissal where their elements are proven: the "Home State" and "Local Controversy" exceptions.[3] *See* 28 U.S.C. § 1332(d)(4)(A) and (B). The third exception, however, is discretionary, allowing a court to decline to exercise jurisdiction where "greater than one third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." See 28 U.S.C. § 1332(d)(3). As the party seeking to deny CAFA jurisdiction, Defendants bear the burden of proving that the exceptions apply. *Fuller v. Home Depot Services, LLC,* Case No. 07-CV-1268, 2007 WL 2345257, at *4 (N.D. Ga. Aug. 14, 2007) (finding "the party seeking to invoke an exception to CAFA has an affirmative

---

[3]Some courts have referred to two separate mandatory exceptions: a "Local Controversy" exception, found at section 1332(d)(4)(A), and a "Home State" exception, found at section 1332(d)(4)(B). See e.g., *Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675, 679–80 (7th Cir. 2006). "That is, the exception to the jurisdictional rule under CAFA found in section 1332(d)(4) has been analyzed in terms of two separate exceptions pursuant to the two subsections in that one section." *Fuller v. Home Depot Servs., LLC,* Case No. 07-CV-1268, 2007 WL 2345257, *3 (N.D. Ga. Aug. 14, 2007). However, the Eleventh Circuit has declined to evaluate these exceptions separately, referring instead to a single "local controversy" exception to CAFA, which "can be satisfied in either of two ways, as provided for respectively in 28 U.S.C. § 1332(d)(4)(A) or (B)." *Evans v. Walter Inds., Inc.,* 449 F.3d 1159, 1163 n.2 (11th Cir. 2006). However, as Defendants have structured their Motion around two separate mandatory exceptions, the "Home State" and "Local Controversy" exceptions, the Court will address the exceptions separately for purposes of clarity.

duty to prove the elements of that exception."); *see also* April 1, 2011 Order on Motion to Dismiss, at 5–6 (DE #1323) (denying similar motion of defendant bank).

Defendants argue that both of CAFA's mandatory exceptions are applicable and require dismissal because: (1) both defendants are West Virginia citizens; (2) more than two-thirds of the class members are West Virginia citizens; (3) the action was originally filed in West Virginia; and (4) no similar actions were filed against the defendants in the three years preceding this action. (Motion, at 5.) In the alternative, Defendants argue that the Court should find that CAFA's permissive discretionary exception independently requires dismissal given that both defendants and more than one-third of the class members are West Virginia citizens. (*Id.* at 9.) The Court will address each of Defendants' arguments in turn.

### A. CAFA's Mandatory Exceptions

The "Home State" exception mandates that a district court shall decline jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate . . . are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Under the "Local Controversy" exception, district courts must decline jurisdiction where four circumstances are met: (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing

state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case. 28 U.S.C. § 1332(d)(4)(A). Therefore, both mandatory exceptions of CAFA would require Defendants to establish that more than two-thirds of proposed class members are citizens of West Virginia, an element that is disputed by the parties. A discussion of this point will be dispositive to the issue of whether a mandatory exception to CAFA applies in this case.

Both parties discussed the issues surrounding citizenship at length in oral argument and in their briefs. Defendants contend that their proffered evidence shows that more than 90 percent of the putative class members are residents of West Virginia and intend to remain in West Virginia. (Motion at 12.) Plaintiffs counter that Defendants have failed to meet their burden of proving with reliable evidence that two-thirds of the putative class members are indeed West Virginia citizens. (Resp. at 16.) The Court must assess the citizenship of the proposed class members in determining whether the mandatory exceptions to CAFA apply, rather than simply the residence of the proposed class members. "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).[4]

Defendants rely solely upon two declarations they submitted and upon data from the

---

[4]Decisions of the Fifth Circuit Court of Appeal that existed on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir.1981).

United States Census Bureau.[5] The Declaration of William Salvatori stated that almost 92 percent of the putative class members have mailing addresses in West Virginia. *See* (Oral Arg. Tr., at 77:20–22); *see also* Salvatori Dec., (DE #2162-1.) In his Declaration, Joe Wilson, an executive vice president of both Defendants, gave information about the organization and activities of Defendants. *See* Wilson Dec., (DE #2161-2.) Additionally, Defendants offered data from the United States Census Bureau to show that the majority of West Virginia residents intend to remain in West Virginia indefinitely. (Motion, at 14–15.) In sum, Defendants argued, "when you put the two declarations . . . together with the census data, it paints a picture that is uncontradicted that more than two thirds of the punitive [sic] class are residents of West Virginia. . . . [T]here is a presumption that residence is the same as citizenship unless there is evidence to the contrary." (Oral Arg. Tr., at 78:5–11.)

Plaintiffs counter that the Court may consider many factors in determining a party's citizenship for the purpose of diversity jurisdiction, including: where the party resides, where the party works, where the party votes, where the party seeks medical treatment, what address the party self-reports on forms such as taxes, and from which state the party has received a driver's license. (Resp., at 12); *see also Stine*, 213 F. 2d at 448; *Altimore v. Mount Mercy College*, 420 F. 3d 763, 767 (8th Cir. 2005). Plaintiffs note that Defendants have introduced no evidence as to where the customers who comprise this class vote, work, seek medical

---

[5]Defendants submitted a third declaration: the Declaration of Floyd Boone, an attorney for Defendants. Boone Dec., (DE #2161-3). This declaration, however, was not addressed in briefing or oral argument. The Court finds it is inapplicable to the issues in this Order.

treatment, self-identify on forms, or pay taxes. (Resp., at 14.) Plaintiffs contend, "Because Defendants' unsupported and untested conclusions reflect only the residency address of some class members, there appears to be no consideration given to the number of transient workers, college students, and others that reside in West Virginia on a temporary basis." (*Id.*, at 16.)

Plaintiffs also attack the validity and relevancy of the Salvatori Declaration. First, the Salvatori Declaration examined the residences of only a fraction of the class members and excludes those serviced by the branches located in Virginia, Washington, D.C., and Maryland.[6] (*Id.*, at 12.) The Salvatori Declaration also does not indicate or produce the data Mr. Salvatori relied upon in making this determination, but states only that he based his opinion "on [his] review of records regularly and routinely created and maintained by United Bank, Inc. in the regular course of its business." See Salvatori Decl., ¶ 4; (DE #2330, at 13). Finally, Plaintiffs argue that the Salvatori Declaration is conjecture, "because it does not address the question of the citizenship of the people who are account holders, just the addresses of people." (Oral Arg. Tr., at 89:22–24.)

The Court agrees that there is not enough evidence at this stage to determine the percentage of class members who both remained in and intended to remain in West Virginia

---

[6]Plaintiffs argue, "the Salvatori Declaration ignores the all-important fact that Plaintiffs have not only sued on behalf of the customers of the subsidiary known as United Bank – WV, they have sued on behalf of all United Bank customers nationally and specifically named the parent company, UBSI, in their Amended Complaint." (Resp., at 12); see also (CAC ¶¶15–16). Only 47% of United Bank's full service offices are located in West Virginia, while 53% of its offices lie in Virginia, Washington, D.C., Maryland, and Ohio. (Resp., at 12).

-8-

at the time the Complaint was filed, a vital aspect of proving citizenship. *See Stine*, 213 F.2d at 448. By submitting only census data about West Virginia and two declarations, Defendants have failed to meet their burden of proving that over two-thirds of the proposed class are citizens of West Virginia. As the Court held in another case in this MDL, additional information can be and may well be developed during discovery regarding the citizenship of class members, but the Court cannot conclude at this time that Defendants' proffered evidence is sufficient. *See* April 1, 2011 Order on Motion to Dismiss, at 5–6. Therefore, CAFA's mandatory exceptions do not apply.

### B.    CAFA's Discretionary Exception

Another exception to CAFA jurisdiction is permissive and holds that a court may "in the interests of justice and looking at the totality of the circumstances," choose to decline jurisdiction. 28 U.S.C. § 1332(d)(3). The Court may decline to exercise jurisdiction over a class action in which "greater than one third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). Assuming the requisite percentage exists and the primary defendants are citizens of West Virginia, the Court is to consider the following six factors:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens in the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed."

28 U.S.C. § 1332(d)(3).

As discussed above, Defendants have not persuaded the Court of the percentage of class members who are citizens of West Virginia. Federal courts may not engage in guesswork in order to decide whether the requisite elements of CAFA exceptions have been met. *See In Re Sprint Nextel Corp.*, 593 F. 3d 669, 673–674 (7th Cir. 2010) (rejecting even "sensible guesswork" in evaluating the citizenship of putative class members and ultimately "agree[ing] with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses"); *Gavron v. Weather Shield Mfg., Inc.*, Case No. 10-cv-22088, 2010 WL 3835115 at *3, (S.D. Fla. Sept. 29, 2010) (declining to "intuit class citizenship from property ownership, given the Eleventh Circuit's clear statements regarding a plaintiff's burden of proof"); *Phillips v. Severn Trent Env. Servs., Inc.*, Case No. 07-3889, 2007 WL 2757131, at

\*3 (E.D. La. Sept. 19, 2007) ("Although there is some intuitive appeal to the claim that most of the [putative class members] were citizens of Louisiana when the complaint was filed, the [moving party] has offered no evidence in support of such an inference. By not offering additional indicia of Louisiana citizenship of the putative class members apart from their mere residency. . . the [moving party] has not met his burden of proof.").

The Eleventh Circuit has held that any doubts regarding the applicability of a CAFA exception are to be resolved in favor of exercising federal jurisdiction over the action. *See Evans*, 449 F. 3d at 1163; *Gavron,* 2011 WL 3835115 at \*2. As the Court found previously in this MDL, it would be inappropriate at this juncture to resolve a serious factual dispute about the percentage of class members who are citizens of the state in which the action was filed. *See* April 1, 2011 Order on Motion to Dismiss, at 5. As stated in open court, the time that the Court will know with complete clarity and definition the makeup of the putative class will be when the Court deals with class certification. (Oral Arg. Tr., at 95:20–23.) Additional information can be developed during discovery that will supplement Defendants' two declarations in such a manner that this issue may be revisited at either the (a) determination of class action status; or (b) summary judgment. *See* April 1, 2011 Order on Motion to Dismiss, at 5–6. Therefore, the Court finds that the discretionary exception to CAFA does not apply.

### III. CONCLUSION

In drafting CAFA, Congress contemplated broad federal court jurisdiction and

intended only narrow exceptions to apply. Defendants have failed to demonstrate that any exception to CAFA jurisdiction applies at this stage. Therefore, it is

**ORDERED, ADJUDGED, and DECREED** that Defendants United Bank, Inc. and United Bankshares, Inc.'s Motion to Dismiss **(DE #2161)** be, and the same is hereby **DENIED.** Defendants shall answer Plaintiffs' Amended Complaint within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of July, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:     All Counsel of Record