UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Lewis v. Sovereign Bank*
S.D. FL Case No. 1:11-cv-22022-JLK

MOTION OF DEFENDANT SOVEREIGN
BANK TO STRIKE THE PLAINTIFF'S SUPPLEMENTAL
RESPONSE TO DEFENDANT'S POST-HEARING SUBMISSION

Defendant, Sovereign Bank ("Sovereign"), hereby moves pursuant to Local Rule 7.1(c) to strike Plaintiff's "Supplemental Response to Defendant's Post-Hearing Submission" [DE No. 2849]. Through her improper filing, Plaintiff attempts a third response to Sovereign's Motion to Dismiss. And notwithstanding that this latest filing is purportedly in response to Sovereign's response – authorized by the Court – to Plaintiff's submission of supplemental authorities, Plaintiff does not even address the substance of Sovereign's response, which demonstrated that those newly-submitted decisions have no persuasive value at all. Instead, following the *modus operandi* of her prior submissions, Plaintiff cites for the first time cases that are not new and that could and should have been cited previously if they were worth citing, which they are not.

I.      **Procedural Background**

1.      On November 21, 2011, Sovereign moved to dismiss.  [DE No. 2148.]  Plaintiff filed her opposition on December 21, 2011 [DE No. 2318], and on January 10, 2012, Sovereign filed its Reply.  [DE No. 2371.]

2.      On June 12, 2012, the Court held oral argument on Sovereign's Motion to Dismiss.  [DE No. 2753.]

3.      The day after oral argument Plaintiff filed a supplemental brief purporting to submit "supplemental" authority.  [DE No. 2761.]  Plaintiff did not seek leave to file this brief, wherein she discussed three unpublished state trial court decisions that she had not previously cited.

4.      On June 15, 2012, the Court entered an Order inviting Sovereign to file a response.  Sovereign filed its response on July 9, 2012. [DE Nos. 2785, 2819.]

5.      On July 20, 2012, the Plaintiff, again without seeking leave, filed yet another supplemental response [DE No. 2849] ("Second Supplemental Filing").

II.     **Plaintiff's Second Supplemental Filing Should Be Stricken**

6.      Plaintiff's Second Supplemental Filing is barred by Local Rule 7.1(c), which governs motion practice and authorizes a party opposing a motion to file only one brief in opposition.  Specifically, after authorizing a memorandum of law opposing the motion and the movant's reply, the rule provides that "[n]o further or additional memoranda of law shall be filed without prior leave of Court." S.D. Fla. L. Civ. R. 7.1(c).

7.      Plaintiff did not seek leave to file her Second Supplemental Filing.

8.      Plaintiff is merely seeking to have the last word in order to obfuscate the preemption analysis in this case.  ***Plaintiff's latest submission does not even purport to present "new" authority that could not have been presented before*** – rather, it discusses two decisions that are ***six and ten years old***, respectively.  This is not an appropriate use for a "response" to Defendant's response to Plaintiff's notice of supplemental authority; rather, this simply represents Plaintiff's unilateral decision, in violation of Local Rule 7.1(c), to submit her ***third brief*** in opposition to Sovereign's motion to dismiss.

9.      Moreover, Plaintiff's Second Supplemental Filing is not responsive to Sovereign's response to her first supplemental submission.  Plaintiff makes no attempt whatsoever to counter Sovereign's demonstration that none of Plaintiff's three state trial court unpublished

2

"supplemental authorities" have any persuasive value.  The Court will recall that the chain of post-argument briefing was initiated by Plaintiff's submission of those three decisions after she was "alerted to their existence."  [DE No. 2761 at 1.]  Yet in her latest filing Plaintiff does not mention even once any of those three erroneous and wholly non-persuasive decisions.  She has instead jettisoned them and has moved on to two other decisions that she chose not to cite in the single brief that she was authorized to file under Local Rule 7.1(c), notwithstanding that those decisions pre-date the briefing on the motion to dismiss by several years.  *See* Plaintiff's Second Supplemental Filing, at 3.

10. The two cases cited by Plaintiff at p. 3 of her Second Supplemental Filing are erroneous because they do not comport with the governing OTS regulation; additionally, the federal district court decision is easily distinguishable.  Sovereign will not, however, discuss these cases' failings, nor will it cite to the ample authorities that decline to follow them.  Because they pre-date by a number of years the opposition brief filed by Plaintiff on December 21, 2011, Plaintiff should not be advancing them now, and were Sovereign to respond to them here it would simply further prolong the briefing that by Local Rule was complete when Sovereign filed its reply.

11. Plaintiff's Second Supplemental Filing also improperly attempts to re-argue the interpretation and validity of the governing OTS regulations.  Sovereign will not repeat its prior discussion establishing that when, as here, the practices complained of relate to checking accounts, disclosure requirements, and service charges, the claims are preempted because the OTS regulations occupy the entire field.  Plaintiff's attempt to obfuscate and attack the regulatory structure by getting the last word in, well after briefing was closed and argument was conducted, is improper.

12. Should the Court deny this Motion to Strike and consider the additional authorities cited by Plaintiff in the Second Supplemental Filing, Sovereign would appreciate the opportunity to respond to those newly-cited cases.

### III.    Conclusion

For all of these reasons, Plaintiff's latest submission, entitled "Supplemental Response to Defendant's Post-Hearing Submission" [DE No. 2849], should be stricken.

**Certification of Compliance with Local Rule 7.1**

In accordance with Local Rule 7.1(a)(3), the undersigned certifies that Sovereign Bank's counsel conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion, and was unable to resolve the issues raised and relief sought in this motion.

/s/ Darryl J. May
Alan S. Kaplinsky
kaplinsky@ballardspahr.com
Darryl J. May
may@ballardspahr.com
Mariah E. Murphy
murphym@ballardspahr.com
Nathan W. Catchpole
catchpolen@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.: (215) 665-8500
Fax: (215) 864-8999

Attorneys for Defendant Sovereign Bank

Dated: July 25, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Lewis v. Sovereign Bank*
S.D. FL Case No. 1:11-cv-22022-JLK

      I hereby certify that on July 25, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that it is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

      /s/ *Mariah E. Murphy*
Mariah E. Murphy
murphym@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.: (215) 665-8500
Fax: (215) 864-8999

Attorneys for Defendant Sovereign Bank

DMEAST #15406106 v2