UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Mello v. Susquehanna Bank*
D. MD Case No. 1:11-02104
S.D. Fla. Case No.: 1-11-23250-JLK

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendant Susquehanna Bank's Motion to Dismiss (the "Motion") (DE #2136), filed November 18, 2011. Therein, Defendant moves to dismiss each of the five counts of Plaintiffs' Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court is fully briefed in the matter[1] and proceeds with the benefit of oral argument.[2] For the following reasons, the Court finds it must deny Defendant's Motion.

### I.    BACKGROUND[3]

On June 10, 2009, the United States Judicial Panel on Multidistrict Litigation established this multi-district litigation ("MDL") proceeding known as *In re Checking Account Overdraft Litigation*, MDL No. 2036. The above-styled action was subsequently made part of this MDL proceeding, transferred to this Court, and assigned to the Fifth Tranche. (Case No. 1:11-CV-

---

[1] Plaintiffs filed a Response (DE #2242) on December 19, 2011, and Defendant filed a Reply (DE #2365) on January 9, 2012.
[2] The Court heard argument on the motion on June 12, 2012. (Oral Arg. Tr., DE #2800.)
[3] Well-pled facts in the AC are accepted as true for purposes of this Order.

23250-JLK, DE #10; *see also* DE #1861.) The Amended Class Action Complaint ("AC") (DE #2011), filed in the MDL on October 19, 2011, is now the operative pleading.

Plaintiffs Bryan and Denise Mello (the "Mellos") are residents of New Jersey and current checking account customers of Defendant Susquehanna Bank ("Susquehanna"). (AC ¶¶ 12, 67.) Plaintiffs and the classes they represent allege that they maintain(ed) a checking account with Susquehanna, the terms for which were contained in standardized deposit account agreements (the "Account Agreement"). (*Id.* at ¶ 31 & Ex. A.) Susquehanna is a regional bank headquartered in and chartered under the laws of Pennsylvania with branches in Pennsylvania, Maryland, West Virginia, and New Jersey. (*Id.* ¶ 13.)

In the instant action, Plaintiffs seek to recover (for themselves and all other customers similarly situated) alleged excessive overdraft fees levied as a result of the Defendant's alleged manipulation and reordering of debit transactions from largest to smallest in order to maximize the overdraft fees they charged their customers. Specifically, Plaintiffs assert common law claims against Susquehanna for breach of contract based on the implied covenant of good faith and fair dealing (Count I), unconscionability (Count II), conversion (Count III), and unjust enrichment (Count IV), on behalf of themselves and all U.S. customers who incurred overdraft fees as a result of Susquehanna's practice of reordering debit card transactions (the "Class"). (*Id.* at ¶¶ 15, 82–114.) Plaintiffs also assert claims for violations of the New Jersey Consumer Fraud Act ("NJCFA") on behalf of themselves and all Susquehanna customers who maintain(ed) accounts at Susquehanna branches in New Jersey and incurred overdraft fees as a result of the alleged unlawful practices (the "Subclass").[4] (*Id.* at ¶¶ 15, 115–122.) Before the Court now is Susquehanna's Motion to Dismiss all counts under Rule 12(b)(6).

---

[4] The Class and the Subclass are hereinafter collectively referred to as the "Classes."

## II. STANDARD OF REVIEW

"For the purposes of a motion to dismiss, the court must view the allegations of the Complaint in the light most favorable to plaintiff, consider the allegations of the Complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this stage, the Court is determining only whether the complaint adequately states causes of action, not whether those causes of action will ultimately succeed.

## III. DISCUSSION

With the instant Motion, Defendant Susquehanna advances several arguments as to why this Court should dismiss each of Plaintiffs' five claims under New Jersey law:[5] ***First***, with respect to Plaintiffs' breach of contract based on the implied covenant of good faith and fair dealing claim (Count I), Defendant argues Plaintiffs fail to state a claim because Susquehanna's posting of transactions is consistent with the express terms of the Account Agreement. ***Second***, with respect to Plaintiffs' unconscionability claim (Count II), Defendant argues no such claim exists under New Jersey law. ***Third***, with respect to Plaintiffs' conversion claim (Count III), Defendant urges dismissal because the Mellos do not own the funds deposited in their checking account, the claim is barred by the economic loss doctrine, and the Account Agreement permits Susquehanna's posting of the transactions high-to-low. ***Fourth***, with respect to Plaintiff's claim for unjust enrichment (Count IV), Defendant argues it should be dismissed because there is an

---

[5] Because Defendant does not seek dismissal of any of the claims brought under the laws of states other than New Jersey, the Court will only analyze the sufficiency of Plaintiffs' claims under New Jersey law. (*See* Motion, at 1; Response, at 1, 3; Reply, at 2–3; *see also* Oral Arg. Tr., at 47 ("Because the plaintiff is from New Jersey, we are in a situation where New Jersey law is going to control the allegations in the complaint whether they are stating a claim.")).

express contract between the parties. **Finally**, with respect to Plaintiffs' claim under NJCFA (Count V), Defendant seeks dismissal for failure to plead the fraud with the requisite particularity under Fed. R. Civ. P. 9(b).

In response, Plaintiffs argue that this Court has previously rejected many of the arguments presented by Susquehanna in the Order Ruling on the Omnibus Motion to Dismiss, *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302 (S.D. Fla. 2010) (the "Omnibus Order"). Accordingly, and in the interest of judicial economy, the Court directed Susquehanna and other Fifth Tranche banks to focus their oral arguments on issues that had not been previously addressed in the Omnibus Order. (*See* Order Setting Oral Argument, DE #2703.) The Court will therefore provide a brief review of its analysis of Susquehanna's arguments upon which the Court has previously ruled, so that it may focus the bulk of the analysis on new issues raised and argued in detail at the June 12, 2012 hearing. (Oral Arg. Tr., at 47–71.)

### A. Arguments Previously Addressed in the Omnibus Order

Defendant's Motion centers largely on the Third Circuit's unpublished decision, *Hassler v. Sovereign Bank*, 374 Fed. Appx. 341 (3d Cir. Mar. 15, 2010) ("*Hassler II*"), which affirmed the New Jersey federal district court's order dismissing a complaint, *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509 (D. N.J. 2009) (*"Hassler I"*),[6] and which, Defendant argues, should control the outcome in this case. In response, Plaintiffs argue that the Court has previously rejected *Hassler II* in the Omnibus Order, as well as in the context of the Third and Fourth Tranche motions to dismiss. *See Overdraft Litig.*, 694 F. Supp. 2d at 1316; *see also* DE #934 & 1305. Plaintiffs also distinguish the facts in *Hassler I*, including the Account Agreement at issue. (Response, at 4–8.)

---

[6] *Hassler I* and *Hassler II* are collectively referred to herein as "*Hassler*."

Moreover, at oral argument (Oral Arg. Tr., at 62),[7] Plaintiffs directed the Court's attention to Judge Irenas' decision in *Hughes v. TD Bank, N.A.*, No. 11–7257, 2012 WL 1355660 (D.N.J. April 19, 2012) ("*Hughes*"), a nearly identical action brought by New Jersey checking account holders against TD Bank, alleging the same excessive overdraft fees on debit card transactions, and asserting identical claims under New Jersey law for unconscionability, breach of contract and the covenant of good faith and fair dealing, conversion, unjust enrichment, and unconscionable commercial practices under the NJCFA.[8] Judge Irenas considered both *Hassler* and the Omnibus Order and held as follows: "This Court agrees with the *MDL* Court's opinion and adopts its reasoning *in full*. At this stage in the litigation, Plaintiffs have plausibly pled facts that, if developed through discovery, state a claim for relief." *Id.* at *5 (emphasis added). The Court finds no reason to modify the rulings of the Omnibus Order or *Hughes*, which reject nearly all of Defendant's arguments for dismissal here.

**B. New Grounds for Dismissal**

At oral argument, counsel for Defendant presented "six points" Defendant argued "are either different or unique to the Susquehanna case...." (Oral Arg. Tr., at 47.) Several of these stated grounds, however, have been considered and rejected during the pendency of these MDL proceedings.[9] Accordingly, the Court will only address the following two arguments not specifically considered in the Omnibus Order: (1) Plaintiff's claim for unconscionability (Count

---

[7] *See also* Notice by Susquehanna Bank of Recent Authority (DE #2671).

[8] Because *Hughes* involves similar questions of law and fact with respect to the assessment of overdraft fees on checking accounts by TD Bank as did other cases that have previously been transferred to the Southern District of Florida, the Panel transferred *Hughes* for inclusion in this MDL on May 14, 2012. (*See* MDL Transmittal Letter, DE #2692).

[9] For example, Defendant seeks to dismiss Count I because its Account Agreement states that items will be posted in a high-to-low posting order, an argument this Court has addressed on numerous occasions. *See, e.g.*, Order Denying Motion for Reconsideration (DE #1653) (finding that, despite using partial mandatory language to describe posting order, the defendant bank retains discretion and, with such discretion, comes the obligation to exercise it in good faith).

II) should be dismissed because no such claim exists under New Jersey law; and (2) Plaintiffs' claim for conversion (Count III) fails because Plaintiffs did not own or have title to the funds that were taken by Susquehanna to pay the overdraft fees imposed and New Jersey's economic loss doctrine precludes recovery in tort where there is a contractual relationship.

### *i.   Unconscionability as an Affirmative Cause of Action*

Defendant seeks to dismiss Plaintiffs' unconscionability claim under New Jersey law because unconscionability is not an affirmative cause of action, but merely a defense to the enforcement of a contract. *See Lind v. New Hope Property, LLC*, No. 09–3757, 2010 WL 1493003, at *7 (D.N.J. Apr. 13, 2010); *Sitogum Holdings, Inc. v. Ropes*, 800 A. 2d 915, 922 n. 14 (N.J. Super. Ct. Ch. Div. 2002). Defendant acknowledges that the Court considered an identical argument in the Omnibus Order, but argues "[t]his Court's prior holding in the MDL does not control this case, because this is a new and distinct case, and because *Eva* is not controlling law in New Jersey." (Motion, at 7 n. 7.) Plaintiffs reject Susquehanna's characterization of its argument as "new and district," and instead contend Susquehanna is simply attempting to reargue similar challenges to unconscionability that have been previously rejected by this Court. (*See* Response, at 13) (citing *Overdraft Litig.*, 694 F. Supp. 2d at 1317–21)). The Court agrees.

In the Omnibus Order, the Court considered Defendant's assertion that the only relief available for contract unconscionability is rescission and determined it has the power to fashion appropriate equitable relief if it ultimately finds the banks' contracts to unconscionable. *See Overdraft Litig.*, 694 F. Supp. 2d at 1318 (quoting *Eva Midwest Nat'l Mortg. Banc, Inc.*, 143 F. Supp. 2d 862, 895 (N.D. Ohio 2001) (plaintiffs not precluded from asserting a claim for declaratory relief on a theory of unconscionability). In doing so, the Court reasoned as followed:

> Defendants appear to be correct in their assertion that, ordinarily, unconscionability is properly asserted as a defense to a contract rather than an affirmative cause of action. But this is not the ordinary case. An ordinary case in this factual context would be one in which the customer allegedly overdraws his or her account, the bank provides the overdraft service, and then the bank demands payment of the overdraft fee from the customer. Then, when the customer refuses to pay, the bank sues the customer for breach of contract, and the customer at that time can raise an unconscionability defense to the enforcement of the contract. In the instant case, however, the bank is never required to file suit because it is already in possession of the customer's money, and simply collects the fee by debiting the customer's account. Thus, the customer never has the opportunity to raise unconscionability as a defense for nonpayment. The only opportunity to do so is through a lawsuit filed by the customer, after payment has been made. Hence, the facts of the instant case weigh in favor of permitting Plaintiffs to pursue an unconscionability claim.

*Overdraft Litig.*, 694 F. Supp. 2d at 1318–19. Defendant nonetheless urges the Court to dismiss the claim under New Jersey law (Motion, at 7–8) and the new regulation that requires customers to affirmatively opt into overdraft protection. (*See* Oral Arg. Tr., at 54:20–25; 55:1 & 69–70.)

Upon review of the arguments made by the parties in addition to the cases cited therein, the Court continues to fail to see why Plaintiffs cannot file suit for at least declaratory relief raising the issue of unconscionability. *See Overdraft Litig.*, 694 F. Supp. 2d at 1318; *accord Hughes*, 2012 WL 1355660, at *6 (declining to dismiss unconscionability claim under New Jersey law where the plaintiff sought a declaratory judgment that certain contractual terms are unconscionable). Since Plaintiffs seek a declaratory judgment that certain contractual terms are unconscionable, the Motion is denied on this basis. Moreover, the issue of whether or not the new "opt in" provision undermines the possibility of equitable relief may be developed through discovery and raised at summary judgment.

### ii.   *Conversion and the Economic Loss Doctrine*

Defendant makes four arguments for dismissal of Plaintiffs' unconscionability claim: (1) Defendant did not wrongfully assess overdraft fees; (2) Defendant did not convert any property owned by Plaintiffs when assessing fees; (3) Defendant had no obligation to return the money it

charged as a result of the assessment of overdraft fees; and (4) the economic loss doctrine bars the claim. (Motion, at 14–16).

First, Defendant's argument that Susquehanna did not "wrongfully" assess overdraft fees has previously considered and rejected several times in this MDL. *See Overdraft Litig.*, 694 F. Supp. 2d at 1322–23; *see also, e.g.*, Order Denying Motions to Dismiss (DE #1305) (upholding conversion claim under New Jersey law).

Second, the Court is not persuaded by Defendant's argument that the parties were in a relationship of debtor/creditor and, therefore, Plaintiffs could not own the property. (Motion, at 14.) Plaintiffs need only have a right to immediate possession to establish a claim for conversion. *See Hughes*, 2012 WL 1355660, at *7 (citing *Hunter v. Sterling Bank*, 588 F. Supp. 2d 645, 650 (E.D. Pa. 2008) (analyzing New Jersey law)). Here, as alleged, "Plaintiffs unquestionably had the right to possess the funds in their bank accounts upon demand to the bank, and they have alleged that Defendant[] wrongfully took funds from their accounts so that Plaintiffs were unable to possess and use those funds." *Overdraft Litig.*, 694 F. Supp. 2d at 1323. Moreover, pursuant to the Account Agreement, ownership of the account is in the depositor and any joint owner of the account. (AC, Ex. A, at 1, 3.)

Finally, with respect to Defendant's argument that Plaintiffs' conversion claim is barred by the economic loss doctrine (Motion, at 15), the Court finds that while Defendant is correct that "the economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which they are entitled only by contract," *Arcand v. Brother Intern. Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009), "[t]o be barred by the economic loss doctrine, the claims must be duplicative of those provided for under the U.C.C." *Hughes*, 2012 WL 1355660, at *7 (citing *Alloway v. General Marine Indus., L.P.*, 149 N.J. 620, 641, 695 A.2d 264 (1997)). Here, Defendant does not

identify a duplicative U.C.C. claim. Moreover, as alleged, Defendant misappropriated funds in ways not contemplated by the contract such the allegations support Plaintiffs' right to immediate possession of the funds at issue. (*See, e.g.*, AC ¶¶ 43–46.) Accordingly, the Motion will be denied.

## IV. <u>CONCLUSION</u>

After careful consideration of the parties' legal briefs and extensive oral argument, the Court has determined that Defendant in the above-styled case has failed to state any new grounds for this Court to vary from its earlier Omnibus Order. At that time, the Court adjudicated fifteen previously-pending Motions to Dismiss, all of which addressed nearly identical legal issues as those presented here. While Defendant has submitted additional arguments that are unique to Susquehanna Bank, the Court's earlier ruling encompassed and disposed of those same defenses. As such, the Court finds that Defendant's Motion to Dismiss must be denied in its entirety.

Accordingly, being fully advised on the premises, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss **(DE #2136)** be, and the same is, hereby **DENIED**. Defendant shall **ANSWER** the Amended Complaint **within twenty days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 1st day of August, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record