UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION
    Richard Green v. Synovus Bank,                     )
        M.D. Georgia, No. 4:12-00027           )        MDL No. 2036

**TRANSFER ORDER**

    **Before the Panel**: Pursuant to Panel Rule 7.1, plaintiff Richard Green and defendant Synovus Bank (Synovus) separately move to vacate the Panel's order conditionally transferring this action (*Green*) to the Southern District of Florida for inclusion in MDL No 2036. MDL Plaintiffs' Co-Lead Counsel, Plaintiffs' Coordinating Counsel, and Plaintiffs' Executive Committee oppose the motions.

    In their motions to vacate, both plaintiff and Synovus argue that transfer of *Green* will not promote economy or efficiency. The parties observe that in October of last year, we ceased routinely transferring newly-filed tag-along actions to the MDL, concluding that such transfer threatened to "significantly hinder the resolution of the already-centralized actions." *See In re: Checking Account Overdraft Litig.*, 818 F. Supp. 2d 1373, 1374 (J.P.M.L. 2011). Synovus, however, is a defendant in another action (*Childs*) already in the MDL, and thus integrating *Green* into the ongoing centralized proceedings is likely to be appreciably easier than it would be with a bank not already a defendant in the MDL.[1]

    The *Green* plaintiff also argues although the account documents at issue both in his case and *Childs* are the same, his counsel and counsel for the *Childs* plaintiffs construe the language contained in those documents very differently. The *Green* plaintiff thus contends that transfer might hamstring his ability to advance his interpretation of the documents. Such concerns, however, may arise in any MDL involving similar actions brought by different attorneys. Moreover, there is nothing to indicate that, following transfer, plaintiff is foreclosed from presenting his arguments to the transferee court.

    After considering all argument of counsel, we find that *Green* involves common questions of fact with the overdraft actions previously transferred to MDL No. 2036, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization of actions sharing "factual questions relating to the imposition of overdraft fees by various bank defendants on their customer[s'] checking accounts in a manner to maximize those

---

[1]     We note as well that the transferee judge has recently expressed the concern, albeit in a somewhat different context, that permitting overdraft actions brought against banks that are already defendants in the MDL to proceed outside of the centralized proceedings may have the effect of undermining those proceedings and the very purposes for which the MDL was created. *See In re Checking Account Overdraft Litig.*, — F. Supp. 2d —, 2012 WL 1564007 (S.D. Fla. Apr. 30, 2012).

- 2 -

fees." *See In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). A review of the *Green* complaint leaves no doubt that the action shares factual issues with those already in the MDL, including issues arising from allegations regarding the re-sequencing of debit transactions by Synovus.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |