Dallas Stephens
9350 Morona Drive
La Mesa, CA 91942
(619) 463-8480



FILED by _____ D.C.

AUG 15 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. FLA. - MIAMI

August 13, 2012

Clerk of the Court
U.S. District Court for the
Southern District of Florida
James Lawrence King Federal Justice Building
99 Northeast Fourth Street
Miami, FL 33132

Re:   *In Re Checking Account Overdraft Litigation* 1:09-md-02036-JLK

Dear Judge King:

    I, Dallas Stephens, object to the settlement of Union Bank in In Re: Checking Account Overdraft Litigation, 1:09-MD-02036-JLK. I am part of the class because I have maintained a checking account with Union Bank for a number of years. Between 2005 and 2010, I was assessed several overdraft charges against my account which will entitle me to a payment from this settlement fund. I do not intend to appear at the final fairness hearing. I list my phone and address below and also state that I have not previously objected to any class action settlement, nor am I represented by counsel so there is nothing for me to disclose.

    I object that the requirements to object to this settlement are plentiful! I don't understand why, were I represented by counsel, the Court or the attorneys in this matter would be entitled to know what other settlements I'd objected to in the past, my relationship with my attorney, any agreement I have with my attorney (which should be protected by the attorney client privilege, I believe), or the type of deodorant I use. The information requested has absolutely nothing to do with this settlement or the reasons I am objecting to it. It seems to me that these requirements are really meant to deter objections.

    I also object that the settlement does not resolve the issues that spurred the filing of this very lawsuit. How can a settlement be deemed fair if the wrong that was complained of was never righted? Also, the amount of money is minimal compared to the number of class members. That's great that I'll receive reimbursement for about two overdraft

charges[1], but this does not begin to compensate me for the money that I'm actually out. I request that the Court truly inquire into the actual losses sustained by all the class members and what, if anything, is going to be done about the actual problem of wrongfully assessing these fees in the first place.

In addition the attorney fees are excessive. The court needs to closely scrutinize the billing records of the law firms for accuracy, duplication of effort, and wasted time. In addition the hourly rates claimed in these cases are usually far greater than any class member has ever paid or would pay a lawyer. Finally, this case rewards lawyers far greater than the class. This creates a conflict and the court should order an independent audit, evaluation and report on the fees from a truly independent expert, all at "our" lawyers' expense.

In sum, I request that the Court reject the settlement so that the attorneys can revisit the settlement terms and that the Court reduce the amount of the attorneys' fee award to a more reasonable amount.

Sincerely,

Dallas Stephens

---

[1] Each overdraft fee is $35. There are 300,000 class members dividing the $23.45 million fund, assuming the 30% attorneys' fee award is granted, which will amount to $78 per person.