UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Johnson v. KeyBank National Association*
W.D. Wash. Case No. 2:10-cv-00304
S.D. Fla. Case No. 1:10-cv-21176-JLK

PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED ARBITRATION
DISCOVERY FOLLOWING REMAND FROM ELEVENTH CIRCUIT

Plaintiff David M. Johnson respectfully requests that the Court allow Plaintiff to conduct limited, arbitration-specific discovery in this matter. As this Court is aware, on August 20, 2012 the Eleventh Circuit Court of Appeals vacated this Court's decision on KeyBank's motion to compel arbitration and remanded the case for further consideration in light of *AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740 (2011), *Rent-A-Center, West, Inc. v. Jackson,* 130 S. Ct. 2772 (2010), and *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011). See **DE # 2893**. This Order from the Eleventh Circuit is similar in nature to orders entered in previous appeals from this Court. *E.g.*, *Larsen v. J.P. Morgan Chase Bank, N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. Aug. 26, 2011) (remanding for further proceedings in light of *Concepcion*); *Dasher v. RBC Bank*, No. 10-14488 (remanded based on the parties' agreed motion).

Plaintiff seeks leave to conduct limited, arbitration-related discovery before Defendant files its forthcoming renewed motion to compel arbitration. The circumstances here are similar

to those in the other cases where this Court has allowed plaintiffs limited, arbitration-only discovery. *See* Orders Deferring Arbitration Ruling and Granting Limited Discovery [**DE # 1576, 1673, 1950, 1985, 2191, 2661**]. The Eleventh Circuit has specifically approved of such discovery in this MDL. *Larsen*, 438 Fed. Appx. at 895. The limited scope of this discovery is reasonable and useful in building a complete record with respect to KeyBank's arbitration motion given the standard for determining unconscionability under Washington law.[1] *See generally Zuver v. Airtouch Communications, Inc.*, 103 P.3d 753, 759-60 (2004).

## PROCEDURAL BACKGROUND

On February 18, 2010, Plaintiff filed his complaint against KeyBank. *See* **DE # 1** in Case No. 2:10-cv-00304 (W.D. Wash.). On April 13, 2010, this case was transferred from the Western District of Washington to this Court.

KeyBank filed its motion to compel arbitration on May 3, 2010. [**DE # 425**]. Mr. Johnson filed his response in opposition on May 20, 2010. [**DE # 493**]. On June 16, 2010, the Court denied KeyBank's motion in a well-reasoned opinion. [**DE # 592**]. KeyBank filed a notice of appeal on June 22, 2010. [**DE # 611**]. On the same day, KeyBank filed a motion to stay the litigation. [**DE # 612**]. On July 9, 2010, the Court granted KeyBank's motion to stay and ordered that the stay become effective upon the posting of a supersedeas bond. [**DE # 664**]. On July 14, 2010, KeyBank filed its notice of posting the supersedeas bond. [**DE # 682**].

On June 21, 2010, the Supreme Court issued its decision in *Rent-A-Center, West, Inc. v. Jackson,* 130 S. Ct. 2772 (2010). KeyBank subsequently filed a "Motion for Indicative Ruling that the U.S. Supreme Court's Holding in *Rent-A-Center v. Jackson* Raises a Substantial Issue

---

[1] As the Court will recall, while the parties disagreed as to whether Ohio law or Washington law applies to Mr. Johnson's claims, this Court concluded that Washington law applied. *See* **DE # 592**, pp. 2-6.

2

Warranting Further Consideration of Order Denying Motion to Compel Arbitration." [**DE # 680**]. Mr. Johnson filed his response in opposition on July 23, 2010. [**DE # 721**]. On August 2, 2010, the Court denied KeyBank's request for an indicative ruling. [**DE # 739**].

While on appeal, the Supreme Court issued its decision in *Concepcion*. Thereafter, Plaintiff requested that the Eleventh Circuit remand the case for further consideration as the court had done in previous appeals from this Court. On August 21, 2012, the Eleventh Circuit granted Mr. Johnson's motion. *See* **DE # 2893**

## ARGUMENT AND CITATION OF AUTHORITY

As this Court is aware, it may deny KeyBank's arbitration motion by finding that KeyBank's arbitration clause is unenforceable under Washington law. Under established precedent, Mr. Johnson bears the burden of rebutting the presumption of arbitrability. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000); *see also, e.g.*, *Livingston v. Assocs. Fin., Inc.*, No. 01-C-1659, 2001 U.S. Dist. LEXIS 8678, at *10 (N.D. Ill. June 22, 2001) ("[I]t seems axiomatic that, if the Supreme Court places a burden of proof [to show an arbitration agreement is invalid] on a party, then that party must be given an opportunity to pursue discovery related to the issue that it has the burden to prove."), *adopted*, 2002 U.S. Dist. LEXIS 12047 (N.D. Ill. March 4, 2002). As the Supreme Court explained:

> A court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce.

*Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S. Ct. 2847, 2856 (2010); *see also Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1124 (11th Cir. 2010); *Dale v. Comcast Corp.*, 498 F.3d 1216, 1224 (11th Cir. 2007).

Discovery relating to arbitration issues is routinely granted.[2] Indeed, post-*Concepcion* a growing number of courts have found it appropriate to permit limited arbitration-specific discovery prior to ruling on a motion to compel arbitration. *See, e.g.*, *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164-65 (S.D. Cal. 2011) (permitting limited pre-arbitration discovery on issue of unconscionability); *O'Brien v. American Express Co.*, 2012 WL 1609957, at *2-5 (S.D. Cal. May 8, 2012) (granting, in part, requests for discovery and establishing briefing schedule on arbitration motion following completion of discovery); *Hesse v. Sprint Spectrum, L.P.*, 2012 WL 37399, at *5 (W.D. Wash. Jan. 9, 2012) (granting arbitration discovery and giving party 60 days in which to conduct the discovery); *Clemins v. GE Money Bank*, 2011 WL 6148676, at *1-2 (E.D. Wis. Dec. 8, 2011); *Newton v. Clearwire Corp.*, 2011 WL 4458971, at *6-8 (E.D. Cal. Sept. 23, 2011) (permitting limited pre-arbitration discovery regarding unconscionability); *Plows v. Rockwell Collins, Inc.*, 2011 WL 3501872, at *5 (C.D. Cal. Aug. 9, 2011) (permitting four months to conduct discovery on the enforceability of the arbitration agreement); *Laguna v. Coverall N. Am., Inc.*, 2011 WL 3176469, at *3 (S.D. Cal. July 26, 2011) (permitting limited discovery, narrowly tailored to determining whether arbitration clause is enforceable under state law); *also Coneff v. AT&T Corp.*, 2007 WL 738612, at *2–3 (W.D. Wash. Mar. 9, 2007) (allowing discovery requests related to the issue of unconscionability but not the merits of the parties' underlying dispute); *Traylor v. I.C. Sys., Inc.*, 2012 WL 1883814 (D.

---

[2] *E.g.*, *Green Tree*, 531 U.S. at 91-92; *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10 (3d Cir. 2002); *Dun Shipping Ltd. v. Amerada Hess Shipping Corp.*, 234 F. Supp. 2d 291, 294-96 (S.D.N.Y. 2002); *also Alzaidi v. U-Haul Co. of Kan., Inc.*, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009); *R&F, LLC v. Brooke Corp.*, 2007 WL 2809845, at *2-3 (D. Kan. Sept. 24, 2007); *Coneff v. AT&T Corp.*, 2007 WL 738612, at *1 (W.D. Wash. Mar. 9, 2007), *rev'd on other grounds*, *Coneff v. AT&T Corp.*, __ F.3d __ (9th Cir. 2012); *Wilson v. Yellow Transp., Inc.*, 2007 WL 445197, at *1 (D. Kan. Jan. 29, 2007); *Livingston v. Assocs. Fin., Inc.*, 2001 WL 709465, at *2-4 (N.D. Ill. June 25, 2001).

Minn. May 22, 2012); *Hutchins v. DIRECTV Customer Serv., Inc.*, 2012 WL 1161424 (D. Idaho Apr. 6, 2012).

As the Third Circuit noted in *Blair v. Scott Specialty Gases*, 283 F.3d 595 (3d Cir. 2002), "[a]lthough discovery is ordinarily not undertaken at such an early stage of a proceeding that is governed by an arbitration agreement, there is language in the Supreme Court's opinion [in *Green Tree*] faulting the claimant for not presenting evidence 'during discovery.'" *Id.* at 609. In both *Blair* and *Green Tree*, the plaintiff challenged the validity of the arbitration agreement on the grounds that it was cost prohibitive. *Blair*, 283 F.3d at 609; *Green Tree*, 531 U.S. at 91-92. The Supreme Court's decision affirming an order compelling arbitration in *Green Tree* was based, in part, on the fact that the claimant failed to meet her burden of showing the likelihood that she had to bear prohibitive costs. 531 U.S. at 91-92.

The Eleventh Circuit recently found discovery of arbitration issues appropriate in *Larsen v. J.P. Morgan Chase Bank, N.A.*, 438 Fed. Appx. 894, 895 (11th Cir. Aug. 26, 2011). There, the court held that "discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided." *Id.* This Court allowed arbitration-only discovery in *Larsen* and in several other cases. *See* **DE # 1576, 1673, 1950, 1985, 2191, 2661**.

To fully develop the record to rebut the presumption of arbitrability, Plaintiff seeks limited arbitration-related discovery consistent with the limited arbitration-related discovery permitted under this Court's orders in related cases. *E.g.*, **DE # 1985, 2191, 2661**. The discovery will consist of document requests, interrogatories, and requests for admissions regarding specific arbitration-related issues, and will be followed by a Rule 30(b)(6) deposition

and depositions of any of the bank's other declarants. Such discovery is needed in order to allow Plaintiff to rebut the presumption of arbitrability.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court allow 90 days of limited discovery as to arbitration-related matters.

## Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff asked counsel for KeyBank to consent to this motion. KeyBank has stated that it opposes this motion.

Dated: August 23, 2012.

                                                Respectfully submitted,

| | |
|---|---|
| /s/ Aaron S. Podhurst<br>Aaron S. Podhurst, Esquire<br>Florida Bar No. 063606<br>apodhurst@podhurst.com<br>Robert C. Josefsberg, Esquire<br>Florida Bar No. 40856<br>rjosefsberg@podhurst.com<br>Peter Prieto, Esquire<br>Florida Bar No. 501492<br>pprieto@podhurst.com<br>Stephen F. Rosenthal, Esquire<br>Florida Bar No. 0131458<br>srosenthal@podhurst.com<br>John Gravante, III, Esquire<br>Florida Bar No. 617113<br>jgravante@podhurst.com<br>PODHURST ORSECK, P.A.<br>City National Bank Building<br>25 W. Flagler Street, Suite 800<br>Miami, FL 33130-1780<br>Tel: 305-358-2800<br>Fax: 305-358-2382 | /s/ Bruce S. Rogow<br>Bruce S. Rogow, Esquire<br>Florida Bar No. 067999<br>brogow@rogowlaw.com<br>BRUCE S. ROGOW, P.A.<br>Broward Financial Center<br>500 E. Broward Boulevard<br>Suite 1930<br>Fort Lauderdale, FL  33394<br>Tel: 954-767-8909<br>Fax: 954-764-1530 |

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

7

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik<br>Ruben Honik, Esquire<br>Pennsylvania Bar No. 33109<br>rhonik@golombhonik.com<br>Kenneth J. Grunfeld, Esquire<br>Pennsylvania Bar No. 84121<br>kgrunfeld@golombhonik.com<br>GOLOMB & HONIK, P.C.<br>1515 Market Street<br>Suite 1100<br>Philadelphia, PA 19102<br>Tel: 215-985-9177<br>Fax: 215-985-4169 | /s/ Ted E. Trief<br>Ted E. Trief, Esquire<br>New York Bar No. 1476662<br>ttrief@triefandolk.com<br>Barbara E. Olk, Esquire<br>New York Bar No. 1459643<br>bolk@triefandolk.com<br>TRIEF & OLK<br>150 E. 58th Street<br>34th Floor<br>New York, NY 10155<br>Tel: 212-486-6060<br>Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596