UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
 )
MDL No. 2036 )
*Fourth Tranche* )
_____ )
 )
THIS DOCUMENT RELATES TO: )
 )
*Shane Swift v. BancorpSouth, Inc.,*[1] )
S.D. Fla. Case No. 1:10-cv-23872-JLK )
_____ )

### BANCORPSOUTH BANK'S MOTION FOR COURT TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff's motion for sanctions (DE # 2791) raises collateral issues better addressed after this Court concludes its resolution of coordinated pretrial matters. The Court's and the parties' resources are better spent at this time addressing discovery and other remaining pretrial matters. In any event, Plaintiff's motion is premature because important appellate determinations relevant to the motion have not yet been made. Accordingly, BancorpSouth respectfully requests this Court to defer consideration of Plaintiff's motion for sanctions until the conclusion of coordinated pretrial litigation or, at the least, until the Eleventh Circuit resolves the threshold jurisdiction question that it raised *sua sponte* and issues an opinion addressing BancorpSouth's appeal of the injunction order that is the support for Plaintiff's motion ("Injunction Order," DE # 2666).

---

[1] BancorpSouth, Inc. is not a proper defendant in this matter. Counsel for Swift and BancorpSouth Bank discussed the proper BancorpSouth entity to name in this matter in 2010, and Plaintiff properly identified the defendant herein as BancorpSouth Bank in his Second Amended Complaint (DE # 994). Plaintiff does not seek sanctions against BancorpSouth, Inc.

**1.      Plaintiff's collateral sanctions motion is best addressed at pretrial conclusion.**

Plaintiff's motion for sanctions seeks for the Court to take time now to evaluate facts related to BancorpSouth's attempted class action settlement in the Western District of Arkansas, to weigh whether those facts reveal any conduct meeting the extremely high standard necessary for the imposition of sanctions, to weigh the propriety of sanctions and to determine what, if any, sanctions are appropriate. These activities are better conducted at the conclusion of all MDL pretrial activities when the failed settlement can be reviewed by this Court in context. Developments during the pending case, including but not limited to potential settlement with the *Swift* class, may negate or greatly impact the Court's view of Plaintiff's motion. Moreover, the Court's resources and the parties' resources are better spent at this time completing discovery and addressing pretrial issues properly before this MDL Court. Consequently, the Court should defer consideration of Plaintiffs' motion until coordinated pretrial matters are concluded.

**2.      The Eleventh Circuit has not resolved its threshold jurisdiction question.**

On July 3, 2012, the Eleventh Circuit raised for the parties a threshold question whether federal jurisdiction exists for Plaintiff's suit. *See* DE # 2820-1  Specifically, the Circuit asked: "Does the complaint or amended complaint properly allege the citizenship of Shane Swift or the unnamed plaintiffs, sufficient to invoke the district court's diversity jurisdiction." *Id.*  Plaintiff responded on July 16, 2012 and contended that federal jurisdiction existed. *See* Plaintiff-Respondent's Response to Jurisdictional Question, filed on July 16, 2012 in Eleventh Circuit Case Nos. 12-90024-E and 12-12386-EE.  BancorpSouth responded on July 17, 2012 and contended that the conditional nature of Plaintiff Swift's class definition precludes a finding of whether Plaintiff Swift is a class member at this time and thereby precludes a finding of federal jurisdiction at this time. *See* Appellant's Response to Court's Jurisdictional Question, filed on

July 17, 2012 in Eleventh Circuit Case Nos. 12-90024-E and 12-12386-EE. Whether this Court has jurisdiction to address Plaintiff's motion is a threshold matter that merits awaiting the Eleventh Circuit's resolution of the jurisdiction question that it raised. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) ("An appellate court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review. Because this requirement involves the court's competency to consider a given type of case, it cannot be waived or otherwise conferred upon the court by the parties." (citations and quotations omitted)); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

**3.     BancorpSouth's appeal of the Injunction Order remains unresolved.**

The Eleventh Circuit has not resolved the appeal of the Injunction Order and, if, as Plaintiff contends, the appeal is now moot, the Eleventh Circuit's remedy is to vacate the order. Plaintiff has argued that the appeal is moot due to the transfer of *Thomas/Lawson* to the MDL and the dismissals of the *Thomas/Lawson* action. If the Eleventh Circuit accepts Plaintiff's mootness argument, it should vacate this Court's Injunction Order. *See BankWest, Inc. v. Baker*, 446 F.3d 1358, 1368 (11th Cir. 2006) ("Our well-established practice of vacating the district court's order when we dismiss a moot appeal . . . eliminates a judgment, review of which was prevented through happenstance."); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Under our precedent, when a case becomes moot on appeal, [we] must not only dismiss the case, but also vacate the district court's order."); *Bourgeois v. Peters*, 387 F.3d 1303, 1308 (11th Cir. 2004) ("If the matter has become moot, we must vacate the district court's ruling and dismiss the case."); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001) ("When a case

3

becomes moot on appeal, under controlling law the Court of Appeals must not only dismiss the case, but also vacate the district court's order."); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40, 71 S. Ct. 104, 106-07 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."). Consequently, this Court should defer consideration of Plaintiff's motion for sanctions until the Eleventh Circuit has properly disposed of the appeal related to the Injunction Order.

BancorpSouth respectfully submits that the most prudent course is to defer consideration of Plaintiff's sanctions motion until the conclusion of all other coordinated pretrial matters. In any event, the Court should await the outcome of the pending and directly relevant Eleventh Circuit jurisdiction inquiry and appeal, and then allow the parties to brief how the determinations of these issues affect Plaintiff's sanctions request.

Respectfully submitted this 24th day of August, 2012.

**COLE, SCOTT & KISSANE, P.A.**

*/s/ Thomas Scott*
Thomas E. Scott
Florida Bar No. 478539
Thomas.scott@ckslegal.com

9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5385
Facsimile: (305) 373-2294


**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric Jon Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com

>William J. Holley, II
>Georgia Bar No. 362310
>wjh@phrd.com
>David B. Darden
>Georgia Bar No. 250341
>dbd@phrd.com
>Darren E. Gaynor
>Georgia Bar No. 288210
>deg@phrd.com
>
>1500 Marquis Two Tower
>285 Peachtree Center Avenue N.E.
>Atlanta, Georgia 30303
>Telephone: (404) 523-5000
>Facsimile: (404) 522-8409
>
>*Counsel for Defendant BancorpSouth Bank*

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with Plaintiff's counsel in a good faith effort to resolve the issues and Plaintiff opposes the relief sought in the above motion.

Respectfully submitted this 24th day of August, 2012.

/s/ Thomas Scott
Thomas E. Scott

/s/ Eric Jon Taylor
Eric Jon Taylor

*Counsel for Defendant BancorpSouth Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 24th day of August, 2012.

*/s/ Eric Jon Taylor*
Eric Jon Taylor

2496923_1