# EXHIBIT F

# Chimicles & Tikellis LLP
### ATTORNEYS AT LAW

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly Donaldson Smith
Joseph G. Sauder
Timothy N. Mathews
A. Zachary Naylor *
Matthew D. Schelkopf
Christina Donato Saler
Benjamin F. Johns
Alison G. Gushue
Scott M. Tucker *
Tiffany J. Cramer *
Vera V. Gerrity

OF COUNSEL
Morris M. Shuster
Anthony Allen Geyelin
David M. Maser

*Attorneys admitted to
Jurisdiction other than PA

August 20, 2012

**Via Email and U.S. Mail**

Kenneth Johnston, Esquire
KANE RUSSELL COLEMAN & LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

    Re:   *In re Checking Account Overdraft Litig.*, No. 09-2036 (Comerica Bank)

Dear Mr. Johnston:

    This letter responds to your letter of August 16, and reiterates the requests for information and documents contained in my August 7 e-mail.

    *First,* there is an abundance of case law where counsel have been criticized -- and in some cases sanctioned – for gathering material in response to discovery requests in a manner similar to what Comerica did here.[1] Under the circumstances, we believe that the process by which Comerica responded to our discovery requests (particularly with respect to e-mails) was wholly

---

[1] *See, e.g., John B. v. Goetz,* No. 98-0168, 2010 U.S. Dist. LEXIS 8821, at *211 (M.D. Tenn. Jan. 28, 2010) ("A party's discovery obligations do not end with the implementation of a 'litigation hold'--to the contrary, that's only the beginning. Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents.") (quoting *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 432 (S.D.N.Y. 2004)). *See also, In re Seroquel Prods. Liab. Litig.,* 244 F.R.D. 650, 664 (M.D. Fla. 2007); *In re Delta/AirTran Baggage Fee Antitrust Litig.,* No. 09-2089, 2012 U.S. Dist. LEXIS 13462, at *40 (N.D. Ga. Feb. 3, 2012); *Seven Seas Cruises S. DE R.L. v. V Ships Leisure Sam,* No. 09-23411, 2011 U.S. Dist. LEXIS 19465 (S.D. Fla. Feb. 19, 2011); *Kona Spring Water Distributing, LTD. v. World Triathlon Corp.,* No. 05-119, 2007 U.S. Dist. LEXIS 16176 (M.D. Fla. Mar. 7, 2007).

WILMINGTON OFFICE
222 Delaware Avenue, Suite 1100
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053

Kenneth Johnston, Esquire
August 20, 2012
Page -2-

inadequate. Given the magnitude and importance of this case, we are confident that Judge King will see it that way too.

*Second,* we are surprised by your contention that in-house counsel did follow-up with custodians. Needless to say, we are unmoved by your explanation; we have sworn testimony from a FED. R. CIV. P. 30(b)(6) witness (whom Comerica had a duty to educate about all document retrieval efforts) telling us no such searches were conducted for the email production. She testified that she has previously conducted this type of follow up, but that she did not do so in this case, was not instructed to, and knew of no one who had. We do not need to remind you as a FED. R. CIV. P. 30(b)(6) witness she speaks for Comerica. Anticipating your probable retort that she was unaware because of some privilege issue, that would be a baseless contention on Comerica's part. Assigning a lawyer to do tasks normally undertaken by a non-lawyer does not render those tasks "privileged" or "work product." Moreover, the fact of conducting follow-up searches of documents is hardly privileged.

*Third,* here is what it will take for us to not file a motion to compel:

1. Your agreement in writing by close of business on Thursday, August 23, 2012 that you will produce all documents and electronic information responsive to our document requests, by September 14, 2012. This means searching all custodians' electronic files including emails for the key terms we agreed to, and producing all non-privileged documents located by those searches without exception. If that requires imaging hard drives, so be it.

2. Your agreement in writing by close of business on Thursday, August 23 that we have the right to re-depose any or all of the Comerica witnesses we previously deposed, and any additional ones, in Miami, if this process yields further material documents, and your agreement to reimburse us for our expenses and attorneys' fees related to these depositions.

3. Your agreement in writing to give us new deposition dates to re-depose the bank's properly and fully informed 30(b)(6) designee

Kenneth Johnston, Esquire
August 20, 2012
Page -3-

      on the topic of additional and follow up document collection and production, at our election, once we receive Comerica's final production.

4. Your agreement in writing by Thursday, August 23 to promptly (and no later than September 14) provide us the following:

   a. A list of all current custodians. By "custodian" we mean any individual previously on a list of custodians, and also any individual requested to produce documents, and any repository or share drive that was searched for documents or information.

   b. A list of every employee who, between 2005 and the present day, worked as a vice president or managerial position, and/or worked under Szymborski, McKinney, Schmidt, or Parks, but who was not asked for documents.

   c. A copy of any memorandum, litigation hold or set of instructions sent to any person, regarding retaining, searching for, and producing documents for this litigation, with agreement that this will not waive the attorney-client or work product privilege.

   d. A copy of each of the certifications and authorizations signed by each custodian.

   e. An accounting of what each custodian produced—volume and types of documents.

   f. An accounting of every former Comerica employee that was asked to produce documents listing the volume of information produced by each.

   g. A sworn affidavit or declaration explaining the document holds that have been in place to avoid the loss of documents requested by Plaintiffs in this litigation.

Kenneth Johnston, Esquire
August 20, 2012
Page -4-

       h. A sworn affidavit explaining the protocols undertaken to search for ex-employees' emails and other documents requested by Plaintiffs in this litigation.

It is our intention to file a motion to compel Comerica to simply turn over its electronic document archive, and custodians' electronic document systems, and we will undertake at Comerica's expense to ensure that we have all documents including emails.

In light of our impending discovery deadline, we must move this forward promptly. Please let us know whether you will comply with all of these requests no later than the close of business on Thursday, August 23. If we do not receive a satisfactory response from you by then, we will have no choice but to bring this matter to the Court's attention.

Sincerely,

*Benjamin F. Johns*
Benjamin F. Johns

BFJ/mem

cc:    Robert C. Gilbert, Esquire
       David Buckner, Esquire
       Joseph G. Sauder, Esquire
       Matthew D. Schelkopf, Esquire
       Mazin Sbaiti, Esquire
       James B. Greer, Esquire