# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*McKinley v. Great Western Bank*
S.D. Fla. Case No. 1:10-cv-22770-JLK
W.D. Mo. Case No. 4:10-cv-595

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS
AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS

The Parties to the above-captioned action ("Action"), which is currently pending as part of this multidistrict litigation, have agreed to settle the Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release ("Settlement"). The Parties reached the Settlement through arm's-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally and forever resolve, discharge and release their claims in exchange for Great Western Bank's ("GWB" or the "Bank") payment of $2,200,000, inclusive of all attorneys' fees and costs, to create a common fund to benefit the Settlement Class, as well as additional relief as described in the Settlement.

The Settlement has been filed with the Court, and Plaintiff has filed an Unopposed Motion for Preliminary Approval of Settlement, and for Certification of the Settlement Class.

Upon considering Plaintiff's motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative, Settlement Class Counsel and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for the Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter a Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representative and Class Counsel

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Settlement Class:

> All Great Western Bank customers who had one or more Accounts and who, during the Class Period, incurred an Overdraft Fee as a result of Great Western's Debit Re-sequencing.

"Class Period" means June 15, 2004 through and including August 13, 2010 for all members of the Settlement Class, except for those members of the Settlement Class with an Account that was opened in Iowa which period shall be June 15, 2000 through and including August 13, 2010.

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following subdivisions of Federal Rule of Civil Procedure 23:

(a) Numerosity: In this Action, at least thousands of individuals, spread out

- 3 -

across several states, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

    (b)    <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. There are multiple questions of law and fact, centering on GWB's class-wide policies and practices, that are common to the Plaintiff and the Settlement Class, that are alleged to have injured all members of the Settlement Class in the same way, and that would generate common answers central to the viability of the claims were this case to proceed to trial.

    (c)    <u>Typicality</u>: The Plaintiff's claims also are typical of the Settlement Class because they concern the same alleged GWB policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

    (d)    <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the

proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of this Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in this Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

    (e) <u>Predominance and Superiority</u>:  Rule 23(b)(3) is satisfied as well because the common legal and factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With regard to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). The predominance requirement is satisfied here because common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. For example, the relationship between each member of the Settlement Class and GWB is governed by a substantially uniform account

agreement. *See Sacred Heart Health Sys.*, 601 F.3d at 1171 ("It is the form contract, executed under like conditions by all class members, that best facilitates class treatment."). Moreover, each member of the Settlement Class' claims arise from the same or similar alleged GWB policies and practices as well as the same legal theories.

    7.    The Court appoints Michael McKinley as the Class Representative.

    8.    Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following persons and entities as Class Counsel:

> BRUCE S. ROGOW, P.A.
> Bruce S. Rogow, Esq.
> Broward Financial Center
> 500 East Broward Blvd., Ste. 1930
> Fort Lauderdale, FL  33394
> Telephone: (954) 767-8909
>
> PODHURST ORSECK, P.A.
> Aaron S. Podhurst, Esq.
> City National Bank Building
> 25 W. Flagler Street, Suite 800
> Miami, FL  33130
> Telephone: (305) 358-2800
>
> GROSSMAN ROTH, P.A.
> Robert C. Gilbert, Esq.
> 2525 Ponce de Leon, Suite 1150
> Miami, FL  33133
> Telephone: (305) 442-8666
>
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> Michael W. Sobol, Esq.
> Embarcadero Center West
> 275 Battery Street, 29th Floor
> San Francisco, CA  94111
> Telephone:  (415) 956-1000

        BARON & BUDD, P.C.
Russell Budd, Esq.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX  75219
Telephone (214) 521-3605

GOLOMB & HONIK, P.C.
Richard Golomb, Esq.
1515 Market Street, Ste. 1100
Philadelphia, PA  19102
Telephone: (215) 985-9177

TRIEF & OLK
Ted. E. Trief, Esq.
150 East 58th Street, 34th Floor
New York, NY  10155
Telephone (212) 486-6060

WEBB, KLASE & LEMOND, L.L.C.
Edward Adam Webb, Esq.
1900 The Exchange SE, Suite 480
Atlanta, GA  30339
Telephone: (770) 444-9325

KOPELOWITZ OSTROW P.A.
Jeffrey M. Ostrow, Esq.
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100

CHITWOOD HARLEY HARNESS LLP
Darren T. Kaplan, Esq.
1230 Peachtree Street NE
2300 Promenade II
Atlanta, GA 30309
Telephone: (404) 873-3900

9.     The Court appoints the following persons as Settlement Class Counsel:

> Bruce S. Rogow, Esq.
> BRUCE S. ROGOW, P.A.
> Broward Financial Center
> 500 East Broward Blvd., Ste. 1930
> Fort Lauderdale, FL 33394
> Telephone: (954) 767-8909
>
> Aaron S. Podhurst, Esq.
> PODHURST ORSECK, P.A.
> City National Bank Building
> 25 W. Flagler Street, Ste. 800
> Miami, FL 33130
> Telephone: (305) 358-2800
>
> Robert C. Gilbert, Esq.
> GROSSMAN ROTH, P.A.
> 2525 Ponce de Leon, Ste. 1150
> Miami, FL 33133
> Telephone: (305) 442-8666

Preliminary Approval of the Settlement

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between

- 8 -

the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

Approval of Notice and Notice Program and Direction to Effectuate Notice

12.   The Court approves the form and content of Notice, substantially in the forms attached as Exhibits 1, 2 and 3 to the Settlement. The Court further finds that the Notice Program, described in section VIII of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

13.   The Court directs that Epiq Systems, Inc. act as the Settlement Administrator and Hilsoft Notifications act as the Notice Administrator.

14.   The Notice Administrator and Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice attached as Exhibits 1, 2 and 3 to the Settlement and approved by this Order. Notice shall be

provided to the members of the Settlement Class pursuant to the Notice Program, as specified in section VIII of the Settlement and approved by this Order. The Notice Program shall include Mailed Notice, Published Notice, and Long-form Notice on the Settlement Website, as set forth in the Settlement and below.

*Mailed Notice Program*

15.     The Settlement Administrator shall administer the Mailed Notice Program. Within 28 days after the date on which the Settlement Administrator receives from Settlement Class Counsel and GWB the data files that identify the names and last known addresses of the identifiable members of the Settlement Class, as set forth in the Settlement Agreement, the Settlement Administrator shall run such addresses through the National Change of Address Database, and shall mail to all such members of the Settlement Class postcards that contain the Mailed Notice ("Initial Mailed Notice"). To coordinate the Mailed Notice Program with the Published Notice Program, within one business day of its receipt of the data files described above, the Settlement Administrator shall inform the Notice Administrator by e-mail that it has received such data files.

16.     The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. No later than 35 days from the Initial Mailed Notice date, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those members of the Settlement Class whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process").

17.     The Mailed Notice Program (both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than 35 days of the Initial Mailed Notice Date. Within 7 days after the date the Settlement Administrator completes the Notice Re-mailing Process, the Settlement Administrator shall provide Settlement Class Counsel and GWB's

counsel an affidavit that confirms that the Mailed Notice Program was completed in a timely manner. Settlement Class Counsel shall file such affidavit with the Court in conjunction with Plaintiff's Motion for Final Approval of the Settlement.

18. All fees and costs associated with the Mailed Notice Program shall be paid by GWB.

*Published Notice Program*

19. The Notice Administrator shall administer the Published Notice Program, which shall be comprised exclusively of advertisements in major newspaper publications covering the major markets in which GWB Bank operates Branches. The Published Notice Program shall be completed no later than 28 days following the Initial Mailed Notice Date.

20. Within 7 days after the date the Notice Administrator completes the Published Notice Program, the Notice Administrator shall provide Settlement Class Counsel and counsel for GWB with one or more affidavits that confirm that Published Notice was given in accordance with the Published Notice Program. Settlement Class Counsel shall promptly file such affidavit(s) with the Court.

21. All fees and costs associated with the Published Notice Program shall be paid by GWB.

*Settlement Website and Toll-Free Settlement Line*

22. The Settlement Administrator shall establish a Settlement Website as a means for members of the Settlement Class to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Program. The Settlement Website shall include hyperlinks to the Settlement, the Long-form Notice, the Claim Form, this Order, and such other documents as Settlement Class Counsel and counsel for GWB agree to post or that the

- 11 -

Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until Final Approval.

23. The Settlement Administrator shall establish and maintain an automated toll-free telephone line for members of the Settlement Class to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

24. The Settlement Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Program, as set forth in the Settlement Agreement.

Approval of The Initial *Cy Pres* Program

25. While the majority of the Settlement Class is going to be identified through an analysis of certain types of GWB data, based on the Plaintiff's Motion, the Court finds that GWB lacks reasonably accessible data that would permit Class Counsel and their experts to identify the Account holders who were affected by GWB's Debit Re-sequencing practices for Accounts opened before January 1, 2005.

26. To address that limitation, the Parties have agreed to a *cy pres* program whereby a portion of the Settlement Fund, not to exceed between 2% and 5% of the Net Settlement Fund prior to distributions to Settlement Class Members, shall be set aside for payment by the Settlement Administrator to *cy pres* recipients for the benefit of the Unidentifiable Settlement Class Members who were assessed an Overdraft Fee as a result of Debit Re-sequencing on Accounts prior to January 1, 2005, and for whom GWB lacks sufficient information to identify the respective amounts such Unidentifiable Settlement Class Members may be due from the Settlement Fund. The Court find that the Initial *Cy Pres* Program is reasonable and appropriate and approves of the program as described in the Agreement.

Final Approval Hearing, Opt-Outs, and Objections

27. The Court directs that a Final Approval Hearing shall be scheduled on [week of February 4-8] _____, 2013, at _____ a.m./p.m., to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for Plaintiff should be granted.

28. The Court directs that any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long-form Notice at any time during the Opt-Out-Period. To be valid and timely, opt-out requests must be received by all those listed in the Long Form Notice on or before the last day of the Opt-Out Period ("Opt-Out Deadline") and mailed to the address indicated in the Long-form Notice, and must include:

(i) the full name, telephone number and address of the person seeking to be excluded from the Settlement Class;

(ii) a statement that such person wishes to be excluded from the GWB Settlement in *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK; and

(iii) the signature of the person seeking to be excluded from the Settlement Class. The Opt-Out Deadline shall be set no later than 30 days before the Final Approval Hearing, and shall be specified in the Mailed Notice, Published Notice, and Long-form Notice. All persons within the Settlement Class who do not timely and validly opt-out of the Settlement Class shall be bound by the terms of the Settlement.

29. The Court further directs that any person in the Settlement Class who does not timely and validly opt-out of the Settlement Class may object to the Settlement, Class Counsel's

Fee Application and/or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Settlement Class Counsel, and counsel for GWB, at the addresses indicated in the Long-form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than the last day of the Opt-Out Period, as set forth in the Notice. To be valid an Objection must include the following information:

(i) the case name;

(ii) the objector's full name, address, and telephone number;

(iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

(v) the number of times in which the objector has objected to a class action settlement within 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(vi) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(vii) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders or opinions related to or ruling upon counsel's or the firm's prior such objections that were issued by

- 14 -

      the trial and appellate courts in each listed case;

(viii)   any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity;

(ix)   the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(x)   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

(xi)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(xii)   the objector's signature (the objector's counsel's signature is not sufficient).

<u>Further Papers In Support Of Settlement and Fee Application</u>

30.    Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a Service Award no later than 45 days prior to the Final Approval Hearing.

31.    Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and request for Service Award no later than 15 days prior to the Final Approval Hearing. If GWB chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 15 days prior to the Final Approval Hearing.

<u>Effect of Failure to Approve the Settlement</u>

32.    In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing contained in this Order is, or may be construed as, any admission or concession by or against GWB or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar Of Other Proceedings

33. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

34. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following Preliminary Approval and prior to the commencement of the Notice Program;

(ii) The Notice Administrator shall complete the Published Notice Program no later than 28 days following the Initial Mailed Notice Date;

(iii)   The Settlement Administrator shall complete the Mailed Notice Program no later than 35 days following the Initial Mailed Notice Date;

(iv)   Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and Request for a Service Award for Plaintiff, no later than [45 days before the Final Approval Hearing] _____ ___, 2012;

(v)   Members of the Settlement Class must file requests for exclusion from the Settlement by no later than [30 days before the Final Approval Hearing] _____ ___, 2013;

(vi)   Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for a Service Award no later than [30 days before the Final Approval Hearing] _____ ___, 2013;

(vii)   Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee Application and/or the Request for a Service Award no later than [14 days before the Final Approval Hearing] _____ ____, 2013;

(viii)   If GWB chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than [14 days before the Final Approval Hearing] _____ ____, 2013; and

(ix)   The Final Approval Hearing will be held on [week of February 4–8, 2013] _____ ___, 2013, at _____ a.m./p.m. in Courtroom 2 of the James Lawrence King Federal Building and United States Courthouse, in Miami, Florida.

DONE AND ORDERED at the James Lawrence King Federal Building and United States Courthouse in Miami, Florida this \_\_\_\_ day of August 2012.

_____
**JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA**

cc: All Counsel of Record