UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTION

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

**PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO OBJECTION TO FINAL APPROVAL OF SETTLEMENT AND TO APPLICATION FOR SERVICE AWARDS AND FOR ATTORNEYS' FEES AND EXPENSES**

Of the approximately 307,324 Settlement Class Members, only two (2) filed objections to the Settlement, and one of those objections has been withdrawn.[1] (**DE # 2906**). The sole remaining objection – which is devoid of legal authority and without merit[2] – actually supports Plaintiffs' and Class Counsel's requests for Final Approval of the Settlement, class representative Service Awards, and attorneys' fees and expenses. This single objection represents only 0.0003% of the Settlement Class, and such an exceptionally "low percentage . . . points to the reasonableness of a proposed settlement and supports its approval."[3] *Lipuma v.*

---

[1] All capitalized terms have the same meaning as defined in the Agreement (attached as Exhibit A to **DE # 2859**).

[2] By separate motion filed concurrently herewith, Plaintiffs and Class Counsel respectfully request that the Court compel this Objector to comply with the deposition subpoena served upon him, so that Class Counsel can fully explore the basis for and the circumstances surrounding his objection, which appears to have been made for ulterior purposes.

[3] The average number of objections to settlements of consumer class actions is 233. In a settlement of this magnitude, the Court should expect to receive around 165 objections (extrapolating from the average of 4.7 objectors per $1 million in consumer recovery). *See*
(*footnote continued on next page*)

*American Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005).

Moreover, the lone objection filed by Mr. Dallas Stephens makes a false assumption in asking: "How can a settlement be deemed fair if the wrong that was complained of was never righted?" (**DE # 2881 at 1**). The wrong complained of in this action – Union Bank's Debit Re-sequencing – is no longer occurring, thanks in part to Class Counsel's efforts. As the Settlement Agreement states:

> By August 1, 2010, as a result of this litigation and other factors, Union Bank reviewed, evaluated and modified some of its checking account policies and practices with respect to its consumer DDA accounts, ultimately modifying its practices so that debit and ATM transactions in such accounts are generally posted from *lowest to highest* dollar amount.

Agreement ¶ 9 (emphasis added) (**DE # 2859**, **Ex. A at 3**).

Objector Stephens fares no better in asserting that the total recovery "is minimal compared to the number of class members. That's great I'll receive reimbursement for about two overdraft charges, but this does not begin to compensate me for the money that I'm actually out." (**DE # 2881 at 1 – 2**). Mr. Stephens' footnote shows that he thinks he will receive the equivalent of two overdraft fees because he thinks that, to determine individual awards, the total Settlement Fund will simply be divided by the number of Settlement Class Members. (**DE # 2881 at 2 fn. 1**). Not true. Individual awards have been calculated on a *pro rata* basis, based on a transaction-by-transaction analysis of Union Bank's data by Class Counsel's expert, Arthur Olsen. *See* Agreement ¶ 78 (**DE # 2859**, **Ex. A at 24 – 26**). Furthermore, it is the total harm, not the "number of class members," that matters in judging the fairness of a class action settlement.

There can be no doubt that the present Settlement warrants Final Approval because it provides Settlement Class Members with 63% of the most likely aggregated value of their

---

(*footnote continued*)
Theodore Eisenberg & Geoffrey Miller, *The Role of Opt-Outs and Objectors in Class Action Litigation: Theoretical and Empirical Issues*, 57 Vand. L. Rev. 1529 (2004).

claims, without requiring them to take any affirmative step. The $35 million is a very strong recovery secured for Plaintiffs and the Settlement Class, particularly given the risks attendant to further litigation. (**DE # 2859 at 20 – 21, 34 – 38**). *See Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988) (King, J.), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (noting that "[a] settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery.").

Objector Stephens also argues, in conclusory fashion, that the "attorney fees are excessive." (**DE # 2881 at 1**). However, as discussed in Class Counsel's fee application, the thirty percent (30%) request is well within the customary range of fees awarded in common fund cases in this District and Circuit, and is justified in light of the extremely favorable results achieved. (**DE # 2859 at 26 – 42**). Contrary to Mr. Stephens's argument, the Eleventh Circuit adopted the percentage of fund as the exclusive method for awarding fees in common fund class actions, and repudiated the cumbersome lodestar approach which creates a troubling incentive for plaintiffs' counsel to litigate inefficiently to increase the number of hours billed to a case. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1361-63 (S.D. Fla. 2011) (rejecting the same argument made by Objector here, explaining that "[t]he lodestar approach should not be imposed through the back door via a 'cross-check'" as it "creates an incentive to keep litigation going in order to maximize the number of hours included in the court's lodestar calculation.'" (citation omitted)).

Finally, Objector Stephens protests the Preliminary Approval Order – substantially similar to the preliminary approval orders entered in all MDL 2036 settlements to date – that requires objectors to the Settlement to list the grounds for their objections, their prior history of objecting to class action settlements, and what attorney, if any, represents them (**DE #2659 at 13 – 14**). Among other things, these requirements ensure that the basis for an objection to the

Settlement is clear, that the objection represents the genuine views of the objector, and that he or she is not being used as a vehicle to pursue the interests of someone else (such as a professional objector lawyer, *see Checking Account Overdraft*, 830 F. Supp. 2d at 1362 n.30).

Accordingly, for the foregoing reasons, and for the reasons detailed in the Motion for Final Approval (**DE # 2859**), Plaintiffs and Class Counsel respectfully request that the Court overrule the lone objection, grant Final Approval to the Settlement with Union Bank, and approve Class Counsel's request for Service Awards and for attorneys' fees and expenses.

Dated: August 29, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


| | |
|---|---|
| /s/ E. Adam Webb | /s/ Michael W. Sobol |
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141903 | California Bar No. 215348 |
| Matt@WebbLLC.com | rheller@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Jordan Elias, Esquire |
| Georgia Bar No. 141315 | California Bar No. 228731 |
| FLemond@WebbLLC.com | jelias@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | LIEFF CABRASER HEIMANN & |
| 1900 The Exchange, S.E. |   BERNSTEIN L.L.P. |
| Suite 480 | Embarcadero Center West |
| Atlanta, GA 30339 | 275 Battery Street, 30th Floor |
| Tel: 770-444-9325 | San Francisco, CA 94111 |
| Fax: 770-444-0271 | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY 10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596