UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED by ___MC___ D.C.
ELECTRONIC

AUG 31, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 31, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-14319-DD
Case Style: Doris Powell-Perry, et al v. Branch Banking and Trust Compa
District Court Docket No: 1:09-md-02036-JLK
Secondary Case Number: 1:10-cv-20820-JLK

The enclosed judgment is hereby issued as the mandate of this court. The record on appeal will be returned to you at a later date.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued. Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya L. Richardson
Phone #: (404) 335-6176

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 11-14319
_____

District Court Docket Nos.
1:09-md-02036-JLK,
1:10-cv-20820-JLK

In Re: CHECKING ACCOUNT OVERDRAFT LITIGATION

MDL NO. 2036

_____

DORIS POWELL-PERRY,
Individually and on behalf of
all others similarly situated,
CURNIE SANDERS,

                Plaintiffs - Appellees,

versus

BRANCH BANKING AND TRUST COMPANY,

                Defendant - Appellant.

_____

Appeals from the United States District Court for the
Southern District of Florida
_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 31, 2012
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
August 31, 2012

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14319
_____

D.C. Docket Nos. 1:09-md-02036-JLK,
1:10-cv-20820-JLK

In Re: CHECKING ACCOUNT OVERDRAFT LITIGATION

    MDL NO. 2036
_____

DORIS POWELL-PERRY,
Individually and on behalf of
all others similarly situated,
CURNIE SANDERS,

                                                              Plaintiffs - Appellees,

versus

BRANCH BANKING AND TRUST COMPANY,

                                                              Defendant - Appellant.
_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 31, 2012)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Branch Banking and Trust Company ("BB&T"), a commercial bank, appeals the district court's denial of its motion to compel arbitration of a putative class action brought by two of its customers, Doris Powell-Perry and Curnie Sanders (collectively, "Plaintiffs"). Upon review of the district court's order, the arguments set forth in the briefs, after the benefit of oral argument, and having considered our prior precedent on similar matters, we find that the district court erred in not severing the unconscionable cost-and-fee-shifting provision of the arbitration agreement. We therefore affirm the district court's finding in part, reverse in part, and remand to compel arbitration.

I

Plaintiffs allege that BB&T charged them overdraft fees for payments from their checking accounts when the accounts contained sufficient funds to cover the payments. Plaintiffs assert violations of the North Carolina Unfair and Deceptive Trade Practices Act and common law claims of conversion, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Plaintiffs' allegations arise out of the Bank Services Agreement (BSA), which contains BB&T's standard checking account terms. Section B of the BSA is entitled

2

"Arbitration Agreement" and is printed on the first two pages of the document. Section D, entitled "Rules Applicable to All Accounts," includes a paragraph termed "Costs, Damages, and Attorneys' Fees" which is printed on the fourteenth page of the BSA. This paragraph contains a cost-and-fee-shifting provision:

> You agree to be liable to the Bank for *any loss, costs, or expenses,* including, *without limitation*, reasonable attorneys' fees, the costs of litigation, and the costs to prepare or respond to subpoenas, depositions, child support enforcement matters, or other discovery that the Bank incurs as a result of *any dispute* involving your account.

(emphasis added). The paragraph also contains a set-off clause: "You authorize the Bank to deduct any such loss, costs, or expenses from your account without prior notice to you."

The Judicial Panel on Multidistrict Litigation transferred this case to the Southern District of Florida. There, BB&T moved to compel arbitration of Plaintiffs' claims under the Federal Arbitration Act and pursuant to the arbitration provision of the BSA. The district court denied the motion, BB&T appealed, and we remanded the case for reconsideration in light of the Supreme Court's intervening decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. ___, 131 S. Ct. 1740 (2011). On remand, the district court again denied BB&T's motion to

3

compel under North Carolina law.*

In a published opinion, we recently addressed BB&T's appeal from another case in the same Multidistrict Litigation proceeding, *Barras v. Branch Banking & Trust Co*, No. 11-14318, 2012 WL 2617585 (11th Cir. July 6, 2012). There, Lacy Barras filed a putative class action against BB&T and brought claims based on the BSA. In *Barras*, a panel of this court applied South Carolina law, *id.* at *1 n.5, and found the BSA's cost-and-fee-shifting provision was (1) part of the arbitration provision, (2) unconscionable, and (3) severable from the arbitration provision of the BSA, *id.* at *9.

In this appeal, BB&T raises the same objections to the district court's dismissal as it did in *Barras*. Namely, BB&T argues:

> (1) that the question of whether the arbitration provision is enforceable must be resolved by an arbitrator; (2) that the cost-and-fee-shifting provision in the agreement that the district court held unconscionable does not apply to the arbitration provision; (3) that *Concepcion* prohibits application of [North Carolina's] unconscionability doctrine to the arbitration provision; (4) that the cost-and-fee-shifting provision, in any event, is not unconscionable; and (5) that the cost-and-fee-shifting provision is severable from the arbitration provision.

*Id.* at *1.

---

*The district court ruled that the arbitration agreement is governed by North Carolina law. Neither party contests this ruling on appeal.

4

II

We review a district court's denial of a motion to compel arbitration *de novo*. *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 873 (11th Cir. 2005). Under the prior precedent rule, "we are bound to follow a binding prior precedent unless and until it is overruled by this Court en banc or by the Supreme Court." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010).

III

This case and *Barras* share a procedural and pleading history, so we are bound by the panel's decision in *Barras* insofar as it applies federal law. Therefore, we find that BB&T waived its right to arbitrate the threshold issue of unconscionability, *Barras*, 2012 WL 2617585, at *2, and that Plaintiffs failed to adequately present their proposed alternate grounds for affirmance to the district court, *id.* at *9 n.20. We also reject as unfounded Plaintiffs' contention that the purported moratorium on consumer-related disputes by the American Arbitration Association ("AAA") would prevent arbitration of this claim. *Id.* (citing 9 U.S.C. § 5).

IV

Upon review, we find that the district court properly applied North Carolina

5

law when it found the cost-and-fee-shifting provision of the BSA unconscionable.

First, the district court properly found that the cost-and-fee-shifting provision formed a part of the arbitration agreement under North Carolina's principles of contract interpretation. *See Robbins v. C.W. Myers Trading Post, Inc.*, 117 S.E.2d 438, 440–41 (N.C. 1960) (stating that each clause is considered in a contract and that all parts of the contract are to be given effect); *Int'l Paper Co. v. Corporex Constructors, Inc.*, 385 S.E.2d 553, 555–56 (N.C. Ct. App. 1989) (same).

Second, the district court properly considered *Concepcion* before applying North Carolina's defense of unconscionability to the BSA. Under *Concepcion*, a court can only apply a state contract defense to an arbitration agreement if the defense is generally applicable to all contracts, and does not only "derive [its] meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 131 S. Ct. at 1746. North Carolina unconscionability law is properly applied to the BSA because it is generally applicable to all contracts. *See, e.g.*, *Tillman v. Commercial Credit Loans, Inc.*, 655 S.E.2d 362, 370, 374 (N.C. 2008) (plurality opinion) (arbitration); *Brenner v. Little Red Sch. House, Ltd.*, 274 S.E.2d 206, 211 (N.C. 1981) (school contract); *Dawbarn v. Dawbarn*, 625 S.E.2d 186, 190 (N.C. Ct. App. 2006) (postnuptial agreement); *King v. King*, 442 S.E.2d 154, 157 (N.C.

6

Ct. App. 1994) (divorce agreement); *Rite Color Chem. Co., Inc. v. Velvet Textile Co.*, 411 S.E.2d 645, 647–50 (N.C. Ct. App. 1992) (business contract).

Finally, the district court did not err in determining that the cost-and-fee-shifting provision of the arbitration agreement is unconscionable under North Carolina law. The cost-and-fee-shifting provision of this contract, which requires the BB&T customer to pay the bank's costs in any dispute between the customer and the bank regardless of who prevails, is "so oppressive that no reasonable person would," on the one hand, include it in a contract, "and no honest and fair person would accept [it] on the other." *Brenner*, 274 S.E.2d at 210. The cost-and-fee-shifting provision is harsh, one-sided, oppressive, and contains an element of surprise so as to "shock the judgment of a person of common sense." *Tillman*, 655 S.E.2d at 369 (plurality opinion); *id.* at 374 (Edmunds, J., concurring); *Brenner*, 274 S.E.2d at 213. Thus, we affirm the district court's finding that the cost-and-fee-shifting provision was unconscionable under North Carolina law.

## V

The district court erred when it determined that: (1) BB&T waived its right to enforce the severability provision of the BSA, and (2) the set-off provision of the BSA was unconscionable. We address each issue in turn.

## A

7

North Carolina allows for severance of a contract clause. "If the contract is separable . . . and one part is reasonable, the courts will enforce the reasonable provision." *Whittaker Gen. Med. Corp. v. Daniel*, 379 S.E.2d 824, 828 (N.C. 1989); *see also* N.C. Gen. Stat. § 25-2-302(1) ("If the court as a matter of law finds . . . any clause of the contract to have been unconscionable at the time it was made the court may . . . enforce the remainder of the contract without the unconscionable clause . . . ."). A contract provision is severable when the enforceable provisions "are in no way dependent upon the enforcement of the illegal provision for their validity." *Am. Nat'l Elec. Corp. v. Poythress Commercial Contractors, Inc.*, 604 S.E.2d 315, 317 (N.C. Ct. App. 2004) (quoting *Rose v. Materials Co.*, 194 S.E.2d 521, 532 (N.C. 1973)). The arbitration provision of the BSA may operate independently of the unconscionable cost-and-fee-shifting provision because the rules of the AAA govern all aspects of an arbitration, including cost apportionment. Thus, the arbitration provision is still enforceable even without the cost-and-fee-shifting provision. *Cf. Barras*, 2012 WL 2617585, at *9 (applying South Carolina law).

> [The AAA] rules operate wholly independently of the cost-and-fee-shifting provision and would not be impaired by invalidating the cost-and-fee-shifting provision. Thus, the cost-and-fee-shifting provision does not pervade the arbitration agreement such that enforcing the arbitration provision without the cost-and-fee-shifting provision

would be impossible or would render the arbitration provision ineffectual.

*Id.* at * 9 (alteration and internal quotation marks omitted).  Accordingly, we find that the unconscionable cost-and-fee-shifting provision of the BSA severable from the arbitration provision.

### B

Plaintiffs argue that the set-off provision is unconscionable under North Carolina law.  However, North Carolina banking law allows banks to set off debts owed by the depositor against funds in the account.  N.C. Gen. Stat. § 25-9-340(a); *Roberts v. First-Citizens Bank & Trust Co.*, 478 S.E.2d 809, 812 (N.C. Ct. App. 1996).  Because the set-off provision is explicitly permitted by North Carolina law, the set-off provision is not unconscionable.

### VI

We affirm the district court's determination that the unconscionable cost-and-fee-shifting provision forms a part of the arbitration agreement, and reverse the district court's refusal to sever unconscionable sentence.  We also reverse the district court's determination that the set-off provision is unconscionable.  Therefore, we  reverse the district court's dismissal of BB&T's motion and remand it with instructions to sever the unconscionable clause and compel

9

arbitration.

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions.**

10