UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

MDL No. 2036

---

**THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION**

*Shane Swift v. BancorpSouth, Inc.*
S.D. Fla. Case No. 1:10-cv-23872-JLK

**RESPONSE IN OPPOSITION TO BANCORPSOUTH BANK'S
MOTION FOR COURT TO DEFER CONSIDERATION OF
PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff Shane Swift, on behalf of himself and the certified class ("Plaintiffs"), and Plaintiffs' Co-Lead Counsel, Plaintiffs' Coordinating Counsel and Plaintiff' Executive Committee in MDL 2036 (collectively, the "PEC"), oppose BancorpSouth Bank's Motion for Court to Defer Consideration of Plaintiff's Motion for Sanctions ("Motion" or "Mot.") (**DE # 2908)**, which addresses the Motion for Sanctions (**DE # 2791**). As discussed below, none of the grounds asserted for deferring consideration of the Motion for Sanctions have merit.[1] Therefore, the Motion to Defer should be denied.

First, awaiting the conclusion of all pretrial proceedings in this action will not serve to undo the prior conduct and rule violations by BancorpSouth Bank and its counsel (collectively,

---

[1] BancorpSouth also filed a Motion for Hearing on Plaintiff's Motion for Sanctions.  (**DE # 2910**). Plaintiffs and the PEC are filing a separate response to that motion.

"BancorpSouth"). BancorpSouth refers to the potential for a settlement with the *Swift* class (Mot. at 2), yet the parties unsuccessfully mediated this case to impasse on August 10, 2012. Thus, there are no ongoing settlement discussions. The sanctionable conduct that is the subject of the Motion for Sanctions should not go unchecked. Prompt resolution of those issues will go a long way toward curbing future violations of this Court's rules in this action. BancorpSouth's conduct placed great financial and time burdens on this Court and the PEC, which resources would have been better used focusing on the merits of this class action lawsuit and advancing this action toward trial. Deferring consideration of the Motion for Sanctions will only serve to reward BancorpSouth's misconduct.

Second, the technical subject matter jurisdiction question the Eleventh Circuit raised *sua sponte* in the proceedings mentioned in the Motion to Defer does not obviate the importance of considering and resolving whether conduct by BancorpSouth is deserving of sanctions imposed by this Court.[2] This Court granted injunctive relief due to BancorpSouth's failure to timely notify this MDL Court, the JPML, and the PEC of the existence of a competing federal overdraft class action until after preliminary approval of that "settlement" had been obtained. Where one or more violations of Court rules occurs during the pendency of litigation, the Court clearly has jurisdiction to address those violations regardless of whether a subject matter jurisdiction issue directed at the underlying merits of the litigation arises. *See Willy v. Coastal Corporation*, 503 U.S. 131, 139 (1992) (concluding that interest in having rules of procedure obeyed does not disappear upon a subsequent determination that the court was without subject matter jurisdiction); *see also Ratliff v. Stewart*, 508 F.3d 225 (5th Cir. 2007) (applying *Willy* to a claim

---

[2] After the Eleventh Circuit raised the jurisdictional question, this Court granted leave to amend the Second Amended Complaint by interlineation to allow Plaintiff to cure the pleading deficiency concerning the subject matter jurisdiction allegations in that pleading. (**DE # 2826**).

for sanctions pursuant to 28 U.S.C. § 1927); *Keller v. Mobil Corp.*, 55 F.3d 94 (2nd Cir. 1995) (same); *Zapata v. Flintco, Inc.*, Case No. 2:09-cv-03555- GEB, 2012 WL 260027 (E.D. Cal. Jan. 25, 2012) (noting court's jurisdiction to award sanctions for violations of 28 U.S.C. § 1927 and pursuant to court's inherent authority despite lack of subject matter jurisdiction over the merits).

Finally, similar to the subject matter jurisdiction issue, the pending appeal of the Injunction does not justify delaying resolution of the sanctions issue. BancorpSouth is arguing that the Injunction became moot by happenstance. Plaintiffs and the PEC believe instead that BancorpSouth caused the Injunction to become moot when it terminated the *Thomas* settlement after Judge Dawson *sua sponte* vacated his order of preliminary approval and transferred *Thomas* to this Court. After that occurred, Plaintiffs moved to dismiss the Injunction appeal as moot so that the Injunction remains in effect. The Injunction served its purpose. Whether or not the Injunction is dismissed or vacated as moot, the rule violations which prompted the Injunction still warrant sanctions. BancorpSouth's apparent position that the sanctionable conduct disappears just because the Injunction is dismissed or vacated as moot is untenable.

Accordingly, Plaintiffs and the PEC respectfully submit that this Court should deny BancorpSouth's Motion to Defer and should proceed with consideration and resolution of the pending Motion for Sanctions.

Dated: September 4, 2012.

Respectfully submitted,

| | |
|---|---|
| /s/ Aaron S. Podhurst | /s/ Bruce S. Rogow |
| Aaron S. Podhurst, Esquire | Bruce S. Rogow, Esquire |
| Florida Bar No. 063606 | Florida Bar No. 067999 |
| apodhurst@podhurst.com | brogow@rogowlaw.com |
| Robert C. Josefsberg, Esquire | Bruce S. Rogow, P.A. |
| Florida Bar No. 40856 | Broward Financial Center |
| rjosefsberg@podhurst.com | 500 East Broward Boulevard |
| Steven C. Marks, Esquire | Suite 1930 |
| Florida Bar No. 516414 | Fort Lauderdale, FL  33394 |
| smarks@podhurst.com | Tel: 954-767-8909 |
| Peter Prieto, Esquire | Fax: 954-764-1530 |
| Florida Bar No. 501492 | |
| pprieto@podhurst.com | |
| Stephen F. Rosenthal, Esquire | |
| Florida Bar No. 0131458 | |
| srosenthal@podhurst.com | |
| John Gravante, III, Esquire | |
| Florida Bar No. 617113 | |
| jgravante@podhurst.com | |
| PODHURST ORSECK, P.A. | |
| City National Bank Building | |
| 25 W. Flagler Street, Suite 800 | |
| Miami, FL 33130-1780 | |
| Tel: 305-358-2800 | |
| Fax: 305-358-2382 | |

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


| | |
|---|---|
| /s/ E. Adam Webb | /s/ Michael W. Sobol |
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141903 | California Bar No. 215348 |
| Matt@WebbLLC.com | rheller@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Jordan Elias, Esquire |
| Georgia Bar No. 141315 | California Bar No. 228731 |
| FLemond@WebbLLC.com | jelias@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | LIEFF CABRASER HEIMANN & |
| 1900 The Exchange, S.E. |   BERNSTEIN L.L.P. |
| Suite 480 | Embarcadero Center West |
| Atlanta, GA 30339 | 275 Battery Street, 30th Floor |
| Tel: 770-444-9325 | San Francisco, CA 94111 |
| Fax: 770-444-0271 | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

| | |
|---|---|
| /s/ Russell W. Budd<br>Russell W. Budd, Esquire<br>Texas Bar No. 03312400<br>rbudd@baronbudd.com<br>Bruce W. Steckler, Esquire<br>Texas Bar No. 00785039<br>bsteckler@baronbudd.com<br>Mazin A. Sbaiti, Esquire<br>Texas Bar No. 24058096<br>msbaiti@baronbudd.com<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX 75219<br>Tel: 214-521-3605<br>Fax: 214-520-1181 | /s/ David S. Stellings<br>David S. Stellings, Esquire<br>New York Bar No. 2635282<br>dstellings@lchb.com<br>LIEFF CABRASER HEIMANN &<br>  BERNSTEIN L.L.P.<br>250 Hudson Street<br>8th Floor<br>New York, NY  10013<br>Tel: 212-355-9500<br>Fax: 212-355-9592 |
| /s/ Ruben Honik<br>Ruben Honik, Esquire<br>Pennsylvania Bar No. 33109<br>rhonik@golombhonik.com<br>Kenneth J. Grunfeld, Esquire<br>Pennsylvania Bar No. 84121<br>kgrunfeld@golombhonik.com<br>GOLOMB & HONIK, P.C.<br>1515 Market Street<br>Suite 1100<br>Philadelphia, PA 19102<br>Tel: 215-985-9177<br>Fax: 215-985-4169 | /s/ Ted E. Trief<br>Ted E. Trief, Esquire<br>New York Bar No. 1476662<br>ttrief@triefandolk.com<br>Barbara E. Olk, Esquire<br>New  York Bar No. 1459643<br>bolk@triefandolk.com<br>TRIEF & OLK<br>150 E. 58th Street<br>34th Floor<br>New York, NY 10155<br>Tel: 212-486-6060<br>Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596