UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL. No. 2036

**THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION**

*Shane Swift v. BancorpSouth, Inc.*
N.D. Fla. Case No. 1:10-cv-00090-SPM
S.D. Fla. Case No. 1:10-cv-23872-JLK

## ORDER GRANTING DEFENDANT BANCORPSOUTH, INC.'S MOTION FOR EVIDENTIARY HEARING

Plaintiff's Executive Committee, acting on behalf of Shane Swift in the above-styled case sought, on June 26, 2012 (D.E. #2791) a Motion for Sanctions Against Defendant BancorpSouth and its counsel of record for an alleged attempt to undermine this Court's authority and the Multidistrict Judicial Process in the above-styled case.[1]

On August 24, 2012, (D.E. #2910), Defendant BancorpSouth moved for an evidentiary hearing asserting ". . .BancorpSouth and its counsel may argue, offer evidence and cross examine Plaintiff's evidence of bad faith and alleged sanction where the conduct, if any." To this, the PEC responded indicating no opposition to such a hearing

---

[1] Defendant BancorpSouth, Inc. filed its Response in Opposition to the Motion for Sanctions on August 24, 2012 (D.E. #2909). Plaintiff's Reply through its Executive Committee was filed on September 4, 2012 (D.E. #2936).

but requesting an opportunity to conduct certain basic discovery in advance of the hearing. The Response was filed September 4, 2012 (D.E. #2937). The PEC listed in said Motion (D.E. #2937) a list of witnesses and documents needed as discovery by Plaintiff for use at any evidentiary hearing. The Defendant had requested from the Plaintiff Executive Committee to Defendant had been served on August 28, 2012 according to Plaintiff's Response. As of this date, Defendant has not replied indicating either their willingness to voluntarily furnish the information sough by the Plaintiffs and/or their objections thereto.[2]

Plaintiffs have moved for a suggested date for the evidentiary hearing sought by Defendant of early October, thus giving them time to conduct the necessary discovery in preparation for the hearing. This is based on the assumption that the documentary evidence and list of witnesses will be furnished voluntarily. If this assumption is not correct, Plaintiffs indicate that they would seek a delay in the evidentiary hearing to work through the process of compelled discovery. (D.E. #2937, pp. 2-3)

The Court believes that it will be helpful to the parties to have an indication of the thinking of the Court with respect to whether or not Defendant's Motion for Hearing (D.E. #2910) would be granted.

---

[2] The Reply time for Defendant to Reply has not expired. Defendant also has pending a Motion to Defer Consideration of Plaintiff's Motion for Sanctions (D.E. #2908) filed August 24, 2012.

2

Consideration of the foregoing and review of the record of the litigation between the parties as reflected by the procedural history of events prior to April 30, 2012 as set forth in this Court's Order denying Bancorp South's Motion for Stay (D.E. #2666), impels a conclusion that a hearing on Plaintiff's Motion for Sanctions should be granted. With respect to the dates for the conducting of discovery and the time and date of the evidentiary hearing, that will, obviously, depend in part upon the Defendant's position regarding whether or not the discovery can be completed (as suggested as a possibility in Plaintiff's Response (D.E. #2937)) voluntarily. The Court can schedule a hearing in early October for this purpose (evidentiary hearing) provided the discovery can be completed on that schedule.

It therefore is appropriate to await the Reply of Defendant Bancorp South to Plaintiff's Response (D.E. #2937) wherein the Defendant will indicate the time that it needs for discovery, prior to actually setting a hearing.

The purpose of this Order is to advise counsel that there will be an evidentiary hearing as requested by Defendant, but the date will not be set at this time, pending Defendant's Response on the question of the voluntary nature of the discovery.

It is therefore, ORDERED, ADJUDGED and DECREED that Defendant BancorpSouth's Motion for an Evidentiary Hearing (D.E. #2910) filed August 24, 2012 be, and the same is hereby GRANTED. The date of said hearing will be scheduled after receiving BancorpSouth's statement of its position regarding the necessity for discovery

and the time necessary to conduct that discovery period prior to the evidentiary hearing. Defendant's Reply to Plaintiff's Response shall be filed on or before Friday, September 14, 2012. It is further

ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion to Defer Consideration of the Sanctions Issue until after the Eleventh Circuit has concluded certain appellate matters and ". . . until the conclusion of all other coordinated pretrial matters" filed August 24, 2012 (D.E. #2908)[3] be and the same is hereby DENIED.

DONE AND ORDERED at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 7th day of September, 2012.

                               _____
                               JAMES LAWRENCE KING
                               UNITED STATES DISTRICT JUDGE
                               SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

---

[3] This Motion was responded to by Plaintiff in its PEC on September 4, 2012 (D.E. #2938).

4