UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
MDL No. 2036 )

THIS DOCUMENT RELATES ONLY TO: )
)
*Johnson v. KeyBank National Association* )
S.D. Fla. Case No. 1:10-CV-21176-JLK )

**KEYBANK'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO CONDUCT LIMITED ARBITRATION DISCOVERY FOLLOWING
REMAND FROM ELEVENTH CIRCUIT**

Plaintiff David M. Johnson's ("Johnson") request to conduct arbitration-related discovery even *before* Johnson has first asserted a challenge specific to the delegation clause contained within KeyBank's Arbitration Provision violates both the holding of *Rent-A-Center*, *West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010) and the Eleventh Circuit's mandate that *Rent-A-Center* shall be taken into consideration on this remand.  By order of the Eleventh Circuit, this Court must consider the impact of *Rent-A-Center* on Johnson's challenge to the enforceability of KeyBank's Arbitration Provision.[1]  *Rent-A-Center* requires that a determination of whether or not an arbitration provision is unconscionable must itself go to arbitration where the parties have

---

[1] Were the remand from the Eleventh Circuit solely for further consideration of *AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740 (2011) and *Cruz v. Cingular Wireless, LLC*, 647 F.3d 1205 (11th Cir. 2011), KeyBank agrees that Johnson's proposed request to conduct limited arbitration-related discovery would be in accord with this Court's previous rulings permitting arbitration-related discovery in other cases that have been remanded by the Eleventh Circuit.  The inclusion of *Rent-A-Center* in this remand calls for a different outcome as explained herein.

10336359.1

delegated disputes over the enforceability of the arbitration provision to the arbitrator, *unless* that so-called "delegation clause" is itself challenged as unconscionable. *Id.* To-date, Johnson has not asserted an unconscionability challenge specific to the delegation clause within KeyBank's Arbitration Provision. Unless and until he does, the delegation clause must be treated as valid and enforceable, meaning that Johnson's claim that KeyBank's Arbitration Provision, as a whole, is unconscionable must be decided by an arbitrator. Johnson will first need to articulate reasons why the delegation clause within KeyBank's Arbitration Provision is unconscionable, permitting KeyBank an opportunity to respond and then this Court to rule, and until he does, Johnson has no right to sidestep *Rent-A-Center*, violate the Eleventh Circuit's mandate, and engage KeyBank and this Court in further litigation by conducting discovery pertaining to the unconscionability of KeyBank's Arbitration Provision <u>as a whole</u>. That determination belongs in arbitration.

## ARGUMENT

A threshold arbitrability question is raised by the delegation clause contained in KeyBank's Arbitration Provision that calls for a summary and speedy disposition **before** the parties engage in discovery, in court, on the issue of whether the Arbitration Agreement, as a whole, is invalid. Under *Rent-A-Center*, in order to avoid arbitration, Johnson must first lodge a specific challenge to the validity of the delegation clause within KeyBank's Arbitration Provision. Johnson has yet to do that. When the parties initially briefed this Court both in support and in opposition to KeyBank's original motion to compel arbitration, [ECF No. 425], unconscionability challenges to arbitration provisions were always decided by the courts and not the arbitrator, *even where* the arbitration provision expressly delegated the determination of enforceability to the arbitrator. *Jackson v. Rent-A-Center, West, Inc.*, 581 F.3d 912 (9th Cir. 2009), *rev'd*, *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010); *Luna v. Household Finance Corporation III*, 236 F. Supp. 2d 1166, 1173 (W.D. Wash. 2002) (a court must decide

the question of unconscionability even where the arbitration provision provides that issues of validity or enforceability shall be resolved by arbitration).

*Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010), which was rendered just five days after this Court ruled on KeyBank's original motion to compel arbitration, changed that law. Because KeyBank had already filed its notice of appeal, KeyBank promptly filed a Rule 62.1 motion for indicative ruling as soon as the law regarding unconscionability challenges to arbitration provisions containing delegation clauses was changed by the U.S. Supreme Court's decision in *Rent-A-Center*. [ECF No. 680]. Johnson opposed KeyBank's motion for indicative ruling, arguing that *Rent-A-Center* was not new law and that in any event KeyBank had <u>waived</u> its right to assert the delegation clause by not raising it sooner. On August 2, 2010, this Court declined the opportunity to reconsider the impact of *Rent-A-Center* on its order denying KeyBank's motion to compel arbitration, stating that "the Court finds that the best procedure in this Multi-District Litigation is to leave the issue [regarding the impact of *Rent-A-Center*] in the capable hands of the Eleventh Circuit." [ECF No. 739]. At the time of KeyBank's motion for indicative ruling, the *only* litigation expenditure by Johnson was his response brief challenging KeyBank's Arbitration Provision on unconscionability grounds, an expenditure that Johnson would have incurred anyway if an arbitrator were deciding this issue. Johnson also did not request any discovery when he first opposed KeyBank's motion to compel arbitration, and this Court did not require a more developed record when ruling on KeyBank's original motion to compel arbitration over 2 ½ years ago.

On appeal, KeyBank briefed the argument that the delegation clause embedded within its Arbitration Provision required reversal of this Court's order under *Rent-A-Center*. Johnson argued on appeal that the *Rent-A-Center* argument had been waived. By instructing this Court to now consider *Rent-A-Center* on remand, the Eleventh Circuit has rejected Johnson's waiver

argument, otherwise there would be no reason to consider *Rent-A-Center* on remand. The burden is on Johnson to lodge a specific unconscionability challenge to the delegation clause, something Johnson has yet to do. Should Johnson claim a need for limited discovery in order to successfully establish that KeyBank's delegation clause (within the Arbitration Provision) is itself unconscionable, Johnson can make that request <u>after</u> he first raises such a challenge. Johnson has yet to identify a reason to revoke the delegation clause and, until he does, his challenge to the arbitration provision as a whole *must be made in arbitration.* The FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S.1, 24-25 (1983). "It was 'Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Bell v. Koch Foods of Miss., LLC*, 358 Fed Appx. 498, 500-01 (5th Cir. 2009) (quoting *Moses H. Cone Memorial Hospital*, 460 U.S. at 22). Engaging KeyBank in arbitration-related discovery in the judicial forum **before** lodging a challenge specific to the delegation clause runs counter to the FAA and Congress's clear intent, and also runs counter to the Eleventh Circuit's mandate to consider *Rent-A-Center*, and should not be allowed if the only unconscionability challenge Johnson is going to lodge is directed to KeyBank's Arbitration Provision as a whole.

## **WASHINGTON LAW MAY NO LONGER GOVERN**

If Johnson does intend to lodge a specific challenge to KeyBank's delegation clause on grounds that it is unconscionable, Johnson will need to advance a new reason why this Court should disregard the Ohio choice-of-law provision that is contained in the subject Deposit Account Agreement. Previously, Johnson argued, and this Court found, that application of Ohio law to resolve the issue of unconscionability would violate Washington's strong public policy against class action waivers in arbitration agreements. After *AT&T Mobility, LLC v.*

*Concepcion*, 131 S.Ct. 1740 (2011), Washington's strong public policy against class action waivers in the context of small-dollar consumer disputes is preempted by the Federal Arbitration Act, and the governing Ohio choice-of-law provision no longer violates a valid public policy of Washington. Under Ohio law, Johnson will need to establish that the delegation clause is <u>both</u> procedurally <u>and</u> substantively unconscionable, a difficult feat in light of the "opt-out" right within KeyBank's Arbitration Provision. Johnson has yet to lodge a challenge to KeyBank's delegation clause under Ohio law, or Washington law. Until he does, arbitration-related discovery in this forum is premature, at best, if not entirely unnecessary.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to conduct arbitration-related discovery even before the parties have briefed the applicability of *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010) should be denied without prejudice. Unless and until Plaintiff mounts a challenge specific to the delegation clause contained within KeyBank's Arbitration Provision, no discovery should be conducted in Court. Should Plaintiff demonstrate a need for discovery to support a challenge that the delegation clause is itself unconscionable, the motion can be renewed at that time.

Dated:  September 7, 2012                              Respectfully submitted,

                                                     ARNSTEIN & LEHR LLP
                                                   200 East Las Olas Boulevard, Suite 1700
                                                   Fort Lauderdale, Florida  33301
                                                   Telephone:  (954) 713-7600
                                                   Facsimile:  (954) 713-7700

                                                   By: <u>/s/  John M. Cooney</u>
                                                    Fla. Bar No. 854451
                                                   jmcooney@arnstein.com
                                                   Alan G. Kipnis, Esq.
                                                   Fla. Bar No. 181788
                                                   agkipnis@arnstein.com

10336359.1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  John M. Cooney
John M. Cooney

10336359.1