UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Simmons, et al. v. Comerica Bank,*
N.D. Tex. Case No. 3:10-cv-326-0
S.D. Fla. Case No. 1:10-cv-22958

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION TO COMPEL AND FOR SANCTIONS
AND INCORPORATED MEMORANDUM OF LAW**

**I. Introduction.**

Comerica's opposition opens by accusing Plaintiffs of filing an "utterly baseless and bad faith Motion to Compel and for Sanctions."[1] Comerica describes these as "caustic words" that the Bank "ordinarily would not use."[2] Recent history suggests otherwise. In an interlocutory appeal that it filed just two weeks ago, Comerica told the Eleventh Circuit that these MDL proceedings are "hopelessly confused."[3] It went on to say that this Court has "openly resorted to simply recycling its prior orders,"[4] has

---

[1] *See* Response to Plaintiffs' Motion to Compel and for Sanction (DE # 2933) ("Def. Mem.") at 1; Motion to Compel and For Sanctions (DE # 2911) ("Pltf. Mem.").
[2] Def. Mem. at 1.
[3] See Exhibit 1 at 20.
[4] *Id.* at 18.

"abdicated its duty to perform a rigorous analysis,"[5] and has made "a mockery of the Rule 23 requirement of ascertainbility…"[6] by resorting to an "'easy button' approach to class treatment…"[7] Comerica's conduct in this litigation, and in particular the vitriol that is finding its way into the Bank's pleadings, is inconsistent with its obligations to the Court and Plaintiffs. Whatever it thinks of the claims against it, Comerica is still bound by the code of civility and the rules regarding discovery.

We will not burden this Court[8] with a point by point refutation of Comerica's patently false and misleading descriptions of these proceedings. Instead, we will focus on the factual and legal inaccuracies regarding discovery that plague Comerica's opposition brief. Comerica's search for e-mails consisted of nothing more than an incomplete, subjective employee self-directed collection process, with no follow up. Plaintiffs cited cases finding this approach insufficient under the circumstances, and Comerica either ignores or fails to meaningfully distinguish them. The Bank's discovery conduct also cannot be squared with the binding requirement contained in the ESI Protocol, which provides that the parties shall conduct a "reasonable and diligent" search. And, as explained below, the documents that Plaintiffs' counsel already agreed to receive without waiver of Comerica's attorney client privilege or work product rights – but still has not received to date – cannot change this fact. For the reasons that follow, Plaintiffs' motion should be granted.

---

[5] *Id.* at 9.
[6] *Id.* at 16.
[7] *Id.* at 18.
[8] Plaintiffs addressed Comerica's false claims about these MDL proceedings in their FED. R. CIV. P. 23(f) opposition filed in the Eleventh Circuit earlier this week.

## II. Argument.

**A.   Comerica Did Not Perform an Adequate Search for Responsive E-mails Requested by Plaintiffs.**

Comerica attempts to defend itself by relying on the Stipulated Discovery Plan and [Proposed] Order for Electronically Stored Information ("ESI Protocol").[9]  Rather than supporting Comerica's argument, the ESI Protocol undermines it.  Specifically, the ESI Protocol provides that "[e]ach party shall make a reasonable and diligent effort to search for and collect reasonably accessible and responsive ESI from each of its designated custodian's e-mail systems utilized during the relevant time period…"[10]  That plainly did not occur here: the witness Comerica designated pursuant to FED. R. CIV. P. 30(b)(6) testified that the Bank left it entirely up to each of the custodians to produce those e-mails they deemed relevant and worthy of sending to the legal department.[11]  This witness also testified that she was not aware of any policing or follow up done (even for custodians that produced nothing), and if any such policing was done her team probably would have done it.[12]  Plaintiffs cited two cases in their opening brief that specifically found it insufficient for counsel to merely notify custodians of a litigation hold and then expect that they will produce responsive materials;[13] Comerica does not even address

---

[9] *See* Exhibit A to Declaration of Kenneth C. Johnston (DE # 2933-1).

[10] *Id.* at § (1)(d).  Comerica's suggestion that the ESI Protocol expressly "leaves the specific manner of the collection to each party's discretion" is incorrect.  *See* Def. Mem. at 3.  The ESI Protocol does not authorize the subjective employee self-directed collection utilized by Comerica, and states that "[e]lectronic mail shall be produced along with attachments…if any part of the message or any attachment is responsive, relevant and not privileged."  *See* ESI Protocol at § (2)(b).

[11] *See* Pltf. Mem. at 5  (citing Green Tr. at 39:1-4).

[12] *See id.* at 5 (quoting Green Tr. at 26:6-11).

[13] *See id.* at 12 (citing *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 664 (M.D. Fla. 2007); *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 432 (S.D.N.Y. 2004)) ("In short, it is not sufficient to notify all employees of a litigation hold and expect that the party will then retain and produce all relevant information.  Counsel must take affirmative steps

either case in its opposition.

Comerica's response also makes no effort to address or refute Ms. Green's unambiguous testimony that the only e-mails produced to Plaintiffs' counsel were those that the custodians subjectively deemed to be relevant, and that there was no follow up done on this process.[14] Comerica's reliance on the fact that the parties agreed upon a list of search terms to be used in searching for responsive materials is misguided because the universe of documents that were searched with these terms was incomplete from the outset.[15]

Comerica also now claims that the FED. R. CIV. P. 30(b)(6) deposition was a "farce."[16] But the Bank's attempt to distance itself from the testimony of the witness it proffered in response to Plaintiffs' Rule 30(b)(6) deposition notice falls short. Comerica acknowledges that the witness it chose to designate, an employee of the Bank for 21 years, coordinated the technical processes of its "storage and collection of electronic information in [this and other] litigation."[17] She was clearly knowledgeable about the process by which Comerica gathered and produced e-mails in this case.[18] Comerica does

---

to monitor compliance so that all sources of discoverable information are identified and searched.").

[14] *See id.*

[15] *See* Def. Mem. at 3. Similarly misguided is Comerica's reliance on the fact that its counsel provided Plaintiffs with a list of 31 core and non-core custodians, to which Plaintiffs later agreed. Contrary to Comerica's description (*see* Def. Mem. at 7), what Plaintiffs described as "inexplicable" is that – unbeknownst to Plaintiffs' counsel until they recently took the deposition of Comerica's Rule 30(b)(6) witness – the Bank's in-house counsel apparently identified a list of custodians that was twice the size of this agreed upon custodian list, yet only about 20 of them received instructions to produce e-mails they, subjectively, thought were relevant. *See* Green Tr. at 28:5-19; Pltf. Mem. at 5.

[16] Def. Mem. at 11.

[17] Def. Mem. at 4-5; *see also* Pltf. Mem. at 4.

[18] This topic is clearly encompassed by topic no. 2 in Plaintiffs' first deposition notice, and topic no. 1 of the second. *See* Def. Mem. at 4-5. Comerica criticizes Plaintiffs for

4

not dispute this point, and the unrelated portion of the transcript where she was unable to address specific discovery requests does not change it.[19]  If Comerica truly harbored these concerns prior to the deposition, it could have postponed or canceled it; since it did not, the Bank must now live with this testimony.[20]

**B.      Plaintiffs' Motion Was Not Filed Prematurely.**

Pursuant to the operative scheduling order in this case, the parties have only 90 days from the Court's August 10, 2012 class certification order to complete the remaining fact discovery.[21]  Despite the fact that Plaintiffs' counsel met and conferred extensively with Comerica over the course of several weeks, the Bank claims that Plaintiffs' motion is based upon "willful ignorance" because Plaintiffs "expressly rejected" its offer to provide the instructions provided by the Bank to its custodians.[22]  This claim is materially incomplete.  Comerica's counsel read aloud certain of the self-collection instructions provided to Comerica custodians on August 14, 2012.  Plaintiffs then agreed – twice[23] –

---

serving a subsequent deposition notice (which largely overlapped with the first), but cites no legal authority preventing Plaintiffs from doing so and, of course, the Bank nevertheless proffered Ms. Green as a witness and went forward with the deposition.

[19] *See* Def. Mem. at 11.

[20] *See Craig Air Ctr., Inc. v. City of Jacksonville*, No. 3:10-cv-48-J-32TEM, 2012 U.S. Dist. LEXIS 107335, at *24, n.22 (M.D. Fla. Aug. 1, 2012) ("Courts have found that, while the testimony of a 30(b)(6) witness is not a judicial admission, it is binding in the sense that it constitutes the official testimony of the corporation.") (collecting cases).  *See also, QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) ("The failure to properly designate a Rule 30(b)(6) witness can be deemed a nonappearance justifying the imposition of sanctions.").

[21] *See* DE # 2788.

[22] *See id.* at 2.

[23] As set forth in Exhibit L to Mr. Johnston's declaration, Plaintiffs' counsel agreed to Comerica's proposal except for one provision that would have eliminated Plaintiffs' ability to seek relief from the Court until (a) the Court approved the stipulation, (b) Plaintiffs received and reviewed the materials, and (c) the parties conducted yet another meet and confer.  *Id.*  As set forth in Exhibit M, Mr. Johnston did not agree to Plaintiffs' counter-proposal.  Plaintiffs later reiterated that they would agree to receive these

to receive these underlying certifications and litigation hold materials without waiver of any applicable work product or privilege that may apply to the Bank (Comerica's purported principal concern with producing them). Notwithstanding Comerica's representation that these materials are already "assembled" and "ready for immediate production,"[24] Plaintiffs have not received them to date. Comerica's effort to re-write history and run out the clock on discovery is simply improper.

More importantly, Comerica's argument that Plaintiffs must review these instructions before moving to compel evidences a fundamental misunderstanding about Plaintiffs' concerns with Comerica's discovery *gathering process* in this case. These certifications, litigation holds, and instructions cannot change the undisputed fact that Comerica's employee self-directed collection process improperly delegated the document gathering process to its custodians, no follow up was performed, and certain custodians produced no e-mails. Given the current deadline for completing fact discovery, the unsuccessful meet and confer attempts, and the fact that there was already a sufficient basis for the motion, Plaintiffs could wait no longer and proceeded to file it. Comerica's argument that Plaintiffs' motion was premature is unpersuasive.

**C.    Neither the *Ford* Case Nor the Sedona Principles Justify Comerica's Choice of Discovery Collection Process Here.**

Comerica next criticizes Plaintiffs for failing to point to a specific instance of spoliation or to list identifiable materials that were not produced. *See* Def. Mem. at 8, 12. This argument puts the cart before the horse. Again, Plaintiffs are complaining about the *process* by which Comerica gathered and produced requested e-mails in this case. At this

---

materials "with agreement that this will not waive the attorney-client or work product privilege." *See* Exhibit 2 at 3.
[24] *See* Exhibit K to Johnston Decl.

6

juncture, it is impossible for Plaintiffs to identify exactly which documents were never produced by this deficient process because, obviously, they were never produced.

For this reason, Comerica's reliance on the out-of-jurisdiction opinion in *Ford Motor Co. v. Edgewood Properties, Inc.,* 257 F.R.D. 418 (D.N.J. 2009) is misplaced. *See* Def. Mem. at 11-12. The "crux" of the requesting party's argument in that case – in which no depositions had yet occurred[25] – was that there "is a noticeable absence of documents in Ford's production related to key decisions regarding contaminated concrete at the Ford Edison Plant…"[26] *Id.* at 427. In rejecting that vague and unsupported challenge, the Magistrate Judge held that "the notion that a document production is insufficient based on a belief that documents must exist simply is not enough to grant a motion to compel…" *Id.* at 428. This holding is readily distinguishable because Plaintiffs' motion here is not premised on a generalized "belief" that Comerica should be producing more documents; it is based upon the deposition of the FED. R. CIV. P. 30(b)(6) witness proffered by the Bank, whose unambiguous testimony demonstrated the inadequacy of Comerica's document gathering process.[27]

Comerica also relies on the *Ford Motor Co.* opinion's discussion of the Sedona Principles,[28] apparently for the proposition that a producing party is generally in the best

---

[25] *Id.* at 428. This is a significant distinction because, as that court observed in rejecting the vague challenge to the discovery collection process, if depositions later reference unproduced material, the moving party could seek relief from the court again. *Id.*

[26] *See also id.* at 427 ("The gravamen of [the discovery dispute] is that [movant] suspects it has not received all of the documents to which it is entitled…such a conclusory allegation premised on nefarious speculation…[is insufficient to grant the motion]."). Plaintiffs here are not relying on "conclusory allegations" or "speculation"; they are relying on the testimony of Comerica's Rule 30(b)(6) designee.

[27] *See* Pltf. Mem. at 4-7.

[28] The Sedona Principles for Electronic Document Production are a set of persuasive, but non-binding, set of guidelines developed by a nonprofit legal policy research and

7

position to determine the method by which they will collect documents.[29] But as that case recognized, "the producing party under the Sedona Principles doesn't have carte blanche to specify the mode of collection and it is clear that manual collection is sometimes even disfavored. However, absent an agreement or timely objection, the choice is clearly within the producing party's sound discretion." *Id.* at 427. In this case, the Sedona Principles do not support Comerica's decision to delegate the gathering of e-mails to its custodians, and do no follow up (even when certain custodians produced nothing). Given the importance and size of this case, and Plaintiffs' timely objection to this approach, Comerica's discovery gathering process does not pass muster.

### D. Plaintiffs Should Not be Required to Shoulder the Cost of Doing Comerica's Discovery.

Comerica's brief essentially concludes with an ultimatum: it is willing to do the discovery collection process that Plaintiffs contend is required, but only if the Court orders Plaintiffs to pay for it.[30] Comerica's reliance on *Boeynaems v. LA Fitness Int'l., LLC,* does not support this result. No. 10-2326, 2012 U.S. Dist. LEXIS 115272 (E.D. Pa. Aug. 16, 2012). That case addressed a discovery cost-shifting request made *prior to* class certification. *See id.* at *13, *30, *33-34. That procedural distinction was clearly very important in that case: the district court judge even suggested that the type of cost-shifting requested by Comerica would be inappropriate after a class has already been certified.[31]

---

educational organization. *See Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 643, n.8 & 652 (D. Kan. 2005).

[29] *See* Def. Mem. at 12, n.53 (citing *Ford Motor Co.,* 257 F.R.D. at 427).

[30] *See, e.g.,* Def. Mem. at 2.

[31] *See id.* at *35-36 ("If Plaintiffs conclude that additional discovery is not only relevant, but important to proving that a class should be certified, then Plaintiffs should pay for

Case 1:09-md-02036-JLK   Document 2945   Entered on FLSD Docket 09/07/2012   Page 9 of 14

As it has throughout this litigation, Comerica once again alters its position about the Bank's relative size in seeking to avoid paying the additional $313,232 for its "initial review" of these materials.[32] While Comerica would have this Court believe that it is only a tiny regional bank, that is not the case. Plaintiffs' class certification brief cited financial information in which Comerica's parent company, Comerica Incorporated, reported to the Securities and Exchange Commission that as of December 31, 2010, it had total assets of approximately $53.7 billion, net income of $277 million for 2010, total deposits of approximately $40.5 billion, was among the 25 largest commercial bank holding companies in the United States, and was the largest U.S. banking company headquartered in Texas.[33] Its consumer operations are not negligible: Comerica has 550,000 consumer accounts and, in July 2010 alone, it assessed over 129,000 individual overdraft fees.[34] In sharp contrast, Plaintiffs' counsel have been litigating this case on a wholly contingency fee basis since February 17, 2010. More importantly, the primary reason for these additional expenses is *Comerica's* failure to diligently produce documents at the outset. Under the circumstances, Comerica should bear the relatively modest additional costs that it may incur from undertaking the discovery that Plaintiffs contend should have been done from the outset.

**E.     Comerica's Request for Fees it Incurred in Defending Plaintiffs' Motion to Compel is Meritless.**

Without citing to a single case, Comerica also asks this Court to order Plaintiffs to

---

that additional discovery from this date forward, *at least until the class action determination is made*.") (emphasis supplied).

[32] *See* Def. Mem. at 14 (stating that Comerica is "not a national retail bank," only operates in a few states, and does not have "unlimited" resources).

[33] *See* DE # 2384 at 9.

[34] *Id.* at 35.

9

pay the attorneys' fees it incurred in defending Plaintiffs' motion, if it prevails. *See* Def. Mem. at 12-13. However, Comerica acknowledges that a party who unsuccessfully brings a motion to compel cannot be ordered to pay the fees associated with opposing it if the motion was "substantially justified."[35] As the Eleventh Circuit has explained, "a motion to compel is 'substantially justified" so long as 'there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action].'" *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).[36] Because Plaintiffs' concerns with Comerica's process for responding to discovery are—at a bare minimum—legitimate, reasonable and genuine, Plaintiffs should not be required to pay Comerica's fees if Plaintiffs' motion is ultimately denied by the Court.

### III. Conclusion.

For the reasons set forth above and in Plaintiffs' opening memorandum, Plaintiffs' motion should be granted.

---

[35] Def. Mem. at 13 (citing FED. R. CIV. P. 37(a)(5)(B)).
[36] *Accord, Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *Gadsby v. Am. Golf Corp. of Cal.,* No. 2:10-CV-680-FtM-UASPC, 2012 U.S. Dist. LEXIS 85905, at *6-7 (M.D. Fla. Jun. 21, 2012) (denying request for fees incurred in defending a discovery motion where "Plaintiffs' Motion does not appear to be completely frivolous on its face.").

Dated: September 7, 2012

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

<table>
<tr><td>

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

</td><td>

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
 BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

</td></tr>
<tr><td>

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

</td><td>

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

</td></tr>
</table>

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ David M. Buckner
David M. Buckner, Esquire
Florida Bar No. 60550
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596