UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIFTH TRANCHE ACTION

*Terry Case v. Bank of Oklahoma, N.A.*
S.D. FL Case No. 1:11-cv-20815-JLK
W.D. OK Case No. 5:10-00901-L

## FINAL JUDGMENT

The Court, having entered the Order of Final Approval of Settlement, Authorizing Service Awards, and Granting Application for Attorneys' Fees dated September 13, 2012 (DE # 2949), hereby **ORDERS AND ADJUDGES** as follows:

1. The Court incorporates herein by reference the Order of Final Approval of Settlement, Authorizing Service Awards, and Granting Application for Attorneys' Fees dated September 13, 2012 (the "Final Approval Order") (DE # 2949).

2. Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement and Release (the "Settlement" or "Agreement") between the Parties (DE # 2843-1).

3. This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement and to afford them an opportunity to present their

objections to or to request exclusion from the Settlement. The Court also has jurisdiction over BOKF, N.A. ("BOK" or the "Bank")), and over the Plaintiffs, all of whom have personally appeared in the Action pending before this Court. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2), 1407 and, in the case of a removed Action, § 1441(a).

4. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All Bank of Oklahoma customers in the United States who had one or more consumer accounts and who, during the Class Period (January 1, 2005 through and including August 31, 2011), incurred an Overdraft Fee as a result of Bank of Oklahoma's High-to-low Debit Card Transaction Sequencing.

(DE # 2644).

5. The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order. The "Actions," as defined in the Agreement, includes the following case in this MDL proceeding which is hereby dismissed with prejudice: S.D. FL Case No. 1:11-cv-20815-JLK; W.D. Okla. Case No.: 5:10-cv-00901.

6. Without limiting the scope of Section XIV of the Agreement, as of the Effective Date, Plaintiffs and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged BOK and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of

each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters between January 1, 2005 and August 31, 2011, that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the assessment of one or multiple Overdraft Fees on a BOK Account or the amount of one or more Overdraft Fees assessed on an Account, or (b) Bank of Oklahoma's High-to-low Debit Card Transaction Sequencing. The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for Overdraft Fees or Bank of Oklahoma's High-to-low Debit Card Transaction Sequencing: (1) the authorization, approval or handling of any Debit Card Transaction, (2) any failure to notify or to obtain advance approval when a Debit Card Transaction would or might cause a BOK Account to become overdrawn or further overdrawn or an Overdraft Fee to be assessed, (3) any failure to allow the holder of any BOK Account to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any BOK Account to opt-out of overdrafts, (4) any failure to adequately or clearly disclose, in one or more agreements, Bank of Oklahoma's High-to-low Debit Card Sequencing, Overdraft Fees, or the manner in which Debit Card Transactions are or would be approved, processed, or posted to BOK Accounts; (5) any conduct or statements encouraging the use of BOK Debit Cards, and (6) any advertisements relating to any of the foregoing.

3

7.  Those persons identified on the List of Exclusions attached hereto as Exhibit A are hereby excluded from the Settlement, shall not receive any distribution from the Settlement, and are not bound by this Judgment.

8.  The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including BOK, Plaintiffs, and all Settlement Class Members, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce the Final Approval Order. Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to: (i) address, determine and approve the *cy pres* recipients which will receive the *cy pres* monies, if any, provided for in paragraph 85 of the Agreement; and (ii) adjudicate any suit, action, proceeding or dispute arising out of the Agreement. The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program, Settlement Administrator, the Notice Administrator and the Tax Administrator.

9.  Nothing in the Agreement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by BOK or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

10. Plaintiffs and all Settlement Class Members are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Final Approval Order and this Judgment.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 13th day of September, 2012.

                                              JAMES LAWRENCE KING
                                              UNITED STATES DISTRICT JUDGE
                                              SOUTHERN DISTRICT OF FLORIDA

Copies to:  All Counsel of Record

# EXHIBIT A

## BANK OF OKLAHOMA SETTLEMENT CLASS EXCLUSION LIST

1. Cynthia A. Parcher
2. Cesar L. Escoto-Galindo
3. Alicia A. Escoto
4. Christian D. Escoto
5. Erin E. Hedges
6. Jonathan Marvin Dow
7. Christine Ngeno
8. Christine Ngeno
9. Bruce Cunningham
10. Bruce Cunningham