UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT )
OVERDRAFT LITIGATION )
)
MDL No. 2036 )
*Fourth Tranche* )
_____)
)
THIS DOCUMENT RELATES TO: )
)
*Shane Swift v. BancorpSouth, Inc.,*[1] )
S.D. Fla. Case No. 1:10-cv-23872-JLK )
_____)

**BANCORPSOUTH BANK'S REPLY IN SUPPORT OF
MOTION FOR HEARING ON PLAINTIFF'S MOTION FOR SANCTIONS**

The question framed by Plaintiff Swift's sanctions motion is whether there was a bad-faith violation of Local Rule 3.8 justifying the imposition of sanctions. Because the evidence in the record compels a negative response, Plaintiff has not met his burden. Most respectfully, sanctions are not warranted against the lawyers, the law firm or the client. In order to establish this conclusion BancorpSouth moved for an evidentiary hearing so that the Court could hear the entire story. As requested by the Court in its September 7, 2012 order [DE #2943], BancorpSouth submits this reply to indicate its willingness, indeed its enthusiasm, to participate in a pre-hearing procedure to eliminate surprise and streamline the process to avoid unnecessary

---

[1] BancorpSouth, Inc. is not a proper defendant in this matter. Counsel for Swift and BancorpSouth Bank discussed the proper BancorpSouth entity to name in this matter in 2010, and Plaintiff properly identified the defendant herein as BancorpSouth Bank in his Second Amended Complaint (DE # 994). Plaintiff does not appear to seek sanctions against BancorpSouth, Inc.

expense and waste of Court and party time. BancorpSouth's counsel has conferred with Plaintiff's counsel and reached an agreement on scheduling and discovery issues related to the motion for sanctions. The parties anticipate filing a joint stipulation outlining the agreed-upon schedule and exchange early next week.

### A. Sanctions Are Not Warranted Based on the Evidence in the Record.

As an initial matter, there is no dispute as to the procedural history of the *Thomas/Lawson* action and the dates that this Court was notified of that action. The sole dispute on the motion for sanctions is whether BancorpSouth and its counsel acted in bad faith and in violation of Local Rule 3.8 by not informing the Court of the *Thomas/Lawson* action sooner. The only **evidence** in the record is that BancorpSouth and its counsel acted in good faith in interpreting Local Rule 3.8 despite that the Court later differed in its interpretation. *See*, *e.g.*, Taylor Decl., DE # 2605-1. Differing local rule interpretations do not warrant sanctions.

### B. While Open Discovery Is Not Appropriate, Pre-Hearing Exchanges Will Streamline the Evidentiary Hearing.

Plaintiff bears the burden of proof on his motion for sanctions. Plaintiff has not cited any law to support his request for *post hoc* discovery to elicit new evidence in support of his motion and we are unaware of any such law. To the contrary, federal courts abhor a "shoot first and ask questions later" approach to sanctions requests. *See, e.g., NAS Sur. Group v. Cooper Ins. Ctr., Inc.*, 617 F. Supp. 2d 581, 588 n.4 (W.D. Mich. 2007); *see also* Fed. R. Civ. P. 11(b)(3) (requiring "evidentiary support" for "factual contentions" in pleadings). The procedure suggested by Plaintiff is not appropriate and BancorpSouth opposes the opening of discovery to support a motion filed three months ago.

On the other hand, prehearing disclosure and schedule coordination is in the best interests of the Court and the parties. Accordingly, counsel for the parties have agreed in principle to a procedure for the exchange of evidence and proposed testimony prior to the hearing and the parties anticipate filing a joint stipulation early next week. In sum, prehearing exchange of information and schedule coordination should greatly assist the Court's orderly consideration of Plaintiff Swift's sanctions motion and eliminate surprises.

Respectfully submitted this 14th day of September, 2012.

        **COLE, SCOTT & KISSANE, P.A.**

        */s/ Thomas Scott*
        Thomas E. Scott
        Florida Bar No. 478539
        Thomas.scott@ckslegal.com

        9150 South Dadeland Boulevard, Suite 1400
        Miami, Florida 33156
        Telephone: (305) 350-5385
        Facsimile: (305) 373-2294

        *Counsel for BancorpSouth Bank and its counsel*

**(signatures continued on next page)**

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric Jon Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404)522-8409

*Counsel for Defendant BancorpSouth Bank*

**CERTIFICATE OF SERVICE**

  I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

  This 14th day of September, 2012.

              */s/ Eric Jon Taylor*
              Eric Jon Taylor

2519186_1