UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Johnson v. KeyBank National Association*
W.D. Wash. Case No. 2:10-cv-00304
S.D. Fla. Case No. 1:10-cv-21176-JLK

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO CONDUCT LIMITED ARBITRATION DISCOVERY

Plaintiff David M. Johnson respectfully submits this reply in further support of his request to conduct limited, arbitration-specific discovery in this matter. KeyBank's suggestion that arbitration-specific discovery is not warranted in light of the Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson,* 130 S. Ct. 2772 (2010), is without merit. The Court should permit Plaintiff to conduct discovery.

ARGUMENT AND CITATION OF AUTHORITY

I.   *Rent-A-Center*, To The Extent It Is Applicable, Does Not Obviate The Need For Discovery.

In opposition, KeyBank suggests that this Court should ignore the Eleventh Circuit's complete mandate, and consider the case *only* in light of *Rent-A-Center*, and without conducting any discovery. *See* **DE # 2944**, pp. 2-3. This argument is incorrect for two reasons.

First, KeyBank's suggestion that discovery should not be allowed because Mr. Johnson has not specifically challenged the delegation clause within KeyBank's form contract ignores the

fact that KeyBank waived its ability to rely on its delegation clause by failing to raise the issue until after it had asked this Court to address the enforceability of its arbitration agreement. *See* Opposition to Motion for Indicative Ruling, pp. 2-5 [**DE # 721**]. While KeyBank suggests that the Supreme Court's decision in *Rent-A-Center* excuses such waiver, the Eleventh Circuit recently rejected this exact argument in *Hough v. Regions Financial Corp.*, 672 F.3d 1224 (11th Cir. 2012), and *Barras v. Branch Banking & Trust Co.*, 685 F.3d 1269 (11th Cir. 2012). In both decisions the Eleventh Circuit found that a bank's failure to raise the delegation issue from the outset of the case constituted a waiver of the bank's right to raise it at a subsequent date, *Rent-A-Center* notwithstanding. *Hough*, 672 F.3d at 1228; *Barras*, 685 F.3d at 1274-75.

Thus, while the Eleventh Circuit's order referenced the *Rent-A-Center* decision as one of three decisions this Court should consider upon remand, the Eleventh Circuit's prior treatment of similar waiver claims is illustrative on how this Court should treat KeyBank's identical behavior. Clearly the Supreme Court's decision in *Rent-A-Center* does not provide any basis to deny Plaintiff's request to conduct discovery.

The second reason why KeyBank's opposition to Mr. Johnson's motion is incorrect is that even if this Court were to assume, *arguendo*, that KeyBank had not waived its right to assert delegation, limited arbitration discovery is necessary to rebut KeyBank's argument. It is well-established that the party seeking arbitration (here, KeyBank) bears the burden of proving by a preponderance of the evidence the existence of a valid arbitration agreement, and the party opposing arbitration (Mr. Johnson), bears the burden of proving by a preponderance of the evidence any fact necessary to its defense, including the unconscionability of the arbitration agreement or its provisions. As noted previously, courts have routinely allowed limited arbitration discovery to allow a party opposing a motion to compel arbitration to mount his or her

factual defense.  The United States Supreme Court has suggested that discovery is available to allow a party opposing a motion to compel to meet its burden of proof.  *Green Tree Financial Corp. v. Randolph* 531 U.S. 79, 91 (2000).  In Plaintiff's Motion for Limited Arbitration Discovery, Plaintiff cited pages of authority for the non-controversial proposition that discovery relating to arbitration, *including who decides the arbitrability of a dispute*, should be granted prior to deciding a motion to compel arbitration.  *See* Plaintiff's Motion for Leave, pp. 4-5 [**DE # 2904**].

Discovery is required to mount a defense against KeyBank's assertion that the enforceability of the arbitration provision should be decided by an arbitrator under *Rent-A-Center*, because based upon the record currently before the Court, there is a disputed issue of fact as to whether the Deposit Agreement attached to the Complaint is the operative agreement for Mr. Johnson.  *See* **DE # 493**, pp. 12-13, 26; Johnson Decl., ¶ 3 [**DE # 493-1**].  Discovery is required as to whether any arbitration agreement was formed and, if so, what is its text, particularly as to the wording of any delegation provision.

Moreover, the current version of the Deposit Agreement does not have a clear and explicit delegation clause.  *See* Opposition to Motion for Indicative Ruling, p. 6 (making the argument that there is no "clear and explicit" delegation clause such that an arbitrator should decide the enforceability of the arbitration agreement).  Discovery is required to ascertain the circumstances of any delegation provision that may exist within any arbitration agreement that is applicable to Mr. Johnson.

Additionally, KeyBank asserts it could not make the delegation argument prior to the Supreme Court handing down *Rent-A-Center*.[1]  Nevertheless, discovery is also warranted to ascertain how KeyBank has handled prior litigation since it added a delegation clause. Therefore, even if KeyBank had not waived its delegation clause argument, Plaintiff's request for limited discovery would still be proper.

## II.     Plaintiff's Request For Discovery Is Not Premature.

KeyBank asserts that Mr. Johnson must first lodge a specific unconscionability challenge to the delegation clause prior to being allowed to conduct discovery.  *See* **DE # 2944**, p. 3. However, KeyBank misapprehends the proper procedure.  A specific unconscionability challenge to the delegation clause is a *defense*.  KeyBank must first assert that the delegation clause in a specific arbitration agreement *applies*.  Accordingly, Plaintiff proposes that the parties engage in limited arbitration discovery on all pertinent issues.  After limited discovery, KeyBank can file its motion to compel arbitration and Mr. Johnson can file his response.  The Court will then decide this case as mandated by the Eleventh Circuit.

KeyBank also falsely claims that "Johnson did not request any discovery when he first opposed KeyBank's motion to compel arbitration."  **DE # 2944**, p. 3.  This, however, is incorrect.  Mr. Johnson did request discovery on the arbitration issue.  *See* **DE # 493**, p. 26. Thus, there is nothing inconsistent with Mr. Johnson's most recent request for discovery.

## III.    KeyBank's Arguments Regarding Choice-of-law Analysis Are Unpersuasive.

KeyBank next argues that Washington law may no longer govern the dispute.  KeyBank suggests that the Court's previous finding that Ohio law did not apply because applying Ohio

---

[1] The idea that *Rent-A-Center* represented a sea change is ludicrous. *See, e.g.*, *AT&T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator"); **DE # 721**, pp. 4-5.

4

law violated Washington's strong public policy against class action waivers in arbitration agreements is no longer valid because such an argument is preempted by the Federal Arbitration Act. *See* **DE # 2944**, p. 4. Although Washington's strong public policy of promoting consumer protection through class actions remains in place,[2] this has no relevance to arbitration discovery.

Moreover, the Court held Washington law applies for a second reason. In its Order Denying Motion to Compel Arbitration, the Court alternatively held that

> whereas Ohio law requires both substantive and procedural unconscionability to invalidate a provision, under Washington law a provision may be deemed unenforceable based solely upon substantive unconscionability. *See e.g. Hayes v. Oakridge Home*, 908 N.E.2d 408, 412 (Ohio 2009); *Coneff,* 620 F. Supp. 2d at 1256. Thus, there is an actual conflict between Washington and Ohio law.

**DE #592**, p. 3. Accordingly, Washington law still applies for this independent reason. Regardless, this is not an issue that undermines the need to limited discovery.

## CONCLUSION

Mr. Johnson requests discovery in order to fully rebut KeyBank's forthcoming renewed motion to compel arbitration. KeyBank's assertion that the Court should consider the case in light of *Rent-A-Center* first, and without discovery, would not only result in piecemeal litigation, but runs contrary to the Eleventh Circuit's mandate. Plaintiff's Motion to Conduct Limited Arbitration Discovery should be granted.

---

[2] Nothing in *Concepcion* changes the public policy of the State of Washington. This strong public policy is one of the factors that courts consider under Washington's choice of law analysis. *McKee v. AT&T Corp.,* 191 P.3d 845, 851 (Wash. 2008). *Concepcion* does not hold that the Federal Arbitration Act preempts a state's choice of law rules.

Dated: September 14, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

6

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

      I hereby certify that on September 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596