# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
THIRD TRANCHE ACTIONS

*Jessica Duval v. Citizens Financial Group, Inc. et al.,*
N.D. Ill. Case No. 10-cv-00533
S.D. Fla. Case No. l:10-cv-21080-JLK

*Eric Daniels v. Citizens Financial Group, Inc.,*
D. Ma. Case No. 10-cv-10386
S.D. Fla. Case No. l:10-cv-22014-JLK

*Michael L. Blankenship v. RBS Citizens, N.A., et al.,*
D.R.I. Case No. 10-163S
S.D. Fla. Case No. l:10-cv-22942-JLK

**ORDER PRELIMINARILY APPROVING CLASS**
**SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

The parties to the above-captioned actions currently pending against RBS Citizens, N.A.

and Citizens Bank of Pennsylvania ("Citizens") as part of this multidistrict litigation have agreed

to a settlement, the terms and conditions of which are set forth in an executed Settlement

Agreement and Release (the "Settlement").  The parties reached the Settlement through arms'-

length negotiations including a prior private mediation session.  Under the Settlement, subject to

the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed

Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in

exchange for Citizens' total payment of One Hundred Thirty Seven Million Five Hundred

Thousand and 00/100 Dollars ($137,500,000.00), inclusive of all attorneys' fees and costs and Service Awards to Plaintiffs, to create a common fund to benefit the Settlement Class. In addition, Citizens has agreed to pay all fees and costs associated with providing notice to the Settlement Class and for Settlement Administration. In connection with the Settlement, Citizens has also agreed to change the order in which it posts debit card transactions to customer accounts. Subject to changes to comply with applicable statutes, regulations, judicial authority, regulator guidance, order, or request, or otherwise with the agreement of its regulators, Citizens, upon implementation, will post debit card transactions in chronological order (based on the date and time stamp information provided to Citizens) before posting check or automatic clearing house ("ACH") transactions for a period of at least 3 years beginning after certain of its systems are reconfigured.

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement with Defendant Citizens, and for Certification of the Settlement Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives, Class Counsel, and Settlement Class Counsel; (4) the Settlement is the result of informed, good-faith, arms'-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and Constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the

Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs; (7) the proposed Claim Form attached to the Settlement as Exhibit 1 and the procedures for any Claimant to establish a claim and to seek a distribution from the Settlement Fund are reasonable; (8) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee Application and request for Service Awards for Plaintiffs; and (9) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.      The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.      Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representatives and Class Counsel

4.      It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted).  In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court

- 3 -

need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.      The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following Settlement Class:

> All holders of a Citizens Account who, from January 1, 2002 through and including August 13, 2010, incurred one or more Overdraft Fees as a result of High-to-Low Posting. Excluded from the Class are all current Citizens employees, officers and directors, and the judge presiding over this Action.

6.      Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)      Numerosity: In the Action, well over one million individuals, spread out across the country, are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b)      Commonality: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on Citizens' class-wide policies and practices and are common to the Settlement Class.

(c)      Typicality: The Plaintiffs' claims are typical of the Settlement Class for purposes of this settlement because they concern the same alleged Citizens policies and practices,

arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)     <u>Adequacy</u>:   Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314.   Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class.  Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action.   Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)     <u>Predominance and Superiority</u>:   Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for millions of Settlement Class Members in a single, coordinated proceeding is superior to millions of individual lawsuits addressing the same legal and factual issues.   With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in

resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted).   Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment.

7.    The Court appoints the following persons as class representatives:   Michael L. Blankenship, Jaclyn Curtis, Eric Daniels, Jessica Duval, Kathleen Dwyer, Jill Giordano, Gale Hercula, Annie Mullen, Marcea Taylor, Richard Winkelman, and Sheryl Wood.

8.    Subject to possible later additions in accord with the provisions of the Settlement, the Court appoints the following persons and entities as Class Counsel:

BARON & BUDD, P.C.
Russell Budd, Esq.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605

GOLOMB & HONIK, P.C.
Richard Golomb, Esq.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177

GROSSMAN ROTH, P.A.
Robert C. Gilbert, Esq.
Stuart Z. Grossman, Esq.
2525 Ponce de Leon, Suite 1150
Miami, FL 33134
Tel: 305-442-8666

LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP
Michael W. Sobol, Esq.
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000

David S. Stellings, Esq.
250 Hudson Street, 8th Floor
New York, NY 10013
Tel: 212-355-9500

PODHURST ORSECK, P.A.
Aaron S. Podhurst, Esq.
Peter Prieto, Esq.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800

BRUCE S. ROGOW, P.A.
Bruce S. Rogow, Esq.
Broward Financial Center
500 East Broward Boulevard, Suite 1930
Fort Lauderdale, FL 33394
Tel: 954-767-8909

TRIEF & OLK
Ted E. Trief, Esq.
Barbara Olk, Esq.
150 East 58th Street, 34th Floor
New York, NY 10155
Tel: 212-486-6060

WEBB, KLASE & LEMOND, L.L.C.
Edward Adam Webb, Esq.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel:  770-444-9325

HAGENS BERMAN SOBOL SHAPIRO LLP
Sean Matt, Esq.
1301 5th Ave., Suite 2900
Seattle, WA 98101

- 7 -

ROBBINS GELLER RUDMAN & DOWD LLP
Bonny E. Sweeney, Esq.
655 West Broadway - Suite 1900
San Diego, CA  92101-3301

MCCUNE WRIGHT, LLP
Richard D. McCune, Esq.
2068 Orange Tree Lane
Suite 216
Redlands, CA 92374

TYCKO & ZAVAREEI LLP
Hassan A. Zavareei, Esq.
2000 L Street N.W. Suite 808
Washington, D.C. 20036

KOPELOWITZ OSTROW
Jeffrey M. Ostrow, Esq.
Ferguson Weiselberg Keechl
200 SW 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301

CHITWOOD HARLEY HARNES LLP
Darren Kaplan, Esq.
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309

WHATLEY DRAKE & KALLAS, LLC
Patrick Sheehan, Esq.
1450 Broadway, 37th Floor
New York, NY  10036

GILMAN AND PASTOR, LLP
David Pastor, Esq.
63 Atlantic Avenue, 3rd. floor
Boston, MA 02110

HIGER LICHTER & GIVNER
David H. Lichter, Esq.
18305 Biscayne Blvd., Suite 302
Aventura, Florida 33160

9.     The Court appoints the following persons as Settlement Class Counsel: Aaron S.

Podhurst of Podhurst Orseck, P.A.; Bruce S. Rogow of Bruce S. Rogow, P.A.; Robert C. Gilbert

of Grossman Roth, P.A.; and Ted Trief of Trief & Olk.  Settlement Class Counsel, a subset of Class Counsel, shall be responsible for handling all Settlement-related matters on behalf of Plaintiffs and the Settlement Class.

<u>Preliminary Approval of the Settlement</u>

10.     At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness."  4 Newberg on Class Actions § 11.26 (4th ed. 2010).  "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co*., 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010).  Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, and the exhibits appended to the Settlement as fair, reasonable and adequate.  The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arms'-length negotiations between the parties and their capable and experienced counsel.  The Court further finds that the Settlement, including the exhibits appended to the Settlement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

Approval of Notice and Notice Program and Direction to Effectuate Notice

12.     The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms attached as Exhibits 3, 4 and 6 to the Settlement.  The Court further finds that the Notice Program, described in section VIII of the Settlement, is the best practicable under the circumstances.  The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and the request for Service Awards for Plaintiffs. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice.  The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13.     The Court directs that Epiq Solutions act as the Settlement Administrator.

14.     The Court directs that Hilsoft Notifications act as the Notice Administrator.

15.     The Court directs that Epiq Solutions act as the Escrow Agent.

16.     The Court directs that Epiq Solutions act as the Tax Administrator.

17.     The Settlement Administrator and Notice Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice attached as Exhibits 3, 4 and 6 to the Settlement and approved by this Order.  Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in section VIII of the Settlement and approved by this Order.  The Notice Program shall include Mailed Notice, Published Notice, and Long-Form Notice on the Settlement Website, as set forth in the Settlement, the exhibits appended to the Motion, and below.

*Mailed Notice Program*

18.     The Settlement Administrator shall administer the Mailed Notice Program.  Within 28 days from the date that the Settlement Administrator receives from Settlement Class Counsel and Citizens the data files that identify the names and last known addresses of the identifiable Settlement Class Members, as set forth in paragraph 88 of the Settlement, the Settlement Administrator shall run such addresses through the National Change of Address Database, and shall mail to all such Settlement Class Members postcards that contain the Mailed Notice (the "Initial Mailed Notice").  To coordinate the Mailed Notice Program with the Published Notice Program, within one business day of its receipt of the data files described above, the Settlement Administrator shall inform the Notice Administrator by email that it has received such data files.

19.     The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable.  No later than 70 days before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those Settlement Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

20.     The Mailed Notice Program (both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed by no later than 70 days before the Final Approval Hearing. Within seven days after the date the Settlement Administrator completes the Notice Re-mailing Process, the Settlement Administrator shall provide Settlement Class Counsel and Citizens' counsel an affidavit that confirms that the Mailed Notice Program was completed in a timely manner.  Settlement Class Counsel shall file such affidavit with the Court in conjunction with Plaintiffs' Motion for Final Approval of the Settlement.

21.     All costs associated with the Mailed Notice Program shall be paid by Citizens, as set forth in the Settlement.

*Published Notice Program*

22.     The Notice Administrator shall administer the Published Notice Program, which shall be comprised exclusively of the following components:  one quarter-page advertisements in each of the following publications:  *Albany Times Union*, *Boston Globe*, *Buffalo News*, *Chicago Tribune*, *Cleveland Plain Dealer*, *Detroit Free Press*, *Hartford Courant*, *New York Times*, *Philadelphia Inquirer*, *Pittsburgh Post-Gazette*, *Providence Journal*, *Rochester Democrat and Chronicle, and Sussex County (DE) Post.*  The Published Notice Program shall be completed no later than 70 days before the Final Approval Hearing.

23.     Within seven days after the date the Notice Administrator completes the Published Notice Program, the Notice Administrator shall provide Settlement Class Counsel and counsel for Citizens with one or more affidavits that confirm that Published Notice was given in accordance with the Published Notice Program.  Settlement Class Counsel shall file such affidavit(s) with the Court in conjunction with Plaintiffs' Motion for Final Approval of the Settlement.

24.     All costs associated with the Published Notice Program shall be paid by Citizens, as set forth in the Settlement.

*Settlement Website and Toll-Free Settlement Line*

25.     The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement.  The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than the date of the Initial Mailed Notice.  The Settlement Website shall include hyperlinks to the Settlement, the Long-Form Notice, this Order, and such other documents as Settlement Class Counsel and counsel for Citizens agree to post or that the Court orders posted on the Settlement Website.  These documents shall remain on the Settlement Website at least until distribution of the Net Settlement Fund has been made to Settlement Class Members.

26.     The Settlement Administrator shall establish and maintain a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

27.     Epic Solutions is directed to perform all other responsibilities under the Notice Program assigned to the Settlement Administrator in the Settlement.

28.     Hilsoft Notifications is directed to perform all other responsibilities under the Notice Program assigned to the Notice Administrator in the Settlement.

Approval of the Claim Form and the Alternate Claims Process

29.     The Court approves the Claim Form attached as Exhibit 1 to the Settlement and the Alternate Claims Process described in section XII of the Settlement.  The Court finds that the Alternate Claims Process described in section XII of the Settlement is the best practicable under the circumstances in light of the Parties' representations involving Citizens' data.

Final Approval Hearing, Opt-Outs, and Objections

30.     The Court directs that a Final Approval Hearing shall be scheduled for [Week of March 4-8, 2013] _____ a.m., to assist the Court in determining whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment, and whether Class Counsel's Fee Application and request for Service Awards for Plaintiffs should be granted.

31.     The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long-Form Notice at any time during the Opt-Out-Period.  To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is 35 days before the Final Approval Hearing, and mailed to the address indicated in the Long-Form Notice, and must include:

- 13 -

    (i)      the full name, telephone number and address of the person seeking to be excluded from the Settlement Class;

    (ii)     a statement that such person wishes to be excluded from the Citizens Settlement in *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK; and

    (iii)    the signature of the person seeking to be excluded from the Settlement Class.

The Opt-Out Deadline shall be 35 days before the Final Approval Hearing and shall be specified in the Mailed Notice, Published Notice, and Long-Form Notice.  All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in section XV of the Settlement.

    32.    The Court further directs that any person in the Settlement Class who does not opt-out of the Settlement Class may object to the Settlement, Class Counsel's Fee Application and/or the request for Service Awards for Plaintiffs.  Any such objections must be mailed to the Clerk of the Court, Settlement Class Counsel, and counsel for Citizens, at the addresses indicated in the Long-Form Notice.  For an objection to be considered by the Court, the objection must be postmarked no later than the Opt-Out Deadline of 35 days before the Final Approval Hearing and must include the following information:

    (i)      the case name, *In Re: Checking Account Overdraft Litigation*, 1:09-MD-02036-JLK;

    (ii)     the objector's full name, address, and telephone number;

    (iii)    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    (iv)    all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

(v)    the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(vi)   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(vii)  the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(viii) any and all agreements that relate to the objection or the process of objecting— whether written or verbal—between objector or objector's counsel and any other person or entity;

(ix)   the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(x)    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

(xi)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(xii)  the objector's signature (the objector's counsel's signature is not sufficient).

An objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions.

Further Papers In Support Of Settlement and Fee Application

33.     Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Service Awards for Plaintiffs, no later than 56 days before the Final Approval Hearing.

34.     Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 14 days before Final Approval Hearing.  If Citizens chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 14 days before Final Approval Hearing.

Effect of Failure to Approve the Settlement or Termination

35.     In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(i)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(ii)     All of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Citizens' right to oppose class certification;

(iii)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Citizens or Plaintiffs on any point of fact or law; and

(iv)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence.  In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar Of Other Proceedings

36.    All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

37.    Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i)    The Settlement Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following Preliminary Approval, but no later than the date of the Initial Mailed Notice;

(ii)    The Settlement Administrator shall complete the Mailed Notice Program no later than December ___, 2012 [70 days before the Final Approval Hearing];

(iii)    The Notice Administrator shall complete the Published Notice Program no later than December ___, 2012 [70 days before the Final Approval Hearing];

(iv)    Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Service Awards for Plaintiffs, no later than January ___, 2013 [56 days before the Final Approval Hearing];

(v)     Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Service Awards no later than January ___, 2013 [35 days before the Final Approval Hearing];

(vi)    Settlement Class Members must file requests for exclusion from the Settlement by no later than January __, 2013 [35 days before the Final Approval Hearing];

(vii)   Plaintiffs and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and Fee Application no later than February ___, 2013 [14 days before Final Approval Hearing];

(viii)  If Citizens chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than February ___, 2013 [14 days before Final Approval Hearing]; and

(ix)    The Final Approval Hearing will be held on [Week of March 4-8, 2013] at, _____ a.m./p.m. in Courtroom _____ of the James Lawrence King Federal Building and United States Courthouse, in Miami, Florida.

DONE AND ORDERED at the James Lawrence King Federal Building and United States'
Courthouse in Miami, Florida this _____ day of September 2012.


_____
**JAMES LAWRENCE KING**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**


cc:  All Counsel of Record