UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Shane Swift v. BancorpSouth, Inc.*
S.D. Fla. Case No. 1:10-cv-23872-JLK

**STIPULATION AND [REDACTED] ORDER ESTABLISHING PROTOCOL FOR
COMPLETION OF PRODUCTION OF TRANSACTIONAL DATA, PLAINTIFFS'
TRANSACTIONAL DATA EXPERT REPORT, DISCOVERY AND MOTION
PRACTICE ASSOCIATED WITH PLAINTIFFS' TRANSACTIONAL
DATA EXPERT AND REPORT, AND CLASS NOTICE**

1.  Pursuant to the Revised Schedule Order (DE # 2834) and Order Granting Joint Motion to Extend Expert Witness Deadlines Set Forth in Revised Scheduling Order (DE # 2891), the parties are currently required to designate their experts on or before September 24, 2012, to complete expert discovery by October 12, 2012, to file objections to designated experts and file *Daubert* motions by October 19, 2012, and to provide notice to the certified class by October 9, 2012.[1] (DE # 2834 and 2891). By this stipulation, the parties seek to modify these deadlines in

---

[1] The October 9, 2012 deadline for the Federal Rule of Civil Procedure 23(c)(2) notice to the class is not applicable if there is a Federal Rule of Civil Procedure 23(f) petition pending. (DE $2834). BancorpSouth's Rule 23(f) petition is fully briefed and awaiting decision by the Eleventh Circuit Court of Appeals.

certain limited respects as set forth herein, and request that the Court adopt and approve this stipulation as an Order of the Court.

2. This stipulation is entered into by and among the parties in an effort to avoid motion practice relating to the production, expert analysis and associated discovery involving electronic data being produced by BancorpSouth Bank ("BancorpSouth" or "Defendant"). This stipulation memorializes the parties' understandings and agreements concerning: (i) BancorpSouth's production of transactional data to Plaintiffs for their data expert Arthur Olsen to complete his analyses and produce a report of his findings; (ii) BancorpSouth's discovery related to Mr. Olsen and his findings; (iii) any motion practice associated with Mr. Olsen and his report; and (iv) deadline for dissemination of class notice. This Stipulation is necessitated by certain delays and difficulties associated with BancorpSouth's production and delivery to Plaintiffs of all of the archived reports of transactional data relating to overdraft fees charged to its customers during the period 2003 through August 2010, that BancorpSouth maintains or maintained and which it agreed to produce in response to Plaintiffs' request for production of such data.

3. BancorpSouth represents that the only potential electronically maintained sources of transactional data responsive to Plaintiffs' data requests that it is aware of consist of: (i) the TREEV system; (ii) the XNet system; and (iii) FDR Discs. With respect to the TREEV and XNet systems, BancorpSouth represents that the only electronically maintained reports containing transactional data responsive to Plaintiffs' data requests that it is aware of consist of: (i) Transaction Journal; (ii) Trial Balance; (iii) Cardholder Activity Report; (iv) Detail Transaction List; (v) Exception Item Processing; (vi) Input Transaction Detail Report;(vii) Terminal Activity Report; and (viii) ODREPT report (collectively, the "Reports").

2

4. BancorpSouth represents that its production of Reports from the TREEV system has been delayed as a result of the age of the data and fragility of the computer systems on which said data is stored. Based on that representation, the parties stipulate that BancorpSouth will continue to make all reasonable efforts to complete its production of Reports contained on the TREEV archiving system that BancorpSouth previously agreed to produce, on a rolling basis, until completed.

5. BancorpSouth represents that it has made available to Plaintiffs all of the Reports available on the XNet system.

6. BancorpSouth stipulates that Plaintiffs and their expert Mr. Olsen may treat the absence of any information in the Reports, or the lack of additional information or reports from the TREEV and/or XNet systems, as unavailable for purposes of Mr. Olsen's analysis of proposed alternative posting order scenarios in this litigation. BancorpSouth further stipulates that it will not use the lack of additional information or reports from the TREEV and/or XNet systems to challenge any of Mr. Olsen's analysis or conclusions.

7. BancorpSouth stipulates that Plaintiffs and their expert Mr. Olsen may treat the FDR Discs as unavailable for purposes of Mr. Olsen's analysis of proposed alternative posting order scenarios in this litigation. BancorpSouth further stipulates that it will not use the existence of the FDR Discs, or any information that may be contained on the FDR Discs, to challenge any of Mr. Olsen's analysis or conclusions.

8. Plaintiffs stipulate that they will not file any motion seeking relief against BancorpSouth relating to its production of the data responsive to their data request provided: (i) the Court adopts and approves this Stipulation as an Order of the Court; and (ii) BancorpSouth completes its production of the TREEV data on or before September 30, 2012. The parties

3

understand that there are circumstances outside BancorpSouth's control, particularly an Act of God (i.e. a hurricane or other natural disaster) or a computer hardware, software, or mechanical failure, that may arise that could further delay BancorpSouth's completion of the production of the TREEV data beyond September 30, 2012. In the event BancorpSouth is unable to complete the production of the TREEV data by September 30, 2012, it shall promptly notify Plaintiffs of the nature and reasons for the delay, and the parties will engage in good-faith discussions in an effort to avoid motion practice.

9. The parties stipulate that no less than 28 days after BancorpSouth certifies to Plaintiffs' counsel in writing that BancorpSouth has completed its TREEV data production is a reasonable time for Mr. Olsen to complete his analysis of BancorpSouth's TREEV data and submit his report to counsel for BancorpSouth. Plaintiffs stipulate that they will provide Mr. Olsen's expert report in this matter to BancorpSouth no later than 28 days after BancorpSouth's counsel certifies that the Bank has completed its production of the TREEV data. BancorpSouth's counsel will also notify the Court when production of the data has been completed. Mr. Olsen's deposition, if BancorpSouth chooses to take it, shall occur within 14 days of the delivery of Mr. Olsen's report to BancorpSouth. Plaintiff's counsel will make Mr. Olsen available for deposition on a mutually-agreed-upon date during these 14 days.

10. In light of the foregoing, the parties stipulate that the deadline for giving class notice should be extended until 60 days after Mr. Olsen completes his analysis and provides his final report, unless BancorpSouth's Rule 23(f) petition is still pending or is granted giving rise to an appeal of the class certification order. BancorpSouth takes no position regarding the necessity or the sufficiency of Mr. Olsen's analysis to identify class members. The parties specifically

reserve all rights and arguments each may may have in connection with Plaintiffs' forthcoming proposed notice plan and the bases underlying such notice plan.

11. Based on the foregoing, the parties stipulate to, and request that this Court enter an Order modifying the current deadlines set forth in the Revised Scheduling Order (DE # 2834) pertaining to expert disclosures, expert discovery and any *Daubert* motions relating to Plaintiff's expert Mr. Olsen, as well as class notice, as follows:

| Activity | Deadline |
|---|---|
| Deadline for Plaintiff to serve expert disclosures only as to witness Arthur Olsen only | 28 days after Plaintiffs receive production of all TREEV data necessary to prepare Mr. Olsen's report |
| Deadline for parties to complete expert discovery as to witness Arthur Olsen only | 14 days after Mr. Olsen's report is produced |
| Deadline for parties to file objections to designated experts and file *Daubert* motions as to witness Arthur Olsen only | 24 days after Mr. Olsen's report is produced |
| Deadline for issuing Class Notice (unless 23(f) petition or appeal pending) | 60 days after Mr. Olsen's report is produced |

12. The parties stipulate that in the event that either party cannot meet any of the commitments set out herein, the parties will jointly confer regarding how best to accomplish their joint goals of completing the data production, expert discovery and provision of class notice in a timely manner, and that neither will engage in discovery motion practice without complying with the meet-and-confer requirements of Fed. R. Civ. P. 37 and this Court's Local Rules.

5

Dated: September 21, 2012.

Respectfully submitted,

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Telephone: (305) 442-8666
Facsimile: (305) 779-9596

*Coordinating Counsel for Plaintiffs*

/s/ Eric Jon Taylor
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
Georgia Bar No. 250341
dbd@phrd.com
Darren E. Gaynor
Georgia Bar No. 288210
deg@phrd.com
PARKER HUDSON RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404) 522-8409

*Counsel for Defendant BancorpSouth Bank*

## ORDER APPROVING STIPULATION

The foregoing Stipulation is approved and adopted as and Order of the Court.

Done and Ordered in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 21 day of September, 2012.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies furnished to:

Counsel of Record