# EXHIBIT C

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Eno v. M & I Marshall & Ilsley Bank*
S.D. FL Case No. 1:10-cv-22730-JLK
M.D. FL Case No. 2:10-376

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

The Parties to the above-captioned action currently pending against M & I Marshall & Ilsley Bank n/k/a BMO Harris Bank, N.A. ("M & I Bank") as part of this multidistrict litigation have agreed to a settlement ("Settlement"), the terms and conditions of which are set forth in an executed Settlement Agreement and Release ("Agreement"). The Parties reached the Settlement through arm's-length negotiations, including a private mediation session conducted by Professor Eric Green. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for M & I Bank's total payment of Four Million and No 00/100 Dollars ($4,000,000.00), inclusive of all attorneys' fees and costs and Service Awards to Plaintiffs, to create a Settlement Fund to benefit the Settlement Class. In connection with the Settlement, M & I Bank has also agreed to provide certain non-monetary consideration, including the implementation and maintenance of certain policy and practice changes relating to overdrafts.

The Settlement has been filed with the Court, and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement with Defendant M & I Bank, and for Certification of the Settlement Class ("Motion").  Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to these proceedings; (2) the proposed Settlement and Settlement Class meet the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives, Class Counsel, and Settlement Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for Service Awards for Plaintiffs, their rights to opt-out of the Settlement or object to the Settlement, and Class Counsel's Fee Application, and/or the request for Service Awards for Plaintiffs; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for Service Awards for Plaintiffs; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The terms of the Agreement are hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Agreement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

<u>Provisional Class Certification and Appointment of Class Representatives and Class Counsel</u>

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.; Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following settlement class.

> All holders of any M & I Bank Account in the United States who, during the Class Period, incurred one or more Overdraft Fees in connection with M & I Bank's Debit Re-sequencing Overdraft Practices.

6. Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

Page 3 of 18

i. <u>Numerosity</u>: In the Action, thousands of individuals are members of the proposed Settlement Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans.,* 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

ii. <u>Commonality</u>: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Industries, Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck,* 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on M & I Bank's class-wide policies and practices and are common to the Settlement Class.

iii. <u>Typicality</u>: The Plaintiffs' claims are typical of the Settlement Class for purposes of this settlement because they concern the same alleged M & I Bank policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as

the class members").

iv. <u>Adequacy:</u> Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant,* 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan,* 221 F.3d 1235, 1253 (11th Cir. 2000).

v. <u>Predominance and Superiority:</u> Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for thousands of Settlement Class Members in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial

than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment.

7. The named Plaintiffs, Jeffrey M. Eno and Suzanne M. Cox, are designated as class representatives of the Settlement Class.

8. The following firms are appointed as Class Counsel:

> BRUCE S. ROGOW, P.A.
> Bruce Rogow, Esq.
> 500 E Broward Boulevard # 1930
> Fort Lauderdale, FL 33394
>
> BARON & BUDD, P.C.
> Russell Budd, Esq.
> 3102 Oak Lawn Avenue
> Suite 1100
> Dallas, TX  75219
> Tel:  214-521-3605
>
> GOLOMB & HONIK, P.C.
> Richard Golomb, Esq.
> 1515 Market Street, Suite 1100
> Philadelphia, PA 19102
> Tel:  215-985-9177

GROSSMAN ROTH, P.A.
Robert C. Gilbert, Esq.
Stuart Z. Grossman, Esq.
2525 Ponce de Leon, Suite 1150
Coral Gables, Florida  33134
Tel :  305-442-8666

LIEFF, CABRASER,
  HEIMANN & BERNSTEIN, LLP
Michael W. Sobol, Esq.
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel:  415-956-1000

David S. Stellings, Esq.
250 Hudson Street, 8th Floor
New York, NY  10013
Tel:  212-355-9500

PODHURST ORSECK, P.A.
Aaron S. Podhurst, Esq.
Peter Prieto, Esq.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel:  305-358-2800

TRIEF & OLK
Ted. E. Trief, Esq.
150 East 58th Street, 34th Floor
New York, NY 10155
Tel: 212-486-6060

WEBB, KLASE & LEMOND, L.L.C.
Edward Adam Webb, Esq.
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
Tel:  770-444-9325

                    KOPELOWITZ OSTROW P.A.
                    Jeffrey M. Ostrow, Esq.
                    200 S.W. First Avenue, 12th Floor
                    Fort Lauderdale, FL 33301
                    Tel : 954-525-4100

                    CHITWOOD HARLEY & HARNES, LLP
                    Darren T. Kaplan, Esq.
                    2300 Promenade II
                    1230 Peachtree Street, N.E.
                    Atlanta, GA 30309
                    Tel: 404-873-3900

9.     The Court appoints the following persons as Settlement Class Counsel: Aaron S. Podhurst of Podhurst & Orseck, P.A.; Bruce S. Rogow of Bruce S. Rogow, P.A.; and Robert C. Gilbert of Grossman Roth, P.A.

<u>Preliminary Approval of the Settlement</u>

10.     At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the

Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Approval Order.

12. Subject to Final Approval of the proposed Settlement and Agreement, and subject to the provision of the Class Notice required by this Order, the Court approves the provisions of the Agreement making the Settlement and its release of claims binding on all members of the Settlement Class, whether or not they actually receive notice of the Action or the Settlement.

<u>Approval of Notice and Notice Program and Direction to Effectuate Notice</u>

13. The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms appended to the Settlement Agreement. The Court further finds that the Notice Program, described in Section X of the Settlement Agreement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, their rights to opt-out of the Settlement or object to the Settlement, Class Counsel's Fee Application, and the request for Service Awards for Plaintiffs. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

14. The Court directs that Epiq Systems act as the Settlement Administrator.

15. The Court directs that Epiq Systems act as the Notice Administrator.

16. The Court directs that Epiq Systems act as the Escrow Agent.

17. The Court directs that Epiq Systems act as the Tax Administrator.

18. The Settlement Administrator and Notice Administrator shall implement the Notice Program, as set forth below and in the Agreement, using substantially the forms of Notice appended to the Settlement Agreement and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in Section X of the Settlement and approved by this Order. The Notice Program shall include Mailed Notice, Published Notice, and Long-Form Notice on the Settlement Website, as set forth in the Settlement Agreement, the exhibits appended thereto, and below.

*Mailed Notice Program*

19. The Settlement Administrator shall administer the Mailed Notice Program. Within 28 days from the date that the Settlement Administrator receives from Settlement Class Counsel and M & I Bank the data files that identify the names and last known addresses of the identifiable Settlement Class Members, the Settlement Administrator shall run the addresses through the National Change of Address Database, and shall mail to all such Settlement Class Members postcards that contain the Mailed Notice ("Initial Mailed Notice").

20. The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. No later than 63 days from before the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those Settlement Class Members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process").

21. The Mailed Notice Program (which is comprised of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than 63 days before the Final Approval Hearing.

22. M & I Bank shall pay the costs associated with the Mailed Notice Program in

accordance with paragraph 55(c) of the Settlement Agreement.

*Published Notice Program*

23. The Notice Administrator shall administer the Published Notice Program, which shall be comprised exclusively of the following components: a 3-column x 10.5-inch advertisement in the *Arizona Republic*, *Green Bay Press-Gazette*, *Indianapolis Star*, *Kansas City Stay*, *La Crosse Tribune*, *Milwaukee Journal Sentinel*, *Minneapolis Star Tribune*, *Orlando Sentinel*, *St. Louis Post-Dispatch*, *Tampa Bay Times*, *Wausau Daily Herald Combo*, and *Wisconsin State Journal*. The Published Notice Program shall be commenced as soon as practicable after the Initial Mailed Notice, and shall be completed no later than 63 days before the Final Approval Hearing.

24. M & I Bank shall pay the costs associated with the Published Notice Program in accordance with paragraph 58(c) of the Settlement Agreement.

*Settlement Website*

25. The Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, a Settlement Website as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to the Settlement Agreement, the Long-Form Notice, this Preliminary Approval Order, and such other documents as Settlement Class Counsel and counsel for M & I Bank agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be www.MIBankOverdraftSettlement.com or such other URL as Settlement Class Counsel and counsel for M & I Bank may subsequently agree upon in writing, provided the URL shall not include the name "M & I Bank." The Settlement Website shall not

include any advertising, and shall not bear or include the M & I Bank logo or M & I Bank trademarks. Ownership of the Settlement Website URL shall be transferred to M & I Bank within 10 days of the date on which operation of the Settlement Website ceases, which operation shall cease no sooner than the Effective Date.

26. M & I Bank shall pay the costs associated with the Settlement Website in accordance with paragraph 58(c) of the Settlement Agreement.

27. Epiq Systems is directed to perform all other responsibilities under the Notice Program assigned to the Notice Administrator.

28. Epiq Systems is directed to perform all other responsibilities under the Notice Program assigned to the Settlement Administrator.

Final Approval Hearing, Opt-Outs, and Objections

29. A Final Approval Hearing shall be held before the undersigned on [week of April 8-12, 2013] _____ __, 2013 at ____ in Courtroom #2 of the James Lawrence King Federal Building and United States Courthouse, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice as to the Plaintiffs, Jeffrey M. Eno and Suzanne M. Cox, and the Settlement Class Members, pursuant to the terms of the Agreement; (c) whether Settlement Class Members should be bound by the Release set forth in Section XVI of the Agreement; (d) whether Settlement Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; (f) the amount of Service Awards for Plaintiffs; and

(g) the amount of attorneys' fees and costs to be awarded to Class Counsel based on their Fee Application. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

30. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by completing and mailing a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked no later than the last day of the Opt-Out Period, as specified in the Class Notice. For a Class Member's Opt-Out to be valid, it must

>  (i) be signed by all holders of the applicable Account;
>
>  (ii) include the full name, address, and Account number(s) of the person(s) requesting exclusion;
>
>  (iii) be timely postmarked and mailed to the address designated in the Class Notice; and
>
>  (iv) include the following statement "I/we request to be excluded from the proposed class settlement in *Eno v. M & I Marshall & Ilsley Bank*, M.D. FL Case No. 2:10-376 and S.D. Fla. Case No. 1:10-civ-22730-JLK."

A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not sent within the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Agreement, if the Agreement is finally approved. No Settlement Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Settlement Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Settlement Class Member(s) that is or are the subject of the purported Opt-Out

shall be a member or members of the Settlement Class and treated and be bound by the Agreement and as a Settlement Class Member for all purposes. Any Settlement Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

31. The Court further directs that any Settlement Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Settlement Class Counsel and counsel for M & I Bank as specified in the Notice. For an Objection to be considered by the Court, the Objection must be postmarked no later than the last day of the Opt-Out Period as specified in the Notice. To be considered valid, each Objection must be timely served and filed (as judged by the filing deadline and postmark date and time set forth), and must:

(i) set forth the name of the Action;

(ii) set forth the Settlement Class Member's full name, current address, and telephone number;

(iii) contain the signatures of all holders of the applicable Account;

(iv) provide proof of membership in the class, including but not limited to providing the last four digits of the applicable Account number;

(v) state that the Settlement Class Member objects to the Settlement, in whole or in part;

(vi) set forth the legal and factual bases for the objection;

(vii) provide copies of all documents or writings that such Settlement Class Member desires the Court to consider in support of his/her position;

(viii) specify the number of times that the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection,

the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(ix) specify the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(x) identify any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity;

(xi) identify all counsel representing the objector who will appear at the Final Approval Hearing;

(xii) provide a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

(xiii) state whether the objector intends to personally appear and/or testify at the Final Approval Hearing.

32. Any Settlement Class Member who wishes to object and appear at the Final Approval Hearing in person instead of submitting only written objections must, along with the required written objection and by the same due date, also file a written notice of intention to

appear at the Final Approval Hearing with the Clerk of the Court, and mail and serve the notice on Settlement Class Counsel and counsel for M & I Bank, by the date specified herein. Any Settlement Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action, and shall forever be barred from making any such objections in this Action.

Further Papers In Support of Settlement and Fee Application

33. Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Service Awards for Plaintiffs, no later than [49 days prior to the Final Approval Hearing] _____ __, 2013.

34. Plaintiffs and Class Counsel shall file their responses to timely filed Objections to the Motion for Final Approval of the Settlement, the Fee Application and request for Service Awards for Plaintiffs no later than [14 days prior to the Final Approval Hearing] _____ __, 2013. If M & I Bank chooses to file a response to timely filed Objections to the Motion for Final Approval of the Settlement, it also must do so no later than [14 days prior to the Final Approval Hearing] _____ __, 2013.

Effect of Failure to Approve Settlement or Termination

35. In the event of a termination as provided in the Settlement Agreement, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and M & I Bank's right to oppose class certification. Any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek class certification, and M & I Bank's right to oppose class certification. In such event, all Parties to the Action shall stand in the same

position as if the Agreement had not been negotiated, made or filed with the Court.

Stay/Bar of Other Proceedings

36. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

37. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall establish the Settlement Website as soon as practicable following Preliminary Approval, but no later than the date of the Notice Program;

(ii) The Settlement Administrator shall complete the Mailed Notice Program no later than [63 days before the Final Approval Hearing] _____ __, 2013;

(iii) The Notice Administrator shall complete the Published Notice Program no later than [63 days before the Final Approval Hearing] _____ __, 2013;

(iv) Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Requests for Service Awards for Plaintiffs, no later than [49 days before the Final Approval Hearing] _____ __, 2013;

(v) Settlement Class Members must file any Objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Service Awards no later than [28 days before the Final Approval

    Hearing] _____ __, 2013;

(vi) Settlement Class Members must file requests for exclusion from the Settlement by no later than [28 days before the Final Approval Hearing] _____ __, 2013;

(vii) Plaintiffs and Class Counsel shall file their responses to timely filed Objections to the Motion for Final Approval of the Settlement and Fee Application no later than [14 days before the Final Approval Hearing] _____ __, 2013;

(viii) If M & I Bank chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it shall do so no later than [14 days before the Final Approval Hearing] _____ __, 2013; and

(ix) The Final Approval Hearing will be held on [week of April 8-12, 2013] _____ __, 2013 at _____ a.m. before the undersigned Judge in Courtroom #2 of the James Lawrence King Federal Building and United States Courthouse, 99 N.E. 4th Street, Eleventh Floor, Miami, Florida.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Building and United States Courthouse in Miami, Florida, this ___ day of October, 2012.

                _____
                **JAMES LAWRENCE KING**
                **UNITED STATES DISTRICT JUDGE**
                **SOUTHERN DISTRICT OF FLORIDA**

Copies furnished to:

Counsel of Record