UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTION

*Larsen v. Union Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23235-JLK
N.D. Cal. Case No. 4:09-cv-3250

# FINAL JUDGMENT

The Court, having entered the Order of Final Approval of Settlement, Authorizing Service Awards, and Granting Application for Attorneys' Fees dated October 4, 2012 (DE # 2986), hereby **ORDERS AND ADJUDGES** as follows:

1. The Court incorporates herein by reference the Order of Final Approval of Settlement, Authorizing Service Awards, and Granting Application for Attorneys' Fees dated October 4, 2012 ("Final Approval Order"). (DE # 2986.)

2. Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement between the Parties. (DE # 2859–1.)

3. This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement and to afford them an opportunity to present their objections or to request exclusion from the Settlement. The Court also has jurisdiction over Union Bank, N.A. ("Union" or "Bank"), and over the Plaintiffs, all of whom have personally appeared in the Action pending before this Court. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) and 28 U.S.C. § 1407.

4. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All Union Bank customers in the United States who had one or more consumer accounts and who, between July 16, 2005 and August 13, 2010, incurred an Overdraft Fee as a result of Union Bank's Debit Re-sequencing.

(DE # 2778.)

5. The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order. The "Action," as defined in the Settlement Agreement, includes the following case in this MDL proceeding which is hereby dismissed with prejudice: *Larsen v. Union Bank, N.A.*, S.D. Fla. Case No. 1:09-cv-23235-JLK, N.D. Cal. Case No. 4:09-cv-3250.

6. Without limiting the scope of Section XIV of the Settlement Agreement, as of the Effective Date, Plaintiffs and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Union Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents,

insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, losses, or remedies relating to, based upon, resulting from, or arising out of (a) the assessment of one or multiple Overdraft Fees on a Union Bank Account or the amount of one or more Overdraft Fees assessed on an Account, or (b) Debit Re-sequencing or posting order.  The foregoing release includes, by way of example but not limitation, any and all of the following to the extent they involve, result in, or seek recovery or relief for Overdraft Fees or Debit Re-sequencing or posting order:  (1) the authorization, approval or handling of any Debit Card Transaction, (2) any failure to notify or to obtain advance approval when a Debit Card Transaction would or might cause a Union Bank Account to become overdrawn or further overdrawn or an Overdraft Fee to be assessed, (3) any failure to allow the holder of any Union Bank Account to opt-out of overdrafts, or to publicize or disclose the ability of the holder of any Union Bank Account to opt-out of overdrafts, (4) any failure to adequately or clearly disclose, in one or more agreements, posting order, Debit Re-sequencing, overdrafts, Overdraft Fees, or the manner in which Debit Card Transactions are or would be approved, processed, or posted to Union Bank Accounts; (5) any conduct or statements encouraging the use of Union Bank Debit

Cards, (6) the assessment of any continuing overdraft fee, and (7) any advertisements relating to any of the foregoing.

7. Those persons identified on the List of Exclusions attached hereto as Exhibit A are hereby excluded from the Settlement, shall not receive any distribution from the Settlement, and are not bound by this Judgment.

8. The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including Union Plaintiffs, and all Settlement Class Members, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce the Final Approval Order. Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to: (i) address, determine and approve the *cy pres* recipients which will receive the *cy pres* monies, if any, provided for in paragraph 88 of the Agreement; and (ii) adjudicate any suit, action, proceeding or dispute arising out of the Agreement. The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program, Settlement Administrator, the Notice Administrator and the Tax Administrator.

9. Nothing in the Agreement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Union or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

10. Plaintiffs and all Settlement Class Members are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Final Approval Order and this Judgment.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 4th day of October, 2012.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

# EXHIBIT A

## UNION BANK SETTLEMENT CLASS EXCLUSION LIST

1. Lily O. Carballo
2. Ryan R. Martin
3. Joyce M. Coon
4. Rose M. Gonzales
5. Nick R. Katley
6. Michael Kerr
7. Michael G. Coules
8. Sharon L. Toliver
9. Daryoush Afnan
10. Edward Nathaniel Hailey
11. Mary E. Graham
12. Kitt E. Douglas