**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

| |
|---|
| **IN RE: CHECKING ACCOUNT**<br>**OVERDRAFT LITIGATION**<br><br>**MDL No. 2036** |

| |
|---|
| **THIS DOCUMENT RELATES TO:**<br>**FOURTH TRANCHE ACTION**<br><br>*Swift v. BancorpSouth, Inc.*<br>N.D. FL, C.A. No. 1:10-00090-SPM-AK<br>S.D. Fla. Case No. 1:10-cv-23872-JLK |

**PLAINTIFFS' MOTION IN LIMINE AND**
**INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Shane Swift, individually and on behalf of the certified class (collectively, "Plaintiffs"), pursuant to this Court's Order of December 16, 2010 (DE # 1016) and Fed. R. Evid. 401 and 403, moves in limine to exclude certain evidence and testimony that Defendant BancorpSouth Bank ("BancorpSouth" or "Defendant") is expected to offer at trial on the basis that such evidence is irrelevant confusing and prejudicial.

**I.        Standard of Review**

A district court is accorded "wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S. Ct. 1140, 1145, 170 L. Ed. 2d 1 (2008) (quoting, *United States v. Abel*, 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

Under Fed. R. Evid. 401:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Issues that are "of consequence" to determination of the case are usually determined by the pleadings, motions, pretrial orders and substantive law. *See Clark v. Martinez*, 295 F.3d 809, 814 (8th Cir. 2002).

Under Fed. R. Evid. 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Under the applicable law of the Eleventh Circuit, "[i]t is the province of the trial judge to weigh any materiality against any prejudice and, unless the judge's reading is 'off the scale,' his discretion is not abused." *United States v. Kendrick*, 682 F.3d 974, 986 (11th Cir. 2012) (quoting *United States v. Shelley*, 405 F.3d 1195, 1201 (11th Cir.2005)).

## II.     Evidence and Testimony Sought to Be Excluded.

Plaintiffs request that this Court exclude the following evidence and testimony that BancorpSouth is expected to offer at trial for the reasons set forth below.

### 1.     Evidence of Plaintiff's Alternative Sources of Payment.

BancorpSouth is expected to attempt to offer evidence that Plaintiff Swift (and other members of the certified class) had control over other accounts or sources of payment when he overdrew his account.  As this Court held in its December 16, 2010 Order (DE # 1016), such evidence is *irrelevant* to the issue of whether or not the Bank's practice of posting debits from

highest-to-lowest dollar amount was lawful or is otherwise insulated from civil liability.

> **2.      Evidence of Plaintiff's Purpose of, and Use of Funds that Resulted in Overdraft Fees.**

BancorpSouth is expected to attempt to offer evidence of the purpose and use of the transactions on which overdraft fees were assessed in order to buttress its defense that that high-to-low posting benefits customers by giving settlement priority to more important transactions. As this Court held in its December 16, 2010 Order (DE # 1016), however, such evidence is *irrelevant* to the issue of whether or not the Bank's practice of posting debits from highest-to-lowest dollar amount was lawful or is otherwise insulated from civil liability—"[w]hether Plaintiff was paying her rent, purchasing a hamburger, or paying hospital bills is completely irrelevant to the ultimate determination of whether Defendant banks violated the law.  Bringing in clearly irrelevant evidence will only serve to obfuscate the issues."

> **3.      References to Interpretive Letters by the Office of the Comptroller of the Currency and Statements in the Office of the Comptroller of the Currency's Website.**

BancorpSouth is expected to attempt to offer into evidence certain letters by the Office of the Comptroller of the Currency ("OCC") in an effort to show that it purportedly complied with federal regulations.  This Court has already determined that:

> the OCC's interpretative letter does not authorize debit card postings in a high to low order to increase fees, it merely states that doing so does not violate the OCC's requirement that banks set fees using sound banking judgment. A bank could follow both the requirements of sound banking judgment outlined in Section 7.4007 and good faith; these principals are not in irreconcilable conflict.

*In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1313 (S.D. Fla. 2010) *motion to certify appeal denied*, 09-MD-02036-JLK, 2010 WL 3377592 (S.D. Fla. July 1, 2010) *and reconsideration denied*, 797 F. Supp. 2d 1312 (S.D. Fla. 2011).

Thus, unless BancorpSouth can produce an OCC interpretive letter which actually "authorize[s] debit card postings in a high to low order to increase fees," any reference to such letters is *irrelevant* and is likely to confuse the issues and mislead the fact finder and should be excluded.

The same argument applies with even greater force to statements published on the "Q and A" section of the OCC's website. A federal agency's statements in the "Q and A" section of its website do not have the force of law and are not to be given deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2278 (1984). *See In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 559 F. Supp. 2d 424, 439 (S.D.N.Y. 2008) ("Such documents fall into the category of 'nonlegislative rules' and may include, for example, staff manuals, inspection manuals, opinion letters, unpublished non-binding opinions, press releases, amicus briefs, advisories and bulletins.").

Here, any references to the OCC's "Q and A" section of its website to support BancorpSouth's or its experts' positions on prudent and reasonable banking practices should be excluded because such information does <u>not</u> have the force of law and is therefore wholly *irrelevant* in determining whether BancorpSouth is liable for Plaintiffs' state-law claims.

Furthermore, permitting references to these interpretive letters and statements in the "Q and A" section of the OCC website would only confuse the issues and prejudice Plaintiffs' ability to have their case fairly heard. Therefore, any references to OCC's interpretive letters and statements on its website should be excluded.

### 4.    Evidence that BancorpSouth's Posting Practices are Common in the Banking Industry and are Used by BancorpSouth's Competitors.

One of BancorpSouth's experts, Paul A. Carrubba, provides an expert report in which he purports to opine that: (1) BancorpSouth's posting sequence is in accordance with "reasonable

commercial standards within the banking industry" and does not maximize overdraft fees; (2) the posting sequence is "in line with prudent business practices . . . consistent with [BancorpSouth's] major competitors; and (3) the provisions in BancorpSouth's Deposit Agreement are consistent with the types of disclosures made by "other banks similar to BancorpSouth and are consistent with reasonable banking practices and industry standards." *See* BancorpSouth's Expert Witness Disclosure and Report of Paul A. Carrubba, pp. 3-4 (Exhibit A).[1]

### a.   The Testimony in Question Lacks Foundation and is Not Helpful.

BancorpSouth has produced, and will produce at trial, direct evidence regarding BancorpSouth's purported reasons for changing its policies regarding overdrafts.  BancorpSouth has represented that longtime senior bank employees Mr. Jeff Jaggers and Mr. Michael Lindsey are the most knowledgeable on this topic.  The experts hired by BancorpSouth are in no position to opine as to why such business decisions were actually made, and if permitted to do so, will only serve as "stamp of approval" for BancorpSouth's actions.  Far from being helpful, such testimony invades the traditional province of the finder of fact and, therefore, should be excluded at trial.

---

[1] Pursuant to the Court's Order of August 21, 2012 (DE 2891), the deadline for the parties to complete expert discovery is October 12, 2012 and the deadline for the parties to file objections to designated experts and to file *Daubert* motions is October 19, 2012.  However, this Court's Order of July 13, 2012 (DE 2834) provides that motions in limine are to be filed by October 9, 2012.  Plaintiffs are therefore moving in limine to exclude the evidence and testimony of BancorpSouth's disclosed experts in order to comply with the October 9, 2012 deadline notwithstanding the fact that expert discovery is still ongoing and objections to experts and *Daubert* motions are not due for another ten days.  Plaintiffs respectfully reserve the right to supplement this motion at the conclusion of expert discovery as well as to file objections to designated experts and *Daubert* motions on similar grounds or such other grounds as may be appropriate on or before the deadline set by this Court for the filing of such objections and motions.

### b.        The Testimony in Question is Cumulative.

Even where expert opinion testimony is relevant, its admissibility rests in the trial court's sound discretion.  Fed. R. Evid. 403.  The Court has discretion to exclude cumulative evidence. *See United States v. Hicks*, 103 F.3d 837 (9th Cir. 1996); *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996); *United States v. Cross*, 308 F.3d 308, 326 (3rd Cir. 2002). Moreover, the Court may properly exclude expert opinion testimony where the facts are capable of being understood and evaluated by the finder of fact without the aid of an expert.

Any testimony from BancorpSouth's experts as to why BancorpSouth changed the sequencing of transactions is cumulative and adds virtually nothing to the probative force of the other, more direct evidence from BancorpSouth's employees.  Moreover, the probative value, if any, of such evidence would be substantially outweighed by the time it takes to present it.  The purported business reasons for the change in BancorpSouth's ordering practice are not a hard concept for the finder of fact to grasp, and can be easily understood without the aid of BancorpSouth's experts.

### c.        The Testimony in Question Is Unduly Prejudicial to Plaintiffs.

The Court has broad discretion to exclude evidence if its prejudicial value outweighs its probative value, or if the evidence, although possibly relevant, will serve to confuse the issues. See Fed. R. Evid. 403; *United States v. Howell*, 285 F.3d 1263, 1266 (10th Cir. 2002).  The Court must consider whether the search for the truth will be helped or hindered by the interjection of evidence, assessing the evidence's probative value and the harmful consequences specified in Rule 403. *See id.*; *United States v. Foster*, 376 F.3d 577, 592 (6th Cir. 2004).  Here, the only "value" that the expert testimony in question may have is to prejudice Plaintiffs, confuse the issues, and waste the time of the parties and the Court.  As such, it is properly excluded.

      **d.**     **Mr. Carrubba's Opinions that BancorpSouth's Practices are Consistent with the Practices of Other Banks are Inadmissible, Irrelevant, and Unduly Prejudicial.**

Mr. Carrubba's opinion that BancorpSouth's practices are reasonable and prudent because everyone else is doing the same thing, and any testimony predicated on industry custom and practice, is inadmissible under Fed. R. Evid. 402 as *irrelevant*. The actions of other banks in the industry have no bearing on the present case and will not make the existence of any fact of consequence in this action more or less probable. See Fed. R. Evid. 401. As such, Mr. Carrubba's industry custom and practice opinions should be excluded.

In addition, the probative value of such evidence is substantially outweighed by the prejudice to Plaintiffs and confusion of the issues its admission would cause, in violation of Fed. R. Evid. 403; *Howell*, 285 F.3d at 1266; *Foster*, 376 F.3d at 592; *United States v. Murillo*, 288 F.3d 1126, 1137 (9th Cir. 2002). Allowing Mr. Carrubba, a purported expert in the banking industry, to offer his expert opinion that BancorpSouth is merely following suit with what all the other major banks are doing would unduly prejudice Plaintiffs. The issue in this litigation is whether BancorpSouth's practice of "debit card postings in a high to low order to increase (overdraft) fees" are permissible or made in good faith, not whether other banks are engaging in the same wrongful conduct as BancorpSouth. *See*, this Court's Order Ruling on the Omnibus Motion to Dismiss, rejecting defendants' argument that "the high-to-low posting practice cannot be substantively unconscionable because it is a standard industry practice . . .." *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1320 (S.D. Fla. 2010), *motion to certify appeal denied*, 09-MD-02036-JLK, 2010 WL 3377592 (S.D. Fla. July 1, 2010), *and reconsideration denied*, 797 F. Supp. 2d 1312 (S.D. Fla. 2011).

### 5.   Evidence of the "Benefits" of Permitting Overdrafts.

One of BancorpSouth's experts, Michael J. Barone, provides an expert report in which he discloses that he intends:

> to testify that plaintiff's repeated incurring of overdraft fees reflects the ability of these sequencing and overdraft payment policies to provide consumers with important benefits and to enable consumers to avoid significant negative consequences they would experience in the absence of these policies.

*See* BancorpSouth's Expert Witness Disclosure and Report of Michael J. Barone, pp. 2-6 (Exhibit B).[2]

Testimony on this subject is, however, completely irrelevant to the issue of whether or not "debit card postings in a high to low order to increase (overdraft) fees" are permissible or made in good faith.  This litigation is unconcerned with whether or not honoring overdrafts, rather than rejecting transactions, that would overdraw the account in general might be objectively beneficial to some consumers.  Accordingly, evidence of whether or not consumers may derive a benefit from overdraft programs is *irrelevant*.  In addition, the probative value of such evidence is substantially outweighed by the prejudice to Plaintiffs and confusion of the issues its admission would case, in violation of Fed. R. Evid. 403; *Howell*, 285 F.3d at 1266; *Foster*, 376 F.3d at 592; *Murillo*, 288 F.3d 1126, 1137 (9th Cir. 2002).  The issue in this litigation is whether BancorpSouth's debit card postings in a high to low order to increase (overdraft) fees" are permissible or made in good faith, not whether other banks are engaging in the same wrongful conduct as BancorpSouth.

---

[2] See the prior footnote with regard to the separate schedules for filing motions in limine and for completing expert disclosure and for filing objections to experts and *Daubert* motions. Plaintiffs respectfully reserve the right to supplement this motion at the conclusion of expert discovery as well as to file objections to designated experts and to file *Daubert* motions on similar grounds or such other grounds as may be appropriate on or before the deadline set by this Court for the filing of such objections and motion.

**III.     Conclusion**

Based on the foregoing, (1) Evidence of Plaintiff's Alternative Sources of Payment; (2) Evidence of Plaintiff's Purpose of, and Use of Funds that Resulted in Overdraft Fees; (3) References to Interpretive Letters by the OCC and Statements in the OCC's Website; (4) Evidence that BancorpSouth's Posting Practices are Common in the Banking Industry and are Used by BancorpSouth's Competitors; and (5) Evidence of the "Benefits" of Permitting Overdrafts are irrelevant and the probative value of such evidence is substantially outweighed by a danger of confusing the issues or misleading the finder of fact.   Accordingly, Plaintiffs respectfully request that the Court enter an Order excluding such evidence pursuant to Federal Rules of Evidence 401 and 403.

Dated: October 9, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No. 516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181


/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592


/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596