**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Swift v. BancorpSouth, Inc.*
N.D. FL, C.A. No. 1:10-00090-SPM-AK
S.D. Fla. Case No. 1:10-cv-23872-JLK

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AS TO CERTAIN OF DEFENDANT BANCORPSOUTH BANK'S
AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Shane Swift, on behalf of himself and the certified class ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.5, moves for summary judgment as to certain of Defendant BancorpSouth Bank's ("BancorpSouth" or "Defendant") affirmative defenses, and in support states:

**INTRODUCTION**

On July 6, 2011, BancorpSouth filed its Amended Answer and Defenses to Plaintiff's Second Amended Complaint and asserted fifteen (15) separate affirmative defenses. (DE # 1693). Pursuant to this Court's Revised Scheduling Order, fact discovery in this action is now closed. (DE # 2834). After more than two years of discovery, the record is devoid of facts necessary to establish the applicability of several of BancorpSouth's affirmative defenses. Plaintiffs are entitled to summary judgment as a matter of law because the undisputed facts in the record could not lead a rational fact-finder to find for BancorpSouth on its Second, Third, Fourth,

Fifth, Eighth, Ninth, Fourteenth and Fifteenth affirmative defenses.  Because Plaintiffs intend to prove their case through Plaintiff Swift's affirmative case, the claims of which are governed by Arkansas law, Plaintiffs rely on Arkansas law in support of this Motion.

**I.      Undisputed Facts Entitling Plaintiffs to Summary Judgment**

1.      Plaintiff Swift was not aware until shortly before this lawsuit was filed that BancorpSouth engaged in the practice of re-sequencing and posting his debit card transactions from high to low dollar amount, and that he incurred overdraft fees as a result of Defendant's practice.  January 18, 2012 Deposition of Shane Swift ("Shane Swift Depo.") at pp. 77-79, attached as *Exhibit A*; Plaintiff Shane Swift's Objections and Responses to Defendant BancorpSouth Bank's First Continuing Interrogatories to Plaintiff at No. 18 ("Plaintiff's Interrogatory Responses"), attached as *Exhibit B*; August 16, 2012 Deposition of Trina Swift ("Trina Swift Depo.") at pp. 42-44, attached as *Exhibit C*.

2.      Plaintiff Swift's bank account statements did not disclose BancorpSouth's practice of re-sequencing and posting debit card transactions from high to low dollar value.  May 10, 2012 Fed. R. Civ. P. 30(b)(6) Deposition of Michael Lindsey ("Lindsey Depo.") at p. 89, attached as *Exhibit D*.

3.      BancorpSouth's Deposit Account Terms and Conditions ("Deposit Agreement") did not disclose its high to low posting order.  (DE # 2274-4 at p. 4; DE # 2274-5 at p. 4; DE # 2274-6 at p. 7; DE # 2274-7 at p. 4; DE # 2274-8 at p. 4; DE # 2274-9 at p. 5; DE # 2274-10 at p. 4; and DE # 2274-11 at p. 4).[1]

4.      In addition, the Deposit Agreement states that the order in which BancorpSouth

---

[1] Citations are to all versions of the Deposit Agreement that were produced to Plaintiff by BancorpSouth and subsequently attached as an exhibit to Plaintiff's Motion for Class Certification.  (DE # 2271).

posts customers' transactions and its payment of transactions in overdraft do not create a course of dealing. (DE # 2274-4 at p. 4; DE # 2274-5 at p. 4; DE # 2274-6 at p. 7; DE # 2274-7 at p. 4; DE # 2274-8 at p. 4; DE # 2274-9 at p. 5; DE # 2274-10 at p. 4; and DE # 2274-11 at p. 4). Further, the Deposit Agreement states that a course of dealing cannot be established to vary the terms of the Deposit Agreement. (DE # 2274-4 at p. 5; DE # 2274-5 at p. 5; DE # 2274-6 at p. 8; DE # 2274-7 at p. 5; DE # 2274-8 at p. 5; DE # 2274-9 at p. 5; DE # 2274-10 at p. 5; and DE # 2274-11 at p. 5).

5.     Since 2003, BancorpSouth has engaged in the practice of re-sequencing customers' debit card transactions that are at issue in this lawsuit. October 12, 2012 Fed. R. Civ. P. 30(b)(6) Deposition of Jeff Jaggers ("Jaggers Depo.") at p. 146, attached as *Exhibit E*.

## II.     Standard for Entry of Summary Judgment

"Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Evanston Ins. Co. v. Milton Const. Co.*, No. 08-22988, 2009 WL 3048488, at *1 (S.D. Fla. Sept. 23, 2009) (citing Fed. R. Civ. P. 56). "If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial." *Evanston Ins. Co.*, 2009 WL 3048488 at *1. "The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate 'specific facts showing that there is a genuine issue for trial.'" *Evanston Ins. Co.*, 2009 WL 3048488 at *1 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Chanel, Inc. v. Italian Activewear*

*of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact").

"On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party; however, a mere scintilla of evidence is support of the nonmoving party's position is insufficient to defeat a motion for summary judgment." *Evanston Ins. Co.*, 2009 WL 3048488 at *1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-255 (1986)). "If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper." *Evanston Ins. Co.*, 2009 WL 3048488 at *1 (citing *Anderson*, 477 U.S. at 252).

### III.   Plaintiffs are Entitled to Summary Judgment as to Certain of BancorpSouth's Affirmative Defenses.

For the Court's convenience, BancorpSouth's affirmative defenses (DE # 1693) on which summary judgment is sought are set forth in *italics*, and Plaintiffs' argument for summary judgment with respect to each such defense follows immediately thereunder.

#### a.   Second Affirmative Defense – Statutes of Limitations

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole or in part, by applicable statutes of limitations. Due to the early stage of the proceedings in this matter and the fact that discovery has just begun, BancorpSouth is currently unable to determine with precision the specific claims asserted by Plaintiff or on behalf of the purposed class which are time-barred. As currently pleaded, the complaint seeks compensation for overdraft charges and other damages that are so far in the past that recovery for those charges is barred by the applicable statutes of limitations in Alabama, Arkansas, Florida, Louisiana, Mississippi, Missouri, Tennessee, or Texas -- the states in which BancorpSouth does business. To the extent that Plaintiff or purported class members are seeking compensation for alleged improper overdraft charges beyond the number of years governing the limitations period for the claims asserted, such claims are barred.*

Plaintiffs are entitled to summary judgment on BancorpSouth's statutes of limitations

affirmative defense because the certified class definition explicitly confines itself to claims that accrued within the applicable statutes of limitations.   In this Court's Order Granting Class Certification, the Court certified the following class:

> All BancorpSouth Bank customers in the United States who had on or more consumer accounts and who, from applicable statutes of limitation through August 13, 2010 (the "Class Period), incurred an overdraft fee as a result of BancorpSouth's practice of sequencing debit card transactions from highest to lowest.

(DE # 2673 at p. 22).   Thus, pursuant to this Court's Order, all damages being sought by Plaintiffs fall within the applicable statute of limitations for each cause of action.

Accordingly, Plaintiffs are entitled to summary judgment on BancorpSouth's statutes of limitations affirmative defense.

### b.        Third Affirmative Defense – Statutes of Repose

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole or in part, by applicable statutes of repose.  Due to the early stage of the proceedings in this matter and the fact that discovery has just begun, BancorpSouth is currently unable to determine with precision the specific claims asserted by Plaintiff or on behalf of the purported class which are time-barred. As currently pleaded, the complaint seeks compensation for overdraft charges and other damages that are so far in the past that recovery for those charges is barred.  To the extent that Plaintiff or purported class members are seeking compensation for alleged improper overdraft charges so far after the time when Plaintiff or purported class members became aware of such charges as to make any claim for recovery in this lawsuit prejudicial to BancorpSouth, such claims are barred.*

This Court can easily dispose of BancorpSouth's affirmative defense of statutes of repose because there is simply no statute of repose under the laws of Alabama, Arkansas, Florida, Louisiana, Mississippi, Missouri, Tennessee or Texas that would bar any of Plaintiffs' claims. Plaintiffs have brought claims for: (1) breach of contract and breach of the covenant of good faith and fair dealing; (2) conversion; (3) unjust enrichment; (4) unconscionability; and (5) violations of the Arkansas Deceptive Trade Practice Act.   BancorpSouth cannot identify any

statutes of repose that would apply to these claims and Plaintiff has been unable to locate any applicable statutes of repose in his research for this Motion.

Accordingly, Plaintiffs are entitled to summary judgment as a matter of law on BancorpSouth's statutes of repose affirmative defense.

### c. Fourth Affirmative Defense – Laches

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole are in part, by the doctrine of laches. Due to the early stage of the proceedings in this matter and the fact that discovery has just begin, BancorpSouth is currently unable to determine with precision the specific claims asserted by Plaintiff or on behalf of the purported class which are time-barred. As currently pleaded, the complaint seeks compensation for overdraft charges and other damages that are so far in the past that recovery for those charges is barred. To the extent that Plaintiff or purported class members are seeking compensation for alleged improper overdraft charges so far after the time when Plaintiff or purported class members became aware of such charges as to make any claim for recovery in this lawsuit prejudicial to BancorpSouth, such claims are barred.*

BancorpSouth's defense of laches fails as a matter of law. The Arkansas Supreme Court has described the laches defense as requiring that it be "based on the equitable principle that an unreasonable delay by the party seeking relief precludes recovery when the circumstances are such as to make it inequitable or unjust for the party to seek relief." *Royal Oaks Vista, L.L.C. v. Maddox*, 271 S.W.3d 479, 483 (Ark. 2008).[2] Accordingly, "[t]he laches defense requires a

---

[2] Louisiana courts do not recognize the doctrine of laches at all, *Fishbein v. State ex rel. Louisiana State Univ. Health Sciences Center*, 898 So.2d 1260, 1270 (La. 2005), and the Mississippi Supreme Court has held that the doctrine of laches is inapplicable where the claim has not been barred by the applicable statute of limitations. *Mississippi Dept. of Human Services, v. Molden*, 644 So.2d 1230, 1231 (Miss. 1994). Accordingly, the defense does not apply to claims under these states as a matter of law. Courts in Alabama, Florida, Missouri, Tennessee and Texas only recognize the doctrine of laches in the same circumstances as the Arkansas courts. *See Elliott v. Navistar, Inc.*, 65 So.3d 389, 386 (Ala. 2010) (Alabama law); *Vassalo v. Goldwire*, 18 So. 3d 670, 672 (Fla. 1st DCA 2009) (Florida law); *O'Connell v. School Dist. of Springfield R-12*, 830 S.W.2d 410, 417 (Mo. 1992) (Missouri law); *In re Darwin's Estate*, 503 S.W.2d 511, 514 (Tenn. 1973) (Tennessee law); *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (Texas law).

detrimental change in the position of the one asserting the doctrine, as well as an unreasonable delay by the one asserting his or her rights against whom laches is invoked." *Royal Oaks Vista, L.L.C.*, 271 S.W.3d at 483.

As a threshold matter, the defense of laches may never be applied to Plaintiffs' claims for breach of contract and breach of the convent of good faith and fair dealing (Count I), conversion (Count III) and violations of the Arkansas Deceptive Trade Practice Act (Count V) because laches does not apply to actions at law. *See Warford v. Union Bank of Benton*, No. CA 09-1301, 2010 WL 3770745, at *5 (Ark. App. Sept. 29, 2010). In Arkansas, "the doctrine of laches in only applicable where **equitable relief** is sought; where a party is only seeking to enforce a legal right not barred by the statute of limitations and is not seeking equitable relief, the doctrine of laches has no application even if it could otherwise apply."[3]  *Id.* (quoting *Landreth v. First Nat'l Bank of Cleburne County*, 45 F.3d 267, 271 (8th Cir. 1995) (emphasis added). Further, laches has no application to Plaintiffs' claim for unjust enrichment (Count IV) because Plaintiffs do not seek equitable relief, but, rather, legal relief in the form of money damages. *See Rogers Iron & Metal Corp. v. K & M, Inc.*, 738 S.W.2d 110, 111 (Ark. App. 1987) (holding that laches, an equitable defense, has no application in a case where the plaintiff sued to obtain a money judgment – an action at law); *Landreth*, 45 F.3d at 271 ("Laches is not applicable to actions for damages.").

Accordingly, the only claim to which the doctrine of laches could even arguably apply is

---

[3] As in Arkansas jurisprudence, courts in Alabama, Florida, Missouri, and Mississippi only apply the doctrine of laches when equitable relief is sought. *Elliott v. Navistar, Inc.*, 65 So.3d 379, 386-87 (Ala. 2010) (Alabama law); *Brumby v. Brumby*, 647 So.2d 330, 331 (Fla. 4th DCA 1994) (Florida law); *Littlefield v. Edmonds*, 172 S.W.3d 903, 908 (Mo. Ct. App. 2005) (Missouri law); *Bailey v. Estate of Kemp*, 955 So.2d 777, 783 (Miss. 2007). Although Texas and Tennessee courts have applied the doctrine of laches where a party is seeking to enforce a legal right and/or legal relief, the doctrine fails as to the claims brought under these states' laws because, as argued below, BancorpSouth cannot satisfy the elements of unreasonable delay or prejudice.

the claim for unconscionability (Count III), which seeks a declaratory judgment.  However, because BancorpSouth has not offered any evidence supporting the elements necessary to establish the defense of laches, the defense does not apply to the claim for unconscionability.  As explained above, under Arkansas law, the laches defense "requires a detrimental change in the position of the one asserting the doctrine [BancorpSouth], as well as an unreasonable delay by the one asserting his or her rights against whom laches is invoked [Plaintiffs]."  *Id.*  Although "[a] defense based on laches presents a question of fact which normally must be decided by the trial court," BancorpSouth is "still required to produce some evidence on all of the necessary elements in order to defeat" the instant Motion.  *Gable v. Anthony*, No. CA 10-234, 2010 WL 4525401, at *6 (Ark. App. Nov. 10, 2010) (affirming trial court's grant of summary judgment in favor of appellees where appellant failed to produce evidence in support of laches).  Here, BancorpSouth cannot meet that burden.

BancorpSouth cannot support its laches claim by claiming unreasonable delay because the undisputed facts establish that there was little or no delay in filing the instant action after Plaintiff Swift first became aware of BancorpSouth's debit re-sequencing.  Plaintiff Swift testified that it was only when he retained counsel that he was able to determine that BancorpSouth had been re-sequencing his debit card transactions from high to low dollar amount.  Shane Swift Depo. at pp. 77-79; *see also* Plaintiff's Interrogatory Responses at No. 18; Trina Swift Depo. at pp. 42-44.  In addition, on May 10, 2012, BancorpSouth's Center Vice-President, Michael Lindsey, admitted that Plaintiff's account statements did not disclose BancorpSouth's re-sequencing practice.  Lindsey Depo. at p. 89.  Further, BancorpSouth's Deposit Account Terms and Conditions ("Deposit Agreement") fails to disclose the high to low posting order.  (DE # 2274-4 at p. 4; DE # 2274-5 at p. 4; DE # 2274-6 at p. 7; DE # 2274-7 at p.

4; DE # 2274-8 at p. 4; DE # 2274-9 at p. 5; DE # 2274-10 at p. 4; and DE # 2274-11 at p. 4).

Rather, the Deposit Agreement merely states: "[i]f more than one item or order is presented for payment against the account on the same day and the available balance of the account is insufficient to pay them all, we may pay any of them in any order we choose." *Id.* Accordingly, the facts do not support any unreasonable delay on the part of Plaintiff Swift based on his knowledge of the high to low posting order.

In any event, Arkansas courts have made it clear that "the passage of time is not the only element necessary to establish the defense of laches." *Gable*, 2010 WL 4525401 at *6. Instead, "[l]aches requires a showing of some sort that the party asserting the doctrine has suffered or changed its position as a result of the lack of diligence or delay in assertion of rights." *Id.* BancorpSouth has not offered any facts suggesting that it detrimentally relied on any action or inaction of Plaintiff Swift, or members of the certified class, in deciding to continue its practice of debit re-sequencing; nor can BancorpSouth produce evidence that it changed its position based on any action or inaction of Plaintiffs. Indeed, BancorpSouth continues to engage in debit re-sequencing to this day, despite the filing of this action almost two and a half years ago. *See* Jagger Depo. at p. 146. Accordingly, a reasonable finder of fact could not determine that BancorpSouth was harmed by any purported action or inaction of Plaintiffs. *Gable*, 2010 WL 4525401 at *6.

Therefore, Plaintiffs are entitled to summary judgment on BancorpSouth's laches affirmative defense.

### d.    Fifth Affirmative Defense – Accord and Satisfaction

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole or in part, by principles of accord and satisfaction. Plaintiff and purported class members voluntarily initiated all transactions which caused their accounts to be overdrawn, and some portion of these transactions were*

9

> undertaken by Plaintiff or purported class members with knowledge that the transaction or transactions at issue would cause their accounts to be overdrawn and incur a fee, or that a substantial risk existed that such a transaction would cause an overdraft. Plaintiff or purported class members incurred overdraft fees in these situations and paid the fees without protest. Plaintiff's and purported class members' voluntary participation in and acceptance of what they now claim is a compensable wrong bars one or more of their claims.

BancorpSouth's affirmative defense of accord and satisfaction fails as a matter of law because there are no set of facts that can establish an agreement between Plaintiff Swift and other members of the certified class, and BancorpSouth whereby the parties agreed to discharge the claims asserted in the instant action.

The Arkansas Supreme Court has defined accord and satisfaction "as a settlement in which one party agrees to pay and the other to receive a different consideration or a sum less than that amount to which the latter considers himself entitled." *Glover v. Woodhaven Homes, Inc.*, 57 S.W.3d 211, 216 (Ark. 2001). "The essential elements of accord and satisfaction are: (1) proper subject matter; (2) competent parties; (3) an assent or meeting of the minds; and (4) consideration." *Id.* Thus, "[t]he validity of an accord and satisfaction is dependent upon the same basic factors and principles that govern contracts generally and the burden of proving the agreement is simply the burden of proving a contract: offer, acceptance, and consideration." *Housely v. Hensley*, 265 S.W.3d 136, 142 (Ark. App. 2007).[4]

Consequently, the defense of accord and satisfaction simply does not fit the facts of this

---

[4] Courts in Alabama, Florida, Louisiana, Mississippi, Missouri, Tennessee, and Texas require substantially the same elements. *See Austin v. Cox*, 492 So.2d 1021, 1022 (Ala. 1986) (Alabama law); *Rudick v. Rudick*, 403 So.2d 1091, 1093-94 (Fla. 3d DCA 1981) (Florida law); *J.O. Miller v. Lumbermens Mutual Cas. Ins. Co.*, 488 So.2d 273, 279 (La. Ct. App. 1986) (Louisiana law); *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So.2d 748, 754 (Miss. 2003) (Mississippi law); *Midwest Division-OPRMC, LLC v. Dept. of Social Serv., Div. of Medical Serv.*, 241 S.W.3d 371, 383 (Mo. Ct. App. 2007) (Missouri law); *Key v. Lyle*, No. M2009-01328-COA-R3-CV, 2010 WL 1486908, at *3 (Tenn. Ct. App. Apr. 13, 2010) (Tennessee law); *City of Houston v. First City*, 827 S.W.2d 462, 472 (Tex. Ct. App. 1992) (Texas law).

case.  In order for the defense to even be applicable here BancorpSouth would have had to make some type of payments to Plaintiffs, and Plaintiffs would have had to accept the payments in settlement of claims Plaintiffs had against BancorpSouth.  There are simply no facts that could ever be adduced here that would support this scenario.

What is more, even if BancorpSouth were to contend that Plaintiffs accepted some type of consideration in satisfaction of a claim they had against BancorpSouth, there is no evidence that there was a meeting of the minds to the effect that Plaintiffs purportedly accepted the unidentified consideration in satisfaction of any claim that they had against BancorpSouth.  As the Arkansas Supreme Court has stated with regard to accord and satisfaction, "[t]he key element is a meeting of the minds, such that there must be an objective indicator that the parties agreed that the payment tendered will discharge the debt."  *Glover*, 57 S.W.3d at 216.  Here, BancorpSouth cannot present any objective indicator of an agreement between Plaintiffs and BancorpSouth that would operate as an accord and satisfaction.

Accordingly, Plaintiffs are entitled to summary judgment on BancorpSouth's affirmative defense of accord and satisfaction.

### e.      Eighth Affirmative Defense – Ratification, Acceptance and/or Release

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole or in part, by principles of ratification, acceptance and/or release.  Plaintiff and purported class members voluntarily initiated all transactions which caused their accounts to be overdrawn, and some portion of these transactions were undertaken by Plaintiff or purported class members with knowledge that the transaction or transactions at issue would cause their accounts to be overdrawn and incur a fee, or that a substantial risk existed that such a transaction would cause an overdraft.  Plaintiff or purported class members knowingly incurred overdraft fees in these situations and paid the fees without protest.  Plaintiff and purported class members are estopped from seeking compensation for charges which were previously objected to, and subsequently waived or refunded by BancorpSouth, or accepted by Plaintiff or purported class members after explanation by BancorpSouth. Plaintiff's and purported class members' voluntary participation in and acceptance of what they now claim is a*

11

*compensable wrong bars one or more of their claims.*

For its eighth affirmative defense, BancorpSouth claims that Plaintiffs' claims are barred because Plaintiffs allegedly ratified BancorpSouth's wrongful conduct by accepting the purported benefits of BancorpSouth's overdraft policies and practices, thereby releasing the claims asserted in this lawsuit.  This contention fails as a matter of law.

"Ratification is a doctrine of agency, which is well-established in the common law, and it refers to the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another without authority."  *Arnold v. All Am. Assur. Co.*, 499 S.W.2d 861, 865 (Ark. 1973).[5]  Although ratification is typically a question of fact for the jury, Arkansas courts have made it clear that "[t]he doctrine of ratification, however, has no application if there was no agency relationship."  *Sterne, Agee & Leach, Inc. v. Way*, 270 S.W.3d 369, 376 (Ark. App. 2007) (citing *E.P. Dobson, Inc. v. Richard*, 705 S.W.2d 893, 894 (Ark. App. 1986) ("The doctrine of ratification is inapplicable when no agency relationship is proved.")). The "essential elements for a showing of the agency relationship [are] authorization and control." *Taylor v. Gill*, 934 S.W.2d 919, 921 (Ark. 1996).  Here, it is undisputed that there is no agency relationship between Plaintiffs and BancorpSouth, and it would be impossible for BancorpSouth to show that Plaintiffs controlled BancorpSouth when it paid Plaintiffs' overdrafts, particularly given the previously cited language in the Deposit Agreement – "[i]f more than one item or order is presented for payment against the account on the same day and the available balance of the

---

[5] Courts in Alabama, Florida, Louisiana, Mississippi, Missouri, Tennessee and Texas follow the same basic principle.  *See Austin v. Cox*, 523 So.2d 376, 378 (Ala. 1988) (Alabama law); *Zurstrassen v. Stonier*, 786 So.2d 65, 71 (Fla. 4th DCA 2001) (Florida law); *Cartinez v. Reliable Amusement Co., Inc.*, 746 So.2d 246, 252-53 (La. Ct. App. 1999) (Louisiana law); *Green Acres Farms, Inc. v. Brantley*, 651 So.2d 525, 529 (Miss. 1995) (Mississippi law); *Murphy v. Jackson Nat. Life Ins. Co.*, 83 S.W.3d 663, 668 (Mo. Ct. App. 2002) (Missouri law); *Bells Banking Co. v. Jackson Centre, Inc.*, 938 S.W.2d 421, 427 (Tenn. Ct. App. 1996) (Tennessee law); *Willis v. Donnelly*, 199 S.W.3d 262, 273 (Tex. 2006) (Texas law).

account is insufficient to pay them all, ***we may pay any of them in any order we choose***."
(emphasis added).  Thus, the affirmative defense of ratification and acceptance fail as a matter of
law.

In addition, BancorpSouth's affirmative defense of release fails as a matter of law
because it is undisputed that no release exists.  "A release agreement is a contractual agreement,
and the essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal
consideration, (4) mutual agreement, and (5) mutual obligations.  *Anaya v. Ford*, No. CA 11-
757, 2012 WL 11274, at *4 (Ark. App. Jan. 4, 2012).[6]  Releases, like other contracts, "must
contain terms that are definitely agreed upon and reasonably certain."  *Id.* at *5.  "Mutual
agreement, as evidenced by objective indicators, is essential.  If there is no meeting of the minds,
there is no contract."  *Id.*  Moreover, the intention of the releasor to release must be "manifest".
*Nall v. Scott*, 342 S.W.2d 418, 421 (Ark. 1961).  BancorpSouth cannot provide evidence that
there was ever any agreement of release between it and Plaintiffs which that would satisfy any of
the essential elements of a contract apart from competent parties.  There is certainly no evidence
of a meeting of the minds between Plaintiffs and BancorpSouth whereby Plaintiffs were
releasing their claims by paying the overdraft fees.  Crucially, there is no evidence showing that
Plaintiffs had any "manifest" intent to release their claims against BancorpSouth.

Accordingly, Plaintiffs are entitled to summary judgment as to BancorpSouth's
affirmative defense of release as a matter of law.

---

[6] Courts in Alabama, Florida, Louisiana, Mississippi, Missouri, Tennessee and Texas require the
same contractual elements.  *Whitman v. Walker County Bd. of Educ.*, 591 So.2d 481, 482 (Ala.
1991) (Alabama law); *Cain v. Banka*, 932 So.2d 575, 580 (Fla. 5th DCA 2006) (Florida law);
*Jordan v. City of Baton Rouge Through City Police Dept.*, 529 So.2d 412, 415 (La. Ct. App.
1988) (Louisiana law); *Illinois Cent. R. Co. v. McDaniel*, 951 So.2d 523, 530 (Miss. 2006)
(Mississippi law); *Kenney v. Vansittert*, 277 S.W.3d 713, 720 (Mo. Ct. App. 2008) (Missouri
law); *Burks v. Belz-Wilson Properties*, 958 S.W.2d 773, 776 (Tenn. Ct. App. 1997) (Tennessee
law); *Vera v. North Star Dodge Sales, Inc.*, 989 S.W.2d 13, 17 (Tex. Ct. App. 1998) (Texas law).

### f.      Ninth Affirmative Defense – Res Judicata and/or Judicial Estoppel

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole or in part, by principles of res judicata and/or judicial estoppel. Any claims related to purported compensable or wrongful overdraft charges previously raised and resolved by Plaintiff or purported class members cannot form the basis of their claims herein.*

Contrary to BancorpSouth's assertion, neither the principles of *res judicata* nor judicial estoppel are applicable in the instant case. Indeed, there are no facts that could ever support the application of these two principles to the instant case.

As held by the Arkansas Supreme Court, "[r]es judicata means that 'a thing or matter has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction.'" *Baptist Health v. Murphy*, No. 09-1070, 2010 WL 3835844, at *7 (Ark. Sept. 30, 2010) (quoting *Beebe v. Fountain Lake Sch. Dist.*, 231 S.W.3d 628, 634 (Ark. 2006)). Thus, "[r]es judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated." *Baptist Health*, 2010 WL 3835844 at *8 (citing *Beebe*, 231 S.W.3d at 634).[7]   As a threshold matter, BancorpSouth's affirmative defense fails as a matter of law because there has never been a prior lawsuit between the parties from which *res judicata* could arise to bar the present lawsuit or any claims asserted therein. Accordingly, Plaintiffs are entitled to summary judgment on BancorpSouth's *res judicata* affirmative defense.

---

[7] Courts in Alabama, Florida, Louisiana, Mississippi, Missouri, Tennessee and Texas follow the same basic principles. *See Equity Resources Mgmt., Inc., et al. v. Vinson*, 723 So.2d 634, 636 (Ala. 1998) (Alabama law); *W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So.3d 79, 83 (Fla. 4th DCA 2010) (Florida law); *Hines v. Smith*, 16 So.3d 1234, 1238 (La. Ct. App. 2009) (Louisiana law); *Davis Island Land Co., LLC v. Vicksburg Warren School Dist.*, 949 SO.2d 754, 757 (Miss. Ct. App. 2006) (Mississippi law); *Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. Ct. App. 2009) (Missouri law); *Mitrano v. Houser*, 240 S.W.3d 854, 860 (Tenn. Ct. App. 2007) (Tennessee Law); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652-53 (Tex. 1996) (Texas law).

For the same reason, BancorpSouth's affirmative defense of judicial estoppel fails as a matter of law.  "A party asserts the doctrine of judicial estoppel by arguing that 'a party may be prevented from taking inconsistent positions in successive cases with the same adversary.'"  *Cox v. Miller*, 210 S.W.3d 842, 847 (Ark. 2005) (quoting *Dupwe v. Wallace*, 140 S.W.3d 464, 469 (Ark. 2004)).  Thus, judicial estoppel cannot be established by BancorpSouth because there is no earlier case between Plaintiffs and BancorpSouth.[8]  Further, neither judicial estoppel nor *res judicata* can be applied through a representative party doctrine given that there has been no other case in which Plaintiffs were represented.  Such an application requires a "substantial identity of the parties" such that the "two parties are so identified with one another that they represent the same legal right."  *Jayel Corp v. Cochran*, 234 S.W.3d 278, 282 (Ark. 2006).  BancorpSouth cannot argue that with regard to the claims asserted here that Plaintiffs were "adequately represented by someone with the same interests who [wa]s a party' to [a] prior suit."  *Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services*, 533 F.3d 634, 640 (8th Cir. 2008).

Accordingly, Plaintiffs are entitled to summary judgment on BancorpSouth's judicial estoppel affirmative defense.

### g.    Fourteenth Affirmative Defense – Voluntary Payment Doctrine

*The claims of Plaintiff or purported class members against BancorpSouth are barred, in whole or in part, by the voluntary payment doctrine or similar legal theory in that the obligations and fees about which Plaintiff complains were paid voluntarily.  Plaintiff or purported class members are barred from recovering for*

---

[8] For the same reason, judicial estoppel cannot be applied under Alabama, Florida, Mississippi, Missouri, Tennessee or Texas law.  *See Martin v. Cash Exp., Inc.*, 60 So.3d 236, 245 (Ala. 2010) (Alabama law); *Bueno v. Workman*, 20 So.3d 993, 997 (Fla. 4th DCA 2009) (Florida law); *Thomas v. Bailey*, 375 So.2d 1049, 1052-53 (Miss. 1979) (Mississippi law); *Vinson v. Vinson*, 243 S.W.3d 418, 422 (Mo. Ct. App. 2007) (Missouri law); *Thrapp v. Thrapp*, No. E.2006-00088-COA-R3-CV, 2007 WL 700963, at *7 (Tenn. Ct. App. Mar. 8, 2007) (Tennessee law); *Bailey v. Barnhart Interest, Inc.*, 287 S.W.3d 906, 910-11 (Tex. Ct. App. 2009) (Texas law).  On the other hand, courts in Louisiana have held that judicial estoppel is not applicable under Louisiana law. *Miramon v. Woods*, 639 So.2d 353, 358 (La. Ct. App. 1994).

*any overdraft charges arising from transactions in which they voluntarily and actively engaged or from which they benefited. Plaintiff or purported class members incurred overdraft fees in these situations and paid the fees without protest. Plaintiff and purported class members are estopped from seeking compensation for charges which were previously objected to, and subsequently waived or reversed by BancorpSouth, or accepted by Plaintiff or purported class members after explanation by BancorpSouth. Plaintiff's and purported class members' voluntary participation in what they now claim is a compensable wrong bars one or more of their claims.*

BancorpSouth's voluntary payment doctrine affirmative defense fails as a matter of law because there is no evidence that Plaintiffs voluntarily paid the overdraft fees assessed to their accounts.

Under Arkansas' voluntary payment rule, "a person cannot recover money that he or she has voluntarily paid." *Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.*, 618 F.3d 762, 782 (8th Cir. 2010) (citing *Boswell v. Gillett*, 295 S.W.2d 758, 761 (Ark. 1956)). "A payment is deemed voluntary, and thus not recoverable, 'when a person without mistake of fact or fraud, duress, coercion, or extortion pays money on a demand which is not enforceable against him.'" *Id.* (citation omitted). Thus, "one voluntarily paying a claim with knowledge of the facts or under such circumstances that he is affected with such knowledge cannot recover the payment on the ground that the claim was unenforceable." *Hall v. Hawkins Oil & Gas, Inc.*, 715 S.W.2d 462, 463 (Ark. App. 1986).[9]

This case is vastly different from cases in which a plaintiff affirmatively makes a payment to the defendant on a demand which is not enforceable and then sues to recover it.

_____

[9] Courts in Alabama, Florida, Louisiana, Mississippi, Missouri, Tennessee and Texas apply the doctrine in the same circumstance. *Mount Airy Ins. Co. v. Doe Law Firm*, 668 So.2d 534, 537-38 (Ala. 1995) (Alabama law); *Ruiz v. Brink's Home Sec., Inc.*, 777 So.2d 1062, 1064 (Fla. 2d DCA 2001) (Florida law); *Ken Lawler Builders, Inc. v. Delaney*, 892 So.2d 778, 780 (La. Ct. App. 2005) (Louisiana law); *McDaniel Bros. Const. Co. v. Burk-Hallman Co.*, 175 So.2d 603, 605 (Miss. 1965) (Mississippi law); *Huch v. Charter Communications, Inc.*, 290 S.W.3d 721, 726 (Mo. 2009) (Missouri law); *Pratt v. Smart Corp.*, 968 S.W.2d 868, 871 (Tenn. Ct. App.) (Tennessee law); *Miga v. Jensen*, 299 S.W.3d 98, 103 (Tex. 2009) (Texas law).

Here, Plaintiffs did not voluntarily pay the overdraft fees at issue. BancorpSouth exclusively decided, without any prior notice or opportunity to object or protest, to withdraw money from Plaintiffs' accounts to pay for the overdraft fees wrongfully assessed. The funds were taken from Plaintiffs, not paid by Plaintiffs, and because the funds were taken from Plaintiffs without their acquiescence, BancorpSouth's demand for payment was manifestly unenforceable. Because BancorpSouth's withdrawals were not "payments" as the term is recognized by Arkansas law, the voluntary payment doctrine has no applicability to the instant case.

Even assuming *arguendo* that this Court were prepared to consider bank-initiated withdrawals as payments, Plaintiffs' "payment" of overdraft fees assessed to their accounts upon demand by BancorpSouth was made under a *mistake of fact* that BancorpSouth had correctly calculated the amount of overdraft fees assessed to their accounts. BancorpSouth cannot present evidence that would support that Plaintiffs had full knowledge of the way in which BancorpSouth calculated the overdraft fees assessed to their accounts because it has already been established that Plaintiff Swift was unaware of BancorpSouth's practice of debit re-sequencing until May 2010, when he retained counsel. BancorpSouth not only is unable to present evidence that Plaintiffs possessed actual knowledge of the facts surrounding BancorpSouth's assessment of overdraft fees, but in light of BancorpSouth's admission that Plaintiffs' account statements did not disclose BancorpSouth's high to low posting order, BancorpSouth is unable to present any evidence that Plaintiffs had constructive knowledge of BancorpSouth's overdraft policies and practices. *See* Lindsey Depo. at p. 89.

Accordingly, Plaintiffs are entitled to summary judgment as to BancorpSouth's voluntary payment doctrine affirmative defense.

### h.     Fifteenth Affirmative Defense – Course of Dealing

*The claims that Plaintiff asserts against BancorpSouth are barred because Plaintiff acquiesced, as a course of dealing, in Defendant's interpretation, application, and implementation of the contractual terms and provisions, and benefited from Defendant's interpretation, application and implementation of the contractual terms and provisions.  At one or more time, Plaintiff or purported class members took advantage of knowledge that BancorpSouth would honor transactions for which Plaintiff's account had insufficient funds.  Plaintiff or purported class members are barred from recovering any overdraft charges arising from transactions in which they actively engaged or from which they benefited.  Plaintiff's and purported class members' failure to cease the practice of voluntarily authorizing transactions that caused overdraft fees after being notified that fees were imposed, in both fee notices and monthly statements constituted agreement to a course of dealing between the parties.*

BancorpSouth's course of dealing affirmative defense fails as a matter of law because it expressly contradicts the express terms of the Deposit Agreement.

In the section entitled "Effect of Termination or Amendment" the Deposit Agreement states that "[n]o practice or course of dealing in connection with the account which is at variance with this Agreement shall constitute a modification of amendment of this Agreement."  (DE # 2274-4 at p. 4; DE # 2274-5 at p. 4; DE # 2274-6 at p. 7; DE # 2274-7 at p. 4; DE # 2274-8 at p. 4; DE # 2274-9 at p. 5; DE # 2274-10 at p. 4; and DE # 2274-11 at p. 4).  In addition, the section entitled "Order of Payment" states that "[o]ur payment of any item or order in overdraft does not create any obligation for us to pay any other item or order in overdraft in the future, and you agree that <u>no course of dealing</u> regarding the payment of items or order in overdraft will be created between us."  *Id.* (emphasis added).  Yet, in the face of clear language to the contrary in its own adhesive contract, BancorpSouth claims that its payment of transactions for which Plaintiffs purportedly had insufficient funds in their accounts somehow created a course of dealing between the parties.  BancorpSouth cannot, on one hand, contractually preclude Plaintiffs from relying on a purported course of dealing between the parties and then, on the

other hand, unilaterally impose a course of dealing because it suits its purposes. The express terms of the Deposit Agreement bar BancorpSouth's fatuous attempt to insert a new contradictory provision into the Deposit Agreement.

While a course of dealing may be established to vary the terms of a contract when a contract does not contain a nonwaiver and/or no-unwritten-modification provision, Arkansas law is clear that, if a contract includes such clauses, a course of dealing cannot be established for such purpose. *Minor v. Chase Auto Finance Corp.*, 372 S.W.3d 762, 766-67 (Ark. 2010) (nonwaiver and no-unwritten-modification clauses in a contract preclude waiver of strict compliance with contract through course of dealing); *Webster v. Business Credit Corp. v. Bradley Lumber Co.*, No. 1:09-CV-1083, 2011 WL 5974582, at *3 (W.D. Ark. Nov. 29, 2011) (holding no-modification-by-course-of-dealing provision precluded course of dealing from modifying or waiving provisions in contract). *See also Brach Banking & Trust Co. v. Houma Dollar Partners, L.L.C.*, No. 10-002670CB-M, 2012 WL 384484, at *11 (S.D. Ala. Feb. 6, 2012) (non-waiver and no-unwritten-modification provision precluded course of dealing from modifying contract); *Cox v. CSX Intermodal, Inc.*, 732 So.2d 1092, 1097 (Fla. 1st DCA 1999) (contract was unambiguous and could not be modified by course of dealing); *Terrebonne Fuel & Lube, Inc. v. Placed Refining Co.*, 681 So.2d 1292, 1296-97 (La. Ct. App. 1996) (course of dealing cannot override express contractual provision); *Melson v. Traxler*, 356 S.W.3d 264, 274 (Mo. Ct. App. 2011) (course of dealing cannot vary plain terms of contract); *General Plumbing & Heating, Inc. c. American Air Filter Co., Inc.*, 696 F.2d 375, 378 (5th Cir. 1983) (express terms of contract preclude evidence of course of dealing) (applying Mississippi law); *Buchholz v. Tenn. Farmers Life Reassurance Co.*, 145 S.W.3d 80, 84 (Tenn. Ct. App. 2003) ("modification of an existing contract cannot arise from an ambiguous course of dealing"); *Printing Center of*

*Texas, Inc. v. Supermind Pub. Co., Inc.*, 669 S.W.2d 779, 784 (Tex. Ct. App. 1984) (course of dealing may not be used to contradict express terms of contract).

Accordingly, Plaintiffs are entitled to summary judgment on BancorpSouth's course of dealing affirmative defense.

## IV.    Conclusion

Based on the foregoing, there is no genuine issue of material fact that BancorpSouth's Second, Third, Fourth, Fifth, Eighth, Ninth, Fourteenth and Fifteenth affirmative defenses are inapplicable and fail as a matter of law.  Accordingly, Plaintiffs respectfully request that the Court enter an Order granting summary judgment in Plaintiffs' favor as to these affirmative defenses.

Dated: October 9, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Steven C. Marks, Esquire
Florida Bar No.  516414
smarks@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
Jon Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
Broward Financial Center
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
   BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Robert C. Gilbert*
Robert C. Gilbert
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

24