# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT | ) |
| OVERDRAFT LITIGATION | ) |
| | ) |
| MDL No. 2036 | ) |
| *Fourth Tranche* | ) |
| _____ | ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| | ) |
| *Shane Swift v. BancorpSouth, Inc.,* | ) |
| S.D. Fla. Case No. 1:10-cv-23872-JLK | ) |
| _____ | ) |

PLAINTIFF SHANE SWIFT'S OBJECTIONS AND
RESPONSES TO DEFENDANT BANCORPSOUTH BANK'S
FIRST CONTINUING INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff, Shane Swift ("Plaintiff") hereby responds to Defendant, BancorpSouth Bank's ("BancorpSouth" or "Defendant") First Continuing Interrogatories to Plaintiff ("interrogatories").

GENERAL OBJECTIONS

1.      Plaintiff objects to each discovery request that asks for interrogatory response or the identification of documents that are inconsistent with what Judge James Lawrence King has already determined to be the proper scope of discovery for requests served on plaintiffs in his Opinion Setting Standards for Resolution of Discovery Interrogatories and Production of Documents dated December 15, 2010 (D.E. #1016).

2.      Plaintiff objects to each discovery request to the extent it calls for documents or other information that are protected from discovery by the attorney-client privilege, work

product doctrine, or any other applicable privilege. Any inadvertent disclosure of privileged information shall not be deemed a waiver by Plaintiff of any applicable privilege or doctrine.

3.      Plaintiff's discovery and investigation with respect to the issues in this case are ongoing. The following responses and objections are provided without prejudice to Plaintiff's right to revise or supplement their responses or objections based on subsequent discovery or investigation.

4.      Plaintiff objects to each discovery request to the extent it seeks confidential or private personal or business information. To the extent that documents and other information requested by Defendant are not protected from discovery based on attorney-client privilege or work product doctrine, and are otherwise discoverable, they will be produced subject to an appropriate protective order.

5.      Plaintiff objects to each discovery request to the extent that it begs the question and/or assumes facts which have not been admitted. By responding to these requests, Plaintiff does not admit, concede or agree with any explicit or implicit assumption made in the requests.

6.      Plaintiff's identification of documents and other information in response to these requests is not intended and should not be construed as (a) an admission that the produced documents or other information are relevant or admissible; (b) a waiver of any of these General Objections; or (c) a waiver of any specific objections asserted in response to individual discovery requests. Plaintiff reserves all proper objections regarding the competency, relevancy, materiality, privilege, authenticity and/or admissibility as evidence, for any purpose, of any and all documents and other information produced by Plaintiff in this litigation.

7.       Plaintiff objects to the "Definitions," "Instructions," and to each discovery request to the extent they purport to impose any requirement or discovery obligation on Plaintiff

greater than or different from those imposed by Rule 26 or 33 of the Federal Rules of Civil Procedure and the applicable rules of this Court.

8.     Plaintiff objects to the definition of "you" and "your" to the extent it calls for information protected by the attorney-client privilege or work product doctrine, and to the extent it seeks documents or information relating to accounts held by anyone other than Plaintiff.

9.     Plaintiff objects to each discovery request to the extent it seeks information about accounts other than those that are the subject of this litigation, or accounts other than Plaintiff's BancorpSouth debit card and/or checking account.

10.     Plaintiff objects to the interrogatories to the extent that they are premature contention interrogatories subject to later response under Federal Rules of Civil Procedure 26(a) and 33(a)(2).  Plaintiff reserves the right to respond more fully later, or to supplement or amend any response after a sufficient opportunity for discovery.

11.     Plaintiff objects to the interrogatories to the extent that they are unlimited in scope and time.

12.     Plaintiff objects to the interrogatories to the extent that they use an overbroad definition of the term "identify," and to the extent that the use of the term in certain interrogatories does not comport with any of the stated definitions.

13.     Plaintiff objects to the interrogatories to the extent that they contain discreet subparts, and therefore, could exceed the allowable number of interrogatories under Rule 33 of the Federal Rules of Civil Procedure and/or under any applicable court order.

14.     Plaintiff objects to the interrogatories to the extent that they seek information that Defendants already have in their possession, and are otherwise cumulative or duplicative of information in Defendant's possession custody or control, or of information already requested or

sought in these interrogatories or contained in documents produced in response to Defendant's requests for production.

15.    Plaintiff objects to the interrogatories to the extent that they request opinions or legal conclusions, for example, seeking "every material detail" calls for a legal conclusion about certain facts that might be omitted or included.

16.    Plaintiff objects to the interrogatories to the extent that certain interrogatories seek "all" or "every" piece of information as overbroad and unduly burdensome, and as calling for information that is either irrelevant, or cumulative or duplicative of information already provided in these interrogatories, or of information provided in documents produced in response to Defendant's requests for production.

17.    Plaintiff objects to any interrogatory that seeks legal argument that will be the subject of later proceedings in this case.

## RESPONSES TO INTERROGATORIES

1.    Identify each person, other than BancorpSouth or its employees, or your counsel, who has knowledge of or information concerning any of the facts alleged in the Complaint and, for each person identified, state the facts of which that person has knowledge or information and identify any documents that reflect, support, or evidence such facts.

**RESPONSE:**

Plaintiff and Plaintiff's wife, Trina Swift, as the joint account holders of the account at issue in this lawsuit, have knowledge of facts alleged in the Complaint, including the debit card transactions made under their BancorpSouth accounts, their management of those accounts, and documents or other communications sent by Defendant relating to their accounts.

4

Earnings Performance Group, a third party consultant retained by BancorpSouth, assisted BancorpSouth with developing and implementing its high-to-low re-sequencing policy.

FDR, a third party which Defendant identifies in its discovery responses to date was involved in authorizing certain debit card transactions.

2.      Other than documents provided to you by BancorpSouth or that you know to be in BancorpSouth's possession, identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend substantiates or supports each of your contentions involved in this case, and identify the person presently having possession, custody or control of each item listed.

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff will produce documents responsive to Defendant's First Continuing Request for Production of Documents to Plaintiff. The responsive documents are in the possession of Plaintiff.

3.      Identify all persons from whom you have obtained written or oral statements regarding the subject matter of this litigation, the date each such statement was taken or made, the person who obtained the statement and specify the information contained within said statement.

**RESPONSE:**

None, other than the deposition of Jeff Jaggers taken on October 12, 2011.

4.      Identify each agent, person, corporation, firm, association or other entity that has been retained by you to conduct or has otherwise conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such

5

investigation; the date(s) that any investigation was started and completed; and the identity of the person to whom the results were submitted.

**RESPONSE:**

Plaintiff has retained attorneys from Kopelowitz Ostrow, P.A., and Chitwood Harley Harnes LLP to investigate Plaintiff's claims and file a class action lawsuit on his behalf.   In light of interrogatory number 5, below, Plaintiff interprets this interrogatory as not seeking information regarding any expert witnesses.

5.      Identify all expert witnesses you expect to call, whether live or by affidavit or deposition, in any trial or evidentiary hearing in this action, or whose testimony you intend to present in support of your motion to certify a class in this action or in support of any alleged damages, and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions for the expert's expected testimony, all bases for each opinion, and all information considered by such expert (including, but not limited to, data, treatises, compilations, or other opinions) in arriving at his opinion.

**RESPONSE:**

At this time, Plaintiff has not determined the experts he expects to call at the trial or any evidentiary hearing in this action.   Plaintiff will comply with Court's Scheduling Order Pertaining to "Fourth Tranche" Cases (D.E. # 1340) regarding the disclosure of expert witnesses for trial.  Plaintiff has retained Art Olsen of Cassis Technology, LLC, 903 N. 130th Street #108, Seattle, WA 98133, as an expert in support of his Motion for Class Certification.   See Mr. Olsen's declaration filed in support of Plaintiff's Motion for Class Certification for the subject matter, the substance of the facts and opinions, the bases for the opinions, and all information considered by Mr. Olsen in arriving at his expert opinions to date.

6.     If you contend that BancorpSouth, its agents or representatives, or any of its predecessor's agents or representatives, have made any admissions against interest with respect to any of the allegations contained in the Complaint, state with specificity and particularity all such admissions against interest, identify the maker of each such admission, identify the substance of each such admission, identify the date each such admission was made, and identify all persons who witnessed or who possess information regarding each such admission.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it seeks information protected by the word-product doctrine.  In addition, Plaintiff objects because a response to this interrogatory calls for a legal conclusion.  Subject to and without waiving the foregoing, Plaintiff contends the deposition transcript of Jeff Jaggers taken in this case contains admissions against BancorpSouth.

7.     Identify each person whom you expect to call or whom you may call as a witness at the trial of this case and, for each such person, provide a detailed summary of the facts, matters, or opinions about which each such witness will or may testify in this case.

**RESPONSE:**

At this time, Plaintiff has not determined each person who he expects to call at the trial of this case.  Plaintiff will comply with Court's Scheduling Order Pertaining to "Fourth Tranche" Cases (D.E. # 1340) regarding the disclosure of lay witnesses expected to testify at trial. Plaintiff refers Defendant to the Trial Plan submitted with his Motion for Class Certification, which provides some detail as to witnesses that he would intend to call at trial.

8.     Identify all persons (other than Plaintiff's legal counsel) who participated in preparing the response to these Interrogatories.

**RESPONSE:**

In addition to Plaintiff's legal counsel, Plaintiff, Shane Swift, participated in preparing the responses to these interrogatories.

9.      With respect to your BancorpSouth account statements that have been produced to you and are attached to BancorpSouth's First Requests for Admissions to Plaintiff, identify each individual fee that you contend was assessed by BancorpSouth unfairly, unconscionably, unlawfully or in bad faith.

**RESPONSE:**

Plaintiff objects to this interrogatory because a response to this interrogatory calls for a legal conclusion.  Subject to and without waiving the foregoing, Plaintiff relies on the analysis if his expert, Art Olsen, as to overdraft fees that were assessed by BancorpSouth as a result of re-sequencing for which Plaintiff seeks relief in this lawsuit.

10.      With respect to your BancorpSouth account statements that have been produced to you and are attached to BancorpSouth's First Requests for Admissions to Plaintiff, identify each individual fee for which you seek recovery or restitution in this lawsuit.

**RESPONSE:**

See response to interrogatory #9.

11.      For each individual fee identified in your response to the preceding Interrogatory, state all facts on which you base your contention that the fee was assessed unfairly, unconscionably, unlawfully or in bad faith.

**RESPONSE:**

See response to interrogatory #9.  In summary, Plaintiff now understands that Defendant assessed and collected overdraft fees for debit card transactions based on the bank re-ordering

debit card transactions to high-to-low, which increased the frequency of overdraft fees being assessed.

12.     If you have had any account in last 5 years at another financial institution to which overdraft fees or charges were assessed, and if so, please identify the financial institution and type of account.

**RESPONSE:**

In supplement to the General Objections above, Plaintiff objects to this interrogatory on the grounds that it is inconsistent with Section A. of the Opinion Setting Standards For Resolution of Discovery Interrogatories and Production of Documents dated December 15, 2010 (D.E. #1016), which Plaintiff contends should be applicable to this case.   In response to the first tranche banks' request that the plaintiffs produce information regarding their finances on accounts that are not at issue in this litigation, the Court denied the banks' motion to compel ruling that such requests were irrelevant and unduly burdensome.  Accordingly, Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible evidence.

13.     Describe each and every fact that you contend supports your allegations in the complaint that you have incurred or suffered damages "as a result" of BancorpSouth's conduct.

**RESPONSE:**

Plaintiff objects to this interrogatory as having the potential to invade the attorney-client and work product privileges to identify every fact that Plaintiff contends supports his claims. The request is also unduly burdensome as it would require the Plaintiff to list every fact that could be inferred from the review of the thousands of pages of documents produced to date by Defendant, as well as the facts revealed by way of Defendant's written discovery responses and

9

the deposition testimony of Jeff Jaggers, in his capacity as Defendant's Federal Rule of Civil Procedure 30(b)(6) deponent.  Plaintiff additionally incorporates and relies on the Court's comments and rulings regarding contention interrogatories set forth in the order dated December 16, 2010 (D.E. # 1016), and the standards the Court imposed in that Order.  Discovery is ongoing, and as such, Plaintiff does not know each and every fact that supports his allegations in the Complaint that he has suffered damages as a result of BancorpSouth's conduct.

Plaintiff's Motion for Class Certification and related Appendices, inclusive of exhibits, the deposition of Jeff Jaggers, and the declaration of Art Olsen provide facts supportive of the allegations in Complaint. Plaintiff will comply with any other Order issued by the Court regarding the identification of trial exhibits.

14.     Identify each and every lawsuit to which you have ever been a party, or in which you have ever given testimony under oath, in which a financial institution was also a party or the subject matter involved a product offered by a financial institution. Identify any such lawsuit by stating the name of the lawsuit, the date on which it was filed, and the court in which it is or was pending.

**RESPONSE:**

None.  Plaintiff also notes the ruling that the Court made in its December 16, 2010 Order (D.E. # 1016 at 9-10) regarding inquiries into other litigation to which Plaintiff may have been a party.

15.     Identify all receipts referred to in footnote 3 of your Complaint.

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff will produce documents responsive to this request.

10

16.     Identify all receipts in your possession from third-parties for transactions in which overdraft fees were charged to you by BancorpSouth as shown on the account statements that have been produced to you and are attached to BancorpSouth's First Requests for Admissions to Plaintiff.

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff will produce documents that are responsive to this request that he possesses, but does not believe he maintains possession of every receipt for every transaction for which Defendant charged him an overdraft fee.

17.     Identify the earliest date when you became aware that BancorpSouth engaged in "reorder[ing] debits from highest to lowest" as you allege in Paragraph 35 of the Complaint.

**RESPONSE:**

In supplement to the General Objections above, Plaintiff objects to this interrogatory on the grounds that it is vague, inasmuch as Plaintiff cannot be expected to know what the Defendant means by "when you became aware."  The interrogatory is also objectionable because it mischaracterizes the allegation in paragraph 35 of the Complaint, which reads:  "The Deposit Agreement fails to indicate that the Bank will always reorder debits from highest to lowest."

18.     Identify the earliest date when you became aware that BancorpSouth might pay a debit card transaction although the transaction resulted in your account becoming overdrawn.

**RESPONSE:**

In supplement to the General Objections above, Plaintiff objects to this interrogatory on the grounds that it is vague, inasmuch as Plaintiff cannot be expected to know what the Defendant means by "when you became aware."  Subject to and without waiving the foregoing, Plaintiff does not recall when he first became aware that BancorpSouth "might pay a debit card

11

transaction although the transaction resulted in your account becoming overdrawn." Plaintiff is aware that the Defendant did from time to time pay debit card transactions for which the bank assessed overdraft fees because the bank indicated funds in his account were insufficient to pay for such debit card transactions. However, he was not aware until shortly before this lawsuit was filed that Defendant had assessed certain overdraft fees on his account as a result of re-ordering debit card transactions on his account from highest to lowest.

## **VERIFICATION**

STATE OF ARKANSAS     )
                            )ss:
COUNTY OF RANDOLPH   )

      The undersigned, Shane Swift, states that he has reviewed the foregoing Responses to Defendant BancorpSouth Bank's First Continuing Interrogatories to Plaintiff and that the answers given are true and correct to the best of his knowledge, information and belief.

Shane Swift

SUBSCRIBED and sworn to before me this  6  day of  Jan.   2011. 2012

Notary Public

MY COMMISSION EXPIRES:  3-29-17

BECKY MURPHY
MY COMMISSION # 12361222
EXPIRES: March 29, 2017
Greene County

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

| | |
|---|---|
| **IN RE: CHECKING ACCOUNT** | ) |
| **OVERDRAFT LITIGATION** | ) |
| | ) |
| **MDL No. 2036** | ) |
| *Fourth Tranche* | ) |
| _____ | ) |
| | ) |
| **THIS DOCUMENT RELATES TO:** | ) |
| | ) |
| *Shane Swift v. BancorpSouth, Inc.,* | ) |
| **S.D. Fla. Case No. 1:10-cv-23872-JLK** | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2011, I served the foregoing Objections and Responses to BancorpSouth Bank's First Continuing Interrogatories to Plaintiff by electronic mail on the following:

Eric Jon Taylor
Darren E. Gaynor
PARKER, HUDSON,
RAINER & DOBBS LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5000
Facsimile: (404) 522-8409

*/s/ Jeffrey M. Ostrow*
JEFFREY M. OSTROW
Florida Bar No. 121452
ostrow@kolawyers.com
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG KEECHL**
200 S.W. First Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*Counsel for Plaintiff and the Proposed Classes*

14