UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE: CHECKING ACCOUNT<br>OVERDRAFT LITIGATION | )<br>)<br>) |
| MDL No. 2036<br>*Fourth Tranche*<br>_____ | )<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO: | )<br>) |
| *Shane Swift v. BancorpSouth, Inc.,*<br>S.D. Fla. Case No. 1:10-cv-23872-JLK<br>_____ | )<br>)<br>) |

DEFENDANT BANCORPSOUTH BANK'S NOTICE OF INTENT
TO FILE MOTIONS UPON REMAND

BancorpSouth Bank[1] ("BancorpSouth" or the "Bank") hereby files this Notice of Intent to File Motions Upon Remand. BancorpSouth intends to file certain motions -- including motions in limine, a motion to bifurcate trial, and a motion to transfer venue -- upon remand of this matter by the Judicial Panel for Multidistrict Litigation (the "JPML") to the U.S. District Court for the Northern District of Florida (the "Transferor Court"). *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 2004 WL 315148, at \*4 n.6 (S.D. Ind. Jan. 2004) ("The proper manner for raising a case-specific motion in the MDL is to file a notice of intent to file the motion upon remand. . . The plaintiffs shall file their responses to [*Daubert*] motions after remand and according to a schedule established by the transferor court."). As such, BancorpSouth also objects to any requirement to file "all motions" in this Court, particularly as such requirement is

---

[1]   BancorpSouth, Inc. previously asserted that it is not a proper defendant in this matter and, as a result, Plaintiff Swift named BancorpSouth Bank as the sole defendant in the Second Amended Complaint (DE #994).

set forth in this Court's July 13, 2011 Revised Scheduling Order (DE #2834), and hereby reserves the right to file any motions in the Transferor Court upon remand.[2]

## CITATION OF AUTHORITY

**1.     This case will be remanded to the Northern District of Florida.**

This case -- the only case pending against BancorpSouth in MDL 2036 -- was filed in the Northern District of Florida and was subsequently transferred to this Court as part of MDL 2036. The JPML granted this Court authority to preside over "coordinated or consolidated pretrial proceedings" for factual questions common to all actions in MDL 2036. (DE # 1.) At the end of coordinated pretrial proceedings, the JPML will remand this action to the Transferor Court. 28 U.S.C. § 1407(a); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34-35 (1998).

**2.     Fourth Tranche matters are no longer on a uniform schedule.**

On April 13, 2011, this Court entered its Revised Scheduling Order Pertaining to "Fourth Tranche" Cases, which applied to this action and 14 others. (DE #1340.) The Order was entered "without prejudice to the right of any party to seek adjustments or modifications from the Court." (*Id.*) The majority of the original Fourth Tranche banks have since settled. (*See, e.g.*, DE #2169.) The Court has entered three revised scheduling orders for the four remaining Fourth Tranche defendants:  one limited to the PNC Bank cases (DE #2730); one governing cases pending against Comerica and Capital One (DE #2788); and one governing this case. (DE #2834.) The exisitence of three divergent schedules governing the four remaining fourth tranche defendants suggests that the "coordinated" pretrial proceedings have come to a close for the Fourth Tranche.

**3.     MDL Courts regularly reserve motions in limine and other case-specific motions for remand.**

The purpose of the MDL is to "promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters common among all cases." *In re Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 798 (N.D. Ohio 2004); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 2004 U.S. Dist. LEXIS 18937, at *10-12 (W.D. Wash. Sept. 3, 2004) (same). As such, MDL courts often refuse to rule on case-specific motions. *See In*

---

[2]  In the event that the Transferror Court is not the court to ultimately try this matter, BancorpSouth reserves the right to file such motions in the trial court.

*re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 2012 U.S. Dist. LEXIS 3634, at *28 (D. Minn. Jan. 10, 2012) (summary judgment motions on state-specific issues "are best addressed by courts in the state where plaintiffs' claims arose"); *see also In re Light Cigarettes Mktg. Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 142432, at *11 (D. Me. Dec. 12, 2011) (the transferor court should preside over issues that "present case-specific questions unique to the state law of their respective jurisdictions"); *In re Meridia*, 328 F. Supp. 2d at 798 ("the transferee court typically does not rule on cumbersome, case-specific legal issues"); *In re Phenylpropanolamine*, 2004 U.S. Dist. LEXIS 18937 at *10-11. Indeed, the Transferor Court has jurisdiction to review an MDL court's orders on such issues after remand. *See, e.g.*, *In re Ford Motor Co.*, 591 F.3d 406 (5th Cir. 2009) (transferor court need not follow transferee court orders that conflict with Fifth Circuit precedent).

Motions in limine and other trial-related motions in particular are properly left for the Transferor Court to decide. The "court should refrain from the undue speculation inherent in making evidentiary rulings before hearing the factual context at trial" because the trial "court is almost always better situated during the actual trial to assess the value and utility of evidence." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) *citing Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). As such, MDL courts routinely refuse to rule on motions in limine, and other evidentiary objections, because such determinations are "more appropriately made by the ultimate trial court after remand or transfer." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1997 U.S. Dist. LEXIS 851, at *8 (E.D. Pa. Jan. 21, 1997) (denying, in part, motion to exclude testimony without prejudice to renewal before transferor court); *see also In re Cobra Tax Shelters Litig.*, 2009 U.S. Dist. LEXIS 31713, at *3 (S.D. Ind. Apr. 14, 2009) ("It is the Court's view that the pending motions in limine on the admissibility of expert testimony would be best resolved by the court that ultimately tries this case. . . . [T]his Court is no better position than the transferor court to decide the pending matters"); *In re Bridgestone/Firestone*, 2004 WL 315148, at *4 n.4, *5 (deferring ruling on *Daubert* motions for determination by the transferor court following remand); *Benefield v. Clarkson*, 2006 U.S. Dist. LEXIS 82770, at *2-3 (W.D.N.C. Nov. 13, 2006) ("The proper method for challenging an expert under *Daubert* is to file a Motion In Limine in close temporal proximity to the Final Pretrial

Conference"). Further, any ruling on a motion in limine would be both limited to this action and subject to review by the Transferor Court. *See, e.g.*, *In re Ford Motor Co.*, 591 F.3d 406.

> **4.**      **This Court cannot decide a motion to transfer venue in this action.**

Defendant plans to file a motion to transfer venue in this matter because the Northern District of Florida is not the proper venue for the trial of this action. Plaintiff Swift is a resident of Arkansas, BancorpSouth is headquartered in Mississippi and the bulk of its branches are in Mississippi and Arkansas, and none of the individuals listed on Plaintiff's and Defendant's lay witness lists reside in Florida. A transfer to the Northern District of Mississippi or the Eastern District of Arkansas would promote the interests of justice and be substantially more convenient for the parties and witnesses. As such, BancorpSouth intends to file a motion to transfer venue pursuant to 28 U.S.C. § 1404.

This Court may not decide such a motion, however. *Lexecon*, 523 U.S. at 41 n.4 ("we find that the statutory language of § 1407 precludes a transferee court from granting any § 1404(a) motion . . . "); *see also Mann v. Lincoln Elec. Co.*, 2011 U.S. Dist. LEXIS 82585, *13 n.6 (N.D. Ohio July 28, 2011) ("It is clear that the originating, transferor court may grant a motion to transfer venue, pursuant to §1404(a), after the transferee court has remanded the case to the originating court, pursuant to §1407(a); but the transferee court may not skip a step and grant a §1404(a) transfer itself."). Because only the Transferor Court can decide a Section 1404 motion to transfer the venue of this matter, BancorpSouth intends to file such motion upon remand.

<b>CONCLUSION</b>

Because this action must be remanded to the Transferor Court for trial, all motions in limine and other evidentiary motions, motions to transfer venue, motions to bifurcate trial, and other case-specific motions should be reserved to that court. The Transferor Court is best suited to resolve questions specific to this case, and has jurisdiction to review this Court's rulings on these issues on remand. Further, because the Transferor Court will preside over the trial, it should make determinations regarding evidentiary objections, such as motions in limine. For all of these reasons, BancorpSouth files this Notice to notify the Court and opposing counsel that it intends to file motions in limine and other evidentiary motions, a motion to bifurcate this trial, a

motion to transfer venue, and other motions upon the remand of this matter to the Transferor Court, and that BancorpSouth objects to any requirement to file such motions in this Court pursuant to the currently-governing scheduling order.

Respectfully submitted this 9th day of October, 2012.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Eric Jon Taylor*
Eric Jon Taylor
Georgia Bar No. 699966
ejt@phrd.com
William J. Holley, II
Georgia Bar No. 362310
wjh@phrd.com
David B. Darden
1500 Marquis Two Tower               Georgia Bar No.  250341
285 Peachtree Center Avenue N.E.     dbd@phrd.com
Atlanta, Georgia 30303               Darren E. Gaynor
Telephone:  (404) 523-5300           Georgia Bar No. 288210
Facsimile:  (404) 522-8409           deg@phrd.com

*Counsel for Defendant BancorpSouth Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record entitled to receive service.

This 9th day of October, 2012.

<u>*/s/ Eric Jon Taylor*    </u>
Eric Jon Taylor

2457271_1