IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Simmons v. Comerica Bank,*
N.D. Tex. No. 10-326
S.D. Tex. No. 10-22958

STIPULATION AND [PROPOSED] ORDER REGARDING
COMPLETION OF FACT DISCOVERY AND REVISED
SCHEDULING ORDER

1. By this stipulation, the parties seek to modify the deadlines set forth in the Revised Scheduling Order entered by the Court on June 25, 2012 [DE #2788], and request that the Court adopt and approve this stipulation as an Order of the Court.

2. This stipulation is entered by the parties in an effort to avoid motion practice relating to the completion of fact discovery in this case. This stipulation memorializes the parties' understandings and agreements concerning the timeline and mode for completion of fact discovery.

3. Despite the general collegiality between counsel in the prosecution and defense of this case, a discovery dispute arose in late July 2012. This dispute resulted in the Plaintiffs' filing of a motion to compel seeking sanctions. The Court initially scheduled the motion to

1

compel for hearing on October 2, 2012. Subsequently, the Court rescheduled the hearing on the motion to compel for October 17, 2012.

4. The Plaintiffs generally contend that Comerica Bank collected electronically stored information ("ESI") from an inadequate number of custodians and also failed to adequately supervise the collection of ESI. Comerica Bank contends that it has complied with the parties' agreements, that Plaintiffs' motion to compel is without a proper basis, and that the motion to compel is primarily intended to induce a settlement under threat of an adverse ruling. Plaintiffs dispute these contentions.

5. Separately, in the face of the ever increasing costs of ESI-related discovery, Comerica Bank recently purchased and implemented the Clearwell E-Discovery Platform ("Clearwell"). Clearwell is designed to streamline the ESI discovery process. In an effort to resolve the lingering discovery dispute between the parties, Comerica Bank proposes to load the complete ESI (including e-mail files) of each previously agreed-upon core and non-core custodian into Clearwell. Comerica Bank further agrees to load the complete ESI (including e-mail files) of additional agreed upon custodians into Clearwell.

6. Comerica Bank further proposes to (i) apply previously agreed-upon search terms to this ESI unless otherwise narrowed by agreement; (ii) de-duplicate the search results against Comerica Bank's prior productions in the case; and (iii) produce any responsive documents subject to privilege and responsiveness review to Plaintiffs. Comerica Bank acknowledges that a reasonable extension of the deadline for the completion of fact discovery is necessary to accommodate Plaintiffs' review of any anticipated document production. Absent a showing of good cause, Comerica Bank shall complete the foregoing process by January 11, 2013 (the "Final Production Date"). Comerica Bank shall produce these materials to Plaintiffs' counsel on

a rolling basis.

7.  Comerica Bank agrees to bear the entire cost of conducting the additional collection process described in this stipulation, and will not seek to recover any fees and/or costs (including any third party costs) associated therewith from Plaintiffs or their counsel.

8.  In the event that the ESI produced by Comerica Bank pursuant to the additional collection process described in this stipulation reveals previously unproduced material information, Plaintiffs shall have the right to take up to four additional fact witness depositions. Additionally, to the extent that this process reveals material previously unproduced ESI concerning any of the fact witnesses who have previously been deposed, Plaintiffs shall have the opportunity to re-depose those witness(es).

9.  Plaintiffs accept Comerica Bank's proposal and jointly request that the Court accordingly adjust the remaining schedule as follows, to give the parties time to complete discovery:

| ACTIVITY | DATE |
| --- | --- |
| Deadline for parties to complete fact discovery | 60 days from the Final Production Date |
| Deadline for parties to designate experts and serve expert disclosures | 90 days after Plaintiffs receive production of all Report data from Comerica Bank. |
| Deadline for parties to complete expert discovery | 60 days after the designation of experts |
| Deadline for parties to file objections to designated experts and *Daubert* motions | 75 days after the designation of experts |
| Deadline for issuing Class Notice (unless 23(f) petition pending) | 60 days after the designation of experts |

3

| | |
|---|---|
| Deadline for filing all motions, including summary judgment motions and motions in limine | 140 days from the Final Production Date |
| Deadline for filing responses to all motions | 170 days from the Final Production Date |
| Deadline for opt-outs | 50 days following issuance of Class Notice |
| Deadline for filing replies in support of all motions | 200 days from ruling on class certification |
| Deadline for parties to meet and confer about (i) remand to transferor court or (ii) pre-trial stipulation for those cases to be tried in this Court | 200 days from ruling on class certification |
| Deadline for filing (i) motions for remand to transferor courts or (ii) consent to trial in this Court and pre-trial stipulation | 210 days from ruling on class certification |
| Pre-trial conference (for those cases to be tried in this Court) | 45 days after replies filed |
| Calendar call (for those cases to be tried in this Court) | 70 days after pre-trial conference |
| Trial (for those cases to be tried in this Court) | 7 days after calendar call |

10. Plaintiffs hereby withdraw without prejudice their Motion to Compel and for Sanctions and Incorporated Memorandum of Law [DE #2911]. The parties agree to bear their own fees and costs associated with bringing and opposing the motion. The parties respectfully request that the hearing on this motion scheduled for Wednesday, October 17, 2012, be canceled.

11. In the event that either party cannot meet any of the commitments set out herein, the parties stipulate that they will jointly confer regarding how best to accomplish their joint goals of completing fact discovery, and that neither will engage in discovery motion practice without complying with the meet-and-confer requirements of Fed. R. Civ. P. 37 and this Court's Local Rules.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this _17_ day of October, 2012. 7:40 am

HON. JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies furnished to:

Counsel of Record

5