# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:09-MD-02036-JLK

| | |
|---|---|
| IN RE CHECKING ACCOUNT | ) |
| OVERDRAFT LITIGATION | ) |
| | ) |
| MDL No. 2036 | ) |
| _____ | ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| FIFTH TRANCHE ACTIONS | ) |
| | ) |
| *Dee v. Bank of the West* | ) |
| N.D. Cal. Case No. 4:10-cv-02736 | ) |
| S.D. Fla. Case No. 1:10-cv-22985-JLK | ) |
| | ) |
| *Orallo v. Bank of the West* | ) |
| C.D. Cal. Case No. 2:10-cv-2469 | ) |
| S.D. Fla. Case No. 1:10-cv-22931-JLK | ) |
| _____ | ) |

## NOTICE OF OBJECTION AND NOTICE OF INTENT TO APPEAR

COMES NOW, RYAN PHILLIPS ("Objector"), Class Member to this action, by and through his undersigned counsel, and hereby files these Objections to the Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the December 6, 2012, settlement hearing, and requests award of an incentive fee for serving as unnamed class member objector.  All information (improperly) requested as a prerequisite of objecting is contained in the attached declarations of Ryan Phillips and Patrick Sweeney.

## I.  SETTLEMENT CLASSES REQUIRE HEIGHTENED SCRUTINY

The proposed settlement is a "settlement only class," whereby Class Counsel seeks to certify a class for settlement purposes only.  Many Circuits Courts recognize "the need for courts to be even more scrupulous than usual in approving settlements where no class has yet been formally certified." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*("G.M.C.")55 F.3d 768, 805 (3d Cir. 1995); *Mars Steel Corp. v. Continental Ill. Nat'l*

1

*Bank & Trust Co. of Chicago*, 834 F. 2d 677, 681 (7th Cir. 1987)("[W]hen class certification is deferred, a more careful scrutiny of the fairness of the settlement is required."); *Weinberger v. Kendrick*, 698 F. 2d 61, 73, (2d. Cir. 1982)("district judges who decide to employ such a procedure are bound to scrutinize the fairness of the settlement agreement with even more than the usual care... Accordingly, we will demand a clearer showing of a settlement's fairness, reasonableness and adequacy and the propriety of the negotiations leading to it in such cases…")  This is because "[p]rior to formal class certification, there is an even greater potential for breach of fiduciary duty owed the class during settlement."  *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F. 3d 935, 946 (9th Cir. 2011).  And "[w]ithout the benefit of more extensive discovery, both sides may underestimate the strength of the plaintiffs' claims."  *G.M.* 55 F. 3d at 789.

Pre-class certification settlements demonstrate that class counsel in the interest of a large fee have an "incentive to act earlier than their clients would deem optimal" in this situation.  *Id*. at 802.  This behavior is backed by many studies which have demonstrated that pre-class certification classes result in a class member receiving substantially less than class members in post-certified classes. See, e.g., The Federal Judicial Center, "An Empirical Study Of Class Actions In Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules (Draft)" January 17, 1996.  As a result, "such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair."  *In re Bluetooth* 654 F. 3f at 946 (citing *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998).

## II.  CLASS COUNSEL'S FEE REQUEST IS EXCESSIVE

"For the sake of their own integrity, the integrity of the legal profession, and the integrity of Rule 23, it is important that the courts should avoid awarding 'windfall fees' and

that they should likewise avoid every appearance of having done so." *Piambino v. Bailey*, 757 F.2d 1112, 1144 (11th Cir. 1985) (citing *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 469 (2d Cir. 1974) *abrogated by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

Class Counsel seeks 30%, or $5.4 million of the $18 million dollar settlement fund plus costs, an unreasonable request given the circumstances of this case.

The Eleventh Circuit's factors for evaluating the reasonable percentage to award class-action counsel are:

(1) the time and labor required;
(2) the novelty and difficulty of the questions involved;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and the length of the professional relationship with the client;
(12) awards in similar cases.

*In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1359 (S.D. Fla. 2011)(citing *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991).)

Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action. In most instances, there will also be additional factors unique to a particular case which will be relevant to the district court's consideration. *Id* at 775.

/ / /

/ / /

1.    <u>Time and Labor Required</u>

Through crafty authoring, Class Counsel's Joint Declaration stretches to the margin the toils they underwent for the sake of this lawsuit.  But conspicuously absent is any itemized description of the time Class Counsel actually expended on this lawsuit.  This absence is no mistake. Even viewing Class Counsel's account of the work completed through their rose colored lens – research, minimal discovery and negotiations – a fee award of $5.4 million would result in a windfall.

A fee award in a class action lawsuit should represent the market rate for legal services.  *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 52 (2d Cir. 2000.)  To arrive at a reasonable market rate, the Court *must* take into account the hours expended, otherwise class attorneys will receive exorbitant fee awards to the detriment of the class.  *See id.*

After all, the purpose of the class action device is to utilize economies of scale. "It is generally not 150 times more difficult to prepare, try and settle a $150 million case than it is to try a $1 million case." *In re NASDAQ Market-Makers Antitrust Litig.,* 187 F.R.D. 465, 486 (S.D.N.Y. 1998). "There is considerable merit to reducing the percentage as the size of the fund increases. In many instances the increase is merely a factor of the size of the class and has no direct relationship to the efforts of counsel." *Id.* See also *In re Infospace Inc.*, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004) ("There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a benchmark fee of 25 percent is logical or reasonable.");  *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 129 (9th Cir.1994) ("WPPSSS") ("[T]here is no necessary correlation between any particular percentage and a reasonable fee.")

Clearly, the notion that as the size of the fund increases, the likelihood that a reasonable fee award decreases as a percentage of the fund decreases, is founded on the principal that less attorney time was expended.  To protect the Class against this excessive fee

request, more diligence is required of this Court before it may dismiss this settlement as fair, adequate and reasonable.  *See In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 305 (3d Cir. 2005)( "it is "sensible" for district courts to "cross-check" the percentage fee award against the "lodestar" method."); *In re Bluetooth*, 654 F. 3d at 934-935(same); *In re Goldberger*, 209 F.3d at 50 (same); *Union Asset Mgmt. Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 644 n.42 (5th Cir. 2012) cert. denied, 12-66, 2012 WL 2921869 (U.S. Oct. 1, 2012) (noting that a cross check in the 5th circuit is even more searching than a typical lodestar cross-check in other circuits.)  This is necessary to comply with 11th Circuit precedent and to discharge this Court's duties under Rule 23.

When checking the reasonableness of the fee against the percentage of the fund, "the hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger*, 209 F.3d at 50(citing *In re Prudential Ins. Co. Am. Sales Litig.*, 148 F.3d 283, 342 (3d Cir.1998).  "Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Id*.

Put differently, it need not be an exhaustive effort.  But having absolutely no information, as is the case here, renders any purported *Camden* analysis incomplete if not impossible.

2.    <u>The Novelty and Difficulty of the Questions Involved</u>

Analyzing this factor in the context of this litigation, this weighs against the requested fee award.  Regardless of how novel or difficult *it would have been* to litigate this case on the merits, it didn't happen.  This case settled early on.  There was no substantive motion work on the merits of this case.  Not unlike all of the other plaintiffs' lawyers who raced to the courthouse to jump in on this action, Class Counsel drafted a complaint. All of the Defendant's calamitous defenses were never raised.  Class Counsel never faced a vigorous

defense on class certification.  The difficulty of the questions, then, never manifested as a obstacle.

       3.      <u>The Preclusion of Other Work</u>

There is no evidence proffered that this factor supports the $5.4 million in fees. Again, Class Counsel has not provided the court with information on the amount of time they actually expended.  Without facts that even hint the time commitment on this lawsuit precluded taking on other work, this factor weighs against the award.

       4.      <u>The Customary Fee</u>

Class Counsel negotiated a clear sailing agreement, securing the right to an unopposed fee application of 30% of the fund.  Not surprisingly, they now seek to recover the entire 30%.  In the 11th Circuit, a 20% - 25% fee is generally deemed to be reasonable when a common fund is established.  *Faught v. Am. Home Shield Corp.,* 668 F.3d 1233, 1242 (11th Cir. 2011).  Class Counsel's requested fee falls outside of the range, subjecting it to the scrutiny of the *Johnson* twelve-factor analysis.  *Id.*  Of course, the *Johnson/Camden* analysis is incomplete without any evidence of the time expended on the litigation.  Anecdotal evidence suggests finding against such an award, because the reasonable time spent performing the described acts would result in a windfall to Class Counsel.  *Piambino*, 757 F.2d at1144.

       5.      <u>Remaining Factors</u>

Class Counsel chose not to address several of the remaining factors.  Their disregard for those factors indicates the lack of support they could draw from them.  The factor that leans toward supporting such a fee request, results achieved, is far outweighed by the dearth of support from the remaining factors.   Besides, Class Counsel's usurpation of much of the benefit by their enormous fee request minimizes this factor's force.

/ / /

### III.   CLASS COUNSEL IMPERMISSIBLY SEEKS DISCOVERY FROM UNNAMED CLASS MEMBERS

According to the Notice and Order Preliminarily Approving Class Action Settlement, for an objection to be considered by the Court, the objection must also set forth:

a.      the name of MDL 2036;

b.      the objector's full name, address and telephone number;

c.      an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.      al1 grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

e.      the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection and a copy of any orders or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.      the identity of  all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which counsel or the law firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

h.      any and all agreements that relate to the objection or the process of objecting - whether written or verbal - between objector or objector's counsel and any other person or entity;

i.      the identity of al1 counsel representing the objector who will appear at the Final Approval Hearing;

j.      list of a11 persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.      the objector's signature (an attorney's signature is not sufficient).

This litany of requirements far exceeds the procedures drawn out by Rule 23, which states, "Any class member may object to the proposal if it requires court approval under this subdivision (e)."  Class Counsel seeks to expand the requirements of Rule 23 and require any Class Member willing to object to submit to harassing, irrelevant and burdensome discovery.

**A. Class Counsel Must Seek A Court Order Upon A Showing Of Good Cause Before Seeking Discovery From Silent Class Members**

Discovery from an unnamed Class Member is not an absolute right.  *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971).  In fact, discovery from unnamed individual class members is not usually permitted. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir. 1986); see also *On the House Syndication, Inc. v. Fed. Exp. Corp.,* 203 F.R.D. 452, 455 (S.D. Cal. 2001); see also  *In re Worlds of Wonder Sec. Litig.,* C-87-5491 SC (FSL), 1992 WL 330411 (N.D. Cal. July 9, 1992) ("absent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted"); see also *McPhail v. First Command Fin. Planning, Inc.,* 251 F.R.D. 514, 517 (S.D. Cal. 2008)(citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) ("[A]n absent class-action plaintiff is not required to do anything").

The party seeking the discovery must seek a court order from the trial judge who may only grant the discovery request that they have demonstrated a "particularized need to obtain information." *In re Carbon Dioxide Indus. Antitrust Litig.,* 155 F.R.D. 209, 212 (M.D. Fla. 1993)  The risk in authorizing discovery from unnamed class members is that compelling their participation in burdensome discovery proceedings will dissuade participation and reduce class size.  *Cox,* 768 F. 2d at 1556.  For this reason, the burden is on the party seeking discovery to prove its propriety. *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340 (7th Cir. 1974).  And, discovery should only be permitted in "special circumstances."  *Bruhl v. Price Waterhousecoopers Int'l*, 03-23044-CIV, 2010 WL 5090207 (S.D. Fla. Dec. 8, 2010).

Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement contains no rational or explanation whatsoever of the requisite 'particularized need' for the disclosure of the requested information.  There is no showing, and without it, these over burdensome and harassing demands cannot be tacked on to the minimal objection standards in Rule 23. Likewise, the Court made no findings to support such demands/discovery.

**B.  Class Counsel Seeks Discovery Of Irrelevant And Privileged Materials**

Rule 26 provides, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" F.R.C.P. 26(b)(1).

Class Counsel's objector discovery is clearly intended to prepare an *ad hominem* attack on Objector's counsel.  The information sought through Class Counsel's discovery relates to objections in past cases and fee arrangements – all which is wholly irrelevant to the claims in this lawsuit and contains privileged material.[1]  Whether counsel has "represented objectors in other actions in the past" has no "bearing on the merits of objections."  *True v. Honda*, 749 F. Supp. 2d 1052, 1079 (C.D. Cal. 2010.)    Further, this information does nothing to assist the court in evaluating whether the settlement is fair, adequate and reasonable.  Each Class Member's objection speaks for itself and stands alone on its merits.

Abusive requests for discovery of objectors "resembl[ing] a litigation offensive designed to burden an entity that had the temerity to object to class counsel's settlement" resulted in $100,000 sanctions on class counsel in In re Classmates.com. No. C09-45 (W.D. Wash. Jun.15, 2012) (attached as Exhibit 1) ("It is not surprising that class counsel would disagree with some objectors…. That is no license, however, to engage in the litigation assault that class counsel chose here."). "Objectors, as much as class counsel, play an important role in ensuring the fairness of a class action settlement." Id. Class counsel's

---

[1] California Business and Professions Code §6149

attempt to avoid the obligations of Rule 23(e)(5) by punishing everyone with the temerity to object cannot be approbated.

These Class Members ask the Court to look at the legal and factual issues at stake.  Of what possible relevance is objector's relationship to their counsel?  Rule 23(e)(5) permits *any* class member the right to object.  There is no requirement that the chosen attorney must be to Class Counsel's liking.  Whether Mr. Sweeney has objected, improved, or failed to improve past settlements or not does not make *this* settlement more or less fair.  Nothing sought by Class Counsel's discovery will discredit the objections.  By relevance standards, the discovery cannot be allowed.  Subject to these objections, see the declarations of Ryan Phillips and Patrick Sweeney.

This court can rest assured class counsel has a plethora of materials assembled to attack any critic of their efforts, including objector's counsel here.  This court will also have to decide if it wants to referee lawyer spats or focus on protecting the class.  Either way, this objector make this pledge: if class counsel want to present a stipulation providing that this objection will never be settled without the oversight and approval of this court, this objector will agree.  This objector believes the issues outlined above and class counsels' tactics, particularly the unreasonable objection prerequisites, present prime issues for the Circuit Court of Appeals.

## IV. JOINDER IN OTHER OBJECTIONS

This Objector adopts and joins all other well pled, bona fide objections filed by other class members in this case, and incorporates them by reference as if they appeared in full herein.

## V. CONCLUSION

WHEREFORE, This Objector respectfully requests that this Court:

A.  Upon proper hearing, sustain these Objections;

B.  Upon proper hearing, enter such Orders as are necessary and just to adjudicate

these Objections and to alleviate the inherent unfairness, inadequacies and

unreasonableness of the proposed settlement.

C.  Award an incentive fee to this Objector for his service as a named representative

of the Class in this litigation.


Dated: November 6, 2012                 SWEENEY LEGAL GROUP, S.C.


By: /s/ Patrick Sweeney_____
        Patrick Sweeney (FL Bar No. 593486)
Sweeney Legal Group, S.C.
750 South Dixie Highway
Boca Raton, FL 33432
Phone: (561) 395-0000
Fax: (561) 395-9093
Email: Patrick@sweeneylegalgroup.com
Attorney for Objector Ryan Phillips

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of Florida by using the USDC CM/ECF system.

I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system:

**<u>Class Counsel</u>**
Michael Sobol
msobol@lchb.com
Lief Cabraser Hiemann & Bernstein, LLP

Jeffrey M. Ostrow
ostrow@kolawyers.com
Kopelowitz Ostrow P.A.

Robert C. Gilbert
rcg@grossmanroth.com
Grossman Roth, P.A.

**<u>Counsel for Defendant</u>**
Lisa M. Simonetti
lsimonetti@stroock.com
Stroock & Stroock & Lavan LLP


_____/s/ Patrick Sweeney
Patrick Sweeney