UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Steen v. Capital One, N.A.*
E.D. La. Case No. 2:10-cv-01505-JCZ-KWR
S.D. Fla. Case No. 1:10-cv-22058-JLK

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Defendant Capital One's Motion for Reconsideration of Order Granting Class Certification (**DE #2947**) filed September 12, 2012. Therein, Defendant seeks reconsideration of this Court's July 18, 2012 Order and Opinion Granting Class Certification (DE #2847)[1] in the above-styled case. The Court is fully briefed on the matter.[2] After careful consideration, the Court concludes that Defendant has not presented anything that would change the Court's original determination on class certification.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to *controlling decisions or data* that the court overlooked." *U.S. v. Zarabozo,*

---

[1] Unsealed per Clerk's Notice (DE #2920).
[2] Plaintiff filed its Response (DE #2982) on October 1, 2012, and Defendant replied on October 9, 2012 (DE #3001).

2008 WL 5062463, at *1 (S.D. Fla. Nov. 26, 2008) (emphasis in original). It is well-settled that a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *accord, Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (motion for reconsideration must not afford a litigant "two bites at the apple"); *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."). Such a motion must be denied unless the movant clearly establishes (1) a material intervening change in controlling law, (2) the availability of new evidence justifying reversal of the court's previous decision, or (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Applying the foregoing standards to the instant Motion, the Court finds that Defendant has shown no intervening change in controlling law, newly-discovered evidence, clear error or manifest injustice which would warrant reconsideration. Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion for Reconsideration **(DE #2947)** be, and the same is hereby, **DENIED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Courthouse, Miami-Dade County, Florida, this 8th day of November, 2012.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record