UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Johnson v. KeyBank National Association*
W.D. Wash. Case No. 2:10-cv-00304
S.D. Fla. Case No. 1:10-cv-21176-JLK

PLAINTIFF'S RESPONSE TO KEYBANK'S MOTION FOR CLARIFICATION

Plaintiff David M. Johnson opposes Defendant KeyBank National Association's Motion for Clarification. (**DE # 3050**). There is nothing to clarify. KeyBank never requested leave of Court to conduct limited, arbitration-specific discovery and, indeed, strongly opposed Plaintiff's request to conduct such discovery. KeyBank's attempt to piggyback on the Court's Order granting Plaintiff's motion to conduct limited arbitration discovery (**DE # 2957**) should be denied.

PROCEDURAL HISTORY AND FACTS

On August 23, 2012, Plaintiff filed a motion seeking permission for Plaintiff to conduct limited, arbitration-specific discovery. (**DE # 2904**). Plaintiff's motion made it clear that it was asking the Court to "allow Plaintiff to conduct limited, arbitration-specific discovery in this matter." *Id.* at 1. The motion did not request that KeyBank be allowed to conduct discovery. Instead, Mr. Johnson made it clear that ***Plaintiff*** was seeking leave to conduct discovery in order to "fully develop the record to rebut the presumption of arbitrability." *Id.* at 5.

In its opposition, KeyBank took the position that "no discovery should be conducted" and that the Supreme Court's decision in *Rent-A-Center*, *West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010), required that the question of arbitrability be submitted to an arbitrator rather than this Court.  (**DE # 2944 at pp. 1, 5**).  While KeyBank claims that the Order allowing limited, arbitration-specific discovery should be reciprocal, its prior opposition belies this position.  From the outset of its response, KeyBank acknowledged that Plaintiff requested "to conduct arbitration-related discovery."  *Id.* at 1.  KeyBank also requested that "***Plaintiff's*** motion to conduct arbitration-related discovery . . . should be denied without prejudice," and argued that should ***Plaintiff*** later show that discovery is necessary, it could seek discovery at that time.  *Id.* at 5 (emphasis added).  At no point in its opposition did KeyBank seek leave to conduct discovery of its own and at no point did KeyBank request, in the alternative, that if the Court granted Plaintiff's motion, it should also be entitled to take discovery.

Over KeyBank's opposition, this Court granted Plaintiff's motion for leave to conduct arbitration-specific discovery.  (**DE # 2957**).  While KeyBank now suggests that the Order "contains no indication that the Order is limited to the Plaintiff," the text of the Order demonstrates otherwise.  As the Order notes, "**THIS CAUSE** comes before the Court upon Plaintiff David M. Johnson's Motion for Leave to Conduct Limited Arbitration Discovery . . . ." *Id.* at 1.  Moreover, in its conclusion, the Order makes clear that "Plaintiff David M. Johnson's Motion for Leave to Conduct Limited Arbitration Discovery Following Remand from Eleventh Circuit (**DE # 2904**) be, and the same is hereby, **GRANTED**." *Id.* at 2.  The Order contains no mention of KeyBank being allowed to take discovery because KeyBank never sought leave to conduct discovery and still has not done so.

## ARGUMENT AND CITATION OF AUTHORITY

I. **Absent Leave of Court, KeyBank Is Not Permitted to Take Discovery.**

Federal Rule of Civil Procedure 26(d)(1) provides as follows:

*Timing*.  A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Here, there has been no Rule 26(f) conference as KeyBank responded to Mr. Johnson's Complaint by moving to compel arbitration.  Therefore, Rule 26(d)(1) makes it clear that neither party can seek discovery unless a listed exception applies.  *See* Fed. R. Civ. P. 26(d)(1).  No exception applies in this instance for KeyBank as only Mr. Johnson sought leave to conduct limited discovery and received an order authorizing same.  (**DE # 2904**).  Therefore, KeyBank is not authorized to pursue discovery.

Had KeyBank wished to pursue arbitration discovery, it could have moved for leave to do so just as Mr. Johnson did.  However, KeyBank has not done so, and made it clear that it has no intention of seeking leave to conduct discovery.  (**DE # 3050**, p. 4) (indicating that KeyBank will withdraw its arbitration-related discovery requests should the Court find that Mr. Johnson's request to conduct discovery was not reciprocal).

## CONCLUSION

KeyBank never sought leave of Court to conduct discovery in this matter and still refuses to do so.  After opposing Mr. Johnson's request to take discovery, the Bank now suggests that the Court's grant of leave must have been reciprocal.  KeyBank's attempt to piggyback on Plaintiff's motion for leave should be rejected and its Motion for Clarification denied.

Dated: November 14, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
John Gravante, III, Esquire
Florida Bar No. 617113
jgravante@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
Broward Financial Center
500 E. Broward Boulevard
Suite 1930
Fort Lauderdale, FL  33394
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

| | |
|---|---|
| /s/ Ruben Honik | /s/ Ted E. Trief |
| Ruben Honik, Esquire | Ted E. Trief, Esquire |
| Pennsylvania Bar No. 33109 | New York Bar No. 1476662 |
| rhonik@golombhonik.com | ttrief@triefandolk.com |
| Kenneth J. Grunfeld, Esquire | Barbara E. Olk, Esquire |
| Pennsylvania Bar No. 84121 | New York Bar No. 1459643 |
| kgrunfeld@golombhonik.com | bolk@triefandolk.com |
| GOLOMB & HONIK, P.C. | TRIEF & OLK |
| 1515 Market Street | 150 E. 58th Street |
| Suite 1100 | 34th Floor |
| Philadelphia, PA 19102 | New York, NY 10155 |
| Tel: 215-985-9177 | Tel: 212-486-6060 |
| Fax: 215-985-4169 | Fax: 212-317-2946 |

*Plaintiffs' Executive Committee*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596