UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

```
FILED by ____ D.C.
NOV 27 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI
```

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Dee v. Bank of the West*
N.D. Cal. Case No. 4:10-cv-02736
S.D. Fla. Case No. 1:10-cv-22985-JLK

*Orallo v. Bank of the West*
C.D. Cal. Case No. 2:10-cv-2469
S.D. Fla. Case No. 1:10-cv-22931-JLK

**Objector, MARTHA BRONSON, A Class Member, Objections And Authorities In Support Objections To Final Approval Of Settlement**

Objector, located at 672 W. 11th Street, Tracy, CA 95376, Telephone: 209-612-8551, is a Class Member, having been assessed thousands of dollars in overdraft fees by Bank of the West, which it is believed were assessed as a result of posting high to low. Objector has not objected to any class action settlement in the previous five years and has not hired an attorney or anyone else in assisting to pursue these objections. There are no secret or side agreements about these objections. Objector is Pro Se  Objector has not been given sufficient time to become sufficiently knowledge to make an informed decision on what option to take while at the same time have time to adequately act on it. Objector has spent over fifty hours reviewing and researching this matter and provides the accompanying objections and authorities without prejudice to filing more as needed. Objector intends to elicit testimony from Plaintiffs' Counsel, Mr. Olsen, class representatives, an expert in Class NOTICE, and others deemed necessary. Objector intends to testify, but there are obstacles in traveling and with scheduling, although there is some glimmer of hope the appearance can be made.

Respectfully Submitted:

*[signature]*
Martha Bronson

**I.   THE NOTICE OF PROPOSED SETTLEMENT AND PLAN OF DISTRIBUTION FAILS TO FULLY AND FAIRLY APPRISE CLASS MEMBERS OF THEIR RIGHTS, AND IS INSUFFICIENT TO MEET THE NECESSARY DUE PROCESS REQUIREMENTS**..................................................................

    A.   The Notice Violates Due Process Requirements For All – It Is Not The "Best Practical" Or Even CloseTo It......................

        i.   The Postcard Notice Failed to Give Class Members Adequate Time To Respond...............................................

        ii.   The Postcard Notice Fails To Define "Overdraft Fee" The Long Form Falsely Explains Within Meaning Of Settlement Agreement "Overdraft Fee" As "An Overdraft Fee may be assessed when a customer's withdrawals from a bank account exceed the available balance." But, The Settlement Agreement Limits The Class Member Identification To Those Having "Paid Overdraft Fees" Excluding $35.00 UNPAID Overdraft Fees and $5.00 Daily Overdraft Fees. Notice Misleads the Public Into Believing You Are Member If You Had Unpaid Or Daily Overdraft Fees, When, In Fact, You Are Not. And Notice Is Inadequate Because Its "Hard To Read" And Designed To Look Like Unworthy Junk Mail...

        iii.   The Notice Is Inadequate Because It Omits Meaningful Information About What Class Members Can Expect From The Settlement ....................................................................

        iv.   The Class Postcard Notice Release Is Misleading Because There Is No Definition Of "Overdraft Fees", The Web Long Form Gives A False Definition and Method For Identifying Them Is Incomprehensible Leaving Unknowning Class Members With Uncertainty About Being A Class Member And Others With Unpaid and Daily Overdraft Fees Falsely Believing They Are Member,

        v.   The Postcard Notice And Notice Plan Misleads The Public Into Believing "Overdraft Fee" Includes All Types But It Only Includes "Paid Overdraft Fees" ............................

        vi.   The Notice Explains "Class Member" must have Two Or More Overdraft Fees. In contrast, Court's Order Approving States Class Member is anyone with "An Overdraft Fee". The Methodology For Identifying Class Member Identifies Only Those With Two Paid Overdrafts who, after adjustment, are left with having

*paid more under the high low posting. But amounts used to adjust include PAID OVERDRAFT FEES CAUSED BY POSTING HIGH TO LOW. In The End The People Who Closed Their Account Due To Unfair Paid Overdraft Charges (which were caused by posting high to low) Get No Notice If The Closed Account Paid Overdraft Fees That Were Written Off Are One Cent More Than The Amounts To Be Reimbursed Before Adjustment. Yet These People Will Still Be Stripped Of The Right To Sue Via The Unconstitutionally Overbroad Release. Clearly This "Complex" Method Was Not Well Thought Out And Should Not Be Approved* ......................

vii. **The Notice Plan Arbitrarily Excludes Members As Defined By Court Order, and No Analysis Of The Makeup Of The Class Was Performed And There Is No Evidence The Notice Plan Is Conducive To Reaching The Demographics Of The Class.** ......................................

viii. **The Postcard Notice Misrepresents Need To Pay For Their Own Attorney And It Discourages Attendance.** Everyone Has The Right To Seek Out An Attorney For Free From Any Of Many Legal Aid Societys or other organizations Offering Free Legal Service To Those Without Money To Pay An Attorney ...................................

ix. **The Notice Program Fails To Include Any Advisement On Intervention Rights And Misrepresents Members' Choices Being Limited To Only Three**

x. **The Postcard Notice Fails To Give Information On How To Object By "Mail" Except It Does Give A Due Date** .......

xi, **The Postcard Notice Fails To State How To "File" Objections And Fails To State A Deadline (Implying None Exists) But, States Need To "meet certain requirements" And Directs Reader To Website and Phone Number. In Objector's Scouring Those Web Pages For "Filing" Requirements, Nothing Is There And The Phone Number Is A Recording Which Likewise Has No Information About "Filing" Requirements And Fails To Warn Of A Due Date For Filing.** ...........................................................................

xii **The Notice Is Not Compliant With Fedeal Judicial Center....Class Action Notice...Checklist And Violating Compliance Raises An Inference of Unconstitutionality. There is No Evidence To Overcome This Inference**........

II. **MANY OF THE CLASS MEMBERS DEFINED IN PRELIMINARY APPROVAL ORDER DID NOT GET NOTICE BECAUSE THE METHOD USED TO IDENTIFY CLASS MEMBERS FOR NOTICE WAS LIMITED TO ONLY THOSE WHO HAD TWO OR MORE OVERDRAFTS AND WHO PAID MORE IN OVERDRAFT FEES AFTER RE-SORTING**..................

III. **THE SETTLEMENT IS NOT FAIR, ADEQUATE OR REASONABLE** ........................................................................

    A. Plaintiffs Had Inadequate Information To Settle The Case And Lacking That Information They Were In No Position To Bargain Away Class Member's Rights..................................

        i. Plaintiffs' Counsel Had Only Sample and Aggregate Partial Data And No Real total Numbers To Appreciate Settlement Value.............................................................................................

        ii. Plaintiffs Analysis Of More Complete Data After The Settlement Is Suspect For Fairness And Adequacy Moore v. Halliburton Co., No. 03-CV-1152-M, 2004 WL 2092019 ....

        iii. Plaintiffs Have Never Determined The Total Numbers On Collected Fees Caused From Re-Sorting, Net Revenue From Fees Other Requisite Information During Class Period..............................................................................................

        iv. Plaintiffs Have Never Determined The Size Of The Class Because The Method They Used To Identity Them Excluded A Large Number Of Those Defined By the Preliminary Approval Order..................................................

    B. The Claimed "Risk Factors" Are Unrealistic Because The Court Has Already Spoke On Them To Plaintiffs' Favor ........

        i. Preemption Has Already Been Ruled On In Other Districts And In These Consolidated Case In Plaintiffs' Favor.............................................................................................

        ii. Contract Provision Defense Has Already Been.......................
           Rejected By The Court.........................................................

III. **THE SETTLEMENT AGREEMENT RELEASE PROVISIONS (¶¶ 92-95) ARE UNCONSTITUTIONALLY OVERBROAD**....................

    A. The Settlement Agreement Improperly Purports To Release Liability For $35.00 Unpaid Overdraft , $5.00 Daily

Overdraft, $5.00 Daily Overdraft, DOMINO EFFECT FEES And Liability For Assessing An Unlawful Liquidated Damages

B. The Civil Code Section 1452 Provision Must Be Struck From The Settlement In Its Entirety..................................................................

**IV. THE METHODOLOGY DEVELOPED BY PLAINTIFFS' CLASS COUNSEL IS GROSSLY FLAWED AND THE CALCULATIONS BASED ON THE FLAWED METHODOLOGY IS BASED UPON UNAUTHENTICATED, UNRELIABLE AND INCOMPLETE DATA MAKING DISTRIBUTION UNEQUAL AND ARBITRARY** ......................

A. Plaintiffs' Counsel Have Not Met Their Burden Of Establishing That They Had Reliable, Authenticated Complete "Sufficient Facts And Data" From BOW F.R.C.P. 702(a)............................................

B. Olsen's Own Declaration Establishes Inherent Unreliability ...........

C. The Methodology Unfairly Adjusts From Absent Class Members' Overdraft Fee Recovery For "Uncollected Balances" On Closed Accounts Which Balances Partly, if Not All, Consist Of The Very Unlawful Overdraft Fees This Lawsuit Is Suppose To Make Restitution. It Defeats The Intent Of This Action And Makes The Bank (who Keeps Its a large percent of the overdraft fees) and Attorneys (5.4 Million +) Winners As If They Won The Big Lotto, While Leaving Absent Members Stripped Of Their Right To Sue via Overbroad Release, Which Members Are Not Given Fair Notice Or Warning About.................................................................

D. The Methodology Unfairly Includes Some And Excludes Other Depending On Which Calculation Scenario Is Used ......................

**V. THE CY-PRES PROVISION IS CONTRARY TO LAW AND THE SETTLEMENT SHOULD NOT BE APPROVED**........................................

**VI. PLAINTIFFS' SEALED MOTION AND SUPPORTING DOCUMENTS TO CERTIFY MUST BE UNSEALED TO ALLOW OBJECTOR AND CLASS MEMBERS FULL DISCLOSURE** ...............................................

**VII. THE ATTORNEYS' FEES OF 5.4 MILLION FOR THE SAME DUPLICATIVE AND BOILERPLATE WORK THEY HAVE BEEN DOING FOR THE PAST TWO YEARS IS UNCONSCIONABLE. SO TOO IS AN AWARD WITHOUT ANY EVIDENCE OF TIME SPENT. PARTICULARLY WHERE, AS HERE, THERE IS ACONFLICT OF INTEREST BETWEEN CLASS COUNSEL AND ABSENT MEMBERS, WHERE EVERY CENT TO COUNSEL IS ONE LESS FOR MEMBERS. IT OFFENDS THE CONCEPT OF FAIRNESS AND DEFIES LOGIC** ..

## Cases

*Bingamen v. Brennan*, 98 N.M. 109, 645 P.2d 982 (1982).................................................................

*Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009.................

*In re Nissan Motor Corporation Antitrust Litigation*, 552 F.2d 1088,1104 (5th Cir. 1977).........................

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579................................................................

*Dennis v. Kellogg Co.*, 687 F.3d 1149 (9th Cir. 2012) ........................................................................

*Grunin v. International House of Pancakes*, 513 F.2d 114, (8th Cir. 1975)............................................

*Gutierrez v. Wells Fargo & Co.*, No. C 07-05923 WHA, 2010 WL 1233885, *1 (N.D. Cal. Mar. 26, 2010)

*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995 ..................................................................

*In re Checking Account Overdraft Litig.*, 2011 WL 2746171, -- F. Supp. 2d -- (S.D. Fla. July 13, 2011) 11

*In re Domestic Air Transportation Antitrust Litigation*, 141 F.R.D. 534, 553 (N.D.Ga. 1992) ..................

*In re Med. Waste Servs. Antitrust Litig.*, No. 2:03MD1546, U.S. Dist. LEXIS 19793 ................................

<u>*In re Wells Fargo Sec. Litig.*</u>, 991 F. Supp. 1193 (N.D.Cal. 1998)......................................................

*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3rd Cir. 1993 ........................

*Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1309 (S.D. Fla. 2005)............................................

*Mayfield v. Barr*, 300 U.S. App. D.C. 31, 985 F.2d 1090 (D.C. Cir. 1993)

*Moore v. Halliburton Co.*, No. 03-CV-1152-M, 2004 WL 2092019, at *7 ..............................................

*Mullane v.Central Hanover Bank & Trust Co.*, 339 U.S. 306,314 ........................................................

*Sher v. Raytheon Co.*, 419 F. App'x 887, 890 (11th Cir. 2011)............................................................

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 ........................................................................

## Statutes

California Civil Code § 1671..............................................................................................................

California Business and Professions Code §17200..............................................................................

Fed. R. Civ. P. 23 et. seq...................................................................................................................

Fed. Rules Civ.P 23 (b)(3), (d)(2).......................................................................................................