UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036
_____/

THIS DOCUMENT RELATES TO:

*Dasher v. RBC Bank (USA)*,
S.D. Fla. Case No. 1:10-CV-22190-JLK

*Avery v. RBC Bank*,
E.D. N.C. Case No. 5:10-cv-329
_____/

### DEFENDANT RBC BANK (USA)'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant RBC Bank (USA) ("RBC"), by its undersigned counsel, submits this Response to Plaintiffs' Notice of Supplemental Authority ("Notice") filed on November 30, 2012 [**DE # 3089**]. The supplemental authority, *Dottore v. Huntington Nat'l Bank*, 2010 WL 3861010 (N.D. Ohio Sept. 28, 2010), *aff'd*, 480 Fed. Appx. 351 (6th Cir. May 4, 2012) (unpublished), is not new. It was available to Plaintiffs before they filed their October 15, 2012 and October 29, 2012 briefs addressing arbitration issues. [*See* **DE # 3008, DE # 3016**]. It also is not "important," as Plaintiffs argue. (Notice, at 1). On the contrary, *Dottore* is materially distinguishable on its facts and is irrelevant to the issue of whether PNC's deposit agreement retroactively eliminated Plaintiffs' duty to arbitrate their claims against RBC.

In *Dottore*, prior to 2005, David Dadante maintained accounts at Sky Bank which were subject to an arbitration provision. In 2005, a new "permanent" Sky Bank account agreement, which did not have an arbitration provision, was issued for the subject accounts.

Four years later, in 2009, Huntington Bank (which had acquired Sky Bank in 2007) was sued as the successor to Sky Bank for aiding and abetting Dadante's misappropriation of funds from the accounts. Huntington Bank moved to compel arbitration in 2010. The motion was denied on the ground that, under Ohio law,[1] the 2005 "permanent" Sky Bank account agreement was the operative agreement governing the accounts and did not contain an arbitration provision.

Those facts are readily distinguishable from the facts in *Dasher* and *Avery* because the dispute *in Dottore* arose, and the complaint against Sky Bank's successor (Huntington) was filed, four years <u>after</u> Sky Bank had issued a new "permanent" account agreement which omitted the arbitration provision in its prior agreement. By contrast, as RBC has demonstrated [**DE # 3017**], the dispute in *Dasher* and *Avery* arose while Plaintiffs were active RBC account holders. All of Plaintiffs' claims herein were brought against RBC (not PNC) and concern RBC's alleged overdraft practices under RBC's account agreement, which contains an arbitration provision. Dasher and Avery filed their complaints against RBC (not PNC), and RBC moved to compel arbitration, several years before RBC merged with PNC. Put simply, *in Dottore*, Huntington acquired Sky Bank accounts that were no longer subject to arbitration whereas, in the instant cases, PNC acquired RBC accounts that were, and remain, subject to arbitration. The fact that "the current [PNC] agreement no longer contains an arbitration clause" (Notice, at 2) is beside the point because all of Plaintiffs' claims arose under the prior (RBC) agreement, which contains an arbitration provision.

Accordingly, *Dottore* does nothing to bolster Plaintiffs' position that they are no longer bound by RBC's arbitration provision. Moreover, *Dottore* is not, as Plaintiffs argue, "the

---

[1]   *Dottore* was decided under Ohio law. Plaintiffs agree that the account agreements in *Dasher* and *Avery* are governed by North Carolina law.

2

only case that has been found dealing with the situation before the court." (Notice, at 1). Because of its much different facts, *Dottore* does not deal at all with the issue before this Court.

RBC, however, has proffered substantial case law, based on apposite facts, that squarely refutes Plaintiffs' argument. Those decisions uniformly hold that a subsequent agreement which does not contain an arbitration provision does <u>not</u> supersede an arbitration provision in the prior agreement where, as here: (1) the arbitration provision in the prior agreement is (a) broad and (b) does not expressly exclude post-termination arbitration, (2) the arbitrable claims arose out of the prior agreement, and (3) there was no explicit waiver of arbitration in the subsequent agreement. [**DE # 3017**]

For these reasons, nothing in *Dottore* supports the conclusion that RBC's arbitration provision has been retroactively eliminated by the PNC agreement.

        Respectfully submitted,

Date:  December 4, 2012      **AKERMAN SENTERFITT**
One S.E. Third Avenue — 25th Floor
Miami, FL 33131-1714
Tel.: 305-374-5600
Fax: 305-374-5095

By: s/ Christopher S. Carver
   CHRISTOPHER S. CARVER, ESQ.
   Florida Bar No. 993580
   E-mail: christopher.carver@akerman.com
   STACY J. HARRISON, ESQ.
   Florida Bar No. 44109
   E-mail: stacy.harrison@akerman.com

**AKERMAN SENTERFITT**
420 South Orange Avenue
Post Office Box 231
Orlando, FL  32802-0231
Tel.:  407-423-4000
Fax:  407-843-6610

By: s/ Virginia B. Townes
   VIRGINIA B. TOWNES, ESQ.
   Florida Bar No.  361879
   E-mail: virginia.townes@akerman.com

**BALLARD SPAHR LLP**
Mark J. Levin, Esquire
1735 Market, Street, 51st Floor
Philadelphia, PA  19103
Telephone:  215-864-8235
Facsimile:  215-864-9755

*Attorneys for Defendant RBC Bank (USA)*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of *Defendant RBC Bank (USA)'s Response to Plaintiffs' Notice of Supplemental Authority* were served via transmission of Notices of Electronic Filing generated by CM/ECF on December 4, 2012, on all counsel or parties of record on the Service List below, as well as on all other counsel who have entered appearances in MDL 2036.

s/Christopher S. Carver

# SERVICE LIST

*In re: Checking Account Overdraft Litigation*, Case No. 1:09-md-02036-JLK
Relating to: *Dasher v. RBC Bank (USA)*, Case No. 1:10-cv-22190-JLK
*Avery v. RBC Bank*, E.D. N.C. Case No. 5:10-cv-329

**United States District Court, Southern District of Florida**

*Counsel for Plaintiff Michael Dasher*
(service by CM/ECF)

Jeffrey M. Ostrow, Esq.
David L. Ferguson, Esq.
**KOPELOWITZ OSTROW FERGUSON WEISELBERG KEECHL**
200 S.W. First Avenue, 12th Floor
Ft. Lauderdale, FL 33301
Tel.: 954-525-4100
Fax: 954-525-4300
E-mail: ostrow@kolawyers.com
E-mail: ferguson@kolawyers.com

Darren T. Kaplan, Esq.
**CHITWOOD HARLEY HARNES, LLP**
1230 Peachtree Street, N.E.
2300 Promenade II
Atlanta, GA 30309
Tel.: 404-873-3900
Fax: 404-876-4476
E-mail: dkaplan@chitwoodlaw.com

*Plaintiffs' Coordinating Counsel*
(service by CM/ECF)

Robert C. Gilbert, Esq.
**GROSSMAN ROTH, P.A.**
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134

Tel.: 305-442-8666
Fax: 305-779-9596
E-mail: rcg@grossmanroth.com

*Counsel for Defendant RBC Bank (USA)*
(service by CM/ECF)

Virginia B. Townes, Esq.
Carrie Ann Wozniak, Esq.
**AKERMAN SENTERFITT**
420 South Orange Avenue
Post Office Box 231
Orlando, FL 32802-0231
Tel.: 407-423-4000
Fax: 407-843-6610
E-mail: virginia.townes@akerman.com
E-mail: carrieann.wozniak@akerman.com

Christopher S. Carver, Esq.
Stacy J. Harrison, Esq.
**AKERMAN SENTERFITT**
One S.E. Third Avenue – Suite 2500
Miami, FL 33131-1714
Tel.: 305-374-5600
Fax: 305-374-5095
E-mail: christopher.carver@akerman.com
E-mail: stacy.harrison@akerman.com

Mark J. Levin, Esq.
**BALLARD SPAHR LLP**
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Tel. 215-864-8235
Fax: 215-864-9755
E-mail: Levinmj@ballardspahr.com

*Counsel for Plaintiff Stephanie Avery*
(service by CM/ECF)

Inez de Ondarza Simmons, Esq.
5 West Hargett Street – Suite 808
Raleigh, NC 27603
E-mail: inezsimmons@inezlaw.com