550 Rush-Scottsville Road
Rush, New York 14543

November 28, 2012

Clerk of the Court
U.S. District Court for the Southern District
James Lawrence King Federal Justice Building
99 Northeast Fourth Street
Miami, Florida 33128

09 md 2036

FILED by _____ D.C.
DEC 05 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Re: Citizens Bank Overdraft Settlement

Dear Sir or Madam:

I am a member of the "Settlement Class" in the above named case, and was notified by postcard of this fact, a tribute to cost minimization, from a PO box in Portland, OR. I write with two objections to the proposed settlement.

First, I object to the attorneys award of "up to 30% plus costs and expenses." The resulting award would be $41,250,000 to the attorneys, grossly in excess of what these attorneys could gain from a traditional honest practice of law. Their proposed award I calculated assumes the Court awards in the amount Citizens reserved for potential loss. My recommendation is that their compensation should be the hourly rate paid by the State of Florida for the defense of indigent clients applied to documented hours actually worked by the lead attorneys. "Costs and expenses" should be carefully scrutinized to be sure that typical office overhead expenses are not included. Alternatively, The Court should consider awarding fees at 2%, including all "costs and expenses", resulting in $2.75M to the attorneys, to be shared in any manner to which they agree.

Second, I object to the additional amounts proposed for the named plaintiffs. This is a class action case, and therefore they have the same position in the class as others in the Settlement Class. Otherwise they would be unduly enriched, as are the attorneys in the proposed settlement.

Sincerely,

John R. Cherry

Cc: Robert C. Gilbert, Esq.

David F. Adler, Esq.