UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Dasher v. RBC Bank (USA)*
S.D. Fla. Case No. 1:10-CV-22190-JLK

*Avery v. RBC Bank*
E.D.N.C. Case No. 5:10-cv-329

**PLAINTIFFS' RESPONSE TO RBC'S
THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby respond to Defendant RBC Bank (USA)'s ("RBC") Third Notice of Supplemental Authority ("Third Notice") (**DE # 3091**). The Supreme Court's recent decision in *Nitro-Lift Technologies, LLC v. Howard*, 2012 WL 5895686 (U.S. Nov. 26, 2012), does not undermine the substantive arguments advanced by Plaintiffs as to the unenforceability of RBC's old arbitration provision, or the Court's jurisdiction to decide whether that clause is unenforceable under North Carolina law.

In *Nitro-Lift* the Supreme Court found that the Oklahoma Supreme Court erred by determining the validity of the non-compete agreements in two employment contracts rather than limiting its role to determining the enforceability of the arbitration provision in accordance with the Federal Arbitration Act. 2012 WL 5895686, at *2. Here, Plaintiffs have not asked this Court to rule on the enforceability of RBC's account agreement, but have disputed the existence of any

agreement to arbitrate and challenged the enforceability of the arbitration provision using the generally applicable contract defenses recognized by Section 2 of the FAA. *See* Plaintiffs' Supp. Brief, pp. 1-5 (**DE # 3008**); Plaintiffs' Opp. Brief, pp. 5-17 (**DE # 2020**). Thus, *Nitro-Lift* offers the Court no guidance.

Neither *Nitro-Lift*, nor *Marmet Health Care Center, Inc. v. Brown*, 123 S. Ct. 1201 (2012), also cited by RBC in its Third Notice, could prohibit the analysis that Plaintiffs request from the Court. Section 2 of the FAA requires that this Court consider any general state law defenses to the banks' arbitration clauses. It is well established that unconscionability is one such defense. *E.g.*, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996); *Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007).

Furthermore, the Court must ascertain that an agreement is in place which requires the parties to arbitrate. *E.g.*, *Williams v. MetroPCS Wireless, Inc.*, 2010 WL 62605, at *8-11 (S.D. Fla. Jan. 5, 2010) (denying motion to compel arbitration without prejudice and scheduling trial on whether there was an agreement to arbitrate); *also Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992) ("the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute"); **DE # 2669** (setting evidentiary hearing in Compass Bank case to determine whether there was a valid agreement to arbitrate). RBC voluntarily rescinded any arbitration requirement months ago when it imposed the new PNC account agreement on Plaintiffs. *See* **DE # 3008**, pp. 2-3. The bank cannot have its cake (impose the PNC agreement on all customers) and eat it too (still take the benefit of self-serving portions of the old RBC agreement). *E.g.*, *Dottore v. Huntington Nat'l Bank*, 2010 WL 3861010, *2-4 (N.D. Ohio Sept. 28, 2010), *aff'd* 480 Fed. Appx. 351, 353 (6th Cir. May 4,

2012); *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275, 1288-90 (N.D. Ga. 2009) (finding a valid arbitration provision in a credit card agreement where "[t]he original Cardmember Agreement contain[ed] no arbitration clause but state[d] that the agreement [could] be amended at any time," and the bank later "mailed . . . amendments containing arbitration provisions to plaintiff"); *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 576-78 (W.D.N.C. 2000) (retroactively applying arbitration provision that was added to contract after alleged breaches occurred).

DATED:  December 6, 2012.

Respectfully submitted,

| | |
|---|---|
| /s/ Aaron S. Podhurst | /s/ Bruce S. Rogow |
| Aaron S. Podhurst, Esquire | Bruce S. Rogow, Esquire |
| Florida Bar No. 063606 | Florida Bar No. 067999 |
| apodhurst@podhurst.com | brogow@rogowlaw.com |
| Robert C. Josefsberg, Esquire | BRUCE S. ROGOW, P.A. |
| Florida Bar No. 40856 | Broward Financial Center |
| rjosefsberg@podhurst.com | 500 E. Broward Boulevard |
| Peter Prieto, Esquire | Suite 1930 |
| Florida Bar No. 501492 | Fort Lauderdale, FL  33394 |
| pprieto@podhurst.com | Tel: 954-767-8909 |
| John Gravante, III, Esquire | Fax: 954-764-1530 |
| Florida Bar No. 617113 | |
| jgravante@podhurst.com | |
| PODHURST ORSECK, P.A. | |
| City National Bank Building | |
| 25 W. Flagler Street, Suite 800 | |
| Miami, FL 33130 | |
| Tel: 305-358-2800 | |
| Fax: 305-358-2382 | |

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*

/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271


/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008


/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596