# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTIONS

*Dee v. Bank of the West*
N.D. Cal. Case No. 4:10-cv-02736
S.D. Fla. Case No. 1:10-cv-22985-JLK

*Orallo v. Bank of the West*
C.D. Cal. Case No. 2:10-cv-2469
S.D. Fla. Case No. 1:10-cv-22931-JLK

---

**PLAINTIFFS' AND CLASS COUNSEL'S OPPOSITION TO (1) OBJECTOR MARTHA
BRONSON'S REQUEST FOR ORDER EXTENDING TIME TO FILE
OBJECTIONS TO FINAL APPROVAL; TO FILE REPLY; AND LEAVE
TO FILE REQUEST FOR NECESSARY COSTS INCURRED IN OBJECTING
AND (2) MARTHA BRONSON'S POINTS AND AUTHORITIES IN
SUPPORT OF OBJECTIONS TO FINAL APPROVAL OF SETTLEMENT**

Plaintiffs and Class Counsel oppose (1) Objector Martha Bronson's ("Bronson") Request

for Order Extending Time to file Objections to Final Approval; to File Reply; and Leave to File

Request for Necessary Costs Incurred in Objecting ("Request") (DE # 3094), and (1) Bronson's

Points and Authorities in Support of Objections to Final Approval of Settlement (DE # 3095).[1]

---

[1] All capitalized defined terms used herein have the same meanings ascribed in the Settlement
Agreement and Release ("Agreement") attached to the Motion for Final Approval. (DE # 3015-
1).

## GROUNDS FOR DENIAL OF BRONSON'S REQUEST

First, the Request should be denied because Bronson violated S.D. Fla. Local Rule 7.1(a)(3) by failing to meet and confer (or attempting to meet and confer) with the Parties' counsel prior to filing the Request.

Second, the Request should be denied because Bronson failed to offer any well-justified excusable neglect for her admitted failure to timely submit her objection to the Settlement.  Class Counsel received the Request on November 28, 2012.  *See* Exhibit A.  The November 28 version of the Request that Bronson faxed to Class Counsel is notably different from the version she sent to the Court for filing on December 4, 2012.  *Compare* Exhibit A with DE # 3094.  Such conduct on the eve of the Final Approval Hearing is prejudicial to the Court, the Parties and the Settlement Class.  The filed version of the Request seeks the opportunity to file a reply in further support of Bronson objections by December 10, 2012, the day of the Final Approval Hearing.  No additional time should be allowed for Bronson to reply to the Parties' opposition to her objection since she has not acted with diligence or respect for the Court.

The filed version of the Request provides a confusing statement as to when and if Bronson sent her "long form" objection to the Court.  The Clerk docketed the "long form" objection on December 6, 2012, despite the fact that Bronson faxed it, albeit incompletely, to Class Counsel on November 23, 2012.[2]  (DE # 3095).  Bronson is now apparently claiming that the Clerk lost the original version of the "long form" objection.  Her statement is dubious given the other discrepancies between what Bronson sent to Class Counsel and what she later submitted to the Court.

---

[2] Class Counsel exchanged emails with Bronson to request a complete version of the "long form" objections, that was received on November 29, 2012.  *See* Exhibit B (email exchange between Class Counsel and Bronson).

Bronson is *not* a *pro se* litigant who is uneducated about the class action process and the importance of time limits for objecting to a class settlement or opting out. She is a practicing lawyer who has demonstrated her inability to comply with Court-ordered deadlines in the past. *See Martin v. AT&T Wireless Corp.*, No. 2:07-CV-01127-MCE-DAD, 2008 WL 2096840 (E.D. Cal. May 16, 2008) (disqualifying Bronson from proceeding as putative class counsel in a case in which her husband was the proposed class representative and noting that the opposition to the disqualification motion was untimely for no good reason).

Bronson does *not* claim that she received the postcard notice *after* the November 6, 2012 deadline to object and/or opt-out of the Settlement. Instead, Bronson admits that she *timely* received the postcard notice – like all other Settlement Class Members – but did not notice it until "around the beginning of November." She did not attempt to contact any of the Parties' counsel or the Settlement Administrator prior to the November 6, 2012 deadline to explain her alleged circumstances. Further, she admits belatedly serving her "short form" objection (DE # 3077), without giving any indication that she intended to expand on them at a later date, leaving the Parties to assume that there was nothing else that Bronson would do to explain the basis for the objection.

Ultimately, Bronson has not shown excusable neglect. She admits timely receipt of the postcard notice that the Court directed be sent to her, but blames her untimeliness on her own lack of diligence. Her failure to act diligently should not prejudice the remaining 386,000-plus Settlement Class Members. The postcard notice was prepared and disseminated in a manner that is reasonable and customary with regard to consumer class actions and, most importantly, was timely delivered to Bronson. The form of the notice directed members of the Settlement Class to consult the Settlement website for additional details and provided the Settlement Administrator's telephone number as another option. One court considered and rejected the "junk mail"

argument that Bronson advances as a basis for her alleged excusable neglect.  *See In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA 2010 WL 2178937 (N.D. Cal. May 27, 2010) (denying untimely opt-out based on claimed "excusable neglect" because the class members received the settlement notice at their residence and the only excuse provided was that the "notice had been relegated to a pile of 'junk mail'").

Even if Bronson could establish that her neglect in timely objecting was due to circumstances beyond her control, she has not established that her inaction was the result of inadvertence, mistake, or carelessness to fit within the standard announced in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 US 380, 392 (1993).   Bronson's "short form" objection is undated and unsigned.  It did not reach the Court for filing until November 27, 2012, three weeks after the November 6 deadline.  Even if the delay is not deemed substantial and notice of the objection came in advance of the Final Approval Hearing, the Parties, Settlement Class Members, and this Court are nevertheless prejudiced by Bronson's untimeliness.  The Court approved a schedule that provided sufficient time for Settlement Class Members to act. *See Hershey v. ExxonMobil Oil Corp.*, No. 07-1300-JTM, 2012 WL 5306260 (D. Kan. Oct. 26, 2012) (excluding a motion that was the functional equivalent to an objection to a class settlement that was only two weeks late, but impacted the Court's and parties' preparation for the final fairness hearing).  Hundreds of thousands of Settlement Class Members did not object to or opt out of the Settlement.  Now, Bronson is asking the Court to consider her "long form" objection that was delivered to this Court only in time to be docketed on December 6, 2012.[3]  Bronson simply refuses to acknowledge that she has not been diligent in submitting her untimely

---

[3] Bronson also did not show diligence in bringing her intended filings to the Court's attention. Filing following service is to be effectuated "within a reasonable time after service."  Fed. R. Civ. P. 5(d)(1).  Bronson clearly did not comply with this requirement.

4

objections.[4]

Third, the Request should be denied based on Bronson's ulterior motives.  Bronson is a practicing attorney in the State of California.  Her objections (DE # 3077 and 3095) and the Request were both submitted with no mention of that fact or that she is seeking advertising on her firm website to represent customers in overdraft fee litigation against Bank of the West, among others.  *See* Exhibit C.  This advertisement confirms that Bronson is seeking to obstruct the completion of the Settlement in this case as part of an effort to exact more than her *pro rata* share of the Net Settlement Fund.  Based on the advertisement on her firm website, it appears that Bronson has been tracking this litigation for some time prior to receiving the postcard notice. Clearly, this Court has the discretion to deem Bronson's objections to be time-barred.  *See Association for Disabled Amer., Inc. v. Amoco Oil Company*, 211 F.R.D. 457, 475 (S.D. Fla. 2002) (citing cases from various federal jurisdictions for this proposition); *see also In re Checking Account Overdraft Litigation*, 830 F. Supp. 2d 1330, 1336 n.3 (S.D. Fla. 2011) (this Court rejected as untimely eight objections to the Bank of America).

Finally, the Court should deny Bronson's Request to the extent it seeks leave to file a request for reimbursement of her costs in obtaining court filings off of the PACER system. Bronson supplies no authority to support her request.  The Court should summarily deny the Request as to this issue as well.

---

[4] In addition to untimely submitting her own objection, the Settlement Administrator received an untimely opt-out notice from Matina Battaglia, who is apparently a joint accountholder with Bronson.  The opt-out notice was post-marked November 9, 2012, making it untimely.  *Id.* Bronson has an individual account for which she received the postcard notice that was sent to the same street address as the address for the Matina Battaglia accounts.

## RESPONSE TO BRONSON'S "LONG FORM" OBJECTIONS

Plaintiffs' Response to Objections to Final Approval of Settlement and to Class Cousnel's Application for Service Awards and for Attorneys' Fees and Expenses ("Initial Objections Response") (DE # 3070) details bases for rejecting many of the issues raised by Bronson in her "long form" objection.  For efficiency, Plaintiffs incorporate their Initial Objections Response herein.  The arguments that follow are intended to highlight matters that were not specifically addressed in the Initial Objections Response, that Plaintiffs believe are important for this Court's consideration in the event it considers Bronson's untimely objection.

Bronson's challenges to the form and content of the postcard notice are substantively unavailing.  (DE # 3095 at 1-6).  The content of the postcard notice, coupled with the publication notice, long form notice, the website, and the toll-free line required by this Court's Preliminary Approval Order ensured that members of the Settlement Class would have reasonably sufficient access to information to assess their rights and responsibilities with regard to objecting or opting-out on a timely basis.  (DE # 3015-5).  The details that Bronson would like to see in the postcard notice do not support her due process argument.[5]  Under Federal Rule of Civil Procedure 23(e), such information is clearly not required to be set forth in a class notice.  "'Class members are not expected to rely upon the notices as a complete source of settlement information.'"  *In re Checking Account Overdraft Litigation*, 830 F. Supp. 2d at 1344 (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)).

Extensive and informative materials exist on the Settlement website to address Bronson's concerns, and an experienced Settlement Administrator was available to assist members of the

---

[5] Bronson's assertion that the notice needed to comply with what she refers to as the Federal Judicial Center's "Class Notice Checklist" is incorrect.  Presumably, she is referring to the Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, found at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.  That document is merely a guide for judges.

Settlement Class with matters pertaining to who was eligible for inclusion in the Settlement Class, as well as the procedures and deadlines for objecting to or opting out of the Settlement. Bronson's claims of ambiguity in defining which Overdraft Fees are the subject of the Settlement, and her contention that Overdraft Fees that are not the subject of re-sequencing should have been included, demonstrates her fundamental lack of understanding of the claims asserted in this litigation.  (DE # 3095 at 2-3, 7-8).  The postcard notice does not mislead consumers that broader relief pertaining to Overdraft Fees was being afforded to the Settlement Class, nor were postcard notices sent to customers who did not incur Overdraft Fees as a result of Bank of the West's Debit Re-sequencing.  As a result of her failure to properly construe the subject matter of the lawsuit, Bronson also inaccurately suggests inconsistencies between matters addressed in the short and long form notices and the Agreement itself.  (DE # 3095 at 3-5).

The postcard notice was prepared and delivered in a manner that is reasonable and customary with regard to similar consumer class actions, and was without dispute timely delivered to Bronson and the rest of the Settlement Class.  Bronson cites no authority for her proposition that the postcard notice needed to advise members of the Settlement Class of the right to intervene.  (DE # 3095 at 6).  As is typical of consumer class action notice programs, members of the Settlement Class were informed of their opt-out and objection rights.

Objector Bronson's suggestion that in the absence of this Settlement, Plaintiffs faced no risk of defeat on the merits is ludicrous.  (DE # 3095 at 10-11).  In the context of the claims against Bank of the West, this Court ruled pursuant to Federal Rule of Civil Procedure 12(b)(6) that Plaintiffs stated causes of action for which relief may be granted. This Court has not ruled with finality on this issue in this or any other case that is part of MDL 2036.

Bronson's criticism of expert Arthur Olsen's methodologies to address a lack of data maintained by Bank of the West in order to calculate damages is similarly misplaced.  (DE #

3095 at 13-16).  The methodologies employed by Mr. Olsen were appropriate and reasonable in light of the data that Bank of the West maintained.   Mr. Olsen's opinions were accepted in *Gutierrez v. Wells Fargo Bank* as being well-reasoned.  They are equally well-reasoned here, and attorney Bronson has not offered any expert opinions to the contrary.

## **CONCLUSION**

Based on the foregoing, Plaintiffs and Class Counsel respectfully request that the Court deny the Request in its entirety.   In the event the Court considers the substance of Bronson's objections, the Court should overrule them based on the arguments and authorities set forth in the Initial Objections Response and herein.

Dated: December 6, 2012.

Respectfully submitted,

/s/ Aaron S. Podhurst                         /s/ Bruce S. Rogow
Aaron S. Podhurst, Esq.                Bruce S. Rogow, Esq.
Florida Bar No. 063606                Florida Bar No. 067999
apodhurst@podhurst.com            brogow@rogowlaw.com
Robert C. Josefsberg, Esq.            Bruce S. Rogow, P.A.
Florida Bar No. 40856                 Broward Financial Center
rjosefsberg@podhurst.com         500 East Broward Boulevard, Suite 1930
Steven C. Marks, Esq.                 Fort Lauderdale, FL  33394
Florida Bar No. 516414               Tel: 954-767-8909
smarks@podhurst.com              Fax: 954-764-1530
Peter Prieto, Esq,
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458
srosenthal@podhurst.com
PODHURST ORSECK, P.A.
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800
Fax: 305-358-2382

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 3855830
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


/s/ E. Adam Webb
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-444-0271

/s/ Michael W. Sobol
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
Jordan Elias, Esquire
California Bar No. 228731
jelias@lchb.com
LIEFF CABRASER HEIMANN &
    BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

/s/ Russell W. Budd
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
Bruce W. Steckler, Esquire
Texas Bar No. 00785039
bsteckler@baronbudd.com
Mazin A. Sbaiti, Esquire
Texas Bar No. 24058096
msbaiti@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

/s/ David S. Stellings
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY 10013
Tel: 212-355-9500
Fax: 212-355-9592

/s/ Ruben Honik
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

/s/ Ted E. Trief
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Plaintiffs' Executive Committee*

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2012, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on all counsel of record or *pro se* parties in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties who are not authorized to receive electronically Notices of

Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596