# EXHIBIT A
# RESPONSE TO BRONSON MOTION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL NO. 2036 | )<br>)<br>)<br>)<br>)<br>)<br>) **Case No. 1:09-02036-JLK** |
| THIS DOCUMENT RELATES TO:<br><br>*Dee v. Bank of the West*<br>*N.D. Cal. Case No: 4:10-cv-02736*<br>*S.D. Fla. Case No. 1:10-cv-22985 JLK*<br>*Orallo v. Bank of the West*<br>*C.D. Cal. Case No. 2:10-cv-2469* | )<br>)<br>)<br>)<br>)<br>) |

OBJECTOR, MARTHA BRONSON'S REQUEST FOR ORDER EXTENDING TIME
TO FILE OBJECTIONS TO FINAL APPROVAL; TO FILE REPLY ; AND LEAVE
TO FILE REQUEST FOR NECESSARY COSTS INCURRED IN OBJECTING

MARTHA BRONSON, a class member ("BRONSON"), moves the court pursuant to Fed. R. C Pro. 6 (b)(1) (B) for an order extending the time to file objections to Final Approval of Settlement , in the above referenced matter. BRONSON'S objections were filed beyond November 6, 2012 for a combination of reasons, the first being BRONSON'S belated knowledge of the Postcard NOTICE of Class Action, which NOTICE had been placed by another family member for recycling amongst household "junk mail" and old newspapers and discovered only by chance when it was found on the ground BY recycle bin; in conjunction with (1) BRONSON'S mistake in believing the intentional absence on the NOTICE of a deadline for "filing objections" (while intentionally giving a deadline for writing a letter objecting) meant no deadline existed for filing objections before hearing on December 6; (2) the need for time to learn about the lawsuit and options available; and, (3) time needed to actually prepare a response or Objections. As it is, there was not enough time to prepare the objections that were filed, despite due diligence as evidenced, in part by the pacer account history and charges Objector incurred in reviewing this case in preparation for the objections ( Exhibit 1).

Federal Rule of Civil Procedure 6(b)(1) provides that when the deadline for a party to act has expired a Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The Supreme Court has clarified that "excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Rather, it "extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness." *Id.* And the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The relevant factors to consider include the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 2009) (reversing for failing to find excusable neglect for delayed filing); *See also Kirkland v. Guardian Life Ins. Co. of America*, 352 Fed. Appx. 293, 297 (11th Cir. 2009) (affirming no abuse of discretion for permitting late filing due to counsel's excusable neglect).

All factors weigh in favor of BRONSON. First, there is no prejudice to the opposing parties because they claim that the objections have already been raised as they either overlap with other objections on file, were previously raised and rejected in Torres v. B of A, or are "belied" by the motions and declarations filed in DE #2842 (preliminary approval) and 3015 (final approval). [Fn. 1, Page 2] Even if some of the objections are new, which many are, there is still no prejudice because responding parties have had ample time to address them, not to mention the fact that opposing parties are silent about suffering from any prejudice should the court consider them. Their silence on prejudice is a sure tell for its absence.

Second, the length of delay is minimal at nine days and the impact of that on the proceedings appears to be none or nominal compared to some of the other delays that have occurred in this case. Take for example plaintiffs' delay of over FOUR MONTHS in filing their Settlement Agreement and Motion for Preliminary Approval of Settlement (See #2414, 2418, 2813). Also, Objector's one motion for an extension of time is insignificant compared to the no less than fifty (50) plus serial motions for extensions of time which have been filed in this case, all fifty of which were granted.

Third, the reason for the delay was not within Objector's control as the flimsy white 6 x 4 postcard looked like junk mail rather than anything akin to an important legal document. As such, another household member put the flimsy little white postcards amongst the junk mail for discard into the recycling bin. Objector noticed the postcard on the ground by the recycle bin, by chance, around the beginning of November. Under these circumstances, the parties to the settlement agreement should be estopped from objecting to this request and be deemed blameworthy for taking cheap short cuts by using little postcards having teeny tiny print, which are not likely to be taken as seriously as they should by anyone. Further, the content of the notice fails to give a deadline for filing objections, yet gave a deadline for sending a letter objecting, thus implying no deadline for filing objections. BRONSON made the mistake of misinterpreting the absence of a deadline for filing as the nonexistence of one.

BRONSON has thousands of dollars in overdraft fees at issue here and she takes this matter very seriously. So serious that she has loss time and money from work with over sixty hours researching and reviewing the pleadings on file in this case in an attempt to get a grasp on the issues in the case and whether the settlement is, in reality, fair, reasonable and adequate. BRONSON has incurred over $600.00 in pacer fees alone ( see exhibit 1 ), the reimbursement of which she fully expects since she had no known alternative to learn about the details of this proposed settlement.

3

11/28/2012 5:04 AM FROM: Fax TO: (954) 525-4300 PAGE: 004 OF 006

The inadequate, confusing, discouraging half truths in the postcard NOTICE (see e.g. Objections Points and Authorities, I A(viii) @ page 5) caused delay and likely the cause for few absent member objections, rather than class counsel's self serving claim of silent class member approval. Surely other members would have made their objections known, but for the inadequate NOTICE given which does not explain that the net 12 million will not even cover one $35.00 overdraft fee of the 380,000 identified members, much less the multiple fees adding up to hundreds and for some thousands of dollars.

This, in addition to the other unaddressed significant problems, i.e. the overbroad class definition, but narrowly defined methodology to identity those members (which effectively omits class members such as those with overdraft fees due to BOW'S credit and ACH re-sequencing, a scheme tied to BOW'S debit re-ordering scheme), the over broad release, and others to many to list here) are imperative considerations in deciding whether to impose such grand orders imposing on absent class members' rights, as those requested here. Accordingly, this motion should be granted based upon the court's need to be informed of all objections which, as here, concern the rights of absent members.

WHEREAS, there is no prejudice to opposing party, while in contrast the failure to consider the Objections will result in multiple due process violations against hundreds of thousands of absent class members who were not given the most practicable notice such to have knowledge of their rights and were literally discouraged by the NOTICE to participate through the false statement that members had only three choices in this litigation; when there was the fourth choice to intervene; and, through their deceiving words in the NOTICE that they could appear at the hearing with an attorney to speak for them, at their own cost, falsely implying the member could appear only through counsel which the member would have to pay for. These discouraging tactics by Class counsel have been tried before, but counsel was quickly reprimanded by the court when rejecting such

similar NOTICE to the class (Guitterez Transcript, Exhibit 2 to Objections with Points and Authorities received by this court on November 27, 2012 ).

It is respectfully requested that this court grant the motion for an order extending OBJECTOR'S time to file her objections. Said objections were initially mailed in short form to the court via USPS first class mail, with copies mailed to class counsel of record and defense counsel, weeks ago; and, original objections complete with points and authorities in support thereof, federally expressed to this court on November 23, 2012 and received for filing on November 26, 2012 by this court, with a red cover letter requesting they be filed and copies of said original objections complete with points and authorities were e-mailed and/or faxed to class counsel of record and defense counsel, as listed in the attached certificate of service.

Objector further respectfully requests an order granting her the right to file a reply to the responses to objections no later than December 3, 2012 and leave to file a request for reimbursement of costs incurred.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge except for matters stated on information and belief and as to those matters I believe them to be true.

Respectfully Submitted:

_____Dated: November 26, 2012

MARTHA BRONSON

11/28/2012 5:04 AM   FROM: Fax   TO: (954) 525-4300   PAGE: 006 OF 006

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by FAX on November 27, 2012 on all counsel or parties of record on the Service List below.

_____

MARTHA BRONSON

**SERVICE LIST**

**MICHAEL SOBOL**
**Fax: 415-956-1008**

**JEFFREY M. OSTROW**

**Fax: 954-525-4300**

**ROBERT C. GILBERT**
**Fax: 561-367-0297**

**LISA M. SIMONETTI**
**Fax: 310-556-5959**