UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION
*Swift v. BancorpSouth, Inc.*
N.D. FL, C.A. No. 1:10-00090-SPM-AK
S.D. Fla. Case No. 1:10-cv-23872-JLK

REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMICUS
BRIEF ADDRESSING PLAINTIFFS' MOTION IN LIMINE

Capital One, N.A., Comerica Bank, Synovus Bank, Synovus Financial Corporation, and Wells Fargo Bank, N.A. (collectively, "amici"), respectfully submit the following reply in response to plaintiffs' opposition (DE # 3113) to amici's motion for leave (DE # 3038) to file an amicus brief in this case.

I.   The Court Has the Inherent Power to Accept and Consider Amicus Briefs.

Plaintiffs argue that the Court should decline to accept and consider amici's brief because there is no rule specifically permitting the filing of amicus briefs with a district court. Plaintiffs concede, however, that the Court has the inherent power to consider amicus briefs. Moreover, plaintiffs completely ignore the fact that this Court previously invited defendant banks in this MDL to file such amicus briefs on common issues in cases in which they are not parties. *See* DE # 169 (8/26/09 Tr.) at 55. As this Court has observed in this MDL and other cases, participation by *amici* can be valuable and alert the Court to the contentions of concerned bystanders. *See id.* at 55; *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991).

II.  Amici's Arguments Are Not "Wholly Duplicative" of Those Made by BancorpSouth.

Plaintiffs assert that amici's arguments are "wholly duplicative" of those made by BancorpSouth. Plaintiffs implicitly contradict this assertion, however, by dedicating nearly eight

pages to responding to amici's substantive arguments – something that should have been unnecessary if they were correct that the arguments are merely duplicative. Even a cursory review of amici's proposed amicus brief shows that, rather than simply repeating the arguments made by BancorpSouth, amici have instead endeavored to provide the Court with their unique views, experience of counsel, and supporting legal authority on the approach taken by most MDL courts on evidentiary motions.

### III. Amici Did Not Argue That the Court Cannot Rule on These Evidentiary Motions, Only That It Should Exercise Its Discretion to Defer Any Decision on Such Case-Specific Motions to the Trial Court.

In an attempt to discredit the proposed amicus brief, plaintiffs dispute arguments that amici did not make. Amici did not argue that plaintiffs acted improperly in filing their evidentiary motions. Nor did amici argue that this Court lacks authority to rule on such motions. Rather, amici simply urged that this Court exercise its discretion to defer such case-specific motions to the trial court, as most MDL courts routinely do.

Plaintiffs certainly offer no reason why the Court should decide these evidentiary issues now, in the abstract, rather than allowing the transferor/trial court to determine the admissibility of specific pieces of evidence. They do not even mention, let alone attempt to distinguish, this Court's own *Roberts* decision, in which the Court set forth numerous reasons that evidentiary questions are better decided item-by-item at trial. *See Roberts v. Charter Nat'l Life Ins. Co.*, 105 F.R.D. 492, 493 (S.D. Fla. 1985) (King. J.)). Curiously, the only authority cited by plaintiffs on this point is *In re Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 798 (N.D. Ohio 2004) – a case also cited by amici. That case clearly rejects plaintiffs' position. *See id.* at 798 ("[T]he transferee court typically does not rule on cumbersome, case-specific legal issues.").

### IV. Plaintiffs' Arguments on the Substance of the Proposed Amicus Brief Provide No Basis for Denying This Motion for Leave to File That Amicus Brief.

Plaintiffs' effort to discredit the proposed amicus brief by arguing that it is wrong on the merits provides no basis for denying this motion for leave to *file* the amicus brief. Indeed, plaintiffs' arguments largely ignore the true substance of the amicus brief and hence fail to undermine the usefulness of that brief to the Court on the issues presented.

A.  **Evidence of Other Accounts / Alternative Sources of Payment**

After first repeating their argument that the Court has already ruled that evidence of other accounts held by plaintiffs is immaterial to any relevant issue, plaintiffs then admit that this is not true by conceding that the Court's Discovery Order (DE # 1016) was "limited to the scope of written discovery." Opp. at 3.

Although amici offered four specific purposes for which evidence of plaintiffs' other accounts might be properly admissible and highly relevant at trial, the only one that plaintiffs discuss is amici's showing that the laws of many jurisdictions explicitly identify market alternatives as an important factor in assessing a claim of unconscionability. Plaintiffs do not contest this proposition; rather, they merely ask the Court to ignore decisions establishing unconscionability principles if those decisions involved arbitration agreements. Plaintiffs offer no authority to support their assertion that courts would apply a different analysis when analyzing plaintiffs' unconscionability claims.[1]

Plaintiffs do not even attempt to respond to the remainder of amici's arguments; rather, they brush them aside as "hypothetical examples" in favor of admissibility. In doing so, plaintiffs demonstrate amici's overarching point that the potential purposes for which evidence will be offered at trial are necessarily theoretical scenarios, because plaintiffs have not identified any specific piece of evidence that they seek to exclude and the Court does not have the benefit of viewing that evidence in the context of the trial.

B.  **Evidence of Use of Funds**

In their Motion in Limine, plaintiffs sought to exclude all evidence of the "purpose and use" of the funds in debit-card transactions that resulted in overdrafts. DE # 2996 at 3. Plaintiffs have now limited their request, contending that they are only seeking to prevent BancorpSouth from introducing evidence "that high-to-low posting benefits customers by giving settlement priority to more important transactions." Opp. at 5. Amici welcome this concession that evidence of the plaintiffs' use of funds may be introduced at trial for other purposes, such as those outlined in the amicus brief (DE #3038-1 at 10-12). But plaintiffs are flatly wrong in

---

[1] Indeed, in addressing the elements of their unconscionability claims, plaintiffs themselves have previously cited decisions rendered in the arbitration context. *See* DE # 2272-3 at 3 (citing *Blue Cross Blue Shield of Alabama v. Rigas*, 923 So. 2d 1077, 1086 (Ala. 2005)).

3

suggesting that amici agree that such evidence should not be admissible for purposes of demonstrating that high-low posting often benefits consumers by ensuring payment of high-priority items. This issue is discussed further in Section IV.E. below.

    **C.**    **Evidence of Statements by Regulators**

Plaintiffs argue that statements by the bank's regulators have already been ruled inadmissible by this Court in its Order on Defendant's Omnibus Motion to Dismiss (*In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1313 (S.D. Fla. 2010)). Plaintiffs make no effort to explain how this Court's ruling, on a motion to dismiss, that certain regulatory statements were not *dispositive* on the merits of plaintiffs' claims, could possibly establish that they are entirely *irrelevant* to those claims. Nor do plaintiffs provide any support for their assertion that the regulatory context in which BancorpSouth operated is irrelevant to a determination of whether the bank's posting order was objectively unreasonable. Amici's discussion of this issue, including their discussion of *Gutierrez v. Wells Fargo*, offers perspectives on this issue that should be useful to the Court.

It is odd that, after having cited *Gutierrez v. Wells Fargo* to support their own positions throughout this MDL, plaintiffs now ask the Court to disregard Judge Alsup's decision to admit this type of evidence in that case. The amicus brief seeks to assist the Court in understanding why evidence on this issue is highly relevant to the issues presented in this case and in this MDL, just as it was in *Gutierrez*.

    **D.**    **Evidence of Competitor Practices**

Plaintiffs offer no response to amici's showing that evidence of industry custom and practice is relevant to whether a bank's choice of posting order was made in good faith. Nor do they rebut amici's demonstration that many state laws explicitly require consideration of such indicia of commercial reasonableness in assessing issues of good faith and/or unconscionability. Instead, they simply assert that the testimony of Mr. Carrubba on this topic is duplicative and cumulative of BancorpSouth's fact witnesses. It is difficult to see how testimony could be determined to be cumulative before trial has even begun. It is also difficult to conceive of how such testimony could be cumulative when plaintiffs are asking that the entire topic be excluded. Here, again, plaintiffs' argument simply confirms amici's point: this is a *trial* issue that should be decided at trial, and the amicus brief seeks to assist the Court by explaining why this is so.

E.  **Evidence of the Benefits of Bank Practices**

Plaintiffs claim that because they are not challenging the bank's policy of paying items into overdraft as *per se* unlawful, any evidence regarding the benefit derived by a customer from the payment of a particular item into overdraft is irrelevant to this case. Opp. at 8. This argument ignores amici's showing that a bank's decisions on posting order determine not only the order in which items are paid, but whether certain items are paid at all.

Plaintiffs also suggest that there is no evidence that the posting order of debit-card transactions has any impact on important transactions such as mortgage payments "because consumers do not typically use debit cards to conduct key purchases and payments." Opp. at 9. Plaintiffs' argument (even assuming *arguendo* that its unproven premise is correct) ignores the fact that the posting order of debit-card transactions cannot be considered in a vacuum and will in fact have important impacts on a customer's *other* transactions. Amici's brief demonstrates why this is so (DE # 3038-1 at 17-18) and can therefore be helpful to the Court on this issue.

V.  **Amici's Observations on Plaintiffs' Daubert Motion Can Assist the Court.**

Plaintiffs offer no argument as to why the amicus brief would not be helpful in the Court's consideration of plaintiffs' *Daubert* Motion, except to state once again that amici's arguments are repetitive of those made by BancorpSouth. As the Court can see for itself, amici's arguments on plaintiffs' *Daubert* Motion offer a different perspective on the issues and were designed to be helpful to the Court in making its determination.

\* \* \*

For the foregoing reasons, this Court should grant the proposed amici curiae permission to file their proposed amicus brief (DE # 3038-1).

DATED:  December 14, 2012

/s/
James R. McGuire (*pro hac vice*)
jmcguire@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:  415-268-7000
Facsimile:  415-268-7522

*Attorneys for Capital One, N.A.*

/s/
Kenneth C. Johnston (*pro hac vice*)
kjohnston@krcl.com
KANE RUSSELL COLEMAN & LOGAN, PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Telephone:  214-777-4200
Facsimile:  214-777-4299

*Attorneys for Comerica, Inc.*

/s/
Steven M. Collins (*pro hac vice*)
steve.collins@alston.com
Christopher A. Riley (*pro hac vice*)
chris.riley@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
chris.riley@alston.com

William L. Tucker
wlt@psstf.com
PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, Georgia 31901
Telephone: (706) 243-5604
Facsimile: (706) 596-9992

Stephen M. Colangelo
scolangelo@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, D.C. 20006-1888
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Attorneys for Synovus Bank and Synovus Financial Corp.*

/s/
Barry R. Davidson (Fla. Bar No. 107678)
bdavidson@hunton.com
Jamie Zysk Isani (Fla. Bar No. 728861)
jisani@hunton.com
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Sonya D. Winner (*pro hac vice*)
swinner@cov.com
David M. Jolley (*pro hac vice*)
djolley@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Wells Fargo Bank, N.A*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2012, I served the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

    /s/David M. Jolley
David M. Jolley