UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-M D-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
THIRD TRANCHE ACTION

*Mosser v. TD Bank, N.A.*
S.D. Fla. Case No. 10-21386-JLK
E.D. Pa. Case No. 10-cv-00731

*Mazzadra, et. al. v. TD Bank, N.A.*
S.D. Fla. Case No. 10-21870-JLK

*Hughes et al. v. TD Bank, N.A.*
D.N.J. Case  No. 11-7257

**PLAINTIFFS CHRIS HUGHES' AND CARLA
CRESSMAN'S LIMITED OBJECTION TO THE TD BANK SETTLEMENT**

For the reasons explained below, plaintiffs Chris Hughes and Carla Cressman ("*Hughes* Plaintiffs"), through their undersigned counsel, each respectfully submit this limited objection to the Settlement to the extent that the final approval of the MDL Plaintiffs' motion for attorney's fees, expenses and service awards, (see doc. no. 3158) fails to provide the *Hughes* Plaintiffs from also receiving a service award for being named plaintiffs and stepping forward to represent the Class.

I.   BACKGROUND AND THE FINAL FAIRNESS HEARING

On December 14, 2011, the *Hughes* Plaintiffs filed a class action complaint in the United States District Court for the District of New Jersey, alleging TD Bank improperly assessed and collected overdraft fees through posting debits from debit card transactions to its customer's bank account from highest to lowest dollar amount. *Hughes et al v. TD Bank, N.A.*, Case No. 11-CV-07257-JEI-KMW ("*Hughes*").  The *Hughes* complaint sought damages, restitution, and equitable relief from TD Bank for statutory violations of the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2 *et seq.* as well as the Electronic Fund Transfer Act, 15 U.S.C. § 1693, the latter of which was not brought by the MDL plaintiffs in this MDL 2036 proceeding but would be resolved as part of the proposed Settlement.  Additionally, unlike the MDL plaintiffs, the *Hughes* complaint also asserted five common law claims solely under New Jersey law for breach of contract, breach of good faith and fair dealing, unconscionability, conversion, and unjust enrichment, all of which would be resolved by the proposed Settlement. *Id.*

On February 17, 2012, TD Bank moved to dismiss *Hughes* but after full briefing on April 19, 2012, Judge Irenas of the District Court of New Jersey denied TD Bank's Motion to Dismiss.

On May 7, 2012, counsel for the MDL plaintiffs and counsel for TD Bank participated in mediation before Professor Eric Green of Resolutions, LLC and reached an agreement concerning the material terms of the settlement.  On May 14, 2012, *Hughes* was subsequently transferred to this Court by the MDL Panel to be coordinated with the MDL actions filed against TD Bank and pending in MDL 2036.  In late August and early September 2012, the parties to the mediation executed the Settlement Agreement ("Settlement") and submitted the Settlement to this Court for preliminary approval, which includes a request for service awards of $10,000 per

2

named plaintiff in the MDL cases, but does not include the *Hughes* Plaintiffs although the Settlement would resolve the claims brought by the Hughes Plaintiffs.. On September 19, 2012, the Court preliminarily approved the Settlement. *See* Doc. No. 2960.

Neither the Hughes Plaintiffs nor their counsel have made any agreements that relate to their objection with any party. Neither Mr. Hughes nor Ms. Cressman have objected to a class action settlement with the last five years. In the last five years, their counsel, Squitieri & Fearon, LLP has objected to one class action settlement in *Schlensinger v. Ticketmaster*, Case No. BC 34565 (Sup.Ct. Cal. Feb. 2, 2012) for its overbroad release. That objection was sustained. *See* Exhibit A *Schlesinger et al. v. Ticketmaster,* LASC Case No. BC304565, at 8 (Sup. Ct. Cal. Sept. 26, 2012) (holding that the release language was overbroad).

The Court has set the Final Approval Hearing for March 7, 2013. The *Hughes* Plaintiffs' counsel, Caitlin Duffy, will appear at the Fairness Hearing and Mr. Hughes and Ms. Cressman have no intention of appearing at the Final Approval Hearing. The Hughes Plaintiffs will not call any witnesses to testify at the hearing.

## II.     The *HUGHES* PLAINTIFFS ARE ENTITLED TO A SERVICE AWARD

As named plaintiffs in the *Hughes* action, the *Hughes* Plaintiffs are settlement Class members. While requesting service awards of $10,000 per plaintiff or plaintiff-couple, the MDL plaintiffs wrongly exclude the *Hughes* Plaintiffs from receiving any service award even though they are also named plaintiffs in this litigation and pursued the claims for the Class. Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the court of the class action litigation." *Allapattah Services, Inc. v. Exxon Corp*., 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006). Other courts have consistently found service awards to be an efficient and productive way to encourage members of a class to become class

representatives. *See e.g., Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (awarding class representatives $300,000 each).

In deciding whether to grant service awards, courts consider the following: (1) the actions the class representatives took to protect the interests of the class; (2) the degree to which the class benefited from those actions; and (3) the amount of time and effort the class representatives expended in pursuing the litigation. *See, e.g.*, *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

As applied to the *Hughes* Plaintiffs, the above factors demonstrate the reasonableness of their modest request for service awards of $3000. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1357-58 (S.D. Fla. 2011) (noting "that the class representatives expended time and effort in meeting their fiduciary obligations to the Class, and deserve to be compensated for it."). In *Hughes*, plaintiffs Hughes and Cressman asserted a claim under the EFTA that was not asserted by the MDL plaintiffs on behalf of a New Jersey class. Both plaintiff Hughes and Cressman took numerous actions and provided substantial assistance to their counsel, including locating and forwarding responsive documents and information (such as monthly account statements and account agreements) and being active, hands-on participants in the litigation and expending significant amounts of their own time to benefit the Class. Additionally, through their counsel, the *Hughes* Plaintiffs successfully opposed TD Bank's motion to dismiss, further bolstering the Class's position before the MDL plaintiffs and TD Bank conducted their mediation session.

Thus, the *Hughes* Plaintiffs not only devoted time and effort to the litigation, but their efforts contributed to the substantial benefit to the Settlement Class ultimately achieved by the MDL plaintiffs and their counsel. Therefore, the *Hughes* Plaintiffs request a service award as

named plaintiffs in this litigation and suggest a modest $3000 each is a reasonable service award for their efforts.

Respectfully submitted,

Dated: January 31, 2013
      New York, New York

                                       s/ *Caitlin Duffy*
                                       Caitlin Duffy
                                       Stephen J. Fearon, Jr.
                                       32 East 57th Street
                                       12th Floor
                                       New York, New York 10022
                                       Tel:   (212) 421-6492
                                       Fax:   (212) 421-6553
                                       Email: stephen@sfclasslaw.com
                                       Email: caitlin@sfclasslaw.com

                                       *Attorneys for Plaintiffs*
                                       *Christopher Hughes and Carla Cressman*

                                       _____

                                       Christopher Hughes
                                       130 South Vermont Avenue
                                       Apt. 912
                                       Atlantic City, New Jersey 08401
                                       (856) 524-0202

                                       _____

                                       Carla Cressman
                                       734 Oak Park Road
                                       Hatfield, PA 19440
                                       215-855-8206

named plaintiffs in this litigation and suggest a modest $3000 each is a reasonable service award for their efforts.

Respectfully submitted,

Dated: January 31, 2013
       New York, New York

s/ *Caitlin Duffy*
Caitlin Duffy
Stephen J. Fearon, Jr.
32 East 57th Street
12th Floor
New York, New York 10022
Tel:   (212) 421-6492
Fax:   (212) 421-6553
Email: stephen@sfclasslaw.com
Email: caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*
*Christopher Hughes and Carla Cressman*

_____ 1·29·13
Christopher Hughes
130 South Vermont Avenue
Apt. 912
Atlantic City, New Jersey 08401
(856) 524-0202


_____
Carla Cressman
734 Oak Park Road
Hatfield, PA 19440
215-855-8206

5

named plaintiffs in this litigation and suggest a modest $3000 each is a reasonable service award for their efforts.

Respectfully submitted,

Dated: January 31, 2013
      New York, New York

                                            s/ *Caitlin Duffy*
                                            Caitlin Duffy
                                            Stephen J. Fearon, Jr.
                                            32 East 57th Street
                                            12th Floor
                                            New York, New York 10022
                                            Tel:   (212) 421-6492
                                            Fax:  (212) 421-6553
                                            Email: stephen@sfclasslaw.com
                                            Email: caitlin@sfclasslaw.com

                                            *Attorneys for Plaintiffs*
                                            *Christopher Hughes and Carla Cressman*


_____

Christopher Hughes
130 South Vermont Avenue
Apt. 912
Atlantic City, New Jersey 08401
(856) 524-0202


*/s/ Carla Cressman/*
Carla Cressman
734 Oak Park Road
Hatfield, PA 19440
215-855-8206

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing Plaintiffs Chris Hughes' and Carla Cressman's Limited Objection to the TD Bank Settlement and exhibit thereto to be served by CM/ECF and by First Class Mail on January 31, 2013 on the following parties:

| Clerk of the Court U.S. District Court for the Southern District of Florida James Lawrence King, U.S.D.J. Federal Justice Building 99 Northeast Fourth Street Miami, FL 33132 | TD Bank Overdraft Litigation P.O. Box 2876 Portland, OR 97208-2876 | Aaron S. Podhurst Podhurst Orseck, P.A. 25 West Flager Street Suite 800 Miami, FL 33130 | Robert C. Gilbert Grossman Roth, P.A. 2525 Ponce de Leon Boulevard Suite 1150 Miami, FL 33134 | Clifford H. Ruprecht Pierce Atwood LLP Merrill's Wharf 254 Commercial Street Portland, ME 04101 |
|---|---|---|---|---|

_____
Caitlin Duffy