UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 09-MD-02036-JLK**

**IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION**

MDL No. 2036

**THIS DOCUMENT RELATES TO:
THIRD TRANCHE ACTIONS**

*Mosser v. TD Bank, N.A.*
E.D. Pa. Case No. 2:10-cv-00731
S.D. Fla. Case No. 10-cv-21386-JLK

*Mazzadra, et al v. TD Bank, N.A.*
S.D. Fla. Case No. 1:10-cv-21870-JLK

**PLAINTIFFS' AND CLASS COUNSEL'S RESPONSE TO OBJECTIONS
TO MOTION FOR FINAL APPROVAL OF SETTLEMENT AND CLASS
APPLICATION FOR SERVICE AWARDS AND ATTORNEYS' FEES**

After more than two years of hard-fought litigation, Class Counsel negotiated the Settlement Agreement and Release ("Settlement" or "Agreement") with Defendant TD Bank, N.A. ("TD Bank" or the "Bank").[1] The Settlement – which consists of a cash Settlement Fund in the amount of $62,000,000, plus TD Bank's payment of all fees and costs associated with the Notice Program and administration of the Settlement (estimated to be approximately $750,000) – is an outstanding achievement that will provide immediate benefits to more than one million Settlement Class Members without further risks, delays and costs. Settlement Class Members do

---

[1] All capitalized defined terms have the same meanings ascribed in the Settlement Agreement and Release attached as Exhibit A to Plaintiffs' and Class Counsel's Motion for Final Approval of Settlement, and Application for Service Awards, Attorneys' Fees and Expenses (DE # 3158).

not have to do anything to receive the benefits of the Settlement; they will receive their settlement consideration through automatic account credits or by checks. Approximately one million Settlement Class Members received direct mail Notice of the Settlement. The Notice approved by the Court used plain language to inform Settlement Class Members about, *inter alia*: (1) the terms of the Settlement; (2) the choices available to them – exclude themselves, object, or participate in the Settlement – including applicable deadlines and how to exercise those options; and (3) the Final Approval Hearing.

## I.   OVERVIEW OF THE OBJECTIONS

Out of more than one million Settlement Class Members, only three (3) objections to the Settlement were timely submitted or filed by or on behalf of individuals purporting to be Settlement Class Members: Edward J. Smith; Chris Hughes and Carla Cressman (DE # 3222, 3223); and Andrea Barnes.[2]

Three objections out of over one million Settlement Class Members is particularly telling.[3] It evidences overwhelming support for Plaintiffs' and Class Counsel's Motion for Final Approval of the Settlement, and Application for Service Awards, Attorneys' Fees and Expenses.[4] This extraordinarily "low percentage of objections points to the reasonableness of a proposed settlement and supports its approval." *Lipuma v. American Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005).

---

[2] To date, the objections of Mr. Smith and Ms. Barnes have not been entered on the CM/ECF system and, therefore, have not been assigned docket entry numbers.

[3] The average number of objections to settlements of consumer class actions is 233. In a settlement of this magnitude, the Court should expect to receive around 760 objections to the Settlement (extrapolating from the average of 4.7 objectors per $1 million in consumer recovery). *See* Theodore Eisenberg & Geoffrey Miller, *The Role of Opt-Outs and Objectors in Class Action Litigation: Theoretical and Empirical Issues*, 57 VAND. L. REV. 1529 (2004).

[4] In addition, the extremely low number of requests for exclusion (73 as of January 31, 2013) demonstrates overwhelming support for the Settlement.

All three objections are riddled with misunderstandings of the Settlement and basic class action jurisprudence. *Not a single objector submitted an expert affidavit or provided any evidence undermining the conclusions reached by Class Counsel and their nationally recognized experts that (i) this Settlement achieves an outstanding result for the Settlement Class, and (ii) Class Counsel's application for fees is reasonable.* See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1021 (9th Cir. 1998) (affirming final approval of nationwide class action settlement where "[t]he objectors presented no evidence" to support their arguments).

For the reasons discussed below, Plaintiffs and Class Counsel respectfully request that the Court (1) overrule the objections; (2) grant Final Approval to the Settlement; (3) approve the request for Service Awards to the Plaintiffs; (4) approve Class Counsel's application for attorneys' fees and expenses; and (5) enter Final Judgment dismissing the Action with prejudice.

## II. THE THREE OBJECTIONS SHOULD BE OVERRULED ON THE MERITS

### A. The Edward J. Smith Objection.

Objector Edward J. Smith raises a number of issues. Mr. Smith claims that: (1) he is unable to determine whether the Settlement is beneficial to him; (2) the Settlement makes no provision for the payment of interest on the amounts unlawfully taken from him by TD Bank; (3) the Settlement may bind him and prejudice a future case regarding separate minimum balance fees charged to his account; (4) certain fees he was charged for not maintaining certain minimum daily balance amounts in his account were unlawful, and these fees must be addressed together with overdraft fees because they operate in concert to amplify each other's impact; (5) he has not had an opportunity to seek discovery in this case; (6) the request for attorneys' fees is excessive; (7) the distribution of funds remaining in the Settlement Fund more than one year following distributions have been made to all Settlement Class Members should not go to *cy pres* relief

unless a second round of distributions to Settlement Class Members is impossible; and (8) the release is overbroad.

Respectfully, Mr. Smith's concerns reflect a lack of understanding of the Settlement. All of the issues raised in Mr. Smith's objection are explained or addressed in Plaintiffs' and Class Counsel's Motion for Final Approval of Class Action Settlement, and Application for Service Awards, Attorneys' Fees and Reimbursement of Costs and Expenses (the "Motion"). (DE # 3158).

First, the Motion contained a detailed description of the litigation, of the Settlement terms, and the reasons favoring approval of the Settlement. The Detailed Notice has been posted on the Settlement Website – the website address was printed on the Postcard Notices – since the Postcard Notices were mailed to Mr. Smith and over a million Settlement Class Members. *See* Declaration of Cameron Azari, ¶ 37 (DE # 3158-5). The Detailed Notice contains a more detailed description of the litigation and the Settlement, and of the choices available to Mr. Smith. Additionally, the Motion was posted on the Settlement Website within one day of its filing with the Court and has been continuously available for viewing at all times. *See* Azari Declaration, ¶ 28, Ex. 2 (DE # 3158-5). In addition to the Detailed Notice, Mr. Smith (and all other Settlement Class Members) could have reviewed the Motion and supporting exhibits to determine whether the Settlement is sufficiently beneficial to warrant remaining part of the Settlement Class. Mr. Smith's detailed objection to the Settlement indicates that he (or someone else who assisted him) reviewed the Detailed Notice and/or the Motion and supporting exhibits, and made a conscious decision to remain part of the Settlement Class. That Mr. Smith chose to remain part of the Settlement Class and object to the Settlement – rather than exclude himself –

demonstrates that Mr. Smith was sufficiently informed about whether the Settlement is beneficial to him.

Second, the Settlement does not make provision for the payment of interest because, as is often the case involving the settlement of hotly contested litigation, TD Bank strongly contested the claims brought against it and only agreed to pay a percentage of the most likely damages that Plaintiffs would have recovered *if* they prevailed through final judgment and appeal. *See* Agreement ¶ 124 (DE # 3158-1); Joint Declaration of Robert C. Gilbert and Peter Prieto ¶¶ 2-6 (DE # 3158-2).

Third, by its terms, the release is limited to claims that were or could have been asserted in the Action that relate to Overdraft Fees or High-to-Low Posting. *See* Agreement ¶ 107 (DE # 3158-1). If Mr. Smith believed that the release being provided somehow prejudices a future case that he may pursue regarding separate minimum balance fees, Mr. Smith could have timely excluded himself from the Settlement and thereby not become bound by the release.

Fourth, the Settlement does not address certain fees relating to minimum balance requirements because those were not the subject of the claims that Plaintiffs asserted in the Action. Once again, if Mr. Smith believed his participation in this Settlement somehow prejudices his rights to address certain other fees relating to minimum balance requirements, he could have timely excluded himself from the Settlement.

Fifth, while individual Settlement Class Members like Mr. Smith did not individually have the right to pursue discovery, Class Counsel conducted extensive discovery that informed our opinions regarding the likelihood of success on critical issues in the litigation and the appropriate range of settlement. *See* Motion p. 8 (DE # 3158); Joint Declaration of Robert C. Gilbert and Peter Prieto ¶ 28 (DE # 3158-2).

Sixth, Class counsel's application for a fee award equal to thirty percent (30%) of the $62 million Settlement Fund is well within the range of reason and is justified based on the *Camden I* factors as applied to the Action. *See* Motion pp. 30-43 (DE # 3158); Declaration of Professor Geoffrey Miller ¶¶ 43-59 (DE # 3158-3); Declaration of Thomas E. Scott ¶¶ 11-24 (DE # 3158-6).

Seventh, Mr. Smith asserts that the distribution of funds remaining in the Settlement Fund more than one year following distributions have been made to all Settlement Class Members should not go to *cy pres* relief unless a second round of distributions to Settlement Class Members is impossible. Mr. Smith is incorrect based on the specific facts of this Settlement and applicable law.

Under this Settlement, 100% of the Net Settlement Fund (defined in paragraph 98 of the Agreement) will be distributed to Settlement Class Members who had a Positive Differential Overdraft Fee and did not timely opt out. *See* Agreement ¶ 97. Distributions to Settlement Class Members who are Current Account Holders will be made through automatic credits to their accounts. *See* Agreement ¶ 102. There should be no residual funds remaining from the portion of the Net Settlement Fund automatically credited to the accounts of Current Account Holders. The Agreement also provides that checks will be mailed to Past Account Holders. *See* Agreement ¶ 104. To address the fact that some checks sent by mail will be returned as undeliverable, the Agreement provides that the Settlement Administrator will make reasonable efforts to locate the proper address for any intended recipients whose checks are returned, and will re-mail the checks to new addresses. *Id.*

Based on the plan for distribution in this Settlement, it is highly unlikely there will be any significant residual amounts. Whatever amounts remain a year and 30 days after the Settlement

Fund Payments have been distributed should be limited to Past Account Holders: (i) who received checks but failed to deposit or cash them within 180 days; or (ii) for whom the Settlement Administrator was unable to locate updated mailing addresses for purposes of re-mailing their checks after they were initially returned as undeliverable.

Given the reasonably anticipated small amount of money that may remain in the Settlement Fund a year after Settlement Fund Payments have been distributed, it will not be economically viable to make a second round of distributions to over one million Settlement Class Members. Therefore, the distribution of the leftover funds through the residual *cy pres* program is an appropriate way to deal with the disposition of the leftover money. *See* Declaration of Professor Geoffrey Miller ¶¶ 22-36 (DE # 3158-3); *see also In re Baby Products Antitrust Litig.*, 2013 WL 599662, at *4 (3d Cir. Feb. 19, 2013); *Lane v. Facebook, Inc.*, 696 F. 3d 811, 819-20 (9th Cir. 2012); *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F. 3d 24, 33-36 (1st Cir. 2009); *see also* 4 Herbert B. Newberg et al., Newberg on Class Actions § 11:20 (4th ed. 2012). Indeed, this Court approved the same residual *cy pres* provision in the Chase settlement. (DE # 3134).

Finally, the release is not overbroad and is limited to claims that were or could have been asserted in the Action that relate to Overdraft Fees or High-to-Low Posting. *See* Agreement ¶ 107 (DE # 3158-1).

    **B.**    **The Hughes' and Cressman Objection.**

Objectors Chris Hughes and Carla Cressman filed a "limited objection" to the Settlement. (DE # 3222, 3223).[5] Objectors Hughes and Cressman object to the Settlement because it fails to provide for them to receive Service Awards like the named Plaintiffs in the Action. In December

---

[5] It appears that duplicate copies of the Hughes and Cressman Objection were filed on the CM/ECF system as docket entry nos. 3222 and 3223.

2011 - two years *after* the Action was commenced – Objectors Hughes and Cressman filed an action against TD Bank in the District of New Jersey. Their complaint asserted claims under New Jersey and federal law. On April 19, 2012 – *more than 15 months after the Action was commenced and two weeks after this Court certified a multistate litigation class including claims on behalf of TD Bank customers in New Jersey* – the District of New Jersey court denied TD Bank's motion to dismiss the complaint filed by Objectors Hughes and Cressman.

Despite their lack of participation and contribution to the successful litigation of the Action or the Settlement, Objectors Hughes and Cressman claim that the Settlement wrongfully excludes them from receiving Service Awards similar to those being sought on behalf of the named Plaintiffs in the Action. Their position is without support. The cases cited by Objectors Hughes and Cressman stand for the undisputed proposition that courts consider the following in deciding whether to grant service awards: (1) whether the actions of the class representatives protected the interests of the class; (2) whether the class benefitted from those actions; and (3) the amount of time and effort the class representatives expended in pursuing the litigation.

In this instance, the answer to the first two questions is a resounding "nothing." Objectors Hughes and Cressman did *nothing* to protect the interests of Settlement Class Members, and the Settlement Class did *not* benefit from the actions that Hughes and Cressman took in instituting their own action. As to the third factor, Objectors Hughes and Cressman did *not* expend any time and effort pursuing the Action – they were not Plaintiffs in the Action – and the minimal time they did expend pursuing their own belated action was of no use or benefit to the Settlement Class. Accordingly, Objectors Hughes and Cressman are not entitled to Service Awards.

### C. The Andrea Barnes Objection.

Finally, Objector Andrea Barnes claims that TD Bank constantly charged her Overdraft Fees that caused her to incur financial debt and perpetuated a cycle of Overdrafts in her account. Ms. Barnes' objection highlights the very problem that Plaintiffs alleged in the Action. While Plaintiffs and Class Counsel empathize with Ms. Barnes' plight, the Settlement achieved with TD Bank has recouped a substantial percentage (approximately 42%) of the most probable damages that Ms. Barnes and all other Settlement Class Members would have recovered *if* Plaintiffs prevailed at every juncture throughout the balance of the litigation and on appeal. While the recovery through the Settlement does not achieve a 100% recovery, the $62 million Settlement Fund is an "outstanding result" when considered in the context of TD Bank's vigorous defenses to liability and damages. *See* Declaration of Professor Geoffrey Miller ¶¶ 25-42 (DE # 3158-3)

### III. CONCLUSION

Based on the foregoing, as well as Plaintiffs' and Class Counsel's Motion for Final Settlement Approval, the Court should overrule the objections and grant Final Approval to the Settlement, approve Service Awards for the Plaintiffs, approve Class Counsel's application for attorneys' fees and expenses, and enter Final Judgment dismissing the Action with prejudice.

Dated: February 21, 2013.

                                            Respectfully submitted,

| /s/ Aaron S. Podhurst | /s/ Bruce S. Rogow |
|---|---|
| Aaron S. Podhurst, Esquire | Bruce S. Rogow, Esquire |
| Florida Bar No. 063606 | Florida Bar No. 067999 |
| apodhurst@podhurst.com | brogow@rogowlaw.com |
| Robert C. Josefsberg, Esquire | Bruce S. Rogow, P.A. |
| Florida Bar No. 40856 | Broward Financial Center |
| rjosefsberg@podhurst.com | 500 East Broward Boulevard |
| Steven C. Marks, Esquire | Suite 1930 |
| Florida Bar No. 516414 | Fort Lauderdale, FL  33394 |
| smarks@podhurst.com | Tel: 954-767-8909 |
| Peter Prieto, Esquire | Fax: 954-764-1530 |
| Florida Bar No. 501492 | |
| pprieto@podhurst.com | |
| Stephen F. Rosenthal, Esquire | |
| Florida Bar No. 0131458 | |
| srosenthal@podhurst.com | |
| John Gravante, III, Esquire | |
| Florida Bar No. 617113 | |
| jgravante@podhurst.com | |
| PODHURST ORSECK, P.A. | |
| City National Bank Building | |
| 25 W. Flagler Street, Suite 800 | |
| Miami, FL 33130-1780 | |
| Tel: 305-358-2800 | |
| Fax: 305-358-2382 | |

*Co-Lead Counsel for Plaintiffs*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Stuart Z. Grossman, Esquire
Florida Bar No. 156113
szg@grossmanroth.com
David M. Buckner, Esquire
Florida Bar No. 60550
dbu@grossmanroth.com
Seth E. Miles, Esquire
Florida Bar No. 385530
sem@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596

*Coordinating Counsel for Plaintiffs*


| /s/ E. Adam Webb | /s/ Michael W. Sobol |
|---|---|
| E. Adam Webb, Esquire | Michael W. Sobol, Esquire |
| Georgia Bar No. 743910 | California Bar No. 194857 |
| Adam@WebbLLC.com | msobol@lchb.com |
| Matthew C. Klase, Esquire | Roger N. Heller, Esquire |
| Georgia Bar No. 141903 | California Bar No. 215348 |
| Matt@WebbLLC.com | rheller@lchb.com |
| G. Franklin Lemond, Jr., Esquire | Jordan Elias, Esquire |
| Georgia Bar No. 141315 | California Bar No. 228731 |
| FLemond@WebbLLC.com | jelias@lchb.com |
| WEBB, KLASE & LEMOND, L.L.C. | LIEFF CABRASER HEIMANN & |
| 1900 The Exchange, S.E. |   BERNSTEIN L.L.P. |
| Suite 480 | Embarcadero Center West |
| Atlanta, GA 30339 | 275 Battery Street, 30th Floor |
| Tel: 770-444-9325 | San Francisco, CA 94111 |
| Fax: 770-444-0271 | Tel: 415-956-1000 |
| | Fax: 415-956-1008 |

/s/ Russell W. Budd  
Russell W. Budd, Esquire  
Texas Bar No. 03312400  
rbudd@baronbudd.com  
Mazin A. Sbaiti, Esquire  
Texas Bar No. 24058096  
msbaiti@baronbudd.com  
BARON & BUDD, P.C.  
3102 Oak Lawn Avenue  
Suite 1100  
Dallas, TX 75219  
Tel: 214-521-3605  
Fax: 214-520-1181  

/s/ David S. Stellings  
David S. Stellings, Esquire  
New York Bar No. 2635282  
dstellings@lchb.com  
LIEFF CABRASER HEIMANN &  
  BERNSTEIN L.L.P.  
250 Hudson Street  
8th Floor  
New York, NY 10013  
Tel: 212-355-9500  
Fax: 212-355-9592  

/s/ Ruben Honik  
Ruben Honik, Esquire  
Pennsylvania Bar No. 33109  
rhonik@golombhonik.com  
Kenneth J. Grunfeld, Esquire  
Pennsylvania Bar No. 84121  
kgrunfeld@golombhonik.com  
GOLOMB & HONIK, P.C.  
1515 Market Street  
Suite 1100  
Philadelphia, PA 19102  
Tel: 215-985-9177  
Fax: 215-985-4169  

/s/ Ted E. Trief  
Ted E. Trief, Esquire  
New York Bar No. 1476662  
ttrief@triefandolk.com  
Barbara E. Olk, Esquire  
New York Bar No. 1459643  
bolk@triefandolk.com  
TRIEF & OLK  
150 E. 58th Street  
34th Floor  
New York, NY 10155  
Tel: 212-486-6060  
Fax: 212-317-2946  

*Plaintiffs' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666
Fax: 305-779-9596