**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:09-MD-02036-JLK**

IN RE:  CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S. D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

**APPENDIX E IN SUPPORT OF OPPOSITION TO PLAINTIFFS'**
**MOTION FOR CLASS CERTIFICATION**

PATTERN JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.      Introduction..................................................................................................................... 1

II.     Pattern Jury Instructions ............................................................................................... 2

        A.      Good Faith and Fair Dealing................................................................... 3

                1.      Alabama ........................................................................................ 3

                2.      California ...................................................................................... 5

                3.      Colorado........................................................................................ 8

                4.      Connecticut ................................................................................. 12

                5.      Nevada ........................................................................................ 15

        B.      Unjust Enrichment ................................................................................. 18

                1.      Connecticut ................................................................................. 18

        C.      Defense of Unconscionability ............................................................... 20

                1.      Nevada ........................................................................................ 20

        D.      Mitigation .............................................................................................. 22

                1.      Alabama ...................................................................................... 22

                2.      California .................................................................................... 25

                3.      Colorado...................................................................................... 28

                4.      Connecticut ................................................................................. 32

                5.      Illinois ........................................................................................ 34

                6.      Maryland ..................................................................................... 36

                7.      Nevada ........................................................................................ 38

                8.      North Carolina ............................................................................ 40

                9.      Pennsylvania ............................................................................... 42

                10.     South Carolina ............................................................................ 45

11.     Virginia ................................................................................................. 48

E.      Waiver ........................................................................................................ 50

1.      Alabama ................................................................................................. 50

2.      California ............................................................................................... 52

3.      Colorado ................................................................................................ 55

4.      Maryland ............................................................................................... 58

5.      Nevada ................................................................................................... 60

6.      Pennsylvania ......................................................................................... 62

7.      South Carolina ...................................................................................... 64

8.      Tennessee .............................................................................................. 67

9.      Virginia ................................................................................................. 70

F.      Statute of Limitations ................................................................................ 72

1.      Alabama ................................................................................................. 72

2.      California ............................................................................................... 74

3.      Colorado ................................................................................................ 77

4.      North Carolina ...................................................................................... 80

5.      Pennsylvania ......................................................................................... 83

## I.      Introduction

Pattern jury instructions reflect the legal standards and burdens applicable to the claims and defenses in a specific jurisdiction.  They are regularly used by federal courts when applying state law.  *See, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 n.9 (11th Cir. 2010) (relying on Alabama pattern jury instruction on punitive damages to determine whether federal amount in controversy was met); *Levy v. Minn. Life Ins. Co.*, 517 F.3d 519, 524 (7th Cir. 2008) (relying on Illinois pattern jury instruction on proximate cause to affirm grant of summary judgment to defendant); *White v. Ford Motor Co.*, 500 F.3d 963, 976 (9th Cir. 2007) (relying on Nevada pattern jury instruction to determine whether the district court properly submitted certain evidence on damages to the jury); *Hoskins v. A.O. Smith Corp.*, 22 F. App'x 500, 504 (6th Cir. 2001) (relying on Tennessee pattern jury instruction on premises liability to reverse the district court's grant of summary judgment to defendant).

Several of the pattern jury instructions applicable to plaintiffs' proposed subclasses are reproduced in the following pages.  The subclasses to which each instruction would relate are also identified.   A perusal of these instructions makes clear that there are numerous instances in which the instructions that would apply to the claim of a single subclass differ significantly – and in some instances actually conflict.  These differences highlight the conflicting standards that a jury would have to sort through and apply during any trial of the class claims in this case.  As this collection shows, moreover, the challenge is made even greater by the fact that the combinations of states plaintiffs have selected for their subclasses vary substantially from one cause of action to another.  Any jury would be hopelessly confused in trying to keep straight which instructions for customers from each state would be properly considered in assessing each subclass claim.

Wells Fargo was unable to locate pattern jury instructions applicable to all of plaintiffs' causes of action, even in those states in which extensive pattern instructions are otherwise available.  In the case of plaintiffs' cause of action for "unconscionability," this reflects the fact that "unconscionability" is generally not accepted as an affirmative cause of action at all, but is instead exists only as a defense to a breach of contract claim.

## II.      Pattern Jury Instructions

(See attached pages)

# A. Good Faith and Fair Dealing

## 1.  Alabama

This instruction relates to the following proposed subclass:

- Good Faith and Fair Dealing Subclass 4

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2011

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter
10. Contracts

**APJI 10.47 Good Faith and Fair Dealing**

Good faith and fair dealing are required of all parties to a contract. This means the parties must cooperate with each other so that each may obtain the full benefit of the contract.

**Notes on Use**

Use this instruction when the promisor's duty to perform is conditioned upon occurrence of some event wholly within his control.

Barnes v. Atlantic & Pac. Life Ins. Co. of America, 295 Ala. 149, 325 So. 2d 143 (1975).

Copyright © 1993-2011 by Alabama Pattern Jury Instructions Committee

AL-APJICIV 10.47

END OF DOCUMENT

# A. Good Faith and Fair Dealing

# 2. California

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

Judicial Council Of California Civil Jury Instructions
Database updated September 2012

The Judicial Council of California Advisory Committee on Civil Jury Instructions

Contracts

**325 Breach of Covenant of Good Faith and Fair Dealing—Essential Factual Elements**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. [*Name of plaintiff*] claims that [*name of defendant*] violated the duty to act fairly and in good faith. To establish this claim, [*name of plaintiff*] must prove all of the following:

1

That [*name of plaintiff*] and [*name of defendant*] entered into a contract;

2

That [*name of plaintiff*] did all, or substantially all of the significant things that the contract required [him/her/it] to do [or that [he/she/it] was excused from having to do those things];

3

That all conditions required for [*name of defendant*]'s performance had occurred;

4

That [*name of defendant*] unfairly interfered with [*name of plaintiff*]'s right to receive the benefits of the contract; and

5

That [*name of plaintiff*] was harmed by [*name of defendant*]'s conduct.

*New April 2004; Revised June 2011*

**DIRECTIONS FOR USE**

This instruction should be given only when the plaintiff has brought a separate count for breach of the covenant of good faith and fair dealing.

**SOURCES AND AUTHORITY**

• "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (Comunale v. Traders & General Ins. Co. (1958) 50 Cal.2d 654, 658 [328 P.2d 198], internal citation omitted.)

• " ' "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." ' " [] The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342, 371–372 [6 Cal.Rptr.2d 467, 826 P.2d 710], internal citations omitted.)

• "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting

party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*. The covenant thus cannot ' " 'be endowed with an existence independent of its contractual underpinnings.' " ' It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (Guz v. Bechtel National, Inc. (2000) 24 Cal.4th 317, 349–350 [100 Cal.Rptr.2d 352, 8 P.3d 1089], internal citations omitted, original italics.)

• "The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. 'The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.' … 'In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.'" (Racine & Laramie, Ltd. v. Department of Parks & Recreation (1992) 11 Cal.App.4th 1026, 1031–1032 [14 Cal.Rptr.2d 335], internal citations omitted.)

• "There is no obligation to deal fairly or in good faith absent an existing contract. If there exists a contractual relationship between the parties … the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." (*Racine & Laramie, Ltd., supra,* 11 Cal.App.4th at p. 1032, internal citations omitted.)

• "Although breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract." (Digerati Holdings, LLC v. Young Money Entertainment, LLC (2011) 194 Cal.App.4th 873, 885 [123 Cal.Rptr.3d 736].)

• "The issue of whether the implied covenant of good faith and fair dealing has been breached is ordinarily 'a question of fact unless only one inference [can] be drawn from the evidence.'" (Hicks v. E.T. Legg & Associates (2001) 89 Cal.App.4th 496, 509 [108 Cal.Rptr.2d 10], internal citation omitted.)

***Secondary Sources***

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, §§ 798, 800 to 802

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, §§ 140.12, 140.50 et seq. (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 23, *Suing or Defending Action for Breach of Duty of Good Faith and Fair Dealing*, 23.05

© 2012 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

CACI 325

END OF DOCUMENT

# A. Good Faith and Fair Dealing

## 3. Colorado

This instruction relates to the following proposed subclass:

- Good Faith and Fair Dealing Subclass 3

Colorado Jury Instructions, 4th - Civil
Database updated April 2012

Colorado Supreme Court Committee on Civil Jury Instructions

Chapter
30. Contracts
B. Contract Performance

**30:15 Contract Performance—Implied Duty of Good Faith and Fair Dealing—Non-insurance Contract**

Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract.

A party performs a contract in good faith when (his) (her) (its) actions are consistent with the agreed common purpose and with the reasonable expectations of the parties. The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations.

**Notes on Use**

1. Every contract in Colorado includes an implied duty of good faith and fair dealing. **Amoco Oil Co. v. Ervin**, 908 P.2d 493 (Colo. 1995); **Platt v. Aspenwood Condo. Ass'n**, 214 P.3d 1060 (Colo.App. 2009).

2. The existence of a contract is a necessary predicate to a claim for breach of the implied duty of good faith and fair dealing. **Beal Corp. Liquidating Trust v. Valleylab, Inc.**, 927 F.Supp. 1350 (D.Colo. 1996). A party, therefore, cannot rely on the implied covenant of good faith and fair dealing as a basis for claiming that another party has wrongfully failed or refused to enter into a contract.

3. The good faith performance doctrine serves to effectuate the intentions of the parties or to honor their reasonable expectations. **Bayou Land Co. v. Talley**, 924 P.2d 136 (Colo. 1996); **Amoco Oil Co.**, 908 P.2d 493; **State Farm Mut. Auto. Ins. Co. v. Nissen**, 851 P.2d 165 (Colo. 1993); **Davis v. M.L.G. Corp.,** 712 P.2d 985 (Colo. 1986); **ADT Security Servs., Inc v. Premier Home Protection, Inc.**, 181 P.3d 288 (Colo.App. 2007), *cert. denied* (2008) (no breach of duty of good faith and fair dealing where other party's conduct was not contrary to claimant's justified expectations).

4. The reasonable expectations doctrine applies to all contracts, including those free from ambiguity, in order to effectuate the parties' intentions. **Amoco Oil Co.**, 908 P.2d 493; **State Farm Mut. Auto. Ins. Co.**, 851 P.2d 165; **Simon v. Shelter General Ins. Co.**, 842 P.2d 236 (Colo. 1992); **Davis**, 712 P.2d 985. *Cf.* **Dupre v. Allstate Ins. Co.**, 62 P.3d 1024 (Colo.App. 2002), *cert. denied* (2003); **Spaur v. Allstate Ins. Co.**, 942 P.2d 1261 (Colo.App. 1996), *cert. denied* (1997); **Shean v. Farmers Ins. Exh.**, 934 P.2d 835 (Colo.App. 1996), *cert. denied* (1997) (doctrine of reasonable expectations applies only if the contract is ambiguous).

5. Public policy considerations favor the honoring of the reasonable expectations of the parties to a contract. Honoring those expectations is consistent with numerous other interpretive rules pertaining to contracts, including: words are given effect according to their ordinary or popular meaning; the scope of the agreement is not determined in

9

a vacuum, but instead with reference to extrinsic circumstances; the interpretation which makes a contract fair and reasonable is selected over that which yields a harsh or unreasonable result; and contracts are to be construed so as to effectuate the parties' intentions. **Davis**, 712 P.2d 985.

6. Application of the reasonable expectation doctrine often fails to give effect to some hornbook rules governing the construction of contracts, including the tenets that a party is presumed to know the content of a contract signed by him, that contracts free from ambiguity are to be enforced as written, and that specific clauses control the effect of general clauses. **Amoco Oil Co.**, 908 P.2d 493; **Davis**, 712 P.2d 985. *Cf.* **Spaur**, 942 P.2d 1261; and **Shelter Mut. Ins. Co. v. Breit**, 908 P.2d 1149 (Colo.App. 1995), *cert. denied* (1996) (doctrine of reasonable expectations supplements, but does not substitute for, the rule that insurance policies are to be construed according to well-settled principles of contract construction).

7. The test of the meaning of a word or phrase under the reasonable expectations doctrine is what an ordinary lay person would have understood it to mean. **Shelter Mut. Ins. Co.**, 908 P.2d 1149.

8. The implied duty of good faith and fair dealing does not inject new substantive terms or conditions into a contract. **City of Boulder v. Public Serv. Co. of Colo.**, 996 P.2d 198 (Colo.App. 1999), *cert. denied* (2000); **Sodurlun v. Public Serv. Co.**, 944 P.2d 616 (Colo.App.), *cert. denied* (1997). *See also* **Amoco Oil Co.**, 908 P.2d 493 at 498 ("([The covenant] will not contradict terms or conditions for which a party has bargained.")

9. In contrast to a claim for bad faith breach of insurance contract addressed in Chapter 25, which gives rise to liability in tort and a broader range of damages, breach of the implied duty of good faith and fair dealing in a non-insurance context is a contract claim subject to the traditional limitations on contract remedies. These include the rule that punitive damages are not recoverable for breach of an ordinary contract. **Mortgage Finance, Inc. v. Podleski**, 742 P.2d 900 (Colo. 1987). See, generally, the instructions on damages set forth in Part E of this chapter.

10. In deciding whether a party violated the obligation to act in good faith, the court must determine whether the underlying contract provision allows for the exercise of discretion in its performance. The concept of discretion in performance refers to one party's power after contract formation to set or control the terms of performance. **Amoco Oil Co.**, 908 P.2d 493; **Newflower Mkt., Inc. v. Cook**, 229 P.3d 1058 (Colo.App.), *cert. denied* (2010) (refusing to consent to deposit money into specific account or negotiate for same when contract did not contemplate either action not breach of good faith duty); **New Design Constr. Co., Inc. v. Hamon Contractors, Inc.**, 215 P.3d 1172 (Colo.App. 2008) (contractor given discretion in contract to schedule work of subcontractor). Discretion occurs when the parties, at formation, defer a decision regarding performance terms of the contract. **Amoco Oil Co.**, 908 P.2d 493. *Accord* **City of Golden v. Parker**, 136 P.3d 285 (Colo. 2006); **Lufti v. Brighton Cmty Hosp. Ass'n**, 40 P.3d 51 (Colo.App. 2001), *cert. denied* (2002); **O'Reilly v. Physicians Mut. Ins. Co.**, 992 P.2d 644 (Colo.App. 1999), *cert. denied* (2000); **Crown Life Ins. Co. v. Haag Ltd. P'ship**, 929 P.2d 42 (Colo.App. 1996).

11. While the good faith performance doctrine may be used to protect a "weaker" party from a "stronger" party, in this context weakness and strength do not refer to the relative bargaining power of the parties. Rather, even in arms-length transactions between sophisticated parties, there may be an agreement to confer control of performance of a contract term on one of the parties. *See, e.g.*, **City of Golden**, 136 P.3d 285; **Mahan v. Capitol Hill Internal Med., P.C.**, 151 P.3d 685 (Colo.App. 2006). The dependent party must then rely on the party in control to exercise good faith in the exercise of its discretion. **Amoco Oil Co.**, 908 P.2d 493.

12. The duty of good faith and fair dealing may apply to the enforcement of a contract as well as its performance. When applied in the enforcement context, it bars dishonest conduct such as raising an imaginary dispute, asserting an interpretation contrary to one's own understanding, or falsification of facts. **Bayou Land Co.**, 924 P.2d 136; Re-statement (Second) of Contracts § 205 cmt. e (1981). *See also* **Ranta Constr., Inc. v. Anderson**, 190 P.3d 835 (Colo.App. 2008) (in case decided under UCC's good faith and fair dealing provision, buyer had no claim for breach of

warranty when seller of product has right to cure defects and buyer interferes with that right by foreclosing it prematurely).

13. The implied covenant of good faith and fair dealing cannot be invoked to bar a party from bringing a claim based on a disagreement regarding contract terms. **Bayou Land Co.**, 924 P.2d 136.

14. The implied duty of good faith and fair dealing does not apply to the termination of an at-will employment contract. **Soderlun.**, 944 P.2d 616.

15. While an implied duty of good faith and fair dealing is inherent in every contract, the parties to a contract may also include an express covenant of good faith and fair dealing as a contract term. **Decker v. Browning-Ferris Indus., Inc.,** 931 P.2d 436, 443 (Colo. 1997).

**Source and Authorities**

This instruction is based on **Amoco Oil Co. v. Ervin**, 908 P.2d 493 (Colo. 1995).
© 2012 By Supreme Court Of Colorado For The State Of Colorado

CO-JICIV 30:15

END OF DOCUMENT

# A. Good Faith and Fair Dealing

# 4.  Connecticut

This instruction relates to the following proposed subclass:

- Good Faith and Fair Dealing Subclass 1

  

**State of Connecticut**
# Judicial Branch

## Civil Jury Instructions

Civil Jury Instructions Home

1. Preliminary and Trial Instructions
2. General Instructions
3. Torts
4. Contracts
5. Miscellaneous Actions
6. Verdict Forms

Judicial Home

### 4.2-11 Implied Covenant of Good Faith and Fair Dealing

Revised to January 1, 2008

Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other party to receive the benefits of the contract. The concept is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. It is not a separate contractual claim and the covenant cannot be applied to achieve a result contrary to the clearly expressed terms of the contract between the parties.

Here, the (defendant / plaintiff) had an obligation to exercise good faith when (performing / enforcing) the following contract term: *<describe the contract term in issue>*.

You must decide whether the (defendant / plaintiff) fulfilled that obligation to exercise good faith.

Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose and freedom from intention to defraud. It means being faithful to one's duty and obligation under the contract.

Good faith is defined as the opposite of bad faith. If the (defendant / plaintiff) engaged in bad faith you must find that (he/she/it) did not fulfill the covenant. Bad faith generally implies a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties. Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose. Bad faith contemplates a state of mind affirmatively operating with furtive design or ill will.

#### Authority

*Renaissance Management Co. v. Connecticut Housing Finance Authority,* 281 Conn. 227, 240 (2007); *Habetz v. Condon,* 224 Conn. 231, 238 (1992); *Eis v. Meyer,* 213 Conn. 29, 36 (1989); *Warner v. Konover,* 210 Conn. 150, 154 (1989); *Buckman v. People Express, Inc.,* 205 Conn. 166, 171-72 (1987) (specifically holding that the trial court's instruction was not in error); *Foley v. Huntington Co.,* 42 Conn. App. 712, 727 n.6 (1996) (quoting instruction on the implied covenant of good faith and fair dealing); *Feinberg v. Berglewicz,* 32 Conn. App. 857, 861 (1993); General Statutes §§ 42a-1-203 (obligation of good faith), 42a- 2-103 (1) (b) (definition of good faith).

#### Notes

The Connecticut Supreme Court has stated that "[t]he concept of good faith and fair dealing is [e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Internal quotation marks omitted.) *PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.,* 267 Conn. 279, 302 (2004); see also *Verrastro v. Middlesex Ins. Co.,* 207 Conn. 179, 190 (1988); *Magnan v. Anaconda Industries, Inc.,* 193 Conn. 558, 567 (1984).

One possible exception to the rule that the implied covenant cannot be applied to achieve a result contrary to express terms is where those express terms are contrary to public policy. *Eis v. Meyer,* 213 Conn. 29, 37 (1989).

Civil Jury Instructions  |  Criminal Jury Instructions



Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | Español | FAQ's | Juror Information | Media | Opinions | Opportunities | Self-Help | Home

Common Legal Words | Contact Us | Site Map | Website Policies and Disclaimers

Copyright © 2011, State of Connecticut Judicial Branch

# A. Good Faith and Fair Dealing

## 5.  Nevada

These instructions relate to the following proposed subclass:

- Good Faith and Fair Dealing Subclass 1



Nevada Jury Instructions - Civil
Copyright 2011
State Bar of Nevada

CHAPTER 13: CONTRACTS INSTRUCTIONS

Nev.J.I. - Civ. 13CN.44

Instruction 13CN.44: Performance/Breach: Implied Covenant of Good Faith and Fair Dealing

### PERFORMANCE/BREACH: IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

In every contract there is an implied promise of good faith and fair dealing, obligating the parties to pursue their contractual rights in good faith and not engage in arbitrary, unfair acts that interfere with any other party receiving the benefits of the contract. This obligation is independent of the express provisions of the contract. Consequently, if the terms of the contract are literally complied with, but one party to the contract deliberately contravenes the intention and spirit of the contract, or performs their contractual obligations in a way that is unfaithful to the purpose of the contract and the justified expectations of the other party to the contract are thereby denied, there is a breach of the implied duty of good faith and fair dealing.

### SOURCE/AUTHORITY

*J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 286, 89 P.3d 1009, 1015-16 (2004); *Frantz v. Johnson*, 116 Nev. 455, 465, n.4, 999 P.2d 351, 358 n.4. (2000); *Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995); *Morris v. Bank of America Nevada*, 110 Nev. 1274, 1278-79, 886 P.2d 454, 457 (1994); *Hilton HotelsCorp. v. Butch Lewis Productions, Inc.*, 107 Nev. 226, 232-34, 808 P.2d 919, 922-24 (1991).



Nevada Jury Instructions - Civil
Copyright 2011
State Bar of Nevada

CHAPTER 11: IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING INSTRUCTIONS

Nev.J.I. - Civ. 11FD.3

Instruction 11FD.3: Implied Covenant of Good Faith and Fair Dealing: Contractual Breach of Implied Covenant of Good Faith and Fair Dealing: Elements

**IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING: ELEMENTS**

To establish a contractual breach of the implied covenant of good faith and fair dealing, plaintiff must establish:

1. A contract existed between plaintiff and defendant;

2. Defendant performed in a manner that was unfaithful to the purpose of the contract or deliberately contravened the intention and spirit of the contract; and

3. Defendant's conduct was a substantial factor in causing damage to the plaintiff.

**SOURCE/AUTHORITY**

*Perry v. Jordan*, 111 Nev. 943, 900 P.2d 225 (1995); *Hilton Hotels Corp. v. Butch Lewis Production, Inc.*, 107 Nev. 226, 234, 808 P.2d 919 (1991).

# B. Unjust Enrichment

## 1. Connecticut

This instruction relates to the following proposed subclass:

- Unjust Enrichment Subclass 1

  

**State of Connecticut**
# Judicial Branch

## Civil Jury Instructions

Civil Jury Instructions Home

### 4.3-3  Unjust Enrichment (Implied-In-Law or Quasi-Contract)

Revised to January 1, 2008

The plaintiff seeks to recover the value of *<insert goods/services>* (he/she/it) provided because the defendant was unjustly enriched by the plaintiff's provision of *<insert goods/services>*.  Unjust enrichment means that it is contrary to equity and good conscience for the defendant to retain a benefit that has come to the defendant at the expense of the plaintiff.

To find unjust enrichment, you must find that the plaintiff has provided *<insert goods/services>*, that the defendant has benefited from those *<insert goods/ services>*, that the defendant unjustly did not pay for that benefit, and that the defendant's failure to pay hurt the plaintiff.

[*<If the plaintiff has pleaded unjust enrichment in the alternative to breach of contract:>*  For you to find for the plaintiff under this legal principle, you must first find that there was no written or oral contract expressed in words and no contract implied by conduct for the plaintiff to provide *<insert goods/services>*.  If you find that there was a contract for the plaintiff to provide *<insert goods/ services>*, you may not find that the defendant was unjustly enriched.]

#### *Authority*

*Meaney v. Connecticut Hospital Assn.*, 250 Conn. 500, 511 (1999); *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283 (1994); *Bershtein, Bershtein & Bershtein v. Nemeth*, 221 Conn. 236, 242 (1992); *National CSS, Inc. v. Stamford*, 195 Conn. 587, 597 (1985); *Brighenti v. New Britain Shirt Corp.*, 167 Conn. 403, 407 (1974). For a discussion of instructions for cases in which the plaintiff has pleaded contract and unjust enrichment claims in the alternative, see *Meaney v. Connecticut Hospital Assn.*, 250 Conn. 500, 515-23 (1999), and *Suffield Development Associates Ltd. Partnership v. Society for Savings*, 243 Conn. 832, 846 (1998).

**Civil Jury Instructions**  |  **Criminal Jury Instructions**

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | Español | FAQ's | Juror Information | Media | Opinions | Opportunities | Self-Help | Home

Common Legal Words | Contact Us | Site Map | Website Policies and Disclaimers

Copyright © 2011, State of Connecticut Judicial Branch

# C.  Defense of Unconscionability

## 1.  Nevada

This instruction relates to the following proposed subclass:

- Unconscionability Subclass 1



Nevada Jury Instructions - Civil
Copyright 2011
State Bar of Nevada

CHAPTER 13: CONTRACTS INSTRUCTIONS

*Nev.J.I. - Civ. 13CN.27*

Instruction 13CN.27: Defenses: Unconscionable Contracts

**DEFENSES: UNCONSCIONABLE CONTRACTS**

A contract clause is not enforceable against a party if:

1. The party lacks a meaningful opportunity to agree to the clause, either because of unequal bargaining power or because the clause and its effects are not readily ascertainable upon a review of the contract (due, for example, to fine print, the provision's inconspicuous location, or complicated, incomplete, or misleading language that fails to inform a reasonable person of its consequences for the party's important rights); and

2. The clause is significantly one-sided, granting the other party rights and benefits not available to both parties on a bilateral basis and imposing burdens not fully disclosed to the party resisting enforcement.

The more the party lacks a meaningful opportunity to agree to the clause, the less one-sided the clause needs to be for enforcement to be denied.

**SOURCE/AUTHORITY**

*D.R. Horton, Inc. v. Green, 120 Nev. 549, 96 P.3d 1159 (2004); Burch v. Second Judicial Dist. Court of State ex rel. County of Washoe, 118 Nev. 438, 442-44, 49 P.3d 647, 650-51 (2002).*

# D. Mitigation

## 1.  Alabama

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 4
- Unjust Enrichment Subclass 4
- Unconscionability Subclass 1

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2011

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter
11. Damages

**APJI 11.39 Mitigation Definition and Burden Of Proof**

*(Name of defendant)* says that *(name of plaintiff)* did not mitigate the harm.

*(Name of plaintiff)* must have used the efforts that a reasonably prudent person would have used to minimize the harm caused by *(name of defendant)*'s wrongful conduct. This is called mitigation of damages. *(Name of plaintiff)* can recover only the money compensation that would be due if a reasonable effort had been made.

*(Name of defendant)* must prove to your reasonable satisfaction that *(name of plaintiff)* did not mitigate *[his/her/its]* damages.

**Notes on Use**

Use this instruction when the defendant has pleaded that the plaintiff failed to mitigate damages and, when the proof requires the instruction. The duty to mitigate damages is general, and it does not exist in all situations, e.g., when the measure of damages is the difference between before and after values, Danley v. Murphy, 658 So. 2d 483 (Ala. Civ. App. 1994).

Am. Jur. 2d, Damages §§ (___)

Prudential Ballard Realty Co., Inc. v. Weatherly, 792 So. 2d 1045 (Ala. 2000) (failure to mitigate must be pleaded)

Avco Financial Services, Inc. v. Ramsey, 631 So. 2d 940 (Ala. 1994)

Christiansen v. Hall, 567 So. 2d 1338 (Ala. 1990)

Carnival Cruise Lines, Inc. v. Goodin, 535 So. 2d 98 (Ala. 1988)

Gradco, Inc. v. St. Clair County Bd. of Educ., 477 So. 2d 365, 28 Ed. Law Rep. 687 (Ala. 1985)

Britton v. Doehring, 286 Ala. 498, 242 So. 2d 666 (1970) (the doctrine of mitigation is frequently called avoidable consequences)

Mobile & O.R. Co. v. Red Feather Coal Co., 218 Ala. 582, 119 So. 606 (1928)

Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 So. 98 (1910)

Shelton v. Clements, 834 So. 2d 775 (Ala. Civ. App. 2002) (failure to mitigate damages is an affirmative defense)

Standard Oil. Standard Oil Co. v. Lloyd, 26 Ala. App. 306, 159 So. 371 (1935)

Wheelan v. Sessions, 50 F. Supp. 2d 1168 (M.D. Ala. 1999)

Copyright © 1993-2011 by Alabama Pattern Jury Instructions Committee

AL-APJICIV 11.39

END OF DOCUMENT

# D. Mitigation

# 2.  California

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 1

- Unconscionability Subclass 1

Judicial Council Of California Civil Jury Instructions
Database updated September 2012

The Judicial Council of California Advisory Committee on Civil Jury Instructions

Contracts

**358 Mitigation of Damages**

If [*name of defendant*] breached the contract and the breach caused harm, [*name of plaintiff*] is not entitled to recover damages for harm that [*name of defendant*] proves [*name of plaintiff*] could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of [*name of plaintiff*]'s efforts in light of the circumstances facing [him/her/it] at the time, including [his/her/its] ability to make the efforts or expenditures without undue risk or hardship.

If [*name of plaintiff*] made reasonable efforts to avoid harm, then your award should include reasonable amounts that [he/she/it] spent for this purpose.

*New September 2003*

**SOURCES AND AUTHORITY**

• "The doctrine of mitigation of damages holds that '[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided.' A plaintiff may not recover for damages avoidable through ordinary care and reasonable exertion. The duty to mitigate damages does not require an injured party to do what is unreasonable or impracticable. 'The rule of mitigation of damages has no application where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights.' " (Valle de Oro Bank v. Gamboa (1994) 26 Cal.App.4th 1686, 1691 [32 Cal.Rptr.2d 329], internal citations omitted.)

• "A plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided." (Shaffer v. Debbas (1993) 17 Cal.App.4th 33, 41 [21 Cal.Rptr.2d 110], internal citation omitted.)

• "A party injured by a breach of contract is required to do everything reasonably possible to negate his own loss and thus reduce the damages for which the other party has become liable. The plaintiff cannot recover for harm he could have foreseen and avoided by such reasonable efforts and without undue expense. However, the injured party is not precluded from recovery to the extent that he has made reasonable but unsuccessful efforts to avoid loss." (Brandon & Tibbs v. George Kevorkian Accountancy Corp. (1990) 226 Cal.App.3d 442, 460 [277 Cal.Rptr. 40], internal citations omitted.)

• "The burden of proving that losses could have been avoided by reasonable effort and expense must always be borne by the party who has broken the contract. Inasmuch as the law denies recovery for losses that can be avoided by reasonable effort and expense, justice requires that the risks incident to such effort should be carried by the party whose wrongful conduct makes them necessary. Therefore, special losses that a party incurs in a reasonable effort to avoid losses resulting from a breach are recoverable as damages." (*Brandon & Tibbs, supra*, 226 Cal.App.3d at pp. 460–461, internal citations omitted.)

***Secondary Sources***

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.56 (Matthew Bender)

15 California Forms of Pleading and Practice, Ch. 177, *Damages* (Matthew Bender)

6 California Points and Authorities, Ch. 65, *Damages: Contract,* §§ 65.103, 65.121 (Matthew Bender)

1 Matthew Bender Practice Guide: California Contract Litigation, Ch. 7, *Seeking or Opposing Damages in Contract Actions*, 7.12[6][b], 7.15[4]

© 2012 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

CACI 358

END OF DOCUMENT

# D. Mitigation

# 3. Colorado

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 3

- Unjust Enrichment Subclass 3

- Unconscionability Subclass 1

Colorado Jury Instructions, 4th - Civil
Database updated April 2012

Colorado Supreme Court Committee on Civil Jury Instructions

Chapter
5. General Instructions Relating to Damages

**5:2 Affirmative Defense—Failure to Mitigate**

If you find that the plaintiff, *(name)*, has had actual damages, then you must consider whether the defendant, *(name)*, has proved (his) (her) (its) affirmative defense of plaintiff's failure to mitigate or minimize damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize (his) (her) (its) damages. Damages, if any, caused by plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.

This affirmative defense is proved if you find (both) (all) of the following have been proven by a preponderance of the evidence:
1
The plaintiff failed to *(if supported by sufficient evidence, insert appropriate description of that conduct which, under the applicable law of contracts or torts, etc., the plaintiff had an affirmative duty to undertake in order to mitigate any particular damages, e.g., "seek such medical attention for his claimed back injury as a reasonable person would have sought under the same or similar circumstances")*;
(2
*Insert, if necessary, appropriate descriptions of any additional qualifications the law places on the particular duty of mitigation being claimed, e.g., one of the qualifications on the duty to mitigate damages by undergoing surgery is that such surgery not involve a substantial hazard)*;
3
The plaintiff had ([some] [increased]) ([injuries] [damages] [losses]) because (he) (she) (it) did not *(insert language of "reasonable steps" alleged)*.

If you find that any one or more of these propositions has not been proved by a preponderance of the evidence, then you shall make no deduction from plaintiff's damages.

On the other hand, if you find that (both) (all) of these propositions have been proved by a preponderance of the evidence, then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

**Notes on Use**

1. Use whichever parenthesized or bracketed words are appropriate.

2. Omit the parenthesized second paragraph unless the duty which it is claimed the plaintiff failed to perform has been defined by the case law more specifically than the general duty set out in the first paragraph and the statement of that general duty alone would not be sufficient to describe adequately the law applicable to the evidence in the case.

29

3. This instruction should not be given unless the party asserting the duty to mitigate has properly pleaded the duty and there is sufficient evidence on the issue. C.R.C.P. 8(c); **Fair v. Red Lion Inn**, 943 P.2d 431 (Colo. 1997); **Mesa Sand & Gravel Co. v. Landfill, Inc.**, 759 P.2d 757 (Colo.App. 1988), *rev'd on another ground*, 776 P.2d 362 (Colo. 1989); **First Nat'l Bank v. Gilbert Marshall & Co.**, 780 P.2d 73 (Colo.App. 1989). Since mitigation is an affirmative defense, the burden of proof on the issue is on the party who asserts it. **Fair**, 943 P.2d 431; **City of Westminster v. Centric-Jones Constructors**, 100 P.3d 472 (Colo.App. 2003), *cert. dism'd* (2005); **Hedgecock v. Stewart Title Guar. Co.**, 676 P.2d 1208 (Colo.App.), *cert. denied* (1983); **Billings v. Boercker**, 648 P.2d 172 (Colo.App.), *cert. denied* (1982). Consequently, when this instruction is given, Instruction 3:1 must also be given and an appropriate reference to mitigation as an affirmative defense should be made in the "Statement of the Case to be Determined" instruction (*see* Instructions 2:1, 2:2, and 2:3). On the other hand, although mitigation is an affirmative defense, only rarely, if ever, when established will it be a complete defense against a claim. For this reason, mitigation should not be identified as an affirmative defense in the concluding paragraphs of such Instructions as 9:1, 17:1, 20:1, 30:10, etc.

4. While one does have a duty to mitigate damages, this means only that reasonable means must be used. **Fair**, 943 P.2d 431; **Lascano v. Vowell**, 940 P.2d 977 (Colo.App. 1996). Generally, what constitutes reasonable means is a question of fact for the trier of fact to determine. **Fair**, 943 P.2d 431; **Francis v. Dahl**, 107 P.3d 1171 (Colo.App. 2005) (ten-year-old child, who was financially dependent on her mother, had no duty as a matter of law to mitigate her damages by seeking medical care for her injuries); **Westec Constr. Mgmt. Co. v. Postle**, 68 P.3d 529 (Colo.App. 2002), *cert. denied* (2003). Thus, for example, one is not required "to submit to surgery which involves substantial hazards or which offers only a possibility of cure." **Hildyard v. Western Fasteners, Inc.**, 33 Colo.App. 396, 522 P.2d 596, 600 (1974). Further, a plaintiff's failure to mitigate damages is excused if there were reasonable grounds for the failure. **Fair**, 943 P.2d 431; **Lascano**, 940 P.2d 977; **Berger v. Security Pac. Info. Sys., Inc.**, 795 P.2d 1380 (Colo.App. 1990).

5. When appropriate to the evidence in the case, Instruction 5:6 should also be given with this instruction.

6. "[E]vidence of plaintiff's failure to wear a protective helmet [when riding a motorcycle] is inadmissible to show negligence on the part of the injured party or to mitigate damages." **Dare v. Sobule**, 674 P.2d 960, 963 (Colo. 1984); **Lawrence v. Taylor**, 8 P.3d 607 (Colo.App. 2000). Further, when evidence of a failure to wear a protective helmet is received, the plaintiff is entitled to a cautionary instruction that such failure does not constitute contributory negligence, even though the plaintiff may not have objected to such evidence and the defendant did not seek to use such evidence as a defense. *Id.*

7. Section 42-4-237(7), C.R.S., provides that in certain motor-vehicle accidents, evidence of an injured person's failure to comply with the mandatory seat belt law is admissible to show that the injured person failed to mitigate damages for "pain and suffering." In such cases, Instruction 5:3 should be used, together with such special interrogatories as may be necessary to determine all relevant questions of fact. See Notes on Use to Instruction 5:3.

8. A plaintiff, otherwise entitled to relief, is also entitled to recover as consequential damages expenses and other costs incurred in taking reasonable steps to mitigate damages. **Gundersons, Inc. v. Tull**, 678 P.2d 1061 (Colo.App. 1983), *aff'd in part, rev'd in part on other grounds,* 709 P.2d 940 (Colo. 1985).

9. A plaintiff has no duty to anticipate a tortfeasor's illegal acts and, therefore, has no duty to mitigate damages until after the original injury has occurred. **Burt v. Beautiful Savior Lutheran Church**, 809 P.2d 1064 (Colo.App. 1990), *cert. denied* (1991).

10. If appropriate to the evidence in the case, this instruction may be modified by specifying whether the alleged failure to mitigate damages relates to economic or to noneconomic damages. *See* Instruction 6:1.

11. In an attorney malpractice action, a failure by the client or successor counsel to appeal an adverse judgment

"can never be a failure to mitigate damages caused by malpractice at trial." **Stone v. Satriana**, 41 P.3d 705, 712 (Colo. 2002).

12. For mitigation of damages in an outrageous conduct action, *see also* Notes on Use to Instruction 23:6. For mitigation of damages in a defamation action, *see* Instruction 22:26 and its Notes on Use. For mitigation of damages in a wrongful discharge case, *see* Instruction 31:8 and its Notes on Use.

13. A parent's failure to mitigate damages arising out of injuries to a child cannot be imputed to the child. **Francis v. Dahl**, 107 P.3d 1171 (Colo.App. 2005).

**Source and Authority**

This instruction is supported by **Fair v. Red Lion Inn**, 943 P.2d 431 (Colo. 1997); **Ballow v. PHICO Insurance Co.**, 878 P.2d 672 (Colo. 1994) (breach of contract to provide medical malpractice insurance, false representation and bad faith breach of insurance contract); **Intermill v. Heumesser**, 154 Colo. 496, 391 P.2d 684 (1964) (personal injury); **Valley Development Co. v. Weeks**, 147 Colo. 591, 364 P.2d 730 (1961) (crop damage); **Bodo v. Logan**, 145 Colo. 474, 358 P.2d 889 (1961) (personal injury); **City & County of Denver v. Noble**, 124 Colo. 392, 237 P.2d 637 (1951) (condemnation); **Hoehne Ditch Co. v. John Flood Ditch Co.**, 76 Colo. 500, 233 P. 167 (1925) (breach of contract); **Saxonia Mining & Reduction Co. v. Cook**, 7 Colo. 569, 4 P. 1111 (1884) (breach of contract action by employee for wrongful discharge by employer); **Mining Equipment, Inc. v. Leadville Corp.**, 856 P.2d 81 (Colo.App. 1993) (lease of mining equipment); **Technical Computer Services, Inc. v. Buckley**, 844 P.2d 1249 (Colo.App. 1992), *cert. denied* (1993); **Pomeranz v. McDonald's Corp.**, 821 P.2d 843 (Colo.App. 1991), *aff'd in part, rev'd in part on other grounds,* 843 P.2d 1378 (Colo. 1993) (duty of landlord to mitigate damages following breach of lease by tenant); **Bert Bidwell Investment Corp. v. LaSalle & Schiffer, P.C.**, 797 P.2d 811 (Colo.App. 1990) (unreasonable refusal to consent to assignment of lease); **Gross v. Knuth**, 28 Colo.App. 188, 471 P.2d 648 (1970) (negligent performance of contract).
Research References

© 2012 By Supreme Court Of Colorado For The State Of Colorado

CO-JICIV 5:2

END OF DOCUMENT

# D. Mitigation

# 4. Connecticut

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 1

- Unconscionability Subclass 1



### State of Connecticut
# Judicial Branch

 

**1. Preliminary and Trial Instructions**

**2. General Instructions**

**3. Torts**

**4. Contracts**

**5. Miscellaneous Actions**

**6. Verdict Forms**

**Judicial Home**

## Civil Jury Instructions

Civil Jury Instructions Home

### 4.5-14  Mitigation of Damages

**Revised to January 1, 2008**

The defendant has asserted a defense that any damages awarded should be reduced [or eliminated] for the plaintiff's failure to mitigate those damages.  The defendant claims that the plaintiff could have *<insert claim>*.  The plaintiff had a duty to exercise reasonable care to minimize the damages resulting from any breach by the defendant.  The plaintiff's duty to exercise reasonable care to minimize damages does not require the plaintiff to waive (his/her/its) rights under the contract.  It is the defendant's burden to prove by a preponderance of the evidence that the plaintiff failed to exercise reasonable care to minimize (his/her/its) damages.  If you find that the defendant has met this burden, you must reduce any award of damages to the plaintiff by the amount that the defendant establishes that the plaintiff reasonably could have avoided.

#### *Authority*

*Cweklinsky v. Mobile Chemical Co.*, 267 Conn. 210, 223 (2004); *Newington v. General Sanitation Service Co.*, 196 Conn. 81, 85-86 (1985); *Camp v. Cohn*, 151 Conn. 623, 627 (1964); 3 Restatement (Second), Contracts § 350 (1979).

**Civil Jury Instructions**  |  **Criminal Jury Instructions**

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | Español | FAQ's | Juror Information | Media | Opinions | Opportunities | Self-Help | Home

Common Legal Words | Contact Us | Site Map | Website Policies and Disclaimers

Copyright © 2011, State of Connecticut Judicial Branch

# D. Mitigation

# 5. Illinois

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 3

- Unconscionability Subclass 3

Westlaw.

IL-IPICIV 700.17                                                                                           Page 1
Ill. Pattern Jury Instr.-Civ. 700.17


Illinois Pattern Jury Instructions-Civil
Database updated October 2012

Illinois Supreme Court Committee On Pattern Jury Instructions In Civil Cases

Contracts
700.00. Contracts


**700.17 Determination of Damages—Mitigation of Damages**


The law provides a party cannot recover damages [he][she][it][they] could have prevented by exercising ordinary care and diligence when [he][she][it][they] learned or should have learned of the breach.

The burden is on defendant's name to prove plaintiff's name failed to minimize [his][her][its] damages and that the damages should be reduced by a particular amount as a result.

In this case, defendant's name claim(s) and has the burden of proving that, with reasonable efforts and ordinary care, plaintiff's name could have avoided some losses in whole or in part, even though [his][her][its] losses originally resulted from the defendant's name's(s') failure to keep [his][her][its] promise.

If defendant's name proves [prove] that plaintiff's name could have avoided some losses in whole or in part with reasonable efforts and ordinary care, you may not require defendant's name to pay the amount plaintiff's name could reasonably have avoided and you must subtract any such amount from the amount of damages you have found.

If you find plaintiff's name incurred costs in making a reasonable effort to avoid such losses, you must make an award to plaintiff's name for such costs.

You will address these issues in questions _____, _____ on your verdict.

**Notes on Use**

This damage instruction, when the evidence supports it use, may be given in conjunction with Instructions 700.13, 700.14, and 700.15. The set of instructions must end with 700.18V.
Westlaw. © 2012 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

IL-IPICIV 700.17

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# D. Mitigation

# 6. Maryland

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 3

- Unconscionability Subclass 1

The Maryland Institute for Continuing Professional Education of Lawyers, Inc.
2009

Maryland Civil Pattern Jury Instructions
Chapter Ten

**MPJI-Cv 10:6 MINIMIZING (MITIGATING) DAMAGES**

**A plaintiff has a duty to use reasonable efforts to reduce the damages, but is not required to accept the risk of additional loss or injury in these efforts.**

*Comment*

**A. Generally:**
1. Mitigation, *i.e.*, did plaintiff act reasonably to minimize damages, is a jury question. *Loch Hill Constr. Co. v. Fricke*, 284 Md. 708, 399 A.2d 883 (1979); *Schlossberg v. Epstein*, 73 Md. App. 415, 534 A.2d 1003 (1988), *appeal after remand*, 82 Md. App. 45, 570 A.2d 328, *cert. denied*, 320 Md. 222, 577 A.2d 50 (1990) (question ordinarily for jury even if the facts and circumstances are undisputed); *Myerberg, Sawyer & Rue, P. A. v. Agee*, 51 Md. App. 711, 446 A.2d 69 (1982) (refusal to accept lawyer's offer to purchase property title to which was improperly examined). Collateral source income is admissible to show motivation for not working but not to reduce damages. *Swann v. Prudential Ins. Co.*, 95 Md. App. 365, 620 A.2d 989 (1993), *rev'd on other grounds sub nom. Dover Elevator Co. v. Swann*, 334 Md. 231, 638 A.2d. 762 (1994).
2. For a statement of the general rule, *see Schlossberg v. Epstein*, *supra*; *M & R Contractors & Builders, Inc. v. Michael*, 215 Md. 340, 138 A.2d 350 (1958).
3. The wrongdoer has the burden of proving the loss could have been minimized. *Volos, Ltd. v. Sotera*, 264 Md. 155, 286 A.2d 101 (1972); *Bastian v. Laffin*, 54 Md. App. 703, 460 A.2d 623 (1983); *but see Millison v. Ades of Lexington, Inc.*, 262 Md. 319, 277 A.2d 579 (1971) (indicating that plaintiff tenant must show efforts to mitigate damages when alleging that landlord's failure to make repairs damaged tenant's goods).
4. Mitigation may encompass obtaining a simple surgical operation. H*endler Creamery Co. v. Miller*, 153 Md. 264, 138 A. 1 (1927); *see also United Ry. & Elec. Co. v. Dean*, 117 Md. 686, 84 A. 75 (1912). However, mitigation does not require one to undergo an abortion. *Jones v. Malinowski*, 299 Md. 257, 473 A.2d 429 (1984). For whether the plaintiff must spend large sums, incur substantial risks or obligations or if both parties have equal opportunity to mitigate, *see Wartzman v. Hightower Prods. Ltd.*, 53 Md. App. 656, 456 A.2d 82, 40 A.L.R. 4th 523, *cert. denied* (1983).
5. In absence of a statute to the contrary, a landlord is not required to re-rent vacated premises. *Eidelman v. Walker & Dunlop, Inc.* 265 Md. 538, 290 A.2d 780 (1972); *Millison v. Clarke*, 287 Md. 420, 413 A.2d 198 (1980) (explaining extent of landlord's duty to mitigate in case of a commercial lease). Md. Code Ann., Real Prop. § 8-207 (1957, 1998 Repl. Vol.) requires residential property landlords to mitigate. *See also Wilson v. Ruhl*, 277 Md. 607, 356 A.2d 544 (1976).

# D. Mitigation

# 7. Nevada

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1



Nevada Jury Instructions - Civil
Copyright 2011
State Bar of Nevada

CHAPTER 13: CONTRACTS INSTRUCTIONS

Nev.J.I. - Civ. 13CN.50

Instruction 13CN.50: Damages: Mitigation of Damages

### DAMAGES: MITIGATION OF DAMAGES

A party cannot recover damages for losses they could have avoided by reasonable efforts. The burden is on the party whose wrongful acts resulted in the damages to prove that the damages might have been lessened by reasonable diligence and expenditures on the part of the party seeking damages. However, reasonable diligence does not require that the party seeking damages ask the party whose wrongful conduct resulted in the damages to remedy the injury, detriment, harm or loss resulting from their breach of contract.

### SOURCE/AUTHORITY

*Sheehan & Sheehan v. Nelson Malley and Co*., 121 Nev. 481, 492, 117 P.3d 219, 226 (2005); *James Hardie Gypsum (Nevada) Inc. v. Inquipco*, 112 Nev. 1397, 1404-05, 929 P.2d 903, 908 (1996) (note: case overruled; please check caselaw when citing); *Hanneman v. Downer*, 110 Nev. 167, 173-74, 871 P.2d 279, 283-84 (1994); *Connor v. Southern Nevada Paving, Inc*., 103 Nev. 353, 355-56, 741 P.2d 800, 801 (1987); *Cobb v. Osman*, 83 Nev. 415, 422, 433 P.2d 259, 263 (1967).

# D. Mitigation

# 8. North Carolina

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 3

- Unconscionability Subclass 1

N.C.P.I.—Civil 571.20

MITIGATION OF DAMAGES.

This issue reads:

"What amount, if any, of the damages sustained by *(party claiming damages)* could have been avoided?"

The burden of proof on this issue is on *(party opposing damages)* to satisfy you by the greater weight of the evidence that some or all of the damages claimed by *(party claiming damages)* could have been avoided.

A party injured by a breach of contract is required to protect *himself* from loss if *he* can do so with reasonable exertion or minimal expense. Ordinarily an injured party will not be allowed to recover from the delinquent party any damages which the injured party could have avoided with reasonable effort or minimal expense.

*(Here summarize the evidence concerning avoidable loss.)*

And so I finally instruct you that if you find, by the greater weight of the evidence, that some or all of the damages claimed by *(party claiming damages)* could have been avoided with reasonable exertion or minimal expense on *his* part then you will answer this issue by writing that amount in the blank space provided. On the other hand, if you fail to so find, then you would answer this issue by writing the word "None" in the blank space provided.

*March 1974*

Strong: *Damages* § 9

41

# D. Mitigation

# 9. Pennsylvania

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 4

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1

PA-JICIV 19.310                                                                                             Page 1
Pa. SSJI (Civ), §19.310 (2011)

Pennsylvania Suggested Standard Civil Jury Instructions
Fourth Edition
Volume II
CHAPTER 19--Contracts
Date of Last Revision - January 2003

19.310 [FNa1] (Civ) Mitigation

**A party that has incurred damages because of the breach of contract has a duty to mitigate the damages caused by the breach. Mitigation of damages involves reasonable actions by the nonbreaching party to reduce or eliminate the damages caused or incurred by the breach of contract.**

**You are instructed that the burden of proof is upon *[name of party who breached contract]* to demonstrate that *[name of nonbreaching party]* failed to mitigate the damages incurred. To demonstrate that *[name of nonbreaching party]* failed to mitigate the damages, you must find that *[name of party who breached contract]* has shown: (1) the reasonable actions that *[name of nonbreaching party]* ought to have taken, (2) the reduction of damages from those actions, and (3) the amount by which the damages incurred would have been reduced.**

**In so deciding whether the actions of *[name of nonbreaching party]* were reasonable, the test is whether the conduct of *[name of nonbreaching party]* in response to the breach of conduct was reasonable, with the reasonableness of *[[name of nonbreaching party]'s* conduct to be decided from all facts and circumstances of the evidence you must judge in light of one viewing the situation at the time the breach of contract arose.**

**If you find that *[name of party who breached contract]* had as equal an opportunity as *[name of nonbreaching party]* to mitigate the damages, then you must find that *[name of nonbreaching party]* had no obligation to mitigate the damages.**

**If you find that *[name of party who breached contract]* prevented *[name of nonbreaching party]* from mitigating the damages incurred, then you must find that *[name of nonbreaching party]* had no obligation to mitigate the damages.**

**If you find that *[name of nonbreaching party]* failed to mitigate the damages incurred by the breach of contract, then you must reduce the damages incurred by the amount you decide *[name of nonbreaching party]* could have avoided through reasonable actions [he] [she] could have or should have taken under the circumstances at the time the breach of contract occurred.**

### SUBCOMMITTEE NOTE

Mitigation is a very important concept in contract law. Not every breach of contract gives rise to damages or gives rise to the amount of damages sought.

One who suffers a loss due to a breach of contract has a duty to make reasonable efforts to mitigate the damages arising from the breach. *Delliponti v. DeAngelis,* 681 A.2d 1261 (Pa. 1996); *Bafile v. Borough of Muncy,*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Pa. SSJI (Civ), §19.310 (2011)

588 A.2d 462 (Pa. 1991). If the breaching party prevents the mitigation, *Toyota Industrial Trucks, U.S.A., Inc. v. Citizens National Bank of Evans City,* 611 F.2d 465 (3d Cir. 1979), or if the breaching or nonbreaching party have equal opportunity to mitigate the damages, *S.J. Groves & Sons Co. v. Warner Co.,* 576 F.2d 524 (3d Cir. 1978); *Somerset Community Hospital v. Allan B. Mitchell & Associates, Inc.,* 685 A.2d 141 (Pa.Super. 1996); *Ecksel v. Orleans Construction Co.,* 519 A.2d 1021 (Pa.Super. 1987), no duty to mitigate arises. Further, if the nonbreaching party has the choice between two reasonable causes of mitigation, the breaching party cannot later complain that the more expensive course was chosen. *In re Kellett Aircraft Corp.,* 186 F.2d 197 (3d Cir. 1950).

The reasonableness of the conduct by the nonbreaching party is determined from all facts and circumstances of each particular case and judged in light of one viewing the situation at the time when the breach arose. *Toyota Industrial Trucks,* above; *Aircraft Guaranty Corp. v. Strato-Lift, Inc.,* 991 F.Supp. 735 (E.D. Pa. 1998).

The burden of proving mitigation is upon the breaching party, *Ecksel,* above, who must demonstrate (1) the reasonable actions the nonbreaching party ought to have taken, (2) the reduction of damages from those actions, and (3) the amount by which the damages would have been reduced. *Koppers Co. v. Aetna Cas. & Surety Co.,* 98 F.3d 1440 (3d Cir. 1996); *Atlantic Contracting, Inc. v. International Fidelity Ins. Co.,* 86 F.Supp.2d 479 (E.D. Pa. 2000).

If mitigation is demonstrated, then the damages to be awarded are reduced. *Aircraft Guaranty Corp.,* above.

[FNa1]. Renumbered (former 15.31).

Copyright (c) The Pennsylvania Bar Institute

PA-JICIV 19.310

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# D. Mitigation

# 10. South Carolina

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 2

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1

Anderson's South Carolina Requests to Charge - Civil
Part II. Substantive Charges
Chapter 19 General Contract
Ralph King Anderson, Jr.

Current through 2009 Second Edition

## § 19-30 CONTRACT - DUTY TO MINIMIZE DAMAGES

If you find by a preponderance of the evidence that a contract existed between the plaintiff and the defendant, and that the defendant breached that contract, then you must decide whether the plaintiff took reasonable actions to reduce or minimize any damages he may have incurred. The duty to mitigate losses applies to contracts.

A party suffering damages has a duty to exercise reasonable care and diligence to minimize his damages. No recovery may be had for losses which the person injured might have prevented by reasonable efforts and expenditures. The injured party is required to do only that which would be reasonable. In other words, an injured party is required to do that which an ordinary prudent person would do under similar circumstances to mitigate his damages. However, the injured party is not required to unreasonably exert himself or incur substantial expense in an effort to mitigate damages.

Where no evidence is given that damages could reasonably have been reduced, the injured party is not required to have done more. Yet, a party will not be allowed to sit back and wait and then seek to recover damages for loss of use when reasonable attempts would have mitigated damages. There is no obligation to minimize avoidable damages where a party has a vested right to recover the full amount sought.

The burden of proving that damages could have been minimized rests on the party claiming that damages should have been reduced or avoided.

• See *Rathborne, Hair & Ridgway Co. v. Williams*, 59 F. Supp. 1 (D.S.C. 1945); *Collins Entm't Corp. v. Coats and Coats Rental Amusement*, 368 S.C. 410, 629 S.E.2d 635 (2006) (the lost volume seller doctrine does not eliminate a seller's duty to mitigate his damages); *U.S. Rubber Co. v. White Tire Co.*, 231 S.C. 84, 97 S.E.2d 403 (1956); *Du Bose v. Bultman*, 215 S.C. 468, 56 S.E.2d 95 (1949); *Fewell v. Catawba Power Co.*, 102 S.C. 452, 86 S.E. 947 (1915)(one seeking to hold another liable for damages must use reasonable efforts to mitigate such damages); *Cobb v. Western Union Tel. Co.*, 85 S.C. 430, 67 S.E. 549 (1910); *Genovese v. Bergeron*, 327 S.C. 567, 490 S.E.2d 608 (Ct. App. 1997); *Cisson Constr., Inc. v. Reynolds & Assocs., Inc.*, 311 S.C. 499, 429 S.E.2d 847 (Ct. App. 1993)(reasonableness of party's actions to mitigate damages is question of fact which cannot be decided as matter of law when there is conflicting evidence); *Chastain v. Owens Carolina, Inc.*, 310 S.C. 417, 426 S.E.2d 834 (Ct. App. 1993); *Alala v. Peachtree Plantations, Inc.*, 292 S.C. 160, 355 S.E.2d 286 (Ct. App. 1987); *Tri-Continental Leasing Corp. v. Stevens, Stevens & Thomas, P.A.*, 287 S.C. 338, 338 S.E.2d 343 (Ct. App. 1985); *Hutson v. Cummins Carolinas, Inc.*, 280 S.C. 552, 314 S.E.2d 19 (Ct. App. 1984); 25 C.J.S. *Damages* § 33 (1966); 25 C.J.S. *Damages* § 34 (1966)(person injured by breach of contract ordinarily must use reasonable efforts to mitigate damages).
  • See also *McCall v. IKON*, Op. No. 4466(S.C. Ct. App. filed Dec. 12, 2008) (Shearouse Adv. Sh. No. 46 at 57)(the court can consider the availability of settlement funds to mitigate damages when determining the ulti-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

mate damages to which the plaintiff was entitled and can award a credit for the settlement funds paid towards those damages).

Copyright © 2008 by South Carolina Bar Continuing Legal Education Division

SC-JICIV 19-30

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# D. Mitigation

# 11. Virginia

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 2

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 2



1 of 1 DOCUMENT

Virginia Model Jury Instructions - Civil

Copyright 2011, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Chapter 45 CONTRACTS

2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.550

**Instruction No. 45.550**
**Damages: Duty to Mitigate**

  The plaintiff had a duty to minimize his damages. If you find that the plaintiff did not act reasonably to minimize his damages and, as a result, they were greater than if he had acted to minimize them, then he cannot recover the amount by which they were increased. The duty to minimize damages begins when the plaintiff knew, or should have known, of the breach.

  The burden is on the defendant to prove by the greater weight of the evidence that the plaintiff failed to minimize his damages and to prove by the greater weight of the evidence the amount by which they were increased as a result.

   **Sources & Authority**

   *Governing Statutes:*

   None.

   *Case Authority:*

      *Monahan v. Obici Med. Mgmt. Servs.,*   271 Va. 621 , 636 , 628 S.E.2d 330, 339 (2006)   ;   *Forbes v. Rapp,*   269 Va. 374   , 380 ,   611 S.E.2d 592, 595-596 (2005) ;   *Fox-Sadler Co. v. Earl E. Norris Roofing Co.,*   229 Va. 106   , 111 ,   327 S.E.2d 95, 98 (1985) ;   *Rosenberg v. Stone,*   160 Va. 381   , 386-387 ,   168 S.E. 436, 437 (1933) ;   *Hannan v. Dusch,*   154 Va. 356   , 377 ,   153 S.E. 824, 831 (1930) ;   *City of Richmond v. Cheatwood,*   130 Va. 76   , 87-88 ,   107 S.E. 830, 834 (1921) ;   *Clinchfield Coal Corp. v. Hayter,*   130 Va. 711   , 719 ,   108 S.E. 854, 857 (1921) .

# E.  Waiver

# 1. Alabama

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 4

- Unjust Enrichment Subclass 4

- Unconscionability Subclass 1

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2011

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter
51. Waiver and Estoppel

**APJI 51.00 Waiver**

Waiver is the intentional and unequivocal relinquishment of a known right, which must be proved to your reasonable satisfaction by the party asserting it.

**Notes on Use**

Putnam Const. & Realty Co., Inc. v. Byrd, 632 So.2d 961 (Ala.1992).

Though a waiver may be in the nature of an estoppel, and maintained on similar principles, they are not interchangeable. A waiver may be created by acts, conduct and declarations insufficient to create estoppel. Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both. Inland Mutual Insurance Co. v. Hightower, 274 Ala. 52, 145 So.2d 422 (1962).

Copyright © 1993-2011 by Alabama Pattern Jury Instructions Committee

AL-APJICIV 51.00

END OF DOCUMENT

# E.  Waiver

# 2.  California

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 1

- Unconscionability Subclass 1

Judicial Council Of California Civil Jury Instructions
Database updated September 2012

The Judicial Council of California Advisory Committee on Civil Jury Instructions

Contracts

**336 Affirmative Defense—Waiver**

[*Name of defendant*] claims that [he/she/it] did not have to [*insert description of performance*] because [*name of plaintiff*] gave up [his/her/its] right to have [*name of defendant*] perform [this/these] obligation[s]. This is called a "waiver."

To succeed, [*name of defendant*] must prove both of the following by clear and convincing evidence:

1

That [*name of plaintiff*] knew [*name of defendant*] was required to [*insert description of performance*]; and

2

That [*name of plaintiff*] freely and knowingly gave up [his/her/its] right to have [*name of defendant*] perform [this/these] obligation[s].

A waiver may be oral or written or may arise from conduct that shows that [*name of plaintiff*] gave up that right.

If [*name of defendant*] proves that [*name of plaintiff*] gave up [his/her/its] right to [*name of defendant*]'s performance of [*insert description of performance*], then [*name of defendant*] was not required to perform [this/these] obligation[s].
*New September 2003*

**DIRECTIONS FOR USE**

This issue is decided under the "clear and convincing" standard of proof. See CACI No. 201, More Likely True—Clear and Convincing Proof.

**SOURCES AND AUTHORITY**

• "Waiver is the intentional relinquishment of a known right after knowledge of the facts." (Roesch v. De Mota (1944) 24 Cal.2d 563, 572 [150 P.2d 422].)

• "[Waiver] may be implied through conduct manifesting an intention to waive. Acceptance of benefits under a lease is conduct that supports a finding of waiver." (Gould v. Corinthian Colleges, Inc. (2011) 192 Cal.App.4th 1176, 1179 [120 Cal.Rptr.3d 943], internal citations omitted.)

• "Waiver … is a question of fact and not of law, hence the intention to commit a waiver must be clearly expressed." (Moss v. Minor Properties, Inc. (1968) 262 Cal.App.2d 847, 857 [69 Cal.Rptr. 341].)

• When the injured party with knowledge of the breach continues to accept performance from the guilty party, such conduct may constitute a waiver of the breach. (Kern Sunset Oil Co. v. Good Roads Oil Co. (1931) 214 Cal. 435, 440–441 [6 P.2d

71].)

• There can be no waiver where the one against whom it is asserted has acted without full knowledge of the facts. It cannot be presumed, in the absence of such knowledge, that there was an intention to waive an existing right. (Craig v. White (1921) 187 Cal. 489, 498 [202 P. 648].)

• " 'Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver'." (City of Ukiah v. Fones (1966) 64 Cal.2d 104, 107–108 [48 Cal.Rptr. 865, 410 P.2d 369]; Florence Western Medical Clinic v. Bonta (2000) 77 Cal.App.4th 493, 504 [91 Cal.Rptr.2d 609].)

• The "clear and convincing" standard applies "particularly" to rights favored in the law; however, it does not apply exclusively to such favored rights. It is proper to instruct a jury that waiver must be proved by this higher standard of proof. (DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe and Takeout III, Ltd. (1994) 30 Cal.App.4th 54, 61 [35 Cal.Rptr.2d 515].)

***Secondary Sources***

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, §§ 856, 857

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, §§ 140.57, 140.113, 140.136 (Matthew Bender)

5 California Points and Authorities, Ch. 50, *Contracts*, §§ 50.40, 50.41, 50.110 (Matthew Bender)

2 Matthew Bender Practice Guide: California Contract Litigation, Ch. 22, *Suing or Defending Action for Breach of Contract*, 22.08, 22.65, 22.68

© 2012 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

CACI 336

END OF DOCUMENT

# E.  Waiver

# 3.  Colorado

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 3

- Unjust Enrichment Subclass 3

- Unconscionability Subclass 1

Colorado Jury Instructions, 4th - Civil
Database updated April 2012

Colorado Supreme Court Committee on Civil Jury Instructions

Chapter
30. Contracts
C. Defenses

**30:26 Defense—Waiver**

The defendant, *(name)*, is not legally responsible to the plaintiff, *(name)*, on the plaintiff's claim of breach of contract if the affirmative defense of waiver is proved. This defense is proved if you find all of the following:

1

The plaintiff knew that the defendant had not performed (his) (her) obligation under the (claimed) contract to *(insert appropriate description, e.g., "repair the car within 15 days")*;

2

The plaintiff knew that this failure of the defendant gave (him) (her) the right to *(insert appropriate description, e.g., "sue the defendant for damages")*;

3

The plaintiff intended to give up this right; and

4

The plaintiff voluntarily gave up this right.

**Notes on Use**

1. Use whichever parenthesized words are appropriate to the evidence in the case.

2. This instruction is applicable to the situation where it is claimed that the plaintiff by words or conduct subsequent to the defendant's breach waived his or her claim for damages for such breach.

3. Whenever this instruction is given, Instruction 30:32, appropriately modified, should also be given.

4. For cases involving the sale of goods, see §§ 4-1-107, 4-2-209, 4-2-605 to 4-2-608, and 4-2-720, C.R.S.

5. Waiver is an affirmative defense on which the party asserting it has the burdens of pleading and proof. C.R.C.P. 8(c).

6. An effective waiver may be made by an authorized agent. **Stewart v. Breckenridge**, 69 Colo. 108, 169 P. 543 (1917). In such circumstances, this instruction must be modified appropriately.

**Source and Authority**

The basic requirements of a waiver as set out in this instruction are supported by **Associates of San Lazaro v. San Lazaro Park Properties**, 864 P.2d 111 (Colo. 1993); **Ewing v. Colorado Farm Mutual Casualty Co.**, 133

Colo. 447, 296 P.2d 1040 (1956); **General Accident Fire & Life Assurance Corp. v. Mitchell**, 128 Colo. 11, 259 P.2d 862 (1953); **People v. Watrous**, 121 Colo. 282, 215 P.2d 344 (1950); **Glover v. Innis**, 252 P.3d 1204 (Colo.App. 2011); **Universal Resources Corp. v. Ledford**, 961 P.2d 593 (Colo.App. 1998); **James H. Moore & Associates Realty, Inc. v. Arrowhead at Vail**, 892 P.2d 367 (Colo.App. 1994), *cert. denied* (1995); **Lookout Mountain Paradise Hills Homeowners' Association v. Viewpoint Associates**, 867 P.2d 70 (Colo.App. 1993), *cert. denied* (1994); **Tripp v. Parga**, 847 P.2d 165 (Colo.App. 1992), *cert. denied* (1993) (waiver may be implied from conduct of party); **Grimm Construction Co. v. Denver Board of Water Commissioners**, 835 P.2d 599 (Colo.App. 1992); **Western Cities Broadcasting, Inc. v. Schueller**, 830 P.2d 1074 (Colo.App. 1991), *aff'd on other grounds*, 849 P.2d 44 (Colo. 1993) (no waiver of breach of lease provision); **Ebrahimi v. E.F. Hutton & Co.**, 794 P.2d 1015 (Colo.App. 1989), *cert. denied* (1990) (waiver of interest on promissory note); **Richmond v. Grabowski**, 781 P.2d 192 (Colo.App. 1989) (conduct not sufficiently free from ambiguity nor a clear enough manifestation of an intent to waive a benefit for there to have been a waiver as a matter of law); **Magliocco v. Olson**, 762 P.2d 681 (Colo.App. 1987), *cert. denied* (1988) (waiver by tenant of right to receive certain notice under lease; intent to waive may be shown by conduct); **Vogel v. Carolina International, Inc.**, 711 P.2d 708 (Colo.App. 1985) (waiver of right to repossess collateral); **Barker v. Jeremiasen**, 676 P.2d 1259 (Colo.App. 1984); **World of Sleep, Inc. v. Seidenfeld**, 674 P.2d 1005 (Colo.App. 1983).

Other cases recognizing the defense of waiver to an action for breach of contract are **Seale v. Bates**, 145 Colo. 430, 359 P.2d 356 (1961); **Gillett v. Young**, 45 Colo. 562, 101 P. 766 (1909); **McIntire v. Barnes**, 4 Colo. 285 (1878); **Widner v. Walsh**, 3 Colo. 548 (1877). *See also* **Sung v. McCullough**, 651 P.2d 447 (Colo.App. 1982) (dealing with waiver of right to terminate a lease upon happening of certain condition).

If the plaintiff's claim is for a liquidated sum of money and the alleged waiver goes to the obligation to pay the debt, then, unless the act of waiver also constituted an estoppel by inducing reasonable detrimental reliance on the defendant's part (see Instruction 30:25), it appears necessary for an effective waiver that the plaintiff must also have been relieved of some obligations that he or she still owed under the contract. *See* 5 CORBIN, CONTRACTS §§ 1240, 1244–45 (1964).

© 2012 By Supreme Court Of Colorado For The State Of Colorado

CO-JICIV 30:26

END OF DOCUMENT

# E.  Waiver

# 4.  Maryland

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 3

- Unconscionability Subclass 1

The Maryland Institute for Continuing Professional Education of Lawyers, Inc.
2009

Maryland Civil Pattern Jury Instructions
Chapter Nine

CONTRACTS

**MPJI-Cv 9:29 RATIFICATION AND WAIVER**

**A party who made a contract because of the other party's fraud, duress or undue influence or because of a mistake cannot cancel the contract after he or she, knowing of the fraud, duress or undue influence or mistake:**
   **(1) sues to enforce the contract; or**
   **(2) makes a new promise to perform the contract; or**
   **(3) accepts any benefit under the contract.**

*Comment*

**A. Definition:**
1. Waiver involves the intentional relinquishment of a known right; it may result from an express agreement or be inferred from conduct inferring this relinquishment, this inference being a factual determination. *Simko, Inc. v. Graymar Co.*, 55 Md. App. 561, 464 A.2d 1104, *cert. denied*, 298 Md. 244, 469 A.2d 452 (1983). *See also Hale v. Hale*, 74 Md. App. 555, 539 A.2d 247, *cert. denied*, 313 Md. 30, 542 A.2d 857 (1988); *Nicholson Air Serv., Inc. v. Comm'rs of Allegany County*, 120 Md. App. 47, 706 A.2d 124 (1998) (landlord's acceptance of rent with knowledge of tenant's breach is not waiver where landlord demonstrates intent not to waive); *Taylor v. Mandel*, 402 Md. 109, 935 A.2d 671 (2007).
**B. Generally:**
1. Acts relied on for waiver must be inconsistent with an intention to insist upon enforcing the provisions, be clearly established and not be inferred from equivocal acts or language. *Gold Coast Mall, Inc. v. Larmar Corp.*, 298 Md. 96, 468 A.2d 91 (1983).
2. The ratification-waiver must be with full knowledge of the material facts. *Hoffman v. Seth*, 207 Md. 234, 114 A.2d 58 (1955); *Munich Re-Ins. Co. v. United Sur. Co.*, 113 Md. 200, 77 A. 579 (1910).
3. Continuing to perform a contract after the other party's breach may constitute a waiver (*Antigua Condo. Ass'n v. Melba Investors Atl., Inc.*, 307 Md. 700, 517 A.2d 75 (1986)), as will failure to rescind promptly after learning the material facts (*Faller v. Faller*, 247 Md. 631, 233 A.2d 807 (1967)).
4. Evidence of acceptance of the terms of the contract after expiration date, without objecting to any delay, may be considered acquiescence and may support the conclusion that the proponent waived any breach by the party failing to complete the terms before expiration date. *Deyesu v. Donhauser*, 156 Md. App. 124, 846 A.2d 28, *cert. denied*, 382 Md. 685, 856 A.2d 721 (2004).
5. For conduct constituting bank's waiver of right to penalize borrower for late payments, *see Battista v. Sav. Bank of Balt.*, 67 Md. App. 257, 507 A.2d 203 (1986).
**C. Ratification:**
1. For conduct supporting a finding of ratification in dealings with bank, *see Kline v. Chase Manhattan Bank*, 43 Md. App. 133, 403 A.2d 395 (1979).
2. For ratification of contract made by an unauthorized person, see Comment to MPJI-Cv 3:3.

# E.  Waiver

# 5. Nevada

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1



Nevada Jury Instructions - Civil
Copyright 2011
State Bar of Nevada

CHAPTER 13: CONTRACTS INSTRUCTIONS

Nev.J.I. - Civ. 13CN.38

Instruction 13CN.38: Performance/Breach: Waiver

**PERFORMANCE/BREACH: WAIVER**

Waiver is the voluntary and intentional relinquishment of a known right. In order to be effective, a waiver must occur with full knowledge of all material facts. A waiver may be implied from conduct that evidences an intention to waive the right, or from conduct that is inconsistent with any other intention than to waive the right. In order to establish a waiver, the intention to waive must clearly appear, and the party relying upon the waiver must have been misled to their prejudice.

**SOURCE/AUTHORITY**

*Thompson v. City of N. Las Vegas*, 108 Nev. 435, 439, 833 P.2d 1132, 1134 (1992); *Mahban v. MGM Grand Hotels, Inc.*, 100 Nev. 593, 596, 691 P.2d 421, 423-24 (1984); *Udevco, Inc. v. Wagner*, 100 Nev. 185, 189, 678 P.2d 679, 682 (1984); *Melahn v. Melahn*, 78 Nev. 162, 166, 370 P.2d 213, 215-16 (1962) (note: case overruled by *Westgate v. Westgate*, 110 Nev. 1377, 887 P.2d 737 (1994); please check current case law when citing).

# E.  Waiver

# 6. Pennsylvania

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 4

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1

PA-JICIV 19.140                                                                                                    Page 1
Pa. SSJI (Civ), §19.140 (2011)

Pennsylvania Suggested Standard Civil Jury Instructions
Fourth Edition
Volume II
CHAPTER 19--Contracts
Date of Last Revision - January 2003

19.140 [FNa1] (Civ) Waiver of Breach--Generally

**A party may waive, or give up, its contract rights. A party who sanctions or fails to protest the breach of contract waives its rights to recover for a breach of that contract and cannot recover damages for nonperformance of the other party or use the breach as a defense in a lawsuit on that contract. A breach of contract may be waived either by implication or by express agreement. The party waiving a breach must know about the breach at the time of the waiver.**

### SUBCOMMITTEE NOTE

*E.C. Ernst, Inc. v. Koppers Co.,* 626 F.2d 324 (3d Cir. 1980), on remand, 520 F.Supp. 830 (W.D. Pa. 1981); *Formigli Corp. v. Fox,* 348 F.Supp. 629 (E.D. Pa. 1972); *Exton Drive-In, Inc. v. Home Indem. Co.,* 261 A.2d 319 (Pa. 1969), cert. denied, 400 U.S. 819 (1970); *Roban Constr., Inc. v. Housing Auth. of Hazleton,* 67 Pa.D.&C.2d 130 (C.P. Luzerne 1974); *Wolson v. Freihofer,* 84 Pa.Super. 561 (1925); *Hirsch v. Isaac Joseph Iron Co.,* 278 F. 924 (1922).

The law and instructions set forth in Instruction 19.50, Modification or Waiver, pertaining to waiver should be reviewed and included. In addition, the ""doctrine of substantial performance" will probably apply. See Instruction 19.330, Substantial Performance.

Under the "doctrine of substantial performance," the law will not permit a forfeiture where performance has occurred in all material and substantial particulars with only minor, trivial, technical, inadvertent, or unimportant breaches having occurred. *Fort Washington Resources, Inc. v. Tannen,* 901 F.Supp. 932 (E.D. Pa. 1995); *Sgarlat v. Griffith,* 36 A.2d 330 (Pa. 1944); *Mort Co. v. Paul,* 76 A.2d 445 (Pa.Super. 1950). However, the doctrine may not be invoked by a party who has willfully, carelessly, or in bad faith failed to perform. *West Dev. Group, Ltd. v. Horizon Financial, F.A.,* 592 A.2d 72 (Pa.Super. 1991).

[FNa1]. Renumbered (former 15.14).

Copyright (c) The Pennsylvania Bar Institute

PA-JICIV 19.140

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# E.  Waiver

# 7. South Carolina

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 2

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1

SC-JICIV 19-22                                                                                          Page 1
Anderson, S.C. Requests to Charge - Civil, § 19-22 (2009)

Anderson's South Carolina Requests to Charge - Civil
Part II. Substantive Charges
Chapter 19 General Contract
Ralph King Anderson, Jr.

Current through 2009 Second Edition

## § 19-22 CONTRACT - WAIVER

The defendant claims that, even if there was a breach of contract, the plaintiff, by his actions after the alleged breach, waived his right to enforce the contract.

Waiver involves the intentional relinquishment of a known right. That is, waiver is a voluntary and intentional abandonment or relinquishment of a known right. It may be implied from circumstances indicating an intent to waive. An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable. Acts that are inconsistent with the continued assertion of a right may also give rise to a waiver.

Waiver is an affirmative defense. The burden of proof is upon the party who asserts it. Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended.

Strict and full performance of a contract by one party may be waived by the other party, in which case there is, to the extent of the waiver, no right to damages for the failure to perform strictly or fully. Either party to a contract may waive any of the provisions made for his benefit.

An unexplained delay in enforcing a contract may constitute evidence of waiver and acquiescence in nonperformance. Waiver of a contractual right is largely a matter of intent.

The right to prosecute a breach of contract action may be waived if the party which has the right acts in such a manner as to lead the other side to believe that the right has been relinquished. In other words, once a breach of contract occurs, the non-breaching party must enforce his rights or lose them.

A default in the performance of a contract may be waived. Although intent is necessary to effect a waiver of a breach of contract, it need not be shown by direct evidence. The waiver of a breach of contract may be shown by an act which is so inconsistent with an intent to enforce the right which arises upon the breach as reasonably to induce a belief that the right has been relinquished.

If you find the defendant has proved the plaintiff acted in such a way as to waive his rights to enforce the breach of contract, then your verdict must be for the defendant on this issue.

• See *Parker v. Parker*, 313 S.C. 482, 443 S.E.2d 388 (1994)(waiver is question of fact for finder of fact); *Janasik v. Fairway Oaks Villas Horizontal Property Regime*, 307 S.C. 339, 415 S.E.2d 384 (1992); *Hinds v. United Ins. Co.*, 248 S.C. 285, 149 S.E.2d 771 (1966); *Maxwell v. Genez*, 350 S.C. 563, 567 S.E.2d 496 (Ct. App. 2002), *overruled on other grounds*, 356 S.C. 617, 591 S.E.2d 26 (2003); *Murdock v. Murdock*, 338 S.C. 322,

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

526 S.E.2d 241 (Ct. App. 1999); *Steele v. Self Serve, Inc.*, 335 S.C. 323, 516 S.E.2d 674 (Ct. App. 1999); *Heritage Federal Sav. and Loan v. Eagle Lake and Golf Condominiums*, 318 S.C. 535, 458 S.E.2d 561 (Ct. App. 1995); *Provident Life & Accident Ins. Co. v. Driver*, 317 S.C. 471, 451 S.E.2d 924 (Ct. App. 1994); *Carolina Amusement Co. v. Connecticut Nat'l Life Ins. Co.*, 313 S.C. 215, 437 S.E.2d 122 (Ct. App. 1993) (while waiver may operate to preclude repudiation of a contract, it cannot create a contract); *Lyles v. BMI, Inc.*, 292 S.C. 153, 355 S.E.2d 282 (Ct. App. 1987); 17A Am. Jur. 2d *Contracts* §§ 655-56, 729-30 (1991).

Copyright © 2008 by South Carolina Bar Continuing Legal Education Division

SC-JICIV 19-22

END OF DOCUMENT

# E.  Waiver

# 8. Tennessee

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 2

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1

Tennessee Practice Series Tennessee Pattern Jury Instructions - Civil
Database updated September 2012

The Committee on Pattern Jury Instructions (Civil) of the Tennessee Judicial Conference

Chapter
13. Contracts
D. Waiver and Breach

**T.P.I.—CIVIL 13.09 Waiver**

Waiver is the voluntary surrender of a known right. It can be proved by statements, acts, or conduct of a party showing an intent not to claim a right.

The parties may jointly agree to waive one or more requirements of the contract. If a party to the contract claims the other party waived a contract right, the burden of proof is on the party claiming the waiver to show that the other party gave up a contract right and did so with full and complete knowledge of the relevant facts.

[If the plaintiff waived a particular term in the contract, the plaintiff can no longer enforce that part of the contract. The defendant claims that the plaintiff waived certain terms as follows: (state here what was allegedly waived and how it was allegedly waived). The plaintiff denies this.]

**USE NOTE**

In accord with the needs of a particular case, the terms, "plaintiff" and "defendant" may have to be transposed.

**COMMENT**

Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for the waiver he/she would have enjoyed. *TBC Corp. v. Wall*, 955 S.W.2d 838 (Tenn. App. 1997).

A waiver is an intentional relinquishment of a known right and is a doctrine of very broad and general application. It concedes a right, but assumes a voluntary relinquishment of it. There must be clear, unequivocal and decisive acts of the party which shows determination not to have the benefit intended in order to constitute a waiver. *Collins v. Summers Hardware and Supply Co.*, 88 S.W.3d 192 (Tenn. Ct. App. 2002).

Waiver should not be confused with estoppel. A party asserting equitable estoppel, estoppel by conduct or estoppel *in pais* has the burden of proving the following elements: (1) There must exist a false representation or concealment of material facts; (2) The representation or concealment of material facts must have been made with knowledge, actual or constructive, of the facts; (3) The party to whom the false representation or concealment of material facts was made must have been without knowledge or the means of knowledge of the real facts; (4) The false representation or concealment of material facts must have been made with the intention that it should be acted on; and, (5) The party to whom the false representation or concealment of material facts was made must have relied on or acted on the information to the party's prejudice. *Collins v. Summers Hardware and Supply Co.*, 88 S.W.3d 192 (Tenn. Ct.

App. 2002).

© 2012 by The Tennessee Judicial Conference.

TNPRACJIC 13.09

END OF DOCUMENT

# E.  Waiver

# 9. Virginia

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 2

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 2



1 of 1 DOCUMENT

Virginia Model Jury Instructions - Civil

Copyright 2011, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Chapter 45 CONTRACTS

2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.410

**Instruction No. 45.410**
 **Waiver**

 **A waiver occurs when a party intentionally gives up a contractual** [legal] **right which would have been beneficial to him. A waiver may be expressly stated or it may be implied from conduct. A party cannot waive a right unless he has full knowledge of it.**

   **Sources & Authority**

   *Governing Statutes:*

   *Va. Code Ann. § 8.2-209 .*

   *Case Authority:*

   *Stockbridge v. Gemini Air Cargo, Inc.,   269 Va. 609   , 620 ,   611 S.E.2d 600, 605-606 (2005) ;   Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv.,   267 Va. 642 , 651-652 , 595 S.E.2d 1, 6 (2004)   ;   Stanley's Cafeteria, Inc. v. Abramson,   226 Va. 68 , 74 , 306 S.E.2d 870, 873 (1983)   ; General Appliance Storage Co. v. Richmond, Fredericksburg & Potomac R.R.,   221 Va. 176 , 179 , 267 S.E.2d 161, 163 (1980)   ; "Automatic"   Sprinkler Corp. of Am. v. Coley & Peterson, Inc.,   219 Va. 781 , 789 ,   250 S.E.2d 765, 771 (1979) ;   Employers Commercial Union Ins. Co. of America v. Great American Ins. Co.,   214 Va. 410 , 412-413 , 200 S.E.2d 560, 562 (1973)   ;   May v. Martin,   205 Va. 397   , 404 ,   137 S.E.2d 860, 865 (1964) ;   Tiedman v. American Pigment Corp.,       253 F.2d 803, 807 (4th Cir. 1958) ;   Woodmen of World Life Ins. Soc'y v. Grant,   185 Va. 288   , 299 ,   38 S.E.2d 450, 454-455 (1946) ;   Goldstein v. Old Dominion Peanut Corp.,   177 Va. 716   , 728 ,   15 S.E.2d 103, 107 (1941) ;   Reid v. Field,   83 Va. 26   , 32-33 ,   1 S.E. 395, 399-400 (1887) .*

# F.  Statute of Limitations

# 1. Alabama

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 4

- Unjust Enrichment Subclass 4

- Unconscionability Subclass 1

Alabama Pattern Jury Instructions Civil, Second Edition
Database updated December 2011

Prepared by the Alabama Pattern Jury Instructions Committee-Civil

Chapter
8. Burden of Proof

**APJI 8.02 Defense of Statute of Limitation**

The defendant(s) contend(s) that the plaintiff is not entitled to recover in this case because the plaintiff's claim is barred by the Statute of Limitation of _____ years. The burden is upon the plaintiff to reasonably satisfy you by the evidence that this action was commenced within _____ year(s) from the accrual of plaintiff's right of action. This action was commenced on *[Date]*_____.

**Notes on Use**

This charge should be used in all cases where the defendant interposes a defense of the statute of limitations.

Ferdon Realty Co. v Keith, 487 So 2d 917 (1985, Ala App)

This is an exception to the general rule that the party asserting the affirmative of an issue has the burden of proving it

When the statute of limitations is pleaded, the burden is on the plaintiff to prove a cause of action within the period of the bar

Lord v Calhoun, 162 Ala 444, 60 So 402 (1909)

Forbes & Carloss v Plummer, 198 Ala 162, 73 So 451 (1916)

Woods v Sanders, 247 Ala 492, 25 So 2d 141 (1946)

Copyright © 1993-2011 by Alabama Pattern Jury Instructions Committee

AL-APJICIV 8.02

END OF DOCUMENT

# F.  Statute of Limitations

# 2. California

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 1

- Unconscionability Subclass 1

Judicial Council Of California Civil Jury Instructions
Database updated September 2012

The Judicial Council of California Advisory Committee on Civil Jury Instructions

Contracts

**338 Affirmative Defense—Statute of Limitations**

[*Name of defendant*] contends that [*name of plaintiff*]'s lawsuit was not filed within the time set by law. To succeed on this defense, [*name of defendant*] must prove that [*name of plaintiff*]'s claimed harm occurred before [*insert date two or four years before date of filing*].
*New December 2007*

**DIRECTIONS FOR USE**

This instruction is for use if the defendant claims that the plaintiff's action was not filed within the applicable four-year period for breach of a written contract (see Code Civ. Proc., § 337(1)) or two-year period for breach of an oral contract. (See Code Civ. Proc., § 339(1).) Do not use this instruction for breach of a Uniform Commercial Code sales contract. (See Com. Code, § 2725.)

If the contract either shortens or extends the limitation period, use the applicable period from the contract instead of two years or four years.

If the plaintiff alleges that the delayed-discovery rule applies to avoid the limitation defense, CACI No. 455, Statute of Limitations—Delayed Discovery, may be adapted for use.

**SOURCES AND AUTHORITY**

• Code of Civil Procedure section 337(1) provides: "Within four years: 1. An action upon any contract, obligation or liability founded upon an instrument in writing, except as provided in Section 336a of this code; provided, that the time in which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage."

• Code of Civil Procedure section 339(1) provides: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, except as provided in Section 2725 of the Commercial Code or subdivision 2 of Section 337 of this code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

• "In general, California courts have permitted contracting parties to modify the length of the otherwise applicable California statute of limitations, whether the contract has extended or shortened the limitations period." (Hambrecht & Quist

Venture Partners v. Am. Medical Internat. (1995) 38 Cal.App.4th 1532, 1547 [46 Cal.Rptr.2d 33].)

• "A contract cause of action does not accrue until the contract has been breached." (Spear v. Cal. State Automobile Assn. (1992) 2 Cal.4th 1035, 1042 [9 Cal.Rptr.2d 381, 831 P.2d 821].)

• "The claim accrues when the plaintiff discovers, or could have discovered through reasonable diligence, the injury and its cause." (Angeles Chem. Co. v. Spencer & Jones (1996) 44 Cal.App.4th 112, 119 [51 Cal.Rptr.2d 594].)

• "[T]he discovery rule may be applied to breaches [of contract] which can be, and are, committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time." (Gryczman v. 4550 Pico Partners, Ltd. (2003) 107 Cal.App.4th 1, 4–5 [131 Cal.Rptr.2d 680].)

*Secondary Sources*

3 Witkin, California Procedure (5th ed. 2008) Actions, §§ 508–548

5 Witkin, California Procedure (5th ed. 2008) Pleading, § 1072

1 Witkin, Summary of California Law (10th ed. 2005) Contracts, § 344

13 California Forms of Pleading and Practice, Ch. 140, *Contracts*, § 140.42[2] (Matthew Bender)

5 California Points and Authorities, Ch. 50, *Contracts*, § 50.120 et seq. (Matthew Bender)

Matthew Bender Practice Guide: California Contract Litigation, Ch. 4, *Determining Applicable Statute of Limitations and Effect on Potential Action*, 4.03 et seq.
© 2012 by the Judicial Council of California. All rights reserved. See front matter for a listing of Judicial Council Task Force and Advisory Committee members who have contributed to these jury instructions.

CACI 338

END OF DOCUMENT

# F.  Statute of Limitations

# 3. Colorado

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 3

- Unjust Enrichment Subclass 3

- Unconscionability Subclass 1

Colorado Jury Instructions, 4th - Civil
Database updated April 2012

Colorado Supreme Court Committee on Civil Jury Instructions

Chapter
30. Contracts
C. Defenses

**30:27 Defense—Statute of Limitations**

The defendant, *(name)*, is not legally responsible to the plaintiff, *(name)*, on the plaintiff's claim of breach of contract if the affirmative defense of the expiration of the statute of limitations is proved. This defense is proved if you find *(describe the events that would cause the applicable statute to run)* occurred before *(insert the appropriate date)*.

**Notes on Use**

1. This instruction should only be given if there is a disputed question of fact that would be proper to submit to the jury, e.g., when the alleged breach occurred. However, when the material facts are undisputed and reasonable persons could not disagree about their import, the questions of when a claim accrues and, consequently, whether a claim is barred by the statute of limitations may be decided by the court as a matter of law. **Jackson v. American Family Ins. Co.**, 2011 WL 1797225 (Colo. App.).

2. If an event is claimed to have occurred that would toll the applicable statute and the facts are disputed, this instruction should be appropriately modified. *See, e.g.*, **First Interstate Bank of Denver, N.A. v. Berenbaum**, 872 P.2d 1297 (Colo.App. 1993), *cert. dism'd* (1994) (burden on plaintiff to show that statute had been tolled).

3. In some instances, a demand or notice may be a condition precedent to creating a cause of action for breach of contract. *See, e.g.*, **Stice v. Peterson**, 144 Colo. 219, 355 P.2d 948 (1960).

4. The defense of statute of limitations is an affirmative defense and the party asserting it has the burdens of pleading and proof. C.R.C.P. 8(c). *But see* **First Interstate Bank, N.A. v. Berenbaum**, 872 P.2d 1297 (Colo.App. 1993), *cert. denied* (1984).

5. Generally, in breach of contract actions, the statute of limitations is three years. Section 13-80-101(1)(a), C.R.S. *See* **Hersh Cos. Inc. v. Highline Village Assocs.**, 30 P.3d 221 (Colo. 2001) (breach of express warranty governed by three year statute for contracts); **Portercare Adventist Health Sys. v. Lego**, 2010 WL 3584394 (Colo. App.), *cert. granted* (2011) (three year limit applies to hospital's claim for value of services rendered to a patient whose stay is not covered by insurance); **CAMAS Colo., Inc., v. Board of County Comm'rs**, 36 P.3d 135 (Colo.App.), *cert. denied* (2001) (contractor's claims for breach of contract, *quantum meruit*, rescission and restitution for mistake were all governed by three year statute of limitations for contracts). *But see* **BP Am. Prod. Co. v. Patterson**, 185 P.3d 811 (Colo. 2008) (six year limit applies to royalty obligations due under contract, and claim accrues on date the debt is due, not the date breach is discovered); **Jackson**, 2011 WL 1797225 (Colo. App.) (equitable action for reformation of a contract governed by the three year statute). The statute of limitations for contracts involving the sale of goods is the same. *See* § 4-2-725(1), C.R.S., incorporating the period of limitation set out in § 13-80-101(1)(a),

C.R.S.

**Source and Authority**

    This instruction is supported by **Stice v. Peterson**, 144 Colo. 219, 355 P.2d 948 (1960), and **Koon v. Barmettler**, 134 Colo. 221, 301 P.2d 713 (1956).
Research References

© 2012 By Supreme Court Of Colorado For The State Of Colorado

CO-JICIV 30:27

END OF DOCUMENT

# F.  Statute of Limitations

# 4. North Carolina

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 1

- Unjust Enrichment Subclass 3

- Unconscionability Subclass 1

N.C.P.I.—Civil 515.20

ACTION FOR BREACH OF CONTRACT, SITUATIONS OTHER THAN SALES OF GOODS, ISSUE OF THE COMMENCEMENT OF THE ACTION WITHIN THE STATUTE OF LIMITATIONS--ACCRUAL OF THE CAUSE OF ACTION IN ISSUE.

This issue reads:

"Did *(name plaintiff)* commence this action before the expiration of the *(specify applicable period[1])* statute of limitations?"

The burden of proof on this issue is on *(name plaintiff)* to satisfy you by the greater weight of the evidence that *he* brought this action before the expiration of the statute of limitations.[2]

The statute of limitations is a law which prescribes the period within which actions must be brought on certain claims. The statute of limitations for this action is *(specify applicable period)*.

The time at which the statute of limitations for breach of contract begins to run is [the time of the breach] [the time the injury was discovered, or ought reasonably to have been discovered by *(name plaintiff)*, whichever occurred first][3] [*(explain any different rule for*

---

[1]G.S. 1-47: 10 years for actions on sealed instruments. G.S. 1-50: 6 years for actions against a designer or builder for personal injuries as a result of the defective and unsafe conditions of an improvement to real property. G.S. 1-52: 3 years for suits on a contract or for liability arising out of a contract, unless the contract is for sale of goods. G.S. 1-53: 2 years when the suit is against a county, city or town, or when it is for a wrongful death. G.S. 1-55: 6 months on any contract transferring or affecting unearned salaries or wages or future earnings or any interest therein whether or not the contract is under seal. But see G.S. 1-15(c) for malpractice limitations.

[2]Willets v. Willets, 254 N.C. 136 (1961).

[3]G.S. 1-15: Use this instruction where the cause of action has as an essential element of bodily injury to the person, or a defect in or damage to property which originated under circumstances making the injury not readily apparent to the claimant. The period for discovery cannot be longer than 10 years from the last act of the defendant which gave rise to the plaintiff's claim for relief. For malpractice cases filed after January 1, 1977, see G.S. 1-15(c).

*Replacement May 1976*

N.C.P.I.--Civil 515.20
Page 2

ACTION FOR BREACH OF CONTRACT, SITUATIONS OTHER THAN SALES OF GOODS,
ISSUE OF THE COMMENCEMENT OF THE ACTION WITHIN THE STATUTE OF
LIMITATIONS--ACCRUAL OF THE CAUSE OF ACTION IN ISSUE.  (Continued)

*determining the time at which the statute of limitations began to run
which is applicable to this case, e.g., the time of the last payment
on an open account or a promissory note.)*]

This action was commenced on *(state date of commencement)*.[4]

*(Here summarize the evidence on this issue.)*

So I finally instruct you upon this issue that if you find by the
greater weight of the evidence that *(name plaintiff)* commenced this
action within *(specify applicable period)* after [the time of the
breach] [the time the injury was discovered, or ought reasonably to
have been discovered by *(name plaintiff)*, whichever occurred first]
[*(any different rule for determining the time at which the statute
of limitations began to run which is applicable to this case, e.g.,
the time of the last payment on an open account or a promissory note)*],
then you will answer this issue "Yes."

On the other hand, if you fail to so find, then you will answer
this issue "No."

_____

[4]This date will be a matter of record in the court file.  The
methods for commencement of an action are set out in N.C. Rules of Civ.
Pro. Rule 3.

*Replacement May 1976*

# F.  Statute of Limitations

# 5. Pennsylvania

This instruction relates to the following proposed subclasses:

- Good Faith and Fair Dealing Subclass 4

- Unjust Enrichment Subclass 2

- Unconscionability Subclass 1

PA-JICIV 11.10                                                                                        Page 1
Pa. SSJI (Civ), §11.10 (2011)

Pennsylvania Suggested Standard Civil Jury Instructions
Fourth Edition
Volume I
CHAPTER 11--Miscellaneous Instructions
Date of Last Revision - Instruction, Note; October 2005

11.10 [FNa1] (Civ) Statute of Limitations--Discovery Rule

**In general, a plaintiff must file suit within two years of the date he or she sustains his or her injuries.**

**An exception to this applies if you find that the plaintiff's suit was filed within two years of the date from which the plaintiff could have first reasonably discovered [his] [her] injuries and that it was caused by the conduct of another person.**

**In this case, suit was filed on *[date].***

**It is the plaintiff's duty to use reasonable diligence to properly inform [[himself] [herself] of the facts and circumstances of the injury.**

**You must decide if this lawsuit was filed within two years of the date from which the plaintiff should have reasonably discovered the injury and its cause.**

### SUBCOMMITTEE NOTE

The above instruction is based substantially on the Pennsylvania Supreme Court case of *Hayward v. Medical Center,* 608 A.2d 1040 (Pa. 1992). Relying upon its earlier decision in *Schaffer v. Larzelere,* 189 A.2d 267 (Pa. 1963), the court recognized the "duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Hayward* at 1042 (citing *Schaffer,* 189 A.2d at 269).

The *Hayward* court further defined the boundaries of the general rule regarding the running of the statute of limitations in negligence actions by noting that ""the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or understanding do not toll the running of the statute of limitations." *Hayward* at 1042 (quoting *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983)).

The "Discovery Rule" is an exception to the general rule stated above. Again relying on its previous decision in *Schaffer,* the *Hayward* court remarked that the Discovery Rule "provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Hayward* at 1043 (citing *Schaffer,* 189 A.2d at 270). The purpose of the Discovery Rule is to put all parties who have a cause of action on an equal footing, excluding the period of time during which the injured party was *reasonably* unaware that an injury had been sustained, "so that people in that class have essentially the same rights as those who suffer an immediately ascertainable injury." *Hayward* at 1043 (citing *Pounds v. Lehman,* 558 A.2d 872, 874 (Pa.Super. 1989)).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Pa. SSJI (Civ), §11.10 (2011)

Although the question of whether the statute of limitations has expired on a given claim is typically a question of law for the trial judge, if the issue involves a factual determination, the issue is one for the jury. *Smith v. Bell Telephone Co.,* 153 A.2d 477, 481 (Pa. 1959). In fact, only in the instance in which the facts are so "clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." *Hayward* at 1043 (citing *Sadtler v. Jackson-Cross Co.,* 587 A.2d 727, 732 (Pa.Super. 1991)).

**Fraudulent Concealment and Misrepresentation**[FNa2]

In some instances, the plaintiff's failure to investigate the circumstances of an injury is a result of actions or misrepresentations by the defendant, which mislead the plaintiff or lull the plaintiff into inactivity. This has led to the development of the doctrines of misrepresentation and fraudulent concealment. Although these concepts are often discussed interchangeably, a close reading of the case law reflects that there are in fact two distinct doctrines which have evolved. *Bickell v. Stein,* 291 Pa. Super. 1450, 435 A.2d 610, 612-613 n.3 (Pa. 1981); *Acker v. Palena,* supra, 200 Pa. Super. at 221, 393 A.2d at 1233 (1978).

Misrepresentation is actually a subset of the traditional discovery rule, pertinent to whether the plaintiff exercised due diligence. If the plaintiff can establish that he or she did not investigate the circumstances of an injury because of misrepresentations *by the defendant,* then the jury may conclude that the statute did not begin to run until such time as the plaintiff reasonably discovered the injury. In *Acker,* plaintiff underwent surgery on her eye during which she suffered a hemorrhage. Her surgeon repeatedly advised her that the operation had been correctly performed, and that her vision would return in time. Ultimately, she consulted another surgeon, who removed the eye, and brought suit against the first physician within two years of the eye's removal. The Superior Court held that the defendant physician's representations that plaintiff would recover prevented the statute from running until the time of the second surgery.

Conceptually, misrepresentation is a legal concept, to be considered by the jury in determining the reasonableness of the plaintiff's conduct. The heart of the doctrine is the plaintiff's *reliance* upon the defendant's advice, in recognition of the trust which patients place in physicians. It is in the context of the misrepresentation cases that the appellate courts have placed the most emphasis on the nature of the doctor/patient relationship, and have come closest to recognizing the doctrine of continuing care. *See, e.g., Acker,* above, 393 A.2d at 1234; *Barshady,* above, 226 Pa. Super. at 264.

Significantly, plaintiff need not prove that the defendant intended to mislead. Inadvertent deception will suffice. In malpractice cases, the defendant is therefore often caught in a dilemma. If the defendant makes mistaken representations about the cause of an injury in good faith, then the earnestness and conviction of the physician will lend him or her that much more credibility, thus justifying the plaintiff's reliance. Likewise, if the defendant physician is honest, but mistaken, a court is hard pressed to hold that the patient should have more acuity in discovering the cause of an injury than the physician treating it. If, on the other hand, the misrepresentations are deliberate, the statute should not run because of fraud.

Fraudulent concealment is a separate but related equitable doctrine stemming from the Supreme Court's decision in *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963). In *Schaffer,* survivors of an alleged victim of malpractice contended that the defendant physicians hid facts pertaining to the cause of death, preventing them from discovering its true cause. The court held that if the defendant "through fraud or concealment … causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action." 410 Pa. at 405.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

In *Nesbitt v. Erie Coach Company*, 416 Pa. 89, 204 A.2d 473 (1964), arising out of a defendant's representations that a case would be settled, the court discussed the doctrine in more detail. Because the doctrine has its roots in equity, it is for the *court* to decide whether the defendant is estopped, based upon the facts as found by the jury. *Id.* at 96. The court also established that fraud should not be interpreted "in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception." *Id.* Finally, in *Walters v. Ditzler,* 424 Pa. 445, 450, 227 A.2d 833 (1967), the court added the requirement that equitable estoppel may be invoked only where there is clear evidence of fraud, deception, or concealment.

Conceptually, under the discovery rule the statute does not run because it has been tolled by the plaintiff's justifiable failure to learn the cause of injury. Under the doctrine of fraudulent concealment, the statute *has* run, but the defendant is *estopped* from invoking it because of misconduct.

The Pennsylvania Supreme Court addressed the dispute surrounding applicability of both the discovery rule and the doctrine of fraudulent concealment and whether the court must first conduct an analysis to determine whether the injury and its cause were reasonably ascertainable at any point within the prescribed statutory period in *Fine v. Checcio*, 870 A.2d 850 (Pa. 2005), *Fine* held that both rules begin to run when a party either knows or should have known of his injury, regardless of whether this occurs within or outside the original limitations period. Id. at 859, 861. "It is not relevant to the discovery rule's application whether or not the prescribed period has expired; the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." Id. at 859. Similarly, ""… a statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." Id. at 861.

**Special Cases** [FNa3]

**A. Death Cases**

A great deal of confusion over the applicability of the discovery rule to death cases can simply be ignored in view of the Supreme Court's definitive resolution of the issue. The discovery rule does *not* apply to wrongful death or survival actions either under the prior statute of limitations, *Anthony v. Koppers Company,* 496 Pa. 119, 436 A.2d 181 (1981), or under the present statute of limitations, *Pastierik v. Duquesne Light Company*, 514 Pa. 517, 526 A.2d 323 (1987). In *Pastierik,* the court held that as to an action for wrongful death, the statute of limitations definitively begins to run on the date of death. As to a survival action, it begins to run "at the latest" at death, because it is conceivable that the decedent had notice of the injuries before death, and the estate stands in the decedent's shoes. Thus, not only will the discovery rule not extend the statute in a survival action, but the statute may begin to run before death, such that the survival action can be barred under circumstances where the wrongful death claim is not.

Shortly after deciding *Pastierik,* the Supreme Court went on to hold that although the discovery rule is not applicable, the doctrine of fraudulent concealment, which equitably estops a defendant from raising the statute of limitations, will apply in a death case. *Molineux v. Reed,* 516 Pa. 398, 532 A.2d 792 (1987). Plaintiff in a malpractice case contended that a hospital was concealing the cause of death because it refused to supply medical records. Plaintiff finally received the records ten (10) months before the statute of limitations ran, but nonetheless failed to file suit until seventeen (17) days after its expiration. The court, while recognizing the applicability of *Schaffer v. Larzelere,* held that plaintiff had not proven concealment, and had failed to exercise diligence in protecting her rights.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Pa. SSJI (Civ), §11.10 (2011)

### B. Minors Cases

Until 1984, the Judicial Code specifically provided that infancy would not toll or extend the statute of limitations. This provision was amended, and presently provides that the statute of limitations as to a minor will not begin to run until he or she has reached the age of eighteen (18). 42 Pa.C.S.A. § 5533(b). Thus, much of the difficulty surrounding minors' cases has been eliminated. The applicability of the tolling statute to pending cases has been the subject of several appellate decisions.

The Minors Act is not retroactive. Under Pennsylvania's Statutory Construction Act, a piece of legislation will not be deemed to be retroactive unless it so provides on its face. Moreover, traditionally actions are governed by the statute of limitations in effect at the time they are brought. Finally, if the act were construed to revive barred claims, there are serious questions as to whether it would be constitutional under both the federal and Pennsylvania Constitutions. *Maycock v. Gravely Corp.,* 352 Pa. Super. 421, 508 A.2d 330 (1986). Accordingly, if a claim was barred by the statute of limitations at the time when the Minors Act went into effect on June 29, 1984, it remains barred. *Bowser v. Guttendorf,* 373 Pa. Super. 402, 541 A.2d 377 (1988); *Lewis v. City of Philadelphia,* 360 Pa. Super. 412, 520 A.2d 874 (1987).

No appellate court has yet held explicitly that the Minors Tolling Act extends the statute of limitations for actions which were not time barred at the time of its passage. Such a result is compelled by the court's logic in *Bowser* and *Lewis,* however, and the general rule under Pennsylvania law is that a new statute of limitations will apply to any action not yet barred by the existing statute. *In Re Condemnation of Real Estate by Carmichaels,* 86 Pa. Cmwlth. 541, 490 A.2d 30 (1985).

As to minors' actions which are not saved by the tolling statute, constitutional challenges to the applicability of the statute of limitations have routinely been rejected by the courts. *Petri v. Smith*, *supra,* 543 A.2d at 348; *Stein v. Washington Hospital,* 302 Pa. Super. 124, 448 A.2d 558 (1982); *Desantis v. Yaw,* 290 Pa. Super. 535, 434 A.2d 1273 (1981) (discussing at great length the unfairness of applying the statute to minors, but concluding that precedent requires such a result).

In *Redenz v. Rosenberg,* 360 Pa. Super. 430, 520 Pa.2d 883 (1987), counsel argued under the discovery rule that the one-year-old plaintiff had failed, notwithstanding the exercise of reasonable diligence, to learn the cause of his injury, by virtue of his infancy. In effect, counsel attempted to use the plaintiff's minority to fulfill the plaintiff's burden of diligence. The court refused to accept this "ingenious" attempt to circumvent the statute, and dismissed the claim. 360 Pa. Super. at 435, 520 A.2d at 886. Thus the discovery rule will operate to save a minor's claims only where the minor's adult guardian exercised due diligence on his or her behalf.

Although the law has progressed with respect to minors, the Judicial Code still specifically provides that insanity will not toll the statute. 42 Pa.C.S.A. § 5533(a).

[FNa1]. Renumbered (former 18.01).

[FNa2]. This section reprinted by permission of the author, Gerald McHugh, Esquire. Originally appeared in the *Pennsylvania Bar Quarterly,* Vol. LXIV, No. 4, October 1993.

[FNa3]. This section reprinted by permission of the author, Gerald McHugh, Esquire. Originally appeared in the *Pennsylvania Bar Quarterly,* Vol. LXIV, No. 4, October 1993.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Copyright (c) The Pennsylvania Bar Institute

PA-JICIV 11.10

END OF DOCUMENT