UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR
CLASS CERTIFICATION

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND .............................................................................................. 2

III. ARGUMENT ........................................................................................................................ 3

    A.  Plaintiff's Proposed Nationwide Class Exceeds the Scope of Her Pleading. .......... 3

    B.  Spears-Haymond Lacks Standing and So Cannot Satisfy the Typicality Requirement. ............................................................................................................ 4

    C.  Plaintiff Cannot Adequately Represent the Class. ................................................... 6

    D.  As Applied in This Case, Plaintiff's Expert Declaration is Demonstrably Inadequate. ............................................................................................................... 6

    E.  No Class May Be Certified for the California Statutory Claim. ............................. 7

    F.  Class Certification Would Be Improper Even if Plaintiff's Motion Were Limited to a California-Only Class. ......................................................................... 7

IV. CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Benefield v. International Paper Co.*,
   270 F.R.D. 640 (M.D. Ala. 2010) ................................................................................................6

*Bochese v. Town of Ponce Inlet*,
   405 F.3d 964 (11th Cir. 2005) ....................................................................................................5

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ...................................................................................................................5

*CE Design Ltd. v. King Architectural Metals, Inc.*,
   637 F.3d 721 (7th Cir. 2011) ......................................................................................................6

*Franze v. Equitable Assurance*,
   296 F.3d 1250 (11th Cir. 2002) ..................................................................................................5

*Griffin v. Dugger*,
   823 F.2d 1476 (11th Cir. 1987) ..................................................................................................5

*Grosscup v. Pantano*,
   725 F. Supp. 2d 1370 (S.D. Fla. 2010) .......................................................................................8

*Gutierrez v. Wells Fargo Bank, N.A.*,
   704 F.3d 712 (9th Cir. 2012) ......................................................................................................7

*In re Brannan*,
   2011 WL 5331601 (Bankr. S.D. Ala. Nov. 7, 2011) ..................................................................5

*In re Egidi*,
   571 F.3d 1156 (11th Cir. 2009) ..................................................................................................8

*In re Schering Plough Corp. ERISA Litig.*,
   589 F.3d 585 (3d Cir. 2009) .......................................................................................................6

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
   678 F.3d 235 (3d Cir. 2012) .......................................................................................................5

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ................................................................................................................7

*In re Wade*,
   2008 WL 1722287 (Bankr. M.D. Ga. Apr. 9, 2008) ..................................................................5

*Jaffree v. Wallace*,
 837 F.2d 1461 (11th Cir. 1988) ...................................................................................5

*Koziara v. City of Casselberry*,
 392 F.3d 1302 (11th Cir. 2004) ...................................................................................5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
 523 U.S. 26 (1998)........................................................................................................1

*Mauldin v. Wal-Mart Stores, Inc.*,
 2002 WL 2022334 (N.D. Ga. Aug. 23, 2002) .............................................................7

*Phelps v. Parsons Tech. Support, Inc.*,
 2010 WL 4386918 (S.D. Ind. Oct. 29, 2010) ..............................................................4

*Prado-Steiman v. Bush*,
 221 F.3d 1266 (11th Cir. 2000) ................................................................................5, 6

*Ross v. Bank South, N.A.*,
 837 F.2d 980 (11th Cir. 1988), *vacated on other grounds*,
 848 F.2d 1132 (11th Cir. 1988) ...................................................................................6

*Thompson v. RelationServe Media, Inc.*,
 610 F.3d 628 (11th Cir. 2010) .....................................................................................6

*Vega v. T-Mobile USA, Inc.*,
 564 F.3d 1256 (11th Cir. 2009) ................................................................................3, 4

*Warth v. Seldin*,
 422 U.S. 490 (1975)......................................................................................................5

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .........................................................................................7

**OTHER AUTHORITIES**

S.D. Fla. R. 7.1(c) ...............................................................................................................8

## I. INTRODUCTION

Plaintiff Celia Spears-Haymond ("Spears-Haymond" or "plaintiff") has combined her motion for class certification in this case with the motion of a different set of plaintiffs in *Garcia v. Wachovia Bank*, S.D. Fla. Case No. 1:08-cv-22463-JLK, jumbling together the parties and claims in the two cases as if they were only one case. As Wells Fargo explains in detail in its Opposition in the *Garcia* action ("*Garcia* Opposition"), also filed today, this mixing together of parties and claims impedes this Court's ability to make *separate* determinations under Rule 23 for *each* of the two actions, as it is required to do. *See Garcia* Opp. at 19-22.

Wells Fargo is filing separate Oppositions to class certification in this case and in *Garcia*. To avoid unnecessary duplication, however, this Opposition focuses on issues that are specific to the *Spears-Haymond* action and incorporates by reference the portions of the *Garcia* Opposition that also apply to this case. Plaintiff Spears-Haymond's request for class certification has all of the same flaws as the request in *Garcia*, but the motion for class certification is properly denied in this case regardless of the Court's ruling in *Garcia*. It is plain from the record that Spears-Haymond herself suffered no injury from the challenged posting practice and thus manifestly lacks standing. This problem alone is fatal to her motion.

It is difficult to understand how Spears-Haymond expects the Court to assess her class certification motion, given its improper comingling of claims and parties from two cases that must be tried separately in two different forums.[1] There is also a substantial conflict between the motion and Spears-Haymond's complaint. Her operative complaint (DE # 353) pleads a class limited to California customers only and asserts no cause of action under the law of any state other than California. Yet plaintiff's motion seeks certification of the same *nationwide* class sought in *Garcia*, not the California-only class that Spears-Haymond pled. And plaintiff's proposed subclasses almost universally fail to distinguish between "California" and "non-California" customers. Instead, almost all of the subclass groupings combine California customers with those from other states. *See, e.g.*, Mot. App. I at 13, 15, 17. Moreover, in one of the proposed subclasses, Spears-Haymond seeks to pursue a New Jersey statutory cause of action that she has not even asserted. *Id.* at 18.

---

[1] *See Garcia* Opp. at 19-21. *Garcia* is venued in this district, but *Spears-Haymond* was filed in the Northern District of California and must be remanded there for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998).

It is not this Court's responsibility to try to infer from plaintiff's filings what class or classes Spears-Haymond would have sought to certify had she filed a motion that was properly tailored to her case – much less to guess what arguments in support of such classes she might have made. Given plaintiff's failure to file a motion for class certification properly tailored to the pleadings, facts, and record of *this* case, certification should be denied. In any event, as demonstrated below, plaintiff cannot meet the requirements of Rule 23 for *any* class.

## II.   FACTUAL BACKGROUND

Wells Fargo incorporates by reference the factual discussion from its *Garcia* Opposition concerning, *inter alia*, Wachovia Bank, its Deposit Agreements, and the challenged banking practices. Additional facts specific to Spears-Haymond are summarized below and set forth in more detail in Appendix B.

Celia Spears-Haymond is the only named plaintiff in this case. She opened her account over the Internet on June 11, 2007. As part of the account opening process, she was directed to an electronic version of the Wachovia Deposit Agreement to review online or print out. The website required Spears-Haymond to check a box indicating that she had received the agreement before the account could be opened. DE # 1536-4 ¶¶ 5-6; Ex. 18 at 24.[2]

Plaintiff's account was open for only four months before it was closed on October 19, 2007, with a negative balance of $1,170.69. Dec. of Laura Sturmer ("Sturmer Dec.") (Ex. 4) ¶ 41. During those four months, plaintiff incurred a total of $555 in overdraft fees. *Id.* ¶ 42. None were ultimately paid. *See* Dec. of Patricia Kennedy (Ex. 5).

Spears-Haymond's complaint challenges the calculation of overdraft fees over an unspecified three-day period. DE # 353 ¶ 70. The complaint does not dispute that she overdrafted her account but asserts that she would have had fewer separate overdraft items, and been assessed fewer fees, had her transactions over that period been posted in chronological order. *Id.* ¶¶ 70-71. In support of the motion for class certification, plaintiff's expert, Art Olsen, has opined that Spears-Haymond suffered "harm" in the amount of $25, which he attributes to one excess fee charged on July 24, 2007. Dec. of Arthur Olsen ("Olsen Dec.") (Mot. App. IV) ¶ 46. It is unclear how Olsen came to this conclusion, as Spears-Haymond incurred no overdraft fees at all on July 24, 2007. Sturmer Dec. ¶ 43; Ex. 54.

---

[2] Declarations and exhibits cited herein are provided in Exhibit D to the *Garcia* Opposition.

Plaintiff's motion does not contend (much less offer evidence) that Spears-Haymond personally was harmed by any alleged bank practice other than posting order.  Nor does she claim to have been exposed to, much less injured by, any of the supposed "misrepresentations" to which plaintiffs refer in their motion.  *See* App. B at 2-3, 4-5.

Plaintiff's complaint and motion fail to mention that she did not ultimately pay any overdraft fees and instead abandoned her account owing the bank more than $1000.  Also undisclosed is the fact that on some occasions she benefited from the bank's high-to-low posting order and the ability to have transactions paid into overdraft instead of being rejected.  *See* App. B at 2-3, 5.

Plaintiff filed her initial complaint on October 3, 2008 in the Northern District of California and amended it soon thereafter.  (N.D. Cal. Case No. 08-4610, Dkt. Nos. 1, 8).  The case was transferred to this MDL on June 10, 2009.  (DE # 1.)  On October 16, 2009, plaintiff successfully moved for leave to file a Second Amended Complaint.  *See* DE # 79, 144.  She then filed a Third Amended Complaint (DE # 353) on April 12, 2010, after the Court's decision on the omnibus motion to dismiss.  This amended complaint, like its predecessors, pled venue in the Northern District of California and a California-only class.  DE # 353 ¶¶ 11, 16.  None of the amendments expanded the scope of plaintiff's case beyond California.

## III.   ARGUMENT

To avoid burdening the Court with duplicative briefing, Wells Fargo incorporates by reference the arguments in its *Garcia* Opposition and will focus this brief on additional points unique to this case.  Appendix A to this Opposition provides a detailed response to the "trial plan" presented in Appendix I to plaintiff's motion, focusing on the facts and record of this particular case.

### A.   Plaintiff's Proposed Nationwide Class Exceeds the Scope of Her Pleading.

Every version of plaintiff's complaint has pled claims only under California law on behalf of a class limited to California residents.[3]  A class may not be certified that is substantially broader in scope than the class alleged in the complaint.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009) (district court abused its discretion by certifying

---

[3] *See* Complaint ¶ 16; FAC ¶ 16; SAC ¶ 17; TAC ¶ 16.  The initial Complaint and First Amended Complaint are Docket Entries 1 and 8 in the original docket for this case.  Plaintiff's Second and Third Amended Complaints are items 79-5 and 353 in the MDL docket.

3

class on theory not alleged in the complaint); *Phelps v. Parsons Tech. Support, Inc.*, 2010 WL 4386918, at *3 (S.D. Ind. Oct. 29, 2010) (plaintiffs could not broaden class certification beyond pleadings in motion for class certification ).  Plaintiff's request for certification of a nationwide class is well beyond the scope of her California-only complaint.

Spears-Haymond would not be able to remedy this defect through yet another amendment to her complaint, as the Court's deadline for such amendments passed long ago.  *See* DE # 305 at 50; *see also Vega*, 564 F.3d at 1271 n.15.  Even if a belated amendment were proposed, plaintiff could not establish the requisite good cause, because the decision to stick with a California-only case was an affirmative strategic choice by Spears-Haymond and her counsel.[4]  Plaintiff's request for certification of a nationwide class should therefore be denied.

### B. Spears-Haymond Lacks Standing and So Cannot Satisfy the Typicality Requirement.

Spears-Haymond's claim of typicality under Rule 23(a) suffers from all of the same defects as those of the *Garcia* plaintiffs, and Wells Fargo incorporates by reference its discussion of those issues in the *Garcia* Opposition.  Spears-Haymond cannot serve as a class representative in *any* case in this MDL for an additional, fundamental reason:  she has no standing.

Spears-Haymond is not "typical" of a class of persons who paid excessive overdraft fees, because she did not herself ultimately pay any such fees.  Overdraft fees were charged to her account, but she abandoned the account, only months after it was opened, with an unpaid negative balance of more than $1000.  This unpaid balance, which consisted not just of fees but of underlying overdrafts – payments the bank had made to merchants on her behalf – was far in excess of *all* the overdraft fees she was ever charged.[5]  In simple terms, Spears-

---

[4] This strategic choice is evidenced by the fact that the class definition in the *Garcia* complaint included only customers *outside* California. *See* DE # 352 ¶ 23.  Plaintiffs' counsel took a similar approach with other First Tranche banks in this MDL.  *See, e.g.*, DE # 345 ¶ 34 (amended complaint for California customers in *Yourke, et al. v. Bank of America*); DE #344 ¶ 38 (amended complaint for customers outside California in *Tornes v. Bank of America, N.A*); DE #348 ¶ 22 (amended complaint for California customers in *Luquetta, et al. v. JP Morgan Chase Bank, N.A.*); DE # 347 ¶ 23 (amended complaint for customers outside California in *Lopez, et al. v. JPMorgan Chase Bank, N.A.*).

[5] In fact, the one fee that plaintiff's expert identifies as the "harm" supporting her claim was never even charged – her account was charged no fees at all on the date he identifies.  Sturmer Dec. ¶ 43.  Moreover, even plaintiffs acknowledge that a customer who was charged fees but never paid them because the account was charged off suffered no actual harm.  Olsen Dec. ¶ 25.

4

Haymond suffered no actual injury and therefore lacks Article III standing. *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 985 (11th Cir. 2005); *see also Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (standing absent for plaintiff who lacks a "personal stake in the outcome of the controversy").

Lacking standing to pursue any claim on her own behalf, Spears-Haymond cannot represent any class in this litigation. As this Court has recognized, "[t]o be entitled to class certification, the party seeking certification must have standing." DE # 2673 at 3. This is black-letter law. *See Franze v. Equitable Assurance*, 296 F.3d 1250, 1254 (11th Cir. 2002); *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987); *see also In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 247 (3d Cir. 2012). "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Spears-Haymond, who was not injured by the payment of overdraft fees, cannot seek relief on behalf of people who allegedly were so injured. *See In re Brannan*, 2011 WL 5331601, at *7 (Bankr. S.D. Ala. Nov. 7, 2011) (denying certification of proposed class of debtors seeking to recover fees charged for allegedly flawed affidavits, because plaintiff-debtors had not paid any fees); *see also In re Wade*, 2008 WL 1722287, at *2 (Bankr. M.D. Ga. Apr. 9, 2008) (dismissing, for lack of standing, two class actions alleging improper assessment of fees that plaintiffs had not paid).[6]

Spears-Haymond is atypical of the putative class of California customers for the additional and independent reason that she denies having ever formed a contractual relationship with Wachovia. *See* DE # 1514-15 at 5-6. Unlike the vast majority of customers, she did not open her account at a Wachovia branch but instead signed up over the Internet. This fact does not defeat typicality in and of itself, as the contract provided to persons who opened accounts online was the same as that given to new customers in branches. *See* Dec. of Brad Arrowood

---

[6] Plaintiff's counsel could not cure this problem by seeking to amend the complaint to add a substitute class representative. Because Spears-Haymond has never had standing, the Court would lack subject matter jurisdiction to entertain a motion to substitute a new class representative even if such a maneuver were attempted. "Where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs." *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir. 1988) (internal quotation, citation, and bracket omitted), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

5

("Arrowood Dec.") (Ex. 1) ¶ 15. However, plaintiff has herself questioned whether the bank's Internet enrollment procedures were sufficient to make the Deposit Agreement a binding contract as to her. *See* DE # 1514-15 at 5-6. This question does not arise as to the vast majority of customers who signed up for their accounts in branches, were handed physical copies of the agreement, and signed documents confirming that they had received it. *See* Arrowood Dec. ¶ 15. By denying any contract was formed *ab initio*, Spears-Haymond has set herself apart from other customers asserting a contractual claim. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 679 n.72 (11th Cir. 2010); *Benefield v. International Paper Co.*, 270 F.R.D. 640, 648 (M.D. Ala. 2010).

### C.  Plaintiff Cannot Adequately Represent the Class.

Given plaintiff's lack of standing, it is self-evident that she is not an adequate representative of any class. *See, e.g. Prado-Steiman,* 221 F.3d at 1279. As the Eleventh Circuit has observed, "[t]he existence of even an arguable defense can vitiate the adequacy of representation if it will distract the named plaintiff's attention from the issues common to the class." *Ross v. Bank South, N.A.*, 837 F.2d 980, 990-91 (11th Cir. 1988), *vacated on other grounds*, 848 F.2d 1132, 1133 (11th Cir. 1988).[7]

Plaintiff also fails to satisfy the adequacy-of-representation requirement for the numerous additional reasons discussed at pp. 34-40 of the *Garcia* Opposition.

### D.  As Applied in This Case, Plaintiff's Expert Declaration is Demonstrably Inadequate.

Wells Fargo incorporates by reference the discussion in its *Garcia* Opposition and *Daubert* motion of the defects in the methodology of plaintiffs' damages expert, Art Olsen, upon whose testimony plaintiff's certification motion depends. Even apart from those issues, Olsen's analysis of the plaintiff's alleged injury in *this* case is unquestionably defective.

The only statement made by Olsen concerning his analysis of the "harm" supposedly suffered by Spears-Haymond is his assertion that she was charged one more overdraft fee ($25) on a day – July 24, 2007 – when it is undisputed that she was not charged *any* overdraft fees at all. Olsen Dec. ¶ 46. Her account was not overdrawn that day. Sturmer Dec. ¶ 43. The only "harm" Olsen claims to have detected for Spears-Haymond is accordingly a

---

[7] *See also CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725-26 (7th Cir. 2011); *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 598-600, 602 (3d Cir. 2009).

complete phantom. It certainly cannot have been derived from any reliable computer program that calculates damages based on Wachovia's business records.

Moreover, Olsen fails to adjust for the large negative balance charged off from Spears-Haymond's account when it was closed – an adjustment he acknowledges is required. Olsen Dec. ¶¶ 24-25. Once this adjustment is made, his opinion that she suffered "harm" fails on its own terms.

### E. No Class May Be Certified for the California Statutory Claim.

Spears-Haymond's complaint (unlike the complaint in *Garcia*) purports to assert a cause of action under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. *See* DE # 353 ¶¶ 114-19. The Ninth Circuit has now explicitly confirmed that any challenge under that statute to a bank's posting order for debit-card transactions (or to the bank's disclosures of its posting order) is barred by federal preemption under the National Bank Act. *See Gutierrez v. Wells Fargo Bank, N.A.*, 704 F.3d 712, 723-25 (9th Cir. 2012). The Ninth Circuit's reasoning is fully applicable here.

As plaintiffs point out in the updated memorandum in support of their motion (at 2-3 n.2), the Ninth Circuit did leave standing the portion of the UCL claim in *Gutierrez* that rested on affirmative misrepresentations, finding that not preempted. 704 F.3d at 725-27. However, it also reconfirmed that, to pursue a class claim under the UCL under a misrepresentation theory, the named plaintiff must herself have standing – *i.e.*, she must have personally seen the misrepresentation, relied on it, and suffered harm as a result. *Id.* at 728; *see In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). Spears-Haymond – the only California plaintiff in either of the cases against Wachovia – manifestly fails this test at every level.

### F. Class Certification Would Be Improper Even if Plaintiff's Motion Were Limited to a California-Only Class.

It is possible that plaintiff may, on reply, seek to revert to the class definition set forth in her complaint and ask the Court to certify a class of California customers instead of the nationwide class and multi-state subclasses sought in her motion. Any such effort would offer too little, too late.

A district court has discretion to certify a class that is narrower in scope than that sought by a plaintiff. *See Mauldin v. Wal-Mart Stores, Inc.*, 2002 WL 2022334, at *8 (N.D. Ga. Aug. 23, 2002). However, any such certification must still rest upon a rigorous analysis of the record and be supported by specific findings that the class, as modified, satisfies each and every

7

pertinent requirement of Rule 23. That is not possible here, because plaintiff's motion provides no basis upon which the Court can make findings with regard to a California-only class or subclass.[8]

Moreover, nearly all of the defects in plaintiff's request to certify a nationwide class would apply as well to a class of California customers. Spears-Haymond would still lack standing, would still not be typical of any such class, and would still be unable to represent it adequately. Any such class would still fail the numerosity test, as California customers, like those elsewhere, have a contractual obligation to arbitrate their claims. And while a single-state class would eliminate problems associated with different legal standards among states, there would still remain a host of diversified and individualized factual issues, as discussed in detail in the Garcia Opposition. Regardless of how she might redefine her proposed class, therefore, plaintiff's motion for class certification must be denied.

## IV.     CONCLUSION

For the reasons set forth above, plaintiff's motion for class certification should be denied.

DATED: March 4, 2013                                COVINGTON & BURLING LLP

                                                    By:   */s/ David M. Jolley*

                                                    Sonya D. Winner (*pro hac vice*)
                                                    (swinner@cov.com)
                                                    David M. Jolley (*pro hac vice*)
                                                    (djolley@cov.com)
                                                    COVINGTON & BURLING LLP
                                                    One Front Street, 35th Floor
                                                    San Francisco, CA 94111
                                                    Telephone: (415) 591-6000
                                                    Facsimile: (415) 591-6091

---

[8] It would be improper for plaintiff to try to make out a case for a California class for the first time in its Reply brief. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (arguments raised for the first time in the reply brief are deemed waived); *Grosscup v. Pantano*, 725 F. Supp. 2d 1370, 1376 n.13 (S.D. Fla. 2010) (same). *See also* S.D. Fla. R. 7.1(c) ("[A] reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law.").

Emily Johnson Henn (*pro hac vice*)
(ehenn@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Barry R. Davidson, FBN 107678
(bdavidson@hunton.com)
Jamie Zysk Isani, FBN 728861
(jisani@hunton.com)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2013, I served the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day either by Notice of Electronic filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

    /s/ David M. Jolley

David M. Jolley (*pro hac vice*)
(djolley@cov.com)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA, 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091