UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION,

MDL No. 2036

_____/

THIS DOCUMENT RELATES TO:

*Johnson v. KeyBank National Association*
S.D. Fla. Case No. 1:10-cv-21176-JLK

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon Defendant KeyBank National Association's Renewed Motion to Compel Arbitration and Stay or Dismiss Litigation (DE #3511) filed June 21, 2013. Parties fully briefed the motion[1] and presented oral argument on the issues contained therein on August 26, 2013.

Defendant KeyBank National Association ("KeyBank") first moved to compel arbitration on May 3, 2010 (DE #425). This Court denied KeyBank's motion on June 16, 2010 (DE #592), and KeyBank filed an appeal with the Eleventh Circuit. Soon after this Court's ruling, however, the United States Supreme Court issued a decision in *Rent-A-Center, West, Inc., v. Jackson* (130 S. Ct. 2772 (2010)) and KeyBank moved for an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure (DE #681). This Court denied the motion for indicative ruling on July 30, 2010 (DE #739), and the Eleventh Circuit issued its opinion on the appeal on August 12, 2010

---

1 Plaintiff filed a Response in Opposition on July 26, 2013 (DE #3548), and Defendant submitted its Reply on August 16, 2013 (DE #3603). On August 20, 2013, Plaintiff filed a Notice of Supplemental Authority (DE #3610).

1

(DE #2893). Therein, the Circuit Court vacated this Court's denial of the Motion to Compel Arbitration and remanded for further consideration in light of three recent decisions: *Rent-A-Center*; *AT&T Mobility, LLC v. Concepcion* (131 S.Ct. 1740 (2011)); and *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011)) (DE #2893).

Following the Circuit Court's ruling, this Court granted Plaintiff Johnson a period of limited arbitration-related discovery in an Order issued on September 19, 2012 (DE #2957). At the close of discovery, Defendant KeyBank filed the instant Renewed Motion to Compel.

As Defendant correctly argued in its Renewed Motion to Compel and oral argument, the Deposit Agreement entered into by Plaintiff David Johnson contains a delegation clause assigning questions of arbitrability (such as an argument asserting the unconscionability of the arbitration provision) to an arbitrator rather than the Court. (DE #3511). Based on the arguments presented as well as a review of the record, the Court concludes that the delegation clause is enforceable. As the Court noted in its Order of March 12, 2013 (granting a similar motion in a different case in this Multidistrict Litigation), "the delegation issue is dispositive, and a finding that the delegation clause is enforceable obviates the need to reach the question of unconscionability or any other argument concerning the enforceability of the arbitration agreement." (DE #3334).

Accordingly, the following is **ORDERED, ADJUDGED and DECREED**:

1. Defendant's Renewed Motion to Compel Arbitration and Stay or Dismiss Litigation **(DE #3511)** be, and the same is hereby, **GRANTED**.

2. The delegation provision in *Johnson v. KeyBank National Association* **SHALL** be enforced and the case is hereby **DISMISSED** accordingly.

2

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Courthouse in Miami, Florida, this 27th day of August, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:  All Counsel of Record