UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 3:08-cv-4610

**ORDER AND OPINION DENYING MOTION TO DISMISS ALL CLAIMS OF
UNNAMED CLASS MEMBERS IN FAVOR OF ARBITRATION**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss All Claims of Unnamed Class Members in Favor of Arbitration (DE 4183), filed June 10, 2015. The Court has carefully considered the motion, response, reply, supplemental authority, and the documents attached to each, as well as the oral argument of counsel. The Court denies the motion for the reasons explained more fully below.

## I. RELEVANT BACKGROUND

### A. The Arbitration Provision.

Each Wachovia account was governed by a Deposit Agreement that included an arbitration clause. *See* Class Arbitration Motion, p. 1. The "material terms remained consistent over the relevant time period." *Id.* at 3 n.2; *see also* Decl. of B. Arrowood, DE 3292-1 at ¶ 6.

The clause is "permissive, rather than mandatory, allowing either party to request arbitration." *See* Order Denying Arb., DE 3415 at 2; *also* Dep. Agreement ("If either you or we request, any dispute or claim concerning your account or your relationship with us will be decided by binding arbitration . . ."), DE 3292-15 at ¶ 25. Thus, for a party to invoke its arbitration rights, it must make a timely request to arbitrate. *See* DE 2224 at 2 (holding that under the permissive arbitration clauses, Wachovia must have "promptly demand[ed] to arbitrate"). As the Ninth Circuit noted in rejecting Wells Fargo's attempt to compel the members of a certified class to arbitrate, such a permissive arbitration clause "stands in contrast to the mandatory arbitration provision found in many consumer contracts, such as the provision in *Concepcion*." *Gutierrez v. Wells Fargo Bank*, 704 F.3d 712, 720 (9th Cir. 2012) (citing *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011)).

### B. Wachovia's Pre-*Concepcion* Pursuit of Litigation.

On November 6, 2009, this Court directed Wachovia to file all "merits and non-merits motions," including motions to compel arbitration. *See* DE 134; *also Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1276 (11th Cir. 2012). Nevertheless, Wachovia did not invoke arbitration. Instead, Wachovia and other banks moved to dismiss, a motion which this Court denied for the most part. *See* DE 217, 305.

In April 2010, this Court afforded Wachovia yet another opportunity to invoke arbitration by directing the Bank, if it so chose, to move to compel. *See* DE 360. The Bank responded that it did not intend to seek arbitration except possibly as to one recently added Plaintiff.[1] *See* DE 387; *also Garcia*, 699 F.3d at 1276. On May 21, 2010, Wachovia filed its answers and

---

[1] Wachovia asserted a vague "reservation of rights" as to "arbitration-related issues," but did not state that it intended pursue arbitration. DE 387. This "reservation of rights" conflicted with this Court's order. *See* DE 360 ("any party wishing to either join in or file a supplemental motion to compel arbitration shall do so on the time frame set forth herein").

2

affirmative defenses to the amended complaints. *See* DE 503, 504. Soon thereafter, the Court opened discovery and established litigation deadlines. *See* DE 463, 891. Substantial litigation ensued, during which Wachovia litigated the case as a major class action:

> For more than a year, the parties prepared their cases for trial. They engaged in extensive discovery: they served and answered interrogatories, produced approximately 900,000 pages of discovery documents, and took approximately 20 depositions. The parties also litigated several motions before the district court.

*Garcia*, 699 F.3d at 1276; *see also* DE 3415 at 5 (summarizing the "thousands of hours" spent by the parties, and substantial time spent by the Court; and found that if the Bank timely sought arbitration, "very little of this judicial effort would have been expended").

### C. **Wachovia's Post-*Concepcion* Conduct.**

On April 29, 2011, just after *Concepcion* was published, Wachovia first sought to compel arbitration against the named Plaintiffs. *See* DE 1384. The Bank claimed that seeking arbitration prior to *Concepcion* would have been futile. This Court (and subsequently the Eleventh Circuit) rejected this argument and found that Defendant, because of its own strategic litigation decisions and conduct, waived any right it may have once had to compel arbitration. DE 3415 at 5-9; *Garcia*, 699 F.3d at 1277-80. That motion and subsequent appeal delayed this case for a year-and-a-half.

Following the Eleventh Circuit's mandate, Wachovia once again fully embraced the litigation machinery. *See, e.g.*, DE 3191, 3193, 3194 (agreeing to revised scheduling and class certification deadlines), 3283, 3284, 3285, 3286, 3288, 3289, 3290 (opposing Plaintiffs' amended motions for class certification and moving to strike certain evidence).

Several months after remand, Defendant moved to enforce arbitration against the proposed classes which this Court denied on April 8, 2013. *See* DE 3292, 3415. On appeal, the Eleventh Circuit vacated that decision, held this Court lacked jurisdiction to resolve the question,

3

and the named plaintiffs lacked standing to defend that finding on appeal. *See Spears-Haymond v. Wells Fargo Bank, N.A.*, 780 F.3d 1031, 1034 (11th Cir. 2015).

Following the Eleventh Circuit's mandate in *Spears-Haymond*, and with the benefit of oral argument, this Court granted Plaintiffs' Motion for Class Certification on June 8, 2015. *See* DE 4180. On June 10, 2015, Wachovia filed another arbitration motion as to the absent class members. *See* DE 4183. On June 22, 2015, Wachovia filed a Motion for Reconsideration of the Class Certification Order. *See* DE 4186. On June 25, 2015, Plaintiffs filed their Motion to Defer Briefing and Ruling on Wachovia's Class Arbitration Motion, which the Court granted on June 29, 2015. *See* DE 4189, 4193.

On August 21, 2015, this Court denied reconsideration. *See* DE 4211. Defendant then petitioned the Eleventh Circuit for review pursuant to Rule 23(f). On December 1, 2015, the Eleventh Circuit denied the petition. *See* DE 4253. Thereafter, Plaintiffs sought leave to conduct limited, arbitration-specific discovery prior to responding to the Class Arbitration Motion, which this Court granted. *See* DE 4271, 4282. Following discovery, Plaintiffs filed their opposition to the Class Arbitration Motion. *See* DE 4294.

## II. DISCUSSION

In order to resolve the Class Arbitration Motion, this Court must first evaluate the scope of the Eleventh Circuit's decision in *Spears-Haymond*. Wachovia argues that *Spears-Haymond* bars the unnamed class members from advancing the argument that the Bank waived its arbitration rights. *See* DE 4183 at 7-8. Conversely, Plaintiffs argue that *Spears-Haymond* stands for the proposition that a decision as to class arbitration is one that is appropriately resolved only after class certification. *See* DE 4294 at 4-5. The Court agrees with Plaintiffs.

4

In *Spears-Haymond*, the Eleventh Circuit held that because the class had not yet been certified, there was no justiciable controversy between the Bank and the unnamed class members and thus this Court lacked jurisdiction to decide whether their claims were subject to arbitration. 780 F.3d at 1037. *Spears-Haymond* did not hold that a defendant can never waive arbitration rights as to class members, or that a defendant's pre-certification litigation activities are irrelevant to the waiver inquiry. The Eleventh Circuit did not address the key question – whether Defendant waived its arbitration rights as to the unnamed class members. *Spears-Haymond* expressly left the resolution of the unnamed class member waiver issue for another day. 780 F.3d at 1039 ("We can conceive of no reason why the unnamed putative class members could not seek preclusive effect for Wells Fargo's waiver of its right to compel arbitration of their own accord if and when they become part of the case"). Thus, now that the classes have been certified, the unnamed class members are entitled to argue that Defendant has waived its right to enforce arbitration.

### A.     <u>Wachovia Waived Its Arbitration Rights as to the Class Members.</u>

The Eleventh Circuit has set forth the following test for waiver of arbitration rights:

"First, [courts] decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (internal quotation marks omitted). A party acts inconsistently with the arbitration right when the party "substantially invokes the litigation machinery prior to demanding arbitration." *S & H Contractors*, 906 F.2d at 1514 (internal quotation marks and alterations omitted). "[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." *Ivax Corp.*, 286 F.3d at 1316 (internal quotation marks omitted). To determine whether the other party has been prejudiced, "we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514.

5

*Garcia*, 699 F.3d at 1277. This Court and the Eleventh Circuit previously held the named Plaintiffs satisfied the waiver test. The Court now applies the same test to the facts and circumstances of the class members.

### 1. The Bank Acted Inconsistently With Any Right to Arbitrate.

It is well-established that active and voluntary participation in litigation is inconsistent with arbitration. *See S & H*, 906 F.2d at 1514. This reflects Congress' intent that arbitrable disputes be moved "out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Among the FAA's central purposes is to encourage efficient and speedy dispute resolution. *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011); *also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (recognizing that "the costliness and delays of litigation . . . can be largely eliminated by [] arbitration"). This principle of the FAA would obviously be undermined if Wachovia were allowed to seek arbitration after availing itself of years of the judicial process. *See S & H*, 906 F.2d at 1514 (holding that a party ordinarily waives right to arbitrate if it "'substantially invok[es] the litigation machinery' prior to demanding arbitration") (quoting *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir. 1977)); *also Garcia*, 699 F.3d at 1277. This logic applies with equal force to the class, as it did to the named Plaintiffs.

As the Court and parties are well aware, these cases have been litigated throughout their eight-year duration as a major class action, not as a claim over a few hundred dollars of Plaintiffs' overdraft fees. Although the unnamed class members obtained official "party" status only when the certification order was entered, their class claims have driven these cases since they were filed. Throughout the litigation, Wachovia's activities have been geared toward defeating both the claims of the named Plaintiffs and those of the unnamed class members. *See, e.g.*, Wachovia's 2010 Requests for Production No. 36 (requesting "[a]ll documents that refer or

6

relate to any method of computation or quantification of the alleged damages sustained by any member of the putative class, or the putative class as a whole, as a result of the conduct and omissions alleged in the Complaint"); Wachovia's 2010 Requests for Production No. 38 (requesting "all documents that support the factual bases for the claims in the Complaint"), DE 4294-9. Many of the Bank's actions–such as the motion to dismiss, expert discovery, *Daubert* motions, and opposition to class certification–were geared toward defeating the claims of the class. Unquestionably, the vast bulk of litigation activity would not have occurred if only the modest claims of Plaintiffs were at stake. Thus, Defendant's conduct earlier in this case was inconsistent with an intent to arbitrate the claims at issue.

As summarized by the Eleventh Circuit in *Garcia*, Wachovia's activities have been "far more substantial" than the litigation conduct in *S & H*, where the defendant was found to have waived arbitration. *Garcia*, 699 F.3d at 1277-78. Wachovia's extensive pre-class certification use of the litigation machinery was applicable to both the claims of the named Plaintiffs and the class. Wachovia's suggestion that these efforts could only have been concerned with the named Plaintiffs, because the unnamed class members were not yet parties, is implausible and has been repeatedly rejected in similar contexts. *E.g., In re Cox*, 790 F.3d 1112 (10th Cir. 2015); *In re Citigroup, Inc.*, 376 F.3d 23 (1st Cir. 2004); *Edwards v. First Am. Corp.*, 289 F.R.D. 296 (C.D. Cal. 2012); *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237 (S.D.N.Y. 2005); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 320 F. Supp. 2d 1135 (D. Kan. 2004); *Milbourne v. JRK Residential Am., LLC*, 2016 WL 1071564 (E.D. Va. Mar. 15, 2016); *Kingsbury v. U.S. Greenfiber, LLC*, 2012 WL 2775022 (C.D. Cal. June 29, 2012); *Tennyson v. Santa Fe Dealership Acquisition II, Inc.*, 364 P.3d 1273 (N.M. Ct. App. 2015); *Elliott v. KB*

*Home N.C., Inc.*, 752 S.E.2d 694 (N.C. Ct. App. 2013), *cert. denied*, 135 S. Ct. 494 (2014); *Morgan v. AT&T Wireless Servs.*, 2013 WL 5034436 (Cal. Ct. App. Sept. 13, 2013).

In *In re Cox*, for example, the district court held that a defendant waived its arbitration rights as to class members based, in part, on its pre-certification litigation. 790 F.3d at 1115. On appeal, the defendant argued that its pre-certification activities could not be deemed inconsistent with its class member arbitration rights because such rights did not arise until the class was certified. *Id.* at 1119. The Tenth Circuit disagreed, finding the defendant's position to be "an improper attempt to artificially narrow the scope of waiver." *Id.* The court further held that because the defendant knew of the existence of the class member arbitration clauses when it "engaged in extensive discovery" and could have compelled arbitration against the named plaintiff or at least invoked arbitration against the absent class members at an earlier stage in the case, waiver had occurred as to the unnamed class members. *Id.*

Similarly, in *In re Citigroup*, the court rejected the defendant's argument that only litigation activities taking place after a class is certified may be considered in determining whether the defendant has waived arbitration rights as to the class members. 376 F.3d at 27. The court found that all litigation activities since the filing of the complaint were relevant to a class waiver analysis, explaining:

> When a defendant has failed to timely invoke its rights, and during that delay, the litigation has proceeded into discovery, it cannot, *particularly in the context of a class action*, claim that the class members subject to arbitration will not suffer prejudice. **Moreover, we must evaluate this argument in the context of the entire litigation, not a part of it.**

*Id.* at 28 (emphasis added).

In *In re Universal*, several defendants moved to compel arbitration of certain class members' claims after certification was granted. 320 F. Supp. 2d at 1137-38. Because the defendants waited many months after the named plaintiff was added to the case–all the while

8

invoking the litigation machinery in an attempt to secure a victory on the merits–the court found they had waived arbitration and explicitly rejected the argument that waiver as to a named plaintiff was not relevant to the class. *Id.* at 1140-42 (holding that (i) defendants knew from the outset the case was a class action and the named plaintiff intended to represent the class, (ii) "the court's waiver analysis applies with equal force to the unnamed class members," and (iii) defendants' motion to arbitrate with the class was a "woefully belated second bite at the apple").

Likewise, shortly after the court certified a class in *Kingsbury*, the defendant moved to compel arbitration against the named plaintiff and the absent class members. 2012 WL 2775022 at *1-2. Though it had voluntarily litigated the case for over four years, the defendant argued that it could not have invoked arbitration earlier because the class members had only recently been made parties. *Id.* at *6. The court rejected this argument, noting that it "ignores the realities of class-action litigation" and was undermined by the fact that the defendant knew since the inception of the case that the rights and interests of both the named plaintiff and the class were at stake. *Id.* As the court explained:

> to accept this argument would be to condone gamesmanship in the class certification process. A defendant could wait in the weeds and delay asserting its arbitration rights. It could file motions to dismiss, litigate the named plaintiff's legal theories, and oppose class certification motions. If and when a class is finally certified, the defendant could simply assert its arbitration rights and defeat certification of the previously-certified class. In the interests of the fair and efficient administration of justice, the Court cannot accept [defendant's] position.

*Id.* at *7.

State appellate courts are in accord. *E.g., Elliott*, 752 S.E.2d at 341 (finding waiver as to class members because defendant "had knowledge that the named Plaintiffs were litigating the Claims as a class action from the outset and were incurring substantial costs while doing so"); *Tennyson*, 364 P.3d at 1279 (finding waiver as to class members where defendant availed itself of "discovery rules that might not otherwise be available in arbitration" and "accessed judicial

processes by filing multiple dispositive motions below" despite the fact that its arbitration clause was in effect from the inception of the litigation); *Morgan*, 2013 WL 503436 at *7 (holding the "critical focus" in the waiver inquiry to be defendant's litigation conduct and that defendant's pursuit of pre-certification class discovery "was manifestly incompatible with a desire to engage in arbitration as to the named plaintiffs *and* the putative class members") (emphasis in original).

The courts' collective guidance is simple: when a defendant has a right to arbitrate it "'must do all it could reasonably have been expected to do to make *the earliest feasible determination* of whether to proceed judicially or by arbitration.'" *In re Cox*, 790 F.3d at 1119-20 (emphasis added and quoting *Stud & Components, Inc. v. American Eagle Design Build Studios, LLC*, 588 F.3d 963, 969 (8th Cir. 2009)). Because Wachovia choose to try to win the case on the merits by filing dispositive motions and obtaining discovery, all of which were geared primarily to defeating the claims of the class, it cannot now invoke arbitration against the unnamed class members.

Indeed, "[t]o give . . . a second bite at the very questions presented to the court for disposition squarely confronts the policy that arbitration may not be used as a strategy to manipulate the legal process." *National Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 776 (D.C. Cir. 1987); *see also Jones Motor Co., Inc. v. Chauffeurs, Teamsters and Helpers Local Union No. 633*, 671 F.2d 38, 43 (1st Cir. 1982) (Breyer, J.) ("to require that parties go to arbitration despite their having advanced so far in court proceedings before seeking arbitration would often be unfair, for it would effectively allow a party sensing an adverse court decision a second chance in another forum"). Courts do not "sanction such behavior; to do so would only encourage gamesmanship of this type in the future, resulting in the

further waste of judicial resources." *Edwards*, 289 F.R.D. at 307; *also Kingsbury*, 2012 WL 2775022, *8; *Elliott*, 752 S.E.2d at 703.

Since the start of this litigation, Wachovia has known these cases were styled as class actions and both the named Plaintiffs and unnamed class members were subject to a permissive arbitration clause. A timely motion to compel arbitration as to the named Plaintiffs would likely have had the effect of precluding a class action. This is not a speculative point. In instances where defendants filed for arbitration in accordance with this Court's deadlines, the claims of the class were upended. *E.g.*, *Barras v. Branch Banking & Trust Co.*, 685 F.3d 1269 (11th Cir. 2012); *Hough v. Regions Fin. Corp.*, 672 F.3d 1224 (11th Cir. 2012); *Buffington v. SunTrust Banks, Inc.*, 459 Fed. Appx. 855 (11th Cir. 2012); *Given v. M&T Bank*, 2013 WL 11319399 (S.D. Fla. Aug. 6, 2013); Order Compelling Arbitration in *Gordon v. Branch Banking & Trust Co.*, Case No. 1:09-cv-23067-JLK (S.D. Fla. Mar. 12, 2013), DE 3333. In one case, there was not even an appeal after this Court ordered the case to arbitration. *See* Order Compelling Arbitration in *Gulley v. Huntington Bancshares, Inc.*, Case No. 1:10-cv-23514-JLK (S.D. Fla. May 25, 2010), DE 514. Importantly, in each of these cases, the parties and the Court were able to avoid motions to dismiss, years of discovery and depositions, the use of experts, and even class certification. Wachovia's decision to undertake these litigation activities–rather than move for arbitration–was inconsistent with an intent to arbitrate against the class.[2]

---

[2] The Bank argues that it did provide earlier notice of its arbitration defense, both in its Answers (DE 503, 504) which reference "plaintiffs' agreements to resolve these disputes through arbitration" and a 2010 court filing stating that: "Wachovia does not know whether arbitration-related issues may arise in this proceeding in any other context, or with respect to any other accountholders, and Wachovia does not waive its rights with respect to such issues or persons." DE 387 at 2. Such loosely-worded "reservations of rights" do not excuse extensive litigation activities that are inconsistent with such rights. *In re Citigroup*, 376 F.3d at 27 (finding that litigation activities which occur after a defendant's mention of arbitration but before defendant moves to compel are properly considered in the waiver inquiry).

11

After Defendant chose litigation, rather than arbitration, the parties and this Court devoted enormous amounts of time and resources to cases, which were litigated in every way as major class actions. Wachovia cannot now rely on the unnamed class members' lack of official "party" status until 2015 to avoid the Court's rulings now that it may regret its choice to pursue litigation. *Cancer Research*, 821 F.2d at 776; *see also Allied Sanitation, Inc. v. Waste Mgmt. Holdings, Inc.*, 97 F. Supp. 2d 320, 331 (E.D.N.Y. 2000) (if "a court is faced with a case where the party attempting to invoke arbitration was truly responsible for seeking the proverbial second bite at the apple, it should bar the bite"); *also Newberg on Class Actions*, Vol. 1, § 1:5, 12-16 (5th ed. 2011). If the Court now ordered arbitration for the class, all of the time and effort of the parties, counsel, this Court, and the Eleventh Circuit that has been devoted to this case will have been almost entirely wasted. The result would be gross inefficiency. As such, Defendant's position conflicts with one the most fundamental tenets underlying class action practice and the FAA. *E.g., American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974) (noting principal purpose behind Rule 23 to promote "efficiency and economy of litigation"); *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 343 (recognizing central purpose of FAA and arbitration in general to streamline disputes).

Wachovia's suggestion that this Court should analyze the waiver issue in a vacuum, without considering the Bank's pre-certification attempts to win this case on the merits, is not supported by the law and is antithetical to both the basic purpose, and to the practical realities, of class actions under Rule 23. To accept Wachovia's position would be to render the concept of waiver in the class action context "an empty shell." *Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). This Court will not ignore the importance of Rule 23.

## 2. Significant Prejudice Will Result If Wachovia Is Allowed to Arbitrate.

Ordering the class to arbitrate at this stage would cause substantial prejudice. The Eleventh Circuit has recognized prejudice: (1) "'where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate,'" *Garcia*, 699 F.3d at 1278 (quoting *Morewitz*, 62 F.3d at 1366), and (2) where "'[t]he use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration.'" *Garcia*, 699 F.3d at 1278 (quoting *Stone*, 898 F.2d at 1543). The Eleventh Circuit already found both situations here as to the named Plaintiffs because they expended substantial time, effort, and money conducting the litigation and Wachovia benefited from discovery that would have been unavailable in arbitration. *Id.*

The findings of prejudice in *Garcia* apply equally in the context of the unnamed class members now. First, class counsel expended substantial time, effort, and money litigating on behalf of both the named Plaintiffs and the unnamed class members, expenses which would not have been incurred had Wachovia timely pursued its arbitration rights. *Garcia*, 699 F.3d at 1276, 1278. Wachovia's argument that the unnamed class members themselves have not been prejudiced because these fees and expenses were incurred prior to them being officially added as parties misses the mark.[3] Other courts have stressed that it is appropriate to consider not just the prejudice to class members, but also to the named plaintiffs and class counsel. *E.g., In re Cox*,

---

[3] The class would be obligated to pay class counsel an appropriate fee from any recovery. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). The actual work performed by class counsel is a factor to be considered when determining the appropriate fee. *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1202 (S.D. Fla. 2006) (listing the time and labor required by class counsel as a factor in determining appropriate fee). The amount of such work has climbed exponentially based on Defendant's litigation activities. Thus, the class may well be required to pay for work performed prior to class certification.

790 F.3d at 1118 (discussing the "great expense" incurred by the named plaintiff); *In re Citigroup*, 376 F.3d at 28 ("the waiver issue must be viewed through the lens of [defendant's] behavior and the detriment to the plaintiffs as a result of that behavior"); *Edwards*, 289 F.R.D. at 308 (finding prejudice because compelling class members to arbitrate would eliminate their opportunity to pursue claims in a class action as well as wasting class counsel's time and expenses, based on defendant's delay); *Tennyson*, 364 P.3d at 1279 (analyzing prejudice from "the perspective of named plaintiffs who sought to represent absent class members"). As the North Carolina Supreme Court found in *Elliott*:

> class-action litigation requires the named Plaintiffs to incur expenses litigating the Claims on behalf of the entire class, which the named Plaintiffs in this case have done for more than three years. Allowing [the defendant] to compel arbitration with respect to the unnamed class members would render the named Plaintiffs' efforts pursuing the class Claims meaningless. [The defendant] had knowledge that the named Plaintiffs were litigating the Claims as a class action from the outset and were incurring substantial costs while doing so.

752 S.E.2d at 701. Because Defendant's efforts to derail the class claims over years of litigation increased the fees and expenses for Plaintiffs and the class exponentially, Wachovia's delay in moving for arbitration against the individual Plaintiffs did prejudice the class.

Moreover, the discovery that Wachovia obtained when it was actively participating in litigation will benefit the Bank in any future arbitrations involving unnamed class members. For instance, Wachovia did extensive discovery of class damages expert Arthur Olsen, including written production requests and a lengthy deposition. *See* DE 3288-17 (excerpts from Olsen deposition); DE 3290 at 7 (Wachovia acknowledging requesting work product from Olsen and taking his deposition). Wachovia was thus informed as to how its own data could be used to calculate damages. *See generally* DE 3288-17. This discovery, which would not have been available in arbitration, would be useful in any future arbitration proceedings against the class members. Wachovia also sought information and documentation regarding the evidence upon

14

which Plaintiffs will rely to prove their claims. *See, e.g.*, Wachovia's Requests for Production No. 38 (requesting "all documents that support the factual bases for the claims in the Complaint"). Wachovia has gained substantial benefits through this litigation that may be used against the class members if they are forced to arbitrate.

Wachovia's litigation activities over several years have prejudiced the interests of the unnamed class members in the same way the Eleventh Circuit found it had prejudiced the named Plaintiffs. *Garcia*, 699 F.3d at 1279; *also In re Cox*, 790 F.3d at 1118 (finding prejudice to class because defendant "'made ample use of every discovery device available'") (quote omitted); *In re Citigroup*, 376 F.3d at 28. Accordingly, the Court finds that Wachovia has waived any right it may have once had to compel the class to arbitrate.

### B. Certification of a Class Does Not Undo Wachovia's Waiver.

Wachovia's Class Arbitration Motion implicitly suggests that this Court's class certification order somehow nullifies the Bank's prior waiver of its arbitration rights. Such a finding is inconsistent with precedent from the Eleventh Circuit on this issue. The Eleventh Circuit has held that a party's waiver of its arbitration rights can be nullified in limited circumstances, namely by the filing of an amended complaint that unexpectedly changes the scope or theory of the plaintiff's claims, or by asserting new claims that were not previously a part of the case. *E.g., Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011); *Collado v. J&G Transp., Inc.*, 820 F.3d 1256, 1260-61 (11th Cir. 2016).

*Krinsk* made clear that a defendant's waiver should not be nullified, and there will be no revival of arbitration rights, when the plaintiff merely files an amended complaint that does not unexpectedly expand the scope of the litigation. *Id.* at 1203. *Krinsk* found the amended complaint in that case was not "immaterial" because the new class definition:

> greatly broadened the potential scope of this litigation by opening the door to thousands – if not tens of thousands – of new class plaintiffs not contemplated in the original class definition by discarding the old definition's limits on the class plaintiffs' age and on the bases for their HELOC suspensions, and by expanding the class period from over three months to over three years.

*Id.* The court found that the "vast augmentation of the putative class" altered the litigation such that SunTrust should have been allowed to rescind its waiver. *Id.* at 1204.

In *Collado*, the Eleventh Circuit found that the defendant had not waived its arbitration rights as to the newly asserted state law claims because the defendant's waiver of the right to arbitrate the FLSA claim did not "extend to the state law claims that were pleaded for the first time after J&G had litigated to the point of waiver the FLSA claim." 820 F.3d 1261. The court made clear that "a defendant will not be held to have waived the right to insist that previously unasserted claims be arbitrated once they are asserted." *Id.*

Here, the certification of the class has not changed the scope or theory of the case. As addressed above, these cases have always been treated by all parties as a major class litigation. The case now, after class certification, raises the same claims, under the same theories, that have been asserted since 2008. The certification of the class does not undo Wachovia's waiver of its arbitration rights.

### C. Wachovia's Motion Is Untimely.

Wachovia's Class Arbitration Motion should also be denied because it is untimely. Courts have the inherent authority to adopt arbitration-related deadlines. *See Garcia*, 699 F.3d at 1277. Such deadlines further the efficiency-related goals of the FAA. *Concepcion*, 563 U.S. at 343 (Congress intended for the FAA "to facilitate streamlined proceedings" and promote "the efficient and expeditious resolution of claims"). The authority of this Court to set deadlines and otherwise efficiently manage the litigation is particularly critical because this is an MDL proceeding. *See* DE 2224 at 6-7.

Here, this Court twice entered orders commanding defendants, including Wachovia, to assert any arbitration rights. DE 134, 360. Nonetheless, Wachovia twice declined to move for arbitration. In response to the second order, Wachovia even confirmed that it did *not* seek arbitration against anyone except possibly one newly added Plaintiff. DE 387; *see also* DE 2224 at 5 (holding that Bank "affirmatively decided not to assert arbitration by the deadlines established by the Court").

Wachovia suggests that these orders only set deadlines for arbitration motions against the named Plaintiffs, as opposed to the unnamed class members. However, the language of the orders is not so confined. Indeed, the second order broadly commands that "any party wishing to either join in or file a supplemental motion for arbitration shall do so on the time frame set forth herein." *See* DE 360. This Court did not make any exceptions or give any indication that this directive applied solely to named Plaintiffs.[4] Indeed, given that the arbitration clause at issue is the *same* for the named Plaintiffs and *all* unnamed class members, there is no good cause for Wachovia's failure to comply with these deadlines. *See* DE 4183 at 3 n.2 (admitting arbitration clause is the same for named Plaintiffs and unnamed class members). The Bank's position that it could not have moved earlier because the unnamed class members are not technically parties *prior to* certification is fatally undercut not only by precedent, but also by the fact that the Bank *did* file an arbitration motion as to the unnamed class members *prior to* certification. *See* DE 3292 (conditionally motion for arbitration against unnamed class members). The *Spears-Haymond* decision held only that a *decision* on arbitration as to the class had to await

---

[4] The failure to make such a distinction is not surprising given that Federal Rule 23 empowers courts to protect class members' rights prior to certification. *E.g.*, Fed. Judicial Ctr., *Manual for Complex Litig.* § 21.12 (4th ed. 2004); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) ("a nascent interest attaches to the proposed class upon the filing of a class complaint").

17

certification, not that this Court could not demand an earlier notice of Wachovia's intentions. Further, for similar reasons addressed above as to waiver, Wachovia's failure to timely seek arbitration as to the named Plaintiffs does implicate the class. Because Wachovia's motion has been filed long after the deadlines established by this Court, it is untimely and must be denied.

### III. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Wachovia Bank, N.A.'s Motion to Dismiss All Claims of Unnamed Class Members in Favor of Arbitration **(DE 4183)** filed by Defendant Wachovia Bank, N.A. be, and the same is hereby, **DENIED**.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Courthouse, Miami-Dade County, Florida, this 17th day of October, 2016.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record