**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

---

THIS DOCUMENT RELATES TO:
FIRST TRANCHE ACTIONS

*Garcia, et al. v. Wachovia Bank, N.A.*
*and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:08-cv-22463-JLK

*Spears-Haymond v. Wachovia Bank, N.A.*
*and Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-21680-JLK
N.D. Cal. Case No. 08-4610

*Dolores Gutierrez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23685-JLK
D. Or. Case No. 3:09-cv-01239-ST

*Martinez v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23834
D.N.M. Case No. 6:09-cv-01072-GBW-ACT

*Zankich, et al. v. Wells Fargo Bank, N.A.*
S.D. Fla. Case No. 1:09-cv-23186-JLK
W.D. Wash. Case No. C-08-1476-RSM

---

**MOTION TO ENJOIN APPROVAL OF *JABBARI* SETTLEMENT (IF NECESSARY)**

Plaintiffs, the appointed class representatives in these certified class actions pending

against Wells Fargo Bank, N.A. and Wachovia Bank, N.A., move, through appointed Class

Counsel, for the entry of an Order enjoining Defendants from proceeding with a proposed class

action settlement of a case in the Northern District of California which would potentially release some overlapping claims or damages of the certified classes in this MDL.  Class Counsel filed an objection in that case, *Jabbari v. Wells Fargo Co., et al.*, Case No. 3:15-cv-02159-VC (N.D. Cal.), and the Hon. Vince Chhabria has indicated that he is tentatively persuaded by the objection.  *See* Exhibits A (the objection) and B (Judge Chhabria's Order).

Nevertheless, we are filing this motion in an abundance of caution, and in furtherance of Class Counsel's duty to protect the rights of the certified classes and this Court's interest in not having a defendant breach this Court's primary jurisdiction over class claims that it has already certified in this MDL.  Depending upon the result of the preliminary approval hearing in *Jabbari*, currently scheduled for May 18, 2017, Plaintiffs may need to request a hearing before this Court on this motion for entry of an injunction under the All Writs Act.

## BACKGROUND

On June 8, 2015, this Court entered two orders certifying classes of Wells Fargo and Wachovia bank customers.  [**DE # 4180, 4181**].  As the Court is quite familiar, those orders followed extensive litigation and numerous appeals over an eight-year period in this MDL.[1]

The *Jabbari* case, in contrast, is still in its relative infancy.  The *Jabbari* complaint has absolutely nothing to do with the assessment of overdraft fees or the resequencing of debit transactions, which are the subject matter of the certified class actions in this MDL.  It focuses, instead, on the claims of account-holders who were damaged by Wells Fargo's creation of fake

---

[1] The procedural history of the cases against Wells Fargo and Wachovia in this MDL includes this Court's Orders denying for the most part the banks' initial motion to dismiss [**DE # 305**], resolving multiple discovery disputes between the parties [**DE # 691, 907, 909, 1033, 1089**], denying the banks' untimely motion to compel arbitration against the named Plaintiffs [**DE # 3415**], granting Plaintiffs' motions for class certification [**DE # 4180, 4181**], and most recently, denying the banks' motions to compel arbitration against the absent class members [**DE # 4319, 4320**].  Those Orders remain on appeal, during the pendency of which this Court has issued a "*Blinco*" stay.  [**DE # 4325**].

bank accounts without their customers' knowledge or consent.  The complaint asserts various statutory claims, including claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), consumer fraud, and unjust enrichment against Wells Fargo.  It does not mention the term "overdraft fee."  Several months into that litigation, Judge Chhabria granted Wells Fargo's motions to compel arbitration and dismissed the operative complaint.

During the pendency of the *Jabbari* plaintiffs' appeal, the parties commenced settlement discussions and reached an agreement in principle.  Following the announcement of Wells Fargo settling with several different regulators over the highly publicized fake-accounts scheme, which obligated Wells Fargo to refund certain fees to customers for a period between 2011 and 2015, the bank initially reached a $110 million class settlement with the *Jabbari* plaintiffs on March 25, 2017.  Subsequently, the parties extended the class period back to May 1, 2002, and increased the settlement amount to $142 million.

Class Counsel in this case learned of the *Jabbari* settlement though news reports of the filing of a motion for preliminary approval on April 20, 2017.  A review of the proposed release that Wells Fargo negotiated in the settlement agreement revealed that it is unduly broad and appears to potentially compromise in part the claims or damages of overlapping class members in this MDL.  *See* Exhibit C (*Jabbari* release, especially § 1.18 (mentioning "overdraft fees"), § 2.47 (defining "Released Claims"), § 2.48 (defining "Released Parties"), § 2.51 (class definition)).

Upon learning that Judge Chhabria had set a preliminary approval hearing on a short schedule, Class Counsel promptly alerted Wells Fargo's counsel of the potential problem the release posed for the certified classes here.  *See* Exhibit D (May 11, 2017 letter).  During an ensuing meet-and-confer conference, the bank's *Jabbari* counsel rejected Class Counsel's

requests for either a modification of the release to exclude claims and damages of the certified classes in MDL 2036 or the filing of a written representation before Judge Chhabria (and this Court) that Wells Fargo would never assert that the *Jabbari* release compromised any claims or offset any of its exposure in MDL 2036.   As a result, Class Counsel filed an objection to preliminary approval in *Jabbari*.  *See* Exhibit A.  The motion pointed out that the class periods in that case and this MDL overlap and that the language in the release, "all claims . . . that . . . could have been asserted" in *Jabbari*, could be read to release Wells Fargo from some MDL class members' claims or damages.  The motion also pointed out that this problem was compounded by the proposed notice program in *Jabbari*, pursuant to which much of the *Jabbari* class, as defined, would not receive direct notice of that settlement.

After receiving the objection, and several others, Judge Chhabria entered an order which, among other things, expressed his tentative view that the release is overbroad:

> The Court is tentatively inclined to reject the phrase "could have been asserted" in the release, as it seems to be unnecessary and may cause confusion.  The Court is also tentatively of the view that the overdraft claims being asserted in MDL No. 2036 should be carved out of the release.

Exhibit B, ¶ 8.  The court then asked the parties in *Jabbari* to brief whether these tentative views would require the court to reject the proposed settlement.  *Id*.  Class counsel have scheduled another conference with Wells Fargo's *Jabbari* counsel to address whether Judge Chhabria's order has changed the bank's earlier position.

Class Counsel plan to attend the May 18, 2017 preliminary approval hearing in San Francisco in *Jabbari* and will report back to this Court whether any developments there render the need for the relief requested in this motion moot.

**ARGUMENT**

4

Wells Fargo's actions in *Jabbari* threaten to usurp this Court's authority to adjudicate the long-pending, certified class action claims pending against it and Wachovia here. If Judge Chhabria does not reject the overbroad release language in the *Jabbari* settlement, then this Court should assert the authority entrusted to it by the Judicial Panel on Multidistrict Litigation ("JPML") to superintend and govern the litigation of the claims arising from the subject matter of this MDL against Wells Fargo and Wachovia.

We do not belabor here the legal authority which empowers this Court to take the requested action. This Court has exercised that authority before in this MDL when another bank threatened to circumvent this Court's primary jurisdiction. *See In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313 (S.D. Fla. 2012) (entering All Writs Act injunction against BancorpSouth, Inc.).

The All Writs Act, 28 U.S.C. § 1651, authorizes district court judges to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." As shown in *In re Managed Care Litigation*, 236 F. Supp. 2d 1336 (S.D. Fla. 2002), the All Writs Acts was designed for just this type of situation where the proposed release of claims in another judicial district would interfere with the Court's disposition of those same claims. *Cf. Smith v. Bayer Corp.*, 564 U.S. 299, 317 (2011) ("we would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute"); *In re Bank of Am. Wage & Hour Emp't Litig.*, 740 F. Supp. 2d 1207, 1209 (D. Kan. 2010) (enjoining issuance of class settlement notice in a competing case pending outside that MDL).

Furthermore, the cases in this MDL, *Garcia*, *Spears-Haymond*, *Gutierrez*, *Zankich*, and *Martinez*, are the first-filed cases against Wells Fargo pertaining to overdraft fees. Yet the

proposed *Jabbari* release threatens to potentially encompass some of the claims and damages asserted by the certified MDL classes.  Under the "first-to-file rule," the entire action should generally be decided by the court in which the action was first filed.  *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135-36 (11th Cir. 2005); *Smith v. S.E.C.*, 129 F.3d 256, 361 (6th Cir. 1997); *Cadle v. Whataburger of Alice, Inc.,* 174 F.3d 599, 606 (5th Cir. 1999); *Mann Mfg. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971).  Given that Wells Fargo is about to use a wholly unrelated case about the unlawful creation of fake accounts to potentially release certain overdraft fee claims before this Court, the first-filed doctrine underscores this Court's primacy over this issue.

## CONCLUSION

Neither Class Counsel nor this Court can risk that the proposed *Jabbari* class settlement, with its current overbroad release, secures court approval.  This Court was chosen by the JPML to preside over these cases almost eight years ago.  No Court has more experience or a better understanding of the issues involved, or how best to adjudicate them.  In the event that Judge Chhabria does not reject the settlement, this Court should act to preclude Wells Fargo's direct attempt to undermine this Court's authority granted by the JPML.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I hereby certify that Class Counsel for the certified classes in *Garcia*, *Spears-Haymond*, *Gutierrez*, *Zankich*, and *Martinez* have conferred with counsel for Wells Fargo, by letter and telephone on multiple occasions, regarding the issues raised in this motion.  Wells Fargo does not consent to the relief sought herein.


Dated: May 17, 2017.

Respectfully submitted,

/s/ Aaron S. Podhurst
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
Robert C. Josefsberg, Esquire
Florida Bar No. 40856
rjosefsberg@podhurst.com
Peter Prieto, Esquire
Florida Bar No. 501492
pprieto@podhurst.com
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
PODHURST ORSECK, P.A.
One SE 3rd Avenue
Suite 2700
Miami, FL 33131
Tel: 305-358-2800
Fax: 305-358-2382

/s/ Bruce S. Rogow
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
BRUCE S. ROGOW, P.A.
100 Northeast 3rd Avenue
Suite 1000
Fort Lauderdale, FL 33301
Tel: 954-767-8909
Fax: 954-764-1530

*Co-Lead Class Counsel*

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-384-7270

*Coordinating Class Counsel*

*/s/ E. Adam Webb*
E. Adam Webb, Esquire
Georgia Bar No. 743910
Adam@WebbLLC.com
Matthew C. Klase, Esquire
Georgia Bar No. 141903
Matt@WebbLLC.com
G. Franklin Lemond, Jr., Esquire
Georgia Bar No. 141315
FLemond@WebbLLC.com
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E.
Suite 480
Atlanta, GA 30339
Tel: 770-444-9325
Fax: 770-217-9950

*/s/ Michael W. Sobol*
Michael W. Sobol, Esquire
California Bar No. 194857
msobol@lchb.com
Roger N. Heller, Esquire
California Bar No. 215348
rheller@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: 415-956-1000
Fax: 415-956-1008

*/s/ Russell W. Budd*
Russell W. Budd, Esquire
Texas Bar No. 03312400
rbudd@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1181

*/s/ David S. Stellings*
David S. Stellings, Esquire
New York Bar No. 2635282
dstellings@lchb.com
LIEFF CABRASER HEIMANN &
  BERNSTEIN L.L.P.
250 Hudson Street
8th Floor
New York, NY  10013
Tel: 212-355-9500
Fax: 212-355-9592

*/s/ Ruben Honik*
Ruben Honik, Esquire
Pennsylvania Bar No. 33109
rhonik@golombhonik.com
Kenneth J. Grunfeld, Esquire
Pennsylvania Bar No. 84121
kgrunfeld@golombhonik.com
GOLOMB & HONIK, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: 215-985-9177
Fax: 215-985-4169

*/s/ Ted E. Trief*
Ted E. Trief, Esquire
New York Bar No. 1476662
ttrief@triefandolk.com
Barbara E. Olk, Esquire
New  York Bar No. 1459643
bolk@triefandolk.com
TRIEF & OLK
150 E. 58th Street
34th Floor
New York, NY 10155
Tel: 212-486-6060
Fax: 212-317-2946

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-MD-02036-JLK**

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stephen F. Rosenthal
Stephen F. Rosenthal, Esquire
Florida Bar No. 0131458
srosenthal@podhurst.com
PODHURST ORSECK, P.A.
One SE 3rd Avenue
Suite 2700
Miami, FL 33131
Tel: 305-358-2800
Fax: 305-358-2382