UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT OVERDRAFT
LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:
FOURTH TRANCHE ACTION

*Harris v. Associated Bank, N.A.*
W.D. Wis. Case No. 3:10-cv-182-BBC
S.D. Fla. Case No. 1:10-cv-22948-JLK

**JOINT STIPULATION AND PROPOSAL FOR PHASE II DISTRIBUTION OF SETTLEMENT FUNDS TO PARTICIPATING SETTLEMENT CLASS MEMBERS**

Settlement Class Counsel and Associated Bank, N.A. ("Associated Bank") submit this stipulation and proposal for a complete and final distribution of all remaining settlement funds in the Action:[1]

1. On August 2, 2013, this Court granted Final Approval to the Settlement with Associated Bank. (DE # 3576). On August 5, 2013, the Court entered Final Judgment incorporating the Final Approval Order. (DE # 3577). The Settlement included a Settlement Fund of $13,000,000 to be used to pay: (i) all distributions to eligible Settlement Class Members who do not opt-out of the Settlement; (ii) all Court-awarded attorneys' fees, costs and expenses of Class

---

[1] All capitalized terms have the same meaning ascribed to them in the Settlement Agreement and Release and Amendment to Settlement Agreement and Release (collectively, the "Agreement") attached to the Amended Motion for Final Approval (DE # 3472-1 and 3472-2) and the Final Approval Order (DE # 3576).

Counsel; (iii) all Court-awarded Service Awards to the Plaintiffs; (iv) payment of expenses resulting from investing the Settlement Fund, if any; (v) all invoices of the Tax Administrator to perform tax-related services for the Escrow Account; (vi) any and all Taxes; (vii) additional fees, costs and expenses not specifically enumerated in the Agreement, subject to agreement and approval of Settlement Class Counsel and counsel for Associated Bank and the Court; and (viii) disposition of residual funds after distribution of payments to Settlement Class Members. (Agreement ¶ 52). In addition to the Settlement Fund, Associated Bank was obligated to pay: (i) the costs of Notice to the Settlement Class and for the services of the Notice Administrator; and (ii) the Settlement Administrator's fees and costs in connection with the implementation and administration of the Settlement. (Agreement ¶ 53).

2. Pursuant to the Agreement (Section XIII), Associated Bank and the Settlement Administrator timely distributed Settlement Class Member Payments from the Net Settlement Fund to eligible Settlement Class Members (the "Phase I Distribution"). *See* Declaration of Kevin Skenandore ¶¶ 3-7 attached as Exhibit 1 ("Admin. Decl."). Associated Bank issued credits to 80,273 Accounts of eligible Current Account Holders in the aggregate amount of $3,216,510.68. *Id*. at ¶ 6. The Settlement Administrator caused to be mailed a total of 153,423 checks in the aggregate amount of $5,642,227.70 to eligible Past Account Holders as well as those eligible Current Account Holders for whom it was not feasible to issue credits to their Accounts. *Id*. at ¶ 7. The Settlement Administrator made reasonable efforts to locate proper addresses for all eligible Settlement Class Members whose Phase I Distribution checks were not mailed due to undeliverable addresses and/or were returned by the United States Postal Service ("USPS") as undeliverable, and re-mailed those checks to updated addresses, if obtained. *Id*. at ¶¶ 9-10.

3. Following the void date for all Phase I Distribution checks, the Settlement Administrator voided all checks that had not been negotiated and completed a formal reconciliation of the Settlement Fund. Admin. Decl. at ¶ 13. The residual balance remaining in the Settlement Fund is currently $1,067,765.84. *Id*. at ¶ 15, This balance includes: (a) the amount associated with returned Phase I Distribution checks that were mailed to eligible Settlement Class Members but were returned by the USPS as undeliverable; (b) the amount associated with Phase I Distribution checks that could not be mailed to eligible Settlement Class Members because the Settlement Administrator was unable to locate reasonably reliable addresses; and (c) the amount associated with Phase I Distribution checks that were mailed and not returned by the USPS, but not timely negotiated by Settlement Class Members. *Id*. at ¶ 13.

4. The Agreement provides that any residual funds remaining one year and thirty (30) days after the date the Settlement Administrator mails the first Settlement Class Member Payment shall be distributed (a) first, to Associated Bank to reimburse it for the actual amounts paid by Associated Bank to the Settlement Administrator or Notice Administrator for costs of Class Notice and Settlement Administration ("Settlement Notice and Administration Costs"); (b) second, any remaining funds shall be distributed on a *pro rata* basis to participating Settlement Class Members who received Settlement Class Member Payments pursuant to Section XIII of the Agreement, to the extent feasible and practical in light of the costs of administering such subsequent payments unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair or (c) third, if the costs of preparing, transmitting and administering subsequent payments to participating Settlement Class Members who received Settlement Class Member Payments are not feasible and practical to make individual distributions economically viable, or other specific

3

reasons exist that would make such further distributions impossible or unfair, Settlement Class Counsel and counsel for Associated Bank shall jointly propose a plan for distribution of the residual funds consistent with the American Law Institute, *Principles of Aggregate Litigation* § 3.07(c), and will file the plan for the Court's consideration. After consultation with the Parties, the Court shall have the discretion to approve, deny, amend or modify, in whole or in part, the proposed plan for distribution of the residual funds in a manner consistent with the American Law Institute, *Principles of Aggregate Litigation* § 3.07(c). The residual funds shall not be used for any litigation purpose or to disparage any Party. (Agreement ¶ 89).

5. The Agreement also provides that all costs associated with the disposition of residual funds – whether through additional distributions to Settlement Class Members or through an alternative plan approved by the Court – shall be borne by and paid from the Settlement Fund. Under no circumstances shall Associated Bank have responsibility for any costs associated with the disposition of residual funds whether through additional distributions to Settlement Class Members and/or through an alternative plan approved by the Court. (Agreement ¶ 89(d)).

6. The Settlement Administrator has determined that the total amount of Settlement Notice and Administration Costs paid by Associated Bank was $497,813.80. Of this total amount, $463,290.64 was reimbursed to Associated Bank on March 16, 2016. Admin. Decl. at ¶ 16.

7. Settlement Class Counsel and Associated Bank have conferred with each other, and with the Settlement Administrator, and agree that, after reimbursement to Associated Bank for Settlement Notice and Administration Costs, it is feasible and practical to distribute the residual funds remaining in the Settlement Fund, on a *pro rata* basis, to Settlement Class Members who participated in the Phase I Distribution by accepting Settlement Class Member Payments (the "Phase II Distribution"). For purposes of the Phase II Distribution, Settlement Class Members

4

will be eligible to receive a *pro rata* distribution provided: (a) they participated in the Phase I Distribution by receiving Settlement Class Member Payments through a credit to their Accounts or by timely negotiating their Phase I Distribution checks; <u>and</u> (b) the *pro rata* amount of their Phase II Distribution will be equal to or greater than Five Dollars ($5.00).

8. The Settlement Administrator has determined that, applying the foregoing criteria, 61,270 Settlement Class Members will be eligible to receive Phase II Distribution checks. Admin. Decl. at ¶ 18. The Settlement Administrator has determined that the fixed fees and costs associated with undertaking and administering a Phase II Distribution to 61,270 eligible Settlement Class Members based on the foregoing criteria will be $81,563. *Id*. at ¶ 19.

9. Settlement Class Counsel and Associated Bank request that the Court find that, for purposes of the Phase II Distribution, Settlement Class Members are eligible to receive a *pro rata* amount of the Phase II Distribution provided that: (a) they participated in the Phase I Distribution by receiving Settlement Class Member Payments through a credit to their Accounts or by timely negotiating their Phase I Distribution checks; <u>and</u> (b) the *pro rata* amount of their Phase II Distribution checks will be equal to or greater than Five Dollars ($5.00).

10. Settlement Class Counsel and Associated Bank request that the Court find that eligible Settlement Class Members who could not be located by the Settlement Administrator during the Phase I Distribution, despite reasonable address tracing efforts and/or re-mailing, or who did not timely negotiate their Phase I Distribution checks, are not eligible to participate in the Phase II Distribution.

11. Settlement Class Counsel and Associated Bank request that the Court authorize and direct the Settlement Administrator to update addresses and mail Phase II Distribution checks to all eligible Settlement Class Members following the calculation of the *pro rata* amount of the

Phase II Distribution, and that all Phase II Distribution checks have a void date of ninety (90) days from the date of issuance.

12.     Settlement Class Counsel and Associated Bank request that, upon expiration of the ninety (90) day void period for all Phase II Distribution checks, the Settlement Administrator void all un-cashed checks and perform a final bank reconciliation to determine the total amount of residual funds from the Phase II Distribution that remain undistributed to eligible Settlement Class Members, after payment of all administrative fees, costs and expenses associated with the Phase II Distribution.

13.     Following completion of the Phase II Distribution and the final reconciliation, Settlement Class Counsel and Associated Bank stipulate and propose that the Court approve use of an unclaimed property and escheatment process for the balance of residual funds remaining after conclusion of the Phase II Distribution.  The Settlement Administrator has used the unclaimed property method in administering residual funds for numerous class action settlements and believes it to be an appropriate and efficient method to handle the anticipated residual funds remaining following completion of the Phase II Distribution.  Admin. Decl. at ¶ 20.

14.     The unclaimed property and escheatment process will be handled by the Settlement Administrator based on the Phase II Distribution amounts that are not paid.  The Settlement Administrator will hold whatever amount of funds remain in the Settlement Fund following completion of the Phase II Distribution process for a period of three (3) to five (5) years, depending on and as required by the applicable state laws.  During those time periods, eligible Settlement Class Members who did not timely negotiate their Phase II Distribution checks will be able to contact the Settlement Administrator to request re-issuance of their funds.  At the end of the time periods, the Settlement Administrator will forward the remaining amounts and the names,

addresses and individual Phase II Distribution award amounts to the appropriate authorities in all applicable states. The state authorities will then hold such funds in their unclaimed property accounts for the period of time required by law, during which time the eligible Settlement Class Members will be entitled to contact their respective state authorities to claim their property. Following expiration of the period of time required under the laws of each state, all unclaimed funds will escheat to the respective states. The Settlement Administrator has determined that the fixed fees and costs associated with undertaking and administering the unclaimed property and escheatment process will be $82,943. Admin. Decl. at ¶ 22.

15.     Under the Agreement, all costs incurred in connection with the disposition of any residual funds are to be paid from the Settlement Fund. (Agreement ¶ 89(d)). Therefore, Settlement Class Counsel and Associated Bank stipulate and agree that all administrative fees and costs associated with Phase II Distribution and the unclaimed property and escheatment process for the balance of residual funds following conclusion of the Phase II Distribution, shall be paid from the Settlement Fund. Associated Bank shall not be obligated, under any circumstances, to pay any additional amounts in connection with this Settlement to any Settlement Class Members, the Settlement Administrator, Settlement Class Counsel or any other person or entity.

In summary, based on the foregoing stipulation, Settlement Class Counsel and Associated Bank stipulate and propose the following for the Court's consideration:

A.      That the Settlement Administrator be directed to thereafter prepare and undertake: (i) reimbursement of $34,523.16 to Associated Bank for Settlement Notice and Administration Costs paid since March, 2016; and (ii) a Phase II Distribution, on a *pro rata* basis, by issuing and mailing checks to all eligible Settlement Class Members, except as excluded below in

subparagraph (C), on a date to be determined by the Settlement Administrator, in consultation with Settlement Class Counsel and Associated Bank;

B.     That the amount of the Phase II Distribution consists of the residual balance, less Phase II Distribution administrative fees and costs in the total amount of $81,563, and fees and costs of $82,943 associated with the unclaimed funds and escheatment of the residual balance following completion of the Phase II Distribution process;

C.     That the following categories of Settlement Class Members shall <u>not</u> be eligible to receive a Phase II Distribution: (a) Settlement Class Members whose Phase I Distribution were not mailed because the Settlement Administrator was unable to obtain valid updated addresses following reasonable effort and expense; (b) Settlement Class Members whose Phase I Distribution checks were mailed and returned by the USPS, where the Settlement Administrator was unable to obtain updated addresses believed to be valid following reasonable effort and expense; (c) Settlement Class Members whose Phase I Distribution checks were mailed and not returned by the USPS and who failed to timely negotiate such checks; and (d) Settlement Class Members whose Phase II Distribution checks would be less than a minimum threshold amount of Five Dollars ($5.00);

D.     That the checks to be issued as part of the Phase II Distribution have an expiration date of ninety (90) days following issuance, and that the Settlement Administrator be authorized to re-issue and/or re-mail Phase II Distribution checks one time only that will be valid for thirty (30) days from the date of reissuance, provided the Phase II Distribution checks requested to be re-issued are returned as undeliverable within thirty (30) days of issuance or the Settlement Class Member contacts the Settlement Administrator within thirty (30) days after issuance of the Phase II Distribution checks to request re-issuance;

   E. That any and all residual amounts remaining following the Phase II Distribution be treated as unclaimed funds pursuant to the laws of the states where such Phase II Distribution Settlement Class Members are domiciled, that the Settlement Administrator handle the unclaimed funds and escheatment process and that calculation of the unclaimed funds and escheatment be based upon the undeliverable and uncashed distribution checks from Phase II Distribution; and

   F. That all costs associated with the effort to undertake and complete the Phase II Distribution and the unclaimed funds and escheatment process following completion of the Phase II Distribution shall be paid solely from and out of the Settlement Fund.  Associated Bank shall not be required, under any circumstances, to pay any additional amounts in connection with this Settlement to any Settlement Class Member, the Settlement Administrator, Class Counsel or third parties associated with the Phase II Distribution, the unclaimed funds and escheatment process and any ancillary matters addressed in this stipulation.

   A proposed Order is attached as Exhibit 2.

   September 4, 2018.

             Respectfully submitted,

/s/ *Robert C. Gilbert*
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
GROSSMAN ROTH YAFFA
 COHEN, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666

/s/ *Lucia Nale*
Lucia Nale (Admitted Pro Hac Vice)
lnale@mayerbrown.com
Debra Bogo-Ernst (Admitted Pro Hac Vice)
dernst@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: No. (312) 782-0600

*Attorneys for Associated Bank, N.A*.

<u>/s/ *Aaron S. Podhurst*</u>
Aaron S. Podhurst, Esquire
Florida Bar No. 063606
apodhurst@podhurst.com
PODHURST ORSECK, P.A.
SunTrust International Center
1 S.E. 3rd Avenue, Suite 2700
Miami, FL 33131
Tel: 305-358-2800


<u>/s/ *Bruce S. Rogow*</u>
Bruce S. Rogow, Esquire
Florida Bar No. 067999
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
100 Northeast Third Avenue
Suite 1000
Fort Lauderdale, FL  33301
Tel: 954-767-8909

*Settlement Class Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

C<small>ASE</small> N<small>O</small>. 09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

### CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Robert C. Gilbert*
Robert C. Gilbert, Esquire
Florida Bar No. 561861
GROSSMAN ROTH YAFFA
   COHEN, P.A.
2525 Ponce de Leon Boulevard
Eleventh Floor
Coral Gables, FL 33134
Tel: 305-442-8666