UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

THIS DOCUMENT RELATES TO:

*Dasher v. RBC Bank (USA) and Avery v. RBC Bank (USA)*
S.D.FLA Case No. 1:10-CV-22190-JLK

*Avery v. RBC Bank*
E.D.N.C. Case No. 5:10-329

**RESPONSE TO OPPOSITION TO MOTION FOR AN APPLICATION FOR AWARD OF ATTORNEYS FEES AND REIMBURSEMENT OF COSTS AND INCORPORATED MEMORANDUM OF LAW**

The Objection to the Settlement was made on the grounds that Class Counsel[1] had an actual conflict of interest arising out of their simultaneous representation of the Dasher and Avery sub classes[2] when reaching the settlement that is before this court for final approval. The undersigned filed Avery's objection on *behalf of herself and all those similarly situated* ("the Avery objection"). As a class representative and a named Plaintiff, Avery can opt out of a settlement for herself but not on behalf of all those similarly situated.

---

[1] Class Counsel refers to counsel appointed by the MDL Steering Committee to represent Avery and Dasher.
[2] Avery objected to the Settlement on behalf of herself and all of those similarly situated, the subclass as defined by Class Counsel in the Amended Consolidated Complaint and Motions for Class Certification.

If the court does not approve the settlement, the undersigned would be able to submit a motion for attorney fees at a time set by the court after a new settlement has been reached or the matter has been litigated.

The settlement was ultimately reached because 17411 members of Avery's subclass and *Michael Dasher individually* were not subject to arbitration. The undersigned's motion requesting fees and service award *if* the court approves the final settlement is based on equitable principals of unjust enrichment and quantum meruit and the undersigned filed for a Motion for an Award of Attorney's Fees and Costs and Application of a Service Award (hereafter "Fee application").

## INTRODUCTION

Avery's objection is based on the conflict of interest Class counsel has in the dual representation both the Avery and the Dasher subclass. The "Florida Rules of Professional Conduct 4–1.7 and 4–1.9. Rule 4–1.7 concerns conflicts of interests with current clients and provides that a lawyer shall not represent a client if:"(1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. *Young v. Achenbauch*, 136 So.3d 575 (Fla. 2014).

Attorneys may not avoid this rule by taking on representation in which a conflict of interest already exists and then convert a current client into a former client by withdrawing from the client's case. See Clements, 2006 WL 2252541, at *2 (explaining that a lawyer or law firm "may not simply [choose] to drop one client 'like a hot potato' in order to treat it as though it were a former client for the purpose of resolving a conflict of interest dispute"); *Unified Sewerage Agency v. Jelco*, Inc., 646 F.2d 1339, 1345 n. 4 (9th Cir.1981) In fact, we have previously held that "[a]n

attorney engages in unethical conduct when he undertakes a representation when he either knows or should know of a conflict of interest prohibiting the representation." *The Fla. Bar v. Scott*, 39 So.3d 309, 316 (Fla.2010).

Class Counsel simply "dropped" Avery, a named Plaintiff, from their representation and moved forward with the settlement knowing that if it were not for the 17411 members of the Avery subclass that proved to have the only viable claims against RBC, there would be no settlement with RBC. Class Counsel now arguing that this fact is irrelevant because RBC waived its arbitration defense during the settlement negotiations is illogical. RBC presumably waived its arbitration defense because Class Counsel agreed to settle for the amount and under the terms proscribed in the settlement agreement that was preliminarily approved by this Court. The settlement amount, per Class Counsel, was directly based on the 17411 members and their claims against RBC who are part of the Avery subclass that are not subject to arbitration.

## ARGUMENT

### I.   The fee application is untimely

The preliminary order approving settlement identified a list of attorneys and firms that were appointed as Class Counsel and did not include the undersigned. That order provided deadlines only for Class Counsel to file their fee application. *See* DE 4425. Even if the undersigned's motion for fee application is untimely, the motion should be granted based on equitable principals in quantum meruit and unjust enrichment as stated in the Motion and Application for Attorney's Fees and Service Award.[3] The Court has the power to provide equitable relief. Avery's subclass

---

[3] The undersigned conferred with Class Counsel regarding a motion for leave to file the Fee application and Class Counsel opposed. The undersigned admits that she did not confer with Class Counsel again prior to filing the Fee application. Local Rule 7.1(a)(3) requests Counsel confer or make reasonable effort to confer with opposing counsel prior to filing a motion in order to provide an opportunity of the parties to resolve by agreement the issues raised in the motion. Class Counsel made it clear that were opposed to any motion seeking leave for a Fee application, therefore conferring with Class Counsel prior to filing the Fee application would have been redundant.

provided almost all if not all of the benefit that the settlement class derived under the 'common benefit' doctrine.

## II. The Avery Fee based on faulty Proposition

Class Counsel does not deny that the 17411 members of the Avery subclass *and Michael Dasher individually* were held not to be subject to arbitration and that all other members faced an uphill battle if not dismissal with a renewed motion to compel arbitration by RBC. The fact that RBC waived its claim for arbitration defense for settlement purposes does not negate that fact nor does it negate the benefit that the Avery subclass provided to the settlement class as stated in the Objection to the Settlement.

## III. The Objection serves as an obstacle for Attorney Fees and Service Awards

The Objection is based on the Conflict of Interest due to Class Counsel's dual representation of Avery and Dasher and therefore, Avery and her subclass were not adequately represented. Class Counsel's response to Avery's concern that Class Counsel had a conflict of interest in representing both her subclass and Dasher's subclass was dismissed. Class Counsel told Avery that they would continue with the settlement and only represent Dasher if she did not agree to their proposed settlement despite admitting that it was at the detriment to her subclass and to the benefit of the Dasher's subclass. Avery's only option was to either acquiesce to Class Counsel's proposed settlement where her subclass was clearly not adequately represented or file an objection to the settlement. The filing of the objection did not eliminate Avery's contributions to the common benefit that the settlement class derived. Class Counsel violated the professional rules of conduct by simply "dropping" Avery when she pointed out to that the settlement was to the detriment of her subclass. Class Counsel now asserts that Avery's objection has to show it enhanced the value of the settlement class prior to receiving a Service award or attorney fees. This

conclusion is illogical as the objection is the result of Class Counsel's inadequate representation of Avery's interests in violation of the Professional Rules of Conduct. Florida Rules of Professional Conduct 4–1.7 and 4–1.9. Rule 4–1.7.

## CONCLUSION

For the foregoing reasons, the Fee Application should be granted and a Service Award approved if the Court approves the final settlement. In the event the Court does not approve the settlement, Avery will be ensured to have separate Counsel that will adequately represent her and her subclass which will allow the undersigned to apply for an award for fees and costs at a date and time set by this Court.

Respectfully Submitted this 3 August, 2020

DE ONDARZA SIMMONS PLLC

*/s/Inez de Ondarza Simmons*
Inez de Ondarza Simmons
North Carolina State Bar No. 34303
**DE ONDARZA SIMMONS PLLC**
4030 Wake Forest Road, Suite 319
Raleigh, North Carolina 27609
Telephone: (800) 648-9440
Fax: (919) 277-7120
Email: Inez@DeOndarzaSimmons.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-MD-02036-JLK

| |
|---|
| IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION<br><br>MDL No. 2036 |

I hereby certify that on August 3, 2020, I electronically filed the forgoing document with the Clerk of Court using CM/EDV. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/*Inez de Ondarza Simmons*
Inez de Ondarza Simmons