## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:09-MD-02036-JLK

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

**THIS DOCUMENT RELATES TO:**

*Michael Dasher and Stephanie Avery v. RBC Bank (USA), predecessor in interest to PNC Bank, N.A.*

S.D. Fla. Case No. 1:10-CV-22190-JLK

### <u>FINAL JUDGMENT</u>

The Court, having entered the Order of Final Approval of Settlement, Authorizing Service Awards, and Granting Application For Attorneys' Fees dated August 10, 2020 (DE # 4448), hereby **ORDERS AND ADJUDGES** as follows:

I.      The Court incorporates herein by reference the Order Granting Final Approval of Settlement, Authorizing Service Awards, and Granting Application For Attorneys' Fees and Expenses dated August 10, 2020 ("Final Approval Order").  (DE # 4448).

II.     Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Settlement Agreement and Release between the Parties ("Settlement").  (DE # 4429-1).

III.    This Court has personal jurisdiction over all of the Settlement Class Members because they received the best practicable notice of the Settlement, which notice was reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the Action

and the terms of the Settlement, and to afford them an opportunity to present their objections or to

request exclusion from the Settlement.  The Court also has jurisdiction over PNC Bank, N.A.

("PNC"), successor in interest to RBC Bank (USA) ("RBC") and over the Plaintiffs, all of whom

have personally appeared in the Action pending before this Court.  The Court has subject matter

jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6).

IV.    For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure

23(a) and 23(b)(3), the Court certifies the Settlement Class defined as:

> All holders of a RBC Account who, from October 10, 2007 through and including
> March 1, 2012, incurred one or more Overdraft Fees as a result of RBC's High-to-
> Low Posting.
>
> Excluded from the Class are all former RBC and current PNC employees, officers
> and directors, and the judge presiding over this Action.

Agreement, ¶ 56.

V.    The Action is hereby dismissed with prejudice, each side to bear its own fees and

costs, except as otherwise provided in the Final Approval Order.  The Action, as defined in the

Settlement, means *Michael Dasher v. RBC Bank (USA), predecessor in interest to PNC Bank, N.A.*

S.D. Fla. Case No. 1:10-cv-22190-JLK, which is dismissed with prejudice, as are any and all other

cases pending in this MDL as of the date of Preliminary Approval to the extent they assert claims

against RBC or any of its affiliates, including *Stephanie Avery v. RBC Bank,* E.D.N.C. Case No.

5:10-cv-00329.

VI.    Without modifying the scope of Section XIV of the Settlement, as of the Effective

Date, Plaintiffs and all Settlement Class Members, each on behalf of himself or herself and on behalf

of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed

to have fully and irrevocably released and forever discharged PNC and each of its present and

former parents, subsidiaries, divisions, affiliates, predecessors (including but not limited to RBC),

successors and assigns, and the present and former directors, officers, employees, agents, insurers,

reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers,

independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and

assigns of each of them, of and from any and all liabilities, rights, claims, actions, causes of action,

demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown,

existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or

equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties

or matters up to and including March 1, 2012 that were or could have been alleged in the Action,

including, without limitation, any claims, actions, causes of action, demands, damages, losses, or

remedies relating to, based upon, resulting from, or arising out of (a) RBC's assessment of one or

multiple Overdraft Fees on Settlement Class Members' Accounts, (b) the amount of one or more

RBC Overdraft Fees assessed on Settlement Class Members' Accounts, or (c) High-to-Low Posting,

any other posting order used by RBC on Settlement Class Members' Accounts.[1]  The foregoing

release includes, by way of example but not limitation, any and all of the following to the extent they

involve, result in, or seek recovery or relief for Overdraft Fees, High-to-Low Posting, or any posting

order: (1) RBC's authorization, approval or handling of any Debit Card Transaction, (2) any failure

by RBC to notify or to obtain advance approval when a Debit Card Transaction would or might

cause Settlement Class Members' Accounts to become overdrawn or further overdrawn or an

Overdraft Fee to be assessed, (3) any failure by RBC to require Settlement Class Members to opt-in,

---

[1] Pursuant to the Settlement, the scope of this release is strictly limited to the Releasing Parties' consumer banking relationships with RBC and, if they remained customers following the merger, with PNC.

3

or to allow Settlement Class Members to opt-out, of overdrafts, or to publicize or disclose the ability of the holder of any RBC account to opt-out of overdrafts between October 10, 2007 and March 1, 2012, (4) any failure by RBC to adequately or clearly disclose, in one or more agreements, posting order, High-to-Low Posting, overdrafts, Overdraft Fees, or the manner in which Debit Card Transactions are or would be approved, processed, or posted to Settlement Class Members' Accounts, (5) any conduct or statements by RBC encouraging the use of RBC Debit Cards, (6) the use of High-to-Low Posting on Settlement Class Members' Accounts and the assessment of Overdraft Fees as a result of High-to-Low Posting, and (7) any RBC advertisements or marketing materials relating to any of the foregoing.

VII.    The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including RBC, PNC, Plaintiffs, and all Settlement Class Members, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce the Final Approval Order.  Without limiting the foregoing, and by way of example only, the Court retains jurisdiction to adjudicate any suit, action, proceeding or dispute arising out of the Settlement.  The Court shall also retain jurisdiction over all questions and disputes related to the Notice Program, Settlement Administrator, the Notice Administrator and the Tax Administrator.

VIII.    Nothing in the Settlement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by RBC or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

IX.     Plaintiffs and all Settlement Class Members, including all objectors, are hereby barred and enjoined from asserting any of the Released Claims, including, but without limitation, during any appeals from the Final Approval Order and this Judgment.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 10th day of August, 2020.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Counsel of Record